# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., <br> *Plaintiffs,* <br><br> v. <br><br> GREGORY W. ABBOTT, et al., <br> *Defendants.* | § § § § § § § § | 5:21-CV-0844-XR |
| OCA-GREATER HOUSTON, et al., <br> *Plaintiffs,* <br><br> v. <br><br> JOSE A. ESPARZA, et al., <br> *Defendants.* | § § § § § § § § | 1:21-CV-0780-XR |
| HOUSTON JUSTICE, et al., <br> *Plaintiffs,* <br><br> v. <br><br> GREGORY WAYNE ABBOTT, et al., <br> *Defendants.* | § § § § § § § § | 5:21-CV-0848-XR |
| LULAC TEXAS, et al., <br> *Plaintiffs,* <br><br> v. <br><br> JOSE ESPARZA, et al., <br> *Defendants.* | § § § § § § § § | 1:21-CV-0786-XR |
| MI FAMILIA VOTA, et al., <br> *Plaintiffs,* <br><br> v. <br><br> GREG ABBOTT, et al., <br> *Defendants.* | § § § § § § § § | 5:21-CV-0920-XR |

On this day came on to be considered the status of this case.

## BACKGROUND

On September 7, 2021, the Governor of the State of Texas signed S.B. 1. Various plaintiffs now bring challenges arguing that the legislation violates provisions of the Voting Rights Act, 42 U.S.C. § 1983, the Civil Rights Act of 1964, the Americans with Disabilities Act, the Rehabilitation Act; and the First, Fourteenth and Fifteenth Amendments to the United States Constitution. All the above cases were either assigned to or transferred to the Undersigned for purposes of judicial economy.

## ORDER

1. The Defendants' Motion to Consolidate (Dkt. No. 24) these cases is **GRANTED**. The cases involve common questions of law and fact, and the interests of judicial economy dictate that the matters be consolidated. The Court hereby **ORDERS** that *OCA-Greater Houston v. Esparza*, No. 1:21-cv-780 (W.D. Tex.); *Houston Justice v. Abbott*, No. 5:21-cv-848 (W.D. Tex.); *LULAC Texas v. Esparza*, No. 1:21-cv-786 (W.D. Tex.) and *Mi Familia Vota v. Abbott*, No. 5: 21-cv-920 be consolidated into *La Unión del Pueblo Entero v. Abbott*, No. 5:21-cv-844 (W.D. Tex.). It is **ORDERED** that all future filings be filed in *La Unión del Pueblo Entero v. Abbott*, No. 5:21-cv-844 (W.D. Tex.).

2. Unless otherwise ordered, all served Defendants shall file an answer on or before **October 25, 2021**.

3. Should any Defendant desire to file a motion to dismiss based on *Twombly*, any such Defendant is ordered to meet and confer with the affected Plaintiff(s) prior to the filing of any such motion to determine whether the Plaintiff(s) will agree to amend the complaint, thus saving the necessity of any unnecessary motion being filed.

4. Inasmuch as at least one or more of the claims asserted in these cases will likely survive any motion to dismiss, the filing of any motion to dismiss will **NOT** abate discovery from moving forward.

5. Because of the transitory nature of any electronically stored information kept in cell phones or mobile devices, should any party desire to serve a request for production for relevant data to a third party in this case, leave is granted at this time to issue any subpoenas pursuant to FED. R. CIV. P. 45. Any such requests should be specific, and the movant must take reasonable steps to avoid imposing undue burden or expense on the person or entity subject to the subpoena. FED. R. CIV. 45(d).

6. Pursuant to FED. R. CIV. P. 26(f), the parties are directed to now begin coordinating "meet and confer" conferences (in person or by videoconferencing). In addition to the items listed in Rule 26(f)(2) to be addressed, the parties shall confer on the following additional topics:

    (a) Who are the key witnesses/players and custodians of information and data?

    (b) Will subpoenas need to be issued to various individuals/entities under Rule 45, or will Defendants agree they are in possession, custody, or control of data such that service of requests for production pursuant to Rule 34 will suffice?

    (c) How did the witnesses communicate with others about relevant facts? (e.g., text message, email, instant messaging (e.g., WhatsApp, Facebook Messenger, etc.), video conferencing, Dropbox, Flickr, Slack, Teams, etc.)?

    (d) Have steps been taken to preserve relevant data? The Court expects that all relevant data will be preserved, regardless of its potentially privileged nature. Whether any data or documents are subject to any attorney-client, work product or legislative privilege will be determined separately.

(e) Has a litigation hold letter been disseminated?

(f) What form(s) will be used for the production of data?

(g) Are there any claims asserted that will not require discovery and for which the filing of immediate cross motions for summary judgment would be appropriate?

(h) Do any of the complaints need to be amended? Should one omnibus complaint be filed?

(i) What facts can be stipulated to by the parties? The Court oftentimes is provided documents titled "Plaintiff's Agreed Facts" and "Defendant's Agreed Facts." These are not stipulated facts. The Court expects that uncontested facts (and language) be stipulated to.

(j) What documents/data can be agreed to as "authentic" for evidentiary purposes?

(k) Should the Court enter a FED. R. EVID. 502(d) Order?

(l) Isabel Longoria is noted as a Plaintiff in 21-cv-844 and as a Defendant in 21-cv-780, 21-cv-848, and 21-cv-786. How is this issue going to be addressed?

(m) Are there any standing issues for each cause of action that must be addressed by way of adding a party?

(n) Who will serve as lead counsel?

7. All parties are ordered to serve their initial Rule 26(a)(1) disclosures no later than **November 5, 2021**. "By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: (A) with respect to a disclosure, it is *complete* and *correct* as of the time it is made." FED. R. CIV. P. 26(g) (emphasis added). "If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on

the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." FED. R. CIV. P. 26(g)(3).

8. An initial pretrial conference shall be conducted on **November 16, 2021** at 1:30 p.m. by video conference pursuant to FED. R. CIV. P. 16. The Court expects that the parties will be fully prepared to discuss all matters set forth in FED. R. CIV. P. 16(c). On motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney is substantially unprepared to participate— or does not participate in good faith—in the conference. *See* FED. R. CIV. P. 16(f). The Courtroom Deputy will inform the parties of how the video conference will be conducted.

9. The parties shall file a report under FED. R. CIV. P. 26(f) addressing the above questions and proposing a discovery plan and scheduling order, no later than **November 9, 2021**.

It is so **ORDERED**.

**SIGNED** this September 30, 2021.

                                                       XAVIER RODRIGUEZ
                                                     UNITED STATES DISTRICT JUDGE