UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LULAC TEXAS; VOTO LATINO; TEXAS ALLIANCE FOR RETIRED AMERICANS; TEXAS AFT,<br><br>*Plaintiffs*,<br><br>v.<br><br>JOSE ESPARZA, in his official capacity as the Texas Deputy Secretary of State; KEN PAXTON, in his official capacity as Texas Attorney General; JACQUELYN CALLANEN, in her official capacity as the Bexar County Elections Administrator; DANA DeBEAUVOIR, in her official capacity as the Travis County Clerk; ISABEL LONGORIA, in her official capacity as the Harris County Elections Administrator; YVONNE RAMÓN, in her official capacity as the Hidalgo County Elections Administrator; MICHAEL SCARPELLO, in his official capacity as the Dallas County Elections Administrator; LISA WISE, in her official capacity as the El Paso County Elections Administrator,<br><br>*Defendants*,<br><br>PUBLIC INTEREST LEGAL FOUNDATION,<br><br>*Proposed Intervenor-Defendant*. | Case No. 1:21-CV-00786, *consolidated with*<br>5:21-CV-0844-XR |

**PUBLIC INTEREST LEGAL FOUNDATION'S
MOTION TO INTERVENE AND MEMORADUM IN SUPPORT**

The Public Interest Legal Foundation (the "Foundation"), by and through undersigned counsel, respectfully moves this Court for leave to intervene as a Defendant as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure, or, in the alternative, permissively

1

under Rule 24(b)(1). Pursuant to Federal Rule of Civil Procedure 24, the Foundation's proposed responsive filing is attached to this motion.[1]

In support of this motion, the Foundation submits the following supporting memorandum of points and authorities.

## Introduction

The Foundation requests that the Court grant it leave to intervene as a Defendant as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). The Foundation has a direct and tangible interest in this litigation that will be necessarily impaired if Plaintiffs prevail and that interest is not adequately represented by any Defendant. This case raises the important constitutional question of whether the Voting Rights Act of 1965 can cancel the power of states to enact reasonable election integrity laws in this context. The case therefore also raises the important constitutional question whether and when the Voting Rights Act may extinguish the power of the people of Texas to run their own elections. The Foundation suggests that such an application of the Voting Rights Act ("VRA") as pled by the Plaintiffs would be wholly beyond constitutional limits and contrary to the plain meaning of the statute.

The Foundation's mission includes working to protect the fundamental right of individuals and persons to engage in constitutionally protected speech, ensuring the enforcement of voter qualification laws and election administration procedures, and aiding states that seek to exercise their constitutional powers to determine the rules and laws pertaining to their own state elections. The Foundation has sought to maintain state control over elections and preserve the constitutional balance between a state's power to control its own elections and Congress's legitimate

---

[1] To aid in judicial economy, the Foundation only includes a proposed responsive filing for the *LULAC Texas* case with this Motion. The complaints in each of the consolidated cases contain similar flaws as those identified in the Foundation's proposed responsive filing and the Foundation reserves the right to provide responses to those complaints as well.

constitutional authority to protect against racial discrimination. Preserving this balance serves to protect the interests and rights of citizens to participate equally and fully in our electoral processes, while ensuring that federal statutes are not used to rearrange the constitutional mandate in which states run their own elections.

These interests will be directly and adversely impacted by this case, which seeks to override the State of Texas's prerogative to run its own elections in this context. Plaintiffs' characterization of Texas's election laws as "the latest chapter in the State's long, troubling history of discrimination and disenfranchisement" (Doc. 1 at 3) is the latest attack on the power of states to pass reasonable laws designed to ensure the integrity of their elections. To allege that Texas's law was enacted with discriminatory intent based on the facts pled extends the reach of the intent prong of Section 2 of the VRA beyond permissible constitutional limits.

In the alternative, the Foundation requests the Court grant permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), on the grounds that the Foundation has claims and defenses that share common questions of law and fact with the main action. The Foundation brings particularized experience to this case that will allow the issues to be more thoroughly developed and provide this court additional insight into the questions of the case, insight the Defendants are unlikely to present. As a nonprofit organization with special interests in the administration of election laws, the Foundation should be permitted to intervene permissively as similarly situated organizations have been granted permission in similar litigation. *See*, *Kobach v. United States Election Assistance Comm'n*, 2013 U.S. Dist. LEXIS 173872 (D. Kan. Dec. 12, 2013) (granting the Foundation's motion to intervene as defendants in an action brought by several nonprofit groups, including the League of United Latin American Citizens Arizona). Indeed, the Foundation has been permitted to intervene in other cases in which it has an interest, particularly pertaining to

cases involving efforts to advance an unsupportable interpretation of the VRA that exceeds constitutional bounds. *See Luna v. Cegavske*, No. 2:17-CV-2666 JCM (GWF), 2018 U.S. Dist. LEXIS 131557, at *1-2 (D. Nev. Aug. 6, 2018). *See also League of Women Voters of the United States v. Newby*, 195 F. Supp. 3d 80, 88 (D.D.C. 2016). In evaluating the Foundation's motion to intervene in the District of Nevada, the magistrate judge determined that the Foundation's constitutional defenses would not cause delay but rather would expedite the matter:

> The Foundation also seeks to raise constitutional defenses to Plaintiff's claims that have not been raised by Defendants and which they may choose not to raise. Although the Court may not reach the constitutional questions in deciding this case, permitting the issues to be briefed by the Foundation and responded to by Plaintiffs will not cause any undue delay or prejudice the rights of the existing parties. Should the Court determine that the constitutional questions must be addressed, the fact that they have already been briefed will serve to expedite rather than delay a final decision in this action.

*Luna v. Cegavske*, No. 2:17-cv-02666-JCM-GWF, 2017 U.S. Dist. LEXIS 209485, at *21-22 (D. Nev. Dec. 20, 2017). *See also Luna v. Cegavske*, No. 2:17-CV-2666 JCM (GWF), 2018 U.S. Dist. LEXIS 131557 (D. Nev. Aug. 6, 2018) (adopting magistrate's recommendation).

If intervention is granted, the Foundation will participate in this case on the schedule that will be established for the existing parties; will avoid unnecessary delays or duplication of efforts in areas satisfactorily addressed and represented by the existing Defendants, to the extent possible; and will coordinate all future proceedings with the existing Defendants, to the extent possible.

I.  **The Court Should Grant Intervention as of Right.**

When considering a motion to intervene as of right under Rule 24, the court considers "whether: 1) the motion is timely; 2) the movant has an interest in the action's subject matter; 3) the movant shows that 'disposition of the action may impair or impede' the movant's ability to protect its interest; and 4) the movant's interest is adequately represented by existing parties." *Aransas Project v. Shaw*, 404 F. App'x 937, 940 (5th Cir. 2010) (citing *Heaton v. Monogram*

*Credit Card Bank of Ga.*, 297 F.3d 416, 422 (5th Cir. 2002)). "Federal courts should allow intervention 'where no one would be hurt and greater justice could be attained.'" *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (citing *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)). The Foundation's Motion satisfies each requirement.

    A.    **The Foundation's Motion Is Timely.**

First, Rule 24 requires that a motion to intervene be timely filed. Fed. R. Civ. Pro. 24(a). When evaluating timeliness, courts will generally look to "(1) the length of time the intervenor knew or should have known of his interest; (2) prejudice to the existing parties resulting from the intervenor's failure to apply for intervention sooner; (3) prejudice to the intervenor if his application for intervention is denied; and (4) the existence of unusual circumstances." *Perez v. Perry*, No. SA-11-CV-360, 2013 U.S. Dist. LEXIS 137345, at *21-22 (W.D. Tex. Sep. 24, 2013) (citing *Trans Chem. Ltd. v. China Nat'l Machinery Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003)). Further, "[t]he requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

There has been exceptionally little time since the Foundation became aware of this case and of its interest in it. The initial complaint was filed on September 7, 2021. (Doc. 1) No scheduling order has been set, no discovery has been undertaken, no trial date has been set, and Defendants have not filed an answer. The Foundation's motion is timely because it was filed as soon as possible-- just over four weeks after the case was initiated. *See LULAC v. City of Boerne*, 659 F. 3d 421, 434 (5th Cir. 2011) (holding that motion to intervene filed four weeks after learning of movant's interest was timely).

Because the Foundation is seeking intervention so early in the proceedings, there could not be any disruption or delay in the case and no party would be prejudiced.

### B. The Foundation's Strong Interests in Defending State Election Laws Will Be Impaired if Plaintiffs Prevail.

Second, Rule 24 requires that a movant "claim[] an interest relating to the property or transaction that is the subject of the action, and [be] so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest…." Fed. R. Civ. P. 24(a)(2). Here, public interest supports intervention. "'The interest requirement may be judged by a more lenient standard if the case involves a public interest question or is brought by a public interest group.'" *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014) (citing 6 Moore's § 24.03[2][c], at 24-34.) The Foundation is a nonprofit organization dedicated to election integrity. It exists to assist states and others to aid the cause of election integrity and fight against lawlessness in American elections.

Plaintiffs' theories of liability abuse the VRA in ways the Supreme Court has, just last term, curtailed. This case is part of a broader national strategy to use the VRA to prevent states from improving the integrity of American elections. Plaintiffs' allegations seek to expand the reach of the VRA beyond its text and what courts have allowed. In addition, the Foundation can provide a unique perspective on the national and constitutional implications of Plaintiffs' allegations that the Defendants are unlikely to bring. The Foundation's lawyers and board of directors include former Department of Justice Voting Section attorneys and local and state elections officials with decades of research experience and knowledge regarding voting rights. The Foundation's lawyers regularly testify before Congress and state legislators on voting issues. Recently, one of the Foundation's lawyers testified before the House Committee on the Judiciary regarding "The Need to Enhance the Voting Rights Act: Preliminary Injunctions, Bail-in Coverage, Election Observers,

and Notice." See Maureen S. Riordan, Testimony Before the House of Representatives Judiciary Committee's Subcommittee on the Constitution, Civil Rights, and Civil Liberties (June 29, 2021), available at https://docs.house.gov/meetings/JU/JU10/20210629/112839/HHRG-117-JU10-Wstate-RiordanM-20210629.pdf.

### C. The Foundation's Interests Will be Impaired if Plaintiffs Prevail in this Action.

Plaintiffs' allegations that the Defendants intentionally discriminated in passing the challenged election laws affect the Foundation's stated mission of preserving the constitutional balance between a state's power to control its own elections and Congress's limited constitutional authority to protect against racial discrimination through the VRA. The Foundation's mission will be affected if the important constitutional concerns regarding Plaintiffs' claims are not considered by this Court. If Plaintiffs prevail—and election integrity reforms are undone—the Foundation's mission will be impaired. The Foundation will need to devote additional resources to make up for the loss of state authority in Texas and wherever else litigation is brought or merely threatened. In other words, the Foundation seeks to protect its mission from the misapplications of federal law that will directly affect the Foundation's activities both in Texas and across the country. The Foundation is not a curious observer of this subject matter. Rather, the Foundation is an invested actor. Its interest here is sufficient to support intervention.

### D. Existing Parties Will Not Adequately Protect the Foundation's Interests.

Absent the opportunity to intervene, the Foundation's interests almost certainly will not be adequately represented. The Foundation bears the burden of demonstrating inadequate representation, but this burden is "minimal." *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014) (citing *Sierra Club*, 18 F.3d at 1207.)

> This requirement, however, must have some teeth, so there are two presumptions of adequate representation. *Edwards*, 78 F.3d at 1005. The first arises where one

7

> party is a representative of the absentee by law. *Id*. Here there is no suggestion that the state is the parents' legal representative. The second presumption "arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit," in which event "the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption."

*Brumfield v. Dodd*, 749 F.3d at 345. *Brumfield* involved "litigation between Louisiana and the federal government over the state's [school] voucher program." *Brumfield v. Dodd*, 749 F.3d 339 at 340. Parents of children who received these vouchers sought to intervene. The Fifth Circuit found that neither of the presumptions regarding adequacy of representation applied. Specifically, the court found that the state's interests were numerous, including "maintaining not only the Scholarship Program but also its relationship with the federal government and with the courts…. [the court] cannot say for sure that the state's more extensive interests will *in fact* result in inadequate representation, but surely they might, which is all that the rule requires." *Brumfield v. Dodd*, 749 F.3d at 346 (emphasis in original). Likewise, neither of the presumptions of adequacy of representation apply here.

      Additionally, the Defendants are unlikely to defend against these allegations as strongly as the Foundation due to Defendants' positions as public officials. These are not mere differences in legal strategy. As public officials, Defendants may feel restrained from asserting certain defenses – such as the unconstitutionality of Section 2 as applied in these circumstances – in order to avoid even more hostile attacks from allies of the Plaintiffs. The absence of a fully briefed and robust defense that the Plaintiffs are unconstitutionally extending the VRA will benefit a full briefing of this dispute. In contrast to the Defendants, the Foundation faces no political pressures or need to stand for election. It is a public benefit organization that is unrestrained and thus can provide this Court with the full range of potential constitutional and factual defects in the Complaint without fear of negative publicity or the impact on other official duties. Indeed, the United States Supreme

8

Court has held that where, as here, the Defendants and the proposed intervenor have different interests or functions as parties, such differences can change their conduct and approaches to the litigation. *Trbovich v. UMW*, 404 U.S. 528, 539 (1972). Different defenses and approaches justify intervention.[2]

Moreover, the Defendants are wholly unlikely to highlight failures or defects in the election administration by Texas election officials that would further justify and support efforts by the legislature to safeguard elections. For example, the Foundation is aware of significant failures of list maintenance by various election officials that have resulted in duplicate registrations, the registration of the dead, and noncitizens. Indeed, the Foundation has brought multiple successful cases throughout Texas to cure these problems or otherwise obtain records demonstrating these problems. The challenged legislation has the effect of mitigating against these failures of election administration, failures that the existing defendants are highly unlikely to highlight both for the embarrassing nature of the failures as well as the fact they may bring into question compliance with the National Voter Registration Act's list maintenance obligations or Help America Vote Act requirements to have an effective centralized state database.

In sum, the Foundation meets the criteria governing intervention as of right as interpreted in the Fifth Circuit and urges the Court to grant its motion under Fed. R. Civ. P. 24(a)(2).

**II.    In the Alternative, the Court Should Grant Permissive Intervention.**

If the Court determines that the Foundation is not entitled to intervene as of right, it should grant permissive intervention under Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is left to the discretion of the district court, and is appropriate when the intervention request is timely, the would-be intervenor "has a claim or defense that shares with the main action a common question

---

[2] The Foundation respectfully requests an opportunity to update or amend its Motion should additional pleading be filed that provide additional examples of how the Defendants are not adequately protecting the Foundation's interests.

9

of law or fact" and granting intervention will not unduly delay or prejudice the original parties in the case. Fed. R. Civ. P. 24(b)(1)(B) and 24(b)(3). For the reasons stated above, the Foundation's motion is timely and allowing the Foundation to intervene would not cause any delay or prejudice.

As for the requirement of a common question of law or fact, the Foundation's defense shares a common question of law; to wit, whether Texas's duly enacted election law was enacted with discriminatory intent. In *Florida v. United States*, the district court allowed organizations with "a special interest in the administration of Florida's elections laws" to intervene permissively in an action wherein Florida sought preclearance of changes to its election laws, including voter registration protections. *See* 820 F. Supp. 2d 85, 86-87 (D.D.C. 2011). Here, the Foundation has a special interest in the administration of state and federal election laws and this case undoubtedly involves the administration of both state and federal election laws. Thus, permissive intervention is appropriate. Finally, any involvement by the Foundation could be limited in scope – such as memoranda to assist the court in significant or dispositive matters, or passive participation in discovery such as attending depositions and providing Defendants the Foundation's observations – and therefore would not unduly complicate or impair a speedy resolution to this matter.

## CONCLUSION

For the foregoing reasons, the Court should grant the Foundation's Motion to Intervene as of right or, in the alternative, permissively.

Dated: October 7, 2021

                                              Respectfully Submitted,

                                              /s/ Andy Taylor
                                              Andy Taylor SBN: 19727600
                                              Andy Taylor & Associates, P.C.
                                              2628 Hwy 36 South #288
                                              Brenham, Texas 77833
                                              Tel: 713-222-1817

Fax: 713-222-1855
ataylor@andytaylorlaw.com

Maureen Riordan*
Kaylan L. Phillips*
Public Interest Legal Foundation
32 E. Washington St., Suite 1675
Indianapolis, Indiana 46204
Tel: 317-203-5599
Fax: 888-815-5641
mriordan@publicinterestlegal.org
kphillips@publicinterestlegal.org

*Counsel for Proposed Defendant-Intervenor*
*Public Interest Legal Foundation*

*Application for admission *pro hac vice* forthcoming

## CERTIFICATE OF CONFERENCE

I certify that on October 5, 2021, counsel for the Foundation conferred with counsel for the *LULAC Texas* Plaintiffs regarding the foregoing motion. *LULAC* Plaintiffs stated that they reserve taking any position until they have an opportunity to review the basis for the Intervention request. On October 5, 2021, counsel for the Foundation requested consent to its intervention via telephone and email from counsel for Defendants Secretary of State Esparza, Attorney General Ken Paxton, Michael Scarpello, Isabel Longoria and Lisa Wise. Counsel for Ms. Wise and Counsel for Ms. Longoria opposed our request for consent. I certify that on October 6, 2021, counsel for the Foundation conferred with counsel for Mr. Scarpello regarding the foregoing motion. Counsel for Mr. Scarpello reserved taking any position on the motion until they have an opportunity to review the basis for the Intervention request. On October 7, 2021, counsel for the Foundation discussed this request via phone with counsel for Secretary Esparza and Attorney General Paxton. Counsel for Secretary Esparza and Attorney General Paxton do not oppose our request for consent. The other defendants in the *LULAC Texas* case have not yet entered appearances and, therefore, the Foundation was unable to confer with them regarding their positions on this motion.

/s/ Andy Taylor
Andy Taylor SBN: 19727600
Andy Taylor & Associates, P.C.
2628 Hwy 36 South #288
Brenham, Texas 77833
Tel: 713-222-1817
Fax: 713-222-1855
ataylor@andytaylorlaw.com

## CERTIFICATE OF SERVICE

I certify that on October 7, 2021, I caused the foregoing to be filed with the United States District Court for the Western District of Texas via the Court's CM/ECF system, which will serve all registered users.

    /s/ Andy Taylor
Andy Taylor SBN: 19727600
Andy Taylor & Associates, P.C.
2628 Hwy 36 South #288
Brenham, Texas 77833
Tel: 713-222-1817
Fax: 713-222-1855
ataylor@andytaylorlaw.com