**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| LULAC TEXAS; VOTO LATINO; TEXAS ALLIANCE FOR RETIRED AMERICANS; TEXAS AFT, <br><br>              Plaintiffs, <br><br>    v. <br><br> JOSE ESPARZA, in his official capacity as the Deputy Secretary of State and acting Secretary of State, KEN PAXTON, in his official capacity as the Texas Attorney General; JACQUELYN CALLANEN, in her official capacity as the Travis County Clerk; ISABEL LONGORIA, in her official capacity as the Harris County Elections Administrator; YVONNE RAMON, in her official capacity as the Hidalgo County elections administrator; MICHAEL SCARPELLO, in his official capacity as the Dallas County Elections Administrator; LISA WISE, in her official capacity as the El Paso County Elections Administrator, <br><br>              Defendants. | Civil Action <br><br><br> Case No. 1:21-CV-00786, *consolidated with* 5:21-CV-0844-XR <br><br><br> **PLAINTIFFS' OPPOSITION TO PUBLIC INTEREST LEGAL FOUNDATION'S MOTION TO INTERVENE** |

TO THE HONORABLE XAVIER RODRIGUEZ

     Plaintiffs, by and through their undersigned counsel, file this response to the Motion to Intervene filed by the Public Interest Legal Foundation ("PILF") under Federal Rule of Civil Procedure 24.

## INTRODUCTION

     PILF is an Indiana-based organization with no alleged ties to Texas, no alleged Texas-based members, and no concrete interest affected by SB 1. Instead, it seeks intervention to defend its general organizational interest in "election integrity." PILF's Mot. to Intervene ("Mot.") 6, ECF

No. 43. But the Fifth Circuit has made clear that an ideological interest in the outcome of a case is insufficient to support intervention as of right under Rule 24(a)(2). After all, such a radical theory of intervention would entitle PILF to intervene as a party in any lawsuit in the country that purports to implicate "election integrity."

What's more, intervention as of right is not allowed where the existing parties adequately represent the would-be intervenor's purported interest. Adequacy of representation is presumed where the intervenor and existing parties share the same objective—and this presumption carries even greater force when the State is actively defending a challenged law that a proposed intervenor also seeks to defend. That is inarguably the case here: the Defendants in these consolidated cases include Governor Greg Abbott, Attorney General Ken Paxton, and the Texas Secretary of State— all of whom have made emphatically clear that they share PILF's ultimate objective of defending SB 1. PILF does not argue otherwise.

The Court should also deny PILF's request for permissive intervention under Rule 24(b). While the decision to grant or deny permissive intervention is wholly discretionary, the Fifth Circuit has held that courts should exercise their discretion to deny intervention where the movant's purported interest is already represented by other parties, and where intervention would needlessly complicate proceedings and prejudice the existing parties. That is precisely the situation here. Numerous existing defendants are defending SB 1 in this consolidated action that already features nearly 40 unique litigants spread across five different lawsuits. PILF's participation in this litigation will result in increased expenditure of the parties' and the court's time and resources,

which needlessly burdens the existing litigants and disserves the public's interest in the timely and efficient resolution of voting rights claims. The Court should deny the motion.

## BACKGROUND

At issue in this lawsuit is Texas's omnibus voter suppression bill, SB 1, which targets with surgical precision the very measures that minority voters disproportionately relied on to increase turnout in 2020 and other recent elections. Following an election in which Texas saw its highest voter turnout in nearly 30 years, the Legislature enacted a series of sweeping voting restrictions that create barriers to virtually every method of voting, from eliminating ballot drop boxes and drive-thru voting to criminalizing efforts by public officials to encourage citizens to submit absentee ballot applications. Compl. ¶¶ 7–10, *LULAC v. Esparza*, No. 1:21-cv-00786 (W.D. Tex. Sept. 7, 2021), ECF No. 1.

On September 7, 2021, Plaintiffs LULAC Texas, Voto Latino, Texas Alliance for Retired Americans, and Texas AFT (collectively, the "LULAC Plaintiffs") brought this challenge to SB 1 against Attorney General Ken Paxton, Deputy Secretary of State Jose Esparza, and county election officials. Plaintiffs allege that SB 1 violates Section 2 of the Voting Rights Act (Count I); places an undue burden on the right to vote in violation of the First and Fourteenth Amendments (Count II); restricts free speech and expression in violation of the First Amendment (Count III); and violates Section 208 of the Voting Rights Act (Count IV). *Id.* ¶¶ 243–83. This Court subsequently consolidated the case with four other lawsuits challenging SB 1: *OCA-Greater Houston v. Esparza*, No. 1:21-cv-780 (W.D. Tex.); *Houston Justice v. Abbott*, No. 5:21-cv-848 (W.D. Tex.); *La Union del Pueblo Entero v. Abbott*, No. 5:21-cv-844 (W.D. Tex.); and *Mi Familia Vota v. Abbott*, No. 5:21-cv-920. *See* Order Granting Defs.' Mot. to Consolidate 2, ECF No. 31.

PILF—an Indiana-based organization[1] with no members in Texas and no apparent ties to the state—moved to intervene on October 7. The organization describes itself as "a nonprofit organization dedicated to election integrity," but identifies no direct interest in this lawsuit beyond a generalized desire to ensure a certain outcome. PILF nonetheless asserts an unqualified right to intervene as a party in this litigation based on its purported organizational mission to "assist states and others to aid the cause of election integrity and fight against lawlessness in American elections." *Id.*

## LEGAL STANDARD

Intervention as of right under Federal Rule of Civil Procedure 24(a)(2) is permitted when (1) the motion is timely; (2) the putative intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case; (3) the disposition of the case will impair the putative intervenor's ability to protect that interest; and (4) the existing parties do not adequately protect that interest. *See Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004). "Failure to satisfy any one requirement precludes intervention as of right." *Haspel & Davis Milling & Planting Co. v. Bd. Of Levee Commr's*, 493 F.3d 570, 578 (5th Cir. 2007).

Permissive intervention under Rule 24(b) is allowed at the Court's discretion "when (1) timely application is made by the intervenor; (2) the intervenor's claim or defense and the main action have a question of law or fact in common; and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *LULAC, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989). "Permissive intervention is at the discretion of the court even if the potential intervenor satisfies the requirements of Rule 24(b)." *Walker v. Alta Colls, Inc.*, No. A-09-CA-894-LY, 2011 WL 13269547, at *2 (W.D. Tex. Aug. 10, 2011).

---

[1]     *See Contact*, PILF, www.publicinterestlegal.org/contact (last visited Oct. 14, 2021).

## ARGUMENT

I.    **PILF is not entitled to intervene as of right.**

A.    **PILF has not identified an interest sufficient to support intervention as of right.**

An organization cannot intervene as of right if it has "only an ideological interest in the litigation, and the lawsuit does not involve the regulation of [the organization's] conduct in any respect." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (quoting *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir. 2007)). Only interests that are "concrete, personalized, and legally protectable" are sufficient to support intervention as of right, and the interest must be "one which the substantive law recognizes as belonging to or being owned by the applicant." *Id.* This inquiry "turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way." *Id.*

Offering little more than a "strong interest[] in defending state election laws" and legal theories it wishes to advance, Mot. 6, PILF makes no attempt to identify the types of "concrete, personalized, and legally protectable" interests that satisfy Rule 24(a). Nor could it, because this litigation will have no meaningful effect on PILF—an Indiana organization that has neither alleged nor substantiated any activity or expenditure of resources in Texas that could be affected by SB 1. The organization incorrectly assumes instead that its ideological interest in the outcome of this lawsuit or in advancing certain arguments will suffice for intervention, even stating at one point that the lawsuit affects "the Foundation's stated mission of preserving the constitutional balance between a state's power to control its own elections and Congress's limited constitutional authority to protect against racial discrimination through the VRA." *Id.* at 7. But it is well settled that "an intervenor fails to show a sufficient interest when he seeks to intervene solely for ideological, economic, or precedential reasons; that would-be intervenor merely *prefers* one outcome to the

other." *Texas*, 805 F.3d at 657; *cf. id.* at 661 (holding that three undocumented immigrants could intervene as of right in lawsuit challenging federal immigration regulation because they "are not individuals seeking to defend a governmental policy they support on ideological grounds; rather, they are the intended beneficiaries of the program being challenged"). PILF's sweeping theory of intervention would allow it to participate as a party—as of right—in any federal lawsuit implicating "election integrity," rendering the Rule 24(a) requirements meaningless.

As a last resort, PILF cites *Brumfield v. Dodd* for the proposition that the interest requirement is "more lenient" if the movant is a public interest organization. Mot. 6. (quoting *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014)). That is not the law. Rather, *Brumfield* reiterated the requirement that "a movant's interest *must* be direct, substantial, and legally protectable" and added that "if the case involves a public interest question or is brought by a public interest group," one consideration bearing on that inquiry is whether the proposed intervenor's purported interest falls within the zone of interests protected by a constitutional provision or statute at issue in the case. *See Brumfield*, 749 F.3d at 343, 344 ("The zone of interests protected by a constitutional provision or statute of general application is arguably broader than are the protectable interests recognized in other contexts. Our en banc court has explained that a zone-of-interest analysis in standing doctrine can bear on the interest question for purposes of intervention.") (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 465 (5th Cir. 1984)). PILF's desire to limit the scope of the Voting Rights Act is not an interest protected by any of the provisions at issue in this case; and *Brumfield* did not endorse intervention as a vehicle to resolve the types of purely ideological disputes that PILF has raised.

Nor does *Brumfield* suggest that a movant lacking a concrete stake in the litigation is entitled to intervene simply because it is a public interest group. *Brumfield* allowed the parents of

Louisiana children with school vouchers to intervene in a dispute between Louisiana and the federal government over the state's voucher program. 749 F.3d at 340-42. The Fifth Circuit concluded that the parents had a concrete interest sufficient to support intervention because the requested relief would ensure that "some students who otherwise would get vouchers might not get them or might not get to select a particular school they would otherwise choose." *Id.* at 344. And it added that a zone-of-interests analysis supported that conclusion because "[i]f any group can be described as within the zone of interest protected by [the equal protection] clause, surely it is these mostly minority parents who believe that the best way to ensure equal protection of the laws is to give them the opportunity . . . to send their children to better schools." *Id.*

In unmistakable contrast to the *Brumfield* intervenors, PILF has failed to identify *any* "direct, substantial, and legally protectable" interest at stake in this litigation. PILF has also not even attempted to make a zone-of-interests argument in support of intervention and cannot do so now. *See Mission Toxicology, LLC v. Unitedhealthcare Ins. Co*., 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020) ("Arguments raised for the first time in a reply brief are generally waived.") (quoting *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010)). PILF's insistence that it is entitled to "more lenient" scrutiny solely because of its status as "a nonprofit organization dedicated to election integrity," Mot. 6, has no support in *Brumfield* and is contrary to the Fifth Circuit's subsequent holding that a viable motion to intervene cannot rest on "only an ideological interest in the litigation." *Texas*, 805 F.3d at 657.

The other cases that PILF cites, purportedly to show courts granting motions to intervene filed by public interest organizations, *see* Mot. 3–4, further undermine its argument and again demonstrate why intervention as of right is inappropriate here. In *Luna v. Cegavske*, No. 2:17-CV-2666 JCM (GWF), 2017 WL 6512182 (D. Nev. Dec. 20, 2017), in which PILF sought to intervene

in a challenge to Nevada's recall law, the court squarely *rejected* the same sweeping theory of intervention that PILF advances here:

> By virtue of its mission statement, the Foundation appears to have a specific interest in supporting more stringent state regulation of elections and voter qualifications, and in limiting the scope of the Voting Rights Act, including having portions of the Act declared unconstitutional on their face or as applied. This interest does not fit squarely within past Ninth Circuit decisions regarding intervention as of right [, which have held] that public interest organizations have a significant protectable interest based on their prior involvement in the enactment of the law, regulation or administrative action that is at issue in the lawsuit. Such is not the case here. Nor has the Foundation shown that any of its members are voters in the senate districts involved in the subject recall efforts, or that it has Nevada citizen-members whose rights could be affected by future efforts to preclude or restrict recall elections.

No. 2:17-CV-2666 JCM (GWF), 2017 WL 6512182, at *6 (D. Nev. Dec. 20, 2017), *report & recommendation adopted*, No. 2:17-CV-2666, 2018 WL 3731084 (D. Nev. Aug. 6, 2018). The *Luna* court therefore *denied* intervention as of right under Rule 24(a)(2). *See id.*[2] Here, as in *Luna*, PILF's proffered interest is insufficient to support mandatory intervention under Rule 24(a)(2).

PILF also improperly relies on *Kobach v. U.S. Election Assistance Commission*, No. 13-cv-4095-EFM-DJW, 2013 WL 6511874 (D. Kan. Dec. 12, 2013), and *League of Women Voters of U.S. v. Newby*, 195 F. Supp. 3d 80, 88 (D.D.C. 2020). *See* Mot. 3–4. Neither case involved intervention as of right under Rule 24(a)(2). Moreover, *Newby* and *Kobach* are inapposite for other reasons. PILF's motion to intervene in *Newby* was unopposed, in stark contrast to its motion here. *See infra* p. 11 (discussing *Newby*). And while PILF cites *Kobach* as an example of a case "granting the Foundation's motion to intervene as defendants in an action brought by several nonprofit

---

[2]     The magistrate judge in that case granted *permissive* intervention solely to allow PILF to brief certain constitutional questions that had not yet been raised by the defendants. *See Luna*, 2017 WL 6512182, at *6. But that does not support intervention here because permissive intervention is always discretionary even when the requirements of Rule 24(b)(B) are satisfied, and the sprawling nature of this consolidated litigation compared to *Luna* counsels against adding additional parties to this lawsuit simply to brief an issue when an amicus brief could achieve the same objective in a far less intrusive fashion. *See infra* pp. 12-13.

groups, including the League of United Latin American Citizens Arizona," Mot. 3, the *Kobach* court did not allow PILF to intervene in that case, either permissively or as of right. PILF was not involved in that case at all. *See Kobach*, 2013 WL 6511874, at \*1–2.

       **B.**    **PILF's purported interest is adequately represented by the existing parties.**

       Even if PILF's desire to defend SB 1 or limit enforcement of the Voting Rights Act was sufficient to satisfy Rule 24(a), its motion would still fail because that interest is adequately represented by the existing parties in this litigation. *See* Fed. R. Civ. P. 24(a)(2) (requiring movant to show that "existing parties do not adequately represent [its] interest"). Adequate representation is presumed "when the would-be intervenor has the same ultimate objective as a party to the lawsuit," and "the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Texas*, 805 F.3d at 661 (citing *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996)).

       PILF addresses this presumption only in passing and it is easy to see why: Governor Abbott,[3] Attorney General Paxton, and the Secretary of State are all Defendants in this consolidated action and purportedly share PILF's stated objective of preserving "election integrity" and defending "Texas's prerogative to run its own elections in this context." Mot. 3.[4]

---

[3]    Governor Abbott is not a defendant in the LULAC Plaintiffs' action but was named as a Defendant in three other suits in this consolidated litigation.

[4]    *See, e.g.*, Press Release, *Governor Abbott Statement on Passage of Election Integrity Legislation*, Office of Tex. Governor (Aug. 31, 2021), https://gov.texas.gov/news/post/governor-abbott-statement-on-passage-of-election-integrity-legislation ("Senate Bill 1 will solidify trust and confidence in the outcome of our elections by making it easier to vote and harder to cheat. I look forward to signing Senate Bill 1 into law, ensuring election integrity in Texas."); Press Release, *AG Paxton Announces Final Victory for Texas in Voter ID Case*, Att'y Gen. of Tex. (Sept. 17, 2018), https://www.texasattorneygeneral.gov/news/releases/ag-paxton-announces-final-victory-texas-voter-id-case ("Safeguarding the integrity of our elections is a primary function of state government and is essential to preserving our democratic process."); Press Release, *Texas Secretary of State's Office Announces Full Forensic Audit of 2020 General Election in Four Texas*

PILF does not argue otherwise, even though it bears "the burden of demonstrating inadequate representation." *Brumfield*, 749 F.3d at 345. Nor does it assert adverse interests, collusion, or nonfeasance by these Defendants as is necessary to overcome the presumption. *Texas*, 805 F.3d at 661. By entirely failing to address whether these Defendants are adequately representing its interest in election integrity, PILF has failed to meet its burden and cannot intervene as of right for this reason alone. *See Haspel & Davis*, 493 F.3d at 578.

The arguments that PILF does advance in support of this factor are unavailing. PILF asserts in conclusory and speculative fashion that "Defendants may feel restrained from asserting certain defenses—such as the unconstitutionality of Section 2 as applied in these circumstances." Mot. 8–9. But PILF cites no case for the proposition that its desire to present additional legal arguments in a brief entitles it to participate as a party in this litigation under Rule 24(a). On the contrary, intervention is inappropriate when the movant "has vested its claim for intervention entirely upon a disagreement over litigation strategy or legal tactics." *In re Toyota Hybrid Brake Litig.*, No. 4:20-CV-127, 2020 WL 6161495, at *19 (E.D. Tex. Oct. 21, 2020) (quoting *LULAC v. Wilson*, 131 F.3d 1297, 1306 (9th Cir. 1997)). Nor does PILF explain how its desire to brief these arguments could not be satisfied by moving for leave to file an amicus brief, along with any other person or entity that has a nonconcrete interest in the outcome of this litigation.

The authority on which PILF relies, moreover, only underscores the adequacy of representation here for purposes of intervention. *See* Mot. 4 (citing *Newby*, 195 F. Supp. 3d at 88). While *Newby* is indeed an example of a court granting intervenor status to PILF, that case is easily distinguishable because PILF did not share the same ultimate objective as the defendants in that

---

*Counties*, Tex. Sec'y of State (Sept. 23, 2021), https://www.sos.texas.gov/about/newsreleases/2021/092321.shtml.

case. *Newby* involved a dispute over a federal voter registration form that states must use to register voters by mail for federal elections. 195 F. Supp. 3d at 83. Various plaintiffs sued the federal Election Assistance Commission ("EAC") over its decision to grant a request by the State of Kansas to modify that form to include state-specific instructions reflecting Kansas's proof-of-citizenship requirement. *Id.*

Rather than defend the changes to the federal form, the EAC *agreed* that the forms were unlawful and consented to a preliminary injunction. *See* Defs.' Opp. to Pls.' Mot. for a Prelim. Inj. at 1, *Newby*, No. 1:16-cv-236 (D.D.C. Feb. 22, 2016), ECF No. 28 ("Because the National Voter Registration Act permits only information satisfying this 'necessity' requirement to be included on the Federal Form, the Executive Director's decisions are not consistent with the statute . . . The United States requests that the decisions be enjoined on this narrow ground."). The district court then granted unopposed motions to intervene from PILF and Kansas Secretary of State Kris Kobach to ensure that there would be parties to the litigation who would defend the proof-of-citizenship change and contest the plaintiffs' request for a preliminary injunction. *See Newby*, 195 F. Supp. 3d at 88 ("Astonishingly, instead of submitting an opposition, defendants submitted their written *consent* to the entry of a preliminary injunction! Thereafter, I granted Secretary of Kansas Kris Kobach and the Public Interest Legal Foundation's motions to intervene as defendants and permitted them to appear at the [preliminary injunction] hearing."). Here, by contrast, even PILF does not doubt that Defendants will defend the law, which is all the more reason its intervention is unwarranted.

## II.   PILF should not be granted permissive intervention.

PILF moves in the alternative for permissive intervention under Federal Rule of Civil Procedure 24(b), but that request should also be denied. "Permissive intervention is at the

discretion of the court even if the potential intervenor satisfies the requirements of Rule 24(b)." *Walker v. Alta Colleges, Inc.*, No. A-09-CA-894-LY, 2011 WL 13269547, at *2 (W.D. Tex. Aug. 10, 2011) (citing *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987)). In determining whether to exercise this discretion, "the district court may consider, among other factors, whether the intervenors' interests are adequately represented by other parties, and whether intervention will unduly delay the proceedings or prejudice existing parties." *Kneeland*, 806 F.2d at 1289.

As discussed in detail above, PILF has failed to show that the current Defendants in this consolidated litigation, who include Governor Abbott, Attorney General Paxton, and the Secretary of State, will not adequately represent PILF's purported interest in defending Texas's election laws. Because PILF shares the same objective as these defendants—defending SB 1 and Texas's ability to enact laws purportedly "designed to ensure the integrity of their elections," Mot. 3— there is a presumption of adequate representation that PILF has barely attempted to overcome in its motion. *See supra* pp. 9-10. That alone counsels against permissive intervention.

Worse, PILF's participation will needlessly prejudice the existing parties. With the crowding of additional parties in this coordinated proceeding, litigation becomes more complex, expensive, and time consuming at every step. Briefing schedules become more complicated, the number of pages that the parties and the Court must contend with in filings become multiplied, discovery becomes more burdensome, scheduling becomes more difficult, and negotiating even basic stipulations becomes more cumbersome. *See, e.g.*, *Walker*, 2011 WL 13269547, at *2. These concerns are amplified in a consolidation action like this one that already spans 40 unique parties across five different actions. Moreover, PILF does not appear to be interested in the issues presented; rather, they seem keen to use these lawsuits as a vehicle to challenge the

constitutionality of Section 2 of the Voting Rights Act—an apparent attempt to derail these proceedings and divert the resources of counsel and the Court. In sum, PILF's desire to brief certain legal issues cannot justify its participation as a defendant.

## CONCLUSION

For these reasons, the Court should deny PILF's motion to intervene.

Dated: October 21, 2021.                    Respectfully submitted,

                                            /s/ Uzoma N. Nkwonta
                                            Uzoma N. Nkwonta*
                                            Kathryn E. Yukevich*
                                            Joseph N. Posimato*
                                            Meaghan E. Mixon*
                                            Graham W. White**
                                            **ELIAS LAW GROUP LLP**
                                            10 G Street NE, Suite 600
                                            Washington, D.C. 20002
                                            Telephone: (202) 968-4490
                                            unkwonta@elias.law
                                            kyukevich@elias.law
                                            jposimato@elias.law
                                            mmixon@elias.law
                                            gwhite@elias.law

                                            Jonathan P. Hawley*
                                            **ELIAS LAW GROUP LLP**
                                            1700 Seventh Avenue, Suite 2100
                                            Seattle, Washington 98101
                                            Telephone: (206) 656-0179
                                            jhawley@elias.law

                                            John R. Hardin
                                            Texas State Bar No. 24012784
                                            **PERKINS COIE LLP**
                                            500 North Akard Street, Suite 3300
                                            Dallas, Texas 75201-3347
                                            Telephone: (214) 965-7700
                                            Facsimile: (214) 965-7799
                                            johnhardin@perkinscoie.com

                                            *Counsel for Plaintiffs*

                                            *Admitted *Pro Hac Vice*
                                            ***Pro Hac Vice* application pending

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule CV-7(D)(3), counsel for Plaintiffs certify that this opposition brief does not exceed 20 pages, exclusive of the caption, the signature block, any certificate, and any accompanying documents.

*/s/ Uzoma N. Nkwonta*
