# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., <br> *Plaintiffs*, <br><br> v. <br><br> GREGORY W. ABBOTT, et al., <br> *Defendants*. | 5:21-cv-0844-XR |
| OCA-GREATER HOUSTON, et al., <br> *Plaintiffs*, <br><br> v. <br><br> JOSE A. ESPARZA, et al., <br> *Defendants*. | 1:21-cv-0780-XR |
| HOUSTON JUSTICE, et al., <br> *Plaintiffs*, <br><br> v. <br><br> GREGORY WAYNE ABBOTT, et al., <br> *Defendants*. | 5:21-cv-0848-XR |
| LULAC TEXAS, et al., <br> *Plaintiffs*, <br><br> v. <br><br> JOSE EXPARZA, et al., <br> *Defendants*. | 1:21-cv-0786-XR |
| MI FAMILIA VOTA, et al., <br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, et al., <br> *Defendants*. | 5:21-cv-0920-XR |

## <u>PLAINTIFFS' OPPOSITION TO PUBLIC INTEREST LEGAL FOUNDATION'S MOTION TO INTERVENE</u>

Plaintiffs Houston Justice; Houston Area Urban League; Delta Sigma Theta Sorority, Inc.; The Arc of Texas; and Jeffrey Lamar Clemmons (collectively, "Plaintiffs" or "*Houston Justice* Plaintiffs") file this opposition to the motion to intervene filed by the Public Interest Legal Foundation ("PILF"). The motion was filed in Case No. 1:21-cv-786, which is consolidated with this case, but the motion also reserves PILF's right to participate in the instant case. *See* PILF Mot. at 2 n.1, ECF No. 43 (reserving "right to provide responses to [all] complaints" in consolidated cases). To the extent the motion constitutes a request to intervene in the instant case, Plaintiffs oppose. PILF has failed to set forth any arguments related to the *Houston Justice* Complaint and has failed to comply with the rules governing its intervention motion. On the merits, PILF cannot establish a basis for intervention as of right or permissive intervention because it fails to identify a cognizable interest in the case and its interests are adequately represented by the State Defendants. Though it is unclear whether PILF intends to intervene in this case, *Houston Justice* Plaintiffs file this opposition out of an abundance of caution.

## BACKGROUND

On August 31, 2021, the Texas legislature passed S.B. 1, an omnibus voting bill that eliminates methods and means of voting disproportionately used by Black and Latino voters and that raises the barriers to voting for individuals with disabilities. *See generally* Complaint for Declaratory & Injunctive Relief, Case No. 5:21-cv-848 (W.D. Tex. Sept. 9, 2021), ECF No. 11-1 (the "*Houston Justice* Complaint"). Governor Abbott signed the legislation into law on September 7, 2021; the law takes effect 91 days after the end of the second special legislative session. *Id.* ¶ 18.

Plaintiffs challenged the law under the United States Constitution, the Voting Rights Act, the Americans with Disabilities Act, and the Rehabilitation Act. Plaintiffs sued Governor Abbott,

Deputy Secretary of State Esparza, and Attorney General Paxton ("State Defendants") as well as the elections administrators of Bexar and Harris Counties ("Local Defendants"). Four other lawsuits were also filed in the Western District of Texas challenging S.B. 1 as violative of the Constitution and federal law. *See* Consolidation Order, ECF No. 20. The Court consolidated this case with those four cases under Case No. 5:21-cv-844.

On October 7, PILF moved to intervene in *LULAC Texas, et al., v. Jose Esparza, et al.*, Case No. 1:21-cv-786. The motion included a proposed answer only in the *LULAC* case, but PILF reserved the right to file a responsive pleading to all complaints in the consolidated litigation. *See* PILF Mot. at 2 n.1. The motion is therefore unclear as to the extent of intervention it seeks.

## ARGUMENT

As a threshold matter, PILF's motion to intervene does not address the substance of the *Houston Justice* Complaint and therefore is not a proper motion to intervene as to the claims brought by the *Houston Justice* Plaintiffs. On the merits of its motion, PILF has not established grounds for intervention as of right under Federal Rule of Civil Procedure 24(a)(2) or for permissive intervention under Rule 24(b)(1). PILF's intervention motion identifies no tangible, concrete interest in the litigation over S.B. 1. Rather, PILF asserts a generalized interest in judicial precedent around the Voting Rights Act and how it relates to states' administration of their elections. Moreover, PILF's interests—to the extent they are cognizable—are adequately represented by the State Defendants. PILF should therefore not be permitted to intervene in this case.

### I.   PILF's Arguments Are Limited to The *LULAC* Case

Even though this case has been consolidated with the four other cases challenging S.B. 1, PILF filed its intervention motion not in the lead case, *LUPE v. Abbott*, but in the *LULAC v. Abbott*

2

case. PILF's motion limits argument to the allegations made by the *LULAC* plaintiffs. And counsel for PILF did not confer with counsel for the *Houston Justice* plaintiffs before filing this motion. *See* PILF Mot. at 12. Nonetheless, PILF purports to reserve the right to respond to all complaints in the consolidated cases if it is granted a right to intervene. *See* PILF Mot. at 2 n.1.

PILF's motion cannot serve as a basis for intervening to defend against the claims in the *Houston Justice* Complaint. By failing to file an answer to the *Houston Justice* Complaint, PILF has failed to comply with Federal Rule of Civil Procedure 24(c), which requires a would-be intervenor to file and serve a "pleading that sets out the claim or defense for which intervention is sought." *See DOH Oil Co. v. QEP Res., Inc.*, No. MO:18-CV-0152-DC-RCG, 2019 WL 3816290, at *2 (W.D. Tex. May 20, 2019) *aff'd*, 2020 WL 7631502 (W.D. Tex. Mar. 19, 2020) (failure to attach pleading would not serve as grounds alone for denial, but assists the court "in determining whether the requirements for intervention have been met"). PILF has also violated Local Rule-CV 7(g), which requires it to confer with the opposing party before filing a nondispositive motion. Finally, and most fundamentally, PILF's failure to offer any arguments specific to the *Houston Justice* Complaint leave the Court with no basis to grant intervention for purposes of defending against the claims set forth therein.

## II.   PILF Has Not Established a Right to Intervene

On the merits, PILF's motion fares no better. In order to intervene as of right under Federal Rule of Civil Procedure 24(a)(2), PILF bears the burden of establishing four elements: (1) that its motion is timely; (2) that it has "an interest relating to the property or transaction that is the subject of the action"; (3) that it is "so situated that the disposition of the action may, as a practical matter, . . . impede its ability to protect its interests"; and (4) that its interest would otherwise be "inadequately represented by the existing parties to the suit." *Brumfield v. Dodd*, 749 F.3d 339,

341 (5th Cir. 2014); Fed. R. Civ. P. 24(a)(2). PILF's failure to establish any one of these elements dooms its motion. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

PILF has failed to establish a cognizable interest for purposes of Rule 24(a)(2) and therefore cannot satisfy the second and third prongs. Moreover, even if PILF had a cognizable interest in the litigation, its interest is sufficiently represented by the State Defendants, rendering PILF unable to establish the fourth prong under Rule 24(a)(2).

    a.  <u>PILF has identified no legally protectable interest in the litigation.</u>

PILF does not possess a "direct, substantial, and legally protectable" interest in the subject of the action that is required for intervention. *Brumfield*, 749 F.3d at 343; *see also New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co*., 732 F.2d 452, 464 (5th Cir. 1984) (en banc) ("What is required is that the interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant." (emphasis in original)). The Fifth Circuit has advised that when a case implicates the public interest, this standard may be leniently applied, but is not vitiated. In evaluating whether an intervenor has a sufficient interest in a public-interest context, the courts look to "a zone-of-interest analysis in standing doctrine" for guidance. *Brumfield*, 749 F.3d at 344. Under that analysis, the courts require that the moving party "possess a type of substantive right not to have the statute violated." *New Orleans Pub. Serv., Inc.*, 732 F.2d at 465. For example, in *Brumfield*, the Fifth Circuit held that parents of students who were predominantly students of color and who participated in a school voucher program were within the zone of interest of the statute authorizing such vouchers because they were the program's intended beneficiaries. 749 F.3d at 340, 345. The Court also held the parents were within the zone of interest of the Equal Protection Clause because their interest in participating in the litigation was to secure the opportunity, under that Clause, to send their children to better schools. *Id.* at 345.

4

PILF does not identify any interest that fits these criteria. Nowhere in its motion does PILF identify a concrete interest, let alone a legally protectable one, in the question of whether S.B. 1 violates federal law. Moreover, PILF has not pointed to any members who reside in Texas and will be affected by the law.

PILF claims that it is "dedicated to election integrity" and that it "exists to assist states and others to aid the cause of election integrity and fight against lawlessness in American elections." PILF Mot. at 6. PILF later asserts that it "seeks to protect its mission from the misapplications of federal law"—its mission being the general preservation of "the constitutional balance between a state's power to control its own elections and Congress's limited constitutional authority to protect against racial discrimination." PILF Mot. at 7. The balance of the discussion purportedly devoted to establishing PILF's interest in the litigation is spent describing PILF's ability to provide a "unique perspective" regarding the "national and constitutional implications of Plaintiffs' allegations." PILF Mot. at 6.

This type of generalized interest in "election integrity," federalism, and the proper application of law is insufficient to support intervention as of right. Ultimately, PILF's motion describes not an intervenor as of right, but at best an amicus who can offer to expand upon the arguments presented by the parties to the litigation. *See Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (where would-be intervenor "merely underlines issues of law already raised by the primary parties," amicus status is most appropriate).

PILF's failure to identify any legally protectable interest in the litigation defeats its application for intervention as of right. And because a legally protectable interest in the litigation is a prerequisite for satisfying the third and fourth intervention factors under Rule 24(a)(2), PILF's motion fails on three fronts. *See Common Cause Indiana v. Lawson*, No. 1:17-cv-03936-TWP-

MPB, 2018 WL 1070472, at *5 (S.D. Ind. Feb. 27, 2018) (denying PILF's intervention motion and reasoning that because PILF's interest in the litigation was insufficient, the court needn't address whether PILF's interests would be impaired by disposition of the case).

      b. <u>Even if PILF had a legally protectable interest in the litigation, it is aligned with the State Defendants.</u>

Moreover, even if PILF could identify a legally protectable interest in the case, it has failed to establish that its interests are not aligned with the State Defendants who are already tasked with litigating this case.

The fourth prong that PILF must establish to intervene as of right is that its interests will not be adequately represented by the existing parties to the litigation. *Brumfield*, 749 F.3d at 345. The burden is "minimal," but not toothless, and where the intervenor has "the same ultimate objective as a party to the lawsuit," the court presumes adequate representation. *Id*. This presumption can be overcome by a showing of "adversity of interest, collusion, or nonfeasance on the part of the existing party." *Id*.

PILF has made no effort to show any adversity of interest, collusion, or nonfeasance on the part of the Defendants. Instead, it speculates that the Defendants in this action "are unlikely to defend [the case] as strongly as the Foundation due to Defendants' position as public officials." PILF Mot. at 8. That is not sufficient to overcome the presumption of adequate representation. *See*, *e.g.*, *Elizondo v. Springs Branch Indep. Sch. Dist.*, No. 4:21-CV-01997, 2021 WL 4502919, at *2 (S.D. Tex. Sept. 28, 2021) (denying intervention where movant suggested without evidence a "lack of political resolve" on the part of government defendants to defend at-large election system against Voting Rights Act claim).

Indeed, a court previously denied PILF's intervention motion for this very reason. In *Common Cause Indiana v. Lawson*, PILF sought to intervene in a lawsuit brought by Common

Cause Indiana against state officials, challenging a state voter registration law under the National Voter Registration Act of 1993. 2018 WL 1070472, at *1. PILF sought to intervene, asserting an interest in "ensuring that the constitutional balance vesting state control over elections is preserved." *Id*. at *4. The court held that interest was too generalized for intervention under Rule 24(a)(2). *Id*. at *5. The court held in the alternative that PILF had also failed to establish that the existing defendants would not adequately represent its interests. In that case, as here, PILF speculated that the state was "not likely to press all defenses . . . as fully as the Foundation, given it is unrestrained by political concerns." *Id*. And in that case, like here, PILF argued that the state might not "fully reveal the extent of prior failures," including maintenance of voter rolls. *Id*. The court rejected these arguments, which were made without evidence, concluding that the "differences between the State's interest and those of the Foundation are so small that the Foundation's interests do not require separate representation." *Id*.; *see also United States v. Franklin Par. Sch. Bd.*, 47 F.3d 755, 758 (5th Cir. 1995) (denying intervention motion even though movant intended to assert argument that current defendant did not).

Because PILF's interests are aligned with the State Defendants and because it has failed to overcome the presumption of adequate representation, it should be denied intervention as of right.

## III.   PILF Should Be Denied Permissive Intervention

PILF also requests that the Court grant it permissive intervention. But PILF has failed to make the threshold showing that it has a claim or defense relevant to this case. Moreover, because the State Defendants will adequately represent any interests PILF may have in this case, permissive intervention should be denied.

a.   <u>PILF shares no claim or defense with the main action.</u>

Courts may permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). This is a threshold legal question that must be satisfied before a court may grant permissive intervention. *See, e.g.*, *Howse v. S/V Canada Goose I*, 641 F.2d 317, 322 (5th Cir. 1981); *see also Texas v. United States*, No. 6:21-CV-00003, 2021 WL 411441, at \*1 (S.D. Tex. Feb. 6, 2021). If the court finds this threshold determination met, it may then exercise its discretion to permit or deny intervention. *Howse*, 641 F.2d at 322–23.

In support of its request, PILF points to two cases in which it was granted permissive intervention—one of which contained no reasoning.[1] But the more illustrative case is one PILF does not cite in which it was denied permissive intervention in a voting case. In *Common Cause Indiana v. Lawson*, discussed *supra*, PILF sought to intervene in a lawsuit brought by Common Cause Indiana against state officials under the National Voter Registration Act of 1993. 2018 WL 1070472, at \*1. After denying PILF intervention as of right, the court turned to permissive intervention. The court expressed doubt that PILF had a claim or defense in common with the main action for purposes of Rule 24(b), reasoning that because the "NVRA simply cannot be used to enforce a claim against the Foundation," it has no *defense* in the action. *Id*. at \*6. Indeed, all the defenses PILF proposed to assert had to do with the *state's* conduct—not PILF. The fact that PILF agreed with the state defendants' positions was insufficient.

In this case as well, PILF has failed to demonstrate that it has a claim or defense in common with the main action. This is apparent from PILF's proposed answer, which pleads affirmative

---

[1] In the *Newby* case, the Court granted PILF's motion to intervene in a minute order and did not provide any reasoning. *See* Minute Order, *League of Women Voters of the United States v. Newby*, 1:16-cv-236-RJL (Feb. 22, 2016).

defenses concerning the *state's* conduct. *See* Proposed Answer, ECF No. 43-1 at 49 ("[T]he legislature may have [acted to vindicate a partisan interest] in addition to acting with the intent to secure the integrity of the ballot."); *id.* ("Defendants enjoy an absolute constitutional prerogative to enact prophylactic legislation to . . . deter and prevent fraud . . . .").

      b.  <u>The Court should deny permissive intervention because PILF's interests will be represented by the State Defendants.</u>

Even if PILF could satisfy the requirements of Rule 24(b)(1)(B), the Court should exercise its discretion to deny intervention. *See Kneeland v. Nat'l Collegiate Athletic Ass'n.*, 806 F.2d 1285, 1289 (5th Cir. 1987) (permissive intervention is wholly within the court's discretion).

In assessing a request for permissive intervention, the court should again consider whether the proposed intervenor's interests are adequately represented by other parties, and "whether they are likely to contribute significantly to the development of the underlying factual issues." *Fernandez v. Cornelios Trucking Refrigerados SA de CV*, No. 7:21-CV-00064, 2021 WL 3929181, at *2 (S.D. Tex. Sept. 2, 2021); *NextEra Energy Capital Holdings, Inc. v. Walker*, No. 1:19-CV-626-LY, 2020 WL 3580149 (Feb. 26, 2020) (denying permissive intervention where "existing parties adequately protect all asserted intere[sts] and the presence of additional parties will not be of assistance to the court's determination of the issues presented"); *Elizondo*, 2021 WL 4502919, at *2 (denying permissive intervention where there was no reason "to conclude that the defendants will inadequately represent the applicant's interests").

PILF has made no showing whatsoever that its interests—to the extent they are cognizable—are inadequately represented, and thus, there is no need for it to intervene. *See Hopwood v. Texas*, 21 F.3d 603, 606 (5th Cir. 1994) (upholding denial of permissive intervention on the basis that proposed intervenor's interests were adequately represented); *see also Common Cause Indiana*, 2018 WL 1070472 at *5 (denying PILF's permissive intervention motion in part

based on similarities between PILF's proposed defense and existing defendants' defense). Moreover, PILF has made no claim that its participation will in any way contribute to the development of factual issues.

## CONCLUSION

For the foregoing reasons, Plaintiffs oppose PILF's motion to intervene.

Dated: October 21, 2021

REED SMITH LLP, NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC., & THE ARC OF THE
UNITED STATES, INC.

*/s/ Kenneth E. Broughton*
Kenneth E. Broughton
Texas Bar No. 03087250
kbroughton@reedsmith.com

Lora Spencer
Texas Bar No. 24085597
lspencer@reedsmith.com

J. Keely Dulaney*
Texas Bar No. 24116306
kdulaney@reedsmith.com

Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

Sarah M. Cummings
Texas Bar No. 24094609
Reed Smith LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
scummings@reedsmith.com

Kathryn Sadasivan*
NAACP Legal Defense
and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Phone: (212) 965-2200
Fax: (212) 226-7592
ksadasivan@naacpldf.org

Georgina Yeomans*
Jennifer A. Holmes*
NAACP Legal Defense
and Educational Fund, Inc.
700 14th Street NW, Suite 600

Washington, DC 20005
Telephone: (202) 682-1300
Facsimile: (202) 682-1312
gyeomans@naacpldf.org
jholmes@naacpldf.org

Shira Wakschlag*
The Arc of the United States, Inc.
1825 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: (202) 534-3708
Facsimile: (202) 534-3731
Wakschlag@thearc.org

*Admitted Pro Hac Vice*

*Counsel for Plaintiffs Houston Justice; Houston Area Urban League; Delta Sigma Theta Sorority, Inc.; The Arc of Texas; and Jeffrey Lamar Clemmons*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2021, a true and correct copy of the foregoing document

was filed via the CM/ECF system and all counsel of record were served electronically.

/s/ *Kenneth E. Broughton*
Kenneth E. Broughton

13