# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | Case No. 5:21-CV-0844-XR |
| vs. | § | |
| | § | |
| GREGORY W. ABBOTT, et al., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| OCA-GREATER HOUSTON, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | Case No. 1:21-CV-0780-XR |
| vs. | § | |
| | § | |
| JOSE A. ESPARZA, et al., | § | |
| | § | |
| *Defendants.* | § | |
| HOUSTON JUSTICE, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | Case No. 5:21-CV-0848-XR |
| vs. | § | |
| | § | |
| GREGORY WAYNE ABBOTT, et al., | § | |
| | § | |
| *Defendants.* | § | |
| LULAC TEXAS, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | Case No. 1:21-CV-0786-XR |
| vs. | § | |
| | § | |
| JOSE ESPARZA, et al., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

MI FAMILIA VOTA, et al.,                          §
                                                  §
                        *Plaintiffs,*              §
                                                  §      Case No. 5:21-CV-0920-XR
        vs.                                       §
                                                  §
GREG ABBOTT, et al.,                              §
                                                  §
                        *Defendants.*             §
                                                  §

## LUPE PLAINTIFFS' RESPONSE IN OPPOSITION TO
## PUBLIC INTEREST LEGAL FOUNDATION'S MOTION TO INTERVENE

Plaintiffs La Unión Del Pueblo Entero, Friendship-West Baptist Church, the Anti-Defamation League Austin, Southwest, and Texoma Regions, Southwest Voter Registration Education Project, Texas Impact, Mexican American Bar Association of Texas, Texas Hispanics Organized for Political Education, Jolt Action, William C. Velasquez Institute, FIEL Houston Inc., Isabel Longoria, and James Lewin (collectively, "**LUPE Plaintiffs**") submit this response in opposition to the Public Interest Legal Foundation's ("**PILF**") motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure [ECF 43][1] (the "**Motion**").[2]  As described more fully below, PILF fails to articulate any specific protectable interest it holds with respect to Senate Bill 1 ("**SB1**"), because it has none.  Its interests are entirely generalized.  PILF further fails to establish how its generalized interests are not already adequately represented by the Governor of Texas, the Texas Deputy Secretary of State, or the Texas Attorney General (the "**State Defendants**"), who have a specific stake in the outcome of this litigation and are already defending

---

[1]    Putative intervenor, PILF, filed its motion to intervene solely in *LULAC Texas, et al. v. Esparza*, 1:21-CV-00786, which has been consolidated with 5:21-CV-0844-XR.   Given the broad implications of intervention on the consolidated case as a whole, LUPE Plaintiffs file this response in opposition.  Further, to the extent PILF seeks intervention as a defendant in each of the consolidated cases, it fails to meet the requirements of Rule 24(c) because it does not provide proposed pleadings for the other cases.

[2]    Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to such terms in the Motion or the *Complaint for Declaratory and Injunctive Relief,* filed on September 3, 2021, at ECF No. 1 in Case No. 5:21-cv-844-XR, as applicable.

against the claims here.  PILF accordingly fails to meet Rule 24's requirements for intervention as of right or permissive intervention, and the Motion should be denied.

## **INTRODUCTION**

Throughout the spring and summer of 2021, Governor Abbott and members of the Texas Legislature—based on pretextual claims of "voter fraud" in the 2020 General Election—repeatedly attempted to pass restrictive legislation that would suppress turnout by Texas voters and discourage, even criminalize, the work of public employees, private organizations, and individuals helping citizens exercise their right to vote.  On their third try, they finally succeeded, passing SB1 into law.  A number of organizations and individuals aggrieved by SB1 filed five separate lawsuits challenging the law, which have been consolidated into one large and complex case.  Now, PILF, a legal organization based in Indiana, without a client or a right at stake, seeks to intervene as a defendant as a matter of right out of a concern that the State Defendants are not prepared to adequately defend SB1 or preserve Texas's sovereign interest in controlling its elections.

PILF does not meet the requirements to intervene as of right because it wholly fails to establish that it holds a legally protectable interest with respect to the litigation, much less an interest that is inadequately represented by the State Defendants.  First, PILF does not allege any specific involvement on behalf of itself or anyone it represents with respect to SB1.  It thus lacks the direct, substantial, and legally protectable interests in the subject matter of this litigation necessary to justify intervention of right.  Second, even if preserving state sovereignty were a sufficient interest, PILF fails to establish that the State Defendants' representation of its own sovereign interest is inadequate.  Instead, PILF, whose ultimate goal in this litigation is identical to that of the State Defendants, purports that the State Defendants might not argue as strongly as

it would to protect Texas's own sovereignty and defend SB1.  Each of the foregoing independently forecloses intervention as of right.

PILF, likewise, provides no sound basis for this Court to permit permissive intervention. Permissive intervention by PILF would only serve to increase the time and resources required from all parties already consolidated into this complex case, without any appreciable benefit to the Court.  The parties to this litigation—all of whom are represented by competent, sophisticated counsel and appreciate the gravity of what is at stake—are capable of robust litigation in a manner that is more efficient than if PILF were permitted to intervene.  For all of these reasons, the Court should deny the Motion and allow the parties to move forward towards an efficient resolution of these important issues.

## **ARGUMENT**

### I.  **PILF Is Not Entitled to Intervention as of Right**

Federal Rule of Civil Procedure 24(a) governs intervention as of right.  *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016).  To intervene, a putative intervenor must show that:  (1) its application is timely; (2) the applicant has "an interest relating to the property or transaction which is the subject of the litigation"; (3) the "disposition of the action may, as a practical matter, impair or impede" the applicant's "ability to protect that interest"; and (4) "the applicant's interest must be inadequately represented by the existing parties to the suit."  *Id.* (citing *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015)).  The putative intervenor bears the burden of proof with respect to all elements, and "failure to prove a required element is fatal."  *Rotstain v. Mendez*, 986 F.3d 931, 937 (5th Cir. 2021).

PILF does not (and cannot) establish that it has a direct, substantial, and legally protectable interest in the subject matter of this lawsuit and likewise does not (and cannot) establish that any

interest it may have would be inadequately represented by the State Defendants.  Because PILF

fails to meet these requirements, its request to intervene as of right should be rejected.

     A.     *PILF fails to show a significant or protectable interest in the subject matter of the litigation.*

Rule 24(a) requires a "direct, substantial, and legally protectable interest in the

proceedings." *Texas*, 805 F.3d at 657 (quoting *Edwards v. City of Houston*, 78 F.3d 983, 1004

(5th Cir. 1996) (en banc)) (internal quotation marks omitted).  A court must determine "whether

the intervenor has a stake in the matter that goes beyond a generalized preference that the case

come out in a certain way," including, for example, a property interest or a right to vote.  *Id.*; *see*

*also LULAC, Dist. 19 v. City of Boerne*, 659 F.3d 421, 434–35 (5th Cir. 2011).  An opportunity

provided to someone else that might affect the rights of a putative intervenor may satisfy the

requirement.  *See Black Fire Fighters Ass'n of Dallas v. City of Dallas*, 19 F.3d 992, 994 (5th Cir

1994).  But a diffuse or generalized interest in the subject matter of a lawsuit, untethered to a

particular person, entity, or right held or represented by the putative intervenor is insufficient.  *See*

*Texas*, 805 F.3d at 661.  Intervention by right requires a "concrete and specific" interest that must

go beyond the generalized interest in "seeking to defend a governmental policy they support based

on ideological grounds."  *Id.*; *see also Pub. Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 205 (1st Cir.

1998) (citing, among others, *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d

452, 466 (5th Cir. 1984) [hereinafter *NOPSI*]) ("It is settled beyond peradventure, however, that

an undifferentiated, generalized interest in the outcome of an ongoing action is too porous a

foundation on which to premise intervention as of right.").

PILF is an Indiana-based, non-profit and non-member legal organization.  *See* Public

Interest Legal Foundation: About Us, https://publicinterestlegal.org/about/ (last visited Oct. 21,

2021) [hereinafter the "PILF Website"].  PILF makes no allegations with respect to its specific

interest in SB1, the subject matter of this litigation.  PILF does not allege that it has advocated for the passage of SB1, expended any funds in support of SB1, or engaged in any other activity on behalf of itself or any organization member (there are none) with respect to SB1.  *See generally* Mot.  Instead, PILF's claimed interest is in "assist[ing] states and others to aid the cause of election integrity" and "fight[ing] against lawlessness in American elections."  Mot. at 6.  The potential impairment of interests that PILF cites, to the extent they can be discerned, further illuminates the generalized, undifferentiated nature of PILF's "interest."[3]  PILF tellingly does not cite concerns that the outcome of this litigation will negatively impact PILF in any concrete way.  Rather, PILF appears to be concerned that a loss for Defendants in this lawsuit would cause Texas to lose authority over its elections, that such negative precedent would impact other sovereign states, and that this result would somehow require additional resources from PILF and is generally counter to PILF's mission, though not to any right PILF holds.  *See* Mot. at 7.  An interest this broad and attenuated would swallow up the rule and cannot be the basis for intervention.

PILF suggests that, because it is a public interest organization, its general public interest in preserving states' authority to control their elections should be judged by a "more lenient standard."  Mot. at 6 (quoting *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014)).  The "lenient standard" phrasing, however, is plucked from a school voucher case in which parents of schoolchildren, the primary beneficiaries of the vouchers at issue, had a sufficient interest to intervene.  *See Brumfield*, 749 F.3d at 344.  PILF's generalized interest in advocacy of a policy preference is not remotely similar.  *See also NOPSI*, 732 F.2d at 464 ("What is required is that the interest be one which the *substantive* law recognizes as belonging to or being owned by the

---

[3]    PILF previously asserted a similar, generalized interest in an unsuccessful attempt to intervene in *Common Cause Indiana v. Lawson*, No. 117CV03936TWPMPB, 2018 WL 1070472 (S.D. Ind. Feb. 27, 2018), a case concerning an Indiana voter registration law.  In denying PILF's motion to intervene as of right, the court rejected PILF's interest in "state control over structuring its own election system," among other things, as too generalized.  *Id*. at *4–5.

applicant." (emphasis in original)).  Put simply, PILF has no interest that is sufficiently concrete and specific with respect to SB1 and this litigation to justify intervention as of right.  Indeed, if PILF could intervene here, essentially any public interest group could intervene *by right* in any litigation, or at least any voting rights litigation.  For this reason alone, the Court should deny the Motion.

B.      *PILF fails to show that the current parties will not adequately protect its interests.*

Even if PILF's purported interest in the litigation were sufficient (it is not), intervention is improper because PILF fails to identify any protectable interest that the State Defendants will not adequately represent.  Though the burden to show inadequate representation of an applicant's interest should be treated as "minimal," it is not so light as to "write the requirement completely out of the rule." *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984) (citations omitted).  Indeed, a presumption of adequate representation arises when the applicant "has the same ultimate objective as the party to the suit." *Id.* (citations omitted).  To overcome this presumption, the applicant must show "adversity of interest, collusion, or nonfeasance." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 578–79 (5th Cir. 2007) (citation omitted).

The presumption of adequate representation by the State Defendants fully applies. Although PILF does not dispute that it has the same ultimate objective as the State Defendants—to uphold SB1—PILF suggests that the State Defendants' more extensive interests, which it does not specifically identify, might result in inadequate representation, foreclosing the presumption. *See* Mot. at 8 (citing *Brumfield*, 749 F.3d at 346).

But PILF provides no basis for determining that the State Defendants will do a half-hearted job of defending itself in this case.  PILF does not contend that there are defenses that the State Defendants cannot or will not bring with respect to SB1, or that the State Defendants in this case have particular concerns that might detract from PILF's interests.  PILF simply thinks it will do a

better job at representing the states' own sovereign interest and litigating the Section 2 claim.[4]  *See*

Mot. at 8 ("Defendants are unlikely to defend against these allegations as strongly as the

Foundation due to Defendants' positions as public officials.").  Beyond speculating that the State

Defendants might feel restrained in making certain arguments or highlighting specific facts, PILF

offers no allegations that its ultimate interests in any way diverge from those of the State

Defendants.  For example, PILF claims that the State Defendants might not highlight "failures or

defects in the election administration."[5]  Mot. at 9.  Though PILF frets that the State Defendants

may be too embarrassed to highlight these failures as justification for a racially discriminatory law,

its concern is speculative, unsupported, and unwarranted.[6]  The State Defendants have, in fact,

proven all too eager to point to supposed failures of the election administration to justify arbitrary

or discriminatory policies.  In 2019, the Texas Secretary of State launched an aggressive purge of

98,000 registered voters he claimed were not U.S. citizens.  *See* Secretary Whitley Issues Advisory

On Voter Registration List Maintenance Activity,

https://www.sos.texas.gov/about/newsreleases/2019/012519.shtml (last visited Oct. 21, 2021).  In

litigation brought by naturalized U.S. citizens targeted by the purge, that claim proved to be false

and the purge was blocked by a federal court.  *See Texas LULAC v. Whitley*, No. SA-19-CA-074-

FB, 2019 WL 7938511, at *1 (W.D. Tex. Feb. 27, 2019).

---

[4]   The *Lawson* court rejected a similar argument in denying PILF's motion to intervene in that case, finding it irrelevant that PILF thought it had an "enlightened" understanding of the claims at issue.  *Lawson*, 2018 WL 1070472, at *6 (internal citation omitted).  Indeed, it is difficult to believe that the State Defendants will be unable or unwilling to take the positions that PILF believes are necessary to adequately defend SB1 under Section 2 of the Voting Rights Act given that Texas recently took the extreme position in an amicus brief filed in *Brnovich v. Democratic National Committee* that Section 2, as interpreted by the Ninth Circuit in that case, would be unconstitutional.  Amicus Brief at 3, *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321 (2021).

[5]   PILF elaborates that it is "aware of significant failures of list maintenance by various election officials," which it has brought "multiple successful cases" to cure (though failing to identify those cases).  Mot. at 9.

[6]   The *Lawson* court rejected this argument in denying PILF's motion to intervene in that case, because PILF had put forward no evidence that defendants would be unable to zealously defend a lawsuit.  *Lawson*, 2018 WL 1070472, at *5.

At most, what PILF describes is a potential, but as-yet-unmanifested, difference in litigation strategy, which would be insufficient to justify intervention as of right even if it transpired. *Bush*, 740 F.2d at 358 (citing *Bumgarner v. Ute Indian Tribe of Uintah & Ouray Reservation*, 417 F.2d 1305, 1308 (10th Cir. 1969)) (explaining that tactical differences "cannot alone show inadequate representation").

PILF cannot establish a significant, legally protectable interest in the subject matter of this litigation and has not met its burden to show that any protected interest it purportedly holds is not adequately represented by the State Defendants. PILF, therefore, is not entitled to intervention as of right. The Court should accordingly deny the Motion.

## II.    PILF Is Not Entitled to Permissive Intervention

PILF is likewise not entitled to permissive intervention. Though "wholly discretionary," *NOPSI*, 732 F.2d at 471, the threshold question for permissive intervention is whether the applicant's "claim or defense and the main action have a question of law or fact in common," *Newby v. Enron Corp.*, 443 F.3d 416, 421 (5th Cir. 2006) (internal quotation marks and citation omitted). The Court should also consider, among other things, whether intervention "will unduly delay or prejudice the adjudication of the original parties' rights," FED. R. CIV. P. 24(b), whether there is adequate representation by other parties, and "whether they are likely to contribute significantly to the development of the underlying factual issues," *LULAC v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).

While PILF's defense and the main action have overlapping questions of law, its addition will only interject added complexity and delay into an already large, consolidated case. *See Bush*, 740 F.2d at 359 (quoting *Crosby Steam Gage & Valve Co v. Manning, Maxwell & Moore*, 51 F. Supp. 972, 973 (D. Mass 1943)) ("Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, briefs, arguments,

motions and the like which tend to make the proceeding a Donnybrook Fair.").  As an Indiana-based non-profit law firm, PILF is also unlikely to contribute to developing a factual record on whether political processes in Texas are not equally open to participation by minority voters.  *See* the PILF Website.  Further, as explained above, the State Defendants are more than capable of asserting an adequate defense to Plaintiffs' claims.  And PILF could seek to participate as an amicus curiae, and thus have its voice heard but without any of the added complexity of adding another party.

Although PILF relies on *Kobach v. U.S. Election Assistance Comm'n*, No. 13-cv-4095, 2013 WL 6511874 (D. Kan. Dec. 12, 2013), for the proposition that courts have permitted similarly situated organizations to intervene permissively, *Kobach* is inapposite.  In that case, which was about the addition of language requiring documentary proof of citizenship to the federal voter registration form, LULAC and other groups that were involved in funding and organizing voter registration activities, including for impacted indigenous and Latino communities in Kansas, moved to intervene.  *See id.* at *1–2.  PILF holds no similar interest here.  PILF "does not vote, does not participate in voter registration drives, and does not claim any real, tangible and particularized effect on itself or its programs and activities from [the challenged law] or a challenge to it."  *Lawson*, 2018 WL 1070472, at *6.

Because the addition of PILF as an intervenor-defendant is likely to add complexity and delay to the case without clarifying legal issues or contributing to the factual record, and because its purported interests are already adequately represented by the State Defendants, the Court should deny PILF's request for permissive intervention.

## **CONCLUSION**

For the reasons stated above, PILF has failed to establish that it is entitled to intervention as of right or that the Court should grant permissive intervention.  The Court should, therefore, deny the Motion in its entirety.

Dated:  October 21, 2021                    Respectfully submitted,

  /s/ Nina Perales                                    /s/ Sean Morales-Doyle
Nina Perales                                  Sean Morales-Doyle
Texas Bar No. 24005046                        N.Y. Bar No. 5646641
Julia R. Longoria                             Ill. Bar No. 6293421 (inactive)
Texas Bar No. 24070166                        Eliza Sweren-Becker*
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL   N.Y. Bar No. 5424403
FUND                                          Patrick A. Berry*
110 Broadway, Suite 300                       N.Y. Bar No. 5723135
San Antonio, TX 78205                         Andrew B. Garber*
Telephone: (210) 224-5476                     N.Y. Bar No. 5684147
Facsimile: (210 224-5382                      Jasleen K. Singh*
nperales@maldef.org                           C.A. Bar No. 316596
jlongoria@maldef.org                          BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
                                              120 Broadway, Suite 1750
                                              New York, NY 10271
Michael C. Keats*                             Telephone: (646) 292-8310
Rebecca L. Martin*                            Facsimile: (212) 463-7308
Breanna Williams**                            sean.morales-doyle@nyu.edu
Jonathan Bash**                               eliza.sweren-becker@nyu.edu
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP   patrick.berry@nyu.edu
One New York Plaza                            andrew.garber@nyu.edu
New York, New York 10004                      jasleen.singh@nyu.edu
Telephone: (212) 859-8000
Facsimile: (212) 859-4000                       /s/ Elizabeth Y. Ryan
michael.keats@friedfrank.com                  Paul R. Genender
rebecca.martin@friedfrank.com                 Texas State Bar No. 00790758
breanna.williams@friedfrank.com               Elizabeth Y. Ryan
jonathan.bash@friedfrank.com                  Texas State Bar No. 24067758
                                              Matthew Berde*
  -and-                                       Texas State Bar No. 24094379
                                              Megan Cloud^
Christopher Bell*                             Texas State Bar No. 24116207
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP   WEIL, GOTSHAL & MANGES LLP
801 17th Street, NW                           200 Crescent Court, Suite 300
Washington, DC 20006                          Dallas, Texas 75201
Telephone: (202) 639-7000                     Telephone: (214) 746-8158
Facsimile: (202) 639-7003                     Facsimile: (214)746-7777
christopher.bell@friedfrank.com               Paul.Genender@weil.com
                                              Liz.Ryan@weil.com
*Attorneys for Plaintiffs:*                   Matt.Berde@weil.com
LA UNIÓN DEL PUEBLO ENTERO, SOUTHWEST          Megan.Cloud@weil.com
VOTER REGISTRATION EDUCATION PROJECT,
MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS,      -and-
TEXAS HISPANICS ORGANIZED FOR POLITICAL
EDUCATION, JOLT ACTION, WILLIAM C.            Alexander P. Cohen*
VELASQUEZ INSTITUTE, FIEL HOUSTON INC.        Texas State Bar No. 24109739
                                              WEIL, GOTSHAL & MANGES LLP
                                              767 Fifth Avenue
                                              New York, New York 10153
                                              Telephone: (212) 310-8020
                                              Facsimile: (212) 310-8007
                                              Alexander.Cohen@weil.com

                                              *Attorneys for Plaintiffs:*
                                              FRIENDSHIP-WEST BAPTIST CHURCH, ANTI-
                                              DEFAMATION LEAGUE AUSTIN, SOUTHWEST, AND
                                              TEXOMA REGIONS, TEXAS IMPACT, ISABEL
                                              LONGORIA, JAMES LEWIN

_/s/ Christian D. Menefee_
Christian D. Menefee
Harris County Attorney
Texas Bar No. 24088240
Christian.Menefee@cao.hctx.net
Jonathan Fombonne
First Assistant Harris County Attorney
Texas Bar No. 24102702
Jonathan.Fombonne@cao.hctx.net
Tiffany Bingham^
Managing Counsel
Texas Bar No. 24012287
Tiffany.Bingham@cao.hctx.net
Sameer S. Birring
Assistant County Attorney
Texas Bar No. 24087169
Sameer.Birring@cao.hctx.net
Radiah Rondon^
Assistant County Attorney
DC Bar No. 499779
Radiah.Rondon@cao.hctx.net
Christina M. Beeler
Assistant County Attorney
Texas State Bar No. 24096124
Christina.Beeler@cao.hctx.net
Susannah Mitcham^
Assistant County Attorney
Texas Bar No. 24107219
Susannah.Mitcham@cao.hctx.net
OFFICE OF THE HARRIS COUNTY ATTORNEY
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924
_Attorneys for Plaintiff:_
ISABEL LONGORIA

* Admitted _pro hac vice_
^ Application for admission pending
**Not licensed by the bar of any jurisdiction

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 21, 2021 the foregoing document was filed electronically with the United States District Court for the Western District of Texas via CM/ECF. As such, this Response was served on all counsel who have consented to electronic service.

_/s/ Elizabeth Y. Ryan_
Elizabeth Y. Ryan