IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>GREGORY W. ABBOTT, in his official capacity as Governor of Texas, et al.,<br><br>*Defendants.* | §§§§§§§§§§§§§<br><br>Consolidated Civil Action No:<br>5:21-CV-00844-XR |

### DEFENDANTS JACQUELYN CALLANEN, YVONNE RAMÓN, MICHAEL SCARPELLO, AND LISA WISE'S OPPOSITION TO PUBLIC INTEREST LEGAL FOUNDATION'S MOTION TO INTERVENE

Defendants Jacquelyn Callanen, Yvonne Ramón, Michael Scarpello, and Lisa Wise, in their official capacities (the "County Defendants"), respectfully submit the following brief in opposition to the Motion to Intervene filed by Public Interest Legal Foundation ("PILF") (ECF No. 43).

***First***, PILF cites no authority, and there is none, for its argument that it is entitled to intervene as of right under Federal Rule of Civil Procedure ("FRCP") 24(a)(2). The only interest that PILF, an Indiana-based nonprofit, describes is a generalized interest in defending Senate Bill 1 ("SB 1") and a potential diversion of resources if SB 1 were to be declared unconstitutional. The law is clear, however, that such interests do not constitute a protectable interest justifying intervention as of right. *See Def. Distributed v. United States Dep't of State*, No. 1:15-CV-372-RP, 2018 WL 3614221, at *3 (W.D. Tex. July 27, 2018) (holding that "expending organizational resources in support of a set of policy goals" is insufficient "to establish a legally protectable interest for purposes of Rule 24(a)(2)"). Even if PILF had a legally protectable interest, such

1

interests are more than adequately defended by the Texas Attorney General and Texas Deputy Secretary of State (the "State Defendants") and thus, intervention as of right would not be appropriate. *See* Fed. R. Civ. P. 24(a)(2); *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015) (courts presume adequacy of representation "when the putative representative is a governmental body or officer charged by law with representing the interests of the intervenor") (cleaned up).

**Second**, the Court should deny permissive intervention under FRCP 24(b) because PILF has failed to demonstrate that it would aid in the factual or legal development of the case beyond asserting the same generalized interests of the State Defendants. Allowing PILF—which has no relevant discovery to offer in the case—to intervene would only serve to complicate this consolidated matter, which includes no fewer than 33 plaintiffs, 24 defendants, and 69 counsel of record. This district has already denied PILF's intervention in similar circumstances because of the "challenge of managing an already very crowded field of parties and counsel." Order at 1, *Texas League of United Latin Am. Citizens v. Whitley*, No. SA-19-CA-074-FB, ECF No. 78 (W.D. Tex. Mar. 4, 2019) ("*Texas LULAC*"). For those same reasons, this Court should deny PILF's intervention here.

This litigation over SB 1 is one of great interest to numerous advocacy and nonprofit organizations throughout the country, including PILF. However, a generalized interest as to its outcome is insufficient to justify adding a new party and counsel to an already complex case involving numerous parties and counsel, and where the proposed intervenor (here, PILF) fails to show any unique legal interests. PILF has not met its burden to intervene permissively or as of right, and the County Defendants respectfully request that the Court deny PILF's motion.

**I.      BACKGROUND**

On September 7, 2021, Plaintiffs LULAC Texas, Voto Latino, Texas Alliance for Retired Americans, and Texas AFT brought this lawsuit to challenge SB 1, an omnibus voting law, against state officials Deputy Secretary of State Jose Esparza, Attorney General Ken Paxson, and six county election administrators.  Plaintiffs allege that SB 1 violates Section 2 of the Voting Rights Act (Count I); places an undue burden on the right to vote in violation of the First and Fourteenth Amendments (Count II); restricts free speech and expression in violation of the First Amendment (Count III); and violates Section 208 of the Voting Rights Act (Count IV).  On September 30, 2021, the Court consolidated the case with four others under the above-named caption.  On October 7, 2021, PILF, an Indiana-based nonprofit without apparent ties to Texas voters or elections, moved to intervene as a Defendant.  For the reasons set forth below, the County Defendants oppose PILF's intervention.

**II.     ARGUMENT**

    **A.     PILF IS NOT ENTITLED TO INTERVENTION AS OF RIGHT**

        **1.     PILF Has No Direct, Substantial, Legally Protectable Interest That Could Be Impaired In This Litigation**

PILF's argument that it is entitled to intervention as of right should be summarily rejected because it has no legal interest in this case—and certainly no interest at risk of being impaired.

A movant seeking intervention as of right must demonstrate "a direct, substantial, legally protectable interest in the proceedings."  *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (cleaned up).  Courts require that the "interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant" and that "something more than an economic interest is necessary."  *Id*. at 464; *see Arnold v. City of San Antonio*, No. SA-07-CV-877-XR, 2009 WL 2983038, at *3 (W.D. Tex. Sept. 14, 2009) ("It has

even been held that a *significant* economic stake in the outcome of the underlying litigation does not create a significantly protectable interest.").

PILF asserts that it has an interest in "ensuring that federal statutes are not used to rearrange the constitutional mandate in which states run their own elections," PILF Br. at 3, and that it "will need to devote additional resources to make up for the loss of state authority in Texas and wherever else litigation is brought or merely threatened." *Id.* at 7.

But PILF cites no authority, nor is there any, for the claim that the diversion of organizational resources[1] to support a generalized interest promoting state control over elections is sufficient to establish a legally protectable interest under FRCP 24(a)(2). Indeed, courts in this district have held just the opposite—that diversion of resources is *not* a protectable interest for purposes of intervention. *See Def. Distributed*, 2018 WL 3614221, at *3 ("The Court finds no authority to support the notion that simply expending organizational resources in support of a set of policy goals is sufficient to establish a legally protectable interest for purposes of Rule 24(a)(2).").

Rather, PILF's interest in defending SB 1 and preserving state control over elections is "simply a generalized preference for a certain outcome and, thus, insufficient to warrant intervention." *Elizondo v. Spring Branch Indep. Sch. Dist.*, No. 4:21-CV-01997, 2021 WL 4502919, at *2 (S.D. Tex. Sept. 28, 2021) (denying voter's intervention to defend at-large election system against Voting Rights Act challenge); *see Common Cause Indiana v. Lawson,* No. 1:17-CV-3936, 2018 WL 1070472 (S.D. Ind. Feb. 27, 2018) (in case challenging Indiana's voter registration statute, denying PILF intervention as of right and denying permissive intervention

---

[1] Even if the diversion of resources was a sufficient interest—which it is not—PILF submits no evidence such as a sworn declaration to support its claim that a given result in this litigation will cause financial harm to the organization.

because PILF's "stated interests are too generalized to afford a right to intervention under Rule 24(a), as they are the same for the proposed intervenor as for every registered voter in Indiana"); *Veasey v. Perry*, No. 2:13-cv-00193, ECF No. 113 (S.D. Tex. Dec. 11, 2013) (noting that intervention requires "a particularized interest that the litigation threatens," and concluding that advocacy group's interests are too "generalized" to intervene in Voting Rights Act lawsuit).

### 2. PILF Is Not Entitled To Intervention As Of Right Where Its Generalized Interests Are Adequately Represented By The State Defendants

Even if PILF had established a protectable interest that could be impaired by disposition of this action—which it does not—any such interest is more than adequately represented by the State Defendants.

In addition to demonstrating a direct, substantial, legally protectable interest in the suit that may be impaired or impeded, a movant must further show that the existing parties to the litigation do not adequately represent its interest. Fed. R. Civ. P. 24(a)(2). Courts presume that "when the existing party has the same ultimate objective as the proposed intervenor, intervention should be denied unless the proposed intervenor shows adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Veasey v. Perry*, 577 F. App'x 261, 263 (5th Cir. 2014) (cleaned up) (holding that State of Texas will adequately represent the interests of advocacy group in Voting Rights Act litigation).

PILF's objective is to uphold the challenged provisions of SB 1, which it views as a "reasonable law[] designed to ensure the integrity of [Texas's] elections." PILF Br. at 3. State Defendants—including the Texas Attorney General, who is charged with defending Texas's laws, and the Deputy Secretary of State, who is responsible for the administration of elections—have the same objective. Indeed, the Attorney General is a steadfast supporter of SB 1, and recently

stated that "[a]fter fighting long and hard to pass Texas's SB 1, which helps stop voter fraud and increases public trust in our elections, I refuse to sit back and allow voters in the great state of Texas to be silenced."[2]  PILF has failed to show that the State Defendants will not adequately represent PILF's interest in upholding SB 1, and accordingly, it is not entitled to intervention as of right.  *See Texas*, 805 F.3d at 662 (where the government is a party to the litigation, "the intervenor must show that its interest is in fact different from that of the governmental entity and that the interest will not be represented by it") (cleaned up).

PILF has not identified any legally protectable interest recognized by FRCP 24(a)(2), and any interest it does have will be adequately defended by the State Defendants.  *Rotstain v. Mendez*, 986 F.3d 931, 936-37 (5th Cir. 2021) (movant bears burden to prove entitlement to intervene; "failure to prove a required element is fatal").  Thus, PILF's motion for intervention as of right should be denied.

### B. THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY PERMISSIVE INTERVENTION

#### 1. Legal Standard

A court may permit intervention pursuant to FRCP 24(b) when the movant shows, by timely motion, that it "has a claim or defense that shares with the main action a common question of law or fact" and where intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b).  Permissive intervention is "wholly discretionary" even where a movant satisfies the factors of FRCP 24(b).  *New Orleans Pub. Serv., Inc.*, 732 F.2d at 471; *see Graham v. Evangeline Parish Sch. Bd.*, 132 Fed. App'x 507, 514 (5th Cir. 2005) ("Denials of permissive intervention are only subject to reversal if extraordinary circumstances so

---

[2] https://www.texasattorneygeneral.gov/news/releases/attorney-general-paxton-joins-23-states-combat-federal-takeover-states-elections.

require."). "In acting on a request for permissive intervention, it is proper to consider, among other things, whether the intervenors' interests are adequately represented by other parties and whether they will significantly contribute to full development of the underlying factual issues in the suit." *New Orleans Pub. Serv., Inc.*, 732 F.2d at 472 (internal quotations omitted).

### 2. The Court Should Not Grant Permissive Intervention Where PILF's Interests Are Already Represented, It Has No Relevant Discovery, and Intervention Will Complicate and Delay Adjudication

The Court should not grant permissive intervention because, as discussed above, PILF's interests are adequately represented by the State Defendants, PILF will not contribute to the factual development of this case, and its involvement could only further complicate this consolidated action and cause undue delay to its adjudication.

PILF's own rights are not directly at stake in this matter, and the State Defendants adequately represent PILF's purported interest in defending SB 1 and "Texas's prerogative to run its own elections[.]" PILF Br. at 3. As previously discussed, *see supra*, Part (I)(B), the Attorney General supports SB 1 and is aligned with PILF's interest in "the power of states to pass reasonable laws designed to ensure the integrity of their elections." PILF Br. at 3. PILF was denied permissive intervention in a case challenging a voter registration statute "because the state is likely to provide adequate representation[.]" *Common Cause Indiana*, 2018 WL 1070472, at *6; *see Elizondo*, 2021 WL 4502919, at *2 (denying intervention where applicant asserted, without evidence, there was a "lack of political resolve" by officials to defend districting scheme from Voting Rights Act challenge). Here, PILF's intervention is similarly unnecessary where the Attorney General will more than adequately defend the interests advanced by PILF in its intervention pleadings.

7

PILF has nothing to contribute to this case by way of factual development in discovery or legal development in briefing. PILF, an Indiana-based advocacy organization, would have no discovery to provide about the impact of a Texas law on Texas voters and election administrators. PILF itself concedes that its involvement "could be limited in scope" and confined to legal briefing and "passive participation in discovery." PILF Br. at 10. It is difficult to square these concessions with PILF's purported need to intervene as a party to this action, and its reservation of the right to file answers in all of the consolidated cases. PILF Br. at 1, n.1. And while PILF purports to offer "a unique perspective on the national and constitutional implications" of the lawsuit because its lawyers "regularly testify" about voting issues, PILF Br. at 6, "there is no indication that Defendants are unable to offer appropriate expert testimony or are otherwise unable to competently defend [Texas's] elections laws." Opinion and Order at 1, *The Ohio Org. Collaborative v. Husted*, No. 2:15-cv-1802, ECF No. 39 (W.D. Ohio Sept. 2, 2015) (denying PILF's motion to participate as *amicus curiae* where it sought to offer "a unique perspective on the national and constitutional implications" of a Voting Rights Act litigation).

Finally, PILF's intervention would needlessly complicate the efficient adjudication of an already complex consolidated matter with no corresponding benefit by way of aiding in its factual and legal development. This district has already denied PILF's intervention in similar circumstances because of the "challenge of managing an already very crowded field of parties and counsel." Order at 1, *Texas LULAC*, ECF No. 78. "To add the intervenor and its three listed lawyers would present even more of a logistical burden on the Court." *Id*.

### III.   CONCLUSION

For the foregoing reasons, the Court should deny PILF's Motion to Intervene in this action.

8

Dated: October 21, 2021								Respectfully submitted,

/s/ Orion Armon
Orion Armon (CO SBN 34923)

COOLEY LLP
Kathleen Hartnett* (CA SBN 314267)
khartnett@cooley.com
Beatriz Mejia* (CA SBN 190948)
bmejia@cooley.com
Sharon Song* (CA SBN 313535)
ssong@cooley.com
Kelsey Spector* (CA SBN 321488)
kspector@cooley.com
Angelica Leo* (CA SBN 334324)
aleo@cooley.com
Germaine Habell* (CA SBN 333090)
ghabell@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: +1 415 693-2000
Facsimile: +1 415 693-2222

COOLEY LLP
Orion Armon (CO SBN 34923)
oarmon@cooley.com
1144 15th Street, Suite 2300
Denver, CO 80202
Telephone: (720) 566-4000
Facsimile: (720) 566-4099

STATES UNITED DEMOCRACY CENTER
Christine P. Sun* (CA SBN 218701)
3749 Buchanan St., No. 475165
San Francisco, CA 94147-3103
Telephone: (615) 574-9108
christine@statesuniteddemocracy.org

STATES UNITED DEMOCRACY CENTER
Ranjana Natarajan (TX SBN 24071013)
1801 E 51st St., Suite 365, No. 334
Austin, TX 78723
Telephone: (323) 422-8578
ranjana@statesuniteddemocracy.org

STATES UNITED DEMOCRACY CENTER
Zack Goldberg* (NY SBN 5579644)
86 Fleet Place, No. 6T
Brooklyn, NY 11201
Telephone: (917) 656-6234
zack@statesuniteddemocracy.org

SUSMAN GODFREY
Neal S. Manne (TX SBN 12937980)
Robert Rivera, Jr. (TX SBN 16958030)
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
nmanne@susmangodfrey.com
rrivera@susmangodfrey.com

EL PASO COUNTY ATTORNEYS
Jo Anne Bernal (TX SBN 02208720)
El Paso County Attorney
Joanne.Bernal@epcounty.com
John E. Untereker (TX SBN 24080627)
Assistant County Attorney
juntereker@epcounty.com
500 East San Antonio, Room 503
El Paso, Texas 79901
Telephone: +1 915 546-2050
Facsimile: +1 915 546-2133

*Admitted pro hac vice*

*Attorneys for Defendant Lisa Wise, in her official capacity as the El Paso County Elections Administrator*


JOHN CREUZOT
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

 /s/ Earl S. Nesbitt
BARBARA NICHOLAS
Assistant District Attorney
Texas State Bar No. 24032785
barbara.nicholas@dallascounty.org

10

EARL S. NESBITT
Assistant District Attorney
Texas State Bar No. 14916900
earl.nesbitt@dallascounty.org

BEN STOOL
Assistant District Attorney
Texas State Bar No. 19312500
ben.stool@dallascounty.org

Civil Division
Records Building
500 Elm Street, Suite 6300
Dallas, Texas 75202
Telephone: 214-653-7358
Fax: 214-653-6134

*Attorneys for Defendant Michael Scarpello in his official capacity as Dallas County Election Administrator*


JOE GONZALES
Bexar County Criminal District Attorney

By:   */s/ Robert Green*
ROBERT GREEN
Bar No. 24087626
Assistant District Attorney, Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Telephone: (210) 335-2146
robert.green@bexar.org

*Attorney for Defendant Bexar County Elections Administrator Jacquelyn Callanen*


RICARDO RODRIGUEZ, JR.
CRIMINAL DISTRICT ATTORNEY
HIDALGO COUNTY, TEXAS

*/s/ Josephine Ramirez-Solis*
Assistant District Attorney
Texas Bar No.  24007894
josephine.ramirez@da.co.hidalgo.tx.us

11

100 E. Cano, First Floor
Hidalgo County Courthouse Annex III
Edinburg, Texas 78539
Tel: (956) 292-7609
Fax: (956) 318-2301

*Attorney for Defendant Yvonne Ramón in her official capacity as the Hidalgo County Elections Administrator*

## CERTIFICATE OF SERVICE

I certify that on October 21, 2021, I electronically filed this document with the clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Orion Armon*
Orion Armon