# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al.,<br>　　　　　*Plaintiffs,*<br><br>v.<br><br>GREGORY W. ABBOTT, et al.,<br>　　　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 5:21-CV-0844-XR |
| OCA-GREATER HOUSTON, et al.,<br>　　　　　*Plaintiffs,*<br><br>v.<br><br>JOSE A. ESPARZA, et al.,<br>　　　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | 1:21-CV-0780-XR |
| HOUSTON JUSTICE, et al.,<br>　　　　　*Plaintiffs,*<br><br>v.<br><br>GREGORY WAYNE ABBOTT, et al.,<br>　　　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | 5:21-CV-0848-XR |
| LULAC TEXAS, et al.,<br>　　　　　*Plaintiffs,*<br><br>v.<br><br>JOSE ESPARZA, et al.,<br>　　　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | 1:21-CV-0786-XR |
| MI FAMILIA VOTA, et al.,<br>　　　　　*Plaintiffs,*<br><br>v.<br><br>GREG ABBOTT, et al.,<br>　　　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§ | 5:21-CV-0920-XR |

**PARTIALLY OPPOSED MOTION TO INTERVENE OF HARRIS COUNTY REPUBLICAN PARTY, DALLAS COUNTY REPUBLICAN PARTY, NATIONAL REPUBLICAN SENATORIAL COMMITTEE, AND NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE**

The Harris County Republican Party, Dallas County Republican Party, National Republican Senatorial Committee ("NRSC"), and National Republican Congressional Committee ("NRCC") (collectively, "Republican Committees") support free and fair elections on behalf of all Texas voters.   Accordingly, the Republican Committees respectfully move to intervene as defendants in these consolidated cases under Federal Rule of Civil Procedure 24.[1]   The Texas Legislature recently enacted Senate Bill 1 ("SB 1"), which made amendments to the Texas Election Code to ensure that all legally cast ballots are counted, to promote voter access, and to reduce the likelihood of fraud in elections.[2]   In these lawsuits, Plaintiffs ask the Court to invalidate numerous provisions of SB 1 related to voter registration, election security, voting by mail, and other subjects for allegedly violating, *inter alia*, the United States Constitution, the Voting Rights Act, and the Americans with Disabilities Act.

The Republican Committees maintain that SB 1 is a commonsense and constitutional statute that, together with the other provisions of the Texas Election Code, advances the right to vote, accommodates voters, and protects the integrity of Texas elections.   The Republican Committees therefore seek to uphold the challenged election laws under which they, their voters, their members, and their candidates exercise their constitutional rights to vote and to participate in

---

[1] Defendants Abbott, Esparza, and Paxton (collectively, "the State Defendants") and Defendant Torres do not oppose the relief requested in this motion.  Defendant Scarpello is unable to take a position on the motion until he reviews it.  Undersigned counsel contacted counsel for Defendant Wise, the other defendant who has appeared in the case, but Defendant Wise did not state a position on the motion prior to filing.  All Plaintiffs in these consolidated actions oppose the motion.

[2] S. 1, 2021 87th Leg., 2d Spec. Sess. (Tex. 2021).

elections in Texas.  Courts across the country routinely grant intervention to political party committees in similar cases, recognizing that such committees have an interest in defending against requests for judicial changes to election laws.[3]  Here as well, the Republican Committees

---

[3] *See, e.g.*, *United States v. Georgia*, No. 21-cv-2575 (N.D. Ga. July 12, 2021) (granting intervention to the RNC, NRSC, and Georgia Republican Party); *Concerned Black Clergy of Metro. Atlanta, Inc. v. Raffensperger*, No. 21-cv-1728 (N.D. Ga. June 21, 2021) (granting intervention to the RNC, NRSC, NRCC, and Georgia Republican Party); *Coal. for Good Governance v. Raffensperger*, No. 21-cv-02070 (N.D. Ga. June 21, 2021) (same); *New Ga. Project v. Raffensperger*, No. 21-cv-1229, 2021 WL 2450647 (N.D. Ga. June 4, 2021) (same); Doc. 40, *Ga. State Conf. of NAACP v. Raffensperger*, No. 21-cv-1259 (N.D. Ga. June 4, 2021) (same); *Sixth Dist. of African Methodist Episcopal Church v. Kemp*, No. 21-cv-1284 (N.D. Ga. June 4, 2021) (same); Doc. 39, *Asian Ams. Advancing Justice-Atlanta v. Raffensperger*, No. 21-cv-1333 (N.D. Ga. June 4, 2021) (same); Doc. 50, *VoteAmerica v. Raffensperger*, No. 21-cv-1390 (N.D. Ga. June 4, 2021) (same); *Wood v. Raffensperger*, No. 20-cv-5155 (N.D. Ga. Dec. 22, 2020) (granting intervention to the DSCC and Democratic Party of Georgia); *All. for Retired Am.'s v. Dunlap*, No. CV-20-95 (Me. Super. Ct. Aug. 21, 2020) (granting intervention to the RNC, NRSC, and Republican Party of Maine); Doc. 25, *Mi Familia Vota v. Hobbs*, No. 20-cv-1903 (D. Ariz. June 26, 2020) (granting intervention to the RNC and NRSC); Doc. 60, *Ariz. Democratic Party v. Hobbs*, No. 20-cv-1143 (D. Ariz. June 26, 2020) (granting intervention to the RNC and Arizona Republican Party); Doc. 38, *Swenson v. Bostelmann*, No. 20-cv-459 (W.D. Wis. June 23, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); Doc. 27, *Edwards v. Vos*, No. 20-cv-340 (W.D. Wis. June 23, 2020) (same); Doc. 52, *League of Women Voters of Minn. Educ. Fund v. Simon*, No. 20-cv-1205 (D. Minn. June 23, 2020) (granting intervention to the RNC and Republican Party of Minnesota); *Issa v. Newsom*, No. 20-cv-1044, 2020 WL 3074351, at *4 (E.D. Cal. June 10, 2020) (granting intervention to the DCCC and Democratic Party of California); Doc. 101, *Nielsen v. DeSantis*, No. 20-cv-236 (N.D. Fla. May 28, 2020) (granting intervention to the RNC, NRCC, and Republican Party of Florida); *Priorities USA v. Nessel*, No. 19-13341, 2020 WL 2615504, at *5 (E.D. Mich. May 22, 2020) (granting intervention to the RNC and Republican Party of Michigan); *Thomas v. Andino*, No. 20-cv-01552, 2020 WL 2306615, at *4 (D.S.C. May 8, 2020) (granting intervention to the South Carolina Republican Party); Order Granting Mot. to Intervene, *Corona v. Cegavske*, No. CV 20-OC-644-1B (Nev. 1st Jud. Dist. Ct. Apr. 30, 2020) (granting intervention to the RNC and Nevada Republican Party); Doc. 57, *League of Women Voters of Va. v. Va. State Bd. of Elections*, No. 20-cv-24 (W.D. Va. Apr. 29, 2020) (granting intervention to the Republican Party of Virginia); *Paher v. Cegavske*, No. 20-cv-00243, 2020 WL 2042365, at *2 (D. Nev. Apr. 28, 2020) (granting intervention to four Democratic Party entities); *Democratic Nat'l Comm. v. Bostelmann*, No. 20-cv-249, 2020 WL 1505640, at *5 (W.D. Wis. Mar. 28, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); Doc. 58, *Gear v. Knudson*, No. 20-cv-278 (W.D. Wis. Mar. 31, 2020) (same); Doc. 63, *Lewis v. Knudson*, No. 20-cv-284 (W.D. Wis. Mar. 31, 2020) (same); *see also Democratic Exec. Comm. of Fla. v. Detzner*, No. 18-cv-520 (N.D. Fla. Nov. 9, 2018) (granting intervention to the NRSC).

have a substantial and particularized interest in defending this action to preserve the structure of the competitive electoral environment and to ensure that Texas carries out free and fair elections.

Accordingly, as explained more fully below, the Court should grant the Republican Committees intervention as of right under Rule 24(a). The Republican Committees have a right to intervene because this motion is timely and the Republican Committees have a substantial interest in the validity of Texas's election framework—an interest they can protect only by participating in these cases. In the alternative, and at a minimum, the Court should grant the Republican Committees permissive intervention under Rule 24(b) because their defenses share common questions of law and fact with the existing parties, and intervention will not result in any delay or prejudice. As required by Rule 24(c), the Republican Committees have attached proposed answers to Plaintiffs' complaints.

## BACKGROUND

*The Republican Committees.* The Harris County Republican Party and Dallas County Republican Party promote and assist Republican candidates in Harris County and Dallas County, Texas. They work to accomplish this purpose by, among other things, devoting substantial resources towards educating, mobilizing, assisting, and turning out voters in their respective counties. Both organizations have made significant contributions and expenditures to support Republican candidates during many election cycles and are doing so again in 2022. They each have a substantial interest in ensuring that Texas runs free and fair elections according to Texas law as enacted and enforced by Texans' representatives.

The NRSC and NRCC are the national senatorial and congressional committees of the Republican Party as defined by 52 U.S.C. § 30101(14). Their missions are to elect Republican candidates to the U.S. Senate and House of Representatives from across the United States, including from Texas. They work to accomplish their missions in Texas by, among other things,

providing direct and indirect financial contributions and support to candidates and other Republican Party organizations; providing technical and research assistance to Republican candidates and party organizations; engaging in voter registration, voter education, and voter turnout programs; and other Republican party-building activities.  The NRSC and NRCC have made significant contributions and expenditures in support of Republican congressional candidates in Texas in many past election cycles.  The NRCC is doing so again in 2022, and the NRSC will do so again in 2024.  The NRSC and NRCC have substantial and particularized interests in ensuring that Texas carries out free and fair elections.

*Procedural Background.*  These cases are in their infancy.  Plaintiffs filed the first of these five lawsuits on September 3, 2021.  *See* ECF 1.  The Court consolidated the cases into the first-filed case, *La Unión del Pueblo Entero v. Abbott*, No. 21-cv-844 (W.D. Tex.).  *See* ECF 31 at 2.  The State Defendants just filed motions to dismiss yesterday and today.  *See* ECF 53, 54.  The Republican Committees seek to intervene at this early stage to protect their interests and to avoid any prejudice or delay to the parties and the Court's resolution of these cases.

## ARGUMENT

I.   **THE REPUBLICAN COMMITTEES HAVE A RIGHT TO INTERVENE UNDER RULE 24(A).**

The "court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  One purpose of Rule 24 is "to protect non-parties from having their interests adversely affected by litigation conducted without their participation."  *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977).  The rule "implements the basic jurisprudential assumption that the interest of justice is best served

when all parties with a real stake in a controversy are afforded an opportunity to be heard." *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 130 (D.C. Cir. 1972). Accordingly, the rule "is to be liberally construed, with doubts resolved in favor of the proposed intervenor." *Entergy Gulf States La., L.L.C. v. EPA*, 817 F.3d 198, 203 (5th Cir. 2016) (internal quotation marks and citation omitted).

A proposed intervenor satisfies Rule 24(a) if: (1) the motion to intervene is timely; (2) the party has an interest relating to the property or transaction that is the subject of the action; (3) the party's ability to protect its interest will be impaired without intervention; and (4) the existing parties may not adequately represent the party's interest. *See, e.g.*, *Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir. 1994). The Republican Committees meet each requirement.

### A.   This motion is timely.

The Republican Committees' motion to intervene is timely. Courts consider four factors to determine whether a motion to intervene is timely: "the length of time the movant waited to file, the prejudice to the existing parties from any delay, the prejudice to the movant if intervention is denied, and any unusual circumstances." *Rotstain v. Mendez*, 986 F.3d 931, 937 (5th Cir. 2021) (citing *Stallworth*, 558 F.2d at 264–66). "The timeliness inquiry is contextual" and "is not limited to chronological considerations but is to be determined from all the circumstances." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (internal quotation marks and citations omitted).

The Republican Committees satisfy these factors and the timeliness requirement for a simple reason: these cases have just begun. Plaintiffs filed the first of these lawsuits approximately seven weeks ago on September 3, 2021. *See id.* (motion to intervene timely when filed three months after defendant filed answer and after discovery had commenced); *Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*, 338 F.R.D. 364, 368–69 (W.D. Tex. 2021) (motion to

intervene timely when filed nearly five months after complaint was filed and two months after defendant's answer was filed); *Watson v. U.S. Army Corps of Eng'rs*, No. 19-cv-989, 2020 WL 3159188, at *2 (S.D. Miss. June 12, 2020) (motion to intervene timely when case had been pending for five months). The deadline for filing answers is today; the State Defendants just filed motions to dismiss yesterday and today; and the parties have not submitted a discovery plan. "Given the early stage of the proceedings, existing parties would not be unduly prejudiced" by the Republican Committees' intervention. *The Aransas Project v. Shaw*, No. C-10-75, 2010 WL 2522415, at *3 (S.D. Tex. June 17, 2010), *aff'd*, 404 F. App'x 937 (5th Cir. 2010). To the contrary, permitting the Republican Committees to intervene at this point will allow them to assert their defenses without any delay or disruption to the litigation. But, if the Republican Committees are not permitted to intervene, their interests could be prejudiced by a decision invalidating Texas's election rules. This Motion is therefore timely.

### B. The Republican Committees have a legally protectable interest in these cases.

A party has an interest relating to the subject of the action if that interest is "legally protectable." *Wal-Mart Stores*, 834 F.3d at 566 (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) (en banc)). "[A]n interest is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim." *Texas v. United States*, 805 F.3d 653, 659 (5th Cir. 2015); *see also City of Houston v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 294 (5th Cir. 2012) (intervenors had an interest in "cementing their electoral victory" and defending the lawfulness of a city charter amendment); *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 434 (5th Cir. 2011) (intervenor had interest in defending existing electoral system in order to "protect his right to vote in elections to choose all five city council members"); *Black Fire Fighters Ass'n of Dall. v. City of Dallas*, 19 F.3d 992, 994

(5th Cir. 1994) (a consent decree's "prospective interference with promotion opportunities can justify intervention").

Given political parties' unique interest in elections, usually "[n]o one disputes" that they "meet the impaired-interest requirement for intervention as of right." *Citizens United v. Gessler*, No. 14-cv-2266, 2014 WL 4549001, at *2 (D. Colo. Sept. 15, 2014).   Indeed, federal courts "routinely" find that political parties have interests supporting intervention in election-law litigation.  *Issa v. Newsom*, No. 20-cv-1044, 2020 WL 3074351, at *3 (E.D. Cal. June 10, 2020); *see, e.g.*, ECF 27, *Stringer v. Hughs*, No. 20-cv-46 (W.D. Tex. Jan. 21, 2020) (granting Democratic Party committees' motion to intervene in National Voter Registration Act lawsuit); ECF 31, *Perez v. Perry*, No. 11-cv-00360 (W.D. Tex. July 13, 2011) (granting Texas Democratic Party's motion to intervene as of right in redistricting case); *Harris Cnty. Dep't of Educ. v. Harris Cnty.*, No.H-12-2190, 2012 WL 3886427, at *1 (S.D. Tex. Sept. 6, 2012) (allowing county Democratic and Republican Party committees to intervene in lawsuit seeking to void election results); *Miss. State Democratic Party v. Barbour*, No. 06-cv-29, 2007 WL 2071800, at *6 (N.D. Miss. July 17, 2007) (permitting state Republican Party executive committee to intervene in challenge to primary election statute); *Sewell v. St. Tammany Par. Police Jury*, 338 F. Supp. 252, 254 (E.D. La. 1971) (noting intervention of local Republican Party executive committee in apportionment lawsuit); *supra* n.3 (collecting recent cases).

As in previous election cases, "there is no dispute" that the Republican Committees have "an interest in the subject matter of [these cases], given the fact that changes in voting procedures could affect candidates running as Republicans and voters who [are] members of the [Texas] Republican Party." *Ohio Democratic Party v. Blackwell*, No. 04-cv-1055, 2005 WL 8162665, at *2 (S.D. Ohio Aug. 26, 2005).  Here, Plaintiffs ask the Court to invalidate entire provisions of SB

1 relating to voter registration, conduct and security of elections, election officers and observers, voting by mail, voter assistance, and fraud and other unlawful practices. *See, e.g.*, ECF 1 ¶¶ 2, 68, 73, 75–78, 83–87, 89, 97–98, 100–02, 105–08, 111, 113–14, 116–17, 185, 231, 234–36, 238–40, 242–46. These provisions are valid laws that the Texas Legislature enacted to structure and protect the integrity and reliability of Texas elections—elections in which the Republican Committees and their members, supported candidates, and voters actively participate. Since their candidates seek election or reelection "in contests governed by the challenged rules," the Republican Committees have an interest in "demand[ing] adherence" to those requirements and preventing changes to the "competitive environment." *Shays v. FEC*, 414 F.3d 76, 85, 88 (D.C. Cir. 2005). Plaintiffs' succeeding on their claims here could "chang[e] the results of elections," directly affecting the Republican Committees and their candidates and voters. *Priorities USA v. Benson*, 448 F. Supp. 3d 755, 764 (E.D. Mich. 2020).

The Republican Committees' direct and significant interest in defending SB 1 justifies intervention in these cases.

### C.    The Republican Committees' ability to protect their interests will be harmed if they cannot intervene.

The Republican Committees' ability to protect their interests hinges on intervention. To satisfy the third factor, prospective intervenors "do not need to establish that their interests *will* be impaired[;]" they "must demonstrate only that the disposition of the action 'may' impair or impede their ability to protect their interests." *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014) (citation omitted). As the Fifth Circuit has explained, "[t]he impairment requirement does not demand that the movant be bound by a possible future judgment, and the current requirement is a great liberalization of the prior rule." *Id.* Moreover, "[t]he very purpose of intervention is to allow

interested parties to air their views so that a court may consider them before making potentially adverse decisions." *Id.* at 345.

The Republican Committees clear this low hurdle.  Without intervention, they have no way to "defend their concrete interests" in, among other things, winning elections.  *Shays*, 414 F.3d at 86.  These cases could "fundamentally alter the environment" for the upcoming election by changing or even suspending numerous provisions of the Texas Election Code.  *Id.*  As an example, Plaintiffs ask the Court to invalidate restrictions on the ability of third parties to engage in "vote harvesting" of absentee ballots.  ECF 1 ¶ 240.  An invalidation of this provision could force the Republican Committees to face a "broader range of competitive tactics" from their opponents than Texas law "would otherwise allow."  *Shays*, 414 F.3d at 86.  And it could directly prejudice the Republican Committees' candidates in future elections.  An adverse ruling, especially if it occurs near an election, also threatens to confuse voters and undermine confidence in the electoral process. *See Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006).  Such interference with Texas election laws—and with the Republican Committees' electoral activities—would impair the Republican Committees' interests on behalf of their candidates, members, and themselves, and thus warrants intervention.

## D.    The existing parties do not adequately represent the Republican Committees' interests.

Finally, no other party can adequately represent the Republican Committees' interests.  As with the last requirement, the burden to show inadequate representation "should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).  A prospective intervenor "need only show that 'the representation *may* be inadequate.'"  *Wal-Mart Stores*, 834 F.3d at 569 (quoting *Texas*, 805 F.3d at 662).  And, consistent with the overall approach to Rule 24, "all reasonable doubts should be resolved" in favor of intervention.  7C Wright, Miller, &

Kane, *Fed. Prac. & Proc.* § 1909 (3d ed. 2020). The Fifth Circuit recognizes two "presumptions of adequate representation," but neither presumption applies here. *Brumfield*, 749 F.3d at 345. The first presumption applies "where one party is a representative of the absentee by law." *Id.* The second presumption "arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Id.* (citation omitted).

The second presumption does not apply here because the interests of the Defendants and the Republican Committees "may not align precisely." *Id.* Courts across the country have "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors," *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003), in large part because government defendants often "ha[ve] more extensive interests to balance than do" intervenors, *Brumfield*, 749 F.3d at 346. The Defendants' generalized interest in enforcing the law is distinct from the Republican Committees' private interests. *See Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1255–56 (10th Cir. 2001). For one thing, the Defendants have no interest in electing particular candidates. *Cf. Espy*, 18 F.3d at 1208. For another, they must consider a "broad spectrum of views, many of which may conflict" with the Republican Committees' specific interests. *Clinton*, 255 F.3d at 1256. These can include the "expense of defending" the current laws, *Clark v. Putnam Cnty.*, 168 F.3d 458, 461–62 (11th Cir. 1999); the "social and political divisiveness of the election issue," *Meek v. Metro. Dade Cnty.*, 985 F.2d 1471, 1478 (11th Cir. 1993), *abrogated on other grounds by Dillard v. Chilton Cnty. Comm'n*, 495 F.3d 1324 (11th Cir. 2007) (per curiam); and the interests of opposing parties, *In re Sierra Club*, 945 F.2d 776, 779–80 (4th Cir. 1991). As one court recently explained in permitting the Democratic Party to intervene in a lawsuit:

> While Defendants' arguments turn on their inherent authority as
> state executives and their responsibility to properly administer

> election laws, the Proposed Intervenors are concerned with ensuring their party members and the voters they represent have the opportunity to vote in the upcoming federal election, advancing their overall electoral prospects, and allocating their limited resources to inform voters about the election procedures.

*Issa*, 2020 WL 3074351, at *3.

Here, "[t]he lack of unity in all objectives, combined with real and legitimate additional or contrary arguments, is sufficient to demonstrate" that the Defendants' "representation *may* be inadequate." *Brumfield*, 749 F.3d at 346.  The Republican Committees have met their "minimal" burden of showing inadequate representation.  *Trbovich*, 404 U.S. at 538 n.10.

## II.   ALTERNATIVELY, THE COURT SHOULD GRANT THE REPUBLICAN COMMITTEES PERMISSIVE INTERVENTION.

Even if the Court disagrees on intervention of right, it should permit the Republican Committees to intervene as a matter of discretion under Rule 24(b).  Because permissive intervention is warranted, the Court may grant the Republican Committees' motion without addressing Rule 24(a).  *See, e.g.*, *Kin-Yip Chun v. Fluor Corp.*, No. 18-cv-01338, 2020 WL 2745527, at *3 (N.D. Tex. May 26, 2020); *New Ga. Project v. Raffensperger*, No. 21-cv-01229, 2021 WL 2450647, at *2 n.3 (N.D. Ga. June 4, 2021).

Rule 24(b) authorizes courts to "permit anyone to intervene who," "[o]n timely motion . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  Permissive intervention is within the Court's discretion.  *See New Orleans Pub. Serv.*, 732 F.2d at 471.  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  As with intervention as of right, the rule on permissive intervention "is to be liberally construed."  *Wal-Mart Stores*, 834 F.3d at 565 (citation omitted).  "Intervention should

generally be allowed where no one would be hurt and greater justice could be attained." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (internal quotation marks and citation omitted).

The Republican Committees check each box. *First*, as explained above, their motion is timely. *See supra* Section I.A. (The Fifth Circuit uses the same timeliness factors for Rule 24(a) and Rule 24(b). *See Stallworth*, 558 F.2d at 263.)

*Second*, the Republican Committees will raise defenses that share many common questions with the parties' claims and defenses. Plaintiffs allege that numerous provisions of SB 1 are unlawful. The Republican Committees disagree with Plaintiffs and contend that these provisions are valid and enforceable. Plaintiffs' requested relief also would undermine the Republican Committees' interests. So the questions of law and fact that the Republican Committees will raise overlap with the issues already before the Court. *See New Ga. Project*, 2021 WL 2450647, at *2; *Yang v. Kellner*, No. 20 Civ. 3325, 2020 WL 2115412, at *2 (S.D.N.Y. May 3, 2020); *City of Greensboro v. Guilford Cnty. Bd. of Elections*, No. 15-cv-559, 2015 WL 12752936, at *1 (M.D.N.C. Oct. 30, 2015).

*Finally*, the Republican Committees' intervention will not delay these cases or prejudice the parties. As explained above, these cases have only just begun, so intervention will impose no additional delay. *See supra* Section I.A. The Republican Committees will follow any schedule the Court sets and do not intend to engage in duplicative discovery. And allowing the Republican Committees to intervene would prevent any piecemeal litigation or the need for collateral challenges to a settlement or appeals from an order that may prejudice them.

## CONCLUSION

The Republican Committees respectfully ask the Court to grant their motion to intervene as defendants in these cases. As required by Rule 24(c), a proposed answer for each of the consolidated lawsuits is attached.

October 25, 2021                                Respectfully submitted,

                                                */s/ John M. Gore*
                                                John M. Gore
                                                E. Stewart Crosland*
                                                Stephen J. Kenny*
                                                JONES DAY
                                                51 Louisiana Avenue, N.W.
                                                Washington, D.C. 20001
                                                Phone: (202) 879-3939
                                                Fax: (202) 626-1700
                                                jmgore@jonesday.com
                                                scrosland@jonesday.com
                                                skenny@jonesday.com

                                                *Counsel for Proposed Intervenor-Defendants*

                                                **Pro hac vice* applications forthcoming

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 25, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record.

/s/ John M. Gore
*Counsel for Proposed Intervenor-Defendants*