**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LULAC TEXAS; VOTO LATINO, TEXAS ALLIANCE FOR RETIRED AMERICANS; TEXAS AFT,** | § § § § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § § | |
| **JOSE ESPARZA, in his official capacity as the Texas Deputy Secretary of State; KEN PAXTON, in his official capacity as the Texas Attorney General; JACQUELYN CALLANEN, in her official capacity as the Bexar County Elections Administrator; DANA DeBEAUVOIR, in her official capacity as the Travis County Clerk; ISABEL LONGORIA, in her official capacity as the Harris County Elections Administrator; YVONNE RAMÓN, in her official capacity as the Hidalgo County Elections Administrator; MICHAEL SCARPELLO, in his official capacity as the Dallas County Elections Administrator; LISA WISE, in her official capacity as the El Paso County Elections Administrator,** | § § § § § § § § § § § § § § § § § § § § § § | **CIVIL ACTION NO:** 1:21-CV-00786, consolidated with 5:21-CV-0844-XR |
| **Defendants.** | § § § | |

<u>**ORIGINAL ANSWER OF DEFENDANT MICHAEL SCARPELLO**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Michael Scarpello ("Defendant Scarpello"), in his official capacity, and for his Original Answer to Plaintiff's Original Complaint ("Complaint") (Doc. 1) admits, denies, and alleges as follows:

## I.
## RESPONSIVE PLEADINGS

### NATURE OF THE CASE

1.      Paragraph 1 of Plaintiff's Complaint contains legal conclusions and argument to which no responsive pleading is required. To the extent any response is required, due to the vagueness and generality of the allegations in Paragraph 1, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

2.      Defendant Scarpello admits that Texans had to vote in the midst of a global health pandemic. Paragraph 2 includes conclusory statements and argument to which no response is required.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 2, therefore the allegations are denied.

3.      Defendant Scarpello admits that Texas had historic voter turnout in the 2020 general election.  Paragraph 3 includes conclusory statements and argument to which no response is required.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 3, therefore the allegations are denied.

4.      Paragraph 4 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. Paragraph 2 includes conclusory statements and argument to which no response is required.  To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 4, therefore the allegations are denied.

5.      Paragraph 5 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 5, therefore the allegations are denied.

6.      Paragraph 6 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 6, therefore the allegations are denied.

7.      Paragraph 7 of Plaintiff's Complaint contains legal conclusions and argument to which no responsive pleading is required.  As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

8.      Defendant Scarpello admits that the Texas Legislature attempted to pass SB 7 and the effort to pass SB 7 failed when members of the Texas House of Representatives left the legislative chamber in protest, denying the Legislature the quorum.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 8, therefore the allegations are denied.

9.      Defendant Scarpello admits that Governor Abbot announced a special session, the Texas legislature had hearings on SB 1, and members of the Texas House of Representatives left the State denying the House a quorum, which delayed the passage of SB 1.  Paragraph 9 includes conclusory statements and argument to which no response is required.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 9, therefore the allegations are denied.

10.     Paragraph 10 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB 1, which speaks for itself.  To the extent that the remaining allegations in Paragraph 10 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that the Texas Legislature enacted SB 1, SB 1 eliminates drive-thru voting, SB 1 limits early voting hours, SB 1 promulgates new rules regarding poll watchers, and SB 1 criminalizes certain conduct.

11.     Paragraph 11 contains legal conclusions and arguments to which no response is required on the interpretation of SB 1, which speaks for itself.  To the extent that the remaining allegations in Paragraph 11 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that the Texas Legislature enacted SB 1 and that supporters of former President Donald Trump have alleged voter fraud.   As to any other factual allegations in Paragraph 11, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

12.     Paragraph 12 contains legal conclusions and arguments to which no responsive pleading is required. To the extent that the remaining allegations in Paragraph 12 contains factual allegations to which a responsive pleading is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

13.     Defendant Scarpello admits that Plaintiff brought this lawsuit.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 13, therefore the allegations are denied.

**JURISDICTION AND VENUE**

14.     Paragraph 14 contains argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello admits that Plaintiff brings this action under

2 U.S.C. §§ 1983 and 1988. Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the remaining allegations are denied.

15.     Defendant Scarpello admits Paragraph 15. Defendant Scarpello, however, denies that he has deprived anyone of rights under color of state law or violated the U.S. Constitution and the Voting Rights Act, 52 U.S.C. § 10301 *et seq*.

16.     Defendant Scarpello admits that the court has personal jurisdiction over him and he is sued in his official capacity. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 16, therefore the allegations are denied.

17.     Defendant Scarpello admits that venue is proper. Defendant Scarpello, however, denies that a substantial part of the events that give rise to Plaintiffs' claims against him occurred and will occur in this district.

18.     Paragraph 18 contains factual allegations and legal conclusions to which a responsive pleading is not required. To the extent a response is required, Defendant Scarpello states that Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. §§ 2201 and 2202 speak for themselves.

**PARTIES**

19.     Defendant Scarpello admits that Plaintiff LULAC is a Latino civil rights organization in the United States, that LULAC is involved in protecting the civil and voting rights of Latinos, and that LULAC states that it brings this action on behalf of itself and its members. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 19, therefore the allegations are denied.

20.     Defendant Scarpello admits that Plaintiff LULAC is involved in voter registration and voter education activities and other activities and programs designed to increase voter turnout among its members.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 20, therefore the allegations are denied.

21.     Defendant Scarpello admits that Plaintiff Voto Latino it brings this action on behalf of itself and its constituents and supporters and is involved in certain voter activities.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 21, therefore the allegations are denied.

22.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 22, therefore the allegations are denied.

23.     Defendant Scarpello admits that Plaintiff Texas Alliance it brings this action on behalf of itself and its members. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 23, therefore the allegations are denied.

24.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 24, therefore the allegations are denied.

25.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 25, therefore the allegations are denied.

26.     Paragraph 26 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello admits that Jose Esparza is the current Texas Deputy Secretary of State, he was the acting Texas Secretary of State until the recent appointment of John Scott, and the Secretary is the State's chief elections officer. The rest of Paragraph 26 contains legal conclusions and legal arguments regarding the Texas

Election Code, which speaks for itself.  To the extent that the remaining allegations in Paragraph 26 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

27.     Paragraph 27 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello admits that Ken Paxton is the Texas Attorney General and is empowered to prosecute criminal offenses prescribed by the election code. The rest of Paragraph 27 contains legal conclusions to which no responsive pleading is required and legal arguments regarding the Texas Election Code and SB 1, which speaks for itself.  To the extent that the remaining allegations in Paragraph 27 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

28.     Paragraph 28 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 28, therefore the allegations are denied.

29.     Paragraph 29 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 29, therefore the allegations are denied.

30.     Paragraph 30 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 30, therefore the allegations are denied.

31.     Paragraph 31 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 31, therefore the allegations are denied.

32.     Defendant Scarpello admits that he is sued in his official capacity as the Dallas County Elections Administrator. As to the remaining allegations, SB 1 speaks for itself. To the extent any response is required, Defendant admits that he has been sued in this matter regarding various provisions of SB 1, but denies that he has implemented SB 1. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 32, therefore the allegations are denied.

33.     Paragraph 33 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 33, therefore the allegations are denied.

## STATEMENT OF FACTS AND LAW

**I.     Voter Turnout in Recent Texas Elections**

34.     Due to the vagueness and generality of the allegations in Paragraph 34, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

35.     Defendant Scarpello admits that the most recent midterm and presidential elections saw the Dallas County's highest voter turnout in decades and that Covid-19 created certain

challenges.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 35, therefore the allegations are denied.

36.     Paragraph 36 contains references to statistical data that speaks for itself. Defendant Scarpello admits that there has been demographic shifts in Texas voting age population and eligible Hispanic and Black voters have risen.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 36, therefore the allegations are denied.

A.     **The 2018 Election**

37.     Defendant Scarpello admits that the 2018 midterm elections saw the highest voter turnout in Dallas County in over two decades.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 37, therefore the allegations are denied.

38.     Defendant Scarpello admits that in the 2018 midterm election that certain Democratic candidates defeated certain Republican incumbents.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 38, therefore the allegations are denied.

39.     Defendant Scarpello admits Ted Cruz won  the 2018 United States Senate election in Texas. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 39, therefore the allegations are denied.

40.     Defendant Scarpello admits that the Republican candidates for lieutenant governor and attorney general won in the 2018 election. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 40, therefore the allegations are denied.

**B.      The 2020 Election**

41.      Defendant Scarpello admits that voter turnout increased in the 2020 general election and that in the 1992 election Ross Perot and George H.W. Bush were on the ballot for president. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 41, therefore the allegations are denied.

42.      Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 42, therefore the allegations are denied.

43.      Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 43, therefore the allegations are denied.

44.      Paragraph 44 includes conclusory statements and argument to which no response is required.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 44, therefore the allegations are denied.

45.      Paragraph 45 includes conclusory statements and argument to which no response is required.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 45, therefore the allegations are denied.

**1.      Early Voting in the 2020 Election**

46.      Due to the vagueness and generality of the allegations in Paragraph 46, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

47.      Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 47, therefore the allegations are denied.

48.      Defendant Scarpello admits that Dallas County elections officials worked to ensure that voters had the opportunity to participate in the 2020 general election and offered early voting.

Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 48, therefore the allegations are denied.

49.     Paragraph 49 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello admits that Harris County stayed open past 7:00 pm to accommodate increased voter turnout.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 49, therefore the allegations are denied.

50.     Paragraph 50 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello admits that Harris County had 24-hour voting in certain polling places.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 50, therefore the remaining allegations are denied.

51.     Paragraph 51 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. Defendant Scarpello admits that Harris County operated drive-thru voting sites.  To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 51, therefore the allegations are denied.

52.     Defendant Scarpello admits that Harris County is the largest county in Texas and is very diverse. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 52, therefore the remaining allegations are denied.

53.     Paragraph 53 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. Defendant Scarpello admits that Harris County actions of extending early voting hours and drive-thru voting likely increased access to the franchise.  Paragraph 53 includes

*ORIGINAL ANSWER OF DEFENDANT MICHAEL SCARPELLO*                                    **PAGE 11**

conclusory statements and argument to which no response is required.  To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 53, therefore the allegations are denied.

### 2. Absentee Voting in the 2020 Election

54.   Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 54, therefore the allegations are denied.

55.   Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 55, therefore the allegations are denied.

56.   Defendant Scarpello admits that Dallas County used one mail ballot drop off location. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 56, therefore the allegations are denied.

57.   Paragraph 57 contains references to statistical data that speaks for itself. Defendant Scarpello admits that Dallas County has a significant minority population and at least  77,588 (exactly 78,147) people voted by mail in the 2020 general election,. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 57, therefore the allegations are denied.

58.   Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 58, therefore the allegations are denied.

59.   Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 59, therefore the allegations are denied.

### 3. Texas Officials' Efforts to Disenfranchise Voters During the 2020 Election

60.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 60, therefore the allegations are denied.

61.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the of the allegations in Paragraph 61, therefore the allegations are denied.

62.     Paragraph 62 contains arguments and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 62, therefore the allegations are denied.

63.     Defendant Scarpello admits that on October 1, 2020, Governor Abbott issued a proclamation that limited the use of absentee ballot drop boxes to just one drop box location per county, regardless of physical size or population and Dallas County had one drop off mail ballot location in the 2020 general election. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 63, therefore the allegations are denied.

64.     Paragraph 64 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. Defendant Scarpello admits that Harris County and other counties scrambled to inform voters that they could no longer use additional drop boxes.  To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 64, therefore the allegations are denied.

65.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 65, therefore the allegations are denied.

66.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 66, therefore the allegations are denied.

67.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 67, therefore the allegations are denied.

68.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 68, therefore the allegations are denied.

69.     Paragraph 69 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 69, therefore the allegations are denied.

70.     Defendant Scarpello admits that Trump is the former president of the US and has made voter fraud allegations. The remainder of Paragraph 70 contains arguments and conclusory statements to which no responsive pleading is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 70, therefore the allegations are denied.

71.     Defendant Scarpello admits that the former director of the Cybersecurity and Infrastructure Agency, has stated that the 2020 general election was "the most secure in American history." Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 71, therefore the allegations are denied.

72.     Defendant Scarpello admits that former U.S. Attorney General William Barr stated that there was no evidence of widespread election fraud regarding the 2020 general election. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 72, therefore the allegations are denied.

73.     Paragraph 73 contains arguments and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello admits that to the

best of his understanding and belief there is no evidence of widespread voter fraud in Texas or elsewhere in the United States. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 73, therefore the allegations are denied.

74.     Defendant Scarpello admits that Keith Ingram is the director for the elections division in the Secretary's office.   Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 74, therefore the allegations are denied.

75.     Paragraph 75 includes conclusory statements and argument to which no response is required.   Defendant Scarpello is without sufficient information or knowledge to admit or deny the factual allegations in Paragraph 75, therefore the allegations are denied.

### 4.     Texas Officials' Efforts to Disenfranchise Voters in Other States

76.     Defendant Scarpello admits that to the best of his understanding and belief there is no evidence of widespread voter fraud in Texas or elsewhere in the United States.   Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 76, therefore the allegations are denied.

77.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 77, therefore the allegations are denied.

78.     Paragraph 78 cites case law, which speaks for itself. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

79.     Defendant Scarpello admits that the Texas Attorney General filed a lawsuit challenging election results in Georgia, Pennsylvania, Michigan, and Wisconsin and that other claims of voter fraud were dismissed by other courts. Defendant Scarpello is without sufficient

information or knowledge to admit or deny the remaining allegations in Paragraph 79, therefore the allegations are denied.

80.     Defendant Scarpello admits Paragraph 80.

81.     Paragraph 81 cites case law, which speaks for itself.

82.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 82, therefore the allegations are denied.

83.     Paragraph 62 contains legal conclusions and arguments to which no responsive pleading is required and rulings in a lawsuit which speaks for itself. Defendant Scarpello admits that Gohmert and some Arizona  Republicans sued the Vice-President arguing he had authority to determine which elections should be counted for each state and the lawsuit was dismissed. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 83, therefore the allegations are denied.

84.     Defendant Scarpello admits Paragraph 84..

85.     Defendant Scarpello admits that one police officer died and others were injured in an attack on the US Capital on January 6, 2021.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 85, therefore the allegations are denied.

86.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 86, therefore the allegations are denied.

**II.     Senate Bill 7**

87.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 87, therefore the allegations are denied.

88.     Paragraph 88 includes conclusory statements and argument to which no response is required.  Defendant Scarpello admits that SB 7 was a precursor to SB 1 and that SB & died on the Texas House floor.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 88, therefore the allegations are denied.

89.     Paragraph 89 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 89, therefore the allegations are denied.

90.     Defendant Scarpello admits that SB 7 was brought for consideration in the Texas Senate's State Affairs Committee and many democratic lawmakers opposed SB 7.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 90, therefore the allegations are denied.

91.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 91, therefore the allegations are denied.

92.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 92, therefore the allegations are denied.

93.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 93, therefore the allegations are denied.

94.     Defendant Scarpello admits that the Texas Senate passed SB 7 and it was sent to the Texas House for consideration. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 94, therefore the allegations are denied.

95.     Defendant Scarpello admits that Representative Cain authored HB 6.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 95, therefore the allegations are denied.

96.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 96, therefore the allegations are denied.

97.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 97, therefore the allegations are denied.

98.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 98, therefore the allegations are denied.

99.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 99, therefore the allegations are denied.

100.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 100, therefore the allegations are denied.

101.     Defendant Scarpello admits that some Texans spoke out against HB 6. Defendant Scarpello is without sufficient Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 101, therefore the allegations are denied.

102.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 102, therefore the allegations are denied.

103.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 103, therefore the allegations are denied.

104.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 104, therefore the allegations are denied.

105.    Defendant Scarpello admits that SB 7 was sent to the Texas House and some Texans testified against HB 6.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 105, therefore the allegations are denied.

106.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 106 therefore the allegations are denied.

107.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 107, therefore the allegations are denied.

108.    Paragraph 108 includes conclusory statements and argument to which no response is required.  Defendant Scarpello admits that SB 7 passed out of the Elections Committee along party lines and there were objections to SB 7.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 108, therefore the allegations are denied.

109.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 109, therefore the allegations are denied.

110.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 110, therefore the allegations are denied.

111.    Defendant Scarpello admits that SB 7 was brought to the House floor for debate. The remainder of Paragraph 118 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 111, therefore the allegations are denied.

112.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 112, therefore the allegations are denied.

113.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 113, therefore the allegations are denied.

114.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 114, therefore the allegations are denied.

115.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 115, therefore the allegations are denied.

116.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 116, therefore the allegations are denied.

117.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 117, therefore the allegations are denied.

118.    Paragraph 118 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 118, therefore the allegations are denied.

119.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 119, therefore the allegations are denied.

120.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 120, therefore the allegations are denied.

121.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 121, therefore the allegations are denied.

122.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 122, therefore the allegations are denied.

123.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 123, therefore the allegations are denied.

124.    Admits.

125.    Defendant Scarpello admits that SB 7 was brought up for consideration in the Texas House, and the departure of several Democratic lawmakers left the House without a quorum resulting in the bill dying on the floor. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 125, therefore the allegations are denied.

126.    Paragraph 126 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 126, therefore the allegations are denied.

127.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 127, therefore the allegations are denied.

128.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 128, therefore the allegations are denied

129.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 129, therefore, the allegations are denied.

## III.    Senate Bill 1

### A.    Legislative History

130.    Defendant Scarpello admits that SB 7 died on the floor of the House and that Governor Abbott threatened to veto the portion of the State's budget that funds the salaries and

benefits of staffers. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 126, therefore the allegations are denied.

131.    Paragraph 131 includes conclusory statements and argument to which no response is required.  Defendant Scarpello admits that Governor Abbot vetoed Article X of the State's budget, and on July 7, he called the first special session of the 87th Legislative Session.

132.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 132, therefore, the allegations are denied.

133.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 133, therefore, the allegations are denied.

134.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 134, therefore, the allegations are denied.

135.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 135, therefore, the allegations are denied.

136.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 136, therefore, the allegations are denied.

137.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 137, therefore, the allegations are denied.

138.    Defendant Scarpello admits that Keith Ingram is the director of the Secretary of State's election division. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 138, therefore, the allegations are denied.

139.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the  allegations in Paragraph 139, therefore the allegations are denied.

140.    Paragraph 140 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 140, therefore the allegations are denied.

141.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 141, therefore, the allegations are denied.

142.    Defendant Scarpello admits that some Texas House Democrats left the State for Washington, D.C., denying the Texas House a quorum and some urged Congress to pass federal voting rights legislation. The remainder of Paragraph 142 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 142, therefore the allegations are denied.

143.    Paragraph 143 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 143, therefore the allegations are denied.

144.    Defendant Scarpello admits that the first special session ended without a quorum and Governor Abbot called a second special session. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 144, therefore the allegations are denied.

145.    Defendant Scarpello admits that SB 1 was reintroduced in a special session and that it passed out of the Senate along a party line vote. Defendant Scarpello is without sufficient

information or knowledge to admit or deny the remaining allegations in Paragraph 145, therefore the allegations are denied.

146.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 146, therefore, the allegations are denied.

147.    Defendant Scarpello admits that there was a second special session and that there was a warrant issued for absent members. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 147, therefore the allegations are denied.

148.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 148, therefore the allegations are denied.

149.    Defendant Scarpello admits that the House had a committee hearing on SB 1 and passed SB 1 along party lines. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 149, therefore the allegations are denied.

150.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 150, therefore the allegations are denied.

151.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 151, therefore the allegations are denied.

152.    Defendant Scarpello admits that the SB 1 passed in the Texas House along party lines returned to the Senate where it passed along party lines. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 152, therefore, the allegations are denied.

153.    Defendant Scarpello admits Paragraph 153.

## B.    The Suppressive Provisions

154.    Paragraph 154 contains legal conclusions and arguments to which no response is required and references to SB 1 which speaks for itself. To the extent that the remaining allegations in Paragraph 154 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations, therefore the allegations are denied.

### 1.    Absentee Voting

155.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 155, therefore the allegations are denied.

156.    Paragraph 156 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. Defendant Scarpello admits that SB1 criminalizes certain conduct. To the extent that the remaining allegations in Paragraph 154 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

157.    Paragraph 157 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. To the extent that the remaining allegations in Paragraph 157 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits Paragraph 157.

158.    Paragraph 158 contains legal conclusions and arguments and statutory citations that speaks for themself. To the extent that the remaining allegations in Paragraph 158 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits Paragraph 158. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

159.    Paragraph 159 contains and arguments to which no response is required.  Defendant Scarpello admits that ballot drop boxes provide an option to voters, that he is aware that some voters use drop boxes to avoid delays with the US Postal Service, and Harris County has a large minority population. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 159, therefore the allegations are denied.

160.    Paragraph 160 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. To the extent that the remaining allegations in Paragraph 160 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

## 2.    In-Person Voting

161.    Paragraph 161 contains argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 161, therefore the allegations are denied.

162.    Paragraph 162 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. To the extent that the remaining allegations in Paragraph 162 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 prohibits drive-thru voting. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

163.    Paragraph 163 contains arguments and a statutory citation that speaks for itself. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

164.   Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 164, therefore the allegations are denied.

165.   Defendant Scarpello admits that SB 1 has certain rules regarding obtaining assistance while voting in person. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 165, therefore the allegations are denied.

166.   Paragraph 166 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. To the extent that the remaining allegations in Paragraph 166 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 includes rules regarding providing assistance to a voter.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

167.   Paragraph 167 statutory citations that speaks for themselves and legal conclusions and arguments to which no response is required. To the extent that the remaining allegations in Paragraph 167 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 requires that persons assisting voters swear to certain matters. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

168.   Paragraph 168 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 168, therefore the allegations are denied.

169.     Paragraph 169 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. To the extent that the remaining allegations in Paragraph 169 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 criminalizes certain conduct.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

170.     Paragraph 170 contains legal conclusions and arguments to which no response is required.

### 3.     Early Voting

171.     Paragraph 171 contains legal conclusions and arguments to which no response is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 171, therefore the allegations are denied.

172.     Paragraph 172 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. To the extent that the allegations in Paragraph 172 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 prohibits counties from operating early voting before 6:00am or later than 10:00pm on certain days.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

173.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 173, therefore the allegations are denied.

174.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 174, therefore the allegations are denied.

175.    Paragraph 175 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. Defendant Scarpello admits that the majority of voters are ineligible to vote by mail and that expanded early voting hours provides increased access to the polls.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

176.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 176, therefore the allegations are denied.

177.    Paragraph 177 contains legal conclusions and arguments to which no response is required. Defendant Scarpello admits that SB 1 reduces the permissible early voting hours and he is unaware of any data that shows unlawful activity is more likely to occur when polling places operate before 6:00am or after 10:00pm.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

178.    Defendant Scarpello admits that the County had certain discretion to offer extended voting hours before SB 1 and that extended hours for early voting relieves congestion at polling places. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

### 4.    Partisan Watchers

179.    Paragraph 179 contains legal conclusions and arguments to which no response is required. Defendant Scarpello admits that SB 1 grants certain authority to poll watchers. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied

180.    Paragraph 180 contains legal conclusions and arguments to which no response is required and statutory citations SB 1 that speaks for themself. Defendant Scarpello admits that SB

1 now prohibits election officers in polling places from refusing to accept certain watchers, prohibits anyone from denying watchers "free movement" within polling places, requires that certain watchers be permitted to get close enough to "see and hear" a voter's every activity in the polling place (except for completion of a ballot at a voting station), criminalizes election officers' intentional or knowing refusal to accept watchers for service, and further criminalizes any action taken "to obstruct the view of a watcher or distance the watcher from the activity or procedure to be observed in a manner that would make observation not reasonably effective." To the extent that the remaining allegations in Paragraph 180 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

181.    Paragraph 181 contains references to statutory citations that speaks for themselves and legal conclusions and arguments to which no response is required.

182.    Paragraph 182 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. To the extent that the remaining allegations in Paragraph 182 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied

183.    Paragraph 183 contains legal conclusions and arguments to which no response is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 183, therefore the allegations are denied.

184.    Paragraph 184 contains argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 184, therefore the allegations are denied.

185.    As to the factual allegations included in Paragraph 185 regarding voter intimidation and harassment, due to the vagueness and generality of these allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied. Defendant Scarpello admits that at certain points in American and Texas history there has been voter intimidation. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 185, therefore the allegations are denied.

186.    Defendant Scarpello admits that during the 2020 general election there were media reports of voter harassment by supporters of President Trump.   Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 185, therefore the allegations are denied.

187.    Paragraph 187 contains argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 187, therefore the allegations are denied.

188.    Paragraph 188 contains argument to which no responsive pleading is required. To the extent a response is required, Defendant Scarpello admits that SB 1 includes provisions for criminal and civil sanctions. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied

189.    Paragraph 189 contains legal conclusions and argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 189, therefore the allegations are denied.

C.    **State Interests**

190.    Paragraph 190 contains legal conclusions and argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 190, therefore the allegations are denied.

191.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 191, therefore the allegations are denied.

192.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 192, therefore the allegations are denied.

193.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 193, therefore the allegations are denied.

194.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 194, therefore the allegations are denied.

195.    Paragraph 195 contains legal conclusions and argument to which no responsive pleading is required.  To the extent that a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 195, therefore the allegations are denied.

196.    Paragraph 195 contains arguments to which no responsive pleading is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 196, therefore the allegations are denied.

197.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 197, therefore the allegations are denied.

198.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 198, therefore the allegations are denied.

199.    Paragraph 199 contains legal conclusions and argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello admits that it is his belief that it is possible that SB1 will deter some people from volunteering and that SB 1 creates new requirements for election officials and voters.  Defendant Scarpello also admits that SB 1 set out new rules regarding voting. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 199, therefore the allegations are denied.

## IV.    Texas's History of Suppressing Black and Latino Political Participation

200.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 200, therefore the allegations are denied.

201.    Paragraph 201 contains legal conclusions and arguments to which no response is required and statutory/case law citations that speaks for themself. To the extent that the allegations in Paragraph 201 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that at a certain point in Texas history it discriminated against certain minority voters by using poll taxes and an all white primary system. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

202.    Defendant Scarpello admits that in 1866 freed slaves were generally not allowed to vote or hold office in Texas and at certain point in Texas history it sought to suppress the minority vote.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

203.    Paragraph 203 contains case law or statute that speaks for themself. Defendant Scarpello admits that at certain point in Texas history it sought to suppress the minority vote.

Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

204.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 204, therefore the allegations are denied.

205.     Defendant Scarpello admits that at a certain point in Texas history, the poll tax was used to suppress the minority vote.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

206.     Paragraph 206 contains citations to case law or statutes that speaks for themself. Defendant Scarpello admits that the Voting Rights Act of 1965 increased registration rates for Black and Latino voters in Texas. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

207.     Paragraph 207 contains references to statistical data that speaks for itself. Defendant Scarpello admits that there is a history of discrimination against Blacks and Latinos in Texas and some Blacks and Latinos live in poverty.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 207, therefore the allegations are denied.

208.     Paragraph 208 contains references to statistical data that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 208, therefore the allegations are denied.

209.     Paragraph 209 contains references to statistical data that speaks for itself. Defendant To the extent a response is required, Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 209, therefore the allegations are denied.

**V.      Current Suppression of Black and Latino Political Participation**

210.    Paragraph 210 contains argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 210, therefore the allegations are denied

211.    Paragraph 211 contains references to statistical data that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 211, therefore the allegations are denied.

212.    Paragraph 212 contains case law that speaks for itself.

213.    Paragraph 213 contains case law that speaks for itself.

214.    Paragraph 214 contains case law that speaks for itself.

215.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 215, therefore the allegations are denied.

216.    Paragraph 216 contains legal conclusions and arguments to which no response is required and statutory/case law citations that speaks for themself.  To the extent a response is required, Defendant Scarpello admits that there are certain criminal penalties for certain acts under the Texas Election Code.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

217.    Paragraph 217 contains case law that speaks for itself.  Defendant Scarpello admits that former Secretary of State David Whitley issued an advisory decision to county registrars claiming to have a list of 95,000 noncitizens who were unlawfully registered to vote, which had errors, including failing to account for noncitizens who had since become naturalized. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

218.    Due to the vagueness and generality of the allegations in Paragraph 218, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

219.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 219, therefore the allegations are denied.

220.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 220, therefore the allegations are denied

221.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 221, therefore the allegations are denied

222.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 222, therefore the allegations are denied.

223.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 223, therefore the allegations are denied.

224.    Due to the vagueness and generality of the allegations in Paragraph 224, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

225.    Paragraph 225 contains legal conclusions and argument to which no responsive pleading is required.  To the extent a response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 225, therefore the allegations are denied.

226.    Paragraph 226 contains references to quotes or ads from politicians that speak for themself. To the extent that the allegations in Paragraph 226 contains factual allegations to which

a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 226, therefore the allegations are denied.

227.    Paragraph 227 contains references to quotes or ads from politicians that speak for themself. To the extent that the allegations in Paragraph 227 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 227, therefore the allegations are denied.

228.    Paragraph 228 contains references to quotes or ads from politicians that speak for themself. To the extent that the allegations in Paragraph 228 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 228, therefore the allegations are denied.

229.    Paragraph 229 contains references to quotes or ads from politicians that speak for themself. To the extent that the allegations in Paragraph 229 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 229, therefore the allegations are denied.

230.    Defendant Scarpello admits that George Floyd and Breonna Taylor were killed in incidents involving police shooting. Due to the vagueness and generality of the remaining allegations in Paragraph 230, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

231.    Paragraph 231 contains references to quotes or statements from politicians that speak for themself. To the extent that the allegations in Paragraph 231 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 231, therefore the allegations are denied.

232.     Paragraph 232 contains references to quotes or ads from politicians that speak for themself. To the extent that the allegations in Paragraph 232 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 232, therefore the allegations are denied.

233.     Paragraph 232 contains references to quotes or ads from politicians that speak for themself. To the extent that the allegations in Paragraph 232 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 232, therefore the allegations are denied.

234.     Due to the vagueness and generality of the allegations in Paragraph 234, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

235.     Paragraph 235 contains case law that speaks for itself. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

236.     Paragraph 236 contains argument to which no responsive pleading is required.  To the extent a response is required, due to the vagueness and generality of the allegations in Paragraph 236, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

237.     Defendant Scarpello admits that generally Democratic voters are more likely than Republican voters to support removing Confederate monuments from public spaces, oppose immediate deportation of undocumented immigrants, and support immigration reform. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 237, therefore the allegations are denied.

238.    Paragraph 238 contains references to statistical data that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 238, therefore the allegations are denied.

239.    Due to the vagueness and generality of the allegations in Paragraph 239, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

240.    Paragraph 240 contains references to statistical data that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 240, therefore the allegations are denied.

241.    Paragraph 241 contains references to statistical data that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 241, therefore the allegations are denied.

242.    Defendant Scarpello admits that the Texas Supreme Court is the highest state court for civil and juvenile cases and the Texas Court of Criminal Appeals the highest state court for criminal cases, and the justices are elected. Due to the vagueness and generality of the allegations in Paragraph 242, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 242, therefore the allegations are denied.

## CLAIMS FOR RELIEF
### COUNT I
### 52 U.S.C. § 10301(a)
### Violation of Section 2 of the Voting Rights Act
### Against All Defendants

243.    With regard to Paragraph 243, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

244.     Paragraph 244 contains legal conclusions to which no response is required and statutory citations/case law that speaks for themself.

245.     Paragraph 245 contains arguments to which no response is required and statutory citations/case law that speaks for themself.

246.     Paragraph 246 contains legal conclusions and argument to which no responsive pleading is required. Defendant Scarpello admits that the Texas Legislature passed SB 1 and there was record turnout of Black and Hispanic voters in Texas in the 2020 election. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

247.     Paragraph 247 contains legal conclusions and argument to which no responsive pleading is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 247, therefore the allegations are denied.

248.     Paragraph 248 of Plaintiff's Complaint contains legal conclusions and argument to which no responsive pleading is required. To the extent that the remaining allegations in Paragraph 248 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

## **COUNT II**
**U.S. Const. Amends. I, XIV; 42 U.S.C. § 1983**
**Undue Burden on the Right to Vote**
**Against Defendants Callanen, DeBeauvoir, Longoria, Ramón, Scarpello, and Wise**

249.    With regard to Paragraph 249, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

250.    Paragraph 250 contains legal conclusions to which no response is required and references to Constitutional provisions that speaks for themself.

251.    Paragraph 251 contains arguments to which no response is required and citations to case law that speak for themself.

252.    Paragraph 252 contains citations to case law that speaks for themself.

253.    Paragraph 253 of Plaintiff's Complaint contains arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 253 contains factual allegations to which a responsive pleading is required, Defendant admits that these are the provisions that Plaintiff is challenging in this lawsuit. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

254.    Paragraph 254 of Plaintiff's Complaint contains legal conclusions and arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 254 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits there is a fundamental right to vote and SB 1 creates new requirements for election officials and voters. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

255.    Paragraph 255 of Plaintiff's Complaint contains legal conclusions and arguments to which no responsive pleading is required. Defendant Scarpello admits that he is aware that Harris County voters used drop boxes in the 2020 general election. To the extent that the allegations in Paragraph 255 contains factual allegations to which a responsive pleading is

required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

256.     Paragraph 256 of Plaintiff's Complaint contains legal conclusions and arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 256 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations, therefore the allegations are denied.

257.     Paragraph 257 contains legal conclusions and arguments to which no response is required. To the extent that the allegations in Paragraph 257 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 grants certain authority to watchers and sets forth certain criminal penalties for barring watchers as set forth in the statute. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied

258.     Paragraph 258 contains legal conclusions and arguments to which no response is required. To the extent that the allegations in Paragraph 258 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations, therefore the allegations are denied.

259.     Due to the vagueness and generality of the allegations in Paragraph 259, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

260.     Paragraph 260 contains legal conclusions and arguments to which no response is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 260, therefore the allegations are denied.

261.     Paragraph 261 of Plaintiff's Complaint contains arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 261 contains factual allegations to which a responsive pleading is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

262.     Paragraph 262 of Plaintiff's Complaint contains arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 262 contains factual allegations to which a responsive pleading is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

**COUNT III**
**U.S. Const. Amends. I, XIV; 42 U.S.C. § 1983**
**Restriction on Free Speech and Expression**
**Against Defendants Paxton, Callanen, DeBeauvoir, Longoria, Ramón, Scarpello, and Wise**

263.     With regard to Paragraph 263, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

264.     Paragraph 264 contains legal conclusions to which no response is required and citations to case law that speaks for themself.

265.     Paragraph 265 contains legal conclusions to which no response is required and citations to case law that speak for themself.

266.     Paragraph 266 contains legal conclusions to which no response is required and citations to case law that speak for themself.

267.     Paragraph 267 contains legal conclusions to which no response is required and citations to statutory provisions that speak for themself.  To the extent that the allegations in Paragraph 267 contains factual allegations to which a responsive pleading is required, Defendant

Scarpello admits that SB 1 limits certain interactions with voters,. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

268.   Paragraph 268 contains legal conclusions or arguments to which no response is required.  To the extent that the allegations in Paragraph 268 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 limits certain interactions with voters.  Due to the vagueness and generality of the allegations in Paragraph 268, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

269.   Paragraph 269 contains legal conclusions to which no response is required and citations to statutory provisions that speak for themself.  To the extent that the allegations in Paragraph 269 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 limits certain assistance to voters involving compensation or other benefits. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

270.   Paragraph 270 contains augments to which no response is required and citations to statutory provisions that speak for themself.  To the extent that the allegations in Paragraph 270 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

271.   Paragraph 271 contains legal conclusions and arguments to which no response is required.  To the extent that the allegations in Paragraph 271 contains factual allegations to which

a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

272.     Paragraph 272 contains legal conclusions and arguments to which no response is required.  To the extent that the allegations in Paragraph 272 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

273.     Paragraph 273 contains legal conclusions and arguments to which no response is required.  To the extent that the allegations in Paragraph 273 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that it is his belief that it is possible that SB1 may deter some people from volunteering. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

274.     Paragraph 274 of Plaintiff's Complaint contains legal conclusions and arguments to which no responsive pleading is required and citations to statutory provisions that speak for themself. To the extent that the allegations in Paragraph 274 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

275.     Paragraph 275 of Plaintiff's Complaint contains legal conclusions and arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 275 contains factual allegations to which a responsive pleading is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

## COUNT IV

**52 U.S.C. § 10508**
**Violation of Section 208 of the Voting Rights Act**
**Against All Defendants**

276.    With regard to Paragraph 276, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

277.    Paragraph 277 contains legal conclusions to which no response is required and statutory citations that speaks for themself.

278.    Paragraph 278 contains legal conclusions to which no response is required and statutory citations to legislative history that speaks for itself. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 278, therefore the allegations are denied.

279.    Paragraph 279 contains legal conclusions to which no response is required and statutory/case law citations that speaks for themself.

280.    Paragraph 280 contains legal conclusions to which no response is required and citations to statutory provisions that speak for themself.  To the extent that the allegations in Paragraph 280 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 limits certain interactions with voters in the presence of an official ballot as set forth in the statute. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

281.    Paragraph 281 contains legal conclusions to which no response is required and citations to statutory provisions that speak for themself.  To the extent that the allegations in Paragraph 281 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 limits certain assistance to voters in the presence of an official ballot

involving compensation or other benefits. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

282.     Paragraph 282 contains legal conclusions or arguments to which no response is required. Defendant Scarpello admits that SB 1 limits certain assistance to voters in the presence of an official ballot involving compensation or other benefits and that federal law provides that certain voters are entitled to receive assistance. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

283.     Paragraph 283 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

**PRAYER FOR RELIEF**

284.     Defendant Scarpello denies the allegations, if any, contained in the Prayer section of the Complaint and denies that Plaintiff is entitled to the relief requested, including declaratory or injunctive relief relative to Defendant Scarpello, and denies that Plaintiff may recover any costs, disbursements, and reasonable attorney's fees from Defendant Scarpello.

**DEFENSES AND AFFIRMATIVE DEFENSES**

285.     By pleading the following Defenses or Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiffs retain the burden of proof on all matters necessary to prove the claims asserted in the Complaint and to establish their alleged damages.

**FIRST DEFENSE**

286.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted as to Defendant Scarpello.

## SECOND DEFENSE

287.     Defendant Scarpello at all times acted in accordance with the United States Constitution and the laws of the State of Texas and in good faith.

## THIRD DEFENSE

288.     Plaintiffs lack standing on some or all off their claims.

## FOURTH DEFENSE

289.     Plaintiffs Section 1983 claims are barred to the extent that Defendant Scarpello is not a policymaker as to SB111. Defendant Scarpello is not empowered or authorized to change Texas law passed by the Legislature and signed by the Governor.  Defendant Scarpello also is not afforded discretion in enforcement of the requirements under SB111.

## FIFTH DEFENSE

28.     Plaintiffs' claims are barred in whole or in part by sovereign immunity, including 11th amendment immunity to the extent that Defendant Scarpello is enforcing/applying state law, SB 1.

## SIXTH DEFENSE

290.     Plaintiffs' claims against Defendant Scarpello are barred to the extent that he has no power to redress Plaintiffs' injuries.

## SEVENTH DEFENSE

291.     To the extent that Plaintiffs have not sustained any injury or damage as a result of any actions taken by Defendant Scarpello, they should be barred from recovering against him.

Equity and justice bar Plaintiffs' recovery of attorneys' fees from Defendant Scarpello in this lawsuit.

292.    Defendants reserve the right to raise additional defenses and affirmative defenses to the claims alleged.

## JURY DEMAND

293.    Defendant Scarpello hereby demands a trial by jury on all triable issues. Fed. R. Civ. P. 38(b); Fed. R. Civ. P. 81(c)(3)(b).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Scarpello prays that the Court will dismiss this suit with prejudice as to Defendant Scarpello, that Plaintiff take nothing by this action against him, that he recover his costs including a reasonable attorney's fee herein, and any other relief to which he may be justly entitled under the law.

Respectfully submitted,

**JOHN CREUZOT**
**DISTRICT ATTORNEY**

/s/ Barbara S. Nicholas
BARBARA S. NICHOLAS
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24032785
Barbara.nicholas@dallascounty.org
EARL S. NESBITT
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 14916900
earl.nesbitt@dallascounty.org
CIVIL DIVISION
Dallas County Records Building
500 Elm Street, Suite 6300
Dallas, TX 75202
(214) 653-7358
(214) 653-6134 (FAX)

**ATTORNEYS FOR DEFENDANT MICHAEL SCARPELLO IN HIS OFFICIAL CAPACITY AS DALLAS COUNTY ELECTIONS ADMINISTRATOR**

## CERTIFICATE OF SERVICE

I, the undersigned counsel, certify that I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing on October 25, 2021.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following attorneys of record:

Spector, Kelsey
Email:  kspector@cooley.com
Song, Sharon
Email:  ssong@cooley.com
Mejia, Beatriz
Email:  mejiab@cooley.com
Hartnett, Kathleen
Email:  khartnett@cooley.com
Cooley LLP
3 Embarcadero Center, 20th Floor, San Francisco, CA 94111

Leo, Angelica L
Email:  aleo@cooley.com
Cooley LLP
3175 Hanover Street, Palo Alto, CA 94304

Habell, Germaine
Email:  ghabell@cooley.com
Cooley LLP
4401 Eastgate Mall, San Diego, CA 92121

Armon, Orion
Email:  oarmon@cooley.com
Cooley LLP
1144 15th Street, Suite 2300, Denver, CO 80206

Sun, Christine
Email:  christine@statesuniteddemocracy.org
States United Democracy Center
3749 Buchanan St No 475165, San Francisco, CA 94147

Natarajan, Ranjana
Email:  ranjana@statesuniteddemocracy.org
States United Democracy Center
1801 East 51st Street, Suite 365, #334, Austin, TX 78723

Goldberg, Zack
Email:  zack@statesuniteddemocracy.org
States United Democracy Center
86 Fleet Place No. 6t, Brooklyn, NY 11201

**Attorneys for Defendant Lisa Wise**


White, Jeffrey M
Email:  jeff.white@oag.texas.gov
Sweeten, Patrick K
Email:  patrick.sweeten@oag.texas.gov
Hudson, Eric A.
Email: eric.hudson@oag.texas.gov
Texas Attorney General's Office
PO Box 12548, Austin, TX 78711

**Attorneys for Defendants Jose Esparza, Greg Abbott, Warren Paxton**


Henneke, Robert E
Email:  rhenneke@texaspolicy.com
Ennis, Chad
Email:  cennis@texaspolicy.com
Texas Public Policy Foundation
901 Congress Avenue, Austin, TX 78701

**Attorneys for Defendant Lupe Torres**


Osaki, Samantha
Email:  sosaki@aclu.org
Lakin, Sophia L
Email:  slakin@aclu.org
Cepeda-Derieux, Adriel
Email:  acepedaderieux@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor, New York, NY 10004

Kumar, Savannah
Email:  skumar@aclutx.org
American Civil Liberties Union Foundation of Texas
PO Box 8306, Houston, TX 77288

*Attorneys for Consol. Plaintiffs OCA-Greater Houston, League of Women Voters of Texas, REVUP-Texas, Texas Organizing Project, Workers Defense Action Fund*

Vattamal, Jerry
Email:  jvattamala@aaldef.org
Asian American Legal Defense and Education Fund
99 Hudson Street, 12th Floor, New York, NY 10013

*Attorney for Consol. Plaintiff OCA-Greater Houston*

Sweren-Becker, Eliza
Email:  sweren-beckere@brennan.law.nyu.edu
Morales-Doyle, Sean
Email:  morales-doyles@brennan.law.nyu.edu
Garber, Andrew B
Email:  andrew.garber@nyu.edu
Berry, Patrick A
Email:  patrick.berry@nyu.edu
Singh, Jasleen K
Email:  jasleen.singh@nyu.edu
Brennan Center for Justice at NYU School of Law
120 Broadway, Suite 1750, New York, NY 10271

*Attorneys for Plaintiffs Friendship-West Baptist Church, Anti-Defamation League Austin, Southwest, and Texoma, Texas Impact, I. Longoria, J. Lewin*

Yukevich, Kathryn E (Kassi)
Email:  kyukevich@elias.law
Posimato, Joseph N
Email:  jposimato@elias.law
Nkwonta, Uzoma N
Email:  unkwonta@elias.law
Mixon, Meaghan E
Email:  mmixon@elias.law
Elias Law Group LLP
10 G Street NE, Suite 600, Washington, DC 20002

Hawley, Jonathan P
Email:  jhawley@elias.law
Elias Law Group LLP
1700 Seventh Ave. Suite 2100, Seattle, WA 98101

Elias, Marc E
Email:  melias@elias.law
Elias Law Group LLP
10 G St. NE, Suite 600, Washington, DC 20002

Hardin, John R
Email:  johnhardin@perkinscoie.com
Perkins Coie, LLP
500 N. Akard Street, Suite 3300, Dallas, TX 75201

> ***Attorneys for Consol. Plaintiff Lulac Texas, Vote Latino, Texas Alliance for Retired Americans, Texas AFT***

Hostetler, Courtney M
Email:  chostetler@freespeechforpeople.org
Fein, Ronald A
Email:  rfein@freespeechforpeople.org
Clements, Ben
Email:  bclements@freespeechforpeople.org
Bonifaz, John
Email:  jbonifaz@freespeechforpeople.org
Free Speech For People
1320 Centre. St. #405, Newton, MA 02459

Lyons, Sean M
Email:  sean@lyonsandlyons.com
Lyons & Lyons, PC
237 W. Travis St., Ste 100, San Antonio, TX 78205

> ***Attorneys for Plaintiffs Mi Familia Vota, Marla Lopez, Marlon Lopez, Paul Rutledge***

Martin, Rebecca L
Email:  rebecca.martin@friedfrank.com
Keats, Michael C
Email:  michael.keats@friedfrank.com
Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza, New York, NY 10004

Bell, Christopher H
Email:  christopher.bell@friedfrank.com
Fried, Frank, Harris, Shriver & Jacobson, LLP
801 17th Street, NW, Washington, DC 20006

Perales, Nina
Email:  nperales@maldef.org
Longoria, Julia R
Email:  jlongoria@maldef.org
MALDEF
110 Broadway Street, #300, San Antonio, TX 78205

*Attorneys for Plaintiffs La Union, Southwest Voter Registration Education, Mexican American Bar Association of Texas, Texas Hispanics Organzied for Political Education, JOLT Action, William C. Velasquez Institute*

Birring, Sameer S
Email:  sameer.birring@cao.hctx.net
Menefee, Christian D
Email:  Christian.Menefee@cao.hctx.net
Fombonne, Jonathan
Email:  jonathan.fombonne@cao.hctx.net
Harris County Attorney's Office
1019 Congress, 15th Floor, Houston, TX 77002

*Attorneys for Plaintiffs Isabel Longoria and James Lewin*

Amunson, Jessica R
Email:  jamunson@jenner.com
Jenn & Block LLP
1099 New York Avenue, #900, Washington, DC 20001

*Attorney for OCA-Greater Houston*

Yeomans, Georgina
Email:  gyeomans@naacpldf.org
Holmes, Jennifer A
Email:  jholmes@naacpldf.org
NAACP Legal Defense & Educational Fund, Inc.
700 14th Street NW Suite 600, Washington, DC 20005

*ORIGINAL ANSWER OF DEFENDANT MICHAEL SCARPELLO*                    **PAGE 54**

Sadasivan, Kathryn
Email:  ksadasivan@naacpldf.org
NAACP Legal Defense & Educational Fund, Inc.
40 Rector Street, Fifth Floor, New York, NY 10006

Spencer, Lora
Email:  lspencer@reedsmith.com
Dulaney, J. Keely
Email:  kdulaney@reedsmith.com
Broughton, Kenneth E Jr.
Email:  kbroughton@reedsmith.com
Reed Smith LLP
811 Main Street, Suite 1700, Houston, TX 77002

Cummings, Sarah M
Email:  scummings@reedsmith.com
Reed Smith LLP
2850 N. Harwood Street, Suite 1500, Dallas, TX 75201

Wakschlag, Shira
Email:  wakschlag@thearc.org
The Arc of the United States
1825 K. Street NW, Suite 1200, Washington, DC 20006

*Attorneys for Consol. Plaintiff Houston Justice, Houston Area Urban League, Delta Sigma Theta Sorority Inc., The Arc of Texas, Jeffrey Lamar Clemmons*

Watkins, Elijah M
Email:  elijahwatkins@stoel.com
Olson, Wendy J
Email:  wendy.olson@stoel.com
Stoel Rives LLP
101 S. Capitol Boulevard, Suite 1900, Boise, ID 83702

Rosenbaum, Laura E
Email:  laura.rosenbaum@stoel.com
Stoel Rives LLP
760 S.W. 9th Avenue, Suite 3000, Portland, OR 97205

Rasich, Marc T
Email:  marc.rasich@stoel.com
Stoel Rives LLP
201 S. Main Street, Suite 1100, Salt Lake City, UT 84111

*Attorneys for Plaintiffs Mi Familia Vota, Marla Lopez, Marlon Lopez, Paul Rutledge*

Cox, Ryan V
Email:  ryan@texascivilrightsproject.org
Texas Civil Right Project
2911 N. Main Ave., San Antonio, TX 78212

*Attorney for Consol. Plaintiff OCA-Greater Houston, League of Women Voters, REVUP-Texas, Texas Organizing Project, Workers Defense Action Fund*

Ryan, Elizabeth Y
Email:  liz.ryan@weil.com
Genender, Paul R Mr.
Email:  paul.genender@weil.com
Weil Gotshal & Manges, LLP
200 Crescent Court, Suite 300, Dallas, TX 75201

*Attorneys for Plaintiffs Friendship-West Baptist Church, Anti-Defamation League, Texas Impact*

Cohen, Alexander P
Email:  alexander.cohen@weil.com
Weil Gotshal & Manges, LLP
767 Fifth Avenue, New York, NY 10153

Berde, Matthew
Email:  matt.berde@weil.com
Weil Gotshal & Manges, LLP
200 Crescent Court, Suite 300, Dallas, TX 75201

*Attorneys for Plaintiffs Friendship-West, Anti-Defamation League, Texas Impact, I. Longoria, J. Lewin*

Taylor, Andy
Email:  ataylor@andytaylorlaw.com
Andy Taylor & Associates, PC
2628 Highway 36 South, #288, Brenham, TX 77833

*Attorney for Movant Public Interest Legal Foundation*

Lorenzo-Giguere, Susana
Asian American Legal Defense and Education Fund

*ORIGINAL ANSWER OF DEFENDANT MICHAEL SCARPELLO*                    **PAGE 56**

99 Hudson Street, 12th Floor, New York, NY 10013

    *Attorney for Consol. Plaintiff OCA-Greater Houston*

Garcia, Domingo
The Law Office of Domingo Garcia
1111 W. Mockingbird Lane, Suite 1200, Dallas, TX 75247

    *Attorney for Lulac Texas*

White, Graham
Elias Law Group LLP
10 G Street NE, Washington, DC 20002

    *Attorney for Plaintiffs*

               /s/ Barbara Nicholas
               BARBARA S. NICHOLAS