# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LA UNION DEL PUEBLE ENTERO, et al.,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **5:21-CV-0844-XR** |
| | § | |
| **GREGORY ABBOTT, et al.** | § | |
| *Defendants.* | § | |
| **OCA-GREATER HOUSTON, et al.,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **1:21-CV-0780-XR** |
| | § | |
| **JOSE A. ESPARZA, et al.** | § | |
| *Defendants.* | § | |
| **HOUSTON JUSTICE, et al.,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **5:21-CV-0848-XR** |
| | § | |
| **GREGORY WAYNE ABBOTT, et al.,** | § | |
| *Defendants.* | § | |
| **TEXAS LULAC, et al.,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **1:21-CV-0786-XR** |
| | § | |
| **JOSE ESPARZA, et al.,** | § | |
| *Defendants.* | § | |
| **MI FAMILIA VOTA, et al.,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **5:21-CV-0920-XR** |
| | § | |
| **GREG ABBOTT, et al.,** | § | |
| *Defendants.* | § | |

**DEFENDANT DANA DEBEAUVOIR'S ORIGINAL ANSWER
TO PLAINTIFFS' COMPLAINT IN *OCA-GREATER HOUSTON, ET AL. v. JOSE
ESPARZA, ET AL.*, 1:21-CV-0780-XR (CONSOLIDATED WITH *LA UNION DEL
PUEBLO ENTERO, ET AL. v.  GREGORY ABBOTT, ET AL.*, 5:21-CV-0844-XR)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Dana DeBeauvoir, in her official capacity as the Travis County Clerk ("Defendant DeBeauvoir"), by and through her attorney, the Travis County Attorney, and pursuant to this Court's September 30, 2021 Order (ECF No. 31) and timely files her Original Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief  in *OCA-Greater Houston, et. al. v. Jose Esparza, et al.*, 1:21-CV-0786-XR [ECF No. 1] ("Plaintiffs' Complaint"), now consolidated with *La Union Del Pueblo Entero, et al. v. Gregory Abbott, et al.*, 5:21-CV-0844-XR. In support thereof, Defendant DeBeauvoir respectfully offers the following:

**DENIAL UNDER F.R.C.P. 8(b)**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant DeBeauvoir denies each allegation contained in Plaintiffs' Complaint except those expressly admitted herein. Defendant DeBeauvoir generally admits that the provisions of S.B. 1 (as enacted) will place significant practical burdens on Defendant's internal procedures as County Clerk for Travis County, but denies that any of Defendant DeBeauvoir's actions have violated any state or federal laws or rights secured under the United States Constitution. Defendant DeBeauvoir had no role in the enactment of S.B. 1. Defendant DeBeauvoir does not intend to defend the constitutionality of S.B. 1's provisions.  All four consolidated lawsuits name Acting Secretary of State Esparza and Attorney General Paxton as defendants.in their respective official capacities. Two of the consolidated lawsuits name Governor Abbott as a defendant in his official capacity.   In that all four of the consolidated lawsuits challenge the constitutionality of S.B. 1, it is anticipated that Attorney

General Paxton will represent the State of Texas' interests in defending the constitutionality of S.B. 1.[1]

The following specific admissions and denials are made to the corresponding paragraphs of Plaintiffs' Complaint:

## RESPONSES TO ALLEGATIONS IN PLAINTIFFS' COMPLAINT

### I.
### INTRODUCTION

1.      Plaintiffs' allegations in Paragraphs 1-6 state legal conclusions and factual characterizations for which no response is required.    In addition, Plaintiffs' allegations in Paragraphs 1-6 are not specifically directed toward Defendant DeBeauvoir or Travis County, but in an abundance of caution, Defendant DeBeauvoir denies any allegations that could pertain to her.

### II.
### JURISDICTION AND VENUE

2.      Defendant DeBeauvoir admits that under certain circumstances "a civil and constitutional rights action [may be maintained] arising under 42 U.S.C. § 1983, the First and Fourteenth Amendment to the United States Constitution, Title II of the ADA, Section 504, the Civil Rights Act of 1964, and the Voting Rights Act of 1965."   Defendant DeBeauvoir further admits that under certain circumstances, "[t]his Court [could have] jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1343 and 52 U.S.C. § 10101(d)." Defendant DeBeauvoir

---

[1]The Attorney General has a unique and substantial interest in defending the constitutionality of Texas's statutes on behalf of the State. *Freedom from Religion Found. v. Geithner*, 644 F.3d 836, 842 (9th Cir. 2011) ("The state government . . . has the burden of defending state laws from constitutional challenges."). See also, Tex. Const. art. IV, § 22 (providing that the Attorney General "shall represent the State in all suits and pleas in the Supreme Court of the State . . . and perform such other duties as may be required by law"). "The Attorney General is the State's attorney; he is authorized to prosecute and defend all actions in which the state is interested." *In re Fraser*, 75 F. Supp. 2d 572, 584 (E.D. Tex. 1999).

denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

3.     Defendant DeBeauvoir admits that venue is proper in this Court under 28 U.S.C. § 1391.

### III.
### PARTIES

**A. Plaintiffs**

4.     Defendant DeBeauvoir is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraphs 9. – 13 of the Complaint.

### OCA-Greater Houston

5.     Defendant DeBeauvoir admits that the OCA-Greater Houston ("OCA-GH") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 14. – 17.

### League of Women Voters of Texas

6.     Defendant DeBeauvoir admits that the League of Women Voters of Texas ("LWVTX") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 18 – 20.

### REVUP Texas

7.     Defendant DeBeauvoir admits that REVUP-Texas ("REVUP") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 21 – 24.

**Texas Organizing Project**

8.      Defendant DeBeauvoir admits that Texas Organizing Project ("TOP") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 25 – 27.

**Workers Defense Action Fund**

9.      Defendant DeBeauvoir admits Workers Defense Action Fund ("WDAF") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 28 – 30.

**B.  Defendants**

10.     Defendant DeBeauvoir admits that Defendant Jose A. Esparza is the current "acting" Texas Secretary of State ("SOS") and is sued in his official capacity.  The remainder of the allegations in Paragraph 31 state legal conclusions and argument to which no response is required.

11.     Defendant DeBeauvoir admits that Defendant Ken Paxton is the Texas Attorney General ("AG") and is sued in his official capacity. The remainder of the allegations in Paragraph 32 state legal conclusions and argument to which no response is required.

12.     Defendant DeBeauvoir admits that Defendant Harris County Elections Administrator Isabel Longoria ("Harris County") is sued in her official capacity. The remainder of the allegations in Paragraph 33 state legal conclusions and argument to which no response is required.

13.    Defendant DeBeauvoir admits that she is sued in her official capacity Travis County Clerk.  The remainder of the allegations in Paragraph 34 state legal conclusions and argument to which no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

14.    Upon information and belief, Defendant DeBeauvoir admits that Travis County, Texas is a Texas County, and further admits the Travis County Clerk administers elections in Travis County.  The remainder of the allegations in Paragraph 35 state legal conclusions and argument to which no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

15.    Defendant DeBeauvoir admits that Travis County, Texas is a political subdivision of the state of Texas. The remainder of the allegations in Paragraph 36 state legal conclusions and argument to which no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

## IV.
## FACTUAL BACKGROUND

16.    The allegations in Paragraphs 37- 38 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 37- 38 address the actions of the Texas Legislature, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**A. Texas's Long History of Voter Suppression**

17.     The allegations in Paragraphs 39 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraph 39 address the actions of the state of Texas, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**1.   Intentional Discrimination**

18.     The allegations in Paragraphs 41- 46 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 41- 46 address alleged intentional discrimination by the state of Texas, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**2.   Violations of the Voting Rights Act**

19.     The allegations in Paragraphs 47 -51 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 47 -51 address alleged violations of the Voting Rights Act by the state of Texas, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**3.   Continued Voter Suppression under Texas Law**

20.     The allegations in Paragraphs 52-57 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 52-57 address alleged continuing

voter suppression under Texas state law, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**B.  Demographic Changes in Texas**

21.    The allegations in Paragraphs 58-63 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 58-63 address alleged statewide demographic changes in Texas, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**C.  Increased Turnout and Local Innovation in the 2020 General Election**

22.    Upon information and belief, Defendant DeBeauvoir admits, with respect to Travis County, the 2020 General Election saw increased turnout. Defendant DeBeauvoir is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 64 on a statewide basis, or as to other county defendants.

23.    The allegations in Paragraph 65 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraph 65 address "expansion of access to the polls in certain counties, like Harris County" and therefore do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### D. Texas's 2021 Legislative Sessions and Passage of SB 1

24.     The allegations in Paragraphs 66-78 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 66-78 address the actions of the Texas Legislature with respect to the passage of SB 1, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**V.**

**ILLEGAL PROVISIONS OF SB 1 AND PLAINTIFFS' CLAIMS FOR RELIEF**

25.     The allegations in Paragraph 79 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraph 79 do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### A. SB 1 Imposes Illegally Restrictive New ID Requirements on Mail-in Ballot Voters

26.     Defendant DeBeauvoir admits Paragraph 80 accurately cites to the stated provisions of the Texas Election Code. The remainder of allegations in Paragraph 80 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraph 80 do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

27.     The allegations in Paragraphs 81-106 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 81-106 do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response,

Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

## COUNT 1
### 52 U.S.C. § 10101; 42 U.S.C. § 1983
### Violation of Section 1971 of the Civil Rights Act of 1964
### (All Plaintiffs against Defendants SOS, Harris County, and Travis County)

28.     Based on information and belief, Defendant DeBeauvoir admits Paragraph 107 accurately quotes the stated provisions of Section 1971 of the Civil Right Act of 1964, 52 U.S.C. § 10101(a)(2).  To the extent the allegations in Paragraph 107 require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

29.     The allegations in Paragraphs 108- 111 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 108- 111 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs.

## COUNT 2
### Violation of Title II of the Americans with Disabilities Act
### (All Plaintiffs against Defendants SOS, Harris County, and Travis County)

30.     Based on information and belief, Defendant DeBeauvoir admits Paragraphs 112-117 accurately quote the stated provisions of the statutory provisions cited.  See 42 U.S.C. § 12132; 28 C.F.R. § 35.130(a); 28 C.F.R. § 35.130(b)(1)(i)-(iv), (vii); 28 C.F.R. § 35.130(b)(7)(i); 28 C.F.R. § 35.134(b); 28 C.F.R. § 35.130(b)(8); and 28 C.F.R. § 35.130(b)(3).  The remainder of the allegations in Paragraphs 112-117 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 112-117 do not address specific actions of

Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

31.     The allegations in Paragraphs 118-120 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 118-120 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

32.     The allegations in Paragraph 121 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraph 121 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs.

## COUNT 3
### Violation of Section 504 of the Rehabilitation Act of 1973 29 U.S.C. § 794 et seq.
### (All Plaintiffs against Defendants SOS, Harris County, and Travis County)

33.     Based on information and belief, Defendant DeBeauvoir admits Paragraphs 122-124 accurately quote the stated provisions of the statutory provisions cited.  See, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); 29 U.S.C. § 794(b)(1); and   28 C.F.R. § 42.503(b)(1)(i).  The remainder of the allegations in Paragraphs 122-124 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 122-124 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said

allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

34.    The allegations in Paragraphs 125-128 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 125-128 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

35.    The allegations in Paragraph 129 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraph 129 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs.

**B.  SB 1 Places Drastic, Illegal Restrictions on the Right to Assistance while Voting.**

36.    The allegations in Paragraph 130 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraph 130 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

37.    Based on information and belief, Defendant DeBeauvoir admits Paragraphs 131-132 accurately quote the amendments to Section 64.034 of the Election Code.

38.    Based on information and belief, Defendant DeBeauvoir admits SB 1's amendments to Section 64.034 of the Election Code added a penalty of perjury provision as stated

in Paragraph 133. The remainder of the allegations in Paragraph 133 state legal conclusions and argument to which no response is required. Further, the allegations in Paragraph 133 do not address specific actions of Defendant DeBeauvoir or Travis County. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

39.     The allegations in Paragraph 134 state legal conclusions and argument to which no response is required. Further, the allegations in Paragraph 134 do not address specific actions of Defendant DeBeauvoir or Travis County. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

40.     Based on information and belief, Defendant DeBeauvoir admits Paragraph 135 accurately quotes the statutory provisions of 42 U.S.C. § 12102(1), (2); 45 C.F.R. § 1232.3(h). The allegations in Paragraph 135 do not address specific actions of Defendant DeBeauvoir or Travis County. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

41.     The allegations in Paragraphs 136-144 state legal conclusions and argument to which no response is required. Further, the allegations in Paragraphs 136-144 do not address specific actions of Defendant DeBeauvoir or Travis County. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**Section 6.06**

42.     The allegations in Paragraphs 145-148 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 145-148 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**Sections 6.03 and 6.06's Effects on Plaintiffs**

43.     The allegations in Paragraphs 149-154 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 149-154 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**COUNT 4**
**Violation of Section 208 of Voting Rights Act**
**(All Plaintiffs against all Defendants)**

44.     Based on information and belief, Defendant DeBeauvoir admits Paragraphs 155-156 accurately quote the cited provisions of Section 208 of the Voting Rights Act.   The remainder of the allegations in Paragraphs 155-156 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraph 133 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

45.     The allegations in Paragraphs 157-159 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 157-159 do not address

specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

46.     Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs as alleged in Paragraph 160.

**COUNT 5**
**Violation of Title II of the Americans with Disabilities Act**
**(All Plaintiffs against Defendants SOS, Harris County, and Travis County)**

47.     The allegations in Paragraphs 161-165 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 161-165 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

48.     Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs as alleged in Paragraph 166.

**COUNT 6**
**Violation of Section 504 of the Rehabilitation Act of 1973 29 U.S.C. § 794 et seq.**
**(All Plaintiffs against Defendants SOS, Harris County, and Travis County)**

49.     The allegations in Paragraphs 167-172 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 167-172 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

## COUNT 7
### Violation of the Plaintiffs' First Amendment Rights Pursuant to 42 U.S.C. § 1983
### (Plaintiffs OCA-GH, LWVTX, TOP & WDAF against Defendant Attorney General Ken Paxton, in his official capacity)

50.     Count 7, Paragraphs 193-204 fails to assert any claims against Defendant DeBeauvoir, and therefore requires no response.  To the extent further response is required, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs as alleged in Paragraph 204.

## COUNT 8
### Violation of Plaintiffs' Fourteenth Am. Due Process Rights Pursuant to 42 U.S.C. § 1983
### (Plaintiffs OCA-GH, LWVTX, TOP, & WDAF against Defendant Attorney General Ken Paxton, in his official capacity)

51.     Count 8, Paragraphs 205-218 fails to assert any claims against Defendant DeBeauvoir, and therefore requires no response.  To the extent further response is required, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs as alleged in Paragraph 218.

## PRAYER FOR RELIEF

52.     Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs as alleged in their Prayer for Relief.

## AFFIRMATIVE DEFENSES

53.     Defendant DeBeauvoir asserts that sovereign immunity, qualified immunity, and/or equity and justice bar Plaintiff's recovery of attorneys' fees from Defendant DeBeauvoir in their

lawsuit. Defendant DeBeauvoir had no role in enacting S.B. 1, and does not intend to defend the constitutionality of the statute.

## RIGHT TO RAISE ADDITIONAL DEFENSES

54.     Defendant DeBeauvoir reserves the right to raise affirmative and other defenses that may become apparent throughout the factual development of the case.

## JURY DEMAND

55.     Defendant DeBeauvoir hereby demands a trial by jury on all issues so triable. Fed. R. Civ. P. 38(b); Fed. R. Civ. P. 81(c)(3)(b).

## CONCLUSION AND PRAYER

Defendant DeBeauvoir denies that Plaintiffs are entitled to any of the relief requested or any relief whatsoever from Defendant DeBeauvoir as alleged in the paragraph below the heading entitled "Prayer for Relief" of the Plaintiffs' Complaint.

Defendant DeBeauvoir respectfully requests that all relief requested by Plaintiffs be denied, that she recovers her attorneys' fees and costs, and that she be awarded any additional relief to which she may be entitled in law or in equity.


Respectfully submitted,


**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:     (512) 854-9513
Facsimile:     (512) 854-4808

By:     */s/ Anthony J. Nelson*
SHERINE E. THOMAS
State Bar No. 00794734
sherine.thomas@traviscountytx.gov

LESLIE W. DIPPEL
State Bar No. 00796472
leslie.dippel@traviscountytx.gov
ANTHONY J. NELSON
State Bar No. 14885800
Tony.Nelson@traviscountytx.gov
PATRICK T. POPE
State Bar No. 24079151
Patrick.Pope@traviscountytx.gov
**ATTORNEYS FOR DEFENDANT DANA
DEBEAUVOIR, IN HER OFFICIAL
CAPACITY AS TRAVIS COUNTY CLERK**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this motion was served through the Court's CM/ECF Document Filing System upon each attorney of record and the original upon the Clerk of Court on this the 25th day of October 2021.

_/s/ Anthony J. Nelson_
ANTHONY J. NELSON
PATRICK T. POPE
Assistant County Attorneys
