**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LA UNION DEL PUEBLO ENTERO, et al** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **Case No.: 5:21-CV-0848-XR,** |
| | § | **consolidated with 5:21-CV-0844-XR** |
| **GREGORY W ABBOTT, et al,** | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

<u>**ORIGINAL ANSWER OF DEFENDANT ISABEL LONGORIA, IN HER OFFICIAL
CAPACITY AS THE HARRIS COUNTY ELECTIONS ADMINISTRATOR**</u>

Defendant ISABEL LONGORIA, in her official capacity as the Harris County Elections
Administrator ("Defendant" or "Defendant Longoria") now files her Original Answer to Plaintiffs
Houston Justice, Houston Area Urban League, Delta Sigma Theta Sorority, Inc., the Arc of Texas,
and Jeffrey Lamar Clemmons' ("Plaintiffs") Original Complaint ("Complaint") and would
respectfully show this Court as follows. Each numbered response corresponds with the same
numbered paragraph in the Complaint.

1. Defendant admits the allegations in this paragraph.

2. Defendant admits the allegations in this paragraph.

3. Defendant admits the allegations in this paragraph.

4. Defendant admits the allegations in this paragraph.

5. Defendant admits the allegations in this paragraph.

6. Defendant admits that voters were particularly motivated to vote. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

7. Defendant admits the allegations in this paragraph.

8. Defendant admits that Harris County took several measures to ensure voting access for the 2020 general election, including (1) increasing the county's election budget for the 2020 general election by $32 million (from $11.752 million in 2016 to $44 million in 2020); (2) moving the county clerk's election headquarters to a 100,000 square foot arena; (3) increasing the number of early voting polling locations from 46 in 2016 to 122 in 2020 and increasing the number of Election Day polling locations from 765 in 2016 to 807 in 2020, including one mail-in ballot drop-off location, drive-thru voting centers, and eight 24-hour polling locations; (4) increasing the number of voting machines by 50% at some polling places in the county; and (5) increasing the number of voting machines available at TSU from 8 for each party during the March primary election to 22 during the 2020 general election. Defendant denies the other allegations in this paragraph.

9. Defendant admits that Harris County sought to expand access to the ballot and that Houston is a city with high populations of Black and Latino residents, but Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

10. Defendant admits that Governor Abbott issued an executive order restricting each county to maintain only one ballot drop-off location, irrespective of the county's size or

population. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

11. Defendant admits the allegations in this paragraph.

12. Defendant admits the allegations in this paragraph.

13. Defendant admits the allegations in this paragraph.

14. Defendant admits the allegations in this paragraph.

15. Defendant admits the allegations in this paragraph.

16. Defendant admits the allegations in this paragraph.

17. Defendant admits the allegations in this paragraph.

18. Defendant admits the allegations in this paragraph.

19. Defendant admits the allegations in this paragraph.

20. Defendant admits the allegations in this paragraph.

21. Defendant admits that Plaintiffs bring this lawsuit to protect the rights of people of color and people with disabilities. Defendant admits that Plaintiffs are challenging the sections of S.B. 1 enumerated in this paragraph.  Defendant admits that the challenged provisions of S.B. 1 will have the effect of burdening and restricting Black and Latino Texans' right to vote and the rights of voters with disabilities. Defendant lacks knowledge or information as to what the challenged provisions were individually and cumulatively intended to do.

22. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

23. Defendant admits that Plaintiffs are seeking relief under the United States Constitution, the Voting Rights Act, The Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. There are no facts to admit or deny in the paragraph.

24. Defendant admits the allegations in this paragraph.

25. Defendant admits the allegations in this paragraph.

26. Defendant admits the allegations in this paragraph.

27. Defendant admits the allegations in this paragraph.

28. Defendant admits the allegations in this paragraph.

29. Defendant admits the allegations in this paragraph.

30. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

31. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

32. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

33. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

34. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

35. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

36. Defendant admits the allegations in this paragraph.

37. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

38. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

39. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

40. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

41. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

42. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

43. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

44. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

45. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

46. Defendant admits that the Texas Legislature did not allow for remote testimony during COVID-19. Defendant admits that the disability community is at higher risk of contracting and experiencing fatal complications from the COVID-19 virus. Defendant lacks

knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

47. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

48. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

49. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

50. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

51. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

52. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

53. Defendant admits the allegations in this paragraph.

54. Defendant admits the allegations in this paragraph.

55. Defendant admits the allegations in this paragraph.

56. Defendant admits the allegations in this paragraph.

57. Defendant admits the allegations in this paragraph.

58. Defendant admits the allegations in this paragraph.

59. Defendant admits the allegations in this paragraph.

60. Defendant admits the allegations in this paragraph.

61. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

62. Defendant admits the allegations in this paragraph.

63. Defendant admits the allegations in this paragraph.

64. Defendant admits the allegations in this paragraph.

65. Defendant admits the allegations in this paragraph.

66. Defendant admits the allegations in this paragraph.

67. Defendant admits the allegations in this paragraph.

68. Defendant admits the allegations in this paragraph.

69. Defendant admits the allegations in this paragraph.

70. Defendant admits the allegations in this paragraph.

71. Defendant admits the allegations in this paragraph.

72. Defendant admits the allegations in this paragraph.

73. Defendant admits the allegations in this paragraph.

74. Defendant denies that Texas closed 750 polling locations. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

75. Defendant admits the allegations in this paragraph.

76. Defendant admits the allegations in this paragraph.

77. Defendant admits the allegations in this paragraph.

78. Defendant admits the allegations in this paragraph.

79. Defendant admits the allegations in this paragraph.

80. Defendant admits the allegations in the first four sentences of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the fifth sentence. Defendant admits the allegations in the sixth and seventh sentences of this paragraph.

81. Defendant admits the allegations in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the second sentence of this paragraph.

82.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

83. Defendant admits the allegations in this paragraph.

84. Defendant admits the allegations in this paragraph.

85. Defendant admits the allegations in this paragraph.

86. Defendant admits the allegations in this paragraph.

87. Defendant admits the allegations in the first and last sentence of this paragraph. Defendant denies that Harris County's election website imposes barriers on the ability of voters with disabilities to access their fundamental right to vote. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

88. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the first, second, and third sentences of this paragraph. Defendant admits the remaining allegations in this paragraph.

89. Defendant admits the allegations in this paragraph.

90. Defendant admits that there were long lines during the March 2020 primary election. Defendant admits that there were limited voting machines. Defendant admits that the political parties held separate primaries. Defendant admits that some voters at TSU waited in line for several hours to vote. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

91.  Defendant admits the allegations in this paragraph.

92. Defendant admits the allegations in this paragraph.

93. Defendant admits the allegations in this paragraph.

94. The allegations in the first, second, third, and fourth sentences of this paragraph consist of legal conclusions that are not subject to admission or denial. Defendant admits the allegations in the last sentence of this paragraph.

95. Defendant admits the allegations in this paragraph.

96. Defendant admits the allegations in the first and second sentences of this paragraph. Defendant admits that Mr. Hollins' decision to implement the S.A.F.E. Plan was also informed by Harris County's experience during previous elections, like the March 2020 presidential primary election. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

97. Defendant admits the allegations in this paragraph.

98. Defendant admits the allegations in this paragraph.

99. Defendant admits the allegations in this paragraph.

100. Defendant admits the allegations in this paragraph.

101. Defendant admits that drive-thru voting included all the traditional safety and security protocols of walk-in voting and that, in a traditional polling place, a few election officials sometimes monitor dozens of voting machines. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

102. Defendant admits the allegations in this paragraph.

103. Defendant admits the allegations in this paragraph.

104. Defendant admits that another part of Harris County's S.A.F.E. Plan involved helping eligible voters understand and avail themselves of alternative, safe voting methods. Defendant admits that one of the reasons under Texas law for allowing a voter to vote by mail is that the voter is over 65 years old. Defendant admits that the Harris County Clerk sent one round of vote-by-mail applications to all registered voters in the county over the age of 65 who resided in the county and had not already applied to vote by mail.

105. Defendant admits the allegations in this paragraph.

106. Defendant admits the allegations in this paragraph.

107. Defendant admits the allegations in this paragraph.

108. Defendant admits the allegations in this paragraph.

109. Defendant admits the allegations in this paragraph.

110. Defendant admits the allegations in this paragraph.

111. Defendant admits the allegations in this paragraph.

112. Defendant admits the allegations in this paragraph.

113. Defendant admits the allegations in this paragraph.

114. Defendant admits the allegations in this paragraph.

115. Defendant admits the allegations in this paragraph.

116. Defendant admits the allegations in this paragraph.

117. Defendant admits the allegations in this paragraph.

118. Defendant admits the allegations in this paragraph.

119. Defendant admits the allegations in this paragraph.

120. Defendant admits the allegations in this paragraph.

121. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

122. Defendant admits the allegations in this paragraph.

123. Defendant admits the allegations in this paragraph.

124. Defendant admits the allegations in this paragraph.

125. Defendant admits the allegations in this paragraph.

126. Defendant admits the allegations in this paragraph.

127. Defendant admits the allegations in this paragraph.

128. Defendant admits the allegations in this paragraph.

129. Defendant admits the allegations in this paragraph.

130. Defendant admits the allegations in this paragraph.

131. Defendant admits the allegations in this paragraph.

132. Defendant admits that a version of S.B. 7 passed on May 7 with a 78-64 vote. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

133. Defendant admits the allegations in this paragraph.

134. Defendant admits the allegations in this paragraph.

135. Defendant admits the allegations in this paragraph.

136. Defendant admits the allegations in this paragraph.

137. Defendant admits the allegations in this paragraph.

138. Defendant admits the allegations in this paragraph.

139. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

140. Defendant admits the allegations in this paragraph.

141. Defendant admits the allegations in this paragraph.

142. Defendant admits the allegations in this paragraph.

143. Defendant admits the allegations in this paragraph.

144. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

145. Defendant admits the allegations in this paragraph.

146. Defendant admits the allegations in this paragraph.

147. Defendant admits the allegations in this paragraph.

148. Defendant admits the first and second sentences of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the third sentence.

149. Defendant admits the allegations in this paragraph.

150. Defendant admits the allegations in this paragraph.

151. Defendant admits the allegations in this paragraph.

152. Defendant admits the allegations in this paragraph.

153. Defendant admits the allegations in this paragraph.

154. Defendant admits the allegations in this paragraph.

155. Defendant admits the allegations in this paragraph.

156. Defendant admits the allegations in this paragraph.

157. Defendant admits the allegations in this paragraph.

158. Defendant admits the allegations in this paragraph.

159. Defendant admits the first and second sentences of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

160. Defendant admits the allegations in this paragraph.

161. Defendant admits the allegations in this paragraph.

162. Defendant admits the allegations in the first two sentences of this paragraph. The second and third sentences of this paragraph consist of legal conclusions that are not subject to admission and denial.

163. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

164. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

165. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

166. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

167. Defendant admits the allegations in this paragraph.

168. Defendant admits that it has in the past provided applications to requesting organizations. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

169. Defendant admits that Harris County Election Judges were forced to intervene in response to violations of the Texas Election Code by poll watchers. Defendant lacks knowledge or information sufficient to form a belief as to the other allegations in this paragraph.

170. Defendant admits the allegations in this paragraph.

171. Defendant admits that S.B. 1 imposes significant barriers on voters with disabilities in violation of the Americans with Disabilities Act and Section 208 of the Voting Rights Act. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

172. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

173. Defendant admits the allegations in this paragraph.

174. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

175. Defendant admits the allegations in this paragraph.

176. Defendant admits the allegations in this paragraph.

177. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

178. Defendant admits the allegations in this paragraph.

179. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

180. Defendant admits the allegations in this paragraph.

181. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

182. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

183. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

184. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

185. Defendant admits the allegations in this paragraph.

186. Defendant admits the allegations in this paragraph.

187. Defendant admits the allegations in this paragraph.

188. Defendant admits the allegations in this paragraph.

189. Defendant admits the allegations in this paragraph.

190. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant denies that she has or will violate any Plaintiffs' rights under Section 2 of the Voting Rights Act. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

191. Defendant admits the allegations in this paragraph.

192. Defendant admits the allegations in this paragraph.

193. Defendant admits the allegations in this paragraph.

194. Defendant admits the allegations in this paragraph.

195. Defendant admits the allegations in this paragraph.

196. Defendant admits the allegations in this paragraph.

197. Defendant admits the allegations in this paragraph.

198. Defendant admits the allegations in this paragraph.

199. Defendant admits the allegations in this paragraph.

200. Defendant admits the allegations in this paragraph.

201. Defendant admits the allegations in this paragraph.

202. Defendant admits the allegations in this paragraph.

203. Defendant admits the allegations in this paragraph.

204. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant admits that S.B. 1 will harm Black, Latino, and other voters of color, and voters with disabilities. Defendant

lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

205. Defendant admits the allegations in this paragraph.

206. Defendant admits the allegations in this paragraph.

207. Defendant admits the allegations in this paragraph.

208. Defendant admits the allegations in this paragraph.

209. Defendant admits the allegations in this paragraph.

210. Defendant admits the allegations in this paragraph.

211. Defendant admits the allegations in this paragraph.

212. Defendant admits the allegations in this paragraph.

213. Defendant admits the allegations in this paragraph.

214. Defendant admits the allegations in this paragraph.

215. Defendant admits the allegations in this paragraph.

216. Defendant admits the allegations in this paragraph.

217. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

218. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

219. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial.

220. Defendant admits the allegations in this paragraph.

221. Defendant admits the allegations in this paragraph.

222. Defendant admits the allegations in this paragraph.

223. Defendant admits the allegations in this paragraph.

224. Defendant admits the allegations in this paragraph.

225. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

226. Defendant admits the allegations in the first sentence of this paragraph. defendant admits that Plaintiffs seek to have the challenged sections of S.B. 1 enjoined.

227. Defendant admits the allegations in this paragraph.

228. Defendant admits the allegations in this paragraph.

229. Defendant admits the allegations in this paragraph.

230. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

231. Defendant admits the allegations in this paragraph.

232. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

233. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

234. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

235. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

236. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

237. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

238. Defendant admits the allegations in this paragraph.

239. Defendant admits the allegations in this paragraph.

240. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

241. Defendant admits the allegations in this paragraph.

242. Defendant admits the allegations in this paragraph.

243.  Defendant admits the allegations in this paragraph.

244. Defendant admits the allegations in this paragraph.

245. Defendant admits the allegations in this paragraph.

246. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

247. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

248. Defendant admits the allegations in this paragraph.

249. Defendant admits the allegations in this paragraph.

250. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

251. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

252. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. to the extent a further response is required, Defendant denies discriminating against Plaintiffs on the basis of disability.

253. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

254. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

255. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

256. Defendant admits the allegations in this paragraph.

257. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

258. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

259. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

260. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

261. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

262. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

263. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

264. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

265. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

266. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

267. Defendant admits that Plaintiffs request the relief described in this paragraph.

268. Defendant admits that Plaintiffs request the relief described in this paragraph.

269. Defendant admits that Plaintiffs request the relief described in this paragraph. Defendant denies that Plaintiffs are entitled to seek attorneys' fees, costs, or expenses from Defendant Longoria.

270. Defendant admits that Plaintiffs request the relief described in this paragraph.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY
STATE BAR NO. 24088049
christian.menefee@cao.hctx.net
**JONATHAN G.C. FOMBONNE**
FIRST ASSISTANT COUNTY ATTORNEY
STATE BAR NO. 24102702
jonathan.fombonne@cao.hctx.net
**TIFFANY S. BINGHAM**
MANAGING COUNSEL
STATE BAR NO. 24012287
tiffany.bingham@cao.hctx.net

/s/ Sameer S. Birring
**SAMEER S. BIRRING**
ASSISTANT COUNTY ATTORNEY
STATE BAR NO. 24087169
sameer.birring@cao.hctx.net
**CHRISTINA BEELER**
ASSISTANT COUNTY ATTORNEY
STATE BAR NO. 24096124
*WDTX ADMISSION PENDING*
christina.beeler@cao.hctx.net
**SUSANNAH MITCHAM**
ASSISTANT COUNTY ATTORNEY
STATE BAR NO. 24107219
*WDTX ADMISSION PENDING*

susannah.mitcham@cao.hctx.net
HARRIS COUNTY'S ATTORNEYS OFFICE
1019 CONGRESS STREET, 15TH FLOOR
HOUSTON, TEXAS 77002

**ATTORNEYS FOR DEFENDANT,
HARRIS COUNTY ELECTIONS
ADMINISTRATOR, ISABEL
LONGORIA, IN HER INDIVIDUAL
CAPACITY**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing was served on October 25, 2021, in compliance with the Federal Rules of Civil Procedure to all parties of record.

**/s/ Sameer S. Birring**
**SAMEER S. BIRRING**
ASSISTANT COUNTY ATTORNEY