## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HOUSTON JUSTICE, HOUSTON AREA URBAN LEAGUE, DELTA SIGMA THETA SORORITY INC., THE ARC OF TEXAS, and JEFFERY LAMAR CLEMMONS, | ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | CONSOLIDATED CASE 5:21-cv-00844-XR |
| GREGORY WAYNE ABBOTT, in his official capacity as Governor of Texas; JOSE ESPARZA, in his official capacity as Deputy Secretary of State of Texas; WAREN KENNETH PAXTON JR., in his official capacity as Attorney General of Texas; JACQUE CALLANEN, in her official capacity as Elections Administrator of Bexar County; and ISABEL LONGORIA, in her official capacity as Elections Administrator of Harris County, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Defendants*. | ) | |

## DEFENDANT BEXAR COUNTY ELECTION ADMINISTATOR JACQUELYN CALLANEN'S ORIGINAL ANSWER

Now comes Defendant Bexar County Elections Administrator Jacquelyn Callanen, and files this Original Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief.

### GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant Callanen denies each and every allegation contained in Plaintiff's Complaint except those expressly admitted herein. The following specific admissions and denials are made to the corresponding paragraphs of Plaintiffs' Complaint (docket no. 1 in consolidated case No. 5:21-cv-00848-XR).

### RESPONSES TO ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                                    1 of 24

## NATURE OF CASE

1.      Plaintiff's allegations in Paragraph 1 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

2.      Plaintiff's allegations in Paragraph 2 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

3.      Plaintiff's allegations in Paragraph 3 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

4.      Plaintiff's allegations in Paragraph 4 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

5.      Plaintiff's allegations in Paragraph 5 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

6.      Plaintiff's allegations in Paragraph 6 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

7.      Plaintiff's allegations in Paragraph 7 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

8.      Plaintiff's allegations in Paragraph 8 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

9.      Defendant admits that Bexar County made voting mega-centers available during the 2020 general election, and is without knowledge or information to admit or deny the remaining allegations in paragraph 9.

10.     Plaintiff's allegations in Paragraph 10 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                    2 of 24

11.     Plaintiff's allegations in Paragraph 11 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

12.     Plaintiff's allegations in Paragraph 12 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

13.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13.

14.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 14.

15.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 15.

16.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 16.

17.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 17.

18.     ADMIT

19.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19.

20.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 20.

21.     The allegations in Paragraph 21 state legal conclusions to which no response is required.

22.     The allegations in Paragraph 22 state legal conclusions to which no response is required.

23.     The allegations in Paragraph 23 state legal conclusions to which no response is required.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                                    3 of 24

**JURISDICTION AND VENUE**

24.     Defendant Callanen admits that Plaintiff brings this action under the First, Fourteenth, and Fifteenth Amendments to the U.S. Constitution, the Voting Rights Act of 1965, the Americans with Disabilities Act of 1990, and Section 504 of the Rehabilitation Act of 1973.

25.     The allegations in Paragraph 25 state legal conclusions to which no response is required.

26.     The allegations in Paragraph 26 state legal conclusions to which no response is required.

27.     The allegations in Paragraph 27 state legal conclusions to which no response is required.

28.     The allegations in Paragraph 28 state legal conclusions to which no response is required.

**PARTIES**

29.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 29.

30.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 30.

31.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 31.

32.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 32.

33.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 33.

34.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 34.

35.     The allegations in Paragraph 35 state legal conclusions to which no response is required.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                    4 of 24

36.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 36.

37.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 37.

38.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 38.

39.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 39.

40.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 40.

41.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 41.

42.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 42.

43.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 43.

44.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 44.

45.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 45.

46.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 46.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                                      5 of 24

47.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 47.

48.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 48.

49.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 49.

50.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 50.

51.     The allegations in Paragraph 51 state legal conclusions to which no response is required.

52.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 52.

53.     Defendant Callanen admits the allegations in Paragraph 53.

54.     Defendant Callanen denies the allegations in Paragraph 54.

55.     Defendant Callanen admits the allegations in Paragraph 55.

56.     Defendant Callanen admits the allegations in Paragraph 56.

57.     Defendant Callanen admits the allegations in Paragraph 57.

## FACTUAL ALLEGATIONS

58.     Plaintiff's allegations in Paragraph 58 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

59.     Plaintiff's allegations in Paragraph 59 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

60.     Plaintiff's allegations in Paragraph 60 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                                    6 of 24

61.     Plaintiff's allegations in Paragraph 61 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

62.     Plaintiff's allegations in Paragraph 62 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

63.     Plaintiff's allegations in Paragraph 63 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

64.     Plaintiff's allegations in Paragraph 64 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

65.     Plaintiff's allegations in Paragraph 65 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

66.     Plaintiff's allegations in Paragraph 66 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

67.     Plaintiff's allegations in Paragraph 67 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

68.     Plaintiff's allegations in Paragraph 68 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

69.     Plaintiff's allegations in Paragraph 69 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

70.     Plaintiff's allegations in Paragraph 70 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

71.     Plaintiff's allegations in Paragraph 71 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                7 of 24

72.    Plaintiff's allegations in Paragraph 72 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

73.    Plaintiff's allegations in Paragraph 73 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

74.    Plaintiff's allegations in Paragraph 74 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

75.    Plaintiff's allegations in Paragraph 75 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

76.    Plaintiff's allegations in Paragraph 76 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

77.    Plaintiff's allegations in Paragraph 77 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

78.    Plaintiff's allegations in Paragraph 78 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

79.    Plaintiff's allegations in Paragraph 79 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

80.    Plaintiff's allegations in Paragraph 80 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

81.    Plaintiff's allegations in Paragraph 81 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

82.    Plaintiff's allegations in Paragraph 82 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                          8 of 24

83.     Plaintiff's allegations in Paragraph 83 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

84.     Plaintiff's allegations in Paragraph 84 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

85.     Plaintiff's allegations in Paragraph 85 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

86.     Plaintiff's allegations in Paragraph 86 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

87.     Plaintiff's allegations in Paragraph 87 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

88.     Plaintiff's allegations in Paragraph 88 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

89.     Plaintiff's allegations in Paragraph 89 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

90.     Plaintiff's allegations in Paragraph 90 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

91.     Plaintiff's allegations in Paragraph 91 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

92.     Plaintiff's allegations in Paragraph 92 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

93.     Plaintiff's allegations in Paragraph 93 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                                        9 of 24

94.     Plaintiff's allegations in Paragraph 94 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

95.     Plaintiff's allegations in Paragraph 95 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

96.     Plaintiff's allegations in Paragraph 96 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

97.     Plaintiff's allegations in Paragraph 97 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

98.     Plaintiff's allegations in Paragraph 98 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

99.     Plaintiff's allegations in Paragraph 99 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

100.    Plaintiff's allegations in Paragraph 100 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

101.    Plaintiff's allegations in Paragraph 101 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

102.    Plaintiff's allegations in Paragraph 102 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

103.    Plaintiff's allegations in Paragraph 103 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

104.    Plaintiff's allegations in Paragraph 104 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                      10 of 24

105.     Plaintiff's allegations in Paragraph 105 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

106.     Plaintiff's allegations in Paragraph 106 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

107.     Plaintiff's allegations in Paragraph 107 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

108.     Plaintiff's allegations in Paragraph 108 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

109.     Plaintiff's allegations in Paragraph 109 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

110.     Plaintiff's allegations in Paragraph 110 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

111.     Plaintiff's allegations in Paragraph 111 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

112.     Plaintiff's allegations in Paragraph 112 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

113.     Plaintiff's allegations in Paragraph 113 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

114.     Plaintiff's allegations in Paragraph 114 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

115.     Plaintiff's allegations in Paragraph 115 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                  11 of 24

116.    Plaintiff's allegations in Paragraph 116 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

117.    Plaintiff's allegations in Paragraph 117 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

118.    Plaintiff's allegations in Paragraph 118 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

119.    Plaintiff's allegations in Paragraph 119 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

120.    Plaintiff's allegations in Paragraph 120 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

121.    Plaintiff's allegations in Paragraph 121 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

122.    Plaintiff's allegations in Paragraph 122 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

123.    Plaintiff's allegations in Paragraph 123 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

124.    Plaintiff's allegations in Paragraph 124 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

125.    Plaintiff's allegations in Paragraph 125 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

126.    Plaintiff's allegations in Paragraph 126 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                                      12 of 24

127.    Plaintiff's allegations in Paragraph 127 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

128.    Plaintiff's allegations in Paragraph 128 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

129.    Plaintiff's allegations in Paragraph 129 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

130.    Plaintiff's allegations in Paragraph 130 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

131.    Plaintiff's allegations in Paragraph 131 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

132.    Plaintiff's allegations in Paragraph 132 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

133.    Plaintiff's allegations in Paragraph 133 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

134.    Plaintiff's allegations in Paragraph 134 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

135.    Plaintiff's allegations in Paragraph 135 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

136.    Plaintiff's allegations in Paragraph 136 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

137.    Plaintiff's allegations in Paragraph 137 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                                    13 of 24

138.     Plaintiff's allegations in Paragraph 138 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

139.     Plaintiff's allegations in Paragraph 139 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

140.     Plaintiff's allegations in Paragraph 140 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

141.     Plaintiff's allegations in Paragraph 141 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

142.     Plaintiff's allegations in Paragraph 142 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

143.     Plaintiff's allegations in Paragraph 143 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

144.     Plaintiff's allegations in Paragraph 144 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

145.     Plaintiff's allegations in Paragraph 145 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

146.     Plaintiff's allegations in Paragraph 146 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

147.     Plaintiff's allegations in Paragraph 147 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

148.     Plaintiff's allegations in Paragraph 148 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                 14 of 24

149.    Plaintiff's allegations in Paragraph 149 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

150.    Plaintiff's allegations in Paragraph 150 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

151.    Plaintiff's allegations in Paragraph 151 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

152.    Plaintiff's allegations in Paragraph 152 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

153.    Plaintiff's allegations in Paragraph 153 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

154.    Plaintiff's allegations in Paragraph 154 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

155.    Plaintiff's allegations in Paragraph 155 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

156.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 156.

157.    Plaintiff's allegations in Paragraph 157 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

158.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 158.

159.    The allegations in Paragraph 159 state legal conclusions to which no response is required.

160.    The allegations in Paragraph 160 state legal conclusions to which no response is required.

161.    The allegations in Paragraph 161 state legal conclusions to which no response is required.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                    15 of 24

162.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 162.

163.    Defendant Callanen admits that during the 2020 presidential election, most Bexar County voters cast their ballots during the early voting period. Defendant Callanen admits that the population of Bexar County is approximately 60.7 Latino and 8.6 percent Black. The remainder of the allegations in paragraph 163 state legal conclusions to which no response is required.

164.    The allegations in Paragraph 164 state legal conclusions to which no response is required.

165.    The allegations in Paragraph 165 state legal conclusions to which no response is required.

166.    The allegations in Paragraph 166 state legal conclusions to which no response is required.

167.    The allegations in Paragraph 167 state legal conclusions to which no response is required.

168.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 168.

169.    The allegations in Paragraph 169 state legal conclusions to which no response is required.

170.    The allegations in Paragraph 170 state legal conclusions to which no response is required.

171.    The allegations in Paragraph 171 state legal conclusions to which no response is required.

172.    The allegations in Paragraph 172 state legal conclusions to which no response is required.

173.    The allegations in Paragraph 173 state legal conclusions to which no response is required.

174.    The allegations in Paragraph 174 state legal conclusions to which no response is required.

## CLAIMS FOR RELIEF

### Count 1

Violation of Section 2 of the Voting Rights Act
52 U.S.C. § 10301, et seq.
(Intentional Racial Discrimination & Vote Denial)

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                  16 of 24

175.    In response to Paragraph 175, Defendant Callanen incorporates by reference all of her former responses.

176.    The allegations in Paragraph 176 state legal conclusions to which no response is required.

177.    The allegations in Paragraph 177 state legal conclusions to which no response is required.

178.    The allegations in Paragraph 178 state legal conclusions to which no response is required.

179.    The allegations in Paragraph 179 state legal conclusions to which no response is required.

180.    The allegations in Paragraph 180 state legal conclusions to which no response is required.

181.    The allegations in Paragraph 181 state legal conclusions to which no response is required.

182.    The allegations in Paragraph 182 state legal conclusions to which no response is required.

183.    The allegations in Paragraph 183 state legal conclusions to which no response is required.

184.    The allegations in Paragraph 184 state legal conclusions to which no response is required.

185.    The allegations in Paragraph 185 state legal conclusions to which no response is required.

186.    The allegations in Paragraph 186 state legal conclusions to which no response is required.

187.    The allegations in Paragraph 187 state legal conclusions to which no response is required.

188.    The allegations in Paragraph 188 state legal conclusions to which no response is required.

189.    The allegations in Paragraph 189 state legal conclusions to which no response is required.

190.    The allegations in Paragraph 190 state legal conclusions to which no response is required.

## Count Two

Violation of the Fourteenth Amendment
U.S. Const. amend. XIV; 42 U.S.C. § 1983
(Intentional Race Discrimination in Voting)

191.    In response to Paragraph 191, Defendant Callanen incorporates by reference all of her former responses.

192.    The allegations in Paragraph 192 state legal conclusions to which no response is required.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                17 of 24

193.   The allegations in Paragraph 193 state legal conclusions to which no response is required.

194.   The allegations in Paragraph 194 state legal conclusions to which no response is required.

195.   The allegations in Paragraph 195 state legal conclusions to which no response is required.

196.   The allegations in Paragraph 196 state legal conclusions to which no response is required.

197.   The allegations in Paragraph 197 state legal conclusions to which no response is required.

198.   The allegations in Paragraph 198 state legal conclusions to which no response is required.

199.   The allegations in Paragraph 199 state legal conclusions to which no response is required.

200.   The allegations in Paragraph 200 state legal conclusions to which no response is required.

201.   The allegations in Paragraph 201 state legal conclusions to which no response is required.

202.   The allegations in Paragraph 202 state legal conclusions to which no response is required.

203.   The allegations in Paragraph 203 state legal conclusions to which no response is required.

204.   The allegations in Paragraph 204 state legal conclusions to which no response is required.

205.   The allegations in Paragraph 205 state legal conclusions to which no response is required.

### Count Three

Violation of the Fifteenth Amendment
U.S. Const. amend. XV; 42 U.S.C. § 1983
(Intentional Race Discrimination in Voting)

206.   In response to Paragraph 206, Defendant Callanen incorporates by reference all of her former responses.

207.   The allegations in Paragraph 207 state legal conclusions to which no response is required.

208.   The allegations in Paragraph 208 state legal conclusions to which no response is required.

209.   The allegations in Paragraph 209 state legal conclusions to which no response is required.

210.   The allegations in Paragraph 210 state legal conclusions to which no response is required.

### Count Four

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                                    18 of 24

Violation of the First and Fourteenth Amendments
U.S. Const., amend. I and XIV; 42 U.S.C. § 1983
(Undue Burden on Right to Vote)

211.   In response to Paragraph 211, Defendant Callanen incorporates by reference all of her former responses.

212.   The allegations in Paragraph 212 state legal conclusions to which no response is required.

213.   The allegations in Paragraph 213 state legal conclusions to which no response is required.

214.   The allegations in Paragraph 214 state legal conclusions to which no response is required.

215.   The allegations in Paragraph 215 state legal conclusions to which no response is required.

216.   The allegations in Paragraph 216 state legal conclusions to which no response is required.

217.   The allegations in Paragraph 217 state legal conclusions to which no response is required.

218.   The allegations in Paragraph 218 state legal conclusions to which no response is required.

219.   The allegations in Paragraph 219 state legal conclusions to which no response is required.

220.   The allegations in Paragraph 220 state legal conclusions to which no response is required.

221.   The allegations in Paragraph 221 state legal conclusions to which no response is required.

222.   The allegations in Paragraph 222 state legal conclusions to which no response is required.

223.   The allegations in Paragraph 223 state legal conclusions to which no response is required.

224.   The allegations in Paragraph 224 state legal conclusions to which no response is required.

225.   The allegations in Paragraph 225 state legal conclusions to which no response is required.

226.   The allegations in Paragraph 226 state legal conclusions to which no response is required.

## **Count Five**

Violation of the Fourteenth Amendment
U.S. Const. Amend. XIV, 42 U.S.C. § 1983
(Void for Vagueness, Denial of Due Process)

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                 19 of 24

227.    In response to Paragraph 227, Defendant Callanen incorporates by reference all of her former responses.

228.    The allegations in Paragraph 228 state legal conclusions to which no response is required.

229.    The allegations in Paragraph 229 state legal conclusions to which no response is required.

230.    The allegations in Paragraph 230 state legal conclusions to which no response is required.

231.    The allegations in Paragraph 231 state legal conclusions to which no response is required.

232.    The allegations in Paragraph 232 state legal conclusions to which no response is required.

233.    The allegations in Paragraph 233 state legal conclusions to which no response is required.

234.    The allegations in Paragraph 234 state legal conclusions to which no response is required.

235.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 235.

236.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 236.

237.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 237.

## **Count Six**

Violation of Section 208 of the Voting Rights Act
52 U.S.C. § 10508
(Right to Assistor of Choice)

238.    In response to Paragraph 238, Defendant Callanen incorporates by reference all of her former responses.

239.    The allegations in Paragraph 239 state legal conclusions to which no response is required.

240.    The allegations in Paragraph 240 state legal conclusions to which no response is required.

## **Count Seven**

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                                          20 of 24

Against All Defendants
Title II of the Americans with Disabilities Act
(42 U.S.C. § 12131, et seq.)
(Discrimination on the basis of disability; Failure to Provide Reasonable Accommodations)

241.    In response to Paragraph 241, Defendant Callanen incorporates by reference all of her former responses.

242.    The allegations in Paragraph 242 state legal conclusions to which no response is required.

243.    The allegations in Paragraph 243 state legal conclusions to which no response is required.

244.    The allegations in Paragraph 244 state legal conclusions to which no response is required.

245.    The allegations in Paragraph 245 state legal conclusions to which no response is required.

246.    The allegations in Paragraph 246 state legal conclusions to which no response is required.

247.    The allegations in Paragraph 247 state legal conclusions to which no response is required.

248.    The allegations in Paragraph 248 state legal conclusions to which no response is required.

249.    The allegations in Paragraph 249 state legal conclusions to which no response is required.

250.    The allegations in Paragraph 250 state legal conclusions to which no response is required.

251.    The allegations in Paragraph 251 state legal conclusions to which no response is required.

252.    The allegations in Paragraph 252 state legal conclusions to which no response is required.

253.    The allegations in Paragraph 253 state legal conclusions to which no response is required.

254.    The allegations in Paragraph 254 state legal conclusions to which no response is required.

255.    The allegations in Paragraph 255 state legal conclusions to which no response is required.

### **Count Eight**

Against All Defendants
Section 504 of the Rehabilitation Act of 1973
29 U.S.C. § 794
(Discrimination on the Basis of Disability by Recipients of Federal Financial Assistance)

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                 21 of 24

256.    In response to Paragraph 256, Defendant Callanen incorporates by reference all of her former responses.

257.    The allegations in Paragraph 257 state legal conclusions to which no response is required.

258.    The allegations in Paragraph 258 state legal conclusions to which no response is required.

259.    The allegations in Paragraph 259 state legal conclusions to which no response is required.

260.    The allegations in Paragraph 260 state legal conclusions to which no response is required.

261.    The allegations in Paragraph 261 state legal conclusions to which no response is required.

262.    The allegations in Paragraph 262 state legal conclusions to which no response is required.

263.    The allegations in Paragraph 263 state legal conclusions to which no response is required.

264.    The allegations in Paragraph 264 state legal conclusions to which no response is required.

265.    The allegations in Paragraph 265 state legal conclusions to which no response is required.

266.    The allegations in Paragraph 266 state legal conclusions to which no response is required.

## PRAYER FOR RELIEF

267.    Defendant Callanen denies that she has taken any action that violated Plaintiffs' rights or that Plaintiffs are entitled to relief against her.

268.    Defendant Callanen denies that she has taken any action that violated Plaintiffs' rights or that Plaintiffs are entitled to relief against her.

269.    Defendant Callanen denies that she has taken any action that violated Plaintiffs' rights or that Plaintiffs are entitled to relief against her.

270.    Defendant Callanen denies that she has taken any action that violated Plaintiffs' rights or that Plaintiffs are entitled to relief against her.

## RIGHT TO RAISE ADDITIONAL DEFENSES

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                  22 of 24

Defendant Callanen reserves the right to raise affirmative and other defenses that may become apparent throughout the factual development of this case.

## JURY DEMAND

Defendant Callanen demands a trial by jury as to all issues so triable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Callanen prays that Plaintiffs take nothing from Bexar County by way of their suit.

Respectfully Submitted,
JOE GONZALES
Bexar County Criminal District Attorney

By:        /s/ Robert Green           
**ROBERT GREEN**
Bar No. 24087626
Assistant District Attorney, Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Telephone: (210) 335-2146
robert.green@bexar.org
*Attorney for Defendant Bexar County*
*Elections Administrator Jacquelyn Callanen*

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                               23 of 24

## **CERTIFICATE OF SERVICE**

I do hereby certify that, on the 25th day of October, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which provided electronic service upon all parties.

 /s/ Robert Green
**ROBERT GREEN**

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*Houston Justice et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                24 of 24