## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LULAC TEXAS; VOTO LATINO; TEXAS ALLIANCE FOR RETIRED AMERICANS; TEXAS AFT, | ) ) ) ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | CONSOLIDATED CASE 5:21-cv-00844-XR |
| JOSE ESPARZA, in his official capacity as the Texas Deputy Secretary of State; KEN PAXTON, in his official capacity as the Texas Attorney General; JACQUELYN CALLANEN, in her official capacity as the Bexar County Elections Administrator; DANA DeBEAUVOIR, in her official capacity as the Travis County Clerk; ISABEL LONGORIA, in her official capacity as the Harris County Elections Administrator; YVONNE RAMÓN, in her official capacity as the Hidalgo County Elections Administrator; MICHAEL SCARPELLO, in his official capacity as the Dallas County Elections Administrator; LISA WISE, in her official capacity as the El Paso County Elections Administrator, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Defendants*. | ) | |

## DEFENDANT BEXAR COUNTY ELECTION ADMINISTATOR JACQUELYN CALLANEN'S ORIGINAL ANSWER

Now comes Defendant Bexar County Elections Administrator Jacquelyn Callanen, and files this Original Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant Callanen denies each and every allegation contained in Plaintiff's Complaint except those expressly admitted herein. The

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                1 of 26

following specific admissions and denials are made to the corresponding paragraphs of Plaintiffs' Complaint (docket no. 1 in consolidated case No. 1:21-cv-00786-XR).

## RESPONSES TO ALLEGATIONS IN PLAINTIFF'S COMPLAINT

## NATURE OF CASE

1.      Plaintiff's allegations in Paragraph 1 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

2.      Plaintiff's allegations in Paragraph 2 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

3.      Plaintiff's allegations in Paragraph 3 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

4.      Plaintiff's allegations in Paragraph 4 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

5.      Plaintiff's allegations in Paragraph 5 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

6.      Plaintiff's allegations in Paragraph 6 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

7.      Plaintiff's allegations in Paragraph 7 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

8.      Plaintiff's allegations in Paragraph 8 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

9.      Defendant admits that Bexar County made voting mega-centers available during the 2020 general election, and is without knowledge or information to admit or deny the remaining allegations in paragraph 9.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                                         2 of 26

10.    Plaintiff's allegations in Paragraph 10 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

11.    Plaintiff's allegations in Paragraph 11 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

12.    Plaintiff's allegations in Paragraph 12 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

13.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13.

## JURISDICTION AND VENUE

14.    Defendant Callanen admits that Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988, the U.S. Constitution, and the Voting Rights Act, 52 U.S.C. § 10301 et seq.

15.    The allegations in Paragraph 15 state legal conclusions to which no response is required.

16.    The allegations in Paragraph 16 state legal conclusions to which no response is required.

17.    The allegations in Paragraph 17 state legal conclusions to which no response is required.

18.    The allegations in Paragraph 18 state legal conclusions to which no response is required.

## PARTIES

19.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19.

20.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 20.

21.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 21.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                                      3 of 26

22.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 22.

23.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 23.

24.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 24.

25.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 25.

26.     Defendant Callanen admits that the Texas Secretary of State is the state's chief elections officer and has authority to prescribe voter assistance forms and to create training programs for poll watchers.

27.     Defendant Callanen admits that the Texas Attorney General has authority to prosecute criminal offenses prescribed by the election laws of Texas. Defendant Callanen lacks knowledge or information sufficient to form a belief as to whether the Attorney General's office is currently prosecuting hundreds of purported election law violations.

28.     Defendant Callanen admits that she is sued in her official capacity as the Bexar County Elections Administrator, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 28.

29.     Defendant Callanen admits that Dana DeBeauvoir is sued in her official capacity as the Travis County Clerk, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 29.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                 4 of 26

30.    Defendant Callanen admits that Isabel Longoria is sued in her official capacity as the Harris County Elections Administrator, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 30.

31.    Defendant Callanen admits that Yvonne Ramón is sued in her official capacity as the Hidalgo County Elections Administrator, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 31.

32.    Defendant Callanen admits that Michael Scarpello is sued in her official capacity as the Dallas County Elections Administrator, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 32.

33.    Defendant Callanen admits that Lisa Wise is sued in her official capacity as the El Paso County Elections Administrator, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 33.

## STATEMENT OF FACTS AND LAW

34.    Plaintiff's allegations in Paragraph 34 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

35.    Plaintiff's allegations in Paragraph 35 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

36.    Plaintiff's allegations in Paragraph 36 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

37.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 37.

38.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 38.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                                    5 of 26

39.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 39.

40.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 40.

41.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 41.

42.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 42.

43.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 43.

44.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 44.

45.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 45.

46.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 46.

47.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 47.

48.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 48.

49.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 49.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                 6 of 26

50.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 50.

51.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 51.

52.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 52.

53.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 53.

54.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 54.

55.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 55.

56.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 56.

57.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 57.

58.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 58.

59.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 59.

60.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 60.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                           7 of 26

61.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 61.

62.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 62.

63.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 63.

64.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 64.

65.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 65.

66.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 66.

67.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 67.

68.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 68.

69.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 69.

70.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 70.

71.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 71.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                                    8 of 26

72.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 72.

73.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 73.

74.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 74.

75.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 75.

76.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 76.

77.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 77.

78.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 78.

79.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 79.

80.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 80.

81.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 81.

82.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 82.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                    9 of 26

83.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 83.

84.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 84.

85.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 85.

86.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 86.

87.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 87.

88.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 88.

89.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 89.

90.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 90.

91.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 91.

92.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 92.

93.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 93.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                    10 of 26

94.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 94.

95.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 95.

96.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 96.

97.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 97.

98.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 98.

99.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 99.

100.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 100.

101.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 101.

102.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 102.

103.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 103.

104.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 104.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                                      11 of 26

105.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 105.

106.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 106.

107.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 107.

108.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 108.

109.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 109.

110.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 110.

111.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 111.

112.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 112.

113.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 113.

114.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 114.

115.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 115.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                                          12 of 26

116.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 116.

117.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 117.

118.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 118.

119.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 119.

120.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 120.

121.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 121.

122.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 122.

123.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 123.

124.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 124.

125.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 125.

126.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 126.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                              13 of 26

127.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 127.

128.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 128.

129.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 129.

130.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 130.

131.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 131.

132.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 132.

133.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 133.

134.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 134.

135.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 135.

136.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 136.

137.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 137.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                      14 of 26

138.   Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 138.

139.   Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 139.

140.   Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 140.

141.   Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 141.

142.   Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 142.

143.   Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 143.

144.   Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 144.

145.   Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 145.

146.   Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 146.

147.   Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 147.

148.   Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 148.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                15 of 26

149.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 149.

150.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 150.

151.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 151.

152.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 152.

153.     Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 153.

154.     The allegations in Paragraph 154 state legal conclusions to which no response is required.

155.     The allegations in Paragraph 155 state legal conclusions to which no response is required.

156.     The allegations in Paragraph 156 state legal conclusions to which no response is required.

157.     The allegations in Paragraph 157 state legal conclusions to which no response is required.

158.     The allegations in Paragraph 158 state legal conclusions to which no response is required.

159.     The allegations in Paragraph 159 state legal conclusions to which no response is required.

160.     The allegations in Paragraph 160 state legal conclusions to which no response is required.

161.     The allegations in Paragraph 161 state legal conclusions to which no response is required.

162.     The allegations in Paragraph 162 state legal conclusions to which no response is required.

163.     The allegations in Paragraph 163 state legal conclusions to which no response is required.

164.     The allegations in Paragraph 164 state legal conclusions to which no response is required.

165.     The allegations in Paragraph 165 state legal conclusions to which no response is required.

166.     The allegations in Paragraph 166 state legal conclusions to which no response is required.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                                    16 of 26

167.    The allegations in Paragraph 167 state legal conclusions to which no response is required.

168.    The allegations in Paragraph 168 state legal conclusions to which no response is required.

169.    The allegations in Paragraph 169 state legal conclusions to which no response is required.

170.    The allegations in Paragraph 170 state legal conclusions to which no response is required.

171.    The allegations in Paragraph 171 state legal conclusions to which no response is required.

172.    The allegations in Paragraph 172 state legal conclusions to which no response is required.

173.    The allegations in Paragraph 173 state legal conclusions to which no response is required.

174.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 174.

175.    The allegations in Paragraph 175 state legal conclusions to which no response is required.

176.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 176.

177.    The allegations in Paragraph 177 state legal conclusions to which no response is required.

178.    The allegations in Paragraph 178 state legal conclusions to which no response is required.

179.    The allegations in Paragraph 179 state legal conclusions to which no response is required.

180.    The allegations in Paragraph 180 state legal conclusions to which no response is required.

181.    The allegations in Paragraph 181 state legal conclusions to which no response is required.

182.    The allegations in Paragraph 182 state legal conclusions to which no response is required.

183.    The allegations in Paragraph 183 state legal conclusions to which no response is required.

184.    The allegations in Paragraph 184 state legal conclusions to which no response is required.

185.    The allegations in Paragraph 185 state legal conclusions to which no response is required.

186.    The allegations in Paragraph 186 state legal conclusions to which no response is required.

187.    The allegations in Paragraph 187 state legal conclusions to which no response is required.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                                    17 of 26

188.    The allegations in Paragraph 188 state legal conclusions to which no response is required.

189.    The allegations in Paragraph 189 state legal conclusions to which no response is required.

190.    The allegations in Paragraph 190 state legal conclusions to which no response is required.

191.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 191.

192.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 192.

193.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 193.

194.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 194.

195.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 195.

196.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 196.

197.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 197.

198.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 198.

199.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 199.

200.    Plaintiff's allegations in Paragraph 200 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                    18 of 26

201.    Plaintiff's allegations in Paragraph 201 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

202.    Plaintiff's allegations in Paragraph 202 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

203.    Plaintiff's allegations in Paragraph 203 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

204.    Plaintiff's allegations in Paragraph 204 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

205.    Plaintiff's allegations in Paragraph 205 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

206.    Plaintiff's allegations in Paragraph 206 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

207.    Plaintiff's allegations in Paragraph 207 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

208.    Plaintiff's allegations in Paragraph 208 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

209.    Plaintiff's allegations in Paragraph 209 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

210.    Plaintiff's allegations in Paragraph 210 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

211.    Plaintiff's allegations in Paragraph 211 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

212.    The allegations in Paragraph 212 state legal conclusions to which no response is required.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                                      19 of 26

213.    The allegations in Paragraph 213 state legal conclusions to which no response is required.

214.    The allegations in Paragraph 214 state legal conclusions to which no response is required.

215.    Plaintiff's allegations in Paragraph 215 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

216.    The allegations in Paragraph 216 state legal conclusions to which no response is required.

217.    Plaintiff's allegations in Paragraph 217 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

218.    Plaintiff's allegations in Paragraph 218 are not directed toward Defendant Callanen, but in an abundance of caution, Defendant Callanen denies any allegations that could pertain to her.

219.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 219.

220.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 220.

221.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 221.

222.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 222.

223.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 223.

224.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 224.

225.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 225.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                        20 of 26

226.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 226.

227.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 227.

228.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 228.

229.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 229.

230.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 230.

231.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 231.

232.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 232.

233.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 233.

234.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 234.

235.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 235.

236.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 236.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                 21 of 26

237.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 237.

238.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 238.

239.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 239.

240.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 240.

241.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 241.

242.    Defendant Callanen is without sufficient knowledge or information to admit or deny the allegations in Paragraph 242.

## CLAIMS FOR RELIEF

## <u>COUNT I</u>

**52 U.S.C. § 10301(a)**
**Violation of Section 2 of the Voting Rights Act**
**Against All Defendants**

243.    In response to Paragraph 243, Defendant Callanen incorporates by reference all of her former responses.

244.    The allegations in Paragraph 244 state legal conclusions to which no response is required.

245.    The allegations in Paragraph 245 state legal conclusions to which no response is required.

246.    The allegations in Paragraph 246 state legal conclusions to which no response is required.

247.    The allegations in Paragraph 247 state legal conclusions to which no response is required.

248.    The allegations in Paragraph 248 state legal conclusions to which no response is required.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                          22 of 26

**COUNT II**

**U.S. Const. Amends. I, XIV; 42 U.S.C. § 1983**
**Undue Burden on the Right to Vote**
**Against Defendants Callanen, DeBeavoir, Longoria, Ramón, Scarpello, and Wise**

249.     In response to Paragraph 249, Defendant Callanen incorporates by reference all of her former responses.

250.     The allegations in Paragraph 250 state legal conclusions to which no response is required.

251.     The allegations in Paragraph 251 state legal conclusions to which no response is required.

252.     The allegations in Paragraph 252 state legal conclusions to which no response is required.

253.     The allegations in Paragraph 253 state legal conclusions to which no response is required.

254.     The allegations in Paragraph 254 state legal conclusions to which no response is required.

255.     The allegations in Paragraph 255 state legal conclusions to which no response is required.

256.     The allegations in Paragraph 256 state legal conclusions to which no response is required.

257.     The allegations in Paragraph 257 state legal conclusions to which no response is required.

258.     The allegations in Paragraph 258 state legal conclusions to which no response is required.

259.     The allegations in Paragraph 259 state legal conclusions to which no response is required.

260.     The allegations in Paragraph 260 state legal conclusions to which no response is required.

261.     The allegations in Paragraph 261 state legal conclusions to which no response is required.

262.     The allegations in Paragraph 262 state legal conclusions to which no response is required.

**COUNT III**

**U.S. Const. Amends. I, XIV; 42 U.S.C. § 1983**
**Restriction on Free Speech and Expression**
**Against Defendants Paxton, Callanen, DeBeauvoir, Longoria, Ramón, Scarpello, and Wise**

263.     In response to Paragraph 263, Defendant Callanen incorporates by reference all of her former responses.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                   23 of 26

264.    The allegations in Paragraph 264 state legal conclusions to which no response is required.

265.    The allegations in Paragraph 265 state legal conclusions to which no response is required.

266.    The allegations in Paragraph 266 state legal conclusions to which no response is required.

267.    The allegations in Paragraph 267 state legal conclusions to which no response is required.

268.    The allegations in Paragraph 268 state legal conclusions to which no response is required.

269.    The allegations in Paragraph 269 state legal conclusions to which no response is required.

270.    The allegations in Paragraph 270 state legal conclusions to which no response is required.

271.    The allegations in Paragraph 271 state legal conclusions to which no response is required.

272.    The allegations in Paragraph 272 state legal conclusions to which no response is required.

273.    The allegations in Paragraph 273 state legal conclusions to which no response is required.

274.    The allegations in Paragraph 274 state legal conclusions to which no response is required.

275.    The allegations in Paragraph 275 state legal conclusions to which no response is required.

## COUNT IV

**52 U.S.C. § 10508**
**Violation of Section 208 of the Voting Rights Act**
**Against All Defendants**

276.    In response to Paragraph 276, Defendant Callanen incorporates by reference all of her former responses.

277.    The allegations in Paragraph 277 state legal conclusions to which no response is required.

278.    The allegations in Paragraph 278 state legal conclusions to which no response is required.

279.    The allegations in Paragraph 279 state legal conclusions to which no response is required.

280.    The allegations in Paragraph 280 state legal conclusions to which no response is required.

281.    The allegations in Paragraph 281 state legal conclusions to which no response is required.

282.    The allegations in Paragraph 282 state legal conclusions to which no response is required.

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                      24 of 26

283.   The allegations in Paragraph 283 state legal conclusions to which no response is required.

## PRAYER FOR RELIEF

Defendant Callanen denies that she has taken any action that violated Plaintiffs' rights or that Plaintiffs are entitled to relief against her.

## AFFIRMATIVE DEFENSES

Defendant Callanen asserts that sovereign immunity, qualified immunity, and principles of equity and justice bar Plaintiff's recovery of attorneys' fees from Defendant Callanen, who did not enact S.B. 1.

## RIGHT TO RAISE ADDITIONAL DEFENSES

Defendant Callanen reserves the right to raise affirmative and other defenses that may become apparent throughout the factual development of this case.

## JURY DEMAND

Defendant Callanen demands a trial by jury as to all issues so triable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Callanen prays that Plaintiffs take nothing from Bexar County or Defendant Callanen by way of their suit.

Respectfully Submitted,
JOE GONZALES
Bexar County Criminal District Attorney

By:    /s/ Robert Green
**ROBERT GREEN**
Bar No. 24087626
Assistant District Attorney, Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Telephone: (210) 335-2146
robert.green@bexar.org
*Attorney for Defendant Bexar County*
*Elections Administrator Jacquelyn Callanen*

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                                 25 of 26

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that, on the 2nd day of November, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which provided electronic service upon all parties.

/s/ Robert Green

**ROBERT GREEN**

Defendant Bexar County Election Administrator Jacquelyn Callanen's Original Answer
*LULAC Texas et al. v. Esparza et al.* (consolidated case)
5:21-cv-00844-XR                                                              26 of 26