## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | |
| *Plaintiffs*, | |
| v. | 5:21-cv-0844-XR |
| GREGORY W. ABBOTT, et al., | |
| *Defendants*. | |
| OCA-GREATER HOUSTON, et al., | |
| *Plaintiffs*, | |
| v. | 1:21-cv-0780-XR |
| JOSE A. ESPARZA, et al., | |
| *Defendants*. | |
| HOUSTON JUSTICE, et al., | |
| *Plaintiffs*, | |
| v. | 5:21-cv-0848-XR |
| GREGORY WAYNE ABBOTT, et al., | |
| *Defendants*. | |
| LULAC TEXAS, et al., | |
| *Plaintiffs*, | |
| v. | 1:21-cv-0786-XR |
| JOSE ESPARZA, et al., | |
| *Defendants*. | |
| MI FAMILIA VOTA, et al., | |
| *Plaintiffs*, | |
| v. | 5:21-cv-0920-XR |
| GREG ABBOTT, et al., | |
| *Defendants*. | |

## PLAINTIFFS' OPPOSITION TO THE REPUBLICAN COMMITTEES' MOTION TO INTERVENE

Plaintiffs Houston Justice, Houston Area Urban League, Delta Sigma Theta Sorority, Inc., The Arc of Texas, and Jeffrey Lamar Clemmons (collectively, "Plaintiffs") file this opposition to the motion to intervene filed in the above-captioned case by the Harris County Republican Party, Dallas County Republican Party, National Republican Senatorial Committee, and National Republican Congressional Committee (collectively, the "Republican Committees"). ECF No. 57. The Republican Committees cannot establish a basis for intervention as of right or permissive intervention because they fail to identify a cognizable interest in the case and their interests are adequately represented by the State Defendants. Accordingly, their motion should be denied.

## BACKGROUND

On August 31, 2021, the Texas legislature passed S.B. 1, an omnibus voting bill that eliminates methods and means of voting disproportionately used by Black and Latino voters and that raises barriers to voting for individuals with disabilities. *See generally* Complaint for Declaratory & Injunctive Relief, Case No. 5:21-cv-848 (W.D. Tex. Sept. 9, 2021), ECF No. 11-1. Governor Abbott signed the legislation into law on September 7, 2021; the law takes effect 91 days after the end of the second special legislative session. *Id.*

Plaintiffs challenged the law under the United States Constitution, the Voting Rights Act, the Americans with Disabilities Act, and the Rehabilitation Act. Plaintiffs sued Governor Abbott, Deputy Secretary of State Esparza, and Attorney General Paxton ("State Defendants") as well as the elections administrators of Bexar and Harris Counties ("Local Defendants"). Four other lawsuits were also filed in the Western District of Texas challenging S.B. 1 as violative of the Constitution and federal law. *See* Consolidation Order, ECF No. 31. The Court consolidated this case with those four cases under Case No. 5:21-cv-844. On October 25, the Republican Committees moved to intervene in all cases. ECF No. 57 at 2 n.1.

**ARGUMENT**

The Republican Committees have not established grounds for intervention as of right under Federal Rule of Civil Procedure 24(a)(2) or for permissive intervention under Rule 24(b)(1). The Republican Committees' intervention motion identifies no tangible, concrete interest in the litigation over S.B. 1. Rather, they assert a generalized interest in "the validity of Texas's election framework" and "ensuring that Texas carries out free and fair elections." But the Republican Committees fail to explain how these interests are particular to them or how a challenge to provisions of S.B. 1 that impose burdens on voters and curtail access to the franchise will directly affect the Republican Committees or their supported candidates.  Moreover, the Republican Committees' interests—to the extent they are cognizable—are adequately represented by the State Defendants. Their intervention in a litigation of five consolidated cases with nearly 40 parties will cause unnecessary complication and delay. The Republican Committees should therefore not be permitted to intervene in this case.

## I.     **The Republican Committees Have Not Established a Right to Intervene**

The Republican Committees' motion fails to satisfy three of the required elements for intervention as of right. The Republican Committees have not identified any legally protectable interests warranting intervention; the generic interests they do advance will not be impeded or impaired in this case; and, in any event, their asserted interests are adequately represented by the State Defendants who already have a duty to defend Texas election law. In order to intervene as of right under Federal Rule of Civil Procedure 24(a)(2), the Republican Committees bear the burden of establishing four elements: (1) that their motion is timely; (2) that they have "an interest relating to the property or transaction that is the subject of the action"; (3) that they are "so situated that the disposition of the action may, as a practical matter, . . . impede [their] ability to protect

[their] interests"; and (4) that their interest would otherwise be "inadequately represented by the existing parties to the suit." *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014); Fed. R. Civ. P. 24(a)(2). Failure to establish any one of these elements dooms a would-be intervenor's motion. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

The Republican Committees have failed to establish a cognizable interest for purposes of Rule 24(a)(2) and therefore cannot satisfy the second and third prongs. Moreover, even if the Republican Committees had a cognizable interest in the litigation, their interest is sufficiently represented by the State Defendants, rendering the Republican Committees unable to establish the fourth prong under Rule 24(a)(2).

a. The Republican Committees have identified no legally protectable interest in the litigation.

The Republican Committees do not possess a "direct, substantial, and legally protectable" interest in the subject of the action that is required for intervention. *Brumfield*, 749 F.3d at 343; *see also New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) (*en banc*) ("What is required is that the interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant." (emphasis in original)). When a case implicates the public interest, a court may more leniently apply the intervention standard, but it is not vitiated. In evaluating whether an intervenor has a sufficient interest in a public-interest context, the courts look to "a zone-of-interest analysis in standing doctrine" for guidance. *Brumfield*, 749 F.3d at 344. Under that analysis, the courts require that the moving party "possess a type of substantive right not to have the statute violated." *New Orleans Pub. Serv., Inc.*, 732 F.2d at 465. For example, in *Brumfield*, the Fifth Circuit held that parents of students who were predominantly students of color and who participated in a school voucher program were within the zone of interest of the statute authorizing such vouchers because they were the program's intended beneficiaries. 749 F.3d at

4

340, 345. The Court also held the parents were within the zone of interest of the Equal Protection Clause because their interest in participating in the litigation was to secure the opportunity, under that Clause, to send their children to better schools. *Id*. at 345.

Partisan actors do not possess a legally protectable interest justifying intervention merely because a case concerns election laws. The Republican Committees claim they have an interest in "ensuring that Texas runs free and fair elections according to Texas law as enacted and enforced by Texans' representatives" and "demanding adherence" to the requirements of S.B. 1. ECF No. 57 at 3, 8. Such a generic interest in preserving and enforcing S.B. 1 is not particular to Republican Committees, and courts have denied intervention by partisan actors seeking to join lawsuits based on generalized interest in "fair" elections, an interest shared by all Texans. *See*, *e.g.*, *One Wis. Inst., Inc. v. Nichol*, 310 F.R.D. 394 (W.D. Wis. 2015) (holding a general interest "in defending" challenged election laws and in "fraud-free elections" to be insufficient to support intervention); *Am. Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 258 (D.N.M. 2008) ("To the extent that the [Republican Party of New Mexico] asserts generalized interests in fair election, it does not have a protectable interest[.]"); *United States v. Alabama*, 2006 WL 2290726, at *3 (M.D. Ala. Aug. 8, 2006) (denying intervention by Democratic leaders based on interest in "fair and adequate" elections in voting rights case); *cf. Athens Lumber Co., Inc. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982) (finding union's assertion of interests "shared with . . . all citizens" is "so generalized it will not support a claim for intervention of right"). The Republican Committees' stated interest cannot meet the "direct, substantial, and legally protectable" standard required by this Circuit. *Brumfield*, 749 F.3d at 343.

Moreover, the Republican Committees offer only speculation as to how this action may impair their proffered interests. The Republican Committees obliquely mention that they also have

an interest in "winning elections," ECF No. 57 at 9, but offer nothing but general speculation about how an adverse ruling would impair their electoral prospects. The Republican Committees vaguely assert that this litigation "could fundamentally alter the environment" for upcoming elections but fail to explain or offer any evidence of *how* this potential alteration will harm or prejudice the Republican Committees or their candidates. The Republican Committees do not seek intervention based on any claim that Republican candidates derive an electoral advantage from the restrictions, burdens, and enhanced penalties S.B. 1 places on election administrators and voters—disproportionately burdening Black and Latino voters and voters with disabilities. Nor do they argue that they are the "intended beneficiaries" of S.B. 1, placing them in the zone of interest of the statute. *See Brumfield*, 749 F.3d at 344. The Republican Committees offer a single example—S.B. 1's restrictions on third-party assistance to voters through the collection and delivery of completed absentee ballots—but fail to explain how a ruling invalidating this restriction would force Republicans to face greater competition. ECF No. 57 at 9. In short, the Republican Committees' generalized speculation is not enough to show a "substantive right not to have the statute violated." *New Orleans Pub. Serv., Inc.*, 732 F.2d at 465.

Further, the Republican Committees do not explain how enjoining S.B. 1's new, burdensome, and discriminatory provisions will "threaten to confuse voters" or "undermine confidence in the electoral process." ECF No. 57 at 9. As a threshold matter, the Republican Committees do not identify these concerns as interests that justify their intervention; instead, they simply note them as speculative outcomes of an adverse ruling. *See United States v. City of Jackson*, 519 F.2d 1147, 1153 (5th Cir. 1975) (explaining how the interests that "must be impaired or impeded" must be "the substantive one" proposed intervenors assert). Moreover, if anything, it is S.B.1's new slate of provisions that will create confusion as Texans and elections administrators

6

attempt to navigate the sea change in election regulations, particularly where the new law affords greater opportunity for voter intimidation and creates new criminal penalties for election-related activity that was previously legal.

The Republican Committees' failure to identify any legally protectable interest in the litigation defeats its application for intervention as of right. And because a legally protectable interest in the litigation is a prerequisite for satisfying the third and fourth intervention factors under Rule 24(a)(2), Republican Committees' motion fails on three fronts.

> b.   Even if the Republican Committees had a legally protectable interest in the litigation, it is aligned with the State Defendants.

Moreover, even if the Republican Committees could identify a legally protectable interest in the case, they have failed to establish that their interests are not aligned with the State Defendants who are already tasked with litigating this case. The fourth prong that the Republican Committees must establish to intervene as of right is that its interests will not be adequately represented by the existing parties to the litigation. *Brumfield*, 749 F.3d at 345. The burden is "minimal," but not toothless, and where the intervenor has "the same ultimate objective as a party to the lawsuit," the court presumes adequate representation. *Id.* This presumption can be overcome by a showing of "adversity of interest, collusion, or nonfeasance on the part of the existing party." *Id.*

The State Defendants are officers charged with defending Texas's election laws, and they have already begun vigorously defending S.B. 1 by filing comprehensive motions to dismiss the complaints in each of the five consolidated actions. The Republican Committees make no effort to show any adversity of interest, collusion, or nonfeasance on the part of these Defendants. Instead, they rely on the presumption that their own interests will not align with those of Defendants in this action because they are governmental entities. ECF No. 57 at 10. That is not sufficient to overcome the presumption of adequate representation. *See*, *e.g.*, *Elizondo v. Springs Branch Indep. Sch. Dist.*,

No. 4:21-CV-01997, 2021 WL 4502919, at *2 (S.D. Tex. Sept. 28, 2021) (denying intervention where movant suggested without evidence a "lack of political resolve" on the part of government defendants to defend at-large election system against Voting Rights Act claim); *see also Stuart v. Huff*, 706 F.3d 345, 351 (4th Cir. 2013) ("[W]hen a statute comes under attack, it is difficult to conceive of an entity better situated to defend it than the government."). The Republican Committees assert that the State Defendants "have no interest in electing particular candidates," and "must consider a 'broad spectrum of views, many of which may conflict' with the Republican Committees' specific interests" as proof that the State Defendants will not adequately represent them in this action. ECF No. 57 at 10. However, the mere fact that the State Defendants must consider a wide spectrum of views does not mean that their consideration excludes the interests that the Republican Committees may have. Republican Committees' speculation is belied by the fact that the State Defendants are already vigorously defending S.B. 1, and Republican Committees have not noted any specific arguments they would make that the State Defendants are not making.

Though the burden imposed by *Brumfield* on intervenors to show that representation "may be inadequate" is minimal, the fact that existing Defendants share the exact same end goal as the Republican Committees—to defend S.B.1—is reason enough to deny their motion to intervene. *See*, *e.g.*, *One Wis. Inst.*, 310 F.R.D. at 398–99 (denying Republican officeholders and candidates intervention because they "shared the same goal" as the Government Accountability Board in defending the voter ID law) (citation omitted); *Herrera*, 257 F.R.D. at 258–59 (denying Republican entities' motions to intervene in voting rights case because party "does not assert any protectable interest that the [Secretary of State] is not already adequately protecting").

The Republican Committees fail to provide any evidence to suggest that the State Defendants will refuse to enforce or defend the bill. At best, the Republican Committees seek to

provide a "vigorous and helpful supplement" to the State Defendants' arguments, but that is insufficient to overcome the presumption of adequate representation, which can be accomplished through an amicus brief. *See Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (where would-be intervenor "merely underlines issues of law already raised by the primary parties," amicus status is most appropriate). Because the Republican Committees share the same interests and ultimate objectives as the existing parties, and they have failed to demonstrate the existing Defendants' inadequacy of representation, intervention as of right is inappropriate.

## II.    The Republican Committees Should Be Denied Permissive Intervention.

The Republican Committees also request that the Court grant them permissive intervention. But, because the State Defendants will adequately represent any interests the Republican Committees may have in this case, and Republican Committees admit that the issues they will raise are already before the Court, permissive intervention should be denied.

a.    <u>The Court should deny permissive intervention because the Republican Committees' interests will be represented by the State Defendants.</u>

Even if the Republican Committees could satisfy the requirements of Rule 24(b)(1)(B), the Court should exercise its discretion to deny intervention. *See Kneeland v. Nat'l Collegiate Athletic Ass'n.*, 806 F.2d 1285, 1289 (5th Cir. 1987) (permissive intervention is wholly within the court's discretion). In assessing a request for permissive intervention, the court should again consider whether the proposed intervenor's interests are adequately represented by other parties, and "whether they are likely to contribute significantly to the development of the underlying factual issues." *Fernandez v. Cornelios Trucking Refrigerados SA de CV*, No. 7:21-CV-00064, 2021 WL 3929181, at *2 (S.D. Tex. Sept. 2, 2021); *NextEra Energy Capital Holdings, Inc. v. Walker, No.* 1:19-CV626-LY, 2020 WL 3580149 (Feb. 26, 2020) (denying permissive intervention where

9

"existing parties adequately protect all asserted interes[ts] and the presence of additional parties will not be of assistance to the court's determination of the issues presented"); *Elizondo*, 2021 WL 4502919, at *2 (denying permissive intervention where there was no reason "to conclude that the defendants will inadequately represent the applicant's interests").

The Republican Committees have made no showing that their interests—to the extent they are cognizable—are inadequately represented, and thus, there is no need for it to intervene. *See Hopwood v. Texas*, 21 F.3d 603, 606 (5th Cir. 1994) (upholding denial of permissive intervention on the basis that proposed intervenor's interests were adequately represented). Moreover, the Republican Committees have made no claim that their participation will in any way contribute to the development of factual issues. They admit that the questions of law and fact they will raise are already before the Court. ECF No. 57 at 12. Where a proposed intervenor "presents no new questions, [it] can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention." *S. Carolina v. N. Carolina*, 558 U.S. 256, 288 (2010) (Roberts, C.J., concurring in judgment in part and dissenting in part) (citation omitted)).

Adding the Republican Committees—who have only demonstrated that they will echo the substantive positions advanced by the Defendants—as intervenors will serve only to "unduly delay" the orderly litigation of this case. Fed. R. Civ. P. 24(b)(3). Courts frequently hold in their discretion that avoiding such complications and delays warrants the denial of intervention. *See, e.g.*, *Democracy N.C. v. N.C. State Bd. of Elections*, No. 20-CV457-WO-JLW, ECF No. 48 at 6 (M.D.N.C. June 24, 2020) (denying intervention of Republican Party entities because intervention "will result in undue prejudice" and "'accumulating . . . arguments without assisting the court.'" (quoting *Allen Calculators, Inc. v. Nat'l Cash Register Co.*, 322 U.S. 137, 141–42 (1944)); *Ansley v. Warren*, No. 1:16-cv-54, 2016 WL 3647979, at *3 (W.D.N.C. July 7, 2016) (denying

intervention by Republican state legislators because it "would needlessly prolong and complicate this litigation, including discovery, and delay the final resolution of this case"); *One Wis. Inst. Inc.*, 310 F.R.D. at 399 (denying permissive intervention to Republican officials and voters because "the nature of this case requires a higher than-usual commitment to a swift resolution"); *Herrera*, 257 F.R.D. at 259 (Republican entities' "intervention is likely to lead to delays that could prejudice the Plaintiff's case and the Defendant" by increasing pleadings and discovery).

This case requires expedition in order to allow Plaintiffs to obtain relief in a timely fashion as Texas elections approach. As it stands, Plaintiffs in five consolidated cases will need to take and respond to discovery from each of the Defendants, as well as their experts, their employees, and custodians. At trial, Plaintiffs and each of the Defendants will make motions, raise objections, offer arguments, question witnesses, and seek to enter their own evidence and testimony. These demands will already consume significant judicial resources, and the addition of four new parties to the litigation will only compound the burdens they place on the parties and the Court with "more issues to decide [and] more discovery requests." *S. Carolina*, 558 U.S. at 287. To the extent the Republican Committees insist that they will not require additional discovery, motions practice, trial testimony, etc., they make all the more clear that their interests are the same as the Defendants' interests. Accordingly, the motion for permissive intervention should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs oppose the Republican Committees' motion to intervene.

Respectfully submitted November 8, 2021.

REED SMITH LLP, NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC., THE ARC OF THE UNITED STATES, INC.

/s/ Kenneth E. Broughton
Kenneth E. Broughton
Texas Bar No. 03087250
kbroughton@reedsmith.com

Lora Spencer
Texas Bar No. 24085597
lspencer@reedsmith.com

J. Keely Dulaney*
Texas Bar No. 24116306
kdulaney@reedsmith.com

Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

Sarah M. Cummings
Texas Bar No. 24094609
Reed Smith LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
scummings@reedsmith.com

Kathryn Sadasivan*
Amir Badat*
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Phone: (212) 965-2200
Fax: (212) 226-7592
ksadasivan@naacpldf.org
abadat@naacpldf.org

Jennifer A. Holmes*
Georgina Yeomans*
NAACP Legal Defense and Educational Fund, Inc.
700 14th Street NW, 6th Floor
Washington, DC 20005
Telephone: (202) 682-1300
Facsimile: (202) 682-1312
jholmes@naacpldf.org

12

gyeomans@naacpldf.org

Shira Wakschlag*
The Arc of the United States, Inc.
1825 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: (202) 534-3708
Facsimile: (202) 534-3731
wakschlag@thearc.org

*Admitted Pro Hac Vice*

*Counsel for Plaintiffs Houston Justice; Houston Area Urban League; Delta Sigma Theta Sorority, Inc.; The Arc of Texas; and Jeffrey Lamar Clemmons*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 8, 2021, a true and correct copy of the foregoing document was filed via the CM/ECF system and all counsel of record were served electronically.

<u>*/s/ Kenneth E. Broughton*</u>
Kenneth E. Broughton