# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § § § | |
| *Plaintiffs,* | § § | Case No. 5:21-CV-0844-XR |
| vs. | § § | |
| GREGORY W. ABBOTT, et al., | § § | |
| *Defendants.* | § § § | |
| OCA-GREATER HOUSTON, et al., | § § | |
| *Plaintiffs,* | § § | Case No. 1:21-CV-0780-XR |
| vs. | § § § | |
| JOSE A. ESPARZA, et al., | § § | |
| *Defendants.* | § § § | |
| HOUSTON JUSTICE, et al., | § § | |
| *Plaintiffs,* | § § § | Case No. 5:21-CV-0848-XR |
| vs. | § § | |
| GREGORY WAYNE ABBOTT, et al., | § § | |
| *Defendants.* | § § | |
| LULAC TEXAS, et al., | § § | |
| *Plaintiffs,* | § § § | Case No. 1:21-CV-0786-XR |
| vs. | § § | |
| JOSE ESPARZA, et al., | § § § | |
| *Defendants.* | § § | |

| | |
|---|---|
| MI FAMILIA VOTA, et al., § <br> § <br> *Plaintiffs,* § <br> § <br> vs. § <br> § <br> GREG ABBOTT, et al., § <br> § <br> *Defendants.* § <br> § | Case No. 5:21-CV-0920-XR |

**LUPE PLAINTIFFS' RESPONSE
IN OPPOSITION TO MOTION TO INTERVENE OF
HARRIS COUNTY REPUBLICAN PARTY, DALLAS COUNTY
REPUBLICAN PARTY, NATIONAL REPUBLICAN SENATORIAL
COMMITTEE, AND NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE**

Plaintiffs La Unión Del Pueblo Entero, Friendship-West Baptist Church, the Anti-Defamation League Austin, Southwest, and Texoma Regions, Southwest Voter Registration Education Project, Texas Impact, Mexican American Bar Association of Texas, Texas Hispanics Organized for Political Education, Jolt Action, William C. Velasquez Institute, FIEL Houston Inc., Isabel Longoria, and James Lewin (collectively, "**LUPE Plaintiffs**") submit this response in opposition to the motion to intervene as defendants pursuant to Rule 24 of the Federal Rules of Civil Procedure filed by the Harris County Republican Party, Dallas County Republican Party, National Republican Senatorial Committee, and National Republican Congressional Committee (collectively, the "**Republican Committees**") filed at ECF No. 57 (the "**Motion**").[1] As described more fully below, the Republican Committees fail to establish how their interests are not already adequately represented by the Governor of Texas, the Texas Deputy Secretary of State, or the Texas Attorney General ("**Defendants**"), who promoted Senate Bill 1 ("**SB1**"), have a strong interest in vindicating its constitutionality, and are already vigorously defending against the claims

---

[1] Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to such terms in the Motion or the *Complaint for Declaratory and Injunctive Relief*, filed on September 3, 2021, at ECF No. 1 in Case No. 5:21-cv-844-XR, as applicable.

here. The Republican Committees' interests overlap almost completely with Defendants' interests. To the extent that the Republican Committees' interests hypothetically diverge from Defendants', that difference is telling: the Republican Committees also assert an interest in "electing *particular* candidates," *see* Mot. at 10 (emphasis added), but offer no explanation as to how a purportedly neutral, anti-fraud bill (as claimed by Defendants), favors the election of "particular candidates." *See* Mot. at 1, 8. Further, the Republican Committees' intervention would needlessly complicate and delay this already large, consolidated case. The Republican Committees accordingly fail to meet Rule 24's requirements for intervention as of right or permissive intervention, and the Motion should be denied.

**INTRODUCTION**

Throughout the spring and summer of 2021, Governor Abbott and members of the Texas Legislature—based on pretextual claims of "voter fraud" in the 2020 General Election—repeatedly attempted to pass restrictive legislation that would suppress turnout by Texas voters and discourage, even criminalize, the work of public employees, private organizations, and individuals helping citizens exercise their right to vote. On their third try, they finally succeeded, passing SB1 into law. A number of organizations and individuals aggrieved by SB1 filed five separate lawsuits challenging the law, which have been consolidated for procedural purposes. Now, the Republican Committees seek to intervene as defendants as a matter of right out of a concern that existing Defendants will not adequately defend SB1 "to preserve the structure of the competitive electoral environment and to ensure that Texas carries out free and fair elections." *See* Mot. at 3. They also seek intervention because a ruling in the Plaintiffs' favor could "directly prejudice the Republican Committees' candidates in future elections." Mot. at 9.

The Republican Committees fail to establish that Defendants will inadequately represent any interest they may have in the litigation and thus have no right to intervene. To the extent that the Republican Committees are interested in "free and fair elections," such a generalized interest is insufficient to support intervention. *See One Wis. Inst., Inc. v. Nichol*, 310 F.R.D. 394, 397 (W.D. Wis. 2015) (denying intervention by state legislators in voting rights case based on interest in "fraud-free elections"); *see also Am. Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 258 (D.N.M. 2008) (denying intervention by the Republican Party of New Mexico in a voting rights case based on "generalized interests in fair election[s]"); *United States v. Alabama*, No. 2:06-cv-392-WKW, 2006 WL 2290726, at *3 (M.D. Ala. Aug. 8, 2006) (denying intervention by state Democratic Executive Committee and state Democratic Conference chairs in a voting rights case based on interest in "fair and adequate voter registration procedures" and voter confidence in state electoral systems).

To the extent the Republican Committees have a different interest than Defendants, it appears to be their interest in promoting Republican candidates. But that assertion is wholly speculative and unsupported by the facts. If there is some feature or effect of SB1 that the Republican Committees both believe protects their interest in electing Republicans and that Defendants will not adequately defend, then the Republican Committees bear the burden of explaining just what that is. Their motion, however, provides no such explanation. Moreover, a difference in motivation of the putative intervening party does not render representation by the existing party inadequate when their concrete interests overlap. Thus, because the Republican Committees cannot not show that Defendants "may inadequately" represent their interests, intervention as of right should be denied.

This Court should also deny permissive intervention because allowing intervention by the Republican Committees would increase the time and resources required from all parties already consolidated into this complex case, without any appreciable benefit to the Court. The parties to this litigation—all of which are represented by competent, sophisticated counsel and appreciate the gravity of what is at stake—are more than capable of robust litigation in a manner that is more efficient than if the Republican Committees were permitted to intervene. And if the Republican Committees can intervene, presumably the same would be true for any other political party or, for that matter, anyone with an interest in a particular candidate. Mot. at 3. For these reasons, the Court should deny the Motion and allow the parties to move forward towards an efficient resolution of these important issues.

## ARGUMENT

### I.     The Republican Committees Are Not Entitled to Intervention as of Right

The Republican Committees have not carried their burden with respect to intervention as of right under Federal Rule of Civil Procedure 24(a).[2] *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016). To intervene, a putative intervenor must show that: (1) its application is timely; (2) the applicant has "an interest relating to the property or transaction which is the subject of the litigation"; (3) the "disposition of the action may, as a practical matter, impair or impede" the applicant's "ability to protect that interest"; and (4) "the applicant's interest must be inadequately represented by the existing parties to the suit." *Id.* (citing *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015)). The putative intervenor bears the burden

---

[2]  In footnote 3 of the Motion, the Republican Committees string-cite recent voting rights cases wherein political parties were allowed to intervene. *See* Mot. at 2. The vast majority of courts in those cases cited did not allow intervention as of right, either denying intervention as of right or ruling without specifying the basis for allowing intervention.

of proof with respect to all elements, and "failure to prove a required element is fatal." *Rotstain v. Mendez*, 986 F.3d 931, 937 (5th Cir. 2021).

A presumption of adequate representation arises when the applicant "has the same ultimate objective as the party to the suit." *Id.* (citations omitted). To overcome this presumption, the applicant must show "adversity of interest, collusion, or nonfeasance." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 578–79 (5th Cir. 2007) (citation omitted). This burden, while "minimal," is not so light as to "write the requirement completely out of the rule." *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984) (citations omitted). Here, the Republican Committees did not (and cannot) establish that they have a direct, substantial, and legally protectable interest in the subject matter of this lawsuit that would be inadequately represented by Defendants.

The Republican Committees assert an interest in "ensuring that Texas runs free and fair elections according to Texas laws as enacted by Texans' representatives." Mot. at 3. Yet Defendant Abbott (a Republican) shares the same interest, touting in a formal statement that "Senate Bill 1 ensures trust and confidence in our elections system—and most importantly, it makes it easier to vote and harder to cheat . . . . I am proud to sign Senate Bill 1 into law to uphold the integrity of our elections in Texas."[3] Defendant Paxton (also a Republican) similarly has described himself as "a national leader in election integrity."[4]

The Republican Committees assert a purportedly separate interest in electing Republicans, claiming that, because "the Defendants have no interest in electing particular candidates," their

---

[3] OFFICE OF THE TEX. GOVERNOR, *Governor Abbott Signs Election Integrity Legislation Into Law* (Sept. 7, 2021), https://gov.texas.gov/news/post/governor-abbott-signs-election-integrity-legislation-into-law.

[4] OFFICE OF THE ATT'Y GEN. OF TEX., *AG Paxton Announces Formation of 2021 Texas Election Integrity Unit* (Oct. 18, 2021), https://www.texasattorneygeneral.gov/news/releases/ag-paxton-announces-formation-2021-texas-election-integrity-unit.

representation of the Republican Committees' interest may be inadequate. Mot. at 10. But this is not a lawsuit about electing particular candidates. It is a lawsuit about discriminatory or otherwise undue burdens on voting rights that apply in all Texas elections. If the Republican Committees believe that SB1 somehow improves Republicans' electoral chances beyond the law's purported purpose of ensuring "free and fair elections," they must explain how SB1 does so. And, to the extent that this interest actually exists, other courts have recognized that defendants similar to the Defendants can protect it. *See Democracy N.C. v. N.C. State Bd. of Elections*, No. 1:20CV457, 2020 WL 6591397, at *1 (M.D.N.C. June 24, 2020) (opining that the interest of Republican Party intervenors in "electing particular candidates" was "undoubtedly protected by the legislature and other individuals that enacted the rules in the first instance"), *aff'd on recons.*, 2020 WL 6589359 (M.D.N.C. June 30, 2020).

To the extent that the Republican Committees are simply motivated by something slightly different from Defendants, that alleged difference in subjective motivation is irrelevant. *See Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990) (citing *Nat. Res. Def. Council, Inc. v. N.Y. State Dep't of Envtl. Conservation*, 834 F.2d 60, 61-62 (2d Cir. 1987)) ("[A] putative intervenor's interest is not inadequately represented merely because its motive to litigate is different from that of a party to the action."); *Great Atl. & Pac. Tea Co., Inc. v. Town of E. Hampton*, 178 F.R.D. 39, 43 (E.D.N.Y. 1998) ("The fact that the [parties] may have different motives behind their joint interest in defending the statute does not lead to the conclusion that the [existing party] will fail to pursue its defense of the [law] with vigor."). Rather, the key inquiry remains whether the existing parties and the putative intervenor share "the same ultimate objective." *See Haspel & Davis Milling & Planting Co.*, 493 F.3d at 579.

To manufacture daylight between their interests and those of Defendants, the Republican Committees assert that Defendants might provide a faint-hearted defense of SB1 due to alleged political pressures. *See* Mot. at 10. Although the Republican Committees question the fortitude of their co-partisans, those concerns are entirely speculative, hypothetical, and unfounded. Indeed, just four days ago in response to the U.S. Department of Justice filing suit against SB1, Defendant Paxton (a Republican) stated SB1 is "a great and a much-needed bill. Ensuring Texas has safe, secure, and transparent elections is a top priority of mine. I will see you in court. . . !"[5] Defendant Abbott (also a Republican) similarly flouted, "Bring it. The Texas election integrity law is legal."[6] Defendants thus are vigorously defending the very same interest the Republican Committees assert.

At most, the Republican Committees' concerns around Defendants being handicapped or tamed by social and political pressure is a potential, but as-yet-unmanifested, difference in litigation strategy. That, however, is insufficient to justify intervention as of right even if it transpired. *Bush*, 740 F.2d at 358 (citing *Bumgarner v. Ute Indian Tribe of Uintah & Ouray Reservation*, 417 F.2d 1305, 1308 (10th Cir. 1969)) (explaining that tactical differences "cannot alone show inadequate representation"); *Nichol*, 310 F.R.D. at 399 (noting the putative intervenors were pursuing the same goal as current parties and that "'post-hoc quibbles' with the litigation strategy" did not support intervention as of right by a legislator and voter group).

A number of courts have denied intervention by political parties on this basis, holding that a state actor can adequately defend its shared interest with a political party, notwithstanding a difference in motivation by or pressures on the state actor. *See, e.g.*, *Feehan v. Wis. Elections Comm'n*, No. 20-cv-1771-pp, 2020 WL 7182950, at *7 (E.D. Wis. Dec. 6, 2020) (denying

---

[5] @KenPaxtonTX, Twitter (Nov. 4, 2021), https://twitter.com/KenPaxtonTX/status/1456375255530889225.
[6] @GovAbbott, Twitter (Nov. 4, 2021), https://twitter.com/GregAbbott_TX/status/1456379338920759298.

Democratic National Committee motion to intervene in lawsuit to decertify Wisconsin's electoral college results because it had "the same goal as the defendants and ha[d] identified no right independent of the defendants"); *Yazzie v. Hobbs*, No. CV-20-08222-PCT-GMS, 2020 WL 8181703, at *3-4 (D. Ariz. Sept. 16, 2020) (denying intervention by Republican movants because the present defendant could adequately defend the law, despite "not shar[ing] the exact stances" as putative intervenors); *Democracy N.C.*, 2020 WL 6591397, at *2 (denying Republican Party intervention because, among other things, present parties to the case could support and defend the challenged voting process, despite the putative intervenors' divergent interest in election outcome); *Herrera*, 257 F.R.D. at 258 (explaining that the Republican Party did not have a "distinct private interest" to justify intervention as of right when a state defendant was already defending the constitutionality of a voter-registration law).

In sum, the Republican Committees have not met their burden to show that any protected interest they purportedly hold is not adequately represented by Defendants. The Republican Committees, therefore, are not entitled to intervention as of right.

## II. The Republican Committees Are Not Entitled to Permissive Intervention

The Republican Committees are likewise not entitled to permissive intervention. Though "wholly discretionary," *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984), the threshold question for permissive intervention is whether the applicant's "claim or defense and the main action have a question of law or fact in common," *Newby v. Enron Corp.*, 443 F.3d 416, 421 (5th Cir. 2006) (internal quotation marks and citation omitted). The Court should also consider, among other things, whether intervention "will unduly delay or prejudice the adjudication of the original parties' rights," FED. R. CIV. P. 24(b), whether there is adequate representation by other parties, and "whether they are likely to contribute significantly to the

development of the underlying factual issues," *LULAC v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).

While the Republican Committees' defense and the main action have overlapping questions of law, their addition will only complicate and delay this already large, consolidated case. *See Bush*, 740 F.2d at 359 (quoting *Crosby Steam Gage & Valve Co v. Manning, Maxwell & Moore*, 51 F. Supp. 972, 973 (D. Mass. 1943)) ("Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair.").

Despite their request to intervene as full parties in these cases, the Republican Committees assert that they "do not intend to engage in duplicate discovery." Mot. at 12. However, if they seek only to submit briefing with no additional discovery, then they can readily advance their legal positions as amici curiae—not as intervenors—which would ensure their voices are heard while truly preventing "duplicative discovery."

If, by contrast, the Court allows the Republican Committees to intervene, their presence will inevitably complicate these cases and potentially add undue delay. *See, e.g.*, *United States v. North Carolina*, No. 1:13CV861, 2014 WL 494911, at *5 (M.D.N.C. Feb. 6, 2014) (citation omitted) (denying intervention in a voting rights case because putative intervenors would "consume additional and unnecessary judicial resources, further complicate the discovery process, potentially unduly delay the adjudication of the case on the merits, and generate little, if any, corresponding benefit to the existing parties"); *One Wis.*, 310 F.R.D. at 399 ("[A]dding the proposed intervenors could unnecessarily complicate and delay all stages of this case: discovery, dispositive motions, and trial—even if the proposed intervenors forgo filing a pre-answer motion."). As explained above, here, the existing Defendants are more than capable of asserting

an adequate defense to Plaintiffs' claims. And if the Republican Committees at any point want to add their voice to any briefing, they may participate as an amici curiae.

Because the addition of the Republican Committees as intervenor-defendants is likely to add complexity and delay without clarifying legal issues or contributing to the factual record, and because their purported interests are already adequately represented by Defendants, the Court should deny the Republican Committees' request for permissive intervention.

## **CONCLUSION**

For the reasons stated above, the Republican Committees have failed to establish that they are entitled to intervention as of right or that the Court should grant permissive intervention. The Court thus should deny the Motion in its entirety.

Dated:  November 8, 2021

Respectfully submitted,

_/s/ Nina Perales_____
Nina Perales
Texas Bar No. 24005046
Julia R. Longoria
Texas Bar No. 24070166
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210 224-5382
nperales@maldef.org
jlongoria@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Breanna Williams**
Jonathan Bash**
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
breanna.williams@friedfrank.com
jonathan.bash@friedfrank.com

-and-

Christopher Bell*
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
801 17th Street, NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
christopher.bell@friedfrank.com

*Attorneys for Plaintiffs:*
LA UNIÓN DEL PUEBLO ENTERO, SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT, MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS, TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION, JOLT ACTION, WILLIAM C. VELASQUEZ INSTITUTE, FIEL HOUSTON INC.

_/s/ Sean Morales-Doyle_____
Sean Morales-Doyle
N.Y. Bar No. 5646641
Ill. Bar No. 6293421 (inactive)
Eliza Sweren-Becker*
N.Y. Bar No. 5424403
Patrick A. Berry*
N.Y. Bar No. 5723135
Andrew B. Garber*
N.Y. Bar No. 5684147
Jasleen K. Singh*
C.A. Bar No. 316596
BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
Telephone: (646) 292-8310
Facsimile: (212) 463-7308
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu
patrick.berry@nyu.edu
andrew.garber@nyu.edu
jasleen.singh@nyu.edu

_/s/ Elizabeth Y. Ryan_____
Paul R. Genender
Texas State Bar No. 00790758
Elizabeth Y. Ryan
Texas State Bar No. 24067758
Matthew Berde*
Texas State Bar No. 24094379
Megan Cloud
Texas State Bar No. 24116207
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
Paul.Genender@weil.com
Liz.Ryan@weil.com
Matt.Berde@weil.com
Megan.Cloud@weil.com

-and-

Alexander P. Cohen*
Texas State Bar No. 24109739
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8020
Facsimile: (212) 310-8007
Alexander.Cohen@weil.com

*Attorneys for Plaintiffs:*
FRIENDSHIP-WEST BAPTIST CHURCH, ANTI-DEFAMATION LEAGUE AUSTIN, SOUTHWEST, AND TEXOMA REGIONS, TEXAS IMPACT, ISABEL LONGORIA, JAMES LEWIN

12

    */s/ Christian D. Menefee*
Christian D. Menefee
Harris County Attorney
Texas Bar No. 24088049
Christian.Menefee@cao.hctx.net
Jonathan Fombonne
First Assistant Harris County Attorney
Texas Bar No. 24102702
Jonathan.Fombonne@cao.hctx.net
Tiffany Bingham^
Managing Counsel
Texas Bar No. 24012287
Tiffany.Bingham@cao.hctx.net
Sameer S. Birring
Assistant County Attorney
Texas Bar No. 24087169
Sameer.Birring@cao.hctx.net
Radiah Rondon^
Assistant County Attorney
DC Bar No. 499779
Radiah.Rondon@cao.hctx.net
Christina M. Beeler
Assistant County Attorney
Texas State Bar No. 24096124
Christina.Beeler@cao.hctx.net
Susannah Mitcham^
Assistant County Attorney
Texas Bar No. 24107219
Susannah.Mitcham@cao.hctx.net
OFFICE OF THE HARRIS COUNTY ATTORNEY
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924
*Attorneys for Plaintiff:*
ISABEL LONGORIA

\* Admitted *pro hac vice*
^ Application for admission pending
\*\*Not licensed by the bar of any jurisdiction

## CERTIFICATE OF SERVICE

    The undersigned certifies that on November 8, 2021, the foregoing document was filed electronically with the United States District Court for the Western District of Texas via CM/ECF. As such, this Response was served on all counsel who have consented to electronic service.

    */s/ Elizabeth Y. Ryan*
    Elizabeth Y. Ryan