**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al. | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | Case No. 5:21-CV-0844-XR |
| | § | |
| GREGORY W. ABBOTT, et al. | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| OCA-GREATER HOUSTON, et al. | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | Case No. 1:21-CV-0780-XR |
| | § | |
| JOSE A. ESPARZA, et al. | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| HOUSTON JUSTICE, et al. | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | Case No. 5:21-CV-0848-XR |
| | § | |
| GREGORY WAYNE ABBOTT, et al. | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| LULAC TEXAS, et al. | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | Case No. 1:21-CV-0786-XR |
| | § | |
| JOSE ESPARZA, et al. | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

MI FAMILIA VOTA, et al.       §
      §
*Plaintiffs,*       §
      §
vs.       §       Case No. 5:21-CV-0920-XR
      §
GREG ABBOTT, et al.       §
      §
*Defendants.*       §
      §

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

The Parties met and conferred pursuant to Rule 26(f) on Friday, October 15, and Tuesday, October 26, 2021, via videoconference. In accordance with Rule 26(f) and this Court's order of September 30, 2021, the Parties offer the following joint report and discovery plan:[1]

**1. Are there any outstanding jurisdictional issues?**

Plaintiffs contend that this Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) because the claims in this action arise under federal law and seek to redress the deprivation of federal civil rights, including the right to vote.

Defendants Greg Abbott, John Scott[2], and Ken Paxton (hereinafter the "State Defendants") make various arguments about the court's jurisdiction in their motions to dismiss the complaints, particularly with respect to sovereign immunity and standing.

Defendant Lupe Torres has also filed a motion to dismiss the complaints raising standing issues.

Plaintiffs disagree and intend to oppose those motions.

**2. Are there any unserved parties?**

Plaintiffs believe all of the defendants have been served.

The State Defendants and Defendant Torres are unaware of any unserved parties.

---

[1] The United States and the State of Texas are in the process of scheduling a Rule 26(f) conference. The parties to *United States v. Texas*, No. 5:21-cv-1085 (W.D. Tex.), will submit a separate Rule 26(f) report shortly after completing their conference.

[2] The Secretary of State is automatically substituted for the Deputy Secretary under Rule 25(d).

**3.   What are the causes of action, defenses, and counterclaims in this case? What are the elements of the causes of action, defenses, and counterclaims pled?**

**Plaintiffs Contentions:**
**LUPE Plaintiffs' Causes of Action in *LUPE et al. v. Abbott et al.*, Case No. 5:21-CV-0844-XR**

**Summary:** LUPE Plaintiffs challenge provisions of Senate Bill 1 ("SB 1") under Sections 2 and 208 of the Voting Rights Act, Title II of the Americans with Disabilities Act, and the First, Fourteenth, and Fifteenth Amendments to the United States Constitution.

**Count One – Violation of First and Fourteenth Amendments, Undue Burden on the Right to Vote:** LUPE Plaintiffs allege that SB 1 violates the First and Fourteenth Amendments by unduly burdening the right to vote. All burdens on the right to vote, however slight, must be justified by relevant and legitimate state interests sufficiently weighty to justify the limitation.

**Count Two – Violation of the Fourteenth Amendment, Intentional Race Discrimination:** LUPE Plaintiffs allege that SB 1 violates the Fourteenth Amendment because all relevant indicia demonstrate that a racially discriminatory purpose was a motivating factor in the passage of SB 1. Discriminatory intent may be inferred by analyzing the context during and by which the challenged provisions were enacted, and by reviewing the challenged provisions' disproportionate racial impact.

**Count Three – Violation of the Fifteenth Amendment, Discrimination Against Voters Based on Race or Color:** LUPE Plaintiffs allege that SB 1 violates the Fifteenth Amendment because all relevant indicia demonstrate that a racially discriminatory purpose was a motivating factor in the passage of SB 1. Discriminatory intent may be inferred by analyzing the context during and by which the challenged provisions were enacted, and by reviewing the challenged provisions' disproportionate racial impact.

**Count Four – Violation of Section 2 of the Voting Rights Act:** LUPE Plaintiffs allege that SB 1 violates Section 2 of the Voting Rights Act by having the effect of denying or abridging the right to vote and creating less opportunity for voters of color to participate in the political process and to elect representatives of their choice.

**Count Five – Violation of Section 208 of the Voting Rights Act:** LUPE Plaintiffs allege that SB 1 violates Section 208 of the Voting Rights Act by prohibiting broad categories of individuals who require assistance in marking or reading their ballot from receiving assistance from the person of their choice as required by federal law. Section 208 of the Voting Rights Act guarantees voters with disabilities and limited language proficiency the right to assistance by a person of the voter's choice.

**Count Six – Violation of Title II of the Americans with Disabilities Act:** LUPE Plaintiffs allege that SB 1 violates Title II of the Americans with Disabilities Act by

denying voters with qualifying disabilities equal access to the franchise and preventing such voters from exercising their fundamental right to vote. Title II requires state and local governments to ensure that people with disabilities have a full and equal opportunity to vote.

**Count Seven – Violation of the First and Fourteenth Amendments, Impermissible Restriction on Free Speech:** LUPE Plaintiffs allege that SB 1 violates the First and Fourteenth Amendments because the anti-solicitation provision of SB 1 regulates speech on the basis of content and is not narrowly tailored to serve a compelling state interest.

**Count Eight – Violation of the First and Fourteenth Amendments, Unconstitutional Vagueness and Impermissible Restriction of Free Speech:** LUPE Plaintiffs allege that SB 1 violates the First and Fourteenth Amendments because the "vote harvesting" provision in Section 7.04 of SB 1 regulates speech on the basis of content and is not narrowly tailored to serve a compelling state interest. Section 7.04 also fails to provide those targeted by the statute a reasonable opportunity to know what conduct is prohibited and is so indefinite that it allows arbitrary or discriminatory enforcement.

**Count Nine – Violation of the Fourteenth Amendment, Unconstitutional Vagueness:** LUPE Plaintiffs allege that SB 1 violates the Fourteenth Amendment because the "poll watcher obstruction" provision in Section 4.09 fails to provide those targeted by the statute a reasonable opportunity to know what conduct is prohibited and is so indefinite that it allows arbitrary or discriminatory enforcement.

**Count Ten – Violation of the Supremacy Clause of the U.S. Constitution:** LUPE Plaintiffs allege that SB 1 violates the Supremacy Clause because the law conflicts and interferes with the implementation of federal law, namely Section 208 of the Voting Rights Act.

**Count Eleven – Violation of the First and Fourteenth Amendments of the U.S. Constitution, Impermissible Restriction on Free Speech:** LUPE Plaintiffs allege that SB 1 violates the First and Fourteenth Amendments because its enhanced requirements for persons assisting voters violate the free speech rights of those persons.

**LULAC Plaintiffs' Causes of Action in *LULAC Texas et al. v. Scott et al.*, Case No. 1:21-CV-786-XR, consolidated with 5:21-CV-844-XR**

**Summary:** LULAC Plaintiffs challenge provisions of SB 1 under Sections 2 and 208 of the Voting Rights Act, as well as the First and Fourteenth Amendments to the United States Constitution.

**Count One – Violation of Section 2 of the Voting Rights Act:** LULAC Plaintiffs allege that SB 1 violates Section 2 of the Voting Rights Act because all relevant indicia demonstrate that a racially discriminatory purpose was a motivating factor in the passage of SB 1. Discriminatory intent may be inferred by analyzing the context during and by

which the challenged provisions were enacted, and by reviewing the challenged provisions' disproportionate racial impact.

**Count Two – Violation of the First and Fourteenth Amendment, Undue Burden on the Right to Vote:** LULAC Plaintiffs allege that SB 1 violates the First and Fourteenth Amendments by unduly burdening the right to vote. All burdens on the right to vote, however slight, must be justified by relevant and legitimate state interests sufficiently weighty to justify the limitation. As to Count II, LULAC Plaintiffs challenge SB 1 §§ 4.01-4.02, 4.06-4.07, 4.09, 4.12, and 6.03-6.04.

**Count Three – Violation of the First and Fourteenth Amendment, Restriction on Free Speech and Expression:** LULAC Plaintiffs allege that SB 1 violates the First and Fourteenth Amendments by prohibiting broad categories of persons from communicating with voters because of the perceived content of their message, and unduly restricting free speech and expression. Courts apply "strict scrutiny" to laws that burden political speech, meaning that the challenged restrictions must be narrowly tailored to fulfill a compelling state interest. As to Count III, LULAC Plaintiffs challenge SB § 7.04.

**Count Four – Violation of Section 208 of the Voting Rights Act:** LULAC Plaintiffs allege that SB 1 violates Section 208 of the Voting Rights Act by prohibiting broad categories of individuals who require assistance in marking or reading their ballot from receiving assistance from the person of their choice as required by federal law. Section 208 of the Voting Rights Act guarantees voters with disabilities and limited language proficiency the right to assistance by a person of the voter's choice. As to Count IV, LULAC Plaintiffs challenge SB 1 § 7.04.

**Houston Justice Plaintiffs' Causes of Action in *Houston Justice et al. v. Abbott et al.*, Case No. 5:21-cv-0848-XR**

**Summary:** Houston Justice Plaintiffs challenge provisions of SB 1 under Section 2 and Section 208 of the Voting Rights Act, Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the First, Fourteenth, and Fifteenth Amendments to the United States Constitution.

**Count One – Violation of Section 2 of the Voting Rights Act**: To state a claim under Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301 *et seq.*, Plaintiffs allege that SB 1 has the effect of denying or abridging the right to vote and creating less opportunity for voters of color to participate in the political process and to elect representatives of their choice.

**Count Two – Violation of the Fourteenth Amendment, Race Discrimination**: To state a claim for race discrimination under the Fourteenth Amendment of the U.S. Constitution, 42 U.S.C. § 1983, Plaintiffs allege that SB 1 was enacted at least in part with an intent to discriminate against voters of color on the basis of race.

**Count Three – Violation of the Fifteenth Amendment:** To state a claim under the Fifteenth Amendment of the U.S. Constitution, § 1983, Plaintiffs allege that SB 1 was enacted at least in part with an intent to discriminate against voters of color on the basis of race.

**Count Four – Violation of the First and Fourteenth Amendment, Undue Burden on the Right to Vote:** To state a claim for undue burden on the right to vote under the First and Fourteenth Amendments to the U.S. Constitution, § 1983, Plaintiffs allege that the challenged policy burdens the right to vote and is not justified by relevant and sufficient state interests.

**Count Five -- Violation of the Fourteenth Amendment, Due Process Void for Vagueness:** To state a claim that the poll watcher obstruction provisions of SB 1 are void for vagueness under the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution, § 1983, Plaintiffs allege that the provision fails to provide those targeted by the statute a reasonable opportunity to know what conduct is prohibited or is so indefinite that it allows arbitrary or discriminatory enforcement.

**Count Six – Violation of Section 208 of the Voting Rights Act:** To state a claim under Section 208 of the Voting Rights Act, 52 U.S.C. § 10508, Plaintiffs allege that SB 1 impedes the ability of voters with disabilities to get assistance from the person of the voters' choice.

**Count Seven -- Violation of Title II of the Americans with Disabilities Act:** To state a claim under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*, Plaintiffs allege that SB 1 denies voters with disabilities a full and equal opportunity to participate in Defendants' voting programs.

**Count Eight -- Violation of Section 504 of the Rehabilitation Act of 1973:** To state a claim under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, Plaintiffs allege that SB 1 denies voters with disabilities a full and equal opportunity to participate in Defendants' voting programs.

**OCA-Greater Houston Plaintiffs' Causes of Action in *OCA-Greater Houston et al. v. Esparza et al.*, Case No. 1:21-cv-00780-XR, consolidated with 5:21-CV-0844-XR**

**Summary:** OCA-Greater Houston Plaintiffs challenge certain provisions of SB 1 under 52 U.S.C. § 10101 (Civil Rights Act of 1964), Section 208 of the Voting Rights Act, Title II of The Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the First and Fourteenth Amendments to the United States Constitution.

**Count One – Violation of 52 U.S.C. § 10101; 42 U.S.C. § 1983 (Section 1971 of the Civil Rights Act of 1964):** OCA-GH Plaintiffs allege that SB 1 violates the Materiality provision of the Civil Rights Act which prohibits officials from denying an individual the right to vote based on "an error or omission on any record or paper relating to any application, registration, or other act requisite to voting" if the error or omission was not

6

"material" in determining an individual's qualification to vote. OCA-GH Plaintiffs contend that SB 1's new requirement to provide ID information on mail-ballot applications and ballot envelopes, and the automatic rejection of ballots for errors or omissions in providing that information, violates this provision of federal law because this information is not material in determining the eligibility of a voter who has already been registered and qualified to vote by election authorities.

**Counts Two & Five – Violation of Title II of The Americans with Disabilities Act:** OCA-GH Plaintiffs allege that certain provisions of SB 1 violate the ADA by denying voters with disabilities the opportunity to participate in the voting process by (1) requiring ID information and automatically rejecting mail-ballots that include errors or omissions in this information, when the opportunity to vote by mail is specifically intended for use by voters with disabilities, and voters with disabilities are particularly likely to not have access to this information or to make data entry errors; and (2) limiting the types of assistance and the people who may serve as an assistant to voter with disabilities who intend to vote in-person. Further, SB 1 denies people with disabilities the right to reasonable modifications that may be necessary to avoid discrimination based on their disability.

**Counts Three & Six – Violation of Section 504 of the Rehabilitation Act of 1973:** OCA-GH Plaintiffs allege that the same provisions of SB 1 that violate the ADA as described above, also violate Section 504 of the Rehabilitation Act of 1973 because they result in the denial of participation and benefits afforded others—and subject voters with disabilities to discrimination—solely by reason their disability, and similarly preempt any reasonable modifications necessary to avoid discrimination based on a person's disability.

**Count Four – Violation of Section 208 of the Voting Rights Act:** OCA-GH Plaintiffs allege that SB 1 violates Section 208 of the Voting Rights Act by prohibiting broad categories of individuals who require assistance to vote from receiving assistance from the person of their choice as required by federal law, and from receiving assistance with the full range of things with which they may need assistance in order to cast a ballot. Section 208 of the Voting Rights Act guarantees voters with disabilities and limited language proficiency the right to assistance by a person of the voter's choice, and includes the right to assistance in all aspects of the voting process, while SB 1 purports to limit the types of assistance available and the individuals who may serve as assistants.

**Counts Seven & Eight – Violation of the First and Fourteenth Amendment:** OCA-GH Plaintiffs allege that SB 1 violates the First and Fourteenth Amendments by making it a crime to engage in certain core political speech, and for imposing these criminal sanctions in relation to fundamental rights in a manner that is too vague to reasonably be interpreted

by the public, that will chill substantial amounts of speech, and that is susceptible to arbitrary enforcement.

**Mi Familia Vota Plaintiffs' Causes of Action in *Mi Familia Vota et al., v. Abbott et al.*, Case No. 5:21-CV-0920-XR, consolidated in Case No. 5:21-CV-0844-XR**

**Summary:** Mi Familia Vota Plaintiffs challenge SB 1 under the First and Fourteenth Amendments of the U.S. Constitution and Sections 2 and 208 of the Voting Rights Act.

**Count One – First and Fourteenth Amendments of the U.S. Constitution, Undue Burden on the Right to Vote:** Mi Familia Vota Plaintiffs allege SB 1 violates the First Amendment and Due Process Clause of the Fourteenth Amendment because, among other things, it enacts an arsenal of suppressive measures that burden Mi Familia Vota and disproportionately disenfranchises voters of color. SB 1 proscribes Mi Familia Vota, a non-partisan advocacy group, from distributing mail-in ballot materials, which inhibits its mission of supporting participation in democratic elections. SB 1 also suppresses the expressive conduct of individuals by unduly burdening their ability to vote. SB 1 restricts the time, place, and manner by which predominately non-white individuals can vote without a required counter-veiling compelling justification.

**Count Two – Fourteenth and Fifteenth Amendments to the U.S. Constitution, Racial Discrimination and Denial of Equal Protection Under the Law:** Mi Famila Vota Plaintiffs allege SB 1 violates the Fourteen and Fifteenth Amendments because the Texas Legislature enacted SB 1 with the discriminatory intent of disenfranchising voters of color, who voted in record numbers in the 2020 general election. Among other things, the extensive history of racial discrimination in Texas, the foreseeable discriminatory impact of SB 1 without any ameliorating attempts, the events leading up to enactment of SB 1, and the weak-to-non-existent justification for SB 1 all infer discriminatory purpose.

**Count Three – Racial Discrimination in Violation of the Voting Rights Act:** Section Two of the Voting Rights Act prohibits denying or abridging the right to vote on account of race. Mi Familia Vota Plaintiffs allege the Texas Legislature enacted SB 1 for that purpose. SB 1 denies voters of color full and equal access to the political process and the ability to express support for the representatives of their choice because of their race. SB 1 removes voting options such as drive-through voting and 24-hour voting and mandates

monthly purges of voter rolls. These measures attack those methods by which voters of color cast ballots in 2020.

**Count Four – Violation of Section 208 of the Voting Rights Act:** Section 208 of the Voting Rights Act permits disabled voters or voters with limited literacy or English proficiency to choose a voting assistant so those individuals can participate in democracy. SB 1 effectively bans such voters from the polls by impeding on their ability to get assistance. SB 1 requires voters' assistants to complete myriad of forms, disclosures, and tasks to be able to assist. If an assistant does not or cannot complete this burdensome process, then a voter covered by Section 208 cannot choose that person and will ultimately be disenfranchised.

## State Defendants' Contentions:

Defenses

The State Defendants have moved to dismiss the claims against them pursuant to Rule 12(b)(1) on multiple grounds as set forth in their pleadings, including that they are not proper defendants in the action. They have moved to dismiss certain claims pursuant to Rule 12(b)(6), and assert that all amendments to the election code enacted through passage of Senate Bill 1 are constitutional and do not conflict with—let alone violate—any federal statute raised as the basis for any of Plaintiffs' claims in any of the consolidated cases. In light of those filings, their answer is not yet due. As to the ADA, Rehabilitation Act, and Section 208 claims, the State Defendants intend to assert affirmative defenses including but not limited to, fundamental alteration, reasonable accommodation, and undue burden.

## Defendant Medina County Elections Administrator Lupe Torres' Contentions:

Defenses

Defendant Lupe Torres has moved to dismiss the claims against him pursuant to Rule 12(b)(1) on the ground that Plaintiffs have no injuries traceable to Mr. Torres. He has moved to dismiss certain other claims pursuant to Rule 12(b)(6). He has not yet answered the *LUPE v. Abbott* complaint.

## Defendant Bexar County Elections Administrator Jacquelyn Callanen's Contentions:

Defenses

Defendant Callanen has been sued in her official capacity only and does not assert any counterclaims. Defendant Callanen denies that her actions have violated any state or federal laws, and does not believe that Plaintiffs are entitled to any recovery of costs or attorneys' fees from her or from Bexar County. Defendant Callanen asserts that Plaintiffs' claims arise from actions in which she was not involved and over which she had no control. Defendant Callanen reserves the right to raise any additional defenses that may become apparent throughout the factual development of this case.

**Defendant Dallas County Elections Administrator Michael Scarpello's Contentions:**

Defenses

> Those Plaintiffs who have sued Defendant Michael Scarpello in his official capacity as Dallas County Election Administrator, namely LULAC Texas, Voto Latino, Texas Alliance for Retired Americans, and Texas AFT, aver that SB 1 violates (i) Section 2 of the Voting Rights Act; (ii) the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983, in that, Plaintiffs allege, SB 1 creates an undue burden on the right to vote and restricts the Plaintiffs' constitutional rights of free speech and expression; and (iii) Section 208 of the Voting Rights Act and the First, Fourteenth, and Twenty-Sixth Amendments to the U.S. Constitution. Defendant Scarpello denies that he has violated any state or federal laws or any rights secured by the United States Constitution. Defendant Scarpello contends that he had no involvement in the enactment of SB 1, which is a creature of the Texas Legislature. Defendant Scarpello must abide by Texas law unless such law is repealed, modified, revoked, or overturned by a court of competent jurisdiction.  Defendant Scarpello further contends that the dispute over SB 1 should be between Plaintiffs and the State Defendants and, since the State Defendants are in this case, the case against Defendant Scarpello and the other county election officials should be limited at this phase until a resolution of the constitutionality of SB 1. Plaintiffs may lack standing to assert some or all of their claims.  Defendant Scarpello is not a state policymaker and is not empowered or authorized to unilaterally change statutes enacted by the Texas Legislature and signed into law by Governor Abbott.  Defendant Scarpello likely does not have the power or authority, acting alone, to provide redress to Plaintiffs' alleged injuries in light of the mandates of SB 1.  Defendant Scarpello also may lack discretion in the implementation, enactment, or enforcement of all or a portion of SB 1.  Sovereign immunity and/or equity and justice bar Plaintiffs' recovery of attorneys' fees from Defendant Scarpello.

**Defendant El Paso County Elections Administrator Lisa Wise's Contentions:**

Defenses

> El Paso County Election Administrator Lisa Wise, Defendant in the LULAC v. Esparza case, asserts the following defenses in her answer: 1) no liability for any award of attorneys' fees in this action; 2) no liability for the fault of other persons or entities over which Defendant Wise had no control; and 3) no liability if other parties are found responsible or liable for violations of law. In addition, Defendant Wise reserves the right to assert other defenses as she learns of their existence after discovery and subsequent proceedings in this case.

**Defendant Harris County Elections Administrator Isabel Longoria's Contentions:**

Defenses

Harris County Elections Administrator Isabel Longoria, defendant in three of the cases consolidated into this matter, asserts in her defense that she has not violated any of the plaintiffs' rights under the Constitution or the Voting Rights Act, has not discriminated against any of the plaintiffs, and is not liable for attorneys' fees or costs to any of the parties. Defendant Longoria had no role in enacting S.B. 1, and does not intend to defend the constitutionality of the statute in this lawsuit.  Defendant Longoria has raised several defenses in her Answer and reserves the right to raise any additional defenses that may become apparent throughout the factual development of this case.

**Defendant Hidalgo County Elections Administrator Yvonne Ramon's Contentions:**

Defenses

Yvonne Ramon, Hidalgo County Elections Administrator, has been sued in her official capacity only (In *Lulac v. Esparza*) and has not asserted any counterclaims at this time.  Defendant Ramon denies her actions have violated any state or federal law or rights of any of the Plaintiffs.  Defendant Ramon does not believe Plaintiffs are entitled to recovery of any costs or attorney's fees from her.  Defendant Ramon has taken no position on the constitutionality of Senate Bill 1 as she did not enact it.  Defendant Ramon reserves the right to raise any additional defenses as necessary should they arise later in this lawsuit.

**Defendant Travis County Clerk Dana DeBeauvoir's Contentions:**

Defenses

Defendant DeBeauvoir has been sued in her official capacity as the Travis County Clerk in the *LULAC v. Esparza* and *OCA-Greater Houston v. Esparza* cases.  She denies that her actions have violated any state or federal laws or rights of Plaintiffs secured under the United States Constitution and does not believe Plaintiffs are entitled to recovery of attorneys' fees from her or Travis County. Defendant DeBeauvoir had no role in enacting S.B. 1, and does not intend to defend the constitutionality of the statute in this lawsuit.  Defendant DeBeauvoir has raised several defenses in her Answer and reserves the right to raise any additional defenses that may become apparent throughout the factual development of this case.

4. **State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

   (A) **what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

Pursuant to the Court's Order of September 30, 2021, the parties exchanged initial disclosures on November 5, 2021.

**(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

The Plaintiffs expect to conduct discovery on subjects including, but not limited to:

- the effects of SB 1, including any and all harm caused to organizational Plaintiffs' voter registration, education, and engagement activities, to Plaintiffs' members, to other voters, to election judges, to the administration of elections in Texas, and to the recruitment of election workers;
- the implementation of SB 1;
- the legislative history of SB 1, including the purposes for its enactment; any evidence supporting or undermining the reasons offered by SB 1's enactment; and
- the history of race discrimination in Texas and its impact on elections and voting rights.

The State Defendants contend that much of Plaintiffs' proposed discovery is unnecessary, including discovery evidence of the effect of SB 1 on the success of Plaintiffs' educational and voter-registration activities because any injury to those efforts is not cognizable.

The State Defendants expect to conduct discovery on subjects including, but not limited to:

- The standing of the organizational and individual plaintiffs;
- evidence tending to undermine claims that SB 1 adversely impacts, among others, disabled, illiterate, or foreign language speakers;
- the history of voter misconduct, including, among others, improper mail-in voting, unauthorized forms of voting, and inaccurate voter registration;
- evidence supporting all affirmative defenses applicable to Plaintiffs' claims, including, but not limited to, fundamental alteration, reasonable accommodation, and undue-burden defenses; and
- the accommodations and forms of assistance needed (if any) by any of the Individual Plaintiffs or any of the Entity Plaintiffs' members.

Defendant Torres agrees with the State Defendants regarding the necessity of much of Plaintiffs' proposed discovery. In addition to the discovery categories listed by the State Defendants, Defendant Torres intends to conduct discovery on Plaintiffs' standing to bring these claims, including the funding and membership of their organizations and the alleged injuries they have suffered.

Defendant DeBeauvoir has not been able to determine all subjects on which discovery may be needed at this time, but reasonably anticipates that the parties will retain expert witnesses to review election administration data obtained from various sources, primarily from the Secretary of State's office.

Pursuant to this Court's order of September 30, 2021, the parties attach their proposed schedule as Exhibit 1. All of the parties agree to each of the dates proposed in Exhibit 1 with two exceptions. First, the State Defendants propose March 20 as the date for disclosing tentative trial witness list. Plaintiffs object to this proposal.

The State Defendants believe that because the Plaintiffs identified over 260 witnesses in their Initial Disclosures, in addition to there being 24 organizational plaintiffs and 6 individual plaintiffs, the Court should set a date by which Plaintiffs must disclose their tentative trial witness list to allow the State Defendants sufficient time to conduct necessary discovery, including deposing all trial witnesses.

Second, the parties disagree over the proposed trial date. Plaintiffs propose a July 5 trial date, which they have confirmed with the Courtroom Deputy is available. The State Defendants and Defendant Lupe Torres object to the trial date on the grounds that it leaves insufficient time for the parties to prepare for trial and leaves the Court insufficient time to decide dispositive motions before trial. Defendant Torres further believes that the pace of the schedule is unworkable, especially in light of the other parties' position regarding discovery (*see* Section E, below) where they propose either 70 depositions or 175 hours of depositions (which is at minimum 50 depositions). It is highly unlikely that this case can be worked up for trial in an expedited schedule given this amount of discovery.

Because this case concerns the right to vote and the conduct of elections, the Plaintiffs seek an expedited discovery and trial schedule to allow for a resolution of this case in advance of the November 2022 general elections. The parties recognize that the primary election on March 1, 2022, may lead to the discovery of evidence that is relevant to the claims and defenses in this case. For these reasons, the parties have agreed on May 13, 2022, as the deadline for the completion of all discovery and propose two departures from the Court's typical discovery schedule. First, the parties propose two rounds of simultaneous expert disclosures by the parties:

- February 7, 2021: deadline for first round of expert disclosures by all parties
- March 2, 2021: deadline for rebuttal by all parties to first round of expert disclosures
- April 1, 2021: deadline for supplemental expert disclosures by all parties, limited to: (1) facts, data, or issues raised by or resulting from the March 1, 2022 primary election; or (2) responses to previous expert disclosures
- April 29, 2021: deadline for rebuttal by all parties to supplemental expert disclosures

Second, the parties propose expedited briefing on any motions for summary judgment, and the Plaintiffs propose a trial date three weeks after the conclusion of that briefing schedule. Defendant Torres believes that since the case concerns almost entirely questions of law, the schedule should ensure that there is time for dispositive motions to be fully considered.

The parties also do not believe that this is a case that is suitable for the alternative dispute resolution process and have therefore not proposed deadlines for that process.

The State Defendants and Defendant Torres do not waive the right to argue that voting laws should not be changed on the eve of an election. *See, e.g.*, *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curiam).

> **(C)  any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

The parties have conferred about the possibility of entering into an agreement concerning the production of electronically stored information. The parties have not yet reached an agreement on the terms.

> **(D)  any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The parties have conferred about the possibility of a Rule 502 order, but have not yet come to an agreement.

> **(E)  what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

The parties agree that a change is necessary to the limitation in Rule 30 on the number of depositions that may be taken by the plaintiffs or defendants.

The Plaintiffs propose that both plaintiffs and defendants be limited to 35 depositions of fact witnesses per side in this matter.

The State Defendants propose that the parties be limited to 175 hours of fact witness testimony depositions per side in this matter.

It is the position of Defendant Torres that a time-based limit on depositions is more appropriate than a limit on the number of depositions, but that 175 hours exceeds the needs of the case given that the case is a facial challenge to a statute which presents primarily, if not entirely, questions of law. Given the number of parties, an expansion from the default rule of ten depositions may be warranted, but both 35 depositions and 175 hours of fact witness deposition far exceeds the number necessary.

The parties agree that the plaintiffs and defendants should be entitled to a deposition of each opinion witness disclosed by their opponents.

> **(F)  any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties have conferred regarding the possibility of an agreed protective order, but no party has yet identified confidential documents for production. If a protective order is necessary

14

after confidential documents are identified, the parties will propose an order for the Court's consideration and approval. El Paso County Elections Administrator Lisa Wise and Hidalgo County Elections Administrator Yvonne Ramon, Defendants in the LULAC v. Esparza case, and Travis County Clerk Dana DeBeauvoir, Defendant in the LULAC v. Esparza case and the OCA-Greater Houston case, reserve the right to seek entry of the model Western District of Texas district court protective order, with appropriate modifications as necessary, if confidential information is identified as responsive to any party's discovery requests.

**5. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

Pursuant to the Court's Order of September 30, 2021, the parties exchanged initial disclosures on November 5, 2021. The parties have not conducted any additional discovery at this time. The parties believe the proposed discovery schedule will be the most efficient means for conducting discovery.

**6. What, if any, discovery disputes exist?**

The parties have not encountered any discovery disputes at this time.

**7. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties have conferred about the possibility of a Rule 502 order, but have not yet come to an agreement. The State Defendants have raised the possibility that some of the information Plaintiffs may seek in discovery will be protected by multiple privileges including attorney-client, deliberative-process, or legislative privilege.  However, State Defendants have not received any discovery requests to date.

**8. Have the parties discussed mediation?**

The parties have considered the possibility of mediation. Because plaintiffs challenge the constitutionality of SB 1, it is unlikely the parties will be able to resolve this dispute through mediation or settlement. The parties thus request that Rule CV-88 of the Local Rules of the Western District of Texas be waived.

**9. Who are the key witnesses/players and custodians of information and data?**

Beyond the parties and their designated representatives, the parties have identified a list of potential witness and relevant individuals in their Rule 26(a)(1) Initial Disclosures. Those persons generally consist of legislators, county election officials, and others involved in the legislative process that produced SB 1.

For clarity and in addition to the foregoing, each Party reserve(s) the right to seek evidence from and call any witness identified by any Party to these consolidated cases.

Defendant Torres believes that the majority of the witnesses listed in Plaintiffs' Initial Disclosures are irrelevant and do not have discoverable information.

**10. Will subpoenas need to be issued to various individuals/entities under Rule 45, or will Defendants agree they are in possession, custody, or control of data such that service of requests for production pursuant to Rule 34 will suffice?**

A number of the witnesses disclosed by the parties are third party witnesses and will need to be issued subpoenas pursuant to Rule 45. Rule 45 subpoenas may be issued to other non-parties.

Defendant Torres believes that the majority of the witnesses listed in Plaintiffs' Initial Disclosures are irrelevant and do not have discoverable information.

**11. How did the witnesses communicate with each other about relevant facts?**

The parties have begun to confer about how the witnesses communicated with one another about relevant facts.

The LULAC Plaintiffs—at this point—do not believe that plaintiffs' internal communications are relevant to the subject matter of this lawsuit. To the extent any defendants identify issues for which the LULAC Plaintiffs' internal communications are in fact relevant, the parties will confer about how the relevant witnesses communicated.

With respect to Defendant Scarpello, Mr. Scarpello and other potential witnesses identified by Defendant Scarpello are unlikely to have communicated directly with any other potential witness who was involved in the introduction or enactment of SB 1 in the Texas Legislature.

**12. Have steps been taken to preserve relevant data?**

Counsel for the parties have all informed their clients to preserve all documents and communications that are potentially relevant to this litigation.

**13. Has a litigation hold been disseminated?**

Litigation hold letters have been disseminated to each of the LUPE Plaintiffs.

Litigation holds have been disseminated to each of the LULAC Plaintiffs.

Litigation hold letters have been disseminated to each of the Houston Justice Plaintiffs.

Litigation hold letters have been disseminated to each of the Mi Familia Vota Plaintiffs.

The *OCA-Greater Houston* Plaintiffs have been advised on their duties to retain relevant documents and information related to this case. The *OCA-Greater Houston* Plaintiffs have not identified additional non-parties needing to be served with litigation holds at this time.

Litigation hold letters have been disseminated to each of the three State Defendants.

A litigation hold letter has been disseminated to Michael Scarpello in his official capacity as Dallas County Elections Administrator and to appropriate individuals in the Dallas County Elections Department.

**14. What forms will be used for the production of data?**

As noted above, the parties continue to confer about the methods and form of production, but hope to reach agreement shortly. The Defendants have forwarded a proposed Stipulated Electronically Stored Information Agreement to the Plaintiffs for consideration. Once the parties have agreed on the order, it will be filed with the Court for signature.

**15. Are there any claims asserted that will not require discovery and for which the filing of immediate cross motions for summary judgment would be appropriate?**

The Plaintiffs do not presently believe that any of these causes of action is subject to resolution on a motion for summary judgment without additional discovery.

The Defendants have addressed numerous legal issues in their motions to dismiss and believe several of the named State Defendants are improperly named as parties. Depending on the Court's rulings the Defendants believe summary judgement may be appropriate. The Defendants believe summary judgment will be appropriate for legal issues not addressed in the motions to dismiss.

**16. Do any of the complaints need to be amended? Should one omnibus complaint be filed?**

Plaintiffs do not presently intend to amend their complaints or to file an omnibus complaint. As Defendant Esparza was named as a Defendant due to a vacancy in the office of the Secretary of State, and that position has since been filled, the newly appointed Secretary of State, John B. Scott, should be automatically substituted for Defendant Esparza pursuant to Fed. R. Civ. P. 25(d).

The State Defendants and Defendant Torres believe with five Plaintiffs, overlapping factual allegations, and overlapping claims that an omnibus complaint would be appropriate and would conserve judicial resources.

**17. What facts can be stipulated to by the parties?**

The parties will endeavor to stipulate to agreed facts whenever possible, but have not yet agreed to any such stipulations.

**18. What documents/data can be agreed to as "authentic" for evidentiary purposes?**

The parties will endeavor to stipulate to the authenticity of evidence whenever possible, but have not yet agreed to any such stipulations.

**19. Isabel Longoria is noted as a Plaintiff in 21-cv-844 and as a Defendant in 21-cv-780, 21-cv-848, and 21-cv-786. How is this issue going to be addressed?**

Harris County Election Administrator Isabel Longoria is discussing this issue with the plaintiff and defendant groups in the cases in which she is a party. Although there is no overlap between her claims as plaintiff and the claims against her as a defendant, she may seek to be realigned as a plaintiff in 21-cv-780, 21-cv-848, and 21-cv-786 to facilitate the administration of these consolidated cases.

Plaintiffs who have named Longoria as a defendant have indicated that they would be opposed to a realignment of parties insofar as it may extinguish their claims against Longoria, and have indicated that such realignment may result in amended complaints naming Longoria as a cross-defendant.

**20. Are there any standing issues for each cause of action that must be addressed by way of adding a party?**

No party proposes adding a party to the litigation to resolve standing issues.

**21. Who will serve as lead counsel?**

Each plaintiff group that filed a complaint in this consolidated action will designate lead counsel.

Lead counsel for State Defendants will be Patrick Sweeten and Will Thompson.

Lead counsel for Defendant Torres will be Chad Ennis and Robert Henneke.

Lead counsel for Defendant Scarpello will be Barbara Nicholas.

Lead counsel for Defendant Wise will be Ranjana Natarajan.

*Attorneys for LUPE Plaintiffs*

/s/ Andrew B. Garber
Sean Morales-Doyle (NY Bar No. 5646641)
Eliza Sweren-Becker* (NY Bar No. 5424403)
Patrick A. Berry* (NY Bar No. 5723135)
Andrew B. Garber* (NY Bar No. 5684147)
Jasleen K. Singh* (Cal. Bar No. 316596)
**BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: (646) 292-8310
Facsimile: (212) 463-7308
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu
patrick.berry@nyu.edu
andrew.garber@nyu.edu
jasleen.singh@nyu.edu

Paul R. Genender (Tex. Bar No. 00790758)
Elizabeth Y. Ryan (Tex. Bar No. 24067758)
Matthew Berde* (Tex. Bar No. 24094379)
Megan Cloud (Tex. Bar No. 24116207)
**WEIL, GOTSHAL & MANGES LLP**
200 Crescent Court, Suite 300
Dallas, TX 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
Paul.Genender@weil.com
Liz.Ryan@weil.com
Matt.Berde@weil.com
Megan.Cloud@weil.com

Alexander P. Cohen* (Tex. Bar No.
24109739)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8020
Facsimile: (212) 310-8007
Alexander.Cohen@weil.com

/s/ Nina Perales
Nina Perales (Tex. Bar No. 24005046)
Julia R. Longoria (Tex. Bar No. 24070166)
**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210) 224-5382
nperales@maldef.org
jlongoria@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Breanna Williams***
Jonathan Bash***
**FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP**
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
breanna.williams@friedfrank.com
jonathan.bash@friedfrank.com

Christopher Bell*
**FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP**
801 17th Street, NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
christopher.bell@friedfrank.com

*Attorneys for Plaintiffs LULAC Texas; Voto Latino; Texas Alliance for Retired Americans; and Texas AFT*

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta
Kathryn E. Yukevich*
Joseph N. Posimato*
Meaghan E. Mixon*
Graham W. White*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
unkwonta@elias.law
kyukevich@elias.law
jposimato@elias.law
mmixon@elias.law
gwhite@elias.law

Jonathan P. Hawley*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0179
jhawley@elias.law

John R. Hardin
Texas State Bar No. 24012784
**PERKINS COIE LLP**
500 North Akard Street, Suite 3300
Dallas, Texas 75201-3347
Telephone: (214) 965-7700
Facsimile: (214) 965-7799
johnhardin@perkinscoie.com

*Attorneys for Plaintiffs Houston Justice; Houston Area Urban League; Delta Sigma Theta Sorority, Inc.; The Arc of Texas; and Jeffrey Lamar Clemmons*

*/s/ Kenneth E. Broughton*
Kenneth E. Broughton
Texas Bar No. 03087250
kbroughton@reedsmith.com
Lora Spencer
Texas Bar No. 24085597
lspencer@reedsmith.com
J. Keely Dulaney*
Texas Bar No. 24116306
kdulaney@reedsmith.com
**REED SMITH LLP**
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

Sarah M. Cummings
Texas Bar No. 24094609
**REED SMITH LLP**
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
scummings@reedsmith.com

Kathryn Sadasivan*
**NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.**
40 Rector Street, 5th Floor
New York, NY 10006
Phone: (212) 965-2200
Fax: (212) 226-7592
ksadasivan@naacpldf.org

Jennifer A. Holmes*
Georgina Yeomans*
**NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.**
700 14th Street NW, 6th Floor
Washington, DC 20005
Telephone: (202) 682-1300

Facsimile: (202) 682-1312
jholmes@naacpldf.org
gyeomans@naacpldf.org

Shira Wakschlag*
**The Arc of the United States, Inc.**
1825 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: (202) 534-3708
Facsimile: (202) 534-3731
Wakschlag@thearc.org

*Attorneys for Plaintiffs
OCA-Greater Houston; League of Women
Voters of Texas; REVUP- Texas; Texas
Organizing Project; and Workers Defense
Action Fund*

/s/ Ryan v. Cox
Mimi M.D. Marziani
Texas Bar No. 24091906
Ryan V. Cox
Texas Bar No. 24074087
Hani Mirza
Texas Bar No. 24083512
**TEXAS CIVIL RIGHTS PROJECT**
1405 Montopolis Drive
Austin, TX 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)
mimi@texascivilrightsproject.org
ryan@texascivilrightsproject.org
hani@texascivilrightsproject.org

Thomas Buser-Clancy
Texas Bar No. 24078344
Savannah Kumar
Texas Bar No. 24120098
Ashley Harris
Texas Bar No. 24123238
Andre Segura
Texas Bar No. 24107112
**ACLU FOUNDATION OF TEXAS, INC.**
5225 Katy Freeway, Suite 350
Houston, TX 77007
Telephone: (713) 942-8146
Fax: (915) 642-6752

tbuser-clancy@aclutx.org
skumar@aclutx.org
aharris@aclutx.org
asegura@aclutx.org

Adriel I. Cepeda Derieux
Ari J. Savitzky**
Sophia Lin Lakin
Samantha Osaki
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad St., 18th Floor
New York, NY 10004
(212) 284-7334
acepedaderieux@aclu.org
asavitzky@aclu.org
slakin@aclu.org
sosaki@aclu.org

Susan Mizner
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
39 Drumm St.
San Francisco, CA 94111
(415) 343-0781 (phone)
smizner@aclu.org

Lia Sifuentes Davis
Texas State Bar No. 24071411
Lucia Romano
Texas State Bar No. 24033013
**DISABILITY RIGHTS TEXAS**
2222 West Braker Lane
Austin, Texas 78758-1024
(512) 454-4816 (phone)
(512) 454-3999 (fax)
ldavis@drtx.org
lromano@drtx.org

Jerry Vattamala
Susana Lorenzo-Giguere
Patrick Stegemoeller**
**ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND**
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932 (phone)

(212) 966 4303 (fax)
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org
pstegemoeller@aaldef.org

Jessica Ring Amunson
Urja Mittal
**JENNER & BLOCK LLP**
1099 New York Ave. NW, Suite 900
Washington, DC 20001
(202) 639-6000
jamunson@jenner.com
umittal@jenner.com

*Attorneys for Plaintiffs*
*Mi Familia Vota; Marla López; Marlon*
*López; and Paul Rutledge*

s/ *Marc T. Rasich*
Sean Lyons
State Bar No. 00792280
Sean@lyonsandlyons.com
Clem Lyons
State Bar No. 12742000
Clem@lyonsandlyons.com

**LYONS & LYONS, P.C.**
237 W. Travis Street, Suite 100
San Antonio, Texas 78205
Telephone: (210) 225-5251
Telefax: (210) 225-6545

Wendy J. Olson (*Pro hac vice*)
Laura E. Rosenbaum (*Pro hac vice*)
Marc Rasich (*Pro hac vice*)
Elijah Watkins (*Pro hac vice*)
**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205

Courtney Hostetler (*Pro hac vice*)
Ron Fein (*Pro hac vice*)
John Bonifaz (*Pro hac vice*)
Ben Clements (*Pro hac vice*)
**FREE SPEECH FOR PEOPLE**
1320 Centre Street, Suite 405
Newton, MA 02459

(617) 249-3015
chostetler@freespeechforpeople.org
rfein@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org

*Attorneys for Isabel Longoria*

*/s/ Christian D. Menefee*
Christian D. Menefee (Tex. Bar No.
24088049)
Harris County Attorney
Christian.Menefee@cao.hctx.net
Jonathan Fombonne (Tex. Bar No. 24102702)
First Assistant Harris County Attorney
Jonathan.Fombonne@cao.hctx.net
Tiffany Bingham** (Tex. Bar No. 24012287)
Managing Counsel
Tiffany.Bingham@cao.hctx.net
Sameer S. Birring (Tex. Bar No. 24087169)
Assistant County Attorney
Sameer.Birring@cao.hctx.net
Radiah Rondon** (DC Bar No. 499779)
Assistant County Attorney
Radiah.Rondon@cao.hctx.net
Christina M. Beeler (Tex. Bar No. 24096124)
Assistant County Attorney
Christina.Beeler@cao.hctx.net
Susannah Mitcham** (Tex. Bar No.
24107219)
Assistant County Attorney
Susannah.Mitcham@cao.hctx.net
**OFFICE OF THE HARRIS COUNTY**
**ATTORNEY**
1019 Congress Plaza, 15th Floor
Houston, TX 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

*Attorneys for State Defendants*

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN
Deputy Attorney General for Special
Litigation
patrick.sweeten@oag.texas.gov
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
will.thompson@oag.texas.gov
Tex. State Bar No. 24088531

ERIC A. HUDSON
Senior Special Counsel
eric.hudson@oag.texas.gov
Tex. Bar No. 24059977

KATHLEEN T. HUNKER**
Special Counsel
kathleen.hunker@oag.texas.gov
Tex. State Bar No. 24118415

LEIF A. OLSON
Special Counsel
leif.olson@oag.texas.gov
Tex. State Bar No. 24032801

JEFFREY M. WHITE
Special Counsel
jeff.white@oag.texas.gov
Tex. State Bar No. 24064380

JACK B. DISORBO
Assistant Attorney General
jack.disorbo@oag.texas.gov
Tex. State Bar No. 24120804

*Attorneys for Defendant Michael Scarpello in
his Official Capacity as Dallas County
Elections Administrator*

/s/ Barbara S. Nicholas
BARBARA S. NICHOLAS
Assistant District Attorney
TEXAS BAR NO. 24032785
Barbara.nicholas@dallascounty.org
EARL S. NESBITT
Assistant District Attorney
TEXAS BAR NO. 14916900
earl.nesbitt@dallascounty.org
CIVIL DIVISION
Dallas County Records Building
500 Elm Street, Suite 6300
Dallas, TX 75202
(214) 653-7358
(214) 653-6134 (FAX)

*Attorney for Defendant Yvonne Ramón*

/s/ Josephine Ramirez-Solis
Josephine Ramirez-Solis
Assistant District Attorney
Texas Bar No.  24007894
josephine.ramirez@da.co.hidalgo.tx.us

Leigh Ann Tognetti
Assistant District Attorney
Texas Bar No. 24083975
leigh.tognetti@da.co.hidalgo.tx.us
100 E. Cano, First Floor
Hidalgo County Courthouse Annex III
Edinburg, Texas 78539
Tel: (956) 292-7609
Fax: (956) 318-2301

*Attorneys for Lisa Wise, in her official capacity as the El Paso County Elections Administrator*

*/s/ Orion Armon*
Orion Armon (CO SBN 34923)
**COOLEY LLP**
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Telephone: +1 720 566-4000
Facsimile: +1 720 566-4099
oarmon@cooley.com

**COOLEY LLP**
Kathleen Hartnett* (CA SBN 314267)
khartnett@cooley.com
Beatriz Mejia* (CA SBN 190948)
bmejia@cooley.com
Sharon Song* (CA SBN 313535)
ssong@cooley.com

Kelsey Spector* (CA SBN 321488)
kspector@cooley.com
Angelica Leo* (CA SBN 334324)
aleo@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: +1 415 693-2000
Facsimile: +1 415 693-2222

**COOLEY LLP**
Germaine Habell* (CA SBN 333090)
ghabell@cooley.com
4401 Eastgate Mall
San Diego, CA 92121
Telephone: + 1 858 550-6196
Facsimile: + 858 550-6420

**STATES UNITED DEMOCRACY CENTER**
Christine P. Sun* (CA SBN 218701)
3749 Buchanan St., No. 475165
San Francisco, CA 94147-3103
Telephone: +1 615 574-9108
christine@statesuniteddemocracy.org

**STATES UNITED DEMOCRACY CENTER**
Ranjana Natarajan (TX SBN 24071013)
1801 E 51st St., Suite 365, No. 334
Austin, TX 78723
Telephone: +1 323 422-8578
ranjana@statesuniteddemocracy.org

**STATES UNITED DEMOCRACY CENTER**
Zack Goldberg* (NY SBN 5579644)
86 Fleet Place, No. 6T
Brooklyn, NY 11201
Telephone: +1 917 656-6234
zack@statesuniteddemocracy.org

*Attorneys for Lupe C. Torres*

*/s/Robert Henneke*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHAD ENNIS
Texas Bar No. 24045834
cennis@texaspolicy.com
**Texas Public Policy Foundation**
901 Congress Avenue
Austin, Texas 78701
Telephone: (512) 472-2700
Facsimile: (512) 472-2728

*Attorneys for Defendant Dana DeBeauvoir*

LESLIE W. DIPPEL
State Bar No. 00796472
leslie.dippel@traviscountytx.gov
ANTHONY J. NELSON*
State Bar No. 14885800
tony.nelson@traviscountytx.gov
PATRICK T. POPE
State Bar No. 24079151
patrick.pope@traviscountytx.gov

*Attorney for Defendant Bexar County
Elections Administrator Jacquelyn Callanen*

*/s/ Robert Green*
**ROBERT GREEN**
Bar No. 24087626
Assistant District Attorney, Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Telephone: (210) 335-2146
robert.green@bexar.org

\* Admitted *pro hac vice*
\*\* Application for admission pending
\*\*\*Not licensed by the bar of any jurisdiction

**<u>Certificate of Service</u>**

I certify that the above document was served via email on the Court's CM/ECF system to all counsel of record on November 10, 2021.

/s/ *Andrew B. Garber*
Andrew B. Garber