# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> GREGORY W. ABBOTT, et al., <br><br> *Defendants.* | Case No. 5:21-CV-0844-XR |
| OCA-GREATER HOUSTON, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> JOSE A. ESPARZA, et al., <br><br> *Defendants.* | Case No. 1:21-CV-0780-XR |
| HOUSTON JUSTICE, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> GREGORY WAYNE ABBOTT, et al., <br><br> *Defendants.* | Case No. 5:21-CV-0848-XR |
| LULAC TEXAS, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> JOSE ESPARZA, et al., <br><br> *Defendants.* | Case No. 1:21-CV-0786-XR |

| | |
|---|---|
| MI FAMILIA VOTA, et al., | §<br>§ |
|         *Plaintiffs,* | §<br>§<br>§ Case No. 5:21-CV-0920-XR |
| v. | §<br>§ |
| GREG ABBOTT, et al., | §<br>§ |
|         *Defendants.* | §<br>§ |

## AGREED SCHEDULING RECOMMENDATIONS

The parties have had significant discussions regarding an appropriate schedule in this case. The Plaintiffs have indicated they do not presently intend to pursue preliminary injunctive relief. As a result, the State Defendants have agreed to consent to the compressed deadlines and discovery schedule set forth below. However, in the event any Plaintiff proceeds with preliminary injunctive relief the State Defendants reserve the right to seek significant modifications of the schedule.

Defendant Torres does not believe that the pace of this schedule is workable. Defendants have filed multiple motions to dismiss the various complaints. While these motions will not slow the start of discovery, they will, at a minimum, clarify what is at issue and focus discovery on the remaining issues. Additionally, Plaintiffs' facial challenges to SB1 present almost entirely questions of law that should be presented and resolved prior to trial. The current schedule does not allow time for meaningful consideration of dispositive motions. Defendant Torres believes that all dates should be moved at least two months and the pre-trial conference should be set at a minimum of six weeks after the close of discovery.

The parties recommend the following schedule order deadlines:

**MOTIONS FOR LEAVE TO AMEND PLEADINGS.**

The deadline for Plaintiff(s) to file a motion seeking leave to amend pleadings; or to join parties is January 18, 2022.

The deadline for Defendant(s) to file a motion to designate responsible third parties is on or before the 60th day before the trial date unless the court finds good cause

to allow the motion to be filed at a later date. The deadline to amend pleadings or to join parties is January 31, 2022.

**EXPERTS**

The party bearing the burden of proof on the issues for which expert opinion is to be offered shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before February 7, 2022.

All parties shall designate contradicting experts and serve on all parties, but not file, the materials required by Fed. R. of Civ. P. 26(a)(2)(B) for such experts, to the extent not already served, on or before March 2, 2022.

All parties shall file all supplemental expert reports on or before April 1, 2022. These supplemental reports shall be limited to: (1) facts, data, or issues raised by or resulting from the March 1, 2022 primary election; or (2) responses to previous expert disclosures.

All parties shall file supplemental contradicting expert reports, which shall be limited to responding to supplemental reports, on or before April 29, 2022.

An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within eleven (11) days from the receipt of the written report of the expert's proposed testimony, or within eleven (11) days from obtaining a copy of the expert's deposition, if a deposition is taken, whichever is later.

**WITNESS LIST, EXHIBIT LIST, AND PRETRIAL DISCLOSURES**

Defendants propose a deadline for designating tentative may-call and will-call lists of March 20, 2022, for the reasons explained in the Rule 26(f) Report in Section 4.B. Plaintiffs object to this proposed deadline.

The deadline for filing Rule 26(a)(3) disclosures, including supplemental expert witness reports required under Fed. R. Civ. P. 26(e), and final may-call and will-call lists is June 13, 2022.

The deadline for filing objections under Rule (26)(a)(3) is June 21, 2022. Any objections not made will be deemed waived.

## COMPLETION OF DISCOVERY

Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

The deadline for the completion of all discovery is May 13, 2022.

## ALTERNATIVE DISPUTE RESOLUTION (ADR) REPORT

The parties do not believe the ADR Resolution Process would be beneficial and seek an exception from the standard requirement of Local Rule CV-88.

In the event an exception is not granted, a report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before May 6, 2022.

The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before April 22, 2022, and each opposing party shall respond, in writing on or before April 29, 2022.

All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and response as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings.
If a settlement is reached, the parties should immediately notify the Court so the case may be removed from the Court's trial docket.

## PRETRIAL MOTIONS

No pre-trial motion (other than a motion in limine) may be filed after this date except for good cause. The deadline to file motions (including dispositive motions and Daubert motions) is May 27, 2022. The deadline to file responses is June 7, 2022. The deadline to file replies is June 14, 2022. These deadlines are also applicable to the filing of any summary judgment motion under Fed. R. Civ. P. 56. Leave of court is automatically given to file motions, responses, and replies not to exceed 30 pages in length. Fed. R. Civ. P. 6(d) does not apply to the time limits set forth in Local Rule CV-7 for responses and replies to motions.

**JOINT PRETRIAL ORDER AND MOTION IN LIMINE**

The deadline to file a Final Joint Pretrial Order and any motion in limine is <u>June 22, 2022</u>.

All attorneys are responsible for preparing the Final Joint Pretrial Order, which must contain the following:

(1) a short statement identifying the Court's jurisdiction. If there is an unresolved jurisdictional question, state it;

(2) a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties;

(3) a summary of the remaining claims and defenses of each party;

(4) a list of facts all parties have reached agreement upon;

(5) a list of contested issues of fact;

(6) a list of the legal propositions that are not in dispute;

(7) a list of contested issues of law;

(8) a list of all exhibits expected to be offered. Counsel will make all exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before the final pre-trial conference. The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;

(9) a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;

(10) an estimate of the length of trial;

(11) for a jury trial, include (a) proposed questions for the voir dire examination, and (b) a proposed charge, including instructions, definitions, and special interrogatories, with authority;

(12) for a nonjury trial, include (a) proposed findings of fact and (b) proposed conclusions of law, with authority;

(13) the signatures of all attorneys; and

(14) a place for the date and the signature of the presiding judge.

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference shall be held on [THIS DATE WILL BE COMPLETED BY THE COURT] _____.

Motions in limine, if any, will be heard on this date. Counsel should confer prior to this hearing on any issues raised in a motion in limine or the Joint Pretrial Order. Any party intending to use a demonstrative exhibit should provide the same to opposing counsel at least 3 days prior to the Final Pretrial conference so that if any objections or issues are raised about the demonstrative exhibit, they can be addressed at the final pretrial conference.

**TRIAL**

Plaintiffs propose a trial date of July 5, 2022. The State Defendants and Defendant Lupe Torres object to that date and propose a later date for trial.