# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Consolidated Case No. 5:21-CV-0844-XR |
| GREGORY W. ABBOTT, et al., | § § § | |
| *Defendants*. | § § § | |

***LUPE* PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES**

Pursuant to Federal Rule of Procedure 26(a)(1), Plaintiffs La Unión del Pueblo Entero, Friendship-West Baptist Church, the Anti-Defamation League Austin, Southwest, and Texoma Regions, Southwest Voter Registration Education Project, Texas Impact, Mexican American Bar Association of Texas, Texas Hispanics Organized for Political Education, Jolt Action, William C. Velasquez Institute, FIEL Houston Inc., Isabel Longoria, and James Lewin (collectively, "Plaintiffs") make the following initial disclosures:

**I.      Initial Disclosure Qualifications**

These initial disclosures are made upon information presently known to Plaintiffs and without prejudice to Plaintiffs' right to produce during discovery or at trial such data, information or documents as are: (a) subsequently discovered; (b) subsequently determined to be relevant for any purpose; or (c) subsequently determined to have been omitted from this and any supplemental disclosure statements. By making these disclosures, Plaintiffs do not represent that they are identifying every document, tangible thing, or witness that may be relevant to the issues in this lawsuit, or on which Plaintiffs may rely in support of their claims or defenses. Nor do

Plaintiffs waive their rights to object to the disclosure of any person, document, or thing on the basis of any applicable privilege, the work product doctrine, relevancy, competency, materiality, undue burden, hearsay, or any other valid objection in response to any discovery request or proceeding in this case. Further, Plaintiffs reserve all rights to present at trial or other hearing in this matter additional witnesses and evidence not presently identified or encompassed by these disclosures, and to present any rebuttal or impeachment evidence they deem appropriate.

## II.    Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)

### A.    The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment (Fed. R. Civ. P. 26(a)(1)(A)(i))

The following individuals are likely to have discoverable information that Plaintiffs may use to support their claims and/or defenses, not including information to be used solely for impeachment. The general subject matter of information listed for each individual does not in any way limit Plaintiffs' right to question or call any individual listed to testify regarding any other subject. In addition, Plaintiffs may retain one or more experts in this matter and will disclose the identities of their experts, if any, in accordance with requirements of the Federal Rules of Civil Procedure and any scheduling or other order of this Court.

### 1.    Juanita Valdez-Cox on behalf of Plaintiff La Unión del Pueblo Entero ("LUPE")

Ms. Valdez-Cox may be contacted through Plaintiffs' undersigned counsel. Ms. Valdez-Cox has knowledge of facts alleged in the Complaint, including the effect of SB1 on LUPE's members and its voter registration, voter education, and get out the vote activities, as described in paragraphs 118–130 of the *LUPE* Complaint.

2.      **Pastor Danielle Ayers on behalf of Plaintiff Friendship-West Baptist Church ("FRIENDSHIP-WEST")**

Pastor Ayers may be contacted through Plaintiffs' undersigned counsel. Pastor Ayers has knowledge of facts alleged in the Complaint, including the effect of SB1 on FRIENDSHIP-WEST's congregants and its voter registration, voter education, and get out the vote activities, and recruitment of election workers, as described in paragraphs 131–135 of the *LUPE* Complaint.

3.      **Cheryl Drazin on behalf of Plaintiff Anti-Defamation League Austin, Southwest, and Texoma Regions ("ADL")**

Ms. Drazin may be contacted through Plaintiffs' undersigned counsel. Ms. Drazin has knowledge of facts alleged in the Complaint, including the effect of SB1 on ADL's supporters and its voter education and outreach activities, as described in paragraphs 136–138 of the *LUPE* Complaint.

4.      **Lydia Camarillo on behalf of Plaintiff Southwest Voter Registration Education Project ("SVREP")**

Ms. Camarillo may be contacted through Plaintiffs' undersigned counsel. Ms. Camarillo has knowledge of facts alleged in the Complaint, including the effect of SB1 on SVREP's employees and volunteers and its voter registration, voter education, and get out the vote activities, as described in paragraphs 139–146 of the *LUPE* Complaint.

5.      **Joshua Houston on behalf of Plaintiff Texas Impact**

Mr. Houston may be contacted through Plaintiffs' undersigned counsel. Mr. Houston has knowledge of facts alleged in the Complaint, including the effect of SB1 on TEXAS IMPACT's members and its voter registration, voter education, and get out the vote activities, and recruitment of election workers, as described in paragraphs 147–150 of the *LUPE* Complaint.

6.     **Jana Ortega on behalf of Plaintiff Mexican American Bar Association of Texas ("MABA-TX")**

Ms. Ortega may be contacted through Plaintiffs' undersigned counsel. Ms. Ortega has knowledge of facts alleged in the Complaint, including the effect of SB1 on MABA-TX's members and its voter education and get out the vote activities, as described in paragraphs 151–160 of the *LUPE* Complaint.

7.     **Joey Cardenas III on behalf of Plaintiff Texas Hispanics Organized for Political Education ("TEXAS HOPE")**

Mr. Cardenas may be contacted through Plaintiffs' undersigned counsel. Mr. Cardenas has knowledge of facts alleged in the Complaint, including the effect of SB1 on TEXAS HOPE's members and its voter education and get out the vote activities, and recruitment of election workers, as described in paragraphs 161–166 of the *LUPE* Complaint.

8.     **Gloria Gonzales-Dholakia on behalf of Plaintiff Jolt Action**

Ms. Gonzales-Dholakia may be contacted through Plaintiffs' undersigned counsel. Ms. Gonzales-Dholakia has knowledge of facts alleged in the Complaint, including the effect of SB1 on JOLT ACTION's members and its voter education and get out the vote activities, as described in paragraphs 167–172 of the *LUPE* Complaint.

9.     **Lydia Camarillo on behalf of Plaintiff William C. Velasquez Institute ("WCVI")**

Ms. Camarillo may be contacted through Plaintiffs' undersigned counsel. Ms. Camarillo has knowledge of facts alleged in the Complaint, including the effect of SB1 on WCVI's research to improve the level of political and economic participation in Latino and other underrepresented communities, as described in paragraph 173 of the *LUPE* Complaint.

10.     **Cesar Espinosa on behalf of Plaintiff FIEL Houston Inc. ("FIEL")**

Mr. Espinosa may be contacted through Plaintiffs' undersigned counsel. Mr. Espinosa

has knowledge of facts alleged in the Complaint, including the effect of SB1 on FIEL's members

and its voter education and get out the vote activities, as described in paragraphs 174–181 of the

*LUPE* Complaint.

11.     **Plaintiff Isabel Longoria**

Ms. Longoria may be contacted through Plaintiffs' undersigned counsel. Ms. Longoria

has knowledge of facts alleged in the Complaint, including the effect of SB1 on her ability to

encourage eligible and potentially eligible voters to lawfully request mail-in voting applications

and administer elections in Harris County, and voter registration and voting history in Harris

County, as described in paragraphs 182–187 of the *LUPE* Complaint.

12.     **Plaintiff James Lewin**

Mr. Lewin may be contacted through Plaintiffs' undersigned counsel. Mr. Lewin has

knowledge of facts alleged in the Complaint, including the effect of SB1 on his ability to serve as

an election judge without facing criminal prosecution, as described in paragraph 188 of the

*LUPE* Complaint.

13.     **Defendant Gregory W. Abbott, Governor of Texas**

Defendant Abbott may be contacted through his counsel:

> Patrick K. Sweeten
> Jeffrey M. White
> Texas Attorney General
> P.O. Box 12548
> MC-009
> Austin, TX 78711
> Tel: (512) 463-4139
> patrick.sweeten@oag.texas.gov
> jeff.white@oag.texas.gov

Defendant Abbott is likely to have knowledge of facts related to the passage and implementation of SB1.

**14.      Defendant Jose A. Esparza, Deputy Secretary of State of Texas**

Defendant Esparza may be contacted through his counsel:

> Patrick K. Sweeten
> Jeffrey M. White
> Texas Attorney General
> P.O. Box 12548
> MC-009
> Austin, TX 78711
> Tel: (512) 463-4139
> patrick.sweeten@oag.texas.gov
> jeff.white@oag.texas.gov

Defendant Esparza is likely to have knowledge of facts related to the administration of elections in Texas, allegations and evidence of fraudulent voting in Texas, and the passage and implementation of SB1.

**15.      Defendant Warren K. Paxton, Attorney General of Texas**

Defendant Paxton may be contacted through his counsel:

> Patrick K. Sweeten
> Jeffrey M. White
> Texas Attorney General
> P.O. Box 12548
> MC-009
> Austin, TX 78711
> Tel: (512) 463-4139
> patrick.sweeten@oag.texas.gov
> jeff.white@oag.texas.gov

Defendant Paxton is likely to have knowledge of facts related to the passage and implementation of SB1, and allegations and evidence of fraudulent voting in Texas.

**16.      Defendant Lupe C. Torres, Medina County Elections Administrator**

Defendant Torres may be contacted through her counsel:

> Robert E. Henneke
> Chad Ennis
> Texas Public Policy Foundation
> 901 Congress Avenue
> Austin, TX 78701
> Tel: (512) 472-2700
> rhenneke@texaspolicy.com
> cennis@texaspolicy.com

Defendant Torres is likely to have knowledge of facts related to the passage and implementation of SB1, and voter registration and voting history in Medina County.

**17.      Dan Patrick, Lieutenant Governor of Texas**

Lt. Governor Patrick is likely to have knowledge of facts related to the passage, implementation, and impact of SB1.

**18.      Ruth Hughs, former Secretary of State of Texas**

Ms. Hughs is likely to have knowledge of facts related to the administration of elections in Texas, allegations and evidence of fraudulent voting in Texas, and the passage of SB1.

**19.      Keith Ingram, Director of Elections, Texas Secretary of State**

Mr. Ingram is likely to have knowledge of facts related to the administration of elections in Texas, allegations and evidence of fraudulent voting in Texas, and the passage and implementation of SB1.

**20.      Carol Alvarado, Senator, Texas Senate**

Senator Alvarado is likely to have knowledge of facts related to the passage, implementation, and impact of SB1, and administrative procedure in the Texas Senate.

**21.    Rafael Anchía, Representative, Texas House of Representatives**

Representative Anchía is likely to have knowledge of facts related to the passage, implementation, and impact of SB1.

**22.    Paul Bettencourt, Senator, Texas Senate**

Senator Bettencourt sponsored Senate Bill 1114, a similar bill to SB1. He has knowledge of facts related to the passage, implementation, and impact of SB1.

**23.    John H. Bucy III, Representative, Texas House of Representatives**

Representative Bucy has knowledge of facts related to the passage, implementation, and impact of SB1.

**24.    Briscoe Cain, Representative, Texas House of Representatives**

Representative Cain sponsored House Bill 6, a predecessor to SB1. He has knowledge of facts related to the passage, implementation, and impact of SB1.

**25.    Terry Canales, Representative, Texas House of Representatives**

Representative Canales is likely to have knowledge of facts related to the passage, implementation, and impact of SB1.

**26.    Jessica González, Representative, Texas House of Representatives**

Representative González has knowledge of facts related to the passage, implementation, and impact of SB1.

**27.    Bryan Hughes, Senator, Texas Senate**

Senator Hughes sponsored SB1. He also sponsored Senate Bill 7, a predecessor to SB1. He has knowledge of facts related to the passage, implementation, and impact of SB1.

**28.    Jose Manuel Lozano, Jr., Representative, Texas House of Representatives**

Representative Lozano has knowledge of facts related to the passage, implementation, and impact of SB1.

**29.    Andrew Murr, Representative, Texas House of Representatives**

Representative Murr sponsored House Bill 3, a similar bill to SB1. He has knowledge of facts related to the passage, implementation, and impact of SB1.

**30.    Charles Perry, Senator, Texas Senate**

Senator Perry sponsored Senate Bill 155, a similar bill to SB1. He has knowledge of facts related to the passage, implementation, and impact of SB1.

**31.    Chris Turner, Representative, Texas House of Representatives**

Representative Turner has knowledge of facts related to the passage, implementation, and impact of SB1.

**32.    Former and current legislators in the Texas House of Representatives and Texas Senate who either sponsored, co-sponsored, or opposed HB3, HB6, SB7, and SB1 during the 87th Texas Legislature's regular session and special sessions.**

**33.    Individuals who testified before the Texas House of Representatives and Texas Senate during the 87th Texas Legislature's regular session and special sessions about the existence of fraudulent voting in Texas.**

**34.    David Carter, former Bell County Election Judge**

Mr. Carter is likely to have knowledge of facts related to the administration of elections in Texas, allegations and evidence of fraudulent voting in Texas, and knowledge of facts related to the passage of SB1.

### 35.      Chuck DeVore, Texas Public Policy Foundation

Mr. DeVore is likely to have knowledge of facts related to the administration of

elections in Texas, allegations and evidence of fraudulent voting in Texas, and knowledge of

facts related to the passage of SB1.

### 36.      Omar Escobar, Jr., former Starr County District Attorney, Rio Grande City, Texas

Mr. Escobar is likely to have knowledge of facts related to the administration of

elections in Texas and allegations and evidence of fraudulent voting in Texas.

### 37.      Donald Garner, Texas Faith & Freedom Coalition

Mr. Garner is likely to have knowledge of facts related to the administration of elections

in Texas, allegations and evidence of fraudulent voting in Texas, and knowledge of facts related

to the passage of SB1.

### 38.      Kenneth Moore, Chairman of the Ballot Integrity Committee, Brazoria County Republican Party

Mr. Moore is likely to have knowledge of facts related to the administration of elections

in Texas, allegations and evidence of fraudulent voting in Texas, and knowledge of facts related

to the passage of SB1.

### 39.      Jody Quimby, former Brazos County Election Judge

Mr. Quimby is likely to have knowledge of facts related to the administration of elections

in Texas, allegations and evidence of fraudulent voting in Texas, and knowledge of facts related

to the passage of SB1.

**40.     Melinda Roberts, Poll Watcher, Bexar County**

Ms. Roberts is likely to have knowledge of facts related to the administration of elections in Texas, allegations and evidence of fraudulent voting in Texas, and knowledge of facts related to the passage of SB1.

**41.     Bill Sargent, former Chief Deputy Clerk of Elections for Galveston County**

Mr. Sargent is likely to have knowledge of facts related to the administration of elections in Texas, allegations and evidence of fraudulent voting in Texas, and knowledge of facts related to the passage of SB1.

**42.     Alan Vera, Harris County Republican Party Ballot Security Committee**

Mr. Vera is likely to have knowledge of facts related to the administration of elections in Texas, allegations and evidence of fraudulent voting in Texas, and knowledge of facts related to the passage of SB1.

**43.     Kathaleen Wall, former Harris County Republican Party Precinct Chair**

Ms. Wall is likely to have knowledge of facts related to the administration of elections in Texas, allegations and evidence of fraudulent voting in Texas, and knowledge of facts related to the passage of SB1.

**44.     Jacquelyn F. Callanen, Bexar County Elections Administrator**

Ms. Callanen is likely to have knowledge of facts related to the passage, implementation, and impact of SB1, and voter registration, election administration, and voting history in Bexar County.

**45.    Dana DeBeauvoir, Travis County Clerk**

Ms. DeBeauvoir is likely to have knowledge of facts related to the passage, implementation, and impact of SB1, and voter registration, election administration, and voting history in Travis County.

**46.    Chris Hollins, former Harris County Clerk**

Mr. Hollins is likely to have knowledge of facts related to the administration of elections in Harris County.

**47.    Yvonne Ramón, Hidalgo County Elections Administrator**

Ms. Ramón is likely to have knowledge of facts related to the passage, implementation, and impact of SB1, and voter registration, election administration, and voting history in Hidalgo County.

**48.    Michael Scarpello, Dallas County Elections Administrator**

Mr. Scarpello is likely to have knowledge of facts related to the passage, implementation, and impact of SB1, and voter registration, election administration, and voting history in Dallas County.

**49.    Lisa Wise, El Paso County Elections Administrator**

Ms. Wise is likely to have knowledge of facts related to the passage, implementation, and impact of SB1, and voter registration, election administration, and voting history in El Paso County.

**B. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment (Fed. R. Civ. P. 26(a)(1)(A)(ii))**

The following documents, which are in the possession, custody, and control of Plaintiffs' counsel, may be relied upon by Plaintiffs to support their claims or defenses. By identifying the following categories of documents, Plaintiffs do not waive any objection, privilege, or protection and expressly reserve the right to challenge the relevance or admissibility of some or all of these documents at trial or other hearing in this matter.

1. Documents obtained from publicly available sources, including but not limited to, historical records, newspaper articles, proposed legislation, legislative history, judicial cases, and Department of Justice objections under the Voting Rights Act; and

2. Harris County Election Security Task Force Final Productivity Report.

Plaintiffs make this identification without waiver of their right to disclose other documents they may use to support their claims as such documents are identified.

**C. A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered (Fed. R. Civ. P. 26(a)(1)(A)(iii))**

Plaintiffs do not seek damages in this action; however, Plaintiffs intend to seek recovery of attorneys' fees and costs incurred in this litigation.

Dated November 5, 2021

Respectfully submitted,

 */s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046)
Julia R. Longoria (Tex. Bar No. 24070166)
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210) 224-5382
nperales@maldef.org
jlongoria@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Breanna Williams**
Jonathan Bash**
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
breanna.williams@friedfrank.com
jonathan.bash@friedfrank.com

Christopher Bell*
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
801 17th Street, NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
christopher.bell@friedfrank.com

*Attorneys for Plaintiffs*
LA UNIÓN DEL PUEBLO ENTERO,
SOUTHWEST VOTER REGISTRATION
EDUCATION PROJECT, MEXICAN
AMERICAN BAR ASSOCIATION OF
TEXAS, TEXAS HISPANICS
ORGANIZED FOR POLITICAL
EDUCATION, JOLT ACTION,
WILLIAM C. VELASQUEZ INSTITUTE,
FIEL HOUSTON INC.

 */s/ Sean Morales-Doyle*
Sean Morales-Doyle (NY Bar No. 5646641)
Eliza Sweren-Becker* (NY Bar No. 5424403)
Patrick A. Berry* (NY Bar No. 5723135)
Andrew B. Garber* (NY Bar No. 5684147)
Jasleen K. Singh* (Cal. Bar No. 316596)
BRENNAN CENTER FOR JUSTICE AT NYU
SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
Telephone: (646) 292-8310
Facsimile: (212) 463-7308
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu
patrick.berry@nyu.edu
andrew.garber@nyu.edu
jasleen.singh@nyu.edu

Paul R. Genender (Tex. Bar No. 00790758)
Elizabeth Y. Ryan (Tex. Bar No. 24067758)
Matthew Berde* (Tex. Bar No. 24094379)
Megan Cloud^ (Tex. Bar No. 24116207)
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, TX 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
Paul.Genender@weil.com
Liz.Ryan@weil.com
Matt.Berde@weil.com
Megan.Cloud@weil.com

Alexander P. Cohen* (Tex. Bar No. 24109739)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8020
Facsimile: (212) 310-8007
Alexander.Cohen@weil.com

*Attorneys for Plaintiffs:*
FRIENDSHIP-WEST BAPTIST CHURCH,
ANTI-DEFAMATION LEAGUE AUSTIN,
SOUTHWEST, AND TEXOMA REGIONS,
TEXAS IMPACT, ISABEL LONGORIA,
JAMES LEWIN

_/s/ Christian D. Menefee_____
Christian D. Menefee (Tex. Bar No. 24088049)
Harris County Attorney
Christian.Menefee@cao.hctx.net
Jonathan Fombonne (Tex. Bar No. 24102702)
First Assistant Harris County Attorney
Jonathan.Fombonne@cao.hctx.net
Tiffany Bingham^ (Tex. Bar No. 24012287)
Managing Counsel
Tiffany.Bingham@cao.hctx.net
Sameer S. Birring (Tex. Bar No. 24087169)
Assistant County Attorney
Sameer.Birring@cao.hctx.net
Radiah Rondon^ (DC Bar No. 499779)
Assistant County Attorney
Radiah.Rondon@cao.hctx.net
Christina M. Beeler (Tex. Bar No. 24096124)
Assistant County Attorney
Christina.Beeler@cao.hctx.net
Susannah Mitcham^ (Tex. Bar No. 24107219)
Assistant County Attorney
Susannah.Mitcham@cao.hctx.net
OFFICE OF THE HARRIS COUNTY
ATTORNEY
1019 Congress Plaza, 15th Floor
Houston, TX 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

_Attorneys for Plaintiff:_ ISABEL LONGORIA

\* Admitted _pro hac vice_
^ Application for admission pending
\*\*Not licensed by the bar of any jurisdiction

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2021, the foregoing document was served via e-mail to all counsel of record.

_/s/ Jasleen K. Singh_____
Jasleen K. Singh