IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY W. ABBOTT, *et al.*, <br><br> Defendants. | Civil Action No. 5:21-cv-844 (XR) <br> (Consolidated Cases) |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT BETWEEN THE UNITED STATES AND DEFENDANTS THE STATE OF TEXAS AND JOHN SCOTT**

The United States and Defendants the State of Texas and Texas Secretary of State John Scott (collectively, "the Parties") met and conferred pursuant to Rule 26(f) by teleconference on November 12, 2021. The Parties submit this joint discovery plan and report pursuant to Rule 26(f) and consistent with this Court's September 30, 2021 Consolidation Order, No. 5:21-cv-844, ECF No. 31, and November 4, 2021 Consolidation Order, No. 5:21-cv-1085, ECF No. 9.

To the extent reasonable and accurate, this Report is consistent with the Rule 26(f) report filed on November 10, 2021 by the parties to *La Unión del Pueblo Entero v. Abbott*, No. 5:21-cv-844, *OCA-Greater Houston v. Scott*, No. 1:21-cv-0780, *Houston Justice v. Abbott*, No. 5:21-cv-848, *LULAC Texas v. Scott*, No. 1:21-cv-786, and *Mi Familia Vota v. Abbott*, No. 5:21-cv-920. *See* Rule 26 Report and Discovery Plan, ECF No. 94 (the "Private Litigation 26(f) Report"). This report has been prepared only by the Parties to *United States v. State of Texas*, No. 5:21-cv-1085, and is intended to supplement the Private Litigation 26(f) Report.

1. **Are there any outstanding jurisdictional issues?**

   The United States alleges this Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a) and 52 U.S.C. §§ 10101(d) and 10308(f). The State of Texas will raise any challenge to this Court's jurisdiction in a motion to dismiss.

2. **Are there any unserved parties?**

   All parties have been served.

3. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the causes of action, defenses, and counterclaims pled?**

   **Summary:** The United States challenges provisions of Senate Bill 1, Election Integrity Protection Act of 2021, S.B. 1, 87th Legis., 2d Spec. Sess. (Tex. 2021) ("SB 1"), under Section 208 of the Voting Rights Act, 52 U.S.C § 10508, and Section 101 of the Civil Rights Act of 1964, 52 U.S.C. § 10101.

   **Count One – Violation of Section 208 of the Voting Rights Act:** The United Sates alleges that Section 6.04 of SB 1 (to be codified at Tex. Elec. Code § 64.034) violates Section 208 of the Voting Rights Act by imposing restrictions that prohibit assistors from providing certain qualified voters with effective and necessary voting assistance.

   **Count Two – Violation of Section 101 of the Civil Rights Act:** The United States alleges that Section 5.07 of SB 1 (to be codified at Tex. Elec. Code § 86.001) and Section 5.13 of SB 1 (to be codified at Tex. Elec. Code § 87.041) violate Section 101 of the Civil Rights Act of 1964 by denying individuals the right to vote by rejecting mail ballot applications or mail ballots that contain errors or omissions related to state identification numbers or

partial Social Security numbers, which are not material in determining whether a voter meets State law qualifications to vote or cast a mail ballot.

**Defendants' Contentions:**

The Governor and Secretary of State are not proper defendants in the action. Additionally, all amendments to the election code enacted through passage of Senate Bill 1 are constitutional and do not conflict with—let alone violate—any federal statute raised as the basis for any of Plaintiffs' claims. The State Defendants intend to assert any and all legal, factual, or affirmative defenses applicable to the United States' claims under 52 U.S.C. § 10508 or 52 U.S.C. § 10101(a)(2)(B).

4. **State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

    (A) **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

The United States provided Texas with initial disclosures on November 5, 2021, and the State provided the United States with initial disclosures on November 12, 2021.

   (B) **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

The Unites States anticipates discovery will be necessary concerning subjects relevant to its claims under both Section 208 of the Voting Rights Act and Section 101 of the Civil Rights Act. These include, but are not limited to:

- The effects of the challenged provisions of SB 1 on in-person voter assistance, including any and all impacts on voters with limited English proficiency, voters with disabilities, assistors, and election administrators;

3

- The implementation of SB 1 with respect to the provisions challenged under Section 208;

- The effects of the challenged provisions of SB 1 on absentee ballot by mail and mail ballot verification, including any and all impacts on absentee ballot by mail applicants, voters who cast ballots by mail, and election administrators;

- The implementation of SB 1 with respect to the provisions challenged under Section 101; and

- The sufficiency, comprehensiveness, and accuracy of relevant databases, including the Texas Election Administration (TEAM) database, driver license and personal identification card database, and election identification certificate database.

Defendants contend that much of Plaintiffs' proposed discovery is unnecessary, including discovery of vast State databases that include personal, private, and sensitive data of every voter and driver in the State of Texas.

Defendants expect to conduct discovery on subjects including, but not limited to:

- Evidence tending to undermine claims that SB 1 adversely impacts, among others, disabled, illiterate, or foreign language speakers;

- The history of voter misconduct, including, among others, improper mail-in voting, unauthorized forms of voting, and inaccurate voter registration; and,

- Evidence supporting all affirmative defenses applicable to Plaintiffs' claims.

The Parties have agreed to and incorporate by reference the schedule and related discussion provided by the parties in the Private Litigation 26(f) Report. Defendants maintain the positions

articulated and objections raised in that document. The United States agrees with the positions articulated and objections raised by the Private Plaintiffs with respect to the proposed discovery and trial schedule, expedited summary judgment briefing schedule, and alternative dispute resolution.

**(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

The Parties have conferred about the possibility of entering into an agreement concerning the production of electronically stored information. Texas provided the United States with a draft agreement on November 12, 2021. Discussions on this matter, including the United States, the Private Plaintiffs, the State, and additional Defendants, remain ongoing.

**(D) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The Parties have conferred about the possibility of a consent Rule 502 order. Texas provided the United States with a draft consent order on November 14, 2021. Discussions on this matter, including the United States, the Private Plaintiffs, the State, and additional Defendants, remain ongoing.

**(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

The Parties agree that a change is necessary to the limitation in Rule 30 on the number of depositions that may be taken by the parties and that the United States and Private Plaintiffs and

all Defendants should be entitled to a deposition of each opinion witness disclosed by their opponents.

The United States agrees with and adopts Private Plaintiffs' proposal to limit both Plaintiffs and Defendants to 35 depositions of fact witnesses per side in this matter.

The State maintains its proposal that the parties be limited to 175 hours of fact witness testimony depositions per side in this matter.

> **(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

Not at this time.

5. **What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

As noted in Section 4(A), the Parties have served each other with initial disclosures.

Additional discovery into the topics listed in Section 4(B) above will be necessary on the schedule agreed to by the United States, the Private Plaintiffs, the State, and additional Defendants.

6. **What, if any, discovery disputes exist?**

The Parties have met and conferred regarding the United States' First Request for Production, concerning the State of Texas's TEAM Database, driver license and personal identification card database, and election identification certificate database. The State advised the United States that it did not intend to produce any requested databases. The United States offered to enter into a consent protective order of the type used to protect similar database productions in *Texas v. Holder*, No. 1:12-cv-128 (D.D.C.), and *Veasey v. Abbott*, No. 2:13-cv-193 (S.D. Tex.). The State believes a protective order can be negotiated, if necessary, once the threshold issue of the scope of the United States broad initial production requests are fully litigated.

The United States proposed to Defendants, in light of the importance of the database information to the United States' expert analysis and the expedited timeline for expert disclosures

under the proposed schedule, that the Parties stipulate to respond to the United States' First Request for Production within one week (*i.e.*, by Friday, November 19, 2021), pursuant to Rule 29(b). It is the United States' position that a prompt formal response is warranted, in light of the State's position described in the paragraph above, so that the United States may seek appropriate relief from this Court with sufficient time to conduct meaningful expert analysis into core issues of this case. The United States may therefore seek an Order pursuant to Rule 34(b)(2)(A) that Defendants make a partial response to the United States' First Request for Production by November 19, 2021.

It is the State of Texas's position that the DOJ's attempt to expedite discovery on the issue of databases puts the cart before the horse. Just three days ago, the United States sent detailed requests for information related to two extremely large, complex databases maintained by two separate state agencies, that contain sensitive data from tens of millions of Texans. That request also seeks information from a non-party, DPS. The United States has not only has failed to give the State of Texas time to fully analyze their request, or respond to it, but they have also failed to demonstrate its relevance, the need for rushed discovery regarding the issue, or why such an overly burdensome request is warranted under these circumstances. The United States has also failed to articulate why other less intrusive means would not suffice, including why the entire DPS database containing sensitive information from over 29 million Texans would be required, rather than a smaller subset of materials. And while the databases were provided in the context of Voter ID litigation, almost a decade ago, those productions involved different claims, parties, and issues.

What's more, the rules have changed. The 2015 amendments to the Federal Rules of Civil Procedure restored the proportionality factors to define the scope of discovery. Fed. R. Civ. P. 26(b)(1). While relevance is still to be "construed broadly," the amended rule is designed to "encourage judges to be more aggressive in identifying and discouraging overuse" by emphasizing

the need to analyze proportionality before ordering production of relevant information." Fed. R. Civ. P. 26(b)(1) advisory committee notes to 2015 amendment.

The United States contends that it should receive a shortened response deadline to their discovery requests based on the timing of the proposed scheduling order and upcoming deadlines. But the production of massive databases—even if it were allowed over the State's objection—is a painstaking process that would require significant effort on the part of computer and program professionals to query the data, write code to perform searches, and perform quality assurance checks among other tasks. .

The United States also ignores the fact that two of the five consolidated cases challenging Senate Bill 1 were filed on September 3, 2021. Two more were filed on September 7, 2021. The final consolidated case was filed on September 27, 2021. The United State then waited under November 4, 2021 to file its suit, after the parties negotiated a proposed scheduling order. That agreement did not contemplate burdensome, disproportionate, and unnecessary discovery of two large State databases containing millions of pieces of private information on millions of Texans.

Further, even if this Court wanted to entertain arguments over disclosure of millions of pieces of privately held information, the United States bears the burden of first demonstrating relevance. Fed. R. Civ. P. 26(b)(1) advisory committee notes to 2015 amendment. If they are successful, the burden then shifts to the Defendants to demonstrate the burdens and disproportionate nature of the requests. *Id*. The United States delivered a complex, technical request for millions of pieces of information on November 12, 2021, and now wants a response from the Defendants by the end of this week. Granting the request does not serve any interest in efficiency or fairness, and only serves to deprive the Defendants of time that is necessary to evaluate the requests and prepare a proper response, objections, or both. It also places the

scheduled tentatively agreed to in large part by multiple parties to this litigation in doubt. The State of Texas's objections will likely require evidence to demonstrate, among other things, burden, expense, proportionality, privilege, or privacy concerns—all matters that courts are required to evaluate when examining proportionality. The Defendants should not be deprived of the time necessary to marshal an adequate response because the United States waited to file their suit roughly two months after this consolidated litigation began in earnest.

7. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

As noted above in Section 4(D), the Parties have conferred about the possibility of a consent Rule 502 order. Texas provided the United States with a draft consent order on November 14, 2021. Discussions on this matter, including the United States, the Private Plaintiffs, the State, and additional Defendants, remain ongoing.

8. **Have the parties discussed mediation?**

The Parties have conferred and agree with the position adopted by the parties in the Private Litigation 26(f) Report, that it is unlikely this case can be resolved through mediation. The United States and Texas thus reaffirm the request raised in the Private Litigation 26(f) Report that this Court waive Rule CV-88 of the Local Rules of the Western District of Texas for the parties in this matter.

9. **Who are the key witnesses/players and custodians of information and data?**

Beyond the Parties and their designated representatives, the United States has identified a list of potential witness and relevant individuals in their Rule 26(a)(1) Initial Disclosures. Those persons generally consist of state officials, county election officials, and persons who testified in the legislative proceedings related to SB 1.

The United States and the Defendants reserve the right to seek evidence from and call any witness identified by any party to these consolidated cases.

Additionally, the United States has identified Defendants as the custodians of the information and databases relevant to the United States' Section 101 claim, including the TEAM database, driver license and personal identification card database, and election identification certificate database, as described in Section 6 above.

**10. Will subpoenas need to be issued to various individuals/entities under Rule 45, or will Defendants agree they are in possession, custody, or control of data such that service of requests for production pursuant to Rule 34 will suffice?**

Consistent with the Private Litigation 26(f) Report, the Parties agree that a number of the witnesses disclosed by the Parties are third-party witnesses and will need to be issued subpoenas pursuant to Rule 45. Rule 45 subpoenas may be issued to other non-parties.

The Parties have agreed to further meet and confer regarding the State agencies and officials that may be served Requests for Production pursuant to Rule 34.

**11. How did the witnesses communicate with each other about relevant facts?**

The Parties will confer about how the witnesses communicated with one another about relevant facts in connection with the parties' discussion of the Electronically Stored Information agreement referenced in Section 4(C).

**12. Have steps been taken to preserve relevant data?**

The United States has disseminated a litigation hold letter to the relevant individuals within the Department of Justice notifying them of this litigation and of the need to preserve all documents and communications that are potentially relevant to this litigation.

Litigation hold letters have been disseminated to each of the three State Defendants. The State Defendants are following those letters and other standard preservation procedures.

**13. Has a litigation hold been disseminated?**

As noted above, the United States has disseminated a litigation hold letter to the relevant individuals within the Department of Justice.

Litigation hold letters have been disseminated to each of the three State Defendants.

**14. What forms will be used for the production of data?**

As noted above in Section 4(C), the Parties have conferred about the possibility of entering into an agreement concerning the production of electronically stored information. Texas provided the United States with a draft agreement on November 12, 2021. Discussions on this matter, including the United States, the Private Plaintiffs, the State, and additional Defendants, remain ongoing.

**15. Are there any claims asserted that will not require discovery and for which the filing of immediate cross motions for summary judgment would be appropriate?**

The United States does not believe that any of these causes of action is subject to resolution on a motion for summary judgment without additional discovery.

The Defendants believe that summary judgment may be appropriate on a number of legal issues, including but not limited to issues that may be raised in a motion to dismiss.

**16. Do any of the complaints need to be amended? Should one omnibus complaint be filed?**

The United States is not aware of any need to amend the complaint and believes that consolidation of its claims into an omnibus complaint is neither necessary nor appropriate.

The State Defendants assert that with six complaints, overlapping factual allegations, and overlapping claims that an omnibus complaint would be appropriate and would conserve judicial resources.

**17. What facts can be stipulated to by the parties?**

The Parties will endeavor to stipulate to agreed facts whenever possible, but have not yet agreed to any such stipulations.

**18. What documents/data can be agreed to as "authentic" for evidentiary purposes?**

The Parties will endeavor to stipulate to the authenticity of evidence whenever possible, but have not yet agreed to any such stipulations.

**19. Isabel Longoria is noted as a Plaintiff in 21-cv-844 and as a Defendant in 21-cv-780, 21-cv-848, and 21-cv-786. How is this issue going to be addressed?**

The United States has not participated in the discussions pertaining to the status of Isabel Longoria and takes no position on the issue. The United States does not believe its claims will be affected by Isabel Longoria's party status. The State of Texas maintains its position from the Private Litigation 26(f) Report.

**20. Are there any standing issues for each cause of action that must be addressed by way of adding a party?**

The Parties agree that there are no standing issues that must be addressed by adding a party in this case.

**21. Who will serve as lead counsel?**

Lead counsel for the United States will be Daniel J. Freeman.

Lead counsel for the State of Texas and John Scott will be Patrick Sweeten and Will Thompson.

November 15, 2021                                Respectfully Submitted,

 

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

PAMELA S. KARLAN
Principal Deputy Assistant Attorney General
Civil Rights Division

*/s/ Daniel J. Freeman*
T. CHRISTIAN HERREN, JR.
RICHARD A. DELLHEIM
DANIEL J. FREEMAN
DANA PAIKOWSKY
MICHAEL E. STEWART
JENNIFER YUN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
daniel.freeman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2021, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

                                                */s/ Daniel J. Freeman*
Daniel J. Freeman
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530
(202) 305-4355
daniel.freeman@usdoj.gov