**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al*., | § | |
| *Plaintiffs*, | § | |
| | § | Consolidated Case No. 5:21-cv-844-XR |
| v. | § | |
| | § | |
| GREGORY W. ABBOTT, *et al*., | § | |
| *Defendants*. | § | |

**Documents Produced with State Defendants' Initial Disclosures**
**November 5, 2021**


**Copy Filed with the Court November 15, 2021 (ECF 112)**


**Senate Bill 1**
**Legislative Session: 87**
**First Special Session**

Date: November 15, 2021

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
patrick.sweeten@oag.texas.gov
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
will.thompson@oag.texas.gov
Tex. State Bar No. 24088531

ERIC A. HUDSON
Senior Special Counsel
eric.hudson@oag.texas.gov
Tex. Bar No. 24059977

KATHLEEN T. HUNKER
Special Counsel
kathleen.hunker@oag.texas.gov
Tex. State Bar No. 24118415
*Application for Admission Pending*

LEIF A. OLSON
Special Counsel
leif.olson@oag.texas.gov
Tex. State Bar No. 24032801

JEFFREY M. WHITE
Special Counsel
jeff.white@oag.texas.gov
Tex. State Bar No. 24064380

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on November 15, 2021, and that all counsel of record were served by CM/ECF.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN

**Texas Legislature Online**
**History**

---

**Bill:** SB 1      **Legislative Session:** 87(1)      **Council Document:** 87S1 647 ADM-D

**Last Action:**      *07/13/2021 S Reported engrossed*

**Caption Version:**      Engrossed

**Caption Text:**      Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses; providing civil penalties.

**Author:**      Hughes

**Coauthor:**      Bettencourt | Birdwell | Buckingham | Campbell | Creighton | Hall | Huffman | Kolkhorst | Nelson | Nichols | Paxton | Perry | Schwertner | Springer

**Subjects:**      Courts--Appellate (I0125)
Courts--County & Statutory (I0115)
Courts--District (I0120)
Crimes--Miscellaneous (I0200)
Criminal Procedure--General (I0208)
Elections--Administration (I0277)
Elections--Early Voting (I0260)
Elections--Election Officers (I0305)
Elections--General (I0310)
Elections--Registration & Suffrage (I0265)
Elections--Voting Systems (I0270)
Electronic Information Systems (I0311)
ATTORNEY'S FEES (S0202)
FRAUD (S0166)
INTERNET (S0130)
RESIDENCY REQUIREMENTS (S0266)
VIDEO CAMERAS (S0786)
ATTORNEY GENERAL (V2811)
PUBLIC SAFETY, DEPARTMENT OF (V0251)
SECRETARY OF STATE (V0042)
SUPREME COURT (V0311)

**Senate Committee:** State Affairs
**Status:**      Out of committee
**Vote:**      Ayes=6   Nays=3   Present Not Voting=0   Absent=0

**Actions**: (descending date order)
Viewing Votes: Most Recent Senate Vote

| | Description | Comment | Date ▼ | Time | Journal Page |
|---|---|---|---|---|---|
| S | Co-author authorized | | 07/16/2021 | | 55 |
| S | Reported engrossed | | 07/13/2021 | | 33 |
| S | Record vote | | 07/13/2021 | | 23 |
| S | Passed | | 07/13/2021 | | 23 |
| S | Read 3rd time | | 07/13/2021 | | 23 |
| S | Record vote | | 07/13/2021 | | 23 |
| S | Three day rule suspended | | 07/13/2021 | | 23 |
| S | Record vote | | 07/13/2021 | | 23 |
| S | Passed to engrossment as amended | | 07/13/2021 | | 23 |
| S | Record vote | | 07/13/2021 | | 23 |

| | | | | | |
|---|---|---|---|---|---|
| S | Amendment fails of adoption | | 07/13/2021 | | 23 |
| S | Amendment(s) offered | FA12 Zaffirini | 07/13/2021 | | 23 |
| S | Record vote | | 07/13/2021 | | 23 |
| S | Amended | | 07/13/2021 | | 23 |
| S | Amendment(s) offered | FA11 Paxton | 07/13/2021 | | 22 |
| S | Record vote | | 07/13/2021 | | 22 |
| S | Amended | | 07/13/2021 | | 22 |
| S | Amendment(s) offered | FA10 Campbell | 07/13/2021 | | 22 |
| S | Record vote | | 07/13/2021 | | 21 |
| S | Amendment fails of adoption | | 07/13/2021 | | 21 |
| S | Amendment(s) offered | FA9 Zaffirini | 07/13/2021 | | 21 |
| S | Record vote | | 07/13/2021 | | 21 |
| S | Amended | | 07/13/2021 | | 21 |
| S | Amendment(s) offered | FA8 Bettencourt | 07/13/2021 | | 21 |
| S | Record vote | | 07/13/2021 | | 21 |
| S | Amendment fails of adoption | | 07/13/2021 | | 21 |
| S | Amendment(s) offered | FA7 Zaffirini | 07/13/2021 | | 20 |
| S | Record vote | | 07/13/2021 | | 20 |
| S | Amendment fails of adoption | | 07/13/2021 | | 20 |
| S | Amendment(s) offered | FA6 Zaffirini | 07/13/2021 | | 20 |
| S | Record vote | | 07/13/2021 | | 20 |
| S | Amendment fails of adoption | | 07/13/2021 | | 20 |
| S | Amendment(s) offered | FA5 Zaffirini | 07/13/2021 | | 19 |
| S | Record vote | | 07/13/2021 | | 19 |
| S | Amended | | 07/13/2021 | | 19 |
| S | Amendment(s) offered | FA4 Birdwell | 07/13/2021 | | 18 |
| S | Record vote | | 07/13/2021 | | 18 |
| S | Amended | | 07/13/2021 | | 18 |
| S | Amendment(s) offered | FA3 Hughes | 07/13/2021 | | 18 |
| S | Record vote | | 07/13/2021 | | 17 |
| S | Amended | | 07/13/2021 | | 17 |
| S | Amendment(s) offered | FA2 Hughes | 07/13/2021 | | 17 |
| S | Vote recorded in Journal | | 07/13/2021 | | 17 |
| S | Amended | | 07/13/2021 | | 17 |
| S | Amendment(s) offered | FA1 Hughes | 07/13/2021 | | 17 |
| S | Read 2nd time | | 07/13/2021 | | 17 |
| S | Record vote | | 07/13/2021 | | 16 |
| S | Rules suspended-Regular order of business | | 07/13/2021 | | 16 |
| S | Co-author authorized | | 07/13/2021 | | 31 |
| S | Committee report printed and distributed | | 07/12/2021 | 11:06 AM | |
| S | Reported favorably as substituted | | 07/12/2021 | | 14 |
| S | Considered in public hearing | | 07/11/2021 | | |
| S | Left pending in committee | | 07/10/2021 | | |
| S | Testimony taken in committee | | 07/10/2021 | | |
| S | Considered in public hearing | | 07/10/2021 | | |
| S | Scheduled for public hearing on . . . | | 07/10/2021 | | |
| S | Referred to State Affairs | | 07/08/2021 | | 3 |
| S | Read first time | | 07/08/2021 | | 3 |
| S | Co-author authorized | | 07/08/2021 | | 5 |
| S | Filed | | 07/08/2021 | | |
| S | Received by the Secretary of the Senate | | 07/08/2021 | | |

**BILL ANALYSIS**

Senate Research Center                                            S.B. 1
87S10647 ADM-D                                     By: Hughes
                                                   State Affairs
                                                         7/8/2021
                                                               As Filed

**AUTHOR'S / SPONSOR'S STATEMENT OF INTENT**

As efforts to identify and prosecute election crimes have intensified, we have gained a better understanding of the ways certain bad actors take advantage of holes in the electoral process to alter the balance of elections, especially at the local level.

At the same time, advances in technology have increased the threat of electronic interference with elections, but also the tools available to prevent that interference.

S.B. 1 seeks to address these issues by strengthening poll watcher protection, bringing about transparency by utilizing technology throughout the electoral process, limiting the most common fraudulent practices and opportunities for fraudulent practices, and providing better and more timely evidence in investigations into alleged voter fraud.

S.B. 1 amends current law relating to election integrity, creates a criminal offense, and creates civil penalties.

As proposed, S.B. 1 amends current law relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increases criminal penalties; creates criminal offenses; and provides civil penalties.

**RULEMAKING AUTHORITY**

Rulemaking authority is expressly granted to the secretary of state in SECTION 1.04 (Section 16.0332, Election Code), SECTION 2.04 (Section 66.004, Election Code), and SECTION 3.10 (Section 127.131, Election Code) of this bill.

**SECTION BY SECTION ANALYSIS**

ARTICLE 1. REGISTRATION OF VOTERS

SECTION 1.01. Amends Section 13.002, Election Code, by adding Subsection (c-1), as follows:

> (c-1) Requires that the information required under Subsection (c) (relating to requiring that a voter registration application contain certain information) be supplied by the person desiring to register to vote.

SECTION 1.02. Amends Section 15.021, Election Code, by amending Subsections (b) and (d) and adding Subsections (d-1) and (d-2), as follows:

> (b) Creates an exception under Subsection (d) to the requirement that the voter use the registration certificate or a registration application form as the notice, indicating the correct information in the appropriate space on the certificate or application form unless the voter does not have possession of the certificate or an application form at the time of giving the notice. Makes a nonsubstantive change.

> (d) Authorizes a voter, rather than a voter who continues to reside in the county in which the voter is registered, to correct information under Section 15.021 (Notice of Change in Registration Information by Voter) by digital transmission of the information under a

program administered by the secretary of state (SOS) and the Department of Information Resources.

(d-1) Requires the voter registrar, if the notice indicates that a voter no longer resides in the county in which the voter is registered, to forward the notice and the voter's original application for registration to the registrar of the county in which the voter resides. Requires the registrars to coordinate to ensure that the voter's existing registration is canceled immediately after the voter is registered in the county in which the voter resides in accordance with Subsection (d-2).

(d-2) Requires a voter registrar who receives a voter's notice and application from another registrar under Subsection (d-1) to treat it as an original application for registration under Section 13.002 (Application Required), and to register the voter if the voter resides in the county and is otherwise eligible under Section 13.001 (Eligibility for Registration).

SECTION 1.03. Amends Section 15.028, Election Code, as follows:

Sec. 15.028. New heading: NOTICE OF UNLAWFUL VOTING OR REGISTRATION. Requires the voter registrar, if the registrar determines that a person who is not eligible to vote registered to vote or voted in an election, rather than that a person who is not a registered voter voted in an election, to execute and deliver an affidavit stating the relevant facts to certain entities, including the attorney general and SOS. Deletes existing text requiring the registrar, if the election covers territory in more than one county, to also deliver an affidavit to the attorney general. Makes nonsubstantive changes.

SECTION 1.04. Amends Section 16.0332, Election Code, by amending Subsection (a) and adding Subsections (a-1), (d), and (e), as follows:

(a) Requires the voter registrar, after the registrar receives notification under Subsection (a-1) of Section 16.0332 (Cancellation Because of Citizenship Status), Section 18.068 (Comparison of Information Regarding Ineligibility) of this code, or Section 62.113 (Compilation of List of Noncitizens), Government Code, of persons excused or disqualified from jury service because of citizenship status or notification of persons who indicate a lack of citizenship status in connection with a motor vehicle or Department of Public Safety of the State of Texas (DPS) record, rather than after the registrar receives a list under Section 18.068 of this code or Section 62.113, Government Code, of persons excused or disqualified from jury service because of citizenship status, to deliver to each registered voter whose name appears on the list a written notice requiring the voter to submit certain information.

(a-1) Requires SOS to enter into an agreement with DPS under which information in the existing statewide computerized voter registration list is compared against information in the database of DPS on a monthly basis to verify the accuracy of citizenship status information previously provided on voter registration applications.

(d) Requires SOS to prescribe rules for the administration of this section.

(e) Requires SOS, not later than December 31 of each year, to provide a report to the legislature of the number of voter registrations canceled under this section during the calendar year.

SECTION 1.05. Amends Section 18.068, Election Code, by amending Subsection (a) and adding Subsection (a-1), as follows:

(a) Requires SOS to quarterly compare the information received under certain sections, including under Section 62.114 (Compilation of List of Nonresidents), Government Code, to the statewide computerized voter registration list. Requires SOS, if SOS determines that a voter on the registration list meets certain criteria, including if a voter has been excused or disqualified from jury service because the voter is not a resident of the county in which the voter is registered to vote, to send notice of the determination to:

(1) creates this subdivision from existing text and makes a nonsubstantive change; and

(2) the attorney general, who is required to quarterly review the information to investigate whether a person has committed an offense under Section 13.007 (False Statement on Application) or other law.

Makes a nonsubstantive change.

(a-1) Provides that SOS is not required to send notice under Subsection (a) for a voter who is subject to an exemption from jury service under Section 62.106 (Exemption From Jury Service), Government Code.

SECTION 1.06. Amends Section 31.006, Election Code, as follows:

Sec. 31.006. New heading: REFERRAL TO ATTORNEY GENERAL. (a) Requires SOS, if, after receiving or discovering information indicating that criminal conduct in connection with an election has occurred, SOS determines that there is reasonable cause to suspect that criminal conduct occurred, to promptly refer the information to the attorney general. Requires SOS to deliver to the attorney general all pertinent documents and information, rather than all pertinent documents, in SOS's possession. Deletes existing text requiring SOS, if, after receiving a complaint alleging criminal conduct in connection with an election, SOS determines that there is reasonable cause to suspect that the alleged criminal conduct occurred, to promptly refer the complaint to the attorney general.

(b) Makes conforming changes to this subsection.

SECTION 1.07. Amends Section 62.113(b), Government Code, as follows:

(b) Requires a clerk of the court, on the third business day of each month, to send a copy of the list of persons excused or disqualified because of citizenship in the previous month to certain persons, including to the attorney general for an investigation of whether the person committed an offense under Section 13.007, Election Code, or other law. Makes a nonsubstantive change.

SECTION 1.08. Amends Sections 62.114(b) and (c), Government Code, as follows:

(b) Requires a clerk of the court, on the third business day of each month, to send a copy of the list of persons excused or disqualified in the previous month because the persons do not reside in the county to the voter registrar of the county, SOS, and the attorney general and the county or district attorney for an investigation of whether the person committed an offense under Section 13.007, Election Code, or other law. Makes a nonsubstantive change.

(c) Prohibits a list compiled under this section from being used for a purpose other than a purpose described by certain sections, including Section 18.068 (Comparison of Information Regarding Ineligibility), Election Code.

ARTICLE 2. CONDUCT AND SECURITY OF ELECTIONS

SECTION 2.01. Amends Section 43.031(b), Election Code, as follows:

(b) Prohibits a polling place from being located in a tent or similar temporary moveable structure or in a facility primarily designed for motor vehicles. Prohibits a voter from casting a vote from inside a motor vehicle unless the voter meets the requirements of Section 64.009 (Voter Unable to Enter Polling Place).

SECTION 2.02. Amends Section 64.007(c), Election Code, as follows:

(c) Requires an election officer to maintain a register of spoiled ballots at the polling place, including spoiled ballots from a direct recording electronic voting unit. Requires SOS to create and promulgate a form to be used for this purpose.

SECTION 2.03. Amends Subchapter A, Chapter 65, Election Code, by adding Section 65.017, as follows:

Sec. 65.017. VOTE TABULATING EQUIPMENT. Prohibits equipment to tabulate votes, beginning January 1, 2024, from being used if any wireless connectivity capability of the equipment has not been disabled or removed.

SECTION 2.04. Amends Subchapter A, Chapter 66, Election Code, by adding Section 66.004, as follows:

Sec. 66.004. CLOSING POLLING PLACE. Requires SOS to adopt rules and create a checklist or similar guidelines to assist the presiding judge of a polling place in processing forms and conducting procedures required by this code at the closing of the polling place.

SECTION 2.05. Amends Section 66.052, Election Code, as follows:

Sec. 66.052. New heading: DELIVERY BY ELECTION CLERK; CHAIN OF CUSTODY. (a) Creates this subsection from existing text and makes no further changes.

(b) Requires the presiding judge, if the presiding judge of a polling place designates a clerk to deliver election supplies, to attest to the designation, and requires the clerk to attest to the clerk's acceptance of the responsibility. Requires SOS to create and promulgate a form to facilitate compliance with this section.

SECTION 2.06. Amends Section 85.005, Election Code, as follows:

Sec. 85.005. REGULAR DAYS AND HOURS FOR VOTING. (a) Provides that, except as provided by Subsection (c), in an election in which a county clerk is the early voting clerk under Section 83.002 (County Clerk as Early Voting Clerk), early voting by personal appearance at the main early voting polling place is required to be conducted on each weekday of the early voting period that is not a legal state holiday and for a period of at least nine hours, except that voting is prohibited from being conducted earlier than 6 a.m. or later than 9 p.m.

Deletes existing text providing that, except as provided by Subsection (c), in an election in which a county clerk or city secretary is the early voting clerk under Section 83.002 or 83.005 (Clerk for City Elections), early voting by personal appearance at the main early voting polling place is required to be conducted on the weekdays of the early voting period and during the hours that the county clerk's or city secretary's main business office is regularly open for business.

(b) Requires that early voting by personal appearance at the main early voting polling place, in an election to which Subsection (a) does not apply, be conducted at least nine hours, rather than eight hours, each weekday of the early voting period that is not a legal state holiday unless the territory covered by the election has fewer than 1,000 registered voters. Requires that the voting in that case be conducted at least four hours, rather than three hours, each day.

(c) Requires that the voting in a primary election or the general election for state and county officers, in a county with a population of 30,000 or more, rather than a population of 100,000 or more, be conducted at the main early voting polling place for at least 12 hours on each weekday of the last week of the early voting period, and requires that the voting in a special election ordered by the governor be conducted at the main early voting polling place for at least 12 hours on each

of the last two days of the early voting period. Prohibits voting under this subsection from being conducted earlier than 6 a.m. or later than 9 p.m. Makes a conforming change.

(d) Provides that a voter who has not voted before the scheduled time for closing a polling place is entitled to vote after that time if the voter is in line at the polling place by closing time. Requires SOS to promulgate any materials and provide any training to presiding judges necessary to properly process voters under this subsection.

Deletes existing text requiring that early voting by personal appearance at the main early voting polling place, in an election ordered by a city, be conducted for at least 12 hours on one weekday, if the early voting period consists of less than six weekdays, or on two weekdays, if the early voting period consists of six or more weekdays.

SECTION 2.07. Amends Sections 85.006(b) and (e), Election Code, as follows:

(b) Authorizes only the early voting clerk to order voting on a Saturday or Sunday in an election in which a county clerk is the early voting clerk under Section 83.002, rather than in an election in which a county clerk or city secretary is the early voting clerk under Section 83.002 or 83.005.

(e) Requires the early voting clerk, in a primary election or the general election for state and county officers in a county with a population of 30,000 or more, to order voting by personal appearance at the main early voting polling place to be conducted on the last Saturday of the early voting period for at least 12 hours, except that voting is prohibited from being conducted earlier than 6 a.m. or later than 9 p.m., and on the last Sunday of the early voting period for at least six hours, except that voting is prohibited from being conducted earlier than 6 a.m. or later than 9 p.m.

Deletes existing text requiring the early voting clerk, in a primary election or the general election for state and county officers in a county with a population of 100,000 or more, to order personal appearance voting at the main early voting polling place to be conducted for at least 12 hours on the last Saturday and for at least five hours on the last Sunday of the early voting period. Makes a conforming change.

SECTION 2.08. Amends Section 85.010(a-1), Election Code, to redefine "eligible county polling place" for Section 85.010 (Early Voting Polling Place for Certain Elections Held by Political Subdivisions).

SECTION 2.09. Amends Section 85.061(a), Election Code, as follows:

(a) Authorizes the early voting polling place, if a suitable room is unavailable inside a branch office that is regularly maintained for conducting general clerical functions of the county clerk, to be located in another room inside the same building as the branch office. Prohibits the early voting polling place from being located in a tent or similar temporary movable structure or a parking garage, parking lot, or similar facility designed primarily for motor vehicles. Makes a nonsubstantive change.

SECTION 2.10. Amends Section 85.062, Election Code, by amending Subsection (b) and adding Subsection (f-1), as follows:

(b) Authorizes an early voting polling place established under Section 85.062 (Temporary Branch Polling Place) to be located, subject to Subsection (d) (relating to requiring the commissioners courts of counties with certain populations to establish a certain number of early voting voting polling places), at any place in the territory served by the early voting clerk and to be located inside any building, rather than in any stationary structure, as directed by the authority establishing the branch office. Prohibits the polling place from being located in a tent or similar temporary movable structure or a parking garage,

parking lot, or similar facility designed primarily for motor vehicles in the general election for state and county officers, general primary election, or runoff primary election.

(f-1) Requires the commissioners court of a county, notwithstanding any other provision of this section concerning the location of temporary branch polling places, in an election in which countywide polling places are used, to employ the same methodology it uses to determine the location of countywide polling places to determine the location of temporary branch polling places.

SECTION 2.11. Amends Section 124.002, Election Code, by adding Subsection (c), to prohibit voting system ballots from being arranged in a manner that allows a political party's candidates to be selected in one motion or gesture.

SECTION 2.12. Amends Section 127.1232, Election Code, as follows:

Sec. 127.1232. SECURITY OF VOTED BALLOTS. (a) Creates this subsection from existing text. Requires the general custodian of election records to post a licensed peace officer, rather than a guard, to ensure the security of ballot boxes containing voted ballots throughout the period of tabulation at the central counting station.

(b) Provides that the general custodian of election records in a county with a population of less than 100,000 is authorized, and the general custodian of election records in a county with a population of 100,000 or more is required, to implement a video surveillance system that retains a record of all areas containing voted ballots:

(1) from the time the voted ballots are delivered to the central counting station until the canvass of precinct election returns; and

(2) from the time the voted ballots are delivered to the signature verification committee or early voting ballot board until the canvass of precinct election returns.

(c) Provides that a video from a system implemented under Subsection (b) is authorized to be made available to the public by a livestream in a county with a population of less than 100,000, and is required to be made available to the public by a livestream in a county with a population of 100,000 or more.

(d) Provides that the video recorded is an election record under Section 1.012 (Public Inspection of Election Records) and is required to be retained by the general custodian of election records until the end of the calendar year in which an election is held or until an election contest filed in the county has been resolved, whichever is later.

ARTICLE 3. ELECTION OFFICERS AND OBSERVERS

SECTION 3.01. Amends Section 33.051, Election Code, by adding Subsections (g) and (h), as follows:

(g) Provides that an election officer commits an offense if the officer intentionally or knowingly refuses to accept a watcher for service when acceptance of the watcher is required by Section 33.051 (Acceptance of Watcher). Provides that an offense under this subsection is a Class B misdemeanor.

(h) Requires the officer presented with a watcher's certificate of appointment, before accepting a watcher, to require the watcher to take a certain oath, administered by the officer.

SECTION 3.02. Amends Section 33.056, Election Code, by amending Subsection (a) and adding Subsections (e) and (f), as follows:

(a) Entitles a watcher to sit or stand near enough to see and hear the election officers conducting the observed activity, except as otherwise prohibited by Chapter 33 (Watchers), rather than entitles a watcher to sit or stand conveniently near the election officers conducting the observed activity.

(e) Prohibits a watcher, except as provided by Section 33.057(b) (relating to prohibiting a watcher from being present at the voting station when a voter is preparing the voter's ballot or is being assisted by a person of the voter's choice), from being denied free movement where election activity is occurring within the location at which the watcher is serving.

(f) Provides that in this code, a watcher who is entitled to "observe" an election activity is entitled to sit or stand near enough to see and hear the activity.

SECTION 3.03. Amends Subchapter C, Chapter 33, Election Code, by adding Section 33.0605, as follows:

Sec. 33.0605. OBSERVING DATA STORAGE SEALING AND TRANSFER. (a) Authorizes a watcher appointed to serve at a polling place in an election who is available at the time of the action to observe all election activities relating to closing the polling place, including the sealing and transfer of a memory card, flash drive, hard drive, data storage device, or other medium now existing or later developed used by the voting system equipment.

(b) Provides that, notwithstanding any other provision of this code, a watcher duly accepted for service at a polling location is entitled to follow the transfer of election materials from the polling place at which the watcher was accepted to a regional tabulating center, the central counting station, or any other location designated to process election materials. Requires the authority responsible for administering a regional tabulating center or another location where election materials are processed to accept duly appointed watchers for service in the same manner a watcher is accepted for service under Section 33.051 and to accept the same number of watchers that are authorized to serve under Section 33.007(a) (relating to authorizing each appointing authority to appoint not more than two watchers for each precinct polling place, meeting place for an early voting ballot board, or central counting station involved in the election.).

SECTION 3.04. Amends Section 33.061(a), Election Code, as follows:

(a) Provides that a person commits an offense of unlawfully obstructing a watcher if the person serves in an official capacity at a location at which the presence of watchers is authorized and knowingly prevents a watcher from observing an activity or procedure the person knows the watcher is entitled to observe, including by taking any action to obstruct the view of a watcher or distance the watcher from the activity or procedure to be observed in a manner that would make observation not reasonably effective.

SECTION 3.05. Amends Subchapter C, Chapter 33, Election Code, by adding Section 33.063, as follows:

Sec. 33.063. RELIEF. (a) Authorizes a watcher, or the appointing authority for a watcher, who believes that the watcher was unlawfully prevented or obstructed from the performance of the watcher's duties to seek injunctive relief under Section 273.081 (Injunction), including issuance of temporary orders; a writ of mandamus under Section 161.009 (Party Officer Subject to Mandamus) or 273.061 (Jurisdiction); and any other remedy available under law.

(b) Provides that the relief provided by this section is available to a state inspector appointed under Chapter 34 (State Inspectors) or any other election inspector authorized by law.

SECTION 3.06. Amends Section 86.006, Election Code, by amending Subsection (a) and adding Subsection (a-2), as follows:

(a) Provides that the carrier envelope for a marked ballot voted under Chapter 86 (Conduct of Voting by Mail) is authorized to be delivered in another envelope and is required to be transported and delivered only by certain methods, including, subject to Subsections (a-1) (relating to authorizing a voter to deliver a marked ballot in person to the early voting clerk's office only while the polls are open on election day) and (a-2), rather than subject to Subsection (a-1), in-person delivery by the voter who voted the ballot.

(a-2) Requires that an in-person delivery of a marked ballot voted under this chapter be received by an election official at the time of delivery. Requires the receiving official to record the voter's name, signature, and type of identification provided under Section 63.0101 (Documentation of Proof of Identification) on a roster prescribed by SOS. Requires the receiving official to attest on the roster that the delivery complies with Section 86.006 (Method of Returning Marked Ballot).

SECTION 3.07. Amends Chapter 121, Election Code, by adding Section 121.004, as follows:

Sec. 121.004. COMMUNICATIONS WITH VOTING SYSTEMS VENDOR PUBLIC INFORMATION. (a) Provides that, except as provided by Subsection (b) and notwithstanding any other law, including Chapter 552 (Public Information), Government Code, a written letter, e-mail, or other communication, including a communication made confidential by other law, between a public official and a voting systems vendor is not confidential, is public information for purposes of Chapter 552, Government Code, and is not subject to an exception to disclosure provided by Chapter 552, Government Code.

(b) Provides that Subsection (a) does not apply to a written letter, e-mail, or other communication related to the bidding process.

SECTION 3.08. Amends Subchapter A, Chapter 127, Election Code, by adding Section 127.009, as follows:

Sec. 127.009. ELECTRONIC DEVICES IN CENTRAL COUNTING STATION. (a) Requires a counting station manager and the presiding judge of the counting station to develop a protocol under which any electronic device inside a central counting station that is necessary to count votes is equipped with software that tracks all input and activity on the electronic device.

(b) Requires the counting station manager and the presiding judge of the counting station to ensure that the input and activity tracked by the software is printed and delivered to SOS not later than the fifth day after vote counting is complete.

(c) Provides that this section applies only to a central counting station located in a county with a population of 250,000 or more.

SECTION 3.09. Amends Section 127.1301, Election Code, as follows:

Sec. 127.1301. New heading: CENTRALLY COUNTED OPTICAL SCAN BALLOTS. (a) Creates this subsection from existing text and makes no further changes.

(b) Prohibits an authority operating a central counting station under Chapter 127 (Processing Electronic Voting System Results), after January 1, 2024, from purchasing or using a centrally counted optical ballot scan system that uses a data storage disc on which information, once written, is capable of being modified.

SECTION 3.10. Amends Section 127.131, Election Code, by adding Subsection (f), as follows:

(f) Requires the presiding judge of the central counting station to provide and attest to a written reconciliation of votes and voters at the close of tabulation for election day and again after the central counting station meets for the last time to process late-arriving ballots by mail and provisional ballots. Requires SOS to create and promulgate rules and a form to facilitate compliance with this subsection. Requires that the form be posted on a website maintained by the county along with election returns and results.

SECTION 3.11. Amends Section 129.023, Election Code, by adding Subsections (b-2) and (c-1), as follows:

(b-2) Requires the general custodian of election records, if the test is being conducted for an election in which a county election board has been established under Section 51.002 (County Election Board), to notify each member of the board of the test at least 48 hours before the date of the test. Requires each member of the county election board, if the board chooses to witness the test, to sign the statement required by Subsection (e)(1) (relating to requiring the testing board and general custodian of election records to sign a written statement attesting to certain information to provide a full and accurate account of each voting machine's conditions).

(c-1) Requires that a test conducted under Section 129.023 (Public Test of Logic and Accuracy) also require the general custodian of election records to demonstrate, using a representative sample of voting system equipment, that the source code of the equipment has not been altered.

## ARTICLE 4. VOTING BY MAIL

SECTION 4.01. Amends Section 84.001(b), Election Code, as follows:

(b) Requires that an application for an early voting ballot to be voted by mail be submitted in writing and signed by the applicant using ink on paper. Provides that an electronic signature or photocopied signature is not permitted.

SECTION 4.02. Amends Subchapter A, Chapter 84, Election Code, by adding Section 84.0011, as follows:

Sec. 84.0011. SOLICITATION OF BALLOT BY MAIL APPLICATIONS PROHIBITED. Prohibits the early voting clerk from making an attempt to solicit a person to complete an application for an early voting ballot by mail, whether directly or through a third party.

SECTION 4.03. Amends Section 84.002, Election Code, as effective September 1, 2021, by amending Subsection (a) and adding Subsection (b-1), as follows:

(a) Requires that an early voting ballot application include:

(1) makes no changes to this subdivision;

(1-a) the following information:

(A) the number of the applicant's driver's license or personal identification card issued by DPS;

(B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or

(C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B);

(2)-(7) makes no changes to these subdivisions.

(b-1) Authorizes a person to use the number of a driver's license or personal identification card that has expired for the purpose of fulfilling the requirement under Subsection (a)(1-a) if the license or identification is otherwise valid.

SECTION 4.04. Amends Section 84.011(a), Election Code, as effective September 1, 2021, as follows:

(a) Requires that the officially prescribed application form for an early voting ballot include certain criteria, including a space for entering the information required under Section 84.002(a)(1-a).

SECTION 4.05. Amends Subchapter A, Chapter 84, Election Code, by adding Section 84.0111, as follows:

Sec. 84.0111. PROHIBITION ON DISTRIBUTION OF APPLICATION FORM. (a) Prohibits an officer or employee of this state or of a political subdivision of this state, unless authorized by this code, from distributing an application form for an early voting ballot to a person who did not request an application under Section 84.001 (Application Required).

(b) Prohibits an officer or employee of this state or of a political subdivision of this state from using public funds to facilitate the distribution by another person of an application form for an early voting ballot to a person who did not request an application under Section 84.001.

SECTION 4.06. Amends Section 84.032(c), Election Code, as follows:

(c) Authorizes an applicant for a ballot to be voted by mail to submit a request after the close of early voting by personal appearance by appearing in person and:

(1) makes no changes to this subdivision; or

(2) executing an affidavit that the applicant:

(A) and (B) makes nonsubstantive changes to these paragraphs; or

(C) received notice of a defect under Section 87.0271(b) or 87.0411(b).

SECTION 4.07. Amends Section 84.035, Election Code, as follows:

Sec. 84.035. BALLOT SENT TO APPLICANT. (a) Creates this subsection from existing text and makes no further changes.

(b) Authorizes an election judge to permit a person to whom an early voting ballot has been sent who cancels the person's application for a ballot to be voted by mail in accordance with Section 84.032 (Request for Cancellation) but fails to return the ballot to be voted by mail to the early voting clerk, deputy early voting clerk, or presiding judge as provided by that section to vote only a provisional ballot under Section 63.011 (Provisional Voting).

SECTION 4.08. Amends Section 86.001, Election Code, by adding Subsection (f), as follows:

(f) Requires the early voting clerk, if the information required under Section 84.002(a)(1-a) included on the application for a ballot to be voted by mail does not match the information on the applicant's application for voter registration under Section 13.002(c)(8) (relating to requiring a voter registration application to provide the

applicant's driver's license or personal identification number, the applicant's social security number, or a certain statement), to reject the application.

SECTION 4.09. Amends Section 86.002, Election Code, by adding Subsections (g), (h), and (i), as follows:

(g) Requires that the carrier envelope provided with each ballot to be voted by mail include a space that is hidden from view when the envelope is sealed for the voter to enter the following information:

(1) the number of the voter's driver's license or personal identification card issued by DPS;

(2) if the voter has not been issued a number described by Subdivision (1), the last four digits of the voter's social security number; or

(3) a statement by the applicant that the applicant has not been issued a number described by Subdivision (1) or (2).

(h) Authorizes a person to use the number of a driver's license or personal identification card that has expired for purposes of Subsection (g) if the license or identification is otherwise valid.

(i) Prohibits a record associating an individual voter with a ballot from being created.

SECTION 4.10. Amends Section 86.011(c), Election Code, as follows:

(c) Requires the early voting clerk, if the return is not timely, to enter the time of receipt on the carrier envelope and retain it in a locked container for the period for preserving the precinct election records.

SECTION 4.11. Amends Section 87.027(i), Election Code, as follows:

(i) Authorizes the signature verification committee to also compare the signatures on the carrier envelope certificates with any known signature of the voter, rather than with any two or more signatures of the voter made within the preceding six years, on file with the county clerk or voter registrar to determine whether the signatures are those of the voter.

SECTION 4.12. Amends Subchapter B, Chapter 87, Election Code, by adding Section 87.0271, as follows:

Sec. 87.0271. OPPORTUNITY TO CORRECT DEFECT: SIGNATURE VERIFICATION COMMITTEE. (a) Provides that this section applies to an early voting ballot voted by mail for which the voter did not sign the carrier envelope certificate, for which it cannot immediately be determined whether the signature on the carrier envelope certificate is that of the voter, that is missing any required statement of residence, or to a ballot containing incomplete information with respect to a witness.

(b) Authorizes the signature verification committee, before deciding whether to accept or reject a timely delivered ballot under Section 87.027 (Signature Verification Committee), to:

(1) return the carrier envelope to the voter by mail, if the signature verification committee determines that it would be possible to correct the defect and return the carrier envelope before the time the polls are required to close on election day; or

(2) notify the voter of the defect by telephone or e-mail and inform the voter that the voter is authorized to come to the early voting clerk's office

in person to correct the defect or to request to have the voter's application to vote by mail canceled under Section 84.032.

(c) Requires the signature verification committee, if the committee takes an action described by Subsection (b), to take either action described by that subsection with respect to each ballot in the election to which this section applies.

(d) Entitles a poll watcher to observe an action taken under Subsection (b).

(e) Authorizes SOS to prescribe any procedures necessary to implement this section.

SECTION 4.13. Amends Section 87.041, Election Code, by amending Subsections (b) and (e) and adding Subsection (d-1), as follows:

(b) Authorizes an early voting ballot to be accepted only if certain criteria are met, including if the information required under Section 86.002(g) provided by the voter matches the information on the voter's application for voter registration under Section 13.002(c)(8). Makes nonsubstantive changes.

(d-1) Requires that the signature on the early voting ballot application and on the carrier envelope certificate be rebuttably presumed to be the signatures of the voter if a voter provides the information required under Section 86.002(g) and it matches the information on the voter's application for voter registration under Section 13.002(c)(8).

(e) Authorizes the early voting ballot board, in making the determination under Subsection (b)(2) (relating to authorizing an early voting ballot to be accepted if neither the voter's signature on the ballot application nor the signature on the carrier envelope certificate is determined to have been executed by a person other than the voter, unless signed by a witness), to determine whether the signatures are those of the voter, to also compare the signatures with any known signature of the voter on file with the county clerk or voter registrar. Deletes existing text authorizing the board, in making the determination under Subsection (b)(2), to also compare the signatures with any two or more signatures of the voter made within the preceding six years and on file with the county clerk or voter registrar to determine whether the signatures are those of the voter.

SECTION 4.14. Amends Subchapter C, Chapter 87, Election Code, by adding Section 87.0411, as follows:

Sec. 87.0411. OPPORTUNITY TO CORRECT DEFECT: EARLY VOTING BALLOT BOARD. (a) Provides that this section applies to an early voting ballot voted by mail for which the voter did not sign the carrier envelope certificate, for which it cannot immediately be determined whether the signature on the carrier envelope certificate is that of the voter, that is missing any required statement of residence, or to a ballot containing incomplete information with respect to a witness.

(b) Authorizes the early voting ballot board, before deciding whether to accept or reject a timely delivered ballot under Section 87.041 (Accepting Voter), to:

(1) return the carrier envelope to the voter by mail, if the early voting ballot board determines that it would be possible to correct the defect and return the carrier envelope before the time the polls are required to close on election day; or

(2) notify the voter of the defect by telephone or e-mail and inform the voter that the voter is authorized to come to the early voting clerk's office in person to correct the defect or to request to have the voter's application to vote by mail canceled under Section 84.032.

(c) Requires the early voting ballot board, if the board takes an action described by Subsection (b), to take either action described by that subsection with respect to each ballot in the election to which this section applies.

(d) Entitles a poll watcher to observe an action taken under Subsection (b).

(e) Authorizes SOS to prescribe any procedures necessary to implement this section.

SECTION 4.15. Amends Section 87.0431(b), Election Code, as follows:

(b) Requires the early voting clerk, not later than the 30th day after election day, to deliver notice to the attorney general, including certified copies of the carrier envelope and corresponding ballot application, of any ballot rejected for certain reasons, including because the early voting ballot board or the signature verification committee determined that another violation of the Election Code occurred. Makes nonsubstantive changes.

SECTION 4.16. Amends Sections 87.062(a) and (c), Election Code, as follows:

(a) Makes nonsubstantive changes to this subsection.

(c) Requires that ballots voted by mail be tabulated and stored separately from the ballots voted by personal appearance and be separately reported on the returns. Deletes existing text requiring that the results of all early voting ballots counted by the early voting ballot board under Subchapter D (Processing Manually Counted Ballots) be included in the same return.

SECTION 4.17. Amends Section 87.103, Election Code, as follows:

Sec. 87.103. COUNTING BALLOTS AND PREPARING RETURNS. (a) Requires that the early voting electronic system ballots counted at a central counting station, the ballots cast at precinct polling places, and the ballots voted by mail be tabulated separately and be separately reported on the returns. Makes a nonsubstantive change.

(b) Requires that the early voting returns prepared at the central counting station include any early voting results obtained by the early voting ballot board under Subchapter D, rather than under Subchapters D and E.

SECTION 4.18. Amends Section 87.126, Election Code, by adding Subsection (a-1), as follows:

(a-1) Requires that electronic records made under Section 87.126 (Electronic Recording of Ballot Materials and Applications) record both sides of any application, envelope, or ballot recorded, and that all such records be provided to the early voting ballot board, the signature verification committee, or both.

SECTION 4.19. Amends Subchapter G, Chapter 87, Election Code, by adding Section 87.128, as follows:

Sec. 87.128. NOTES. Entitles each member of an early voting ballot board and each member of a signature verification committee to take and keep any notes reasonably necessary to perform the member's duties under Chapter 87 (Processing Early Voting Results).

ARTICLE 5. ASSISTANCE OF VOTERS

SECTION 5.01. Amends Section 64.009, Election Code, by amending Subsection (b) and adding Subsections (b-1), (e), (f), (f-1), (g), and (h), as follows:

(b) Authorizes the regular voting procedures, except those in Subchapter B (Assisting Voter), to be modified by the election officer to the extent necessary to conduct voting under this section.

(b-1) Provides that a person other than a voter is only permitted to be inside a motor vehicle while a voter votes from the motor vehicle if the person would be entitled to accompany the voter to the voting station under other law.

(e) Provides that except as provided by Section 33.057, a poll watcher is entitled to observe any activity conducted under this section.

(f) Requires a person who simultaneously assists three or more voters voting under this section by providing the voters with transportation to the polling place to complete and sign a form, provided by an election officer, that contains the person's name and address and whether the person is providing assistance solely under this section or under both this section and Subchapter B.

(f-1) Provides that Subsection (f) does not apply if the person is related to each voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B (Relationships by Consanguinity or by Affinity), Chapter 573 (Degrees of Relationship; Nepotism Prohibitions), Government Code.

(g) Requires that a form completed under Subsection (f) be delivered to SOS as soon as practicable. Requires SOS to retain a form delivered under this section for the period for preserving the precinct election records and to make the form available to the attorney general for inspection upon request.

(h) Requires SOS to prescribe the form described by Subsection (f).

SECTION 5.02. Amends Section 64.031, Election Code, as follows:

Sec. 64.031. ELIGIBILITY FOR ASSISTANCE. Provides that a voter is eligible to receive assistance in marking or reading the ballot, rather than assistance in marking the ballot, as provided by Subchapter B, if the voter cannot prepare or read the ballot, rather than prepare the ballot, because of a physical disability that renders the voter unable to write or see or an inability to read the language in which the ballot is written.

SECTION 5.03. Amends Subchapter B, Chapter 64, Election Code, by adding Section 64.0322, as follows:

Sec. 64.0322. SUBMISSION OF FORM BY ASSISTANT. (a) Requires a person, other than an election officer, who assists a voter in accordance with Chapter 64 (Voting Procedures) to complete a form stating:

(1) the name and address of the person assisting the voter;

(2) the relationship to the voter of the person assisting the voter; and

(3) whether the person assisting the voter received or accepted any form of compensation or other benefit from a candidate, campaign, or political committee.

(b) Requires SOS to prescribe the form required by this section. Requires that the form be incorporated into the official carrier envelope if the voter is voting an early voting ballot by mail and receives assistance under Section 86.010 (Unlawfully Assisting Voter Voting Ballot by Mail), or be submitted to an election officer at the time the voter casts a ballot if the voter is voting at a polling place or under Section 64.009.

SECTION 5.04. Amends Section 64.034, Election Code, as follows:

Sec. 64.034. OATH. Requires a person, other than an election officer, selected to provide assistance to a voter to take a certain oath, administered by an election officer at the polling place, before providing assistance. Sets forth the required language of the oath.

SECTION 5.05. Amends Sections 86.010(e), (h), and (i), Election Code, as follows:

(e) Requires a person who assists a voter to prepare a ballot to be voted by mail to enter on the official carrier envelope of the voter:

(1) creates this subdivision from existing text and makes a nonsubstantive change;

(2) the relationship of the person providing the assistance to the voter; and

(3) whether the person received or accepted any form of compensation or other benefit from a candidate, campaign, or political committee in exchange for providing assistance.

Deletes existing text requiring a person who assists a voter to prepare a ballot to be voted by mail to enter certain information on the official carrier envelope of the voter.

(h) Provides that Subsection (f) (relating to providing that a person who assists a voter commits an offense if the person knowingly fails to comply with certain requirements) does not apply to:

(1) a violation of Subsection (c) (relating to requiring a person assisting a voter to sign a certain written oath that is part of the certificate on the official carrier envelope), if the person is related to the voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code, or was physically living in the same dwelling as the voter at the time of the event; or

(2) a violation of Subsection (e), if the person is related to the voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code.

Makes nonsubstantive changes.

(i) Provides that an offense under this section for a violation of Subsection (c), rather than an offense under this section, is increased to the next higher category of offense if it is shown on the trial of an offense under this section that the defendant was previously convicted of an offense under this code, the offense involved a voter 65 years of age or older, or the defendant committed another offense under this section in the same election.

SECTION 5.06. Amends Section 86.013(b), Election Code, as follows:

(b) Requires that spaces appear on the reverse side of the official carrier envelope for providing certain information, including for indicating the relationship of a certain person to the voter. Makes nonsubstantive changes.

ARTICLE 6. FRAUD AND OTHER UNLAWFUL PRACTICES

SECTION 6.01. Amends Chapter 63, Election Code, by adding Section 63.0111, as follows:

Sec. 63.0111. OFFENSES RELATED TO PROVISIONAL VOTING. (a) Provides that an election judge commits an offense if the judge knowingly provides a voter with a form for an affidavit required by Section 63.001 (Regular Procedure for Accepting Voter) if the form contains information that the judge entered on the form knowing it was false.

(b) Provides that an offense under this section is a state jail felony.

SECTION 6.02. Amends Sections 276.004(a) and (b), Election Code, as follows:

(a) Provides that a person commits an offense of unlawfully prohibiting an employee from voting if, with respect to another person over whom the person has authority in the scope of employment, the person knowingly:

(1) refuses to permit the other person to be absent from work on election day or while early voting is in progress for the purpose of attending the polls to vote; or

(2) subjects or threatens to subject the other person to a penalty for attending the polls on election day or while early voting is in progress to vote.

(b) Makes a conforming change to this subsection.

SECTION 6.03. Amends Chapter 276, Election Code, by adding Sections 276.015, 276.016, and 276.017, as follows:

Sec. 276.015. VOTE HARVESTING. (a) Defines "benefit" and "vote harvesting services."

(b) Provides that a person commits an offense if the person, directly or through a third party, knowingly provides or offers to provide vote harvesting services in exchange for compensation or other benefit.

(c) Provides that a person commits an offense if the person, directly or through a third party, knowingly provides or offers to provide compensation or other benefit to another person in exchange for vote harvesting services.

(d) Provides that a person commits an offense if the person knowingly collects or possesses a mail ballot or official carrier envelope in connection with vote harvesting services.

(e) Provides that this section does not apply to:

(1) an activity not performed in exchange for compensation or a benefit;

(2) interactions that do not directly involve an official ballot, ballot by mail, or an application for ballot by mail;

(3) interactions that are not conducted in-person with a voter; or

(4) activity that is not designed to deliver votes for or against a specific candidate or measure.

(f) Provides that in this section, compensation in exchange for vote harvesting services is inferred if a person who performed vote harvesting services for a candidate or campaign solicits, receives, or is offered compensation from the candidate or campaign, directly or through a third party, for services other than vote harvesting services provided.

(g) Provides that an offense under this section is a felony of the third degree.

(h) Authorizes the actor, if conduct that constitutes an offense under this section also constitutes an offense under any other law, to be prosecuted under this section, the other law, or both.

(i) Requires that records necessary to investigate an offense under this section or any other section of this code be provided by an election officer in an unredacted

form to a law enforcement officer upon request. Provides that records obtained under this subsection are not subject to public disclosure.

Sec. 276.016. CIVIL LIABILITY FOR VOTE HARVESTING. (a) Provides that a person who is shown by a preponderance of the evidence to have violated Section 276.015 is civilly liable to any candidate or political party who suffers harm from the vote harvesting services for damages and penalties that are authorized to be awarded under Subsection (c).

(b) Provides that a person is harmed by the vote harvesting services if the person can demonstrate that the person has standing to seek relief and the liable party violated Section 276.015.

(b-1) Provides that, to establish standing under this section, a person is not required to demonstrate that the vote harvesting services successfully delivered votes for a specific candidate or measure, but is required to demonstrate that:

(1) the vote harvesting services were intended to deliver votes for a specific candidate or measure; and

(2) the person opposed the candidate or measure in the person's capacity as a candidate or political party.

(c) Authorizes a party who prevails in an action under this section to recover damages in an amount including any or all of:

(1) the amount of compensation paid to or received by a party in exchange for vote harvesting services;

(2) the fair market value of any benefit given or received in exchange for vote harvesting services;

(3) a penalty in the amount of $35,000; or

(4) reasonable and necessary attorney's fees, court costs, witness fees, and discovery costs.

(d) Requires a party who is a candidate for office who prevails in an action under this section and shows that the number of voters contacted by the vote harvesting activity exceeds the number of votes by which the party lost the election to recover damages in an amount including any or all of:

(1) the party's campaign expenditures properly filed on a campaign finance report in connection with the election; or

(2) any fees and expenses incurred by the party in filing and securing a place on the ballot.

(e) Provides that a person who commits an offense under Section 276.015 and is found civilly liable, including by vicarious liability, under Chapter 276 (Miscellaneous Offenses and Other Provisions) or other law for any amount of damages arising from the vote harvesting services is jointly liable with any other defendant for the entire amount of damages arising from the vote harvesting services.

(f) Provides that the cause of action created by this section is cumulative of any other remedy provided by common law or statute.

(g) Provides that rules applicable to a party's access to election records under Chapter 231 (Contest in District Court Generally) or 232 (Contests for Office) apply to a cause of action under this section.

(h) Provides that the expedited actions process created by Rule 169, Texas Rules of Civil Procedure, does not apply to an action under this section.

(i) Provides that Chapter 27 (Actions Involving the Exercise of Certain Constitutional Rights), Civil Practice and Remedies Code, does not apply to a cause of action under this section.

(j) Authorizes a cause of action under this section to be brought in the county where any element of a violation under Section 276.015 occurred, or where any part of the vote harvesting services occurred.

(k) Requires that this section be liberally construed and applied to promote its underlying purpose to protect candidates and the voting public from unlawful vote harvesting and provide an efficient and economical remedy to secure that protection.

Sec. 276.017. UNLAWFUL ALTERING OF ELECTION PROCEDURES. Prohibits a public official from creating, altering, modifying, waiving, or suspending any election standard, practice, or procedure mandated by law or rule in a manner not expressly authorized by this code.

## ARTICLE 7. ENFORCEMENT

SECTION 7.01. Amends Section 18.065, Election Code, by amending Subsection (a) and adding Subsections (e), (f), and (g), as follows:

(a) Requires SOS to monitor each voter registrar for substantial compliance with certain sections, including with Section 16.0332, and with rules implementing the statewide computerized voter registration list.

(e) Requires a voter registrar to correct a violation within 30 days of a notice under Subsection (b) (relating to requiring SOS to deliver written notice of noncompliance to the registrar). Requires SOS, if a registrar fails to correct the violation within 30 days of a notice under Subsection (b), to correct the violation on behalf of the registrar and to notify the attorney general that the registrar failed to correct a violation under this subsection.

(f) Provides that a county served by a voter registrar who fails to correct a violation under Subsection (e) is liable to this state for a civil penalty of $1,000 for each violation corrected by SOS under that subsection. Authorizes the attorney general to bring an action to recover a civil penalty imposed under Section 18.065 (Secretary of State to Monitor Registrar's Compliance).

(g) Requires that a civil penalty collected by the attorney general under this section be deposited in the state treasury to the credit of the general revenue fund.

SECTION 7.02. Amends Subchapter E, Chapter 31, Election Code, by adding Sections 31.128 and 31.129, as follows:

Sec. 31.128. RESTRICTION ON ELIGIBILITY. (a) Defines "election official."

(b) Prohibits a person from serving as an election official if the person has been finally convicted of an offense under this code.

Sec. 31.129. CIVIL PENALTY. (a) Defines "election official."

(b) Provides that an election official may be liable to this state for a civil penalty if the official is employed by or is an officer of this state or a political subdivision of this state and violates a provision of this code.

(c) Authorizes a civil penalty imposed under this section to include termination of the person's employment and loss of the person's employment benefits.

SECTION 7.03. Amends Section 232.006(a), Election Code, as follows:

(a) Provides that the venue of an election contest for a statewide office is in Travis County or any county where a contestee resided at the time of the election, rather than in Travis County. Provides that, for purposes of Section 232.006 (Venue), a contestee's residence is determined under Section 411.0257 (Residence), Government Code.

SECTION 7.04. Amends Sections 232.008(b), (c), and (d), Election Code, as follows:

(b) Requires a contestant, except as provided by Subsection (c), to file the petition not later than the later of the 45th day, rather than the 30th day, after the date the election records are publicly available under Section 1.012 or the official result of the contested election is determined.

(c) Requires a contestant to file the petition not later than the later of the 15th day, rather than the 10th day, after the date the election records are publicly available under Section 1.012 or the official result is determined in a contest of certain elections.

(d) Requires a contestant to deliver, electronically or otherwise, a copy of the petition to SOS by the same deadline prescribed for the filing of the petition.

SECTION 7.05. Amends Chapter 232, Election Code, by adding Subchapter C, as follows:

SUBCHAPTER C. CONTEST INVOLVING ALLEGED FRAUD

Sec. 232.061. PETITION ALLEGING FRAUD. Provides that this subchapter applies to an election contest in which the contestant alleges in the petition that an opposing candidate, an agent of the opposing candidate, or a person acting on behalf of the opposing candidate with the candidate's knowledge violated any of certain sections of this code.

Sec. 232.062. DAMAGES. (a) Provides that if it is shown by a preponderance of the evidence that a contestee, an agent of the contestee, or a person acting on behalf of the contestee with the contestee's knowledge committed one or more violations of a section described by Section 232.061, the contestee is liable to the contestant for damages in an amount of $1,000 for each violation.

(b) Requires a court, notwithstanding Section 41.004(a) (relating to authorizing exemplary damages to be awarded only if damages other than nominal damages are awarded), Civil Practice and Remedies Code, to award damages under Subsection (a) to the contestant irrespective of whether the contestant is awarded actual damages.

Sec. 232.063. ATTORNEY'S FEES. Authorizes the court, in an election contest to which this subchapter applies, to award reasonable attorney's fees to the prevailing party.

SECTION 7.06. Amends Section 273.061, Election Code, as follows:

Sec. 273.061. JURISDICTION. (a) Creates this subsection from existing text and makes no further changes.

(b) Authorizes the court of criminal appeals to issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the

provision, sequestration, transfer, or impoundment of evidence in or records relating to a criminal investigation conducted under this code or conducted in connection with the conduct of an election or political party convention. Requires that, if a writ of mandamus is issued under this subsection, it include an order requiring the provision, sequestration, transfer, or impoundment of the evidence or record.

SECTION 7.07. Amends Subchapter D, Chapter 22, Government Code, by adding Section 22.304, as follows:

Sec. 22.304. PRIORITY OF CERTAIN ELECTION PROCEEDINGS. (a) Requires the Supreme Court of Texas, the Texas Court of Criminal Appeals, or a court of appeals to prioritize over any other proceeding pending or filed in the court a proceeding for injunctive relief or for a writ of mandamus under Chapter 273 (Criminal Investigation and Other Enforcement Proceedings), Election Code, pending or filed in the court on or after the 120th day before a general or special election.

(b) Authorizes oral argument for a proceeding described by Subsection (a), if granted, to be given in person or through electronic means.

SECTION 7.08. Amends Section 23.101, Government Code, by amending Subsection (a) and adding Subsection (b-1), as follows:

(a) Creates an exception under Subsection (b-1) to the requirement that the trial courts of this state regularly and frequently set hearings and trials of pending matters, giving preference to hearings and trials of certain matters. Makes a nonsubstantive change.

(b-1) Requires the trial courts of this state, except for a criminal case in which the death penalty has been or may be assessed or when it would otherwise interfere with a constitutional right, to prioritize over any other proceeding pending or filed in the court a proceeding for injunctive relief under Chapter 273, Election Code, pending or filed in the court on or after the 120th day before a general or special election.

ARTICLE 8. INELIGIBLE VOTERS AND RELATED REFORMS

SECTION 8.01. Amends Chapter 42, Code of Criminal Procedure, by adding Article 42.0194, as follows:

Art. 42.0194. FINDING REGARDING FELONY CONVICTION. Requires the court, in the trial of a felony offense, if the defendant is 18 years of age or older and is adjudged guilty of the offense, to:

(1) make an affirmative finding that the person has been found guilty of a felony and enter the affirmative finding in the judgment of the case; and

(2) instruct the defendant regarding how the felony conviction will impact the defendant's right to vote in this state.

SECTION 8.02. Amends Article 42.01, Code of Criminal Procedure, as effective September 1, 2021, by amending Section 4 and adding Section 16, as follows:

Sec. 4. Requires the Court of Criminal Appeals, rather than the Office of Court Administration of the Texas Judicial System, to promulgate a standardized felony judgment form that conforms to the requirements of Section 1 (relating to providing that a judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant) of this article.

Sec. 16. Provides that in addition to the information described by Section 1, the judgment should reflect the affirmative finding and instruction entered pursuant to Article 42.0194.

ARTICLE 9. REPEALER; SEVERABILITY; TRANSITION; EFFECTIVE DATE

SECTION 9.01. Repealer: Section 85.062(e) (relating to authorizing a temporary branch polling place that is located in a movable structure to be established only with the approval of the county clerk), Election Code.

Repealer: Section 86.0105(b) (relating to providing that an offense of compensation for assisting voters is a misdemeanor punishable by confinement in jail for a term of not more than one year or less than 30 days or confinement and a fine not to exceed $4,000), Election Code.

Repealer: Section 127.201(f) (relating to authorizing SOS at any time to waive or reinstate the requirements of a partial count of electronic voting system ballots by the general custodian for a particular political subdivision), Election Code.

SECTION 9.02. Severability clause.

SECTION 9.03. (a) Provides that except as otherwise provided by this Act, the changes in law made by this Act apply only to an offense committed on or after the effective date of this Act. Provides that an offense committed before the effective date of this Act is governed by the law in effect when the offense was committed, and the former law is continued in effect for that purpose. Provides that for purposes of this section, an offense was committed before the effective date of this Act if any element of the offense occurred before that date.

(b) Provides that the changes in law made by this Act apply only to an election ordered on or after the effective date of this Act. Provides that an election ordered before the effective date of this Act is governed by the law in effect when the election was ordered, and the former law is continued in effect for that purpose.

(c) Provides that the changes in law made by this Act apply only to an election contest for which the associated election occurred after the effective date of this Act.

(d) Provides that the changes in law made by this Act apply only to an application to vote an early voting ballot by mail submitted on or after the effective date of this Act. Provides that an application to vote an early voting ballot by mail submitted before the effective date of this Act is governed by the law in effect when the application was submitted, and the former law is continued in effect for that purpose.

(e) Provides that the changes in law made by this Act apply only to an application for voter registration submitted on or after the effective date of this Act.

SECTION 9.04. Effective date: upon passage or the 91st day after the last day of the legislative session.

## BILL ANALYSIS

Senate Research Center                                                    C.S.S.B. 1
                                                                        By: Hughes
                                                                      State Affairs
                                                                          7/11/2021
                                                          Committee Report (Substituted)


## AUTHOR'S / SPONSOR'S STATEMENT OF INTENT

As efforts to identify and prosecute election crimes have intensified, we have gained a better understanding of the ways certain bad actors take advantage of holes in the electoral process to alter the balance of elections, especially at the local level. At the same time, advances in technology have increased the threat of electronic interference with elections, but also the tools available to prevent that interference.

S.B. 1 seeks to address these issues by strengthening poll watcher protection, bringing about transparency by utilizing technology throughout the electoral process, limiting the most common fraudulent practices and opportunities for fraudulent practices, and providing better and more timely evidence in investigations into alleged voter fraud.

S.B. 1 amends current law relating to election integrity, creates a criminal offense, and creates civil penalties.

(Original Author's / Sponsor's Statement of Intent)

C.S.S.B. 1 amends current law relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increases criminal penalties; creates criminal offenses; and provides civil penalties.

## RULEMAKING AUTHORITY

Rulemaking authority is expressly granted to the secretary of state in SECTION 1.04 (Section 16.0332, Election Code), SECTION 2.05 (Section 66.004, Election Code), and SECTION 3.10 (Section 127.131, Election Code) of this bill.

## SECTION BY SECTION ANALYSIS

ARTICLE 1. REGISTRATION OF VOTERS

SECTION 1.01. Amends Section 13.002, Election Code, by adding Subsection (c-1), as follows:

(c-1) Requires that the information required under Subsections (c)(3) (relating to a statement that the applicant is a United States citizen), (4) (relating to a statement that the applicant is a resident of the county), (5) (relating to a statement that the applicant has not been determined by a court's final judgment to be mentally incapacitated in a certain manner), (6) (relating to a statement that the applicant has not been finally convicted of a felony or is a felon eligible for voter registration), and (8) (relating to certain information identifying the applicant) be supplied by the person desiring to register to vote.

SECTION 1.02. Amends Section 15.021, Election Code, by amending Subsections (b) and (d) and adding Subsections (d-1) and (d-2), as follows:

(b) Creates an exception under Subsection (d) to the requirement that the voter use the registration certificate or a registration application form as the notice, indicating the correct information in the appropriate space on the certificate or application form unless

the voter does not have possession of the certificate or an application form at the time of giving the notice. Makes a nonsubstantive change.

(d) Authorizes a voter, rather than a voter who continues to reside in the county in which the voter is registered, to correct information under Section 15.021 (Notice of Change in Registration Information by Voter) by digital transmission of the information under a program administered by the secretary of state (SOS) and the Department of Information Resources.

(d-1) Requires the voter registrar, if the notice indicates that a voter no longer resides in the county in which the voter is registered, to forward the notice and the voter's original application for registration to the registrar of the county in which the voter resides. Requires the registrars to coordinate to ensure that the voter's existing registration is canceled immediately after the voter is registered in the county in which the voter resides in accordance with Subsection (d-2).

(d-2) Requires a voter registrar who receives a voter's notice and application from another registrar under Subsection (d-1) to treat it as an original application for registration under Section 13.002 (Application Required), and to register the voter if the voter resides in the county and is otherwise eligible under Section 13.001 (Eligibility for Registration).

SECTION 1.03. Amends Section 15.028, Election Code, as follows:

Sec. 15.028. New heading: NOTICE OF UNLAWFUL VOTING OR REGISTRATION. Requires the voter registrar, if the registrar determines that a person who is not eligible to vote registered to vote or voted in an election, rather than that a person who is not a registered voter voted in an election, to execute and deliver an affidavit stating the relevant facts to certain entities, including the attorney general and SOS. Deletes existing text requiring the registrar, if the election covers territory in more than one county, to also deliver an affidavit to the attorney general. Makes nonsubstantive changes.

SECTION 1.04. Amends Section 16.0332, Election Code, by amending Subsection (a) and adding Subsections (a-1), (d), and (e), as follows:

(a) Requires the voter registrar, after the registrar receives notification under Subsection (a-1) of Section 16.0332 (Cancellation Because of Citizenship Status), Section 18.068 (Comparison of Information Regarding Ineligibility) of this code, or Section 62.113 (Compilation of List of Noncitizens), Government Code, of persons excused or disqualified from jury service because of citizenship status or notification of persons who indicate a lack of citizenship status in connection with a motor vehicle or Department of Public Safety of the State of Texas (DPS) record as provided by Subsection (a-1), rather than after the registrar receives a list under Section 18.068 of this code or Section 62.113, Government Code, of persons excused or disqualified from jury service because of citizenship status, to deliver to each registered voter whose name appears on the list a written notice requiring the voter to submit certain information.

(a-1) Requires SOS to enter into an agreement with DPS under which information in the existing statewide computerized voter registration list is compared against information in the database of DPS on a monthly basis to verify the accuracy of citizenship status information previously provided on voter registration applications. Requires SOS, in comparing information under this subsection, to consider only a voter's information in the DPS database that was derived from documents presented by the voter to the department after the person's current voter registration became effective, and prohibits SOS from considering information derived from documents presented by the voter to the department before the person's current voter registration became effective.

(d) Requires SOS to prescribe rules for the administration of this section.

(e) Requires SOS, not later than December 31 of each year, to provide a report to the legislature of the number of voter registrations canceled under this section during the calendar year.

SECTION 1.05. Amends Section 18.068, Election Code, by amending Subsection (a) and adding Subsection (a-1), as follows:

(a) Requires SOS to quarterly compare the information received under certain sections, including under Section 62.114 (Compilation of List of Nonresidents), Government Code, to the statewide computerized voter registration list. Requires SOS, if SOS determines that a voter on the registration list meets certain criteria, including if a voter has been excused or disqualified from jury service because the voter is not a resident of the county in which the voter is registered to vote, to send notice of the determination to:

(1) creates this subdivision from existing text and makes a nonsubstantive change; and

(2) the attorney general, who is required to quarterly review the information to investigate whether a person has committed an offense under Section 13.007 (False Statement on Application) or other law.

Makes a nonsubstantive change.

(a-1) Provides that SOS is not required to send notice under Subsection (a) for a voter who is subject to an exemption from jury service under Section 62.106 (Exemption From Jury Service), Government Code, if that exemption is the only reason the voter is excused from jury service.

SECTION 1.06. Amends Section 31.006, Election Code, as follows:

Sec. 31.006. New heading: REFERRAL TO ATTORNEY GENERAL. (a) Requires SOS, if, after receiving or discovering information indicating that criminal conduct in connection with an election has occurred, SOS determines that there is reasonable cause to suspect that criminal conduct occurred, to promptly refer the information to the attorney general. Requires SOS to deliver to the attorney general all pertinent documents and information, rather than all pertinent documents, in SOS's possession. Deletes existing text requiring SOS, if, after receiving a complaint alleging criminal conduct in connection with an election, SOS determines that there is reasonable cause to suspect that the alleged criminal conduct occurred, to promptly refer the complaint to the attorney general.

(b) Makes conforming changes to this subsection.

SECTION 1.07. Amends Section 62.113(b), Government Code, as follows:

(b) Requires a clerk of the court, on the third business day of each month, to send a copy of the list of persons excused or disqualified because of citizenship in the previous month to certain persons, including to the attorney general for an investigation of whether the person committed an offense under Section 13.007, Election Code, or other law. Makes a nonsubstantive change.

SECTION 1.08. Amends Sections 62.114(b) and (c), Government Code, as follows:

(b) Requires a clerk of the court, on the third business day of each month, to send a copy of the list of persons excused or disqualified in the previous month because the persons do not reside in the county to the voter registrar of the county, SOS, and the attorney general and the county or district attorney for an investigation of whether the person committed an offense under Section 13.007, Election Code, or other law. Makes a nonsubstantive change.

(c) Prohibits a list compiled under this section from being used for a purpose other than a purpose described by certain sections, including Section 18.068 (Comparison of Information Regarding Ineligibility), Election Code.

## ARTICLE 2. CONDUCT AND SECURITY OF ELECTIONS

SECTION 2.01. Amends Section 43.031(b), Election Code, as follows:

(b) Prohibits a polling place from being located in a tent or similar temporary moveable structure or in a facility primarily designed for motor vehicles. Prohibits a voter from casting a vote from inside a motor vehicle unless the voter meets the requirements of Section 64.009 (Voter Unable to Enter Polling Place).

SECTION 2.02. Amends Section 61.002, Election Code, as follows:

Sec. 61.002. New heading: OPENING AND CLOSING POLLING PLACE FOR VOTING. (a) Requires the presiding election judge or alternate election judge, immediately before opening the polls for voting on the first day of early voting and on election day, to confirm that each voting machine has any public counter reset to zero and to print the tape that shows the counter was set to zero for each candidate or measure on the ballot.

(b) Creates this subsection from existing text and makes no further changes.

(c) Requires the presiding election judge or alternate election judge, immediately after closing the polls for voting on election day, to print the tape to show the number of votes cast for each candidate or ballot measure for each voting machine

(d) Requires each election judge or alternate election judge to sign a tape printed under this section.

SECTION 2.03. Amends Section 64.007(c), Election Code, as follows:

(c) Requires an election officer to maintain a register of spoiled ballots at the polling place, including spoiled ballots from a direct recording electronic voting unit. Requires SOS to create and promulgate a form to be used for this purpose.

SECTION 2.04. Amends Subchapter A, Chapter 65, Election Code, by adding Section 65.017, as follows:

Sec. 65.017. VOTE TABULATING EQUIPMENT. Prohibits equipment to tabulate votes, beginning January 1, 2024, from being used if any wireless connectivity capability of the equipment has not been disabled or removed.

SECTION 2.05. Amends Subchapter A, Chapter 66, Election Code, by adding Section 66.004, as follows:

Sec. 66.004. CLOSING POLLING PLACE. Requires SOS to adopt rules and create a checklist or similar guidelines to assist the presiding judge of a polling place in processing forms and conducting procedures required by this code at the closing of the polling place.

SECTION 2.06. Amends Section 66.052, Election Code, as follows:

Sec. 66.052. New heading: DELIVERY BY ELECTION CLERK; CHAIN OF CUSTODY. (a) Creates this subsection from existing text and makes no further changes.

(b) Requires the presiding judge of a polling place, if the presiding judge designates a clerk to deliver election supplies, to attest to the designation, and

requires the clerk to attest to the clerk's acceptance of the responsibility. Requires SOS to create and promulgate a form to facilitate compliance with this section.

SECTION 2.07. Amends Section 85.005, Election Code, as follows:

Sec. 85.005. REGULAR DAYS AND HOURS FOR VOTING. (a) Provides that, except as provided by Subsection (c), in an election in which a county clerk is the early voting clerk under Section 83.002 (County Clerk as Early Voting Clerk), early voting by personal appearance at the main early voting polling place is required to be conducted on each weekday of the early voting period that is not a legal state holiday and for a period of at least nine hours, except that voting is prohibited from being conducted earlier than 6 a.m. or later than 9 p.m.

Deletes existing text providing that, except as provided by Subsection (c), in an election in which a county clerk or city secretary is the early voting clerk under Section 83.002 or 83.005 (Clerk for City Elections), early voting by personal appearance at the main early voting polling place is required to be conducted on the weekdays of the early voting period and during the hours that the county clerk's or city secretary's main business office is regularly open for business.

(b) Requires that early voting by personal appearance at the main early voting polling place, in an election to which Subsection (a) does not apply, be conducted at least nine hours, rather than eight hours, each weekday of the early voting period that is not a legal state holiday unless the territory covered by the election has fewer than 1,000 registered voters. Requires that the voting in that case be conducted at least four hours, rather than three hours, each day.

(c) Requires that the voting in a primary election or the general election for state and county officers, in a county with a population of 30,000 or more, rather than a population of 100,000 or more, be conducted at the main early voting polling place for at least 12 hours on each weekday of the last week of the early voting period, and requires that the voting in a special election ordered by the governor be conducted at the main early voting polling place for at least 12 hours on each of the last two days of the early voting period. Prohibits voting under this subsection from being conducted earlier than 6 a.m. or later than 9 p.m. Makes a conforming change.

(d) Provides that a voter who has not voted before the scheduled time for closing a polling place is entitled to vote after that time if the voter is in line at the polling place by closing time. Requires SOS to promulgate any materials and provide any training to presiding judges necessary to properly process voters under this subsection.

Deletes existing text requiring that early voting by personal appearance at the main early voting polling place, in an election ordered by a city, be conducted for at least 12 hours on one weekday, if the early voting period consists of less than six weekdays, or on two weekdays, if the early voting period consists of six or more weekdays.

SECTION 2.08. Amends Sections 85.006(b) and (e), Election Code, as follows:

(b) Authorizes only the early voting clerk to order voting on a Saturday or Sunday in an election in which a county clerk is the early voting clerk under Section 83.002, rather than in an election in which a county clerk or city secretary is the early voting clerk under Section 83.002 or 83.005.

(e) Requires the early voting clerk, in a primary election or the general election for state and county officers in a county with a population of 30,000 or more, to order voting by personal appearance at the main early voting polling place to be conducted on the last Saturday of the early voting period for at least 12 hours, except that voting is prohibited

from being conducted earlier than 6 a.m. or later than 9 p.m., and on the last Sunday of the early voting period for at least six hours, except that voting is prohibited from being conducted earlier than 6 a.m. or later than 9 p.m.

Deletes existing text requiring the early voting clerk, in a primary election or the general election for state and county officers in a county with a population of 100,000 or more, to order personal appearance voting at the main early voting polling place to be conducted for at least 12 hours on the last Saturday and for at least five hours on the last Sunday of the early voting period. Makes a conforming change.

SECTION 2.09. Amends Section 85.010(a-1), Election Code, to redefine "eligible county polling place" for Section 85.010 (Early Voting Polling Place for Certain Elections Held by Political Subdivisions).

SECTION 2.10. Amends Section 85.061(a), Election Code, as follows:

(a) Authorizes the early voting polling place, if a suitable room is unavailable inside a branch office that is regularly maintained for conducting general clerical functions of the county clerk, to be located in another room inside the same building as the branch office. Prohibits the early voting polling place from being located in a tent or similar temporary movable structure or a parking garage, parking lot, or similar facility designed primarily for motor vehicles. Makes a nonsubstantive change.

SECTION 2.11. Amends Section 85.062, Election Code, by amending Subsection (b) and adding Subsection (f-1), as follows:

(b) Authorizes an early voting polling place established under Section 85.062 (Temporary Branch Polling Place) to be located, subject to Subsection (d) (relating to requiring the commissioners courts of counties with certain populations to establish a certain number of early voting voting polling places), at any place in the territory served by the early voting clerk and to be located inside any building, rather than in any stationary structure, as directed by the authority establishing the branch office. Prohibits the polling place from being located in a tent or similar temporary movable structure or a parking garage, parking lot, or similar facility designed primarily for motor vehicles in the general election for state and county officers, general primary election, or runoff primary election.

(f-1) Requires the commissioners court of a county, notwithstanding any other provision of this section concerning the location of temporary branch polling places, in an election in which countywide polling places are used, to employ the same methodology it uses to determine the location of countywide polling places to determine the location of temporary branch polling places.

SECTION 2.12. Amends Section 124.002, Election Code, by adding Subsection (c), to prohibit voting system ballots from being arranged in a manner that allows a political party's candidates to be selected in one motion or gesture.

SECTION 2.13. Amends Section 127.1232, Election Code, as follows:

Sec. 127.1232. SECURITY OF VOTED BALLOTS. (a) Creates this subsection from existing text. Requires the general custodian of election records to post a licensed peace officer, rather than a guard, to ensure the security of ballot boxes containing voted ballots throughout the period of tabulation at the central counting station.

(b) Provides that the general custodian of election records in a county with a population of less than 100,000 is authorized, and the general custodian of election records in a county with a population of 100,000 or more is required, to implement a video surveillance system that retains a record of all areas containing voted ballots:

(1) from the time the voted ballots are delivered to the central counting station until the canvass of precinct election returns; and

(2) from the time the voted ballots are delivered to the signature verification committee or early voting ballot board until the canvass of precinct election returns.

(c) Provides that a video from a system implemented under Subsection (b) is authorized to be made available to the public by a livestream in a county with a population of less than 100,000, and is required to be made available to the public by a livestream in a county with a population of 100,000 or more.

(d) Provides that the video recorded is an election record under Section 1.012 (Public Inspection of Election Records) and is required to be retained by the general custodian of election records until the end of the calendar year in which an election is held or until an election contest filed in the county has been resolved, whichever is later.

ARTICLE 3. ELECTION OFFICERS AND OBSERVERS

SECTION 3.01. Amends Section 33.051, Election Code, by adding Subsections (g) and (h), as follows:

(g) Provides that an election officer commits an offense if the officer intentionally or knowingly refuses to accept a watcher for service when acceptance of the watcher is required by Section 33.051 (Acceptance of Watcher). Provides that an offense under this subsection is a Class A misdemeanor.

(h) Requires the officer presented with a watcher's certificate of appointment, before accepting a watcher, to require the watcher to take a certain oath, administered by the officer.

SECTION 3.02. Amends Section 33.056, Election Code, by amending Subsection (a) and adding Subsections (e) and (f), as follows:

(a) Entitles a watcher to sit or stand near enough to see and hear the election officers conducting the observed activity, except as otherwise prohibited by Chapter 33 (Watchers), rather than entitles a watcher to sit or stand conveniently near the election officers conducting the observed activity.

(e) Prohibits a watcher, except as provided by Section 33.057(b) (relating to prohibiting a watcher from being present at the voting station when a voter is preparing the voter's ballot or is being assisted by a person of the voter's choice), from being denied free movement where election activity is occurring within the location at which the watcher is serving.

(f) Provides that in this code, a watcher who is entitled to "observe" an election activity is entitled to sit or stand near enough to see and hear the activity.

SECTION 3.03. Amends Subchapter C, Chapter 33, Election Code, by adding Section 33.0605, as follows:

Sec. 33.0605. OBSERVING DATA STORAGE SEALING AND TRANSFER. (a) Authorizes a watcher appointed to serve at a polling place in an election who is available at the time of the action to observe all election activities relating to closing the polling place, including the sealing and transfer of a memory card, flash drive, hard drive, data storage device, or other medium now existing or later developed used by the voting system equipment.

(b) Provides that, notwithstanding any other provision of this code, a watcher duly accepted for service at a polling location is entitled to follow the transfer of election materials from the polling place at which the watcher was accepted to a regional tabulating center, the central counting station, or any other location designated to process election materials. Requires the authority responsible for administering a regional tabulating center or another location where election materials are processed to accept duly appointed watchers for service in the same manner a watcher is accepted for service under Section 33.051 and to accept the same number of watchers that are authorized to serve under Section 33.007(a) (relating to authorizing each appointing authority to appoint not more than two watchers for each precinct polling place, meeting place for an early voting ballot board, or central counting station involved in the election).

SECTION 3.04. Amends Section 33.061(a), Election Code, as follows:

(a) Provides that a person commits an offense of unlawfully obstructing a watcher if the person serves in an official capacity at a location at which the presence of watchers is authorized and knowingly prevents a watcher from observing an activity or procedure the person knows the watcher is entitled to observe, including by taking any action to obstruct the view of a watcher or distance the watcher from the activity or procedure to be observed in a manner that would make observation not reasonably effective.

SECTION 3.05. Amends Subchapter C, Chapter 33, Election Code, by adding Section 33.063, as follows:

Sec. 33.063. RELIEF. (a) Authorizes a watcher, or the appointing authority for a watcher, who believes that the watcher was unlawfully prevented or obstructed from the performance of the watcher's duties to seek injunctive relief under Section 273.081 (Injunction), including issuance of temporary orders; a writ of mandamus under Section 161.009 (Party Officer Subject to Mandamus) or 273.061 (Jurisdiction); and any other remedy available under law.

(b) Provides that the relief provided by this section is available to a state inspector appointed under Chapter 34 (State Inspectors) or any other election inspector authorized by law.

SECTION 3.06. Amends Section 86.006, Election Code, by amending Subsection (a) and adding Subsection (a-2), as follows:

(a) Provides that the carrier envelope for a marked ballot voted under Chapter 86 (Conduct of Voting by Mail) is authorized to be delivered in another envelope and is required to be transported and delivered only by certain methods, including, subject to Subsections (a-1) (relating to authorizing a voter to deliver a marked ballot in person to the early voting clerk's office only while the polls are open on election day) and (a-2), rather than subject to Subsection (a-1), in-person delivery by the voter who voted the ballot.

(a-2) Requires that an in-person delivery of a marked ballot voted under this chapter be received by an election official at the time of delivery. Requires the receiving official to record the voter's name, signature, and type of identification provided under Section 63.0101 (Documentation of Proof of Identification) on a roster prescribed by SOS. Requires the receiving official to attest on the roster that the delivery complies with Section 86.006 (Method of Returning Marked Ballot).

SECTION 3.07. Amends Chapter 121, Election Code, by adding Section 121.004, as follows:

Sec. 121.004. COMMUNICATIONS WITH VOTING SYSTEMS VENDOR PUBLIC INFORMATION. Provides that, except as provided by Sections 552.110 (Exception: Confidentiality of Trade Secrets; Confidentiality of Certain Commercial or Financial Information) and 552.1101 (Exception: Confidentiality of Proprietary Information),

Government Code, a written letter, e-mail, or other communication, including a communication made confidential by other law, between a public official and a voting systems vendor is not confidential, is public information for purposes of Chapter 552, Government Code, and is not subject to an exception to disclosure provided by Chapter 552, Government Code.

SECTION 3.08. Amends Subchapter A, Chapter 127, Election Code, by adding Section 127.009, as follows:

Sec. 127.009. ELECTRONIC DEVICES IN CENTRAL COUNTING STATION. (a) Requires a counting station manager and the presiding judge of the counting station to develop a protocol under which any electronic device inside a central counting station that is necessary to count votes is equipped with software that tracks all input and activity on the electronic device.

(b) Requires the counting station manager and the presiding judge of the counting station to ensure that the input and activity tracked by the software is printed and delivered to SOS not later than the fifth day after vote counting is complete.

(c) Provides that this section applies only to a central counting station located in a county with a population of 250,000 or more.

SECTION 3.09. Amends Section 127.1301, Election Code, as follows:

Sec. 127.1301. New heading: CENTRALLY COUNTED OPTICAL SCAN BALLOTS. (a) Creates this subsection from existing text and makes no further changes.

(b) Prohibits an authority operating a central counting station under Chapter 127 (Processing Electronic Voting System Results), after January 1, 2024, from purchasing or using a centrally counted optical ballot scan system that uses a data storage disc on which information, once written, is capable of being modified.

SECTION 3.10. Amends Section 127.131, Election Code, by adding Subsection (f), as follows:

(f) Requires the presiding judge of the central counting station to provide and attest to a written reconciliation of votes and voters at the close of tabulation for election day and again after the central counting station meets for the last time to process late-arriving ballots by mail and provisional ballots. Requires SOS to create and promulgate rules and a form to facilitate compliance with this subsection. Requires that the form be posted on a website maintained by the county along with election returns and results.

SECTION 3.11. Amends Section 129.023, Election Code, by adding Subsections (b-2) and (c-1), as follows:

(b-2) Requires the general custodian of election records, if the test is being conducted for an election in which a county election board has been established under Section 51.002 (County Election Board), to notify each member of the board of the test at least 48 hours before the date of the test. Requires each member of the county election board, if the board chooses to witness the test, to sign the statement required by Subsection (e)(1) (relating to requiring the testing board and general custodian of election records to sign a written statement attesting to certain information to provide a full and accurate account of each voting machine's conditions).

(c-1) Requires that a test conducted under Section 129.023 (Public Test of Logic and Accuracy) also require the general custodian of election records to demonstrate, using a representative sample of voting system equipment, that the source code of the equipment has not been altered.

ARTICLE 4. VOTING BY MAIL

SECTION 4.01. Amends Section 84.001(b), Election Code, as follows:

(b) Requires that an application for an early voting ballot to be voted by mail be submitted in writing and signed by the applicant using ink on paper. Provides that an electronic signature or photocopied signature is not permitted.

SECTION 4.02. Amends Subchapter A, Chapter 84, Election Code, by adding Section 84.0011, as follows:

Sec. 84.0011. SOLICITATION OF BALLOT BY MAIL APPLICATIONS PROHIBITED. Prohibits the early voting clerk from making an attempt to solicit a person to complete an application for an early voting ballot by mail, whether directly or through a third party.

SECTION 4.03. Amends Section 84.002, Election Code, as effective September 1, 2021, by amending Subsection (a) and adding Subsection (b-1), as follows:

(a) Requires that an early voting ballot application include:

(1) makes no changes to this subdivision;

(1-a) the following information:

(A) the number of the applicant's driver's license or personal identification card issued by DPS;

(B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or

(C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B);

(2)-(7) makes no changes to these subdivisions.

(b-1) Authorizes a person to use the number of a driver's license or personal identification card that has expired for the purpose of fulfilling the requirement under Subsection (a)(1-a) if the license or identification is otherwise valid.

SECTION 4.04. Amends Section 84.011(a), Election Code, as effective September 1, 2021, as follows:

(a) Requires that the officially prescribed application form for an early voting ballot include certain criteria, including a space for entering the information required under Section 84.002(a)(1-a).

SECTION 4.05. Amends Subchapter A, Chapter 84, Election Code, by adding Section 84.0111, as follows:

Sec. 84.0111. DISTRIBUTION OF APPLICATION FORM. (a) Prohibits an officer or employee of this state or of a political subdivision of this state, except as provided by Subsection (c) or as otherwise authorized by this code, from distributing an application form for an early voting ballot to a person who did not request an application under Section 84.001 (Application Required).

(b) Prohibits an officer or employee of this state or of a political subdivision of this state from using public funds to facilitate the distribution by another person of an application form for an early voting ballot to a person who did not request an application under Section 84.001.

(c) Authorizes a political party or a candidate for office to distribute an application form for an early voting ballot to a person who did not request an application under Section 84.001.

SECTION 4.06. Amends Section 84.032(c), Election Code, as follows:

(c) Authorizes an applicant for a ballot to be voted by mail to submit a request after the close of early voting by personal appearance by appearing in person and:

(1) makes no changes to this subdivision; or

(2) executing an affidavit that the applicant:

(A) and (B) makes nonsubstantive changes to these paragraphs; or

(C) received notice of a defect under Section 87.0271(b) or 87.0411(b).

SECTION 4.07. Amends Section 84.035, Election Code, as follows:

Sec. 84.035. BALLOT SENT TO APPLICANT. (a) Creates this subsection from existing text and makes no further changes.

(b) Authorizes an election judge to permit a person to whom an early voting ballot has been sent who cancels the person's application for a ballot to be voted by mail in accordance with Section 84.032 (Request for Cancellation) but fails to return the ballot to be voted by mail to the early voting clerk, deputy early voting clerk, or presiding judge as provided by that section to vote only a provisional ballot under Section 63.011 (Provisional Voting).

SECTION 4.08. Amends Section 86.001, Election Code, by adding Subsection (f), as follows:

(f) Requires the early voting clerk, if the information required under Section 84.002(a)(1-a) included on the application for a ballot to be voted by mail does not match the information on the applicant's application for voter registration under Section 13.002(c)(8) (relating to requiring a voter registration application to provide the applicant's driver's license or personal identification number, the applicant's social security number, or a certain statement), to reject the application.

SECTION 4.09. Amends Section 86.002, Election Code, by adding Subsections (g), (h), and (i), as follows:

(g) Requires that the carrier envelope provided with each ballot to be voted by mail include a space that is hidden from view when the envelope is sealed for the voter to enter the following information:

(1) the number of the voter's driver's license or personal identification card issued by DPS;

(2) if the voter has not been issued a number described by Subdivision (1), the last four digits of the voter's social security number; or

(3) a statement by the applicant that the applicant has not been issued a number described by Subdivision (1) or (2).

(h) Authorizes a person to use the number of a driver's license or personal identification card that has expired for purposes of Subsection (g) if the license or identification is otherwise valid.

(i) Prohibits a record associating an individual voter with a ballot from being created.

SECTION 4.10. Amends Section 86.011(c), Election Code, as follows:

(c) Requires the early voting clerk, if the return is not timely, to enter the time of receipt on the carrier envelope and retain it in a locked container for the period for preserving the precinct election records.

SECTION 4.11. Amends Section 87.027(i), Election Code, as follows:

(i) Authorizes the signature verification committee to also compare the signatures on the carrier envelope certificates with any known signature of the voter, rather than with any two or more signatures of the voter made within the preceding six years, on file with the county clerk or voter registrar to determine whether the signatures are those of the voter.

SECTION 4.12. Amends Subchapter B, Chapter 87, Election Code, by adding Section 87.0271, as follows:

Sec. 87.0271. OPPORTUNITY TO CORRECT DEFECT: SIGNATURE VERIFICATION COMMITTEE. (a) Provides that this section applies to an early voting ballot voted by mail for which the voter did not sign the carrier envelope certificate, for which it cannot immediately be determined whether the signature on the carrier envelope certificate is that of the voter, that is missing any required statement of residence, or to a ballot containing incomplete information with respect to a witness.

(b) Authorizes the signature verification committee, before deciding whether to accept or reject a timely delivered ballot under Section 87.027 (Signature Verification Committee), to:

(1) return the carrier envelope to the voter by mail, if the signature verification committee determines that it would be possible to correct the defect and return the carrier envelope before the time the polls are required to close on election day; or

(2) notify the voter of the defect by telephone or e-mail and inform the voter that the voter is authorized to come to the early voting clerk's office in person to correct the defect or to request to have the voter's application to vote by mail canceled under Section 84.032.

(c) Requires the signature verification committee, if the committee takes an action described by Subsection (b), to take either action described by that subsection with respect to each ballot in the election to which this section applies.

(d) Entitles a poll watcher to observe an action taken under Subsection (b).

(e) Authorizes SOS to prescribe any procedures necessary to implement this section.

SECTION 4.13. Amends Section 87.041, Election Code, by amending Subsections (b) and (e) and adding Subsection (d-1), as follows:

(b) Authorizes an early voting ballot to be accepted only if certain criteria are met, including if the information required under Section 86.002(g) provided by the voter matches the information on the voter's application for voter registration under Section 13.002(c)(8). Makes nonsubstantive changes.

(d-1) Requires that the signature on the early voting ballot application and on the carrier envelope certificate be rebuttably presumed to be the signatures of the voter if a voter provides the information required under Section 86.002(g) and it matches the information on the voter's application for voter registration under Section 13.002(c)(8).

(e) Authorizes the early voting ballot board, in making the determination under Subsection (b)(2) (relating to authorizing an early voting ballot to be accepted if neither the voter's signature on the ballot application nor the signature on the carrier envelope certificate is determined to have been executed by a person other than the voter, unless signed by a witness), to determine whether the signatures are those of the voter, to also compare the signatures with any known signature of the voter on file with the county clerk or voter registrar. Deletes existing text authorizing the board, in making the determination under Subsection (b)(2), to also compare the signatures with any two or more signatures of the voter made within the preceding six years and on file with the county clerk or voter registrar to determine whether the signatures are those of the voter.

SECTION 4.14. Amends Subchapter C, Chapter 87, Election Code, by adding Section 87.0411, as follows:

Sec. 87.0411. OPPORTUNITY TO CORRECT DEFECT: EARLY VOTING BALLOT BOARD. (a) Provides that this section applies to an early voting ballot voted by mail for which the voter did not sign the carrier envelope certificate, for which it cannot immediately be determined whether the signature on the carrier envelope certificate is that of the voter, that is missing any required statement of residence, or to a ballot containing incomplete information with respect to a witness.

(b) Authorizes the early voting ballot board, before deciding whether to accept or reject a timely delivered ballot under Section 87.041 (Accepting Voter), to:

(1) return the carrier envelope to the voter by mail, if the early voting ballot board determines that it would be possible to correct the defect and return the carrier envelope before the time the polls are required to close on election day; or

(2) notify the voter of the defect by telephone or e-mail and inform the voter that the voter is authorized to come to the early voting clerk's office in person to correct the defect or to request to have the voter's application to vote by mail canceled under Section 84.032.

(c) Requires the early voting ballot board, if the board takes an action described by Subsection (b), to take either action described by that subsection with respect to each ballot in the election to which this section applies.

(d) Entitles a poll watcher to observe an action taken under Subsection (b).

(e) Authorizes SOS to prescribe any procedures necessary to implement this section.

SECTION 4.15. Amends Section 87.0431(b), Election Code, as follows:

(b) Requires the early voting clerk, not later than the 30th day after election day, to deliver notice to the attorney general, including certified copies of the carrier envelope and corresponding ballot application, of any ballot rejected for certain reasons, including because the early voting ballot board or the signature verification committee determined that another violation of the Election Code occurred. Makes nonsubstantive changes.

SECTION 4.16. Amends Sections 87.062(a) and (c), Election Code, as follows:

(a) Makes nonsubstantive changes to this subsection.

(c) Requires that ballots voted by mail be tabulated and stored separately from the ballots voted by personal appearance and be separately reported on the returns. Deletes existing text requiring that the results of all early voting ballots counted by the early voting ballot board under Subchapter D (Processing Manually Counted Ballots) be included in the same return.

SECTION 4.17. Amends Section 87.103, Election Code, as follows:

Sec. 87.103. COUNTING BALLOTS AND PREPARING RETURNS. (a) Requires that the early voting electronic system ballots counted at a central counting station, the ballots cast at precinct polling places, and the ballots voted by mail be tabulated separately and be separately reported on the returns. Makes a nonsubstantive change.

(b) Requires that the early voting returns prepared at the central counting station include any early voting results obtained by the early voting ballot board under Subchapter D, rather than under Subchapters D and E.

SECTION 4.18. Amends Section 87.126, Election Code, by adding Subsection (a-1), as follows:

(a-1) Requires that electronic records made under Section 87.126 (Electronic Recording of Ballot Materials and Applications) record both sides of any application, envelope, or ballot recorded, and that all such records be provided to the early voting ballot board, the signature verification committee, or both.

SECTION 4.19. Amends Subchapter G, Chapter 87, Election Code, by adding Section 87.128, as follows:

Sec. 87.128. NOTES. Entitles each member of an early voting ballot board and each member of a signature verification committee to take and keep any notes reasonably necessary to perform the member's duties under Chapter 87 (Processing Early Voting Results).

ARTICLE 5. ASSISTANCE OF VOTERS

SECTION 5.01. Amends Section 64.009, Election Code, by amending Subsection (b) and adding Subsections (b-1), (e), (f), (f-1), (g), and (h), as follows:

(b) Authorizes the regular voting procedures, except those in Subchapter B (Assisting Voter), to be modified by the election officer to the extent necessary to conduct voting under this section.

(b-1) Provides that a person other than a voter is only permitted to be inside a motor vehicle while a voter votes from the motor vehicle if the person would be entitled to accompany the voter to the voting station under other law.

(e) Provides that except as provided by Section 33.057, a poll watcher is entitled to observe any activity conducted under this section.

(f) Requires a person who simultaneously assists three or more voters voting under this section by providing the voters with transportation to the polling place to complete and sign a form, provided by an election officer, that contains the person's name and address and whether the person is providing assistance solely under this section or under both this section and Subchapter B.

(f-1) Provides that Subsection (f) does not apply if the person is related to each voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B (Relationships by Consanguinity or by Affinity), Chapter 573 (Degrees of Relationship; Nepotism Prohibitions), Government Code.

(g) Requires that a form completed under Subsection (f) be delivered to SOS as soon as practicable. Requires SOS to retain a form delivered under this section for the period for preserving the precinct election records and to make the form available to the attorney general for inspection upon request.

(h) Requires SOS to prescribe the form described by Subsection (f).

SECTION 5.02. Amends Section 64.031, Election Code, as follows:

Sec. 64.031. ELIGIBILITY FOR ASSISTANCE. Provides that a voter is eligible to receive assistance in marking or reading the ballot, rather than assistance in marking the ballot, as provided by Subchapter B, if the voter cannot prepare or read the ballot, rather than prepare the ballot, because of a physical disability that renders the voter unable to write or see or an inability to read the language in which the ballot is written.

SECTION 5.03. Amends Subchapter B, Chapter 64, Election Code, by adding Section 64.0322, as follows:

Sec. 64.0322. SUBMISSION OF FORM BY ASSISTANT. (a) Requires a person, other than an election officer, who assists a voter in accordance with Chapter 64 (Voting Procedures) to complete a form stating:

(1) the name and address of the person assisting the voter;

(2) the relationship to the voter of the person assisting the voter; and

(3) whether the person assisting the voter received or accepted any form of compensation or other benefit from a candidate, campaign, or political committee.

(b) Requires SOS to prescribe the form required by this section. Requires that the form be incorporated into the official carrier envelope if the voter is voting an early voting ballot by mail and receives assistance under Section 86.010 (Unlawfully Assisting Voter Voting Ballot by Mail), or be submitted to an election officer at the time the voter casts a ballot if the voter is voting at a polling place or under Section 64.009.

SECTION 5.04. Amends Section 64.034, Election Code, as follows:

Sec. 64.034. OATH. Requires a person, other than an election officer, selected to provide assistance to a voter to take a certain oath, administered by an election officer at the polling place, before providing assistance. Sets forth the required language of the oath.

SECTION 5.05. Amends Sections 86.010(e), (h), and (i), Election Code, as follows:

(e) Requires a person who assists a voter to prepare a ballot to be voted by mail to enter on the official carrier envelope of the voter:

(1) creates this subdivision from existing text and makes a nonsubstantive change;

(2) the relationship of the person providing the assistance to the voter; and

(3) whether the person received or accepted any form of compensation or other benefit from a candidate, campaign, or political committee in exchange for providing assistance.

Deletes existing text requiring a person who assists a voter to prepare a ballot to be voted by mail to enter certain information on the official carrier envelope of the voter.

(h) Provides that Subsection (f) (relating to providing that a person who assists a voter commits an offense if the person knowingly fails to comply with certain requirements) does not apply to:

(1) a violation of Subsection (c) (relating to requiring a person assisting a voter to sign a certain written oath that is part of the certificate on the official carrier envelope), if the person is related to the voter within the second degree by affinity

or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code, or was physically living in the same dwelling as the voter at the time of the event; or

(2) a violation of Subsection (e), if the person is related to the voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code.

Makes nonsubstantive changes.

(i) Provides that an offense under this section for a violation of Subsection (c), rather than an offense under this section, is increased to the next higher category of offense if it is shown on the trial of an offense under this section that the defendant was previously convicted of an offense under this code, the offense involved a voter 65 years of age or older, or the defendant committed another offense under this section in the same election.

SECTION 5.06. Amends Section 86.013(b), Election Code, as follows:

(b) Requires that spaces appear on the reverse side of the official carrier envelope for providing certain information, including for indicating the relationship of a certain person to the voter. Makes nonsubstantive changes.

## ARTICLE 6. FRAUD AND OTHER UNLAWFUL PRACTICES

SECTION 6.01. Amends Chapter 63, Election Code, by adding Section 63.0111, as follows:

Sec. 63.0111. OFFENSES RELATED TO PROVISIONAL VOTING. (a) Provides that an election judge commits an offense if the judge knowingly provides a voter with a form for an affidavit required by Section 63.001 (Regular Procedure for Accepting Voter) if the form contains information that the judge entered on the form knowing it was false.

(b) Provides that an offense under this section is a state jail felony.

SECTION 6.02. Amends Sections 276.004(a) and (b), Election Code, as follows:

(a) Provides that a person commits an offense of unlawfully prohibiting an employee from voting if, with respect to another person over whom the person has authority in the scope of employment, the person knowingly:

(1) refuses to permit the other person to be absent from work on election day or while early voting is in progress for the purpose of attending the polls to vote; or

(2) subjects or threatens to subject the other person to a penalty for attending the polls on election day or while early voting is in progress to vote.

(b) Makes a conforming change to this subsection.

SECTION 6.03. Amends Chapter 276, Election Code, by adding Sections 276.015, 276.016, and 276.017, as follows:

Sec. 276.015. VOTE HARVESTING. (a) Defines "benefit" and "vote harvesting services."

(b) Provides that a person commits an offense if the person, directly or through a third party, knowingly provides or offers to provide vote harvesting services in exchange for compensation or other benefit.

(c) Provides that a person commits an offense if the person, directly or through a third party, knowingly provides or offers to provide compensation or other benefit to another person in exchange for vote harvesting services.

(d) Provides that a person commits an offense if the person knowingly collects or possesses a mail ballot or official carrier envelope in connection with vote harvesting services.

(e) Provides that this section does not apply to:

> (1) an activity not performed in exchange for compensation or a benefit;

> (2) interactions that do not directly involve an official ballot, ballot by mail, or an application for ballot by mail;

> (3) interactions that are not conducted in-person with a voter; or

> (4) activity that is not designed to deliver votes for or against a specific candidate or measure.

(f) Provides that in this section, compensation in exchange for vote harvesting services is inferred if a person who performed vote harvesting services for a candidate or campaign solicits, receives, or is offered compensation from the candidate or campaign, directly or through a third party, for services other than vote harvesting services provided.

(g) Provides that an offense under this section is a felony of the third degree.

(h) Authorizes the actor, if conduct that constitutes an offense under this section also constitutes an offense under any other law, to be prosecuted under this section, the other law, or both.

(i) Requires that records necessary to investigate an offense under this section or any other section of this code be provided by an election officer in an unredacted form to a law enforcement officer upon request. Provides that records obtained under this subsection are not subject to public disclosure.

Sec. 276.016. CIVIL LIABILITY FOR VOTE HARVESTING. (a) Provides that a person who is shown by a preponderance of the evidence to have violated Section 276.015 is civilly liable to any candidate or political party who suffers harm from the vote harvesting services for damages and penalties that are authorized to be awarded under Subsection (c).

> (b) Provides that a person is harmed by the vote harvesting services if the person can demonstrate that the person has standing to seek relief and the liable party violated Section 276.015.

> (b-1) Provides that, to establish standing under this section, a person is not required to demonstrate that the vote harvesting services successfully delivered votes for a specific candidate or measure, but is required to demonstrate that:

>> (1) the vote harvesting services were intended to deliver votes for a specific candidate or measure; and

>> (2) the person opposed the candidate or measure in the person's capacity as a candidate or political party.

> (c) Authorizes a party who prevails in an action under this section to recover damages in an amount including any or all of:

>> (1) the amount of compensation paid to or received by a party in exchange for vote harvesting services;

(2) the fair market value of any benefit given or received in exchange for vote harvesting services;

(3) a penalty in the amount of $35,000; or

(4) reasonable and necessary attorney's fees, court costs, witness fees, and discovery costs.

(d) Requires that a party who is a candidate for office who prevails in an action under this section and shows that the number of voters contacted by the vote harvesting activity exceeds the number of votes by which the party lost the election recover damages in an amount including any or all of:

(1) the party's campaign expenditures properly filed on a campaign finance report in connection with the election; or

(2) any fees and expenses incurred by the party in filing and securing a place on the ballot.

(e) Provides that a person who commits an offense under Section 276.015 and is found civilly liable, including by vicarious liability, under Chapter 276 (Miscellaneous Offenses and Other Provisions) or other law for any amount of damages arising from the vote harvesting services is jointly liable with any other defendant for the entire amount of damages arising from the vote harvesting services.

(f) Provides that the cause of action created by this section is cumulative of any other remedy provided by common law or statute.

(g) Provides that rules applicable to a party's access to election records under Chapter 231 (Contest in District Court Generally) or 232 (Contests for Office) apply to a cause of action under this section.

(h) Provides that the expedited actions process created by Rule 169, Texas Rules of Civil Procedure, does not apply to an action under this section.

(i) Provides that Chapter 27 (Actions Involving the Exercise of Certain Constitutional Rights), Civil Practice and Remedies Code, does not apply to a cause of action under this section.

(j) Authorizes a cause of action under this section to be brought in the county where any element of a violation under Section 276.015 occurred, or where any part of the vote harvesting services occurred.

(k) Requires that this section be liberally construed and applied to promote its underlying purpose to protect candidates and the voting public from unlawful vote harvesting and provide an efficient and economical remedy to secure that protection.

Sec. 276.017. UNLAWFUL ALTERING OF ELECTION PROCEDURES. Prohibits a public official from creating, altering, modifying, waiving, or suspending any election standard, practice, or procedure mandated by law or rule in a manner not expressly authorized by this code.

## ARTICLE 7. ENFORCEMENT

SECTION 7.01. Amends Section 18.065, Election Code, by amending Subsection (a) and adding Subsections (e), (f), and (g), as follows:

(a) Requires SOS to monitor each voter registrar for substantial compliance with certain sections, including with Section 16.0332, and with rules implementing the statewide computerized voter registration list.

(e) Requires a voter registrar to correct a violation within 30 days of a notice under Subsection (b) (relating to requiring SOS to deliver written notice of noncompliance to the registrar). Requires SOS, if a registrar fails to correct the violation within 30 days of a notice under Subsection (b), to correct the violation on behalf of the registrar and to notify the attorney general that the registrar failed to correct a violation under this subsection.

(f) Provides that a county served by a voter registrar who fails to correct a violation under Subsection (e) is liable to this state for a civil penalty of $1,000 for each violation corrected by SOS under that subsection. Authorizes the attorney general to bring an action to recover a civil penalty imposed under Section 18.065 (Secretary of State to Monitor Registrar's Compliance).

(g) Requires that a civil penalty collected by the attorney general under this section be deposited in the state treasury to the credit of the general revenue fund.

SECTION 7.02. Amends Subchapter E, Chapter 31, Election Code, by adding Sections 31.128 and 31.129, as follows:

Sec. 31.128. RESTRICTION ON ELIGIBILITY. (a) Defines "election official."

(b) Prohibits a person from serving as an election official if the person has been finally convicted of an offense under this code.

Sec. 31.129. CIVIL PENALTY. (a) Defines "election official."

(b) Provides that an election official may be liable to this state for a civil penalty if the official is employed by or is an officer of this state or a political subdivision of this state and violates a provision of this code.

(c) Authorizes a civil penalty imposed under this section to include termination of the person's employment and loss of the person's employment benefits.

SECTION 7.03. Amends Section 232.006(a), Election Code, as follows:

(a) Provides that the venue of an election contest for a statewide office is in Travis County or any county where a contestee resided at the time of the election, rather than in Travis County. Provides that, for purposes of Section 232.006 (Venue), a contestee's residence is determined under Section 411.0257 (Residence), Government Code.

SECTION 7.04. Amends Sections 232.008(b), (c), and (d), Election Code, as follows:

(b) Requires a contestant, except as provided by Subsection (c), to file the petition not later than the later of the 45th day, rather than the 30th day, after the date the election records are publicly available under Section 1.012 or the official result of the contested election is determined.

(c) Requires a contestant to file the petition not later than the later of the 15th day, rather than the 10th day, after the date the election records are publicly available under Section 1.012 or the official result is determined in a contest of certain elections.

(d) Requires a contestant to deliver, electronically or otherwise, a copy of the petition to SOS by the same deadline prescribed for the filing of the petition.

SECTION 7.05. Amends Chapter 232, Election Code, by adding Subchapter C, as follows:

## SUBCHAPTER C. CONTEST INVOLVING ALLEGED FRAUD

Sec. 232.061. PETITION ALLEGING FRAUD. Provides that this subchapter applies to an election contest in which the contestant alleges in the petition that an opposing candidate, an agent of the opposing candidate, or a person acting on behalf of the opposing candidate with the candidate's knowledge violated any of certain sections of this code.

Sec. 232.062. DAMAGES. (a) Provides that if it is shown by a preponderance of the evidence that a contestee, an agent of the contestee, or a person acting on behalf of the contestee with the contestee's knowledge committed one or more violations of a section described by Section 232.061, the contestee is liable to the contestant for damages in an amount of $1,000 for each violation.

(b) Requires a court, notwithstanding Section 41.004(a) (relating to authorizing exemplary damages to be awarded only if damages other than nominal damages are awarded), Civil Practice and Remedies Code, to award damages under Subsection (a) to the contestant irrespective of whether the contestant is awarded actual damages.

Sec. 232.063. ATTORNEY'S FEES. Authorizes the court, in an election contest to which this subchapter applies, to award reasonable attorney's fees to the prevailing party.

SECTION 7.06. Amends Section 273.061, Election Code, as follows:

Sec. 273.061. JURISDICTION. (a) Creates this subsection from existing text and makes no further changes.

(b) Authorizes the court of criminal appeals to issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the provision, sequestration, transfer, or impoundment of evidence in or records relating to a criminal investigation conducted under this code or conducted in connection with the conduct of an election or political party convention. Requires that, if a writ of mandamus is issued under this subsection, it include an order requiring the provision, sequestration, transfer, or impoundment of the evidence or record.

SECTION 7.07. Amends Subchapter D, Chapter 22, Government Code, by adding Section 22.304, as follows:

Sec. 22.304. PRIORITY OF CERTAIN ELECTION PROCEEDINGS. (a) Requires the Supreme Court of Texas, the Texas Court of Criminal Appeals, or a court of appeals to prioritize over any other proceeding pending or filed in the court a proceeding for injunctive relief or for a writ of mandamus under Chapter 273 (Criminal Investigation and Other Enforcement Proceedings), Election Code, pending or filed in the court on or after the 120th day before a general or special election.

(b) Authorizes oral argument for a proceeding described by Subsection (a), if granted, to be given in person or through electronic means.

SECTION 7.08. Amends Section 23.101, Government Code, by amending Subsection (a) and adding Subsection (b-1), as follows:

(a) Creates an exception under Subsection (b-1) to the requirement that the trial courts of this state regularly and frequently set hearings and trials of pending matters, giving preference to hearings and trials of certain matters. Makes a nonsubstantive change.

(b-1) Requires the trial courts of this state, except for a criminal case in which the death penalty has been or may be assessed or when it would otherwise interfere with a constitutional right, to prioritize over any other proceeding pending or filed in the court a

proceeding for injunctive relief under Chapter 273, Election Code, pending or filed in the court on or after the 120th day before a general or special election.

### ARTICLE 8. INELIGIBLE VOTERS AND RELATED REFORMS

SECTION 8.01. Amends Chapter 42, Code of Criminal Procedure, by adding Article 42.0194, as follows:

Art. 42.0194. FINDING REGARDING FELONY CONVICTION. Requires the court, in the trial of a felony offense, if the defendant is 18 years of age or older and is adjudged guilty of the offense, to:

(1) make an affirmative finding that the person has been found guilty of a felony and enter the affirmative finding in the judgment of the case; and

(2) instruct the defendant regarding how the felony conviction will impact the defendant's right to vote in this state.

SECTION 8.02. Amends Article 42.01, Code of Criminal Procedure, as effective September 1, 2021, by adding Section 16, as follows:

Sec. 16. Provides that in addition to the information described by Section 1 (relating to the content of a judgment showing the conviction or acquittal of a defendant), the judgment should reflect the affirmative finding and instruction entered pursuant to Article 42.0194.

### ARTICLE 9. REPEALER; SEVERABILITY; TRANSITION; EFFECTIVE DATE

SECTION 9.01. Repealer: Section 85.062(e) (relating to authorizing a temporary branch polling place that is located in a movable structure to be established only with the approval of the county clerk and the polling place's implementation), Election Code.

Repealer: Section 127.201(f) (relating to authorizing SOS at any time to waive or reinstate the requirements of a partial count of electronic voting system ballots by the general custodian for a particular political subdivision), Election Code.

SECTION 9.02. Severability clause.

SECTION 9.03. (a) Provides that except as otherwise provided by this Act, the changes in law made by this Act apply only to an offense committed on or after the effective date of this Act. Provides that an offense committed before the effective date of this Act is governed by the law in effect when the offense was committed, and the former law is continued in effect for that purpose. Provides that for purposes of this section, an offense was committed before the effective date of this Act if any element of the offense occurred before that date.

(b) Provides that the changes in law made by this Act apply only to an election ordered on or after the effective date of this Act. Provides that an election ordered before the effective date of this Act is governed by the law in effect when the election was ordered, and the former law is continued in effect for that purpose.

(c) Provides that the changes in law made by this Act apply only to an election contest for which the associated election occurred after the effective date of this Act.

(d) Provides that the changes in law made by this Act apply only to an application to vote an early voting ballot by mail submitted on or after the effective date of this Act. Provides that an application to vote an early voting ballot by mail submitted before the effective date of this Act is governed by the law in effect when the application was submitted, and the former law is continued in effect for that purpose.

(e) Provides that the changes in law made by this Act apply only to an application for voter registration submitted on or after the effective date of this Act.

SECTION 9.04. Effective date: upon passage or the 91st day after the last day of the legislative session.

By: Hughes, et al.                                               S.B. No. 1

A BILL TO BE ENTITLED
AN ACT

relating to election integrity and security, including by
preventing fraud in the conduct of elections in this state;
increasing criminal penalties; creating criminal offenses;
providing civil penalties.
       BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:
            ARTICLE 1.  REGISTRATION OF VOTERS
       SECTION 1.01.  Section 13.002, Election Code, is amended by
adding Subsection (c-1) to read as follows:
       (c-1)  The information required under Subsections (c)(3),
(4), (5), (6), and (8) must be supplied by the person desiring to
register to vote.
       SECTION 1.02.  Section 15.021, Election Code, is amended by
amending Subsections (b) and (d) and adding Subsections (d-1) and
(d-2) to read as follows:
       (b)  Except as provided by Subsection (d), the [The] voter
shall use the registration certificate or a registration
application form as the notice, indicating the correct information
in the appropriate space on the certificate or application form
unless the voter does not have possession of the certificate or an
application form at the time of giving the notice.
       (d)  A voter [who continues to reside in the county in which
the voter is registered] may correct information under this section
by digital transmission of the information under a program
administered by the secretary of state and the Department of
Information Resources.
       (d-1)  If the notice indicates that a voter no longer resides
in the county in which the voter is registered, the registrar shall
forward the notice and the voter's original application for
registration to the registrar of the county in which the voter
resides. The registrars shall coordinate to ensure that the
voter's existing registration is canceled immediately after the
voter is registered in the county in which the voter resides in
accordance with Subsection (d-2).
       (d-2)  A registrar who receives a voter's notice and
application from another registrar under Subsection (d-1) shall
treat it as an original application for registration under Section
13.002, and shall register the voter if the voter resides in the
county and is otherwise eligible under Section 13.001.
       SECTION 1.03.  Section 15.028, Election Code, is amended to
read as follows:
       Sec. 15.028.  NOTICE OF UNLAWFUL VOTING OR REGISTRATION [TO
PROSECUTOR]. [(a)] If the registrar determines that a person who
is not eligible to vote registered to vote or [a registered voter]
voted in an election, the registrar shall execute and deliver to the
attorney general, the secretary of state, and the county or
district attorney having jurisdiction in the territory covered by
the election an affidavit stating the relevant facts.
       [(b)  If the election covers territory in more than one
county, the registrar shall also deliver an affidavit to the
attorney general.]
       SECTION 1.04.  Section 16.0332, Election Code, is amended by
amending Subsection (a) and adding Subsections (a-1), (d), and (e)
to read as follows:
       (a)  After the registrar receives notification [a list]
under Subsection (a-1) of this section, Section 18.068 of this
code, or Section 62.113, Government Code, of persons excused or
disqualified from jury service because of citizenship status or
notification of persons who indicate a lack of citizenship status

in connection with a motor vehicle or Department of Public Safety
record as provided by Subsection (a-1), the registrar shall deliver
to each registered voter whose name appears on the list a written
notice requiring the voter to submit to the registrar proof of
United States citizenship in the form of a certified copy of the
voter's birth certificate, United States passport, or certificate
of naturalization or any other form prescribed by the secretary of
state.  The notice shall be delivered by forwardable mail to the
mailing address on the voter's registration application and to any
new address of the voter known to the registrar.
        (a-1)  The secretary of state shall enter into an agreement
with the Department of Public Safety under which information in the
existing statewide computerized voter registration list is
compared against information in the database of the Department of
Public Safety on a monthly basis to verify the accuracy of
citizenship status information previously provided on voter
registration applications.  In comparing information under this
subsection, the secretary of state shall consider only a voter's
information in the database of the Department of Public Safety that
was derived from documents presented by the voter to the department
after the person's current voter registration became effective, and
may not consider information derived from documents presented by
the voter to the department before the person's current voter
registration became effective.
        (d)  The secretary of state shall prescribe rules for the
administration of this section.
        (e)  Not later than December 31 of each year, the secretary
of state shall provide a report to the legislature of the number of
voter registrations canceled under this section during the calendar
year.
        SECTION 1.05.  Section 18.068, Election Code, is amended by
amending Subsection (a) and adding Subsection (a-1) to read as
follows:
        (a)  The secretary of state shall quarterly compare the
information received under Section 16.001 of this code and Sections
[Section] 62.113 and 62.114, Government Code, to the statewide
computerized voter registration list.  If the secretary determines
that a voter on the registration list is deceased or has been
excused or disqualified from jury service because the voter is not a
citizen or a resident of the county in which the voter is registered
to vote, the secretary shall send notice of the determination to:
        (1)  the voter registrar of the counties considered
appropriate by the secretary; and
        (2)  the attorney general, who shall quarterly review
the information to investigate whether a person has committed an
offense under Section 13.007 or other law.
        (a-1)  The secretary of state is not required to send notice
under Subsection (a) for a voter who is subject to an exemption from
jury service under Section 62.106, Government Code, if that
exemption is the only reason the voter is excused from jury service.
        SECTION 1.06.  Section 31.006, Election Code, is amended to
read as follows:
        Sec. 31.006.  REFERRAL [OF COMPLAINT] TO ATTORNEY GENERAL.
(a) If, after receiving or discovering information indicating that
[a complaint alleging] criminal conduct in connection with an
election has occurred, the secretary of state determines that there
is reasonable cause to suspect that [the alleged] criminal conduct
occurred, the secretary shall promptly refer the information
[complaint] to the attorney general.  The secretary shall deliver
to the attorney general all pertinent documents and information in
the secretary's possession.
        (b)  The documents and information submitted under
Subsection (a) are not considered public information until:
        (1)  the secretary of state makes a determination that
the information [complaint] received does not warrant an

investigation; or

        (2)  if referred to the attorney general, the attorney general has completed the investigation or has made a determination that the <u>information</u> [complaint] referred does not warrant an investigation.

     SECTION 1.07.  Section 62.113(b), Government Code, is amended to read as follows:

     (b)  On the third business day of each month, the clerk shall send a copy of the list of persons excused or disqualified because of citizenship in the previous month to:

        (1)  the voter registrar of the county;

        (2)  the secretary of state; and

        (3)  the <u>attorney general and the</u> county or district attorney[, as applicable,] for an investigation of whether the person committed an offense under Section 13.007, Election Code, or other law.

     SECTION 1.08.  Sections 62.114(b) and (c), Government Code, are amended to read as follows:

     (b)  On the third business day of each month, the clerk shall send [to the voter registrar of the county] a copy of the list of persons excused or disqualified in the previous month because the persons do not reside in the county <u>to:</u>

        <u>(1)  the voter registrar of the county;</u>

        <u>(2)  the secretary of state; and</u>

        <u>(3)  the attorney general and the county or district attorney for an investigation of whether the person committed an offense under Section 13.007, Election Code, or other law.</u>

     (c)  A list compiled under this section may not be used for a purpose other than a purpose described by Subsection (b) or Section 15.081 <u>or 18.068</u>, Election Code.

         ARTICLE 2.  CONDUCT AND SECURITY OF ELECTIONS

     SECTION 2.01.  Section 43.031, Election Code, is amended by amending Subsection (b) and adding Subsections (b-1) and (b-2) to read as follows:

     (b)  Each polling place shall be located inside a building. <u>Except as provided by Subsection (b-1), a polling place may not be located in a tent or similar temporary moveable structure or in a facility primarily designed for motor vehicles. No voter may cast a vote from inside a motor vehicle unless the voter meets the requirements of Section 64.009.</u>

     <u>(b-1)  A polling place may be located in a tent or similar temporary moveable structure if:</u>

        <u>(1)  a building selected for a polling place is later determined by the county commissioners court to be not reasonably accessible due to fire, flood, or other natural disaster rendering the building unsafe for public use;</u>

        <u>(2)  a suitable substitute building is not available; and</u>

        <u>(3)  the tent or similar temporary moveable structure is adjacent to the building described by Subdivision (1).</u>

     <u>(b-2)  If the county commissioners court makes a determination described by Subsection (b-1)(1):</u>

        <u>(1)  the determination is valid only for the next scheduled election; and</u>

        <u>(2)  the court shall send a record of that determination to the secretary of state as soon as practicable.</u>

     SECTION 2.02.  Section 61.002, Election Code, is amended to read as follows:

     Sec. 61.002.  OPENING <u>AND CLOSING</u> POLLING PLACE FOR VOTING. <u>(a)  Immediately before opening the polls for voting on the first day of early voting and on election day, the presiding election judge or alternate election judge shall confirm that each voting machine has any public counter reset to zero and shall print the tape that shows the counter was set to zero for each candidate or measure on the ballot.</u>

(b)  At the official time for opening the polls for voting, an election officer shall open the polling place entrance and admit the voters.

(c)  Immediately after closing the polls for voting on election day, the presiding election judge or alternate election judge shall print the tape to show the number of votes cast for each candidate or ballot measure for each voting machine.

(d)  Each election judge or alternate election judge present shall sign a tape printed under this section.

SECTION 2.03.  Section 64.007(c), Election Code, is amended to read as follows:

(c)  An election officer shall maintain a register of spoiled ballots at the polling place, including spoiled ballots from a direct recording electronic voting unit. An election officer shall enter on the register the name of each voter who returns a spoiled ballot and the spoiled ballot's number. The secretary of state shall create and promulgate a form to be used for this purpose.

SECTION 2.04.  Subchapter A, Chapter 65, Election Code, is amended by adding Section 65.017 to read as follows:

Sec. 65.017.  VOTE TABULATING EQUIPMENT. Beginning January 1, 2024, equipment to tabulate votes may not be used if any wireless connectivity capability of the equipment has not been disabled or removed.

SECTION 2.05.  Subchapter A, Chapter 66, Election Code, is amended by adding Section 66.004 to read as follows:

Sec. 66.004.  CLOSING POLLING PLACE. The secretary of state shall adopt rules and create a checklist or similar guidelines to assist the presiding judge of a polling place in processing forms and conducting procedures required by this code at the closing of the polling place.

SECTION 2.06.  Section 66.052, Election Code, is amended to read as follows:

Sec. 66.052.  DELIVERY BY ELECTION CLERK; CHAIN OF CUSTODY. (a) A delivery of election records or supplies that is to be performed by the presiding judge may be performed by an election clerk designated by the presiding judge.

(b)  If the presiding judge of a polling place designates a clerk to deliver election supplies, the presiding judge shall attest to the designation, and the clerk shall attest to the clerk's acceptance of the responsibility. The secretary of state shall create and promulgate a form to facilitate compliance with this section.

SECTION 2.07.  Section 85.005, Election Code, is amended to read as follows:

Sec. 85.005.  REGULAR DAYS AND HOURS FOR VOTING. (a)  Except as provided by Subsection (c), in an election in which a county clerk [or city secretary] is the early voting clerk under Section 83.002 [or 83.005], early voting by personal appearance at the main early voting polling place shall be conducted on each weekday of [the weekdays of] the early voting period that is not a legal state holiday and for a period of at least nine hours, except that voting may not be conducted earlier than 6 a.m. or later than 9 p.m. [during the hours that the county clerk's or city secretary's main business office is regularly open for business.]

(b)  In an election to which Subsection (a) does not apply, early voting by personal appearance at the main early voting polling place shall be conducted at least nine [eight] hours each weekday of the early voting period that is not a legal state holiday unless the territory covered by the election has fewer than 1,000 registered voters. In that case, the voting shall be conducted at least four [three] hours each day. The authority ordering the election, or the county clerk if that person is the early voting clerk, shall determine which hours the voting is to be conducted.

(c)  In a county with a population of 30,000 [100,000] or more, the voting in a primary election or the general election for

state and county officers shall be conducted at the main early voting polling place for at least 12 hours on each weekday of the last week of the early voting period, and the voting in a special election ordered by the governor shall be conducted at the main early voting polling place for at least 12 hours on each of the last two days of the early voting period. <u>Voting under this subsection may not be conducted earlier than 6 a.m. or later than 9 p.m.</u> Voting shall be conducted in accordance with this subsection in those elections in a county with a population under <u>30,000</u> [~~100,000~~] on receipt by the early voting clerk of a written request for the extended hours submitted by at least 15 registered voters of the county. The request must be submitted in time to enable compliance with Section 85.067.

(d)   <u>A voter who has not voted before the scheduled time for closing a polling place is entitled to vote after that time if the voter is in line at the polling place by closing time. The secretary of state shall promulgate any materials and provide any training to presiding judges necessary to properly process voters under this subsection</u> [~~In an election ordered by a city, early voting by personal appearance at the main early voting polling place shall be conducted for at least 12 hours:~~

       [~~(1)   on one weekday, if the early voting period consists of less than six weekdays; or~~

       [~~(2)   on two weekdays, if the early voting period consists of six or more weekdays~~].

SECTION 2.08.   Sections 85.006(b) and (e), Election Code, are amended to read as follows:

(b)   In an election in which a county clerk [~~or city secretary~~] is the early voting clerk under Section 83.002 [~~or 83.005~~], only the early voting clerk may order voting on a Saturday or Sunday.   The clerk must do so by written order.

(e)   In a primary election or the general election for state and county officers in a county with a population of <u>30,000</u> [~~100,000~~] or more, the early voting clerk shall order <u>voting by</u> personal appearance [~~voting~~] at the main early voting polling place to be conducted <u>on the last Saturday of the early voting period</u> for at least 12 hours<u>, except that voting may not be conducted earlier than 6 a.m. or later than 9 p.m.,</u> [~~on the last Saturday~~] and <u>on the last Sunday of the early voting period</u> for at least <u>six</u> [~~five~~] hours<u>, except that voting may not be conducted earlier than 6 a.m. or later than 9 p.m</u> [~~on the last Sunday of the early voting period~~]. The early voting clerk shall order voting to be conducted at those times in those elections in a county with a population under <u>30,000</u> [~~100,000~~] on receipt of a written request for those hours submitted by at least 15 registered voters of the county.   The request must be submitted in time to enable compliance with Section 85.007.   This subsection supersedes any provision of this subchapter to the extent of any conflict.

SECTION 2.09.   Section 85.010(a-1), Election Code, is amended to read as follows:

(a-1)   In this section, "eligible county polling place" means an early voting polling place[~~, other than a polling place established under Section 85.062(e),~~] established by a county.

SECTION 2.10.   Section 85.061, Election Code, is amended by amending Subsection (a) and adding Subsections (a-1) and (a-2) to read as follows:

(a)   In a countywide election in which the county clerk is the early voting clerk under Section 83.002, an early voting polling place shall be located <u>inside</u> [~~at~~] each branch office that is regularly maintained for conducting general clerical functions of the county clerk, except as provided by Subsection (b). <u>If a suitable room is unavailable inside the branch office, the polling place may be located in another room inside the same building as the branch office. Except as provided by Subsection (a-1), the polling place may not be located in a tent or similar temporary moveable</u>

structure or a parking garage, parking lot, or similar facility
designed primarily for motor vehicles.
     (a-1)  An early voting polling place may be located in a tent
or similar temporary moveable structure if:
          (1)  a building selected for an early voting polling
place is later determined by the county commissioners court to be
not reasonably accessible due to fire, flood, or other natural
disaster rendering the building unsafe for public use;
          (2)  a suitable substitute building is not available;
and
          (3)  the tent or similar temporary moveable structure
is adjacent to the building described by Subdivision (1).
     (a-2)  If the county commissioners court makes a
determination described by Subsection (a-1)(1):
          (1)  the determination is valid only for the next
scheduled election; and
          (2)  the court shall send a record of that
determination to the secretary of state as soon as practicable.
     SECTION 2.11.  Section 85.062, Election Code, is amended by
amending Subsection (b) and adding Subsections (b-1), (b-2), and
(f-1) to read as follows:
     (b)  A polling place established under this section may be
located, subject to Subsection (d), at any place in the territory
served by the early voting clerk and may be located inside [in] any
building [stationary structure] as directed by the authority
establishing the branch office. Except as provided by Subsection
(b-1), the [The] polling place may not be located in a tent or
similar temporary movable structure or a parking garage, parking
lot, or similar facility designed primarily for motor vehicles in
the general election for state and county officers, general primary
election, or runoff primary election. Ropes or other suitable
objects may be used at the polling place to ensure compliance with
Section 62.004. Persons who are not expressly permitted by law to
be in a polling place shall be excluded from the polling place to
the extent practicable.
     (b-1)  A temporary branch polling place may be located in a
tent or similar temporary moveable structure if:
          (1)  a building selected for a temporary branch polling
place is later determined by the county commissioners court to be
not reasonably accessible due to fire, flood, or other natural
disaster rendering the building unsafe for public use;
          (2)  a suitable substitute building is not available;
and
          (3)  the tent or similar temporary moveable structure
is adjacent to the building described by Subdivision (1).
     (b-2)  If the county commissioners court makes a
determination described by Subsection (b-1)(1):
          (1)  the determination is valid only for the next
scheduled election; and
          (2)  the court shall send a record of that
determination to the secretary of state as soon as practicable.
     (f-1)  Notwithstanding any other provision of this section
concerning the location of temporary branch polling places, in an
election in which countywide polling places are used, the
commissioners court of a county shall employ the same methodology
it uses to determine the location of countywide polling places to
determine the location of temporary branch polling places.
     SECTION 2.12.  Section 124.002, Election Code, is amended by
adding Subsection (c) to read as follows:
     (c)  Voting system ballots may not be arranged in a manner
that allows a political party's candidates to be selected in one
motion or gesture.
     SECTION 2.13.  Section 127.1232, Election Code, is amended
to read as follows:
     Sec. 127.1232.  SECURITY OF VOTED BALLOTS. (a) The general

custodian of election records shall post a <u>licensed peace officer</u> [<s>guard</s>] to ensure the security of ballot boxes containing voted ballots throughout the period of tabulation at the central counting station.

<u>(b)   The general custodian of election records in a county with a population of less than 100,000 may, and the general custodian of election records in a county with a population of 100,000 or more shall, implement a video surveillance system that retains a record of all areas containing voted ballots:</u>

<u>(1)   from the time the voted ballots are delivered to the central counting station until the canvass of precinct election returns; and</u>

<u>(2)   from the time the voted ballots are delivered to the signature verification committee or early voting ballot board until the canvass of precinct election returns.</u>

<u>(c)   A video from a system implemented under Subsection (b) may be made available to the public by a livestream in a county with a population of less than 100,000, and shall be made available to the public by a livestream in a county with a population of 100,000 or more.</u>

<u>(d)   The video recorded is an election record under Section 1.012 and shall be retained by the general custodian of election records until the end of the calendar year in which an election is held or until an election contest filed in the county has been resolved, whichever is later.</u>

ARTICLE 3. ELECTION OFFICERS AND OBSERVERS
SECTION 3.01.  Subchapter A, Chapter 33, Election Code, is amended by adding Section 33.008 to read as follows:

<u>Sec. 33.008.  TRAINING MANUAL. (a)  The secretary of state shall publish and maintain a training manual for watchers and shall make the manual available on the secretary of state's Internet website.</u>

<u>(b)   An appointing authority must provide each watcher appointed by the authority with a copy of the training manual maintained under this section.</u>

SECTION 3.02.  Section 33.051, Election Code, is amended by adding Subsections (g) and (h) to read as follows:

<u>(g)   An election officer commits an offense if the officer intentionally or knowingly refuses to accept a watcher for service when acceptance of the watcher is required by this section.  An offense under this subsection is a Class A misdemeanor.</u>

<u>(h)   Before accepting a watcher, the officer presented with a watcher's certificate of appointment shall require the watcher to take the following oath, administered by the officer: "I swear (or affirm) that I will not disrupt the voting process or harass voters in the discharge of my duties."</u>

SECTION 3.03.  Section 33.056, Election Code, is amended by amending Subsection (a) and adding Subsections (e) and (f) to read as follows:

(a)  Except as provided by Section 33.057, a watcher is entitled to observe any activity conducted at the location at which the watcher is serving. A watcher is entitled to sit or stand [<s>conveniently</s>] near <u>enough to see and hear</u> the election officers conducting the observed activity<u>, except as otherwise prohibited by this chapter</u>.

<u>(e)   Except as provided by Section 33.057(b), a watcher may not be denied free movement where election activity is occurring within the location at which the watcher is serving.</u>

<u>(f)   In this code, a watcher who is entitled to "observe" an election activity is entitled to sit or stand near enough to see and hear the activity.</u>

SECTION 3.04.  Subchapter C, Chapter 33, Election Code, is amended by adding Section 33.0605 to read as follows:

<u>Sec. 33.0605.  OBSERVING DATA STORAGE SEALING AND TRANSFER.</u>
<u>(a)   A watcher appointed to serve at a polling place in an election</u>

who is available at the time of the action may observe all election activities relating to closing the polling place, including the sealing and transfer of a memory card, flash drive, hard drive, data storage device, or other medium now existing or later developed used by the voting system equipment.

(b)   Notwithstanding any other provision of this code, a watcher duly accepted for service at a polling location is entitled to follow the transfer of election materials from the polling place at which the watcher was accepted to a regional tabulating center, the central counting station, or any other location designated to process election materials. The authority responsible for administering a regional tabulating center or another location where election materials are processed must accept duly appointed watchers for service in the same manner a watcher is accepted for service under Section 33.051 and must accept the same number of watchers that may serve under Section 33.007(a).

SECTION 3.05.   Section 33.061(a), Election Code, is amended to read as follows:

(a)   A person commits an offense if the person serves in an official capacity at a location at which the presence of watchers is authorized and knowingly prevents a watcher from observing an activity or procedure the person knows the watcher is entitled to observe, including by taking any action to obstruct the view of a watcher or distance the watcher from the activity or procedure to be observed in a manner that would make observation not reasonably effective.

SECTION 3.06.   Subchapter C, Chapter 33, Election Code, is amended by adding Section 33.063 to read as follows:

Sec. 33.063.   RELIEF. (a)   A watcher, or the appointing authority for a watcher, who believes that the watcher was unlawfully prevented or obstructed from the performance of the watcher's duties may seek:

(1)   injunctive relief under Section 273.081, including issuance of temporary orders;

(2)   a writ of mandamus under Section 161.009 or 273.061; and

(3)   any other remedy available under law.

(b)   The relief provided by this section is available to a state inspector appointed under Chapter 34 or any other election inspector authorized by law.

SECTION 3.07.   Section 86.006, Election Code, is amended by amending Subsection (a) and adding Subsection (a-2) to read as follows:

(a)   A marked ballot voted under this chapter must be returned to the early voting clerk in the official carrier envelope. The carrier envelope may be delivered in another envelope and must be transported and delivered only by:

(1)   mail;

(2)   common or contract carrier; or

(3)   subject to Subsections [Subsection] (a-1) and (a-2), in-person delivery by the voter who voted the ballot.

(a-2)   An in-person delivery of a marked ballot voted under this chapter must be received by an election official at the time of delivery. The receiving official shall record the voter's name, signature, and type of identification provided under Section 63.0101 on a roster prescribed by the secretary of state. The receiving official shall attest on the roster that the delivery complies with this section.

SECTION 3.08.   Chapter 121, Election Code, is amended by adding Section 121.004 to read as follows:

Sec. 121.004.   COMMUNICATIONS WITH VOTING SYSTEMS VENDOR PUBLIC INFORMATION. Except as provided by Sections 552.110 and 552.1101, Government Code, a written letter, e-mail, or other communication, including a communication made confidential by other law, between a public official and a voting systems vendor:

(1)  is not confidential;
(2)  is public information for purposes of Chapter 552, Government Code; and
(3)  is not subject to an exception to disclosure provided by Chapter 552, Government Code.
SECTION 3.09.  Subchapter A, Chapter 127, Election Code, is amended by adding Section 127.009 to read as follows:
Sec. 127.009.  ELECTRONIC DEVICES IN CENTRAL COUNTING STATION. (a) A counting station manager and the presiding judge of the counting station shall develop a protocol under which any electronic device inside a central counting station that is necessary to count votes is equipped with software that tracks all input and activity on the electronic device.
(b)  The counting station manager and the presiding judge of the counting station shall ensure that the input and activity tracked by the software is printed and delivered to the secretary of state not later than the fifth day after vote counting is complete.
(c)  This section applies only to a central counting station located in a county with a population of 250,000 or more.
SECTION 3.10.  Section 127.1301, Election Code, is amended to read as follows:
Sec. 127.1301.  [TALLYING, TABULATING, AND REPORTING] CENTRALLY COUNTED OPTICAL SCAN BALLOTS [BALLOT UNDERVOTES AND OVERVOTES]. (a) In an election using centrally counted optical scan ballots, the undervotes and overvotes on those ballots shall be tallied, tabulated, and reported by race and by election precinct in the form and manner prescribed by the secretary of state.
(b)  After January 1, 2024, an authority operating a central counting station under this chapter may not purchase or use a centrally counted optical ballot scan system that uses a data storage disc on which information, once written, is capable of being modified.
SECTION 3.11.  Section 127.131, Election Code, is amended by adding Subsection (f) to read as follows:
(f)  The presiding judge of the central counting station shall provide and attest to a written reconciliation of votes and voters at the close of tabulation for election day and again after the central counting station meets for the last time to process late-arriving ballots by mail and provisional ballots.  The secretary of state shall create and promulgate rules and a form to facilitate compliance with this subsection.  The form shall be posted on a website maintained by the county along with election returns and results.
SECTION 3.12.  Section 129.023, Election Code, is amended by adding Subsections (b-2) and (c-1) to read as follows:
(b-2)  If the test is being conducted for an election in which a county election board has been established under Section 51.002, the general custodian of election records shall notify each member of the board of the test at least 48 hours before the date of the test. If the county election board chooses to witness the test, each member shall sign the statement required by Subsection (e)(1).
(c-1)  A test conducted under this section must also require the general custodian of election records to demonstrate, using a representative sample of voting system equipment, that the source code of the equipment has not been altered.
ARTICLE 4. VOTING BY MAIL
SECTION 4.01.  Section 84.001(b), Election Code, is amended to read as follows:
(b)  An application must be submitted in writing and signed by the applicant using ink on paper.  An electronic signature or photocopied signature is not permitted.
SECTION 4.02.  Subchapter A, Chapter 84, Election Code, is amended by adding Section 84.0011 to read as follows:
Sec. 84.0011.  SOLICITATION OF BALLOT BY MAIL APPLICATIONS

PROHIBITED.  The early voting clerk may make no attempt to solicit a
person to complete an application for an early voting ballot by
mail, whether directly or through a third party.
     SECTION 4.03.  Section 84.002, Election Code, as effective
September 1, 2021, is amended by amending Subsection (a) and adding
Subsection (b-1) to read as follows:
     (a)  An early voting ballot application must include:
          (1)  the applicant's name and the address at which the
applicant is registered to vote;
          (1-a)  the following information:
               (A)  the number of the applicant's driver's
license, election identification certificate, or personal
identification card issued by the Department of Public Safety;
               (B)  if the applicant has not been issued a number
described by Paragraph (A), the last four digits of the applicant's
social security number; or
               (C)  a statement by the applicant that the
applicant has not been issued a number described by Paragraph (A) or
(B);
          (2)  for an application for a ballot to be voted by mail
on the ground of absence from the county of residence, the address
outside the applicant's county of residence to which the ballot is
to be mailed;
          (3)  for an application for a ballot to be voted by mail
on the ground of age or disability, the address of the hospital,
nursing home or other long-term care facility, or retirement
center, or of a person related to the applicant within the second
degree by affinity or the third degree by consanguinity, as
determined under Chapter 573, Government Code, if the applicant is
living at that address and that address is different from the
address at which the applicant is registered to vote;
          (4)  for an application for a ballot to be voted by mail
on the ground of confinement in jail, the address of the jail or of a
person related to the applicant within the degree described by
Subdivision (3);
          (5)  for an application for a ballot to be voted by mail
on any ground, an indication of each election for which the
applicant is applying for a ballot;
          (6)  an indication of the ground of eligibility for
early voting; and
          (7)  for an application for a ballot to be voted by mail
on the ground of involuntary civil commitment, the address of the
facility operated by or under contract with the Texas Civil
Commitment Office or of a person related to the applicant within the
degree of consanguinity described by Subdivision (3).
     (b-1)  A person may use the number of a driver's license,
election identification certificate, or personal identification
card that has expired for the purpose of fulfilling the requirement
under Subsection (a)(1-a) if the license or identification is
otherwise valid.
     SECTION 4.04.  Section 84.011(a), Election Code, as
effective September 1, 2021, is amended to read as follows:
     (a)  The officially prescribed application form for an early
voting ballot must include:
          (1)  immediately preceding the signature space the
statement: "I certify that the information given in this
application is true, and I understand that giving false information
in this application is a crime.";
          (2)  a statement informing the applicant of the
offenses prescribed by Sections 84.003 and 84.004;
          (3)  spaces for entering an applicant's voter
registration number and county election precinct of registration,
with a statement informing the applicant that failure to furnish
that information does not invalidate the application;
          (3-a)  a space for entering the information required

under Section 84.002(a)(1-a); and
          (4)  on an application for a ballot to be voted by mail:
              (A)  a space for an applicant applying on the ground of absence from the county of residence to indicate the date on or after which the applicant can receive mail at the address outside the county;
              (B)  a space for indicating the fact that an applicant whose application is signed by a witness cannot make the applicant's mark and a space for indicating the relationship or lack of relationship of the witness to the applicant;
              (C)  a space for entering an applicant's telephone number, with a statement informing the applicant that failure to furnish that information does not invalidate the application;
              (D)  a space or box for an applicant applying on the ground of age or disability to indicate that the address to which the ballot is to be mailed is the address of a facility or relative described by Section 84.002(a)(3), if applicable;
              (E)  a space or box for an applicant applying on the ground of confinement in jail or involuntary civil commitment to indicate that the address to which the ballot is to be mailed is the address of a relative described by Section 84.002(a)(4) or (7), if applicable;
              (F)  a space for an applicant applying on the ground of age or disability to indicate if the application is an application under Section 86.0015;
              (G)  spaces for entering the signature, printed name, and residence address of any person assisting the applicant;
              (H)  a statement informing the applicant of the condition prescribed by Section 81.005; and
              (I)  a statement informing the applicant of the requirement prescribed by Section 86.003(c).
        SECTION 4.05.  Subchapter A, Chapter 84, Election Code, is amended by adding Section 84.0111 to read as follows:
        Sec. 84.0111.  DISTRIBUTION OF APPLICATION FORM. (a) Except as provided by Subsection (c) or as otherwise authorized by this code, an officer or employee of this state or of a political subdivision of this state may not distribute an application form for an early voting ballot to a person who did not request an application under Section 84.001.
        (b)  An officer or employee of this state or of a political subdivision of this state may not use public funds to facilitate the distribution by another person of an application form for an early voting ballot to a person who did not request an application under Section 84.001.
        (c)  A political party or a candidate for office may distribute an application form for an early voting ballot to a person who did not request an application under Section 84.001.
        SECTION 4.06.  Section 84.032(c), Election Code, is amended to read as follows:
        (c)  An applicant may submit a request after the close of early voting by personal appearance by appearing in person and:
            (1)  returning the ballot to be voted by mail to the early voting clerk; or
            (2)  executing an affidavit that the applicant:
              (A)  has not received the ballot to be voted by mail; [or]
              (B)  never requested a ballot to be voted by mail; or
              (C)  received notice of a defect under Section 87.0271(b) or 87.0411(b).
        SECTION 4.07.  Section 84.035, Election Code, is amended to read as follows:
        Sec. 84.035.  BALLOT SENT TO APPLICANT. (a) If the early voting clerk cancels an application by an applicant to whom an early voting ballot has been sent, the clerk shall:

(1) remove the applicant's name from the early voting roster; and

(2) make any other entries in the records and take any other action necessary to prevent the ballot from being counted if returned.

(b)  An election judge may permit a person to whom an early voting ballot has been sent who cancels the person's application for a ballot to be voted by mail in accordance with Section 84.032 but fails to return the ballot to be voted by mail to the early voting clerk, deputy early voting clerk, or presiding judge as provided by that section to vote only a provisional ballot under Section 63.011.

SECTION 4.08.  Section 86.001, Election Code, is amended by adding Subsection (f) to read as follows:

(f)  If the information required under Section 84.002(a)(1-a) included on the application does not match the information on the applicant's application for voter registration under Section 13.002(c)(8), the clerk shall reject the application.

SECTION 4.09.  Section 86.002, Election Code, is amended by adding Subsections (g), (h), and (i) to read as follows:

(g)  The carrier envelope must include a space that is hidden from view when the envelope is sealed for the voter to enter the following information:

(1)  the number of the voter's driver's license, election identification certificate, or personal identification card issued by the Department of Public Safety;

(2)  if the voter has not been issued a number described by Subdivision (1), the last four digits of the voter's social security number; or

(3)  a statement by the applicant that the applicant has not been issued a number described by Subdivision (1) or (2).

(h)  A person may use the number of a driver's license, election identification certificate, or personal identification card that has expired for purposes of Subsection (g) if the license or identification is otherwise valid.

(i)  No record associating an individual voter with a ballot may be created.

SECTION 4.10.  Section 86.011(c), Election Code, is amended to read as follows:

(c)  If the return is not timely, the clerk shall enter the time of receipt on the carrier envelope and retain it in a locked container for the period for preserving the precinct election records. The clerk shall destroy the unopened envelope and its contents after the preservation period.

SECTION 4.11.  Section 87.027(i), Election Code, is amended to read as follows:

(i)  The signature verification committee shall compare the signature on each carrier envelope certificate, except those signed for a voter by a witness, with the signature on the voter's ballot application to determine whether the signatures are those of the voter.  The committee may also compare the signatures with any known signature [two or more signatures] of the voter [made within the preceding six years and] on file with the county clerk or voter registrar to determine whether the signatures are those of the voter.  Except as provided by Subsection (l), a determination under this subsection that the signatures are not those of the voter must be made by a majority vote of the committee's membership.  The committee shall place the jacket envelopes, carrier envelopes, and applications of voters whose signatures are not those of the voter in separate containers from those of voters whose signatures are those of the voter.  The committee chair shall deliver the sorted materials to the early voting ballot board at the time specified by the board's presiding judge.

SECTION 4.12.  Subchapter B, Chapter 87, Election Code, is amended by adding Section 87.0271 to read as follows:

Sec. 87.0271.  OPPORTUNITY TO CORRECT DEFECT:  SIGNATURE
VERIFICATION COMMITTEE. (a)  This section applies to an early
voting ballot voted by mail:
        (1)  for which the voter did not sign the carrier
envelope certificate;
        (2)  for which it cannot immediately be determined
whether the signature on the carrier envelope certificate is that
of the voter;
        (3)  missing any required statement of residence; or
        (4)  containing incomplete information with respect to
a witness.
    (b)  Before deciding whether to accept or reject a timely
delivered ballot under Section 87.027, the signature verification
committee may:
        (1)  return the carrier envelope to the voter by mail,
if the signature verification committee determines that it would be
possible to correct the defect and return the carrier envelope
before the time the polls are required to close on election day; or
        (2)  notify the voter of the defect by telephone or
e-mail and inform the voter that the voter may come to the early
voting clerk's office in person to:
            (A)  correct the defect; or
            (B)  request to have the voter's application to
vote by mail canceled under Section 84.032.
    (c)  If the signature verification committee takes an action
described by Subsection (b), the committee must take either action
described by that subsection with respect to each ballot in the
election to which this section applies.
    (d)  A poll watcher is entitled to observe an action taken
under Subsection (b).
    (e)  The secretary of state may prescribe any procedures
necessary to implement this section.
    SECTION 4.13.  Section 87.041, Election Code, is amended by
amending Subsections (b) and (e) and adding Subsection (d-1) to
read as follows:
    (b)  A ballot may be accepted only if:
        (1)  the carrier envelope certificate is properly
executed;
        (2)  neither the voter's signature on the ballot
application nor the signature on the carrier envelope certificate
is determined to have been executed by a person other than the
voter, unless signed by a witness;
        (3)  the voter's ballot application states a legal
ground for early voting by mail;
        (4)  the voter is registered to vote, if registration
is required by law;
        (5)  the address to which the ballot was mailed to the
voter, as indicated by the application, was outside the voter's
county of residence, if the ground for early voting is absence from
the county of residence;
        (6)  for a voter to whom a statement of residence form
was required to be sent under Section 86.002(a), the statement of
residence is returned in the carrier envelope and indicates that
the voter satisfies the residence requirements prescribed by
Section 63.0011; [and]
        (7)  the address to which the ballot was mailed to the
voter is an address that is otherwise required by Sections 84.002
and 86.003; and
        (8)  the information required under Section 86.002(g)
provided by the voter identifies the same voter identified on the
voter's application for voter registration under Section
13.002(c)(8).
    (d-1)  If a voter provides the information required under
Section 86.002(g) and it identifies the same voter identified on
the voter's application for voter registration under Section

13.002(c)(8), the signature on the ballot application and on the
carrier envelope certificate shall be rebuttably presumed to be the
signatures of the voter.
        (e)  In making the determination under Subsection (b)(2), to
determine whether the signatures are those of the voter, the board
may also compare the signatures with any known signature [two or
more signatures] of the voter [made within the preceding six years
and] on file with the county clerk or voter registrar [to determine
whether the signatures are those of the voter].
        SECTION 4.14.  Subchapter C, Chapter 87, Election Code, is
amended by adding Section 87.0411 to read as follows:
        Sec. 87.0411.  OPPORTUNITY TO CORRECT DEFECT:  EARLY VOTING
BALLOT BOARD. (a) This section applies to an early voting ballot
voted by mail:
            (1)  for which the voter did not sign the carrier
envelope certificate;
            (2)  for which it cannot immediately be determined
whether the signature on the carrier envelope certificate is that
of the voter;
            (3)  missing any required statement of residence; or
            (4)  containing incomplete information with respect to
a witness.
        (b)  Before deciding whether to accept or reject a timely
delivered ballot under Section 87.041, the early voting ballot
board may:
            (1)  return the carrier envelope to the voter by mail,
if the early voting ballot board determines that it would be
possible to correct the defect and return the carrier envelope
before the time the polls are required to close on election day; or
            (2)  notify the voter of the defect by telephone or
e-mail and inform the voter that the voter may come to the early
voting clerk's office in person to:
                (A)  correct the defect; or
                (B)  request to have the voter's application to
vote by mail canceled under Section 84.032.
        (c)  If the early voting ballot board takes an action
described by Subsection (b), the board must take either action
described by that subsection with respect to each ballot in the
election to which this section applies.
        (d)  A poll watcher is entitled to observe an action taken
under Subsection (b).
        (e)  The secretary of state may prescribe any procedures
necessary to implement this section.
        SECTION 4.15.  Section 87.0431(b), Election Code, is amended
to read as follows:
        (b)  The early voting clerk shall, not later than the 30th
day after election day, deliver notice to the attorney general,
including certified copies of the carrier envelope and
corresponding ballot application, of any ballot rejected because:
            (1)  the voter was deceased;
            (2)  the voter already voted in person in the same
election;
            (3)  the signatures on the carrier envelope and ballot
application were not executed by the same person;
            (4)  the carrier envelope certificate lacked a witness
signature; [or]
            (5)  the carrier envelope certificate was improperly
executed by an assistant; or
            (6)  the early voting ballot board or the signature
verification committee determined that another violation of the
Election Code occurred.
        SECTION 4.16.  Sections 87.062(a) and (c), Election Code,
are amended to read as follows:
        (a)  On the direction of the presiding judge, the early
voting ballot board, in accordance with Section 85.032(b), shall

open the <u>containers</u> [<s>container</s>] for the early voting ballots that
are to be counted by the board, remove the contents from <u>each</u> [<s>the</s>]
container, and remove any ballots enclosed in ballot envelopes from
their envelopes.
          (c)  <u>Ballots voted by mail shall be tabulated and stored</u>
<u>separately from the ballots voted by personal appearance and shall</u>
<u>be separately reported on the returns</u> [<s>The results of all early</s>
<s>voting ballots counted by the board under this subchapter shall be</s>
<s>included in the same return</s>].
          SECTION 4.17.  Section 87.103, Election Code, is amended to
read as follows:
          Sec. 87.103.  COUNTING BALLOTS AND PREPARING RETURNS. (a)
The early voting electronic system ballots counted at a central
counting station<u>, the ballots cast at precinct polling places, and</u>
<u>the ballots voted by mail</u> shall be tabulated separately [<s>from the</s>
<s>ballots cast at precinct polling places</s>] and shall be separately
reported on the returns.
          (b)  The early voting returns prepared at the central
counting station must include any early voting results obtained by
the early voting ballot board under <u>Subchapter</u> [<s>Subchapters</s>] D [<s>and</s>
<s>E</s>].
          SECTION 4.18.  Section 87.126, Election Code, is amended by
adding Subsection (a-1) to read as follows:
          <u>(a-1)  Electronic records made under this section shall</u>
<u>record both sides of any application, envelope, or ballot recorded,</u>
<u>and all such records shall be provided to the early voting ballot</u>
<u>board, the signature verification committee, or both.</u>
          SECTION 4.19.  Subchapter G, Chapter 87, Election Code, is
amended by adding Section 87.128 to read as follows:
          <u>Sec. 87.128.  NOTES. Each member of an early voting ballot</u>
<u>board and each member of a signature verification committee is</u>
<u>entitled to take and keep any notes reasonably necessary to perform</u>
<u>the member's duties under this chapter.</u>
                    ARTICLE 5.  ASSISTANCE OF VOTERS
          SECTION 5.01.  Section 64.009, Election Code, is amended by
amending Subsection (b) and adding Subsections (e), (f), (f-1),
(g), and (h) to read as follows:
          (b)  The regular voting procedures<u>, except those in</u>
<u>Subchapter B,</u> may be modified by the election officer to the extent
necessary to conduct voting under this section.
          <u>(e)  Except as provided by Section 33.057, a poll watcher is</u>
<u>entitled to observe any activity conducted under this section.</u>
          <u>(f)  A person who simultaneously assists three or more voters</u>
<u>voting under this section by providing the voters with</u>
<u>transportation to the polling place must complete and sign a form,</u>
<u>provided by an election officer, that contains the person's name</u>
<u>and address and whether the person is providing assistance solely</u>
<u>under this section or under both this section and Subchapter B.</u>
          <u>(f-1)  Subsection (f) does not apply if the person is related</u>
<u>to each voter within the second degree by affinity or the third</u>
<u>degree by consanguinity, as determined under Subchapter B, Chapter</u>
<u>573, Government Code.</u>
          <u>(g)  A form completed under Subsection (f) shall be delivered</u>
<u>to the secretary of state as soon as practicable. The secretary</u>
<u>shall retain a form delivered under this section for the period for</u>
<u>preserving the precinct election records and shall make the form</u>
<u>available to the attorney general for inspection upon request.</u>
          <u>(h)  The secretary of state shall prescribe the form</u>
<u>described by Subsection (f).</u>
          SECTION 5.02.  Section 64.031, Election Code, is amended to
read as follows:
          Sec. 64.031.  ELIGIBILITY FOR ASSISTANCE. A voter is
eligible to receive assistance in marking <u>or reading</u> the ballot, as
provided by this subchapter, if the voter cannot prepare <u>or read</u> the
ballot because of:

(1)  a physical disability that renders the voter
unable to write or see; or
        (2)  an inability to read the language in which the
ballot is written.
        SECTION 5.03.  Subchapter B, Chapter 64, Election Code, is
amended by adding Section 64.0322 to read as follows:
        Sec. 64.0322.  SUBMISSION OF FORM BY ASSISTANT. (a)  A
person, other than an election officer, who assists a voter in
accordance with this chapter is required to complete a form
stating:
                (1)  the name and address of the person assisting the
voter;
                (2)  the relationship to the voter of the person
assisting the voter; and
                (3)  whether the person assisting the voter received or
accepted any form of compensation or other benefit from a
candidate, campaign, or political committee.
        (b)  The secretary of state shall prescribe the form required
by this section.  The form must be incorporated into the official
carrier envelope if the voter is voting an early voting ballot by
mail and receives assistance under Section 86.010, or must be
submitted to an election officer at the time the voter casts a
ballot if the voter is voting at a polling place or under Section
64.009.
        SECTION 5.04.  Section 64.034, Election Code, is amended to
read as follows:
        Sec. 64.034.  OATH. A person, other than an election
officer, selected to provide assistance to a voter must take the
following oath, administered by an election officer at the polling
place, before providing assistance:
        "I swear (or affirm) under penalty of perjury that the voter I
am assisting represented to me they are eligible to receive
assistance; I will not suggest, by word, sign, or gesture, how the
voter should vote; [I will confine my assistance to answering the
voter's questions, to stating propositions on the ballot, and to
naming candidates and, if listed, their political parties;] I will
prepare the voter's ballot as the voter directs; I did not
encourage, pressure, or coerce the voter into choosing me to
provide assistance; [and] I am not the voter's employer, an agent of
the voter's employer, or an officer or agent of a labor union to
which the voter belongs; I will not communicate information about
how the voter has voted to another person; and I understand that if
assistance is provided to a voter who is not eligible for
assistance, the voter's ballot may not be counted."
        SECTION 5.05.  Sections 86.010(e), (h), and (i), Election
Code, are amended to read as follows:
        (e)  A person who assists a voter to prepare a ballot to be
voted by mail shall enter on the official carrier envelope of the
voter:
                (1)  the person's signature, printed name, and
residence address;
                (2)  the relationship of the person providing the
assistance to the voter; and
                (3)  whether the person received or accepted any form
of compensation or other benefit from a candidate, campaign, or
political committee in exchange for providing assistance [on the
official carrier envelope of the voter].
        (h)  Subsection (f) does not apply to:
                (1)  a violation of Subsection (c), if the person is
related to the voter within the second degree by affinity or the
third degree by consanguinity, as determined under Subchapter B,
Chapter 573, Government Code, or was physically living in the same
dwelling as the voter at the time of the event; or
                (2)  a violation of Subsection (e), if the person is
related to the voter within the second degree by affinity or the

third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code.

(i)  An offense under this section for a violation of Subsection (c) is increased to the next higher category of offense if it is shown on the trial of an offense under this section that:

(1)  the defendant was previously convicted of an offense under this code;

(2)  the offense involved a voter 65 years of age or older; or

(3)  the defendant committed another offense under this section in the same election.

SECTION 5.06.  Section 86.013(b), Election Code, is amended to read as follows:

(b)  Spaces must appear on the reverse side of the official carrier envelope for:

(1)  indicating the identity and date of the election; [and]

(2)  entering the signature, printed name, and residence address of a person other than the voter who deposits the carrier envelope in the mail or with a common or contract carrier; and

(3)  indicating the relationship of that person to the voter.

ARTICLE 6.  FRAUD AND OTHER UNLAWFUL PRACTICES

SECTION 6.01.  Chapter 63, Election Code, is amended by adding Section 63.0111 to read as follows:

Sec. 63.0111.  OFFENSES RELATED TO PROVISIONAL VOTING. (a) An election judge commits an offense if the judge knowingly provides a voter with a form for an affidavit required by Section 63.001 if the form contains information that the judge entered on the form knowing it was false.

(b)  An offense under this section is a state jail felony.

SECTION 6.02.  Sections 276.004(a) and (b), Election Code, are amended to read as follows:

(a)  A person commits an offense if, with respect to another person over whom the person has authority in the scope of employment, the person knowingly:

(1)  refuses to permit the other person to be absent from work on election day or while early voting is in progress for the purpose of attending the polls to vote; or

(2)  subjects or threatens to subject the other person to a penalty for attending the polls on election day or while early voting is in progress to vote.

(b)  It is an exception to the application of this section that the person's conduct occurs in connection with an election in which the polls are open on election day or while early voting is in progress for voting for two consecutive hours outside of the voter's working hours.

SECTION 6.03.  Chapter 276, Election Code, is amended by adding Sections 276.015, 276.016, and 276.017 to read as follows:

Sec. 276.015.  VOTE HARVESTING. (a) In this section and in Section 276.016:

(1)  "Benefit" means anything reasonably regarded as a gain or advantage, including a promise or offer of employment, a political favor, or an official act of discretion, whether to a person or another party whose welfare is of interest to the person.

(2)  "Vote harvesting services" means in-person interaction with one or more voters, in the physical presence of an official ballot, a ballot voted by mail, or an application for ballot by mail, intended to deliver votes for a specific candidate or measure.

(b)  A person commits an offense if the person, directly or through a third party, knowingly provides or offers to provide vote harvesting services in exchange for compensation or other benefit.

(c)  A person commits an offense if the person, directly or

through a third party, knowingly provides or offers to provide compensation or other benefit to another person in exchange for vote harvesting services.

(d)  A person commits an offense if the person knowingly collects or possesses a mail ballot or official carrier envelope in connection with vote harvesting services.

(e)  This section does not apply to:

(1)  an activity not performed in exchange for compensation or a benefit;

(2)  interactions that do not directly involve an official ballot, ballot by mail, or an application for ballot by mail;

(3)  interactions that are not conducted in-person with a voter; or

(4)  activity that is not designed to deliver votes for or against a specific candidate or measure.

(f)  In this section, compensation in exchange for vote harvesting services is inferred if a person who performed vote harvesting services for a candidate or campaign solicits, receives, or is offered compensation from the candidate or campaign, directly or through a third party, for services other than vote harvesting services provided.

(g)  An offense under this section is a felony of the third degree.

(h)  If conduct that constitutes an offense under this section also constitutes an offense under any other law, the actor may be prosecuted under this section, the other law, or both.

(i)  Records necessary to investigate an offense under this section or any other section of this code shall be provided by an election officer in an unredacted form to a law enforcement officer upon request.  Records obtained under this subsection are not subject to public disclosure.

Sec. 276.016.  CIVIL LIABILITY FOR VOTE HARVESTING. (a)  A person who is shown by a preponderance of the evidence to have violated Section 276.015 is civilly liable to any candidate or political party who suffers harm from the vote harvesting services for damages and penalties that may be awarded under Subsection (c).

(b)  A person is harmed by the vote harvesting services if the person can demonstrate that:

(1)  the person has standing to seek relief; and

(2)  the liable party violated Section 276.015.

(b-1)  To establish standing under this section, a person is not required to demonstrate that the vote harvesting services successfully delivered votes for a specific candidate or measure, but must demonstrate that:

(1)  the vote harvesting services were intended to deliver votes for a specific candidate or measure; and

(2)  the person opposed the candidate or measure in the person's capacity as a candidate or political party.

(c)  A party who prevails in an action under this section may recover damages in an amount including any or all of:

(1)  the amount of compensation paid to or received by a party in exchange for vote harvesting services;

(2)  the fair market value of any benefit given or received in exchange for vote harvesting services;

(3)  a penalty in the amount of $35,000; or

(4)  reasonable and necessary attorney's fees, court costs, witness fees, and discovery costs.

(d)  A party who is a candidate for office who prevails in an action under this section and shows that the number of voters contacted by the vote harvesting activity exceeds the number of votes by which the party lost the election shall recover damages in an amount including any or all of:

(1)  the party's campaign expenditures properly filed on a campaign finance report in connection with the election; or

(2)  any fees and expenses incurred by the party in filing and securing a place on the ballot.

(e)  A person who commits an offense under Section 276.015 and is found civilly liable, including by vicarious liability, under this chapter or other law for any amount of damages arising from the vote harvesting services is jointly liable with any other defendant for the entire amount of damages arising from the vote harvesting services.

(f)  The cause of action created by this section is cumulative of any other remedy provided by common law or statute.

(g)  Rules applicable to a party's access to election records under Chapter 231 or 232 apply to a cause of action under this section.

(h)  The expedited actions process created by Rule 169, Texas Rules of Civil Procedure, does not apply to an action under this section.

(i)  Chapter 27, Civil Practice and Remedies Code, does not apply to a cause of action under this section.

(j)  A cause of action under this section may be brought in the county where any element of a violation under Section 276.015 occurred, or where any part of the vote harvesting services occurred.

(k)  This section shall be liberally construed and applied to promote its underlying purpose to protect candidates and the voting public from unlawful vote harvesting and provide an efficient and economical remedy to secure that protection.

Sec. 276.017.  UNLAWFUL ALTERING OF ELECTION PROCEDURES. A public official may not create, alter, modify, waive, or suspend any election standard, practice, or procedure mandated by law or rule in a manner not expressly authorized by this code.

ARTICLE 7.  ENFORCEMENT

SECTION 7.01.  Section 18.065, Election Code, is amended by amending Subsection (a) and adding Subsections (e), (f), and (g) to read as follows:

(a)  The secretary of state shall monitor each registrar for substantial compliance with Sections 15.083, 16.032, 16.0332, and 18.061 and with rules implementing the statewide computerized voter registration list.

(e)  A registrar shall correct a violation within 30 days of a notice under Subsection (b).  If a registrar fails to correct the violation within 30 days of a notice under Subsection (b), the secretary of state shall:

(1)  correct the violation on behalf of the registrar; and

(2)  notify the attorney general that the registrar failed to correct a violation under this subsection.

(f)  A county served by a registrar who fails to correct a violation under Subsection (e) is liable to this state for a civil penalty of $1,000 for each violation corrected by the secretary of state under that subsection. The attorney general may bring an action to recover a civil penalty imposed under this section.

(g)  A civil penalty collected by the attorney general under this section shall be deposited in the state treasury to the credit of the general revenue fund.

SECTION 7.02.  Subchapter E, Chapter 31, Election Code, is amended by adding Sections 31.128 and 31.129 to read as follows:

Sec. 31.128.  RESTRICTION ON ELIGIBILITY. (a) In this section, "election official" means:

(1)  a county clerk;

(2)  a permanent or temporary deputy county clerk;

(3)  an elections administrator;

(4)  a permanent or temporary employee of an elections administrator;

(5)  an election judge;

(6)  an alternate election judge;

                    (7)   an early voting clerk;
                    (8)   a deputy early voting clerk;
                    (9)   an election clerk;
                    (10)   the presiding judge of an early voting ballot
board;
                    (11)   the alternate presiding judge of an early voting
ballot board;
                    (12)   a member of an early voting ballot board;
                    (13)   the chair of a signature verification committee;
                    (14)   the vice chair of a signature verification
committee;
                    (15)   a member of a signature verification committee;
                    (16)   the presiding judge of a central counting
station;
                    (17)   the alternate presiding judge of a central
counting station;
                    (18)   a central counting station manager;
                    (19)   a central counting station clerk;
                    (20)   a tabulation supervisor; and
                    (21)   an assistant to a tabulation supervisor.
          (b)   A person may not serve as an election official if the
person has been finally convicted of an offense under this code.
          Sec. 31.129.   CIVIL PENALTY. (a) In this section, "election
official" has the meaning assigned by Section 31.128.
          (b)   An election official may be liable to this state for a
civil penalty if the official:
                    (1)   is employed by or is an officer of this state or a
political subdivision of this state; and
                    (2)   violates a provision of this code.
          (c)   A civil penalty imposed under this section may include
termination of the person's employment and loss of the person's
employment benefits.
          SECTION 7.03.   Section 232.006(a), Election Code, is amended
to read as follows:
          (a)   The venue of an election contest for a statewide office
is in Travis County or any county where a contestee resided at the
time of the election. For purposes of this section, a contestee's
residence is determined under Section 411.0257, Government Code.
          SECTION 7.04.   Sections 232.008(b), (c), and (d), Election
Code, are amended to read as follows:
          (b)   Except as provided by Subsection (c), a contestant must
file the petition not later than the later of the 45th [30th] day
after the date the election records are publicly available under
Section 1.012 or the official result of the contested election is
determined.
          (c)   A contestant must file the petition not later than the
later of the 15th [10th] day after the date the election records are
publicly available under Section 1.012 or the official result is
determined in a contest of:
                    (1)   a primary or runoff primary election; or
                    (2)   a general or special election for which a runoff is
necessary according to the official result or will be necessary if
the contestant prevails.
          (d)   A contestant must deliver, electronically or otherwise,
a copy of the petition to the secretary of state by the same
deadline prescribed for the filing of the petition.
          SECTION 7.05.   Chapter 232, Election Code, is amended by
adding Subchapter C to read as follows:
                    SUBCHAPTER C. CONTEST INVOLVING ALLEGED FRAUD
          Sec. 232.061.   PETITION ALLEGING FRAUD. This subchapter
applies to an election contest in which the contestant alleges in
the petition that an opposing candidate, an agent of the opposing
candidate, or a person acting on behalf of the opposing candidate
with the candidate's knowledge violated any of the following
sections of this code:

    (1)   Section 13.007;
    (2)   Section 64.012;
    (3)   Section 64.036;
    (4)   Section 84.003;
    (5)   Section 84.0041;
    (6)   Section 86.0051;
    (7)   Section 86.006;
    (8)   Section 86.010; or
    (9)   Section 276.013.

Sec. 232.062.  DAMAGES. (a) If it is shown by a preponderance of the evidence that a contestee, an agent of the contestee, or a person acting on behalf of the contestee with the contestee's knowledge committed one or more violations of a section described by Section 232.061, the contestee is liable to the contestant for damages in an amount of $1,000 for each violation.

(b)   Notwithstanding Section 41.004(a), Civil Practice and Remedies Code, a court shall award damages under Subsection (a) to the contestant irrespective of whether the contestant is awarded actual damages.

Sec. 232.063.  ATTORNEY'S FEES. In an election contest to which this subchapter applies, the court may award reasonable attorney's fees to the prevailing party.

SECTION 7.06.  Section 273.061, Election Code, is amended to read as follows:

Sec. 273.061.  JURISDICTION. (a)  The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer.

(b)   The court of criminal appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the provision, sequestration, transfer, or impoundment of evidence in or records relating to a criminal investigation conducted under this code or conducted in connection with the conduct of an election or political party convention.  If a writ of mandamus is issued under this subsection, it shall include an order requiring the provision, sequestration, transfer, or impoundment of the evidence or record.

SECTION 7.07.  Subchapter D, Chapter 22, Government Code, is amended by adding Section 22.304 to read as follows:

Sec. 22.304.  PRIORITY OF CERTAIN ELECTION PROCEEDINGS. (a)   The supreme court, the court of criminal appeals, or a court of appeals shall prioritize over any other proceeding pending or filed in the court a proceeding for injunctive relief or for a writ of mandamus under Chapter 273, Election Code, pending or filed in the court on or after the 120th day before a general or special election.

(b)   If granted, oral argument for a proceeding described by Subsection (a) may be given in person or through electronic means.

SECTION 7.08.  Section 23.101, Government Code, is amended by amending Subsection (a) and adding Subsection (b-1) to read as follows:

(a)   Except as provided by Subsection (b-1), the [The] trial courts of this state shall regularly and frequently set hearings and trials of pending matters, giving preference to hearings and trials of the following:
    (1)   temporary injunctions;
    (2)   criminal actions, with the following actions given preference over other criminal actions:
        (A)   criminal actions against defendants who are detained in jail pending trial;
        (B)   criminal actions involving a charge that a person committed an act of family violence, as defined by Section 71.004, Family Code;

          (C)  an offense under:
              (i)  Section 21.02 or 21.11, Penal Code;
              (ii)  Chapter 22, Penal Code, if the victim of the alleged offense is younger than 17 years of age;
              (iii)  Section 25.02, Penal Code, if the victim of the alleged offense is younger than 17 years of age;
              (iv)  Section 25.06, Penal Code;
              (v)  Section 43.25, Penal Code; or
              (vi)  Section 20A.02(a)(7), 20A.02(a)(8), or 20A.03, Penal Code;
          (D)  an offense described by Article 62.001(6)(C) or (D), Code of Criminal Procedure; and
          (E)  criminal actions against persons who are detained as provided by Section 51.12, Family Code, after transfer for prosecution in criminal court under Section 54.02, Family Code;
        (3)  election contests and suits under the Election Code;
        (4)  orders for the protection of the family under Subtitle B, Title 4, Family Code;
        (5)  appeals of final rulings and decisions of the division of workers' compensation of the Texas Department of Insurance regarding workers' compensation claims and claims under the Federal Employers' Liability Act and the Jones Act;
        (6)  appeals of final orders of the commissioner of the General Land Office under Section 51.3021, Natural Resources Code;
        (7)  actions in which the claimant has been diagnosed with malignant mesothelioma, other malignant asbestos-related cancer, malignant silica-related cancer, or acute silicosis; and
        (8)  appeals brought under Section 42.01 or 42.015, Tax Code, of orders of appraisal review boards of appraisal districts established for counties with a population of less than 175,000.
        (b-1)  Except for a criminal case in which the death penalty has been or may be assessed or when it would otherwise interfere with a constitutional right, the trial courts of this state shall prioritize over any other proceeding pending or filed in the court a proceeding for injunctive relief under Chapter 273, Election Code, pending or filed in the court on or after the 120th day before a general or special election.
         ARTICLE 8.  INELIGIBLE VOTERS AND RELATED REFORMS
        SECTION 8.01.  Chapter 42, Code of Criminal Procedure, is amended by adding Article 42.0194 to read as follows:
        Art. 42.0194.  FINDING REGARDING FELONY CONVICTION. In the trial of a felony offense, if the defendant is 18 years of age or older and is adjudged guilty of the offense, the court shall:
        (1)  make an affirmative finding that the person has been found guilty of a felony and enter the affirmative finding in the judgment of the case; and
        (2)  instruct the defendant regarding how the felony conviction will impact the defendant's right to vote in this state.
        SECTION 8.02.  Article 42.01, Code of Criminal Procedure, as effective September 1, 2021, is amended by adding Section 16 to read as follows:
        Sec. 16.  In addition to the information described by Section 1, the judgment should reflect the affirmative finding and instruction entered pursuant to Article 42.0194.
        ARTICLE 9. REPEALER; SEVERABILITY; TRANSITION; EFFECTIVE DATE
        SECTION 9.01.  The following provisions of the Election Code are repealed:
        (1)  Section 85.062(e); and
        (2)  Section 127.201(f).
        SECTION 9.02.  If any provision of this Act or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of this Act that can be given effect without the invalid provision or application, and to this end the provisions of this Act are declared

to be severable.

SECTION 9.03.  (a)  Except as otherwise provided by this Act, the changes in law made by this Act apply only to an offense committed on or after the effective date of this Act. An offense committed before the effective date of this Act is governed by the law in effect when the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense was committed before the effective date of this Act if any element of the offense occurred before that date.

(b)  The changes in law made by this Act apply only to an election ordered on or after the effective date of this Act.  An election ordered before the effective date of this Act is governed by the law in effect when the election was ordered, and the former law is continued in effect for that purpose.

(c)  The changes in law made by this Act apply only to an election contest for which the associated election occurred after the effective date of this Act.

(d)  The changes in law made by this Act apply only to an application to vote an early voting ballot by mail submitted on or after the effective date of this Act.  An application to vote an early voting ballot by mail submitted before the effective date of this Act is governed by the law in effect when the application was submitted, and the former law is continued in effect for that purpose.

(e)  The changes in law made by this Act apply only to an application for voter registration submitted on or after the effective date of this Act.

SECTION 9.04.  This Act takes effect immediately if it receives a vote of two-thirds of all the members elected to each house, as provided by Section 39, Article III, Texas Constitution. If this Act does not receive the vote necessary for immediate effect, this Act takes effect on the 91st day after the last day of the legislative session.

**LEGISLATIVE BUDGET BOARD**
**Austin, Texas**

**FISCAL NOTE, 87th LEGISLATURE 1st CALLED SESSION 2021**

**July 9, 2021**

**TO:** Honorable Bryan Hughes, Chair, Senate Committee on State Affairs

**FROM:** Jerry McGinty, Director, Legislative Budget Board

**IN RE: SB1** by Hughes (Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses; providing civil penalties.), **As Introduced**

---

**No significant fiscal implication to the State is anticipated.**

---

This bill would amend the Election Code relating to voter registration, poll watchers, certain procedural requirements for state and county election officers, and voting by mail.  It would increase criminal penalties for certain election offenses and establish certain civil penalties.  It would require a voter registrar to provide notice of unlawful voting or registration to the Office of the Attorney General (OAG) and the Secretary of State (SOS) and would also require the SOS to obtain citizenship information from the Department of Public Safety (DPS) to compare on a monthly basis to voter registration records.

According to the OAG, the office does not anticipate that the legislation would give rise to civil enforcement actions as it is likely that most county registrars would take action to correct notices of noncompliance and that any instances of county registrar disobedience would not be difficult to litigate.  The OAG anticipates an increase in cases as a result of the passage of this bill; however, the office assumes that any legal work resulting from the passage of this bill could be reasonably absorbed with current resources.

According to the Office of Court Administration (OCA), the bill would impose criminal penalties upon conduct which is not currently illegal and would enhance penalties on pre-existing crimes which may increase criminal caseloads before the courts. However, due to the deterrent effect of the new laws, it is not anticipated caseloads would increase significantly. According to OCA, while the additional responsibility for the Court of Criminal Appeals to promulgate felony judgment forms would result in a significant additional workload for the court it is anticipated that the duties could be absorbed with existing resources. Therefore, no significant fiscal impact to the state court system is anticipated.

According to the Comptroller of Public Accounts, although creating a new civil penalty or expanding liability related to a civil penalty could result in an increase to state revenue, this amount cannot be estimated.

According to DPS, no significant fiscal impact to the state is anticipated.

According to SOS, no significant fiscal impact to the state is anticipated.

This analysis assumes implementing the provisions of the bill addressing felony sanctions for criminal offenses would not result in a significant impact on state correctional agencies.

**Local Government Impact**

According to the Texas Association of Counties, the bill would have a significant fiscal impact on counties.

According to the Fort Bend County Election Administrator, the estimated fiscal impact of the bill would be between $200,000 and $12.0 million. The county states that the most significant component of this cost would

Page 1 of 2

be the replacement of voting systems to comply with the requirements of the bill at an estimated $9.0 to $12.0 million.

According to the Bexar County Election Administrator, the bill would result in an estimated fiscal impact of $350,000 to $13.0 million.  The most significant component of this estimate would be due to the required replacement of voting systems. The county states that the provisions of the bill related to video surveillance, live streaming, and records retention would have significant costs that would vary by the number of elections held over the course of a year. According to the county, there would also be additional costs for reprinting new forms and envelopes, outreach for new mail ballot requirements, and providing processing for rejected voter applications.

According to the Cameron County Election Administrator, the bill would have an estimated annual fiscal impact of at least $250,000 and an additional cost of over $5.0 million for new equipment, the acquisition of surveillance equipment, and streaming and data storage.

A Class B misdemeanor is punishable by a fine of not more than $2,000, confinement in jail for a term not to exceed 180 days, or both. Costs associated with enforcement, prosecution and confinement could likely be absorbed within existing resources. Revenue gain from fines imposed and collected is not anticipated to have a significant fiscal implication.


**Source Agencies:** 212 Office of Court Admin, 302 Office of the Attorney General, 304 Comptroller of Public Accounts, 307 Secretary of State, 405 Department of Public Safety

**LBB Staff:**  JMc, LBO, LCO, GP

**LEGISLATIVE BUDGET BOARD**
**Austin, Texas**

**FISCAL NOTE, 87th LEGISLATURE 1st CALLED SESSION 2021**

**July 12, 2021**

**TO:** Honorable Bryan Hughes, Chair, Senate Committee on State Affairs

**FROM:** Jerry McGinty, Director, Legislative Budget Board

**IN RE: SB1** by Hughes (relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses; providing civil penalties.), **Committee Report 1st House, Substituted**

---

**No significant fiscal implication to the State is anticipated.**

---

This bill would amend the Election Code relating to voter registration, poll watchers, certain procedural requirements for state and county election officers, and voting by mail. It would increase criminal penalties for certain election offenses and establish certain civil penalties. It would require a voter registrar to provide notice of unlawful voting or registration to the Office of the Attorney General (OAG) and the Secretary of State (SOS) and would also require the SOS to obtain citizenship information from the Department of Public Safety (DPS) to compare on a monthly basis to voter registration records.

According to the OAG, the office does not anticipate that the legislation would give rise to civil enforcement actions as it is likely that most county registrars would take action to correct notices of noncompliance and that any instances of county registrar disobedience would not be difficult to litigate. The OAG anticipates an increase in cases as a result of the passage of this bill; however, the office assumes that any legal work resulting from the passage of this bill could be reasonably absorbed with current resources.

According to the Office of Court Administration (OCA), the bill would impose criminal penalties upon conduct which is not currently illegal and would enhance penalties on pre-existing crimes which may increase criminal caseloads before the courts. However, due to the deterrent effect of the new laws, it is not anticipated caseloads would increase significantly. Therefore, no significant fiscal impact to the state court system is anticipated.

According to the Comptroller of Public Accounts, although creating a new civil penalty or expanding liability related to a civil penalty could result in an increase to state revenue, this amount cannot be estimated.

According to DPS, no significant fiscal impact to the state is anticipated.

According to SOS, no significant fiscal impact to the state is anticipated.

This analysis assumes implementing the provisions of the bill addressing felony sanctions for criminal offenses would not result in a significant impact on state correctional agencies.

**Local Government Impact**

According to the Texas Association of Counties, the bill would have a significant fiscal impact on counties.

According to the Fort Bend County Election Administrator, the estimated fiscal impact of the bill would be between $200,000 and $12.0 million. The county states that the most significant component of this cost would be the replacement of voting systems to comply with the requirements of the bill at an estimated $9.0 to $12.0 million.

According to the Bexar County Election Administrator, the bill would result in an estimated fiscal impact of $350,000 to $13.0 million.  The most significant component of this estimate would be due to the required replacement of voting systems. The county states that the provisions of the bill related to video surveillance, live streaming, and records retention would have significant costs that would vary by the number of elections held over the course of a year. According to the county, there would also be additional costs for reprinting new forms and envelopes, outreach for new mail ballot requirements, and providing processing for rejected voter applications.

According to the Cameron County Election Administrator, the bill would have an estimated annual fiscal impact of at least $250,000 and an additional cost of over $5.0 million for new equipment, the acquisition of surveillance equipment, and streaming and data storage.

A Class A misdemeanor is punishable by a fine of not more than $4,000, confinement in jail for a term not to exceed one year, or both. Costs associated with enforcement, prosecution and confinement could likely be absorbed within existing resources. Revenue gain from fines imposed and collected is not anticipated to have a significant fiscal implication.

**Source Agencies:** 212 Office of Court Admin, 302 Office of the Attorney General, 304 Comptroller of Public Accounts, 307 Secretary of State, 405 Department of Public Safety

**LBB Staff:** JMc, LBO, LCO, GP

87S10647 ADM-D

By: Hughes                                                    S.B. No. 1

                         A BILL TO BE ENTITLED
                              AN ACT
relating to election integrity and security, including by
preventing fraud in the conduct of elections in this state;
increasing criminal penalties; creating criminal offenses;
providing civil penalties.
        BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:
                  ARTICLE 1. REGISTRATION OF VOTERS
        SECTION 1.01.  Section 13.002, Election Code, is amended by
adding Subsection (c-1) to read as follows:
        (c-1)  The information required under Subsection (c) must be
supplied by the person desiring to register to vote.
        SECTION 1.02.  Section 15.021, Election Code, is amended by
amending Subsections (b) and (d) and adding Subsections (d-1) and
(d-2) to read as follows:
        (b)  Except as provided by Subsection (d), the [The] voter
shall use the registration certificate or a registration
application form as the notice, indicating the correct information
in the appropriate space on the certificate or application form
unless the voter does not have possession of the certificate or an
application form at the time of giving the notice.
        (d)  A voter [who continues to reside in the county in which
the voter is registered] may correct information under this section
by digital transmission of the information under a program
administered by the secretary of state and the Department of
Information Resources.
        (d-1)  If the notice indicates that a voter no longer resides
in the county in which the voter is registered, the registrar shall
forward the notice and the voter's original application for
registration to the registrar of the county in which the voter
resides. The registrars shall coordinate to ensure that the
voter's existing registration is canceled immediately after the
voter is registered in the county in which the voter resides in
accordance with Subsection (d-2).
        (d-2)  A registrar who receives a voter's notice and
application from another registrar under Subsection (d-1) shall
treat it as an original application for registration under Section
13.002, and shall register the voter if the voter resides in the
county and is otherwise eligible under Section 13.001.
        SECTION 1.03.  Section 15.028, Election Code, is amended to
read as follows:
        Sec. 15.028.  NOTICE OF UNLAWFUL VOTING OR REGISTRATION [TO
PROSECUTOR]. [(a)] If the registrar determines that a person who
is not eligible to vote registered to vote or [a registered voter]
voted in an election, the registrar shall execute and deliver to the
attorney general, the secretary of state, and the county or
district attorney having jurisdiction in the territory covered by
the election an affidavit stating the relevant facts.
        [(b)  If the election covers territory in more than one
county, the registrar shall also deliver an affidavit to the
attorney general.]
        SECTION 1.04.  Section 16.0332, Election Code, is amended by
amending Subsection (a) and adding Subsections (a-1), (d), and (e)
to read as follows:
        (a)  After the registrar receives notification [a list]
under Subsection (a-1) of this section, Section 18.068 of this
code, or Section 62.113, Government Code, of persons excused or
disqualified from jury service because of citizenship status or
notification of persons who indicate a lack of citizenship status

in connection with a motor vehicle or Department of Public Safety
record, the registrar shall deliver to each registered voter whose
name appears on the list a written notice requiring the voter to
submit to the registrar proof of United States citizenship in the
form of a certified copy of the voter's birth certificate, United
States passport, or certificate of naturalization or any other form
prescribed by the secretary of state.  The notice shall be delivered
by forwardable mail to the mailing address on the voter's
registration application and to any new address of the voter known
to the registrar.
    (a-1)  The secretary of state shall enter into an agreement
with the Department of Public Safety under which information in the
existing statewide computerized voter registration list is
compared against information in the database of the Department of
Public Safety on a monthly basis to verify the accuracy of
citizenship status information previously provided on voter
registration applications.
    (d)  The secretary of state shall prescribe rules for the
administration of this section.
    (e)  Not later than December 31 of each year, the secretary
of state shall provide a report to the legislature of the number of
voter registrations canceled under this section during the calendar
year.
    SECTION 1.05.  Section 18.068, Election Code, is amended by
amending Subsection (a) and adding Subsection (a-1) to read as
follows:
    (a)  The secretary of state shall quarterly compare the
information received under Section 16.001 of this code and Sections
[Section] 62.113 and 62.114, Government Code, to the statewide
computerized voter registration list. If the secretary determines
that a voter on the registration list is deceased or has been
excused or disqualified from jury service because the voter is not a
citizen or a resident of the county in which the voter is registered
to vote, the secretary shall send notice of the determination to:
    (1)  the voter registrar of the counties considered
appropriate by the secretary; and
    (2)  the attorney general, who shall quarterly review
the information to investigate whether a person has committed an
offense under Section 13.007 or other law.
    (a-1)  The secretary of state is not required to send notice
under Subsection (a) for a voter who is subject to an exemption from
jury service under Section 62.106, Government Code.
    SECTION 1.06.  Section 31.006, Election Code, is amended to
read as follows:
    Sec. 31.006.  REFERRAL [OF COMPLAINT] TO ATTORNEY GENERAL.
(a) If, after receiving or discovering information indicating that
[a complaint alleging] criminal conduct in connection with an
election has occurred, the secretary of state determines that there
is reasonable cause to suspect that [the alleged] criminal conduct
occurred, the secretary shall promptly refer the information
[complaint] to the attorney general. The secretary shall deliver to
the attorney general all pertinent documents and information in the
secretary's possession.
    (b)  The documents and information submitted under
Subsection (a) are not considered public information until:
    (1)  the secretary of state makes a determination that
the information [complaint] received does not warrant an
investigation; or
    (2)  if referred to the attorney general, the attorney
general has completed the investigation or has made a determination
that the information [complaint] referred does not warrant an
investigation.
    SECTION 1.07.  Section 62.113(b), Government Code, is
amended to read as follows:
    (b)  On the third business day of each month, the clerk shall

send a copy of the list of persons excused or disqualified because of citizenship in the previous month to:

     (1)　the voter registrar of the county;

     (2)　the secretary of state; and

     (3)　the attorney general and the county or district attorney[, as applicable,] for an investigation of whether the person committed an offense under Section 13.007, Election Code, or other law.

     SECTION 1.08.　Sections 62.114(b) and (c), Government Code, are amended to read as follows:

     (b)　On the third business day of each month, the clerk shall send [to the voter registrar of the county] a copy of the list of persons excused or disqualified in the previous month because the persons do not reside in the county to:

     (1)　the voter registrar of the county;

     (2)　the secretary of state; and

     (3)　the attorney general and the county or district attorney for an investigation of whether the person committed an offense under Section 13.007, Election Code, or other law.

     (c)　A list compiled under this section may not be used for a purpose other than a purpose described by Subsection (b) or Section 15.081 or 18.068, Election Code.

     ARTICLE 2. CONDUCT AND SECURITY OF ELECTIONS

     SECTION 2.01.　Section 43.031(b), Election Code, is amended to read as follows:

     (b)　Each polling place shall be located inside a building. A polling place may not be located in a tent or similar temporary moveable structure or in a facility primarily designed for motor vehicles. No voter may cast a vote from inside a motor vehicle unless the voter meets the requirements of Section 64.009.

     SECTION 2.02.　Section 64.007(c), Election Code, is amended to read as follows:

     (c)　An election officer shall maintain a register of spoiled ballots at the polling place, including spoiled ballots from a direct recording electronic voting unit. An election officer shall enter on the register the name of each voter who returns a spoiled ballot and the spoiled ballot's number. The secretary of state shall create and promulgate a form to be used for this purpose.

     SECTION 2.03.　Subchapter A, Chapter 65, Election Code, is amended by adding Section 65.017 to read as follows:

     Sec. 65.017.　VOTE TABULATING EQUIPMENT. Beginning January 1, 2024, equipment to tabulate votes may not be used if any wireless connectivity capability of the equipment has not been disabled or removed.

     SECTION 2.04.　Subchapter A, Chapter 66, Election Code, is amended by adding Section 66.004 to read as follows:

     Sec. 66.004.　CLOSING POLLING PLACE. The secretary of state shall adopt rules and create a checklist or similar guidelines to assist the presiding judge of a polling place in processing forms and conducting procedures required by this code at the closing of the polling place.

     SECTION 2.05.　Section 66.052, Election Code, is amended to read as follows:

     Sec. 66.052.　DELIVERY BY ELECTION CLERK; CHAIN OF CUSTODY. (a) A delivery of election records or supplies that is to be performed by the presiding judge may be performed by an election clerk designated by the presiding judge.

     (b)　If the presiding judge of a polling place designates a clerk to deliver election supplies, the presiding judge shall attest to the designation, and the clerk shall attest to the clerk's acceptance of the responsibility. The secretary of state shall create and promulgate a form to facilitate compliance with this section.

     SECTION 2.06.　Section 85.005, Election Code, is amended to read as follows:

Sec. 85.005.  REGULAR DAYS AND HOURS FOR VOTING. (a)  Except
as provided by Subsection (c), in an election in which a county
clerk [or city secretary] is the early voting clerk under Section
83.002 [or 83.005], early voting by personal appearance at the main
early voting polling place shall be conducted on each weekday of
[the weekdays of] the early voting period that is not a legal state
holiday and for a period of at least nine hours, except that voting
may not be conducted earlier than 6 a.m. or later than 9 p.m.
[during the hours that the county clerk's or city secretary's main
business office is regularly open for business.]

(b)  In an election to which Subsection (a) does not apply,
early voting by personal appearance at the main early voting
polling place shall be conducted at least nine [eight] hours each
weekday of the early voting period that is not a legal state holiday
unless the territory covered by the election has fewer than 1,000
registered voters. In that case, the voting shall be conducted at
least four [three] hours each day. The authority ordering the
election, or the county clerk if that person is the early voting
clerk, shall determine which hours the voting is to be conducted.

(c)  In a county with a population of 30,000 [100,000] or
more, the voting in a primary election or the general election for
state and county officers shall be conducted at the main early
voting polling place for at least 12 hours on each weekday of the
last week of the early voting period, and the voting in a special
election ordered by the governor shall be conducted at the main
early voting polling place for at least 12 hours on each of the last
two days of the early voting period. Voting under this subsection
may not be conducted earlier than 6 a.m. or later than 9 p.m. Voting
shall be conducted in accordance with this subsection in those
elections in a county with a population under 30,000 [100,000] on
receipt by the early voting clerk of a written request for the
extended hours submitted by at least 15 registered voters of the
county. The request must be submitted in time to enable compliance
with Section 85.067.

(d)  A voter who has not voted before the scheduled time for
closing a polling place is entitled to vote after that time if the
voter is in line at the polling place by closing time. The secretary
of state shall promulgate any materials and provide any training to
presiding judges necessary to properly process voters under this
subsection [In an election ordered by a city, early voting by
personal appearance at the main early voting polling place shall be
conducted for at least 12 hours:
       [(1)  on one weekday, if the early voting period
consists of less than six weekdays; or
       [(2)  on two weekdays, if the early voting period
consists of six or more weekdays].

SECTION 2.07.  Sections 85.006(b) and (e), Election Code,
are amended to read as follows:
(b)  In an election in which a county clerk [or city
secretary] is the early voting clerk under Section 83.002 [or
83.005], only the early voting clerk may order voting on a Saturday
or Sunday. The clerk must do so by written order.
(e)  In a primary election or the general election for state
and county officers in a county with a population of 30,000
[100,000] or more, the early voting clerk shall order voting by
personal appearance [voting] at the main early voting polling place
to be conducted on the last Saturday of the early voting period for
at least 12 hours, except that voting may not be conducted earlier
than 6 a.m. or later than 9 p.m., [on the last Saturday] and on the
last Sunday of the early voting period for at least six [five]
hours, except that voting may not be conducted earlier than 6 a.m.
or later than 9 p.m [on the last Sunday of the early voting period].
The early voting clerk shall order voting to be conducted at those
times in those elections in a county with a population under 30,000
[100,000] on receipt of a written request for those hours submitted

by at least 15 registered voters of the county. The request must be
submitted in time to enable compliance with Section 85.007. This
subsection supersedes any provision of this subchapter to the
extent of any conflict.
     SECTION 2.08.  Section 85.010(a-1), Election Code, is
amended to read as follows:
     (a-1)  In this section, "eligible county polling place"
means an early voting polling place[, other than a polling place
established under Section 85.062(e),] established by a county.
     SECTION 2.09.  Section 85.061(a), Election Code, is amended
to read as follows:
     (a)  In a countywide election in which the county clerk is
the early voting clerk under Section 83.002, an early voting
polling place shall be located inside [at] each branch office that
is regularly maintained for conducting general clerical functions
of the county clerk, except as provided by Subsection (b). If a
suitable room is unavailable inside the branch office, the polling
place may be located in another room inside the same building as the
branch office. The polling place may not be located in a tent or
similar temporary movable structure or a parking garage, parking
lot, or similar facility designed primarily for motor vehicles.
     SECTION 2.10.  Section 85.062, Election Code, is amended by
amending Subsection (b) and adding Subsection (f-1) to read as
follows:
     (b)  A polling place established under this section may be
located, subject to Subsection (d), at any place in the territory
served by the early voting clerk and may be located inside [in] any
building [stationary structure] as directed by the authority
establishing the branch office. The polling place may not be
located in a tent or similar temporary movable structure or a
parking garage, parking lot, or similar facility designed primarily
for motor vehicles in the general election for state and county
officers, general primary election, or runoff primary election.
Ropes or other suitable objects may be used at the polling place to
ensure compliance with Section 62.004. Persons who are not
expressly permitted by law to be in a polling place shall be
excluded from the polling place to the extent practicable.
     (f-1)  Notwithstanding any other provision of this section
concerning the location of temporary branch polling places, in an
election in which countywide polling places are used, the
commissioners court of a county shall employ the same methodology
it uses to determine the location of countywide polling places to
determine the location of temporary branch polling places.
     SECTION 2.11.  Section 124.002, Election Code, is amended by
adding Subsection (c) to read as follows:
     (c)  Voting system ballots may not be arranged in a manner
that allows a political party's candidates to be selected in one
motion or gesture.
     SECTION 2.12.  Section 127.1232, Election Code, is amended
to read as follows:
     Sec. 127.1232.  SECURITY OF VOTED BALLOTS. (a) The general
custodian of election records shall post a licensed peace officer
[guard] to ensure the security of ballot boxes containing voted
ballots throughout the period of tabulation at the central counting
station.
     (b)  The general custodian of election records in a county
with a population of less than 100,000 may, and the general
custodian of election records in a county with a population of
100,000 or more shall, implement a video surveillance system that
retains a record of all areas containing voted ballots:
          (1)  from the time the voted ballots are delivered to
the central counting station until the canvass of precinct election
returns; and
          (2)  from the time the voted ballots are delivered to
the signature verification committee or early voting ballot board

until the canvass of precinct election returns.

(c)  A video from a system implemented under Subsection (b) may be made available to the public by a livestream in a county with a population of less than 100,000, and shall be made available to the public by a livestream in a county with a population of 100,000 or more.

(d)  The video recorded is an election record under Section 1.012 and shall be retained by the general custodian of election records until the end of the calendar year in which an election is held or until an election contest filed in the county has been resolved, whichever is later.

ARTICLE 3. ELECTION OFFICERS AND OBSERVERS

SECTION 3.01.  Section 33.051, Election Code, is amended by adding Subsections (g) and (h) to read as follows:

(g)  An election officer commits an offense if the officer intentionally or knowingly refuses to accept a watcher for service when acceptance of the watcher is required by this section.  An offense under this subsection is a Class B misdemeanor.

(h)  Before accepting a watcher, the officer presented with a watcher's certificate of appointment shall require the watcher to take the following oath, administered by the officer: "I swear (or affirm) that I will not disrupt the voting process or harass voters in the discharge of my duties."

SECTION 3.02.  Section 33.056, Election Code, is amended by amending Subsection (a) and adding Subsections (e) and (f) to read as follows:

(a)  Except as provided by Section 33.057, a watcher is entitled to observe any activity conducted at the location at which the watcher is serving. A watcher is entitled to sit or stand [conveniently] near enough to see and hear the election officers conducting the observed activity, except as otherwise prohibited by this chapter.

(e)  Except as provided by Section 33.057(b), a watcher may not be denied free movement where election activity is occurring within the location at which the watcher is serving.

(f)  In this code, a watcher who is entitled to "observe" an election activity is entitled to sit or stand near enough to see and hear the activity.

SECTION 3.03.  Subchapter C, Chapter 33, Election Code, is amended by adding Section 33.0605 to read as follows:

Sec. 33.0605.  OBSERVING DATA STORAGE SEALING AND TRANSFER. (a) A watcher appointed to serve at a polling place in an election who is available at the time of the action may observe all election activities relating to closing the polling place, including the sealing and transfer of a memory card, flash drive, hard drive, data storage device, or other medium now existing or later developed used by the voting system equipment.

(b)  Notwithstanding any other provision of this code, a watcher duly accepted for service at a polling location is entitled to follow the transfer of election materials from the polling place at which the watcher was accepted to a regional tabulating center, the central counting station, or any other location designated to process election materials. The authority responsible for administering a regional tabulating center or another location where election materials are processed must accept duly appointed watchers for service in the same manner a watcher is accepted for service under Section 33.051 and must accept the same number of watchers that may serve under Section 33.007(a).

SECTION 3.04.  Section 33.061(a), Election Code, is amended to read as follows:

(a)  A person commits an offense if the person serves in an official capacity at a location at which the presence of watchers is authorized and knowingly prevents a watcher from observing an activity or procedure the person knows the watcher is entitled to observe, including by taking any action to obstruct the view of a

watcher or distance the watcher from the activity or procedure to be
observed in a manner that would make observation not reasonably
effective.
        SECTION 3.05.  Subchapter C, Chapter 33, Election Code, is
amended by adding Section 33.063 to read as follows:
        Sec. 33.063.  RELIEF. (a)  A watcher, or the appointing
authority for a watcher, who believes that the watcher was
unlawfully prevented or obstructed from the performance of the
watcher's duties may seek:
                (1)  injunctive relief under Section 273.081,
including issuance of temporary orders;
                (2)  a writ of mandamus under Section 161.009 or
273.061; and
                (3)  any other remedy available under law.
        (b)  The relief provided by this section is available to a
state inspector appointed under Chapter 34 or any other election
inspector authorized by law.
        SECTION 3.06.  Section 86.006, Election Code, is amended by
amending Subsection (a) and adding Subsection (a-2) to read as
follows:
        (a)  A marked ballot voted under this chapter must be
returned to the early voting clerk in the official carrier
envelope.  The carrier envelope may be delivered in another
envelope and must be transported and delivered only by:
                (1)  mail;
                (2)  common or contract carrier; or
                (3)  subject to Subsections [Subsection] (a-1) and
(a-2), in-person delivery by the voter who voted the ballot.
        (a-2)  An in-person delivery of a marked ballot voted under
this chapter must be received by an election official at the time of
delivery.  The receiving official shall record the voter's name,
signature, and type of identification provided under Section
63.0101 on a roster prescribed by the secretary of state. The
receiving official shall attest on the roster that the delivery
complies with this section.
        SECTION 3.07.  Chapter 121, Election Code, is amended by
adding Section 121.004 to read as follows:
        Sec. 121.004.  COMMUNICATIONS WITH VOTING SYSTEMS VENDOR
PUBLIC INFORMATION. (a)  Except as provided by Subsection (b) and
notwithstanding any other law, including Chapter 552, Government
Code, a written letter, e-mail, or other communication, including a
communication made confidential by other law, between a public
official and a voting systems vendor:
                (1)  is not confidential;
                (2)  is public information for purposes of Chapter 552,
Government Code; and
                (3)  is not subject to an exception to disclosure
provided by Chapter 552, Government Code.
        (b)  Subsection (a) does not apply to a written letter,
e-mail, or other communication related to the bidding process.
        SECTION 3.08.  Subchapter A, Chapter 127, Election Code, is
amended by adding Section 127.009 to read as follows:
        Sec. 127.009.  ELECTRONIC DEVICES IN CENTRAL COUNTING
STATION. (a)  A counting station manager and the presiding judge of
the counting station shall develop a protocol under which any
electronic device inside a central counting station that is
necessary to count votes is equipped with software that tracks all
input and activity on the electronic device.
        (b)  The counting station manager and the presiding judge of
the counting station shall ensure that the input and activity
tracked by the software is printed and delivered to the secretary of
state not later than the fifth day after vote counting is complete.
        (c)  This section applies only to a central counting station
located in a county with a population of 250,000 or more.
        SECTION 3.09.  Section 127.1301, Election Code, is amended

to read as follows:

Sec. 127.1301.  [~~TALLYING, TABULATING, AND REPORTING~~]
CENTRALLY COUNTED OPTICAL SCAN BALLOTS [~~BALLOT UNDERVOTES AND
OVERVOTES~~].  (a)  In an election using centrally counted optical
scan ballots, the undervotes and overvotes on those ballots shall
be tallied, tabulated, and reported by race and by election
precinct in the form and manner prescribed by the secretary of
state.

(b)  After January 1, 2024, an authority operating a central
counting station under this chapter may not purchase or use a
centrally counted optical ballot scan system that uses a data
storage disc on which information, once written, is capable of
being modified.

SECTION 3.10.  Section 127.131, Election Code, is amended by
adding Subsection (f) to read as follows:

(f)  The presiding judge of the central counting station
shall provide and attest to a written reconciliation of votes and
voters at the close of tabulation for election day and again after
the central counting station meets for the last time to process
late-arriving ballots by mail and provisional ballots. The
secretary of state shall create and promulgate rules and a form to
facilitate compliance with this subsection.  The form shall be
posted on a website maintained by the county along with election
returns and results.

SECTION 3.11.  Section 129.023, Election Code, is amended by
adding Subsections (b-2) and (c-1) to read as follows:

(b-2)  If the test is being conducted for an election in
which a county election board has been established under Section
51.002, the general custodian of election records shall notify each
member of the board of the test at least 48 hours before the date of
the test. If the county election board chooses to witness the test,
each member shall sign the statement required by Subsection (e)(1).

(c-1)  A test conducted under this section must also require
the general custodian of election records to demonstrate, using a
representative sample of voting system equipment, that the source
code of the equipment has not been altered.

ARTICLE 4. VOTING BY MAIL

SECTION 4.01.  Section 84.001(b), Election Code, is amended
to read as follows:

(b)  An application must be submitted in writing and signed
by the applicant using ink on paper. An electronic signature or
photocopied signature is not permitted.

SECTION 4.02.  Subchapter A, Chapter 84, Election Code, is
amended by adding Section 84.0011 to read as follows:

Sec. 84.0011.  SOLICITATION OF BALLOT BY MAIL APPLICATIONS
PROHIBITED. The early voting clerk may make no attempt to solicit a
person to complete an application for an early voting ballot by
mail, whether directly or through a third party.

SECTION 4.03.  Section 84.002, Election Code, as effective
September 1, 2021, is amended by amending Subsection (a) and adding
Subsection (b-1) to read as follows:

(a)  An early voting ballot application must include:

(1)  the applicant's name and the address at which the
applicant is registered to vote;

(1-a)  the following information:

(A)  the number of the applicant's driver's
license or personal identification card issued by the Department of
Public Safety;

(B)  if the applicant has not been issued a number
described by Paragraph (A), the last four digits of the applicant's
social security number; or

(C)  a statement by the applicant that the
applicant has not been issued a number described by Paragraph (A) or
(B);

(2)  for an application for a ballot to be voted by mail

on the ground of absence from the county of residence, the address
outside the applicant's county of residence to which the ballot is
to be mailed;

        (3)　for an application for a ballot to be voted by mail
on the ground of age or disability, the address of the hospital,
nursing home or other long-term care facility, or retirement
center, or of a person related to the applicant within the second
degree by affinity or the third degree by consanguinity, as
determined under Chapter 573, Government Code, if the applicant is
living at that address and that address is different from the
address at which the applicant is registered to vote;

        (4)　for an application for a ballot to be voted by mail
on the ground of confinement in jail, the address of the jail or of a
person related to the applicant within the degree described by
Subdivision (3);

        (5)　for an application for a ballot to be voted by mail
on any ground, an indication of each election for which the
applicant is applying for a ballot;

        (6)　an indication of the ground of eligibility for
early voting; and

        (7)　for an application for a ballot to be voted by mail
on the ground of involuntary civil commitment, the address of the
facility operated by or under contract with the Texas Civil
Commitment Office or of a person related to the applicant within the
degree of consanguinity described by Subdivision (3).

        <u>(b-1)　A person may use the number of a driver's license or
personal identification card that has expired for the purpose of
fulfilling the requirement under Subsection (a)(1-a) if the license
or identification is otherwise valid.</u>

    SECTION 4.04.　Section 84.011(a), Election Code, as
effective September 1, 2021, is amended to read as follows:

    (a)　The officially prescribed application form for an early
voting ballot must include:

        (1)　immediately preceding the signature space the
statement: "I certify that the information given in this
application is true, and I understand that giving false information
in this application is a crime.";

        (2)　a statement informing the applicant of the
offenses prescribed by Sections 84.003 and 84.004;

        (3)　spaces for entering an applicant's voter
registration number and county election precinct of registration,
with a statement informing the applicant that failure to furnish
that information does not invalidate the application;

        <u>(3-a)　a space for entering the information required
under Section 84.002(a)(1-a)</u>; and

        (4)　on an application for a ballot to be voted by mail:

        (A)　a space for an applicant applying on the
ground of absence from the county of residence to indicate the date
on or after which the applicant can receive mail at the address
outside the county;

        (B)　a space for indicating the fact that an
applicant whose application is signed by a witness cannot make the
applicant's mark and a space for indicating the relationship or
lack of relationship of the witness to the applicant;

        (C)　a space for entering an applicant's telephone
number, with a statement informing the applicant that failure to
furnish that information does not invalidate the application;

        (D)　a space or box for an applicant applying on
the ground of age or disability to indicate that the address to
which the ballot is to be mailed is the address of a facility or
relative described by Section 84.002(a)(3), if applicable;

        (E)　a space or box for an applicant applying on
the ground of confinement in jail or involuntary civil commitment
to indicate that the address to which the ballot is to be mailed is
the address of a relative described by Section 84.002(a)(4) or (7),

if applicable;
                    (F)  a space for an applicant applying on the
ground of age or disability to indicate if the application is an
application under Section 86.0015;
                    (G)  spaces for entering the signature, printed
name, and residence address of any person assisting the applicant;
                    (H)  a statement informing the applicant of the
condition prescribed by Section 81.005; and
                    (I)  a statement informing the applicant of the
requirement prescribed by Section 86.003(c).
          SECTION 4.05.  Subchapter A, Chapter 84, Election Code, is
amended by adding Section 84.0111 to read as follows:
          Sec. 84.0111.  PROHIBITION ON DISTRIBUTION OF APPLICATION
FORM. (a) Unless authorized by this code, an officer or employee
of this state or of a political subdivision of this state may not
distribute an application form for an early voting ballot to a
person who did not request an application under Section 84.001.
          (b)  An officer or employee of this state or of a political
subdivision of this state may not use public funds to facilitate the
distribution by another person of an application form for an early
voting ballot to a person who did not request an application under
Section 84.001.
          SECTION 4.06.  Section 84.032(c), Election Code, is amended
to read as follows:
          (c)  An applicant may submit a request after the close of
early voting by personal appearance by appearing in person and:
                    (1)  returning the ballot to be voted by mail to the
early voting clerk; or
                    (2)  executing an affidavit that the applicant:
                          (A)  has not received the ballot to be voted by
mail; [or]
                          (B)  never requested a ballot to be voted by mail;
or
                          (C)  received notice of a defect under Section
87.0271(b) or 87.0411(b).
          SECTION 4.07.  Section 84.035, Election Code, is amended to
read as follows:
          Sec. 84.035.  BALLOT SENT TO APPLICANT. (a) If the early
voting clerk cancels an application by an applicant to whom an early
voting ballot has been sent, the clerk shall:
                    (1)  remove the applicant's name from the early voting
roster; and
                    (2)  make any other entries in the records and take any
other action necessary to prevent the ballot from being counted if
returned.
          (b)  An election judge may permit a person to whom an early
voting ballot has been sent who cancels the person's application
for a ballot to be voted by mail in accordance with Section 84.032
but fails to return the ballot to be voted by mail to the early
voting clerk, deputy early voting clerk, or presiding judge as
provided by that section to vote only a provisional ballot under
Section 63.011.
          SECTION 4.08.  Section 86.001, Election Code, is amended by
adding Subsection (f) to read as follows:
          (f)  If the information required under Section
84.002(a)(1-a) included on the application does not match the
information on the applicant's application for voter registration
under Section 13.002(c)(8), the clerk shall reject the application.
          SECTION 4.09.  Section 86.002, Election Code, is amended by
adding Subsections (g), (h), and (i) to read as follows:
          (g)  The carrier envelope must include a space that is hidden
from view when the envelope is sealed for the voter to enter the
following information:
                    (1)  the number of the voter's driver's license or
personal identification card issued by the Department of Public

Safety;

    (2)  if the voter has not been issued a number described by Subdivision (1), the last four digits of the voter's social security number; or

    (3)  a statement by the applicant that the applicant has not been issued a number described by Subdivision (1) or (2).

    (h)  A person may use the number of a driver's license or personal identification card that has expired for purposes of Subsection (g) if the license or identification is otherwise valid.

    (i)  No record associating an individual voter with a ballot may be created.

SECTION 4.10.  Section 86.011(c), Election Code, is amended to read as follows:

    (c)  If the return is not timely, the clerk shall enter the time of receipt on the carrier envelope and retain it in a locked container for the period for preserving the precinct election records. The clerk shall destroy the unopened envelope and its contents after the preservation period.

SECTION 4.11.  Section 87.027(i), Election Code, is amended to read as follows:

    (i)  The signature verification committee shall compare the signature on each carrier envelope certificate, except those signed for a voter by a witness, with the signature on the voter's ballot application to determine whether the signatures are those of the voter.  The committee may also compare the signatures with any known signature [two or more signatures] of the voter [made within the preceding six years and] on file with the county clerk or voter registrar to determine whether the signatures are those of the voter.  Except as provided by Subsection (l), a determination under this subsection that the signatures are not those of the voter must be made by a majority vote of the committee's membership.  The committee shall place the jacket envelopes, carrier envelopes, and applications of voters whose signatures are not those of the voter in separate containers from those of voters whose signatures are those of the voter.  The committee chair shall deliver the sorted materials to the early voting ballot board at the time specified by the board's presiding judge.

SECTION 4.12.  Subchapter B, Chapter 87, Election Code, is amended by adding Section 87.0271 to read as follows:

Sec. 87.0271.  OPPORTUNITY TO CORRECT DEFECT:  SIGNATURE VERIFICATION COMMITTEE. (a) This section applies to an early voting ballot voted by mail:

    (1)  for which the voter did not sign the carrier envelope certificate;

    (2)  for which it cannot immediately be determined whether the signature on the carrier envelope certificate is that of the voter;

    (3)  missing any required statement of residence; or

    (4)  containing incomplete information with respect to a witness.

    (b)  Before deciding whether to accept or reject a timely delivered ballot under Section 87.027, the signature verification committee may:

    (1)  return the carrier envelope to the voter by mail, if the signature verification committee determines that it would be possible to correct the defect and return the carrier envelope before the time the polls are required to close on election day; or

    (2)  notify the voter of the defect by telephone or e-mail and inform the voter that the voter may come to the early voting clerk's office in person to:

    (A)  correct the defect; or

    (B)  request to have the voter's application to vote by mail canceled under Section 84.032.

    (c)  If the signature verification committee takes an action described by Subsection (b), the committee must take either action

described by that subsection with respect to each ballot in the
election to which this section applies.
          (d)  A poll watcher is entitled to observe an action taken
under Subsection (b).
          (e)  The secretary of state may prescribe any procedures
necessary to implement this section.
          SECTION 4.13.  Section 87.041, Election Code, is amended by
amending Subsections (b) and (e) and adding Subsection (d-1) to
read as follows:
          (b)  A ballot may be accepted only if:
                (1)  the carrier envelope certificate is properly
executed;
                (2)  neither the voter's signature on the ballot
application nor the signature on the carrier envelope certificate
is determined to have been executed by a person other than the
voter, unless signed by a witness;
                (3)  the voter's ballot application states a legal
ground for early voting by mail;
                (4)  the voter is registered to vote, if registration
is required by law;
                (5)  the address to which the ballot was mailed to the
voter, as indicated by the application, was outside the voter's
county of residence, if the ground for early voting is absence from
the county of residence;
                (6)  for a voter to whom a statement of residence form
was required to be sent under Section 86.002(a), the statement of
residence is returned in the carrier envelope and indicates that
the voter satisfies the residence requirements prescribed by
Section 63.0011; [and]
                (7)  the address to which the ballot was mailed to the
voter is an address that is otherwise required by Sections 84.002
and 86.003; and
                (8)  the information required under Section 86.002(g)
provided by the voter matches the information on the voter's
application for voter registration under Section 13.002(c)(8).
          (d-1)  If a voter provides the information required under
Section 86.002(g) and it matches the information on the voter's
application for voter registration under Section 13.002(c)(8), the
signature on the ballot application and on the carrier envelope
certificate shall be rebuttably presumed to be the signatures of
the voter.
          (e)  In making the determination under Subsection (b)(2), to
determine whether the signatures are those of the voter, the board
may also compare the signatures with any known signature [two or
more signatures] of the voter [made within the preceding six years
and] on file with the county clerk or voter registrar [to determine
whether the signatures are those of the voter].
          SECTION 4.14.  Subchapter C, Chapter 87, Election Code, is
amended by adding Section 87.0411 to read as follows:
          Sec. 87.0411.  OPPORTUNITY TO CORRECT DEFECT:  EARLY VOTING
BALLOT BOARD. (a) This section applies to an early voting ballot
voted by mail:
                (1)  for which the voter did not sign the carrier
envelope certificate;
                (2)  for which it cannot immediately be determined
whether the signature on the carrier envelope certificate is that
of the voter;
                (3)  missing any required statement of residence; or
                (4)  containing incomplete information with respect to
a witness.
          (b)  Before deciding whether to accept or reject a timely
delivered ballot under Section 87.041, the early voting ballot
board may:
                (1)  return the carrier envelope to the voter by mail,
if the early voting ballot board determines that it would be

possible to correct the defect and return the carrier envelope
before the time the polls are required to close on election day; or
          (2)   notify the voter of the defect by telephone or
e-mail and inform the voter that the voter may come to the early
voting clerk's office in person to:
               (A)   correct the defect; or
               (B)   request to have the voter's application to
vote by mail canceled under Section 84.032.
     (c)   If the early voting ballot board takes an action
described by Subsection (b), the board must take either action
described by that subsection with respect to each ballot in the
election to which this section applies.
     (d)   A poll watcher is entitled to observe an action taken
under Subsection (b).
     (e)   The secretary of state may prescribe any procedures
necessary to implement this section.
     SECTION 4.15.   Section 87.0431(b), Election Code, is amended
to read as follows:
     (b)   The early voting clerk shall, not later than the 30th
day after election day, deliver notice to the attorney general,
including certified copies of the carrier envelope and
corresponding ballot application, of any ballot rejected because:
          (1)   the voter was deceased;
          (2)   the voter already voted in person in the same
election;
          (3)   the signatures on the carrier envelope and ballot
application were not executed by the same person;
          (4)   the carrier envelope certificate lacked a witness
signature; [or]
          (5)   the carrier envelope certificate was improperly
executed by an assistant; or
          (6)   the early voting ballot board or the signature
verification committee determined that another violation of the
Election Code occurred.
     SECTION 4.16.   Sections 87.062(a) and (c), Election Code,
are amended to read as follows:
     (a)   On the direction of the presiding judge, the early
voting ballot board, in accordance with Section 85.032(b), shall
open the containers [container] for the early voting ballots that
are to be counted by the board, remove the contents from each [the]
container, and remove any ballots enclosed in ballot envelopes from
their envelopes.
     (c)   Ballots voted by mail shall be tabulated and stored
separately from the ballots voted by personal appearance and shall
be separately reported on the returns [The results of all early
voting ballots counted by the board under this subchapter shall be
included in the same return].
     SECTION 4.17.   Section 87.103, Election Code, is amended to
read as follows:
     Sec. 87.103.   COUNTING BALLOTS AND PREPARING RETURNS. (a)
The early voting electronic system ballots counted at a central
counting station, the ballots cast at precinct polling places, and
the ballots voted by mail shall be tabulated separately [from the
ballots cast at precinct polling places] and shall be separately
reported on the returns.
     (b)   The early voting returns prepared at the central
counting station must include any early voting results obtained by
the early voting ballot board under Subchapter [Subchapters] D [and
E].
     SECTION 4.18.   Section 87.126, Election Code, is amended by
adding Subsection (a-1) to read as follows:
     (a-1)   Electronic records made under this section shall
record both sides of any application, envelope, or ballot recorded,
and all such records shall be provided to the early voting ballot
board, the signature verification committee, or both.

SECTION 4.19.  Subchapter G, Chapter 87, Election Code, is amended by adding Section 87.128 to read as follows:

Sec. 87.128.  NOTES. Each member of an early voting ballot board and each member of a signature verification committee is entitled to take and keep any notes reasonably necessary to perform the member's duties under this chapter.

ARTICLE 5.  ASSISTANCE OF VOTERS

SECTION 5.01.  Section 64.009, Election Code, is amended by amending Subsection (b) and adding Subsections (b-1), (e), (f), (f-1), (g), and (h) to read as follows:

(b)  The regular voting procedures, except those in Subchapter B, may be modified by the election officer to the extent necessary to conduct voting under this section.

(b-1)  A person other than a voter is only permitted to be inside a motor vehicle while a voter votes from the motor vehicle if the person would be entitled to accompany the voter to the voting station under other law.

(e)  Except as provided by Section 33.057, a poll watcher is entitled to observe any activity conducted under this section.

(f)  A person who simultaneously assists three or more voters voting under this section by providing the voters with transportation to the polling place must complete and sign a form, provided by an election officer, that contains the person's name and address and whether the person is providing assistance solely under this section or under both this section and Subchapter B.

(f-1)  Subsection (f) does not apply if the person is related to each voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code.

(g)  A form completed under Subsection (f) shall be delivered to the secretary of state as soon as practicable. The secretary shall retain a form delivered under this section for the period for preserving the precinct election records and shall make the form available to the attorney general for inspection upon request.

(h)  The secretary of state shall prescribe the form described by Subsection (f).

SECTION 5.02.  Section 64.031, Election Code, is amended to read as follows:

Sec. 64.031.  ELIGIBILITY FOR ASSISTANCE. A voter is eligible to receive assistance in marking or reading the ballot, as provided by this subchapter, if the voter cannot prepare or read the ballot because of:

(1)  a physical disability that renders the voter unable to write or see; or

(2)  an inability to read the language in which the ballot is written.

SECTION 5.03.  Subchapter B, Chapter 64, Election Code, is amended by adding Section 64.0322 to read as follows:

Sec. 64.0322.  SUBMISSION OF FORM BY ASSISTANT. (a) A person, other than an election officer, who assists a voter in accordance with this chapter is required to complete a form stating:

(1)  the name and address of the person assisting the voter;

(2)  the relationship to the voter of the person assisting the voter; and

(3)  whether the person assisting the voter received or accepted any form of compensation or other benefit from a candidate, campaign, or political committee.

(b)  The secretary of state shall prescribe the form required by this section. The form must be incorporated into the official carrier envelope if the voter is voting an early voting ballot by mail and receives assistance under Section 86.010, or must be submitted to an election officer at the time the voter casts a ballot if the voter is voting at a polling place or under Section

64.009.
        SECTION 5.04.  Section 64.034, Election Code, is amended to
read as follows:
        Sec. 64.034.  OATH. A person, other than an election
officer, selected to provide assistance to a voter must take the
following oath, administered by an election officer at the polling
place, before providing assistance:
        "I swear (or affirm) under penalty of perjury that the voter I
am assisting represented to me they are eligible to receive
assistance because of a physical disability that renders the voter
unable to write or see or an inability to read the language in which
the ballot is written; I will not suggest, by word, sign, or
gesture, how the voter should vote; I will confine my assistance to
reading the ballot to the voter, directing the voter to read the
ballot, marking the voter's ballot, or directing the voter to mark
the ballot; [answering the voter's questions, to stating
propositions on the ballot, and to naming candidates and, if
listed, their political parties;] I will prepare the voter's ballot
as the voter directs; I did not encourage, pressure, or coerce the
voter into choosing me to provide assistance; [and] I am not the
voter's employer, an agent of the voter's employer, or an officer or
agent of a labor union to which the voter belongs; I will not
communicate information about how the voter has voted to another
person; and I understand that if assistance is provided to a voter
who is not eligible for assistance, the voter's ballot may not be
counted."
        SECTION 5.05.  Sections 86.010(e), (h), and (i), Election
Code, are amended to read as follows:
        (e)  A person who assists a voter to prepare a ballot to be
voted by mail shall enter on the official carrier envelope of the
voter:
                (1)  the person's signature, printed name, and
residence address;
                (2)  the relationship of the person providing the
assistance to the voter; and
                (3)  whether the person received or accepted any form
of compensation or other benefit from a candidate, campaign, or
political committee in exchange for providing assistance [on the
official carrier envelope of the voter].
        (h)  Subsection (f) does not apply to:
                (1)  a violation of Subsection (c), if the person is
related to the voter within the second degree by affinity or the
third degree by consanguinity, as determined under Subchapter B,
Chapter 573, Government Code, or was physically living in the same
dwelling as the voter at the time of the event; or
                (2)  a violation of Subsection (e), if the person is
related to the voter within the second degree by affinity or the
third degree by consanguinity, as determined under Subchapter B,
Chapter 573, Government Code.
        (i)  An offense under this section for a violation of
Subsection (c) is increased to the next higher category of offense
if it is shown on the trial of an offense under this section that:
                (1)  the defendant was previously convicted of an
offense under this code;
                (2)  the offense involved a voter 65 years of age or
older; or
                (3)  the defendant committed another offense under this
section in the same election.
        SECTION 5.06.  Section 86.013(b), Election Code, is amended
to read as follows:
        (b)  Spaces must appear on the reverse side of the official
carrier envelope for:
                (1)  indicating the identity and date of the election;
[and]
                (2)  entering the signature, printed name, and

residence address of a person other than the voter who deposits the
carrier envelope in the mail or with a common or contract carrier; and

       (3)  indicating the relationship of that person to the voter.

           ARTICLE 6. FRAUD AND OTHER UNLAWFUL PRACTICES
      SECTION 6.01.  Chapter 63, Election Code, is amended by
adding Section 63.0111 to read as follows:
      Sec. 63.0111.  OFFENSES RELATED TO PROVISIONAL VOTING. (a)
An election judge commits an offense if the judge knowingly
provides a voter with a form for an affidavit required by Section
63.001 if the form contains information that the judge entered on
the form knowing it was false.
      (b)  An offense under this section is a state jail felony.
      SECTION 6.02.  Sections 276.004(a) and (b), Election Code,
are amended to read as follows:
      (a)  A person commits an offense if, with respect to another
person over whom the person has authority in the scope of
employment, the person knowingly:
         (1)  refuses to permit the other person to be absent
from work on election day or while early voting is in progress for
the purpose of attending the polls to vote; or
         (2)  subjects or threatens to subject the other person
to a penalty for attending the polls on election day or while early
voting is in progress to vote.
      (b)  It is an exception to the application of this section
that the person's conduct occurs in connection with an election in
which the polls are open on election day or while early voting is in
progress for voting for two consecutive hours outside of the
voter's working hours.
      SECTION 6.03.  Chapter 276, Election Code, is amended by
adding Sections 276.015, 276.016, and 276.017 to read as follows:
      Sec. 276.015.  VOTE HARVESTING. (a) In this section and in
Section 276.016:
         (1)  "Benefit" means anything reasonably regarded as a
gain or advantage, including a promise or offer of employment, a
political favor, or an official act of discretion, whether to a
person or another party whose welfare is of interest to the person.
         (2)  "Vote harvesting services" means in-person
interaction with one or more voters, involving an official ballot,
a ballot voted by mail, or an application for ballot by mail,
intended to deliver votes for a specific candidate or measure.
      (b)  A person commits an offense if the person, directly or
through a third party, knowingly provides or offers to provide vote
harvesting services in exchange for compensation or other benefit.
      (c)  A person commits an offense if the person, directly or
through a third party, knowingly provides or offers to provide
compensation or other benefit to another person in exchange for
vote harvesting services.
      (d)  A person commits an offense if the person knowingly
collects or possesses a mail ballot or official carrier envelope in
connection with vote harvesting services.
      (e)  This section does not apply to:
         (1)  an activity not performed in exchange for
compensation or a benefit;
         (2)  interactions that do not directly involve an
official ballot, ballot by mail, or an application for ballot by
mail;
         (3)  interactions that are not conducted in-person with
a voter; or
         (4)  activity that is not designed to deliver votes for
or against a specific candidate or measure.
      (f)  In this section, compensation in exchange for vote
harvesting services is inferred if a person who performed vote
harvesting services for a candidate or campaign solicits, receives,

or is offered compensation from the candidate or campaign, directly or through a third party, for services other than vote harvesting services provided.

(g)  An offense under this section is a felony of the third degree.

(h)  If conduct that constitutes an offense under this section also constitutes an offense under any other law, the actor may be prosecuted under this section, the other law, or both.

(i)  Records necessary to investigate an offense under this section or any other section of this code shall be provided by an election officer in an unredacted form to a law enforcement officer upon request. Records obtained under this subsection are not subject to public disclosure.

Sec. 276.016.  CIVIL LIABILITY FOR VOTE HARVESTING. (a)  A person who is shown by a preponderance of the evidence to have violated Section 276.015 is civilly liable to any candidate or political party who suffers harm from the vote harvesting services for damages and penalties that may be awarded under Subsection (c).

(b)  A person is harmed by the vote harvesting services if the person can demonstrate that:

(1)  the person has standing to seek relief; and

(2)  the liable party violated Section 276.015.

(b-1)  To establish standing under this section, a person is not required to demonstrate that the vote harvesting services successfully delivered votes for a specific candidate or measure, but must demonstrate that:

(1)  the vote harvesting services were intended to deliver votes for a specific candidate or measure; and

(2)  the person opposed the candidate or measure in the person's capacity as a candidate or political party.

(c)  A party who prevails in an action under this section may recover damages in an amount including any or all of:

(1)  the amount of compensation paid to or received by a party in exchange for vote harvesting services;

(2)  the fair market value of any benefit given or received in exchange for vote harvesting services;

(3)  a penalty in the amount of $35,000; or

(4)  reasonable and necessary attorney's fees, court costs, witness fees, and discovery costs.

(d)  A party who is a candidate for office who prevails in an action under this section and shows that the number of voters contacted by the vote harvesting activity exceeds the number of votes by which the party lost the election shall recover damages in an amount including any or all of:

(1)  the party's campaign expenditures properly filed on a campaign finance report in connection with the election; or

(2)  any fees and expenses incurred by the party in filing and securing a place on the ballot.

(e)  A person who commits an offense under Section 276.015 and is found civilly liable, including by vicarious liability, under this chapter or other law for any amount of damages arising from the vote harvesting services is jointly liable with any other defendant for the entire amount of damages arising from the vote harvesting services.

(f)  The cause of action created by this section is cumulative of any other remedy provided by common law or statute.

(g)  Rules applicable to a party's access to election records under Chapter 231 or 232 apply to a cause of action under this section.

(h)  The expedited actions process created by Rule 169, Texas Rules of Civil Procedure, does not apply to an action under this section.

(i)  Chapter 27, Civil Practice and Remedies Code, does not apply to a cause of action under this section.

(j)  A cause of action under this section may be brought in

the county where any element of a violation under Section 276.015
occurred, or where any part of the vote harvesting services
occurred.
     (k)   This section shall be liberally construed and applied to
promote its underlying purpose to protect candidates and the voting
public from unlawful vote harvesting and provide an efficient and
economical remedy to secure that protection.
     Sec. 276.017.   UNLAWFUL ALTERING OF ELECTION PROCEDURES. A
public official may not create, alter, modify, waive, or suspend
any election standard, practice, or procedure mandated by law or
rule in a manner not expressly authorized by this code.
                    ARTICLE 7. ENFORCEMENT
     SECTION 7.01.   Section 18.065, Election Code, is amended by
amending Subsection (a) and adding Subsections (e), (f), and (g) to
read as follows:
     (a)   The secretary of state shall monitor each registrar for
substantial compliance with Sections 15.083, 16.032, 16.0332, and
18.061 and with rules implementing the statewide computerized voter
registration list.
     (e)   A registrar shall correct a violation within 30 days of
a notice under Subsection (b).   If a registrar fails to correct the
violation within 30 days of a notice under Subsection (b), the
secretary of state shall:
          (1)   correct the violation on behalf of the registrar;
and
          (2)   notify the attorney general that the registrar
failed to correct a violation under this subsection.
     (f)   A county served by a registrar who fails to correct a
violation under Subsection (e) is liable to this state for a civil
penalty of $1,000 for each violation corrected by the secretary of
state under that subsection. The attorney general may bring an
action to recover a civil penalty imposed under this section.
     (g)   A civil penalty collected by the attorney general under
this section shall be deposited in the state treasury to the credit
of the general revenue fund.
     SECTION 7.02.   Subchapter E, Chapter 31, Election Code, is
amended by adding Sections 31.128 and 31.129 to read as follows:
     Sec. 31.128.   RESTRICTION ON ELIGIBILITY. (a) In this
section, "election official" means:
          (1)   a county clerk;
          (2)   a permanent or temporary deputy county clerk;
          (3)   an elections administrator;
          (4)   a permanent or temporary employee of an elections
administrator;
          (5)   an election judge;
          (6)   an alternate election judge;
          (7)   an early voting clerk;
          (8)   a deputy early voting clerk;
          (9)   an election clerk;
          (10)   the presiding judge of an early voting ballot
board;
          (11)   the alternate presiding judge of an early voting
ballot board;
          (12)   a member of an early voting ballot board;
          (13)   the chair of a signature verification committee;
          (14)   the vice chair of a signature verification
committee;
          (15)   a member of a signature verification committee;
          (16)   the presiding judge of a central counting
station;
          (17)   the alternate presiding judge of a central
counting station;
          (18)   a central counting station manager;
          (19)   a central counting station clerk;
          (20)   a tabulation supervisor; and

(21) an assistant to a tabulation supervisor.

(b) A person may not serve as an election official if the person has been finally convicted of an offense under this code.

Sec. 31.129. CIVIL PENALTY. (a) In this section, "election official" has the meaning assigned by Section 31.128.

(b) An election official may be liable to this state for a civil penalty if the official:

(1) is employed by or is an officer of this state or a political subdivision of this state; and

(2) violates a provision of this code.

(c) A civil penalty imposed under this section may include termination of the person's employment and loss of the person's employment benefits.

SECTION 7.03. Section 232.006(a), Election Code, is amended to read as follows:

(a) The venue of an election contest for a statewide office is in Travis County or any county where a contestee resided at the time of the election. For purposes of this section, a contestee's residence is determined under Section 411.0257, Government Code.

SECTION 7.04. Sections 232.008(b), (c), and (d), Election Code, are amended to read as follows:

(b) Except as provided by Subsection (c), a contestant must file the petition not later than the later of the 45th [30th] day after the date the election records are publicly available under Section 1.012 or the official result of the contested election is determined.

(c) A contestant must file the petition not later than the later of the 15th [10th] day after the date the election records are publicly available under Section 1.012 or the official result is determined in a contest of:

(1) a primary or runoff primary election; or

(2) a general or special election for which a runoff is necessary according to the official result or will be necessary if the contestant prevails.

(d) A contestant must deliver, electronically or otherwise, a copy of the petition to the secretary of state by the same deadline prescribed for the filing of the petition.

SECTION 7.05. Chapter 232, Election Code, is amended by adding Subchapter C to read as follows:

SUBCHAPTER C. CONTEST INVOLVING ALLEGED FRAUD

Sec. 232.061. PETITION ALLEGING FRAUD. This subchapter applies to an election contest in which the contestant alleges in the petition that an opposing candidate, an agent of the opposing candidate, or a person acting on behalf of the opposing candidate with the candidate's knowledge violated any of the following sections of this code:

(1) Section 13.007;

(2) Section 64.012;

(3) Section 64.036;

(4) Section 84.003;

(5) Section 84.0041;

(6) Section 86.0051;

(7) Section 86.006;

(8) Section 86.010; or

(9) Section 276.013.

Sec. 232.062. DAMAGES. (a) If it is shown by a preponderance of the evidence that a contestee, an agent of the contestee, or a person acting on behalf of the contestee with the contestee's knowledge committed one or more violations of a section described by Section 232.061, the contestee is liable to the contestant for damages in an amount of $1,000 for each violation.

(b) Notwithstanding Section 41.004(a), Civil Practice and Remedies Code, a court shall award damages under Subsection (a) to the contestant irrespective of whether the contestant is awarded actual damages.

Sec. 232.063.  ATTORNEY'S FEES. In an election contest to which this subchapter applies, the court may award reasonable attorney's fees to the prevailing party.

SECTION 7.06.  Section 273.061, Election Code, is amended to read as follows:

Sec. 273.061.  JURISDICTION. (a) The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer.

(b)  The court of criminal appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the provision, sequestration, transfer, or impoundment of evidence in or records relating to a criminal investigation conducted under this code or conducted in connection with the conduct of an election or political party convention.  If a writ of mandamus is issued under this subsection, it shall include an order requiring the provision, sequestration, transfer, or impoundment of the evidence or record.

SECTION 7.07.  Subchapter D, Chapter 22, Government Code, is amended by adding Section 22.304 to read as follows:

Sec. 22.304.  PRIORITY OF CERTAIN ELECTION PROCEEDINGS. (a)  The supreme court, the court of criminal appeals, or a court of appeals shall prioritize over any other proceeding pending or filed in the court a proceeding for injunctive relief or for a writ of mandamus under Chapter 273, Election Code, pending or filed in the court on or after the 120th day before a general or special election.

(b)  If granted, oral argument for a proceeding described by Subsection (a) may be given in person or through electronic means.

SECTION 7.08.  Section 23.101, Government Code, is amended by amending Subsection (a) and adding Subsection (b-1) to read as follows:

(a)  Except as provided by Subsection (b-1), the [The] trial courts of this state shall regularly and frequently set hearings and trials of pending matters, giving preference to hearings and trials of the following:

(1)  temporary injunctions;
(2)  criminal actions, with the following actions given preference over other criminal actions:
(A)  criminal actions against defendants who are detained in jail pending trial;
(B)  criminal actions involving a charge that a person committed an act of family violence, as defined by Section 71.004, Family Code;
(C)  an offense under:
(i)  Section 21.02 or 21.11, Penal Code;
(ii)  Chapter 22, Penal Code, if the victim of the alleged offense is younger than 17 years of age;
(iii)  Section 25.02, Penal Code, if the victim of the alleged offense is younger than 17 years of age;
(iv)  Section 25.06, Penal Code;
(v)  Section 43.25, Penal Code; or
(vi)  Section 20A.02(a)(7), 20A.02(a)(8), or 20A.03, Penal Code;
(D)  an offense described by Article 62.001(6)(C) or (D), Code of Criminal Procedure; and
(E)  criminal actions against persons who are detained as provided by Section 51.12, Family Code, after transfer for prosecution in criminal court under Section 54.02, Family Code;
(3)  election contests and suits under the Election Code;
(4)  orders for the protection of the family under Subtitle B, Title 4, Family Code;

        (5)   appeals of final rulings and decisions of the
division of workers' compensation of the Texas Department of
Insurance regarding workers' compensation claims and claims under
the Federal Employers' Liability Act and the Jones Act;
        (6)   appeals of final orders of the commissioner of the
General Land Office under Section 51.3021, Natural Resources Code;
        (7)   actions in which the claimant has been diagnosed
with malignant mesothelioma, other malignant asbestos-related
cancer, malignant silica-related cancer, or acute silicosis; and
        (8)   appeals brought under Section 42.01 or 42.015, Tax
Code, of orders of appraisal review boards of appraisal districts
established for counties with a population of less than 175,000.
        (b-1)   Except for a criminal case in which the death penalty
has been or may be assessed or when it would otherwise interfere
with a constitutional right, the trial courts of this state shall
prioritize over any other proceeding pending or filed in the court a
proceeding for injunctive relief under Chapter 273, Election Code,
pending or filed in the court on or after the 120th day before a
general or special election.
        ARTICLE 8.   INELIGIBLE VOTERS AND RELATED REFORMS
        SECTION 8.01.   Chapter 42, Code of Criminal Procedure, is
amended by adding Article 42.0194 to read as follows:
        Art. 42.0194.   FINDING REGARDING FELONY CONVICTION. In the
trial of a felony offense, if the defendant is 18 years of age or
older and is adjudged guilty of the offense, the court shall:
        (1)   make an affirmative finding that the person has
been found guilty of a felony and enter the affirmative finding in
the judgment of the case; and
        (2)   instruct the defendant regarding how the felony
conviction will impact the defendant's right to vote in this state.
        SECTION 8.02.   Article 42.01, Code of Criminal Procedure, as
effective September 1, 2021, is amended by amending Section 4 and
adding Section 16 to read as follows:
        Sec. 4.   The Court of Criminal Appeals [Office of Court
Administration of the Texas Judicial System] shall promulgate a
standardized felony judgment form that conforms to the requirements
of Section 1 of this article.   A court entering a felony judgment
shall use the form promulgated under this section.
        Sec. 16.   In addition to the information described by
Section 1, the judgment should reflect the affirmative finding and
instruction entered pursuant to Article 42.0194.
        ARTICLE 9. REPEALER; SEVERABILITY; TRANSITION; EFFECTIVE DATE
        SECTION 9.01.   The following provisions of the Election Code
are repealed:
        (1)   Section 85.062(e);
        (2)   Section 86.0105(b); and
        (3)   Section 127.201(f).
        SECTION 9.02.   If any provision of this Act or its
application to any person or circumstance is held invalid, the
invalidity does not affect other provisions or applications of this
Act that can be given effect without the invalid provision or
application, and to this end the provisions of this Act are declared
to be severable.
        SECTION 9.03.   (a)   Except as otherwise provided by this Act,
the changes in law made by this Act apply only to an offense
committed on or after the effective date of this Act. An offense
committed before the effective date of this Act is governed by the
law in effect when the offense was committed, and the former law is
continued in effect for that purpose. For purposes of this section,
an offense was committed before the effective date of this Act if
any element of the offense occurred before that date.
        (b)   The changes in law made by this Act apply only to an
election ordered on or after the effective date of this Act.   An
election ordered before the effective date of this Act is governed
by the law in effect when the election was ordered, and the former

law is continued in effect for that purpose.

    (c)  The changes in law made by this Act apply only to an election contest for which the associated election occurred after the effective date of this Act.

    (d)  The changes in law made by this Act apply only to an application to vote an early voting ballot by mail submitted on or after the effective date of this Act.  An application to vote an early voting ballot by mail submitted before the effective date of this Act is governed by the law in effect when the application was submitted, and the former law is continued in effect for that purpose.

    (e)  The changes in law made by this Act apply only to an application for voter registration submitted on or after the effective date of this Act.

    SECTION 9.04.  This Act takes effect immediately if it receives a vote of two-thirds of all the members elected to each house, as provided by Section 39, Article III, Texas Constitution. If this Act does not receive the vote necessary for immediate effect, this Act takes effect on the 91st day after the last day of the legislative session.

<u>WITNESS LIST</u>

SB 1
Senate Committee Report
State Affairs

<u>July 10, 2021 - 11:00 AM</u>
       FOR:

             Belsick, Michael      (also providing written testimony)   (Self) , Fredericksburg, TX

             Bickham, Kristen      (Self; Dallas GOP Ballot Integrity Committe), Dallas, TX

             Bolgiano, John      (Self) , Llano, TX

             Brehm, Cynthia      (Self) , San Antonio, TX

             Carmin, Sheila      (Self) , San Antonio, TX

             Carter, David    Colonel, USAF (retired)   (also providing written testimony)   (Self) , Temple, TX

             DeVore, Chuck    VP of Policy   (also providing written testimony)   (Texas Public Policy Foundation), Austin, TX

             Eller, Andrew      (Self) , Temple, TX

             Finger, Jack M.      (Self) , San Antonio, TX

             Fleck, Jennifer      (Self) , Spicewood, texas, TX

             Gallagher, Lori      (Self) , Spicewood, texas, TX

             Garner, Donald    Executive Director   (Texas Faith & Freedom Coalition), Austin, TX

             Green, Robert L.      (Self; Travis Co. Republican Party Election Integrity Committee), TX, TX

             Hodges, Bradley      (Self) , Austin, TX

             Hodson, Paul      (Self; Grassroots Gold), Burleson, TX

             Lucas, Susan      (Self) , Bryan, TX

             Marvin, Paul      (Self; Roof Top Texans), College Station, TX

             Moore, Kenneth      (Self) , Pearland, TX

             Nichols, Carol      (Self) , Bryan, TX

             OBrien, Melissa      (Self) , Hurst, TX

             Quimby, Jody      (Self) , Bryan, TX

             Quimby, Mary  Ann      (Self) , Bryan, TX

             Sargent, Bill    Former Chief Deputy Clerk; Elections, Galveston Co   (also providing written testimony)   (Self) , Galveston, TX

             Sunderland, Bryan      (Opportunity Solutions Project), Louisville, KY

             Tyner, Kay      (also providing written testimony)   (Self) , Houston, TX

             Vanderpoorten, Charlene      (Self) , San antonio, TX

             Vera, Alan    Chairman   (Harris County Republican Party Ballot Security Committee), Houston, TX

             Wilbanks, Darcie      (Self; Greenwood Forest Republicans), Houston, TX

      AGAINST:

             Alfaro, Melissa      (also providing written testimony)   (Self; Campaign Legal Center), Austin, TX

             Ávila- Dickson, Denae      (Self; Common Cause Texas), Austin, TX

             Batson, Jennifer      (also providing written testimony)   (Self) , Belton, TX

             Batson, Sarah      (Self; Common Cause Texas), Austin, TX

WITNESS LIST


SB 1
Senate Committee Report
State Affairs

    Batts, Marina  (Self) , Dallas, TX

    Batts, Ray  (Self) , Dallas, TX

    Beaulé, Richard  (Self) , Harker Heights, TX

    Bledsoe, Gary President (Self; Texas NAACP), Austin, TX

    Bonner, Charlie  (Self) , Austin, TX

    Boyte, Nicky Revup adapt (Self; Revup adapt), Austin, TX

    Bratteng, Quinn  (Self) , Austin, TX

    Bray, Timothy  (Self) , Austin, TX

    Burns, Chelsea  (Self) , Austin, TX

    Carranza, Susana  (also providing written testimony) (Self; League of Women Voters of Texas), Austin, TX

    Casparis, Terry Chairman (Self; Blanco County Democratic Party), Johnson City, TX

    Chamberlain, Steve Chair Bastrop County Democratic Party (Self; Bastrop County Democratic Party), Cedar Creek, TX

    Chism, Crystal Councilmember (Self) , DeSoto, TX

    Cleveland, Shenita Concerned Citizen (Self; Powered by People), Cedar Hill, TX

    Cogan, Alex  (also providing written testimony) (The Arc of Texas), Austin, TX

    Contractor, Amatulla Executive Director (Self; Emgage Action), Katy, TX

    Cregar, Jennifer  (Self) , Austin, TX

    Curry, Pamela  (Self) , Dallas, TX

    Eby, Emily  (also providing written testimony) (Self; Texas Civil Rights Project), Houston, TX

    Ehresman, Katya  (Self) , Austin, TX

    Figueroa, Luis Legislative and Policy Director (Every Texan (formerly CPPP)), Austin, TX

    Fubara Eneli, Aya  (Self) , Belton, TX

    Garcia, Ana Isabel  (Workers Defense Action Fund), Austin, TX

    Gharakhanian, Stephanie Special Counsel (Workers Defense Action Fund), Austin, TX

    Gidseg, Joey President (also providing written testimony) (Self; Texas Democrats with Disabilities Caucus), Austin, TX

    Gómez, Stephanie  (Common Cause Texas), Houston, TX

    Gonzalez, Ana Policy Director (Workers Defense Action Fund), Austin, TX

    Goodman, Chloe  (Self) , Austin, TX

    Greer, Andrea  (Self) , HOUSTON, TX

    Griggs, David  (Self) , Dallas, TX

    Haver, Maureen  (Self) , Houston, TX

    Herrera, Isabel  (Self; Texas Rising), San Marcos TX, TX

    Houston, Joshua Advocacy Director (Texas Impact), Austin, TX

    Howison, Martha  (Self) , Paris, TX

    HUANG, KYLE  (Self) , SAN ANTONIO, TX

    Hughes, Hannah  (Self; Texas Rising Action), San Antonio, TX

WITNESS LIST

SB 1
Senate Committee Report
State Affairs

James, Brandon       (Self) , Kyle, TX

James, Taylor     (also providing written testimony)   (Self) , Austin, TX

Jenkins, MacKenzie       (Self; Delta Sigma Theta), Plano, TX

Joseph, Zenobia C.    A+ Writers Consulting/Educational Consultant   (also providing written testimony)   (Self) , Austin, TX

Joy, Louise       (Self) , Austin, TX

Kapral, Lucinda     SFC, Ret. ARNG   (Self) , Austin, TX

Kelley, Birdie       (Self) , Missouri City, TX

Kennison, David       (Self) , Austin, TX

Kirven, Mythe       (Self) , Dallas, TX

Kothmann, Paula       (Self) , Austin, TX

Lara, Rene    Legislative Dir.   (Self; Texas AFL-CIO), Austin, TX

Litzinger, Amy     (also providing written testimony)   (Self; Texas Parent to Parent), Austin, TX

Litzinger, Linda     (also providing written testimony)   (Self; Texas Parent to Parent), Austin, TX

Loe, Lisa       (Self) , Converse, TX

Longoria, Isabel    Harris County Elections Administrator   (Harris County Office of Elections Administrator), Houston, TX

Mantooth, Eleanor       (Self) , Blanco, TX

Maxey, Glen       (Self; Texas Democratic Party), Austin, TX

McDonald, Pam       (Self) , Austin, TX

Medina, Pepper       (Self) , Austin, TX

Meed, Alex       (Self) , Austin, TX

Mendoza, Elva       (Self) , Austin, TX

Mercer, Sherry       (Self) , Dallas, TX

Meyers, Scott Randall       (Self) , Austin, TX

Mickenberg, Julia    Dr.   (Self) , Austin, TX

Miller, Jeff    Policy Specialist   (also providing written testimony)   (Disability Rights Texas), Austin, TX

Mills, Amber       (Self; MOVE Texas Action Fund), Austin, TX

Montalvo, Alexander    Mr   (Self; Indivisible TX Lege), Fort Worth, TX

O'Rourke, Beto       (Self) , El Paso, TX

Parajon, Stephanie       (Self) , TX, TX

Perales, Nina    Vice President of Litigation   (also providing written testimony)   (Mexican American Legal Defense and Educational Fund), San Antonio, TX

Prendergast, Holly       (Self) , Austin, TX

Pressley, Dr Laura    Founder True Texas Elections llc   (True texas elections llc), Opperas cove, TX

Reed, Cyrus    Conservation director   (also providing written testimony)   (Lone Star Chapter Sierra Club), Austin, TX

3

WITNESS LIST

SB 1
Senate Committee Report
State Affairs

        Roberts, Melinda    (Self) , San Antonio, Tx, TX
        Rodriguez, Angelee    (Self) , San Antonio, TX
        Rose, Shannon    (Self) , Austin, TX
        Saenz, Danny   Revup adapt   (Self; Revup adapt), Austin, TX
        Salovitz, Heiwa   Revup adapt   (Self; Revup adapt), Austin, TX
        Sanchez, Joshua    (Self) , San Marcos, TX
        Sanders, Vincent    (also providing written testimony)   (Self) , Houston, TX
        Schenker, Rebecca    (Self) , La Grange, TX
        Shaw, Judith G.    (Self) , Leander, TX
        Shelley, Adrian   Director   (Public Citizen), Austin, TX
        Simpson, Matt    (ACLU of Texas), Austin, TX
        Sterling, Karen    (Self) , Cedar Creek, TX
        Stern, Maggie    Youth Civic Education & Engagement Coordinator   (Self; Children's Defense Fund - Texas), Austin, TX
        Stevens, Beth    (Self) , Austin, TX
        Stevens, Hope    (Self) , DeSoto, TX
        Tate, Nacole    (Self; NAACP), Prosper, TX
        Timm, Emily   Co-Executive Director   (Workers Defense Action Fund), Austin, TX
        Toby, Sarah    (Self) , Plano, TX
        TORRES-YANEZ, CLAUDIA    (Self) , PFLUGERVILLE, TX
        Townsend, Elizabeth    (also providing written testimony)   (Self; Powered By People), Katy, TX
        Tuo, Ruei    (also providing written testimony)   (Self) , Katy, TX
        Walker, Carissa    (Self) , Dallas, TX
        Webber, Mindy    (Self) , Wimberley, TX
        Webber, William    (Self) , Wimberley, TX
        Weinberg, David    (also providing written testimony)   (Brennan Center for Justice), Austin, TX
        Wetterauer, Carol    (also providing written testimony)   (Self) , Katy, TX
        Williams, Amanda    (Self) , San Antonio, TX
        Williams, Kathryn    (Self; Indivisible Tx. Lege), Austin, TX
        Williams, Maria   Ms   (Self) , San antonio, TX
        Yado, Sissi    (Self) , Donna, TX

ON:

        Foster, Lynn    (Self) , Austin, TX
        Gerken, Lauren    (also providing written testimony)   (TCDD), Austin, TX
        Ingram, Keith   Director, Elections Division   (Texas secretary of state), Austin, TX
        White, Jonathan   Election Integrity Division Chief   (Office of the Attorney General), Austin, TX
        Wicker, Catherine    (Self; Central texas interfaith - texas network of IAF), Kyle, TX

WITNESS LIST


SB 1
Senate Committee Report
State Affairs

Registering, but not testifying:
FOR:

Bohnert, Henry     (Self; Convention of States), Brazoria, TX
Boone, Aileen     (Self) , San antonio, TX
Broughton, Rebecca     (Self) , Seguin / Texas, TX
Castilla, Cindi     (Self; Texas Eagle Forum), Dallas, TX
Chapa, Janine     (Self) , Georgetown, TX
Clark, Paula     (Self) , Fort Worth, TX
Claxton, Rose     (Self; Convention Of States), Spring, TX
Colbert, Tamara     (Self; Grassroots Gold), Prosper, TX
Covey, Jonathan     Director of Policy   (Texas Values Action), Austin, TX
Deffendall, Michael     (Self; Convention of States Texas), San Antonio, TX
Dixon, Don     Engineer   (Self) , San antonio, TX
Ennis, Chad     Senior Fellow   (Texas Public Policy Foundation), Austin, TX
Flanagan, Shawn     (Self) , Corpus christi, TX
Fry, Pat     (Self) , Rd mtn, TX
Gastineau, Paul     (Self) , Magnolia, TX
Glass, Tom     (Self; Texas Election Integrity), Hockley, TX
Gregory, Paul     (Self) , Magnolia, TX
Hale, Rachel     (Self) , Henderson, TX
Hatfield, Erika     (Self) , Heath, TX
Hodson, Michelle     (Self) , Burleson, TX
Jackson, Janet     (Self) , Henderson, TX
Jackson, Janet     (Self) , Henderson, TX
Kellogg, Juliana     (Self; Convention of States), Corpus Christi, TX
Lawson, Lamar     (Self; Conventon of States), Windcrest, TX
Machemehl, Molly     LSSP   (Self) , SAN ANTONIO, TX
Markle, David     (Self) , Lakeway, texas, TX
Maurer, Brian     (Self) , Magnolia, TX
Phillips, Cyndie     (Self) , Magnolia, TX
Poli, Bonnie     (Self) , Cypress, TX
Poli, Lawrence     (Self) , Cypress, TX
Simmons, Charles     (Self) , Houston, TX
Simmons, Inda     (Self) , Houston, TX
Sparks, Ginger     (Self) , Corpus Christi, TX
Tangeman, Allison     (Self) , Taylor, TX
Tempel, Curtis     (Self) , San antonio, TX
Torres, Albert     (Self) , New Braunfels, TX
Vasquez, Carlos     (Self) , Round rock, TX
Wall, Kathaleen     (Self) , Houston, TX

WITNESS LIST


SB 1
Senate Committee Report
State Affairs

Welty, Gerald     Mr   (Self; Convention of States), Cibolo, TX
Yamarick, Paul      (Self) , Moulton, TX

AGAINST:

Abbott, Kathleen      (Self) , Austin, TX
Aguilar, Leonard      (Texas AFL-CIO), Texas, TX
Alexander, Diana      (Self) , Houston, TX
Amey, Deborah      (Self) , League City, TX
Andani, Alcantara      (Self; RAICES), Austin, TX
Atlas Kravitz, Laura      (Texas State Teachers Association (TSTA)), Austin, TX
Badillo, Virginia      (Self; Workers Defense Action Fund), Austin, TX
Bart, Robert     (Self) , Austin, TX
Bearden, Chase    Deputy Executive Director   (Self; Coalition of Texans with Disabilities), Austin, TX
Beaulé, Jennifer      (Self) , Harker Heights, TX
Benitez, Juan      (Self) , Austin, TX
Biehl, Allen     (Self) , Austin, TX
Biehl, Beverly      (Self) , Austin, TX
Biekman, Gina      (Self; Poor Peoples Campaign), Houston, TX
Black, Melissa      (Self) , San antonio tx, TX
Boos, Katherine      (Self) , Austin, TX
Bordeaux, Markia      (Self; Houston Area Urban League Young professionals), Houston, TX
Borja, Conchita Maria      (Self) , San Antonio, TX
Boyd, DaLesia      (Self) , League city, TX
Broadway, Molly      (Disability Rights Texas), Austin, TX
Brodsky, Nina      (Self) , Austin, TX
Browning, Sherry    Politcalcheerleaders1   (Self; Politicalcheerleaders1), Houston, TX
Browning, Sherry    Politcalcheerleaders1   (Self; POLITICALCHEERLEADERS1), Houston, TX
Bulla, Dale      (Self) , Austin, TX
Bulla, Pat      (Self) , Austin, TX
Burley, Vivian      (Self) , Missouri city, TX
Burnett, Kendall      (Self) , Pearland, TX
Caballero, Darcy      (Self; Texas Democratic Party), Austin, TX
Calacino, Anthony      (Self) , Austin, TX
Calderaro, Alejandro      (Self) , Austin, TX
Camarillo, Lydia    Svrep president   (Self; Svrep), San antonio, TX
Caplan, Sherrie      (Self) , Austin, TX
Carpenter, Aimee      (Self) , Austin, TX
Cavazos, Javier      (Self) , Niederwald, TX
Cavazos, Rosemary    Mrs   (Self) , Niederwald, TX

WITNESS LIST

SB 1
Senate Committee Report
State Affairs

Cave, Charles     (Self) , Houston, TX

Chavez, Deborah     (Self) , Buda, TX

Chavez, Ray     (Self) , Buda, TX

Chell, John     (Self) , Cedar Creek, TX

Clem, Ted     (Self) , Austin, TX

Cleveland, Saphra     (Self; Senator Miles), Houston, TX

Cloots, Yves     (Self) , Kingwood, TX

Collins, Robert     (Self) , Austin, TX

Cooks, Mark D     (Self) , Duncanville, TX

Cope, Lisa     (Self) , Austin, TX

Cox, Angela     (Self) , Houston, TX

Crabbe, Christopher     (Self) , San Antonio, TX

Cuellar, Guadalupe     Legislative Attorney   (Coty of El Paso), El Paso, TX

Cummins, Elaine     (Self) , San Antonio, TX

Davis     (Self; Continuing Faith in Christ Ministries), Tyler, Tx., TX

Davis, Cassie     (Self) , Austin, TX

Davis, Cedric     (Self) , Houston, TX

Davis, Chris     Elections Administrator   (Texas Association of Elections Administrators), Georgetown, TX

Dawson, Terry   Rev. Dr.   (Self; St. James Episcopal Church), Austin, TX

De Leon, Giovanna     (Self) , Kyle, TX

De leon, Rene     (Self) , Kyle, TX

De villiers, Sarah     (Self) , Austin, TX

Diaz, Blanca     (Self; Texas Rising), El Paso, TX

Diaz, Rosana     (Self) , Sugar Land, TX

Doney, Alexandra     (Self) , Austin, TX

Donnelly, Sophia     (Self) , Austin, TX

Donovan, Tate     (Self) , Austin, TX

Dumey, Rocio     (Self) , Burleson, TX

Dunlap, Traci     (Self) , Austin, TX

Dunshea, Rose     (Self) , Rockwall, TX

DuPuy-Watson, Charmaine     (Self) , Houston, TX

Edwards, Jayne   Citizen   (Self) , Missouri City, TX

Edwards, Nancy     (Self) , Austin, TX

Ehrlich, Paul   Doctor of medicine   (Self) , Austin, TX

Eiserloh, Laurie     (Self) , Austin, TX

Elman, Anna     (Self) , Austin, TX

Erickson, Amanda     (Self) , Austin, TX

Eshleman, Sara     (Self) , Austin, TX

Espinoza, Edward     President   (Self; Progress Texas), Austin, TX

7

WITNESS LIST

SB 1
Senate Committee Report
State Affairs

Espinoza, Susan      (Self) , Houston, TX

Faulkner, Mark      (Self) , Austin, TX

Fierro-Perez, Rocio    Texas Freedom Network Political Coordinator   (Self; Texas Freedom Network), El Paso, TX

Finkenbinder, Fredda      (Self; Power by the people), Hubbard, TX

Fischer, Molly     (Self) , Austin, TX

Flores, Lisa    Advocacy specialist   (Self; Easterseals central texas), Austin, TX

Flynn, Donna      (Self) , Austin, TX

Fontenot, Cecelia    Mrs   (Self; Texas organizing project), Houston, TX

Frandsen, Barbara      (Self) , Austin, TX

Frandsen, Chris     (Self) , Austin, TX

Freeman, Jennifer    Dr   (Self) , Austin, TX

Galindo, Erika     (Self) , Austin, TX

Galvin    (Self) , Houston, TX

Garcia, Sarah     (Self) , Austin, TX

Garcia Jordan, Jerusalen       (Self) , Austin, TX

Garrett, Kendra     (Self) , Austin, TX

Garza, Angela B    Ms   (Self; Eagle & Rosa Enterprises LLC), Austin, TX

Gezana, Susan     (Self) , Austin, TX

Gilberg, Julie     (Self) , Austin, TX

Gilg, Adrienne     (Self) , Austin, TX

Gilg, Lawrence     (Self) , Austin, TX

Gillespie, Roslyn      (Self) , Austin, TX

Gillispie, Stacy      (Self) , San antonio, TX

Gonzales, Aaron     (Self) , Austin, TX

Grubel, Patrick     (Self) , Austin, TX

Guttman, Alan      (Self) , Houston, TX

Guy, Linda    RN,PNP   (Self) , Austin, TX

Habersham, Jacqueline      (Self) , Del Valle, TX

Hamm, Milton     (Self) , Johnson City, TX

Hamm, Susan      (Self; Blanco County Democrats), Johnson City, TX

Hanlon, Ellie     (Self) , Austin, TX

Hansen, Lana     (Self) , Manchaca, TX

Harris, Deborah    Dr   (Self) , Houston, TX

Harris, Erica     (Self; San Antonio Voter Advocates), San Antonio, TX

Harris, Michael     (Self) , TX, TX

Hart, Victoria      (Self; Houston Area Urban League Young Professionals), Houston, TX

Hawthorne, Heather    County Clerk Chambers County   (Self; County and District Clerks Association of Texas), Anahuac, TX

Hearn, Byronne      (Self; Bj protect the Vote), Houston, TX

WITNESS LIST

SB 1
Senate Committee Report
State Affairs

Heffernan, Conor      (Self) , Austin, TX
Heffernan, Richard      (Self) , Austin, TX
Hench, Marina      (Self) , Austin, TX
Herda, Joseph      (Self) , Austin, TX
Hobbs-Johnson, Wanda      (Self) , Houston, TX
Howard, Reginald      (Self; Wheeler Avenue Baptist Church and Omega Psi Phi Fraternity), Houston, TX
Hurwitz, Macy      (Self) , Sunset Valley, TX
Janseen, Janet      (Self) , Austin, TX
Janssen, Janet      (Self) , Austin, TX
Jenkins, June      (Self; Collin county naacp), Plano, TX
Johnson, Polly      (Self) , Houston, TX
Jones, Carl      (Self) , Spicewood, TX
Josh, Kelly      (Self) , Austin, TX
Justice, Jessica      (Self) , Houston, TX
Kalthoff, Wendy      (Self) , Austin, TX
Kelley, Karen      (Self) , Austin, TX
Kelley, Sean      (Self) , Austin, TX
Kellogg, Amiee      (Self; The Autism Society of Texas), Austin, TX
Kennedy, Thomas      (Texas State Building Trades), Austin, TX
Kerr, Lonzo      State Staff Texas NAACP   (Self; Texas NAACP), Austin, Texas, TX
Keysor, Georgia      (Self) , Austin, TX
Khetarpal, Jaya      (Self; Ignite), Shavano Park, TX
Koen, Joseph      (Self) , Austin, TX
Koen, Terri      (Self) , Austin, TX
Kovalik, Myles      (Self) , Austin, TX
Krafcik, John      (Self) , Austin, TX
Kreneck, Thomas      (Self) , Kenedy, TX
Kung, Phyllis      (Self) , Austin, TX
Leak, Erica      (Self) , Austin, TX
Leal, Gloria      Attorney and consultant   (Self; League of United Latin American Officials. LULAC), Austin, TX
Lombardo, Noah      (Self) , Austin, TX
Lopez, Carisa    Political Director   (Self; Texas Freedom Network), Austin, TX
Lovitt, Matthew     Social Worker   (National Alliance on Mental Illness (NAMI) Texas), Austin, TX
Lunceford, Christine      (Self) , Austin, TX
Lunceford, Michael      (Self) , Austin, TX
Mackey, Mylene      (Self) , Sanantonio, TX
Mahoney, Katherine      (Self) , Austin, TX
Maldonado, Fernanda      (Self) , Austin, TX

WITNESS LIST

SB 1
Senate Committee Report
State Affairs

Mariappuram, Rosann      (Self; Jane's Due Process), Austin, TX

Marsh, Jeff    Revup adapt    (Self; Revup adapt), Austin, TX

Martinez, Cierra    Miss   (Self) , New Braunfels, TX

Martinez, Marcelina    Ms.   (Self) , New Braunfels, TX

Mccullough, James      (Self) , New braunfels, TX

Mccullough, Nora      (Self) , New Braunfels, TX

McGarity, Kristin      (Self) , Kyle, TX

McLean, Gentry      (Self) , Austin, TX

McLean, Michael      (Self) , Austin, TX

McSherry, Noelle      (Self) , Houston, TX

Mesches, Katherine      (Self) , Austin, TX

Metayer, Rudy    Councilmember    (Self; City of Pflugerville), Pflugerville, TX

Miller, Linda      (Self) , Austin, TX

Mims, Marilyn      (Self; Borris Miles), Houston, TX

Mobley Turney, Aimee      (Self) , Houston, TX

Mohr Boleware, Alison    Government Relations Director   (Self; National Association of Social Workers - Texas Chapter), Austin, TX

Moore, Chas      (Self; Austin Justice Coalition), Austin, TX

Moore, Gabrielle      (Self) , San Marcos, TX

Moore, Leonard      (Self) , Marion, TX

Moore, Mandy      (Self) , Marion, TX

Murphy, Melinda      (Self; Delta Sigma Theta Sorority), Austin, TX

Murrayb, Arnetta      (Self) , Rosharon, TX

Nash, Lynda    Councilwoman    (Self; VFW 3892), Harker Heights, TX

Nealey, May      (Self) , Houston, TX

Nelson, Helen      (Self) , Austin, TX

Nelson, Matthew      (Self) , Austin, TX

Neuman, Jesus      (Self; Senator Miles), Houston, TX

Nokes, Jill      (Self) , Austin, TX

Orr Heath, Angela      (Self; Common Cause and Powered by the People), Dallas, TX

Palmer, Michelle      (Self) , Houston, TX

Patton, Eureka      (Self; Boris Miles), Katy, TX

Paz, Maria      (Self) , Austin, TX

Perez, Antoinette      (Self) , Kyle, TX

Phillips Spears, Imani      (Self) , Fresno, TX

Pontrello, Ben    Mr   (Self) , Cedar Park, TX

Portugal, Sarah      (Self) , Bellaire, TX

Powers Forsythe, Linda      (Self) , Midlothian, TX

Pryor, Cynthia      (Self) , San Marcos, TX

Purnell, Satarro      (Self) , Pearland, TX

WITNESS LIST

SB 1
Senate Committee Report
State Affairs

Quelch, J.L.      (Self) , Austin, TX
Quinzi, Patty      Legislative Counsel, TX American Fed. Of Teachers    (Self; TX-American Federation of Teachers), Austin, TX
Ramirez, Irma      (Self) , Austin, TX
Ramos, Eric      (Self) , Austin, TX
Randalle, Sharon      (Self) , Manvel, TX
Ravin-Anderson, Angela    Rev Dr    (Self; Wheeler Avenue Baptist Church), Pearland, TX
Reinhardt, Michelle      (Self) , Austin, TX
Reveles-Scheller, Silvia      (Self) , Austin, TX
Reynolds, Leslie      (Self) , Austin, TX
Richie, Amy      (Self) , Austin, TX
Rickel, Larry      (Self) , Hutto, TX
Rickel, Pamela      (Self) , Hutto, TX
Ripperger-Suhler, Ken      (Self) , Cedar Park, TX
Roberson, Angela      (Self) , Cedar Hill, TX
Rogolsky, Elisabeth      (Self) , Austin, TX
Rowland, Brian    Mayor    (Self; City of Prairie View), Prairie View, TX
Rushing, Georgia      (Self) , Helotes, TX
Rushing, Larry      (Self) , Helotes, TX
Salin, Victoria      (Self) , College Station, TX
Sampson, Bernard    State board member of top    (Self; Texas organizing project), Pasadena, TX
Schecht, Kay      (Self; Texas Impact), Irving, TX
Serrano, Edna      (Self; Houston Rebel Alliance), Houston, TX
Shannon, Fred      (Hart InterCivic), Austin, TX
Shannon, Melissa    Director of Governmental Affairs    (Bexar County Commissioners Court), San Antonio, TX
Shaw, Jacob      (Self) , Austin, TX
Shaw, Jacob      (Self) , Austin, TX
Sheldon, Connie      (Self) , The hills, TX
Sheldon, Robert    Precinct Chair   (Self) , The Hills, TX
Skidmore, Danielle      (Self) , Austin, TX
Slack, Sheree      (Self; Houston urban league young professionals), Katy, TX
Smith, Carole      (Self; Blanco County Democrats), Johnson Cuty, TX
Smith, Forrest      (Self; Delta sigma Theta Sorority and Wheeler Ave Bapt Church), Pearland, TX
Smith, Melisa      (Self) , Rosharon, TX
Smith, Tangi    Ms   (Self; Texas Organizing Project), Houston, TX
Staten, Imaria      (The community growth project), College Station, TX
Steele, Burrell    Revup adapt    (Self; Revup adapt), Austin, TX
Story, Wesley      (Self; Progress Texas), Austin, TX

WITNESS LIST

SB 1
Senate Committee Report
State Affairs

Strong, Cris     (Self) , Austin, TX
Stroud, Andrea     (Self) , Richmond, TX
Sugg, Jason     (Self) , Austin, TX
Svartz, Ilana     (Self) , Austin, TX
Switzer, Gyl     (Self) , Austin, TX
Tamayo, Elisa     (Self) , Austin, TX
Tavares, LeRoy     (Self) , Austin, TX
Thomas, Grace     (Self) , Austin, TX
Thomas, Oscar     (Self; Texas Organizing Project), Houston, TX
Thompson, Carfer   Judge   (Self) , Irving, TX
Thomson, Phyllis     (Self) , Austin,TX, TX
Trevino, Laurel   Mrs   (Self) , Austin, TX
Van Maanen, Cynthia   Executive Director   (Self; Travis County Democratic Party), Austin, TX
Vance, Victoria     (Self) , Round Rock, TX
Varty, Helen     (Self) , Austin, TX
Victorian, Yvette     (Self) , League city, TX
Vunderink, Gregg     (Self) , TX, TX
Warder, Melissa     (Self) , Austin, TX
Weigel, Alicia     (Self) , Austin, TX
Wheeler, Julie   Intergovernmental Relations   (Travis County Commissioners Court), Austin, TX
White, Suzanne     (Self) , Wimberley, TX
WICKS, Evelyn     (Self) , STAFFORD, TX
Williams, Elliot     (Self) , Austin, TX
Wright, Christine   Legislative Mgr   (City of San Antonio), San Antonio, TX
Youman, Sandy   Development   (Self) , Austin, TX
Zamora, Jesus     (Self; Senator Miles), Houston, TX

ON:

Harris, W     (Self; Central Texas Interfaith), Austin, TX
Keller, James     (Self) , Wimberley, TX

Providing written testimony:

FOR:

Warwick, Rebekah     (Heritage Action For America), Grand Prairie, TX

AGAINST:

Bacak, Jennifer     (Self; Texas Parent to Parent), Round Rock, TX
Bullard, Becky     (Self) , Austin, TX
Cheng, Ashley     (Self; Asian Pacific Islander American Public Affairs (APAPA), Austin chapter), Austin, TX
Ducayet, Patricia   State Long-Term Care Ombudsman   (Office of the state long-term care ombudsman), Austin, TX

12

<u>WITNESS LIST</u>

SB 1
Senate Committee Report
State Affairs

Esparza, Eva    Ms   (Self) , Austin, TX

Ivonne, Carmen      (Self; Texas Organizing Project), Houston, TX

King, Bill     (Self) , Austin, TX

Lands II, Dr. Sterling    Pastor   (Self; Pastors Across Texas Coalition and Family Life International Fellowship), Austin, TX

Mackey, Maya    Ms.   (Self; Texas Students for America), San Antonio, TX

Marshall, Anthony     (Self; St Luke Community United Methodist Church PSAM), Dallas, TX

McCain, Demetria     (Self) , Dallas, TX

Millecam, Melissa     (Self) , San Marcos, TX

Portugal, David    MD   (Self) , Bellaire, TX

Razo, Angelica    Texas state director   (Self; Mi Familia Vota), Houston, TX

Robinson, Judson    President Houston Urban League   (Self; Houston Urban League), Houston, TX

Rosenwinkel, Ann     (Self) , Houston, TX

Wald, Jerome     (Self) , Houston, TX

Washington-Nance, Vickie     (Self) , Dallas, TX

Weed, Betty     (Self; Rideshare2vote), Austin, TX

ON:

Green, Kathy    Director of Advocacy   (AARP), Austin, TX