# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | Consolidated Case No. 5:21-cv-844-XR |
| v. | § | |
| | § | |
| GREGORY W. ABBOTT, *et al.*, | § | |
| *Defendants*. | § | |

## Documents Produced with State Defendants' Initial Disclosures
## November 5, 2021

## Copy Filed with the Court November 15, 2021 (ECF 112)

## Senate Bill 1
## Legislative Session: 87
## Second Special Session

## Part III

Date: November 15, 2021

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
patrick.sweeten@oag.texas.gov
Tex. State Bar No. 00798537

BRENT WEBSTER
First Assistant Attorney General

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
will.thompson@oag.texas.gov
Tex. State Bar No. 24088531

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410

ERIC A. HUDSON
Senior Special Counsel
eric.hudson@oag.texas.gov
Tex. Bar No. 24059977

KATHLEEN T. HUNKER
Special Counsel
kathleen.hunker@oag.texas.gov
Tex. State Bar No. 24118415
*Application for Admission Pending

LEIF A. OLSON
Special Counsel
leif.olson@oag.texas.gov
Tex. State Bar No. 24032801

JEFFREY M. WHITE
Special Counsel
jeff.white@oag.texas.gov
Tex. State Bar No. 24064380

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on November 15, 2021, and that all counsel of record were served by CM/ECF.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| SECTION 3.05.  Subchapter C, Chapter 33, Election Code, is amended. | SECTION 4.05. Same as Senate version. | SECTION 4.08. Same as Senate version. |
| SECTION 3.06.   Section 33.061(a), Election Code, is amended. | SECTION 4.06. Same as Senate version. | SECTION 4.09. Same as Senate version. |
| SECTION 3.07.  Subchapter C, Chapter 33, Election Code, is amended by adding Section 33.063 to read as follows: | SECTION 4.07.  Subchapter C, Chapter 33, Election Code, is amended by adding Section 33.063 to read as follows: | SECTION 4.10. Same as House version. |
| Sec. 33.063.  RELIEF.  (a)  *A watcher, or* the appointing authority for a watcher, who believes that the watcher was unlawfully prevented or obstructed from the performance of the watcher's duties may seek: | Sec. 33.063.  RELIEF.  The appointing authority for a watcher who believes that the watcher was unlawfully prevented or obstructed from the performance of the watcher's duties may seek: | |
| (1)   injunctive relief under Section 273.081, including issuance of temporary orders; | (1)   injunctive relief under Section 273.081, including issuance of temporary orders; | |
| (2)  a writ of mandamus under Section 161.009 or 273.061; and | (2)  a writ of mandamus under Section 161.009 or 273.061; and | |
| (3)  any other remedy available under law. | (3)  any other remedy available under law. | |
| *(b)  The relief provided by this section is available to a state inspector appointed under Chapter 34 or any other election inspector authorized by law.* | | |
| *No equivalent provision.* | SECTION 4.08.  Section 34.005, Election Code, is amended to read as follows: | SECTION 4.11. Same as House version. |
| | Sec. 34.005.  ACTION BY SECRETARY OF STATE.  (a)  The secretary of state may refer a reported violation of law for appropriate action to the attorney general, if the attorney general has jurisdiction, or to a prosecuting attorney having jurisdiction. | |
| | (b)  If the secretary of state believes that a state inspector was unlawfully prevented or obstructed from the performance of the inspector's duties, the secretary of state may seek: | |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | (1) injunctive relief under Section 273.081, including issuance of temporary orders; <br> (2) a writ of mandamus under Section 161.009 or 273.061; and <br> (3) any other remedy available under law. | |
| SECTION 3.08. Section 86.006, Election Code, is amended. | SECTION 4.09. Same as Senate version. | SECTION 4.12. Same as Senate version. |
| SECTION 3.09. Section 87.002, Election Code, is amended. | SECTION 3.__. Same as Senate version.  [FA31(1)] | SECTION 3.14. Same as Senate version. |
| SECTION 3.10. Sections 87.027(d) and (e), Election Code, are amended *(See text below corresponding to SECTION 5.08 House version and SECTION 5.11 Conference version.)* | *See SECTION 5.08 below, also amending Secs. 87.027(d) and (e), Election Code.* | *See SECTION 5.11 below also amending Secs. 87.027(d) and (e), Election Code.* |
| SECTION 3.11. Chapter 121, Election Code, is amended by adding Section 121.004 to read as follows: <br> Sec. 121.004. COMMUNICATIONS WITH VOTING SYSTEMS VENDOR PUBLIC INFORMATION. Except as provided by ***Sections 552.110 and 552.1101, Government Code***, a written letter, e-mail, or other communication, including a communication made confidential by other law, between a public official and a voting systems vendor: <br> (1) is not confidential; <br> (2) is public information for purposes of Chapter 552, Government Code; and <br> (3) is not subject to an exception to disclosure provided by Chapter 552, Government Code. | SECTION 4.__. Chapter 121, Election Code, is amended by adding Section 121.004 to read as follows: <br> Sec. 121.004. COMMUNICATIONS WITH VOTING SYSTEMS VENDOR PUBLIC INFORMATION. (a) Except as provided ***by Subsection (b)***, a written letter, e-mail, or other communication, including a communication made confidential by other law, between a public official and a voting systems vendor: <br> (1) is not confidential; <br> (2) is public information for purposes of Chapter 552, Government Code; and <br> (3) is not subject to an exception to disclosure provided by Chapter 552, Government Code ***other than Sections 552.110 and 552.1101, Government Code.*** <br> ***(b) A written letter, e-mail, or other communication between a public official and a voting systems vendor is excepted from disclosure under Chapter 552, Government Code, if the communication discloses information, data, or*** | SECTION 4.13. Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | ***records relating to the security of elections critical infrastructure.*** [FA31(2)] | |
| SECTION 3.12.  Sections 127.006(a) and (c), Election Code, are amended. | SECTION 3.__.  Same as Senate version.  [FA31(1)] | SECTION 3.16. Same as Senate version. |
| SECTION 3.13.  Subchapter A, Chapter 127, Election Code, is amended by adding Section 127.009 to read as follows: <u>Sec. 127.009.  ELECTRONIC DEVICES IN CENTRAL COUNTING STATION.  (a)  A counting station manager and the presiding judge of the counting station shall develop a protocol under which any electronic device inside a central counting station that is necessary to count votes is equipped with software that tracks all input and activity on the electronic device.</u> <u>(b)  The counting station manager and the presiding judge of the counting station shall ensure that the input and activity tracked by the software is **printed and** delivered to the secretary of state not later than the fifth day after vote counting is complete.</u> <u>(c)  This section applies only to a central counting station located in a county with a population of 250,000 or more.</u> | SECTION 3.__.  Subchapter A, Chapter 127, Election Code, is amended by adding Section 127.009 to read as follows: <u>Sec. 127.009.  ELECTRONIC DEVICES IN CENTRAL COUNTING STATION.  (a)  A counting station manager and the presiding judge of the counting station shall develop a protocol under which any electronic device inside a central counting station that is necessary to count votes is equipped with software that tracks all input and activity on the electronic device.</u> <u>(b)  The counting station manager and the presiding judge of the counting station shall ensure that the input and activity tracked by the software is delivered to the secretary of state not later than the fifth day after vote counting is complete.</u> <u>(c)  This section applies only to a central counting station located in a county with a population of 250,000 or more.</u> [FA29] | SECTION 3.17. Same as House version. |
| SECTION 3.14.  Section 127.1301, Election Code, is amended to read as follows: Sec. 127.1301.  [~~TALLYING, TABULATING, AND REPORTING~~] CENTRALLY COUNTED OPTICAL SCAN BALLOTS [~~BALLOT UNDERVOTES AND OVERVOTES~~]. <u>(a)</u>  In an election using centrally counted optical scan ballots, the undervotes and overvotes on those ballots shall be tallied, tabulated, and reported by race and | SECTION 4.__.  Section 127.1301, Election Code, is amended to read as follows: Sec. 127.1301.  [~~TALLYING, TABULATING, AND REPORTING~~] CENTRALLY COUNTED OPTICAL SCAN BALLOTS [~~BALLOT UNDERVOTES AND OVERVOTES~~]. <u>(a)</u>  In an election using centrally counted optical scan ballots, the undervotes and overvotes on those ballots shall be tallied, tabulated, and reported by race and | SECTION 4.14. Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| by election precinct in the form and manner prescribed by the secretary of state.<br>(b)  *After January 1, 2024,* an authority operating a central counting station under this chapter may not purchase or use a centrally counted optical ballot scan system that uses a data storage disc on which information, once written, is capable of being modified. | by election precinct in the form and manner prescribed by the secretary of state.<br>(b)  An authority operating a central counting station under this chapter may not purchase or use a centrally counted optical ballot scan system that uses a data storage disc on which information, once written, is capable of being modified.<br><br>*(c) An authority that purchases system components in order to comply with this section is eligible to have 100 percent of the cost of those system components reimbursed.*<br>*(d) Subsection (b) applies starting on the earlier of:*<br>*(1) the date on which the state certifies the first centrally counted optical ballot scan system under this section; or*<br>*(2) September 1, 2026.*<br>*(e) This subsection and Subsection (d) expire October 1, 2026.*  [FA55(3)] | |
| SECTION  3.15.    Section  127.131, Election Code, is amended. | SECTION  4.__.   Same as Senate version.  [FA31(2)] | SECTION 4.15. Same as Senate version. |
| SECTION  3.16.    Section  129.023, Election  Code, is amended. | SECTION 4.10. Same as Senate version. | SECTION 4.16. Same as Senate version. |
| ARTICLE 4.  VOTING BY MAIL | ARTICLE 5. Same heading as Senate version. | ARTICLE 5. Same heading as Senate version. |
| SECTION  4.01.    Section 84.001(b), Election Code, is amended to read as follows:<br>(b)  An application must be <u>submitted</u> in writing and signed by the applicant <u>using ink on paper</u>.  An electronic signature <u>or photocopied signature</u> is not permitted. | SECTION  5.01.    Section  84.001(b), Election Code, is amended to read as follows:<br>(b)  *Subject to Section 1.011, an [An]* application must be <u>submitted</u> in writing and signed by the applicant <u>using ink on paper</u>. An electronic signature <u>or photocopied signature</u> is not permitted. | SECTION 5.01. Same as House version. |

**Senate Bill  1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| SECTION 4.02.  Subchapter A, Chapter 84, Election Code, is amended by adding Section 84.0011 to read as follows: <u>Sec. 84.0011.  SOLICITATION OF BALLOT BY MAIL APPLICATIONS PROHIBITED.  The early voting clerk may make no attempt to solicit a person to complete an application for an early voting ballot by mail, whether directly or through a third party.</u> | *No equivalent provision.* | Same as House version. |
| SECTION 4.03.  Section 84.002, Election Code, as effective September 1, 2021, is amended. | SECTION 5.02.  Same as Senate version. [FA2(10)-(13)] | SECTION 5.02. Same as Senate version. |
| SECTION 4.04.   Section 84.011(a), Election Code, as effective September 1, 2021, is amended. | SECTION 5.03. Same as Senate version. | SECTION 5.03. Same as Senate version. |
| SECTION 4.05.  Subchapter A, Chapter 84, Election Code, is amended by adding Section 84.0111 to read as follows: <u>Sec. 84.0111.   DISTRIBUTION OF APPLICATION FORM.  (a)  Except as provided by Subsection (c) or as otherwise authorized by this code, an officer or employee of this state or of a political subdivision of this state may not distribute an application form for an early voting ballot to a person who did not request an application under Section 84.001.</u> <u>(b)  An officer or employee of this state or of a political subdivision of this state may not use public funds to facilitate the distribution by another person of an application form for an early voting ballot to a person who did not request an application under Section 84.001.</u> <u>(c)  A political party or a candidate for office may distribute an application form for an early voting ballot to a person who did not request an application under Section 84.001.</u> | SECTION 5.__.  Substantially the same as Senate version (added statutory language in House floor amendment not underscored). [FA31(3)] | SECTION 5.04. Same as Senate version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| SECTION 4.06.   Section 84.032(c), Election Code, is amended to read as follows:<br>(c) An applicant may submit a request after the close of early voting by personal appearance by appearing in person and:<br>(1) returning the ballot to be voted by mail to the early voting clerk; or<br>(2) executing an affidavit that the applicant:<br>(A) has not received the ballot to be voted by mail; [or]<br>(B) never requested a ballot to be voted by mail; or<br>(C) received notice of a defect under Section 87.0271(b) or 87.0411(b). | SECTION 5.04.   Section 84.032(c), Election Code, is amended to read as follows:<br>(c) An applicant may submit a request after the close of early voting by personal appearance by appearing in person and:<br>(1) returning the ballot to be voted by mail to the early voting clerk; or<br>(2) executing an affidavit that the applicant:<br>(A) has not received the ballot to be voted by mail; [or]<br>(B) never requested a ballot to be voted by mail; or<br>(C) received notice of a defect under Section 87.0271(b) *or (c)* or 87.0411(b) *or (c)*. [FA2(14)] | SECTION 5.05. Same as House version. |
| SECTION 4.07.  Section 84.035, Election Code, is amended to read as follows:<br>Sec. 84.035.  BALLOT SENT TO APPLICANT. (a) If the early voting clerk cancels an application by an applicant to whom an early voting ballot has been sent, the clerk shall:<br>(1) remove the applicant's name from the early voting roster; and<br>(2) make any other entries in the records and take any other action necessary to prevent the ballot from being counted if returned.<br>(b) An election judge may permit a person to whom an early voting ballot has been sent who cancels the person's application for a ballot to be voted by mail in accordance with Section 84.032 but fails to return the ballot to be voted by mail to the early voting clerk, deputy early voting clerk, or presiding judge as provided by that section to vote only a provisional ballot under Section 63.011. | SECTION 5.__.  Substantially the same as Senate version (added statutory language in House floor amendment not underscored).  [FA31(3)] | SECTION 5.06. Same as Senate version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| SECTION 4.08.  Section 86.001, Election Code, is amended by adding Subsection (f) to read as follows: | SECTION 5.05.  Section 86.001, Election Code, is amended by adding Subsections (f), (f-1), and (f-2) to read as follows: [FA2(15)] | SECTION 5.07. Same as House version, except as follows: |
| (f)  If the information required under Section 84.002(a)(1-a) included on the application does not identify the same voter identified on the applicant's application for voter registration under Section 13.002(c)(8), the clerk shall reject the application. | (f)  Same as Senate version. | (f)  Same as Senate version. |
| *No equivalent provision.* | (f-1) If an application is rejected under Subsection (f), the clerk shall provide notice of the rejection in accordance with Subsection (c). The notice must include information regarding the ability to correct or add information required under Section 84.002(a)(1-a) through the online tool described by Section 86.015(c). [FA2(16)] | Same as House version. |
| *No equivalent provision.* | (f-2) If an applicant corrects an application for a ballot to be voted by mail online and that application subsequently identifies the same voter identified on the applicant's application for voter registration, the clerk shall provide a ballot to the applicant as provided by this chapter.  [FA2(16)] | Same as House version. |
| SECTION 4.09.  Section 86.002, Election Code, is amended. | SECTION 5.06.  Same as Senate version. [FA2(17), FA2(18)] | SECTION 5.08. Same as Senate version. |
| SECTION 4.10.   Section 86.011(c), Election Code, is amended. | SECTION 5.07. Same as Senate version. | SECTION 5.09. Same as Senate version. |
| SECTION 4.11.   Section 86.015(c), Election Code, as effective September 1, 2021, is amended. | SECTION 5.__.  Same as Senate version.  [FA2(19)] | SECTION 5.10. Same as Senate version |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | SECTION 5.08.   Section 87.027(d), (e), and (i), Election Code, are amended to read as follows:  [FA31(4)] | SECTION 5.11. Same as House version. |

*(Text from SECTION 3.10. above, amending Sections 87.027(d) and (e), Election Code.)*

(d)  The early voting clerk shall determine the number of members who are to compose the signature verification committee and shall state that number in the order calling for the committee's appointment.  A committee must consist of not fewer than five members.  In an election in which party alignment is indicated on the ballot, each county chair of a political party with a nominee or aligned candidate on the ballot shall submit to the appointing authority a list of names of persons eligible to serve on the signature verification committee in order of the  county chair's preference.  The authority shall appoint at least two persons from each list in the order of preference indicated on each list to serve as members of the committee.  The same number of members must be appointed from each list.  The authority shall appoint as [the] chair of the committee the highest-ranked person on [from] the list provided by the political party whose nominee for governor received the most votes in the county in the most recent gubernatorial general election.  The authority shall appoint as vice chair of the committee the highest-ranked person on the list provided by the political party whose nominee for governor received the second most votes in the county in the most recent gubernatorial general election. A vacancy on the committee shall be filled by appointment from the original list or from a new list submitted by the appropriate county chair.

(d)  Same as Senate version. [FA31(5)]

(d) Same as Senate version.

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| (e) To be eligible to serve on a signature verification committee, a person must <u>be eligible under Subchapter C, Chapter 32, for service as a presiding election judge, except that the person must</u> be a qualified voter:<br>(1) of the county, in a countywide election ordered by the governor or a county authority or in a primary election;<br>(2) of the part of the county in which the election is held, for an election ordered by the governor or a county authority that does not cover the entire county of the person's residence; or<br>(3) of the political subdivision, in an election ordered by an authority of a political subdivision other than a county. | (e) Same as Senate version. [FA31(5)] | (e) Same as Senate version. |

SECTION 4.12. *Section 87.027(i), Election Code, is amended to read as follows:*

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| (i) The signature verification committee shall compare the signature on each carrier envelope certificate, except those signed for a voter by a witness, with the signature on the voter's ballot application to determine whether the signatures are those of the voter. The committee may also compare the signatures with any <u>known signature</u> [two or more signatures] of the voter [made within the preceding six years and] on file with the county clerk or voter registrar to determine whether the signatures are those of the voter. Except as provided by Subsection (l), a determination under this subsection that the signatures are not those of the voter must be made by a majority vote of the committee's membership. The committee shall place the jacket envelopes, carrier envelopes, and applications of voters whose signatures are not those of the voter in separate containers from those of voters whose signatures are those | (i) Same as Senate version. | (i) Same as Senate version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| of the voter. The committee chair shall deliver the sorted materials to the early voting ballot board at the time specified by the board's presiding judge. | | |
| SECTION 4.13. Subchapter B, Chapter 87, Election Code, is amended by adding Section 87.0271 to read as follows: <u>Sec. 87.0271. OPPORTUNITY TO CORRECT DEFECT; SIGNATURE VERIFICATION COMMITTEE.</u> | SECTION 5.09. Same as Senate version. | SECTION 5.12. Same as Senate version. |
| <u>(a) This section applies to an early voting ballot voted by mail:</u> <u>(1) for which the voter did not sign the carrier envelope certificate;</u> <u>(2) for which it cannot immediately be determined whether the signature on the carrier envelope certificate is that of the voter;</u> <u>(3) missing any required statement of residence;</u> <u>(4) missing information or containing incorrect information required under Section 84.002(a)(1-a) or Section 86.002; or</u> <u>(5) containing incomplete information with respect to a witness.</u> | (a) Same as Senate version. [FA2(20) - FA2(22)] | <u>(a)</u> Same as Senate version. |
| <u>(b) Before deciding whether to accept or reject a timely delivered ballot under Section 87.027, the signature verification committee *may*:</u> | <u>(b)</u> ***Not later than the second business day after a signature verification committee discovers a defect described by Subsection (a) and*** <u>before the committee decides whether to accept or reject a timely delivered ballot under Section 87.027, the committee *shall*:</u> ***(1) determine if it would be possible for the voter to correct the defect and return the carrier envelope before the time the polls are required to close on election day; and*** | <u>(b)</u>, <u>(c)</u> Same as House version. |
| <u>(1) return the carrier envelope to the voter by mail, if the *signature verification* committee determines that it would be</u> | <u>(2)</u> return the carrier envelope to the voter by mail, if the committee determines that it would be possible ***for the voter*** | |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| possible to correct the defect and return the carrier envelope before the time the polls are required to close on election day; or | to correct the defect and return the carrier envelope before the time the polls are required to close on election day. ***(c)   If the signature verification committee determines under Subsection (b)(1) that it would not be possible for the voter to correct the defect and return the carrier envelope before the time the polls are required to close on election day, the committee may*** notify the voter of the defect by telephone or e-mail and inform the voter that the voter may request to have the voter's application to vote by mail canceled ***in the manner described by*** Section 84.032 ***or come to the early voting clerk's office in person not later than the sixth day after election day to correct the defect***. [FA2(23)] | |
| (2)  notify the voter of the defect by telephone or e-mail and inform the voter that the voter may ***come to the early voting clerk's office in person to:*** ***(A)  correct the defect; or*** (B)  request to have the voter's application to vote by mail canceled ***under*** Section 84.032 | | |
| (c)   If the signature verification committee takes an action described by Subsection (b), the committee must take either action described by that subsection with respect to each ballot in the election to which this section applies. | (d)  If the signature verification committee takes an action described by Subsection (b) ***or (c)***, the committee must take either action described by that subsection with respect to each ballot in the election to which this section applies. [FA2(23), (24)] | (d) Same as House version. |
| (d)   A poll watcher is entitled to observe an action taken under Subsection (b). | (e)   A poll watcher is entitled to observe an action taken under Subsection (b) ***or (c)***. [FA2(23), (25)] | (e) Same as House version. |
| (e)   The secretary of state may prescribe any procedures necessary to implement this section. | (f) Same as Senate version. [FA2(23)] | (f) Same as Senate version. |
| ***No equivalent provision.*** | (g)   Notwithstanding any other law, a ballot may not be finally rejected for a reason listed in Section 87.041(b)(1), (2), or (6) before the seventh day after election day. [FA2(23)] | (g) Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| SECTION 4.14.  Section 87.041, Election Code, is amended. | SECTION 5.10.  Same as Senate version.  [FA2(26)-(30)] | SECTION 5.13. Same as Senate version. |
| SECTION 4.15.  Subchapter C, Chapter 87, Election Code, is amended by adding Section 87.0411 to read as follows: <u>Sec. 87.0411.  OPPORTUNITY TO CORRECT DEFECT: EARLY VOTING BALLOT BOARD.</u> | SECTION 5.11.  Same as Senate version. | SECTION 5.14. Same as Senate version. |
| <u>(a)  This section applies to an early voting ballot voted by mail:</u> <u>(1)  for which the voter did not sign the carrier envelope certificate;</u> <u>(2)  for which it cannot immediately be determined whether the signature on the carrier envelope certificate is that of the voter;</u> <u>(3)  missing any required statement of residence;</u> <u>(4)  missing information or containing incorrect information required under Section 84.002(a)(1-a) or Section 86.002; or</u> <u>(5)  containing incomplete information with respect to a witness.</u> | <u>(a)</u> Same as Senate version.  [FA2(31)-(33)] | <u>(a)</u> Same as Senate version. |
| <u>(b)  **_Before deciding_** whether to accept or reject a timely delivered ballot under Section 87.041, the early voting ballot board **_may_**:</u> | <u>(b)  **_Not later than the second business day after an early voting ballot board discovers a defect described by Subsection (a) and before the board decides_** whether to accept or reject a timely delivered ballot under Section 87.041, the board **_shall_**:</u>  [FA2(34), FA3(1)-(3)] <u>**_(1)  determine if it would be possible for the voter to correct the defect and return the carrier envelope before the time the polls are required to close on election day; and_**</u>  [FA2(34)] | <u>(b)</u>, <u>(c)</u> Same as House version. |
| <u>(1)  return the carrier envelope to the voter by mail, if the **_early voting ballot_** board determines that it would be possible</u> | <u>(2)  return the carrier envelope to the voter by mail, if the board determines that it would be possible **_for the voter_** to</u> | |

Associated CCR Draft: 87S21482

21.241.76

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| to correct the defect and return the carrier envelope before the time the polls are required to close on election day; or | correct the defect and return the carrier envelope before the time the polls are required to close on election day. [FA2(34), FA3(4)] | |
| | ***(c)   If the early voting ballot board determines under Subsection (b)(1) that it would not be possible for the voter to correct the defect and return the carrier envelope before the time the polls are required to close on election day, the board may*** notify the voter of the defect by telephone or e-mail and inform the voter that the voter may | |
| (2)  notify the voter of the defect by telephone or e-mail and inform the voter that the voter may ***come to the early voting clerk's office in person to:*** ***(A)   correct the defect; or*** (B)  request to have the voter's application to vote by mail canceled ***under*** Section 84.032. | request to have the voter's application to vote by mail canceled ***in the manner described by*** Section 84.032 ***or come to the early voting clerk's office in person not later than the sixth day after election day to correct the defect***. [FA2(34), FA3(5)-(6)] | |
| (c)  If the early voting ballot board takes an action described by Subsection (b), the board must take either action described by that subsection with respect to each ballot in the election to which this section applies. | (d)  If the early voting ballot board takes an action described by Subsection (b) ***or (c)***, the board must take either action described by that subsection with respect to each ballot in the election to which this section applies.  [FA2(34), (35)] | (d) Same as House version. |
| (d)  A poll watcher is entitled to observe an action taken under Subsection (b). | (e)  A poll watcher is entitled to observe an action taken under Subsection (b) ***or (c)***.  [FA2(34), (36)] | (e) Same as House version. |
| (e)  The secretary of state may prescribe any procedures necessary to implement this section. | (f) Same as Senate version. [FA2(34)] | (f) Same as Senate version. |
| ***No equivalent provision.*** | (g)  Notwithstanding any other law, a ballot may not be finally rejected for a reason listed in Section 87.041(b)(1), | (g) Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | (2), or (6) before the seventh day after election day. [FA2(34)] | |
| SECTION 4.16.   Section 87.0431(b), Election Code, is amended. | SECTION 5.12. Same as Senate version. | SECTION 5.15. Same as Senate version. |
| SECTION 4.17.  Sections 87.062(a) and (c), Election Code, are amended. | SECTION 5.13. Same as Senate version. | SECTION 5.16. Same as Senate version. |
| SECTION 4.18.  Section 87.103, Election Code, is amended | SECTION 5.14. Same as Senate version. | SECTION 5.17. Same as Senate version. |
| SECTION 4.19.  Section 87.126, Election Code, is amended. | SECTION 5.15. Same as Senate version. | SECTION 5.18. Same as Senate version. |
| SECTION 4.20.  Subchapter G, Chapter 87, Election Code, is amended by adding Section 87.128 to read as follows: Sec. 87.128.  NOTES.  Each member of an early voting ballot board and each member of a signature verification committee is entitled to take **and keep** any notes reasonably necessary to perform the member's duties under this chapter. | SECTION 5.16.  Subchapter G, Chapter 87, Election Code, is amended by adding Section 87.128 to read as follows: Sec. 87.128.  NOTES.  *(a)*  Each member of an early voting ballot board and each member of a signature verification committee is entitled to take any notes reasonably necessary to perform the member's duties under this chapter. [FA39] | SECTION 5.19. Subchapter G, Chapter 87, Election Code, is amended by adding Section 87.128 to read as follows: (a) Same as House version. |
| *No equivalent provision.* | (b)  Notes taken under this section may not contain personally identifiable information. [FA39] | (b) Same as House version. |
| *No equivalent provision.* | (c)  Each member who takes notes under this section shall sign the notes and deliver them to the presiding judge or committee chair, as applicable, for delivery to the custodian of election records. [FA39] | (c) Same as House version. |
| *No equivalent provision.* | (d)  Notes collected under this section shall be preserved in the same manner as precinct election records under Section 66.058. [FA39] | (d) Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| ARTICLE 5.  ASSISTANCE OF VOTERS | ARTICLE 6. Same heading as Senate version. | ARTICLE 6. Same heading as Senate version. |
| SECTION 5.01.  Section 64.009, Election Code, is amended by amending Subsection (b) and adding Subsections (e), (f), (f-1), (g), and (h) to read as follows: | SECTION 6.__. Section 64.009, Election Code, is amended by amending Subsection (b) and adding Subsections (e), (f), (f-1), (g), and (h) to read as follows: [FA55(4)] | SECTION 6.01. Same as House version. |
| (b)    The regular voting procedures, except those in Subchapter B, may be modified by the election officer to the extent necessary to conduct voting under this section. | (b) Same as Senate version. [FA55(4)] | (b) Same as Senate version. |
| (e)  Except as provided by Section 33.057, a poll watcher is entitled to observe any activity conducted under this section. | (e) Same as Senate version. [FA55(4)] | (e) Same as Senate version. |
| (f) A person who simultaneously assists ***three*** or more voters voting under this section by providing the voters with transportation to the polling place must complete and sign a form, provided by an election officer, that contains the person's name and address and whether the person is providing assistance solely under this section or under both this section and Subchapter B. | (f) A person who simultaneously assists ***seven*** or more voters voting under this section by providing the voters with transportation to the polling place must complete and sign a form, provided by an election officer, that contains the person's name and address and whether the person is providing assistance solely under this section or under both this section and Subchapter B. [FA55(4)] | (f) Same as House version. |
| (f-1)  Subsection (f) does not apply if the person is related to each voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code. | (f-1) Same as Senate version. [FA55(4)] | (f-1) Same as Senate version. |
| (g)    A form completed under Subsection (f) shall be delivered to the secretary of state as soon as practicable.  The secretary shall retain a form delivered under this section for the period for preserving the precinct election records and | (g) Same as Senate version. [FA55(4)] | (g) Same as Senate version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| shall make the form available to the attorney general for inspection upon request. | | |
| (h)  The secretary of state shall prescribe the form described by Subsection (f). | (h) Same as Senate version. [FA55(4)] | (h) Same as Senate version. |
| SECTION 5.02.  Section 64.031, Election Code, is amended. | SECTION 6.01. Same as Senate version. | SECTION 6.02. Same as Senate version. |
| SECTION 5.03.  Subchapter B, Chapter 64, Election Code, is amended. | SECTION 6.02. Same as Senate version. | SECTION 6.03. Same as Senate version. |
| SECTION 5.04.  Section 64.034, Election Code, is amended to read as follows: | SECTION 6.03.  Section 64.034, Election Code, is amended to read as follows: | SECTION 6.04. Same as House version. |
| Sec. 64.034.  OATH.  A person, other than an election officer, selected to provide assistance to a voter must take the following oath, administered by an election officer at the polling place, before providing assistance:<br>"I swear (or affirm) under penalty of perjury that the voter I am assisting represented to me they are eligible to receive assistance; I will not suggest, by word, sign, or gesture, how the voter should vote; [I will confine my assistance to answering the voter's questions, to stating propositions on the ballot, and to naming candidates and, if listed, their political parties;]<br><br>I will prepare the voter's ballot as the voter directs; I did not encourage, pressure, or coerce the voter into choosing me to provide assistance; [and] I am not the voter's employer, an agent of the voter's employer, or an officer or agent of a labor union to which the voter belongs; I will not communicate information about how the voter has voted to another person; and I understand that if assistance is provided to a voter who | Sec. 64.034.  OATH.  A person, other than an election officer, selected to provide assistance to a voter must take the following oath, administered by an election officer at the polling place, before providing assistance:<br>"I swear (or affirm) under penalty of perjury that the voter I am assisting represented to me they are eligible to receive assistance; I will not suggest, by word, sign, or gesture, how the voter should vote; *I will confine my assistance to reading the ballot to the voter, directing the voter to read the ballot, marking the voter's ballot, or directing the voter to mark the ballot;* [answering the voter's questions, to stating propositions on the ballot, and to naming candidates and, if listed, their political parties;] I will prepare the voter's ballot as the voter directs; I did not pressure or coerce the voter into choosing me to provide assistance; [and] I am not the voter's employer, an agent of the voter's employer, or an officer or agent of a labor union to which the voter belongs; I will not communicate information about how the voter has voted to another person; and I understand that if assistance is | |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| is not eligible for assistance, the voter's ballot may not be counted." | provided to a voter who is not eligible for assistance, the voter's ballot may not be counted."  [FA2(37)] | SECTION 6.05. Same as House version. |

SENATE VERSION

is not eligible for assistance, the voter's ballot may not be counted."

SECTION 5.05.  Sections 86.010(e), (h), and (i), Election Code, are amended to read as follows:
(e)  A person who assists a voter to prepare a ballot to be voted by mail shall enter on the official carrier envelope of the voter:
(1)  the person's signature, printed name, and residence address;
(2) the relationship of the person providing the assistance to the voter; and
(3)  whether the person received or accepted any form of compensation or other benefit from a candidate, campaign, or political committee in exchange for providing assistance [on the official carrier envelope of the voter].
(h)  Subsection (f) does not apply *to*:
(1)  a violation of Subsection (c), if the person is related to the voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code, or was physically living in the same dwelling as the voter at the time of the event; or
(2)  a violation of Subsection (e), if the person is related to the voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code.
(i)  An offense under this section for a violation of Subsection (c) is increased to the next higher category of offense if it is shown on the trial of an offense under this section that:
(1) the defendant was previously convicted of an offense under this code;

HOUSE VERSION (IE)

provided to a voter who is not eligible for assistance, the voter's ballot may not be counted."  [FA2(37)]

SECTION 6.04.  Sections 86.010(e), (h), and (i), Election Code, are amended to read as follows:
(e)  A person who assists a voter to prepare a ballot to be voted by mail shall enter on the official carrier envelope of the voter:
(1)  the person's signature, printed name, and residence address;
(2) the relationship of the person providing the assistance to the voter; and
(3)  whether the person received or accepted any form of compensation or other benefit from a candidate, campaign, or political committee in exchange for providing assistance [on the official carrier envelope of the voter].
(h)  Subsection (f) does not apply:
(1)  *to* a violation of Subsection (c), if the person is related to the voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code, or was physically living in the same dwelling as the voter at the time of the event; or
(2) *to* a violation of Subsection (e), if the person is related to the voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code.
(i)  An offense under this section for a violation of Subsection (c) is increased to the next higher category of offense if it is shown on the trial of an offense under this section that:
(1) the defendant was previously convicted of an offense under this code;

CONFERENCE

SECTION 6.05. Same as House version.

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| (2) the offense involved a voter 65 years of age or older; or (3) the defendant committed another offense under this section in the same election. | (2) the offense involved a voter 65 years of age or older; or (3) the defendant committed another offense under this section in the same election. [FA2(46)-(48), FA3(7)] | |
| ***No equivalent provision.*** | SECTION 6.05.   Section 86.0105, Election Code, is amended by amending Subsections (a), (c), and (e) and adding Subsection (f) to read as follows: (a)  A person commits an offense if the person: (1)  compensates <u>or offers to compensate</u> another person for assisting voters as provided by Section 86.010[, as part of any performance-based compensation scheme based on the number of voters assisted or in which another person is presented with a quota of voters to be assisted as provided by Section 86.010]; <u>or</u> (2)  <u>solicits, receives, or</u> [engages in another practice that causes another person's compensation from or employment status with the person to be dependent on the number of voters assisted as provided by Section 86.010; or [(3)  with knowledge that accepting compensation for such activity is illegal,] accepts compensation for an activity described by Subdivision (1) [or (2)]. (c)  An offense under this section is a state jail felony [if it is shown on the trial of an offense under this section that the defendant was previously convicted two or more times under this section]. (e)  For purposes of this section, compensation means <u>an economic benefit as defined by Section 38.01, Penal Code</u> [any form of monetary payment, goods, services, benefits, or promises or offers of employment, or any other form of consideration offered to another person in exchange for assisting voters]. | SECTION 6.06. Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | (f)  This section does not apply if the person assisting a voter is an attendant or caregiver previously known to the voter. | |
| SECTION 5.06.    Section 86.013(b), Election Code, is amended. | SECTION 6.06. Same as Senate version. | SECTION 6.07. Same as Senate version. |
| SECTION 5.07.  (a)  The secretary of state shall conduct a study regarding the implementation of educational programs, including the production and publication on the secretary of state's Internet website of instructional videos, to help voters with disabilities understand how to use voting systems used in this state.<br>(b)  Not later than December 1, 2022, the secretary of state shall submit to the standing committees of the legislature with jurisdiction over elections a report on the study required by this section.<br>(c)  The secretary of state, using existing resources, may contract with a qualified vendor to conduct the study required by this section.<br>(d)  This section expires December 1, 2023. | SECTION 6.__. Same as Senate version.  [FA2(38)] | SECTION 6.08. Same as Senate version. |
| ARTICLE  6.    FRAUD  AND  OTHER  UNLAWFUL PRACTICES | ARTICLE 7. Same heading as Senate version. | ARTICLE 7. Same heading as Senate version. |
| SECTION 6.01.  Chapter 63, Election Code, is amended. | SECTION 7.01. Same as Senate version. | SECTION 7.01. Same as Senate version. |
| SECTION 6.02.  Sections 276.004(a) and (b), Election Code, are amended. | SECTION 7.02. Same as Senate version. | SECTION 7.02. Same as Senate version. |
| *No equivalent provision.* | SECTION 7.03.  Sections 276.013(a) and (b), Election Code, are amended to read as follows: | SECTION 7.03. Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | (a)  A person commits an offense if the person knowingly or intentionally makes any effort to:<br>(1)  influence the independent exercise of the vote of another in the presence of the ballot or during the voting process, <u>including by altering the ballot of another or by otherwise causing a ballot to not reflect the intent of the voter</u>;<br>(2)   cause a voter to become registered, a ballot to be obtained, or a vote to be cast under false pretenses; [or]<br>(3) cause any <u>false or</u> intentionally misleading statement, representation, or information to be provided:<br>(A) to an election official; or<br>(B) on an application for ballot by mail, carrier envelope, or any other official election-related form or document;<br><u>(4) prevent a voter from casting a legal ballot in an election in which the voter is eligible to vote;</u><br><u>(5) provide false information to a voter with the intent of preventing the voter from voting in an election in which the voter is eligible to vote;</u><br><u>(6) cause the ballot not to reflect the intent of the voter;</u><br><u>(7) cause a ballot to be voted for another person that the person knows to be deceased or otherwise knows not to be a qualified or registered voter;</u><br><u>(8) cause or enable a vote to be cast more than once in the same election; or</u><br><u>(9) discard or destroy a voter's completed ballot without the voter's consent.</u><br>(b) An offense under this section is a <u>Class A misdemeanor, unless:</u><br><u>(1) the person committed the offense while acting in the person's capacity as an elected official, in which case the offense is a state jail felony; or</u> | |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | (2) the person is convicted of an attempt, in which case the offense is a Class B [A] misdemeanor.  [FA50(1)] | |
| SECTION 6.03.  Chapter 276, Election Code, is amended by adding Sections 276.015, 276.016, **and 276.017** to read as follows: | SECTION 7.04.  Chapter 276, Election Code, is amended by adding Sections 276.015, 276.016, **276.017, 276.018, and 276.019** to read as follows: | SECTION 7.04. Same as House version. |
| Sec. 276.015.  VOTE HARVESTING.  (a)  In this section **and in Section 276.016**: | Sec. 276.015.  VOTE HARVESTING.  (a)  In this section: | |
| (1) "Benefit" means anything reasonably regarded as a gain or advantage, including a promise or offer of employment, a political favor, or an official act of discretion, whether to a person or another party whose welfare is of interest to the person. | (1) "Benefit" means anything reasonably regarded as a gain or advantage, including a promise or offer of employment, a political favor, or an official act of discretion, whether to a person or another party whose welfare is of interest to the person. | |
| (2)  "Vote harvesting services" means in-person interaction with one or more voters, in the physical presence of an official ballot, a ballot voted by mail, **or an application for ballot by mail,** intended to deliver votes for a specific candidate or measure. | (2)  "Vote harvesting services" means in-person interaction with one or more voters, in the physical presence of an official ballot **or a** ballot voted by mail, intended to deliver votes for a specific candidate or measure.  [FA2(39)] | |
| (b)  A person commits an offense if the person, directly or through a third party, knowingly provides or offers to provide vote harvesting services in exchange for compensation or other benefit. | (b) Same as Senate version. | (b) Same as Senate version. |
| (c)  A person commits an offense if the person, directly or through a third party, knowingly provides or offers to provide compensation or other benefit to another person in exchange for vote harvesting services. | (c) Same as Senate version. | (c) Same as Senate version. |
| (d)  A person commits an offense if the person knowingly collects or possesses a mail ballot or official carrier envelope in connection with vote harvesting services. | (d) Same as Senate version. | (d) Same as Senate version. |

**Senate Bill  1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| (e)  This section does not apply to:<br>(1)  an activity not performed in exchange for compensation or a benefit;<br>(2)  interactions that do not *directly involve an official ballot, ballot by mail, or an application for ballot by mail*;<br><br>(3)  interactions that are not conducted in-person with a voter; or<br>(4)  activity that is not designed to deliver votes for or against a specific candidate or measure. | (e)  This section does not apply to:<br>(1)  an activity not performed in exchange for compensation or a benefit;<br>(2)  interactions that do not *occur in the presence of the ballot or during the voting process*;<br>*(3)  interactions that do not directly involve an official ballot or ballot by mail;*<br>(4)  interactions that are not conducted in-person with a voter; or<br>(5)  activity that is not designed to deliver votes for or against a specific candidate or measure.  [FA2(40)] | (e) Same as House version. |
| (f)  In this section, compensation in exchange for vote harvesting services is inferred if a person who performed vote harvesting services for a candidate or campaign solicits, receives, or is offered compensation from the candidate or campaign, directly or through a third party, for services other than vote harvesting services provided. | *No equivalent provision.* | Same as House version. |
| (g)  An offense under this section is a felony of the third degree. | (f) Same as Senate version. | (f) Same as Senate version. |
| (h)  If conduct that constitutes an offense under this section also constitutes an offense under any other law, the actor may be prosecuted under this section, the other law, or both. | (g) Same as Senate version. | (g) Same as Senate version. |
| (i)  Records necessary to investigate an offense under this section or any other section of this code shall be provided by an election officer in an unredacted form to a law enforcement officer upon request.  Records obtained under this subsection are not subject to public disclosure. | (h) Same as Senate version. | (h) Same as Senate version. |

**Senate Bill  1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| Sec. 276.016.   CIVIL LIABILITY FOR VOTE HARVESTING.  (a)  A person who is shown by a preponderance of the evidence to have violated Section 276.015 is civilly liable to any candidate or political party who suffers harm from the vote harvesting services for damages and penalties that may be awarded under Subsection (c). | *No equivalent provision.* | Same as House version. |

(b)  A person is harmed by the vote harvesting services if the person can demonstrate that:
(1)  the person has standing to seek relief; and
(2)  the liable party violated Section 276.015.
(b-1)  To establish standing under this section, a person is not required to demonstrate that the vote harvesting services successfully delivered votes for a specific candidate or measure, but must demonstrate that:
(1)  the vote harvesting services were intended to deliver votes for a specific candidate or measure; and
(2)  the person opposed the candidate or measure in the person's capacity as a candidate or political party.
(c)  A party who prevails in an action under this section may recover damages in an amount including any or all of:
(1)  the amount of compensation paid to or received by a party in exchange for vote harvesting services;
(2)  the fair market value of any benefit given or received in exchange for vote harvesting services; or
(3)  a penalty in the amount of $35,000.
(d)  A party who is a candidate for office who prevails in an action under this section and shows that the number of voters contacted by the vote harvesting activity exceeds the number of votes by which the party lost the election shall recover additional damages in an amount equal to the amount of liability attributed to the defendant under Subsection (c).

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| (e)  If an action under this section is brought by a candidate for office, the period for commencing the action begins on the day after the date the election is certified and ends on the 90th day after the later of that date or the date election records are made publicly available under Section 1.012.  If an action under this section is brought by a political party, the period for commencing the action begins on the day after the last day a candidate may bring an action and ends on the 90th day after that date.  If an action under this section is brought by a candidate for office, a political party may not bring an action under this section for the same instance of vote harvesting activity.<br><br>(f)  The cause of action created by this section is cumulative of any other remedy provided by common law or statute.<br><br>(g)  Rules applicable to a party's access to election records under Chapter 231 or 232 apply to a cause of action under this section.<br><br>(h)  The expedited actions process created by Rule 169, Texas Rules of Civil Procedure, does not apply to an action under this section.<br><br>(i)  Chapter 27, Civil Practice and Remedies Code, does not apply to a cause of action under this section.<br><br>(j)  A cause of action under this section may be brought in the county where any element of a violation under Section 276.015 occurred, or where any part of the vote harvesting services occurred.<br><br>(k)  This section shall be liberally construed and applied to promote its underlying purpose to protect candidates and the voting public from unlawful vote harvesting and provide an efficient and economical remedy to secure that protection. | | |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| *No equivalent provision.* | Sec. 276.016.   UNLAWFUL SOLICITATION AND DISTRIBUTION OF APPLICATION TO VOTE BY MAIL.  (a)  A public official or election official commits an offense if the official, while acting in an official capacity, knowingly:  [FA2(41A)] <br> (1)  solicits the submission of an application to vote by mail from a person who did not request an application; <br> (2)  distributes an application to vote by mail to a person who did not request the application unless the distribution is expressly authorized by another provision of this code; <br> (3)  authorizes or approves the expenditure of public funds to facilitate third-party distribution of an application to vote by mail to a person who did not request the application; or <br> (4)  completes any portion of an application to vote by mail and distributes the application to an applicant. <br> (b)  An offense under this section is a state jail felony. <br> (c)  Subsection (a)(2) does not apply if the public official or election official engaged in the conduct described by Subsection (a)(2) by providing access to an application to vote by mail from a publicly accessible Internet website.  [FA2(41B)] <br> (d)  Subsection (a)(4) does not apply if the public official or election official engaged in the conduct described by Subsection (a)(4) while lawfully assisting the applicant under Section 84.003.  [FA2(41C)] <br> (e)  Subsection (a) does not apply if the public official or election official:  [FA2(41D)] <br> (1)  provided general information about voting by mail, the vote by mail process, or the timelines associated with voting to a person or the public; or | Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | (2)  engaged in the conduct described by Subsection (a) while acting in the official's capacity as a candidate for a public elective office. <br> (f)  The remedy provided under this chapter is cumulative, and does not restrict any other remedies provided by this code or by law. A violation of this section is subject to injunctive relief or mandamus as provided by this code. | |
| *No equivalent provision.* | Sec. 276.017.  UNLAWFUL DISTRIBUTION OF EARLY VOTING BALLOTS AND BALLOTING MATERIALS. (a)  The early voting clerk or other election official commits an offense if the clerk or official knowingly mails or otherwise provides an early voting ballot by mail or other early voting by mail ballot materials to a person who the clerk or official knows did not submit an application for a ballot to be voted by mail under Section 84.001. <br> (b)  An offense under this section is a Class A misdemeanor. | Same as House version. |
| *No equivalent provision.* | Sec.  276.018.  PERJURY IN CONNECTION WITH CERTAIN ELECTION PROCEDURES.  (a)  A person commits an offense if, with the intent to deceive, the person knowingly or intentionally makes a false statement or swears to the truth of a false statement: <br> (1) on a voter registration application; or <br> (2) previously made while making an oath, declaration, or affidavit described by this code. <br> (b)  An offense under this section is a state jail felony. [FA2(42);FA50(2)] | Same as House version. |
| Sec. 276.017.  UNLAWFUL ALTERING OF ELECTION PROCEDURES.  A public official may not create, alter, modify, waive, or suspend any election standard, practice, or | Sec. 276.019.  UNLAWFUL ALTERING OF ELECTION PROCEDURES.  A public official *or election official* may not create, alter, modify, waive, or suspend any election | Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| procedure mandated by law or rule in a manner not expressly authorized by this code. | standard, practice, or procedure mandated by law or rule in a manner not expressly authorized by this code.  [FA2(41E)] | |
| ARTICLE 7.  ENFORCEMENT | ARTICLE 8. Same heading as Senate version. | ARTICLE 8. Same heading as Senate version. |
| SECTION 7.01.  Section 18.065, Election Code, is amended by amending Subsection (a) and adding Subsections (e), (f), and (g) to read as follows:<br>(a)  The secretary of state shall monitor each registrar for substantial compliance with Sections 15.083, 16.032, 16.0332, and 18.061 and with rules implementing the statewide computerized voter registration list.<br>(e)  A registrar shall correct a violation within 30 days of a notice under Subsection (b).  If a registrar fails to correct the violation within 30 days of a notice under Subsection (b), the secretary of state shall:<br>(1)  correct the violation on behalf of the registrar; and<br>(2) notify the attorney general that the registrar failed to correct a violation under this subsection.<br>(f)  A county served by a registrar who fails to correct a violation under Subsection (e) is liable to this state for a civil penalty of $1,000 for each violation corrected by the secretary of state under that subsection.  The attorney general may bring an action to recover a civil penalty imposed under this section.<br>(g)  A civil penalty collected by the attorney general under this section shall be deposited in the state treasury to the credit of the general revenue fund. | *No equivalent provision. (But see SECTION 2.__ above [FA55(1)], also amending Sec. 18.065, Election Code.)* | Same as House version. *(See SECTION 2.06 above, also amending Sec. 18.065, Election Code.)* |
| SECTION 7.02.  Subchapter E, Chapter 31, Election Code, is amended by adding Sections 31.128 **and 31.129** to read as follows: | SECTION 8.__. Subchapter E, Chapter 31, Election Code, is amended by adding Sections 31.128, **31.129, and 31.130** to read as follows:  [FA55(5)] | SECTION 8.01. Subchapter E, Chapter 31, Election Code, is amended by adding Sections 31.128, 31.129, and 31.130 to read as follows: |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| Sec. 31.128. RESTRICTION ON ELIGIBILITY. (a) In this section, "election official" *means:* | Sec. 31.128. RESTRICTION ON ELIGIBILITY. (a) In this section, "election official" *does not include a chair of a county political party holding a primary election or a runoff primary election*. [FA55(5), FA56(1)] | (a) Same as House version. |
| *(1) a county clerk;* | | |
| *(2) a permanent or temporary deputy county clerk;* | | |
| *(3) an elections administrator;* | | |
| *(4) a permanent or temporary employee of an elections administrator;* | | |
| *(5) an election judge;* | | |
| *(6) an alternate election judge;* | | |
| *(7) an early voting clerk;* | | |
| *(8) a deputy early voting clerk;* | | |
| *(9) an election clerk;* | | |
| *(10) the presiding judge of an early voting ballot board;* | | |
| *(11) the alternate presiding judge of an early voting ballot board;* | | |
| *(12) a member of an early voting ballot board;* | | |
| *(13) the chair of a signature verification committee;* | | |
| *(14) the vice chair of a signature verification committee;* | | |
| *(15) a member of a signature verification committee;* | | |
| *(16) the presiding judge of a central counting station;* | | |
| *(17) the alternate presiding judge of a central counting station;* | | |
| *(18) a central counting station manager;* | | |
| *(19) a central counting station clerk;* | | |
| *(20) a tabulation supervisor; and* | | |
| *(21) an assistant to a tabulation supervisor.* | | |
| (b)  A person may not serve as an election official if the person has been finally convicted of an offense under this code. | (b)  A person may not serve as an election official if the person has been finally convicted of an offense under this code. [FA55(5)] | (b) Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| Sec. 31.129.  CIVIL PENALTY.  (a)   In this section, "election official" has the meaning assigned by Section 31.128. <br>(b)  An election official may be liable to this state for a civil penalty if the official: <br>(1)  is employed by or is an officer of this state or a political subdivision of this state; and <br>(2)  violates a provision of this code. <br>(c)  A civil penalty imposed under this section may include termination of the person's employment and loss of the person's employment benefits. | Sec. 31.129. Same as Senate version. [FA55(5)] | Sec. 31.129. Same as Senate version. |
| SECTION 7.03.  *Subchapter E, Chapter 31, Election Code, is amended by adding Section 31.130* to read as follows: <br>Sec. 31.130.  SUIT AGAINST ELECTION OFFICER.  An action, including an action for a writ of mandamus, alleging that an election officer violated a provision of this code while acting in the officer's official capacity may only be brought against the officer in the officer's official capacity. | Sec. 31.130. Same as Senate version. [FA55(5)] | Sec. 31.130. Same as Senate version. |
| SECTION 7.04.   Section 232.006(a), Election Code, is amended to read as follows: <br>(a)  The venue of an election contest for a statewide office is in Travis County or any county where a contestee resided at the time of the election.   For purposes of this section, a contestee's residence is determined under Section 411.0257, Government Code. | *No equivalent provision.* | Same as House version. |
| SECTION 7.05.  Sections 232.008(b), (c), and (d), Election Code, are amended. | SECTION 8.__. Same as Senate version.  [FA55(5)] | SECTION 8.02. Same as Senate version. |

**Senate Bill  1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| SECTION 7.06.  The heading to Title 14, Election Code, is amended to read as follows:<br>TITLE 14.  ELECTION CONTESTS <u>AND OTHER ELECTION LAWSUITS</u> | ***No equivalent provision.*** | Same as House version. |
| SECTION 7.07.  Title 14, Election Code, is amended by adding Subtitle D to read as follows:<br><u>SUBTITLE D.  OTHER ELECTION LAWSUITS</u><br><u>CHAPTER 247.  LAWSUIT ALLEGING IMPROPER ELECTION ACTIVITIES</u><br><u>Sec. 247.001.  PETITION ALLEGING FRAUD.  This chapter applies to a civil suit in which a candidate in an election alleges in the petition that an opposing candidate, an agent of the opposing candidate, or a person acting on behalf of the opposing candidate with the candidate's knowledge violated any of the following sections of this code:</u><br><u>(1)  Section 13.007;</u><br><u>(2)  Section 64.012;</u><br><u>(3)  Section 64.036;</u><br><u>(4)  Section 84.003;</u><br><u>(5)  Section 84.0041;</u><br><u>(6)  Section 86.0051;</u><br><u>(7)  Section 86.006;</u><br><u>(8)  Section 86.010;</u> ***or***<br><u>(9)  Section 276.013.</u> | SECTION 8.__.  Title 14, Election Code, is amended by adding Subtitle D to read as follows:<br><u>SUBTITLE D.  OTHER ELECTION LAWSUITS</u><br><u>CHAPTER 247.  LAWSUIT ALLEGING IMPROPER ELECTION ACTIVITIES</u><br><u>Sec. 247.001.  PETITION ALLEGING FRAUD.  This chapter applies to a civil suit in which a candidate in an election alleges in the petition that an opposing candidate, an agent of the opposing candidate, or a person acting on behalf of the opposing candidate with the candidate's knowledge violated any of the following sections of this code:</u><br><u>(1)  Section 13.007;</u><br><u>(2)  Section 64.012;</u><br><u>(3)  Section 64.036;</u><br><u>(4)  Section 84.003;</u><br><u>(5)  Section 84.0041;</u><br><u>(6)  Section 86.0051;</u><br><u>(7)  Section 86.006;</u><br><u>(8)  Section 86.010;</u><br><u>(9)  Section 276.013</u>***; and***<br>***<u>(10)  Section 276.015</u>***<u>.</u> [FA55(5)] | SECTION 8.03.Title 14, Election Code, is amended by adding Subtitle D to read as follows:<br><u>SUBTITLE D.  OTHER ELECTION LAWSUITS</u><br><u>CHAPTER 247.  LAWSUIT ALLEGING IMPROPER ELECTION ACTIVITIES</u><br><u>Sec. 247.001.</u>  Same as House version. |
| <u>Sec. 247.002.  PROCEDURE.  A candidate in an election may file a petition for an action under this chapter in any county where a defendant resided at the time of the election. If the election is for a statewide office, the candidate may also file the petition in a district court in Travis County.</u> | Same as Senate version. [FA55(5)] | Same as Senate version. |

Associated CCR Draft: 87S21482

54

21.241.76

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| Sec. 247.003.  FILING PERIOD FOR PETITION.  A candidate in an election may file a petition for an action under this chapter not earlier than the day after the date the election is certified and not later than the 45th day after the later of that date or the date election records are made publicly available under Section 1.012. | Same as Senate version. [FA55(5)] | Same as Senate version. |
| Sec. 247.004.  DAMAGES.  (a) If it is shown by a preponderance of the evidence that a defendant, an agent of the defendant, or a person acting on behalf of the defendant with the defendant's knowledge committed one or more violations of a section described by Section 247.001, the defendant is liable to the plaintiff for damages in an amount of $1,000 for each violation.<br>(b)  Notwithstanding Section 41.004, Civil Practice and Remedies Code, a court shall award damages under Subsection (a) to the plaintiff irrespective of whether the plaintiff is awarded actual damages. | Same as Senate version. [FA55(5)] | Same as Senate version. |
| Sec. 247.005. ATTORNEY'S FEES.  In an action under this chapter, the court may award reasonable attorney's fees to the prevailing party. | Same as Senate version. [FA55(5)] | Same as Senate version. |
| SECTION 7.08.    Section 273.061, Election Code, is amended. | SECTION 8.__. Same as Senate version.[FA55(5)] | SECTION 8.04. Same as Senate version. |
| SECTION 7.09.  Subchapter D, Chapter 22, Government Code, is amended by adding *Section* 22.304 to read as follows: | SECTION 8.01.  Subchapter D, Chapter 22, Government Code, is amended by adding *Sections* 22.304 *and 22.305* to read as follows: | SECTION 8.05. Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| *No equivalent provision.* | Sec. 22.304.   COURT SITTING IN PANELS FOR CERTAIN ELECTION PROCEEDINGS; CRIMINAL OFFENSE.  (a)  In this section, "public official" means any person elected, selected, appointed, employed, or otherwise designated as an officer, employee, or agent of this state, a government agency, a political subdivision, or any other public body established by state law.<br>(b)   Notwithstanding any other law or rule, a court proceeding entitled to priority under Section 22.305 and filed in a court of appeals shall be docketed by the clerk of the court and assigned to a panel of three justices determined using an automated assignment system.<br>(c)  A person, including a public official, commits an offense if the person communicates with a court clerk with the intention of influencing or attempting to influence the composition of a three-justice panel assigned a specific proceeding under this section.<br>(d)  An offense under this section is a Class A misdemeanor. | Same as House version. |
| ***Sec. 22.304.***   PRIORITY OF CERTAIN ELECTION PROCEEDINGS.  (a)  The supreme court, ***the court of criminal appeals,*** or a court of appeals shall prioritize over any other proceeding pending or filed in the court a proceeding for injunctive relief or for a writ of mandamus under Chapter 273, Election Code, pending or filed in the court on or after the ***120th*** day before a general or special election.<br>(b)  If granted, oral argument for a proceeding described by Subsection (a) may be given in person or through electronic means. | ***Sec. 22.305.***   PRIORITY OF CERTAIN ELECTION PROCEEDINGS.  (a)  The supreme court or a court of appeals shall prioritize over any other proceeding pending or filed in the court a proceeding for injunctive relief or for a writ of mandamus under Chapter 273, Election Code, pending or filed in the court on or after the ***70th*** day before a general or special election.<br>(b)  If granted, oral argument for a proceeding described by Subsection (a) may be given in person or through electronic means. | Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|

SECTION 7.10.   Section 23.101, Government Code, is amended by amending Subsection (a) and adding ***Subsection (b-1)*** to read as follows:

SECTION 8.02.   Section 23.101, Government Code, is amended by amending Subsection (a) and adding ***Subsections*** (b-1) ***and (b-2)*** to read as follows:

SECTION 8.06. Same as House version.

(a) <u>Except as provided by Subsection (b-1), the</u> [~~The~~] trial courts of this state shall regularly and frequently set hearings and trials of pending matters, giving preference to hearings and trials of the following:
(1)  temporary injunctions;
(2)   criminal actions, with the following actions given preference over other criminal actions:
(A)  criminal actions against defendants who are detained in jail pending trial;
(B)   criminal actions involving a charge that a person committed an act of family violence, as defined by Section 71.004, Family Code;
(C)  an offense under:
(i)  Section 21.02 or 21.11, Penal Code;
(ii)   Chapter 22, Penal Code, if the victim of the alleged offense is younger than 17 years of age;
(iii)  Section 25.02, Penal Code, if the victim of the alleged offense is younger than 17 years of age;
(iv)  Section 25.06, Penal Code;
(v)  Section 43.25, Penal Code; or
(vi)   Section 20A.02(a)(7), 20A.02(a)(8), or 20A.03, Penal Code;
(D)  an offense described by Article 62.001(6)(C) or (D), Code of Criminal Procedure; and
(E)   criminal actions against persons who are detained as provided by Section 51.12, Family Code, after transfer for prosecution in criminal court under Section 54.02, Family Code;

(a) Same as Senate version.

(a) Same as Senate version.

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| (3)  election contests and suits under the Election Code;<br>(4)  orders for the protection of the family under Subtitle B, Title 4, Family Code;<br>(5)  appeals of final rulings and decisions of the division of workers' compensation of the Texas Department of Insurance regarding workers' compensation claims and claims under the Federal Employers' Liability Act and the Jones Act;<br>(6)  appeals of final orders of the commissioner of the General Land Office under Section 51.3021, Natural Resources Code;<br>(7)  actions in which the claimant has been diagnosed with malignant mesothelioma, other malignant asbestos-related cancer, malignant silica-related cancer, or acute silicosis; and<br>(8)  appeals brought under Section 42.01 or 42.015, Tax Code, of orders of appraisal review boards of appraisal districts established for counties with a population of less than 175,000. | | |
| (b-1)  Except for a criminal case in which the death penalty has been or may be assessed or when it would otherwise interfere with a constitutional right, the trial courts of this state shall prioritize over any other proceeding pending or filed in the court a proceeding for injunctive relief under Chapter 273, Election Code, pending or filed in the court on or after the *120th* day before a general or special election. | (b-1)  Except for a criminal case in which the death penalty has been or may be assessed or when it would otherwise interfere with a constitutional right, the trial courts of this state shall prioritize over any other proceeding pending or filed in the court a proceeding for injunctive relief under Chapter 273, Election Code, pending or filed in the court on or after the *70th* day before a general or special election. | (b-1) Same as House version. |
| *No equivalent provision.* | (b-2)  A hearing in a proceeding described by Subsection (b-1) may be held in person or through electronic means, as determined by the court. | (b-2) Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| *No equivalent provision.* | SECTION 8.03.  Chapter 23, Government Code, is amended by adding Subchapter D to read as follows: <br> SUBCHAPTER D.  GENERAL PROVISIONS <br> Sec. 23.301.  ASSIGNMENT OF CERTAIN ELECTION PROCEEDINGS;   CRIMINAL   OFFENSE.   (a) Notwithstanding any other law or rule, the clerk of a district court in which a proceeding entitled to priority under Section 23.101(b-1) is filed shall docket the proceeding and, if more than one district court in the county has jurisdiction over the proceeding, randomly assign the proceeding to a district court using an automated assignment system. <br> (b)  Notwithstanding any other law or rule, the clerk of a county court or statutory county court in which a proceeding entitled to priority under Section 23.101(b-1) is filed shall docket the proceeding and, if more than one court in the county has jurisdiction over the proceeding, randomly assign the proceeding to a court using an automated assignment system. <br> (c)  A person, including a public official, commits an offense if the person communicates with a county or district clerk with the intention of influencing or attempting to influence the court or judge assigned to a proceeding under this section. <br> (d)  An offense under this section is a Class A misdemeanor, except that the offense is a state jail felony if it is shown on the trial of the offense that the person committed the offense while acting in the person's official capacity as an election official. <br> (e)  If a district or county clerk does not comply with this section, a person may seek from the supreme court or a court of appeals a writ of mandamus as provided by Section | SECTION 8.07. Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | 273.061, Election Code, to compel compliance with this section. | |
| | Sec. 23.302.   DEADLINES IN CERTAIN ELECTION PROCEEDINGS.   (a)   Not later than 24 hours after the proceeding is filed, a judge to whom a case is assigned under Section 23.301(b) who wishes to be recused from the proceeding must, before recusal: | |
| | (1)  hear an application for any emergency temporary relief sought; | |
| | (2)  grant or deny any emergency temporary relief sought; and | |
| | (3)  set a scheduling order that provides: | |
| | (A)  a date for a hearing on any injunction sought not later than five days after the date on which the proceeding was filed; and | |
| | (B) discovery and deposition deadlines before the expiration of any emergency relief order entered. | |
| | (b)   The presiding judge of an administrative region shall assign a new judge to a proceeding assigned under Section 23.301(b) not later than 12 hours after the original judge assigned to the proceeding is recused under Subsection (a). | |
| | (c)   A final order in a proceeding filed under Section 273.081, Election Code, shall be submitted in writing to the parties not later than 24 hours after the judge makes a final determination in the proceeding. | |
| | (d)  If a district judge does not comply with this section, a person may seek from the supreme court, the court of criminal appeals, or a court of appeals a writ of mandamus as provided by Section 273.061, Election Code, to compel compliance with this section. | |
| | (e)   Notwithstanding Section 23.101(b-1), a proceeding relating to a permanent injunction being sought in | |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | connection to a challenge under Section 141.034, Election Code, may be heard after the primary election has been canvassed. | |
| ARTICLE 8.   INELIGIBLE VOTERS AND RELATED REFORMS | ARTICLE 9. Same heading as Senate version. | ARTICLE 9. Same heading as Senate version. |
| SECTION 8.01.  Chapter 42, Code of Criminal Procedure, is amended by adding Article 42.0194 to read as follows: Art.  42.0194.    FINDING  REGARDING  FELONY CONVICTION.   In the trial of a felony offense, if the defendant is *18 years of age or older and is* adjudged guilty of the offense, the court shall: (1)  make an affirmative finding that the person has been found guilty of a felony and enter the affirmative finding in the judgment of the case; and (2)   instruct the defendant regarding how the felony conviction will impact the defendant's right to vote in this state. | SECTION 9.01.  Chapter 42, Code of Criminal Procedure, is amended by adding Article 42.0194 to read as follows: Art.  42.0194.    FINDING  REGARDING  FELONY CONVICTION.   In the trial of a felony offense, if the defendant is adjudged guilty of the offense, the court shall: (1)  make an affirmative finding that the person has been found guilty of a felony and enter the affirmative finding in the judgment of the case; and (2)   instruct the defendant regarding how the felony conviction will impact the defendant's right to vote in this state. | SECTION 9.01. Same as House version. |
| SECTION 8.02.  Article 42.01, Code of Criminal Procedure, as effective September 1, 2021, is amended by adding Section 16 to read as follows: | SECTION 9.02.  Article 42.01, Code of Criminal Procedure, as effective September 1, 2021, is amended by amending Section 4 and by adding Section 16 to read as follows: [FA2(43);FA58(2)] *Sec. 4.  The Court of Criminal Appeals [Office of Court Administration of the Texas Judicial System] shall promulgate a standardized felony judgment form that conforms to the requirements of Section 1 of this article. A court entering a felony judgment [judgement] shall use the form promulgated under this section.* [FA58(3)] | SECTION 9.02. Same as Senate version. |

**Senate Bill  1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| Sec. 16.  In addition to the information described by Section 1, the judgment should reflect the affirmative finding and instruction entered pursuant to Article 42.0194. | Sec. 16.  In addition to the information described by Section 1, the judgment should reflect the affirmative finding and instruction entered pursuant to Article 42.0194. | |
| *No equivalent provision.* | SECTION 9.03. Section 64.012, Election Code, is amended by amending Subsections (a) and (b) and adding Subsections (c) and (d) to read as follows: | SECTION 9.03.  Section 64.012, Election Code, is amended by amending Subsections (a) and (b) and adding Subsections (c) and (d) to read as follows: |
| | (a) A person commits an offense if the person knowingly or intentionally: [FA50(3)] | (a)  A person commits an offense if the person knowingly or intentionally: |
| | (1)  votes or attempts to vote in an election *if [in which]* the person knows: | (1)  votes or attempts to vote in an election *in which* the person knows the person *is* not eligible to vote; |
| | *(A)  of particular circumstances that make* the person *[is]* not eligible to vote *in the election; and* | |
| | *(B)  that those circumstances make the person not eligible to vote in the election;*  [FA58(1)] | |
| | (2) [knowingly] votes or attempts to vote more than once in an election; | (2)  [knowingly] votes or attempts to vote more than once in an election; |
| | (3) [knowingly] votes or attempts to vote a ballot belonging to another person, or by impersonating another person; [or] | (3)  [knowingly] votes or attempts to vote a ballot belonging to another person, or by impersonating another person; [or] |
| | (4) [knowingly] marks or attempts to mark any portion of another person's ballot without the consent of that person, or without specific direction from that person how to mark the ballot; or | (4)  [knowingly] marks or attempts to mark any portion of another person's ballot without the consent of that person, or without specific direction from that person how to mark the ballot; or |
| | (5) votes or attempts to vote in an election in this state after voting in another state in an election in which a federal office appears on the ballot and the election day for both states is the same day. | (5)  votes or attempts to vote in an election in this state after voting in another state in an election in which a federal office appears on the ballot and the election day for both states is the same day. |
| | (b) An offense under this section is a Class A misdemeanor [felony of the second degree unless the person is convicted of an attempt. In that case, the offense is a state jail felony]. [FA50(3)] | (b)  An offense under this section is a Class A misdemeanor [felony of the second degree unless the person is convicted of an attempt.  In that case, the offense is a state jail felony]. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | (c)  A person may not be convicted solely upon the fact that the person signed a provisional ballot affidavit under Section 63.011 unless corroborated by other evidence that the person knowingly committed the offense. | (c)  A person may not be convicted solely upon the fact that the person signed a provisional ballot affidavit under Section 63.011 unless corroborated by other evidence that the person knowingly committed the offense. |
| | (d)  If conduct that constitutes an offense under this section also constitutes an offense under any other law, the actor may be prosecuted under this section, the other law, or both. | (d)  If conduct that constitutes an offense under this section also constitutes an offense under any other law, the actor may be prosecuted under this section, the other law, or both. |
| *No equivalent provision.* | SECTION __.  *Notwithstanding Section 10.03 of this Act,* the change in law made by this *Act to* Section *64.012(a)(1),* Election Code, applies to an offense *regardless of whether the* offense *was* committed before, on, or after the effective date of this Act.  [FA58(4)] | SECTION 9.04.  The change in law made by this *article in adding* Section *64.012(c),* Election Code, applies to an offense committed before, on, or after the effective date of this Act, *except that a final conviction for an offense under that section that exists on the effective date of this Act remains unaffected by this article.* |
| ARTICLE   9.     REPEALER;     SEVERABILITY; TRANSITION; EFFECTIVE DATE | ARTICLE 10. Same heading as Senate version. | ARTICLE 10. Same heading as Senate version. |
| SECTION 9.01.  The following provisions of the Election Code are repealed: (1) Section 85.062(e); and | SECTION 10.01.  The following provisions of the Election Code are repealed: (1) Section 85.062(e); | SECTION 10.01. Same as House version. |
| (2) Section 127.201(f). | *(2)  Section 86.0105(b);* and (3) Section 127.201(f).  [FA2(44)-(45)] | |
| SECTION 9.02.  Severability provision. | SECTION 10.02. Same as Senate version. | SECTION 10.02. Same as Senate version. |
| SECTION 9.03. | SECTION 10.03. Same as Senate version, except as follows: | SECTION 10.03. Same as House version. |
| (a)  Except as otherwise provided by this Act, the changes in law made by this Act apply only to an offense committed on or after the effective date of this Act.  An offense committed | (a) Same as Senate version. | (a) Same as Senate version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| before the effective date of this Act is governed by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.  For purposes of this section, an offense was committed before the effective date of this Act if any element of the offense occurred before that date. | | |
| (b)  The changes in law made by this Act apply only to an election ordered on or after the effective date of this Act.  An election ordered before the effective date of this Act is governed by the law in effect when the election was ordered, and the former law is continued in effect for that purpose. | (b) Same as Senate version. | (b) Same as Senate version. |
| (c)  The changes in law made by this Act apply only to an election contest for which the associated election occurred after the effective date of this Act. | *No equivalent provision.* | Same as House version. |
| (d)  The changes in law made by this Act apply only to an application to vote an early voting ballot by mail submitted on or after the effective date of this Act.  An application to vote an early voting ballot by mail submitted before the effective date of this Act is governed by the law in effect when the application was submitted, and the former law is continued in effect for that purpose. | (c) Same as Senate version. | (c) Same as Senate version. |
| (e)  The changes in law made by this Act apply only to an application for voter registration submitted on or after the effective date of this Act. | (d) Same as Senate version. | (d) Same as Senate version. |
| *No equivalent provision.* | (e) Chapter 247, Election Code, as added by this Act, applies only to a cause of action for which the associated election | (e) Same as House version. |