# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al*., | § | |
| *Plaintiffs*, | § | |
| | § | Consolidated Case No. 5:21-cv-844-XR |
| v. | § | |
| | § | |
| GREGORY W. ABBOTT, *et al*., | § | |
| *Defendants*. | § | |

**Documents Produced with State Defendants' Initial Disclosures
November 5, 2021**


**Copy Filed with the Court November 15, 2021 (ECF 112)**

**Senate Bill 1
Legislative Session: 87
Second Special Session**

**Part IV**

Date: November 15, 2021

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General


OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410

Respectfully submitted.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
patrick.sweeten@oag.texas.gov
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
will.thompson@oag.texas.gov
Tex. State Bar No. 24088531

ERIC A. HUDSON
Senior Special Counsel
eric.hudson@oag.texas.gov
Tex. Bar No. 24059977

KATHLEEN T. HUNKER
Special Counsel
kathleen.hunker@oag.texas.gov
Tex. State Bar No. 24118415
*Application for Admission Pending*

LEIF A. OLSON
Special Counsel
leif.olson@oag.texas.gov
Tex. State Bar No. 24032801

JEFFREY M. WHITE
Special Counsel
jeff.white@oag.texas.gov
Tex. State Bar No. 24064380

**COUNSEL FOR DEFENDANTS**


**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on November 15, 2021, and that all counsel of record were served by CM/ECF.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN

**Senate Bill  1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | occurred after the effective date of this Act.   [FA55(6), FA56(2)] | |
| SECTION 9.04.  Effective date. | SECTION 10.04. Same as Senate version. | SECTION 10.04. Same as Senate version. |

**LEGISLATIVE BUDGET BOARD**
**Austin, Texas**

**FISCAL NOTE, 87TH LEGISLATURE 2nd CALLED SESSION 2021**

**August 30, 2021**

**TO:** Honorable Dan Patrick, Lieutenant Governor, Senate
Honorable Dade Phelan, Speaker of the House, House of Representatives

**FROM:** Jerry McGinty, Director, Legislative Budget Board

**IN RE: SB1** by Hughes (relating to election integrity and security, including by preventing fraud in the
conduct of elections in this state; increasing criminal penalties; creating criminal offenses.),
**Conference Committee Report**

---

**Estimated Two-year Net Impact to General Revenue Related Funds** for SB1, Conference Committee
Report : an impact of $0 through the biennium ending August 31, 2023.

The bill would make no appropriation but could provide the legal basis for an appropriation of funds to
implement the provisions of the bill.

---

**General Revenue-Related Funds, Five- Year Impact:**

| Fiscal Year | Probable Net Positive/(Negative) Impact to General Revenue Related Funds |
|---|---|
| 2022 | $0 |
| 2023 | $0 |
| 2024 | $0 |
| 2025 | $0 |
| 2026 | ($154,179,370) |

**All Funds, Five-Year Impact:**

| Fiscal Year | Probable Savings/(Cost) from General Revenue Fund 1 | Change in Number of State Employees from FY 2021 |
|---|---|---|
| 2022 | $0 | 0.0 |
| 2023 | $0 | 0.0 |
| 2024 | $0 | 0.0 |
| 2025 | $0 | 0.0 |
| 2026 | ($154,179,370) | 0.0 |

**Fiscal Analysis**

This bill would amend the Election Code relating to voter registration, poll watchers, procedural requirements
for state and county election officers, modifications of Election Day procedures, and voting by mail. It would
increase criminal penalties for certain election offenses. It would require a voter registrar to provide notice of
unlawful voting or registration to the Office of the Attorney General (OAG) and the Secretary of State (SOS).

According to the SOS, the agency would be required: 1) to develop a training course for voter registrars not in

compliance with certain requirements and, in certain instances, inform the OAG of failure to achieve substantial compliance following attendance at these courses; 2) to conduct periodic audits of elections in certain counties; 3) to develop and maintain a poll watcher training program; and 4) to make certain modifications to the Texas Election Administration Management (TEAM) mail ballot tracking system in order to allow voters to correct certain defects related to those ballots. It is anticipated that the cost of these provisions could be absorbed within existing resources of the agency. Additionally, the bill would require the SOS to reimburse certain changes to county voting counting systems that would be eligible for 100 percent reimbursement by the state.

According to the Office of Court Administration, the bill would impose criminal penalties upon conduct which is not currently illegal and would enhance penalties on preexisting crimes which could increase criminal caseloads before the courts. However, due to the deterrent effect of the new laws, it is not anticipated caseloads will increase significantly and no significant fiscal impact to the state court system is anticipated. This analysis assumes any increase in costs related to new civil penalties could be addressed with existing resources. It is assumed that any additional costs imposed on the Court of Criminal Appeals related to an authorization to issue a writ of mandamus in certain situations could be addressed with existing resources.

According to the OAG, the office anticipates an increase in cases as a result of the passage of this bill; however, the office assumes that any legal work resulting from the passage of this bill could be reasonably absorbed with current resources.

According to the Comptroller of Public Accounts, the extent to which creating a new offense or expanding an existing offense would impact state revenue cannot be estimated.

This analysis assumes implementing the provisions of the bill addressing felony sanctions for criminal offenses would not result in a significant impact on state correctional agencies.

**Methodology**

To address the provision of the bill related to reimbursement of local jurisdiction costs to convert scanners and central count computers to a configuration that utilizes write-once media, the SOS anticipates that all existing devices subject to the provisions of the bill would be required to be replaced. The cost of replacing hardware components, including new write-once media for every device in every election, is estimated by currently certified voting system vendors to be $116,209,750. In addition, these vendors have estimated that the cost of replacing write-once removable media for all elections occurring in a biennium would result in a reimbursable cost of $37,969,620. This cost would reoccur in each biennium thereafter. Because the write-only requirement would be required as of September 1, 2026, it is assumed that these costs would be incurred in fiscal year 2026.

**Local Government Impact**

According to the Texas Association of Counties, the bill would have a significant fiscal impact on counties.

According to the Fort Bend County Election Administrator, the estimated fiscal impact of the bill would be between $200,000 and $12.0 million. The county states that the most significant component of this cost would be the replacement of voting systems to comply with the requirements of the bill at an estimated $9.0 to $12.0 million.

According to the Bexar County Election Administrator, the bill would result in an estimated fiscal impact of $350,000 to $13.0 million. The most significant component of this estimate would be due to the required replacement of voting systems. The county states that the provisions of the bill related to video surveillance, live streaming, and records retention would have significant costs that would vary by the number of elections held over the course of a year. According to the county, there would also be additional costs for reprinting new forms and envelopes, outreach for new mail ballot requirements, and providing processing for rejected voter applications.

According to the Cameron County Election Administrator, the bill would have an estimated annual fiscal impact

of at least $250,000 and an additional cost of over $5.0 million for new equipment, the acquisition of surveillance equipment, and streaming and data storage

According to the Williamson County Election Administrator, the bill would have an estimated annual financial impact of between $500,000 and $5.0 million. The most significant component of this estimate would be due to the required replacement of voting systems. In addition, provisions of the bill related to video surveillance, live streaming, and records retention would have significant costs that would vary by the number of elections held over the course of a year. There would also be additional costs for reprinting new forms and envelopes, outreach for new mail ballot requirements, and providing processing for rejected voter applications.

A Class A misdemeanor is punishable by a fine of not more than $4,000, confinement in jail for a term not to exceed one year, or both. Costs associated with enforcement, prosecution and confinement could likely be absorbed within existing resources. Revenue gain from fines imposed and collected is not anticipated to have a significant fiscal implication.

**Source Agencies:** 212 Office of Court Admin, 302 Office of the Attorney General, 304 Comptroller of Public Accounts, 307 Secretary of State, 405 Department of Public Safety

**LBB Staff:** JMc, LCO, GP, LBO, CMA

**LEGISLATIVE BUDGET BOARD**
**Austin, Texas**

**CRIMINAL JUSTICE IMPACT STATEMENT**

**87TH LEGISLATURE 2nd CALLED SESSION 2021**

**August 30, 2021**

**TO:** Honorable Dan Patrick, Lieutenant Governor, Senate
Honorable Dade Phelan, Speaker of the House, House of Representatives

**FROM:** Jerry McGinty, Director, Legislative Budget Board

**IN RE: SB1** by Hughes (relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses.),
**Conference Committee Report**

The provisions of the bill addressing felony sanctions are the subject of this analysis. The bill would amend various codes as they relate to election integrity and security. Under the provisions of the bill existing offenses would be modified and several newly created election fraud-related criminal offenses would be punishable at the felony and misdemeanor levels with the level and degree of punishment based on the specific circumstances of the offense.

Creating a new offense or modifying the penalty for an existing offense is expected to result in additional demands upon the correctional resources of counties or of the State due to an increase in the number of individuals placed under supervision in the community or sentenced to a term of confinement within state correctional institutions. From fiscal year 2018 through 2020 there were a total of 45 arrests for election-related offenses; there were fewer than ten individuals in each fiscal year who were placed onto community supervision; and there were fewer than ten individuals in each fiscal year who were admitted into a state correctional institution for election-related offenses. This analysis assumes implementing the provisions of the bill addressing felony sanctions would not result in a significant impact on state correctional populations or on the demand for state correctional resources.

**Source**
**Agencies:**
**LBB Staff:** JMc, LM, LBO, MP

# CONFERENCE COMMITTEE REPORT FORM

Austin, Texas

_8/30/21_
Date

Honorable Dan Patrick
President of the Senate

Honorable Dade Phelan
Speaker of the House of Representatives

Sirs:

We, Your Conference Committee, appointed to adjust the differences between the Senate and the House of Representatives on _____ SB 1 _____ have had the same under consideration, and beg to report it back with the recommendation that it do pass in the form and text hereto attached.

| | |
|---|---|
| HUGHES | MURR |
| CREIGHTON | BURROWS |
| BETTENCOURT | LOZANO |
| BUCKINGHAM | |
| | |
| On the part of the Senate | On the part of the House |

**Note to Conference Committee Clerk:**

Please type the names of the members of the Conference Committee under the lines provided for signature. Those members desiring to sign the report should sign each of the six copies. Attach a copy of the Conference Committee Report and a Section by Section side by side comparison to each of the six reporting forms. The original and two copies are filed in house of origin of the bill, and three copies in the other house.

87S21482

# CONFERENCE
# COMMITTEE REPORT

### 3rd Printing

S.B. No. 1

A BILL TO BE ENTITLED

1                              AN ACT

2 relating to election integrity and security, including by

3 preventing fraud in the conduct of elections in this state;

4 increasing criminal penalties; creating criminal offenses.

5       BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

6                      ARTICLE 1.  GENERAL PROVISIONS

7       SECTION 1.01.  SHORT TITLE.  This Act may be cited as the

8 Election Integrity Protection Act of 2021.

9       SECTION 1.02.  PURPOSE.  The purpose of this Act is to

10 exercise the legislature's constitutional authority under Section

11 4, Article VI, Texas Constitution, to make all laws necessary to

12 detect and punish fraud.

13      SECTION 1.03.  FINDINGS. The legislature finds that:

14            (1)  full, free, and fair elections are the

15 underpinnings of a stable constitutional democracy;

16            (2)  fraud in elections threatens the stability of a

17 constitutional democracy by undermining public confidence in the

18 legitimacy of public officers chosen by election;

19            (3)  reforms are needed to the election laws of this

20 state to ensure that fraud does not undermine the public confidence

21 in the electoral process;

22            (4)  the reforms to the election laws of this state made

23 by this Act are not intended to impair the right of free suffrage

24 guaranteed to the people of Texas by the United States and Texas

S.B. No. 1

1  Constitutions, but are enacted solely to prevent fraud in the
2  electoral process and ensure that all legally cast ballots are
3  counted.  Integral to the right to vote is the assurance of voter
4  access and the right for all votes legally cast to be counted;

5          (5)  additionally, preventing a valid vote from being
6  counted violates the basic constitutional rights guaranteed to each
7  citizen by the United States Constitution; and

8          (6)  providing for voter access and increasing the
9  stability of a constitutional democracy ensures public confidence
10  in the legitimacy of public officers chosen by election.

11      SECTION 1.04.  Chapter 1, Election Code, is amended by
12  adding Section 1.0015 to read as follows:

13      Sec. 1.0015.  LEGISLATIVE INTENT.  It is the intent of the
14  legislature that the application of this code and the conduct of
15  elections be uniform and consistent throughout this state to reduce
16  the likelihood of fraud in the conduct of elections, protect the
17  secrecy of the ballot, promote voter access, and ensure that all
18  legally cast ballots are counted.

19      SECTION 1.05.  Section 1.003, Election Code, is amended by
20  adding Subsection (a-1) to read as follows:

21      (a-1)  Election officials and other public officials shall
22  strictly construe the provisions of this code to effect the intent
23  of the legislature under Section 1.0015.

24      SECTION 1.06.  Section 1.005, Election Code, is amended by
25  amending Subdivision (4-a) and adding Subdivision (4-b) to read as
26  follows:

27          (4-a)  "Election official" means:

87S21482                        2

S.B. No. 1

1                    (A)   a county clerk;

2                    (B)   a permanent or temporary deputy county clerk;

3                    (C)   an elections administrator;

4                    (D)   a permanent or temporary employee of an

5    elections administrator;

6                    (E)   an election judge;

7                    (F)   an alternate election judge;

8                    (G)   an early voting clerk;

9                    (H)   a deputy early voting clerk;

10                   (I)   an election clerk;

11                   (J)   the presiding judge of an early voting ballot

12   board;

13                   (K)   the alternate presiding judge of an early

14   voting ballot board;

15                   (L)   a member of an early voting ballot board;

16                   (M)   the chair of a signature verification

17   committee;

18                   (N)   the vice chair of a signature verification

19   committee;

20                   (O)   a member of a signature verification

21   committee;

22                   (P)   the presiding judge of a central counting

23   station;

24                   (Q)   the alternate presiding judge of a central

25   counting station;

26                   (R)   a central counting station manager;

27                   (S)   a central counting station clerk;

S.B. No. 1

1        (T)  a tabulation supervisor;

2        (U)  an assistant to a tabulation supervisor; and

3        (V)  a chair of a county political party holding a
4  primary election or a runoff primary election.

5        (4-b)  "Federal judge" means:

6        (A)  a judge, former judge, or retired judge of a
7  United States court of appeals;

8        (B)  a judge, former judge, or retired judge of a
9  United States district court;

10        (C)  a judge, former judge, or retired judge of a
11  United States bankruptcy court; or

12        (D)  a magistrate judge, former magistrate judge,
13  or retired magistrate judge of a United States district court.

14        SECTION 1.07.  Section 1.018, Election Code, is amended to
15  read as follows:

16        Sec. 1.018.  APPLICABILITY OF PENAL CODE.  In addition to
17  Section 1.03, Penal Code, and to other titles of the Penal Code that
18  may apply to this code, Titles 2 and [Title] 4, Penal Code, apply
19  [applies] to offenses prescribed by this code.

20        SECTION 1.08.  Chapter 1, Election Code, is amended by
21  adding Section 1.022 to read as follows:

22        Sec. 1.022.  REASONABLE ACCOMMODATION OR MODIFICATION.  A
23  provision of this code may not be interpreted to prohibit or limit
24  the right of a qualified individual with a disability from
25  requesting a reasonable accommodation or modification to any
26  election standard, practice, or procedure mandated by law or rule
27  that the individual is entitled to request under federal or state

S.B. No. 1

1   law.

2            ARTICLE 2.  REGISTRATION OF VOTERS

3        SECTION 2.01.  Section 13.002, Election Code, is amended by

4   adding Subsection (c-1) to read as follows:

5        (c-1)  The information required under Subsections (c)(3),

6   (4), (5), (6), and (8) must be supplied by the person desiring to

7   register to vote.

8        SECTION 2.02.  Section 13.007, Election Code, is amended to

9   read as follows:

10       Sec. 13.007.  FALSE STATEMENT ON APPLICATION.  (a)  A person

11  commits an offense if the person knowingly or intentionally:

12            (1)  makes a false statement; or

13            (2)  requests, commands, coerces, or attempts to induce

14  another  person  to  make  a  false  statement  on  a  registration

15  application.

16       (b)  An  offense  under  this  section  is  a  Class  A  [B]

17  misdemeanor, except that an offense under this section is a state

18  jail felony if the person:

19            (1)  directly  or  through  a  third  party  offers  or

20  provides  compensation  or  other  benefit  to  a  person  for  activity

21  described by Subsection (a); or

22            (2)  solicits,  receives,  or  accepts  compensation  or

23  other benefit for an activity described by Subsection (a).

24       (c)  If  conduct  that  constitutes  an  offense  under  this

25  section also constitutes an offense under another law, the actor

26  may be prosecuted under this section, the other law, or both. [For

27  purposes of this code, an offense under this section is considered

S.B. No. 1

1  to be perjury, but may be prosecuted only under this section.]

2      SECTION 2.03.  Section 15.021, Election Code, is amended by

3  amending Subsections (b) and (d) and adding Subsections (d-1) and

4  (d-2) to read as follows:

5      (b)  Except as provided by Subsection (d), the [The] voter

6  shall  use  the  registration  certificate  or  a  registration

7  application form as the notice, indicating the correct information

8  in  the  appropriate  space  on  the  certificate  or  application  form

9  unless the voter does not have possession of the certificate or an

10  application form at the time of giving the notice.

11      (d)  A voter [who continues to reside in the county in which

12  the voter is registered] may correct information under this section

13  by  digital  transmission  of  the  information  under  a  program

14  administered  by  the  secretary  of  state  and  the  Department  of

15  Information Resources.

16      (d-1)  If the notice indicates that a voter no longer resides

17  in the county in which the voter is registered, the registrar shall

18  forward the notice and the voter's application for registration to

19  the  registrar  of  the  county  in  which  the  voter  resides.   The

20  registrars  shall  coordinate  to  ensure  that  the  voter's  existing

21  registration is canceled immediately after the voter is registered

22  in  the  county  in  which  the  voter  resides  in  accordance  with

23  Subsection (d-2).

24      (d-2)  A  registrar  who  receives  a  voter's  notice  and

25  application  from  another  registrar  under  Subsection  (d-1)  shall

26  treat it as an original application for registration under Section

27  13.002, and shall register the voter if the voter resides in the

S.B. No. 1

1  county and is otherwise eligible under Section 13.001.

2         SECTION 2.04.  Section 15.028, Election Code, is amended to

3  read as follows:

4         Sec. 15.028.  NOTICE OF UNLAWFUL VOTING OR REGISTRATION [TO

5  PROSECUTOR].  [(a)]  If the registrar determines that a person who

6  is not eligible to vote registered to vote or [a registered voter]

7  voted in an election, the registrar shall, within 72 hours not

8  including weekends after making the determination, execute and

9  deliver to the attorney general, the secretary of state, and the

10 county or district attorney having jurisdiction in the territory

11 covered by the election an affidavit stating the relevant facts.

12        [(b)  If the election covers territory in more than one

13 county, the registrar shall also deliver an affidavit to the

14 attorney general.]

15        SECTION  2.05.  Section 16.0332, Election Code, is amended

16 by amending Subsection (a) and adding Subsections (a-1), (d), and

17 (e) to read as follows:

18        (a)  After the registrar receives notification [a list]

19 under Subsection (a-1) of this section, Section 18.068 of this

20 code, or Section 62.113, Government Code, of persons excused or

21 disqualified from jury service because of citizenship status or

22 notification of persons who indicate a lack of citizenship status

23 in connection with a motor vehicle or Department of Public Safety

24 record as provided by Subsection (a-1), the registrar shall deliver

25 to each registered voter whose name appears on the list a written

26 notice requiring the voter to submit to the registrar proof of

27 United States citizenship in the form of a certified copy of the

S.B. No. 1

1  voter's birth certificate, United States passport, or certificate

2  of naturalization or any other form prescribed by the secretary of

3  state.   The notice shall be delivered by forwardable mail to the

4  mailing address on the voter's registration application and to any

5  new address of the voter known to the registrar.

6       (a-1)  The secretary of state shall enter into an agreement

7  with the Department of Public Safety under which information in the

8  existing   statewide   computerized   voter   registration   list   is

9  compared against information in the database of the Department of

10  Public  Safety  on  a  monthly  basis  to  verify  the  accuracy  of

11  citizenship   status   information   previously   provided   on   voter

12  registration  applications.   In  comparing  information  under  this

13  subsection, the secretary of state shall consider only a voter's

14  information in the database of the Department of Public Safety that

15  was derived from documents presented by the voter to the department

16  after the person's current voter registration became effective, and

17  may not consider information derived from documents presented by

18  the  voter  to  the  department  before  the  person's  current  voter

19  registration became effective.

20       (d)  The secretary of state shall prescribe rules for the

21  administration of this section.

22       (e)  Not later than December 31 of each year, the secretary

23  of state shall provide a report to the legislature of the number of

24  voter registrations canceled under this section during the calendar

25  year.

26       SECTION 2.06.  Section 18.065, Election Code, is amended by

27  adding Subsections (e), (f), (g), (h), and (i) to read as follows:

S.B. No. 1

1    (e) If the secretary of state determines that a voter
2  registrar is not in substantial compliance with a requirement
3  imposed on the registrar by a provision or rule described in
4  Subsection (a), the secretary of state shall:
5        (1) for the first violation, require the registrar to
6  attend a training course under Subsection (h);
7        (2) for the second violation, audit the voter
8  registration list for the county in which the registrar serves to
9  determine the actions needed to achieve substantial compliance
10  under Subsection (a) and provide the results of the audit to the
11  registrar; or
12        (3) for a third or subsequent violation, if the
13  secretary of state determines that the registrar has not performed
14  any overt actions in pursuance of compliance with the actions
15  identified under Subdivision (2) as necessary for the registrar to
16  achieve substantial compliance under Subsection (a) within 14 days
17  of receiving the results of the audit conducted under that
18  subsection, inform the attorney general that the county which the
19  registrar serves may be subject to a civil penalty under Subsection
20  (f).
21    (f) A county is liable to this state for a civil penalty of
22  $1,000 for each day after the 14th day following the receipt of the
23  results of the audit conducted under Subsection (e)(2) that the
24  county's voter registrar fails to take overt action to comply with
25  the actions identified under that subsection as necessary for the
26  registrar to achieve substantial compliance under Subsection (a).
27  The attorney general may bring an action to recover a civil penalty

S.B. No. 1

1  imposed under this section.

2      (g)  A civil penalty collected by the attorney general under

3  this section shall be deposited in the state treasury to the credit

4  of the general revenue fund.

5      (h)  The secretary of state shall develop and implement a

6  training course for registrars on substantial compliance with

7  Sections 15.083, 16.032, and 18.061 and with rules implementing the

8  statewide computerized voter registration list.

9      (i)  The secretary of state shall adopt rules and prescribe

10  procedures for the implementation of this section.

11      SECTION 2.07.  Section 18.068, Election Code, is amended by

12  amending Subsection (a) and adding Subsection (a-1) to read as

13  follows:

14      (a)  The secretary of state shall quarterly compare the

15  information received under Section 16.001 of this code and Sections

16  [Section] 62.113 and 62.114, Government Code, to the statewide

17  computerized voter registration list.  If the secretary determines

18  that a voter on the registration list is deceased or has been

19  excused or disqualified from jury service because the voter is not a

20  citizen or a resident of the county in which the voter is registered

21  to vote, the secretary shall send notice of the determination

22  to the voter registrar of the counties considered appropriate by

23  the secretary.

24      (a-1)  The secretary of state is not required to send notice

25  under Subsection (a) for a voter who is subject to an exemption from

26  jury service under Section 62.106, Government Code, if that

27  exemption is the only reason the voter is excused from jury service.

S.B. No. 1

1   SECTION 2.08.  Section 31.006, Election Code, is amended to

2 read as follows:

3   Sec. 31.006.  REFERRAL [OF COMPLAINT] TO ATTORNEY GENERAL.

4 (a)  If, after receiving <u>or discovering information indicating that</u>

5 [a complaint alleging] criminal conduct in connection with an

6 election <u>has occurred</u>, the secretary of state determines that there

7 is reasonable cause to suspect that [the alleged] criminal conduct

8 occurred, the secretary shall promptly refer the <u>information</u>

9 [complaint] to the attorney general.  The secretary shall deliver

10 to the attorney general all pertinent documents <u>and information</u> in

11 the secretary's possession.

12   (b)  The documents <u>and information</u> submitted under

13 Subsection (a) are not considered public information until:

14    (1)  the secretary of state makes a determination that

15 the <u>information</u> [complaint] received does not warrant an

16 investigation; or

17    (2)  if referred to the attorney general, the attorney

18 general has completed the investigation or has made a determination

19 that the <u>information</u> [complaint] referred does not warrant an

20 investigation.

21   SECTION 2.09.  Subchapter B, Chapter 87, Election Code, is

22 amended by adding Section 87.028 to read as follows:

23   <u>Sec. 87.028.  ACCESS TO INFORMATION.  (a)  On request, a</u>

24 <u>county election official shall provide to a member of an early</u>

25 <u>voting ballot board all available information necessary to</u>

26 <u>fulfilling the functions of the board, including any information</u>

27 <u>from the statewide computerized voter registration list under</u>

S.B. No. 1

1  Section 18.061.

2      (b)  On request, a county election official shall provide to

3  a member of a signature verification committee all available

4  information necessary to fulfilling the functions of the committee,

5  including any information from the statewide computerized voter

6  registration list under Section 18.061.

7      (c)  The secretary of state shall adopt rules as necessary to

8  prevent a member of an early voting ballot board or signature

9  verification committee from retaining or sharing personally

10 identifiable information from the statewide computerized voter

11 registration list under Section 18.061 obtained under this section

12 for any reason unrelated to the official's official duties.

13     SECTION 2.10.  Section 62.113(b), Government Code, is

14 amended to read as follows:

15     (b)  On the third business day of each month, the clerk shall

16 send a copy of the list of persons excused or disqualified because

17 of citizenship in the previous month to:

18          (1)  the voter registrar of the county;

19          (2)  the secretary of state; and

20          (3)  the county or district attorney[, as applicable,]

21 for an investigation of whether the person committed an offense

22 under Section 13.007, Election Code, or other law.

23     SECTION 2.11.  Sections 62.114(b) and (c), Government Code,

24 are amended to read as follows:

25     (b)  On the third business day of each month, the clerk shall

26 send [to the voter registrar of the county] a copy of the list of

27 persons excused or disqualified in the previous month because the

S.B. No. 1

1  persons do not reside in the county <u>to:</u>

2              <u>(1)  the voter registrar of the county; and</u>

3              <u>(2)  the secretary of state</u>.

4      (c)  A list compiled under this section may not be used for a

5  purpose other than a purpose described by Subsection (b) or Section

6  15.081 <u>or 18.068</u>, Election Code.

7              ARTICLE 3.  CONDUCT AND SECURITY OF ELECTIONS

8      SECTION 3.01.  Section 2.053(a), Election Code, is amended

9  to read as follows:

10     (a)  On receipt of the certification, the governing body of

11 the political subdivision by order or ordinance <u>shall</u> [may] declare

12 each unopposed candidate elected to the office.  If no election is

13 to be held on election day by the political subdivision, a copy of

14 the order or ordinance shall be posted on election day at each

15 polling place used or that would have been used in the election.

16     SECTION 3.02.  Section 2.056(c), Election Code, is amended

17 to read as follows:

18     (c)  A certifying authority <u>shall</u> [may] declare a candidate

19 elected to an office of the state or county government if, were the

20 election held, only the votes cast for that candidate in the

21 election for that office may be counted.

22     SECTION 3.03.  Sections 43.007(c) and (d), Election Code,

23 are amended to read as follows:

24     (c)  In conducting the program, the secretary of state shall

25 provide for an audit of the <u>voting system equipment</u> [~~direct~~

26 ~~recording electronic voting units~~] before and after the election,

27 and during the election to the extent such an audit is practicable.

1      (d)  The secretary of state shall select to participate in

2  the program each county that:

3          (1)  has held a public hearing under Subsection (b);

4          (2)  has submitted documentation listing the steps

5  taken to solicit input on participating in the program by

6  organizations or persons who represent the interests of voters;

7          (3)  has implemented a computerized voter registration

8  list that allows an election officer at the polling place to verify

9  that a voter has not previously voted in the election;

10         (4)  uses direct recording electronic voting machines,

11  ballot marking devices, or hand-marked scannable paper ballots that

12  are printed and scanned at the polling place or any other type of

13  voting system equipment that the secretary of state determines is

14  capable of processing votes for each type of ballot to be voted in

15  the county; and

16         (5)  is determined by the secretary of state to have the

17  appropriate technological capabilities.

18      SECTION 3.04.  Section 43.031(b), Election Code, is amended

19  to read as follows:

20      (b)  Each polling place shall be located inside a building.

21  No voter may cast a vote from inside a motor vehicle unless the

22  voter meets the requirements of Section 64.009.

23      SECTION 3.05.  Section 52.092(a), Election Code, is amended

24  to read as follows:

25      (a)  Except as provided by Section 2.053(c) or 2.056(e), for

26  [For] an election at which offices regularly filled at the general

27  election for state and county officers are to appear on the ballot,

S.B. No. 1

1  the offices shall be listed in the following order:

2          (1)  offices of the federal government;

3          (2)  offices of the state government:

4              (A)  statewide offices;

5              (B)  district offices;

6          (3)  offices of the county government:

7              (A)  county offices;

8              (B)  precinct offices.

9      SECTION 3.06.  Section 61.002, Election Code, is amended to

10  read as follows:

11      Sec. 61.002.  OPENING AND CLOSING POLLING PLACE FOR VOTING.

12  (a)  Immediately before opening the polls for voting on the first

13  day of early voting and on election day, the presiding election

14  judge or alternate election judge shall confirm that each voting

15  machine has any public counter reset to zero and shall print the

16  tape that shows the counter was set to zero for each candidate or

17  measure on the ballot.

18      (b)  At the official time for opening the polls for voting,

19  an election officer shall open the polling place entrance and admit

20  the voters.

21      (c)  Immediately after closing the polls for voting on

22  election day, the presiding election judge or alternate election

23  judge shall print the tape to show the number of votes cast for each

24  candidate or ballot measure for each voting machine.

25      (d)  Each election judge or alternate election judge present

26  shall sign a tape printed under this section.

27      SECTION 3.07.  Section 64.007(c), Election Code, is amended

S.B. No. 1

1  to read as follows:

2        (c)  An election officer shall maintain a register of spoiled

3  ballots at the polling place.  An election officer shall enter on

4  the register the name of each voter who returns a spoiled ballot and

5  the spoiled ballot's number.  The secretary of state shall create

6  and promulgate a form to be used for this purpose.

7        SECTION 3.08.  Subchapter A, Chapter 66, Election Code, is

8  amended by adding Section 66.004 to read as follows:

9        Sec. 66.004.  POLLING PLACE CHECKLISTS.  The secretary of

10 state shall adopt rules and create a checklist or similar

11 guidelines to assist the presiding judge of a polling place in

12 processing forms and conducting procedures required by this code at

13 the opening and closing of the polling place.

14       SECTION 3.09.  Section 85.005, Election Code, is amended to

15 read as follows:

16       Sec. 85.005.  REGULAR DAYS AND HOURS FOR VOTING.  (a) Except

17 as provided by Subsection (c), in an election in which a county

18 clerk [or city secretary] is the early voting clerk under Section

19 83.002 [or 83.005], early voting by personal appearance at the main

20 early voting polling place shall be conducted on each weekday of

21 [the weekdays of] the early voting period that is not a legal state

22 holiday and for a period of at least nine hours, except that voting

23 may not be conducted earlier than 6 a.m. or later than 10 p.m.

24 [during the hours that the county clerk's or city secretary's main

25 business office is regularly open for business.]

26       (b)  In an election to which Subsection (a) does not apply,

27 early voting by personal appearance at the main early voting

S.B. No. 1

1  polling place shall be conducted at least <u>nine</u> [~~eight~~] hours each

2  weekday of the early voting period that is not a legal state holiday

3  unless the territory covered by the election has fewer than 1,000

4  registered voters.  In that case, the voting shall be conducted at

5  least <u>four</u> [~~three~~] hours each day.  The authority ordering the

6  election, or the county clerk if that person is the early voting

7  clerk, shall determine which hours the voting is to be conducted.

8      (c)  In a county with a population of <u>55,000</u> [~~100,000~~] or

9  more, the voting in a primary election or the general election for

10  state and county officers shall be conducted at the main early

11  voting polling place for at least 12 hours on each weekday of the

12  last week of the early voting period, and the voting in a special

13  election ordered by the governor shall be conducted at the main

14  early voting polling place for at least 12 hours on each of the last

15  two days of the early voting period.  <u>Voting under this subsection</u>

16  <u>may not be conducted earlier than 6 a.m. or later than 10 p.m.</u>

17  Voting shall be conducted in accordance with this subsection in

18  those elections in a county with a population under <u>55,000</u>

19  [~~100,000~~] on receipt by the early voting clerk of a written request

20  for the extended hours submitted by at least 15 registered voters of

21  the county.  The request must be submitted in time to enable

22  compliance with Section 85.067.

23      (d)  <u>A voter who has not voted before the scheduled time for</u>

24  <u>closing a polling place is entitled to vote after that time if the</u>

25  <u>voter is in line at the polling place by closing time.  The</u>

26  <u>secretary of state shall promulgate any materials and provide any</u>

27  <u>training to presiding judges necessary to properly process voters</u>

S.B. No. 1

1  under this subsection [~~In an election ordered by a city, early~~

2  ~~voting by personal appearance at the main early voting polling~~

3  ~~place shall be conducted for at least 12 hours:~~

4        [~~(1)  on one weekday, if the early voting period~~

5  ~~consists of less than six weekdays; or~~

6        [~~(2)  on two weekdays, if the early voting period~~

7  ~~consists of six or more weekdays~~].

8        SECTION 3.10.  Sections 85.006(b) and (e), Election Code,

9  are amended to read as follows:

10       (b)  In an election in which a county clerk [~~or city~~

11  ~~secretary~~] is the early voting clerk under Section 83.002 [~~or~~

12  ~~83.005~~], only the early voting clerk may order voting on a Saturday

13  or Sunday.  The clerk must do so by written order.

14       (e)  In a primary election or the general election for state

15  and county officers in a county with a population of 55,000

16  [~~100,000~~] or more, the early voting clerk shall order voting by

17  personal appearance [~~voting~~] at the main early voting polling place

18  to be conducted on the last Saturday of the early voting period for

19  at least 12 hours, except that voting may not be conducted earlier

20  than 6 a.m. or later than 10 p.m., [~~on the last Saturday~~] and on the

21  last Sunday of the early voting period for at least six [~~five~~]

22  hours, except that voting may not be conducted earlier than 9 a.m.

23  or later than 10 p.m [~~on the last Sunday of the early voting~~

24  ~~period~~].  The early voting clerk shall order voting to be conducted

25  at those times in those elections in a county with a population

26  under 55,000 [~~100,000~~] on receipt of a written request for those

27  hours submitted by at least 15 registered voters of the county.  The

S.B. No. 1

1 request must be submitted in time to enable compliance with Section

2 85.007.    This  subsection  supersedes  any  provision  of  this

3 subchapter to the extent of any conflict.

4      SECTION 3.11.  Section  85.010(a-1),  Election  Code,  is

5 amended to read as follows:

6      (a-1)  In  this  section,  "eligible  county  polling  place"

7 means an early voting polling place[, other than a polling place

8 established under Section 85.062(e),] established by a county.

9      SECTION 3.12.  Section 85.061(a), Election Code, is amended

10 to read as follows:

11      (a)  In a countywide election in which the county clerk is

12 the  early  voting  clerk  under  Section  83.002,  an  early  voting

13 polling place shall be located <u>inside</u> [at] each branch office that

14 is regularly maintained for conducting general clerical functions

15 of the county clerk, except as provided by Subsection (b).  <u>If a</u>

16 <u>suitable room is unavailable inside the branch office, the polling</u>

17 <u>place may be located in another room inside the same building as the</u>

18 <u>branch office.</u>

19      SECTION 3.13.  Section 85.062, Election Code, is amended by

20 amending Subsection (b) and adding Subsection (f-1) to read as

21 follows:

22      (b)  A polling place established under this section may be

23 located, subject to Subsection (d), at any place in the territory

24 served by the early voting clerk and may be located <u>inside</u> [in] any

25 <u>building</u> [stationary structure] as directed by the authority

26 establishing the branch office.  The polling place may <u>not</u> be

27 located in a movable structure in the general election for state and

S.B. No. 1

1 county officers, general primary election, or runoff primary
2 election.  Ropes or other suitable objects may be used at the
3 polling place to ensure compliance with Section 62.004.  Persons
4 who are not expressly permitted by law to be in a polling place
5 shall be excluded from the polling place to the extent practicable.

6      (f-1)  Notwithstanding any other provision of this section
7 concerning the location of temporary branch polling places, in an
8 election in which countywide polling places are used, the
9 commissioners court of a county shall employ the same methodology
10 it uses to determine the location of countywide polling places to
11 determine the location of temporary branch polling places.

12      SECTION 3.14.  Section 87.002, Election Code, is amended to
13 read as follows:

14      Sec. 87.002.  COMPOSITION OF BOARD.  (a) The early voting
15 ballot board consists of a presiding judge, an alternate presiding
16 judge, and at least one [two] other member [members].

17      (b)  Except as provided by Subsection (d), the presiding
18 judge and the alternate presiding judge are [is] appointed in the
19 same manner as a presiding election judge and alternate presiding
20 election judge, respectively.  Except as provided by Subsection
21 (c), each [the] other member is [members are] appointed by the
22 presiding judge in the same manner as the precinct election clerks.

23      (c)  In the general election for state and county officers,
24 each county chair of a political party with nominees on the general
25 election ballot shall submit to the county election board a list of
26 names of persons eligible to serve on the early voting ballot board
27 in order of the county chair's preference.  The county election

S.B. No. 1

1 board shall appoint at least one person from each list to serve as a
2 member of the early voting ballot board. The same number of members
3 must be appointed from each list. The county election board shall
4 appoint persons as members of the early voting ballot board in the
5 order of preference indicated on each list.

6     (d)  In addition to the members appointed under Subsection
7 (c), the county election board shall appoint as the presiding judge
8 the highest-ranked person on [from] the list provided under that
9 subsection by the political party whose nominee for governor
10 received the most votes in the county in the most recent
11 gubernatorial general election and as the alternate presiding judge
12 the highest-ranked person on the list provided under that
13 subsection by the political party whose nominee for governor
14 received the second most votes in the county in the most recent
15 gubernatorial general election.

16     SECTION 3.15.  Section 124.002, Election Code, is amended by
17 adding Subsection (c) to read as follows:

18     (c)  Voting system ballots may not be arranged in a manner
19 that allows a political party's candidates to be selected in one
20 motion or gesture.

21     SECTION 3.16.  Sections 127.006(a) and (c), Election Code,
22 are amended to read as follows:

23     (a)  The [Both the] manager, [and] the presiding judge, and
24 the alternate presiding judge may appoint clerks to serve at the
25 central counting station.

26     (c)  A clerk appointed by the manager serves under the
27 manager and shall perform the functions directed by the manager. A

S.B. No. 1

1 clerk appointed by the presiding judge <u>or the alternate presiding</u>
2 <u>judge</u> serves under the presiding judge and shall perform the
3 functions directed by the presiding judge.

4     SECTION 3.17.   Subchapter A, Chapter 127, Election Code, is
5 amended by adding Section 127.009 to read as follows:

6     <u>Sec. 127.009. ELECTRONIC DEVICES IN CENTRAL COUNTING</u>
7 <u>STATION. (a) A counting station manager and the presiding judge of</u>
8 <u>the counting station shall develop a protocol under which any</u>
9 <u>electronic device inside a central counting station that is</u>
10 <u>necessary to count votes is equipped with software that tracks all</u>
11 <u>input and activity on the electronic device.</u>

12     <u>(b)  The counting station manager and the presiding judge of</u>
13 <u>the counting station shall ensure that the input and activity</u>
14 <u>tracked by the software is delivered to the secretary of state not</u>
15 <u>later than the fifth day after vote counting is complete.</u>

16     <u>(c)  This section applies only to a central counting station</u>
17 <u>located in a county with a population of 250,000 or more.</u>

18     SECTION 3.18.   Section 127.1232, Election Code, is amended
19 to read as follows:

20     Sec. 127.1232.   SECURITY OF VOTED BALLOTS.  <u>(a)</u>  The general
21 custodian of election records shall post a <u>licensed peace officer</u>
22 [guard] to ensure the security of ballot boxes containing voted
23 ballots throughout the period of tabulation at the central counting
24 station.

25     <u>(b)  The general custodian of election records in a county</u>
26 <u>with a population of 100,000 or more shall implement a video</u>
27 <u>surveillance system that retains a record of all areas containing</u>

S.B. No. 1

1  voted ballots:

2          (1)  from the time the voted ballots are delivered to

3  the central counting station until the canvass of precinct election

4  returns; and

5          (2)  from the time the voted ballots are delivered to

6  the signature verification committee or early voting ballot board

7  until the canvass of precinct election returns.

8      (c)  A video from a system implemented under Subsection (b)

9  shall be made available to the public by a livestream.

10     (d)  The video recorded is an election record under Section

11 1.012 and shall be retained by the general custodian of election

12 records until the end of the calendar year in which an election is

13 held or until an election contest filed in the county has been

14 resolved, whichever is later.

15     SECTION 3.19.  Chapter 127, Election Code, as effective

16 September 1, 2021, is amended by adding Subchapter J to read as

17 follows:

18              SUBCHAPTER J.  RANDOMIZED AUDITS

19     Sec. 127.351.  RANDOMIZED COUNTY AUDITS.  (a)  Immediately

20 after the uniform election date in November of an even-numbered

21 year, the secretary of state shall conduct an audit of the elections

22 held in four counties during the previous two years.

23     (b)  The secretary of state shall select the counties to be

24 audited under Subsection (a) at random, except that:

25          (1)  two of the counties selected must have a total

26 population of less than 300,000;

27          (2)  two of the counties selected must have a total

87S21482                        23

S.B. No. 1

1  population of 300,000 or more; and

2          (3)  a county selected in the most recent audit cycle

3  may not be selected in the current audit cycle.

4          (c)  A county selected to be audited may not pay the cost of

5  performing an audit under this section.

6          (d)  The secretary of state shall adopt rules as necessary to

7  implement this section.

8          ARTICLE 4.  ELECTION OFFICERS AND OBSERVERS

9          SECTION 4.01.  Section 32.075, Election Code, is amended by

10  adding Subsections (g) and (h) to read as follows:

11          (g)  A presiding judge may not have a watcher duly accepted

12  for service under Subchapter A, Chapter 33, removed from the

13  polling place for violating a provision of this code or any other

14  provision of law relating to the conduct of elections, other than a

15  violation of the Penal Code, unless the violation was observed by an

16  election judge or clerk.

17          (h)  Notwithstanding Subsection (g), a presiding judge may

18  call a law enforcement officer to request that a poll watcher be

19  removed if the poll watcher commits a breach of the peace or a

20  violation of law.

21          SECTION 4.02.  Subchapter A, Chapter 33, Election Code, is

22  amended by adding Section 33.0015 to read as follows:

23          Sec. 33.0015.  CHAPTER PURPOSE AND WATCHER DUTY.  The

24  purpose of this chapter is to preserve the integrity of the ballot

25  box in accordance with Section 4, Article VI, Texas Constitution,

26  by providing for the appointment of watchers.  It is the intent of

27  the legislature that watchers duly accepted for service under this

S.B. No. 1

1   chapter be allowed to observe and report on irregularities in the

2   conduct of any election, but may not interfere in the orderly

3   conduct of an election.  To effect that purpose, a watcher appointed

4   under this chapter shall observe without obstructing the conduct of

5   an election and call to the attention of an election officer any

6   observed or suspected irregularity or violation of law in the

7   conduct of the election.

8        SECTION 4.03.  Subchapter A, Chapter 33, Election Code, is

9   amended by adding Section 33.0016 to read as follows:

10      Sec. 33.0016.  REFERENCES TO EARLY VOTING BALLOT BOARD IN

11   THIS CHAPTER.  A reference in this chapter to an early voting ballot

12   board includes a signature verification committee.

13       SECTION 4.04.  Subchapter A, Chapter 33, Election Code, is

14   amended by adding Section 33.008 to read as follows:

15      Sec. 33.008.  TRAINING PROGRAM.   The secretary of state

16   shall develop and maintain a training program for watchers.   The

17   training program must:

18          (1)  be available:

19             (A)  entirely via the Internet; and

20             (B)  at any time, without a requirement for prior

21   registration; and

22          (2)  provide a watcher who completes the training with

23   a certificate of completion.

24       SECTION 4.05.  Section 33.031, Election Code, is amended by

25   adding Subsection (b) to read as follows:

26      (b)  In addition to the requirements of Subsection (a), to be

27   eligible to serve as a watcher, a person must complete training

1  under Section 33.008.

2      SECTION 4.06.  Section 33.051, Election Code, is amended by

3  amending Subsections (a), (b), (d), and (e) and adding Subsections

4  (a-1), (g), and (h) to read as follows:

5      (a)  A watcher appointed to serve at a precinct polling

6  place, a meeting place for an early voting ballot board, or a

7  central counting station must deliver the following materials [a

8  ~~certificate of appointment~~] to the presiding judge at the time the

9  watcher reports for service:

10         (1)  a certificate of appointment; and

11         (2)  a certificate of completion from training

12 completed by the watcher under Section 33.008.

13     (a-1)  A watcher appointed to serve at an early voting

14 polling place must deliver the certificates under Subsection (a) [a

15 ~~certificate of appointment~~] to the early voting clerk or deputy

16 clerk in charge of the polling place when the watcher first reports

17 for service.

18     (b)  The officer presented with a watcher's certificates

19 [~~certificate of appointment~~] shall require the watcher to

20 countersign the certificate of appointment to ensure that the

21 watcher is the same person who signed the certificate of

22 appointment.  Except as provided by Subsection (c), a watcher who

23 presents himself or herself at the proper time with the

24 certificates required under Subsection (a) [a ~~certificate of~~

25 ~~appointment~~] shall be accepted for service unless the person is

26 ineligible to serve or the number of appointees to which the

27 appointing authority is entitled have already been accepted.

S.B. No. 1

1  (d)  The certificates [certificate] of a watcher serving at
2  an early voting polling place shall be retained at the polling place
3  until voting at the polling place is concluded.  At each subsequent
4  time that the watcher reports for service, the watcher shall inform
5  the clerk or deputy in charge.  The officer may require the watcher
6  to sign the watcher's name in the officer's presence, for comparison
7  with  the  signature  on  the  certificate  of appointment, if  the
8  officer is uncertain of the watcher's identity.

9  (e)  If  a  watcher  is  not  accepted  for  service,  the
10 certificates [certificate of appointment] shall be returned to the
11 watcher with a signed statement of the reason for the rejection.

12 (g)  An election officer commits an offense if the officer
13 intentionally or knowingly refuses to accept a watcher for service
14 when  acceptance  of  the  watcher  is  required  by  this  section.   An
15 offense under this subsection is a Class A misdemeanor.

16 (h)  Before accepting a watcher, the officer presented with a
17 watcher's certificate of appointment shall require the watcher to
18 take the following oath, administered by the officer: "I swear (or
19 affirm) that I will not disrupt the voting process or harass voters
20 in the discharge of my duties."

21 SECTION 4.07.  Section 33.056, Election Code, is amended by
22 amending Subsection (a) and adding Subsections (e) and (f) to read
23 as follows:

24 (a)  Except  as  provided  by  Section  33.057,  a  watcher  is
25 entitled to observe any activity conducted at the location at which
26 the  watcher  is  serving.   A  watcher  is  entitled  to  sit  or  stand
27 [conveniently] near enough to see and hear the election officers

S.B. No. 1

1 conducting the observed activity, except as otherwise prohibited by
2 this chapter.

3     (e)  Except as provided by Section 33.057(b), a watcher may
4 not be denied free movement where election activity is occurring
5 within the location at which the watcher is serving.

6     (f)  In this code, a watcher who is entitled to "observe" an
7 election activity is entitled to sit or stand near enough to see and
8 hear the activity.

9     SECTION 4.08.  Subchapter C, Chapter 33, Election Code, is
10 amended by adding Section 33.0605 to read as follows:

11     Sec. 33.0605.  OBSERVING DATA STORAGE SEALING AND TRANSFER.
12 (a) A watcher appointed to serve at a polling place in an election
13 who is available at the time of the action may observe all election
14 activities relating to closing the polling place, including the
15 sealing and transfer of a memory card, flash drive, hard drive, data
16 storage device, or other medium now existing or later developed
17 used by the voting system equipment.

18     (b)  Notwithstanding any other provision of this code, a
19 watcher duly accepted for service at a polling location is entitled
20 to follow the transfer of election materials from the polling place
21 at which the watcher was accepted to a regional tabulating center,
22 the central counting station, or any other location designated to
23 process election materials.  The authority responsible for
24 administering a regional tabulating center or another location
25 where election materials are processed must accept duly appointed
26 watchers for service in the same manner a watcher is accepted for
27 service under Section 33.051 and must accept the same number of

S.B. No. 1

1  watchers that may serve under Section 33.007(a).

2        SECTION 4.09.  Section 33.061(a), Election Code, is amended

3  to read as follows:

4        (a)  A person commits an offense if the person serves in an

5  official capacity at a location at which the presence of watchers is

6  authorized and knowingly prevents a watcher from observing an

7  activity or procedure the person knows the watcher is entitled to

8  observe, including by taking any action to obstruct the view of a

9  watcher or distance the watcher from the activity or procedure to be

10  observed in a manner that would make observation not reasonably

11  effective.

12        SECTION 4.10.  Subchapter C, Chapter 33, Election Code, is

13  amended by adding Section 33.063 to read as follows:

14        Sec. 33.063.  RELIEF.  The appointing authority for a

15  watcher who believes that the watcher was unlawfully prevented or

16  obstructed from the performance of the watcher's duties may seek:

17             (1)  injunctive  relief  under  Section  273.081,

18  including issuance of temporary orders;

19             (2)  a writ of mandamus under Section 161.009 or

20  273.061; and

21             (3)  any other remedy available under law.

22        SECTION 4.11.  Section 34.005, Election Code, is amended to

23  read as follows:

24        Sec. 34.005.  ACTION BY SECRETARY OF STATE.  (a)  The

25  secretary of state may refer a reported violation of law for

26  appropriate action to the attorney general, if the attorney general

27  has jurisdiction, or to a prosecuting attorney having jurisdiction.

S.B. No. 1

1    (b)  If  the  secretary  of  state  believes  that  a  state
2  inspector  was  unlawfully  prevented  or  obstructed  from  the
3  performance of the inspector's duties, the secretary of state may
4  seek:

5    (1)  injunctive  relief  under  Section  273.081,
6  including issuance of temporary orders;

7    (2)  a  writ  of  mandamus  under  Section  161.009  or
8  273.061; and

9    (3)  any other remedy available under law.

10    SECTION 4.12.  Section 86.006, Election Code, is amended by
11  amending Subsection (a) and adding Subsection (a-2) to read as
12  follows:

13    (a)  A  marked  ballot  voted  under  this  chapter  must  be
14  returned  to  the  early  voting  clerk  in  the  official  carrier
15  envelope.   The  carrier  envelope  may  be  delivered  in  another
16  envelope and must be transported and delivered only by:

17    (1)  mail;

18    (2)  common or contract carrier; or

19    (3)  subject  to  Subsections  [Subsection]  (a-1)  and
20  (a-2), in-person delivery by the voter who voted the ballot.

21    (a-2)  An in-person delivery of a marked ballot voted under
22  this chapter must be received by an election official at the time of
23  delivery.   The  receiving  official  shall  record  the  voter's  name,
24  signature,  and  type  of  identification  provided  under  Section
25  63.0101 on a roster prescribed by the secretary of state.   The
26  receiving official shall attest on the roster that the delivery
27  complies with this section.

S.B. No. 1

1        SECTION 4.13.   Chapter 121, Election Code, is amended by

2  adding Section 121.004 to read as follows:

3        <u>Sec. 121.004.   COMMUNICATIONS WITH VOTING SYSTEMS VENDOR</u>

4  <u>PUBLIC INFORMATION.   (a) Except as provided by Subsection (b), a</u>

5  <u>written letter, e-mail, or other communication, including a</u>

6  <u>communication made confidential by other law, between a public</u>

7  <u>official and a voting systems vendor:</u>

8            <u>(1)  is not confidential;</u>

9            <u>(2)  is public information for purposes of Chapter 552,</u>

10  <u>Government Code; and</u>

11           <u>(3)  is not subject to an exception to disclosure</u>

12  <u>provided by Chapter 552, Government Code, other than Sections</u>

13  <u>552.110 and 552.1101, Government Code.</u>

14      <u>(b) A written letter, e-mail, or other communication</u>

15  <u>between a public official and a voting systems vendor is excepted</u>

16  <u>from disclosure under Chapter 552, Government Code, if the</u>

17  <u>communication discloses information, data, or records relating to</u>

18  <u>the security of elections critical infrastructure.</u>

19        SECTION 4.14.   Section 127.1301, Election Code, is amended

20  to read as follows:

21        Sec. 127.1301.   [~~TALLYING, TABULATING, AND REPORTING~~]

22  CENTRALLY COUNTED OPTICAL SCAN <u>BALLOTS</u> [~~BALLOT UNDERVOTES AND~~

23  ~~OVERVOTES~~].   <u>(a)</u>  In an election using centrally counted optical

24  scan ballots, the undervotes and overvotes on those ballots shall

25  be tallied, tabulated, and reported by race and by election

26  precinct in the form and manner prescribed by the secretary of

27  state.

S.B. No. 1

1      (b)  An authority operating a central counting station under
2  this chapter may not purchase or use a centrally counted optical
3  ballot scan system that uses a data storage disc on which
4  information, once written, is capable of being modified.

5      (c)  An authority that purchases system components in order
6  to comply with this section is eligible to have 100 percent of the
7  cost of those system components reimbursed.

8      (d)  Subsection (b) applies starting on the earlier of:

9          (1)  the date on which the state certifies the first
10  centrally counted optical ballot scan system under this section; or

11          (2)  September 1, 2026.

12      (e)  This subsection and Subsection (d) expire October 1,
13  2026.

14      SECTION 4.15.  Section 127.131, Election Code, is amended by
15  adding Subsection (f) to read as follows:

16      (f)  The presiding judge of the central counting station
17  shall provide and attest to a written reconciliation of votes and
18  voters at the close of tabulation for election day and again after
19  the central counting station meets for the last time to process
20  late-arriving ballots by mail and provisional ballots.  The
21  secretary of state shall create and promulgate rules and a form to
22  facilitate compliance with this subsection.  The form shall be
23  posted on a website maintained by the county along with election
24  returns and results.

25      SECTION 4.16.  Section 129.023, Election Code, is amended by
26  adding Subsections (b-2) and (c-1) to read as follows:

27      (b-2)  If the test is being conducted for an election in

S.B. No. 1

1  which a county election board has been established under Section

2  51.002, the general custodian of election records shall notify each

3  member of the board of the test at least 48 hours before the date of

4  the test.  If the county election board chooses to witness the test,

5  each member shall sign the statement required by Subsection (e)(1).

6        (c-1)  A test conducted under this section must also require

7  the general custodian of election records to demonstrate, using a

8  representative sample of voting system equipment, that the source

9  code of the equipment has not been altered.

10                 ARTICLE 5.  VOTING BY MAIL

11        SECTION 5.01.  Section 84.001(b), Election Code, is amended

12  to read as follows:

13        (b)  Subject to Section 1.011, an [An] application must be

14  submitted in writing and signed by the applicant using ink on paper.

15  An electronic signature or photocopied signature is not permitted.

16        SECTION 5.02.  Section 84.002, Election Code, as effective

17  September 1, 2021, is amended by amending Subsection (a) and adding

18  Subsection (b-1) to read as follows:

19        (a)  An early voting ballot application must include:

20           (1)  the applicant's name and the address at which the

21  applicant is registered to vote;

22           (1-a)  the following information:

23              (A)  the  number  of  the  applicant's  driver's

24  license,  election  identification  certificate,  or  personal

25  identification card issued by the Department of Public Safety;

26              (B)  if the applicant has not been issued a number

27  described by Paragraph (A), the last four digits of the applicant's

S.B. No. 1

1   social security number; or

2                (C)   a  statement  by  the  applicant  that  the

3   applicant has not been issued a number described by Paragraph (A) or

4   (B);

5                (2)  for an application for a ballot to be voted by mail

6   on the ground of absence from the county of residence, the address

7   outside the applicant's county of residence to which the ballot is

8   to be mailed;

9                (3)  for an application for a ballot to be voted by mail

10  on the ground of age or disability, the address of the hospital,

11  nursing  home  or  other  long-term  care  facility,  or  retirement

12  center, or of a person related to the applicant within the second

13  degree  by  affinity  or  the  third  degree  by  consanguinity,  as

14  determined under Chapter 573, Government Code, if the applicant is

15  living  at  that  address  and  that  address  is  different  from  the

16  address at which the applicant is registered to vote;

17               (4)  for an application for a ballot to be voted by mail

18  on the ground of confinement in jail, the address of the jail or of a

19  person  related  to  the  applicant  within  the  degree  described  by

20  Subdivision (3);

21               (5)  for an application for a ballot to be voted by mail

22  on  any  ground,  an  indication  of  each  election  for  which  the

23  applicant is applying for a ballot;

24               (6)   an  indication  of  the  ground  of  eligibility  for

25  early voting; and

26               (7)  for an application for a ballot to be voted by mail

27  on  the  ground  of  involuntary  civil  commitment,  the  address  of  the

S.B. No. 1

1  facility  operated  by  or  under  contract  with  the  Texas  Civil
2  Commitment Office or of a person related to the applicant within the
3  degree of consanguinity described by Subdivision (3).

4      (b-1)  A person may use the number of a driver's license,
5  election  identification  certificate,  or  personal  identification
6  card that has expired for the purpose of fulfilling the requirement
7  under  Subsection  (a)(1-a)  if  the  license  or  identification  is
8  otherwise valid.

9      SECTION 5.03.  Section   84.011(a),   Election   Code,   as
10  effective September 1, 2021, is amended to read as follows:

11      (a)  The officially prescribed application form for an early
12  voting ballot must include:

13          (1)  immediately  preceding  the  signature  space  the
14  statement:  "I  certify  that  the  information  given  in  this
15  application is true, and I understand that giving false information
16  in this application is a crime.";

17          (2)  a  statement  informing  the  applicant  of  the
18  offenses prescribed by Sections 84.003 and 84.004;

19          (3)  spaces  for  entering  an  applicant's  voter
20  registration number and county election precinct of registration,
21  with a statement informing the applicant that failure to furnish
22  that information does not invalidate the application;

23          (3-a)  a space for entering the information required
24  under Section 84.002(a)(1-a); and

25          (4)  on an application for a ballot to be voted by mail:

26              (A)  a  space  for  an  applicant  applying  on  the
27  ground of absence from the county of residence to indicate the date

S.B. No. 1

1 on or after which the applicant can receive mail at the address

2 outside the county;

3         (B)  a  space  for  indicating  the  fact  that  an

4 applicant whose application is signed by a witness cannot make the

5 applicant's mark and a space for indicating the relationship or

6 lack of relationship of the witness to the applicant;

7         (C)  a space for entering an applicant's telephone

8 number, with a statement informing the applicant that failure to

9 furnish that information does not invalidate the application;

10         (D)  a space or box for an applicant applying on

11 the ground of age or disability to indicate that the address to

12 which the ballot is to be mailed is the address of a facility or

13 relative described by Section 84.002(a)(3), if applicable;

14         (E)  a space or box for an applicant applying on

15 the ground of confinement in jail or involuntary civil commitment

16 to indicate that the address to which the ballot is to be mailed is

17 the address of a relative described by Section 84.002(a)(4) or (7),

18 if applicable;

19         (F)  a  space  for  an  applicant  applying  on  the

20 ground of age or disability to indicate if the application is an

21 application under Section 86.0015;

22         (G)  spaces  for  entering  the  signature,  printed

23 name, and residence address of any person assisting the applicant;

24         (H)  a  statement  informing  the  applicant  of  the

25 condition prescribed by Section 81.005; and

26         (I)  a  statement  informing  the  applicant  of  the

27 requirement prescribed by Section 86.003(c).

S.B. No. 1

1        SECTION 5.04.   Subchapter A, Chapter 84, Election Code, is
2   amended by adding Section 84.0111 to read as follows:
3        Sec. 84.0111.   DISTRIBUTION   OF   APPLICATION   FORM.   (a)
4   Except as provided by Subsection (c) or as otherwise authorized by
5   this code, an officer or employee of this state or of a political
6   subdivision of this state may not distribute an application form
7   for an early voting ballot to a person who did not request an
8   application under Section 84.001.
9        (b)   An officer or employee of this state or of a political
10  subdivision of this state may not use public funds to facilitate the
11  distribution by another person of an application form for an early
12  voting ballot to a person who did not request an application under
13  Section 84.001.
14       (c)   A  political  party  or  a  candidate  for  office  may
15  distribute an application form for an early voting ballot to a
16  person who did not request an application under Section 84.001.
17       SECTION 5.05.   Section 84.032(c), Election Code, is amended
18  to read as follows:
19       (c)   An applicant may submit a request after the close of
20  early voting by personal appearance by appearing in person and:
21            (1)   returning the ballot to be voted by mail to the
22  early voting clerk; or
23            (2)   executing an affidavit that the applicant:
24                 (A)   has not received the ballot to be voted by
25  mail; [or]
26                 (B)   never requested a ballot to be voted by mail;
27  or

87S21482                        37

S.B. No. 1

1                    (C)  received notice of a defect under Section

2  87.0271(b) or (c) or 87.0411(b) or (c).

3       SECTION 5.06.   Section 84.035, Election Code, is amended to

4  read as follows:

5       Sec. 84.035.   BALLOT SENT TO APPLICANT.   (a)  If the early

6  voting clerk cancels an application by an applicant to whom an early

7  voting ballot has been sent, the clerk shall:

8            (1)  remove the applicant's name from the early voting

9  roster; and

10           (2)  make any other entries in the records and take any

11 other action necessary to prevent the ballot from being counted if

12 returned.

13      (b)  An election judge may permit a person to whom an early

14 voting ballot has been sent who cancels the person's application

15 for a ballot to be voted by mail in accordance with Section 84.032

16 but fails to return the ballot to be voted by mail to the early

17 voting clerk, deputy early voting clerk, or presiding judge as

18 provided by that section to vote only a provisional ballot under

19 Section 63.011.

20      SECTION 5.07.   Section 86.001, Election Code, is amended by

21 adding Subsections (f), (f-1), and (f-2) to read as follows:

22      (f)  If   the   information   required   under   Section

23 84.002(a)(1-a) included on the application does not identify the

24 same voter identified on the applicant's application for voter

25 registration under Section 13.002(c)(8), the clerk shall reject the

26 application.

27      (f-1)  If an application is rejected under Subsection (f),

S.B. No. 1

1   the clerk shall provide notice of the rejection in accordance with

2   Subsection (c).  The notice must include information regarding the

3   ability to correct or add information required under Section

4   84.002(a)(1-a) through the online tool described by Section

5   86.015(c).

6       (f-2)  If an applicant corrects an application for a ballot

7   to be voted by mail online and that application subsequently

8   identifies the same voter identified on the applicant's application

9   for voter registration, the clerk shall provide a ballot to the

10  applicant as provided by this chapter.

11      SECTION 5.08.  Section 86.002, Election Code, is amended by

12  adding Subsections (g), (h), and (i) to read as follows:

13      (g)  The carrier envelope must include a space that is hidden

14  from view when the envelope is sealed for the voter to enter the

15  following information:

16          (1)  the number of the voter's driver's license,

17  election identification certificate, or personal identification

18  card issued by the Department of Public Safety;

19          (2)  if the voter has not been issued a number described

20  by Subdivision (1), the last four digits of the voter's social

21  security number; or

22          (3)  a statement by the applicant that the applicant

23  has not been issued a number described by Subdivision (1) or (2).

24      (h)  A person may use the number of a driver's license,

25  election identification certificate, or personal identification

26  card that has expired for purposes of Subsection (g) if the license

27  or identification is otherwise valid.

1    (i)  No record associating an individual voter with a ballot

2    may be created.

3        SECTION 5.09.  Section 86.011(c), Election Code, is amended

4    to read as follows:

5        (c)  If the return is not timely, the clerk shall enter the

6    time of receipt on the carrier envelope and retain it in a locked

7    container  for  the  period  for  preserving  the  precinct  election

8    records.   The  clerk  shall  destroy  the  unopened  envelope  and  its

9    contents after the preservation period.

10       SECTION 5.10.  Section   86.015(c),   Election   Code,   as

11   effective September 1, 2021, is amended to read as follows:

12       (c)  An online tool used under this section must:

13           (1)  for each election, record:

14               (A)  each application for a ballot to be voted by

15   mail received by the clerk; and

16               (B)  each carrier envelope sent to a voter by the

17   clerk;

18           (2)  for  each  carrier  envelope,  record  or  assign  a

19   serially  numbered  and  sequentially  issued  barcode  or  tracking

20   number that is unique to each envelope; [and]

21           (3)  update  the  applicable  Internet  website  as  soon  as

22   practicable after each of the following events occurs:

23               (A)  receipt  by  the  early  voting  clerk  of  the

24   person's application for a ballot to be voted by mail;

25               (B)  acceptance  or  rejection  by  the  early  voting

26   clerk of the person's application for a ballot to be voted by mail;

27               (C)  placement  in  the  mail  by  the  early  voting

S.B. No. 1

1  clerk of the person's official ballot;

2                    (D)  receipt by the early voting clerk of the

3  person's marked ballot; and

4                    (E)  acceptance or rejection by the early voting

5  ballot board of a person's marked ballot; and

6            (4)  allow a voter to add or correct information

7  required under Section 84.002(a)(1-a) or Section 86.002(g).

8        SECTION 5.11.  Sections 87.027(d), (e), and (i), Election

9  Code, are amended to read as follows:

10       (d)  The early voting clerk shall determine the number of

11  members who are to compose the signature verification committee and

12  shall state that number in the order calling for the committee's

13  appointment.  A committee must consist of not fewer than five

14  members.  In an election in which party alignment is indicated on

15  the ballot, each county chair of a political party with a nominee or

16  aligned candidate on the ballot shall submit to the appointing

17  authority a list of names of persons eligible to serve on the

18  signature verification committee in order of the county chair's

19  preference.  The authority shall appoint at least two persons from

20  each list in the order of preference indicated on each list to serve

21  as members of the committee.  The same number of members must be

22  appointed from each list.  The authority shall appoint as [the]

23  chair of the committee the highest-ranked person on [from] the list

24  provided by the political party whose nominee for governor received

25  the most votes in the county in the most recent gubernatorial

26  general election.  The authority shall appoint as vice chair of the

27  committee the highest-ranked person on the list provided by the

S.B. No. 1

1 political party whose nominee for governor received the second most

2 votes in the county in the most recent gubernatorial general

3 election. A vacancy on the committee shall be filled by appointment

4 from the original list or from a new list submitted by the

5 appropriate county chair.

6     (e) To be eligible to serve on a signature verification

7 committee, a person must be eligible under Subchapter C, Chapter

8 32, for service as a presiding election judge, except that the

9 person must be a qualified voter:

10         (1) of the county, in a countywide election ordered by

11 the governor or a county authority or in a primary election;

12         (2) of the part of the county in which the election is

13 held, for an election ordered by the governor or a county authority

14 that does not cover the entire county of the person's residence; or

15         (3) of the political subdivision, in an election

16 ordered by an authority of a political subdivision other than a

17 county.

18     (i) The signature verification committee shall compare the

19 signature on each carrier envelope certificate, except those signed

20 for a voter by a witness, with the signature on the voter's ballot

21 application to determine whether the signatures are those of the

22 voter. The committee may also compare the signatures with any

23 known signature [two or more signatures] of the voter [made within

24 the preceding six years and] on file with the county clerk or voter

25 registrar to determine whether the signatures are those of the

26 voter. Except as provided by Subsection (l), a determination under

27 this subsection that the signatures are not those of the voter must

S.B. No. 1

1  be made by a majority vote of the committee's membership.  The

2  committee shall place the jacket envelopes, carrier envelopes, and

3  applications of voters whose signatures are not those of the voter

4  in separate containers from those of voters whose signatures are

5  those of the voter.  The committee chair shall deliver the sorted

6  materials to the early voting ballot board at the time specified by

7  the board's presiding judge.

8      SECTION 5.12.  Subchapter B, Chapter 87, Election Code, is

9  amended by adding Section 87.0271 to read as follows:

10      Sec. 87.0271.  OPPORTUNITY TO CORRECT DEFECT:  SIGNATURE

11  VERIFICATION COMMITTEE.  (a)  This section applies to an early

12  voting ballot voted by mail:

13          (1)  for which the voter did not sign the carrier

14  envelope certificate;

15          (2)  for which it cannot immediately be determined

16  whether the signature on the carrier envelope certificate is that

17  of the voter;

18          (3)  missing any required statement of residence;

19          (4)  missing information or containing incorrect

20  information required under Section 84.002(a)(1-a) or Section

21  86.002; or

22          (5)  containing incomplete information with respect to

23  a witness.

24      (b)  Not later than the second business day after a signature

25  verification committee discovers a defect described by Subsection

26  (a) and before the committee decides whether to accept or reject a

27  timely delivered ballot under Section 87.027, the committee shall:

S.B. No. 1

1              (1)  determine if it would be possible for the voter to
2  correct the defect and return the carrier envelope before the time
3  the polls are required to close on election day; and
4              (2)  return the carrier envelope to the voter by mail,
5  if the committee determines that it would be possible for the voter
6  to correct the defect and return the carrier envelope before the
7  time the polls are required to close on election day.
8          (c)  If  the  signature  verification  committee  determines
9  under Subsection (b)(1) that it would not be possible for the voter
10  to correct the defect and return the carrier envelope before the
11  time the polls are required to close on election day, the committee
12  may notify the voter of the defect by telephone or e-mail and inform
13  the voter that the voter may request to have the voter's application
14  to vote by mail canceled in the manner described by Section 84.032
15  or come to the early voting clerk's office in person not later than
16  the sixth day after election day to correct the defect.
17          (d)  If the signature verification committee takes an action
18  described by Subsection (b) or (c), the committee must take either
19  action described by that subsection with respect to each ballot in
20  the election to which this section applies.
21          (e)  A poll watcher is entitled to observe an action taken
22  under Subsection (b) or (c).
23          (f)  The  secretary  of  state  may  prescribe  any  procedures
24  necessary to implement this section.
25          (g)  Notwithstanding  any  other  law,  a  ballot  may  not  be
26  finally rejected for a reason listed in Section 87.041(b)(1), (2),
27  or (6) before the seventh day after election day.

1      SECTION 5.13.   Section 87.041, Election Code, is amended by

2  amending Subsections (b) and (e) and adding Subsection (d-1) to

3  read as follows:

4      (b)  A ballot may be accepted only if:

5           (1)  the carrier envelope certificate is properly

6  executed;

7           (2)  neither the voter's signature on the ballot

8  application nor the signature on the carrier envelope certificate

9  is determined to have been executed by a person other than the

10  voter, unless signed by a witness;

11           (3)  the voter's ballot application states a legal

12  ground for early voting by mail;

13           (4)  the voter is registered to vote, if registration

14  is required by law;

15           (5)  the address to which the ballot was mailed to the

16  voter, as indicated by the application, was outside the voter's

17  county of residence, if the ground for early voting is absence from

18  the county of residence;

19           (6)  for a voter to whom a statement of residence form

20  was required to be sent under Section 86.002(a), the statement of

21  residence is returned in the carrier envelope and indicates that

22  the voter satisfies the residence requirements prescribed by

23  Section 63.0011; [and]

24           (7)  the address to which the ballot was mailed to the

25  voter is an address that is otherwise required by Sections 84.002

26  and 86.003; and

27           (8)  the information required under Section 86.002(g)

S.B. No. 1

1  provided by the voter identifies the same voter identified on the

2  voter's   application   for   voter   registration   under   Section

3  13.002(c)(8).

4      (d-1)  If a voter provides the information required under

5  Section 86.002(g) and it identifies the same voter identified on

6  the  voter's  application  for  voter  registration  under  Section

7  13.002(c)(8), the signature on the ballot application and on the

8  carrier envelope certificate  shall be rebuttably presumed to be

9  the signatures of the voter.

10      (e)  In making the determination under Subsection (b)(2), to

11  determine whether the signatures are those of the voter, the board

12  may also compare the signatures with any known signature [two or

13  more signatures] of the voter [made within the preceding six years

14  and] on file with the county clerk or voter registrar [to determine

15  whether the signatures are those of the voter].

16      SECTION 5.14.  Subchapter C, Chapter 87, Election Code, is

17  amended by adding Section 87.0411 to read as follows:

18      Sec. 87.0411.  OPPORTUNITY TO CORRECT DEFECT:  EARLY VOTING

19  BALLOT BOARD.  (a)  This section applies to an early voting ballot

20  voted by mail:

21          (1)  for  which  the  voter  did  not  sign  the  carrier

22  envelope certificate;

23          (2)  for  which  it  cannot  immediately  be  determined

24  whether the signature on the carrier envelope certificate is that

25  of the voter;

26          (3)  missing any required statement of residence;

27          (4)  missing  information  or  containing  incorrect

S.B. No. 1

1  information required under Section 84.002(a)(1-a) or Section

2  86.002; or

3           (5) containing incomplete information with respect to

4  a witness.

5      (b)  Not later than the second business day after an early

6  voting ballot board discovers a defect described by Subsection (a)

7  and before the board decides whether to accept or reject a timely

8  delivered ballot under Section 87.041, the board shall:

9           (1) determine if it would be possible for the voter to

10  correct the defect and return the carrier envelope before the time

11  the polls are required to close on election day; and

12           (2) return the carrier envelope to the voter by mail,

13  if the board determines that it would be possible for the voter to

14  correct the defect and return the carrier envelope before the time

15  the polls are required to close on election day.

16      (c)  If the early voting ballot board determines under

17  Subsection (b)(1) that it would not be possible for the voter to

18  correct the defect and return the carrier envelope before the time

19  the polls are required to close on election day, the board may

20  notify the voter of the defect by telephone or e-mail and inform the

21  voter that the voter may request to have the voter's application to

22  vote by mail canceled in the manner described by Section 84.032 or

23  come to the early voting clerk's office in person not later than the

24  sixth day after election day to correct the defect.

25      (d)  If the early voting ballot board takes an action

26  described by Subsection (b) or (c), the board must take either

27  action described by that subsection with respect to each ballot in

S.B. No. 1

1   the election to which this section applies.

2        (e)  A poll watcher is entitled to observe an action taken

3   under Subsection (b) or (c).

4        (f)  The secretary of state may prescribe any procedures

5   necessary to implement this section.

6        (g)  Notwithstanding any other law, a ballot may not be

7   finally rejected for a reason listed in Section 87.041(b)(1), (2),

8   or (6) before the seventh day after election day.

9        SECTION 5.15.  Section 87.0431(b), Election Code, is amended

10  to read as follows:

11       (b)  The early voting clerk shall, not later than the 30th

12  day after election day, deliver notice to the attorney general,

13  including   certified   copies   of   the   carrier   envelope   and

14  corresponding ballot application, of any ballot rejected because:

15            (1)  the voter was deceased;

16            (2)  the voter already voted in person in the same

17  election;

18            (3)  the signatures on the carrier envelope and ballot

19  application were not executed by the same person;

20            (4)  the carrier envelope certificate lacked a witness

21  signature; [or]

22            (5)  the carrier envelope certificate was improperly

23  executed by an assistant; or

24            (6)  the early voting ballot board or the signature

25  verification committee determined that another violation of the

26  Election Code occurred.

27       SECTION 5.16.  Sections 87.062(a) and (c), Election Code,

S.B. No. 1

1  are amended to read as follows:

2       (a)  On  the  direction  of  the  presiding  judge,  the  early

3  voting ballot board, in accordance with Section 85.032(b), shall

4  open the underline(containers) [~~container~~] for the early voting ballots that

5  are to be counted by the board, remove the contents from underline(each) [~~the~~]

6  container, and remove any ballots enclosed in ballot envelopes from

7  their envelopes.

8       (c)  underline(Ballots  voted  by  mail  shall  be  tabulated  and  stored)

9  underline(separately from the ballots voted by personal appearance and shall)

10 underline(be separately reported on the returns) [~~The results of all early~~

11 ~~voting ballots counted by the board under this subchapter shall be~~

12 ~~included in the same return~~].

13      SECTION 5.17.  Section 87.103, Election Code, is amended to

14 read as follows:

15      Sec. 87.103.  COUNTING BALLOTS AND PREPARING RETURNS.  (a)

16 The  early  voting  electronic  system  ballots  counted  at  a  central

17 counting station underline(, the ballots cast at precinct polling places, and)

18 underline(the ballots voted by mail) shall be tabulated separately [~~from the~~

19 ~~ballots cast at precinct polling places~~] and shall be separately

20 reported on the returns.

21      (b)  The  early  voting  returns  prepared  at  the  central

22 counting station must include any early voting results obtained by

23 the early voting ballot board under underline(Subchapter) [~~Subchapters~~] D [~~and~~

24 ~~E~~].

25      SECTION 5.18.  Section 87.126, Election Code, is amended by

26 adding Subsection (a-1) to read as follows:

27      underline((a-1)  Electronic  records  made  under  this  section  shall)

87S21482                          49

S.B. No. 1

1  record both sides of any application, envelope, or ballot recorded,

2  and all such records shall be provided to the early voting ballot

3  board, the signature verification committee, or both.

4        SECTION 5.19.   Subchapter G, Chapter 87, Election Code, is

5  amended by adding Section 87.128 to read as follows:

6        Sec. 87.128.  NOTES.  (a)  Each member of an early voting

7  ballot board and each member of a signature verification committee

8  is entitled to take any notes reasonably necessary to perform the

9  member's duties under this chapter.

10        (b)  Notes  taken  under  this  section  may  not  contain

11  personally identifiable information.

12        (c)  Each member who takes notes under this section shall

13  sign the notes and deliver them to the presiding judge or committee

14  chair, as applicable, for delivery to the custodian of election

15  records.

16        (d)  Notes collected under this section shall be preserved in

17  the same manner as precinct election records under Section 66.058.

18        ARTICLE 6.  ASSISTANCE OF VOTERS

19        SECTION 6.01.   Section 64.009, Election Code, is amended by

20  amending Subsection (b) and adding Subsections (e), (f), (f-1),

21  (g), and (h) to read as follows:

22        (b)  The  regular  voting  procedures, except  those  in

23  Subchapter B, may be modified by the election officer to the extent

24  necessary to conduct voting under this section.

25        (e)  Except as provided by Section 33.057, a poll watcher is

26  entitled to observe any activity conducted under this section.

27        (f)  A person who simultaneously assists seven or more voters

S.B. No. 1

1  voting under this section by providing the voters with

2  transportation to the polling place must complete and sign a form,

3  provided by an election officer, that contains the person's name

4  and address and whether the person is providing assistance solely

5  under this section or under both this section and Subchapter B.

6      (f-1)  Subsection (f) does not apply if the person is related

7  to each voter within the second degree by affinity or the third

8  degree by consanguinity, as determined under Subchapter B, Chapter

9  573, Government Code.

10      (g)  A form completed under Subsection (f) shall be delivered

11  to the secretary of state as soon as practicable.  The secretary

12  shall retain a form delivered under this section for the period for

13  preserving the precinct election records and shall make the form

14  available to the attorney general for inspection upon request.

15      (h)  The secretary of state shall prescribe the form

16  described by Subsection (f).

17      SECTION 6.02.  Section 64.031, Election Code, is amended to

18  read as follows:

19      Sec. 64.031.  ELIGIBILITY FOR ASSISTANCE.  A voter is

20  eligible to receive assistance in marking or reading the ballot, as

21  provided by this subchapter, if the voter cannot prepare or read the

22  ballot because of:

23          (1)  a physical disability that renders the voter

24  unable to write or see; or

25          (2)  an inability to read the language in which the

26  ballot is written.

27      SECTION 6.03.  Subchapter B, Chapter 64, Election Code, is

S.B. No. 1

1  amended by adding Section 64.0322 to read as follows:

2      Sec. 64.0322.  SUBMISSION  OF  FORM  BY  ASSISTANT.  (a)  A

3  person,  other  than  an  election  officer,  who  assists  a  voter  in

4  accordance  with  this  chapter  is  required  to  complete  a  form

5  stating:

6          (1)  the  name  and  address  of  the  person  assisting  the

7  voter;

8          (2)  the  relationship  to  the  voter  of  the  person

9  assisting the voter; and

10          (3)  whether the person assisting the voter received or

11  accepted  any  form  of  compensation  or  other  benefit  from  a

12  candidate, campaign, or political committee.

13      (b)  The secretary of state shall prescribe the form required

14  by this section.  The form must be incorporated into the official

15  carrier  envelope  if  the  voter  is  voting  an  early  voting  ballot  by

16  mail  and  receives  assistance  under  Section  86.010,  or  must  be

17  submitted  to  an  election  officer  at  the  time  the  voter  casts  a

18  ballot  if  the  voter  is  voting  at  a  polling  place  or  under  Section

19  64.009.

20      SECTION 6.04.  Section 64.034, Election Code, is amended to

21  read as follows:

22      Sec. 64.034.  OATH.  A  person,  other  than  an  election

23  officer,  selected to provide assistance to a voter must take the

24  following oath, administered by an election officer at the polling

25  place, before providing assistance:

26      "I swear (or affirm) under penalty of perjury that the voter I

27  am  assisting  represented  to  me  they  are  eligible  to  receive

S.B. No. 1

1  assistance; I will not suggest, by word, sign, or gesture, how the
2  voter should vote; I will confine my assistance to reading the
3  ballot to the voter, directing the voter to read the ballot, marking
4  the voter's ballot, or directing the voter to mark the ballot;
5  [answering the voter's questions, to stating propositions on the
6  ballot, and to naming candidates and, if listed, their political
7  parties;] I will prepare the voter's ballot as the voter directs; I
8  did not pressure or coerce the voter into choosing me to provide
9  assistance; [and] I am not the voter's employer, an agent of the
10 voter's employer, or an officer or agent of a labor union to which
11 the voter belongs; I will not communicate information about how the
12 voter has voted to another person; and I understand that if
13 assistance is provided to a voter who is not eligible for
14 assistance, the voter's ballot may not be counted."

15      SECTION 6.05.  Sections 86.010(e), (h), and (i), Election
16 Code, are amended to read as follows:

17      (e)  A person who assists a voter to prepare a ballot to be
18 voted by mail shall enter on the official carrier envelope of the
19 voter:

20          (1) the person's signature, printed name, and
21 residence address;

22          (2) the relationship of the person providing the
23 assistance to the voter; and

24          (3) whether the person received or accepted any form
25 of compensation or other benefit from a candidate, campaign, or
26 political committee in exchange for providing assistance [on the
27 official carrier envelope of the voter].

S.B. No. 1

1      (h)  Subsection (f) does not apply<u>:</u>

2           <u>(1)  to a violation of Subsection (c),</u> if the person is

3  related to the voter within the second degree by affinity or the

4  third degree by consanguinity, as determined under Subchapter B,

5  Chapter 573, Government Code, or was physically living in the same

6  dwelling as the voter at the time of the event<u>; or</u>

7           <u>(2)  to a violation of Subsection (e), if the person is</u>

8  <u>related to the voter within the second degree by affinity or the</u>

9  <u>third degree by consanguinity, as determined under Subchapter B,</u>

10 <u>Chapter 573, Government Code</u>.

11     (i)  An  offense  under  this  section  <u>for  a  violation  of</u>

12 <u>Subsection (c)</u> is increased to the next higher category of offense

13 if it is shown on the trial of an offense under this section that:

14          (1)  the  defendant  was  previously  convicted  of  an

15 offense under this code;

16          (2)  the  offense  involved  a  voter  65  years  of  age  or

17 older; or

18          (3)  the defendant committed another offense under this

19 section in the same election.

20     SECTION 6.06.  Section 86.0105, Election Code, is amended by

21 amending Subsections (a), (c), and (e) and adding Subsection (f) to

22 read as follows:

23     (a)  A person commits an offense if the person:

24          (1)  compensates <u>or offers to compensate</u> another person

25 for assisting voters as provided by Section 86.010[~~, as part of any~~

26 ~~performance-based compensation scheme based on the number of voters~~

27 ~~assisted or in which another person is presented with a quota of~~

S.B. No. 1

1  ~~voters to be assisted as provided by Section 86.010~~]; or

2          (2)  solicits,  receives,  or  [~~engages  in  another~~

3  ~~practice  that  causes  another  person's  compensation  from  or~~

4  ~~employment status with the person to be dependent on the number of~~

5  ~~voters assisted as provided by Section 86.010; or~~

6          [~~(3)  with knowledge that accepting compensation for~~

7  ~~such activity is illegal,~~] accepts compensation for an activity

8  described by Subdivision (1) [~~or (2)~~].

9          (c)  An offense under this section is a state jail felony [~~if~~

10  ~~it is shown on the trial of an offense under this section that the~~

11  ~~defendant was previously convicted two or more times under this~~

12  ~~section~~].

13          (e)  For  purposes  of  this  section,  compensation means  an

14  economic benefit as defined by Section 38.01, Penal Code [~~any form~~

15  ~~of monetary payment, goods, services, benefits, or promises or~~

16  ~~offers of employment, or any other form of consideration offered to~~

17  ~~another person in exchange for assisting voters~~].

18          (f)  This section does not apply if the person assisting a

19  voter is an attendant or caregiver previously known to the voter.

20          SECTION 6.07.  Section 86.013(b), Election Code, is amended

21  to read as follows:

22          (b)  Spaces must appear on the reverse side of the official

23  carrier envelope for:

24          (1)  indicating the identity and date of the election;

25  [~~and~~]

26          (2)  entering  the  signature,  printed  name,  and

27  residence address of a person other than the voter who deposits the

S.B. No. 1

1 carrier envelope in the mail or with a common or contract carrier;
2 and

3       (3)  indicating the relationship of that person to the
4 voter.

5       SECTION 6.08.  (a)  The secretary of state shall conduct a
6 study  regarding  the  implementation  of  educational  programs,
7 including  the  production  and  publication  on  the  secretary  of
8 state's Internet website of instructional videos, to help voters
9 with disabilities understand how to use voting systems used in this
10 state.

11      (b)  Not later than December 1, 2022, the secretary of state
12 shall  submit  to  the  standing  committees  of  the  legislature  with
13 jurisdiction over elections a report on the study required by this
14 section.

15      (c)  The secretary of state, using existing resources, may
16 contract with a qualified vendor to conduct the study required by
17 this section.

18      (d)  This section expires December 1, 2023.

19          ARTICLE 7.  FRAUD AND OTHER UNLAWFUL PRACTICES

20      SECTION 7.01.  Chapter  63,  Election  Code,  is  amended  by
21 adding Section 63.0111 to read as follows:

22      Sec. 63.0111.  OFFENSES RELATED TO PROVISIONAL VOTING.  (a)
23 An  election  judge  commits  an  offense  if  the  judge  knowingly
24 provides a voter with a form for an affidavit required by Section
25 63.001 if the form contains information that the judge entered on
26 the form knowing it was false.

27      (b)  An offense under this section is a state jail felony.

S.B. No. 1

1    SECTION 7.02.   Sections 276.004(a) and (b), Election Code,

2 are amended to read as follows:

3        (a)  A person commits an offense if, with respect to another

4 person over whom the person has authority in the scope of

5 employment, the person knowingly:

6            (1)  refuses to permit the other person to be absent

7 from work on election day or while early voting is in progress for

8 the purpose of attending the polls to vote; or

9            (2)  subjects or threatens to subject the other person

10 to a penalty for attending the polls on election day or while early

11 voting is in progress to vote.

12       (b)  It is an exception to the application of this section

13 that the person's conduct occurs in connection with an election in

14 which the polls are open on election day or while early voting is in

15 progress for voting for two consecutive hours outside of the

16 voter's working hours.

17    SECTION 7.03.   Sections 276.013(a) and (b), Election Code,

18 are amended to read as follows:

19       (a)  A person commits an offense if the person knowingly or

20 intentionally makes any effort to:

21           (1)  influence the independent exercise of the vote of

22 another in the presence of the ballot or during the voting process,

23 including by altering the ballot of another or by otherwise causing

24 a ballot to not reflect the intent of the voter;

25           (2)  cause a voter to become registered, a ballot to be

26 obtained, or a vote to be cast under false pretenses; [or]

27           (3)  cause  any  false or  intentionally  misleading

S.B. No. 1

1   statement, representation, or information to be provided:

2               (A)   to an election official; or

3               (B)   on an application for ballot by mail, carrier

4   envelope, or any other official election-related form or document;

5               (4)   prevent a voter from casting a legal ballot in an

6   election in which the voter is eligible to vote;

7               (5)   provide false information to a voter with the

8   intent of preventing the voter from voting in an election in which

9   the voter is eligible to vote;

10              (6)   cause the ballot not to reflect the intent of the

11  voter;

12              (7)   cause a ballot to be voted for another person that

13  the person knows to be deceased or otherwise knows not to be a

14  qualified or registered voter;

15              (8)   cause or enable a vote to be cast more than once in

16  the same election; or

17              (9)   discard or destroy a voter's completed ballot

18  without the voter's consent.

19       (b)   An offense under this section is a Class A misdemeanor,

20  unless:

21              (1)   the person committed the offense while acting in

22  the person's capacity as an elected official, in which case the

23  offense is a state jail felony; or

24              (2)   the person is convicted of an attempt, in which

25  case the offense is a Class B [A] misdemeanor.

26       SECTION 7.04.   Chapter 276, Election Code, is amended by

27  adding Sections 276.015, 276.016, 276.017, 276.018, and 276.019 to

S.B. No. 1

1   read as follows:

2        Sec. 276.015.   VOTE HARVESTING.  (a)  In this section:

3            (1)  "Benefit" means anything reasonably regarded as a

4   gain or advantage, including a promise or offer of employment, a

5   political favor, or an official act of discretion, whether to a

6   person or another party whose welfare is of interest to the person.

7            (2)  "Vote   harvesting   services"   means   in-person

8   interaction with one or more voters, in the physical presence of an

9   official ballot or a ballot voted by mail, intended to deliver votes

10  for a specific candidate or measure.

11       (b)  A person commits an offense if the person, directly or

12  through a third party, knowingly provides or offers to provide vote

13  harvesting services in exchange for compensation or other benefit.

14       (c)  A person commits an offense if the person, directly or

15  through a third party, knowingly provides or offers to provide

16  compensation or other benefit to another person in exchange for

17  vote harvesting services.

18       (d)  A person commits an offense if the person knowingly

19  collects or possesses a mail ballot or official carrier envelope in

20  connection with vote harvesting services.

21       (e)  This section does not apply to:

22            (1)  an   activity   not   performed   in   exchange   for

23  compensation or a benefit;

24            (2)  interactions that do not occur in the presence of

25  the ballot or during the voting process;

26            (3)  interactions   that   do   not   directly   involve   an

27  official ballot or ballot by mail;

S.B. No. 1

1        (4)  interactions that are not conducted in-person with

2  a voter; or

3        (5)  activity that is not designed to deliver votes for

4  or against a specific candidate or measure.

5    (f)  An offense under this section is a felony of the third

6  degree.

7    (g)  If conduct that constitutes an offense under this

8  section also constitutes an offense under any other law, the actor

9  may be prosecuted under this section, the other law, or both.

10    (h)  Records necessary to investigate an offense under this

11  section or any other section of this code shall be provided by an

12  election officer in an unredacted form to a law enforcement officer

13  upon request.  Records obtained under this subsection are not

14  subject to public disclosure.

15    Sec. 276.016.  UNLAWFUL SOLICITATION AND DISTRIBUTION  OF

16  APPLICATION TO VOTE BY MAIL.  (a)  A public official or election

17  official commits an offense if the official, while acting in an

18  official capacity, knowingly:

19        (1)  solicits the submission of an application to vote

20  by mail from a person who did not request an application;

21        (2)  distributes an application to vote by mail to a

22  person who did not request the application unless the distribution

23  is expressly authorized by another provision of this code;

24        (3)  authorizes or approves the expenditure of public

25  funds to facilitate third-party distribution of an application to

26  vote by mail to a person who did not request the application; or

27        (4)  completes any portion of an application to vote by

S.B. No. 1

1    mail and distributes the application to an applicant.

2         (b)   An offense under this section is a state jail felony.

3         (c)   Subsection (a)(2) does not apply if the public official

4    or election official engaged in the conduct described by Subsection

5    (a)(2) by providing access to an application to vote by mail from a

6    publicly accessible Internet website.

7         (d)   Subsection (a)(4) does not apply if the public official

8    or election official engaged in the conduct described by Subsection

9    (a)(4) while lawfully assisting the applicant under Section 84.003.

10        (e)   Subsection (a) does not apply if the public official or

11   election official:

12             (1)   provided general information about voting by mail,

13   the vote by mail process, or the timelines associated with voting to

14   a person or the public; or

15             (2)   engaged in the conduct described by Subsection (a)

16   while acting in the official's capacity as a candidate for a public

17   elective office.

18        (f)   The remedy provided under this chapter is cumulative,

19   and does not restrict any other remedies provided by this code or by

20   law.  A violation of this section is subject to injunctive relief or

21   mandamus as provided by this code.

22        Sec. 276.017.   UNLAWFUL DISTRIBUTION OF EARLY VOTING BALLOTS

23   AND BALLOTING MATERIALS.   (a)   The early voting clerk or other

24   election official commits an offense if the clerk or official

25   knowingly mails or otherwise provides an early voting ballot by

26   mail or other early voting by mail ballot materials to a person who

27   the clerk or official knows did not submit an application for a

S.B. No. 1

1  ballot to be voted by mail under Section 84.001.

2  (b)  An offense under this section is a Class A misdemeanor.

3  Sec. 276.018.  PERJURY IN CONNECTION WITH CERTAIN ELECTION

4  PROCEDURES.  (a) A person commits an offense if, with the intent to

5  deceive, the person knowingly or intentionally makes a false

6  statement or swears to the truth of a false statement:

7  (1)  on a voter registration application; or

8  (2)  previously made while making an oath, declaration,

9  or affidavit described by this code.

10  (b)  An offense under this section is a state jail felony.

11  Sec. 276.019.  UNLAWFUL ALTERING OF ELECTION PROCEDURES.  A

12  public official or election official may not create, alter, modify,

13  waive, or suspend any election standard, practice, or procedure

14  mandated by law or rule in a manner not expressly authorized by this

15  code.

16  ARTICLE 8.  ENFORCEMENT

17  SECTION 8.01.  Subchapter E, Chapter 31, Election Code, is

18  amended by adding Sections 31.128, 31.129, and 31.130 to read as

19  follows:

20  Sec. 31.128.  RESTRICTION ON ELIGIBILITY.  (a)  In this

21  section, "election official" does not include a chair of a county

22  political party holding a primary election or a runoff primary

23  election.

24  (b)  A person may not serve as an election official if the

25  person has been finally convicted of an offense under this code.

26  Sec. 31.129.  CIVIL PENALTY.  (a) In this section, "election

27  official" has the meaning assigned by Section 31.128.

S.B. No. 1

1    (b)  An election official may be liable to this state for a
2  civil penalty if the official:
3        (1)  is employed by or is an officer of this state or a
4  political subdivision of this state; and
5        (2)  violates a provision of this code.
6    (c)  A civil penalty imposed under this section may include
7  termination of the person's employment and loss of the person's
8  employment benefits.
9    Sec. 31.130.  SUIT AGAINST ELECTION OFFICER.  An action,
10 including an action for a writ of mandamus, alleging that an
11 election officer violated a provision of this code while acting in
12 the officer's official capacity may only be brought against the
13 officer in the officer's official capacity.
14    SECTION 8.02.  Sections 232.008(b), (c), and (d), Election
15 Code, are amended to read as follows:
16    (b)  Except as provided by Subsection (c), a contestant must
17 file the petition not later than the later of the 45th [30th] day
18 after the date the election records are publicly available under
19 Section 1.012 or the official result of the contested election is
20 determined.
21    (c)  A contestant must file the petition not later than the
22 later of the 15th [10th] day after the date the election records are
23 publicly available under Section 1.012 or the official result is
24 determined in a contest of:
25        (1)  a primary or runoff primary election; or
26        (2)  a general or special election for which a runoff is
27 necessary according to the official result or will be necessary if

S.B. No. 1

1   the contestant prevails.

2         (d)  A contestant must deliver, electronically or otherwise,

3   a copy of the petition to the secretary of state by the same

4   deadline prescribed for the filing of the petition.

5         SECTION 8.03.   Title 14, Election Code, is amended by adding

6   Subtitle D to read as follows:

7                  SUBTITLE D.  OTHER ELECTION LAWSUITS

8    CHAPTER 247.  LAWSUIT ALLEGING IMPROPER ELECTION ACTIVITIES

9         Sec. 247.001.  PETITION  ALLEGING  FRAUD.   This  chapter

10   applies to a civil suit in which a candidate in an election alleges

11   in the petition that an opposing candidate, an agent of the opposing

12   candidate, or a person acting on behalf of the opposing candidate

13   with  the  candidate's  knowledge  violated  any  of  the  following

14   sections of this code:

15              (1)   Section 13.007;

16              (2)   Section 64.012;

17              (3)   Section 64.036;

18              (4)   Section 84.003;

19              (5)   Section 84.0041;

20              (6)   Section 86.0051;

21              (7)   Section 86.006;

22              (8)   Section 86.010;

23              (9)   Section 276.013; and

24              (10)  Section 276.015.

25         Sec. 247.002.  PROCEDURE.  A candidate  in  an  election  may

26   file a petition for an action under this chapter in any county where

27   a defendant resided at the time of the election.  If the election is

S.B. No. 1

1  for a statewide office, the candidate may also file the petition in

2  a district court in Travis County.

3      Sec. 247.003.   FILING PERIOD FOR PETITION.  A candidate in an

4  election may file a petition for an action under this chapter not

5  earlier than the day after the date the election is certified and

6  not later than the 45th day after the later of that date or the date

7  election records are made publicly available under Section 1.012.

8      Sec. 247.004.  DAMAGES.   (a)   If  it  is  shown  by  a

9  preponderance of the evidence that a defendant, an agent of the

10  defendant, or a person acting on behalf of the defendant with the

11  defendant's knowledge committed one or more violations of a section

12  described  by  Section  247.001,  the  defendant  is  liable  to  the

13  plaintiff for damages in an amount of $1,000 for each violation.

14      (b)  Notwithstanding  Section  41.004,  Civil  Practice  and

15  Remedies Code, a court shall award damages under Subsection (a) to

16  the  plaintiff  irrespective  of  whether  the  plaintiff  is  awarded

17  actual damages.

18      Sec. 247.005.  ATTORNEY'S FEES.   In  an  action  under  this

19  chapter,  the  court  may  award  reasonable  attorney's  fees  to  the

20  prevailing party.

21      SECTION 8.04.  Section 273.061, Election Code, is amended to

22  read as follows:

23      Sec. 273.061.  JURISDICTION.   (a)  The  supreme  court  or  a

24  court  of  appeals  may  issue  a  writ  of  mandamus  to  compel  the

25  performance  of  any  duty  imposed  by  law  in  connection  with  the

26  holding  of  an  election  or  a  political  party  convention,  regardless

27  of  whether  the  person  responsible  for  performing  the  duty  is  a

S.B. No. 1

1  public officer.

2      (b)  The court of criminal appeals may issue a writ of
3  mandamus to compel the performance of any duty imposed by law in
4  connection with the provision, sequestration, transfer, or
5  impoundment of evidence in or records relating to a criminal
6  investigation conducted under this code or conducted in connection
7  with the conduct of an election or political party convention.  If a
8  writ of mandamus is issued under this subsection, it shall include
9  an order requiring the provision, sequestration, transfer, or
10  impoundment of the evidence or record.

11      SECTION 8.05.  Subchapter D, Chapter 22, Government Code, is
12  amended by adding Sections 22.304 and 22.305 to read as follows:

13      Sec. 22.304.  COURT SITTING IN PANELS FOR CERTAIN ELECTION
14  PROCEEDINGS; CRIMINAL OFFENSE.  (a)  In this section, "public
15  official" means any person elected, selected, appointed, employed,
16  or otherwise designated as an officer, employee, or agent of this
17  state, a government agency, a political subdivision, or any other
18  public body established by state law.

19      (b)  Notwithstanding any other law or rule, a court
20  proceeding entitled to priority under Section 22.305 and filed in a
21  court of appeals shall be docketed by the clerk of the court and
22  assigned to a panel of three justices determined using an automated
23  assignment system.

24      (c)  A person, including a public official, commits an
25  offense if the person communicates with a court clerk with the
26  intention of influencing or attempting to influence the composition
27  of a three-justice panel assigned a specific proceeding under this

S.B. No. 1

1   section.

2        (d)  An offense under this section is a Class A misdemeanor.

3        Sec. 22.305.   PRIORITY OF CERTAIN ELECTION PROCEEDINGS.  (a)

4   The supreme court or a court of appeals shall prioritize over any

5   other proceeding pending or filed in the court a proceeding for

6   injunctive relief or for a writ of mandamus under Chapter 273,

7   Election Code, pending or filed in the court on or after the 70th

8   day before a general or special election.

9        (b)  If granted, oral argument for a proceeding described by

10  Subsection (a) may be given in person or through electronic means.

11       SECTION 8.06.   Section 23.101, Government Code, is amended

12  by amending Subsection (a) and adding Subsections (b-1) and (b-2)

13  to read as follows:

14       (a)  Except as provided by Subsection (b-1), the [The] trial

15  courts of this state shall regularly and frequently set hearings

16  and trials of pending matters, giving preference to hearings and

17  trials of the following:

18             (1)  temporary injunctions;

19             (2)  criminal actions, with the following actions given

20  preference over other criminal actions:

21                  (A)  criminal actions against defendants who are

22  detained in jail pending trial;

23                  (B)  criminal actions involving a charge that a

24  person committed an act of family violence, as defined by Section

25  71.004, Family Code;

26                  (C)  an offense under:

27                       (i)  Section 21.02 or 21.11, Penal Code;

1                              (ii)   Chapter 22, Penal Code, if the victim
2    of the alleged offense is younger than 17 years of age;
3                              (iii)  Section 25.02, Penal Code, if the
4    victim of the alleged offense is younger than 17 years of age;
5                              (iv)   Section 25.06, Penal Code;
6                              (v)    Section 43.25, Penal Code; or
7                              (vi)   Section 20A.02(a)(7), 20A.02(a)(8),
8    or 20A.03, Penal Code;
9                         (D)   an offense described by Article 62.001(6)(C)
10   or (D), Code of Criminal Procedure; and
11                        (E)   criminal actions against persons who are
12   detained as provided by Section 51.12, Family Code, after transfer
13   for prosecution in criminal court under Section 54.02, Family Code;
14                   (3)   election contests and suits under the Election
15   Code;
16                   (4)   orders for the protection of the family under
17   Subtitle B, Title 4, Family Code;
18                   (5)   appeals of final rulings and decisions of the
19   division of workers' compensation of the Texas Department of
20   Insurance regarding workers' compensation claims and claims under
21   the Federal Employers' Liability Act and the Jones Act;
22                   (6)   appeals of final orders of the commissioner of the
23   General Land Office under Section 51.3021, Natural Resources Code;
24                   (7)   actions in which the claimant has been diagnosed
25   with malignant mesothelioma, other malignant asbestos-related
26   cancer, malignant silica-related cancer, or acute silicosis; and
27                   (8)   appeals brought under Section 42.01 or 42.015, Tax

S.B. No. 1

1   Code, of orders of appraisal review boards of appraisal districts
2   established for counties with a population of less than 175,000.

3       (b-1)  Except for a criminal case in which the death penalty
4   has been or may be assessed or when it would otherwise interfere
5   with a constitutional right, the trial courts of this state shall
6   prioritize over any other proceeding pending or filed in the court a
7   proceeding for injunctive relief under Chapter 273, Election Code,
8   pending or filed in the court on or after the 70th day before a
9   general or special election.

10      (b-2)  A hearing in a proceeding described by Subsection
11  (b-1) may be held in person or through electronic means, as
12  determined by the court.

13      SECTION 8.07.  Chapter 23, Government Code, is amended by
14  adding Subchapter D to read as follows:

15              SUBCHAPTER D.  GENERAL PROVISIONS

16      Sec. 23.301.  ASSIGNMENT OF CERTAIN ELECTION PROCEEDINGS;
17  CRIMINAL OFFENSE.  (a)  Notwithstanding any other law or rule, the
18  clerk of a district court in which a proceeding entitled to priority
19  under Section 23.101(b-1) is filed shall docket the proceeding and,
20  if more than one district court in the county has jurisdiction over
21  the proceeding, randomly assign the proceeding to a district court
22  using an automated assignment system.

23      (b)  Notwithstanding any other law or rule, the clerk of a
24  county court or statutory county court in which a proceeding
25  entitled to priority under Section 23.101(b-1) is filed shall
26  docket the proceeding and, if more than one court in the county has
27  jurisdiction over the proceeding, randomly assign the proceeding to

S.B. No. 1

1  a court using an automated assignment system.

2       (c)  A person, including a public official, commits an

3  offense if the person communicates with a county or district clerk

4  with the intention of influencing or attempting to influence the

5  court or judge assigned to a proceeding under this section.

6       (d)  An offense under this section is a Class A misdemeanor,

7  except that the offense is a state jail felony if it is shown on the

8  trial of the offense that the person committed the offense while

9  acting in the person's official capacity as an election official.

10      (e)  If a district or county clerk does not comply with this

11  section, a person may seek from the supreme court or a court of

12  appeals a writ of mandamus as provided by Section 273.061, Election

13  Code, to compel compliance with this section.

14      Sec. 23.302.  DEADLINES IN CERTAIN ELECTION PROCEEDINGS.

15  (a)  Not later than 24 hours after the proceeding is filed, a judge

16  to whom a case is assigned under Section 23.301(b) who wishes to be

17  recused from the proceeding must, before recusal:

18           (1)  hear an application for any emergency temporary

19  relief sought;

20           (2)  grant or deny any emergency temporary relief

21  sought; and

22           (3)  set a scheduling order that provides:

23                (A)  a date for a hearing on any injunction sought

24  not later than five days after the date on which the proceeding was

25  filed; and

26                (B)  discovery and deposition deadlines before

27  the expiration of any emergency relief order entered.

S.B. No. 1

1     (b)  The presiding judge of an administrative region shall

2  assign a new judge to a proceeding assigned under Section 23.301(b)

3  not later than 12 hours after the original judge assigned to the

4  proceeding is recused under Subsection (a).

5     (c)  A final order in a proceeding filed under Section

6  273.081, Election Code, shall be submitted in writing to the

7  parties not later than 24 hours after the judge makes a final

8  determination in the proceeding.

9     (d)  If a district judge does not comply with this section, a

10  person may seek from the supreme court, the court of criminal

11  appeals, or a court of appeals a writ of mandamus as provided by

12  Section 273.061, Election Code, to compel compliance with this

13  section.

14     (e)  Notwithstanding Section 23.101(b-1), a proceeding

15  relating to a permanent injunction being sought in connection to a

16  challenge under Section 141.034, Election Code, may be heard after

17  the primary election has been canvassed.

18       ARTICLE 9.  INELIGIBLE VOTERS AND RELATED REFORMS

19       SECTION 9.01.  Chapter 42, Code of Criminal Procedure, is

20  amended by adding Article 42.0194 to read as follows:

21     Art. 42.0194.  FINDING REGARDING FELONY CONVICTION.  In the

22  trial of a felony offense, if the defendant is adjudged guilty of

23  the offense, the court shall:

24         (1)  make an affirmative finding that the person has

25  been found guilty of a felony and enter the affirmative finding in

26  the judgment of the case; and

27         (2)  instruct the defendant regarding how the felony

S.B. No. 1

1  conviction will impact the defendant's right to vote in this state.

2  SECTION 9.02.  Article 42.01, Code of Criminal Procedure, as

3  effective September 1, 2021, is amended by adding Section 16 to read

4  as follows:

5  Sec. 16.  In addition to the information described by

6  Section 1, the judgment should reflect the affirmative finding and

7  instruction entered pursuant to Article 42.0194.

8  SECTION 9.03.  Section 64.012, Election Code, is amended by

9  amending Subsections (a) and (b) and adding Subsections (c) and (d)

10  to read as follows:

11  (a)  A person commits an offense if the person knowingly or

12  intentionally:

13  (1)  votes or attempts to vote in an election in which

14  the person knows the person is not eligible to vote;

15  (2)  [knowingly] votes or attempts to vote more than

16  once in an election;

17  (3)  [knowingly] votes or attempts to vote a ballot

18  belonging to another person, or by impersonating another person;

19  [or]

20  (4)  [knowingly] marks or attempts to mark any portion

21  of another person's ballot without the consent of that person, or

22  without specific direction from that person how to mark the ballot;

23  or

24  (5)  votes or attempts to vote in an election in this

25  state after voting in another state in an election in which a

26  federal office appears on the ballot and the election day for both

27  states is the same day.

S.B. No. 1

1      (b)   An offense under this section is a <u>Class A misdemeanor</u>
2  [~~felony of the second degree unless the person is convicted of an~~
3  ~~attempt.  In that case, the offense is a state jail felony~~].

4      <u>(c)   A person may not be convicted solely upon the fact that</u>
5  <u>the person signed a provisional ballot affidavit under Section</u>
6  <u>63.011 unless corroborated by other evidence that the person</u>
7  <u>knowingly committed the offense.</u>

8      <u>(d)   If conduct that constitutes an offense under this</u>
9  <u>section also constitutes an offense under any other law, the actor</u>
10 <u>may be prosecuted under this section, the other law, or both.</u>

11     SECTION 9.04.  The change in law made by this article in
12 adding Section 64.012(c), Election Code, applies to an offense
13 committed before, on, or after the effective date of this Act,
14 except that a final conviction for an offense under that section
15 that exists on the effective date of this Act remains unaffected by
16 this article.

17  ARTICLE 10. REPEALER; SEVERABILITY; TRANSITION; EFFECTIVE DATE

18     SECTION 10.01.  The following provisions of the Election
19 Code are repealed:

20          (1)  Section 85.062(e);

21          (2)  Section 86.0105(b); and

22          (3)  Section 127.201(f).

23     SECTION 10.02.  If any provision of this Act or its
24 application to any person or circumstance is held invalid, the
25 invalidity does not affect other provisions or applications of this
26 Act that can be given effect without the invalid provision or
27 application, and to this end the provisions of this Act are declared