### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al*., | § | |
| *Plaintiffs*, | § | |
| | § | Consolidated Case No. 5:21-cv-844-XR |
| v. | § | |
| | § | |
| GREGORY W. ABBOTT, *et al*., | § | |
| *Defendants*. | § | |

## Documents Produced with State Defendants' Initial Disclosures
## November 5, 2021


## Copy Filed with the Court November 15, 2021 (ECF 112)

## Senate Bill 1
## Legislative Session: 87
## Second Special Session

## Part VI

Date: November 15, 2021

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General


OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410

Respectfully submitted.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
patrick.sweeten@oag.texas.gov
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
will.thompson@oag.texas.gov
Tex. State Bar No. 24088531

ERIC A. HUDSON
Senior Special Counsel
eric.hudson@oag.texas.gov
Tex. Bar No. 24059977

KATHLEEN T. HUNKER
Special Counsel
kathleen.hunker@oag.texas.gov
Tex. State Bar No. 24118415
*Application for Admission Pending*

LEIF A. OLSON
Special Counsel
leif.olson@oag.texas.gov
Tex. State Bar No. 24032801

JEFFREY M. WHITE
Special Counsel
jeff.white@oag.texas.gov
Tex. State Bar No. 24064380

**COUNSEL FOR DEFENDANTS**


**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on November 15, 2021, and that all counsel of record were served by CM/ECF.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| ARTICLE 5.  ASSISTANCE OF VOTERS | ARTICLE 6. Same heading as Senate version. | ARTICLE 6. Same heading as Senate version. |
| SECTION 5.01.  Section 64.009, Election Code, is amended by amending Subsection (b) and adding Subsections (e), (f), (f-1), (g), and (h) to read as follows: | SECTION 6.__. Section 64.009, Election Code, is amended by amending Subsection (b) and adding Subsections (e), (f), (f-1), (g), and (h) to read as follows: [FA55(4)] | SECTION 6.01. Same as House version. |
| (b)    The regular voting procedures, except those in Subchapter B, may be modified by the election officer to the extent necessary to conduct voting under this section. | (b) Same as Senate version. [FA55(4)] | (b) Same as Senate version. |
| (e)  Except as provided by Section 33.057, a poll watcher is entitled to observe any activity conducted under this section. | (e) Same as Senate version. [FA55(4)] | (e) Same as Senate version. |
| (f)  A person who simultaneously assists ***three*** or more voters voting under this section by providing the voters with transportation to the polling place must complete and sign a form, provided by an election officer, that contains the person's name and address and whether the person is providing assistance solely under this section or under both this section and Subchapter B. | (f) A person who simultaneously assists ***seven*** or more voters voting under this section by providing the voters with transportation to the polling place must complete and sign a form, provided by an election officer, that contains the person's name and address and whether the person is providing assistance solely under this section or under both this section and Subchapter B. [FA55(4)] | (f) Same as House version. |
| (f-1)  Subsection (f) does not apply if the person is related to each voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code. | (f-1) Same as Senate version. [FA55(4)] | (f-1) Same as Senate version. |
| (g)    A form completed under Subsection (f) shall be delivered to the secretary of state as soon as practicable.  The secretary shall retain a form delivered under this section for the period for preserving the precinct election records and | (g) Same as Senate version. [FA55(4)] | (g) Same as Senate version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|

shall make the form available to the attorney general for inspection upon request.

(h)  The secretary of state shall prescribe the form described by Subsection (f).

SECTION 5.02.  Section 64.031, Election Code, is amended.

SECTION 5.03.  Subchapter B, Chapter 64, Election Code, is amended.

SECTION 5.04.  Section 64.034, Election Code, is amended to read as follows:
Sec. 64.034.  OATH.  A person, other than an election officer, selected to provide assistance to a voter must take the following oath, administered by an election officer at the polling place, before providing assistance:
"I swear (or affirm) under penalty of perjury that the voter I am assisting represented to me they are eligible to receive assistance; I will not suggest, by word, sign, or gesture, how the voter should vote; [I will confine my assistance to answering the voter's questions, to stating propositions on the ballot, and to naming candidates and, if listed, their political parties;]

I will prepare the voter's ballot as the voter directs; I did not encourage, pressure, or coerce the voter into choosing me to provide assistance; [and] I am not the voter's employer, an agent of the voter's employer, or an officer or agent of a labor union to which the voter belongs; I will not communicate information about how the voter has voted to another person; and I understand that if assistance is provided to a voter who

---

(h) Same as Senate version. [FA55(4)]

SECTION 6.01. Same as Senate version.

SECTION 6.02. Same as Senate version.

SECTION 6.03.  Section 64.034, Election Code, is amended to read as follows:
Sec. 64.034.  OATH.  A person, other than an election officer, selected to provide assistance to a voter must take the following oath, administered by an election officer at the polling place, before providing assistance:
"I swear (or affirm) under penalty of perjury that the voter I am assisting represented to me they are eligible to receive assistance; I will not suggest, by word, sign, or gesture, how the voter should vote; *I will confine my assistance to reading the ballot to the voter, directing the voter to read the ballot, marking the voter's ballot, or directing the voter to mark the ballot;* [answering the voter's questions, to stating propositions on the ballot, and to naming candidates and, if listed, their political parties;] I will prepare the voter's ballot as the voter directs; I did not pressure or coerce the voter into choosing me to provide assistance; [and] I am not the voter's employer, an agent of the voter's employer, or an officer or agent of a labor union to which the voter belongs; I will not communicate information about how the voter has voted to another person; and I understand that if assistance is

---

(h) Same as Senate version.

SECTION 6.02. Same as Senate version.

SECTION 6.03. Same as Senate version.

SECTION 6.04. Same as House version.

---

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| is not eligible for assistance, the voter's ballot may not be counted." | provided to a voter who is not eligible for assistance, the voter's ballot may not be counted." [FA2(37)] | SECTION 6.05. Same as House version. |

| SENATE VERSION | HOUSE VERSION (IE) |
|---|---|
| SECTION 5.05.  Sections 86.010(e), (h), and (i), Election Code, are amended to read as follows: | SECTION 6.04.  Sections 86.010(e), (h), and (i), Election Code, are amended to read as follows: |
| (e)  A person who assists a voter to prepare a ballot to be voted by mail shall enter <u>on the official carrier envelope of the voter</u>: | (e)  A person who assists a voter to prepare a ballot to be voted by mail shall enter <u>on the official carrier envelope of the voter</u>: |
| <u>(1)</u>  the person's signature, printed name, and residence address<u>;</u> | <u>(1)</u>  the person's signature, printed name, and residence address<u>;</u> |
| <u>(2) the relationship of the person providing the assistance to the voter; and</u> | <u>(2) the relationship of the person providing the assistance to the voter; and</u> |
| <u>(3)  whether the person received or accepted any form of compensation or other benefit from a candidate, campaign, or political committee in exchange for providing assistance</u> [~~on the official carrier envelope of the voter~~]. | <u>(3)  whether the person received or accepted any form of compensation or other benefit from a candidate, campaign, or political committee in exchange for providing assistance</u> [~~on the official carrier envelope of the voter~~]. |
| (h)  Subsection (f) does not apply *<u>to</u>*: | (h)  Subsection (f) does not apply<u>:</u> |
| <u>(1)  a violation of Subsection (c),</u> if the person is related to the voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code, or was physically living in the same dwelling as the voter at the time of the event<u>; or</u> | <u>(1)  *to* a violation of Subsection (c),</u> if the person is related to the voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code, or was physically living in the same dwelling as the voter at the time of the event<u>; or</u> |
| <u>(2)  a violation of Subsection (e), if the person is related to the voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code.</u> | <u>(2)  *to* a violation of Subsection (e), if the person is related to the voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code.</u> |
| (i)  An offense under this section <u>for a violation of Subsection (c)</u> is increased to the next higher category of offense if it is shown on the trial of an offense under this section that: | (i)  An offense under this section <u>for a violation of Subsection (c)</u> is increased to the next higher category of offense if it is shown on the trial of an offense under this section that: |
| (1) the defendant was previously convicted of an offense under this code; | (1) the defendant was previously convicted of an offense under this code; |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| (2) the offense involved a voter 65 years of age or older; or (3) the defendant committed another offense under this section in the same election. | (2) the offense involved a voter 65 years of age or older; or (3) the defendant committed another offense under this section in the same election. [FA2(46)-(48), FA3(7)] | |
| ***No equivalent provision.*** | SECTION 6.05.   Section 86.0105, Election Code, is amended by amending Subsections (a), (c), and (e) and adding Subsection (f) to read as follows: (a)  A person commits an offense if the person: (1)  compensates or offers to compensate another person for assisting voters as provided by Section 86.010[, as part of any performance-based compensation scheme based on the number of voters assisted or in which another person is presented with a quota of voters to be assisted as provided by Section 86.010]; or (2)  solicits, receives, or [engages in another practice that causes another person's compensation from or employment status with the person to be dependent on the number of voters assisted as provided by Section 86.010; or [(3)  with knowledge that accepting compensation for such activity is illegal,] accepts compensation for an activity described by Subdivision (1) [or (2)]. (c)  An offense under this section is a state jail felony [if it is shown on the trial of an offense under this section that the defendant was previously convicted two or more times under this section]. (e)   For purposes of this section, compensation means an economic benefit as defined by Section 38.01, Penal Code [any form of monetary payment, goods, services, benefits, or promises or offers of employment, or any other form of consideration offered to another person in exchange for assisting voters]. | SECTION 6.06. Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | (f) This section does not apply if the person assisting a voter is an attendant or caregiver previously known to the voter. | |
| SECTION 5.06.   Section 86.013(b), Election Code, is amended. | SECTION 6.06. Same as Senate version. | SECTION 6.07. Same as Senate version. |
| SECTION 5.07.  (a)  The secretary of state shall conduct a study regarding the implementation of educational programs, including the production and publication on the secretary of state's Internet website of instructional videos, to help voters with disabilities understand how to use voting systems used in this state.<br>(b)  Not later than December 1, 2022, the secretary of state shall submit to the standing committees of the legislature with jurisdiction over elections a report on the study required by this section.<br>(c)  The secretary of state, using existing resources, may contract with a qualified vendor to conduct the study required by this section.<br>(d)  This section expires December 1, 2023. | SECTION 6.__. Same as Senate version.  [FA2(38)] | SECTION 6.08. Same as Senate version. |
| ARTICLE  6.     FRAUD  AND  OTHER  UNLAWFUL PRACTICES | ARTICLE 7. Same heading as Senate version. | ARTICLE 7. Same heading as Senate version. |
| SECTION 6.01.  Chapter 63, Election Code, is amended. | SECTION 7.01. Same as Senate version. | SECTION 7.01. Same as Senate version. |
| SECTION 6.02.  Sections 276.004(a) and (b), Election Code, are amended. | SECTION 7.02. Same as Senate version. | SECTION 7.02. Same as Senate version. |
| *No equivalent provision.* | SECTION 7.03.  Sections 276.013(a) and (b), Election Code, are amended to read as follows: | SECTION 7.03. Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | (a)  A person commits an offense if the person knowingly or intentionally makes any effort to: | |
| | (1)  influence the independent exercise of the vote of another in the presence of the ballot or during the voting process, <u>including by altering the ballot of another or by otherwise causing a ballot to not reflect the intent of the voter</u>; | |
| | (2)   cause a voter to become registered, a ballot to be obtained, or a vote to be cast under false pretenses; [or] | |
| | (3) cause any <u>false or</u> intentionally misleading statement, representation, or information to be provided: | |
| | (A) to an election official; or | |
| | (B) on an application for ballot by mail, carrier envelope, or any other official election-related form or document<u>;</u> | |
| | <u>(4) prevent a voter from casting a legal ballot in an election in which the voter is eligible to vote;</u> | |
| | <u>(5) provide false information to a voter with the intent of preventing the voter from voting in an election in which the voter is eligible to vote;</u> | |
| | <u>(6) cause the ballot not to reflect the intent of the voter;</u> | |
| | <u>(7) cause a ballot to be voted for another person that the person knows to be deceased or otherwise knows not to be a qualified or registered voter;</u> | |
| | <u>(8) cause or enable a vote to be cast more than once in the same election; or</u> | |
| | <u>(9) discard or destroy a voter's completed ballot without the voter's consent.</u> | |
| | (b) An offense under this section is a <u>Class A misdemeanor, unless:</u> | |
| | <u>(1) the person committed the offense while acting in the person's capacity as an elected official, in which case the offense is a state jail felony; or</u> | |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | (2) the person is convicted of an attempt, in which case the offense is a Class B [A] misdemeanor.  [FA50(1)] | |
| SECTION 6.03.  Chapter 276, Election Code, is amended by adding Sections 276.015, 276.016, *and 276.017* to read as follows:<br>Sec. 276.015.  VOTE HARVESTING.  (a)  In this section *and in Section 276.016*:<br>(1)  "Benefit" means anything reasonably regarded as a gain or advantage, including a promise or offer of employment, a political favor, or an official act of discretion, whether to a person or another party whose welfare is of interest to the person.<br>(2)  "Vote harvesting services" means in-person interaction with one or more voters, in the physical presence of an official ballot, a ballot voted by mail, *or an application for ballot by mail,* intended to deliver votes for a specific candidate or measure. | SECTION 7.04.  Chapter 276, Election Code, is amended by adding Sections 276.015, 276.016, *276.017, 276.018, and 276.019* to read as follows:<br>Sec. 276.015.  VOTE HARVESTING.  (a)  In this section:<br><br>(1)  "Benefit" means anything reasonably regarded as a gain or advantage, including a promise or offer of employment, a political favor, or an official act of discretion, whether to a person or another party whose welfare is of interest to the person.<br>(2)  "Vote harvesting services" means in-person interaction with one or more voters, in the physical presence of an official ballot *or a* ballot voted by mail, intended to deliver votes for a specific candidate or measure.  [FA2(39)] | SECTION 7.04. Same as House version. |
| (b)  A person commits an offense if the person, directly or through a third party, knowingly provides or offers to provide vote harvesting services in exchange for compensation or other benefit. | (b) Same as Senate version. | (b) Same as Senate version. |
| (c)  A person commits an offense if the person, directly or through a third party, knowingly provides or offers to provide compensation or other benefit to another person in exchange for vote harvesting services. | (c) Same as Senate version. | (c) Same as Senate version. |
| (d)  A person commits an offense if the person knowingly collects or possesses a mail ballot or official carrier envelope in connection with vote harvesting services. | (d) Same as Senate version. | (d) Same as Senate version. |

**Senate Bill  1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| (e)  This section does not apply to:<br>(1)  an activity not performed in exchange for compensation or a benefit;<br>(2)  interactions that do not *directly involve an official ballot, ballot by mail, or an application for ballot by mail*;<br><br>(3)  interactions that are not conducted in-person with a voter; or<br>(4)  activity that is not designed to deliver votes for or against a specific candidate or measure. | (e)  This section does not apply to:<br>(1)  an activity not performed in exchange for compensation or a benefit;<br>(2)  interactions that do not *occur in the presence of the ballot or during the voting process*;<br>*(3)  interactions that do not directly involve an official ballot or ballot by mail;*<br>(4)  interactions that are not conducted in-person with a voter; or<br>(5)  activity that is not designed to deliver votes for or against a specific candidate or measure.  [FA2(40)] | (e) Same as House version. |
| (f)  In this section, compensation in exchange for vote harvesting services is inferred if a person who performed vote harvesting services for a candidate or campaign solicits, receives, or is offered compensation from the candidate or campaign, directly or through a third party, for services other than vote harvesting services provided. | *No equivalent provision.* | Same as House version. |
| (g)  An offense under this section is a felony of the third degree. | (f) Same as Senate version. | (f) Same as Senate version. |
| (h)  If conduct that constitutes an offense under this section also constitutes an offense under any other law, the actor may be prosecuted under this section, the other law, or both. | (g) Same as Senate version. | (g) Same as Senate version. |
| (i)  Records necessary to investigate an offense under this section or any other section of this code shall be provided by an election officer in an unredacted form to a law enforcement officer upon request.  Records obtained under this subsection are not subject to public disclosure. | (h) Same as Senate version. | (h) Same as Senate version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| Sec. 276.016.   CIVIL LIABILITY FOR VOTE HARVESTING.   (a)  A person who is shown by a preponderance of the evidence to have violated Section 276.015 is civilly liable to any candidate or political party who suffers harm from the vote harvesting services for damages and penalties that may be awarded under Subsection (c). | *No equivalent provision.* | Same as House version. |

(b)  A person is harmed by the vote harvesting services if the person can demonstrate that:
(1)  the person has standing to seek relief; and
(2)  the liable party violated Section 276.015.
(b-1)  To establish standing under this section, a person is not required to demonstrate that the vote harvesting services successfully delivered votes for a specific candidate or measure, but must demonstrate that:
(1)  the vote harvesting services were intended to deliver votes for a specific candidate or measure; and
(2)  the person opposed the candidate or measure in the person's capacity as a candidate or political party.
(c)  A party who prevails in an action under this section may recover damages in an amount including any or all of:
(1)  the amount of compensation paid to or received by a party in exchange for vote harvesting services;
(2)  the fair market value of any benefit given or received in exchange for vote harvesting services; or
(3)  a penalty in the amount of $35,000.
(d)  A party who is a candidate for office who prevails in an action under this section and shows that the number of voters contacted by the vote harvesting activity exceeds the number of votes by which the party lost the election shall recover additional damages in an amount equal to the amount of liability attributed to the defendant under Subsection (c).

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|

SENATE VERSION

(e)  If an action under this section is brought by a candidate for office, the period for commencing the action begins on the day after the date the election is certified and ends on the 90th day after the later of that date or the date election records are made publicly available under Section 1.012.  If an action under this section is brought by a political party, the period for commencing the action begins on the day after the last day a candidate may bring an action and ends on the 90th day after that date.  If an action under this section is brought by a candidate for office, a political party may not bring an action under this section for the same instance of vote harvesting activity.

(f)  The cause of action created by this section is cumulative of any other remedy provided by common law or statute.

(g)  Rules applicable to a party's access to election records under Chapter 231 or 232 apply to a cause of action under this section.

(h)  The expedited actions process created by Rule 169, Texas Rules of Civil Procedure, does not apply to an action under this section.

(i)  Chapter 27, Civil Practice and Remedies Code, does not apply to a cause of action under this section.

(j)  A cause of action under this section may be brought in the county where any element of a violation under Section 276.015 occurred, or where any part of the vote harvesting services occurred.

(k)  This section shall be liberally construed and applied to promote its underlying purpose to protect candidates and the voting public from unlawful vote harvesting and provide an efficient and economical remedy to secure that protection.

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| *No equivalent provision.* | Sec. 276.016.  UNLAWFUL SOLICITATION AND DISTRIBUTION OF APPLICATION TO VOTE BY MAIL.  (a)  A public official or election official commits an offense if the official, while acting in an official capacity, knowingly:  [FA2(41A)]<br>(1)  solicits the submission of an application to vote by mail from a person who did not request an application;<br>(2)  distributes an application to vote by mail to a person who did not request the application unless the distribution is expressly authorized by another provision of this code;<br>(3)  authorizes or approves the expenditure of public funds to facilitate third-party distribution of an application to vote by mail to a person who did not request the application; or<br>(4)  completes any portion of an application to vote by mail and distributes the application to an applicant.<br>(b)  An offense under this section is a state jail felony.<br>(c)  Subsection (a)(2) does not apply if the public official or election official engaged in the conduct described by Subsection (a)(2) by providing access to an application to vote by mail from a publicly accessible Internet website.  [FA2(41B)]<br>(d)  Subsection (a)(4) does not apply if the public official or election official engaged in the conduct described by Subsection (a)(4) while lawfully assisting the applicant under Section 84.003.  [FA2(41C)]<br>(e)  Subsection (a) does not apply if the public official or election official:  [FA2(41D)]<br>(1)  provided general information about voting by mail, the vote by mail process, or the timelines associated with voting to a person or the public; or | Same as House version. |

**Senate Bill  1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | (2)  engaged in the conduct described by Subsection (a) while acting in the official's capacity as a candidate for a public elective office. | |
| | (f)  The remedy provided under this chapter is cumulative, and does not restrict any other remedies provided by this code or by law. A violation of this section is subject to injunctive relief or mandamus as provided by this code. | |
| *No equivalent provision.* | Sec. 276.017.  UNLAWFUL DISTRIBUTION OF EARLY VOTING BALLOTS AND BALLOTING MATERIALS. (a)  The early voting clerk or other election official commits an offense if the clerk or official knowingly mails or otherwise provides an early voting ballot by mail or other early voting by mail ballot materials to a person who the clerk or official knows did not submit an application for a ballot to be voted by mail under Section 84.001. (b)  An offense under this section is a Class A misdemeanor. | Same as House version. |
| *No equivalent provision.* | Sec. 276.018.  PERJURY IN CONNECTION WITH CERTAIN ELECTION PROCEDURES. (a)  A person commits an offense if, with the intent to deceive, the person knowingly or intentionally makes a false statement or swears to the truth of a false statement: (1) on a voter registration application; or (2) previously made while making an oath, declaration, or affidavit described by this code. (b)  An offense under this section is a state jail felony. [FA2(42);FA50(2)] | Same as House version. |
| Sec. 276.017.  UNLAWFUL ALTERING OF ELECTION PROCEDURES.  A public official may not create, alter, modify, waive, or suspend any election standard, practice, or | Sec. 276.019.  UNLAWFUL ALTERING OF ELECTION PROCEDURES.  A public official *or election official* may not create, alter, modify, waive, or suspend any election | Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| procedure mandated by law or rule in a manner not expressly authorized by this code. | standard, practice, or procedure mandated by law or rule in a manner not expressly authorized by this code.  [FA2(41E)] | |
| ARTICLE 7.  ENFORCEMENT | ARTICLE 8. Same heading as Senate version. | ARTICLE 8. Same heading as Senate version. |
| SECTION 7.01.  Section 18.065, Election Code, is amended by amending Subsection (a) and adding Subsections (e), (f), and (g) to read as follows:<br>(a)  The secretary of state shall monitor each registrar for substantial compliance with Sections 15.083, 16.032, 16.0332, and 18.061 and with rules implementing the statewide computerized voter registration list.<br>(e)  A registrar shall correct a violation within 30 days of a notice under Subsection (b).  If a registrar fails to correct the violation within 30 days of a notice under Subsection (b), the secretary of state shall:<br>(1)  correct the violation on behalf of the registrar; and<br>(2)  notify the attorney general that the registrar failed to correct a violation under this subsection.<br>(f)  A county served by a registrar who fails to correct a violation under Subsection (e) is liable to this state for a civil penalty of $1,000 for each violation corrected by the secretary of state under that subsection.  The attorney general may bring an action to recover a civil penalty imposed under this section.<br>(g)  A civil penalty collected by the attorney general under this section shall be deposited in the state treasury to the credit of the general revenue fund. | *No equivalent provision. (But see SECTION 2.__ above [FA55(1)], also amending Sec. 18.065, Election Code.)* | Same as House version. *(See SECTION 2.06 above, also amending Sec. 18.065, Election Code.)* |
| SECTION 7.02.  Subchapter E, Chapter 31, Election Code, is amended by adding Sections 31.128 ***and 31.129*** to read as follows: | SECTION 8.__. Subchapter E, Chapter 31, Election Code, is amended by adding Sections 31.128, ***31.129, and 31.130*** to read as follows:  [FA55(5)] | SECTION 8.01. Subchapter E, Chapter 31, Election Code, is amended by adding Sections 31.128, 31.129, and 31.130 to read as follows: |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| Sec. 31.128. RESTRICTION ON ELIGIBILITY.  (a)  In this section, "election official" *means:* | Sec. 31.128. RESTRICTION ON ELIGIBILITY.  (a)  In this section, "election official" *does not include a chair of a county political party holding a primary election or a runoff primary election*.  [FA55(5), FA56(1)] | (a) Same as House version. |
| *(1)  a county clerk;* | | |
| *(2)  a permanent or temporary deputy county clerk;* | | |
| *(3)  an elections administrator;* | | |
| *(4)  a permanent or temporary employee of an elections administrator;* | | |
| *(5)  an election judge;* | | |
| *(6)  an alternate election judge;* | | |
| *(7)  an early voting clerk;* | | |
| *(8)  a deputy early voting clerk;* | | |
| *(9)  an election clerk;* | | |
| *(10)  the presiding judge of an early voting ballot board;* | | |
| *(11)  the alternate presiding judge of an early voting ballot board;* | | |
| *(12)  a member of an early voting ballot board;* | | |
| *(13)  the chair of a signature verification committee;* | | |
| *(14)  the vice chair of a signature verification committee;* | | |
| *(15)  a member of a signature verification committee;* | | |
| *(16)  the presiding judge of a central counting station;* | | |
| *(17)  the alternate presiding judge of a central counting station;* | | |
| *(18)  a central counting station manager;* | | |
| *(19)  a central counting station clerk;* | | |
| *(20)  a tabulation supervisor; and* | | |
| *(21)  an assistant to a tabulation supervisor.* | | |
| (b)  A person may not serve as an election official if the person has been finally convicted of an offense under this code. | (b)  A person may not serve as an election official if the person has been finally convicted of an offense under this code. [FA55(5)] | (b) Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| Sec. 31.129.  CIVIL PENALTY.  (a)  In this section, "election official" has the meaning assigned by Section 31.128.<br>(b)  An election official may be liable to this state for a civil penalty if the official:<br>(1)  is employed by or is an officer of this state or a political subdivision of this state; and<br>(2)  violates a provision of this code.<br>(c)  A civil penalty imposed under this section may include termination of the person's employment and loss of the person's employment benefits. | Sec. 31.129. Same as Senate version. [FA55(5)] | Sec. 31.129. Same as Senate version. |
| SECTION 7.03.  *Subchapter E, Chapter 31, Election Code, is amended by adding Section 31.130* to read as follows:<br>Sec. 31.130.  SUIT AGAINST ELECTION OFFICER.  An action, including an action for a writ of mandamus, alleging that an election officer violated a provision of this code while acting in the officer's official capacity may only be brought against the officer in the officer's official capacity. | Sec. 31.130. Same as Senate version. [FA55(5)] | Sec. 31.130. Same as Senate version. |
| SECTION 7.04.   Section 232.006(a), Election Code, is amended to read as follows:<br>(a)  The venue of an election contest for a statewide office is in Travis County or any county where a contestee resided at the time of the election.  For purposes of this section, a contestee's residence is determined under Section 411.0257, Government Code. | *No equivalent provision.* | Same as House version. |
| SECTION 7.05.  Sections 232.008(b), (c), and (d), Election Code, are amended. | SECTION 8.__. Same as Senate version.  [FA55(5)] | SECTION 8.02. Same as Senate version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| SECTION 7.06.  The heading to Title 14, Election Code, is amended to read as follows:<br>TITLE 14.   ELECTION  CONTESTS  <u>AND  OTHER ELECTION LAWSUITS</u> | ***No equivalent provision.*** | Same as House version. |
| SECTION 7.07.   Title 14, Election Code, is amended by adding Subtitle D to read as follows:<br><u>SUBTITLE D.  OTHER ELECTION LAWSUITS</u><br><u>CHAPTER  247.    LAWSUIT  ALLEGING  IMPROPER ELECTION ACTIVITIES</u><br><u>Sec.  247.001.    PETITION  ALLEGING  FRAUD.    This chapter applies to a civil suit in which a candidate in an election alleges in the petition that an opposing candidate, an agent of the opposing candidate, or a person acting on behalf of the opposing candidate with the candidate's knowledge violated any of the following sections of this code:</u><br><u>(1)  Section 13.007;</u><br><u>(2)  Section 64.012;</u><br><u>(3)  Section 64.036;</u><br><u>(4)  Section 84.003;</u><br><u>(5)  Section 84.0041;</u><br><u>(6)  Section 86.0051;</u><br><u>(7)  Section 86.006;</u><br><u>(8)  Section 86.010;</u> ***or***<br><u>(9)  Section 276.013.</u> | SECTION 8.__.  Title 14, Election Code, is amended by adding Subtitle D to read as follows:<br><u>SUBTITLE D.  OTHER ELECTION LAWSUITS</u><br><u>CHAPTER  247.    LAWSUIT  ALLEGING  IMPROPER ELECTION ACTIVITIES</u><br><u>Sec.  247.001.    PETITION  ALLEGING  FRAUD.    This chapter applies to a civil suit in which a candidate in an election alleges in the petition that an opposing candidate, an agent of the opposing candidate, or a person acting on behalf of the opposing candidate with the candidate's knowledge violated any of the following sections of this code:</u><br><u>(1)  Section 13.007;</u><br><u>(2)  Section 64.012;</u><br><u>(3)  Section 64.036;</u><br><u>(4)  Section 84.003;</u><br><u>(5)  Section 84.0041;</u><br><u>(6)  Section 86.0051;</u><br><u>(7)  Section 86.006;</u><br><u>(8)  Section 86.010;</u><br><u>(9)  Section 276.013</u>***; and***<br>***(10)  Section 276.015.*** [FA55(5)] | SECTION 8.03.Title 14, Election Code, is amended by adding Subtitle D to read as follows:<br><u>SUBTITLE D.  OTHER ELECTION LAWSUITS</u><br><u>CHAPTER  247.    LAWSUIT  ALLEGING  IMPROPER ELECTION ACTIVITIES</u><br><u>Sec. 247.001.</u>  Same as House version. |
| <u>Sec.  247.002.    PROCEDURE.    A candidate in an election may file a petition for an action under this chapter in any county where a defendant resided at the time of the election. If the election is for a statewide office, the candidate may also file the petition in a district court in Travis County.</u> | Same as Senate version. [FA55(5)] | Same as Senate version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| Sec. 247.003. FILING PERIOD FOR PETITION. A candidate in an election may file a petition for an action under this chapter not earlier than the day after the date the election is certified and not later than the 45th day after the later of that date or the date election records are made publicly available under Section 1.012. | Same as Senate version. [FA55(5)] | Same as Senate version. |
| Sec. 247.004. DAMAGES. (a) If it is shown by a preponderance of the evidence that a defendant, an agent of the defendant, or a person acting on behalf of the defendant with the defendant's knowledge committed one or more violations of a section described by Section 247.001, the defendant is liable to the plaintiff for damages in an amount of $1,000 for each violation.<br>(b) Notwithstanding Section 41.004, Civil Practice and Remedies Code, a court shall award damages under Subsection (a) to the plaintiff irrespective of whether the plaintiff is awarded actual damages. | Same as Senate version. [FA55(5)] | Same as Senate version. |
| Sec. 247.005. ATTORNEY'S FEES. In an action under this chapter, the court may award reasonable attorney's fees to the prevailing party. | Same as Senate version. [FA55(5)] | Same as Senate version. |
| SECTION 7.08. Section 273.061, Election Code, is amended. | SECTION 8.__. Same as Senate version.[FA55(5)] | SECTION 8.04. Same as Senate version. |
| SECTION 7.09. Subchapter D, Chapter 22, Government Code, is amended by adding *Section* 22.304 to read as follows: | SECTION 8.01. Subchapter D, Chapter 22, Government Code, is amended by adding *Sections* 22.304 *and 22.305* to read as follows: | SECTION 8.05. Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| *No equivalent provision.* | Sec. 22.304.   COURT SITTING IN PANELS FOR CERTAIN ELECTION PROCEEDINGS; CRIMINAL OFFENSE.  (a)  In this section, "public official" means any person elected, selected, appointed, employed, or otherwise designated as an officer, employee, or agent of this state, a government agency, a political subdivision, or any other public body established by state law. (b)  Notwithstanding any other law or rule, a court proceeding entitled to priority under Section 22.305 and filed in a court of appeals shall be docketed by the clerk of the court and assigned to a panel of three justices determined using an automated assignment system. (c)  A person, including a public official, commits an offense if the person communicates with a court clerk with the intention of influencing or attempting to influence the composition of a three-justice panel assigned a specific proceeding under this section. (d)  An offense under this section is a Class A misdemeanor. | Same as House version. |
| ***Sec. 22.304.***   PRIORITY OF CERTAIN ELECTION PROCEEDINGS.  (a)  The supreme court, ***the court of criminal appeals,*** or a court of appeals shall prioritize over any other proceeding pending or filed in the court a proceeding for injunctive relief or for a writ of mandamus under Chapter 273, Election Code, pending or filed in the court on or after the ***120th*** day before a general or special election. (b)  If granted, oral argument for a proceeding described by Subsection (a) may be given in person or through electronic means. | ***Sec. 22.305.***   PRIORITY OF CERTAIN ELECTION PROCEEDINGS.  (a)  The supreme court or a court of appeals shall prioritize over any other proceeding pending or filed in the court a proceeding for injunctive relief or for a writ of mandamus under Chapter 273, Election Code, pending or filed in the court on or after the ***70th*** day before a general or special election. (b)  If granted, oral argument for a proceeding described by Subsection (a) may be given in person or through electronic means. | Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| SECTION 7.10.   Section 23.101, Government Code, is amended by amending Subsection (a) and adding ***Subsection (b-1)*** to read as follows: | SECTION 8.02.   Section 23.101, Government Code, is amended by amending Subsection (a) and adding ***Subsections*** (b-1) ***and (b-2)*** to read as follows: | SECTION 8.06. Same as House version. |
| (a)  Except as provided by Subsection (b-1), the [~~The~~] trial courts of this state shall regularly and frequently set hearings and trials of pending matters, giving preference to hearings and trials of the following: | (a) Same as Senate version. | (a) Same as Senate version. |

(a)  Except as provided by Subsection (b-1), the [~~The~~] trial courts of this state shall regularly and frequently set hearings and trials of pending matters, giving preference to hearings and trials of the following:
(1)  temporary injunctions;
(2)  criminal actions, with the following actions given preference over other criminal actions:
(A)  criminal actions against defendants who are detained in jail pending trial;
(B)  criminal actions involving a charge that a person committed an act of family violence, as defined by Section 71.004, Family Code;
(C)  an offense under:
(i)  Section 21.02 or 21.11, Penal Code;
(ii)  Chapter 22, Penal Code, if the victim of the alleged offense is younger than 17 years of age;
(iii)  Section 25.02, Penal Code, if the victim of the alleged offense is younger than 17 years of age;
(iv)  Section 25.06, Penal Code;
(v)  Section 43.25, Penal Code; or
(vi)  Section 20A.02(a)(7), 20A.02(a)(8), or 20A.03, Penal Code;
(D)  an offense described by Article 62.001(6)(C) or (D), Code of Criminal Procedure; and
(E)  criminal actions against persons who are detained as provided by Section 51.12, Family Code, after transfer for prosecution in criminal court under Section 54.02, Family Code;

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| (3)  election contests and suits under the Election Code;<br>(4)  orders for the protection of the family under Subtitle B, Title 4, Family Code;<br>(5)  appeals of final rulings and decisions of the division of workers' compensation of the Texas Department of Insurance regarding workers' compensation claims and claims under the Federal Employers' Liability Act and the Jones Act;<br>(6)  appeals of final orders of the commissioner of the General Land Office under Section 51.3021, Natural Resources Code;<br>(7)  actions in which the claimant has been diagnosed with malignant mesothelioma, other malignant asbestos-related cancer, malignant silica-related cancer, or acute silicosis; and<br>(8)  appeals brought under Section 42.01 or 42.015, Tax Code, of orders of appraisal review boards of appraisal districts established for counties with a population of less than 175,000. | | |
| (b-1)  Except for a criminal case in which the death penalty has been or may be assessed or when it would otherwise interfere with a constitutional right, the trial courts of this state shall prioritize over any other proceeding pending or filed in the court a proceeding for injunctive relief under Chapter 273, Election Code, pending or filed in the court on or after the *120th* day before a general or special election. | (b-1)  Except for a criminal case in which the death penalty has been or may be assessed or when it would otherwise interfere with a constitutional right, the trial courts of this state shall prioritize over any other proceeding pending or filed in the court a proceeding for injunctive relief under Chapter 273, Election Code, pending or filed in the court on or after the *70th* day before a general or special election. | (b-1) Same as House version. |
| *No equivalent provision.* | (b-2)  A hearing in a proceeding described by Subsection (b-1) may be held in person or through electronic means, as determined by the court. | (b-2) Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| *No equivalent provision.* | SECTION 8.03.  Chapter 23, Government Code, is amended by adding Subchapter D to read as follows: SUBCHAPTER D.  GENERAL PROVISIONS Sec. 23.301.  ASSIGNMENT OF CERTAIN ELECTION PROCEEDINGS;  CRIMINAL  OFFENSE.  (a) Notwithstanding any other law or rule, the clerk of a district court in which a proceeding entitled to priority under Section 23.101(b-1) is filed shall docket the proceeding and, if more than one district court in the county has jurisdiction over the proceeding, randomly assign the proceeding to a district court using an automated assignment system. (b)  Notwithstanding any other law or rule, the clerk of a county court or statutory county court in which a proceeding entitled to priority under Section 23.101(b-1) is filed shall docket the proceeding and, if more than one court in the county has jurisdiction over the proceeding, randomly assign the proceeding to a court using an automated assignment system. (c)  A person, including a public official, commits an offense if the person communicates with a county or district clerk with the intention of influencing or attempting to influence the court or judge assigned to a proceeding under this section. (d)  An offense under this section is a Class A misdemeanor, except that the offense is a state jail felony if it is shown on the trial of the offense that the person committed the offense while acting in the person's official capacity as an election official. (e)  If a district or county clerk does not comply with this section, a person may seek from the supreme court or a court of appeals a writ of mandamus as provided by Section | SECTION 8.07. Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | 273.061, Election Code, to compel compliance with this section.<br>Sec. 23.302.  DEADLINES IN CERTAIN ELECTION PROCEEDINGS.  (a)  Not later than 24 hours after the proceeding is filed, a judge to whom a case is assigned under Section 23.301(b) who wishes to be recused from the proceeding must, before recusal:<br>(1)  hear an application for any emergency temporary relief sought;<br>(2)  grant or deny any emergency temporary relief sought; and<br>(3)  set a scheduling order that provides:<br>(A)  a date for a hearing on any injunction sought not later than five days after the date on which the proceeding was filed; and<br>(B) discovery and deposition deadlines before the expiration of any emergency relief order entered.<br>(b)  The presiding judge of an administrative region shall assign a new judge to a proceeding assigned under Section 23.301(b) not later than 12 hours after the original judge assigned to the proceeding is recused under Subsection (a).<br>(c)  A final order in a proceeding filed under Section 273.081, Election Code, shall be submitted in writing to the parties not later than 24 hours after the judge makes a final determination in the proceeding.<br>(d)  If a district judge does not comply with this section, a person may seek from the supreme court, the court of criminal appeals, or a court of appeals a writ of mandamus as provided by Section 273.061, Election Code, to compel compliance with this section.<br>(e)  Notwithstanding Section 23.101(b-1), a proceeding relating to a permanent injunction being sought in | |

**Senate Bill  1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | connection to a challenge under Section 141.034, Election Code, may be heard after the primary election has been canvassed. | |
| ARTICLE 8.   INELIGIBLE VOTERS AND RELATED REFORMS | ARTICLE 9. Same heading as Senate version. | ARTICLE 9. Same heading as Senate version. |
| SECTION 8.01.  Chapter 42, Code of Criminal Procedure, is amended by adding Article 42.0194 to read as follows: Art.   42.0194.      FINDING   REGARDING   FELONY CONVICTION.   In the trial of a felony offense, if the defendant is *18 years of age or older and is* adjudged guilty of the offense, the court shall: (1)   make an affirmative finding that the person has been found guilty of a felony and enter the affirmative finding in the judgment of the case; and (2)   instruct the defendant regarding how the felony conviction will impact the defendant's right to vote in this state. | SECTION 9.01.  Chapter 42, Code of Criminal Procedure, is amended by adding Article 42.0194 to read as follows: Art.   42.0194.      FINDING   REGARDING   FELONY CONVICTION.   In the trial of a felony offense, if the defendant is adjudged guilty of the offense, the court shall: (1)   make an affirmative finding that the person has been found guilty of a felony and enter the affirmative finding in the judgment of the case; and (2)   instruct the defendant regarding how the felony conviction will impact the defendant's right to vote in this state. | SECTION 9.01. Same as House version. |
| SECTION 8.02.  Article 42.01, Code of Criminal Procedure, as effective September 1, 2021, is amended by adding Section 16 to read as follows: | SECTION 9.02.  Article 42.01, Code of Criminal Procedure, as effective September 1, 2021, is amended by amending Section 4 and by adding Section 16 to read as follows: [FA2(43);FA58(2)] *Sec. 4.  The Court of Criminal Appeals [Office of Court Administration of the Texas Judicial System] shall promulgate a standardized felony judgment form that conforms to the requirements of Section 1 of this article.  A court entering a felony judgment [judgement] shall use the form promulgated under this section.*  [FA58(3)] | SECTION 9.02. Same as Senate version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| Sec. 16.  In addition to the information described by Section 1, the judgment should reflect the affirmative finding and instruction entered pursuant to Article 42.0194. | Sec. 16.  In addition to the information described by Section 1, the judgment should reflect the affirmative finding and instruction entered pursuant to Article 42.0194. | |
| ***No equivalent provision.*** | SECTION 9.03. Section 64.012, Election Code, is amended by amending Subsections (a) and (b) and adding Subsections (c) and (d) to read as follows: | SECTION 9.03.  Section 64.012, Election Code, is amended by amending Subsections (a) and (b) and adding Subsections (c) and (d) to read as follows: |
| | (a) A person commits an offense if the person knowingly or intentionally: [FA50(3)] | (a)  A person commits an offense if the person knowingly or intentionally: |
| | (1)  votes or attempts to vote in an election ***if [in which]*** the person knows: | (1)  votes or attempts to vote in an election ***in which*** the person knows the person ***is*** not eligible to vote; |
| | ***(A)  of particular circumstances that make*** the person ***[is]*** not eligible to vote ***in the election; and*** | |
| | ***(B)  that those circumstances make the person not eligible to vote in the election;***  [FA58(1)] | |
| | (2) [knowingly] votes or attempts to vote more than once in an election; | (2)  [knowingly] votes or attempts to vote more than once in an election; |
| | (3) [knowingly] votes or attempts to vote a ballot belonging to another person, or by impersonating another person; [or] | (3) [knowingly] votes or attempts to vote a ballot belonging to another person, or by impersonating another person; [or] |
| | (4) [knowingly] marks or attempts to mark any portion of another person's ballot without the consent of that person, or without specific direction from that person how to mark the ballot; or | (4)  [knowingly] marks or attempts to mark any portion of another person's ballot without the consent of that person, or without specific direction from that person how to mark the ballot; or |
| | (5) votes or attempts to vote in an election in this state after voting in another state in an election in which a federal office appears on the ballot and the election day for both states is the same day. | (5)  votes or attempts to vote in an election in this state after voting in another state in an election in which a federal office appears on the ballot and the election day for both states is the same day. |
| | (b) An offense under this section is a Class A misdemeanor [felony of the second degree unless the person is convicted of an attempt. In that case, the offense is a state jail felony]. [FA50(3)] | (b) An offense under this section is a Class A misdemeanor [felony of the second degree unless the person is convicted of an attempt.  In that case, the offense is a state jail felony]. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | (c)  A person may not be convicted solely upon the fact that the person signed a provisional ballot affidavit under Section 63.011 unless corroborated by other evidence that the person knowingly committed the offense. | (c)  A person may not be convicted solely upon the fact that the person signed a provisional ballot affidavit under Section 63.011 unless corroborated by other evidence that the person knowingly committed the offense. |
| | (d)  If conduct that constitutes an offense under this section also constitutes an offense under any other law, the actor may be prosecuted under this section, the other law, or both. | (d)  If conduct that constitutes an offense under this section also constitutes an offense under any other law, the actor may be prosecuted under this section, the other law, or both. |
| *No equivalent provision.* | SECTION __.  *Notwithstanding Section 10.03 of this Act*, the change in law made by this *Act to* Section *64.012(a)(1)*, Election Code, applies to an offense *regardless of whether the* offense *was* committed before, on, or after the effective date of this Act.  [FA58(4)] | SECTION 9.04.  The change in law made by this *article in adding* Section *64.012(c)*, Election Code, applies to an offense committed before, on, or after the effective date of this Act, *except that a final conviction for an offense under that section that exists on the effective date of this Act remains unaffected by this article*. |
| ARTICLE   9.   REPEALER;   SEVERABILITY; TRANSITION; EFFECTIVE DATE | ARTICLE 10. Same heading as Senate version. | ARTICLE 10. Same heading as Senate version. |
| SECTION 9.01.  The following provisions of the Election Code are repealed:<br>(1) Section 85.062(e); and<br><br>(2) Section 127.201(f). | SECTION 10.01.  The following provisions of the Election Code are repealed:<br>(1) Section 85.062(e);<br>*(2)  Section 86.0105(b);* and<br>(3) Section 127.201(f).  [FA2(44)-(45)] | SECTION 10.01. Same as House version. |
| SECTION 9.02.  Severability provision. | SECTION 10.02. Same as Senate version. | SECTION 10.02. Same as Senate version. |
| SECTION 9.03. | SECTION 10.03. Same as Senate version, except as follows: | SECTION 10.03. Same as House version. |
| (a)  Except as otherwise provided by this Act, the changes in law made by this Act apply only to an offense committed on or after the effective date of this Act.  An offense committed | (a) Same as Senate version. | (a) Same as Senate version. |

**Senate Bill  1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| before the effective date of this Act is governed by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.  For purposes of this section, an offense was committed before the effective date of this Act if any element of the offense occurred before that date. | | |
| (b)  The changes in law made by this Act apply only to an election ordered on or after the effective date of this Act.  An election ordered before the effective date of this Act is governed by the law in effect when the election was ordered, and the former law is continued in effect for that purpose. | (b) Same as Senate version. | (b) Same as Senate version. |
| (c)  The changes in law made by this Act apply only to an election contest for which the associated election occurred after the effective date of this Act. | *No equivalent provision.* | Same as House version. |
| (d)  The changes in law made by this Act apply only to an application to vote an early voting ballot by mail submitted on or after the effective date of this Act.  An application to vote an early voting ballot by mail submitted before the effective date of this Act is governed by the law in effect when the application was submitted, and the former law is continued in effect for that purpose. | (c) Same as Senate version. | (c) Same as Senate version. |
| (e) The changes in law made by this Act apply only to an application for voter registration submitted on or after the effective date of this Act. | (d) Same as Senate version. | (d) Same as Senate version. |
| *No equivalent provision.* | (e) Chapter 247, Election Code, as added by this Act, applies only to a cause of action for which the associated election | (e) Same as House version. |

**Senate Bill 1**
Conference Committee Report
Section-by-Section Analysis

| SENATE VERSION | HOUSE VERSION (IE) | CONFERENCE |
|---|---|---|
| | occurred after the effective date of this Act.   [FA55(6), FA56(2)] | |
| SECTION 9.04.  Effective date. | SECTION 10.04. Same as Senate version. | SECTION 10.04. Same as Senate version. |

**LEGISLATIVE BUDGET BOARD**
**Austin, Texas**

**FISCAL NOTE, 87TH LEGISLATURE 2nd CALLED SESSION 2021**

**August 30, 2021**

**TO:** Honorable Dan Patrick, Lieutenant Governor, Senate
Honorable Dade Phelan, Speaker of the House, House of Representatives

**FROM:** Jerry McGinty, Director, Legislative Budget Board

**IN RE: SB1** by Hughes (relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses.),
**Conference Committee Report**

---

**Estimated Two-year Net Impact to General Revenue Related Funds** for SB1, Conference Committee Report : an impact of $0 through the biennium ending August 31, 2023.

The bill would make no appropriation but could provide the legal basis for an appropriation of funds to implement the provisions of the bill.

---

**General Revenue-Related Funds, Five- Year Impact:**

| Fiscal Year | Probable Net Positive/(Negative) Impact to General Revenue Related Funds |
|---|---|
| 2022 | $0 |
| 2023 | $0 |
| 2024 | $0 |
| 2025 | $0 |
| 2026 | ($154,179,370) |

**All Funds, Five-Year Impact:**

| Fiscal Year | Probable Savings/(Cost) from General Revenue Fund 1 | Change in Number of State Employees from FY 2021 |
|---|---|---|
| 2022 | $0 | 0.0 |
| 2023 | $0 | 0.0 |
| 2024 | $0 | 0.0 |
| 2025 | $0 | 0.0 |
| 2026 | ($154,179,370) | 0.0 |

**Fiscal Analysis**

This bill would amend the Election Code relating to voter registration, poll watchers, procedural requirements for state and county election officers, modifications of Election Day procedures, and voting by mail. It would increase criminal penalties for certain election offenses. It would require a voter registrar to provide notice of unlawful voting or registration to the Office of the Attorney General (OAG) and the Secretary of State (SOS).

According to the SOS, the agency would be required: 1) to develop a training course for voter registrars not in

compliance with certain requirements and, in certain instances, inform the OAG of failure to achieve substantial compliance following attendance at these courses; 2) to conduct periodic audits of elections in certain counties; 3) to develop and maintain a poll watcher training program; and 4) to make certain modifications to the Texas Election Administration Management (TEAM) mail ballot tracking system in order to allow voters to correct certain defects related to those ballots. It is anticipated that the cost of these provisions could be absorbed within existing resources of the agency. Additionally, the bill would require the SOS to reimburse certain changes to county voting counting systems that would be eligible for 100 percent reimbursement by the state.

According to the Office of Court Administration, the bill would impose criminal penalties upon conduct which is not currently illegal and would enhance penalties on preexisting crimes which could increase criminal caseloads before the courts. However, due to the deterrent effect of the new laws, it is not anticipated caseloads will increase significantly and no significant fiscal impact to the state court system is anticipated. This analysis assumes any increase in costs related to new civil penalties could be addressed with existing resources. It is assumed that any additional costs imposed on the Court of Criminal Appeals related to an authorization to issue a writ of mandamus in certain situations could be addressed with existing resources.

According to the OAG, the office anticipates an increase in cases as a result of the passage of this bill; however, the office assumes that any legal work resulting from the passage of this bill could be reasonably absorbed with current resources.

According to the Comptroller of Public Accounts, the extent to which creating a new offense or expanding an existing offense would impact state revenue cannot be estimated.

This analysis assumes implementing the provisions of the bill addressing felony sanctions for criminal offenses would not result in a significant impact on state correctional agencies.

**Methodology**

To address the provision of the bill related to reimbursement of local jurisdiction costs to convert scanners and central count computers to a configuration that utilizes write-once media, the SOS anticipates that all existing devices subject to the provisions of the bill would be required to be replaced. The cost of replacing hardware components, including new write-once media for every device in every election, is estimated by currently certified voting system vendors to be $116,209,750. In addition, these vendors have estimated that the cost of replacing write-once removable media for all elections occurring in a biennium would result in a reimbursable cost of $37,969,620. This cost would reoccur in each biennium thereafter. Because the write-only requirement would be required as of September 1, 2026, it is assumed that these costs would be incurred in fiscal year 2026.

**Local Government Impact**

According to the Texas Association of Counties, the bill would have a significant fiscal impact on counties.

According to the Fort Bend County Election Administrator, the estimated fiscal impact of the bill would be between $200,000 and $12.0 million. The county states that the most significant component of this cost would be the replacement of voting systems to comply with the requirements of the bill at an estimated $9.0 to $12.0 million.

According to the Bexar County Election Administrator, the bill would result in an estimated fiscal impact of $350,000 to $13.0 million. The most significant component of this estimate would be due to the required replacement of voting systems. The county states that the provisions of the bill related to video surveillance, live streaming, and records retention would have significant costs that would vary by the number of elections held over the course of a year. According to the county, there would also be additional costs for reprinting new forms and envelopes, outreach for new mail ballot requirements, and providing processing for rejected voter applications.

According to the Cameron County Election Administrator, the bill would have an estimated annual fiscal impact

of at least $250,000 and an additional cost of over $5.0 million for new equipment, the acquisition of surveillance equipment, and streaming and data storage

According to the Williamson County Election Administrator, the bill would have an estimated annual financial impact of between $500,000 and $5.0 million. The most significant component of this estimate would be due to the required replacement of voting systems. In addition, provisions of the bill related to video surveillance, live streaming, and records retention would have significant costs that would vary by the number of elections held over the course of a year. There would also be additional costs for reprinting new forms and envelopes, outreach for new mail ballot requirements, and providing processing for rejected voter applications.

A Class A misdemeanor is punishable by a fine of not more than $4,000, confinement in jail for a term not to exceed one year, or both. Costs associated with enforcement, prosecution and confinement could likely be absorbed within existing resources. Revenue gain from fines imposed and collected is not anticipated to have a significant fiscal implication.

**Source Agencies:** 212 Office of Court Admin, 302 Office of the Attorney General, 304 Comptroller of Public Accounts, 307 Secretary of State, 405 Department of Public Safety

**LBB Staff:** JMc, LCO, GP, LBO, CMA

**LEGISLATIVE BUDGET BOARD**
**Austin, Texas**

**CRIMINAL JUSTICE IMPACT STATEMENT**

**87TH LEGISLATURE 2nd CALLED SESSION 2021**

**August 30, 2021**

**TO:** Honorable Dan Patrick, Lieutenant Governor, Senate
Honorable Dade Phelan, Speaker of the House, House of Representatives

**FROM:** Jerry McGinty, Director, Legislative Budget Board

**IN RE: SB1** by Hughes (relating to election integrity and security, including by preventing fraud in the
conduct of elections in this state; increasing criminal penalties; creating criminal offenses.),
**Conference Committee Report**

The provisions of the bill addressing felony sanctions are the subject of this analysis. The bill would amend
various codes as they relate to election integrity and security. Under the provisions of the bill existing offenses
would be modified and several newly created election fraud-related criminal offenses would be punishable at
the felony and misdemeanor levels with the level and degree of punishment based on the specific circumstances
of the offense.

Creating a new offense or modifying the penalty for an existing offense is expected to result in additional
demands upon the correctional resources of counties or of the State due to an increase in the number of
individuals placed under supervision in the community or sentenced to a term of confinement within state
correctional institutions. From fiscal year 2018 through 2020 there were a total of 45 arrests for election-
related offenses; there were fewer than ten individuals in each fiscal year who were placed onto community
supervision; and there were fewer than ten individuals in each fiscal year who were admitted into a state
correctional institution for election-related offenses. This analysis assumes implementing the provisions of
the bill addressing felony sanctions would not result in a significant impact on state correctional populations or
on the demand for state correctional resources.

**Source**
**Agencies:**
**LBB Staff:** JMc, LM, LBO, MP

By:  Hughes,  et al.                                        S.B.  No.  1

A BILL  TO BE  ENTITLED

1                                 AN  ACT

2   relating   to  election   integrity   and   security,   including   by

3   preventing    fraud  in  the  conduct   of  elections   in  this  state;

4   increasing    criminal   penalties;   creating   criminal   offenses;

5   providing   civil  penalties.

6          BE  IT  ENACTED  BY  THE  LEGISLATURE   OF  THE  STATE   OF  TEXAS:

7                    ARTICLE  1.  REGISTRATION   OF  VOTERS

8          SECTION   1.01.   Section   13.002 ,  Election   Code,  is  amended   by

9   adding  Subsection   (c-1)  to  read  as  follows:

10          (c-1)   The  information   required   under   Subsections   (c)(3),

11   (4),  (5),  (6),  and  (8)  must  be  supplied   by  the  person  desiring   to

12   register   to  vote.

13          SECTION   1.02.   Section   15.021 ,  Election   Code,  is  amended   by

14   amending  Subsections   (b)  and  (d)  and  adding  Subsections   (d-1)  and

15   (d-2)  to  read  as  follows:

16          (b)   Except   as  provided   by  Subsection   (d),  the  [The]  voter

17   shall  use  the  registration   certificate   or  a  registration

18   application   form  as  the  notice,  indicating   the  correct  information

19   in  the  appropriate   space  on  the  certificate   or  application   form

20   unless  the  voter  does  not  have  possession   of  the  certificate   or  an

21   application   form  at  the  time  of  giving  the  notice.

22          (d)   A  voter  [who  continues  to  reside  in  the  county  in  which

23   the  voter  is  registered]  may  correct   information   under  this  section

24   by  digital  transmission   of  the  information   under   a  program

1

S.B.  No.  1

1   administered      by   the   secretary      of   state   and   the   Department      of

2   Information      Resources.

3        (d-1)    If  the  notice   indicates    that  a voter  no  longer   resides

4   in  the  county  in  which   the  voter  is registered,   the  registrar    shall

5   forward   the  notice   and  the  voter 's application    for  registration    to

6   the  registrar   of  the  county   in  which   the  voter   resides.    The

7   registrars    shall   coordinate    to  ensure   that   the  voter 's existing

8   registration    is canceled   immediately   after  the  voter  is registered

9   in  the  county   in  which   the  voter   resides   in  accordance   with

10  Subsection   (d-2).

11       (d-2)   A  registrar    who  receives    a  voter 's notice   and

12  application   from  another   registrar   under   Subsection    (d-1)  shall

13  treat  it as an original   application   for  registration   under  Section

14  13.002 , and  shall   register   the  voter  if the  voter   resides   in  the

15  county  and is otherwise   eligible   under  Section   13.001 .

16       SECTION  1.03.   Section   15.028 , Election   Code,  is amended   to

17  read  as follows:

18       Sec.  15.028.    NOTICE  OF UNLAWFUL   VOTING  OR REGISTRATION   [TO

19  PROSECUTOR].   [(a)]  If  the  registrar   determines   that  a person  who

20  is not eligible  to vote registered   to vote or [a registered  voter]

21  voted  in an election,  the  registrar   shall  execute  and deliver  to the

22  attorney   general,   the  secretary   of  state,   and  the  county  or

23  district  attorney  having  jurisdiction   in the  territory  covered  by

24  the  election  an affidavit  stating  the  relevant  facts.

25       [(b)  If  the  election  covers  territory  in more  than  one

26  county,  the  registrar  shall  also  deliver  an affidavit  to the

27  attorney  general.]

2

S.B.   No.   1

1    SECTION   1.04.   Section   16.0332   ,  Election   Code,   is  amended   by

2    amending   Subsection   (a)   and  adding   Subsections   (a-1),   (d),   and   (e)

3    to  read   as  follows:

4    (a)   After   the   registrar   receives   notification   [a  list]

5    under   Subsection   (a-1)   of  this   section,   Section   18.068   of   this

6    code,_  or  Section   62.113   ,  Government   Code,   of  persons   excused   or

7    disqualified   from   jury   service   because   of  citizenship   status   or

8    notification   of  persons   who   indicate   a  lack   of  citizenship   status

9    in  connection   with   a  motor   vehicle   or  Department   of  Public   Safety

10   record   as  provided   by  Subsection   (a-1),   the   registrar   shall   deliver

11   to  each   registered   voter   whose   name   appears   on   the   list   a  written

12   notice   requiring   the   voter   to  submit   to  the   registrar   proof   of

13   United   States   citizenship   in  the   form   of  a  certified   copy   of  the

14   voter 's  birth   certificate,   United   States   passport,   or  certificate

15   of  naturalization   or  any   other   form   prescribed   by  the   secretary   of

16   state.   The   notice   shall   be  delivered   by  forwardable   mail   to  the

17   mailing   address   on  the   voter 's  registration   application   and  to  any

18   new   address   of  the   voter   known   to  the   registrar.

19   (a-1)   The   secretary   of  state   shall   enter   into   an  agreement

20   with   the   Department   of  Public   Safety   under   which   information   in  the

21   existing   statewide   computerized   voter   registration   list   is

22   compared   against   information   in  the   database   of  the   Department   of

23   Public   Safety   on  a  monthly   basis   to  verify   the   accuracy   of

24   citizenship   status   information   previously   provided   on   voter

25   registration   applications.   In  comparing   information   under   this

26   subsection,   the   secretary   of  state   shall   consider   only   a  voter 's

27   information   in  the   database   of  the   Department   of  Public   Safety   that

3

S.B.  No.  1

1    was  derived  from  documents  presented  by  the  voter  to  the  department

2    after  the  person  's  current  voter  registration  became  effective,  and

3    may  not  consider  information  derived  from  documents  presented  by

4    the  voter  to  the  department  before  the  person  's  current  voter

5    registration  became  effective.

6        (d)  The  secretary  of  state  shall  prescribe  rules  for  the

7    administration  of  this  section.

8        (e)  Not  later  than  December  31  of  each  year,  the  secretary

9    of  state  shall  provide  a  report  to  the  legislature  of  the  number  of

10   voter  registrations  canceled  under  this  section  during  the  calendar

11   year.

12       SECTION  1.05.  Section  18.068 ,  Election  Code,  is  amended  by

13   amending  Subsection  (a)  and  adding  Subsection  (a-1)  to  read  as

14   follows:

15       (a)  The  secretary  of  state  shall  quarterly  compare  the

16   information  received  under  Section  16.001  of  this  code  and  Sections

17   [Section]  62.113  and  62.114 ,  Government  Code,  to  the  statewide

18   computerized  voter  registration  list.  If  the  secretary  determines

19   that  a  voter  on  the  registration  list  is  deceased  or  has  been

20   excused  or  disqualified  from  jury  service  because  the  voter  is  not  a

21   citizen  or  a  resident  of  the  county  in  which  the  voter  is  registered

22   to  vote,  the  secretary  shall  send  notice  of  the  determination  to:

23       (1)  the  voter  registrar  of  the  counties  considered

24   appropriate  by  the  secretary;  and

25       (2)  the  attorney  general,  who  shall  quarterly  review

26   the  information  to  investigate  whether  a  person  has  committed  an

27   offense  under  Section  13.007  or  other  law.

4

S.B.  No.  1

1     (a-1)   The  secretary   of state  is not  required   to send  notice

2   under   Subsection    (a)  for  a  voter  who  is subject   to an exemption   from

3   jury    service    under    Section    62.106  ,  Government   Code,    if  that

4   exemption   is the only   reason   the voter   is excused  from  jury  service.

5        SECTION  1.06.   Section   31.006  , Election   Code,  is amended  to

6   read  as follows:

7        Sec.  31.006.   REFERRAL   [OF  COMPLAINT]   TO ATTORNEY    GENERAL.

8   (a)  If,  after  receiving   or discovering   information   indicating   that

9   [a  complaint   alleging]   criminal   conduct   in connection    with   an

10  election   has occurred,   the secretary   of state  determines   that there

11  is reasonable   cause  to suspect   that  [the  alleged]  criminal  conduct

12  occurred,   the  secretary   shall  promptly   refer   the  information

13  [complaint]   to the attorney   general.   The secretary   shall  deliver

14  to the attorney   general  all pertinent   documents   and information   in

15  the secretary   's possession.

16       (b)   The   documents   and   information   submitted   under

17  Subsection   (a) are not considered   public  information   until:

18       (1)  the secretary   of state  makes  a determination   that

19  the   information   [complaint]   received   does   not   warrant   an

20  investigation;   or

21       (2)  if referred   to the attorney   general,   the attorney

22  general  has completed   the investigation   or has made  a determination

23  that  the   information   [complaint]   referred   does  not  warrant  an

24  investigation.

25       SECTION  1.07.   Section   62.113  (b),  Government   Code,  is

26  amended  to read as follows:

27       (b)  On the third  business   day of each month,  the clerk  shall

5

S.B.  No.  1

1   send  a  copy  of  the  list  of  persons  excused  or  disqualified  because

2   of  citizenship  in  the  previous  month  to:

3                 (1)   the  voter  registrar  of  the  county;

4                 (2)   the  secretary  of  state;  and

5                 (3)   the  attorney  general  and  the  county  or  district

6   attorney[,  ~~as  applicable,~~]  for  an  investigation  of  whether  the

7   person  committed  an  offense  under  Section  13.007 ,  Election  Code,  or

8   other  law.

9         SECTION  1.08.   Sections  62.114 (b)  and  (c),  Government  Code,

10  are  amended  to  read  as  follows:

11        (b)   On  the  third  business  day  of  each  month,  the  clerk  shall

12  send  [~~to  the  voter  registrar  of  the  county~~]  a  copy  of  the  list  of

13  persons  excused  or  disqualified  in  the  previous  month  because  the

14  persons  do  not  reside  in  the  county  to:

15                 (1)   the  voter  registrar  of  the  county;

16                 (2)   the  secretary  of  state;  and

17                 (3)   the  attorney  general  and  the  county  or  district

18  attorney  for  an  investigation  of  whether  the  person  committed  an

19  offense  under  Section  13.007 ,  Election  Code,  or  other  law.

20        (c)   A  list  compiled  under  this  section  may  not  be  used  for  a

21  purpose  other  than  a  purpose  described  by  Subsection  (b)  or  Section

22  15.081  or  18.068 ,  Election  Code.

23             ARTICLE  2.  CONDUCT  AND  SECURITY  OF  ELECTIONS

24        SECTION  2.01.   Section  43.031 ,  Election  Code,  is  amended  by

25  amending  Subsection  (b)  and  adding  Subsections  (b-1)  and  (b-2)  to

26  read  as  follows:

27        (b)   Each  polling  place  shall  be  located  inside  a  building.

6

S.B.   No.   1

1  Except   as   provided   by   Subsection   (b-1),   a   polling   place   may   not   be

2  located   in   a   tent   or   similar   temporary   moveable   structure   or   in   a

3  facility   primarily   designed   for   motor   vehicles.   No   voter   may   cast   a

4  vote   from   inside   a   motor   vehicle   unless   the   voter   meets   the

5  requirements   of   Section   64.009 .

6      (b-1)   A   polling   place   may   be   located   in   a   tent   or   similar

7  temporary   moveable   structure   if:

8          (1)   a   building   selected   for   a   polling   place   is   later

9  determined   by   the   county   commissioners   court   to   be   not   reasonably

10  accessible   due   to   fire,   flood,   or   other   natural   disaster   rendering

11  the   building   unsafe   for   public   use;

12          (2)   a   suitable   substitute   building   is   not   available;

13  and

14          (3)   the   tent   or   similar   temporary   moveable   structure

15  is   adjacent   to   the   building   described   by   Subdivision   (1).

16      (b-2)   If   the   county   commissioners   court   makes   a

17  determination   described   by   Subsection   (b-1)(1):

18          (1)   the   determination   is   valid   only   for   the   next

19  scheduled   election;   and

20          (2)   the   court   shall   send   a   record   of   that

21  determination   to   the   secretary   of   state   as   soon   as   practicable.

22      SECTION   2.02.   Section   61.002 ,   Election   Code,   is   amended   to

23  read   as   follows:

24      Sec.   61.002.   OPENING   AND   CLOSING   POLLING   PLACE   FOR   VOTING.

25  (a)   Immediately   before   opening   the   polls   for   voting   on   the   first

26  day   of   early   voting   and   on   election   day,   the   presiding   election

27  judge   or   alternate   election   judge   shall   confirm   that   each   voting

S.B.  No.  1

1  machine   has  any  public   counter   reset  to  zero  and  shall  print  the

2  tape  that  shows  the  counter   was  set  to  zero  for  each  candidate   or

3  measure   on  the  ballot.

4        (b)   At  the  official  time  for  opening   the  polls  for  voting,

5  an election   officer  shall  open  the  polling  place  entrance   and  admit

6  the  voters.

7        (c)   Immediately   after  closing   the  polls  for  voting   on

8  election   day,  the  presiding   election   judge  or alternate   election

9  judge  shall  print  the  tape  to  show  the  number  of  votes  cast  for  each

10  candidate   or ballot  measure   for  each  voting  machine.

11        (d)   Each  election  judge  or alternate   election  judge  present

12  shall  sign  a tape  printed   under  this  section.

13        SECTION  2.03.   Section  64.007  (c),  Election  Code,  is  amended

14  to  read  as  follows:

15        (c)   An election  officer  shall  maintain  a register  of  spoiled

16  ballots  at  the  polling  place,  including   spoiled  ballots  from  a

17  direct  recording  electronic  voting  unit.  An election  officer  shall

18  enter  on  the  register  the  name  of  each  voter  who  returns  a spoiled

19  ballot  and  the  spoiled  ballot 's  number.   The  secretary  of  state

20  shall  create  and  promulgate   a form  to  be  used  for  this  purpose.

21        SECTION  2.04.   Subchapter   A,  Chapter  66,  Election  Code,  is

22  amended  by  adding  Section  66.004  to  read  as  follows:

23        Sec.  66.004.   POLLING  PLACE  CHECKLISTS.   The  secretary  of

24  state  shall  adopt  rules  and  create  a checklist   or similar

25  guidelines   to  assist  the  presiding  judge  of  a polling  place  in

26  processing   forms  and  conducting   procedures   required  by  this  code  at

27  the  opening  and  closing  of  the  polling  place.

8

S.B.  No.  1

1         SECTION   2.05.   Section   66.052 , Election   Code,  is  amended  to

2 read  as  follows:

3         Sec.  66.052.   DELIVERY  BY  ELECTION   CLERK; CHAIN  OF  CUSTODY.

4 (a)   A  delivery  of  election   records   or  supplies   that  is  to  be

5 performed   by  the  presiding   judge  may  be  performed   by  an  election

6 clerk  designated   by  the  presiding   judge.

7         (b)   If  the  presiding   judge  of  a  polling   place  designates   a

8 clerk   to  deliver   election   supplies,   the  presiding   judge  shall

9 attest  to  the  designation,   and  the  clerk  shall  attest  to  the  clerk 's

10 acceptance   of  the  responsibility.   The  secretary   of  state  shall

11 create   and  promulgate   a  form  to  facilitate   compliance   with  this

12 section.

13         SECTION   2.06.   Section   85.005 , Election   Code,  is  amended  to

14 read  as  follows:

15         Sec.  85.005.   REGULAR  DAYS  AND  HOURS  FOR  VOTING.   (a)  Except

16 as  provided   by  Subsection   (c),  in  an  election   in  which  a  county

17 clerk  [or city secretary]  is  the  early  voting   clerk  under   Section

18 83.002  [or 83.005 ],  early  voting   by  personal   appearance   at  the  main

19 early  voting  polling   place  shall  be  conducted   on  each  weekday  of

20 [the weekdays  of] the  early  voting  period   that  is  not  a  legal  state

21 holiday   and  for  a  period   of  at  least  nine  hours,  except   that  voting

22 may  not  be  conducted   earlier   than  6 a.m.  or  later  than  9 p.m.

23 [during  the  hours  that  the  county  clerk 's  or  city  secretary 's  main

24 business  office  is  regularly  open  for  business.]

25         (b)   In  an  election   to  which  Subsection   (a)  does  not  apply,

26 early  voting   by  personal   appearance   at  the  main  early  voting

27 polling   place  shall  be  conducted   at  least  nine   [eight]  hours  each

9

S.B.  No.  1

1   weekday  of  the  early  voting  period  that  is  not  a  legal  state  holiday

2   unless  the  territory  covered  by  the  election  has  fewer  than  1,000

3   registered  voters.   In  that  case,  the  voting  shall  be  conducted  at

4   least  <u>four</u>  [three]  hours  each  day.   The  authority  ordering  the

5   election,  or  the  county  clerk  if  that  person  is  the  early  voting

6   clerk,  shall  determine  which  hours  the  voting  is  to  be  conducted.

7       (c)   In  a  county  with  a  population  of  <u>30,000</u>  [100,000]  or

8   more,  the  voting  in  a  primary  election  or  the  general  election  for

9   state  and  county  officers  shall  be  conducted  at  the  main  early

10   voting  polling  place  for  at  least  12  hours  on  each  weekday  of  the

11   last  week  of  the  early  voting  period,  and  the  voting  in  a  special

12   election  ordered  by  the  governor  shall  be  conducted  at  the  main

13   early  voting  polling  place  for  at  least  12  hours  on  each  of  the  last

14   two  days  of  the  early  voting  period.   <u>Voting  under  this  subsection</u>

15   <u>may  not  be  conducted  earlier  than  6 a.m.  or  later  than  9 p.m.</u>  Voting

16   shall  be  conducted  in  accordance  with  this  subsection  in  those

17   elections  in  a  county  with  a  population  under  <u>30,000</u>  [100,000]  on

18   receipt  by  the  early  voting  clerk  of  a  written  request  for  the

19   extended  hours  submitted  by  at  least  15  registered  voters  of  the

20   county.   The  request  must  be  submitted  in  time  to  enable  compliance

21   with  Section  85.067 .

22       (d)   <u>A  voter  who  has  not  voted  before  the  scheduled  time  for</u>

23   <u>closing  a  polling  place  is  entitled  to  vote  after  that  time  if  the</u>

24   <u>voter  is  in  line  at  the  polling  place  by  closing  time.   The</u>

25   <u>secretary  of  state  shall  promulgate  any  materials  and  provide  any</u>

26   <u>training  to  presiding  judges  necessary  to  properly  process  voters</u>

27   <u>under  this  subsection</u>  [In  an  election  ordered  by  a  city,  early

10

S.B.  No.  1

1  ~~voting   by   personal   appearance   at   the   main   early   voting   polling~~

2  ~~place   shall   be   conducted   for   at   least   12   hours:~~

3  [~~(1)   on   one   weekday,   if   the   early   voting   period~~

4  ~~consists   of   less   than   six   weekdays;   or~~

5  [~~(2)   on   two   weekdays,   if   the   early   voting   period~~

6  ~~consists   of   six   or   more   weekdays].~~

7  SECTION   2.07.   Sections   85.006 (b)   and   (e),   Election   Code,

8  are   amended   to   read   as   follows:

9  (b)   In   an   election   in   which   a   county   clerk   [~~or   city~~

10  ~~secretary]~~   is   the   early   voting   clerk   under   Section   83.002   [~~or~~

11  ~~83.005~~], only   the   early   voting   clerk   may   order   voting   on   a   Saturday

12  or   Sunday.   The   clerk   must   do   so   by   written   order.

13  (e)   In   a   primary   election   or   the   general   election   for   state

14  and   county   officers   in   a   county   with   a   population   of   <u>30,000</u>

15  [~~100,000~~]   or   more,   the   early   voting   clerk   shall   order   <u>voting   by</u>

16  <u>personal   appearance</u>   [~~voting~~]   at   the   main   early   voting   polling   place

17  to   be   conducted   <u>on   the   last   Saturday   of   the   early   voting   period</u>   for

18  at   least   12   hours, <u>except   that   voting   may   not   be   conducted   earlier</u>

19  <u>than   6 a.m.   or   later   than   9 p.m.,</u>   [~~on   the   last   Saturday~~]   and   <u>on   the</u>

20  <u>last   Sunday   of   the   early   voting   period</u>   for   at   least   <u>six</u>   [~~five~~]

21  hours, <u>except   that   voting   may   not   be   conducted   earlier   than   6 a.m.</u>

22  <u>or   later   than   9 p.m</u>   [~~on   the   last   Sunday   of   the   early   voting   period~~].

23  The   early   voting   clerk   shall   order   voting   to   be   conducted   at   those

24  times   in   those   elections   in   a   county   with   a   population   under   <u>30,000</u>

25  [~~100,000~~]   on   receipt   of   a   written   request   for   those   hours   submitted

26  by   at   least   15   registered   voters   of   the   county.   The   request   must   be

27  submitted   in   time   to   enable   compliance   with   Section   85.007 .   This

11

S.B.  No.  1

1    subsection    supersedes    any    provision    of    this    subchapter    to    the

2    extent  of any  conflict.

3          SECTION    2.08.    Section    85.010 (a-1),    Election    Code,    is

4    amended  to read as follows:

5          (a-1)    In  this    section,    "eligible    county    polling    place"

6    means  an  early  voting  polling  place[, ~~other  than  a  polling  place~~

7    ~~established  under  Section  85.062  (e),~~] established   by a county.

8          SECTION    2.09.    Section    85.061 , Election    Code,    is amended    by

9    amending   Subsection    (a)   and  adding   Subsections    (a-1)   and (a-2)   to

10   read  as follows:

11         (a)   In  a countywide    election   in  which  the  county  clerk   is

12   the  early  voting  clerk  under  Section   83.002 , an  early  voting

13   polling  place  shall  be located   inside   [at] each  branch  office  that

14   is regularly   maintained   for conducting    general   clerical   functions

15   of the  county  clerk,  except   as provided   by  Subsection   (b).   If a

16   suitable   room  is unavailable   inside   the  branch   office,   the polling

17   place  may be located   in another   room  inside   the  same  building   as the

18   branch   office.   Except   as provided   by Subsection   (a-1),   the polling

19   place  may  not  be located   in a tent  or similar   temporary   moveable

20   structure    or a parking   garage,   parking   lot,  or similar   facility

21   designed    primarily   for motor  vehicles.

22         (a-1)   An early  voting  polling   place  may  be located   in a tent

23   or similar   temporary   moveable   structure   if:

24              (1)   a building    selected   for an  early  voting  polling

25   place  is later  determined    by the  county  commissioners    court  to be

26   not  reasonably    accessible   due to fire,   flood,   or other   natural

27   disaster   rendering   the  building   unsafe  for public   use;

12

S.B.  No.  1

1          (2)  a  suitable  substitute  building  is  not  available;

2  and

3          (3)  the  tent  or  similar  temporary  moveable  structure

4  is adjacent  to the building  described  by Subdivision  (1).

5      (a-2)  If  the  county  commissioners  court  makes  a

6  determination  described  by Subsection  (a-1)(1):

7          (1)  the  determination  is  valid  only  for  the  next

8  scheduled  election;  and

9          (2)  the  court  shall  send  a  record  of  that

10  determination  to the secretary  of state  as soon  as practicable.

11    SECTION  2.10.  Section  85.062  , Election  Code,  is amended  by

12  amending  Subsection  (b)  and adding  Subsections  (b-1),  (b-2),  and

13  (f-1)  to read  as follows:

14      (b)  A polling  place  established  under  this  section  may  be

15  located,  subject  to Subsection  (d),  at any place  in the  territory

16  served  by the  early  voting  clerk  and may be located  inside  [in]  any

17  building  [stationary  structure]  as  directed  by  the  authority

18  establishing  the  branch  office.  Except  as provided  by Subsection

19  (b-1),  the  [The]  polling  place  may  not  be located  in a  tent  or

20  similar  temporary  movable  structure  or a parking  garage,  parking

21  lot,  or similar  facility  designed  primarily  for motor  vehicles  in

22  the general  election  for state  and county  officers,  general  primary

23  election,  or runoff  primary  election.  Ropes  or other  suitable

24  objects  may be used  at the polling  place  to ensure  compliance  with

25  Section  62.004  .  Persons  who are not expressly  permitted  by law to

26  be in a polling  place  shall  be excluded  from  the  polling  place  to

27  the extent  practicable.

13

S.B.   No.   1

1       (b-1)   A  temporary   branch   polling   place   may   be  located   in  a

2  tent  or  similar   temporary   moveable   structure   if:

3           (1)   a  building   selected   for  a  temporary   branch   polling

4  place  is  later   determined   by  the  county   commissioners   court   to  be

5  not   reasonably   accessible   due  to  fire,   flood,   or  other   natural

6  disaster   rendering   the  building   unsafe   for  public   use;

7           (2)   a  suitable   substitute   building   is  not   available;

8  and

9           (3)   the  tent   or  similar   temporary   moveable   structure

10  is  adjacent   to  the  building   described   by  Subdivision   (1).

11      (b-2)   If   the   county   commissioners   court   makes   a

12  determination   described   by  Subsection   (b-1)(1):

13           (1)   the  determination   is  valid   only   for   the   next

14  scheduled   election;   and

15           (2)   the   court   shall   send   a   record   of   that

16  determination   to  the  secretary   of  state  as  soon  as  practicable.

17      (f-1)   Notwithstanding   any  other   provision   of  this   section

18  concerning   the  location   of  temporary   branch   polling   places,   in  an

19  election   in   which   countywide   polling   places   are   used,   the

20  commissioners   court   of  a  county   shall   employ   the  same  methodology

21  it  uses  to  determine   the  location   of  countywide   polling   places   to

22  determine   the  location   of  temporary   branch   polling   places.

23      SECTION   2.11.   Section   124.002   ,  Election   Code,  is  amended   by

24  adding   Subsection   (c)  to  read  as  follows:

25           (c)   Voting   system   ballots   may  not  be  arranged   in  a  manner

26  that  allows   a  political   party's  candidates   to  be  selected   in  one

27  motion   or  gesture.

S.B.  No.  1

1        SECTION  2.12.    Section  127.1232  ,  Election  Code,  is  amended

2   to read  as follows:

3        Sec.  127.1232.    SECURITY  OF VOTED  BALLOTS.   (a)   The  general

4   custodian  of election  records  shall  post  a  licensed  peace  officer

5   [guard]  to ensure  the  security  of ballot  boxes  containing  voted

6   ballots  throughout  the  period  of tabulation  at  the  central  counting

7   station.

8        (b)   The  general  custodian  of  election  records  shall

9   implement  a video  surveillance  system  that  retains  a record  of all

10  areas  containing  voted  ballots:

11        (1)   from  the  time  the  voted  ballots  are  delivered  to

12  the  central  counting  station  until  the  canvass  of precinct  election

13  returns;  and

14        (2)   from  the  time  the  voted  ballots  are  delivered  to

15  the  signature  verification  committee  or early  voting  ballot  board

16  until  the  canvass  of precinct  election  returns.

17        (c)   A video  from  a system  implemented  under  Subsection  (b)

18  shall  be made  available  to the public  by a livestream.

19        (d)   The  video  recorded  is an election  record  under  Section

20  1.012  and  shall  be retained  by  the  general  custodian  of election

21  records  until  the  end  of the  calendar  year  in which  an election  is

22  held  or until  an election  contest  filed  in the  county  has been

23  resolved,  whichever  is later.

24        ARTICLE  3.  ELECTION  OFFICERS  AND OBSERVERS

25        SECTION  3.01.    Subchapter  A,  Chapter  33,  Election  Code,  is

26  amended  by adding  Section  33.0015  to read  as follows:

27        Sec.  33.0015.    REFERENCES  TO  EARLY  VOTING  BALLOT  BOARD  IN

15

S.B.  No.  1

1   THIS  CHAPTER.    A reference    in  this  chapter  to  an  early  voting  ballot

2   board  includes  a signature  verification    committee.

3          SECTION  3.02.   Subchapter   A, Chapter   33 , Election   Code,  is

4   amended  by  adding  Section  33.008  to read  as follows:

5          Sec.  33.008.    TRAINING    MANUAL.   (a)   The secretary   of  state

6   shall  publish  and maintain  a training  manual  for watchers  and shall

7   make  the  manual  available  on  the  secretary  of  state 's  Internet

8   website.

9          (b)   An  appointing   authority   must  provide  each  watcher

10  appointed   by  the  authority  with  a copy  of  the  training  manual

11  maintained   under  this  section.

12         SECTION  3.03.   Section  33.051 , Election   Code,  is amended  by

13  adding  Subsections   (g) and  (h) to read  as follows:

14         (g)  An  election  officer  commits  an  offense  if  the  officer

15  intentionally   or knowingly  refuses  to accept  a watcher  for service

16  when  acceptance  of  the  watcher  is required  by this  section.   An

17  offense  under  this  subsection  is a Class  A misdemeanor.

18         (h)  Before  accepting  a watcher,  the officer  presented  with  a

19  watcher 's certificate  of appointment  shall  require  the watcher  to

20  take  the  following  oath,  administered   by  the  officer:  "I  swear  (or

21  affirm)  that  I will  not disrupt  the voting  process  or harass  voters

22  in the  discharge  of my duties."

23         SECTION  3.04.   Section  33.056 , Election   Code,  is amended  by

24  amending  Subsection   (a) and  adding  Subsections   (e) and  (f) to read

25  as follows:

26         (a)  Except  as provided  by Section  33.057 , a watcher  is

27  entitled  to observe  any activity  conducted  at the location  at which

16

S.B.  No.  1

1   the  watcher  is  serving.    A  watcher  is  entitled  to  sit  or  stand

2   [conveniently]  near  enough  to  see  and  hear  the  election  officers

3   conducting  the  observed  activity,  except  as  otherwise  prohibited  by

4   this  chapter.

5          (e)  Except  as  provided  by  Section  33.057  (b),  a  watcher  may

6   not  be  denied  free  movement  where  election  activity  is  occurring

7   within  the  location  at  which  the  watcher  is  serving.

8          (f)  In  this  code,  a  watcher  who  is  entitled  to  "observe"  an

9   election  activity  is  entitled  to  sit  or  stand  near  enough  to  see  and

10  hear  the  activity.

11         SECTION  3.05.    Subchapter  C,  Chapter  33,  Election  Code,  is

12  amended  by  adding  Section  33.0605  to  read  as  follows:

13         Sec.  33.0605.    OBSERVING  DATA  STORAGE  SEALING  AND  TRANSFER.

14  (a)  A  watcher  appointed  to  serve  at  a  polling  place  in  an  election

15  who  is  available  at  the  time  of  the  action  may  observe  all  election

16  activities  relating  to  closing  the  polling  place,  including  the

17  sealing  and  transfer  of  a  memory  card,  flash  drive,  hard  drive,  data

18  storage  device,  or  other  medium  now  existing  or  later  developed

19  used  by  the  voting  system  equipment.

20         (b)  Notwithstanding  any  other  provision  of  this  code,  a

21  watcher  duly  accepted  for  service  at  a  polling  location  is  entitled

22  to  follow  the  transfer  of  election  materials  from  the  polling  place

23  at  which  the  watcher  was  accepted  to  a  regional  tabulating  center,

24  the  central  counting  station,  or  any  other  location  designated  to

25  process  election  materials.    The  authority  responsible  for

26  administering  a  regional  tabulating  center  or  another  location

27  where  election  materials  are  processed  must  accept  duly  appointed

S.B.  No.  1

1  watchers   for  service   in the  same  manner  a watcher  is accepted  for

2  service   under  Section   33.051   and must  accept   the  same  number   of

3  watchers   that  may serve  under  Section   33.007  (a).

4        SECTION   3.06.    Section   33.061 (a), Election  Code,  is amended

5  to read  as follows:

6        (a)   A person   commits   an offense   if the person   serves   in an

7  official  capacity  at a location  at which  the presence  of watchers  is

8  authorized   and  knowingly   prevents  a watcher  from  observing   an

9  activity  or procedure   the  person  knows  the  watcher  is entitled  to

10  observe,  including  by taking  any action  to obstruct  the view of a

11  watcher  or distance  the watcher  from the activity  or procedure  to be

12  observed   in a manner   that  would  make  observation   not  reasonably

13  effective.

14        SECTION   3.07.   Subchapter   C, Chapter   33, Election  Code,  is

15  amended  by adding  Section  33.063  to read as follows:

16       Sec.  33.063.   RELIEF.   (a)   A watcher,   or the  appointing

17  authority   for a watcher,   who  believes   that  the  watcher  was

18  unlawfully   prevented   or obstructed   from the  performance   of the

19  watcher  's duties  may seek:

20        (1)   injunctive   relief   under   Section   273.081 ,

21  including   issuance  of temporary   orders;

22        (2)   a  writ   of  mandamus   under   Section   161.009   or

23  273.061 ; and

24        (3)  any other remedy  available  under  law.

25      (b)   The relief  provided   by this  section  is available   to a

26  state  inspector   appointed   under  Chapter   34 or  any  other  election

27  inspector   authorized   by law.

S.B.  No.  1

1        SECTION  3.08.    Section  86.006 , Election  Code,  is  amended  by

2    amending   Subsection   (a)   and  adding    Subsection   (a-2)   to  read  as

3    follows:

4        (a)   A   marked    ballot   voted   under    this   chapter    must   be

5    returned   to  the  early  voting   clerk  in  the  official    carrier

6    envelope.    The   carrier   envelope   may  be  delivered   in  another

7    envelope  and must  be transported  and delivered  only by:

8            (1)   mail;

9            (2)   common  or contract  carrier;  or

10            (3)   subject   to  Subsections   [Subsection]   (a-1)   and

11    (a-2),  in-person  delivery  by the voter  who voted  the ballot.

12        (a-2)  An in-person  delivery  of a marked  ballot  voted  under

13    this  chapter  must  be received  by an election  official  at the time of

14    delivery.  The  receiving   official   shall  record  the  voter 's name,

15    signature,   and  type  of  identification   provided   under   Section

16    63.0101  on  a roster  prescribed  by the  secretary  of state.  The

17    receiving   official   shall  attest   on  the  roster  that  the delivery

18    complies  with this  section.

19        SECTION  3.09.   Section  87.002 , Election  Code,  is  amended  to

20    read as follows:

21        Sec. 87.002.   COMPOSITION   OF BOARD.   (a)  The  early  voting

22    ballot  board  consists  of a presiding  judge,  an alternate  presiding

23    judge,  and at least  one [two] other  member  [members].

24        (b)   Except   as  provided   by Subsection   (d),  the  presiding

25    judge  and the alternate  presiding  judge are [is] appointed  in the

26    same  manner  as a presiding  election  judge  and alternate  presiding

27    election  judge,  respectively.   Except  as provided  by Subsection

19

S.B.  No.  1

1   (c),  each  [the]  other  member  is  [members  are]  appointed  by  the

2   presiding  judge  in  the  same  manner  as  the  precinct  election  clerks.

3          (c)  In  the  general  election  for  state  and  county  officers,

4   each  county  chair  of  a  political  party  with  nominees  on  the  general

5   election  ballot  shall  submit  to  the  county  election  board  a  list  of

6   names  of  persons  eligible  to  serve  on  the  early  voting  ballot  board

7   in  order  of  the  county  chair 's  preference.   The  county  election

8   board  shall  appoint  at  least  one  person  from  each  list  to  serve  as  a

9   member  of  the  early  voting  ballot  board.   The  same  number  of  members

10  must  be  appointed  from  each  list.   The  county  election  board  shall

11  appoint  persons  as  members  of  the  early  voting  ballot  board  in  the

12  order  of  preference   indicated   on  each  list.

13         (d)  In  addition  to  the  members  appointed  under  Subsection

14  (c),  the  county  election  board  shall  appoint  as  the  presiding  judge

15  the  highest-ranked    person  on  [from]  the  list  provided  under  that

16  subsection   by  the  political   party  whose  nominee  for  governor

17  received  the  most  votes  in  the  county  in  the  most  recent

18  gubernatorial   general  election  and  as  the  alternate  presiding  judge

19  the  highest-ranked   person  on  the  list  provided  under  that

20  subsection   by  the  political   party  whose  nominee  for  governor

21  received   the  second  most  votes  in  the  county  in  the  most  recent

22  gubernatorial    general  election.

23         SECTION  3.10.   Sections  87.027 (d)  and  (e),  Election  Code,

24  are  amended  to  read  as  follows:

25         (d)  The  early  voting  clerk  shall  determine  the  number  of

26  members  who  are  to  compose  the  signature  verification   committee  and

27  shall  state  that  number  in  the  order  calling  for  the  committee 's

S.B.   No.   1

1  appointment.     A  committee    must   consist   of  not  fewer   than  five

2  members.    In  an  election   in  which  party  alignment   is  indicated   on

3  the  ballot,  each  county  chair  of  a  political   party  with  a  nominee   or

4  aligned   candidate   on  the  ballot  shall   submit   to  the   appointing

5  authority   a  list  of  names   of  persons   eligible   to  serve   on  the

6  signature   verification   committee   <u>in  order  of  the   county   chair 's</u>

7  <u>preference.</u>    The  authority   shall   appoint   at  least   two  persons   from

8  each  list  <u>in the  order  of preference    indicated    on each  list</u>  to  serve

9  as  members   of  the  committee.     The   same   number   of  members   must   be

10  appointed    from  each   list.    The   authority    shall   appoint   <u>as</u>  [~~the~~]

11  chair  of  the  committee   <u>the  highest-ranked     person  on</u>  [~~from~~]  the  list

12  provided   by  the  political   party  whose  nominee   for  governor   received

13  the  most  votes   in  the  county   in  the  most   recent   gubernatorial

14  general   election.   <u>The  authority   shall   appoint   as  vice  chair  of  the</u>

15  <u>committee    the  highest-ranked     person   on  the  list  provided    by  the</u>

16  <u>political   party  whose  nominee   for  governor   received   the  second  most</u>

17  <u>votes   in  the  county   in  the  most   recent   gubernatorial   general</u>

18  <u>election.</u>  A  vacancy   on  the  committee    shall   be  filled   by  appointment

19  from  the  original   list  or  from  a  new  list  submitted   by  the

20  appropriate   county   chair.

21        (e)   To  be  eligible   to  serve   on  a  signature   verification

22  committee,   a  person   must  <u>be  eligible    under   Subchapter   C,  Chapter</u>

23  <u>32</u> , for  service   as  a  presiding   election   judge,   except   that  the

24  <u>person  must</u>  be  a  qualified   voter:

25             (1)   of  the  county,  in  a  countywide   election   ordered   by

26  the  governor   or  a  county   authority   or  in  a  primary   election;

27             (2)   of  the  part  of  the  county   in  which  the  election   is

S.B.  No.  1

1  held,  for  an  election  ordered  by  the  governor  or  a  county  authority

2  that  does  not  cover  the  entire  county  of  the  person 's residence;  or

3         (3)  of  the  political  subdivision,  in  an  election

4  ordered  by  an  authority  of  a  political  subdivision  other  than  a

5  county.

6         SECTION  3.11.  Chapter  121 , Election  Code,  is  amended  by

7  adding  Section  121.004  to  read  as  follows:

8         Sec.  121.004.  COMMUNICATIONS  WITH  VOTING  SYSTEMS  VENDOR

9  PUBLIC  INFORMATION.  Except  as  provided  by  Sections  552.110  and

10  552.1101 , Government  Code,  a  written  letter,  e-mail,  or  other

11  communication,  including  a  communication  made  confidential  by

12  other  law,  between  a  public  official  and  a  voting  systems  vendor:

13         (1)  is  not  confidential;

14         (2)  is  public  information  for  purposes  of  Chapter  552 ,

15  Government  Code;  and

16         (3)  is  not  subject  to  an  exception  to  disclosure

17  provided  by  Chapter  552 , Government  Code.

18         SECTION  3.12.  Sections  127.006 (a)  and  (c),  Election  Code,

19  are  amended  to  read  as  follows:

20         (a)  The  [Both  the]  manager,  [and]  the  presiding  judge,  and

21  the  alternate  presiding  judge  may  appoint  clerks  to  serve  at  the

22  central  counting  station.

23         (c)  A  clerk  appointed  by  the  manager  serves  under  the

24  manager  and  shall  perform  the  functions  directed  by  the  manager.  A

25  clerk  appointed  by  the  presiding  judge  or  the  alternate  presiding

26  judge  serves  under  the  presiding  judge  and  shall  perform  the

27  functions  directed  by  the  presiding  judge.

S.B.  No.  1

1    SECTION  3.13.   Subchapter  A, Chapter  127 , Election  Code,  is

2  amended  by adding  Section  127.009  to read  as follows:

3    Sec.  127.009.   ELECTRONIC   DEVICES   IN   CENTRAL   COUNTING

4  STATION.   (a)  A counting  station  manager  and the presiding  judge  of

5  the  counting  station  shall  develop  a protocol  under  which  any

6  electronic  device  inside  a central  counting  station  that  is

7  necessary  to count  votes  is equipped  with software  that tracks  all

8  input  and activity  on the electronic  device.

9    (b)  The counting  station  manager  and the presiding  judge  of

10  the  counting  station  shall  ensure  that  the input  and activity

11  tracked  by the software  is printed  and delivered  to the secretary  of

12  state  not later  than  the fifth  day after  vote counting  is complete.

13    (c)  This section  applies  only to a central  counting  station

14  located  in a county  with a population  of 250,000  or more.

15    SECTION  3.14.   Section  127.1301 , Election  Code,  is amended

16  to read  as follows:

17    Sec.  127.1301.   [TALLYING,   TABULATING,   AND   REPORTING]

18  CENTRALLY  COUNTED  OPTICAL  SCAN  BALLOTS   [BALLOT  UNDERVOTES  AND

19  OVERVOTES].   (a)  In an election  using centrally  counted  optical

20  scan ballots,  the undervotes  and overvotes  on those  ballots  shall

21  be tallied,  tabulated,  and reported  by race  and by election

22  precinct  in the form  and manner  prescribed  by the secretary  of

23  state.

24    (b)  After  January  1, 2024,  an authority  operating  a central

25  counting  station  under  this  chapter  may not  purchase  or use a

26  centrally  counted  optical  ballot  scan  system  that  uses  a data

27  storage  disc  on which  information,  once  written,  is capable  of

23

S.B.  No.  1

1   being  modified.

2         SECTION  3.15.   Section  127.131 , Election  Code,  is  amended  by

3   adding  Subsection  (f)  to  read  as  follows:

4         (f)   The  presiding  judge  of  the  central  counting  station

5   shall  provide   and  attest   to a written   reconciliation   of votes  and

6   voters  at  the  close  of  tabulation   for  election   day  and  again  after

7   the  central   counting   station  meets  for  the  last  time  to  process

8   late-arriving   ballots  by  mail  and  provisional  ballots.   The

9   secretary  of state  shall  create  and  promulgate  rules  and  a form  to

10  facilitate   compliance  with  this  subsection.   The  form  shall  be

11  posted   on  a website  maintained   by  the  county  along  with  election

12  returns   and  results.

13        SECTION  3.16.   Section  129.023 , Election  Code,  is  amended  by

14  adding  Subsections  (b-2)  and  (c-1)  to  read  as  follows:

15        (b-2)  If  the  test  is  being  conducted   for  an  election  in

16  which  a county  election  board  has  been  established  under  Section

17  51.002 , the  general  custodian  of  election  records  shall  notify  each

18  member  of  the  board  of  the  test  at  least  48  hours  before  the  date  of

19  the  test.  If  the  county  election  board  chooses  to  witness  the  test,

20  each  member  shall  sign  the  statement  required  by  Subsection  (e)(1).

21        (c-1)  A test  conducted  under  this  section  must  also  require

22  the  general  custodian  of  election  records  to  demonstrate,  using  a

23  representative  sample  of  voting  system  equipment,  that  the  source

24  code  of  the  equipment  has  not  been  altered.

25              ARTICLE  4.   VOTING  BY  MAIL

26        SECTION  4.01.   Section  84.001 (b),  Election  Code,  is  amended

27  to  read  as  follows:

1    (b)  An  application  must  be  submitted  in  writing  and  signed

2  by  the  applicant  using  ink  on  paper.  An  electronic  signature  or

3  photocopied  signature  is  not  permitted.

4    SECTION  4.02.  Subchapter  A,  Chapter  84,  Election  Code,  is

5  amended  by  adding  Section  84.0011  to  read  as  follows:

6    Sec.  84.0011.  SOLICITATION  OF  BALLOT  BY  MAIL  APPLICATIONS

7  PROHIBITED.  The  early  voting  clerk  may  make  no  attempt  to  solicit  a

8  person  to  complete  an  application  for  an  early  voting  ballot  by

9  mail,  whether  directly  or  through  a  third  party.

10    SECTION  4.03.  Section  84.002,  Election  Code,  as  effective

11  September  1,  2021,  is  amended  by  amending  Subsection  (a)  and  adding

12  Subsection  (b-1)  to  read  as  follows:

13    (a)  An  early  voting  ballot  application  must  include:

14      (1)  the  applicant  's  name  and  the  address  at  which  the

15  applicant  is  registered  to  vote;

16      (1-a)  the  following  information:

17        (A)  the  number  of  the  applicant  's  driver  's

18  license,  election  identification  certificate,  or  personal

19  identification  card  issued  by  the  Department  of  Public  Safety;

20        (B)  if  the  applicant  has  not  been  issued  a  number

21  described  by  Paragraph  (A),  the  last  four  digits  of  the  applicant  's

22  social  security  number;  or

23        (C)  a  statement  by  the  applicant  that  the

24  applicant  has  not  been  issued  a  number  described  by  Paragraph  (A)  or

25  (B);

26      (2)  for  an  application  for  a  ballot  to  be  voted  by  mail

27  on  the  ground  of  absence  from  the  county  of  residence,  the  address

S.B.   No.   1

1  outside   the   applicant   's county   of   residence   to   which   the   ballot   is

2  to be mailed;

3                (3)   for   an   application   for   a   ballot   to   be   voted   by mail

4  on   the   ground   of   age   or   disability,   the   address   of   the   hospital,

5  nursing   home   or   other   long-term   care   facility,   or   retirement

6  center,   or of a person   related   to   the   applicant   within   the   second

7  degree   by   affinity   or   the   third   degree   by   consanguinity,   as

8  determined   under   Chapter   573 , Government   Code,   if   the   applicant   is

9  living   at   that   address   and   that   address   is   different   from   the

10 address   at which   the   applicant   is registered   to vote;

11                (4)   for   an   application   for   a   ballot   to   be   voted   by mail

12 on   the   ground   of confinement   in   jail,   the   address   of   the   jail   or   of   a

13 person   related   to   the   applicant   within   the   degree   described   by

14 Subdivision   (3);

15                (5)   for   an   application   for   a   ballot   to   be   voted   by mail

16 on   any   ground,   an   indication   of   each   election   for   which   the

17 applicant   is applying   for a ballot;

18                (6)   an   indication   of   the   ground   of   eligibility   for

19 early   voting;   and

20                (7)   for   an   application   for   a   ballot   to   be   voted   by mail

21 on   the   ground   of involuntary   civil   commitment,   the   address   of   the

22 facility   operated   by   or   under   contract   with   the   Texas   Civil

23 Commitment   Office   or of a person   related   to the applicant   within   the

24 degree   of consanguinity   described   by Subdivision   (3).

25       (b-1)   A person   may   use   the   number   of   a driver 's license,

26 election   identification   certificate,   or personal   identification

27 card   that   has   expired   for   the   purpose   of fulfilling   the   requirement

26

S.B.  No.  1

1   under   Subsection    (a)(1-a)   if   the   license   or   identification    is

2   otherwise   valid.

3        SECTION   4.04.   Section   84.011  (a),   Election   Code,   as

4   effective   September   1,   2021,   is  amended   to  read  as  follows:

5        (a)   The officially   prescribed   application   form   for  an  early

6   voting   ballot   must   include:

7             (1)   immediately   preceding   the   signature   space   the

8   statement:   "I   certify   that   the   information   given   in  this

9   application   is  true,   and  I  understand   that  giving   false   information

10  in  this   application   is  a  crime.";

11            (2)   a   statement   informing   the   applicant   of   the

12  offenses   prescribed   by  Sections   84.003  and  84.004  ;

13            (3)   spaces   for   entering   an   applicant  's   voter

14  registration   number   and  county   election   precinct   of  registration,

15  with   a  statement   informing   the   applicant   that   failure   to  furnish

16  that   information   does  not  invalidate   the  application;

17            (3-a)   a  space   for  entering   the   information   required

18  under   Section   84.002  (a)(1-a);   and

19            (4)   on  an  application   for  a  ballot   to  be  voted   by  mail:

20               (A)   a  space   for  an  applicant   applying   on  the

21  ground   of  absence   from   the  county   of  residence   to  indicate   the  date

22  on  or  after   which   the  applicant   can  receive   mail  at  the  address

23  outside   the  county;

24               (B)   a  space   for  indicating   the  fact   that  an

25  applicant   whose   application   is  signed   by  a  witness   cannot   make  the

26  applicant  's  mark   and  a  space   for  indicating   the   relationship   or

27  lack  of  relationship   of  the  witness   to  the  applicant;

27

S.B.  No.  1

1        (C)  a space  for  entering   an applicant  's telephone

2  number,  with  a statement   informing   the  applicant  that  failure  to

3  furnish  that  information   does  not  invalidate   the  application;

4        (D)  a space  or box  for an applicant   applying  on

5  the  ground  of age  or disability   to indicate   that  the  address   to

6  which  the  ballot  is  to be  mailed  is  the  address  of  a facility  or

7  relative  described  by Section  84.002 (a)(3),  if applicable;

8        (E)  a space  or box  for an applicant   applying  on

9  the  ground  of confinement   in jail  or involuntary   civil  commitment

10  to indicate  that  the  address  to which  the  ballot  is to be  mailed  is

11  the  address  of a relative  described  by Section  84.002 (a)(4)  or  (7),

12  if applicable;

13        (F)  a space  for  an applicant   applying  on  the

14  ground  of age  or disability   to indicate   if the  application   is  an

15  application   under  Section  86.0015 ;

16        (G)  spaces  for  entering   the  signature,   printed

17  name,  and residence   address  of any  person  assisting   the  applicant;

18        (H)  a statement   informing   the  applicant  of  the

19  condition   prescribed  by Section  81.005 ; and

20        (I)  a statement   informing   the  applicant  of  the

21  requirement   prescribed  by Section  86.003 (c).

22    SECTION  4.05.   Subchapter  A , Chapter  84 , Election  Code,  is

23  amended  by adding  Section  84.0111  to read  as follows:

24    Sec.  84.0111.   DISTRIBUTION   OF   APPLICATION   FORM.   (a)

25  Except  as provided   by Subsection   (c) or as otherwise   authorized   by

26  this  code,  an officer   or employee   of this  state  or of a political

27  subdivision   of this  state  may not  distribute   an application   form

28

1   for   an   early   voting   ballot   to   a   person   who   did   not   request   an

2   application   under   Section   84.001 .

3       (b)   An   officer   or   employee   of   this   state   or   of   a   political

4   subdivision   of   this   state   may   not   use   public   funds   to   facilitate   the

5   distribution   by   another   person   of   an   application   form   for   an   early

6   voting   ballot   to   a   person   who   did   not   request   an   application   under

7   Section   84.001 .

8       (c)   A   political   party   or   a   candidate   for   office   may

9   distribute   an   application   form   for   an   early   voting   ballot   to   a

10   person   who   did   not   request   an   application   under   Section   84.001 .

11       SECTION   4.06.   Section   84.032 (c),   Election   Code,   is   amended

12   to   read   as   follows:

13       (c)   An   applicant   may   submit   a   request   after   the   close   of

14   early   voting   by   personal   appearance   by   appearing   in   person   and:

15           (1)   returning   the   ballot   to   be   voted   by   mail   to   the

16   early   voting   clerk;   or

17           (2)   executing   an   affidavit   that   the   applicant:

18               (A)   has   not   received   the   ballot   to   be   voted   by

19   mail;   [or]

20               (B)   never   requested   a   ballot   to   be   voted   by   mail;

21   or

22               (C)   received   notice   of   a   defect   under   Section

23   87.0271(b)   or   87.0411(b).

24       SECTION   4.07.   Section   84.035 ,   Election   Code,   is   amended   to

25   read   as   follows:

26       Sec.   84.035.   BALLOT   SENT   TO   APPLICANT.   (a)   If   the   early

27   voting   clerk   cancels   an   application   by   an   applicant   to   whom   an   early

S.B.  No.  1

1  voting  ballot  has  been  sent,  the  clerk  shall:

2                (1)   remove  the  applicant  's  name  from  the  early  voting

3  roster;  and

4                (2)   make  any  other  entries  in  the  records  and  take  any

5  other  action  necessary  to  prevent  the  ballot  from  being  counted  if

6  returned.

7       (b)   An  election  judge  may  permit  a  person  to  whom  an  early

8  voting  ballot  has  been  sent  who  cancels  the  person  's  application

9  for  a  ballot  to  be  voted  by  mail  in  accordance  with  Section  84.032

10  but  fails  to  return  the  ballot  to  be  voted  by  mail  to  the  early

11  voting  clerk,  deputy  early  voting  clerk,  or  presiding  judge  as

12  provided  by  that  section  to  vote  only  a  provisional  ballot  under

13  Section  63.011 .

14       SECTION  4.08.   Section  86.001 ,  Election  Code,  is  amended  by

15  adding  Subsection  (f)  to  read  as  follows:

16       (f)   If  the  information  required  under  Section

17  84.002 (a)(1-a)  included  on  the  application  does  not  identify  the

18  same  voter  identified  on  the  applicant  's  application  for  voter

19  registration  under  Section  13.002 (c)(8),  the  clerk  shall  reject  the

20  application.

21       SECTION  4.09.   Section  86.002 ,  Election  Code,  is  amended  by

22  adding  Subsections  (g),  (h),  and  (i)  to  read  as  follows:

23       (g)   The  carrier  envelope  must  include  a  space  that  is  hidden

24  from  view  when  the  envelope  is  sealed  for  the  voter  to  enter  the

25  following  information:

26                (1)   the  number  of  the  voter  's  driver  's  license,

27  election  identification  certificate,  or  personal  identification

30

S.B.  No.  1

1   card  issued  by  the  Department    of  Public   Safety;

2                (2)   if  the  voter  has  not  been  issued  a number   described

3   by  Subdivision    (1),   the   last  four   digits   of   the   voter 's  social

4   security   number;  or

5                (3)   a  statement    by  the  applicant    that  the  applicant

6   has  not  been  issued  a number   described   by Subdivision    (1)  or  (2).

7        (h)   A  person   may   use   the   number   of  a  driver 's  license,

8   election    identification    certificate,   or  personal    identification

9   card  that  has  expired    for  purposes    of Subsection    (g)  if  the  license

10  or  identification    is otherwise    valid.

11       (i)   No  record   associating    an  individual    voter  with  a ballot

12  may  be  created.

13       SECTION    4.10.   Section    86.011  (c),  Election    Code,   is  amended

14  to read  as follows:

15       (c)   If  the  return   is  not  timely,   the  clerk   shall   enter   the

16  time  of  receipt   on  the  carrier   envelope    and  retain   it  in a locked

17  container    for  the  period   for  preserving    the  precinct    election

18  records.   The  clerk  shall  destroy   the  unopened    envelope   and  its

19  contents   after  the  preservation    period.

20       SECTION   4.11.   Section    86.015 (c),  Election    Code,   as

21  effective   September    1, 2021,  is amended   to read  as follows:

22       (c)   An  online  tool  used  under  this  section   must:

23            (1)   for  each  election,   record:

24                 (A)   each  application    for  a ballot   to be  voted  by

25  mail  received   by the  clerk;  and

26                 (B)   each  carrier   envelope   sent  to a voter  by the

27  clerk;

31

S.B.   No.   1

1              (2)   for   each   carrier   envelope,   record   or   assign   a

2   serially   numbered   and   sequentially   issued   barcode   or   tracking

3   number   that   is   unique   to   each   envelope;   [and]

4              (3)   update   the   applicable   Internet   website   as   soon   as

5   practicable   after   each   of   the   following   events   occurs:

6                   (A)   receipt   by   the   early   voting   clerk   of   the

7   person 's application   for   a ballot   to   be   voted   by   mail;

8                   (B)   acceptance   or rejection   by   the   early   voting

9   clerk   of the person 's application   for   a ballot   to   be   voted   by   mail;

10                  (C)   placement   in   the   mail   by   the   early   voting

11   clerk   of the person 's official   ballot;

12                  (D)   receipt   by   the   early   voting   clerk   of   the

13   person 's marked   ballot;   and

14                  (E)   acceptance   or rejection   by   the   early   voting

15   ballot   board   of a person 's marked   ballot;   and

16              (4)   allow   a voter   to   add   or   correct   information

17   required   under   Section   84.002   (a)(1-a)   or Section   86.002   (g).

18        SECTION   4.12.   Section   87.027   (i),   Election   Code,   is   amended

19   to read   as follows:

20        (i)   The   signature   verification   committee   shall   compare   the

21   signature   on each carrier   envelope   certificate,   except   those   signed

22   for a voter   by a witness,   with   the   signature   on   the   voter 's ballot

23   application   to   determine   whether   the   signatures   are   those   of   the

24   voter.   The   committee   may   also   compare   the   signatures   with   any

25   known   signature   [two   or   more   signatures]   of   the   voter   [made   within

26   the   preceding   six   years   and]   on   file   with   the   county   clerk   or voter

27   registrar   to   determine   whether   the   signatures   are   those   of   the

S.B.   No.   1

1    voter.     Except   as provided   by Subsection    (l), a determination     under

2    this  subsection   that  the  signatures    are not those  of the  voter  must

3    be  made  by  a  majority    vote  of  the  committee   's membership.      The

4    committee    shall   place   the  jacket   envelopes,   carrier   envelopes,   and

5    applications    of voters   whose   signatures    are  not  those  of  the  voter

6    in  separate    containers    from  those  of voters   whose   signatures    are

7    those   of the  voter.    The  committee    chair   shall   deliver   the  sorted

8    materials    to the  early  voting   ballot   board   at the  time  specified   by

9    the  board  's presiding    judge.

10       SECTION    4.13.    Subchapter    B, Chapter    87 , Election    Code,  is

11   amended   by  adding  Section   87.0271   to read  as follows:

12       Sec.  87.0271.    OPPORTUNITY     TO   CORRECT    DEFECT:     SIGNATURE

13   VERIFICATION     COMMITTEE.    (a)   This   section   applies   to  an early

14   voting   ballot   voted   by mail:

15            (1)   for  which   the   voter   did  not   sign   the  carrier

16   envelope   certificate;

17            (2)   for  which   it  cannot   immediately   be   determined

18   whether   the  signature   on the  carrier   envelope   certificate   is that

19   of the  voter;

20            (3)   missing   any required   statement   of residence;

21            (4)   missing   information    or   containing   incorrect

22   information    required    under   Section    84.002  (a)(1-a)    or   Section

23   86.002  ; or

24            (5)   containing   incomplete   information   with respect   to

25   a witness.

26       (b)   Before   deciding   whether   to accept   or reject   a timely

27   delivered   ballot   under  Section   87.027 , the  signature   verification

33

S.B.  No.  1

1   committee  may:

2          (1)   return   the   carrier   envelope   to the  voter   by  mail,

3   if  the  signature   verification   committee   determines   that  it  would  be

4   possible   to  correct   the  defect   and  return   the  carrier   envelope

5   before   the  time  the  polls  are  required   to  close   on  election   day;  or

6          (2)   notify   the   voter   of   the   defect   by  telephone   or

7   e-mail   and  inform   the  voter   that   the   voter   may  come   to  the  early

8   voting   clerk 's office   in  person   to:

9              (A)   correct   the  defect;  or

10              (B)   request   to  have   the   voter 's  application   to

11   vote  by  mail  canceled   under  Section   84.032 .

12      (c)   If  the  signature   verification   committee   takes   an  action

13   described   by  Subsection   (b),  the  committee   must  take  either   action

14   described   by  that  subsection   with  respect   to  each  ballot   in  the

15   election   to  which   this  section   applies.

16      (d)   A  poll  watcher   is  entitled   to  observe   an  action   taken

17   under  Subsection   (b).

18      (e)   The  secretary   of  state   may  prescribe   any  procedures

19   necessary   to  implement   this  section.

20      SECTION   4.14.   Section   87.041 , Election   Code,   is  amended   by

21   amending   Subsections   (b)  and  (e)  and  adding   Subsection   (d-1)  to

22   read  as  follows:

23      (b)   A  ballot   may  be  accepted   only  if:

24          (1)   the  carrier   envelope   certificate   is  properly

25   executed;

26          (2)   neither   the   voter 's   signature   on   the   ballot

27   application   nor  the  signature   on  the  carrier   envelope   certificate

34

S.B.  No.  1

1  is  determined    to  have  been  executed    by  a  person    other    than  the

2  voter,  unless  signed  by  a  witness;

3            (3)    the  voter 's  ballot  application    states  a  legal

4  ground  for  early  voting  by  mail;

5            (4)    the  voter  is  registered    to  vote,  if  registration

6  is  required  by  law;

7            (5)    the  address  to  which  the  ballot  was  mailed  to  the

8  voter,  as  indicated  by  the  application,    was  outside    the  voter 's

9  county  of  residence,  if  the  ground  for  early  voting  is  absence  from

10  the  county  of  residence;

11            (6)    for  a  voter  to  whom  a  statement    of  residence    form

12  was  required  to  be  sent  under  Section    86.002  (a),  the  statement  of

13  residence  is  returned  in  the  carrier    envelope  and  indicates  that

14  the  voter  satisfies    the  residence    requirements    prescribed    by

15  Section    63.0011  ; [and]

16            (7)    the  address  to  which  the  ballot  was  mailed  to  the

17  voter  is  an  address  that  is  otherwise    required  by  Sections  84.002

18  and  86.003  ; and

19            (8)    the  information    required  under  Section  86.002  (g)

20  provided    by  the  voter  identifies    the  same  voter  identified    on  the

21  voter 's  application      for  voter    registration    under  Section

22  13.002  (c)(8).

23      (d-1)  If  a  voter  provides    the  information    required  under

24  Section  86.002  (g)  and  it  identifies    the  same  voter  identified  on

25  the  voter 's  application    for  voter    registration    under  Section

26  13.002  (c)(8),  the  signature    on  the  ballot    application    and  on  the

27  carrier    envelope  certificate    shall  be  rebuttably    presumed  to  be  the

S.B.  No.  1

1   signatures    of  the  voter.

2          (e)   In  making  the  determination    under  Subsection   (b)(2),   to

3   determine   whether  the  signatures   are  those  of  the  voter,  the  board

4   may  also  compare  the  signatures   with  any  known  signature   [two  or

5   more  signatures]   of  the  voter  [made  within  the  preceding   six  years

6   and]  on  file  with  the  county  clerk  or  voter  registrar  [to  determine

7   whether  the  signatures   are  those  of  the  voter].

8          SECTION   4.15.   Subchapter   C,  Chapter   87,  Election   Code,  is

9   amended  by  adding  Section  87.0411  to  read  as  follows:

10         Sec.  87.0411.   OPPORTUNITY    TO  CORRECT   DEFECT:   EARLY   VOTING

11   BALLOT   BOARD.   (a)   This  section   applies   to  an  early  voting  ballot

12   voted  by  mail:

13            (1)   for  which  the  voter  did  not  sign  the  carrier

14   envelope   certificate;

15            (2)   for  which  it  cannot   immediately   be  determined

16   whether   the  signature   on  the  carrier   envelope   certificate   is  that

17   of  the  voter;

18            (3)   missing   any  required   statement   of  residence;

19            (4)   missing   information   or  containing   incorrect

20   information   required   under   Section   84.002 (a)(1-a)   or  Section

21   86.002 ;  or

22            (5)   containing   incomplete   information   with  respect   to

23   a  witness.

24         (b)   Before   deciding   whether   to  accept   or  reject   a  timely

25   delivered   ballot   under   Section   87.041 ,  the  early  voting   ballot

26   board  may:

27            (1)   return   the  carrier   envelope   to  the  voter  by  mail,

36

S.B.  No.  1

1   if  the  early  voting  ballot  board  determines  that  it  would  be

2   possible  to  correct  the  defect  and  return  the  carrier  envelope

3   before  the time  the polls  are required  to close  on election  day; or

4                   (2)  notify  the  voter  of  the  defect  by  telephone  or

5   e-mail  and  inform  the  voter  that  the  voter  may  come  to  the  early

6   voting  clerk 's office  in person  to:

7                       (A)  correct  the defect;  or

8                       (B)  request  to  have  the  voter 's application  to

9   vote  by mail  canceled  under  Section  84.032 .

10      (c)  If  the  early  voting  ballot  board  takes  an  action

11  described  by  Subsection  (b),  the  board  must  take  either  action

12  described  by that  subsection  with  respect  to each  ballot  in the

13  election  to which  this  section  applies.

14      (d)  A poll  watcher  is  entitled  to observe  an action  taken

15  under  Subsection  (b).

16      (e)  The  secretary  of  state  may  prescribe  any  procedures

17  necessary  to implement  this  section.

18      SECTION  4.16.  Section  87.0431  (b),  Election  Code,  is  amended

19  to read  as follows:

20      (b)  The  early  voting  clerk  shall,  not  later  than  the  30th

21  day  after  election  day,  deliver  notice  to  the  attorney  general,

22  including  certified  copies  of  the  carrier  envelope  and

23  corresponding  ballot  application,  of any ballot  rejected  because:

24                  (1)  the  voter  was  deceased;

25                  (2)  the  voter  already  voted  in  person  in  the  same

26  election;

27                  (3)  the  signatures  on the carrier  envelope  and  ballot

37

S.B.   No.   1

1   application   were   not   executed   by the   same   person;

2            (4)   the   carrier   envelope   certificate   lacked   a   witness

3   signature;   [or]

4            (5)   the   carrier   envelope   certificate   was   improperly

5   executed   by an   assistant;   or

6            (6)   the   early   voting   ballot   board   or   the   signature

7   verification   committee   determined   that   another   violation   of   the

8   Election   Code   occurred.

9        SECTION   4.17.   Sections   87.062 (a)   and   (c),   Election   Code,

10   are   amended   to   read   as   follows:

11        (a)   On   the   direction   of   the   presiding   judge,   the   early

12   voting   ballot   board,   in   accordance   with   Section   85.032 (b),   shall

13   open   the   containers   [container]   for   the   early   voting   ballots   that

14   are   to be   counted   by   the   board,   remove   the   contents   from   each   [the]

15   container,   and   remove   any   ballots   enclosed   in   ballot   envelopes   from

16   their   envelopes.

17        (c)   Ballots   voted   by   mail   shall   be   tabulated   and   stored

18   separately   from   the   ballots   voted   by personal   appearance   and   shall

19   be   separately   reported   on   the   returns   [The   results   of   all   early

20   voting   ballots   counted   by   the   board   under   this   subchapter   shall   be

21   included   in   the   same   return].

22        SECTION   4.18.   Section   87.103 ,   Election   Code,   is   amended   to

23   read   as   follows:

24        Sec.   87.103.   COUNTING   BALLOTS   AND   PREPARING   RETURNS.   (a)

25   The   early   voting   electronic   system   ballots   counted   at   a   central

26   counting   station,   the   ballots   cast   at   precinct   polling   places,   and

27   the   ballots   voted   by   mail   shall   be   tabulated   separately   [from   the

S.B.   No.   1

1   ~~ballots   cast   at   precinct   polling   places]~~   and   shall   be   separately

2   reported   on   the   returns.

3         (b)   The   early   voting   returns   prepared   at   the   central

4   counting   station   must   include   any   early   voting   results   obtained   by

5   the   early   voting   ballot   board   under   <u>Subchapter</u>   [~~Subchapters]~~   D   [~~and~~

6   ~~B]~~ .

7         SECTION   4.19.   Section   87.126 ,   Election   Code,   is   amended   by

8   adding   Subsection   (a-1)   to   read   as   follows:

9         <u>(a-1)   Electronic   records   made   under   this   section   shall</u>

10   <u>record   both   sides   of   any   application,   envelope,   or   ballot   recorded,</u>

11   <u>and   all   such   records   shall   be   provided   to   the   early   voting   ballot</u>

12   <u>board,   the   signature   verification   committee,   or   both.</u>

13         SECTION   4.20.   Subchapter   G,   Chapter   87 ,   Election   Code,   is

14   amended   by   adding   Section   87.128   to   read   as   follows:

15         <u>Sec.   87.128.   NOTES.   Each   member   of   an   early   voting   ballot</u>

16   <u>board   and   each   member   of   a   signature   verification   committee   is</u>

17   <u>entitled   to   take   and   keep   any   notes   reasonably   necessary   to   perform</u>

18   <u>the   member 's   duties   under   this   chapter.</u>

19                ARTICLE   5.   ASSISTANCE   OF   VOTERS

20         SECTION   5.01.   Section   64.009 ,   Election   Code,   is   amended   by

21   amending   Subsection   (b)   and   adding   Subsections   (e),   (f),   (f-1),

22   (g),   and   (h)   to   read   as   follows:

23         (b)   The   regular   voting   procedures,   <u>except   those   in</u>

24   <u>Subchapter   B,</u>   may   be   modified   by   the   election   officer   to   the   extent

25   necessary   to   conduct   voting   under   this   section.

26         <u>(e)   Except   as   provided   by   Section   33.057 ,   a   poll   watcher   is</u>

27   <u>entitled   to   observe   any   activity   conducted   under   this   section.</u>

S.B.   No.   1

1   (f) A person  who simultaneously assists  three  or more  voters

2 voting under this section by providing the voters with

3 transportation to the polling  place  must  complete and  sign  a form,

4 provided by an election officer, that  contains the  person 's name

5 and  address and  whether the  person  is providing assistance solely

6 under  this  section or under  both  this  section and Subchapter B.

7   (f-1) Subsection (f)  does  not apply if the person  is related

8 to  each  voter  within the  second degree by  affinity or  the  third

9 degree  by consanguinity, as  determined under  Subchapter B, Chapter

10 573 , Government Code.

11   (g) A form  completed under  Subsection (f)  shall  be delivered

12 to the  secretary of state  as  soon  as  practicable. The  secretary

13 shall  retain  a form  delivered under  this  section  for the  period  for

14 preserving the  precinct election records and  shall  make  the  form

15 available to the  attorney general for inspection upon  request.

16   (h) The secretary of  state shall prescribe the  form

17 described by Subsection (f).

18   SECTION  5.02. Section  64.031 , Election  Code,  is amended  to

19 read  as follows:

20   Sec. 64.031. ELIGIBILITY FOR  ASSISTANCE. A  voter  is

21 eligible  to receive  assistance  in marking  or reading  the ballot,  as

22 provided  by this subchapter,  if the voter  cannot  prepare  or read  the

23 ballot  because  of:

24   (1)  a  physical  disability  that  renders  the  voter

25 unable  to write  or see;  or

26   (2)  an  inability  to read  the  language  in which  the

27 ballot  is written.

40

S.B.  No.  1

1   SECTION  5.03.   Subchapter   B, Chapter   64 , Election   Code,   is

2   amended   by adding   Section   64.0322   to read  as follows:

3   Sec.  64.0322.   SUBMISSION    OF   FORM   BY   ASSISTANT.   (a)   A

4   person,   other   than   an  election   officer,   who  assists   a voter   in

5   accordance   with   this   chapter   is  required   to complete   a form

6   stating:

7   (1)   the  name   and address   of the  person   assisting   the

8   voter;

9   (2)   the  relationship   to the  voter  of the  person

10  assisting   the voter;   and

11  (3)   whether   the person  assisting   the voter  received   or

12  accepted   any  form   of  compensation   or other   benefit   from  a

13  candidate,   campaign,   or political   committee.

14  (b)   The  secretary   of state  shall  prescribe   the form  required

15  by this  section.   The  form  must  be incorporated   into  the official

16  carrier   envelope   if the  voter  is voting   an early   voting   ballot   by

17  mail   and  receives   assistance   under   Section   86.010 , or must  be

18  submitted   to an election   officer   at  the  time   the voter   casts  a

19  ballot   if the  voter  is voting   at a polling   place  or under   Section

20  64.009 .

21  SECTION  5.04.   Section   64.034 , Election   Code,   is amended   to

22  read  as follows:

23  Sec.  64.034.   OATH.   A  person,   other   than   an election

24  officer,   selected   to provide   assistance   to a voter   must  take  the

25  following   oath,  administered   by an election   officer   at the polling

26  place,   before   providing   assistance:

27  "I  swear   (or affirm)   under  penalty   of perjury   that  the voter  I

41

S.B.   No.   1

1  am   assisting      represented      to   me   they   are   eligible      to   receive
2  assistance;      I   will   not   suggest,   by   word,   sign,   or   gesture,   how   the
3  voter   should   vote;   [I will confine my assistance to answering the
4  voter 's questions, to stating propositions on the ballot, and to
5  naming candidates and, if listed, their political parties;]   I   will
6  prepare   the   voter 's   ballot   as   the   voter   directs;     I   did   not
7  encourage,      pressure,      or   coerce      the   voter   into   choosing   me   to
8  provide   assistance;   [and]   I   am   not   the   voter 's   employer,   an   agent   of
9  the   voter 's   employer,   or   an   officer   or   agent   of   a   labor   union   to
10 which   the   voter   belongs;   I   will   not   communicate      information   about
11 how   the   voter   has   voted   to   another   person;   and   I   understand   that   if
12 assistance      is   provided      to   a   voter   who   is   not   eligible   for
13 assistance,      the   voter 's   ballot   may   not   be   counted."
14        SECTION   5.05.   Sections   86.010 (e),   (h),   and   (i),   Election
15 Code,   are   amended   to   read   as   follows:
16        (e)   A   person   who   assists   a   voter   to   prepare   a   ballot   to   be
17 voted   by   mail   shall   enter   on   the   official      carrier      envelope   of   the
18 voter:
19             (1)   the   person 's   signature,      printed      name,      and
20 residence   address;
21             (2)   the   relationship      of   the   person   providing      the
22 assistance   to   the   voter;   and
23             (3)   whether   the   person   received   or   accepted   any   form
24 of   compensation      or   other   benefit   from   a   candidate,      campaign,      or
25 political      committee   in   exchange   for   providing   assistance   [on the
26 official carrier envelope of the voter].
27        (h)   Subsection   (f)   does   not   apply   to:

S.B.  No.  1

1           (1)  a violation  of Subsection  (c),  if  the  person  is

2  related  to  the  voter  within  the  second  degree  by  affinity  or  the

3  third  degree  by consanguinity,  as  determined  under  Subchapter  B,

4  Chapter  573 , Government  Code,  or  was  physically  living  in  the  same

5  dwelling  as  the  voter  at  the  time  of  the  event;  or

6           (2)  a violation  of Subsection  (e),  if  the  person  is

7  related  to  the  voter  within  the  second  degree  by  affinity  or  the

8  third  degree  by consanguinity,  as  determined  under  Subchapter  B,

9  Chapter  573 , Government  Code.

10     (i)  An  offense  under  this  section  for  a  violation  of

11  Subsection  (c)  is  increased  to  the  next  higher  category  of  offense

12  if  it  is  shown  on  the  trial  of  an  offense  under  this  section  that:

13           (1)  the  defendant  was  previously  convicted  of  an

14  offense  under  this  code;

15           (2)  the  offense  involved  a  voter  65  years  of  age  or

16  older;  or

17           (3)  the  defendant  committed  another  offense  under  this

18  section  in  the  same  election.

19     SECTION  5.06.  Section  86.013 (b),  Election  Code,  is  amended

20  to  read  as  follows:

21     (b)  Spaces  must  appear  on  the  reverse  side  of  the  official

22  carrier  envelope  for:

23           (1)  indicating  the  identity  and  date  of  the  election;

24  [and]

25           (2)  entering  the  signature,  printed  name,  and

26  residence  address  of  a  person  other  than  the  voter  who  deposits  the

27  carrier  envelope  in  the  mail  or  with  a  common  or  contract  carrier;

43

S.B.  No.  1

1   <u>and</u>

2         (3)   indicating   the  relationship   of  that  person   to  the

3   <u>voter.</u>

4         SECTION   5.07.   (a)   The  secretary   of  state  shall   conduct   a

5   study   regarding   the   implementation   of  educational   programs,

6   including   the   production   and  publication   on  the  secretary   of

7   state 's Internet   website   of  instructional   videos,   to help  voters

8   with  disabilities   understand   how  to use  voting   systems   used  in this

9   state.

10        (b)   Not later  than December   1, 2022,  the  secretary   of  state

11   shall   submit   to  the   standing   committees   of  the   legislature   with

12   jurisdiction   over  elections   a report   on  the  study  required   by this

13   section.

14        (c)   The  secretary   of state,   using   existing   resources,   may

15   contract   with  a qualified   vendor   to conduct   the  study  required   by

16   this  section.

17        (d)   This  section   expires   December   1, 2023.

18           ARTICLE   6.   FRAUD  AND  OTHER  UNLAWFUL   PRACTICES

19        SECTION   6.01.   Chapter   63 ,  Election   Code,   is  amended   by

20   adding   Section   63.0111   to read  as follows:

21        <u>Sec.  63.0111.   OFFENSES   RELATED   TO PROVISIONAL   VOTING.   (a)</u>

22   <u>An  election   judge   commits   an  offense   if  the  judge   knowingly</u>

23   <u>provides   a voter   with  a form  for an affidavit   required   by Section</u>

24   <u>63.001   if the  form  contains   information   that  the  judge   entered   on</u>

25   <u>the  form  knowing   it was  false.</u>

26        <u>(b)   An  offense   under   this section   is a state  jail  felony.</u>

27        SECTION   6.02.   Sections   276.004   (a)  and  (b),   Election   Code,

44

S.B.  No.  1

1   are  amended   to  read  as  follows:

2        (a)   A  person   commits   an  offense   if,  with  respect   to  another

3   person   over   whom   the   person   has   authority   in   the   scope   of

4   employment,   the  person   knowingly:

5             (1)   refuses   to  permit   the  other   person   to  be  absent

6   from  work  on  election   day  <u>or  while   early   voting   is  in  progress</u>   for

7   the  purpose   of  attending   the  polls  to  vote;  or

8             (2)   subjects   or  threatens   to  subject   the  other   person

9   to  a  penalty   for  attending   the  polls  on  election   day  <u>or  while   early</u>

10  <u>voting   is  in  progress</u>   to  vote.

11       (b)   It  is  an  exception   to  the  application   of  this  section

12  that  the  person  's  conduct   occurs   in  connection   with  an  election   in

13  which  the  polls  are  open  on  election   day  <u>or  while   early   voting   is  in</u>

14  <u>progress</u>   for  voting   for  two  consecutive   hours   outside   of  the

15  voter  's  working   hours.

16       SECTION   6.03.   Chapter   276 ,  Election   Code,   is  amended   by

17  adding   Sections   276.015,   276.016,   and  276.017   to  read  as  follows:

18       <u>Sec.  276.015.   VOTE  HARVESTING.   (a)   In  this  section   and  in</u>

19  <u>Section   276.016:</u>

20            <u>(1)   "Benefit"   means   anything   reasonably   regarded   as  a</u>

21  <u>gain  or  advantage,   including   a  promise   or  offer   of  employment,   a</u>

22  <u>political   favor,   or  an  official   act  of  discretion,   whether   to  a</u>

23  <u>person   or  another   party  whose  welfare   is  of  interest   to  the  person.</u>

24            <u>(2)   "Vote   harvesting   services"   means   in-person</u>

25  <u>interaction   with  one  or  more  voters,   in  the  physical   presence   of  an</u>

26  <u>official   ballot,   a  ballot   voted   by  mail,   or  an  application   for</u>

27  <u>ballot   by  mail,   intended   to  deliver   votes   for  a  specific   candidate</u>

S.B.  No.  1

1    or  measure.

2        (b)   A  person   commits   an  offense   if  the  person,   directly   or

3    through  a  third  party,  knowingly   provides   or  offers  to  provide   vote

4    harvesting   services   in  exchange   for  compensation   or  other  benefit.

5        (c)   A  person   commits   an  offense   if  the  person,   directly   or

6    through   a  third   party,   knowingly   provides   or  offers   to  provide

7    compensation   or  other  benefit   to  another   person   in  exchange   for

8    vote  harvesting   services.

9        (d)   A  person   commits   an  offense   if  the  person   knowingly

10   collects   or  possesses   a  mail  ballot   or  official   carrier   envelope   in

11   connection   with  vote  harvesting   services.

12       (e)   This  section   does  not  apply  to:

13            (1)   an  activity   not  performed   in  exchange   for

14   compensation   or  a  benefit;

15            (2)   interactions   that  do  not  directly   involve   an

16   official   ballot,   ballot   by  mail,   or  an  application   for  ballot   by

17   mail;

18            (3)   interactions   that  are  not  conducted   in-person   with

19   a  voter;   or

20            (4)   activity   that  is  not  designed   to  deliver   votes  for

21   or  against   a  specific   candidate   or  measure.

22       (f)   In  this   section,   compensation   in  exchange   for  vote

23   harvesting   services   is  inferred   if  a  person   who  performed   vote

24   harvesting   services   for  a  candidate   or  campaign   solicits,   receives,

25   or  is  offered   compensation   from  the  candidate   or  campaign,   directly

26   or  through  a  third  party,  for  services   other  than  vote  harvesting

27   services   provided.

46

S.B.  No.  1

1    (g)  An offense  under  this section  is a felony  of the  third

2 degree.

3    (h)  If  conduct  that  constitutes  an  offense  under  this

4 section  also  constitutes  an offense  under  any other  law,  the  actor

5 may be prosecuted  under  this  section,  the  other  law,  or both.

6    (i)  Records  necessary  to investigate  an offense  under  this

7 section  or any other  section  of this  code  shall  be provided  by an

8 election  officer  in an unredacted  form  to a law enforcement  officer

9 upon  request.  Records  obtained  under  this  subsection  are  not

10 subject  to public  disclosure.

11    Sec.  276.016.  CIVIL  LIABILITY  FOR  VOTE  HARVESTING.  (a)  A

12 person  who is  shown  by a  preponderance  of the  evidence  to  have

13 violated  Section  276.015  is  civilly  liable  to  any  candidate  or

14 political  party  who  suffers  harm  from  the  vote  harvesting  services

15 for damages  and penalties  that  may be awarded  under  Subsection  (c).

16    (b)  A person  is harmed  by the  vote  harvesting  services  if

17 the person  can demonstrate  that:

18        (1)  the  person  has standing  to seek  relief;  and

19        (2)  the  liable  party  violated  Section  276.015.

20    (b-1)  To establish  standing  under  this  section,  a person  is

21 not  required  to demonstrate  that  the  vote  harvesting  services

22 successfully  delivered  votes  for a specific  candidate  or measure,

23 but must  demonstrate  that:

24        (1)  the  vote  harvesting  services  were  intended  to

25 deliver  votes  for a specific  candidate  or measure;  and

26        (2)  the  person  opposed  the candidate  or measure  in the

27 person 's capacity  as a candidate  or political  party.

47

S.B.   No.   1

1    (c)   A party  who prevails   in an action   under  this section   may

2    recover   damages   in an amount   including   any or all of:

3           (1)   the amount   of compensation   paid  to or received   by a

4    party  in exchange   for vote  harvesting   services;

5           (2)   the   fair   market   value   of  any   benefit   given   or

6    received   in exchange   for vote  harvesting   services;   or

7           (3)   a penalty   in the amount   of $35,000.

8    (d)   A party  who is a candidate   for office   who prevails   in an

9    action   under   this   section   and   shows   that   the   number   of   voters

10   contacted   by the vote  harvesting   activity   exceeds   the number   of

11   votes  by which  the party  lost  the election   shall  recover   additional

12   damages   in an amount   equal  to the amount   of liability   attributed   to

13   the defendant   under  Subsection   (c).

14   (e)   If   an  action   under   this   section   is  brought   by  a

15   candidate   for  office,  the  period   for  commencing   the  action   begins

16   on the day  after  the date  the election   is certified   and ends  on the

17   90th  day  after  the later  of that  date  or the date  election   records

18   are made  publicly   available   under  Section   1.012 .  If an action   under

19   this   section   is  brought   by  a  political   party,   the  period   for

20   commencing   the  action   begins   on  the  day  after   the  last  day  a

21   candidate   may  bring  an action   and ends  on the 90th  day  after  that

22   date.  If an action   under  this  section   is brought   by a candidate   for

23   office,  a political   party  may not bring  an action   under  this  section

24   for the same  instance   of vote  harvesting   activity.

25   (f)   The   cause   of   action   created   by   this   section   is

26   cumulative   of any  other  remedy  provided   by common   law or statute.

27   (g)   Rules  applicable   to a party 's access  to election   records

48

S.B.  No.  1

1  under  Chapter  231  or  232  apply  to  a  cause  of  action  under  this

2  section.

3       (h)  The  expedited  actions  process  created  by  Rule  169,  Texas

4  Rules  of  Civil  Procedure,  does  not  apply  to  an  action  under  this

5  section.

6       (i)  Chapter  27,  Civil  Practice  and  Remedies  Code,  does  not

7  apply  to  a  cause  of  action  under  this  section.

8       (j)  A  cause  of  action  under  this  section  may  be  brought  in

9  the  county  where  any  element  of  a  violation  under  Section  276.015

10  occurred,  or  where  any  part  of  the  vote  harvesting  services

11  occurred.

12       (k)  This  section  shall  be  liberally  construed  and  applied  to

13  promote  its  underlying  purpose  to  protect  candidates  and  the  voting

14  public  from  unlawful  vote  harvesting  and  provide  an  efficient  and

15  economical  remedy  to  secure  that  protection.

16       Sec.  276.017.  UNLAWFUL  ALTERING  OF  ELECTION  PROCEDURES.  A

17  public  official  may  not  create,  alter,  modify,  waive,  or  suspend

18  any  election  standard,  practice,  or  procedure  mandated  by  law  or

19  rule  in  a  manner  not  expressly  authorized  by  this  code.

20                    ARTICLE  7.  ENFORCEMENT

21       SECTION  7.01.  Section  18.065,  Election  Code,  is  amended  by

22  amending  Subsection  (a)  and  adding  Subsections  (e),  (f),  and  (g)  to

23  read  as  follows:

24       (a)  The  secretary  of  state  shall  monitor  each  registrar  for

25  substantial  compliance  with  Sections  15.083,  16.032,  16.0332,  and

26  18.061  and  with  rules  implementing  the  statewide  computerized  voter

27  registration  list.

49