IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO *et al.*, <br> *Plaintiffs* <br><br> -vs- <br><br> GREGORY W. ABBOTT, IN HIS OFFICIAL CAPACITY AS GOVENOR OF TEXAS *et al.*; <br> *Defendants* | § § § § § § § § § § § | SA-21-CV-00844-XR <br> *Consolidated cases* |

**ORDER**

On this date, the Court considered the opposed motion to intervene in this matter filed by the Public Interest Legal Foundation (the "Foundation") (ECF No. 43); Plaintiffs' responses in opposition (ECF Nos. 46, 47, 49, 50); certain Defendants' responses in opposition (ECF No. 52); and the Foundation' reply (ECF No. 74). After careful consideration, the motion to intervene is **DENIED** because, to the extent that it is cognizable at all, the Foundation's ideological interest in "election integrity" is adequately represented by the existing Defendants and does not otherwise warrant permissive intervention.

**BACKGROUND**

These consolidated cases arise out of Texas's enactment of an omnibus voting bill, Senate Bill 1 ("SB 1"). In the days and weeks after the law was passed on August 31, 2021, numerous parties began filing complaints against various Texas state officials (the "State Defendants") and local elections administrators in this district, challenging certain provisions of SB 1 under the United States Constitution and various federal civil rights statutes. For the purposes of judicial economy, these were consolidated under the above-captioned case, as it was first filed.[1]

---

[1] *See* ECF No. 31 (consolidating *OCA-Greater Houston v. Esparza*, No. 1:21-cv-780 (W.D. Tex. 2021); *Houston Justice v. Abbott*, No. 5:21- cv-848 (W.D. Tex. 2021); *LULAC Texas v. Esparza*, No. 1:21-cv-786 (W.D.

The Foundation, a legal advocacy organization based in Indiana, asserts that it has the right to intervene in this action pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. Alternatively, it argues that it should be permitted to intervene under Rule 24(b).[2] Plaintiffs oppose the Foundation's intervention (ECF Nos. 46, 47, 48, 49, 50, 51), as do several of the Defendant election administrators (ECF No. 52). During a status conference in this matter held on November 16, 2021, counsel for the State Defendants represented that they were not opposed to intervention. For the reasons stated in open court and set out more fully in this order, the Foundation's motion to intervene is denied.

## ANALYSIS

### I. Intervention as of Right

A movant must satisfy four requirements in order to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure: (1) the motion to intervene must be timely; (2) the movant must demonstrate an interest that is related to the property or transaction forming the basis of the action in which it seeks to intervene; (3) the disposition of the main action must impair or impede the movant's ability to protect its interest; and (4) the existing parties must not adequately represent the movant's interest. *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004). The movant bears the burden of proof with respect to all elements, and "failure to prove a required element is fatal." *Rotstain v. Mendez*, 986 F.3d 931, 937 (5th Cir. 2021). Although it is undoubtedly timely, the Foundation's motion fails to satisfy any of the three remaining requirements to establish a right to intervene in this case under Rule 24(a).

---

Tex. 2021) and *Mi Familia Vota v. Abbott*, No. 5: 21-cv-920 (W.D. Tex. 2021) under *La Unión del Pueblo Entero v. Abbott*, No. 5:21-cv-844 (W.D. Tex. 2021); *United States v. Texas*, No. 5:21-cv-1085 (W.D. Tex. 2021), ECF No. 13.

[2]    The Foundation moved to intervene in *LULAC Texas, et al., v. Jose Esparza, et al.*, Case No. 1:21-cv-786. The motion included a proposed answer only in the *LULAC* case, but the Foundation reserved the right to file a responsive pleading to all complaints in the consolidated litigation. *See* ECF No. 43 at 2 n.1.

First, the Foundation's motion does not demonstrate a cognizable interest that would support intervention. The Foundation asserts that it is "dedicated to election integrity" and that it "exists to assist states and others to aid the cause of election integrity and fight against lawlessness in American elections." ECF No. 43 at 6. It "seeks to protect its mission from the misapplications of federal law"—its mission being the general preservation of "the constitutional balance between a state's power to control its own elections and Congress's limited constitutional authority to protect against racial discrimination." *Id.* at 7.

But the Fifth Circuit is clear that such a generalized interest in "election integrity," federalism, and the proper application of law is insufficient to support intervention as of right. An organization cannot intervene as of right if it has "only an ideological interest in the litigation, and the lawsuit does not involve the regulation of [the organization's] conduct in any respect." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (quoting *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir. 2007)). Only interests that are "concrete, personalized, and legally protectable" are sufficient to support intervention as of right, and the interest must be "one which the substantive law recognizes as belonging to or being owned by the applicant." *Id.* This inquiry "turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way." *Id.* "[A]n intervenor fails to show a sufficient interest when he seeks to intervene solely for ideological, economic, or precedential reasons; that would-be intervenor merely *prefers* one outcome to the other." *Id.* (emphasis in original). Because the Foundation has failed to demonstrate a concrete interest in this action, it follows that the disposition of this case cannot impede its ability to protect such an interest.

Finally, even if the Foundation could establish a legally protectable interest at stake in this litigation, there is no reason to believe that the State Defendants' representation of the

Foundation's purported interest would be inadequate. *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014). While the burden of showing inadequate representation is "minimal," "it cannot be treated as so minimal as to write the requirement completely out of the rule." *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984) (citations omitted). Indeed, a presumption of adequate representation arises when the applicant "has the same ultimate objective as the party to the suit." *Id.* (citations omitted). The presumption is especially strong where the putative representative is a governmental body or officer charged by law with representing the interests of the intervenor. *Texas*, 805 F.3d at 661; *Veasey v. Perry*, 577 F. App'x 261, 263 (5th Cir. 2014) (holding that State of Texas would adequately represent the interests of advocacy group in Voting Rights Act litigation). To overcome this presumption of adequate representation, the applicant must show "adversity of interest, collusion, or nonfeasance." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 578–79 (5th Cir. 2007) (citation omitted).

The Foundation asserts that, as public officials, the State Defendants "are unlikely to defend against these allegations as strongly as the Foundation" and are "unlikely to highlight failures or defects in the election administration by Texas election officials that would further justify and support efforts by the legislature to safeguard elections." ECF No. 43 at 9. This speculation about the State Defendants' future strategic choices cannot overcome the presumption that the State Defendants will adequately represent the Foundation's interests. *Texas*, 805 F.3d at 661. Indeed, a mere difference in preferred litigation strategy is insufficient to justify intervention as of right. *Bush*, 740 F.2d at 358 (citing *Bumgarner v. Ute Indian Tribe of Uintah & Ouray Reservation*, 417 F.2d 1305, 1308 (10th Cir. 1969)) (explaining that tactical differences "cannot alone show inadequate representation"); *In re Toyota Hybrid Brake Litig.*, No. 4:20-CV-127, 2020 WL 6161495, at *19 (E.D. Tex. Oct. 21, 2020) (intervention is inappropriate when the movant "has

vested its claim for intervention entirely upon a disagreement over litigation strategy or legal tactics.")(quoting *LULAC v. Wilson*, 131 F.3d 1297, 1306 (9th Cir. 1997)).

The Foundation cannot establish a significant, legally protectable interest in the subject matter of this litigation and has not met its burden to show that any protected interest it purportedly holds is not adequately represented by the State Defendants. The Foundation, therefore, is not entitled to intervention as of right.

## II.     Permissive Intervention

Rule 24(b)(B) states that on timely motion, the district court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. The threshold question is whether the movant's "claim or defense and the main action have a question of law or fact in common," *Newby v. Enron Corp.*, 443 F.3d 416, 421 (5th Cir. 2006) (internal quotation marks and citation omitted). The Court should also consider, among other things, whether intervention "will unduly delay or prejudice the adjudication of the original parties' rights," FED. R. CIV. P. 24(b), whether there is adequate representation by other parties, and "whether they are likely to contribute significantly to the development of the underlying factual issues." *LULAC v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989). Permissive intervention is "wholly discretionary" even where the putative intervenor satisfies the requirements of Rule 24(b). *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984); *see Graham v. Evangeline Parish Sch. Bd.*, 132 F. App'x 507, 514 (5th Cir. 2005) ("Denials of permissive intervention are only subject to reversal if extraordinary circumstances so require.").

The Foundation's failure to demonstrate a concrete interest in this action that will not be adequately represented by the State Defendants counsels against permissive intervention. *See NextEra Energy Capital Holdings, Inc. v. Walker*, No. 1:19-CV- 626-LY, 2020 WL 3580149 (Feb.

5

26, 2020) (denying permissive intervention where "existing parties adequately protect all asserted intere[sts] and the presence of additional parties will not be of assistance to the court's determination of the issues presented"). Moreover, it is unclear to the Court how the Foundation, a legal advocacy organization based in Indiana without any apparent ties to Texas, will be able to aid in the factual development of this case, despite its purported "unique perspective on the national and constitutional implications" of the lawsuit. ECF No. 43 at 6.

This litigation over SB 1 is one of great interest to numerous advocacy and nonprofit organizations throughout the country, including the Foundation. However, a generalized interest as to its outcome is insufficient to justify adding a new party and counsel to an already complex case involving numerous parties and counsel, and where the proposed intervenor fails to show any unique legal interests or factual contributions that would aid in the resolution of this case. The Court thus declines to exercise its discretion to permit the Foundation to intervene in this case.

## CONCLUSION

For the foregoing reasons, the Foundation's motion to intervene (ECF No. 43) is **DENIED**. However, the Foundation may file an amicus brief in this matter should it wish to do so.

It is so **ORDERED**.

SIGNED this 16th day of November, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE