**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO *et al.*, | § | |
| *Plaintiffs* | § | |
| | § | SA-21-CV-00844-XR |
| -vs- | § | *Consolidated cases* |
| | § | |
| GREGORY W. ABBOTT, IN HIS | § | |
| OFFICIAL CAPACITY AS GOVENOR | § | |
| OF TEXAS *et al.*; | § | |
| *Defendants* | § | |

## ORDER

On this date, the Court considered the motion to intervene filed by the Harris County Republican Party, the Dallas County Republican Party, the National Republican Senatorial Committee, and the National Republican Congressional Committee (the "Committees") (ECF No. 57) and joined by the Republican National Committee (ECF No. 113); Plaintiffs' responses (ECF Nos. 87, 88, 91); and the Committees' reply (ECF No. 111). After careful consideration, the motion is **DENIED** because the Committees' purported interests, to the extent that they are both cognizable and implicated in this litigation, are adequately represented by the existing Defendants.

## BACKGROUND

These consolidated cases arise out of Texas's enactment of an omnibus voting bill, Senate Bill 1 ("SB 1"). In the days and weeks after the law was passed on August 31, 2021, numerous parties began filing complaints against various Texas state officials (the "State Defendants") and local elections administrators in this district, challenging certain provisions of SB 1 under the United States Constitution and various federal civil rights statutes. For the purposes of judicial economy, these were consolidated under the above-captioned case, as it was first filed.[1]

---

[1]      *See* ECF No. 31 (consolidating *OCA-Greater Houston v. Esparza*, No. 1:21-cv-780 (W.D. Tex. 2021); *Houston Justice v. Abbott*, No. 5:21- cv-848 (W.D. Tex. 2021); *LULAC Texas v. Esparza*, No. 1:21-cv-786 (W.D.

Now, the Committees seek to intervene as of right under Rule 24(a) out of concern that the existing Defendants will not adequately defend SB 1 "to preserve the structure of the competitive electoral environment and to ensure that Texas carries out free and fair elections." *See* ECF No. 57 at 3. They also seek intervention because a ruling in Plaintiffs' favor could "directly prejudice the Republican Committees' candidates in future elections." *Id.* at 9. Alternatively, they argue that they should be permitted to intervene under Rule 24(b). Plaintiffs oppose the Committees' intervention. During a status conference in this matter held on November 16, 2021, counsel for the State Defendants represented that they were not opposed to intervention. For the reasons stated in open court and set out more fully in this order, the Committees' motion to intervene is denied.

## ANALYSIS

### I.      Intervention as of Right

A movant must satisfy four requirements in order to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure: (1) the motion to intervene must be timely; (2) the movant must demonstrate an interest that is related to the property or transaction forming the basis of the action in which it seeks to intervene; (3) the disposition of the main action must impair or impede the movant's ability to protect its interest; and (4) the existing parties must not adequately represent the movant's interest. *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004). The movant bears the burden of proof with respect to all elements, and "failure to prove a required element is fatal." *Rotstain v. Mendez*, 986 F.3d 931, 937 (5th Cir. 2021). Although it is undoubtedly timely, the Committees' motion fails to satisfy any of the three remaining requirements to establish a right to intervene in this case under Rule 24(a).

---

Tex. 2021) and *Mi Familia Vota v. Abbott*, No. 5: 21-cv-920 (W.D. Tex. 2021) under *La Unión del Pueblo Entero v. Abbott*, No. 5:21-cv-844 (W.D. Tex. 2021); *United States v. Texas*, No. 5:21-cv-1085 (W.D. Tex. 2021), ECF No. 13.

First, the Committees' motion does not demonstrate a cognizable interest that would support intervention in this case. The Committees assert that they have an interest in defending SB 1 to "preserve the structure of the competitive electoral environment and to ensure that Texas carries out free and fair elections." ECF No. 57 at 4. But the Fifth Circuit is clear that such a generalized interest in "free and fair elections" is insufficient to support intervention as of right. An organization cannot intervene as of right if it has "only an ideological interest in the litigation, and the lawsuit does not involve the regulation of [the organization's] conduct in any respect." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (quoting *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir. 2007)). Only interests that are "concrete, personalized, and legally protectable" are sufficient to support intervention as of right, and the interest must be "one which the substantive law recognizes as belonging to or being owned by the applicant." *Id.* This inquiry "turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way." *Id.* "[A]n intervenor fails to show a sufficient interest when he seeks to intervene solely for ideological, economic, or precedential reasons; that would-be intervenor merely *prefers* one outcome to the other." *Id.* (emphasis in original).

The Committees offer no reason to believe that their interest in "free and fair elections" in Texas is unique to them. Indeed, it is presumably shared by all Texans. Courts have denied intervention by partisan actors seeking to join lawsuits based on generalized interest in "fair" elections, an interest shared by all Texans. *See, e.g.*, *One Wis. Inst., Inc. v. Nichol*, 310 F.R.D. 394 (W.D. Wis. 2015) (holding a general interest "in defending" challenged election laws and in "fraud-free elections" to be insufficient to support intervention); *Am. Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 258 (D.N.M. 2008) ("To the extent that the [Republican

Party of New Mexico] asserts generalized interests in fair election, it does not have a protectable interest[.]"); *United States v. Alabama*, No. 2:06-cv-392-WKW, 2006 WL 2290726, at *3 (M.D. Ala. Aug. 8, 2006) (denying intervention by Democratic leaders based on interest in "fair and adequate" elections in voting rights case); *cf. Athens Lumber Co., Inc. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982) (finding union's assertion of interests "shared with . . . all citizens" is "so generalized it will not support a claim for intervention of right").

The Committees further asserts that they have an interest in this case because invalidating portions of SB 1 could "chang[e] the results of elections" and impair their interest in "winning elections," directly affecting the Republican Committees and their candidates and voters. ECF No. 57 at 8, 9. The Committees' interests in electing their preferred candidates might very well be "direct, substantial, legally protectable interests," but the Committees fail to explain how any of these interests are connected to *these proceedings*, as required, and it is not the role of this Court to do that work for them. *Edwards v. City of Hous.*, 78 F.3d 983, 1004 (5th Cir. 1996) (requiring "direct, substantial, legally protectable interest *in the proceedings*" (emphasis added)). It is not enough for the movant to identify a "legally protectable interest"; the movant must explain how that interest "relate[s] to the property or transaction which is the subject of the action." *Edwards.*, 78 F.3d 983 at 999. However, the Committees fail to explain how a court order enjoining SB 1's enforcement would adversely impact the electoral prospects of Republican candidates. Instead, they suggest that "changes in the competitive environment for elections invariably affect the interests of political parties and their allocation of resources." ECF No. 111. Taken to its logical conclusion, the Committees' position would confer a right of intervention on any political entity in cases involving elections or election laws. Rule 24 does not support intervention based on putative intervenor's interest in a particular area of law; it requires a legally protectable interest in

4

the specific subject of the action—here, the challenged provisions of SB 1. The Committees'

purported interests are simply "too contingent, speculative, or remote from the subject of the case."

*Bear Ranch, LLC v. HeartBrand Beef, Inc.*, 286 F.R.D. 313, 316 (S.D. Tex. 2012). Because the

Foundation has failed to demonstrate a concrete interest in this action, it follows that the disposition

of this case cannot impede its ability to protect such an interest.

Finally, even if the Committees could establish a legally protectable interest at stake in this

litigation, there is no reason to believe that the State Defendants' representation of the Committees'

purported interests would be inadequate. *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014).

While the burden of showing inadequate representation is "minimal," "it cannot be treated as so

minimal as to write the requirement completely out of the rule." *Bush v. Viterna*, 740 F.2d 350,

355 (5th Cir. 1984) (citations omitted). Indeed, a presumption of adequate representation arises

when the applicant "has the same ultimate objective as the party to the suit." *Id.* (citations omitted).

The presumption is especially strong where the putative representative is a governmental body or

officer charged by law with representing the interests of the intervenor. *Texas*, 805 F.3d at 661;

*Veasey v. Perry*, 577 F. App'x 261, 263 (5th Cir. 2014) (holding that State of Texas would

adequately represent the interests of advocacy group in Voting Rights Act litigation). To overcome

this presumption of adequate representation, the applicant must show "adversity of interest,

collusion, or nonfeasance." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*, 493

F.3d 570, 578–79 (5th Cir. 2007) (citation omitted).

The Committees assert that, as public officials, the State Defendants "ha[ve] more extensive

interests to balance" than a private intervenor. ECF No. 43 at 9 (citing *Brumfield*, 749 F.3d at 346).

But the Committees offer no reason to believe that their interests or objectives are adverse to the

State Defendants' "more extensive" interests. To the extent that the Committees' interests

hypothetically diverge from the State Defendants' insofar as they do not share the Committees' interest in "electing particular candidates," the Committees have offered no reason to believe that those partisan interests are at stake in this litigation, as discussed above. ECF No. 57 at 11.

The Republican Committees cannot establish a significant, legally protectable interest in the subject matter of this litigation and have not met their burden to show that any purported interest will not be adequately represented by the existing Defendants. Accordingly, the Republican committees are not entitled to intervention as of right.

## II.    Permissive Intervention

Rule 24(b)(B) states that on timely motion, the district court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. The threshold question is whether the movant's "claim or defense and the main action have a question of law or fact in common," *Newby v. Enron Corp.*, 443 F.3d 416, 421 (5th Cir. 2006) (internal quotation marks and citation omitted). The Court should also consider, among other things, whether intervention "will unduly delay or prejudice the adjudication of the original parties' rights," FED. R. CIV. P. 24(b), whether there is adequate representation by other parties, and "whether they are likely to contribute significantly to the development of the underlying factual issues." *LULAC v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989). Permissive intervention is "wholly discretionary" even where the putative intervenor satisfies the requirements of Rule 24(b). *New Orleans Pub. Serv., Inc.*, 732 F.2d at 471; *see Graham v. Evangeline Parish Sch. Bd.*, 132 F. App'x 507, 514 (5th Cir. 2005) ("Denials of permissive intervention are only subject to reversal if extraordinary circumstances so require.").

The Committees' failure to demonstrate a concrete interest in this action that will not be adequately represented by the State Defendants counsels against permissive intervention. *See*

*NextEra Energy Capital Holdings, Inc. v. Walker*, No. 1:19-CV- 626-LY, 2020 WL 3580149 (Feb. 26, 2020) (denying permissive intervention where "existing parties adequately protect all asserted intere[sts] and the presence of additional parties will not be of assistance to the court's determination of the issues presented"). Moreover, it is unclear to the Court how the Committees will be able to aid in the factual development of this case. They concede as much in their motion to intervene, which acknowledges that the questions of law and fact they intend to raise are already before the Court, ECF No. 57 at 12, and their initial disclosures—which merely incorporate by reference the names and documents included in the existing parties' initial disclosures—suggest that the Committees do not possess any unique information bearing on the factual issues relevant to this case. *See* ECF No. 110. Where a proposed intervenor "presents no new questions, [it] can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention." *S. Carolina v. N. Carolina*, 558 U.S. 256, 288 (2010) (Roberts, C.J., concurring in judgment in part and dissenting in part) (citation omitted)).

This litigation over SB 1 is one of great interest to numerous partisan advocacy organizations throughout the country, including the Committees. However, a generalized interest as to its outcome is insufficient to justify adding a new party and counsel to an already complex case involving numerous parties and counsel, and where the proposed intervenor fails to show any unique legal interests or factual contributions that would aid in the resolution of this case. The Court thus declines to exercise its discretion to permit the Committees to intervene in this case.

## CONCLUSION

For the foregoing reasons, the Committees' motion to intervene (ECF No. 57) is **DENIED**. However, the Committees may file an amicus brief in this matter should they wish to do so.

It is so **ORDERED**.

SIGNED this 18th day of November, 2021.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE