# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al.,<br>    *Plaintiffs,*<br><br>v.<br><br>GREGORY W. ABBOTT, et al.,<br>    *Defendants.* | § § § § § § § § | Civil No. 5:21-cv-844-XR |
| OCA-GREATER HOUSTON, et al.,<br>    *Plaintiffs,*<br><br>v.<br><br>JOSE A. ESPARZA, et al.,<br>    *Defendants.* | § § § § § § § § | Civil No. 1:21-cv-0780-XR |
| HOUSTON JUSTICE, et al.,<br>    *Plaintiffs,*<br><br>v.<br><br>GREGORY WAYNE ABBOTT, et al.,<br>    *Defendants.* | § § § § § § § § | Civil No. 5:21-cv-0848-XR |
| TEXAS LULAC, et al.,<br>    *Plaintiffs,*<br><br>v.<br><br>JOSE ESPARZA, et al.,<br>    *Defendants.* | § § § § § § § § | Civil No. 1:21-cv-0786-XR |
| MI FAMILIA VOTA, et al.,<br>    *Plaintiffs,*<br><br>v.<br><br>GREGORY ABBOTT, et al.,<br>    *Defendants.* | § § § § § § § § | Civil No. 5:21-cv-0920-XR |

**DEFENDANT LUPE C. TORRES, IN HIS OFFICIAL CAPACITY AS MEDINA COUNTY ELECTION ADMINISTRATOR'S AMENDED RULE 26(a)(1) INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Lupe C. Torres, in his official capacity as Medina County Elections Administrator, makes his initial disclosures.

**PRELIMINARY STATEMENT**

This case is in the preliminary phases of discovery and investigation. The initial disclosures set forth below are necessarily made without full knowledge of the facts and circumstances involved in this case and are made in a good-faith effort to comply with Fed. R. Civ. Pro. 26(a)(1). In making these disclosures, Defendant does not represent that he is identifying every individual, document, or tangible thing upon which he may rely to support his defenses. Further discovery, investigation, legal research and analysis may supply additional facts and new meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to substantial changes, additions to, and variation from the disclosures. Accordingly, Defendant reserves the right to amend these disclosures in accordance with subsequent developments, and further makes these disclosures without prejudice to his right to produce facts, witnesses, documents and other evidence omitted from these responses by oversight, inadvertence, good-faith error or mistake. Defendant further notes that the information set forth in these disclosures may include hearsay and other forms of information that are unreliable, irrelevant, or not otherwise admissible in evidence. Defendant, therefore, reserves all objections relating to the admissibility of evidence.

Defendant reserves objections to specific deposition notices and discovery requests and questions, on the ground that although information possessed by individuals listed below may be

discoverable, the information might not be discoverable from a specific witness based on privileges or other grounds that Defendant will assert upon receipt of specific discovery requests. Defendant also reserves objections to the disclosure of any information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff is alleging a facial challenge to SB 1. The law has yet to be implemented and Defendant believes that very little information in his possession is discoverable.

## INITIAL DISCLOSURES

A. **Individuals with Discoverable Information (Rule 26(a)(1)(i)) (all Tier I witnesses)**

1. Lupe C. Torres
   Medina County Elections Administrator
   1300 Ave. M #108
   Hondo, TX 78861
   Contact through counsel

Mr. Torres is the Elections Administrator for Medina County, TX and has information concerning the administration of Medina County elections and voter registration.

2. Texas Secretary of State
   Elections Division
   James E. Rudder Building
   1019 Brazos Street
   Austin, Texas 78701
   Mailing Address: P.O. Box 12060, Austin, Texas 78711-2060
   512-463-5650

The Texas Secretary of State has information regarding the implementation of SB 1, including guidance on the implementation of this statute.

3. Plaintiffs in this action and the consolidated actions
   Contact information unknown

Plaintiffs have information concerning their membership, activities, and alleged injuries from SB 1.

B.   **Description of Documents (Rule 26(a)(1)(ii))**

1. SB 1, adopted by the 87th legislature.
2. The legislative history of SB 1, some of which can be found at: https://legiscan.com/TX/bill/SB1/2021/X2.
3. Election Advisory No. 2021-09-2021, Legislative Summary—87th Legislature.

Additionally, in his capacity as Medina County Elections Administrator, Defendant Torres has custody and control of various Medina County election and voting/voter records. Defendant Torres is uncertain at this time whether all or a portion of such records would indeed be relevant to the claims asserted by Plaintiffs in this lawsuit, and therefore discoverable. In any event, Defendant understands and believes that Plaintiffs would be seeking records, documents, information and materials only during relevant time periods. These records might also include guidance materials provided to the Medina County Elections Department by the Texas Secretary of State and internal policies, procedures, and documents relative to voter registration, election, and residency issues.

Defendant Torres reserves the right to supplement his list of potential exhibits. Defendant Torres also reserves the right to seek to protect private and confidential information. Defendant Torres further reserves the right to call any witnesses or expert witnesses identified by Plaintiffs through disclosures or in discovery.

C.   **Computation of Damages Claimed by Disclosing Party (Rule 26(a)(1)(iii))**

The County Elections Administrator does not now seek damages; however, it will seek its costs and expenses incurred in defending this civil action. Those costs are unknown at this time. Attorneys' fees will be computed based on comparable hourly rates under the lodestar method as it may be adjusted based on the factors enumerated by *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Expenses will be passed through without adjustment.

**D.** **Insurance Agreements Triggered by a Judgment (Rule 26(a)(1)(iv))**

None identified.

        Respectfully submitted,

        */s/Robert Henneke*
        ROBERT HENNEKE
        Texas Bar No. 24046058
        rhenneke@texaspolicy.com
        CHAD ENNIS
        Texas Bar No. 24045834
        cennis@texaspolicy.com
        CHANCE WELDON
        Texas Bar No. 24076767
        cweldon@texaspolicy.com
        TEXAS PUBLIC POLICY FOUNDATION
        901 Congress Avenue
        Austin, Texas 78701
        Telephone:  (512) 472-2700
        Facsimile:  (512) 472-2728

        *Attorneys for Defendant,*
        *Lupe C. Torres*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically on December 1, 2021, with the Clerk of the Court for the U.S. Western District of Texas by using the CM/ECF system, causing electronic service upon all counsel of record.

        */s/Robert Henneke*
        ROBERT HENNEKE