**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>GREGORY W. ABBOTT, *et al.*,<br>    *Defendants*. | Case No. 5:21-cv-844-XR |
| OCA-GREATER HOUSTON, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>JOSE A. ESPARZA, *et al,.*<br>    *Defendants*. | Case No. 1:21-cv-780-XR |
| HOUSTON JUSTICE, *et al.,*<br>    *Plaintiffs*,<br><br>v.<br><br>GREGORY WAYNE ABBOTT, *et al.*,<br>    *Defendants*. | Case No. 5:21-cv-848-XR |
| LULAC TEXAS, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>JOSE ESPARZA, *et al.*,<br>    *Defendants*. | Case No. 1:21-cv-0786-XR |
| MI FAMILIA VOTA, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, *et al.*,<br>    *Defendants*. | Case No. 5:21-cv-0920-XR |

**STATE DEFENDANTS' AMENDED INITIAL DISCLOSURES**

**TO:  The LUPE Plaintiffs**, by and through their attorney of record, Nina Perales, Mexican American Legal Defense and Education Fund, 110 Broadway, Suite 300, San Antonio, TX 78205; **The OCA-Greater Houston Plaintiffs**, by and through their attorney of record, Ryan V. Cox, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, TX 78741; **The Houston Justice Plaintiffs**, by and through their attorney of record, Sarah M. Cummings, Reed Smith LLP, 2850 N. Harwood Street, Suite 1500, Dallas, TX 75201; **The LULAC Plaintiffs**, by and through their attorney of record, John R. Hardin, Perkins Coie LLP, 500 North Akard Street, Suite 3300, Dallas, Texas 75201-3347; **and The Mi Familia Vota Plaintiffs**, by and through their counsel of record, Sean Lyons, Lyons & Lyons, P.C., 237 W. Travis Street, Suite 100, San Antonio, Texas 78205; **The United States**, by and through its attorney of record, Daniel J. Freeman, Civil Rights Division, U.S. Department of Justice, 950 Pennsylvania Ave, NW, Washington, DC 20530.

Texas Governor Greg Abbott, Secretary of State John Scott, and Attorney General Ken Paxton, each in his official capacity, (collectively, "State Defendants") submit these amended disclosures in accordance with Rule 26(a)(1) of the Federal Rule of Civil Procedure and the Court's November 18, 2021, order. The State Defendants make these disclosures subject to pending motions to dismiss and do not concede the viability of any claim against any State Defendant. Nor does any State Defendant waive any protections provided by the attorney work product protection, attorney-client privilege, or any other applicable privilege, protection, doctrine, or immunity. The State Defendants reserve the right to supplement these Initial Disclosures as additional discovery, investigation, and analysis may warrant. The State Defendants likewise do not waive the right to object, on any grounds, to (1) the evidentiary use of the information contained in these Disclosures or (2) discovery requests relating to these Disclosures.

## AMENDED INITIAL DISCLOSURES

**I.     The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support his or her claims or defenses, unless the use would be solely for impeachment.**

   **A.  Primary Individuals (Tier 1)**

The following persons may have discoverable information related to the claims and defenses at issue in these cases, including but not limited to the laws and procedures challenged in

this case, the administration of Texas elections and the deviations from common practice that took place in the November 2020 election.

| Individual | Subjects of information |
|---|---|
| Keith Ingram<br>c/o Patrick K. Sweeten<br>Office of the Attorney General<br>P.O. Box 12548 (MC-076)<br>Austin, Texas 78711-2548<br>(512) 936-1414 | Mr. Ingram is the Director of the Office of the Texas Secretary of State, Elections Division. He also testified before the Legislature during the consideration of S.B. 1. He may have discoverable information on the claims and defenses at issue in these cases. Mr. Ingram may be contacted through the counsel of record for the State Defendants.<br>. |
| Chris Hollins | Mr. Hollins is the former Harris County Clerk. He may have discoverable information on voting practices related to S.B. 1. The State Defendants do not have contact information for Mr. Hollins. |

**B. Secondary Individuals (Tier 2)**

The following persons may have discoverable information related to the allegations set forth in Plaintiffs' live pleading and the defenses at issue in these cases, including but not limited to the legislative passage of S.B. 1, the prevalence of actionable election misconduct in Texas, the administration and enforcement of Texas elections, standing, and any disability-based claim.

| Individual | Subjects of information |
|---|---|
| Senator Bryan Hughes<br>110 N. College Ave., Ste. 207<br>Tyler, Texas 75702 | Sen. Hughes was the primary author of S.B. 1 and the Chair of the Senate State Affairs Committee during the Legislature's consideration of S.B. 1. He may have discoverable information regarding the legislative passage of S.B. 1. |
| Representative Andrew Murr<br>507 Earl Garrett Street<br>Kerrville, Texas 78028 | Rep. Murr sponsored S.B. 1 in the Texas House of Representatives. He may have discoverable information regarding the legislative passage of S.B. 1. |
| Jonathan White<br>c/o Patrick K. Sweeten<br>Office of the Attorney General<br>P.O. Box 12548 (MC-076)<br>Austin, Texas 78711-2548 | Mr. White is the Chief of the Office of the Attorney General of Texas, Elections Integrity Division. He also testified before the Legislature during the consideration of S.B. 1. He may have discoverable |

| Individual | Subjects of information |
|---|---|
| (512) 936-1414 | information on the claims and defenses at issue in these cases. He may have information regarding election-related investigations and prosecutions, to the extent those materials are not privileged. Mr. White may be contacted through the counsel of record for the State Defendants. |
| Isabel Longoria | Ms. Longoria is a plaintiff in one of the consolidated cases and a defendant in three of the consolidated cases, in her official capacity as a county election official. She has knowledge regarding the allegations set forth in Plaintiffs' live pleading. She may be contacted through her counsels of record. |
| James Lewin | Mr. Lewin is a plaintiff in one of the consolidated cases and has knowledge regarding the allegations set forth in Plaintiffs' live pleading. He may be contacted through his counsel of record. |
| Marla López | Ms. López is a plaintiff in one of the consolidated cases and has knowledge regarding the allegations set forth in Plaintiffs' live pleading. She may be contacted through her counsel of record. |
| Marlon López | Mr. López is a plaintiff in one of the consolidated cases and has knowledge regarding the allegations set forth in Plaintiffs' live pleading. He may be contacted through his counsel of record. |
| Paul Rutledge | Mr. Rutledge is a plaintiff in one of the consolidated cases and has knowledge regarding the allegations set forth in Plaintiffs' live pleading. He may be contacted through his counsel of record. |
| Lupe C. Torres | Mr. Torres, in his official capacity as a county election official, is a defendant in one of the consolidated cases and may have knowledge regarding the allegations |

| Individual | Subjects of information |
|---|---|
|  | set forth in Plaintiffs' live pleading. He may be contacted through his counsel of record. |
| Jacque Callanen | Ms. Callanen, in her official capacity as a county election official, is a defendant in two of the consolidated cases and may have knowledge regarding the allegations set forth in Plaintiffs' live pleading. She may be contacted through her counsel of record. |
| Dana DeBeauvoir | Ms. DeBeauvior, in her official capacity as a county election official, is a defendant in two of the consolidated cases and may have knowledge regarding the allegations set forth in Plaintiffs' live pleading. She may be contacted through her counsel of record. |
| Lisa Wise | Ms. Wise, in her official capacity as a county election official, is a defendant in one of the consolidated cases and may have knowledge regarding the allegations set forth in Plaintiffs' live pleading. She may be contacted through her counsel of record. |
| Michael Scarpello | Mr. Scarpello, in his official capacity as a county election official, is a defendant in one of the consolidated cases and may have knowledge regarding the allegations set forth in Plaintiffs' live pleading. He may be contacted through his counsel of record. |
| Yvonne Ramón | Ms. Ramón, in her official capacity as a county election official, is a defendant in one of the consolidated cases and may have knowledge regarding the allegations set forth in Plaintiffs' live pleading. She may be contacted through her counsel of record. |

In addition, the Entity Plaintiffs in this case have knowledge regarding the allegations set forth in Plaintiffs' live pleading. The State therefore incorporates by reference those individuals identified by the Entity Plaintiffs in their Rule 26(a)(1) Initial Disclosures and Amended Initial Disclosures as having information related to the Entity Plaintiffs' mission, history, operations, membership, programs and activities, finances and expenses, and purported injuries, along with any individual identified as a corporate representative of the Entity Plaintiffs through the course of this litigation.

### C. Tertiary Individuals (Tier 3)

Individuals within the following categories of persons may have discoverable information related to the claims and defenses at issue in these cases.

1. The State Representatives and Senators who authored, co-authored, sponsored, or co-sponsored S.B. 1 or the three predecessor bills may have discoverable information on the legislative process related to the passage of S.B. 1. Their contact information is a matter of public record and is available at https://txdirectory.com and in the State Defendants' previous filings. *See* ECF 112.

2. The State Representatives and Senators who were members of the Senate State Affairs Committee, the House Elections Committee, or the House Select Committee on Constitutional Rights and Remedies during the consideration of S.B. 1 and the three predecessor bills listed above may have discoverable information on the legislative process related to the passage of S.B. 1 and, specifically, on hearings conducted on those bills. Their contact information is a matter of public record and is available at https://txdirectory.com and in the State Defendants' previous filings. *See* ECF 112.

3. Witnesses who testified for, against, or on S.B. 1 may have discoverable information that relates to the claims and defenses at issue in this litigation, particularly as pertains to the reasons that members of the public supported or opposed to the legislation. Lists of the witnesses who testified during the consideration of S.B. 1 were previously disclosed by the State Defendants and can be found in the case docket. *See* ECF 116–17. The State Defendants do not have the contact information for these persons at this time.

4. All unidentified members, supporters, clients, and constituents of the Entity Plaintiffs, as well as all the unidentified members of the Entity Plaintiffs' leadership may have discoverable information that relates to the claims and defenses at issue in this litigation, particularly as it pertains to standing and any disability-based claim. These individuals may be contacted through the Entity Plaintiffs' counsel of record.

5. To the extent that any of the Individual Plaintiffs or any of the members of Entity Plaintiffs have qualifying disabilities under the ADA or the Rehabilitation Act or require assistance voting by reason of blindness or

       disability under Section 208 of the VRA, those persons' physicians have discoverable information on their patients' disability or blindness and their treatment history. The State Defendants do not have contact information for these persons at this time.

6. To the extent that any of the Individual Plaintiffs or any of the members of Entity Plaintiffs require assistance voting because he or she is unable to read or write, those persons have discoverable information regarding educational records, and education history. The State Defendants do not have contact information for these persons at this time.

7. There may be discoverable information related to the claims and defenses at issue in these cases in the possession of unnamed local election officials throughout the State of Texas, including but not limited to county clerks, county tax assessor-collectors, county election administrators, county commissioners, county judges, the county chairs of political parties, city secretaries, any person acting as the early voting clerk, members of early voting ballot boards, members of signature-verification committees, presiding judges, alternate presiding judges, election clerks, poll watchers, and district attorneys. The State Defendants do not have contact information for these persons at this time.

8. The State Defendants incorporate by reference any individual or entity, not previously named or mentioned herein, identified by the other Parties to this consolidated action in their Rule 26(a)(1) Initial Disclosures and Amended Initial Disclosures.

II. **A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in his or her possession, custody, or control and may use to support his or her claims or defenses, unless the use would be solely for impeachment.**

    A. **Legislative History Compilations**

The State Defendants previously produced and filed with the court a compilation of legislative-history materials for S.B. 1 (2d Special Session), S.B. 1 (1st Special Session), S.B. 7 (Regular Session), and H.B. 6 (Regular Session). All of these documents can be accessed through the case docket. *See* ECF 116–17. They are also made publicly available by Texas Legislature at https://capitol.texas.gov/Home.aspx. The State Defendants specifically reserve the right to amend or supplement these disclosures as they identify additional documents, testimony, and legislation that relate to the passage of S.B. 1.

    B. **Bill Analyses**

Bill analyses of S.B.1 and its predecessor bills including analyses of their impact on state operations. Documents relating to these assessments may be found in the possession, custody, and control of the State Defendants. The State Defendants reserve claims of privilege and protections

provided by the attorney work-product protection; attorney-client privilege; or any other applicable privilege, protection, doctrine, or immunity related to these materials.

### C. Election Complaints

Election complaints may be submitted to the Secretary of State. If, after receiving a complaint alleging criminal conduct in connection with an election, SOS determines that there is reasonable cause to suspect that the alleged criminal conduct occurred, SOS shall refer the complaint to the Attorney General for further investigation and possible prosecution. Documents relating to these complaints may be found in the possession, custody, and control of the Secretary of State or Office of the Attorney General. The State Defendants reserve claims of privilege and any protections provided by the attorney work-product protection; attorney-client privilege; or any other applicable privilege, protection, doctrine, or immunity related to these materials.

### D. Revised Forms

The Office of the Secretary of State has created or revised election-related forms, and it is preparing other updated forms and related documents in accordance with S.B. 1. Copies of these forms may be found with the Secretary of State. The State Defendants reserve claims of privilege and any protections provided by the attorney work-product protection; attorney-client privilege; or any other applicable privilege, protection, doctrine, or immunity related to these materials.

### E. Advisory Materials

The Office of the Secretary of State has issued election advisories and other guidance materials, and given presentations, to election officials that summarized the election-related legislation enacted in 2021. Documents relating to these materials may be found with the Secretary of State. The State Defendants reserve claims of privilege and any protections provided by the attorney work-product protection; attorney-client privilege; or any other applicable privilege, protection, doctrine, or immunity related to these materials.

**III.    A computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material (unless privileged or protected from disclosure) on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Not applicable.

**IV.    For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

| | |
|---|---|
| Date: December 1, 2021 | Respectfully submitted. |

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
patrick.sweeten@oag.texas.gov
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
will.thompson@oag.texas.gov
Tex. State Bar No. 24088531

ERIC A. HUDSON
Senior Special Counsel
eric.hudson@oag.texas.gov
Tex. Bar No. 24059977

KATHLEEN T. HUNKER
Special Counsel
kathleen.hunker@oag.texas.gov
Tex. State Bar No. 24118415
*Application for Admission Pending*

LEIF A. OLSON
Special Counsel
leif.olson@oag.texas.gov
Tex. State Bar No. 24032801

JEFFREY M. WHITE
Special Counsel
jeff.white@oag.texas.gov
Tex. State Bar No. 24064380

JACK B. DISORBO
Assistant Attorney General
jack.disorbo@oag.texas.gov
Tex. State Bar No. No. 24120804

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was emailed to all counsel of record on December 1, 2021, and that counsel consented to be served by email.

*Patrick K. Sweeten*
PATRICK K. SWEETEN
