# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY W. ABBOTT, *et al.*,<br><br>Defendants. | Civil Action No. 5:21-cv-844 (XR)<br>(Consolidated Cases) |

## STIPULATED ORDER REGARDING THE DISCLOSURE OF PRIVILEGED INFORMATION

Pursuant to the Federal Rules of Evidence 502(d)-(e) and the stipulated agreement of the Parties, this Parties' motion (ECF No. 142) to enter this Stipulated Order Regarding the Disclosure of Privileged Information (Stipulation) made by and between counsel for all Private Plaintiffs, counsel for the United States, and counsel for all Defendants (*collectively the* "Parties")[1] is hereby **GRANTED**. Accordingly, it is hereby **ORDERED**:

---

[1] Counsel for Private Plaintiffs includes counsel for La Union Del Pueblo Entero; Friendship-West Baptist Church; The Anti-Defamation League Austin, Southwest, and Texoma; Southwest Voter Registration Education Project; Texas Impact; Mexican American Bar Association of Texas; Texas Hispanics Organized for Political Education; JOLT Action; William C. Velasquez Institute; James Lewin; Fiel Houston, Inc.; Mi Familia Vota; Marla Lopez; Marlon Lopez; Paul Rutledge; Houston Justice; Houston Area Urban League; Delta Sigma Theta Sorority Inc.; The Arc of Texas; Jeffrey Lamar Clemmons; LULAC Texas; Vote Latino; Texas Alliance for Retired Americans; Texas AFT; OCA-Greater Houston; League of Women Voters of Texas; REVUP-Texas; Texas Organizing Project; and Workers Defense Action Fund. Counsel for Defendants includes counsel for Gregory Abbott, John B. Scott , Warren K. Paxton, Lupe C. Torres, Lisa Wise, Isabel Longoria, Jacque Callanen, Yvonne Ramon, Michael Scarpello, and Dana DeBeauvoir.

I.   **APPLICABILITY**

This Order shall be applicable to all communications, documents, tangible things, and electronically stored information ("ESI") (collectively, "Material" or "Materials") produced, made available for inspection, or otherwise disclosed by any of the parties to this litigation. This Order applies to the Parties; their counsel; and their agents, assignees, and contractors, including expert witnesses and litigation consultants.

II.   **PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION**

   A.   The disclosure of any privileged Material, or Material otherwise protected or exempted from disclosure, shall not operate as a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, work product protection, or governmental privileges, if:

   1.   The disclosure is inadvertent and made in connection with this litigation; and

   2.   The holder of the privilege or protection took reasonable precautions to prevent disclosure and took reasonably prompt measures to rectify the error.

   B.   Any party receiving Material that it believes may have been inadvertently produced that includes privileged or protected information shall promptly notify the producing party. Within fourteen (14) days after such notification, the producing party may request in writing that such materials be returned or destroyed. Upon such written request—except in the event that the party or parties receiving the request dispute the claim of privilege or protection—any materials that the producing party deems to contain inadvertently disclosed materials shall be promptly returned to the producing party or destroyed at the producing party's

option. All copies—electronic or otherwise—shall likewise be destroyed, and the parties agree that no further copies of the inadvertently disclosed Material will be made.

**C.** If the producing party does not request the return or destruction of material within fourteen (14) days after receiving notice under Paragraph II(B) that it produced potentially privileged material, the producing party waives any claim of privilege or protection as to the material.

**D.** If inadvertently produced privileged or protected material is contained within an item that contains otherwise discoverable Material, the parties recognize that the party receiving the request may not be able to return or destroy only the portion of the item containing privileged or protected Material. In the event that the party receiving the request is not able to reasonably separate the privileged or protected material for destruction or return, the party receiving the request shall destroy or return the privileged or protected information along with the discoverable portions of the Material, and the producing party shall provide the requesting party with a replacement copy of the Material that is not privileged or protected, and is otherwise discoverable, within fourteen (14) days of sending the notification of inadvertent disclosure.

**E.** A producing party that discovers or otherwise becomes aware without receiving notice from another party under Paragraph II(B) that it has inadvertently produced privileged or protected Material must notify the receiving party or parties promptly in writing within fourteen (14) days after it becomes aware of such inadvertent production, that such Material has been produced. Upon receiving written notice from the producing party that privileged or protected material has been produced—and except in the event that the receiving party disputes the claim of

privilege or protection—the receiving party shall return or destroy all such Material under the terms and timelines of Paragraphs II(B)-(D).

F. In the event that a receiving party disputes the producing party's assertions of privilege or protection with respect to the disclosed Material, such material shall be sequestered and retained by and under the control of the receiving party for the purpose of seeking determination of the issue from the Court. If the Court determines that privilege or protection has been waived or that the Material at issue is not subject to any applicable privilege or protection, the receiving party may use the material for any purposes otherwise permitted by rule or law. If the Court determines that the inadvertently disclosed Material is subject to an applicable privilege or protection, the receiving party must return or destroy the Material at issue, as provided in Paragraphs II(B)-(E).

G. On receipt of a notice under Paragraph II(B) or II(E), any analyses, memoranda, or notes which were generated by the receiving party based upon such produced Material shall not be used, shall be placed in sealed envelopes or otherwise sequestered in relevant part, and shall be destroyed if (a) the receiving party does not contest that the Material is privileged or (b) the Court rules that the Material is privileged. Such analyses, memoranda or notes may be removed from the sealed envelopes and returned to its intended purpose only if (a) the producing party agrees in writing that the Material is not privileged or (b) the Court rules that the Material is not privileged.

H. The inadvertent production of privileged or protected Material is not a waiver of the privilege or protection from discovery in this case or in any other proceeding, except as expressly provided in II.C.

It is so **ORDERED**.

SIGNED this 8th day of December, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE