**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LA UNION DEL PUEBLE ENTERO, et al.,**§ | | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **5:21-CV-0844-XR** |
| | § | **(Consolidated Cases)** |
| **GREGORY ABBOTT, et al.** | § | |
| *Defendants*. | § | |

**DEFENDANT DANA DEBEAUVOIR'S ORIGINAL ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT FILED BY PLAINTIFFS OCA-
GREATER HOUSTON, LEAGUE OF WOMEN VOTERS OF TEXAS,
REVUP-TEXAS, TEXAS ORGANIZING PROJECT, AND WORKERS DEFENSE
ACTION FUND [ECF NO.  137]**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Dana DeBeauvoir, in her official capacity as the Travis County Clerk ("Defendant DeBeauvoir"), by and through her attorney, the Travis County Attorney, and pursuant to this Court's November 18, 2021 Scheduling Order (ECF No. 125) and timely files her Original Answer to Plaintiffs OCA-Greater Houston, League of Women Voters of Texas, REVUP-Texas, Texas Organizing Project, and Workers Defense Action Funds First Amended Complaint for Declaratory and Injunctive Relief  in *La Union Del Pueblo Entero, et al. v. Gregory Abbott, et al*., 5:21-CV-0844-XR  (Consolidated Cases). In support thereof, Defendant DeBeauvoir respectfully offers the following:

**DENIAL UNDER F.R.C.P. 8(b)**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant DeBeauvoir denies each allegation contained in Plaintiffs' First Amended Complaint except those expressly admitted herein. Defendant DeBeauvoir generally admits that the provisions of S.B. 1 (as enacted) will place significant practical burdens on Defendant's internal procedures as County Clerk for Travis

County, but denies that any of Defendant DeBeauvoir's actions have violated any state or federal laws or rights secured under the United States Constitution. Defendant DeBeauvoir had no role in the enactment of S.B. 1. Defendant DeBeauvoir does not intend to defend the constitutionality of S.B. 1's provisions.

The following specific admissions and denials are made to the corresponding paragraphs of Plaintiffs' First Amended Complaint:

## RESPONSES TO ALLEGATIONS IN PLAINTIFFS' COMPLAINT

### I.
### INTRODUCTION

1.       Plaintiffs' allegations in Paragraphs 1-6 state legal conclusions and factual characterizations for which no response is required.    In addition, Plaintiffs' allegations in Paragraphs 1-6 are not specifically directed toward Defendant DeBeauvoir or Travis County, but in an abundance of caution, Defendant DeBeauvoir denies any allegations that could pertain to her.

### II.
### JURISDICTION AND VENUE

2.       Defendant DeBeauvoir admits that under certain circumstances "a civil and constitutional rights action [may be maintained] arising under 42 U.S.C. § 1983, the First and Fourteenth Amendment to the United States Constitution, Title II of the ADA, Section 504 of the Rehabilitation Act , the Civil Rights Act of 1964, and the Voting Rights Act of 1965."   Defendant DeBeauvoir further admits that under certain circumstances, "[t]his Court [could have] jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1343 and 52 U.S.C. § 10101(d)." Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

3.     Defendant DeBeauvoir admits that venue is proper in this Court under 28 U.S.C. § 1391.

## III.
## PARTIES

### A.  Plaintiffs

4.     Defendant DeBeauvoir is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraphs 9. – 13 of the Complaint.  To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 9-13 address the actions of the Texas Legislature, and do not address actions of Defendant DeBeauvoir or Travis County, no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### OCA-Greater Houston

5.     Defendant DeBeauvoir admits that the OCA-Greater Houston ("OCA-GH") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 14. – 18.  To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 14-18 address the actions of the Texas Legislature, and do not address actions of Defendant DeBeauvoir or Travis County, no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

## League of Women Voters of Texas

6.      Defendant DeBeauvoir admits that the League of Women Voters of Texas ("LWVTX") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 19 – 22.  To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 19-22 address the actions of the Texas Legislature, and do not address actions of Defendant DeBeauvoir or Travis County, no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

## REVUP Texas

7.      Defendant DeBeauvoir admits that REVUP-Texas ("REVUP") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 23 – 27.  To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 23-27 address the actions of the Texas Legislature, and do not address actions of Defendant DeBeauvoir or Travis County, no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

## Texas Organizing Project

8.      Defendant DeBeauvoir admits that Texas Organizing Project ("TOP") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is

without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 28 – 31. To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 28-31 address the actions of the Texas Legislature, and do not address actions of Defendant DeBeauvoir or Travis County, no response is required. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### Workers Defense Action Fund

9.      Defendant DeBeauvoir admits Workers Defense Action Fund ("WDAF") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 32 – 34. To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 32-34 address the actions of the Texas Legislature, and do not address actions of Defendant DeBeauvoir or Travis County, no response is required. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### B. Defendants

10.      Defendant DeBeauvoir admits that Defendant John Scott is the current "acting" Texas Secretary of State ("SOS") and is sued in his official capacity. Defendant De Beauvoir further admits that the "SOS is the Chief Election Officer of the State of Texas", pursuant to Tex. Elec. Code § 31.001(a). Defendant DeBeauvoir further admits the Travis County Clerk's Office's Election Division receives guidance issued by the SOS on various elections procedures. Defendant

DeBeauvoir is without sufficient information to admit or deny whether "[t]he SOS routinely issues guidance to the county registrars of all 254 Texas counties on various elections procedures.

11.     The allegations in Paragraphs 36-39 state legal conclusions and argument to which no response is required.  Further, in that the allegations in Paragraphs 36-39 address the actions of the SOS, and do not address actions of Defendant DeBeauvoir or Travis County, no response is required.

12.     Defendant DeBeauvoir admits that Defendant Ken Paxton is the Texas Attorney General ("AG") and is sued in his official capacity. The remainder of the allegations in Paragraphs 40-44 state legal conclusions and argument to which no response is required.  Further, in that the allegations in Paragraphs 40-44 address the actions of the AG, and do not address actions of Defendant DeBeauvoir or Travis County, no response is required.

13.     Defendant DeBeauvoir admits that Defendant Harris County Elections Administrator Isabel Longoria ("Harris County") is sued in her official capacity. The remainder of the allegations in Paragraph 45 state legal conclusions and argument to which no response is required.

14.     Defendant DeBeauvoir admits that she is sued in her official capacity Travis County Clerk.  The remainder of the allegations in Paragraph 46 state legal conclusions and argument to which no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

15.     Upon information and belief, Defendant DeBeauvoir admits that Travis County, Texas is a Texas County, and further admits the Travis County Clerk administers elections in Travis County.  The remainder of the allegations in Paragraph 47 state legal conclusions and

argument to which no response is required. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

16.     Defendant DeBeauvoir admits that Travis County, Texas is a political subdivision of the state of Texas. The remainder of the allegations in Paragraph 48 state legal conclusions and argument to which no response is required. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

## IV.
## FACTUAL BACKGROUND

17.     The allegations in Paragraphs 49-50 state legal conclusions and argument to which no response is required. Further, the allegations in Paragraphs 49-50 address the actions of the Texas Legislature, and do not address actions of Defendant DeBeauvoir or Travis County. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### A.  Texas's Long History of Voter Suppression

18.     The allegations in Paragraphs 51 state legal conclusions and argument to which no response is required. Further, the allegations in Paragraph 51 address the actions of the state of Texas, and do not address actions of Defendant DeBeauvoir or Travis County. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

#### 1.  Intentional Discrimination

19.     The allegations in Paragraphs 52-58 state legal conclusions and argument to which no response is required. Further, the allegations in Paragraphs 52-58 address alleged intentional

discrimination by the state of Texas, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### 2.   Violations of the Voting Rights Act

20.     The allegations in Paragraphs 59 -63 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 59 -63 address alleged violations of the Voting Rights Act by the state of Texas, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### 3.   Continued Voter Suppression under Texas Law

21.     The allegations in Paragraphs 64-69 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 64-69 address alleged continuing voter suppression under Texas state law, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### B.   Demographic Changes in Texas

22.     The allegations in Paragraphs 70-75 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 70-75 address alleged statewide demographic changes in Texas, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that

her actions have violated any state or federal laws or rights secured under the United States Constitution.

### C.  Increased Turnout and Local Innovation in the 2020 General Election

23.     Upon information and belief, Defendant DeBeauvoir admits, with respect to Travis County, the 2020 General Election saw increased turnout. Defendant DeBeauvoir is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 76 on a statewide basis, or as to other county defendants.

24.     The allegations in Paragraph 77 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraph 77 address "expansion of access to the polls in certain counties, like Harris County" and therefore do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### D.  Texas's 2021 Legislative Sessions and Passage of SB 1

25.     The allegations in Paragraphs 78-90 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 78-90 address the actions of the Texas Legislature with respect to the passage of SB 1, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### V.
### ILLEGAL PROVISIONS OF SB 1 AND PLAINTIFFS' CLAIMS FOR RELIEF

26.     The allegations in Paragraph 91 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraph 91 do not address actions of Defendant

DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### A.  SB 1 Imposes Illegally Restrictive New ID Requirements on Mail-in Ballot Voters

27.     Defendant DeBeauvoir admits Paragraph 92 accurately cites to the stated provisions of the Texas Election Code. The remainder of allegations in Paragraph 92 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraph 92 do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

28.     The allegations in Paragraphs 93-118 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 93-118 do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**COUNT 1**
**52 U.S.C. § 10101; 42 U.S.C. § 1983**
**Violation of Section 1971 of the Civil Rights Act of 1964**
**(All Plaintiffs against Defendants SOS, Harris County, and Travis County)**

29.     Based on information and belief, Defendant DeBeauvoir admits Paragraph 119 accurately quotes the stated provisions of Section 1971 of the Civil Right Act of 1964, 52 U.S.C. § 10101(a)(2).  To the extent the allegations in Paragraph 119 require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

30.     The allegations in Paragraphs 120-123 state legal conclusions and argument to which no response is required.  Further, to the extent the allegations in Paragraphs 120-123 do not address specific actions of Defendant DeBeauvoir or Travis County, no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs.

**COUNT 2**
**Violation of Title II of the Americans with Disabilities Act**
**(All Plaintiffs against Defendants SOS, Harris County, and Travis County)**

31.     Based on information and belief, Defendant DeBeauvoir admits Paragraphs 124-134 accurately quote the stated provisions of the statutory provisions cited.  See 42 U.S.C. § 12132; 28 C.F.R. § 35.130(a); 28 C.F.R. § 35.130(b)(1)(i)-(iv), (vii); 28 C.F.R. § 35.130(b)(7)(i); 28 C.F.R. § 35.134(b); 28 C.F.R. § 35.130(b)(8); and 28 C.F.R. § 35.130(b)(3).  The remainder of the allegations in Paragraphs 124-134 state legal conclusions and argument to which no response is required.  Further, to the extent the allegations in Paragraphs 124-134 do not address specific actions of Defendant DeBeauvoir or Travis County, no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs.

**COUNT 3**
**Violation of Section 504 of the Rehabilitation Act of 1973 29 U.S.C. § 794 et seq.**
**(All Plaintiffs against Defendants SOS, Harris County, and Travis County)**

32.     Based on information and belief, Defendant DeBeauvoir admits Paragraphs 135-137 accurately quote the stated provisions of the statutory provisions cited.  See, Section 504 of

the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); 29 U.S.C. § 794(b)(1); and   28 C.F.R. § 42.503(b)(1)(i).  The remainder of the allegations in Paragraphs 135-137 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 135-137 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

33.     The allegations in Paragraphs 138-142 state legal conclusions and argument to which no response is required.  Further, to the extent the allegations in Paragraphs 138-142 do not address specific actions of Defendant DeBeauvoir or Travis County, no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs.

**B.  SB 1 Places Drastic, Illegal Restrictions on the Right to Assistance while Voting.**

34.     The allegations in Paragraph 143 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraph 143 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

35.     Based on information and belief, Defendant DeBeauvoir admits Paragraphs 144-145 accurately quote the amendments to Section 64.034 of the Election Code.

36.     Based on information and belief, Defendant DeBeauvoir admits SB 1's amendments to Section 64.034 of the Election Code added a penalty of perjury provision as stated

in Paragraphs 146-147.  The remainder of the allegations in Paragraphs 146-147 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 146-147 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

37.     Based on information and belief, Defendant DeBeauvoir admits Paragraph 148 accurately quotes the statutory provisions of 42 U.S.C. § 12102(1), (2); 45 C.F.R. § 1232.3(h). The allegations in Paragraph 148 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

38.     The allegations in Paragraphs 149-156 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 149-156 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**Section 6.06**

39.     The allegations in Paragraphs 157-160 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 157-160 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**Sections 6.03 and 6.06's Effects on Plaintiffs**

40.     The allegations in Paragraphs 161-170 state legal conclusions and argument to which no response is required.  Further, with exception of certain information contained in Paragraph 166,  the allegations in Paragraphs 161-170 do not address specific actions of Defendant DeBeauvoir or Travis County.  With respect to the allegations contained in Paragraph 166, Defendant DeBeauvoir admits that Travis County Election Records reflect Amy Litzinger is a registered voter and a resident of Austin, Texas.  Ms. Litzinger has claimed disability status on ballot-by-mail applications in 2020 elections, and voted in person in the November 2021 General Election.  The remaining allegations contained in Paragraph 166 are legal conclusions and argument to which no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**COUNT 4**
**Violation of Section 208 of Voting Rights Act**
**(All Plaintiffs against all Defendants)**

41.     Based on information and belief, Defendant DeBeauvoir admits Paragraphs 171-172 accurately quote the cited provisions of Section 208 of the Voting Rights Act.   The remainder of the allegations in Paragraphs 171-172 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 171-172 do not address specific actions of Defendant DeBeauvoir or Travis County.   To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

42.     The allegations in Paragraphs 173-175 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 173-175 do not address

specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

43.     Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs as alleged in Paragraph 176.

## COUNT 5
### Violation of Title II of the Americans with Disabilities Act
### (All Plaintiffs against Defendants SOS, Harris County, and Travis County)

44.     The allegations in Paragraphs 177-181 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 177-181 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

45.     Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs as alleged in Paragraph 182.

## COUNT 6
### Violation of Section 504 of the Rehabilitation Act of 1973 29 U.S.C. § 794 et seq.
### (All Plaintiffs against Defendants SOS, Harris County, and Travis County)

46.     The allegations in Paragraphs 183-189 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 183-189 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal

laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs as alleged in Paragraph 189.

**"C.      SB 1 violates Plaintiffs' First Amendment rights."**

47.      51.      The allegations in Paragraphs 190-208 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 190-208 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs.

**COUNT 7**
**Violation of the Plaintiffs' First Amendment Rights Pursuant to 42 U.S.C. § 1983**
**(Plaintiffs OCA-GH, LWVTX, TOP & WDAF against Defendant Attorney General Ken**
**Paxton, in his official capacity)**

48.      Count 7, Paragraphs 209-220 fails to assert any claims against Defendant DeBeauvoir, and therefore requires no response.  To the extent further response is required, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs as alleged in Paragraph 220.

**COUNT 8**
**Violation of Plaintiffs' Fourteenth Am. Due Process Rights Pursuant to 42 U.S.C. § 1983**
**(Plaintiffs OCA-GH, LWVTX, TOP, & WDAF against Defendant Attorney General Ken**
**Paxton, in his official capacity)**

49.      Count 8, Paragraphs 221-234 fails to assert any claims against Defendant DeBeauvoir, and therefore requires no response.  To the extent further response is required, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights

secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs as alleged in Paragraph 234.

## PRAYER FOR RELIEF

50.     Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs as alleged in their Prayer for Relief, Sections (1.)-(5.).

## AFFIRMATIVE DEFENSES

51.     Defendant DeBeauvoir asserts that sovereign immunity, qualified immunity, and/or equity and justice bar Plaintiff's recovery of attorneys' fees from Defendant DeBeauvoir in their lawsuit. Defendant DeBeauvoir had no role in enacting S.B. 1, and does not intend to defend the constitutionality of the statute.

## RIGHT TO RAISE ADDITIONAL DEFENSES

52.     Defendant DeBeauvoir reserves the right to raise affirmative and other defenses that may become apparent throughout the factual development of the case.

## JURY DEMAND

53.     Defendant DeBeauvoir hereby demands a trial by jury on all issues so triable. Fed. R. Civ. P. 38(b); Fed. R. Civ. P. 81(c)(3)(b).

## CONCLUSION AND PRAYER

Defendant DeBeauvoir denies that Plaintiffs are entitled to any of the relief requested or any relief whatsoever from Defendant DeBeauvoir as alleged in the paragraph below the heading entitled "Prayer for Relief" of the Plaintiffs' First Amended Complaint.

Defendant DeBeauvoir respectfully requests that all relief requested by Plaintiffs be denied, that she recovers her attorneys' fees and costs, and that she be awarded any additional relief to which she may be entitled in law or in equity.

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:     (512) 854-9513
Facsimile:     (512) 854-4808

By:     */s/ Anthony J. Nelson*
SHERINE E. THOMAS
State Bar No. 00794734
sherine.thomas@traviscountytx.gov
LESLIE W. DIPPEL
State Bar No. 00796472
leslie.dippel@traviscountytx.gov
ANTHONY J. NELSON
State Bar No. 14885800
Tony.Nelson@traviscountytx.gov
PATRICK T. POPE
State Bar No. 24079151
Patrick.Pope@traviscountytx.gov
**ATTORNEYS FOR DEFENDANT DANA DEBEAUVOIR, IN HER OFFICIAL CAPACITY AS TRAVIS COUNTY CLERK**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this motion was served through the Court's CM/ECF Document Filing System upon each attorney of record and the original upon the Clerk of Court on this the 15th day of December 2021.

<u>/s/ Anthony J. Nelson</u>
ANTHONY J. NELSON
PATRICK T. POPE
Assistant County Attorneys
