**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LA UNION DEL PUEBLO ENTERO, et al.,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **5:21-CV-0844-XR** |
| | § | **(Consolidated Cases)** |
| **GREGORY ABBOTT, et al.** | § | |
| *Defendants*. | § | |

**DEFENDANT DANA DEBEAUVOIR'S ANSWER**
**TO PLAINTIFFS' LULAC TEXAS, VOTO LATINO, TEXAS ALLIANCE FOR**
**RETIRED AMERNICANS AND TEXAS AFT'S FIRST AMENDED COMPLAINT FOR**
**DECLARATORY AND INJUNCTIVE RELIEF [ECF NO. 136]**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Dana DeBeauvoir, in her official capacity as the Travis County

Clerk ("Defendant DeBeauvoir"), by and through her attorney, the Travis County Attorney, and

pursuant to this Court's November 18, 2021 Scheduling Order (ECF No. 125) and timely files her

Answer to Plaintiffs LULAC Texas, Voto Latino, Texas Alliance for Retired Americans and Texas

AFT's First Amended Complaint for Declaratory and Injunctive Relief [ECF No. 136] in *La Union*

*Del Pueblo Entero, et al. v. Gregory Abbott, et al,* 5:21-C-00844-XR, (Consolidated Cases). In

support thereof, Defendant DeBeauvoir respectfully offers the following:

**DENIAL UNDER F.R.C.P. 8(b)**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant DeBeauvoir denies each

allegation contained in Plaintiffs' First Amended Complaint except those expressly admitted

herein. Defendant DeBeauvoir generally admits that the provisions of S.B. 1 (as enacted) will place

significant practical burdens on Defendant's internal procedures as County Clerk for Travis

County, but denies that any of Defendant DeBeauvoir's actions have violated any state or federal

laws or rights secured under the United States Constitution. Defendant DeBeauvoir had no role in the enactment of S.B. 1. Defendant DeBeauvoir does not intend to defend the constitutionality of S.B. 1's provisions.

The following specific admissions and denials are made to the corresponding paragraphs of Plaintiffs' First Amended Complaint:

## RESPONSES TO ALLEGATIONS IN PLAINTIFFS' FIRST AMENDED COMPLAINT

### NATURE OF CASE

1.      Plaintiffs' allegations and characterization of facts in Paragraph 1 are not specifically directed toward Defendant DeBeauvoir, but in an abundance of caution, Defendant DeBeauvoir denies any allegations that could pertain to her.

2.      Defendant DeBeauvoir admits that in 2020 Texans encountered unprecedented challenges while attempting to vote in the midst of [the COVID-19] global health crisis.  The remainder of Plaintiffs' allegations and characterization of facts in Paragraph 2 are not specifically directed toward Defendant DeBeauvoir, but in an abundance of caution, Defendant DeBeauvoir denies any allegations that could pertain to her.

3.      Defendant DeBeauvoir admits that during the 2020 general election Texas voters in many locations across the state encountered "hours-long lines to vote" or encountered state mandated "election administration procedures that changed even as the 2020 general election was ongoing." Defendant DeBeauvoir further admits that "historic numbers of voters [voted], with the State's highest voter turnout in nearly 30 years."  Defendant DeBeauvoir further admits that she worked diligently to ensure that Travis County voters had meaningful opportunities to exercise their right to vote. The remainder of Plaintiffs' allegations and characterization of facts in Paragraph 3 are not specifically directed toward Defendant DeBeauvoir, but in an abundance of

caution, Defendant DeBeauvoir denies any allegations that could pertain to her with respect to alleged violation of voter's rights.

4.      Plaintiffs' allegations and characterization of facts in Paragraph 4 are not specifically directed toward Defendant DeBeauvoir, but in an abundance of caution, Defendant DeBeauvoir denies any allegations that could pertain to her with respect to alleged violation of voter's rights.

5.      Plaintiffs' allegations in Paragraph 5 are not specifically directed toward Defendant DeBeauvoir.  Defendant DeBeauvoir denies any allegations that could pertain to her with respect to alleged violation of voter's rights.

6.      Defendant DeBeauvoir has insufficient information to admit or deny the allegations and characterization of facts in Paragraph 6 of the First Amended Complaint.

7.      The allegations in Paragraph 7 state legal conclusions and factual characterizations for which no response is required.

8.      Defendant DeBeauvoir admits that Senate Bill 7 ("SB 7") failed before the conclusion of the regular legislative session. The remaining allegations in Paragraph 8 state legal conclusions to which no response is required.

9.      Plaintiffs' allegations in Paragraph 9 are not specifically directed toward Defendant DeBeauvoir.  Defendant DeBeauvoir denies any allegations that could pertain to her with respect to alleged violation of voter's rights. Further, to the extent the allegations in Paragraph 9 state legal conclusions, no response is required.

10.     Defendant DeBeauvoir admits that "during a second special session, . . . the Legislature ultimately enacted SB 1".   . . . See generally SB 1, 87th Leg., 2d Called Sess. (Tex. 2021). The remainder of the allegations in Paragraph 10 state legal conclusions to which no

response is required.

11.     The allegations in Paragraphs 11-13 state legal conclusions to which no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**JURISDICTION AND VENUE**

12.     Defendant DeBeauvoir admits that under certain circumstances an action may be maintained "under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation, under color of state law, of rights secured by the U.S. Constitution and the Voting Rights Act, 52 U.S.C. § 10301 et seq." Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

13.     Defendant DeBeauvoir admits that under certain circumstances "[t]his Court has original jurisdiction over the subject matter of [ ] action[s brought] under 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and laws of the United States and involve the assertion of a deprivation, under color of state law, of a right under the U.S. Constitution and an Act of Congress providing for equal rights of citizens or of all persons within the United States." To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

14.     Defendant DeBeauvoir admits she is sued in her official capacity as the Travis County Clerk. The remainder of this allegation states a legal conclusion to which no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies

that her actions have violated any state or federal laws or rights secured under the United States Constitution.

15.     Defendant DeBeauvoir admits venue is proper under 28 U.S.C. § 1391(b). To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

16.     Defendant DeBeauvoir admits that under certain circumstances "[t]his Court has the authority to enter declaratory judgment and provide injunctive relief under Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. §§ 2201 and 2202." Plaintiffs' allegations in Paragraph 18 contain arguments and characterizations of law to which no response is required. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution for which declaratory or injunctive relief should issue.

**PARTIES**

17.     Defendant DeBeauvoir admits, based on information and belief, that the Texas State LULAC is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 19-20.

18.     Defendant DeBeauvoir admits, based on information and belief, that Vote Latino is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 21-22.

19.     Defendant DeBeauvoir admits, based on information and belief, that Plaintiff Texas Alliance for Retired Americans (the "Alliance") is a named plaintiff, purporting to sue Defendants

on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 23-24.

20.     Defendant DeBeauvoir admits, based on information and belief, that Plaintiff Texas AFT is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 25.

21.     Defendant DeBeauvoir admits, based on information and belief, that "Defendant John Scott is sued in his official capacity as the Texas Deputy Secretary of State and acting Texas Secretary of State (the "Secretary")". Defendant DeBeauvoir further generally admits the Texas Election Code provisions cited and/or quoted in Paragraph 26 are correctly quoted.  The remaining allegations are legal conclusions that do not require a response.

22.     Defendant DeBeauvoir admits, based on information and belief, that "Defendant Ken Paxton is sued in his official capacity as the Texas Attorney General (the "Attorney General")".  Defendant DeBeauvoir is without sufficient information to admit or deny whether "the Attorney General's office is currently investigating and prosecuting hundreds of purported election law violations."  The remaining allegations in Paragraph 27 are quotations of statutory provisions and/or legal conclusions that do not require a response.

23.     Defendant DeBeauvoir admits, based on information and belief, that Defendant Jacquelyn Callanen is sued in her official capacity as the Bexar County Elections Administrator, but is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 28.

24.     Defendant DeBeauvoir admits that she is sued in her official capacity as the Travis County Clerk.  The remaining allegations are legal conclusions that do not require a response. To

the extent that further response is required, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

25.     Defendant DeBeauvoir admits that Isabel Longoria is sued in her official capacity as the Harris County Elections Administrator, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 30.

26.     Defendant DeBeauvoir admits that admits that Yvonne Ramon is sued in her official capacity as the Hidalgo County Elections Administrator but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 31.

27.     Defendant DeBeauvoir admits that Michael Scarpello is sued in his official capacity as the Dallas County Elections Administrator, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 32.

28.     Defendant DeBeauvoir admits that Lisa Wise is sued in her official capacity as the El Paso County Elections Administrator, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 33.

## STATEMENT OF FACTS AND LAW

### I.    Voter Turnout in Recent Texas Elections

29.     The allegations in Paragraph 34 state legal conclusions to which no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

30.     With respect to Travis County, Defendant DeBeauvoir admits the most recent midterm and presidential elections were made even more challenging "by the unique and unprecedented challenges of the COVID-19 pandemic". Based upon information and belief,

Defendant DeBeauvoir further generally admits these elections "saw the State's highest voter turnout in decades." The remaining allegations state legal conclusions to which no response is required.

31.     Based upon information and belief, Defendant DeBeauvoir generally admits the factual allegations stated regarding U.S. Census Bureau estimates set forth in Paragraph 36, but cannot admit or deny the remaining legal conclusions set forth in Paragraph 36, to which no response is required.

### A.     The 2018 Election

32.     Due to insufficient knowledge, Defendant DeBeauvoir can neither admit nor deny factual allegations set forth in Paragraphs 37-40, regarding the 2018 electoral results. The remaining allegations state legal conclusions to which no response is required.

### B.     The 2020 Election

33.     Based upon information and belief, with respect to Travis County, Defendant DeBeauvoir generally admits the factual allegations set forth in Paragraphs 41-45, but cannot admit or deny as to specific statewide or non- Travis County numerical figures provided due to lack of knowledge or information sufficient to form a belief about the truth of the allegations. Defendant DeBeauvoir cannot admit or deny as to the legal conclusions set forth regarding the 2020 electoral results.

### 1.     Early Voting in the 2020 Election

34.     Defendant DeBeauvoir admits Travis County voter turnout increased in the 2020 General Election, but cannot admit or deny the remaining allegations set forth in Paragraphs 46-48.

35.     The factual allegations set forth in Paragraphs 49-53 address "Harris County's efforts to ensure access to the ballot box for voters" and therefore Defendant DeBeauvoir cannot admit or deny regarding these allegations due to lack of knowledge or information sufficient to form a belief about the truth of the allegations.  The remaining allegations regarding the success of Harris County's efforts are legal conclusions and/or do not address the alleged actions of Defendant DeBeauvoir and Travis County, and therefore require no further response.

### 2.     Absentee Voting in the 2020 Election

36.     Based upon information and belief, with respect to Travis County, Defendant DeBeauvoir generally admits an increase in mail-in ballots in the 2020 election, but cannot admit or deny the remaining allegations in Paragraphs 54-59 due to lack of knowledge or information sufficient to form a belief about the truth of the allegations, particularly with respect to numerical voter information provided regarding Harris County and Dallas County.  Defendant DeBeauvoir cannot admit or deny as to the remaining legal conclusions set forth in Paragraphs 54-59.

### 3.     Texas Officials' Efforts to Disenfranchise Voters During the 2020 Election

37.     Based upon information and belief, with respect to Travis County, Defendant DeBeauvoir cannot admit or deny the allegations set forth in Paragraphs 60-61 as to specific statewide or non- Travis County numerical figures provided due to lack of knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraphs 60-61.

38.     The allegations in Paragraph 62 state legal conclusions, and therefore require no response.

39.     Based on information and belief, Defendant DeBeauvoir generally admits the factual allegations set forth in Paragraph 63 regarding Governor Abbott's proclamation that limited

the use of absentee ballot drop boxes to just one drop box location per county, but cannot admit or deny the allegations as to specific numerical figures provided due to lack of knowledge or information sufficient to form a belief about the truth of the allegations.  The remaining allegations in Paragraph 63 are legal conclusions that do not require a response.

40.     Based upon information and belief, Defendant DeBeauvoir generally admits the factual allegations set forth in Paragraph 64 that Governor Abbott's proclamation limited the use of absentee ballot drop boxes to just one drop box location per county, including Harris County, but cannot admit or deny the allegations as to specific numerical figures provided due to lack of knowledge or information sufficient to form a belief about the truth of the allegations.  The remaining allegations in Paragraph 64 are legal conclusions that do not require a response.

41.     Based on information and belief, Defendant DeBeauvoir generally admits the factual allegations regarding election related lawsuits being filed as regarding ballot locations set forth in Paragraphs 65-68, but cannot admit or deny as to the legal conclusions asserted regarding such lawsuits and their impact due to lack of knowledge or information sufficient to form a belief about the truth of the allegations.  The remaining allegations in Paragraphs 65-68 are legal conclusions that do not require a response.

42.     The allegations in Paragraphs 69-75 state legal conclusions, and therefore require no response.

### 4.     Texas Officials' Efforts to Disenfranchise Voters in Other States

43.     The allegations in Paragraphs 76 -77 state legal conclusions, and therefore require no response.

44. Defendant DeBeauvoir generally admits there were litigation challenges to the 2020 presidential general election results as referenced in Paragraphs 78-86, but cannot admit or deny

as to the legal conclusions asserted regarding such litigation challenges and their impact due to lack of knowledge or information sufficient to form a belief about the truth of the allegations. The remaining allegations in Paragraphs 78-86 are legal conclusions that do not require a response.

## II.      Senate Bill 7

45.      The allegations in Paragraphs 87-129 of the First Amended Complaint pertaining to SB 7, its legislative history, actions taken by members of the Texas Legislature, and litigation challenging same state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir and therefore require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

## III.     Senate Bill 1

### A.      Legislative History

46.      The allegations in Paragraphs 130-152 of the First Amended Complaint pertaining to SB 1, its legislative history, actions taken by members of the Texas Legislature, and litigation challenging same state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir and therefore require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

47.      Defendant DeBeauvoir admits the allegation set forth in Paragraph No. 153 that "Governor Abbott signed SB 1 into law on September 7, 2021."

### B.      The Suppressive Provisions

48.      Defendant DeBeauvoir generally admits, as alleged in Paragraph 154 that "SB 1 impacts almost every method of casting a ballot in Texas, including both absentee and in-person

voting." To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### 1.      Absentee Voting

49.      The allegations in Paragraph 155 state legal conclusions, and therefore require no response.

50.      Defendant DeBeauvoir generally admits the factual allegations concerning SB 1's amendments to the Texas Election Codes provisions pertaining to voting by mail set forth in Paragraphs 156- 158 are accurately cited.[1] To the extent these allegation state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir and Travis County, such allegations require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

51.      The allegations set forth in Paragraphs 159- 160 state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir and Travis County, and therefore require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### 2.      In-Person Voting

52.      Defendant DeBeauvoir generally admits the factual allegation in Paragraph 161 that SB 1 also impacts in-person voters, especially those in large, diverse counties.

---

[1] See, Paragraph 156, citing SB 1 § 7.04 (adding Tex. Elec. Code §§ 276.016–276.017, 276.019); Paragraph 157, citing SB 1 § 5.01–5.03, 5.07–5.08 (amending Tex. Elec. Code §§ 84.001(b), 84.002(a), and 84.011(a) and adding Tex. Elec. Code §§ 84.002(b-1), 86.001(f)–(f-2), and 86.002(g)–(i)); Paragraph 158, citing SB 1 § 4.12 (amending Tex. Elec. Code § 86.006(a) and adding Tex. Elec. Code § 86.006(a-2))

53.     The allegations in Paragraphs 162-164 cite to statutory provisions, state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir.  Therefore, such allegations require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

54.     Defendant DeBeauvoir generally admits the factual allegation in Paragraph 165 that SB 1 also impacts the ability to obtain assistance while voting in person.

55.     Defendant DeBeauvoir generally admits the factual allegations in Paragraphs 166-168 regarding providing voter assistance to in person voters under the former provisions of the Texas Election Code, and the amendments thereto under SB 1.   To the extent these allegations state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir, such allegations require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

56.     The allegations set forth in Paragraph 169 state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir, and therefore require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

57.     Defendant DeBeauvoir generally admits the factual allegations in Paragraph 170 that there are criminal prohibitions imposed by SB 1.   To the extent these allegations state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir, such allegations require no response. To the extent said allegations require further response, Defendant DeBeauvoir

denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### 3.    Early Voting

58.    The allegations in Paragraph 171 regarding SB 1's limitations on early voting hours state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir, such allegations require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

59.    Defendant DeBeauvoir generally admits the factual allegations in Paragraph 172-173 regarding limitations on early voting hours imposed by SB 1.   To the extent these allegations state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir, such allegations require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

60.    The allegation set forth in Paragraph 174 state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir, and therefore require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

61.    The allegations in Paragraph 175-178 regarding limitations on early voting hours imposed by SB 1 state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir, such allegations require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

4.      **Partisan Watchers**

62.      Defendant DeBeauvoir generally admits the factual allegations in Paragraph 179 that SB 1 gives powers to partisan poll watchers in polling places. To the extent these allegations further state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir, such allegations require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

63.      The factual allegations in Paragraphs 180 -182 are recitations of SB 1 provisions regarding partisan poll watchers. To the extent these allegations further state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir, such allegations require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

64.      The allegations set forth in Paragraphs 183-189 state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir, and therefore require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

C.      **State Interests**

65.      The allegations in Paragraph 190 regarding SB 1's "Suppressive Provisions" state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir, such allegations require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

66.     The allegations set forth in Paragraphs 191-199 state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir, and therefore require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**IV. Texas's History of Suppressing Black and Latino Political Participation**

67.     The factual allegations in Paragraphs 200-209 contain legal citation, state legal conclusions, and/or do not address the alleged actions of Defendant DeBeauvoir, such allegations require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**V.     Current Suppression of Black and Latino Political Participation**

68.     Defendant DeBeauvoir generally admits that voter suppression and voter confusion continues to be a concern.   To the extent the allegations set forth in Paragraphs 210 -242 further state legal conclusions, legal argument, and/or do not address the alleged actions of Defendant DeBeauvoir, such allegations require no further response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**CLAIMS FOR RELIEF**

**COUNT I**

**52 U.S.C. § 10301(a)**
**Violation of Section 2 of the Voting Rights Act**
**Against All Defendants**

69.     In response to Paragraph 243, Defendant DeBeauvoir incorporates by reference all of her former responses.

70.     The allegations in Paragraph 244 state legal conclusions, and therefore require no response.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

71.     The allegations in Paragraph 245 state legal conclusions, and therefore require no response.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

72.     The allegations in paragraph 246 state legal conclusions, and therefore require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

73.     The allegations in Paragraph 247 state legal conclusions, and therefore require no response.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

74.     Defendant DeBeauvoir is without sufficient information to admit or deny the allegations set forth in Paragraph 248 regarding the impact of SB 1 on Plaintiffs' members and constituents, and how such impact will affect Plaintiffs' utilization of their respective resources. Further, the allegations in Paragraph 248 state legal conclusions, and therefore require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

75.     The allegations in Paragraph 249 state legal conclusions, and therefore require no response.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

## COUNT II

**U.S. Const. Amends. I, XIV; 42 U.S.C. § 1983**
**Undue Burden on the Right to Vote**
**Against Defendants Callanen, DeBeauvoir, Longoria, Ramón, Scarpello, and Wise**

76.     In response to Paragraph 251, Defendant DeBeauvoir incorporates by reference all of her former responses.

77.     The allegations in paragraph 252 state legal conclusions, and therefore require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

78.     The allegations in paragraph 253 state legal conclusions, and therefore require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

79.     The allegations in paragraph 354 state legal conclusions, and therefore require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

80.     Defendant DeBeauvoir generally admits that in Count II Plaintiffs challenge provisions of SB 1 set forth in Paragraph 255 (a)–(c). Defendant DeBeauvoir denies that she is

responsible for the enactment of the challenged provisions of SB 1, and further denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

81.     The allegations in paragraph 256 – 266 state legal conclusions, and therefore require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

## COUNT III

### U.S. Const. Amends. I, XIV; 42 U.S.C. § 1983
### Restriction on Free Speech and Expression
### Against Defendants Paxton, Callanen, DeBeauvoir, Longoria, Ramón, Scarpello, and Wise

82.     In response to Paragraph 267, Defendant DeBeauvoir incorporates by reference all of her former responses.

83.     The allegations in Paragraphs 268-280 state legal conclusions, and therefore require no response. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

## COUNT IV

### 52 U.S.C. § 10508
### Violation of Section 208 of the Voting Rights Act
### Against All Defendants

84.     In response to Paragraph 281, Defendant DeBeauvoir incorporates by reference all of her former responses.

85.     The allegations in Paragraphs 282-288 state legal conclusions, and therefore require no response.  To the extent said allegations require further response, Defendant DeBeauvoir denies

that her actions have violated any state or federal laws or rights secured under the United States Constitution.

## PLAINTIFFS' PRAYER FOR RELIEF

86.     Defendant DeBeauvoir denies that Plaintiffs are entitled to any of the relief requested or any relief whatsoever from Defendant DeBeauvoir as alleged in the "Prayer for Relief" (a.) – (j.), inclusive of the Plaintiffs' First Amended Complaint.

## AFFIRMATIVE DEFENSES

87.     Defendant DeBeauvoir asserts that sovereign immunity, qualified immunity, and/or equity and justice bar Plaintiff's recovery of attorneys' fees from Defendant DeBeauvoir in their lawsuit. Defendant DeBeauvoir had no role in enacting S.B. 1, and does not intend to defend the constitutionality of the statute.

## RIGHT TO RAISE ADDITIONAL DEFENSES

88.     Defendant DeBeauvoir reserves the right to raise affirmative and other defenses that may become apparent throughout the factual development of the case.

## JURY DEMAND

89.     Defendant DeBeauvoir hereby demands a trial by jury on all issues so triable. Fed. R. Civ. P. 38(b); Fed. R. Civ. P. 81(c)(3)(b).

## CONCLUSION AND PRAYER

Defendant DeBeauvoir respectfully requests that all relief requested by Plaintiffs be denied, that she recover her attorneys' fees and costs, and that he be awarded any additional relief to which he may be entitled in law or in equity.

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:     (512) 854-9513
Facsimile:      (512) 854-4808

By:      */s/ Anthony J. Nelson*
SHERINE E. THOMAS
State Bar No. 00794734
sherine.thomas@traviscountytx.gov
LESLIE W. DIPPEL
State Bar No. 00796472
leslie.dippel@traviscountytx.gov
ANTHONY J. NELSON
State Bar No. 14885800
Tony.Nelson@traviscountytx.gov
PATRICK T. POPE
State Bar No. 24079151
Patrick.Pope@traviscountytx.gov

**ATTORNEYS FOR DEFENDANT DANA
DEBEAUVOIR, IN HER OFFICIAL
CAPACITY AS TRAVIS COUNTY CLERK**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion was served through the Court's CM/ECF Document Filing System upon each attorney of record and the original upon the Clerk of Court on this the 15th day of December, 2021.

/s/ Anthony J. Nelson
ANTHONY J. NELSON
PATRICK T. POPE
Assistant County Attorneys