IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO: |
| | § | 5:21-CV-0844-XR |
| GREGORY W. ABBOTT, et al., | § § | |
| Defendants. | § § | |

**ORIGINAL ANSWER OF DEFENDANT MICHAEL SCARPELLO TO PLAINTIFFS LA UNIÓN DEL PUEBLO ENTERO, FRIENDSHIPWEST BAPTIST CHURCH, THE ANTI-DEFAMATION LEAGUE AUSTIN, SOUTHWEST, AND TEXOMA REGIONS, SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT, TEXAS IMPACT, MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS, TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION, JOLT ACTION, WILLIAM C. VELASQUEZ INSTITUTE, FIEL HOUSTON INC., and JAMES LEWIN'S AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Michael Scarpello ("Defendant Scarpello"), in his official capacity, and for his Original Answer to Plaintiffs La Unión Del Pueblo Entero, Friendshipwest Baptist Church, The Anti-Defamation League Austin, Southwest, And Texoma Regions, Southwest Voter Registration Education Project, Texas Impact, Mexican American Bar Association Of Texas, Texas Hispanics Organized For Political Education, Jolt Action, William C. Velasquez Institute, Fiel Houston Inc., and James Lewin's Amended Complaint ("Complaint") (Doc. 140), which now adds him to their pleadings, and admits, denies, and alleges as follows:

**I.
RESPONSIVE PLEADINGS**

## INTRODUCTION

1.      Defendant Scarpello admits that the Texas Secretary of State office said that the 2020 general election in Texas was "smooth and secure," the 2020 General Election took place during a global pandemic, election officials and voters had to deal with obstacles due to the pandemic, and the Texas electorate is changing. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 1, therefore the allegations are denied.

2.      Paragraph 2 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themselves. As to the remaining allegations, Defendant Scarpello admits that the Texas Legislature enacted SB 1, SB 1 limits early voting hours, SB 1 promulgates new rules granting certain authority to poll watchers and rules regarding providing assistance to a voter, SB 1 criminalizes certain conduct, voters with disabilities and limited English proficiency may need assistance voting, and SB 1 restricts drive thru voting, the use of movable structures, and 24-hour voting.   Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

3.      Paragraph 3 of Plaintiffs' Complaint contains legal conclusions and argument to which no responsive pleading is required and references to quotes or statements from politicians that speak for themselves. To the extent any response is required, Defendant admits that Gregory W. Abbott is the governor of the State of Texas and has called for voting reform legislation. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 3, therefore the allegations are denied.

4.      Paragraph 4 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello admits that Texas has a racially diverse electorate, the Texas electorate is changing demographically, minority turn out in the 2020 general election was high, and some Texas legislatures have alleged there are threats to election integrity. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

5.      Paragraph 4 contains legal conclusions and arguments to which no response is required and references to SB 1, which speaks for itself. To the extent the allegations in Paragraph 5 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 has certain rules regarding obtaining assistance while voting in person and promulgates new rules granting certain authority to poll watchers.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

6.      Paragraph 6 contains factual allegations and legal conclusions to which a responsive pleading is not required. To the extent the allegations in Paragraph 6 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations, therefore the allegations are denied.

## II. JURISDICTION AND VENUE

7.      Paragraph 7 contains statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello admits that Plaintiff brings this action under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4); however, Defendant Scarpello denies that the Court has jurisdiction over all the claims against him since some of the Plaintiffs lack standing.

8. Defendant Scarpello admits that venue is proper and Defendant Scarpello resides in Texas. Defendant Scarpello, however, denies that he performs his official duties in this district.

## III. PARTIES

9. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 9, therefore the allegations are denied.

10. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 10, therefore the allegations are denied.

11. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 11, therefore the allegations are denied.

12. Defendant Scarpello admits that Plaintiff Anti-Defamation League Austin, Southwest, and Texoma Regions ("ADL") is involved in protection of civil rights, including against discrimination, racism, extremism, and antisemitism and to fight hatred. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 12, therefore the allegations are denied.

13. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 13, therefore the allegations are denied.

14. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 14, therefore the allegations are denied.

15. Defendant Scarpello admits that the Mexican American Bar Association of Texas ("MABA-TX") is a membership organization of Latino lawyers in Texas. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 15, therefore the allegations are denied.

16.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 16, therefore the allegations are denied.

17.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 17, therefore the allegations are denied.

18.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 18, therefore the allegations are denied.

19.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 19, therefore the allegations are denied.

20.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 20, therefore the allegations are denied.

**B.  Defendants**

21.    Defendant Scarpello admits Paragraph 21.

22.    Paragraph 22 contains references to statutory authority that speaks for itself. As to the remainder of the allegations, Defendant Scarpello admits that John B. Scott is the current Texas Secretary of State and the Election Code indicates that the Texas Secretary of State provide direction and guidance.

23.    Paragraph 23 contains legal arguments to which no response is required and references to pleadings that speak for themself. As to the remaining allegations, Defendant Scarpello admits that Defendant Scott is a licensed attorney who was involved in suits concerning the certification of the 2020 election results. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

24.    Paragraph 24 contains references to the Election Code, which speaks for itself.

25.    Paragraph 25 contains references to the Election Code, which speaks for itself.

26.     Paragraph 26 contains references to the Election Code and legal arguments regarding the Texas Election Code, which speaks for itself. To the extent any response is required, Defendant Scarpello admits that the Secretary of State office may be involved in identifying certain violations of the Election Code.

27.     Paragraph 27 contains references to the Election Code, which speaks for itself.

28.     Paragraph 28 contains references to the Election Code, which speaks for itself. To the extent any response is required, Defendant Scarpello admits that the Secretary of State prescribes the form to be completed by certain persons providing assistance to voters.

29.     Paragraph 29 contains references to the Election Code, which speaks for itself.

30.     Paragraph 30 contains references to the Election Code, which speaks for itself.

31.     Paragraph 31 contains references to the Election Code and legal arguments regarding the Texas Election Code, which speaks for itself. To the extent any response is required, Defendant Scarpello admits that the Secretary of State has an active role in enforcing the provisions of the Election Code, some of which carry criminal penalties.

32.     Paragraph 32 contains references to the Election Code, which speaks for itself.

33.     Paragraph 33 contains references to the Secretary of State website, which speaks for itself

34.     Paragraph 34 contains references to SB 1, which speaks for itself. As to the remaining allegations, Defendant admits a "Poll Watchers Guide" is available on the SOS website. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

35.     Paragraph 35 contains references to SB 1/Election Code, which speaks for itself.

36.    Paragraph 36 is ambiguous as to "chief law enforcement officer."   Defendant Scarpello admits Warren K. Paxton is the attorney general of Texas. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

37.    Paragraph 37 contains references to case law, which speaks for itself, and is ambiguous as to "chief law enforcement officer."  Defendant Scarpello admits Warren K. Paxton is the attorney general of Texas. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

38.    Paragraph 38 contains references to the Attorney General website, which speaks for itself.

39.    Paragraph 39 contains legal conclusions and legal arguments to which no response is required. As to the remaining allegations, Defendant Scarpello admits that Defendant Paxton has filed suit to enforce provisions of the Election Code, including restricting certain actions of a local election official concerning mail ballot applications.   Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

40.    Paragraph 40 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello admits that Defendant Paxton announced the formation of a Texas Election Integrity Unit and has stated that the prosecution of election related offenses is one of his priorities.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

41.    Defendant Scarpello admits paragraph 41.

*ORIGINAL ANSWER OF DEFENDANT MICHAEL SCARPELLO*                    **PAGE 7**

42.     Paragraph 42 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond.

43.     Paragraph 43 contains references to the Election Code. To the extent any response is required, Defendant Scarpello admits that local election officials are involved in administering local elections in Texas pursuant to, inter alia, federal and state law, including the Texas Election Code and Texas Administrative Code rules and forms promulgated by the Secretary of State; and, local election officials review ballot applications, mail carrier and ballot envelopes to voters, receive and process marked ballots, and count the results. Paragraph 43 is vague as to "local election officials;" thus, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 43 as to verifying voter signatures.

44.     Paragraph 44 contains references to the Election Code, which speaks for itself. To the extent any response is required, Defendant Scarpello admits.

45.     Paragraph 45 contains references to the Election Code, which speaks for itself. To the extent any response is required, Defendant Scarpello admits.

46.     Paragraph 46 contains references to the Election Code, which speaks for itself, and is vague as to "enforcing a number of SB1's challenged provisions." As to the remainder of the allegations, Defendant Scarpello admits that he is responsible for implementing and enforcing certain challenged provisions of SB 1 in Dallas County. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 46, therefore the allegations are denied.

47.     All of Paragraph 47 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond to such sections. As to the remainder of the allegations, Defendant Scarpello admits that he is responsible for enforcing certain challenged provisions of SB 1 in

Dallas County. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 47, therefore the allegations are denied.

## IV. FACT BACKGROUND

**A.   Texas law has long restricted Latino and Black citizens' right to vote.**

48.      Paragraph 48 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello admits that Texas has a history of discrimination against Latino and Blacks in the voting and electoral processes. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

49.      Defendant Scarpello admits that Texas gained statehood in 1845. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

50.      Paragraph 50 contains arguments to which no response is required. As to the remaining allegations, Defendant Scarpello admits that Latinos and Blacks were disenfranchised at certain points in Texas history, Texas had a poll tax which was intended to disenfranchise blacks, and poll tax was found unconstitutional by the Supreme Court. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

51.      Paragraph 51 contains arguments to which no response is required and references to prior statutes and a newspaper article that speak for themself. To the extent that the allegations in Paragraph 51 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that at a certain point in Texas history it discriminated against Black and Latino voters by using poll taxes and an all white primary system which disenfranchised voters of color.

*ORIGINAL ANSWER OF DEFENDANT MICHAEL SCARPELLO*                         **PAGE 9**

Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

52.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 52, therefore the allegations are denied.

53.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 53, therefore the allegations are denied.

54.     Paragraph 54 contains references to case law that speaks for itself. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

55.     Paragraph 55 contains legal conclusions and arguments to which no response is required and references to case law that speaks for itself. To the extent that the allegations in Paragraph 55 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that Texas has adopted voting measures such as photo voter identification that court(s) have held had a discriminatory effect on Latinos or Blacks. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

56.     Paragraph 56 contains arguments to which no response is required. As to the remainder of the allegations, Defendant Scarpello admits that in 2019 former Secretary of State David Whitley issued an advisory decision to county registrars about a list of 95,000 noncitizens who were unlawfully registered to vote and that needed to be purged. Defendant Scarpello further admits that the list had errors, including failing to account for noncitizens who had since become naturalized and were registered to vote. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

**B.      Before SB 1, Texas was already among the states that made it hard to vote.**

57.      Defendant Scarpello admits that Texas voting procedures are some of the most onerous that he has seen. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 57, therefore the allegations are denied.

58.      Paragraph 58 contains arguments to which no response is required and is vague as to "some special showing." As to the remainder of the Allegations, Defendant Scarpello admits that many states have less restrictive voting by mail laws and that voting by mail in Texas is for individuals who (a) are 65 or older; (b) are sick or disabled; (c) will be out of the county during the entire election period (early voting and election day); or (d) are confined to jail but otherwise eligible to vote.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

59.      Paragraph 59 contains references to statistical data that speaks for itself. As to the remainder, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 59, therefore the allegations are denied.

**C.    The 2020 General Election tested Texas voters in the unprecedented ways – and Texans passed with flying colors.**

60.      Paragraph 60 contains references to statistical data that speaks for itself. As to the remainder, Defendant Scarpello admits that the 2018 midterm elections saw highest voter turnout in Dallas County compared to the previous midterms.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations, therefore the allegations are denied.

61.      Paragraph 61 contains references to statistical data that speaks for itself. As to the remainder, Defendant Scarpello admits that in the 2020 general election there was record turnout

in spite of the Covid-19 pandemic which has killed tens of thousands in Texas. Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

62.     Defendant Scarpello admits that election officials and poll works in Dallas County faced unprecedented obstacles and threats to health and safety due to Covid-19, and that some election officials and poll workers suffered threats and harassment from members of the public. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations, therefore the allegations are denied.

63.     Defendant Scarpello admits that in the 2020 general election there was an increased in turnout in Texas, as to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

64.     Paragraph 64 is vague as to "community based civic engagement." Defendant Scarpello admits that some of the increased voter turnout may have been due to efforts by public officials in Texas to make voting more accessible and faith based and civic engagement by some organizations. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 64, therefore the allegations are denied.

65.     Paragraph 65 references a Secretary of State checklist that speaks for itself. To the extent that the allegations in Paragraph 65 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits.

66.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 66, therefore the allegations are denied. Paragraph 66 references a Secretary of State checklist that speaks for itself.

67.     Paragraph 67 references a gubernatorial proclamation that speaks for itself. To the extent that the allegations in Paragraph 67 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits.

68.     Paragraph 68 contains arguments to which no response is required and is vague as to "creative ways." As to the remainder of the Allegations, Defendant Scarpello admits that some election officials extended voting hours and added additional mail ballot drop off locations in the 2020 General Election.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

69.     Defendant Scarpello admits that Harris County had 24-hour voting in certain polling places and some counties encouraged eligible voters to apply for mail ballots and do so early.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 69, therefore the allegations are denied.

70.     Defendant Scarpello admits that Harris County opened drive-thru voting sites in the 2020 General Election. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 70, therefore the allegations are denied.

71.     Defendant Scarpello admits that more Dallas County eligible voters sought mail in ballots for the 2020 General Election more than in previous elections. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 71, therefore the allegations are denied.

72.     Paragraph 72 contains arguments to which no response is required and references to a gubernatorial proclamation that speaks for itself. To the extent that the allegations in Paragraph 72 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that some voters may have sought to vote by mail due to the pandemic to protect their

health, Governor Abbott issues a proclamation that limited mail ballot drop locations to one per county and Paxton filed suit against the Harris County Clerk concerning mail ballot applications. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 72, therefore the allegations are denied.

**D. Following a historically successful election, some Texas politicians made baseless allegations of cheating.**

73.     Paragraph 73 contains arguments to which no response is required and is vague as to "resounding success." As to the remaining allegations in Paragraph 73, Defendant Scarpello admits.

74.     Paragraph 74 contains references to statement of Governor Abbott that speaks for themselves. As to the remainder of the allegations, Defendant Scarpello admits that Governor Abbott stated that election integrity was an important item for the 2021 legislative term. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

75.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 75, therefore the allegations are denied.

76.     Defendant Scarpello admits that he is unaware of any widespread voter fraud. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 76, therefore the allegations are denied.

**E. The Texas Legislature takes up anti-voter legislation.**

77.     Paragraph 77 contains arguments to which no response is required. To the extent a response is required, Defendant Scarpello admits that the Texas Legislature proposed legislation

in the name of election integrity. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

78.     Paragraph 78 contains references to SB 1 and SB 7 that speaks for themself.  As to the remaining allegations, Defendant Scarpello admits that Senator Bryan Hughes introduced SB 7, which did not succeed, and it has some similar provision to SB 1. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

79.     Paragraph 79 contains references to SB 1 that speaks for itself.  As to the remaining allegations, Defendant Scarpello admits that Senator Bryan Hughes introduced SB 1, which passed the senate on a party-line vote following a filibuster.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

80.     Paragraph 80 contains references to SB 1 and legislative bill history that speaks for itself. As to the remaining allegations, Defendant Scarpello admits that SB 1 was heard before the House Select Committee on Constitutional Rights and Remedies and that the Committee passed SB 1. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

81.     Paragraph 81 contains references to SB 1 and legislative bill history that speaks for itself. As to the remaining allegations, Defendant Scarpello admits that SB 1 was debated in the house, which adopted several amendments to SB 1. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

82.     Defendant Scarpello admits that the house passed SB 1. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

83.     Defendant Scarpello admits Paragraph 83.

84.     Defendant Scarpello admits that the house and senate passed SB 1 and SB 1 was sent to the Governor for his signature. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

85.     Paragraph 85 contains references to a public statement of the Governor that speaks for itself. To the extent a response is required, Defendant Scarpello admits that the Legislature passed SB 1 and the Governor has publicly spoken on election integrity. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

86.     Defendant Scarpello admits Paragraph 86.

87.     Admit that SB 1 went into effect on December 2, 2021.

88.     Defendant Scarpello admits that there will be an election on November 8, 2022 in Texas. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

**F. State officials, including the Secretary, commence a "forensic audit" of Texas elections.**

89.     Paragraph 89 contains references to a public statement of the Secretary of State that speaks for themself.  To the extent a response is required, Defendant Scarpello admits.

90.     Paragraph 90 contains references to material on the Secretary of State website that speaks for themself.

91.     Paragraph 91 contains references to material on the Secretary of State website that speaks for themself.

92.     Paragraph 92 contains references to a governor's office bulletin and news article that speak for themself. Defendant Scarpello admits that a new Election Audit Division was formed by the State, tasked with forensic audits. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 92, therefore the allegations are denied.

**G**. **State officials, including the Attorney General, support increased criminal penalties for so-called "illegal voting."**

93.     Paragraph 93 contains references to a letter and press release of the Governor that speaks for themself. To the extent a response is required, Defendant Scarpello admits that the Governor has spoken about increasing penalties for illegal voting. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

94.     Paragraph 94 references a statement of Dan Patrick that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

95.     Paragraph 95 references a tweet by Paxton that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

96.     Paragraph 96 contains reference to SB 10 that speaks for itself. To the extent a response is required, Defendant Scarpello admits that the legislature discussed increasing the

penalty for illegal voting.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

**H. SB 1 imposes burdens that will discourage, intimidate and deter eligible Texas voters, and will disproportionately impact voters of color and voters with disabilities.**

97.     Paragraph 97 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

**1.     SB1 restricts the ability of eligible Texans, including voters who have limited English proficiency, disabilities, and less formal education, to access voter assistance.**

98.     Paragraph 98 references a statement of Representative Bernard that speaks for itself.

99.     Paragraph 99 contains legal conclusions or arguments to which no response is required and makes references with to SB 1 that speak for itself. Defendant Scarpello admits that the limitations on certain assistance to voters in the presence of an official ballot may deter some from assisting a voter due to the statutory provisions and penalties. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

100.     Paragraph 100 contains references to statistical data that speaks for itself. To the extent a response is required, Defendant Scarpello admits that there are US Citizens with limited English proficiency in various Texas counties and there are Latinos and Asian Americans with limited English proficiency in Texas. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations, therefore the allegations are denied.

101.    Paragraph 101 contains references to statistical data that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations, therefore the allegations are denied.

102.    Paragraph 102 contains legal conclusions to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello admits that SB 1 creates new requirements for election officials and voters.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

103.    Paragraph 103 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello admits that SB 1 promulgates new rules regarding providing assistance to a voter, including the oath the assistor must take. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

104.    Paragraph 104 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

105.    Paragraph 105 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

106.     Paragraph 106 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

107.     Paragraph 107 contains legal arguments to which no response is required and references to SB 1 that speaks for itself. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

108.     Paragraph 108 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello admits that the oath requirements may slow down in-person voting where assistance is needed.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

109.     Paragraph 109 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello admits that the criminal penalties may deter some from assisting a voter. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

110.     Paragraph 110 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

111.    Paragraph 111 contains arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

**2. SB 1 opens the door to intimidation and misconduct at the polls by tying the hands of poll workers and election officials**.

112.    Defendant Scarpello admits that it is important for poll workers and election officials to effectively control and (if necessary) remove poll watchers who are unruly or violating the law. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

113.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 113, therefore the allegations are denied.

114.    Paragraph 114 contains arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello admits the loosened restrictions on poll watchers may make the work of poll workers more difficult. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

115.    Paragraph 115 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello admits that SB 1 promulgates new rules governing the acceptance of poll watchers and Section 4.06 criminalizes refusing to accept a poll watcher in certain instances. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

116.     Paragraph 116 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

117.     Paragraph 117 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello admits that the new rules may create situations where a poll worker could cause disruption. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

118.     Paragraph 118 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello admits that the new rules does not set out protections to a poll worker who in good faith places themselves between a voter and a disruptive poll watcher.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

119.     Paragraph 119 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself.

120.     Paragraph 120 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

121.     Paragraph 121 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required,

Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

122.    Paragraph 122 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello admits that SB 1 does not set out objective standards regarding what conduct constitutes "obstruct the view of a watcher." Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

123.    Paragraph 123 contains legal conclusions and arguments to which no response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

124.    Paragraph 124 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendant Scarpello admits that SB 1 may make staffing each polling location more difficult. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

125.    Paragraph 125 contains legal conclusions and arguments to which no response is required, Defendant Scarpello admits that certain new requirements of SB 1 falls on the voter and election workers may run the risk of criminal prosecution based on the new poll watcher provisions. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

### 3. SB 1 prohibits voting procedures that facilitated record voter participation in 2020, despite no evidence that these measures contribute to voter fraud.'

126.    Paragraph 126 contains legal conclusions and arguments to which no response is required and is vague as to "important accommodations."  As to the remainder of the allegations,

Defendant admits that some measures taken by other election departments before SB 1 are not allowed under SB 1. Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

127.    Paragraph 127 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

128.    Paragraph 128 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello admits that Harris County used drive-thru voting in the 2020 General Election. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

129.    Paragraph 129 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello admits Paragraph 129.

130.    Paragraph 130 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

**4. SB1 criminalizes otherwise lawful voter assistance by community-based nonpartisan organizations through vague and overbroad "vote harvesting" prohibitions.**

131.    Paragraph 131 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required,

Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

132.    Paragraph 132 contains references to SB 1 that speaks for itself.

133.    Paragraph 133 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

134.    Paragraph 134 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

135.    Paragraph 135 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

136.    Paragraph 136 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. As to the remaining allegations, Defendant Scarpello admits that without Secretary of State guidance, some provisions of SB 1 are unclear. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

137.    Paragraph 137 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required,

Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

**5.    SB1's signature requirement burdens the rights of voters with disabilities.**

138.    Paragraph 138 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

139.    Paragraph 139 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

**6.    SB1 further burdens state officials and expands investigation of voter registration applicants and registered voters, despite no evidence of widespread voter fraud.**

140.    Defendant Scarpello admits that he is unaware of any widespread voter fraud. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 140, therefore the allegations are denied.

141.    Paragraph 141 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

142.    Paragraph 142 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required

Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

143.    Paragraph 143 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

144.    Paragraph 144 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

145.    Paragraph 145 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

**I.      SB1 Will Harm Plaintiffs.**

146.    Paragraph 146 contains arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

147.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 147, therefore the allegations are denied.

148.    Paragraph 148 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

149.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 149, therefore the allegations are denied.

150.    Paragraph 150 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

151.    Paragraph 151 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

152.    Paragraph 152 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

153.    Paragraph 153 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

154.    Paragraph 154 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

155.    Paragraph 155 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

156.    Paragraph 156 contains arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

157.    Paragraph 157 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

158.    Paragraph 158 contains legal conclusions and arguments to which no response is required and references a provision of the Texas Election Code that speaks for itself. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

159.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 159, therefore the allegations are denied.

160.    Paragraph 160 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

161.    Paragraph 161 contains legal conclusions and arguments to which no response is required and references a provision of the Texas Election Code that speaks for itself. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

162.    Paragraph 162 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello admits that the majority of Friendship-West's congregation is black. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

163.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 163, therefore the allegations are denied.

164.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 164, therefore the allegations are denied.

165.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 165, therefore the allegations are denied.

166.    Paragraph 166 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 166, therefore the allegations are denied.

167.    Paragraph 167 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

168.    Paragraph 168 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

169.    Paragraph 169 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

170.    Paragraph 170 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

171.    Paragraph 171 contains legal conclusions and arguments to which no response is required and reference to a provision in the Texas Election Code that speaks for itself. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

172.     Paragraph 172 contains arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

173.     Paragraph 173 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

174.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

175.     Paragraph 175 contains arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

176.     Paragraph 176 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

177.     Defendant Scarpello is without sufficient information or knowledge to admit or deny allegations, therefore the allegations are denied.

178.     Paragraph 178 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

179.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 179, therefore the allegations are denied.

180.   Paragraph 180 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

181.   Paragraph 181 contains arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

182.   Paragraph 182 contains arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

183.   Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 183, therefore the allegations are denied.

184.   Defendant Scarpello admits Paragraph 184.

185.   Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 185, therefore the allegations are denied.

186.   Paragraph 186 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

187.   Paragraph 187 arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

188.   Paragraph 188 contains legal conclusions to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

189.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 189, therefore the allegations are denied.

190.    Paragraph 190 contains legal conclusions and arguments to which no response is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 190, therefore the allegations are denied.

191.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 191, therefore the allegations are denied.

192.    Paragraph 192 contains arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

193.    Paragraph 193 contains arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

194.    Paragraph 194 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

195.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 195, therefore the allegations are denied.

196.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 196, therefore the allegations are denied.

197.    Paragraph 197 contains arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

198.     Paragraph 198 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

199.     Paragraph 199 contains arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

200.     Paragraph 200 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

201.     Paragraph 201 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

202.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 202, therefore the allegations are denied.

203.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 203, therefore the allegations are denied.

204.     Paragraph 204 contains legal arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

205.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 205, therefore the allegations are denied.

206.     Paragraph 206 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

207.     Paragraph 207 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

208.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 208, therefore the allegations are denied.

209.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 209, therefore the allegations are denied.

210.     Paragraph 210 contains legal arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

211.     Paragraph 211 contains legal arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

212.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 212, therefore the allegations are denied.

213.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 213, therefore the allegations are denied.

214.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 214, therefore the allegations are denied.

215.    Paragraph 215 contains arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

## COUNT I
### Against Defendants Scott, Paxton, Scarpello and Wise
### SB1 violates the First and Fourteenth Amendment of the U.S. Constitution.

216.    With regard to Paragraph 216, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

217.    Paragraph 217 contains statements to which no response is required.

218.    Paragraph 218 contains citations to case law that speaks for itself.

219.    Paragraph 219 contains citations to case law that speaks for itself.

220.    Paragraph 220 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remaining allegations, Defendant Scarpello admits that SB 1 adds new requirements for providing assistance at the polling place, curbside, or in connection with mail in ballots, SB 1 grants certain authority to poll watchers, SB 1 adopts rules on vote harvesting, SB 1 restricts drive thru voting, the use of movable structures, and 24-hour voting, and SB 1 criminalizes certain conduct. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

221.    Paragraph 221 of Plaintiff's Complaint contains legal conclusions and arguments to which no responsive pleading is required and references to SB 1 that speaks for itself. To the extent that the allegations in Paragraph 221 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 creates criminal penalties for violation

of some of its ballot assistance and vote harvesting provisions. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

222.     Paragraph 222 of Plaintiff's Complaint contains legal conclusions and arguments to which no responsive pleading is required references to SB 1 that speaks for itself. To the extent that the allegations in Paragraph 222 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 includes oath requirements and enhanced criminal penalties for violation of some of its voter assistance provisions. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

223.     Paragraph 223 of Plaintiff's Complaint contains legal conclusions and arguments to which no responsive pleading is required and references to SB 1 that speaks for itself. To the extent that the allegations in Paragraph 223 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 criminalizes certain forms of compensated ballot assistance. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

224.     Paragraph 224 of Plaintiff's Complaint contains legal conclusions and arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 224 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that some states allow eligible voters to vote by mail and Texas imposes more restrictions on mail voting than most states in the county. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

225.     Paragraph 225 of Plaintiff's Complaint contains legal conclusions and arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 225 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 includes new rules on filling out mail ballots and applications for mail ballots. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

226.     Paragraph 226 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remaining allegations, Defendant Scarpello admits that it is possible that elections workers may be deterred from taking action against a poll watcher due to the criminal penalties in SB 1. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

227.     Paragraph 227 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remaining allegations, Defendant Scarpello admits that SB 1 places limitations on polling place locations and hours. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

228.     Paragraph 228 of Plaintiff's Complaint contains legal conclusions and arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 228 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

**COUNT II**

**Defendants Scott, Paxton, Scarpello and Wise**
**SB1 Violates the Fourteenth Amendment of The U.S. Constitution**

229.    With regard to Paragraph 229, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

230.    Paragraph 230 contains statements to which no response is required.

231.    Defendant Scarpello admits Paragraph 231.

232.    Defendant Scarpello admits that he administers Dallas County elections pursuant to, inter alia, federal and state law, including the Texas Election Code and Texas Administrative Code rules and forms promulgated by the Secretary of State. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

233.    Paragraph 233 contains references to a Constitutional provision that speaks for itself.

234.    Paragraph 234 contains references to Constitutional provisions and case law that speak for themself.

235.    Paragraph 235 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

236.    Paragraph 236 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required,

Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

237.    Paragraph 237 contains arguments to which no response is required and references to court holdings that speak for themself. Defendant Scarpello admits that Texas has a history of discrimination against Latino and Blacks in the voting and electoral processes. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

238.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 238, therefore the allegations are denied.

239.    Paragraph 239 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 239, therefore the allegations are denied.

240.    Paragraph 240 contains legal conclusions and arguments to which no response is required and. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

241.    Paragraph 241 contains legal conclusions and arguments to which no response is required and. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

242.    Paragraph 242 contains arguments to which no response is required and references to court holdings that speak for themself. Defendant Scarpello admits that SB 1 was enacted and

that Texas has a history of racial discrimination in the voting context. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

### COUNT III
### Against Defendants Scott, Paxton, Scarpello and Wise
### SB1 Violates the Fifteenth Amendment of the U.S. Constitution

243. With regard to Paragraph 243, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

244. Paragraph 244 contains statements to which no response is required.

245. Paragraph 245 contains references to a Constitutional provision that speaks for itself.

246. Paragraph 246 contains references to Constitutional provisions and case law that speak for themself.

247. Paragraph 247 contains references to Constitutional provisions and case law that speak for themself.

248. Paragraph 248 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello admits that SB 1 was enacted by the Texas Legislature. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

249. Paragraph 249 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

250.    Paragraph 259 contains arguments to which no response is required and references to court holdings that speak for themself. Defendant Scarpello admits that Texas has a history of discrimination against Latino and Blacks in the voting and electoral processes. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

251.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 251, therefore the allegations are denied.

252.    Paragraph 252 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 252, therefore the allegations are denied.

253.    Paragraph 253 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

254.    Paragraph 254 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

255.    Paragraph 255 contains arguments to which no response is required and references to court holdings that speak for themself. Defendant Scarpello admits that SB 1 was enacted and that Texas has a history of racial discrimination in the voting context. Defendant Scarpello is

without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

## COUNT IV
### Against All Defendants
### SB1 discriminates against minority voters
### in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, et seq.

256.     With regard to Paragraph 256, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

257.     Paragraph 257 contains statements to which no response is required.

258.     Paragraph 258 contains references to the Voting Rights Act that speaks for itself.

259.     Paragraph 259 contains references to case law that speaks for itself.

260.     Paragraph 260 contains references to case law that speaks for itself.

261.     Paragraph 261 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

262.     Paragraph 262 contains arguments to which no response is required and references to court holdings that speak for themself. Defendant Scarpello admits that Texas has a history of discrimination against Latino and Blacks in the voting and electoral processes. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

263.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 263, therefore the allegations are denied.

264.     Paragraph 263 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 264, therefore the allegations are denied.

265.     Paragraph 265 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

266.     Paragraph 266 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

## COUNT V
### Against All Defendants
**SB1 impedes voters' practical ability to get necessary and statutorily guaranteed assistance in violation of Section 208 of the Voting Rights Act, 52 U.S.C. § 10508.**

267.     With regard to Paragraph 267, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

268.     Paragraph 268 contains statements to which no response is required.

269.     Paragraph 269 contains references to the Voting Rights Act that speaks for itself.

270.     Paragraph 270 contains legal conclusions and arguments and references to statute that speaks for itself.

271.     Paragraph 271 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remaining allegations, Defendant Scarpello admits that Texas election law provides voters who need assistance with the right to receive such assistance and SB 1 places limitations on certain assistance. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

272.     Paragraph 272 contains legal conclusions and arguments to which no response is required and references to case law that speaks for itself. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

## COUNT VI
### Against All Defendants
### SB1 discriminates against voters on the basis of a disability
### in violation of Title II of the Americans with Disability Act, 42 U.S.C. § 12131, et seq.

273.     With regard to Paragraph 273, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

274.     Paragraph 274 contains statements to which no response is required.

275.     Paragraph 275 contains references to the ADA that speaks for itself.

276.     Paragraph 276 contains references to the ADA and other statutes that speaks for themself.

277.     Paragraph 277 contains references to the ADA that speaks for itself.

278.     Paragraph 278 contains references to statute and case law that speaks for themself. To the extent a response is required, Defendant Scarpello admits that certain provisions of the

ADA apply to voting and local governments must comply with certain provision of the ADA so people with disabilities can vote.

279.    Paragraph 279 contains legal conclusions to which no response is required and references to statute that speaks for itself. Paragraph 279 is also vague as to "public entities" in that Defendant Scarpello is not a public entity, a separate jural entity, or the governing body of Dallas County. To the extent a response is required, Defendant Scarpello admits that the State of Texas is a public entity and it must comply with Title II of the ADA and Defendant Scarpello supervises voting operations in Dallas County. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

280.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 280, therefore the allegations are denied.

281.    Paragraph 281 contains legal conclusions and arguments to which no response is required and references to case law that speaks for itself. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

282.    Paragraph 282 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

283.    Paragraph 283 contains legal conclusions and arguments to which no response is required.   To the extent a response is required, Defendant Scarpello is without sufficient

information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

284.    Paragraph 284 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

285.    Paragraph 285 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

286.    Paragraph 286 contains arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

### COUNT VII
**Against Defendants Scott and Paxton**
**Section 7.04 of SB1 is unconstitutionally vague and burdens free speech**
**in violation of the First and Fourteenth Amendments to the U.S. Constitution.**

287.    With regard to Paragraph 287, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

288.    Paragraph 288 contains statements to which no response is required.

289.    Paragraph 289 references the Election Code that speaks for itself and is ambiguous as to "chief law enforcement officer." Defendant Scarpello admits Scott is the chief election

officer. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

290.     Paragraph 290 contains references to case law that speaks for itself.

291.     Paragraph 291 contains references to case law that speaks for itself.

292.     Paragraph 292 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

293.     Paragraph 293 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

294.     Paragraph 294 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

295.     Paragraph 295 contains legal conclusions and arguments to which no response is required and. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

296.     Paragraph 296 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remainder of the allegations,

Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

297.    Paragraph 297 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

298.    Paragraph 298 contains arguments to which no response is required and references to case law that speaks for itself.

299.    Paragraph 299 contains legal conclusions and arguments to which no response is required and references to SB 1 and case law that speak for themself. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

300.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 300, therefore the allegations are denied.

301.    Paragraph 301 contains legal conclusions and arguments to which no response is required and references to SB 1 and statutes that speak for themself. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

302.    Paragraph 302 contains legal conclusions and arguments to which no response is required. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

## COUNT VIII

**Against Defendants Scott and Paxton**

**Section 4.09 of SB1 is unconstitutionally vague**
**in violation of the Fourteenth Amendment to the U.S. Constitution**

303.    With regard to Paragraph 303, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

304.    Paragraph 304 contains statements to which no response is required.

305.    Paragraph 305 is ambiguous as to "chief law enforcement officer."  Defendant Scarpello admits Scott is the chief election officer. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

306.    Paragraph 306 contains legal arguments to which no response is required and references to SB 1 that speaks for itself. To the extent a response is required, Defendant Scarpello admits.

307.    Paragraph 307 contains legal arguments to which no response is required and references to SB 1 that speaks for itself. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

308.    Paragraph 308 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remainder of the allegations, Defendant Scarpello admits that SB 1 does not set out the interactions with a poll watcher that would avoid criminal liability. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

309.     Paragraph 309 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

310.     Paragraph 310 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remainder of the allegations, Defendant Scarpello admits that it is possible that elections workers may refrain from taking action against a poll watcher due to the criminal penalties in SB.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

311.     Paragraph 311 contains legal conclusions and arguments to which no response is required and. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

### COUNT IX
### Against Defendants Scott, Paxton, Scarpello and Wise
### SB1 violates the Supremacy Clause of the U.S. Constitution.

312.     With regard to Paragraph 312, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

313.     Paragraph 313 contains statements to which no response is required.

314.     Paragraph 314 references the Election Code that speaks for itself and is ambiguous as to "chief law enforcement officer."  Defendant Scarpello admits Scott is the chief election

officer. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

315.    Defendant Scarpello admits that he is the local election official in Dallas County tasked with administering elections in Dallas County. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

316.    Paragraph 316 contains legal conclusions and arguments to which no response is required. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

317.    Paragraph 317 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

318.    Paragraph 318 contains legal conclusions and arguments to which no response is required and references statute that speaks for itself.

319.    Paragraph 319 contains legal references to statutory history that speaks for itself.

320.    Paragraph 320 contains legal conclusions and arguments to which no response is required and references SB 1 that speaks for itself. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

321.    Paragraph 321 contains legal conclusions and arguments to which no response is required and references to SB 1 that speaks for itself. As to the remainder of the allegations,

Defendant Scarpello admits that the criminal penalties in SB 1 may deter some from assisting a voter.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

322.    Paragraph 322 contains legal conclusions and arguments to which no response is required and. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

323.    Paragraph 232 contains legal conclusions and arguments to which no response is required. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

**COUNT X**
**Against Defendants Scott, Paxton, Scarpello and Wise**
**SB1 violates the First and Fourteenth Amendments of the U.S. Constitution.**

324.    With regard to Paragraph 324, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

325.    Paragraph 325 contains statements to which no response is required.

326.    Paragraph 326 references the Election Code that speaks for itself and is ambiguous as to "chief law enforcement officer."  Defendant Scarpello admits Scott is the chief election officer. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

327.    Defendant Scarpello admits that he is the local election official in Dallas County tasked with administering elections in Dallas County. Defendant Scarpello is without sufficient

information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

328.     Paragraph 328 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for itself. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

329.     Paragraph 329 contains legal conclusions and arguments to which no response is required. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

330.     Paragraph 330 contains legal conclusions and arguments to which no response is required and references SB 1 that speaks for itself. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

## PRAYER FOR RELIEF

331.     Defendant Scarpello denies the allegations contained in the Prayer section of the Complaint [1-5] to and denies that Plaintiff is entitled to the relief requested, including declaratory or injunctive relief relative to Defendant Scarpello, and denies that Plaintiff may recover any costs, disbursements, and reasonable attorney's fees from Defendant Scarpello.

## DEFENSES AND AFFIRMATIVE DEFENSES

332.     By pleading the following Defenses or Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant,

and Defendant reserves its position that Plaintiffs retain the burden of proof on all matters necessary to prove the claims asserted in the Complaint and to establish their alleged damages.

## FIRST DEFENSE

333.    The Complaint, in whole or in part, fails to state a claim upon which relief can be granted as to Defendant Scarpello.

## SECOND DEFENSE

334.    Defendant Scarpello at all times acted in accordance with the United States Constitution and the laws of the State of Texas and in good faith.

## THIRD DEFENSE

335.    Plaintiffs lack standing on some or all off their claims.

## FOURTH DEFENSE

336.    Plaintiffs Section 1983 claims are barred to the extent that Defendant Scarpello is not a policymaker as to SB111. Defendant Scarpello is not empowered or authorized to change Texas law passed by the Legislature and signed by the Governor.  Defendant Scarpello also is not afforded discretion in enforcement of the requirements under SB111.

## FIFTH DEFENSE

337.    Plaintiffs' claims are barred in whole or in part by sovereign immunity, including 11th amendment immunity to the extent that Defendant Scarpello is enforcing/applying state law, SB 1.

## SIXTH DEFENSE

338.    Plaintiffs' claims against Defendant Scarpello are barred to the extent that he has no power to redress Plaintiffs' injuries.

## SEVENTH DEFENSE

339.    To the extent that Plaintiffs have not sustained any injury or damage as a result of any actions taken by Defendant Scarpello, they should be barred from recovering against him. Equity and justice bar Plaintiffs' recovery of attorneys' fees from Defendant Scarpello in this lawsuit.

340.    Defendants reserve the right to raise additional defenses and affirmative defenses to the claims alleged.

## JURY DEMAND

341.    Defendant Scarpello hereby demands a trial by jury on all triable issues. Fed. R. Civ. P. 38(b); Fed. R. Civ. P. 81(c)(3)(b).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Scarpello prays that the Court will dismiss this suit with prejudice as to Defendant Scarpello, that Plaintiff take nothing by this action against him, that he recover his costs including a reasonable attorney's fee herein, and any other relief to which he may be justly entitled under the law.

Respectfully submitted,

**JOHN CREUZOT**
**DISTRICT ATTORNEY**

/s/ Barbara S. Nicholas
BARBARA S. NICHOLAS
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24032785
Barbara.nicholas@dallascounty.org

CIVIL DIVISION
Dallas County Records Building
500 Elm Street, Suite 6300
Dallas, TX 75202
(214) 653-7358
(214) 653-6134 (FAX)

**ATTORNEYS FOR DEFENDANT MICHAEL SCARPELLO IN HIS OFFICIAL CAPACITY AS DALLAS COUNTY ELECTIONS ADMINISTRATOR**

## CERTIFICATE OF SERVICE

I, the undersigned counsel, certify that I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing on December 15, 2021.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following attorneys of record:

Cepeda-Derieux, Adriel
Email:  acepedaderieux@aclu.org
Lakin, Sophia L
Email:  slakin@aclu.org
Osaki, Samantha
Email:  sosaki@aclu.org
Savitzky, Ari
asavitzky@aclu.org
American Civil Liberties Union Foundation
125 Broadway Street, 18th Floor, New York, NY 10004

Harris, Ashley A
Email:  aharris@aclutx.org
Kumar, Savannah
Email:  skumar@aclutx.org
Buser-Clancy, Thomas P
Email:  tbuser-clancy@aclutx.org
American Civil Liberties Union Foundation of Texas
PO Box 8306, Houston, TX 77288

Segura, Andre I
Email:  asegura@aclutx.org
Andre Ivan Segura Law Office
5225 Katy Freeway, Suite 350, Houston, TX 77007

Ostrom, Lucia R

Email:  lostrom@drtx.org
Disability Rights Texas
1500 McGowen - Ste 100, Houston, TX 77004

Sifuentes Davis, Lia
Email:  ldavis@drtx.org
Disability Rights Texas
2222 West Braker Lane, Austin, TX 78758

Cox, Ryan V
Email:  ryan@texascivilrightsproject.org
Texas Civil Right Project
2911 N. Main Ave., San Antonio, TX 78212

Marziani, Mimi M
Email:  mimi@texascivilrightsproject.org
Texas Civil Right Project
1405 Montopolis Drive, Austin, TX 78741

Mirza, Hani
Email:  hani@texascivilrightsproject.org
Texas Civil Right Project
1412 Main Street, Suite 608, Dallas, TX 75202

***Attorneys for Plaintiffs OCA-Greater Houston, League of Women Voters of Texas, REVUP-Texas, Texas Organizing***

*Project, Workers Defense Action Fund*

Lorenzo-Giguere, Susana
Email:  slorenzo-giguere@aaldef.org
Vattamala, Jerry
Email:  jvattamala@aaldef.org
Stegemoeller, Patrick
Email:  pstegemoeller@aaldef.org
Asian American Legal Defense and
Education Fund
99 Hudson Street, 12th Floor, New York,
NY 10013

Amunson, Jessica R
Email:  jamunson@jenner.com
Mittal, Urja
Email:  umittal@jenner.com
Jenn & Block LLP
1099 New York Avenue, #900, Washington,
DC 20001

*Attorneys for Plaintiffs OCA-Greater
Houston*

Garber, Andrew B
Email:  andrew.garber@nyu.edu
Morales-Doyle, Sean
Email:  morales-
doyles@brennan.law.nyu.edu
Sweren-Becker, Eliza
Email:  sweren-
beckere@brennan.law.nyu.edu
Berry, Patrick A
Email:  patrick.berry@nyu.edu
Singh, Jasleen K
Email:  jasleen.singh@nyu.edu
Brennan Center for Justice at NYU School
of Law
120 Broadway, Suite 1750, New York, NY
10271

Genender, Paul R Mr.
Email:  paul.genender@weil.com

Ryan, Elizabeth Y
Email:  liz.ryan@weil.com
Berde, Matthew
Email:  matt.berde@weil.com
Weil Gotshal & Manges, LLP
200 Crescent Court, Suite 300, Dallas, TX
75201

Cohen, Alexander P
Email:  alexander.cohen@weil.com
Weil Gotshal & Manges, LLP
767 Fifth Avenue, New York, NY 10153

*Attorneys for Plaintiffs Friendship-West
Baptist Church, Anti-Defamation League
Austin, Southwest, and Texoma, Texas
Impact, James Lewin*

Hawley, Jonathan P
Email:  jhawley@elias.law
Elias Law Group LLP
1700 Seventh Ave. Suite 2100, Seattle, WA
98101

Elias, Marc E
Email:  melias@elias.law
Mixon, Meaghan E
Email:  mmixon@elias.law
Posimato, Joseph N
Email:  jposimato@elias.law
Elias Law Group LLP
Yukevich, Kathryn E (Kassi)
Email:  kyukevich@elias.law
Nkwonta, Uzoma N
Email:  unkwonta@elias.law
White, Graham
Email:  gwhite@elias.law
Elias Law Group LLP
10 G Street NE, Suite 600, Washington, DC
20002

Hardin, John R
Email:  johnhardin@perkinscoie.com
Perkins Coie, LLP

500 N. Akard Street, Suite 3300, Dallas, TX
75201

**Attorneys for Plaintiffs Lulac Texas, Vote
Latino, Texas Alliance for Retired
Americans, Texas AFT**

Garcia, Domingo
Email:  domingo@dgley.com
The Law Office of Domingo Garcia
1111 W. Mockingbird Lane, Suite 1200,
Dallas, TX 75247

**Attorney for Plaintiff Lulac Texas**

Bonifaz, John
Email:  jbonifaz@freespeechforpeople.org
Clements, Ben
Email:  bclements@freespeechforpeople.org
Fein, Ronald A
Email:  rfein@freespeechforpeople.org
Hostetler, Courtney M
Email:  chostetler@freespeechforpeople.org
Free Speech For People
1320 Centre. St. #405, Newton, MA 02459

Lyons, Sean M
Email:  sean@lyonsandlyons.com
Lyons & Lyons, PC
237 W. Travis St., Ste 100, San Antonio, TX
78205

Rasich, Marc T
Email:  marc.rasich@stoel.com
Stoel Rives LLP
201 S. Main Street, Suite 1100, Salt Lake
City, UT 84111

Rosenbaum, Laura E
Email:  laura.rosenbaum@stoel.com
Stoel Rives LLP
760 S.W. 9th Avenue, Suite 3000, Portland,
OR 97205

Watkins, Elijah M
Email:  elijahwatkins@stoel.com
Olson, Wendy J
Email:  wendy.olson@stoel.com
Stoel Rives LLP
101 S. Capitol Boulevard, Suite 1900, Boise,
ID 83702

**Attorneys for Plaintiffs Mi Familia Vota,
Marla Lopez, Marlon Lopez, Paul Rutledge**

Bell, Christopher H
Email:  christopher.bell@friedfrank.com
Fried, Frank, Harris, Shriver & Jacobson,
LLP
801 17th Street, NW, Washington, DC
20006

Keats, Michael C
Email:  michael.keats@friedfrank.com
Martin, Rebecca L
Email:  rebecca.martin@friedfrank.com
Kanterman, Jason S
Email: jason.kanterman@friedfrank.com
Zhen, Kevin
Email: kevin.zhen@friedfrank.com
Fried, Frank, Harris, Shriver & Jacobson,
LLP
One New York Plaza, New York, NY 10004

Longoria, Julia R
Email:  jlongoria@maldef.org
Perales, Nina
Email:  nperales@maldef.org
MALDEF
110 Broadway, Suite 300, San Antonio, TX
78205

**Attorneys for Plaintiffs La Union Del
Pueblo Entero, Southwest Voter
Registration Education Project, Mexican
American Bar Association of Texas, Texas
Hispanics Organized for Political
Education, JOLT Action, William C.
Velasquez Institute, Fiel Houston, Inc.**

Fombonne, Jonathan
Email:  jonathan.fombonne@cao.hctx.net
Menefee, Christian D
Email:  Christian.Menefee@cao.hctx.net
Harris County Attorney's Office
1019 Congress, 15th Floor, Houston, TX
77002

**_Attorneys for Plaintiff James Lewin_**

Holmes, Jennifer A
Email:  jholmes@naacpldf.org
Yeomans, Georgina
Email:  gyeomans@naacpldf.org
NAACP Legal Defense & Educational
Fund, Inc.
700 14th Street, N.W., Suite 600,
Washington, DC 20005

Sadasivan, Kathryn
Email:  ksadasivan@naacpldf.org
Badat, Mohammed A
Email: abadat@naacpldf.org
NAACP Legal Defense & Educational
Fund, Inc.
40 Rector Street, Fifth Floor, New York, NY
10006

Broughton, Kenneth E Jr.
Email:  kbroughton@reedsmith.com
Reed Smith LLP
811 Main Street, 17th Floor, Houston, TX
77002

Cummings, Sarah M
Email:  scummings@reedsmith.com
Reed Smith LLP
2850 N. Harwood Street, Suite 1500, Dallas,
TX 75201

Dulaney, J. Keely
Email:  kdulaney@reedsmith.com
Spencer, Lora

Email:  lspencer@reedsmith.com
Reed Smith LLP
811 Main Street, Suite 1700, Houston, TX
77002

Wakschlag, Shira
Email:  wakschlag@thearc.org
The Arc of the United States
1825 K. Street NW, Suite 1200,
Washington, DC 20006

**_Attorneys for Plaintiffs Houston Justice,_**
**_Houston Area Urban League, Delta Sigma_**
**_Theta Sorority Inc., The Arc, Jeffrey_**
**_Lamar Clemmons_**

Gore, John M
Email:  jmgore@jonesday.com
Jones Day
Jones Day, 51 Louisiana Avenue, NW,
Washington, DC 20001

**_Attorney for Movant Harris County_**
**_Republican Party, Dallas County_**
**_Republican Party, National Republican_**
**_Senatorial Committee, National_**
**_Republican Congressional Committee,_**
**_Republican Committee_**

Green, Robert
Email:  robert.green@bexar.org
Bexar County District Attorney
101 W. Nueva, 7th Floor, San Antonio, TX
78205

**_Attorney for Defendant Jacque Callanen_**

Armon, Orion
Email:  oarmon@cooley.com
Cooley LLP
1144 15th Street, Suite 2300, Denver, CO
80206

Habell, Germaine
Email:  ghabell@cooley.com
Cooley LLP
4401 Eastgate Mall, San Diego, CA 92121

Hartnett, Kathleen
Email:  khartnett@cooley.com
Cooley LLP
3 Embarcadero Center, 20th Floor, San
Francisco, CA 94111

Leo, Angelica L
Email:  aleo@cooley.com
Cooley LLP
3175 Hanover Street, Palo Alto, CA 94304

Mejia, Beatriz
Email:  mejiab@cooley.com
Song, Sharon
Email:  ssong@cooley.com
Spector, Kelsey
Email:  kspector@cooley.com
Cooley LLP
3 Embarcadero Center 20th Floor, San
Francisco, CA 94111

Goldberg, Zack
Email:  zack@statesuniteddemocracy.org
States United Democracy Center
86 Fleet Place No. 6t, Brooklyn, NY 11201

Natarajan, Ranjana
Email:  ranjana@statesuniteddemocracy.org
States United Democracy Center
1801 East 51st Street, Suite 365, #334,
Austin, TX 78723

Sun, Christine
Email:
christine@statesuniteddemocracy.org
States United Democracy Center
3749 Buchanan St No 475165, San
Francisco, CA 94147

**Attorneys for Defendant Lisa Wise**

Ramirez, Josephine L
Email:
josephine.ramirez@da.co.hidalgo.tx.us
Tognetti, Leigh Ann
Email:  leigh.tognetti@da.co.hidalgo.tx.us
Hidalgo County District Attorney's Office
100 E. Cano, First Floor, Edinburg, TX
78539

**Attorneys for Defendant Yvonne Ramon**

Hudson, Eric
Email:  eric.hudson@oag.texas.gov
Sweeten, Patrick K
Email:  patrick.sweeten@oag.texas.gov
White, Jeffrey M
Email:  jeff.white@oag.texas.gov
Texas Attorney General - General Litigation
Div
PO Box 12548, Austin, TX 78711

**Attorneys for Defendants Gregory Abbott,
Jose Esparza, Warren Paxton**

Ennis, Chad
Email:  cennis@texaspolicy.com
Henneke, Robert E
Email:  rhenneke@texaspolicy.com
Texas Public Policy Foundation
901 Congress Avenue, Austin, TX 78701

**Attorneys for Defendant Lupe Torres**

Dippel, Leslie W Ms.
Email:  Leslie.Dippel@traviscountytx.gov
Pope, Patrick T
Email:  patrick.pope@traviscountytx.gov
Thomas, Sherine E Ms.
Email: Sherine.Thomas@traviscountytx.gov
Travis County Attorney's Office
PO Box 1748, Austin, TX 78767

Nelson, Anthony J
Email: tony.nelson@traviscountytx.gov
Travis County Attorney's Office
314 West 11th Street, Room 590, Austin,
TX 78701

**_Attorneys for Defendant Dana DeBeauvoir_**

Garcia Davidson, Donna
Email: donna@dgdlawfirm.com
Foundation for Government Accountability
PO Box 78711, Austin, TX 78711

Martin, Chase
Email: chase@thefga.org
Whitson, Stewart
Email: stewart@thefga.org
15275 Collier Blvd., Suite 201,
Naples, FL 34119

**_Attorney for Amicus - Foundation for
Government Accountability_**

Birring, Sameer S
Email: sameer.birring@cao.hctx.net
Harris County Attorney's Office
1019 Congress, 15th Floor, Houston, TX
77002

**_Attorney for Defendant Isabel Longoria
Attorney for Plaintiff James Lewin_**

Freeman, Daniel J
Email: daniel.freeman@usdoj.gov
Stewart, Michael E
michael.stewart3@usdoj.gov
U.S. Department of Justice
950 Pennsylvania Ave, 4CON 8.143,
Washington, DC 20530

Dellheim, Richard A
Email: richard.dellheim@usdoj.gov
U.S. Department of Justice
9150 M Street, NE / 8.1815, Washington,
DC 20530

Herren, Thomas C
Email: chris.herren@usdoj.gov
Yun, Jennifer J
Email: jennifer.yun@usdoj.gov
U.S. Department of Justice
150 M Street NE, Room 8.1807,
Washington, DC 20530
Paikowsky, Dana
Email: dana.paikowsky@usdoj.gov
U.S. Department of Justice
4 Constitution Square, Washington, DC
20503

**_Attorneys for Plaintiff United States of
America_**


_/s/ Barbara S. Nicholas_
BARBARA S. NICHOLAS