**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Consolidated Case |
| | § | No: 5:21-cv-00844-XR |
| GREGORY W. ABBOTT, in his official | § | |
| capacity as Governor of Texas, et al., | § | |
| | § | |
| *Defendants* | § | |
| | § | |

**DEFENDANT LISA WISE'S ANSWER TO PLAINTIFFS LULAC TEXAS, VOTO LATINO, TEXAS ALLIANCE FOR RETIRED AMERICANS, AND TEXAS AFT'S FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant Lisa Wise, in her official capacity as the El Paso County Elections Administrator ("Defendant Wise"), hereby answers the First Amended Complaint for Declaratory and Injunctive Relief (ECF No. 136, "the Complaint") in the above-captioned action. Except as otherwise expressly admitted, Defendant Wise denies each allegation in the Complaint, including any heading meant to be construed as an allegation. Defendant Wise repeats those headings here for organizational purposes only. Each response in this answer is made subject to the following limitations: First, the responses do not constitute an acknowledgement or admission of the validity or relevance of any allegation. Second, where Defendant Wise states that she lacks knowledge or information sufficient to form a belief as to the truth of an allegation, Defendant Wise reserves the right to argue that the allegation is true or false based on the evidence.

**ANSWER TO ALLEGATIONS**

**NATURE OF CASE**

1.      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1. Notwithstanding, Defendant Wise avers that the

1

challenged provisions of Senate Bill 1 ("SB 1") impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

2.     Defendant Wise admits that, last year, voters and election workers encountered unique challenges due to the COVID-19 pandemic. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2.

3.     Defendant Wise admits that, last year, voters and election workers encountered unique challenges due to the COVID-19 pandemic. Defendant Wise admits that election officials and workers in El Paso County worked diligently to ensure that El Paso County residents had meaningful opportunities to exercise their right to vote. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3.

4.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful

voter turnout.

8.      Defendant Wise admits that the legislature attempted to pass a bill known as Senate Bill 7, and the members of the Texas House of Representatives left the legislative chamber in protest, denying the legislature the quorum needed to pass the bill before the conclusion of the regular legislative session. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

9.      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.     Defendant Wise admits that the legislature enacted SB 1 during the second special legislative session, but avers that the provisions of SB 1 are set forth in the law. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

11.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and imposeburdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

12.     The allegations in paragraph 12 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in

3

paragraph 12 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

13.     The allegations in paragraph 13 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 at this time.

**JURISDICTION AND VENUE**

14.     Defendant Wise admits the allegations in paragraph 14.

15.     Defendant Wise admits the allegations in paragraph 15.

16.     Defendant Wise admits the allegations in paragraph 16.

17.     Defendant Wise admits the allegations in paragraph 17.

18.     Defendant Wise admits the allegations in paragraph 18.

**PARTIES**

19.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19. Notwithstanding, Defendant Wise admits that LULAC Texas ("LULAC") conducts voter registration efforts in El Paso County and that Defendant Wise has assisted LULAC in some of those efforts.

20.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20. Notwithstanding, Defendant wise admits that LULAC conducts voter registration efforts in El Paso County and that Defendant Wise has assisted LULAC in some of those efforts.

21.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21. Notwithstanding, Defendant wise admits that

Voto Latino conducts voter registration efforts in El Paso County and that Defendant Wise has assisted Voto Latino in some of those efforts.

22.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22. Notwithstanding, Defendant wise admits that Voto Latino conducts voter registration efforts in El Paso County and that Defendant Wise has assisted Voto Latino in some of those efforts.

23.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.     Defendant Wise admits the allegations in paragraph 26.

27.     Defendant Wise admits the allegation that the Attorney General's office is currently investigating purported election law violations. Defendant Wise lacks knowledge or information sufficient to form a belief as to whether the Attorney General's office is currently prosecuting hundreds of purported election law violations. Defendant Wise admits that the Attorney General announced that he would be forming the Texas Election Integrity Unit, but Defendant Wise lacks knowledge or information sufficient to form a belief as to what specific laws the Election Integrity Unit is focused on. Defendant Wise admits the remaining allegations in paragraph 27.

28.     Defendant Wise admits the allegations in paragraph 28.

29.     Defendant Wise admits the allegations in paragraph 29.

30.     Defendant Wise admits the allegations in paragraph 30.

**31.**     Defendant Wise admits the allegations in paragraph 31.

**32.**     Defendant Wise admits the allegations in paragraph 32.

**33.**     Defendant Wise admits the allegations in paragraph 33.

### STATEMENT OF FACTS AND LAW

**I.     Voter Turnout in Recent Texas Elections**

**34.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**35.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

**36.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

**A.     The 2018 Election**

**37.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

**38.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

**39.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

**40.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

**B.**      **The 2020 Election**

**41.**      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

**42.**      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

**43.**      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

**44.**      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

**45.**      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

**1.**      **Early Voting in the 2020 Election**

**46.**      Defendant Wise admits that Texas voters relied heavily on early voting in 2020. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46.

**47.**      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

**48.**      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 with respect to election officials in other counties. Notwithstanding, Defendant Wise avers that El Paso County election officials worked tirelessly to ensure that every El Paso County voter had an opportunity to participate in the 2020 general election, including by offering early voting at 35 early voting stations.

**49.**      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

**50.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

**51.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

**52.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

**53.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

**2.     Absentee Voting in the 2020 Election**

**54.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

**55.**     Defendant Wise admits the allegations in paragraph 55.

**56.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56. Nonetheless, Defendant Wise avers that El Paso County utilized one ballot drop box in the 2020 general election.

**57.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57.

**58.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

**59.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

**3.     Texas Officials' Efforts to Disenfranchise Voters During the 2020 Election**

**60.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 60.

**61.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

**62.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62.

**63.**     Defendant Wise admits the allegations in the first sentence of paragraph 63. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63.

**64.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64.

**65.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65.

**66.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66.

**67.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67.

**68.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68.

**69.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

**70.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.

**71.**     Defendant Wise admits that the director of the Cybersecurity and Infrastructure

Agency stated that the 2020 general election was "the most secure in American history." Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 71.

72.     Defendant Wise admits that U.S. Attorney General William Barr stated that he had "not seen fraud on a scale that could have effected a different outcome in the election." Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 72.

73.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73.

74.     Defendant Wise admits the allegations contained in paragraph 74.

75.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75.

### 4.     Texas Officials' Efforts to Disenfranchise Voters in Other States

76.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76.

77.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78.     Defendant Wise admits that the federal court dismissed the lawsuit captioned *Donald J. Trump for President, Inc. v. Boockvar*. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 78.

79.     Defendant Wise admits that on December 8, 2020, the Attorney General filed a lawsuit on behalf of the State seeking invalidate the election results in Georgia, Pennsylvania, Michigan, and Wisconsin. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 79.

80.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.

81.     Defendant Wise admits that the U.S. Supreme Court dismissed the Attorney General's lawsuit. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 81.

82.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82.

83.     Defendant Wise admits the allegations in the first sentence of paragraph 83. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 83.

84.     Defendant Wise admits that the Attorney General spoke at the "Stop the Steal" rally. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 84.

85.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.

86.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86.

## II.     Senate Bill 7

87.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87.

88.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88.

89.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89.

90.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90.

91.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91.

92.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92.

93.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93.

94.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94.

95.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95.

96.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96.

97.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97.

98.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98.

99.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99.

100.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100.

101.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 101.

**102.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102.

**103.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103.

**104.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104.

**105.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105.

**106.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106.

**107.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107.

**108.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108.

**109.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109.

**110.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110.

**111.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111.

**112.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112.

**113.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113.

**114.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114.

**115.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115.

**116.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116.

**117.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117.

**118.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118.

**119.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119.

**120.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120.

**121.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121.

**122.**     Defendant Wise admits the allegations contained in paragraph 122.

**123.**     Defendant Wise admits the allegations contained in paragraph 123.

**124.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124.

**125.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the

14

truth of the allegations contained in paragraph 125.

**126.**   Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126.

**127.**   Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127.

**128.**   Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128.

**129.**   Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129.

**III.   Senate Bill 1**

**A.   Legislative History**

**130.**   Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130.

**131.**   Defendant Wise admits that on June 18, 2021, Governor Abbot vetoed Article X of the State's budget, and on July 7, he called the first special session of the 87th Legislative Session. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 131.

**132.**   Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132.

**133.**   Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133.

**134.**   Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134.

**135.**   Defendant Wise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 135.

**136.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136.

**137.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137.

**138.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138. Notwithstanding, Defendant Wise avers that Keith Ingram testified as to election integrity during a special session and stated that there was no evidence of fraud.

**139.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139.

**140.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140.

**141.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141.

**142.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142.

**143.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143.

**144.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144.

**145.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145.

**146.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**147.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147.

**148.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148.

**149.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149.

**150.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150.

**151.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151.

**152.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152.

**153.**    Defendant Wise admits the allegations in paragraph 153.

**B.**    **The Suppressive Provisions**

**154.**    Defendant Wise admits the first sentence of the allegations in paragraph 154. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 154. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful

voter turnout.

### 1.    Absentee Voting

**155.**    Defendant Wise admits the allegations in paragraph 155.

**156.**    Defendant Wise admits the allegations in paragraph 156.

**157.**    Defendant Wise admits the allegations in paragraph 157 but avers that the full text of SB 1 speaks for itself.

**158.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 158. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**159.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159.

**160.**    Defendant Wise admits the allegations in the first sentence of paragraph 160. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 160. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

### 2.    In-Person Voting

**161.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful

voter turnout.

162.    Defendant Wise admits the allegations in paragraph 162 but avers that the full text of SB 1 speaks for itself.

163.    Defendant Wise admits the allegations in the first sentence of paragraph 163 but avers that the full text of SB 1 speaks for itself. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 163.

164.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164.

165.    Defendant Wise admits the allegations in paragraph 165.

166.    Defendant Wise admits the allegations in the first sentence of paragraph 166. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 166 on the basis that they contain partial quotations from the cited statute, and refers to the cited statute for the full contents thereof. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

167.    Defendant Wise admits the allegations in the first sentence of paragraph 167. The remaining allegations in paragraph 167 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 167.

168.    Defendant Wise admits the allegations in paragraph 168.

169.    The allegations in paragraph 169 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

170.    The allegations in paragraph 170 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

### 3.    Early Voting

171.    The allegations in paragraph 170 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

172.    Defendant Wise admits the allegations in paragraph 172.

173.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

174.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 174.

175.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 175, but avers that expanded in-person voting hours may alleviate certain burdens on voters, especially voters who are ineligible to vote by mail.

176.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176.

177.    The allegations in paragraph 177 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 177 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

178.    The allegations in paragraph 178 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 178 at this time. Notwithstanding, Defendant Wise further avers that extended early voting hours alleviates the burden on El Paso County election officials by reducing congestion at the polls.

### 4.    Partisan Watchers

179.    The allegations in paragraph 179 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 179 at this time. Notwithstanding, Defendant Wise further avers that SB 1 could disempower voters and election officials who feel intimidated or harassed by poll watchers.

**180.**     Defendant Wise admits the allegations in paragraph 180 to the extent that there is an elections provision, codified by Tex. Elec. Code §33.001, but avers that the full text of SB 1 speaks for itself.

**181.**     Defendant Wise admits the allegations in paragraph 181 to the extent there is a new elections provision, codified by Tex. Elec. Code §4.01 and §32.075(g)–(h), but avers that the full text of SB 1 speaks for itself.

**182.**     Defendant Wise admits the allegations in the first sentence of paragraph 182 to the extent that there is a new elections provision codified by Tex. Elec. Code §4.02 and § 33.0015, but avers that the full text of SB 1 speaks for itself. The allegations in the second sentence of paragraph 182 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**183.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 183. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**184.**     The allegations in paragraph 184 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 184 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

185.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185.

186.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 186.

187.     The allegations in paragraph 187 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 187 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

188.     The allegations in paragraph 188 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 188 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

189.     The allegations in paragraph 189 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 189 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions

of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

### C.     State Interests

190.    The allegations in paragraph 190 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 190 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

191.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 191. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

192.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192.

193.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 193.

194.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194.

195.    The allegations in paragraph 195 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 195 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions

of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

196. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 196.

197. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 197.

198. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 198.

199. The allegations in paragraph 199 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

## IV. Texas's History of Suppressing Black and Latino Political Participation

200. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 200.

201. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 201. Notwithstanding, Defendant Wise admits that Texas has historically discriminated against African Americans and Hispanics in the voting-rights context.

202. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 202.

203. Defendant Wise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 203.

  **204.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 204.

  **205.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 205.

  **206.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 206.

  **207.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 207.

  **208.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 208.

  **209.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 209.

**V. Current Suppression of Black and Latino Political Participation**

  **210.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 210. Notwithstanding, Defendant Wise admits that Texas has historically discriminated against African Americans and Hispanics in the voting rights context.

  **211.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 211.

  **212.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 212.

  **213.** Defendant Wise admits the allegations in paragraph 213.

  **214.** Defendant Wise admits the allegations in paragraph 214.

**215.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 215.

**216.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 216.

**217.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 217. Defendant Wise admits the allegations in the second sentence of paragraph 217. Defendant Wise admits the allegations in the third sentence of paragraph 217. Defendant Wise admits the allegations in the last sentence of paragraph 217.

**218.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 218. Notwithstanding, Defendant Wise admits that Texas has historically discriminated against African Americans and Hispanics in the voting rights context.

**219.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 219.

**220.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 220.

**221.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 221.

**222.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 222.

**223.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 223.

**224.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 224.

**225.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 225.

**226.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 226.

**227.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 227.

**228.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 228.

**229.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 229.

**230.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 230.

**231.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 231.

**232.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 232.

**233.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 233.

**234.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 234.

**235.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 235 and refers to the cited cases for the full contents thereof.

236.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 236.

237.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 237.

238.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 238.

239.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 239.

240.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 240.

241.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 241.

242.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 242.

**CLAIMS FOR RELIEF**

**<u>COUNT I</u>**

**52 U.S.C. § 10301(a)**
**Violation of Section 2 of the Voting Rights Act**
**Against All Defendants**

243.    Defendant Wise restates and incorporates her answers to paragraphs 1 through 242 as though fully set forth herein.

244.    The allegations in paragraph 244 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 244 at this time.

245.    The allegations in paragraph 245 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 245 at this time.

246.    The allegations in paragraph 246 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 246 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

247.    The allegations in paragraph 247 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 247 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

248.    The allegations in paragraph 248 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 248 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that

are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**249.**    The allegations in paragraph 249 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 249 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**250.**    The allegations in paragraph 250 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 250 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

## COUNT II

**U.S. Const. Amends. I, XIV; 42 U.S.C. § 1983**
**Undue Burden on the Right to Vote Against**
**Defendants Callanen, DeBeauvoir, Longoria,**
**Ramón, Scarpello, and Wise**

**251.**    Defendant Wise restates and incorporates her answers to paragraphs 1 through 250 as though fully set forth herein.

**252.**    Defendant Wise admits the allegations in paragraph 252.

**253.**    The allegations in paragraph 253 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 253 at this time.

254.    The allegations in paragraph 254 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 254 at this time.

255.    The allegations in paragraph 255 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise admits the allegations contained in parts (a) and (b) of paragraph 253. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in part (c) of paragraph 255 at this time. Notwithstanding, Defendant Wise further avers that SB 1 could disempower voters and election officials who feel intimidated or harassed by poll watchers.

256.    The allegations in paragraph 256 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 256 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

257.    The allegations in paragraph 257 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 257 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

258.    The allegations in paragraph 258 purport to state conclusions of law to which no

response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 258 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

259.    The allegations in paragraph 259 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 259 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

260.    The allegations in paragraph 260 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 260 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

261.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 261. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

262.    The allegations in paragraph 262 purport to state conclusions of law to which no

response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 262 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

263.    The allegations in paragraph 263 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 263 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

264.    The allegations in paragraph 264 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 264 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

265.    The allegations in paragraph 265 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 265 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

266.     The allegations in paragraph 266 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 266 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

### COUNT III

**U.S. Const. Amends. I, XIV; 42 U.S.C. § 1983**
**Restriction on Free Speech and Expression Against**
**Defendants Paxton, Callanen, DeBeauvoir,**
**Longoria, Ramón, Scarpello, and Wise**

267.     Defendant Wise restates and incorporates her answers to paragraphs 1 through 266 as though fully set forth herein.

268.     The allegations in paragraph 268 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 268 at this time.

269.     The allegations in paragraph 269 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 269 at this time.

270.     The allegations in paragraph 270 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 270 at this time.

271.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 271. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

272.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 272. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

273.    The allegations in paragraph 273 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 273 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

274.    The allegations in paragraph 274 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 274 at this time.

275.    The allegations in paragraph 275 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 275 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

276.    The allegations in paragraph 276 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 276 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

277.    The allegations in paragraph 277 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 277 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

278.    The allegations in paragraph 278 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 278 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

279.    The allegations in paragraph 279 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 279 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

280.    The allegations in paragraph 280 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 280 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

### COUNT IV

**52 U.S.C. § 10508**
**Violation of Section 208 of the Voting Rights Act**
**Against All Defendants**

281.    Defendant Wise restates and incorporates her answers to paragraphs 1 through 280 as though fully set forth herein.

282.    Defendant Wise admits the allegations in paragraph 282.

283.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 283.

284.    The allegations in paragraph 284 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 284 at this time.

285.    The allegations in paragraph 285 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 285 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

286.    The allegations in paragraph 286 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 286 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

287.    The allegations in paragraph 287 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 287 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

288.    The allegations in paragraph 288 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 288 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**PRAYER FOR RELIEF**

The allegations under the Prayer for Relief heading purport to state conclusions of law to

which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained under the Prayer for Relief heading at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

## DEFENSES

Defendant Wise sets forth her defenses below. By setting forth these defenses, Defendant Wise does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Nothing stated here is intended to or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiffs' allegations. As separate and distinct defenses, Defendant Wise alleges as follows:

### FIRST DEFENSE

### (No Entitlement to Attorneys' Fees)

1.      Plaintiffs' claims for attorneys' fees are barred to the extent they are asserted against Defendant Wise, who has no liability for any award of attorneys' fees in this action.

### SECOND DEFENSE

### (Fault of Others)

2.      Plaintiffs' claims are barred to the extent that any damages are due to the fault or responsibility of persons and entities over whom Defendant Wise had no control.

### THIRD DEFENSE

### (Third-Party Responsibility)

3.      Plaintiffs' claims are barred to the extent that any party other than Defendant Wise is responsible or liable.

## RESERVATION OF RIGHTS

Defendant Wise presently has insufficient knowledge or information upon which to form a belief as to whether she may have additional unstated defenses. Defendant Wise reserves the right to assert any other defense that may be established during discovery and by the evidence and proceedings in this case.

Dated: December 15, 2021.                    Respectfully submitted,

                                             */s/ Orion Armon*
                                             Orion Armon (CO SBN 34923)
                                             **COOLEY LLP**
                                             1144 15th Street, Suite 2300
                                             Denver, CO 80202-2686
                                             Telephone: +1 720 566-4000
                                             Facsimile: +1 720 566-4099
                                             oarmon@cooley.com

                                             **COOLEY LLP**
                                             Kathleen Hartnett* (CA SBN 314267)
                                             khartnett@cooley.com
                                             Beatriz Mejia* (CA SBN 190948)
                                             bmejia@cooley.com
                                             Sharon Song* (CA SBN 313535)
                                             ssong@cooley.com
                                             Kelsey Spector* (CA SBN 321488)
                                             kspector@cooley.com
                                             Angelica Leo* (CA SBN 334324)
                                             aleo@cooley.com
                                             3 Embarcadero Center, 20th Floor
                                             San Francisco, CA 94111-4004
                                             Telephone: +1 415 693-2000
                                             Facsimile: +1 415 693-2222

                                             **COOLEY LLP**
                                             Germaine Habell* (CA SBN 333090)
                                             ghabell@cooley.com
                                             4401 Eastgate Mall
                                             San Diego, CA 92121-1909
                                             Telephone: + 1 858-550-6196
                                             Facsimile: + 1 858-550-6420

                                             **STATES UNITED DEMOCRACY CENTER**
                                             Christine P. Sun* (CA SBN 218701)
                                             3749 Buchanan St., No. 475165
                                             San Francisco, CA 94147-3103
                                             Telephone: +1 615 574-9108
                                             christine@statesuniteddemocracy.org

**STATES UNITED DEMOCRACY CENTER**
Ranjana Natarajan (TX SBN 24071013)
1801 E 51st St., Suite 365, No. 334
Austin, TX 78723
Telephone: +1 323 422-8578
ranjana@statesuniteddemocracy.org

**STATES UNITED DEMOCRACY CENTER**
Zack Goldberg* (NY SBN 5579644)
86 Fleet Place, No. 6T
Brooklyn, NY 11201
Telephone: +1 917 656-6234
zack@statesuniteddemocracy.org

*Admitted pro hac vice*

*Attorneys for Lisa Wise, in her official capacity as
the El Paso County Elections Administrator*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on the 15th day of December, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to counsel of record.

*/s/ Orion Armon*
Orion Armon
