**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Consolidated Case |
| | § | No: 5:21-cv-00844-XR |
| GREGORY W. ABBOTT, in his official | § | |
| capacity as Governor of Texas, et al., | § | |
| | § | |
| *Defendants* | § | |
| | § | |

**<u>DEFENDANT LISA WISE'S ANSWER TO PLAINTIFFS LA UNIÓN DEL PUEBLO
ENTERO, FRIENDSHIP-WEST BAPTIST CHURCH, THE ANTI-DEFAMATION
LEAGUE AUSTIN, SOUTHWEST, AND TEXOMA REGIONS, SOUTHWEST VOTER
REGISTRATION EDUCATION PROJECT, TEXAS IMPACT, MEXICAN AMERICAN
BAR ASSOCIATION OF TEXAS, TEXAS HISPANICS ORGANIZED FOR POLITICAL
EDUCATION, JOLT ACTION, WILLIAM C. VELASQUEZ INSTITUTE, FIEL
HOUSTON INC., AND JAMES LEWIN'S FIRST AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF</u>**

Defendant Lisa Wise, in her official capacity as the El Paso County Elections

Administrator ("Defendant Wise"), hereby answers the First Amended Complaint for Declaratory

and Injunctive Relief (ECF No. 140, "the Complaint") in the above-captioned action. Except as

otherwise expressly admitted, Defendant Wise denies each allegation in the Complaint, including

any heading meant to be construed as an allegation. Defendant Wise repeats those headings here

for organizational purposes only. Each response in this answer is made subject to the following

limitations: First, the responses do not constitute an acknowledgement or admission of the validity

or relevance of any allegation. Second, where Defendant Wise states that she lacks knowledge or

information sufficient to form a belief as to the truth of an allegation, Defendant Wise reserves the

right to argue that the allegation is true or false based on the evidence.

1

## ANSWER TO ALLEGATIONS

### I.     INTRODUCTION

1.      Defendant Wise admits the allegations contained in the first sentence of paragraph 1.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.

2.      The allegations in paragraph 2 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

3.      Defendant Wise admits that Governor Abbott supported SB1.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

4.      Defendant Wise admits that local election officials helped Texas voters fulfill their commitment to exercising their rights.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

5.      The allegations in paragraph 5 purport to state conclusions of law to which no

response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

6.      The allegations in paragraph 6 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 at this time.

## II.      JURISDICTION AND VENUE

7.      Defendant Wise admits the allegations in paragraph 7.

8.      Defendant Wise admits the allegations in paragraph 8.

## III.      PARTIES

### A.      Plaintiffs

9.      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 11 at this time. The allegations contained in the last sentence of paragraph 11 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 11 at this time.

12.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, and third sentences of paragraph 12 at this time.  The allegations contained in the last sentence of paragraph 12 purports to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 12 at this time.

13.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 13 at this time. The allegation contained in the last sentence of paragraph 13 purports to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 13 at this time.

14.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first six sentences of paragraph 14 at this time.  The allegations contained in the last sentence of paragraph 14 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 14 at this time.

15.    Defendant Wise admits the allegations contained in the first sentence of paragraph 15.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 15 at this time.  The allegations contained in the last sentence of paragraph 15 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 15 at this time.

16.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of paragraph 16 at this time.  The allegations contained in the last sentence of paragraph 16 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 16 at this time.

17.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first four sentences of paragraph 17 at this time.  The allegations contained in the last sentence of paragraph 17 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 17 at this time.

18.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first four sentences of paragraph 18 at this time.  The allegations contained in the last sentence of paragraph 18 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 18 at this time.

19.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first eight sentences of paragraph 19 at this time.  The allegations contained in the last sentence of paragraph 19 purport to state conclusions of law to

which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 19 at this time.

20.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

**B.     Defendants**

21.     Defendant Wise admits the allegations in paragraph 21.

22.     Defendant Wise admits the allegations in paragraph 22.

23.     Defendant Wise admits that the federal court dismissed the lawsuit captioned *Donald J. Trump for President, Inc. v. Boockvar*.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23.

24.     Defendant Wise admits the allegations in paragraph 24.

25.     Defendant Wise admits the allegations in paragraph 25.

26.     Defendant Wise admits the allegations in sentences one and two of paragraph 26. The last sentence of paragraph 26 purports to state legal conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26.

27.     Defendant Wise admits the allegations in paragraph 27.

28.     Defendant Wise admits the allegations in paragraph 28.

29.     Defendant Wise admits the allegations in paragraph 29.

30.     Defendant Wise admits the allegations in paragraph 30.

31.     Defendant Wise admits the allegations in sentences one and two of paragraph 31. The last sentence of paragraph 31 purports to state legal conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31.

**32.**     Defendant Wise admits the allegations in paragraph 32.

**33.**     Defendant Wise admits the allegations in paragraph 33.

**34.**     Defendant Wise admits the allegations in paragraph 34.

**35.**     Defendant Wise admits the allegations in paragraph 35.

**36.**     Defendant Wise admits the allegations in paragraph 36.

**37.**     The allegations in paragraph 37 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 at this time.

**38.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to whether the Attorney General's office is currently prosecuting hundreds of purported election law violations. Defendant Wise admits the remaining allegations in paragraph 38.

**39.**     Defendant Wise admits the allegations contained in paragraph 39.

**40.**     Defendant Wise admits that Defendant Paxton recently announced the formation of the "2021 Texas Election Integrity Unit."  Defendant Wise lacks knowledge as to the truth of the remaining  allegations in paragraph 40.

**41.**     Defendant Wise admits the allegations in paragraph 41.

**42.**     Defendant Wise admits the allegations in paragraph 42.

**43.**     Defendant Wise admits that the quotation contained in paragraph 43 is found on page 20 of ECF 53.

**44.**     Defendant Wise admits the allegations in paragraph 44.

**45.**     Defendant Wise admits the allegations in paragraph 45.

**46.**     Defendant Wise admits that she is responsible for enforcing certain provisions of SB 1.

**47.**     Defendant Wise admits that she is responsible for enforcing certain provisions of SB1.

## IV.     FACT BACKGROUND

**A.     Texas law has long restricted Latino and Black citizens' right to vote.**

**48.**     Defendant Wise admits that Texas has historically discriminated against African Americans and Hispanics in the voting-rights context. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48.

**49.**     Defendant Wise lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49.

**50.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

**51.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

**52.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

**53.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

**54.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

**55.**     Defendant Wise admits that in 2016 the Fifth Circuit affirmed a district court's decision that Texas' photo voter identification law, S.B. 14, had a discriminatory effect on Latino

and Black Texans' rights in violation of Section 2 of the VRA.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55.

56.     Defendant Wise admits that the Secretary of State attempted to purge Texas's voter rolls, and that a federal district court enjoined the purge.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56.

**B.     Before SB1, Texas was already among the states that made it hardest to vote.**

57.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57.

58.     Defendant Wise admits that Texas reserves mail voting for individuals who are 65 or older, sick or disabled, will be out of the county during the entire election period, or are confined to jail but otherwise eligible to vote.  Defendant Wise lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58.

59.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

**C.     The 2020 General Election tested Texas voters in unprecedented ways—and Texans passed with flying colors.**

60.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61.     Defendant Wise admits that in the 2020 election, Texans achieved record voter turnout.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61.

62.     Defendant Wise admits the truth of the allegations in the first sentence of paragraph 62.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations contained in paragraph 62.

**63.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63.

**64.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 with respect to election officials in other counties. Notwithstanding, Defendant Wise avers that El Paso County election officials worked tirelessly to ensure that every El Paso County voter had an opportunity to participate in the 2020 general election, including by offering early voting at 35 early voting stations.

**65.**     Defendant Wise admits the allegations in paragraph 65.

**66.**     Defendant Wise admits the allegations in paragraph 66.

**67.**     Defendant Wise admits the allegations in paragraph 67.

**68.**     Defendant Wise admits the allegations in paragraph 68.

**69.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 with respect to election officials in other counties. Notwithstanding, Defendant Wise avers that El Paso County election officials worked tirelessly to ensure that every El Paso County voter had an opportunity to participate in the 2020 general election, including by offering early voting at 35 early voting stations.

**70.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

**71.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

**72.**     Defendant Wise admits that Governor Abbott issued a proclamation that limited mail ballot drop-off locations to one per county.  Defendant Wise admits that General Paxton filed

suit against the Harris County Clerk.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72.

**D.      Following a historically successful election, some Texas politicians made baseless allegations of cheating.**

73.      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 73.  Defendant Wise admits the truth of the allegations in the second sentence of paragraph 73.

74.      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.      Defendant Wise admits that there was no evidence of widespread voter fraud in El Paso County in the 2020 election.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76.

**E.      The Texas Legislature takes up anti-voter legislation.**

77.      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78.      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78.

79.      Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

80.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.

81.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81.

82.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82.

83.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83.

84.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84.

85.     Defendant Wise admits the allegations contained in paragraph 85.

86.     Defendant Wise admits the allegations in paragraph 86.

87.     Defendant Wise admits the allegations in paragraph 87.

88.     Defendant Wise admits that November 8, 2022 is a scheduled Uniform Election Date.

**F.      State officials, including the Secretary, commence a "forensic audit" of Texas elections.**

89.     Defendant Wise admits the allegations in paragraph 89.

90.     Defendant Wise admits the allegations in paragraph 90.

91.     Defendant Wise admits the allegations in paragraph 91.

92.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

**G.      State officials, including the Attorney General, support increased criminal penalties for so-called "illegal voting."**

93.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 93.

94.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

95.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

**H.    SB1 imposes burdens that will discourage, intimidate and deter eligible Texas voters, and will disproportionately impact voters of color and voters with disabilities.**

97.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**1.    SB1 restricts the ability of eligible Texans, including voters who have limited English proficiency, disabilities, and less formal education, to access voter assistance.**

98.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

99.     Defendant Wise admits that section 6.04 of SB1 limits the type of assistance that a voter can receive to "reading the ballot to the voter, directing the voter to read the ballot, marking the voter's ballot, or directing the voter to mark the ballot."  Defendant Wise lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 99.

100.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100.

101.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101.

102.    Defendant Wise admits the allegations in paragraph 102.

103.    Defendant Wise admits the allegations in the first sentence of paragraph 103. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 103.

104.    Defendant Wise admits the allegations in the first sentence of paragraph 104. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 104.

105.    Defendant Wise admits the allegations in the first sentence of paragraph 105. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 105.

106.    Defendant Wise admits the allegations in the first sentence of paragraph 106. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 106.

107.    Defendant Wise admits the allegations in the first and second sentences of paragraph 107.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 107.

108.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 108. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**109.**    Defendant Wise admits the first sentence of paragraph 109.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 109.

**110.**    Defendant Wise admits the second and third sentences of paragraph 110.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 110.

**111.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111.

**2.**    **SB1 opens the door to intimidation and misconduct at the polls by tying the hands of poll workers and election officials.**

**112.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112.

**113.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113.

**114.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**115.**    Defendant Wise admits the allegations contained in the first and second sentences

of paragraph 115. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 115.

116. Defendant Wise admits the allegations in the first sentence of paragraph 116. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 116.

117. Defendant Wise admits the allegations in the first sentence of paragraph 117. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 117.

118. Defendant Wise admits the allegations in the first sentence of paragraph 118. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 118.

119. Defendant Wise admits the allegations in paragraph 119.

120. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

121. The allegations in the first sentence of paragraph 121 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 121 at this time. Defendant Wise admits that under section 4.09, it may be unlawful or an election worker to take "any action" if it renders "observation not reasonably effective," but avers that the full text of SB1 speaks for itself.

**122.**     Defendant Wise admits the allegations in paragraph 122.

**123.**     Defendant Wise admits the allegations in paragraph 123.

**124.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**125.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

   **3.**     **SB1 prohibits voting procedures that facilitated record voter participation in 2020, despite no evidence that these measures contribute to voter fraud.**

**126.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**127.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 127.  Defendant Wise admits the second sentence of paragraph 127.

**128.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 at this time.  Notwithstanding, Defendant Wise

avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

129.     Defendant Wise admits the allegations in paragraph 129, but avers that the full text of SB1 speaks for itself.

130.     Defendant Wise admits the second sentence of paragraph 130, but avers that the full text of SB1 speaks for itself.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 130.

**4.     SB1 criminalizes otherwise lawful voter assistance by community-based non-partisan organizations through vague and overbroad "vote harvesting" prohibitions.**

131.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131.

132.     Defendant Wise admits the allegations in paragraph 132, but avers that the full text of SB1 speaks for itself.

133.     Defendant Wise admits the allegations in paragraph 133.

134.     Defendant Wise admits that section 7.04 of SB1 does not define "in-person interaction."  The remaining allegations in paragraph 134 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 134.  Defendant Wise avers that the full text of SB1 speaks for itself.

135.     The allegations in paragraph 135 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 135.  Defendant Wise avers that the full text of SB1 speaks for itself.

**136.** The allegations in paragraph 136 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 136.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.  Defendant Wise avers that the full text of SB1 speaks for itself.

**137.** The allegations in paragraph 137 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 137.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout. Defendant Wise avers that the full text of SB1 speaks for itself.

     **5.** **SB1's signature requirement burdens the rights of voters with disabilities.**

**138.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**139.** Defendant Wise admits the first two sentences of paragraph 139.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 139.

**6.     SB1 further burdens state officials and expands investigation of voter registration applicants and registered voters, despite no evidence of widespread voter fraud.**

140.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140.

141.     Defendant Wise admits the third sentence of paragraph 141.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 141.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

142.     Defendant Wise admits the first sentence of paragraph 142. The remaining allegations in paragraph 142 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 at this time.

143.     The allegations in paragraph 143 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 at this time.

144.     Defendant Wise admits the first two sentences in paragraph 144.  The remaining allegations in paragraph 144 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144 at this time.

145.     Defendant Wise admits the first four sentences of paragraph 145.  The remaining allegations in paragraph 145 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 145 at this time.

## I.    SB1 Will Harm Plaintiffs.[131]

146.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146.

147.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147.

148.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148.

149.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149.

150.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150.

151.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151.  Defendant Wise avers that the full text of SB1 speaks for itself.

152.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152.

153.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153.

154.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

155.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 155.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

156.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

157.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph  157.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

158.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

159.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose

burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**160.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**161.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**162.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**163.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163.

**164.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164.

**165.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165.  Notwithstanding, Defendant Wise avers that

the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

166.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

167.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

168.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 168.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

169.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169.

170.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose

burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

171.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 171.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

172.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 172.

173.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

174.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174.

175.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 175. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

176.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176. Notwithstanding, Defendant Wise avers that

the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

177.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 177.

178.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 178.

179.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 179. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

180.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 180. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

181.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 181. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

182.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 182. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**183.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 183.

**184.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 184.

**185.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185.

**186.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 186. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**187.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 187. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**188.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 187. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose

burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

189.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 189. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

190.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 190. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

191.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 191.

192.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

193.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 193. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful

voter turnout.

194.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

195.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 195.

196.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 196. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

197.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 197. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

198.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 198. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

199.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

200.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 200. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

201.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 201.

202.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 202.

203.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 203. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

204.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 204.

205.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 205. Notwithstanding, Defendant Wise avers that

the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

206. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 206. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

207. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 207. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

208. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 208.

209. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 209. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

210. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 210. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose

burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

211.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 211. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

212.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 212.

213.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 213.

214.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 214.

215.    Defendant Wise admits that SB1 creates risk of criminal prosecution for any "person" serving at a location "in an official capacity" who takes "any action to obstruct the view of a watcher or distance the watcher from [the observed activity] in a manner that would make observation not reasonably effective," and avers that the full text of SB1 speaks for itself. Defendant Wise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 215.

### COUNT I
### Against Defendants Scott, Paxton, Scarpello and Wise
### SB1 violates the First and Fourteenth Amendment of the U.S. Constitution.

216.    Defendant Wise restates and incorporates her answers to paragraphs 1 through 215 as though fully set forth herein.

217.    Paragraph 217 states which claims Plaintiffs purport to bring against Defendants

Scott, Scarpello, Wise, and Paxton.  No response to paragraph 217 is required.

218.    The allegations in paragraph 218 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 218 at this time.

219.    The allegations in paragraph 219 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 219 at this time.

220.    The allegations in paragraph 220 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 220 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

221.    The allegations in paragraph 221 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 221 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

222.    The allegations in paragraph 222 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 222 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

223.    The allegations in paragraph 223 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 223 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

224.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 224 at this time.

225.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 225 at this time.

226.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 226 at this time.

227.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 227 at this time.

228.    The allegations in paragraph 228 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 228 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that

are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**COUNT II**
**Defendants Scott, Paxton, Scarpello and Wise**
**SB1 Violates the Fourteenth Amendment of The U.S. Constitution**

229.    Defendant Wise restates and incorporates her answers to paragraphs 1 through 228 as though fully set forth herein.

230.    Paragraph 230 states which claims Plaintiffs LUPE, Friendship-West, ADL, SVREP, Texas Impact, MABA-TX, Texas HOPE, JOLT Action, WCVI, and FIEL purport to bring against Defendants Scott, Scarpello, Wise, and Paxton.  No response to paragraph 230 is required.

231.    Defendant Wise admits the allegations in paragraph 231.

232.    Defendant Wise admits the allegations in paragraph 232.

233.    Defendant Wise admits the allegations in paragraph 233.

234.    Defendant Wise admits the first sentence of paragraph 234.  The allegations in paragraph 234 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 234 at this time.

235.    The allegations in paragraph 235 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 235 at this time.

236.    The allegations in paragraph 236 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 235 at this time.

237.    Defendant Wise admits that Texas has historically discriminated against African

Americans and Hispanics in the voting-rights context. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 237.

238.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 237.

239.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 239. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

240.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 240.

241.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 241.

242.    The allegations in paragraph 242 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 242.

### COUNT III
### Against Defendants Scott, Paxton, Scarpello and Wise
### SB1 Violates the Fifteenth Amendment of the U.S. Constitution

243.    Defendant Wise restates and incorporates her answers to paragraphs 1 through 242 as though fully set forth herein.

244.    Paragraph 244 states which claims Plaintiffs LUPE, Friendship-West, ADL, SVREP, Texas Impact, MABA-TX, Texas Hope, JOLT Action, WCVI, and FIEL bring against

Defendants Scott, Scarpello, Wise, and Paxton. No response to paragraph 244 is required.

**245.**   Defendant Wise admits the allegations in paragraph 245.

**246.**   The allegations in paragraph 246 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 246 at this time.

**247.**   The allegations in paragraph 247 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 247 at this time.

**248.**   The allegations in paragraph 248 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 248 at this time.

**249.**   The allegations in paragraph 248 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 248 at this time.

**250.**   Defendant Wise admits that Texas has historically discriminated against African Americans and Hispanics in the voting-rights context. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 250.

**251.**   Defendant Wise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 251.

252.    The allegations in paragraph 252 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 252 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

253.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 253.

254.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 254. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

255.    The allegations in paragraph 255 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 255 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

## COUNT IV

**Against All Defendants**
**SB1 discriminates against minority voters**
**in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, *et seq.***

256.    Defendant Wise restates and incorporates her answers to paragraphs 1 through 255

as though fully set forth herein

**257.** Paragraph 257 states which claims Plaintiffs LUPE, Friendship-West, ADL, SVREP, Texas Impact, MABA-TX, Texas Hope, JOLT Action, WCVI, and FIEL bring against all Defendants. No response to paragraph 257 is required.

**258.** The allegations in paragraph 258 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 258 at this time.

**259.** The allegations in paragraph 259 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 259 at this time.

**260.** The allegations in paragraph 260 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 260 at this time.

**261.** The allegations in paragraph 261 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 261 at this time.

**262.** Defendant Wise admits that Texas has historically discriminated against African Americans and Hispanics in the voting-rights context. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

paragraph 262.

263.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 263.

264.    The allegations in paragraph 264 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 265 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

265.    The allegations in paragraph 265 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 265 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

266.    The allegations in paragraph 266 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 266 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**COUNT V**
**Against All Defendants**
**SB1 impedes voters' practical ability to get necessary and statutorily guaranteed assistance in violation of Section 208 of the Voting Rights Act, 52 U.S.C. § 10508.**

**267.** Defendant Wise restates and incorporates her answers to paragraphs 1 through 266 as though fully set forth herein.

**268.** Paragraph 268 states which claims Plaintiffs LUPE, SVREP, Texas Impact, JOLT Action, and FIEL bring against all defendants. No response to paragraph 268 is required.

**269.** Defendant Wise admits the allegations in paragraph 269.

**270.** The allegations in paragraph 270 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 270 at this time.

**271.** The allegations in paragraph 271 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 271 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**272.** The allegations in paragraph 272 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 272 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**COUNT VI**
**Against All Defendants**
**SB1 discriminates against voters on the basis of a disability**
**in violation of Title II of the Americans with Disability Act, 42 U.S.C. § 12131, *et seq*.**

**273.**     Defendant Wise restates and incorporates her answers to paragraphs 1 through 272 as though fully set forth herein.

**274.**     Paragraph 274 states which claims Plaintiffs LUPE, SVREP, Texas Impact, JOLT Action, and FIEL purport to bring against all Defendants. No response to paragraph 274 is required.

**275.**     Defendant Wise admits the allegations in paragraph 275.

**276.**     Defendant Wise admits the allegations in paragraph 276.

**277.**     Defendant Wise admits the allegations in paragraph 277.

**278.**     Defendant Wise admits the allegations in the first sentence of paragraph 278. The remaining allegations in paragraph 278 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 278 at this time.

**279.**     Defendant Wise admits the allegations in paragraph 279.

**280.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 280.

**281.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 281.

**282.**     The allegations in paragraph 282 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 282 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that

are not necessary to conduct secure elections and that may suppress lawful voter turnout.

283. The allegations in paragraph 283 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 283 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

284. Defendant Wise lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 284.

285. Defendant Wise lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 285.

286. Defendant Wise lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 286.

### COUNT VII
**Against Defendants Scott and Paxton**
**Section 7.04 of SB1 is unconstitutionally vague and burdens free speech**
**in violation of the First and Fourteenth Amendments to the U.S. Constitution.**

287. Defendant Wise restates and incorporates her answers to paragraphs 1 through 286 as though fully set forth herein.

288. Paragraph 288 states which claims Plaintiffs LUPE, SVREP, JOLT Action, FIEL, ADL, MABA-TX, and Texas Hope purport to bring against Defendants Scott and Paxton. No response to paragraph 288 is required.

289. Defendant Wise admits the allegations in paragraph 289.

290. The allegations in paragraph 290 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 200 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

291.    The allegations in paragraph 291 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 290 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

292.    The allegations in paragraph 292 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 292 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

293.    Defendant Wise admits sentences two and three of paragraph 293, except for the "confusing[]" characterization in second sentence. The remaining allegations in paragraph 293 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 293 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections

and that may suppress lawful voter turnout.

294.   The allegations in paragraph 294 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to support a belief as to the truth of the allegations in paragraph 294 at this time.

295.   Defendant Wise lacks knowledge or information sufficient to support a belief as to the truth of the allegations in paragraph 295.

296.   The allegations in paragraph 296 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 296 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

297.   The allegations in paragraph 297 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 280 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

298.   The allegations in paragraph 298 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 298 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions

of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

299.    The allegations in paragraph 299 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 299 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

300.    The allegations in paragraph 300 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 300 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

301.    The allegations in paragraph 301 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 301 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

302.    The allegations in paragraph 302 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 302 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

<div align="center">

**COUNT VIII**
**Against Defendants Scott and Paxton**
**Section 4.09 of SB1 is unconstitutionally vague**
**in violation of the Fourteenth Amendment to the U.S. Constitution**

</div>

**303.**　Defendant Wise restates and incorporates her answers to paragraphs 1 through 302 as though fully set forth herein.

**304.**　Paragraph 304 states which claims Plaintiffs Friendship-West, Texas Impact, and Lewin purport to bring against Defendants Scott and Paxton. No response to paragraph 304 is required.

**305.**　Defendant Wise admits the allegations in paragraph 305.

**306.**　Defendant Wise admits the allegations in paragraph 306.

**307.**　Defendant Wise admits the allegations in paragraph 307.

**308.**　Defendant Wise lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 308. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**309.**　Defendant Wise lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 309. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

310.     Defendant Wise lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 310. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

311.     The allegations in paragraph 311 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 311 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**COUNT IX**
**Against Defendants Scott, Paxton, Scarpello and Wise**
**SB1 violates the Supremacy Clause of the U.S. Constitution.**

312.     Defendant Wise restates and incorporates her answers to paragraphs 1 through 311 as though fully set forth herein.

313.     Paragraph 313 states which claims Plaintiffs LUPE, SVREP, Texas Impact, JOLT Action, and FIEL purport to bring against Defendants Scott, Paxton, Scarpello, and Wise.   No response to paragraph 313 is required.

314.     Defendant Wise admits the allegations in paragraph 314.

315.     Defendant Wise admits the allegations in paragraph 315.

316.     The allegations in paragraph 316 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 316 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions

of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

317.    The allegations in paragraph 317 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2317at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

318.    Defendant Wise admits the allegations in paragraph 318.

319.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 319.

320.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 320.

321.    Defendant Wise admits the first sentence of paragraph 321.   The remaining allegations of paragraph 321 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 321 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

322.    The allegations in paragraph 322 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 322 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

323.    The allegations in paragraph 323 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 323 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

## COUNT X
### Against Defendants Scott, Paxton, Scarpello and Wise
### SB1 violates the First and Fourteenth Amendments of the U.S. Constitution.

324.    Defendant Wise restates and incorporates her answers to paragraphs 1 through 323 as though fully set forth herein.

325.    Paragraph 324 states which claims Plaintiffs LUPE, SVREP, Texas Impact, JOLT Action, FIEL, ADL, and MABA-TX purport to bring against all Defendants. No response to paragraph 325 is required.

326.    Defendant Wise admits the allegations in paragraph 326.

327.    Defendant Wise admits the allegations in paragraph 327.

328.    The allegations in paragraph 328 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 328 at this time.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

329.     The allegations in paragraph 329 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 329 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

330.     The allegations in paragraph 330 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 330 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

## PRAYER FOR RELIEF

The allegations under the Prayer for Relief heading purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained under the Prayer for Relief heading at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

## DEFENSES

Defendant Wise sets forth her defenses below. By setting forth these defenses, Defendant Wise does not assume the burden of proving any fact, issue, or element of a cause of action where

such burden properly belongs to Plaintiffs. Nothing stated here is intended to or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiffs' allegations. As separate and distinct defenses, Defendant Wise alleges as follows:

### FIRST DEFENSE

### (No Entitlement to Attorneys' Fees)

1.      Plaintiffs' claims for attorneys' fees are barred to the extent they are asserted against Defendant Wise, who has no liability for any award of attorneys' fees in this action.

### SECOND DEFENSE

### (Fault of Others)

2.      Plaintiffs' claims are barred to the extent that any damages are due to the fault or responsibility of persons and entities over whom Defendant Wise had no control.

### THIRD DEFENSE

### (Third-Party Responsibility)

3.      Plaintiffs' claims are barred to the extent that any party other than Defendant Wise is responsible or liable.

### RESERVATION OF RIGHTS

Defendant Wise presently has insufficient knowledge or information upon which to form a belief as to whether she may have additional unstated defenses. Defendant Wise reserves the right to assert any other defense that may be established during discovery and by the evidence and proceedings in this case.

Dated: December 15, 2021          Respectfully submitted,

                                  */s/ Orion Armon*
                                  Orion Armon (CO SBN 34923)
                                  **COOLEY LLP**
                                  1144 15th Street, Suite 2300
                                  Denver, CO 80202-2686
                                  Telephone: +1 720 566-4000
                                  Facsimile: +1 720 566-4099
                                  oarmon@cooley.com

                                  **COOLEY LLP**
                                  Kathleen Hartnett* (CA SBN 314267)
                                  khartnett@cooley.com
                                  Beatriz Mejia* (CA SBN 190948)
                                  bmejia@cooley.com
                                  Sharon Song* (CA SBN 313535)
                                  ssong@cooley.com
                                  Kelsey Spector* (CA SBN 321488)
                                  kspector@cooley.com
                                  Angelica Leo* (CA SBN 334324)
                                  aleo@cooley.com
                                  3 Embarcadero Center, 20th Floor
                                  San Francisco, CA 94111-4004
                                  Telephone: +1 415 693-2000
                                  Facsimile: +1 415 693-2222

                                  **COOLEY LLP**
                                  Germaine Habell* (CA SBN 333090)
                                  ghabell@cooley.com
                                  4401 Eastgate Mall
                                  San Diego, CA 92121-1909
                                  Telephone: + 1 858-550-6196
                                  Facsimile: + 1 858-550-6420

                                  **STATES UNITED DEMOCRACY CENTER**
                                  Christine P. Sun* (CA SBN 218701)
                                  3749 Buchanan St., No. 475165
                                  San Francisco, CA 94147-3103
                                  Telephone: +1 615 574-9108
                                  christine@statesuniteddemocracy.org

Case 5:21-cv-00844-XR   Document 154   Filed 12/15/21   Page 54 of 55

STATES UNITED DEMOCRACY CENTER
Ranjana Natarajan (TX SBN 24071013)
1801 E 51st St., Suite 365, No. 334
Austin, TX 78723
Telephone: +1 323 422-8578
ranjana@statesuniteddemocracy.org

**STATES UNITED DEMOCRACY CENTER**
Zack Goldberg* (NY SBN 5579644)
86 Fleet Place, No. 6T
Brooklyn, NY 11201
Telephone: +1 917 656-6234
zack@statesuniteddemocracy.org

*Admitted pro hac vice*

*Attorneys for Lisa Wise, in her official capacity as the
El Paso County Elections Administrator*

## CERTIFICATE OF SERVICE

I certify that on the 15th day of December, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to counsel of record.

*/s/ Orion Armon*
Orion Armon