## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LA UNION DEL PUEBLO ENTERO, et al** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **Case No.: 5:21-CV-0848-XR,** |
| | § | **consolidated with 5:21-CV-0844-XR** |
| **GREGORY W ABBOTT, et al,** | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

## ANSWER OF DEFENDANT ISABEL LONGORIA, IN HER OFFICIAL CAPACITY AS THE HARRIS COUNTY ELECTIONS ADMINISTRATOR. TO HOUSTON JUSTICE, ET AL'S AMENDED COMPLAINT

Defendant ISABEL LONGORIA, in her official capacity as the Harris County Elections Administrator ("Defendant" or "Defendant Longoria") now files her Answer to the Amended Complaint (Dkt. 139) of Plaintiffs' Houston Justice, Houston Area Urban League, Delta Sigma Theta Sorority, Inc., the Arc of Texas, Mi Familia Vota, Marla López, Marlon López, Paul Rutledge, and Jeffrey Lamar Clemmons' ("Plaintiffs") Amended Complaint ("Complaint") and would respectfully show this Court as follows. Each numbered paragraph below responds to the corresponding number in the Amended Complaint (Dkt. 139).

1. Defendant admits the allegations in this paragraph.

2. Defendant admits the allegations in this paragraph.

3. Defendant admits the allegations in this paragraph.

4. Defendant admits the allegations in this paragraph.

5. Defendant admits the allegations in this paragraph.

6.  Defendant admits that voters were particularly motivated to vote. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

7.  Defendant admits the allegations in this paragraph.

8.  Defendant admits that Harris County took several measures to ensure voting access for the 2020 general election, including (1) increasing the county's election budget for the 2020 general election by $32 million (from $11.752 million in 2016 to $44 million in 2020); (2) moving the county clerk's election headquarters to a 100,000 square foot arena; (3) increasing the number of early voting polling locations from 46 in 2016 to 122 in 2020 and increasing the number of Election Day polling locations from 765 in 2016 to 807 in 2020, including one mail-in ballot drop-off location, drive-thru voting centers, and eight 24-hour polling locations; (4) increasing the number of voting machines by 50% at some polling places in the county; and (5) increasing the number of voting machines available at TSU from 8 for each party during the March primary election to 22 during the 2020 general election. Defendant denies the other allegations in this paragraph.

9.  Defendant admits that Harris County sought to expand access to the ballot and that Houston is a city with high populations of Black and Latino residents.  Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph.

10. Defendant admits that Governor Abbott issued an executive order restricting each county to maintain only one ballot drop-off location, irrespective of the county's size or population.

Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

11. Defendant admits the allegations in this paragraph.

12. Defendant admits the allegations in this paragraph.

13. Defendant admits the allegations in this paragraph.

14. Defendant admits the allegations in this paragraph.

15. Defendant admits the allegations in this paragraph.

16. Defendant admits the allegations in this paragraph.

17. Defendant admits the allegations in the first, second, third, and fifth sentences. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the fourth sentence.

18. Defendant admits the allegations in the first and third sentence. Defendant denies the allegations in the second and fourth sentence.

19. Defendant admits the allegations in this paragraph.

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence. Defendant admits that SB 1 prohibits election officials from automatically mailing eligible voters mail-in ballot applications. Defendant admits that signatures on mail-in ballots can be compared to signatures that are more than six years old. Defendant admits that SB 1 requires a monthly purging of voter rolls. The remaining allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to those allegations.

21. Defendant admits the allegations in the first sentence. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

22. Defendant admits the allegations in the first sentence. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the second sentence.

23. Defendant admits the allegations in the first sentence. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the second sentence.

24. Defendant admits the allegations in the first and second sentences. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the third sentence.

25. Defendant admits the allegations in this paragraph.

26. Defendant admits that Plaintiffs bring this lawsuit for the reasons stated in this paragraph. Defendant admits that Plaintiffs are challenging the enumerated sections of SB1. Defendant admits that the challenged provisions of SB1 will have the effect of burdening and restricting Black and Latino Texans' right to vote and the rights of voters with disabilities. Defendant lacks knowledge or information sufficient to form a belief as to what the challenged provisions were individually and cumulatively intended to do.

27. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence. The allegations in the second sentence consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to those allegations.

28. Defendant admits that Plaintiffs are seeking the relief described in this paragraph.

29. Defendant admits the allegations in this paragraph.

30. Defendant admits the allegations in this paragraph.

31. Defendant admits the allegations in this paragraph.

32. Defendant admits the allegations in this paragraph.

33. Defendant admits the allegations in this paragraph.

34. Defendant admits that Plaintiffs are challenging the sections of SB 1 enumerated in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

35. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

36. Defendant admits that she is prohibited from using public funds to facilitate a third party's distribution of applications to vote by mail to people who do not request an application. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

37. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

38. Defendant admits that Plaintiffs are challenging the sections of SB1 enumerated in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

39. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

40. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

41. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

42. Defendant admits that Plaintiffs are challenging the sections of SB1 enumerated in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

43. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

44. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

45. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

46. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

47. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

48. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

49. Defendant admits that Plaintiffs are challenging the sections of SB1 enumerated in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

50. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

51. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

52. Defendant admits that the Texas Legislature did not allow for remote testimony during COVID-19. Defendant admits that the disability community is at higher risk of contracting and experiencing fatal complications from the COVID-19 virus. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph

53. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

54. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

55. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

56. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

57. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

58. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

59. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

60. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

61. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

62. Defendant admits that Plaintiff is challenging the sections of SB1 enumerated in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

63. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

64. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

65. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

66. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

67. Defendant admits that Plaintiff is challenging the sections of SB1 enumerated in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

68. Defendant admits that Plaintiff is challenging the sections of SB1 enumerated in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

69. Defendant admits that Plaintiff is challenging the sections of SB1 enumerated in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

70. Defendant admits that Plaintiff is challenging the sections of SB1 enumerated in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

71. Defendant admits the allegations in this paragraph.

72. Defendant admits the allegations in this paragraph.

73. Defendant admits the allegations in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

74. Defendant admits that SB1 tasks the Secretary of State with creating forms to be completed by voter assistants and with implementing voter purges.  Defendant admits that the Secretary of State must refer alleged misconduct to the attorney general for further enforcement.  Defendant denies that the Attorney General has the power to unilaterally criminally prosecute alleged violations of the Texas Election Code.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

75. Defendant admits the allegations in this paragraph.

76. Defendant admits the allegations in this paragraph.

77. Defendant admits that Warren "Ken" Paxton is the Attorney General of Texas. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

78. Defendant denies that the Attorney General has authority to investigate and prosecute alleged violations of the Texas Election Code, including the provisions in SB1. Defendant admits that SB 1 authorizes the Attorney General is to seek civil fines against counties that do not comply. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

79. Defendant admits the allegations in this paragraph.

80. Defendant admits that the Attorney General has demonstrated a willingness to enforce the Election Code.  Defendant denies that the Attorney General has the power to unilaterally criminally prosecute alleged violations of the Texas Election Code.  Defendant admits the remaining allegations in this paragraph.

81. Defendant admits the allegations in this paragraph.

82. Defendant admits the allegations in this paragraph

83. Defendant admits that Texas has a lengthy history of racially discriminatory voting practices. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

84.  Defendant admits the allegations in this paragraph.

85. Defendant admits the allegations in this paragraph.

86. Defendant admits the allegations in this paragraph.

87. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

88. Defendant admits the allegations in this paragraph.

89. Defendant admits the allegations in this paragraph.

90. Defendant admits the allegations in this paragraph.

91. Defendant admits the allegations in this paragraph.

92. Defendant admits the allegations in this paragraph.

93.  Defendant admits the allegations in this paragraph.

94. Defendant admits the allegations in this paragraph.

95. Defendant admits the allegations in this paragraph.

96. Defendant admits the allegations in this paragraph.

97. Defendant admits the allegations in this paragraph.

98. Defendant admits the allegations in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the second sentence of this paragraph.

99. Defendant admits the allegations in this paragraph.

100. Defendant denies that Texas closed 750 polling locations. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph

101. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

102. Defendant lacks knowledge of information sufficient to form a belief as to the allegations in this paragraph.

103. Defendant admits the allegations in this paragraph.

104. Defendant admits that Latino voters are subject to distinct forms of discrimination and voter suppression. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

105. Defendant admits the allegations in this paragraph.

106. Defendant admits the allegations in this paragraph

107. Defendant admits the allegations in this paragraph.

108. Defendant admits the allegations in this paragraph.

109. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

110. Defendant admits the allegations in this paragraph.

111. Defendant admits the allegations in the first, second, third, and fourth sentences of this paragraph.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the fifth sentence.  Defendant admits the allegations in the sixth and seventh sentences of this paragraph.

112. Defendant admits the allegations in the first sentence of this paragraph.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the second sentence of this paragraph.

113. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

114. Defendant admits the allegations in this paragraph.

115. Defendant admits the allegations in this paragraph.

116. Defendant admits the allegations in this paragraph.

117. Defendant admits the allegations in this paragraph.

118. Defendant admits the allegations in the first and last sentence of this paragraph. Defendant denies that Harris County's election website imposes barriers on the ability of voters with disabilities to access their fundamental right to vote. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

119. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the first, second, and third sentences of this paragraph. Defendant admits the remaining allegations in this paragraph.

120. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

121. Defendant admits the allegations in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

122. Defendant admits the allegations in this paragraph.

123.  Defendant admits that there were long lines during the march 2020 primary election.

124. Defendant admits the allegations in this paragraph.

125. Defendant admits the allegations in this paragraph.

126. Defendant admits the allegations in this paragraph.

127. Defendant admits the allegations in this paragraph.

128. Defendant admits the allegations in this paragraph.

129. Defendant admits the allegations in the first and second sentences of this paragraph. Defendant admits that Mr. Hollins' decision to implement the S.A.F.E. Plan was also informed by Harris County's experience during previous elections like the March 2020 presidential primary. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

130. Defendant admits the allegations in this paragraph.

131. Defendant admits the allegations in this paragraph.

132. Defendant admits the allegations in this paragraph.

133. Defendant admits the allegations in this paragraph.

134. Defendant admits that drive-thru voting included all the traditional safety and security protocols of walk-in voting and that, in a traditional polling place, a few election officials sometimes monitor dozens of voting machines. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

135. Defendant admits the allegations in this paragraph.

136. Defendant admits the allegations in this paragraph.

137. Defendant admits that another part of Harris County's S.A.F.E. Plan involved helping eligible voters understand and avail themselves of alternative, safe voting methods. Defendant admits that one of the reasons under Texas law for allowing a voter to vote by mail is that the voter is over 65 years old. Defendant admits that the Harris County Clerk sent one round of vote-by-mail application to all registered voters in the county over the age of 65 who resided in the county and had not already applied to vote by mail.

138. Defendant admits the allegations in this paragraph.

139. Defendant admits the allegations in this paragraph.

140. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

141. Defendant admits the allegations in this paragraph.

142. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of this paragraph. Defendant admits the allegations in the second sentence of this paragraph.

143. Defendant admits the allegations in this paragraph.

144. Defendant admits the allegations in this paragraph.

145. Defendant admits the allegations in this paragraph.

146. Defendant admits the allegations in this paragraph.

147. Defendant admits the allegations in this paragraph.

148. Defendant admits the allegations in this paragraph.

149. Defendant admits the allegations in this paragraph.

150. Defendant admits the allegations in this paragraph.

151. Defendant admits the allegations in this paragraph.

152. Defendant admits the allegations in this paragraph.

153. Defendant admits the allegations in this paragraph.

154. Defendant admits the allegations in this paragraph.

155. Defendant admits the allegations in this paragraph.

156. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

157. Defendant admits the allegations in this paragraph.

158. Defendant admits the allegations in this paragraph.

159. Defendant admits the allegations in this paragraph.

160. Defendant admits the allegations in this paragraph.

161. Defendant admits the allegations in this paragraph.

162. Defendant admits the allegations in this paragraph.

163. Defendant admits the allegations in this paragraph.

164. Defendant admits the allegations in this paragraph.

165. Defendant admits the allegations in this paragraph.

166. Defendant admits the allegations in this paragraph.

167. Defendant admits that a version of SB7 passed on May 7 with a 78-64 vote. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

168. Defendant admits the allegations in this paragraph.

169. Defendant admits the allegations in this paragraph.

170. Defendant admits the allegations in this paragraph.

171. Defendant admits the allegations in this paragraph.

172. Defendant admits the allegations in this paragraph.

173. Defendant admits the allegations in this paragraph.

174. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

175. Defendant admits the allegations in this paragraph.

176. Defendant admits the allegations in this paragraph.

177. Defendant admits the allegations in this paragraph.

178. Defendant admits the allegations in this paragraph.

179. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

180. Defendant admits the allegations in this paragraph.

181. Defendant admits the allegations in this paragraph.

182. Defendant admits the allegations in this paragraph.

183. Defendant admits the first and second sentences of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the third sentence.

184. Defendant admits the allegations in this paragraph.

185. Defendant admits the allegations in this paragraph.

186. Defendant admits the allegations in this paragraph.

187. Defendant admits the allegations in this paragraph.

188. Defendant admits the allegations in this paragraph.

189. Defendant admits the allegations in this paragraph.

190. Defendant admits the allegations in this paragraph.

191. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

192. Defendant admits the allegations in the first, second, and third sentences of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the last sentence of this paragraph.

193. Defendant admits that Section 2.05 of SB1 requires monthly reviews of the voter rolls by the Texas Secretary of State's Office. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in the first sentence of this paragraph. Defendant admits the allegations in the second and third sentences of this paragraph.

194. Defendant admits the allegations in the first and fourth sentences of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the second and third sentences of this paragraph.

195. Defendant admits that Texas officials conducted a flawed review of the state's voter rolls and wrongly claimed that nearly 100,000 voters were not citizens. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

196. Defendant admits the allegations in this paragraph.

197. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

198. Defendant denies that the Attorney General has the power to unilaterally criminally prosecute alleged violations of the Texas Election Code.  The remaining allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

199. Defendant admits the allegations in this paragraph.

200. Defendant admits the allegations in this paragraph.

201. Defendant admits that, in previous elections, some voters have waited for longer than two hours to cast a ballot. Defendant admits that, during the March 2020 primary election, some voters remained in line hours after the polls closed. Defendant admits that, at Texas Southern University in Houston during the March 2020 primary election, some voters were still casting ballots six hours after polls closed. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

202. Defendant admits the allegations in this paragraph.

203. Defendant admits the allegations in the first, second, and fourth sentences of this paragraph. In response to the third sentence in this paragraph, Defendant admits that SB 1 limits early voting to the hours of 6:00 am until 10:00 pm on weekdays during early voting..

204. Defendant admits the allegations in the first, second, and fifth sentences of this paragraph. The third and fourth sentences of this paragraph consist of legal conclusions not subject to admission or denial.

205. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

206. Defendant admits the allegations in this paragraph.

207. Defendant admits the allegations in this paragraph.

208. Defendant admits that Texas Civil Rights Project's analysis shows that 53% of the voters who used Harris County drive-through option and 56% of the voters who voted during extended voting hours were Black, Hispanic, or Asian.

209. Defendant admits that, as implemented in Harris County, drive-thru voting included all the traditional safety and security protocols of walk-in voting. Defendant admits that Harris

County's high turnout was achieved without any evidence that its measures resulted in voter fraud or that the measures created opportunity for fraud. Defendant admits that Harris County's success demonstrates the benefits of voting options to expand access and stimulate voter engagement. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

210. Defendant admits the allegations in this paragraph.

211. Defendant admits that SB1 prohibits election officials from distributing a mail ballot application to anyone who has not requested one, prevents public officials from using public funds to allow another person to distribute mail ballot applications to anyone who has not requested one, and prevents early voting clerks from making any attempt to solicit a person to complete an application for a mail ballot if they have not requested one. Defendant admits that Section 7.04 of SB1 makes it a state jail felony for election officials to encourage eligible and potentially eligible voters to submit applications to vote by mail if they have not requested applications. Defendant admits that SB1 will increase burdens on voters interested in voting by mail. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

212. Defendant admits that it has in the past provided applications to requesting organizations. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

213. Defendant denies that the Attorney General has the power to unilaterally criminally prosecute alleged violations of the Texas Election Code.  The remaining allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the

extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

214. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

215. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

216. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

217. Defendant admits the allegations in the first and second sentences of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the third sentence.

218. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

219. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

220. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

221. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

222. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

223. Defendant admits that SB1 impedes mail-in voting and burdens voters who utilize this method. Defendant admits that the mail-in ballot application identification requirements increase the likelihood that a minor or inadvertent discrepancy will disqualify an application or a ballot. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

224. Defendant lacks knowledge or information sufficient to form belief as to the allegations in this paragraph.

225. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

226. Defendant admits that Harris County election judges were forced to intervene in respond to violations of the Texas Election Code by poll watchers. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

227. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

228. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

229. Defendant denies that the Attorney General has the power to unilaterally criminally prosecute alleged violations of the Texas Election Code. The remaining allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

230. Defendant admits the allegations in this paragraph.

231. Defendant admits that SB1 significantly increases the burden on people who assist voters. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

232. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

233. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

234. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

235. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

236. Defendant admits that the Secretary of State shall prescribe the form described in this paragraph. Defendant denies that the Attorney General has the power to unilaterally criminally prosecute alleged violations of the Texas Election Code. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

237. Defendant admits the allegations in this paragraph

238. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

239. Defendant denies that the Attorney General has the power to unilaterally criminally prosecute alleged violations of the Texas Election Code.  The remaining allegations in this

paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

240. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

241. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

242. Defendant denies that the Attorney General has the power to unilaterally criminally prosecute alleged violations of the Texas Election Code.  The remaining allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

243. Defendant admits the allegations in this paragraph.

244. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

245.  Defendant admits the allegations in this paragraph.

246. Defendant admits the allegations in this paragraph.

247. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

248. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

249. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

250. Defendant admits the allegations in this paragraph.

251. Defendant admits the allegations in this paragraph.

252. Defendant admits the allegations in this paragraph.

253. Defendant admits the allegations in this paragraph.

254. Defendant admits the allegations in this paragraph.

255. Defendant admits the allegations in this paragraph.

256. Defendant admits the allegations in this paragraph.

257. Defendant admits the allegations in this paragraph.

258. Defendant admits the allegations in this paragraph.

259. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

260. Defendant admits that Plaintiffs are challenging the sections of SB1 enumerated in this paragraph.

261. Defendant admits that Plaintiffs are challenging the sections of SB1 enumerated in this paragraph.

262. Defendant admits that Plaintiffs are challenging sections of SB1 enumerated in this paragraph.

263. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

264. Defendant admits that the Texas Legislature's purported justifations for SB1—prevention of voter fraud—is pretextual. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

265. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

266. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

267. Defendant admits that SB1 will harm Black, Latino, and other voters of color.

268. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

269. Defendant denies depriving Plaintiffs of their rights under either the United States Constitution or federal law. The remaining allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph,

270. Defendant admits the allegations in this paragraph.

271. Defendant admits the allegations in this paragraph.

272. Defendant admits the allegations in this paragraph.

273. Defendant admits the allegations in this paragraph.

274. Defendant admits the allegations in this paragraph.

275. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

276. Defendant admits that Plaintiffs are challenging the sections of SB1 enumerated in this paragraph.

277. Defendant admits that Plaintiffs are challenging the sections of SB1 enumerated in this paragraph.

278. Defendant admits that Plaintiffs are challenging the sections of SB1 enumerated in this paragraph.

279. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

280. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

281. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

282. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

283. Defendant admits the allegations in this paragraph.

284. Defendant admits the allegations in this paragraph.

285. Defendant admits the allegations in this paragraph.

286. Defendant admits the allegations in this paragraph.

287. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

288. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

289. Defendant denies depriving Plaintiffs of their rights under either the United States Constitution or federal law. The remaining allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

290. Defendant admits the allegations in this paragraph.

291. Defendant admits the allegations in this paragraph.

292. Defendant admits the allegations in this paragraph.

293. Defendant admits the allegations in this paragraph.

294. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

295. Defendant admits that Plaintiffs are challenging the sections of SB1 enumerated in this paragraph.

296. Defendant admits that Plaintiffs are challenging the sections of SB1 enumerated in this paragraph.

297. Defendant admits that Plaintiffs are challenging the sections of SB1 enumerated in this paragraph

298. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

299. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

300. Defendant denies depriving Plaintiffs of their rights under either the United States Constitution or federal law. The remaining allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

301. Defendant admits the allegations in this paragraph.

302. Defendant admits the allegations in this paragraph.

303. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

304. Defendant admits the allegations in this paragraph.

305. Defendant admits that Texas has a history of official discrimination. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

306. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

307. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

308. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

309. Defendant admits that Plaintiffs challenge the sections of SB1 enumerated in this paragraph.

310. Defendant admits that Plaintiffs challenge the sections of SB1 enumerated in this paragraph.

311. Defendant admits that Plaintiffs challenge the sections of SB1 enumerated in this paragraph.

312. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

313. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

314. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

315. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

316. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

317. Defendant denies violating Plaintiffs' rights under the Voting Rights Act. The remaining allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

318. Defendant admits the allegations in this paragraph.

319. Defendant admits the allegations in this paragraph.

320. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

321. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

322. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

323. Defendant admits that plaintiffs challenge the sections of SB1 enumerated in this paragraph.

324. Defendant admits that plaintiffs challenge the sections of SB1 enumerated in this paragraph

325. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent that a further response is required, Defendant lacks knowledge or information about the allegations in this paragraph.

326. Defendant denies depriving Plaintiffs of their rights under the Voting Rights Act. The remaining allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

327. Defendant admits the allegations in this paragraph.

328. Defendant admits the allegations in this paragraph.

329. Defendant admits that Plaintiff is challenging the sections of SB1 enumerated in this paragraph.

330. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

331. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

332. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

333. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

334. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

335. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

336. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

337.  Defendant admits the allegations in this paragraph.

338. Defendant admits that voting is a fundamental right. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

339. Defendant admits that Plaintiffs challenge the sections of SB1 enumerated in this paragraph.

340.  Defendant admits the allegations in this paragraph.

341. Defendant admits the allegations in this paragraph.

342. Defendant admits the allegations in this paragraph.

343. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

344. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

345. Defendant admits that she is the elections administrator for Harris County. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

346. Defendant admits the allegations in this paragraph.

347. Defendant admits the allegations in this paragraph.

348. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

349. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

350. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant denies discriminating against Plaintiffs on the basis of identity.

351. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

352. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

353. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

354. Defendant admits the allegations in this paragraph.

355. Defendant admits that Plaintiffs are challenging the sections for SB1 enumerated in this paragraph.

356. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

357. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

358. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

359. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

360. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

361. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

362. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

363. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

364. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

365. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

Respectfully submitted,

/s/ Sameer S. Birring
Christian D. Menefee
Harris County Attorney
Texas Bar No. 24088049
Christian.Menefee@cao.hctx.net
Jonathan Fombonne
First Assistant Harris County Attorney
Texas Bar No. 24102702

Jonathan.Fombonne@cao.hctx.net
Tiffany Bingham^
Managing Counsel
Texas Bar No. 24012287
Tiffany.Bingham@cao.hctx.net
Sameer S. Birring
Assistant County Attorney
Texas Bar No. 24087169
Sameer.Birring@cao.hctx.net
Christina Beeler^
Assistant County Attorney
Texas Bar No. 24096124
Christina.Beeler@cao.hctx.net
Susannah Mitcham^
Assistant County Attorney
Texas Bar No. 24107219
Susannah.Mitcham@cao.hctx.net
OFFICE OF THE HARRIS COUNTY ATTORNEY
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

*Attorneys for Defendant* ISABEL
LONGORIA, in her Official Capacity as
Harris County Elections Administrator


^ Application for admission pending

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing was served on December 15, 2021, in compliance with the Federal Rules of Civil Procedure to all counsel of record via the CM/ECF filing system.


/s/ Sameer S. Birring_____
Sameer S. Birring