IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY W. ABBOTT, *et al.*,<br><br>Defendants. | Civil Action No. 5:21-cv-844 (XR)<br>(Consolidated Cases) |

**STIPULATED PROTECTIVE ORDER**

The United States and Defendants the State of Texas and Secretary of State John Scott (collectively, "the Parties") acknowledge that, as necessary to litigate this case, they will exchange information from and analysis relating to electronically stored information pertaining to Texas voters held by the Texas Secretary of State and the Texas Department of Public Safety (collectively, "the Texas ESI").  The Texas ESI includes information concerning non-party Texas residents that is sensitive, private, personal, or confidential.  That information includes social security numbers, driver's license numbers, dates of birth, and other personally identifiable information.  Moreover, the Parties will exchange documents of a sensitive technical nature related to the Texas ESI that is not generally known to others or the public, and which would not normally be revealed to third parties except in confidence due to data-security and election-integrity concerns, including, for example, data dictionaries, user manuals, and other similar information (collectively, "the Texas ESI Documents").

The Parties have agreed that any Texas ESI and Texas ESI Documents produced shall not be disclosed or used except as appropriate and relevant in connection with this litigation.

Because of the sensitivity and risk associated with the disclosure of the information and the assurances that the Department of Justice can maintain the information safely and securely, the Parties have agreed to the following protocols to facilitate production and use in this litigation securely and effectively.[1]

Having reviewed and considered the protective order, and for good cause shown, it is hereby **ORDERED** that:

(1) Information produced in response to the United States' First Request for Production of Documents (hereinafter, "Defendants' production") and pursuant to this Stipulated Protective Order shall include, among other information, Ultrasensitive Information and other requested fields from the Texas databases in pipe-delimited text files or an alternative agreed-upon format, along with any supplemental information necessary to render the information reasonably useable to undertake an analysis of those data.

(2) The Court specifically finds that

   (a) Ultrasensitive Information is potentially relevant to the claims and defenses in this litigation and therefore necessary to be disclosed as described in this Protective Order, and

   (b) The terms of this Protective Order provide sufficient safeguards with respect to the use of such information.

(3) Information ordinarily exempted from public disclosure pursuant to federal or Texas law, including but not limited to the Privacy Act of 1974, 5 U.S.C. § 552a, and the Driver's

---

[1] The State of Texas and the Texas Secretary of State do not waive or concede any objections applicable to any request for Texas ESI and Texas ESI Documents, regardless of the discovery or trial device used to seek Texas ESI and Texas ESI Documents.

Privacy Protection Act, 18 U.S.C. §§ 2721-25, may be produced as described in this Protective Order.

(4) All "Personally Identifiable Information" (PII) contained in Defendants' production shall be designated "Ultrasensitive Information." As defined by the U.S. Department of Justice's Office of Information Policy, PII is "information that can be used to distinguish or trace an individual's identity, along or when combined with other information that is linked or linkable to a specific information." *See* U.S. Dep't of Justice, Order No. 0601 (Mar. 14, 2020). Consistent with that definition, Ultrasensitive Information includes but is not limited to:

   (a) The identity of a person who appears in the State's voter registration database;

   (b) The identity of a person who holds a Texas driver license, Texas personal identification card, or Texas election identification certificate;

   (c) The Social Security (full or partial), driver license, personal identification card, or election identification certificate number of an individual;

   (d) The month and day of birth of an individual;

   (e) The home address, telephone number, or email address provided by an individual;

   (f) The digitized signature of an individual; or,

   (g) The maiden name of an individual's mother.

(5) All information contained in Defendants' production which is of a sensitive technical nature and is not generally known to others or the public, such as data dictionaries, user manuals, and other similar information, and which would not normally be revealed to third parties except in confidence due to data-security and election-integrity concerns shall be designated "Ultrasensitive Information."

(6) The Ultrasensitive Information contained in Defendants' production shall be used solely for the purposes of the above-captioned consolidated lawsuits, including trial preparation, and shall not be made available to any person other than the following, who are subject to the terms of this Order:

    (a) Counsel for the United States and Defendants the State of Texas and Secretary of State John Scott who have appeared as counsel of record, their associates, staff, and assistants working at their direction on this litigation,

    (b) their experts and experts' staff working at the direction of individuals identified in (5)(a) on this litigation, and

    (c) the Court.

(7) All documents, including but not limited to motions, reports, or documents of any kind, containing Ultrasensitive Information shall be designated "Ultrasensitive" in a manner sufficient to notify a reasonable person of the designation. This provision does not apply to expert reports and related materials that do not contain individualized or specific underlying Ultrasensitive Information.

(8) The Parties shall adhere to the following procedures, which are necessary to facilitate the timely comparison and secure disclosure of Defendants' production:

    (a) By no later than the close of business on the business day following entry of this Order, the United States will provide Defendants the State of Texas and the Texas Secretary of State with an encrypted and secure portable hard drive via hand delivery to 209 W. 14th Street, Austin, Texas, 78701.

    (b) Defendants the State of Texas and the Texas Secretary of State shall produce information and data sought in the United States' First Set of Requests for

    Production of Documents, by copying it onto the secure hard drive provided by the United States.

(c) Defendants the State of Texas and the Texas Secretary of State shall complete production by returning the hard drive, then containing the requisite production materials, via hand delivery to counsel of record for the United States, as identified in Paragraph 5(a), by no later than January 17, 2022.

(d) Upon taking custody of Defendants' production, the United States will duplicate the contents of the hard drive it receives onto a second identical encrypted hard drive.  The United States will securely deliver one encrypted hard drive to its expert witness for analysis and retain physical possession of the second hard drive in the event a backup is needed.

(e) Any Ultrasensitive Information produced pursuant to this Stipulated Protective Order shall, at all times, remain in the sole custody of the United States and the United States' experts, experts' staff, and consultants who are working on this litigation; shall be kept in a locked and secured location when not in use or in transit; and shall not be opened, retrieved, or analyzed on any computer that is simultaneously connected to the Internet or any other network.

(f) Any materials subject to production pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(ii) that incorporates Ultrasensitive Information produced pursuant to this Stipulated Protective Order shall be produced exclusively to the State of Texas on an encrypted and secure portable hard drive via hand delivery to 209 W. 14th Street, Austin, Texas, 78701.

    (g) Except as otherwise prohibited by federal law (including but not limited to the Federal Records Act, 44 U.S.C. §§ 3301-14) or the law of Texas, at the conclusion of the litigation and the termination of any associated appeal rights, Defendants' production shall be returned to the State of Texas or securely destroyed by the United States within thirty (30) days, unless otherwise agreed by the Parties at that time.  Destruction shall be confirmed in writing to the Defendants the State of Texas and the Texas Secretary of State within seven (7) days of the destruction taking place.

(9) Upon providing information pursuant to this Stipulated Protective Order, the State of Texas and Secretary of State John Scott do not waive any objection to the admissibility of said information or any analysis based thereupon on the grounds of relevance, privilege, reliability, prejudice, or competency.

(10) Documents designated "Ultrasensitive" shall not be filed with the Court under any circumstance without first receiving agreement between the United States, the State of Texas, and Secretary of State John Scott and approval from the Court to file under seal following an *in camera* review.

(11) The inadvertent or unintentional disclosure of Ultrasensitive Information shall not be construed to be a waiver, in whole or in part, of the State of Texas's and Secretary of State John Scott's claims of confidentiality, either as to the specific confidential information or as to related information.

**SO ORDERED.**

Date:  December 23, 2021

                                                    HON. XAVIER RODRIGUEZ
                                                    UNITED STATES DISTRICT JUDGE