# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREGORY W. ABBOTT, *et al.*, <br><br> *Defendants*. | Case No. 5:21-cv-844-XR |
| OCA-GREATER HOUSTON, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOHN SCOTT, *et al,.* <br><br> *Defendants*. | Case No. 1:21-cv-780-XR |
| HOUSTON JUSTICE, *et al.,* <br><br> *Plaintiffs*, <br><br> v. <br><br> GREGORY WAYNE ABBOTT, *et al.*, <br><br> *Defendants*. | Case No. 5:21-cv-848-XR |
| LULAC TEXAS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOHN SCOTT, *et al.*, <br><br> *Defendants*. | Case No. 1:21-cv-786-XR |

| | |
|---|---|
| UNITED STATES OF AMERICA., § § § Plaintiffs, § § v. § § THE STATE OF TEXAS, *et al.*, § § § Defendants. § | Case No. 5:21-cv-1085-XR |

**STATE DEFENDANTS' MOTION TO CONSOLIDATE**

This Court consolidated these challenges to SB1 because "[t]he cases involve common questions of law and fact, and the interests of judicial economy dictate that the matters be consolidated." ECF 31 at 2. Now, a new SB1 challenge has been filed. Yesterday, the Attorney General was served with process in *Longoria v. Paxton*, No. 5-21-cv-1223 (W.D. Tex.), including an amended complaint and a preliminary-injunction motion. The State Defendants respectfully request that the Court consolidate the new case as well. The first-to-file rule and Federal Rule of Civil Procedure 42 support consolidation now for the same reasons that they supported consolidation before.

### BACKGROUND

When various plaintiffs brought overlapping challenges to SB1, the State Defendants moved to consolidate under the first-to-file rule and Rule 42. *See* ECF 24. This Court granted that motion based on "common questions of law and fact" as well as "the interests of judicial economy." ECF 31 at 2. The main case—the one into which the other cases were consolidated—was brought by, among other plaintiffs, Isabel Longoria. *See* ECF 1 ¶ 19. On December 1, 2021, Plaintiff Longoria voluntarily dismissed her claims. *See* ECF 138.

Shortly thereafter, however, Plaintiff Longoria and Cathy Morgan filed a new challenge to SB1. They raise a First and Fourteenth Amendment claim materially identical to the one Plaintiff Longoria raised before. *Compare* ECF 1 ¶¶ 189–97 (original complaint in *LUPE v. Abbott*), *with* No. 5:21-cv-1223, ECF 5 ¶¶ 44–46 (W.D. Tex. Dec. 27, 2021) (amended complaint in the new case). The

1

case was transferred and reassigned to this Court. *See* No. 5:21-cv-1223, ECF 8 (Dec. 28, 2021).

**ARGUMENT**

Both the first-to-file rule and Rule 42 support consolidation of the *Longoria* action.

**I.      The First-to-File Rule Supports Consolidation**

The first-to-file rule applies when parties file substantially similar lawsuits. *See Yeti-Coolers, LLC v. Beavertail Prods., LLC*, No. 1:15-cv-415, 2015 WL 4759297, at *1–2 (W.D. Tex. Aug. 12, 2015). It is designed "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (quotation omitted). For the rule to apply, the cases need only "overlap on the substantive issues," and need not be identical. *Mann Mfg. Inc. v. Hortex, Inc.*, 429 F.2d 403, 408 n.6 (5th Cir. 1971). The first-to-file rule both determines "which court may decide the merits of substantially similar cases," and "establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Sutter*, 125 F.3d at 917.

As the first-filed court, the Court has two roles. *First*, it should decide whether the *Longoria* action overlaps on the substantive issues with these consolidated cases. It clearly does, as this Court recognized in its Order of Transfer and Reassignment. *See* No. 5:21-cv-1223, ECF 8 (Dec. 28, 2021). (describing the cases as "related"). The amended complaint challenges the exact same law, SB1, and indeed several of the very same provisions that the other plaintiffs here are challenging. *Compare Longoria*, ECF 5 ¶¶ 13–36 (challenging SB1 § 7.04 and Texas Election Code § 276.016(a)), *with* ECF 136 ¶ 156 (LULAC amended complaint) (same); ECF 139 ¶¶ 78, 211 (Houston Justice amended complaint) (same); ECF 140 ¶ 31 n.23 (LUPE amended complaint) (same). The *Longoria* lawsuit also involves overlapping parties. Of course, Longoria herself was previous a plaintiff in these consolidated cases, and indeed her counsel continues to represent several of the LUPE Plaintiffs—the Friendship-West Baptist Church, Anti-Defamation League Austin, Southwest, and Texoma Regions, Texas

Impact, and James Lewin. *See* ECF 140 at pp. 93–95. And the Attorney General—the only defendant in the new suit—is named as a defendant in four of the other amended complaints. *See* ECF 136 ¶ 27 (LULAC); ECF 137 ¶ 40 (OCA-Greater Houston); ECF 139 ¶ 77 (Houston Justice); ECF 140 ¶ 36 (LUPE). Just like the other cases, the *Longoria* action is a case challenging the legality of SB1. There can be no doubt it substantially overlaps with the others.

*Second*, the Court should decide what to do with the substantially overlapping *Longoria* case. It should be consolidated here. As is the common practice, where "cases are . . . very similar, efficiency concerns dictate that only one court decide both cases." *Netlist, Inc. v. SK Hynix Inc.*, No. 6:20-cv-194, 2021 WL 2954095, at *2 (W.D. Tex. Feb. 2, 2021). Indeed, that is the very reason why the Court ordered that the original cases be consolidated. *See* ECF 31 at 2 ("The cases involve common questions of law and fact, and the interests of judicial economy dictate that the matters be consolidated.").

Even if consolidation were inappropriate, then the first-to-file rule would still support the *Longoria* case being "dismissed" or "stayed." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999) (quoting *Sutter*, 125 F.3d at 920). The Court should not simultaneously entertain two overlapping cases. Deciding the same issues twice, through separate judicial proceedings, would waste the Court's and the parties' resources. As discussed above, the Court can avoid that problem through consolidation, but if the Court decides not to consolidate, it should dismiss or stay the *Longoria* case, which would ensure that the two actions would not proceed simultaneously.

## II.     Rule 42 Also Supports Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure gives an additional basis for consolidation. It provides that a court may consolidate two or more related actions if they involve "a common question of law or fact." Fed. R. Civ. P. 42(a). Once that threshold condition is satisfied, consolidation is discretionary, but "[i]n this Circuit, district judges have been urged to make good use of Rule 42(a) . . . to expedite the trial and eliminate unnecessary repetition." *Gentry v. Smith*, 487 F.2d 571, 581

(5th Cir. 1973) (quotation omitted). Whether to consolidate is guided by five factors:

> (1) [W]hether the actions are pending in the same court; (2) whether there are common parties; (3) whether there are common questions of law or fact; (4) whether there is risk of prejudice or confusion versus a risk of inconsistent adjudications if the cases are tried separately; and (5) whether consolidation will promote judicial economy.

*Holmes v. City of San Antonio*, No. 5:21-cv-274, 2021 WL 2878551, at *1 (W.D. Tex. Mar. 30, 2021) (citing *Frazier v. Garrison Indep. Sch. Dist.*, 980 F.2d 1514, 1531–32 (5th Cir. 1993)).

These requirements are met. The *Longoria* action and the consolidated cases involve common questions of law and fact, most notably whether Section 7.04 of SB1 complies with the Constitution. They are pending before the same court and indeed the same division—the San Antonio Division of the Western District of Texas. Both Longoria and the Attorney General are common parties. There is no risk of confusion if the cases are consolidated because the plaintiffs seek only equitable relief, meaning there is no jury to be confused. On the other hand, these cases present identical legal issues, and consolidation would minimize the risk of inconsistent adjudications. Finally, consolidation would promote judicial economy by allowing all SB1 cases to proceed together, as the Court has previously recognized. *See* ECF 31 at 2 ("the interests of judicial economy dictate that the matters be consolidated."); *cf.* No. 5:21-cv-1223, ECF 8 (Dec. 28, 2021) (transferring the case "in the interest of judicial economy").

The cases should be consolidated in this action because the "common practice" in the Western District is "for cases to be consolidated into the first-filed case." *Holmes*, 2021 WL 2878551, at *2; *Settles v. United States*, No. 17-cv-1272, 2018 WL 5733195, at *2 (W.D. Tex. May 18, 2018).

## CONCLUSION

The State Defendants respectfully request that the Court consolidate *Longoria v. Paxton*, No. 5:21-cv-1223 (W.D. Tex.), into this case. In the alternative, the Court should dismiss without prejudice or stay the *Longoria* case until the Court has decided the challenges to SB1 in the consolidated case.

| | |
|---|---|
| Date: January 4, 2022 | Respectfully submitted. |
| | |
| KEN PAXTON | /s/ Patrick K. Sweeten |
| Attorney General of Texas | PATRICK K. SWEETEN |
| | Deputy Attorney General for Special Litigation |
| BRENT WEBSTER | patrick.sweeten@oag.texas.gov |
| First Assistant Attorney General | Tex. State Bar No. 00798537 |
| | |
| | WILLIAM T. THOMPSON |
| OFFICE OF THE ATTORNEY GENERAL | Deputy Chief, Special Litigation Unit |
| P.O. Box 12548 (MC-009) | will.thompson@oag.texas.gov |
| Austin, Texas 78711-2548 | Tex. State Bar No. 24088531 |
| Tel.: (512) 463-2100 | |
| Fax: (512) 457-4410 | **COUNSEL FOR DEFENDANTS** |

### CERTIFICATE OF CONFERENCE

I certify that I requested to confer with the parties concerning this motion on January 3, 2021. The United States, LUPE Plaintiffs, OCA-Greater Houston Plaintiffs, and Plaintiff Isabel Longoria are opposed to the relief sought. The LULAC Plaintiffs, Houston Justice Plaintiffs, and Mi Familia Vota Plaintiffs did not respond to Defendants' request to confer prior to the filing of this motion.

>/s/ Patrick K. Sweeten
>PATRICK K. SWEETEN

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on January 4, 2022, and that all counsel of record were served by CM/ECF.

>/s/ Patrick K. Sweeten
>PATRICK K. SWEETEN