**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 5:21-CV-0844-XR |
| | § | (Consolidated Cases) |
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

**PRIVATE PLAINTIFFS' JOINT RESPONSE IN OPPOSITION TO CONSOLIDATION**

The private Plaintiffs in these consolidated matters file this Joint Response in Opposition to the State's Motion to Consolidate (Dkt 172), which requests the Court consolidate *Longoria v. Paxton*, No. 5:21-cv-1223 (W.D. Tex.) into this case. The Court should deny that motion because (1) the *Longoria* case has no overlapping claims with the consolidated cases and involves no common questions of law or fact; (2) consolidation will needlessly complicate the issues in this case, cause delay, and undermine the interest of judicial economy; and (3) compelling circumstances exist to prevent consolidation—specifically, consolidation would result in Isabel Longoria being both a plaintiff and defendant in this case, preventing necessary coordination among Plaintiffs that the Court has previously directed and that will be necessary for an efficient resolution of this case.

*Background*

The instant case involves six lawsuits with numerous Plaintiffs each bringing claims challenging a variety of provisions of SB1 (Texas's 2021 omnibus elections bill) that were each consolidated here. Dkt 31. Prior to that consolidation, Isabel Longoria had been a Plaintiff in one of the cases with a single claim unique to her status as the Harris County Elections Administrator

1

that challenged the provision of SB1 that makes it a criminal offense for public officials and election officials to "solicit" mail ballot applications from voters who have not requested them (the "anti-solicitation provision") under the First Amendment. Dkt 1 at ¶¶ 189-97. Upon consolidation, Longoria appeared as a plaintiff as to her claim and as a defendant in three of the other consolidated cases due to her role in enforcement of the provisions of the Texas Election Code, with the Harris County Attorney's Office serving as her counsel across all four cases. This posed significant challenges for the consolidated Plaintiffs, who were asked by the Court to reach consensus on a variety of issues, both in the Court's September 30th consolidation order (Dkt 31), and at the Court's November 16th status conference.[1] Plaintiffs that had claims against Longoria had to consider the ethical ramifications of coordinating with her in her capacity as a plaintiff. In the meantime, State Defendants' counsel suggested that they would seek discovery of communications between Plaintiffs' respective counsels on the grounds that Longoria's status as both a plaintiff and a defendant terminated the existence of a common interest between the parties—a position certainly disputed by the Plaintiffs.

In recognition that her claim was unique among Plaintiffs in the consolidated cases and that it lacked any overlap with the other Plaintiffs' claims on questions of law or fact, Longoria dismissed her claim in the *LUPE* case without prejudice and re-filed it in a separate action, No. 5:21-cv-1223 (W.D. Tex. Dec. 27, 2021), for the express purpose of removing any obstacle to coordination between parties with common interests in the consolidated cases. *See* Dkt 138 (voluntary dismissal).  The *Longoria* Plaintiffs filed that case as a related matter and it was then reassigned to this Court. The *Longoria* Plaintiffs' claims would not decide or implicate any

---

[1] *See, e.g.*, Dkt 138, Ex. 1 (Status Conference Hearing Excerpt) ("THE COURT: . . . Even if you don't do an omnibus complaint, you-all really need to treat this almost as an MDL. You need to have one or two of your group serve as the lead lawyer to speak on behalf of discovery issues and so forth. We've got to make this case more manageable, and an MDL analogy makes most sense to me.").

findings of fact or conclusions of law in this case.  *See* 5:21-cv-1223, Dkt 5 (first amended complaint).

## *Argument*

### I.   **Neither Rule 42 nor the First-to-File Rule Warrant Consolidation**

The State contends in its motion that consolidation is appropriate under both the "first-to-file" rule and under Federal Rule of Civil Procedure 42(a).  Neither warrants consolidation.

The first-to-file rule is merely a particular application of Rule 42 that proscribes *where* a case should be consolidated, and which court should decide if consolidation is appropriate. Under Rule 42, "[d]istrict courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S.Ct. 1118, 1130 (2018). The same is true under the first-to-file rule, where "[e]ven when two cases substantially overlap . . . courts may exercise their discretion and decline to apply the rule based on 'compelling circumstances.'" *Hart v. Donista LLC*, 290 F. Supp. 3d 627, 630 (W.D. Tex. 2018) (citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)).  "The factors guiding the rule's application are ultimately 'equitable in nature,' and lower courts are left an 'ample degree of discretion.'" *Hart v. Donista LLC*, 290 F. Supp. 3d 627, 630 (W.D. Tex. 2018) (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952)) (citation omitted) (alterations in original). "Where the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011).

As the State Defendants recognize in their motion, a threshold question under Rule 42 and the first-to-file rule is whether the two actions "involve a common question of law or fact," Fed.

R. Civ. P. 42(a), and "[t]he burden is on the party seeking aggregation of . . . proceedings to show common factual or legal issues warranting it." *In re Repetitive Stress Injury Litig.*, 11 F. 3d 368, 374 (2d Cir. 1993).

In the State's Motion, the only attempt to identify the common factual or legal issue warranting consolidation, as required by Rule 42, is the State's assertion that "the consolidated cases involve common questions of law and fact, most notably whether Section 7.04 of SB1 complies with the Constitution." Dkt 172 at 4.  This singular statement, however, ignores that the two cases involve entirely different legal claims, brought by different parties, and that involve no common facts nor common question of law. Specifically, the Plaintiffs in the *Longoria* case argue that the anti-solicitation provision unconstitutionally chills their speech, *see* 5:21-cv-1223, Dkt 5 (first amended complaint) at ¶¶ 37–46, and none of the Plaintiffs in this case make that claim.[2] It is clear from a plain reading of the cases that the claims in the *Longoria* case do not overlap with any claims in this case, and will neither affect nor be affected by a judgment in this case, or vice versa.

The fact that both cases involve challenges to parts of SB1—which itself amends dozens of different sections of the Texas Election Code—is not sufficient to justify consolidation, as it does not serve the interest of judicial economy in any way to do so.  In fact, it undermines judicial economy by subjecting Plaintiffs in both cases to proceedings that are entirely irrelevant to their respective cases, causing unnecessary delay and complication, including the necessary involvement of the Plaintiffs in this case in preliminary injunction proceedings currently pending in the *Longoria* case that are irrelevant to the claims here.  Consolidation would save no resources of the Court either, as it would have to decide the issues presented in both cases regardless of

---

[2] While the *Longoria* case was filed as a "related" case to this one, this only represents that the claims in that case were previously before this Court, and is no indication of common issues of fact or law.

consolidation, since they do not rely on any overlapping factual allegations nor would they be decided by common legal conclusions.[3] Neither is it sufficient that certain Plaintiffs challenge the anti-solicitation provision at issue in the *Longoria* case when such challenge is based on wholly different, fact-intensive legal theories, that are, again, mutually irrelevant.[4]

## II.      Compelling Circumstances Necessitate Denying Consolidation

But even if the Court finds common questions of law and fact, "[c]onsolidation is improper if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). As described above, consolidation here would return the Plaintiffs to a situation that would make it difficult to adequately coordinate for an efficient resolution of this case, chill cooperation, and unnecessarily complicate this case by adding Isabel Longoria as a plaintiff in a consolidated case in which she is already named as a defendant.  This would complicate discovery, depositions, and the ability of the Plaintiffs to save judicial resources by filing joint briefing such as this response, at the very least. And, contrary to the State's assertion, it would almost certainly confuse the issues when this case eventually reaches trial.

### Conclusion

For the foregoing reasons, private Plaintiffs respectfully request that the Court deny the State Defendants' motion to consolidate.

Dated: January 9, 2022

---

[3] Indeed, as State Defendants' case citations demonstrate, the first-to-file rule generally involves cases filed in different courts, as there is little chance of conflicting rulings or comity issues in separate cases before the same judge. *See, e.g.*, *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 602 (5th Cir. 1999); *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997); *Netlist, Inc. v. SK Hynix Inc.*, No. 6:20-CV-00194-ADA, 2021 WL 2954095, at *2 (W.D. Tex. Feb. 2, 2021).

[4] Contrary to the State Defendants' assertion, to the extent any plaintiff groups in this litigation appear to challenge that provision, they do so on entirely different grounds, while each of the other complaints cited in the Defendants' motion merely mention that provision as background for the case.

Respectfully Submitted,

*/s/ Ryan V. Cox*
Mimi M.D. Marziani
Texas Bar No. 24091906
Ryan V. Cox
Texas Bar No. 24074087
Hani Mirza
Texas Bar No. 24083512
**TEXAS CIVIL RIGHTS PROJECT**
1405 Montopolis Drive
Austin, TX 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)
mimi@texascivilrightsproject.org
ryan@texascivilrightsproject.org
hani@texascivilrightsproject.org

Thomas Buser-Clancy
Texas Bar No. 24078344
Savannah Kumar
Texas Bar No. 24120098
Ashley Harris
Texas Bar No. 24123238
Andre Segura
Texas Bar No. 24107112
**ACLU FOUNDATION OF TEXAS, INC.**
5225 Katy Freeway, Suite 350
Houston, TX 77007
Telephone: (713) 942-8146
Fax: (915) 642-6752
tbuser-clancy@aclutx.org
skumar@aclutx.org
aharris@aclutx.org
asegura@aclutx.org

Adriel I. Cepeda Derieux*
Ari Savitzky*
Sophia Lin Lakin*
Samantha Osaki*
**AMERICAN CIVIL LIBERTIES UNION
FOUNDATION**
125 Broad St., 18th Floor
New York, NY 10004
(212) 284-7334
acepedaderieux@aclu.org
asavizky@aclu.org
slakin@aclu.org
sosaki@aclu.org

Susan Mizner*
**AMERICAN CIVIL LIBERTIES UNION
FOUNDATION**
39 Drumm St.
San Francisco, CA 94111
(415) 343-0781 (phone)
smizner@aclu.org

Lia Sifuentes Davis
Texas State Bar No. 24071411
Lucia Romano
Texas State Bar No. 24033013
**DISABILITY RIGHTS TEXAS**
2222 West Braker Lane
Austin, Texas 78758-1024
(512) 454-4816 (phone)
(512) 454-3999 (fax)
ldavis@drtx.org
lromano@drtx.org

Jerry Vattamala*
Susana Lorenzo-Giguere*
Patrick Stegemoeller*
**ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND**
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932 (phone)
(212) 966 4303 (fax)
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org
pstegemoeller@aaldef.org

Jessica Ring Amunson*
Urja Mittal*
**JENNER & BLOCK LLP**
1099 New York Ave. NW, Suite 900
Washington, DC 20001
(202) 639-6000
jamunson@jenner.com
umittal@jenner.com

*COUNSEL FOR PLAINTIFFS OCA-GREATER
HOUSTON, LEAGUE OF WOMEN VOTERS
OF TEXAS, REV-UP TEXAS, TEXAS
ORGANIZING PROJECT, and WORKERS
DEFENSE ACTION FUND*

  /s/ Nina Perales
Nina Perales (Tex. Bar No. 24005046)
Julia R. Longoria (Tex. Bar No. 24070166)
**MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND**
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210) 224-5382
nperales@maldef.org
jlongoria@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Jason S. Kanterman*
Kevin Zhen*
**FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP**
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
breanna.williams@friedfrank.com
jonathan.bash@friedfrank.com

Christopher Bell*
**FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP**
801 17th Street, NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
christopher.bell@friedfrank.com

*Attorneys for Plaintiffs*
LA UNIÓN DEL PUEBLO ENTERO,
SOUTHWEST VOTER REGISTRATION
EDUCATION PROJECT, MEXICAN
AMERICAN BAR ASSOCIATION OF
TEXAS, TEXAS HISPANICS ORGANIZED
FOR POLITICAL EDUCATION, JOLT
ACTION, WILLIAM C. VELASQUEZ
INSTITUTE, FIEL HOUSTON INC.

  /s/ Sean Morales-Doyle
Sean Morales-Doyle (NY Bar No. 5646641)
Eliza Sweren-Becker* (NY Bar No. 5424403)
Patrick A. Berry* (NY Bar No. 5723135)
Andrew B. Garber* (NY Bar No. 5684147)
Jasleen K. Singh* (Cal. Bar No. 316596)
**BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: (646) 292-8310
Facsimile: (212) 463-7308
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu
patrick.berry@nyu.edu
andrew.garber@nyu.edu
jasleen.singh@nyu.edu

Paul R. Genender (Tex. Bar No. 00790758)
Elizabeth Y. Ryan (Tex. Bar No. 24067758)
Matthew Berde* (Tex. Bar No. 24094379)
Megan Cloud (Tex. Bar No. 24116207)
**WEIL, GOTSHAL & MANGES LLP**
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
Paul.Genender@weil.com
Liz.Ryan@weil.com
Matt.Berde@weil.com
Megan.Cloud@weil.com

Alexander P. Cohen* (Tex. Bar No. 24109739)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8020
Facsimile: (212) 310-8007
Alexander.Cohen@weil.com

*Attorneys for Plaintiffs:*
FRIENDSHIP-WEST BAPTIST CHURCH,
ANTI-DEFAMATION LEAGUE AUSTIN,
SOUTHWEST, AND TEXOMA REGIONS,
TEXAS IMPACT, JAMES LEWIN

 /s/ Wendy J. Olson
Wendy J. Olson (admitted *Pro hac vice*)
Laura E. Rosenbaum (admitted *Pro hac vice*)
Marc Rasich (admitted *Pro hac vice*)
Elijah Watkins (admitted *Pro hac vice*)ng)
**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Sean Lyons
State Bar No. 00792280
Sean@lyonsandlyons.com
Clem Lyons
State Bar No. 12742000
Clem@lyonsandlyons.com
**LYONS & LYONS, P.C.**
237 W. Travis Street, Suite 100
San Antonio, Texas 78205
Telephone: (210) 225-5251
Telefax: (210) 225-6545

Courtney Hostetler (admitted *Pro hac vice*)
Ron Fein (admitted *Pro hac vice*)
John Bonifaz (admitted *Pro hac vice*)
Ben Clements (admitted *Pro hac vice*)
**FREE SPEECH FOR PEOPLE**
1320 Centre Street, Suite 405
Newton, MA 02459
(617) 249-3015
chostetler@freespeechforpeople.org
rfein@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org

*Attorneys for Plaintiffs Mi Familia Vota, Marla
López, Marlon López, and Paul Rutledge*

/s/*Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Kathryn E. Yukevich*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
unkwonta@elias.law
kyukevich@elias.law

*Counsel for LULAC Texas, Voto Latino, Texas
Alliance for Retired Americans, and Texas AFT*

REED SMITH LLP, NAACP LEGAL
DEFENSE & EDUCATIONAL FUND, INC.,
THE ARC OF THE UNITED STATES, INC.

Kenneth E. Broughton
Texas Bar No. 03087250
kbroughton@reedsmith.com
Lora Spencer
Texas Bar No. 24085597
lspencer@reedsmith.com
J. Keely Dulaney*
Texas Bar No. 24116306
kdulaney@reedsmith.com
**Reed Smith LLP**
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

Sarah M. Cummings
Texas Bar No. 24094609
**Reed Smith LLP**
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
scummings@reedsmith.com

Kathryn Sadasivan*
Amir Badat*
**NAACP Legal Defense and Educational
Fund, Inc.**
40 Rector Street, 5th Floor

New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592
ksadasivan@naacpldf.org
abadat@naacpldf.org

Jennifer A. Holmes*
Georgina Yeomans*
**NAACP Legal Defense and Educational
Fund, Inc.**
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 682-1300
Facsimile: (202) 682-1312
jholmes@naacpldf.org
gyeomans@naacpldf.org

Shira Wakschlag*
**The Arc of the United States, Inc.**
1825 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: (202) 534-3708
Facsimile: (202) 534-3731
Wakschlag@thearc.org

* Admitted Pro Hac Vice

*Counsel for Plaintiffs Houston Justice; Houston
Area Urban League; Delta Sigma Theta
Sorority, Inc.; The Arc of Texas; and Jeffrey
Lamar Clemmons*

## <u>CERTIFICATE OF SERVICE</u>

Undersigned counsel hereby confirms that all counsel of record in this case were served with the foregoing document by filing with the CM/ECF filing system on January 9, 2022 in accordance with the local rules of the court.

<i>/s/ Ryan V. Cox</i>         <br>Ryan V. Cox