IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*<br><br>-vs-<br><br>STATE OF TEXAS, JOHN SCOTT, IN<br>HIS OFFICIAL CAPACITY AS TEXAS<br>SECRETARY OF STATE;<br>    *Defendants* | §§§§§§§§§<br><br>SA-21-CV-01085-XR<br><br>(*Consolidated under* SA-21-CV-844-XR) |

### ORDER

On this date, the Court considered Missouri Secretary of State John Ashcroft's motion for leave to file an amicus brief (ECF No. 171) in support of the motion to dismiss filed by Texas Secretary of State John Scott and the State of Texas (ECF No. 145). After careful consideration, the motion is **DENIED**.

### BACKGROUND

These consolidated cases arise out of Texas's enactment of an omnibus voting bill, Senate Bill 1 ("SB 1"). In the days and weeks after the law was passed on August 31, 2021, numerous parties began filing complaints against the State of Texas and various Texas state officials (the "State Defendants") and local elections administrators, challenging certain provisions of SB 1 under the United States Constitution and various federal civil rights statutes. For the purpose of judicial economy, these were consolidated under the first filed case, *La Unión del Pueblo Entero v. Abbott*, No. 5:21-cv-844 (W.D. Tex. 2021) (the "Lead Case").[1]

On November 4, 2021, the United States filed an action (the "DOJ Action") against the State Defendants, alleging that the voter assistance provisions and mail-in ballot requirements of

---

[1] *See* ECF No. 31 (consolidating *OCA-Greater Houston v. Esparza*, No. 1:21-cv-780 (W.D. Tex. 2021); *Houston Justice v. Abbott*, No. 5:21-cv-848 (W.D. Tex. 2021); *LULAC Texas v. Esparza*, No. 1:21-cv-786 (W.D. Tex. 2021) and *Mi Familia Vota v. Abbott*, No. 5: 21-cv-920 (W.D. Tex. 2021).

SB 1 violated Section 208 of the Voting Rights Act and Section 101 of the Civil Rights Act of 1964. *See United States v. Texas*, No. 5:21-cv-1085, ECF No. 1 (W.D. Tex. 2021). The DOJ Action was thereafter consolidated under the Lead Case. *See id.*, ECF No. 13. On December 14, 2021, the State Defendants filed a motion to dismiss the DOJ Action. ECF No. 145. Missouri Secretary of State John Ashcroft now seeks leave to file an amicus brief in support of the State Defendants' motion based on his experience defending voter identification requirements in Missouri. ECF No. 171.

"The extent to which the court permits or denies *amicus* briefing lies solely within the court's discretion." *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007); *see also Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) ("The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.") (collecting cases). Indeed, "[n]o statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an *amicus* brief . . . ." *Deloitte Consulting LLP*, 512 F. Supp. 2d at 927.

In the absence of authority governing a district court's decision to grant or deny a nonparty's motion for leave to file an amicus brief, district courts commonly seek guidance from Rule 29 of the Federal Rules of Appellate Procedure, which establishes standards for filing an amicus brief in the United States Courts of Appeals. Rule 29 provides that an "amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing." FED. R. APP. P. 29(a)(2). A motion for leave to file an amicus brief should state "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." FED. R. APP. P. 29(a)(3). Nonetheless, "[a] district court must keep in mind the differences between the trial and appellate court forums in

2

determining whether it is appropriate to allow an *amicus curiae* to participate. Chief among those differences is that a district court resolves fact issues." *Club v. Fed. Emergency Mgmt. Agency*, No. CIV.A. H-07-0608, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007) (citing *Leigh v. Engle*, 535 F. Supp. 418, 422 (N.D. Ill. 1982)). "[A]n amicus who argues facts should rarely be welcomed." *Strasser v. Dooley*, 432 F.2d 567, 569 (1st Cir. 1970).

In general, a district court should consider whether the information offered through the amicus brief is "timely and useful" or otherwise necessary. *Club*, 2007 WL 3472851, at *1. "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the *amicus* has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate*, LLC, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (citing *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) and *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)). One court has cautioned that "a district court lacking joint consent of the parties should go slow in accepting . . . an *amicus* brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." *Strasser*, 432 F.2d 567, 569 (1st Cir. 1970).

Here, the parties are sophisticated and ably represented by counsel. While Mr. Ashcroft's experience defending voting legislation in Missouri may make him a valuable resource for the State Defendants, the Court has reviewed the proposed amicus brief (ECF No. 171-1) and finds no reason to believe that it will help the Court to adjudicate this matter. There is no reason to think that the Secretary of State of Missouri has greater "expertise in election administration" in Texas—or in general—than the Secretary of State of Texas. Indeed, it is not clear from the

proposed brief that Mr. Ashcroft is particularly familiar with the specific provisions of SB 1 that the United States has challenged. Rather, the brief offers general defenses of states' rights to "adopt measures to protect the integrity of the conduct of elections," including photo identification requirements not implicated in the DOJ Action. The brief also purports to offer evidence that "vote fraud is not a myth." *See* ECF No. 171-1 at 15–19 (citing, *inter alia*, historical accounts of voter impersonation in nineteenth-century New York City and similar in-person voter fraud in Kansas City in the 1930s). From these citations, it further appears that Mr. Ashcroft seeks to litigate fact issues; such a role is generally inappropriate for an *amicus*. *Strasser*, 432 F.2d at 569.

Finally, although the State Defendants consented to the filing of Mr. Ashcroft's amicus brief, the United States has not taken a position with respect to the motion. *See* ECF No. 171 at 1. Absent a "special interest" in the litigation, the Court should be "slow in accepting" such a brief. Mr. Ashcroft has not demonstrated that, as the Secretary of State of Missouri, he has any "special interest" in the administration of elections in another state that "justifies his having a say." *Strasser*, 432 F.2d at 569.

In sum, the Court concludes that the proposed *amicus* brief, though timely, is neither useful nor otherwise necessary. Accordingly, in its broad discretion, the Court **DENIES** Mr. Ashcroft's motion for leave to file an amicus brief (ECF No. 171) in support of the State Defendants' motion to dismiss the DOJ Action.

It is so **ORDERED**.

**SIGNED** this 11th day of January, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE