IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> GREGORY W. ABBOTT, et al., § <br>     Defendants. § | Case No. 5:21-CV-0844-XR <br> [Consolidated Cases] |

## OCA-GREATER HOUSTON PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs OCA-Greater Houston, League of Women Voters of Texas, REVUP-Texas, Texas Organizing Project, and Workers Defense Action Fund respectfully request that the Court grant leave to file their Second Amended Complaint, attached to this motion as Exhibit A. In light of the recent decision by the Texas Court of Criminal Appeals in *State v. Stephens*, No. PD-1032-20, 2021 WL 5917198 (Tex. Crim. App. Dec. 15, 2021), Plaintiffs seek to name the Harris County District Attorney and Travis County District Attorney as Defendants in their official capacities, add allegations concerning their individual conduct, and amend, in part, Plaintiffs' previous allegations as to Defendant Paxton.[1]

## BACKGROUND

On December 1, 2021, Plaintiffs filed their First Amended Complaint ("FAC") asserting claims related to the following provisions of Texas's onerous new voter law, known as SB 1: the restrictive mail-in ballot ID requirement, burdens on the right to assistance while voting, and criminalization of paid ballot collection services and paid interactions with voters in the presence of an official ballot. Dkt 137 at ¶ 91. As described in the First Amended Complaint, the Texas

---

[1] Plaintiffs also make certain clarifying edits to their First Amended Complaint, but do not add additional claims or change the nature of the case against the previously named defendants.

Attorney General ("AG") regularly relies on Section 273.021 of the Texas Election Code as a basis for independently prosecuting criminal offenses arising out of the Election Code. Plaintiffs bring Counts Four through Eight against the AG regarding SB 1 Sections 6.06 and 7.04, which include felony offenses, and Section 6.04, which modifies the oath that voters' assistants must take to include an affirmation "under penalty of perjury," subjecting the assistants to criminal liability.

Since the filing of Plaintiffs' First Amended Complaint, the Texas Court of Criminal Appeals held that Section 273.021 of the Election Code is unconstitutional and that the AG does not have constitutional or statutory authority to *independently* prosecute violations of the election code. *State v. Stephens*, No. PD-1032-20, 2021 WL 5917198, at *11 (Tex. Crim. App. Dec. 15, 2021) (not released for publication). Nevertheless, the *Stephens* court made clear that the AG may continue to prosecute criminal cases with "the consent and deputization order of a local prosecutor or the request of a district or county attorney for assistance." *Id.* at *10. On January 3, 2022, the State of Texas filed a motion for rehearing of the *Stephens* decision, requesting that opinion be vacated.[2]

While the issue of the AG's authority to prosecute election crimes is litigated, Plaintiffs seek to name two additional Defendants with clear independent authority to prosecute the criminal liability provisions of SB 1 at issue: Harris County DA Kim Ogg and Travis County DA José Garza, in their official capacities. Plaintiffs seek to name DA Ogg and DA Garza in Counts Four through Eight to enjoin their enforcement of SB 1 Sections 6.04 and 6.06 (relating to voter assistance) and 7.04 (relating to ballot collection). Plaintiffs also seek to clarify their allegations concerning Defendant Paxton in light of the *Stephens* decision, specifically to include Defendant

---

[2] *See* https://www.texasattorneygeneral.gov/news/releases/paxton-asks-court-criminal-appeals-reverse-its-decision-stripping-oag-authority-stop-election-fraud (press release and link to brief of AG's filing of motion for rehearing).

Paxton's authority and practice of prosecuting election code violations in conjunction with County officials—as this authority and practice will remain unaffected by *Stephens*.

The motion conforms to the Court's deadline for Plaintiffs to file any motions seeking leave to join parties, which is January 22, 2022. *See* Dkt 125.

## LEGAL STANDARD

Between the deadline for amending as a matter of course and trial, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Although determining "whether leave to amend should be granted is entrusted to the sound discretion of the district court," *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (cleaned up), "Rule 15(a) evinces a bias in favor of granting leave to amend," *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019) (cleaned up). Thus, "[t]he district court must have a substantial reason to deny a request for leave to amend." *Lyn-Lea*, 283 F.3d at 286 (cleaned up). "Permissible reasons for denying a motion for leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, futility of amendment, etc." *Life Partners Holdings*, 926 F.3d at 125.

## ARGUMENT

In light of the ruling in *Stephens* and the pending motion for rehearing, it is unclear whether Defendant Paxton has independent authority to prosecute election law crimes, including crimes arising out of SB 1 Sections 6.04, 6.06, and 7.04. Accordingly, Plaintiffs timely seek to add additional parties who certainly do have independent authority to prosecute such crimes and to clarify the remaining enforcement authority of Defendant Paxton.

Plaintiffs request the Court find that no "substantial reason" to deny leave to amend exists, s*ee Lyn-Lea*, 283 F.3d at 286, and that the "[p]ermissible reasons" enumerated by the Fifth Circuit to deny leave, *e.g.*, *Life Partners Holdings*, 926 F.3d at 125, are absent as to this motion. Specifically:

*There is no undue delay.* The Court of Criminal Appeals issued its decision on December 15, 2021, and the State's motion for rehearing was docketed on January 3, 2022. After the State filed that motion, Plaintiffs sought immediately to meet and confer with the AG's counsel. Plaintiffs do not expect that their Second Amended Complaint will have any effect on the arguments made by the State Defendants in their Motion to Dismiss filed on January 5, 2022, and intend to timely respond to that motion. Finally, Plaintiffs are filing this motion for leave to amend well in advance of the January 22, 2022 deadline set forth in the Court's Scheduling Order.

*There is no bad faith or dilatory motive, nor would Defendants face undue prejudice.* Plaintiffs seek only to ensure that their claims are efficiently litigated against the correct Defendants and with allegations that reflect the current (recently changed) state of the law and do not seek to delay litigation or prejudice any Defendants. Rather, seeking proactively to add the DA Defendants now, prior to the deadline to add parties, will avoid undue delay at any later stage of litigation, should the State fail to obtain reconsideration or reversal of *Stephens*.

*Plaintiffs have not failed to cure deficiencies by amendments previously allowed.* Plaintiffs previously filed their First Amended Complaint in accordance with the Court's instruction to do so on or before December 1, 2021, and could not have made the amendments requested here at that time, since the *Stephens* opinion was not issued for another two weeks after that date.

*Amendment is not futile*. There is no question that DA Ogg and Garza are empowered "'to prosecute the pleas of the state in criminal cases.'" *Stephens*, No. PD-1032-20, 2021 WL 5917198,

- 5 -

at *4 (quoting *Meshell v. State*, 739 S.W.2d 246, 254 (Tex. Crim. App. 1987)); *see also Baker v. Wade*, 743 F.2d 236, 242 n.28 (5th Cir. 1984) (county and district attorneys have been bestowed with the "exclusive responsibility and control of criminal prosecutions"). They are therefore proper defendants as to Plaintiffs' claims seeking an injunction against prosecution of any individual for purported violations of the provisions of SB 1 at issue.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that their Second Amended Complaint, enclosed as Exhibit A, be entered in this case, or in the alternative, respectfully request leave to file their Second Amended Complaint.

DATED: January 14, 2022

Respectfully Submitted,

By: /s/    Ryan V. Cox
Mimi M.D. Marziani
Texas Bar No. 24091906
Ryan V. Cox
Texas Bar No. 24074087
Hani Mirza
Texas Bar No. 24083512
Sarah Chen*
**TEXAS CIVIL RIGHTS PROJECT**
1405 Montopolis Drive
Austin, TX 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)
mimi@texascivilrightsproject.org
ryan@texascivilrightsproject.org
hani@texascivilrightsproject.org
schen@texascivilrightsproject.org

Thomas Buser-Clancy
Texas Bar No. 24078344
Savannah Kumar
Texas Bar No. 24120098
Ashley Harris
Texas Bar No. 24107112
Andre Segura
Texas Bar No. 24107112
**ACLU FOUNDATION OF TEXAS, INC.**
5225 Katy Freeway, Suite 350
Houston, TX 77007
Telephone: (713) 942-8146
Fax: (915) 642-6752
tbuser-clancy@aclutx.org
skumar@aclutx.org
aharris@aclutx.org
asegura@aclutx.org

Adriel I. Cepeda Derieux*
Ari Savitzky*
Sophia Lin Lakin*
Samantha Osaki*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad St., 18th Floor
New York, NY 10004
(212) 284-7334
acepedaderieux@aclu.org
asavitzky@aclu.org slakin@aclu.org
sosaki@aclu.org

Susan Mizner*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
39 Drumm St.
San Francisco, CA 94111
(415) 343-0781 (phone)
smizner@aclu.org

LIA SIFUENTES DAVIS
Texas State Bar No. 24071411
LUCIA ROMANO
Texas State Bar No. 24033013
**DISABILITY RIGHTS TEXAS**
2222 West Braker Lane
Austin, Texas 78758-1024
(512) 454-4816 (phone)
(512) 454-3999 (fax)
ldavis@drtx.org
lromano@drtx.org

Jerry Vattamala*
Susana Lorenzo-Giguere*
Patrick Stegemoeller*
**ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND**
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932 (phone)
(212) 966 4303 (fax)
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org
pstegemoeller@aaldef.org

Jessica Ring Amunson*
Urja Mittal*
**JENNER & BLOCK LLP**
1099 New York Ave. NW, Suite 900
Washington, DC 20001
(202) 639-6000
jamunson@jenner.com
umittal@jenner.com

*COUNSEL FOR PLAINTIFFS*

*admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2022, a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case File System of the Western District of Texas, in compliance with the Federal Rules of Civil Procedure.

/s/ *Ryan V. Cox*
Ryan V. Cox

**CERTIFICATE OF CONFERENCE**

I certify that on January 6, 2022, counsel for the Private Plaintiffs conferred with opposing counsel regarding the potential filing of this motion, and again on January 10, 2022, provided details about the contents of potential amendments. Counsel for the State Defendants indicated that they could not take a position on the motion without first seeing the draft amended complaint. At the Court's hearing on January 11, 2022, the Court recognized that position and instructed that the Private Plaintiffs file their motions to amend, permitting the State Defendants to take a position at that time.

/s/ *Ryan V. Cox*
Ryan V. Cox