UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al.,<br>　　　　　　　　*Plaintiffs*,<br>v.<br>GREGORY W. ABBOTT, et al.,<br>　　　　　　　　*Defendants.*<br>LULAC TEXAS, et al.,<br>　　　　　　　　*Plaintiffs*,<br>v.<br>JOHN SCOTT, et al.,<br>　　　　　　　　*Defendants.* | Lead Case No: 5:21-cv-844-XR<br><br><br><br>Consolidated Case No: 1:21-cv-0786-XR |

**PLAINTIFFS LULAC TEXAS, VOTO LATINO,
TEXAS ALLIANCE FOR RETIRED AMERICANS, AND TEXAS AFT'S
MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Plaintiffs LULAC Texas, Voto Latino, Texas Alliance for Retired Americans, and Texas AFT (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully move this Court for leave to file a Second Amended Complaint consistent with this Motion, attached hereto as **Exhibit A.** Plaintiffs seek to make two minor changes. First, Plaintiffs seek to add additional defendants in light of the Texas Court of Criminal Appeals' recent decision in *State v. Stephens*, --- S.W.3d ---, 2021 WL 5917198 (Tex. Crim. App. Dec. 15, 2021), which held that the Texas Attorney General can only prosecute criminal violations of the Texas Election Code in partnership with county or district attorneys. Second, Plaintiffs seek to expand Count II of their Complaint to encompass additional burdens on voters *requesting* absentee ballots, as well as those burdens on voters submitting absentee ballots. These minimal amendments will not delay the case or prejudice

any Defendant.[1] Accordingly, under the liberal standards enshrined in Fed. R. Civ. Pro. 15(a), this Motion should be granted.

## BACKGROUND

This case is one of six consolidated actions challenging Senate Bill 1's (SB 1) sweeping amendments to Texas's election laws, including provisions that impose criminal penalties for purported election law violations. The Texas Attorney General has repeatedly expressed his intent to prosecute such crimes. The Attorney General dedicated tens of thousands of staff hours and millions of dollars to investigating (and sometimes prosecuting) purported election fraud claims in the past two years. He has also repeatedly committed to enforcing the provisions of SB 1, including by forming the Texas Election Integrity Unit within his office to "monitor this season's local elections."[2] Accordingly, Plaintiffs' Complaint, ECF No. 1 (Case No. 1:21-cv-0786-XR), filed September 7, 2021, as well as Plaintiffs' First Amended Complaint, ECF No. 136, filed December 1, 2021, named the Texas Attorney General as a Defendant and sought a court order enjoining him from, among other things, enforcing SB 1 §§ 4.06, 4.09, 6.04, and 7.04, each of which create additional criminal offenses within the Texas Election Code.

On December 15, 2021, the Texas Court of Criminal Appeals issued a decision that clarified the scope of the Attorney General's authority to prosecute election law offenses (notwithstanding the Attorney General's own broad assertion of jurisdiction over such cases). *State v. Stephens*, --- S.W.3d ---, 2021 WL 5917198 (Tex. Crim. App. Dec. 15, 2021). The Court of

---

[1] In light of the Court's caution last week that Plaintiffs should consider responding to portions of the State Defendants' Motion to Dismiss, unless mooted by amendment, in order to ensure the instant matter continues to move expeditiously, Plaintiffs intend to file a response in opposition to the State Defendants' pending motion to dismiss by January 19, 2022, the deadline established by the relevant rules.

[2] *See, e.g.*, Jeff Bell, *Texas attorney general announces formation of '2021 Texas Election Integrity Unit'*, KVUE (Oct. 18, 2021), https://www.kvue.com/article/news/politics/texas-2021-election-integrity-unit/269-e5457d35-0524-4049-bd1c-19517bba5003.

Criminal Appeals held that the separation-of-powers clause in the Texas Constitution prohibited the Attorney General from unilaterally prosecuting election law offenses, requiring instead that any action to prosecute a criminal offense within the Texas Election Code, like SB 1 §§ 4.06, 4.09, 6.04, and 7.04, must be initiated by a local district or county attorney who voluntarily requests the Attorney General's assistance in such a matter. *Id.*

As a result of the Texas Court of Criminal Appeals' decision in *State v. Stephens*, Plaintiffs seek leave to include six District Attorneys as defendants: (1) Joe Gonzales, in his official capacity as Bexar County District Attorney; (2) José Garza in his official capacity as Travis County District Attorney; (3) Kim Ogg in her official capacity as Harris County District Attorney; (4) Ricardo Rodriguez, Jr., in his official capacity as Hidalgo County District Attorney; (5) John Creuzot in his official capacity as Dallas County District Attorney; and (6) Yvonne Rosales in her official capacity as the District Attorney for El Paso, Culberson, and Hudspeth Counties (collectively, the "District Attorney Defendants"). The District Attorney Defendants are empowered to investigate and prosecute violations of the Texas Election Code, including various provisions challenged in the instant lawsuit: SB 1 §§ 4.06, 4.09, 6.04, and 7.04. They are also empowered to invite the Attorney General to assist in the prosecution of criminal cases stemming from violations of the Texas Election Code.

The *Stephens* decision is not the only recent development that warrants this amendment. It was reported just a few days ago that Defendants Longoria, DeBeauvoir, and Callanen have rejected hundreds of absentee ballot applications as a result of the requirements imposed by SB 1 §§ 5.01–5.03, 5.07–5.08.[3] These alarming rejection rates show no signs of abating as the State nears its 2022 primary elections.

---

[3] *See, e.g.*, Alexa Ura, *Hundreds of mail-in ballot applications are being rejected under Texas' new voting rules*, Texas Tribune (Jan. 13, 2022), *available at* https://www.texastribune.org/2022/01/13/texas-voting-mail-rejections/.

Plaintiffs conferred with Defendants regarding this Motion. The State Defendants did not consent to the relief requested, Defendant Longoria consented to the relief requested, and the remainder of the County Defendants either did not consent or did not take a position.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave when justice so requires." *Id*. "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (collecting cases). The limited "reasons that might justify denial of permission to amend a pleading include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party." *Id*. In addition, "[a] court may weigh in the movant's favor any prejudice that will arise from denial of leave to amend," but that consideration is *only* necessary "if there are [otherwise] substantial reasons to deny the amendment." *Id.*  "Otherwise, rule 15(a) requires the trial judge to grant leave to amend whether or not the movant shows prejudice." *Id.*

## ARGUMENT

Leave to amend the Complaint to include the District Attorney Defendants and expand Plaintiffs' Fourteenth Amendment claim against the County Defendants should be granted. Plaintiffs seek leave to amend to ensure that they are able to obtain meaningful relief for each of their claims and to comprehensively present all the claims that are otherwise before the Court in Plaintiffs' Complaint. The need for amendment at this stage in the proceedings is due to an ensuing interpretation of Texas law issued by a Texas court, and new facts that have come to light as the

challenged provisions have been implemented. It is not the result of undue delay, bad faith, or any dilatory motive. Plaintiffs sought leave to amend shortly after each development.

Plaintiffs' proposed amendments will not delay proceedings. If anything, the proposed amendments lessen the possibility of delay as the instant matter proceeds. The provisions of SB 1 that Plaintiffs seek to challenge in Count II were also challenged by Plaintiffs under Section 2 of the Voting Rights Act. Nor should the amendment have any substantial impact on discovery; Plaintiffs' proposed amendments *narrow* the claims against the State Defendants, and Plaintiffs do not anticipate the need for extensive discovery from any of the District Attorney Defendants. Furthermore, the Court's Scheduling Order, ECF No. 125, explicitly contemplates that motions seeking leave to amend can be filed until January 22, 2022.

Finally, as noted, Plaintiffs intend to file their Opposition to the State Defendants' currently pending Motion to Dismiss, ECF No. 177, on January 19, 2022. The proposed amendment does not impact their claims against the State Defendants; as such, it should not delay disposition of that motion. For the reasons set forth above, granting this Motion will not cause any undue prejudice to Defendants and none of the limited reasons why leave to amend might properly be denied apply. *See Dussouy*, 660 F.2d at 598.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File a Second Amended Complaint should be granted.

Dated: January 18, 2022                                Respectfully submitted,

                                                       */s/ Uzoma N. Nkwonta*
                                                       Marc E. Elias*
                                                       Uzoma N. Nkwonta*
                                                       Haley Costello Essig*
                                                       Kathryn E. Yukevich*

Graham W. White*
Noah B. Baron*
Michael B. Jones*
Marcos Mocine McQueen*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
melias@elias.law
unkwonta@elias.law
hessig@elias.law
kyukevich@elias.law
gwhite@elias.law
nbaron@elias.law
mjones@elias.law
mmcqueen@elias.law

*Counsel for Plaintiffs LULAC Texas, Voto Latino, Texas Alliance for Retired Americans, and Texas AFT*

*Admitted *Pro Hac Vice*