IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| La Union del Pueblo Entero, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 5:21-CV-00844-XR |
| Gregory W. Abbott, et al., | |
| Defendants. | |

**MOTION FOR LEAVE TO FILE BRIEF OF PROPOSED *AMICUS CURIAE*
THE YOUNG BLACK LAWYERS' ORGANIZING COALITION
IN SUPPORT OF PLAINTIFFS' SECOND AMENDED COMPLAINTS**

Pursuant to this Court's inherent authority, proposed *amicus curiae*, the Young Black Lawyers' Organizing Coalition ("YBLOC"), respectfully moves for leave to file the attached *amicus curiae* brief in support of Plaintiffs' Second Amended Complaints.  A copy of the proposed brief is offered as an exhibit to this Motion.

1.   YBLOC is a non-partisan civic education organization comprised of lawyers and law students dedicated to protecting and empowering Black voters in Texas and six other states. YBLOC serves Black voters and empowers their voices through local community organizing and advocacy, multimedia engagement, and voter education and protection programs for religious and civic partners.  As an organization centered in and working directly with Black communities across Texas, YBLOC is particularly focused on educating Black voters about the State's unique historical legacy of voter suppression and the ways that custom unfortunately manifests for Black voters in today's elections.  Accordingly, YBLOC has a special interest in this litigation, as well as familiarity and knowledge of the significant harms that both Black communities in Texas as well as voter-focused grassroots civic organizations will experience as a result of SB 1.

2.   YBLOC is deeply concerned that the ability of Black communities in Texas to equitably exercise their right to vote will be disproportionately affected if SB 1 is upheld.  Several of SB 1's provisions (Sections 6.01, 6.03, 6.04, 6.05, 3.09 and 3.10) target the very modalities utilized most by Black voters during the 2020 election—early and mail-in voting.  YBLOC continues to field daily calls from local partners expressing their concerns and asking questions regarding how SB 1 might affect the ability of their communities to exercise these forms of voting.

3.   YBLOC is particularly concerned about provisions of SB 1 which criminalize constitutionally-protected civic engagement through broad, murky language that is creating fear within communities and local organizations.  Even as a nonpartisan organization whose activities

1

are rarely proximate to polling precincts, YBLOC is already experiencing the chill of civic engagement and has a reasonable fear that the law students who make up a majority of its volunteers will be hesitant to engage with its work due to SB 1's expansive and ambiguous language that could possibly subject them to criminal liability.

4. Federal district courts possess the inherent authority and broad discretion to accept *amicus* briefs. Permitting the filing of an *amicus* brief is especially appropriate when "the *amicus* has unique information or perspective that can help the court" beyond what the parties are able to provide. *See*, *e.g.*, *Halo Wireless, Inc. v. Alenco Communs. Inc.*, 684 F.3d 581, 596 (5th Cir. 2012). YBLOC's amicus brief will aid the Court in adjudicating Plaintiffs' oppositions to the State Defendants' motions to dismiss. As a grassroots and community-based organization, YBLOC is uniquely positioned to provide insights and perspectives not available from the parties to the pending action, many of which operate at state or national levels rather than at the community-level. Further, YBLOC offers unique insight into how SB 1 will impact those nonpartisan organizations whose work is predicated on broad civic education, rather than direct engagement with voters at polling precincts. The proposed *amicus* brief supports Plaintiffs' positions, but not duplicative of Plaintiffs' filings.

5. In this case, the State of Texas has passed legal provisions that suppress certain Texans' right to vote and restrict the ability of non-partisan organizations like Plaintiffs and YBLOC to conduct important voter outreach initiatives. Plaintiffs' Complaints address a broad swath of SB 1's provisions, articulating how those provisions violate Texans' constitutionally-protected right to vote. YBLOC's brief focuses specifically on SB 1 Section 7.04 and explains how that provision inhibits its ability to meaningfully engage with Texas voters.

6.   YBLOC has a significant interest in this case because the ability to engage with voters—at times in a manner prohibited by SB 1—is crucial to YBLOC's core mission of protecting and empowering the Black electoral voice.

7.   YBLOC has timely filed its motion.

8.   The Houston Justice Plaintiffs, OCA-Greater Houston Plaintiffs, and LULAC Plaintiffs are unopposed to the filing of this brief.  The United States takes no position.  The LUPE Plaintiffs took no clear position at the time of filing.

9.   Among defendants, the State Defendants oppose.  Hidalgo County Elections Administrator Yvonne Ramon takes no position.  The remaining defendants are unopposed.  They are Harris County Elections Administrator Isabel Longoria, Bexar County Elections Administrator Jacquelyn Callanen, Travis County Clerk Dana DeBeauvoir, El Paso County Elections Administrator Lisa Wise, and Dallas County Elections Administrator Michael Scarpello.

10. For the foregoing reasons, YBLOC respectfully requests that this Court grant leave for participation as *amicus curiae*, the filing of this Motion, and its brief attached to this Motion.

Respectfully submitted this 21st day of January, 2022.

By: *s/ Veronica S. Moyé*

Veronica S. Moyé, SBN 24000092
Andrew LeGrand, SBN 24070132
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-2911
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com
alegrand@gibsondunn.com

*Attorneys for the Young Black Lawyers'
Organizing Coalition*

Anne Champion
Lee R. Crain
Cate McCaffery
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
achampion@gibsondunn.com
lcrain@gibsondunn.com
cmcaffery@gibsondunn.com

Katherine Maddox Davis
Cate Harding
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
kdavis@gibsondunn.com
charding@gibsondunn.com

Patrick J. Fuster
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3198
Telephone: (212) 229-7000
Facsimile: (212) 229-7520
pfuster@gibsondunn.com

Raena Ferrer Calubaquib
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94301-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333
rcalubaquib@gibsondunn.com

*Of Counsel*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 21st day of January, 2022, I electronically filed a true and correct copy of the foregoing Motion for Leave to File the Proposed Amicus Curiae Brief of The Young Black Lawyers' Organizing Coalition with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

Respectfully submitted this 21st day of January, 2022.

*s/ Veronica S. Moyé*

Veronica S. Moyé

*Attorney for the Young Black Lawyers' Organizing Coalition*

6