**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **LA UNIÓN DEL PUEBLO ENTERO, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 5:21-cv-00844-XR** **(Consolidated Cases)** |
| **THE STATE OF TEXAS, et al.,** | |
| **Defendants.** | |

<u>**LUPE PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**</u>

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs La Unión Del Pueblo Entero, Friendship-West Baptist Church, the Anti-Defamation League Austin, Southwest, and Texoma Regions, Southwest Voter Registration Education Project, Texas Impact, Mexican American Bar Association of Texas, Texas Hispanics Organized for Political Education, Jolt Action, William C. Velasquez Institute, FIEL Houston Inc., and James Lewin (collectively, "Plaintiffs") respectfully move this Court for leave to file their Second Amended Complaint, attached hereto as **Exhibit A**.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (collecting cases). Limited "reasons that might justify denial of permission to amend a pleading include undue delay, bad faith or dilatory motive on the part of

the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party." *Id.* And while "[a] court may weigh in the movant's favor any prejudice that will arise from denial of leave to amend," such considerations are only necessary "if there are [otherwise] substantial reasons to deny the amendment." *Id.* "Otherwise, rule 15(a) requires the trial judge to grant leave to amend whether or not the movant shows prejudice." *Id.*

Plaintiffs seek to make three changes to their Complaint. First, Plaintiffs seek to add additional defendants in light of *State v. Stephens*, No. PD-1032-20, 2021 WL 5917198 (Tex. Crim. App. Dec. 15, 2021), the recent decision holding that the Texas Attorney General can only prosecute criminal offenses created by the Election Code upon the invitation of the prosecuting county or district attorney. Second, Plaintiffs seek to add allegations that, despite the *Stephens* decision, the Attorney General maintains authority to enforce Texas law, including civil enforcement authority under the Texas Election Code, including Section 31.129. Third, Plaintiffs seek to adjust the counts of their Complaint to clarify which provisions of SB1 they are challenging and which defendants they are seeking relief against for each count.

Plaintiffs' Motion is timely, as it was filed before the deadline for filing a motion seeking leave to amend pleadings and join parties in this case pursuant to the Court's scheduling order. (ECF 125). These minimal amendments will also not delay this case or prejudice any defendant. Nor will they delay this Court's resolution of State Defendants' pending Motion to Dismiss Plaintiffs' First Amended Complaint (ECF 176), as Plaintiffs, consistent with the Court's directive during the January 11, 2022 hearing, filed their response to State Defendants' motion on January 19, 2022, addressing all arguments that Plaintiffs believe would not be mooted by any second amended complaint. (ECF 197). Amendment of Plaintiffs' Complaint is also not futile. Under Texas law, District Attorneys Creuzot, Rosales, and Garza have the authority "to prosecute the

2

pleas of the state in criminal cases." *Stephens*, No. PD-1032-20, 2021 WL 5917198, at *4 (quoting *Meshell v. State*, 739 S.W.2d 246, 254 (Tex. Crim. App. 1987); *see also Baker v. Wade*, 743 F.2d 236, 242 n.28 (5th Cir. 1984) (county and district attorneys have been bestowed with the "exclusive responsibility and control of criminal prosecutions"). Therefore, they are proper defendants to Plaintiffs' claims seeking an injunction against prosecution for purported violations of the challenged provisions of SB 1.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs' Motion for Leave to File a Second Amended Complaint should be granted.

Dated:  January 22, 2022                                    Respectfully submitted,

 */s/ Nina Perales*                                                  */s/ Sean Morales-Doyle*
Nina Perales                                                        Sean Morales-Doyle
Julia R. Longoria                                                   Eliza Sweren-Becker*
MEXICAN AMERICAN LEGAL DEFENSE AND         Patrick A. Berry*
EDUCATIONAL FUND                                         Andrew B. Garber*
110 Broadway, Suite 300                                      Jasleen K. Singh*
San Antonio, TX 78205                                        BRENNAN CENTER FOR JUSTICE AT
Telephone: (210) 224-5476                                  NYU SCHOOL OF LAW
Facsimile: (210) 224-5382                                   120 Broadway, Suite 1750
nperales@maldef.org                                         New York, NY 10271
jlongoria@maldef.org                                         Telephone: (646) 292-8310
                                                                       Facsimile: (212) 463-7308
Michael C. Keats*                                             sean.morales-doyle@nyu.edu
Rebecca L. Martin*                                           eliza.sweren-becker@nyu.edu
Jason S. Kanterman*                                         patrick.berry@nyu.edu
Kevin Zhen*                                                     andrew.garber@nyu.edu
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP                                                  * Admitted *pro hac vice*
One New York Plaza
New York, New York 10004                                 Paul R. Genender
Telephone: (212) 859-8000                                  Texas State Bar No. 00790758
Facsimile: (212) 859-4000                                  Elizabeth Y. Ryan
michael.keats@friedfrank.com                            Texas State Bar No. 24067758
rebecca.martin@friedfrank.com                          Matthew Berde*
jason.kanterman@friedfrank.com                       Texas State Bar No. 24094379
kevin.zhen@friedfrank.com                               Megan Cloud

\* Admitted *pro hac vice*

*Attorneys for Plaintiffs:*
LA UNIÓN DEL PUEBLO ENTERO
 SOUTHWEST VOTER REGISTRATION
  EDUCATION PROJECT
 MEXICAN AMERICAN BAR
  ASSOCIATION OF TEXAS
 TEXAS HISPANICS ORGANIZED FOR
  POLITICAL EDUCATION
 JOLT ACTION
 WILLIAM C. VELASQUEZ INSTITUTE
 FIEL HOUSTON INC.

Texas State Bar No. 24116207
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
Liz.Ryan@weil.com
Paul.Genender@weil.com
Matt.Berde@weil.com
Megan.Cloud@weil.com

-and-

Alexander P. Cohen\*
Texas State Bar No. 24109739
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8020
Facsimile: (212) 310-8007
Alexander.Cohen@weil.com

\* Admitted *pro hac vice*

*Attorneys for Plaintiffs:*
FRIENDSHIP-WEST BAPTIST
   CHURCH
ANTI-DEFAMATION LEAGUE
   AUSTIN, SOUTHWEST, AND
   TEXOMA REGIONS
TEXAS IMPACT
JAMES LEWIN

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 22, 2022, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of this filing to all counsel of record.

*/s/ Sean Morales-Doyle*
_____
Sean Morales-Doyle

**CERTIFICATE OF CONFERENCE**

      I certify that on January 6, 2022, counsel for the Private Plaintiffs conferred with opposing counsel regarding the potential filing of this motion, and again on January 10, 2022, provided details about the contents of potential amendments. Counsel for the State Defendants indicated that they could not take a position on the motion without first seeing the draft amended complaint. At the Court's hearing on January 11, 2022, the Court recognized that position and instructed that the Private Plaintiffs file their motions to amend, permitting the State Defendants to take a position at that time.

*/s/ Sean Morales-Doyle*
_____
Sean Morales-Doyle
