IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LA UNION DEL PUEBLO ENTERO, et al.** | § | |
|     *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **Case No.: 1:21-CV-0780-XR,** |
| | § | **consolidated with 5:21-CV-0844-XR** |
| **GREGORY W ABBOTT, et al.,** | § | |
|     *Defendants.* | § | |
| | § | |
| | § | |
| | § | |

## ANSWER OF DEFENDANT ISABEL LONGORIA, IN HER OFFICIAL CAPACITY AS THE HARRIS COUNTY ELECTIONS ADMINISTRATOR, TO OCA-GREATER HOUSTON, ET AL.'S SECOND AMENDED COMPLAINT

Defendant ISABEL LONGORIA, in her official capacity as the Harris County Elections Administrator ("Defendant") now files her Answer to the Second Amended Complaint (Dkt. 200) of Plaintiffs OCA-Greater Houston, League of Women Voters Texas, REVUP-Texas, Texas Organizing Project, and Workers Defense Action Fund ("Plaintiffs") and would respectfully show this Court as follows. Each numbered paragraph below responds to the corresponding number in the Second Amended Complaint (Dkt. 200).

1.    Defendant admits the allegations in this paragraph.

2.    Defendant admits the allegations in this paragraph.

3.    Defendant admits the allegations in this paragraph.

4.    Defendant admits that SB 1 takes particular aim at voters with disabilities and voters with limited English proficiency, who are overwhelmingly voters of color. Defendant lacks

knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

6.      Defendant admits the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the second sentence of this paragraph. Defendant admits that plaintiffs seek judicial relief under the Voting Rights Act, the Civil Rights Act, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the United States Constitution. The last sentence of this paragraph consists of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

7.      Defendant admits the allegations in this paragraph.

8.      Defendant admits the allegations in this paragraph.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

35.     Defendant admits the allegations in this paragraph.

36.     Defendant admits the first two sentences of this paragraph. Defendant lacks sufficient knowledge or information to admit or deny the third sentence of this paragraph.

37.     Defendant admits that election authorities can use the forms the SOS provides but denies that they are required to use only these particular forms. Defendant admits the remaining allegations in this paragraph.

38.     Defendant admits the allegations in this paragraph.

39.     In response to the first sentence of this paragraph, Defendant admits that the SOS routinely collaborates with the Attorney General but denies that the Attorney General can unilaterally enforce criminal election laws. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the second, third and fourth sentences in this paragraph. Defendant admits the allegation in the last sentence in this paragraph.

40.     Defendant admits the allegations in the first sentence of this paragraph. Defendant admits that the Attorney General is the chief law enforcement officer of the State of Texas and is empowered to enforce Texas laws, including certain civil provisions in the Texas Election Code. Defendant denies that the Attorney General is empowered to enforce alleged criminal violations of the Texas Election Code, absent the request of a District Attorney.

41.     Defendant admits that Plaintiffs bring claims against the Attorney General regarding the sections of SB1 listed in this paragraph. The remaining allegations in this paragraph consist of legal conclusions that are not subject to admission or denial.

42.     Defendant denies that the Attorney General has the authority to unilaterally investigate and prosecute election code violations anywhere in Texas. Defendant admits that the Attorney General has the authority to prosecute election code violations at the request of district or

county attorneys. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

43.     Defendant admits that the Texas Court of Criminal Appeals issued a decision holding that the Attorney General does not have authority to unilaterally investigate and prosecute alleged criminal violations of the Texas Election Code. Defendant admits that the Attorney General has filed a motion for rehearing in that case that is still pending. Defendant admits that if the Texas Court of Criminal Appeals denies the Attorney General's motion for rehearing, the Attorney General will still have the authority to prosecute alleged criminal violations of the Texas Election Code at the request of a district or county attorney. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

44.     Defendant admits that the Attorney General is likely to seek out requests for assistance with criminal prosecutions of alleged violations of the Texas Election Code. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

45.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

46.     Defendant denies that the AG has authority to unilaterally criminally prosecute violations of the Election Code but admits the remaining allegations in this paragraph.

47.     Defendant denies that the AG has the authority to unilaterally enforce criminal provisions of the Texas Election Code. Defendant admits the remaining allegations in this paragraph.

48.     Defendant admits the allegations in the first, second, and third sentences of this paragraph. Defendant admits that Plaintiffs bring claims challenging the sections of SB1 listed in this

paragraph. The remaining allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

49.    Defendant admits the allegations in the first, second, and third sentences of this paragraph. Defendant admits that Plaintiffs bring claims challenging the sections of SB1 listed in this paragraph. The remaining allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

50.    Defendant admits the allegations in this paragraph.

51.    Defendant admits the allegations in this paragraph.

52.     The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

53.    Defendant admits the allegations in this paragraph.

54.    The allegations in the first and second sentences of this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the first and second sentences of this paragraph. Defendant admits the remaining allegations in this paragraph.

55. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

56. Defendant admits the allegations in this paragraph.

57. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

58. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

59. Defendant admits the allegations in this paragraph.

60. Defendant admits the allegations in this paragraph.

61. Defendant admits the allegations in this paragraph.

62. Defendant admits the allegations in this paragraph.

63. Defendant admits that Texas legislators and officials have repeatedly used the justification of voter fraud as a pretext to justify discriminatory laws. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

64. Defendant admits that Texas was covered by preclearance. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

65. Defendant admits the allegations in this paragraph.

66. Defendant admits the allegations in this paragraph.

67. Defendant admits the allegations in this paragraph.

68. Defendant admits that, in 2019, Harris County entered into a settlement agreement with the Department of Justice regarding the accessibility of polling places. Defendant lacks

knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph.

69.     Defendant admits that Texas has restrictive voting laws, and that history shows that the burdens of restrictive voting laws fall most heavily on voters of color, voters with disabilities, voters with limited English proficiency, and young and first-time voters. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

70.      Defendant admits the allegations in this paragraph.

71.     Defendant admits the allegations in this paragraph.

72.     Defendant denies that Texas closed polling places between 2012 and 2019. Defendant admits the remaining allegations in this paragraph.

73.     Defendant admits the allegations in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

74.     Defendant admits the allegations in this paragraph.

75.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

76.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

77.     Defendant admits the allegations in this paragraph.

78.     Defendant admits the allegations in this paragraph.

79.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

80.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

81.   Defendant admits the allegations in this paragraph.

82.   Defendant admits that Harris County took measures to increase voter participation, including the extension of early voting hours, access to drive-thru voting, and education about and easier access to forms for voters eligible to vote by mail. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in the first sentence of this paragraph. The second sentence of this paragraph consists of legal conclusions that are not subject to admission or denial.

83.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

84.   Defendant admits the allegations in this paragraph.

85.   Defendant admits the allegations in this paragraph.

86.   Defendant admits the allegations in the first and second sentences of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

87.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the second and third sentences of this paragraph. Defendant admits the remaining allegations in this paragraph.

88.   Defendant admits the allegations in this paragraph.

89.   Defendant admits the allegations in this paragraph.

90.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the second sentence of this paragraph. Defendant admits the remaining allegations in this paragraph.

91.     Defendant admits the allegations in this paragraph.

92.     Defendant admits the allegations in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

93.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

94.     Defendant admits the allegations in this paragraph.

95.     Defendant admits the allegations in this paragraph.

96.     Defendant admits that plaintiffs challenge the sections of SB 1 enumerated in this paragraph.

97.     Defendant admits the allegations in this paragraph.

98.     Defendant admits the allegations in this paragraph.

99.     Defendant denies that Sections 5.06 or 5.10 require the information stated in this paragraph, or that any of the listed sections contain requirements regarding carrier envelopes. Defendant admits the remaining allegations in this paragraph.

100.    Defendant admits the allegations in this paragraph.

101.    Defendant admits the allegations in this paragraph.

102.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

103.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

104.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

105.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

106.    Defendant admits the allegations in this paragraph.

107.    Defendant admits the allegations in this paragraph.

108.    Defendant admits the allegations in this paragraph.

109.    Defendant admits the allegations in this paragraph.

110.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

111.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the last sentence of this paragraph. Defendant admits the remaining allegations in this paragraph.

112.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

113.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph

114.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

115.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

116. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

117. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

118. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

119. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

120. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

121. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

122. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

123. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

124. Defendant admits the allegations in this paragraph.

125. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

126. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

127.    The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

128.    Defendant admits that Plaintiffs request injunctive relief and attorneys' fees and costs. Defendant denies that Plaintiffs are entitled to seek attorneys' fees or costs from Defendant Longoria.

129.    Defendant admits the allegations in this paragraph.

130.    Defendant admits the allegations in this paragraph.

131.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

132.    Defendant admits the first sentence of this paragraph. The allegations in the second sentence of this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

133.    Defendant admits the first sentence of this paragraph. The remaining allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

134.    Defendant admits the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

135.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

136. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

137. Defendant admits the allegations in this paragraph.

138. Defendant denies that her actions have caused Plaintiffs any harm. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

139. Defendant admits that Plaintiffs request injunctive relief and attorneys' fees and costs. Defendant denies that Plaintiffs are entitled to seek attorneys' fees or costs from Defendant Longoria.

140. Defendant admits the allegations in this paragraph.

141. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

142. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

143. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

144. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

145. Defendant denies that she will discriminate against the Plaintiffs or any other voters. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

146. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

147.   Defendant admits that plaintiffs request injunctive relief and attorneys' fees and costs. Defendant denies that Plaintiffs are entitled to recover attorneys' fees or costs from Defendant Longoria.

148.   The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

149.   Defendant admits the allegations in this paragraph.

150.   Defendant admits the allegations in this paragraph.

151.   Defendant admits the allegations in this paragraph.

152.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

153.   Defendant admits the allegations in this paragraph.

154.   Defendant admits the allegation in this paragraph.

155.   Defendant admits the allegations in this paragraph.

156.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

157.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

158.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

159.   Defendant admits the allegations in this paragraph.

160.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

161.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

162.   Defendant admits the allegations in this paragraph.

163.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

164.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

165.   Defendant admits the allegation in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

166.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

167.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

168.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

169.   Defendant denies that she has excluded or continues to exclude Plaintiffs or other voters from participation in voting or denied Plaintiffs benefits or discriminated against them. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

170.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

171. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

172. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

173. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

174. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

175. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

176. Defendant admits the allegations in this paragraph.

177. Defendant admits the allegations in this paragraph.

178. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a response is required, Defendant admits the allegations regarding the broad interpretation of assistance with voting set out in the VRA and lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

179. The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

180. Defendant admits the allegations in this paragraph.

181.   Defendant admits that plaintiffs request injunctive relief and attorneys' fees and costs. Defendant denies that Plaintiffs are entitled to seek attorneys' fees or costs from Defendant Longoria.

182.   Defendant admits the allegations in this paragraph.

183.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

184.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

185.   Defendant denies discriminating against voters with disabilities. Defendant denies excluding voters with disabilities from participation in any government services, programs, or activities. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

186.   Defendant denies that her actions have caused Plaintiffs any harm. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

187.   Defendant admits that Plaintiffs request injunctive relief and attorneys' fees and costs. Defendant denies that Plaintiffs are entitled to recover attorneys' fees or costs from Defendant Longoria.

188.   Defendant admits the allegations in this paragraph.

189.   The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

190.    Defendant denies that she has failed to meet any obligations to provide Plaintiffs or other voters with disabilities an opportunity to vote that is equal to the opportunity provided to voters without disabilities. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

191.    Defendant denies discriminating against Plaintiffs and their members. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

192.    Defendant denies that her actions have caused Plaintiffs any harm. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

193.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

194.    Defendant admits that Plaintiffs request injunctive relief and attorneys' fees and costs. Defendant denies that Plaintiffs are entitled to seek attorneys' fees or costs from Defendant Longoria.

195.    Defendant admits the allegations in this paragraph.

196.    Defendant admits that SB 1 violates the First Amendment to the United States Constitution. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

197.    Defendant admits that SB 1 violates the First Amendment to the United States Constitution. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

198.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

199.   Defendant admits the allegations in this paragraph.

200.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

201.   Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

202.   Defendant admits that SB 1 vaguely defines "benefit" as "anything reasonably regarded as a gain or advantage." Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

203.   Defendant admits the allegations in this paragraph.

204.   Defendant admits the allegations in the first and second sentences of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

205.   Defendant admits the allegations in this paragraph.

206.   Defendant admits the allegations in this paragraph.

207.   Defendant admits the allegations in this paragraph.

208.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

209.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

210.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

211.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

212.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

213.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

214.   Defendant admits the allegations in this paragraph.

215.   Defendant admits the allegations in this paragraph.

216.   Defendant admits that Section 7.04's prohibition on so-called "vote harvesting" is unconstitutionally overbroad. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

217.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

218.   Defendant admits that the so-called "vote harvesting" provision of SB 1 is unconstitutionally overbroad. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

219.   Defendant admits that Section 7.04 of S.B.1 regulates a substantial amount of constitutionally protected expression and is unconstitutionally overbroad.

220.   The allegations in this paragraph consist of legal conclusions that are not subject to admission or denial. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

221.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

222.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

223.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

224.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

225.    Defendant admits that Plaintiffs request injunctive relief and attorneys' fees and costs. Defendant denies that Plaintiffs are entitled to seek attorneys' fees or costs from Defendant Longoria.

226.    Defendant admits the allegations in this paragraph.

227.    Defendant admits the allegations in this paragraph.

228.    Defendant admits that the provision banning ballot collection is vague. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

229.    Defendant admits that the provision banning ballot collection is vague. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

230.    Defendant admits that the provision banning ballot collection is vague. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

231.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

232.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

233.    Defendant admits the allegations in this paragraph.

234. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

235. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

236. Defendant admits the allegations in this paragraph.

237. Defendant admits the allegations in this paragraph.

238. Defendant admits that Section 7.04 of SB 1 is unconstitutionally vague in violation of the Due Process Clause and the First Amendment.

239. Defendant admits that Plaintiffs request injunctive relief and attorneys' fees and costs. Defendant denies that Plaintiffs are entitled to seek attorneys' fees or costs from Defendant Longoria.

Respectfully submitted,

/s/ Sameer S. Birring
Christian D. Menefee
Harris County Attorney
Texas Bar No. 24088049
Christian.Menefee@cao.hctx.net
Jonathan Fombonne
First Assistant Harris County Attorney
Texas Bar No. 24102702
Jonathan.Fombonne@cao.hctx.net
Tiffany Bingham
Managing Counsel
Texas Bar No. 24012287
Tiffany.Bingham@cao.hctx.net
Sameer S. Birring
Assistant County Attorney
Texas Bar No. 24087169
Sameer.Birring@cao.hctx.net
Christina Beeler
Assistant County Attorney

Texas Bar No. 24096124
Christina.Beeler@cao.hctx.net
Susannah Mitcham^
Assistant County Attorney
Texas Bar No. 24107219
Susannah.Mitcham@cao.hctx.net
OFFICE OF THE HARRIS COUNTY ATTORNEY
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

*Attorneys for Defendant* ISABEL
LONGORIA, in her Official Capacity as
Harris County Elections Administrator


^ Application for admission pending

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing was served on January 28, 2022 in compliance with the Federal Rules of Civil Procedure to all counsel of record via the CM/ECF filing system.

/s/ Sameer S. Birring
Sameer S. Birring