**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LA UNION DEL PUEBLE ENTERO, et al.,**§ | | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **5:21-CV-0844-XR** |
| | § | **(Consolidated Cases)** |
| **GREGORY ABBOTT, et al.** | § | |
| *Defendants*. | § | |

## DEFENDANT DANA DEBEAUVOIR'S ORIGINAL ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT FILED BY PLAINTIFFS OCA-GREATER HOUSTON, LEAGUE OF WOMEN VOTERS OF TEXAS, REVUP-TEXAS, TEXAS ORGANIZING PROJECT, AND WORKERS DEFENSE ACTION FUND [ECF NO. 200]

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Dana DeBeauvoir, in her official capacity as the Travis County Clerk ("Defendant DeBeauvoir"), by and through her attorney, the Travis County Attorney, and timely files her Original Answer to Plaintiffs OCA-Greater Houston, League of Women Voters of Texas, REVUP-Texas, Texas Organizing Project, and Workers Defense Action Funds Second Amended Complaint for Declaratory and Injunctive Relief in *La Union Del Pueblo Entero, et al. v. Gregory Abbott, et al.*, 5:21-CV-0844-XR (Consolidated Cases). In support thereof, Defendant DeBeauvoir respectfully offers the following:

### DENIAL UNDER Fed.R.Civ.P. 8(b)

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant DeBeauvoir denies each allegation contained in Plaintiffs' Second Amended Complaint except those expressly admitted herein. Defendant DeBeauvoir generally admits that the provisions of S.B. 1 (as enacted) will place significant practical burdens on Defendant's internal procedures as County Clerk for Travis County, but denies that any of Defendant DeBeauvoir's actions have violated any state or federal

laws or rights secured under the United States Constitution. Defendant DeBeauvoir had no role in the enactment of S.B. 1. Defendant DeBeauvoir does not intend to defend the constitutionality of S.B. 1's provisions.

The following specific admissions and denials are made to the corresponding paragraphs of Plaintiffs' Second Amended Complaint:

## RESPONSES TO ALLEGATIONS IN PLAINTIFFS' SECOND AMENDED COMPLAINT

### I.
### INTRODUCTION

1.     Plaintiffs' allegations in Paragraphs 1-6 state legal conclusions and factual characterizations for which no response is required.    In addition, Plaintiffs' allegations in Paragraphs 1-6 are not specifically directed toward Defendant DeBeauvoir or Travis County, but in an abundance of caution, Defendant DeBeauvoir denies any allegations that could pertain to her.

### II.
### JURISDICTION AND VENUE

2.     Defendant DeBeauvoir admits that under certain circumstances "a civil and constitutional rights action [may be maintained] arising under 42 U.S.C. § 1983, the First and Fourteenth Amendment to the United States Constitution, Title II of the ADA, Section 504 of the Rehabilitation Act, the Civil Rights Act of 1964, and the Voting Rights Act of 1965."   Defendant DeBeauvoir further admits that under certain circumstances, "[t]his Court [could have] jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1343 and 52 U.S.C. § 10101(d)." Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

3.      Defendant DeBeauvoir admits that venue is proper in this Court under 28 U.S.C. §

1391.

## III.
## PARTIES

### A.  Plaintiffs

4.      Defendant DeBeauvoir is without sufficient knowledge or information to admit or

deny the allegations set forth in Paragraphs 9 – 13 of the Complaint.  To the extent that these

allegations state legal conclusions, no response is required. Further, to the extent the allegations in

Paragraphs 9-13 address the actions of the Texas Legislature, and do not address actions of

Defendant DeBeauvoir or Travis County, no response is required.  To the extent said allegations

require further response, Defendant DeBeauvoir denies that her actions have violated any state or

federal laws or rights secured under the United States Constitution.

### OCA-Greater Houston

5.      Defendant DeBeauvoir admits that the OCA-Greater Houston ("OCA-GH") is a

named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but

is without sufficient knowledge or information to admit or deny the remainder of the allegations

in Paragraphs 14. – 18.  To the extent that these allegations state legal conclusions, no response is

required. Further, to the extent the allegations in Paragraphs 14-18 address the actions of the Texas

Legislature, and do not address actions of Defendant DeBeauvoir or Travis County, no response

is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies

that her actions have violated any state or federal laws or rights secured under the United States

Constitution.

## League of Women Voters of Texas

6.      Defendant DeBeauvoir admits that the League of Women Voters of Texas ("LWVTX") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 19 – 22.  To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 19-22 address the actions of the Texas Legislature, and do not address actions of Defendant DeBeauvoir or Travis County, no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

## REVUP Texas

7.      Defendant DeBeauvoir admits that REVUP-Texas ("REVUP") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 23 – 27.  To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 23-27 address the actions of the Texas Legislature, and do not address actions of Defendant DeBeauvoir or Travis County, no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

## Texas Organizing Project

8.      Defendant DeBeauvoir admits that Texas Organizing Project ("TOP") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is

without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 28 – 31.   To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 28-31 address the actions of the Texas Legislature, and do not address actions of Defendant DeBeauvoir or Travis County, no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### Workers Defense Action Fund

9.     Defendant DeBeauvoir admits Workers Defense Action Fund ("WDAF") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 32 – 34.  To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 32-34 address the actions of the Texas Legislature, and do not address actions of Defendant DeBeauvoir or Travis County, no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### B.  Defendants

10.     Defendant DeBeauvoir admits that Defendant John Scott is the Texas Secretary of State ("SOS") and is sued in his official capacity. Defendant De Beauvoir further admits that the "SOS is the Chief Election Officer of the State of Texas", pursuant to Tex. Elec. Code § 31.001(a). Defendant DeBeauvoir further admits the Travis County Clerk's Office's Election Division receives guidance issued by the SOS on various elections procedures.  Defendant DeBeauvoir is

without sufficient information to admit or deny whether "[t]he SOS routinely issues guidance to the county registrars of all 254 Texas counties on various elections procedures.

11.     The allegations in Paragraphs 36-39 state legal conclusions and argument to which no response is required.  Further, in that the allegations in Paragraphs 36-39 address the actions of the SOS, and do not address actions of Defendant DeBeauvoir or Travis County, no response is required.

12.     Defendant DeBeauvoir admits that Defendant Ken Paxton is the Texas Attorney General ("AG") and is sued in his official capacity.  On information and belief, Defendant DeBeauvoir further admits the Texas Court of Criminal Appeals issued a decision in *State v. Stephens* regarding Section 273.021 of the Texas Election Code as amended by S.B. 1. The remainder of the allegations in Paragraphs 40-47 state legal conclusions and argument to which no response is required.  Further, in that the allegations in Paragraphs 40-47 address the actions of the AG, and do not address actions of Defendant DeBeauvoir or Travis County, no response is required.

13.     Defendant DeBeauvoir admits that Defendant Kim Ogg is the Harris County District Attorney and is sued in her official capacity. The remainder of the allegations in Paragraph 48 state legal conclusions and argument to which no response is required.  Further, in that the allegations in Paragraph 48 do not address actions of Defendant DeBeauvoir or Travis County, no response is required.

14.     Defendant DeBeauvoir admits that Defendant José Garza ("Travis DA") is the Travis County District Attorney and is sued in his official capacity. On information and belief, Defendant DeBeauvoir admits that in his official capacity as Travis County District Attorney Travis DA Garza represents the State of Texas in **felony** criminal cases. The remainder of the

allegations in Paragraph 49 state legal conclusions and argument to which no response is required. Further, in that the allegations in Paragraph 49 do not address actions of Defendant DeBeauvoir or Travis County, no response is required.

15.    Defendant DeBeauvoir admits that Defendant Harris County Elections Administrator Isabel Longoria ("Harris Elections") is sued in her official capacity. The remainder of the allegations in Paragraph 50 state legal conclusions and argument to which no response is required. Further, in that the allegations in Paragraph 50 do not address actions of Defendant DeBeauvoir or Travis County, no response is required

16.    Defendant DeBeauvoir admits that she is sued in her official capacity Travis County Clerk.  The remainder of the allegations in Paragraph 51 state legal conclusions and argument to which no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

17.    Upon information and belief, Defendant DeBeauvoir admits that Travis County, Texas is a Texas County, and further admits the Travis County Clerk administers elections in Travis County.  The remainder of the allegations in Paragraph 52 state legal conclusions and argument to which no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

18.    Defendant DeBeauvoir admits that Travis County, Texas is a political subdivision of the State of Texas. The remainder of the allegations in Paragraph 53 state legal conclusions and argument to which no response is required.  To the extent said allegations require further response,

Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

## IV.
## FACTUAL BACKGROUND

19.     The allegations in Paragraphs 54-55 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 54-55 address the actions of the Texas Legislature, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### A.  Texas's Long History of Voter Suppression

20.     The allegations in Paragraphs 56 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraph 56 address the actions of the State of Texas, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### 1.  Intentional Discrimination

21.     The allegations in Paragraphs 57-63 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 57-63 address alleged intentional discrimination by the State of Texas, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### 2. Violations of the Voting Rights Act

22.     The allegations in Paragraphs 64-68 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 64-68 address alleged violations of the Voting Rights Act by the State of Texas, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### 3. Continued Voter Suppression under Texas Law

23.     The allegations in Paragraphs 69-74 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 69-74 address alleged continuing voter suppression under Texas state law, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### B. Demographic Changes in Texas

24.     The allegations in Paragraphs 75-80 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 75-80 address alleged statewide demographic changes in Texas, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**C.   Increased Turnout and Local Innovation in the 2020 General Election**

25.     Upon information and belief, Defendant DeBeauvoir admits, with respect to Travis County, the 2020 General Election saw increased turnout. Defendant DeBeauvoir is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 81 on a statewide basis, or as to other county defendants.

26.     The allegations in Paragraph 82 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraph 82 address "expansion of access to the polls in certain counties, like Harris County" and therefore do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**D.   Texas's 2021 Legislative Sessions and Passage of SB 1**

27.     The allegations in Paragraphs 83-95 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 83-95 address the actions of the Texas Legislature with respect to the passage of SB 1, and do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**V.**
**ILLEGAL PROVISIONS OF SB 1 AND PLAINTIFFS' CLAIMS FOR RELIEF**

28.     The allegations in Paragraph 96 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraph 96 do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant

DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

### A. SB 1 Imposes Illegally Restrictive New ID Requirements on Mail-in Ballot Voters

29.     Defendant DeBeauvoir admits Paragraph 97 accurately cites to the stated provisions of the Texas Election Code. The remainder of allegations in Paragraph 97 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraph 97 do not address actions of Defendant DeBeauvoir or Travis County.   To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

30.     The allegations in Paragraphs 98-123 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 98-123 do not address actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**COUNT 1**
**52 U.S.C. § 10101; 42 U.S.C. § 1983**
**Violation of Section 1971 of the Civil Rights Act of 1964**
**(All Plaintiffs against Defendants SOS, Harris Elections, and Travis Elections)**

31.     Based on information and belief, Defendant DeBeauvoir admits Paragraph 124 accurately quotes the stated provisions of Section 1971 of the Civil Right Act of 1964, 52 U.S.C. § 10101(a)(2).  To the extent the allegations in Paragraph 124 require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

32.     The allegations in Paragraphs 125-128 state legal conclusions and argument to which no response is required.  Further, to the extent the allegations in Paragraphs 125-128 do not

address specific actions of Defendant DeBeauvoir or Travis County, no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs have properly asserted a private cause of action against Defendant DeBeauvoir or Travis County, nor are they entitled to injunctive relief, as well as reasonable attorneys' fees and costs against them.

## COUNT 2
### Violation of Title II of the Americans with Disabilities Act
### (All Plaintiffs against Defendants SOS, Harris Elections, and Travis Elections)

33.     Based on information and belief, Defendant DeBeauvoir admits Paragraphs 129-134 accurately quote the stated provisions of the statutory provisions cited.  See 42 U.S.C. § 12132; 28 C.F.R. § 35.130(a); 28 C.F.R. § 35.130(b)(1)(i)-(iv), (vii); 28 C.F.R. § 35.130(b)(7)(i); 28 C.F.R. § 35.134(b); 28 C.F.R. § 35.130(b)(8); and 28 C.F.R. § 35.130(b)(3).  The remainder of the allegations in Paragraphs 135-139 state legal conclusions and argument to which no response is required.  Further, to the extent the allegations in Paragraphs 129-139 do not address specific actions of Defendant DeBeauvoir or Travis County, no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs have properly asserted a private cause of action against Defendant DeBeauvoir or Travis County, nor are they entitled to injunctive relief, as well as reasonable attorneys' fees and costs against them.

**COUNT 3**
**Violation of Section 504 of the Rehabilitation Act of 1973 29 U.S.C. § 794 et seq.**
**(All Plaintiffs against Defendants SOS, Harris Elections, and Travis Elections)**

34.     Based on information and belief, Defendant DeBeauvoir admits Paragraphs 140-142 accurately quote the stated provisions of the statutory provisions cited.  *See*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); 29 U.S.C. § 794(b)(1); and   28 C.F.R. § 42.503(b)(1)(i).  The remainder of the allegations in Paragraphs 143-147 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 140-147 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs have properly asserted a private cause of action against Defendant DeBeauvoir or Travis County, nor are they entitled to injunctive relief, as well as reasonable attorneys' fees and costs against them.

**B.  SB 1 Places Drastic, Illegal Restrictions on the Right to Assistance while Voting.**

35.     The allegations in Paragraph 148 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraph 148 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

36.     Based on information and belief, Defendant DeBeauvoir admits Paragraphs 149-150 accurately quote the amendments to Section 64.034 of the Election Code.

37.     Based on information and belief, Defendant DeBeauvoir admits SB 1's amendments to Section 64.034 of the Election Code added a penalty of perjury provision as stated

in Paragraphs 151-152. The remainder of the allegations in Paragraphs 151-152 state legal conclusions and argument to which no response is required. Further, the allegations in Paragraphs 146-147 do not address specific actions of Defendant DeBeauvoir or Travis County. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

38.     Based on information and belief, Defendant DeBeauvoir admits Paragraph 153 accurately quotes the statutory provisions of 42 U.S.C. § 12102(1), (2); 45 C.F.R. § 1232.3(h). The allegations in Paragraph 153 do not address specific actions of Defendant DeBeauvoir or Travis County. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

39.     The allegations in Paragraphs 154-161 state legal conclusions and argument to which no response is required. Further, the allegations in Paragraphs 154-161 do not address specific actions of Defendant DeBeauvoir or Travis County. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**Section 6.06**

40.     The allegations in Paragraphs 162-165 state legal conclusions and argument to which no response is required. Further, the allegations in Paragraphs 162-165 do not address specific actions of Defendant DeBeauvoir or Travis County. To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

**Sections 6.04 and 6.06's Effects on Plaintiffs**

41.     The allegations in Paragraphs 166-175 state legal conclusions and argument to which no response is required.  Further, with exception of certain information contained in Paragraph 166, the allegations in Paragraphs 166-175 do not address specific actions of Defendant DeBeauvoir or Travis County.  With respect to the allegations contained in Paragraph 171, Defendant DeBeauvoir admits that Travis County Election Records reflect Amy Litzinger is a registered voter and a resident of Austin, Texas.  Ms. Litzinger has claimed disability status on ballot-by-mail applications in 2020 elections, and voted in person in the November 2021 General Election.  The remaining allegations contained in Paragraph 171 are legal conclusions and argument to which no response is required.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs have properly asserted a private cause of action against Defendant DeBeauvoir or Travis County, nor are they entitled to injunctive relief, as well as reasonable attorneys' fees and costs against them.

**COUNT 4**
**Violation of Section 208 of Voting Rights Act**
**(All Plaintiffs against all Defendants)**

42.     Based on information and belief, Defendant DeBeauvoir admits Paragraphs 176-177 accurately quote the cited provisions of Section 208 of the Voting Rights Act.  The remainder of the allegations in Paragraphs 176-177 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 176-177 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

43.     The allegations in Paragraphs 178-181 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 178-181 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

44.     Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs, and further deny Plaintiffs have properly asserted a private cause of action against Defendant DeBeauvoir or Travis County, nor are they entitled to injunctive relief, as well as reasonable attorneys' fees and costs against them as alleged in Paragraph 181.

**COUNT 5**
**Violation of Title II of the Americans with Disabilities Act**
**(All Plaintiffs against All Defendants)**

45.     The allegations in Paragraphs 182-187 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 182-187 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution.

46.     Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs, and further deny Plaintiffs have properly asserted a private cause of action against Defendant DeBeauvoir or Travis County, nor are they entitled to injunctive relief, as well as reasonable attorneys' fees and costs against them as alleged in Paragraph 187.

**COUNT 6**
**Violation of Section 504 of the Rehabilitation Act of 1973 29 U.S.C. § 794 et seq.**
**(All Plaintiffs against All Defendants)**

47.     The allegations in Paragraphs 188-194 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 188-194 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs have properly asserted a private cause of action against Defendant DeBeauvoir or Travis County, nor are they entitled to injunctive relief, as well as reasonable attorneys' fees and costs against them as alleged in Paragraph 194.

**C.  "SB 1 violates Plaintiffs' First Amendment rights."**

48.     The allegations in Paragraphs 195-213 state legal conclusions and argument to which no response is required.  Further, the allegations in Paragraphs 195-213 do not address specific actions of Defendant DeBeauvoir or Travis County.  To the extent said allegations require further response, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs have properly asserted a private cause of action against Defendant DeBeauvoir or Travis County, nor are they entitled to injunctive relief, as well as reasonable attorneys' fees and costs against them.

**COUNT 7**
**Violation of the Plaintiffs' First Amendment Rights Pursuant to 42 U.S.C. § 1983**
**(Plaintiffs OCA-GH, LWVTX, TOP & WDAF against Defendant Attorney General Ken Paxton, in his official capacity, Defendant Harris County DA Kim Ogg, in her official capacity, and Defendant Travis County DA José Garza, in his official capacity)**

49.     Count 7, Paragraphs 214-225 fail to assert any claims against Defendant DeBeauvoir, and therefore requires no response.  To the extent further response is required,

Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs have properly asserted a private cause of action against Defendant DeBeauvoir or Travis County, nor are they entitled to injunctive relief, as well as reasonable attorneys' fees and costs against them as alleged in Paragraph 225.

**COUNT 8**
**Violation of Plaintiffs' Fourteenth Am. Due Process Rights Pursuant to 42 U.S.C. § 1983**
**(Plaintiffs OCA-GH, LWVTX, TOP, & WDAF against Defendant Attorney General Ken Paxton, in his official capacity, Defendant Harris County DA Kim Ogg, in her official capacity, and Defendant Travis County DA José Garza, in his official capacity)**

50.     Count 8, Paragraphs 226-239 fails to assert any claims against Defendant DeBeauvoir, and therefore requires no response.  To the extent further response is required, Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs have properly asserted a private cause of action against Defendant DeBeauvoir or Travis County, nor are they entitled to injunctive relief, as well as reasonable attorneys' fees and costs against them as alleged in Paragraph 239.

## PRAYER FOR RELIEF

51.     Defendant DeBeauvoir denies that her actions have violated any state or federal laws or rights secured under the United States Constitution, and further deny Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs as alleged in their Prayer for Relief, Sections (1.)-(5.).

## AFFIRMATIVE DEFENSES

52.     Defendant DeBeauvoir asserts that sovereign immunity, qualified immunity, and/or equity and justice bar Plaintiff's recovery of attorneys' fees from Defendant DeBeauvoir in their

lawsuit. Defendant DeBeauvoir had no role in enacting S.B. 1, and does not intend to defend the constitutionality of the statute.

## RIGHT TO RAISE ADDITIONAL DEFENSES

53.     Defendant DeBeauvoir reserves the right to raise affirmative and other defenses that may become apparent throughout the factual development of the case.

## CONCLUSION AND PRAYER

Defendant DeBeauvoir denies that Plaintiffs are entitled to any of the relief requested or any relief whatsoever from Defendant DeBeauvoir as alleged in the paragraph below the heading entitled "Prayer for Relief" of the Plaintiffs' Second Amended Complaint.

Defendant DeBeauvoir respectfully requests that all relief requested by Plaintiffs be denied, that she recovers her attorneys' fees and costs, and that she be awarded any additional relief to which she may be entitled in law or in equity.

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:     (512) 854-9513
Facsimile:     (512) 854-4808

By:     */s/ Anthony J. Nelson*
SHERINE E. THOMAS
State Bar No. 00794734
sherine.thomas@traviscountytx.gov
LESLIE W. DIPPEL
State Bar No. 00796472
leslie.dippel@traviscountytx.gov
ANTHONY J. NELSON
State Bar No. 14885800
Tony.Nelson@traviscountytx.gov

PATRICK T. POPE
State Bar No. 24079151
Patrick.Pope@traviscountytx.gov
**ATTORNEYS FOR DEFENDANT DANA
DEBEAUVOIR, IN HER OFFICIAL
CAPACITY AS TRAVIS COUNTY CLERK**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this motion was served through the Court's CM/ECF Document Filing System upon each attorney of record and the original upon the Clerk of Court on this the 28th day of January 2022.

*/s/ Anthony J. Nelson*
ANTHONY J. NELSON
PATRICK T. POPE
Assistant County Attorneys
