IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO, et al., | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | CIVIL ACTION NO: 5:21-CV-0844-XR |
| GREGORY W. ABBOTT, et al., | § § § | |
| Defendants. | § § | |

**ORIGINAL ANSWER OF DEFENDANT MICHAEL SCARPELLO TO PLAINTIFFS LULAC TEXAS, VOTO LATINO, TEXAS ALLIANCE FOR RETIRED AMERICANS AND TEXAS AFT'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Michael Scarpello ("Defendant Scarpello"), in his official capacity, and for his Original Answer to Plaintiffs LULAC TEXAS, VOTO LATINO, TEXAS ALLIANCE FOR RETIRED AMERICANS, and TEXAS AFT's Second Amended Complaint ("Complaint") (Doc. 207) admits, denies, and alleges as follows:

**I.**
**RESPONSIVE PLEADINGS**

**NATURE OF THE CASE**

1.      Paragraph 1 of Plaintiffs' Complaint contains legal conclusions and argument to which no responsive pleading is required. To the extent any response is required, due to the vagueness and generality of the allegations in Paragraph 1, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

2.      Defendant Scarpello admits that Texans had to vote in the midst of a global health pandemic. Paragraph 2 includes conclusory statements and argument to which no response is required.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 2, therefore the allegations are denied.

3.      Defendant Scarpello admits that Texas had historic voter turnout in the 2020 general election.  Paragraph 3 includes conclusory statements and argument to which no response is required.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 3, therefore the allegations are denied.

4.      Paragraph 4 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. Paragraph 2 includes conclusory statements and argument to which no response is required.  To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 4, therefore the allegations are denied.

5.      Paragraph 5 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 5, therefore the allegations are denied.

6.      Paragraph 6 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 6, therefore the allegations are denied.

7.      Paragraph 7 of Plaintiff's Complaint contains legal conclusions and argument to which no responsive pleading is required.  As to the remainder of the allegations, Defendant

Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

8.      Defendant Scarpello admits that the Texas Legislature attempted to pass SB 7 and the effort to pass SB 7 failed when members of the Texas House of Representatives left the legislative chamber in protest, denying the Legislature the quorum.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 8, therefore the allegations are denied.

9.      Defendant Scarpello admits that Governor Abbott announced a special session, the Texas legislature had hearings on SB 1, and members of the Texas House of Representatives left the State denying the House a quorum, which delayed the passage of SB 1.  Paragraph 9 includes conclusory statements and argument to which no response is required.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 9, therefore the allegations are denied.

10.     Paragraph 10 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB 1, which speaks for itself.  To the extent that the remaining allegations in Paragraph 10 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that the Texas Legislature enacted SB 1, SB 1 eliminates drive-thru voting, SB 1 limits early voting hours, SB 1 promulgates new rules regarding poll watchers, and SB 1 criminalizes certain conduct.

11.     Paragraph 11 contains legal conclusions and arguments to which no response is required on the interpretation of SB 1, which speaks for itself.  To the extent that the remaining allegations in Paragraph 11 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that the Texas Legislature enacted SB 1 and that supporters of former

President Donald Trump have alleged voter fraud.   As to any other factual allegations in Paragraph 11, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

12.     Paragraph 12 contains legal conclusions and arguments to which no responsive pleading is required. To the extent that the remaining allegations in Paragraph 12 contains factual allegations to which a responsive pleading is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

13.     Defendant Scarpello admits that Plaintiffs brought this lawsuit.   Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 13, therefore the allegations are denied.

## JURISDICTION AND VENUE

14.     Paragraph 14 contains argument to which no responsive pleading is required.   To the extent a response is required, Defendant Scarpello admits that Plaintiffs bring this action under 2 U.S.C. §§ 1983 and 1988.  Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the remaining allegations are denied.

15.     Defendant Scarpello admits Paragraph 15. Defendant Scarpello, however, denies that he has deprived anyone of rights under color of state law or violated the U.S. Constitution and the Voting Rights Act, 52 U.S.C. § 10301 *et seq*.

16.     Defendant Scarpello admits that the court has personal jurisdiction over him and he is sued in his official capacity. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 16, therefore the allegations are denied.

17.     Defendant Scarpello admits that venue is proper. Defendant Scarpello, however, denies that a substantial part of the events that give rise to Plaintiffs' claims against him occurred and will occur in this district.

18.     Paragraph 18 contains factual allegations and legal conclusions to which a responsive pleading is not required. To the extent a response is required, Defendant Scarpello states that Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. §§ 2201 and 2202 speak for themselves.

## PARTIES

19.     Paragraph 19 contains legal conclusions. Defendant Scarpello admits that Plaintiff LULAC is a Latino civil rights organization in the United States, that LULAC is involved in protecting the civil and voting rights of Latinos, and that LULAC states that it brings this action on behalf of itself and its members. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 19, therefore the allegations are denied.

20.     Paragraph 20 contains factual allegations and legal conclusions to which a responsive pleading is not required. Defendant Scarpello admits that Plaintiff LULAC is involved in voter registration and voter education activities and other activities and programs designed to increase voter turnout among its members and immigration and racial justice related issues. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 20, therefore the allegations are denied.

21.     Defendant Scarpello admits that Plaintiff Voto Latino brings this action on behalf of itself and its constituents and supporters and is involved in certain voter activities.  Defendant

Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 21, therefore the allegations are denied.

22.     Paragraph 22 contains factual allegations and legal conclusions to which a responsive pleading is not required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 22, therefore the allegations are denied.

23.     Defendant Scarpello admits that Plaintiff Texas Alliance brings this action on behalf of itself and its members. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 23, therefore the allegations are denied.

24.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 24, therefore the allegations are denied.

25.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 25, therefore the allegations are denied.

26.     Paragraph 26 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello admits that Jose Esparza is the current Texas Deputy Secretary of State, he was the acting Texas Secretary of State until the recent appointment of John Scott, and the Secretary is the State's chief elections officer. The rest of Paragraph 26 contains legal conclusions and legal arguments regarding the Texas Election Code, which speaks for itself.  To the extent that the remaining allegations in Paragraph 26 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

27.     Paragraph 27 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello admits that Ken

Paxton is the Texas Attorney General, the Texas Attorney General announced he would be forming an Election Integrity Unit, and one of the functions of the Election Integrity Unit would be to monitor elections. The rest of Paragraph 27 contains legal conclusions to which no responsive pleading is required and legal arguments regarding the Texas Election Code and SB 1, which speaks for itself.  To the extent that the remaining allegations in Paragraph 27 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

28.     Paragraph 28 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 28, therefore the allegations are denied.

29.     Paragraph 29 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 29, therefore the allegations are denied.

30.     Paragraph 30 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 30, therefore the allegations are denied.

31.     Paragraph 31 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 31, therefore the allegations are denied.

32.     Paragraph 32 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 32, therefore the allegations are denied.

33.     Paragraph 33 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 33, therefore the allegations are denied.

34.     Paragraph 34 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 34, therefore the allegations are denied.

35.     Paragraph 35 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 35, therefore the allegations are denied.

36.     Defendant Scarpello admits that he is sued in his official capacity as the Dallas County Elections Administrator. As to the remaining allegations, SB 1 speaks for itself. To the extent any response is required, Defendant admits that he has been sued in this matter regarding various provisions of SB 1, but denies that he has implemented SB 1. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 36, therefore the allegations are denied.

37.     Paragraph 37 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello Defendant Scarpello admits that John Creuzot is the Dallas County District Attorney and is charged with investigating and prosecuting crimes. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 37, therefore the allegations are denied.

38.     Paragraph 38 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 38, therefore the allegations are denied.

39.     Paragraph 39 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 39, therefore the allegations are denied.

## STATEMENT OF FACTS AND LAW

**I.      Voter Turnout in Recent Texas Elections**

40.     Due to the vagueness and generality of the allegations in Paragraph 40, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

41.     Defendant Scarpello admits that the most recent midterm and presidential elections saw the Dallas County's highest voter turnout in decades and that Covid-19 created certain challenges.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 41, therefore the allegations are denied.

42.     Paragraph 42 contains references to statistical data that speaks for itself. Defendant Scarpello admits that there has been demographic shifts in Texas voting age population and eligible Hispanic and Black voters have risen.   Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 42, therefore the allegations are denied.

A.     **The 2018 Election**

43.     Defendant Scarpello admits that the 2018 midterm elections saw the highest voter turnout in Dallas County in over two decades.   Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 43, therefore the allegations are denied.

44.     Defendant Scarpello admits that in the 2018 midterm election that certain Democratic candidates defeated certain Republican incumbents.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 44, therefore the allegations are denied.

45.     Defendant Scarpello admits Ted Cruz won the 2018 United States Senate election in Texas. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 45, therefore the allegations are denied.

46.     Defendant Scarpello admits that the Republican candidates for lieutenant governor and attorney general won in the 2018 election. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 46, therefore the allegations are denied.

A.     **The 2020 Election**

47.    Defendant Scarpello admits that voter turnout increased in the 2020 general election and that in the 1992 election Ross Perot and George H.W. Bush were on the ballot for president. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 47, therefore the allegations are denied.

48.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 48, therefore the allegations are denied.

49.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 49, therefore the allegations are denied.

50.    Paragraph 50 includes conclusory statements and argument to which no response is required.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 5, therefore the allegations are denied.

51.    Paragraph 51 includes conclusory statements and argument to which no response is required.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 51, therefore the allegations are denied.

**1.    Early Voting in the 2020 Election**

52.    Due to the vagueness and generality of the allegations in Paragraph 52, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

53.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 53, therefore the allegations are denied.

54.    Defendant Scarpello admits that Dallas County elections officials worked to ensure that voters had the opportunity to participate in the 2020 general election and offered early voting.

Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 54, therefore the allegations are denied.

55.     Paragraph 55 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello admits that Harris County stayed open past 7:00 pm to accommodate increased voter turnout.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 55, therefore the allegations are denied.

56.     Paragraph 56 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello admits that Harris County had 24-hour voting in certain polling places.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 56, therefore the remaining allegations are denied.

57.     Paragraph 57 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. Defendant Scarpello admits that Harris County operated drive-thru voting sites.  To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 57, therefore the allegations are denied.

58.     Defendant Scarpello admits that Harris County is the largest county in Texas and is very diverse. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 58, therefore the remaining allegations are denied.

59.     Paragraph 53 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. Defendant Scarpello admits that Harris County actions of extending early voting hours and drive-thru voting likely increased access to the franchise.  Paragraph 59 includes

conclusory statements and argument to which no response is required. To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 59, therefore the allegations are denied.

### 2.   Absentee Voting in the 2020 Election

60.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 60, therefore the allegations are denied.

61.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 61, therefore the allegations are denied.

62.     Defendant Scarpello admits that Dallas County used one mail ballot drop off location. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 62, therefore the allegations are denied.

63.     Paragraph 63 contains references to statistical data that speaks for itself. Defendant Scarpello admits that Dallas County has a significant minority population and at least 77,588 (exactly 78,147) people voted by mail in the 2020 general election. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 63, therefore the allegations are denied.

64.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 64, therefore the allegations are denied.

65.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 65, therefore the allegations are denied.

### 3.   Texas Officials' Efforts to Disenfranchise Voters During the 2020 Election

66.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 66, therefore the allegations are denied.

67.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 67, therefore the allegations are denied.

68.     Paragraph 68 contains arguments and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 68, therefore the allegations are denied.

69.     Defendant Scarpello admits that on October 1, 2020, Governor Abbott issued a proclamation that limited the use of absentee ballot drop boxes to just one drop box location per county, regardless of physical size or population and Dallas County had one drop off mail ballot location in the 2020 general election. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 69, therefore the allegations are denied.

70.     Paragraph 64 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. Defendant Scarpello admits that Harris County and other counties scrambled to inform voters that they could no longer use additional drop boxes.  To the extent any response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 70, therefore the allegations are denied.

71.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 71, therefore the allegations are denied.

72.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 72, therefore the allegations are denied.

73.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 73, therefore the allegations are denied.

74.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 74, therefore the allegations are denied.

75.     Paragraph 75 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 75, therefore the allegations are denied.

76.     Defendant Scarpello admits that Trump is the former president of the US and has made voter fraud allegations. The remainder of Paragraph 76 contains arguments and conclusory statements to which no responsive pleading is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 76, therefore the allegations are denied.

77.     Defendant Scarpello admits that the former director of the Cybersecurity and Infrastructure Agency, has stated that the 2020 general election was "the most secure in American history." Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 77, therefore the allegations are denied.

78.     Defendant Scarpello admits that former U.S. Attorney General William Barr stated that there was no evidence of widespread election fraud regarding the 2020 general election. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 78, therefore the allegations are denied.

79.     Paragraph 79 contains arguments and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello admits that to the best of his understanding and belief there is no evidence of widespread voter fraud in Texas or

elsewhere in the United States. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 79, therefore the allegations are denied.

80.     Defendant Scarpello admits that Keith Ingram is the director for the elections division in the Secretary's office.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 80, therefore the allegations are denied.

81.     Paragraph 81 includes conclusory statements and argument to which no response is required.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the factual allegations in Paragraph 81, therefore the allegations are denied.

### 4.     Texas Officials' Efforts to Disenfranchise Voters in Other States

82.     Defendant Scarpello admits that to the best of his understanding and belief there is no evidence of widespread voter fraud in Texas or elsewhere in the United States.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 82, therefore the allegations are denied.

83.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 83, therefore the allegations are denied.

84.     Paragraph 84 cites case law, which speaks for itself. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

85.     Defendant Scarpello admits that the Texas Attorney General filed a lawsuit challenging election results in Georgia, Pennsylvania, Michigan, and Wisconsin and that other claims of voter fraud were dismissed by other courts. Defendant Scarpello is without sufficient

information or knowledge to admit or deny the remaining allegations in Paragraph 85, therefore the allegations are denied.

86.     Defendant Scarpello admits Paragraph 86.

87.     Paragraph 87 cites case law, which speaks for itself.

88.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 88, therefore the allegations are denied.

89.     Paragraph 89 contains legal conclusions and arguments to which no responsive pleading is required and rulings in a lawsuit which speaks for itself. Defendant Scarpello admits that Gohmert and some Arizona Republicans sued the Vice-President arguing he had authority to determine which elections should be counted for each state and the lawsuit was dismissed. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 89, therefore the allegations are denied.

90.     Defendant Scarpello admits Paragraph 90.

91.     Defendant Scarpello admits that one police officer died and others were injured in an attack on the US Capital on January 6, 2021.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 91, therefore the allegations are denied.

92.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 92, therefore the allegations are denied.

**II.     Senate Bill 7**

93.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 93, therefore the allegations are denied.

94.     Paragraph 94 includes conclusory statements and argument to which no response is required.  Defendant Scarpello admits that SB 7 was a precursor to SB 1 and that SB & died on the Texas House floor.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 94, therefore the allegations are denied.

95.     Paragraph 95 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 95, therefore the allegations are denied.

96.     Defendant Scarpello admits that SB 7 was brought for consideration in the Texas Senate's State Affairs Committee and many democratic lawmakers opposed SB 7.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 96, therefore the allegations are denied.

97.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 97, therefore the allegations are denied.

98.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 98, therefore the allegations are denied.

99.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 99, therefore the allegations are denied.

100.    Defendant Scarpello admits that the Texas Senate passed SB 7 and it was sent to the Texas House for consideration. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 100, therefore the allegations are denied.

101.    Defendant Scarpello admits that Representative Cain authored HB 6.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 101, therefore the allegations are denied.

102.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 102, therefore the allegations are denied.

103.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 103, therefore the allegations are denied.

104.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 104, therefore the allegations are denied.

105.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 105, therefore the allegations are denied.

106.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 106, therefore the allegations are denied.

107.    Defendant Scarpello admits that some Texans spoke out against HB 6. Defendant Scarpello is without sufficient Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 107, therefore the allegations are denied.

108.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 108, therefore the allegations are denied.

109.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 109, therefore the allegations are denied.

110.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 110, therefore the allegations are denied.

111.    Defendant Scarpello admits that SB 7 was sent to the Texas House and some Texans testified against HB 6.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 111, therefore the allegations are denied.

112.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 112 therefore the allegations are denied.

113.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 113, therefore the allegations are denied.

114.    Paragraph 114 includes conclusory statements and argument to which no response is required.  Defendant Scarpello admits that SB 7 passed out of the Elections Committee along party lines and there were objections to SB 7.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 114, therefore the allegations are denied.

115.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 115, therefore the allegations are denied.

116.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 116, therefore the allegations are denied.

117.    Defendant Scarpello admits that SB 7 was brought to the House floor for debate. The remainder of Paragraph 117 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 117, therefore the allegations are denied.

118.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 118, therefore the allegations are denied.

119.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 119, therefore the allegations are denied.

120.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 120, therefore the allegations are denied.

121.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 121, therefore the allegations are denied.

122.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 122, therefore the allegations are denied.

123.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 123, therefore the allegations are denied.

124.     Paragraph 124 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 124, therefore the allegations are denied.

125.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 125, therefore the allegations are denied.

126.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 126, therefore the allegations are denied.

127.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 127, therefore the allegations are denied.

128.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 128, therefore the allegations are denied.

129.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 129, therefore the allegations are denied.

130.     Defendant Scarpello admits Paragraph 130.

131.     Defendant Scarpello admits that SB 7 was brought up for consideration in the Texas House, and the departure of several Democratic lawmakers left the House without a quorum resulting in the bill dying on the floor. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 131, therefore the allegations are denied.

132.     Paragraph 132 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 132, therefore the allegations are denied.

133.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 133, therefore the allegations are denied.

134.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 134, therefore the allegations are denied

135.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 135, therefore, the allegations are denied.

## III.    Senate Bill 1

### A.     Legislative History

136.     Defendant Scarpello admits that SB 7 died on the floor of the House and that Governor Abbott threatened to veto the portion of the State's budget that funds the salaries and

benefits of staffers. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 136, therefore the allegations are denied.

137.    Paragraph 137 includes conclusory statements and argument to which no response is required.  Defendant Scarpello admits that Governor Abbott vetoed Article X of the State's budget, and on July 7, he called the first special session of the 87th Legislative Session.

138.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 138, therefore, the allegations are denied.

139.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 139, therefore, the allegations are denied.

140.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 140, therefore, the allegations are denied.

141.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 141, therefore, the allegations are denied.

142.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 142, therefore, the allegations are denied.

143.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 143, therefore, the allegations are denied.

144.    Defendant Scarpello admits that Keith Ingram is the director of the Secretary of State's election division. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 144, therefore, the allegations are denied.

145.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 145, therefore the allegations are denied.

146.     Paragraph 146 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 146, therefore the allegations are denied.

147.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 147, therefore, the allegations are denied.

148.     Defendant Scarpello admits that some Texas House Democrats left the State for Washington, D.C., denying the Texas House a quorum and some urged Congress to pass federal voting rights legislation. The remainder of Paragraph 148 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 148, therefore the allegations are denied.

149.     Paragraph 149 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 149, therefore the allegations are denied.

150.     Defendant Scarpello admits that the first special session ended without a quorum and Governor Abbott called a second special session. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 150, therefore the allegations are denied.

151.     Defendant Scarpello admits that SB 1 was reintroduced in a special session and that it passed out of the Senate along a party line vote. Defendant Scarpello is without sufficient

information or knowledge to admit or deny the remaining allegations in Paragraph 151, therefore the allegations are denied.

152.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 152, therefore, the allegations are denied.

153.    Defendant Scarpello admits that there was a second special session and that there was a warrant issued for absent members. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 153, therefore the allegations are denied.

154.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 154, therefore the allegations are denied.

155.    Defendant Scarpello admits that the House had a committee hearing on SB 1 and passed SB 1 along party lines. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 155, therefore the allegations are denied.

156.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 156, therefore the allegations are denied.

157.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 157, therefore the allegations are denied.

158.    Defendant Scarpello admits that the SB 1 passed in the Texas House along party lines returned to the Senate where it passed along party lines. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 158, therefore, the allegations are denied.

159.    Defendant Scarpello admits Paragraph 159.

**B.    The Suppressive Provisions**

160.     Paragraph 160 contains legal conclusions and arguments to which no response is required and references to SB 1 which speaks for itself. To the extent that the remaining allegations in Paragraph 160 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations, therefore the allegations are denied.

### 1.     Absentee Voting

161.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 161, therefore the allegations are denied.

162.     Paragraph 162 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. Defendant Scarpello admits that SB1 criminalizes certain conduct. To the extent that the remaining allegations in Paragraph 162 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

163.     Paragraph 163 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. To the extent that the remaining allegations in Paragraph 163 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits Paragraph 163.

164.     Paragraph 164 contains legal conclusions and arguments and statutory citations that speaks for themself. To the extent that the remaining allegations in Paragraph 164 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits Paragraph 163. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

165.     Paragraph 165 contains and arguments to which no response is required.  Defendant Scarpello admits that ballot drop boxes provide an option to voters, that he is aware that some voters use drop boxes to avoid delays with the US Postal Service, and Harris County has a large minority population. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 165, therefore the allegations are denied.

166.     Paragraph 166 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. To the extent that the remaining allegations in Paragraph 166 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

### 2.     In-Person Voting

167.     Paragraph 167 contains argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 167, therefore the allegations are denied.

168.     Paragraph 168 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. To the extent that the remaining allegations in Paragraph 168 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 prohibits drive-thru voting. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

169.     Paragraph 169 contains arguments and a statutory citation that speaks for itself. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

170.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 170, therefore the allegations are denied.

171.    Defendant Scarpello admits that SB 1 has certain rules regarding obtaining assistance while voting in person. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 171, therefore the allegations are denied.

172.    Paragraph 172 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. To the extent that the remaining allegations in Paragraph 172 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 includes rules regarding providing assistance to a voter.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

173.    Paragraph 173 statutory citations that speaks for themselves and legal conclusions and arguments to which no response is required. To the extent that the remaining allegations in Paragraph 173 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 requires that persons assisting voters swear to certain matters. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

174.    Paragraph 174 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 174, therefore the allegations are denied.

175.    Paragraph 175 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. To the extent that the remaining allegations in Paragraph 175contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 criminalizes certain conduct.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

176.    Paragraph 176 contains legal conclusions and arguments to which no response is required.

### 3.    Early Voting

177.    Paragraph 177 contains legal conclusions and arguments to which no response is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 177, therefore the allegations are denied.

178.    Paragraph 178 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. To the extent that the allegations in Paragraph 178 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 prohibits counties from operating early voting before 6:00am or later than 10:00pm on certain days.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

179.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 179, therefore the allegations are denied.

180.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 180, therefore the allegations are denied.

181.    Paragraph 181 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. Defendant Scarpello admits that the

majority of voters are ineligible to vote by mail and that expanded early voting hours provides increased access to the polls.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

182.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 182, therefore the allegations are denied.

183.    Paragraph 183 contains legal conclusions and arguments to which no response is required. Defendant Scarpello admits that SB 1 reduces the permissible early voting hours and he is unaware of any data that shows unlawful activity is more likely to occur when polling places operate before 6:00am or after 10:00pm.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

184.    Defendant Scarpello admits that the County had certain discretion to offer extended voting hours before SB 1 and that extended hours for early voting relieves congestion at polling places. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

### 4.    Partisan Watchers

185.    Paragraph 185 contains legal conclusions and arguments to which no response is required. Defendant Scarpello admits that SB 1 grants certain authority to poll watchers. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied

186.    Paragraph 186 contains legal conclusions and arguments to which no response is required and statutory citations SB 1 that speaks for themself. Defendant Scarpello admits that SB 1 now prohibits election officers in polling places from refusing to accept certain watchers, prohibits anyone from denying watchers "free movement" within polling places, requires that

certain watchers be permitted to get close enough to "see and hear" a voter's every activity in the polling place (except for completion of a ballot at a voting station), criminalizes election officers' intentional or knowing refusal to accept watchers for service, and further criminalizes any action taken "to obstruct the view of a watcher or distance the watcher from the activity or procedure to be observed in a manner that would make observation not reasonably effective." To the extent that the remaining allegations in Paragraph 186 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

187.    Paragraph 187 contains references to statutory citations that speaks for themselves and legal conclusions and arguments to which no response is required.

188.    Paragraph 188 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. To the extent that the remaining allegations in Paragraph 188 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny, therefore the allegations are denied

189.    Paragraph 189 contains legal conclusions and arguments to which no response is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 189, therefore the allegations are denied.

190.    Paragraph 190 contains argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 190, therefore the allegations are denied.

191.    As to the factual allegations included in Paragraph 191 regarding voter intimidation and harassment, due to the vagueness and generality of these allegations, Defendant Scarpello is

without sufficient information or knowledge to admit or deny same, therefore the allegations are denied. Defendant Scarpello admits that at certain points in American and Texas history there has been voter intimidation. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 191, therefore the allegations are denied.

192.    Defendant Scarpello admits that during the 2020 general election there were media reports of voter harassment by supporters of President Trump.   Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 192, therefore the allegations are denied.

193.    Paragraph 193 contains argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 193, therefore the allegations are denied.

194.    Paragraph 194 contains argument to which no responsive pleading is required. To the extent a response is required, Defendant Scarpello admits that SB 1 includes provisions for criminal and civil sanctions. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied

195.    Paragraph 195 contains legal conclusions and argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 195, therefore the allegations are denied.

**B.    State Interests**

196.    Paragraph 196 contains legal conclusions and argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient

information or knowledge to admit or deny the allegations in Paragraph 196, therefore the allegations are denied.

197.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 197, therefore the allegations are denied.

198.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 198, therefore the allegations are denied.

199.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 199, therefore the allegations are denied.

200.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 200, therefore the allegations are denied.

201.    Paragraph 201 contains legal conclusions and argument to which no responsive pleading is required.  To the extent that a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 201, therefore the allegations are denied.

202.    Paragraph 202 contains arguments to which no responsive pleading is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 202, therefore the allegations are denied.

203.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 203, therefore the allegations are denied.

204.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 204, therefore the allegations are denied.

205.    Paragraph 205 contains legal conclusions and argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello admits that it is his

belief that it is possible that SB1 will deter some people from volunteering and that SB 1 creates new requirements for election officials and voters.  Defendant Scarpello also admits that SB 1 set out new rules regarding voting. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph205, therefore the allegations are denied.

## IV.    Texas's History of Suppressing Black and Latino Political Participation

206.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 206, therefore the allegations are denied.

207.    Paragraph 207 contains legal conclusions and arguments to which no response is required and statutory/case law citations that speaks for themself. To the extent that the allegations in Paragraph 207 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that at a certain point in Texas history it discriminated against certain minority voters by using poll taxes and an all white primary system. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

208.    Defendant Scarpello admits that in 1866 freed slaves were generally not allowed to vote or hold office in Texas and at certain point in Texas history it sought to suppress the minority vote.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

209.    Paragraph 209 contains case law or statute that speaks for themself. Defendant Scarpello admits that at certain point in Texas history it sought to suppress the minority vote. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

210.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 210, therefore the allegations are denied.

211.    Defendant Scarpello admits that at a certain point in Texas history, the poll tax was used to suppress the minority vote.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

212.    Paragraph 212 contains citations to case law or statutes that speaks for themself. Defendant Scarpello admits that the Voting Rights Act of 1965 increased registration rates for Black and Latino voters in Texas. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

213.    Paragraph 213 contains references to statistical data that speaks for itself. Defendant Scarpello admits that there is a history of discrimination against Blacks and Latinos in Texas and some Blacks and Latinos live in poverty.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 213, therefore the allegations are denied.

214.    Paragraph 214 contains references to statistical data that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 214, therefore the allegations are denied.

215.    Paragraph 215 contains references to statistical data that speaks for itself. To the extent a response is required, Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 215, therefore the allegations are denied.

**V.      Current Suppression of Black and Latino Political Participation**

216.    Paragraph 216 contains argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 216, therefore the allegations are denied.

217.    Paragraph 217 contains references to statistical data that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 217, therefore the allegations are denied.

218.    Paragraph 218 contains case law that speaks for itself.

219.    Paragraph 219 contains case law that speaks for itself.

220.    Paragraph 220 contains case law that speaks for itself.

221.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 221, therefore the allegations are denied.

222.    Paragraph 222 contains legal conclusions and arguments to which no response is required and statutory/case law citations that speaks for themself.  To the extent a response is required, Defendant Scarpello admits that there are certain criminal penalties for certain acts under the Texas Election Code.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

223.    Paragraph 223 contains case law that speaks for itself.  Defendant Scarpello admits that former Secretary of State David Whitley issued an advisory decision to county registrars claiming to have a list of 95,000 noncitizens who were unlawfully registered to vote, which had errors, including failing to account for noncitizens who had since become naturalized. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

224.     Due to the vagueness and generality of the allegations in Paragraph 224, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

225.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 225, therefore the allegations are denied.

226.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 226, therefore the allegations are denied

227.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 227, therefore the allegations are denied

228.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 228, therefore the allegations are denied.

229.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 229, therefore the allegations are denied.

230.     Due to the vagueness and generality of the allegations in Paragraph 230, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

231.     Paragraph 231 contains legal conclusions and argument to which no responsive pleading is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 231, therefore the allegations are denied.

232.     Paragraph 232 contains references to quotes or ads from politicians that speak for themself. To the extent that the allegations in Paragraph 232 contains factual allegations to which

a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 232, therefore the allegations are denied.

233.    Paragraph 233 contains references to quotes or ads from politicians that speak for themself. To the extent that the allegations in Paragraph 233 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 233, therefore the allegations are denied.

234.    Paragraph 234 contains references to quotes or ads from politicians that speak for themself. To the extent that the allegations in Paragraph 234 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 234, therefore the allegations are denied.

235.    Paragraph 235 contains references to quotes or ads from politicians that speak for themself. To the extent that the allegations in Paragraph 235 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 235, therefore the allegations are denied.

236.    Defendant Scarpello admits that George Floyd and Breonna Taylor were killed in incidents involving police shooting. Due to the vagueness and generality of the remaining allegations in Paragraph 236, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

237.    Paragraph 237 contains references to quotes or statements from politicians that speak for themself. To the extent that the allegations in Paragraph 237 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 237, therefore the allegations are denied.

238.     Paragraph 238 contains references to quotes or ads from politicians that speak for themself. To the extent that the allegations in Paragraph 238 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 238, therefore the allegations are denied.

239.     Paragraph 239 contains references to quotes or ads from politicians that speak for themself. To the extent that the allegations in Paragraph 239 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 239, therefore the allegations are denied.

240.     Due to the vagueness and generality of the allegations in Paragraph 240, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

241.     Paragraph 241 contains case law that speaks for itself. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

242.     Paragraph 242 contains argument to which no responsive pleading is required.  To the extent a response is required, due to the vagueness and generality of the allegations in Paragraph 242, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

243.     Defendant Scarpello admits that generally Democratic voters are more likely than Republican voters to support removing Confederate monuments from public spaces, oppose immediate deportation of undocumented immigrants, and support immigration reform. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 243, therefore the allegations are denied.

244.     Paragraph 244 contains references to statistical data that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 244, therefore the allegations are denied.

245.     Due to the vagueness and generality of the allegations in Paragraph 245, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

246.     Paragraph 246 contains references to statistical data that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 246, therefore the allegations are denied.

247.     Paragraph 247 contains references to statistical data that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 247, therefore the allegations are denied.

248.     Defendant Scarpello admits that the Texas Supreme Court is the highest state court for civil and juvenile cases and the Texas Court of Criminal Appeals the highest state court for criminal cases, and the justices are elected. Due to the vagueness and generality of the allegations in Paragraph 248, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 248, therefore the allegations are denied.

**CLAIMS FOR RELIEF**
**COUNT I**
**52 U.S.C. § 10301(a)**
**Violation of Section 2 of the Voting Rights Act**
**Against All Defendants**

249.     With regard to Paragraph 249, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

250.     Paragraph 250 contains legal conclusions to which no response is required and statutory citations/case law that speaks for themself.

251.     Paragraph 251 contains arguments to which no response is required and statutory citations/case law that speaks for themself.

252.     Paragraph 252 contains legal conclusions and argument to which no responsive pleading is required. Defendant Scarpello admits that the Texas Legislature passed SB 1 and there was record turnout in the 2020 election. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

253.     Paragraph 253 contains legal conclusions and argument to which no responsive pleading is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 253, therefore the allegations are denied.

254.     Paragraph 254 contains legal conclusions and argument to which no responsive pleading is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 254, therefore the allegations are denied.

255.     Paragraph 255 contains legal conclusions and argument to which no responsive pleading is required. To the extent a response is required, Defendant Scarpello admits that LULAC, FT and Alliance have Black and Latino members. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 255, therefore the allegations are denied.

256.     Paragraph 256 of Plaintiffs' Complaint contains legal conclusions and argument to which no responsive pleading is required. To the extent that the remaining allegations in Paragraph 256 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

**COUNT II**
**U.S. Const. Amends. I, XIV; 42 U.S.C. § 1983**
**Undue Burden on the Right to Vote**
**Against Defendants Gonzales, Garza, Ogg, Rodriguez, Creuzot, Rosales, Callanen,**
**DeBeauvoir, Longoria, Ramón, Scarpello, and Wise**

257.     With regard to Paragraph 257, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

258.     Paragraph 258 contains legal conclusions to which no response is required and references to Constitutional provisions that speaks for themself.

259.     Paragraph 259 contains arguments to which no response is required and citations to case law that speak for themself.

260.     Paragraph 260 contains citations to case law that speaks for themself.

261.     Paragraph 261 of Plaintiff's Complaint contains arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 261 contains factual allegations to which a responsive pleading is required, Defendant admits that these are the provisions that Plaintiff is challenging in this lawsuit. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

262.     Paragraph 262 of Plaintiff's Complaint contains legal conclusions and arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 262 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits

there is a fundamental right to vote and SB 1 creates new requirements for election officials and voters. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

263.    Paragraph 263 of Plaintiff's Complaint contains legal conclusions and arguments to which no responsive pleading is required. Defendant Scarpello admits that he is aware that Harris County voters used drop boxes in the 2020 general election. To the extent that the allegations in Paragraph 263 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

264.    Paragraph 264 of Plaintiff's Complaint contains legal conclusions and arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 264 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations, therefore the allegations are denied.

265.    Paragraph 265 contains legal conclusions and arguments to which no response is required. To the extent that the allegations in Paragraph 265 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 grants certain authority to watchers and sets forth certain criminal penalties for barring watchers as set forth in the statute. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied

266.    Paragraph 266 contains legal conclusions and arguments to which no response is required. To the extent that the allegations in Paragraph 266 contains factual allegations to which

a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations, therefore the allegations are denied.

267.    Due to the vagueness and generality of the allegations in Paragraph 267, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

268.    Paragraph 268 contains legal conclusions and arguments to which no response is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 268, therefore the allegations are denied.

269.    Paragraph 260 of Plaintiff's Complaint contains arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 269 contains factual allegations to which a responsive pleading is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

270.    Paragraph 270 contains legal conclusions and arguments to which no response is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 270, therefore the allegations are denied.

271.    Paragraph 271 contains legal conclusions and arguments to which no response is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 271, therefore the allegations are denied.

272.    Paragraph 272 of Plaintiff's Complaint contains arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 272 contains factual allegations to which a responsive pleading is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

<u>**COUNT III**</u>
**U.S. Const. Amends. I, XIV; 42 U.S.C. § 1983**
**Restriction on Free Speech and Expression**

**Against Defendants Gonzales, Garza, Ogg, Rodriguez, Creuzot, Rosales, Callanen, DeBeauvoir, Longoria, Ramón, Scarpello, and Wise**

273.    With regard to Paragraph 273, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

274.    Paragraph 274 contains legal conclusions to which no response is required and citations to case law that speaks for themself.

275.    Paragraph 275 contains legal conclusions to which no response is required and citations to case law that speak for themself.

276.    Paragraph 276 contains legal conclusions to which no response is required and citations to case law that speak for themself.

277.    Paragraph 277 contains legal conclusions to which no response is required and citations to statutory provisions that speak for themself.   To the extent that the allegations in Paragraph 277 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 limits certain interactions with voters. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

278.    Paragraph 278 contains legal conclusions or arguments to which no response is required.   To the extent that the allegations in Paragraph 278 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 limits certain interactions with voters.   Due to the vagueness and generality of the allegations in Paragraph 278, Defendant Scarpello is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

279.     Paragraph 279 contains legal conclusions to which no response is required and citations to statutory provisions that speak for themself.   To the extent that the allegations in Paragraph 279 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 limits certain assistance to voters involving compensation or other benefits. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

280.     Paragraph 280 contains arguments to which no response is required and citations to statutory provisions that speak for themself.   To the extent that the allegations in Paragraph 280 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

281.     Paragraph 281 contains legal conclusions and arguments to which no response is required.   To the extent that the allegations in Paragraph 280 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

282.     Paragraph 282 contains legal conclusions and arguments to which no response is required.   To the extent that the allegations in Paragraph 282 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

283.     Paragraph 282 contains legal conclusions and arguments to which no response is required.   To the extent that the allegations in Paragraph 282 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that it is his belief that it is possible that SB1 may deter some people from volunteering. Defendant Scarpello is without sufficient

information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

284.     Paragraph 284 of Plaintiff's Complaint contains legal conclusions and arguments to which no responsive pleading is required and citations to statutory provisions that speak for themself. To the extent that the allegations in Paragraph 284 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

285.     Paragraph 285 contains legal conclusions and arguments to which no response is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 285, therefore the allegations are denied.

286.     Paragraph 286 of Plaintiff's Complaint contains legal conclusions and arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 286 contains factual allegations to which a responsive pleading is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

## COUNT IV
### 52 U.S.C. § 10508
### Violation of Section 208 of the Voting Rights Act
### Against All Defendants

287.     With regard to Paragraph 287, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

288.     Paragraph 288 contains legal conclusions to which no response is required and statutory citations that speaks for themself.

289.     Paragraph 289 contains legal conclusions to which no response is required and statutory citations to legislative history that speaks for itself. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 289, therefore the allegations are denied.

290.     Paragraph 290 contains legal conclusions to which no response is required and statutory/case law citations that speaks for themself.

291.     Paragraph 291 contains legal conclusions to which no response is required and citations to statutory provisions that speak for themself.  To the extent that the allegations in Paragraph 291 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 limits certain interactions with voters in the presence of an official ballot as set forth in the statute. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

292.     Paragraph 292 contains legal conclusions to which no response is required and citations to statutory provisions that speak for themself.  To the extent that the allegations in Paragraph 292 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 limits certain assistance to voters in the presence of an official ballot involving compensation or other benefits. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

293.     Paragraph 293 contains legal conclusions or arguments to which no response is required. Defendant Scarpello admits that SB 1 limits certain assistance to voters in the presence of an official ballot involving compensation or other benefits and that federal law provides that certain voters are entitled to receive assistance. Defendant Scarpello is without sufficient

information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

294.    Paragraph 294 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

## PRAYER FOR RELIEF

295.    Defendant Scarpello denies the allegations, if any, contained in the Prayer section of the Complaint and denies that Plaintiff is entitled to the relief requested, including declaratory or injunctive relief relative to Defendant Scarpello, and denies that Plaintiff may recover any costs, disbursements, and reasonable attorney's fees from Defendant Scarpello.

## DEFENSES AND AFFIRMATIVE DEFENSES

296.    By pleading the following Defenses or Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiffs retain the burden of proof on all matters necessary to prove the claims asserted in the Complaint and to establish their alleged damages.

## FIRST DEFENSE

297.    The Complaint, in whole or in part, fails to state a claim upon which relief can be granted as to Defendant Scarpello.

## SECOND DEFENSE

298.    Defendant Scarpello at all times acted in accordance with the United States Constitution and the laws of the State of Texas and in good faith.

## THIRD DEFENSE

299.    Plaintiffs lack standing on some or all off their claims.

## FOURTH DEFENSE

300.    Plaintiffs Section 1983 claims are barred to the extent that Defendant Scarpello is not a policymaker as to SB 1. Defendant Scarpello is not empowered or authorized to change Texas law passed by the Legislature and signed by the Governor.  Defendant Scarpello also is not afforded discretion in enforcement of the requirements under SB 1.

## FIFTH DEFENSE

301.    Plaintiffs' claims are barred in whole or in part by sovereign immunity, including 11th amendment immunity to the extent that Defendant Scarpello is enforcing/applying state law, SB 1.

## SIXTH DEFENSE

302.    Plaintiffs' claims against Defendant Scarpello are barred to the extent that he has no power to redress Plaintiffs' injuries.

## SEVENTH DEFENSE

303.    To the extent that Plaintiffs have not sustained any injury or damage as a result of any actions taken by Defendant Scarpello, they should be barred from recovering against him. Equity and justice bar Plaintiffs' recovery of attorneys' fees from Defendant Scarpello in this lawsuit.

304.    Defendants reserve the right to raise additional defenses and affirmative defenses to the claims alleged.

## JURY DEMAND

305.    Defendant Scarpello hereby demands a trial by jury on all triable issues. Fed. R. Civ. P. 38(b); Fed. R. Civ. P. 81(c)(3)(b).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Scarpello prays that the Court will dismiss this suit with prejudice as to Defendant Scarpello, that Plaintiff take nothing by this action against him, that he recover his costs including a reasonable attorney's fee herein, and any other relief to which he may be justly entitled under the law.

Respectfully submitted,

**JOHN CREUZOT**
**DISTRICT ATTORNEY**

/s/ Barbara S. Nicholas
BARBARA S. NICHOLAS
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24032785
Barbara.nicholas@dallascounty.org
CIVIL DIVISION
Dallas County Records Building
500 Elm Street, Suite 6300
Dallas, TX 75202
(214) 653-7358
(214) 653-6134 (FAX)

**ATTORNEYS FOR DEFENDANT MICHAEL SCARPELLO IN HIS OFFICIAL CAPACITY AS DALLAS COUNTY ELECTIONS ADMINISTRATOR**

## CERTIFICATE OF SERVICE

I, hereby certify that the foregoing document was filed electronically on February 2, 2022, with the Clerk of the Court for the Western District of Texas by using the CM/ECF system, causing electronic service upon all counsel of record.

/s/ Barbara S. Nicholas
ASSISTANT DISTRICT ATTORNEY