# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO, et al. | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **Case No: 5:21-cv-844-XR** |
| | § | |
| GREGORY ABBOTT, et al. | § | |
| *Defendants* | § | |

| | | |
|---|---|---|
| TEXAS STATE LULAC; | § | |
| VOTO LATINO | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **Case No: 1:21-cv-786-XR** |
| | § | |
| JOHN SCOTT, in his official capacity | § | |
| as Texas Secretary of State, et al | § | |
| *Defendants.* | § | |

## DEFENDANT YVONNE RAMÓN'S ANSWER TO SECOND AMENDED COMPLAINT

COMES NOW Defendant Yvonne Ramón ("Defendant) in her official capacity as Hidalgo County Elections Administrator and files this Answer to Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief, filed on January 19, 2022 in consolidated cause number 5:21-cv-844-XR. Defendant now files this answer pursuant to Rule 8, Federal Rules of Civil Procedure, and would show as follows:

## I.      GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation contained in Plaintiffs' Amended Complaint except those expressly admitted herein. Defendant denies that any of Defendant's actions have violated any state or federal laws or rights secured

under the United States Constitution. Defendant takes no position on the constitutionality of the challenged provisions of Senate Bill 1.

## II.     SPECIFIC DENIALS

1. Defendant admits that Texas has historically had low voter turnout. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations contained in paragraph 1 of Plaintiffs' Amended Complaint.

2. Defendant admits that voting was among the many aspects of life made more difficult by the COVID-19 pandemic. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations contained in paragraph 2 of Plaintiffs' Amended Complaint.

3. Defendant admits that 2020 voter turnout was an increase over recent elections. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations contained in paragraph 3 of Plaintiffs' Amended Complaint.

4. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 4 of Plaintiffs' Amended Complaint.

5. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 5 of Plaintiffs' Amended Complaint.

6. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 6 of Plaintiffs' Amended Complaint.

7. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 7 of Plaintiffs' Amended Complaint.

8.   Defendant admits that SB 7 failed to pass in the most recent regular session of the Texas Legislature. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations contained in paragraph 8 of Plaintiffs' Amended Complaint.

9.   Defendant admits that Governor Abbott called a special session shortly after the end of the 2021 regular session. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations contained in paragraph 9 of Plaintiffs' Amended Complaint.

10.   Defendant admits that SB 1 passed during the second special session of the 2021 Texas Legislature. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations contained in paragraph 10 of Plaintiffs' Amended Complaint.

11.   Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 11 of Plaintiffs' Amended Complaint.

12.   Paragraph 12 of Plaintiffs' Amended Complaint consists of a legal conclusion, which does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent Paragraph 12 requires a response, Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 12 of Plaintiffs' Amended Complaint.

13.   Paragraph 13 of Plaintiffs' Amended Complaint does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

14.   Defendant admits paragraph 14 of Plaintiffs' Amended Complaint.

15.   Defendant admits paragraph 15 of Plaintiffs' Amended Complaint.

16.   Defendant admits paragraph 16 of Plaintiffs' Amended Complaint.

17.   Defendant admits paragraph 17 of Plaintiffs' Amended Complaint.

18.   Defendant admits paragraph 18 of Plaintiffs' Amended Complaint

19. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 19 of Plaintiffs' Amended Complaint.

20. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 20 of Plaintiffs' Amended Complaint.

21. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 21 of Plaintiffs' Amended Complaint.

22. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 22 of Plaintiffs' Amended Complaint.

23. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 23 of Plaintiffs' Amended Complaint.

24. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 24 of Plaintiffs' Amended Complaint.

25. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 25 of Plaintiffs' Amended Complaint.

26. Defendant admits that Defendant John Scott is sued in his official capacity as Texas Secretary of State. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 26 of Plaintiffs' Amended Complaint.

27. Defendant admits that Defendant Ken Paxton is sued in his official capacity as Texas Attorney General. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 27 of Plaintiffs' Amended Complaint.

28. Defendant admits that Defendant Jacquelyn Callanen is sued in her official capacity as Bexar County Elections Administrator. No response is required to the remainder of paragraph 28 of Plaintiffs' Amended Complaint.

29. Defendant admits that Defendant Joe Gonzales is sued in his official capacity as Bexar County Criminal District Attorney. No response is required to the remainder of paragraph 29 of Plaintiffs' Amended Complaint.

30. Defendant admits that Defendant Dana DeBeauvoir is sued in her official capacity as Travis County Clerk. No response is required to the remainder of paragraph 30 of Plaintiffs' Amended Complaint.

31. Defendant admits that Defendant José Garza is sued in his official capacity as Travis County District Attorney. No response is required to the remainder of paragraph 31 of Plaintiffs' Amended Complaint.

32. Defendant admits that Defendant Isabel Longoria is sued in her official capacity as Harris County Elections Administrator. No response is required to the remainder of paragraph 32 of Plaintiffs' Amended Complaint.

33. Defendant admits that Defendant Kim Ogg is sued in her official capacity as Harris County District Attorney. No response is required to the remainder of paragraph 33 of Plaintiffs' Amended Complaint.

34. Defendant admits that she is sued in her official capacity as Hidalgo County Elections Administrator. No response is required to the remainder of paragraph 34 of Plaintiffs' Amended Complaint.

35. Defendant admits that Defendant Ricardo Rodriguez Jr. is sued in his official capacity as Hidalgo County Criminal District Attorney. No response is required to the remainder of paragraph 35 of Plaintiffs' Amended Complaint.

36. Defendant admits that Defendant Michael Scarpello is sued in his official capacity as Dallas County Elections Administrator. No response is required to the remainder of paragraph 36 of Plaintiffs' Amended Complaint.

37. Defendant admits that Defendant John Creuzot is sued in his official capacity as Dallas County District Attorney. No response is required to the remainder of paragraph 37 of Plaintiffs' Amended Complaint.

38. Defendant admits that Defendant Lisa Wise is sued in her official capacity as El Paso County Elections Administrator. No response is required to the remainder of paragraph 38 of Plaintiffs' Amended Complaint.

39. Defendant admits that Defendant Yvonne Rosales is sued in her official capacity as the District Attorney for the 34th Judicial District. No response is required to the remainder of paragraph 39 of Plaintiffs' Amended Complaint.

40. Defendant admits that Texas has historically had low voter turnout. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations contained in paragraph 40 of Plaintiffs' Amended Complaint.

41. Defendant admits paragraph 41 of Plaintiffs' Amended Complaint.

42. Defendant admits that voter participation has been increasing. Defendant admits that the number of eligible Hispanic and Black voters in the state has been increasing. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 42 of Plaintiffs' Amended Complaint.

43. Defendant admits that Hidalgo County saw an increase in turnout in 2018 compared to recent midterm elections. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 43 of Plaintiffs' Amended Complaint.

44. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 44 of Plaintiffs' Amended Complaint.

45. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 45 of Plaintiffs' Amended Complaint.

46. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 46 of Plaintiffs' Amended Complaint.

47. Defendant admits that Hidalgo County voter turnout increased in 2020. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 47 of Plaintiffs' Amended Complaint.

48. Defendant admits that Hidalgo County voter turnout in 2020 was higher than recent Presidential elections. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 48 of Plaintiffs' Amended Complaint.

49. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 49 of Plaintiffs' Amended Complaint.

50. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 50 of Plaintiffs' Amended Complaint.

51. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 51 of Plaintiffs' Amended Complaint.

52. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 52 of Plaintiffs' Amended Complaint.

53. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 53 of Plaintiffs' Amended Complaint.

54. Defendant admits that Hidalgo County had early voting from 7 a.m. to 7 p.m. for the 2020 general election. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 54 of Plaintiffs' Amended Complaint.

55. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 55 of Plaintiffs' Amended Complaint.

56. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 56 of Plaintiffs' Amended Complaint.

57. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 57 of Plaintiffs' Amended Complaint.

58. Defendant admits that Harris County is the largest county in Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 58 of Plaintiffs' Amended Complaint.

59. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 59 of Plaintiffs' Amended Complaint.

60. Defendant admits that in 2020 Hidalgo County saw an increase in voters voting by mail. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 60 of Plaintiffs' Amended Complaint.

61. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 61 of Plaintiffs' Amended Complaint.

62. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 62 of Plaintiffs' Amended Complaint.

63. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 63 of Plaintiffs' Amended Complaint.

64. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 64 of Plaintiffs' Amended Complaint.

65. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 65 of Plaintiffs' Amended Complaint.

66. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 66 of Plaintiffs' Amended Complaint.

67. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 67 of Plaintiffs' Amended Complaint.

68. Defendant admits that Governor Abbot issued a proclamation on October 1, 2020 limiting counties to one early voting clerk's location for ballot delivery. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 68 of Plaintiffs' Amended Complaint.

69. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 69 of Plaintiffs' Amended Complaint.

70. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 70 of Plaintiffs' Amended Complaint.

71. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 71 of Plaintiffs' Amended Complaint.

72. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 72 of Plaintiffs' Amended Complaint.

73. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 73 of Plaintiffs' Amended Complaint.

74. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 74 of Plaintiffs' Amended Complaint.

75. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 75 of Plaintiffs' Amended Complaint.

76. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 76 of Plaintiffs' Amended Complaint.

77. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 77 of Plaintiffs' Amended Complaint.

78. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 78 of Plaintiffs' Amended Complaint.

79. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 79 of Plaintiffs' Amended Complaint.

80. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 80 of Plaintiffs' Amended Complaint.

81. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 81 of Plaintiffs' Amended Complaint.

82. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 82 of Plaintiffs' Amended Complaint.

83. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 83 of Plaintiffs' Amended Complaint.

84. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 84 of Plaintiffs' Amended Complaint.

85. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 85 of Plaintiffs' Amended Complaint.

86. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 86 of Plaintiffs' Amended Complaint.

87. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 87 of Plaintiffs' Amended Complaint.

88. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 88 of Plaintiffs' Amended Complaint.

89. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 89 of Plaintiffs' Amended Complaint.

90. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 90 of Plaintiffs' Amended Complaint.

91. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 91 of Plaintiffs' Amended Complaint.

92. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 92 of Plaintiffs' Amended Complaint.

93. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 93 of Plaintiffs' Amended Complaint.

94. Defendant admits that SB 7 failed to pass during the regular session of the 2021 Texas Legislature. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 94 of Plaintiffs' Amended Complaint.

95. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 95 of Plaintiffs' Amended Complaint.

96. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 96 of Plaintiffs' Amended Complaint.

97. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 97 of Plaintiffs' Amended Complaint.

98. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 98 of Plaintiffs' Amended Complaint.

99. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 99 of Plaintiffs' Amended Complaint.

100. Defendant admits the Texas Senate passed SB 7 and it was sent to the Texas House of Representatives. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 100 of Plaintiffs' Amended Complaint.

101. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 101 of Plaintiffs' Amended Complaint.

102. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 102 of Plaintiffs' Amended Complaint.

103. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 103 of Plaintiffs' Amended Complaint.

104. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 104 of Plaintiffs' Amended Complaint.

105. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 105 of Plaintiffs' Amended Complaint.

106. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 106 of Plaintiffs' Amended Complaint.

107. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 107 of Plaintiffs' Amended Complaint.

108. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 108 of Plaintiffs' Amended Complaint.

109. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 109 of Plaintiffs' Amended Complaint.

110. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 110 of Plaintiffs' Amended Complaint.

111. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 111 of Plaintiffs' Amended Complaint.

112. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 112 of Plaintiffs' Amended Complaint.

113. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 113 of Plaintiffs' Amended Complaint.

114. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 114 of Plaintiffs' Amended Complaint.

115. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 115 of Plaintiffs' Amended Complaint.

116. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 116 of Plaintiffs' Amended Complaint.

117. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 117 of Plaintiffs' Amended Complaint.

118. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 118 of Plaintiffs' Amended Complaint.

119. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 119 of Plaintiffs' Amended Complaint.

120. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 120 of Plaintiffs' Amended Complaint.

121. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 121 of Plaintiffs' Amended Complaint.

122. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 122 of Plaintiffs' Amended Complaint.

123. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 123 of Plaintiffs' Amended Complaint.

124. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 124 of Plaintiffs' Amended Complaint.

125. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 125 of Plaintiffs' Amended Complaint.

126. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 126 of Plaintiffs' Amended Complaint.

127. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 127 of Plaintiffs' Amended Complaint.

128. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 128 of Plaintiffs' Amended Complaint.

129. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 129 of Plaintiffs' Amended Complaint.

130. Defendant admits that the Texas Senate passed SB 7. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 130 of Plaintiffs' Amended Complaint.

131. Defendant admits that SB 7 died on the floor of the Texas House of Representatives. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 131 of Plaintiffs' Amended Complaint.

132. Paragraph 132 of Plaintiff's Amended Complaint contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent the paragraph does require a response, Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 126 of Plaintiffs' Amended Complaint.

133. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 133 of Plaintiffs' Amended Complaint.

134. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 134 of Plaintiffs' Amended Complaint.

135. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 135 of Plaintiffs' Amended Complaint.

136. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 136 of Plaintiffs' Amended Complaint.

137. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 137 of Plaintiffs' Amended Complaint.

138. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 138 of Plaintiffs' Amended Complaint.

139. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 139 of Plaintiffs' Amended Complaint.

140. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 140 of Plaintiffs' Amended Complaint.

141. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 141 of Plaintiffs' Amended Complaint.

142. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 142 of Plaintiffs' Amended Complaint.

143. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 143 of Plaintiffs' Amended Complaint.

144. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 144 of Plaintiffs' Amended Complaint.

145. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 145 of Plaintiffs' Amended Complaint.

146. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 146 of Plaintiffs' Amended Complaint.

147. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 147 of Plaintiffs' Amended Complaint.

148. Defendant admits that the quorum in the Texas House of Representatives was broken. Defendant lacks the knowledge to admit or deny the remaining characterizations and allegations in paragraph 148 of Plaintiffs' Amended Complaint.

149. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 149 of Plaintiffs' Amended Complaint.

150. Defendant admits that the first special session of the 2021 Texas Legislature ended without a quorum in the Texas House of Representatives. Defendant admits that Governor Abbott subsequently called a second legislative session. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 150 of Plaintiffs' Amended Complaint.

151. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 151 of Plaintiffs' Amended Complaint.

152. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 152 of Plaintiffs' Amended Complaint.

153. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 153 of Plaintiffs' Amended Complaint.

154. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 154 of Plaintiffs' Amended Complaint.

155. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 155 of Plaintiffs' Amended Complaint.

156. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 156 of Plaintiffs' Amended Complaint.

157. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 157 of Plaintiffs' Amended Complaint.

158. Defendant admits that SB 1 passed both houses of the Texas Legislature. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 158 of Plaintiffs' Amended Complaint.

159. Defendant admits paragraph 159 of Plaintiffs' Amended Complaint.

160. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 160 of Plaintiffs' Amended Complaint.

161. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 161 of Plaintiffs' Amended Complaint.

162. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 162 of Plaintiffs' Amended Complaint.

163. Defendant admits SB 1 requires absentee ballot applications and absentee ballot carrier envelopes to include the voter's driver's license or personal identification number or the last four digits of the voter's social security number. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 163 of Plaintiffs' Amended Complaint.

164. Defendant admits SB 1 requires an election official receiving a voter's absentee ballot to record the voter's name, signature, and type of identification on a roster prescribed by the secretary of state. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 164 of Plaintiffs' Amended Complaint.

165. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 165 of Plaintiffs' Amended Complaint.

166. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 166 of Plaintiffs' Amended Complaint.

167. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 167 of Plaintiffs' Amended Complaint.

168. Defendant admits SB 1 prohibits the use of drive-thru voting locations. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 168 of Plaintiffs' Amended Complaint.

169. Defendant admits to the text of Tex. Elec. Code §85.062 prior to the passage of SB 1. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 169 of Plaintiffs' Amended Complaint.

170. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 170 of Plaintiffs' Amended Complaint.

171. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 171 of Plaintiffs' Amended Complaint.

172. Defendant admits to the text of Tex. Elec. Code §64.031. Defendant admits that SB 1 requires that a person assisting a voter to fill out a form providing the assistant's name, address, relationship to the voter, and whether the person received or accepted any compensation or other benefit from a candidate, campaign, or political committee. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 172 of Plaintiffs' Amended Complaint.

173. Defendant admits to the oath required by voter assistants required by SB 1. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 173 of Plaintiffs' Amended Complaint.

174. Defendant admits to the requirements of Tex. Elec. Code §§ 64.032(d), 64.034, and 64.036.

175. Defendant admits to the language of Tex. Elec. Code § 276.015. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 175 of Plaintiffs' Amended Complaint.

176. Paragraph 176 of Plaintiffs' Amended Complaint consists of a legal conclusion which does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

177. Paragraph 177 of Plaintiffs' Amended Complaint consists of a legal conclusion which does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

178. Defendant admits paragraph 178 of Plaintiffs' Amended Complaint.

179. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 179 of Plaintiffs' Amended Complaint.

180. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 180 of Plaintiffs' Amended Complaint.

181. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 181 of Plaintiffs' Amended Complaint.

182. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 182 of Plaintiffs' Amended Complaint.

183. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 183 of Plaintiffs' Amended Complaint.

184. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 184 of Plaintiffs' Amended Complaint.

185. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 185 of Plaintiffs' Amended Complaint.

186. Defendant admits to the text of SB 1. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 186 of Plaintiffs' Amended Complaint.

187. Defendant admits paragraph 187 of Plaintiffs' Amended Complaint.

188. Defendant admits to the text of SB 1. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 188 of Plaintiffs' Amended Complaint.

189. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 189 of Plaintiffs' Amended Complaint.

190. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 190 of Plaintiffs' Amended Complaint.

191. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 191 of Plaintiffs' Amended Complaint.

192. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 192 of Plaintiffs' Amended Complaint.

193. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 193 of Plaintiffs' Amended Complaint.

194. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 194 of Plaintiffs' Amended Complaint.

195. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 195 of Plaintiffs' Amended Complaint.

196. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 196 of Plaintiffs' Amended Complaint.

197. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 197 of Plaintiffs' Amended Complaint.

198. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 198 of Plaintiffs' Amended Complaint.

199. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 199 of Plaintiffs' Amended Complaint.

200. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 200 of Plaintiffs' Amended Complaint.

201. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 201 of Plaintiffs' Amended Complaint.

202. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 202 of Plaintiffs' Amended Complaint.

203. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 203 of Plaintiffs' Amended Complaint.

204. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 204 of Plaintiffs' Amended Complaint.

205. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 205 of Plaintiffs' Amended Complaint.

206. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 206 of Plaintiffs' Amended Complaint.

207. Defendant admits that paragraph 207 of Plaintiffs' Amended Complaint accurately quotes the cited decisions.

208. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 208 of Plaintiffs' Amended Complaint.

209. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 209 of Plaintiffs' Amended Complaint.

210. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 210 of Plaintiffs' Amended Complaint.

211. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 211 of Plaintiffs' Amended Complaint.

212. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 212 of Plaintiffs' Amended Complaint.

213. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 213 of Plaintiffs' Amended Complaint.

214. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 214 of Plaintiffs' Amended Complaint.

215. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 215 of Plaintiffs' Amended Complaint.

216. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 216 of Plaintiffs' Amended Complaint.

217. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 217 of Plaintiffs' Amended Complaint.

218. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 218 of Plaintiffs' Amended Complaint.

219. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 219 of Plaintiffs' Amended Complaint.

220. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 220 of Plaintiffs' Amended Complaint.

221. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 221 of Plaintiffs' Amended Complaint.

222. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 222 of Plaintiffs' Amended Complaint.

223. Plaintiff admits to the existence of the advisory issued by former Secretary of State David Whitley in 2019. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 223 of Plaintiffs' Amended Complaint.

224. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 224 of Plaintiffs' Amended Complaint.

225. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 225 of Plaintiffs' Amended Complaint.

226. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 226 of Plaintiffs' Amended Complaint.

227. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 227 of Plaintiffs' Amended Complaint.

228. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 228 of Plaintiffs' Amended Complaint.

229. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 229 of Plaintiffs' Amended Complaint.

230. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 230 of Plaintiffs' Amended Complaint.

231. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 231 of Plaintiffs' Amended Complaint.

232. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 232 of Plaintiffs' Amended Complaint.

233. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 233 of Plaintiffs' Amended Complaint.

234. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 234 of Plaintiffs' Amended Complaint.

235. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 235 of Plaintiffs' Amended Complaint.

236. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 236 of Plaintiffs' Amended Complaint.

237. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 237 of Plaintiffs' Amended Complaint.

238. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 238 of Plaintiffs' Amended Complaint.

239. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 239 of Plaintiffs' Amended Complaint.

240. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 240 of Plaintiffs' Amended Complaint.

241. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 241 of Plaintiffs' Amended Complaint.

242. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 242 of Plaintiffs' Amended Complaint.

243. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 243 of Plaintiffs' Amended Complaint.

244. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 244 of Plaintiffs' Amended Complaint.

245. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 245 of Plaintiffs' Amended Complaint.

246. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 246 of Plaintiffs' Amended Complaint.

247. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 247 of Plaintiffs' Amended Complaint.

248. Defendant admits that members of the Texas Supreme Court and Texas Court of Criminal Appeals are elected to at-large positions with numbered places. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 248 of Plaintiffs' Amended Complaint.

249. Paragraph 249 of Plaintiffs' Amended Complaint does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

250. Paragraph 250 of Plaintiffs' Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

251. Paragraph 251 of Plaintiffs' Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

252. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 252 of Plaintiffs' Amended Complaint.

253. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 253 of Plaintiffs' Amended Complaint.

254. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 254 of Plaintiffs' Amended Complaint.

255. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 255 of Plaintiffs' Amended Complaint.

256. Paragraph 256 of Plaintiffs' Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

257. Paragraph 257 of Plaintiffs' Amended Complaint does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

258. Paragraph 258 of Plaintiffs' Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

259. Paragraph 259 of Plaintiffs' Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

260. Paragraph 260 of Plaintiffs' Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

261. Defendant admits to the provisions of SB 1 that Plaintiffs challenge. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 261 of Plaintiffs' Amended Complaint.

262. Paragraph 262 of Plaintiffs' Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

263. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 263 of Plaintiffs' Amended Complaint.

264. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 264 of Plaintiffs' Amended Complaint.

265. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 265 of Plaintiffs' Amended Complaint.

266. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 266 of Plaintiffs' Amended Complaint.

267. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 267 of Plaintiffs' Amended Complaint.

268. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 268 of Plaintiffs' Amended Complaint.

269. Paragraph 269 of Plaintiffs' Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

270. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 270 of Plaintiffs' Amended Complaint.

271. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 271 of Plaintiffs' Amended Complaint.

272. Paragraph 272 of Plaintiffs' Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

273. Paragraph 273 of Plaintiffs' Amended Complaint does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

274. Paragraph 274 of Plaintiffs' Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

275. Paragraph 275 of Plaintiffs' Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

276. Paragraph 276 of Plaintiffs' Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

277. Defendant admits to the text of SB 1. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 277 of Plaintiffs' Amended Complaint.

278. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 278 of Plaintiffs' Amended Complaint.

279. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 279 of Plaintiffs' Amended Complaint.

280. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 280 of Plaintiffs' Amended Complaint.

281. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 281 of Plaintiffs' Amended Complaint.

282. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 282 of Plaintiffs' Amended Complaint.

283. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 283 of Plaintiffs' Amended Complaint.

284. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 284 of Plaintiffs' Amended Complaint.

285. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 285 of Plaintiffs' Amended Complaint.

286. Paragraph 286 of Plaintiffs' Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

287. Paragraph 287 of Plaintiffs' Amended Complaint does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

288. Paragraph 288 of Plaintiffs' Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

289. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 289 of Plaintiffs' Amended Complaint.

290. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 290 of Plaintiffs' Amended Complaint.

291. Defendant admits to the text of SB 1 in paragraph 291 of Plaintiffs' Amended Complaint.

292. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 292 of Plaintiffs' Amended Complaint.

293. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 293 of Plaintiffs' Amended Complaint.

294. Paragraph 294 of Plaintiffs' Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

### III.    AFFIRMATIVE DEFENSES

Defendant asserts that sovereign immunity, qualified immunity, and/or equity bar Plaintiffs' recovery of attorneys' fees from Defendant in this lawsuit. Defendant is not responsible for enacting Texas election law, including SB 1, and does not take any position on the constitutionality of the provisions challenged by this lawsuit.

### IV.    RESERVATION OF DEFENSES

Defendant reserves the right to raise any affirmative or other defenses that may arise throughout the development of this case.

### V.    JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable pursuant to Federal Rules of Civil Procedure 38(b) and 81(c)(3)(b).

### VI.    PRAYER

 THEREFORE, Defendant denies that Plaintiffs are entitled to any relief from Defendant. Defendant respectfully requests that all relief requested by Plaintiffs as to Defendant be denied, that Defendant recover her attorneys' fees and costs, and that she be awarded any additional relief to which she may be entitled in law or equity.

Respectfully submitted,

RICARDO RODRIGUEZ, JR.
CRIMINAL DISTRICT ATTORNEY
HIDALGO COUNTY, TEXAS

*/s/ Josephine Ramirez-Solis*
Josephine Ramirez-Solis
Assistant District Attorney

31

Texas Bar No.  24007894
josephine.ramirez@da.co.hidalgo.tx.us
Leigh Ann Tognetti
Assistant District Attorney
Texas Bar No. 24083975
leigh.tognetti@da.co.hidalgo.tx.us
100 E. Cano, First Floor
Hidalgo County Courthouse Annex III
Edinburg, Texas 78539
Tel: (956) 292-7609
Fax: (956) 318-2301
ATTORNEY FOR DEFENDANT
YVONNE RAMÓN

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2022, this document was served through the Court's CM/ECF Document Filing System upon all counsel of record.


*/s/ Josephine Ramirez-Solis*
Josephine Ramirez-Solis
Assistant District Attorney