# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> GREGORY W. ABBOTT, *et al.*, <br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 5:21-cv-844-XR <br> (Consolidated Cases) |

## STATE DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE

YBLOC's motion for leave to file a brief *amicus curiae* should be denied.

The Court has already recognized that the "parties are sophisticated and ably represented by counsel" and that "litigat[ing] fact issues . . . is generally inappropriate for an *amicus*." ECF 185 at 3, 4. Given that, and given the breadth of the interests represented by the many parties in these consolidated cases, there are likely few proposed *amici* who would have both a "special interest . . . that justifies his having a say" and offer "unique information or perspective that [could] help the court beyond the help that the lawyers for the parties are able to provide." *Id.* at 3 (citations omitted).

YBLOC is one that does not. It acknowledges that its interests are duplicative; its claimed interest is in "the ability of non-partisan organizations *like Plaintiffs and YBLOC* to conduct important voter outreach initiatives." ECF 203 ¶ 5 (emphasis added). Its proposed brief "focuses specifically on [how] SB 1 Section 7.04 . . . inhibits its ability to meaningfully engage with Texas voters." *Id. twenty-four* Plaintiffs—*two dozen* individuals and entities—are challenging Section 7.04 on the same ground that YBLOC identifies.[1] And examining whether SB 1 inhibits its actions necessarily requires examining the facts (an inquiry that is particularly inappropriate at the motion-to-dismiss stage).

---

[1] *See* ECF 199 ¶¶ 260, 262, 276–277, 295–296, 309–311 (Mi Familia Vota, Houston Justice, Houston Area Urban League, Delta Sigma Theta); ECF 200 ¶¶ 195–213, 214–225, 226–239 (OCA, League of Women Voters, REVUP, Texas Organizing Project, Workers Defense Action Fund); ECF 207 ¶¶ 273–286, 287–294 (LULAC,

Nor do YBLOC's composition or mission give it special insight. It is a "non-partisan civic organization." ECF 203 ¶ 1. Seven Plaintiffs use similar language to describe themselves;[2] seven others describe themselves with some variation of "membership-driven" and "advocacy."[3]

YBLOC does not satisfy the criteria required of an *amicus*, and leave should be denied.

| | |
|---|---|
| Date: February 3, 2022 | Respectfully submitted. |

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

ERIC A. HUDSON
Senior Special Counsel
Tex. Bar No. 24059977

KATHLEEN T. HUNKER
Special Counsel
Tex. State Bar No. 24118415

*/s/ Leif A. Olson*
LEIF A. OLSON
Special Counsel
Tex. State Bar No. 24032801

JEFFREY M. WHITE
Special Counsel
Tex. State Bar No. 24064380

---

  Voto Latino, Texas Alliance for Retired Americans, Texas AFT); ECF 208 ¶¶ 218–229, 255–265, 286–300 (LUPE, Friendship-West Baptist Church, ADL, Southwest Voter Registration, Texas Impact, MABA, Texas Hope, Jolt Action, Velasquez Institute, FIEL Houston, James Lewin).

[2] *See* ECF 199 ¶ 62 (Mi Familia Vota); ECF 200 ¶ 14–15, 19 (OCA, League of Women Voters); ECF 208 ¶¶ 9, 13, 16–18 (LUPE, Southwest Voter Registration, Texas Hope, Jolt Action, Velasquez Institute).

[3] *See* ECF 199 ¶¶ 38, 49 (Urban League, The Arc); ECF 200 ¶¶ 14–15, 23, 28, 32 (OCA, REVUP, Texas Organizing, Workers Defense); ¶¶ ECF 208 ¶ 19 (FIEL).

Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
eric.hudson@oag.texas.gov
kathleen.hunker@oag.texas.gov
leif.olson@oag.texas.gov
jeff.white@oag.texas.gov

**Counsel for State Defendants**

**CERTIFICATE OF SERVICE**

I certify that this document was filed on February 3, 2022, through the Court's CM/ECF system, which automatically serves all counsel of record.

*/s/ Leif A. Olson*