# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 5:21-cv-844 (XR) <br> (Consolidated Cases) |

## **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Before the Court is the joint motion of the parties (ECF No. 232) for the entry of a confidentiality and protective order ("Protective Order"). Based on the parties' submissions and the record in this matter, the Court finds that disclosure and discovery activity in this action are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, a protective order for such information is justified in this matter to:

- expedite the flow of information;
- facilitate the prompt resolution of disputes over confidentiality of discovery materials;
- adequately protect information the parties are entitled to keep confidential;
- ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial;
- address the handling of confidential materials at the end of the litigation; and
- serve the ends of justice.

This Protective Order does not confer blanket protections on all disclosures of responses to discovery, and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to be treated as confidential.

After careful consideration, it is **ORDERED** that the motion (ECF No. 232) is **GRANTED**, and the Court **ORDERS** the following:

1. **Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential" or "Ultrasensitive" by a producing party, whether it be a document, information contained in a document, information disclosed during discovery, or otherwise.

2. **Qualified Persons**

"Qualified Persons" means:

   a. retained counsel for the parties in this litigation and their respective staff;
   b. independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a copy of Exhibit A agreeing to be bound by the terms of this Protective Order prior to the expert or consultant accessing Classified Information;
   c. this Court and its staff;
   d. litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel;
   e. the party if a natural person;

f. if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential Information to such person, have signed a copy of Exhibit A agreeing to be bound by the terms of this Protective Order;

g. jury and trial consultants and their staff and mock jurors who have signed a document agreeing to be bound by the terms of this Protective Order;

h. any person who was an author, addressee, or intended or authorized recipient of the Classified Information and who agrees to keep the information confidential, provided that such persons may see and use the Classified Information but not retain a copy;

i. such other person as this Court may designate after notice and an opportunity to be heard.

3. **Designation Criteria**

    a. *Ultrasensitive Information.*

        i. The production of ultrasensitive database information between the State of Texas and Secretary of State John Scott and the United States is governed by the separate Consent Protective Order between the United States and the State of Texas, ECF No. 162.

        ii. The parties to this action will separately negotiate a protective order governing the production of ultrasensitive documents or information.

    b. *Confidential Information.* Confidential Information is information that a party in good faith believes in fact is confidential. Information that is generally available to the public,

such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential Information.

Information and documents that may be designated as Confidential Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, competitive analyses, personnel files, personal information that is protected by law, personal medical information, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Confidential Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public. All Classified Information not designated "Ultrasensitive" shall be designated "Confidential Information."

  c. *Nonclassified Information.* Classified Information shall not include information that either:

   i. is in the public domain at the time of disclosure, as evidenced by a written document;

   ii. becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

   iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

   iv. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure,

provided such third party has the right to make the disclosure to the receiving party.

4. **Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used by any Qualified Person solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms of this Order.

5. **Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Ultrasensitive." The designation should be made in a fashion or form that is conspicuous yet allows the Classified Information to remain legible. In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

6. **Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "Ultrasensitive" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 14 days of receipt of the final transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter, or within 7 days of the close of fact discovery in this action, whichever is earlier. Each party shall attach a copy of each such written notice to the face of the transcript and each copy of the transcript in that party's possession, custody, or control. All deposition transcripts shall be treated as Confidential Information for a period of 14 days after initial receipt of the transcript, or for 7 days following the close of fact discovery in this action, whichever is earlier.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

7. **Disclosure to Qualified Persons**
    a. *To Whom.*
        i. *Confidential Information*: Unless otherwise ordered by the Court or permitted in writing by the designating party, Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with

applicable law or the valid order of a court of competent jurisdiction. If a receiving party believes that it may be required by law or court order to disclose Classified Information in another proceeding—other than a proceeding under the Freedom of Information Act, 5 U.S.C. § 552, or the Texas Public Information Act, Tex. Gov't Code §§ 552.001-.375—the receiving party shall notify the party to which production would be made in that proceeding that the Classified Information is subject to the protections of this Protective Order, and the receiving party shall notify the producing party as promptly as practicable of the potential disclosure pursuant to law or court order so that the producing party may seek to intervene prior to any disclosure. Such notification to the producing party shall be made prior to any production, if possible, but no later than five (5) business days after the receiving party becomes aware that production may be required. If a disclosure is compelled by law or court order, the receiving party will notify the producing party of the law or court order before making such disclosure. The receiving party shall seek a protective order or confidential treatment of such information and cooperate with the producing party to protect the information.

b. *Retention of Copies During This Litigation.* Any Classified Information produced in this litigation, regardless of classification, that is provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the

purpose of this litigation. Any copies of Classified Information shall maintain all markings in the original that indicate that the information is "Confidential" or "Ultrasensitive."

8. **Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Classified Information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

9. **Documents Made Available for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be viewed only by counsel to the parties during inspection. Classified Information shall be marked prominently "Confidential" or "Ultrasensitive" by the producing party.

10. **Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this Order if each party designating the information as Classified Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

**11. Challenging the Designation**

a. *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless the Court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b. *Qualified Persons.* In the event that any party in good faith disagrees with the disclosure of particular Classified Information to any person, it must object within five business days after notification of the proposed disclosure of Classified Information to that person. The parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 21 days from the date it learns of the disclosure or planned disclosure of Classified Information to the disputed person to move the Court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting party shall demonstrate that disclosure to the disputed person would expose the objecting party to a substantial risk of harm. Upon the timely filing of

such a motion, no disclosure of Classified Information shall be made to the disputed person unless the Court enters an order preserving Qualified Person status or allowing the disclosure.

**12. Manner of Use in Proceedings**

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for in camera review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.

Nothing in this Order shall limit the parties' rights or ability to offer evidence at a hearing or trial. The manner of using any Classified Information at a hearing or trial and the status of Classified Information resulting from any such use will be determined by the Court.

**13. Filing Under Seal**

The Clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the Court.

**14. Return of Documents**

Not later than 120 days after conclusion of this litigation and any appeal related to it, and to the extent consistent with any obligation to maintain records consistent with any law or court order, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(c)) shall be returned to the producing party or destroyed,

except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Compliance with this requirement shall be confirmed to the producing party in writing on or before the 120th day after the conclusion of this litigation and any appeal related to it. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

**15. Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

**16. Duty to Ensure Compliance**

Parties or counsel for parties shall ensure that their respective experts, vendors, consultants, and persons signing the Protective Order at the request of such parties or counsel ("Related Qualified Persons"), shall ensure that these Qualified Persons have read the Protective Order and understand its terms.

**17. Waiver**

Pursuant to Federal Rule of Evidence 502 and the separately entered Order Regarding the Disclosure of Privileged Information, ECF No. 143, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

**18. Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

It is SO ORDERED this 8th day of February, 2022.

_____
HON. XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE