IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO: |
| | § § | 5:21-CV-0844-XR |
| GREGORY W. ABBOTT, et al., | § § | |
| Defendants. | § § | |

**ORIGINAL ANSWER OF DEFENDANT MICHAEL SCARPELLO TO PLAINTIFFS LA UNIÓN DEL PUEBLO ENTERO, FRIENDSHIPWEST BAPTIST CHURCH, THE ANTI-DEFAMATION LEAGUE AUSTIN, SOUTHWEST, AND TEXOMA REGIONS, SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT, TEXAS IMPACT, MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS, TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION, JOLT ACTION, WILLIAM C. VELASQUEZ INSTITUTE, FIEL HOUSTON, INC., and JAMES LEWIN'S SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Michael Scarpello ("Defendant Scarpello"), in his official capacity, and for his Original Answer to Plaintiffs La Unión Del Pueblo Entero, Friendship-West Baptist Church, the Anti-Defamation League Austin, Southwest, And Texoma Regions, Southwest Voter Registration Education Project, Texas Impact, Mexican American Bar Association Of Texas, Texas Hispanics Organized For Political Education, Jolt Action, William C. Velasquez Institute, Fiel Houston Inc., and James Lewin's Second Amended Complaint ("Complaint") (Doc. 208), which now adds him to their pleadings, and admits, denies, and alleges as follows:

**I.**
**RESPONSIVE PLEADINGS**

**INTRODUCTION**

1.      Defendant Scarpello admits that the Texas Secretary of State office said that the 2020 general election in Texas was "smooth and secure," the 2020 General Election took place during a global pandemic, election officials and voters had to deal with obstacles due to the pandemic, and the Texas electorate is changing.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 1, therefore the allegations are denied.

2.      Paragraph 2 contains legal conclusions and arguments to which no response is required and statutory citations that speak for themselves.  Defendant Scarpello admits that the Texas Legislature enacted S.B. No. 1, which creates additional requirements for voting.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 2, therefore the allegations are denied.

3.      Paragraph 3 of Plaintiffs' Complaint contains legal conclusions and argument to which no responsive pleading is required and references to quotes or statements from politicians that speak for themself.  To the extent any response is required, Defendant admits that Gregory W. Abbott is the governor of the State of Texas and has called for voting reform legislation.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 3, therefore the allegations are denied.

4.      Paragraph 4 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello admits that Texas has a racially diverse electorate, the Texas electorate is changing demographically, minority turn out in the 2020 general election was high, and some Texas legislatures have alleged there are threats to election

integrity. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

5.      Paragraph 5 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. To the extent the allegations in Paragraph 5 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 has certain rules regarding obtaining assistance while voting in person and promulgates new rules granting certain authority to poll watchers. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

6.      Paragraph 6 contains factual allegations and legal conclusions to which a responsive pleading is not required. To the extent the allegations in Paragraph 6 contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations, therefore the allegations are denied.

## II. JURISDICTION AND VENUE

7.      Paragraph 7 contains statements to which no responsive pleading is required. To the extent a response is required, Defendant Scarpello admits that Plaintiffs bring this action under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4); however, Defendant Scarpello denies that the Court has jurisdiction over all the claims against him since some of the Plaintiffs lack standing.

8.      Defendant Scarpello admits that venue is proper, and Defendant Scarpello resides in Texas. Defendant Scarpello, however, denies that he performs his official duties in this district.

## III. PARTIES

9.      Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 9, therefore the allegations are denied.

10.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 10, therefore the allegations are denied.

11.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 11, therefore the allegations are denied.

12.    Defendant Scarpello admits that Plaintiff Anti-Defamation League Austin, Southwest, and Texoma Regions ("ADL") is involved in protection of civil rights, including against discrimination, racism, extremism, and antisemitism and to fight hatred. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 12, therefore the allegations are denied.

13.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 13, therefore the allegations are denied.

14.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 14, therefore the allegations are denied.

15.    Defendant Scarpello admits that the Mexican American Bar Association of Texas ("MABA-TX") is a membership organization of Latino lawyers in Texas.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 15, therefore the allegations are denied.

16.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 16, therefore the allegations are denied.

17.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 17, therefore the allegations are denied.

18.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 18, therefore the allegations are denied.

19.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 19, therefore the allegations are denied.

20.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 20, therefore the allegations are denied.

**B.  Defendants**

21.     Defendant Scarpello admits Paragraph 21.

22.     Paragraph 22 contains references to statutory authority that speak for themselves. As to the remainder of the allegations, Defendant Scarpello admits that John B. Scott is the current Texas Secretary of State, and that the Texas Election Code indicates that the Texas Secretary of State provides direction and guidance.

23.     Paragraph 23 contains legal arguments to which no response is required and references to pleadings that speak for themselves.  As to the remaining allegations, Defendant Scarpello admits that Defendant Scott is a licensed attorney who was involved in suits concerning the certification of the 2020 election results.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

24.     Paragraph 24 contains references to the Texas Election Code, which speak for themselves.

25.     Paragraph 25 contains references to the Texas Election Code, which speak for themselves.

26.     Paragraph 26 contains references to the Texas Election Code and legal arguments regarding the Texas Election Code, which speak for themselves.  To the extent any response is required, Defendant Scarpello admits that the Texas Secretary of State's office may be involved in identifying certain violations of the Texas Election Code.

27.     Paragraph 27 contains references to the Texas Election Code, which speak for themselves.

28.     Paragraph 28 contains references to the Texas Election Code, which speak for themselves.  To the extent any response is required, Defendant Scarpello admits that the Texas Secretary of State prescribes forms to be completed by certain persons providing assistance to voters.

29.     Paragraph 29 contains references to the Texas Election Code, which speak for themselves.

30.     Paragraph 30 contains references to the Texas Election Code, which speak for themselves.

31.     Paragraph 31 contains references to the Texas Election Code and legal arguments regarding the Texas Election Code, which speak for themselves.  To the extent any response is required, Defendant Scarpello admits that the Texas Secretary of State has an active role in enforcing the provisions of the Texas Election Code, some of which carry criminal penalties.

32.     Paragraph 32 contains references to the Texas Election Code, which speak for themselves.

33.     Paragraph 33 contains references to the Texas Secretary of State's website, which speaks for itself

34.     Paragraph 34 contains references to SB 1, which speak for themselves. As to the remaining allegations, Defendant admits a "Poll Watchers Guide" is available on the SOS website. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

35.     Paragraph 35 contains references to SB 1 and the Texas Election Code, which speak for themselves.

36.     Paragraph 36 is ambiguous as to "chief law enforcement officer." Defendant Scarpello admits that Warren K. Paxton is the attorney general of Texas. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

37.     Paragraph 37 contains references to case law, which speaks for itself, and is ambiguous as to "chief law enforcement officer." Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

38.     Paragraph 38 contains references to the Texas Attorney General's website, which speaks for itself.

39.     Paragraph 39 contains references to Texas case law, Texas statutes, legal conclusions, and legal arguments to which no response is required. Defendant Scarpello admits that Defendant Paxton may assist Texas district attorneys and Texas county attorneys who request assistance from Defendant Paxton to prosecute criminal cases specified by those local Texas prosecuting attorneys.

40.     Paragraph 40 contains legal conclusions to which no response is required and references SB 1 and a certain statute, which speak for themselves.

41.     Paragraph 41 contains legal conclusions and legal arguments to which no response is required. As to the remaining allegations, Defendant Scarpello admits that Defendant Paxton has filed suit to enforce provisions of the Texas Election Code, including restricting certain actions of a local election official concerning mail ballot applications. Defendant Scarpello is without

sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

42. Paragraph 42 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond. To the extent any response is required, Defendant Scarpello admits that Defendant Paxton announced the formation of a Texas Election Integrity Unit and has stated that the prosecution of election related offenses is one of his priorities. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

43. Defendant Scarpello admits paragraph 43.

44. Paragraph 44 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond.

45. Paragraph 45 contains references to the Texas Election Code. To the extent any response is required, Defendant Scarpello admits that local election officials are involved in administering local elections in Texas pursuant to, inter alia, federal and state law, including the Texas Election Code and Texas Administrative Code rules and forms promulgated by the Texas Secretary of State; and, local election officials review ballot applications, mail carrier and ballot envelopes to voters, receive and process marked ballots, and count the results. Paragraph 45 is vague as to "local election officials;" thus, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 45 as to verifying voter signatures.

46. Paragraph 46 contains references to the Texas Election Code, which speak for themselves.

47. Paragraph 47 contains references to the Texas Election Code, which speak for themselves.

48. Defendant Scarpello admits the allegations in Paragraph 48.

49. Paragraph 49 is not directed to Defendant Scarpello and Defendant Scarpello is not required to respond.

50. Paragraph 50 is not directed to Defendant Scarpello and Defendant Scarpello is not required to respond.

51. Defendant Scarpello denies as pleaded the allegations in Paragraph 51. However, Defendant Scarpello admits that SB 1 requires him to send the Texas Secretary of State, as soon as practicable, forms that are promulgated by the Texas Secretary of State and delivered by election officials for completion by persons who simultaneously assist seven or more voters that receive ballots at a polling place entrance or curbside because those voters are physically unable to enter the polling place without personal assistance or likelihood of injuring their health by providing those voters with transportation to the polling place. Defendant Scarpello also admits that SB 1 requires him to distribute a new form promulgated by the Texas Secretary of State for completion by persons who assist voters in reading or marking ballots in polling places or mail ballots. Defendant also admits that SB 1 changed the oath required of persons who assist voters in reading or marking their ballots. Defendant Scarpello also admits that SB 1 increased the amount of information that persons who assist voters in reading or marking their mail ballots must enter on those voters' official carrier envelopes. Defendant Scarpello also admits that SB 1 increased the penalty for compensating or offering to compensate a person to assist a voter in reading or marking their mail ballot or for soliciting, receiving, or accepting compensation to assist a voter in reading or marking their mail ballot from a misdemeanor to a felony. Defendant Scarpello is without

sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 51, therefore the allegations are denied.

52.     All of Paragraph 52 is not directed at Defendant Scarpello and Defendant Scarpello is not required to respond to such sections. As to the remainder of the allegations, Defendant Scarpello admits that he is responsible for enforcing certain challenged provisions of SB 1 in Dallas County. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 52, therefore the allegations are denied.

## IV. FACT BACKGROUND

**A.   Texas law has long restricted Latino and Black citizens' right to vote.**

53.     Paragraph 53 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello admits that Texas has a history of discrimination against Latino and Blacks in the voting and electoral processes. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

54.     Defendant Scarpello admits that Texas gained statehood in 1845. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 54, therefore the allegations are denied.

55.     Paragraph 55 contains arguments to which no response is required. As to the remaining allegations, Defendant Scarpello admits that Latinos and Blacks were disenfranchised at certain points in Texas history, Texas had a poll tax, which was intended to disenfranchise blacks, and that the poll tax was found unconstitutional by the United States Supreme Court. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

56.     Paragraph 56 contains arguments to which no response is required and references to prior statutes and a newspaper article that speak for themselves. To the extent that the allegations in Paragraph 56 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that at a certain point in Texas history, Texas law discriminated against Black and Latino voters by using poll taxes and an all white primary system which disenfranchised voters of color. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

57.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 57, therefore the allegations are denied.

58.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 58, therefore the allegations are denied.

59.     Paragraph 59 contains references to case law that speak for themselves. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

60.     Paragraph 60 contains legal conclusions and arguments to which no response is required and references to case law that speak for themselves. To the extent that the allegations in Paragraph 60 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that Texas has adopted voting measures such as photo voter identification that court(s) have held had a discriminatory effect on Latinos or Blacks. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

61.     Paragraph 61 contains arguments to which no response is required. As to the remainder of the allegations, Defendant Scarpello admits that in 2019, former Texas Secretary of

State David Whitley issued an advisory decision to county registrars about a list of 95,000 noncitizens who were unlawfully registered to vote and that needed to be purged from the voter rolls. Defendant Scarpello further admits that the list had errors, including failing to account for noncitizens who had since become naturalized and were registered to vote. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

**B.      Before SB 1, Texas was already among the states that made it hard to vote.**

62.      Defendant Scarpello admits that Texas voting procedures are some of the most onerous that he has seen. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 62, therefore the allegations are denied.

63.      Paragraph 63 contains arguments to which no response is required and is vague as to "some special showing." As to the remainder of the Allegations, Defendant Scarpello admits that many other states have less restrictive voting by mail laws and that voting by mail in Texas is for individuals who (a) are 65 or older; (b) are sick or disabled; (c) will be out of the county during the entire election period (early voting and election day); or (d) are confined to jail but otherwise eligible to vote. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 63, therefore the allegations are denied.

64.      Paragraph 64 contains references to statistical data that speaks for itself. As to the remainder, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 64, therefore the allegations are denied.

**C.    The 2020 General Election tested Texas voters in the unprecedented ways – and Texans passed with flying colors.**

65.     Paragraph 65 contains references to statistical data that speaks for itself.  As to the remainder, Defendant Scarpello admits that the 2018 midterm elections saw highest voter turnout in Dallas County compared to previous midterm elections.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 65, therefore the allegations are denied.

66.     Paragraph 66 contains references to statistical data that speaks for itself.  Defendant Scarpello admits that in the 2020 general election, there was record turnout in spite of the Covid-19 pandemic, which has killed tens of thousands in Texas.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 66, therefore the allegations are denied.

67.     Defendant Scarpello admits that election officials and poll workers in Dallas County faced unprecedented obstacles and threats to health and safety due to Covid-19, and that some election officials and poll workers suffered threats and harassment from members of the public.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 67, therefore the allegations are denied.

68.     Defendant Scarpello admits that in the 2020 general election there was an increased in turnout in Texas.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 68, therefore the allegations are denied.

69.     Paragraph 69 is vague as to "community based civic engagement."  Defendant Scarpello admits that some of the increased voter turnout may have been due to efforts by public officials in Texas to make voting more accessible and faith based and civic engagement by some organizations.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 69, therefore the allegations are denied.

70. Paragraph 70 references a Texas Secretary of State checklist that speaks for itself.

71. Paragraph 71 references a Texas Secretary of State checklist that speaks for itself.

72. Paragraph 72 references a proclamation by Defendant Abbott that speaks for itself.

73. Paragraph 73 contains arguments to which no response is required and is vague as to "creative ways." As to the remainder of the Allegations, Defendant Scarpello admits that some election officials extended voting hours and added additional mail ballot drop off locations in the 2020 General Election. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 73, therefore the allegations are denied.

74. Defendant Scarpello admits that Harris County had 24-hour voting in certain polling places and some counties encouraged eligible voters to apply for mail ballots and do so early. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 74, therefore the allegations are denied.

75. Defendant Scarpello admits that Harris County opened drive-thru voting sites in the 2020 General Election. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 75, therefore the allegations are denied.

76. Defendant Scarpello admits that more Dallas County eligible voters sought mail in ballots for the 2020 General Election than in previous elections. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 76, therefore the allegations are denied.

77. Paragraph 77 contains arguments to which no response is required and references a proclamation by Defendant Abbott that speaks for itself. To the extent that the allegations in Paragraph 77 contain factual allegations to which a responsive pleading is required, Defendant Scarpello admits that some voters may have sought to vote by mail due to the pandemic to protect

their health, Defendant Abbott issued a proclamation that limited mail ballot drop locations to one per county, and Defendant Paxton filed suit against the Harris County Clerk concerning mail ballot applications. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 77, therefore the allegations are denied.

**D. Following a historically successful election, some Texas politicians made baseless allegations of cheating.**

78. Paragraph 78 contains arguments to which no response is required and is vague as to "resounding success." Paragraph 78 also contains references to a newspaper article that speaks for itself.

79. Paragraph 79 contains references to statement of Defendant Abbott that speaks for itself. As to the remainder of the allegations, Defendant Scarpello admits that Defendant Abbott stated that election integrity was an important item for the 2021 legislative term. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations Paragraph 79, therefore the allegations are denied.

80. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 80, therefore the allegations are denied.

81. Defendant Scarpello admits that he is unaware of any widespread voter fraud. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 81, therefore the allegations are denied.

**E. The Texas Legislature takes up anti-voter legislation.**

82. Paragraph 82 contains arguments to which no response is required. To the extent a response is required, Defendant Scarpello admits that the Texas Legislature proposed legislation in the name of election integrity. Defendant Scarpello is without sufficient information or

knowledge to admit or deny the remaining allegations in Paragraph 82, therefore the allegations are denied.

83.     Paragraph 83 contains references to SB 1 and SB 7 that speak for themselves. As to the remaining allegations, Defendant Scarpello admits that Texas State Senator Bryan Hughes introduced SB 7, which was not enacted, and that SB 7 had some similar provisions to SB 1. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 83, therefore the allegations are denied.

84.     Paragraph 84 contains references to SB 1 that speak for themselves. As to the remaining allegations, Defendant Scarpello admits that Texas State Senator Bryan Hughes introduced SB 1, which passed the senate on a party-line vote following a filibuster. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 84, therefore the allegations are denied.

85.     Paragraph 85 contains references to SB 1 and legislative bill history that speak for themselves. As to the remaining allegations, Defendant Scarpello admits that SB 1 was heard before the House Select Committee on Constitutional Rights and Remedies and that the Committee passed SB 1. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 85, therefore the allegations are denied.

86.     Paragraph 86 contains references to SB 1 and legislative bill history that speak for themselves. As to the remaining allegations, Defendant Scarpello admits that SB 1 was debated in the house, which adopted several amendments to SB 1. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 86, therefore the allegations are denied.

87.     Defendant Scarpello admits that the house passed SB 1.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 87, therefore the allegations are denied.

88.     Defendant Scarpello admits Paragraph 88.

89.     Defendant Scarpello admits that the house and senate passed SB 1 and that SB 1 was sent to Defendant Abbott for his signature.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 89, therefore the allegations are denied.

90.     Paragraph 90 contains references to a public statement of Defendant Abbott that speaks for itself.  To the extent a response is required, Defendant Scarpello admits that the Texas Legislature passed SB 1 and that Defendant Abbott has publicly spoken about election integrity. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 90, therefore the allegations are denied.

91.     Defendant Scarpello admits Paragraph 91.

92.     Defendant Scarpello admits Paragraph 92.

93.     Defendant Scarpello admits that there will be an election on November 8, 2022 in Texas.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 93, therefore the allegations are denied.

**F. State officials, including the Secretary, commence a "forensic audit" of Texas elections.**

94.     Paragraph 94 contains references to a public statement of the Texas Secretary of State that speaks for itself.  To the extent a response is required, Defendant Scarpello admits that the Texas Secretary of State is conducting an audit of the 2020 general election in Dallas County, Texas; Harris County, Texas; Tarrant County, Texas; and Collin County, Texas.

95.     Paragraph 95 contains references to materials on the Texas Secretary of State's website that speak for themselves.

96.     Paragraph 96 contains references to materials on the Texas Secretary of State's website that speak for themselves.

97.     Paragraph 97 contains references to an office bulletin from Defendant Abbott and a news article that speak for themselves. Defendant Scarpello admits that a new Election Audit Division was formed by the State of Texas that is tasked with conducting forensic audits. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 97, therefore the allegations are denied.

**G. State officials, including the Attorney General, support increased criminal penalties for so-called "illegal voting."**

98.     Paragraph 98 contains references to a letter and press release of Defendant Abbott that speak for themselves. To the extent a response is required, Defendant Scarpello admits that Defendant Abbott has spoken about increasing penalties for illegal voting. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 98, therefore the allegations are denied.

99.     Paragraph 99 references a statement of Texas Lieutenant Governor Dan Patrick that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 99, therefore the allegations are denied.

100.    Paragraph 100 references a tweet by Defendant Paxton that speaks for itself. To the extent a response is required, Defendant Scarpello is without sufficient information or

knowledge to admit or deny the remaining allegations in Paragraph 100, therefore the allegations are denied.

101. Paragraph 101 contains references to SB 10 that speak for themselves. To the extent a response is required, Defendant Scarpello admits that the legislature discussed increasing the penalty for illegal voting. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 101, therefore the allegations are denied.

**H. SB 1 imposes burdens that will discourage, intimidate and deter eligible Texas voters, and will disproportionately impact voters of color and voters with disabilities.**

102. Paragraph 102 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 102, therefore the allegations are denied.

**1. SB1 restricts the ability of eligible Texans, including voters who have limited English proficiency, disabilities, and less formal education, to access voter assistance.**

103. Paragraph 103 references a statement of Representative Bernal that speaks for itself.

104. Paragraph 104 contains legal conclusions or arguments to which no response is required and makes references to SB 1 that speak for themselves. Defendant Scarpello admits that the limitations on certain assistance to voters in the presence of an official ballot may deter some from assisting a voter due to the statutory provisions and penalties. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 104, therefore the allegations are denied.

105.    Paragraph 105 contains references to statistical data that speaks for itself.  To the extent a response is required, Defendant Scarpello admits that there are U.S. Citizens with limited English proficiency in various Texas counties and there are Latinos and Asian Americans with limited English proficiency in Texas.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 105, therefore the allegations are denied.

106.    Paragraph 106 contains references to statistical data that speaks for itself.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 106, therefore the allegations are denied.

107.    Paragraph 107 contains legal conclusions to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Scarpello admits that SB 1 creates new requirements for election officials and voters.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 107, therefore the allegations are denied.

108.    Paragraph 108 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Scarpello admits that SB 1 promulgates new rules regarding providing assistance to a voter, including the oath the assistor must take.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 108, therefore the allegations are denied.

109.    Paragraph 109 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required,

Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 109, therefore the allegations are denied.

110.     Paragraph 110 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 110, therefore the allegations are denied.

111.     Paragraph 111 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 111, therefore the allegations are denied.

112.     Paragraph 112 contains legal arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 112, therefore the allegations are denied.

113.     Paragraph 113 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Scarpello admits that the oath requirements may slow down in-person voting where assistance is needed.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 113, therefore the allegations are denied.

114.     Paragraph 114 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Scarpello admits that the criminal penalties may deter some from assisting a voter.

Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 114, therefore the allegations are denied.

115.    Paragraph 115 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 115, therefore the allegations are denied.

116.    Paragraph 116 contains arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 116, therefore the allegations are denied.

**2. SB 1 opens the door to intimidation and misconduct at the polls by tying the hands of poll workers and election officials**.

117.    Defendant Scarpello admits that it is important for poll workers and election officials to effectively control and (if necessary) remove poll watchers who are unruly or violating the law.  As to the remaining allegations in Paragraph 117, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

118.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 118, therefore the allegations are denied.

119.    Paragraph 119 contains arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Scarpello admits the loosened restrictions on poll watchers may make the work of poll workers more difficult. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations Paragraph 119, therefore the allegations are denied.

120.     Paragraph 120 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. To the extent a response is required, Defendant Scarpello admits that SB 1 promulgates new rules governing the acceptance of poll watchers and Section 4.06 criminalizes refusing to accept a poll watcher in certain instances. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 120, therefore the allegations are denied.

121.     Paragraph 121 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 121, therefore the allegations are denied.

122.     Paragraph 122 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. To the extent a response is required, Defendant Scarpello admits that the new rules may create situations where a poll worker could cause disruption. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 122, therefore the allegations are denied.

123.     Paragraph 123 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. To the extent a response is required, Defendant Scarpello admits that the new rules do not set out protections for a poll worker who in good faith places themself between a voter and a disruptive poll watcher. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 123, therefore the allegations are denied.

124.     Paragraph 124 contains references to SB 1 and to the Texas Election Code that speak for themselves.

125.     Paragraph 125 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.

126.     Paragraph 126 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 126, therefore the allegations are denied.

127.     Paragraph 127 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 127, therefore the allegations are denied.

128.     Paragraph 128 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Scarpello admits that SB 1 does not set out objective standards regarding what conduct constitutes "obstruct the view of a watcher."  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 128, therefore the allegations are denied.

129.     Paragraph 129 contains legal conclusions and arguments to which no response is required.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 129, therefore the allegations are denied.

130.     Paragraph 130 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendant Scarpello admits that SB 1 may make staffing each polling location more difficult. Defendant Scarpello is without sufficient information

or knowledge to admit or deny the remaining allegations in Paragraph 130, therefore the allegations are denied.

131.    Paragraph 131 contains legal conclusions and arguments to which no response is required.  Defendant Scarpello admits that certain new requirements of SB 1 fall on voters and that election workers may run the risk of criminal prosecution based on the new poll watcher provisions.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 131, therefore the allegations are denied.

**3. SB 1 prohibits voting procedures that facilitated record voter participation in 2020, despite no evidence that these measures contribute to voter fraud.'**

132.    Paragraph 132 contains legal conclusions and arguments to which no response is required and is vague as to "important accommodations."  As to the remainder of the allegations, Defendant admits that some measures taken by other election departments before SB 1 are not allowed under SB 1.  Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 132, therefore the allegations are denied.

133.    Paragraph 133 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 133, therefore the allegations are denied.

134.    Paragraph 134 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Scarpello admits that Harris County used drive-thru voting in the 2020 General Election.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 134, therefore the allegations are denied.

135. Paragraph 135 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. To the extent a response is required, Defendant Scarpello admits Paragraph 135.

136. Paragraph 136 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 136, therefore the allegations are denied.

**4. SB1 criminalizes otherwise lawful voter assistance by community-based nonpartisan organizations through vague and overbroad "vote harvesting" prohibitions.**

137. Paragraph 137 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 137, therefore the allegations are denied.

138. Paragraph 138 contains references to SB 1 that speak for themselves.

139. Paragraph 135 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 135, therefore the allegations are denied.

140. Paragraph 140 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 140, therefore the allegations are denied.

141. Paragraph 141 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 141, therefore the allegations are denied.

142. Paragraph 142 contains legal conclusions and arguments to which no response is required and statutory citations that speaks for themself. As to the remaining allegations, Defendant Scarpello admits that without the Texas Secretary of State's guidance, some provisions of SB 1 are unclear. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 142, therefore the allegations are denied.

143. Paragraph 143 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 143, therefore the allegations are denied.

**5.      SB1 further burdens state officials and expands investigation of voter registration applicants and registered voters, despite no evidence of widespread voter fraud.**

144. Defendant Scarpello admits that he is unaware of any widespread voter fraud. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 144, therefore the allegations are denied.

145. Paragraph 145 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 145, therefore the allegations are denied.

146.     Paragraph 146 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 146, therefore the allegations are denied.

147.     Paragraph 147 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 147, therefore the allegations are denied.

148.     Paragraph 148 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 148, therefore the allegations are denied.

**H.     SB1 Will Harm Plaintiffs.**

149.     Paragraph 149 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 149, therefore the allegations are denied.

150.     Paragraph 150 contains arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 150, therefore the allegations are denied.

151.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 151, therefore the allegations are denied.

152. Paragraph 152 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 152, therefore the allegations are denied.

153. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 153, therefore the allegations are denied.

154. Paragraph 154 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 154, therefore the allegations are denied.

155. Paragraph 155 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 155, therefore the allegations are denied.

156. Paragraph 156 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 156, therefore the allegations are denied.

157. Paragraph 157 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 157, therefore the allegations are denied.

158.    Paragraph 158 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 158, therefore the allegations are denied.

159.    Paragraph 159 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 159, therefore the allegations are denied.

160.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 160, therefore the allegations are denied.

161.    Paragraph 161 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 161, therefore the allegations are denied.

162.    Paragraph 162 contains legal conclusions and arguments to which no response is required and references a provision of the Texas Election Code that speaks for itself.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 162, therefore the allegations are denied.

163.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 163, therefore the allegations are denied.

164.    Paragraph 164 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information

or knowledge to admit or deny the remaining allegations in Paragraph 164, therefore the allegations are denied.

165.    Paragraph 165 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 165, therefore the allegations are denied.

166.    Paragraph 166 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello admits that the majority of Friendship-West's congregation is Black.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 166, therefore the allegations are denied.

167.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 167, therefore the allegations are denied.

168.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 168, therefore the allegations are denied.

169.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 169, therefore the allegations are denied.

170.    Paragraph 170 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 170, therefore the allegations are denied.

171.    Paragraph 171 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information

or knowledge to admit or deny the remaining allegations in Paragraph 171, therefore the allegations are denied.

172.    Paragraph 172 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 172, therefore the allegations are denied.

173.    Paragraph 173 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 173, therefore the allegations are denied.

174.    Paragraph 174 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 174, therefore the allegations are denied.

175.    Paragraph 175 contains legal conclusions and arguments to which no response is required and references to SB 1 and the Texas Election Code that speak for themselves.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 175, therefore the allegations are denied.

176.    Paragraph 176 contains arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 176, therefore the allegations are denied.

177.    Paragraph 177 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information

or knowledge to admit or deny the remaining allegations in Paragraph 177, therefore the allegations are denied.

178.     Paragraph 178 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 178, therefore the allegations are denied.

179.     Paragraph 179 contains arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 179, therefore the allegations are denied.

180.     Paragraph 180 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 180, therefore the allegations are denied.

181.     Paragraph 181 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny allegations in Paragraph 181, therefore the allegations are denied.

182.     Paragraph 182 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 182, therefore the allegations are denied.

183.     Paragraph 183 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information

or knowledge to admit or deny the allegations in Paragraph 183, therefore the allegations are denied.

184.    Paragraph 184 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 184, therefore the allegations are denied.

185.    Paragraph 185 contains arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 185, therefore the allegations are denied.

186.    Paragraph 186 contains arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 186, therefore the allegations are denied.

187.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 187, therefore the allegations are denied.

188.    Defendant Scarpello admits Paragraph 188.

189.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 189, therefore the allegations are denied.

190.    Paragraph 190 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 190, therefore the allegations are denied.

191.    Paragraph 191 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information

or knowledge to admit or deny the remaining allegations in Paragraph 191, therefore the allegations are denied.

192. Paragraph 192 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 192, therefore the allegations are denied.

193. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 193, therefore the allegations are denied.

194. Paragraph 194 contains legal conclusions and arguments to which no response is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 194, therefore the allegations are denied.

195. Paragraph 195 contains legal conclusions and arguments to which no response is required. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 195, therefore the allegations are denied.

196. Paragraph 196 contains arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 196, therefore the allegations are denied.

197. Defendant Scarpello admits that Plaintiff Texas Hope's membership includes Latino voters. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 197, therefore the allegations are denied.

198. Paragraph 198 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Scarpello is without sufficient information

or knowledge to admit or deny the remaining allegations in Paragraph 198, therefore the allegations are denied.

199.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 199, therefore the allegations are denied.

200.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 200, therefore the allegations are denied.

201.    Paragraph 201 contains arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 201, therefore the allegations are denied.

202.    Paragraph 202 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 202, therefore the allegations are denied.

203.    Paragraph 203 contains arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 203, therefore the allegations are denied.

204.    Paragraph 204 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 204, therefore the allegations are denied.

205.    Paragraph 205 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information

or knowledge to admit or deny the remaining allegations in Paragraph 205, therefore the allegations are denied.

206.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 206, therefore the allegations are denied.

207.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 207, therefore the allegations are denied.

208.     Paragraph 208 contains legal arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 208, therefore the allegations are denied.

209.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 209, therefore the allegations are denied.

210.     Paragraph 210 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 210, therefore the allegations are denied.

211.     Paragraph 211 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 211, therefore the allegations are denied.

212.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 212, therefore the allegations are denied.

213.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 213, therefore the allegations are denied.

214.     Paragraph 214 contains legal arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 214, therefore the allegations are denied.

215.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 215, therefore the allegations are denied.

216.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 216, therefore the allegations are denied.

217.     Defendant Scarpello admits that election judges are election officials in Texas. Paragraph 217 Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 217, therefore the allegations are denied.

### COUNT I
**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza**
**SB1 violates the First and Fourteenth Amendment of the U.S. Constitution.**

218.     With regard to Paragraph 218, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

219.     Paragraph 219 contains statements to which no response is required.

220.     Paragraph 220 contains citations to case law that speak for themselves.

221.     Paragraph 221 contains citations to case law that speak for themselves.

222.     Paragraph 222 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remaining allegations, Defendant Scarpello admits that SB 1 adds new requirements for providing assistance at the polling place, curbside, or in connection with mail in ballots; SB 1 grants certain authority to poll watchers; SB 1 adopts rules on vote harvesting; SB 1 criminalizes certain conduct; SB 1

promulgates new rules for accepting applications for mail ballots and mail ballots; and SB 1 promulgates new reporting requirements for election officials that include penalties.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 222, therefore the allegations are denied.

223.     Paragraph 223 of Plaintiffs' Complaint contains legal conclusions and arguments to which no responsive pleading is required and references to SB 1 that speak for themselves.  To the extent that the allegations in Paragraph 223 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 creates criminal penalties for violation of some of its ballot assistance and vote harvesting provisions.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 223, therefore the allegations are denied.

224.     Paragraph 224 of Plaintiffs' Complaint contains legal conclusions and arguments to which no responsive pleading is required and references to SB 1 that speak for themselves.  To the extent that the allegations in Paragraph 224 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 includes oath requirements and enhanced criminal penalties for violation of some of its voter assistance provisions.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 224, therefore the allegations are denied.

225.     Paragraph 225 of Plaintiffs' Complaint contains legal conclusions and arguments to which no responsive pleading is required and references to SB 1 that speak for themselves.  To the extent that the allegations in Paragraph 225 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 criminalizes certain forms of compensated ballot assistance.   Defendant Scarpello is without sufficient information or

knowledge to admit or deny the remaining allegations in Paragraph 225, therefore the allegations are denied.

226.    Paragraph 226 of Plaintiffs' Complaint contains legal conclusions and arguments to which no responsive pleading is required.  To the extent that the allegations in Paragraph 226 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that some states allow eligible voters to vote by mail and that Texas imposes more restrictions on mail voting than most states in the country.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 226, therefore the allegations are denied.

227.    Paragraph 227 of Plaintiffs' Complaint contains legal conclusions and arguments to which no responsive pleading is required.  To the extent that the allegations in Paragraph 227 contains factual allegations to which a responsive pleading is required, Defendant Scarpello admits that SB 1 includes new rules on filling out mail ballots and applications for mail ballots.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 227, therefore the allegations are denied.

228.    Paragraph 228 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remaining allegations, Defendant Scarpello admits that it is possible that elections workers may be deterred from taking action against a poll watcher due to the criminal penalties in SB 1.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 228, therefore the allegations are denied.

229.    Paragraph 229 of Plaintiffs' Complaint contains legal conclusions and arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 229

contains factual allegations to which a responsive pleading is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

## COUNT II
### Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza
### SB1 Violates the Fourteenth Amendment of The U.S. Constitution

230.    With regard to Paragraph 230, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

231.    Paragraph 231 contains statements to which no response is required.

232.    Paragraph 232 contains references to a Constitutional provision that speaks for itself.

233.    Paragraph 233 contains references to a Constitutional provision and case law that speak for themselves.

234.    Paragraph 234 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 234, therefore the allegations are denied.

235.    Paragraph 235 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 235, therefore the allegations are denied.

236.    Paragraph 236 contains arguments to which no response is required and references to court holdings that speak for themselves.  Defendant Scarpello admits that Texas has a history

of discrimination against Latino and Blacks in the voting and electoral processes. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 236, therefore the allegations are denied.

237. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 237, therefore the allegations are denied.

238. Paragraph 238 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 238, therefore the allegations are denied.

239. Paragraph 239 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 239, therefore the allegations are denied.

240. Paragraph 240 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 240, therefore the allegations are denied.

241. Paragraph 241 contains legal arguments and conclusions to which no response is required and apparent references to court holdings that speak for themselves. Defendant Scarpello admits that SB 1 was enacted and that Texas has a history of racial discrimination in the voting context. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 241, therefore the allegations are denied.

## COUNT III

**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza**
**SB1 Violates the Fifteenth Amendment of the U.S. Constitution**

242.     With regard to Paragraph 242, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

243.     Paragraph 243 contains statements to which no response is required.

244.     Paragraph 244 contains references to a Constitutional provision that speaks for itself.

245.     Paragraph 245 contains references to a Constitutional provision and case law that speak for themselves.

246.     Paragraph 246 contains references to Constitutional provisions and case law that speak for themselves.

247.     Paragraph 247 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Scarpello admits that SB 1 was enacted by the Texas Legislature.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 247, therefore the allegations are denied.

248.     Paragraph 248 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 248, therefore the allegations are denied.

249.     Paragraph 249 contains arguments to which no response is required and references to court holdings that speak for themself.  Defendant Scarpello admits that Texas has a history of discrimination against Latino and Blacks in the voting and electoral processes.  Defendant

Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 249, therefore the allegations are denied.

250. Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 250, therefore the allegations are denied.

251. Paragraph 251 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 251, therefore the allegations are denied.

252. Paragraph 252 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 252, therefore the allegations are denied.

253. Paragraph 253 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 253, therefore the allegations are denied.

254. Paragraph 254 contains arguments to which no response is required and references to court holdings that speak for themselves. Defendant Scarpello admits that SB 1 was enacted by the Texas Legislature and that Texas has a history of racial discrimination in the voting context. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 254, therefore the allegations are denied.

**COUNT IV**
**Against All Defendants**
**SB1 discriminates against minority voters**

**in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, et seq.**

255.    With regard to Paragraph 255, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

256.    Paragraph 256 contains statements to which no response is required.

257.    Paragraph 267 contains references to the Voting Rights Act that speaks for itself.

258.    Paragraph 258 contains references to case law that speak for themselves.

259.    Paragraph 259 contains references to case law that speak for themselves.

260.    Paragraph 260 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 260, therefore the allegations are denied.

261.    Paragraph 261 contains arguments to which no response is required and references to court holdings that speak for themself.  Defendant Scarpello admits that Texas has a history of discrimination against Latino and Blacks in the voting and electoral processes.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 261, therefore the allegations are denied.

262.    Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 262, therefore the allegations are denied.

263.    Paragraph 263 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 263, therefore the allegations are denied.

264.     Paragraph 264 contains legal conclusions and arguments to which no response is required.   To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 264, therefore the allegations are denied.

265.     Paragraph 265 contains legal conclusions and arguments to which no response is required.   To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 265, therefore the allegations are denied.

**COUNT V**
**Against All Defendants**
**SB1 impedes voters' practical ability to get necessary and statutorily guaranteed assistance in violation of Section 208 of the Voting Rights Act, 52 U.S.C. § 10508.**

266.     With regard to Paragraph 266, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

267.     Paragraph 267 contains statements to which no response is required.

268.     Paragraph 268 contains references to the Voting Rights Act that speaks for itself.

269.     Paragraph 269 contains legal conclusions and arguments for which no response is required and references a portion of the Voting Rights Act that speaks for itself.

270.     Paragraph 270 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.   As to the remaining allegations, Defendant Scarpello admits that Texas election law provides voters who need assistance with the right to receive such assistance and SB 1 places limitations on certain assistance.   Defendant

Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 270, therefore the allegations are denied.

271.    Paragraph 271 contains legal conclusions and arguments to which no response is required and references to a portion of the Voting Rights Act and case law that speak for themselves.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 271, therefore the allegations are denied.

**COUNT VI**
**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza**
**SB1 discriminates against voters on the basis of a disability**
**in violation of Title II of the Americans with Disability Act, 42 U.S.C. § 12131, et seq.**

272.    With regard to Paragraph 272, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

273.    Paragraph 273 contains statements to which no response is required.

274.    Paragraph 274 contains references to the Americans with Disabilities Act ("ADA") that speaks for itself.

275.    Paragraph 275 contains references to the ADA, statutes, and regulations that speaks for themselves.

276.    Paragraph 276 contains references to a portion of the ADA that speaks for itself.

277.    Paragraph 277 contains references to statutes and case law that speaks for themselves. To the extent a response is required, Defendant Scarpello admits that certain provisions of the ADA apply to voting and that local governments must comply with certain provision of the ADA so that people with disabilities can vote.

278.     Paragraph 278 contains legal conclusions to which no response is required and references to statutes that speak for themselves.  Paragraph 278 is also vague as to "public entities" in that Defendant Scarpello is not a public entity, a separate jural entity, or the governing body of Dallas County, Texas.  To the extent a response is required, Defendant Scarpello admits that the State of Texas is a public entity and it must comply with Title II of the ADA and Defendant Scarpello supervises voting operations in Dallas County, Texas.  Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 278, therefore the allegations are denied.

279.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 279, therefore the allegations are denied.

280.     Paragraph 280 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remaining allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 280, therefore the allegations are denied.

281.     Paragraph 281 contains legal conclusions and arguments to which no response is required and references to certain portions of SB 1 that speak for themselves.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 281, therefore the allegations are denied.

282.     Paragraph 282 contains legal conclusions and arguments and references to the ADA to which no response is required.  To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 282, therefore the allegations are denied.

283. Paragraph 283 contains legal conclusions and arguments and references to the ADA to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 283, therefore the allegations are denied.

284. Paragraph 284 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 284, therefore the allegations are denied.

285. Paragraph 285 contains arguments to which no response is required. To the extent a response is required, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 285, therefore the allegations are denied.

## COUNT VII
**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza
Section 7.04 of SB1 is unconstitutionally vague and burdens free speech
in violation of the First and Fourteenth Amendments to the U.S. Constitution.**

286. With regard to Paragraph 286, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

287. Paragraph 287 contains statements to which no response is required.

288. Paragraph 288 contains references to case law that speak for themselves.

289. Paragraph 289 contains references to case law that speak for themselves.

290. Paragraph 290 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. As to the remainder of the allegations,

Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 290, therefore the allegations are denied.

291.     Paragraph 291 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 291, therefore the allegations are denied.

292.     Paragraph 292 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 292, therefore the allegations are denied.

293.     Paragraph 293 contains legal conclusions and arguments to which no response is required.  As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 293, therefore the allegations are denied.

294.     Paragraph 294 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 294, therefore the allegations are denied.

295.     Paragraph 295 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 295, therefore the allegations are denied.

296.     Paragraph 296 contains arguments to which no response is required and references to case law that speak for themselves.

297.     Paragraph 297 contains legal conclusions and arguments to which no response is required and references to a portion of SB 1 and case law that speak for themselves.  As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 297, therefore the allegations are denied.

298.     Defendant Scarpello is without sufficient information or knowledge to admit or deny the allegations in Paragraph 298, therefore the allegations are denied.

299.     Paragraph 299 contains legal conclusions and arguments to which no response is required and references to a portion of SB 1 and statutes that speak for themselves.  As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 299, therefore the allegations are denied.

300.     Paragraph 300 contains legal conclusions and arguments to which no response is required.  As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 300, therefore the allegations are denied.

### COUNT VIII
### Against Defendants Scott. Paxton, Creuzot, Rosales, and Garza

### Section 4.09 of SB1 is unconstitutionally vague
### in violation of the Fourteenth Amendment to the U.S. Constitution

301.     With regard to Paragraph 301, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

302.     Paragraph 302 contains statements to which no response is required.

303. Paragraph 303 contains legal arguments to which no response is required and references to SB 1 that speak for themselves.

304. Paragraph 304 contains legal arguments to which no response is required and references to SB 1 that speak for themselves. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 304, therefore the allegations are denied.

305. Paragraph 305 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. As to the remainder of the allegations, Defendant Scarpello admits that SB 1 does not set out the interactions with a poll watcher that would avoid criminal liability. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 305, therefore the allegations are denied.

306. Paragraph 306 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 306, therefore the allegations are denied.

307. Paragraph 307 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. As to the remainder of the allegations, Defendant Scarpello admits that it is possible that elections workers may refrain from taking action against a poll watcher due to the criminal penalties in SB 1. Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 307, therefore the allegations are denied.

308. Paragraph 308 contains legal conclusions and arguments to which no response is required. Defendant Scarpello denies that Plaintiffs are entitled to any relief against him under 42 U.S.C. § 1983.

309. Paragraph 309 contains legal conclusions and arguments to which no response is required.

## COUNT IX
### Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza
### SB1 violates the First and Fourteenth Amendments of the U.S. Constitution.

310. With regard to Paragraph 310, Defendant Scarpello repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

311. Paragraph 311 contains statements to which no response is required.

312. Paragraph 312 contains legal conclusions and arguments to which no response is required and references to portions of SB 1 that speak for themselves. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 312, therefore the allegations are denied.

313. Paragraph 313 contains legal conclusions and arguments to which no response is required. As to the remainder of the allegations, Defendant Scarpello is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 313, therefore the allegations are denied.

314. Paragraph 314 contains legal conclusions and arguments based on two constitutional provisions, to which no response is required. Paragraph 314 also references portions of SB 1 that speak for themselves. As to the remainder of the allegations, Defendant Scarpello is

without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 314, therefore the allegations are denied.

## PRAYER FOR RELIEF

315. Defendant Scarpello denies the allegations contained in the Prayer section of the Complaint [1-6] to and denies that Plaintiffs are entitled to the relief requested, including declaratory or injunctive relief relative to Defendant Scarpello, and denies that Plaintiffs may recover any costs, disbursements, and reasonable attorney's fees from Defendant Scarpello.

## DEFENSES AND AFFIRMATIVE DEFENSES

316. By pleading the following Defenses or Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiffs retain the burden of proof on all matters necessary to prove the claims asserted in the Complaint and to establish their alleged damages.

## FIRST DEFENSE

317. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted as to Defendant Scarpello.

## SECOND DEFENSE

318. Defendant Scarpello at all times acted in accordance with the United States Constitution and the laws of the State of Texas and in good faith.

## THIRD DEFENSE

319. Plaintiffs lack standing on some or all off their claims.

## FOURTH DEFENSE

320. Plaintiffs' Section 1983 claims are barred to the extent that Defendant Scarpello is not a policymaker as to SB 1. Defendant Scarpello is not empowered or authorized to change

Texas law passed by the Legislature and signed by the Governor. Defendant Scarpello also is not afforded discretion in enforcement of the requirements under SB 1.

## FIFTH DEFENSE

321.   Plaintiffs' claims are barred in whole or in part by sovereign immunity, including 11th amendment immunity to the extent that Defendant Scarpello is enforcing or applying state law enacted by SB 1.

## SIXTH DEFENSE

322.   Plaintiffs' claims against Defendant Scarpello are barred to the extent that he has no power to redress Plaintiffs' injuries.

## SEVENTH DEFENSE

323.   To the extent that Plaintiffs have not sustained any injury or damage as a result of any actions taken by Defendant Scarpello, they should be barred from recovering against him. Equity and justice bar Plaintiffs' recovery of attorneys' fees from Defendant Scarpello in this lawsuit.

324.   Defendants reserve the right to raise additional defenses and affirmative defenses to the claims alleged.

## JURY DEMAND

325.   Defendant Scarpello hereby demands a trial by jury on all triable issues. Fed. R. Civ. P. 38(b); Fed. R. Civ. P. 81(c)(3)(b).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Scarpello prays that the Court will dismiss this suit with prejudice as to Defendant Scarpello, that Plaintiffs take nothing by this

action against him, that he recover his costs including reasonable attorneys' fees herein, and any other relief to which he may be justly entitled under the law.

Respectfully submitted,

**JOHN CREUZOT**
**DISTRICT ATTORNEY**
**DALLAS COUNTY, TEXAS**

/s/ Ben L. Stool
Ben L. Stool
Assistant District Attorney
Texas Bar No. 19312500
Ben.stool@dallascounty.org
BARBARA S. NICHOLAS
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 24032785
Barbara.nicholas@dallascounty.org
CIVIL DIVISION
Dallas County Records Building
500 Elm Street, Suite 6300
Dallas, TX 75202
(214) 653-7358 (PHONE)
(214) 653-6134 (FAX)

**ATTORNEYS FOR DEFENDANT MICHAEL SCARPELLO IN HIS OFFICIAL CAPACITY AS DALLAS COUNTY ELECTIONS ADMINISTRATOR**

## CERTIFICATE OF SERVICE

I, hereby certify that the foregoing document was filed electronically on February 8, 2022, with the Clerk of the Court for the Western District of Texas by using the CM/ECF system, causing electronic service upon all counsel of record.

*/s/ Ben L. Stool*
BEN L. STOOL