# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*,<br><br>            Plaintiffs,<br><br>            v.<br><br>THE STATE OF TEXAS, *et al.*,<br><br>            Defendants. | Civil Action No. 5:21-cv-844 (XR)<br>(Consolidated Cases) |

## MOTION FOR ENTRY OF ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The United States hereby moves for entry of an Order Regarding Discovery of Electronically Stored Information ("ESI Order"), pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule CV-26. The parties to the above-captioned consolidated litigation have met and conferred and anticipate production of electronically stored information (ESI) in the course of this action. Good cause exists to enter an ESI Order to facilitate the just, speedy, and cost-efficient conduct of discovery involving ESI and privilege, and to promote, to the fullest extent possible, the resolution of disputes regarding the discovery of ESI without Court intervention.

All parties to the consolidated litigation agree on the content of the ESI Order except for Paragraph 7(c), which governs privilege logs. Plaintiffs respectfully request the Court to enter an ESI Order containing the following version of Paragraph 7(c), including the underlined language:

> Privilege logs may be produced on a rolling basis<u>, but, in any event, no later than 30 days after each associated production. The parties agree to meet and confer to discuss alternatives if producing a complete privilege log within 30 days of the</u>

<u>associated production presents an undue burden on a party</u>. If any log is produced less than 30 days before the close of discovery, the receiving party shall have thirty (30) days from the date of receipt to review and register complaints about said log(s), and shall have the right to have those complaints resolved and have any non-privileged documents produced, regardless of the date of the close of fact discovery.

State Defendants respectfully request the Court to enter an ESI Order containing the following version of Paragraph 7(c), which omits the language underlined above:

> Privilege logs may be produced on a rolling basis. If any log is produced less than 30 days before the close of discovery, the receiving party shall have thirty (30) days from the date of receipt to review and register complaints about said log(s), and shall have the right to have those complaints resolved and have any non-privileged documents produced, regardless of the date of the close of fact discovery.

Because all parties came to an agreement on all other aspects of the ESI Order, the parties respectfully request the Court to enter one of two versions of the otherwise-identical ESI Order. A copy of the proposed ESI Order containing Plaintiffs' version of Paragraph 7(c) is attached hereto as Exhibit A. A copy of the proposed ESI Order containing State Defendants' version of Paragraph 7(c) is attached hereto as Exhibit B.

DATE: February 8, 2022

                                Respectfully submitted,

                                KRISTEN CLARKE
Assistant Attorney General

PAMELA S. KARLAN
Principal Deputy Assistant Attorney General
Civil Rights Division

/s/ Jennifer Yun
T. CHRISTIAN HERREN, JR.
RICHARD A. DELLHEIM
DANIEL J. FREEMAN
DANA PAIKOWSKY
MICHAEL E. STEWART
JENNIFER YUN
Attorneys, Voting Section,
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
(202) 305-4355
jennifer.yun@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 8, 2022, I served a true and correct copy of the foregoing via electronic mail on all counsel of record:

      /s/ Jennifer Yun
      Jennifer Yun
      Voting Section
      Civil Rights Division
      U.S. Department of Justice
      jennifer.yun@usdoj.gov