**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Consolidated Case |
| | § | No: 5:21-cv-00844-XR |
| GREGORY W. ABBOTT, in his official | § | |
| capacity as Governor of Texas, et al., | § | |
| | § | |
| *Defendants* | § | |
| | § | |

## DEFENDANT LISA WISE'S ANSWER TO SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF OF PLAINTIFFS LA UNIÓN DEL PUEBLO ENTERO, FRIENDSHIP-WEST BAPTIST CHURCH, THE ANTI-DEFAMATION LEAGUE AUSTIN, SOUTHWEST, AND TEXOMA REGIONS, SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT, TEXAS IMPACT, MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS, TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION, JOLT ACTION, WILLIAM C. VELASQUEZ INSTITUTE, FIEL HOUSTON INC., AND JAMES LEWIN

Defendant Lisa Wise, in her official capacity as the El Paso County Elections Administrator ("Defendant Wise"), hereby answers the Second Amended Complaint for Declaratory and Injunctive Relief (ECF No. 208, the "Complaint") in the above-captioned action. Except as otherwise expressly admitted, Defendant Wise denies each allegation in the Complaint, including any heading meant to be construed as an allegation. Defendant Wise repeats those headings here for organizational purposes only. Each response in this answer is made subject to the following limitations: First, the responses do not constitute an acknowledgement or admission of the validity or relevance of any allegation. Second, where Defendant Wise states that she lacks knowledge or information sufficient to form a belief as to the truth of an allegation, Defendant Wise reserves the right to argue that the allegation is true or false based on the evidence.

## ANSWER TO ALLEGATIONS

## I.     INTRODUCTION

**1.**     Defendant Wise admits the allegations contained in the first sentence of paragraph 1. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.

**2.**     The allegations in paragraph 2 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**3.**     Defendant Wise admits that Governor Abbott supported SB 1. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**4.**     Defendant Wise admits that local election officials helped Texas voters fulfill their commitment to exercising their rights. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**5.**     The allegations in paragraph 5 purport to state conclusions of law to which no

response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

6. The allegations in paragraph 6 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 at this time.

## II. JURISDICTION AND VENUE

7. Defendant Wise admits the allegations in paragraph 7.

8. Defendant Wise admits the allegations in paragraph 8.

## III. PARTIES

**A. Plaintiffs**

9. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 11 at this time. The allegations contained in the last sentence of paragraph 11 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 11 at this time.

12.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, and third sentences of paragraph 12 at this time.  The allegations contained in the last sentence of paragraph 12 purports to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 12 at this time.

13.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 13 at this time.  The allegation contained in the last sentence of paragraph 13 purports to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 13 at this time.

14.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first six sentences of paragraph 14 at this time.  The allegations contained in the last sentence of paragraph 14 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 14 at this time.

15.     Defendant Wise admits the allegations contained in the first sentence of paragraph 15.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 15 at this time.  The allegations contained in the last sentence of paragraph 15 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 15 at this time.

16.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of paragraph 16 at this time. The allegations contained in the last sentence of paragraph 16 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 16 at this time.

17.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first four sentences of paragraph 17 at this time. The allegations contained in the last sentence of paragraph 17 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 17 at this time.

18.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first four sentences of paragraph 18 at this time. The allegations contained in the last sentence of paragraph 18 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 18 at this time.

19.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first eight sentences of paragraph 19 at this time. The allegations contained in the last sentence of paragraph 19 purport to state conclusions of law to

which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 19 at this time.

20. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

## B. Defendants

21. Defendant Wise admits the allegations in paragraph 21.

22. Defendant Wise admits the allegations in paragraph 22.

23. Defendant Wise admits that the federal court dismissed the lawsuit captioned *Donald J. Trump for President, Inc. v. Boockvar*. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23.

24. Defendant Wise admits the allegations in paragraph 24.

25. Defendant Wise admits the allegations in paragraph 25.

26. Defendant Wise admits the allegations in sentences one and two of paragraph 26. The last sentence of paragraph 26 purports to state legal conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26.

27. Defendant Wise admits the allegations in paragraph 27.

28. Defendant Wise admits the allegations in paragraph 28.

29. Defendant Wise admits the allegations in paragraph 29.

30. Defendant Wise admits the allegations in paragraph 30.

31. Defendant Wise admits the allegations in sentences one and two of paragraph 31. The last sentence of paragraph 31 purports to state legal conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31.

**32.** Defendant Wise admits the allegations in paragraph 32.

**33.** Defendant Wise admits the allegations in paragraph 33.

**34.** Defendant Wise admits the allegations in paragraph 34.

**35.** Defendant Wise admits the allegations in paragraph 35.

**36.** Defendant Wise admits the allegations in paragraph 36.

**37.** The allegations in paragraph 37 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 at this time.

**38.** Defendant Wise lacks knowledge or information sufficient to form a belief as to whether the Attorney General's office is currently prosecuting hundreds of purported election law violations. Defendant Wise admits the remaining allegations in paragraph 38.

**39.** The allegations in paragraph 39 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise admits the allegations contained in paragraph 39 to the extent they purport to state the scope of the Attorney General's prosecutorial authority as presently understood.

**40.** The allegations in paragraph 40 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 at this time.

**41.** Defendant Wise admits the allegations contained in paragraph 41.

**42.** Defendant Wise admits that Defendant Paxton recently announced the formation of

the "2021 Texas Election Integrity Unit." Defendant Wise lacks knowledge as to the truth of the remaining allegations in paragraph 42.

**43.** Defendant Wise admits the allegations in paragraph 43.

**44.** Defendant Wise admits the allegations in paragraph 44.

**45.** The allegations in paragraph 45 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise admits that local election officials administer Texas elections.

**46.** Defendant Wise admits the allegations in paragraph 46.

**47.** Defendant Wise admits the allegations in paragraph 47.

**48.** Defendant Wise admits the allegations in paragraph 48.

**49.** Defendant Wise admits the allegations in paragraph 49.

**50.** Defendant Wise admits the allegations in paragraph 50.

**51.** Defendant Wise admits the allegations in paragraph 51.

**52.** Defendant Wise admits that she is responsible for enforcing certain provisions of SB 1.

## IV.     FACT BACKGROUND

**A.     Texas law has long restricted Latino and Black citizens' right to vote.**

**53.** Defendant Wise admits that Texas has historically discriminated against African Americans and Hispanics in the voting-rights context. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53.

**54.** Defendant Wise lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54.

**55.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 55.

**56.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

**57.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57.

**58.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

**59.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

**60.** Defendant Wise admits that in 2016 the Fifth Circuit affirmed a district court's decision that Texas' photo voter identification law, SB 14, had a discriminatory effect on Latino and Black Texans' rights in violation of Section 2 of the VRA. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60.

**61.** Defendant Wise admits that the Secretary of State attempted to purge Texas's voter rolls, and that a federal district court enjoined the purge. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61.

**B. Before SB 1, Texas was already among the states that made it hardest to vote.**

**62.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62.

**63.** Defendant Wise admits that Texas reserves mail voting for individuals who are 65 or older, sick or disabled, will be out of the country during the entire election period, or are confined to jail but otherwise eligible to vote. Defendant Wise lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63.

**64.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64.

**C.** **The 2020 General Election tested Texas voters in unprecedented ways—and Texans passed with flying colors.**

**65.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65.

**66.** Defendant Wise admits that in the 2020 election, Texans achieved record voter turnout. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 66.

**67.** Defendant Wise admits the truth of the allegations in the first sentence of paragraph 67. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 67.

**68.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68.

**69.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 with respect to election officials in other counties. Notwithstanding, Defendant Wise avers that El Paso County election officials worked tirelessly to ensure that every El Paso County voter had an opportunity to participate in the 2020 general election, including by offering early voting at 35 early voting stations.

**70.** Defendant Wise admits the truth of the allegations in paragraph 70.

**71.** Defendant Wise admits the truth of the allegations in paragraph 71.

**72.** Defendant Wise admits the truth of the allegations in paragraph 72.

**73.** Defendant Wise admits the allegations in paragraph 73.

**74.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 74 with respect to election officials in other counties. Notwithstanding, Defendant Wise avers that El Paso County election officials worked tirelessly to ensure that every El Paso County voter had an opportunity to participate in the 2020 general election, including by offering early voting at 35 early voting stations.

75. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77. Defendant Wise admits that Governor Abbott issued a proclamation that limited mail ballot drop-off locations to one per county. Defendant Wise admits that General Paxton filed suit against the Harris County Clerk. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77.

**D. Following a historically successful election, some Texas politicians made baseless allegations of cheating.**

78. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 78. Defendant Wise admits the truth of the allegations in the second sentence of paragraph 78.

79. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81. Defendant Wise admits that there was no evidence of widespread voter fraud in El Paso County in the 2020 election. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81.

**E.     The Texas Legislature takes up anti-voter legislation.**

**82.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82.

**83.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83.

**84.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.    Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**85.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.

**86.** The House debated SB 1 on August 26, 2021, and adopted 17 amendments to the bill.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86.

**87.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87.

**88.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88.

**89.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89.

**90.** Defendant Wise admits the allegation contained in paragraph 90.

**91.** Defendant Wise admits the allegations in paragraph 91.

**92.** Defendant Wise admits the allegations in paragraph 92.

**93.** Defendant Wise admits that November 8, 2022 is a scheduled Uniform Election Date.

**F.  State officials, including the Secretary, commence a "forensic audit" of Texas elections.**

**94.** Defendant Wise admits the allegations in paragraph 94.

**95.** Defendant Wise admits the allegations in paragraph 95.

**96.** Defendant Wise admits the allegations in paragraph 96.

**97.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.

**G.  State officials, including the Attorney General, support increased criminal penalties for so-called "illegal voting."**

**98.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

**99.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

**100.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.

**101.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101.

**H.  SB 1 imposes burdens that will discourage, intimidate, and deter eligible Texas voters, and will disproportionately impact voters of color and voters with disabilities.**

**102.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful

voter turnout.

        1.      **SB 1 restricts the ability of eligible Texans, including voters who have limited English proficiency, disabilities, and less formal education, to access voter assistance.**

103.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

104.     Defendant Wise admits that section 6.04 of SB 1 limits the type of assistance that a voter can receive to "reading the ballot to the voter, directing the voter to read the ballot, marking the voter's ballot, or directing the voter to mark the ballot." Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 104.

105.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105.

106.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106.

107.     Defendant Wise admits the allegations in paragraph 107.

108.     Defendant Wise admits the allegations in the first sentence of paragraph 108. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 108.

109.     Defendant Wise admits the allegations in the first sentence of paragraph 109. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 109.

**110.** Defendant Wise admits the allegations in the first sentence of paragraph 110. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 110.

**111.** Defendant Wise admits the allegations in the first sentence of paragraph 111. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111.

**112.** Defendant Wise admits the allegations in the first and second sentences of paragraph 112. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 112.

**113.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**114.** Defendant Wise admits the first sentence of paragraph 114. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 114.

**115.** Defendant Wise admits the second and third sentences of paragraph 115. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 115.

**116.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116.

2. **SB 1 opens the door to intimidation and misconduct at the polls by tying the hands of poll workers and election officials.**

117. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117.

118. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118.

119. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

120. Defendant Wise admits the allegations contained in the second sentence of paragraph 120. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 120.

121. Defendant Wise admits the allegations in the first sentence of paragraph 121. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 121.

122. Defendant Wise admits the allegations in the first sentence of paragraph 122. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 122.

123. Defendant Wise admits the allegations in the first sentence of paragraph 123. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 123.

124. Defendant Wise admits the allegations in paragraph 124, but avers that the full text

of SB 1 speaks for itself.

**125.** Defendant Wise admits the allegations in paragraph 125.

**126.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**127.** The allegations in the first sentence of paragraph 127 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 127 at this time. Defendant Wise admits that under section 4.09, it may be unlawful or an election worker to take "any action" if it renders "observation not reasonably effective," but avers that the full text of SB 1 speaks for itself.

**128.** Defendant Wise admits the allegations in paragraph 128.

**129.** Defendant Wise admits the allegations in paragraph 129.

**130.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**131.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose

burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

> **3.** **SB 1 prohibits voting procedures that facilitated record voter participation in 2020, despite no evidence that these measures contribute to voter fraud.**

**132.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**133.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 133. Defendant Wise admits the second sentence of paragraph 133.

**134.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**135.** Defendant Wise admits the allegations in paragraph 135, but avers that the full text of SB 1 speaks for itself.

**136.** Defendant Wise admits the second sentence of paragraph 136, but avers that the full text of SB 1 speaks for itself. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 136.

     **4.**    **SB 1 criminalizes otherwise lawful voter assistance by community-based non- partisan organizations through vague and overbroad "vote harvesting" prohibitions.**

**137.**    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137.

**138.**    Defendant Wise admits the allegations in paragraph 138, but avers that the full text of SB 1 speaks for itself.

**139.**    Defendant Wise admits the allegations in paragraph 139.

**140.**    Defendant Wise admits that section 7.4 of SB 1 does not define "in-person interaction." The remaining allegations in paragraph 140 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 140. Defendant Wise avers that the full text of SB 1 speaks for itself.

**141.**    The allegations in paragraph 141 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 141. Defendant Wise avers that the full text of SB 1 speaks for itself.

**142.**    The allegations in paragraph 142 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 142. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout. Defendant Wise avers that the full text of SB 1 speaks for itself.

**143.**    The allegations in paragraph 143 purport to state conclusions of law to which no

response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 143. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout. Defendant Wise avers that the full text of SB 1 speaks for itself.

     **5.**     **SB 1 further burdens state officials and expands investigation of voter registration applicants and registered voters, despite no evidence of widespread voter fraud.**

**144.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144.

**145.**     Defendant Wise admits the third sentence of paragraph 145. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 145. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**146.**     The allegations in paragraph 146 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 at this time.

**147.**     Defendant Wise admits the first sentence in paragraph 147. The remaining allegations in paragraph 147 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 at this time.

**148.**     Defendant Wise admits the first four sentences of paragraph 148. The remaining

allegations in paragraph 148 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 at this time.

## I.     SB 1 Will Harm Plaintiffs.

149.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149.

150.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150.

151.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151.

152.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152.

153.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153.

154.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154.  Defendant Wise avers that the full text of SB 1 speaks for itself.

155.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 155.

156.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156.

157.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose

burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**158.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**159.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**160.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160.

**161.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**162.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful

voter turnout.

**163.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**164.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**165.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**166.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**167.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167.

**168.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 168.

**169.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**170.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**171.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 171. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**172.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 172. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**173.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 173.

**174.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**175.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 175. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**176.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176.

**177.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 177. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**178.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 178.

**179.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 179. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose

burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**180.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 180. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**181.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 181.

**182.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182.

**183.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 183. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**184.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 184. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**185.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185. Notwithstanding, Defendant Wise avers that

the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

186. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 186. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

187. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 187.

188. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 188.

189. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 189.

190. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 190. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

191. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 191. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful

voter turnout.

**192.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**193.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 193.

**194.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**195.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 195. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**196.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 196. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

197. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 197.

198. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 198. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

199. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

200. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 200. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

201. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 201. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

202. Defendant Wise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 202.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**203.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 203.

**204.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 204.

**205.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 205.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**206.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 206.

**207.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 207.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**208.**     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 208.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose

burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

209. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 209. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

210. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 210.

211. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 211. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

212. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 212.

213. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 213. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

214. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 214.

**215.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 215.

**216.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 216.

**217.** Defendant Wise admits the second sentence in paragraph 217. Defendant Wise admits that SB 1 creates risk of criminal prosecution for any "person" serving at a location "in an official capacity" who takes "any action to obstruct the view of a watcher or distance the watcher from [the observed activity] in a manner that would make observation not reasonably effective," and avers that the full text of SB 1 speaks for itself. Defendant Wise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 217.

## COUNT I
**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza**
**SB 1 violates the First and Fourteenth Amendments of the U.S. Constitution.**

**218.** Defendant Wise restates and incorporates her answers to paragraphs 1 through 217 as though fully set forth herein.

**219.** Paragraph 219 states which claims Plaintiffs purport to bring against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza. No response to paragraph 219 is required.

**220.** The allegations in paragraph 220 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 220 at this time.

**221.** The allegations in paragraph 221 purport to state conclusions of law to which no

response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 221 at this time.

222. The allegations in paragraph 222 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 222 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

223. The allegations in paragraph 223 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 223 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

224. The allegations in paragraph 224 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 224 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

225. The allegations in paragraph 225 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 225 at this time.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

226.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 226 at this time.

227.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 227 at this time.

228.    Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 228 at this time.

229.    The allegations in paragraph 229 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 229 at this time.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

## COUNT II
### Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza
### SB 1 Violates the Fourteenth Amendment of The U.S. Constitution

230.    Defendant Wise restates and incorporates her answers to paragraphs 1 through 229 as though fully set forth herein.

231.    Paragraph 231 states which claims Plaintiffs purport to bring against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza.  No response to paragraph 231 is required.

**232.** Defendant Wise admits the allegations in paragraph 232.

**233.** Defendant Wise admits the first sentence of paragraph 233. The allegations in paragraph 233 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 233 at this time.

**234.** The allegations in paragraph 234 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 234 at this time.

**235.** The allegations in paragraph 235 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 235 at this time.

**236.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 236.

**237.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 237.

**238.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 238. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**239.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 239.

**240.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 240.

**241.** The allegations in paragraph 241 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 241.

**COUNT III**
**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza**
**SB 1 Violates the Fifteenth Amendment of the U.S. Constitution**

**242.** Defendant Wise restates and incorporates her answers to paragraphs 1 through 241 as though fully set forth herein.

**243.** Paragraph 243 states which claims Plaintiffs purport to bring against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza. No response to paragraph 243 is required.

**244.** Defendant Wise admits the allegations in paragraph 244.

**245.** The allegations in paragraph 245 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 245 at this time.

**246.** The allegations in paragraph 246 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 246 at this time.

247.     The allegations in paragraph 247 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 247 at this time.

248.     The allegations in paragraph 248 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 248 at this time.

249.     Defendant Wise admits that Texas has historically discriminated against African Americans and Hispanics in the voting-rights context.  Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 249.

250.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250.

251.     The allegations in paragraph 251 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 251 at this time.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

252.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 252.

253.     Defendant Wise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 253. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

254. The allegations in paragraph 254 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 254 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

## COUNT IV
### Against All Defendants

**SB 1 discriminates against minority voters
in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, *et seq*.**

255. Defendant Wise restates and incorporates her answers to paragraphs 1 through 254 as though fully set forth herein.

256. Paragraph 256 states which claims Plaintiffs purport to bring against all Defendants. No response to paragraph 256 is required.

257. The allegations in paragraph 257 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 257 at this time.

258. The allegations in paragraph 258 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 258 at this time.

259. The allegations in paragraph 259 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 259 at this time.

260. The allegations in paragraph 260 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 260 at this time.

261. Defendant Wise admits that Texas has historically discriminated against African Americans and Hispanics in the voting-rights context. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 261.

262. Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 262.

263. The allegations in paragraph 263 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 263 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

264. The allegations in paragraph 264 purport to state conclusions of law to which no

response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 264 at this time.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

265.     The allegations in paragraph 265 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 265 at this time.  Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

## COUNT V
### Against all Defendants

**SB 1 impedes voters' practical ability to get necessary and statutorily guaranteed assistance in violation of Section 208 of the Voting Rights Act, 52 U.S.C. § 10508.**

266.     Defendant Wise restates and incorporates her answers to paragraphs 1 through 265 as though fully set forth herein.

267.     Paragraph 267 states which claims Plaintiffs purport to bring against all defendants. No response to paragraph 267 is required.

268.     Defendant Wise admits the allegations in paragraph 268.

269.     The allegations in paragraph 269 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 269 at this time.

**270.** The allegations in paragraph 270 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 270 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**271.** The allegations in paragraph 271 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 271 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**COUNT VI**
**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza**

**SB 1 discriminates against voters on the basis of a disability**
**in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq*.**

**272.** Defendant Wise restates and incorporates her answers to paragraphs 1 through 271 as though fully set forth herein.

**273.** Paragraph 273 states which claims Plaintiffs purport to bring against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza. No response to paragraph 273 is required.

**274.** Defendant Wise admits the allegations in paragraph 274.

**275.** Defendant Wise admits the allegations in paragraph 275.

**276.** Defendant Wise admits the allegations in paragraph 276.

**277.** Defendant Wise admits the allegations in the first sentence of paragraph 277. The remaining allegations in paragraph 277 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 277 at this time.

**278.** Defendant Wise admits the allegations in paragraph 278.

**279.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 279.

**280.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 280.

**281.** The allegations in paragraph 281 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 281 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**282.** The allegations in paragraph 282 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 282 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**283.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 283.

**284.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 284.

**285.** Defendant Wise lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 285.

**COUNT VII**
**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza**

**Section 7.04 of SB 1 is unconstitutionally vague and burdens free speech**
**in violation of the First and Fourteenth Amendments to the U.S. Constitution.**

**286.** Defendant Wise restates and incorporates her answers to paragraphs 1 through 285 as though fully set forth herein.

**287.** Paragraph 287 states which claims Plaintiffs purport to bring against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza. No response to paragraph 287 is required.

**288.** The allegations in paragraph 288 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 288 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**289.** The allegations in paragraph 289 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 289 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that

are not necessary to conduct secure elections and that may suppress lawful voter turnout.

290. The allegations in paragraph 290 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 290 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

291. Defendant Wise admits sentences two and three of paragraph 291. The remaining allegations in paragraph 291 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 291 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

292. The allegations in paragraph 292 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to support a belief as to the truth of the allegations in paragraph 292 at this time.

293. Defendant Wise lacks knowledge or information sufficient to support a belief as to the truth of the allegations in paragraph 293.

294. The allegations in paragraph 294 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 294 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

295. The allegations in paragraph 295 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 295 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

296. The allegations in paragraph 296 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 296 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

297. The allegations in paragraph 297 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 297 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

298. The allegations in paragraph 298 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 298 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

299. The allegations in paragraph 299 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 299 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

300. The allegations in paragraph 300 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 300 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**COUNT VIII**
**Against Defendants Scott, Paxton, Creuzot, Rosales, and Garza**

**Section 4.09 of SB 1 is unconstitutionally vague**
**in violation of the Fourteenth Amendment to the U.S. Constitution**

301. Defendant Wise restates and incorporates her answers to paragraphs 1 through 300 as though fully set forth herein.

302. Paragraph 302 states which claims Plaintiffs purport to bring against Defendants Scott, Paxton, Creuzot, Rosales, and Garza. No response to paragraph 302 is required.

**303.** Defendant Wise admits the allegations in paragraph 303.

**304.** Defendant Wise admits the allegations in paragraph 304.

**305.** Defendant Wise lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 305. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**306.** Defendant Wise lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 306. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**307.** Defendant Wise lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 307. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**308.** The allegations in paragraph 308 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 308 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**309.** The allegations in paragraph 309 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 309 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**COUNT IX**
**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza**
**SB 1 violates the First and Fourteenth Amendments of the U.S. Constitution.**

**310.** Defendant Wise restates and incorporates her answers to paragraphs 1 through 309 as though fully set forth herein.

**311.** Paragraph 311 states which claims Plaintiffs purport to bring against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza. No response to paragraph 311 is required.

**312.** The allegations in paragraph 312 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 312 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

**313.** The allegations in paragraph 313 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 313 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions

of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

314. The allegations in paragraph 314 purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 314 at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

## PRAYER FOR RELIEF

The allegations under the Prayer for Relief heading purport to state conclusions of law to which no response is required; however, to the extent a response is required, Defendant Wise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained under the Prayer for Relief heading at this time. Notwithstanding, Defendant Wise avers that the challenged provisions of SB 1 impede the work of El Paso County election workers and impose burdens on voters that are not necessary to conduct secure elections and that may suppress lawful voter turnout.

## DEFENSES

Defendant Wise sets forth her defenses below. By setting forth these defenses, Defendant Wise does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Nothing stated here is intended to or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiffs' allegations. As separate and distinct defenses, Defendant Wise alleges as follows:

## FIRST DEFENSE

### (No Entitlement to Attorneys' Fees)

**315.** Plaintiffs' claims for attorneys' fees are barred to the extent they are asserted against Defendant Wise, who has no liability for any award of attorneys' fees in this action.

## SECOND DEFENSE

### (Fault of Others)

**316.** Plaintiffs' claims are barred to the extent that any damages are due to the fault or responsibility of persons and entities over whom Defendant Wise had no control.

## THIRD DEFENSE

### (Third-Party Responsibility)

**317.** Plaintiffs' claims are barred to the extent that any party other than Defendant Wise is responsible or liable.

## RESERVATION OF RIGHTS

Defendant Wise presently has insufficient knowledge or information upon which to form a belief as to whether she may have additional unstated defenses. Defendant Wise reserves the right to assert any other defense that may be established during discovery and by the evidence and proceedings in this case.

Dated: February 8, 2022.  Respectfully submitted,

*/s/ Orion Armon*
Orion Armon (CO SBN 34923)
**COOLEY LLP**
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Telephone: +1 720 566-4000
Facsimile: +1 720 566-4099
oarmon@cooley.com

**COOLEY LLP**
Kathleen Hartnett* (CA SBN 314267)
khartnett@cooley.com
Beatriz Mejia* (CA SBN 190948)
bmejia@cooley.com
Sharon Song* (CA SBN 313535)
ssong@cooley.com
Kelsey Spector* (CA SBN 321488)
kspector@cooley.com
Angelica Leo* (CA SBN 334324)
aleo@cooley.com
David Louk* (CA SBN 304654)
dlouk@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: +1 415 693-2000
Facsimile: +1 415 693-2222

**COOLEY LLP**
Germaine Habell* (CA SBN 333090)
ghabell@cooley.com
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: + 1 858-550-6196
Facsimile: + 1 858-550-6420

**STATES UNITED DEMOCRACY CENTER**
Christine P. Sun* (CA SBN 218701)
3749 Buchanan St., No. 475165
San Francisco, CA 94147-3103
Telephone: +1 615 574-9108
christine@statesuniteddemocracy.org

**STATES UNITED DEMOCRACY CENTER**
Ranjana Natarajan (TX SBN 24071013)
1801 E 51st St., Suite 365, No. 334
Austin, TX 78723
Telephone: +1 323 422-8578
ranjana@statesuniteddemocracy.org

*Admitted pro hac vice*

*Attorneys for Lisa Wise, in her official capacity as the El Paso County Elections Administrator*

**CERTIFICATE OF SERVICE**

I certify that on February 8, 2022, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which will send notification of this filing to counsel of record.

*/s/      Orion Armon*
Orion Armon