IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| La Unión del Pueblo Entero, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>Gregory W. Abbott, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO. 5:21-CV-00844-XR |

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF OF PROPOSED**
***AMICUS CURIAE* THE YOUNG BLACK LAWYERS' ORGANIZING COALITION**
**IN SUPPORT OF PLAINTIFFS' SECOND AMENDED COMPLAINTS**

Proposed *amicus curiae*, the Young Black Lawyers' Organizing Coalition ("YBLOC") respectfully submits the following response to the State Defendants' Opposition to YBLOC's Motion for Leave to participate as *amicus curiae* in support of Plaintiffs' Second Amended Complaints.

As an initial matter, the State Defendants' opposition is untimely and should be disregarded on that basis alone. Local Rule CV-7 mandates that "[a] response to a discovery or case management motion shall be filed not later than 7 days after the filing of the motion." Local Rule CV-7(D)(2). Although the Western District has not directly addressed whether a motion for leave to file an *amicus* brief is a "case management motion," it has elsewhere recognized that non-dispositive motions should be characterized as such. *See Vaquero Permian Processing LLC v. Mieco LLC*, 2022 WL 174523, *6 n.2 (W.D. Tex. Jan. 18, 2022) (a motion that is not dispositive "would instead be considered a case management motion"). Accordingly, because a motion for leave to participate as *amicus curiae* is not dispositive, it is a case management motion, subject to Rule CV-7's seven-day deadline for opposition. Here, because YBLOC filed its motion on January 21, 2022, *see* ECF No. 203 at 5, the State Defendants' opposition was due on January 30, not February 4. The Local Rules provide that when an opposition is untimely, "the court may grant the motion as unopposed." Local Rule CV-7(D)(2). The Court should do so here.

In the event the Court does not strike the opposition on timeliness grounds, it should reject the opposition on the merits. As this Court has recognized, "[d]istrict courts frequently welcome amicus briefs . . . if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" ECF No. 185 at 3 (citing *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)). That standard is met here. YBLOC is a non-partisan civic education organization dedicated to

protecting and empowering Black voters. YBLOC engages in local community organizing and advocacy, multimedia engagement, and voter education and protection programs throughout the state. YBLOC's programs are distinctly focused on the protection of voting rights for the Black community, and it has unique insight on the experiences of Black voters with voter suppression, both historically and today. This unique perspective will aid in the Court's assessment in this case. For that reason alone, the Court should grant the motion for leave to appear as *amicus curiae*.

The State Defendants contest YBLOC's motion primarily on the grounds that YBLOC's perspective is "duplicative" of the views of some Plaintiffs. ECF No. 233 at 1. To be sure, both Plaintiffs and YBLOC alike allege that SB-1 causes irreparable harm to Texans and to their organizations. *See*, *e.g.*, ECF No. 203-1 at 1, 17; ECF No. 208 at ¶ 171. But each Plaintiff and YBLOC in turn represent *different* groups of Texans harmed by this law. *See*, *e.g.*, ECF No. 207 at ¶¶ 19, 22, 25 (alleging that SB-1 will cause irreparable harm to various groups not including YBLOC); ECF No. 208 at ¶¶ 171, 174, 182, 196, 202, 208, 209 (same). The harm they allege is therefore similar, but not identical.

Moreover, given the nature of this suit, it is to be expected that numerous "non-partisan civic organizations" have a stake in this litigation. But this does not render the perspectives of these various groups duplicative of one another. *See* ECF No. 233 at 2 (erroneously identifying the presence of multiple civic organizations as evidence of duplicity). Indeed, as described in more detail above, YBLOC offers a unique perspective within the universe of civic organizations—that of lawyers and law students dedicated to protecting and empowering Black voters. *See* ECF No. 203 at 1.

And because in its *amicus* brief, YBLOC seeks to represent the perspective of a defined group that is not otherwise specifically represented by the various Plaintiffs, but is equally affected

2

by SB-1, YBLOC has a "special interest" in this litigation. For this reason, YBLOC's motion differs materially from that of Missouri Secretary of State Ashcroft, whom this Court previously held did not have a special interest in this litigation. *See* ECF No. 185 at 4 (concluding that the Secretary of State in a different state did not have a special interest in the elections of Texas).

Indeed, YBLOC would likely qualify for intervention under Federal Rule of Civil Procedure 24(a) or (b). *See Graham v. Evangeline Parish School Bd.*, 132 F. App'x 507 (5th Cir. 2005) (detailing the elements of a successful claim for intervention and the factors a court must consider in assessing a motion to intervene). If full intervention would be warranted here, surely permitting the organization a more modest participation as *amicus curiae* is appropriate in this case instead. *See* ECF No. 121 at 6 (denying the Public Interest Legal Foundation's motion to intervene, yet permitting the organization to file an amicus brief); *see also Gen. Land Off. of Tex. v. U.S. Fish and Wildlife Serv.*, 2017 WL 10741921, at *7 (W.D. Tex. Nov. 30, 2017) (denying a motion to intervene but concluding "[n]evertheless, Movants may file an *amicus* brief where necessary to advice the Court of additional information or arguments").

YBLOC's proposed *amicus* brief is supportive but not duplicative of Plaintiffs' filing. The Court should grant YBLOC's motion and consider YBLOC's perspective.

Respectfully submitted this 11th day of February, 2022.

By: */s/ Veronica S. Moyé*

Veronica S. Moyé, SBN 24000092
Andrew LeGrand, SBN 24070132
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-2911
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com
alegrand@gibsondunn.com

*Attorneys for the Young Black Lawyers' Organizing Coalition*

Anne Champion
Lee R. Crain
Cate McCaffery
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
achampion@gibsondunn.com
lcrain@gibsondunn.com
cmcaffery@gibsondunn.com

Katherine Maddox Davis
Cate Harding
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
kdavis@gibsondunn.com
charding@gibsondunn.com

Patrick J. Fuster
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3198
Telephone: (212) 229-7000
Facsimile: (212) 229-7520
pfuster@gibsondunn.com

Raena Ferrer Calubaquib
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94301-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333
rcalubaquib@gibsondunn.com

*Of Counsel*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February, 2022, I electronically filed a true and correct copy of the foregoing Reply in Support of the Motion for Leave to File the Proposed *Amicus Curiae* Brief of The Young Black Lawyers' Organizing Coalition with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

Respectfully submitted this 11th day of February, 2022.

*s/ Veronica S. Moyé*

Veronica S. Moyé

*Attorney for the Young Black Lawyers' Organizing Coalition*
