Exhibit A

PD-1032&1033-20
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/30/2021 4:17 PM
Accepted 1/3/2022 2:56 PM
DEANA WILLIAMSON
CLERK

**PD-1032-20 & PD-1033-20**

# In the Texas Court of Criminal Appeals

FILED
COURT OF CRIMINAL APPEALS
1/3/2022
DEANA WILLIAMSON, CLERK

ZENA COLLINS STEPHENS,

*Petitioner*,

*v.*

THE STATE OF TEXAS,

*Respondent*.

EX PARTE ZENA COLLINS STEPHENS,

*Petitioner*.

On Petition for Discretionary Review
from the First Court of Appeals, Houston

## THE STATE OF TEXAS'S MOTION FOR REHEARING

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

JUDD E. STONE II
Solicitor General
State Bar No. 24076720
Judd.Stone@oag.texas.gov

BETH KLUSMANN
Assistant Solicitor General

Counsel for the State of Texas

# Table of Contents

Page

Index of Authorities ...............................................................................i

Introduction .......................................................................................... 1

Argument.............................................................................................. 1

I.  The Court's Decision Wrongly Limits the Legislature's Power................. 1

    A.  The Court misapplied interpretative tools to erroneously
narrow the "other duties" clause. .......................................................2

    B.  The Legislature can be trusted to assign some prosecutorial
functions to the Attorney General. ......................................................8

II.  The Court's Decision Is Irreconcilable with Supreme Court
Precedent and Creates Confusion. ............................................................ 11

    A.  The Court's decision breaks with over a century of Texas
Supreme Court precedent. ................................................................. 12

    B.  The Court's interpretation of the "other duties" clause
creates confusion............................................................................... 13

Prayer ................................................................................................... 16

Certificate of Service............................................................................. 17

Certificate of Compliance ...................................................................... 17

# Index of Authorities

Page(s)

**Cases:**

*Aguirre v. State*,
    22 S.W.3d 463 (Tex. Crim. App. 1999) ............................................... 15

*In re Allcat Claims Serv., L.P.*,
    356 S.W.3d 455 (Tex. 2011) ................................................................3

*Armadillo Bail Bonds v. State*,
    802 S.W.2d 237 (Tex. Crim. App. 1990)..................................... 8, 12

*Brady v. Brooks*,
    89 S.W. 1052 (Tex. 1905)........................................................ 3, 11, 13

*City of Fort Worth v. Rylie,*
602 S.W.3d 459 (Tex. 2020) ............................................................7

*El Paso Elec. Co. v. Tex. Dep't of Ins.,*
937 S.W.2d 432 (Tex. 1996) ...........................................................13

*Eu v. San Francisco Cnty. Democratic Cent. Comm.,*
489 U.S. 214 (1989) .......................................................................10

*Gallagher v. State,*
690 S.W.2d 587 (Tex. Crim. App. 1985) ..........................................3

*Hurt v. Oak Downs, Inc.,*
85 S.W.2d 294 (Tex. App.—Dallas 1935, writ dism'd) ......................5

*Jones v. State,*
803 S.W.2d 712 (Tex. Crim. App. 1991) ..........................................7

*Kelley v. State,*
676 S.W.2d 104 (Tex. Crim. App. 1984) ..........................................6

*Lefevers v. State,*
20 S.W.3d 707 (Tex. Crim. App. 2000) ............................................4

*Ex parte Lo,*
424 S.W.3d 10 (Tex. Crim. App. 2013) ............................................2

*Medrano v. State,*
421 S.W.3d 869 (Tex. App.—Dallas 2014, pet. ref'd) .......................9

*Meshell v. State,*
739 S.W.2d 246 (Tex. Crim. App. 1987) ............................... 6, 11, 15

*Morath v. Tex. Taxpayer & Student Fairness Coal.,*
490 S.W.3d 826 (Tex. 2016) ..........................................................14

*Perez v. State,*
11 S.W.3d 218 (Tex. Crim. App. 2000) ............................................4

*Purcell v. Gonzalez,*
549 U.S. 1 (2006) ..........................................................................10

*Saldano v. State,*
70 S.W.3d 873 (Tex. Crim. App. 2002) .....................................11, 14

*Staley v. State,*
420 S.W.3d 785 (Tex. Crim. App. 2013) ..........................................6

*State of Florida ex rel. Shevin v. Exxon Corp.*,
  526 F.2d 266 (5th Cir. 1976) ...................................................................2

*State v. Holland*,
  221 S.W.3d 639 (Tex. 2007) .................................................................14

*Tex. Boll Weevil Eradication Found., Inc. v. Lewellen*,
  952 S.W.2d 454 (Tex. 1997) ............................................................ 8, 10

*Ex parte Trafton*,
  271 S.W.2d 814 (Tex. Crim. App. 1953) ...........................................12

*Vandyke v. State*,
  538 S.W.3d 561 (Tex. Crim. App. 2017) ...........................................12

*Ex parte White*,
  400 S.W.3d 92 (Tex. Crim. App. 2013) ...............................................7

*Ex parte Young*,
  No. WR-65,137-05, 2021 WL 4302528
  (Tex. Crim. App. Sept. 22, 2021) ..................................................10-11

**Constitutional Provisions and Statutes:**

Tex. Const.:
  art. II, § 1 ...........................................................................................5, 6
  art. III, § 12 ............................................................................................8
  art. III, § 30 ............................................................................................8
  art. III, § 32 ............................................................................................8
  art. III, § 37 ............................................................................................8
  art. III, § 49-c .........................................................................................8
  art. IV ...................................................................................................13
  art. IV, § 14 .............................................................................................8
  art. IV, § 22 ..............................................................1, 3, 4, 5, 8, 13
  art. IV, § 26 .............................................................................................8
  art. V ...............................................................................................13, 15
  art. V, § 1 ...........................................................................................5-6, 10
  art. V, § 20 .............................................................................................8
  art. V, § 21 .............................................................................................5
  art. V, § 22 ...........................................................................................13
  art. VII, § 8 .............................................................................................8

Tex. Civ. Prac. & Rem. Code § 101.103(a) ............................................................ 14

Tex. Elec. Code § 273.021(a) ........................................................ 2, 4, 5, 7, 9, 15

Tex. Gov't Code § 42.001(a) ............................................................................... 14

1879 Code of Crim. Proc., tit. I, ch. 2, art. 28
(State Printing Office, Austin 1887) ............................................................... 14

**Other Authorities:**

Act of March 23, 1923, 38th Leg., R.S., ch. 156,
1923 Tex. Gen. Laws 335 ............................................................................... 14

Act of May 30, 1951, 52d Leg., R.S., ch. 492, § 130(2),
1951 Tex. Gen. Laws 1097 .................................................................................9

George D. Braden, *The Constitution of the State of Texas: An Annotated
and Comparative Analysis* (1977) ...................................................................1

H.J. of Tex., 52d Leg., R.S. 2024 (1951) .................................................................9

**To the Honorable Court of Criminal Appeals:**

The Texas Attorney General has had the authority to prosecute certain election-law violations for 70 years. Indeed, both this Court and the Texas Supreme Court strongly suggested such prosecutorial authority was fully consistent with the Constitution. This Court abruptly reversed course in an opinion that casts aside the considered judgment of both the Texas Legislature and the Texas Supreme Court. Not only is the Court's decision wrong as a matter of textual analysis, Dissenting Op. 2-15, its incorrect interpretation of article IV, section 22's "other duties" clause has far-flung consequences for the State and its conception of separation-of-powers, let alone for election-law cases and other executive officers. The Court should reconsider its decision, vacate its judgment, and affirm the denial of Stephens' pretrial habeas petition.

## Argument

## I. The Court's Decision Wrongly Limits the Legislature's Power.

Perhaps understanding that they could not know all the duties the Attorney General might need to perform in the future, the framers of the 1876 Constitution gave him the authority to perform "such other duties as may be required by law." Tex. Const. art. IV, § 22. That open-ended grant of authority to the Attorney General to perform whatever duties the Legislature sees fit matches the Legislature's primacy in our system of government: because "the powers of the legislature are plenary, limited only by restrictions contained in or necessarily arising from the constitution," George D. Braden, *The Constitution of the State of Texas: An Annotated and*

*Comparative Analysis*, at 90 (1977), the Attorney General must be able to discharge the responsibilities that the Legislature assigns to him.

Here, consistent with over seven decades of past practice, the Texas Legislature determined that the Attorney General should be given the authority to prosecute election-law violations. Tex. Elec. Code § 273.021(a). This Court ordinarily presumes that a law is constitutional. *Ex parte Lo*, 424 S.W.3d 10, 14-15 (Tex. Crim. App. 2013). But here, this Court did the opposite: it narrowly construed the "other duties" that the Legislature may assign the Attorney General to include only executive-branch duties and not criminal prosecutions. That interpretation, at odds with not only article IV's text, but a host of other interpretive principles, significantly constrains the Legislature in its discretion on how to—and who may—enforce its laws. Because allowing the Attorney General to prosecute election-law violations does not unduly interfere with the judicial branch, there is no separation-of-powers violation, and Court should instead affirm the denial of Stephens' pretrial habeas petition.

## A. The Court misapplied interpretative tools to erroneously narrow the "other duties" clause.

1. The position of Attorney General is centuries old. *State of Florida ex rel. Shevin v. Exxon Corp.*, 526 F.2d 266, 268 & n.4 (5th Cir. 1976). In various places and times, Attorneys General have served different functions, including providing formal legal opinions, advising the executive branch, and representing the government in civil and criminal cases. Rather than rigidly define the Attorney General's powers, the framers of the Texas Constitution enumerated certain minimum obligations of

the office and then included the open-ended authority to "perform such other duties as may be required by law." Tex. Const. art. IV, § 22. There is no textual limitation on the "other duties" that the Attorney General may perform other than that they be "required by law"—that is, assigned by the Legislature. *Id.* This open-ended grant served two purposes: it first created some flexibility in the functions the Attorney General may perform, given that office's lengthy history, and then vested the decision whether to assign such duties with the legislative branch. *See Brady v. Brooks*, 89 S.W. 1052, 1056 (Tex. 1905) (concluding that the Legislature may authorize the Attorney General to "represent the state in any class of cases where his services should be deemed requisite").

Yet this Court interpreted this open-ended grant of authority as a *limitation* on both the Legislature and the Attorney General, holding that the open-ended "other duties" clause "must be interpreted to mean that the Attorney General's 'other duties' must be executive branch duties." Op. 13. This interpretation added an atextual limitation to the power granted to the Texas Legislature, reading the "other duties" clause to permit the Legislature to grant only "other [executive-branch] duties." Op. 9-16. That atextual addition contradicts this Court's ordinary presumption—namely that the framers chose their words deliberately. *Gallagher v. State*, 690 S.W.2d 587, 592 (Tex. Crim. App. 1985) ("The language used must be presumed to have been carefully selected . . . ."); *see also In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 466 (Tex. 2011) ("We presume the language of the Constitution was carefully selected."). And the framers did not restrict the duties that could be assigned to the Attorney General other than that the duties be required by the Legislature.

The Court's decision otherwise not only conflicts with the text of the Constitution, it also conflicts with previous decisions holding that, when it comes to representing the State, the judicial and executive branches overlap. *See infra* pp. 12-13. The Legislature determined that the Attorney General should have the authority to prosecute violations of election laws, Tex. Elec. Code § 273.021(a), and that is all the Constitution requires, befitting a system in which the Legislature is the first branch of government.

**2.** When locating its atextual executive-branch limitation in the "other duties" clause, the Court relied on the principle of *ejusdem generis*. But *ejusdem generis* does not support the Court's decision.

"*Ejusdem generis* holds that 'in interpreting general words which follow an enumeration of particular or specific things, the meaning of those general words should be confined to things of the same kind.'" *Lefevers v. State*, 20 S.W.3d 707, 711 (Tex. Crim. App. 2000) (quoting *Perez v. State*, 11 S.W.3d 218, 221 (Tex. Crim. App. 2000)). But the Court's holding omits this initial step: the Court did not identify in what way the duties in article IV, section 22 are similar. Only with that principle could the Court find a principled limitation for the "other duties" clause, if one exists—which its text does not reveal. By omitting this necessary first step, the Court obscured the difficult line-drawing involved in determining when representing the State is a judicial-branch or executive-branch function.

For example, the Attorney General's duties include representing the State in the Texas Supreme Court and in certain suits against corporations. *See* Tex. Const. art. IV, § 22. If these are judicial-branch functions that have been "expressly" given to

the Attorney General, *see id.* art. II, § 1, then *ejusdem generis* would suggest that the "other duties" clause can include judicial-branch duties (contrary to the Court's opinion), as such duties have already been given to the Attorney General. But if they are executive-branch functions that can be exercised only by the Attorney General, then the Court has created a system in which representing the State in court is sometimes judicial, sometimes executive, and sometimes assigned to no specific branch. *See id.* art. IV, § 22 & art. V, § 21 (discussing only the Texas Supreme Court and "District and inferior courts"). Without first determining what "same kind" of authority the Attorney General's enumerated powers include, the Court could not have made the subsequent determination that the limited prosecutorial authority in Texas Election Code section 273.021(a) fell outside of that scope.

That omission underscores the most textually faithful interpretation: that *ejusdem generis* has no work to do. That principle has no application where the "specific words" in a provision "signify subjects or things differing greatly one from another." *Hurt v. Oak Downs, Inc.*, 85 S.W.2d 294, 298 (Tex. App.—Dallas 1935, writ dism'd). The Attorney General's constitutionally assigned powers are several and vary significantly—from inquiring into corporate charters to representing the State in the Supreme Court to providing legal advice to the Governor. Tex. Const art. IV, § 22. These duties are highly dissimilar from one another, leaving *ejusdem generis* with no principled basis for limiting the "other duties" clause.

**3.** The Court also erred by treating prosecution as a core judicial power when the Constitution suggests otherwise. The Texas Constitution provides that "[t]he judicial power of this State shall be vested in one Supreme Court, in one Court of

Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law." Tex. Const. art. V, § 1. And as this Court has confirmed, "judicial power" as envisioned by the Constitution embraces "(1) [t]he power to hear facts, (2) the power to decide the issues of fact made by the pleadings, (3) the power to decide the questions of law involved, (4) the power to enter a judgment on the facts found in accordance with the law as determined by the court, (5) and the power to execute the judgment or sentence." *Staley v. State*, 420 S.W.3d 785, 796 (Tex. Crim. App. 2013); *Kelley v. State*, 676 S.W.2d 104, 107 (Tex. Crim. App. 1984). In other words, the Texas Constitution vests the judicial power in courts, not in attorneys.

The separation-of-powers provision in the Texas Constitution is similarly concerned with judicial "power," as it states that the "powers of the Government of the State of Texas shall be divided into three distinct departments," and that no person in one department "shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted." Tex. Const. art. II, § 1. Thus, while district and county attorneys are members of the judicial department, *Meshell v. State*, 739 S.W.2d 246, 253 (Tex. Crim. App. 1987), they do not exercise a core judicial power. Similarly, the Attorney General does not exercise a core judicial power by exercising prosecutorial authority delegated to him by the Legislature.

Because allowing the Attorney General concurrent authority to prosecute a limited class of criminal laws is not the reassignment of a core judicial power, the Court should not have held that it was necessarily a separation-of-powers violation. Op. 14-

15. Instead, the Court should have considered whether the possibility of prosecution by the Attorney General unduly interferes with the judicial branch to such a degree that it cannot effectively exercise its constitutionally assigned powers. *Jones v. State*, 803 S.W.2d 712, 715 (Tex. Crim. App. 1991). There is no evidence of undue interference in the judicial branch in the 70 years that the Attorney General has possessed some form of prosecutorial authority. Section 273.021(a) is therefore constitutional.

**4.** The Court's opinion also contains dicta that is contrary to principles of constitutional and statutory construction. The Court considered whether its constitutional interpretation would create a statutory conflict between the Election Code and the Penal Code. Op. 20-22. That flips the constitutional analysis on its head. The typical rule is to interpret a statute to avoid a constitutional problem, not the other way around. *Ex parte White*, 400 S.W.3d 92, 94 (Tex. Crim. App. 2013) ("[I]t is desirable to construe a statute to avoid a potential constitutional violation."); *City of Fort Worth v. Rylie*, 602 S.W.3d 459, 468 (Tex. 2020) ("Courts must construe statutes to avoid constitutional infirmities."). Yet the Court bolstered its constitutional ruling by explaining that it eliminates a statutory conflict—a conflict that did not exist in 1876 and could not have had any impact on the framers' decisions. When the Constitution and a statute conflict, it is the statute—not the Constitution—which must relent.

Properly interpreted, the Texas Constitution permits the Texas Legislature to assign "other duties" to the Attorney General, regardless of whether those duties are considered executive or judicial. The Court should reconsider its decision to limit

the Texas Legislature's authority to grant the Attorney General some prosecutorial power.

## B. The Legislature can be trusted to assign some prosecutorial functions to the Attorney General.

The only constitutional prerequisite to the Attorney General performing an unenumerated duty is that the duty be "required by law," Tex. Const. art. IV, § 22, leaving it to the Legislature to determine what other duties the Attorney General should perform. This is no modest limitation. It carries all of the constitutional procedural requirements for making a law in the first place, which are several. *See, e.g.*, *id.* art. III, §§ 12, 30, 32, 37 (requiring laws to be presented as bills, sent to committee, read three times, and voted on by the House and Senate); *id.* art. IV, § 14 (requiring approval of legislation by the Governor or sufficient votes to override a veto). The framers of the Texas Constitution trusted the Legislature to make those judgment calls with respect to all offices in which the Legislature may assign other "duties." *See, e.g.*, *id.* art. III, § 49-c; *id.* art. IV, § 26; *id.* art. V, § 20; *id.* art. VII, § 8. This Court should, too. *See Tex. Boll Weevil Eradication Found., Inc. v. Lewellen*, 952 S.W.2d 454, 475 (Tex. 1997) (recognizing that "the judicial branch should defer to the judgment of the people's elected representatives whenever possible").

**1.** As this Court has explained, the separation-of-powers provision "reflects a belief on the part of those who drafted and adopted our state constitution that one of the greatest threats to liberty is the accumulation of excessive power in a single branch of government." *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex. Crim. App. 1990). Yet, through this decision, the Court has reserved for the judicial

branch alone the entirety of criminal prosecution—from bringing charges to hearing cases to representing the State on appeal. It is unlikely the framers intended such power to remain unchecked in a single branch.

Section 273.021(a)'s grant of prosecutorial authority to the Attorney General is not an instance of the executive branch accumulating power for itself. Instead, the Texas Legislature looked at the legal landscape in 1951 and concluded that the Attorney General should be authorized to initiate prosecutions of certain election-law violations. Act of May 30, 1951, 52d Leg., R.S., ch. 492, § 130(2), 1951 Tex. Gen. Laws 1097, 1152 (authorizing the Attorney General to "appear before a grand jury and prosecute any violation of the election laws of this State by any candidate, election official, or any other person, in state-wide elections, or elections involving two (2) or more counties"). As the Governor implored the Legislature at the time, "[b]ecause of our present antiquated system, our local enforcement officials have been unable to cope with problems arising out of our elections. If nothing else is passed with reference to this subject, I would like to see this measure become law." H.J. of Tex., 52d Leg., R.S. 2024 (1951).

This case illustrates why. When the Texas Rangers presented the results of their investigation of Stephens and others to the District Attorney of Jefferson County, that office advised the Rangers to contact the Attorney General instead. 2.RR.75-77. Thus, absent prosecution by the Attorney General, Stephens' potentially illegal actions will likely remain unexamined by any official with prosecutorial authority. *See also Medrano v. State*, 421 S.W.3d 869, 873 (Tex. App.—Dallas 2014, pet. ref'd) (noting that the Dallas County Commissioners Court asked the Attorney General to

investigate potential election fraud). The United States Supreme Court has repeatedly noted that States have "a compelling interest in preserving the integrity of [their] election process[es]." *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006) (per curiam) (quoting *Eu v. San Francisco Cnty. Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989)). Allowing the Attorney General to prosecute when, for whatever reason the district or county attorney does not, further ensures the integrity of Texas's elections.

**2.**    The parade of horribles that Stephens imagines could occur if the "other duties" clause is not limited to the executive branch is, as this Court noted, "extreme." Op. 13; Stephens Br. 13-15 (fearing the Legislature might give the Water Development Board the authority to hear appeals of water issues from the courts of appeals, the Secretary of State the authority to pass election legislation, or the Attorney General the authority to adjudicate election-law violations). But the Court should not interpret the Constitution based on worst-case hypotheticals that will almost certainly never come to pass and that would have constitutional solutions if they did.

One significant limitation is that the separation-of-powers clause would prohibit the assignment of core legislative, executive, and judicial functions to entities in other branches. The "judicial power" to hear cases will always reside in the courts. Tex. Const. art. V, § 1. The nondelegation doctrine prohibits the Legislature from giving away its power to legislate. *See Tex. Boll Weevil Eradication Found.*, 952 S.W.2d at 475. And due process would bar the Attorney General from both prosecuting and adjudicating election-law violations. *See Ex parte Young*, No. WR-65,137-05, 2021

WL 4302528 (Tex. Crim. App. Sept. 22, 2021) (per curiam). In other words, solutions other than limiting the "other duties" language exist to prevent the unrealistic problems hypothesized by Stephens.[1] Thus, the Attorney General's interpretation of the "other duties" clause would not "exempt the attorney general from the explicit separation-of-powers limitation." Op. 16.

The office of the Attorney General predates even the 1876 Constitution. *Saldano v. State*, 70 S.W.3d 873, 878-79 (Tex. Crim. App. 2002). It is not a newly created board to whom the Legislature is attempting to grant an extraordinary amount of authority. Nor is it a branch attempting to aggrandize authority for itself. What authority the Legislature gives, it can take away, either by limiting appropriations or repealing the Attorney General's prosecutorial authority entirely. There is, therefore, no reason for the Court to have narrowly construed the "other duties" language to avoid potential overreach—the Texas Constitution provides ready solutions for any such problems.

## II. The Court's Decision Is Irreconcilable with Supreme Court Precedent and Creates Confusion.

In 1905, the Texas Supreme Court held that the separation-of-powers provision did not prohibit the Texas Legislature from granting the Attorney General the authority to represent the State in district court. *Brady*, 89 S.W. at 1055-56; *see also Meshell*, 739 S.W.2d at 254 (noting the "encroachment" on district and county

---

[1] Indeed, the requirement that such duties be imposed by the Legislature is a powerful check in itself: significant and unexpected reassignments of power would likely find significant opposition in the Legislature.

attorneys' authority in *Brady* was permissible because of the "express provision" of the "other duties" clause). This Court's conclusion that the "other duties" clause can only include what the Court deems are executive-branch duties is irreconcilable with that decision. As the Texas Supreme Court has recognized, representing the State is not a clear-cut judicial or executive function. This Court's attempt to draw a bright line contrary to the Supreme Court's holdings will only make matters more confusing.

## A. The Court's decision breaks with over a century of Texas Supreme Court precedent.

This Court previously held that "there is natural overlap in the duties proscribed to each branch" and that "[n]ot every instance of overlap . . . will amount to a violation of separation of powers." *Vandyke v. State*, 538 S.W.3d 561, 571 (Tex. Crim. App. 2017) (citing *Armadillo Bail Bonds*, 802 S.W.2d at 239-40). Yet here, the Court declared that "[a]ny attempt to overlap the Attorney General's constitutional duties with county and district attorneys' constitutional duties . . . is unconstitutional." Op. 19. This strict separation of duties breaks not only with this Court's past decisions but also with Texas Supreme Court precedent. And while the Court is not bound by the Texas Supreme Court, that Court's holdings are entitled to "careful consideration." *Ex parte Trafton*, 271 S.W.2d 814, 815 (Tex. Crim. App. 1953).

When presented with a similar separation-of-powers argument in *Brady*, the Texas Supreme Court rejected precisely the rigid line between executive and judicial duties that this Court embraced. Instead, it recognized that, when it comes to representing the State, there is no clear line:

> We attach no importance to the fact that the definition of the duties and powers of the Attorney General are placed in article 4, which is the article devoted to the executive department of the state government. The duties imposed upon him are both executive and judicial, that is, they are judicial in the sense, that he is to represent the state in some cases brought in the courts. . . . Section 22 of article 4 might appropriately have been placed in article 5, and we think it should be construed precisely as if it had been so placed.

*Brady*, 89 S.W. at 1056. And as the Supreme Court has since reiterated, article V, section 22 "does not preclude the Legislature, pursuant to the authority delegated to it under Article IV, Section 22, from empowering the Attorney General to likewise represent the State in district court." *El Paso Elec. Co. v. Tex. Dep't of Ins.*, 937 S.W.2d 432, 438 (Tex. 1996) (citing *Brady*, 89 S.W. at 1055).

These holdings are irreconcilable with the Court's determination here that no overlap of duties is permissible. Op. 19. Such a direct conflict should not be entered into lightly or without serious consideration of the problems that will arise as a result. As described below, the Court's opinion calls into question not only the Attorney General's duties, but those of the district and county attorneys, the State Prosecuting Attorney, and municipal prosecutors. The Texas Supreme Court's holding that representation of the State is not limited to district and county attorneys should not have been so quickly cast aside by this Court.

## B. The Court's interpretation of the "other duties" clause creates confusion.

This Court's decision to strictly separate which branch can represent the State and in what circumstances creates more problems than it solves. For example, the constitutional authority to represent the State in criminal appeals is now unclear.

From 1876 to 1923, the Attorney General represented the State in criminal appeals. *Saldano*, 70 S.W.3d at 880; *see also* 1879 Code of Crim. Proc., tit. I, ch. 2, art. 28, at 4 (State Printing Office, Austin 1887). But under this Court's holding, either criminal appeals are an executive-branch duty, or the founding generation itself misunderstood the scope of the Attorney General's permissible responsibilities. In 1923, the Legislature removed that responsibility from the Attorney General, reassigning it to an individual appointed by the Governor (another executive branch officer). *Saldano*, 70 S.W.3d at 880 (citing Act of March 23, 1923, 38th Leg., R.S., ch. 156, 1923 Tex. Gen. Laws 335). Subsequently, the Legislature created the office of the State Prosecuting Attorney to fulfill that role. Tex. Gov't Code § 42.001(a). This Court appoints the State Prosecuting Attorney, suggesting that criminal appeals are a judicial-branch duty. If this Court's holding here is correct, then it has discovered the true (judicial) nature of criminal appeals, despite a half-century's worth of practice that included the founders of the Texas Constitution.

Moreover, the Court's recognition that the Attorney General may represent the State in civil litigation, *Saldano*, 70 S.W.3d at 880, means that civil litigation is an executive-branch function. Otherwise, it could not be assigned to the Attorney General.[2] Thus, under the Court's opinion, representing the State in all phases of civil litigation (and possibly in criminal appeals) is an executive-branch function, while

---

[2] Indeed, holding otherwise would cast doubt on much of the Attorney General's work on civil matters in trial courts. *See, e.g.*, Tex. Civ. Prac. & Rem. Code § 101.103(a); *Morath v. Tex. Taxpayer & Student Fairness Coal.*, 490 S.W.3d 826 (Tex. 2016); *State v. Holland*, 221 S.W.3d 639 (Tex. 2007).

representing the State in criminal trials is a judicial-branch function. Further complicating matters, this Court indicated in *Aguirre v. State*, 22 S.W.3d 463, 468-69 (Tex. Crim. App. 1999), that municipal prosecutors (who are not mentioned in article V) may bring prosecutions on behalf of the State.

The Court's opinion does not impact only the Attorney General. The Court has previously recognized that "some duties of county and district attorneys might more accurately be characterized as executive in nature." *Meshell*, 739 S.W.2d at 253 n.9. While the Court in *Meshell* did not specify what executive duties the county and district attorneys perform, their ability to do so has now been called into question, as there is no constitutional language permitting them to perform executive-branch functions.

The Court also indicated in dicta that any duties given to the Attorney General under the "other duties" clause must be mandatory, noting that Texas Election Code section 273.021(a) does not create a duty "required by law" because it says the Attorney General "may" prosecute, rather than mandating that he "shall" prosecute. Op. 16-17. But the Texas Supreme Court has never interpreted the "other duties" clause to permit only laws that *require* the Attorney General to bring suit. Moreover, prosecutorial discretion is inherent in the authority to prosecute. The Legislature could not mandate that district and county attorneys prosecute every plausible violation of law. *Accord Meshell*, 739 S.W.2d at 257 (finding separation-of-powers violation when Legislature attempted to control timing of criminal trial). By suggesting that the "other duties" clause is limited to mandatory functions, the Court creates the potential for further separation-of-powers problems.

* * *

The Court's decision misinterprets constitutional text, breaks with Supreme Court precedent, is inconsistent with its own precedent, and creates a complicated structure in which the type of case and court determine whether representing the State is an executive- or judicial-branch duty. The Court should read the text as it is: the Attorney General may "perform such other duties as may be required by law." The only prerequisite is that the Texas Legislature, with either the approval of the Governor or an overridden veto, enact a law giving him those duties. The Texas Legislature has determined concurrent prosecution is appropriate in election-law cases. That determination should be respected and given effect.

## PRAYER

The Court should grant the petition for rehearing, vacate the judgment entered on December 15, 2021, and affirm the judgment of the court of appeals.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

/s/ Judd E. Stone II
JUDD E. STONE II
Solicitor General
State Bar No. 24076720
Judd.Stone@oag.texas.gov

BETH KLUSMANN
Assistant Solicitor General

Counsel for the State of Texas

## Certificate of Service

On December 30, 2021, this document was served electronically on Chad W. Dunn, via chad@brazilanddunn.com, and Russell Wilson II, via russell@russellwilsonlaw.com, counsel for Petitioner Zena Collins Stephens.

/s/ Judd E. Stone II
Judd E. Stone II

## Certificate of Compliance

Microsoft Word reports that this document contains 4315 words, excluding the portions of the document exempted by Rule 9.4(i)(1).

/s/ Judd E. Stone II
Judd E. Stone II

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Hollis Duncan on behalf of Judd Stone
Bar No. 24076720
hollis.duncan@oag.texas.gov
Envelope ID: 60409957
Status as of 1/3/2022 2:57 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Maria Williamson | | maria.williamson@oag.texas.gov | 12/30/2021 4:17:51 PM | SENT |
| Anne LSchievelbein | | anne.schievelbein@oag.texas.gov | 12/30/2021 4:17:51 PM | SENT |
| Judd E.Stone | | judd.stone@oag.texas.gov | 12/30/2021 4:17:51 PM | SENT |
| Brent EdwardWebster | | brent.webster@oag.texas.gov | 12/30/2021 4:17:51 PM | SENT |
| Beth EllenKlusmann | | beth.klusmann@oag.texas.gov | 12/30/2021 4:17:51 PM | SENT |
| Stacey M.Soule | | stacey.soule@spa.texas.gov | 12/30/2021 4:17:51 PM | SENT |

Associated Case Party: ZenaCollinsStephens

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad Dunn | | chad@brazilanddunn.com | 12/30/2021 4:17:51 PM | SENT |
| Russell Wilson | | russell@russellwilsonlaw.com | 12/30/2021 4:17:51 PM | SENT |

Associated Case Party: MargaretM.Moore

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jose PompaGarza | | jose.garza@traviscountytx.gov | 12/30/2021 4:17:51 PM | SENT |

Associated Case Party: DavidA.Escamilla

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Delia AileenGarza | | delia.garza@traviscountytx.gov | 12/30/2021 4:17:51 PM | SENT |