# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No. 5:21-cv-00848-XR, |
| | ) | Consolidated with 5:21-cv-00844-XR |
| GREGORY W. ABBOTT et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## DEFENDANT BEXAR COUNTY CRIMINAL DISTRICT ATTORNEY JOE GONZALES'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT (DOCKET NO. 199)

Now comes Defendant Bexar County Criminal District Attorney Joe Gonzales, and files this Answer to Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant Gonzales denies each and every allegation contained in Plaintiffs' Complaint except those expressly admitted herein. The following specific admissions and denials are made to the corresponding paragraphs of Plaintiffs' Second Amended Complaint (docket no. 199 in Consolidated Case No. 5:21-cv-00844-XR).

## RESPONSES TO ALLEGATIONS IN PLAINTIFFS' COMPLAINT

## INTRODUCTION

1. Plaintiffs' allegations in Paragraph 1 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

2. Plaintiffs' allegations in Paragraph 2 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                    1 of 30

3.      Plaintiffs' allegations in Paragraph 3 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

4.      Plaintiffs' allegations in Paragraph 4 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

5.      Plaintiffs' allegations in Paragraph 5 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

6.      Plaintiffs' allegations in Paragraph 6 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

7.      Plaintiffs' allegations in Paragraph 7 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

8.      Plaintiffs' allegations in Paragraph 8 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

9.      Defendant admits that Bexar County made voting mega-centers available during the 2020 general election, and is without knowledge or information to admit or deny the remaining allegations in paragraph 9.

10.     Plaintiffs' allegations in Paragraph 10 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

11.     Plaintiffs' allegations in Paragraph 11 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

12.     Plaintiffs' allegations in Paragraph 12 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

13.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                          2 of 30

14.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 14.

15.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 15.

16.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 16.

17.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 17.

18.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 18.

19.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19.

20.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 20.

21.     The allegations in Paragraph 21 state legal conclusions to which no response is required.

22.     The allegations in Paragraph 22 state legal conclusions to which no response is required.

23.     The allegations in Paragraph 23 state legal conclusions to which no response is required.

24.     The allegations in Paragraph 24 state legal conclusions to which no response is required.

25.     The allegations in Paragraph 25 state legal conclusions to which no response is required.

26.     The allegations in Paragraph 26 state legal conclusions to which no response is required.

27.     The allegations in Paragraph 27 state legal conclusions to which no response is required.

28.     The allegations in Paragraph 28 state legal conclusions to which no response is required.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                    3 of 30

**JURISDICTION AND VENUE**

29.     Defendant Gonzales admits that Plaintiff brings this action under the First, Fourteenth, and Fifteenth Amendments to the U.S. Constitution, the Voting Rights Act of 1965, the Americans with Disabilities Act of 1990, and Section 504 of the Rehabilitation Act of 1973.

30.     The allegations in Paragraph 30 state legal conclusions to which no response is required.

31.     The allegations in Paragraph 31 state legal conclusions to which no response is required.

32.     The allegations in Paragraph 32 state legal conclusions to which no response is required.

33.     The allegations in Paragraph 33 state legal conclusions to which no response is required.

**PARTIES**

34.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 34.

35.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 35.

36.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 36.

37.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 37.

38.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 38.

39.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 39.

40.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 40.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                                    4 of 30

41.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 41.

42.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 42.

43.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 43.

44.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 44.

45.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 45.

46.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 46.

47.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 47.

48.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 48.

49.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 49.

50.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 50.

51.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 51.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                          5 of 30

52.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 52.

53.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 53.

54.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 54.

55.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 state legal conclusions to which no response is required.

57.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 57.

58.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 58.

59.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 59.

60.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 60.

61.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 61.

62.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 62.

63.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 63.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                 6 of 30

64.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 64.

65.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 65.

66.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 66.

67.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 67.

68.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 68.

69.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 69.

70.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 70.

## II.     **DEFENDANTS**

71.     Defendant Gonzales admits the allegations in Paragraph 71.

72.     Defendant Gonzales admits that John B. Scott is the Texas Secretary of State and that the Secretary of State's Office is charged with enforcing certain provisions of SB1. The remaining allegations in paragraph 72 state legal conclusions to which no response is required.

73.     Defendant Gonzales admits the allegations in Paragraph 73.

74.     Defendant Gonzales admits the allegations in Paragraph 74.

75.     Defendant Gonzales admits the allegations in Paragraph 75.

76.     Defendant Gonzales admits the allegations in Paragraph 76.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                          7 of 30

77.     Defendant Gonzales admits that Kim Ogg is the District Attorney of Harris County. The remaining allegations in Paragraph 77 state legal conclusions to which no response is required.

78.     Defendant Gonzales admits that Joe Gonzales is the Criminal District Attorney of Bexar County. The remaining allegations in Paragraph 78 state legal conclusions to which no response is required.

79.     Defendant Gonzales admits that Jose Garza is the District Attorney of Travis County. The remaining allegations in Paragraph 79 state legal conclusions to which no response is required.

80.     Defendant Gonzales admits that Ken Paxton is the Attorney General of Texas. The remaining allegations in Paragraph 80 state legal conclusions to which no response is required.

81.     The allegations in Paragraph 81 state legal conclusions to which no response is required.

82.     The allegations in Paragraph 82 state legal conclusions to which no response is required.

83.     Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 83.

84.     Defendant Gonzales admits the allegations in Paragraph 84.

85.     Defendant Gonzales admits the allegations in Paragraph 85.

## **GENERAL ALLEGATIONS**

86.     Plaintiffs' allegations in Paragraph 86 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

87.     Plaintiffs' allegations in Paragraph 87 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

88.     Plaintiffs' allegations in Paragraph 88 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                    8 of 30

89.     Plaintiffs' allegations in Paragraph 89 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

90.     Plaintiffs' allegations in Paragraph 90 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

91.     Plaintiffs' allegations in Paragraph 91 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

92.     Plaintiffs' allegations in Paragraph 92 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

93.     Plaintiffs' allegations in Paragraph 93 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

94.     Plaintiffs' allegations in Paragraph 94 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

95.     Plaintiffs' allegations in Paragraph 95 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

96.     Plaintiffs' allegations in Paragraph 96 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

97.     Plaintiffs' allegations in Paragraph 97 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

98.     Plaintiffs' allegations in Paragraph 98 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

99.     Plaintiffs' allegations in Paragraph 99 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                                          9 of 30

100.     Plaintiffs' allegations in Paragraph 100 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

101.     Plaintiffs' allegations in Paragraph 101 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

102.     Plaintiffs' allegations in Paragraph 102 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

103.     Plaintiffs' allegations in Paragraph 103 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

104.     Plaintiffs' allegations in Paragraph 104 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

105.     Plaintiffs' allegations in Paragraph 105 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

106.     Plaintiffs' allegations in Paragraph 106 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

107.     Plaintiffs' allegations in Paragraph 107 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

108.     Plaintiffs' allegations in Paragraph 108 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

109.     Plaintiffs' allegations in Paragraph 109 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

110.     Plaintiffs' allegations in Paragraph 110 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                           10 of 30

111. Plaintiffs' allegations in Paragraph 111 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

112. Plaintiffs' allegations in Paragraph 112 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

113. Plaintiffs' allegations in Paragraph 113 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

114. Plaintiffs' allegations in Paragraph 114 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

115. Plaintiffs' allegations in Paragraph 115 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

116. Plaintiffs' allegations in Paragraph 116 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

117. Plaintiffs' allegations in Paragraph 117 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

118. Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 118.

119. Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 119.

120. Plaintiffs' allegations in Paragraph 120 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

121. Plaintiffs' allegations in Paragraph 121 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                              11 of 30

122.     Plaintiffs' allegations in Paragraph 122 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

123.     Plaintiffs' allegations in Paragraph 123 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

124.     Plaintiffs' allegations in Paragraph 124 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

125.     Plaintiffs' allegations in Paragraph 125 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

126.     Plaintiffs' allegations in Paragraph 126 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

127.     Plaintiffs' allegations in Paragraph 127 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

128.     Plaintiffs' allegations in Paragraph 128 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

129.     Plaintiffs' allegations in Paragraph 129 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

130.     The allegations in Paragraph 130 state legal conclusions to which no response is required.

131.     The allegations in Paragraph 131 state legal conclusions to which no response is required.

132.     Plaintiffs' allegations in Paragraph 132 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

133.     Plaintiffs' allegations in Paragraph 133 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                                     12 of 30

134. Plaintiffs' allegations in Paragraph 134 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

135. Plaintiffs' allegations in Paragraph 135 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

136. Plaintiffs' allegations in Paragraph 136 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

137. Plaintiffs' allegations in Paragraph 137 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

138. Plaintiffs' allegations in Paragraph 138 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

139. Plaintiffs' allegations in Paragraph 139 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

140. Plaintiffs' allegations in Paragraph 140 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

141. Plaintiffs' allegations in Paragraph 141 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

142. Plaintiffs' allegations in Paragraph 142 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

143. Plaintiffs' allegations in Paragraph 143 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

144. Plaintiffs' allegations in Paragraph 144 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                    13 of 30

145.     Plaintiffs' allegations in Paragraph 145 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

146.     Plaintiffs' allegations in Paragraph 146 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

147.     Plaintiffs' allegations in Paragraph 147 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

148.     Plaintiffs' allegations in Paragraph 148 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

149.     Plaintiffs' allegations in Paragraph 149 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

150.     Plaintiffs' allegations in Paragraph 150 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

151.     Plaintiffs' allegations in Paragraph 151 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

152.     Plaintiffs' allegations in Paragraph 152 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

153.     Plaintiffs' allegations in Paragraph 153 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

154.     Plaintiffs' allegations in Paragraph 154 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

155.     Plaintiffs' allegations in Paragraph 155 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                14 of 30

156. Plaintiffs' allegations in Paragraph 156 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

157. Plaintiffs' allegations in Paragraph 157 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

158. Plaintiffs' allegations in Paragraph 158 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

159. Plaintiffs' allegations in Paragraph 159 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

160. Plaintiffs' allegations in Paragraph 160 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

161. Plaintiffs' allegations in Paragraph 161 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

162. Plaintiffs' allegations in Paragraph 162 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

163. Plaintiffs' allegations in Paragraph 163 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

164. Plaintiffs' allegations in Paragraph 164 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

165. Plaintiffs' allegations in Paragraph 165 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

166. Plaintiffs' allegations in Paragraph 166 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                 15 of 30

167.     Plaintiffs' allegations in Paragraph 167 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

168.     Plaintiffs' allegations in Paragraph 168 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

169.     Plaintiffs' allegations in Paragraph 169 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

170.     Plaintiffs' allegations in Paragraph 170 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

171.     Plaintiffs' allegations in Paragraph 171 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

172.     Plaintiffs' allegations in Paragraph 172 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

173.     Plaintiffs' allegations in Paragraph 173 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

174.     Plaintiffs' allegations in Paragraph 174 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

175.     Plaintiffs' allegations in Paragraph 175 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

176.     Plaintiffs' allegations in Paragraph 176 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

177.     Plaintiffs' allegations in Paragraph 177 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                          16 of 30

178.    Plaintiffs' allegations in Paragraph 178 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

179.    Plaintiffs' allegations in Paragraph 179 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

180.    Plaintiffs' allegations in Paragraph 180 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

181.    Plaintiffs' allegations in Paragraph 181 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

182.    Plaintiffs' allegations in Paragraph 182 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

183.    Plaintiffs' allegations in Paragraph 183 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

184.    Plaintiffs' allegations in Paragraph 184 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

185.    Plaintiffs' allegations in Paragraph 185 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

186.    Plaintiffs' allegations in Paragraph 186 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

187.    Plaintiffs' allegations in Paragraph 187 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

188.    Plaintiffs' allegations in Paragraph 188 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                17 of 30

189.     Plaintiffs' allegations in Paragraph 189 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

190.     Plaintiffs' allegations in Paragraph 190 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

191.     Plaintiffs' allegations in Paragraph 191 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

192.     Plaintiffs' allegations in Paragraph 192 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

193.     Plaintiffs' allegations in Paragraph 193 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

194.     Plaintiffs' allegations in Paragraph 194 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

195.     The allegations in Paragraph 195 state legal conclusions to which no response is required.

196.     The allegations in Paragraph 196 state legal conclusions to which no response is required.

197.     The allegations in Paragraph 197 state legal conclusions to which no response is required.

198.     Plaintiffs' allegations in Paragraph 198 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

199.     The allegations in Paragraph 199 state legal conclusions to which no response is required.

200.     The allegations in Paragraph 200 state legal conclusions to which no response is required.

201.     The allegations in Paragraph 201 state legal conclusions to which no response is required.

202.     Plaintiffs' allegations in Paragraph 202 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                 18 of 30

203.   Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 203.

204.   Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 204.

205.   Plaintiffs' allegations in Paragraph 205 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

206.   Plaintiffs' allegations in Paragraph 206 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

207.   Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 207.

208.   Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 208.

209.   The allegations in Paragraph 209 state legal conclusions to which no response is required.

210.   The allegations in Paragraph 210 state legal conclusions to which no response is required.

211.   Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 211.

212.   The allegations in Paragraph 212 state legal conclusions to which no response is required.

213.   The allegations in Paragraph 213 state legal conclusions to which no response is required.

214.   The allegations in Paragraph 214 state legal conclusions to which no response is required.

215.   Plaintiffs' allegations in Paragraph 215 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

216.   The allegations in Paragraph 216 state legal conclusions to which no response is required.

217.   The allegations in Paragraph 217 state legal conclusions to which no response is required.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                              19 of 30

218. The allegations in Paragraph 218 state legal conclusions to which no response is required.

219. The allegations in Paragraph 219 state legal conclusions to which no response is required.

220. The allegations in Paragraph 220 state legal conclusions to which no response is required.

221. The allegations in Paragraph 221 state legal conclusions to which no response is required.

222. The allegations in Paragraph 222 state legal conclusions to which no response is required.

223. The allegations in Paragraph 223 state legal conclusions to which no response is required.

224. The allegations in Paragraph 224 state legal conclusions to which no response is required.

225. The allegations in Paragraph 225 state legal conclusions to which no response is required.

226. Plaintiffs' allegations in Paragraph 226 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

227. The allegations in Paragraph 227 state legal conclusions to which no response is required.

228. The allegations in Paragraph 228 state legal conclusions to which no response is required.

229. The allegations in Paragraph 229 state legal conclusions to which no response is required.

230. The allegations in Paragraph 230 state legal conclusions to which no response is required.

231. The allegations in Paragraph 231 state legal conclusions to which no response is required.

232. The allegations in Paragraph 232 state legal conclusions to which no response is required.

233. The allegations in Paragraph 233 state legal conclusions to which no response is required.

234. The allegations in Paragraph 234 state legal conclusions to which no response is required.

235. The allegations in Paragraph 235 state legal conclusions to which no response is required.

236. The allegations in Paragraph 236 state legal conclusions to which no response is required.

237. The allegations in Paragraph 237 state legal conclusions to which no response is required.

238. The allegations in Paragraph 238 state legal conclusions to which no response is required.

239. The allegations in Paragraph 239 state legal conclusions to which no response is required.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                 20 of 30

240.    The allegations in Paragraph 240 state legal conclusions to which no response is required.

241.    The allegations in Paragraph 241 state legal conclusions to which no response is required.

242.    The allegations in Paragraph 242 state legal conclusions to which no response is required.

243.    Defendant Gonzales admits that, during the COVID-19 pandemic, Counties created safe, effective methods of voting while protecting communities from the spread of COVID-19. The remainder of the allegations in Paragraphs 243 state legal conclusions to which no response is required.

244.    The allegations in Paragraph 244 state legal conclusions to which no response is required.

245.    Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 245.

246.    Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 246.

247.    Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 247.

248.    Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 248.

249.    Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 249.

250.    Plaintiffs' allegations in Paragraph 250 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

251.    Plaintiffs' allegations in Paragraph 251 are not directed toward Defendant Gonzales, but in an abundance of caution, Defendant Gonzales denies any allegations that could pertain to him.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                    21 of 30

# CLAIMS FOR RELIEF

## Count 1

Violation of the First and Fourteenth Amendment
U.S. Const. amend. I and XIV; 42 U.S.C. § 1983
(Undue Burden on the Right to Vote)

250.    In response to Paragraph 250, Defendant Gonzales incorporates by reference all of his former responses.

251.    The allegations in Paragraph 251 state legal conclusions to which no response is required.

252.    The allegations in Paragraph 252 state legal conclusions to which no response is required.

253.    The allegations in Paragraph 253 state legal conclusions to which no response is required.

254.    The allegations in Paragraph 254 state legal conclusions to which no response is required.

255.    The allegations in Paragraph 255 state legal conclusions to which no response is required.

256.    The allegations in Paragraph 256 state legal conclusions to which no response is required.

257.    The allegations in Paragraph 257 state legal conclusions to which no response is required.

258.    The allegations in Paragraph 258 state legal conclusions to which no response is required.

259.    The allegations in Paragraph 259 state legal conclusions to which no response is required.

260.    The allegations in Paragraph 260 state legal conclusions to which no response is required.

261.    The allegations in Paragraph 261 state legal conclusions to which no response is required.

262.    The allegations in Paragraph 262 state legal conclusions to which no response is required.

263.    The allegations in Paragraph 263 state legal conclusions to which no response is required.

264.    The allegations in Paragraph 264 state legal conclusions to which no response is required.

265.    The allegations in Paragraph 265 state legal conclusions to which no response is required.

266.    The allegations in Paragraph 266 state legal conclusions to which no response is required.

267.    The allegations in Paragraph 267 state legal conclusions to which no response is required.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR        22 of 30

268. The allegations in Paragraph 268 state legal conclusions to which no response is required.

269. The allegations in Paragraph 269 state legal conclusions to which no response is required.

## COUNT TWO

Violation of the Fourteenth Amendment
U.S. Const. amend. XIV; 42 U.S.C. § 1983
(Intentional Race Discrimination in Voting)

270. In response to Paragraph 270, Defendant Gonzales incorporates by reference all of his former responses.

271. The allegations in Paragraph 271 state legal conclusions to which no response is required.

272. The allegations in Paragraph 272 state legal conclusions to which no response is required.

273. The allegations in Paragraph 273 state legal conclusions to which no response is required.

274. The allegations in Paragraph 274 state legal conclusions to which no response is required.

275. The allegations in Paragraph 275 state legal conclusions to which no response is required.

276. The allegations in Paragraph 276 state legal conclusions to which no response is required.

277. The allegations in Paragraph 277 state legal conclusions to which no response is required.

278. The allegations in Paragraph 278 state legal conclusions to which no response is required.

279. The allegations in Paragraph 279 state legal conclusions to which no response is required.

280. The allegations in Paragraph 280 state legal conclusions to which no response is required.

281. The allegations in Paragraph 281 state legal conclusions to which no response is required.

282. The allegations in Paragraph 282 state legal conclusions to which no response is required.

283. The allegations in Paragraph 283 state legal conclusions to which no response is required.

284. The allegations in Paragraph 284 state legal conclusions to which no response is required.

285. The allegations in Paragraph 285 state legal conclusions to which no response is required.

286. The allegations in Paragraph 286 state legal conclusions to which no response is required.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                          23 of 30

287.   The allegations in Paragraph 287 state legal conclusions to which no response is required.

288.   The allegations in Paragraph 288 state legal conclusions to which no response is required.

289.   The allegations in Paragraph 289 state legal conclusions to which no response is required.

## COUNT THREE

Violation of the Fifteenth Amendment
U.S. Const. amend. XV; 42 U.S.C. § 1983
(Intentional Race Discrimination in Voting)

290.   In response to Paragraph 290, Defendant Gonzales incorporates by reference all of his former responses.

291.   The allegations in Paragraph 291 state legal conclusions to which no response is required.

292.   The allegations in Paragraph 292 state legal conclusions to which no response is required.

293.   The allegations in Paragraph 293 state legal conclusions to which no response is required.

294.   The allegations in Paragraph 294 state legal conclusions to which no response is required.

295.   The allegations in Paragraph 295 state legal conclusions to which no response is required.

296.   The allegations in Paragraph 296 state legal conclusions to which no response is required.

297.   The allegations in Paragraph 297 state legal conclusions to which no response is required.

298.   The allegations in Paragraph 298 state legal conclusions to which no response is required.

299.   The allegations in Paragraph 299 state legal conclusions to which no response is required.

300.   The allegations in Paragraph 300 state legal conclusions to which no response is required.

## COUNT FOUR

Violation of Section 2 of the Voting Rights Act
52 U.S.C. § 10301, et seq.
(Intentional Racial Discrimination and Vote Denial)

301.   In response to Paragraph 301, Defendant Gonzales incorporates by reference all of his former responses.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                          24 of 30

302.	The allegations in Paragraph 302 state legal conclusions to which no response is required.

303.	The allegations in Paragraph 303 state legal conclusions to which no response is required.

304.	The allegations in Paragraph 304 state legal conclusions to which no response is required.

305.	The allegations in Paragraph 305 state legal conclusions to which no response is required.

306.	The allegations in Paragraph 306 state legal conclusions to which no response is required.

307.	The allegations in Paragraph 307 state legal conclusions to which no response is required.

308.	The allegations in Paragraph 308 state legal conclusions to which no response is required.

309.	The allegations in Paragraph 309 state legal conclusions to which no response is required.

310.	The allegations in Paragraph 310 state legal conclusions to which no response is required.

311.	The allegations in Paragraph 311 state legal conclusions to which no response is required.

312.	The allegations in Paragraph 312 state legal conclusions to which no response is required.

313.	The allegations in Paragraph 313 state legal conclusions to which no response is required.

314.	The allegations in Paragraph 314 state legal conclusions to which no response is required.

315.	The allegations in Paragraph 315 state legal conclusions to which no response is required.

316.	The allegations in Paragraph 316 state legal conclusions to which no response is required.

317.	The allegations in Paragraph 317 state legal conclusions to which no response is required.

## COUNT FIVE

Violation of Section 208 of the Voting Rights Act
52 U.S.C. § 10508
(Right to Assistor of Choice)

318.	In response to Paragraph 318, Defendant Gonzales incorporates by reference all of his former responses.

319.	The allegations in Paragraph 319 state legal conclusions to which no response is required.

320.	The allegations in Paragraph 320 state legal conclusions to which no response is required.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR	25 of 30

321.    The allegations in Paragraph 321 state legal conclusions to which no response is required.

322.    The allegations in Paragraph 322 state legal conclusions to which no response is required.

323.    The allegations in Paragraph 323 state legal conclusions to which no response is required.

324.    The allegations in Paragraph 324 state legal conclusions to which no response is required.

325.    The allegations in Paragraph 325 state legal conclusions to which no response is required.

326.    The allegations in Paragraph 326 state legal conclusions to which no response is required.

## COUNT SIX

Violation of Fourteenth Amendment
U.S. Const. amend. XIV, 42 U.S.C. §1983
(Void for Vagueness, Denial of Due Process)

327.    In response to Paragraph 327, Defendant Gonzales incorporates by reference all of his former responses.

328.    The allegations in Paragraph 328 state legal conclusions to which no response is required.

329.    The allegations in Paragraph 329 state legal conclusions to which no response is required.

330.    The allegations in Paragraph 330 state legal conclusions to which no response is required.

331.    The allegations in Paragraph 331 state legal conclusions to which no response is required.

332.    The allegations in Paragraph 332 state legal conclusions to which no response is required.

333.    The allegations in Paragraph 333 state legal conclusions to which no response is required.

334.    Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 334.

335.    Defendant Gonzales is without sufficient knowledge or information to admit or deny the allegations in Paragraph 335.

336.     The allegations in Paragraph 336 state legal conclusions to which no response is required.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                 26 of 30

## <u>COUNT SEVEN</u>

Title II of the Americans with Disabilities Act
(42 U.S.C. § 12131, et seq.)
(Discrimination on the basis of disability; Failure to Provide Reasonable Accommodations)

337.    In response to Paragraph 337, Defendant Gonzales incorporates by reference all of his former responses.

338.    The allegations in Paragraph 338 state legal conclusions to which no response is required.

339.    The allegations in Paragraph 339 state legal conclusions to which no response is required.

340.    The allegations in Paragraph 340 state legal conclusions to which no response is required.

341.    The allegations in Paragraph 341 state legal conclusions to which no response is required.

342.    The allegations in Paragraph 342 state legal conclusions to which no response is required.

343.    The allegations in Paragraph 343 state legal conclusions to which no response is required.

344.    The allegations in Paragraph 344 state legal conclusions to which no response is required.

345.    The allegations in Paragraph 345 state legal conclusions to which no response is required.

346.    The allegations in Paragraph 346 state legal conclusions to which no response is required.

347.    The allegations in Paragraph 347 state legal conclusions to which no response is required.

348.    The allegations in Paragraph 348 state legal conclusions to which no response is required.

349.    The allegations in Paragraph 349 state legal conclusions to which no response is required.

350.    The allegations in Paragraph 350 state legal conclusions to which no response is required.

351.    The allegations in Paragraph 351 state legal conclusions to which no response is required.

352.    The allegations in Paragraph 352 state legal conclusions to which no response is required.

353.    The allegations in Paragraph 353 state legal conclusions to which no response is required.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                27 of 30

## COUNT EIGHT

Section 504 of the Rehabilitation Act of 1973
29 U.S.C. § 794
(Discrimination on the Basis of Disability by Recipients of Federal Financial Assistance)

354.     In response to Paragraph 354, Defendant Gonzales incorporates by reference all of his former responses.

355.     The allegations in Paragraph 355 state legal conclusions to which no response is required.

356.     The allegations in Paragraph 356 state legal conclusions to which no response is required.

357.     The allegations in Paragraph 357 state legal conclusions to which no response is required.

358.     The allegations in Paragraph 358 state legal conclusions to which no response is required.

359.     The allegations in Paragraph 259 state legal conclusions to which no response is required.

360.     The allegations in Paragraph 260 state legal conclusions to which no response is required.

361.     The allegations in Paragraph 261 state legal conclusions to which no response is required.

362.     The allegations in Paragraph 262 state legal conclusions to which no response is required.

363.     The allegations in Paragraph 263 state legal conclusions to which no response is required.

364.     The allegations in Paragraph 264 state legal conclusions to which no response is required.

365.     The allegations in Paragraph 365 state legal conclusions to which no response is required.

## PRAYER FOR RELIEF

Defendant Gonzales denies that he has taken any action that violated Plaintiffs' rights or that Plaintiffs are entitled to relief against him.

## RIGHT TO RAISE ADDITIONAL DEFENSES

Defendant Gonzales reserves the right to raise affirmative and other defenses that may become apparent throughout the factual development of this case.

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                          28 of 30

## JURY DEMAND

Defendant Gonzales demands a trial by jury as to all issues so triable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Gonzales prays that Plaintiffs take nothing from Defendant Gonzales or Bexar County by way of their suit.

Dated: February 22, 2022.

Respectfully Submitted,
JOE GONZALES
Bexar County Criminal District Attorney

By: _/s/ Robert Green_____
**ROBERT GREEN**
Bar No. 24087626
Assistant District Attorney, Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Telephone: (210) 335-2146
robert.green@bexar.org
*Attorney for Defendant Bexar County*
*Criminal District Attorney Joe Gonzales*

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                              29 of 30

## CERTIFICATE OF SERVICE

I do hereby certify that, on the 22nd day of February, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which provided electronic service upon all parties.

/s/ *Robert Green*
**ROBERT GREEN**

Defendant Gonzales's Answer to Plaintiffs' Second Amended Complaint
*La Union Del Pueblo Entero et al. v. Abbott et al.* (consolidated case)
5:21-cv-00844-XR                                                                    30 of 30