# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Consolidated Case |
| | § | No: 5:21-cv-00844-XR |
| GREGORY W. ABBOTT, in his official | § | |
| capacity as Governor of Texas, et al., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

## DEFENDANT LISA WISE'S RESPONSE IN OPPOSITION TO STATE DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT OF LUPE, ET AL.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ............................................................................................... 2

    A. The Secretary of State has Express Authority to Enforce the Election Code, alongside Elections Administrators. ........................................... 2

    B. SB1 Enhanced the Secretary's Enforcement Role in Particular Ways. ................. 4

III. ARGUMENT .................................................................................................... 5

    A. The Court Should Reject State Defendants' Effort to Impose a Heightened *Ex parte Young* Pleading Burden. ........................................... 5

    B. The Secretary of State Is A Proper Defendant Under *Ex parte Young*. ................. 5

        1. The Secretary Has Designed and Prescribed the Forms for Mail-in Ballot Applications. ................................................................. 6

        2. The Secretary Has Designed and Prescribed the Ballot Carrier Envelopes Required to Accompany Mail-in Ballots. ............................... 8

        3. The Secretary Has Prescribed Voter Ballot Assistance and Transportation Assistance Forms. ................................................. 10

        4. The Secretary Maintains and Applies New Voter Registration List Requirements. .......................................................................... 11

        5. The Secretary Has Promulgated Materials and Trainings in Enforcing SB1's Reduced Early Voting Hours. ..................................... 12

IV. CONCLUSION ................................................................................................ 13

**Page(s)**

**Cases**

*California v. Texas*,
    141 S. Ct. 2104 (2021) ...............................................................................8

*State v. Stephens*,
    No. PD-1032-20, 2021 WL 5917198 (Tex. Crim. App. Dec. 15, 2021) ...................................1

*Tex. Democratic Party v. Abbott*,
    961 F.3d 389 (5th Cir. 2020) ...................................................5, 8, 9, 11

*Tex. Democratic Party v. Abbott*,
    978 F.3d 168 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1124 (2021) ...........................5, 8, 9, 11

*Texas Democratic Party v. Hughs*,
    860 F. App'x 874 (5th Cir. 2021) ................................................................5

*Ex parte Young*,
    209 U.S. 123 (1908)...........................................................................*passim*

**Statutes**

Election Integrity Protection Act of 2021, 87th Leg., 2d C.S. (2021) ("SB1").....................*passim*

Tex. Elec. Code
    § 13.007...............................................................................................4
    § 15.028.............................................................................................11
    § 18.065..........................................................................................4, 11
    § 18.068.............................................................................................11
    § 31.001...............................................................................................2
    § 31.002............................................................................................2, 7
    § 31.003...............................................................................................2
    § 31.004............................................................................................2, 3
    § 31.005...............................................................................................3
    § 31.006...............................................................................................4
    § 31.043...............................................................................................3
    § 33.051...............................................................................................4
    § 33.061...............................................................................................4
    § 64.009.............................................................................................11
    § 64.0322...........................................................................................10
    § 81.001...............................................................................................3
    § 82.003...............................................................................................8
    § 83.002...............................................................................................3
    § 84.002............................................................................................6, 7

# TABLE OF CONTENTS
(continued)

§ 84.007 .................................................................................................................. 7

§ 84.011 .................................................................................................................. 6

§ 84.013 .................................................................................................................. 7

§ 84.041 .................................................................................................................. 7

§ 85.005 .................................................................................................................. 12

§ 86.001 .................................................................................................................. 6

§ 86.002 .................................................................................................................. 9

§ 86.012 .................................................................................................................. 9

§ 86.013 .................................................................................................................. 9

§ 86.0105 ................................................................................................................ 4

§ 87.041 .................................................................................................................. 9

§ 276.015 ................................................................................................................ 4

## I.    INTRODUCTION

Defendant El Paso Elections Administrator Lisa Wise ("Defendant Wise") respectfully submits this response in opposition to the Motion to Dismiss the Second Amended Complaint of La Unión Del Pueblo Entero ("LUPE"), *et al.* ("Motion to Dismiss") filed by the Secretary of State and the Attorney General ("the State Defendants").  *See* ECF No. 255.

This Response addresses the Secretary of State's arguments for dismissal with respect to certain exemplary provisions[1] of the Election Integrity Protection Act of 2021, 87th Leg., 2d C.S. (2021) (hereinafter "SB1") facially challenged by Plaintiffs.  These provisions particularly relate to Defendant Wise, both through duties prescribed by the Election Code's statutory language and through her official experience with the Secretary of State's enforcement of SB1.[2]  The State Defendants seek to remove themselves from this suit by arguing for a heightened *Ex parte Young* pleading standard beyond that required by Fifth Circuit precedent.  ECF No. 243 at 2–9.  However, as elaborated herein, the plain text of the Texas Election Code makes clear the Secretary of State's "connection to enforcement" of the challenged provisions of SB1.  Additionally, the Secretary of State is presently exercising his statutory authority in multiple ways.

---

[1] By pointing to numerous examples where the Texas Election Code expressly authorizes the Secretary's involvement in enforcement, and/or where the Secretary has prescribed the forms, ballot carrier envelopes, and/or accompanying instructions, Defendant Wise does not argue, suggest, or imply that these are the main or only SB1 provisions where both she and the Secretary have more than sufficient connection to enforcement for *Ex parte Young* purposes.  Rather, Defendant Wise offers these as examples.

[2] This response brief focuses on why the Secretary of State should not be dismissed, drawing on Defendant Wise's experience with the Secretary's role in elections administration and enforcement.  The State Defendants also argue that *State v. Stephens*, No. PD-1032-20, 2021 WL 5917198 (Tex. Crim. App. Dec. 15, 2021), justifies excusing the Attorney General from this suit.  Yet at the same time, they argue that "*Stephens* was wrongly decided" and acknowledge that "[t]he State has filed a motion asking the Texas Court of Criminal Appeals to reconsider its decision." ECF No. 243 at 8 n.1.  Among other things, in no event should the Attorney General be dismissed from this suit until the State's motion for reconsideration in *Stephens* is resolved.

Notably, while the State Defendants claim that they do not *presently* have a sufficient connection to enforcement of the challenged provisions of SB1 to be defendants in this lawsuit, they stop short of disclaiming their roles in interpreting and ensuring compliance with those provisions. In other words, the State Defendants continue to hold out the specter of enforcement but seek to avoid the burden of defending this lawsuit. Faced with a facial challenge to provisions of SB1, the State Defendants should not be permitted to cast off the burden of defending statewide laws that the Secretary of State has authority to enforce and has been involved in enforcing since SB1's enactment last fall. Therefore, both local officials such as Defendant Wise *and* State officials, such as the Secretary of State, are proper defendants to Plaintiffs' facial challenges.

## II.  BACKGROUND

### A.  The Secretary of State has Express Authority to Enforce the Election Code, alongside Elections Administrators.

The Secretary of State holds express statutory authority to enforce Texas's election laws under the Election Code, including enforcement of the Code's voter registration, early voting, and vote by mail provisions amended by SB1 and challenged by Plaintiffs here. Section 31.001 of the Code makes the Secretary of State Texas's "chief election officer." The Secretary is obligated to "prescribe the design and content" of various election forms, including many prescribed by provisions of SB1 challenged by Plaintiffs. Tex. Elec. Code § 31.002(a). The Secretary is also required to "obtain and maintain uniformity in the application, operation, and interpretation" of the Texas Election Code, including by "prepar[ing] detailed and comprehensive written directives and instructions relating to and based on [the] code . . . ." *Id.* § 31.003. In addition, the Secretary "shall assist and advise all election authorities with regard to the application, operation, and interpretation of" the Code, *id.* § 31.004(a), and such authorities include county clerks, voter registrars, and early voting clerks, as well as elections administrators, who jointly fulfill all of those

roles in many counties, as Defendant Wise does in El Paso County, *see id.* § 31.043 (defining duties of Elections Administrator). Furthermore, the Secretary must "assist and advise all election authorities with regard to the application, operation, and interpretation" of the Code, *id.* § 31.004(a), and is expressly authorized to "take appropriate action to protect the voting rights of the citizens of this state from abuse by the authorities administering the state's electoral processes." *Id.* § 31.005(a). Thus, the Secretary of State has authority over the interpretation, implementation, and administration of elections in Texas.

Elections Administrators like Defendant Wise have front-line responsibility for administering elections in Texas. Elections Administrators oversee voter registration, ballot distribution and collection, early voting, vote by mail, and Election Day voting, as well as the tabulation of ballots. *See id.* §§ 31.043 (elections administrators); 83.002 (early voting clerks). This is because Elections Administrators perform the duties and functions of the voter registrar as well as the duties of the county clerk as they relate to elections, in addition to duties unique to the Elections Administrator. *See id.* § 31.043(1)-(4). Early voting for both general statewide elections and primary elections, which includes the administration of vote-by-mail, are overseen by the early voting clerk. *See id.* § 81.001. Because the county clerk serves as the early voting clerk for both general statewide and primary early elections, *see id.* § 83.022, Defendant Wise also serves as the early voting clerk for El Paso County. Fulfilling the duties of the voter registrar, county clerk, and early voting clerk, Defendant Wise is thus familiar with both her and the Secretary's role in the enforcement of each provision discussed below. All of these activities are performed in accordance with the Election Code, as interpreted by the Secretary of State's directives and training materials, and using the Secretary of State's forms and ballot carrier envelopes.

**B.     SB1 Enhanced the Secretary's Enforcement Role in Particular Ways.**

SB1 enhanced the Secretary's authority to enforce uniform compliance of the Election Code.  First, as discussed below, many of the provisions amended by SB1 are functionally or actually identical to those the Fifth Circuit has *already* concluded gave the Secretary sufficient connection to enforcement for *Ex parte Young* purposes.  In addition, SB1 Section 2.08 amended Texas Election Code Section 31.006 to deputize the Secretary, whenever he "determines that there is reasonable cause to suspect that criminal conduct" has occurred in relation to an election, to promptly refer that information to the Attorney General for investigation.  *Id.* § 31.006(a).  And because SB1 also created numerous new offenses and violations of the Election Code subject to criminal penalties, SB1 enhanced the role of the Secretary in supervising and enforcing uniform application of the Code.[3]  *See, e.g.*, SB1 § 2.02 (codified at Tex. Elec. Code § 13.007 (establishing offense of making a false statement in an application to register to vote)); SB1 § 4.06 (codified at Tex. Elec. Code § 33.051 (establishing offense for election officer who refuses to accept poll watcher as required)); SB1 § 4.09 (codified at Tex. Elec. Code § 33.061 (establishing offense of obstructing view of poll watcher)); SB1 §§ 6.06, 10.01(2) (codified at Tex. Elec. Code § 86.0105 (establishing offense of providing compensation for assisting a voter to include any form of paid assistance whatsoever)); SB1 § 7.04 (codified at Tex. Elec. Code § 276.015 (outlawing paid ballot collection and transportation)).

---

[3] Moreover, SB1 also exposes Elections Administrators like Defendant Wise to new forms of liability that the State Defendants, including the Secretary of State, may pursue against them.  *See, e.g.*, SB1 § 2.06 (codified at Tex. Elec. Code § 18.065 (authorizing the Secretary of State and Attorney General to impose civil penalties that accrue by the day on the counties of county registrars deemed not in compliance)).

## III. ARGUMENT

The Secretary of State, alongside local officials, is a proper defendant to this suit. Sovereign immunity does not preclude Plaintiffs' constitutional claims against the Secretary of State, who has a statutory obligation to enforce—and is actively enforcing—multiple SB1 provisions facially challenged by Plaintiffs. The Secretary is thus an appropriate defendant under *Ex parte Young*, 209 U.S. 123 (1908).

### A. The Court Should Reject State Defendants' Effort to Impose a Heightened *Ex parte Young* Pleading Burden.

Contrary to the State Defendants' position, Fifth Circuit precedent does not require Plaintiffs, at the *pleading* stage, to allege in their Complaint how *Ex parte Young* applies provision-by-provision and defendant-by-defendant. *See* ECF No. 255 at 2. *Texas Democratic Party v. Hughs*, 860 F. App'x 874 (5th Cir. 2021), relied upon by the State Defendants to support that position, does not so hold. Instead, *Hughs* instructs only that "a provision-by-provision analysis is required" when the issues are presented to and decided by a court. *Id.* at 877. Thus, the basis for the application of *Ex parte Young* need not be specifically pleaded in the Complaint. The Court should reject the State Defendants' attempt to impose a heightened pleading requirement that is not required by Fifth Circuit precedent.

### B. The Secretary of State Is A Proper Defendant Under *Ex parte Young*.

The Fifth Circuit has repeatedly recognized that the Secretary of State is a proper defendant for challenges to state election laws like those at issue here. *See Tex. Democratic Party v. Abbott*, 961 F.3d 389, 401 (5th Cir. 2020) (hereinafter "*Tex. Democratic Party I*") ("[O]ur precedent suggests that the Secretary of State bears a sufficient connection to the enforcement of the Texas Election Code's vote-by-mail provisions . . . ."); *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 180 (5th Cir. 2020) (hereinafter "*Tex. Democratic Party II*") ("Though there is a division of

responsibilities [between the Secretary and county elections officials], the Secretary has the needed connection" to enforcement for *Ex parte Young* purposes.), *cert. denied*, 141 S. Ct. 1124 (2021).

Here, a review of several exemplary—but no means exhaustive—provisions of SB1 challenged by Plaintiffs makes clear that the Secretary, in addition to Defendant Wise, is charged with and is in fact enforcing the provisions at issue, making the Secretary of State a proper defendant to this suit.[4]

### 1. The Secretary Has Designed and Prescribed the Forms for Mail-in Ballot Applications.

The Texas Election Code mandates that the Secretary of State design and prescribe application forms for mail-in ballots in conjunction with the enforcement of SB1 mail-in ballot provisions that Plaintiffs challenge. In Count I of their Second Amended Complaint, Plaintiffs name both the Secretary of State and Elections Administrators including Defendant Wise as Defendants tasked with enforcing SB1 Section 5.07. *See* ECF No. 208 ¶¶ 218–229. Section 5.07 amended Texas Election Code Section 86.001(f) to require the early voting clerk to reject an application form for a mail-in ballot if the ID and residency information newly required under Section 84.002(a)(1-a) does not match the required information in the applicant's voter registration application. *See* Tex. Elec. Code § 86.001(f). A related provision of SB1, Section 5.03, amended Texas Election Code Section 84.011 to require that the application form for a mail-in ballot include "a space for entering the information required under Section 84.002(a)(1-a) . . . ." Tex. Elec. Code § 84.011(a)(3-a). That Section 84.002(a)(1-a), amended by SB1 Section 5.02, adds the new requirements for a mail-in ballot application, including "the number of the applicant's driver's license, election identification certificate, or personal identification card issued by the Department

---

[4] As noted, *see supra* n.1, the examples discussed herein are merely illustrative of the many ways the Texas Election Code expressly authorizes the Secretary's involvement in enforcement of the challenged provision of SB1.

of Public Safety," or else "the last four digits of the applicant's social security number" or "a statement by the applicant that the applicant has not been issued a number" tied to any of those IDs. *See* Tex. Elec. Code § 84.002(a)(1-a)(A)–(C).

The Texas Election Code mandates the Secretary of State's enforcement of these provisions. It instructs that he "*shall* maintain a supply of the official application forms for ballots to be voted by mail and *shall* furnish the forms in reasonable quantities without charge to individuals or organizations requesting them for distribution to voters." Tex. Elec. Code § 84.013 (emphasis added). As noted above, the Code instructs that the Secretary of State "*shall* prescribe the design and content" of the forms, "consistent with this code" and as "*necessary* for the administration of" the code. *Id.*, § 31.002 (emphasis added). As the Early Voting Clerk, Defendant Wise is tasked by statute with receiving and processing these mail-in ballot applications; the Secretary of State also enforces the provision by prescribing the application forms required to register successfully to vote by mail-in ballot.[5]

The Fifth Circuit has previously and repeatedly found such statutorily enumerated duties sufficient for *Ex parte Young* purposes. In *Texas Democratic Party I*, the Fifth Circuit, in denying a stay of a preliminary injunction pending appeal, acknowledged its precedents "suggest[] that the Secretary of State bears a sufficient connection to the enforcement of the Texas Election Code's

---

[5] In fact, after Lieutenant Governor Dan Patrick's office mistakenly instructed voters to send their mail-in ballot applications to the Secretary of State, the Secretary of State took the additional step of not only receiving but forwarding these applications. *See* Alexa Ura, *Partisan tactic by Lt. Gov. Dan Patrick's campaign delays thousands of requests for mail-in ballots from Texas voters*, Texas Tribune (Feb. 17, 2022), https://www.texastribune.org/2022/02/17/texas-voting-by-mail-2022-dan-patrick/. Notably, the Election Code mandates that "[a]n application must be submitted *to the early voting clerk*[,]" *not* the Secretary of State, *see* Tex. Elec. Code § 84.007(b) (emphasis added) ("Submitting Application for Ballot Voted by Mail: General Rule"), and the Code also makes it a state jail felony offense to "knowingly submit[] an application for ballot by mail without the knowledge and authorization of the voter[,]" *id.*, §§ 84.0041(a)(3), (b) ("Fraudulent Use of Application for Ballot by Mail").

vote-by-mail provisions" to be a proper defendant in challenges to its vote-by-mail provisions. 961 F.3d at 401. And in *Texas Democratic Party II*, reviewing the same preliminary injunction on the merits, the Fifth Circuit assessed a challenge to Texas's age-based absentee voting provision, *see* Tex. Elec. Code § 82.003, and concluded that it is the Secretary who designs, furnishes, and distributes the forms enforcing that provision. *See Tex. Democratic Party II*, 978 F.3d at 179–80. The Court of Appeals thus recognized that "[t]hough there is a division of responsibilities [between the Secretary and county elections officials in enforcing absentee voting], the Secretary has the needed connection" to enforcement for *Ex parte Young* purposes given his "specific duties regarding the application form."[6] *Tex. Democratic Party II*, 978 F.3d at 180. Moreover, the Secretary already has promulgated the mail-in ballot application forms at issue in Plaintiffs' challenge and, notably, for the March 2022 primary to date, these new application forms have resulted in unusually high rates of rejection.[7]

> ### 2. The Secretary Has Designed and Prescribed the Ballot Carrier Envelopes Required to Accompany Mail-in Ballots.

The Texas Election Code mandates that the Secretary of State design and prescribe the required ballot carrier envelopes for mail-in ballots in conjunction with the enforcement of SB1

---

[6] Accordingly, not only do Plaintiffs satisfy *Ex parte Young* but they also satisfy Article III's standing requirements against the Secretary, as the Secretary's enforcement of the challenged provisions causes Plaintiffs' alleged injury and enjoining the Secretary of State's enforcement of the ID requirements in registration application forms and ballot carrier envelopes designed and distributed by the Secretary would provide the relief plaintiffs seek. *Cf. California v. Texas*, 141 S. Ct. 2104, 2114, 2116 (2021) (for Article III standing purposes, plaintiffs must "assert an injury that is the result of a statute's actual or threatened enforcement, whether today or in the future," and identify a "remedy that will redress the individual plaintiffs' injuries") (emphasis omitted).

[7] *See* Joseph Ax, *Texas Rejects Hundreds of Mail Ballot Applications under New Voting Limits*, Reuters (Jan. 18, 2022), https://www.reuters.com/world/us/texas-rejects-hundreds-mail-ballot-applications-under-new-voting-limits-2022-01-18/; Danielle Prokop, *New Texas Voting Law Means More Rejected Mail-In Ballots in El Paso County*, El Paso Matters (Jan. 25, 2022), https://elpasomatters.org/2022/01/25/new-texas-voting-law-means-more-rejected-mail-in-ballots-in-el-paso-county/.

provisions on mail-in ballots that Plaintiffs challenge. In Count I of their Second Amended Complaint, Plaintiffs name both the Secretary of State and Elections Administrators including Defendant Wise as Defendants tasked with enforcing SB1 Section 5.13, *see* ECF No. 208 ¶¶ 218–229, which amended Tex. Elec. Code § 87.041 to instruct the early voting ballot board to accept a mail-in ballot only if "the information required under Section 86.002(g) provided by the voter identifies the same voter identified on the voter's application for voter registration under Section 13.002(c)(8). *See* Tex. Elec. Code § 87.041(b)(8). And SB1 Section 5.08 amended Tex. Elec. Code § 86.002(g) to require that the official carrier envelope provided to vote by mail must "include a space that is hidden from view when the envelope is sealed for the voter to enter" newly required information such as the number on their driver's license, election identification certificate, personal identification card, or the last four digits of their social security number.

As has long been the case in Texas, just as the Secretary of State "prescribe[s]" the "textual material" that "*must be* printed on the face of each official ballot envelope" to vote by mail, *see* Tex. Elec. Code § 86.012 (emphasis added), he also "prescribe[s]" the "textual material" that "*must be* printed on the reverse side of the official carrier envelope," *id.* § 86.013(d) (emphasis added). As the Early Voting Clerk, Defendant Wise is tasked by statute with receiving and processing these ballots; the Secretary of State prescribes the contents that "must be" completed in the official carrier envelope in order to vote successfully by mail-in ballot. The Fifth Circuit has repeatedly held that such a connection to enforcement is sufficient for *Ex parte Young* purposes. *See Tex. Democratic Party II*, 978 F.3d at 179–81; *Tex. Democratic Party I*, 961 F.3d at 401.[8] Moreover, the Secretary already has prescribed the ballot carrier envelopes at issue in

---

[8] For the reasons stated above, it is also sufficient to assure Article III standing in these claims against the Secretary.

Plaintiffs' challenge and, notably, for the March 2022 primary to date, the new requirements in these envelopes have resulted in abnormally high rates of rejection.[9]

### 3. The Secretary Has Prescribed Voter Ballot Assistance and Transportation Assistance Forms.

The Texas Election Code mandates the Secretary of State prescribe forms newly required by SB1 for those individuals who assist or transport voters to polling sites. In Counts I-III, VI and IX of their Second Amended Complaint, Plaintiffs name both the Secretary of State and Elections Administrators including Defendant Wise as Defendants tasked with enforcing SB1 Section 6.03. *See* ECF No. 208 ¶¶ 218–285, 310–314. SB1 Section 6.03 added Section 64.0322 to the Texas Election Code, which requires that any person other than an election officer who assists a voter in the act of voting must complete a form stating their name and address, relationship to the voter, and whether they received or accepted any form of compensation or benefit from a candidate, campaign, or political committee. *See* Tex. Elec. Code § 64.0322(a). Defendant Wise, in her capacity as Elections Administrator, must ensure compliance with this provision, the Code mandates that the Secretary of State "shall prescribe the form required by this section." Tex. Elec. Code § 64.0322(b).

---

[9] *See* Nick Corasaniti, *Ballot Rejections in Texas Spike After New Voting Law*, NY Times (Feb. 25, 2022), https://www.nytimes.com/2022/02/25/us/politics/texas-primary-ballot-rejections.html; Cayla Harris & Austin Bureau, *40% Fewer Mail Ballots Cast in Texas Early Voting Amid Confusion, Delays Caused by New Law*, Express News (Feb. 28, 2022), https://www.expressnews.com/politics/election/2022/article/40-fewer-mail-ballots-cast-in-Texas-early-voting-16951448.php; Robert Moore, *45% of El Paso Mail Ballots Rejected in First Week of Early Voting*, El Paso Matters (Feb. 21, 2022), https://elpasomatters.org/2022/02/21/45-of-el-paso-mail-ballots-rejected-in-first-week-of-early-voting/.

Similarly, SB1 Section 6.01 amended Texas Election Code Section 64.009 by requiring any person who simultaneously assists seven or more voters by providing the voters with transportation to the polling place must complete and sign a form, provided by an election officer, containing their name and address and whether they assisted only in transporting voters or also in assisting voters in voting as discussed above. *See id.* § 64.009(f). As with the voter assistance form, the Code delegates to the Secretary the duty to prescribe this form. *See id.* § 64.009(h). For the same reasons as discussed above, the Fifth Circuit has found nearly identical connections to enforcement sufficient for *Ex parte Young* purposes. *See Tex. Democratic Party II*, 978 F.3d at 179–81; *see also Tex. Democratic Party I*, 961 F.3d at 401.[10]

### 4. The Secretary Maintains and Applies New Voter Registration List Requirements.

SB1 amended the Texas Election Code to impose new reporting requirements on county registrars like Defendant Wise, as well as to empower the Secretary of State to supervise county registrars and pursue and impose daily civil penalties for noncompliance. Specifically, SB1 Section 2.04 amended Texas Election Code Section 15.028 to require county registrars and Elections Administrators serving as county registrars, including Defendant Wise, to report within 72 hours whenever "a person who is not eligible to vote [either] registered to vote or voted in an election . . . ." And SB1 Section 2.06 amended Texas Election Code Section 18.065 to newly empower the Secretary of State to seek civil penalties against county registrars, such as Defendant Wise, for failure to maintain substantial compliance with provisions of the Texas Election Code and rules implementing the statewide computerized voter registration list. Finally, SB1 Section 2.07 amended Texas Election Code Section 18.068 to mandate that the Secretary quarterly

---

[10] Again, for the reasons given above, Plaintiffs have also satisfied Article III standing in these claims against the Secretary.

compare required registrar reports with the statewide computer voter registration list and send notices to the county registrar of the names of those voters whom the Secretary believes are deceased, non-citizens, or non-residents and thus must be removed from the registered voter roll. In Counts I, II, and III of their Second Amended Complaint, Plaintiffs name both the Secretary of State and Elections Administrators including Defendant Wise as Defendants tasked with enforcing SB1 Sections 2.04 and 2.07, *see* ECF No. 208 ¶¶ 218–254, and in Count I, Plaintiffs name both as tasked with enforcing SB Section 2.06, *see id*. ¶¶ 218–229.

### 5. The Secretary Has Promulgated Materials and Trainings in Enforcing SB1's Reduced Early Voting Hours.

SB1 newly mandates the Secretary of State with overseeing the reductions in 24-hour early voting Plaintiffs challenge. In Counts II and III of their Second Amended Complaint, Plaintiffs name both the Secretary of State and Elections Administrators including Defendant Wise as Defendants tasked with enforcing SB1 Section 3.09. *See* ECF No. 208 ¶¶ 230–254. Section 3.09 amended Texas Election Code Section 85.005 to eliminate 24-hour early voting. *See* Tex. Elec. Code § 85.005(d). The Secretary of State's office is expressly referenced in that provision, as is Defendant Wise, in her capacity as the early voting clerk. *See id.* §§ 85.005(d), (a). In light of SB1 Section 3.09's mandate to eliminate 24-hour early voting, Section 85.005 now tasks the Secretary of State with overseeing implementation of the reduced voting hours, including an allowance for voters who are in line at a poll site when it closes and who are therefore entitled to vote after closing time. The Election Code specifically requires that the Secretary "*shall* promulgate any materials and provide any training to presiding judges *necessary* to properly process voters under this subsection." *Id.* § 85.005(d) (emphasis added). Early voting already began for the March 2022 state primary.

* * *

The above examples are non-exclusive illustrations of the Secretary's clear connection to the enforcement of the challenged provisions of SB1 under the plain terms of the Texas Election Code. As such, the Secretary is an appropriate defendant in this action under *Ex parte Young*.

## IV. CONCLUSION

At the motion-to-dismiss stage, Plaintiffs have satisfied *Ex parte Young* in naming the Secretary of State as a Defendant and also have established Article III standing with respect to their claims against him. The Court therefore should deny the State Defendants' Motion to Dismiss the Second Amended Complaint of LUPE, *et al.*

Dated: March 1, 2022.

Respectfully submitted,

*/s/ Orion Armon*
Orion Armon (CO SBN 34923)
**COOLEY LLP**
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Telephone: +1 720 566-4000
Facsimile: +1 720 566-4099
oarmon@cooley.com

**COOLEY LLP**
Kathleen Hartnett* (CA SBN 314267)
khartnett@cooley.com
Beatriz Mejia* (CA SBN 190948)
bmejia@cooley.com
Sharon Song* (CA SBN 313535)
ssong@cooley.com
Kelsey Spector* (CA SBN 321488)
kspector@cooley.com
Angelica Leo* (CA SBN 334324)
aleo@cooley.com
David S. Louk* (CA SBN 304654)
dlouk@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: +1 415 693-2000
Facsimile: +1 415 693-2222

**COOLEY LLP**
Germaine Habell* (CA SBN 333090)
ghabell@cooley.com
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: + 1 858-550-6196
Facsimile: + 1 858-550-6420

**STATES UNITED DEMOCRACY CENTER**
Christine P. Sun* (CA SBN 218701)
3749 Buchanan St., No. 475165
San Francisco, CA 94147-3103
Telephone: +1 615 574-9108
christine@statesuniteddemocracy.org

**STATES UNITED DEMOCRACY CENTER**
Ranjana Natarajan (TX SBN 24071013)
1801 E 51st St., Suite 365, No. 334
Austin, TX 78723
Telephone: +1 323 422-8578
ranjana@statesuniteddemocracy.org

*Admitted pro hac vice*

*Attorneys for Lisa Wise, in her official capacity
as the El Paso County Elections Administrator*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was filed electronically on March 1, 2022, with the Clerk of the Court for the U.S. Western District of Texas by using the CM/ECF system, causing electronic service upon all counsel of record.

*/s/ Orion Armon*
Orion Armon
