## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| **LA UNION DEL PUEBLO ENTERO, et al.,** | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § § | **CIVIL ACTION NO: 5:21-CV-0844-XR** |
| **GREGORY W. ABBOTT, et al.,** | § § § | |
| **Defendants.** | § | |

## ORIGINAL ANSWER OF DEFENDANT JOHN CREUZOT TO PLAINTIFFS LULAC TEXAS, VOTO LATINO, TEXAS ALLIANCE FOR RETIRED AMERICANS AND TEXAS AFT'S SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant John Creuzot ("Defendant Creuzot"), in his official capacity, and for his Original Answer to Plaintiffs LULAC TEXAS, VOTO LATINO, TEXAS ALLIANCE FOR RETIRED AMERICANS, and TEXAS AFT's Second Amended Complaint ("Complaint") (Doc. 207) admits, denies, and alleges as follows:

## I.
## RESPONSIVE PLEADINGS

### NATURE OF THE CASE

1.      Paragraph 1 of Plaintiffs' Complaint contains legal conclusions and argument to which no responsive pleading is required. To the extent any response is required, due to the vagueness and generality of the allegations in Paragraph 1, Defendant Creuzot is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

2.      Paragraph 2 includes conclusory statements and argument to which no response is required. Defendant Creuzot admits that Texans had to vote in the midst of a global health pandemic. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 2, therefore the allegations are denied.

3.      Paragraph 3 includes conclusory statements and argument to which no response is required. Defendant Creuzot admits that Texas had historic voter turnout in the 2020 general election.   Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 3, therefore the allegations are denied.

4.      Paragraph 4 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Paragraph 4 includes conclusory statements and argument to which no response is required.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 4, therefore the allegations are denied.

5.      Paragraph 5 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 5, therefore the allegations are denied.

6.      Paragraph 6 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 6, therefore the allegations are denied.

7.      Paragraph 7 of Plaintiffs' Complaint contains legal conclusions and argument to which no responsive pleading is required.   As to the remainder of the allegations, Defendant

Creuzot is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

8.     Defendant Creuzot admits that the Texas Legislature attempted to pass SB 7 and the effort to pass SB 7 failed when members of the Texas House of Representatives left the legislative chamber in protest, denying the Legislature the quorum. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 8, therefore the allegations are denied.

9.     Defendant Creuzot admits that Governor Abbott announced a special session to pass voting legislation, the Texas legislature had hearings on SB 1, and members of the Texas House of Representatives left the State denying the House a quorum, which delayed the passage of SB 1. Paragraph 9 includes conclusory statements and argument to which no response is required. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 9, therefore the allegations are denied.

10.     Paragraph 10 contains legal conclusions to which no responsive pleading is required and legal arguments on the interpretation of SB 1, which speaks for itself. To the extent a responsive pleading is required, Defendant Creuzot admits that the Texas Legislature enacted SB 1 and SB 1 criminalizes certain conduct.

11.     Paragraph 11 contains legal conclusions and arguments to which no response is required on the interpretation of SB 1, which speaks for itself. To the extent a responsive pleading is required, Defendant Creuzot admits that the Texas Legislature enacted SB 1 and that supporters of former President Donald Trump have alleged voter fraud. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 11, therefore the allegations are denied.

12.     Paragraph 12 contains legal conclusions and arguments to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations, therefore the allegations are denied.

13.     Defendant Creuzot admits that Plaintiffs brought this lawsuit. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 13, therefore the allegations are denied.

## JURISDICTION AND VENUE

14.     Paragraph 14 contains argument to which no responsive pleading is required. To the extent a response is required, Defendant Creuzot admits that Plaintiffs bring this action under 2 U.S.C. §§ 1983 and 1988. Defendant Creuzot is without sufficient information or knowledge to admit or deny, therefore the remaining allegations are denied.

15.     Defendant Creuzot admits Paragraph 15, however, Defendant Creuzot denies that he has deprived anyone of rights under color of state law or violated the U.S. Constitution and the Voting Rights Act, 52 U.S.C. § 10301 *et seq*.

16.     Defendant Creuzot admits that the court has personal jurisdiction over him and he is sued in his official capacity. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 16, therefore the allegations are denied.

17.     Defendant Creuzot admits that venue is proper. Defendant Creuzot, however, denies that a substantial part of the events that give rise to Plaintiffs' claims against him occurred and will occur in this district.

18. Paragraph 18 contains factual allegations and legal conclusions to which a responsive pleading is not required. To the extent a response is required, Defendant Creuzot states that Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. §§ 2201 and 2202 speak for themselves.

## PARTIES

19. Paragraph 19 contains legal conclusions. Defendant Creuzot admits that Plaintiff LULAC is a Latino civil rights organization in the United States, that LULAC is involved in protecting the civil and voting rights of Latinos, and that LULAC states that it brings this action on behalf of itself and its members. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 19, therefore the allegations are denied.

20. Paragraph 20 contains factual allegations and legal conclusions to which a responsive pleading is not required. Defendant Creuzot admits that Plaintiff LULAC is involved in voter registration and voter education activities and other activities and programs designed to increase voter turnout among its members and immigration and racial justice related issues. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 20, therefore the allegations are denied.

21. Defendant Creuzot admits that Plaintiff Voto Latino alleges to brings this action on behalf of itself and its constituents and supporters and is involved in certain voter activities. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 21, therefore the allegations are denied.

22. Paragraph 22 contains factual allegations and legal conclusions to which a responsive pleading is not required. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 22, therefore the allegations are denied.

23. Defendant Creuzot admits that Plaintiff Texas Alliance brings this action on behalf of itself and its members. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 23, therefore the allegations are denied.

24. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 24, therefore the allegations are denied.

25. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 25, therefore the allegations are denied.

26. Paragraph 26 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Creuzot admits that John Scott is the current Secretary of State and is the State's chief elections officer. The rest of Paragraph 26 contains legal conclusions and legal arguments regarding the Texas Election Code, which speaks for itself. To the extent that the remaining allegations in Paragraph 26 contains factual allegations to which a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

27. Paragraph 27 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Creuzot admits that Ken Paxton is the Texas Attorney General, the Texas Attorney General announced he would be forming an Election Integrity Unit, and one of the functions of the Election Integrity Unit would be to monitor elections. The rest of Paragraph 27 contains legal conclusions to which no responsive pleading is required and legal arguments regarding the Texas Election Code and SB 1, which

speaks for itself. To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

28.     Paragraph 28 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 28, therefore the allegations are denied.

29.     Paragraph 29 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Creuzot admits that Joe Gonzales is the Bexar County District County.   Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 29, therefore the allegations are denied.

30.     Paragraph 30 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 30, therefore the allegations are denied.

31.     Paragraph 31 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant admits Jose Garza is the Travis County District Attorney.   Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 31, therefore the allegations are denied.

32.     Paragraph 32 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Creuzot is without sufficient

information or knowledge to admit or deny the allegations in Paragraph 32, therefore the allegations are denied.

33. Paragraph 33 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Creuzot admits that Kim Ogg is the Harris County District Attorney. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 33, therefore the allegations are denied.

34. Paragraph 34 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 34, therefore the allegations are denied.

35. Paragraph 35 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Ricardo Rodriguez is the Hidalgo County District Attorney. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 35, therefore the allegations are denied.

36. Paragraph 36 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Creuzot admits that Michael Scarpello is the Dallas County Election Administrator. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 36, therefore the allegations are denied.

37. Paragraph 37 contains factual allegations and legal conclusions to which a responsive pleading is not required and cites to SB 1 speaks for itself. Paragraph is also vague as to "charged with." Defendant Creuzot admits that Plaintiffs sue him in his official capacity as the Criminal District Attorney of Dallas County, Texas. Defendant Creuzot also admits that he has

authority to investigate and prosecute criminal offenses contained in the Texas Election Code. Defendant Creuzot also admits that he has been sued for the manner in which he may exercise his prosecutorial discretion concerning criminal offenses amended and created by SB 1. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 37, therefore the allegations are denied.

38.     Paragraph 38 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 38, therefore the allegations are denied.

39.     Paragraph 39 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant admits Defendant Yvonne Rosales is the District Attorney for El Paso. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 39, therefore the allegations are denied.

## STATEMENT OF FACTS AND LAW

### I.     Voter Turnout in Recent Texas Elections

40.     Due to the vagueness and generality of the allegations in Paragraph 40, Defendant Creuzot is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

41.     Defendant Creuzot admits that the most recent midterm and presidential elections saw the Dallas County's higher voter turnout. Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 41, therefore the allegations are denied.

42.     Paragraph 42 contains references to statistical data that speaks for itself. Defendant Creuzot admits that there have been demographic shifts in Texas' eligible voting age population and that the combined number of eligible Hispanic and Black voters in Texas have risen. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 42, therefore the allegations are denied.

### A.     The 2018 Election

43.     Defendant Creuzot admits that the 2018 midterm elections saw a higher voter turnout in Dallas County, Texas.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 43, therefore the allegations are denied.

44.     Defendant Creuzot admits that in the 2018 midterm elections, certain Democratic candidates defeated certain Republican incumbents.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 44, therefore the allegations are denied.

45.     Defendant Creuzot admits that Ted Cruz won the 2018 United States Senate election in Texas. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 45, therefore the allegations are denied.

46.     Defendant Creuzot admits that the Republican candidates for lieutenant governor and attorney general won in the 2018 general election for state and county officers. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 46, therefore the allegations are denied.

### A.     The 2020 Election

47.     Defendant Creuzot admits that voter turnout increased in the 2020 general election for state and county officers and that in the 1992 election, Ross Perot and George H.W. Bush were on the ballot for president. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 47, therefore the allegations are denied.

48.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 48, therefore the allegations are denied.

49.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 49, therefore the allegations are denied.

50.     Paragraph 50 includes conclusory statements and argument to which no response is required.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 50, therefore the allegations are denied.

51.     Paragraph 51 includes conclusory statements and argument to which no response is required.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 51, therefore the allegations are denied.

### 1.     Early Voting in the 2020 Election

52.     Due to the vagueness and generality of the allegations in Paragraph 52, Defendant Creuzot is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

53.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 53, therefore the allegations are denied.

54.     Defendant Creuzot admits that Dallas County, Texas offered early voting for voters to participate in the 2020 general election. Defendant Creuzot is without sufficient information or

knowledge to admit or deny the remainder of the allegations in Paragraph 54, therefore the allegations are denied.

55.     Paragraph 55 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 55, therefore the allegations are denied.

56.     Paragraph 56 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 56, therefore the remaining allegations are denied.

57.     Paragraph 57 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 57, therefore the allegations are denied.

58.     Defendant Creuzot admits that Harris County has the largest population of any county in the State of Texas and is diverse. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 58, therefore the remaining allegations are denied.

59.     Paragraph 59 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Paragraph 59 includes conclusory statements and argument to which no response is required.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 59, therefore the allegations are denied.

### 2. Absentee Voting in the 2020 Election

60.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 60, therefore the allegations are denied.

61.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 61, therefore the allegations are denied.

62.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 62, therefore the allegations are denied.

63.     Paragraph 63 contains references to statistical data that speaks for itself. Defendant Creuzot admits that Dallas County, Texas has minority populations that include Black and Latino voters. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 63, therefore the allegations are denied.

64.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 64, therefore the allegations are denied.

65.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 65, therefore the allegations are denied.

### 3. Texas Officials' Efforts to Disenfranchise Voters During the 2020 Election

66.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 66, therefore the allegations are denied.

67.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the of the allegations in Paragraph 67, therefore the allegations are denied.

68.     Paragraph 68 contains arguments and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Creuzot is without sufficient

information or knowledge to admit or deny the allegations in Paragraph 68, therefore the allegations are denied.

69. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 69, therefore the allegations are denied.

70. Paragraph 70 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 70, therefore the allegations are denied.

71. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 71, therefore the allegations are denied.

72. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 72, therefore the allegations are denied.

73. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 73, therefore the allegations are denied.

74. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 74, therefore the allegations are denied.

75. Paragraph 75 contains argument and conclusory statements to which no responsive pleading is required. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 75, therefore the allegations are denied.

76. Defendant Creuzot admits that Donald Trump is the former president of the United States and that Donald Trump has made allegations of voter fraud. The remainder of Paragraph 76 contains arguments and conclusory statements to which no responsive pleading is required. To the

extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 76, therefore the allegations are denied.

77.     Defendant Creuzot admits that the former director of the United States Cybersecurity and Infrastructure Security Agency stated that the 2020 general election was "the most secure in American history." Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 77, therefore the allegations are denied.

78.     Defendant Creuzot admits that former U.S. Attorney General William Barr stated that there was no evidence of widespread election fraud regarding the 2020 general election. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 78, therefore the allegations are denied.

79.     Paragraph 79 contains arguments and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Creuzot admits that, to the best of his understanding and belief, there is no evidence of widespread voter fraud in Texas. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 79, therefore the allegations are denied.

80.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 80, therefore the allegations are denied.

81.     Paragraph 81 includes conclusory statements and argument to which no response is required.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the factual allegations in Paragraph 81, therefore the allegations are denied.

**4.     Texas Officials' Efforts to Disenfranchise Voters in Other States**

82.     Defendant Creuzot admits that, to the best of his understanding and belief, there is no evidence of widespread voter fraud in Texas. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 82, therefore the allegations are denied.

83.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 83, therefore the allegations are denied.

84.     Paragraph 84 cites case law, which speaks for itself. As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny, therefore the allegations are denied.

85.     Defendant Creuzot admits that the Texas Attorney General filed a lawsuit challenging election results in Georgia, Pennsylvania, Michigan, and Wisconsin and that other claims of voter fraud were dismissed by other courts. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 85, therefore the allegations are denied.

86.     Paragraph 86 cites to quotes from third parties, which speaks for itself. Defendant Creuzot admits that the Texas Attorney General initiated a lawsuit challenging election results in Georgia, Pennsylvania, Michigan, and Wisconsin. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 86, therefore the allegations are denied.

87.     Paragraph 87 cites case law, which speaks for itself.

88.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 88, therefore the allegations are denied.

89.    Paragraph 89 contains legal conclusions and arguments to which no responsive pleading is required and rulings in a lawsuit which speaks for itself. Defendant Creuzot admits that Congressman Louis Gohmert and some Arizona Republicans sued former Vice-President Mike Pence arguing that he had the authority to determine which presidential electors should be counted for each state and that the lawsuit was dismissed. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 89, therefore the allegations are denied.

90.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 90, therefore the allegations are denied.

91.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 91, therefore the allegations are denied.

92.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 92, therefore the allegations are denied.

**II.    Senate Bill 7**

93.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 93, therefore the allegations are denied.

94.    Paragraph 94 includes conclusory statements and argument to which no response is required.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 94, therefore the allegations are denied.

95.    Paragraph 95 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 95, therefore the allegations are denied.

96.     Defendant Creuzot admits that SB 7 was brought for consideration in the Texas Senate's State Affairs Committee and that many Democratic lawmakers opposed SB 7. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 96, therefore the allegations are denied.

97.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 97, therefore the allegations are denied.

98.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 98, therefore the allegations are denied.

99.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 99, therefore the allegations are denied.

100.     Defendant Creuzot admits that the Texas Senate passed SB 7 and that it was sent to the Texas House for consideration. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 100, therefore the allegations are denied.

101.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 101, therefore the allegations are denied.

102.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 102, therefore the allegations are denied.

103.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 103, therefore the allegations are denied.

104.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 104, therefore the allegations are denied.

105.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 105, therefore the allegations are denied.

106.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 106, therefore the allegations are denied.

107.     Defendant Creuzot admits that some Texans spoke out against HB 6. Defendant Creuzot is without sufficient Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 107, therefore the allegations are denied.

108.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 108, therefore the allegations are denied.

109.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 109, therefore the allegations are denied.

110.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 110, therefore the allegations are denied.

111.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 111, therefore the allegations are denied.

112.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 112 therefore the allegations are denied.

113.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 113, therefore the allegations are denied.

114.     Paragraph 114 includes conclusory statements and argument to which no response is required.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 114, therefore the allegations are denied.

115.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 115, therefore the allegations are denied.

116.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 116, therefore the allegations are denied.

117.     Paragraph 117 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 117, therefore the allegations are denied.

118.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 118, therefore the allegations are denied.

119.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 119, therefore the allegations are denied.

120.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 120, therefore the allegations are denied.

121.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 121, therefore the allegations are denied.

122.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 122, therefore the allegations are denied.

123.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 123, therefore the allegations are denied.

124.     Paragraph 124 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Creuzot is without

sufficient information or knowledge to admit or deny the allegations in Paragraph 124, therefore the allegations are denied.

125.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 125, therefore the allegations are denied.

126.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 126, therefore the allegations are denied.

127.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 127, therefore the allegations are denied.

128.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 128, therefore the allegations are denied.

129.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 129, therefore the allegations are denied.

130.    Defendant Creuzot admits Paragraph 130.

131.    Defendant Creuzot admits that SB 7 was brought up for consideration in the Texas House, and that the departure of several Democratic lawmakers left the House without a quorum resulting in the bill dying on the floor. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 131, therefore the allegations are denied.

132.    Paragraph 132 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 132, therefore the allegations are denied.

133.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 133, therefore the allegations are denied.

134.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 134, therefore the allegations are denied

135.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 135, therefore, the allegations are denied.

**III.    Senate Bill 1**

**A.    Legislative History**

136.    Defendant Creuzot admits that SB 7 died on the floor of the House. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 136, therefore the allegations are denied.

137.    Paragraph 137 includes conclusory statements and argument to which no response is required. Defendant Creuzot admits that Governor Abbott vetoed a portion of the State's budget and that Governor Abbott called the first special session of the 87th Legislative Session.

138.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 138, therefore, the allegations are denied.

139.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 139, therefore, the allegations are denied.

140.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 140, therefore, the allegations are denied.

141.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 141, therefore, the allegations are denied.

142.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 142, therefore, the allegations are denied.

143.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 143, therefore, the allegations are denied.

144.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 144, therefore, the allegations are denied.

145.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 145, therefore the allegations are denied.

146.     Paragraph 146 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 146, therefore the allegations are denied.

147.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 147, therefore, the allegations are denied.

148.     Defendant Creuzot admits that some Texas House Democrats left the State for Washington, D.C., denying the Texas House a quorum and some urged Congress to pass federal voting rights legislation. The remainder of Paragraph 148 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 148, therefore the allegations are denied.

149.     Paragraph 149 contains argument and conclusory statements to which no responsive pleading is required.  To the extent a response is required, Defendant Creuzot is without

sufficient information or knowledge to admit or deny the allegations in Paragraph 149, therefore the allegations are denied.

150.     Defendant Creuzot admits that the first special session ended without a quorum and that Governor Abbott called a second special session. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 150, therefore the allegations are denied.

151.     Defendant Creuzot admits that SB 1 was reintroduced in a special session and that it passed out of the Senate along a party line vote. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 151, therefore the allegations are denied.

152.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 152, therefore, the allegations are denied.

153.     Defendant Creuzot admits that there was a second special session and that there was a warrant issued for absent members. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 153, therefore the allegations are denied.

154.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 154, therefore the allegations are denied.

155.     Defendant Creuzot admits that the Texas House had a committee hearing on SB 1 and passed SB 1 along party lines. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 155, therefore the allegations are denied.

156.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 156, therefore the allegations are denied.

157.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 157, therefore the allegations are denied.

158.     Defendant Creuzot admits that the SB 1 passed in the Texas House along party lines returned to the Texas Senate where it passed along party lines. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 158, therefore the allegations are denied.

159.     Defendant Creuzot admits Paragraph 159.

**B.     The Suppressive Provisions**

160.     Paragraph 160 contains legal conclusions and arguments to which no response is required and references to SB 1 which speaks for itself. To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations, therefore the allegations are denied.

**1.     Absentee Voting**

161.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 161, therefore the allegations are denied.

162.     Paragraph 162 contains legal conclusions and arguments to which no response is required and statutory citations that speak for themselves.

163.     Paragraph 163 contains legal conclusions and arguments to which no response is required and statutory citations that speak for themselves. To the extent a responsive pleading is required.

164.     Paragraph 164 contains legal conclusions and arguments and statutory citations that speak for themselves. To the extent a responsive pleading is required, Defendant Creuzot is

without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

165. Paragraph 165 contains and arguments to which no response is required. To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 165, therefore the allegations are denied.

166. Paragraph 166 contains legal conclusions and arguments to which no response is required and statutory citations that speak for themselves. To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

### 2. In-Person Voting

167. Paragraph 167 contains argument to which no responsive pleading is required. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 167, therefore the allegations are denied.

168. Paragraph 168 contains legal conclusions and arguments to which no response is required and statutory citations that speak for themselves. Paragraph is also vague as to the actions of the other jurisdictions. Due to the vagueness of Paragraph 168, Defendant Creuzot is unable to admit or deny the allegations, therefore the allegations are denied.

169. Paragraph 169 contains arguments and a statutory citation that speaks for itself. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

170. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 170, therefore the allegations are denied.

171.     Defendant Creuzot admits that SB 1 contains rules concerning obtaining assistance while voting in person. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 171, therefore the allegations are denied.

172.     Paragraph 172 contains legal conclusions and arguments to which no response is required and statutory citations that speak for themselves. To the extent a responsive pleading is required, Defendant Creuzot admits that SB 1 includes rules regarding providing assistance to a voter, including requiring that one assisting a voter fill out a form.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

173.     Paragraph 173 contains statutory citations that speak for themselves and legal conclusions and arguments to which no response is required. To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

174.     Paragraph 174 contains legal conclusions and arguments to which no response is required and statutory citations that speak for themselves. To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 174, therefore the allegations are denied.

175.     Paragraph 175 contains legal conclusions and arguments to which no response is required and statutory citations that speak for themselves. To the extent a responsive pleading is required, Defendant Creuzot admits that SB 1 criminalizes certain conduct defined as "vote harvesting services."  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

176.     Paragraph 176 contains legal conclusions and arguments to which no response is required.

### 3.     Early Voting

177.     Paragraph 177 contains legal conclusions and arguments to which no response is required. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 177, therefore the allegations are denied.

178.     Paragraph 178 contains legal conclusions and arguments to which no response is required and statutory citations that speak for themselves. To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

179.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 179, therefore the allegations are denied.

180.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 180, therefore the allegations are denied.

181.     Paragraph 181 contains legal conclusions and arguments to which no response is required and statutory citations that speak for themselves. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations, therefore the allegations are denied.

182.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 182, therefore the allegations are denied.

183.     Paragraph 183 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

184.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

### 4.    Partisan Watchers

185.    Paragraph 185 contains legal conclusions and arguments to which no response is required and statutory citations that speak for themselves. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

186.    Paragraph 186 contains legal conclusions and arguments to which no response is required and statutory citations SB 1 that speak for themselves.  To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

187.    Paragraph 187 contains references to statutory citations that speak for themselves and legal conclusions and arguments to which no response is required.

188.    Paragraph 188 contains legal conclusions and arguments to which no response is required and statutory citations that speak for themselves. To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

189.    Paragraph 189 contains legal conclusions and arguments to which no response is required. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 189, therefore the allegations are denied.

190.    Paragraph 190 contains argument to which no responsive pleading is required.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 190, therefore the allegations are denied.

191.     As to the factual allegations included in Paragraph 191 regarding voter intimidation and harassment, due to the vagueness and generality of these allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied. Defendant Creuzot admits that at certain points in American and Texas history, there has been voter intimidation. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 191, therefore the allegations are denied.

192.     Defendant Creuzot admits that during the 2020 general election, there were media reports of voter harassment by supporters of President Trump.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 192, therefore the allegations are denied.

193.     Paragraph 193 contains argument to which no responsive pleading is required.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 193, therefore the allegations are denied.

194.     Paragraph 194 contains argument to which no responsive pleading is required. To the extent a response is required, Defendant Creuzot admits that SB 1 includes provisions for criminal and civil sanctions regarding watchers. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

195.     Paragraph 195 contains legal conclusions and argument to which no responsive pleading is required.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 195, therefore the allegations are denied.

B.     **State Interests**

196.     Paragraph 196 contains legal conclusions and argument to which no responsive pleading is required.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 196, therefore the allegations are denied.

197.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 197, therefore the allegations are denied.

198.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 198, therefore the allegations are denied.

199.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 199, therefore the allegations are denied.

200.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 200, therefore the allegations are denied.

201.     Paragraph 201 contains legal conclusions and argument to which no responsive pleading is required.  To the extent that a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 201, therefore the allegations are denied.

202.     Paragraph 202 contains arguments to which no responsive pleading is required. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 202, therefore the allegations are denied.

203.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 203, therefore the allegations are denied.

204.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 204, therefore the allegations are denied.

205.     Paragraph 205 contains legal conclusions and argument to which no responsive pleading is required and references to SB 1 provisions that speak for themselves.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 205, therefore the allegations are denied.

## IV.     Texas's History of Suppressing Black and Latino Political Participation

206.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 206, therefore the allegations are denied.

207.     Paragraph 207 contains legal conclusions and arguments to which no response is required and statutory/case law citations that speak for themselves. To the extent a responsive pleading is required, Defendant Creuzot admits that at a certain point in Texas history, the state discriminated against certain minority voters by using poll taxes and an all-white primary system. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

208.     Defendant Creuzot admits that in 1866, freed slaves were generally not allowed to vote or hold office in Texas and at a certain point in Texas history, the state sought to suppress the minority vote.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

209.     Paragraph 209 contains case law or statute that speak for themselves. Defendant Creuzot admits that at a certain point in Texas history, the state sought to suppress the minority vote.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

210.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 210, therefore the allegations are denied.

211.     Defendant Creuzot admits that at certain points in Texas history, poll taxes were used to suppress the minority vote.   Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

212.     Paragraph 212 contains citations to case law or statutes that speak for themselves. Defendant Creuzot admits that the Voting Rights Act of 1965 increased voter registration rates for Black and Latino voters in Texas. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

213.     Paragraph 213 contains references to statistical data that speaks for itself. Defendant Creuzot admits that there is a history of discrimination against Blacks and Latinos in Texas and that some Blacks and Latinos live in poverty.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 213, therefore the allegations are denied.

214.     Paragraph 214 contains references to statistical data that speaks for itself. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 214, therefore the allegations are denied.

215.     Paragraph 215 contains references to statistical data that speaks for itself. To the extent a response is required, Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 215, therefore the allegations are denied.

## V.     Current Suppression of Black and Latino Political Participation

216.     Paragraph 216 contains argument to which no responsive pleading is required.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 216, therefore the allegations are denied.

217. Paragraph 217 contains references to statistical data that speaks for itself. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 217, therefore the allegations are denied.

218. Paragraph 218 contains case law that speaks for itself.

219. Paragraph 219 contains case law that speaks for itself.

220. Paragraph 220 contains case law that speaks for itself.

221. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 221, therefore the allegations are denied.

222. Paragraph 222 contains legal conclusions and arguments to which no response is required and statutory/case law citations that speak for themselves. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

223. Paragraph 223 contains case law that speaks for itself. Defendant Creuzot admits that former Secretary of State David Whitley issued an advisory decision to county registrars claiming to have a list of 95,000 noncitizens who were unlawfully registered to vote, resulting in a lawsuit and the cited opinion, which included the quoted statements. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

224. Due to the vagueness and generality of the allegations in Paragraph 224, Defendant Creuzot is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

225. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 225, therefore the allegations are denied.

226. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 226, therefore the allegations are denied.

227. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 227, therefore the allegations are denied.

228. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 228, therefore the allegations are denied.

229. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 229, therefore the allegations are denied.

230. Due to the vagueness and generality of the allegations in Paragraph 230, Defendant Creuzot is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

231. Paragraph 231 contains legal conclusions and argument to which no responsive pleading is required. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 231, therefore the allegations are denied.

232. Paragraph 232 contains references to quotes or ads from politicians that speak for themselves. To the extent that the allegations in Paragraph 232 contains factual allegations to which a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 232, therefore the allegations are denied.

233. Paragraph 233 contains references to quotes or ads from politicians that speak for themselves. To the extent that the allegations in Paragraph 233 contains factual allegations to which a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 233, therefore the allegations are denied.

234. Paragraph 234 contains references to quotes or ads from politicians that speak for themselves. To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 234, therefore the allegations are denied.

235. Paragraph 235 contains references to quotes or ads from politicians that speak for themselves. To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 235, therefore the allegations are denied.

236. Defendant Creuzot admits that George Floyd and Breonna Taylor were killed in incidents involving police shootings. Due to the vagueness and generality of the remaining allegations in Paragraph 236, Defendant Creuzot is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

237. Paragraph 237 contains references to quotes or statements from politicians that speak for themselves. To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 237, therefore the allegations are denied.

238. Paragraph 238 contains references to quotes or ads from politicians that speak for themselves. To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 238, therefore the allegations are denied.

239. Paragraph 239 contains references to quotes or ads from politicians that speak for themselves. To the extent a responsive pleading is required, Defendant Creuzot is without

sufficient information or knowledge to admit or deny the allegations in Paragraph 239, therefore the allegations are denied.

240.     Due to the vagueness and generality of the allegations in Paragraph 240, Defendant Creuzot is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

241.     Paragraph 241 contains case law that speaks for itself. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

242.     Paragraph 242 contains argument to which no responsive pleading is required.  To the extent a response is required, due to the vagueness and generality of the allegations in Paragraph 242, Defendant Creuzot is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

243.     Paragraph 243 contains argument to which no responsive pleading is required.  To the extent a response is required, due to the vagueness and generality of the allegations in Paragraph 243, Defendant Creuzot is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

244.     Paragraph 244 contains references to statistical data that speaks for itself. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 244, therefore the allegations are denied.

245.     Due to the vagueness and generality of the allegations in Paragraph 245, Defendant Creuzot is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

246. Paragraph 246 contains references to statistical data that speaks for itself. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 246, therefore the allegations are denied.

247. Paragraph 247 contains references to statistical data that speaks for itself. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 247, therefore the allegations are denied.

248. Defendant Creuzot admits that the Texas Supreme Court is the highest state court for civil and juvenile cases and the Texas Court of Criminal Appeals is the highest state court for criminal cases, and that the Justices on the Texas Supreme Court and the Judges on the Texas Court of Criminal Appeals are elected officials. Due to the vagueness and generality of the allegations in Paragraph 248, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 248, therefore the allegations are denied.

**CLAIMS FOR RELIEF**
**COUNT I**
**52 U.S.C. § 10301(a)**
**Violation of Section 2 of the Voting Rights Act**
**Against All Defendants**

249. With regard to Paragraph 249, Defendant Creuzot repeats and reaffirms his answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

250. Paragraph 250 contains legal conclusions to which no response is required and statutory citations/case law that speak for themselves.

251. Paragraph 251 contains arguments to which no response is required and statutory citations/case law that speak for themselves.

252.    Paragraph 252 contains legal conclusions and argument to which no responsive pleading is required. Defendant Creuzot admits that the Texas Legislature passed SB 1 and there was record voter turnout in the 2020 election. As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

253.    Paragraph 253 contains legal conclusions and argument to which no responsive pleading is required. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 253, therefore the allegations are denied.

254.    Paragraph 254 contains legal conclusions and argument to which no responsive pleading is required. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 254, therefore the allegations are denied.

255.    Paragraph 255 contains legal conclusions and argument to which no responsive pleading is required. To the extent a response is required, Defendant Creuzot admits that LULAC Texas, Texas AFT, and Texas Alliance for Retired Americans have Black and Latino members. As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 255, therefore the allegations are denied.

256.    Paragraph 256 of Plaintiffs' Complaint contains legal conclusions and argument to which no responsive pleading is required. To the extent that the remaining allegations in Paragraph 256 contains factual allegations to which a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

## COUNT II
### U.S. Const. Amends. I, XIV; 42 U.S.C. § 1983
### Undue Burden on the Right to Vote
### Against Defendants Gonzales, Garza, Ogg, Rodriguez, Creuzot, Rosales, Callanen,
### DeBeauvoir, Longoria, Ramón, Scarpello, and Wise

257.     With regard to Paragraph 257, Defendant Creuzot repeats and reaffirms his answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

258.     Paragraph 258 contains legal conclusions to which no response is required and references to Constitutional provisions that speak for themselves.

259.     Paragraph 259 contains arguments to which no response is required and citations to case law that speak for themselves.

260.     Paragraph 260 contains citations to case law that speak for themselves.

261.     Paragraph 261 of Plaintiffs' Complaint contains arguments to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

262.     Paragraph 262 of Plaintiffs' Complaint contains legal conclusions and arguments to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant Creuzot admits there is a fundamental right to vote. Defendant Creuzot denies that he has deprived Plaintiffs or their members of such rights. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

263.     Paragraph 263 of Plaintiffs' Complaint contains legal conclusions and arguments to which no responsive pleading is required. To the extent a responsive pleading is required,

Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

264.    Paragraph 264 of Plaintiffs' Complaint contains legal conclusions and arguments to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations, therefore the allegations are denied.

265.    Paragraph 265 contains legal conclusions and arguments to which no response is required. To the extent a responsive pleading is required, Defendant Creuzot admits that SB 1 grants certain authority to poll watchers and sets forth certain criminal penalties for refusing to accept poll watchers who are otherwise authorized to enter polling places or obstructing a poll watcher's ability to observe activities in the polling place.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

266.    Paragraph 266 contains legal conclusions and arguments to which no response is required. To the extent that a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations, therefore the allegations are denied.

267.    Due to the vagueness and generality of the allegations in Paragraph 267, Defendant Creuzot is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

268.    Paragraph 268 contains legal conclusions and arguments to which no response is required. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 268, therefore the allegations are denied.

269.     Paragraph 260 of Plaintiffs' Complaint contains arguments to which no responsive pleading is required. To the extent a responsive pleading is required. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

270.     Paragraph 270 contains legal conclusions and arguments to which no response is required. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 270, therefore the allegations are denied.

271.     Paragraph 271 contains legal conclusions and arguments to which no response is required. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 271, therefore the allegations are denied.

272.     Paragraph 272 of Plaintiffs' Complaint contains arguments to which no responsive pleading is required. To the extent a responsive pleading is required. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

## COUNT III
### U.S. Const. Amends. I, XIV; 42 U.S.C. § 1983
### Restriction on Free Speech and Expression
### Against Defendants Gonzales, Garza,  Ogg, Rodriguez, Creuzot, Rosales, Callanen, DeBeauvoir, Longoria, Ramón, Scarpello, and Wise

273.     With regard to Paragraph 273, Defendant Creuzot repeats and reaffirms his answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

274.     Paragraph 274 contains legal conclusions to which no response is required and citations to case law that speak for themselves.

275.    Paragraph 275 contains legal conclusions to which no response is required and citations to case law that speak for themselves.

276.    Paragraph 276 contains legal conclusions to which no response is required and citations to case law that speak for themselves.

277.    Paragraph 277 contains legal conclusions to which no response is required and citations to statutory provisions that speak for themselves.  To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

278.    Paragraph 278 contains legal conclusions or arguments to which no response is required.  To the extent a responsive pleading is required, Defendant Creuzot admits that SB 1 prohibits "vote harvesting services."  Due to the vagueness and generality of the allegations in Paragraph 278, Defendant Creuzot is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

279.    Paragraph 279 contains legal conclusions to which no response is required and citations to statutory provisions that speak for themselves.  To the extent a responsive pleading is required, Defendant Creuzot admits that SB 1 prohibits "vote harvesting services" for compensation or benefits and sets forth criminal penalties for the violation of the "vote harvesting services" provision. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

280.    Paragraph 280 contains arguments to which no response is required and citations to statutory provisions that speak for themselves.  To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

281.     Paragraph 281 contains legal conclusions and arguments to which no response is required.  To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

282.     Paragraph 282 contains legal conclusions and arguments to which no response is required.  To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

283.     Paragraph 282 contains legal conclusions and arguments to which no response is required.  To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

284.     Paragraph 284 of Plaintiffs' Complaint contains legal conclusions and arguments to which no responsive pleading is required and citations to statutory provisions that speak for themselves. To the extent that a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

285.     Paragraph 285 contains legal conclusions and arguments to which no response is required. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 285, therefore the allegations are denied.

286.     Paragraph 286 of Plaintiffs' Complaint contains legal conclusions and arguments to which no responsive pleading is required. To the extent a responsive pleading is required.

Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

**COUNT IV**
**52 U.S.C. § 10508**
**Violation of Section 208 of the Voting Rights Act**
**Against All Defendants**

287.     With regard to Paragraph 287, Defendant Creuzot repeats and reaffirms his answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

288.     Paragraph 288 contains legal conclusions to which no response is required and statutory citations that speak for themselves.

289.     Paragraph 289 contains legal conclusions to which no response is required and statutory citations to legislative history that speaks for itself. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 289, therefore the allegations are denied.

290.     Paragraph 290 contains legal conclusions to which no response is required and statutory/case law citations that speak for themselves.

291.     Paragraph 291 contains legal conclusions to which no response is required and citations to statutory provisions that speak for themselves.  To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

292.     Paragraph 292 contains legal conclusions to which no response is required and citations to statutory provisions that speak for themselves.  To the extent a responsive pleading is

required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

293.     Paragraph 293 contains legal conclusions or arguments to which no response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

294.     Paragraph 294 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

## PRAYER FOR RELIEF

295.     Defendant Creuzot denies the allegations, if any, contained in the Prayer section of the Complaint and denies that Plaintiffs are entitled to the relief requested, including declaratory or injunctive relief relative to Defendant Creuzot, and denies that Plaintiff may recover any costs, disbursements, and reasonable attorney's fees from Defendant Creuzot.

## DEFENSES AND AFFIRMATIVE DEFENSES

296.     By pleading the following Defenses or Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiffs retain the burden of proof on all matters necessary to prove the claims asserted in the Complaint and to establish their alleged damages.

## FIRST DEFENSE

297.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted as to Defendant Creuzot.

## SECOND DEFENSE

298.    Defendant Creuzot at all times acted in accordance with the United States Constitution and the laws of the State of Texas and in good faith.

### THIRD DEFENSE

299.    Plaintiffs lack standing on some or all off their claims.

### FOURTH DEFENSE

300.    Plaintiffs' Section 1983 claims are barred to the extent that Defendant Creuzot is not a policymaker as to SB 1. Defendant Creuzot is not empowered or authorized to change Texas law passed by the Legislature and signed by the Governor.

### FIFTH DEFENSE

301.    Plaintiffs' claims are barred in whole or in part by sovereign immunity, including 11th amendment immunity to the extent that Defendant Creuzot is enforcing/applying state law, SB 1.

### SIXTH DEFENSE

302.    Plaintiffs' claims against Defendant Creuzot are barred to the extent that he has no power to redress Plaintiffs' injuries.

### SEVENTH DEFENSE

303.    To the extent that Plaintiffs have not sustained any injury or damage as a result of any actions taken by Defendant Creuzot, they should be barred from recovering against him. Equity and justice bar Plaintiffs' recovery of attorneys' fees from Defendant Creuzot in this lawsuit.

304.    Defendants reserve the right to raise additional defenses and affirmative defenses to the claims alleged.

### JURY DEMAND

305.    Defendant Creuzot hereby demands a trial by jury on all triable issues. Fed. R. Civ. P. 38(b); Fed. R. Civ. P. 81(c)(3)(b).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Creuzot prays that the Court will dismiss this suit with prejudice as to Defendant Creuzot, that Plaintiffs take nothing by this action against him, that he recover his costs including a reasonable attorney's fee herein, and any other relief to which he may be justly entitled under the law.

Respectfully submitted,

**JOHN CREUZOT**
**DISTRICT ATTORNEY**

/s/ Barbara S. Nicholas
BARBARA S. NICHOLAS
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR No. 24032785
Barbara.nicholas@dallascounty.org

Ben Stool
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR No. 19312500
Ben.stool@dallascounty.org

CIVIL DIVISION
Dallas County Records Building
500 Elm Street, Suite 6300
Dallas, TX 75202
(214) 653-7358
(214) 653-6134 (FAX)

**ATTORNEYS FOR DEFENDANT JOHN CREUZOT IN HIS OFFICIAL CAPACITY AS DALLAS COUNTY DISTRICT ATTORNEY**

## CERTIFICATE OF SERVICE

I, hereby certify that the foregoing document was filed electronically on March 8, 2022, with the Clerk of the Court for the Western District of Texas by using the CM/ECF system, causing electronic service upon all counsel of record.

*/s/ Barbara S. Nicholas*
BARBARA S. NICHOLAS