# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LA UNION DEL PUEBLO ENTERO, et al.,** | § § § § | |
| **Plaintiffs,** | § § § | |
| **v.** | § § § | **CIVIL ACTION NO:** **5:21-CV-0844-XR** |
| **GREGORY W. ABBOTT, et al.,** | § § § | |
| **Defendants.** | § | |

**FIRST AMENDED ANSWER OF DEFENDANT JOHN CREUZOT TO PLAINTIFFS LA UNIÓN DEL PUEBLO ENTERO, FRIENDSHIPWEST BAPTIST CHURCH, THE ANTI-DEFAMATION LEAGUE AUSTIN, SOUTHWEST, AND TEXOMA REGIONS, SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT, TEXAS IMPACT, MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS, TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION, JOLTACTION, WILLIAM C. VELASQUEZ INSTITUTE, FIEL HOUSTON, INC., and JAMES LEWIN'S SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant John Creuzot ("Defendant Creuzot" or "Creuzot"), in his official capacity, and for his First Amended Answer to Plaintiffs La Unión Del Pueblo Entero, Friendship-West Baptist Church, the Anti-Defamation League Austin, Southwest, And Texoma Regions, Southwest Voter Registration Education Project, Texas Impact, Mexican American Bar Association Of Texas, Texas Hispanics Organized For Political Education, Jolt Action, William C. Velasquez Institute, Fiel Houston Inc., and James Lewin's Amended Complaint ("Complaint") (Doc. 208), and admits, denies, and alleges as follows:

# I.
## RESPONSIVE PLEADINGS

### INTRODUCTION

1.      Defendant Creuzot admits that it was reported that the Texas Secretary of State office said that the 2020 general election in Texas was "smooth and secure," the 2020 General Election took place during a global pandemic, election officials and voters had to deal with obstacles due to the pandemic, and the Texas electorate is changing. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 1, therefore the allegations are denied.

2.      Paragraph 2 contains legal conclusions and arguments to which no response is required and statutory citations that speak for themselves. As to the remaining allegations, Defendant Creuzot admits that the Texas Legislature enacted S.B. 1 and S.B. 1 imposes new requirements. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

3.      Paragraph 3 of Plaintiffs' Complaint contains legal conclusions and argument to which no responsive pleading is required and references to quotes or statements from politicians that speak for themself. To the extent any response is required, Defendant admits that Gregory W. Abbott is the governor of the State of Texas and has called for voting reform legislation. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 3, therefore the allegations are denied.

4.      Paragraph 4 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Creuzot admits that Texas has a racially diverse electorate, the Texas electorate is changing, and some Texas legislatures have made claims

of threats to election integrity. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

5.  Paragraph 5 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. To the extent a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

6.  Paragraph 6 contains factual allegations and legal conclusions to which a responsive pleading is not required. To the extent the allegations in Paragraph 6 contains factual allegations to which a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations, therefore the allegations are denied.

## II. JURISDICTION AND VENUE

7.  Paragraph 7 contains statements to which no responsive pleading is required. To the extent a response is required, Defendant Creuzot admits that Plaintiffs bring this action under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4); however, Defendant Creuzot denies that the Court has jurisdiction over all the claims against him since some of the Plaintiffs lack standing.

8.  Defendant Creuzot admits that venue is proper, and Defendant Creuzot resides in Texas. Defendant Creuzot, however, denies that he performs his official duties in this district.

## III. PARTIES

9.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 9, therefore the allegations are denied.

10. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 10, therefore the allegations are denied.

11.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 11, therefore the allegations are denied.

12.     Defendant Creuzot admits that Plaintiff Anti-Defamation League Austin, Southwest, and Texoma Regions ("ADL") admits that ADL claims its mission is protection of civil rights, including against discrimination, racism, extremism, and antisemitism and to fight hatred in all its forms. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 12, therefore the allegations are denied.

13.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 13, therefore the allegations are denied.

14.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 14, therefore the allegations are denied.

15.     Defendant Creuzot admits that the Mexican American Bar Association of Texas ("MABA-TX") is an organization of Latino lawyers in Texas.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 15, therefore the allegations are denied.

16.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 16, therefore the allegations are denied.

17.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 17, therefore the allegations are denied.

18.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 18, therefore the allegations are denied.

19.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 19, therefore the allegations are denied.

20.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 20, therefore the allegations are denied.

**B.   Defendants**

21.     Defendant Creuzot admits Paragraph 21.

22.     Paragraph 22 contains references to statutory authority that speak for themselves. As to the remainder of the allegations, Defendant Creuzot admits that John B. Scott is the current Texas Secretary of State, and that the Texas Election Code indicates that the Texas Secretary of State provides direction and guidance.

23.     Paragraph 23 contains legal arguments to which no response is required and references to pleadings that speak for themself.  To the extent any response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

24.     Paragraph 24 contains references to the Texas Election Code, which speak for themselves.

25.     Paragraph 25 contains references to the Texas Election Code, which speak for themselves.

26.     Paragraph 26 contains references to the Texas Election Code and legal arguments regarding the Texas Election Code, which speak for themselves.  To the extent any response is required, Defendant Creuzot admits that the Texas Secretary of State's office may be involved in identifying certain violations of the Texas Election Code.

27.     Paragraph 27 contains references to the Texas Election Code, which speak for themselves.

28.     Paragraph 28 contains references to the Texas Election Code, which speak for themselves.

29.     Paragraph 29 contains references to the Texas Election Code, which speak for themselves.

30.     Paragraph 30 contains references to the Texas Election Code, which speak for themselves.

31.     Paragraph 31 contains references to the Texas Election Code and legal arguments regarding the Texas Election Code, which speak for themselves.  To the extent any response is required, Defendant Creuzot admits that the Texas Secretary of State has an active role in enforcing the provisions of the Texas Election Code, some of which may carry criminal penalties.

32.     Paragraph 32 contains references to the Texas Election Code, which speak for themselves.

33.     Paragraph 33 contains references to the Texas Secretary of State's website, which speaks for itself.

34.     Paragraph 34 contains references to SB 1, which speak for themselves. As to the remaining allegations, Defendant admits a "Poll Watchers Guide" is available on the SOS website. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

35.     Paragraph 35 contains references to SB 1 and the Texas Election Code, which speak for themselves.

36.     Paragraph 36 is ambiguous as to "chief law enforcement officer."  Defendant Creuzot admits that Warren K. Paxton is the attorney general of Texas and is sued in his official

capacity in this action. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

37.    Paragraph 37 contains references to case law, which speaks for itself, and is ambiguous as to "chief law enforcement officer." Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

38.    Paragraph 38 contains references to the Texas Attorney General's website, which speaks for itself.

39.    Paragraph 39 contains references to Texas case law, Texas statutes, legal conclusions, and legal arguments to which no response is required. Defendant Creuzot admits that Defendant Paxton may assist Texas district attorneys and Texas county attorneys who request assistance from Defendant Paxton to prosecute criminal cases specified by those local Texas prosecuting attorneys.

40.    Paragraph 40 contains legal conclusions to which no response is required and a reference to SB 1, which speaks for itself.

41.    Paragraph 41 contains legal conclusions and legal arguments to which no response is required. As to the remaining allegations, Defendant Creuzot admits that Defendant Paxton has filed suit to enforce provisions of the Texas Election Code. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

42.    Paragraph 42 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent any response is required, Defendant Creuzot admits that Defendant Paxton announced the formation of a Texas Election Integrity Unit and has stated that

the prosecution of election related offenses is one of his priorities. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

43.     Defendant Creuzot admits paragraph 43.

44.     Paragraph 44 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond.

45.     Paragraph 45 contains references to the Texas Election Code. To the extent any response is required, Defendant Creuzot admits that local election officials are involved in administering local elections in Texas pursuant to, inter alia, federal and state law, including the Texas Election Code and Texas Administrative Code rules and forms promulgated by the Texas Secretary of State; and, that local election officials review ballot applications, mail carrier and ballot envelopes to voters, receive and process carrier envelopes and marked ballots, and count the results. Paragraph 45 is vague as to "local election officials;" thus, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 45 as to verifying voter signatures.

46.     Paragraph 46 contains references to the Texas Election Code, which speak for themselves.

47.     Paragraph 47 contains references to the Texas Election Code, which speak for themselves.

48.     Defendant Creuzot admits that he is the Criminal District Attorney of Dallas County, Texas and admits the remaining allegations in Paragraph 48.

49.     Paragraph 49 is not directed to Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent a response is required, Defendant admits that Yvonne Rosales is the El Paso County District Attorney.

50.     Paragraph 50 is not directed to Defendant Creuzot and Defendant Creuzot is not required to respond. To the extent a response is required, Defendant admits that Jose Garza is the Travis County District Attorney.

51.     Paragraph 51 contains references to the Texas Election Code, which speak for themselves. To the extent a response is required, Defendant Creuzot admits that Defendant Scarpello is responsible for implementing various provisions of S.B. 1 in Dallas County, Texas. Defendant Creuzot also admits that it is within his prosecutorial discretion to investigate and prosecute criminal offenses amended and created by SB 1. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 51 as to verifying voter signatures.

52.     All of Paragraph 52 is not directed at Defendant Creuzot and Defendant Creuzot is not required to respond to such sections. Defendant objects to Paragraph 52 as vague as to "charged." As to the remainder of the allegations, Defendant Creuzot admits that he has prosecutorial discretion to investigate and prosecute criminal offenses amended and created by SB 1. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 52, therefore the allegations are denied.

## IV. FACT BACKGROUND

**A.  Texas law has long restricted Latino and Black citizens' right to vote.**

53.     Paragraph 53 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Creuzot admits that Texas has a history of

discrimination against Latinos and Blacks in the voting and electoral processes. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

54.     Defendant Creuzot admits that Texas gained statehood in 1845. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 54, therefore the allegations are denied.

55.     Paragraph 55 contains arguments to which no response is required. As to the remaining allegations, Defendant Creuzot admits that Latinos and Blacks were disenfranchised at certain points in Texas history; Texas had a poll tax, which disenfranchised Black and Latino voters who could not or would not pay the poll tax; and that Texas' poll tax was found unconstitutional by the United States Supreme Court.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

56.     Paragraph 56 contains arguments to which no response is required and references to prior statutes and a newspaper article speak for themselves.  To the extent that the allegations in Paragraph 56 contains factual allegations to which a responsive pleading is required, Defendant Creuzot admits that at a certain point in Texas history, Texas law discriminated against Black and Latino voters by using poll taxes and an all-white primary system which disenfranchised voters of color.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

57.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 57, therefore the allegations are denied.

58.	Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 58, therefore the allegations are denied.

59.	Paragraph 59 contains references to case law that speak for themselves. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

60.	Paragraph 60 contains legal conclusions and arguments to which no response is required and references to case law that speak for themselves. To the extent that the allegations in Paragraph 60 contains factual allegations to which a responsive pleading is required, Defendant Creuzot admits that Texas has adopted voting measures such as photo voter identification that court(s) have held had a discriminatory effect on Latinos or Blacks. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

61.	Paragraph 61 contains arguments to which no response is required. As to the remainder of the allegations, Defendant Creuzot admits that former Secretary of State David Whitley issued an advisory decision to county registrars claiming to have a list of 95,000 noncitizens who were unlawfully registered to vote, resulting in a lawsuit and the cited opinion, which included the quoted statements. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

**B.	Before SB 1, Texas was already among the states that made it hard to vote.**

62.	Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 62, therefore the allegations are denied.

63.	Paragraph 63 contains arguments to which no response is required and is vague as to "some special showing." As to the remainder of the Allegations, Defendant Creuzot admits that

voting by mail in Texas is only for individuals who (a) are 65 or older; (b) are sick or disabled; (c) will be out of the county during the entire election period (early voting and election day); or (d) are confined to jail but otherwise eligible to vote. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

64.     Paragraph 64 contains references to statistical data that speaks for itself. As to the remainder, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 64, therefore the allegations are denied.

**C.     The 2020 General Election tested Texas voters in the unprecedented ways – and Texans passed with flying colors.**

65.     Paragraph 65 contains references to statistical data that speaks for itself. As to the remainder, Defendant Creuzot admits that the 2018 midterm elections saw highest voter turnout in Dallas County, Texas compared to previous midterm elections. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations, therefore the allegations are denied.

66.     Paragraph 66 contains references to statistical data that speaks for itself. As to the remainder, Defendant Creuzot admits that in the 2020 general election there was high voter turnout in Texas in spite of the Covid-19 pandemic, which has killed tens of thousands in Texas. Defendant Creuzot is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

67.     Defendant Creuzot admits that the 2020 election took place during a Covid-19 pandemic. Due to the vagueness and generality of the allegations in Paragraph 67, Defendant

Creuzot is unable to admit or deny the remainder of the allegations, therefore the allegations are denied.

68.     Defendant Creuzot admits that, in the 2020 general election for state and county officers, there was increased voter turnout in Texas. As to the remainder of the allegations in Paragraph 68, Defendant Creuzot is without sufficient information or knowledge to admit or deny same, therefore the allegations are denied.

69.     Paragraph 69 is vague as to "community based civic engagement." Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 69, therefore the allegations are denied.

70.     Paragraph 70 references a Texas Secretary of State checklist that speaks for itself.

71.     Paragraph 71 references a Texas Secretary of State checklist that speaks for itself.

72.     Paragraph 72 references a proclamation by Defendant Abbott that speaks for itself.

73.     Paragraph 73 contains arguments to which no response is required and is vague as to "creative ways." To the extent that a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

74.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 74, therefore the allegations are denied.

75.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 75, therefore the allegations are denied.

76.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 76, therefore the allegations are denied.

77.     Paragraph 77 contains arguments to which no response is required and references a proclamation by Defendant Abbott that speaks for itself.  To the extent a responsive pleading is required, Defendant Creuzot admits that some voters may have sought to vote by mail due to the pandemic to protect their health, Defendant Abbott issued a proclamation that limited mail ballot drop-off locations to one per county, and Defendant Paxton filed suit against the Harris County Clerk concerning mail ballot applications.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 77, therefore the allegations are denied.

**D. Following a historically successful election, some Texas politicians made baseless allegations of cheating.**

78.     Paragraph 78 contains arguments to which no response is required and is vague as to "resounding success."  Paragraph 78 also contains references to a newspaper article that speaks for itself.

79.     Paragraph 79 contains references to statement of Defendant Abbott that speaks for itself. As to the remainder of the allegations, Defendant Creuzot admits that Defendant Abbott stated that election integrity was an emergency item for the 2021 legislative term.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations Paragraph 79, therefore the allegations are denied.

80.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 80, therefore the allegations are denied.

81.     Defendant Creuzot admits that he is unaware of any widespread voter fraud in the 2020 election for state and county officers or other local Texas elections. Defendant Creuzot is

without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 81, therefore the allegations are denied.

**E. The Texas Legislature takes up anti-voter legislation.**

82. Paragraph 82 contains arguments to which no response is required. To the extent a response is required, Defendant Creuzot admits that the Texas Legislature proposed legislation in the name of election integrity. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 82, therefore the allegations are denied.

83. Paragraph 83 contains references to SB 1 and SB 7 that speaks for themselves. As to the remaining allegations, Defendant Creuzot admits that Texas Senator Bryan Hughes introduced SB 7, which was not enacted, and that SB 7 has some similar provisions to SB 1. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 83, therefore the allegations are denied.

84. Paragraph 84 contains references to SB 1 that speak for themselves. As to the remaining allegations, Defendant Creuzot admits that Senator Bryan Hughes introduced SB 1, which passed the senate on a party-line vote following a filibuster. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 84, therefore the allegations are denied.

85. Paragraph 85 contains references to SB 1 and legislative bill history that speaks for themselves. As to the remaining allegations, Defendant Creuzot admits that SB 1 was heard before the House Select Committee on Constitutional Rights and Remedies and that the Committee passed SB 1. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 85, therefore the allegations are denied.

86.     Paragraph 86 contains references to SB 1 and legislative bill history that speak for themselves.  As to the remaining allegations, Defendant Creuzot admits that SB 1 was debated in the house, which adopted several amendments to SB 1.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 86, therefore the allegations are denied.

87.     Defendant Creuzot admits that the house passed SB 1.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 87, therefore the allegations are denied.

88.     Defendant Creuzot admits Paragraph 88.

89.     Defendant Creuzot admits that the house and senate passed SB 1 and that SB 1 was sent to the Governor for his signature.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 89, therefore the allegations are denied.

90.     Paragraph 90 contains references to a public statement of Governor Abbott that speaks for itself.  To the extent a response is required, Defendant Creuzot admits that the Texas Legislature passed SB 1 and that Governor Abbott has publicly spoken about election integrity. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 90, therefore the allegations are denied.

91.     Defendant Creuzot admits Paragraph 91.

92.     Defendant Creuzot admits Paragraph 92.

93.     Defendant Creuzot admits that the next general election for state and county officers in the State of Texas, which is also a Uniform Election Date, will be held on November 8,

2022. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 93, therefore the allegations are denied.

**F. State officials, including the Secretary, commence a "forensic audit" of Texas elections.**

94.    Paragraph 94 contains references to a public statement of the Texas Secretary of State that speaks for itself.  To the extent a response is required, Defendant Creuzot admits that the Texas Secretary of State is conducting an audit of the 2020 general election in Dallas County, Texas; Harris County, Texas; Tarrant County, Texas; and Collin County, Texas, and that Dallas County and Harris counties have had Democratic majorities in the last five years and Tarrant County and Collin counties have had Republican majorities in the last five years.

95.    Paragraph 95 contains references to materials on the Texas Secretary of State's website that speak for themselves.

96.    Paragraph 96 contains references to materials on the Texas Secretary of State's website that speak for themselves.

97.    Paragraph 97 contains references to an office bulletin from Defendant Abbott and a news article that speak for themselves.  Defendant Creuzot admits that a new Election Audit Division was formed by the State of Texas that is tasked with conducting forensic audits of elections.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 97, therefore the allegations are denied.

**G**. **State officials, including the Attorney General, support increased criminal penalties for so-called "illegal voting."**

98.    Paragraph 98 contains references to a letter and press release of Defendant Abbott that speak for themselves.  To the extent a response is required, Defendant Creuzot is without

sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 98, therefore the allegations are denied.

99.     Paragraph 99 references a statement of Texas Lieutenant Governor Dan Patrick that speaks for itself. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 99, therefore the allegations are denied.

100.     Paragraph 100 references a tweet by Defendant Paxton that speaks for itself.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 100, therefore the allegations are denied.

101.     Paragraph 101 contains references to SB 10 that speaks for themselves. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 101, therefore the allegations are denied.

**H. SB 1 imposes burdens that will discourage, intimidate and deter eligible Texas voters, and will disproportionately impact voters of color and voters with disabilities.**

102.     Paragraph 102 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 102, therefore the allegations are denied.

**1.     SB1 restricts the ability of eligible Texans, including voters who have limited English proficiency, disabilities, and less formal education, to access voter assistance.**

103.     Paragraph 103 references a statement of Representative Bernal that speaks for itself.

104.     Paragraph 104 contains legal conclusions or arguments to which no response is required and makes references to SB 1 that speak for themselves. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 104, therefore the allegations are denied.

105.     Paragraph 105 contains references to statistical data that speaks for itself.  To the extent a response is required, Defendant Creuzot admits that there are U.S. Citizens with limited English proficiency in various Texas counties and that there are Latino and Asian Americans with limited English proficiency in Texas.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 105, therefore the allegations are denied.

106.     Paragraph 106 contains references to statistical data that speaks for itself.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph 106, therefore the allegations are denied.

107.     Paragraph 107 contains legal conclusions to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Creuzot admits that SB 1 creates new requirements for assistance for voters.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 107, therefore the allegations are denied.

108.     Paragraph 108 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Creuzot admits that SB 1 promulgates new rules regarding the oath that one must take when providing assistance to a voter.  Defendant Creuzot is without sufficient information or

knowledge to admit or deny the remaining allegations in Paragraph 108, therefore the allegations are denied.

109.	Paragraph 109 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 109, therefore the allegations are denied.

110.	Paragraph 110 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 110, therefore the allegations are denied.

111.	Paragraph 111 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 111, therefore the allegations are denied.

112.	Paragraph 112 contains legal arguments to which no response is required and references to SB 1 that speak for themselves. As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 112, therefore the allegations are denied.

113.	Paragraph 113 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 113, therefore the allegations are denied.

114.    Paragraph 114 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 114, therefore the allegations are denied.

115.    Paragraph 115 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 115, therefore the allegations are denied.

116.    Paragraph 116 contains arguments to which no response is required. To the extent a response is required, Defendant Creuzot without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 116, therefore the allegations are denied.

**2. SB 1 opens the door to intimidation and misconduct at the polls by tying the hands of poll workers and election officials**.

117.    Defendant Creuzot admits that it is important for poll workers and election officials to effectively control and (if necessary) remove poll watchers who are unruly or violating the law. As to the remaining allegations in Paragraph 117, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

118.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 118, therefore the allegations are denied.

119.    Paragraph 119 contains arguments to which no response is required and references to SB 1 that speak for themselves. To the extent a response is required, Defendant Creuzot is

without sufficient information or knowledge to admit or deny the remaining allegations Paragraph 119, therefore the allegations are denied.

120.     Paragraph 120 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Creuzot admits that SB 1 promulgates new rules governing the acceptance of poll watchers and Section 4.06 criminalizes refusing to accept a poll watcher in certain instances. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 120, therefore the allegations are denied.

121.     Paragraph 121 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 121, therefore the allegations are denied.

122.     Paragraph 122 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 122, therefore the allegations are denied.

123.     Paragraph 123 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 123, therefore the allegations are denied.

124.     Paragraph 124 contains references to SB 1 and to the Texas Election Code that speak for themselves.

125. Paragraph 125 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.

126. Paragraph 126 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 126, therefore the allegations are denied.

127. Paragraph 127 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 127, therefore the allegations are denied.

128. Paragraph 128 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 128, therefore the allegations are denied.

129. Paragraph 129 contains legal conclusions and arguments to which no response is required. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 129, therefore the allegations are denied.

130. Paragraph 130 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 130, therefore the allegations are denied.

131.    Paragraph 131 contains legal conclusions and arguments to which no response is required.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 131, therefore the allegations are denied.

### 3. SB 1 prohibits voting procedures that facilitated record voter participation in 2020, despite no evidence that these measures contribute to voter fraud.'

132.    Paragraph 132 contains legal conclusions and arguments to which no response is required and is vague as to "important accommodations."  As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 132, therefore the allegations are denied.

133.    Paragraph 133 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 133, therefore the allegations are denied.

134.    Paragraph 134 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 134, therefore the allegations are denied.

135.    Paragraph 135 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.

136.    Paragraph 136 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 136, therefore the allegations are denied.

**4. SB1 criminalizes otherwise lawful voter assistance by community-based nonpartisan organizations through vague and overbroad "vote harvesting" prohibitions.**

137.    Paragraph 137 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 137, therefore the allegations are denied.

138.    Paragraph 138 contains references to SB 1 that speak for themselves.

139.    Paragraph 139 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 139, therefore the allegations are denied.

140.    Paragraph 140 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 140, therefore the allegations are denied.

141.    Paragraph 141 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 141, therefore the allegations are denied.

142.    Paragraph 142 contains legal conclusions and arguments to which no response is required and statutory citations that speak for themselves.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 142, therefore the allegations are denied.

143.    Paragraph 143 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 143, therefore the allegations are denied.

**5.    SB1 further burdens state officials and expands investigation of voter registration applicants and registered voters, despite no evidence of widespread voter fraud.**

144.    Defendant Creuzot admits that he is unaware of any widespread voter fraud in Dallas County, Texas.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 144, therefore the allegations are denied.

145.    Paragraph 145 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 145, therefore the allegations are denied.

146.    Paragraph 146 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 146, therefore the allegations are denied.

147.    Paragraph 147 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 147, therefore the allegations are denied.

148.    Paragraph 148 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required,

Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 148, therefore the allegations are denied.

### H. SB1 Will Harm Plaintiffs.

149. Paragraph 149 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 149, therefore the allegations are denied.

150. Paragraph 150 contains arguments to which no response is required. As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 150, therefore the allegations are denied.

151. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 151, therefore the allegations are denied.

152. Paragraph 152 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 152, therefore the allegations are denied.

153. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 153, therefore the allegations are denied.

154. Paragraph 154 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 154, therefore the allegations are denied.

155.     Paragraph 155 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 155, therefore the allegations are denied.

156.     Paragraph 156 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 156, therefore the allegations are denied.

157.     Paragraph 157 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 157, therefore the allegations are denied.

158.     Paragraph 158 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 158, therefore the allegations are denied.

159.     Paragraph 159 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 159, therefore the allegations are denied.

160.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 160, therefore the allegations are denied.

161.     Paragraph 161 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 161, therefore the allegations are denied.

162.     Paragraph 162 contains legal conclusions and arguments to which no response is required and references a provision of the Texas Election Code that speaks for itself.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 162, therefore the allegations are denied.

163.      Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 163, therefore the allegations are denied.

164.     Paragraph 164 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 164, therefore the allegations are denied.

165.     Paragraph 165 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 165, therefore the allegations are denied.

166.     Paragraph 166 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot admits that the majority of Friendship-West's congregation is Black.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 166, therefore the allegations are denied.

167.	Defendant Creuzot admits that Friendship-West indicates that its mission includes encouraging civil education and participation among its congregation, including registering eligible voters, hosting voter registration training, and holding events to encourage members to vote. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 167, therefore the allegations are denied.

168.	Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 168, therefore the allegations are denied.

169.	Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 169, therefore the allegations are denied.

170.	Paragraph 170 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 170, therefore the allegations are denied.

171.	Paragraph 171 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 171, therefore the allegations are denied.

172.	Paragraph 172 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 172, therefore the allegations are denied.

173.	Paragraph 173 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Creuzot is without sufficient information or

knowledge to admit or deny the remaining allegations in Paragraph 173, therefore the allegations are denied.

174.     Paragraph 174 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 174, therefore the allegations are denied.

175.     Paragraph 175 contains legal conclusions and arguments to which no response is required and references to SB 1 and the Texas Election Code that speak for themselves.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 175, therefore the allegations are denied.

176.     Paragraph 176 contains arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 176, therefore the allegations are denied.

177.     Paragraph 177 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 177, therefore the allegations are denied.

178.     Paragraph 178 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 178, therefore the allegations are denied.

179.     Paragraph 179 contains arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 179, therefore the allegations are denied.

180.     Paragraph 180 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 180, therefore the allegations are denied.

181.     Paragraph 181 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny allegations in Paragraph 181, therefore the allegations are denied.

182.     Paragraph 182 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 182, therefore the allegations are denied.

183.     Paragraph 183 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 183, therefore the allegations are denied.

184.     Paragraph 184 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 184, therefore the allegations are denied.

185.     Paragraph 185 contains arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 185, therefore the allegations are denied.

186.     Paragraph 186 contains arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 186, therefore the allegations are denied.

187.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 187, therefore the allegations are denied.

188.     Defendant Creuzot admits Paragraph 188.

189.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 189, therefore the allegations are denied.

190.     Paragraph 190 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 190, therefore the allegations are denied.

191.     Paragraph 191 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 191, therefore the allegations are denied.

192.     Paragraph 192 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 192, therefore the allegations are denied.

193.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 193, therefore the allegations are denied.

194.     Paragraph 194 contains legal conclusions and arguments to which no response is required.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 194, therefore the allegations are denied.

195.     Paragraph 195 contains legal conclusions and arguments to which no response is required.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 195, therefore the allegations are denied.

196.     Paragraph 196 contains arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 196, therefore the allegations are denied.

197.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 197, therefore the allegations are denied.

198.     Paragraph 198 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 198, therefore the allegations are denied.

199.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 199, therefore the allegations are denied.

200.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 200, therefore the allegations are denied.

201.     Paragraph 201 contains arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 201, therefore the allegations are denied.

202.     Paragraph 202 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 202, therefore the allegations are denied.

203.     Paragraph 203 contains arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 203, therefore the allegations are denied.

204.     Paragraph 204 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 204, therefore the allegations are denied.

205.     Paragraph 205 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 205, therefore the allegations are denied.

206.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 206, therefore the allegations are denied.

207.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 207, therefore the allegations are denied.

208. Paragraph 208 contains legal arguments to which no response is required. As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 208, therefore the allegations are denied.

209. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 209, therefore the allegations are denied.

210. Paragraph 210 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 210, therefore the allegations are denied.

211. Paragraph 211 contains legal conclusions and arguments to which no response is required. As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 211, therefore the allegations are denied.

212. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 212, therefore the allegations are denied.

213. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 213, therefore the allegations are denied.

214. Paragraph 214 contains legal arguments to which no response is required. As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 214, therefore the allegations are denied.

215. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 215, therefore the allegations are denied.

216.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 216, therefore the allegations are denied.

217.     Defendant Creuzot admits that election judges are election officials in Texas. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 217, therefore the allegations are denied.

### COUNT I
**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza**
**SB1 violates the First and Fourteenth Amendment of the U.S. Constitution.**

218.     With regard to Paragraph 218, Defendant Creuzot repeats and reaffirms his answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

219.     Paragraph 219 contains statements to which no response is required.

220.     Paragraph 220 contains citations to case law that speak for themselves.

221.     Paragraph 221 contains citations to case law that speak for themselves.

222.     Paragraph 222 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Creuzot admits that SB 1 adds new voting requirements, including for providing assistance at the polling place.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 222, therefore the allegations are denied.

223.     Paragraph 223 contains legal conclusions and arguments to which no responsive pleading is required and references to SB 1 that speak for themselves.  To the extent that the allegations in Paragraph 223 contains factual allegations to which a responsive pleading is required, Defendant Creuzot admits that SB 1 creates criminal penalties for violations of some of its ballot assistance and vote harvesting services provisions.  Defendant Creuzot is without

sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 223, therefore the allegations are denied.

224. Paragraph 224 of Plaintiffs' Complaint contains legal conclusions and arguments to which no responsive pleading is required and references to SB 1 that speak for themselves. To the extent that the allegations in Paragraph 224 contains factual allegations to which a responsive pleading is required, Defendant Creuzot admits that SB 1 includes oath requirements and enhanced criminal penalties for violations of some of its voter assistance provisions. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 224, therefore the allegations are denied.

225. Paragraph 225 of Plaintiffs' Complaint contains legal conclusions and arguments to which no responsive pleading is required and references to SB 1 that speak for themselves. To the extent that the allegations in Paragraph 225 contains factual allegations to which a responsive pleading is required, Defendant Creuzot admits that SB 1 criminalizes certain forms of compensated ballot assistance. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 225, therefore the allegations are denied.

226. Paragraph 226 of Plaintiffs' Complaint contains legal conclusions and arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 226 contains factual allegations to which a responsive pleading is required, Defendant Creuzot admits that some states allow all eligible voters to vote by mail. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 226, therefore the allegations are denied.

227. Paragraph 227 of Plaintiffs' Complaint contains legal conclusions and arguments to which no responsive pleading is required. To the extent a responsive pleading is required,

Defendant Creuzot admits that SB 1 includes new rules on filling out mail ballots and applications for mail ballots. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 227, therefore the allegations are denied.

228. Paragraph 228 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 228, therefore the allegations are denied.

229. Paragraph 229 of Plaintiffs' Complaint contains legal conclusions and arguments to which no responsive pleading is required. To the extent that the allegations in Paragraph 229 contains factual allegations to which a responsive pleading is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

## COUNT II
### Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza
### SB1 Violates the Fourteenth Amendment of The U.S. Constitution

230. With regard to Paragraph 230, Defendant Creuzot repeats and reaffirms his answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

231. Paragraph 231 contains statements to which no response is required.

232. Paragraph 232 contains references to a Constitutional provision that speaks for itself.

233. Paragraph 233 contains references to a Constitutional provision and case law that speak for themselves.

234.    Paragraph 234 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 234, therefore the allegations are denied.

235.    Paragraph 235 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 235, therefore the allegations are denied.

236.    Paragraph 236 contains arguments to which no response is required and references to court holdings that speak for themselves.  Defendant Creuzot admits that Texas has a history of discrimination against Latinos and Blacks in the voting and electoral processes.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 236, therefore the allegations are denied.

237.    Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 237, therefore the allegations are denied.

238.    Paragraph 238 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 238, therefore the allegations are denied.

239.    Paragraph 239 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 239, therefore the allegations are denied.

240.    Paragraph 240 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 240, therefore the allegations are denied.

241.    Paragraph 241 contains legal arguments and conclusions to which no response is required and apparent references to court holdings that speak for themselves.  Defendant Creuzot admits that SB 1 was enacted and that Texas has a history of racial discrimination in the voting context.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 241, therefore the allegations are denied.

### COUNT III
**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza**
**SB1 Violates the Fifteenth Amendment of the U.S. Constitution**

242.    With regard to Paragraph 242, Defendant Creuzot repeats and reaffirms his answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

243.    Paragraph 243 contains statements to which no response is required.

244.    Paragraph 244 contains references to a Constitutional provision that speaks for itself.

245.    Paragraph 245 contains references to a Constitutional provision and case law that speak for themselves.

246.    Paragraph 246 contains references to Constitutional provisions and case law that speak for themselves.

247.    Paragraph 247 contains legal conclusions and arguments to which no response is required.  As to the remaining allegations, Defendant Creuzot admits that SB 1 was enacted by the

Texas Legislature. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 247, therefore the allegations are denied.

248. Paragraph 248 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 248, therefore the allegations are denied.

249. Paragraph 249 contains arguments to which no response is required and references to court holdings that speak for themself. Defendant Creuzot admits that Texas has a history of discrimination against Latinos and Blacks in the voting and electoral processes. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 249, therefore the allegations are denied.

250. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 250, therefore the allegations are denied.

251. Paragraph 251 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 251, therefore the allegations are denied.

252. Paragraph 252 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 252, therefore the allegations are denied.

253. Paragraph 253 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Creuzot is without sufficient information

or knowledge to admit or deny the remaining allegations in Paragraph 253, therefore the allegations are denied.

254.     Paragraph 254 contains arguments to which no response is required and references to court holdings that speak for themselves.  Defendant Creuzot admits that SB 1 was enacted by the Texas Legislature and that Texas has a history of racial discrimination in the voting context. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 254, therefore the allegations are denied.

**COUNT IV**
**Against All Defendants**
**SB1 discriminates against minority voters**
**in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, et seq.**

255.     With regard to Paragraph 255, Defendant Creuzot repeats and reaffirms his answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

256.     Paragraph 256 contains statements to which no response is required.

257.     Paragraph 267 contains references to the Voting Rights Act that speaks for itself.

258.     Paragraph 258 contains references to case law that speak for themselves.

259.     Paragraph 259 contains references to case law that speak for themselves.

260.     Paragraph 260 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 260, therefore the allegations are denied.

261.     Paragraph 261 contains arguments to which no response is required and references to court holdings that speak for themself.  Defendant Creuzot admits that Texas has a history of

discrimination against Latinos and Blacks in the voting and electoral processes. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 261, therefore the allegations are denied.

262. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 262, therefore the allegations are denied.

263. Paragraph 263 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 263, therefore the allegations are denied.

264. Paragraph 264 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 264, therefore the allegations are denied.

265. Paragraph 265 contains legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 265, therefore the allegations are denied.

## COUNT V
### Against All Defendants
**SB1 impedes voters' practical ability to get necessary and statutorily guaranteed assistance in violation of Section 208 of the Voting Rights Act, 52 U.S.C. § 10508.**

266. With regard to Paragraph 266, Defendant Creuzot repeats and reaffirms his answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

267.     Paragraph 267 contains statements to which no response is required.

268.     Paragraph 268 contains references to the Voting Rights Act that speaks for itself.

269.     Paragraph 269 contains legal conclusions and arguments for which no response is required and references a portion of the Voting Rights Act that speaks for itself.

270.     Paragraph 270 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remaining allegations, Defendant Creuzot admits that Texas election law provides voters who need assistance with the right to receive such assistance and that SB 1 places limitations on certain assistance to voters. Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 270, therefore the allegations are denied.

271.     Paragraph 271 contains legal conclusions and arguments to which no response is required and references to a portion of the Voting Rights Act and case law that speak for themselves.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 271, therefore the allegations are denied.

## COUNT VI
**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza**
**SB1 discriminates against voters on the basis of a disability**
**in violation of Title II of the Americans with Disability Act, 42 U.S.C. § 12131, et seq.**

272.     With regard to Paragraph 272, Defendant Creuzot repeats and reaffirms his answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

273.     Paragraph 273 contains statements to which no response is required.

274.     Paragraph 274 contains references to the Americans with Disabilities Act ("ADA") that speaks for itself.

275.     Paragraph 275 contains references to the ADA, statutes, and regulations that speaks for themselves.

276.     Paragraph 276 contains references to a portion of the ADA that speaks for itself.

277.     Paragraph 277 contains references to statutes and case law that speaks for themselves. To the extent a response is required, Defendant Creuzot admits that certain provisions of the ADA apply to voting and that local governments must comply with certain provisions of the ADA so that people with disabilities can vote.

278.     Paragraph 278 contains legal conclusions to which no response is required and references to statutes that speak for themselves.  Paragraph 278 is also vague as to "public entities" in that Defendant Creuzot is not a public entity, a separate jural entity, or the governing body of Dallas County, Texas.  To the extent a response is required, Defendant Creuzot admits that the State of Texas is a public entity that must comply with Title II of the ADA and that Defendant Scarpello supervises voting operations in Dallas County, Texas.  Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 278, therefore the allegations are denied.

279.     Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 279, therefore the allegations are denied.

280.     Paragraph 280 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remaining allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 280, therefore the allegations are denied.

281.     Paragraph 281 contains legal conclusions and arguments to which no response is required and references to certain portions of SB 1 that speak for themselves.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 281, therefore the allegations are denied.

282.     Paragraph 282 contains legal conclusions and arguments and references to the ADA to which no response is required.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 282, therefore the allegations are denied.

283.     Paragraph 283 contains legal conclusions and arguments and references to the ADA to which no response is required.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 283, therefore the allegations are denied.

284.     Paragraph 284 contains legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 284, therefore the allegations are denied.

285.     Paragraph 285 contains arguments to which no response is required.  To the extent a response is required, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 285, therefore the allegations are denied.

**COUNT VII**
**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza**
**Section 7.04 of SB1 is unconstitutionally vague and burdens free speech**
**in violation of the First and Fourteenth Amendments to the U.S. Constitution.**

286.     With regard to Paragraph 286, Defendant Creuzot repeats and reaffirms his answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

287.     Paragraph 287 contains statements to which no response is required.

288.     Paragraph 288 contains references to case law that speak for themselves.

289.     Paragraph 289 contains references to case law that speak for themselves.

290.     Paragraph 290 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 290, therefore the allegations are denied.

291.     Paragraph 291 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 291, therefore the allegations are denied.

292.     Paragraph 292 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 292, therefore the allegations are denied.

293.     Paragraph 293 contains legal conclusions and arguments to which no response is required.   As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 293, therefore the allegations are denied.

294. Paragraph 294 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 294, therefore the allegations are denied.

295. Paragraph 295 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 295, therefore the allegations are denied.

296. Paragraph 296 contains arguments to which no response is required and references to case law that speak for themselves.

297. Paragraph 297 contains legal conclusions and arguments to which no response is required and references to a portion of SB 1 and case law that speak for themselves. As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 297, therefore the allegations are denied.

298. Defendant Creuzot is without sufficient information or knowledge to admit or deny the allegations in Paragraph 298, therefore the allegations are denied.

299. Paragraph 299 contains legal conclusions and arguments to which no response is required and references to a portion of SB 1 and statutes that speak for themselves. As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 299, therefore the allegations are denied.

300. Paragraph 300 contains legal conclusions and arguments to which no response is required. As to the remainder of the allegations, Defendant Creuzot is without sufficient

information or knowledge to admit or deny the remaining allegations in Paragraph 300, therefore the allegations are denied.

## COUNT VIII
### Against Defendants Scott. Paxton, Creuzot, Rosales, and Garza

### Section 4.09 of SB1 is unconstitutionally vague
### in violation of the Fourteenth Amendment to the U.S. Constitution

301.    With regard to Paragraph 301, Defendant Creuzot repeats and reaffirms his answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

302.    Paragraph 302 contains statements to which no response is required.

303.    Paragraph 303 contains legal arguments to which no response is required and references to SB 1 that speak for themselves.

304.    Paragraph 304 contains legal arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 304, therefore the allegations are denied.

305.    Paragraph 305 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 305, therefore the allegations are denied.

306.    Paragraph 306 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 306, therefore the allegations are denied.

307.     Paragraph 307 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves.  As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 307, therefore the allegations are denied.

308.     Paragraph 308 contains legal conclusions and arguments to which no response is required.  Defendant Creuzot denies that Plaintiffs are entitled to any relief against him under 42 U.S.C. § 1983.

309.     Paragraph 309 contains legal conclusions and arguments to which no response is required.

## COUNT IX
**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza**
**SB1 violates the First and Fourteenth Amendments of the U.S. Constitution.**

310.     With regard to Paragraph 310, Defendant Creuzot repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

311.     Paragraph 311 contains statements to which no response is required.

312.     Paragraph 312 contains legal conclusions and arguments to which no response is required and references to portions of SB 1 that speak for themselves.  As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 312, therefore the allegations are denied.

313.     Paragraph 313 contains legal conclusions and arguments to which no response is required.  As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 313, therefore the allegations are denied.

314.     Paragraph 314 contains legal conclusions and arguments to which no response is required and references to Constitutional provisions that speak for themselves. As to the remainder of the allegations, Defendant Creuzot is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 314, therefore the allegations are denied.

## PRAYER FOR RELIEF

315.     Defendant Creuzot denies the allegations contained in the Prayer section of the Complaint [1-6] and denies that Plaintiffs are entitled to the relief requested, including declaratory or injunctive relief relative to Defendant Creuzot, and denies that Plaintiffs may recover any costs, disbursements, and reasonable attorney's fees from Defendant Creuzot.

## DEFENSES AND AFFIRMATIVE DEFENSES

316.     By pleading the following Defenses or Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiffs retain the burden of proof on all matters necessary to prove the claims asserted in the Complaint and to establish their alleged damages.

## FIRST DEFENSE

317.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted as to Defendant Creuzot.

## SECOND DEFENSE

318.     Defendant Creuzot at all times acted in accordance with the United States Constitution and the laws of the State of Texas and in good faith.

## THIRD DEFENSE

319.     Plaintiffs lack standing on some or all of their claims.

## FOURTH DEFENSE

320.     Plaintiffs' Section 1983 claims are barred to the extent that Defendant Creuzot is not a policymaker as to SB 1. Defendant Creuzot is not empowered or authorized to change Texas law passed by the Legislature and signed by the Governor.

## FIFTH DEFENSE

321.     Plaintiffs' claims are barred in whole or in part by sovereign immunity, including 11th amendment immunity to the extent that Defendant Creuzot is enforcing or applying state law enacted by SB 1.

## SIXTH DEFENSE

322.     Plaintiffs' claims against Defendant Creuzot are barred to the extent that he has no power to redress Plaintiffs' injuries.

## SEVENTH DEFENSE

323.     To the extent that Plaintiffs have not sustained any injury or damage as a result of any actions taken by Defendant Creuzot, they should be barred from recovering against him. Equity and justice bar Plaintiffs' recovery of attorneys' fees from Defendant Creuzot in this lawsuit.

324.     Defendants reserve the right to raise additional defenses and affirmative defenses to the claims alleged.

## JURY DEMAND

325.     Defendant Creuzot hereby demands a trial by jury on all triable issues. Fed. R. Civ. P. 38(b); Fed. R. Civ. P. 81(c)(3)(b).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Creuzot prays that the Court will dismiss this suit with prejudice as to Defendant Creuzot, that Plaintiffs take nothing by this action against him, that he recover his costs including reasonable attorneys' fees herein, and any other relief to which he may be justly entitled under the law.

Respectfully submitted,

**JOHN CREUZOT**
**DISTRICT ATTORNEY**

*/s/ Barbara S. Nicholas*
BARBARA S. NICHOLAS
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR No. 24032785
Barbara.nicholas@dallascounty.org

Ben Stool
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR No. 19312500
Ben.stool@dallascounty.org

CIVIL DIVISION
Dallas County Records Building
500 Elm Street, Suite 6300
Dallas, TX 75202
(214) 653-7358
(214) 653-6134 (FAX)

**ATTORNEYS FOR DEFENDANT JOHN CREUZOT IN HIS OFFICIAL CAPACITY AS DALLAS COUNTY DISTRICT ATTORNEY**

## <u>CERTIFICATE OF SERVICE</u>

I, hereby certify that the foregoing document was filed electronically on March 10, 2022, with the Clerk of the Court for the Western District of Texas by using the CM/ECF system, causing electronic service upon all counsel of record.

*/s/ Barbara S. Nicholas*
BARBARA S. NICHOLAS