# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LA UNION DEL PUEBLO ENTERO, et al.** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **Case No: 5:21-cv-844-XR** |
| | § | |
| **GREGORY ABBOTT, et al.** | § | |
| *Defendants* | § | |

| | | |
|---|---|---|
| **TEXAS STATE LULAC;** | § | |
| **VOTO LATINO** | § | |
| *Plaintiffs,* | § | |
| **v.** | § | **Case No: 1:21-cv-786-XR** |
| | § | |
| **JOHN SCOTT, in his official capacity** | § | |
| **as Texas Secretary of State, et al** | § | |
| *Defendants.* | § | |

## DEFENDANT RICARDO RODRIGUEZ'S ANSWER
## TO SECOND AMENDED COMPLAINT

COMES NOW Defendant RICARDO RODRIGUEZ ("Defendant) in his official capacity as Hidalgo County District Attorney and files this Answer to Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief, filed on March 10, 2022, in consolidated cause number 5:21-cv-844-XR. Defendant now files this answer pursuant to Rule 8, Federal Rules of Civil Procedure, and would show as follows:

## I.       GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation contained in Plaintiffs' Second Amended Complaint except those expressly admitted herein. Defendant denies that any of Defendant's actions have violated any state or federal laws or rights

1

secured under the United States Constitution. Defendant takes no position on the constitutionality of the challenged provisions of Senate Bill 1.

## II. SPECIFIC DENIALS

1. Defendant lacks the knowledge to admit or deny the allegations and characterizations contained in paragraph 1 of Plaintiffs' Second Amended Complaint.

2. Defendant lacks the knowledge to admit or deny the allegations and characterizations contained in paragraph 2 of Plaintiffs' Second Amended Complaint.

3. Defendant lacks the knowledge to admit or deny the allegations and characterizations contained in paragraph 3 of Plaintiffs' Second Amended Complaint.

4. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 4 of Plaintiffs' Second Amended Complaint.

5. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 5 of Plaintiffs' Second Amended Complaint.

6. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 6 of Plaintiffs' Second Amended Complaint.

7. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 7 of Plaintiffs' Second Amended Complaint.

8. Defendant admits that SB 7 failed to pass in the most recent regular session of the Texas Legislature. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations contained in paragraph 8 of Plaintiffs' Second Amended Complaint.

9. Defendant admits that Governor Abbott called a special session shortly after the end of the 2021 regular session. Defendant lacks the knowledge to admit or deny the remaining

allegations and characterizations contained in paragraph 9 of Plaintiffs' Second Amended Complaint.

10. Defendant admits that SB 1 passed during the second special session of the 2021 Texas Legislature. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations contained in paragraph 10 of Plaintiffs' Second Amended Complaint.

11. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 11 of Plaintiffs' Second Amended Complaint.

12. Paragraph 12 of Plaintiffs' Second Amended Complaint consists of a legal conclusion, which does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent Paragraph 12 requires a response, Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 12 of Plaintiffs' Amended Complaint.

13. Paragraph 13 of Plaintiffs' Second Amended Complaint does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

14. Defendant admits paragraph 14 of Plaintiffs' Second Amended Complaint.

15. Defendant admits paragraph 15 of Plaintiffs' Second Amended Complaint.

16. Defendant admits paragraph 16 of Plaintiffs' Second Amended Complaint.

17. Defendant admits paragraph 17 of Plaintiffs' Second Amended Complaint.

18. Defendant admits paragraph 18 of Plaintiffs' Second Amended Complaint

19. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 19 of Plaintiffs' Second Amended Complaint.

20. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 20 of Plaintiffs' Second Amended Complaint.

21. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 21 of Plaintiffs' Second Amended Complaint.

22. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 22 of Plaintiffs' Second Amended Complaint.

23. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 23 of Plaintiffs' Second Amended Complaint.

24. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 24 of Plaintiffs' Second Amended Complaint.

25. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 25 of Plaintiffs' Second Amended Complaint.

26. Defendant admits that Defendant John Scott is sued in his official capacity as Texas Secretary of State. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 26 of Plaintiffs' Second Amended Complaint.

27. Defendant admits that Defendant Ken Paxton is sued in his official capacity as Texas Attorney General. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 27 of Plaintiffs' Second Amended Complaint.

28. Defendant admits that Defendant Jacquelyn Callanen is sued in her official capacity as Bexar County Elections Administrator. No response is required to the remainder of paragraph 28 of Plaintiffs' Second Amended Complaint.

29. Defendant admits that Defendant Joe Gonzales is sued in his official capacity as Bexar County Criminal District Attorney. No response is required to the remainder of paragraph 29 of Plaintiffs' Second Amended Complaint.

30. Defendant admits that Defendant Dana DeBeauvoir is sued in her official capacity as Travis County Clerk. No response is required to the remainder of paragraph 30 of Plaintiffs' Second Amended Complaint.

31. Defendant admits that Defendant José Garza is sued in his official capacity as Travis County District Attorney. No response is required to the remainder of paragraph 31 of Plaintiffs' Second Amended Complaint.

32. Defendant admits that Defendant Isabel Longoria is sued in her official capacity as Harris County Elections Administrator. No response is required to the remainder of paragraph 32 of Plaintiffs' Second Amended Complaint.

33. Defendant admits that Defendant Kim Ogg is sued in her official capacity as Harris County District Attorney. No response is required to the remainder of paragraph 33 of Plaintiffs' Second Amended Complaint.

34. Defendant admits that Defendant Yvonne Ramón is sued in her official capacity as Hidalgo County Elections Administrator. No response is required to the remainder of paragraph 34 of Plaintiffs' Second Amended Complaint.

35. Defendant admits that he is sued in his official capacity as Hidalgo County Criminal District Attorney. No response is required to the remainder of paragraph 35 of Plaintiffs' Second Amended Complaint.

36. Defendant admits that Defendant Michael Scarpello is sued in his official capacity as Dallas County Elections Administrator. No response is required to the remainder of paragraph 36 of Plaintiffs' Second Amended Complaint.

37. Defendant admits that Defendant John Creuzot is sued in his official capacity as Dallas County District Attorney. No response is required to the remainder of paragraph 37 of Plaintiffs' Second Amended Complaint.

38. Defendant admits that Defendant Lisa Wise is sued in her official capacity as El Paso County Elections Administrator. No response is required to the remainder of paragraph 38 of Plaintiffs' Second Amended Complaint.

39. Defendant admits that Defendant Yvonne Rosales is sued in her official capacity as the District Attorney for the 34th Judicial District. No response is required to the remainder of paragraph 39 of Plaintiffs' Second Amended Complaint.

40. Defendant lacks the knowledge to admit or deny the allegations and characterizations contained in paragraph 40 of Plaintiffs' Second Amended Complaint.

41. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 41 of Plaintiffs' Second Amended Complaint.

42. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 42 of Plaintiffs' Second Amended Complaint.

43. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 43 of Plaintiffs' Second Amended Complaint.

44. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 44 of Plaintiffs' Second Amended Complaint.

45. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 45 of Plaintiffs' Second Amended Complaint.

46. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 46 of Plaintiffs' Second Amended Complaint.

47. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 47 of Plaintiffs' Second Amended Complaint.

48. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 48 of Plaintiffs' Second Amended Complaint.

49. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 49 of Plaintiffs' Second Amended Complaint.

50. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 50 of Plaintiffs' Second Amended Complaint.

51. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 51 of Plaintiffs' Second Amended Complaint.

52. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 52 of Plaintiffs' Second Amended Complaint.

53. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 53 of Plaintiffs' Second Amended Complaint.

54. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 54 of Plaintiffs' Second Amended Complaint.

55. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 55 of Plaintiffs' Second Amended Complaint.

56. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 56 of Plaintiffs' Second Amended Complaint.

57. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 57 of Plaintiffs' Second Amended Complaint.

58. Defendant admits that Harris County is the largest county in Texas. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 58 of Plaintiffs' Second Amended Complaint.

59. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 59 of Plaintiffs' Second Amended Complaint.

60. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 60 of Plaintiffs' Second Amended Complaint.

61. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 61 of Plaintiffs' Second Amended Complaint.

62. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 62 of Plaintiffs' Second Amended Complaint.

63. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 63 of Plaintiffs' Second Amended Complaint.

64. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 64 of Plaintiffs' Second Amended Complaint

65. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 65 of Plaintiffs' Second Amended Complaint

66. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 66 of Plaintiffs' Second Amended Complaint.

67. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 67 of Plaintiffs' Second Amended Complaint.

68. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 68 of Plaintiffs' Second Amended Complaint.

69. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 69 of Plaintiffs' Second Amended Complaint.

70. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 70 of Plaintiffs' Second Amended Complaint.

71. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 71 of Plaintiffs' Second Amended Complaint.

72. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 72 of Plaintiffs' Second Amended Complaint.

73. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 73 of Plaintiffs' Second Amended Complaint.

74. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 74 of Plaintiffs' Second Amended Complaint.

75. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 75 of Plaintiffs' Second Amended Complaint.

76. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 76 of Plaintiffs' Second Amended Complaint.

77. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 77 of Plaintiffs' Second Amended Complaint

78. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 78 of Plaintiffs' Second Amended Complaint.

79. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 79 of Plaintiffs' Second Amended Complaint.

80. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 80 of Plaintiffs' Second Amended Complaint.

81. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 81 of Plaintiffs' Second Amended Complaint.

82. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 82 of Plaintiffs' Second Amended Complaint.

83. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 83 of Plaintiffs' Second Amended Complaint.

84. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 84 of Plaintiffs' Second Amended Complaint

85. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 85 of Plaintiffs' Second Amended Complaint.

86. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 86 of Plaintiffs' Second Amended Complaint.

87. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 87 of Plaintiffs' Second Amended Complaint.

88. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 88 of Plaintiffs' Second Amended Complaint.

89. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 89 of Plaintiffs' Second Amended Complaint

90. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 90 of Plaintiffs' Second Amended Complaint.

91. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 91 of Plaintiffs' Second Amended Complaint.

92. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 92 of Plaintiffs' Second Amended Complaint.

93. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 93 of Plaintiffs' Second Amended Complaint.

94. Defendant admits that SB 7 failed to pass during the regular session of the 2021 Texas Legislature. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 94 of Plaintiffs' Second Amended Complaint.

95. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 95 of Plaintiffs' Second Amended Complaint

96. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 96 of Plaintiffs' Second Amended Complaint.

97. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 97 of Plaintiffs' Second Amended Complaint.

98. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 98 of Plaintiffs' Second Amended Complaint.

99. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 99 of Plaintiffs' Second Amended Complaint.

100. Defendant admits the Texas Senate passed SB 7 and it was sent to the Texas House of Representatives. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 100 of Plaintiffs' Second Amended Complaint.

101. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 101 of Plaintiffs' Second Amended Complaint

102. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 102 of Plaintiffs' Second Amended Complaint.

103. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 103 of Plaintiffs' Second Amended Complaint.

104. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 104 of Plaintiffs' Second Amended Complaint.

105. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 105 of Plaintiffs' Second Amended Complaint.

106. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 106 of Plaintiffs' Second Amended Complaint.

107. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 107 of Plaintiffs' Second Amended Complaint.

108. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 108 of Plaintiffs' Second Amended Complaint.

109. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 109 of Plaintiffs' Second Amended Complaint.

110. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 110 of Plaintiffs' Second Amended Complaint.

111. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 111 of Plaintiffs' Second Amended Complaint.

112. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 112 of Plaintiffs' Second Amended Complaint.

113. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 113 of Plaintiffs' Second Amended Complaint.

114. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 114 of Plaintiffs' Second Amended Complaint.

115. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 115 of Plaintiffs' Second Amended Complaint.

116. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 116 of Plaintiffs' Second Amended Complaint.

117. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 117 of Plaintiffs' Second Amended Complaint.

118. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 118 of Plaintiffs' Second Amended Complaint.

119. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 119 of Plaintiffs' Second Amended Complaint.

120. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 120 of Plaintiffs' Second Amended Complaint.

121. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 121 of Plaintiffs' Second Amended Complaint.

122. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 122 of Plaintiffs' Second Amended Complaint.

123. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 123 of Plaintiffs' Second Amended Complaint.

124. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 124 of Plaintiffs' Second Amended Complaint.

125. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 125 of Plaintiffs' Second Amended Complaint.

126. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 126 of Plaintiffs' Second Amended Complaint.

127. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 127 of Plaintiffs' Second Amended Complaint.

128. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 128 of Plaintiffs' Second Amended Complaint

129. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 129 of Plaintiffs' Second Amended Complaint.

130. Defendant admits that the Texas Senate passed SB 7. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 130 of Plaintiffs' Second Amended Complaint.

131. Defendant admits that SB 7 died on the floor of the Texas House of Representatives. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 131 of Plaintiffs' Second Amended Complaint.

132. Paragraph 132 of Plaintiff's Amended Complaint contains a legal conclusion that does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure. To the extent the paragraph does require a response, Defendant lacks the knowledge to admit or deny the

allegations and characterizations in paragraph 126 of Plaintiffs' Second Amended Complaint.

133. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 133 of Plaintiffs' Second Amended Complaint.

134. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 134 of Plaintiffs' Second Amended Complaint.

135. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 135 of Plaintiffs' Second Amended Complaint.

136. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 136 of Plaintiffs' Second Amended Complaint

137. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 137 of Plaintiffs' Second Amended Complaint.

138. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 138 of Plaintiffs' Second Amended Complaint.

139. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 139 of Plaintiffs' Second Amended Complaint.

140. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 140 of Plaintiffs' Second Amended Complaint.

141. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 141 of Plaintiffs' Second Amended Complaint.

142. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 142 of Plaintiffs' Second Amended Complaint.

143. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 143 of Plaintiffs' Second Amended Complaint.

144. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 144 of Plaintiffs' Second Amended Complaint.

145. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 145 of Plaintiffs' Second Amended Complaint.

146. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 146 of Plaintiffs' Second Amended Complaint.

147. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 147 of Plaintiffs' Second Amended Complaint.

148. Defendant admits that the quorum in the Texas House of Representatives was broken. Defendant lacks the knowledge to admit or deny the remaining characterizations and allegations in paragraph 148 of Plaintiffs' Second Amended Complaint.

149. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 149 of Plaintiffs' Second Amended Complaint.

150. Defendant admits that the first special session of the 2021 Texas Legislature ended without a quorum in the Texas House of Representatives. Defendant admits that Governor Abbott subsequently called a second legislative session. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 150 of Plaintiffs' Second Amended Complaint.

151. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 151 of Plaintiffs' Second Amended Complaint.

152. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 152 of Plaintiffs' Second Amended Complaint.

153. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 153 of Plaintiffs' Second Amended Complaint.

154. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 154 of Plaintiffs' Second Amended Complaint.

155. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 155 of Plaintiffs' Second Amended Complaint.

156. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 156 of Plaintiffs' Second Amended Complaint.

157. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 157 of Plaintiffs' Second Amended Complaint.

158. Defendant admits that SB 1 passed both houses of the Texas Legislature. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 158 of Plaintiffs' Second Amended Complaint.

159. Defendant admits paragraph 159 of Plaintiffs' Second Amended Complaint.

160. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 160 of Plaintiffs' Second Amended Complaint.

161. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 161 of Plaintiffs' Second Amended Complaint.

162. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 162 of Plaintiffs' Second Amended Complaint.

163. Defendant admits SB 1 requires absentee ballot applications and absentee ballot carrier envelopes to include the voter's driver's license or personal identification number or the last four digits of the voter's social security number. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 163 of Plaintiffs' Second Amended Complaint.

164. Defendant admits SB 1 requires an election official receiving a voter's absentee ballot to record the voter's name, signature, and type of identification on a roster prescribed by the secretary of state. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 164 of Plaintiffs' Second Amended Complaint.

165. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 165 of Plaintiffs' Second Amended Complaint.

166. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 166 of Plaintiffs' Second Amended Complaint.

167. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 167 of Plaintiffs' Second Amended Complaint.

168. Defendant admits SB 1 prohibits the use of drive-thru voting locations. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 168 of Plaintiffs' Second Amended Complaint.

169. Defendant admits to the text of Tex. Elec. Code §85.062 prior to the passage of SB 1. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 169 of Plaintiffs' Second Amended Complaint.

170. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 170 of Plaintiffs' Second Amended Complaint.

171. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 171 of Plaintiffs' Second Amended Complaint.

172. Defendant admits to the text of Tex. Elec. Code §64.031. Defendant admits that SB 1 requires that a person assisting a voter to fill out a form providing the assistant's name, address, relationship to the voter, and whether the person received or accepted any compensation or other benefit from a candidate, campaign, or political committee. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 172 of Plaintiffs' Second Amended Complaint.

173. Defendant admits to the oath required by voter assistants required by SB 1. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 173 of Plaintiffs' Second Amended Complaint.

174. Defendant admits to the requirements of Tex. Elec. Code §§ 64.032(d), 64.034, and 64.036.

175. Defendant admits to the language of Tex. Elec. Code § 276.015. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 175 of Plaintiffs' Second Amended Complaint.

176. Paragraph 176 of Plaintiffs' Second Amended Complaint consists of a legal conclusion which does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

177. Paragraph 177 of Plaintiffs' Second Amended Complaint consists of a legal conclusion which does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

178. Defendant admits paragraph 178 of Plaintiffs' Second Amended Complaint.

179. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 179 of Plaintiffs' Second Amended Complaint.

180. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 180 of Plaintiffs' Second Amended Complaint.

181. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 181 of Plaintiffs' Second Amended Complaint.

182. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 182 of Plaintiffs' Second Amended Complaint.

183. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 183 of Plaintiffs' Second Amended Complaint.

184. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 184 of Plaintiffs' Second Amended Complaint.

185. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 185 of Plaintiffs' Second Amended Complaint.

186. Defendant admits to the text of SB 1. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 186 of Plaintiffs' Second Amended Complaint.

187. Defendant admits paragraph 187 of Plaintiffs' Second Amended Complaint.

188. Defendant admits to the text of SB 1. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 188 of Plaintiffs' Second Amended Complaint.

189. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 189 of Plaintiffs' Second Amended Complaint.

190. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 190 of Plaintiffs' Second Amended Complaint.

191. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 191 of Plaintiffs' Second Amended Complaint.

192. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 192 of Plaintiffs' Second Amended Complaint.

193. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 193 of Plaintiffs' Second Amended Complaint.

194. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 194 of Plaintiffs' Second Amended Complaint.

195. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 195 of Plaintiffs' Second Amended Complaint.

196. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 196 of Plaintiffs' Second Amended Complaint.

197. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 197 of Plaintiffs' Second Amended Complaint.

198. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 198 of Plaintiffs' Second Amended Complaint.

199. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 199 of Plaintiffs' Second Amended Complaint.

200. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 200 of Plaintiffs' Second Amended Complaint.

201. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 201 of Plaintiffs' Second Amended Complaint.

202. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 202 of Plaintiffs' Second Amended Complaint.

203. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 203 of Plaintiffs' Second Amended Complaint.

204. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 204 of Plaintiffs' Second Amended Complaint.

205. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 205 of Plaintiffs' Second Amended Complaint.

206. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 206 of Plaintiffs' Second Amended Complaint.

207. Defendant admits that paragraph 207 of Plaintiffs' Second Amended Complaint accurately quotes the cited decisions.

208. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 208 of Plaintiffs' Second Amended Complaint.

209. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 209 of Plaintiffs' Second Amended Complaint.

210. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 210 of Plaintiffs' Second Amended Complaint.

211. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 211 of Plaintiffs' Second Amended Complaint.

212. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 212 of Plaintiffs' Second Amended Complaint.

213. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 213 of Plaintiffs' Second Amended Complaint.

214. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 214 of Plaintiffs' Second Amended Complaint.

215. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 215 of Plaintiffs' Second Amended Complaint.

216. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 216 of Plaintiffs' Second Amended Complaint.

217. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 217 of Plaintiffs' Second Amended Complaint.

218. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 218 of Plaintiffs' Second Amended Complaint.

219. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 219 of Plaintiffs' Second Amended Complaint.

220. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 220 of Plaintiffs' Second Amended Complaint.

221. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 221 of Plaintiffs' Second Amended Complaint.

222. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 222 of Plaintiffs' Second Amended Complaint.

223. Plaintiff admits to the existence of the advisory issued by former Secretary of State David Whitley in 2019. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 223 of Plaintiffs' Second Amended Complaint.

224. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 224 of Plaintiffs' Second Amended Complaint.

225. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 225 of Plaintiffs' Second Amended Complaint.

226. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 226 of Plaintiffs' Second Amended Complaint.

227. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 227 of Plaintiffs' Second Amended Complaint.

228. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 228 of Plaintiffs' Second Amended Complaint.

229. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 229 of Plaintiffs' Second Amended Complaint.

230. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 230 of Plaintiffs' Second Amended Complaint.

231. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 231 of Plaintiffs' Second Amended Complaint.

232. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 232 of Plaintiffs' Second Amended Complaint.

233. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 233 of Plaintiffs' Second Amended Complaint.

234. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 234 of Plaintiffs' Second Amended Complaint.

235. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 235 of Plaintiffs' Second Amended Complaint.

236. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 236 of Plaintiffs' Second Amended Complaint.

237. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 237 of Plaintiffs' Second Amended Complaint.

238. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 238 of Plaintiffs' Second Amended Complaint.

239. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 239 of Plaintiffs' Second Amended Complaint.

240. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 240 of Plaintiffs' Second Amended Complaint.

241. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 241 of Plaintiffs' Second Amended Complaint.

242. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 242 of Plaintiffs' Second Amended Complaint.

243. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 243 of Plaintiffs' Second Amended Complaint.

244. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 244 of Plaintiffs' Second Amended Complaint.

245. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 245 of Plaintiffs' Second Amended Complaint.

246. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 246 of Plaintiffs' Second Amended Complaint.

247. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 247 of Plaintiffs' Second Amended Complaint.

248. Defendant admits that members of the Texas Supreme Court and Texas Court of Criminal Appeals are elected to at-large positions with numbered places. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 248 of Plaintiffs' Second Amended Complaint.

249. Paragraph 249 of Plaintiffs' Second Amended Complaint does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

250. Paragraph 250 of Plaintiffs' Second Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

251. Paragraph 251 of Plaintiffs' Second Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

252. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 252 of Plaintiffs' Second Amended Complaint.

253. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 253 of Plaintiffs' Second Amended Complaint.

254. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 254 of Plaintiffs' Second Amended Complaint.

255. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 255 of Plaintiffs' Second Amended Complaint.

256. Paragraph 256 of Plaintiffs' Second Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

257. Paragraph 257 of Plaintiffs' Second Amended Complaint does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

258. Paragraph 258 of Plaintiffs' Second Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

259. Paragraph 259 of Plaintiffs' Second Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

260. Paragraph 260 of Plaintiffs' Second Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

261. Defendant admits to the provisions of SB 1 that Plaintiffs challenge. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 261 of Plaintiffs' Second Amended Complaint.

262. Paragraph 262 of Plaintiffs' Second Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

263. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 263 of Plaintiffs' Second Amended Complaint.

264. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 264 of Plaintiffs' Second Amended Complaint.

265. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 265 of Plaintiffs' Second Amended Complaint.

266. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 266 of Plaintiffs' Second Amended Complaint.

267. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 267 of Plaintiffs' Second Amended Complaint.

268. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 268 of Plaintiffs' Second Amended Complaint.

269. Paragraph 269 of Plaintiffs' Second Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

270. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 270 of Plaintiffs' Second Amended Complaint.

271. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 271 of Plaintiffs' Second Amended Complaint.

272. Paragraph 272 of Plaintiffs' Second Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

273. Paragraph 273 of Plaintiffs' Second Amended Complaint does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

274. Paragraph 274 of Plaintiffs' Second Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

275. Paragraph 275 of Plaintiffs' Second Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

276. Paragraph 276 of Plaintiffs' Second Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

277. Defendant admits to the text of SB 1. Defendant lacks the knowledge to admit or deny the remaining allegations and characterizations in paragraph 277 of Plaintiffs' Second Amended Complaint.

278. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 278 of Plaintiffs' Second Amended Complaint.

279. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 279 of Plaintiffs' Second Amended Complaint.

280. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 280 of Plaintiffs' Second Amended Complaint.

281. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 281 of Plaintiffs' Second Amended Complaint.

282. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 282 of Plaintiffs' Second Amended Complaint.

283. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 283 of Plaintiffs' Second Amended Complaint.

284. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 284 of Plaintiffs' Second Amended Complaint.

285. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 285 of Plaintiffs' Second Amended Complaint.

286. Paragraph 286 of Plaintiffs' Second Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

287. Paragraph 287 of Plaintiffs' Second Amended Complaint does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

288. Paragraph 288 of Plaintiffs' Second Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

289. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 289 of Plaintiffs' Second Amended Complaint.

290. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 290 of Plaintiffs' Second Amended Complaint.

291. Defendant admits to the text of SB 1 in paragraph 291 of Plaintiffs' Second Amended Complaint.

292. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 292 of Plaintiffs' Second Amended Complaint.

293. Defendant lacks the knowledge to admit or deny the allegations and characterizations in paragraph 293 of Plaintiffs' Second Amended Complaint.

294. Paragraph 294 of Plaintiffs' Amended Complaint consists of a legal conclusion and does not require a response pursuant to Rule 8 of the Federal Rules of Civil Procedure.

### III.     AFFIRMATIVE DEFENSES

Defendant asserts that sovereign immunity, qualified immunity, and/or equity bar Plaintiffs' recovery of attorneys' fees from Defendant in this lawsuit. Defendant is not responsible for enacting Texas election law, including SB 1, and does not take any position on the constitutionality of the provisions challenged by this lawsuit.

### IV.     RESERVATION OF DEFENSES

Defendant reserves the right to raise any affirmative or other defenses that may arise throughout the development of this case.

## V.    JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable pursuant to Federal Rules of Civil Procedure 38(b) and 81(c)(3)(b).

## VI.    PRAYER

THEREFORE, Defendant denies that Plaintiffs are entitled to any relief from Defendant. Defendant respectfully requests that all relief requested by Plaintiffs as to Defendant be denied, that Defendant recover his attorneys' fees and costs, and that he be awarded any additional relief to which he may be entitled in law or equity.

Respectfully submitted,

RICARDO RODRIGUEZ, JR.
CRIMINAL DISTRICT ATTORNEY
HIDALGO COUNTY, TEXAS

*/s/ Michael J. Garza*
Michael J. Garza
Assistant District Attorney
Texas Bar No.  00788769
michaelj.garza@da.co.hidalgo.tx.us
Victor Garza
Assistant District Attorney
Texas Bar No. 24029568
victor.garza@da.co.hidalgo.tx.us
100 E. Cano, First Floor
Hidalgo County Courthouse Annex III
Edinburg, Texas 78539
Tel: (956) 292-7609
Fax: (956) 318-2301
ATTORNEY FOR DEFENDANT
RICARDO RODRIGUEZ

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 16, 2022, this document was served through the Court's CM/ECF Document Filing System upon all counsel of record.

<u>*/s/ Michael J. Garza*</u>
Michael J. Garza
Assistant District Attorney