# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LA UNIÓN DEL PUEBLO ENTERO, et al.,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **5:21-CV-0844-XR** |
| | § | **(Consolidated Cases)** |
| **GREGORY ABBOTT, et al.** | § | |
| *Defendants.* | § | |

## DEFENDANT JOSÉ GARZA'S ANSWER TO PLAINTIFFS' LULAC TEXAS, VOTO LATINO, TEXAS ALLIANCE FOR RETIRED AMERICANS AND TEXAS AFT'S SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [ECF NO. 207]

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant José Garza, in his official capacity as the Travis County District Attorney ("Defendant Garza" or "District Attorney Garza"), by and through his attorney, the Travis County Attorney, and timely files his Answer to Plaintiffs LULAC Texas, Voto Latino, Texas Alliance for Retired Americans and Texas AFT's Second Amended Complaint for Declaratory and Injunctive Relief [ECF No. 207] in *La Unión Del Pueblo Entero, et al. v. Gregory Abbott, et al,* 5:21-C-00844-XR, (Consolidated Cases). In support thereof, District Attorney Garza respectfully offers the following:

## DENIAL UNDER F.R.C.P. 8(b)

Pursuant to Federal Rule of Civil Procedure 8(b), District Attorney Garza denies each allegation contained in Plaintiffs' Second Amended Complaint except those expressly admitted herein. District Attorney Garza generally admits the provisions of S.B. 1 (as enacted) place significant practical burdens on Travis County voters, pose significant challenges to successful prosecution, and raise significant constitutional issues, but denies that any of District Attorney

Garza's actions have violated any state or federal laws or rights secured under the United States Constitution. District Attorney Garza had no role in the enactment of S.B. 1. District Attorney Garza does not intend to defend the constitutionality of S.B. 1's provisions.

The following specific admissions and denials are made to the corresponding paragraphs of Plaintiffs' Second Amended Complaint:

## RESPONSES TO ALLEGATIONS IN PLAINTIFFS' SECOND AMENDED COMPLAINT

### NATURE OF CASE

1.      Plaintiffs' allegations and characterization of facts in Paragraph 1 are not specifically directed toward District Attorney Garza.  In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him.

2.      District Attorney Garza admits that in 2020 Texans encountered unprecedented challenges while attempting to vote in the midst of [the COVID-19] global health crisis.  The remainder of Plaintiffs' allegations and characterization of facts in Paragraph 2 are not specifically directed toward District Attorney Garza.  In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him.

3.      Upon information and belief, District Attorney Garza generally admits that during the 2020 general election Texas voters in many locations across the state encountered "hours-long lines to vote" or encountered state mandated "election administration procedures that changed even as the 2020 general election was ongoing." District Attorney Garza further admits, on information and belief, that "historic numbers of voters [voted], with the State's highest voter turnout in nearly 30 years." District Attorney Garza further admits, on information and belief, that Travis County election officials and  "local election officials across the State" worked diligently to ensure that Travis County and other Texas voters had meaningful opportunities to exercise their

right to vote. The remainder of Plaintiffs' allegations and characterization of facts in Paragraph 3 are not specifically directed toward District Attorney Garza. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

4. Plaintiffs' allegations in Paragraph 4 are not specifically directed toward District Attorney Garza or Travis County. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

5. Plaintiffs' allegations in Paragraph 5 are not specifically directed toward District Attorney Garza or Travis County. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

6. District Attorney Garza has insufficient information to admit or deny the allegations in Paragraph 6 of the Second Amended Complaint.

7. The allegations in Paragraph 7 state legal conclusions and factual characterizations for which no response is required. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

8. District Attorney Garza admits that Senate Bill 7 ("SB 7") failed before the conclusion of the regular legislative session. The remaining allegations in Paragraph 8 state legal conclusions and factual characterizations to which no response is required. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

9. Plaintiffs' allegations in Paragraph 9 are not specifically directed toward District Attorney Garza. District Attorney Garza denies any allegations that could pertain to him with

respect to alleged violation of voter's rights. Further, to the extent the allegations in Paragraph 9 state legal conclusions, no response is required.

10.     District Attorney Garza admits that "during a second special session, . . . the Legislature ultimately enacted SB 1".  . . . See generally SB 1, 87th Leg., 2d Called Sess. (Tex. 2021). The remainder of the allegations in Paragraph 10 state legal conclusions and factual characterizations to which no response is required.

11.     The allegations in Paragraphs 11-13 state legal conclusions and factual characterizations to which no response is required.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## JURISDICTION AND VENUE

12.     District Attorney Garza admits that under certain circumstances an action may be maintained "under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation, under color of state law, of rights secured by the U.S. Constitution and the Voting Rights Act, 52 U.S.C. § 10301 et seq." as set forth in Paragraph 14 of the Second Amended Complaint.  District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

13.     District Attorney Garza admits that under certain circumstances "[t]his Court has original jurisdiction over the subject matter of [ ] action[s brought] under 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and laws of the United States and involve the assertion of a deprivation, under color of state law, of a right under the U.S. Constitution and an Act of Congress providing for equal rights of citizens or of all persons within the United States" as set forth in Paragraph 15 of the Second Amended Complaint.  To the extent

said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

14. District Attorney Garza admits he is sued in his official capacity as the Travis County District Attorney as set forth in Paragraph 16 of the Second Amended Complaint. The remainder of this allegation in Paragraph 16 state a legal conclusion to which no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

15. District Attorney Garza admits venue is proper under 28 U.S.C. § 1391(b) as set forth in Paragraph 17 of the Second Amended Complaint. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

16. District Attorney Garza admits that under certain circumstances "[t]his Court has the authority to enter declaratory judgment and provide injunctive relief under Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. §§ 2201 and 2202." Plaintiffs' allegations in Paragraph 18 contain arguments and characterizations of law to which no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution for which declaratory or injunctive relief should issue.

# PARTIES

17.     District Attorney Garza admits, based on information and belief, that LULAC Texas ("LULAC") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 19-20.

18.     District Attorney Garza admits, based on information and belief, that Vote Latino is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 21-22.

19.     District Attorney Garza admits, based on information and belief, that Plaintiff Texas Alliance for Retired Americans (the "Alliance") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 23-24.

20.     District Attorney Garza admits, based on information and belief, that Plaintiff Texas AFT is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 25.

21.     District Attorney Garza admits, based on information and belief, that "Defendant John Scott was sued in his official capacity as the Texas Deputy Secretary of State and acting Texas Secretary of State (the "Secretary")".  District Attorney Garza further admits that Defendant John Scott now serves as the appointed Texas Secretary of State.  District Attorney Garza further generally admits the Texas Election Code provisions cited and/or quoted in Paragraph 26 are correctly quoted.  The remaining allegations are legal conclusions that do not require a response.

22.     District Attorney Garza admits, based on information and belief, that "Defendant Ken Paxton is sued in his official capacity as the Texas Attorney General (the "Attorney General")".  District Attorney Garza is without sufficient information to admit or deny whether "the Attorney General's office is currently investigating and prosecuting hundreds of purported election law violations."  The remaining allegations in Paragraph 27 are quotations of statutory provisions and/or legal conclusions that do not require a response.

23.     District Attorney Garza admits, based on information and belief, that Defendant Jacquelyn Callanen is sued in her official capacity as the Bexar County Elections Administrator, but is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 28.

24.     District Attorney Garza admits, based on information and belief, that Defendant Joe Gonzales is sued in his official capacity as the Bexar County District Attorney, but is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 29.

25.     District Attorney Garza admits, based on information and belief, that the former Travis County District Clerk, Dana DeBeauvoir was sued in her official capacity as the Travis County Clerk.[1]  The remaining allegations in Paragraph 30 are legal conclusions that do not require a response. To the extent that further response is required, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

26.     District Attorney Garza admits that he is the Travis County District Attorney and is sued in his official capacity.  District Attorney Garza admits that in his official capacity as Travis County District Attorney, he represents the State of Texas in felony criminal cases, and has legal

authority under Texas state law to " investigat[e] and prosecut[e] criminal violations of the Texas Election Code." District Attorney Garza further admits that he has prosecutorial discretion under Texas state law with respect to investigation and prosecution of alleged or potential violations of Texas law within his jurisdiction and authority to prosecute. The remainder of the allegations in Paragraph 31 state legal conclusions and argument to which no response is required. To the extent that further response is required, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

27. District Attorney Garza admits, based on information and belief, that Isabel Longoria is sued in her official capacity as the Harris County Elections Administrator, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 32.

28. District Attorney Garza admits, based on information and belief, that Defendant Kim Ogg is the Harris County District Attorney and is sued in her official capacity. The remainder of the allegations in Paragraph 33 state legal conclusions and argument to which no response is required. Further, in that the allegations in Paragraph 33 do not address actions of District Attorney Garza or Travis County, no response is required.

29. District Attorney Garza admits, based on information and belief, that Yvonne Ramón is sued in her official capacity as the Hidalgo County Elections Administrator but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 34.

30. District Attorney Garza admits, based on information and belief, that Defendant Ricardo Rodriguez Jr. is the Hidalgo County District Attorney and is sued in his official capacity but is without sufficient knowledge or information to admit or deny the remainder of the

allegations in Paragraph 35.

31.     District Attorney Garza admits, based on information and belief, that Michael Scarpello is sued in his official capacity as the Dallas County Elections Administrator, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 36.

32.     District Attorney Garza admits, based on information and belief, that Defendant John Creuzot is the Dallas County District Attorney and is sued in his official capacity but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 37.

33.     District Attorney Garza admits, based on information and belief, that Defendant Lisa Wise is sued in her official capacity as the El Paso County Elections Administrator, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 38.

34.     District Attorney Garza admits, based on information and belief, that Defendant Yvonne Rosales is the District Attorney for the 34th Judicial District and is sued in her official capacity. but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 39.

## STATEMENT OF FACTS AND LAW

**I.      Voter Turnout in Recent Texas Elections**

35.     The allegations in Paragraph 40 are not directed towards District Attorney Garza. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

36.     With respect to Travis County and based upon information and belief, District Attorney Garza admits the most recent midterm and presidential elections were made even more challenging "by the unique and unprecedented challenges of the COVID-19 pandemic." Upon information and belief, District Attorney Garza further generally admits these elections "saw the State's highest voter turnout in decades." The remaining allegations in Paragraph 41 state legal conclusions to which no response is required.

37.     Based upon information and belief, District Attorney Garza generally admits the factual allegations stated regarding U.S. Census Bureau estimates set forth in Paragraph 42, but cannot admit or deny the remaining legal conclusions set forth in Paragraph 42, to which no response is required.

### A.     The 2018 Election

38.     Due to insufficient knowledge, District Attorney Garza can neither admit nor deny factual allegations set forth in Paragraphs 43-46, regarding the 2018 electoral results. The remaining allegations state legal conclusions to which no response is required.

### B.     The 2020 Election

39.     Based upon information and belief, with respect to Travis County, District Attorney Garza generally admits the factual allegations set forth in Paragraphs 47-51, but cannot admit or deny as to specific statewide or non-Travis County numerical figures provided due to lack of knowledge or information sufficient to form a belief about the truth of the allegations. District Attorney Garza cannot admit or deny as to the legal conclusions set forth regarding the 2020 electoral results.

## 1. Early Voting in the 2020 Election

40.     District Attorney Garza admits Travis County voter turnout increased in the 2020 General Election, but cannot admit or deny the remaining allegations set forth in Paragraphs 52-54.

41.     The factual allegations set forth in Paragraphs 55-59 address "Harris County's efforts to ensure access to the ballot box for voters" and therefore District Attorney Garza cannot admit or deny regarding these allegations due to lack of knowledge or information sufficient to form a belief about the truth of the allegations.  The remaining allegations regarding the success of Harris County's efforts are legal conclusions and/or do not address the alleged actions of District Attorney Garza and Travis County, and therefore require no further response.

## 2. Absentee Voting in the 2020 Election

42.     Based upon information and belief, with respect to Travis County, District Attorney Garza is without sufficient information to admit or deny an increase in mail-in ballots in the 2020 election, and cannot admit or deny the remaining allegations in Paragraphs 60-65 due to lack of knowledge or information sufficient to form a belief about the truth of the allegations, particularly with respect to numerical voter information provided regarding Harris County and Dallas County. District Attorney Garza cannot admit or deny as to the remaining legal conclusions set forth in Paragraphs 60-65.

## 3. Texas Officials' Efforts to Disenfranchise Voters During the 2020 Election

43.     Based upon information and belief, with respect to Travis County, District Attorney Garza cannot admit or deny the allegations set forth in Paragraphs 66-67 as to specific statewide or non-Travis County numerical figures provided due to lack of knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraphs 66-67.

44.     The allegations in Paragraph 68 state legal conclusions, and therefore require no response.

45.     Based on information and belief, District Attorney Garza generally admits the factual allegations set forth in Paragraph 69 regarding Governor Abbott's proclamation that limited the use of absentee ballot drop boxes to just one drop box location per county, but cannot admit or deny the allegations as to specific numerical figures provided due to lack of knowledge or information sufficient to form a belief about the truth of the allegations.  The remaining allegations in Paragraph 69 are legal conclusions that do not require a response.

46.     Based upon information and belief, District Attorney Garza generally admits the factual allegations set forth in Paragraph 70 that Governor Abbott's proclamation limited the use of absentee ballot drop boxes to just one drop box location per county, including Harris County, but cannot admit or deny the allegations as to specific numerical figures provided due to lack of knowledge or information sufficient to form a belief about the truth of the allegations.  The remaining allegations in Paragraph 70 are legal conclusions that do not require a response.

47.     Based on information and belief, District Attorney Garza generally admits the factual allegations regarding election related lawsuits being filed as regarding ballot locations set forth in Paragraphs 71-74, but cannot admit or deny as to the legal conclusions asserted regarding such lawsuits and their impact due to lack of knowledge or information sufficient to form a belief about the truth of the allegations.  The remaining allegations in Paragraphs 71-74 are legal conclusions that do not require a response.

48.     The allegations in Paragraphs 75-81 state legal conclusions, and therefore require no response.

#### 4. Texas Officials' Efforts to Disenfranchise Voters in Other States

49.     The allegations in Paragraphs 82-83 state legal conclusions, and therefore require no response.

50.     District Attorney Garza generally admits there were litigation challenges to the 2020 presidential general election results as referenced in Paragraphs 84-92, but cannot admit or deny the legal conclusions asserted regarding such litigation challenges and their impact due to lack of knowledge or information sufficient to form a belief about the truth of the allegations. The remaining allegations in Paragraphs 84-92 are legal conclusions that do not require a response.

## II.     Senate Bill 7

51.     The allegations in Paragraphs 93-135 of the Second Amended Complaint pertaining to SB 7, its legislative history, actions taken by members of the Texas Legislature, Lieutenant Governor Patrick, Governor Abbott and litigation challenging same state legal conclusions, and/or do not address the alleged actions of District Attorney Garza and therefore require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## III.     Senate Bill 1

### A.     Legislative History

52.     The allegations in Paragraphs 136-158 of the Second Amended Complaint pertaining to SB 1, its legislative history, actions taken by members of the Texas Legislature, Governor Abbott and litigation challenging same state legal conclusions, and/or do not address the alleged actions of District Attorney Garza and therefore require no response. To the extent said

allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

53.     District Attorney Garza admits the allegation set forth in Paragraph No. 159 that "Governor Abbott signed SB 1 into law on September 7, 2021."

**B.      The Suppressive Provisions**

54.     District Attorney Garza generally admits, as alleged in Paragraph 160 that "SB 1 impacts almost every method of casting a ballot in Texas, including both absentee and in-person voting."   The remaining allegations in Paragraph 160 state legal conclusions, requiring no response.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

### 1.      Absentee Voting

55.     The allegations in Paragraph 161 state legal conclusions, and therefore require no response.

56.     District Attorney Garza generally admits the factual allegations concerning SB 1's amendments to the Texas Election Codes provisions pertaining to voting by mail set forth in Paragraphs 162-164 are accurately cited.[2]  To the extent these allegations state legal conclusions, and/or do not address the alleged actions of District Attorney Garza and Travis County, such allegations require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

---

[2] See, Paragraph 162, citing SB 1 § 7.04 (adding Tex. Elec. Code §§ 276.016–276.017, 276.019); Paragraph 163, citing SB 1 § 5.01–5.03, 5.07–5.08 (amending Tex. Elec. Code §§ 84.001(b), 84.002(a), and 84.011(a) and adding Tex. Elec. Code §§ 84.002(b-1), 86.001(f)–(f-2), and 86.002(g)–(i)); Paragraph 164, citing SB 1 § 4.12 (amending Tex. Elec. Code § 86.006(a) and adding Tex. Elec. Code § 86.006(a-2))

57.     The allegations set forth in Paragraphs 165-166 state legal conclusions, and/or do not address the alleged actions of District Attorney Garza and Travis County, and therefore require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## 2.     In-Person Voting

58.     District Attorney Garza generally admits the factual allegation in Paragraph 167 that SB 1 also impacts in-person voters, especially those in large, diverse counties.

59.     The allegations in Paragraphs 168-170 cite to statutory provisions, state legal conclusions, and/or do not address the alleged actions of District Attorney Garza.  Therefore, such allegations require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

60.     District Attorney Garza generally admits the factual allegation in Paragraph 171 that SB 1 also impacts the ability to obtain assistance while voting in person.

61.     District Attorney Garza generally admits the factual allegations in Paragraphs 172-174 regarding providing voter assistance to in person voters under the former provisions of the Texas Election Code, and the amendments thereto under SB 1.   To the extent these allegations state legal conclusions, and/or do not address the alleged actions of District Attorney Garza, such allegations require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

62. The allegations set forth in Paragraph 175 state legal conclusions, and/or do not address the alleged actions of District Attorney Garza, and therefore require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

63. District Attorney Garza generally admits the factual allegations in Paragraph 176 that there are criminal prohibitions imposed by SB 1. To the extent these allegations state legal conclusions, and/or do not address the alleged actions of District Attorney Garza, such allegations require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

### 3. Early Voting

64. The allegations in Paragraph 177 regarding SB 1's limitations on early voting hours state legal conclusions, and/or do not address the alleged actions of District Attorney Garza; such allegations require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

65. District Attorney Garza generally admits the factual allegations in Paragraph 178 regarding limitations on early voting hours imposed by SB 1. To the extent these allegations state legal conclusions, and/or do not address the alleged actions of District Attorney Garza, such allegations require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*
Defendant José Garza's Answer to LULAC Plaintiffs' 2nd Amended Complaint

064.931 / 1031814.2
Page **16** of **24**

66.     The allegations set forth in Paragraphs 179-180 state legal conclusions, and/or do not address the alleged actions of District Attorney Garza, and therefore require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

67.     The allegations in Paragraph 181-184 regarding limitations on early voting hours imposed by SB 1 state legal conclusions, and/or do not address the alleged actions of District Attorney Garza, such allegations require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

### 4.      Partisan Watchers

68.     District Attorney Garza generally admits that SB 1 gives powers to partisan poll watchers in polling places. To the extent the allegations in Paragraph 185 further state legal conclusions, and/or do not address the alleged actions of District Attorney Garza, such allegations require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

69.     The factual allegations in Paragraphs 186-188 are recitations of SB 1 provisions regarding partisan poll watchers.  To the extent these allegations further state legal conclusions, and/or do not address the alleged actions of District Attorney Garza, such allegations require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

70.     The allegations set forth in Paragraphs 189-195 state legal conclusions, and/or do not address the alleged actions of District Attorney Garza, and therefore require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

### C.     State Interests

71.     The allegations in Paragraph 196 regarding SB 1's "Suppressive Provisions" state legal conclusions, and/or do not address the alleged actions of District Attorney Garza; such allegations require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

72.     The allegations set forth in Paragraphs 197-205 state legal conclusions, and/or do not address the alleged actions of District Attorney Garza, and therefore require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## IV. Texas's History of Suppressing Black and Latino Political Participation

73.     The factual allegations in Paragraphs 206-215 contain legal citations, state legal conclusions, and/or do not address the alleged actions of District Attorney Garza; such allegations require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## V.     Current Suppression of Black and Latino Political Participation

74.     To the extent the allegations set forth in Paragraphs 216 -248 further state legal conclusions, legal arguments, and/or do not address the alleged actions of District Attorney Garza,

such allegations require no further response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

**CLAIMS FOR RELIEF**

**<u>COUNT I</u>**

**52 U.S.C. § 10301(a)**
**Violation of Section 2 of the Voting Rights Act**
**Against All Defendants**

75.     In response to Paragraph 249, District Attorney Garza incorporates by reference all of his former responses.

76.     The allegations in Paragraph 250 state legal conclusions and arguments, and therefore require no response.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

77.     The allegations in Paragraph 251 state legal conclusions and arguments, and therefore require no response.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

78.     The allegations in paragraph 252 state legal conclusions and arguments, and therefore require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

79.     The allegations in Paragraph 253 state legal conclusions and arguments, and therefore require no response.  To the extent said allegations require further response, District

Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

80.    District Attorney Garza is without sufficient information to admit or deny the allegations set forth in Paragraph 254 regarding the impact of SB 1 on Plaintiffs' members and constituents, and how such impact will affect Plaintiffs' utilization of their respective resources. Further, the allegations in Paragraph 254 state legal conclusions, and therefore require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

81.    The allegations in Paragraph 255 state legal conclusions and arguments, and therefore require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

82.    The allegations in Paragraph 256 state legal conclusions and arguments, and therefore require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

### COUNT II

**U.S. Const. Amends. I, XIV; 42 U.S.C. § 1983**
**Undue Burden on the Right to Vote**
**Against Defendants Gonzales, Garza, Ogg, Rogriguez, Creuzot, Rosales, Callanen,**
**DeBeauvoir, Longoria, Ramón, Scarpello, and Wise**

83.    In response to Paragraph 257, District Attorney Garza incorporates by reference all of his former responses.

84. The allegations in Paragraph 258 state legal conclusions and arguments, and therefore require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

85. The allegations in Paragraph 259 state legal conclusions and arguments, and therefore require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

86. The allegations in Paragraph 260 state legal conclusions and arguments, and therefore require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

87. District Attorney Garza generally admits that in Count II Plaintiffs challenge provisions of SB 1 set forth in Paragraph 261 (a)–(c). District Attorney Garza denies that he is responsible for the enactment of the challenged provisions of SB 1, and further denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

88. The allegations in paragraph 262-272 state legal conclusions and arguments, and therefore require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

**COUNT III**

**U.S. Const. Amends. I, XIV; 42 U.S.C. § 1983**
**Restriction on Free Speech and Expression**
**Against Defendants Gonzales, Garza, Ogg, Rogriguez, Creuzot, Rosales, Callanen,**
**DeBeauvoir, Longoria, Ramón, Scarpello, and Wise**

89. In response to Paragraph 273, District Attorney Garza incorporates by reference all of his former responses.

90. The allegations in Paragraphs 274-286 state legal conclusions, and therefore require no response. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

**COUNT IV**

**52 U.S.C. § 10508**
**Violation of Section 208 of the Voting Rights Act**
**Against All Defendants**

91. In response to Paragraph 287, District Attorney Garza incorporates by reference all of his former responses.

92. The allegations in Paragraphs 288-294 state legal conclusions and arguments, and therefore require no response.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

**PLAINTIFFS' PRAYER FOR RELIEF**

93. District Attorney Garza denies that Plaintiffs are entitled to any of the relief requested or any relief whatsoever from District Attorney Garza as alleged in the "Prayer for Relief" (a.) – (j.), inclusive of the Plaintiffs' Second Amended Complaint.

## AFFIRMATIVE DEFENSES

94.     District Attorney Garza asserts that sovereign immunity, prosecutorial immunity, qualified immunity, and/or equity and justice bar Plaintiff's recovery of attorneys' fees from District Attorney Garza in their lawsuit. District Attorney Garza had no role in enacting S.B. 1, and does not intend to defend the constitutionality of the statute.

95.     District Attorney Garza reserves the right to raise affirmative and other defenses that may become apparent throughout the factual development of the case.

## CONCLUSION AND PRAYER

Defendant Garza respectfully requests that all relief requested by Plaintiffs be denied, that he recover his attorneys' fees and costs, and that he be awarded any additional relief to which he may be entitled in law or in equity.

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:     (512) 854-9513
Facsimile:     (512) 854-4808

By:     */s/ Anthony J. Nelson*
SHERINE E. THOMAS
State Bar No. 00794734
Sherine.Thomas@traviscountytx.gov
LESLIE W. DIPPEL
State Bar No. 00796472
Leslie.Dippel@traviscountytx.gov
ANTHONY J. NELSON
State Bar No. 14885800
Tony.Nelson@traviscountytx.gov
PATRICK T. POPE
State Bar No. 24079151
Patrick.Pope@traviscountytx.gov

**ATTORNEYS FOR DEFENDANT JOSÉ
GARZA, IN HIS OFFICIAL CAPACITY AS
TRAVIS COUNTY DISTRICT ATTORNEY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion was served through the Court's CM/ECF Document Filing System upon each attorney of record and the original upon the Clerk of Court on this the 16th day of March, 2022.

*/s/ Anthony J. Nelson*
ANTHONY J. NELSON
PATRICK T. POPE
Assistant County Attorneys