# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | 5:21-CV-0844-XR |
| | § | **(Consolidated Cases)** |
| GREGORY ABBOTT, et al. | § | |
| *Defendants.* | § | |

---

## DEFENDANT JOSÉ GARZA'S ANSWER TO PLAINTIFFS' LA UNIÓN DEL PUEBLO ENTERO, FRIENDSHIPWEST BAPTIST CHURCH, THE ANTI- DEFAMATION LEAGUE AUSTIN, SOUTHWEST, AND TEXOMA REGIONS, SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT, TEXAS IMPACT, MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS, TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION, JOLT ACTION, WILLIAM C. VELASQUEZ INSTITUTE, FIEL HOUSTON, INC., AND JAMES LEWIN'S SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [ECF NO. 208]

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant José Garza ("District Attorney Garza"), in his official capacity, and for his Original Answer to Plaintiffs La Unión Del Pueblo Entero, Friendship-West Baptist Church, the Anti-Defamation League Austin, Southwest, And Texoma Regions, Southwest Voter Registration Education Project, Texas Impact, Mexican American Bar Association Of Texas, Texas Hispanics Organized For Political Education, Jolt Action, William C. Velasquez Institute, Fiel Houston Inc., and James Lewin's Second Amended Complaint (ECF No. 208), which now adds him to their pleadings, and admits, denies, and alleges as follows:

## DEFENDANT JOSÉ GARZA'S ANSWER TO SECOND AMENDED COMPLAINT

## DENIAL UNDER F.R.C.P. 8(b)

Pursuant to Federal Rule of Civil Procedure 8(b), District Attorney Garza denies each allegation contained in Plaintiffs' Second Amended Complaint except those expressly admitted herein. District Attorney Garza generally admits that the provisions of S.B. 1 (as enacted) place significant practical burdens on Travis County voters, pose significant challenges to successful prosecution, and raise significant constitutional issues, but denies that any of District Attorney Garza's actions have violated any state or federal laws or rights secured under the United States Constitution. District Attorney Garza had no role in the enactment of S.B. 1. District Attorney Garza does not intend to defend the constitutionality of S.B. 1's provisions.

The following specific admissions and denials are made to the corresponding paragraphs of Plaintiffs' Second Amended Complaint:

## I.      RESPONSE TO SECOND AMENDED COMPLAINT INTRODUCTION

1.      District Attorney Garza generally admits that per media reports, the Texas Secretary of State office said that the 2020 general election in Texas was "smooth and secure". District Attorney Garza further generally admits the 2020 General Election took place during a global pandemic, election officials and voters had to deal with obstacles due to the pandemic, and the Texas electorate is changing. The remainder of Plaintiffs' allegations and characterization of facts in Paragraph 1 are not specifically directed toward District Attorney Garza, and do not require a response.  In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

2.      Paragraph 2 contains legal conclusions and arguments to which no response is required and statutory citations that speak for themselves. District Attorney Garza admits that the

Texas Legislature enacted S.B. 1, which creates additional requirements for voting. The remainder of Plaintiffs' allegations and characterization of facts in Paragraph 2 are not specifically directed toward District Attorney Garza, and do not require a response. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

3.      District Attorney Garza admits Gregory W. Abbott is the governor of the State of Texas. The remainder of Plaintiffs' allegations and characterization of facts in Paragraph 3 are not specifically directed toward District Attorney Garza, and do not require a response, and contain legal conclusions and argument to which no responsive pleading is required and references to quotes or statements from politicians that speak for themself. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

4.      District Attorney Garza generally admits that Texas has a racially diverse electorate, the Texas electorate is changing demographically, and turnout in the 2020 general election was high. The remainder of Plaintiffs' allegations and characterization of facts in Paragraph 4 are not specifically directed toward District Attorney Garza, and do not require a response, and contain legal conclusions and argument to which no responsive pleading is required. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

5.      Paragraph 5 contains legal conclusions and arguments to which no response is required and references to SB 1 that speak for themselves. Further, Plaintiffs' allegations and characterization of facts in Paragraph 5 are not specifically directed toward District Attorney Garza, and do not require a response. In an abundance of caution, District Attorney Garza denies

any allegations that could pertain to him with respect to alleged violation of voter's rights.

6. Paragraph 6 contains factual allegations and legal conclusions to which a responsive pleading is not required. To the extent the allegations in Paragraph 6 contains factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

## II.    JURISDICTION AND VENUE

7. District Attorney Garza admits that under certain circumstances "[t]his Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) because the claims in this action arise under federal law and seek to redress the deprivation of federal civil rights, including the right to vote." as set forth in Paragraph 7 of the Second Amended Complaint. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

8. District Attorney Garza admits the venue allegations set forth in Paragraph 8 as they pertain to District Attorney Garza in his official capacity only.

## III.    PARTIES

9. District Attorney Garza admits, based on information and belief, that LA UNIÓN DEL PUEBLO ENTERO ("LUPE") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 9-10.

10. District Attorney Garza admits, based on information and belief, that FRIENDSHIP-WEST BAPTIST CHURCH ("FRIENDSHIP-WEST") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without

sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 11.

11.    District Attorney Garza admits, based on information and belief, that ANTI-DEFAMATION LEAGUE AUSTIN, SOUTHWEST, AND TEXOMA REGIONS ("ADL") are named plaintiffs, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 12.

12.    District Attorney Garza admits, based on information and belief, that SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT ("SVREP") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 13.

13.    District Attorney Garza admits, based on information and belief, that TEXAS IMPACT is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 14.

14.    District Attorney Garza admits, based on information and belief, that MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS ("MABATX") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 15.

15.    District Attorney Garza admits, based on information and belief, that TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION ("TEXAS HOPE") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is

without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 16.

16.     District Attorney Garza admits, based on information and belief, that JOLT ACTION is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 17.

17.     District Attorney Garza admits, based on information and belief, that WILLIAM C. VELASQUEZ INSTITUTE ("WCVI") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 18.

18.     District Attorney Garza admits, based on information and belief, that FIEL Houston Inc. ("FIEL") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 19.

19.     District Attorney Garza admits, based on information and belief, that JAMES LEWIN is a named plaintiff, purporting to sue Defendants on its own behalf, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 20.

**B. Defendants**

20.     District Attorney Garza admits Paragraph 21.

21.     Paragraph 22 contains references to statutory authority that speak for themselves. As to the remainder of the allegations, District Attorney Garza admits that John B. Scott is the current Texas Secretary of State, and further generally admits the Texas Election Code

provisions cited and/or quoted in Paragraph 22 are correctly quoted. The remaining allegations are legal conclusions that do not require a response.

22.     Paragraph 23 contains legal conclusions and arguments not directed towards District Attorney Garza to which no response is required and references to pleadings that speak for themselves. District Attorney Garza District Attorney Garza is without sufficient information or knowledge to admit or deny the remaining allegations, therefore the allegations are denied.

23.     Paragraphs 24 -35 contain references to the Texas Election Code, which speak for themselves. Paragraphs 24 -35 further contains legal conclusions and arguments to which no response is required. To the extent the allegations in Paragraphs 24 -35 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

24.     District Attorney Garza admits that Warren K. Paxton is the Attorney General of Texas, sued in his official capacity. The remainder of the allegations in Paragraph 36 contain legal conclusions and arguments to which no response is required. To the extent the allegations in Paragraph 36 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

25.     Paragraphs 37-38 contain references to the Texas Election Code, which speak for themselves. The remainder of the allegations in Paragraphs 37-38 contain legal conclusions and arguments to which no response is required. To the extent the allegations in Paragraphs 37-38 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to

alleged violation of voter's rights.

26.     Paragraph 39 contains references to Texas case law, Texas statutes, legal conclusions, and legal arguments to which no response is required. District Attorney Garza admits the Texas Court of Criminal Appeals recently held that the Texas Attorney General lacks constitutional authority to unilaterally prosecute criminal offenses created by the Election Code, see *State v. Stephens*, --- S.W.3d ---, 2021 WL 5917198 (Tex. Crim. App. Dec. 15, 2021). District Attorney Garza further admits that Defendant Paxton may assist Texas district attorneys and Texas county attorneys who request assistance from Defendant Paxton to prosecute criminal cases specified by those local Texas prosecuting attorneys.   To the extent the allegations in Paragraph 39 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

27.     Paragraph 40 contains legal conclusions to which no response is required. Paragraph 40 further references SB 1 provisions of the Texas Election Code, which speak for themselves.   To the extent the allegations in Paragraph 40 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

28.     Paragraph 41 contains legal conclusions and legal arguments to which no response is required. To the extent the allegations in Paragraph 41 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

29.     Paragraph 42 is not directed at District Attorney Garza and District Attorney Garza is not required to respond. District Attorney Garza denies any allegations that could

pertain to him with respect to alleged violation of voter's rights.

30.     Based on information and belief, District Attorney Garza admits the allegations set forth in Paragraph 43.

31.     Based on information and belief, District Attorney Garza admits the allegations set forth in Paragraph 44.

32.     Paragraph 45 contains references to provisions of the Texas Election Code and the Office of the Attorney General website, which speak for themselves, and require no response. To the extent the allegations in Paragraph 45 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

33.     Paragraphs 46-47 contain references to the Texas Election Code, which speak for themselves. and require no response. To the extent the allegations in Paragraphs 46-47 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

34.     Based on information and belief, District Attorney Garza admits the allegations set forth in Paragraphs 48-49.

35.     District Attorney Garza admits the allegations in Paragraph 50 that he is the duly elected Travis County District Attorney, and under Texas state law, he is authorized to investigate and prosecute violations of the Texas Election Code in Travis County. He further admits he is sued in his official capacity.

36.     Paragraph 51 contain references to the Texas Election Code, which speak for themselves. and require no response. To the extent the allegations in Paragraph 51 contain

factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

37. Paragraph 52 contains legal conclusions and arguments to which no response is required. District Attorney Garza admits that under Texas state law and the provisions of S.B. 1 (as enacted) he is authorized to enforce certain challenged provisions of SB 1 in Travis County. District Attorney Garza further admits that he has prosecutorial discretion under Texas state law with respect to investigation and prosecution of alleged or potential violations of Texas law within his jurisdiction and authority to prosecute. To the extent the allegations in Paragraph 52 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

## IV. FACT BACKGROUND

**A. Texas law has long restricted Latino and Black citizens' right to vote.**

38. Paragraphs 53-61 contain legal conclusions and arguments, as well as references to statutory provisions, case citations and quotations, and secondary authorities, which speak for themselves, requiring no response. To the extent the allegations in Paragraphs 53-61 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

**B. Before SB 1, Texas was already among the states that made it hard to vote.[1]**

39. Paragraphs 62-64 contain legal conclusions and arguments, as well as references to statutory provisions and secondary authorities, which speak for themselves, requiring no response. To the extent the allegations in Paragraphs 62-64 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

**C. The 2020 General Election tested Texas voters in the unprecedented ways – and Texans passed with flying colors.**

40. Paragraphs 65-72 contain legal conclusions and arguments, as well as references to statistical data, secondary authorities, media reports, and governmental websites that speak for themselves, requiring no response. To the extent the allegations in Paragraphs 65-72 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

41. Paragraph 73 contains legal arguments to which no response is required. District Attorney Garza admits that some election officials across the state extended voting hours and added additional mail ballot drop off locations in the 2020 General Election. To the extent the allegations in Paragraph 73 contains factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

42. Paragraphs 74-75 contain legal conclusions and arguments to which no response is required. To the extent the allegations in Paragraphs 74-75 contain factual allegations to

---

[1]The Second Amended Complaint has two IV. FACT BACKGROUND (A.) sections. (First Section A. – Paragraphs 53-61; second Section A. -   Paragraphs 62- 64.)  For purposes of this Answer District Attorney Garza will reflect the section headings utilized by Plaintiffs, designated in sequential alphabetical order for the answer.

which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

43.     Paragraphs 76-77 contain legal conclusions and arguments as well as references to statistical data, secondary authorities, media reports, and governmental websites that speak for themselves, requiring no response.  To the extent the allegations in Paragraphs 76-77 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

**D.     Following a historically successful election, some Texas politicians made baseless allegations of cheating.**

44.     Paragraphs 78-81 contain legal conclusions and arguments, as well as references to statistical data, secondary authorities, media reports, and governmental websites that speak for themselves, requiring no response.  To the extent the allegations in Paragraphs 78-81 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

**E.     The Texas Legislature takes up anti-voter legislation.**

45.     Paragraphs 82-93 contain legal conclusions and arguments, as well as references to statistical data, secondary authorities, media reports, governmental websites and legislative history that speak for themselves, requiring no response.   District Attorney Garza admits Governor Abbott signed SB1 into law on September 7, 2021, as set forth in Paragraph 91. To the extent the allegations in Paragraphs 82-93 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

**F. State officials, including the Secretary, commence a "forensic audit" of Texas elections.**

46.     Paragraphs 94-97 contain legal conclusions and arguments, as well as references to statistical data and governmental websites that speak for themselves, requiring no response. To the extent the allegations in Paragraphs 94-97 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

**G. State officials, including the Attorney General, support increased criminal penalties for so-called "illegal voting."**

47.     Paragraphs 98-101 contain legal conclusions and arguments, as well as references to legislative history, media reports, social media, and governmental websites that speak for themselves, requiring no response. To the extent the allegations in Paragraphs 98-101 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

**H. SB 1 imposes burdens that will discourage, intimidate and deter eligible Texas voters, and will disproportionately impact voters of color and voters with disabilities.**

48.     Paragraph 102 contains legal conclusions and arguments to which no response is required. To the extent the allegations in Paragraph 102 contains factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

1. **SB1 restricts the ability of eligible Texans, including voters who have limited English proficiency, disabilities, and less formal education, to access voter assistance.**

49.     Paragraphs 103-116 contain legal conclusions and arguments, as well as reference and citation to, and quotations from provisions of S.B. 1 and the Texas Election Code, statistical data and governmental websites that speak for themselves, requiring no response.  To the extent the allegations in Paragraphs 103-116 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

2. **SB 1 opens the door to intimidation and misconduct at the polls by tying the hands of poll workers and election officials.**

50.     Paragraphs 117-131 contain legal conclusions and arguments, as well as reference and citation to, and quotations from provisions of S.B. 1 and the Texas Election Code that speak for themselves, requiring no response.  To the extent the allegations in Paragraphs 117-131 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

3. **SB 1 prohibits voting procedures that facilitated record voter participation in 2020, despite no evidence that these measures contribute to voter fraud.**

51.     Paragraphs 132-136 contain legal conclusions and arguments, as well as reference and citation to, and quotations from provisions of S.B. 1 and the Texas Election Code, statistical data, media reports, secondary authorities and governmental websites that speak for themselves, requiring no response.  To the extent the allegations in Paragraphs 132-136 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged

violation of voter's rights.

     **4.**     **SB1 criminalizes otherwise lawful voter assistance by community-based nonpartisan organizations through vague and overbroad "vote harvesting" prohibitions.**

     52.     Paragraphs 137-143 contain legal conclusions and arguments, as well as reference and citation to, and quotations from provisions of S.B. 1 and the Texas Election Code that speak for themselves, requiring no response. To the extent the allegations in Paragraphs 137-143 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

     **5.**     **SB1 further burdens state officials and expands investigation of voter registration applicants and registered voters, despite no evidence of widespread voter fraud.**

     53.     District Attorney Garza admits that he is unaware of any widespread voter fraud in any election administered in the State of Texas and its political subdivisions. To the extent the allegations in Paragraph 144 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

     54.     Paragraphs 145-148 contain legal conclusions and arguments, as well as reference and citation to, and quotations from provisions of S.B. 1 and the Texas Election Code that speak for themselves, requiring no response. To the extent the allegations in Paragraphs 145-148 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

**I.    SB1 Will Harm Plaintiffs.**

55.    Paragraphs 149-217 contain legal conclusions and arguments, as well as reference and citation to, and quotations from provisions of S.B. 1 and the Texas Election Code, and statistical data that speak for themselves, requiring no response.    To the extent the allegations in Paragraphs 149-217 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

**COUNT I**

**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza SB1 violates the First and Fourteenth Amendment of the U.S. Constitution.**

56.    With regard to Paragraph 218, District Attorney Garza repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

57.    Paragraph 219 contains statements to which no response is required.

58.    Paragraphs 220-221 contain citations to case law that speak for themselves.

59.    Paragraphs 222-229 contain legal conclusions and arguments, as well as references to SB 1 that speak for themselves, to which no response is required. To the extent the allegations in Paragraphs 222-229 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

## COUNT II

**Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza SB1 Violates the Fourteenth Amendment of The U.S. Constitution**

60.     With regard to Paragraph 230, District Attorney Garza repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

61.     Paragraph 231 contains statements to which no response is required.

62.     Paragraph 232 contains quotation of Section 1 of the Fourteenth Amendment to the United States Constitution that speaks for itself.

63.     Paragraph 233 contains references to a provision of the United States Constitution and case law that speak for themselves.

64.     Paragraphs 234-241 contain legal conclusions and arguments, as well as references to SB 1 that speak for themselves, to which no response is required. To the extent the allegations in Paragraphs 234-241 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

## COUNT III

**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza SB1 Violates the Fifteenth Amendment of the U.S. Constitution**

65.     With regard to Paragraph 242, District Attorney Garza repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

66.     Paragraph 243 contains a list of citations to statute to which no response is required.

67.     Paragraph 244 contains references to a provision of the United States Constitution to which no response is required.

68.     Paragraphs 245-246 contain references to provisions of the United States Constitution and case law to which no response is required.

69.     Paragraphs 247-254 contain legal conclusions and arguments, as well as references to SB 1 and SB 7 that speak for themselves, to which no response is required. To the extent the allegations in Paragraphs 234-241 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

## COUNT IV

### Against All Defendants
### SB1 discriminates against minority voters in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, et seq.

70.     With regard to Paragraph 255, District Attorney Garza repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

71.     Paragraph 256 contains a list of citations to statute to which no response is required.

72.     Paragraph 267 contains references to Section 2 of the Voting Rights Act to which no response is required.

73.     Paragraphs 258-259 contain references to case to which no response is required.

74.     Paragraphs 260-265 contain legal conclusions and arguments, as well as references to SB 1 and the Voting Rights Act that speak for themselves, to which no response is required. To the extent the allegations in Paragraphs 260-265 contain factual allegations to which

a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

**COUNT V**

**Against All Defendants**
**SB1 impedes voters' practical ability to get necessary and statutorily guaranteed assistance in violation of Section 208 of the Voting Rights Act, 52 U.S.C. § 10508.**

75.    With regard to Paragraph 266, District Attorney Garza repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

76.    Paragraph 267 contains statements to which no response is required.

77.    Paragraph 268 contains references to, and quotation from Section 208 of the Voting Rights Act that speaks for itself.

78.    Paragraphs 269-271 contain legal conclusions and arguments, as well as references to SB 1, the Voting Rights Act and case law that speak for themselves, to which no response is required. To the extent the allegations in Paragraphs 269-271 contain factual allegations to which a responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

**COUNT VI**

**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza SB1 discriminates against voters on the basis of a disability in violation of Title II of the Americans with Disability Act, 42 U.S.C. § 12131, et seq.**

79.    With regard to Paragraph 272, District Attorney Garza repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

80.     Paragraph 273 contains a list of citations to which no response is required.

81.     Paragraphs 274-276 contain references to, and quotations from provisions of the Americans with Disabilities Act ("ADA") and related Code of Federal Regulations ("C.F.R.") provisions to which no response is required.

82.     Paragraph 277 contains references to statutes, C.F.R. provisions and case law to which no response is required.

83.     Paragraph 278 contains legal conclusions and arguments, as well as references to statutes that speak for themselves, to which no response is required. Paragraph 278 is also vague as to "public entities" in that District Attorney Garza is not a public entity, a separate jural entity, or the governing body of Travis County, Texas. To the extent a response is required, District Attorney Garza admits that the State of Texas is a public entity, and it must comply with Title II of the ADA. To the extent the allegations in Paragraph 278 contain factual allegations to which further responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

84.     District Attorney Garza is without sufficient information or knowledge to admit or deny the allegations in Paragraph 279, therefore the allegations are denied.

85.     Paragraphs 280-285 contain legal conclusions and arguments, as well as references to statutes that speak for themselves, to which no response is required. To the extent the allegations in Paragraph 280-285 contain factual allegations to which responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

## COUNT VII

**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza Section 7.04 of SB1 is unconstitutionally vague and burdens free speech in violation of the First and Fourteenth Amendments to the U.S. Constitution.**

86.     With regard to Paragraph 286, District Attorney Garza repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

87.     Paragraphs 287 contains a list of citations to statutes to which no response is required.

88.     Paragraph 288-289 contain references to case law to which no response is required.

89.     Paragraphs 290-300 contain legal conclusions and arguments, as well as references to case law, S.B.1 and other statutory provisions that speak for themselves, to which no response is required. To the extent the allegations in Paragraph 290-300 contain factual allegations to which responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

## COUNT VIII

**Against Defendants Scott. Paxton, Creuzot, Rosales, and Garza Section 4.09 of SB1 is unconstitutionally vague in violation of the Fourteenth Amendment to the U.S. Constitution**

90.     With regard to Paragraph 301, District Attorney Garza repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

91.     Paragraph 302 contains a list of citation to statute to which no response is

required.

92.     Paragraph 303-309 contain legal conclusions and arguments, as well as references to S.B.1 and other statutory provisions to which no response is required. To the extent the allegations in Paragraph 303-309 contain factual allegations to which responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

**COUNT IX**

**Against Defendants Scott, Paxton, Scarpello, Wise, Creuzot, Rosales, and Garza SB1
violates the First and Fourteenth Amendments of the U.S. Constitution.**

93.     With regard to Paragraph 310, District Attorney Garza repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth herein.

94.     Paragraph 311 contains a list of citation to statute to which no response is required.

95.     Paragraph 312-314 contain legal conclusions and arguments, as well as references to S.B.1 that speak for themselves, to which no response is required. To the extent the allegations in Paragraph 312-314 contain factual allegations to which responsive pleading is required, in an abundance of caution, District Attorney Garza denies any allegations that could pertain to him with respect to alleged violation of voter's rights.

## PRAYER FOR RELIEF

96.     District Attorney Garza denies the allegations contained in the Prayer section of the Second Amended Complaint [1-6] to and denies that Plaintiffs are entitled to the relief requested, including declaratory or injunctive relief relative to District Attorney Garza, and denies that Plaintiffs may recover any costs, disbursements, and reasonable attorney's fees from District Attorney Garza.

## AFFIRMATIVE DEFENSES

97.     By pleading the following Defenses or Affirmative Defenses, District Attorney Garza does not concede that each of the matters covered by the numbered defenses is to be proven by District Attorney Garza. District Attorney Garza reserves its position that Plaintiffs retain the burden of proof on all matters necessary to prove the claims asserted in the Second Amended Complaint and to establish their alleged damages.

98.     District Attorney Garza asserts that sovereign immunity, prosecutorial immunity, qualified immunity, and/or equity and justice bar Plaintiff's recovery of attorneys' fees from District Attorney Garza in their lawsuit. District Attorney Garza had no role in enacting S.B. 1 and does not intend to defend the constitutionality of the statute.

99.     District Attorney Garza reserves the right to raise affirmative and other defenses that may become apparent throughout the factual development of the case.

## CONCLUSION AND PRAYER

Defendant Garza respectfully requests that all relief requested by Plaintiffs be denied, that he recover his attorneys' fees and costs, and that he be awarded any additional relief to which he may be entitled in law or in equity.

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone: (512) 854-9513
Facsimile: (512) 854-4808

By: */s/ Anthony J. Nelson*
SHERINE E. THOMAS
State Bar No. 00794734
Sherine.Thomas@traviscountytx.gov
LESLIE W. DIPPEL
State Bar No. 00796472
Leslie.Dippel@traviscountytx.gov
ANTHONY J. NELSON
State Bar No. 14885800
Tony.Nelson@traviscountytx.gov
PATRICK T. POPE
State Bar No. 24079151
Patrick.Pope@traviscountytx.gov

**ATTORNEYS FOR DEFENDANT**
**JOSÉ GARZA, IN HIS OFFICIAL CAPACITY**
**AS TRAVIS COUNTY DISTRICT ATTORNEY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion was served through the Court's

CM/ECF Document Filing System upon each attorney of record and the original upon the Clerk

of Court on this the 16th day of March, 2022.

*/s/ Anthony J. Nelson*
ANTHONY J. NELSON
PATRICK T. POPE
Assistant County Attorneys