UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | 5:21-CV-0844-XR | |
| § | (Consolidated Cases) | |
| GREGORY ABBOTT, et al. § | | |
| *Defendants*. § | | |

**DEFENDANT JOSÉ GARZA'S ANSWER
TO PLAINTIFFS' HOUSTON AREA URBAN LEAGUE, DELTA SIGMA THETA
SORORITY, INC., THE ARC OF TEXAS, MI FAMILIA VOTA, MARLA LÓPEZ,
MARLON LÓPEZ, PAUL RUTLEDGE, AND JEFFREY LAMAR CLEMMONS'
SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF [ECF NO. 199]**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant JOSÉ GARZA, in his official capacity as the Travis County District Attorney ("District Attorney Garza") now files his Answer to Plaintiffs' Houston Justice,[1] Houston Area Urban League, Delta Sigma Theta Sorority, Inc., the Arc of Texas, Mi Familia Vota, Marla López, Marlon López, Paul Rutledge, and Jeffrey Lamar Clemmons' ("Plaintiffs") Second Amended Complaint for Declaratory and Injunctive Relief in *La Unión Del Pueblo Entero, et al. v. Gregory Abbott, et al.*, 5:21-CV-0844-XR (Consolidated Cases). (ECF No. 199).[2]

In support thereof, District Attorney Garza respectfully offers the following:

**DENIAL**

Pursuant to Federal Rule of Civil Procedure 8(b), District Attorney Garza denies each allegation contained in Plaintiffs' Second Amended Complaint except those expressly admitted herein. District Attorney Garza generally admits that the provisions of S.B. 1 (as enacted) place

---
[1] Houston Justice has withdrawn as a plaintiff in this matter. See ECF No. 275, Unopposed Motion to Withdraw Houston Justice. All other plaintiffs named in the Second Amended Complaint (ECF No. 199) continue as parties in this matter.
[2] Hereinafter sometimes referred to as "Plaintiffs' SAC."

significant practical burdens on Travis County voters, pose significant challenges to successful prosecution, and raise significant constitutional issues, but denies that any of District Attorney Garza's actions have violated any state or federal laws or rights secured under the United States Constitution. District Attorney Garza had no role in the enactment of S.B. 1. District Attorney Garza does not intend to defend the constitutionality of S.B. 1's provisions.

The following specific admissions and denials are made to the corresponding paragraphs of Plaintiffs' SAC:

1. Plaintiffs' allegations in Paragraphs 1-8 contain legal conclusions, arguments, and factual characterizations, and citations to case law, media reports, government websites, and secondary authorities, to which no response is required. In addition, Plaintiffs' allegations in Paragraphs 1-8 are not specifically directed toward District Attorney Garza. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

2. District Attorney Garza is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 9. In addition, in an abundance of caution, District Attorney Garza denies any allegations in Paragraph 9 that could pertain to him. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

3. District Attorney Garza admits "Governor Abbott issued an Executive Order restricting each county to maintain only one ballot drop-off location, irrespective of the county's size or population." District Attorney Garza is without sufficient knowledge or information to admit or deny the remainder of the allegations set forth in Paragraph 10, which contain legal

conclusions, arguments and factual characterizations that require no response. In addition, in an abundance of caution, District Attorney Garza denies any allegations in Paragraph 10 that could pertain to him. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

4. Plaintiffs' allegations in Paragraphs 11-12 contain legal conclusions, arguments, and factual characterizations, as well as citations to case law, media reports, government websites, and secondary authorities that speak for themselves, to which no response is required. In addition, Plaintiffs' allegations in Paragraphs 11-12 are not specifically directed toward District Attorney Garza. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

5. District Attorney Garza is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraphs 13-24 of Plaintiffs' SAC. To the extent that these allegations contain legal conclusions, arguments, and factual characterizations, as well as citations to S.B. 1 and other statutory provisions and media reports, to which no response is required. Further, to the extent the allegations in Paragraphs 13-24 address the actions of the Texas Legislature, and do not address actions of District Attorney Garza, no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

6. District Attorney Garza admits S.B. 1 "was signed into law by Governor Abbott on September 7, 2021." District Attorney Garza further admits "S.B. 1 [became] effective 91 days after the second special legislative session end[ed]" as set forth in Paragraph 25.

7. District Attorney Garza is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraphs 26-28. To the extent that these allegations contain legal conclusions, arguments, and factual characterizations, as well as citations to S.B. 1 and other statutory provisions and media reports, no response is required. Further, to the extent the allegations in Paragraphs 26-28 address the actions of the Texas Legislature, and do not address actions of District Attorney Garza, no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## II.
## JURISDICTION AND VENUE

8. District Attorney Garza admits that under certain circumstances, a "civil rights action [may be maintained] under 42 U.S.C. §§ 1983 and 1988 for violations of their rights under the First, Fourteenth, and Fifteenth Amendments to the U.S. Constitution, Sections 2 and 208 of the Voting Rights Act of 1965, 52 U.S.C. §§ 10301 and 10508, the Americans with Disabilities Act of 1990, and Section 504 of the Rehabilitation Act of 1973." District Attorney Garza further admits that under certain circumstances, "[t]his Court [could have] jurisdiction under Article III, § 2 of the U.S. Constitution, and pursuant to 28 U.S.C. §§ 1331, 1343, 1357." District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

9. District Attorney Garza admits that this Court has authority to enter declaratory and injunctive relief under 28 U.S.C. § 2201 and 2202.

10. District Attorney Garza admits that venue is proper in this Court under 28 U.S.C. § 1391.

## III.
## PARTIES

**A. Plaintiffs**

11. Houston Justice is no longer a party to this Lawsuit. See, ECF No. 275, Unopposed Motion to Withdraw Houston Justice. Accordingly, no response is required as to the allegations set forth on behalf of Houston Justice in Paragraphs 34-37.

12. District Attorney Garza admits "Plaintiff HOUSTON AREA URBAN LEAGUE ("HAUL") [purports to] challenge [] sections 3.04, 3.09, 3.10, 3.12, 3.13, 3.15, and 4.12 of S.B. 1" and further admits Plaintiff HAUL is a named Plaintiff in this lawsuit. District Attorney Garza is without sufficient knowledge or information to admit or deny the remainder of the allegations set forth in Paragraphs 38-41. To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 38-41 address the actions of the Texas Legislature, and do not address actions of District Attorney Garza, no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

13. District Attorney Garza admits "Plaintiff DELTA SIGMA THETA SORORITY, INC. ("Delta Sigma Theta" or "the Deltas") [purports to] challenge [] sections 3.04, 3.09, 3.10, 3.12, 3.13, 3.15, 4.12, 6.01, 6.03, and 6.05 of S.B. 1" and further admits Plaintiff Delta Sigma Theta is a named Plaintiff in this lawsuit. District Attorney Garza is without sufficient knowledge or information to admit or deny the remainder of the allegations set forth in Paragraphs 42-48. To the extent that these allegations state legal conclusions, no response is

required. Further, to the extent the allegations in Paragraphs 42-48 address the actions of the Texas Legislature, and do not address actions of District Attorney Garza, no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

14. District Attorney Garza admits "Plaintiff THE ARC OF TEXAS [purports to] challenge [] sections 5.02, 5.03. 5.06, 5.07, 5.10, 6.03, 6.04, 6.05, and 6.07 of S.B. 1" and further admit Plaintiff The Arc of Texas is a named Plaintiff in this lawsuit. District Attorney Garza is without sufficient knowledge or information to admit or deny the remainder of the allegations set forth in Paragraphs 49-61. To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 49-61 address the actions of the Texas Legislature, and do not address actions of District Attorney Garza, no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

15. District Attorney Garza admits "Plaintiff MI FAMILIA VOTA [purports to] challenge [] sections 2.05, 2.06, 2.07, 3.04, 3.09, 3.10, 3.12, 3.13, 3.15, 4.01, 4.07, 4.12, 5.02, 5.03, 5.04, 5.07, 5.08, 5.11, 5.12, 5.13, 5.14, 6.01, 6.03, 6.05, 6.07, and 7.02 of S.B. 1" and further admits Plaintiff Mi Familia Vota is a named Plaintiff in this lawsuit. District Attorney Garza is without sufficient knowledge or information to admit or deny the remainder of the allegations set forth in Paragraphs 62-66. To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 62-66 address the actions of the Texas Legislature, and do not address actions of District Attorney

Garza, no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

16. District Attorney Garza admits "Plaintiff MARLA LÓPEZ [purports to] challenge [] sections 3.04, 3.09, 3.10, 3.12, 3.13, 4.01, and 4.07 of S.B. 1" and further admits Plaintiff Marla López is a named Plaintiff in this lawsuit. District Attorney Garza is without sufficient knowledge or information to admit or deny the remainder of the allegations set forth in Paragraph 67. To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraph 67 address the actions of the Texas Legislature, and do not address actions of District Attorney Garza, no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

17. District Attorney Garza admits "Plaintiff MARLON LÓPEZ [purports to] challenge [] sections 3.04, 3.09, 3.10, 3.12, 3.13, and 4.07 of S.B. 1" and further admits Plaintiff Marlon López is a named Plaintiff in this lawsuit. District Attorney Garza is without sufficient knowledge or information to admit or deny the remainder of the allegations set forth in Paragraph 68. To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraph 68 address the actions of the Texas Legislature, and do not address actions of District Attorney Garza, no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

18. District Attorney Garza admits "Plaintiff PAUL RUTLEDGE [purports to] challenge [] sections 3.04, 3.09, 3.10, and 7.02 of S.B. 1" and further admits Plaintiff Rutledge is a named Plaintiff in this lawsuit. District Attorney Garza is without sufficient knowledge or information to admit or deny the remainder of the allegations set forth in Paragraph 69. To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraph 69 address the actions of the Texas Legislature, and do not address actions of District Attorney Garza, no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

19. District Attorney Garza admits "Plaintiff JEFFREY LAMAR CLEMMONS [purports to] challenge [] sections 4.06, 4.07, and 4.09 of S.B. 1" and further admits Plaintiff Clemmons is a named Plaintiff in this lawsuit. District Attorney Garza is without sufficient knowledge or information to admit or deny the remainder of the allegations set forth in Paragraph 70. To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraph 70 address the actions of the Texas Legislature, and do not address actions of District Attorney Garza, no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

B.  **Defendants**

20. District Attorney Garza admits that Defendant Greg Abbott is the Governor of Texas ("Governor") and is sued in his official capacity as asserted in Paragraph 71.

21. District Attorney Garza admits that Defendant John Scott is the Texas Secretary of State ("SOS") and is sued in his official capacity as asserted in Paragraph 72.

22. The allegations in Paragraphs 73-76 contain legal conclusions and arguments. To the extent that these allegations contain legal conclusions, arguments, and factual characterizations, as well as citations to S.B. 1 and provisions of the Texas Election Code, as amended by S.B. 1, no response is required. Further, to the extent the allegations in Paragraphs 73-76 address the actions of the Texas Legislature, and do not address actions of District Attorney Garza, no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

23. District Attorney Garza admits that Defendant Kim Ogg is the Harris County District Attorney and is sued in her official capacity. The remainder of the allegations in Paragraph 77 contains legal conclusions and arguments to which no response is required. Further, in that the allegations in Paragraph 77 do not address actions of District Attorney Garza, no response is required.

24. District Attorney Garza admits that Defendant Joe Gonzales is the Bexar County District Attorney and is sued in his official capacity. The remainder of the allegations in Paragraph 78 contains legal conclusions and arguments to which no response is required. Further, in that the allegations in Paragraph 78 do not address actions of District Attorney Garza, no response is required.

25. District Attorney Garza admits to the assertions in Paragraph 79 that "Defendant José Garza is the Travis County District Attorney ("Travis DA") and is sued in his official capacity." District Attorney Garza admits that in his official capacity as Travis County District

Attorney District Attorney Garza represents the State of Texas in felony criminal cases in Travis County, Texas. District Attorney Garza further admits that under Texas state law and the provisions of S.B. 1 (as enacted) he is authorized to investigate and prosecute alleged violations of certain challenged provisions of S.B. 1 (as enacted) in Travis County. District Attorney Garza also further admits that he has prosecutorial discretion under Texas state law with respect to investigation and prosecution of alleged or potential violations of Texas law within his jurisdiction and authority to prosecute. The remainder of the allegations in Paragraph 79 contains legal conclusions and arguments to which no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

26. District Attorney Garza admits that Defendant Warren "Ken" Paxton is the Texas Attorney General ("AG") and is sued in his official capacity. The remainder of the allegations in Paragraph 80 contains legal conclusions and arguments to which no response is required. Further, in that the allegations in Paragraph 80 address the actions of the AG, and do not address actions of District Attorney Garza, no response is required.

27. District Attorney Garza admits that under Texas state law, district attorneys "have the authority to investigate and prosecute alleged violations of the Election Code, including those provisions introduced in S.B. 1." District Attorney Garza further admits that district attorneys have prosecutorial discretion under Texas state law with respect to investigation and prosecution of alleged or potential violations of Texas law within their jurisdiction and authority to prosecute. The remainder of the allegations in Paragraphs 81-83 contain legal conclusions and arguments, as well as citations to S.B. 1 and provisions of the Texas Election Code amended by S.B. 1, to which no response is required. To the extent said allegations require further response,

District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

28. District Attorney Garza admits that Defendant Bexar County Elections Administrator Jacque Callanen ("Bexar Elections") is sued in her official capacity. The remainder of the allegations in Paragraph 84 contains legal conclusions and arguments to which no response is required. Further, in that the allegations in Paragraph 84 do not address actions of District Attorney Garza, no response is required.

29. District Attorney Garza admits that Defendant Harris County Elections Administrator Isabel Longoria ("Harris Elections") is sued in her official capacity. The remainder of the allegations in Paragraph 85 contains legal conclusions and arguments to which no response is required. Further, in that the allegations in Paragraph 85 do not address actions of District Attorney Garza, no response is required.

## IV.
## GENERAL ALLEGATIONS

30. Plaintiffs' allegations in Paragraphs 86-244 contain legal conclusions, arguments, and factual characterizations, as well as citations to case law, statutory provisions of federal and Texas state law,[3] secondary authorities, media reports, governmental websites and legislative history pertaining to S.B. 1, for which no response is required. In addition, Plaintiffs' allegations in Paragraphs 86-224 are not specifically directed toward District Attorney Garza. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him, and further denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

---

[3] Including, but not limited to statutory provisions of the Texas Election Code as amended by S.B. 1 (as enacted).

31. District Attorney Garza admits he has jurisdiction and prosecutorial discretion to prosecute certain provisions of the Texas Election Code. District Attorney Garza further admits that he has prosecutorial discretion under Texas state law with respect to investigation and prosecution of alleged or potential violations of Texas law within his jurisdiction and authority to prosecute.

32. Plaintiffs' allegations in Paragraphs 224-244 contain legal conclusions, arguments, and factual characterizations, as well as citations to case law, statutory provisions of federal and Texas state law,[4] secondary authorities, media reports, governmental websites and legislative history pertaining to S.B. 1, for which no response is required. In addition, Plaintiffs' allegations in Paragraphs 86-224 are not specifically directed toward District Attorney Garza. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him, and further denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

33. District Attorney Garza is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraphs 245-251. Plaintiffs' allegations in Paragraphs 245-251 contain legal conclusions, arguments, and factual characterizations, as well as citations to S.B. 1, secondary authorities, media reports, and governmental websites, for which no response is required. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him, and further denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

---

[4] Including, but not limited to statutory provisions of the Texas Election Code as amended by S.B. 1 (as enacted).

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*     064.931 / 1032053.2
Defendant José Garza's Answer to HAUL Plaintiffs' 2nd Amended Complaint     Page **12** of **20**

# V.
# PLAINTIFFS' CLAIMS FOR RELIEF

## COUNT 1
### Violation of the First and Fourteenth Amendments
### U.S. Const. amend., I and XIV; 42 U.S.C §1983
### (Undue Burden on the Right to Vote)

Houston Justice, Houston Area Urban League, Delta Sigma Theta Sorority against Defendants Paxton, Ogg, Gonzales, Scott, Longoria, and Callanen
Mi Familia Vota, Marla López, Marlon López, and Paul Rutledge Against Defendants Paxton, Ogg, Gonzales, Scott, Longoria, and Callanen

34. In response to Paragraph 250, [5] District Attorney Garza incorporates by reference all of his former responses.

35. Plaintiffs' allegations in Count One of Plaintiffs' SAC (Paragraphs 251-269) contain legal conclusions and factual characterizations for which no response is required. In addition, Count One of Plaintiffs' SAC, asserted by Plaintiffs Houston Area Urban League, Delta Sigma Theta Sorority, Mi Familia Vota, Marla López, Marlon López, and Paul Rutledge fails to name District Attorney Garza amongst the Defendants listed in Count One as a defendant against whom Count One is asserted. As such, Plaintiffs' allegations in Paragraphs 251-269 are not specifically directed toward District Attorney Garza. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him, and further denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

---

[5] It should be noted, under Count 1 of Plaintiffs SAC, paragraph number 250 is duplicated in number, but not content.

## COUNT 2
### Violation of the Fourteenth Amendment
### U.S. Const. amend., XIV; 42 U.S.C §1983
### (Intentional Race Discrimination in Voting)

Plaintiffs Houston Justice, Houston Area Urban League, Delta Sigma Theta Sorority, against Defendants Paxton, Ogg, Gonzales, Scott, Longoria, and Callanen

Plaintiffs Mi Familia Vota, Marla Lopez and Marlon Lopez Against Defendants Paxton, Ogg, Gonzales, Scott, Longoria and Callanen

36. In response to Paragraph 270, District Attorney Garza incorporates by reference all of his former responses.

37. Plaintiffs' allegations in Paragraphs 271-289 contain legal conclusions and factual characterizations for which no response is required. In addition, Count Two of Plaintiffs' SAC, asserted by Plaintiffs Houston Area Urban League, Delta Sigma Theta Sorority, Mi Familia Vota, Marla López, Marlon López, and Paul Rutledge fails to name District Attorney Garza amongst the Defendants listed in Count Two as a defendant against whom Count Two is asserted. As such, Plaintiffs' allegations in Paragraphs 271-289 are not specifically directed toward District Attorney Garza. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him, and further denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## COUNT 3
### Violation of the Fifteenth Amendment
### U.S. Const. amend., XV; 42 U.S.C §1983
### (Intentional Race Discrimination in Voting)

Plaintiffs Houston Justice, Houston Area Urban League, Delta Sigma Theta Sorority, against Defendants Paxton, Ogg, Gonzales, Scott, Longoria, and Callanen

Plaintiffs Mi Familia Vota, Marla Lopez and Marlon Lopez Against Defendants Paxton, Ogg, Gonzales, Scott, Longoria, and Callanen

38. In response to Paragraph 290, District Attorney Garza incorporates by reference all of his former responses.

39. Plaintiffs' allegations in Paragraphs 291-300 contain legal conclusions and factual characterizations for which no response is required. In addition, Count Three of Plaintiffs' SAC, asserted by Plaintiffs Houston Area Urban League, Delta Sigma Theta Sorority, Mi Familia Vota, Marla López, Marlon López, and Paul Rutledge fails to name District Attorney Garza amongst the Defendants listed in Count Three as a defendant against whom Count Three is asserted. As such, Plaintiffs' allegations in Paragraphs 291-300 are not specifically directed toward District Attorney Garza. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him, and further denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## COUNT 4
**Violation of Section 2 of the Voting Rights Act**
**52 U.S.C. §10301, et seq.**
**(Intentional Racial Discrimination & Vote Denial)**
Houston Justice, Houston Area Urban League, Delta Sigma Theta Sorority against all Defendants
Plaintiffs Mi Familia Vota, Marla López, and Marlon López Against all Defendants

40. In response to Paragraph 301, District Attorney Garza incorporates by reference all of his former responses.

41. Plaintiffs' allegations in Paragraphs 302-317 asserted by Plaintiffs Houston Area Urban League, Delta Sigma Theta Sorority, Mi Familia Vota, Marla López, and Marlon López contain legal conclusions and factual characterizations for which no response is required. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him, and further denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

# COUNT 5
## Violation of Section 208 of the Voting Rights Act
### 52 U.S.C. §10508
### (Right to Assistor of Choice)
Plaintiff Mi Familia Vota Against All Defendants
Plaintiffs Delta Sigma Theta and The Arc of Texas against all Defendants

42. In response to Paragraph 318, District Attorney Garza incorporates by reference all of his former responses.

43. Plaintiffs' allegations in Paragraphs 319-326 asserted by Plaintiffs Mi Familia Vota, Delta Sigma Theta Sorority, and The Arc of Texas contain legal conclusions and factual characterizations for which no response is required. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him, and further denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

# COUNT 6
## Violation of the Fourteenth Amendment
### U.S. Const. Amend. XIV, 42 U.S.C §1983
### (Void for Vagueness, Denial of Due Process)
Plaintiff Jeffrey Clemmons against Defendants Scott, Garza, Paxton, Longoria, and Callanen

44. In response to Paragraph 327, District Attorney Garza incorporates by reference all of his former responses.

45. Plaintiffs' allegations in Paragraphs 327-336 contain legal conclusions and factual characterizations for which no response is required. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him, and further denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## COUNT 7
### Title II of the Americans with Disabilities Act
### 42 U.S.C. § 12131, et seq.
### (Discrimination on the basis of disability; Failure to Provide Reasonable Accommodations)
Plaintiffs The Arc of Texas Against Defendants Scott, Ogg, Gonzales, Paxton, Longoria, Callanen

46. In response to Paragraph 337, District Attorney Garza incorporates by reference all of his former responses.

47. Plaintiffs' allegations in Paragraphs 338-353 contain legal conclusions and factual characterizations for which no response is required. In addition, Count Seven of Plaintiffs' SAC, asserted by Plaintiff The Arc of Texas, fails to name District Attorney Garza amongst the Defendants listed in Count Seven as a defendant against whom Count Seven is asserted. As such, Plaintiffs' allegations in Paragraphs 338-353 are not specifically directed toward District Attorney Garza. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him, and further denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## COUNT 8
### Section 504 of the Rehabilitation Act of 1973
### 29 U.S.C. § 794
### (Discrimination on the Basis of Disability by Recipients of Federal Financial Assistance)
Plaintiff The Arc of Texas against Defendants Scott, Ogg, Gonzales, Paxton, Longoria, Callanen

48. In response to Paragraph 354, District Attorney Garza incorporates by reference all of his former responses.

49. Plaintiffs' allegations in Paragraphs 355-365 contain legal conclusions and factual characterizations for which no response is required. In addition, Count Eight of Plaintiffs' SAC, asserted by Plaintiff The Arc of Texas, fails to name District Attorney Garza amongst the Defendants listed in Count Eight as a defendant against whom Count Eight is asserted. As such,

Plaintiffs' allegations in Paragraphs 355-365 are not specifically directed toward District Attorney Garza. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him, and further denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## VI.
## PRAYER FOR RELIEF

50. District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution, and further denies Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs as alleged in their Prayer for Relief, Sections (a.)-(e.).

## VII.
## AFFIRMATIVE DEFENSES

51. District Attorney Garza asserts that sovereign immunity, prosecutorial immunity, qualified immunity, and/or equity and justice bar Plaintiffs' recovery of attorneys' fees from District Attorney Garza in their lawsuit. District Attorney Garza had no role in enacting S.B. 1 and does not intend to defend the constitutionality of the statute.

## VIII.
## RIGHT TO RAISE ADDITIONAL DEFENSES

52. District Attorney Garza reserves the right to raise affirmative and other defenses that may become apparent throughout the factual development of the case.

# IX.
# CONCLUSION AND PRAYER

53. District Attorney Garza denies that Plaintiffs are entitled to any of the relief requested or any relief whatsoever from District Attorney Garza as alleged in the paragraph below the heading entitled "Prayer for Relief" of the Plaintiffs' SAC.

54. District Attorney Garza respectfully requests that all relief requested by Plaintiffs be denied, that he recovers his attorneys' fees and costs, and that he be awarded any additional relief to which he may be entitled in law or in equity.

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone: (512) 854-9513
Facsimile: (512) 854-4808

By: */s/ Anthony J. Nelson*
SHERINE E. THOMAS
State Bar No. 00794734
Sherine.Thomas@traviscountytx.gov
LESLIE W. DIPPEL
State Bar No. 00796472
Leslie.Dippel@traviscountytx.gov
ANTHONY J. NELSON
State Bar No. 14885800
Tony.Nelson@traviscountytx.gov
PATRICK T. POPE
State Bar No. 24079151
Patrick.Pope@traviscountytx.gov

**ATTORNEYS FOR DEFENDANT JOSÉ GARZA, IN HIS OFFICIAL CAPACITY AS TRAVIS COUNTY DISTRICT ATTORNEY**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this motion was served through the Court's CM/ECF Document Filing System upon each attorney of record and the original upon the Clerk of Court on this the 17th day of March, 2022.

><ins>*/s/ Anthony J. Nelson*</ins>
>ANTHONY J. NELSON
>PATRICK T. POPE
>Assistant County Attorneys