# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LA UNIÓN DEL PUEBLE ENTERO, et al..**§ | | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **5:21-CV-0844-XR** |
| | § | **(Consolidated Cases)** |
| **GREGORY ABBOTT, et al.** | § | |
| *Defendants.* | § | |

## DEFENDANT JOSÉ GARZA'S ORIGINAL ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT FILED BY PLAINTIFFS OCA-GREATER HOUSTON, LEAGUE OF WOMEN VOTERS OF TEXAS, REVUP-TEXAS, TEXAS ORGANIZING PROJECT, AND WORKERS DEFENSE ACTION FUND [ECF NO. 200]

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant José Garza, in his official capacity as the Travis County District Attorney ("District Attorney Garza"), by and through his attorney, the Travis County Attorney, and timely files his Original Answer to Plaintiffs OCA-Greater Houston, League of Women Voters of Texas, REVUP-Texas, Texas Organizing Project, and Workers Defense Action Funds Second Amended Complaint for Declaratory and Injunctive Relief in *La Unión Del Pueblo Entero, et al. v. Gregory Abbott, et al.*, 5:21-CV-0844-XR (Consolidated Cases). (ECF No. 200.) In support thereof, District Attorney Garza respectfully offers the following:

### DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), District Attorney Garza denies each allegation contained in Plaintiffs' Second Amended Complaint[1] except those expressly admitted herein. District Attorney Garza generally admits the provisions of S.B. 1 place significant practical

---

[1] Hereinafter sometimes referred to as "Plaintiffs' SAC".

burdens on Travis County voters, pose significant challenges to successful prosecution, and raise significant constitutional issues, but denies that any of District Attorney Garza's actions have violated any state or federal laws or rights secured under the United States Constitution. District Attorney Garza had no role in the enactment of S.B. 1. District Attorney Garza does not intend to defend the constitutionality of S.B. 1's provisions.

The following specific admissions and denials are made to the corresponding paragraphs of Plaintiffs' SAC:

## RESPONSES TO ALLEGATIONS IN PLAINTIFFS' SECOND AMENDED COMPLAINT

### I.
### INTRODUCTION

1.      Plaintiffs' allegations in Paragraphs 1-6 state legal conclusions and factual characterizations for which no response is required. In addition, Plaintiffs' allegations in Paragraphs 1-6 are not specifically directed toward District Attorney Garza or Travis County. In an abundance of caution, District Attorney Garza denies any allegations that could pertain to him, and further denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

### II.
### JURISDICTION AND VENUE

2.      District Attorney Garza admits that under certain circumstances, "a civil and constitutional rights action [may be maintained] arising under 42 U.S.C. § 1983, the First and Fourteenth Amendment to the United States Constitution, Title II of the ADA, Section 504 of the Rehabilitation Act, the Civil Rights Act of 1964, and the Voting Rights Act of 1965." District Attorney Garza further admits that under certain circumstances, "[t]his Court [could have] jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1343 and 52 U.S.C. § 10101(d)."

District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution in this case.

3. District Attorney Garza admits that venue is proper in this Court under 28 U.S.C. § 1391.

## III.
## PARTIES

### A. Plaintiffs

4. District Attorney Garza is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraphs 9-13 of Plaintiffs' SAC. To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 9-13 address the actions of the Texas Legislature, and do not address actions of District Attorney Garza or Travis County, no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

### OCA-Greater Houston

5. District Attorney Garza admits that the OCA-Greater Houston ("OCA-GH") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 14-18. To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 14-18 address the actions of the Texas Legislature, and do not address actions of District Attorney Garza or Travis County, no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## League of Women Voters of Texas

6.      District Attorney Garza admits that the League of Women Voters of Texas ("LWVTX") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 19-22.  To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 19-22 address the actions of the Texas Legislature, and do not address actions of District Attorney Garza or Travis County, no response is required.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## REVUP Texas

7.      District Attorney Garza admits that REVUP-Texas ("REVUP") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 23-27.  To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 23-27 address the actions of the Texas Legislature, and do not address actions of District Attorney Garza or Travis County, no response is required.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## Texas Organizing Project

8.      District Attorney Garza admits that Texas Organizing Project ("TOP") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is

without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 28-31. To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 28-31 address the actions of the Texas Legislature, and do not address actions of District Attorney Garza or Travis County, no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

### Workers Defense Action Fund

9. District Attorney Garza admits Workers Defense Action Fund ("WDAF") is a named plaintiff, purporting to sue Defendants on its own behalf and on behalf of its members, but is without sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraphs 32-34. To the extent that these allegations state legal conclusions, no response is required. Further, to the extent the allegations in Paragraphs 32-34 address the actions of the Texas Legislature, and do not address actions of District Attorney Garza or Travis County, no response is required. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

### B. Defendants

10. District Attorney Garza admits that Defendant John Scott is the Texas Secretary of State ("SOS") and is sued in his official capacity. District Attorney Garza is without sufficient information to admit or deny the remainder of this paragraph.

11. The allegations in Paragraphs 36-39 state legal conclusions and arguments to which no response is required. Further, in that the allegations in Paragraphs 36-39 address the actions of

*La Unión del Pueblo Entero v. Greg Abbott, et al,*
Defendant Garza's Answer to OCA-GH Plaintiffs' 2nd Amended Complaint

064.930 / 1031959.3
Page 5 of 21

the SOS, and do not address actions of District Attorney Garza or Travis County, no response is required.

12.     District Attorney Garza admits that Defendant Ken Paxton is the Texas Attorney General ("AG") and is sued in his official capacity.  On information and belief, District Attorney Garza further admits the Texas Court of Criminal Appeals issued a decision in *State v. Stephens*[2] regarding Section 273.021 of the Texas Election Code as amended by S.B. 1. The remainder of the allegations in Paragraphs 40-47 state legal conclusions and arguments to which no response is required.  Further, in that the allegations in Paragraphs 40-47 address the actions of the AG, and do not address actions of District Attorney Garza or Travis County, no response is required.

13.     District Attorney Garza admits that Defendant Kim Ogg is the Harris County District Attorney and is sued in her official capacity. The remainder of the allegations in Paragraph 48 state legal conclusions and arguments to which no response is required.  Further, in that the allegations in Paragraph 48 do not address actions of District Attorney Garza or Travis County, no response is required.

14.     District Attorney Garza admits that he is the elected Travis County District Attorney and is sued in his official capacity.  District Attorney Garza admits that in his official capacity as Travis County District Attorney he represents the State of Texas in felony criminal cases in Travis County.  District Attorney Garza further admits that he has prosecutorial discretion under Texas state law with respect to investigation and prosecution of alleged or potential violations of Texas law within his jurisdiction and authority to prosecute.  The remainder of the allegations in Paragraph 49 state legal conclusions and arguments to which no response is required. To the extent said allegations require further response, District Attorney Garza denies that his

---

[2] *State v. Stephens*, No. PD-1032-20, —— S.W.3d ——, ——, 2021 WL 5917198, at *10 (Tex. Crim. App. Dec. 15, 2021) (not released for publication).

actions have violated any state or federal laws or rights secured under the United States Constitution.

15.     District Attorney Garza admits that Defendant Harris County Elections Administrator Isabel Longoria ("Harris Elections") is sued in her official capacity. The remainder of the allegations in Paragraph 50 state legal conclusions and arguments to which no response is required. Further, in that the allegations in Paragraph 50 do not address actions of District Attorney Garza or Travis County, no response is required.

16.     District Attorney Garza admits that former Travis County Clerk Dana DeBeauvoir was sued in her official capacity as Travis County Clerk.  The remainder of the allegations in Paragraph 51 state legal conclusions and arguments to which no response is required.  Further, in that the allegations in Paragraph 51 do not address actions of District Attorney Garza, no response is required.

17.     Upon information and belief, District Attorney Garza admits that Travis County, Texas is a Texas county, and further admits the Travis County Clerk administers elections in Travis County.  The remainder of the allegations in Paragraph 52 state legal conclusions and arguments to which no response is required.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

18.     District Attorney Garza admits that Travis County, Texas is a political subdivision of the State of Texas. The remainder of the allegations in Paragraph 53 state legal conclusions and arguments to which no response is required.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

# IV.
# FACTUAL BACKGROUND

19.     The allegations in Paragraphs 54-55 state legal conclusions and arguments to which no response is required.  Further, the allegations in Paragraphs 54-55 address the actions of the Texas Legislature, and do not address actions of District Attorney Garza or Travis County.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## A.  Texas's Long History of Voter Suppression

20.     The allegations in Paragraphs 56 state legal conclusions and arguments, and citation to case law, to which no response is required.  Further, the allegations in Paragraph 56 address the actions of the State of Texas, and do not address actions of District Attorney Garza or Travis County.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

### 1.  Intentional Discrimination

21.     The allegations in Paragraphs 57-63 state legal conclusions and arguments, as well as citations to case law and secondary authorities to which no response is required.  Further, the allegations in Paragraphs 57-63 address alleged intentional discrimination by the State of Texas, and do not address actions of District Attorney Garza or Travis County.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

### 2.  Violations of the Voting Rights Act

22.     The allegations in Paragraphs 64-68 state legal conclusions and arguments, as well as citations to case law, secondary authorities and government websites, to which no response is

required. Further, the allegations in Paragraphs 64-68 address alleged violations of the Voting Rights Act by the State of Texas, and do not address actions of District Attorney Garza or Travis County. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

### 3. Continued Voter Suppression under Texas Law

23. The allegations in Paragraphs 69-74 state legal conclusions and arguments, as well as citations to case law, secondary authorities and media reports, to which no response is required. Further, the allegations in Paragraphs 69-74 address alleged continuing voter suppression under Texas state law, and do not address actions of District Attorney Garza or Travis County. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

### B. Demographic Changes in Texas

24. The allegations in Paragraphs 75-80 state legal conclusions and arguments, as well as citations to case law, secondary authorities, media reports and government websites, to which no response is required. Further, the allegations in Paragraphs 75-80 address alleged statewide demographic changes in Texas, and do not address actions of District Attorney Garza or Travis County. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

### C. Increased Turnout and Local Innovation in the 2020 General Election

25. Upon information and belief, District Attorney Garza admits, with respect to Travis County, the 2020 General Election saw increased turnout. District Attorney Garza is without

sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 81 on a statewide basis, or as to other county defendants.

26. The allegations in Paragraph 82 state legal conclusions and arguments to which no response is required. Further, the allegations in Paragraph 82 address "expansion of access to the polls in certain counties, like Harris County" and therefore do not address actions of District Attorney Garza or Travis County. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

**D. Texas's 2021 Legislative Sessions and Passage of S.B. 1**

27. District Attorney Garza admits, the assertion in Paragraph 95 of Plaintiffs' SAC that "[b]y its terms, S.B. 1 becomes effective 91 days after the end of the legislative session in which it passed—December 2, 2021." The remainder of the allegations in Paragraphs 83-94 state legal conclusions and arguments, as well as citation to media reports and legislative history of S.B. 1, to which no response is required. Further, the allegations in Paragraphs 83-94 address the actions of the Texas Legislature with respect to the passage of S.B. 1, and do not address actions of District Attorney Garza or Travis County. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

**V.**
**ILLEGAL PROVISIONS OF S.B. 1 AND PLAINTIFFS' CLAIMS FOR RELIEF**

28. The allegations in Paragraph 96 state legal conclusions and arguments to which no response is required. Further, the allegations in Paragraph 96 do not address actions of District Attorney Garza or Travis County. To the extent said allegations require further response, District

Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## A. S.B. 1 Imposes Illegally Restrictive New ID Requirements on Mail-in Ballot Voters

29.     District Attorney Garza admits Paragraph 97 accurately cites to the stated provisions of the Texas Election Code. The remainder of the allegations in Paragraph 97 state legal conclusions and arguments to which no response is required.  Further, the allegations in Paragraph 97 do not address actions of District Attorney Garza or Travis County.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

30.     The allegations in Paragraphs 98-123 state legal conclusions and arguments to which no response is required.  Further, the allegations in Paragraphs 98-123 do not address actions of District Attorney Garza or Travis County.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

**COUNT 1**
**52 U.S.C. § 10101; 42 U.S.C. § 1983**
**Violation of Section 1971 of the Civil Rights Act of 1964**
**(All Plaintiffs against Defendants SOS, Harris Elections, and Travis Elections)**

31.     Count One of Plaintiffs' SAC, asserted by all Plaintiffs fails to name District Attorney Garza amongst the Defendants listed in Count One as a defendant against whom Count One is asserted.  As such, Count One does not address actions of District Attorney Garza or Travis County.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

32.     Based on information and belief, District Attorney Garza admits Paragraph 124 accurately quotes the stated provisions of Section 1971 of the Civil Right Act of 1964, 52 U.S.C. § 10101(a)(2).  To the extent said allegations in Paragraph 124 require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

33.     The allegations in Paragraphs 125-128 state legal conclusions and arguments to which no response is required.  Further, to the extent the allegations in Paragraphs 125-128 do not address specific actions of District Attorney Garza, no response is required.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution, and further denies Plaintiffs have properly asserted a cause of action against District Attorney, nor are they entitled to injunctive relief, as well as reasonable attorneys' fees and costs against him.

## COUNT 2
### Violation of Title II of the Americans with Disabilities Act
### (All Plaintiffs against Defendants SOS, Harris Elections, and Travis Elections)

34.     Count Two of Plaintiffs' SAC, asserted by all Plaintiffs, fails to name District Attorney Garza amongst the Defendants listed in Count Two as a defendant against whom Count Two is asserted.  As such, Count Two does not address actions of District Attorney Garza.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

35.     Based on information and belief, District Attorney Garza admits Paragraphs 129-134 accurately quote the stated provisions of the statutory provisions cited.  See 42 U.S.C. § 12132; 28 C.F.R. § 35.130(a); 28 C.F.R. § 35.130(b)(1)(i)-(iv), (vii); 28 C.F.R. § 35.130(b)(7)(i); 28 C.F.R. § 35.134(b); 28 C.F.R. § 35.130(b)(8); and 28 C.F.R. § 35.130(b)(3).  The remainder of the

allegations in Paragraphs 135-139 state legal conclusions and arguments to which no response is required.  Further, to the extent the allegations in Paragraphs 129-139 do not address specific actions of District Attorney Garza or Travis County, no response is required.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution, and further denies Plaintiffs have properly asserted a private cause of action against him, nor are they entitled to injunctive relief, as well as reasonable attorneys' fees and costs against him.

**COUNT 3**
**Violation of Section 504 of the Rehabilitation Act of 1973 29 U.S.C. § 794 et seq.**
**(All Plaintiffs against Defendants SOS, Harris Elections, and Travis Elections)**

36.     Count Three of Plaintiffs' SAC, asserted by all Plaintiffs, fails to name District Attorney Garza amongst the Defendants listed in Count Three as a defendant against whom Count Three is asserted.  As such, Count Three does not address actions of District Attorney Garza.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

37.     Based on information and belief, District Attorney Garza admits Paragraphs 140-142 accurately quote the stated provisions of the statutory provisions cited.  *See*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); 29 U.S.C. § 794(b)(1); and  28 C.F.R. § 42.503(b)(1)(i).  The remainder of the allegations in Paragraphs 143-147 state legal conclusions and arguments to which no response is required.  Further, the allegations in Paragraphs 140-147 do not address specific actions of District Attorney Garza.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution, and further denies Plaintiffs have

properly asserted a private cause of action against District Attorney Garza, nor are they entitled to injunctive relief, as well as reasonable attorneys' fees and costs against him.

**B. S.B. 1 Places Drastic, Illegal Restrictions on the Right to Assistance while Voting.**

38.    The allegations in Paragraph 148 state legal conclusions and arguments to which no response is required. Further, the allegations in Paragraph 148 do not address specific actions of District Attorney Garza. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

39.    Based on information and belief, District Attorney Garza admits Paragraphs 149-150 accurately quote the amendments to Section 64.034 of the Election Code.

40.    Based on information and belief, District Attorney Garza admits S.B. 1's amendments to Section 64.034 of the Election Code added a penalty of perjury provision as stated in Paragraphs 151-152. The remainder of the allegations in Paragraphs 151-152 state legal conclusions and arguments to which no response is required. Further, the allegations in Paragraphs 151-152 do not address specific actions of District Attorney Garza or Travis County. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

41.    Based on information and belief, District Attorney Garza admits Paragraph 153 accurately quotes the statutory provisions of 42 U.S.C. § 12102(1), (2); 45 C.F.R. § 1232.3(h). The allegations in Paragraph 153 do not address specific actions of District Attorney Garza. To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

42.     The allegations in Paragraphs 154-161 state legal conclusions and arguments to which no response is required.  Further, the allegations in Paragraphs 154-161 do not address specific actions of District Attorney Garza.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## Section 6.06

43.     The allegations in Paragraphs 162-165 state legal conclusions and arguments to which no response is required.  Further, the allegations in Paragraphs 162-165 do not address specific actions of District Attorney Garza.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

## Sections 6.04 and 6.06's Effects on Plaintiffs

44.     The allegations in Paragraphs 166-175 state legal conclusions and arguments to which no response is required.  Further, with exception of certain information contained in Paragraph 166, the allegations in Paragraphs 166-175 do not address specific actions of District Attorney Garza.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution, and further denies Plaintiffs have properly asserted a cause of action against District Attorney Garza, nor are they entitled to injunctive relief, as well as reasonable attorneys' fees and costs against him.

## COUNT 4
## Violation of Section 208 of Voting Rights Act
## (All Plaintiffs against all Defendants)

45.     Based on information and belief, District Attorney Garza admits Paragraphs 176-177 accurately quote the cited provisions of Section 208 of the Voting Rights Act.  The remainder of the allegations in Paragraphs 176-177 state legal conclusions and arguments, as well as citations to case law, to which no response is required.  Further, the allegations in Paragraphs 176-177 do not address specific actions of District Attorney Garza.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

46.     The allegations in Paragraphs 178-181 state legal conclusions and arguments, as well as citations to case law, to which no response is required.  Further, the allegations in Paragraphs 178-181 do not address specific actions of District Attorney Garza.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

47.     District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution, and further denies Plaintiffs have properly asserted a cause of action against District Attorney Garza, nor are they entitled to injunctive relief, or attorneys' fees and costs against him as alleged in Paragraph 181.

## COUNT 5
### Violation of Title II of the Americans with Disabilities Act
### (All Plaintiffs against All Defendants)

48.     The allegations in Paragraphs 182-187 state legal conclusions and arguments to which no response is required.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution.

49.     District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution, and further denies Plaintiffs have properly asserted a cause of action against District Attorney Garza, nor are they entitled to injunctive relief, or attorneys' fees and costs against him as alleged in Paragraph 187.

## COUNT 6
### Violation of Section 504 of the Rehabilitation Act of 1973 29 U.S.C. § 794 et seq.
### (All Plaintiffs against All Defendants)

50.     The allegations in Paragraphs 188-194 state legal conclusions and arguments to which no response is required.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution, and further denies Plaintiffs have properly asserted a private cause of action against District Attorney Garza, nor are they entitled to injunctive relief or attorneys' fees and costs against him as alleged in Paragraph 194.

**C.  "S.B. 1 violates Plaintiffs' First Amendment rights."**

51.     The allegations in Paragraphs 195-213 state legal conclusions and arguments to which no response is required.  Further, the allegations in Paragraphs 195-213 do not address specific actions of District Attorney Garza or Travis County.  To the extent said allegations require further response, District Attorney Garza denies that his actions have violated any state or federal

laws or rights secured under the United States Constitution, and further denies Plaintiffs have properly asserted a private cause of action against District Attorney Garza, nor are they entitled to injunctive relief or attorneys' fees and costs against him.

## COUNT 7
**Violation of the Plaintiffs' First Amendment Rights Pursuant to 42 U.S.C. § 1983**
**(Plaintiffs OCA-GH, LWVTX, TOP & WDAF against Defendant Attorney General Ken Paxton, in his official capacity, Defendant Harris County DA Kim Ogg, in his official capacity, and Defendant Travis County DA José Garza, in his official capacity)**

52.     The allegations in Count 7, Paragraphs 214-224 state legal conclusions and arguments, as well as citations to case law, to which no response is required. Further, the allegations in Paragraphs 214-224 fail to assert any claims against District Attorney Garza, and therefore requires no response.  To the extent further response is required, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution, and further denies Plaintiffs have properly asserted a cause of action against District Attorney Garza, nor are they entitled to injunctive relief or attorneys' fees and costs against him as alleged in Paragraph 225.

## COUNT 8
**Violation of Plaintiffs' Fourteenth Am. Due Process Rights Pursuant to 42 U.S.C. § 1983**
**(Plaintiffs OCA-GH, LWVTX, TOP, & WDAF against Defendant Attorney General Ken Paxton, in his official capacity, Defendant Harris County DA Kim Ogg, in his official capacity, and Defendant Travis County DA José Garza, in his official capacity)**

53.     The allegations in Count 8, Paragraphs 226-238 state legal conclusions and arguments, as well as citations to case law, to which no response is required. Further, the allegations in Paragraphs 226-238 fail to assert any claims against District Attorney Garza, and therefore require no response.  To the extent further response is required, District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution, and further denies Plaintiffs have properly asserted a cause of action against

District Attorney Garza, nor are they entitled to injunctive relief or attorneys' fees and costs against him as alleged in Paragraph 239.

## PRAYER FOR RELIEF

54.     District Attorney Garza denies that his actions have violated any state or federal laws or rights secured under the United States Constitution, and further denies Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs as alleged in their Prayer for Relief, Sections (1.)-(5.).

## AFFIRMATIVE DEFENSES

55.     District Attorney Garza asserts that sovereign immunity, prosecutorial immunity, qualified immunity, and/or equity and justice bar Plaintiffs' recovery of attorneys' fees from District Attorney Garza in their lawsuit. District Attorney Garza had no role in enacting S.B. 1, and does not intend to defend the constitutionality of the statute.

## RIGHT TO RAISE ADDITIONAL DEFENSES

56.     District Attorney Garza reserves the right to raise additional affirmative and other defenses that may become apparent throughout the factual development of the case.

## CONCLUSION AND PRAYER

District Attorney Garza denies that Plaintiffs are entitled to any of the relief requested or any relief whatsoever from District Attorney Garza as alleged in the paragraph below the heading entitled "Prayer for Relief" of the Plaintiffs' SAC.

District Attorney Garza respectfully requests that all relief requested by Plaintiffs be denied, that he recovers his attorneys' fees and costs, and that he be awarded any additional relief to which he may be entitled in law or in equity.

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:    (512) 854-9513
Facsimile:     (512) 854-4808

By:    */s/ Anthony J. Nelson*
        SHERINE E. THOMAS
        State Bar No. 00794734
        Sherine.Thomas@traviscountytx.gov
        LESLIE W. DIPPEL
        State Bar No. 00796472
        Leslie.Dippel@traviscountytx.gov
        ANTHONY J. NELSON
        State Bar No. 14885800
        Tony.Nelson@traviscountytx.gov
        PATRICK T. POPE
        State Bar No. 24079151
        Patrick.Pope@traviscountytx.gov

        **ATTORNEYS FOR DEFENDANT JOSÉ
        GARZA, IN HIS OFFICIAL CAPACITY AS
        TRAVIS COUNTY DISTRICT ATTORNEY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion was served through the Court's CM/ECF Document Filing System upon each attorney of record and the original upon the Clerk of Court on this the 17th day of March, 2022.

/s/ Anthony J. Nelson
ANTHONY J. NELSON
PATRICK T. POPE
Assistant County Attorneys

*La Unión del Pueblo Entero v. Greg Abbott, et al,*
Defendant Garza's Answer to OCA-GH Plaintiffs' 2nd Amended Complaint

064.930 / 1031959.3
Page 21 of 21