# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

LA UNIÓN DEL PUEBLO ENTERO, *et al.*,
    *Plaintiffs*,

v.

GREG ABBOTT, *et al.*,
    *Defendants*.

Case No. 5:21-cv-844-XR
(LEAD CONSOLIDATED CASE)

## NOTICE OF SUPPLEMENTAL AUTHORITY
## REGARDING PENDING MOTIONS TO DISMISS

In this consolidated case, there are five pending motions to dismiss, all of which are now fully briefed. *See* ECF 255, 301, 313 (MTD LUPE Pls.'s 2d Am. Compl.); ECF 243, 281, 306 (MTD LULAC Pls.'s 2d Am. Compl.); ECF 240, 279, 300 (MTD OCA Pls.'s 2d Am. Compl.); ECF 239, 252, 264 (MTD Houston Justice Pls.'s 2d Am. Compl.); ECF 145, 195, 223 (MTD US's Am. Compl.). Those motions raise threshold legal issues, including sovereign immunity. Under *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf and Eddy, Inc.*, 506 U.S. 139, 144-45 (1993), an ordinary claim of Eleventh Amendment immunity encompasses a claim of immunity from suit. That immunity from suit is effectively lost by ushering the State into discovery or trial on a matter otherwise barred by immunity. *Id.* at 145 (". . . the value to the States of their Eleventh Amendment immunity . . . is for the most part lost as litigation proceeds past motion practice.") Thus, the Supreme Court teaches that "[i]mmunity-related issues . . . should be decided at the earliest opportunity." *Osborn v. Haley*, 549 U.S. 225, 252-53 (2007). The opportunity has arrived.

To aid the Court in its consideration of the motions to dismiss, the State Defendants note that the Fifth Circuit recently decided three cases relevant to the sovereign-immunity issues before this Court. In each case, the Fifth Circuit held that constitutional challenges to Texas election laws failed

1

because the Secretary of State enjoyed sovereign immunity. *See Tex. All. for Retired Ams. v. Scott*, No. 20-40643, 2022 WL 795862 (5th Cir. Mar. 16, 2022); *Lewis v. Scott*, No. 20-50654, 2022 WL 795861 (5th Cir. Mar. 16, 2022); *Richardson v. Flores*, No. 20-50774, 2022 WL 795859 (5th Cir. Mar. 16, 2022).

These cases reject many of the arguments that the plaintiffs raise here. For example, the LUPE Plaintiffs argue that they need not engage in a "provision-by-provision analysis," ECF 301 at 5, but the Fifth Circuit disagreed. "[T]he analysis is 'provision-by-provision'" because the defendant "must enforce 'the particular statutory provision that is the subject of the litigation.'" *Tex. All. for Retired Ams.*, 2022 WL 795862 at *2. That a defendant enforces "some . . . provisions" does not establish that he enforces "a different election code provision." *Richardson*, 2022 WL 795859, at *4.

Many Plaintiffs rely on *OCA-Greater Houston v. Texas*, 867 F.3d 604 (5th Cir. 2017), *see* ECF 301 at 6; ECF 279 at 5; ECF 252 at 7, but the Fifth Circuit confirmed "that decision addressed only standing and has no bearing on the *Ex parte Young* analysis." *Tex. All. for Retired Ams.*, 2022 WL 795862 at *4.

Multiple Plaintiffs emphasize the Secretary's general duties, and some of them rely on the district court opinion in *Lewis*. *See* ECF 301 at 8; ECF 279 at 6; ECF 252 at 7–8. But the Fifth Circuit reversed that decision because a defendant's "general duties 'fail to make [him] the enforcer of specific election code provisions.'" *Lewis*, 2022 WL 795861, at *3 (quoting *Tex. All. for Retired Ams.*, 2022 WL 795862 at *4).

The Houston Justice Plaintiffs argue that the Secretary enforces the elimination of straight-ticket voting because he is charged with promulgating rules "to ensure that voters and county election administrators are not burdened," ECF 252 at 9. The Fifth Circuit rejected other plaintiffs' reliance on the same duty because "enjoin[ing] the Secretary . . . from making rules" would not "constrain election officials to restore straight-ticket voting." *Tex. All. for Retired Ams.*, 2022 WL 795862 at *3.

Finally, Plaintiffs point to the Secretary's role in designing certain forms, *see* ECF 301 at 9–10; ECF 279 at 3; ECF 252 at 9, but that role is irrelevant because in this case "Plaintiffs do not challenge the design or content of the forms." *Richardson*, 2022 WL 795859, at *3; *see also Tex. All. for Retired Ams.*, 2022 WL 795862 at *4 (holding the Secretary was not a proper defendant because enjoining the Secretary to change a form would not have constrained local election officials to provide a "straight-ticket option on ballots"). As the Secretary previously explained, that same reasoning applies here. *See* ECF 313 at 4–5; ECF 300 at 4–5.

The State Defendants respectfully request that the Court dismiss the claims against them.

| | |
|---|---|
| Date: March 18, 2022 | Respectfully submitted. |
| | |
| KEN PAXTON | /s/ Patrick K. Sweeten |
| Attorney General of Texas | PATRICK K. SWEETEN |
| | Deputy Attorney General for Special Litigation |
| BRENT WEBSTER | patrick.sweeten@oag.texas.gov |
| First Assistant Attorney General | Tex. State Bar No. 00798537 |
| | |
| | WILLIAM T. THOMPSON |
| OFFICE OF THE ATTORNEY GENERAL | Deputy Chief, Special Litigation Unit |
| P.O. Box 12548 (MC-009) | will.thompson@oag.texas.gov |
| Austin, Texas 78711-2548 | Tex. State Bar No. 24088531 |
| Tel.: (512) 463-2100 | |
| Fax: (512) 457-4410 | ERIC A. HUDSON |
| | Senior Special Counsel |
| | eric.hudson@oag.texas.gov |
| | Tex. Bar No. 24059977 |
| | |
| | KATHLEEN T. HUNKER |
| | Special Counsel |
| | kathleen.hunker@oag.texas.gov |
| | Tex. State Bar No. 24118415 |
| | *Application for Admission Pending |
| | |
| | LEIF A. OLSON |
| | Special Counsel |
| | leif.olson@oag.texas.gov |
| | Tex. State Bar No. 24032801 |
| | |
| | JEFFREY M. WHITE |
| | Special Counsel |
| | jeff.white@oag.texas.gov |
| | Tex. State Bar No. 24064380 |
| | |
| | JACK B. DISORBO |
| | Assistant Attorney General |
| | jack.disorbo@oag.texas.gov |
| | Tex. State Bar No. 24120804 |
| | |
| | **COUNSEL FOR DEFENDANTS** |

**CERTIFICATE OF SERVICE**

     I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on March 18, 2022, and that all counsel of record were served by CM/ECF.

                                      */s/ Patrick K. Sweeten*
                                      PATRICK K. SWEETEN