UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| La Unión del Pueblo Entero, *et al.*,<br>　*Plaintiffs*,<br><br>v.<br><br>The State of Texas, *et al.*,<br>　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 5:21-cv-844-XR<br>[Lead Case] |

# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY W. ABBOTT, *et al.*, <br><br> Defendants. | Civil Action No. 5:21-cv-844 (XR) <br> (Consolidated Cases) |

## UNITED STATES' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the United States of America requests that Defendants the State of Texas and John Scott identify and produce the documents and items requested below for inspection and copying and deliver copies to counsel for United States by January 3, 2022.

## INSTRUCTIONS AND DEFINITIONS

1. "Defendants" means defendants State of Texas and John Scott and any of their predecessors in office, past or present agents, advisors, employees, representatives, attorneys, consultants, contractors, or other persons or entities acting on Defendants' behalf or subject to Defendants' control.

2. "Legislator" means a current or former elected member of the Texas House of Representatives or the Texas State Senate, including such member's employees, staff, interns, representatives, designees, agents, or other persons acting or purporting to act their behalf or on behalf of any committee or other body of which they are a member.

3. "Texas Legislature" means the Texas House and Texas Senate, including all legislative agencies and employees or agents thereof, all current and former legislators, such member's employees, staff, interns, representatives, designees, agents, or other persons acting or purporting to act their behalf or on behalf of any committee or other body of which they are a member.

4. "Mail ballot materials" means mail ballot applications, mail ballot carrier envelopes, mail ballots, and any other items that must be completed, returned, or submitted by a voter in order to qualify for, receive, or cast a mail ballot.

5. "SB 1" means the Election Integrity Protection Act of 2021, S.B. 1, 87th Legis., 2d Spec. Sess. (Tex. 2021), which amends the Texas Election Code relating to, among other topics, voter assistance, applications for absentee ballots by mail, and mail ballot carrier envelopes.

6. "SB 7" means the Election Integrity Protection Act of 2021, S.B. 7, 87th Legis. (Tex. 2021), which would have amended the Texas Election Code relating to, among other topics, voter assistance, applications for absentee ballots by mail, and mail ballot carrier envelopes.

7. "HB 6" means the Election Integrity Protection Act of 2021, H.B. 6, 87th Legis. (Tex. 2021), which would have amended the Texas Election Code relating to, among other topics, voter assistance.

8. "Voter assistance" means any form of aid or assistance rendered by another individual that assists or enables a voter to cast a meaningful ballot. This includes aid or assistance during any step in the process necessary to cast a ballot that will be counted—before, during, and after the marking of a ballot—and includes but is not limited to reading or describing

the contents of a ballot, translating the contest of a ballot into the voter's preferred language, reading or describing instructions for marking a ballot, translating instructions for marking a ballot into the voter's preferred language, answering a voter's questions regarding a ballot, assisting a voter with physically marking a ballot, marking a ballot for a voter who is unable to do so, or providing prompts or cues to a voter with disabilities. The term shall apply to assistance or aid provided in any location where a ballot is marked or cast, including at a polling place or at a location where a voter marks or casts a mail ballot, and shall not be limited by the distinction between interpretation and assistance in the Texas Election Code. *See* Tex. Elec. Code §§ 61.031-.036, 64.031-.037.

9. "Numerical identifying information" means numbers associated with a Texas driver license, a Texas election identification certificate, or a Texas personal identification card or an individual's complete or partial Social Security number.

10. In construing these requests, apply the broadest construction, so as to produce the most comprehensive response. Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope. Words used in the masculine gender include the feminine, and words used in the singular include the plural.

11. "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Federal Rule of Civil Procedure 34 and the phrase "writings and recordings" is defined in Federal Rule of Evidence 1001, and includes, but is not limited to, any computer files, emails, printouts, emails, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature

and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

12. For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Federal Rule of Civil Procedure 26(b)(5), including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

13. Documents should be produced in a form consistent with any Agreement Concerning Production Format entered in this action.

14. These document requests apply to the period from January 1, 2016, through the present unless otherwise limited or expanded by a particular request.

15. If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such documents as are available to you without undertaking what you contend to be an unreasonable request; (b) describe with particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unreasonable.

16. Each document produced should be categorized by the number of the document request in response to which it is produced.

17. Documents are to be produced as they are kept in the ordinary course of business. Accordingly, documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to this subpoena

should be produced intact with the documents; and documents attached to each other should not be separated.

18. These requests are continuing in nature. Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available to you after you serve your response. You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect. If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you are requested to state this fact in each response.

## DOCUMENT REQUESTS

5. With regard to any consideration by the Texas Legislature prior to and including the Second Special Session of the 87th Legislature of any proposed amendment, revision, replacement, elimination, or other change to the oath that must be sworn by individuals who provide voter assistance, or any amendment, clarification, limitation, or other change to the manner, form, type, timing, or content of voter assistance, all documents relating to:

   a. the origination(s) or source(s), whether governmental or non-governmental, of all such proposals;

   b. the impetus, rationale, background, or motivation for all such proposals;

   c. the development, drafting, revision, and introduction of all such proposals;

   d. all amendments, whether partial or total, to each such proposal and the vote on each;

   e. all analyses, from any source, of the effect, of any kind, that could result from the implementation of all such proposals that were conducted for, presented to, or considered by the respective session of the legislature; and

   f. the consideration of each proposal by each chamber of the legislature, including a description of the final action in each chamber with the final vote or other determinative outcome.

  6. With regard to any consideration by the Texas Legislature prior to and including the Second Special Session of the 87th Legislature of any amendment, change, clarification, enhancement, or addition to the penalties or punishment for violating the oath that must be sworn by individuals who provide voter assistance, commission of perjury with respect to such an oath, or otherwise providing impermissible voter assistance:

   a. the origination(s) or source(s), whether governmental or non-governmental, of all such proposals;

   b. the impetus, rationale, background, or motivation for all such proposals;

   c. the development, drafting, revision, and introduction of all such proposals;

   d. all amendments, whether partial or total, to each such proposal and the vote on each;

   e. all analyses, from any source, of the effect, of any kind, that could result from the implementation of all such proposals that were conducted for, presented to, or considered by the respective session of the legislature; and

   f. the consideration of each proposal by each chamber of the legislature, including a description of the final action in each chamber with the final vote or other determinative outcome.

  7. With regard to any consideration by the Texas Legislature prior to and including the Second Special Session of the 87th Legislature of any provision regarding the use of numerical identifying information on mail ballot materials, all documents relating to:

> a. the origination(s) or source(s), whether governmental or non-governmental, of all such proposals;
>
> b. the development, drafting, revision, and introduction of all such proposals;
>
> c. all amendments, whether partial or total, to each such proposal and the vote on each;
>
> d. all analyses, from any source, of the effect, of any kind, that could result from the implementation of all such proposals that were conducted for, presented to, or considered by the respective session of the legislature; and
>
> e. the consideration of each proposal by each chamber of the legislature, including a description of the final action in each chamber with the final vote or other determinative outcome.

8. All documents related to communications between, among, or with the office of the Governor, the office of the Lieutenant Governor, the office of the Secretary of State, the Department of Public Safety, the office of the Attorney General, county officials, Legislators, their staff or agents, lobbyists, groups, associations, organizations, or and members of the public concerning the State of Texas's consideration of changes to the oath required of individuals who provide voter assistance or changes to the manner, form, type, timing, or content of permissible voter assistance, from January 1, 2018, to the present.

9. All documents related to communications between, among, or with the office of the Governor, the office of the Lieutenant Governor, the office of the Secretary of State, the Department of Public Safety, the office of the Attorney General, county officials, Legislators, their staff or agents, lobbyists, groups, associations, organizations, or and members of the public

concerning the State of Texas's consideration of a requirement that voters provide numerical identifying information on mail ballot materials, from January 1, 2018, to the present.

10. All documents related to any calculations, reports, audits, estimates, projections, or other analyses conducted for, considered by, presented to, in the possession of, or relied upon by one or more of the defendants of the effect or impact of any contemplated or enacted changes to voter assistance regulations or requirements—including those imposed by SB 1, that SB 1 was projected to impose, that SB 7 was projected to impose, or that HB 6 was projected to impose— upon voters with disabilities, blind voters, voters who are members of a language minority group, or voters who otherwise cannot read or write English, from January 1, 2018, through the present.

11. All documents related to any calculations, reports, estimates, projections, or other analyses conducted for, considered by, presented to, in the possession of, or relied upon by one or more of the defendants of the effect or impact of any contemplated or enacted changes to absentee ballot by mail regulations or requirements related to a requirement that voters provide numerical identifying information on mail ballot materials—including those imposed by SB 1, that SB 1 was projected to impose, that SB 7 was projected to impose, or that HB 6 was projected to impose—upon voters with disabilities, elderly voters, absent military services voters and overseas voters, as those terms are defined by the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. § 20310, or voters confined in jail, from January 1, 2018, through the present.

12. All documents related to any calculations, reports, estimates, projections, or other analyses conducted for, considered by, presented to, in the possession of, or relied upon by one or more of the defendants of the effect or impact any contemplated or enacted changes to voter

assistance regulations or requirements and absentee ballot by mail regulations or requirements related to a requirement that voters provide numerical identifying information on mail ballot materials—including those imposed by SB 1, that SB 1 was projected to impose, that SB 7 was projected to impose, or that HB 6 was projected to impose—on:

    a. voter turnout;

    b. voter registration;

    c. the number of voters receiving voter assistance;

    d. the number of voters requesting a mail ballot;

    e. the number of voters from whom a mail ballot request is accepted;

    f. the number of voters from whom a mail ballot request is rejected;

    g. the number of voters from whom a mail ballot is accepted; or

    h. the number of voters from whom a mail ballot is rejected.

13. All documents related to the implementation of Sections 5.07, 5.13, or 6.04 of SB 1, including but not limited to draft and final manuals, guidance, presentations, policies, or procedures and communication related thereto.

14. All documents related to any administrative regulations drafted, proposed, or finalized pertaining to SB 1.

15. All documents related to any calculations, reports, estimates, projections, or other analyses conducted for, considered by, presented to, in the possession of, or relied upon by one or more of the defendants related to the accuracy, completeness, known or projected rate of errors, or known or projected discrepancies in or between the Texas Election Administration Management System (TEAM) database, the Texas Department of Public Safety driver license

and personal identification card database, or the Texas Department of Public Safety election identification certificate database.

16. All documents, including presentations, studies, advocacy, letters, or other communications, received by or shared with the office of the Governor, the office of the Lieutenant Governor, the office of the Secretary of State, the Department of Public Safety, or the office of the Attorney General from county clerks or their employees or agents, elections administrators or their employees or agents, or poll workers or their employees or agents, including any organizations representing or constituted by these groups of individuals, regarding any of the following topics, from January 1, 2018 to present:

    a. any proposal to amend or replace the oath that must be sworn by individuals who provide voter assistance; or

    b. any requirement to require numerical identifying information on mail ballot materials.

17. All documents related to any and all allegations concerning fraud, intimidation, or undue influence by individuals providing assistance to blind, disabled, or limited English proficiency voters in casting a ballot, that occurred in the State of Texas from January 1, 2011, to the present, including any information about whether such allegations were substantiated, whether the Office of the Texas Attorney General or a local official pursued a prosecution, and whether the Office of the Texas Attorney General or a local official secured a conviction.

18. All documents related to any and all allegations concerning instances of mail ballot voter impersonation or mail ballot voter fraud in Texas from January 1, 2011, to the present, including any information about whether such allegations were substantiated, whether

the Office of the Texas Attorney General or a local official pursued a prosecution, and whether the Office of the Texas Attorney General or a local official secured a conviction.

19. With regard to the training of poll workers, county election officials, state agencies, and election-related organizations or associations regarding the voter assistance or absentee ballot by mail provisions of SB 1:

a. all documents including but not limited to guidelines, manuals, power-point presentations, videos; and

b. all documents concerning the development of such materials.

20. All documents related to policies and procedures under which a Texas driver license or identification card must be surrendered, canceled, or suspended and related to the policies and procedures for reinstatement of such documents, including all documents related to the frequency of such surrenders, cancelations, or suspensions.

21. All documents related to the issuance of a second or duplicate Texas driver license, identification card, or election identification certificate, including the frequency of requests for the issuance of a second or duplicate document.

22. All documents related to the policies and procedures under which the Texas Election Administration Management System (TEAM) database is updated upon

a. The issuance of a Texas driver's license, identification card, or election identification certificate to an individual who is already a registered voter in Texas;

b. the surrender, cancellation, or suspension of an individual's driver license or identification card; or

  c. the issuance of a second or subsequent driver license, identification card, or election identification certificate number to a unique individual.

23. All documents related to any other policies, procedures, programs, or efforts to import data contained in databases maintained by the Texas Department of Public Safety into the TEAM database.

24. All documents related to any efforts or consideration by the Office of the Secretary of State or Texas Legislature to review or analyze the administration of the November 2020 general election, including any issues related to election integrity.

25. All documents containing or related to correspondence from or to legislators who sponsored or supported SB 1, SB 7, HB 6 or other legislation during the 87th Texas Legislature addressing voter assistance or absentee ballot by mail requirements.

26. All documents containing or related to public statements by legislators who sponsored or supported SB 1, SB 7, HB 6 or other legislation during the 87th Texas Legislature addressing voter assistance or absentee ballot by mail requirements.

27. All documents related to correspondence received by any or all defendants on the subject of the voter assistance or mail ballot requirements of SB 1, SB 7, or HB 6.

Date:  December 3, 2021

KRISTEN CLARKE
Assistant Attorney General

PAMELA S. KARLAN
Principal Deputy Assistant Attorney General
Civil Rights Division

*/s/ Michael E. Stewart*
T. CHRISTIAN HERREN, JR.
RICHARD A. DELLHEIM
DANIEL J. FREEMAN
DANA PAIKOWSKY
MICHAEL E. STEWART
JENNIFER YUN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone: (202) 307-2767
michael.stewart3@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 3, 2021, I served a true and correct copy of the foregoing via electronic mail on all counsel of record:

                                                         */s/ Michael E. Stewart*
                                                         Michael E. Stewart
                                                         Voting Section
                                                         Civil Rights Division
                                                         U.S. Department of Justice
                                                         michael.stewart3@usdoj.gov