UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*,<br>　　*Plaintiffs*,<br><br>v.<br><br>THE STATE OF TEXAS, *et al.*,<br>　　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 5:21-cv-844-XR<br>[Lead Case] |

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 5:21-cv-844 (XR) <br> (Consolidated Cases) |

**UNITED STATES' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the United States of America requests that Defendants the State of Texas and John Scott identify and produce the documents and items requested below for inspection and copying and deliver copies to counsel for United States by February 28, 2022.

**INSTRUCTIONS AND DEFINITIONS**

1. "Defendants" means defendants State of Texas and John Scott and any of their predecessors in office, past or present agents, advisors, employees, representatives, attorneys, consultants, contractors, or other persons or entities acting on Defendants' behalf or subject to Defendants' control.

2. "SB 1" means the Election Integrity Protection Act of 2021, S.B. 1, 87th Legis., 2d Spec. Sess. (Tex. 2021), which amends the Texas Election Code relating to, among other topics, voter assistance, applications for absentee ballots by mail, and mail ballot carrier envelopes.

3. "Numerical identifying information" means numbers associated with a Texas driver license, a Texas election identification certificate, or a Texas personal identification card or an individual's complete or partial Social Security number.

4. "Voter registration record" means any record naming a registered voter in the State of Texas, including but not limited to the Texas Election Administration Management database and county-based databases.

5. In construing these requests, apply the broadest construction, so as to produce the most comprehensive response. Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope. Words used in the masculine gender include the feminine, and words used in the singular include the plural.

6. "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Federal Rule of Civil Procedure 34 and the phrase "writings and recordings" is defined in Federal Rule of Evidence 1001, and includes, but is not limited to, any computer files, emails, printouts, emails, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

7. For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Federal Rule of Civil Procedure 26(b)(5), including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

8. Documents should be produced in a form consistent with any Agreement Concerning Production Format entered in this action.

9. These document requests apply to the period from January 1, 2014, through the present unless otherwise limited or expanded by a particular request.

10. If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such documents as are available to you without undertaking what you contend to be an unreasonable request; (b) describe with particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unreasonable.

11. Each document produced should be categorized by the number of the document request in response to which it is produced.

12. Documents are to be produced as they are kept in the ordinary course of business. Accordingly, documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to this subpoena should be produced intact with the documents; and documents attached to each other should not be separated.

13. These requests are continuing in nature. Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available to you after you serve your response. You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect. If you expect to obtain

further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you are requested to state this fact in each response.

## DOCUMENT REQUESTS

28. All documents relating to policies, procedures, or practices governing the process of recording numerical identifying information in voter registration records. Transactions covered by this document request include, but are not limited to:

 a. The recording of numerical identifying information collected when a Texas resident registers to vote at or through the Texas Department of Public Safety;

 b. The recording of numerical identifying information collected when a Texas resident submits a paper voter registration application to a voter registrar, deputy voter registrar, public assistance office, disability services office, or other valid recipient;

 c. The recording of numerical identifying information when a voter updates voter registration records online at www.texas.gov, www.texas.gov/living-in-texas/texas-voter-registration/, or any other Texas government website; and

 d. Any additional or supplemental action by the Office of the Texas Secretary of State, the Texas Department of Public Safety, or any other state official, office, or agency to import numerical identifying information from any state database into voter registration records.

29. With respect to any additional or supplemental action by the Office of the Texas Secretary of State, the Texas Department of Public Safety, or any other state official, office, or agency to import numerical identifying information from any state database into voter registration records, described in Request 28(d), all documents relating to:

a. The impetus, rationale, background, or motivation for all such additional or supplemental actions;

b. The dates of all such additional or supplemental actions;

c. All analysis, from any source, of the accuracy of such additional or supplemental action;

d. All analysis, from any source, of the effect of such additional or supplemental actions; and

e. All communications concerning such additional or supplemental actions.

Date: January 28, 2022

KRISTEN CLARKE
Assistant Attorney General

PAMELA S. KARLAN
Principal Deputy Assistant Attorney General
Civil Rights Division

*/s/ Daniel J. Freeman*
T. CHRISTIAN HERREN, JR.
RICHARD A. DELLHEIM
DANIEL J. FREEMAN
DANA PAIKOWSKY
MICHAEL E. STEWART
JENNIFER YUN
Attorneys, Voting Section,
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
(202) 305-4355
daniel.freeman@usdoj.gov

# CERTIFICATE OF SERVICE

      I hereby certify that on January 28, 2022, I served a true and correct copy of the foregoing via electronic mail on all counsel of record:

      */s/ Daniel J. Freeman*
Daniel J. Freeman
Voting Section
Civil Rights Division
U.S. Department of Justice
daniel.freeman@usdoj.gov