UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

L A U NIÓN DEL P UEBLO E NTERO, *et al.*,
    *Plaintiffs*,

v.

T HE S TATE OF T EXAS, *et al.*,
    *Defendants*.

Case No. 5:21-cv-844-XR
[Lead Case]

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>GREGORY W. ABBOTT, *et al.*,<br>    *Defendants*. | §§§§§§§§ | Case No. 5:21-cv-844-XR |
| OCA-GREATER HOUSTON, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>JOHN SCOTT, *et al,.*<br>    *Defendants*. | §§§§§§§§ | Case No. 1:21-cv-780-XR |
| HOUSTON JUSTICE, *et al.,*<br>    *Plaintiffs*,<br><br>v.<br><br>GREGORY WAYNE ABBOTT, *et al.*,<br>    *Defendants*. | §§§§§§§§ | Case No. 5:21-cv-848-XR |
| LULAC TEXAS, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>JOHN SCOTT, *et al.*,<br>    *Defendants*. | §§§§§§§§§ | Case No. 1:21-cv-0786-XR |
| MI FAMILIA VOTA, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, *et al.*,<br>    *Defendants*. | §§§§§§§§§ | Case No. 5:21-cv-0920-XR |

|   |   |
|---|---|
| UNITED STATES OF AMERICA, | § |
| *Plaintiff,* | § |
|  | § |
| v. | § Case No. 5:21-cv-1085-XR |
|  | § |
| THE STATE OF TEXAS, ET AL., | § |
| *Defendants* | § |

# DEFENDANTS' OBJECTIONS AND RESPONSES TO THE UNITED STATES' FIRST SET OF INTERROGATORIES

TO: Plaintiff the United States of America, by and through their attorneys of record, Kristen Clarke, Pamela S. Karlan, T. Christian Herren, Jr., Richard A. Dellheim, Daniel J. Freeman, Dana Paikowsky, Michael E. Stewart, and Jennifer Yun, United States Department of Justice Civil Rights Division, 950 Pennsylvania Avenue NW, Washington, DC 20530

Defendants John Scott, in his official capacity as the Texas Secretary of State, and the State of Texas hereby serve their Objections and Responses to the United States' First Set of Requests for Interrogatories, pursuant to the Federal Rules of Civil Procedure.

Date: January 31, 2021

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Respectfully submitted.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

ERIC A. HUDSON
Senior Special Counsel
Tex. Bar No. 24059977

KATHLEEN T. HUNKER
Special Counsel
Tex. State Bar No. 24118415

LEIF A. OLSON
Special Counsel
Tex. State Bar No. 24032801

JEFFREY M. WHITE
Special Counsel
Tex. State Bar No. 24064380

Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**Counsel for Defendants**


# CERTIFICATE OF SERVICE

I hereby certify that on this 31th day of January, 2022, the attached Defendants' Objections and Responses to the United States' First Request of Interrogatories was served on opposing counsel via electronic mail.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation

## **GENERAL OBJECTIONS**

Under Rule 26(b)(1), the proper scope of discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (2015). Among the considerations that are germane to that inquiry are "the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The twin demands for relevancy and proportionality "are related but distinct requirements." *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). Thus, if the information sought is irrelevant to the party's claims or defenses, "it is not necessary to determine whether it would be proportional if it *were* relevant." *Walker v. Pioneer Prod. Servs., Inc.*, No. CV 15-0645, 2016 WL 1244510, at *3 (E.D. La. Mar. 30, 2016). Conversely, "relevance alone does not translate into automatic discoverability" because "[a]n assessment of proportionality is essential." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019). Accordingly, Defendants object to these requests to the extent that the information sought is either irrelevant or disproportionate.

These answers and objections are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. All answers are given without prejudice to Defendants' right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof. Likewise, these answers and objections are not intended to be, and shall not be construed as, agreement with the United States' characterization of any facts, circumstances, or legal obligations. Defendants reserve the right to contest any such characterization as inaccurate and object to the Requests insofar as they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

Defendants will provide their answers based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. Defendants object to and will refrain from extending or modifying any words employed in the Requests to comport with any expanded definitions or instructions. Defendant will answer the Requests to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Western District of Texas.

# SPECIFIC OBJECTIONS AND RESPONSES TO THE UNITED STATES' FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1**: State the number of voter records in the Texas Election Administration Management (TEAM) database as of the Snapshot date and time that contain none of the following information: a driver license number, an identification card number, an election dentification certificate number, or a Social Security Number.

**ANSWER:**

Defendants object to the United States' request to the extent that it purports to impose obligations on Defendants beyond what is required by the Federal Rules of Civil Procedure and other applicable law. Under Rule 33(d), if the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records, including electronically stored information, and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by specifying the records that must be reviewed in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.

In response to previous discovery requests, Defendants have already produced to the United States the contents of voter registration fields in the TEAM database, including any driver license number, identification card number, election identification certificate number, and/or Social Security Number associated with each voter. Indeed, Defendants compiled and produced said information because the United States represented that it needed to conduct the same type of search and analysis that it asks Defendants to perform pursuant to Interrogatory No. 1. In addition, as part of Defendants' production, Defendants produced TEAM record layout files, enabling the United States to navigate the data produced from TEAM. The United States' capability to locate and identify the requested information is therefore at least equivalent to that of Defendants. Ascertaining the requested data burdens the United States even less than it would the Office of the Texas Secretary of State since the latter relies on a third-party vendor to maintain TEAM, who would need to formulate, test, and run a structured query in response to the United States' request. For this reason, the Interrogatory is not proportional to the needs of this case and unduly burdensome. Fed. R. Civ. P. 26(b)(1) (2015).

Additionally, Defendants understand Interrogatory No. 1 to pertain to the United States' claim that Sections 5.07 and 5.13 of Senate Bill 1 violate 52 U.S.C. § 10101(a)(2)(B), which relates to denying the right to vote due to errors or omissions not material in determining whether an individual is qualified to vote. ECF 131 ¶¶ 72-76. This claim relates exclusively to mail-in voting. *Id.* ¶¶ 60, 61, 73, 75. However, the United States' request pertains to all voter records in TEAM, regardless of whether such individuals have ever voted by mail, qualify to vote by mail, or are likely to qualify to vote by mail. Defendants therefore object to this Interrogatory because it seeks information that is irrelevant to any claim or defense.

Defendants object to Instruction No. 7 as ambiguous, vague, not reasonably specific, and unduly burdensome. Defendants do not understand what the United States means by "a record

does not contain certain information if the associated field or fields . . . contain information that does not or could not purport to be the type of information identified in the interrogatory."

Defendants also object to the instruction that Defendants conduct the relevant query by "the Snapshot date and time," which the United States defines as January 3, 2022 at 12 pm CST. The United States served its First Set of Interrogatories on Thursday, December 30, 2021, giving Defendants less than four days to contact the Secretary of State's third-party vendor; explain the United States' request; have the vendor develop, test, and run a structured query; assess the results; and complete any necessary adjustments to the query. Not only is a four-day turnaround unreasonable on its face, but the request came over a holiday weekend. The instruction imposes an undue burden on Defendants.

As for the alternative Snapshot date and time, which the United States defines as between January 3, 2022 at 12 pm CST and January 29, 2022, 11:59 pm CST, Defendants' prior production of TEAM data fell within that window of time. Again, that production means that the United States already has access to the same information as Defendants and can run the same analysis. It obtains no discernable advantage from having Defendants conduct the query, as opposed to its own analysts and experts. The burden of conducting this examination therefore far exceeds the benefit, especially given the United States' representations to Defendants that it has access to individuals, either in its office or on retainer, with the expertise to run queries and that it prefers that its own analysts and experts examine the data produced from TEAM.

Defendant refers the United States to STATE001165–STATE001187 produced in response to RFP No. 1, on January 19, 2022, which contains record layout files related to the TEAM database; STATE001160–STATE001164 produced in response to RFP No. 2, on January 18, 2022, which contains voter registration data from the TEAM database; and STATE001189–STATE001190 produced in response to RFP No. 2, on January 26, 2022, which contains supplemental voter registration data from the TEAM database.

**INTERROGATORY NO. 2:** State the number of voter records in the Texas Election Administration Management (TEAM) database for voters who are sixty-five years of age or older as of the Snapshot date and time that contain none of the following information: a driver license number, an identification card number, an election identification certificate number, or a Social Security Number. To the extent TEAM contains voter records that do not identify the age or date of birth of the voter, do not include such records in the total number of voters who are sixty-five years of age or older as of the Snapshot date and time, but separately state the number of records without age or date of birth information that contain none of the following information: a driver license number, an identification card number, an election identification certificate number, or a Social Security Number.

**ANSWER:**

Defendants object to the United States' request to the extent that it purports to impose obligations on Defendants beyond what is required by the Federal Rules of Civil Procedure and other applicable law. Under Rule 33(d), if the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records, including

electronically stored information, and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by specifying the records that must be reviewed in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.

In response to previous discovery requests, Defendants have already produced to the United States the contents of voter registration fields in the TEAM database, including voters' date of birth, as well as any driver license number, identification card number, election identification certificate number, and/or Social Security Number associated with each voter. Indeed, Defendants compiled and produced said information because the United States represented that it needed to conduct the same type of search and analysis that it asks Defendants to perform pursuant to Interrogatory No. 2. In addition, as part of Defendants' production, Defendants produced TEAM record layout files, enabling the United States to navigate the data produced from TEAM. The United States' capability to locate and identify the requested information is therefore at least equivalent to that of Defendants. Ascertaining the requested data actually burdens the United States even less than it would the Office of the Texas Secretary of State since the latter relies on a third-party vendor to maintain TEAM, who would need to formulate, test, and run a structured query in response to the United States' request. For this reason, the Interrogatory is not proportional to the needs of this case and unduly burdensome. Fed. R. Civ. P. 26(b)(1) (2015).

Defendants object to Instruction No. 7 as ambiguous, vague, not reasonably specific, and unduly burdensome. Defendants do not understand what the United States means by "a record does not contain certain information if the associated field or fields . . . contain information that does not or could not purport to be the type of information identified in the interrogatory."

Defendants also object to the instruction that Defendants conduct the relevant query by "the Snapshot date and time," which the United States defines as January 3, 2022 at 12 pm CST. The United States served its First Set of Interrogatories on Thursday, December 30, 2021, giving Defendants less than four days to contact the Secretary of State's third-party vendor; explain the United States' request; have the vendor develop, test, and run a structured query; assess the results; and complete any necessary adjustments to the query. Not only is a four-day turnaround unreasonable on its face, but the request came over a holiday weekend. The instruction imposes an undue burden on Defendants.

As for the alternative Snapshot date and time, which the United States defines as between January 3, 2022 at 12 pm CST and January 29, 2022, 11:59 pm CST, Defendants' prior production of TEAM data fell within that window of time. Again, that production means that the United States already has access to the same information as Defendants and can run the same analysis. It obtains no discernable advantage from having Defendants conduct the query, as opposed to its own analysts and experts. The burden of conducting this examination therefore far exceeds the benefit, especially given the United States' representations to Defendants that it has access to individuals, either in its office or on retainer, with the expertise to run queries and that it prefers that its own analysts and experts examine the data produced from TEAM.

Defendant refers the United States to STATE001165–STATE001187 produced in response to RFP No. 1, on January 19, 2022, which contains record layout files related to the TEAM

8

database; STATE001160–STATE001164 produced in response to RFP No. 2, on January 18, 2022, which contains voter registration data from the TEAM database; and STATE001189–STATE001190 produced in response to RFP No. 2, on January 26, 2022, which contains supplemental voter registration data from the TEAM database.

**INTERROGATORY NO. 3:** State the number of voter records in the Texas Election Administration Management (TEAM) database as of the Snapshot date and time for voters who have requested a ballot or cast a ballot under procedures mandated by UOCAVA—or are otherwise identifiable as an absent uniformed service voter or overseas voter, as defined by Section 107 of UOCAVA, 52 U.S.C. § 20310—that contain none of the following information: a driver license number, an identification card number, an election identification certificate number, or a Social Security Number.

**ANSWER:**

Defendants object to the United States' request to the extent that it purports to impose obligations on Defendants beyond what is required by the Federal Rules of Civil Procedure and other applicable law. Under Rule 33(d), if the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records, including electronically stored information, and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by specifying the records that must be reviewed in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.

In response to previous discovery requests, Defendants have already produced to the United States the contents of voter registration fields in the TEAM database. This includes fields used to identify absent uniformed services voters and overseas voters entitled to the protections of the Uniformed and Overseas Citizens Absentee Voting Act, as well as any driver license number, identification card number, election identification certificate number, and/or Social Security Number associated with each voter. Indeed, Defendants compiled and produced said information because the United States represented that it needed to conduct the same type of search and analysis that it asks Defendants to perform pursuant to Interrogatory No. 3. In addition, as part of Defendants' production, Defendants produced TEAM record layout files, enabling the United States to navigate the data produced from TEAM. The United States' capability to locate and identify the requested information is therefore at least equivalent to that of Defendants. Ascertaining the requested data burdens the United States even less than it would the Office of the Texas Secretary of State since the latter relies on a third-party vendor to maintain TEAM, who would need to formulate, test, run a structured query in response to the United States' request. For this reason, the Interrogatory is not proportional to the needs of this case and unduly burdensome. Fed. R. Civ. P. 26(b)(1) (2015).

Additionally, the United States does not allege that any of the three challenged SB 1 provisions violate the Uniformed and Overseas Citizens Absentee Voting Act. Defendants therefore object to this Interrogatory because it seeks information that is irrelevant to any claim or defense in this case.

Defendants object to Instruction No. 7 as ambiguous, vague, not reasonably specific, and unduly burdensome. Defendants do not understand what the United States means by "a record does not contain certain information if the associated field or fields . . . contain information that does not or could not purport to be the type of information identified in the interrogatory."

Defendants also object to the instruction that Defendants conduct the relevant query by "the Snapshot date and time," which the United States defines as January 3, 2022 at 12 pm CST. The United States served its First Set of Interrogatories on Thursday, December 30, 2021, giving Defendants less than four days to contact the Secretary of State's third-party vendor; explain the United States' request; have the vendor develop, test, and run a structured query; assess the results; and complete any necessary adjustments to the query. Not only is a four-day turnaround unreasonable on its face, but the request came over the holiday weekend, when many employees of the Defendants and third-party vendor are not in the office. The instruction imposes an undue burden on Defendants.

As for the alternative Snapshot date and time, which the United States defines as between January 3, 2022 at 12 pm CST and January 29, 2022, 11:59 pm CST, Defendants' prior production of TEAM data fell within that window of time. Again, that production means that the United States already has access to the same information as Defendants and can run the same analysis. It obtains no discernable advantage from having Defendants conduct the query, as opposed to its own analysts and experts. The burden of conducting this examination therefore far exceeds the benefit, especially given the United States' representations to Defendants that it has access to individuals, either in its office or on retainer, with the expertise to run queries and that it prefers that its own analysts and experts examine the data-produced from TEAM.

Defendant refers Private Plaintiffs to STATE001165–STATE001187 produced in response to RFP No. 1, on January 19, 2022, which contains database dictionaries and user manuals related to the TEAM database; STATE001160–STATE001164 produced in response to RFP No. 2, on January 18, 2022, which contains voter registration data from the TEAM database; and STATE001189– STATE001190 produced in response to RFP No. 2, on January 26, 2022, which contains supplemental voter registration data from the TEAM database.

# VERIFICATION

STATE OF TEXAS §
§
COUNTY OF TRAVIS §

BEFORE ME, the undersigned notary public, on this day personally appeared BRIAN KEITH INGRAM, who has proven to me to be the person whose name is subscribed to the foregoing instrument, and after being duly sworn by me, stated under oath that he has read the answers contained in Defendants' Objections and Responses to the United States' First Set of Interrogatories. He is familiar with the facts stated therein and knows the answers to those interrogatories, except for those setting forth legal contentions, to be true and correct based on his knowledge or information provided to him by other persons.[1]

*(signature)*
BRIAN KEITH INGRAM
Director, Elections Division
Office of the Texas Secretary of State

SWORN TO AND SUBSCRIBED BEFORE ME on this 31 day of January 2022, to certify which witness my hand and seal of office.

KATE FISHER
Notary Public-State of Texas
Notary ID #13246276-1
Commission Exp. APRIL 30, 2024
Notary without Bond

*(signature)* 1/31/22
Notary Public, State of Texas

---

[1] The United States has included "The State of Texas" as a party. *See* ECF 1 at ¶¶ 12-13; *see also* 52 U.S.C. § 10101(c). Without waiving any objection or argument to the contrary, the signatory to this verification is also verifying on behalf of the State of Texas insofar as the State of Texas is named as a party by virtue of authority prescribed by federal statute.

11