IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY W. ABBOTT, et al., <br><br> Defendants. | Civil Action No. 5:21-cv-844 (XR) <br> (consolidated cases) |

## UNITED STATES' RESPONSE TO STATE DEFENDANTS' NOTICE OF SUPPLEMNETAL AUTHORITY

The United States respectfully responds to State Defendants' Notice of Supplemental Authority, ECF No. 333. The subjects of State Defendants' notice—*Texas Alliance for Retired Americans v. Scott*, No. 20-40643, 2022 WL 795862 (5th Cir. Mar. 16, 2022); *Lewis v. Scott*, No. 20-50654, 2022 WL 795861 (5th Cir. Mar. 16, 2022); and *Richardson v. Flores*, No. 20-50774, 2022 WL 795859 (5th Cir. Mar. 16, 2022)—have no bearing on the United States' claims, and State Defendants' motion to dismiss should be denied for the reasons stated in the United States' Opposition, ECF No. 195.

*Texas Alliance for Retired Americans* makes clear that these three companion cases relate only to the scope of the *Ex Parte Young* exemption to sovereign immunity. *See* 2022 WL 795862, at *4. Thus, the analysis does not apply to claims advanced by the United States, which faces no sovereign immunity bar to suits against the States. *See United States v. Texas*, 143 U.S. 621, 646 (1892) (recognizing that consent to suit by the United States "was given by Texas when admitted into the Union"). Indeed, despite State Defendants' assertion that all five pending motions to dismiss "raise threshold legal issues, including sovereign immunity," Notice at 1,

State Defendants' motion to dismiss the United States' Amended Complaint raises no sovereign immunity defense, *see* Mot. to Dismiss, ECF No. 145; Reply Br., ECF No. 223.

Moreover, the trio of decisions reaffirm that the redressability analysis for purposes of Article III standing is distinct from the *Ex Parte Young* doctrine and that *OCA-Greater Houston v. Texas*, 867 F.3d 604 (5th Cir. 2017), and its progeny control the standing question. *See, e.g.*, *Tex. All. for Retired Ams.*, 2022 WL 795862, at *4. Under *OCA*, Secretary of State John Scott is a proper defendant. *See* U.S. Opp. to Mot. to Dismiss at 7-8 & n.3.[1]

For the reasons set forth in the United States' Opposition, State Defendants' Motion to Dismiss the United States' Amended Complaint should be denied.

---

[1] Even if *Ex Parte Young* analysis were relevant, and it is not, the newly rendered decisions confirm that Secretary Scott's "duty to design" relevant forms that local officials are "*required* to use" renders the Secretary a proper defendant here. *Tex. All. for Retired Ams.*, 2022 WL 795862, at *4. In this case, the United States challenges regulations of mail ballot materials and voter assistance. *See* U.S. Am. Compl. ¶¶ 41-45, 58-76, ECF No. 131. The Secretary has a duty to design the absentee ballot by mail application, the mail ballot carrier envelope, and the voter assistance oath form. *See* Tex. Elec. Code § 31.002(a). Local officials must use these official forms. *Id.* § 31.002(d).

Date: March 23, 2022

                KRISTEN CLARKE
                Assistant Attorney General

                PAMELA S. KARLAN
                Principal Deputy Assistant Attorney General
                Civil Rights Division

                */s/ Daniel J. Freeman*
                T. CHRISTIAN HERREN, JR.
                RICHARD A. DELLHEIM
                DANIEL J. FREEMAN
                DANA PAIKOWSKY
                MICHAEL E. STEWART
                JENNIFER YUN
                Attorneys, Voting Section
                Civil Rights Division
                U.S. Department of Justice
                950 Pennsylvania Avenue NW
                Washington, D.C. 20530
                daniel.freeman@usdoj.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 23, 2021, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

       */s/ Daniel J. Freeman*
       Daniel J. Freeman
       Civil Rights Division
       U.S. Department of Justice
       950 Pennsylvania Ave, NW
       Washington, DC 20530
       (202) 305-4355
       daniel.freeman@usdoj.gov