# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 5:21-cv-844 (XR) <br> (Consolidated Cases) |

## [PROPOSED] STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER REGARDING PRODUCTION OF ULTRASENSITIVE INFORMATION

Before the Court is the joint motion of the private plaintiffs and the county election official defendants (collectively, the "parties") for the entry of a confidentiality and protective order ("Protective Order"). Based on the parties' submissions and the record in this matter, the Court finds that disclosure and discovery activity in this action are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, a protective order for such information is justified in this matter to:

- expedite the flow of information;
- facilitate the prompt resolution of disputes over confidentiality of discovery materials;
- adequately protect information the parties are entitled to keep confidential;
- ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial;

- address the handling of confidential materials at the end of the litigation; and
- serve the ends of justice.

This Protective Order does not confer blanket protections on all disclosures of responses to discovery, and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to be treated as confidential.

After careful consideration, it is ORDERED that the motion is granted, and the Court ORDERS the following:

**1. Ultrasensitive Information**

"Ultrasensitive Information" means any information of any type, kind, or character that is designated as "Ultrasensitive" by a producing party, whether it be a document, information contained in a document, information disclosed during discovery, or otherwise.

**2. Qualified Persons**

"Qualified Persons" means:

a. retained counsel for the parties in this litigation and their respective staff to whom it is reasonably necessary to disclose the information for this litigation;

b. independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Ultrasensitive Information to such person, have signed a copy of Exhibit A agreeing to be bound by the terms of this Protective Order prior to the expert or consultant accessing Ultrasensitive Information;

c. this Court and its staff;

d. court reporters and their staff;

  e. professional vendors to whom disclosure is reasonably necessary for this litigation and who, except for copy vendors, have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

  f. the author or recipient of a document containing Ultrasensitive Information or a custodian or other person who otherwise possessed preexisting knowledge of the information.

3. **Designation Criteria**

  a. *Ultrasensitive Information.*

    i. Ultrasensitive Information is information concerning Texas residents that is sensitive, private, personal, or confidential, including, but not limited to, social security numbers, driver's license numbers, personal identification numbers issued by the Department of Public Safety, dates of birth, and other similar personally identifiable information restricted from public access pursuant to Section 13.004(c) of the Texas Election Code.

    ii. The production of ultrasensitive database information between the State of Texas and Secretary of State John Scott and the United States is governed by the separate Consent Protective Order between the United States and the State of Texas, ECF No. 162.

  b. *Nonultrasensitive Information.* Ultrasensitive Information shall not include information that either:

    i. is in the public domain at the time of disclosure, as evidenced by a written document;

ii. becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

iv. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

**4. Use of Ultrasensitive Information**

All Ultrasensitive Information provided by any party or nonparty in the course of this litigation shall be used by anyone other than the producing person solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms of this Order.

**5. Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Ultrasensitive Information by marking each page of the documents so designated with a stamp indicating that the information is "Ultrasensitive." The designation should be made in a fashion or form that is conspicuous yet allows the Ultrasensitive Information to remain legible. In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

**6. Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Ultrasensitive Information by indicating on the record at the deposition that the testimony is "Ultrasensitive" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Ultrasensitive Information by notifying all parties in writing not later than 14 days of receipt of the final transcript of the specific pages and lines of the transcript that should be treated as Ultrasensitive Information thereafter, or within 7 days of the close of fact discovery in this action, whichever is earlier. Each party shall attach a copy of each such written notice to the face of the transcript and each copy of the transcript in that party's possession, custody, or control. All deposition transcripts of a county election official defendant shall be treated as Ultrasensitive Information for a period of 14 days after initial receipt of the transcript, or for 7 days following the close of fact discovery in this action, whichever is earlier.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Ultrasensitive Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Ultrasensitive Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Ultrasensitive Information pursuant to this Protective

Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Ultrasensitive Information is being used or discussed.

7. **Disclosure to Qualified Persons**

    a. *To Whom.*

        i. *Ultrasensitive Information*: Unless otherwise ordered by the Court or permitted in writing by the designating party, Ultrasensitive Information shall not be disclosed to anyone other than Qualified Persons defined by Section 2 of this Order.

    b. *Retention of Copies During This Litigation.* Any Ultrasensitive Information produced in this litigation that is provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. To the extent Ultrasensitive Information is stored electronically by a Qualified Person, it must be stored in a manner consistent with the restrictions on access imposed by this Order.

8. **Unintentional Disclosures**

    Documents unintentionally produced without designation as Ultrasensitive Information later may be designated and shall be treated as Ultrasensitive Information from the date written notice of the designation is provided to the receiving party.

    If a receiving party learns of any unauthorized disclosure of Ultrasensitive Information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**9. Documents Made Available for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be viewed only by counsel to the parties during inspection. Ultrasensitive Information shall be marked prominently "Ultrasensitive" by the producing party.

**10. Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this Order if each party designating the information as Ultrasensitive Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Ultrasensitive Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Ultrasensitive Information, irrespective of which party produced such information.

**11. Challenging the Designation**

a. *Ultrasensitive Information.* A party shall not be obligated to challenge the propriety of a designation of Ultrasensitive Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Ultrasensitive Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Ultrasensitive Information. The designating party shall then have 14 days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain

Ultrasensitive Information unless the Court orders otherwise.  Failure to move for an order shall constitute a termination of the status of such item as Ultrasensitive Information.

      b.  *Qualified Persons.*  In the event that any party in good faith disagrees with the disclosure of particular Ultrasensitive Information to any person, it must object within five business days after notification of the proposed disclosure of Ultrasensitive Information to that person. The parties shall first try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party shall have 21 days from the date it learns of the disclosure or planned disclosure of Ultrasensitive Information to the disputed person to move the Court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Ultrasensitive Information.  The objecting party shall demonstrate that disclosure to the disputed person would expose the objecting party to a substantial risk of harm.  Upon the timely filing of such a motion, no disclosure of Ultrasensitive Information shall be made to the disputed person unless the Court enters an order preserving Qualified Person status or allowing the disclosure.

**12. Manner of Use in Proceedings**

In the event a party wishes to use any Ultrasensitive Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for in camera review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.

Nothing in this Order shall limit the parties' rights or ability to offer evidence at a hearing or trial. The manner of using any Ultrasensitive Information at a hearing or trial and the status of Ultrasensitive Information resulting from any such use will be determined by the Court.

**13. Filing Under Seal**

The Clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Ultrasensitive Information by any party to this litigation consistent with the sealing requirements of the Court.

**14. Return of Documents**

Not later than 120 days after conclusion of this litigation and any appeal related to it, and to the extent consistent with any obligation to maintain records consistent with any law or court order, any Ultrasensitive Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(c)) shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Compliance with this requirement shall be confirmed to the producing party in writing on or before the 120th day after the conclusion of this litigation and any appeal related to it. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Ultrasensitive Information.

**15. Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such

provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

**16. Duty to Ensure Compliance**

Parties or counsel for parties shall ensure that their respective experts, vendors, consultants, and persons signing the Protective Order at the request of such parties or counsel ("Related Qualified Persons"), shall ensure that these Qualified Persons have read the Protective Order and understand its terms.

**17. Waiver**

Pursuant to Federal Rule of Evidence 502 and the separately entered Order Regarding the Disclosure of Privileged Information, ECF No. 143, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

**18. Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

It is SO ORDERED this _____ day of _____, _____.

_____
HON. XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 5:21-cv-844 (XR) <br> (Consolidated Cases) |

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order Regarding Production of Ultrasensitive Information that was issued by the United States District Court for the Western District of Texas in the case of La Unión Del Pueblo Entero, et al. v. The State of Texas, et al., C.A. No. 5:21-cv-844 (XR).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Western District of Texas for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Printed name: _____

Title: _____

Address: _____

Signature: _____

Date: _____

City and State where sworn and signed: _____
_____