# UNITED STATES DISTRICT COURT
## for the
### Western District of Texas ▾

| | | |
|---|---|---|
| Texas State LULAC; Voto Latino | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-546 |
| Bruce Elfant, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                                    Kim Ogg

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A

| Place: Hyatt Regency Houston<br>1200 Louisiana St., Houston, TX 77002<br>(Deposition to be taken remotely) | Date and Time:<br><br>04/13/2022 1:00 pm |
|---|---|

The deposition will be recorded by this method:  Video Recording

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/24/2022

              *CLERK OF COURT*

                                                                OR

_____                    /s/ Kathryn E. Yukevich
     *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiffs
Texas State LULAC and Voto Latino                                  , who issues or requests this subpoena, are:

Kassi Yukevich, kyukevich@elias.law, and Mindy Johnson, mjohnson@elias.law, (202) 968-4490, Elias Law Group LLP, 10 G Street NE, Suite 600, Washington, D.C. 20002

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  1:21-cv-546

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

| | |
|---|---|
| TEXAS STATE LULAC; VOTO LATINO, | Case No. 1:21-cv-546 |
| Plaintiffs, | |
| v. | |
| BRUCE ELFANT, in his official capacity as the Travis County Tax Assessor-Collector; JACQUELYN CALLANEN, in her official capacity as the Bexar County Elections Administrator; ISABEL LONGORIA, in her official capacity as the Harris County Elections Administrator; YVONNE RAMÓN, in her official capacity as the Hidalgo County Elections Administrator; MICHAEL SCARPELLO, in his official capacity as the Dallas County Elections Administrator; LISA WISE, in her official capacity as the El Paso County Elections Administrator, | |
| Defendants. | |
| and | |
| KEN PAXTON, in his official capacity as Attorney General of Texas; LUPE TORRES, in their official capacity as Medina County Election Administrator; TERRIE PENDLEY, in her official capacity as the Real County Tax-Assessor Collector, | |
| Intervenor-Defendants. | |

## SCHEDULE A

## <u>Definitions</u>

As used in this Schedule, the following terms shall be defined as specified herein, and the following

instructions shall apply. Any terms not defined shall be given their ordinary meaning.

      1.      "Any" and "all" mean "any and all."

2.     "Communication" is synonymous in meaning and scope to the term "communication" as used in Local Rule 26, and includes any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfers of information via email, report, letter, text message, voicemail message, written memorandum, note, summary, and other means.

3.     "Complaint" means Plaintiffs' Complaint for Declaratory and Injunctive Relief, which was electronically filed in this matter on June 22, 2021, at ECF No. 1.

4.     "SB 1111" means the legislation designated as Senate Bill 1111 that was enacted during the 2021 Regular Session of the Texas Legislature, signed by the Governor of Texas on June 15, 2021, and became effective on September 1, 2021.

5.     The "Residence Restriction" provision of SB 1111 is described in Paragraphs 37 through 44 of the Complaint and forbids anyone from establishing a residence "for the purpose of influencing the outcome of a certain election." SB 1111 § 1 (amending Tex. Elec. Code § 1.015(b)).

6.     The "Temporary Relocation" provision of SB 1111 is described in Paragraphs 45 through 47 of the Complaint and provides that "[a] person may not establish a residence at any place the person has not inhabited" and further commands that "[a] person may not designate a previous residence as a home and fixed place of habitation unless the person inhabits the place at the time of designation and intends to remain." SB 1111 § 1 (adding Tex. Elec. Code § 1.015(f)).

7.     The "Post Office Boxes" provision of SB 1111 is described in Paragraphs 48 through 51 of the Complaint and provides that voters who use a post office box or other similar locations must now provide additional documentation to be able to vote. SB 1111 §§ 2, 4, and 5 (amending Tex. Elec. Code §§ 15.051(a) and 15.053(a) and adding Tex. Elec. Code § 15.054).

8.      "Including" means "including but not limited to."

9.      "State" means the State of Texas.

10.     "You" and "your" mean you and your former, current, and future employees, staff,

agents, consultants, counsel, and representatives of your office.

11.     Unless otherwise stated, the relevant time period is January 2016 – present.

**<u>Deposition Topics</u>**

1.      Your interpretation and enforcement of SB 1111, including the Residency

Restriction provision, Post Office Box provision, and Temporary Relocation provision.

2.      Your communications with the Texas Attorney General, Secretary of State, or

County election officials regarding SB 1111.

Dated: March 24, 2022          Respectfully submitted,

                               */s/ Kathryn E. Yukevich*
                               Uzoma N. Nkwonta*
                               Kathryn E. Yukevich*
                               Graham White*
                               Melinda K. Johnson*
                               Michael Jones*
                               **ELIAS LAW GROUP LLP**
                               10 G Street NE, Suite 600
                               Washington, D.C. 20002
                               Telephone: (202) 968-4490
                               unkwonta@elias.law
                               kyukevich@elias.law
                               gwhite@elias.law
                               mjohnson@elias.law
                               mjones@elias.law

                               John R. Hardin
                               Texas State Bar No. 24012784
                               **PERKINS COIE LLP**

500 North Akard Street, Suite 3300
Dallas, Texas 75201-3347
Telephone: (214) 965-7700
Facsimile: (214) 965-7799
johnhardin@perkinscoie.com

*Counsel for Plaintiffs Texas State
LULAC and Voto Latino*

*Admitted Pro Hac Vice