# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br>     *Plaintiffs*, <br><br> v. <br><br> GREGORY W. ABBOTT, *et al.*, <br>     *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 5:21-cv-844-XR <br> [Lead Case] |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER AND MOTION TO QUASH DEPOSITION OF TEXAS SECRETARY OF STATE

In its opposition, the United States concedes that its deposition notice is improper. The United States also fails to carry its burden of showing that Secretary Scott has unique or superior knowledge of relevant facts and that exceptional circumstances warrant deposing him. Finally, it would not be proper to hold the motion in abeyance. Therefore, this Court should enter a protective order.

## ARGUMENT

### I. The United States Concedes That Its Deposition Notice Is Improper

To depose a high-ranking government official, the discovering party must show that the putative witness has unique or superior knowledge of relevant facts that were not obtainable through less intrusive means. *See Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 128 (Tex. 1995) (orig. proceeding). The United States does not argue that Secretary Scott has unique knowledge; it argues that he has "seemingly-unique" knowledge. ECF 345 at 6. The United States does not argue that this information is unobtainable from other sources; it argues that it "may be" unobtainable from other sources. ECF 345 at 6. In other words, the United States concedes that its deposition notice is improper. That is why it asks this Court not to deny the motion, but instead to hold it in abeyance pending other discovery. ECF 345 at 5.

The United States has put the cart before the horse. It reasons that it "has not had the opportunity to depose other personnel from the Office of the Secretary of State." ECF 345 at 5. And it admits that "further discovery will determine the necessity for deposing Secretary Scott." ECF 345 at 1. This is true, but it is by the United States' own doing. The United States emphasizes that State Defendants "disregarded" an offer to meet and confer. ECF 345 at 4. Yet that omits a crucial detail—the United States offered to meet and confer only after it had noticed the deposition in the first place; and only after notification from the State Defendants of the intended motion for a protective order.

As the United States acknowledges, its deposition notice is improper. For this reason alone, the Court should grant the motion for a protective order.

## II.     The United States Has Not Met Its Burden To Support Deposing Secretary Scott

Apex testimony is unavailable absent "exceptional circumstances" in which the witness has unique or superior knowledge of relevant facts that were not obtainable through less intrusive means. *See Crown Cent. Petroleum Corp.*, 904 S.W.2d at 128; *see also In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995). Even if the United States still contended that an apex deposition is proper here, it has not shown that exceptional circumstances exist. The United States argues that "this matter itself is an exceptional one." ECF 345 at 8. But the question is whether the circumstances are exceptional—not whether the matter is. And the United States has not shown that Secretary Scott has unique or superior knowledge or that the information was unobtainable through other means.

### A.     Unique or Superior Knowledge

The United States argues that Secretary Scott has a "unique statutory duty to coordinate the State's implementation of SB1." ECF 345 at 8. But if that justifies deposing Secretary Scott, then all constitutional officials comprising Texas's Executive Department would be subject to deposition in every lawsuit involving the carrying out of their statutory duties. *See, e.g.*, TEX. GOV'T CODE § 402.021 (Duty of the Attorney General to represent the State); TEX. GOV'T CODE § 403.011 (General Powers

of the Comptroller). After all, the Office of the Texas Secretary of State is charged with duties by virtue only of statutes or the Texas Constitution. This bare assertion of unique or superior knowledge does not suffice.

The United States' other assertions of superior knowledge do not rise above the level of speculation. The United States lists six categories of information Secretary Scott "*may* have unique knowledge of." ECF 345 at 6–7 (emphasis added). But the United States bears the burden of showing that Secretary Scott has—not may have—unique or superior knowledge. *In re Daisy Mfg. Co.*, 17 S.W.3d 654, 656–57 (Tex. 2000) (orig. proceeding) (per curiam). The United States cites a voter ID case in which the court recognized that a state's Secretary of State was a high-ranking official, and the court granted the motion for protective order in part. *Greater Birmingham Ministries v. Merrill*, 321 F.R.D. 406, 408 (N.D. Ala. 2017). True, the court concluded that—in some respects—the Secretary in *Greater Birmingham Ministries* had unique or superior knowledge that was unobtainable through less intrusive means. *Id.* at 411. But it did so because the plaintiffs had already conducted their 30(b)(6) deposition, in which the witness admitted that on certain topics, the Secretary had unique knowledge. *See id.* For example, with respect to the Secretary's knowledge of the proper interpretation of the law, the 30(b)(6) witness explained that the Secretary "himself" resolved direct questions about the proper interpretation of the law. *Id.* Conversely, the United States has not yet taken its 30(b)(6) deposition— let alone elicited testimony from the Office of the Secretary of State that Secretary Scott alone possesses unique knowledge.

What is more, the United States seeks to probe Secretary Scott's decisionmaking process. Among the categories of information the United States identifies, it lists Secretary Scott's "basis" and "aims" for: his implementation decisions; his decision to issue guidance about mail-in ballot applications and carrier-envelope rejection and cure; his public statements; his outreach campaign; and his decision "to dedicate a 'significant portion' of his Office's efforts in the coming year to address SB

3

1's mail voting restrictions." ECF 345 at 7. These are not appropriate and discoverable categories of information. As explained in the motion for a protective order, discovery into the "mental processes of administrative decisionmakers" is improper. *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573–74 (2019); *In re Stone*, 986 F.2d 898, 904 (5th Cir. 1993). The United States cites *Skelton v. U.S. Postal Service* for the proposition that none of these categories touches upon Secretary Scott's decisionmaking process. 678 F.2d 35, 38 (5th Cir. 1982). But although the court in *Skelton* recognized that "purely factual" matters are not privileged, it also explained that a "rigid distinction between 'factual opinions' and 'policy opinions' . . . does not and cannot exist." *Id.* If something is part of the decisionmaking process, it is protected from discovery. *See id.* Yet here, that is just what the United States seeks.

### B. Obtainability Through Other Less Intrusive Means

The United States concedes that it cannot prove that the information it seeks is not obtainable through less intrusive means. ECF 345 at 6 ("It remains to be seen whether Secretary Scott's knowledge is unobtainable from other sources . . . ."). And the United States acknowledges that it is in the process of obtaining other "discovery into Secretary Scott's role in the implementation of SB 1"—including document productions and depositions of "the Office of the Texas Secretary of State, Elections Division Director Keith Ingram, and Elections Division Legal Director Christina Adkins." ECF 345 at 5. Thus, the United States has not carried its burden. The apex doctrine applies.

### III. Holding the Motion in Abeyance Would Not Be Appropriate

This Court should not hold the motion for a protective order in abeyance. The United States concedes that the apex doctrine bars this deposition for at least right now. *See* ECF 345 at 9 ("The United States respectfully requests that this Court hold State Defendants' motion in abeyance until the United States is in a position to submit a short statement either establishing that Secretary Scott's unique knowledge is not available from alternative sources or inform the Court that it no longer seeks to depose Secretary Scott."). Thus, the most appropriate path forward would be for the Court to grant

this motion. If the United States cannot later obtain information that Secretary Scott has unique or superior personal knowledge of, then at that point it may again seek to depose him.

Furthermore, the United States' case for an abeyance mischaracterizes the parties' discovery negotiations by omitting that the parties met and conferred repeatedly throughout January and February. During that time, the State Defendants informed the United States that its document requests would have resulted in hundreds of thousands of documents to review. And the United States did not provide the State Defendants with custodian priorities until late February. After which, the State Defendants promptly agreed to search terms and to begin a review of responsive documents.

There is no need to try to pin blame. All parties have been engaged in good faith discovery negotiations, and that does not justify deposing the sitting Secretary of State without proving that he has unique or superior knowledge. This is especially the case given that the United States has not yet taken even one of its other scheduled depositions, which the State Defendants have warned may not be feasible under the current extremely compressed schedule.

## CONCLUSION

The Texas Secretary of State respectfully asks that the Court enter a protective order and quash the deposition of Secretary Scott.

| | |
|---|---|
| Date: April 1, 2022 | Respectfully submitted. |
| | |
| KEN PAXTON | /s/ *Patrick K. Sweeten* |
| Attorney General of Texas | PATRICK K. SWEETEN |
| | Deputy Attorney General for Special Litigation |
| BRENT WEBSTER | Tex. State Bar No. 00798537 |
| First Assistant Attorney General | |
| | WILLIAM T. THOMPSON |
| | Deputy Chief, Special Litigation Unit |
| | Tex. State Bar No. 24088531 |
| | |
| | OFFICE OF THE ATTORNEY GENERAL |
| | P.O. Box 12548 (MC-009) |
| | Austin, Texas 78711-2548 |
| | Tel.: (512) 463-2100 |
| | Fax: (512) 457-4410 |
| | patrick.sweeten@oag.texas.gov |
| | will.thompson@oag.texas.gov |

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on April 1, 2022, and that all counsel of record were served by CM/ECF.

/s/ *Patrick K. Sweeten*
PATRICK K. SWEETEN