**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> THE STATE OF TEXAS, *et al.*, <br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 5:21-cv-844-XR <br> [Lead Case] |

# EXHIBIT B

# Joshua Clarke

| | |
|---|---|
| **From:** | Watkins, Elijah M. <elijah.watkins@stoel.com> |
| **Sent:** | Tuesday, March 29, 2022 12:37 PM |
| **To:** | Patrick Sweeten; Olson, Wendy J.; Rosenbaum, Laura E.; Rasich, Marc; Bieter, Mark L.; Bibb, Hillary; chostetler@freespeechforpeople.org; Franolich, Jackie |
| **Cc:** | Will Thompson; Ari Herbert; Eric Hudson; Jeff White; Kathleen Hunker; Jack DiSorbo; Paikowsky, Dana (CRT); Freeman, Daniel (CRT) |
| **Subject:** | RE: RE: |

Patrick

Thanks again for the time both you and Eric made for MFV and DOJ yesterday to discuss former Secretary Hughs' deposition. You committed to contact Ms. Hughs to confirm that you are authorized to accept notice and a subpoena on her behalf and to find a date that works best for her schedule between the last week in April and the first week of May. As she is now a practicing attorney at a large law firm and no longer the secretary of state, I trust that she will be able to carve out at least one day in that two week window to sit for her deposition.

As was explained on the call, Ms. Hughs possess highly relevant and unique information that is of a greater quality and quantity than other available sources. She was the acting Secretary during the very election in which the Texas Legislature claims there was rampant voter fraud, which was the reason behind SB 1's enactment. As you know MFV (and other plaintiffs groups) believe the Legislature's reasoning for SB 1 is pretextual, especially given that Ms. Hughs declared the election to be "free and fair" and then resigned a short time later when she was not able to come up with the voter fraud the Legislature was looking for. Such a potential showing of bad faith and/or improper behavior by the Legislature justifies questioning Ms. Hughs. Because only she can speak to her reasons for making those statements and for her resignation, it makes little sense to wait and depose other election officials first as they would not be able to speak to Ms. Hughs' mental impressions. As such, exceptional circumstances are apparent.

Eric proposed a potential deposition via written questions, but as we explained courts (and practitioners) near universally agree that a live deposition of a witness offering spontaneous answers and the ability to pose follow up question is incomparable to written answers done with the assistants of counsel. This is doubly true where, as here, judging credibility is a major component of the litigation.

Always happy to jump on a call and discuss further if you would like, but please confirm that you are indeed authorized to accept service for Ms. Hughs and let us know what date works best for her schedule.

**Elijah Watkins** | Partner
Direct: (208) 387-4275 | Mobile: (208) 340-2341

---

**From:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>
**Sent:** Friday, March 25, 2022 4:10 PM
**To:** Watkins, Elijah M. <elijah.watkins@stoel.com>; Olson, Wendy J. <wendy.olson@stoel.com>; Rosenbaum, Laura E. <laura.rosenbaum@stoel.com>; Rasich, Marc <marc.rasich@stoel.com>; Bieter, Mark L. <mark.bieter@stoel.com>; Bibb, Hillary <hillary.bibb@stoel.com>; chostetler@freespeechforpeople.org; Franolich, Jackie <jackie.franolich@stoel.com>
**Cc:** Will Thompson <Will.Thompson@oag.texas.gov>; Ari Herbert <Ari.Herbert@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Paikowsky, Dana (CRT)

<Dana.Paikowsky@usdoj.gov>; Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>
**Subject:** RE: RE:

We can be on a call at that time.

Thanks,

Patrick

---

**From:** Watkins, Elijah M. <elijah.watkins@stoel.com>
**Sent:** Friday, March 25, 2022 2:15 PM
**To:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Olson, Wendy J. <wendy.olson@stoel.com>; Rosenbaum, Laura E. <laura.rosenbaum@stoel.com>; Rasich, Marc <marc.rasich@stoel.com>; Bieter, Mark L. <mark.bieter@stoel.com>; Bibb, Hillary <hillary.bibb@stoel.com>; chostetler@freespeechforpeople.org; Franolich, Jackie <jackie.franolich@stoel.com>
**Cc:** Will Thompson <Will.Thompson@oag.texas.gov>; Ari Herbert <Ari.Herbert@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Paikowsky, Dana (CRT) <Dana.Paikowsky@usdoj.gov>; Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>
**Subject:** RE: RE:

Patrick – following up on the below. DOJ (cc'ed) would also like to participate in this call. Does 3PM MST, 5PM EST work for you this upcoming Monday?

---

**From:** Watkins, Elijah M.
**Sent:** Wednesday, March 23, 2022 1:03 PM
**To:** 'Patrick Sweeten' <Patrick.Sweeten@oag.texas.gov>; Olson, Wendy J. <wendy.olson@stoel.com>; Rosenbaum, Laura E. <laura.rosenbaum@stoel.com>; Rasich, Marc <marc.rasich@stoel.com>; Bieter, Mark L. <mark.bieter@stoel.com>; Bibb, Hillary <hillary.bibb@stoel.com>; chostetler@freespeechforpeople.org; Franolich, Jackie <jackie.franolich@stoel.com>
**Cc:** Will Thompson <Will.Thompson@oag.texas.gov>; Ari Herbert <Ari.Herbert@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Subject:** RE: RE:

Thanks Patrick. This is helpful. The apex doctrine shields current executives so as to avoid stymying the work of an organization by taking their top leadership out of play for a day long deposition and it protects executives from answering for officials acts when other "boots on the ground" may have been the ones more responsible for the situation. Neither is the case for Ms. Hughs. As she's now a partner at a large law firm, there is no risk that the Texas government will grind to a halt because she has to get deposed. Nor are we interested in deposing her about her official acts, which is exactly what the United States has pointed out with respect to other deponents. *See, e.g., Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991); *Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203-04 (2d Cir. 2013) (addressing both current and former officials); *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007); *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586-87 (D.C. Cir. 1985)." *Texas v. Biden*, No. 2:21-cv-00067-Z, ECF 110 at 14.

Would Monday at 3pm MST work for you to discuss?

---

**From:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>
**Sent:** Wednesday, March 23, 2022 10:26 AM
**To:** Watkins, Elijah M. <elijah.watkins@stoel.com>; Olson, Wendy J. <wendy.olson@stoel.com>; Rosenbaum, Laura E.

<laura.rosenbaum@stoel.com>; Rasich, Marc <marc.rasich@stoel.com>; Bieter, Mark L. <mark.bieter@stoel.com>; Bibb, Hillary <hillary.bibb@stoel.com>; chostetler@freespeechforpeople.org; Franolich, Jackie <jackie.franolich@stoel.com>
**Cc:** Will Thompson <Will.Thompson@oag.texas.gov>; Ari Herbert <Ari.Herbert@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Subject:** RE: RE:

Elijah,

Here are a few initial citations that may be helpful:

- The apex doctrine applies to both present and former executives of an organization. *See Gauthier v. Union Pac. R.R. Co.*, No. 1:07-CV-12, 2008 WL 2467016 at *3, 9-14 (E.D. Tex. June 18, 2008) (Depositions of sought of "current or former executive officers" were quashed).

- "[e]xecutives and high-ranking officials continue to be protected by the apex doctrine even after leaving office." *K.C.R. v. County of Los Angeles*, No. CV 13-3806, 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014) (citing *Gauthier v. Union Pacific R. Co.*, No. 1:07-CV-12, 2008 WL 2467016, at *4 (E.D.Tex. June 18, 2008) (quashing deposition of former CEO where party seeking discovery had not yet deposed 30(b)(6) witness)).

- Further, in a brief filed on October 14, 2021, your co-Plaintiff, the United States government, characterized the apex doctrine as "the well-recognized principle that high-ranking government officials, both current and former, should not—absent exceptional circumstances—be deposed or called to testify regarding their reasons for taking official action. *See, e.g., Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991); *Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203-04 (2d Cir. 2013) (addressing both current and former officials); *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007); *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586-87 (D.C. Cir. 1985)." *Texas v. Biden*, No. 2:21-cv-00067-Z, ECF 110 at 14.

Happy to discuss further. Why don't you shoot me an email sometime next week if you want to discuss?

Best Regards,

Patrick K. Sweeten

---

**From:** Watkins, Elijah M. <elijah.watkins@stoel.com>
**Sent:** Wednesday, March 23, 2022 10:04 AM
**To:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Olson, Wendy J. <wendy.olson@stoel.com>; Rosenbaum, Laura E. <laura.rosenbaum@stoel.com>; Rasich, Marc <marc.rasich@stoel.com>; Bieter, Mark L. <mark.bieter@stoel.com>; Bibb, Hillary <hillary.bibb@stoel.com>; chostetler@freespeechforpeople.org; Franolich, Jackie <jackie.franolich@stoel.com>
**Cc:** Will Thompson <Will.Thompson@oag.texas.gov>; Ari Herbert <Ari.Herbert@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>
**Subject:** RE:

Patrick

Thanks for reaching out. "In spite of all the circumstances," Former Secretary of State Hughs presided over "an election that was smooth and secure." Following these comments from her office, the Republican backed senate refused to confirm Ms. Hugh's appointment by Governor Abbot, she resigned a short time later, and the legislature passed SB 1 in an attempt to smoke out "voter fraud" despite every indication from Former Secretary Hughs that the election was "smooth and secure." As such, Ms. Hughs is not a "high-ranking public official," but a partner at a large law firm and a fact witness. Upon my initial research I was unable to find any support for your uncited contention that "This doctrine [of high-ranking officials] applies to current *and former* officials and it is also firmly rooted in other circuits across the country." If you have a case for me to look at that says partners at large law firms who use to work in government in a past life cannot be deposed, I'd be glad to review it.

Happy to meet and discuss timing of Ms. Hughs deposition. As some of us are in trial, would Monday of next week work for you?

Best regards

Elijah

---

**From:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>
**Sent:** Tuesday, March 22, 2022 9:40 PM
**To:** Watkins, Elijah M. <elijah.watkins@stoel.com>; Olson, Wendy J. <wendy.olson@stoel.com>; Rosenbaum, Laura E. <laura.rosenbaum@stoel.com>; Rasich, Marc <marc.rasich@stoel.com>; Bieter, Mark L. <mark.bieter@stoel.com>; Bibb, Hillary <hillary.bibb@stoel.com>; chostetler@freespeechforpeople.org; Franolich, Jackie <jackie.franolich@stoel.com>
**Cc:** Will Thompson <Will.Thompson@oag.texas.gov>; Ari Herbert <Ari.Herbert@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>
**Subject:**

Mr. Watkins et al.

I hope you are well.

My office represents former Texas Secretary of State Ruth Hughs. In light of our representation, please cease any further contact with Ms. Hughs and direct future correspondence to me or the Texas Attorney General lawyers copied in this email.

I understand you may have requested Ms. Hughs deposition. Please let us know if that is correct. Please note, that as the former Texas Secretary of State, Ms. Hughs is a high-ranking public official who cannot be called to testify "absent extraordinary circumstances" regarding their reasons for "taking official actions." *In re Office of Inspector Gen.*, 933 F.2d 276, 278 (5th Cir. 1991) (per curiam) Further, it is a settled rule under Fifth Circuit precedent that exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted. *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995) This doctrine applies to current and former officials and it is also firmly rooted in other circuits across the country.

In short, we oppose any effort to depose Secretary Hughs.

We would certainly like to discuss your request in more detail at your first convenience. Can you let me know if you have time for a teleconference on Thursday afternoon?

We look forward to speaking with you.

Best Regards,

Patrick