IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 5:21-CV-0844-XR |
| STATE OF TEXAS, et al., | § § § | (Consolidated Cases) |
| Defendants. | § § § | |

## LUPE PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs La Unión Del Pueblo Entero; Friendship-West Baptist Church; the Anti-Defamation League Austin, Southwest, and Texoma Regions; Southwest Voter Registration Education Project; Texas Impact; Mexican American Bar Association of Texas; Texas Hispanics Organized for Political Education; Jolt Action; William C. Velasquez Institute; FIEL Houston Inc.; and James Lewin (collectively, the "LUPE Plaintiffs") respectfully submit this response to the State Defendants' Notice of Supplemental Authority (ECF 333) (the "Defendants' Notice").

On March 16, 2022, the Court of Appeals for the Fifth Circuit decided three companion cases—*Tex. All. for Retired Ams. v. Scott*, No. 20–40643, 2022 WL 795862 (5th Cir. Mar. 16, 2022); *Lewis v. Scott*, No. 20–50654, 2022 WL 795861 (5th Cir. Mar. 16, 2022); and *Richardson v. Flores*, No. 20–50774, 2022 WL 795859 (5th Cir. Mar. 16, 2022) (collectively, the "Supplemental Authority")—each involving challenges to different portions of the Texas Election Code and each naming the Texas Secretary of State (the "Secretary") as a defendant.

The Supplemental Authority sets forth "guideposts" for assessing whether *Ex parte Young* applies. *Tex. All. for Retired Ams.*, 2022 WL 795862 at *4. First, the Fifth Circuit reiterated that to satisfy *Young*, an official must have more than a general duty to see that the laws of the state are implemented. *Id.* (citing *City of Austin v. Paxton*, 943 F.3d 993 (5th Cir. 2019), *cert. denied*, 141 S. Ct. 1047 (2021)). Second, and relatedly, the official must have a particular duty to enforce the statutory provisions in question. *Id.* Third, enforcement means that the official in question must have the authority to compel or constrain behavior to enforce obedience to the law. *Id.* at *5.

Defendants suggest that the Supplemental Authority "reject[s] many of the arguments that the plaintiffs raise" in this case. Defendants' Notice at 2. Not so. Plaintiffs do not argue that the Secretary is sufficiently connected to enforcement of SB 1 simply because of his role as Texas's chief election official. Rather, Plaintiffs identify specific enforcement obligations created by and delegated exclusively to the Secretary under SB 1, sufficiently connecting him to the enforcement of SB 1 and the laws challenged by Plaintiffs in this case, as required by *Young* and *Texas Alliance for Retired Americans*. And Plaintiffs do so on a provision-by-provision basis, both in their operative complaint and in their opposition to Defendants' Motion to Dismiss. *See* ECF 208 at 14–16, 34–38, 40–42, 44–48; *see* ECF 301 at 5–12, 26–29. For example:

- **Under SB 1, The Secretary Has Mandatory Oversight Authority and Wields Exclusive Authority To Impose Financial Penalties**: The Secretary has direct oversight obligations to "monitor each registrar for substantial compliance" with SB 1 and SB 1 vests *explicit and exclusive authority* with the Secretary to constrain and correct registrar behavior by imposing significant monetary fines, all in furtherance of SB 1's enforcement. ECF 301 at 6–7. *See* TEX. ELEC. CODE ANN. § 18.065.

- **SB 1 Designates The Secretary As The State Official Responsible For Training and Certifying Poll Watchers—Training Plaintiffs Say Unconstitutionally Violates The Right To Vote and Training Plaintiffs Seek To Enjoin**: Unlike in *Texas Alliance for Retired Americans*, SB 1 empowers the Secretary to compel and constrain the conduct of poll watchers, which ultimately impacts the right to vote in Texas. Plaintiffs allege that "the conduct of poll watchers is at the heart of

2

several of the challenged provisions" and "[i]f the Court finds that SB1's poll watcher provisions offend federal law, the Secretary would be responsible for (1) re-training all watchers and (2) amending the State's training materials." ECF 301 at 9. *See* TEX. ELEC. CODE ANN. §§ 33.008, 33.031(b).

- **The Secretary Is The State Official Responsible For Controlling Texas's Vote By Mail Provisions Challenged In This Case, Including Having Authority To Alter Vote By Mail Forms Directly Challenged In This Case**: The Secretary has the authority to alter the design and content of the mail ballot forms, which are directly at issue in this case. Plaintiffs specifically challenge the design and content the Secretary has chosen. ECF 301 at 8. Plaintiffs also allege that, as drafted, the design and content of the mail ballot constrain and impact the right to vote in Texas. If the Court finds that the design or content of these forms offend federal law, the Secretary alone must alter those forms to bring them into compliance. ECF 301 at 8. Indeed, *Texas Alliance for Retired Americans*, reaffirms the Secretary's duty to design relevant forms that local officials are "required" to use, rendering him an appropriate and necessary defendant in this case. *See* 2022 WL 795862, at *4. *See* TEX. ELEC. CODE ANN. § 33.003, 31.004.

- **The Secretary is also the sole official designated to "prescribe the form described by" SB 1 Sections 6.01 & 6.03:** SB 1 specifically designates the Secretary as the sole official responsible for the design and content of the voter assistance forms. *See* TEX. ELEC. CODE ANN. §§ 64.009(f), 64.0322(b). If the design or content of these forms offends federal law, the Secretary alone must modify these forms in order to bring them into compliance. ECF 301 at 9–10. *See* TEX. ELEC. CODE ANN. § 31.002(a).

- **SB 1 Requires The Secretary To Participate In SB 1's Law Enforcement Regime**: SB 1 provides the Secretary with an active role in the law enforcement process as it *requires* the Secretary to actively refer any and all "information indicating that criminal conduct in connection with an election has occurred" to the Attorney General for prosecution after the Secretary—not a local prosecutor or other officer—has determined "that there is reasonable cause to suspect that criminal conduct occurred." ECF 301 at 7. *See* TEX. ELEC. CODE ANN. §§ 15.028, 33.006(a), 33.051, 33.061, 64.034, and 276.015. The Secretary's active role in determining reasonable cause renders him an appropriate defendant and satisfies *Ex parte Young*.

For the reasons set forth in the LUPE Plaintiffs' Opposition to State Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF 301), the Defendants' Motion to Dismiss (ECF 255) should be denied. The Supplemental Authority referenced herein does not alter the appropriateness of that outcome.

Respectfully submitted,

*/s/Nina Perales*

Nina Perales
Julia R. Longoria
Mexican American Legal Defense
And Educational Fund
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210) 224-5382
nperales@maldef.org
jlongoria@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Jason S. Kanterman*
Kevin Zhen*
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
jason.kanterman@friedfrank.com
kevin.zhen@friedfrank.com

* Admitted *pro hac vice*

*Attorneys for Plaintiffs:*
LA UNIÓN DEL PUEBLO
ENTERO;
 SOUTHWEST VOTER
  REGISTRATION
  EDUCATION PROJECT;
 MEXICAN AMERICAN BAR
  ASSOCIATION OF TEXAS;
 TEXAS HISPANICS
  ORGANIZED FOR
  POLITICAL EDUCATION;
 JOLT ACTION;
 WILLIAM C. VELASQUEZ
  INSTITUTE;
 FIEL HOUSTON INC.

April 8, 2022

*/s/Sean Mores-Doyle*

Sean Morales-Doyle
Eliza Sweren-Becker*
Patrick A. Berry*
Jasleen K. Singh*
Andrew B. Garber*
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
Telephone: (646) 292-8310
Facsimile: (212) 463-7308
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu
patrick.berry@nyu.edu
jasleen.singh@nyu.edu
andrew.garber@nyu.edu

* Admitted *pro hac vice*

Paul R. Genender
Texas State Bar No. 00790758
Elizabeth Y. Ryan
Texas State Bar No. 24067758
Matthew Berde*
Texas State Bar No. 24094379
Megan Cloud
Texas State Bar No. 24116207
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
Liz.Ryan@weil.com
Paul.Genender@weil.com
Matt.Berde@weil.com
Megan.Cloud@weil.com

-and-

Alexander P. Cohen*
Texas State Bar No. 24109739
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue

New York, New York 10153
Telephone: (212) 310-8020
Facsimile: (212) 310-8007
Alexander.Cohen@weil.com

* Admitted *pro hac vice*

*Attorneys for Plaintiffs:*
FRIENDSHIP-WEST BAPTIST CHURCH
ANTI-DEFAMATION LEAGUE
   AUSTIN, SOUTHWEST, AND
   TEXOMA REGIONS
TEXAS IMPACT
JAMES LEWIN

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on April 8, 2022, and that all counsel of record were served by CM/ECF.

*/s/ Nina Perales*
NINA PERALES