# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| HOUSTON AREA URBAN LEAGUE, et al., *Plaintiffs*, v. GREGORY WAYNE ABBOTT, et al., *Defendants*. MI FAMILIA VOTA, et al., *Plaintiffs*, v. GREG ABBOTT, et al., *Defendants*. | 5:21-cv-0844-XR |

## HOUSTON AREA URBAN LEAGUE AND MI FAMILIA VOTA PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Houston Area Urban League, Delta Sigma Theta Sorority, Inc, The Arc of Texas, and Jeffrey Clemmons (HAUL Plaintiffs) and Mi Familia Vota, Marla Lopez, Marlon Lopez, and Paul Rutledge (MFV Plaintiffs) join the arguments made by LUPE Plaintiffs in response to the State Defendants' notice of supplemental authority. ECF No. 358. In addition, HAUL Plaintiffs and MFV Plaintiffs write to illustrate three points specific to their Second Amended Complaint.

1. First, the supplemental authority provided by the State Defendants does nothing to undermine binding precedent in *Texas Democratic Party v. Abbott*, 978 F.3d 168, 179–80 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1124 (2021), that the Secretary's statutory duty to design the application form for mail-in ballots sufficiently connects him to the enforcement of SB 1's unlawful identification requirements in sections 5.02, 5.03, 5.07, and 5.08. The State Defendants' assertion that "Plaintiffs do not challenge the design or content of the forms," Notice, ECF No. 333 at 3 (quoting *Richardson v. Flores*, No. 20-50774, 2022 WL 795859, at *3 (5th Cir. Mar. 16, 2022)), is

simply wrong. Through their challenge to sections 5.02, 5.03, 5.07, and 5.08, HAUL Plaintiffs and MFV Plaintiffs plainly challenge changes to the content of mail-ballot applications, which the Secretary designs. *See* Second Am. Compl., ECF No. 199, ¶ 26(g); *Abbott*, 978 F.3d at 179–80.

The reasoning in *Abbott* also makes plain that the Secretary has a sufficient enforcement connection to SB 1's assistor provisions and its ban on ballot drop boxes in order to name him as a defendant under *Ex parte Young*. The Secretary has the express duty to design forms to implement SB 1's assistor provisions. *See* SB 1 §§ 6.01(h), 6.03(b). Moreover, section 4.12, which prohibits drop boxes, requires the Secretary to design the roster that local elections officials *must* use to log mail ballots that are delivered by hand. *See* SB 1 § 4.12(a-2).

2. Second, like the LUPE Plaintiffs, the HAUL Plaintiffs and the MFV Plaintiffs do not rely on the Secretary's general duties, but merely point to them as a background principle that highlights the Secretary's intimate connection to enforcement of the election code. *See* ECF No. 252 at 7. The HAUL Plaintiffs and the MFV Plaintiffs then identify the Secretary's specific enforcement authority under the challenged provisions. *See id.* at 8–10.

3. Finally, the Fifth Circuit's clarification that *OCA-Greater Houston v. Texas*, 867 F.3d 604 (5th Cir. 2017), applies only to standing, *see Texas Alliance for Retired Americans v. Scott*, No. 20-40643, 28 F.4th 669 (5th Cir. Mar. 16, 2022), highlights that, under the Fifth Circuit's precedent, standing is a lower threshold than sovereign immunity. In other words, if the official has a sufficient enforcement connection to allow plaintiffs to invoke the *Ex parte Young* exception to sovereign immunity, that enforcement connection also suffices to show that an injunction against the official exercising that enforcement authority will redress the plaintiffs' harm. *See City of Austin v. Paxton*, 943 F.3d 993, 1002 (5th Cir. 2019) (noting significant overlap between standing and *Ex parte Young* analysis). The fact that the Secretary of State has the requisite enforcement authority under *Ex parte Young* eliminates any concern regarding standing.

For these reasons, and for the reasons set forth in ECF Nos. 252 and 358, the Court should deny the State Defendants' motion to dismiss the HAUL and MFV Plaintiffs' Second Amended Complaint.

Dated: April 8, 2022

By: /s/ Georgina Yeomans

Kenneth E. Broughton
Texas Bar No. 03087250
kbroughton@reedsmith.com

J. Keely Dulaney*
Texas Bar No. 24116306
kdulaney@reedsmith.com

Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

Sarah Cummings Stewart
Texas Bar No. 24094609
Reed Smith LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
sarah.stewart@reedsmith.com

Danielle Ahlrich
Texas Bar No. 24059215
401 Congress Avenue, Suite 1800
Austin, TX 78701
Telephone: (512) 623-1777
dahlrich@reedsmith.com

Kathryn Sadasivan*
Amir Badat*
Liliana Zaragoza*
Ciara A. Sisco*
NAACP Legal Defense and Educational
Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006

Telephone: (212) 965-2200
Facsimile: (212) 226-7592
ksadasivan@naacpldf.org
abadat@naacpldf.org
lzaragoza@naacpldf.org
csisco@naacpldf.org

Jennifer A. Holmes*
Georgina Yeomans*
R. Gary Spencer*+
NAACP Legal Defense and Educational
Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 682-1300
Facsimile: (202) 682-1312
jholmes@naacpldf.org
gyeomans@naacpldf.org

Shira Wakschlag*
The Arc of the United States, Inc.
1825 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: (202) 534-3708
Facsimile: (202) 534-3731
Wakschlag@thearc.org

*Counsel for Plaintiffs Houston Area Urban League; Delta Sigma Theta Sorority, Inc.; The Arc of Texas; and Jeffrey Lamar Clemmons*

Wendy J. Olson*
Laura E. Rosenbaum*
Marc Rasich*
Elijah Watkins*
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Sean Lyons
State Bar No. 00792280
Sean@lyonsandlyons.com
Clem Lyons
State Bar No. 12742000
Clem@lyonsandlyons.com
LYONS & LYONS, P.C.

237 W. Travis Street, Suite 100
San Antonio, Texas 78205
Telephone: (210) 225-5251
Telefax: (210) 225-6545

Courtney Hostetler*
Ron Fein*
John Bonifaz*
Ben Clements*
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
(617) 249-3015
chostetler@freespeechforpeople.org
rfein@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org

*Attorneys for Plaintiffs Mi Familia Vota, Marla López, Marlon López, and Paul Rutledge*

*\* Admitted pro hac vice*
*+ Mailing address only. Work remotely from, and admitted to practice in, Georgia.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2022, I electronically filed the foregoing Response to State's Notice of Supplemental Authority.

                                                                */s/ Georgina Yeomans*
                                                                Georgina Yeomans