**EXHIBIT B**

| From: | Watkins, Elijah M. |
|---|---|
| To: | Patrick Sweeten; Olson, Wendy J.; Rosenbaum, Laura E.; Rasich, Marc; Bieter, Mark L.; Bibb, Hillary; chostetler@freespeechforpeople.org; Franolich, Jackie |
| Cc: | Will Thompson; Ari Herbert; Eric Hudson; Jeff White; Kathleen Hunker; Jack DiSorbo; Paikowsky, Dana (CRT); Freeman, Daniel (CRT); Tonkin, Kelly |
| Subject: | RE: RE: |
| Date: | Friday, April 1, 2022 1:36:28 PM |
| Attachments: | Subpoena--Depo (Ruth Hughs)(115024568.1).pdf |

Patrick

Please find attached the subpoena for Ms. Hughs to testify at her deposition. The deposition is set to take place at 9:00 AM on May 3 at your offices in Austin as you requested. I look forward to meeting you in person at the deposition.

Cheers

Elijah


**From:** Watkins, Elijah M.
**Sent:** Thursday, March 31, 2022 2:31 PM
**To:** 'Patrick Sweeten' <Patrick.Sweeten@oag.texas.gov>; Olson, Wendy J. <wendy.olson@stoel.com>; Rosenbaum, Laura E. <laura.rosenbaum@stoel.com>; Rasich, Marc <marc.rasich@stoel.com>; Bieter, Mark L. <mark.bieter@stoel.com>; Bibb, Hillary <hillary.bibb@stoel.com>; chostetler@freespeechforpeople.org; Franolich, Jackie <jackie.franolich@stoel.com>
**Cc:** Will Thompson <Will.Thompson@oag.texas.gov>; Ari Herbert <Ari.Herbert@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Paikowsky, Dana (CRT) <Dana.Paikowsky@usdoj.gov>; Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>
**Subject:** RE: RE:

Thanks Patrick. I appreciate the follow through. We'll get a subpoena prepared with that date and send it your way when ready.

Elijah

**From:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>
**Sent:** Thursday, March 31, 2022 2:06 PM
**To:** Watkins, Elijah M. <elijah.watkins@stoel.com>; Olson, Wendy J. <wendy.olson@stoel.com>; Rosenbaum, Laura E. <laura.rosenbaum@stoel.com>; Rasich, Marc <marc.rasich@stoel.com>; Bieter, Mark L. <mark.bieter@stoel.com>; Bibb, Hillary <hillary.bibb@stoel.com>; chostetler@freespeechforpeople.org; Franolich, Jackie <jackie.franolich@stoel.com>
**Cc:** Will Thompson <Will.Thompson@oag.texas.gov>; Ari Herbert <Ari.Herbert@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Paikowsky, Dana (CRT) <Dana.Paikowsky@usdoj.gov>; Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>

**Subject:** RE: RE:

Elijah,

Getting back to you on this.

As I noted below, we object to former Secretary Hughs appearing at any deposition in this cause and intend to file a motion to quash if you proceed. Nevertheless, I contacted Ms. Hughs about her schedule, and she has no conflicts on May 3, 2022 and could be at our office at 209 W. 14th Street ( Price Daniel Building) in Austin, in the event of a final adverse ruling.

I can also accept service of a deposition subpoena on her behalf.

Best Regards,

Patrick


**From:** Patrick Sweeten
**Sent:** Tuesday, March 29, 2022 6:49 PM
**To:** Watkins, Elijah M. <elijah.watkins@stoel.com>; Olson, Wendy J. <wendy.olson@stoel.com>; Rosenbaum, Laura E. <laura.rosenbaum@stoel.com>; Rasich, Marc <marc.rasich@stoel.com>; Bieter, Mark L. <mark.bieter@stoel.com>; Bibb, Hillary <hillary.bibb@stoel.com>; chostetler@freespeechforpeople.org; Franolich, Jackie <jackie.franolich@stoel.com>
**Cc:** Will Thompson <Will.Thompson@oag.texas.gov>; Ari Herbert <Ari.Herbert@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Paikowsky, Dana (CRT) <Dana.Paikowsky@usdoj.gov>; Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>
**Subject:** RE: RE:

Elijah,

As I have advised on several occasions, we object to former Secretary Hughs appearing at any deposition in this cause based on the apex/high ranking public official doctrine and relevance. I have provided an in-depth description of the basis of our objections, including case cites, in our emails and in our conversation. We do not agree to produce Secretary Hughs for her deposition and intend to file a Motion to Quash if you proceed with taking it.

With our position clear, I did however indicate that I am amenable to providing dates when our office would be available to defend Secretary Hughs deposition should the deposition proceed. I attempted to reach out to former Secretary Hughs today and I have not yet heard from her. When I do, I will reach out to you regarding dates and the acceptance of a deposition subpoena.

Call if you want to discuss.

Best Regards,

Patrick K. Sweeten

**From:** Watkins, Elijah M. <elijah.watkins@stoel.com>
**Sent:** Tuesday, March 29, 2022 12:37 PM
**To:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Olson, Wendy J. <wendy.olson@stoel.com>; Rosenbaum, Laura E. <laura.rosenbaum@stoel.com>; Rasich, Marc <marc.rasich@stoel.com>; Bieter, Mark L. <mark.bieter@stoel.com>; Bibb, Hillary <hillary.bibb@stoel.com>; chostetler@freespeechforpeople.org; Franolich, Jackie <jackie.franolich@stoel.com>
**Cc:** Will Thompson <Will.Thompson@oag.texas.gov>; Ari Herbert <Ari.Herbert@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Paikowsky, Dana (CRT) <Dana.Paikowsky@usdoj.gov>; Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>
**Subject:** RE: RE:

Patrick

Thanks again for the time both you and Eric made for MFV and DOJ yesterday to discuss former Secretary Hughs' deposition. You committed to contact Ms. Hughs to confirm that you are authorized to accept notice and a subpoena on her behalf and to find a date that works best for her schedule between the last week in April and the first week of May. As she is now a practicing attorney at a large law firm and no longer the secretary of state, I trust that she will be able to carve out at least one day in that two week window to sit for her deposition.

As was explained on the call, Ms. Hughs possess highly relevant and unique information that is of a greater quality and quantity than other available sources. She was the acting Secretary during the very election in which the Texas Legislature claims there was rampant voter fraud, which was the reason behind SB 1's enactment. As you know MFV (and other plaintiffs groups) believe the Legislature's reasoning for SB 1 is pretextual, especially given that Ms. Hughs declared the election to be "free and fair" and then resigned a short time later when she was not able to come up with the voter fraud the Legislature was looking for. Such a potential showing of bad faith and/or improper behavior by the Legislature justifies questioning Ms. Hughs. Because only she can speak to her reasons for making those statements and for her resignation, it makes little sense to wait and depose other election officials first as they would not be able to speak to Ms. Hughs' mental impressions. As such, exceptional circumstances are apparent.

Eric proposed a potential deposition via written questions, but as we explained courts (and practitioners) near universally agree that a live deposition of a witness offering spontaneous answers and the ability to pose follow up question is incomparable to written answers done with the assistants of counsel. This is doubly true where, as here, judging credibility is a major component of the litigation.

Always happy to jump on a call and discuss further if you would like, but please confirm that you are indeed authorized to accept service for Ms. Hughs and let us know what date works best for her schedule.

**Elijah Watkins** | Partner
Direct: (208) 387-4275 | Mobile: (208) 340-2341

**From:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>
**Sent:** Friday, March 25, 2022 4:10 PM
**To:** Watkins, Elijah M. <elijah.watkins@stoel.com>; Olson, Wendy J. <wendy.olson@stoel.com>; Rosenbaum, Laura E. <laura.rosenbaum@stoel.com>; Rasich, Marc <marc.rasich@stoel.com>; Bieter, Mark L. <mark.bieter@stoel.com>; Bibb, Hillary <hillary.bibb@stoel.com>; chostetler@freespeechforpeople.org; Franolich, Jackie <jackie.franolich@stoel.com>
**Cc:** Will Thompson <Will.Thompson@oag.texas.gov>; Ari Herbert <Ari.Herbert@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Paikowsky, Dana (CRT) <Dana.Paikowsky@usdoj.gov>; Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>
**Subject:** RE: RE:

We can be on a call at that time.

Thanks,

Patrick

**From:** Watkins, Elijah M. <elijah.watkins@stoel.com>
**Sent:** Friday, March 25, 2022 2:15 PM
**To:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Olson, Wendy J. <wendy.olson@stoel.com>; Rosenbaum, Laura E. <laura.rosenbaum@stoel.com>; Rasich, Marc <marc.rasich@stoel.com>; Bieter, Mark L. <mark.bieter@stoel.com>; Bibb, Hillary <hillary.bibb@stoel.com>; chostetler@freespeechforpeople.org; Franolich, Jackie <jackie.franolich@stoel.com>
**Cc:** Will Thompson <Will.Thompson@oag.texas.gov>; Ari Herbert <Ari.Herbert@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Paikowsky, Dana (CRT) <Dana.Paikowsky@usdoj.gov>; Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>
**Subject:** RE: RE:

Patrick – following up on the below. DOJ (cc'ed) would also like to participate in this call. Does 3PM MST, 5PM EST work for you this upcoming Monday?

**From:** Watkins, Elijah M.
**Sent:** Wednesday, March 23, 2022 1:03 PM
**To:** 'Patrick Sweeten' <Patrick.Sweeten@oag.texas.gov>; Olson, Wendy J. <wendy.olson@stoel.com>; Rosenbaum, Laura E. <laura.rosenbaum@stoel.com>; Rasich, Marc <marc.rasich@stoel.com>; Bieter, Mark L. <mark.bieter@stoel.com>; Bibb, Hillary <hillary.bibb@stoel.com>; chostetler@freespeechforpeople.org; Franolich, Jackie <jackie.franolich@stoel.com>
**Cc:** Will Thompson <Will.Thompson@oag.texas.gov>; Ari Herbert <Ari.Herbert@oag.texas.gov>; Eric

Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Subject:** RE: RE:

Thanks Patrick. This is helpful. The apex doctrine shields current executives so as to avoid stymying the work of an organization by taking their top leadership out of play for a day long deposition and it protects executives from answering for officials acts when other "boots on the ground" may have been the ones more responsible for the situation. Neither is the case for Ms. Hughs. As she's now a partner at a large law firm, there is no risk that the Texas government will grind to a halt because she has to get deposed. Nor are we interested in deposing her about her official acts, which is exactly what the United States has pointed out with respect to other deponents. *See, e.g., Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991); *Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203-04 (2d Cir. 2013) (addressing both current and former officials); *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007); *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586-87 (D.C. Cir. 1985)." *Texas v. Biden*, No. 2:21-cv-00067-Z, ECF 110 at 14.

Would Monday at 3pm MST work for you to discuss?

**From:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>
**Sent:** Wednesday, March 23, 2022 10:26 AM
**To:** Watkins, Elijah M. <elijah.watkins@stoel.com>; Olson, Wendy J. <wendy.olson@stoel.com>; Rosenbaum, Laura E. <laura.rosenbaum@stoel.com>; Rasich, Marc <marc.rasich@stoel.com>; Bieter, Mark L. <mark.bieter@stoel.com>; Bibb, Hillary <hillary.bibb@stoel.com>; chostetler@freespeechforpeople.org; Franolich, Jackie <jackie.franolich@stoel.com>
**Cc:** Will Thompson <Will.Thompson@oag.texas.gov>; Ari Herbert <Ari.Herbert@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Subject:** RE: RE:

Elijah,

Here are a few initial citations that may be helpful:

- The apex doctrine applies to both present and former executives of an organization. *See Gauthier v. Union Pac. R.R. Co.*, No. 1:07-CV-12, 2008 WL 2467016 at *3, 9-14 (E.D. Tex. June 18, 2008) (Depositions of sought of "current or former executive officers" were quashed).

- "[e]xecutives and high-ranking officials continue to be protected by the apex doctrine even after leaving office." *K.C.R. v. County of Los Angeles*, No. CV 13-3806, 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014) (citing *Gauthier v. Union Pacific R. Co.*, No. 1:07-CV-12, 2008 WL 2467016, at *4 (E.D.Tex. June 18, 2008) (quashing deposition of former CEO where party seeking discovery had not yet deposed 30(b)(6) witness)).

- Further, in a brief filed on October 14, 2021, your co-Plaintiff, the United States government, characterized the apex doctrine as "the well-recognized principle that

high-ranking government officials, both current and former, should not—absent exceptional circumstances—be deposed or called to testify regarding their reasons for taking official action. *See, e.g., Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991); *Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203-04 (2d Cir. 2013) (addressing both current and former officials); *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007); *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586-87 (D.C. Cir. 1985)." *Texas v. Biden*, No. 2:21-cv-00067-Z, ECF 110 at 14.

Happy to discuss further. Why don't you shoot me an email sometime next week if you want to discuss?

Best Regards,

Patrick K. Sweeten

**From:** Watkins, Elijah M. <elijah.watkins@stoel.com>
**Sent:** Wednesday, March 23, 2022 10:04 AM
**To:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Olson, Wendy J. <wendy.olson@stoel.com>; Rosenbaum, Laura E. <laura.rosenbaum@stoel.com>; Rasich, Marc <marc.rasich@stoel.com>; Bieter, Mark L. <mark.bieter@stoel.com>; Bibb, Hillary <hillary.bibb@stoel.com>; chostetler@freespeechforpeople.org; Franolich, Jackie <jackie.franolich@stoel.com>
**Cc:** Will Thompson <Will.Thompson@oag.texas.gov>; Ari Herbert <Ari.Herbert@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>
**Subject:** RE:

Patrick

Thanks for reaching out. "In spite of all the circumstances," Former Secretary of State Hughs presided over "an election that was smooth and secure." Following these comments from her office, the Republican backed senate refused to confirm Ms. Hugh's appointment by Governor Abbot, she resigned a short time later, and the legislature passed SB 1 in an attempt to smoke out "voter fraud" despite every indication from Former Secretary Hughs that the election was "smooth and secure." As such, Ms. Hughs is not a "high-ranking public official," but a partner at a large law firm and a fact witness. Upon my initial research I was unable to find any support for your uncited contention that "This doctrine [of high-ranking officials] applies to current *and former* officials and it is also firmly rooted in other circuits across the country." If you have a case for me to look at that says partners at large law firms who use to work in government in a past life cannot be deposed, I'd be glad to review it.

Happy to meet and discuss timing of Ms. Hughs deposition. As some of us are in trial, would Monday of next week work for you?

Best regards

Elijah

**From:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>
**Sent:** Tuesday, March 22, 2022 9:40 PM
**To:** Watkins, Elijah M. <elijah.watkins@stoel.com>; Olson, Wendy J. <wendy.olson@stoel.com>; Rosenbaum, Laura E. <laura.rosenbaum@stoel.com>; Rasich, Marc <marc.rasich@stoel.com>; Bieter, Mark L. <mark.bieter@stoel.com>; Bibb, Hillary <hillary.bibb@stoel.com>; chostetler@freespeechforpeople.org; Franolich, Jackie <jackie.franolich@stoel.com>
**Cc:** Will Thompson <Will.Thompson@oag.texas.gov>; Ari Herbert <Ari.Herbert@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>
**Subject:**

Mr. Watkins et al.

I hope you are well.

My office represents former Texas Secretary of State Ruth Hughs. In light of our representation, please cease any further contact with Ms. Hughs and direct future correspondence to me or the Texas Attorney General lawyers copied in this email.

I understand you may have requested Ms. Hughs deposition. Please let us know if that is correct. Please note, that as the former Texas Secretary of State, Ms. Hughs is a high-ranking public official who cannot be called to testify "absent extraordinary circumstances" regarding their reasons for "taking official actions." *In re Office of Inspector Gen.*, 933 F.2d 276, 278 (5th Cir. 1991) (per curiam) Further, it is a settled rule under Fifth Circuit precedent that exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted. *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995) This doctrine applies to current and former officials and it is also firmly rooted in other circuits across the country.

In short, we oppose any effort to depose Secretary Hughs.

We would certainly like to discuss your request in more detail at your first convenience. Can you let me know if you have time for a teleconference on Thursday afternoon?

We look forward to speaking with you.

Best Regards,

Patrick

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

LA UNION DEL PUEBLO ENTERO, et al.
_Plaintiff_
v.
GREGORY W. ABBOTT, et al.
_Defendant_

Civil Action No. 5:21-cv-844-XR

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: RUTH RUGGERO HUGHS

_(Name of person to whom this subpoena is directed)_

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Office of the Attorney General - Price Daniel Bldg.<br>209 W. 14th Street<br>Austin, TX 78701 (512) 463-2100 | Date and Time:<br>05/03/2022 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/31/2022

_CLERK OF COURT_

OR

/s/ Elijah M. Wakins - ISB #8977

_Signature of Clerk or Deputy Clerk_ — _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiff
Mi Familia Vota , who issues or requests this subpoena, are:
Elijah M. Watkins, Stoel Rives LLP, 101 S. Capitol Blvd., Ste. 1900, Boise, ID 83702 (208) 389-9000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:21-cv-844-XR

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).