IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Case No. 5:21-cv-00844-XR [Lead Case] |
| GREG ABBOTT, *et al.*, | § § § | |
| *Defendants.* | § | |

## MOTION FOR PRELIMINARY HEARING

The State Defendants have filed motions to dismiss the claims asserted by each of the plaintiff groups appearing in these consolidated cases:

- ECF 145. Motion to dismiss the United States' first amended complaint;

- ECF 239. Motion to dismiss the Houston Area Urban League and Mi Familia Vota plaintiffs' second amended complaint;

- ECF 240. Motion to dismiss the OCA-Greater Houston plaintiffs' second amended complaint.

- ECF 243. Motion to dismiss the LULAC plaintiffs' second amended complaint.

- ECF 255. Motion to dismiss the LUPE plaintiffs' second amended complaint.

The State Defendants have consistently raised the threshold deficiencies in plaintiffs' claims, despite plaintiffs' attempts to avoid confronting them by amending their complaints. Specifically, the State Defendant also moved to dismiss each of these previous iterations:

- ECF 53. Motion to dismiss the LUPE plaintiffs' complaint;

- ECF 54. Motion to dismiss the LULAC plaintiffs' complaint;

- ECF 55. Motion to dismiss the OCA-Greater Houston plaintiffs' complaint;

- ECF 64. Motion to dismiss the Houston Justice plaintiffs' complaint;

- ECF 67. Motion to dismiss the Mi Familia Vota plaintiffs' complaint;

- ECF 175. Motion to dismiss the OCA-Greater Houston plaintiffs' first amended

1

> complaint;

- ECF 176. Motion to dismiss the LUPE plaintiffs' first amended complaint;
- ECF 177. Motion to dismiss the LULAC plaintiffs' first amended complaint;
- ECF 182. Motion to dismiss the Houston Justice plaintiffs' first amended complaint.

Under Rule 12(i) of the Federal Rules of Civil Procedure, the State Defendants respectfully request that the Court hear and decide those motions as soon as practicable. That rule "authorizes the Court to conduct a preliminary hearing to consider and decide before trial a motion raising any defense listed in Rule 12(b)(1)-(7)." *Kregler v. City of New York*, 608 F. Supp. 2d 465, 475 (S.D.N.Y. 2009). The text of Rule 12(i) is as follows:

> If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

Courts of appeals recognize that this rule "can be an excellent device for conserving time, expense, and scarce judicial resources by targeting early resolution of threshold issues." *Rivera-Gomez v. de Castro*, 900 F.2d 1, 2 (1st Cir. 1990). As such, where a party properly presents one of the defenses listed above, "[e]xperience appears to show that preliminary determination is the normal practice of most district judges." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1373 (3d ed. April 2022 update).

The State Defendants' motions identify important threshold deficiencies in plaintiffs' claims. Among other issues, many of plaintiffs' claims fail because they are barred by sovereign immunity or, relatedly, because the challenged provision does actually injure the plaintiff at issue, meaning that the plaintiff lacks standing to assert the relevant claim. *E.g.*, ECF 243 at 2–9; ECF 255 at 1–21. Resolution of the State Defendants' motions would greatly streamline the issues to be presented at trial. Indeed, across the consolidated cases, there are dozens of plaintiffs, many of whom challenge dozens of the provisions of Senate Bill 1. Determining specifically which plaintiffs are entitled to challenge which

portions of SB1 would both aid in the efficient trial of any remaining claims and greatly conserve judicial resources. Indeed, Rule 12(i) directly contemplates the preliminary resolution of "jurisdictional as well as other threshold issues" such as these. *Kregler*, 608 F. Supp. 2d at 475.

Nor are sovereign immunity and standing the only issues requiring resolution. In the motions to dismiss, the State Defendants also explained that plaintiffs improperly purport to assert disability claims on behalf of a broad swatch of different disabled individuals—all without naming the disabled individuals as plaintiffs, or even identifying who they are in their pleadings. *E.g.*, ECF 239 at 18–22; ECF 240 at 13–19. In addition, the State Defendants clarified that the United States lacks authority to bring its claim at all. *See* ECF 145 at 2–3, 7–10. And even supposing it did, its claims would fail on the merits. *See id.* at 10–16. For these and other reasons, many of plaintiffs' claims should be dismissed.

As such, and consistent with the interests incorporated by Rule 12(i), the State Defendants respectfully request that the Court set their motions to dismiss for hearing and decide the issues they present as soon as practicable.

Date: April 27, 2022

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410

Respectfully submitted.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
patrick.sweeten@oag.texas.gov
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
will.thompson@oag.texas.gov
Tex. State Bar No. 24088531

JACK B. DISORBO
Assistant Attorney General, Special Litigation Unit
jack.disorbo@oag.texas.gov
Tex. State Bar No. 24120804

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

I certify that counsel for the State Defendants conferred with counsel for each of the parties regarding this motion. The Intervenor-Defendants agree to the relief sought here. The LUPE and HAUL plaintiffs oppose. The other parties failed to respond to the request for conference.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on April 27, 2022, and that all counsel of record were served by CM/ECF.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN