IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § § § | |
| Plaintiffs, | § § | 5:21-CV-0844-XR |
| v. | § § | |
| GREGORY W. ABBOTT, et al., | § § | |
| Defendants. | § | |

## ORDER

On this date, the Court considered the State Defendants' motion for a protective order and motion to quash the deposition of Texas Secretary of State John B. Scott (ECF No. 334), the United States of America's response (ECF No. 345), and the State Defendants' reply (ECF No. 349). For the reasons discussed more fully below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

On March 14, 2022, the United States served Texas Secretary of State John B. Scott, a defendant in this action, with a deposition notice. ECF No. 334 at 1. In response, the State Defendants filed the instant discovery motion, asking the Court for a protective order from the deposition notice or, in the alternative, for an order quashing the deposition notice. *Id.* Because the State Defendants' discovery motion relied, in part, on arguments presented in its pending motion to dismiss, *see* ECF No. 145, the Court issued an order staying the deposition pending resolution of the instant discovery motion and the State Defendants' motion to dismiss the claims brought by the United States, ECF No. 337.

On March 29, 2022, the United States filed a response. ECF No. 345. Therein, the United States conceded that "further discovery is needed to determine" if the information sought from a

1

deposition of Texas Secretary of State John B. Scott "is unobtainable from other sources." *Id.* at 6. In particular, it appears that, since noticing the deposition of the Texas Secretary of State, the United States intended to "depose the Office of the Texas Secretary of State, Elections Division Director Keith Ingram, and Elections Division Legal Director Christina Adkins—which will help determine the extent to which Secretary Scott's deposition is necessary[.]"[1] *Id.* at 5.

The parties do not dispute that the apex doctrine applies.[2] Under the apex doctrine, "exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted. Top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995) (internal quotations and citations omitted). "In determining whether exceptional circumstances exist, a court must consider (1) 'the high-ranking status of the deponents,' (2) 'the potential burden that the depositions would impose upon them,' and (3) 'the substantive reasons for taking the depositions.'" *In re Bryant*, 745 F. App'x 215, 220 (5th Cir. 2018) (quoting *In re FDIC*, 58 F.3d at 1060–62). Critically, "the United States Court of Appeals for the Fifth Circuit has recognized the need for first utilizing less-intrusive means before taking such a deposition[.]" *Gaedeke Holdings VII, Ltd. v. Mills*, No. 3:15-MC-36-D-BN, 2015 WL 3539658, at *3 (N.D. Tex. June 5, 2015) (citing *Salter v. Upjohn Co.*, 592 F.2d 649 (5th Cir. 1979)). It is clear that the United States, at the time it noticed the deposition of Texas Secretary of State John B. Scott, had not pursued less-intrusive means.

---

[1] The United States submits that, at the time, these depositions could not move forward because they had not received relevant documents. ECF No. 345 at 5. This issue is not before the Court.

[2] Indeed, the United States submits that it "does not contest the assertion that Secretary Scott is a high-ranking official." ECF No. 345 at 6 n.2.

Accordingly, the State Defendants' motion for a protective order and motion to quash the deposition of Texas Secretary of State John B. Scott (ECF No. 334) is hereby **GRANTED IN PART** and **DENIED IN PART**. The deposition of Texas Secretary of State John B. Scott is **STAYED** until such time as the United States completes the depositions of Keith Ingram, Christina Adkins, and the 30(b)(6) deposition of the Office of the Texas Secretary of State. If, after those depositions are completed, the United States contends that Secretary Scott's deposition is necessary, the United States may file a motion to lift the stay and compel Secretary Scott's deposition. Such a motion should address how, in light of the completed depositions, Secretary Scott has "first-hand knowledge related to the claims being litigated that is unobtainable from other sources." *See In re Bryant*, 745 F. App'x at 218 n.2. It must also address whether exceptional circumstances exist that merit Secretary Scott's deposition. *See id.*

It is so **ORDERED**.

**SIGNED** this May 2, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE