**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | |
| *Plaintiffs,* | 5:21-cv-844-XR |
| v. | |
| GREGORY W. ABBOTT, et al., | |
| *Defendants.* | |
| | |
| LULAC TEXAS, et al., | |
| *Plaintiffs,* | 1:21-cv-0786-XR |
| v. | |
| JOHN SCOTT, et al., | |
| *Defendants.* | |

## APPENDIX TO LULAC PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM TEXAS LAWMAKERS

## Contents

1. **Exhibit A** – December 20, 2021 Subpoena (Sen. Bettencourt) .....................................App001

2. **Exhibit B** – December 20, 2021 Subpoena (Rep. Cain) .................................................App019

3. **Exhibit C** – December 20, 2021 Subpoena (Sen. Hughes) ...........................................App037

4. **Exhibit D** - December 20, 2021 Subpoena (Rep. Murr) ...............................................App055

5. **Exhibit E** – January 1, 2022 Letter from Eric A. Hudson ...........................................App073

6. **Exhibit F** – January 7, 2022 Letter from Haley A. Costello .......................................App077

7. **Exhibit G** – January 20, 2022 to February 22, 2022 Email Correspondence ...............App083

8. **Exhibit H** – February 22, 2022 Letter from Haley A. Costello ....................................App089

9. **Exhibit I** – January 20, 2022 Objections and Responses Served by Lawmakers ..........App093

10. **Exhibit J** – March 14, 2022 Privilege Log.................................................................App158

11. **Exhibit K** – April 20, 2022 to May 2, 2022 Email Correspondence ............................App225

12. **Exhibit L** – January 20, 2022 to March 25, 2022 Email Correspondence....................App232

13. **Table A** – Improper Legislative Privilege Claims .........................................................App244

14. **Table B** – Waived Legislative Privilege Claims ...........................................................App260

15. **Table C** – Improper Attorney-Client Privilege and Work Product Doctrine Claims.....App277

16. **Table D** – Improper Investigative Privilege Claims.......................................................App283

Dated: May 3, 2022

Respectfully submitted,

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Christopher D. Dodge*
Haley K. Costello Essig*
Noah B. Baron*
Graham W. White*
Marcos Mocine-McQueen*
Michael B. Jones*
**ELIAS LAW GROUP LLP**

10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
unkwonta@elias.law
cdodge@eliaw.law
hessig@elias.law
nbaron@elias.law
gwhite@elias.law
mmcqueen@elias.law
mjones@elias.law

*Counsel for Plaintiffs*

*Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

On May 3, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Christopher D. Dodge*
Christopher D. Dodge

# EXHIBIT A

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
|  | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.

(If the action is pending in another district, state where:

_____ District of _____ )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

❑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**App002**

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**App003**

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**App004**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | |
| *Plaintiffs*, | |
| v. | 5:21-cv-844-XR |
| THE STATE OF TEXAS, | |
| *Defendants.* | |
| OCA-GREATER HOUSTON, et al., | |
| *Plaintiffs*, | |
| v. | 1:21-cv-0780-XR |
| JOHN SCOTT, | |
| *Defendants.* | |
| HOUSTON JUSTICE, et al., | |
| *Plaintiffs*, | |
| v. | 5:21-cv-0848-XR |
| GREG ABBOTT, et al., | |
| *Defendants.* | |
| LULAC TEXAS, et al., | |
| *Plaintiffs*, | |
| v. | 1:21-cv-0786-XR |
| JOHN SCOTT, et al., | |
| *Defendants.* | |
| MI FAMILIA VOTA, et al., | |
| *Plaintiffs*, | |
| v. | 5 :21-cv-0920-XR |
| GREG ABBOTT, et al., | |
| *Defendants.* | |

**App005**

## EXHIBIT A

For a statement of your obligations in producing documents under this subpoena, see Rules 45(d), (e) and (f) of the Federal Rules of Civil Procedure, which appear on the final page of the subpoena. Documents should be produced within thirty (30) days of receiving this subpoena. Responses to these Requests are to be produced to Graham White within 30 days of receipt. To arrange for electronic production, please contact Mr. White at gwhite@elias.law. Anything that cannot be produced electronically should be produced to Mr. White at Elias Law Group LLP, 10 G Street NE, Suite 600, Washington, D.C. 20002.

Each Request is subject to the Definitions and Instructions listed below.

### DEFINITIONS

Except as specifically defined below, the terms used in this request shall be construed and defined in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Western District of Texas, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1.  "Any" or "all" mean "any and all."

2.  "Communication" is synonymous in meaning and scope to the term "communication" as used in Local Rule 26, and includes any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfers of information via email, report, letter, text message, voicemail message, written memorandum, note, summary, and other means.

3.  "Date" means the exact day, month, and year, if ascertainably, or, if not, the best available approximation (including relationship to other events).

4.  "Demographics" means statistical data relating to the population or groups within it and, as used herein, expressly includes but is not limited to race, ethnicity, age, and gender.

2

**App006**

5.      "Document" is synonymous in meaning and scope to the term "document" as used in Federal Rule of Civil Procedure 34 and Local Rule 26 and includes, but is not limited to, records, reports, lists, data, statistics, summaries, analyses, communications (as defined above), computer discs, tapes, printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

6.      "HB 3" means the legislation designated as House Bill 3, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th First Called Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

7.      "HB 6" means the legislation designated as House Bill 6, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th Regular Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

8.      "Including" means including, but not limited to.

9.      "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trust groups, and organizations; federal, state, and local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

**App007**

10.     "SB 1" means the legislation designated as Senate Bill 1 that was enacted during the 2021 Second Called Session of the Texas Legislature and signed by the Governor of Texas on September 7, 2021.

11.     "SB 7" means the legislation designated as Senate Bill 7, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th Regular Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

12.     "Voter" means any registered voter in Texas and all persons who may properly register to vote in Texas by the close of discovery in this case.

13.     "You" and "your" means State Senator Paul Bettencourt, and his office, including its employees, staff, agents, and representatives.

## INSTRUCTIONS

14.     You shall produce materials and serve responses and any objections within 30 days after service of these Requests for Production.

15.     If you object to any part of a request, set forth the basis of your objection and respond to all parts of the request to which you do not object. Any ground not stated in a timely objection is waived.

16.     If, in responding to these Requests for Production, you encounter any ambiguities when construing a request or definition, set forth the matter deemed ambiguous and the construction used in responding.

17.     Regarding any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Federal Rule of Civil Procedure 26(b)(5), including a

description of the basis of the claimed privilege and all information necessary for Plaintiff to assess the claim of privilege.

18.     Produce all documents available to you or subject to your access or control that are responsive to the following document production topics. This includes documents in your actual or constructive possession or control and in the actual or constructive possession or control of your attorneys, investigators, experts, and anyone else acting on your behalf.

19.     Documents are to be produced as they are kept in the ordinary course of business. Accordingly, documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to this subpoena should be produced intact with the documents; and documents attached to each other should not be separated.

20.     All documents are to be produced in electronic form. All documents including emails, should be produced in single page TIFF format, showing comments and track changes where applicable, with text extract and load files containing standard fielded information and metadata. TIFF images shall be placed in an Images folder with any given subfolder not to exceed 5,000 images per folder and accompanied by an .opt placed in a Data folder. Each page of a document should be assigned a unique production number (aka Bates number) electronically "burned" onto the image at allocation that does not unreasonably conceal or interfere with information on the document. The number should be consistent across the production, contain no special characters, and be numerically sequential within a given document. Attachments to documents should be assigned numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached. If a number or set of numbers is skipped, the skipped number or set of numbers should be noted, for example with a placeholder.

**App009**

21.    Each request and subparagraph thereof is to be answered separately.  To the extent that you do not have any documents reflecting the information requested herein, and/or any means of recording the information requested herein, please so indicate in your response to the specific production request.

22.    Each document produced should be categorized by the number of the document request in response to which it is produced.

23.    If any otherwise responsive document was, but is no longer, in existence or in your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all persons having knowledge or who had knowledge of the document, and also describe in full the circumstances surrounding its disposition from your possession or control.

24.    If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such documents as are available to you without undertaking what you contend to be an unreasonable request; (b) describe with particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unreasonable.

25.    The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

26.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a document production topic all responses that otherwise might be construed to be outside its scope.

**App010**

27.     A reference to an entity in this request shall be construed to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, and anyone acting on its behalf.

28.     The document production topics apply to the period from 2016 through the present, unless otherwise limited or expanded by a particular topic description.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with the following methods of voting during the period from 2020 to present:

(a) Drop-box voting;

(b) Drive-thru voting;

(c) 24-hour voting;

(d) Straight-ticket voting;

(e) Vote-by-mail;

(f) Early voting.

**REQUEST FOR PRODUCTION NO. 2.** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with voter assistance, including transportation assistance, during the period from 2020 to present.

**REQUEST FOR PRODUCTION NO. 3.** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with the ability (or lack thereof) of poll watchers to move and observe the election process in a voting or vote-counting location during the period from 2020 to present.

**App011**

**REQUEST FOR PRODUCTION NO. 4.** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with "vote harvesting services," as defined in SB 1, during the period from 2020 to present.

**REQUEST FOR PRODUCTION NO. 5.** All documents and communications discussing illegal voting, election fraud, or other criminal conduct in the following counties:

(a) Harris County

(b) Bee County

(c) Dallas County

(d) Tarrant County

(e) Bexar County

(f) Travis County

(g) Collin County

(h) El Paso County

(i) Tom Green County

**REQUEST FOR PRODUCTION NO. 6.** All documents and communications related to voting practices, election administration, or voter turnout in the following counties:

(a) Harris County

(b) Bee County

(c) Dallas County

(d) Tarrant County

(e) Bexar County

(f) Travis County

(g) Collin County

**App012**

(h) El Paso County

(i)  Tom Green County

**REQUEST FOR PRODUCTION NO. 7.** All documents and communications related to the anticipated or potential effect of SB 1, SB 7, HB 3, or HB 6, on the residents of the following counties:

(a) Harris County

(b) Bee County

(c) Dallas County

(d) Tarrant County

(e) Bexar County

(f) Travis County

(g) Collin County

(h) El Paso County

(i)  Tom Green County

**REQUEST FOR PRODUCTION NO. 8.** All documents and communications related to the anticipated or potential effect of SB 1, SB 7, HB 3, or HB 6, including the effect on voter turnout and wait times at polling places, by racial or ethnic minorities, partisan affiliation, disabled persons, and persons with limited English proficiency.

**REQUEST FOR PRODUCTION NO. 9.** All documents and communications relied on to draft SB 1, SB 7, HB 3, or HB 6.

**REQUEST FOR PRODUCTION NO. 10.** All documents and communications with the following third-party organizations, including any of their affiliates or subsidiaries, regarding SB 1, SB 7, HB 3, or HB 6, including communications regarding the impacts or potential impacts of

SB 1, SB 7, HB 3, or HB 6 on racial or ethnic minorities and disabled voters, and on voters by party affiliation:

(a) The Heritage Foundation

(b) The Texas Public Policy Foundation

(c) The American Legislative Exchange Council

(d) The State Policy Network

(e) Honest Elections Project

(f) Public Interest Legal Foundation

(g) American Civil Rights Union

(h) True the Vote

(i) Judicial Watch

(j) Project Veritas

(k) The Republican National Committee

(l) The Republican Party of Texas

Dated: December 14, 2021.

Respectfully submitted,

*/s/ Sean Morales-Doyle*
Sean Morales-Doyle (NY Bar No. 5646641)
Eliza Sweren-Becker* (NY Bar No. 5424403)
Patrick A. Berry* (NY Bar No. 5723135)
Andrew B. Garber* (NY Bar No. 5684147)
Jasleen K. Singh* (Cal. Bar No. 316596)
**BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: (646) 292-8310
Facsimile: (212) 463-7308
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu

*/s/ Uzoma N. Nkwonta___*
Uzoma N. Nkwonta*
Kathryn E. Yukevich*
Graham W. White*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
unkwonta@elias.law
kyukevich@elias.law
gwhite@elias.law

10

**App014**

patrick.berry@nyu.edu
andrew.garber@nyu.edu
jasleen.singh@nyu.edu

Paul R. Genender (Tex. Bar No. 00790758)
Elizabeth Y. Ryan (Tex. Bar No. 24067758)
Matthew Berde* (Tex. Bar No. 24094379)
Megan Cloud** (Tex. Bar No. 24116207)
**WEIL, GOTSHAL & MANGES LLP**
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
Paul.Genender@weil.com
Liz.Ryan@weil.com
Matt.Berde@weil.com
Megan.Cloud@weil.com

Alexander P. Cohen* (Tex. Bar No.
24109739)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8020
Facsimile: (212) 310-8007
Alexander.Cohen@weil.com

*Attorneys for Plaintiffs Friendship-West
Baptist Church; Anti-Defamation League
Austin, Southwest, And Texoma Regions;
Texas Impact; James Lewin*

REED SMITH LLP, NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC., THE ARC OF THE
UNITED STATES, INC.

/s/ Kenneth E. Broughton
Texas Bar No. 03087250
kbroughton@reedsmith.com

Lora Spencer
Texas Bar No. 24085597
lspencer@reedsmith.com

J. Keely Dulaney*
Texas Bar No. 24116306

*Counsel for Plaintiffs LULAC Texas, Voto
Latino, Texas Alliance for Retired Americans,
and Texas AFT*

*Admitted *Pro Hac Vice*

/s/ Nina Perales
Nina Perales (Tex. Bar No. 24005046)
Julia R. Longoria (Tex. Bar No. 24070166)
**MEXICAN AMERICAN LEGAL DEFENSE AND
EDUCATIONAL FUND**
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210) 224-5382
nperales@maldef.org
jlongoria@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Breanna Williams***
Jonathan Bash***
**FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP**
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
breanna.williams@friedfrank.com
jonathan.bash@friedfrank.com

Christopher Bell*
**FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP**
801 17th Street, NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
christopher.bell@friedfrank.com

*Attorneys for Plaintiffs La Unión Del Pueblo Entero;*

11

kdulaney@reedsmith.com

Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

Sarah M. Cummings
Texas Bar No. 24094609
Reed Smith LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
scummings@reedsmith.com

Kathryn Sadasivan*
Amir Badat*
NAACP Legal Defense and Educational
Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592
ksadasivan@naacpldf.org
abadat@naacpldf.org

Jennifer A. Holmes*
Georgina Yeomans*
NAACP Legal Defense and Educational
Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 682-1300
Facsimile: (202) 682-1312
jholmes@naacpldf.org
gyeomans@naacpldf.org

Shira Wakschlag*
The Arc of the United States, Inc.
1825 K Street NW, Suite 1200
Washington, DC 20006
Telephone: (202) 534-3708
Facsimile: (202) 534-3731
Wakschlag@thearc.org

*Southwest Voter Registration Education Project; Mexican
American Bar Association of Texas;
Texas Hispanics Organized for Political Education;
Jolt Action; William C. Velasquez Institute; Fiel Houston Inc.*

/s/ Marc T. Rasich
Sean Lyons
State Bar No. 00792280
Sean@lyonsandlyons.com
Clem Lyons
State Bar No. 12742000
Clem@lyonsandlyons.com

Wendy J. Olson (Pro hac vice)
Laura E. Rosenbaum (Pro hac vice)
Marc Rasich (Pro hac vice)
Elijah Watkins (Pro hac vice)
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205

Courtney Hostetler (Pro hac vice)
Ron Fein (Pro hac vice)
John Bonifaz (Pro hac vice)
Ben Clements (Pro hac vice)
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
chostetler@freespeechforpeople.org
rfein@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org

*Attorneys for Plaintiffs Mi Familia Vota, Marla
Lopez, Marlon Lopez, Paul Rutledge*

Mimi M.D. Marziani
Texas Bar No. 24091906
Ryan V. Cox
Texas Bar No. 24074087
Hani Mirza
Texas Bar No. 24083512
**TEXAS CIVIL RIGHTS PROJECT**
1405 Montopolis Drive
Austin, TX 78741

12

\* Admitted Pro Hac Vice

*Counsel for Plaintiffs Houston Justice;
Houston Area Urban League; Delta Sigma
Theta Sorority, Inc.; The Arc of Texas; and
Jeffrey Lamar Clemmons*

512-474-5073 (Telephone)
512-474-0726 (Facsimile)
mimi@texascivilrightsproject.org
ryan@texascivilrightsproject.org
hani@texascivilrightsproject.org

Thomas Buser-Clancy
Texas Bar No. 24078344
Savannah Kumar
Texas Bar No. 24120098
Andre Segura
Texas Bar No. 24107112
**ACLU FOUNDATION OF TEXAS, INC.**
5225 Katy Freeway, Suite 350
Houston, TX 77007
Telephone: (713) 942-8146
Fax: (915) 642-6752
tbuser-clancy@aclutx.org
skumar@aclutx.org
asegura@aclutx.org

Adriel I. Cepeda Derieux\*
Ari Savitzky\*
Sophia Lin Lakin\*
Samantha Osaki\*
**AMERICAN CIVIL LIBERTIES UNION
FOUNDATION**
125 Broad St., 18th Floor
New York, NY 10004
(212) 284-7334
acepedaderieux@aclu.org
asavizky@aclu.org
slakin@aclu.org
sosaki@aclu.org

Susan Mizner\*
**AMERICAN CIVIL LIBERTIES UNION
FOUNDATION**
39 Drumm St.
San Francisco, CA 94111
(415) 343-0781 (phone)
smizner@aclu.org

Lia Sifuentes Davis
Texas State Bar No. 24071411
Lucia Romano

13

Texas State Bar No. 24033013
**DISABILITY RIGHTS TEXAS**
2222 West Braker Lane
Austin, Texas 78758-1024
(512) 454-4816 (phone)
(512) 454-3999 (fax)
ldavis@drtx.org
lromano@drtx.org

Jerry Vattamala*
Susana Lorenzo-Giguere*
**ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND**
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932 (phone)
(212) 966 4303 (fax)
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org

Jessica Ring Amunson*
Urja Mittal*
**JENNER & BLOCK LLP**
1099 New York Ave. NW, Suite 900
Washington, DC 20001
(202) 639-6000
jamunson@jenner.com
umittal@jenner.com

***COUNSEL FOR THE OCA-HG PLAINTIFF GROUP***

*admitted *pro hac vice*

**App018**

# EXHIBIT B

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ <br> *Plaintiff* | ) <br> ) <br> ) | Civil Action No. |
| v. | ) | |
| _____ <br> *Defendant* | ) <br> ) <br> ) | (If the action is pending in another district, state where: <br> _____ District of _____        ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**App021**

**Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)**

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | |
| *Plaintiffs,* | |
| v. | 5:21-cv-844-XR |
| THE STATE OF TEXAS, | |
| *Defendants.* | |
| OCA-GREATER HOUSTON, et al., | |
| *Plaintiffs,* | |
| v. | 1:21-cv-0780-XR |
| JOHN SCOTT, | |
| *Defendants.* | |
| HOUSTON JUSTICE, et al., | |
| *Plaintiffs,* | |
| v. | 5:21-cv-0848-XR |
| GREG ABBOTT, et al., | |
| *Defendants.* | |
| LULAC TEXAS, et al., | |
| *Plaintiffs,* | |
| v. | 1:21-cv-0786-XR |
| JOHN SCOTT, et al., | |
| *Defendants.* | |
| MI FAMILIA VOTA, et al., | |
| *Plaintiffs,* | |
| v. | 5 :21-cv-0920-XR |
| GREG ABBOTT, et al., | |
| *Defendants.* | |

## EXHIBIT A

For a statement of your obligations in producing documents under this subpoena, see Rules 45(d), (e) and (f) of the Federal Rules of Civil Procedure, which appear on the final page of the subpoena. Documents should be produced within thirty (30) days of receiving this subpoena. Responses to these Requests are to be produced to Graham White within 30 days of receipt. To arrange for electronic production, please contact Mr. White at gwhite@elias.law. Anything that cannot be produced electronically should be produced to Mr. White at Elias Law Group LLP, 10 G Street NE, Suite 600, Washington, D.C. 20002.

Each Request is subject to the Definitions and Instructions listed below.

## DEFINITIONS

Except as specifically defined below, the terms used in this request shall be construed and defined in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Western District of Texas, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "Any" or "all" mean "any and all."

2. "Communication" is synonymous in meaning and scope to the term "communication" as used in Local Rule 26, and includes any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfers of information via email, report, letter, text message, voicemail message, written memorandum, note, summary, and other means.

3. "Date" means the exact day, month, and year, if ascertainably, or, if not, the best available approximation (including relationship to other events).

4. "Demographics" means statistical data relating to the population or groups within it and, as used herein, expressly includes but is not limited to race, ethnicity, age, and gender.

2

**App024**

5.      "Document" is synonymous in meaning and scope to the term "document" as used in Federal Rule of Civil Procedure 34 and Local Rule 26 and includes, but is not limited to, records, reports, lists, data, statistics, summaries, analyses, communications (as defined above), computer discs, tapes, printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

6.      "HB 3" means the legislation designated as House Bill 3, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th First Called Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

7.      "HB 6" means the legislation designated as House Bill 6, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th Regular Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

8.      "Including" means including, but not limited to.

9.      "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trust groups, and organizations; federal, state, and local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

**App025**

10. "SB 1" means the legislation designated as Senate Bill 1 that was enacted during the 2021 Second Called Session of the Texas Legislature and signed by the Governor of Texas on September 7, 2021.

11. "SB 7" means the legislation designated as Senate Bill 7, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th Regular Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

12. "Voter" means any registered voter in Texas and all persons who may properly register to vote in Texas by the close of discovery in this case.

13. "You" and "your" means State Representative Briscoe Cain, and his office, including its employees, staff, agents, and representatives.

### INSTRUCTIONS

14. You shall produce materials and serve responses and any objections within 30 days after service of these Requests for Production.

15. If you object to any part of a request, set forth the basis of your objection and respond to all parts of the request to which you do not object. Any ground not stated in a timely objection is waived.

16. If, in responding to these Requests for Production, you encounter any ambiguities when construing a request or definition, set forth the matter deemed ambiguous and the construction used in responding.

17. Regarding any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Federal Rule of Civil Procedure 26(b)(5), including a

4

**App026**

description of the basis of the claimed privilege and all information necessary for Plaintiff to assess the claim of privilege.

18.     Produce all documents available to you or subject to your access or control that are responsive to the following document production topics. This includes documents in your actual or constructive possession or control and in the actual or constructive possession or control of your attorneys, investigators, experts, and anyone else acting on your behalf.

19.     Documents are to be produced as they are kept in the ordinary course of business. Accordingly, documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to this subpoena should be produced intact with the documents; and documents attached to each other should not be separated.

20.     All documents are to be produced in electronic form. All documents including emails, should be produced in single page TIFF format, showing comments and track changes where applicable, with text extract and load files containing standard fielded information and metadata. TIFF images shall be placed in an Images folder with any given subfolder not to exceed 5,000 images per folder and accompanied by an .opt placed in a Data folder. Each page of a document should be assigned a unique production number (aka Bates number) electronically "burned" onto the image at allocation that does not unreasonably conceal or interfere with information on the document. The number should be consistent across the production, contain no special characters, and be numerically sequential within a given document. Attachments to documents should be assigned numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached. If a number or set of numbers is skipped, the skipped number or set of numbers should be noted, for example with a placeholder.

**App027**

21.     Each request and subparagraph thereof is to be answered separately.  To the extent that you do not have any documents reflecting the information requested herein, and/or any means of recording the information requested herein, please so indicate in your response to the specific production request.

22.     Each document produced should be categorized by the number of the document request in response to which it is produced.

23.     If any otherwise responsive document was, but is no longer, in existence or in your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all persons having knowledge or who had knowledge of the document, and also describe in full the circumstances surrounding its disposition from your possession or control.

24.     If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such documents as are available to you without undertaking what you contend to be an unreasonable request; (b) describe with particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unreasonable.

25.     The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

26.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a document production topic all responses that otherwise might be construed to be outside its scope.

App028

27.     A reference to an entity in this request shall be construed to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, and anyone acting on its behalf.

28.     The document production topics apply to the period from 2016 through the present, unless otherwise limited or expanded by a particular topic description.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with the following methods of voting during the period from 2020 to present:

(a) Drop-box voting;

(b) Drive-thru voting;

(c) 24-hour voting;

(d) Straight-ticket voting;

(e) Vote-by-mail;

(f) Early voting.

**REQUEST FOR PRODUCTION NO. 2.** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with voter assistance, including transportation assistance, during the period from 2020 to present.

**REQUEST FOR PRODUCTION NO. 3.** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with the ability (or lack thereof) of poll watchers to move and observe the election process in a voting or vote-counting location during the period from 2020 to present.

**App029**

**REQUEST FOR PRODUCTION NO. 4.** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with "vote harvesting services," as defined in SB 1, during the period from 2020 to present.

**REQUEST FOR PRODUCTION NO. 5.** All documents and communications discussing illegal voting, election fraud, or other criminal conduct in the following counties:

(a) Harris County

(b) Bee County

(c) Dallas County

(d) Tarrant County

(e) Bexar County

(f) Travis County

(g) Collin County

(h) El Paso County

(i) Tom Green County

**REQUEST FOR PRODUCTION NO. 6.** All documents and communications related to voting practices, election administration, or voter turnout in the following counties:

(a) Harris County

(b) Bee County

(c) Dallas County

(d) Tarrant County

(e) Bexar County

(f) Travis County

(g) Collin County

8

(h) El Paso County

(i)  Tom Green County

**REQUEST FOR PRODUCTION NO. 7.** All documents and communications related to the anticipated or potential effect of SB 1, SB 7, HB 3, or HB 6, on the residents of the following counties:

(a) Harris County

(b) Bee County

(c) Dallas County

(d) Tarrant County

(e) Bexar County

(f) Travis County

(g) Collin County

(h) El Paso County

(i)  Tom Green County

**REQUEST FOR PRODUCTION NO. 8.** All documents and communications related to the anticipated or potential effect of SB 1, SB 7, HB 3, or HB 6, including the effect on voter turnout and wait times at polling places, by racial or ethnic minorities, partisan affiliation, disabled persons, and persons with limited English proficiency.

**REQUEST FOR PRODUCTION NO. 9.** All documents and communications relied on to draft SB 1, SB 7, HB 3, or HB 6.

**REQUEST FOR PRODUCTION NO. 10.** All documents and communications with the following third-party organizations, including any of their affiliates or subsidiaries, regarding SB 1, SB 7, HB 3, or HB 6, including communications regarding the impacts or potential impacts of

9

SB 1, SB 7, HB 3, or HB 6 on racial or ethnic minorities and disabled voters, and on voters by party affiliation:

(a)  The Heritage Foundation

(b)  The Texas Public Policy Foundation

(c)  The American Legislative Exchange Council

(d)  The State Policy Network

(e)  Honest Elections Project

(f)  Public Interest Legal Foundation

(g)  American Civil Rights Union

(h)  True the Vote

(i)  Judicial Watch

(j)  Project Veritas

(k)  The Republican National Committee

(l)  The Republican Party of Texas

Dated: December 14, 2021.                    Respectfully submitted,

*/s/ Sean Morales-Doyle*                         */s/ Uzoma N. Nkwonta___*
Sean Morales-Doyle (NY Bar No. 5646641)          Uzoma N. Nkwonta*
Eliza Sweren-Becker* (NY Bar No. 5424403)        Kathryn E. Yukevich*
Patrick A. Berry* (NY Bar No. 5723135)           Graham W. White*
Andrew B. Garber* (NY Bar No. 5684147)           **ELIAS LAW GROUP LLP**
Jasleen K. Singh* (Cal. Bar No. 316596)          10 G Street NE, Suite 600
**BRENNAN CENTER FOR JUSTICE AT**                Washington, D.C. 20002
**NYU SCHOOL OF LAW**                            Telephone: (202) 968-4490
120 Broadway, Suite 1750                         unkwonta@elias.law
New York, NY 10271                               kyukevich@elias.law
Telephone: (646) 292-8310                        gwhite@elias.law
Facsimile: (212) 463-7308
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu

**App032**

patrick.berry@nyu.edu
andrew.garber@nyu.edu
jasleen.singh@nyu.edu

Paul R. Genender (Tex. Bar No. 00790758)
Elizabeth Y. Ryan (Tex. Bar No. 24067758)
Matthew Berde* (Tex. Bar No. 24094379)
Megan Cloud** (Tex. Bar No. 24116207)
**WEIL, GOTSHAL & MANGES LLP**
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
Paul.Genender@weil.com
Liz.Ryan@weil.com
Matt.Berde@weil.com
Megan.Cloud@weil.com

Alexander P. Cohen* (Tex. Bar No.
24109739)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8020
Facsimile: (212) 310-8007
Alexander.Cohen@weil.com

*Attorneys for Plaintiffs Friendship-West
Baptist Church; Anti-Defamation League
Austin, Southwest, And Texoma Regions;
Texas Impact; James Lewin*

REED SMITH LLP, NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC., THE ARC OF THE
UNITED STATES, INC.

/s/ Kenneth E. Broughton
Texas Bar No. 03087250
kbroughton@reedsmith.com

Lora Spencer
Texas Bar No. 24085597
lspencer@reedsmith.com

J. Keely Dulaney*
Texas Bar No. 24116306

*Counsel for Plaintiffs LULAC Texas, Voto
Latino, Texas Alliance for Retired Americans,
and Texas AFT*

*Admitted Pro Hac Vice

/s/ Nina Perales
Nina Perales (Tex. Bar No. 24005046)
Julia R. Longoria (Tex. Bar No. 24070166)
**MEXICAN AMERICAN LEGAL DEFENSE AND
EDUCATIONAL FUND**
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210) 224-5382
nperales@maldef.org
jlongoria@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Breanna Williams***
Jonathan Bash***
**FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP**
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
breanna.williams@friedfrank.com
jonathan.bash@friedfrank.com

Christopher Bell*
**FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP**
801 17th Street, NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
christopher.bell@friedfrank.com

*Attorneys for Plaintiffs La Unión Del Pueblo Entero;*

kdulaney@reedsmith.com

Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

Sarah M. Cummings
Texas Bar No. 24094609
Reed Smith LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
scummings@reedsmith.com

Kathryn Sadasivan*
Amir Badat*
NAACP Legal Defense and Educational
Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592
ksadasivan@naacpldf.org
abadat@naacpldf.org

Jennifer A. Holmes*
Georgina Yeomans*
NAACP Legal Defense and Educational
Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 682-1300
Facsimile: (202) 682-1312
jholmes@naacpldf.org
gyeomans@naacpldf.org

Shira Wakschlag*
The Arc of the United States, Inc.
1825 K Street NW, Suite 1200
Washington, DC 20006
Telephone: (202) 534-3708
Facsimile: (202) 534-3731
Wakschlag@thearc.org

*Southwest Voter Registration Education Project; Mexican
American Bar Association of Texas;
Texas Hispanics Organized for Political Education;
Jolt Action; William C. Velasquez Institute; Fiel Houston Inc.*

/s/ Marc T. Rasich
Sean Lyons
State Bar No. 00792280
Sean@lyonsandlyons.com
Clem Lyons
State Bar No. 12742000
Clem@lyonsandlyons.com

Wendy J. Olson (Pro hac vice)
Laura E. Rosenbaum (Pro hac vice)
Marc Rasich (Pro hac vice)
Elijah Watkins (Pro hac vice)
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205

Courtney Hostetler (Pro hac vice)
Ron Fein (Pro hac vice)
John Bonifaz (Pro hac vice)
Ben Clements (Pro hac vice)
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
chostetler@freespeechforpeople.org
rfein@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org

*Attorneys for Plaintiffs Mi Familia Vota, Marla
Lopez, Marlon Lopez, Paul Rutledge*

Mimi M.D. Marziani
Texas Bar No. 24091906
Ryan V. Cox
Texas Bar No. 24074087
Hani Mirza
Texas Bar No. 24083512
**TEXAS CIVIL RIGHTS PROJECT**
1405 Montopolis Drive
Austin, TX 78741

\* Admitted Pro Hac Vice

*Counsel for Plaintiffs Houston Justice; Houston Area Urban League; Delta Sigma Theta Sorority, Inc.; The Arc of Texas; and Jeffrey Lamar Clemmons*

512-474-5073 (Telephone)
512-474-0726 (Facsimile)
mimi@texascivilrightsproject.org
ryan@texascivilrightsproject.org
hani@texascivilrightsproject.org

Thomas Buser-Clancy
Texas Bar No. 24078344
Savannah Kumar
Texas Bar No. 24120098
Andre Segura
Texas Bar No. 24107112
**ACLU FOUNDATION OF TEXAS, INC.**
5225 Katy Freeway, Suite 350
Houston, TX 77007
Telephone: (713) 942-8146
Fax: (915) 642-6752
tbuser-clancy@aclutx.org
skumar@aclutx.org
asegura@aclutx.org

Adriel I. Cepeda Derieux\*
Ari Savitzky\*
Sophia Lin Lakin\*
Samantha Osaki\*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad St., 18th Floor
New York, NY 10004
(212) 284-7334
acepedaderieux@aclu.org
asavizky@aclu.org
slakin@aclu.org
sosaki@aclu.org

Susan Mizner\*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
39 Drumm St.
San Francisco, CA 94111
(415) 343-0781 (phone)
smizner@aclu.org

Lia Sifuentes Davis
Texas State Bar No. 24071411
Lucia Romano

13

**App035**

Texas State Bar No. 24033013
**DISABILITY RIGHTS TEXAS**
2222 West Braker Lane
Austin, Texas 78758-1024
(512) 454-4816 (phone)
(512) 454-3999 (fax)
ldavis@drtx.org
lromano@drtx.org

Jerry Vattamala*
Susana Lorenzo-Giguere*
**ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND**
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932 (phone)
(212) 966 4303 (fax)
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org

Jessica Ring Amunson*
Urja Mittal*
**JENNER & BLOCK LLP**
1099 New York Ave. NW, Suite 900
Washington, DC 20001
(202) 639-6000
jamunson@jenner.com
umittal@jenner.com

***COUNSEL FOR THE OCA-HG PLAINTIFF GROUP***

*admitted *pro hac vice*

14

# EXHIBIT C

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| | ) |
| _____ | )     (If the action is pending in another district, state where: |
| *Defendant* | )     _____ District of _____       ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

| *CLERK OF COURT* | |
| OR | |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

**App038**

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**App039**

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**App040**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | |
| *Plaintiffs,* | |
| v. | 5:21-cv-844-XR |
| THE STATE OF TEXAS, | |
| *Defendants.* | |
| OCA-GREATER HOUSTON, et al., | |
| *Plaintiffs,* | |
| v. | 1:21-cv-0780-XR |
| JOHN SCOTT, | |
| *Defendants.* | |
| HOUSTON JUSTICE, et al., | |
| *Plaintiffs,* | |
| v. | 5:21-cv-0848-XR |
| GREG ABBOTT, et al., | |
| *Defendants.* | |
| LULAC TEXAS, et al., | |
| *Plaintiffs,* | |
| v. | 1:21-cv-0786-XR |
| JOHN SCOTT, et al., | |
| *Defendants.* | |
| MI FAMILIA VOTA, et al., | |
| *Plaintiffs,* | |
| v. | 5 :21-cv-0920-XR |
| GREG ABBOTT, et al., | |
| *Defendants.* | |

## EXHIBIT A

For a statement of your obligations in producing documents under this subpoena, see Rules 45(d), (e) and (f) of the Federal Rules of Civil Procedure, which appear on the final page of the subpoena. Documents should be produced within thirty (30) days of receiving this subpoena. Responses to these Requests are to be produced to Graham White within 30 days of receipt. To arrange for electronic production, please contact Mr. White at gwhite@elias.law. Anything that cannot be produced electronically should be produced to Mr. White at Elias Law Group LLP, 10 G Street NE, Suite 600, Washington, D.C. 20002.

Each Request is subject to the Definitions and Instructions listed below.

### DEFINITIONS

Except as specifically defined below, the terms used in this request shall be construed and defined in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Western District of Texas, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1.    "Any" or "all" mean "any and all."

2.    "Communication" is synonymous in meaning and scope to the term "communication" as used in Local Rule 26, and includes any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfers of information via email, report, letter, text message, voicemail message, written memorandum, note, summary, and other means.

3.    "Date" means the exact day, month, and year, if ascertainably, or, if not, the best available approximation (including relationship to other events).

4.    "Demographics" means statistical data relating to the population or groups within it and, as used herein, expressly includes but is not limited to race, ethnicity, age, and gender.

2

**App042**

5.      "Document" is synonymous in meaning and scope to the term "document" as used in Federal Rule of Civil Procedure 34 and Local Rule 26 and includes, but is not limited to, records, reports, lists, data, statistics, summaries, analyses, communications (as defined above), computer discs, tapes, printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

6.      "HB 3" means the legislation designated as House Bill 3, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th First Called Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

7.      "HB 6" means the legislation designated as House Bill 6, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th Regular Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

8.      "Including" means including, but not limited to.

9.      "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trust groups, and organizations; federal, state, and local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

**App043**

10.     "SB 1" means the legislation designated as Senate Bill 1 that was enacted during the 2021 Second Called Session of the Texas Legislature and signed by the Governor of Texas on September 7, 2021.

11.     "SB 7" means the legislation designated as Senate Bill 7, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th Regular Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

12.     "Voter" means any registered voter in Texas and all persons who may properly register to vote in Texas by the close of discovery in this case.

13.     "You" and "your" means State Senator Bryan Hughes, and his office, including its employees, staff, agents, and representatives.

## INSTRUCTIONS

14.     You shall produce materials and serve responses and any objections within 30 days after service of these Requests for Production.

15.     If you object to any part of a request, set forth the basis of your objection and respond to all parts of the request to which you do not object. Any ground not stated in a timely objection is waived.

16.     If, in responding to these Requests for Production, you encounter any ambiguities when construing a request or definition, set forth the matter deemed ambiguous and the construction used in responding.

17.     Regarding any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Federal Rule of Civil Procedure 26(b)(5), including a

description of the basis of the claimed privilege and all information necessary for Plaintiff to assess the claim of privilege.

18.    Produce all documents available to you or subject to your access or control that are responsive to the following document production topics. This includes documents in your actual or constructive possession or control and in the actual or constructive possession or control of your attorneys, investigators, experts, and anyone else acting on your behalf.

19.    Documents are to be produced as they are kept in the ordinary course of business. Accordingly, documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to this subpoena should be produced intact with the documents; and documents attached to each other should not be separated.

20.    All documents are to be produced in electronic form. All documents including emails, should be produced in single page TIFF format, showing comments and track changes where applicable, with text extract and load files containing standard fielded information and metadata. TIFF images shall be placed in an Images folder with any given subfolder not to exceed 5,000 images per folder and accompanied by an .opt placed in a Data folder. Each page of a document should be assigned a unique production number (aka Bates number) electronically "burned" onto the image at allocation that does not unreasonably conceal or interfere with information on the document. The number should be consistent across the production, contain no special characters, and be numerically sequential within a given document. Attachments to documents should be assigned numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached. If a number or set of numbers is skipped, the skipped number or set of numbers should be noted, for example with a placeholder.

21.     Each request and subparagraph thereof is to be answered separately.  To the extent that you do not have any documents reflecting the information requested herein, and/or any means of recording the information requested herein, please so indicate in your response to the specific production request.

22.     Each document produced should be categorized by the number of the document request in response to which it is produced.

23.     If any otherwise responsive document was, but is no longer, in existence or in your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all persons having knowledge or who had knowledge of the document, and also describe in full the circumstances surrounding its disposition from your possession or control.

24.     If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such documents as are available to you without undertaking what you contend to be an unreasonable request; (b) describe with particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unreasonable.

25.     The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

26.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a document production topic all responses that otherwise might be construed to be outside its scope.

App046

27.    A reference to an entity in this request shall be construed to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, and anyone acting on its behalf.

28.    The document production topics apply to the period from 2016 through the present, unless otherwise limited or expanded by a particular topic description.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with the following methods of voting during the period from 2020 to present:

(a) Drop-box voting;

(b) Drive-thru voting;

(c) 24-hour voting;

(d) Straight-ticket voting;

(e) Vote-by-mail;

(f) Early voting.

**REQUEST FOR PRODUCTION NO. 2.** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with voter assistance, including transportation assistance, during the period from 2020 to present.

**REQUEST FOR PRODUCTION NO. 3.** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with the ability (or lack thereof) of poll watchers to move and observe the election process in a voting or vote-counting location during the period from 2020 to present.

App047

**REQUEST FOR PRODUCTION NO. 4.** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with "vote harvesting services," as defined in SB 1, during the period from 2020 to present.

**REQUEST FOR PRODUCTION NO. 5.** All documents and communications discussing illegal voting, election fraud, or other criminal conduct in the following counties:

(a) Harris County

(b) Bee County

(c) Dallas County

(d) Tarrant County

(e) Bexar County

(f) Travis County

(g) Collin County

(h) El Paso County

(i) Tom Green County

**REQUEST FOR PRODUCTION NO. 6.** All documents and communications related to voting practices, election administration, or voter turnout in the following counties:

(a) Harris County

(b) Bee County

(c) Dallas County

(d) Tarrant County

(e) Bexar County

(f) Travis County

(g) Collin County

8

(h) El Paso County

(i)  Tom Green County

**REQUEST FOR PRODUCTION NO. 7.** All documents and communications related to the anticipated or potential effect of SB 1, SB 7, HB 3, or HB 6, on the residents of the following counties:

(a) Harris County

(b) Bee County

(c) Dallas County

(d) Tarrant County

(e) Bexar County

(f) Travis County

(g) Collin County

(h) El Paso County

(i)  Tom Green County

**REQUEST FOR PRODUCTION NO. 8.** All documents and communications related to the anticipated or potential effect of SB 1, SB 7, HB 3, or HB 6, including the effect on voter turnout and wait times at polling places, by racial or ethnic minorities, partisan affiliation, disabled persons, and persons with limited English proficiency.

**REQUEST FOR PRODUCTION NO. 9.** All documents and communications relied on to draft SB 1, SB 7, HB 3, or HB 6.

**REQUEST FOR PRODUCTION NO. 10.** All documents and communications with the following third-party organizations, including any of their affiliates or subsidiaries, regarding SB 1, SB 7, HB 3, or HB 6, including communications regarding the impacts or potential impacts of

SB 1, SB 7, HB 3, or HB 6 on racial or ethnic minorities and disabled voters, and on voters by party affiliation:

(a) The Heritage Foundation

(b) The Texas Public Policy Foundation

(c) The American Legislative Exchange Council

(d) The State Policy Network

(e) Honest Elections Project

(f) Public Interest Legal Foundation

(g) American Civil Rights Union

(h) True the Vote

(i) Judicial Watch

(j) Project Veritas

(k) The Republican National Committee

(l) The Republican Party of Texas

Dated: December 14, 2021.

Respectfully submitted,

*/s/ Sean Morales-Doyle*
Sean Morales-Doyle (NY Bar No. 5646641)
Eliza Sweren-Becker* (NY Bar No. 5424403)
Patrick A. Berry* (NY Bar No. 5723135)
Andrew B. Garber* (NY Bar No. 5684147)
Jasleen K. Singh* (Cal. Bar No. 316596)
**BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: (646) 292-8310
Facsimile: (212) 463-7308
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu

*/s/ Uzoma N. Nkwonta___*
Uzoma N. Nkwonta*
Kathryn E. Yukevich*
Graham W. White*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
unkwonta@elias.law
kyukevich@elias.law
gwhite@elias.law

App050

patrick.berry@nyu.edu
andrew.garber@nyu.edu
jasleen.singh@nyu.edu

Paul R. Genender (Tex. Bar No. 00790758)
Elizabeth Y. Ryan (Tex. Bar No. 24067758)
Matthew Berde* (Tex. Bar No. 24094379)
Megan Cloud** (Tex. Bar No. 24116207)
**WEIL, GOTSHAL & MANGES LLP**
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
Paul.Genender@weil.com
Liz.Ryan@weil.com
Matt.Berde@weil.com
Megan.Cloud@weil.com

Alexander P. Cohen* (Tex. Bar No.
24109739)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8020
Facsimile: (212) 310-8007
Alexander.Cohen@weil.com

*Attorneys for Plaintiffs Friendship-West
Baptist Church; Anti-Defamation League
Austin, Southwest, And Texoma Regions;
Texas Impact; James Lewin*

REED SMITH LLP, NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC., THE ARC OF THE
UNITED STATES, INC.

/s/ Kenneth E. Broughton
Texas Bar No. 03087250
kbroughton@reedsmith.com

Lora Spencer
Texas Bar No. 24085597
lspencer@reedsmith.com

J. Keely Dulaney*
Texas Bar No. 24116306

*Counsel for Plaintiffs LULAC Texas, Voto
Latino, Texas Alliance for Retired Americans,
and Texas AFT*

*Admitted *Pro Hac Vice*

/s/ Nina Perales
Nina Perales (Tex. Bar No. 24005046)
Julia R. Longoria (Tex. Bar No. 24070166)
**MEXICAN AMERICAN LEGAL DEFENSE AND
EDUCATIONAL FUND**
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210) 224-5382
nperales@maldef.org
jlongoria@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Breanna Williams***
Jonathan Bash***
**FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP**
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
breanna.williams@friedfrank.com
jonathan.bash@friedfrank.com

Christopher Bell*
**FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP**
801 17th Street, NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
christopher.bell@friedfrank.com

*Attorneys for Plaintiffs La Unión Del Pueblo Entero;*

11

**App051**

kdulaney@reedsmith.com

Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

Sarah M. Cummings
Texas Bar No. 24094609
Reed Smith LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
scummings@reedsmith.com

Kathryn Sadasivan*
Amir Badat*
NAACP Legal Defense and Educational
Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592
ksadasivan@naacpldf.org
abadat@naacpldf.org

Jennifer A. Holmes*
Georgina Yeomans*
NAACP Legal Defense and Educational
Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 682-1300
Facsimile: (202) 682-1312
jholmes@naacpldf.org
gyeomans@naacpldf.org

Shira Wakschlag*
The Arc of the United States, Inc.
1825 K Street NW, Suite 1200
Washington, DC 20006
Telephone: (202) 534-3708
Facsimile: (202) 534-3731
Wakschlag@thearc.org

*Southwest Voter Registration Education Project; Mexican American Bar Association of Texas;*
*Texas Hispanics Organized for Political Education;*
*Jolt Action; William C. Velasquez Institute; Fiel Houston Inc.*

/s/ Marc T. Rasich
Sean Lyons
State Bar No. 00792280
Sean@lyonsandlyons.com
Clem Lyons
State Bar No. 12742000
Clem@lyonsandlyons.com

Wendy J. Olson (Pro hac vice)
Laura E. Rosenbaum (Pro hac vice)
Marc Rasich (Pro hac vice)
Elijah Watkins (Pro hac vice)
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205

Courtney Hostetler (Pro hac vice)
Ron Fein (Pro hac vice)
John Bonifaz (Pro hac vice)
Ben Clements (Pro hac vice)
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
chostetler@freespeechforpeople.org
rfein@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org

*Attorneys for Plaintiffs Mi Familia Vota, Marla Lopez, Marlon Lopez, Paul Rutledge*

Mimi M.D. Marziani
Texas Bar No. 24091906
Ryan V. Cox
Texas Bar No. 24074087
Hani Mirza
Texas Bar No. 24083512
**TEXAS CIVIL RIGHTS PROJECT**
1405 Montopolis Drive
Austin, TX 78741

**App052**

\* Admitted Pro Hac Vice

*Counsel for Plaintiffs Houston Justice;*
*Houston Area Urban League; Delta Sigma*
*Theta Sorority, Inc.; The Arc of Texas; and*
*Jeffrey Lamar Clemmons*

512-474-5073 (Telephone)
512-474-0726 (Facsimile)
mimi@texascivilrightsproject.org
ryan@texascivilrightsproject.org
hani@texascivilrightsproject.org

Thomas Buser-Clancy
Texas Bar No. 24078344
Savannah Kumar
Texas Bar No. 24120098
Andre Segura
Texas Bar No. 24107112
**ACLU FOUNDATION OF TEXAS, INC.**
5225 Katy Freeway, Suite 350
Houston, TX 77007
Telephone: (713) 942-8146
Fax: (915) 642-6752
tbuser-clancy@aclutx.org
skumar@aclutx.org
asegura@aclutx.org

Adriel I. Cepeda Derieux\*
Ari Savitzky\*
Sophia Lin Lakin\*
Samantha Osaki\*
**AMERICAN CIVIL LIBERTIES UNION**
**FOUNDATION**
125 Broad St., 18th Floor
New York, NY 10004
(212) 284-7334
acepedaderieux@aclu.org
asavizky@aclu.org
slakin@aclu.org
sosaki@aclu.org

Susan Mizner\*
**AMERICAN CIVIL LIBERTIES UNION**
**FOUNDATION**
39 Drumm St.
San Francisco, CA 94111
(415) 343-0781 (phone)
smizner@aclu.org

Lia Sifuentes Davis
Texas State Bar No. 24071411
Lucia Romano

App053

Texas State Bar No. 24033013
**DISABILITY RIGHTS TEXAS**
2222 West Braker Lane
Austin, Texas 78758-1024
(512) 454-4816 (phone)
(512) 454-3999 (fax)
ldavis@drtx.org
lromano@drtx.org

Jerry Vattamala*
Susana Lorenzo-Giguere*
**ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND**
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932 (phone)
(212) 966 4303 (fax)
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org

Jessica Ring Amunson*
Urja Mittal*
**JENNER & BLOCK LLP**
1099 New York Ave. NW, Suite 900
Washington, DC 20001
(202) 639-6000
jamunson@jenner.com
umittal@jenner.com

***COUNSEL FOR THE OCA-HG PLAINTIFF GROUP***

*admitted *pro hac vice*

**App054**

# EXHIBIT D

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. _____

(If the action is pending in another district, state where:

_____ District of _____      )

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

❑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**App056**

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**App057**

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**App058**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | |
| *Plaintiffs*, | |
| v. | 5:21-cv-844-XR |
| THE STATE OF TEXAS, | |
| *Defendants*. | |
| OCA-GREATER HOUSTON, et al., | |
| *Plaintiffs*, | |
| v. | 1:21-cv-0780-XR |
| JOHN SCOTT, | |
| *Defendants*. | |
| HOUSTON JUSTICE, et al., | |
| *Plaintiffs*, | |
| v. | 5:21-cv-0848-XR |
| GREG ABBOTT, et al., | |
| *Defendants*. | |
| LULAC TEXAS, et al., | |
| *Plaintiffs*, | |
| v. | 1:21-cv-0786-XR |
| JOHN SCOTT, et al., | |
| *Defendants*. | |
| MI FAMILIA VOTA, et al., | |
| *Plaintiffs*, | |
| v. | 5 :21-cv-0920-XR |
| GREG ABBOTT, et al., | |
| *Defendants*. | |

**App059**

## EXHIBIT A

For a statement of your obligations in producing documents under this subpoena, see Rules 45(d), (e) and (f) of the Federal Rules of Civil Procedure, which appear on the final page of the subpoena. Documents should be produced within thirty (30) days of receiving this subpoena. Responses to these Requests are to be produced to Graham White within 30 days of receipt. To arrange for electronic production, please contact Mr. White at gwhite@elias.law. Anything that cannot be produced electronically should be produced to Mr. White at Elias Law Group LLP, 10 G Street NE, Suite 600, Washington, D.C. 20002.

Each Request is subject to the Definitions and Instructions listed below.

### DEFINITIONS

Except as specifically defined below, the terms used in this request shall be construed and defined in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Western District of Texas, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1.    "Any" or "all" mean "any and all."

2.    "Communication" is synonymous in meaning and scope to the term "communication" as used in Local Rule 26, and includes any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfers of information via email, report, letter, text message, voicemail message, written memorandum, note, summary, and other means.

3.    "Date" means the exact day, month, and year, if ascertainably, or, if not, the best available approximation (including relationship to other events).

4.    "Demographics" means statistical data relating to the population or groups within it and, as used herein, expressly includes but is not limited to race, ethnicity, age, and gender.

2

5.    "Document" is synonymous in meaning and scope to the term "document" as used in Federal Rule of Civil Procedure 34 and Local Rule 26 and includes, but is not limited to, records, reports, lists, data, statistics, summaries, analyses, communications (as defined above), computer discs, tapes, printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

6.    "HB 3" means the legislation designated as House Bill 3, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th First Called Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

7.    "HB 6" means the legislation designated as House Bill 6, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th Regular Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

8.    "Including" means including, but not limited to.

9.    "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trust groups, and organizations; federal, state, and local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

10.     "SB 1" means the legislation designated as Senate Bill 1 that was enacted during the 2021 Second Called Session of the Texas Legislature and signed by the Governor of Texas on September 7, 2021.

11.     "SB 7" means the legislation designated as Senate Bill 7, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th Regular Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

12.     "Voter" means any registered voter in Texas and all persons who may properly register to vote in Texas by the close of discovery in this case.

13.     "You" and "your" means State Representative Andrew Murr, and his office, including its employees, staff, agents, and representatives.

## INSTRUCTIONS

14.     You shall produce materials and serve responses and any objections within 30 days after service of these Requests for Production.

15.     If you object to any part of a request, set forth the basis of your objection and respond to all parts of the request to which you do not object. Any ground not stated in a timely objection is waived.

16.     If, in responding to these Requests for Production, you encounter any ambiguities when construing a request or definition, set forth the matter deemed ambiguous and the construction used in responding.

17.     Regarding any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Federal Rule of Civil Procedure 26(b)(5), including a

description of the basis of the claimed privilege and all information necessary for Plaintiff to assess the claim of privilege.

18.      Produce all documents available to you or subject to your access or control that are responsive to the following document production topics. This includes documents in your actual or constructive possession or control and in the actual or constructive possession or control of your attorneys, investigators, experts, and anyone else acting on your behalf.

19.      Documents are to be produced as they are kept in the ordinary course of business. Accordingly, documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to this subpoena should be produced intact with the documents; and documents attached to each other should not be separated.

20.      All documents are to be produced in electronic form. All documents including emails, should be produced in single page TIFF format, showing comments and track changes where applicable, with text extract and load files containing standard fielded information and metadata. TIFF images shall be placed in an Images folder with any given subfolder not to exceed 5,000 images per folder and accompanied by an .opt placed in a Data folder. Each page of a document should be assigned a unique production number (aka Bates number) electronically "burned" onto the image at allocation that does not unreasonably conceal or interfere with information on the document. The number should be consistent across the production, contain no special characters, and be numerically sequential within a given document. Attachments to documents should be assigned numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached. If a number or set of numbers is skipped, the skipped number or set of numbers should be noted, for example with a placeholder.

**App063**

21.     Each request and subparagraph thereof is to be answered separately.  To the extent that you do not have any documents reflecting the information requested herein, and/or any means of recording the information requested herein, please so indicate in your response to the specific production request.

22.     Each document produced should be categorized by the number of the document request in response to which it is produced.

23.     If any otherwise responsive document was, but is no longer, in existence or in your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all persons having knowledge or who had knowledge of the document, and also describe in full the circumstances surrounding its disposition from your possession or control.

24.     If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such documents as are available to you without undertaking what you contend to be an unreasonable request; (b) describe with particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unreasonable.

25.     The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

26.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a document production topic all responses that otherwise might be construed to be outside its scope.

**App064**

27.     A reference to an entity in this request shall be construed to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, and anyone acting on its behalf.

28.     The document production topics apply to the period from 2016 through the present, unless otherwise limited or expanded by a particular topic description.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with the following methods of voting during the period from 2020 to present:

(a) Drop-box voting;

(b) Drive-thru voting;

(c) 24-hour voting;

(d) Straight-ticket voting;

(e) Vote-by-mail;

(f) Early voting.

**REQUEST FOR PRODUCTION NO. 2.** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with voter assistance, including transportation assistance, during the period from 2020 to present.

**REQUEST FOR PRODUCTION NO. 3.** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with the ability (or lack thereof) of poll watchers to move and observe the election process in a voting or vote-counting location during the period from 2020 to present.

7

**App065**

**REQUEST FOR PRODUCTION NO. 4.** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with "vote harvesting services," as defined in SB 1, during the period from 2020 to present.

**REQUEST FOR PRODUCTION NO. 5.** All documents and communications discussing illegal voting, election fraud, or other criminal conduct in the following counties:

(a) Harris County

(b) Bee County

(c) Dallas County

(d) Tarrant County

(e) Bexar County

(f) Travis County

(g) Collin County

(h) El Paso County

(i) Tom Green County

**REQUEST FOR PRODUCTION NO. 6.** All documents and communications related to voting practices, election administration, or voter turnout in the following counties:

(a) Harris County

(b) Bee County

(c) Dallas County

(d) Tarrant County

(e) Bexar County

(f) Travis County

(g) Collin County

8

(h) El Paso County

(i)  Tom Green County

**REQUEST FOR PRODUCTION NO. 7.** All documents and communications related to the anticipated or potential effect of SB 1, SB 7, HB 3, or HB 6, on the residents of the following counties:

(a) Harris County

(b) Bee County

(c) Dallas County

(d) Tarrant County

(e) Bexar County

(f) Travis County

(g) Collin County

(h) El Paso County

(i)  Tom Green County

**REQUEST FOR PRODUCTION NO. 8.** All documents and communications related to the anticipated or potential effect of SB 1, SB 7, HB 3, or HB 6, including the effect on voter turnout and wait times at polling places, by racial or ethnic minorities, partisan affiliation, disabled persons, and persons with limited English proficiency.

**REQUEST FOR PRODUCTION NO. 9.** All documents and communications relied on to draft SB 1, SB 7, HB 3, or HB 6.

**REQUEST FOR PRODUCTION NO. 10.** All documents and communications with the following third-party organizations, including any of their affiliates or subsidiaries, regarding SB 1, SB 7, HB 3, or HB 6, including communications regarding the impacts or potential impacts of

9

SB 1, SB 7, HB 3, or HB 6 on racial or ethnic minorities and disabled voters, and on voters by party affiliation:

(a) The Heritage Foundation

(b) The Texas Public Policy Foundation

(c) The American Legislative Exchange Council

(d) The State Policy Network

(e) Honest Elections Project

(f) Public Interest Legal Foundation

(g) American Civil Rights Union

(h) True the Vote

(i) Judicial Watch

(j) Project Veritas

(k) The Republican National Committee

(l) The Republican Party of Texas

Dated: December 14, 2021.

Respectfully submitted,

*/s/ Sean Morales-Doyle*
Sean Morales-Doyle (NY Bar No. 5646641)
Eliza Sweren-Becker* (NY Bar No. 5424403)
Patrick A. Berry* (NY Bar No. 5723135)
Andrew B. Garber* (NY Bar No. 5684147)
Jasleen K. Singh* (Cal. Bar No. 316596)
**BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: (646) 292-8310
Facsimile: (212) 463-7308
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu

*/s/ Uzoma N. Nkwonta___*
Uzoma N. Nkwonta*
Kathryn E. Yukevich*
Graham W. White*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
unkwonta@elias.law
kyukevich@elias.law
gwhite@elias.law

App068

patrick.berry@nyu.edu
andrew.garber@nyu.edu
jasleen.singh@nyu.edu

Paul R. Genender (Tex. Bar No. 00790758)
Elizabeth Y. Ryan (Tex. Bar No. 24067758)
Matthew Berde* (Tex. Bar No. 24094379)
Megan Cloud** (Tex. Bar No. 24116207)
**WEIL, GOTSHAL & MANGES LLP**
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
Paul.Genender@weil.com
Liz.Ryan@weil.com
Matt.Berde@weil.com
Megan.Cloud@weil.com

Alexander P. Cohen* (Tex. Bar No.
24109739)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8020
Facsimile: (212) 310-8007
Alexander.Cohen@weil.com

*Attorneys for Plaintiffs Friendship-West
Baptist Church; Anti-Defamation League
Austin, Southwest, And Texoma Regions;
Texas Impact; James Lewin*

REED SMITH LLP, NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC., THE ARC OF THE
UNITED STATES, INC.

/s/ Kenneth E. Broughton
Texas Bar No. 03087250
kbroughton@reedsmith.com

Lora Spencer
Texas Bar No. 24085597
lspencer@reedsmith.com

J. Keely Dulaney*
Texas Bar No. 24116306

*Counsel for Plaintiffs LULAC Texas, Voto
Latino, Texas Alliance for Retired Americans,
and Texas AFT*

\*Admitted *Pro Hac Vice*

/s/ Nina Perales
Nina Perales (Tex. Bar No. 24005046)
Julia R. Longoria (Tex. Bar No. 24070166)
**MEXICAN AMERICAN LEGAL DEFENSE AND
EDUCATIONAL FUND**
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210) 224-5382
nperales@maldef.org
jlongoria@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Breanna Williams***
Jonathan Bash***
**FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP**
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
breanna.williams@friedfrank.com
jonathan.bash@friedfrank.com

Christopher Bell*
**FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP**
801 17th Street, NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
christopher.bell@friedfrank.com

*Attorneys for Plaintiffs La Unión Del Pueblo Entero;*

kdulaney@reedsmith.com

Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

Sarah M. Cummings
Texas Bar No. 24094609
Reed Smith LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
scummings@reedsmith.com

Kathryn Sadasivan*
Amir Badat*
NAACP Legal Defense and Educational
Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592
ksadasivan@naacpldf.org
abadat@naacpldf.org

Jennifer A. Holmes*
Georgina Yeomans*
NAACP Legal Defense and Educational
Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 682-1300
Facsimile: (202) 682-1312
jholmes@naacpldf.org
gyeomans@naacpldf.org

Shira Wakschlag*
The Arc of the United States, Inc.
1825 K Street NW, Suite 1200
Washington, DC 20006
Telephone: (202) 534-3708
Facsimile: (202) 534-3731
Wakschlag@thearc.org

*Southwest Voter Registration Education Project; Mexican American Bar Association of Texas; Texas Hispanics Organized for Political Education; Jolt Action; William C. Velasquez Institute; Fiel Houston Inc.*

/s/ Marc T. Rasich
Sean Lyons
State Bar No. 00792280
Sean@lyonsandlyons.com
Clem Lyons
State Bar No. 12742000
Clem@lyonsandlyons.com

Wendy J. Olson (Pro hac vice)
Laura E. Rosenbaum (Pro hac vice)
Marc Rasich (Pro hac vice)
Elijah Watkins (Pro hac vice)
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205

Courtney Hostetler (Pro hac vice)
Ron Fein (Pro hac vice)
John Bonifaz (Pro hac vice)
Ben Clements (Pro hac vice)
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
chostetler@freespeechforpeople.org
rfein@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org

*Attorneys for Plaintiffs Mi Familia Vota, Marla Lopez, Marlon Lopez, Paul Rutledge*

Mimi M.D. Marziani
Texas Bar No. 24091906
Ryan V. Cox
Texas Bar No. 24074087
Hani Mirza
Texas Bar No. 24083512
**TEXAS CIVIL RIGHTS PROJECT**
1405 Montopolis Drive
Austin, TX 78741

12

**App070**

\* Admitted Pro Hac Vice

*Counsel for Plaintiffs Houston Justice;*
*Houston Area Urban League; Delta Sigma*
*Theta Sorority, Inc.; The Arc of Texas; and*
*Jeffrey Lamar Clemmons*

512-474-5073 (Telephone)
512-474-0726 (Facsimile)
mimi@texascivilrightsproject.org
ryan@texascivilrightsproject.org
hani@texascivilrightsproject.org

Thomas Buser-Clancy
Texas Bar No. 24078344
Savannah Kumar
Texas Bar No. 24120098
Andre Segura
Texas Bar No. 24107112
**ACLU FOUNDATION OF TEXAS, INC.**
5225 Katy Freeway, Suite 350
Houston, TX 77007
Telephone: (713) 942-8146
Fax: (915) 642-6752
tbuser-clancy@aclutx.org
skumar@aclutx.org
asegura@aclutx.org

Adriel I. Cepeda Derieux\*
Ari Savitzky\*
Sophia Lin Lakin\*
Samantha Osaki\*
**AMERICAN CIVIL LIBERTIES UNION**
**FOUNDATION**
125 Broad St., 18th Floor
New York, NY 10004
(212) 284-7334
acepedaderieux@aclu.org
asavizky@aclu.org
slakin@aclu.org
sosaki@aclu.org

Susan Mizner\*
**AMERICAN CIVIL LIBERTIES UNION**
**FOUNDATION**
39 Drumm St.
San Francisco, CA 94111
(415) 343-0781 (phone)
smizner@aclu.org

Lia Sifuentes Davis
Texas State Bar No. 24071411
Lucia Romano

**App071**

Texas State Bar No. 24033013
**DISABILITY RIGHTS TEXAS**
2222 West Braker Lane
Austin, Texas 78758-1024
(512) 454-4816 (phone)
(512) 454-3999 (fax)
ldavis@drtx.org
lromano@drtx.org

Jerry Vattamala*
Susana Lorenzo-Giguere*
**ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND**
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932 (phone)
(212) 966 4303 (fax)
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org

Jessica Ring Amunson*
Urja Mittal*
**JENNER & BLOCK LLP**
1099 New York Ave. NW, Suite 900
Washington, DC 20001
(202) 639-6000
jamunson@jenner.com
umittal@jenner.com

*COUNSEL FOR THE OCA-HG PLAINTIFF GROUP*

*admitted *pro hac vice*

**App072**

# EXHIBIT E



# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

January 1, 2022

**VIA EMAIL ONLY**

Graham White
Elias Law Group LLP
10 G Street NE, Suite 600
Washington DC 20002
GWhite@elias.law
202-968-4507

> **RE:**   Federal Rules of Civil Procedure 45 Subpoenas to Texas House of
> Representatives Members Briscoe Cain and Andrew Murr and Texas Senate Member
> Paul Bettencourt and Bryan Hughes (Legislators).

Dear Counsel—

As you are aware on December 20, 2021, we received, and agreed to accept service of, subpoenas directed to Representative Murr, Representative Cain, Senator Bettencourt, and Senator Hughes. We write to address deficiencies in those subpoenas and to inform you of our objections to them. In the interest of avoiding a motion to quash or a motion for protective order. we request a meet and confer with you about the scope of the subpoenas and the basis of our objections, in the hope that we can amicably resolve these issues without the need to seek court intervention.

So you are aware, each Legislator is already conducting a good-faith search based on a fair reading of your requests to determine whether responsive, non-privileged documents responsive to your requests exist. These objections do not concede the existence of any documents. As outlined below, each of your subpoenas appears identical, except for the Legislators named, so each of the objections below apply with equal force to each subpoena.

## I.   The instructions attempt to impose burdens that exceed the requirements of the federal rules and the fair bounds of discovery.

The subpoena duces tecum subpoenas that you issued each include Instruction No. 23. That instruction directs the Legislators to provide descriptions and information about documents that may have existed and that either no longer exist or are no longer in the care, custody, or control of the Legislators. That instruction is improper. The subpoenas that you issued authorize a request for documents, not interrogatories. As such, it exceeds the requirements of the federal rules and the fair bounds of discovery.

Additionally, Instruction No. 28 requests a search of documents dating back to January 1, 2016, but it is unclear what relevance documents dating back to 2016 would have in this case. Here, there is no demonstration of relevance for five-year old records, or even records that pre-date the

**App074**

most recent legislative session. Considering the scope of the challenges you have filed, the subpoena date should be limited to June 1, 2020, for all of your requests. *See Zukoski v. Philadelphia Elec. Co.*, No. CIV. A. 93-4780, at  *3 (E.D. Pa. Nov. 14, 1994) ("It is a generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery."); *see also Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998).

## II.        The subpoenas are overbroad on their face and reach non-relevant and privileged documents.

As we have said in our meet and confer and as addressed in the stipulated 502 agreement, we believe some of the materials implicated by your requests may implicate the legislative privilege.  The Supreme Court has long recognized a legislative privilege that protects anyone acting in a legislative capacity, including staff, from incurring civil liability for, or testifying about, legislative acts. *See, e.g., Gravel v. United States*, 408 U.S. 606, 615–16 (1972). The State of Texas has similar statutes applicable to your requests that codify the same privilege. *See* Tex. Gov't Code § 323.017; Tex Gov't Code § 306.008 (Legislative Privilege); Tex. Gov't Code § 323.018 (Legislative Privilege for Records). That privilege prevents compelled disclosure of a legislator's "thought processes or the communications he had with other legislators" regarding legislation. *Perez v. Abbott*, 2014 WL 3495414 (W.D. Tex. July 11, 2014). Each of the requests in your subpoenas appears to be broad enough to reach documents subject to legislative privilege. In fact, Requests 1-9 of each subpoena seek "all documents and communications" regarding a range of voting issues, including voting assistance, transportation, an illegal voting. The requests make no mention of legislative privilege, despite the requests directly going to the "thought processes" of the Legislators.

Similarly, each of the Legislators object to each of your requests to the extent that it calls for the production of documents subject to legislative privilege, investigative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, or it is protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501.

Crafting the requests without regard to the applicability of various privileges that are well recognized and have been discussed on multiple occasions—including during the parties' successful exchanges that resulted in the Stipulated Rule 502 agreement applicable to this case—makes the requests overbroad on their face.

## III.       The subpoenas are unduly burdensome, lack specificity, and exceed the fair bounds of discovery.

You've also requests information related to bills or portions of bills that are not law or are not subject to any challenge in this case. Request Nos. 7-10, for instance, seek "all documents and communications" related to SB1, SB7, HB6 or other legislation during the 87th Legislature and special sessions held in 2021. As noted above, the standard for relevance applicable to non-party subpoenas is higher than discovery directed at parties, and that showing has not been made about legislative activities concerning SB7, HB6, or other legislation considering during the 87th Legislature or subsequent special sessions.

***

The Legislators are conducting a good-faith search for responsive materials, and if non-privileged, responsive, and relevant materials are identified, they will be produced. The Legislators anticipate producing privilege logs in compliance with the Federal Rules of Civil Procedure, if privileged, responsive, and relevant materials are identified. To avoid court intervention, we again invite you to meet and confer so we can limit the scope of the requests to cover only those materials that are non-privileged, responsive, and relevant. Please let us know when you are available to have such a discussion during the first week of January 2022.

 /s/ Eric A. Hudson
Eric A. Hudson
Senior Special Counsel
Texas State Bar. No. 24059977

OFFICE OF THE ATTORNEY
GENERAL SPECIAL LITIGATION UNIT
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 936-1414

# EXHIBIT F

**App077**



10 G Street NE, Suite 600 | Washington, DC 20002

**VIA EMAIL**

January 7, 2022

Eric A. Hudson
Senior Special Counsel
Office of the Texas Attorney General
Special Litigation Unit
P.O. Box 12548
Austin, Texas 78711-2548

> RE:   **Party and Third-Party Discovery Objections,** *LULAC Texas et al. v. John Scott et al.*, **Case No. 5:21-cv-844-XR (W.D. Tex.)**

Dear Counsel:

We write to respond to two recent letters from you asserting your clients' objections to certain discovery requests and subpoenas. First, this letter addresses your December 30, 2021, Objections and Supplemental Responses to Plaintiffs' First Requests for Production (the "Requests") submitted on behalf of the Texas Attorney General and Secretary of State (collectively, "Defendants"). Second, this letter addresses your January 1, 2022, letter in which you raised various objections on behalf of Texas House of Representatives Members Briscoe Cain and Andrew Murr, and Texas Senators Paul Bettencourt and Bryan Hughes (collectively the "Legislators") to the subpoena served on them by Plaintiffs. We send this letter in advance of our meet and confer scheduled for Monday, January 10, in the hope that we might be able to narrow some of the areas of disagreement between the parties.

> **I.    Defendants' and the Legislators relevance objections are unfounded.**

Both Defendants and the Legislators assert improper relevance objections to Plaintiffs' requests. Defendants object to every Request on relevance grounds, and the Legislators claim that all documents that pre-date June 1, 2020, are irrelevant. The Legislators also generally object that the Subpoenas seek "non-relevant" documents separate and apart from their time-period objection, without offering any explanation as to why or how the Subpoenas' requests are otherwise irrelevant.

**App078**

Letter to Eric A. Hudson
Page 2 of 4

"In the discovery context, relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *United States ex rel. Univ. Loft Co. v. AGS Enterprises, Inc.*, No. SA-14-CA-528-OLG, 2016 WL 9462335, at *9 (W.D. Tex. June 29, 2016). Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). Additionally, "[t]he scope of discovery is the same under both Federal Rules of Civil Procedure 45 and 26." *Garcia v. Pro. Cont. Servs., Inc.*, No. A-15-CV-585-LY, 2017 WL 187577, at *2 (W.D. Tex. Jan. 17, 2017).

Measured against this expansive concept of relevance, Defendants' and the Legislators' objections are without merit. Plaintiffs have asserted claims for which legislative intent is highly relevant, and documents concerning SB 1, including portions of the bill that were not directly challenged, are plainly relevant to intent. The same is true for documents that relate to similar bills or address similar issues—including the Legislature's prior attempts to pass similar legislation in the preceding legislative sessions. These documents may provide evidence of the Legislature's intent in enacting SB 1. As such, the Requests and Subpoenas as issued seek information that "reasonably could lead" to information that bears issues in the case and are, therefore, relevant. *See Oppenheimer Fund, Inc.* 437 U.S. at 351. Defendants and the Legislators must withdraw their relevance objections.

## II.    Defendants' and the Legislators' privilege objections are without merit.

Both Defendants and the Legislators assert objections based on various and incorrect claims of privilege to nearly every request. Defendants claim that certain requested documents are "subject to legislative privilege, investigative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501." Similarly, the Legislators claim the Subpoenas are overbroad because they seek documents protected by various privileges, including legislative privilege, investigative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, or Texas Government Code § 323.017, which, the Legislators also claim is "privileged" under Federal Rule of Evidence 501. This argument is incorrect as a matter of law.

First, legislative privilege claims are unavailable under Federal Rule of Evidence 501. While Defendants and the Legislators assert a broad legislative privilege that is codified in the Texas Government Code, this case is pending in federal court and arises under a federal cause of action. As such, "legislative privilege is governed by *federal* common law, as applied through Rule 501 of the Federal Rules of Evidence" and *not* Texas state law as the Legislators contend. *Favors v. Cuomo*, 285 F.R.D. 187, 209 (E.D.N.Y. 2012) (emphasis added). Under federal common law, any state legislative privilege is, at best, qualified. *See Gilby v. Hughs*, 471 F. Supp. 3d 763, 766 (W.D. Tex. 2020). And in cases involving claims under the Voting Rights Act, courts have previously found that no state legislative privilege applied. *See, e.g.*, *Baldus v. Brennan*, No. 11-CV-1011 JPS-DPW, 2011 WL 6122542, at *2 (E.D. Wis. Dec. 8, 2011) ("[G]iven the serious nature of the issues in this case and the government's role in crafting the challenged redistricting plans, the Court finds that legislative privilege simply does not apply to the documents and other

**App079**

Letter to Eric A. Hudson
Page 3 of 4

items the plaintiffs seek in the subpoenas they have issued."), *order clarified*, No. 11-CV-1011 JPS-DPW, 2011 WL 6385645 (E.D. Wis. Dec. 20, 2011). *Cf. Veasey v. Perry*, No. 2:13-CV-193, 2014 WL 1340077, at *3 (S.D. Tex. Apr. 3, 2014). Consequently, the Legislators must withdraw their assertions of legislative privilege. Plaintiffs are willing to confer about any remaining privilege concerns that the Legislators maintain, should any exist, as well as how such claims can be fairly evaluated.

### III.   Defendants' objections that Requests are overly broad, vague, ambiguous, or lacking specificity are without merit and improperly asserted.

Defendants object to every Request on various assertions of overbreadth, vagueness, ambiguousness, and lack of specificity, but provide no indication as to how they have proceeded to interpret the Requests in light of these objections, as required. *See Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 655 (D. Kan. 2006) ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity. A party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories." (footnote omitted) (internal quotation marks omitted)). Nor do they indicate whether they are withholding documents pursuant to these objections, which is also required by the Federal Rules. *Eubank v. Lockhart Indep. Sch. Dist.*, No. A-15-CV-1019-RP-ML, 2016 WL 11214437, at *2 (W.D. Tex. Nov. 8, 2016) ("None of these Responses state whether any documents were withheld on the basis of the objections, and the objections are therefore improper." (citing Fed. R. Civ. P. 34(b)(2)(C))). As such, these objections are boilerplate and improper. *See* Fed. R. Civ. P. 34(b)(2)(B). Plaintiffs are, nonetheless, willing to address any specific and good faith overbreadth or vagueness concerns that Defendants have with the Requests during the parties meet and confer.

### IV.   The Requests and Subpoenas are neither unduly burdensome, generalized, or beyond the bounds of discovery.

Defendants and the Legislators also assert invalid objections on the grounds that the Requests and Subpoenas are unduly burdensome, generalized, or beyond the bounds of discovery, but have made no attempt to substantiate these claims. Despite Plaintiffs' request, Defendants made no attempt to meet and confer on potential search terms, instead ignoring Plaintiffs' request to discuss search terms until *after* Defendants' discovery was due to Plaintiffs. Nor have Defendants identified any of the searches that they have conducted thus far. At Defendants' belated request, Plaintiffs promptly provided proposed search terms for all of their requests, but Defendants have yet to provide any hit counts for those searches or even confirm whether they intend to use the proposed search terms.

The Legislators, on the other hand, offer no explanation to support their boilerplate objections or claims of burden. *See Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015) ("[J]ust as Rule 34(b)(1)'s reasonable particularity requirement should apply with no less force to a subpoena's document requests to a non-party, a non-party's Rule 45(d)(2)(B) objections to those requests should be subject to the same requirements facing a party objecting to discovery under Rule 34.").

**App080**

Letter to Eric A. Hudson
Page 4 of 4

Nonetheless, Plaintiffs are willing to address these concerns in the parties' scheduled meet and confer and ask that Defendants and Legislators provide additional information on the status of their searches so the parties can determine how they might address any undue burdens to facilitate the timely production of documents.

**V.      Instruction No. 23 to the Subpoenas is Withdrawn.**

Plaintiffs agree to withdraw Instruction No. 23 to the Subpoenas.

\* \* \*

In addition to the above, Plaintiffs reserve the right to raise additional issues with Defendants' and the Legislators' objections either in the parties' January 10 meet and confer or a later meeting, as necessary. We look forward to speaking with you about these matters on Monday and hope that the parties will be able to narrow the scope of disagreement or reach an amicable resolution without seeking Court intervention.

Sincerely,

Haley Costello Essig
hessig@elias.law
*Counsel for Plaintiffs LULAC Texas, Voto Latino, Texas Alliance for Retired Americans, and Texas AFT*

Co-signatories:

Ryan V. Cox
**TEXAS CIVIL RIGHTS PROJECT**
1405 Montopolis Drive
Austin, TX 78741
ryan@texascivilrightsproject.org
*Counsel For Plaintiffs Oca-Greater Houston, et al.*

Jennifer A. Holmes
**NAACP Legal Defense and Educational Fund, Inc.**
700 14th Street NW, Suite 600
Washington, DC 20005
jholmes@naacpldf.org
*Counsel for Plaintiffs Houston Justice; Houston Area Urban League; Delta Sigma Theta Sorority, Inc.; The Arc of Texas; and Jeffrey Lamar Clemmons*

**App081**

Letter to Eric A. Hudson
Page 5 of 4

Wendy J. Olson
**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
wendy.olson@stoel.com
*Attorney for Plaintiffs Mi Familia*
*Vota, Marla Lopez, Marlon Lopez,*
*Paul Rutledge*

Sean Morales-Doyle
**BRENNAN CENTER FOR JUSTICE AT NYU**
**SCHOOL OF LAW**
120 Broadway, Suite 1750
New York, NY 10271
sean.morales-doyle@nyu.edu
*Attorney for Plaintiffs Friendship-West Baptist Church;*
*Anti-Defamation League Austin, Southwest, And*
*Texoma Regions; Texas Impact; James Lewin*

# EXHIBIT G

## Chris Dodge

| | |
|---|---|
| **From:** | Haley Costello Essig |
| **Sent:** | Tuesday, February 22, 2022 3:39 PM |
| **To:** | Eric Hudson; Leif Olson; Aaron Barnes; Jeff White; Kathleen Hunker; Jack DiSorbo |
| **Cc:** | Olson, Wendy J.; Nina Perales; ryan@texascivilrightsproject.org; lromano@disabilityrightstx.org; liz.ryan@weil.com; Michael.Keats@friedfrank.com; chostetler@freespeechforpeople.org; Rasich, Marc; jholmes@naacpldf.org; scummings@reedsmith.com; wakschlag@thearc.org; slakin@aclu.org; asavitzky@aclu.org; morales-doyles@brennan.law.nyu.edu; tbuser-clancy@aclutx.org; Watkins, Elijah M.; Daniel Freeman; Jasleen Singh; Patrick Berry; Michael.Stewart3@usdoj.gov; Uzoma Nkwonta; Kassi Yukevich; Graham White; Marcos Mocine-McQueen; Noah Baron; Mike Jones |
| **Subject:** | LUPE v. Abbott - Deficient Legislator Production |
| **Attachments:** | 2022-02-22 _TXSB1_LULAC Plaintiffs' deficiency letter to E. Hudson re Legislators' production.pdf |

Counsel:

Please see the attached letter regarding the deficient document production from Texas House of Representatives Members Briscoe Cain and Andrew Murr, and Texas Senators Paul Bettencourt and Bryan Hughes.

Thank you.

**Haley K. Costello Essig**
Elias Law Group LLP
202-968-4675
(she/her)

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Eric Hudson <Eric.Hudson@oag.texas.gov>
**Sent:** Thursday, February 3, 2022 3:10 PM
**To:** Haley Costello Essig <hessig@elias.law>; Leif Olson <Leif.Olson@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** Olson, Wendy J. <wendy.olson@stoel.com>; Nina Perales <nperales@maldef.org>; ryan@texascivilrightsproject.org; lromano@disabilityrightstx.org; liz.ryan@weil.com; Michael.Keats@friedfrank.com; chostetler@freespeechforpeople.org; Rasich, Marc <marc.rasich@stoel.com>; jholmes@naacpldf.org; scummings@reedsmith.com; wakschlag@thearc.org; slakin@aclu.org; asavitzky@aclu.org; morales-doyles@brennan.law.nyu.edu; tbuser-clancy@aclutx.org; Watkins, Elijah M. <elijah.watkins@stoel.com>; Daniel Freeman <daniel.freeman@usdoj.gov>; Jasleen Singh <singhj@brennan.law.nyu.edu>; Patrick Berry <berryp@brennan.law.nyu.edu>; Michael.Stewart3@usdoj.gov; Uzoma Nkwonta <unkwonta@elias.law>; Kassi Yukevich <kyukevich@elias.law>; Graham White <gwhite@elias.law>; Marcos Mocine-McQueen <mmcqueen@elias.law>; Noah Baron <nbaron@elias.law>; Mike Jones <mjones@elias.law>
**Subject:** RE: LUPE v. Abbott - Objections and Responses to Subpoenas for Production

Thanks for reaching out, Haley.

As you're aware, the responses were delivered to you on January 20, and a large portion of the team handling those responses traveled to El Paso during the week of January 24, 2022, for preliminary injunction hearing that last four

**App084**

days. Yesterday afternoon, today, and tomorrow have been impacted by a major snow storm that has hit the Austin area.

We have identified responsive documents (roughly 1,700, as I understand it), and we are currently conducting a review of those documents. We anticipate having those out early next week. We'll also supplement our responses to include any documents we're withholding based upon privilege or other objection next week.

In addition to that matter, we have forwarded notices of 30(b)(6) topics to you and other plaintiffs' counsel. Have you all had a chance to review and do you have any objections to the topics that we can address today? If so, let's handle that as well so we can get those depositions on the books.

As always, please reach out with any immediate questions or concerns.

s/Eric Hudson

**From:** Haley Costello Essig <hessig@elias.law>
**Sent:** Thursday, February 3, 2022 1:59 PM
**To:** Leif Olson <Leif.Olson@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** Olson, Wendy J. <wendy.olson@stoel.com>; Nina Perales <nperales@maldef.org>; ryan@texascivilrightsproject.org; lromano@disabilityrightstx.org; liz.ryan@weil.com; Michael.Keats@friedfrank.com; chostetler@freespeechforpeople.org; Rasich, Marc <marc.rasich@stoel.com>; jholmes@naacpldf.org; scummings@reedsmith.com; wakschlag@thearc.org; slakin@aclu.org; asavitzky@aclu.org; morales-doyles@brennan.law.nyu.edu; tbuser-clancy@aclutx.org; Watkins, Elijah M. <elijah.watkins@stoel.com>; Daniel Freeman <daniel.freeman@usdoj.gov>; Jasleen Singh <singhj@brennan.law.nyu.edu>; Patrick Berry <berryp@brennan.law.nyu.edu>; Michael.Stewart3@usdoj.gov; Uzoma Nkwonta <unkwonta@elias.law>; Kassi Yukevich <kyukevich@elias.law>; Graham White <gwhite@elias.law>; Marcos Mocine-McQueen <mmcqueen@elias.law>; Noah Baron <nbaron@elias.law>; Mike Jones <mjones@elias.law>
**Subject:** RE: LUPE v. Abbott - Objections and Responses to Subpoenas for Production

Counsel:

It has been one week since we sent you a request to meet and confer regarding the overdue production responsive to the third-party subpoenas issued to Senator Hughes, Senator Bettencourt, Representative Cain, and Representative Murr, and we still have not received a statement of available or proposed times from you. To reiterate, we seek (1) a date certain by which you will produce documents and (2) a statement of whether documents will be withheld pursuant to the stated objections or reservations of purported privilege, specifically claims of legislative and deliberative process privilege.

As the parties are convening this afternoon to discuss other matters related to a protective order and ESI agreement, we propose that we address these matters immediately following such discussion in the same conference. We welcome your response to these matters via email in advance of that conference in hopes that may narrow the points of disagreement or obviate the need for discussion altogether.  If we are unable to timely resolve these issues, we will have no choice but to file a motion to compel production to avoid further delay.

Kind regards,

**Haley K. Costello Essig**
**Elias Law Group LLP**
202-968-4675
(she/her)

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Haley Costello Essig
**Sent:** Friday, January 28, 2022 9:43 AM
**To:** Leif Olson <Leif.Olson@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** Olson, Wendy J. <wendy.olson@stoel.com>; Nina Perales <nperales@maldef.org>; ryan@texascivilrightsproject.org; lromano@disabilityrightstx.org; liz.ryan@weil.com; Michael.Keats@friedfrank.com; chostetler@freespeechforpeople.org; Rasich, Marc <marc.rasich@stoel.com>; jholmes@naacpldf.org; scummings@reedsmith.com; wakschlag@thearc.org; slakin@aclu.org; asavitzky@aclu.org; morales-doyles@brennan.law.nyu.edu; tbuser-clancy@aclutx.org; Watkins, Elijah M. <elijah.watkins@stoel.com>; Daniel Freeman <daniel.freeman@usdoj.gov>; Jasleen Singh <singhj@brennan.law.nyu.edu>; Patrick Berry <berryp@brennan.law.nyu.edu>; Michael.Stewart3@usdoj.gov>; Uzoma Nkwonta <unkwonta@elias.law>; Kassi Yukevich <kyukevich@elias.law>; Graham White <gwhite@elias.law>; Marcos Mocine-McQueen <mmcqueen@elias.law>; Noah Baron <nbaron@elias.law>; Mike Jones <mjones@elias.law>
**Subject:** RE: LUPE v. Abbott - Objections and Responses to Subpoenas for Production

Thank you for your response, Leif. We do not believe that this matter requires all hands on deck, so we are glad to hear that at least some of your team is not involved in the trial or PI hearing preparation. We hope and expect those members can attend a meet and confer early next week. Our intent is to discuss the timing of the production and the basis for any withholdings.

Your clients have not refused to produce documents. Instead, the responses state that production will be made on an unspecified "rolling basis within a reasonable time." We believe that this is insufficient and problematic, as your team has not made any attempt to discuss the confines of that rolling basis, or what you deem to be reasonable, with us either before or after unilaterally adopting such a basis. As you are aware, the production deadline for documents pursuant to the subpoenas has come and gone, and while you have sent responses indicating that you intend to produce documents, that was over a week ago, and we have yet to receive a single document. Time is of the essence. To the extent we cannot agree on the timing, we will need to move to compel production with the Court.

Furthermore, the responses reserve privilege and other objections that have no legal basis, as previously explained in our January 7, 2022, letter. The responses state that searches have already been run to collect documents. We would, therefore, like to understand what objections, if any, you intend to rely upon to withhold documents. We previously discussed this with Mr. Hudson at our meet and confer on January 10 following receipt of your January 1, 2022, letter objections. Mr. Hudson informed us that, as of January 10, he was unable to state whether documents would be withheld pursuant to these baseless objections. We expect that since December 15, when we sent you notice of the subpoenas, or since December 20, when you formally agreed to accept service, you will have had sufficient opportunity to determine whether you will rely upon objections to withhold production. If your objections do serve as a basis for withholding documents, we will need to move to compel production.

We look forward to discussing these pressing matters with you or another member of your team early next week. Thank you.

Kind regards,

**Haley K. Costello Essig**
Elias Law Group LLP
202-968-4675
(she/her)

App086

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Leif Olson <Leif.Olson@oag.texas.gov>
**Sent:** Thursday, January 27, 2022 6:16 PM
**To:** Haley Costello Essig <hessig@elias.law>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** Olson, Wendy J. <wendy.olson@stoel.com>; Nina Perales <nperales@maldef.org>; ryan@texascivilrightsproject.org; lromano@disabilityrightstx.org; liz.ryan@weil.com; Michael.Keats@friedfrank.com; chostetler@freespeechforpeople.org; Rasich, Marc <marc.rasich@stoel.com>; jholmes@naacpldf.org; scummings@reedsmith.com; wakschlag@thearc.org; slakin@aclu.org; asavitzky@aclu.org; morales-doyles@brennan.law.nyu.edu; tbuser-clancy@aclutx.org; Watkins, Elijah M. <elijah.watkins@stoel.com>; Daniel Freeman <daniel.freeman@usdoj.gov>; Jasleen Singh <singhj@brennan.law.nyu.edu>; Patrick Berry <berryp@brennan.law.nyu.edu>; Michael.Stewart3@usdoj.gov>; Uzoma Nkwonta <unkwonta@elias.law>; Kassi Yukevich <kyukevich@elias.law>; Graham White <gwhite@elias.law>; Marcos Mocine-McQueen <mmcqueen@elias.law>; Noah Baron <nbaron@elias.law>; Mike Jones <mjones@elias.law>
**Subject:** RE: LUPE v. Abbott - Objections and Responses to Subpoenas for Production

Haley,

Most of our team is in trial in El Paso right now and most of the team will be preparing for another PI hearing next week. This includes most of the lawyers who were working on this production, so we may not be able to find time for this until late, rather than early, next week. We will keep you posted.

Are there any particular concerns you can point to help us determine how much time we might need to set aside?

**From:** Haley Costello Essig <hessig@elias.law>
**Sent:** Thursday, January 27, 2022 4:51 PM
**To:** Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Leif Olson <Leif.Olson@oag.texas.gov>
**Cc:** Olson, Wendy J. <wendy.olson@stoel.com>; Nina Perales <nperales@maldef.org>; ryan@texascivilrightsproject.org; lromano@disabilityrightstx.org; liz.ryan@weil.com; Michael.Keats@friedfrank.com; chostetler@freespeechforpeople.org; Rasich, Marc <marc.rasich@stoel.com>; jholmes@naacpldf.org; scummings@reedsmith.com; wakschlag@thearc.org; slakin@aclu.org; asavitzky@aclu.org; morales-doyles@brennan.law.nyu.edu; tbuser-clancy@aclutx.org; Watkins, Elijah M. <elijah.watkins@stoel.com>; Daniel Freeman <daniel.freeman@usdoj.gov>; Jasleen Singh <singhj@brennan.law.nyu.edu>; Patrick Berry <berryp@brennan.law.nyu.edu>; Michael.Stewart3@usdoj.gov>; Uzoma Nkwonta <unkwonta@elias.law>; Kassi Yukevich <kyukevich@elias.law>; Graham White <gwhite@elias.law>; Marcos Mocine-McQueen <mmcqueen@elias.law>; Noah Baron <nbaron@elias.law>; Mike Jones <mjones@elias.law>
**Subject:** RE: LUPE v. Abbott - Objections and Responses to Subpoenas for Production

Counsel:

We would like to schedule a meet and confer for early next week to discuss the objections and responses from Senator Hughes, Senator Bettencourt, Representative Cain, and Representative Mir that you sent below. Please let us know your availability at your earliest convenience.

Kind regards,

**App087**

**Haley K. Costello Essig**
Elias Law Group LLP
202-968-4675
(she/her)

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Aaron Barnes <Aaron.Barnes@oag.texas.gov>
**Sent:** Thursday, January 20, 2022 5:27 PM
**To:** Graham White <gwhite@elias.law>; nperales@maldef.org; christopher.bell@friedfrank.com; jason.kanterman@friedfrank.com; jlongoria@maldef.org; michael.keats@friedfrank.com; rebecca.martin@friedfrank.com; liz.ryan@weil.com; paul.genender@weil.com; morales-doyles@brennan.law.nyu.edu; alexander.cohen@weil.com; andrew.garber@nyu.edu; sweren-beckere@brennan.law.nyu.edu; jasleen.singh@nyu.edu; matt.berde@weil.com; patrick.berry@nyu.edu; bclements@freespeechforpeople.org; laura.rosenbaum@stoel.com; wendy.olson@stoel.com; chostetler@freespeechforpeople.org; elijah.watkins@stoel.com; jbonifaz@freespeechforpeople.org; marc.rasich@stoel.com; rfein@freespeechforpeople.org; sean@lyonsandlyons.com; gyeomans@naacpldf.org; kdulaney@reedsmith.com; jholmes@naacpldf.org; ksadasivan@naacpldf.org; kbroughton@reedsmith.com; lspencer@reedsmith.com; abadat@naacpldf.org; scummings@reedsmith.com; wakschlag@thearc.org; Uzoma Nkwonta <unkwonta@elias.law>; Kassi Yukevich <kyukevich@elias.law>; Jonathan Hawley <jhawley@elias.law>; Joseph Posimato <jposimato@elias.law>; Marc Elias <melias@elias.law>; Meaghan Mixon <mmixon@elias.law>; acepedaderieux@aclu.org; asegura@aclutx.org; hani@texascivilrightsproject.org; jvattamala@aaldef.org; jamunson@jenner.com; ldavis@drtx.org; lostrom@drtx.org; mimi@texascivilrightsproject.org; ryan@texascivilrightsproject.org; sosaki@aclu.org; skumar@aclutx.org; slakin@aclu.org; slorenzo-giguere@aaldef.org; tbuser-clancy@aclutx.org; umittal@jenner.com; asavitzky@aclu.org; aharris@aclutx.org; daniel.freeman@usdoj.gov; Michael.Stewart3@usdoj.gov; Yun, <Jennifer.Yun@usdoj.gov>; Dana.Paikowsky@usdoj.gov
**Cc:** Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Leif Olson <Leif.Olson@oag.texas.gov>
**Subject:** LUPE v. Abbott - Objections and Responses to Subpoenas for Production

Counsel,

Attached please find the objections and responses to the subpoenas for production that were issued to Senator Hughes, Senator Bettencourt, Representative Cain, and Representative Mir in *LUPE v. Abbott*, 5:21-cv-00844-XR (W.D. Tex.).

Thank you.

Best regards,

**J. Aaron Barnes**
Special Counsel
Special Litigation Unit
OFFICE OF THE ATTORNEY GENERAL
(512) 936-2021
aaron.barnes@oag.texas.gov

*This message may be confidential and/or privileged under Government Code sections 552.101, 552.103, 552.107, and 552.111 and should not be disclosed without the express authorization of the Attorney General.*

# EXHIBIT H

ELIAS
LAW
GROUP

10 G Street NE, Suite 600 | Washington, DC 20002

**VIA EMAIL**

Haley Costello Essig
Hessig@elias.law
D. 202-968-4675

February 22, 2022

Eric A. Hudson
Senior Special Counsel
Office of the Texas Attorney General
Special Litigation Unit
P.O. Box 12548
Austin, Texas 78711-2548

RE:   **Deficient Third-Party Production,** *LULAC Texas et al. v. John Scott et al.*, **Case No. 5:21-cv-844-XR (W.D. Tex.)**

Dear Counsel:

We write to address deficiencies in the document production you made on February 18, 2022, on behalf of Texas House of Representatives Members Briscoe Cain and Andrew Murr, and Texas Senators Paul Bettencourt and Bryan Hughes (collectively the "Legislators") pursuant to the subpoenas served on them on December 20, 2021, by Plaintiffs. Based on prior representations regarding the volume of responsive documents collected and reviewed, it is clear that you are withholding a large quantity of documents pursuant to the Legislators' purported objections and privileges, which, as we discussed, are without merit.

We provided you with notice of our intent to serve subpoenas on the Legislators on December 15, 2022, asking whether you would represent the Legislators and accept service. You agreed to accept service of the subpoenas to the Legislators on December 20, 2021, and requested that service be effective as of that date. Objections to those subpoenas were due within 14 days, by January 3, 2022, and production was due within 30 days, by January 19, 2022.

On January 1, 2022, you sent a letter asserting objections and claiming certain privileges to Plaintiffs' requests. Specifically, the Legislators objected that each of the requests in the subpoenas was overbroad, and irrelevant, and that certain of the requests were unduly burdensome, lacked specificity, and exceeded the fair bounds of discovery. The Legislators also purported to assert "legislative privilege, investigative privilege, ordinary attorney work-product privilege, or . . . Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501." On January

**App090**

Letter to Eric A. Hudson
Page 2 of 4

7, 2022, we responded to your letter to inform you that your objections were without merit and that the asserted privileges were improper as a matter of law. We met and conferred with you on January 10, 2022, at which meeting you informed us you had not read our letter. You represented, however, that the objections asserted in your January 1 letter were reservations, and you had collected, were reviewing, and intended to produce documents but could not state whether any documents were being withheld at that time.

On January 20, 2022, one day after the deadline for production, rather than produce a single document, you purported to make new objections along with formal responses to the subpoenas. The responses to the subpoenas stated that production would be made on an unspecified "rolling basis within a reasonable time." On January 27, 2022, after still not receiving a document production, we asked for a conference to discuss the production date and whether any documents were being withheld. On February 3, 2022, we reiterated our request.

You replied on February 3, 2022, informing us that you had identified "roughly 1,700" "responsive documents," which you "anticipate[d]" producing "early" the week of February 7. By the afternoon of February 8, 2022, no documents had been produced. We again inquired about the documents and whether you were withholding documents during our February 8 meet and confer. You informed us that you were nearly finished with your review, having only a couple hundred remaining, and responsive documents would be produced by the end of the week with a privilege log to follow shortly thereafter. Despite having nearly completed your review, you refused to commit to a position on your intent to withhold documents pursuant to your meritless objections and assertions of privilege or protection.

On February 11, 2022, more than three weeks after the Legislators' full production was due, you produced only 232 documents. This paltry production out of the 1,700 responsive documents you identified, is, on its face, incomplete. Documents reference attachments that are not included. Pages are missing. All of the documents are external facing. It is, thus, severely deficient.

While we have not received a privilege log from you to date, as we have already expressed in our January 7 letter and discussed with you during our January 10 conference, there is no legal basis to withhold documents pursuant to claims of legislative, investigative, or deliberative process privilege in this federal proceeding. Yet, your production rate is a mere 14% of the identified responsive documents. We do not believe there is a legitimate basis upon which valid claims of attorney-client privilege or the work product doctrine could be asserted to account for 86% of the responsive documents, or roughly 1,500 documents, that are currently being withheld. As such, in addition to being facially deficient, it is apparent even without the aid of a privilege log that the Legislators have impermissibly and overbroadly withheld the majority of the documents Plaintiffs are entitled to receive.

We ask that you immediately supplement your production by no later than Friday, February 25, 2022, to provide the missing attachments and pages to the documents already produced, and to produce the documents that are being withheld under late-blooming or baseless objections, and improper claims of privilege or protection. Should you have any questions, we remain available to discuss. Plaintiffs have made every attempt to be reasonable and accommodating, but, as we told

**App091**

Letter to Eric A. Hudson
Page 3 of 4

you during our February 8, 2022, conference, we cannot accept any further delays by the Legislators. We will move to compel a fulsome production if the Legislators insist on continuing with their refusal to comply with their obligations.

Sincerely,

Haley Costello Essig
hessig@elias.law

*Counsel for Plaintiffs LULAC Texas, Voto Latino, Texas Alliance for Retired Americans, and Texas AFT*

# EXHIBIT I

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | Case No. 5:21-cv-844-XR |
| v. | § | (Consolidated Cases) |
| | § | |
| | § | |
| THE STATE OF TEXAS, *et al.,* | § | |
| *Defendants.* | § | |
| | § | |

### SENATOR PAUL BETTENCOURT'S OBJECTIONS AND RESPONSES TO PRIVATE PLAINTIFFS' SUBPOENA FOR PRODUCTION

TO:   The LULAC Plaintiffs, by and through their attorney of record, Graham W. White, Elias Law Group, 10 G Street NE, Suite 600, Washington DC 20002; The LUPE Plaintiffs, by and through their attorney of record, Nina Perales, Mexican American Legal Defense and Education Fund, 110 Broadway, Suite 300, San Antonio, TX 78205; The OCA-Greater Houston Plaintiffs, by and through their attorney of record, Ryan V. Cox, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, TX 78741; The Houston Justice Plaintiffs, by and through their attorney of record, Sarah M. Cummings, Reed Smith LLP, 2850 N. Harwood Street, Suite 1500, Dallas, TX 75201; and The Mi Familia Vota Plaintiffs, by and through their counsel of record, Sean Lyons, Lyons & Lyons, P.C., 237 W. Travis Street, Suite 100, San Antonio, Texas 78205; the United States, by and through its attorney of record, Daniel J. Freeman, Civil Rights Division, U.S. Department of Justice, 950 Pennsylvania Ave, NW, Washington, DC 20530.

Senator Paul Bettencourt serves his Objections and Responses to Private Plaintiffs' Subpoena for Documents.

Date: January 20, 2022                    Respectfully submitted,

KEN PAXTON                                 */s/ Patrick K. Sweeten*
Attorney General of Texas                  PATRICK K. SWEETEN
                                           Deputy Attorney General for Special Litigation
BRENT WEBSTER                              Tex. State Bar No. 00798537
First Assistant Attorney General
                                           WILLIAM T. THOMPSON
                                           Deputy Chief, Special Litigation Unit
                                           Tex. State Bar No. 24088531

                                           ERIC A. HUDSON
                                           Senior Special Counsel

**App094**

Tex. Bar No. 24059977

KATHLEEN T. HUNKER
Special Counsel
Tex. State Bar No. 24118415
*Application for Admission Pending*

LEIF A. OLSON
Special Counsel
Tex. State Bar No. 24032801

JEFFREY M. WHITE
Special Counsel
Tex. State Bar No. 24064380

Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**Counsel for Senator Paul Bettencourt**

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2022, these objections and responses were served on all parties' lead counsel by electronic mail.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN

**App095**

## OBJECTIONS RELEVANT TO EACH REQUEST

These objections apply specifically to each request. They are offered here in the interest of brevity to avoid unnecessary repetition of objections to definitions, scope, and similar issues that afflict each request.

**A. Lack of protective order.**

There is currently no protective order in place between Private Plaintiffs and Senator Bettencourt. To the extent that documents may be discoverable but require additional protections to prevent public disclosure, those documents will be withheld and described in the responses pending entry of an appropriate protective order.

**B. Undue burden and expense.**

**C. The "attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Nonparty subpoenas are subject to the parameters established by Rule 26. *Camoco, LLC v. Leyva*, 333 F.R.D. 603, 607 (W.D. Tex. 2019). Therefore, the discovery sought here is still limited to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Irrelevance and disproportionality.**

The twin requirements of relevancy and proportionality "are related but distinct[.]" *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). If the information sought is irrelevant to a party's claims or defenses, "it is not necessary to determine whether it would be proportional if it were relevant." *Walker v. Pioneer Prod. Servs., Inc.*, No. 15-cv-0645, 2016 WL 1244510, at *3 (E.D. La. Mar. 30, 2016). Conversely, "relevance alone does not translate into automatic discoverability" because "[a]n assessment of proportionality is essential." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019).

Much of the requested production is irrelevant to Private Plaintiffs' claims. in this case. Private Plaintiffs challenge specific portions of Senate Bill 1. Many of the production requests, however, treat SB1 as an undifferentiated whole. Some requests seek documents and communications related to SB7, HB3, and HB6, which were not enacted into law. Such requests are overly broad and exceedingly likely to sweep in vast amounts irrelevant information.

**App096**

The request also is disproportionate to the needs of the case. Rule 26(b) was amended in 2015 "to emphasize the need for proportionality," *Prasad v. George Washington Univ.*, 323 F.R.D. 88, 91 (D.D.C. 2017), and "highlight[] its significance," *Mannina v. D.C.*, 334 F.R.D. 336, 339 n.4 (D.D.C. 2020); *see also* Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary, at 6 ("Rule 26(b)(1) crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality[.]"). This addition of overt "proportional" language was meant to better reflect the intent of the 1983 amendments, which were designed "to deal with the problem of over-discovery." Fed. R. Civ. P. 26(b) advisory committee's note (2015) (quoting the 1983 advisory notes). However, this "clear focus of the 1983 provisions may have been softened, although inadvertently, by the amendments made in 1993." *Id.* The 2015 amendment sought to "restore[] the proportionality factors to their original place in defining the scope of discovery" and reinforce the parties' obligation "to consider these factors in making discovery requests, responses, or objections." *Id.* As fully restored, the proportionality requirement "relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019), cert. denied, 140 S. Ct. 672 (2019). Accordingly, Senator Bettencourt objects to the subpoena to the extent that it falls short of this more stringent proportionality standard.

In particular, Senator Bettencourt objects to requests for "all documents" and "all communications" to the extent that responding would require him to search and examine every email directed to or from his office. Because Senator Bettencourt is an elected official whose contact information is publicly available, his office receives thousands of emails from various sources each session. Conducting such a search and review is disproportionate to the needs of the case and unduly burdensome in terms of both the time and expense it would require.

Senator Bettencourt further objects to each request as unduly burdensome because they ask him to gather documents that are publicly available or otherwise equally accessible to the Private Plaintiffs or that are within the possession, custody, or control of third parties. To the extent that topics were debated in connection with SB1, potentially responsive materials are publicly accessible in SB1's bill history, *see* Texas Legislature Online, https://capitol.texas.gov/BillLookup/History.aspx?

**App097**

LegSess=872&Bill=SB1, and in the Legislative Reference Library of Texas, which contains activity concerning specific legislation, including statements about legislation by individual legislators, *see* https://lrl.texas.gov/collections/journals/journals.cfm.

### D.  Legislative privilege.

Given that Senator Bettencourt is a legislator, and the requested production directly relates to legislative activities, much of the requested production is subject to legislative privilege. The privilege protects not only legislators, but their staff and aides as well. *See Gravel v. United States*, 408 U.S. 606, 615-16 (1972). The privilege also extends to "officials outside the legislative branch" when such officials "perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 731–34 (1980)). In particular, requests for "all communications" necessarily include within their scope communications between Senator Bettencourt and his staff, Senator Bettencourt and other legislators, and Senator Bettencourt and other individuals or agencies that are acting within the sphere of legitimate legislative activity. Such communications and deliberations are protected by legislative privilege. *See Bogan*, 523 U.S. at 55; *Gravel*, 408 U.S. at 624–25; and *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951).

### E.  Retention of right to object.

The inadvertent production or disclosure of any privileged documents or information is not a waiver of any privilege that may apply to that document or information, the contents or subject matter thereof, or other such documents or discovery requested or produced either now or in the future. Senator Bettencourt reserves the right withhold documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. Senator Bettencourt likewise does not waive the right to object to (1) the evidentiary use of documents produced in response to these requests and (2) discovery requests relating to those documents.

Similarly, these responses and objections are not an agreement with any party's characterization of any facts, circumstances, or legal obligations. Senator Bettencourt reserves the right

App098

to contest any such characterization as inaccurate and object to the Requests insofar as they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

**F.  Scope of these requests under the applicable rules.**

Senator Bettencourt's responses and objections are based on terms as they are commonly understood or, as appropriate, defined by the Federal Rules of Civil Procedure and the Local Rules. Senator Bettencourt objects to Private Plaintiffs' definitions and instructions to the extent that they purport to expand or modify those rules, the definitions contained in them, or the obligations required by them.

6

SPECIFIC OBJECTIONS AND RESPONSES TO
PRIVATE PLAINTIFFS' SUBPOENA FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with the following methods of voting during the period from 2020 to present:

    a. Drop-box voting;
    b. Drive-thru voting;
    c. 24-hour voting;
    d. Straight-ticket voting;
    e. Vote-by-mail;
    f. Early voting.

**RESPONSE:**

Senator Bettencourt objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Senator Bettencourt further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth; it seeks materials regardless of whether they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Senator Bettencourt is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, as a member of the legislative branch, Senator Bettencourt is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Senator Bettencourt to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Senator Bettencourt has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 2:** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with voter assistance, including transportation assistance, during the period from 2020 to present.

    **RESPONSE:**

    Senator Bettencourt objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

    Senator Bettencourt further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials regardless of whether they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, Private Plaintiffs neither define the term "voter assistance" nor limit its application to the portions of SB1 that are at issue in this case. The request is therefore unduly burdensome and disproportionate to the needs of the case because it encompasses all manner of activities that are irrelevant to this litigation. For example, Texas Election Code §§ 64.032, .0321, .033, and .035 all concern some form of voting assistance, but none are at issue in this suit—and indeed were not even amended by SB1. Nonetheless, any documents or communications involving criminal conduct in relation to those provisions would plainly fall within the scope of this request. Senator Bettencourt is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

    Senator Bettencourt further objects that this request is unduly burdensome because of its overlap with Request No. 1, which also seeks information on "illegal voting, election fraud, or other criminal conduct[.]" To the extent it duplicates Request No. 1, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Senator Bettencourt is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Senator Bettencourt to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

    Subject to these objections, Senator Bettencourt has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with the ability (or lack thereof) of poll watchers to move and observe the election process in a voting or vote-counting location during the period from 2020 to present.

RESPONSE:

Senator Bettencourt objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Senator Bettencourt further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials regarding poll watchers regardless of whether those materials or the poll watchers' activities are related to the portions of SB1 that Private Plaintiffs challenge in this case. Senator Bettencourt is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Senator Bettencourt objects that this request is unduly burdensome because of its overlap with Request Nos. 1 and 2. Both this request and those requests seek information on "illegal voting, election fraud, or other criminal conduct[.]" To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Senator Bettencourt is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Senator Bettencourt to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Senator Bettencourt has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 4:** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with "vote harvesting services," as defined in SB 1, during the period from 2020 to present.

**RESPONSE:**

Senator Bettencourt objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501. Senator Bettencourt further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C.

Senator Bettencourt objects that this request is unduly burdensome because of its overlap with Request Nos. 1–3. Both this request and those requests seek information on "illegal voting, election fraud, or other criminal conduct[.]" To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Senator Bettencourt is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Senator Bettencourt to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Senator Bettencourt has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 5:** All documents and communications discussing illegal voting, election fraud, or other criminal conduct in the following counties:
   a. Harris County
   b. Bee County
   c. Dallas County
   d. Tarrant County
   e. Bexar County
   f. Travis County
   g. Collin County
   h. El Paso County
   i. Tom Green County

**RESPONSE:**

**App103**

Senator Bettencourt objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Senator Bettencourt further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. Senator Bettencourt is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Senator Bettencourt objects that this request is unduly burdensome because of its overlap with Request Nos. 1–4. Both this request and those requests seek information on "illegal voting, election fraud, or other criminal conduct[.]" To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Senator Bettencourt is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Senator Bettencourt to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Senator Bettencourt has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 6:** All documents and communications related to voting practices, election administration, or voter turnout in the following counties:
   a.  Harris County
   b.  Bee County
   c.  Dallas County
   d.  Tarrant County
   e.  Bexar County
   f.  Travis County
   g.  Collin County

**App104**

h.  El Paso County
i.  Tom Green County

**RESPONSE:**

Senator Bettencourt objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Senator Bettencourt further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. More, Private Plaintiffs do not define the term "voting practices," which is vague therefore overbroad and unduly burdensome. Senator Bettencourt is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, Senator Bettencourt objects that this request is unduly burdensome because of its overlap with Request No. 5. Both this request and that request seek information on the same set of counties. To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Senator Bettencourt is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Senator Bettencourt to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Senator Bettencourt has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 7:** All documents and communications related to the anticipated or potential effect of SB 1, SB 7, HB 3, or HB 6, on the residents of the following counties:
a.  Harris County
b.  Bee County
c.  Dallas County

    d.  Tarrant County
    e.  Bexar County
    f.  Travis County
    g.  Collin County
    h.  El Paso County
    i.  Tom Green County

**RESPONSE:**

Senator Bettencourt objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Senator Bettencourt further objects to this request as unduly burdensome, not proportionate to the needs of the case, and irrelevant. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. Further, it seeks materials related to bills that were not enacted into law and that therefore can neither be a cause of Private Plaintiffs' alleged harms nor make any fact material to a party's claims or defenses more or less likely to be true. Senator Bettencourt is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, Senator Bettencourt objects that this request is unduly burdensome because of its overlap with Request Nos. 5 and 6. Both this request and those requests seek information on the same set of counties. To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Senator Bettencourt is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Senator Bettencourt to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Senator Bettencourt has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**App106**

**REQUEST FOR PRODUCTION NO. 8:** All documents and communications related to the anticipated or potential effect of SB 1, SB 7, HB 3, or HB 6, including the effect on voter turnout and wait times at polling places, by racial or ethnic minorities, partisan affiliation, disabled persons, and persons with limited English proficiency.

**RESPONSE:**

Senator Bettencourt objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Senator Bettencourt further objects to this request as unduly burdensome, not proportionate to the needs of the case, and irrelevant. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. Further, it seeks materials related to bills that were not enacted into law and that therefore can neither be a cause of Private Plaintiffs' alleged harms nor make any fact material to a party's claims or defenses more or less likely to be true. And it seeks materials related to "disabled persons," a term that Private Plaintiffs do not define and that is vague, overbroad, and unduly burdensome. Senator Bettencourt is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, Senator Bettencourt objects that this request is unduly burdensome because of its overlap with Request No. 7. By its very terms—"all documents and communications related to the anticipated or potential effect of" several bills proposed in the Texas Legislature—this request seeks the same information as sought by Request No. 7. To the extent that it duplicates that request, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Senator Bettencourt is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Senator Bettencourt to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Senator Bettencourt has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this

response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 9:** All documents and communications relied on to draft SB 1, SB 7, HB 3, or HB 6.

**RESPONSE:**

Senator Bettencourt objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Senator Bettencourt further objects to this request as unduly burdensome, not proportionate to the needs of the case, and irrelevant. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. Further, it seeks materials related to bills that were not enacted into law and that therefore can neither be a cause of Private Plaintiffs' alleged harms nor make any fact material to a party's claims or defenses more or less likely to be true. And it seeks materials related to "disabled persons," a term that Private Plaintiffs do not define and that is vague, overbroad, and unduly burdensome. Senator Bettencourt is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Subject to these objections, Senator Bettencourt has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 10:** All documents and communications with the following third-party organizations, including any of their affiliates or subsidiaries, regarding SB 1, SB 7, HB 3, or HB 6, including communications regarding the impacts or potential impacts of SB 1, SB 7, HB 3, or HB 6 on racial or ethnic minorities and disabled voters, and on voters by party affiliation:
   a. The Heritage Foundation
   b. The Texas Public Policy Foundation
   c. The American Legislative Exchange Council
   d. The State Policy Network
   e. Honest Elections Project
   f. Public Interest Legal Foundation
   g. American Civil Rights Union
   h. True the Vote

**App108**

    i.    Judicial Watch
    j.    Project Veritas
    k.    The Republican National Committee
    l.    The Republican Party of Texas

**RESPONSE:**

Senator Bettencourt objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Senator Bettencourt further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. More, Private Plaintiffs do not define the term "disabled voters," which is vague therefore overbroad and unduly burdensome. Senator Bettencourt is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, Senator Bettencourt objects that this request is unduly burdensome because of its overlap with Request Nos. 8 and 9. To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Senator Bettencourt is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Further, many of the documents that would be responsive to this request are already available online on the websites of these third-party organizations. And to the extent that this covers private communications, such responsive materials are more likely to be housed with these groups than with Senator Bettencourt, given the relatively short 30-day email-retention policy under which Senator Bettencourt operates. Whether publicly available or held by third parties, the burden of requiring Senator Bettencourt to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Senator Bettencourt has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**App109**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | Case No. 5:21-cv-844-XR |
| v. | § | (Consolidated Cases) |
| | § | |
| | § | |
| THE STATE OF TEXAS, *et al.*, | § | |
| *Defendants*. | § | |

---

### REPRESENTATIVE BRISCOE CAIN'S OBJECTIONS AND RESPONSES TO PRIVATE PLAINTIFFS' SUBPOENA FOR PRODUCTION

TO:   The LULAC Plaintiffs, by and through their attorney of record, Graham W. White, Elias Law Group, 10 G Street NE, Suite 600, Washington DC 20002; The LUPE Plaintiffs, by and through their attorney of record, Nina Perales, Mexican American Legal Defense and Education Fund, 110 Broadway, Suite 300, San Antonio, TX 78205; The OCA-Greater Houston Plaintiffs, by and through their attorney of record, Ryan V. Cox, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, TX 78741; The Houston Justice Plaintiffs, by and through their attorney of record, Sarah M. Cummings, Reed Smith LLP, 2850 N. Harwood Street, Suite 1500, Dallas, TX 75201; and The Mi Familia Vota Plaintiffs, by and through their counsel of record, Sean Lyons, Lyons & Lyons, P.C., 237 W. Travis Street, Suite 100, San Antonio, Texas 78205; the United States, by and through its attorney of record, Daniel J. Freeman, Civil Rights Division, U.S. Department of Justice, 950 Pennsylvania Ave, NW, Washington, DC 20530.

Representative Briscoe Cain serves his Objections and Responses to Private Plaintiffs' Subpoena for Documents.

Date: January 20, 2022

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

ERIC A. HUDSON
Senior Special Counsel

**App110**

Tex. Bar No. 24059977

KATHLEEN T. HUNKER
Special Counsel
Tex. State Bar No. 24118415
*Application for Admission Pending*

LEIF A. OLSON
Special Counsel
Tex. State Bar No. 24032801

JEFFREY M. WHITE
Special Counsel
Tex. State Bar No. 24064380

Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**Counsel for Representative Briscoe Cain**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2022, these objections and responses were served on all

parties' lead counsel by electronic mail.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN

**App111**

## OBJECTIONS RELEVANT TO EACH REQUEST

These objections apply specifically to each request. They are offered here in the interest of brevity to avoid unnecessary repetition of objections to definitions, scope, and similar issues that afflict each request.

**A.  Lack of protective order.**

There is currently no protective order in place between Private Plaintiffs and Representative Cain. To the extent that documents may be discoverable but require additional protections to prevent public disclosure, those documents will be withheld and described in the responses pending entry of an appropriate protective order.

**B.  Undue burden and expense.**

**C.  The "attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Nonparty subpoenas are subject to the parameters established by Rule 26.** *Camoco, LLC v. Leyva***, 333 F.R.D. 603, 607 (W.D. Tex. 2019). Therefore, the discovery sought here is still limited to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Irrelevance and disproportionality.**

The twin requirements of relevancy and proportionality "are related but distinct[.]" *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). If the information sought is irrelevant to a party's claims or defenses, "it is not necessary to determine whether it would be proportional if it were relevant." *Walker v. Pioneer Prod. Servs., Inc.*, No. 15-cv-0645, 2016 WL 1244510, at *3 (E.D. La. Mar. 30, 2016). Conversely, "relevance alone does not translate into automatic discoverability" because "[a]n assessment of proportionality is essential." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019).

Much of the requested production is irrelevant to Private Plaintiffs' claims. in this case. Private Plaintiffs challenge specific portions of Senate Bill 1. Many of the production requests, however, treat SB1 as an undifferentiated whole. Some requests seek documents and communications related to SB7, HB3, and HB6, which were not enacted into law. Such requests are overly broad and exceedingly likely to sweep in vast amounts irrelevant information.

The request also is disproportionate to the needs of the case. Rule 26(b) was amended in 2015 "to emphasize the need for proportionality," *Prasad v. George Washington Univ.*, 323 F.R.D. 88, 91 (D.D.C. 2017), and "highlight[] its significance," *Mannina v. D.C.*, 334 F.R.D. 336, 339 n.4 (D.D.C. 2020); *see also* Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary, at 6 ("Rule 26(b)(1) crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality[.]"). This addition of overt "proportional" language was meant to better reflect the intent of the 1983 amendments, which were designed "to deal with the problem of over-discovery." Fed. R. Civ. P. 26(b) advisory committee's note (2015) (quoting the 1983 advisory notes). However, this "clear focus of the 1983 provisions may have been softened, although inadvertently, by the amendments made in 1993." *Id.* The 2015 amendment sought to "restore[] the proportionality factors to their original place in defining the scope of discovery" and reinforce the parties' obligation "to consider these factors in making discovery requests, responses, or objections." *Id.* As fully restored, the proportionality requirement "relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019), cert. denied, 140 S. Ct. 672 (2019). Accordingly, Representative Cain objects to the subpoena to the extent that it falls short of this more stringent proportionality standard.

In particular, Representative Cain objects to requests for "all documents" and "all communications" to the extent that responding would require him to search and examine every email directed to or from his office. Because Representative Cain is an elected official whose contact information is publicly available, his office receives thousands of emails from various sources each session. Conducting such a search and review is disproportionate to the needs of the case and unduly burdensome in terms of both the time and expense it would require.

Representative Cain further objects to each request as unduly burdensome because they ask him to gather documents that are publicly available or otherwise equally accessible to the Private Plaintiffs or that are within the possession, custody, or control of third parties. To the extent that topics were debated in connection with SB1, potentially responsive materials are publicly accessible in SB1's bill history, *see* Texas Legislature Online, https://capitol.texas.gov/BillLookup/History.aspx?

LegSess=872&Bill=SB1, and in the Legislative Reference Library of Texas, which contains activity concerning specific legislation, including statements about legislation by individual legislators, *see* https://lrl.texas.gov/collections/journals/journals.cfm.

## D.  Legislative privilege.

Given that Representative Cain is a legislator, and the requested production directly relates to legislative activities, much of the requested production is subject to legislative privilege. The privilege protects not only legislators, but their staff and aides as well. *See Gravel v. United States*, 408 U.S. 606, 615-16 (1972). The privilege also extends to "officials outside the legislative branch" when such officials "perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 731–34 (1980)). In particular, requests for "all communications" necessarily include within their scope communications between Representative Cain and his staff, Representative Cain and other legislators, and Representative Cain and other individuals or agencies that are acting within the sphere of legitimate legislative activity. Such communications and deliberations are protected by legislative privilege. *See Bogan*, 523 U.S. at 55; *Gravel*, 408 U.S. at 624–25; and *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951).

## E.  Retention of right to object.

The inadvertent production or disclosure of any privileged documents or information is not a waiver of any privilege that may apply to that document or information, the contents or subject matter thereof, or other such documents or discovery requested or produced either now or in the future. Representative Cain reserves the right withhold documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. Representative Cain likewise does not waive the right to object to (1) the evidentiary use of documents produced in response to these requests and (2) discovery requests relating to those documents.

Similarly, these responses and objections are not an agreement with any party's characterization of any facts, circumstances, or legal obligations. Representative Cain reserves the right

**App114**

to contest any such characterization as inaccurate and object to the Requests insofar as they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

**F.  Scope of these requests under the applicable rules.**

Representative Cain's responses and objections are based on terms as they are commonly understood or, as appropriate, defined by the Federal Rules of Civil Procedure and the Local Rules. Representative Cain objects to Private Plaintiffs' definitions and instructions to the extent that they purport to expand or modify those rules, the definitions contained in them, or the obligations required by them.

6

SPECIFIC OBJECTIONS AND RESPONSES TO
PRIVATE PLAINTIFFS' SUBPOENA FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with the following methods of voting during the period from 2020 to present:

   a.  Drop-box voting;
   b.  Drive-thru voting;
   c.  24-hour voting;
   d.  Straight-ticket voting;
   e.  Vote-by-mail;
   f.  Early voting.

**RESPONSE:**

Representative Cain objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Representative Cain further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth; it seeks materials regardless of whether they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Representative Cain is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, as a member of the legislative branch, Representative Cain is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Representative Cain to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Cain has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 2:** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with voter assistance, including transportation assistance, during the period from 2020 to present.

**RESPONSE:**

Representative Cain objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Representative Cain further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials regardless of whether they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, Private Plaintiffs neither define the term "voter assistance" nor limit its application to the portions of SB1 that are at issue in this case. The request is therefore unduly burdensome and disproportionate to the needs of the case because it encompasses all manner of activities that are irrelevant to this litigation. For example, Texas Election Code §§ 64.032,.0321,.033, and.035 all concern some form of voting assistance, but none are at issue in this suit—and indeed were not even amended by SB1. Nonetheless, any documents or communications involving criminal conduct in relation to those provisions would plainly fall within the scope of this request. Representative Cain is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Representative Cain further objects that this request is unduly burdensome because of its overlap with Request No. 1, which also seeks information on "illegal voting, election fraud, or other criminal conduct[.]" To the extent it duplicates Request No. 1, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Representative Cain is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Representative Cain to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Cain has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with the ability (or lack thereof) of poll watchers to move and observe the election process in a voting or vote-counting location during the period from 2020 to present.

**RESPONSE:**

Representative Cain objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Representative Cain further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials regarding poll watchers regardless of whether those materials or the poll watchers' activities are related to the portions of SB1 that Private Plaintiffs challenge in this case. Representative Cain is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Representative Cain objects that this request is unduly burdensome because of its overlap with Request Nos. 1 and 2. Both this request and those requests seek information on "illegal voting, election fraud, or other criminal conduct[.]" To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Representative Cain is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Representative Cain to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Cain has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 4:** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with "vote harvesting services," as defined in SB 1, during the period from 2020 to present.

9

**App118**

**RESPONSE:**

Representative Cain objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501. Representative Cain further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C.

Representative Cain objects that this request is unduly burdensome because of its overlap with Request Nos. 1–3. Both this request and those requests seek information on "illegal voting, election fraud, or other criminal conduct[.]" To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Representative Cain is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Representative Cain to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Cain has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 5:** All documents and communications discussing illegal voting, election fraud, or other criminal conduct in the following counties:
    a. Harris County
    b. Bee County
    c. Dallas County
    d. Tarrant County
    e. Bexar County
    f. Travis County
    g. Collin County
    h. El Paso County
    i. Tom Green County

**RESPONSE:**

Representative Cain objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Representative Cain further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. Representative Cain is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Representative Cain objects that this request is unduly burdensome because of its overlap with Request Nos. 1–4. Both this request and those requests seek information on "illegal voting, election fraud, or other criminal conduct[.]" To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Representative Cain is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Representative Cain to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Cain has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 6:** All documents and communications related to voting practices, election administration, or voter turnout in the following counties:
   a.  Harris County
   b.  Bee County
   c.  Dallas County
   d.  Tarrant County
   e.  Bexar County
   f.  Travis County
   g.  Collin County

App120

    h.  El Paso County
    i.  Tom Green County

**RESPONSE:**

Representative Cain objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Representative Cain further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. More, Private Plaintiffs do not define the term "voting practices," which is vague therefore overbroad and unduly burdensome. Representative Cain is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, Representative Cain objects that this request is unduly burdensome because of its overlap with Request No. 5. Both this request and that request seek information on the same set of counties. To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Representative Cain is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Representative Cain to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Cain has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 7:** All documents and communications related to the anticipated or potential effect of SB 1, SB 7, HB 3, or HB 6, on the residents of the following counties:
    a.  Harris County
    b.  Bee County
    c.  Dallas County

App121

d.  Tarrant County
e.  Bexar County
f.  Travis County
g.  Collin County
h.  El Paso County
i.  Tom Green County

**RESPONSE:**

Representative Cain objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Representative Cain further objects to this request as unduly burdensome, not proportionate to the needs of the case, and irrelevant. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. Further, it seeks materials related to bills that were not enacted into law and that therefore can neither be a cause of Private Plaintiffs' alleged harms nor make any fact material to a party's claims or defenses more or less likely to be true. Representative Cain is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, Representative Cain objects that this request is unduly burdensome because of its overlap with Request Nos. 5 and 6. Both this request and those requests seek information on the same set of counties. To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Representative Cain is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Representative Cain to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Cain has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 8:** All documents and communications related to the anticipated or potential effect of SB 1, SB 7, HB 3, or HB 6, including the effect on voter turnout and wait times at polling places, by racial or ethnic minorities, partisan affiliation, disabled persons, and persons with limited English proficiency.

**RESPONSE:**

Representative Cain objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Representative Cain further objects to this request as unduly burdensome, not proportionate to the needs of the case, and irrelevant. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. Further, it seeks materials related to bills that were not enacted into law and that therefore can neither be a cause of Private Plaintiffs' alleged harms nor make any fact material to a party's claims or defenses more or less likely to be true. And it seeks materials related to "disabled persons," a term that Private Plaintiffs do not define and that is vague, overbroad, and unduly burdensome. Representative Cain is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, Representative Cain objects that this request is unduly burdensome because of its overlap with Request No. 7. By its very terms—"all documents and communications related to the anticipated or potential effect of" several bills proposed in the Texas Legislature—this request seeks the same information as sought by Request No. 7. To the extent that it duplicates that request, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Representative Cain is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Representative Cain to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Cain has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this

14

**App123**

response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 9:** All documents and communications relied on to draft SB 1, SB 7, HB 3, or HB 6.

    **RESPONSE:**

    Representative Cain objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

    Representative Cain further objects to this request as unduly burdensome, not proportionate to the needs of the case, and irrelevant. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. Further, it seeks materials related to bills that were not enacted into law and that therefore can neither be a cause of Private Plaintiffs' alleged harms nor make any fact material to a party's claims or defenses more or less likely to be true. And it seeks materials related to "disabled persons," a term that Private Plaintiffs do not define and that is vague, overbroad, and unduly burdensome. Representative Cain is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

    Subject to these objections, Representative Cain has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 10:** All documents and communications with the following third-party organizations, including any of their affiliates or subsidiaries, regarding SB 1, SB 7, HB 3, or HB 6, including communications regarding the impacts or potential impacts of SB 1, SB 7, HB 3, or HB 6 on racial or ethnic minorities and disabled voters, and on voters by party affiliation:

    a.  The Heritage Foundation
    b.  The Texas Public Policy Foundation
    c.  The American Legislative Exchange Council
    d.  The State Policy Network
    e.  Honest Elections Project
    f.  Public Interest Legal Foundation
    g.  American Civil Rights Union
    h.  True the Vote

**App124**

i.   Judicial Watch
j.   Project Veritas
k.   The Republican National Committee
l.   The Republican Party of Texas

**RESPONSE:**

Representative Cain objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Representative Cain further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. More, Private Plaintiffs do not define the term "disabled voters," which is vague therefore overbroad and unduly burdensome. Representative Cain is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, Representative Cain objects that this request is unduly burdensome because of its overlap with Request Nos. 8 and 9. To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Representative Cain is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Further, many of the documents that would be responsive to this request are already available online on the websites of these third-party organizations. And to the extent that this covers private communications, such responsive materials are more likely to be housed with these groups than with Representative Cain, given the relatively short 30-day email-retention policy under which Representative Cain operates. Whether publicly available or held by third parties, the burden of requiring Representative Cain to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Cain has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**App125**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | Case No. 5:21-cv-844-XR |
| v. | § | (Consolidated Cases) |
| | § | |
| THE STATE OF TEXAS, *et al.*, | § | |
| *Defendants*. | § | |

---

### SENATOR BRYAN HUGHES' OBJECTIONS AND RESPONSES TO
### PRIVATE PLAINTIFFS' SUBPOENA FOR PRODUCTION

TO:    The LULAC Plaintiffs, by and through their attorney of record, Graham W. White, Elias Law Group, 10 G Street NE, Suite 600, Washington DC 20002; The LUPE Plaintiffs, by and through their attorney of record, Nina Perales, Mexican American Legal Defense and Education Fund, 110 Broadway, Suite 300, San Antonio, TX 78205; The OCA-Greater Houston Plaintiffs, by and through their attorney of record, Ryan V. Cox, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, TX 78741; The Houston Justice Plaintiffs, by and through their attorney of record, Sarah M. Cummings, Reed Smith LLP, 2850 N. Harwood Street, Suite 1500, Dallas, TX 75201; and The Mi Familia Vota Plaintiffs, by and through their counsel of record, Sean Lyons, Lyons & Lyons, P.C., 237 W. Travis Street, Suite 100, San Antonio, Texas 78205; the United States, by and through its attorney of record, Daniel J. Freeman, Civil Rights Division, U.S. Department of Justice, 950 Pennsylvania Ave, NW, Washington, DC 20530.

Senator Bryan Hughes serves his Objections and Responses to Private Plaintiffs' Subpoena for Documents.

Date: January 20, 2022

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Respectfully submitted,

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

ERIC A. HUDSON
Senior Special Counsel

**App126**

Tex. Bar No. 24059977

KATHLEEN T. HUNKER
Special Counsel
Tex. State Bar No. 24118415
*Application for Admission Pending*

LEIF A. OLSON
Special Counsel
Tex. State Bar No. 24032801

JEFFREY M. WHITE
Special Counsel
Tex. State Bar No. 24064380

Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**Counsel for Senator Bryan Hughes**

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2022, these objections and responses were served on all

parties' lead counsel by electronic mail.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN

2

OBJECTIONS RELEVANT TO EACH REQUEST

These objections apply specifically to each request. They are offered here in the interest of brevity to avoid unnecessary repetition of objections to definitions, scope, and similar issues that afflict each request.

**A.  Lack of protective order.**

There is currently no protective order in place between Private Plaintiffs and Senator Hughes. To the extent that documents may be discoverable but require additional protections to prevent public disclosure, those documents will be withheld and described in the responses pending entry of an appropriate protective order.

**B.  Undue burden and expense.**

**C.  The "attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Nonparty subpoenas are subject to the parameters established by Rule 26.** *Camoco, LLC v. Leyva*, **333 F.R.D. 603, 607 (W.D. Tex. 2019). Therefore, the discovery sought here is still limited to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Irrelevance and disproportionality.**

The twin requirements of relevancy and proportionality "are related but distinct[.]" *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). If the information sought is irrelevant to a party's claims or defenses, "it is not necessary to determine whether it would be proportional if it were relevant." *Walker v. Pioneer Prod. Servs., Inc.*, No. 15-cv-0645, 2016 WL 1244510, at *3 (E.D. La. Mar. 30, 2016). Conversely, "relevance alone does not translate into automatic discoverability" because "[a]n assessment of proportionality is essential." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019).

Much of the requested production is irrelevant to Private Plaintiffs' claims. in this case. Private Plaintiffs challenge specific portions of Senate Bill 1. Many of the production requests, however, treat SB1 as an undifferentiated whole. Some requests seek documents and communications related to SB7, HB3, and HB6, which were not enacted into law. Such requests are overly broad and exceedingly likely to sweep in vast amounts irrelevant information.

The request also is disproportionate to the needs of the case. Rule 26(b) was amended in 2015 "to emphasize the need for proportionality," *Prasad v. George Washington Univ.*, 323 F.R.D. 88, 91 (D.D.C. 2017), and "highlight[] its significance," *Mannina v. D.C.*, 334 F.R.D. 336, 339 n.4 (D.D.C. 2020); *see also* Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary, at 6 ("Rule 26(b)(1) crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality[.]"). This addition of overt "proportional" language was meant to better reflect the intent of the 1983 amendments, which were designed "to deal with the problem of over-discovery." Fed. R. Civ. P. 26(b) advisory committee's note (2015) (quoting the 1983 advisory notes). However, this "clear focus of the 1983 provisions may have been softened, although inadvertently, by the amendments made in 1993." *Id.* The 2015 amendment sought to "restore[] the proportionality factors to their original place in defining the scope of discovery" and reinforce the parties' obligation "to consider these factors in making discovery requests, responses, or objections." *Id.* As fully restored, the proportionality requirement "relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019), cert. denied, 140 S. Ct. 672 (2019). Accordingly, Senator Hughes objects to the subpoena to the extent that it falls short of this more stringent proportionality standard.

In particular, Senator Hughes objects to requests for "all documents" and "all communications" to the extent that responding would require him to search and examine every email directed to or from his office. Because Senator Hughes is an elected official whose contact information is publicly available, his office receives thousands of emails from various sources each session. Conducting such a search and review is disproportionate to the needs of the case and unduly burdensome in terms of both the time and expense it would require.

Senator Hughes further objects to each request as unduly burdensome because they ask him to gather documents that are publicly available or otherwise equally accessible to the Private Plaintiffs or that are within the possession, custody, or control of third parties. To the extent that topics were debated in connection with SB1, potentially responsive materials are publicly accessible in SB1's bill history, *see* Texas Legislature Online, https://capitol.texas.gov/BillLookup/History.aspx?

LegSess=872&Bill=SB1, and in the Legislative Reference Library of Texas, which contains activity concerning specific legislation, including statements about legislation by individual legislators, *see* https://lrl.texas.gov/collections/journals/journals.cfm.

**D.  Legislative privilege.**

Given that Senator Hughes is a legislator, and the requested production directly relates to legislative activities, much of the requested production is subject to legislative privilege. The privilege protects not only legislators, but their staff and aides as well. *See Gravel v. United States*, 408 U.S. 606, 615-16 (1972). The privilege also extends to "officials outside the legislative branch" when such officials "perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 731–34 (1980)). In particular, requests for "all communications" necessarily include within their scope communications between Senator Hughes and his staff, Senator Hughes and other legislators, and Senator Hughes and other individuals or agencies that are acting within the sphere of legitimate legislative activity. Such communications and deliberations are protected by legislative privilege. *See Bogan*, 523 U.S. at 55; *Gravel*, 408 U.S. at 624–25; and *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951).

**E.  Retention of right to object.**

The inadvertent production or disclosure of any privileged documents or information is not a waiver of any privilege that may apply to that document or information, the contents or subject matter thereof, or other such documents or discovery requested or produced either now or in the future. Senator Hughes reserves the right withhold documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. Senator Hughes likewise does not waive the right to object to (1) the evidentiary use of documents produced in response to these requests and (2) discovery requests relating to those documents.

Similarly, these responses and objections are not an agreement with any party's characterization of any facts, circumstances, or legal obligations. Senator Hughes reserves the right to

contest any such characterization as inaccurate and object to the Requests insofar as they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

**F.  Scope of these requests under the applicable rules.**

Senator Hughes' responses and objections are based on terms as they are commonly understood or, as appropriate, defined by the Federal Rules of Civil Procedure and the Local Rules. Senator Hughes objects to Private Plaintiffs' definitions and instructions to the extent that they purport to expand or modify those rules, the definitions contained in them, or the obligations required by them.

**SPECIFIC OBJECTIONS AND RESPONSES TO**
**PRIVATE PLAINTIFFS' SUBPOENA FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with the following methods of voting during the period from 2020 to present:

  a. Drop-box voting;
  b. Drive-thru voting;
  c. 24-hour voting;
  d. Straight-ticket voting;
  e. Vote-by-mail;
  f. Early voting.

**RESPONSE:**

Senator Hughes objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Senator Hughes further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth; it seeks materials regardless of whether they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Senator Hughes is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, as a member of the legislative branch, Senator Hughes is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Senator Hughes to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Senator Hughes has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**App132**

**REQUEST FOR PRODUCTION NO. 2:** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with voter assistance, including transportation assistance, during the period from 2020 to present.

**RESPONSE:**

Senator Hughes objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Senator Hughes further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials regardless of whether they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, Private Plaintiffs neither define the term "voter assistance" nor limit its application to the portions of SB1 that are at issue in this case. The request is therefore unduly burdensome and disproportionate to the needs of the case because it encompasses all manner of activities that are irrelevant to this litigation. For example, Texas Election Code §§ 64.032, .0321, .033, and .035 all concern some form of voting assistance, but none are at issue in this suit—and indeed were not even amended by SB1. Nonetheless, any documents or communications involving criminal conduct in relation to those provisions would plainly fall within the scope of this request. Senator Hughes is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Senator Hughes further objects that this request is unduly burdensome because of its overlap with Request No. 1, which also seeks information on "illegal voting, election fraud, or other criminal conduct[.]" To the extent it duplicates Request No. 1, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Senator Hughes is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Senator Hughes to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Senator Hughes has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**App133**

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with the ability (or lack thereof) of poll watchers to move and observe the election process in a voting or vote-counting location during the period from 2020 to present.

**RESPONSE:**

Senator Hughes objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Senator Hughes further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials regarding poll watchers regardless of whether those materials or the poll watchers' activities are related to the portions of SB1 that Private Plaintiffs challenge in this case. Senator Hughes is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Senator Hughes objects that this request is unduly burdensome because of its overlap with Request Nos. 1 and 2. Both this request and those requests seek information on "illegal voting, election fraud, or other criminal conduct[.]" To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Senator Hughes is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Senator Hughes to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Senator Hughes has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 4:** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with "vote harvesting services," as defined in SB 1, during the period from 2020 to present.

**RESPONSE:**

Senator Hughes objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501. Senator Hughes further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C.

Senator Hughes objects that this request is unduly burdensome because of its overlap with Request Nos. 1–3. Both this request and those requests seek information on "illegal voting, election fraud, or other criminal conduct[.]" To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Senator Hughes is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Senator Hughes to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Senator Hughes has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 5:** All documents and communications discussing illegal voting, election fraud, or other criminal conduct in the following counties:
   a. Harris County
   b. Bee County
   c. Dallas County
   d. Tarrant County
   e. Bexar County
   f. Travis County
   g. Collin County
   h. El Paso County
   i. Tom Green County

**RESPONSE:**

Senator Hughes objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and

App135

deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Senator Hughes further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. Senator Hughes is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Senator Hughes objects that this request is unduly burdensome because of its overlap with Request Nos. 1–4. Both this request and those requests seek information on "illegal voting, election fraud, or other criminal conduct[.]" To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Senator Hughes is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Senator Hughes to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Senator Hughes has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 6:** All documents and communications related to voting practices, election administration, or voter turnout in the following counties:
   a. Harris County
   b. Bee County
   c. Dallas County
   d. Tarrant County
   e. Bexar County
   f. Travis County
   g. Collin County
   h. El Paso County
   i. Tom Green County

   **RESPONSE:**

Senator Hughes objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Senator Hughes further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. More, Private Plaintiffs do not define the term "voting practices," which is vague therefore overbroad and unduly burdensome. Senator Hughes is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, Senator Hughes objects that this request is unduly burdensome because of its overlap with Request No. 5. Both this request and that request seek information on the same set of counties. To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Senator Hughes is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Senator Hughes to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Senator Hughes has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 7:** All documents and communications related to the anticipated or potential effect of SB 1, SB 7, HB 3, or HB 6, on the residents of the following counties:

    a. Harris County
    b. Bee County
    c. Dallas County
    d. Tarrant County
    e. Bexar County
    f. Travis County
    g. Collin County

App137

    h.  El Paso County
    i.  Tom Green County

**RESPONSE:**

Senator Hughes objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Senator Hughes further objects to this request as unduly burdensome, not proportionate to the needs of the case, and irrelevant. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. Further, it seeks materials related to bills that were not enacted into law and that therefore can neither be a cause of Private Plaintiffs' alleged harms nor make any fact material to a party's claims or defenses more or less likely to be true. Senator Hughes is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, Senator Hughes objects that this request is unduly burdensome because of its overlap with Request Nos. 5 and 6. Both this request and those requests seek information on the same set of counties. To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Senator Hughes is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Senator Hughes to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Senator Hughes has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 8:** All documents and communications related to the anticipated or potential effect of SB 1, SB 7, HB 3, or HB 6, including the effect on voter turnout and wait times at polling places, by racial or ethnic minorities, partisan affiliation, disabled persons, and persons with limited English proficiency.

**RESPONSE:**

Senator Hughes objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Senator Hughes further objects to this request as unduly burdensome, not proportionate to the needs of the case, and irrelevant. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. Further, it seeks materials related to bills that were not enacted into law and that therefore can neither be a cause of Private Plaintiffs' alleged harms nor make any fact material to a party's claims or defenses more or less likely to be true. And it seeks materials related to "disabled persons," a term that Private Plaintiffs do not define and that is vague, overbroad, and unduly burdensome. Senator Hughes is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, Senator Hughes objects that this request is unduly burdensome because of its overlap with Request No. 7. By its very terms—"all documents and communications related to the anticipated or potential effect of" several bills proposed in the Texas Legislature—this request seeks the same information as sought by Request No. 7. To the extent that it duplicates that request, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Senator Hughes is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Senator Hughes to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Senator Hughes has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 9:** All documents and communications relied on to draft SB 1, SB 7, HB 3, or HB 6.

**RESPONSE:**

Senator Hughes objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Senator Hughes further objects to this request as unduly burdensome, not proportionate to the needs of the case, and irrelevant. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. Further, it seeks materials related to bills that were not enacted into law and that therefore can neither be a cause of Private Plaintiffs' alleged harms nor make any fact material to a party's claims or defenses more or less likely to be true. And it seeks materials related to "disabled persons," a term that Private Plaintiffs do not define and that is vague, overbroad, and unduly burdensome. Senator Hughes is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Subject to these objections, Senator Hughes has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 10:** All documents and communications with the following third-party organizations, including any of their affiliates or subsidiaries, regarding SB 1, SB 7, HB 3, or HB 6, including communications regarding the impacts or potential impacts of SB 1, SB 7, HB 3, or HB 6 on racial or ethnic minorities and disabled voters, and on voters by party affiliation:

a. The Heritage Foundation
b. The Texas Public Policy Foundation
c. The American Legislative Exchange Council
d. The State Policy Network
e. Honest Elections Project
f. Public Interest Legal Foundation
g. American Civil Rights Union
h. True the Vote
i. Judicial Watch
j. Project Veritas
k. The Republican National Committee
l. The Republican Party of Texas

**RESPONSE:**

15

**App140**

Senator Hughes objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Senator Hughes further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. More, Private Plaintiffs do not define the term "disabled voters," which is vague therefore overbroad and unduly burdensome. Senator Hughes is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, Senator Hughes objects that this request is unduly burdensome because of its overlap with Request Nos. 8 and 9. To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Senator Hughes is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Further, many of the documents that would be responsive to this request are already available online on the websites of these third-party organizations. And to the extent that this covers private communications, such responsive materials are more likely to be housed with these groups than with Senator Hughes, given the relatively short 30-day email-retention policy under which Senator Hughes operates. Whether publicly available or held by third parties, the burden of requiring Senator Hughes to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Senator Hughes has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*,<br>    *Plaintiffs*, | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 5:21-cv-844-XR<br>(Consolidated Cases) |
| THE STATE OF TEXAS, *et al.*,<br>    *Defendants*. | §<br>§<br>§<br>§ | |

### REPRESENTATIVE ANDREW MURR'S OBJECTIONS AND RESPONSES TO PRIVATE PLAINTIFFS' SUBPOENA FOR PRODUCTION

TO:   The LULAC Plaintiffs, by and through their attorney of record, Graham W. White, Elias Law Group, 10 G Street NE, Suite 600, Washington DC 20002; The LUPE Plaintiffs, by and through their attorney of record, Nina Perales, Mexican American Legal Defense and Education Fund, 110 Broadway, Suite 300, San Antonio, TX 78205; The OCA-Greater Houston Plaintiffs, by and through their attorney of record, Ryan V. Cox, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, TX 78741; The Houston Justice Plaintiffs, by and through their attorney of record, Sarah M. Cummings, Reed Smith LLP, 2850 N. Harwood Street, Suite 1500, Dallas, TX 75201; and The Mi Familia Vota Plaintiffs, by and through their counsel of record, Sean Lyons, Lyons & Lyons, P.C., 237 W. Travis Street, Suite 100, San Antonio, Texas 78205; the United States, by and through its attorney of record, Daniel J. Freeman, Civil Rights Division, U.S. Department of Justice, 950 Pennsylvania Ave, NW, Washington, DC 20530.

Representative Andrew Murr serves his Objections and Responses to Private Plaintiffs' Subpoena for Documents.

Date: January 20, 2022

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

ERIC A. HUDSON
Senior Special Counsel

**App142**

Tex. Bar No. 24059977

KATHLEEN T. HUNKER
Special Counsel
Tex. State Bar No. 24118415
*Application for Admission Pending*

LEIF A. OLSON
Special Counsel
Tex. State Bar No. 24032801

JEFFREY M. WHITE
Special Counsel
Tex. State Bar No. 24064380

Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**Counsel for Representative Andrew Murr**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2022, these objections and responses were served on all parties' lead counsel by electronic mail.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN

2

**App143**

**OBJECTIONS RELEVANT TO EACH REQUEST**

These objections apply specifically to each request. They are offered here in the interest of brevity to avoid unnecessary repetition of objections to definitions, scope, and similar issues that afflict each request.

**A. Lack of protective order.**

There is currently no protective order in place between Private Plaintiffs and Representative Murr. To the extent that documents may be discoverable but require additional protections to prevent public disclosure, those documents will be withheld and described in the responses pending entry of an appropriate protective order.

**B. Undue burden and expense.**

**C. The "attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Nonparty subpoenas are subject to the parameters established by Rule 26.** *Camoco, LLC v. Leyva***, 333 F.R.D. 603, 607 (W.D. Tex. 2019). Therefore, the discovery sought here is still limited to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Irrelevance and disproportionality.**

The twin requirements of relevancy and proportionality "are related but distinct[.]" *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). If the information sought is irrelevant to a party's claims or defenses, "it is not necessary to determine whether it would be proportional if it were relevant." *Walker v. Pioneer Prod. Servs., Inc.*, No. 15-cv-0645, 2016 WL 1244510, at *3 (E.D. La. Mar. 30, 2016). Conversely, "relevance alone does not translate into automatic discoverability" because "[a]n assessment of proportionality is essential." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019).

Much of the requested production is irrelevant to Private Plaintiffs' claims. in this case. Private Plaintiffs challenge specific portions of Senate Bill 1. Many of the production requests, however, treat SB1 as an undifferentiated whole. Some requests seek documents and communications related to SB7, HB3, and HB6, which were not enacted into law. Such requests are overly broad and exceedingly likely to sweep in vast amounts irrelevant information.

3

The request also is disproportionate to the needs of the case. Rule 26(b) was amended in 2015 "to emphasize the need for proportionality," *Prasad v. George Washington Univ.*, 323 F.R.D. 88, 91 (D.D.C. 2017), and "highlight[] its significance," *Mannina v. D.C.*, 334 F.R.D. 336, 339 n.4 (D.D.C. 2020); *see also* Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary, at 6 ("Rule 26(b)(1) crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality[.]"). This addition of overt "proportional" language was meant to better reflect the intent of the 1983 amendments, which were designed "to deal with the problem of over-discovery." Fed. R. Civ. P. 26(b) advisory committee's note (2015) (quoting the 1983 advisory notes). However, this "clear focus of the 1983 provisions may have been softened, although inadvertently, by the amendments made in 1993." *Id.* The 2015 amendment sought to "restore[] the proportionality factors to their original place in defining the scope of discovery" and reinforce the parties' obligation "to consider these factors in making discovery requests, responses, or objections." *Id.* As fully restored, the proportionality requirement "relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019), cert. denied, 140 S. Ct. 672 (2019). Accordingly, Representative Murr objects to the subpoena to the extent that it falls short of this more stringent proportionality standard.

In particular, Representative Murr objects to requests for "all documents" and "all communications" to the extent that responding would require him to search and examine every email directed to or from his office. Because Representative Murr is an elected official whose contact information is publicly available, his office receives thousands of emails from various sources each session. Conducting such a search and review is disproportionate to the needs of the case and unduly burdensome in terms of both the time and expense it would require.

Representative Murr further objects to each request as unduly burdensome because they ask him to gather documents that are publicly available or otherwise equally accessible to the Private Plaintiffs or that are within the possession, custody, or control of third parties. To the extent that topics were debated in connection with SB1, potentially responsive materials are publicly accessible in SB1's bill history, *see* Texas Legislature Online, https://capitol.texas.gov/BillLookup/History.aspx?

**App145**

LegSess=872&Bill=SB1, and in the Legislative Reference Library of Texas, which contains activity concerning specific legislation, including statements about legislation by individual legislators, *see* https://lrl.texas.gov/collections/journals/journals.cfm.

## D.  Legislative privilege.

Given that Representative Murr is a legislator, and the requested production directly relates to legislative activities, much of the requested production is subject to legislative privilege. The privilege protects not only legislators, but their staff and aides as well. *See Gravel v. United States*, 408 U.S. 606, 615-16 (1972). The privilege also extends to "officials outside the legislative branch" when such officials "perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 731–34 (1980)). In particular, requests for "all communications" necessarily include within their scope communications between Representative Murr and his staff, Representative Murr and other legislators, and Representative Murr and other individuals or agencies that are acting within the sphere of legitimate legislative activity. Such communications and deliberations are protected by legislative privilege. *See Bogan*, 523 U.S. at 55; *Gravel*, 408 U.S. at 624–25; and *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951).

## E.  Retention of right to object.

The inadvertent production or disclosure of any privileged documents or information is not a waiver of any privilege that may apply to that document or information, the contents or subject matter thereof, or other such documents or discovery requested or produced either now or in the future. Representative Murr reserves the right withhold documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. Representative Murr likewise does not waive the right to object to (1) the evidentiary use of documents produced in response to these requests and (2) discovery requests relating to those documents.

Similarly, these responses and objections are not an agreement with any party's characterization of any facts, circumstances, or legal obligations. Representative Murr reserves the

right to contest any such characterization as inaccurate and object to the Requests insofar as they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

**F.  Scope of these requests under the applicable rules.**

Representative Murr's responses and objections are based on terms as they are commonly understood or, as appropriate, defined by the Federal Rules of Civil Procedure and the Local Rules. Representative Murr objects to Private Plaintiffs' definitions and instructions to the extent that they purport to expand or modify those rules, the definitions contained in them, or the obligations required by them.

**App147**

SPECIFIC OBJECTIONS AND RESPONSES TO
PRIVATE PLAINTIFFS' SUBPOENA FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with the following methods of voting during the period from 2020 to present:

    a.   Drop-box voting;
    b.   Drive-thru voting;
    c.   24-hour voting;
    d.   Straight-ticket voting;
    e.   Vote-by-mail;
    f.   Early voting.

**RESPONSE:**

Representative Murr objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Representative Murr further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth; it seeks materials regardless of whether they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Representative Murr is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, as a member of the legislative branch, Representative Murr is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Representative Murr to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Murr has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**App148**

**REQUEST FOR PRODUCTION NO. 2:** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with voter assistance, including transportation assistance, during the period from 2020 to present.

**RESPONSE:**

Representative Murr objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Representative Murr further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials regardless of whether they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, Private Plaintiffs neither define the term "voter assistance" nor limit its application to the portions of SB1 that are at issue in this case. The request is therefore unduly burdensome and disproportionate to the needs of the case because it encompasses all manner of activities that are irrelevant to this litigation. For example, Texas Election Code §§ 64.032,.0321,.033, and.035 all concern some form of voting assistance, but none are at issue in this suit—and indeed were not even amended by SB1. Nonetheless, any documents or communications involving criminal conduct in relation to those provisions would plainly fall within the scope of this request. Representative Murr is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Representative Murr further objects that this request is unduly burdensome because of its overlap with Request No. 1, which also seeks information on "illegal voting, election fraud, or other criminal conduct[.]" To the extent it duplicates Request No. 1, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Representative Murr is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Representative Murr to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Murr has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**App149**

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with the ability (or lack thereof) of poll watchers to move and observe the election process in a voting or vote-counting location during the period from 2020 to present.

RESPONSE:

Representative Murr objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Representative Murr further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials regarding poll watchers regardless of whether those materials or the poll watchers' activities are related to the portions of SB1 that Private Plaintiffs challenge in this case. Representative Murr is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Representative Murr objects that this request is unduly burdensome because of its overlap with Request Nos. 1 and 2. Both this request and those requests seek information on "illegal voting, election fraud, or other criminal conduct[.]" To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Representative Murr is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Representative Murr to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Murr has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 4:** All documents and communications regarding illegal voting, election fraud, or other criminal conduct in connection with "vote harvesting services," as defined in SB 1, during the period from 2020 to present.

**RESPONSE:**

Representative Murr objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501. Representative Murr further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C.

Representative Murr objects that this request is unduly burdensome because of its overlap with Request Nos. 1–3. Both this request and those requests seek information on "illegal voting, election fraud, or other criminal conduct[.]" To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Representative Murr is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Representative Murr to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Murr has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 5:** All documents and communications discussing illegal voting, election fraud, or other criminal conduct in the following counties:
a.  Harris County
b.  Bee County
c.  Dallas County
d.  Tarrant County
e.  Bexar County
f.  Travis County
g.  Collin County
h.  El Paso County
i.  Tom Green County

**RESPONSE:**

Representative Murr objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Representative Murr further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. Representative Murr is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Representative Murr objects that this request is unduly burdensome because of its overlap with Request Nos. 1–4. Both this request and those requests seek information on "illegal voting, election fraud, or other criminal conduct[.]" To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Representative Murr is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Representative Murr to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Murr has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 6:** All documents and communications related to voting practices, election administration, or voter turnout in the following counties:
   a.   Harris County
   b.   Bee County
   c.   Dallas County
   d.   Tarrant County
   e.   Bexar County
   f.   Travis County
   g.   Collin County

**App152**

h. El Paso County
i. Tom Green County

**RESPONSE:**

Representative Murr objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Representative Murr further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. More, Private Plaintiffs do not define the term "voting practices," which is vague therefore overbroad and unduly burdensome. Representative Murr is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, Representative Murr objects that this request is unduly burdensome because of its overlap with Request No. 5. Both this request and that request seek information on the same set of counties. To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Representative Murr is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Representative Murr to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Murr has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 7:** All documents and communications related to the anticipated or potential effect of SB 1, SB 7, HB 3, or HB 6, on the residents of the following counties:
a. Harris County
b. Bee County
c. Dallas County

    d.   Tarrant County

    e.   Bexar County

    f.   Travis County

    g.   Collin County

    h.   El Paso County

    i.   Tom Green County

**RESPONSE:**

Representative Murr objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Representative Murr further objects to this request as unduly burdensome, not proportionate to the needs of the case, and irrelevant. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. Further, it seeks materials related to bills that were not enacted into law and that therefore can neither be a cause of Private Plaintiffs' alleged harms nor make any fact material to a party's claims or defenses more or less likely to be true. Representative Murr is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, Representative Murr objects that this request is unduly burdensome because of its overlap with Request Nos. 5 and 6. Both this request and those requests seek information on the same set of counties. To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Representative Murr is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Representative Murr to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Murr has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 8:** All documents and communications related to the anticipated or potential effect of SB 1, SB 7, HB 3, or HB 6, including the effect on voter turnout and wait times at polling places, by racial or ethnic minorities, partisan affiliation, disabled persons, and persons with limited English proficiency.

**RESPONSE:**

Representative Murr objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Representative Murr further objects to this request as unduly burdensome, not proportionate to the needs of the case, and irrelevant. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. Further, it seeks materials related to bills that were not enacted into law and that therefore can neither be a cause of Private Plaintiffs' alleged harms nor make any fact material to a party's claims or defenses more or less likely to be true. And it seeks materials related to "disabled persons," a term that Private Plaintiffs do not define and that is vague, overbroad, and unduly burdensome. Representative Murr is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, Representative Murr objects that this request is unduly burdensome because of its overlap with Request No. 7. By its very terms—"all documents and communications related to the anticipated or potential effect of" several bills proposed in the Texas Legislature—this request seeks the same information as sought by Request No. 7. To the extent that it duplicates that request, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Representative Murr is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Whether publicly available or held by third parties, the burden of requiring Representative Murr to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Murr has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this

response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 9:** All documents and communications relied on to draft SB 1, SB 7, HB 3, or HB 6.

**RESPONSE:**

Representative Murr objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Representative Murr further objects to this request as unduly burdensome, not proportionate to the needs of the case, and irrelevant. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. Further, it seeks materials related to bills that were not enacted into law and that therefore can neither be a cause of Private Plaintiffs' alleged harms nor make any fact material to a party's claims or defenses more or less likely to be true. And it seeks materials related to "disabled persons," a term that Private Plaintiffs do not define and that is vague, overbroad, and unduly burdensome. Representative Murr is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Subject to these objections, Representative Murr has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

**REQUEST FOR PRODUCTION NO. 10:** All documents and communications with the following third-party organizations, including any of their affiliates or subsidiaries, regarding SB 1, SB 7, HB 3, or HB 6, including communications regarding the impacts or potential impacts of SB 1, SB 7, HB 3, or HB 6 on racial or ethnic minorities and disabled voters, and on voters by party affiliation:
   a. The Heritage Foundation
   b. The Texas Public Policy Foundation
   c. The American Legislative Exchange Council
   d. The State Policy Network
   e. Honest Elections Project
   f. Public Interest Legal Foundation
   g. American Civil Rights Union
   h. True the Vote

**App156**

     i.    Judicial Watch
     j.    Project Veritas
     k.   The Republican National Committee
     l.   The Republican Party of Texas

**RESPONSE:**

Representative Murr objects to this request because it calls for producing documents that are subject to legislative privilege. *See* Objections § D. He further objects that this requests calls for documents that are subject to the attorney-client, attorney work-product, investigative, and deliberative-process privileges and that it calls for documents protected from disclosure by Texas Government Code § 323.017, which are privileged under Fed. R. Evid. 501.

Representative Murr further objects to this request as unduly burdensome and not proportionate to the needs of the case. *See* Objections § C. The undue burden and disproportionality of this request are compounded by its overbreadth. It seeks materials whether or not they are related to the portions of SB1 that Private Plaintiffs challenge in this case. Further, it seeks materials stretching back six years and seeks not just those materials, but all documents related to those materials. More, Private Plaintiffs do not define the term "disabled voters," which is vague therefore overbroad and unduly burdensome. Representative Murr is prepared to meet and confer concerning reasonable search terms that would reduce the burdensome nature of this request.

Further, Representative Murr objects that this request is unduly burdensome because of its overlap with Request Nos. 8 and 9. To the extent that it duplicates those requests, this request adds unnecessary burden and expense and produces no discernible benefit. Further, as a member of the legislative branch, Representative Murr is not responsible for enforcing the law. Thus, to the extent that the requested materials are held by others, including state and local law enforcement agencies, those materials are not within his possession, custody, or control and should be requested from them rather than an individual legislator. Further, many of the documents that would be responsive to this request are already available online on the websites of these third-party organizations. And to the extent that this covers private communications, such responsive materials are more likely to be housed with these groups than with Representative Murr, given the relatively short 30-day email-retention policy under which Representative Murr operates. Whether publicly available or held by third parties, the burden of requiring Representative Murr to collect these documents disproportionately exceeds any benefit that Private Plaintiffs might realize. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger"). Therefore, the request is not proportional to the needs of the case.

Subject to these objections, Representative Murr has conducted a diligent search and will produce responsive, non-privileged documents on a rolling basis within a reasonable time of this response. Should responsive documents be subject to privilege, objection, or both, this response will be supplemented to reflect that such documents are being withheld.

# EXHIBIT J

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000094 | Representative Ashby | 7/9/2021 | MS Office (2016) Word | | | | | Chairmans Script.docx | Legislative | Chairman Ashby, the Chairman of the Select Committee on Constitutional Rights and Remedies, written comments/script for July 10, 2021 public hearing of the Select Committee on Constitutional Rights and Remedies. |
| DOC_0000101 | Representative Ashby | 7/20/2021 | Adobe Acrobat (PDF) | | | | | Bill spreadsheet 7.20.21.PDF | Legislative | Bill summary spreadsheet for use by representative, containing notes about proposed bills. |
| DOC_0000104 | Representative Ashby | 7/9/2021 | MS Office (2016) Word | | | | | Draft Agenda.docx | Legislative | A draft of an agenda for July 10, 2021 hearing of the Select Committee on Constitutional Rights and Remedies. |
| DOC_0000149 | Representative Ashby | 7/14/2021 | Microsoft Word 97/98 | | | | | SPECIALSESSION-HB3-MURR-Annotated.doc | Legislative | Draft of HB3 that contains notes, annotations, and track changes, revealing legislator's mental impressions. |
| DOC_0000157 | Representative Ashby | 8/20/2021 | MS Office (2016) Word | | | | | SB 3 by Murr.docx | Legislative | Notes and draft script for the use of a legislator during committee hearing. |
| DOC_0000162 | Representative Ashby | 8/23/2021 | MS Office (2016) Word | | | | | Chairmans Script.docx | Legislative | Draft script for legislator's use during August 23, 2021 hearing with annotations and other markings that reveal mental impressions. |
| DOC_0000164 | Representative Ashby | 8/22/2021 | MS Office (2016) Word | | | | | RECESS FOR FLOOR.docx | Legislative | Draft script for legislator's use during August 23, 2021 hearing with annotations that reveal mental impressions. |
| DOC_0000165 | Representative Ashby | 8/22/2021 | MS Office (2016) Word | | | | | Script Language to vote on SB 1 if amended.docx | Legislative | Draft script for legislator's use during August 23, 2021 hearing with annotations and comments that reveal mental impressions. |
| DOC_0000187 | Representative Ashby | 8/24/2021 | Adobe Acrobat (PDF) | | | | | SB 1 - Committee Report BA.pdf | Attorney Client; Work Product; Legislative | Draft bill analysis of CSSB1 prepared by Texas Legislative Council for legislator's use. |
| DOC_0000191 | Representative Ashby | 8/22/2021 | Adobe Acrobat (PDF) | | | | | SB 1 - Layout BA.pdf | Attorney Client; Work Product; Legislative | Draft bill analysis of SB1 prepared by Texas Legislative Council for legislator's use. |
| PDOC_0000579 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's typed notes and mental impressions summarizing legislative testimony on voter fraud, along with transcript of testimony. |

**App159**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| PDOC_0000629 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Report on international voting practices, containing hand-written notes that reveal legislator's mental impressions. |
| PDOC_0000751 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's typed notes and mental impressions summarizing legislative testimony on voter fraud, along with a transcript of that testimony. |
| PDOC_0000798 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Bill analysis of CSSB1509 M34 on election integrity for mail-in ballots, with legislator's handwritten notes revealing legislator's mental impressions. |
| PDOC_0000801 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Proposed edits to unspecified election legislation prepared by Texas Legislative Council for legislator's use. |
| PDOC_0000807 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Draft of CSHB2178 prepared by the Texas Legislative Council, which contains with handwritten markings that reveal legislator's mental impressions. |
| PDOC_0000813 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of SB1509 that contains handwritten notes and markings, revealing legislator's mental impressions. |
| PDOC_0000819 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's typed notes and mental impressions summarizing legislative testimony on voter fraud, along with transcript of testimony. |
| PDOC_0000895 | Representative Cain | 3/2/2021 | Scanned Document from Legislator's Files | | Representative Justin Holland | Representative Briscoe Cain | | | Legislative | Correspondence between Texas House members on ideas for election integrity legislation. |
| PDOC_0000898 | Representative Cain | 3/11/2021 | Scanned Document from Legislator's Files | | Representative Jared Patterson | Representative Briscoe Cain | | | Legislative | Correspondence between Texas House members on ideas for election integrity legislation. |
| PDOC_0000899 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's typed notes summarizing Secure Democracy's opinion on proposed election integrity legislation, revealing mental impressions. |
| PDOC_0000965 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's typed section-by-section summary of CSSB7, revealing mental impressions. |

**App160**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| PDOC_0000973 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of unspecified election bill that contains handwritten notes, revealing legislator's mental impressions. |
| PDOC_0001039 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft fiscal notes and criminal justice impact statements prepared by the Legislative Budget Board for the representative's use concerning HB6. |
| PDOC_0001053 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Drafts of proposed committee amendments to CSSB7 with handwritten notations, revealing legislator's mental impressions. |
| PDOC_0001065 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Drafts of proposed floor amendments to SB7 with hand-written notations, revealing mental impressions. |
| PDOC_0001114 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Draft of unspecified elections bill prepared by Texas Legislative Council for legislator's use. |
| PDOC_0001141 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Draft of unspecified elections bill prepared by Texas Legislative Council for legislator's use. |
| PDOC_0001164 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Draft bill analysis of CSSB7, prepared by Texas Legislative Council for legislator's use, that contains handwritten comments, notes, and markings, revealing mental legislator's impressions. |
| PDOC_0001217 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of unspecified election legislation that contains handwritten comments, notes, and markings, revealing legislator's mental impressions. |
| PDOC_0001218 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of unspecified elections legislation that contains handwritten comments, notes, and markings, revealing legislator's mental impressions. |
| PDOC_0001251 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | A draft of HB6 that contains handwritten comments, notes, and markings, revealing legislator's mental impressions. |
| PDOC_0001282 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | A draft of unspecified elections bill, implicating legislator's mental impressions. |

**App161**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| PDOC_0001344 | Representative Cain | | Scanned Document from Legislator's Files | | Office of Senator Bryan Hughes | Representative Briscoe Cain | | | Legislative | Inter-office communique between legislative offices, summarizing CSSB7 and revealing legislators' mental impressions. |
| PDOC_0001346 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Draft of unspecified elections bill prepared by Texas Legislative Council for legislator's use. |
| PDOC_0001390 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | A draft of SB7, kept in legislator's bill layout folder for HB6, revealing mental impressions. |
| PDOC_0001459 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft script written in preparation of legislator's layout of HB6 that reveals mental impressions. |
| PDOC_0001461 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft script written in preparation of legislator's layout of SB7that reveals mental impressions. (Page 1/2) |
| PDOC_0001463 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft script written in preparation of legislator's layout of SB7, with handwritten annotations and notes, revealing mental impressions. (page 2/2) |
| PDOC_0001464 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Notes and bulleted talking points for legislator's use regarding unspecified elections bill that contains handwritten notes and markings, revealing mental impressions. |
| PDOC_0001468 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Notes and bulleted talking points for legislator's use regarding HB6. |
| PDOC_0001481 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Draft of amendment to CSSB7 prepared by Texas Legislative Council for legislator's use. |
| PDOC_0001484 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Notes and comments prepared for legislator summarizing sections of the Texas Election Code, implicating legislator's mental impressions. |
| PDOC_0001487 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of unspecified election bill that contains handwritten notes and reveals legislator's mental impressions. |

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| PDOC_0001511 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Draft of unspecified election bill prepared by the Texas Legislative Council for legislator's use that contains handwritten notes and reveals legislator's mental impressions. |
| PDOC_0001542 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Draft of unspecified election bill prepared by Texas Legislative Council for legislator's use. |
| PDOC_0001584 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's typed section-by-section summary of unspecified elections bill, revealing legislative mental impressions. |
| PDOC_0001590 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Legislator's typed notes and mental impressions regarding draft legislation he submitted to the Texas Legislative Council. |
| PDOC_0001591 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Legislator's typed notes and mental impressions regarding draft legislation he submitted to the Texas Legislative Council. |
| PDOC_0001593 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Legislator's typed notes regarding draft legislation he submitted to the Texas Legislative Council. |
| PDOC_0001597 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's typed section-by-section summary of unspecified elections bill, revealing mental impressions. |
| DOC_0000207 | Representative Cain | | Adobe Acrobat (PDF) | | | | | _SCRIPT for 5-30-2021.pdf | Legislative | Draft script written in preparation of legislator's layout of SB7 that includes notes and annotations, revealing mental impressions. |
| DOC_0000208 | Representative Cain | | Adobe Acrobat (PDF) | | | | | _House Bill 6 - Layout Script..pdf | Legislative | Draft script written in preparation of legislator's committee layout of HB6 that reveals mental impressions. |
| DOC_0000209 | Representative Cain | | Adobe Acrobat (PDF) | | | | | _Q&A for HB 6..pdf | Legislative | Notes and bulleted talking points for legislator's use regarding HB6 that contain highlights and other markings, revealing mental impressions. |
| DOC_0000210 | Representative Cain | | Adobe Acrobat (PDF) | | | | | Explanation_ Cain's clarifyng Amendment.pdf | Legislative | Notes for legislator's use regarding amendments to unspecified elections bill. |

**App163**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000211 | Representative Cain | | Adobe Acrobat (PDF) | | | | | HB 6 - FINAL ONE PAGER.pdf | Legislative | Draft bill analysis prepared by legislator's office regarding CSHB6 that reveals mental impressions. |
| DOC_0000212 | Representative Cain | | Adobe Acrobat (PDF) | | | | | House Bill 6 - One Pager.docx..pdf | Legislative | Draft bill analysis prepared by legislator's office regarding CSHB6 that reveals mental impressions. |
| DOC_0000213 | Representative Cain | | Adobe Acrobat (PDF) | | | | | Elections Committee Questions 3.4.21..pdf | Legislative | Notes prepared for legislator's use at the March 4, 2021 Election Committee Meeting that reveal mental impressions. |
| DOC_0000218 | Representative Cain | | Adobe Acrobat (PDF) | | | | | __CSHB 6 with FLOOR AMENDMENTS.docx..pdf | Legislative | Draft of unspecified elections bill that contains notes, markings, and redlines, revealing legislator's mental impressions. |
| DOC_0000219 | Representative Cain | | Adobe Acrobat (PDF) | | | | | __Redlined CSHB 6.docx..pdf | Legislative | Draft of unspecified elections bill that contains notes, markings, and redlines, revealing legislator's mental impressions. |
| DOC_0000220 | Representative Cain | | Adobe Acrobat (PDF) | | | | | _HB6 CS_v3.1.docx.pdf | Legislative | Draft of unspecified elections bill that contains notes, markings, and redlines, revealing legislator's mental impressions. |
| DOC_0000221 | Representative Cain | | Adobe Acrobat (PDF) | | | | | Representative Cain Office - Internal Draft - Election Omnibus.docx.pdf | Legislative | Draft of unspecified elections bill that reveals legislator's mental impressions. |
| DOC_0000222 | Representative Cain | | Adobe Acrobat (PDF) | | | | | CSHB6-BA-COMMENTS CSHB 6_Lege Council Comments.pdf | Attorney Client; Work Product; Legislative | Draft bill analysis of CSHB6 prepared by Texas Legislative Council for legislator's use, containing comments and annotations, that reveals legislator's mental impressions. |
| DOC_0000224 | Representative Cain | | Adobe Acrobat (PDF) | | | | | HB6 Unofficial Committee Substitute.docx.pdf | Legislative | Draft committee substitute of HB6 that contains notes and highlights, revealing legislator's mental impressions. |
| DOC_0000225 | Representative Cain | | Adobe Acrobat (PDF) | | | | | Penalties and Crimes.docx.pdf | Legislative | Draft of unspecified elections bill that contains notes, comments, and markings, revealing legislator's mental impressions. |
| DOC_0000226 | Representative Cain | | Adobe Acrobat (PDF) | | | | | CSHB2478 by Harris.docx.pdf | Attorney Client; Work Product; Legislative | A draft of CSHB2478, prepared by the Texas Legislative Council, that contains highlights and markings, revealing legislator's mental impressions. |

**App164**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000227 | Representative Cain | | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged information | Legislative | Draft of unspecified elections bill, kept in Representative Cain's personal file for consideration of election legislation, revealing legislator's mental impressions. |
| DOC_0000233 | Representative Cain | 1/14/2022 | Microsoft Outlook Message Mail | Secretary of State Invited Testimony Request | Representative Jessica Gonzalez | Representative Briscoe Cain; Justin Williamson (Cain COS) | Zanir Ali | Secretary of State Invited Testimony Request.msg | Legislative | Correspondence between Texas House members and staff regarding potential Elections Committee hearing. |
| DOC_0000234 | Representative Cain | 1/14/2022 | Adobe Acrobat (PDF) | | Representative Jessica Gonzalez | Representative Briscoe Cain | | Secretary of State Invited Testimony Request.pdf | Legislative | Correspondence between Texas House members and staff regarding potential Elections Committee hearing. |
| DOC_0000235 | Representative Cain | 12/22/2021 | Adobe Acrobat (PDF) | | | | | Interim Hearing - Elections Committee.pdf | Legislative | Legislator's typed notes and mental impressions regarding proposed interim charges. |
| DOC_0000238 | Representative Cain | | Adobe Acrobat (PDF) | | | | | _Q&A for HB 6.pdf | Legislative | Notes and bulleted talking points for legislator's use regarding HB6 that contains highlights and other markings, revealing mental impressions. |
| DOC_0000241 | Representative Cain | | Adobe Acrobat (PDF) | | | | | Copy of _House Bill 6 - Layout Script.pdf | Legislative | Draft script written in preparation of legislator's layout of HB6 with markings that reveal mental impressions. |
| DOC_0000242 | Representative Cain | | Adobe Acrobat (PDF) | | | | | HB 6 - FINAL ONE PAGER.docx.pdf | Legislative | Draft bill analysis prepared by legislator's office regarding CSHB6 that reveals mental impressions. |
| DOC_0000243 | Representative Cain | | Adobe Acrobat (PDF) | | | | | HB 6 - Layout   Q&A.pdf | Legislative | Notes and draft script written in preparation of legislator's layout of HB6 with markings that reveal mental impressions. |
| DOC_0000244 | Representative Cain | | Adobe Acrobat (PDF) | | | | | House Bill 6 - Layout Script.pdf | Legislative | Draft script written in preparation of legislator's layout of HB6 that reveals mental impressions. |
| DOC_0000245 | Representative Cain | | Adobe Acrobat (PDF) | | | | | House Bill 6 - One Pager.docx.pdf | Legislative | Draft bill analysis prepared by legislator's office regarding CSHB6 that reveals mental impressions. |
| DOC_0000247 | Representative Cain | | Adobe Acrobat (PDF) | | | | | Questions _ Retorts.pdf | Legislative | Legislator's typed notes and mental impressions regarding the layout of multiple bills, including HB6. |

**App165**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000248 | Representative Cain | 3/11/2021 | Adobe Acrobat (PDF) | | Representative Briscoe Cain | Justin Williamson (Cain COS) | | File name omitted because it contains privileged information | Legislative | Correspondence between legislator and staff related to SB7 that reveals legislator's mental impressions. |
| DOC_0000249 | Representative Cain | 1/17/2022 | Adobe Acrobat (PDF) | | Representative Briscoe Cain | Justin Williamson (Cain COS) | | File name omitted because it contains privileged information | Legislative | Attachment to correspondence between legislator and staff, related to proposed language in SB7, revealing legislator's mental impressions. |
| DOC_0000250 | Representative Cain | 2/9/2022 | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged information | Legislative | Analysis of unspecified elections bill, received by legislative staff in a February 9, 2021 email from a third party not employed by the Legislature. This document was kept in Representative Cain's personal file for consideration of election legislation, and it reflects thought processes and mental impressions about pending legislation. |
| DOC_0000251 | Representative Cain | 2/9/2022 | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged information | Legislative | Analysis of unspecified elections bill, received by legislative staff in a February 9, 2021 email from a third party not employed by the Legislature. This document was kept in Representative Cain's personal file for consideration of election legislation, and it reflects thought processes and mental impressions about pending legislation. |
| DOC_0000252 | Representative Cain | 2/9/2021 | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged information | Legislative | Analysis of unspecified elections bill, received by legislative staff in a February 9, 2021 email from a third party not employed by the Legislature. This document was kept in Representative Cain's personal file for consideration of election legislation, and it reflects thought processes and mental impressions about pending legislation. |
| DOC_0000256 | Representative Cain | 1/17/2022 | MS Office 12 (2007) Word XML format | | Representative Briscoe Cain; Attorney Elizabeth Bingham | | | _NOTES for DRAFTING_contains comment regarding Attorney Elizabeth Bingham.docx | Attorney Client; Work Product; Legislative | Notes written by legislator and attorney concerning unspecified elections bill that reveals legislator's mental impressions. |
| DOC_0000257 | Representative Cain | 1/17/2022 | MS Office 12 (2007) Word XML format | | Representative Briscoe Cain; Attorney Elizabeth Bingham | | | 6 Base   7 v4.0_contains comment in margins by Attorney Elizabeth Bingham.docx | Attorney Client; Work Product; Legislative | Draft of unspecified election bill prepared by legislator and attorney that contains annotations, comments, and markings, revealing legislator's mental impressions. |
| DOC_0000258 | Representative Cain | 1/17/2022 | MS Office 12 (2007) Word XML format | | Representative Briscoe Cain; Attorney Elizabeth Bingham | | | ccr - Description _ Contains Comments by Attorney Elizabeth Bingham.docx | Attorney Client; Work Product; Legislative | Notes written by legislator and attorney concerning unspecified elections bill that contains annotations, comments, and markings, revealing legislator's mental impressions. |
| DOC_0000259 | Representative Cain | 1/17/2022 | Adobe Acrobat (PDF) | | | | | Curbside Language.docx.pdf | Legislative | Draft of unspecified elections bill that containing notes and comments, revealing legislator's mental impressions addressing an aspect of pending legislation. |
| DOC_0000261 | Representative Cain | 12/22/2021 | Adobe Acrobat (PDF) | | Representative Briscoe Cain; Attorney Elizabeth Bingham | | | Elections Bill Working.pdf | Attorney Client; Work Product; Legislative | Notes written by legislator and attorney concerning unspecified elections bill that contains annotations, comments, and markings, revealing legislator's mental impression |
| DOC_0000263 | Representative Cain | 1/17/2022 | MS Office 12 (2007) Word XML format | | | | | SB7-AMENDMENTS_Contains Comments in margins.docx | Attorney Client; Work Product; Legislative | Draft amendments to SB7, prepared by the Texas Legislative Council, that contain notes, markings, and redlines, revealing legislator's mental impressions. |

**App166**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000265 | Representative Cain | 1/17/2022 | MS Office 12 (2007) Word XML format | | Representative Briscoe Cain; Attorney Elizabeth Bingham | | | Special SB7.2_contains comment in margins by Attorney Elizabeth Bingham.docx | Attorney Client; Work Product; Legislative; | Draft of SB7 that contains annotations, markings, and redlines from legislator and attorney, revealing mental impressions. |
| DOC_0000266 | Representative Cain | 1/17/2022 | MS Office 12 (2007) Word XML format | | Representative Briscoe Cain; Attorney Elizabeth Bingham | | | Special SB7_contains comment in margins by Attorney Elizabeth Bingham.docx | Attorney Client; Work Product; Legislative | Draft of SB7 that contains annotations, markings, and redlines from legislator and attorney, revealing mental impressions. |
| DOC_0000269 | Representative Cain | 1/5/2022 | Adobe Acrobat (PDF) | | | | | HB6 sub language for Parliamentarian.docx.pdf | Legislative | Draft substitute language for HB6, containing notes, markings, and redlines that reveal legislator's mental impressions. |
| PDOC_00004899 | Representative Klick | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Draft of amendment to CSSB1 prepared by Texas Legislative Council for legislator's use. |
| PDOC_00004947 | Representative Klick | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Draft bill analysis of SB1 prepared by Texas Legislative Council for legislator's use. |
| PDOC_00004968 | Representative Klick | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of SB1, kept in election legislation folder, that reveals legislator's mental impressions regarding legislation. |
| PDOC_00005036 | Representative Klick | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's floor books from days SB1, SB7, or HB6 were considered, which reveal mental impressions regarding legislation. |
| PDOC_00005120 | Representative Klick | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's floor books from days SB1, SB7, or HB6 were considered, which reveal mental impressions. |
| PDOC_00005199 | Representative Klick | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's floor books from days SB1, SB7, or HB6 were considered, which reveal mental impressions. |
| PDOC_00005213 | Representative Klick | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's floor books from days SB1, SB7, or HB6 were considered, which reveal mental impressions. |
| PDOC_00003286 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Report provided to Representative Murr's office by organization, and contained in the Representative Murr's personal file for consideration of election legislation that reveals mental impressions. |

**App167**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| PDOC_00003326 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Report provided to Representative Murr's office by organization, and contained in the Representative's personal file for consideration of election legislation that reveals mental impressions. |
| PDOC_00003366 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Report provided to Representative Murr's office by organization, and contained in the Representative's personal file for consideration of election legislation that reveals mental impressions. |
| PDOC_00003406 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Report provided to Representative Murr's office by organization, and contained in the Representative's personal file for consideration of election legislation that reveals mental impressions. |
| PDOC_00003446 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Report provided to Representative Murr's office by organization, and contained in the Representative's personal file for consideration of election legislation that reveals mental impressions. |
| PDOC_00003657 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Draft of SB1 prepared by Texas Legislative Council for legislator's use . |
| PDOC_00003746 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's typed notes concerning SB1 that reveal mental impressions about legislation. |
| PDOC_00003887 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Analysis provided to Representative Murr's office, and contained in the Representative's personal file for consideration of SB1 that reveal mental impressions. |
| PDOC_00003889 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Analysis provided to Representative Murr's office, and contained in the Representative's personal file for consideration of SB1 that reveal mental impressions. |
| PDOC_00003940 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's handwritten notes concerning HB3 that reveal mental impressions related to legislation. |
| PDOC_00003943 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Draft amendments to House Bill 3 from the Texas Legislative Council. |
| PDOC_00003951 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's handwritten notes concerning SB1 that reveal mental impressions concerning legislation. |

**App168**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| PDOC_00003958 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's handwritten notes concerning elections legislation that reveals mental impressions. |
| PDOC_00003961 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Representative Murr handwritten notes and annotations concerning House Bill 3. |
| PDOC_00003963 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Draft amendments to House Bill 3 from the Texas Legislative Council. |
| PDOC_00004385 | Representative Murr | 8/28/2021 | Scanned Document from Legislator's Files | Fwd: On Crystal Mason | Representative Andrew S. Murr | Logan Harrison (Murr COS); Kristen Mills (Murr Deputy COS) | | | Legislative | Correspondence between Logan Harrison (Murr chief of staff), Drew Tedford (Hughes chief of staff), and Kristen Mills (Murr deputy chief of staff) concerning unspecified elections legislation. |
| PDOC_00004387 | Representative Murr | 8/25/2021 | Scanned Document from Legislator's Files | Re: Perfecting Amendment Adjustment | Mike Marshall (TLC) | Logan Harrison (Murr COS) | | | Attorney Client; Work Product; Legislative | Correspondence between representative's office and Texas Legislative Council staff that communicates drafting instructions for pending legislation. |
| PDOC_00004391 | Representative Murr | 8/21/2021 | Scanned Document from Legislator's Files | Notes on the elections bills | Drew Tedford (State Affairs Comm. Dir) | Logan Harrison (Murr COS) | | | Legislative | Correspondence between legislative staff related to negotiations taking place at the Conference Committee revealing legislators' mental impressions. |
| PDOC_00004393 | Representative Murr | 8/6/2021 | Scanned Document from Legislator's Files | Watchers | Jay Dyer (Phelan Staffer) | Logan Harrison (Murr COS) | | | Legislative | Correspondence between legislative staff related to pending legislation containing typed notes regarding poll watchers, and revealing legislator's mental impressions. |
| PDOC_00004423 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Legislator's typed section-by-section summary of unspecified elections bill, prepared by counsel to Representative Murr, revealing mental impressions. |
| PDOC_00004427 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Typed notes, prepared for legislator use, that provides a section-by-section summary of unspecified elections bill during #7S1 and contains proposed language, revealing mental impressions. |
| PDOC_00004436 | Representative Murr | 7/2/2021 | Scanned Document from Legislator's Files | Deletions | Jay Dyer (Phelan Staffer) | Representative Andrew S. Marr | | | Legislative | Correspondence between legislator and Speaker's office, concerning recommendations for pending legislation, that reveals mental impressions. |
| PDOC_00004439 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Draft of HB280 prepared by Texas Legislative Council for legislator's use. |

**App169**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| PDOC_00004443 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Typed notes, prepared for legislator's use, assessing proposed amendment to SB1 that reveals mental impressions. |
| PDOC_00004444 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Notes and bulleted talking points for HB3's layout that reveal legislator's mental impressions. |
| PDOC_00004446 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Typed notes and section-by-section summary concerning HB3, prepared by counsel at the direction of the Representative. Revealing mental impressions. |
| PDOC_00004624 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's notes and handwritten annotations from bill book regarding the development of HB 3, along with proposed bill language that reveals legislator's mental impressions. |
| PDOC_00004648 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Typed notes from briefing book, prepared by counsel for legislator's use at CRR hearing, regarding unspecified elections bill that contain handwritten annotations and reveal legislator's tmental impressions. |
| PDOC_00004651 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's typed notes and handwritten annotations from briefingl book that assesses recommended technical amendments to HB3, revealing mental impressions. |
| PDOC_00004658 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's typed notes and handwritten annotations from briefing book that assesses recommended floor amendments to HB3, revealing mental impressions |
| PDOC_00004666 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Typed notes from briefing book, prepared for legislator's use, that identifies and summarizes relevant statutes to unspecified elecions bill, revealing mental impressions. |
| PDOC_00004669 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Report provided to Representative Murr's office by organization from third-party organization, contained in legislator's briefing book for consideration, with handwritten annotations and markings, revealing mental impressions. |
| PDOC_00004690 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Representative Murr's unofficial workup on HB3 that summarizes and analyzes various provisions and reveals legislator's mental impressions. |
| PDOC_00005253 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of SB1 from Legislator's briefing book, containing handwritten notes, that reveals mental impressions. |

**App170**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| PDOC_00005316 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Typed notes and draft script from briefing book, prepared for legislator's use, containing handwritten annotations, as well as possible amendments to SB1, revealing mental impressions. |
| PDOC_00005385 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft script from legislator's briefing book prepared for SB1's layout that contains handwritten notes on various provisions, revealing mental impressions. |
| PDOC_00005402 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Notes and comparison table from legislator's briefing book that analyzes, section-by-section, SB1 as introduced and committee substitute, with highlights and markings, revealing mental impressions. |
| PDOC_00005435 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Draft of proposed committee substitute to SB1 from legislator's briefing book, prepared by Texas Legislative Council, that reveals mental impressions. |
| PDOC_00005482 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Typed notes from legislator's briefing book on potential amendments to SB1, along with draft bill language, revealing legislator's mental impressions. |
| PDOC_00005488 | Representative Murr | 8/27/2021 | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's handwritten notes from briefing book that recaps committee hearing and possible floor remarks, revealing mental impressions. |
| PDOC_00005489 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Analysis and draft language from legislator's briefing book regarding CSSB1 that reveals mental impressions. |
| PDOC_00005512 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Analysis and draft language from legislator's briefing book regarding HB3 that reveals mental impressions. |
| PDOC_00005525 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Document from Representative Murr's briefing book on election legislation, including notes and annotations, revealing mental impressions. |
| DOC_0000776 | Senator Bettencourt | 8/8/2021 | Microsoft Excel 2016 XML File | | | | | 24 hour and Late Night chart.xlsx | Attorney Client; Legislative | Data assembled by Senator Bettencourt's attorney for purposes of legislative recommendations. |
| DOC_0000777 | Senator Bettencourt | 8/8/2021 | Microsoft Excel 2016 XML File | | | | | 24 hour voting turnout chart.xlsx | Attorney Client; Legislative | Data assembled by Senator Bettencourt's attorney for purposes of legislative recommendations. |

**App171**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000780 | Senator Bettencourt | 8/10/2021 | MS Office (2016) Word | | | | | 8782 0680 TDL and SSN.docx | Attorney Client; Legislative | Draft of election legislation, prepared by Senator Bettencourt's attorney, for his review, revealing mental impressions on the election legislation. |
| DOC_0000781 | Senator Bettencourt | 9/1/2021 | MS Office (2016) Word | | | | | 8782 1607 Informal Committee Sub recommended changes.docx | Attorney Client; Legislative | Draft of election legislation, prepared by Senator Bettencourt's attorney, for his review, revealing mental impressions on the election legislation. |
| DOC_0000783 | Senator Bettencourt | 7/13/2021 | MS Office (2016) Word | | | | | Accessibility to Voting In Texas.docx | Attorney Client; Legislative | Memorandum to Senator Bettencourt from counsel regarding election legislation. |
| DOC_0000785 | Senator Bettencourt | 5/25/2021 | Microsoft Excel 2016 XML File | | | | | Comments on Consolidated SB 7.xlsx | Attorney Client; Legislative | Review of election legislation by Senator Bettencourt's attorney, including comments. |
| DOC_0000786 | Senator Bettencourt | 8/8/2021 | Microsoft Excel 2016 XML File | | | | | Copy of Late voters 10 27 and 10 28 (003).xlsx | Attorney Client; Legislative | Data assembled by Senator Bettencourt's attorney, and provided to him for purposes of legislative recommendations. |
| DOC_0000787 | Senator Bettencourt | 7/29/2021 | MS Office (2016) Word | | | | | CVR Comparisons.docx | Attorney Client; Legislative | Data assembled by Senator Bettencourt's attorney, and provided to him for purposes of legislative recommendations. |
| DOC_0000788 | Senator Bettencourt | 7/13/2021 | Microsoft Excel 2016 XML File | | | | | Deadline to register to vote.xlsx | Attorney Client; Legislative | Summary of attorney research regarding proposed election legislation. |
| DOC_0000789 | Senator Bettencourt | 7/13/2021 | Microsoft Excel 2016 XML File | | | | | Drive Through Voting and 24 hour polls.xlsx | Attorney Client; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with highlighting. |
| DOC_0000790 | Senator Bettencourt | 7/31/2021 | MS Office (2016) Word | | | | | Election Audit Draft Bill.docx | Attorney Client; Legislative | Draft election legislation prepared by Senator Bettencourt's attorney. |
| DOC_0000791 | Senator Bettencourt | 5/28/2021 | MS Office (2016) Word | | | | | Elizabeth Bingham.docx | Attorney Client; Work Product; Legislative | Draft memorandum from Senator Bettencourt's attorney concerning pending election legislation. |
| DOC_0000792 | Senator Bettencourt | 7/1/2021 | MS Office (2016) Word | | | | | Enforcement chap 31 language.docx | Attorney Client; Legislative | Draft election legislation prepared by Senator Bettencourt's attorney. |

**App172**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000793 | Senator Bettencourt | 7/1/2021 | MS Office (2016) Word | | | | | EVBB and SVC alternate judge.docx | Attorney Client; Legislative | Draft election legislation, with comments by Senator Bettencourt's attorney. |
| DOC_0000794 | Senator Bettencourt | 8/10/2021 | MS Office (2016) Word | | | | | Floor Amendment Allow SVC and EVBB to attempt to correct missing TDL SSN.docx | Attorney Client; Legislative | Draft floor amendment concerning election legislation, with highlighting by Senator Bettencourt's attorney. |
| DOC_0000795 | Senator Bettencourt | 8/10/2021 | MS Office (2016) Word | | | | | Floor Amendment for Ballot by Mail Voter to Allow voter to add missing TDL or SSN (002).docx | Attorney Client; Legislative | Draft floor amendment concerning election legislation, prepared by Senator Bettencourt's attorney. |
| DOC_0000796 | Senator Bettencourt | 7/29/2021 | MS Office (2016) Word | | | | | Fraud v compare.docx | Attorney Client; Legislative | Background research on election legislation preared for Senator Bettencourt by counsel. |
| DOC_0000797 | Senator Bettencourt | 7/28/2021 | MS Office (2016) Word | | | | | Fraud.docx | Attorney Client; Legislative | Background research on election legislation preared for Senator Bettencourt by counsel. |
| DOC_0000798 | Senator Bettencourt | 7/12/2021 | MS Office (2016) Word | | | | | Hall Amendment to SB 1 - Issues to Consider.docx | Attorney Client; Legislative | Memorandum and commentary on proposed SB1 amendment prepared for Senator Bettencourt by counsel. |
| DOC_0000799 | Senator Bettencourt | 8/2/2021 | MS Office (2016) Word | | | | | Harris County November 2020 results chart based on party and county races.docx | Attorney Client; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations. |
| DOC_0000800 | Senator Bettencourt | 7/13/2021 | MS Office (2016) Word | | | | | File name omitted because it contains privileged information | Attorney Client; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations. |
| DOC_0000801 | Senator Bettencourt | 8/8/2021 | Microsoft Excel 2016 XML File | | | | | Late night voters 10-27 and 10 28 (003).xlsx | Attorney Client; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations. |
| DOC_0000802 | Senator Bettencourt | 6/10/2021 | MS Office (2016) Word | | | | | Open Records Request - Polling Locations.docx | Attorney Client; Legislative | Draft of external correspondence, reviewed Senator Bettencourt's attorney. |
| DOC_0000803 | Senator Bettencourt | 6/10/2021 | MS Office (2016) Word | | | | | Open Records Request - Voting Data.docx | Attorney Client; Legislative | Draft of external correspondence, reviewed Senator Bettencourt's attorney. |

**App173**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000804 | Senator Bettencourt | 5/25/2021 | MS Office (2016) Word | | | | | Poll Allocation in Harris County in November 2020.docx | Attorney Client; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations. |
| DOC_0000805 | Senator Bettencourt | 7/7/2021 | MS Office (2016) Word | | | | | Polling Places allocation language.docx | Attorney Client; Legislative | Draft election-legislation provision, prepared by Senator Bettencourt's attorney. |
| DOC_0000806 | Senator Bettencourt | 8/9/2021 | MS Office (2016) Word | | | | | SB 1 Amendment re TDL and SSN on BBM app and Ballot.docx | Attorney Client; Legislative | Commentary and analysis on proposed SB1 amendments prepared for Senator Bettencourt by his attorney. |
| DOC_0000807 | Senator Bettencourt | 7/27/2021 | Adobe Acrobat (PDF) | | Senator Bryan Hughes | Texas Senate Offices | | SB 1 One-Pager - 7 - 8 - 2021.pdf | Legislative | Inter-office communique between legislative offices, that provides a one-page summary of SB1 and reveals legislators' mental impressions. |
| DOC_0000808 | Senator Bettencourt | 7/12/2021 | MS Office (2016) Word | | | | | SB 1 Poll Watcher Training One Pager.docx | Attorney Client; Legislative | Draft election-legislation provision, prepared by Senator Bettencourt's attorney. |
| DOC_0000809 | Senator Bettencourt | 7/12/2021 | MS Office (2016) Word | | | | | SB 1 Poll Watcher Training Talking Points.docx | Attorney Client; Legislative | Draft talking points and notes on draft legislation that reveal mental impressions. |
| DOC_0000810 | Senator Bettencourt | 5/23/2021 | Microsoft Excel 2016 XML File | | | | | SB 7 Conference Committee - Comments from Senator Bettencourt Office.xlsx | Attorney Client; Legislative | Summary and commentary on pending legislation prepared for Senator Bettencourt by counsel. |
| DOC_0000811 | Senator Bettencourt | 7/7/2021 | MS Office (2016) Word | | | | | SB 1765 re-file One Pager.docx | Attorney Client; Legislative | Draft bill analysis prepared by legislator's office regarding SB1765 that reveals mental impressions. |
| DOC_0000812 | Senator Bettencourt | 7/13/2021 | Microsoft Excel 2016 XML File | | | | | States with EV.xlsx | Attorney Client; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations. |
| DOC_0000813 | Senator Bettencourt | 8/2/2021 | MS Office (2016) Word | | | | | Where Poll Watchers are Accepted.docx | Attorney Client; Legislative | Draft legislation and commentary prepared for Senator Bettencourt by counsel. |
| DOC_0000815 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | Committe Report SB 7 legislative privilege.pdf | Attorney Client; Legislative | Draft legislation prepared for Senator Bettencourt by counsel concerning SB7. |

**App174**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000816 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | SB 7  draft legislative privilege.pdf | Attorney Client; Legislative | Draft legislation prepared for Senator Bettencourt by counsel concerning SB7. |
| DOC_0000817 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | SB 7 Comparison Chart Legislative privilege.pdf | Attorney Client; Legislative | Analysis of proposed SB7 prepared for Senator Bettencourt by counsel that reveals mental impressions. |
| DOC_0000818 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | SB 7 Draft  legislative privilege.pdf | Attorney Client; Legislative | Draft legislation prepared for Senator Bettencourt by counsel concerning SB7 rthat reveals mental impressions. |
| DOC_0000819 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | 8-9-2021 Testimony Issues.docx | Attorney Client; Legislative | Commentary and analysis on committee proceedings regarding election legislation. |
| DOC_0000822 | Senator Bettencourt | 8/27/2022 | Adobe Acrobat (PDF) | FW: Bucy Amendment to SB1 in the House | Alan Vera | Sonya Aston (Bettencourt GC) | | File name omitted because it contains privileged information | Legislative | Confidential corresponence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| DOC_0000824 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged information | Legislative; Investigative | Attachment to confidential corresponence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| DOC_0000831 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Allocation spreadsheet attorney workproduct.xlsx | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, revealing mental impressions. |
| DOC_0000832 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Allocation Support attorney work product.xlsx | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, revealing mental impressions. |
| DOC_0000834 | Senator Bettencourt | 2/10/2021 | Adobe Acrobat (PDF) | | Bill Sargent | Sonya Aston (Bettencourt GC) | | Bill Sargent email.pdf | Attorney Client; Work Product; Legislative | Confidential corresponence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| DOC_0000835 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | Changes to SB 7 legislative privilege.pdf | Attorney Client; Work Product; Legislative | Attachment to confidential corresponence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| DOC_0000836 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | Comparison of election bills attorney work product.pdf | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, revealing mental impressions. |

**App175**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000837 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Comparison of SB 7 engrossed bills that were included Conference Committee Bill attorney work product.xlsx | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000838 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | Draft SB 1 email.pdf | Attorney Client; Work Product; Legislative | Draft election legislation prepared by Senator Bettencourt's attorney regarding SB1. |
| DOC_0000839 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | Draft SB 7 - Attorney Workproduct.pdf | Attorney Client; Work Product; Legislative | Draft election legislation prepared by Senator Bettencourt's attorney regarding SB7. |
| DOC_0000840 | Senator Bettencourt | 8/10/2021 | Adobe Acrobat (PDF) | Longoria Untruths and Misleading Statements | Alan Vera | Sonya Aston (Bettencourt GC) | | File name omitted because it contains privileged information | Attorney Client; Work Product; Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| DOC_0000841 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | Election Bill Chart - Legislative Privilege.pdf | Attorney Client; Work Product; Legislative | Draft election legislation prepared by Senator Bettencourt's attorney that reveals mental impressions regarding legislation or process. |
| DOC_0000842 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | Election Bill Notes attorney work product.pdf | Attorney Client; Work Product; Legislative | Commentary and analysis regarding proposed election legislation prepared for Senator Bettencourt by counsel, revealing mental impressions. |
| DOC_0000843 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | EVBB and SVC alternate judge (1) attorney work product.docx | Attorney Client; Legislative; AWP | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000845 | Senator Bettencourt | 8/5/2021 | Adobe Acrobat (PDF) | | Alan Vera | Sonya Aston (Bettencourt GC) | | Huckabee article.pdf | Attorney Client; Work Product; Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| DOC_0000846 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Notes for Special Session Attorney Work Product.docx | Attorney Client; Work Product; Legislative | Notes concerning special-session legislation prepared for Senator Bettencourt by counsel that reveal mental impressions. |
| DOC_0000847 | Senator Bettencourt | 7/27/2021 | Adobe Acrobat (PDF) | | Sonya Aston | Sonya Aston (Bettencourt GC) | | One pager on SB 1.pdf | Attorney Client; Work Product; Legislative | Internal communications within Senator Bettencourt's office that contains notes and summary of SB1, prepared in part by Sonya Aston (Bettencourt's general counsel). |
| DOC_0000848 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | R1 Drive through voting.docx | Attorney Client; Work Product; Legislative | Attachment to confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |

**App176**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000849 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | R1 Opposing Rationale.docx | Attorney Client; Work Product; Legislative | Commentary and analysis regarding proposed election legislation prepared for Senator Bettencourt by counsel, revealing mental impressions. |
| DOC_0000850 | Senator Bettencourt | 8/20/2021 | Adobe Acrobat (PDF) | The rest of Longoria | Alan Vera | Sonya Aston (Bettencourt GC) | | Rest of IL comments email.pdf | Attorney Client; Work Product; Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| DOC_0000851 | Senator Bettencourt | 8/11/2021 | Adobe Acrobat (PDF) | Isabel Longoria's Testimony | Sonya Aston (Bettencourt GC) | Marc Salvato (Bettencourt COS); Brian Thornton (Bettencourt Staffer) | | Retort to IL email.pdf | Attorney Client; Work Product; Legislative | Internal correspondence within Senator Bettencourt's office regarding committee proceedings and election legislation, revealing mental impressions. |
| DOC_0000852 | Senator Bettencourt | 8/11/2021 | MS Office (2016) Word | | Sonya Aston (Bettencourt GC) | Marc Salvato (Bettencourt COS); Brian Thornton (Bettencourt Staffer) | | Retorts to Isabel Longoria's testimony (1).docx | Attorney Client; Work Product; Legislative | Attachment to internal correspondence within Senator Bettencourt's office regarding committee proceedings and election legislation, containing legislatively privileged mental impressions that set forth planned responses to criticism received regarding legislation. |
| DOC_0000853 | Senator Bettencourt | 5/29/2021 | Adobe Acrobat (PDF) | FW: SB 7 CCR | Sonya Aston (Bettencourt GC) | Sonya Aston (Bettencourt GC) | | SB 7 Comparison email legislative privilege.pdf | Attorney Client; Work Product; Legislative | Internal correspondence within Senator Bettencourt's office regarding SB7. |
| DOC_0000854 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | SB 7 changes legislative privilege.pdf | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000855 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | SB 7 Comparison chart Attorney Work Product email.pdf | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000856 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | SB 7 Comparison chart Attorney Work Product.pdf | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000857 | Senator Bettencourt | 5/29/2021 | Adobe Acrobat (PDF) | FW: Updated SxS for SB7 | Sonya Aston (Bettencourt GC) | Sonya Aston (Bettencourt GC) | | SB 7 Comparison legislative privilege.pdf | Attorney Client; Work Product; Legislative | Internal communications within Senator Bettencourt's office regarding SB7, as well as data gathered by Senator Bettencourt's counsel for legislative recommendations, revealing mental impressions. |
| DOC_0000858 | Senator Bettencourt | 5/29/2021 | Adobe Acrobat (PDF) | | Sonya Aston (Bettencourt GC) | Sonya Aston (Bettencourt GC) | | SB 7 draft legislative privilege.pdf | Attorney Client; Work Product; Legislative | Attachment to internal communications within Senator Bettencourt's office regarding SB7, as well as data gathered by Senator Bettencourt's counsel for legislative recommendations, revealing mental impressions. |
| DOC_0000859 | Senator Bettencourt | 5/25/2021 | Adobe Acrobat (PDF) | FW: Newer version | Sonya Aston (Bettencourt GC) | Sonya Aston (Bettencourt GC) | | SB 7 draft with changes legislative privilege.pdf | Legislative | Internal communications within Senator Bettencourt's office regarding proposed draft of SB7. |

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000860 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 7 Section 6 - Curbside Voting Attorney Work Product.docx | Attorney Client; Work Product; Legislative | Commentary and analysis on proposed SB7 provision prepared for Senator Bettencourt by counsel, revealing mental impressions. |
| DOC_0000861 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | SB 1663 rewrite Attorney Work Product.pdf | Attorney Client; Work Product; Legislative | Commentary and analysis on proposed SB1663 prepared for Senator Bettencourt by counsel, revealing mental impressions. |
| DOC_0000865 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | FW: Alan Vera Complaints - Referral Letters | Alan Vera | Sonya Aston (Bettencourt GC) | | SOS Complaints.pdf | Attorney Client; Work Product; Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| DOC_0000866 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Suggestions for Special Session Election Bill (1) Attorney Work Product.docx | Attorney Client; Work Product; Legislative | Proposed topics for legislation in special session, prepared for Senator Bettencourt by counsel, with highlighting that reveals mental impressions. |
| DOC_0000867 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Suggestions for Special Session Election Bill (2) attorney work product.docx | Attorney Client; Work Product; Legislative | Proposed topics for legislation in special session, prepared for Senator Bettencourt by counsel, with highlighting that reveals mental impressions. |
| DOC_0000868 | Senator Bettencourt | 6/11/2021 | Adobe Acrobat (PDF) | TLR/TPPF/HCRP BSC Collaboration | Alan Vera | Sonya Aston (Bettencourt GC) | | File name omitted because it contains privileged information | Attorney Client; Work Product; Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| DOC_0000869 | Senator Bettencourt | 7/12/2021 | Adobe Acrobat (PDF) | | Sonya Aston (Bettencourt GC) | Sonya Aston (Bettencourt GC) | | File name omitted because it contains privileged information | Attorney Client; Work Product; Legislative | Email forwarding contents of confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. This document was kept in Senator Bettencourt's personal file, revealing his thoughts and mental impressions. |
| DOC_0000870 | Senator Bettencourt | 5/30/2021 | MS Office (2016) Word | | | | | Bettencourt Bills in SB 7.docx | Attorney Client; Work Product; Legislative | Summary of election legislation and SB7 prepared for Senator Bettencourt by counsel that reveals mental impressions. |
| DOC_0000871 | Senator Bettencourt | 8/12/2021 | MS Office (2016) Word | | | | | Notes from Alvarado Filibuster.docx | Attorney Client; Work Product; Legislative | Notes and commentary on House proceedings relating to election legislation prepared for Senator Bettencourt by counsel, revealing mental impressions. |
| DOC_0000872 | Senator Bettencourt | 3/22/2021 | MS Office (2016) Word | | | | | Notes.docx | Attorney Client; Work Product; Legislative | Commentary and analysis regarding proposed election legislation prepared for Senator Bettencourt by counsel, revealing mental impressions. |
| DOC_0000873 | Senator Bettencourt | 4/19/2021 | MS Office (2016) Word | | | | | Questions for SB 1589.docx | Attorney Client; Work Product; Legislative | Commentary and analysis regarding proposed election legislation prepared for Senator Bettencourt by counsel, revealing mental impressions. |

**App178**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000874 | Senator Bettencourt | 9/3/2021 | MS Office (2016) Word | | | | | Response to Senator Alvarado v2.docx | Attorney Client; Work Product; Legislative | Commentary and analysis regarding proposed election legislation prepared for Senator Bettencourt by counsel, revealing mental impressions. |
| DOC_0000875 | Senator Bettencourt | 9/4/2021 | MS Office (2016) Word | | | | | Response to Senator Alvarado v3.docx | Attorney Client; Work Product; Legislative | Commentary and analysis regarding proposed election legislation prepared for Senator Bettencourt by counsel. |
| DOC_0000876 | Senator Bettencourt | 9/3/2021 | MS Office (2016) Word | | | | | Response to Senator Alvarado.docx | Attorney Client; Work Product; Legislative | Commentary and analysis regarding proposed election legislation prepared for Senator Bettencourt by counsel. |
| DOC_0000877 | Senator Bettencourt | 5/25/2021 | MS Office (2016) Word | | | | | SB 7 1st version.docx | Attorney Client; Work Product; Legislative | Draft legislation regarding SB7 prepared for Senator Bettencourt by legal counsel. |
| DOC_0000878 | Senator Bettencourt | 5/25/2021 | MS Office (2016) Word | | | | | SB 7 1st version accepted.docx | Attorney Client; Work Product; Legislative | Draft legislation regarding SB7 prepared for Senator Bettencourt by counsel, with comments, revealing mental impressions. |
| DOC_0000879 | Senator Bettencourt | 5/25/2021 | MS Office (2016) Word | | | | | SB 7 2nd version.docx | Attorney Client; Work Product; Legislative | Draft legislation regarding SB7 prepared for Senator Bettencourt by counsel, with comments, revealing mental impressions. |
| DOC_0000880 | Senator Bettencourt | 5/19/2021 | Microsoft Excel 2016 XML File | | | | | SB 7 Conference Committe.xlsx | Attorney Client; Work Product; Legislative | Summary and commentary on SB7 drafts prepared for Senator Bettencourt by counsel that reveal mental impressions. |
| DOC_0000881 | Senator Bettencourt | 4/19/2021 | MS Office (2016) Word | | | | | SB 1589 Talking Points.docx | Attorney Client; Work Product; Legislative | Draft remarks and talking points on SB1589 prepared for Senator Bettencourt by counsel that reveal mental impressions. |
| DOC_0000882 | Senator Bettencourt | 5/5/2021 | MS Office (2016) Word | | | | | SB01589E (1) split.docx | Attorney Client; Work Product; Legislative | Draft legislation regarding SB1589 prepared for Senator Bettencourt by legal counsel. |
| DOC_0000883 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged information | Attorney Client; Work Product; Legislative | Article concerning voter fraud included in Senator Bettencourt's personal file regarding election legislation. |
| DOC_0000884 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged information | Attorney Client; Work Product; Legislative | Article concerning voter fraud included in Senator Bettencourt's personal file regarding election legislation. |

**App179**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|-----------|-----------|------|-------------|---------|--------|----|----|----------|-------|---------------------|
| DOC_0000885 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Gregg County Vote Harvesting.docx | Attorney Client; Work Product; Legislative | Article concerning voter fraud included in Senator Bettencourt's personal file regarding election legislation. |
| DOC_0000886 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | SIGNED Declaration of Jeff MacGeorge.pdf | Attorney Client; Work Product; Legislative | Article concerning voter fraud included in Senator Bettencourt's personal file regarding election legislation. |
| DOC_0000887 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | 87R 828 One Pager - Posting Web Results.docx | Attorney Client; Work Product; Legislative | Analysis concerning election legislation with annotations prepared for Senator Bettencourt by Sonya Aston and other staff, revealing mental impressions. |
| DOC_0000888 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | 87R 5109 One Pager - Residence of voter confirmation.docx | Attorney Client; Work Product; Legislative | Analysis concerning election legislation with annotations prepared for Senator Bettencourt by Sonya Aston and other staff, revealing mental impressions. |
| DOC_0000889 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | 87R 6134 One Pager - Verification of Citizenship.docx | Attorney Client; Work Product; Legislative | Analysis concerning election legislation with annotations prepared for Senator Bettencourt by Sonya Aston and other staff, revealing mental impressions. |
| DOC_0000890 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | 87R 6977 One Pager - Signature Verification.docx | Attorney Client; Work Product; Legislative | Analysis concerning election legislation with annotations prepared for Senator Bettencourt by Sonya Aston and other staff, revealing mental impressions. |
| DOC_0000891 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | 87R 8437 One Pager - Enforcement.docx | Attorney Client; Work Product; Legislative | Analysis concerning election legislation with annotations prepared for Senator Bettencourt by Sonya Aston and other staff, revealing mental impressions. |
| DOC_0000892 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | 87R 10975 One Pager (1) - EV Hours and Days.docx | Attorney Client; Work Product; Legislative | Analysis concerning election legislation with annotations prepared for Senator Bettencourt by Sonya Aston and other staff, revealing mental impressions. |
| DOC_0000893 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Allocation of polling locations equipment and poll workers.docx | Attorney Client; Work Product; Legislative | Draft election legislation prepared for Senator Bettencourt by counsel. |
| DOC_0000894 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Ballot Board Review of Apps.docx | Attorney Client; Work Product; Legislative | Draft election legislation prepared for Senator Bettencourt by counsel, with notes and comments. |
| DOC_0000895 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Early Voting Hours.docx | Attorney Client; Work Product; Legislative | Draft election legislation prepared for Senator Bettencourt by counsel, with notes and comments, revealing mental impressions. |

**App180**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000896 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Early Voting Time Period.docx | Attorney Client; Work Product; Legislative | Draft election legislation prepared for Senator Bettencourt by counsel, with notes and comments, revealing mental impressions. |
| DOC_0000897 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Election Law Enforcement Bill-Marshals and Misc.docx | Attorney Client; Work Product; Legislative | Draft election legislation prepared for Senator Bettencourt by counsel, with notes and comments. |
| DOC_0000898 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Questions for SB 1589.docx | Attorney Client; Work Product; Legislative | Draft remarks and talking points on SB1589 prepared for Senator Bettencourt by counsel that reveal mental impressions. |
| DOC_0000899 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 1589 bullet points.docx | Attorney Client; Work Product; Legislative | Summary and analysis on SB1589 prepared for Senator Bettencourt by counsel that reveals mental impressions. |
| DOC_0000900 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 1589 Proposed Committee Substitute.docx | Attorney Client; Work Product; Legislative | Draft legislation concerning SB1589 prepared for Senator Bettencourt by counsel that reveals mental impressions. |
| DOC_0000901 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | sB 1589 engrossed.pdf | Attorney Client; Work Product; Legislative | Draft legislation concerning SB1589 prepared for Senator Bettencourt by counsel that reveals mental impressions. |
| DOC_0000902 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 1589 One Pager.docx | Attorney Client; Work Product; Legislative | Draft summary and commentary on SB1589 prepared for Senator Bettencourt by counsel that reveals mental impressions. |
| DOC_0000903 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 1589 Talking Points.docx | Attorney Client; Work Product; Legislative | Draft remarks and talking points on SB1589 prepared for Senator Bettencourt by counsel that reveals mental impressions. |
| DOC_0000904 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | SB01110I.pdf | Attorney Client; Work Product; Legislative | Draft remarks and talking points on SB1110 prepared for Senator Bettencourt by counsel that reveals mental impressions. |
| DOC_0000906 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | 15.028.docx | Attorney Client; Work Product; Legislative | Draft election legislation prepared for Senator Bettencourt by counsel that reveals mental impressions. |
| DOC_0000907 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | 24 and late night voters.xlsx | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000908 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | 24 hour and late night chart.xlsx | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000909 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | 24 hour voting turnout chart.xlsx | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000910 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | 31.127 - Election Official Violation of Election Code.docx | Attorney Client; Work Product; Legislative | Draft election legislation provision prepared for Senator Bettencourt by counsel. |
| DOC_0000912 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Alvarado statutes.docx | Attorney Client; Work Product; Legislative | Draft election legislation provision prepared for Senator Bettencourt by counsel, with notes and comments, revealing mental impressions. |
| DOC_0000913 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Amendment 6.docx | Attorney Client; Work Product; Legislative | Draft election legislation provision prepared for Senator Bettencourt by counsel, with notes and comments, revealing mental impressions. |
| DOC_0000914 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Amendment chart.xlsx | Attorney Client; Work Product; Legislative | Summary and analysis of proposed amendments regarding pending election legislation prepared for Senator Bettencourt by counsel, revealing mental impressions. |
| DOC_0000915 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Amendments to SB 1 re TDL and SSN on BBM app and Ballot.docx | Attorney Client; Work Product; Legislative | Summary and analysis of proposed amendments regarding pending election legislation prepared for Senator Bettencourt by counsel, revealing mental impressions. |
| DOC_0000916 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Amendments to SB 1.docx | Attorney Client; Work Product; Legislative | Drafts of amendments to SB1 prepared for Senator Bettencourt by counsel. |
| DOC_0000917 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Bettencourt Bills in SB 7.docx | Attorney Client; Work Product; Legislative | Summary of election legislation in connection with SB7, prepared for Senator Bettencourt by counsel for use in preparing legislation and communications regarding legislation, revealing mental impressions. |
| DOC_0000919 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Case law re Strict Construction.docx | Attorney Client; Work Product; Legislative | Attorney legal research prepared for Senator Bettencourt for use in preparing and reviewing draft election legislation. |
| DOC_0000920 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Chart of Hotze lawsuits.xlsx | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |

**App182**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000921 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Comments on Consolidated SB 7.xlsx | Attorney Client; Work Product; Legislative | Commentary and analysis on SB7 prepared for Senator Bettencourt by counsel, revealing mental impressions. |
| DOC_0000922 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Comparison of SB 7 engrossed bills that were included Conference Committee Bill.xlsx | Attorney Client; Work Product; Legislative | Commentary and analysis on SB7 prepared for Senator Bettencourt by counsel, revealing mental impressions. |
| DOC_0000923 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | County Spreadsheet.xlsx | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000924 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Election Bill Summary.docx | Attorney Client; Work Product; Legislative | Commentary and analysis on SB7 prepared for Senator Bettencourt by counsel. |
| DOC_0000927 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | EV deputy appointment language.docx | Attorney Client; Work Product; Legislative | Draft election legislation provision prepared for Senator Bettencourt by counsel. |
| DOC_0000928 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Examples of Election Violations Occurring.docx | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000929 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Floor Amendment - Allow SVC and EVBB to attempt to correct missing TDL-SSN.docx | Attorney Client; Work Product; Legislative | Draft floor amendment relating to election legislation prepared for Senator Bettencourt by counsel. |
| DOC_0000930 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Floor Amendment AJ for EVBB Talking Points v2.docx | Attorney Client; Work Product; Legislative | Draft talking points and communications regarding proposed floor amendment relating to election legislation prepared for Senator Bettencourt by counsel. |
| DOC_0000931 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Floor Amendment for Ballot by Mail Voter to Allow voter to add missing TDL or SSN.docx | Attorney Client; Work Product; Legislative | Draft floor amendment relating to election legislation prepared for Senator Bettencourt by counsel. |
| DOC_0000932 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Harris County - Primary Election Allocation.xlsx | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000933 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Harris County 24 Hour Voting Chart.xlsx | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |

**App183**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000934 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Harris County 2016 VR by PCT.xlsx | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000935 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Harris County Complaints.docx | Attorney Client; Work Product; Legislative | Summary of legal and legislative research conducted by counsel for Senator Bettencourt for the purpose of considering election legislation, revealing mental impressions. |
| DOC_0000936 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Harris County EV 10-27-2021 late night voting.xlsx | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000937 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2000 | | | | | Harris County EV 10-27-2021 late night voting_appended.xls | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000938 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Harris County EV 10-28-2021 late night voting.xlsx | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000939 | Senator Bettencourt | 1/19/2022 | Plain Text | | | | | Harris County EV 10-29-2021.csv | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000940 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2000 | | | | | Harris County EV 10-29-2021_appended.xls | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000941 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Harris County EV 10-30-2021.csv.xlsx | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000942 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2000 | | | | | Harris County EV 10-30-2021_appended.xls | Attorney Client; Work Product; Legislative | Data gathered by Senator Bettencourt's counsel for legislative recommendations, with attorney commentary, revealing mental impressions. |
| DOC_0000943 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | House SB 7.docx | Attorney Client; Work Product; Legislative | Draft election legislation concerning SB7 prepared for Senator Bettencourt by Sonya Aston and other staff. |
| DOC_0000944 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Late night voters 10-27 and 10 28.xlsx | Attorney Client; Work Product; Legislative | Data compiled by counsel for use in drafting legislation that reveals mental impressions. |

**App184**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000945 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Response to Senator Alvarado v2.docx | Attorney Client; Work Product; Legislative | Draft talking points relating to comments made concerning election legislation, prepared for Senator Bettencourt by counsel that reveals mental impressions. |
| DOC_0000946 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Response to Senator Alvarado v4.docx | Attorney Client; Work Product; Legislative | Draft talking points relating to comments made concerning election legislation, prepared for Senator Bettencourt by counsel that reveals mental impressions. |
| DOC_0000947 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Response to Senator Alvarado.docx | Attorney Client; Work Product; Legislative | Draft talking points relating to comments made concerning election legislation, prepared for Senator Bettencourt by counsel that reveals mental impressions, legal advice, and attorney mental impressions. |
| DOC_0000948 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Retorts to Isabel Longoria's testimony.docx | Attorney Client; Work Product; Legislative | Draft talking points relating to comments made concerning election legislation, prepared for Senator Bettencourt by counsel that reveals mental impressions, legal advice, and attorney mental impressions. |
| DOC_0000949 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 1 what was left out.docx | Attorney Client; Work Product; Legislative | Notes and comments concerning amendments to SB1, with highlights, prepared for Senator Bettencourt by counsel, revealing mental impressions, legal advice, and attorney mental impressions. |
| DOC_0000950 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Special Session 2 SB 1 Final.xlsx | Attorney Client; Work Product; Legislative | Summary of SB1 provisions, with notes, prepared for Senator Bettencourt by counsel, revealing mental impressions, legal advice, and attorney mental impressions. |
| DOC_0000951 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Special Session 2 SB 1 only as left the senate.xlsx | Attorney Client; Work Product; Legislative | Summary of SB1 provisions, with notes, prepared for Senator Bettencourt by counsel, revealing mental impressions, legal advice, and attorney mental impressions. |
| DOC_0000952 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Special Session 2 SB 1 with both houses v2.xlsx | Attorney Client; Work Product; Legislative | Summary of SB1 provisions, with notes, prepared for Senator Bettencourt by counsel, revealing mental impressions, legal advice, and attorney mental impressions. |
| DOC_0000953 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Special Session 2 SB 1 with both houses.xlsx | Attorney Client; Work Product; Legislative | Summary of SB1 provisions, with notes, prepared for Senator Bettencourt by counsel, revealing mental impressions, legal advice, and attorney mental impressions. |
| DOC_0000954 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Special Session2 SB 1 - only.xlsx | Attorney Client; Work Product; Legislative | Summary of SB1 provisions, with notes, prepared for Senator Bettencourt by counsel, revealing mental impressions, legal advice, and attorney mental impressions. |
| DOC_0000955 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Talking Points for Opportunity for Mail Ballot Voter to add missing TDL or SSN.docx | Attorney Client; Work Product; Legislative | Talking points and notes regarding proposed SB1 amendment, prepared for Senator Bettencourt by counsel, revealing mental impressions, legal advice, and attorney mental impressions. |

**App185**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000956 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Talking Points for SVC and EVBB to cure missing TDL or SSN.docx | Attorney Client; Work Product; Legislative | Talking points and notes regarding proposed SB1 amendment, prepared for Senator Bettencourt by counsel, revealing mental impressions, legal advice, and attorney mental impressions. |
| DOC_0000957 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Talking Points Re Strictly Construe.docx | Attorney Client; Work Product; Legislative | Talking points and notes regarding proposed SB1 amendment, prepared for Senator Bettencourt by counsel, revealing mental impressions, legal advice, and attorney mental impressions. |
| DOC_0000958 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | WSJ Response to Senator Alvarado.docx | Attorney Client; Work Product; Legislative | Article with notes and comments concerning amendments to SB1, prepared for Senator Bettencourt by counsel, revealing mental impressions, legal advice, and attorney mental impressions. |
| DOC_0000959 | Senator Bettencourt | 8/10/2021 | Adobe Acrobat (PDF) | | | | | SCOTX Opinion re ballot by mail applications 200729.pdf | Legislative | Court opinion regarding election law, contained in Senator Bettcourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0000960 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | 2020-08-29 Political insider explains voter fraud with mail-in ballots (nypost).pdf | Legislative | Article contained in Senator Bettcourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0000961 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged information | Legislative | Presentation contained in Senator Bettcourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0000962 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | An Invitation in the Mail for Election Fraud - WSJ.pdf | Legislative | Article contained in Senator Bettcourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0000964 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | (1)Allocation of polling locations equipment and .docx | Legislative, Attorney Client, AWP | Draft of SB1 amendment prepared for Senator Bettencourt by counsel, revealing legal advice, and attorney mental impressions. |
| DOC_0000965 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | (1)Ballot Board Review of Apps.docx | Legislative, Attorney Client, AWP | Draft of SB1 amendment prepared for Senator Bettencourt by counsel, with annotations, revealing mental impressions, legal advice, and attorney mental impressions. |
| DOC_0000967 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | Senator Paul Bettencourt | Lori Bohannon | | (1)October 6 Letter from Sen. Bettencourt to Wich.pdf | Legislative | Correspondence contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0000968 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | Senator Paul Bettencourt | Lori Bohannon | | (1)October 6 Letter to Wichita Co Clerk re SB 11.docx | Legislative | Communication contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |

**App186**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000993 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Allocation of polling locations equipment and .docx | Legislative, Attorney Client, AWP | Draft amendment to SB1 provision prepared for Senator Bettencourt by counsel, revealing legal advice and attorney mental impressions. |
| DOC_0000994 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Ballot Board Review of Apps.docx | Legislative, Attorney Client, AWP | Draft amendment to SB1 provision prepared for Senator Bettencourt by counsel, with annotations, revealing legal advice and attorney mental impressions. |
| DOC_0000996 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | File name omitted because it contains privileged information | Legislative, Attorney Client, AWP | Draft election legislation provision prepared for Senator Bettencourt by counsel, revealing legal advice and attorney mental impressions. |
| DOC_0000998 | Senator Bettencourt | 1/19/2022 | Portable Network Graphics Format | | | | | image005.png | Legislative | Document relating to instances of voter fraud, contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0000999 | Senator Bettencourt | 1/19/2022 | Portable Network Graphics Format | | | | | image006.png | Legislative | Document relating to instances of voter fraud, contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001000 | Senator Bettencourt | 10/6/2021 | Adobe Acrobat (PDF) | | Senator Paul Bettencourt | | | October 6 Letter from Sen. Bettencourt to Wich.pdf | Legislative | Correspondence contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001001 | Senator Bettencourt | 10/6/2021 | MS Office (2016) Word | | Senator Paul Bettencourt | | | October 6 Letter to Wichita Co Clerk re SB 11.docx | Legislative | Correspondence contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001002 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Questions for SB 1111.docx | Legislative | Draft remarks and talking points regarding SB1111, prepared for Senator Bettencourt by counsel, revealing mental impressions. |
| DOC_0001005 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 208 One Pager.docx | Legislative | Notes and commentary relating to SB208 prepared for Senator Bettencourt by legislative staff that reveal mental impressions. |
| DOC_0001007 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 208 Summary of Legislative Purpose.docx | Legislative | Notes and commentary relating to SB208 prepared for Senator Bettencourt by legislative staff that reveal mental impressions. |
| DOC_0001009 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 1111 - Talking points.docx | Legislative | Draft remarks and talking points regarding SB1111, prepared for Senator Bettencourt by counsel that reveal mental impressions, legal advice, and attorney mental impressions. |

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0001010 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 1112 - Question and Answer.docx | Legislative | Draft remarks and talking points regarding SB1112, prepared for Senator Bettencourt by counsel that reveal mental impressions, legal advice, and attorney mental impressions. |
| DOC_0001011 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 1113 - VR penalty for not cleaning voter r.docx | Legislative | Draft remarks and talking points regarding SB1113, prepared for Senator Bettencourt by counsel that reveal mental impressions, legal advice, and attorney mental impressions. |
| DOC_0001012 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 1114 Committee Layout Talking Points 3-22-.docx | Legislative | Draft remarks and talking points regarding SB1114, prepared for Senator Bettencourt by counsel that reveal mental impressions, legal advice, and attorney mental impressions. |
| DOC_0001013 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | SB 1589 Committee Substitute.pdf | Attorney Client; Work Product; Legislative | Draft legislation regarding SB1589 submitted to the Texas Legislative Council. |
| DOC_0001014 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 1589 Talking Points.docx | Legislative | Draft remarks and talking points regarding SB1589, prepared for Senator Bettencourt by counsel that reveal mental impressions. |
| DOC_0001022 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Timeline for Challenging Voter Registration.docx | Legislative | Summary and commentary concerning SB1 provisions prepared for Senator Bettencourt by counsel, revealing mental impressions. |
| DOC_0001023 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Two Articles re SOS settlement with LULAC ove.docx | Legislative | Articles contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001025 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 1 Floor Talking Points.docx | Legislative | Draft talking points for the Senate Floor regarding SB1 prepared for Senator Bettencourt by staff, revealing mental impressions. |
| DOC_0001026 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 1 Poll Watcher Training One Pager.docx | Legislative | Draft introduction for proposed SB1 provision prepared for Senator Bettencourt that reveals mental impressions. |
| DOC_0001027 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 1 Poll Watcher Training Talking Points.docx | Legislative | Draft talking points concerning proposed SB1 provision prepared for Senator Bettencourt by counsel, revealing mental impressions. |
| DOC_0001028 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 1.docx | Legislative | Summary of SB1 provisions prepared for Senator Bettencourt by staff that reveals mental impressions. |

**App188**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0001029 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | SB 61 Analysis.docx | Legislative | Summary and talking points concerning SB61 prepared for Senator Bettencourt by staff that reveal mental impressions. |
| DOC_0001030 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Sonya Elections Bill Summary.docx | Legislative, Attorney Client, AWP | Summary of various election-law bills prepared for Senator Bettencourt by counsel that reveal mental impressions. |
| DOC_0001031 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | Three indicted on allegations of trying to illegally influence Texas House races _ The Texas Tribune.pdf | Legislative | Article contained in Senator Bettcourt's personal file for use in considering election legislation, revealing mental impressions, revealing mental impressions. |
| DOC_0001032 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Voting Fraud Cases.docx | Legislative | Notes relating to court opinions regarding election law, contained in Senator Bettcourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001036 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | STR 850 Background & Purpose (Mail-in Ballots).docx | Legislative | Draft introduction for proposed SB1 provision prepared for Senator Bettencourt that reveals mental impressions. |
| DOC_0001041 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | 2014 _ The American Voting Experience_ Report and Recommendations of the Presidential Commission on Election Administration.pdf | Legislative | Study relating to elections contained in Senator Bettcourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001042 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | 2017-04-21 North Carolina General Election 2016 Post Election Audit Report.pdf | Legislative | Study relating to elections contained in Senator Bettcourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001045 | Senator Bettencourt | 1/21/2020 | Adobe Acrobat (PDF) | | Don Barber (Sen. Bettencourt Leg. Dir.) | Don Barber (Bettencourt Leg. Dir.) | | 2020-01-21 Illinois_ Butler, House GOP Members Call for Hearing Following Automatic Voter Registration of Non-Citizens.pdf | Legislative | Internal communications within Senator Bettencourt's office, related to out-of-state elections legislation, kept in file for use in considering election legislation, revealing mental impressions. |
| DOC_0001046 | Senator Bettencourt | 1/21/2020 | Adobe Acrobat (PDF) | | Don Barber (Bettencourt Leg. Dir.) | Don Barber (Bettencourt Leg. Dir.) | | 2020-01-21 Illinois_ State Board of Elections admits non-U.S. citizens may have voted illegally in 2018 _ WCIA.com.pdf | Legislative | Internal communications within Senator Bettencourt's office, related to out-of-state elections practices, kept in file for use in considering election legislation, revealing mental impressions. |
| DOC_0001047 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | 2020-02-20 Harris County Elections Plagued by Problems on First Day of Early Voting.pdf | Legislative | Article contained in Senator Bettencourt's personal file for use in considering election legislation. |
| DOC_0001052 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | 2020-04-20 Despite coronavirus, Texas plans for July elections with in-person voting _ The Texas Tribune.pdf | Legislative | Article contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |

**App189**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0001055 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | Poetntial election code violations, please review | Don Barber (Bettencourt Leg. Dir.) | Ryan Fisher (OAG); Benjamin Barkley (Benjamin Barkley (Bettencourt Staffer); Marc Salvato ( Bettencourt COS) | | 2020-08 Potential election code violations, please review (EMAILS).pdf | Attorney Client; Legislative; Investigative | Correspondence from legislator's staff to Office of Attorney General, concerning an election complaint, considered when drafting legislation, revealing legislator's mental impressions. |
| DOC_0001056 | Senator Bettencourt | 8/8/2020 | Microsoft Outlook Message Mail | FW: Complaint for Forwarding to OAG | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | FW Complaint for Forwarding to OAG.msg | Legislative; Investigative | Correspondence from constituents to legislation's staff to provide solicited information regarding incidents of voting misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |
| DOC_0001057 | Senator Bettencourt | 8/10/2020 | MS Office (2016) Word | | Alan Vera | Don Barber (Sen. Bettencourt's Leg. Dir.); Benjamin Barkley (Sen. Bettencourt's Staffer) | | Anna Eastman Video to Voters.docx | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information regarding incidents of voting misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |
| DOC_0001058 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | Eastman SOS Complaint.pdf | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information regarding incidents of voting misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |
| DOC_0001059 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | Eastman voter packet.pdf | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information regarding incidents of voting misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |
| DOC_0001060 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | | | | | Mail-in Ballot Court Decision Letter_06122020.pdf | Legislative | Legal document contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001061 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | | | | | Mazzapica BBM App.pdf | Attorney Client; Legislative; Investigative | Form contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001062 | Senator Bettencourt | 8/8/2020 | Microsoft Outlook Message Mail | FW: Complaint of Voter Fraud | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | FW Complaint of Voter Fraud.msg | Legislative; Investigative | Correspondence from constituents to legislation's staff to provide solicited information regarding incidents of voting misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |
| DOC_0001063 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | Mazzapica BBM App.pdf | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information, regarding an elections complaint, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |
| DOC_0001064 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | Mazzapica SOS Comlaint.pdf | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information, containing an elections complaint related to election misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |
| DOC_0001066 | Senator Bettencourt | 8/8/2020 | Microsoft Outlook Message Mail | This Week's Suspects | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | This Week's Suspects.msg | Legislative; Investigative | Correspondence from constituent to legislator's staff to provide solicited information regarding voting misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |

**App190**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0001067 | Senator Bettencourt | 8/10/2020 | Microsoft Excel 2016 XML File | | | | | Mail Ballots Received.xlsx | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information, related to mail-in ballots, kept in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001069 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | 2020-09-01 Anonymous Democrat operative's account of how election fraud is allegedly committed was 'revealing' and 'chilling'_ NY Post reporter (Foxnews.com).pdf | Legislative | Article contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001070 | Senator Bettencourt | 9/15/2020 | Adobe Acrobat (PDF) | AG Paxton Urges Texas Supreme Court to Stop Harris County Clerk from Sending Millions of Unsolicited Mail-In Ballot Applications | Office of Attorney General | Don Barber (Bettencourt Leg. Dir.) | | 2020-09-15 AG Paxton Urges Texas Supreme Court to Stop Harris County Clerk from Sending Millions of Unsolicited Mail-In Ballot Applications.pdf | Legislative | Correspondence between Texas Attorney General and legislator's staff, contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001071 | Senator Bettencourt | 9/24/2020 | Adobe Acrobat (PDF) | AG Paxton Announces Joint Prosecution of Gregg County Organized Election Fraud in Mail-In Balloting Scheme | Office of Attorney General | Don Barber (Bettencourt Leg. Dir.) | | 2020-09-24 Texas AG statement, AG filed joint prosecution in election fraud of mail-in ballot scheme.pdf | Legislative | Correspondence between Office of Attorney General and legislator's staff, contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001072 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | 2020-10-08 Carrollton mayoral candidate arrested after police find forged mail-in ballots (WFAA).pdf | Legislative | Article contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001073 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | 2020-10-08 Harris County cannot send mail ballot applications to all voters, Texas Supreme Court rules (chron).pdf | Legislative | Article contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001074 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | AG Paxton_Suit Original Petition – Harris County Clerk to Prevent Mailing Unsolicited Mail-In Ballot Applications.pdf | Legislative | Legal document contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001075 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | AG Paxton Urges Texas Supreme Court_Stop Harris Co unsolicited mail in.pdf | Legislative | Article contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001080 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | Elections Guidance Letter - Drive-Thru.pdf | Legislative | Legal document contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001085 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | Floor Amendment for Ballot by Mail Voter to Allow voter to add missing TDL or SSN.docx | Attorney Client; Work Product; Legislative | Draft of SB1 floor amendment prepared by Senator Bettencourt's counsel that reveals mental impressions. |
| DOC_0001086 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | Gov. Abbott limits mail ballot drop-off locations, forcing Harris County to close 11 sites - HoustonChronicle.com.pdf | Legislative | Article contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |

**App191**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0001092 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | | Mail-In Ballots JA census.xlsx | Legislative | Data contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001093 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | Mandamus w Appendix FINAL (writ of injunction to Harris Co Clerk, preserve jurisdiction by ordering Harris Co Clerk not send unsolicited mail-in ballot apps).pdf | Legislative | Legal document contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001123 | Senator Bettencourt | 2/28/2020 | Adobe Acrobat (PDF) | | Don Barber (Bettencourt Leg. Dir.) | Benjamin Barkley (Bettencourt Staffer) | | staffers have been collecting mail-in ballots.pdf | Legislative | Communication contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001124 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | 2020-02-28 Sanders zeroes-in on Super Tuesday .pdf | Legislative | Article contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001127 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | Texas Democrats make last push to expand mail-in voting in pandemic (1).pdf | Legislative | Article contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001128 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged information | Legislative | Report contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001136 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | Third lawsuit filed to stop Texas Gov. Greg Abbott's order to limit mail ballot drop-off sites.pdf | Legislative | Article contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions, revealing mental impressions. |
| DOC_0001138 | Senator Bettencourt | 6/9/2020 | Adobe Acrobat (PDF) | | | | | Democrats Look to Counter GOP Vote-By-Mail Frau....pdf | Legislative | Article contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001139 | Senator Bettencourt | 8/31/2020 | Adobe Acrobat (PDF) | | | | | AG Paxton_Sues_Harris County Clerk to Prevent H....pdf | Legislative | Article contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| DOC_0001144 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | | 87R 5109 One Pager.docx | Legislative | Draft bill analysis prepared by legislator's office regarding SB5109 that reveals mental impressions. |
| DOC_0001151 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | Best Practices for Achieving Integrity in Voter Registration _Report FINAL (PILF, Public Interest Legal Foundation).pdf | Legislative | Report contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |

**App192**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0001154 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged information | Legislative | Report contained in Senator Bettencourt's personal file for use in considering election legislation revealing mental impressions. |
| PDOC_0000015 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Handwritten notes from Senator Hughes's office, along with materials reviewed regarding the materials, related to pending legislation, revealing mental impressions. |
| PDOC_0000045 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Handwritten notes from Senator Hughes's office regarding pending election legislation that reveals mental impressions. |
| PDOC_0000067 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Handwritten notes from Senator Hughes's office regarding pending election legislation that reveal mental impressions. |
| PDOC_0000110 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Notes from Senator Hughes's office regarding pending election legislation that reveal mental impressions. |
| PDOC_0000114 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Handwritten and typed notes from a conference committee report concerning Senate Bill 1 that reveal mental impressions. |
| PDOC_0000198 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Handwritten notes on a draft legislation proposal concerning election legislation that reveal mental impressions. |
| PDOC_0000224 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Proposed amendment drafts regarding committee substitute for SB1 developed between legislators, their staff, and the Texas Legislative Council. |
| PDOC_0002227 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Senator Hughes's copy of draft election legislation along with code sections being referenced. |
| PDOC_0002351 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Senator Hughes's typed notes regarding SB1 provisions, revealing mental impressions. |
| PDOC_0002357 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | A draft of unspecified election bill, containing comments, notes, and other annotations by Senator Hughes. |

**App193**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| PDOC_0002393 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | A draft of unspecified election bill, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| PDOC_0002426 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft amendment to SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| PDOC_0002431 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft amendment to SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| PDOC_0002441 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft committee substitute to SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| PDOC_0002464 | Senator Hughes | 5/17/2021 | Scanned Document from Legislator's Files | | | | | | Legislative | Notes prepared for Senator Hughes to aid in drafting SB7 that contain handwritten notes and other markings, revealing mental impressions. |
| PDOC_0002467 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft amendment to SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| PDOC_0002520 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Senator Hughes's notes and comments concerning proposed amendment to election legislation, revealing mental impressions. |
| PDOC_0002530 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Notes prepared for Senator Hughes to aid in drafting election legislation that contain handwritten notes and other markings, revealing mental impressions. |
| PDOC_0002540 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Notes that Sen. Hughes prepared for a meeting with Representative Murr regarding pending legislation that reveal mental impressions. |
| PDOC_0002542 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Notes prepared for Senator Hughes to aid in drafting election legislation that contain handwritten notes, revealing mental impressions. |
| PDOC_0002546 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Notes and talking points prepared for Senator Hughes to aid discussing SB7 that contain handwritten edits, revealing mental impressions. |

**App194**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| PDOC_0002569 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| PDOC_0002609 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| PDOC_0002632 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft excerpts of SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| PDOC_0002643 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's typed and handwritten notes on suggestions and ideas for election integrity bill that reveal mental impressions. |
| PDOC_0002660 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft excerpts of SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| PDOC_0002683 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft excerpts of SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| PDOC_0002708 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| PDOC_0002774 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | A chart comparing HB3 and SB1, developed by Senator Hughes and containing handwritten notes, comments, and other markings that reveal mental impressions. |
| PDOC_0002808 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of SB7, containing comments, notes, and other annotations on particular sections by Senator Hughes, revealing mental impressions. |
| PDOC_0002888 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Data contained in Senator Hughes's personal file for use in considering election legislation that reveal mental impressions. |
| PDOC_0002890 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Senator Hughes's notes on changes made to SB7 and SB1 that reveal mental impressions. |

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| PDOC_0002906 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Talking points regarding election legislation prepared for Senator Hughes in response to comments made in opposition to the legislation, revealing mental impressions. |
| PDOC_0002907 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's notes and talking points for floor speech concerning election legislation that reveal mental impressions. |
| PDOC_0002910 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative; | A document that cross references provisions of SB1 with the Texas Election Code and contains Senator Hughes's notes, comments, and/or other markings that reveal mental impressions. |
| PDOC_0002920 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative; | A document that cross references provisions of SB1 with the Texas Election Code and contains Senator Hughes's notes, comments, and/or other markings that reveal mental impressions. |
| PDOC_0002929 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | A document that cross references provisions of Senate Bill 1 with the Texas Election Code and contains Senator Hughes's notes, comments, and/or other markings that reveal mental impressions. |
| PDOC_0002936 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative; | A document that cross references provisions of Senate Bill 1 with the Texas Election Code and contains Senator Hughes's notes, comments, and/or other markings that reveal mental impressions. |
| PDOC_0002948 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | A document that cross references provisions of Senate Bill 1 with the Texas Election Code and contains Senator Hughes's notes, comments, and/or other markings that reveal mental impressions. |
| PDOC_0002960 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | A document that cross references provisions of Senate Bill 1 with the Texas Election Code and contains Senator Hughes's notes, comments, and/or other markings. |
| PDOC_0002980 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | A document that cross references provisions of Senate Bill 1 with the Texas Election Code and contains Senator Hughes's notes, comments, and/or other markings that reveal mental impressions. |
| PDOC_0002990 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | A document that cross references provisions of Senate Bill 1 with the Texas Election Code and contains Senator Hughes's notes, comments, and/or other markings that reveal mental impressions. |
| PDOC_0002996 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Attorney Client; Work Product; Legislative | Document from the Texas Legislative Council that contains alternative drafts of Senate Bill 7, along with drafting from Senator Hughes. |

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| PDOC_0003034 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative; | Draft of SB7, containing comments, notes, and other annotations on particular sections by Senator Hughes that reveal mental impressions. |
| PDOC_0003119 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of SB7, containing comments, notes, and other annotations on particular sections by Senator Hughes that reveal mental impressions. |
| PDOC_0003199 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of SB7 committee report, containing comments, notes, and other annotations on particular sections by Senator Hughes that reveal mental impressions. |
| DOC_0000276 | Texas Senate | 2/15/2018 | MS Office Word 2010 | | Senator Bryan Hughes | Senator Borris Miles; Senator Joan Huffman; Senator Lois Kolkhorst; Senator Brandon Creighton; Senator Judith Zaffirini | | 1. Letter to Senators re witnesses.docx | Legislative | Draft of internal correspondence between Senator Hughes and members of the Senate regarding an upcoming hearing of the Select Committee on Election Security. |
| DOC_0000277 | Texas Senate | 2/15/2018 | Adobe Acrobat (PDF) | | Senator Bryan Hughes | Senator Borris Miles; Senator Joan Huffman; Senator Lois Kolkhorst; Senator Brandon Creighton; Senator Judith Zaffirini | | 1. Letter to Senators re witnesses.pdf | Legislative | Draft of internal correspondence between Senator Hughes and members of the Senate regarding an upcoming hearing of the Select Committee on Election Security that reveals mental impressions. |
| DOC_0000286 | Texas Senate | 5/7/2018 | Microsoft Excel 2013 | | | | | Copy of Complaint Status.xlsx | Legislative | Legal documents contained in personal file of the Select Committee on Election Security, for use in considering election legislation, revealing mental impressions. |
| DOC_0000287 | Texas Senate | 11/26/2018 | Microsoft Excel 2016 XML File | | | | | Copy of Residential Care Facility Chapter 107 Survey.xlsx | Legislative | Report contained in the personal file of the Select Committee on Election Security, for use in considering election legislation, revealing mental impressions. |
| DOC_0000288 | Texas Senate | 12/7/2018 | Microsoft Excel 2013 | | | | | Counties with New Voting Systems since 2016.xlsx | Legislative | Chart contained in personal file of the Select Committee on Election Security, for use in considering election legislation, revealing mental impressions. |
| DOC_0000289 | Texas Senate | 5/2/2018 | Adobe Acrobat (PDF) | | Senator Bryan Hughes | Jose Salvador; John Lee Rodriguez; Kathryn Nealy; Kara Sands; Toni Pippins-Poole; Brenda Samples; Lupe Torres | | County_Letters.pdf | Legislative | Correspondence from Senator Hughes, on behalf of Select Committee on Election Security, to third party not employed by legislature, soliciting information for use in considering election legislation, revealing mental impressions. |
| DOC_0000290 | Texas Senate | 5/3/2018 | Adobe Acrobat (PDF) | | Senator Bryan Hughes | Toni Pippins-Poole | | Dallas_Co_Letter.pdf | Legislative | Correspondence rom Senator Hughes, on behalf of Select Committee on Election Security, to third party, not employed by legislature, soliciting information for use in considering election legislation, revealing mental impressions. |
| DOC_0000316 | Texas Senate | 10/20/2016 | Microsoft Excel 2013 | | | | | Analysis - March 2016 Primary.xlsx | Legislative | Data gathered by Senator Hughes on behalf of the Select Committee on Election Security for use in considering election legislation, revealing mental impressions. |

**App197**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000319 | Texas Senate | 9/13/2018 | Adobe Acrobat (PDF) | | | | | DRAFT_SoS Vote History Discrepancies Packet.pdf | Legislative | Data gathered by Senator Hughes on behalf of the Select Committee on Election Security for use in considering election legislation, revealing mental impressions. |
| DOC_0000320 | Texas Senate | 1/3/2019 | Microsoft Outlook Message Mail | FW: INETMAIL: Election Security | Burwell Thompson (Hughes' Staffer) | Drew Tedford (State Affairs Comm. Dir). | | FW INETMAIL Election Security.msg | Legislative | Correspondence between Senator Hughes's staff and other legislator's staff concerning pending legislation. |
| DOC_0000321 | Texas Senate | 11/14/2018 | Microsoft Outlook Message Mail | FW: Legislative Recommendations | Jonathan White (OAG) | Drew Tedford (State Affairs Comm. Dir). | | FW Legislative Recommendations.msg | Attorney Client; Legislative | Correspondence between Drew Tedford, who is Senator Hughes's general counsel, and Jonathan White, the division chief of the Attorney General's election integrity division. The email consists of Mr. White's recommendations and advice to Mr. Tedford concerning pending legislation. |
| DOC_0000329 | Texas Senate | 9/13/2018 | Microsoft Outlook Message Mail | FW: waivers | Keith Ingram (SOS) | Drew Tedford (State Affairs Comm. Dir). | | FW waivers.msg | Legislative | Correspondence between Drew Tedford, who is Senator Hughes's general counsel, and Keith Ingram, the director of the Secretary of State's elections division. The email consists of Mr. Ingram's recommendations and advice to Mr. Tedford concerning pending legislation. |
| DOC_0000347 | Texas Senate | 5/23/2018 | MS Office (2016) Word | | | | | Gregg_Co_Press_Conf.docx | Legislative | Draft talking points concerning election legislation prepared for Senator Hughes. |
| DOC_0000348 | Texas Senate | 2/25/2020 | MS Office (2016) Word | | | | | Hearing Agenda 02 22 18.docx | Legislative | Draft agenda for hearing of the Select Committee on Election Security for use in considering pending legislation. |
| DOC_0000352 | Texas Senate | 5/1/2018 | MS Office (2016) Word | | | | | Ingram_Letter.docx | Legislative | Draft letter from Senator Hughes to Keith Ingram for the purpose of seeking advice on pending election legislation, revealing mental impressions. |
| DOC_0000357 | Texas Senate | 12/3/2018 | Adobe Acrobat (PDF) | | | | | LC 4726 Proposal 7 Alternate Judge of EVBB.pdf | Legislative | Draft of unspecified election bill, containing Senator Hughes's edits and markings, revealing mental impressions. |
| DOC_0000368 | Texas Senate | 5/2/2018 | Adobe Acrobat (PDF) | | Senator Bryan Hughes | Jose Salvador; John Lee Rodriguez; Kathryn Nealy; Kara Sande; Toni Pippins-Poole; Brenda Samples; Lupe Torres | | County_Letters.pdf | Legislative | Correspondence from Senator Hughes, on behalf of Select Committee on Election Security, to third party, soliciting information for use in considering election legislation, revealing mental impressions. |
| DOC_0000369 | Texas Senate | 5/3/2018 | Microsoft Outlook Message Mail | Letter to Dallas County election officials | Sarah Hartsfield (Huffines' Staffer) | Drew Tedford (State Affairs Comm. Dir). | Leigh Anne Lauderdale (Sen. Huffine's Leg. Dir.) | Letter to Dallas County election officials.msg | Legislative | Internal correspondence between two legislative staffers, Sarah Hartsfield and Drew Tedford, regarding election legislation. |
| DOC_0000371 | Texas Senate | 5/2/2018 | Microsoft Outlook Message Mail | list | Keith Ingram (SOS) | Drew Tedford (State Affairs Comm. Dir). | | list.msg | Legislative | Correspondence between Drew Tedford, who is Senator Hughes's general counsel, and Keith Ingram, the director of the Secretary of State's elections division for the purpose of seeking advice concerning pending election legislation. |

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000372 | Texas Senate | 5/2/2018 | Microsoft Excel 2013 | | Keith Ingram (SOS) | Drew Tedford (State Affairs Comm. Dir). | | Copy of Complaint Status.xlsx | Legislative | Attachment to correspondence between Drew Tedford, who is Senator Hughes's general counsel, and Keith Ingram, the director of the Secretary of State's elections division for the purpose of seeking advice concerning pending election legislation. |
| DOC_0000375 | Texas Senate | 5/2/2018 | MS Office (2016) Word | | | | | Mail-in_letter -Caroline's Edits.docx | Legislative | Draft correspondence from Senator Hughes, on behalf of Select Committee on Election Security, to third party not employed by Legislature, soliciting information for use in considering election legislation, revealing mental impressions. |
| DOC_0000394 | Texas Senate | 5/17/2018 | Microsoft Outlook Message Mail | Request for information | James Palomo | Drew Tedford (State Affairs Comm. Dir). | | Request for information.msg | Legislative | Correspondence between Senator Hughes, on behalf of Select Committee on Election Security, and third party not employed by Legislature, regarding information for use in considering election legislation, revealing mental impressions. |
| DOC_0000395 | Texas Senate | 5/17/2018 | Adobe Acrobat (PDF) | | James Palomo | Drew Tedford (State Affairs Comm. Dir). | | 180306 DEM Primary Election Final PctbyPct Ev Mail.pdf | Legislative | Attachment to correspondence between Senator Hughes, on behalf of Select Committee on Election Security, and third party not employed by Legislature, regarding information for use in considering election legislation, revealing mental impressions. |
| DOC_0000396 | Texas Senate | 5/17/2018 | Adobe Acrobat (PDF) | | James Palomo | Drew Tedford (State Affairs Comm. Dir). | | 180306 REP Primary Election Final PctbyPct Ev Mail_EL52.pdf | Legislative | Attachment to correspondence between Senator Hughes, on behalf of Select Committee on Election Security, and third party not employed by Legislature, regarding information for use in considering election legislation, revealing mental impressions. |
| DOC_0000397 | Texas Senate | 5/17/2018 | Adobe Acrobat (PDF) | | Senator Bryan Hughes | Toni Pippins-Poole | | Dallas_Co_Letter.pdf | Legislative | Correspondence between Senator Hughes, on behalf of Select Committee on Election Security, and third party not employed by Legislature, regarding information for use in considering election legislation, revealing mental impressions. |
| DOC_0000437 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | 87C1_SB7_Draft.pdf | Legislative | Draft conference committee report of SB7 that contains markings, notes, and comments by Senator Hughes, revealing mental impressions. |
| DOC_0000438 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | 87C1_SB7_Draft_Part1.pdf | Legislative | Draft conference committee report of SB7 that contains markings, notes, and comments by Senator Hughes, revealing mental impressions. |
| DOC_0000439 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | 87C1_SB7_Draft_Part2.pdf | Legislative | Draft conference committee report of SB7 that contains markings, notes, and comments by Senator Hughes, revealing mental impressions. |
| DOC_0000440 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | 87C1_SB7_Draft_Part3.pdf | Legislative | Draft conference committee report of SB7 that contains markings, notes, and comments by Senator Hughes, revealing mental impressions. |
| DOC_0000441 | Texas Senate | 6/29/2021 | MS Office (2016) Word | | | | | 87C1_SB7_Draft_with_changes.docx | Legislative | Draft of SB7 with notes and edits by Senator Hughes that reveal mental impressions |

**App199**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000442 | Texas Senate | 5/30/2021 | MS Office (2016) Word | | | | | CCR Chart of Penalties.docx | Legislative | Chart prepared by staff for Senator Hughes outlining draft of SB7 with notes revealing mental impressions. |
| DOC_0000443 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | | | | changes.docx | Legislative | Notes and comments regarding possible amendments to SB7 that reveal mental impressions. |
| DOC_0000447 | Texas Senate | 5/29/2021 | MS Office (2016) Word | | | | | Do Not Distribute_HS.docx | Legislative | Notes and comments concerning SB7 prepared for the purpose of considering election legislation, revealing mental impressions. |
| DOC_0000448 | Texas Senate | 7/13/2021 | MS Office (2016) Word | | | | | Elections SB1 Biz Community Letter.docx | Legislative | Draft correspondence from Senator Hughes to third parties soliciting input for the purpose of considering election legislation, revealing mental impressions. |
| DOC_0000449 | Texas Senate | 3/19/2021 | Microsoft Excel 2016 XML File | | | | | EV Poll Bill data by Ed Johnson_Harris Co 2020.xlsx | Legislative | Data gathered by Senator Hughes on behalf of the Select Committee on Election Security for use in considering election legislation. |
| DOC_0000451 | Texas Senate | 6/28/2021 | MS Office (2016) Word | | | | | HallSubFfix.docx | Legislative; | Draft of possible amendment to SB7 prepared for Senator Hughes by staff. |
| DOC_0000453 | Texas Senate | 4/1/2021 | MS Office (2016) Word | | | | | Q & A.docx | Legislative | Draft notes and talking points concerning SB7 developed for Senator Hughes by staff that reveal mental impressions. |
| DOC_0000454 | Texas Senate | 11/30/2021 | MS Office (2016) Word | | | | | SB 1 Enrolled Version Removal of AG Reporting.docx | Legislative | Notes created for Senator Hughes by legislative staffers concerning differences between Senate and House versions of SB1, revealing mental impressions. |
| DOC_0000455 | Texas Senate | 5/29/2021 | MS Office (2016) Word | | | | | SB 7 One-Pager_explanatory hs.docx | Legislative | A draft summary of SB7 that contains notes, track changes, and edits by Senator Hughes and staff, revealing mental impressions. |
| DOC_0000456 | Texas Senate | 4/14/2021 | MS Office (2016) Word | | | | | SB7 & Access to Polls.docx | Legislative | Internal document created for Senator Hughes by staffers that outlines specific changes proposed by SB7 and reveal mental impressions. |
| DOC_0000457 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | | | | SB7 Press Release HS Changes.docx | Legislative | A draft press release prepared for Senator Hughes by staff relating to SB7 that contains notes, track changes, and edits, revealing mental impressions. |

**App200**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000458 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | | | | SB7 Press Release HS Changes_v2.docx | Legislative | A draft press release prepared for Senator Hughes by staff relating to SB7 that contains notes, track changes, and edits, revealing mental impressions. |
| DOC_0000459 | Texas Senate | 5/12/2021 | MS Office (2016) Word | | | | | Section by Section Description Engrossed.docx | Legislative | Internal document created for Senator Hughes by staffers that outlines SB1 provisions, with talking points, revealing mental impressions. |
| DOC_0000460 | Texas Senate | 5/17/2021 | MS Office (2016) Word | | | | | Talking Points SB 7 Floor.docx | Legislative | Draft of script/comments written in preparation of laying out SB7 on the Senate Floor, prepared for Senator Hughes by staff, revealing mental impressions. |
| DOC_0000462 | Texas Senate | 5/23/2021 | MS Office (2016) Word | | | | | 6 Base   7 v4.0.docx | Legislative | Draft amendment to SB7 for the purposes of the Conference Committee that contains note, track changes, comments, and other markings from Senator Hughes and staff, revealing mental impressions. |
| DOC_0000463 | Texas Senate | 5/25/2021 | MS Office (2016) Word | | | | | 6 Base   7 v4.0-3_2.docx | Legislative | Draft amendment to SB7 for the purposes of the Conference Committee that contains note, track changes, comments, and other markings from Senator Hughes and staff, revealing mental impressions. |
| DOC_0000464 | Texas Senate | 5/25/2021 | MS Office (2016) Word | | | | | 6 Base   7 v4.0-3_3.docx | Legislative | Draft amendment to SB7 for the purposes of the Conference Committee that contains note, track changes, comments, and other markings from Senator Hughes and staff, revealing mental impressions. |
| DOC_0000465 | Texas Senate | 5/25/2021 | MS Office (2016) Word | | | | | 6 Base   7 v4.0-3_4.docx | Legislative | Draft amendment to Senate Bill 7 for the purposes of the Conference Committee that contains note, track changes, comments, and other markings from Senator Hughes and staff. |
| DOC_0000466 | Texas Senate | 7/8/2021 | Adobe Acrobat (PDF) | | | | | 87C1_SB1.pdf | Attorney Client; Work Product; Legislative | Draft of unspecified elections bill prepared by Texas Legislative Council for legislator's use. |
| DOC_0000467 | Texas Senate | 5/28/2021 | Adobe Acrobat (PDF) | | | | | 87R 29455.pdf | Attorney Client; Work Product; Legislative | Draft of unspecified elections bill prepared by Texas Legislative Council for legislator's use. |
| DOC_0000468 | Texas Senate | 5/29/2021 | MS Office (2016) Word | | | | | Assisting People with Disabilities Overview.docx | Attorney Client; Work Product; Legislative | Typed notes, prepared by general counsel for legislator's use at SB7 Conference Committee, summarizing voter assistance law, which reveals mental impressions. |
| DOC_0000469 | Texas Senate | 5/12/2021 | MS Office (2016) Word | | | | | Conference Committee SB 7.docx | Attorney Client; Work Product; Legislative | Typed notes, prepared by general counsel for legislator's use at Conference Committee, regarding potential changes to SB7, revealing legislator's mental impressions. |

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000470 | Texas Senate | 5/29/2021 | MS Office (2016) Word | | | | | Differences in SB7 and CCR.docx | Attorney Client; Work Product; Legislative | Typed notes, prepared by general counsel for legislator's use at Conference Committee, regarding the House version of SB7, revealing legislator's mental impressions. |
| DOC_0000471 | Texas Senate | 5/29/2021 | MS Office (2016) Word | | | | | Disability Definition Overview.docx | Attorney Client; Work Product; Legislative | Typed notes, prepared by general counsel for legislator's use at Conference Committee, summarizing potential changes to SB7 related to disabilities, revealing legislator's mental impressions. |
| DOC_0000472 | Texas Senate | 5/29/2021 | Adobe Acrobat (PDF) | | | | | FINAL 87R 30396.pdf | Attorney Client; Work Product; Legislative | Draft of SB7 prepared by Texas Legislative Council for legislator's use. |
| DOC_0000473 | Texas Senate | 5/29/2021 | MS Office (2016) Word | | | | | Mail Ballot Voter ID quick overview.docx | Attorney Client; Work Product; Legislative | Typed notes, prepared by Senator Hughes' general counsel for legislator's use at Conference Committee, summarizing potential changes to SB7 related to mail-in voting, revealing legislator's mental impressions. |
| DOC_0000474 | Texas Senate | 5/29/2021 | MS Office (2016) Word | | | | | Penalties on Registrars Difference Overview.docx | Attorney Client; Work Product; Legislative | Typed notes, prepared by general counsel for legislator's use at Conference Committee, summarizing potential changes to SB7 related to voter registrars, revealing legislator's mental impressions. |
| DOC_0000475 | Texas Senate | 5/29/2021 | MS Office (2016) Word | | | | | Q & A CCR.docx | Attorney Client; Work Product; Legislative | Notes and talking points, prepared by general counsel for legislator's use at SB7 Conference Committee, including a draft Q&A that reveals legislator's mental impressions. |
| DOC_0000476 | Texas Senate | 5/27/2021 | MS Office (2016) Word | | | | | SB 7 5.1 Draft CHANGES.docx | Attorney Client; Work Product; Legislative | Typed notes, prepared by general counsel for legislator's use at Conference Committee, summarizing changes made SB7, revealing legislator's mental impressions. |
| DOC_0000477 | Texas Senate | 5/12/2021 | MS Office (2016) Word | | | | | SB 7 House Engrossed TABLE.docx | Attorney Client; Work Product; Legislative | Comparison chart, prepared for by general counsel legislator's use at Conference Committee, summarizing changes made to SB7, revealing legislator's mental impressions. |
| DOC_0000478 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | Hope Shelton; Office of Senator Byran Hughes | Texas Senate Offices | | SB 7 One-Pager_explanatory FINAL.docx | Legislative | Inter-office communique between legislative offices, that provides a one-page summary of SB7 and reveals legislators' mental impressions. |
| DOC_0000479 | Texas Senate | 5/29/2021 | MS Office (2016) Word | | Hope Shelton; Office of Senator Byran Hughes | Texas Senate Offices | | SB 7 One-Pager_explanatory SENATE.docx | Legislative | Draft of inter-office communique between legislative offices, that provides a one-page summary of CCR7 and reveals legislators' mental impressions. |
| DOC_0000480 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | Hope Shelton; Office of Senator Byran Hughes | Texas Senate Offices | | SB 7 One-Pager_explanatory.docx | Legislative | Draft of inter-office communique between legislative offices, that provides a one-page summary of SB7 and reveals legislators' mental impressions. |

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000481 | Texas Senate | 5/29/2021 | MS Office (2016) Word | | | | | SB 7 Section by Section.docx | Attorney Client; Work Product; Legislative | Typed section-by-section summary of SB7, prepared by general counsel for legislator's use at Conference Committee, revealing mental impressions. |
| DOC_0000482 | Texas Senate | 5/25/2021 | MS Office (2016) Word | | | | | SB 7 Senate Engrossed TABLE.docx | Attorney Client; Work Product; Legislative | Notes and comparison table, prepared by general counsel for legislator's use at Conference Committee, that summarize changes made to SB7, as well as contains staff advice, revealing mental impressions. |
| DOC_0000483 | Texas Senate | 4/15/2021 | Adobe Acrobat (PDF) | | | | | SB 7 vs HB 6.pdf | Legislative | Notes and comparison table, prepared by staff for legislator's use at Conference Committee, that summarize the differences between SB7 and HB6, revealing legislator's mental impressions |
| DOC_0000484 | Texas Senate | 5/12/2021 | MS Office (2016) Word | | | | | SB7 (informal House engrossment) HS edits.docx | Legislative | Draft of CSSB7 that contains annotations, markings, and redlines, revealing legislator's mental impressions. |
| DOC_0000485 | Texas Senate | 5/12/2021 | MS Office (2016) Word | | | | | SB7 (informal House engrossment).docx | Legislative | Draft of CSSB7 that contains footnotes and redlines, revealing legislator's mental impressions. |
| DOC_0000486 | Texas Senate | 5/27/2021 | Adobe Acrobat (PDF) | | | | | SB7 5.1.pdf | Legislative | Draft of CSSB7 that contains highlights, markings, and redlines, revealing legislator's mental impressions. |
| DOC_0000487 | Texas Senate | 5/4/2021 | Adobe Acrobat (PDF) | | | | | SB7 Engrossed.pdf | Legislative | Draft of SB7 that reveals legislator's mental impressions. |
| DOC_0000488 | Texas Senate | 5/29/2021 | Adobe Acrobat (PDF) | | | | | SB7 SxS UPDATED.pdf | Attorney Client; Work Product; Legislative | Draft section-by-section analysis of SB7 prepared by Texas Legislative Council for legislator's use at Conference Committee. |
| DOC_0000489 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | | | | SB01114 amended.docx | Legislative | Draft of SB1114 that reveals legislator's mental impressions. |
| DOC_0000490 | Texas Senate | 5/21/2021 | MS Office (2016) Word | | | | | Table of Contents 6 Base   7 v3.0.docx | Legislative | Draft table of contents, prepared for legislator's use at Conference Committee, that relating to the reconciliation of SB7, and revealing mental impressions. |
| DOC_0000491 | Texas Senate | 5/27/2021 | MS Office (2016) Word | | | | | Three Things.docx | Attorney Client; Work Product; Legislative | Notes prepared by general counsel for legislator's use at Conference Committee, regarding polling locations and voter roll maintenance, that reveals mental impression  M525s.. |

**App203**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000492 | Texas Senate | 5/21/2021 | MS Office (2016) Word | | | | | Voting Hours on Weekend Draft Language.docx | Legislative | Draft of unspecified elections bill that reveals legislator's mental impressions. |
| DOC_0000493 | Texas Senate | 6/30/2021 | Microsoft Outlook Message Mail | Drafting instruction information for 87R30396, Senate Bill No. 7 conference committee report | Jeffrey Thorne (TLC) | Drew Tedford (State Affairs Comm. Dir.) | Mike Marshall (TLC); Adam Moses (TLC); Tracy Snelson (TLC); Jennifer Jackson (TLC) | Drafting instruction information for 87R30396 Senate Bill No 7 conference committee report.msg | Attorney Client; Work Product; Legislative | Correspondence between Texas Legislative Counsel and legislator's staff, pursuant to Conference Committee Report, regarding draft instructions for SB7. |
| DOC_0000494 | Texas Senate | 6/30/2021 | Adobe Acrobat (PDF) | | Jessica Hart (Elections Comm. Staffer) | Texas Legislative Council | | ITEM 1.LDR.pdf | Attorney Client; Work Product; Legislative | Attachment to correspondence between Texas Legislative Council and legislator's staff that contains a legislative draft request form submitted by Senator Hughes's office. |
| DOC_0000495 | Texas Senate | 6/30/2021 | MS Office (2016) Word | | Jessica Hart (Elections Comm. Staffer) | Texas Legislative Council | | ITEM.2.LDR.Attachment.Instructions.docx | Attorney Client; Work Product; Legislative | Attachment to correspondence between Texas Legislative Council and legislator's staff that specifies legislator's drafting instructions for SB7. |
| DOC_0000496 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | FW: SB 7 Changes | Adam Moses (TLC) | Jennifer Jackson | | ITEM.3.E-MAIL.msg | Attorney Client; Work Product; Legislative | Email bewtwen legislative staffers, attached to correspondence between the Texas Legislative Council and legislator's staff, containing proposed language for SB7. |
| DOC_0000497 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov); Justin Williamson (Cain COS) | ITEM.4.E-MAIL.msg | Attorney Client; Work Product; Legislative | Email bewtwen legislative staffers, attached to correspondence between the Texas Legislative Council and legislator's staff, containing proposed language for SB7. |
| DOC_0000498 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Adam Moses (TLC) | ITEM.5.E-MAIL.msg | Attorney Client; Work Product; Legislative | Email bewtwen legislative staffers, attached to correspondence between the Texas Legislative Council and legislator's staff, containing drafting instructions and proposed language for SB7. |
| DOC_0000499 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | FW: SB 7 Changes | Adam Moses (TLC) | Tracy Snelson (TLC); Jennifer Jackson (TLC) | | ITEM.6.E-MAIL.msg | Attorney Client; Work Product; Legislative | Email bewtwen legislative staffers, attached to correspondence between the Texas Legislative Council and legislator's staff, related to drafting instructions for SB7. |
| DOC_0000500 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | FW: SB 7 Changes | Adam Moses (TLC) | Tracy Snelson (TLC) | | ITEM.7.E-MAIL.msg | Attorney Client; Work Product; Legislative | Email bewtwen legislative staffers, attached to correspondence between the Texas Legislative Council and legislator's staff, containing drafting instructions for SB7. |
| DOC_0000501 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney); Tracy Snelson (TLC) | Adam Moses(TLC) ; Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir) ; Alix Morris (Lt.Gov); Hope Shelton (Hughes GC); Justin Williamson (Cain COS) | ITEM.8.E-MAIL.msg | Attorney Client; Work Product; Legislative | Email bewtwen legislative staffers, attached to correspondence between the Texas Legislative Council and legislator's staff, containing drafting instructions and proposed language for SB7. |
| DOC_0000502 | Texas Senate | 6/30/2021 | Adobe Acrobat (PDF) | | | | | ITEM.9.MARKUP. [87R 30396].pdf | Attorney Client; Work Product; Legislative | Typed notes, prepared for Texas Legislative Council, that provides drafting instructions regarding SB7. |

**App204**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000503 | Texas Senate | 5/24/2021 | Microsoft Outlook Message Mail | FW: 6 Base  7 v4.0-3.docx | Alix Morris (Lt. Gov.) | Drew Tedford (State Affairs Comm. Dir.) | | FW 6 Base  7 v4 0-3 docx.msg | Legislative | Correspondence between legislator's staff and the Lt. Governor's office regarding draft language for SB7. |
| DOC_0000504 | Texas Senate | 5/24/2021 | MS Office 12 (2007) Word XML format | | | | | 6 Base  7 v4.0-3.docx | Legislative | Attachment to correspondence between legislator's staff and the Lt. Governor's office that contains a draft of SB7 with comments, markings, and track changes, revealing legislator's mental impressions. |
| DOC_0000505 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | FW: Changes to CCR | Hope Shelton (Hughes GC) | Drew Tedford (State Affairs Comm. Dir.) | | FW Changes to CCR.msg | Attorney Client; Legislative | Correspondence between legislative staff that contains advice from private attorney regarding proposed changes to Conference Committee report. |
| DOC_0000506 | Texas Senate | 6/30/2021 | MS Office (2016) Word | | Jessica Hart (Elections Comm. Staffer) | | | ITEM.2.LDR.Attachment.Instructions.docx | Attorney Client; Work Product; Legislative | Typed notes, prepared for Texas Legislative Council, that provides drafting instructions regarding SB7. |
| DOC_0000507 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | FW: SB 7 Changes | Adam Moses (TLC) | Jennifer Jackson (TLC) | | ITEM.3.E-MAIL.msg | Attorney Client; Work Product; Legislative | Correspondence between Texas Legislative Council and legislator's staff regarding drafting instructions for SB7. |
| DOC_0000508 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.) ; Justin Williamson (Cain COS) | ITEM.4.E-MAIL.msg | Attorney Client; Work Product; Legislative | Correspondence between Texas Legislative Council, legislator's staff, and private attorney that contains drafting instructions, along with notes and comments, revealing mental impressions. |
| DOC_0000509 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Tracy Snelson (TLC); Hope SheltonHope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Adam Moses (TLC) | ITEM.5.E-MAIL.msg | Attorney Client; Work Product; Legislative | Correspondence between Texas Legislative Council, legislator's staff, and private attorney that contains drafting instructions, along with notes and comments, revealing mental impressions. |
| DOC_0000510 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | FW: SB 7 Changes | Adam Moses (TLC) | Tracy Snelson (TLC); Jennifer Jackson (TLC) | | ITEM.6.E-MAIL.msg | Attorney Client; Work Product; Legislative | Correspondence between Texas Legislative Council, legislator's staff, and private attorney that contains drafting instructions, along with notes and comments, revealing mental impressions. |
| DOC_0000511 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | FW: SB 7 Changes | Adam Moses (TLC) | Tracy Snelson (TLC) | | ITEM.7.E-MAIL.msg | Attorney Client; Work Product; Legislative | Correspondence between Texas Legislative Council that contains advice from private attorney regarding proposed changes to SB7. |
| DOC_0000512 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney); Tracy Snelson (TLC) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Hope Shelton (Hughes GC); Justin Williamson (Cain COS) | ITEM.8.E-MAIL.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, regarding proposed language for SB7. |
| DOC_0000513 | Texas Senate | 6/30/2021 | Adobe Acrobat (PDF) | | | | | ITEM.9.MARKUP. [87R 30396].pdf | Attorney Client; Work Product; Legislative | A draft of SB7, prepared by the Texas Legislative Council, containing comments, highlights, and markings, revealing legislator's mental impressions. |

**App205**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000514 | Texas Senate | 5/27/2021 | Microsoft Outlook Message Mail | Proposals | Drew Tedford (State Affairs Comm. Dir) | Elizabeth Alvarez (Attorney) | Jessica Hart (Elections Comm. Staffer); Sloan Byerly (Clardy COS) | Proposals.msg | Attorney Client; Legislative | Correspondence between legislator's staff and private attorney about proposed change to SB7. |
| DOC_0000515 | Texas Senate | 5/27/2021 | MS Office (2016) Word | | Drew Tedford (State Affairs Comm. Dir) | Elizabeth Alvarez (Attorney) | | SB01114.docx | Attorney Client; Legislative | Attachment to correspondence between legislator's staff and private attorney, containing a draft SB1114 with highlights and other markings that reveal legislator's mental impressions. |
| DOC_0000516 | Texas Senate | 5/27/2021 | MS Office (2016) Word | | Drew Tedford (State Affairs Comm. Dir) | Elizabeth Alvarez (Attorney) | | Three Things.docx | Attorney Client; Legislative | Attachment to correspondence between legislator's staff and private attorney, containing notes prepared for legislator's use at Conference Committee, regarding polling locations and voter roll maintenance, that reveal mental impression. |
| DOC_0000517 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | Re: SB 7 Changes | Elizabeth Alvarez (Attorney) | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Hope Shelton (Hughes GC); Justin Williamson (Cain COS) | Re SB 7 Changes 2.msg | Attorney Client; Legislative | Correspondence between private attorney and legislator's staff about proposed change to SB7. |
| DOC_0000518 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | Re: SB 7 Changes | Elizabeth Alvarez (Attorney) | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Hope Shelton (Hughes GC); Justin Williamson (Cain COS) | Re SB 7 Changes 3.msg | Attorney Client; Legislative | Correspondence between private attorney and legislator's staff about proposed changes to SB7. |
| DOC_0000519 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Hope Shelton (Hughes GC) | Jessica Hart (Elections Comm. Staffer); Elizabeth Alvarez (Attorney); Tracy Snelson (TLC) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 5.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |
| DOC_0000520 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney); Tracy Snelson (TLC) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 6.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |
| DOC_0000521 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Tracy Snelson (TLC) | Jessica Hart (Election Comm. Staffer); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 7.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |
| DOC_0000522 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 9.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |
| DOC_0000523 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Adam Moses (TLC) | Jessica Hart (Elections Comm. Staffer); Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Carey Eskridge (TLC); Drew Tedford (State Affairs Comm Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 10.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |
| DOC_0000524 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Carey Eskridge (TLC); Drew Tedford (State Affairs Comm Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 11.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |

**App206**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000525 | Texas Senate | 5/28/2021 | Adobe Acrobat (PDF) | | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | 87R 30396.pdf | Attorney Client; Work Product; Legislative | Attachment to correspondence between legislator's staff, Texas Legislative Council, and private attorney that contains a draft of SB7, prepared for legislator's use. |
| DOC_0000527 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | Re: start of list | Elizabeth Alvarez (Attorney) | Jessica Hart (Elections Comm. Staffer) | Alix Morris (Lt. Gov.); Drew Tedford (State Affairs Comm. Dir); Hope Shelton (Hughes GC) | Re start of list 1.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing drafting instructions and proposed changes to SB7. |
| DOC_0000528 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: start of list | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney) | Alix Morris (Lt. Gov.); Drew Tedford (State Affairs Comm. Dir); Hope Shelton (Hughes GC) | RE start of list 2.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing drafting instructions and proposed changes to SB7. |
| DOC_0000529 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: start of list | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney) | Alix Morris (Lt. Gov.); Drew Tedford (State Affairs Comm. Dir); Hope Shelton (Hughes GC) | RE start of list 3.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing drafting instructions and proposed changes to SB7. |
| DOC_0000530 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | Jessica Hart (Elections Comm. Staffer) | | | changes.docx | Attorney Client; Work Product; Legislative | Attachment to correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing typed notes, prepared for Texas Legislative Council, that provide drafting instructions regarding SB7. |
| DOC_0000531 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: start of list | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney) | Alix Morris (Lt. Gov.); Drew Tedford (State Affairs Comm. Dir); Hope Shelton (Hughes GC) | RE start of list 4.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing drafting instructions and proposed changes to SB7. |
| DOC_0000532 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | Jessica Hart (Elections Comm. Staffer) | | | changes.docx | Attorney Client; Work Product; Legislative | Attachment to correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing typed notes, prepared for Texas Legislative Council, that provide drafting instructions regarding SB7. |
| DOC_0000533 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: start of list | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney) | Alix Morris (Lt. Gov.); Drew Tedford (State Affairs Comm. Dir); Hope Shelton (Hughes GC) | RE start of list 5.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing drafting instructions and proposed changes to SB7. |
| DOC_0000534 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | Jessica Hart (Elections Comm. Staffer) | | | changes.docx | Attorney Client; Work Product; Legislative | Attachment to correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing typed notes, prepared for Texas Legislative Council, that provide drafting instructions regarding SB7. |
| DOC_0000538 | Texas Senate | 5/28/2021 | Adobe Acrobat (PDF) | | Jessica Hart (Elections Comm. Staffer) | | | 87R 30396.pdf | Legislative | Draft of SB7 prepared by Texas Legislative Counsel for Conference Committee's use. |
| DOC_0000539 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Carey Eskridge (TLC) | Drew Tedford (State Affairs Comm. Dir); Elizabeth Alvarez (Attorney); Alix Morris (Lt. Gov.); Hope Shelton (Hughes GC); Justin Williamson (Cain COS) | SB 7 Changes 1.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, regarding proposed changes to SB7. |

**App207**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000540 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Carey Eskridge (TLC) | Drew Tedford (State Affairs Comm. Dir.); Elizabeth Alvarez (Attorney); Alix Morris (Lt. Gov.); Hope Shelton (Hughes GC); Justin Williamson (Cain COS) | changes.docx | Attorney Client; Work Product; Legislative | Attachment to correspondence between legislators' staff, Texas Legislative Counsel, and private attorney, containing typed notes, prepared for Texas Legislative Council, that provide drafting instructions regarding SB7. |
| DOC_0000541 | Texas Senate | 5/29/2021 | Microsoft Outlook Message Mail | SB 7 documents | Drew Tedford (State Affairs Comm. Dir) | Alexander Hammond; Marc Salvato (Bettencourt COS); Anna Barnett; Josh Reyna; Aaron Harris; Carrie Smith; Tara Clements; Peter Einhorn; Margaret Wallace; Amy Lane; Stacey Chamberlin; Luis Moreno; M JL K S L C J  T | Alix Morris (Lt. Gov.); Hope Shelton (Hughes GC) | SB 7 documents.msg | Legislative | Correspondence between legislators' staff regarding proposed changes to SB7 during reconciliation process. |
| DOC_0000542 | Texas Senate | 5/29/2021 | MS Office (2016) Word | | | | | SB 7 One-Pager_explanatory SENATE.docx | Legislative | Attachment to correspondence between legislators' staff that provide a one-page summary of SB7 and reveals legislators' mental impressions. |
| DOC_0000543 | Texas Senate | 5/28/2021 | Adobe Acrobat (PDF) | | | | | SB7_CCR.pdf | Legislative | Attachment to correspondence between legislators' staff that contains a draft of SB7, prepared by Texas Legislative Counsel, for Conference Committee's use. |
| DOC_0000544 | Texas Senate | 5/29/2021 | Adobe Acrobat (PDF) | | | | | SB7_SXS.pdf | Legislative | Attachment to correspondence between legislators' staff that provide a section-by-section analysis of SB7 for Conference Committee's use. |
| DOC_0000546 | Texas Senate | 5/25/2021 | Microsoft Outlook Message Mail | Version to Drafters | Elizabeth Alvarez (Attorney) | Jessica Hart (Elections Comm. Staffer); Sloan Byerly (Clardy COS); Alix Morris (Lt. Gov); Drew Tedford (State Affairs Comm. Dir.) | | Version to Drafters.msg | Attorney Client; Legislative | Correspondence between private attorney and legislator's staff about proposed changes to SB7. |
| DOC_0000547 | Texas Senate | 5/25/2021 | Adobe Acrobat (PDF) | | Elizabeth Alvarez (Attorney) | Jessica Hart (Elections Comm. Staffer); Sloan Byerly (Clardy COS); Alix Morris (Lt. Gov.); Drew Tedford (State Affairs Comm. Dir.) | | SB7 5.1.pdf | Attorney Client; Work Product; Legislative | Attachment to correspondence between private attorney and legislator's staff containing a draft of SB7 with notes, markings, and track changes that reveal mental impressions. |
| DOC_0000549 | Texas Senate | 3/9/2021 | Adobe Acrobat (PDF) | | | | | 87R 10764.pdf | Attorney Client; Work Product; Legislative | Draft of SB7 prepared by Texas Legislative Council for legislator's use. |
| DOC_0000550 | Texas Senate | 3/19/2021 | MS Office (2016) Word | | Hope Shelton (Hughes GC) | Courtney Smith ( Hughes Staffer); Tammy Edgerly (SRC) | | Bill Background SB 7.docx | Legislative | Correspondence between legislator's staff and Senate Research Center to provide a Statement of Purpose for SB7 to be used in bill analysis.M560 |
| DOC_0000551 | Texas Senate | 3/23/2021 | MS Office (2016) Word | | | | | Committee Substitute for SB 7 Elections Integrity Bill.docx | Legislative | Typed notes, prepared for legislator's use, regarding SB7 committee substitutes, revealing legislator's mental impressions. |
| DOC_0000552 | Texas Senate | 3/22/2021 | Adobe Acrobat (PDF) | | | | | CSSB 7 One-Pager .pdf | Legislative | Draft of inter-office communique between legislative offices, that provides a bullet point summary of SB7 and reveals legislators' mental impressions. |

**App208**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000553 | Texas Senate | 3/25/2021 | Adobe Acrobat (PDF) | | | | | CSSB7.pdf | Attorney Client; Work Product; Legislative | Draft of SB7 prepared by Texas Legislative Council for legislator's use. |
| DOC_0000554 | Texas Senate | 3/16/2021 | MS Office (2016) Word | | Representative Cain | | | Defining Observe_Watchers.docx | Legislative | Legislator's typed notes and mental impressions regarding proposed changes to SB7. |
| DOC_0000555 | Texas Senate | 3/29/2021 | JPEG File Interchange | | | | | Drive Thru & 24 hr Locations Google Maps.jpg | Legislative | Document in legislator's personal file relating to election procedures, revealing mental impressions. |
| DOC_0000556 | Texas Senate | 3/29/2021 | JPEG File Interchange | | | | | Drive Thru Locations Google Maps.jpg | Legislative | Document in legislator's personal file relating to election procedures, revealing mental impressions. |
| DOC_0000557 | Texas Senate | 3/29/2021 | Portable Network Graphics Format | | | | | Drive Thru Locations Google Maps.png | Legislative | Document in legislator's personal file relating to election procedures, revealing mental impressions. |
| DOC_0000558 | Texas Senate | 3/31/2021 | MS Office (2016) Word | | Hope Shelton (Hughes GC) | | | Floor Amendment Details.docx | Legislative | Notes and bulleted talking points for legislator's use regarding floor amendments to SB7, revealing mental impressions. |
| DOC_0000559 | Texas Senate | 4/5/2021 | Microsoft Outlook Message Mail | FW: Help with days/hours part of SB 7 | Hope Shelton (Hughes GC) | Drew Tedford (State Affairs Comm. Dir). | | FW Help with days hours part of SB 7 .msg | Legislative | Correspondence between legislator's staff about SB7 that references past communication and assistance received from SOS. |
| DOC_0000061 | Texas Senate | 3/29/2021 | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged information | Legislative | Document in legislator's personal file relating to potential election procedures and methods, revealing mental impressions. |
| DOC_0000563 | Texas Senate | 3/29/2021 | MS Office (2016) Word | | | | | Notes During Committee.docx | Legislative | Typed notes and mental impressions summarizing legislative testimony taken on SB7 and other legislation considered at committee. |
| DOC_0000564 | Texas Senate | 3/21/2021 | Adobe Acrobat (PDF) | | | | | Old CS Do not use.pdf | Attorney Client; Work Product; Legislative | Draft of SB7 prepared by Texas Legislative Council for legislator's use. |
| DOC_0000565 | Texas Senate | 3/17/2021 | MS Office (2016) Word | | | | | Polling Hours Language.docx | Legislative | Draft language for SB7 that reveals legislator's mental impressions. |

App209

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000566 | Texas Senate | 3/19/2021 | MS Office (2016) Word | | | | | Polling Locations Language.docx | Legislative | Draft language for SB7 that reveals legislator's mental impressions. |
| DOC_0000567 | Texas Senate | 3/31/2021 | MS Office (2016) Word | | | | | SB 7 Floor Amendment.docx | Legislative | Draft amendment to CSSB7 that reveals legislator's mental impressions. |
| DOC_0000568 | Texas Senate | 3/31/2021 | Adobe Acrobat (PDF) | | | | | SB 7 Floor Amendment.pdf | Attorney Client; Work Product; Legislative | Draft of CSSB7 prepared by the Texas Legislative Council for legislator's use. |
| DOC_0000569 | Texas Senate | 4/7/2021 | MS Office (2016) Word | | | | | SB 7 One-Pager As Passed.docx | Legislative | Draft of inter-office communique between legislative offices, that provides a bullet point summary of SB7 and reveals legislators' mental impressions. |
| DOC_0000570 | Texas Senate | 3/23/2021 | MS Office (2016) Word | | | | | SB 7 One-Pager CS Details.docx | Legislative | Draft of inter-office communique between Senator Hughes's office and other legislative offices, that provides a bullet point summary of CSSB7 and reveals legislators' mental impressions. |
| DOC_0000571 | Texas Senate | 4/7/2021 | MS Office (2016) Word | | | | | SB 7 One-Pager FOR BUSINESSES.docx | Legislative | Draft of inter-office communique between legislative offices, that provides a one-pager summary of SB7 and reveals legislators' mental impressions. |
| DOC_0000572 | Texas Senate | 3/17/2021 | MS Office (2016) Word | | | | | SB 7 One-Pager.docx | Legislative | Draft of inter-office communique between legislative offices, that provides a bullet point summary of SB7 and reveals legislators' mental impressions. |
| DOC_0000573 | Texas Senate | 4/6/2021 | Adobe Acrobat (PDF) | | | | | SB_1234_FA.pdf | Attorney Client; Work Product; Legislative | Draft of SB1234 prepared by Texas Legislative Council for legislator's use. |
| DOC_0000574 | Texas Senate | 3/31/2021 | MS Office (2016) Word | | | | | SB7_Chart.docx | Legislative | Typed notes, prepared for legislator's use, summarizing SB7's proposed changes to voter assistance laws, revealing mental impressions. |
| DOC_0000575 | Texas Senate | 3/31/2021 | MS Office (2016) Word | | | | | SECTION 3.05 Draft Language.docx | Legislative | Draft language for SB7 that contains annotations, markings, and track changes, revealing legislator's mental impressions. |
| DOC_0000576 | Texas Senate | 3/25/2021 | MS Office (2016) Word | | | | | Section by Section Description CSSB 7.docx | Legislative | Legislator's typed section-by-section summary of CSSB7, revealing mental impressions. |

**App210**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000577 | Texas Senate | 3/17/2021 | MS Office (2016) Word | | | | | Section by Section Description SB 7 LC Draft.docx | Legislative | Legislator's draft section-by-section summary of CSSB7, revealing mental impressions. |
| DOC_0000578 | Texas Senate | 3/25/2021 | MS Office (2016) Word | | | | | Talking Points SB 7 Committee.docx | Legislative | Draft script written in preparation of legislator's committee layout of SB7. |
| DOC_0000579 | Texas Senate | 3/29/2021 | MS Office (2016) Word | | | | | Top complaints based on accurate reading of the bill.docx | Legislative | Notes and talking points, for legislator's use, about common concerns raised over SB7 that reveals legislator's mental impressions. |
| DOC_0000582 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | 13-17-087-CVRptRecV1.pdf | Legislative | Document from state court case involving voter fraud considered by Legislator during drafting process. |
| DOC_0000583 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | 13-17-087-CVRptRecV2.pdf | Legislative | Document from state court case involving voter fraud considered by Legislator during drafting process. |
| DOC_0000584 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | 13-17-087-CVRptRecV3.pdf | Legislative | Document from state court case involving voter fraud considered by Legislator during drafting process. |
| DOC_0000585 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | 13-17-087-CVRptRecV4.pdf | Legislative | Document from state court case involving voter fraud considered by Legislator during drafting process. |
| DOC_0000586 | Texas Senate | 7/13/2021 | Adobe Acrobat (PDF) | | | | | 21.194.59 - Floor Amendment [87S1 1040].pdf | Attorney Client; Work Product; Legislative | Draft amendment to SB1 prepared by Texas Legislative Council for legislator's use. |
| DOC_0000587 | Texas Senate | 7/2/2021 | Adobe Acrobat (PDF) | | | | | 87C1_Draft.pdf | Attorney Client; Work Product; Legislative | Draft of SB7 prepared by Texas Legislative Council for legislator's use. |
| DOC_0000588 | Texas Senate | 7/2/2021 | MS Office (2016) Word | | | | | 87C1_Draft_Word.docx | Legislative | Draft of SB7 that reveals legislator's mental impressions. |
| DOC_0000589 | Texas Senate | 7/9/2021 | Adobe Acrobat (PDF) | | | | | 87S1 0818.pdf | Attorney Client; Work Product; Legislative | Draft amendment to SB1 prepared by Texas Legislative Council for legislator's use in committee. |

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000590 | Texas Senate | 7/9/2021 | Adobe Acrobat (PDF) | | | | | 87S1 0820.pdf | Attorney Client; Work Product; Legislative | Draft amendment to SB1 prepared by Texas Legislative Council for legislator's use in committee. |
| DOC_0000591 | Texas Senate | 7/9/2021 | Adobe Acrobat (PDF) | | | | | 87S1 0821.pdf | Attorney Client; Work Product; Legislative | Draft amendment to SB1 prepared by Texas Legislative Council for legislator's use in committee. |
| DOC_0000592 | Texas Senate | 7/9/2021 | Adobe Acrobat (PDF) | | | | | 87S1 0822.pdf | Attorney Client; Work Product; Legislative | Draft amendment to SB1 prepared by Texas Legislative Council for legislator's use in committee. |
| DOC_0000593 | Texas Senate | 7/9/2021 | Adobe Acrobat (PDF) | | | | | 87S1 0823.pdf | Attorney Client; Work Product; Legislative | Draft amendment to SB1 prepared by Texas Legislative Council for legislator's use in committee. |
| DOC_0000594 | Texas Senate | 7/9/2021 | Adobe Acrobat (PDF) | | | | | 87S1 0824.pdf | Attorney Client; Work Product; Legislative | Draft amendment to SB1 prepared by Texas Legislative Council for legislator's use in committee. |
| DOC_0000595 | Texas Senate | 7/9/2021 | Adobe Acrobat (PDF) | | | | | 87S1 0883.pdf | Attorney Client; Work Product; Legislative | Draft amendment to SB1 prepared by Texas Legislative Council for legislator's use in committee. |
| DOC_0000596 | Texas Senate | 7/9/2021 | Adobe Acrobat (PDF) | | | | | 87S1 WatcherAcceptance.pdf | Attorney Client; Work Product; Legislative | Draft amendment to SB1 prepared by Texas Legislative Council for legislator's use in committee. |
| DOC_0000597 | Texas Senate | 8/11/2021 | Adobe Acrobat (PDF) | | | | | 87S2 SB1 FA1.pdf | Attorney Client; Work Product; Legislative | Draft floor amendment to CSSB1 prepared by Texas Legislative Council for legislator's use. |
| DOC_0000598 | Texas Senate | 8/11/2021 | Adobe Acrobat (PDF) | | | | | 87S2 SB1 FA2.pdf | Attorney Client; Work Product; Legislative | Draft floor amendment to CSSB1 prepared by Texas Legislative Council for legislator's use. |
| DOC_0000599 | Texas Senate | 8/6/2021 | Adobe Acrobat (PDF) | | | | | 87S2 SB1 Possible_Rolled_In_Changes. pdf | Attorney Client; Work Product; Legislative | Draft substitute to SB1 by Texas Legislative Council for legislator's use. |
| DOC_0000600 | Texas Senate | 8/5/2021 | Adobe Acrobat (PDF) | | | | | 87S2 SB1.pdf | Attorney Client; Work Product; Legislative | Draft of SB1 prepared by Texas Legislative Council for legislator's use. |

**App212**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000001 | Texas Senate | 8/28/2021 | Adobe Acrobat (PDF) | | | | | 8782_SB1_CCR.pdf | Attorney Client; Work Product; Legislative | Draft of SB1 prepared by Texas Legislative Council for legislator's use at Conference Committee. |
| DOC_0000602 | Texas Senate | 7/26/2021 | MS Office (2016) Word | | | | | ALEC notes.docx | Legislative | Legislator's typed notes and mental impressions regarding structure of Texas election system, citizenship verification, and means of enforcement. |
| DOC_0000603 | Texas Senate | 8/3/2021 | MS Office (2016) Word | | | | | Amendments_QA.docx | Legislative | Notes and talking points, for legislator's use, including a draft Q&A as well as a summary of negotiations with other legislators that reveal mental impressions. |
| DOC_0000605 | Texas Senate | 7/12/2021 | MS Office (2016) Word | | | | | Assistant_Oath_Memo.docx | Legislative | Legislator's typed notes and mental impressions regarding law surrounding voter assistance. |
| DOC_0000606 | Texas Senate | 10/7/2021 | MS Office (2016) Word | | | | | AZ_Audit_Responses.docx | Legislative | Legislator's typed notes and mental impressions regarding applications to vote by mail and proposed reform. |
| DOC_0000607 | Texas Senate | 7/27/2021 | Adobe Acrobat (PDF) | | | | | Ballot by Mail Assistance (PDF).pdf | Legislative | Memorandum on voting assistance in the vote-by mail context which reveals legislator's mental impressions. |
| DOC_0000608 | Texas Senate | 7/13/2021 | Adobe Acrobat (PDF) | | | | | Birdwell_Amendment.pdf | Legislative | Draft floor amendment to CSSB1 that reveals legislator's mental impressions. |
| DOC_0000609 | Texas Senate | 7/13/2021 | Adobe Acrobat (PDF) | | | | | Birdwell_Amendment_DoNot Offer.pdf | Legislative | Draft floor amendment to CSSB1 that reveals legislator's mental impressions. |
| DOC_0000610 | Texas Senate | 7/13/2021 | MS Office (2016) Word | | | | | Birdwell_Amendment_Layout .docx | Legislative | Notes and bulleted talking points for SB1 amendment layout that reveal legislator's mental impressions. |
| DOC_0000611 | Texas Senate | 7/13/2021 | Adobe Acrobat (PDF) | | | | | Campbell_Amendment.pdf | Legislative | Draft amendment to CSSB1 that reveals legislator's mental impressions. |
| DOC_0000612 | Texas Senate | 7/13/2021 | MS Office (2016) Word | | | | | Campbell_Amendment_Talki ng_Points.docx | Legislative | Notes and bulleted talking points for SB1 amendment layout that reveal legislator's mental impressions. |

**App213**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000613 | Texas Senate | 8/5/2021 | Portable Network Graphics Format | | | | | Capture.PNG | Legislative | Screen capture of statistics on drive-thru and 24 hour voting for consideration by Legislator during drafting process. |
| DOC_0000614 | Texas Senate | 7/26/2021 | Adobe Acrobat (PDF) | | | | | Cavazos_Short.pdf | Legislative | Document from state court case involving voter fraud for consideration by Legislator during drafting process. |
| DOC_0000615 | Texas Senate | 12/17/2021 | MS Office (2016) Word | | | | | CCA_AG_Ruling.docx | Legislative | Typed notes, prepared for legislator's use, regarding a judicial decision issued in response to election related misconduct that reveals mental impressions. |
| DOC_0000616 | Texas Senate | 7/16/2021 | MS Office (2016) Word | | | | | Citizenship_Amendment_Talking_Points.docx | Legislative | Notes and bulleted talking points regarding amendment to unspecified elections bill that reveal legislator's mental impressions. |
| DOC_0000617 | Texas Senate | 8/16/2021 | MS Office (2016) Word | | | | | Citizenship_explanations.docx | Legislative | Notes and talking points regarding amendment to unspecified elections bill that reveal legislator's mental impressions. |
| DOC_0000618 | Texas Senate | 7/13/2021 | MS Office (2016) Word | | | | | Citizenship_Verification.docx | Legislative | Amendment to unspecified elections bill that reveals legislator's mental impressions. |
| DOC_0000619 | Texas Senate | 6/25/2021 | Microsoft Outlook Message Mail | City of Hidalgo 2016 Assistance Fraud | Jonathan White (OAG) | Drew Tedford (State Affairs Comm. Dir). | | City of Hidalgo 2016 Assistance Fraud.msg | Attorney Client; Work Product; Legislative | Correspondence between Office of Attorney General and legislative staff to provide solicited information regarding incidents of voting misconduct, revealing legislator's mental impressions. |
| DOC_0000620 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | 13-17-087-CVRptRecV1.pdf | Attorney Client; Legislative | Attachment to correspondence between Office and Attorney General to legislature staff that contains a document from court case involving vote fraud and reveals legislator's mental impressions. |
| DOC_0000621 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | 13-17-087-CVRptRecV2.pdf | Attorney Client; Legislative | Attachment to correspondence between Office and Attorney General to legislature staff that contains a transcript rom a state court case involving vote fraud and reveals legislator's mental impressions |
| DOC_0000622 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | 13-17-087-CVRptRecV3.pdf | Attorney Client; Legislative | Attachment to correspondence between Office and Attorney General to legislature staff that contains a transcript rom a state court case involving vote fraud and reveals legislator's mental impressions |
| DOC_0000623 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | 13-17-087-CVRptRecV4.pdf | Attorney Client; Legislative | Attachment to correspondence between Office and Attorney General to legislature staff that contains a transcript rom a state court case involving vote fraud and reveals legislator's mental impressions |

**App214**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000624 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | Angie Cavazos - Sworn Testimony - Highlighted.pdf | Attorney Client; Legislative | Attachment to correspondence between Office and Attorney General to legislature staff that contains a transcript rom a state court case involving vote fraud and reveals legislator's mental impressions |
| DOC_0000625 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | Marcela Gutierrez - Sworn Testimony.pdf | Attorney Client; Legislative | Attachment to correspondence between Office and Attorney General to legislature staff that contains a transcript rom a state court case involving vote fraud and reveals legislator's mental impressions |
| DOC_0000626 | Texas Senate | 7/11/2021 | Adobe Acrobat (PDF) | | | | | Committee Amendment 87S1 0931.pdf | Legislative | Draft committee amendment to SB1 that reveals legislator's mental impressions. |
| DOC_0000627 | Texas Senate | 7/10/2021 | MS Office (2016) Word | | | | | Committee Amendment Explanations.docx | Legislative | Notes and bulleted talking points for SB1 amendment layout that reveal legislator's mental impressions. |
| DOC_0000628 | Texas Senate | 8/16/2021 | MS Office (2016) Word | | | | | CrenshawQA.docx | Legislative | Notes and talking points, for legislator's use, including draft a Q&A on SB1, that reveal legislator's mental impressions. |
| DOC_0000629 | Texas Senate | 8/2/2021 | MS Office (2016) Word | | | | | CrenshawQs.docx | Legislative | Notes and talking points, for legislator's use, including draft a Q&A on SB1, that reveal legislator's mental impressions. |
| DOC_0000632 | Texas Senate | 7/11/2021 | Adobe Acrobat (PDF) | | | | | Committee Amendment 87S1 0931.pdf | Legislative | Draft committee amendment to SB1 that reveals legislator's mental impressions. |
| DOC_0000633 | Texas Senate | 7/9/2021 | MS Office (2016) Word | | | | | Elections Bill Section Cross References Special Session.docx | Legislative | Typed notes, prepared for legislator's use, that address cross-referenced statutes in SB1, revealing mental impressions. |
| DOC_0000634 | Texas Senate | 7/13/2021 | Adobe Acrobat (PDF) | | | | | Floor Amendment - SB 1 [87S1 1061].pdf | Attorney Client; Work Product; Legislative | Floor amendemnt to CSSB1 prepared by Texas Legislative Council for legislator's use. |
| DOC_0000635 | Texas Senate | 7/13/2021 | MS Office (2016) Word | | | | | Floor Amendment -SB 1 [87S1 1041].docx | Attorney Client; Work Product; Legislative | Floor amendemnt to CSSB1 prepared by Texas Legislative Council for legislator's use. |
| DOC_0000636 | Texas Senate | 7/13/2021 | Adobe Acrobat (PDF) | | | | | Floor Amendment -SB 1 [87S1 1041].pdf | Attorney Client; Work Product; Legislative | Floor amendemnt to CSSB1 prepared by Texas Legislative Council for legislator's use. |

**App215**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000640 | Texas Senate | 7/13/2021 | MS Office (2016) Word | | | | | ID Code Sections.docx | Legislative | Typed notes with highlights and markings, prepared for legislator's use, that address cross-referenced statutes in SB1, revealing mental impressions. |
| DOC_0000641 | Texas Senate | 7/16/2021 | MS Office (2016) Word | | | | | Letter_To_Businesses.docx | Legislative | Draft correspondence between legislator and constituents that explained SB1, including the improvements it advanced, revealing legislator's mental impressions. |
| DOC_0000642 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | Marcela Gutierrez - Sworn Testimony.pdf | Legislative | Document from state court case involving voter fraud considered by Legislator during drafting process. |
| DOC_0000643 | Texas Senate | 7/16/2021 | MS Office (2016) Word | | | | | Most Recent - SB 155 Committee Talking Points.docx | Legislative | Notes and draft script for legislator's use during committee regarding SB155. |
| DOC_0000644 | Texas Senate | 12/20/2021 | MS Office (2016) Word | | | | | New Elections Crimes or Punishments in SB 1.docx | Legislative | Typed notes, prepared for legislator's use, that summarizes the election crimes created by SB1, revealing legislator's mental impressions. |
| DOC_0000645 | Texas Senate | 8/31/2021 | MS Office (2016) Word | | | | | Not In SB 1 Senate Engrossed.docx | Legislative | Typed notes, prepared for legislator's use, related to proposed changes to SB1, as engrossed, revealing legislator's mental impressions. |
| DOC_0000646 | Texas Senate | 8/19/2021 | MS Office (2016) Word | | | | | Notes for SB1 vs HB3.docx | Legislative | Typed notes, prepared for legislator's use, related to proposed changes to SB1 and HB3, revealing legislator's mental impressions. |
| DOC_0000647 | Texas Senate | 8/27/2021 | MS Office (2016) Word | | | | | NotesForMurr.docx | Legislative | Draft correspondence between legislator's staff related to negotiations taking place in Conference Committee, revealing legislator's mental impressions. |
| DOC_0000648 | Texas Senate | 7/13/2021 | Adobe Acrobat (PDF) | | | | | Paxton_Amendment.pdf | Attorney Client; Work Product; Legislative | Draft floor amendment to CSSB1 prepared by Texas Legislative Council for legislator's use. |
| DOC_0000649 | Texas Senate | 7/13/2021 | MS Office (2016) Word | | | | | Paxton_Amendment_Talking_Points.docx | Legislative | Notes and bulleted talking points for SB1 amendment layout, including proposed bill language, that reveal legislator's mental impressions. |
| DOC_0000654 | Texas Senate | 8/16/2021 | MS Office (2016) Word | | | | | S2_CA1.docx | Legislative | Draft committee amendment to SB1 that reveals legislator's mental impressions. |

**App216**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000655 | Texas Senate | 8/11/2021 | MS Office (2016) Word | | | | | S2FloorAmendment2Layout.docx | Legislative | Notes and bulleted talking points for layout of SB1 floor amendment that reveal legislator's mental impressions.. |
| DOC_0000656 | Texas Senate | 7/8/2021 | MS Office (2016) Word | | Caitriana Corkill (Hughes Staffer) | Courtney Smith (State Affairs Staffer); Tammy Edgerly (SRC) | | SB 1 Final Background Request.docx | Legislative | Correspondence between legislator's staff and Senate Research Center that provides a Statement of Purpose for SB1 to be used in bill analysis. |
| DOC_0000657 | Texas Senate | 7/8/2021 | MS Office (2016) Word | | Caitriana Corkill (Hughes Staffer) | Courtney Smith (State Affairs Staffer); Tammy Edgerly (SRC) | | SB 1 Final Background Request_Revised.docx | Legislative | Correspondence between legislator's staff and Senate Research Center that provides a Statement of Purpose for SB1 to be used in bill analysis. |
| DOC_0000658 | Texas Senate | 7/14/2021 | MS Office (2016) Word | | | | | SB 1 Fiscal Impact to Local Governments.docx | Legislative | Typed notes, prepared for legislator's use, related to SB1's fiscal impact on select Texas Counties, revealing legislator's mental impressions. |
| DOC_0000660 | Texas Senate | 8/5/2021 | MS Office (2016) Word | | | | | SB 1 One-Pager.docx | Legislative | Draft inter-office communique between legislative offices, that provides a one-page summary of SB1 and reveals legislators' mental impressions. |
| DOC_0000661 | Texas Senate | 7/8/2021 | Adobe Acrobat (PDF) | | | | | SB 1 One-Pager.pdf | Legislative | Draft inter-office communique between legislative offices, that provides a one-page summary of SB1 and reveals legislators' mental impressions. |
| DOC_0000662 | Texas Senate | 7/13/2021 | Adobe Acrobat (PDF) | | | | | SB 1 One-Pager_New.pdf | Legislative | Draft inter-office communique between Senator Hughes' office and other legislative offices, that provides a one-page summary of SB1 and reveals legislators' mental impressions. |
| DOC_0000664 | Texas Senate | 7/9/2021 | MS Office (2016) Word | | | | | SB 1_CouncilDraft_SectionbySection.docx | Legislative | Legislator's typed section-by-section summary of SB1, revealing mental impressions. |
| DOC_0000665 | Texas Senate | 8/5/2021 | MS Office (2016) Word | | | | | SB 7_CouncilDraft_SectionbySection.docx | Legislative | Legislator's typed section-by-section summary of SB1, revealing mental impressions. |
| DOC_0000666 | Texas Senate | 10/7/2021 | MS Office (2016) Word | | | | | SB 47 Internal summary.docx | Legislative | Draft bill analysis prepared by legislator's office regarding SB47 that reveals mental impressions. |
| DOC_0000667 | Texas Senate | 7/22/2021 | MS Office (2016) Word | | | | | SB1 Easier to Vote.docx | Legislative | Notes and talking points for legislator's use assessing multiple provisions of SB1 and revealing mental impressions.. |

**App217**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000668 | Texas Senate | 7/16/2021 | MS Office (2016) Word | | | | | SB1 Engrossed One-Pager.docx | Legislative | Draft inter-office communique between legislative offices, that provides a one-page summary of SB1, as engrossed, and reveals legislators' mental impressions. |
| DOC_0000669 | Texas Senate | 7/16/2021 | Adobe Acrobat (PDF) | | | | | SB1 Engrossed One-Pager.pdf | Legislative | Draft inter-office communique between legislative offices, that provides a one-page summary of SB1, as engrossed, and reveals legislators' mental impressions. |
| DOC_0000670 | Texas Senate | 8/16/2021 | MS Office (2016) Word | | | | | SB1 Layout.docx | Legislative | Draft script for legislator's use during SB1's layout that reveals mental impressions. |
| DOC_0000671 | Texas Senate | 7/8/2021 | Adobe Acrobat (PDF) | | | | | SB1 One-Pager.pdf | Legislative | Draft inter-office communique between legislative offices, that provides a one-page summary of SB1 and reveals legislators' mental impressions. |
| DOC_0000672 | Texas Senate | 8/8/2021 | Adobe Acrobat (PDF) | | | | | SB1_87C2_CommitteeAmendment.pdf | Legislative | Draft committee amendment to SB1 that reveals legislator's mental impressions. |
| DOC_0000673 | Texas Senate | 8/8/2021 | Adobe Acrobat (PDF) | | | | | SB1_87S2_CommitteeAmendment.pdf | Legislative | Draft committee amendment to SB1 that reveals legislator's mental impressions. |
| DOC_0000674 | Texas Senate | 7/14/2021 | Adobe Acrobat (PDF) | | | | | SB1_Engrossed.pdf | Legislative | Draft of SB1 that reveals legislator's mental impressions. |
| DOC_0000675 | Texas Senate | 7/12/2021 | MS Office (2016) Word | | | | | SB1_Floor_QA.docx | Legislative | Notes and talking points, for legislator's use, including draft a Q&A on SB1, that reveal legislator's mental impressions. |
| DOC_0000676 | Texas Senate | 9/1/2021 | MS Office (2016) Word | | | | | SB1_HighPoints.docx | Legislative | Typed notes, prepared for legislator's use, that summarize SB1's highlights, revealing legislator's mental impressions. |
| DOC_0000677 | Texas Senate | 8/2/2021 | Adobe Acrobat (PDF) | | | | | SB1_HighPoints.pdf | Legislative | Typed notes, prepared for legislator's use, that summarize SB1's highlights, revealing legislator's mental impressions. |
| DOC_0000678 | Texas Senate | 8/16/2021 | MS Office (2016) Word | | | | | SB1Amendments.docx | Legislative | Typed notes, prepared for legislator's use, that summarize the changes made to elections omnibus before start of special session, revealing legislator's mental impressions. |

**App218**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000679 | Texas Senate | 7/12/2021 | MS Office (2016) Word | | | | | SB1-ElectionIDCertificatesAmendment.docx | Legislative | Draft committee amendment to SB1 that reveals legislator's mental impressions. |
| DOC_0000680 | Texas Senate | 7/12/2021 | MS Office (2016) Word | | | | | SB1-ElectionWorkersSuedOfficialCapacity.docx | Legislative | Draft committee amendment to SB1 that reveals legislator's mental impressions. |
| DOC_0000681 | Texas Senate | 10/7/2021 | MS Office (2016) Word | | | | | SB9 layout.docx | Legislative | Notes and bulleted talking points for layout of SB10, which proposed to unwind two provisions in SB1, revealing legislator's mental impressions. |
| DOC_0000682 | Texas Senate | 10/4/2021 | MS Office (2016) Word | | | | | SB9Layout.docx | Legislative | Notes and bulleted talking points for layout of SB9, which proposed to unwind a provision in SB1, revealing legislator's mental impressions. |
| DOC_0000683 | Texas Senate | 7/13/2021 | Adobe Acrobat (PDF) | | | | | Sen. Hughes Informal [87S1 1042].pdf | Attorney Client; Work Product; Legislative | Draft floor amendment to CSSB1 proposed by Texas Legislative Council for legislator's use. |
| DOC_0000684 | Texas Senate | 7/13/2021 | Adobe Acrobat (PDF) | | | | | Sen. Hughes Informal [87S1 1044].pdf | Attorney Client; Work Product; Legislative | Draft floor amendment to CSSB1 proposed by Texas Legislative Council for legislator's use. |
| DOC_0000685 | Texas Senate | 11/5/2021 | Microsoft Word 97/98 | | | | | Senator Hughes Affidavit.doc | Legislative | Unsigned draft of legislator's affidavit related to SB1 that reveals mental impressions. |
| DOC_0000686 | Texas Senate | 10/28/2021 | Adobe Acrobat (PDF) | | | | | Senator Hughes Affidavit.pdf | Legislative | Unsigned draft of legislator's affidavit related to SB1 that reveals mental impressions. |
| DOC_0000687 | Texas Senate | 7/31/2021 | MS Office (2016) Word | | | | | TexasMonthlyAnswer.docx | Legislative | Notes and draft script for legislator's use regarding unspecified elections bill that reveals legislator's mental impressions. |
| DOC_0000689 | Texas Senate | 7/8/2021 | Adobe Acrobat (PDF) | | | | | Training Manual for PW Bill language.pdf | Legislative | Draft of unspecified elections bill prepared by Texas Legislative Council for legislator's use. |
| DOC_0000690 | Texas Senate | 7/6/2021 | MS Office (2016) Word | | | | | Amending SB7 List.docx | Legislative | Typed notes, prepared for legislator's use, regarding possible amendments to SB7, along with proposed language, revealing legislator's mental impressions. |

**App219**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000091 | Texas Senate | 7/4/2021 | MS Office (2016) Word | | | | | Communications with Voting System Vendor Exceptions.docx | Legislative | Typed notes, prepared for legislator's use, regarding possible amendments to SB7, along with proposed language, revealing legislator's mental impressions. |
| DOC_0000092 | Texas Senate | 8/16/2021 | MS Office (2016) Word | | | | | Drafting guidelines for SB1 floor amendment V2.docx | Legislative | Typed notes, prepared for legislator's use, regarding possible floor amendments to SB7, along with drafting instructions, revealing legislator's mental impressions. |
| DOC_0000093 | Texas Senate | 8/10/2021 | MS Office (2016) Word | | | | | Drafting guidelines for SB1 floor amendment.docx | Legislative | Typed notes, prepared for legislator's use, regarding possible floor amendments to SB7, along with drafting instructions, revealing legislator's mental impressions. |
| DOC_0000094 | Texas Senate | 8/16/2021 | MS Office (2016) Word | | | | | Election Contest Provisions rewrite 08-03-21.docx | Legislative | Typed notes, prepared for legislator's use, regarding possible amendments to SB7, along with proposed language, revealing legislator's mental impressions. |
| DOC_0000095 | Texas Senate | 7/4/2021 | MS Office (2016) Word | | | | | Election Integrity, Senate Draft_Word (TLR redlined HS comments), July 2021.docx | Legislative | Draft of SB7 that contains comments, markings, and redlines, revealing legislator's mental impressions. |
| DOC_0000096 | Texas Senate | 7/12/2021 | MS Office (2016) Word | | | | | Federal Voting Rights and Assistance.docx | Legislative | Legislator's typed notes and mental impressions regarding law surrounding voter assistance |
| DOC_0000097 | Texas Senate | 7/8/2021 | MS Office (2016) Word | | | | | HB 3 Section by Section.docx | Legislative | Legislator's typed section-by-section summary of HB3, revealing mental impressions. |
| DOC_0000098 | Texas Senate | 7/5/2021 | MS Office (2016) Word | | | | | Responding to TAEA.docx | Legislative | Typed notes, prepared for legislator's use, regarding alleged criticisms of SB7, that also contains highlights and annotations, revealing legislator's mental impressions. |
| DOC_0000099 | Texas Senate | 7/12/2021 | MS Office (2016) Word | | | | | SB1 Easier to Vote.docx | Legislative | Notes and talking points, prepared for legislator's use, assessing multiple provisions of SB1 and revealing mental impressions.. |
| DOC_0000701 | Texas Senate | 8/16/2021 | MS Office (2016) Word | | | | | Vote Harvesting Draft-08.05.21.docx | Legislative | Draft memorandum, prepared for legislators' use, that addresses vote harvesting, contains proposed language, and reveals legislator's mental impressions. |
| DOC_0000702 | Texas Senate | 4/13/2019 | MS Office (2016) Word | | | | | Author_Amendment_Layout.docx | Legislative | Notes and bulleted talking points for SB9 amendment layout that reveal legislator's mental impressions. |

**App220**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000704 | Texas Senate | 3/16/2019 | MS Office (2016) Word | | | | | CSSB 9 Committee Layout.docx | Legislative | Draft script written in preparation of legislator's layout of CSSB9 during committee hearing that reveals mental impressions. |
| DOC_0000705 | Texas Senate | 3/16/2019 | Adobe Acrobat (PDF) | | | | | CSSB_9.pdf | Attorney Client; Work Product; Legislative | Draft of SB9 prepared by Texas Legislative Council for legislator's use. |
| DOC_0000706 | Texas Senate | 3/26/2019 | Adobe Acrobat (PDF) | | | | | CSSB_9_v2.pdf | Attorney Client; Work Product; Legislative | Draft of SB9 prepared by Texas Legislative Council for legislator's use. |
| DOC_0000707 | Texas Senate | 3/12/2019 | MS Office (2016) Word | | Katherine Engelauf (State Affairs Staffer); Elle Carnley (SRC) | | | FinalBackgroundRequestSB9.docx | Legislative | Correspondence between legislator's staff and Senate Research Center that provides a Statement of Purpose for SB9 to be used in bill analysis. |
| DOC_0000708 | Texas Senate | 3/12/2019 | MS Office (2016) Word | | Katherine Engelauf (State Affairs Staffer); Elle Carnley (SRC) | | | FinalBackgroundSB9.docx | Legislative | Correspondence between legislator's staff and Senate Research Center that provides a Statement of Purpose for SB9 to be used in bill analysis. |
| DOC_0000710 | Texas Senate | 4/15/2019 | Adobe Acrobat (PDF) | | | | | HallZeroTapeAm.pdf | Attorney Client; Work Product; Legislative | Draft of SB9 prepared by Texas Legislative Council for legislator's use. |
| DOC_0000712 | Texas Senate | 4/13/2019 | MS Office (2016) Word | | | | | Interview_Notes.docx | Legislative | Notes and talking points, prepared for legislator's use at interview, regarding election fraud and voting legislation, SB9 in particular. |
| DOC_0000713 | Texas Senate | 3/24/2019 | MS Office (2016) Word | | | | | NEW CSSB 9 LAYOUT.docx | Legislative | Draft script written in preparation of legislator's layout of CSSB9 during committee hearing that reveals mental impressions. |
| DOC_0000714 | Texas Senate | 3/13/2019 | MS Office (2016) Word | | | | | Other_Elec_1p.docx | Legislative | Typed notes, prepared for legislator's use, summarizing pending election legislation, including SB901, SB902, and SB903, that reveals legislator's mental impressions. |
| DOC_0000715 | Texas Senate | 3/16/2019 | Microsoft Outlook Message Mail | Re: Disability Rights Concerns on SB 9 | White, Jonathan (OAG) | Alix Morris (Lt. Gov.) | Drew Tedford | File name omitted because it contains privileged information | Attorney Client; Work Product; Legislative | Correspondence between Office of Attorney General, the Lt. Governor's office, and legislative staff, providing legal advice on ADA and HIPPA compliance, that reveal's legislator's mental impressions. |
| DOC_0000716 | Texas Senate | 4/9/2019 | MS Office (2016) Word | | | | | SB 9 Floor Layout.docx | Legislative | Draft script written in preparation of legislator's layout of SB9 on the Senate floor that reveals mental impressions. |

**App221**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000717 | Texas Senate | 7/30/2019 | Adobe Acrobat (PDF) | | | | | SB00009E.pdf | Legislative | Draft of SB9 that reveals legislator's mental impressions. |
| DOC_0000718 | Texas Senate | 4/2/2019 | MS Office (2016) Word | | Halee Sanderson (Hughes Staffer) | | | SB9 1 pager.docx | Legislative | Typed notes, prepared for legislator's use, that provide a one-page summary of SB9 and reveals legislator's mental impressions. |
| DOC_0000719 | Texas Senate | 3/12/2019 | MS Office (2016) Word | | | | | SB9_1P.docx | Legislative | Typed notes, prepared for legislator's use, that provide a one-page summary of SB9 and reveals legislator's mental impressions. . |
| DOC_0000721 | Texas Senate | 4/16/2019 | MS Office (2016) Word | | | | | SB9_Chart.docx | Legislative | Typed notes, prepared for legislator's use, that identifies voter assistance laws in Texas, revealing mental impressions. |
| DOC_0000722 | Texas Senate | 7/30/2019 | Adobe Acrobat (PDF) | | | | | SB00901E.pdf | Legislative | Draft of SB901 that reveals legislator's mental impressions. |
| DOC_0000724 | Texas Senate | 7/30/2019 | Adobe Acrobat (PDF) | | | | | SB00903E.pdf | Legislative | Draft of SB903 that reveals legislator's mental impressions. |
| DOC_0000725 | Texas Senate | 4/13/2019 | MS Office (2016) Word | | | | | Statutes_for_Reference.docx | Legislative | Typed notes, prepared for legislator's use, that compiles relevant statutes for consideration during the drafting process, revealing legislator's mental impressions. |
| DOC_0000726 | Texas Senate | 5/6/2019 | Adobe Acrobat (PDF) | | | | | Torres_Miller.pdf | Legislative | Texas Ethics Commission report considered by Legislator during SB9 drafting process. |
| DOC_0000727 | Texas Senate | 1/12/2022 | JPEG File Interchange | | Senator Bryan Hughes | Hope Shelton (Hughes GC) | | IMG_4622.jpg | Legislative | Correspondence between legislator and staff regarding proposed amendment to unspecified elections bill. |
| DOC_0000728 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | | Courtney Smith (State Affairs Staffer) | | | IMG_4623.PNG | Legislative | Correspondence between legislator's staff regarding proposed amendment to unspecified elections bill. |
| DOC_0000729 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | | Courtney Smith (State Affairs Staffer) | | | IMG_4624.PNG | Legislative | Attachment to correspondence between legislator's staff regarding proposed amendment to unspecified elections bill. |

**App222**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000730 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | | Courtney Smith (State Affairs Staffer) | | | IMG_4625.PNG | Legislative | Attachment to correspondence between legislator's staff regarding proposed amendment to unspecified elections bill. |
| DOC_0000731 | Texas Senate | 1/12/2022 | JPEG File Interchange | | Courtney Smith (State Affairs Staffer) | Hope Shelton (Hughes GC) | | IMG_4626.jpg | Legislative | Correspondence between legislator's staff regarding proposed meeting with constituent group. |
| DOC_0000734 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | | Jonathan White (OAG) | | | IMG_4629.PNG | Attorney Client; Work Product; Legislative | Correspondence between legislator and Office of the Attorney General staff related to solicited information about incidents of voting misconduct, revealing legislator's mental impressions. |
| DOC_0000735 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | | Courtney Smith (State Affairs Staffer); Hope Shelton (Hughes GC) | Senator Bryan Hughes | | IMG_4630.PNG | Legislative | Correspondence between legislator and legislative staff regarding information being circulated in the district about SB7. |
| DOC_0000736 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | | Courtney Smith (State Affairs Staffer) | Senator Bryan Hughes | | IMG_4631.PNG | Legislative | Correspondence between legislator and legislative staff regarding proposed amendments to SB7. |
| DOC_0000737 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | | Hope Shelton (Hughes GC) | Senator Bryan Hughes | | IMG_4633.PNG | Legislative | Correspondence between legislator and staff regarding pending legislation on voter assistance. |
| DOC_0000738 | Texas Senate | 1/12/2022 | JPEG File Interchange | | Hope Shelton (Hughes GC) | | | IMG_4634.jpg | Legislative | Correspondence among legislative staffers regarding possible amendments to SB1. |
| DOC_0000739 | Texas Senate | 1/12/2022 | JPEG File Interchange | | Senator Bryan Hughes | | | IMG_4635.jpg | Legislative | Correspondence between legislator and staff regarding pending legislation on voter assistance. |
| DOC_0000740 | Texas Senate | 1/12/2022 | JPEG File Interchange | | | Jonathan White (OAG) | | IMG_4636.jpg | Attorney Client; Legislative | Correspondence between legislator and Office of the Attorney General staff related to solicited information about incidents of voting misconduct, revealing legislator's mental impressions. |
| DOC_0000742 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | | Senator Bryan Hughes | | | IMG_4639.PNG | Legislative | Correspondence between legislator and legislative staff regarding pending legislation on voter assistance. |
| DOC_0000743 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | | Senator Bryan Hughes | | | IMG_4640.PNG | Legislative | Correspondence between legislator and legislative staff regarding pending legislation on voter assistance. |

**App223**

| ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|
| DOC_0000744 | Texas Senate | 1/12/2022 | JPEG File Interchange | | | | | IMG_4641.jpg | Legislative | Correspondence between legislative staffers on whether legislator would sponsor elections legislation. |
| DOC_0000745 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | | Hope Shelton (Hughes GC) | | | IMG_4642.PNG | Legislative | Correspondence between legislator and staff regarding pending voter ID legislation. |
| DOC_0000747 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | | Hope Shelton (Hughes GC) | | | IMG_4611.PNG | Legislative | Correspondence between legislative staffers regarding an internal memorandum on voting assistance laws in Texas. |
| DOC_0000748 | Texas Senate | 1/12/2022 | JPEG File Interchange | | Senator Bryan Hughes | | | IMG_4612.jpg | Legislative | Correspondence between legislator and staff regarding existing voter assistance laws in Texas. |
| DOC_0000750 | Texas Senate | 1/12/2022 | JPEG File Interchange | | Senator Bryan Hughes | | | IMG_4614.jpg | Legislative | Correspondence between legislator and legislative staff regarding existing voter assistance laws in Texas. |
| DOC_0000751 | Texas Senate | 1/12/2022 | JPEG File Interchange | | Senator Bryan Hughes | | | IMG_4615.jpg | Legislative | Correspondence between legislator and legislative staff related to vote-by-mail systems adopted by other states. |
| DOC_0000755 | Texas Senate | 1/12/2022 | JPEG File Interchange | | Senator Bryan Hughes | Drew Tedford(State Affairs Comm. Dir); Jordan Berry; Matt Murdoch (A. Paxton Staffer) | | IMG_4619.jpg | Legislative | Correspondence between legislator and legislative staff regarding pending legislation on voter assistance. |
| DOC_0000756 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | | Senator Bryan Hughes | Drew Tedford(State Affairs Comm. Dir); Jordan Berry; Matt Murdoch; (A. Paxton Staffer) | | IMG_4620.PNG | Legislative | Correspondence between legislator and staff regarding pending legislation on voter assistance. |
| DOC_0000757 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | | Senator Bryan Hughes | Drew Tedford (State Affairs Comm. Dir); Jordan Berry; Matt Murdoch (A. Paxton Staffer) | | IMG_4621.PNG | Legislative | Correspondence between legislator and legislative staff regarding pending legislation on voter assistance. |

**App224**

# EXHIBIT K

## Chris Dodge

| | |
|---|---|
| **From:** | Chris Dodge |
| **Sent:** | Monday, May 2, 2022 9:05 AM |
| **To:** | Aaron Barnes; Eric Hudson; Jeff White; Kathleen Hunker; Jack DiSorbo; Zachary Berg; Ari Herbert; Leif Olson |
| **Cc:** | acepedaderieux@aclu.org; aharris@aclutx.org; asavitzky@aclu.org; bdimmick@aclu.org; berryp@brennan.law.nyu.edu; chostetler@freespeechforpeople.org; dana.paikowsky@usdoj.gov; daniel.freeman@usdoj.gov; elijah.watkins@stoel.com; gspencer@naacpldf.org; Graham White; gyeomans@naacpldf.org; hani@texascivilrightsproject.org; Haley Costello Essig; jamunson@jenner.com; Jason.Kanterman@friedfrank.com; jennifer.yun@usdoj.gov; Jllongoria@MALDEF.org; johnhardin@perkinscoie.com; jvattamala@aaldef.org; ldavis@drtx.org; liz.ryan@weil.com; lostrom@drtx.org; lromano@disabilityrightstx.org; lzaragoza@naacpldf.org; michael.keats@friedfrank.com; michael.stewart3@usdoj.gov; mimi@texascivilrightsproject.org; Mike Jones; Marcos Mocine-McQueen; morales-doyles@brennan.law.nyu.edu; Noah Baron; nperales@MALDEF.org; rebecca.martin@friedfrank.com; ryan@texascivilrightsproject.org; sarah.stewart@reedsmith.com; skumar@aclutx.org; slakin@aclu.org; slorenzo-giguere@aaldef.org; sosaki@aclu.org; sweren-beckere@brennan.law.nyu.edu; tbuser-clancy@aclutx.org; umittal@jenner.com; Uzoma Nkwonta; wakschlag@thearc.org; zachary@texascivilrightsproject.org |
| **Subject:** | RE: LUPE v. Abbott - production in response to subpoenas |

Aaron,

Thank you for speaking with me last Thursday. During the call we discussed several issues concerning the Legislators' privilege log, as well the status of the State's search for responsive documents to our RFPs.

***Legislators' Privilege Log***

With respect to the privilege log, we first discussed the basis for the Legislators' assertion of legislative privilege in this case, as well as the scope of waiver under the legislative privilege.  You stated that the Legislators' view is not changed from our earlier correspondence, including an email previously sent to the Department of Justice on March 17, which you have now sent us. We appreciate you making clear that your position has not changed. As you agreed several times during the call, it appears that the parties have fundamentally different views about the legal parameters governing the legislative privilege that are not likely to be resolved through further conferring. We are therefore likely to raise this issue with the Court shortly.

We next discussed the Legislators' assertion of attorney-client privilege over documents shared with other government agencies, including the Office of Attorney General ("OAG") and the Lieutenant Governor's office. You explained that an attorney-client relationship exists when legislators reach out to OAG for legal guidance on legislation and that your office does not claim a blanket assertion over communications between legislators and OAG. I asked if you were aware of any such communications produced to date in this case and you indicated you would have to look. Having reviewed the Legislators' productions to date, we are likewise not aware of any. I also noted that the documents over which the Legislators are claiming attorney-client privilege typically appear to concern requests for factual information by legislators, rather than solicitation of legal advice. You expressed a willingness to revisit certain attorney-client privilege assertions, but we mutually agreed that this would not likely be useful where disclosure of the document turned on a parallel legislative privilege claim, given the parties' disagreement on that issue.

We also briefly discussed the Legislators' claim of work product protection and investigative privilege. On the former, I explained our view that the Legislators cannot claim work product protection because: (1) They are not parties to the litigation and, due to legislative immunity, cannot be parties to the litigation; and (2) that the materials at issue were not

**App226**

created primarily for purposes of litigation, but rather for purposes of enacting legislation. You noted that the prospect of litigation was foreseeable to the Legislators at the time these materials were being created, but again agreed to revisit certain work product claims where there was no parallel legislative privilege claim.

Finally, as to investigative privilege, you acknowledged that these assertions were not based on that claim that the Legislators themselves were undertaking investigative activity. Instead, you indicated these claims were based on the underlying document being part of an OAG investigation or referral. As I explained, however, it appears that the majority of your investigative privilege claims concern '[c]orrespondence from constituents to a legislator's staff to provide solicited information regarding incidents of voting misconduct.' *E.g.*, DOC_0001056. I explained our view that mere correspondence between a constituent and a legislator about alleged voter misconduct does not constitute an investigative file or activity. You again agreed to revisit some of these claims where there was no parallel assertion of legislative privilege.

We appreciate your willingness to revisit certain attorney-client privilege, work product, and investigative privilege claims that do not entail a parallel claim of legislative privilege. However, having looked again at your log, it is apparent that *every* entry includes a legislative privilege claim, including the attorney-client privilege, work product, and investigative privilege claims that we believe to be deficient. It appears that the parties therefore agree that it would not be useful to revisit these claims at this time, as each document would still turn on resolving the parties' disagreement over legislative privilege. To be efficient, we intend to raise these issues with the Court in conjunction with our legislative privilege argument. To the extent the Court does not fully resolve those issues, we remain willing to confer after the parties resolve their dispute over legislative privilege.

### State's Production of Documents re LULAC Plaintiffs' RFPs

You provided us an update on the status of the State's search for documents in response to our proposed search terms. You confirmed that the State had begun reviewing documents responsive to our search terms for Christina Adkins, Kristi Hart, Keith Ingram, Jose Esparaza, and Ruth Hughs, and John Scott. You also indicated that the State would make an initial production from these custodians next week and complete production shortly ahead of the close of fact discovery. We look forward to receiving those productions.

With respect to the Election Internet custodian, you explained that our narrowed search strings continued to hit on a large volume of documents. However, you were not able to tell me the hit count for those search strings, which limits our ability to propose narrower alternatives. I asked if you could provide us with hit counts for each of the three search strings we sent you on April 4 and you indicated that you would attempt to do so by early this week.

Thank you again for taking the time to speak and please do not hesitate to call me to discuss any of the issues above.

Best,

Chris


**Christopher D. Dodge\***
Counsel
Elias Law Group LLP
10 G St NE, Suite 600
Washington, DC 20002
202-987-4928
cdodge@elias.law


\*Admitted in MA and NY.  Practicing under the supervision of DC bar members.

**App227**

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Aaron Barnes <Aaron.Barnes@oag.texas.gov>
**Sent:** Wednesday, April 27, 2022 4:27 PM
**To:** Chris Dodge <cdodge@elias.law>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Ari Herbert <Ari.Herbert@oag.texas.gov>; Leif Olson <Leif.Olson@oag.texas.gov>
**Cc:** acepedaderieux@aclu.org; aharris@aclutx.org; asavitzky@aclu.org; bdimmick@aclu.org; berryp@brennan.law.nyu.edu; chostetler@freespeechforpeople.org; dana.paikowsky@usdoj.gov; daniel.freeman@usdoj.gov; elijah.watkins@stoel.com; gspencer@naacpldf.org; Graham White <gwhite@elias.law>; gyeomans@naacpldf.org; hani@texascivilrightsproject.org; Haley Costello Essig <hessig@elias.law>; jamunson@jenner.com; Jason.Kanterman@friedfrank.com; jennifer.yun@usdoj.gov; Jlongoria@MALDEF.org; johnhardin@perkinscoie.com; jvattamala@aaldef.org; ldavis@drtx.org; liz.ryan@weil.com; lostrom@drtx.org; lromano@disabilityrightstx.org; lzaragoza@naacpldf.org; michael.keats@friedfrank.com; michael.stewart3@usdoj.gov; mimi@texascivilrightsproject.org; Mike Jones <mjones@elias.law>; Marcos Mocine-McQueen <mmcqueen@elias.law>; morales-doyles@brennan.law.nyu.edu; Noah Baron <nbaron@elias.law>; nperales@MALDEF.org; rebecca.martin@friedfrank.com; ryan@texascivilrightsproject.org; sarah.stewart@reedsmith.com; skumar@aclutx.org; slakin@aclu.org; slorenzo-giguere@aaldef.org; sosaki@aclu.org; sweren-beckere@brennan.law.nyu.edu; tbuser-clancy@aclutx.org; umittal@jenner.com; Uzoma Nkwonta <unkwonta@elias.law>; wakschlag@thearc.org; zachary@texascivilrightsproject.org
**Subject:** RE: LUPE v. Abbott - production in response to subpoenas

Counsel,

Thank you for your message. With regard to the first topic of your email, we previously addressed and clarified the "roughly 1,700" documents that you reference in an email that we sent to Haley Costello Essig on February 24, which you will find attached. Elias attorneys Uzoma Nkwonta, Kassi Yukevich, Graham White, Marcos Mocine-McQueen, Noah Baron, and Mike Jones were also included on that email. As we explained then, the 1,700 documents were those that we collected from the subpoena recipients, not the number of documents that were identified as responsive to the requests. We hope this explanation eliminates the need to meet and confer on the documents produced in response to the legislative subpoenas.

With regard to the privilege issues about which you wish to confer, we are available to meet <u>tomorrow, April 28, any time after 3:00pm central</u>. Please let us know what specific time works best for your team. Additionally, we would like to take this opportunity to also confer with you about the email we received from Uzoma Nkwonta on April 4 regarding Private Plaintiffs' search terms (also attached). Please let us know if you will be prepared to address both issues when we speak tomorrow afternoon. Thank you.

Best regards,

**J. Aaron Barnes**
Special Counsel
Special Litigation Unit
Office of the Attorney General
(512) 936-2021
aaron.barnes@oag.texas.gov

**App228**

*This message may be confidential and/or privileged under Government Code sections 552.101, 552.103, 552.107, and 552.111 and should not be disclosed without the express authorization of the Attorney General.*

---

**From:** Chris Dodge <cdodge@elias.law>
**Sent:** Wednesday, April 27, 2022 2:29 PM
**To:** Leif Olson <Leif.Olson@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** elijah.watkins@stoel.com; nperales <nperales@MALDEF.org>; Graham White <gwhite@elias.law>; gyeomans@naacpldf.org; Eliza Sweren-Becker <sweren-beckere@brennan.law.nyu.edu>; michael.stewart3@usdoj.gov; dana.paikowsky@usdoj.gov; lromano@disabilityrightstx.org; liz.ryan@weil.com; Keats, Michael <michael.keats@friedfrank.com>; chostetler@freespeechforpeople.org; wakschlag@thearc.org; slakin@aclu.org; asavitzky@aclu.org; tbuser-clancy@aclutx.org; Patrick Berry <berryp@brennan.law.nyu.edu>; Sean Morales-Doyle <morales-doyles@brennan.law.nyu.edu>; hani@texascivilrightsproject.org; daniel.freeman@usdoj.gov; Izaragoza <Izaragoza@naacpldf.org>; Zachary TX <zachary@texascivilrightsproject.org>; Uzoma Nkwonta <unkwonta@elias.law>; Haley Costello Essig <hessig@elias.law>; G Spencer <gspencer@naacpldf.org>; Stewart, Sarah Cummings <sarah.stewart@reedsmith.com>; Martin, Rebecca <rebecca.martin@friedfrank.com>; Jason Kanterman <Jason.Kanterman@friedfrank.com>; bdimmick@aclu.org; jennifer.yun@usdoj.gov; Jlongoria@MALDEF.org; acepedaderieux@aclu.org
**Subject:** RE: LUPE v. Abbott - production in response to subpoenas

Counsel,

Please provide a time to confer on this issue by close of business tomorrow. Otherwise we will have no choice but to raise the matter with the Court.

Best,

Chris

**Christopher D. Dodge\***
Counsel
**Elias Law Group LLP**
10 G St NE, Suite 600
Washington, DC 20002
202-987-4928
cdodge@elias.law

*Admitted in MA and NY.  Practicing under the supervision of DC bar members.

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Chris Dodge
**Sent:** Monday, April 25, 2022 3:28 PM
**To:** Leif Olson <Leif.Olson@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** elijah.watkins@stoel.com; nperales <nperales@MALDEF.org>; Graham White <gwhite@elias.law>; gyeomans@naacpldf.org; Eliza Sweren-Becker <sweren-beckere@brennan.law.nyu.edu>; michael.stewart3@usdoj.gov;

**App229**

dana.paikowsky@usdoj.gov; lromano@disabilityrightstx.org; liz.ryan@weil.com; Keats, Michael <michael.keats@friedfrank.com>; chostetler@freespeechforpeople.org; wakschlag@thearc.org; slakin@aclu.org; asavitzky@aclu.org; tbuser-clancy@aclutx.org; Patrick Berry <berryp@brennan.law.nyu.edu>; Sean Morales-Doyle <morales-doyles@brennan.law.nyu.edu>; hani@texascivilrightsproject.org; daniel.freeman@usdoj.gov; Izaragoza <lzaragoza@naacpldf.org>; Zachary TX <zachary@texascivilrightsproject.org>; Uzoma Nkwonta <unkwonta@elias.law>; Haley Costello Essig <hessig@elias.law>; G Spencer <gspencer@naacpldf.org>; Stewart, Sarah Cummings <sarah.stewart@reedsmith.com>; Martin, Rebecca <rebecca.martin@friedfrank.com>; Jason Kanterman <Jason.Kanterman@friedfrank.com>; bdimmick@aclu.org; jennifer.yun@usdoj.gov; Jlongoria@MALDEF.org; acepedaderieux@aclu.org

**Subject:** RE: LUPE v. Abbott - production in response to subpoenas

Counsel,

Please let me know as soon as possible when you are able to confer on the matter below.

Thanks,

Chris

**Christopher D. Dodge***
Counsel
**Elias Law Group LLP**
10 G St NE, Suite 600
Washington, DC 20002
202-987-4928
cdodge@elias.law

*Admitted in MA and NY.  Practicing under the supervision of DC bar members.

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Chris Dodge
**Sent:** Wednesday, April 20, 2022 1:02 PM
**To:** Leif Olson <Leif.Olson@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** elijah.watkins@stoel.com; nperales <nperales@MALDEF.org>; Graham White <gwhite@elias.law>; gyeomans@naacpldf.org; Eliza Sweren-Becker <sweren-beckere@brennan.law.nyu.edu>; michael.stewart3@usdoj.gov; dana.paikowsky@usdoj.gov; lromano@disabilityrightstx.org; liz.ryan@weil.com; Keats, Michael <michael.keats@friedfrank.com>; chostetler@freespeechforpeople.org; wakschlag@thearc.org; slakin@aclu.org; asavitzky@aclu.org; tbuser-clancy@aclutx.org; Patrick Berry <berryp@brennan.law.nyu.edu>; Sean Morales-Doyle <morales-doyles@brennan.law.nyu.edu>; hani@texascivilrightsproject.org; daniel.freeman@usdoj.gov; Izaragoza <lzaragoza@naacpldf.org>; Zachary TX <zachary@texascivilrightsproject.org>; Uzoma Nkwonta <unkwonta@elias.law>; Haley Costello Essig <hessig@elias.law>; G Spencer <gspencer@naacpldf.org>; Stewart, Sarah Cummings <sarah.stewart@reedsmith.com>; Martin, Rebecca <rebecca.martin@friedfrank.com>; Jason Kanterman <Jason.Kanterman@friedfrank.com>; bdimmick@aclu.org; jennifer.yun@usdoj.gov; Jlongoria@MALDEF.org; Chris Dodge <cdodge@elias.law>; acepedaderieux@aclu.org
**Subject:** LUPE v. Abbott - production in response to subpoenas

Counsel,

**App230**

I write to you about the production of materials in response to our December 15 subpoenas to Senator Hughes, Senator Bettencourt, Representative Cain and Representative Murr. On February 3, you informed us that there were "roughly 1,700" responsive documents to our subpoenas. But to date we have only received about 440 documents. Your March 14 privilege log reflects that you are withholding roughly an additional 730 documents based on various privilege claims. That still leaves a gap of over 500 responsive documents that are not accounted for. Please let us know when the Legislators intend to produce these materials to us.

Please also let us also know when you are available to meet and confer this week or early next week regarding the Legislators' privilege log.  Having carefully reviewed the log, we believe that the majority of entries reflect overbroad or inappropriate claims of privilege, as we explained in our earlier correspondence. *E.g.*, Pls.' January 7 conferral letter; Pls.' February 22 deficiency letter. In the interest narrowing areas of dispute, however, we ask that you please be prepared to confer over the following specific categories of asserted privilege:

- Legislative privilege over documents reflecting the Legislators' reasons for enacting SB 1 (*e.g.*, DOC_0000265);
- Legislative privilege over documents and communications shared with non-legislators or non-legislative staff (*e.g.*, DOC_0000250);
- Attorney-client privilege and/or work product protection over documents and communications shared with third-parties (*e.g.*, DOC_0000840); and
- Investigative privilege (*e.g.*, DOC_0000824).

Feel free to reach out to me with any questions or concerns and I look forward to discussing these issues with you soon.

Best regards,

Chris

**Christopher D. Dodge***
Counsel
Elias Law Group LLP
10 G St NE, Suite 600
Washington, DC 20002
202-987-4928
cdodge@elias.law

*Admitted in MA and NY.  Practicing under the supervision of DC bar members.

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**App231**

# EXHIBIT L

## Chris Dodge

| | |
|---|---|
| **From:** | Stewart, Michael (CRT) <Michael.Stewart3@usdoj.gov> |
| **Sent:** | Friday, March 25, 2022 4:48 PM |
| **To:** | Eric Hudson; Jack DiSorbo; Leif Olson; Aaron Barnes; Jeff White; Kathleen Hunker; Patrick Sweeten; Will Thompson |
| **Cc:** | Dellheim, Richard (CRT); Freeman, Daniel (CRT); Yun, Jennifer (CRT); Paikowsky, Dana (CRT) |
| **Subject:** | RE: LUPE v. Abbott - Legislative Privilege Log |
| **Attachments:** | Leg Priv Designation Questions Mar 25 2022.pdf |

Eric,

Thank you for your response, and we appreciate your willingness to confer on this issue.  We have reviewed the case citations you have provided, which (as you suggested) anticipated the issues of concern to us.  After considering those cases, we do not believe they are consistent with the weight of authority in the Fifth Circuit on the scope of legislative privilege.  In the interest of expediting these discussions, we provide additional detail on our rationale below, but we would also be happy to meet and confer if it could resolve some of these issues.  If, however, you intend to press the claim of legislative privilege with respect to logged documents shared with third parties regardless of any such discussions, please let us know so we can consider appropriate next steps.

Persuasive authority establishes that any legislative privilege is waived when a legislator communicates with a third party, including members of the executive branch or a private individual.  *See Perez v. Perry*, No. 5:11-CV-360, 2014 WL 106927, at *2 (W.D. Tex. Jan. 8, 2014) (three-judge court) ("To the extent that any individual asserting the [legislative] privilege has had communications or correspondence with any outside party or entity, such communications or correspondence waives the privilege as to the content of those communications."); *Gilby v. Hughs*, 471 F. Supp. 3d 763, 767 (W.D. Tex. 2020) ("To the extent that legislators or legislative staff communicated with any outsider (e.g. non-legislators, non-legislative staff) any legislative privilege is waived as to the contents of those specific communications."); *see also TitleMax of Texas, Inc. v. City of Dallas*, No. 3:21-CV-1040-S-BN, 2022 WL 326566, at *6 (N.D. Tex. Feb. 3, 2022); *Jackson Mun. Airport Auth. v. Bryant*, No. 3:16-CV-246, 2017 WL 6520967, at *7 (S.D. Miss. Dec. 19, 2017) (collecting cases).

To the extent cases such as *Thompson* and *Puente Arizona* have concluded differently, their reasoning does not appear to have gained traction in the Fifth Circuit.  Rather, the Fifth Circuit has directed that any state legislative privilege "must be strictly construed and accepted only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth."  *Jefferson Cmty. Health Care Centers, Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017) (quoting *Perez*, 2014 WL 106927 at *1).  We also note that the out-of-circuit decision in *Puente Arizona* appears to have at least in part elided the difference between legislative immunity and legislative privilege (relying on *Almonte v. City of Long Beach*, 478 F.3d 100 (2d Cir. 2007), which construed the scope of legislative immunity from suit), as well as the difference between the legislative privilege for members of Congress under the Speech and Debate Clause and the common-law qualified privilege for state legislators, *see Bryant*, 2017 WL 6520967 at *8 (describing this flaw in *Puente Arizona*'s reasoning), and therefore is not likely to be persuasive.

The attached document identifies those documents we believe are or may be subject to this waiver.  For some documents identified below, we believe additional information may help resolve the question.  Furthermore, while based on a review of the privilege log we believe the waiver may apply to some of Senator Bettencourt's documents as well, we have omitted those from the attached list because we did not issue a subpoena to Senator Bettencourt.

Please also note that, while we have not included on the list all documents with the listed custodian "Texas Senate," we do not know which individual Senator is asserting the legislative privilege over those documents.  These entries raise the

**App233**

additional concern that the legislative privilege is "a personal one and may be waived or asserted by each individual legislator," *Perez*, 2014 WL 106927, at *1.  We do not understand the legislative body as a whole to have standing to assert the privilege, nor to assert it on any particular senator's behalf.  If these documents all pertain to a particular Senator who is claiming the privilege, please let us know, as this may help resolve questions as to these documents.

We also recognize that some of these documents are subject to claims of other privileges, such as Attorney-Client privilege.  To that end, and in connection with the claim of legislative privilege, it would be helpful to know further information about a subset of the listed documents; while we are happy to discuss these questions at a meet-and-confer if more expedient, in the interest of allowing everyone to come prepared, we describe them below:

(a)  Who is the third party (or third parties) described in DOC_0000250-252?
(b)  What is the "organization" (or organizations) described in PDOC_00003286, PDOC_00003326, PDOC_00003366, PDOC_00003406, PDOC_00003446, and PDOC_00004669?
(c)  PDOC_00003887 and PDOC_00003889 describe an analysis "provided to Representative Murr's office."  What is the source of this analysis?
(d)  DOC_0000352 is described as a draft letter from Senator Hughes to Keith Ingram.  Can you confirm this letter was not sent, or if it was, that the version sent to Mr. Ingram has been produced?
(e)  DOC_0000347 is entitled "Gregg Co Press Conference."  To the extent this document relates to a press conference or speech delivered to constituents or as political rather than legislative activity, it would not be protectable under the legislative privilege.  *See Texas v. Holder*, 2012 WL 13070060, at *2.  Can you provide more information concerning the context in which these talking points were delivered?
  a.  Similarly, DOC_0000641 is described as draft correspondence between a legislator and constituents, the file name of DOC_000068 indicates this is a draft response to *Texas Monthly*, and the file names of DOC_0000712-713 indicate these are preparatory materials for a media interview.  Could you identify the legislator claiming privilege over these documents, and clarify how these relate to legislative activity?
(f)  DOC_0000375 is described as correspondence between Senator Hughes and a third party not employed by the legislature.  Who is this third party?
(g)  For DOC_0000582-585 and DOC_0000605-607, the legislator to whom these documents relate is unclear.  Could you identify the legislator asserting privilege over these documents?
(h)  The log indicates a claim of attorney-client privilege over DOC_0000619, DOC_0000715, DOC_0000734, and DOC_0000740, and work product privilege over the first three of these documents, in addition to legislative privilege.  The only attorney identified on the log in connection with these documents is Jonathan White.  Are these claims of attorney-client and work product privilege based on an assertion that Mr. White represented the legislators and staff who were party to these communications at the time they were made?

Please let us know when you are available to meet and confer if it would be helpful to do so.

Regards,
Mike

---

**From:** Eric Hudson <Eric.Hudson@oag.texas.gov>
**Sent:** Thursday, March 17, 2022 6:42 PM
**To:** Stewart, Michael (CRT) <Michael.Stewart3@usdoj.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Leif Olson <Leif.Olson@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Will Thompson <Will.Thompson@oag.texas.gov>
**Cc:** Dellheim, Richard (CRT) <Richard.Dellheim@usdoj.gov>; Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>; Yun, Jennifer (CRT) <Jennifer.Yun@usdoj.gov>; Paikowsky, Dana (CRT) <Dana.Paikowsky@usdoj.gov>
**Subject:** [EXTERNAL] RE: LUPE v. Abbott - Deficient Legislator Production

Mike,

**App234**

Thanks for your email.  Can you point to some specific entries that you'd like to discuss so we can make certain we're on the same page?

In anticipation of your specific entries, I can say that we read legislative privilege to turn on the nature of the communication and the relationship between the participants, not necessarily on whether someone outside the legislative branch was included.  For example, the legislative privilege can cover communications containing information and advice for legislative purposes regardless of whether the individual providing that information and advice is a member of the legislator's staff, an executive-branch official, or an informal advisor.  Of course, we are not asserting that all communications between a legislator and third parties are protected by legislative privilege.  However, the inquiry depends on the facts and circumstances relevant to particular communications.  *See, e.g.*, *Thompson v. Merrill*, No. 2:16-cv-783, 2020 WL 2545317, at *3 (M.D. Ala. May 19, 2020) (agreeing "that the legislative privilege is not waived simply because a legislator has communicated with third parties, if the communication was part of the formulation of legislation"); *Puente Arizona v. Arpaio*, 314 F.R.D. 664, 670 (D. Ariz. 2016) (rejecting plaintiffs' argument "that the state legislative privilege is not applicable here because Pearce's emails were sent to and received from third-party attorneys, lobbyists, and constituents"); *Texas v. Holder*, No. 1:12-cv-128, 2012 WL 13070060, at *4 (D.D.C. June 5, 2012) ("[A] legislator's request for information to a State agency regarding pending legislation is subject to the legislative privilege and need not be produced.").

We understand that our view is in accord with the way other privileges work. Executive privilege, for example, extends to certain "communications between White House officials and individuals outside the Executive Branch, including with individuals in the Legislative Branch." Assertion of Executive Privilege Concerning the Dismissal and Replacement of U.S. Attorneys, 31 Op. O.L.C. 1, 5–6 (June 27, 2007), https://www.justice.gov/olc/file/477046/download.

We're happy to discuss in more detail after we receive your cites.  To the extent you think we've misunderstood or misapplied legislative privilege, please send us any citations or arguments explaining that position.  As always, we appreciate the opportunity to met and confer.

s/Eric Hudson

---

**From:** Stewart, Michael (CRT) <Michael.Stewart3@usdoj.gov>
**Sent:** Tuesday, March 15, 2022 4:30 PM
**To:** Eric Hudson <Eric.Hudson@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Leif Olson <Leif.Olson@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Will Thompson <Will.Thompson@oag.texas.gov>
**Cc:** Dellheim, Richard (CRT) <Richard.Dellheim@usdoj.gov>; Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>; Yun, Jennifer (CRT) <Jennifer.Yun@usdoj.gov>; Paikowsky, Dana (CRT) <Dana.Paikowsky@usdoj.gov>
**Subject:** RE: LUPE v. Abbott - Deficient Legislator Production

Eric-

Thank you for sending this privilege log.  On initial review, it appears you are seeking to protect communications and documents between legislators or their staff and several non-legislative third parties, including (a) non-legislative third parties with a "preexisting relationship" with a legislator or legislative office; (b) individuals at the Office of the Attorney General, including Jonathan White; and (c) individuals at the Secretary of State's Office, including Keith Ingram.  So that we may evaluate your assertions of privilege, would you please send us citations or a brief description establishing the bases for your assertion of privilege over these communications with non-legislative third parties?

Regards,

**App235**

Mike

---

**From:** Eric Hudson <Eric.Hudson@oag.texas.gov>
**Sent:** Monday, March 14, 2022 7:15 PM
**To:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Haley Costello Essig <hessig@elias.law>; Leif Olson <Leif.Olson@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Will Thompson <Will.Thompson@oag.texas.gov>
**Cc:** Olson, Wendy J. <wendy.olson@stoel.com>; Nina Perales <nperales@maldef.org>; ryan@texascivilrightsproject.org; lromano@disabilityrightstx.org; liz.ryan@weil.com; Michael.Keats@friedfrank.com; chostetler@freespeechforpeople.org; Rasich, Marc <marc.rasich@stoel.com>; jholmes@naacpldf.org; scummings@reedsmith.com; wakschlag@thearc.org; slakin@aclu.org; asavitzky@aclu.org; morales-doyles@brennan.law.nyu.edu; tbuser-clancy@aclutx.org; Watkins, Elijah M. <elijah.watkins@stoel.com>; Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>; Jasleen Singh <singhj@brennan.law.nyu.edu>; Patrick Berry <berryp@brennan.law.nyu.edu>; Stewart, Michael (CRT) <Michael.Stewart3@usdoj.gov>; Uzoma Nkwonta <unkwonta@elias.law>; Kassi Yukevich <kyukevich@elias.law>; Graham White <gwhite@elias.law>; Marcos Mocine-McQueen <mmcqueen@elias.law>; Noah Baron <nbaron@elias.law>; Mike Jones <mjones@elias.law>
**Subject:** [EXTERNAL] RE: LUPE v. Abbott - Deficient Legislator Production

Good evening, counsel.

Attached please find the privilege log related to each of the subpoenas issued to legislators by the Private Plaintiffs and the Department of Justice.

Thanks.

s/Eric Hudson

---

**From:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Sent:** Thursday, February 24, 2022 4:24 PM
**To:** Haley Costello Essig <hessig@elias.law>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Leif Olson <Leif.Olson@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Will Thompson <Will.Thompson@oag.texas.gov>
**Cc:** Olson, Wendy J. <wendy.olson@stoel.com>; Nina Perales <nperales@maldef.org>; ryan@texascivilrightsproject.org; lromano@disabilityrightstx.org; liz.ryan@weil.com; Michael.Keats@friedfrank.com; chostetler@freespeechforpeople.org; Rasich, Marc <marc.rasich@stoel.com>; jholmes@naacpldf.org; scummings@reedsmith.com; wakschlag@thearc.org; slakin@aclu.org; asavitzky@aclu.org; morales-doyles@brennan.law.nyu.edu; tbuser-clancy@aclutx.org; Watkins, Elijah M. <elijah.watkins@stoel.com>; Daniel Freeman <daniel.freeman@usdoj.gov>; Jasleen Singh <singhj@brennan.law.nyu.edu>; Patrick Berry <berryp@brennan.law.nyu.edu>; Michael.Stewart3@usdoj.gov; Uzoma Nkwonta <unkwonta@elias.law>; Kassi Yukevich <kyukevich@elias.law>; Graham White <gwhite@elias.law>; Marcos Mocine-McQueen <mmcqueen@elias.law>; Noah Baron <nbaron@elias.law>; Mike Jones <mjones@elias.law>
**Subject:** RE: LUPE v. Abbott - Deficient Legislator Production

Haley,

Please allow me to respond on Eric's behalf. We received your letter regarding your understanding of the document production in response to the subpoenas to Representatives Briscoe Cain and Andrew Murr, and Senators Paul Bettencourt and Bryan Hughes. We believe we can address or clarify your concerns.

**App236**

As your letter notes, we collected roughly 1,700 documents from the subpoena recipients. We think there may be some inadvertent confusion regarding this number. In Eric's email of 02/03/2022, he said: "We have identified responsive documents (roughly 1,700, as I understand it), and we are currently conducting a review of those documents." To clarify, the 1,700 number refers to documents that we collected from the subpoena recipients, not the number of documents identified as responsive to the requests. And so although in your letter you express concerns regarding the proportion of documents produced to responsive documents identified, that concerns appears to be based on a misunderstanding.

Regarding our production, as your letter notes, we produced 232 documents on February 11, 2022. And then yesterday, February 23, we produced an additional 210 documents, for a grand total of 442 documents. This sum constitutes all of the responsive documents we have identified to date that are not subject to privilege. We will continue search thoroughly for documents that are responsive to the subpoena requests, and will be sure to timely supplement our productions if necessary.

In addition to the 442 documents that we produced, there is a body of documents that we have withheld based on the attorney-client privilege, attorney work product, the legislative privilege, and other applicable privileges. We are diligently working on a privilege log so that you can evaluate each privilege claim, and we will promptly deliver it. We continue to disagree with your assertion, Letter p. 2, that it is "improper as a matter of law," to withhold documents based on the attorney-client privilege, the legislative privilege, attorney work product, and other privileges. But after reviewing the privilege log, should you conclude that you believe a privilege does not exist as applied to certain documents, we would welcome the opportunity to meet and confer on the subject.

In addition, your letter, at p.2, refers to several specific concerns, such as that attachments may have been omitted from individual documents included in the production. Just as with the subject of applicable privileges, we would be happy to confer on any specific topics regarding the two productions. I'm unable to discern any particular documents of interest from the face of your letter, but please correct me if I have misunderstood.

We hope that our supplemental production and the explanations provided here are helpful to the matters you identified in your letter. It is always our intention to work together and accommodate one another in our pursuit of litigation these cases and coordinating these hundreds of parties and non-parties. And we will continue to ensure we take the actions necessary to fully comply with our obligations in connection with the responses to Plaintiff's subpoenas.

Sincerely, Jack DiSorbo

---

Jack DiSorbo
Assistant Attorney General, Special Litigation Unit
Office of the Attorney General
Work: (512) 936-1067
Cell: (713) 628-7407

**App237**

Jack.DiSorbo@oag.texas.gov

---

**From:** Haley Costello Essig <hessig@elias.law>
**Sent:** Tuesday, February 22, 2022 2:39 PM
**To:** Eric Hudson <Eric.Hudson@oag.texas.gov>; Leif Olson <Leif.Olson@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** Olson, Wendy J. <wendy.olson@stoel.com>; Nina Perales <nperales@maldef.org>; ryan@texascivilrightsproject.org; lromano@disabilityrightstx.org; liz.ryan@weil.com; Michael.Keats@friedfrank.com; chostetler@freespeechforpeople.org; Rasich, Marc <marc.rasich@stoel.com>; jholmes@naacpldf.org; scummings@reedsmith.com; wakschlag@thearc.org; slakin@aclu.org; asavitzky@aclu.org; morales-doyles@brennan.law.nyu.edu; tbuser-clancy@aclutx.org; Watkins, Elijah M. <elijah.watkins@stoel.com>; Daniel Freeman <daniel.freeman@usdoj.gov>; Jasleen Singh <singhj@brennan.law.nyu.edu>; Patrick Berry <berryp@brennan.law.nyu.edu>; Michael.Stewart3@usdoj.gov>; Uzoma Nkwonta <unkwonta@elias.law>; Kassi Yukevich <kyukevich@elias.law>; Graham White <gwhite@elias.law>; Marcos Mocine-McQueen <mmcqueen@elias.law>; Noah Baron <nbaron@elias.law>; Mike Jones <mjones@elias.law>
**Subject:** LUPE v. Abbott - Deficient Legislator Production

Counsel:

Please see the attached letter regarding the deficient document production from Texas House of Representatives Members Briscoe Cain and Andrew Murr, and Texas Senators Paul Bettencourt and Bryan Hughes.

Thank you.

**Haley K. Costello Essig**
**Elias Law Group LLP**
202-968-4675
(she/her)

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Eric Hudson <Eric.Hudson@oag.texas.gov>
**Sent:** Thursday, February 3, 2022 3:10 PM
**To:** Haley Costello Essig <hessig@elias.law>; Leif Olson <Leif.Olson@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** Olson, Wendy J. <wendy.olson@stoel.com>; Nina Perales <nperales@maldef.org>; ryan@texascivilrightsproject.org; lromano@disabilityrightstx.org; liz.ryan@weil.com; Michael.Keats@friedfrank.com; chostetler@freespeechforpeople.org; Rasich, Marc <marc.rasich@stoel.com>; jholmes@naacpldf.org; scummings@reedsmith.com; wakschlag@thearc.org; slakin@aclu.org; asavitzky@aclu.org; morales-doyles@brennan.law.nyu.edu; tbuser-clancy@aclutx.org; Watkins, Elijah M. <elijah.watkins@stoel.com>; Daniel Freeman <daniel.freeman@usdoj.gov>; Jasleen Singh <singhj@brennan.law.nyu.edu>; Patrick Berry <berryp@brennan.law.nyu.edu>; Michael.Stewart3@usdoj.gov>; Uzoma Nkwonta <unkwonta@elias.law>; Kassi Yukevich <kyukevich@elias.law>; Graham White <gwhite@elias.law>; Marcos Mocine-McQueen <mmcqueen@elias.law>; Noah Baron <nbaron@elias.law>; Mike Jones <mjones@elias.law>
**Subject:** RE: LUPE v. Abbott - Objections and Responses to Subpoenas for Production

Thanks for reaching out, Haley.

**App238**

As you're aware, the responses were delivered to you on January 20, and a large portion of the team handling those responses traveled to El Paso during the week of January 24, 2022, for preliminary injunction hearing that last four days. Yesterday afternoon, today, and tomorrow have been impacted by a major snow storm that has hit the Austin area.

We have identified responsive documents (roughly 1,700, as I understand it), and we are currently conducting a review of those documents. We anticipate having those out early next week. We'll also supplement our responses to include any documents we're withholding based upon privilege or other objection next week.

In addition to that matter, we have forwarded notices of 30(b)(6) topics to you and other plaintiffs' counsel. Have you all had a chance to review and do you have any objections to the topics that we can address today? If so, let's handle that as well so we can get those depositions on the books.

As always, please reach out with any immediate questions or concerns.

s/Eric Hudson

---

**From:** Haley Costello Essig <hessig@elias.law>
**Sent:** Thursday, February 3, 2022 1:59 PM
**To:** Leif Olson <Leif.Olson@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** Olson, Wendy J. <wendy.olson@stoel.com>; Nina Perales <nperales@maldef.org>; ryan@texascivilrightsproject.org; lromano@disabilityrightstx.org; liz.ryan@weil.com; Michael.Keats@friedfrank.com; chostetler@freespeechforpeople.org; Rasich, Marc <marc.rasich@stoel.com>; jholmes@naacpldf.org; scummings@reedsmith.com; wakschlag@thearc.org; slakin@aclu.org; asavitzky@aclu.org; morales-doyles@brennan.law.nyu.edu; tbuser-clancy@aclutx.org; Watkins, Elijah M. <elijah.watkins@stoel.com>; Daniel Freeman <daniel.freeman@usdoj.gov>; Jasleen Singh <singhj@brennan.law.nyu.edu>; Patrick Berry <berryp@brennan.law.nyu.edu>; Michael.Stewart3@usdoj.gov; Uzoma Nkwonta <unkwonta@elias.law>; Kassi Yukevich <kyukevich@elias.law>; Graham White <gwhite@elias.law>; Marcos Mocine-McQueen <mmcqueen@elias.law>; Noah Baron <nbaron@elias.law>; Mike Jones <mjones@elias.law>
**Subject:** RE: LUPE v. Abbott - Objections and Responses to Subpoenas for Production

Counsel:

It has been one week since we sent you a request to meet and confer regarding the overdue production responsive to the third-party subpoenas issued to Senator Hughes, Senator Bettencourt, Representative Cain, and Representative Murr, and we still have not received a statement of available or proposed times from you. To reiterate, we seek (1) a date certain by which you will produce documents and (2) a statement of whether documents will be withheld pursuant to the stated objections or reservations of purported privilege, specifically claims of legislative and deliberative process privilege.

As the parties are convening this afternoon to discuss other matters related to a protective order and ESI agreement, we propose that we address these matters immediately following such discussion in the same conference. We welcome your response to these matters via email in advance of that conference in hopes that may narrow the points of disagreement or obviate the need for discussion altogether.  If we are unable to timely resolve these issues, we will have no choice but to file a motion to compel production to avoid further delay.

Kind regards,

**Haley K. Costello Essig**
Elias Law Group LLP

**App239**

202-968-4675
(she/her)

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Haley Costello Essig
**Sent:** Friday, January 28, 2022 9:43 AM
**To:** Leif Olson <Leif.Olson@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** Olson, Wendy J. <wendy.olson@stoel.com>; Nina Perales <nperales@maldef.org>; ryan@texascivilrightsproject.org; lromano@disabilityrightstx.org; liz.ryan@weil.com; Michael.Keats@friedfrank.com; chostetler@freespeechforpeople.org; Rasich, Marc <marc.rasich@stoel.com>; jholmes@naacpldf.org; scummings@reedsmith.com; wakschlag@thearc.org; slakin@aclu.org; asavitzky@aclu.org; morales-doyles@brennan.law.nyu.edu; tbuser-clancy@aclutx.org; Watkins, Elijah M. <elijah.watkins@stoel.com>; Daniel Freeman <daniel.freeman@usdoj.gov>; Jasleen Singh <singhj@brennan.law.nyu.edu>; Patrick Berry <berryp@brennan.law.nyu.edu>; Michael.Stewart3@usdoj.gov; Uzoma Nkwonta <unkwonta@elias.law>; Kassi Yukevich <kyukevich@elias.law>; Graham White <gwhite@elias.law>; Marcos Mocine-McQueen <mmcqueen@elias.law>; Noah Baron <nbaron@elias.law>; Mike Jones <mjones@elias.law>
**Subject:** RE: LUPE v. Abbott - Objections and Responses to Subpoenas for Production

Thank you for your response, Leif. We do not believe that this matter requires all hands on deck, so we are glad to hear that at least some of your team is not involved in the trial or PI hearing preparation. We hope and expect those members can attend a meet and confer early next week. Our intent is to discuss the timing of the production and the basis for any withholdings.

Your clients have not refused to produce documents. Instead, the responses state that production will be made on an unspecified "rolling basis within a reasonable time." We believe that this is insufficient and problematic, as your team has not made any attempt to discuss the confines of that rolling basis, or what you deem to be reasonable, with us either before or after unilaterally adopting such a basis. As you are aware, the production deadline for documents pursuant to the subpoenas has come and gone, and while you have sent responses indicating that you intend to produce documents, that was over a week ago, and we have yet to receive a single document. Time is of the essence. To the extent we cannot agree on the timing, we will need to move to compel production with the Court.

Furthermore, the responses reserve privilege and other objections that have no legal basis, as previously explained in our January 7, 2022, letter. The responses state that searches have already been run to collect documents. We would, therefore, like to understand what objections, if any, you intend to rely upon to withhold documents. We previously discussed this with Mr. Hudson at our meet and confer on January 10 following receipt of your January 1, 2022, letter objections. Mr. Hudson informed us that, as of January 10, he was unable to state whether documents would be withheld pursuant to those baseless objections. We expect that since December 15, when we sent you notice of the subpoenas, or since December 20, when you formally agreed to accept service, you will have had sufficient opportunity to determine whether you will rely upon objections to withhold production. If your objections do serve as a basis for withholding documents, we will need to move to compel production.

We look forward to discussing these pressing matters with you or another member of your team early next week. Thank you.

Kind regards,

**Haley K. Costello Essig**
Elias Law Group LLP
202-968-4675

**App240**

(she/her)

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Leif Olson <Leif.Olson@oag.texas.gov>
**Sent:** Thursday, January 27, 2022 6:16 PM
**To:** Haley Costello Essig <hessig@elias.law>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** Olson, Wendy J. <wendy.olson@stoel.com>; Nina Perales <nperales@maldef.org>; ryan@texascivilrightsproject.org; lromano@disabilityrightstx.org; liz.ryan@weil.com; Michael.Keats@friedfrank.com; chostetler@freespeechforpeople.org; Rasich, Marc <marc.rasich@stoel.com>; jholmes@naacpldf.org; scummings@reedsmith.com; wakschlag@thearc.org; slakin@aclu.org; asavitzky@aclu.org; morales-doyles@brennan.law.nyu.edu; tbuser-clancy@aclutx.org; Watkins, Elijah M. <elijah.watkins@stoel.com>; Daniel Freeman <daniel.freeman@usdoj.gov>; Jasleen Singh <singhj@brennan.law.nyu.edu>; Patrick Berry <berryp@brennan.law.nyu.edu>; Michael.Stewart3@usdoj.gov; Uzoma Nkwonta <unkwonta@elias.law>; Kassi Yukevich <kyukevich@elias.law>; Graham White <gwhite@elias.law>; Marcos Mocine-McQueen <mmcqueen@elias.law>; Noah Baron <nbaron@elias.law>; Mike Jones <mjones@elias.law>
**Subject:** RE: LUPE v. Abbott - Objections and Responses to Subpoenas for Production

Haley,

Most of our team is in trial in El Paso right now and most of the team will be preparing for another PI hearing next week. This includes most of the lawyers who were working on this production, so we may not be able to find time for this until late, rather than early, next week. We will keep you posted.

Are there any particular concerns you can point to help us determine how much time we might need to set aside?

---

**From:** Haley Costello Essig <hessig@elias.law>
**Sent:** Thursday, January 27, 2022 4:51 PM
**To:** Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Leif Olson <Leif.Olson@oag.texas.gov>
**Cc:** Olson, Wendy J. <wendy.olson@stoel.com>; Nina Perales <nperales@maldef.org>; ryan@texascivilrightsproject.org; lromano@disabilityrightstx.org; liz.ryan@weil.com; Michael.Keats@friedfrank.com; chostetler@freespeechforpeople.org; Rasich, Marc <marc.rasich@stoel.com>; jholmes@naacpldf.org; scummings@reedsmith.com; wakschlag@thearc.org; slakin@aclu.org; asavitzky@aclu.org; morales-doyles@brennan.law.nyu.edu; tbuser-clancy@aclutx.org; Watkins, Elijah M. <elijah.watkins@stoel.com>; Daniel Freeman <daniel.freeman@usdoj.gov>; Jasleen Singh <singhj@brennan.law.nyu.edu>; Patrick Berry <berryp@brennan.law.nyu.edu>; Michael.Stewart3@usdoj.gov; Uzoma Nkwonta <unkwonta@elias.law>; Kassi Yukevich <kyukevich@elias.law>; Graham White <gwhite@elias.law>; Marcos Mocine-McQueen <mmcqueen@elias.law>; Noah Baron <nbaron@elias.law>; Mike Jones <mjones@elias.law>
**Subject:** RE: LUPE v. Abbott - Objections and Responses to Subpoenas for Production

Counsel:

We would like to schedule a meet and confer for early next week to discuss the objections and responses from Senator Hughes, Senator Bettencourt, Representative Cain, and Representative Mir that you sent below. Please let us know your availability at your earliest convenience.

**App241**

Kind regards,

**Haley K. Costello Essig**
Elias Law Group LLP
202-968-4675
(she/her)

CONFIDENTIAL: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Aaron Barnes <Aaron.Barnes@oag.texas.gov>
**Sent:** Thursday, January 20, 2022 5:27 PM
**To:** Graham White <gwhite@elias.law>; nperales@maldef.org; christopher.bell@friedfrank.com; jason.kanterman@friedfrank.com; jlongoria@maldef.org; michael.keats@friedfrank.com; rebecca.martin@friedfrank.com; liz.ryan@weil.com; paul.genender@weil.com; morales-doyles@brennan.law.nyu.edu; alexander.cohen@weil.com; andrew.garber@nyu.edu; sweren-beckere@brennan.law.nyu.edu; jasleen.singh@nyu.edu; matt.berde@weil.com; patrick.berry@nyu.edu; bclements@freespeechforpeople.org; laura.rosenbaum@stoel.com; wendy.olson@stoel.com; chostetler@freespeechforpeople.org; elijah.watkins@stoel.com; jbonifaz@freespeechforpeople.org; marc.rasich@stoel.com; rfein@freespeechforpeople.org; sean@lyonsandlyons.com; gyeomans@naacpldf.org; kdulaney@reedsmith.com; jholmes@naacpldf.org; ksadasivan@naacpldf.org; kbroughton@reedsmith.com; lspencer@reedsmith.com; abadat@naacpldf.org; scummings@reedsmith.com; wakschlag@thearc.org; Uzoma Nkwonta <unkwonta@elias.law>; Kassi Yukevich <kyukevich@elias.law>; Jonathan Hawley <jhawley@elias.law>; Joseph Posimato <jposimato@elias.law>; Marc Elias <melias@elias.law>; Meaghan Mixon <mmixon@elias.law>; acepedaderieux@aclu.org; asegura@aclutx.org; hani@texascivilrightsproject.org; jvattamala@aaldef.org; jamunson@jenner.com; ldavis@drtx.org; lostrom@drtx.org; mimi@texascivilrightsproject.org; ryan@texascivilrightsproject.org; sosaki@aclu.org; skumar@aclutx.org; slakin@aclu.org; slorenzo-giguere@aaldef.org; tbuser-clancy@aclutx.org; umittal@jenner.com; asavitzky@aclu.org; aharris@aclutx.org; daniel.freeman@usdoj.gov; Michael.Stewart3@usdoj.gov; Yun, <Jennifer.Yun@usdoj.gov>; Dana.Paikowsky@usdoj.gov
**Cc:** Eric Hudson <Eric.Hudson@oag.texas.gov>; Jeff White <Jeff.White@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Leif Olson <Leif.Olson@oag.texas.gov>
**Subject:** LUPE v. Abbott - Objections and Responses to Subpoenas for Production

Counsel,

Attached please find the objections and responses to the subpoenas for production that were issued to Senator Hughes, Senator Bettencourt, Representative Cain, and Representative Mir in *LUPE v. Abbott*, 5:21-cv-00844-XR (W.D. Tex.).

Thank you.

Best regards,

**J. Aaron Barnes**
Special Counsel
Special Litigation Unit
OFFICE OF THE ATTORNEY GENERAL
(512) 936-2021
aaron.barnes@oag.texas.gov

*This message may be confidential and/or privileged under Government Code sections 552.101, 552.103, 552.107, and 552.111 and should not be disclosed without the express authorization of the Attorney General.*

**App243**

**Table A - Improper Legislative Privilege Claims**

| | ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | DOC_0000149 | Representative Ashby | 7/14/2021 | Microsoft Word 97/98 | | | | | SPECIALSESSION-HB3-MURR-Annotated.doc | Legislative | Draft of HB3 that contains notes, annotations, and track changes, revealing legislator's mental impressions. |
| 2 | PDOC_0000629 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Report on international voting practices, containing hand-written notes that reveal legislator's mental impressions. |
| 3 | PDOC_0000798 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Bill analysis of CSSB1509 M34 on election integrity for mail-in ballots, with legislator's handwritten notes revealing legislator's mental impressions. |
| 4 | PDOC_0000899 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's typed notes summarizing Secure Democracy's opinion on proposed election integrity legislation, revealing mental impressions. |
| 5 | PDOC_0000973 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of unspecified election bill that contains handwritten notes, revealing legislator's mental impressions. |
| 6 | PDOC_0001053 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Drafts of proposed committee amendments to CSSB7 with handwritten notations, revealing legislator's mental impressions. |
| 7 | PDOC_0001217 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of unspecified election legislation that contains handwritten comments, notes, and markings, revealing legislator's mental impressions. |
| 8 | PDOC_0001218 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of unspecified elections legislation that contains handwritten comments, notes, and markings, revealing legislator's mental impressions. |
| 9 | PDOC_0001251 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | A draft of HB6 that contains handwritten comments, notes, and markings, revealing legislator's mental impressions. |

**Table A - Improper Legislative Privilege Claims**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 10 | PDOC_0001463 | Representative Cain | | Scanned Document from Legislator's Files | | | | | Legislative | Draft script written in preparation of legislator's layout of SB7, with handwritten annotations and notes, revealing mental impressions. (page 2/2) |
| 11 | PDOC_0001464 | Representative Cain | | Scanned Document from Legislator's Files | | | | | Legislative | Notes and bulleted talking points for legislator's use regarding unspecified elections bill that contains handwritten notes and markings, revealing mental impressions. |
| 12 | PDOC_0001487 | Representative Cain | | Scanned Document from Legislator's Files | | | | | Legislative | Draft of unspecified election bill that contains handwritten notes and reveals legislator's mental impressions. |
| 13 | DOC_0000207 | Representative Cain | | Adobe Acrobat (PDF) | | | | __SCRIPT for 5-30-2021.pdf | Legislative | Draft script written in preparation of legislator's layout of SB7 that includes notes and annotations, revealing mental impressions. |
| 14 | DOC_0000209 | Representative Cain | | Adobe Acrobat (PDF) | | | | _Q&A for HB 6..pdf | Legislative | Notes and bulleted talking points for legislator's use regarding HB6 that contain highlights and other markings, revealing mental impressions. |
| 15 | DOC_0000218 | Representative Cain | | Adobe Acrobat (PDF) | | | | __CSHB 6 with FLOOR AMENDMENTS.docx..pdf | Legislative | Draft of unspecified elections bill that contains notes, markings, and redlines, revealing legislator's mental impressions. |
| 16 | DOC_0000219 | Representative Cain | | Adobe Acrobat (PDF) | | | | __Redlined CSHB 6.docx..pdf | Legislative | Draft of unspecified elections bill that contains notes, markings, and redlines, revealing legislator's mental impressions. |
| 17 | DOC_0000220 | Representative Cain | | Adobe Acrobat (PDF) | | | | _HB6 CS_v3.1.docx.pdf | Legislative | Draft of unspecified elections bill that contains notes, markings, and redlines, revealing legislator's mental impressions. |
| 18 | DOC_0000224 | Representative Cain | | Adobe Acrobat (PDF) | | | | HB6 Unofficial Committee Substitute.docx.pdf | Legislative | Draft committee substitute of HB6 that contains notes and highlights, revealing legislator's mental impressions. |

**Table A - Improper Legislative Privilege Claims**

| 19 | DOC_0000225 | Representative Cain | | Adobe Acrobat (PDF) | | | | | Penalties and Crimes.docx.pdf | Legislative | Draft of unspecified elections bill that contains notes, comments, and markings, revealing legislator's mental impressions. |
| 20 | DOC_0000226 | Representative Cain | | Adobe Acrobat (PDF) | | | | | CSHB2478 by Harris.docx.pdf | Attorney Client; Work Product; Legislative | A draft of CSHB2478, prepared by the Texas Legislative Council, that contains highlights and markings, revealing legislator's mental impressions. |
| 21 | DOC_0000227 | Representative Cain | | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged information | Legislative | Draft of unspecified elections bill, kept in Representative Cain's personal file for consideration of election legislation, revealing legislator's mental impressions. |
| 22 | DOC_0000235 | Representative Cain | 12/22/2021 | Adobe Acrobat (PDF) | | | | | Interim Hearing - Elections Committee.pdf | Legislative | Legislator's typed notes and mental impressions regarding proposed interim charges. |
| 23 | DOC_0000238 | Representative Cain | | Adobe Acrobat (PDF) | | | | | _Q&A for HB 6.pdf | Legislative | Notes and bulleted talking points for legislator's use regarding HB6 that contains highlights and other markings, revealing mental impressions. |
| 24 | DOC_0000247 | Representative Cain | | Adobe Acrobat (PDF) | | | | | Questions _ Retorts.pdf | Legislative | Legislator's typed notes and mental impressions regarding the layout of multiple bills, including HB6. |
| 25 | DOC_0000248 | Representative Cain | 3/11/2021 | Adobe Acrobat (PDF) | | Representative Briscoe Cain | Justin Williamson (Cain COS) | | File name omitted because it contains privileged information | Legislative | Correspondence between legislator and staff related to SB7 that reveals legislator's mental impressions. |
| 26 | DOC_0000259 | Representative Cain | 1/17/2022 | Adobe Acrobat (PDF) | | | | | Curbside Language.docx.pdf | Legislative | Draft of unspecified elections bill that containing notes and comments, revealing legislator's mental impressions addressing an aspect of pending legislation. |
| 27 | DOC_0000269 | Representative Cain | 1/5/2022 | Adobe Acrobat (PDF) | | | | | HB6 sub language for Parliamentarian.docx.pdf | Legislative | Draft substitute language for HB6, containing notes, markings, and redlines that reveal legislator's mental impressions. |
| 28 | PDOC_00003746 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's typed notes concerning SB1 that reveal mental impressions about legislation. |

**Table A - Improper Legislative Privilege Claims**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 29 | PDOC_00003951 | Representative Murr | | Scanned Document from Legislator's Files | | | | | Legislative | Legislator's handwritten notes concerning SB1 that reveal mental impressions concerning legislation. |
| 30 | PDOC_00003958 | Representative Murr | | Scanned Document from Legislator's Files | | | | | Legislative | Legislator's handwritten notes concerning elections legislation that reveals mental impressions. |
| 31 | PDOC_00003961 | Representative Murr | | Scanned Document from Legislator's Files | | | | | Legislative | Representative Murr handwritten notes and annotations concerning House Bill 3. |
| 32 | PDOC_00004651 | Representative Murr | | Scanned Document from Legislator's Files | | | | | Legislative | Legislator's typed notes and handwritten annotations from briefingl book that assesses recommended technical amendments to HB3, revealing mental impressions. |
| 33 | PDOC_00004658 | Representative Murr | | Scanned Document from Legislator's Files | | | | | Legislative | Legislator's typed notes and handwritten annotations from briefing book that assesses recommended floor amendments to HB3, revealing mental impressions |
| 34 | PDOC_00004669 | Representative Murr | | Scanned Document from Legislator's Files | | | | | Legislative | Report provided to Representative Murr's office by organization from third-party organization, contained in legislator's briefing book for consideration, with handwritten annotations and markings, revealing mental impressions. |
| 35 | PDOC_00004690 | Representative Murr | | Scanned Document from Legislator's Files | | | | | Legislative | Representative Murr's unofficial workup on HB3 that summarizes and analyzes various provisions and reveals legislator's mental |
| 36 | PDOC_00005253 | Representative Murr | | Scanned Document from Legislator's Files | | | | | Legislative | Draft of SB1 from Legislator's briefing book, containing handwritten notes, that reveals mental impressions. |
| 37 | PDOC_00005316 | Representative Murr | | Scanned Document from Legislator's Files | | | | | Legislative | Typed notes and draft script from briefing book, prepared for legislator's use, containing handwritten annotations, as well as possible amendments to SB1, revealing mental impressions. |

**Table A - Improper Legislative Privilege Claims**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 38 | PDOC_00005385 | Representative Murr | | Scanned Document from Legislator's Files | | | | | Legislative | Draft script from legislator's briefing book prepared for SB1's layout that contains handwritten notes on various provisions, revealing mental impressions. |
| 39 | PDOC_00005402 | Representative Murr | | Scanned Document from Legislator's Files | | | | | Legislative | Notes and comparison table from legislator's briefing book that analyzes, section-by-section, SB1 as introduced and committee substitute, with highlights and markings, revealing mental impressions. |
| 40 | PDOC_00005482 | Representative Murr | | Scanned Document from Legislator's Files | | | | | Legislative | Typed notes from legislator's briefing book on potential amendments to SB1, along with draft bill language, revealing legislator's mental impressions. |
| 41 | PDOC_00005488 | Representative Murr | 8/27/2021 | Scanned Document from Legislator's Files | | | | | Legislative | Legislator's handwriten notes from briefing book that recaps committee hearing and possible floor remarks, revealing mental impressions. |
| 42 | PDOC_00005525 | Representative Murr | | Scanned Document from Legislator's Files | | | | | Legislative | Document from Representative Murr's briefing book on election legislation, including notes and annotations, revealing mental |
| 43 | DOC_0001032 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | | | Voting Fraud Cases.docx | Legislative | Notes relating to court opinions regarding election law, contained in Senator Bettcourt's personal file for use in considering election legislation, revealing mental impressions. |
| 44 | DOC_0001071 | Senator Bettencourt | 9/24/2020 | Adobe Acrobat (PDF) | AG Paxton Announces Joint Prosecution of Gregg County Organized Election Fraud in Mail-In Balloting Scheme | Office of Attorney General | Don Barber (Bettencourt Leg. Dir.) | 2020-09-24 Texas AG statement, AG filed joint prosecution in election fraud of mail-in ballot scheme.pdf | Legislative | Correspondence between Office of Attorney General and legislator's staff, contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| 45 | DOC_0001092 | Senator Bettencourt | 1/19/2022 | Microsoft Excel 2016 XML File | | | | Mail-In Ballots JA census.xlsx | Legislative | Data contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |

**Table A - Improper Legislative Privilege Claims**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 46 | DOC_0001154 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | File name omitted because it contains privileged information | Legislative | Report contained in Senator Bettencourt's personal file for use in considering election legislation revealing mental impressions. |
| 47 | PDOC_0000015 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | Legislative | Handwritten notes from Senator Hughes's office, along with materials reviewed regarding the materials, related to pending legislation, revealing mental impressions. |
| 48 | PDOC_0000045 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | Legislative | Handwritten notes from Senator Hughes's office regarding pending election legislation that reveals mental impressions. |
| 49 | PDOC_0000067 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | Legislative | Handwritten notes from Senator Hughes's office regarding pending election legislation that reveal mental impressions. |
| 50 | PDOC_0000110 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | Legislative | Notes from Senator Hughes's office regarding pending election legislation that reveal mental impressions. |
| 51 | PDOC_0000114 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | Legislative | Handwritten and typed notes from a conference committee report concerning Senate Bill 1 that reveal mental impressions. |
| 52 | PDOC_0000198 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | Legislative | Handwritten notes on a draft legislation proposal concerning election legislation that reveal mental impressions. |
| 53 | PDOC_0002351 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | Legislative | Senator Hughes's typed notes regarding SB1 provisions, revealing mental impressions. |
| 54 | PDOC_0002357 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | Legislative | A draft of unspecified election bill, containing comments, notes, and other annotations by Senator Hughes. |
| 55 | PDOC_0002393 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | Legislative | A draft of unspecified election bill, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |

**Table A - Improper Legislative Privilege Claims**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 56 | PDOC_0002426 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft amendment to SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| 57 | PDOC_0002431 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft amendment to SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| 58 | PDOC_0002441 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft committee substitute to SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| 59 | PDOC_0002464 | Senator Hughes | 5/17/2021 | Scanned Document from Legislator's Files | | | | | | Legislative | Notes prepared for Senator Hughes to aid in drafting SB7 that contain handwritten notes and other markings, revealing mental impressions. |
| 60 | PDOC_0002467 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft amendment to SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| 61 | PDOC_0002520 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Senator Hughes's notes and comments concerning proposed amendment to election legislation, revealing mental impressions. |
| 62 | PDOC_0002530 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Notes prepared for Senator Hughes to aid in drafting election legislation that contain handwrittend notes and other markings, revealing mental impressions. |
| 63 | PDOC_0002540 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Notes that Sen. Hughes prepared for a meeting with Representative Murr regarding pending legislation that reveal mental impressions. |
| 64 | PDOC_0002542 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Notes prepared for Senator Hughes to aid in drafting election legislation that contain handwritten notes, revealing mental impressions. |

**App250**

**Table A - Improper Legislative Privilege Claims**

| 65 | PDOC_0002546 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Notes and talking points prepared for Senator Hughes to aid discussing SB7 that contain handwritten edits, revealing mental impressions. |
| 66 | PDOC_0002569 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| 67 | PDOC_0002609 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| 68 | PDOC_0002632 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft excerpts of SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| 69 | PDOC_0002643 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's typed and handwritten notes on suggestions and ideas for election integrity bill that reveal mental |
| 70 | PDOC_0002660 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft excerpts of SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| 71 | PDOC_0002683 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft excerpts of SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| 72 | PDOC_0002708 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of SB7, containing comments, notes, and other annotations by Senator Hughes, revealing mental impressions. |
| 73 | PDOC_0002774 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | A chart comparing HB3 and SB1, developed by Senator Hughes and containing handwritten notes, comments, and other markings that reveal mental |
| 74 | PDOC_0002808 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of SB7, containing comments, notes, and other annotations on particular sections by Senator Hughes, revealing mental impressions. |

**Table A - Improper Legislative Privilege Claims**

| 75 | PDOC_0002888 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Data contained in Senator Hughes's personal file for use in considering election legislation that reveal mental impressions. |
|----|--------------|----------------|--|-----------------------------------------|--|--|--|--|--|-------------|---|
| 76 | PDOC_0002890 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Senator Hughes's notes on changes made to SB7 and SB1 that reveal mental impressions. |
| 77 | PDOC_0002907 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Legislator's notes and talking points for floor speech concerning election legislation that reveal mental impressions. |
| 78 | PDOC_0002910 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative; | A document that cross references provisions of SB1 with the Texas Election Code and contains Senator Hughes's notes, comments, and/or other markings that reveal mental |
| 79 | PDOC_0002920 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative; | A document that cross references provisions of SB1 with the Texas Election Code and contains Senator Hughes's notes, comments, and/or other markings that reveal mental |
| 80 | PDOC_0002929 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | A document that cross references provisions of Senate Bill 1 with the Texas Election Code and contains Senator Hughes's notes, comments, and/or other markings that reveal mental |
| 81 | PDOC_0002936 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative; | A document that cross references provisions of Senate Bill 1 with the Texas Election Code and contains Senator Hughes's notes, comments, and/or other markings that reveal mental |
| 82 | PDOC_0002948 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | A document that cross references provisions of Senate Bill 1 with the Texas Election Code and contains Senator Hughes's notes, comments, and/or other markings that reveal mental |

**Table A - Improper Legislative Privilege Claims**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 83 | PDOC_0002960 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | A document that cross references provisions of Senate Bill 1 with the Texas Election Code and contains Senator Hughes's notes, comments, and/or other markings. |
| 84 | PDOC_0002980 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | A document that cross references provisions of Senate Bill 1 with the Texas Election Code and contains Senator Hughes's notes, comments, and/or other markings that reveal mental |
| 85 | PDOC_0002990 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | A document that cross references provisions of Senate Bill 1 with the Texas Election Code and contains Senator Hughes's notes, comments, and/or other markings that reveal mental |
| 86 | PDOC_0003034 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative; | Draft of SB7, containing comments, notes, and other annotations on particular sections by Senator Hughes that reveal mental |
| 87 | PDOC_0003119 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of SB7, containing comments, notes, and other annotations on particular sections by Senator Hughes that reveal mental |
| 88 | PDOC_0003199 | Senator Hughes | | Scanned Document from Legislator's Files | | | | | | Legislative | Draft of SB7 committee report, containing comments, notes, and other annotations on particular sections by Senator Hughes that reveal mental |
| 89 | DOC_0000437 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | 87C1_SB7_Draft.pdf | | Legislative | Draft conference committee report of SB7 that contains markings, notes, and comments by Senator Hughes, revealing mental impressions. |
| 90 | DOC_0000438 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | 87C1_SB7_Draft_Part1.pdf | | Legislative | Draft conference committee report of SB7 that contains markings, notes, and comments by Senator Hughes, revealing mental impressions. |

**Table A - Improper Legislative Privilege Claims**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 91 | DOC_0000439 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | 87C1_SB7_Draft_Part2.pdf | Legislative | Draft conference committee report of SB7 that contains markings, notes, and comments by Senator Hughes, revealing mental impressions. |
| 92 | DOC_0000440 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | 87C1_SB7_Draft_Part3.pdf | Legislative | Draft conference committee report of SB7 that contains markings, notes, and comments by Senator Hughes, revealing mental impressions. |
| 93 | DOC_0000441 | Texas Senate | 6/29/2021 | MS Office (2016) Word | | | | | 87C1_SB7_Draft_with_changes.docx | Legislative | Draft of SB7 with notes and edits by Senator Hughes that reveal mental impressions |
| 94 | DOC_0000442 | Texas Senate | 5/30/2021 | MS Office (2016) Word | | | | | CCR Chart of Penalties.docx | Legislative | Chart prepared by staff for Senator Hughes outlining draft of SB7 with notes revealing mental impressions. |
| 95 | DOC_0000443 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | | | | changes.docx | Legislative | Notes and comments regarding possible amendments to SB7 that reveal mental |
| 96 | DOC_0000447 | Texas Senate | 5/29/2021 | MS Office (2016) Word | | | | | Do Not Distribute_HS.docx | Legislative | Notes and comments concerning SB7 prepared for the purpose of considering election legislation, revealing mental impressions. |
| 97 | DOC_0000455 | Texas Senate | 5/29/2021 | MS Office (2016) Word | | | | | SB 7 One-Pager_explanatory hs.docx | Legislative | A draft summary of SB7 that contains notes, track changes, and edits by Senator Hughes and staff, revealing mental impressions. |
| 98 | DOC_0000457 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | | | | SB7 Press Release HS Changes.docx | Legislative | A draft press release prepared for Senator Hughes by staff relating to SB7 that contains notes, track changes, and edits, revealing mental impressions. |
| 99 | DOC_0000458 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | | | | SB7 Press Release HS Changes_v2.docx | Legislative | A draft press release prepared for Senator Hughes by staff relating to SB7 that contains notes, track changes, and edits, revealing mental impressions. |

**Table A - Improper Legislative Privilege Claims**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 100 | DOC_0000462 | Texas Senate | 5/23/2021 | MS Office (2016) Word | | | | | 6 Base 7 v4.0.docx | Legislative | Draft amendment to SB7 for the purposes of the Conference Committee that contains note, track changes, comments, and other markings from Senator Hughes and staff, revealing mental impressions. |
| 101 | DOC_0000463 | Texas Senate | 5/25/2021 | MS Office (2016) Word | | | | | 6 Base 7 v4.0-3_2.docx | Legislative | Draft amendment to SB7 for the purposes of the Conference Committee that contains note, track changes, comments, and other markings from Senator Hughes and staff, revealing mental impressions. |
| 102 | DOC_0000464 | Texas Senate | 5/25/2021 | MS Office (2016) Word | | | | | 6 Base 7 v4.0-3_3.docx | Legislative | Draft amendment to SB7 for the purposes of the Conference Committee that contains note, track changes, comments, and other markings from Senator Hughes and staff, revealing mental impressions. |
| 103 | DOC_0000465 | Texas Senate | 5/25/2021 | MS Office (2016) Word | | | | | 6 Base 7 v4.0-3_4.docx | Legislative | Draft amendment to Senate Bill 7 for the purposes of the Conference Committee that contains note, track changes, comments, and other markings from Senator Hughes and staff. |
| 104 | DOC_0000484 | Texas Senate | 5/12/2021 | MS Office (2016) Word | | | | | SB7 (informal House engrossment) HS edits.docx | Legislative | Draft of CSSB7 that contains annotations, markings, and redlines, revealing legislator's mental impressions. |
| 105 | DOC_0000485 | Texas Senate | 5/12/2021 | MS Office (2016) Word | | | | | SB7 (informal House engrossment).docx | Legislative | Draft of CSSB7 that contains footnotes and redlines, revealing legislator's mental impressions. |
| 106 | DOC_0000486 | Texas Senate | 5/27/2021 | Adobe Acrobat (PDF) | | | | | SB7 5.1.pdf | Legislative | Draft of CSSB7 that contains highlights, markings, and redlines, revealing legislator's mental impressions. |

**App255**

**Table A - Improper Legislative Privilege Claims**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 107 | DOC_0000497 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov); Justin Williamson | ITEM.4.E-MAIL.msg | Attorney Client; Work Product; Legislative | Email bewteen legislative staffers, attached to correspondence between the Texas Legislative Council and legislator's staff, containing proposed language for SB7. |
| 108 | DOC_0000508 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.) ; Justin Williamson | ITEM.4.E-MAIL.msg | Attorney Client; Work Product; Legislative | Correspondence between Texas Legislative Council, legislator's staff, and private attorney that contans drafting instructions, along with notes and comments, revealing mental impressions. |
| 109 | DOC_0000554 | Texas Senate | 3/16/2021 | MS Office (2016) Word | | Representative Cain | | | Defining Observe_Watchers.docx | Legislative | Legislator's typed notes and mental impressions regarding proposed changes to SB7. |
| 110 | DOC_0000555 | Texas Senate | 3/29/2021 | JPEG File Interchange | | | | | Drive Thru & 24 hr Locations Google Maps.jpg | Legislative | Document in legislator's personal file relating to election procedures, revealing mental impressions. |
| 111 | DOC_0000556 | Texas Senate | 3/29/2021 | JPEG File Interchange | | | | | Drive Thru Locations Google Maps.jpg | Legislative | Document in legislator's personal file relating to election procedures, revealing mental impressions. |
| 112 | DOC_0000557 | Texas Senate | 3/29/2021 | Portable Network Graphics Format | | | | | Drive Thru Locations Google Maps.png | Legislative | Document in legislator's personal file relating to election procedures, revealing mental impressions. |
| 113 | DOC_0000563 | Texas Senate | 3/29/2021 | MS Office (2016) Word | | | | | Notes During Committee.docx | Legislative | Typed notes and mental impressions summarizing legislative testimony taken on SB7 and other legislation considered at committee. |
| 114 | DOC_0000576 | Texas Senate | 3/25/2021 | MS Office (2016) Word | | | | | Section by Section Description CSSB 7.docx | Legislative | Legislator's typed section-by-section summary of CSSB7, revealing mental impressions. |
| 115 | DOC_0000603 | Texas Senate | 8/5/2021 | MS Office (2016) Word | | | | | Amendments_QA.docx | Legislative | Notes and talking points, for legislator's use, including a draft Q&A as well as a summary of negotiations with other legislators that reveal mental impresssions. |

App256

**Table A - Improper Legislative Privilege Claims**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 116 | DOC_0000605 | Texas Senate | 7/12/2021 | MS Office (2016) Word | | | | | Assistant_Oath_Memo.docx | Legislative | Legislator's typed notes and mental impressions regarding law surrounding voter |
| 117 | DOC_0000606 | Texas Senate | 10/7/2021 | MS Office (2016) Word | | | | | AZ_Audit_Responses.docx | Legislative | Legislator's typed notes and mental impressions regarding applications to vote by mail and proposed reform. |
| 118 | DOC_0000607 | Texas Senate | 7/27/2021 | Adobe Acrobat (PDF) | | | | | Ballot by Mail Assistance (PDF).pdf | Legislative | Memorandum on voting assistance in the vote-by-mail context which reveals legislator's mental impressions. |
| 119 | DOC_0000628 | Texas Senate | 8/16/2021 | MS Office (2016) Word | | | | | CrenshawQA.docx | Legislative | Notes and talking points, for legislator's use, including draft a Q&A on SB1, that reveal legislator's mental impressions. |
| 120 | DOC_0000629 | Texas Senate | 8/2/2021 | MS Office (2016) Word | | | | | CrenshawQs.docx | Legislative | Notes and talking points, for legislator's use, including draft a Q&A on SB1, that reveal legislator's mental impressions. |
| 121 | DOC_0000640 | Texas Senate | 7/13/2021 | MS Office (2016) Word | | | | | ID Code Sections.docx | Legislative | Typed notes with highlights and markings, prepared for legislator's use, that address cross-referenced statutes in SB1, revealing mental impressions. |
| 122 | DOC_0000655 | Texas Senate | 8/11/2021 | MS Office (2016) Word | | | | | S2FloorAmendment2Layout.docx | Legislative | Notes and bulleted talking points for layout of SB1 floor amendment that reveal legislator's mental impressions. |
| 123 | DOC_0000664 | Texas Senate | 7/9/2021 | MS Office (2016) Word | | | | | SB 1_CouncilDraft_SectionbySection.docx | Legislative | Legislator's typed section-by-section summary of SB1, revealing mental impressions. |
| 124 | DOC_0000665 | Texas Senate | 8/5/2021 | MS Office (2016) Word | | | | | SB 7_CouncilDraft_SectionbySection.docx | Legislative | Legislator's typed section-by-section summary of SB1, revealing mental impressions. |
| 125 | DOC_0000675 | Texas Senate | 7/12/2021 | MS Office (2016) Word | | | | | SB1_Floor_QA.docx | Legislative | Notes and talking points, for legislator's use, including draft a Q&A on SB1, that reveal legislator's mental impressions. |
| 126 | DOC_0000695 | Texas Senate | 7/4/2021 | MS Office (2016) Word | | | | | Election Integrity, Senate Draft_Word (TLR redlined HS comments), July 2021.docx | Legislative | Draft of SB7 that contains comments, markings, and redlines, revealing legislator's mental impressions. |

**Table A - Improper Legislative Privilege Claims**

| 127 | DOC_0000696 | Texas Senate | 7/12/2021 | MS Office (2016) Word | | | | Federal Voting Rights and Assistance.docx | Legislative | Legislator's typed notes and mental impressions regarding law surrounding voter |
|---|---|---|---|---|---|---|---|---|---|---|
| 128 | DOC_0000697 | Texas Senate | 7/8/2021 | MS Office (2016) Word | | | | HB 3 Section by Section.docx | Legislative | Legislator's typed section-by-section summary of HB3, revealing mental impressions. |
| 129 | DOC_0000702 | Texas Senate | 4/13/2019 | MS Office (2016) Word | | | | Author_Amendment_Layout.docx | Legislative | Notes and bulleted talking points for SB9 amendment layout that reveal legislator's mental impressions. |
| 130 | DOC_0000737 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | Hope Shelton (Hughes GC) | Senator Byran Hughes | | IMG_4633.PNG | Legislative | Correspondence between legislator and staff regarding pending legislation on voter assistance. |
| 131 | DOC_0000739 | Texas Senate | 1/12/2022 | JPEG File Interchange | Senator Bryan Hughes | | | IMG_4635.jpg | Legislative | Correspondence between legislator and staff regarding pending legislation on voter assistance. |
| 132 | DOC_0000742 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | Senator Bryan Hughes | | | IMG_4639.PNG | Legislative | Correspondence between legislator and legislative staff regarding pending legislation on voter assistance. |
| 133 | DOC_0000743 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | Senator Bryan Hughes | | | IMG_4640.PNG | Legislative | Correspondence between legislator and legislative staff regarding pending legislation on voter assistance. |
| 134 | DOC_0000747 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | Hope Shelton (Hughes GC) | | | IMG_4611.PNG | Legislative | Correspondence between legislative staffers regarding an internal memorandum on voting assistance laws in Texas. |
| 135 | DOC_0000748 | Texas Senate | 1/12/2022 | JPEG File Interchange | Senator Bryan Hughes | | | IMG_4612.jpg | Legislative | Correspondence between legislator and staff regarding existing voter assistance laws in Texas. |
| 136 | DOC_0000750 | Texas Senate | 1/12/2022 | JPEG File Interchange | Senator Bryan Hughes | | | IMG_4614.jpg | Legislative | Correspondence between legislator and legislative staff regarding existing voter assistance laws in Texas. |
| 137 | DOC_0000755 | Texas Senate | 1/12/2022 | JPEG File Interchange | Senator Bryan Hughes | Drew Tedford(State Affairs Comm. Dir); Jordan Berry; Matt Murdoch (A. Paxton Staffer) | | IMG_4619.jpg | Legislative | Correspondence between legislator and legislative staff regarding pending legislation on voter assistance. |

**Table A - Improper Legislative Privilege Claims**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 138 | DOC_0000756 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | | Senator Bryan Hughes | Drew Tedford(State Affairs Comm. Dir); Jordan Berry; Matt Murdoch; (A. Paxton Staffer) | | IMG-4620.PNG | Legislative | Correspondence between legislator and staff regarding pending legislation on voter assistance. |
| 139 | DOC_0000757 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | | Senator Bryan Hughes | Drew Tedford (State Affairs Comm. Dir); Jordan Berry; Matt Murdoch (A. Paxton Staffer) | | IMG-4621.PNG | Legislative | Correspondence between legislator and legislative staff regarding pending legislation on voter assistance. |

**App259**

**Table B - Legislative Privilege Waived**

| | ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PDOC_0000629 | Representative Cain | | Scanned Document from Legislator's Files | | | | | | Legislative | Report on international voting practices, containing hand-written notes that reveal legislator's mental impressions. |
| 2 | DOC_0000250 | Representative Cain | 2/9/2022 | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged information | Legislative | Analysis of unspecified elections bill, received by legislative staff in a February 9, 2021 email from a third party not employed by the Legislature. This document was kept in Representative Cain's personal file for consideration of election legislation, and it reflects thought processes and mental impressions about pending legislation. |
| 3 | DOC_0000251 | Representative Cain | 2/9/2022 | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged information | Legislative | Analysis of unspecified elections bill, received by legislative staff in a February 9, 2021 email from a third party not employed by the Legislature. This document was kept in Representative Cain's personal file for consideration of election legislation, and it reflects thought processes and mental impressions about pending legislation. |
| 4 | DOC_0000252 | Representative Cain | 2/9/2021 | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged information | Legislative | Analysis of unspecified elections bill, received by legislative staff in a February 9, 2021 email from a third party not employed by the Legislature. This document was kept in Representative Cain's personal file for consideration of election legislation, and it reflects thought processes and mental impressions about pending legislation. |

**App260**

**Table B - Legislative Privilege Waived**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 5 | PDOC_000032 86 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Report provided to Representative Murr's office by organization, and contained in the Representative Murr's personal file for consideration of election legislation that reveals mental impressions. |
| 6 | PDOC_000033 26 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Report provided to Representative Murr's office by organization, and contained in the Representative's personal file for consideration of election legislation that reveals mental impressions. |
| 7 | PDOC_000033 66 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Report provided to Representative Murr's office by organization, and contained in the Representative's personal file for consideration of election legislation that reveals mental impressions. |
| 8 | PDOC_000034 06 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Report provided to Representative Murr's office by organization, and contained in the Representative's personal file for consideration of election legislation that reveals mental impressions. |
| 9 | PDOC_000034 46 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Report provided to Representative Murr's office by organization, and contained in the Representative's personal file for consideration of election legislation that reveals mental impressions. |
| 10 | PDOC_000038 87 | Representative Murr | | Scanned Document from Legislator's Files | | | | | | Legislative | Analysis provided to Representative Murr's office, and contained in the Representative's personal file for consideration of SB1 that reveal mental impressions. |

**App261**

**Table B - Legislative Privilege Waived**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 11 | PDOC_00003889 | Representative Murr | | Scanned Document from Legislator's Files | | | | | Legislative | Analysis provided to Representative Murr's office, and contained in the Representative's personal file for consideration of SB1 that reveal mental impressions. |
| 12 | PDOC_00003940 | Representative Murr | | Scanned Document from Legislator's Files | | | | | Legislative | Legislator's handwritten notes concerning HB3 that reveal mental impressions related to legislation. |
| 13 | DOC_0000822 | Senator Bettencourt | 8/27/2022 | Adobe Acrobat (PDF) | FW: Bucy Amendment to SB1 in the House | Alan Vera | Sonya Aston (Bettencourt GC) | | File name omitted because it contains privileged information | Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| 14 | DOC_0000824 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged information | Legislative; Investigative | Attachment to confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| 15 | DOC_0000834 | Senator Bettencourt | 2/10/2021 | Adobe Acrobat (PDF) | | Bill Sargent | Sonya Aston (Bettencourt GC) | | Bill Sargent email.pdf | Attorney Client; Work Product; Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| 16 | DOC_0000835 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | Changes to SB 7 legislative privilege.pdf | Attorney Client; Work Product; Legislative | Attachment to confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| 17 | DOC_0000840 | Senator Bettencourt | 8/10/2021 | Adobe Acrobat (PDF) | Longoria Untruths and Misleading Statements | Alan Vera | Sonya Aston (Bettencourt GC) | | File name omitted because it contains privileged information | Attorney Client; Work Product; Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |

App262

**Table B - Legislative Privilege Waived**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 18 | DOC_0000845 | Senator Bettencourt | 8/5/2021 | Adobe Acrobat (PDF) | | Alan Vera | Sonya Aston (Bettencourt GC) | | Huckabee article.pdf | Attorney Client; Work Product; Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| 19 | DOC_0000850 | Senator Bettencourt | 8/20/2021 | Adobe Acrobat (PDF) | The rest of Longoria | Alan Vera | Sonya Aston (Bettencourt GC) | | Rest of IL comments email.pdf | Attorney Client; Work Product; Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| 20 | DOC_0000865 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | FW: Alan Vera Complaints - Referral Letters | Alan Vera | Sonya Aston (Bettencourt GC) | | SOS Complaints. pdf | Attorney Client; Work Product; Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| 21 | DOC_0000868 | Senator Bettencourt | 6/11/2021 | Adobe Acrobat (PDF) | TLR/TPPF /HCRP BSC Collaboration | Alan Vera | Sonya Aston (Bettencourt GC) | | File name omitted because it contains privileged information | Attorney Client; Work Product; Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| 22 | DOC_0000869 | Senator Bettencourt | 7/12/2021 | Adobe Acrobat (PDF) | | Sonya Aston (Bettencourt GC) | Sonya Aston (Bettencourt GC) | | File name omitted because it contains privileged information | Attorney Client; Work Product; Legislative | Email forwarding contents of confidential corresponence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. This document was kept in Senator Bettencourt's personal file, revealing his thoughts and mental impressions. |
| 23 | DOC_0000961 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged | Legislative | Presentation contained in Senator Bettcourt's personal file for use in considering election legislation, revealing mental impressions. |

**App263**

**Table B - Legislative Privilege Waived**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 24 | DOC_0000967 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | Senator Paul Bettencourt | Lori Bohannon | | (1)October 6 Letter from Sen. Bettencourt to Wich.pdf | Legislative | Correspondence contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| 25 | DOC_0000968 | Senator Bettencourt | 1/19/2022 | MS Office (2016) Word | | Senator Paul Bettencourt | Lori Bohannon | | (1)October 6 Letter to Wichita Co Clerk re SB 11.docx | Legislative | Communication contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| 26 | DOC_0001000 | Senator Bettencourt | 10/6/2021 | Adobe Acrobat (PDF) | | Senator Paul Bettencourt | | | October 6 Letter from Sen. Bettencourt to Wich.pdf | Legislative | Correspondence contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| 27 | DOC_0001001 | Senator Bettencourt | 10/6/2021 | MS Office (2016) Word | | Senator Paul Bettencourt | | | October 6 Letter to Wichita Co Clerk re SB 11.docx | Legislative | Correspondence contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| 28 | DOC_0001055 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | Poetntial election code violations, please review | Don Barber (Bettencourt Leg. Dir.) | Ryan Fisher (OAG); Benjamin Barkley (Benjamin Barkley (Bettencourt Staffer); Marc Salvato ( Bettencourt COS) | | 2020-08 Potential election code violations, please review (EMAILS).pdf | Attorney Client; Legislative; Investigative | Correspondence from legislator's staff to Office of Attorney General, concerning an election complaint, considered when drafting legislation, revealing legislator's mental impressions. |
| 29 | DOC_0001056 | Senator Bettencourt | 8/8/2020 | Microsoft Outlook Message Mail | FW: Complaint for Forwarding to OAG | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | FW Complaint for Forwarding to OAG.msg | Legislative; Investigative | Correspondence from constituents to legislatior's staff to provide solicited information regarding incidents of voting misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |

**App264**

**Table B - Legislative Privilege Waived**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 30 | DOC_0001057 | Senator Bettencourt | 8/10/2020 | MS Office (2016) Word | | Alan Vera | Don Barber (Sen. Bettencourt's Leg. Dir.); Benjamin Barkley (Sen. Bettencourt's Staffer) | | Anna Eastman Video to Voters.docx | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information regarding incidents of voting misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |
| 31 | DOC_0001058 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | Eastman SOS Complaint.pdf | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information regarding incidents of voting misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |
| 32 | DOC_0001059 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | Eastman voter packet.pdf | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information regarding incidents of voting misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |
| 33 | DOC_0001062 | Senator Bettencourt | 8/8/2020 | Microsoft Outlook Message Mail | FW: Complaint of Voter Fraud | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | FW Complaint of Voter Fraud.msg | Legislative; Investigative | Correspondence from constituents to legislatior's staff to provide solicited information regarding incidents of voting misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |
| 34 | DOC_0001063 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | Mazzapica BBM App.pdf | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information, regarding an elections form, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |

**App265**

**Table B - Legislative Privilege Waived**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 35 | DOC_0001064 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | Mazzapica SOS Comlaint.pdf | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information, containing an elections complaint related to election misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |
| 36 | DOC_0001066 | Senator Bettencourt | 8/8/2020 | Microsoft Outlook Message Mail | This Week's Suspects | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | This Week's Suspects.msg | Legislative; Investigative | Correspondence from constituent to legislator's staff to provide solicited information regarding voting misconduct, kept in Senator Bettencourt's files for use in considering legislation, revealing mental impressions. |
| 37 | DOC_0001067 | Senator Bettencourt | 8/10/2020 | Microsoft Excel 2016 XML File | | | | | Mail Ballots Received.xlsx | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information, related to mail- in ballots, kept in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| 38 | DOC_0001071 | Senator Bettencourt | 9/24/2020 | Adobe Acrobat (PDF) | AG Paxton Announces Joint Prosecution of Gregg County Organized Election | Office of Attorney General | Don Barber (Bettencourt Leg. Dir.) | | 2020-09-24 Texas AG statement, AG filed joint prosecution in election fraud of mail- | Legislative | Correspondence between Office of Attorney General and legislator's staff, contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| 39 | DOC_0001128 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged | Legislative | Report contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |
| 40 | DOC_0001151 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | Best Practices for Achieving Integrity in Voter | Legislative | Report contained in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |

**App266**

**Table B - Legislative Privilege Waived**

| 41 | DOC_0001154 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | File name omitted because it contains privileged | Legislative | Report contained in Senator Bettencourt's personal file for use in considering election legislation revealing mental impressions. |
|---|---|---|---|---|---|---|---|---|---|---|
| 42 | DOC_0000287 | Texas Senate | 11/26/2018 | Microsoft Excel 2016 XML File | | | | Copy of Residential Care Facility Chapter 107 Survey.xlsx | Legislative | Report contained in the personal file of the Select Committee on Election Security, for use in considering election legislaion, revealing mental impressions. |
| 43 | DOC_0000289 | Texas Senate | 5/2/2018 | Adobe Acrobat (PDF) | | Senator Bryan Hughes | Jose Salvador; John Lee Rodriguez; Kathryn Nealy; Kara Sands; Toni Pippins-Poole; Brenda Samples; Lupe Torres | County_Letters.pdf | Legislative | Correspondence from Senator Hughes, on behalf of Select Committee on Election Security, to third party not employed by legislature, soliciting information for use in considering election legislation, revealing mental impressions. |
| 44 | DOC_0000290 | Texas Senate | 5/3/2018 | Adobe Acrobat (PDF) | | Senator Bryan Hughes | Toni Pippins-Poole | Dallas_Co_Letter.pdf | Legislative | Correspondence rom Senator Hughes, on behalf of Select Committee on Election Security, to third party, not employed by legislature, soliciting information for use in considering election legislation, revealing mental impressions. |
| 45 | DOC_0000321 | Texas Senate | 11/14/2018 | Microsoft Outlook Message Mail | FW: Legislative Recommendatio ns | Jonathan White (OAG) | Drew Tedford (State Affairs Comm. Dir). | FW Legislative Recommendations.msg | Attorney Client; Legislative | Correspondence between Drew Tedford, who is Senator Hughes's general counsel, and Jonathan White, the division chief of the Attorney General's election integrity division. The email consists of Mr. White's recommendations and advice to Mr. Tedford concerning pending legislation. |

**Table B - Legislative Privilege Waived**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 46 | DOC_0000329 | Texas Senate | 9/13/2018 | Microsoft Outlook Message Mail | FW: waivers | Keith Ingram (SOS) | Drew Tedford (State Affairs Comm. Dir). | | FW waivers.msg | Legislative | Correspondence between Drew Tedford, who is Senator Hughes's general counsel, and Keith Ingram, the director of the Secretary of State's elections division. The email consists of Mr. Ingram's recommendations and advice to Mr. Tedford concerning pending legislation. |
| 47 | DOC_0000368 | Texas Senate | 5/2/2018 | Adobe Acrobat (PDF) | | Senator Bryan Hughes | Jose Salvador; John Lee Rodriguez; Kathryn Nealy; Kara Sands; Toni Pippins-Poole; Brenda Samples; Lupe Torres | | County_Letters.pdf | Legislative | Correspondence from Senator Hughes, on behalf of Select Committee on Election Security, to third party, soliciting information for use in considering election legislation, revealing mental impressions. |
| 48 | DOC_0000371 | Texas Senate | 5/2/2018 | Microsoft Outlook Message Mail | list | Keith Ingram (SOS) | Drew Tedford (State Affairs Comm. Dir). | | list.msg | Legislative | Correspondence between Drew Tedford, who is Senator Hughes's general counsel, and Keith Ingram, the director of the Secretary of State's elections division for the purpose of seeking advice concerning pending election legislation. |
| 49 | DOC_0000372 | Texas Senate | 5/2/2018 | Microsoft Excel 2013 | | Keith Ingram (SOS) | Drew Tedford (State Affairs Comm. Dir). | | Copy of Complaint Status.xlsx | Legislative | Attachment to correspondence between Drew Tedford, who is Senator Hughes's general counsel, and Keith Ingram, the director of the Secretary of State's elections division for the purpose of seeking advice concerning pending election legislation. |
| 50 | DOC_0000394 | Texas Senate | 5/17/2018 | Microsoft Outlook Message Mail | Request for information | James Palomo | Drew Tedford (State Affairs Comm. Dir). | | Request for information.msg | Legislative | Correspondence between Senator Hughes, on behalf of Select Committee on Election Security, and third party not employed by Legislature, regarding information for use in considering election legislation, revealing mental impressions. |

**App268**

**Table B - Legislative Privilege Waived**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 51 | DOC_0000395 | Texas Senate | 5/17/2018 | Adobe Acrobat (PDF) | | James Palomo | Drew Tedford (State Affairs Comm. Dir). | | 180306 DEM Primary Election Final PctbyPct Ev Mail.pdf | Legislative | Attachment to correspondence between Senator Hughes, on behalf of Select Committee on Election Security, and third party not employed by Legislature, regarding information for use in considering election legislation, revealing mental impressions. |
| 52 | DOC_0000396 | Texas Senate | 5/17/2018 | Adobe Acrobat (PDF) | | James Palomo | Drew Tedford (State Affairs Comm. Dir). | | 180306 REP Primary Election Final PctbyPct Ev Mail_EL52.pdf | Legislative | Attachment to correspondence between Senator Hughes, on behalf of Select Committee on Election Security, and third party not employed by Legislature, regarding information for use in considering election legislation, revealing mental impressions. |
| 53 | DOC_0000397 | Texas Senate | 5/17/2018 | Adobe Acrobat (PDF) | | Senator Bryan Hughes | Toni Pippins-Poole | | Dallas_Co_Letter.pdf | Legislative | Correspondence between Senator Hughes, on behalf of Select Committee on Election Security, and third party not employed by Legislature, regarding information for use in considering election legislation, revealing mental impressions. |
| 54 | DOC_0000449 | Texas Senate | 3/19/2021 | Microsoft Excel 2016 XML File | | | | | EV Poll Bill data by Ed Johnson_Harris Co 2020.xlsx | Legislative | Data gathered by Senator Hughes on behalf of the Select Committee on Election Security for use in considering election legislation. |
| 55 | DOC_0000497 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov); Justin Williamson (Cain COS) | ITEM.4.E-MAIL.msg | Attorney Client; Work Product; Legislative | Email bweteen legislative staffers, attached to correspondence between the Texas Legislative Council and legislator's staff, containing proposed language for SB7. |

**App269**

**Table B - Legislative Privilege Waived**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 56 | DOC_0000501 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney); Tracy Snelson (TLC) | Adam Moses(TLC) ; Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir) ; Alix Morris (Lt.Gov); Hope Shelton (Hughes GC); Justin Williamson (Cain COS) | ITEM.8.E-MAIL.msg | Attorney Client; Work Product; Legislative | Email bewteen legislative staffers, attached to correspondence between the Texas Legislative Council and legislator's staff, containing drafting instructions and proposed language for SB7. |
| 57 | DOC_0000503 | Texas Senate | 5/24/2021 | Microsoft Outlook Message Mail | FW: 6 Base 7 v4.0-3.docx | Alix Morris (Lt. Gov.) | Drew Tedford (State Affairs Comm. Dir). | | FW 6 Base 7 v4 0-3 docx.msg | Legislative | Correspondence between legslator's staff and the Lt. Governor's office regarding draft language for SB7. |
| 58 | DOC_0000504 | Texas Senate | 5/24/2021 | MS Office 12 (2007) Word XML format | | | | | 6 Base 7 v4.0-3.docx | Legislative | Attachment to correspondence between legslator's staff and the Lt. Governor's office that contains a draft of SB7 with comments, markings, and track changes, revealing legislator's mental impressions. |
| 59 | DOC_0000508 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir) Alix Morris (Lt. Gov.) ; Justin Williamson (Cain COS) | ITEM.4.E-MAIL.msg | Attorney Client; Work Product; Legislative | Correspondence between Texas Legislative Council, legislator's staff, and private attorney that contans drafting instructions, along with notes and comments, revealing mental impressions. |
| 60 | DOC_0000512 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney); Tracy Snelson (TLC) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir) Alix Morris (Lt. Gov.); Hope Shelton (Hughes GC); Justin Williamson (Cain COS) | ITEM.8.E-MAIL.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, regarding proposed language for SB7. |

**Table B - Legislative Privilege Waived**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 61 | DOC_0000517 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | Re: SB 7 Changes | Elizabeth Alvarez (Attorney) | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Hope Shelton (Hughes GC); Justin Williamson (Cain COS) | Re SB 7 Changes 2.msg | Attorney Client; Legislative | Correspondence between private attorney and legislator's staff about proposed changes to SB7. |
| 62 | DOC_0000518 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | Re: SB 7 Changes | Elizabeth Alvarez (Attorney) | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Hope Shelton (Hughes GC); Justin Williamson (Cain COS) | Re SB 7 Changes 3.msg | Attorney Client; Legislative | Correspondence between private attorney and legislator's staff about proposed changes to SB7. |
| 63 | DOC_0000519 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Hope Shelton (Hughes GC) | Jessica Hart (Elections Comm. Staffer); Elizabeth Alvarez (Attorney); Tracy Snelson (TLC) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 5.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 64 | DOC_0000520 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney); Tracy Snelson (TLC) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 6.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |

**App271**

**Table B - Legislative Privilege Waived**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 65 | DOC_0000521 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Tracy Snelson (TLC) | Jessica Hart (Election Comm. Staffer); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 7.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 66 | DOC_0000522 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 9.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 67 | DOC_0000523 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Adam Moses (TLC) | Jessica Hart (Elections Comm. Staffer); Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Carey Eskridge (TLC); Drew Tedford (State Affairs Comm Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 10.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 68 | DOC_0000524 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Carey Eskridge (TLC); Drew Tedford (State Affairs Comm Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 11.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 69 | DOC_0000525 | Texas Senate | 5/28/2021 | Adobe Acrobat (PDF) | | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | 87R 30396.pdf | Attorney Client; Work Product; Legislative | Attachment to correspondence between legislator's staff, Texas Legislative Council, and private attorney that contains a draft of SB7, prepared for legislator's use. |

**Table B - Legislative Privilege Waived**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 70 | DOC_0000527 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | Re: start of list | Elizabeth Alvarez (Attorney) | Jessica Hart (Elections Comm. Staffer) | Alix Morris (Lt. Gov.); Drew Tedford (State Affairs Comm. Dir); Hope Shelton (Hughes GC) | Re start of list.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 71 | DOC_0000528 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: start of list | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney) | Alix Morris (Lt. Gov.); Drew Tedford (State Affairs Comm. Dir); Hope Shelton (Hughes GC) | RE start of list 1.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 72 | DOC_0000529 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: start of list | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney) | Alix Morris (Lt. Gov.); Drew Tedford (State Affairs Comm. Dir); Hope Shelton (Hughes GC) | RE start of list 3.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 73 | DOC_0000530 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | Jessica Hart (Elections Comm. Staffer) | | | changes.docx | Attorney Client; Work Product; Legislative | Attachment to correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing typed notes, prepared for Texas Legislative Council, that provide drafting instructions regarding SB7. |
| 74 | DOC_0000531 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: start of list | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney) | Alix Morris (Lt. Gov.); Drew Tedford (State Affairs Comm. Dir); Hope Shelton (Hughes GC) | RE start of list 4.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 75 | DOC_0000532 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | Jessica Hart (Elections Comm. Staffer) | | | changes.docx | Attorney Client; Work Product; Legislative | Attachment to correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing typed notes, prepared for Texas Legislative Council, that provide drafting instructions regarding SB7. |

**Table B - Legislative Privilege Waived**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 76 | DOC_0000533 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: start of list | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney) | Alix Morris (Lt. Gov.); Drew Tedford (State Affairs Comm. Dir); Hope Shelton (Hughes GC) | RE start of list 5.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 77 | DOC_0000534 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | Jessica Hart (Elections Comm. Staffer) | | | changes.docx | Attorney Client; Work Product; Legislative | Attachment to correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing typed notes, prepared for Texas Legislative Council, that provide drafting instructions regarding SB7. |
| 78 | DOC_0000538 | Texas Senate | 5/28/2021 | Adobe Acrobat (PDF) | | | | | 87R 30396.pdf | Legislative | Draft of SB7 prepared by Texas Legislative Counsel for Conference Committee's use. |
| 79 | DOC_0000539 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Carey Eskridge (TLC) | Drew Tedford (State Affairs Comm. Dir); Elizabeth Alvarez (Attorney); Alix Morris (Lt. Gov.); Hope Shelton (Hughes GC); Justin Williamson (Cain COS) | SB 7 Changes 1.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, regarding proposed changes to SB7. |
| 80 | DOC_0000540 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Carey Eskridge (TLC) | Drew Tedford (State Affairs Comm. Dir); Elizabeth Alvarez (Attorney); Alix Morris (Lt. Gov.); Hope Shelton (Hughes GC); Justin Williamson (Caiin COS) | changes.docx | Attorney Client; Work Product; Legislative | Attachment to correspondence between legislator's staff, Texas Legislative Counsil, and private attorney, containing typed notes, prepared for Texas Legislative Council, that provide drafting instructions regarding SB7. |

**App274**

**Table B - Legislative Privilege Waived**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 81 | DOC_0000541 | Texas Senate | 5/29/2021 | Microsoft Outlook Message Mail | SB 7 documents | Drew Tedford (State Affairs Comm. Dir) | Alexander Hammond; Marc Salvato (Bettencourt COS); Anna Barnett; Josh Reyna; Aaron Harris; Carrie Smith; Tara Clements; Peter Einhorn; Margaret Wallace; Amy Lane; Stacey Chamberlin; Luis Moreno; M ll K S C d T | Alix Morris (Lt. Gov.); Hope Shelton (Hughes GC) | SB 7 documents.msg | Legislative | Correspondence between legislators' staff regarding proposed changes to SB7 during reconciliation process. |
| 82 | DOC_0000546 | Texas Senate | 5/25/2021 | Microsoft Outlook Message Mail | Version to Drafters | Elizabeth Alvarez (Attorney) | Jessica Hart (Elections Comm. Staffer); Sloan Byerly (Clardy COS); Alix Morris (Lt. Gov); Drew Tedford (State Affairs Comm. Dir). | | Version to Drafters.msg | Attorney Client; Legislative | Correspondence between private attorney and legislator's staff about proposed changes to SB7. |
| 83 | DOC_0000547 | Texas Senate | 5/25/2021 | Adobe Acrobat (PDF) | | Elizabeth Alvarez (Attorney) | Jessica Hart (Elections Comm. Staffer); Sloan Byerly (Clardy COS); Alix Morris (Lt. Gov.); Drew Tedford (State Affairs Comm. Dir). | | SB7 5.1.pdf | Attorney Client; Work Product; Legislative | Attachment to correspondence between private attorney and legislator's staff containing a draft of SB7 with notes, markings, and track changes that reveal mental impressions. |
| 84 | DOC_0000602 | Texas Senate | 7/26/2021 | MS Office (2016) Word | | | | | ALEC notes.docx | Legislative | Legislator's typed notes and mental impressions regarding structure of Texas election system, citizenship verification, and means of enforcement. |

**Table B - Legislative Privilege Waived**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 85 | DOC_0000619 | Texas Senate | 6/25/2021 | Microsoft Outlook Message Mail | City of Hidalgo 2016 Assistance Fraud | Jonathan White (OAG) | Drew Tedford (State Affairs Comm. Dir). | | City of Hidalgo 2016 Assistance Fraud.msg | Attorney Client; Work Product; Legislative | Correspondence between Office of Attorney General and legislative staff to provide solicited information regarding incidents of voting misconduct, revealing legislator's mental impressions. |
| 86 | DOC_0000624 | Texas Senate | 6/25/2021 | Adobe Acrobat (PDF) | | | | | Angie Cavazos - Sworn Testimony - Highlighted. pdf | Attorney Client; Legislative | Attachment to correspondence between Office and Attorney General to legislatve staff that contains a transcript rom a state court case involving vote fraud and reveals legislator's mental impressions |
| 87 | DOC_0000715 | Texas Senate | 3/16/2019 | Microsoft Outlook Message Mail | Re: Disability Rights Concerns on SB 9 | White, Jonathan (OAG) | Alix Morris (Lt. Gov.) | Drew Tedford | File name omitted because it contains privileged information | Attorney Client; Work Product; Legislative | Correspondence between Office of Attorney General, the Lt. Governor's offfice, and legislative staff, providing legal advice on ADA and HIPPA compliance, that reveal's legislator's mental impressions. |
| 88 | DOC_0000734 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | | Jonathan White (OAG) | | | IMG_4629.P NG | Attorney Client; Work Product; Legislative | Correspondence between legislaor and Office of the Attorney General staff related to solicited information about incidents of voting misconduct, revealing legislator's mental impressions. |
| 89 | DOC_0000740 | Texas Senate | 1/12/2022 | JPEG File Interchange | | | Jonathan White (OAG) | | IMG_4636.jp g | Attorney Client; Legislative | Correspondence between legislaor and Office of the Attorney General staff related to solicited information about incidents of voting misconduct, revealing legislator's mental impressions. |

**App276**

**Table C - Improper ACP and WP Claims**

| | ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | DOC_0000834 | Senator Bettencourt | 2/10/2021 | Adobe Acrobat (PDF) | | Bill Sargent | Sonya Aston (Bettencourt GC) | | Bill Sargent email.pdf | Attorney Client; Work Product; Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| 2 | DOC_0000835 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | Changes to SB 7 legislative privilege.pdf | Attorney Client; Work Product; Legislative | Attachment to confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| 3 | DOC_0000840 | Senator Bettencourt | 8/10/2021 | Adobe Acrobat (PDF) | Longoria Untruths and Misleading Statements | Alan Vera | Sonya Aston (Bettencourt GC) | | File name omitted because it contains privileged information | Attorney Client; Work Product; Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| 4 | DOC_0000845 | Senator Bettencourt | 8/5/2021 | Adobe Acrobat (PDF) | | Alan Vera | Sonya Aston (Bettencourt GC) | | Huckabee article.pdf | Attorney Client; Work Product; Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| 5 | DOC_0000850 | Senator Bettencourt | 8/20/2021 | Adobe Acrobat (PDF) | The rest of Longoria | Alan Vera | Sonya Aston (Bettencourt GC) | | Rest of IL comments email.pdf | Attorney Client; Work Product; Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| 6 | DOC_0000865 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | FW: Alan Vera Complaints - Referral Letters | Alan Vera | Sonya Aston (Bettencourt GC) | | SOS Complaints.pdf | Attorney Client; Work Product; Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| 7 | DOC_0000868 | Senator Bettencourt | 6/11/2021 | Adobe Acrobat (PDF) | TLR/TPPF/HCRP BSC Collaboration | Alan Vera | Sonya Aston (Bettencourt GC) | | File name omitted because it contains privileged information | Attorney Client; Work Product; Legislative | Confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| 8 | DOC_0000869 | Senator Bettencourt | 7/12/2021 | Adobe Acrobat (PDF) | | Sonya Aston (Bettencourt GC) | Sonya Aston (Bettencourt GC) | | File name omitted because it contains privileged information | Attorney Client; Work Product; Legislative | Email forwarding contents of confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. This document was kept in Senator Bettencourt's personal file, revealing his thoughts and mental impressions. |

**App277**

**Table C - Improper ACP and WP Claims**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 9 | DOC_0000321 | Texas Senate | 11/14/2018 | Microsoft Outlook Message Mail | FW: Legislative Recommendations | Jonathan White (OAG) | Drew Tedford (State Affairs Comm. Dir). | | FW Legislative Recommendations.msg | Attorney Client; Legislative | Correspondence between Drew Tedford, who is Senator Hughes's general counsel, and Jonathan White, the division chief of the Attorney General's election integrity division. The email consists of Mr. White's recommendations and advice to Mr. Tedford concerning pending legislation. |
| 10 | DOC_0000501 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney); Tracy Snelson (TLC) | Adam Moses(TLC) ; Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir) ; Alix Morris (Lt.Gov); Hope Shelton (Hughes GC); Justin Williamson (Cain COS) | ITEM.8.E-MAIL.msg | Attorney Client; Work Product; Legislative | Email bewteen legislative staffers, attached to correspondence between the Texas Legislative Council and legislator's staff, containing drafting instructions and proposed language for SB7. |
| 11 | DOC_0000512 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney); Tracy Snelson (TLC) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Hope Shelton (Hughes GC); Justin Williamson (Cain COS) | ITEM.8.E-MAIL.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, regarding proposed language for SB7. |
| 12 | DOC_0000517 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | Re: SB 7 Changes | Elizabeth Alvarez (Attorney) | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Hope Shelton (Hughes GC); Justin Williamson (Cain COS) | Re SB 7 Changes 2.msg | Attorney Client; Legislative | Correspondence between private attorney and legislator's staff about proposed changes to SB7. |
| 13 | DOC_0000518 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | Re: SB 7 Changes | Elizabeth Alvarez (Attorney) | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Hope Shelton (Hughes GC); Justin Williamson (Cain COS) | Re SB 7 Changes 3.msg | Attorney Client; Legislative | Correspondence between private attorney and legislator's staff about proposed changes to SB7. |

**App278**

**Table C - Improper ACP and WP Claims**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | DOC_0000519 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Hope Shelton (Hughes GC) | Jessica Hart (Elections Comm. Staffer); Elizabeth Alvarez (Attorney); Tracy Snelson (TLC) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 5.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 15 | DOC_0000520 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney); Tracy Snelson (TLC) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 6.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 16 | DOC_0000521 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Tracy Snelson (TLC) | Jessica Hart (Election Comm. Staffer); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 7.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 17 | DOC_0000522 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 9.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 18 | DOC_0000523 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Adam Moses (TLC) | Jessica Hart (Elections Comm. Staffer); Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Carey Eskridge (TLC); Drew Tedford (State Affairs Comm Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 10.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 19 | DOC_0000524 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Carey Eskridge (TLC); Drew Tedford (State Affairs Comm Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | RE SB 7 Changes 11.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Council, and private attorney, containing drafting instructions and proposed changes to SB7. |

**App279**

**Table C - Improper ACP and WP Claims**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 20 | DOC_0000525 | Texas Senate | 5/28/2021 | Adobe Acrobat (PDF) | | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.); Justin Williamson (Cain COS) | 87R 30396.pdf | Attorney Client; Work Product; Legislative | Attachment to correspondence between legislator's staff, Texas Legislative Council, and private attorney that contains a draft of SB7, prepared for legislator's use. |
| 21 | DOC_0000527 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | Re: start of list | Elizabeth Alvarez (Attorney) | Jessica Hart (Elections Comm. Staffer) | Alix Morris (Lt. Gov.); Drew Tedford (State Affairs Comm. Dir); Hope Shelton (Hughes GC) | Re start of list 1.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 22 | DOC_0000528 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: start of list | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney) | Alix Morris (Lt. Gov.); Drew Tedford (State Affairs Comm. Dir); Hope Shelton (Hughes GC) | RE start of list 2.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 23 | DOC_0000529 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: start of list | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney) | Alix Morris (Lt. Gov.); Drew Tedford (State Affairs Comm. Dir); Hope Shelton (Hughes GC) | RE start of list 3.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 24 | DOC_0000530 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | Jessica Hart (Elections Comm. Staffer) | | | changes.docx | Attorney Client; Work Product; Legislative | Attachment to correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing typed notes, prepared for Texas Legislative Council, that provide drafting instructions regarding SB7. |
| 25 | DOC_0000531 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: start of list | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney) | Alix Morris (Lt. Gov.); Drew Tedford (State Affairs Comm. Dir); Hope Shelton (Hughes GC) | RE start of list 4.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing drafting instructions and proposed changes to SB7. |
| 26 | DOC_0000532 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | Jessica Hart (Elections Comm. Staffer) | | | changes.docx | Attorney Client; Work Product; Legislative | Attachment to correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing typed notes, prepared for Texas Legislative Council, that provide drafting instructions regarding SB7. |
| 27 | DOC_0000533 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: start of list | Jessica Hart (Elections Comm. Staffer) | Elizabeth Alvarez (Attorney) | Alix Morris (Lt. Gov.); Drew Tedford (State Affairs Comm. Dir); Hope Shelton (Hughes GC) | RE start of list 5.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing drafting instructions and proposed changes to SB7. |

**App280**

**Table C - Improper ACP and WP Claims**

| # | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 28 | DOC_0000534 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | Jessica Hart (Elections Comm. Staffer) | | | changes.docx | Attorney Client; Work Product; Legislative | Attachment to correspondence between legislator's staff, Lt. Governor's office, and private attorney, containing typed notes, prepared for Texas Legislative Council, that provide drafting instructions regarding SB7. |
| 29 | DOC_0000539 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Carey Eskridge (TLC) | Drew Tedford (State Affairs Comm. Dir); Elizabeth Alvarez (Attorney); Alix Morris (Lt. Gov.); Hope Shelton (Hughes GC); Justin Williamson (Cain COS) | SB 7 Changes 1.msg | Attorney Client; Work Product; Legislative | Correspondence between legislator's staff, Texas Legislative Counsil, and private attorney, regarding proposed changes to SB7. |
| 30 | DOC_0000540 | Texas Senate | 5/28/2021 | MS Office (2016) Word | | Jessica Hart (Elections Comm. Staffer) | Adam Moses (TLC); Carey Eskridge (TLC) | Drew Tedford (State Affairs Comm. Dir.); Elizabeth Alvarez (Attorney); Alix Morris (Lt. Gov.); Hope Shelton (Hughes GC); Justin Williamson (Caiin COS) | changes.docx | Attorney Client; Work Product; Legislative | Attachment to correspondence between legislator's staff, Texas Legislative Counsil, and private attorney, containing typed notes, prepared for Texas Legislative Council, that provide drafting instructions regarding SB7. |
| 31 | DOC_0000546 | Texas Senate | 5/25/2021 | Microsoft Outlook Message Mail | Version to Drafters | Elizabeth Alvarez (Attorney) | Jessica Hart (Elections Comm. Staffer); Sloan Byerly (Clardy COS); Alix Morris (Lt. Gov); Drew Tedford (State Affairs Comm. Dir). | | Version to Drafters.msg | Attorney Client; Legislative | Correspondence between private attorney and legislator's staff about proposed changes to SB7. |
| 32 | DOC_0000547 | Texas Senate | 5/25/2021 | Adobe Acrobat (PDF) | | Elizabeth Alvarez (Attorney) | Jessica Hart (Elections Comm. Staffer); Sloan Byerly (Clardy COS); Alix Morris (Lt. Gov); Drew Tedford (State Affairs Comm. Dir). | | SB7 5.1.pdf | Attorney Client; Work Product; Legislative | Attachment to correspondence between private attorney and legislator's staff containing a draft of SB7 with notes, markings, and track changes that reveal mental impressions. |
| 33 | DOC_0000715 | Texas Senate | 3/16/2019 | Microsoft Outlook Message Mail | Re: Disability Rights Concerns on SB 9 | White, Jonathan (OAG) | Alix Morris (Lt. Gov.) | Drew Tedford | File name omitted because it contains privileged information | Attorney Client; Work Product; Legislative | Correspondence between Office of Attorney General, the Lt. Governor's offfce, and legislative staff, providing legal advice on ADA and HIPPA compliance, that reveal's legislator's mental impressions. |
| 34 | DOC_0001055 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | Poetntial election code violations, please review | Don Barber (Bettencourt Leg. Dir.) | Ryan Fisher (OAG); Benjamin Barkley (Benjamin Barkley (Bettencourt Staffer); Marc Salvato ( Bettencourt COS) | | 2020-08 Potential election code violations, please review (EMAILS).pdf | Attorney Client; Legislative; Investigative | Correspondence from legislator's staff to Office of Attorney General, concerning an election complaint, considered when drafting legislation, revealing legislator's mental impressions. |

**App281**

**Table C - Improper ACP and WP Claims**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 35 | DOC_0000734 | Texas Senate | 1/12/2022 | Portable Network Graphics Format | | Jonathan White (OAG) | | IMG_4629.PNG | Attorney Client; Work Product; Legislative | Correspondence between legislaor and Office of the Attorney General staff related to solicited information about incidents of voting misconduct, revealing legislator's mental impressions. |
| 36 | DOC_0000740 | Texas Senate | 1/12/2022 | JPEG File Interchange | | Jonathan White (OAG) | | IMG_4636.jpg | Attorney Client; Legislative | Correspondence between legislaor and Office of the Attorney General staff related to solicited information about incidents of voting misconduct, revealing legislator's mental impressions. |
| 37 | DOC_0000226 | Representativ e Cain | | Adobe Acrobat (PDF) | | | | CSHB2478 by Harris.docx.pdf | Attorney Client; Work Product; Legislative | A draft of CSHB2478, prepared by the Texas Legislative Council, that contains highlights and markings, revealing legislator's mental |
| 38 | DOC_0000497 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov); Justin Williamson (Cain COS) | ITEM.4.E-MAIL.msg | Attorney Client; Work Product; Legislative | Email bewteen legislative staffers, attached to correspondence between the Texas Legislative Council and legislator's staff, containing proposed language for SB7. |
| 39 | DOC_0000508 | Texas Senate | 5/28/2021 | Microsoft Outlook Message Mail | RE: SB 7 Changes | Jessica Hart (Elections Comm. Staffer) | Tracy Snelson (TLC); Hope Shelton (Hughes GC); Elizabeth Alvarez (Attorney) | Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Dir); Alix Morris (Lt. Gov.) ; Justin Williamson (Cain COS) | ITEM.4.E-MAIL.msg | Attorney Client; Work Product; Legislative | Correspondence between Texas Legislative Council, legislator's staff, and private attorney that contans drafting instructions, along with notes and comments, revealing mental impressions. |
| 40 | DOC_0000619 | Texas Senate | 6/25/2021 | Microsoft Outlook Message Mail | City of Hidalgo 2016 Assistance Fraud | Jonathan White (OAG) | Drew Tedford (State Affairs Comm. Dir). | | City of Hidalgo 2016 Assistance Fraud.msg | Attorney Client; Work Product; Legislative | Correspondence between Office of Attorney General and legislative staff to provide solicited information regarding incidents of voting misconduct, revealing legislator's mental impressions. |
| 41 | DOC_0000477 | Texas Senate | 5/12/2021 | MS Office (2016) Word | | | | | SB 7 House Engrossed TABLE.docx | Attorney Client; Work Product; Legislative | Comparison chart, prepared for by general counsel legislator's use at Conference Committee, summarizing changes made to SB7, revealing legislator's mental impressions. |

**Table D - Improper Claims of Investigative Privilege**

| | ID Number | Custodian | Date | Application | Subject | Author | To | CC | Filename | Claim | Privilege Statement |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | DOC_0000824 | Senator Bettencourt | 1/19/2022 | Adobe Acrobat (PDF) | | | | | File name omitted because it contains privileged information | Legislative; Investigative | Attachment to confidential correspondence between legislator's attorney and non-legislative third-party, part of a pre-existing relationship, for the purpose of considering pending legislation. |
| 2 | DOC_0001055 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | Poetntial election code violations, please review | Don Barber (Bettencourt Leg. Dir.) | Ryan Fisher (OAG); Benjamin Barkley (Benjamin Barkley (Bettencourt Staffer); Marc Salvato ( Bettencourt COS) | | 2020-08 Potential election code violations, please review (EMAILS).pdf | Attorney Client; Legislative; Investigative | Correspondence from legislator's staff to Office of Attorney General, concerning an election complaint, considered when drafting legislation, revealing legislator's mental impressions. |
| 3 | DOC_0001056 | Senator Bettencourt | 8/8/2020 | Microsoft Outlook Message Mail | FW: Complaint for Forwarding to OAG | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | FW Complaint for Forwarding to OAG.msg | Legislative; Investigative | Correspondence from constituents to legislator's staff to provide solicited information regarding incidents of voting misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |

**Table D - Improper Claims of Investigative Privilege**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 4 | DOC_0001057 | Senator Bettencourt | 8/10/2020 | MS Office (2016) Word | | Alan Vera | Don Barber (Sen. Bettencourt's Leg. Dir.); Benjamin Barkley (Sen. Bettencourt's Staffer) | | Anna Eastman Video to Voters.docx | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information regarding incidents of voting misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |
| 5 | DOC_0001058 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | Eastman SOS Complaint.pdf | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information regarding incidents of voting misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |
| 6 | DOC_0001059 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | Eastman voter packet.pdf | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information regarding incidents of voting misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |
| 7 | DOC_0001062 | Senator Bettencourt | 8/8/2020 | Microsoft Outlook Message Mail | FW: Complaint of Voter Fraud | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | FW Complaint of Voter Fraud.msg | Legislative; Investigative | Correspondence from constituents to legislatior's staff to provide solicited information regarding incidents of voting misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |

**App284**

**Table D - Improper Claims of Investigative Privilege**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 8 | DOC_0001063 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | Mazzapica BBM App.pdf | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information, regarding an elections form, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |
| 9 | DOC_0001064 | Senator Bettencourt | 8/10/2020 | Adobe Acrobat (PDF) | | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | Mazzapica SOS Comlaint.pdf | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information, containing an elections complaint related to election misconduct, kept in Senator Betten Court's files for use in considering legislation, revealing mental impressions. |
| 10 | DOC_0001066 | Senator Bettencourt | 8/8/2020 | Microsoft Outlook Message Mail | This Week's Suspects | Alan Vera | Don Barber (Bettencourt Leg. Dir.); Benjamin Barkley (Bettencourt Staffer) | | This Week's Suspects.msg | Legislative; Investigative | Correspondence from constituent to legislator's staff to provide solicited information regarding voting misconduct, kept in Senator Bettencourt's files for use in considering legislation, revealing mental impressions. |
| 11 | DOC_0001067 | Senator Bettencourt | 8/10/2020 | Microsoft Excel 2016 XML File | | | | | Mail Ballots Received.xlsx | Legislative; Investigative | Attachment to correspondence from constituents, providing solicited information, related to mail- in ballots, kept in Senator Bettencourt's personal file for use in considering election legislation, revealing mental impressions. |

**App285**