# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREGORY W. ABBOTT, *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § | Case No. 5:21-cv-844-XR <br> [Lead Case] |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOHN SCOTT, *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § | Case No. 1:21-cv-786 <br> [Consolidated Case] |

# EXHIBIT E

# WRITTEN DISCOVERY TO LULAC PLAINTIFFS

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> GREGORY W. ABBOTT, *et al.*, <br> *Defendants.* | § § § § § § § § | Case No. 5:21-cv-844-XR |
| OCA-GREATER HOUSTON, *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> JOHN SCOTT, *et al,*. <br> *Defendants.* | § § § § § § § § | Case No. 1:21-cv-780-XR |
| HOUSTON JUSTICE, *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> GREGORY WAYNE ABBOTT, *et al.*, <br> *Defendants.* | § § § § § § § § | Case No. 5:21-cv-848-XR |
| LULAC TEXAS, *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> JOHN SCOTT, *et al.*, <br> *Defendants.* | § § § § § § § § | Case No. 1:21-cv-0786-XR |
| MI FAMILIA VOTA, *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br> *Defendants.* | § § § § § § § § § | Case No. 5:21-cv-0920-XR |

# STATE DEFENDANTS'
# FIRST SET OF REQUESTS FOR ADMISSION, REQUESTS FOR PRODUCTION, AND INTERROGATORIES

**TO:** LULAC Texas, Voto Latino, Texas Alliance for Retired Americans, and Texas AFT, by and through counsel, John R. Hardin, Perkins Coie, 500 North Akard Street, Suite 3300, Dallas, Texas 75201-3347.

The State Defendants serve this First Set of Requests for Admission, Requests for Production, and Interrogatories to Plaintiffs pursuant to the Federal Rules of Civil Procedure. Plaintiffs must serve their responses upon the undersigned counsel within thirty days. Plaintiffs must supplement their responses as required by the Federal Rules of Civil Procedure and any orders entered by the Court.

Date: January 22, 2022                            Respectfully submitted.

KEN PAXTON                                        /s/ Patrick K. Sweeten
Attorney General of Texas                         PATRICK K. SWEETEN
                                                  Deputy Attorney General for Special Litigation
BRENT WEBSTER                                     patrick.sweeten@oag.texas.gov
First Assistant Attorney General                  Tex. State Bar No. 00798537

                                                  WILLIAM T. THOMPSON
OFFICE OF THE ATTORNEY GENERAL                    Deputy Chief, Special Litigation Unit
P.O. Box 12548 (MC-009)                           will.thompson@oag.texas.gov
Austin, Texas 78711-2548                          Tex. State Bar No. 24088531
Tel.: (512) 463-2100
Fax: (512) 457-4410                               ERIC A. HUDSON
                                                  Senior Special Counsel
                                                  eric.hudson@oag.texas.gov
                                                  Tex. Bar No. 24059977

                                                  KATHLEEN T. HUNKER
                                                  Special Counsel
                                                  kathleen.hunker@oag.texas.gov
                                                  Tex. State Bar No. 24118415

                                                  LEIF A. OLSON
                                                  Special Counsel
                                                  leif.olson@oag.texas.gov
                                                  Tex. State Bar No. 24032801

                                                  JEFFREY M. WHITE
                                                  Special Counsel
                                                  jeff.white@oag.texas.gov
                                                  Tex. State Bar No. 24064380

JACK B. DISORBO
Assistant Attorney General
jack.disorbo@oag.texas.gov
Tex. State Bar No. 24120804

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

      I certify that a true and accurate copy of the foregoing document was served in compliance with the Federal Rules of Civil Procedure upon the following via electronic mail on January 22, 2022:

| | |
|---|---|
| John R. Hardin<br>PERKINS COIE LLP<br>500 North Akard Street, Suite 3300<br>Dallas, Texas 75201-3347<br>johnhardin@perkinscoie.com | Jonathan P. Hawley<br>ELIAS LAW GROUP LLP<br>1700 Seventh Avenue, Suite 2100<br>Seattle, Washington 98101<br>jhawley@elias.law |
| Marc E. Elias<br>Uzoma N. Nkwonta<br>Kathryn E. Yukevich<br>Joseph N. Posimato<br>Meaghan E. Mixon<br>ELIAS LAW GROUP LLP<br>10 G Street NE, Suite 600<br>Washington, D.C. 20002<br>melias@elias.law<br>unkwonta@elias.law<br>kyukevich@elias.law<br>jposimato@elias.law<br>mmixon@elias.law | Domingo Garcia<br>LAW OFFICE OF DOMINGO GARCIA PC<br>1111 West Mockingbird Lane, Suite 1200<br>Dallas, Texas 75247-5012<br>dgarcia@lulac.org<br><br>Luis Roberto Vera, Jr.<br>407 West Ware Boulevard<br>San Antonio, Texas 78221<br>lrvlaw@sbcglobal.net |

                                                  */s/ Patrick K. Sweeten*
                                                  PATRICK K. SWEETEN

# DEFINITIONS

The following words have the meanings set forth below, unless the context indicates otherwise:

1. "Plaintiff," "you," and "your" refers to LULAC Texas, Voto Latino, Texas Alliance for Retired Americans, or Texas AFT, and any representative acting or purporting to act on their behalf, including but not limited to employees, attorneys, consultants, agents, and any other representative.

2. "State Defendants" refers to the Texas Office of the Attorney General, the Office of the Governor of Texas, and the Office of the Secretary of State of Texas, and their employees, representatives, and agents.

3. "Document" means any writing of any kind, source, or authorship, regardless of how it may be recorded, stored, or reproduced. The term includes both originals and all non-identical copies thereof, as well as all drafts, revisions, and amendments, regardless of whether adopted. The term also includes but is not limited to handwritten, typewritten, printed, photocopied, photographic, and electronically recorded matter. For purposes of illustration and not limitation, the term includes: contracts, agreements, communications, reports, charges, complaints, correspondence, letters, emails, social media postings, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, journals, diaries, schedules, charts, graphs, worksheets, spreadsheets, reports, notebooks, note charts, handwritten notes, plans, drawings, sketches, maps, brochures, pamphlets, advertisements, circulars, press releases, summaries or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, affidavits, schedules, audio recordings, video recordings, transcriptions, and photographs.

4. "Statement" means any written or graphic assertion or representation signed, adopted, or approved by the person making it, or any stenographic, mechanical, electronic, or other record or transcription that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

5. "Communication" means any conveyance or transfer of any information from one person to another by any means or in any form, including but not limited to all types of documents, oral communications, and online resources such as social media.

6. "Lawsuit" means *LULAC Texas, et al. v. Jose Esparza, et al.*, Case No. 1:21-cv-000786 W.D. Tex.).

7. "Identify" when referring:

    a. to a person, means to state the person's full name, present or last known address, telephone number, and email address;

    b. to an organization or entity, means to state its full name, present or last known address, telephone number, fax number, and email address;

    c.      to a document, means to describe its contents; to identify when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody, or control of the document;

    d.      to a statement or communication, means to describe its contents; to identify when, where, and how it was made; to identify who made it and who was present when it was made; and to identify who has present or last known possession, custody, or control of any recording of the statement or communication;

    e.      to a social media account, means to provide the username of the account, identify all persons who control or have access to the account, provide the date on which the account was created, and describe whether the account is still in existence and/or in use.

8. "Regarding," "Relating to," or "Pertaining to" shall mean in any way concerning, constituting, analyzing, discussing, describing, considering, modifying, amending, confirming, endorsing, evidencing, representing, supporting, substantiating, qualifying, negating or refuting, unless qualified by word of limitation.

9. All terms are to be interpreted in accordance with their normal usage in the English language. If there is any confusion over the meaning of a term, the responding party should refer to the definitions found at https://www.merriam-webster.com/dictionary.

## INSTRUCTIONS

1. The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all responses that might otherwise be construed outside its scope.

2. The connectives "and" and "or" and the phrase "and/or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of each Request all responses that might otherwise be construed outside its scope. The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each Request all responses that might otherwise be construed outside its scope.

3. If you object to production or disclosure of material or information as privileged, you are instructed, pursuant to Fed. R. Civ. P. 26(b)(5), to: (1) state that material or information responsive to the Request has been withheld from production or disclosure; (2) identify the Request to which the material or information relates; (3) describe the nature of the material or information not produced or disclosed; and (4) state the objection or privilege asserted.

4. These Requests are continuing and require reasonable supplementation of your responses if you, your attorneys, or any other person acting on your behalf obtains further information or documents between the time of your initial responses and the time of trial. Any documents or information obtained pursuant to these Requests may be used in evidence at trial.

5. If any document or information requested is unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or any other reason, describe the nature of the document or information, the substantive content of the document or information, the last known person to have possession of the document or information, and the circumstances surrounding the destruction or loss of the document or information.

## REQUESTS FOR INTERROGATORIES

**Interrogatory No. 1:** Identify each Texas Election Code provision that Senate Bill 1 amended or added to the Texas Election Code and that you are challenging by the relevant section number of each Texas Election Code provision.

**RESPONSE:**

**Interrogatory No. 2:** If you contend that you have been injured by any of the Texas Election Code provisions identified in Interrogatory No. 1, for each plaintiff:

   **A.** State the facts that support your contention; and

   **B.** Identify all documents that support your contention.

**RESPONSE:**

**Interrogatory No. 3:** If you contend that you have to divert time, money, or resources from other activities because of any of the provisions you identified in Interrogatory No. 1, for each plaintiff:

   **A.** Identify the time, money, or resources that you have diverted in response to Senate Bill 1:

   **B.** Identify the time, money, or resources that you anticipate diverting in responses to Senate Bill 1;

   **C.** State the facts that support your contention that you have or will divert time, money, or resources, that you have or will divert in response to Senate Bill 1;

   **D.** Identify all documents that support your contentions.

**RESPONSE:**

**Interrogatory No. 4: For each plaintiff, identify:**

   **A.** Each provision of Senate Bill 1 that you contend "specifically targets" and "disproportionately burdens" plaintiffs or their members;

   **B.** All forms of assistance that you contend are no longer available because of provisions of Senate Bill 1 you identified in response to Interrogatory No. 1;

   **C.** State the facts that support your contentions;

   **D.** Identify all documents that support your contentions.

**RESPONSE:**

**Interrogatory No. 5:** Please identify and describe with specificity each form of affirmative relief which you seek from each defendant through this Lawsuit.

**RESPONSE:**

**Interrogatory No. 6:** If you seek mandatory injunctive relief through this Lawsuit, please identify and describe with specificity, by plaintiff, each omission that you content each Defendant should be enjoined to perform to resolve each claim you have alleged against the Defendants in this Lawsuit.

**RESPONSE:**

**Interrogatory No. 7:** If you seek prohibitive injunctive relief through this Lawsuit, please identify and describe with specificity each action that you content each Defendant should be enjoined from performing to resolve each claim you have alleged against each Defendant in this Lawsuit.

**RESPONSE:**

**Interrogatory No. 8:** If you contend that "SB 1 . . . targets the very measures that communities of color disproportionately relied on to increase turnout in 2020 and other recent elections" as described in ECF 136 ¶ 10, for each plaintiff:

- **A.** Identify the "measures" that "communities of color disproportionately relied" upon to vote in 2020;

- **B.** State the "measures" you contend have been eliminated by the provisions of Senate Bill 1 you identified in response to Interrogatory No. 1;

- **C.** State the burdens you allege that "communities of color" will face as a result; and,

- **D.** Identify all documents that support your contentions.

## REQUESTS FOR ADMISSION

**Request for Admission No. 1:** Admit that Senate Bill 1 was offered as a measure to ensure election integrity in Texas.

**RESPONSE:**

**Request for Admission No. 2:** Admit that Senate Bill 1 was signed into law by the Governor on September 1, 2021.

**RESPONSE:**

**Request for Admission No. 3:** Admit that Senate Bill 1 became effective on December 2, 2021.

**RESPONSE:**

**Request for Admission No. 4:** Admit that Senate Bill 1 was passed during a Special Session of the Texas Legislature in 2021.

**RESPONSE:**

**Request for Admission No. 5:** Admit that the Texas Legislature passed legislation authorizing an early voting period for the first time in 1985. *See* Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

**RESPONSE:**

**Request for Admission No. 6:** Admit that Harris County, Texas, created drive-thru voting in 2020. *See* Harris County Election, "Drive Thru Voting," *available at* https://harrisvotes.com/drivethruvoting (last visited Nov. 17, 2021).

**RESPONSE:**

**Request for Admission No. 7:** Admit that Governor Abbott's 2020 proclamations expanded the options for Texans to vote in-person early or to vote by absentee ballot.

**RESPONSE:**

**Request for Admission No. 8:** Admit that Governor Abbott's 2020 proclamations extended the ballot hand-delivery option to include hand-delivery before and on election day.

**RESPONSE:**

**Request for Admission No. 9:** Admit that Texas has allowed election observers since 1985. Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:** Produce all documents identified in response to Interrogatory No. 2.

**RESPONSE:**

**Request for Production No. 2:** Produce all documents identified in response to Interrogatory No. 3.

**RESPONSE:**

**Request for Production No. 3:** Produce all documents identified in response to Interrogatory No. 4.

**RESPONSE:**

**Request for Production No. 4:** Produce all documents identified in response to Interrogatory No. 8.

**RESPONSE:**

**Request for Production No. 5:** For each organizational plaintiff, produce all documents that contain information tending to substantiate the allegation that you have members with disabilities.

**RESPONSE:**

**Request for Production No. 6:** All documents received in response to requests under Rule 45 of the Federal Rules of Civil Procedure.

**RESPONSE:**

**Request for Production No. 7:** All documents pertaining to the claims asserted by you that you have received in response to a request under the Texas Public Information Act.

**RESPONSE:**

**Request for Production No. 8:** For each organizational plaintiff, produce all documents tending to substantive the allegation that you will have to divert time, money, or resources because of Senate Bill 1.

**RESPONSE:**

**Request for Production No. 9:** All written communication by the following plaintiffs and members of plaintiffs' boards, executive committees, and staff pertaining to the claims and allegations forming the basis of this Lawsuit from January 1, 2021, to the present including, but not limited to:

| | |
|---|---|
| Domingo Garcia | Ingrid Duran |
| Roger Rocha | Brandon Hernandez |
| Richard Estrada, III | María Teresa Kumar |
| Sindy Benavides | Eve Maldonado O'Toole |
| Lisa Smith | Brian Stansbury |
| Roman Palomares | Rosario Dawson |
| Eric Cedillo | America Ferrara |
| Summer Gonzales | Wilmer Valderrama |
| Ray Mancera | Alfredo Vidal |
| Ray Velarde, Esq. | María Teresa Kumar |
| Richard Roybal | Ameer Patel |
| David Cruz | Galilea Martinez |
| Regla Gonzalez | Germán Partida |
| Rudy Rosales | Lizet Ocampo |
| Jesse Garcia | Lydia Schwartz |
| Rubén A. D'Acosta Lugo MD | Norberto Briceño |
| Caroline Sanchez Crozier | Robert San Soucie |
| Maritza Bosques | Rick Levy |
| Jorge Trasmonte | Leonard Aguilar |
| Sara Clemente | Emily Amps |
| Enid S. Jimenez | Ed Sills |
| Berta Villatoro | Lorraine Montemayor |
| Aileen Marquez | Madison White |
| Dario J. Pantosin | Zeph Capo |
| Jennifer Reyes | Ray McMurrey |
| William Moreno | |
| Viviana Calderon | |
| Guadalup Morales | |
| Sandra Caraveo | |

**Request for Production No. 10:** All written communications by you pertaining to the claims and allegations forming the basis of this Lawsuit from January 1, 2021, to the present.

**RESPONSE:**

**Request for Production No. 11:** A privilege log containing all information required by the Federal Rules of Civil Procedure for each document you have withheld based upon any privilege you claim applies.

**RESPONSE:**

**Request for Production No. 12:** All documents that report, describe, summarize, analyze, discuss, or comment upon voting practices by plaintiffs or their members in the State of Texas.

**RESPONSE:**

**Request for Production No. 13:** All documents that set forth, report, describe, summarize, analyze, discuss, or comment on plaintiffs' methods, channels, strategies, means, or policies of assisting voters in the State of Texas.

**RESPONSE:**

**Request for Production No. 14:** All documents that set forth, report, describe, summarize, analyze, discuss, or comment on plaintiffs' methods, channels, strategies, means, or policies designed to mitigate burdens on voting in the State of Texas.

**RESPONSE:**

**Request for Production No. 15:** All documents that set forth, report, describe, summarize, analyze, discuss, or comment on the efficacy of plaintiffs' methods, channels, strategies, means, or policies designed to mitigate burdens on voting in the State of Texas.

**RESPONSE:**