# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br><br>    *Plaintiffs*, <br><br>v. <br><br>GREGORY W. ABBOTT, *et al.*, <br><br>    *Defendants*. | § § § § § § § § § § | Case No. 5:21-cv-844-XR <br> [Lead Case] |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br>    *Plaintiffs*, <br><br>v. <br><br>JOHN SCOTT, *et al.*, <br><br>    *Defendants*. | § § § § § § § § § § § § | Case No. 1:21-cv-786 <br> [Consolidated Case] |

**EXHIBIT G**

**DECLARATION OF SENATOR BRYAN HUGHES**

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § § § | Case No. 5:21-cv-00844 <br> [Lead Case] |
| HOUSTON AREA URBAN LEAGUE, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § § § | Case No. 5:21-cv-00848 <br> [Consolidated Case] |

## DECLARATION OF SENATOR BRYAN HUGHES

Pursuant to 28 U.S.C. § 1746, I, Bryan Hughes, declare under penalty of perjury that the foregoing is true and correct.

1. My name is Bryan Hughes. I am the elected representative for District 1 of the Texas Senate. I have held that office since January of 2017. I previously was a member of the Texas House of Representatives from January of 2003 to January of 2017.

2. In connection with the consolidated cases *La Unión del Pueblo Entero v. Abbott*, No. 5:21-cv-844 (W.D. Tex.), I received a subpoena *duces tecum* from the LULAC plaintiffs. I understand that the LULAC plaintiffs have objected to my attorneys' withholding of several documents that were collected from my office.

3. As my attorneys have indicated, I intend to assert the legislative privilege, attorney-client privilege, work-product privilege, the investigative privilege, and any applicable privileges to the greatest extent allowable by law. This declaration confirms the assertions my attorneys made on my behalf in the privilege log they sent to plaintiffs. The references to *entries* and *tables* mean the same entries and tables listed in plaintiffs' compilation of objections to privilege assertions. *See* ECF 392 at App 244–85.

1

4. The entries listed below refer to notes prepared by myself or members of my staff relating to SB1, or other election integrity legislation considered during sessions of the 87th Legislature, as indicated in the privilege log. These notes reflect my mental impressions regarding their subject, and are intended to be strictly confidential.

    - *See* Table A, Entries 47–53, 59, 61–65, 69, 76–77, 95–97, 109, 113–17, 123–24, 127–28

5. The entries listed below refer to reports, analyses, or memoranda that my office retained, as indicated in the privilege log. In the course of my legislative duties, I receive reports and analyses from many different groups. I choose to retain some of these reports and analyses as part of my process for gathering facts for, considering, and formulating SB1, or other election integrity legislation considered during sessions of the 87th Legislature, although in doing so I do not necessarily agree or disagree with the substantive assertions they make. For instance, my office retained a memorandum on the general subject of voting assistance for voting by mail. *See* Table A, Entry 118; DOC_0000607. Another report refers to services provided to residential care facilities. *See* Table B, Entry 42; DOC_0000286. These reports are authored by a variety of organizations. In addition, some of the relevant documents contain annotations made by myself or members of my staff, which reflect our mental impressions regarding the report or analysis at issue.

    - *See* Table A, Entry 118, Table B, Entry 42.

6. The entries listed below refer to drafts of bills relating to election integrity, draft amendments, draft committee substitutes, draft conference committee reports, or summaries of such drafts, as indicated in the privilege log. Some of the relevant documents contain annotations made by myself or members of my staff, which reflect our mental impressions regarding the report or analysis at issue. My staff and I prepared these draft documents as part of my process for considering and formulating SB1, or other election integrity legislation considered during sessions of the 87th Legislature. They directly relate to sections and provisions that were considered for such legislation. I do not necessarily think that any such draft, section, or provision is good or bad policy or should or should not have been incorporated into what ultimately became Senate Bill 1.

    Some of the bill drafts described above were prepared in consultation with the Texas Legislative Council. TLC provides legal advice and other services in connection with the drafting and analysis of proposed legislation. In that regard, I understand that there is an attorney-client relationship between my office and TLC.

    - *See* Table A, Entries 54–58, 60–61, 66–68, 70–72, 73, 86–93, 100–06, 126.

7. The entries listed below refer to charts and comparisons of provisions of different drafts of election integrity legislation, as indicated in the privilege log. These documents compare different sections and provisions, and were prepared for the purpose of helping me understand the substance and organization of the different election integrity bill, as part of my process for gathering facts for, considering, and formulating

SB1, or other election integrity legislation considered during sessions of the 87th Legislature. Some of these comparisons contain cross references to the portion of the Texas Election Code that would be amended by the particular section or provision at issue. These comparisons are intended to be strictly confidential, and reveal my mental impressions regarding the drafts, sections, and provisions at issue.

- *See* Table A, Entries 73, 78–85, 94.

8. The entries listed below refer to data that my office collected in connection with my process for gathering facts for, considering, and formulating SB1, or other election integrity legislation considered during sessions of the 87th Legislature, as indicated in the privilege log. My office collected a variety of data from a variety of sources, though it all generally pertains to and aids my formulation and consideration of election integrity legislation. For instance, some data pertains to the general subject of drive-through voting. *See* Table A, Entries 110–12; DOC_0000555 to DOC_0000557. These data are intended to be strictly confidential, and reveal my mental impressions regarding the election integrity topic to which they pertain.

- *See* Table A, Entries 75, 110–12, Table B, Entry 54.

9. The entries listed below refer to communications with my staff or third parties, and related attachments, as indicated in the privilege log. For those entries, the communications and any related documents reflect confidential information and advice provided for the purpose of informing my legislative activities.

Some of these entries include communications with employees from the Texas Legislative Council. TLC provides legal advice and other services in connection with the drafting and analysis of proposed legislation. In that regard, I understand that there is an attorney-client relationship between my office and TLC.

Some communications were made for the purpose of gathering facts and data relating to election integrity legislation. Some communications were made for the purpose of receiving legal advice relating to the formulation and consideration of election integrity legislation. Other communications were made for the purpose of formulation, considering, or discussing drafts, sections, or provisions of election integrity legislation. And some communications were made for multiple purposes. But for all such communications, I can confirm that my communications with the following persons listed on the privilege log were made for the purpose of gathering facts relating to, and formulating and considering election integrity legislation, and with the understanding that such communications would be confidential:

- Jessica Hart. Staffer for the House Elections Committee.
- Tracy Snelson. Employee for the Texas Legislative Council.
- Adam Moses. Employee for the Texas Legislative Council.
- Carey Eskridge. Employee for the Texas Legislative Council.
- Drew Tedford. Director of the Senate Committee on State Affairs and general counsel to myself.
- Alix Morris. Deputy general counsel to the Lieutenant Governor.

- Representative Briscoe Cain.
- Justin Williamson. Chief of staff to Representative Briscoe Cain.
- Matt Murdoch. Staffer for Senator Angela Paxton.
- Alexander Hammond. Chief of staff to Senator Carol Alvarado.
- Marc Salvato. Chief of staff to Senator Paul Bettencourt.
- Anna Barnett. Former chief of staff to Senator Brian Birdwell.
- Josh Reyna. Chief of staff to Representative César Blanco.
- Aaron Harris. Former chief of staff to Senator Dawn Buckingham.
- Carrie Smith. Chief of staff to Senator Donna Campbell.
- Tara Clements. Chief of staff to Senator Brandon Creighton.
- Peter Einhorn. Chief of staff to Senator Sarah Eckhardt.
- Margaret Wallace. Chief of staff to Senator Roland Gutierrez.
- Amy Lane. Chief of staff to Senator Bob Hall.
- Stacey Chamberlin. Chief of staff to Senator Kelly Hancock.
- Luis Moreno. Chief of staff to Senator Juan "Chuy" Hinojosa.
- Sloan Byerly. Chief of staff to Representative Travis Clardy.
- Hope Shelton. My general counsel.
- Jordan Berry. Employed by myself for communications.
- Elizabeth Álvarez-Bingham. An attorney working on election integrity legislation. I understand that Ms. Álvarez-Bingham provided legal advice regarding election integrity legislation to myself and other members of the legislature.
- Jose Salvador. Elections Administrator for Webb County.
- John Lee. Interim Elections Administrator for Starr County.
- Kathryn Nealy. Elections Administrator for Gregg County.
- Kara Sands. County Clerk for Nueces County.
- Toni Pippins-Poole. Elections Administrator for Dallas County.
- James Palomo. Assistant District Attorney for Dallas County.
- Brenda Samples. Tax Assessor-Collector for Kaufman County.
- Lupe Torres. Elections Administrator for Medina County.
- Jonathan White. Chief, Elections integrity division, Texas Attorney General.
- Keith Ingram. Director, Elections division, Texas Secretary of State.

Although I may agree or disagree with the positions taken by people providing me information and advice, I engage in those communications to help me perform my role as a legislator.

- *See* Table A, Entries 107–08, 130–39, Table B, Entries 43–53, 55–89, Table C, Entries 9–36, 38–41.

10. The entries listed below refer to draft scripts, talking points, press releases, or comments, as indicated in the privilege log. These are documents that summarize or set forth the topics intended to discuss, or was considering discussing, when introducing, presenting, discussing, or asking questions about legislation in committee, on the Senate floor, or in question-and-answer sessions as to SB1, or other election integrity legislation considered during sessions of the 87th Legislature. These documents are strictly confidential and reveal my mental impressions regarding the particular subject and legislation at issue.

- *See* Table A, Entry 65, 77, 98–99, 119–22, 125, 129

11. I gave a deposition in connection with this litigation on Thursday, April 19, 2022. All parties to these consolidated lawsuits were entitled to appear and ask questions. No attorney asked me any questions relating to the privilege log produced by my counsel respecting the documents withheld in connection with the subpoena issued to me. In addition, to my knowledge, no attorney representing the LULAC plaintiffs asked me any questions at all.

Executed on May 8, 2022

Bryan Hughes