# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREGORY W. ABBOTT, *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § | Case No. 5:21-cv-844-XR <br> [Lead Case] |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOHN SCOTT, *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § | Case No. 1:21-cv-786 <br> [Consolidated Case] |

## EXHIBIT H

## DECLARATION OF SENATOR PAUL BETTENCOURT

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| La Unión del Pueblo Entero, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> Greg Abbott, *et al.*, <br><br> *Defendants.* | §§§§§§§§§§§§ | Case No. 5:21-cv-00844 <br> [Lead Case] |
| Houston Area Urban League, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> Greg Abbott, *et al.*, <br><br> *Defendants.* | §§§§§§§§§§§§ | Case No. 5:21-cv-00848 <br> [Consolidated Case] |

## DECLARATION OF SENATOR PAUL BETTENCOURT

Pursuant to 28 U.S.C. § 1746, I, Paul Bettencourt, declare under penalty of perjury that the foregoing is true and correct.

1. My name is Paul Bettencourt. I am the elected representative for District 7 of the Texas Senate. I have held that office since January of 2015.

2. In connection with the consolidated cases *La Unión del Pueblo Entero v. Abbott*, No. 5:21-cv-844 (W.D. Tex.), I received a subpoena *duces tecum* from the LULAC plaintiffs. I understand that the LULAC plaintiffs have objected to my attorneys' withholding of several documents that were collected from my office.

3. As my attorneys have indicated, I intend to assert the legislative privilege, attorney-client privilege, work-product privilege, the investigative privilege, and any applicable privileges to the greatest extent allowable by law. This declaration confirms the assertions my attorneys made on my behalf in the privilege log they sent to plaintiffs. The references to *entries* and *tables* mean the same entries and tables listed in plaintiffs' compilation of objections to privilege assertions. *See* ECF 392 at App 244–85.

1

4. The entry listed below refers to notes prepared by myself or members of my staff relating to SB1, or other election integrity legislation considered during sessions of the 87th Legislature, as indicated in the privilege log. These notes reflect my mental impressions regarding their subject, and are intended to be strictly confidential.

    - *See* Table A, Entry 43.

5. The entries listed below refer to reports, analyses, articles, or memoranda that my office retained, as indicated in the privilege log. In the course of my legislative duties, I receive reports and analyses from many different groups. I choose to retain some of these reports and analyses as part of my process for gathering facts for, considering, and formulating SB1, or other election integrity legislation considered during sessions of the 87th Legislature, although in doing so I do not necessarily agree or disagree with the substantive assertions they make. These reports are authored by a variety of organizations. For instance, one such article refers to the Texas Attorney General's prosecution of election fraud. *See* Table A, Entry 44; DOC_0001071.

    - *See* Table A, Entries 44, 46; Table B, Entries 38–41.

6. The entry listed below refers to data that my office collected in connection with my process for gathering facts for, considering, and formulating SB1, or other election integrity legislation considered during sessions of the 87th Legislature, as indicated in the privilege log. My office collected a variety of data from a variety of sources, though it all generally pertains to and aids my formulation and consideration of election integrity legislation. As indicated in the privilege log, these data pertain to the general subject mail in voting. These data are intended to be strictly confidential, and reveal my mental impressions regarding the election integrity topic to which they pertain.

    - *See* Table A, Entry 45.

7. The entries listed below refer to communications with my staff or third parties, as indicated in the privilege log. For those entries, the communications and any related documents reflect confidential information and advice provided for the purpose of informing my legislative activities.

    Some communications were made for the purpose of gathering facts and data relating to election integrity legislation. Some communications were made for the purpose of receiving legal advice relating to the formulation and consideration of election integrity legislation. Other communications were made for the purpose of formulation, considering, or discussing drafts, sections, or provisions of election integrity legislation. Some communications were made for multiple purposes. But for all such communications, I can confirm that my communications with the following persons listed on the privilege log were made for the purpose of gathering facts relating to, and formulating and considering election integrity legislation, and with the understanding that such communications would be confidential:

    - Marc Salvato. My chief of staff.
    - Sonya Aston. My general counsel.

- Don Barber. My former Legislative Director.
- Benjamin Barkley. My former General Counsel.
- Lori Bohannon. Former county clerk for Wichita County.
- Bill Sargent.
- Alan Vera.
- Ryan Fisher. Government relations, Texas Attorney General.

Although I may agree or disagree with the positions taken by people providing me information and advice, I engage in those communications to help me perform my role as a legislator.

- *See* Table B, Entries 13–37.

8. The entries listed below relate to communications Sonya Aston—my general counsel—had with Alan Vera, and to attachments to those communications, as indicated in the privilege log. In her capacity as my general counsel, Ms. Aston communicated with a number of persons and organizations on the general subject of election integrity legislation. She then determined which information to relay to myself, additionally providing legal advice on whether and to what extent to incorporate, reject, or otherwise consider such information in the course of my formulation and consideration of election integrity legislation. I understand her actions to have be made pursuant to her duties as my general counsel.

- *See* Table C, Entries 1–8.

9. The entries listed below relate to information regarding potential election code violations, which were provided to me by Alan Vera, as indicated in the privilege log. I then forwarded this information to the Texas Attorney General, for their consideration of investigating and prosecuting any identified violations. I also retained these documents and communications as part of my process of gathering facts for, considering, and formulating SB1, or other election integrity legislation considered during sessions of the 87th Legislature.

- *See* Table C, Entry 34, Table D, Entries 1–11.

Executed on May 6, 2022

_____

Paul Bettencourt