IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LA UNIÓN DEL PUEBLO ENTERO, *et al.*,

Plaintiffs,

v.

STATE OF TEXAS, *et al.*,

Defendants.

Civil Action No. 5:21-cv-844 (XR)
(Consolidated Cases)

## UNITED STATES' RESPONSE IN OPPOSITION TO STATE DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER

The United States opposes State Defendants' Motion to Modify the Scheduling Order, ECF No. 406. Each of the parties, including State Defendants, agreed to the Court's Scheduling Order entered on November 19, 2021, ECF No. 125, and amended on April 14, 2022, ECF No. 368. To be sure, State Defendants began indicating they would seek to move the July 5, 2022 trial date in this matter before the agreed-upon Scheduling Order was even entered, *see, e.g.*, Nov. 16, 2021 Status Conference Tr. at 36:3-8, and have consistently returned to this theme, *see, e.g.*, Jan. 11, 2022 Status Conference Tr. at 12:12-16. Having brought a motion to move trial on the evening before the close of discovery, however, State Defendants have not identified any unforeseeable or unforeseen circumstances to justify moving a trial date set more than six months ago. And as State Defendants themselves point out, several parties to this case are preparing for a statewide redistricting trial in September. Any delay here would cause significant logistical difficulties in both matters. State Defendants' motion should be denied.

## LEGAL STANDARD

The district court enjoys discretion to deny or grant a party's request to modify a scheduling order. *Million v. Exxon Mobil Corp.*, 837 Fed. App'x 263, 266 (5th Cir. 2020) (citing *Reliance Ins. Co. v. Louisiana Land Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

The burden rests on the party seeking an extension of scheduling order deadlines to demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4). In the context of a discovery extension, which is what the State Defendants request here, four factors guide the Court's analysis: (1) the explanation for the failure to meet the discovery deadline; (2) the importance of allowing for more discovery; (3) potential prejudice in extending discovery; and (4) the availability of a continuance to cure the prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (quoting *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Moreover, it requires a showing of diligence by the party requesting the extension. *Id*. at 535.

## ARGUMENT

### I. The Pace of Discovery Has Allowed All Parties to Comply with Court's Schedule.

All parties to this case have had adequate time to complete discovery and prepare for trial. If State Defendants believe "much remains to be done," Mot. at 4, that is largely the result of State Defendants' own decisions. State Defendants have had ample time to seek and respond to discovery, and their decision to wait until the closing days of discovery to begin deposing non-party fact witnesses does not warrant delaying trial.

The numerous depositions taken during the final weeks of discovery in this matter—as well as the limited number of depositions to which the parties have stipulated to take out of time

(for reasons such as COVID-19 diagnoses)—do not support State Defendants' motion.[1] Rather, State Defendants have not, until now, expressed interest in deposing most of the witnesses named in their motion. State Defendants' list of "previously undisclosed persons" contains individuals known to them before April 18, 2022. The United States served amended initial disclosures on April 1 that included Remi Garza, Toby Cole, Pamela Gaskin, Amatullah Contractor, and Hyunja Norman. *See* U.S. Supplement to Initial Disclosures (Ex. 1). All of these witnesses nevertheless appear on State Defendants' list of "previously undisclosed witnesses." *See* Mot. at 4-5. Indeed, State Defendants issued a Rule 45 subpoena to depose Mr. Garza on April 22, *see* Garza Subpoena (Ex. 2), three weeks after he was disclosed, and deposed him on May 9. Despite being aware of Mr. Cole, Ms. Gaskin, Ms. Contractor, and Ms. Norman for at least as long, State Defendants still have not issued deposition subpoenas of which the United States is aware.[2] And to the extent parties have continued to discover and disclose new witnesses after the March primary, this foreseeable development should not require delay of trial when the State's decision not to conduct many depositions during the first several months of discovery caused a packed deposition schedule in the last few weeks.

Second, the United States' prompt and proper response to State Defendants' written discovery requests provide no grounds to postpone trial. *See* Mot. at 6. State Defendants' concerns are obviated by the terms of the Stipulated Order Regarding Discovery of

---

[1] State Defendants' representation that "the Corporate Representative of the Texas Secretary of State" remains to be deposed after the close of discovery is not accurate. The Office of the Secretary of State was deposed on April 26 and May 6. That deposition is now closed.

[2] The United States was not previously aware of State Defendants' intent to depose Representative Rafael Anchía. *See* Mot. at 2. The United States today learned that State Defendants served a Rule 45 subpoena on Representative Anchía for a deposition to be held today, *see* Anchía Subpoena (Ex. 3), and then canceled that deposition. State Defendants have provided no basis to conduct that third-party deposition out of time.

3

Electronically Stored Information entered by this Court, which give the receiving party of a privilege log thirty days "to review and register complaints" about a privilege log received within thirty days of the close of discovery. ESI Order ¶ 7(c), ECF No. 251. Even if that were not the case, State Defendants served their first requests for written and document discovery on the United States on March 3, 2022. *See* State Defs.' Request for Production (Ex. 4). The United States timely responded on April 4, 2022, *see* Fed. R. Civ. P. 6(a)(1)(C); Fed. R. Civ. P. 34(b)(2)(A), and timely produced a privilege log under this Court's Order. *See* ESI Order ¶ 7(c). State Defendants, like all parties, were able to serve discovery requests at any point after the parties' Rule 26(f) conference, *see* Fed. R. Civ. P. 34(b)(2)(A), which the United States and State Defendants held on November 12, 2021. Defendants chose to wait more than three months to serve written discovery requests on the United States. That State Defendants waited until the approach of a known deadline to serve their discovery requests is not cause to upend all parties' preparations for a July 5 trial.

Additionally, as State Defendants noted, the United States served its Second Request for Production—its first request for documents other than database extracts—on December 3, 2021, approximately two weeks into the discovery period and over five months before the close of discovery. Despite a request to meet and confer over the proposed search terms by December 10, 2021, *see* U.S. Initial Proposed Search Terms (Ex. 5), the United States did not hear from Defendants regarding the proposed terms until their production was due on January 3, 2022, on which date State Defendants produced four PDF documents and indicated they were willing to meet and confer regarding search terms. Between January and March, the United States repeatedly attempted to meet and confer with State Defendants regarding search terms and hit counts and repeatedly noted its concern that response was unjustifiably delayed. Nevertheless,

4

despite State Defendants' failure to begin productions of search-term-responsive ESI until March—and their production of thousands of pages of documents just two days ago—the United States is prepared to move to trial.

Finally, the United States has been forthcoming with scheduling accommodations for State Defendants. For example, when State Defendants informed the United States that it had "scheduling issues" with an expert deposition noticed for the week of May 2, the United States agreed to allow the deposition to occur late in May, after the close of discovery. The United States is similarly willing to discuss other reasonable measures to ensure the Court's schedule can remain in place.

**II.      The Separate Redistricting Litigation Increases the Importance of Avoiding Delay in the Trial Schedule.**

State Defendants should not be permitted to leverage separate redistricting litigation to move the agreed-upon trial date in this case. Although State Defendants are correct that there is some party overlap between the redistricting litigation and this case, *see* Mot. at 7, none of the parties identified other than State Defendants wish to move trial in this case. Indeed, the existence of the redistricting litigation would make rescheduling of the July 5 trial date in this case particularly prejudicial to the United States, as it would move the trial date in this matter closer to the September 27 redistricting trial. Granting State Defendants' request would exacerbate any conflict between the scheduling order in these two matters and would hinder the United States' ability to prepare for both.

Moreover, State Defendants' representation that the United States has declined to grant reasonable extensions in the redistricting litigation is not accurate. State Defendants point to the request of third-party counsel to postpone the deposition of State Rep. Ryan Guillen, *see* Mot. at 7, which was originally scheduled for May 19, 2022. *See* Guillen Subpoena (Ex. 6). Contrary to

State Defendants' representation, the United States agreed to postpone this deposition to May 24, 2022. The United States did not agree to a further postponement because discovery in the redistricting case closes on July 15, 2022, *see* Scheduling Order ¶ 6, *LULAC v. Abbott*, 3:21-cv-259 (W.D. Tex. Dec. 17, 2021) (Ex. 7), and repeated postponement of depositions in that case would simply be unworkable. There, as here, the United States intends to diligently pursue completion of discovery and to proceed to trial by the date set.

Defendants' argument that the SB 1 trial must move because "Plaintiffs are actively seeking to schedule [discovery] as early as possible" in the redistricting litigation, Mot. at 7, only underscores the problem with State Defendants' motion. The United States is indeed seeking to complete discovery on time in the redistricting case, as it has here. Had State Defendants conducted discovery here earlier in the schedule, there would be no need to even contemplate delay. And State Defendants' argument is essentially limitless: the parties to this case will always be involved in other matters, and the mere existence of those matters cannot become grounds to delay this case in perpetuity.

### III. Intervention Should Not Delay Trial.

State Defendants' attempts to use the intervention of the Republican Committees to delay trial should also fail. When the Republican Committees originally sought to intervene in this case, the Intervenors represented that they "will not delay these cases or prejudice the parties," and that they would "follow any schedule the Court sets and do not intend to engage in duplicative discovery." Mot. to Intervene at 12, ECF No. 57. And Intervenors' renewed motion for intervention did not seek any delay in the schedule for this purpose; nor did they seek to expedite the mandate at the Fifth Circuit to allow for intervention prior to the close of discovery. Not only should the trial proceed as scheduled, but State Defendants have not identified why the

timing of the Republican Committees' intervention has prevented State Defendants from adequately preparing for trial in accordance with this Court's scheduling order.

## CONCLUSION

For the foregoing reasons, State Defendants' Motion to Modify the Scheduling Order to delay trial, ECF No. 406, should be denied.

Date: May 13, 2022

        KRISTEN CLARKE
        Assistant Attorney General
        Civil Rights Division

        PAMELA S. KARLAN
        Principal Deputy Assistant Attorney General
        Civil Rights Division

        */s/ Daniel J. Freeman*
        T. CHRISTIAN HERREN, JR.
        RICHARD A. DELLHEIM
        DANIEL J. FREEMAN
        DANA PAIKOWSKY
        MICHAEL E. STEWART
        JENNIFER YUN
        Attorneys, Voting Section
        Civil Rights Division
        U.S. Department of Justice
        950 Pennsylvania Avenue NW
        Washington, DC 20530

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 13, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to counsel of record.

      */s/ Michael E. Stewart*
      Michael E. Stewart
      Civil Rights Division
      U.S. Department of Justice
      950 Pennsylvania Avenue NW
      Washington, DC 20530
      (202) 307-2767
      michael.stewart3@usdoj.gov