Exhibit 2

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et. al. *Plaintiff* v. GREGORY W. ABBOTT, et al. *Defendant* | Civil Action No. 5:21-cv-00844-XR |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Remi Garza, 1050 E. Madison Street, Brownsville, TX 78520
*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Dancy Building, 1100 E. Monroe Street, Rm. 250, Brownsville, Texas 78520 | Date and Time: 05/09/2022 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographically and video recorded.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/22/2022

*CLERK OF COURT*

OR

_____  /s/ Patrick K. Sweeten
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Gregory W. Abbott in his official capacity as Governor of the State of Texas, et al., who issues or requests this subpoena, are:
Patrick K. Sweeten, P. O. Box 12548, MC-009, Austin, TX 78711; patrick.sweeten@oag.texas.gov; 512-463-4139

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:21-cv-00844-XR

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[Print] [Save As...] [Add Attachment] [Reset]

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br>     *Plaintiffs*, <br><br> v. <br><br> GREGORY W. ABBOTT, *et al.*, <br>     *Defendants*. | § § § § § § § § § | Case No. 5:21-cv-844-XR <br> [LEAD CASE] |
| OCA-GREATER HOUSTON, *et al.*, <br>     *Plaintiffs*, <br><br> v. <br><br> JOHN SCOTT, *et al,*. <br>     *Defendants*. | § § § § § § § § § | Case No. 1:21-cv-780-XR |
| HOUSTON JUSTICE, *et al.,* <br>     *Plaintiffs*, <br><br> v. <br><br> GREGORY WAYNE ABBOTT, *et al.*, <br>     *Defendants*. | § § § § § § § § § | Case No. 5:21-cv-848-XR |
| LULAC TEXAS, *et al.*, <br>     *Plaintiffs*, <br><br> v. <br><br> JOHN SCOTT, *et al.*, <br>     *Defendants*. | § § § § § § § § § | Case No. 1:21-cv-0786-XR |
| MI FAMILIA VOTA, *et al.*, <br>     *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br>     *Defendants*. | § § § § § § § § § | Case No. 5:21-cv-0920-XR |

|                                    | § |                           |
| ---------------------------------- | - | ------------------------- |
| UNITED STATES OF AMERICA,          | § |                           |
| *Plaintiff,*                       | § |                           |
|                                    | § |                           |
| v.                                 | § | Case No. 5:21-cv-1085-XR  |
|                                    | § |                           |
| THE STATE OF TEXAS, ET AL.,        | § |                           |
| *Defendants*                       | § |                           |

# ATTACHMENT A TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION ISSUED TO REMI GARZA

As commanded in the Subpoena to Testify at a Deposition in a Civil Action issued to you on April 22, 2022, to which this document is Attachment A, you are ordered to appear at a deposition and produce the following documents at or before the time of your testimony, in accordance with the instructions and definitions also listed below.

Date: April 22, 2022

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General


OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410

Respectfully submitted.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
patrick.sweeten@oag.texas.gov
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
will.thompson@oag.texas.gov
Tex. State Bar No. 24088531

ERIC A. HUDSON
Senior Special Counsel
eric.hudson@oag.texas.gov
Tex. Bar No. 24059977

KATHLEEN T. HUNKER
Special Counsel
kathleen.hunker@oag.texas.gov
Tex. State Bar No. 24118415

**COUNSEL FOR DEFENDANTS**

# DEFINITIONS

The following words have the meanings set forth below, unless indicated otherwise:

1. "Deponent," "you," and "your" refers to Remi Garza, Cameron County Department of Elections, 1050 E. Madison Street, Brownsville, TX 78520. (956) 544-0809. Remi.Garza@co.cameron.tx.us

2. "State Defendants" refers to mean Texas Governor Gregory W. Abbott, Attorney General W. Kenneth Paxton, and Secretary of State John Scott, each in his official capacity, and where applicable, their representatives, employees, agents, and officers.

3. "County Defendants" refers to Bexar County Election Administrator Jacquelyn Callanen; Bexar County District Attorney Joe D. Gonzales; Dallas County Election Administrator Michael Scarpello; Dallas County District Attorney John Creuzot; El Paso County Election Administrator Lisa Wise; El Paso County District Attorney Yvonne Rosales; Harris County Election Administrator Isabel Longoria; Harris County District Attorney Kim Ogg; Hidalgo County Election Administrator Yvonne Ramon; Hidalgo County District Attorney Ricardo Rodriquez; Travis County Clerk Rebecca Guerrero; and Travis County Jose Garza, as well as their offices, employees, representatives, and agents.

4. "Document" means any writing of any kind, source, or authorship, regardless of how it may be recorded, stored, or reproduced. The term includes both originals and all non-identical copies thereof, as well as all drafts, revisions, and amendments, regardless of whether adopted. The term also includes but is not limited to handwritten, typewritten, printed, photocopied, photographic, and electronically recorded matter. For purposes of illustration and not limitation, the term includes: contracts, agreements, communications, reports, charges, complaints, correspondence, letters, emails, social media postings, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, journals, diaries, schedules, charts, graphs, worksheets, spreadsheets, reports, notebooks, note charts, handwritten notes, plans, drawings, sketches, maps, brochures, pamphlets, advertisements, circulars, press releases, summaries or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, affidavits, schedules, audio recordings, video recordings, transcriptions, and photographs.

5. "Statement" means any written or graphic assertion or representation signed, adopted, or approved by the person making it, or any stenographic, mechanical, electronic, or other record or transcription that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

6. "Communication" means any conveyance or transfer of any information from one person to another by any means or in any form, including but not limited to all types of documents, oral communications, and online resources such as social media.

7. "Lawsuit" "or "suit" means the consolidate case styled La Unión Del Pueblo Entero, et al. v. Gregory W. Abbott, et al., Civil Action No. 5:21-cv-00844-XR; In the United States District Court for the Western District of Texas, San Antonio Division.

8. "SB1" means Senate Bill No. 1, a law passed during the Second Special Session of the 87th Texas Legislature in 2021. SB1 contains the provisions at issue in this Lawsuit.

9. "Drive-thru voting" means any method of voting that allows a voter who does not meet the requirements of Tex. Elec. Code Sec. 64.009 to nonetheless cast a ballot from inside a motor vehicle.

10. "Texas election official," as stated in this document, means any employee of a political subdivision of the State of Texas, in the employee's official capacity, who is responsible for conducting, operating, facilitating, or supervising the electoral process or enforcing any provision of the Texas Election Code. This term includes but is not limited to members of a county's Commissioners Court, County Judges, County Election Administrators, County Tax Assessor-Collectors, County Clerks, or the employees of any of the above-listed offices whose responsibilities relate to that office's capacity facilitating the electoral process.

11. "Identify" when referring:

    a. to a person, means to state the person's full name, present or last known address, telephone number, and email address;

    b. to an organization or entity, means to state its full name, present or last known address, telephone number, fax number, and email address;

    c. to a document, means to describe its contents; to identify when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody, or control of the document;

    d. to a statement or communication, means to describe its contents; to identify when, where, and how it was made; to identify who made it and who was present when it was made; and to identify who has present or last known possession, custody, or control of any recording of the statement or communication;

    e. to a social media account, means to provide the username of the account, identify all persons who control or have access to the account, provide the date on which the account was created, and describe whether the account is still in existence and/or in use.

12. "Regarding," "Relating to," or "Pertaining to" shall mean in any way concerning, constituting, analyzing, discussing, describing, considering, modifying, amending, confirming, endorsing, evidencing, representing, supporting, substantiating, qualifying, negating or refuting, unless qualified by word of limitation.

13. The Federal Rules require that an objection alleging vagueness or ambiguity must include, to the extent possible, the objecting party's understanding of the allegedly vague or ambiguous terms or phrases, and state explicitly that its answer is based on that understanding. *Heller v. City of Dallas*, 303 F.R.D. 466, 488 (N.D. Tex. Nov. 12, 2014). If there is any confusion over the meaning of a term, the responding party should rely on the plain language in the question or refer to the definitions found at https://www.merriam-webster.com/dictionary.

## INSTRUCTIONS

1. The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all responses that might otherwise be construed outside its scope.

2. The masculine gender shall be construed to include the feminine, and the feminine gender shall be construed to include the masculine, as necessary to bring within the scope of each Request all responses that might otherwise be construed outside its scope.

3. The connectives "and" and "or" and the phrase "and/or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of each Request all responses that might otherwise be construed outside its scope. The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each Request all responses that might otherwise be construed outside its scope.

4. If you object to production or disclosure of material or information as privileged, you are instructed, pursuant to Fed. R. Civ. P. 26(b)(5), to: (1) state that material or information responsive to the Request has been withheld from production or disclosure; (2) identify the Request to which the material or information relates; (3) describe the nature of the material or information not produced or disclosed; and (4) state the objection or privilege asserted.

5. These Requests are continuing and require reasonable supplementation of your responses if you, your attorneys, or any other person acting on your behalf obtains further information or documents between the time of your initial responses and the time of trial. Any documents or information obtained pursuant to these Requests may be used in evidence at trial.

6. If any document or information requested is unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or any other reason, describe the nature of the document or information, the substantive content of the document or information, the last known person to have possession of the document or information, and the circumstances surrounding the destruction or loss of the document or information.

7. Unless specified otherwise, these requests apply to the time period from January 1, 2021 to present.

# DOCUMENT REQUESTS

In accordance with this subpoena, produce:

1. All documents related to any communication between Cameron County and the United States Department of Justice, including the Federal Bureau of Investigation, regarding election administration, voting, and/or possible incidents of criminal activity conducted in connection with an election that occurred within Cameron County.

2. All documents related to any communication between Cameron County and the United States Department of Homeland Security regarding election administration, voting, and/or possible incidents of criminal activity conducted in connection with an election that occurred within Cameron County.

3. All documents related to any communication between Cameron County and the United States Department of State regarding election administration, voting, and/or possible incidents of criminal activity conducted in connection with an election that occurred within Cameron County.

4. All search warrants, warrants of arrest, criminal complaints, indictments, arraignments, and/or judgments or orders of conviction, in your care, custody, and control, related to any violations or alleged violations of the Texas Election Code that occurred in Cameron County since January 1, 2016.

5. Please provide copies of all documents, including but not limited to guidance documents or informational materials, related to the use of drive-thru voting, curbside side voting, 24-hour polling locations, or multiple mail-in ballot delivery locations in or by Cameron County during the 2020 primary, primary runoff, or general election.

6. All documents and communications from January 1, 2016, to present regarding procedures for identifying and establishing eligibility of absentee ballot by mail applicants and absentee ballot by mail voters prior to the enactment of SB1.

7. All documents and communications relating to any person being denied an application to vote by mail or any person's mail ballot being rejected during any election after the passage of SB1.

8. All documents and communications relating to complaints regarding SB1 by members of the public of Cameron County, including those received in the course of any election held after the passage of SB1.

9. All documents and communications from January 1, 2016, to present relating to the scope and nature of assistance provided at polling places in Cameron County, both before and after the passage of SB1.

10. All documents and communications relating to any person being denied voter assistance or relating to any person being unable to vote because of the denial of voter assistance, during any election after the passage of SB1.

11. All written correspondence including emails, text messages, letters, or any other documents exchanged between you and any of the Plaintiffs to this lawsuit or you and any of the Plaintiffs' legal counsel or representatives, from January 1, 2020, to the present, that discuss or pertain to Senate Bill 1.

12. All documents in your care, custody, and control related to any study, analysis, or assessment conducted, commissioned, or initiated by the Texas Association of Elections Administrators regarding SB1.

13. All documents in your care, custody, and control related to any advice, guidance, or statement, issued by the Texas Association of Elections Administrators to a Texas Election Official regarding SB1.