**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., <br>         *Plaintiffs*, <br><br> v. <br><br> GREGORY W. ABBOTT, et al., <br>         *Defendants*. | 5:21-cv-0844-XR |
| OCA-GREATER HOUSTON, et al., <br>         *Plaintiffs*, <br><br> v. <br><br> TEXAS SECRETARY OF STATE JOHN SCOTT, et al., <br>         *Defendants*. | 1:21-cv-0780-XR |
| HOUSTON JUSTICE, et al., <br>         *Plaintiffs*, <br><br> v. <br><br> GREGORY WAYNE ABBOTT, et al., <br>         *Defendants*. | 5:21-cv-0848-XR |
| LULAC TEXAS, et al., <br>         *Plaintiffs*, <br><br> v. <br><br> JOHN SCOTT, et al., <br>         *Defendants*. | 1:21-cv-0786-XR |
| MI FAMILIA VOTA, et al., <br>         *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, et al., <br>         *Defendants*. | 5:21-cv-0920-XR |

| UNITED STATES OF AMERICA, | |
|---|---|
| *Plaintiff,* | |
| v. | 5:21-cv-1085-XR |
| STATE OF TEXAS, et al., | |
| *Defendants.* | |

**HOUSTON AREA URBAN LEAGUE, MI FAMILIA VOTA, LA UNION DEL PUEBLO ENTERO, and OCA-GREATER HOUSTON PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' MOTION FOR EXTENSION OF SCHEDULING ORDER DEADLINES**

Plaintiffs Houston Area Urban League, Delta Sigma Theta Sorority, Inc., The Arc of Texas, and Jeffrey Lamar Clemmons ("HAUL Plaintiffs"); Mi Familia Vota, Marla López, Marlon López, Paul Rutledge ("MFV Plaintiffs"); La Unión del Pueblo Entero, Friendship-West Baptist Church, The Anti-Defamation League Austin, Southwest, and Texoma Regions, Southwest Voter Registration Education Project, Texas Impact, Mexican American Bar Association of Texas, Texas Hispanics Organized for Political Education, Jolt Action, William C. Velasquez Institute, Fiel Houston Inc., and James Lewin ("LUPE Plaintiffs"); OCA-Greater Houston, League of Women Voters of Texas, REVUP-TEXAS, TEXAS Organizing Project, and Workers Defense Action Fund ("OCA-GH Plaintiffs") oppose the State Defendants' request for an extension on all deadlines in this case, including discovery, by "at least one month." The State Defendants have failed to carry their burden of showing good cause for the extension, and granting their request would prejudice Plaintiffs. Accordingly, the request should be denied.

## LEGAL STANDARD

The burden rests on the party seeking an extension of scheduling order deadlines to demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4). In the context of a discovery extension request, four factors guide the court's analysis: (1) the explanation for the failure to meet the discovery deadline; (2) the importance of allowing for more discovery; (3) potential prejudice in

2

extending discovery; and (4) the availability of a continuance to cure the prejudice. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (quoting *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Most importantly, a successful request requires a showing of diligence on the party requesting the extension. *Id.* at 535.

The district court enjoys discretion to deny or grant a party's request to modify the scheduling order. *Million v. Exxon Mobil Corp.*, 837 Fed. App'x 263, 266 (5th Cir. 2020) (citing *Reliance Ins. Co.*, 110 F.3d at 257).

## ARGUMENT

The State Defendants have failed to carry their burden of showing good cause for "at least one month" of additional discovery. They have not acted diligently to take depositions in this case and their decision to forgo depositions of dozens of witnesses disclosed last calendar year belies their claim of a need for additional discovery. *See* State Defendants Motion to Modify Scheduling Order ("State Mot."), ECF No. 406 at 1.

### I. State Defendants Cannot Demonstrate Diligence or Need

The crux of the State Defendants' request to extend deadlines in this case rests on their claim that they are prejudiced by the Plaintiffs' collective disclosures of fact witnesses over the past month. State Mot. at 4–5. That justification cannot sustain their burden to demonstrate good cause for an extension. Several of the witnesses the State Defendants identify were disclosed well before April 18; the State Defendants have declined to depose the vast majority of witnesses disclosed to them in December of last year; and the recent disclosures were witnesses identified through fact-gathering in the aftermath of the March 2022 election. Plaintiffs have agreed to

3

work with the State Defendants to facilitate depositions of later-disclosed witnesses out of time, to the extent allowed by the volume limits set on discovery in this case.

State Defendants identify witnesses disclosed on April 18 and 26 and May 4 and 11 and complain that they "have not had the chance to depose these newly disclosed individuals." State Mot. at 4–5. Several points of clarification are in order.

First, the State Defendants list a number of witnesses disclosed *before* April 18. Jennifer Martinez and Ashley Ford were first disclosed to the State Defendants on December 2, 2021, as part of the consolidated Plaintiffs' initial disclosures. *See* ECF No. 141-1 at 15–16. State Defendants were aware of that fact when they filed their motion, as it was pointed out to them in an email on May 2, 2022. *See* Ex. 1. Furthermore, the State Defendants deposed Ms. Martinez on April 12, 2022, as corporate representative of The Arc of Texas.

Second, State Defendants list two individuals who they have in fact deposed: Wendy Salome was deposed on May 9, 2022, and the State Defendants subpoenaed Remi Garza on April 22, 2022, for a May 9 deposition. Private Plaintiffs added Mr. Garza to their disclosures on May 11—after the State Defendants had already deposed him—in order to preserve their ability to list him as a trial witness. *See* ECF No. 400 at 2. And the United States had disclosed Mr. Garza as a potential witness on April 1. *See* Ex. 2.

Third, four of the witnesses included on the State Defendants' list were initially disclosed to them on April 1, 2022, by the United States: Pamela Gaskin, Amatullah Contractor, Hyunja Norman, and Toby Cole. *See* Ex. 2. Again, the State Defendants were aware of that fact when they filed their motion. *See* Ex. 1; State Mot. at 5 n.1 (acknowledging three of the four witnesses' prior disclosure).

4

Fourth, the State Defendants' insistence that they intend to depose every one of these witnesses fails to take into account that the parties are limited to noticing 50 depositions. *See* ECF No. 308. The State Defendants have already noticed at least 26 non-expert depositions, meaning they have only 24 notices left.[1]

Fifth, the State Defendants' request to extend discovery must be considered in the context of their failure to notice the depositions of the vast majority of the dozens of witnesses that the consolidated plaintiffs disclosed on December 2, 2021, *including* two witnesses that they now claim a need to depose and three named plaintiffs. *See* ECF No. 141-1. The table below shows witnesses disclosed on December 1, 2021, by *only* the HAUL, MFV, LUPE, and OCA-GH Plaintiffs.[2]

| WITNESS | DATE DISCLOSED | STATUS |
| --- | --- | --- |
| Ray Shackleford (HAUL) | Dec. 1, 2021 | Deposed as 30(b)(6) representative |
| Jeffrey Lamar Clemmons (HAUL) | Dec. 1, 2021 | Deposed |
| Angelica Razo (MFV) | Dec. 1, 2021 | Deposed as 30(b)(6) representative |
| Jennifer Martinez (HAUL) | Dec. 1, 2021 | Deposed as 30(b)(6) representative |
| Juanita Valdez-Cox (LUPE) | Dec. 1, 2021 | Deposed as 30(b)(6) representative |
| James Lewin (LUPE) | Dec. 1, 2021 | Deposed |
| Grace Chimene (OCA) | Dec. 1, 2021 | Deposed as 30(b)(6) representative |
| Deborah Chen (OCA) | Dec. 1, 2021 | Deposed as 30(b)(6) representative |
| Bob Kafka | Dec. 1, 2021 | Deposed as 30(b)(6) representative |
| Emily Timm | Dec. 1, 2021 | Deposed as 30(b)(6) representative |

---

[1] This count is counsel's best estimate of the number of depositions noticed by the State Defendants as of May 13, 2022.

[2] There are additional witnesses that were disclosed by LULAC Plaintiffs who remain undeposed. State Defendants noticed the 30(b)(6) deposition of LULAC for Friday, May 6. Due to a scheduling conflict for LULAC's 30(b)(6) witness, State Defendants and LULAC Plaintiffs agreed to reschedule that deposition for May 18, only three business days after the close of discovery.

| | | |
|---|---|---|
| Marla López (MFV) | Dec. 1, 2021 | Not Noticed |
| Marlon López (MFV) | Dec. 1, 2021 | Not Noticed |
| Paul Rutledge (MFV) | Dec. 1, 2021 | Not Noticed |
| Ruben Fernandez (HAUL) | Dec. 1, 2021 | Not Noticed |
| Amy Litzinger (HAUL) | Dec. 1, 2021 | Not Noticed |
| Laura Halvorson (HAUL) | Dec. 1, 2021 | Not Noticed |
| Courtney Pugh (HAUL) | Dec. 1, 2021 | Not Noticed |
| Judson Robinson III (HAUL) | Dec. 1, 2021 | Not Noticed |
| Beverly Evans Smith (HAUL) | Dec. 1, 2021 | Not Noticed |
| Shavon Arline-Bradle (HAUL) | Dec. 1, 2021 | Not Noticed |
| Rhonda Briggins (HAUL) | Dec. 1, 2021 | Not Noticed |
| Mythe Kirven (HAUL) | Dec. 1, 2021 | Not Noticed |
| Sharon Jones (HAUL) | Dec. 1, 2021 | Not Noticed |
| Jona Denise Sargent (HAUL) | Dec. 1, 2021 | Not Noticed |
| Eileen Barrett Williams (HAUL) | Dec. 1, 2021 | Not Noticed |
| Debra Weatherspoon (HAUL) | Dec. 1, 2021 | Not Noticed |
| Janet Warren-Clayton (HAUL) | Dec. 1, 2021 | Not Noticed |
| Rose Mary McGowan (HAUL) | Dec. 1, 2021 | Not Noticed |
| Linda Bell Robinson (HAUL) | Dec. 1, 2021 | Not Noticed |
| Evelyn Banks (HAUL) | Dec. 1, 2021 | Not Noticed |
| Rosalie Buggs (HAUL) | Dec. 1, 2021 | Not Noticed |
| Elnita Bates (HAUL) | Dec. 1, 2021 | Not Noticed |
| Stephanie Morales (HAUL) | Dec. 1, 2021 | Not Noticed |
| Deborah Spell (HAUL) | Dec. 1, 2021 | Not Noticed |
| Avis J. Davis (HAUL) | Dec. 1, 2021 | Not Noticed |
| Gloria Mitchell (HAUL) | Dec. 1, 2021 | Not Noticed |
| Hazel Phillips (HAUL) | Dec. 1, 2021 | Not Noticed |
| Alex Cogan (HAUL) | Dec. 1, 2021 | Not Noticed |
| Ashley Ford (HAUL) | Dec. 1, 2021 | Not Noticed |
| Ginger Mayeax (HAUL) | Dec. 1, 2021 | Not noticed |

| | | |
|---|---|---|
| Summer Mandell (HAUL) | Dec. 1, 2021 | Not Noticed |
| Ana Gonzalez (MFV) | Dec. 1, 2021 | Not Noticed |
| Anita Nunez (MFV) | Dec. 1, 2021 | Not Noticed |
| Abby Gail Trino (MFV) | Dec. 1, 2021 | Not Noticed |
| Liz Magallanes (MFV) | Dec. 1, 2021 | Not Noticed |
| Danielle Ayers (LUPE) | Dec. 1, 2021 | Not Noticed |
| Cheryl Drazin (LUPE) | Dec. 1, 2021 | Not Noticed |
| Lydia Camarillo (LUPE) | Dec. 1, 2021 | Not Noticed |
| Josh Houston (LUPE) | Dec. 1, 2021 | Not Noticed |
| Jana Ortega (LUPE) | Dec. 1, 2021 | Not Noticed |
| Joey Cardenas III (LUPE) | Dec. 1, 2021 | Not Noticed |
| Gloria Gonzales-Dholakia (LUPE) | Dec. 1, 2021 | Not Noticed |
| Cesar Espinosa (LUPE) | Dec. 1, 2021 | Not Noticed |
| David Chapple (OCA) | Dec. 1, 2021 | Not Noticed |

Sixth, the State Defendants' representations must also be viewed in the context of discussions among the parties. After the State Defendants notified Private Plaintiffs that they wished to depose witnesses disclosed on April 18 and 26 after the discovery cutoff, the parties met and conferred and Private Plaintiffs agreed to make the witnesses disclosed on or after April 18 available to be deposed between May 16 and May 23, while preserving our position that the April 18 and April 26 disclosures were not untimely. Private Plaintiffs had already previewed that more disclosures may be forthcoming, given the nature of the case and the continued identification of witnesses who were harmed by the Texas Senate Bill 1 during the March 2022 primary. *See* Ex. 1; *see also* Ex. 7 at 33-34 (discussing that parties will want to "take into account what does in fact happen in the first set of elections under SB 1 in March"). To that end, the Private Plaintiffs have offered witness availability as it has become known to them. *See* Ex. 3–6. The State Defendants have not noticed any of these witnesses for a deposition, aside from Ms. Salome, discussed above.

Finally, the State Defendants' recounting of depositions that are scheduled to take place after the close of discovery is not quite accurate. The State Defendants withdrew Lina Hidalgo's subpoena, which had initially set a deposition date of April 7, 2022. *See* Ex. 8. To our knowledge, the State Defendants have not negotiated a new deposition date with Ms. Hidalgo. If they have, they have not included Plaintiffs on the correspondence. Tanesa Lee is also included in the State Defendants' list of individuals on page 4; pursuant to a meet and confer, the LUPE plaintiffs offered Ms. Lee for deposition, but it has not yet been noticed. Ms. Adkins's deposition was delayed because of a personal emergency that she experienced, not because of any dilatory actions by the Plaintiffs. The corporate representative of the Secretary of State was deposed on April 26 and May 6, and his deposition is complete. Plaintiffs are unaware of discussions regarding deposing Representative Rafael Anchia.

Given this context, the State Defendants cannot show that they have conducted discovery diligently such that there is a need to extend the deadline by a month. Nor can they plausibly argue that there is a need for over forty additional depositions. The limits on the volume of discovery set in this case would not allow it, and their failure to depose the vast majority of witnesses disclosed to them over five months ago belies their claim.

**II.    A discovery extension would prejudice Plaintiffs.**

Meanwhile, an extension of discovery would prejudice the Plaintiffs. Since this schedule was put in place, the Supreme Court has suggested that it stands ready to intervene to stay relief won by plaintiffs in election-related cases should the relief be granted shortly before an election. *See Merrill v. Milligan*, 142 S. Ct. 879, 880 (2022) (Kavanaugh, J., concurring) (citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curiam)). How close to an election is too close remains unclear, but moving the trial back by "at least a month," to begin in August, would jeopardize the

possibility of relief less than three months before the 2022 general election. Plaintiffs do not concede that any principle of law would preclude relief in this case based on timing alone, but the State Defendants have preserved their right to so argue. *See* ECF No. 94 at 14.

The State Defendants argue that Plaintiffs cannot claim a need for exigency in this case because the Plaintiffs have not moved for a preliminary injunction. That argument ignores the context in which this schedule was negotiated: The parties agreed to an expedited schedule based in part on Plaintiffs' representations that they would not move for preliminary relief. *See* Ex. 7 (Nov. 16 Hr'g Transcript) at 32 ("Mr. Sweeten: [] I want to just say that that was an assumption upon which this scheduled that we outlined, which I think is a compressed final trial schedule . . . the negotiations took place back and forth on those issues are predicated upon that assumption" that plaintiffs do not intend to bring a preliminary injunction motion.). The Plaintiffs represented to the Court that the decision not to move for preliminary relief was based on a desire to "have a full trial record before" the Court, given the "amount of evidence" needed to prove the claims at issue. *Id*. at 32–33. Never have the Plaintiffs disavowed exigency in this case.

## CONCLUSION

For the foregoing reasons, Plaintiffs oppose the State Defendants' request to modify the scheduling order and respectfully request that it be denied.

Dated this 13th day of May, 2022　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　REED SMITH LLP, NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC., THE ARC OF THE UNITED STATES, INC.

　　　　　　　　　　　　　　　　　　　　*/s/ Georgina Yeomans*
　　　　　　　　　　　　　　　　　　　　Kenneth E. Broughton
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 03087250
　　　　　　　　　　　　　　　　　　　　kbroughton@reedsmith.com

9

J. Keely Dulaney*
Texas Bar No. 24116306
kdulaney@reedsmith.com

Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

Sarah M. Cummings
Texas Bar No. 24094609
Reed Smith LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
scummings@reedsmith.com

Danielle Ahlrich
Texas Bar No. 24059215
401 Congress Avenue, Suite 1800
 Austin, TX 78701
Telephone: (512) 623-1777
dahlrich@reedsmith.com

Kathryn Sadasivan*
Amir Badat*
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592
ksadasivan@naacpldf.org
abadat@naacpldf.org

Jennifer A. Holmes*
Georgina Yeomans*
R. Gary Spencer*+
NAACP Legal Defense and Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 682-1300
Facsimile: (202) 682-1312
jholmes@naacpldf.org

gyeomans@naacpldf.org

Shira Wakschlag*
The Arc of the United States, Inc.
1825 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: (202) 534-3708
Facsimile: (202) 534-3731
Wakschlag@thearc.org

*Admitted Pro Hac Vice*

*Counsel for Plaintiffs Houston Area Urban League; Delta Sigma Theta Sorority, Inc.; The Arc of Texas; and Jeffrey Lamar Clemmons*

Wendy J. Olson*
Laura E. Rosenbaum*
Marc Rasich*
Elijah Watkins*
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Sean Lyons
State Bar No. 00792280
Sean@lyonsandlyons.com
Clem Lyons
State Bar No. 12742000
Clem@lyonsandlyons.com
LYONS & LYONS, P.C.
237 W. Travis Street, Suite 100
San Antonio, Texas 78205
Telephone: (210) 225-5251
Telefax: (210) 225-6545

Courtney Hostetler*
Ron Fein*
John Bonifaz*
Ben Clements*
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
(617) 249-3015

chostetler@freespeechforpeople.org
rfein@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org

*Attorneys for Plaintiffs Mi Familia Vota, Marla López, Marlon López, and Paul Rutledge*

Nina Perales
Julia R. Longoria
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210 224-5382
nperales@maldef.org
jlongoria@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Jason S. Kanterman*
Kevin Zhen*
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
jason.kanterman@friedfrank.com
kevin.zhen@friedfrank.com

*Counsel for Plaintiffs La Unión del Pueblo Entero, Southwest Voter Registration Education Project, Mexican American Bar Association of Texas, Texas Hispanics Organized for Political Education, Jolt Action, William C. Velasquez Institute, Fiel Houston, Inc.*

Sean Morales-Doyle
Eliza Sweren-Becker*
Patrick A. Berry*
Andrew B. Garber*
Jasleen K. Singh*

BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
Telephone: (646) 292-8310
Facsimile: (212) 463-7308
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu
patrick.berry@nyu.edu
andrew.garber@nyu.edu

Paul R. Genender
Texas State Bar No. 00790758
Elizabeth Y. Ryan
Texas State Bar No. 24067758
Matthew Berde*
Texas State Bar No. 24094379
Megan Cloud
Texas State Bar No. 24116207
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
Liz.Ryan@weil.com
Paul.Genender@weil.com
Matt.Berde@weil.com
Megan.Cloud@weil.com

Alexander P. Cohen*
Texas State Bar No. 24109739
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

*Counsel for Plaintiffs Friendship-West Baptist Church, Anti-Defamation League Austin, Southwest, and Texoma Regions, Texas Impact, and James Lewin*

Mimi M.D. Marziani
Texas Bar No. 24091906
Hani Mirza
Texas Bar No. 24083512
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive

Austin, TX 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)
mimi@texascivilrightsproject.org
ryan@texascivilrightsproject.org
hani@texascivilrightsproject.org

Thomas Buser-Clancy
Texas Bar No. 24078344
Savannah Kumar
Texas Bar No. 24120098
Ashley Harris
Texas Bar No. 24123238
Andre Segura
Texas Bar No. 24107112
ACLU FOUNDATION OF TEXAS, INC.
5225 Katy Freeway, Suite 350
Houston, TX 77007
Telephone: (713) 942-8146
Fax: (915) 642-6752
tbuser-clancy@aclutx.org
skumar@aclutx.org
aharris@aclutx.org
asegura@aclutx.org

Adriel I. Cepeda Derieux*
Ari Savitzky*
Sophia Lin Lakin*
Samantha Osaki*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 284-7334
acepedaderieux@aclu.org
asavizky@aclu.org
slakin@aclu.org
sosaki@aclu.org

Susan Mizner*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
39 Drumm St.
San Francisco, CA 94111
(415) 343-0781 (phone)
smizner@aclu.org

Lia Sifuentes Davis
Texas State Bar No. 24071411
Lucia Romano
Texas State Bar No. 24033013
DISABILITY RIGHTS TEXAS
2222 West Braker Lane
Austin, Texas 78758-1024
(512) 454-4816 (phone)
(512) 454-3999 (fax)
ldavis@drtx.org
lromano@drtx.org

Jerry Vattamala*
Susana Lorenzo-Giguere*
Patrick Stegemoeller*
ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932 (phone)
(212) 966 4303 (fax)
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org
pstegemoeller@aaldef.org

Jessica Ring Amunson*
Urja Mittal*
JENNER & BLOCK LLP
1099 New York Ave. NW, Suite 900
Washington, DC 20001
(202) 639-6000
jamunson@jenner.com
umittal@jenner.com

*Counsel for Plaintiffs OCA-Greater Houston, League of Women Voters of Texas, REVUP-Texas, Texas Organizing Project, and Workers Defense Action Fund*


+ *Mailing address only. Working remotely from, and admitted to practice in, Georgia.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2022, I electronically filed the foregoing Opposition to State Defendants' Motion to Modify Scheduling Order.

                                            */s/ Georgina Yeomans*
                                            Georgina Yeomans