**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO, *et al.*, | § § § | |
| *Plaintiffs* | § | SA-21-CV-00844-XR |
| | § | |
| -vs- | § | |
| | § | |
| GREGORY W. ABBOTT, *et al.*, | § | |
| *Defendants* | § | |

## ORDER

On this date, the Court considered Plaintiff League of United Latin American Citizens' ("LULAC") motion to compel (ECF No. 391). After carefully considering the parties' briefing, holding a hearing on the motion, and conducting an *in camera* review of the requested documents, the Court issues the following order.

## BACKGROUND

This action arises out of an omnibus voting bill, Senate Bill 1 ("S.B. 1"), the State of Texas enacted on August 31, 2021. Plaintiffs claim, *inter alia*, that the Texas Legislature enacted S.B. 1 with the intent to discriminate against certain racial minorities, including Black and Latinx voters. ECF No. 207 at 52. On December 15, 2021, Plaintiffs served third-party subpoenas to the legislative sponsors of S.B. 1, Texas Representatives Briscoe Cain and Andrew Murr and Texas Senators Paul Bettencourt and Bryan Hughes (collectively, "the State Legislators"). ECF No. 392 at 5, 23, 41, 59. The subpoenas sought documents and communications from the State Legislators concerning claims of criminal conduct in Texas elections, the anticipated effects of S.B. 1, and communications with third-party organizations concerning S.B. 1. *See, e.g.*, *id.* at 8–17.

Subsequently, counsel for the State Legislators sent Plaintiffs a letter asserting various objections to the subpoenas, including assertions of legislative, investigative, deliberative-process, and attorney-client privileges. *Id.* at 77–79. After numerous meet-and-confer sessions, the Parties were unable to resolve their disagreements concerning the State Legislators' assertions of privilege. Plaintiff LULAC filed the instant motion to compel, seeking discovery of various documents over which the State Legislators have asserted legislative, attorney-client, work-product, and investigative privileges.

## DISCUSSION

### I.       Legal Standard

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, a party to a litigation may serve a nonparty a subpoena to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control[.]" FED. R. CIV. P. 45(a)(1)(A)(iii). The nonparty may object to the subpoena within 14 days after the subpoena is served, and failure to serve written objections to a subpoena within 14 days "typically constitutes a waiver of such objections, as does failing to file a timely motion to quash." *Total Rx Care, LLC v. Great N. Ins. Co.*, 381 F.R.D. 587, 592–93 (N.D. Tex. 2017).

The subpoenaed party may object to the subpoena on the grounds that the sought discovery is privileged. FED. R. CIV. P. 45(e)(2). "Rule 45(e)(2) governs a non-party's withholding of information on the grounds of privilege or work-product protections but is substantively identical to Rule 26(b)(5)'s requirements as to a responding party." *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015). As such, when a nonparty withholds purportedly privileged information, the nonparty must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or

tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5). Conclusory assertions of privilege are "insufficient to carry out the proponent's burden of establishing" the relevant privilege. *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 696 (5th Cir. 2017). When the nonparty relies on a privilege log to assert the relevant privilege, the log must "must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim." *Id.* at 697 (quoting *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982)) (alteration in original).

## II.   Analysis

Plaintiffs seek to compel (1) 139 legislative documents over which Plaintiffs assert the State Legislators have failed to justify their assertion of legislative privilege; (2) 89 documents over which Plaintiffs contend the State Legislators have waived the legislative privilege; (3) 41 documents over which Plaintiffs argue the State Legislators have improperly asserted and/or waived attorney-client or work-product protection; and (4) 11 documents over which Plaintiffs claim the State Legislators have improperly asserted an investigative privilege.

To begin, the Court notes that the privilege log is defective. The log, in many instances, is devoid of information concerning where certain documents originated, whom the documents were shared with, and in many cases, only contains conclusory statements to support the assertion of the relevant privilege. Nonetheless, the Court will discuss each of these disputed assertions of various forms of privilege in turn.

### a.   Legislative Privilege

Legislative privilege is an evidentiary privilege, "governed by federal common law, as applied through Rule 501 of the Federal Rules of Evidence." *Jefferson Cmty. Health Care Ctrs.,*

*Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017) (quoting *Perez v. Perry*, No. SA-11-CV-360-OLG-JES, 2014 WL 106927, at *1 (W.D. Tex. Jan. 8, 2014) (three-judge panel)). "Legislative privilege protects legislators from possible prosecution by an unfriendly executive and conviction by a hostile judiciary, and is one means for ensuring the independence of the legislature, in other words, it serves to preserve the constitutional structure of separate, coequal, and independent branches of government[.]" *Gilby v. Hughes*, 471 F. Supp. 3d 763, 766–67 (W.D. Tex. 2020) (internal citations omitted). The privilege applies to "any documents or information that contains or involves opinions, motives, recommendations or advice about legislative decisions between legislators or between legislators and their staff." *Jackson Mun. Airport Auth. v. Bryant*, No. 3:16-CV-246-CWR-FKB, 2017 WL 6520967, at *7 (S.D. Miss. Dec. 19, 2017) (quoting *Hall v. Louisiana*, No. 12-657-BAJ-RLB, 2014 WL 1652791, at *10 (M.D. La. Apr. 23, 2014)). The privilege does not apply, though, to "documents containing factually based information used in the decision-making process or disseminated to legislators or committees, such as committee reports and minutes of meetings," or "the materials and information available [to lawmakers] at the time a decision was made." *Comm. for a Fair & Balanced Map v. Ill. State Bd. of Elections*, No. 11 C 5065, 2011 WL 4837508, at *9 (N.D. Ill. Oct. 11, 2011) (internal quotations and citations omitted) (alteration in original).

The privilege is personal, and it may be waived or asserted by the individual legislator. *Perez*, 2014 WL 106927, at *1. "[C]ounsel for the State of Texas may not invoke the privilege on behalf of the legislator, legislative aide, or staff member." *Id.* at *2. Nor can a legislator assert or waive the privilege on behalf of another legislator. *Gilby*, 471 F. Supp. 2d at 767. "To the extent . . . that any legislator, legislative aide, or staff member had conversations or communications with any outsider (*e.g.* party representatives, non-legislators, or non-legislative

4

staff), any privilege is waived as to the contents of those specific communications." *Perez*, 2014 WL 106927, at *2.

Further, the privilege accorded to state legislators is qualified. *United States v. Gillock*, 445 U.S. 360, 373 (1980); *Jefferson Cmty. Health Care Ctrs., Inc.*, 849 F.3d at 624. The privilege "must be strictly construed and accepted only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth." *Jefferson Cmty. Health Care Ctrs. Inc.*, 849 F.3d at 624 (quoting *Perez*, 2014 WL 106927, at *1). Accordingly, in determining whether and to what extent the legislative privilege must be honored, the Court "must balance the extent to which production of the information sought would chill the [Texas] Legislature's deliberations . . . against any other factors favoring disclosure." *Rodriguez v. Pataki*, 280 F. Supp. 2d 89, 100 (S.D.N.Y. 2003). The *Rodriguez* court articulated five factors to consider in making such a determination: "(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." *Id.* at 101; *see also Veasey v. Perry*, No. 2:13-CV-193, 2014 WL 1340077, at *2 (S.D. Tex. Apr. 3, 2014) (applying the *Rodriguez* five-factor analysis); *Perez*, 2014 WL 106927, at *2.

The Court will first address whether the legislative privilege has been waived as to the documents identified in Table B of the privilege log. Next, the Court will address the remaining legislative privilege claims under the *Rodriguez* five-factor test.

### i. Waiver

LULAC contends that the documents identified in Table B indicate a waiver of the legislative privilege on its face, as these documents were obtained from or disclosed to non-legislative parties. The Court agrees.[1] The vast majority of documents identified in Table B are communications between the State Legislators and non-legislative third parties. There are two categories of such communications: (1) communications between the State Legislators and third-party organizations, constituents, lobbyists, etc.; and (2) communications between the State Legislators and executive branch offices, such as the Office of the Attorney General ("OAG"), Secretary of State, and Lieutenant Governor.

First, the legislative privilege was waived when the State Legislators communicated with parties outside the legislature, such as party leaders and lobbyists. As discussed, "[t]o the extent . . . that any legislator, legislative aide, or staff member had conversations or communications with any outsider (*e.g.* party representatives, non-legislators, or non-legislative staff), any privilege is waived as to the contents of those specific communications." *Perez*, 2014 WL 106927, at *2; *see also Gilby*, 471 F. Supp. 3d at 767; *Favors v. Cuomo*, 285 F.R.D. 187, 212 (E.D.N.Y. 2012); *Jackson Mun. Airport Auth.*, 2017 WL 6520967, at *8; *Lee v. Va. State Bd. of Elections*, No. 3:15-cv-357 (HEH-RCY), 2015 WL 9461505, at *1 (E.D. Va. Dec. 23, 2015). Therefore, the Court finds that to the extent otherwise-privileged documents or information has been shared with third parties, the legislative privilege has been waived.

Still, the State Legislators argue that the privilege has not been waived because these communications were made as part of the legislative "process of gathering facts for and

---

[1]     As identified in Table B, Documents 78 and 84 are communications between the State Legislators and the Texas Legislative Council. The Texas Legislative Council is a nonpartisan, legislative agency. As such, these communications do not constitute a waiver. These documents are subject Court's analysis in balancing the *Rodriguez* factors, *infra*.

considering election integrity legislation." ECF No. 397 at 12. To support their assertions, the State Legislators rely on numerous authorities construing the federal Constitution's Speech and Debate Clause and federal legislative immunity. *See id.* at 12–13 (citing *Watkins v. United States*, 354 U.S. 178, 187 (1957) (discussing Congress's power to conduct investigations); *Gov't of Virgin Islands v. Lee*, 775 F.2d 514, 519–20 (3d Cir. 1985) (discussing the Speech and Debate Clause and 48 U.S.C. §1572(d), the Virgin Islands' legislative immunity statute); *Miller v. Transamerican Press*, 709 F.2d 524, 530 (9th Cir. 1983) (discussing legislative privilege as applied to members of Congress); *McSurely v. McClellan*, 553 F.2d 1277, 1284 (D.C. Cir. 1976) (en banc) (discussing federal legislators' immunity under the Speech and Debate Clause)). However, the Supreme Court has made it clear that the Speech and Debate Clause does not apply to state legislators. *Gillock*, 445 U.S. at 374. As such, these authorities are unpersuasive in this context.

The State Legislators further cite three district court cases concluding that all third-party communications with state legislators are privileged: *Puente Arizona v. Arpaio*, 314 F.R.D. 64 (D. Ariz. 2016), *Thompson v. Merrill*, No. 2:16-cv-783-ECM, 2020 WL 2545317 (M.D. Ala. May 19, 2020), and *Jeff D. v. Kempthorne*, No. CV-80-4091-E-BLW, 2006 WL 2540090 (D. Idaho Sept. 1, 2006). All are unpersuasive. While *Puente Arizona* concluded that state legislators' communications with third parties were protected, in reaching that conclusion, the court relied on *Miller* and *Jewish War Veterans of the U.S. of Am., Inc. v. Gates*, 506 F. Supp. 2d 30 (D.D.C. 2007). Both *Miller* and *Jewish War Veterans* concerned the application of the legislative privilege to members of Congress through the Speech and Debate Clause, not state legislators. *Miller*, 709 F.2d at 530; *Jewish War Veterans*, 506 F. Supp. 2d at 52. *Thompson* is no more availing. There, the court relied on, and was controlled by, the Eleventh Circuit's decision

7

in *In re Hubbard*, 803 F.3d 1298 (11th Cir. 2015), concluding that third-party communications were protected by the legislative privilege. However, *Hubbard* "is inconsistent with the Fifth Circuit view (and apparent majority view) of the legislative privilege as a limited, qualified privilege."[2] *Jackson Mun. Airport Auth.*, 2017 WL 6520967, at *9. Finally, the court in *Jeff D.* cites no authority for the proposition that a state legislators' communications with third parties are privileged. *See Jeff D.*, 2006 WL 2540090, at *3. Case law within the Fifth Circuit is clear that state legislators waive the legislative privilege when they communicate with outsiders. *E.g.*, *Gilby*, 471 F. Supp. 3d at 767; *Perez*, 2014 WL 106927, at *2. This Court reaches the same conclusion here.

Similarly, the legislative privilege is waived when a state legislator communicates with executive branch officials. Again, with respect to communications between state legislators and "*any outsider* (*e.g.* party representatives, non-legislators, or non-legislative staff), any privilege is waived as to the contents of those specific communications." *Perez*, 2014 WL 106927, at *2 (emphasis added). At issue here are communications with the Office of the Attorney General, Secretary of State, and the Lieutenant Governor. ECF No. 392 at 263–88. Each of these entities are members of the executive branch, and thus constitute "outsiders." TEX. CONST. art. IV, § 1 (amended 1995) ("The Executive Department of the State shall consist of a Governor, . . . a Lieutenant Governor, Secretary of State, . . . and Attorney General."); *see also Perez*, 2014 WL 106927, at *2. Further, expanding the privilege to protect state legislators' communications with the executive branch is inconsistent with the purposes of the privilege: to protect the legislative branch from "intimidation" by the executive and judicial branches. *Gilby*, 471 F. Supp. 3d at

---

[2]     Indeed, as the *Jackson* court noted, "*Hubbard* does not recognize a distinction between the concepts of legislative privilege, legislative immunity, and the Speech and Debate Clause as applied to state legislators." *Jackson Mun. Airport Auth.*, 2017 WL 6520967, at *9 n.10.

767. As such, the Court concludes that the State Legislators' communications with the executive branch are not protected by the legislative privilege.[3]

Nonetheless, the State Legislators have asserted that the privilege extends to officials outside the legislative branch when such officials perform legislative functions. ECF No. 397 at 20. The cases the State Legislators cite in support of this proposition concern legislative immunity from suit, not legislative privilege. *See id.* Legislative immunity and legislative privilege are related concepts, but they are distinct. *Jackson Mun. Airport Auth.*, 2017 WL 6520967, at *4; *see also Harding v. County of Dallas*, No. 3:15-CV-0131-D, 2016 WL 7426127, at *2 (N.D. Tex. Dec. 23, 2016). The *Rodriguez* court offered a helpful explanation of the distinction:

> Closely related to the concept of legislative immunity is the concept of legislative privilege. Although the two doctrines are often discussed interchangeably, there is one key difference. Legislative immunity entitles a state legislator, in an appropriate case, to the dismissal of all of the claims against him or her in the complaint, much as judicial immunity entitles judges to the dismissal of suits against them arising out of the performance of their judicial functions. Legislative privilege, on the other hand, is not absolute. Thus, courts have indicated that, notwithstanding their immunity from suit, legislators may, at times, be called upon to produce documents or testify at depositions.

*Rodriguez*, 280 F. Supp. 2d at 95 (internal citations omitted). As legislative immunity and legislative privilege are distinct concepts, the Court declines to extend the privilege to executive branch officials assisting in the drafting of legislation.

The State Legislators assert that these cases are relevant because "[legislative] immunity from suit derives from the testimonial privilege, not the other way around." *Id.* (quoting *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 418 (D.C. Cir. 1995)). Yet again, the

---

[3]    The Court will analyze whether such communications with the OAG are protected by the attorney-client privilege *infra*.

authority that the State Legislators present is wholly unpersuasive. *Brown* concerns the application of the Speech and Debate Clause, which, as stated, does not apply in this context. Further, if the Court were to accept that the evidentiary privilege afforded to state legislators derived from their testimonial privilege, as the State Legislators urge, then state legislators would have qualified immunity from suit for their legislative acts. That is not the law.[4] *Perez*, 2014 WL 106927, at *2 ("While the common-law legislative immunity for state legislators is absolute, the legislative privilege for state lawmakers is, at best, one which is qualified." (internal quotations and citations omitted)).

Even assuming such cases are relevant, the State Legislators fail to meet their burden to establish that any individual from the executive branch was in fact performing a legislative function with respect to the communications at issue. Communications from legislators to the executive branch seeking guidance on formulating legislation "are not meaningfully different" from communications between legislators and constituents, lobbyists, or think-tanks. *See Gilby*, 471 F. Supp. 3d at 768. The privilege log does not explain how these communications were in relation to a legislative function. Instead, the log merely asserts that the communications were "considered when drafting legislation" or consisted of "advice" concerning pending legislation. These assertions do not show how the communications are "meaningfully different" from the legislators' communications with other outsiders, such as lobbyists.

The State Legislators' communications with the Lieutenant Governor's office require closer examination. While the Lieutenant Governor is a member of the executive branch, he is

---

[4]     The State Legislators also urge this Court to adopt the court's holding in *Texas v. Holder*, No. 12-128 (DST, RMC, RLW), 2012 WL 13070060 (D.D.C. June 5, 2012), concluding that communications between state legislators and executive agencies are privileged. *Id.* at *4. However, like the other cases the State Legislators cite, the court there relied on cases construing the Speech and Debate Clause. *See id.* at *4 (citing *Jewish War Veterans*, 506 F. Supp. 2d at 57; *McSurely*, 553 F.2d at 1287). The Court therefore declines to follow the *Texas* court's holding.

also the President of the Texas Senate. TEX. CONST. art. IV, § 16. His official duties include: (1) appointing the chairs and members of all committees and standing subcommittees; (2) announcing each reading of a bill; (3) referring each bill to a committee or standing subcommittee; (4) signing bills and joint resolutions passed by the whole legislature; (5) voting on legislation in the event of a senate tie; and (6) presiding over the senate and running the operations of the senate chamber, including recognizing members for debate and scheduling most bills for debate. Tex. S. Rules 4.01, 5.08, 7.03, 7.06, 7.23, 11.01, 12.01, 87th Leg., 2d Spec. Sess. (2021). Further, when the senate resolves into a Committee of the Whole Senate, the Lieutenant Governor may participate in debate and vote on all questions, including bills pending before the Committee of the Whole. *Id.* at 13.01–.05.

While the Lieutenant Governor has extensive, enumerated legislative functions, the State Legislators have not shown that the communications at issue involved any of these legislative functions. Rather, the communications involve the Lieutenant Governor's input on drafting legislation. The Lieutenant Governor may exercise such a right as to legislation pending before the Committee of the Whole Senate, but S.B. 1 and its predecessors were considered by the State Affairs Committee. *See, e.g.*, S.J. of Tex. 87th Leg., 2d C.S. 4 (2021). Thus, the Lieutenant Governor's communications are not meaningfully different than the State Legislators' communications with lobbyists or other third parties. As such, the Court concludes the legislative privilege is waived.

### ii. Balancing of Interests

The State Legislators have additionally asserted the legislative privilege as to several internal documents such as notes and drafts of election legislation as well as communications between the State Legislators and their staff. These documents and communications are subject

11

to the legislative privilege. Thus, the Court will weigh the *Rodriguez* factors to determine if they should nevertheless be disclosed: "(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." *Id.* at 101; *see also Veasey v. Perry*, No. 2:13-CV-193, 2014 WL 1340077, at *2 (S.D. Tex. Apr. 3, 2014) (applying the *Rodriguez* five-factor analysis); *Perez*, 2014 WL 106927, at *2.

The first factor weighs in favor of disclosure. The LULAC Plaintiffs allege that "a racially discriminatory purpose was a motivating factor in the passage of SB 1" in violation of Section 2 of the Voting Rights Act. ECF No. 207 at 52. The evidence that the LULAC Plaintiffs seek to compel is highly relevant in proving their Section 2 claim, as the documents reflect the State Legislators' contemporaneous thoughts and motivations in drafting and enacting S.B. 1.

With respect to the second factor, the availability of other evidence, litigants may prove a Section 2 claim through circumstantial or direct evidence of a discriminatory purpose.[5] *Veasey v. Abbott*, 830 F.3d 216, 230–31 (5th Cir. 2016). Thus, the State Legislators' private communications and notes are not the only evidence that would allow the LULAC Plaintiffs to prove their Section 2 claim. However, the Court concludes this factor weighs in favor of disclosure "given the practical reality that officials 'seldom, if ever, announce on the record that they are pursuing a particular course of action because of their desire to discriminate against a racial minority.'" *Veasey*, 2014 WL 1340077, at *3 (quoting *Smith v. Town of Clarkton*, 682 F.2d 1055, 1064 (4th Cir. 1982)).

---

[5]     Litigants may also prevail on a Section 2 claim by demonstrating that legislation has a discriminatory effect. *Veasey*, 830 F.3d at 243.

The third and fourth factors also weigh in favor of disclosure. The LULAC Plaintiffs raise serious questions whether S.B. 1 complies with the Voting Rights Act and the First and Fourteenth Amendments. *See* ECF No. 207 at 52–61. Additionally, the state government played a direct role in the alleged unlawful conduct. *See Comm. for a Fair & Balanced Map*, 2011 WL 4837508, at *8. As the LULAC Plaintiffs have alleged that the Texas legislature intentionally discriminated against minority voters, "the decisionmaking process . . . *is* the case." *Id.* (quoting *United States v. Bd. of Educ. of the City of Chi.*, 610 F. Supp. 695, 700 (N.D. Ill. 1985) (emphasis in original)).

The fifth and final factor, the possibility of future timidity by government officials, weighs against disclosure. "[C]ourts have long recognized that the disclosure of confidential documents concerning intimate legislative activities should be avoided." *Veasey*, 2014 WL 1340077, at *3; *see also Comm. for a Fair and Balanced Map*, 2011 WL 4837508, at *9. Even so, "'where important federal interests are at stake,' the principle of comity, which undergirds the protection of legislative independence, yields." *Bensick v. Lamone*, 263 F. Supp. 3d 551, 555 (D. Md. 2017) (quoting *Gillock*, 445 U.S. at 373). Courts have repeatedly recognized that such important federal interests include protecting the fundamental right to vote. *See, e.g.*, *id.*; *Veasey*, 2014 WL 1340077, at *2. As such, the Court finds that the need for accurate fact finding outweighs any chill to the legislature's deliberations. *See Baldus v. Brennan*, No. 11-CV-562, 11-CV-1011, 2011 WL 6122542, at *2 (E.D. Wis. Dec. 8, 2011) (concluding that the potential "chilling effect" on the state legislature "is outweighed by the highly relevant and potentially unique nature of the evidence.").

### b. Attorney-Client Privilege

The State Legislators have further asserted the attorney-client privilege protects several documents from disclosure. "[T]he attorney-client privilege protects communications made in confidence by a client to his lawyer for the purpose of obtaining legal advice. The privilege also protects communications from the lawyer to his client, at least if they would tend to disclose the client's confidential communications." *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treas.*, 768 F.2d 719, 720–21 (5th Cir. 1985) (internal citations omitted).

"[D]isclosure of attorney-client communications to a third party lacking a common legal interest will result in a waiver of the attorney-client privilege." *S.E.C. v. Brady*, 238 F.R.D. 429, 439 (N.D. Tex. 2006) (citing *In re Auclair*, 961 F.2d 65, 69 (5th Cir. 1992)). Parties have a "common legal interest" if they are "co-defendants in actual litigation" or "potential" co-defendants. *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002). "Communications between potential codefendants and their counsel are only protected if there is 'a palpable threat of litigation at the time of the communication, rather than a mere awareness that one's questionable conduct might some day result in litigation.'" *Id.* (quoting *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 711 (5th Cir. 2001)).

The LULAC Plaintiffs argue that the privilege log shows many instances of waiver. In response, the State Legislators argue that no waiver occurred as all parties to the communications shared a common legal interest in drafting legislation. ECF No. 397 at 21. However, the State Legislators have not presented, and the Court has not found, any Fifth Circuit case law concluding that parties may have a common legal interest in anything other than "actual litigation." *See In re Santa Fe Int'l Corp.*, 272 F.3d at 710–13 (discussing cases within the Fifth Circuit addressing the common-interest doctrine). Nor can the State Legislators plausibly claim

14

that a threat of litigation existed at the time of the communications. These communications concerned advice in drafting legislation that was still being debated and amended, and the legislation was not guaranteed to pass. In some cases, the legislation did in fact fail. *See* H.J. of Tex., 87th Leg., R.S. 5466 (2021) (recording SB 7's failure because the House of Representatives lacked a quorum). Consequently, the State Legislators cannot assert that the common-interest doctrine protects the communications from disclosure.

Even beyond the numerous instances of waiver, many of the communications at issue do not concern legal advice. Several of the communications concern "solicited information about incidents of voting misconduct." *See* ECF No. 392 at 284–85. Facts within the client's knowledge are not protected by the attorney-client privilege, "even if the client learned those facts through communications with counsel." *Thurmond v. Compaq Comput. Corp.*, 198 F.R.D. 475, 483 (E.D. Tex. 2000). As these communications relayed facts, not legal advice, they are not privileged.

### c.  Work-Product Protection

The State Legislators have also asserted work-product protection as to several documents. However, "[d]ocuments prepared for one who is not a party to the present suit are wholly unprotected by Rule 26(b)(3) even though the person may be a party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the present suit." 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2024 (3d ed. 1998). The State Legislators are not parties to the underlying suit, nor can they be. Thus, any assertions of work-product protection are improper.

### d. Investigative Privilege

Finally, the State Legislators have asserted an investigative privilege over eleven documents. The Fifth Circuit recognizes an investigative privilege, often referred to as a law enforcement privilege. *In Re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 568–69 (5th Cir. 2006). The privilege protects government documents relating to an ongoing criminal investigation from release. *Id.* at 569 n.2. However, the privilege "is bounded by relevance and time constraints," and

> [s]everal types of information probably would not be protected, including documents pertaining to: (1) people who have been investigated in the past but are no longer under investigation, (2) people who merely are suspected of a violation without being part of an ongoing criminal investigation, and (3) people who may have violated only civil provisions. Furthermore, the privilege lapses after a reasonable period of time.

*Id.* at 571.

It is unclear if the State Legislators may properly assert an investigatory privilege. *See id.* at 569 n.2 (observing that the law enforcement privilege is a "subcategory" of the executive privilege). However, even assuming they may assert the privilege, the State Legislators have not met their burden to show that an investigatory privilege is applicable. Jonathan White, Chief of the Elections Integrity Division at the Office of the Attorney General, avers that the documents concern "potential election code violations." ECF No. 397-11 at 3. Nowhere in the privilege log or elsewhere do the State Legislators assert that these documents concern an ongoing criminal investigation or that any investigation even occurred. As such, the Court concludes that the State Legislators have failed to show the documents are subject to an investigatory privilege.

**CONCLUSION**

For the foregoing reasons, Plaintiff LULAC's motion to compel (ECF No. 391) is

**GRANTED**. The State Legislators are **ORDERED** to produce all documents, with the exception

of DOC_0000477, as specified in Appendix A below, by **June 3, 2022**.

It is so **ORDERED**.

**SIGNED** this 25th day of May, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

17

**APPENDIX A**

| Doc. ID Number | Document Description | To/Cc/From | Privilege Asserted | Ruling |
|---|---|---|---|---|
| **DOC_0000149** | Draft of HB3 (predecessor of SB1) with Representative Andrew Murr's redlines and annotations. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_0000629** | Report from Crime Prevention Research Center on mail-in ballots and voter fraud. Two handwritten notes are on the first page of the report. | Unknown | Legislative | **PRODUCE.** The report itself is not subject to the legislative privilege because it originated from outside the legislature. The handwritten notes are privileged, but for the reasons stated in the Court's order the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_0000798** | Bill Analysis of SB 1509 (predecessor of SB1) from Representative Cain's files. Document has some handwritten marks and annotations. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_0000899** | Typed summary of Secure Democracy's opinion on HB 6 and SB 7 (predecessors of SB1). | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor |

| | | | | |
|---|---|---|---|---|
| | | | | balancing test. |
| **PDOC_0000973** | Draft of HB 6/SB 7 with redlining. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_0001053** | Drafts of proposed committee amendments to SB 7 with handwritten annotations. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_0001217** | Draft of HB 6 with Representative Cain's handwritten notes. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_0001218** | Draft of unspecified election bill with Representative Cain's handwritten notes and redlining. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_0001251** | Draft of HB 6 with handwritten notes and redlining. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor |

| | | | | |
|---|---|---|---|---|
| | | | | balancing test. |
| **PDOC_0001463** | Draft script written in for floor speech concerning passage of SB 7. First page of the document is missing. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_0001464** | Notes and bulleted talking points for Representative Cain's use regarding unspecified elections bill. Contains handwritten annotations. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_0001487** | Redlined draft of an unspecified elections bill. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000207** | Draft script written in preparation of the legislator's layout of SB 7 given on the house floor. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000209** | Notes and bulleted talking points for Representative Cain's use regarding HB 6. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor |

| | | | | |
|---|---|---|---|---|
| | | | | balancing test. |
| **DOC_0000218** | Redlined draft of HB 6. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000219** | Redlined draft of HB 6. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000220** | Redlined draft of HB 6. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000224** | Redlined draft of committee substitute of HB 6. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000225** | Redlined draft of unspecified elections bill. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor |

| | | | | |
|---|---|---|---|---|
| | | | | balancing test. |
| **DOC_0000226** | Redlined draft of HB 2478 prepared by the Texas Legislative Council. | Unknown | Legislative[6] | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000227** | Redlined draft of unspecified elections bill. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000235** | Typed notes regarding proposed interim changes to SB1. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000238** | Notes and bulleted talking points for Representative Cain's use regarding HB 6. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000247** | Notes and talking points for Representative Cain's use regarding an unspecified election bill. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court |

---

[6]     The State Legislators initially asserted that this document was also protected by the attorney-client privilege and work-product doctrine but have withdrawn their assertions. ECF No. 417.

| | | | | finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
|---|---|---|---|---|
| **DOC_0000248** | Email between Representative Cain and his Chief of Staff concerning SB 7 with PDF attachment of redlined election legislation concerning drive-thru voting. | To: Justin Williamson (Rep. Cain Chief of Staff) From: Rep. Cain | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000259** | Redlined draft of an unspecified elections bill related to curbside voting. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000269** | Redlined draft of HB 6 containing legislator's handwritten notes. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_00003746** | SB 1 conference committee report. Comparison of House and Senate Bills with the Committee updates. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_00003951** | Testimony via email to the Senate Committee on State Affairs stating opposition to SB 1's poll-watcher provisions. Document contains | To: The Senate Committee on State Affairs From: Zenobia Joseph | Legislative. | **PRODUCE.** This document is not subject to legislative privilege as it was authored by a non- |

23

| | handwritten annotations. | | | legislative third party. Rep. Murr's annotations are privileged, though, and subject to the five-factor balancing test under *Rodriguez*. |
|---|---|---|---|---|
| **PDOC_00003958**[7] | Email from Patty Ducayet, an HHS employee, stating concerns with HB 3. Document has handwritten notes at the top. | To: Logan Harrison Cc: Kristen Mills From: Patty Ducayet | Legislative | **PRODUCE.** This document is not subject to legislative privilege as it was authored by a non-legislative third party. The handwritten notes are privileged, but for the reasons stated in the Court's order the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_00003961** | Representative Bucy's bulleted talking points concerning HB 3. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_00004651** | Representative Murr's typed notes, document entitled "Recommended Technical Amendments to HB 3." Contains handwritten annotations. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |

---

[7]     The State Legislators informed the Court that the document was not completely withheld, but produced with redactions. ECF No. 417 at 3.

| PDOC_00004658 | Handwritten annotations to Representative Turner's proposed floor amendments to HB 3. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
|---|---|---|---|---|
| PDOC_00004669 | Coalition of Texas with Disabilities Report to Representative Murr concerning notice-and-cure language in SB 1018 (predecessor to SB 1). Report has Representative Murr's handwritten notes. | Unknown | Legislative. | **PRODUCE.** This document is not subject to legislative privilege as it was authored by a non-legislative third party. The handwritten notes are privileged, but for the reasons stated in the Court's order the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| PDOC_00004690 | Representative Murr's unofficial HB 3 workup that analyzes and summarizes various provisions of the bill. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| PDOC_00005253 | Proposed amendment to SB 1 with redlining. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| PDOC_00005316 | Representative Murr's notes and draft script concerning conference | Unknown | Legislative | **PRODUCE.** For the reasons stated in the |

| | committee report on SB 1. Contains handwritten notes and annotations as well as a copy of the conference committee report. | | | Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
|---|---|---|---|---|
| **PDOC_00005385** | Draft script prepared for SB 1's layout that contains handwritten notes and annotations as well as a redlined version of the SB 1 layout. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_00005402** | Comparison table analyzing, section-by-section, SB 1 as introduced and the committee substitute, with highlights and redlining. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_00005481** | Typed notes on potential amendments to SB 1 and draft language. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_00005488** | Representative Murr's handwritten notes concerning floor debate and possible remarks. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_00005488** | Document from Representative Murr's briefing book concerning drafting election legislation. Includes | From: Zachary Cochran (Rep. Bernal's Chief of Staff) | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court |

| | email correspondence between Representative Murr and Representative Bernal as well as a handwritten note. | To: dbernal.docs@gmail.com | | finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
|---|---|---|---|---|
| **DOC_0001032** | Senator Bettencourt's typed notes concerning election-fraud prosecutions in the state as well as election security concerns in Harris County. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0001071** | Email containing 9/24/2020 press release from OAG announcing joint prosecution of mail-in ballot scheme. | To: Don Barber From: Office of the Attorney General | Legislative | **PRODUCE.** This document is not subject to legislative privilege as it was authored by a non-legislative third party. |
| **DOC_0001092** | Data concerning "JA request tracking, unsolicited mail-in ballot applications" kept in Senator Bettencourt's personal file. | Unknown | Legislative | **PRODUCE.** Documents containing factually based information used in the decision-making process are not privileged. |
| **DOC_0001154** | Heritage Foundation report concerning election integrity. | Unknown | Legislative | **PRODUCE.** This document is not subject to legislative privilege as it was authored by a non-legislative third party. |
| **PDOC_0000015** | Letter from Election Integrity Project concerning HB 3 and SB 1 with a comparison of the two bills and comments from the organization. Also includes an attachment of a draft bill of SB 1 with Senator Hughes' comments. | Unknown | Legislative | **PRODUCE.** This document is not subject to legislative privilege as it was authored by a non-legislative third party. Senator Hughes' handwritten notes are privileged, though, and subject to the five-factor balancing test under |

| | | | | *Rodriguez.* |
|---|---|---|---|---|
| **PODC_0000045** | Redlined draft of HB 3 with Senator Hughes' handwritten notes and annotations. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_0000067** | Redlined draft of unspecified election bill. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_0000110** | Notes from Senator Hughes' office regarding pending election legislation and priorities for said legislation. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_0000114** | Handwritten and typed notes regarding SB 1 conference committee report. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_0000198** | Letter from Texas Association of Elections Administrators to LG Dan Patrick and Speaker Dade Phelan concerning SB 7 (predecessor to SB 1). Contains Senator Hughes' annotations. | To: LG Dan Patrick, Speaker Dade Phelan Cc: Gov. Abbott, Sec. Esparza, Texas House, Texas Senate From: Texas Association | Legislative | **PRODUCE.** This document is not subject to legislative privilege as it was authored by a non-legislative third party. The handwritten notes are |

| | | of Elections Administrators | | privileged, but for the reasons stated in the Court's order the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
|---|---|---|---|---|
| **PDOC_0002351** | Senator Hughes' typed notes summarizing certain provisions of SB 1. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_0002357** | Redlined draft of unspecified elections bill, containing comments, notes, and other annotations. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_0002393** | Redlined draft of unspecified elections bill, containing comments, notes, and other annotations. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_0002426** | Draft amendment to SB 7 containing Senator Hughes' handwritten annotations and notes. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |

| PDOC_0002431 | Draft amendment to SB 7 containing Senator Hughes' handwritten annotations and notes. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
|---|---|---|---|---|
| PDOC_0002441 | Redlined draft of SB 7. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| PDOC_0002464 | Senator Hughes' notes concerning amendments to SB 7 that contain handwritten notes and markings. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| PDOC_0002467 | Draft amendment to SB 7 containing handwritten notes by Senator Hughes. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| PDOC_0002520 | Redlined proposed amendment to unspecified election legislation, containing Senator Hughes' handwritten notes and annotations. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |

| PODC_0002530 | Typed notes concerning election legislation with handwritten annotations and markings by Senator Hughes. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
|---|---|---|---|---|
| PDOC_0002540 | Typed notes Senator Hughes prepared for meeting with Representative Murr regarding HB 3 and SB 7. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| PDOC_0002542 | Typed notes summarizing content of proposed election legislation. Contains some handwritten notes. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test.. |
| PDOC_0002546 | Typed notes concerning amendment to SB 7 with a handwritten note. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| PDOC_0002569 | Redlined draft of SB 7 with handwritten annotations. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |

| PDOC_0002609 | Redlined draft of SB 7 with comments, notes, and other annotations. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
|---|---|---|---|---|
| PDOC_0002632 | Redlined draft excerpt of SB 7 with comments, notes, and other annotations. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| PDOC_0002643 | Typed notes, titled "Election Integrity Bill Ideas." Written ideas for bills, suggestions were received from third parties outside the legislature. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| PDOC_0002660 | Redlined draft excerpt of SB 7 with comments, notes, and other annotations. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| PDOC_0002683 | Redlined draft excerpt of SB 7 with comments, notes, and other annotations. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |

| PDOC_0002708 | Redlined draft of SB 7. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
|---|---|---|---|---|
| PDOC_0002774 | A chart comparing HB 3 and SB 1 containing handwritten notes and comments. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| PDOC_0002808 | Redlined draft of SB 7 containing comments, notes, and other annotations. Many of the notes reveal comments by Elizabeth Alvarez. | Unknown | Legislative | **PRODUCE.** The comments in this draft show a waiver of the privilege by disclosing the document to a non-legislative third party. |
| PDOC_0002888 | Data concerning numbers of Democratic voters requiring assistance in Gregg County. | Unknown | Legislative | **PRODUCE.** Documents containing factually based information used in the decision-making process are not privileged. |
| PDOC_0002890 | Typed notes concerning amendments to SB 1 as well as bulleted talking points.<br><br>There is also data from an unknown source concerning applications for mail-in ballots by Democratic voters. | Unknown | Legislative | **PRODUCE.** Documents containing factually based information used in the decision-making process are not privileged. The notes and talking points are privileged, but for the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under |

| | | | | |
|---|---|---|---|---|
| | | | | the *Rodriguez* five-factor balancing test. |
| **PDOC_0002907** | Legislator's notes and talking points for floor speech concerning election legislation. | Unknown | Legislative. | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **PDOC_0002910** | A document that cross-references provisions of SB 1 with the Texas Election Code. | Unknown | Legislative | **PRODUCE.** Documents containing factually based information used in the decision-making process are not privileged. |
| **PDOC_0002920** | A document that cross-references provisions of SB 1 with the Texas Election Code. | Unknown | Legislative | **PRODUCE.** Documents containing factually based information used in the decision-making process are not privileged. |
| **PDOC_0002929** | A document that cross-references provisions of SB 1 with the Texas Election Code. | Unknown | Legislative | **PRODUCE.** Documents containing factually based information used in the decision-making process are not privileged. |
| **PDOC_0002936** | A document that cross-references provisions of SB 1 with the Texas Election Code. | Unknown | Legislative | **PRODUCE.** Documents containing factually based information used in the decision-making process are not privileged. |
| **PDOC_0002948** | A document that cross-references provisions of SB 1 with the Texas Election Code. | Unknown | Legislative | **PRODUCE.** Documents containing factually based information used in the decision-making process are not privileged. |

| PDOC_0002960 | A document that cross-references provisions of SB 1 with the Texas Election Code. | Unknown | Legislative | **PRODUCE.** Documents containing factually based information used in the decision-making process are not privileged. |
|---|---|---|---|---|
| PDOC_0002980 | A document that cross-references provisions of SB 1 with the Texas Election Code. | Unknown | Legislative | **PRODUCE.** Documents containing factually based information used in the decision-making process are not privileged. |
| PDOC_0002990 | A document that cross-references provisions of SB 1 with the Texas Election Code. | Unknown | Legislative | **PRODUCE.** Documents containing factually based information used in the decision-making process are not privileged. |
| PDOC_0003034 | Redlined draft of SB 7 containing comments, notes, annotations, and markings. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| PDOC_0003119 | Redlined draft of SB 7 containing comments, notes, annotations, and markings. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| PDOC_0003199 | Redlined draft of SB 7. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |

| DOC_00000437 | Redlined draft of conference committee report of SB 7 that contains markings and notes. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
|---|---|---|---|---|
| DOC_0000438 | Redlined draft of conference committee report of SB 7 that contains markings. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| DOC_0000439 | Redlined draft of conference committee report of SB 7 that contains markings. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| DOC_0000440 | Redlined draft of conference committee report of SB 7 that contains markings. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| DOC_0000441 | Redlined draft of SB 7. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |

| DOC_0000442 | Chart prepared by Senator Hughes' staff outlining certain provisions of SB 7. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
|---|---|---|---|---|
| DOC_0000443 | Typed notes concerning possible amendments to SB 7. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| DOC_0000447 | Notes and comments concerning objections to SB 7. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| DOC_0000455 | Typed notes summarizing SB 7. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| DOC_0000457 | Draft press release pertaining to SB 7. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |

| DOC_0000458 | Draft press release pertaining to SB 7. Contains track changes. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
|---|---|---|---|---|
| DOC_0000462 | Redlined draft of SB 7 for purposes of the Conference Committee. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| DOC_0000463 | Redlined draft of SB 7 for purposes of the Conference Committee. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| DOC_0000464 | Redlined draft of SB 7 for purposes of the Conference Committee. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| DOC_0000465 | Redlined draft of SB 7 for purposes of the Conference Committee. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |

| DOC_0000484 | Redlined draft of SB 7. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
|---|---|---|---|---|
| DOC_0000485 | Redlined draft of SB 7. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| DOC_0000486 | Redlined draft of SB 7. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| DOC_0000497 | Email correspondence concerning proposed changes to SB 7. | To: Terry Snelson (TLC); Hope Shelton (Sen. Hughes GC); Elizabeth Alvarez (Private attorney) Cc: Adam Moses (TLC); Carey Eskridge (TLC); Drew Tedford (State Affairs Comm. Director); Alix Morris (Lt. Gov); Justin Williamson From: Jessica Hart (Elections Comm. Staffer) | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived, as the communication extends to the executive branch. Further, any attorney-client privilege has been waived by disclosure to a third party (Alix Morris). Work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |

| | | | | |
|---|---|---|---|---|
| **DOC_0000508** | Email correspondence concerning proposed changes to SB 7. | To: Terry Snelson; Hope Shelton; Elizabeth Alvarez Cc: Adam Moses; Carey Eskridge; Drew Tedford; Alix Morris; Justin Williamson From: Jessica Hart | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived, as the communication extends to the executive branch. Further, any attorney-client privilege has been waived by disclosure to a third party (Alix Morris). Work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| **DOC_0000554** | Legislator's typed notes regarding proposed changes to SB 7. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000555** | Map showing Harris County drive thru and 24-hour voting locations. | Unknown | Legislative | **PRODUCE.** Documents containing factual information used in the decision-making process are not privileged. |
| **DOC_0000556** | Map showing Harris County drive thru voting locations. | Unknown | Legislative | **PRODUCE.** Documents containing factual information used in the decision-making process are not privileged. |
| **DOC_0000557** | Map showing Harris County drive thru and 24-hour voting locations. | Unknown | Legislative | **PRODUCE.** Documents containing factual information used in the decision-making process are not privileged. |

| DOC_0000539 | Typed notes concerning legislative testimony taken on SB 7. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
|---|---|---|---|---|
| DOC_0000576 | Typed, section-by-section summary of SB 7. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| DOC_0000603 | Notes and talking points, including a draft Q&A as well as a summary of negotiations with other legislators. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| DOC_0000603 | Legislator's typed notes concerning federal law on voter assistance (VRA section 208). | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| DOC_0000606 | Legislator's typed notes concerning an audit of Maricopa County, AZ's election process and how to utilize those results to inform SB 1. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |

| | | | | |
|---|---|---|---|---|
| **DOC_0000607** | Memorandum on voting assistance in the vote-by-mail context. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000628** | Memorandum and draft Q&A concerning SB 1's effects. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000629** | Talking points and draft Q&A on SB 1. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000640** | A document that cross-references provisions of SB 1 with the Texas Election Code. | Unknown | Legislative | **PRODUCE.** Documents containing factually based information used in the decision-making process are not privileged. |
| **DOC_0000640** | Notes and talking points for layout of SB 1 floor amendment. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000664** | Legislator's typed section-by-section summary of SB 1. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court |

| | | | | |
|---|---|---|---|---|
| | | | | finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000665** | Legislator's typed section-by-section summary of SB 1. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000675** | Notes and talking points, including draft Q&A on SB 1. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000695** | Redlined draft of SB 7. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000696** | Legislator's typed notes concerning federal law on voter assistance. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000697** | Legislator's typed section-by-section summary of HB 3. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative |

| | | | | |
|---|---|---|---|---|
| | | | | privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000702** | Notes and bulleted talking points for an amendment to an unspecified election bill. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000737** | Text correspondence between Senator Hughes and his general counsel concerning pending legislation. | To: Senator Hughes From: Hope Shelton | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000739** | Text correspondence between Senator Hughes and an unknown party concerning pending election legislation. | From: Senator Hughes To: Unknown[8] | Legislative | **PRODUCE.** The legislative privilege is waived as the Court cannot confirm the identity of the recipient. |
| **DOC_0000742** | Text correspondence between Senator Hughes and an unknown party concerning pending election legislation. | From: Senator Hughes To: Unknown | Legislative | **PRODUCE.** The legislative privilege is waived as the Court cannot confirm the identity of the recipient. |
| **DOC_0000743** | Text correspondence between Senator Hughes and an unknown party concerning pending election legislation. | From: Senator Hughes To: Unknown | Legislative | **PRODUCE.** The legislative privilege is waived as the Court cannot confirm the |

---

[8] The text messages were provided to the Court in PNG and JPEG format, and the privilege log does not contain any specification as to whom these communications were sent. Though the log submits the text messages are correspondence between Senator Hughes and "legislative staff," the Court has no way of confirming this. The Court also notes that it is unable to confirm the identity of the recipient because the text messages provided to the Court are, for the most part, illegible. As such, the Court finds the privilege is waived.

| | | | | identity of the recipient. |
|---|---|---|---|---|
| **DOC_0000747** | Text correspondence between Senator Hughes' general counsel and an unknown party. | From: Unknown To: Hope Shelton | Legislative | **PRODUCE.** The legislative privilege is waived as the Court cannot confirm the identity of the sender. |
| **DOC_0000748** | Text correspondence between Senator Hughes and an unknown party concerning pending election legislation. | From: Senator Hughes To: Unknown | Legislative | **PRODUCE.** The legislative privilege is waived as the Court cannot confirm the identity of the recipient. |
| **DOC_0000750** | Text correspondence between Senator Hughes and an unknown party concerning pending election legislation. | From: Senator Hughes To: Unknown | Legislative | **PRODUCE.** The legislative privilege is waived as the Court cannot confirm the identity of the recipient. |
| **DOC_0000755** | Text correspondence between Drew Tedford, Jordan Berry, and Matt Murdoch. | To: Drew Tedford (State Affairs Comm. Director) Cc: Jordan Berry[9]; Matt Murdoch (Angela Paxton Staffer) From: Unknown | Legislative | **PRODUCE.** The legislative privileged is waived with respect to communications with a non-legislative party. |
| **DOC_0000756** | Text correspondence between Senator Hughes, Jordan Berry, and Matt Murdoch. | To: Senator Hughes Cc: Jordan Berry; Matt Murdoch From: Unknown | Legislative | **PRODUCE.** The legislative privileged is waived with respect to communications with a non-legislative party. |

---

[9]     The privilege log does not specify what Mr. Berry's employment status is within the legislature. In his affidavit, Senator Hughes states that Mr. Berry is "employed by myself for communications." ECF No. 397-7 at 5. Given that legislative staffers are expressly designated as "legislative staffers" in the log and in Senator Hughes' affidavit, the Court finds that Mr. Berry is not a legislative staffer. Thus, the Court concludes the privilege is waived in communications involving Mr. Berry. *See ACORN v. County of Nassau*, No. CV05-2301(JFB)(WDW), 2007 WL 2815810, at *6 (E.D.N.Y. Sept. 25, 2007) (concluding that where a government entity retains an outside advisor, communications between the advisor and legislative actor are not subject to legislative privilege).

Case 5:21-cv-00844-XR   Document 425   Filed 05/25/22   Page 46 of 69

| DOC_0000757 | Text correspondence between Senator Hughes, Jordan Berry, and Matt Murdoch. | To: Senator Hughes<br>Cc: Jordan Berry; Matt Murdoch<br>From: Unknown | Legislative | **PRODUCE.** The legislative privileged is waived with respect to communications with a non-legislative party. |
|---|---|---|---|---|
| DOC_0000250 | Analysis of an unspecified elections bill. Log states the document was received by legislative staff from a "third party not employed by the legislature." | Unknown | Legislative | **PRODUCE.** The document is not privileged as it was produced by a non-legislative third party. |
| DOC_0000251 | Analysis of an unspecified elections bill. Log states the document was received by legislative staff from a "third party not employed by the legislature." | Unknown | Legislative | **PRODUCE.** The document is not privileged as it was produced by a non-legislative third party. |
| DOC_0000252 | Analysis of an unspecified elections bill. Log states the document was received by legislative staff from a "third party not employed by the legislature." | Unknown | Legislative | **PRODUCE.** The document is not privileged as it was produced by a non-legislative third party. |
| PDOC_00003286 | Texas Public Policy Foundation report on election integrity and policy kept in Representative Murr's files. | Unknown | Legislative | **PRODUCE.** The document is not privileged as it was produced by a non-legislative third party. |
| PDOC_00003329 | Texas Public Policy Foundation report on election integrity and policy kept in Representative Murr's files. | Unknown | Legislative | **PRODUCE.** The document is not privileged as it was produced by a non-legislative third party. |
| PDOC_00003366 | Texas Public Policy Foundation report on election integrity and policy kept in Representative Murr's files. | Unknown | Legislative | **PRODUCE.** The document is not privileged as it was produced by a non-legislative third party. |

| PDOC_00003406 | Texas Public Policy Foundation report on election integrity and policy kept in Representative Murr's files. | Unknown | Legislative | **PRODUCE.** The document is not privileged as it was produced by a non-legislative third party. |
| PDOC_00003446 | Texas Public Policy Foundation report on election integrity and policy kept in Representative Murr's files. | Unknown | Legislative | **PRODUCE.** The document is not privileged as it was produced by a non-legislative third party. |
| PDOC_00003887 | Fiscal note concerning SB 1. | From: Jerry McGinty (Director of the Legislative Budget Board) To: Lt. Gov. Patrick; Speaker Dade Phelan | Legislative | **PRODUCE.** This document is not privileged. Fiscal notes produced by the Legislative Budget Board are public information and published on Texas Legislature Online. |
| PDOC_00003889 | Criminal justice impact statement concerning SB 1. | From: Jerry McGinty To: Lt. Gov. Patrick; Speaker Dade Phelan | Legislative | **PRODUCE.** This document is not privileged. Criminal justice impact statements produced by the Legislative Budget Board are public information and published on Texas Legislature Online. |
| PDOC_00003940 | Letter to Representative Murr concerning recommendations for HB 3. Contains Representative Murr's handwritten markings and annotations. | From: Catherine Learoyd (President of the League of Women Voters) To: Representative Murr | Legislative | **PRODUCE.**  The letter is not privileged as it was authored by a non-legislative third party. Handwritten notes on the letter are privileged, though, and should be redacted. |

| | | | | |
|---|---|---|---|---|
| **DOC_0000822** | Email correspondence from a party chairman concerning pending election litigation. | From: Alan Vera (Chairman of the Republican Party Ballot Security Committee) To: Sonya Aston (Sen. Bettencourt's general counsel) | Legislative | **PRODUCE.** Any privilege has been waived as the communication is with a non-legislative third-party. |
| **DOC_0000824 D1** | Letter from Keith Ingram to OAG criminal investigation unit concerning alleged election-law violation. | From: Keith Ingram (Office of the Secretary of State, Elections Division Director) To: Jason Anderson (Office of the Attorney General) Cc: Alan Vera | Legislative; Investigative | **PRODUCE.** This document is not subject to legislative privilege as it was authored by an executive branch employee. Further, the State Legislators have not met their burden to show that the investigative privilege applies. |
| **DOC_0000834** | Email correspondence concerning proposed amendments to SB 7. | From: Bill Sargent To: Sonya Aston (Sen. Bettencourt's general counsel) | Legislative[10] | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |
| **DOC_0000835** | Attachment to the email correspondence above (B15). Document contains proposed amendments to SB 7. | From: Bill Sargent To: Sonya Aston | Legislative | **PRODUCE.** This document is not subject to legislative privilege as it was authored by a non-legislative third party. |
| **DOC_0000840** | Email correspondence concerning drive-thru voting in Harris County. | From: Alan Vera To: Sonya Aston | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third |

---

[10]     The State Legislators originally asserted both work-product and attorney-client privilege as to Documents DOC_0000834, DOC_0000840, DOC_0000845, DOC_0000850, DOC_0000865, DOC_0000868, and DOC_0000869, but have since withdrawn such assertions. ECF No. 417.

| | | | | |
|---|---|---|---|---|
| | | | | party. |
| **DOC_0000845** | Email correspondence concerning election security in Harris County. | From: Alan Vera<br>To: Sonya Aston | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |
| **DOC_0000850** | Email correspondence concerning Harris County Elections Administrator Longoria. | From: Alan Vera<br>To: Sonya Aston | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |
| **DOC_0000865** | Email correspondence concerning complaints Mr. Vera had lodged against certain individuals with the Secretary of State. | From: Alan Vera<br>To: Sonya Aston | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |
| **DOC_0000868** | Email correspondence concerning talking points for lobbyists on drive-thru voting. | From: Alan Vera<br>To: Sonya Aston | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |
| **DOC_0000869** | Email forwarding contents of communications from lobbying groups. | From: Alan Vera<br>To: Sonya Aston | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |
| **DOC_0000961** | Heritage Foundation report concerning instances of election fraud. | Unknown | Legislative | **PRODUCE.** This document is not subject to legislative privilege as it was authored by a non- |

| | | | legislative third party. |
|---|---|---|---|
| **DOC_0000967** | Letter sent via email to County Clerk of Wichita County concerning voter registration in Wichita County. | To: Lori Bohannon (County Clerk, Wichita County) Cc: Senator Springer From: Senator Bettencourt | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |
| **DOC_0000968** | Letter sent via email to County Clerk of Wichita County concerning voter registration in Wichita County. | To: Lori Bohannon Cc: Senator Springer From: Senator Bettencourt | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |
| **DOC_0001000** | Letter sent via email to County Clerk of Wichita County concerning voter registration in Wichita County. | To: Lori Bohannon Cc: Senator Springer From: Senator Bettencourt | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |
| **DOC_0001001** | Letter sent via email to County Clerk of Wichita County concerning voter registration in Wichita County. | To: Lori Bohannon Cc: Senator Springer From: Senator Bettencourt | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |
| **DOC_0001055** | Email correspondence from legislator's staff to OAG concerning an election complaint. | To: Ryan Fisher (OAG) Cc: Benjamin Barkley (Sen. Bettencourt staffer); Marc Salvato (Sen. Bettencourt staffer) From: Don Barer (Sen. Bettencourt staffer) | Legislative; investigative[11] | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third-party. Further, the State |

---

[11]     The State Legislators initially asserted that this document was also subject to attorney-client privilege, but have since withdrawn their assertion. ECF No. 417.

| | | | | Legislators have not met their burden to show that the investigative privilege applies. |
|---|---|---|---|---|
| **DOC_0001056 D3** | Email correspondence with attachments relating to alleged election law violations. | To: Don Barber; Benjamin Barkely<br>From: Alan Vera | Legislative; investigative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third-party.   Further, the State Legislators have not met their burden to show that the investigative privilege applies. |
| **DOC_0001057 D4** | Attachment to correspondence discussed above (B29). Attachment is a video of Rep. Eastman speaking to voters. | To: Don Barber; Benjamin Barkely<br>From: Alan Vera | Legislative; investigative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third-party.   Further, the State Legislators have not met their burden to show that the investigative privilege applies. |
| **DOC_0001058 D5** | Attachment to correspondence discussed above (B29). Attachment is an election complaint to the Secretary of State. | To: Don Barber; Benjamin Barkely<br>From: Alan Vera | Legislative; investigative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third-party.   Further, the State Legislators have not met their burden to show that the investigative privilege applies. |
| **DOC_0001059 D6** | Attachment to correspondence discussed above (B29). Attachment | To: Don Barber; Benjamin Barkely | Legislative; investigative | **PRODUCE.** The legislative privilege has |

| | is an informational pamphlet from Rep. Eastment on mail-in voting. | From: Alan Vera | | been waived as the communication is with a non-legislative third-party.  Further, the State Legislators have not met their burden to show that the investigative privilege applies. |
|---|---|---|---|---|
| **DOC_0001062 D7** | Email correspondence with attachments relating to alleged election law violations. | To: Don Barber; Benjamin Barkely<br>From: Alan Vera | Legislative; investigative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third-party.  Further, the State Legislators have not met their burden to show that the investigative privilege applies. |
| **DOC_0001063 D8** | Attachment to correspondence discussed above (B33). Attachment is an application for a mail-in ballot. | To: Don Barber; Benjamin Barkely<br>From: Alan Vera | Legislative; investigative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third-party.  Further, the State Legislators have not met their burden to show that the investigative privilege applies. |
| **DOC_0001064 D9** | Attachment to correspondence discussed above (B33). Attachment is an election complaint to the secretary of state. | To: Don Barber; Benjamin Barkely<br>From: Alan Vera | Legislative; investigative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third-party.  Further, the State Legislators have not met their burden to show that |

| | | | | the investigative privilege applies. |
|---|---|---|---|---|
| **DOC_0001066 D10** | Email correspondence concerning alleged election-law violations in requests for mail-in ballots. | To: Don Barber; Benjamin Barkely From: Alan Vera | Legislative; investigative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third-party.   Further, the State Legislators have not met their burden to show that the investigative privilege applies. |
| **DOC_0001067 D11** | Attachment to correspondence discussed above (B36). A spreadsheet containing the names, addresses, dates of birth, gender, voter IDs, and notes concerning partisanship of persons suspected of election-law violations in requesting a mail-in ballot. | To: Don Barber; Benjamin Barkely From: Alan Vera | Legislative; investigative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third-party.   Further, the State Legislators have not met their burden to show that the investigative privilege applies. |
| **DOC_0001071** | Emailed copy of a press release from Attorney General Paxton's office concerning prosecution of alleged election-law violations. | To: Don Barber From: Office of the Attorney General | Legislative | **PRODUCE.** This document is not subject to legislative privilege as it was authored by an executive branch employee. |
| **DOC_0001128** | Heritage Foundation report concerning election fraud cases. | Unknown | Legislative | **PRODUCE.** The document is not privileged as it was produced by a non-legislative third party. |
| **DOC_0001151** | Public Interest Legal Foundation report concerning best practices for achieving integrity in voter | Unknown | Legislative | **PRODUCE.** The document is not privileged as it was |

| | registration. | | | produced by a non-legislative third party. |
|---|---|---|---|---|
| **DOC_0001154** | Heritage Foundation report concerning election integrity. | Unknown | Legislative | **PRODUCE.** The document is not privileged as it was produced by a non-legislative third party. |
| **DOC_0000287** | Survey of county clerks concerning voting at residential-care facilities contained in the Senate Committee on Election Security's file. | Unknown | Legislative | **PRODUCE.** Documents containing factual information used in the decision-making process are not privileged. |
| **DOC_0000289** | Letters on behalf of the Senate Select Committee on Election Security to numerous county elections administrators requesting a precinct-by-precinct breakdown of the mail ballot results for the March 6, 2018 election in the administrator's respective county. | To: Jose Salvador Tellez; Kathryn Nealy; Kara Sands; Toni Pippins-Poole; Brenda Samples; Lupe Torres From: Sen. Bettencourt, on behalf of the Senate Select Committee on Elections Security | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third-party. |
| **DOC_0000290** | Letters on behalf of the Senate Select Committee on Election Security to Dallas County Elections Administrator requesting a precinct-by-precinct breakdown of the mail ballot results for the March 6, 2018 election in the Dallas County. | To: Toni Pippins-Poole; From: Sen. Hughes, on behalf of the Senate Select Committee on Elections Security | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third-party. |
| **DOC_0000321** | Forwarded email from Starr County DA with proposed election legislation. | To: Drew Tedford From: Jonathan White | Legislative; attorney-client | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third-party. Additionally, this communication was not |

| | | | | for the purpose of obtaining legal advice so the attorney-client privilege does not apply. |
|---|---|---|---|---|
| **DOC_0000329** | Forwarded email that Keith Ingram previously sent to Alan Vera concerning election procedures. | To: Drew Tedford From: Keith Ingram | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |
| **DOC_0000369** | Letters on behalf of the Senate Select Committee on Election Security to numerous county elections administrators requesting a precinct-by-precinct breakdown of the mail ballot results for the March 6, 2018 election in the administrator's respective county. | To: Jose Salvador Tellez; John Lee Rodriguez; Kathryn Nealy; Kara Sands; Toni Pippins-Poole; Brenda Samples; Lupe Torres From: Sen. Bettencourt, on behalf of the Senate Select Committee on Elections Security | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |
| **DOC_0000371** | Email correspondence concerning complaints of election-law violations pending with the SOS and referred to the OAG. | To: Drew Tedford From: Keith Ingram | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with an executive branch official. |
| **DOC_0000372** | Attachment to email correspondence discussed above (B48). Report containing pending complaints of election-law violations reported to the SOS. | To: Drew Tedford From: Keith Ingram | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with an executive branch official. |
| **DOC_0000394** | Email from Dallas County responding to Senator Hughes' request for a precinct-by-precinct breakdown of the mail ballot results in the March 6, 2018 primary elections. | To: Drew Tedford From: James R. Palomo (ADA for Dallas County) | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |

| DOC_0000395 | Attachment to email correspondence discussed above (B50). Precinct-by-precinct breakdown of mail-in votes for the March 2018 Democratic primary election. | To: Drew Tedford From: James R. Palomo | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |
|---|---|---|---|---|
| DOC_0000396 | Attachment to email correspondence discussed above (B50). Precinct-by-precinct breakdown of mail-in votes for the March 2018 Republican primary election. | To: Drew Tedford From: James R. Palomo | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |
| DOC_0000397 | Letters on behalf of the Senate Select Committee on Election Security to Dallas County Elections Administrator requesting a precinct-by-precinct breakdown of the mail ballot results for the March 6, 2018 election in the Dallas County. | To: Toni Pippins-Poole; From: Sen. Hughes, on behalf of the Senate Select Committee on Elections Security | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |
| DOC_0000449 | Data assessing early voting statistics. | Unknown | Legislative | **PRODUCE.** Documents containing factual information used in the decision-making process are not privileged. |
| DOC_0000501 | Email correspondence concerning drafting instructions and proposed language for SB 7. | To: Elizabeth Alvarez; Tracy Snelson Cc: Adam Moses; Carey Eskridge; Drew Tedford; Alix Morris; Hope Shelton; Justin Williamson From: Jessica Hart | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the |

| | | | |
|---|---|---|---|
| | | | documents were not prepared by parties to the underlying suit. |
| **DOC_0000503** | Email regarding draft language for SB 7 with attachment. | To: Drew Tedford<br>From: Alix Morris | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |
| **DOC_0000504** | Attachment to email correspondence discussed above (B57). Attachment is a redlined draft of SB 7. | To: Drew Tedford<br>From: Alix Morris | Legislative | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third party. |
| **DOC_0000512** | Email correspondence concerning drafting instructions and proposed language for SB 7. | To: Elizabeth Alvarez; Tracy Snelson<br>Cc: Adam Moses; Carey Eskridge; Drew Tedford; Alix Morris; Hope Shelton; Justin Williamson<br>From: Jessica Hart | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| **DOC_0000517** | Email correspondence concerning drafting instructions and proposed language for SB 7. | To: Jessica Hart<br>Cc: Adam Moses; Carey Eskridge; Drew Tedford; Alix Morris; Hope Shelton; Justin Williamson<br>From: Elizabeth Alvarez | Legislative; attorney-client | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the |

| | | | attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
|---|---|---|---|
| **DOC_0000518** | Email correspondence concerning drafting instructions and proposed language for SB 7. | To: Jessica Hart<br>Cc: Adam Moses; Carey Eskridge; Drew Tedford; Alix Morris; Hope Shelton; Justin Williamson<br>From: Elizabeth Alvarez | Legislative; attorney-client | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| **DOC_0000519** | Email correspondence concerning drafting instructions and proposed language for SB 7. | To: Jessica Hart; Elizabeth Alvarez; Tracy Snelson<br>Cc: Adam Moses; Carey Eskridge; Drew Tedford; Alix Morris; Justin Williamson<br>From: Hope Shelton | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the |

| | | | | documents were not prepared by parties to the underlying suit. |
|---|---|---|---|---|
| **DOC_0000520** | Email correspondence concerning drafting instructions and proposed language for SB 7. | To: Hope Shelton; Elizabeth Alvarez; Tracy Snelson<br>Cc: Adam Moses; Carey Eskridge; Drew Tedford; Alix Morris; Justin Williamson<br>From: Jessica Hart | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| **DOC_0000521** | Email correspondence concerning drafting instructions and proposed language for SB 7. | To: Hope Shelton; Elizabeth Alvarez; Jessica Hart<br>Cc: Adam Moses; Carey Eskridge; Drew Tedford; Alix Morris; Justin Williamson<br>From: Tracy Snelson | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| **DOC_0000522** | Email correspondence concerning drafting instructions and proposed language for SB 7. | To: Hope Shelton; Elizabeth Alvarez; Tracy Snelson | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the |

| | | Cc: Adam Moses; Carey Eskridge; Drew Tedford; Alix Morris; Justin Williamson<br>From: Jessica Hart | | communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
|---|---|---|---|---|
| **DOC_0000523** | Email correspondence concerning drafting instructions and proposed language for SB 7. | To: Hope Shelton; Elizabeth Alvarez; Tracy Snelson; Jessica Hart<br>Cc: Carey Eskridge; Drew Tedford; Alix Morris; Justin Williamson<br>From: Adam Moses | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| **DOC_0000524** | Email correspondence with attachment concerning drafting instructions and proposed language for SB 7. | To: Hope Shelton; Elizabeth Alvarez; Tracy Snelson; Adam Moses<br>Cc: Carey Eskridge; Drew Tedford; Alix Morris; Justin Williamson<br>From: Jessica Hart | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the |

| | | | | |
|---|---|---|---|---|
| | | | | communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| **DOC_0000525** | Attachment to email correspondence discussed above (B68). Attachment is draft of SB 7. | To: Hope Shelton; Elizabeth Alvarez; Tracy Snelson; Adam Moses Cc: Carey Eskridge; Drew Tedford; Alix Morris; Justin Williamson From: Jessica Hart | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| **DOC_0000527** | Email correspondence concerning drafting instructions and proposed language for SB 7. | To: Jessica Hart Cc: Alix Morris; Drew Tedford; Hope Shelton From: Elizabeth Alvarez | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |

| DOC_0000528 | Email correspondence concerning drafting instructions and proposed language for SB 7. | To: Elizabeth Alvarez Cc: Alix Morris; Drew Tedford; Hope Shelton From: Jessica Hart | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| --- | --- | --- | --- | --- |
| DOC_0000529 | Email correspondence with attachment concerning drafting instructions and proposed language for SB 7. | To: Elizabeth Alvarez Cc: Alix Morris; Drew Tedford; Hope Shelton From: Jessica Hart | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| DOC_0000530 | Attachment to email correspondence discussed above (B72). Attachment is typed notes concerning proposed edits and amendments to SB 7. | To: Elizabeth Alvarez Cc: Alix Morris; Drew Tedford; Hope Shelton From: Jessica Hart | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the |

| | | | |
|---|---|---|---|
| | | | attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| **DOC_0000531** | Email correspondence concerning drafting instructions and proposed language for SB 7. | To: Elizabeth Alvarez Cc: Alix Morris; Drew Tedford; Hope Shelton From: Jessica Hart | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| **DOC_0000532** | Attachment to email correspondence discussed above (B74). Attachment is typed notes concerning proposed edits and amendments to SB 7. | To: Elizabeth Alvarez Cc: Alix Morris; Drew Tedford; Hope Shelton From: Jessica Hart | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the |

| | | | |
|---|---|---|---|
| | | | documents were not prepared by parties to the underlying suit. |
| **DOC_0000533** | Email correspondence concerning drafting instructions and proposed language for SB 7. | To: Elizabeth Alvarez Cc: Alix Morris; Drew Tedford; Hope Shelton From: Jessica Hart | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| **DOC_0000534** | Attachment to email correspondence discussed above (B76). Attachment is typed notes concerning proposed edits and amendments to SB 7. | To: Elizabeth Alvarez Cc: Alix Morris; Drew Tedford; Hope Shelton From: Jessica Hart | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| **DOC_0000538** | Draft of SB 7 prepared by TLC. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court |

| | | | | |
|---|---|---|---|---|
| | | | | finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| **DOC_0000539** | Email correspondence with attachment concerning drafting instructions and proposed language for SB 7. | To: Adam Moses; Carey Eskridge Cc: Drew Tedford; Elizabeth Alvarez; Alix Morris; Hope Shelton; Justin Williamson From: Jessica Hart | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| **DOC_0000540** | Attachment to email correspondence discussed above (B79). Attachment is typed notes concerning proposed edits and amendments to SB 7. | To: Adam Moses; Carey Eskridge Cc: Drew Tedford; Elizabeth Alvarez; Alix Morris; Hope Shelton; Justin Williamson From: Jessica Hart | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| **DOC_0000541** | Email correspondence to legislative staffers concerning proposed | To: Alexander Hammond; Marc Salvato; Anna | Legislative | **PRODUCE.** The legislative privilege has |

| | | | |
|---|---|---|---|
| | changed to SB 7 during reconciliation process. | Barnett; Josh Reyna; Aaron Harris; Carrie Smith; Tara Clements; Peter Einhorn; Margaret Wallace; Amy Lane; Stacey Chamberlin; Luis Moreno; Molly K Spratt; Cody Terry; Deisy Jaimes; Chris Steinbach; Ruben O'Bell; Pearl Cruz; Robert Borja; Dave Nelson; Angus Lupton; Randy Samuelson; Matthew Dowling; Garry Jones; Drew Graham; Johanna Kim; Terry Franks; Cari Christman; Laujana Barton; Lara Wendler; Jorge Ramirez<br>Cc: Alix Morris; Hope Shelton<br>From: Drew Tedford | | been waived as the communication includes a non-legislative third party. |
| DOC_0000546 | Email correspondence with attachment between private attorney and legislative staffers concerning proposed changes to SB 7. | To: Jessica Hart; Sloan Byerly; Alix Morris; Drew Tedford<br>From: Elizabeth Alvarez | Attorney-client; Legislative | **PRODUCE.** The legislative privilege has been waived as the communication includes non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. |
| DOC_0000547 | Attachment to correspondence discussed above (B82). Attachment is redlined draft of SB 7. | To: Jessica Hart; Sloan Byerly; Alix Morris; Drew Tedford<br>From: Elizabeth Alvarez | Attorney-client; Legislative | **PRODUCE.** The legislative privilege has been waived as the communication includes |

| | | | | non-legislative third parties. Additionally, the attorney-client privilege has been waived as third parties are included in the communication. |
|---|---|---|---|---|
| DOC_0000602 | Unknown legislator's typed notes regarding Texas election system, citizenship verification, and enforcement of election laws. | Unknown | Legislative | **PRODUCE.** For the reasons stated in the Court's order, the Court finds that the legislative privilege is excused under the *Rodriguez* five-factor balancing test. |
| DOC_0000619 | Email correspondence providing information regarding an alleged instance of election fraud in Hidalgo in 2016. | To: Drew Tedford From: Jonathan White (OAG) | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third-party. Additionally, this communication was not for the purpose of obtaining legal advice, so the attorney-client privilege does not apply. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| DOC_0000624 | Attachment to email correspondence discussed above (B85). Attachment is a court transcript from the criminal trial on the alleged election fraud. | To: Drew Tedford From: Jonathan White | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third-party. |

| | | | | |
|---|---|---|---|---|
| | | | | Additionally, this communication was not for the purpose of obtaining legal advice, so the attorney-client privilege does not apply. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| **DOC_0000715** | Email correspondence concerning SB 9 and compliance with federal law. | To: Alix Morris<br>Cc: Drew Tedford<br>From: Jonathan White | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication is between non-legislative third parties. Additionally, the State Legislators have not shown the existence of an attorney-client relationship between Senator Hughes and/or his staff and the OAG or the Lieutenant Governor and his staff. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| **DOC_0000734** | Text correspondence concerning solicited information about election fraud. | To: Unknown<br>From: Jonathan White | Legislative; attorney-client; work-product | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third- |

| | | | | |
|---|---|---|---|---|
| | | | | party. Additionally, the communication was not for the purpose of obtaining legal advice and the attorney-client privilege does not apply. Finally, work-product protections do not apply as the documents were not prepared by parties to the underlying suit. |
| **DOC_000070** | Text correspondence concerning solicited information about election fraud. | To: Unknown From: Jonathan White | Legislative; attorney-client | **PRODUCE.** The legislative privilege has been waived as the communication is with a non-legislative third-party. Additionally, the communication was not for the purpose of obtaining legal advice and the attorney-client privilege does not apply. |
| **DOC_0000477** | Comparison chart prepared by an unknown legislator's general counsel summarizing changes made to SB 7 and suggestions to amend certain provisions. | Unknown | Legislative; attorney-client; work-product | **PRIVILEGED.**[12] The document was prepared by counsel for the purpose of providing legal advice, and it is subject to the attorney-client privilege. |

---

[12]       The Court construes this assertion of attorney-client privilege liberally on behalf of the State Legislators. Neither the log nor document itself indicate the name of the author, with whom the document was shared, or any other relevant information. The log merely indicates that the document was created "by general counsel [for] legislator's use at Conference Committee[.]" ECF No. 392 at 285.