**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*,<br>*Plaintiffs*,<br><br>v.<br><br>GREGORY W. ABBOTT, *et al.*,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 5:21-cv-844-XR<br>[Lead Case] |
| LULAC TEXAS, *et al.*,<br>*Plaintiffs*,<br><br>v.<br><br>JOHN SCOTT, *et al.*,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:21-cv-0786-XR<br>[Consolidated Case] |

**UNOPPOSED MOTION FOR STAY PENDING APPEAL**

Third-party legislators Senator Hughes, Senator Bettencourt, Representative Cain, and Representative Murr respectfully request a stay pending appeal of the Court's order granting the LULAC Plaintiffs' motion to compel. *See* ECF 425.

The legislators satisfy the four factors courts consider when granting stays pending appeal. *See, e.g.*, *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011). First, the legislators are likely to succeed on the merits for the reasons identified in their briefing and at argument, see ECF 397, including because the Court's ruling conflicts with the decisions of three Circuit Courts on a question of law over the scope of the legislative privilege that is unsettled in the Fifth Circuit. *See Am. Trucking Ass'ns, Inc. v. Alviti*, 14 F.4th 76 (1st Cir. 2021); *Lee v. City of Los Angeles*, 908 F.3d 1175 (9th Cir. 2018); *In re Hubbard*, 803 F.3d 1298 (11th Cir. 2015). Second, absent a stay, the legislators face irreparable injury because the court's order requires the disclosure of privileged information before appellate review could be completed, even with an

expedited schedule. *See* ECF 425 at 17 (setting a deadline of June 3, 2022). Third, a stay will not substantially injure the LULAC Plaintiffs because, as explained in more detail below, the parties have agreed to propose an expedited briefing schedule on appeal. Fourth, protecting legislative privilege promotes the public interest in good government and better-informed legislation. *See Tenney v. Brandhove*, 341 U.S. 367, 377 (1951); *Lee*, 908 F.3d at 1187.

LULAC Plaintiffs agree not to oppose the legislators' motion to stay in order to more expeditiously resolve the issues raised by the legislators' forthcoming interlocutory appeal. To that end, Plaintiffs and the legislators have agreed to negotiate an expedited schedule to fully brief the legislators' appeal by the end of July. By agreeing not to oppose the legislators' motion to stay, and further agreeing to an expedited briefing schedule, the Plaintiffs do not concede that the legislators are able to satisfy the relevant stay factors. Plaintiffs also do not waive any argument that might be presented to the Court of Appeals. Similarly, Plaintiffs reserve the right to ask this Court for further relief if, for any reason, the parties are not able to expeditiously resolve the issues on appeal.

The legislators respectfully request that the Court enter a stay pending appeal.

Date: May 27, 2022

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Respectfully submitted.

*/s/ Patrick K. Sweeten*
Patrick K. Sweeten
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

William T. Thompson
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**Counsel for the Third-Party Legislators**

## CERTIFICATE OF CONFERENCE

I certify that counsel for the third-party legislators conferred with counsel for the LULAC Plaintiffs about the foregoing motion on May 26 and 27, 2022. Counsel for the LULAC Plaintiffs have stated that their clients do not oppose a stay pending appeal so long as the third-party legislators do not oppose an agreed expedited briefing schedule in the Fifth Circuit.

*/s/ Patrick K. Sweeten*
Patrick K. Sweeten

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on May 27, 2022, and that all counsel of record were served by CM/ECF.

*/s/ Patrick K. Sweeten*
Patrick K. Sweeten