UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 5:21-CV-844 (XR) |
| v. | § § | (Consolidated Cases) |
| GREGORY W. ABBOTT, *et al.*, | § § | |
| *Defendants*. | § § | |

**STATE DEFENDANTS' ANSWER TO UNITED STATES' AMENDED COMPLAINT**

The State of Texas and Texas Secretary of State John Scott in his official capacity (collectively "State Defendants"), file this original answer to the United States' Amended Complaint (ECF 131).

**ANSWER**

State Defendants deny every allegation contained in the United States' Amended Complaint except for those expressly admitted. *See* Fed. R. Civ. P. 8(b). The headings and paragraphs below directly correlate to the sections and numbered paragraphs of that complaint. Titles that are reproduced in this Answer are included for organizational purposes only, and State Defendants do not admit any matter contained therein.

1. State Defendants admit that the Texas Legislature enacted SB1 in August 2021 but deny that the legislation unlawfully restricts eligible voters' ability to cast a vote or to have that vote counted.

2. State Defendants admit that the United States challenges provisions of SB1. Otherwise, denied.

3. Denied.

4. State Defendants deny all allegations in this paragraph.

1

5. State Defendants deny that SB1 requires voters to provide the same identification number that was provided when registering to vote rather than to provide information that identifies the same voter identified on the voter's application for voter registration. State Defendants admit that Texas did not have universal mail-in voting before the passage of SB1. State Defendants deny all other remaining allegations in this paragraph.

6. State Defendants admit that the United States Attorney General asserts this action has been filed pursuant to the statutory provisions listed. State Defendants deny that these causes of action are meritorious and deny that United States can meet its burden to demonstrate this Court's jurisdiction over all claims and relief sought in this case.

7. This Paragraph contains the United States' characterizations of Section 208 of the Voting Rights Act. That statute speaks for itself. State Defendants deny the United States' characterizations of that statute to the extent they are inconsistent with the statute itself.

8. This Paragraph contains the United States' characterizations of Section 101 of the Civil Rights Act of 1964. That statute speaks for itself. State Defendants deny the United States' characterizations of that statute to the extent they are inconsistent with the statute itself.

## JURISDICTION AND VENUE

9. State Defendants deny that the United States' causes of action are meritorious and deny that the United States can meet its burden to demonstrate this Court's jurisdiction over all claims and relief sought in this case. They admit that the Court would have jurisdiction over a properly pleaded claim arising under the cited statutes.

10. Admit.

**PARTIES**

11. State Defendants deny that they are proper defendants in this case. They admit that the Attorney General of the United States would be authorized in some cases to file a civil action against a proper defendant.

12. Admit.

13. State Defendants deny that the Office of the Texas Secretary of State is solely responsible to implementing the provisions of SB1 challenged in this suit. State Defendants further deny that the Texas Secretary of State is not immune from suit in this case and that this Court possesses jurisdiction to reach the merits of this suit. Otherwise, admitted.

**ALLEGATIONS**

**THE STATE OF TEXAS**

14. This paragraph includes the United States' characterization of court decisions. Those decisions speak for themselves, and State Defendants deny the United States' sweeping characterizations of those opinions. State Defendants deny that any past voting-related discrimination can be imputed to the passage or implementation of SB1 or in any way tends to prove the United States' claims in this case. State Defendants admit that federal courts have found portions of other Texas laws to be discriminatory, often under the standard imposed by Section 5 of the Voting Rights Act, which is neither relevant nor applicable to the legal dispute in this case. Otherwise, denied.

15. Denied.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. The United States does not include a citation to the source of this statistical information, and thus State Defendants lack the knowledge or information sufficient to form a belief about the allegations in this paragraph and, therefore, deny them.

21. Admitted.

22. State Defendants admit that nearly all Texas counties provide ballots in English and Spanish. Otherwise, denied.

23. Admitted.

24. Admitted.

**Senate Bill 1**

25. Admitted.

26. State Defendants admit that in 2020 voter turnout was nearly 67% of registered voters and thus the highest voter turnout percentage since the 1992 general election. State Defendants lack the knowledge or information necessary for form a belief about the remaining allegations in this paragraph and, therefore, deny them.

27. State Defendants deny that the Office of the Attorney General of Texas is the sole source of prosecutions or convictions for election-related offenses in the State of Texas. State Defendants admit that the funding dedicated to the Election Integrity Division increased over the time period stated. State Defendants deny the United States' characterizations that are contained in this paragraph. During the stated time period, the Office of the Attorney General obtained multiple guilty pleas that resulted in deferred adjudication as well as multiple admissions of guilt that were resolved in diversion programs, none of which were included in the allegations contained in this paragraph. Additionally, at least 16 individuals were prosecuted during the referenced time period, resulting in election related convictions.

28. State Defendants lack the knowledge or information sufficient to form a belief about the allegations in this paragraph and, therefore, deny them at this time.

29. State Defendants admit that Governor Abbott declared election integrity as an emergency item for the regular session of the Eighty-Seventh Texas Legislature. Otherwise, denied.

30. State Defendants admit that Senate Bill 7 and House Bill 6 were related to elections and were introduced in March 2021. This paragraph contains the United States' characterization of the legislative history related to those bills, and State Defendants aver that this legislative history speaks for itself. State Defendants deny any other characterizations made by the United States in this paragraph.

31. Admitted.

32. State Defendants admit the first sentence contained in this paragraph. As to the paragraph's second sentence, State Defendants are unclear what the term "midway" through the session references and aver that the legislative record speaks for itself, and therefore deny on that basis.

33. Admitted.

34. Admitted.

35. State Defendants admit that SB1 went into effect on December 2, 2021, and that the legislation is currently in effect.

**Voter Assistance in Texas Prior to SB1**

36. State Defendants deny that Texas law divides voter assistance into two categories or limits the assistance that may be made available to voters in order to comply with federal and state law. State Defendants admit that Texas law provides for voter assistance and language interpretation. This Paragraph contains the United States' characterizations of Chapter 61, Subchapter B and Chapter 64, Subchapter B of the Texas Election Code. Those statutes speak for themselves. State Defendants deny the United States' characterizations of those statutes to the extent they

5

are inconsistent with the statutes themselves. State Defendants deny all other remaining allegations in this paragraph.

37. This Paragraph contains the United States' characterizations of Texas Election Code Section 64.0321. That statute speaks for itself. State Defendants deny the United States' characterizations of that statute to the extent they are inconsistent with the statute itself. State Defendants deny all other remaining allegations in this paragraph.

38. Admitted.

39. State Defendants deny that any materials issued by Disability Rights Texas were adopted or endorsed by the Office of the Texas Secretary of State. State Defendants admit that the Secretary of State's website contained presentations from Disability Rights Texas and other private groups during the time range noted. State Defendants deny all other remaining allegations in this paragraph.

40. State Defendants deny that any materials issued by Disability Rights Texas were adopted or endorsed by the Office of the Texas Secretary of State. State Defendants admit that the Secretary of State's website contained presentations from Disability Rights Texas and other private groups. State Defendants deny all other remaining allegations in this paragraph.

**Voter Assistance Requirements of SB1**

41. State Defendants admit that SB1 revised the language of the oath for voter assistance. State Defendants admit that the quoted text accurately reflects the language of Section 6.04 of SB1. That provision speaks for itself. Otherwise, denied.

42. This Paragraph contains the United States' characterizations of the oath for individuals providing voter assistance contained in SB1. The language of the oath speaks for itself and is contained in SB1. State Defendants deny the United States' characterizations of the oath to the extent it is inconsistent with the language of the oath itself.

43. Denied.

44. Denied.

45. State Defendants admit that multiple witnesses testified regarding voter assistance. Otherwise, denied.

**Mail Voting in Texas Prior to SB1**

46. This Paragraph contains the United States' characterization of Section 11.002 of the Texas Election Code. That statute speaks for itself. State Defendants deny the United States' characterization of this statute to the extent that it is inconsistent with the statute itself.

47. This Paragraph contains the United States' characterizations of multiple provisions of the Texas Election Code. Those statutes speak for themselves. State Defendants deny the United States' characterizations of these statutes to the extent that they are inconsistent with the statutes themselves.

48. State Defendants deny that Section 84.001 of the Texas Election Code was not amended by SB1. This Paragraph contains the United States' characterization of Section 84.001. That statute speaks for itself. State Defendants deny the United States' characterization of this statute to the extent that it is inconsistent with the statute itself

49. State Defendants admit that SB1 did not amend Section 86.008 of the Texas Election Code. This Paragraph contains the United States' characterization of Section 86.008. That statute speaks for itself. State Defendants deny the United States' characterization of this statute to the extent that it is inconsistent with the statute itself.

50. State Defendants admit that SB1 amended 84.002 of the Texas Election Code by adding subsection (a)(1-a). This Paragraph contains the United States' characterization of Section 84.002 prior to the passage of SB1. That statute speaks for itself. State Defendants deny the

United States' characterization of this statute to the extent that it is inconsistent with the statute itself.

51. This Paragraph contains the United States' characterization of the Texas Election Code prior to the passage of SB1. Those statutes speak for themselves. State Defendants deny the United States' characterizations of those statutes to the extent they are inconsistent with the statutes themselves. State Defendants deny all other remaining allegations in this paragraph.

52. State Defendants admit that under the Texas Election Code, the Secretary of State assists and advises election authorities but deny that any such guidance is mandatory on this issue. State Defendants admit that the best practice for an early voting clerk that receives an application for ballot by mail containing a different last name from the name the voter registered under is not to reject the application if the clerk is able to confirm that the individual is a registered voter of the political subdivision. The early voting clerk should then advise the voter that the early voting ballot board may reject the ballot later when it reviews the name on the carrier envelope compared to the name on the list of registered voters, and thus the voter should update their information as to name so that the clerk can then process the application. State Defendants deny all other remaining allegations in this paragraph.

53. Denied. State Defendants deny that guidance provided to election authorities by the Office of the Secretary of State is mandatory on this issue. State Defendants further deny that applications for ballot by mail could not be validly rejected for other deficiencies unrelated to the address information provided. The voter must still be otherwise qualified to vote by mail and the application must meet all other requirements in order to be processed.

54. State Defendants admit that SB1 did not amend Section 84.014 of the Texas Election Code. State Defendants deny that SB1 did not amend Section 86.001 of the Texas Election Code. This Paragraph contains the United States' characterizations of Sections 84.014 and 86.001. Those

statutes speak for themselves. State Defendants deny the United States' characterizations of these statutes to the extent that they are inconsistent with the statutes themselves.

55. State Defendants admit that SB1 did not amend Section 86.005 of the Texas Election Code. This Paragraph contains the United States' characterization of Section 86.005. That statute speaks for itself. State Defendants deny the United States' characterization of this statute to the extent that it is inconsistent with the statute itself.

56. State Defendants deny that Section 86.011 of the Texas Election Code was not amended by SB1. Additionally, this Paragraph contains the United States' characterization of Section 86.011. That statute speaks for itself. State Defendants deny the United States' characterization of this statute to the extent that it is inconsistent with the statute itself.

57. State Defendants deny that Sections 87.027 and 87.041(b) of the Texas Election Code were not amended by SB1. This Paragraph contains the United States' characterizations of Sections 87.027 and 87.041(b). Those statutes speak for themselves. State Defendants deny the United States' characterizations of these statutes to the extent that they are inconsistent with the statutes themselves.

**Mail Voting Requirements of SB1**

58. Admitted.

59. This Paragraph contains the United States' characterizations of Sections 84.002 and 86.002 of the Texas Election Code. Those statutes speak for themselves. State Defendants deny the United States' characterizations of these statutes to the extent that they are inconsistent with the statutes themselves.

60. This Paragraph contains the United States' characterization of Section 86.001 of the Texas Election Code. That statute speaks for itself. State Defendants deny the United States' characterization of this statute to the extent that it is inconsistent with the statute itself.

61. This Paragraph contains the United States' characterization of Section 87.041 of the Texas Election Code. That statute speaks for itself. State Defendants deny the United States' characterization of this statute to the extent that it is inconsistent with the statute itself.

62. This Paragraph contains the United States' characterizations of Sections 86.015, 87.0271, and 87.0411 of the Texas Election Code. Those statutes speak for themselves. State Defendants deny the United States' characterizations of these statutes to the extent that they are inconsistent with the statutes themselves

63. Denied.

64. State Defendants lack the knowledge or information sufficient to form a belief about the truth of the speculative allegations in this paragraph and, therefore, deny them.

65. State Defendants lack the knowledge or information sufficient to form a belief about the truth of the speculative allegations in this paragraph and, therefore, deny them.

### FIRST CAUSE OF ACTION

66. State Defendants incorporate their answers to the preceding paragraphs.

67. Admitted.

68. Denied.

69. Denied.

70. Denied.

### SECOND CAUSE OF ACTION

71. State Defendants incorporate their answers to the preceding paragraphs.

72. Admitted.

73. Admitted.

74. Denied.

75. Denied.

76. Denied.

## PRAYER FOR RELIEF

State Defendants deny that the United States is entitled to any of the relief requested.

## STATE DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

State Defendants assert the following affirmative and other defenses to which they may be entitled:

1. The Court lacks subject-matter jurisdiction to consider all claims asserted in United States' Amended Complaint.

2. The United States lacks standing to assert all claims asserted in its Amended Complaint.

3. The United States has failed to plausibly state a claim upon which relief can be granted.

4. State Defendants assert all applicable immunities to Plaintiff-Intervenors' claims, including but not limited to their entitlement to Eleventh Amendment and sovereign immunity.

5. State Defendants will be entitled to recover their attorney's fees as the prevailing party under 42 U.S.C. § 1988(b).

6. State Defendants reserve the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

## PRAYER FOR RELIEF

1. The United States' claims be dismissed with prejudice;

2. The United States take nothing by this action; and

3. State Defendants recover all costs, including attorney's fees, and such other and further relief to which they are entitled.

| | |
|---|---|
| Date: June 7, 2022 | Respectfully submitted. |
| KEN PAXTON<br>Attorney General of Texas | /s/ Patrick K. Sweeten<br>PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>Tex. State Bar No. 00798537 |
| BRENT WEBSTER<br>First Assistant Attorney General | WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>Tex. State Bar No. 24088531 |
| | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Fax: (512) 457-4410<br>patrick.sweeten@oag.texas.gov<br>will.thompson@oag.texas.gov |
| | **Counsel for State Defendants** |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent by electronic notification through ECF by the United States District Court, Western District of Texas, San Antonio Division, on June 7, 2022, to counsel of record.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN