IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| La Unión del Pueblo Entero, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> Greg Abbott, *et al.*, <br><br> *Defendants.* <br><br> Harris County Republican Party, *et al.*, <br><br> *Intervenor-Defendants.* | Case No. 5:21-cv-00844-XR <br> [Lead Case] |

## JOINT NOTICE

The Court recently addressed the amended scheduling order, ECF 368, vacating the May 13, 2022 close of discovery and all remaining deadlines. Minute Entry of 05/18/2022. The Court further ordered the parties to propose a new scheduling order by June 6, 2022. Minute Entry of 06/01/2022; *see also* Jnt. Mot. to Extend, ECF No. 431 (requesting extension to June 7).

The parties met in good faith to discuss the subject on May 20, May 31, June 2, June 6, and June 7. They have made substantial progress toward an agreed scheduling order, and jointly propose most of the deadlines set forth below. However, the parties were unable to reach agreement on several of the pertinent deadlines, and respectfully submit their contrasting positions to the Court. As such, the parties propose the following schedule, subject to the specific disagreements set forth below.

### PROPOSED AMENDED SCHEDULE

The disposition of this case will be controlled by the following schedule. If a deadline set here falls on a weekend or a holiday, the effective day will be the next business day.

**PRIMARY DISCOVERY PERIOD**

Joint proposal. The primary discovery period will close on August 12, 2022. Written discovery requests are not timely if they are served so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

Plaintiffs' proposal. Plaintiffs propose that during this time the State may conduct depositions of witnesses disclosed on or after April 18 and may pursue the document discovery identified in its motion for extension of time. Intervenors may conduct nonduplicative discovery. Plaintiffs may take discovery of witnesses disclosed by Intervenors, and may depose Christina Adkins (an employee of the Texas Secretary of State's Office that State Defendants previously disclosed by as a witness, but who has been unavailable since early April), Kristi Hart (another previously disclosed employee of the Texas Secretary of State's Office), any witness newly disclosed by Intervenors, and any witness who may have testimony concerning documents produced pursuant to the motion to compel responses to legislative subpoena.

State Defendants chose not to notice depositions of the nonparty witnesses disclosed by plaintiffs before April 18, 2022, well before the scheduled close of discovery, despite having ample time to do so and with full knowledge of their identities. *See also* Priv. Pls. Opp. to Defs. Mot. for Extension 3-7, ECF No. 408. Plaintiffs aver that these nonparties—who have been long-known to the State Defendants—should not be subject to renewed discovery demands. Plaintiffs' proposal accommodates State Defendants' request to the Court and provides for symmetrical discovery henceforth.

State Defendants' proposal. The State Defendants oppose limiting the subject matter of their discovery. They sought extension of trial to depose plaintiffs' dozens of witnesses. This list includes more than just those witnesses disclosed after April 18. Plaintiffs' assertion that State Defendants had "ample time" to take these depositions is flatly contradicted by the record. The State Defendants took over thirty depositions in the discover period before the Court eventually decided to move the trial

date. The central purpose of moving the trial is that the previous schedule did not give the parties enough time to conduct discovery. Moreover, it is apparent that plaintiffs' suggested limit on their discovery is not meaningful, allowing them to take the deposition of all others who broadly "concern" documents that may be produced pursuant to a motion the LULAC plaintiffs' motion to compel. The State Defendants also oppose the County Defendants' requested limit.

County Defendants' proposal. The County Defendants propose that the State's discovery in the primary period be limited to seeking discovery from plaintiffs.

**SECONDARY DISCOVERY PERIOD**

Joint proposal. Discovery will reopen on October 24, 2022. The parties agree to accommodate reasonable extension requests made by the County Election Administrator Defendants and their personnel with respect to responding to discovery requests during the second discovery period, given the overlap of this period with the general election and Elections Administrators' responsibilities prior to, during, and after the general election, as well as any possible run-off elections into December 2022.

Plaintiffs and County Defendants' proposal. Plaintiffs and the County Defendants propose that the secondary discovery period relate only to the November 2022 general election or documents produced in response to a successful motion to compel. Plaintiffs and County Defendants further propose that Plaintiffs and Defendants may commence or reopen no more than 8 depositions per side, absent further leave of the Court

The extension of primary discovery from May 13 to August 12, 2022 gives all parties nearly three months of additional discovery than originally contemplated under the amended Scheduling Order (ECF 368). Additional plenary discovery beyond this significantly extended timeline would likely impose unnecessary burden, uncertainty, and duplication of effort and risk further delay of trial. Moreover, a limitation on the number of depositions during the supplemental discovery period would appropriately limit the burden on the parties around the general election season and reflect the more

3

limited nature of the discovery that needs to be completed.

State Defendants' proposal. The Sate Defendants do not oppose limiting discovery by the Plaintiffs or State Defendants during the secondary period to matters relating to the November 2022 general elections. However, the State Defendants join the Intervenors' opposition to a subject-matter limitation to their discovery in this period. In addition, the State Defendants oppose allowing discovery broadly relating to any documents produced in response to unspecified motions to compel. Such language does not place a meaningful limit on plaintiffs' discovery in the secondary period. The State Defendants do not oppose discovery relating to documents produced in response to the LULAC plaintiffs' motion to compel, should the appeal be resolved in plaintiffs' favor. Finally, the State Defendants do not believe deposition limits are appropriate in the secondary discovery period. The parties previously agreed to deposition limits, *see* ECF 308, and those should continue to govern discovery in this case.

Intervenors' proposal. Intervenors do not believe a subject-matter limitation on their discovery in the secondary period is appropriate. Intervenors are still in the process of receiving the discovery that has already been produced in this case, processing that information, and determining what discovery they need to take. Intervenors will not be in a position to conduct all general discovery before the close of the primary discovery period, and therefore oppose a subject-matter limit on their discovery during the secondary period. Intervenors do not intend to conduct "plenary" discovery, but only to conduct such additional, but limited, discovery to ensure that they be allowed to fully present their case. Such discovery during the secondary period is necessary to accomplish that goal.

State Defendants, Intervenors, and County Defendants proposal. The County Defendants propose that they not be required to respond to discovery (including supplementation) during the administration of an election and request that the following language be included in the scheduling order: Discovery served on County Election Defendants between October 24, 2022 and November

4

21, 2022 is ABATED, and County Election Defendants' time for responding to any such served discovery request[s] commences to run at the expiration of the Abatement Period.

**EXPERTS**

Joint proposal. The Intervenors shall file designations of testifying experts and serve on all parties, but not file, the material required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, to the extent not already served, by October 28, 2022. Parties shall file designations of experts rebutting Intervenors' experts and serve on all parties, but not file, the material required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, to the extent not already served, by November 15, 2022.

Plaintiffs and County Defendants' proposal. With respect to matters relating to the November 2022 general elections, all parties shall file all designations of testifying experts and serve on all parties, but not file, the material required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, to the extent not already served, by February 3, 2023, or twenty-nine days after the County Defendants produce data relating to the general elections.

Simultaneous supplementation will allow for a consolidated filing reflecting any facts or data from the general election. It is also consistent with the unified deadline for supplemental reports that the Court allowed after the March 2022 primary. *See* ECF No. 125 at 2. State Defendants' and Intervenors proposal to permit rebuttal reports to supplemental reports would both unnecessarily delay proceedings and would give Defendants and Intervenors' experts the final word, contrary to all prior versions of the Scheduling Order.

The deadline to conduct expert depositions is February 14, 2023.

State Defendants and Intervenors' proposal. The State Defendants and Intervenors oppose plaintiffs' proposal because it does not allow for a period to file rebuttal reports to the plaintiffs' supplemental reports. The Court has uniformly allowed a period for rebuttal expert designations. Plaintiffs' proposed would deny the parties a fair opportunity to respond to plaintiffs' experts. Nor

would extending the deadline threaten to push the trial date or otherwise prejudice any party. Therefore, the State Defendants and Intervenors propose the following dates:

With respect to matters relating to the November 2022 general elections, all parties asserting claims for relief shall file all designations of testifying experts and serve on all parties, but not file, the material required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, to the extent not already served, by February 3, 2023.

With respect to matters relating to the November 2022 general elections, all parties resisting claims for relief shall file all designations of testifying experts and serve on all parties, but not file, the material required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, to the extent not already served, by February 23, 2023.

The deadline to conduct expert depositions is March 7, 2023.

**WITNESS LIST, EXHIBIT LIST, AND PRETRIAL DISCLOSURES**

Joint proposal. The deadline for filing Rule 26(a)(3) disclosures is March 27, 2023. The deadline for filing objections under Rule 26(a)(3) is April 17, 2023. Any objections not made will be deemed waived.

State Defendants and Intervenors' proposal. The State Defendants and Intervenors propose that a proviso be included to ensure the parties are allowed to depose any newly disclosed witnesses. As such, they propose the following language: Provided, however, that the parties shall be entitled to take the deposition of any witnesses disclosed for the first time during the secondary discovery period.

**COMPLETION OF DISCOVERY**

Joint proposal. The secondary discovery period will close on January 20, 2023. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

6

**PRETRIAL MOTIONS**

Joint proposal. No motion (other than a motion *in limine*) may be filed after this date except for good cause. The deadline to file motions (including dispositive motions and Daubert motions) is February 27, 2023. The deadline to file responses is March 13, 2023. The deadline to file replies is March 20, 2023. Leave of court is automatically given to file motions, responses, and replies not to exceed 30 pages in length. Rule 6(d) does not apply to the time limits set forth in Local Rule CV-7 for responses and replies to motions.

**JOINT PRETRIAL ORDER AND MOTION IN LIMINE**

Joint proposal. The deadline to file a Final Joint Pretrial Order and any motion *in limine* is May 1, 2023. All attorneys are responsible for preparing the joint order, which must contain the following:

1) a short statement identifying the Court's jurisdiction. If there is an unresolved jurisdictional question, state it;
2) a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties;
3) a summary of the remaining claims and defenses of each party;
4) a list of facts all parties have reached agreement upon;
5) a list of contested issues of fact;
6) a list of the legal propositions that are not in dispute;
7) a list of contested issues of law;
8) a list of all exhibits expected to be offered. Counsel will make all exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before the final pretrial conference. The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;
9) a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;
10) an estimate of the length of trial;
11) for a jury trial, include (a) proposed questions for the voir dire examination, and (b) a proposed charge, including instructions, definitions, and special interrogatories, with authority;

12) for a nonjury trial, include (a) proposed findings of fact and (b) proposed conclusions of law, with authority;

13) the signatures of all attorneys; and

14) a place for the date and the signature of the presiding judge.

**FINAL PRETRIAL CONFERENCE**

<u>Joint proposal</u>. The Final Pretrial Conference shall be held on <u>May 8, 2023</u>. Motions *in limine*, if any, will be heard on this date. Counsel should confer prior to this hearing on any issues raised in a motion *in limine* or the Joint Pretrial Order. Any party intending to use a demonstrative exhibit should provide the same to opposing counsel at least 3 days prior to the Final Pretrial conference so that if any objections or issues are raised about the demonstrative exhibit, they can be addressed at the final pretrial conference.

**TRIAL**

<u>Joint proposal</u>. The Bench Trial Date is <u>Monday, May 15, 2023</u>, at <u>10:30 am</u>.

<u>Plaintiffs' proposal</u>. Plaintiffs will require 10 trial days to present our affirmative case and cross Defendants' witnesses, absent resolution of some claims via summary judgment.

<u>State Defendants and Intervenors' proposal</u>. The State Defendants and Intervenors oppose plaintiffs' taking ten days to present their affirmative case and cross examine opposing witnesses. But in any event the State Defendants and Intervenors believe they should receive the same amount of time given to plaintiffs, whatever that amount should be.

<u>County Defendants' proposal</u>. The County Defendants propose that they not be required to be present during the entirety of the trial. And they note that there may be runoff elections in December 2022 and in June 2023.

Date: June 7, 2022

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Respectfully submitted.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548

Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**COUNSEL FOR STATE DEFENDANTS**

### CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for the Plaintiffs, County Defendants, and Intervenor-Defendants respecting this motion, and that they agreed to this motion's filing. The parties do not waive their objections to the specific disagreements stated above.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on June 7, 2022, and that all counsel of record were served by CM/ECF.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN