IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> TEXAS, et al., <br><br> *Defendants*. | Civil Action No. 5:21-cv-844(XR) <br> (Consolidated Case) |
| OCA-GREATER HOUSTON, LEAGUE OF WOMEN VOTERS OF TEXAS, REVUP–TEXAS, and WORKERS DEFENSE ACTION FUND, <br><br> *Plaintiffs*, <br><br> v. <br><br> TEXAS SECRETARY OF STATE JOHN SCOTT, *in his official capacity*, TEXAS ATTORNEY GENERAL KEN PAXTON, *in his official capacity*, HARRIS COUNTY ELECTIONS ADMINISTRATOR ISABEL LONGORIA, *in her official capacity*, TRAVIS COUNTY CLERK REBECCA GUERRERO, *in her official capacity*, HARRIS COUNTY DISTRICT ATTORNEY KIM OGG, *in her official capacity*, TRAVIS COUNTY DISTRICT ATTORNEY JOSÉ GARZA, *in his official capacity*, <br><br> *Defendants*. | 1:21-cv-0780-XR |

**NOTICE OF MODIFIED PERMANENT INJUNCTION REGARDING
SECTIONS 61.032, 61.033, AND 64.0321 OF THE TEXAS ELECTION CODE**

Counsel for Plaintiff Organization of Chinese Americans-Greater Houston ("OCA-GH")

write to advise the Court that Judge Robert L. Pitman entered an order on June 6, 2022, (attached

as Exhibit A) granting in part and denying in part OCA-GH's Motion for Modification of the 2018

1

Permanent Injunction ("2018 Injunction") in the separate matter *OCA Greater Houston v. State of Texas*, 1:15-CV-679-RP (W.D. Tex.) ("the *OCA* case"). As described below, the modified injunction may impact certain of the United States' and Private Plaintiffs' claims in this action.

The 2018 Injunction enjoined the Texas Secretary of State ("Texas SOS") from enforcing Sections 61.032[1], 61.033[2] and 64.0321[3] of the Texas Election Code for violating Section 208 of the Voting Rights Act ("Section 208"). The Texas Election Code was recently modified by the newly passed S.B.1, which "contain[s] provisions modifying many sections of the Election Code." Ex. A at 2. Amongst these newly amended Sections are problematic sections 64.031, 64.034 and 64.0322. Shortly after the passage of S.B.1, OCA-GH moved for a modification of the 2018 Injunction to cover amended problematic sections 64.031, 64.034 and 64.0322.

In determining whether to modify its 2018 Injunction, the court considered only whether the challenged amended sections of S.B.1 directly conflicted with the text of the 2018 Injunction. The court opined on Texas SOS' defenses on "enforcement power, other pending litigation, and the timing of challenges to election laws." Ex. A at 4. The court agreed with OCA-GH that the Texas SOS's enforcement power derives from Texas Election Code sections 31.001(a)-(b) and 31.003, and concluded that the "secretary of state is the chief election officer of the state whose enforcement responsibilities oblige the Secretary to prescribe the design and content…of the forms necessary for the administration of this code." *Id.* at n.10 (internal quotations omitted). The First Filed rule also does not apply because this 2015 case was filed before the 2021 challenges to S.B.1.

---

[1] "To be eligible to serve as an interpreter, a person must be a registered voter of the county in which the voter needing the interpreter resides." Tex. Elec. Code§ 61.032.

[2] "To be eligible to serve as an interpreter, a person must be a registered voter of the county in which the voter needing the interpreter resides." Tex. Elec. Code (2015) § 61.033

[3] "For purposes of this subchapter and Sections 85.035 and 86.010, assisting a voter includes the following conduct by a person other than the voter that occurs while the person is in the presence of the voter's ballot or carrier envelope: (1) reading the ballot to the voter; (2) directing the voter to read the ballot; (3) marking the voter's ballot; or (4) directing the voter to mark the ballot." Tex. Elec. Code§ 64.0321.

*Id.* at n.9. The court additionally noted that OCA-GH's injunction modification motion was timely because both the motion, filed eight months prior to the November 2022 election, and the court's instant ruling, are far from the "eve of an election." *Id.* at n.8. Nonetheless, in the injunction modification inquiry, the court found that none of Texas SOS' defenses are relevant.

The court enjoined, in whole, enforcement of Section 64.031, which restricts assistance rendered to only "marking or reading the ballot." Tex. Elec. Code§ 64.031. This runs afoul of the court's 2018 Injunction and the definition of "voting" as referenced in Section 208. "Voting" was defined as "not only the mechanical reading and marking of a ballot, but all other activities required of voters at a polling place to meaningfully and effectively exercise their right to vote." *Id.* at 5 (*citing* Summ. J. Order, Dkt. 60, at 19, *OCA-Greater Houston v. Texas*, 867 F.3d 604, 615 (5th Cir. 2017)). Limiting the activities eligible for assistance "creates impermissible restrictions on assistance inconsistent with the court's prior injunction and orders, the Fifth Circuit's opinion, and Section 208." *Id.* at 5-6.

The court enjoined in part and declined to enjoin in part enforcement of Section 64.034, which imposes on assistors a requirement to take an oath as part of their assistance. The court enjoined enforcement of the oath language that is identical to the language in the already enjoined Section 64.0321. Both enjoined Section 64.0321 and the oath confined an assistor to limit their assistance to (1) reading the ballot to the voter; (2) directing the voter to read the ballot (3) marking the voter's ballot or (4) directing the voter to mark the ballot. *See* Tex. Elec. Code§ 64.0321, § 64.034. *Id.* The court noted that "[a]lthough a Court may ***rightly find*** that [the remaining portion of Section 64.034[4]] too run afoul of Section 208 . . . [the 2021 S.B.1 litigation] is the proper vehicle

---

[4] The underlined language reflects the remaining portions of Section 64.034 that the Court declined to rule on. "I swear (or affirm) under penalty of perjury that the voter I am assisting represented to me they are eligible to receive assistance; I will not suggest, by word, sign, or gesture, how the voter should vote; I will confine my assistance to reading the ballot to the voter, directing the voter to read the ballot, marking the voter's ballot, or directing the voter

3

by which to test the constitutionality of Election Code requirements not previously before this Court." Ex. A at 7 (emphasis added).

The court also declined to enjoin enforcement of Section 64.0322[5], which institutes a new required form for assistors to fill out and file. Since the 2018 Injunction did not implicate an assistor form, the court was "without power to entertain" arguments on whether the form also violates Section 208. *Id.*

The court amended its 2018 Injunction and the accompanying remedial plan to include originally enjoined Sections 64.0321[6] and newly enjoined Sections 64.031 and 64.034. *See* Ex. A at 8-9.

Notably, the court enjoined the Texas SOS to "explicitly explain that an eligible voter is entitled to receive assistance from a person of their choosing so long as that person is eligible to provide assistance under Section 208, and that assistance is not limited to marking or reading the ballot or otherwise limited to conduct that occurs in the voting booth." Ex. A at 8-9.

---

to mark the ballot; <u>I will prepare the voter's ballot as the voter directs; I did not pressure or coerce the voter into choosing me to provide assistance; I am not the voter's employer, an agent of the voter's employer, or an officer or agent of a labor union to which the voter belongs; I will not communicate information about how the voter has voted to another person; and I understand that if assistance is provided to a voter who is not eligible for assistance, the voter's ballot may not be counted</u>." Tex. Elec. Code§ 64.034.

[5] The form reads "(a) A person, other than an election officer, who assists a voter in accordance with this chapter is required to complete a form stating: (1) the name and address of the person assisting the voter; (2) the relationship to the voter of the person assisting the voter; and (3) whether the person assisting the voter received or accepted any form of compensation or other benefit from a candidate, campaign, or political committee. (b) The secretary of state shall prescribe the form required by this section. The form must be incorporated into the official carrier envelope if the voter is voting an early voting ballot by mail and receives assistance under
Section 86.010, or must be submitted to an election officer at the time the voter casts a ballot if the voter is voting at a polling place or under Section 64.009." Tex. Elec. Code§ 64.0322.

[6] The language in the old Sections 61.032 and 61.033 at issue in the 2018 Injunction was related to the residential qualifications of an interpreter. Order at n.2-3. That language was struck per the 2018 Injunction. While Section ***numbers 61.032*** and ***61.033*** still remain in the Texas Election Code, the substance of those sections has completely changed. New section 61.032 now concerns the voter's right to select an interpreter, and new section 61.033 gives the voter the choice to select an interpreter from the "county in which the voter…resides or…an adjacent county." Tex. Elec. Code§§ 61.032, 61.033. As a result, the recently modified injunction no longer includes these section numbers.

Lastly, because the modified injunction prohibits Secretary of State John Scott from enforcing portions of Section 64.034, the United States and Private Plaintiffs' challenges to the same portions in this case may ultimately be rendered moot. However, the United States and Private Plaintiffs' challenges will not become moot until the time for appeals has passed and the State has not appealed the order, or until any such appeal is resolved. *See Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) ("A case should not be declared moot as long as the parties maintain a concrete interest in the outcome and effective relief is available to remedy the effect of the violation.") (cleaned up). At the earliest, and barring any extension of time, the deadline to appeal will run until at least July 6, 2022. *See* Fed. R. App. P. 4(a)(1)(A). In the event of an appeal, the United States' and Private Plaintiffs' challenges to Section 64.034 will remain viable at least until the resolution of that appeal.

Counsel for OCA-GH will continue to apprise this Court of any relevant developments in the *OCA* case going forward.

Dated: June 14, 2022.	Respectfully submitted,

*/s/ Zachary Dolling*

Mimi M.D. Marziani
Texas Bar No. 24091906
Hani Mirza
Texas Bar No. 24083512
Zachary Dolling
Texas Bar No. 24105809
Sarah Chen*
**TEXAS CIVIL RIGHTS PROJECT**
1405 Montopolis Drive
Austin, TX 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)
mimi@texascivilrightsproject.org
hani@texascivilrightsproject.org
zachary@texascivilrightsproject.org
schen@texascivilrightsproject.org

Thomas Buser-Clancy
Texas Bar No. 24078344
Savannah Kumar
Texas Bar No. 24120098
Ashley Harris
Texas Bar No. 24123238
Andre Segura
Texas Bar No. 24107112
**ACLU FOUNDATION OF TEXAS, INC.**
5225 Katy Freeway, Suite 350
Houston, TX 77007
Telephone: (713) 942-8146
Fax: (915) 642-6752
tbuser-clancy@aclutx.org
skumar@aclutx.org
aharris@aclutx.org
asegura@aclutx.org

Adriel I. Cepeda Derieux*
Ari Savitzky*
Sophia Lin Lakin*
Samantha Osaki*
Susan Mizner*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad St., 18th Floor
New York, NY 10004
(212) 284-7334
acepedaderieux@aclu.org
asavizky@aclu.org
slakin@aclu.org
sosaki@aclu.org
smizner@aclu.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
39 Drumm St.
San Francisco, CA 94111
(415) 343-0781 (phone)

LIA SIFUENTES DAVIS
Texas State Bar No. 24071411
LUCIA ROMANO
Texas State Bar No. 24033013
**DISABILITY RIGHTS TEXAS**
2222 West Braker Lane

Austin, Texas 78758-1024
(512) 454-4816 (phone)
(512) 454-3999 (fax)
ldavis@drtx.org
lromano@drtx.org

Jerry Vattamala*
Susana Lorenzo-Giguere*
Patrick Stegemoeller*
**ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND**
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932 (phone)
(212) 966 4303 (fax)
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org
pstegemoeller@aaldef.org

Jessica Ring Amunson*
Urja Mittal*
**JENNER & BLOCK LLP**
1099 New York Ave. NW, Suite 900
Washington, DC 20001
(202) 639-6000
jamunson@jenner.com
umittal@jenner.com

Sophia Cai*
**JENNER & BLOCK LLP**
455 Market St. Suite 2100
San Francisco, CA 94105
scai@jenner.com

**COUNSEL FOR PLAINTIFFS OCA-GREATER HOUSTON, ET AL.**

*Admitted pro hac vice

## CERTIFICATE OF SERVICE

By my signature below, I certify that a true and correct copy of the foregoing has been served on all counsel of record on June 14, 2022, through the Electronic Case File System of the Western District of Texas.

*/s/ Zachary Dolling*