IN THE UNITED STATE DISTICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO, et al., | § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. 5:21-CV-00844-XR |
| v. | § § | (Consolidated Cases) |
| GREGORY W. ABBOTT, et al., | § § § | |
| *Defendants.* | § | |

## DEFENDANT DISTRICT ATTORNEY KIM OGG'S MOTION TO STAY PENDING APPEAL

Defendant District Attorney Kim Ogg, in her official capacity as Harris County District Attorney ("District Attorney Ogg"), files this motion to stay all further discovery and related proceedings against her in this Court, pending the Fifth Circuit's resolution of her interlocutory appeal of this Court's order that denied in part her motion to dismiss based on the legal defense of sovereign immunity. *See* Order of Aug. 2, 2022 (Dkt. 450).

## BACKGROUND

As the Court knows, these consolidated lawsuits concern the constitutionality of various provisions of the Texas Election Code as amended by the Election Protection and Integrity Act of 2021 ("S.B. 1"). District Attorney Ogg has been sued by various plaintiff groups not because of anything she is alleged to have done, but solely because of who she is: the Harris County District Attorney. This Court recently entered an order allowing some (but not all) claims brought against District Attorney Ogg to proceed notwithstanding District Attorney Ogg's assertion of, among other defenses, sovereign immunity. Dkt. 450.

District Attorney Ogg has appealed that interlocutory order, which is immediately appealable under the collateral order doctrine. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 141 (1993); *Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 448 (5th Cir. 2022). District Attorney Ogg now asks the Court to stay all further discovery and related proceedings against her pending resolution of that appeal. District Attorney Ogg is not asking that the entire litigation be stayed, only that the Court stay all discovery and related proceedings (such as a motion to compel or motion for protective order) against her and her office while that appeal is decided.

## ARGUMENT

Federal courts have inherent discretion to stay matters before them pending resolution of issues on appeal. *Richardson v. Tex. Sec. of State*, 978 F.3d 220, 228 (5th Cir. 2020). Courts considering exercising discretion to stay a matter employ a familiar four-part test, assessing: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.*; *Taylor Lohmeyer Law Firm PLLC v. United States*, No. SA-18-CV-1161-XR, 2019 WL 5694116, at *2 (W.D. Tex. Oct. 3, 2019) (Rodriguez, J., granting motion to stay pending appeal). Of these four factors, numbers (1) and (2) are "most critical." *Richardson*, 978 F.3d at 228. "The proponent of a stay bears the burden of establishing its needs." *Id.*

District Attorney Ogg is entitled to a stay pending appeal because each of these four factors weighs in her favor.

First, on the likelihood of success on the merits, as the Court recognized in denying District Attorney Ogg's motion to dismiss in part, the contours of the *Ex parte Young* exception

2

to sovereign immunity—and what constitutes "a sufficient connection to enforcement" of a statute for that exception to apply—have been the subject of evolving law. Dkt. 450 at 5-6 (citing, among other cases, *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020) (hereinafter "*Tex. Democratic Party I*"), and *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020) (hereinafter "*Tex. Democratic Party II*")). As the Court also recognized in its order, the governing law is clear that to avoid the Eleventh Amendment immunity bar under *Ex parte Young*, state officials must "have 'some connection' to the state law's enforcement." *Air Evac EMS, Inc. v. Tex. Dep't of Ins.*, 851 F.3d 507, 517 (5th Cir. 2017) (quoting *Ex parte Young*, 209 U.S. at 157). The requisite "connection" requires establishing both a "particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001) (*en banc*); *Whole Woman's Health v. Jackson*, 13 F.4th 434, 447-48 (5th Cir. 2021) ("*Okpalobi* teaches that state law enforcement officials' general duty to enforce state law cannot render them suable under *Young*"). The state official "*must have taken some step to enforce*" the statute. *Tex. Democratic Party I*, 961 F.3d at 401 (emphasis added).

The Fifth Circuit has repeatedly held that this *Ex parte Young* standard requires a plaintiff to plead and sufficiently demonstrate that the state official took some "affirmative action" regarding enforcement of the challenged statute, such that the official has "a demonstrated willingness to enforce that duty." *See id.* at 400 ("some step" and "affirmative action"); *Tex. Democratic Party II*, 978 F.3d at 179 (same); *City of Austin v. Paxton*, 943 F.3d 993, 1000 (5th Cir. 2019) ("Attorney General Paxton is not subject to the *Ex parte Young* exception because our *Young* caselaw requires a higher showing of 'enforcement' than the City has proffered"); *Air Evac EMS*, 851 F.3d at 510-13 (noting that the state officials at issue were actively involved in

3

rate-setting and overseeing the arbitration processes implicated by the challenged law); *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 392-95 (5th Cir. 2015) (*Ex parte Young* exception applied when the attorney general had sent "numerous 'threatening letters'" to the plaintiffs); *K.P. v. LeBlanc*, 627 F.3d 115, 119-25 (5th Cir. 2010) (defendant took an "active role" in enforcing the statute at issue).

This appeal will place squarely before the Fifth Circuit the question of whether civil rights plaintiffs can sue a Texas district attorney to enjoin enforcement of a statute based strictly on the district attorney's status as a district attorney in a particular jurisdiction, without any allegations that the district attorney has taken any action to enforce the statute that is the subject of those plaintiffs' claims.  There is no allegation by any of Plaintiffs that District Attorney Ogg had anything to do with the passage of S.B. 1; that she or her office has any intent or desire to enforce any of its criminal penalty provisions; that she has taken any steps to enforce any of those criminal penalty provisions against any plaintiff, or anyone else; or that she has threatened any plaintiff, or anyone else, with enforcement or otherwise created a genuine threat of enforcement through her conduct.  As Plaintiffs openly admit, District Attorney Ogg has been sued not because of anything she has done, but because of the office she holds.  As in *Whole Woman's Health*, it is wholly "speculative" whether District Attorney Ogg will ever enforce any criminal statutes modified by S.B. 1 against any of Plaintiffs or anyone else.  *See Whole Woman's Health*, 13 F.4th at 443.  As the Court is aware, District Attorney Ogg's position is that civil rights plaintiffs cannot hale a State of Texas prosecutor into federal court—with all of the attendant burdens, expenses, and distractions of litigation—if they cannot allege that the prosecutor has taken some step to enforce the statute at issue.

District Attorney Ogg fully respects that this Court has held against her position on this question. However, as the Court is also well aware, when "a serious legal question is involved," a party seeking a stay does not even have to "show a probability of success on the merits." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981). It is enough to justify a stay to show that the serious legal question exists and that the equities favor the stay. *Id.*; *Moore v. Tangipahoa Parish Sch. Bd.*, 507 Fed. App'x 389, 393 (5th Cir. 2013) (unpublished) (granting stay using this standard in sovereign immunity case). The issue of application of *Ex parte Young* to claims such as those brought by Plaintiffs is undoubtedly a serious legal question. For the reasons explained below, the equities militate in favor of a stay here while that serious legal question is addressed at the Fifth Circuit.

Second, District Attorney Ogg will be irreparably injured absent a stay. Sovereign immunity is not a simple shield against liability; it is a complete immunity from being subjected to the judicial process. *Metcalf & Eddy*, 506 U.S. at 144. The core irreparable injury District Attorney Ogg will suffer is being "wrongly haled into court" when the Constitution forbids such an act. *Phillips*, 24 F.4th at 449-50. She continues to face the burdens and expenses of federal court litigation, including having to oppose discovery requests.[1] The constitutional value of the Eleventh Amendment defense "is for the most part lost as litigation proceeds past motion practice." *Metcalf & Eddy*, 506 U.S. at 145. If discovery proceeds against District Attorney Ogg while the Fifth Circuit considers her appeal, no appellate remedy will be able to turn back the clock and "undo" the intrusion upon state sovereignty that will have occurred in the meantime.

---

[1] As examples, copies of discovery requests served on District Attorney Ogg by some Plaintiffs are attached to this motion. *See* **Exhibit A**. Among other things, the requested stay will avoid litigation before the Court on these patently overbroad and non-proportional requests, which seek among other things "all documents and communications" related to all investigations, criminal proceedings, and prosecutions regarding any "violation or a suspected violation" of any election laws (not just S.B. 1) since 2016. Such litigation would involve not only issues of overbreadth and non-proportionality but also, among other things, issues of sovereign immunity and privilege.

*Cf. Veasey v. Perry*, 769 F.3d 890, 896 (5th Cir. 2014) (finding irreparable injury where the State of Texas faced the prospect of administering an election while challenges to election laws were pending before the Fifth Circuit).

Third, the remaining parties will not be substantially injured by a stay of the claims against District Attorney Ogg. While District Attorney Ogg's appeal is resolved, the remaining parties may continue to conduct other discovery and litigate their claims and defenses against other parties. As the Court is well aware, the consolidated cases are proceeding through discovery with Plaintiffs and their counsel on one side, and the "State Defendants" (Texas Governor Greg Abbott, Secretary of State John Scott, and Attorney General Ken Paxton, each in his official capacity, and the State of Texas) and Intervenor Defendants and their counsel on the other. Trial is not set until July 2023. Dkt. 437. In addition, District Attorney Ogg's likelihood of success on the merits outweighs any injury to Plaintiffs. *Veasey*, 769 F.3d at 896; *Richardson*, 978 F.3d at 243; *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 419 (5th Cir. 2013).

Fourth, the public interest supports a stay. Where "the State is the appealing party, its interest and harm merge with that of the public." *Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017).

Chief Judge Lee Rosenthal of the Southern District recently encountered a similar scenario and granted a stay pending appeal. *See Russell v. Harris Cnty., Tex.*, 500 F. Supp. 3d 577 (S.D. Tex. Nov. 10, 2020); *Russell v. Harris Cnty., Tex.*, No. H-19-226, 2021 WL 2637576 (S.D. Tex. June 25, 2021). The *Russell* case concerns a challenge to Harris County's felony bail procedures. *Russell*, 500 F. Supp. 3d at 583. The plaintiffs there sued, among other defendants, the state criminal district judges in Harris County. *Id.* Those judges moved to dismiss based on

sovereign immunity. *Id.* The court denied the motion and the felony judges immediately appealed. *Id.* at 621; *Russell*, 2021 WL 2637576, at *1. That appeal was withdrawn and the felony judges were dismissed from the case, but the plaintiffs continued to seek discovery from the judges via non-party subpoenas. *Russell*, 2021 WL 2637576, at *1. The felony judges moved to quash based again on sovereign immunity, the court again denied that motion, and the felony judges again appealed. *Id.* Recognizing that the felony judges' sovereign immunity argument was "untested but nonfrivolous," the court then stayed all further discovery proceedings as to the felony judges pending resolution of their appeal. *Id.* at *2-3. *Russell* illustrates that discovery stays in situations such as this are practical and appropriate, even when the presiding district court judge disagrees with the application of the sovereign immunity defense being litigated on appeal.

Furthermore, as the Fifth Circuit recently held, even where there are "serious questions regarding the constitutionality of" Texas election laws, "for a federal court to proceed to the merits without certainty of jurisdiction 'would threaten to grant unelected judges a general authority to conduct oversight of decisions of the elected branches of Government.'" *Whole Woman's Health*, 13 F.4th at 447-48 (quoting *California v. Texas*, 141 S. Ct. 2104, 2116 (2021)). The requested stay would allow for the certain determination of whether Plaintiffs have properly invoked the Court's jurisdiction over District Attorney Ogg with respect to the claims they assert, before subjecting District Attorney Ogg and her office to further burdens, expenses, and distractions associated with litigation.

## CONCLUSION

For the foregoing reasons, Defendant District Attorney Kim Ogg respectfully requests the Court grant this motion and stay all further discovery and related proceedings against her or her

office pending the Fifth Circuit's resolution of her interlocutory appeal of this Court's order denying in part her motion to dismiss.

          Respectfully submitted,

          **BUTLER SNOW LLP**

          By: */s/ Eric J.R. Nichols*
             Eric J.R. Nichols
             State Bar No. 14994900
             eric.nichols@butlersnow.com
             Karson K. Thompson
             State Bar No. 24083966
             karson.thompson@butlersnow.com
             1400 Lavaca Street, Suite 1000
             Austin, Texas 78701
             Tel: (737) 802-1800
             Fax: (737) 802-1801

          **ATTORNEYS FOR DEFENDANT DISTRICT ATTORNEY KIM OGG, IN HER OFFICIAL CAPACITY AS HARRIS COUNTY DISTRICT ATTORNEY**

## CERTIFICATE OF CONFERENCE

      I hereby certify that I have conferred with counsel for the parties regarding this motion, and that counsel for the OCA and HAUL Plaintiffs have indicated that they oppose the motion.

             */s/ Eric J.R. Nichols*
             Eric J.R. Nichols

## CERTIFICATE OF SERVICE

      I hereby certify that on August 15, 2022, a true and correct copy of the foregoing document was served on all counsel of record by filing with the Court's CM/ECF system.

             */s/ Eric J.R. Nichols*
             Eric J.R. Nichols