# United States Court of Appeals for the Fifth Circuit



FILED
OCT -7 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

No. 22-50732

---

MI FAMILIA VOTA; MARLA LOPEZ; MARLON LOPEZ; PAUL RUTLEDGE,

*Plaintiffs—Appellees,*

versus

KIM OGG,

*Defendant—Appellant,*

---

OCA-GREATER HOUSTON; LEAGUE OF WOMEN VOTERS OF TEXAS; REVUP-TEXAS; TEXAS ORGANIZING PROJECT; WORKERS DEFENSE ACTION FUND,

*Plaintiffs—Appellees,*

versus

JOSE A. ESPARZA, *In His Official Capacity as Texas Secretary of State (Acting)*; ET AL.,

*Defendants,*

KIM OGG,

*Appellant,*

---

No. 22-50732

LULAC Texas; Vote Latino; Texas Alliance for Retired Americans; Texas AFT,

*Plaintiffs—Appellees,*

*versus*

Jose Esparza; Et al.,

*Defendant,*

Kim Ogg,

*Appellant,*

---

Delta Sigma Theta Sorority, Incorporated; Houston Area Urban League; The Arc of Texas; Jeffrey Lamar Clemmons,

*Plaintiffs—Appellees,*

*versus*

Gregory Wayne Abbott, *In His Official Capacity as the Governor of Texas*; Et al.,

*Defendants,*

Kim Ogg,

*Appellant,*

---

Mi Familia Vota; Marla Lopez; Marlon Lopez; Paul

2

No. 22-50732

Rutledge,

*Plaintiffs—Appellees,*

*versus*

Greg Abbott, *In His Official Capacity as Governor of Texas*; Et al.,

*Defendants,*

Kim Ogg,

*Appellant.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-844-XR
USDC No. 1:21-CV-780
USDC No. 1:21-CV-786
USDC No. 5:21-CV-848
USDC No. 5:21-CV-920

---

Before King, Jones, and Smith, *Circuit Judges.*

Per Curiam:

Plaintiffs-Appellees challenge various provisions of the Texas Election Code as amended by Texas Senate Bill 1, colloquially known as "S.B. 1." They bring constitutional, Voting Rights Act ("VRA"), and other claims against Defendant-Appellant Kim Ogg and various other state and local officials. Ogg, the Harris County District Attorney, moved to dismiss all of Plaintiffs-Appellees' claims, arguing in relevant part that such claims are barred by the Eleventh Amendment's grant of sovereign immunity, that Plaintiffs-Appellees lack standing, and that the complaints do not state a

Case: 5:21-cv-00844-XR   Document 466   Filed 10/07/22   Page 4 of 6
Case: 22-50732   Document: 00516500366   Page: 4   Date Filed: 10/07/2022

No. 22-50732

plausible claim. The district court denied her motion, and Ogg filed an interlocutory appeal—currently pending—of the order's denial of her sovereign immunity defense. Ogg then moved to ask the district court to "stay *all* further discovery and related proceedings against her" (emphasis added) pending our resolution of her interlocutory appeal. The district court denied this motion; Ogg then filed a similar motion in this court. In response, we issued a temporary administrative order staying discovery until further notice and solicited responses from Plaintiffs-Appellees. Having reviewed responses from Plaintiffs-Appellees and Ogg's subsequent reply, we now rule on Ogg's motion to stay discovery pending appeal.

In granting a stay, the "most critical" factors we assess are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits" and "(2) whether the applicant will be irreparably injured absent a stay."[1] *Richardson v. Tex. Sec. of State*, 978 F.3d 220, 228 (5th Cir. 2020). Ogg addresses these factors in attempting to justify a stay based on (1) a likelihood of success on the merits of her sovereign immunity defense and (2) the irreparable harm that would allegedly be caused by violation of her sovereign immunity.

But sovereign immunity cannot bar Plaintiffs-Appellees' VRA claims because the VRA explicitly abrogated sovereign immunity. *See OCA-Greater Hous. v. Texas*, 867 F.3d 604, 614 (5th Cir. 2017). Thus—and regardless of whether sovereign immunity applies to bar Plaintiffs-Appellees' constitutional claims—sovereign immunity has no bearing on Plaintiffs-Appellees' VRA claims. Concerning these VRA claims, Ogg has no likelihood of succeeding on the merits of a sovereign immunity defense, and

---

[1] The other factors are "(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding" and "(4) where the public interest lies." *Richardson*, 978 F.3d at 228.

Case 5:21-cv-00844-XR   Document 466   Filed 10/07/22   Page 5 of 6
Case: 22-50732   Document: 00516500366   Page: 5   Date Filed: 10/07/2022

No. 22-50732

she suffers no irreparable harm when we deny her sovereign immunity protections that precedent precludes us from granting.[2] She thus cannot meet the required showing to justify a stay on discovery proceedings stemming from any VRA claims.[3] We acknowledge that the scope of such discovery proceedings may substantially overlap with the scope of discovery arising under Plaintiffs-Appellees' constitutional claims. Nevertheless, Ogg has not shown the factors required to stay discovery arising out of the VRA claims, and we thus decline to broadly stay *all* discovery proceedings.

With respect to the VRA claims, Ogg only restates arguments from her initial motion to dismiss in district court, namely (1) these VRA claims are not specifically pleaded as to Ogg and (2) Ogg can show she is likely to succeed on the merits of her argument that Plaintiffs-Appellees lack standing to bring their VRA claims. We are unpersuaded for two reasons. First, we note the district court has not yet rendered a final judgment in the underlying suit. Accordingly, we decline Ogg's invitation to prematurely review these pleading and standing arguments at the motions stage of an interlocutory appeal concerning a wholly separate sovereign immunity issue. Second, even if Ogg is correct on the merits, these arguments cannot justify a stay. Assuming *arguendo* that Plaintiffs-Appellees' VRA claims are deficient in the ways Ogg suggests, she still has not articulated any theory of *irreparable* harm arising from being subjected to discovery requests related to these purportedly deficient VRA claims. Absent this showing of irreparable harm,

---

[2] For completeness, we note that the other two factors also likely weigh against issuance of a stay based on an inapplicable defense; issuing a stay would contravene clear precedent, which is likely to injure other parties and is not in the public interest.

[3] Similarly, given the clarity of the VRA's abrogation of sovereign immunity, there is no "serious legal question... involved," *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981), here that could justify a lower threshold for Ogg's showing a likelihood of success. Even if she could show a "serious legal question," she does not show how *sovereign immunity* could bar the VRA claims and thus has not shown a likelihood of success.

Case 5:21-cv-00844-XR   Document 466   Filed 10/07/22   Page 6 of 6
Case: 22-50732   Document: 00516500366   Page: 6   Date Filed: 10/07/2022

No. 22-50732

we decline to grant the extraordinary request of a stay on otherwise proper discovery proceedings arising out of Plaintiffs-Appellees' VRA claims.

IT IS ORDERED that the Appellant Kim Ogg's opposed motion to stay all further discovery and related proceedings against her or her office in the district court, pending this Court's resolution of her interlocutory appeal of the denial of Ogg's motion to dismiss based on the legal defense of sovereign immunity, is DENIED.