IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, § <br> §<br> *Plaintiffs*, § <br> §<br> v. § <br> § <br> STATE OF TEXAS, *et al.*, § <br> § <br> *Defendants*. § <br> § <br> § | Civil Action No. 5:21-CV-0844-XR <br> (Consolidated Cases) |

**LUPE, HAUL, AND LULAC PLAINTIFFS' OPPOSED MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION AND INTERROGATORIES AND TO AMEND THE SCHEDULING ORDER AS TO DEFENDANT INTERVENORS**

The LUPE Plaintiffs, the HAUL Plaintiffs, and the LULAC Plaintiffs (collectively, "Plaintiffs") hereby respectfully submit this motion to compel document production and interrogatory answers from Defendant Intervenors Harris County Republican Party, Dallas County Republican Party, Republican National Committee, National Republican Senatorial Committee, and National Republican Congressional Committee (hereinafter "Defendant Intervenors"). Plaintiffs respectfully request that the Court order Defendant Intervenors to respond to discovery. Plaintiffs further request that the Court amend the scheduling order to permit completion of discovery as to the 2022 primary election. Plaintiffs' counsel hereby certify that they have conferred in a good faith attempt to resolve the matter by agreement and have been unable to secure compliance by Defendant Intervenors.

## BACKGROUND

Plaintiffs brought this suit to challenge voting restrictions enacted by the Texas Legislature in 2021 ("SB 1"). In their complaint, Plaintiffs allege violations of the Voting Rights Act of 1965, the Americans with Disabilities Act, and the United States Constitution. Among their allegations, Plaintiffs assert that the Texas Legislature enacted SB 1 with the intent to discriminate and unduly burden the right to vote of Black and Latino voters, as well as differently abled voters, instead of preserving election integrity or combatting nearly non-existent election fraud.

On October 25, 2021, Defendant Intervenors filed their motion to intervene, arguing that they "have a substantial and particularized interest in defending this action[.]" ECF No. 57 at 2-3. Following their successful appeal of the denial of intervention, the Court granted intervention to Defendant Intervenors on May 13, 2022. Text Order of 5/13/2022.

On July 7, 2022, Plaintiffs served their First Set of Requests for Production of Documents (1st RFPs) on Defendant Intervenors. Exh. A.  On July 13, 2022, Plaintiffs served their First Set of Interrogatories on Defendant Intervenors. Exh. B.

On August 5, 2022, Defendant Intervenors provided responses and objections to Plaintiffs' 1st RFPs. Exh. C.  Defendant Intervenors made boilerplate objections and objected to producing a privilege log. *Id.*  On August 12, 2022, Defendant Intervenors responded with substantially similar blanket objections to Plaintiffs' interrogatories. Exh. D.

On October 5, 2022, without having received any responsive documents or interrogatory answers, Plaintiffs wrote Defendant Intervenors to set depositions. Exh. E at 2.  To date, Defendant Intervenors have agreed to accept deposition subpoenas for only one of the current or former employees of Defendant Intervenors and maintain that Plaintiffs' "request for depositions related to the primary election is untimely."  Exh. F and Exh. G at 4.

Plaintiffs have attempted to secure the requested discovery without the assistance of the Court by engaging opposing counsel in informal correspondence and two meet-and-confer meetings, including sending correspondence on September 19, 2022, October 3, 2022, October 5, 2022, October 11, 2022, and October 19, 2022, and meet-and-confer meetings on August 11, 2022 and October 17, 2022. Exh. H, Exh. I, Exh. J, Exh. K, and Exh. L. Defendant Intervenors responded to these attempts to secure discovery by, variously, objecting to the discovery as "overbroad and unduly burdensome," claiming the discovery is out of time under the Court's Amended Scheduling Order, and claiming that the schedules of either Defendant Intervenors or their counsel have precluded their timely responses. *See* Exh. F and Exh. D. As a result, as of the filing of this motion, Defendant Intervenors have neither produced nor claimed to withhold documents, produced no privilege logs, provided no proper interrogatory answers, and declined to accept all but one deposition subpoena. *See* Exh. D and Exh. F.

The deadline for completion of discovery on matters related to the primary election as to Defendant Intervenors is October 24, 2022. ECF No. 437. Despite their good faith efforts, Plaintiffs have been unable to secure discovery from Defendant Intervenors.

## ARGUMENT

### A. Defendant Intervenors have not produced a single document or properly answered Plaintiffs' interrogatories.

Defendant Intervenors have failed to discharge their discovery obligations to produce responsive documents and properly answer interrogatories propounded by Plaintiffs under Federal Rule of Civil Procedure 34, Federal Rule of Civil Procedure 33, and pursuant to this Court's scheduling order. The Federal Rules of Civil Procedure mandate a party's responses to proper discovery requests absent a court decreeing otherwise. *See* Fed. R. Civ. P. 34(b)(2)(A); Fed. R.

Civ. P. 33(b)(2); Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment (stating that relief from discovery requests "depends on obtaining a court order to that effect").

Federal discovery is intended to be a liberal process, encouraging the free flow of information between parties. *See* Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment; *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958); *Hickman v. Taylor*, 329 U.S. 495, 501, 507 (1947) (explaining that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."). Thus, a party resisting discovery bears a heavy burden of showing why the requested discovery should be denied, and specifically, the resisting party must make a particularized showing of why, despite the broad and liberal construction afforded the federal discovery rules, each discovery request is objectionable or unduly burdensome. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

It has been over one hundred days since Plaintiffs propounded their initial requests for production on July 7, 2022, and their First Set of Interrogatories on July 13, 2022. The discovery period concerning the March primary election as to Defendant Intervenors closes today. Even now, Defendant Intervenors propose to delay their first production until December 1, 2022. Exh. G. (Defendant Intervenors have strung Plaintiffs along, stating on at least three separate occasions, between August 2022 and October 2022, that they were in the process of identifying search terms and custodians to collect documents that may be responsive to Plaintiffs' requests. *See* Exh. M, Exh. N and Exh. O.  But while most of the Defendant Intervenors identified custodians on August 29, 2022, the Harris County Republican Party did not provide a list of custodians until October 20, 2022. Exh. M and Exh. P.   And to date, Plaintiffs have not yet received a final list of search terms

and the methodology that Defendant Intervenors have used to conduct a reasonable search for documents and communications responsive to Plaintiffs' requests for production.

Defendant Intervenors have likewise failed to provide sufficient answers to Plaintiffs' interrogatories, served on July 13, 2022. Rule 33 of the Federal Rules of Civil Procedure requires that a party's answer to a "particular interrogatory be fully answered by the party or that objection to it and the grounds of objection be stated." *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 617 (5th Cir. 1977). Rule 33 further requires a party to "make a reasonable inquiry regarding the information sought." *Redus v. Univ. of Incarnate Word*, No. SA-14-CA-509-DAE, 2014 WL 12815471, at *11 (W.D. Tex. Oct. 17, 2014) (citing *Hamstein Cumberland Music Group v. Estate of Williams*, No. 06–CV–63, 2008 WL 2682697, at *6 (N.D. Okla. June 30, 2008) (noting Rule 33's implicit duty of reasonable inquiry is made explicit by Rule 26(g)'s certification requirement); *see also Abrego v. Budget Truck Rental, LLC*, No. 5:17-CV-1045-OLG, 2018 WL 6220163, at *3 (W.D. Tex. Apr. 23, 2018) (citing Fed. R. Civ. P. 26(e), 33(b)(2)-(3)) ("parties are obligated to fully answer interrogatories based on the information available to them at the time the response is required, and to thereafter supplement their answer as additional information becomes available to them").

In addition, Rule 37(a)(4) of the Federal Rules of Civil Procedure instructs that "an evasive or incomplete answer is to be treated as a failure to answer." But in responding to Plaintiffs' interrogatories, Defendant Intervenors have either referenced their forthcoming production (which they have not yet made), *see* Exh. D. Nos. 5-10, or referred generally to "the facts, documents, or evidence identified or produced by any party in this matter." *See* Exh. D, Nos. 1, 3-4). In other words, they have provided non-answers that kick the can down the road in the same fashion as their responses to Plaintiffs' requests for production.

To explain their delay in failing to produce responsive documents, Defendant Intervenors assert that the Fifth Circuit's stay of discovery, the breadth of Plaintiffs' requests, their counsel's trial schedule, and the demands of the impending election on Defendant Intervenors have frustrated their ability to fulfill discovery obligations. None of these assertions justify Defendant Intervenors' deficient discovery responses.

First, the Fifth Circuit temporarily stayed discovery for a period of eight days beginning on September 21, 2022, which was over one month after Defendant Intervenors' responses were due to Plaintiffs. ECF No. 464.

Second, Defendant Intervenors' claim that their continued delay is justified due to the breadth of Plaintiffs' requests lacks merit. Defendant Intervenors have failed to offer any factual support for their overbreadth objections, and as such, those objections are not valid. See McLeod, 894 F.2d at 1485 (finding boilerplate objections that interrogatories were "overly broad, burdensome, and oppressive" were "not adequate to voice a successful objection" and thus not valid). But even if they were, that would not justify a wholesale failure to respond even to a narrower subset of the requests. Moreover, in response to Defendant Intervenors' objections, Plaintiffs have agreed to limit their requests geographically to the State of Texas. See Exh. Q.

Third, the Fifth Circuit has rejected the argument that an attorney's heavy caseload or other professional obligations constitute excusable neglect in discharging a legal duty. *Shumpert v. City of Tupelo*, 905 F.3d 310 (5th Cir. 2018). For the same reason, this Court should also reject Defendant Intervenors' reliance on the demands of the impending election to justify their dilatory and nonresponsive conduct. This Court should be especially unwilling to accept that excuse given that Defendant Intervenors moved to intervene in this lawsuit. *Cf. BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 6694904, at *6 (N.D. Ill. 2018) (holding

6

that "[t]he excuse [of] a busy and demanding schedule rings even more hollow when those making it filed the case....").

Defendant Intervenors have also lodged many other objections to Plaintiffs' requests for production and interrogatories. But they have not yet made clear whether they refuse to answer interrogatories or respond to requests for production based on these objections, nor if they intend to withhold documents. Plaintiffs have repeatedly sought clarity on this point in their correspondence and conferences with opposing counsel. Defendant Intervenors, however, have declined to state whether they will withhold any discovery based on their objections. Thus, until Defendant Intervenors are compelled to provide complete responses, Plaintiffs will be unable to evaluate the validity of their objections, and this Court is not in a position to rule on them.

As it is, Defendant Intervenors' objections are boilerplate and nonspecific placeholders. Objections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."); Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). The Fifth Circuit has characterized improper boilerplate and unsupported discovery objections as "an all-too-common example of the sort of 'Rambo tactics' that have brought disrepute upon attorneys and the legal system." *McLeod,* 894 F.2d at 1484–86 (holding that merely objecting to requests as "overly broad, burdensome, oppressive and irrelevant" without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection."). *See also Weems v. Hodnett,* No. 10–cv–1452, 2011 WL 3100554, at *1 (W.D. La. July 25, 2011) (emphasizing that the prohibition against general or blanket objections

7

to discovery requests, such as those asserted in this case, ". . . are meaningless and constitute a waste of time for opposing counsel and the court. In the face of such objections, it is impossible to know whether information has been withheld and, if so, why.").

Finally, Defendant Intervenors rightly acknowledge that it is "premature" to discuss the scope of their hypothetical, broad privilege assertions, which renders the issue not yet ripe for this Court's review. *See* Exh. G. However, Defendant Intervenors' speculative claims of privilege and refusal to commit to providing a privilege log in the future forecasts that even when they do engage in production, the parties will have further disputes likely to require this Court's resolution. For this additional reason, it is particularly important that the Court compel timely responses.

**B. Defendant Intervenors have declined to cooperate in the setting of depositions.**

Defendant Intervenors maintain that Plaintiffs cannot depose individuals associated with them and have declined to accept service of deposition subpoenas for all but one of the witnesses Plaintiffs seek to depose. First, Defendant Intervenors maintain that because Defendant Intervenors did not disclose any witnesses, Plaintiffs are not entitled to depose individuals employed by or associated with them. Exh. G ("Intervenors have not disclosed any witnesses in this case, so Plaintiffs are not authorized to take any depositions of individuals associated with Intervenors."). Second, Defendant Intervenors claim that any depositions of individuals employed or associated with them should have occurred before August 12, 2022. Neither of these positions are meritorious. Exh. F and Exh. G at 3.

This Court's Amended Scheduling Order provides that "[d]iscovery during the primary election discovery period may include discovery from witnesses both already and newly disclosed by Intervenors." ECF No. 437 at 1. However, Rule 26 disclosures do not function as a limit on the non-disclosing party; instead, they "aim to prevent an ambush, resulting in surprise or prejudice,

8

of undisclosed or late-disclosed evidence" by the moving party. *Hovanec v. Miller*, 331 F.R.D. 624, 636 (W.D. Tex. 2019). Defendant Intervenors' failure to identify or disclose witnesses does not preclude Plaintiffs from deposing individuals who are employed by, or associated with, them and who were identified by Plaintiffs.

Defendant Intervenors' Initial Disclosures lack specificity and incorporate by reference the entire universe of individuals disclosed or referenced by both consolidated Plaintiffs and Defendants. ECF No. 110 at 1–2. Nevertheless, Plaintiffs identified five individuals associated with Defendant Intervenors who are likely to have information relevant to the claims in this case. Because Defendant Intervenors asked Plaintiffs to wait to serve subpoenas on the five individuals, but then refused to accept service of process on behalf of all but one of the individuals, Plaintiffs were delayed in their attempts to take depositions of witnesses associated with Defendant Intervenors. *See* Exh. E and Exh. P. Defendant Intervenors' evasive discovery tactics and failure to timely disclose the names of individuals likely to have relevant information should not preclude Plaintiffs from deposing individuals associated with them.

C. **Defendant Intervenors advance an unreasonable and incorrect interpretation of this Court's amended scheduling order.**

Defendant Intervenors argue that the deadline for Plaintiffs to complete discovery on matters related to the primary election as to Defendant Intervenors was August 12, 2022. Exh. F (John Gore 10/7/22 email and Exh. G at 3. However, the Court's Amended Scheduling Order provides that "[t]he deadline for completion of discovery on matters related to the primary election as to Intervenors is October 24, 2022." ECF No. 437. Based on their misreading of the Court's Amended Scheduling Order, Defendant Intervenors maintain that Plaintiffs' October 5, 2022 "request for depositions related to the primary election is untimely." Exh. G at 4, Exh. F and Exh. E.

9

Defendant Intervenors similarly maintain that "the Court's June 8, 2022 scheduling order did not grant Plaintiffs leave to seek any document discovery from Intervenors during the narrow extended primary election discovery period." Exh. G at 1. Curiously, Defendant Intervenors propounded discovery on Plaintiffs on September 19, 2022. This fact alone reveals that either Defendant Intervenors are being disingenuous about their interpretation of the Court's Amended Scheduling Order, or they believe that it allows one-way discovery after August 12, 2022. Defendant Intervenors' incorrect and unreasonable interpretation of the Court's Amended Scheduling Order cannot serve as the basis for resisting discovery.

## CONCLUSION

Defendant Intervenors' breach of their discovery obligations in violation of this Court's order runs afoul of the Federal Rules of Civil Procedure, which are aimed at "secur[ing] the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Defendant Intervenors' abusive discovery practices should not be rewarded. Their failure to timely comply with the demands of discovery despite Plaintiffs' good faith attempts to resolve the dispute necessitates this Court's intervention. This Court should grant Plaintiffs' motion to compel.

## RELIEF REQUESTED

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court enter an ORDER

- Requiring Defendant Intervenors to produce documents responsive to Plaintiffs' First Set of Requests for Production and provide proper responses to Plaintiffs' First Set of Interrogatories;

- Extending to January 27, 2023 the deadline to complete discovery related to the primary election as to Defendant Intervenors;

- Requiring Defendant Intervenors to cooperate in the taking of depositions of individuals associated with or employed by Defendant Intervenors;

- Clarifying that depositions of Defendant Intervenors conducted during the general election discovery period but noticed as concerning only the primary election discovery period do not count toward this Court's limit of "no more than 10 depositions per side" during the general election discovery period; and

- Granting such other relief as may be appropriate and proportional to the needs of this case, including granting Plaintiffs' reasonable attorney's fees.

Dated: October 24, 2022                                  Respectfully submitted,

 /s/ Nina Perales                                         /s/ Sean Morales-Doyle
Nina Perales                                             Sean Morales-Doyle
Julia R. Longoria                                        Eliza Sweren-Becker*
MEXICAN AMERICAN LEGAL DEFENSE AND                       Patrick A. Berry*
EDUCATIONAL FUND                                         Andrew B. Garber*
110 Broadway, Suite 300                                  Jasleen K. Singh*
San Antonio, TX 78205                                    BRENNAN CENTER FOR JUSTICE AT
Telephone: (210) 224-5476                                NYU SCHOOL OF LAW
Facsimile: (210 224-5382                                 120 Broadway, Suite 1750
nperales@maldef.org                                      New York, NY 10271
jlongoria@maldef.org                                     Telephone: (646) 292-8310
                                                         Facsimile: (212) 463-7308
Michael C. Keats*                                        sean.morales-doyle@nyu.edu
Rebecca L. Martin*                                       eliza.sweren-becker@nyu.edu
Jason S. Kanterman*                                      patrick.berry@nyu.edu
Kevin Zhen*                                              andrew.garber@nyu.edu
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP                                             * Admitted *pro hac vice*
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000

11

Facsimile: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
jason.kanterman@friedfrank.com
kevin.zhen@friedfrank.com
* Admitted *pro hac vice*

*Attorneys for Plaintiffs:*
LA UNIÓN DEL PUEBLO ENTERO
 SOUTHWEST VOTER REGISTRATION
  EDUCATION PROJECT
 MEXICAN AMERICAN BAR
  ASSOCIATION OF TEXAS
 TEXAS HISPANICS ORGANIZED FOR
  POLITICAL EDUCATION
 JOLT ACTION
 WILLIAM C. VELASQUEZ INSTITUTE
 FIEL HOUSTON INC.

Paul R. Genender
Texas State Bar No. 00790758
Elizabeth Y. Ryan
Texas State Bar No. 24067758
Matthew Berde*
Texas State Bar No. 24094379
Megan Cloud
Texas State Bar No. 24116207
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
Liz.Ryan@weil.com
Paul.Genender@weil.com
Matt.Berde@weil.com
Megan.Cloud@weil.com


* Admitted *pro hac vice*

*Attorneys for Plaintiffs:*
FRIENDSHIP-WEST BAPTIST
   CHURCH
ANTI-DEFAMATION LEAGUE
   AUSTIN, SOUTHWEST, AND
   TEXOMA REGIONS
TEXAS IMPACT
JAMES LEWIN

By: /s/ Georgina Yeomans
Kenneth E. Broughton
Texas Bar No. 03087250
kbroughton@reedsmith.com
J. Keely Dulaney*
Texas Bar No. 24116306
kdulaney@reedsmith.com
Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899
Sarah Cummings Stewart
Texas Bar No. 24094609

Reed Smith LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
sarah.stewart@reedsmith.com

Danielle Ahlrich
Texas Bar No. 24059215
401 Congress Avenue, Suite 1800
Austin, TX 78701
Telephone: (512) 623-1777
dahlrich@reedsmith.com
Kathryn Sadasivan*
Amir Badat*
Liliana Zaragoza*
Ciara A. Sisco*

NAACP Legal Defense and Educational
Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592
ksadasivan@naacpldf.org
abadat@naacpldf.org
lzaragoza@naacpldf.org
csisco@naacpldf.org
Jennifer A. Holmes*
Georgina Yeomans*
R. Gary Spencer*+

NAACP Legal Defense and Educational
Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 682-1300
Facsimile: (202) 682-1312
jholmes@naacpldf.org
gyeomans@naacpldf.org
Shira Wakschlag*

The Arc of the United States, Inc.
1825 K Street, NW, Suite 1200
Washington, DC 20006

13

Telephone: (202) 534-3708
Facsimile: (202) 534-3731
Wakschlag@thearc.org
*Counsel for Plaintiffs Houston Area Urban League; Delta Sigma Theta Sorority, Inc.; The Arc of Texas; and Jeffrey Lamar Clemmons*

Wendy J. Olson* Laura E. Rosenbaum*
Marc Rasich*
Elijah Watkins*
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480
Sean Lyons
State Bar No. 00792280
Sean@lyonsandlyons.com
Clem Lyons
State Bar No. 12742000
Clem@lyonsandlyons.com
LYONS & LYONS, P.C.
237 W. Travis Street, Suite 100
San Antonio, Texas 78205
Telephone: (210) 225-5251
Telefax: (210) 225-6545

Courtney Hostetler*
Ron Fein*
John Bonifaz*
Ben Clements*
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
(617) 249-3015
chostetler@freespeechforpeople.org
rfein@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org

*Attorneys for Plaintiffs Mi Familia Vota, Marla López, Marlon López, and Paul Rutledge*

* Admitted pro hac vice

+ *Mailing address only. Work remotely from, and admitted to practice in, Georgia.*

Marc E. Elias*
Uzoma N. Nkwonta*
Haley Costello Essig*
Graham W. White*
Joseph Posimato*
Meaghan E. Mixon*
Noah B. Baron*
Marcos Mocine-McQueen*
Michael B. Jones*
Christopher D. Dodge*
Elena Rodriguez Armenta*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
melias@elias.law
unkwonta@elias.law
hessig@elais.law
gwhite@elias.law
jposimato@elias.law
mmixon@elias.law
hessig@elias.law
nbaron@elias.law
mmcqueen@elias.law
mjones@elias.law
cdodge@elias.law
erodriguezarmenta@elias.law
Jonathan Patrick Hawley*

**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100 Seattle, WA 98101 Telephone: (206) 656-0179
jhawley@elias.law
*Counsel for Plaintiffs LULAC Texas, Voto Latino, Texas Alliance for Retired Americans, Texas AFT*

*Admitted Pro Hac Vice*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on October 21, 2022 I conferred with counsel for Defendant Intervenors regarding the above motion. Counsel for Defendant Intervenors stated that they oppose this motion.

/s/ Julia Longoria
Julia Longoria

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document with this Court using the CM/ECF system, which provides notice of this filing to all registered CM/ECF users on the 24th day of October, 2022.

/s/ Julia Longoria
Julia Longoria