# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., *Plaintiffs*, <br><br> v. <br><br> THE STATE OF TEXAS, et al., <br><br> *Defendants*. | 5:21-cv-844-XR <br><br> (Consolidated Cases) |

### PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs in the above-captioned actions collectively serve these Requests for Production upon Intervenor-Defendants Harris County Republican Party, Dallas County Republican Party, Republican National Committee, National Republican Senatorial Committee, and National Republican Congressional Committee (collectively, the "Intervenors").

Responses to these requests are to be produced to Jasleen Singh within 30 days of receipt. To arrange for electronic production, please contact Ms. Singh at singhj@brennan.law.nyu.edu. Anything that cannot be produced electronically should be produced to Ms. Singh at Brennan Center for Justice, 120 Broadway, Suite 1750, New York, NY 10271.

Each Request for Production is subject to the Definitions and Instructions listed below.

### DEFINITIONS

Except as specifically defined below, the terms used in this request shall be construed and defined in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Western District of Texas, where applicable. Any terms not defined shall be given their ordinary meaning.

1. "Any" or "all" means "any and all."

2. "Communication" is synonymous in meaning and scope to the term "communication" as used in Local Rule 26, and includes any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfers of information via email, report, letter, text message, voicemail message, written memorandum, note, summary, and other means.

3. "Curbside voting" means the method of voting available to voters under Tex. Elec. Code § 64.009(a).

4. "Date" means the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

5. "Document" is synonymous in meaning and scope to the term "document" as used in Federal Rule of Civil Procedure 34 and Local Rule 26 and includes, but is not limited to, records, reports, lists, data, statistics, summaries, analyses, communications (as defined above), computer discs, tapes, printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

6. "Drive-thru voting" means any method of voting in which a voter casts a vote from inside a motor vehicle.

7. "Drop box voting" means any method of voting in which a voter casts a vote by depositing their ballot in a ballot box located outside of a polling place.

8. "Early voting" means any method of voting that occurs prior to the uniform election date for a primary or general election.

9. "Election clerk" means any individual appointed by the presiding judge of an election precinct to assist the judge in the conduct of an election at the polling place for a primary or general election pursuant to Tex. Elec. Code § 32.031 et seq.

10. "Election judge" means any individual appointed as a presiding judge or an alternate presiding judge for a primary or general election pursuant to Tex. Elec. Code § 32.001 et seq.

11. "Extended hour voting" means any method of voting in which a voter casts a ballot at a polling place between the hours of 7:00 p.m. and 7:00 a.m.

12. "HB 3" means the legislation designated as House Bill 3, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th First Called Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

13. "HB 6" means the legislation designated as House Bill 6, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th Regular Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

14. "Including" means including, but not limited to.

15. "Office of the Elections Administrator of Dallas County" means the Office of the Elections Administrator of Dallas County and includes the Dallas County Elections Administrator and his predecessors and successors in their official capacities as Dallas County Elections Administrator, as well as the current and former employees, officers, attorneys, agents,

trustees, investigators, representatives, contractors, and consultants of the Office of the Elections Administrator of Dallas County.

16. "Office of the Elections Administrator of Harris County" means the Office of the Elections Administrator of Harris County and includes the Harris County Elections Administrator and her predecessors and successors in their official capacities as Harris County Elections Administrator, as well as the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Elections Administrator of Harris County.

17. "Office of the Texas Attorney General" and "Attorney General" means the Office of the Texas Attorney General and includes the Texas Attorney General and his predecessors and successors in their official capacities as Texas Attorney General, as well as the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Office of the Texas Attorney General.

18. "Office of the Texas Governor" and "Governor" means the Office of the Texas Governor and includes the Texas Governor and his predecessors and successors in their official capacities as Texas Governor, as well as the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Office of the Texas Governor.

19. "Office of the Texas Lieutenant Governor" and "Lieutenant Governor" means the Office of the Texas Lieutenant Governor and includes the Texas Lieutenant Governor and his predecessors and successors in their official capacities as Texas Lieutenant Governor, as well as the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Office of the Texas Lieutenant Governor.

20. "Office of the Texas Secretary of State" and "Secretary of State" means the Office of the Texas Secretary of State and includes the Texas Secretary of State and his predecessors and successors in their official capacities as Texas Secretary of State, as well as the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Office of the Texas Secretary of State.

21. "Poll watcher" means any individual appointed to observe the conduct of an election on behalf of a candidate, a political party, or the proponents or opponents of a measure for a primary or general election pursuant to Tex. Elec. Code § 33.001 et seq.

22. "Poll worker" means any individual, other than an election clerk or election judge, who assists in administering an election at a polling place for a primary or general election.

23. "SB 1" means the legislation designated as Senate Bill 1, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was enacted during the 87th Second Called Session of the Texas Legislature and signed by the Governor of Texas on September 7, 2021, including any predecessor or related bills from any legislative session during 2021.

24. "SB 7" means the legislation designated as Senate Bill 7, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th Regular Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

25. "Straight-ticket voting" means any method of voting in which a party may select a political party's candidates in one motion or gesture.

Case 5:21-cv-00844-XR   Document 469-1   Filed 10/24/22   Page 7 of 19

26. "Texas Legislature" means the current and former members, officers, and staff of the Texas Senate and Texas House of Representatives and any committees or agencies thereof, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants thereof.

27. "Vote-by-mail" means any method of voting in which a voter casts a ballot received in the mail.

28. "Voter" means any registered voter in Texas and all persons who may properly register to vote in Texas by the close of discovery in this case.

29. "Voter assistance" means any conduct permitted under Section 64.0321 of the Texas Election Code or required by Sections 203 and 208 of the Voting Rights Act, 52 U.S.C. §§ 10503, 10508.

30. "You" and "your" means Intervenors Harris County Republican Party, Dallas County Republican Party, Republican National Committee, National Republican Senatorial Committee, or National Republican Congressional Committee, including their current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants, or other persons or entities acting on Intervenors' behalf or subject to Intervenors' control.

## INSTRUCTIONS

31. You shall produce materials and serve responses and any objections within 30 days after service of these Requests for Production.

32. If you object to any part of a request, set forth the basis of your objection and respond to all parts of the request to which you do not object. Any ground not stated in a timely objection is waived.

6

33. If, in responding to these Requests for Production, you encounter any ambiguities when construing a request or definition, set forth the matter deemed ambiguous and the construction used in responding.

34. Regarding any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Federal Rule of Civil Procedure 26(b)(5), including a description of the basis of the claimed privilege and all information necessary for Plaintiffs to assess the claim of privilege.

35. Produce all documents available to you or subject to your access or control that are responsive to the following document production topics. This includes documents in your actual or constructive possession or control and in the actual or constructive possession or control of your attorneys, investigators, experts, and anyone else acting on your behalf.

36. Documents are to be produced as they are kept in the ordinary course of business. Accordingly, documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to this subpoena should be produced intact with the documents; and documents attached to each other should not be separated.

37. Documents are to be produced in accordance with the Stipulated Order Regarding Discovery of Electronically Stored Information ("ESI Agreement") (ECF 251).

38. Each request and subparagraph thereof are to be answered separately. To the extent that you do not have any documents reflecting the information requested herein, and/or any means of recording the information requested herein, please so indicate in your response to the specific production request.

39. Each document produced should be categorized by the number of the document request in response to which it is produced.

40. If any otherwise responsive document was, but is no longer, in existence or in your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all persons having knowledge or who had knowledge of the document, and also describe in full the circumstances surrounding its disposition from your possession or control.

41. These Requests are continuing in nature, up to and including the course of trial. Materials sought by these Requests that become available after you serve your responses must be disclosed to counsel for Plaintiffs by supplementary response or responses.

42. Pursuant to Federal Rule of Civil Procedure 26(e), you are under a duty to promptly amend your responses to these Requests if you learn that an answer is in some material respect incomplete or incorrect. If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you are requested to state this fact in each response.

43. If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such documents as are available to you without undertaking what you contend to be an unreasonable request; (b) describe with particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unreasonable.

44. The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

45. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a document production topic all responses that otherwise might be construed to be outside its scope.

46. A reference to an entity in this request shall be construed to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, and anyone acting on its behalf.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.** All documents, including but not limited to communications, talking points, and memoranda, sent to or exchanged with the Texas Legislature regarding SB 1, SB 7, HB 3, or HB 6.

**REQUEST FOR PRODUCTION NO. 2.** All documents, including but not limited to communications, talking points, and memoranda, sent to or exchanged with the Texas Legislature relating to election administration, voting, election integrity, or the conduct of elections from January 1, 2020, to present.

**REQUEST FOR PRODUCTION NO. 3.** All documents, including but not limited to communications, talking points, and memoranda, sent to or exchanged with the Office of the Texas Governor, the Office of the Texas Attorney General, the Office of the Texas Lieutenant Governor, or the Office of the Texas Secretary of State regarding SB 1, SB 7, HB 3, or HB 6.

**REQUEST FOR PRODUCTION NO. 4.** All documents, including but not limited to communications, talking points, and memoranda, sent to or exchanged with the Office of the Texas Governor, the Office of the Texas Attorney General, the Office of the Texas Lieutenant

Governor, or the Office of the Texas Secretary of State relating to election administration, voting, election integrity, or the conduct of elections from January 1, 2020, to the present.

**REQUEST FOR PRODUCTION NO. 5.** All documents, including but not limited to communications, talking points, and memoranda, sent to or exchanged with the Office of the Elections Administrator of Harris County or the Office of the Elections Administrator of Dallas County relating to election administration, voting, election integrity, or the conduct of elections from January 1, 2020 to the present.

**REQUEST FOR PRODUCTION NO. 6.** All documents, including but not limited to communications, sent to or exchanged with the following third-party organizations, including any of their affiliates or subsidiaries, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants thereof, or other persons or entities acting on their behalf or subject to their control, regarding SB 1, SB 7, HB 3, or HB 6:

(a) The Republican Party of Texas;

(b) The Heritage Foundation;

(c) The Texas Public Policy Foundation;

(d) The American Legislative Exchange Council;

(e) The State Policy Network;

(f) Honest Elections Project;

(g) Public Interest Legal Foundation;

(h) American Civil Rights Union;

(i) Project Veritas;

(j) Judicial Watch;

(k) True the Vote; or

      (l) Texas Election Network.

**REQUEST FOR PRODUCTION NO. 7.** All documents, including but not limited to communications, sent to or exchanged with the following third-party organizations, including any of their affiliates or subsidiaries, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants thereof, or other persons or entities acting on their behalf or subject to their control, relating to election administration, voting, election integrity, or the conduct of elections from January 1, 2020 to present:

      (a) The Republican Party of Texas;

      (b) The Heritage Foundation;

      (c) The Texas Public Policy Foundation;

      (d) The American Legislative Exchange Council;

      (e) The State Policy Network;

      (f) Honest Elections Project;

      (g) Public Interest Legal Foundation;

      (h) American Civil Rights Union;

      (i) Project Veritas;

      (j) Judicial Watch;

      (k) True the Vote; or

      (l) Texas Election Network.

**REQUEST FOR PRODUCTION NO. 8.** All documents, including but not limited to communications, regarding the recruitment, retention, and training of election judges, election clerks, and other poll workers in Texas from January 1, 2018, to present, including any training materials or presentations created or provided by You.

**REQUEST FOR PRODUCTION NO. 9.** All documents, including but not limited to communications, regarding the recruitment and training of poll watchers in Texas from January 1, 2018, to present, including any training materials or presentations created or provided by You.

**REQUEST FOR PRODUCTION NO. 10.** All documents, including but not limited to communications, regarding instances of violence, discrimination, harassment, intimidation, or any inappropriate behavior from poll watchers, election judges, election clerks, or other poll workers in Texas from January 1, 2018, to present.

**REQUEST FOR PRODUCTION NO. 11.** All documents, including but not limited to communications, sent to or exchanged with candidates or potential candidates for elected office in Texas regarding the effects or potential effects of SB 1, SB 7, HB 3, or HB 6.

**REQUEST FOR PRODUCTION NO. 12.** All documents, including but not limited to communications, sent to or exchanged with candidates or potential candidates for elected office in Texas regarding election administration, voting, election integrity, or the conduct of elections during the period from January 1, 2020, to present.

**REQUEST FOR PRODUCTION NO. 13.** All documents, including but not limited to communications, regarding allegations, investigations, and discussions of illegal voting, election fraud, or any kind of criminal conduct in connection with the following methods of voting during the period from January 1, 2018, to the present:

(a) Drop box voting;

(b) Drive-thru voting;

(c) Extended hour voting;

(d) Straight-ticket voting;

(e) Vote-by-mail;

(f) Early voting;

(g) Curbside voting;

(h) Voter assistance, including transportation assistance for curbside voters; or

(i) "Vote harvesting services," as defined by SB 1.

**REQUEST FOR PRODUCTION NO. 14.** All documents, including but not limited to communications, regarding the impact or potential impact of SB 1, SB 7, HB 3, or HB 6 on demographic groups, including but not limited to, racial or ethnic minorities, persons with disabilities, persons with limited English proficiency, or partisan affiliation.

**REQUEST FOR PRODUCTION NO. 15.** All documents, including but not limited to communications, regarding usage of the following methods of voting in Texas by demographic groups, including but not limited to, racial or ethnic minorities, persons with limited English proficiency, persons with disabilities, or partisan affiliation, during the period from January 1, 2020, to present:

(a) Drop box voting;

(b) Drive-thru voting;

(c) Extended hour voting;

(d) Straight-ticket voting;

(e) Vote-by-mail;

(f) Early voting;

(g) Curbside voting;

(h) Voter assistance, including transportation assistance for curbside voters; or

(i) "Vote harvesting services," as defined in SB 1.

**REQUEST FOR PRODUCTION NO. 16.** All documents, including but not limited to communications, regarding the impact or potential impact of SB 1, SB 7, HB 3, or HB 6 on residents of the following counties:

(a) Bexar County;

(b) Dallas County;

(c) Harris County;

(d) El Paso County;

(e) Hidalgo County; or

(e) Travis County.

**REQUEST FOR PRODUCTION NO. 17.** All documents, including but not limited to communications, regarding the number or proportion of Texas residents, Texas citizens of voting age, or Texas registered voters who have, or lack, a Texas Driver's License, a Texas Election Identification Certificate, a Texas Personal Identification Card, or a Social Security Number, including patterns by race, ethnicity, disability status, or party affiliation from January 1, 2020, to present.

**REQUEST FOR PRODUCTION NO. 18.** All documents, including but not limited to communications, regarding questions or complaints received from voters about SB 1's requirements to provide an identification number on Applications for Ballot By Mail and to provide an identification number on the carrier envelope of a mail ballot.

**REQUEST FOR PRODUCTION NO. 19.** All documents, including but not limited to communications, regarding voter assistance, including transportation assistance for curbside voters, and "vote harvesting services" as defined by SB1, and patterns of requests for voter

assistance by race, ethnicity, disability status, or party affiliation during the period from January 1, 2020, to present.

**REQUEST FOR PRODUCTION NO. 20.** All documents, including but not limited to communications, analyses, reports, studies, or commentary, relating to the changing demographics of Texas voters; voter turnout by particular demographic groups, including but not limited to, racial or ethnic minorities, persons with limited English proficiency, persons with disabilities, or partisan affiliation; or particular voting practices in Texas.

Dated: July 7, 2022

Respectfully submitted,

*/s/ Jasleen K. Singh*
Jasleen K. Singh* (Cal. Bar No. 316596)
Sean Morales-Doyle (NY Bar No. 5646641)
Eliza Sweren-Becker* (NY Bar No. 5424403)
Patrick A. Berry* (NY Bar No. 5723135)
Andrew B. Garber* (NY Bar No. 5684147)
**BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW**
120 Broadway, Suite 1750
New York, NY 10271
Telephone: (646) 292-8310
Facsimile: (212) 463-7308
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu
patrick.berry@nyu.edu
andrew.garber@nyu.edu
jasleen.singh@nyu.edu

Paul R. Genender (Tex. Bar No. 00790758)
Elizabeth Y. Ryan (Tex. Bar No. 24067758)
Matthew Berde* (Tex. Bar No. 24094379)
Megan Cloud** (Tex. Bar No. 24116207)
**WEIL, GOTSHAL & MANGES LLP**
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
Paul.Genender@weil.com
Liz.Ryan@weil.com
Matt.Berde@weil.com

Megan.Cloud@weil.com

Alexander P. Cohen* (Tex. Bar No. 24109739)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8020
Facsimile: (212) 310-8007
Alexander.Cohen@weil.com

*Attorneys for Plaintiffs Friendship-West Baptist Church; Anti-Defamation League Austin, Southwest, And Texoma Regions; Texas Impact; James Lewin*

*/s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046)
Julia R. Longoria (Tex. Bar No. 24070166)
**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210) 224-5382
nperales@maldef.org
jlongoria@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Jason S. Kanterman*
Kevin Zhen*
**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
jason.kanterman@friedfrank.com
kevin.zhen@friedfrank.com

Christopher Bell*
**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
801 17th Street, NW
Washington, DC 20006

Telephone: (202) 639-7000
Facsimile: (202) 639-7003
christopher.bell@friedfrank.com

*Attorneys for Plaintiffs La Unión Del Pueblo Entero; Southwest Voter Registration Education Project; Mexican American Bar Association of Texas; Texas Hispanics Organized for Political Education; Jolt Action; William C. Velasquez Institute; Fiel Houston Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2022, the foregoing document was served via e-mail to all counsel of record.

 /s/ *Jasleen K. Singh*
Jasleen K. Singh