# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., *Plaintiffs*, v. THE STATE OF TEXAS, et al., *Defendants*. | 5:21-cv-844-XR |
| LULAC TEXAS, et al., *Plaintiffs*, v. JOHN SCOTT, et al., *Defendants*. | 1:21-cv-0786-XR |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO INTERVENOR-DEFENDANTS HARRIS COUNTY REPUBLICAN PARTY, DALLAS COUNTY REPUBLICAN PARTY, REPUBLICAN NATIONAL COMMITTEE, NATIONAL REPUBLICAN SENATORIAL COMMITTEE, AND NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs serve these Interrogatories upon Intervenor-Defendants Harris County Republican Party, Dallas County Republican Party, Republican National Committee, National Republican Senatorial Committee, and National Republican Congressional Committee (collectively, the "GOP Intervenors").

Responses to these Interrogatories are to be produced to Elena Rodriguez Armenta within 30 days of receipt at erodriguezarmenta@elias.law. Anything that cannot be submitted electronically should be directed to Ms. Rodriguez Armenta at Elias Law Group LLP, 10 G Street NE, Suite 600, Washington, D.C. 20002.

Each Interrogatory is subject to the Definitions and Instructions listed below.

1

## DEFINITIONS

Except as specifically defined below, the terms used in these Interrogatories shall be construed and defined in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Western District of Texas, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "And" or "or" means "and/or."

2. "Any" or "all" mean "any and all."

3. "Communication" is synonymous in meaning and scope to the term "communication" as used in Local Rule 26, and includes, but is not limited to, any disclosure, conveyance, transfer, or exchange of any information or documents, including complaints, from one person to another or among multiple persons by any means or in any form, including but not limited to oral, written, in-person, telephonic, electronic, digital, mailed, or otherwise, and includes transfers of information via email, report, letter, text message, voicemail message, written memorandum, note, summary, and other means.

4. "Document" is synonymous in meaning and scope to the term "document" as used in Federal Rule of Civil Procedure 34 and Local Rule 26 and includes, but is not limited to, records, reports, lists, data, statistics, summaries, analyses, communications (as defined above), computer discs, tapes, printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

5. "Electoral prospects" means the likelihood or apparent probability of a candidate or potential candidate's successful attainment of elected office.

6. "Extended hour voting" means any method of voting in which a voter casts a ballot at a polling place between the hours of 7:00 p.m. and 7:00 a.m.

7. "HB 3" means the legislation designated as House Bill 3, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th First Called Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

8. "HB 6" means the legislation designated as House Bill 6, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th Regular Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

9. "Including" means "including, but not limited to."

10. "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trust groups, and organizations; federal, state, and local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

11. "Relating to," "regarding," or "concurring" and their cognates are to be understood in their broadest sense and shall be construed to include pertaining to, commenting on, memorializing, reflecting, recording, setting forth, describing, evidencing, concerning, or constituting.

12. "SB 1" means the legislation designated as Senate Bill 1, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was enacted during the 87th Second Called Session of the Texas Legislature and signed by the Governor of Texas on September 7, 2021, including any predecessor or related bills from any legislative session in 2021. SB 1 contains the provisions at issue in this Lawsuit.

13. "SB 7" means the legislation designated as Senate Bill 7, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th Regular Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

14. "Suppressive Provisions" means sections 2.04–2.08, 2.11, 3.04, 3.09–3.10, 3.12–3.13, 3.15, 4.01–4.02, 4.06–4.07, 4.09, 4.12, 5.01–5.04, 5.06–5.08, 5.10, 5.12–5.14, 6.01, 6.03–6.07, 7.02, 7.04, and 8.01 of SB 1.

15. "Texas Legislature" or "member of the Texas Legislature" means the current and former members, officers, and staff of the Texas Senate and Texas House of Representatives and any committees or agencies thereof, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants thereof.

16. "Voter assistance" means any conduct or activity by one person aiding or intending to aid an individual or individuals in voting, including all action necessary to make a vote effective in any primary, special, or general election, including, but not limited to, registration or other action required by law as a prerequisite to voting, navigating the polling place, interacting with election

workers, casting a ballot, and having such ballot counted properly and included in the appropriate totals of votes cast.

17. "You" and "your" means the Intervenor-Defendants Harris County Republican Party, Dallas County Republican Party, Republican National Committee, National Republican Senatorial Committee, or National Republican Congressional Committee (collectively, the "GOP Intervenors"), including all related current and former officials and committee members, and their officers, including employees, staff, agents, and representatives.

## INSTRUCTIONS

18. Except as specifically defined below, the terms used in these Interrogatories shall be construed and defined in accordance with the Federal Rules of Civil Procedure. You must return your responses within thirty (30) days to Plaintiffs' counsel. If you object to any interrogatory in full or in part, you must note the objection with specificity. If you object to any part of an interrogatory, you must specify the part to which you object, set forth the basis of your objection and respond to all parts of the interrogatory to which you do not object. Any ground not stated in a timely objection is waived.

19. Where you, in good faith, doubt the meaning or intended scope of an interrogatory, before objecting to the interrogatory based on its vagueness, overbreadth, or ambiguity, contact Plaintiffs' counsel in advance of asserting an objection. Plaintiffs' counsel will provide whatever additional clarification or explanation may be needed. If you still believe the interrogatory to be vague, overbroad, or ambiguous, set forth in your response what you find to be vague, overbroad, or ambiguous and the construction you used in responding.

20. In answering these interrogatories, you must furnish all such information available to you, including information in the possession of all representatives, agents, and any other persons acting on your behalf, and not merely such information known of your own personal knowledge.

5

If you cannot answer these interrogatories in full after exercising due diligence to secure the information requested, you should so state and answer to the extent possible, specifying the nature of your inability to answer the remainder and providing whatever information or knowledge that you possess concerning the unanswered portion.

21. Each interrogatory shall be answered separately, fully, and responsively in the space following the interrogatory or, if that space is insufficient, on additional pages or retyped pages repeating each interrogatory in full followed by the answer in such manner that the final document shall have each interrogatory immediately succeeded by the separate answer.

22. The interrogatories that follow are to be considered as continuing, and you have a duty to provide, by way of supplementary answers, such additional information as you or any persons acting on your behalf may hereafter obtain that will augment, clarify, correct, or otherwise modify the answers now given. Such supplementary answers are to be seasonably served upon Plaintiffs' counsel after receipt of such information, but in any event, no later than 14 days after receipt.

23. If in any interrogatory a number is requested and if the exact number is not known, for each such interrogatory, provide an estimate, an explanation as to your confidence in that estimate, and an explanation as to how that estimate was reached.

24. If you do not know the answer to any interrogatory, or if there are limitations to your knowledge about the answer to any interrogatory, provide whatever answer you can including the limitations to your knowledge. If there are other people or entities that you believe may know the answer to any interrogatory or may be able to provide additional information in response to any interrogatory, identify those people or entities in your response.

25. If any objection is raised to these interrogatories based on an assertion of privilege, you shall provide both a description of the basis of the privilege and all information necessary for Plaintiffs to assess the claim of privilege.

26. No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If a partial or incomplete answer is provided, state that the answer is partial or incomplete.

27. Where an interrogatory relates to more than one person or subject, it is to be answered as to each such person or subject separately.

28. The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

29. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of an interrogatory all responses that otherwise might be construed to be outside its scope.

30. A reference to an entity, organization, or agency in this request shall be construed to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, and anyone acting on its behalf.

31. A reference to a person in this request shall be construed to include that person's employees, representatives, consultants, and anyone acting on their behalf.

32. In answering each interrogatory:

    a. identify each person who prepared or assisted in the preparation of the interrogatory;

    b. state whether the answer is within the personal knowledge of the person answering the interrogatory and, if not, the identity of each person known to have personal knowledge of the answer;

    c. identify each person who provided information or input, or who was interviewed or consulted in order to complete the interrogatory;

    d. identify each document not prepared in anticipation of this litigation that was used in any way to formulate the answer to the interrogatory;

    e. identify each person who possessed documents not prepared in anticipation of this litigation which were used in any way to formulate the answer to the interrogatory; and

    f. if you contend that you cannot answer the question in whole or in part, state the reason the information is not available to you, and the steps you took to attempt to identify the requested information.

## INTERROGATORIES

**INTERROGATORY NO. 1.** Identify and describe all of the state interests you purport to be advanced by the Suppressive Provisions of SB 1. Include in your description how each of the Suppressive Provisions serves each interest.

RESPONSE:


**INTERROGATORY NO. 2.** For each purported interest identified in response to Interrogatory Number 1, identify and describe all efforts by you to conduct or solicit any research, analysis, or investigation to determine whether or how that interest would be advanced or impacted by any provision of SB 1, and the results of any such research or investigation.

RESPONSE:

**INTERROGATORY NO. 3.** If you contend that any Suppressive Provisions of SB 1 advance the legitimacy of Texas's election framework and administration, state the basis, including any evidence, for that contention.

RESPONSE:

**INTERROGATORY NO. 4.** Identify the connection or relationship between any Suppressive Provisions of SB 1 and the electoral prospects of any candidates for elected office in Texas supported by any of the GOP Intervenors, and state the basis, including any evidence, to support that connection or relationship.

RESPONSE:

**INTERROGATORY NO. 5.** Identify (including by Bates number if or once assigned) and describe any communications you have had with any State or county officials, including members or former members of the Texas Legislature, regarding patterns or instances or potential patterns or instances of illegal voting practices, and/or the investigation or prosecution of violations or suspected violations of any criminal election law, including the specific topic of communication, the date of the communications, the individuals who participated in the communications, and the outcome of the communications.

RESPONSE:

**INTERROGATORY NO. 6.** Identify (including by Bates number if or once assigned) and describe any communications you have had with any State or county officials, including members or former members of the Texas Legislature, regarding drive-thru voting, 24-hour voting, extended hour voting, vote-by-mail, early voting, voting at outdoor polling locations, poll watchers, voter assistance, and voting at mobile polling locations. In your description, please include the individuals who participated in the communications.

RESPONSE:

**INTERROGATORY NO. 7.** Identify (including by Bates number if or once assigned) and describe any communications you have had with any State or county officials, including members or former members of the Texas Legislature, and/or candidates or potential candidates for elected office in Texas, regarding the effects or potential effects of SB 1, SB 7, HB 3, or HB 6, including the specific topic of communication, the date of the communications, the individuals who participated in the communications, and the outcome of the communications.

RESPONSE:

**INTERROGATORY NO. 8.** Identify (including by Bates number if or once assigned) and describe all materials created, used, or provided by you regarding the training of election judges, election clerks, and other poll workers in Texas from January 1, 2020, through the present, including any training materials, instructional guides, or presentations.

RESPONSE:

**INTERROGATORY NO. 9.** Identify (including by Bates number if or once assigned) and describe any communications received or exchanged by you regarding instances of violence, discrimination, harassment, intimidation, or inappropriate behavior from poll watchers, poll workers, or election judges, in Texas during the 2020 and 2022 primary, special, and general elections.

RESPONSE:

**INTERROGATORY NO. 10.** Identify and describe with particularity any research or analyses you initiated, requested, or conducted with regard to voting patterns, including related to voting patterns of specific demographics such as racial or ethnic minorities, persons with disabilities, persons with limited English proficiency, or party affiliation, in Texas related to the 2020 and 2022 primary, special, and general elections.

RESPONSE:

Dated: July 13, 2022                    Respectfully submitted,

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Christopher D. Dodge*
Graham White*
Noah B. Baron*
Michael B. Jones*
Daniela Lorenzo*
Marcos Mocine-McQueen*
Elena Rodriguez Armenta*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
unkwonta@elias.law
cdodge@elias.law
gwhite@elias.law

11

nbaron@elias.law
mjones@elias.law
dlorenzo@elias.law
mmcqueen@elias.law
erodriguezarmenta@elias.law

*Counsel for Plaintiff LULAC Texas*

*Admitted Pro Hac Vice*

John R. Hardin
Texas State Bar No. 24012784
**PERKINS COIE LLP**
500 North Akard Street, Suite 3300
Dallas, Texas 75201-3347
Telephone: (214) 965-7700
Facsimile: (214) 965-7799
johnhardin@perkinscoie.com

*Counsel for LULAC Plaintiffs*

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 13, 2022, I electronically served the foregoing document via electronic mail on all counsel of record.

/s/*Elena A. Rodriguez Armenta*
Elena A. Rodriguez Armenta
