# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| La Unión Del Pueblo Entero, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>Gregory W. Abbott, *et al.*,<br><br>*Defendants*. | No. 5:21-cv-00844-XR |

**THE REPUBLICAN COMMITTEES' RESPONSES
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), Intervenors the Harris County Republican Party, Dallas County Republican Party, Republican National Committee, National Republican Senatorial Committee, and National Republican Congressional Committee (together, "the Republican Committees"), by and through their attorneys, hereby submit their Responses to Plaintiffs' First Set of Interrogatories, dated July 13, 2022.

**PRELIMINARY STATEMENTS**

1.     The Republican Committees have responded to the Interrogatories as they interpret and understand them.  If Plaintiffs subsequently assert an interpretation of any interrogatory that differs from the Republican Committees' understanding, the Republican Committees reserve the right to supplement or amend their objections and/or responses.

2.     These Responses are based upon information currently known to the Republican Committees and are provided without prejudice to the Republican Committees' right to produce or rely on any subsequently discovered facts, contentions, or documents that the Republican

1

Committees may later learn of, recall, or discover. The Responses are based upon the Republican Committees': (i) reasonable search of facilities and files that could reasonably be expected to contain responsive information; and (ii) inquiries of staff and/or representatives who could reasonably be expected to possess responsive information.

3.      The Republican Committees reserve the right to continue and complete their investigation and discovery of the facts, and to rely at trial or in other proceedings on documents and information in addition to the information provided herein, regardless of whether such information is newly discovered or newly in existence.

4.      The Republican Committees reserve the right to revise, amend, correct, supplement, modify, or clarify their objections and responses in accordance with the Federal Rules.

5.      These Responses are not an admission by the Republican Committees either that any interrogatory or any response thereto is relevant to, or admissible as evidence in, any trial or other proceeding. All objections as to privilege, immunity, relevance, authenticity, or admissibility of any information or documents referred to in this document or produced in response to any interrogatory are expressly reserved.

## GENERAL OBJECTIONS

The Republican Committees make the following general objections, which apply to each interrogatory regardless of whether they are expressly incorporated into the specific objections below.

1.      The Republican Committees object to each and every interrogatory to the extent it seeks to impose any requirements or obligations on the Republican Committees different from the Federal Rules of Civil Procedure, the Local Rules, any agreement of the parties, or any other statute, rule, or order of this Court.

2.     The Republican Committees object to each and every interrogatory to the extent that it seeks information or materials protected by the attorney-client privilege, the work product doctrine, legislative privilege, the joint-defense or common-interest privilege, or any other applicable privilege or immunity, including the First Amendment.  *Int'l Action Ctr. v. United States*, 207 F.R.D. 1, 3 (D.D.C. 2002); *Wyoming v. U.S. Dep't of Agriculture*, 208 F.R.D. 449, 454-55 (D.D.C. 2002).  Inadvertent disclosure of any such document shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to such document, the subject matter thereof, or other documents, and shall not waive the right of the Republican Committees to object to the use of any such documents or information contained therein in this action or in any other proceeding.  Nothing in these Responses is intended to be, or should be construed as, a waiver of any privilege.

3.     The Republican Committees object to each and every interrogatory to the extent that it seeks documents or information protected from disclosure by the First Amendment.  "It is crucial to remember ... the essence of First Amendment freedoms—the freedoms to protest policies and programs to which one is opposed, and the freedom to organize, raise money, and associate with other like-minded persons so as to effectively convey the message of the protest."  *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59.  This right of free expression and association is particularly vital in the context of political campaigns: an elected official or candidate "ha[s] the right to enter the field of political controversy, particularly where his political life was at stake.  The role that elected officials play in our society makes it all the more imperative that they be allowed freely to express themselves on matters of current public importance."  *Wood v. Georgia*, 370 U.S. 375, 394–95 (1962); *see also Thornhill v. Ala.*, 310 U.S. 88, 95 (1940) ("Those who won our independence had confidence in the power of free and fearless reasoning

and communication of ideas to discover and spread political ... truth."). The Republican Committees and others enjoy a First Amendment right to engage in speech regarding issues of public concern, as well as to organize, raise money, and associate with other individuals to convey their message. Compelled disclosure of internal deliberations and communications regarding such speech threaten protected constitutional rights and could unduly chill First Amendment activities.

4. The Republican Committees object to each and every interrogatory to the extent that it seeks information or materials protected from disclosure by the First Amendment, including the Republican Committees' internal communications, communications with the Republican Party and other political groups, and communications with candidates, advisors, vendors, political supporters, and other individuals. The Supreme Court has recognized that the forced disclosure of political associations raises First Amendment concerns, because the "[i]nviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association." *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958). Compelled disclosure of campaign-related communications in civil discovery can deter activities protected under the First Amendment "by chilling participation and by muting the internal exchange of ideas." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1163 (9th Cir. 2010). Thus, courts "have repeatedly found that compelled disclosure, in itself, can seriously infringe on privacy of association and belief guaranteed by the First Amendment." *Id.* at 1160 (citing *AFL-CIO v. FEC*, 333 F.3d 168, 175 (D.C. Cir. 2003)); *see also Black Panther Party v. Smith*, 661 F.2d 1243, 1268 (D.C. Cir. 1981), *vacated on other grounds*, 458 U.S. 1118 (1982).

5. The Republican Committees object to each and every interrogatory to the extent that it seeks information or materials that are not relevant to the claims made against Texas Senate Bill 1 ("SB 1") in this case. Fed. R. Civ. P. 26(b)(1).

4

6.     The Republican Committees object to each and every interrogatory relating to SB 1, HB 3, HB 6, or SB 7 that asks for information or materials beyond those concerning the Challenged Provisions of SB 1, including so-called "predecessor bills" that were never enacted and/or are not at issue in this lawsuit.

7.     The Republican Committees object to each and every interrogatory to the extent that it seeks information or materials generated before or information predating August 7, 2021, the date on which the legislative session where SB 1 was considered began, or after September 7, 2021, the date on which SB 1 was signed into law, because materials and information from outside this time period do not meet the standards of Fed. R. Civ. P. 26(b)(1).

8.     The Republican Committees object to each and every interrogatory to the extent that it seeks information or materials from any time period that is not relevant to the claims or defenses of any party in this action and are thus beyond the permissible scope of discovery as provided by the Federal Rules.

9.     The Republican Committees object to each and every interrogatory to the extent it asks for materials that were not before the Texas Legislature when it enacted the challenged provisions of law as not relevant to any claim or defense and not proportional to the needs of the case.

10.     The Republican Committees object to each and every interrogatory that asks for communications with non-legislators.

11.     The Republican Committees object to each and every interrogatory to the extent it calls for information or materials relating to press clippings, news articles, email blasts or other materials that were prepared exclusively and independently by third parties but that happen to be within the Republican Committees' possession, custody, or control.

12.    The Republican Committees object to each and every interrogatory to the extent that responding to it would cause annoyance, harassment, embarrassment, oppression, or undue burden, delay, or expense.

13.    The Republican Committees object to each and every interrogatory to the extent that it calls for legal conclusions.

14.    The Republican Committees object to each and every interrogatory to the extent that it (a) is vague and ambiguous; (b) is overly broad or unduly burdensome; (c) seeks information or materials that are not relevant to any claim or defense of any party and proportional to the needs of the case; (d) seeks information or materials not within the possession, custody, or control of the Republican Committees; or (e) seeks information or materials equally available, or more available, to Plaintiffs through party discovery or other means.

15.    The Republican Committees object to each and every interrogatory to the extent that it seeks to require the Republican Committees to search for and produce electronic media or any form of electronic media that is currently inaccessible, not reasonably accessible, stored in a form in which it is not ordinarily maintained or reasonably usable, unreasonably voluminous, or otherwise would be burdensome to search or review.

16.    The Republican Committees object to each and every interrogatory to the extent that it calls for the production of internal proprietary business information or other private or confidential information of the Republican Committees.

17.    The Republican Committees object to each and every interrogatory to the extent that it seeks production of materials or information subject to confidentiality or nondisclosure agreements with third parties (or other agreements governing the sharing of information).

18.     The Republican Committees object to the production of any materials before the adoption of an appropriate protective order applicable to the Republican Committees.

19.     The Republican Committees object to each and every interrogatory to the extent that it lacks particularity and seeks information on or production of "any" or "all" materials responsive to a particular description where the production of "any" or "all" such information or materials is not relevant to any claim or defense of any party or to the subject matter involved in this action and/or where the search for, collection of, or production of all such information or materials would be unduly burdensome.  The Republican Committees will conduct a diligent, good-faith search for information or materials responsive to the interrogatories within the requirements of applicable law.

20.     The Republican Committees object to each and every interrogatory to the extent that it is not "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

a.      Many of the interrogatories are not proportional to the needs of the case because they seek information on numerous responsive materials that are of no importance to "resolving the issues" in this case.  Fed. R. Civ. P. 26(b)(1).  Much of the proposed discovery is simply a fishing expedition into issues not important to resolving the Plaintiffs' claim that certain provisions of SB 1 are unlawful.

b.      The interrogatories are not proportional to the needs of the case because "the burden or expense of the proposed discovery outweighs its likely benefit," especially "in light of the parties' resources."  Fed. R. Civ. P. 26(b)(1).  Many of the interrogatories are exceptionally broad and would require substantial resources to collect, review, and produce.  The Republican Committees' resources consist of contributions made by citizens, in the exercise of those citizens' "right to participate in democracy through political

contributions." *McCutcheon v. FEC*, 572 U.S. 185, 191 (2014).  Forcing the Republican Committees to divert these contributions away from the election campaign, and toward addressing Plaintiffs' broad discovery requests, amounts to a burden on that constitutional right.  As the Supreme Court has noted, courts should "minim[ize] ... discovery" in cases involving "political speech."  *FEC v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 469 (2007) (opinion of Roberts, C.J.).

21.    The Republican Committees object to each and every interrogatory that makes requests for information on "any" or "all" materials or communications "regarding" a particular topic, because identifying and collecting all materials containing any reference or relationship to a particular topic is unduly burdensome and disproportionate to the needs of the case.

22.    By responding to any interrogatory, the Republican Committees do not concede the materiality or relevance of the subject to which the interrogatory refers, nor do the Republican Committees accept the characterizations made by the interrogatories.  The Republican Committees' responses are made subject to non-waiver of any objections with regard to any of the documents or information produced hereto or referenced herein, whether in the trial of this action or in any subsequent action or proceeding, including those based upon the competency, relevancy, materiality, privilege, or admissibility of the information produced hereto or referenced herein.

23.    To the extent the Republican Committees agree to respond to an interrogatory herein, the Republican Committees reserve the right to supplement and/or amend the objections and/or responses to these interrogatories should additional information be located.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

24.     The Republican Committees object to Plaintiffs' definition of "Communications" as overly broad and unduly burdensome to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure.

25.     The Republican Committees object to Plaintiffs' definition of "Document" as overly broad and unduly burdensome to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure.

26.     The Republican Committees object to Plaintiffs' definition of "Suppressive Provisions" as inaccurate and needlessly provocative.  The Republican Committees will use the term "Challenged Provisions" instead for the sections of SB 1 in Plaintiffs' definition of "Suppressive Provisions."

27.     The Republican Committees object to Plaintiffs' definition of "You," and "Your" as vague and ambiguous, and, as a result, interrogatories that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  The Republican Committees object to the definition as being overly broad, as seeking to include individuals and entities that are not within the control of the Republican Committees, and to the extent it imposes obligations upon the Republican Committees beyond the scope of the Federal Rules.  The Republican Committees further object to the definition because applying the definition would be unduly burdensome, given that it purports to encompass a vast range of persons and entities, including (for example) the many unpaid volunteers who worked to secure the election of Republican candidates.  Applying the definition also would require the Republican Committees to disclose the identities of the persons covered by the definition in violation of the Republican

Committees' rights under the First Amendment to keep such identities private.  *See NAACP v. Patterson*, 357 U.S. 449, 463 (1958); *Buckley v. Valeo*, 424 U.S. 1, 74 (1976).

28.     The Republican Committees object to the request in Paragraph 20 of the Instructions that the Republican Committees construe any "reference to an entity" "to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, and anyone acting on its behalf."  The request is overly broad, and applying the request would be unduly burdensome, because it purports to encompass a vast range of persons and entities, including (for example) the many unpaid volunteers who worked to secure the election of Republican candidates.  Applying the request would require the Republican Committees to disclose the identities of the persons covered by the request in violation of the Republican Committees' rights under the First Amendment to keep such identities private. *See Patterson*, 357 U.S. at 463; *Buckley*, 424 U.S. at 74.

29.     The Republican Committees object to the request in Paragraph 30 of the Instructions that the Republican Committees construe any "reference to an entity, organization, or agency" "to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, and anyone acting on its behalf."  The request is overly broad, and applying the request would be unduly burdensome, because it purports to encompass a vast range of persons and entities, including (for example) the many unpaid volunteers who worked to secure the election of Republican candidates.  Applying the request would require the Republican Committees to disclose the identities of the persons covered by the request in violation of the Republican Committees' rights under the First Amendment to keep such identities private.  *See Patterson*, 357 U.S.at 463; *Buckley*, 424 U.S. at 74.

30.     The Republican Committees object to the request in Paragraph 31 of the Instructions that the Republican Committees construe any "reference to a person" "to include that person's employees, representatives, consultants, and anyone acting on their behalf."  The request is overly broad, and applying the request would be unduly burdensome, because it purports to encompass a vast range of persons, including (for example) the many unpaid volunteers who worked to secure the election of Republican candidates.  Applying the request would require the Republican Committees to disclose the identities of the persons covered by the request in violation of the Republican Committees' rights under the First Amendment to keep such identities private. *See Patterson*, 357 U.S. at 463; *Buckley*, 424 U.S. at 74.

### RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

*Identify and describe all of the state interests you purport to be advanced by the Suppressive Provisions of SB 1. Include in your description how each of the Suppressive Provisions serves each interest.*

**RESPONSE TO INTERROGATORY NO. 1:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Interrogatory No. 1 as overbroad, unduly burdensome, and vague and ambiguous in requesting information about "all" and "each" of the "state interests" the Republican Committees "purport to be advanced by … SB1."  The Republican Committees also object to Interrogatory No. 1 as premature prior to the completion of discovery.  The Republican Committees further object to Interrogatory No. 1 because it requests legal conclusions, seeks discovery of legal arguments, or seeks the disclosure of protected attorney mental impressions.  The Republican Committees

object to this Interrogatory for the additional reason that lawmakers may "respond to potential deficiencies in the electoral process with foresight rather than reactively," *Munro v. Socialist Workers Party*, 479 U.S. 189, 195 (1986), and thus need not offer any evidence to support their election-integrity laws or the state interests those laws advance, *see id.*; *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2342, 2348 (2021); *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 197 (2008).

Subject to and without waiving the foregoing objections, the Republican Committees state that SB1 is supported by each and every one of the state interests that have been, or will be, identified by the State Defendants or identified or supported by any evidence produced by any party in this matter.  The Republican Committees further state that they intend to rely on the facts, documents, or evidence identified or produced by any party in this matter that supports those interests.

## INTERROGATORY NO. 2:

*For each purported interest identified in response to Interrogatory Number 1, identify and describe all efforts by you to conduct or solicit any research, analysis, or investigation to determine whether or how that interest would be advanced or impacted by any provision of SB 1, and the results of any such research or investigation.*

## RESPONSE TO INTERROGATORY NO. 2:

The Republican Committees incorporate their General Objections, Objections to the Plaintiffs' Definitions and Instructions, and Response to Interrogatory No. 1 as stated above.  The Republican Committees specifically object to Interrogatory No. 2 as overly broad, unduly burdensome, vague and ambiguous, and not proportional to the needs of the case.  The Republican Committees further object to Interrogatory No. 2 because it calls for information protected from

disclosure by the work product doctrine, attorney-client privilege, expert privilege, or the First Amendment.  *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.   The Republican Committees object to this Interrogatory for the additional reason that lawmakers may "respond to potential deficiencies in the electoral process with foresight rather than reactively," *Munro v. Socialist Workers Party*, 479 U.S. 189, 195 (1986), and thus need not offer any evidence to support their election-integrity laws or the state interests those laws advance, *see id.*; *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2342, 2348 (2021); *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 197 (2008).

Subject to and without waiving the foregoing objections, the Republican Committees state that they are still formulating their defense of SB 1 and their search and review for any relevant materials.

**INTERROGATORY NO. 3:**

*If you contend that any Suppressive Provisions of SB 1 advance the legitimacy of Texas's election framework and administration, state the basis, including any evidence, for that contention.*

**RESPONSE TO INTERROGATORY NO. 3:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Interrogatory No. 3 as overbroad, unduly burdensome, and vague and ambiguous in requesting information about the entirety of Texas's undefined "election framework and administration" and the undefined "advance[ment]" thereof.  The Republican Committees further object to Interrogatory No. 3 as premature until discovery is completed.   The Republican Committees further object to Interrogatory No. 1 because it requests legal conclusions, seeks discovery of legal arguments, or seeks the disclosure of protected attorney mental impressions.

The Republican Committees object to this Interrogatory for the additional reason that lawmakers may "respond to potential deficiencies in the electoral process with foresight rather than reactively," *Munro v. Socialist Workers Party*, 479 U.S. 189, 195 (1986), and thus need not offer any evidence to support their election-integrity laws or the state interests those laws advance, *see id.*; *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2342, 2348 (2021); *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 197 (2008).

Subject to and without waiving the foregoing objections, the Republican Committees state that SB1 is supported by each and every one of the state interests that have been, or will be, identified by the State Defendants or identified or supported by any evidence produced by any party in this matter.  The Republican Committees further state that they intend to rely on the facts, documents, or evidence identified or produced by any party in this matter that supports those interests.

**INTERROGATORY NO. 4:**

*Identify the connection or relationship between any Suppressive Provisions of SB 1 and the electoral prospects of any candidates for elected office in Texas supported by any of the GOP Intervenors, and state the basis, including any evidence, to support that connection or relationship.*

**RESPONSE TO INTERROGATORY NO. 4:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Interrogatory No. 4 as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks information regarding candidates "supported by" the Republican Committees, rather than about the Republican Committees themselves.  The Republican Committees also object to Interrogatory No. 4 as vague and ambiguous in its use of the undefined

terms or phrases "connection or relationship," "electoral prospects," and "supported by."  The Republican Committees further object to Interrogatory No. 4 as premature until discovery is completed.  The Republican Committees further object to Interrogatory No. 4 because it requests legal conclusions, seeks discovery of legal arguments, or seeks the disclosure of protected attorney mental impressions.  The Republican Committees also object to Interrogatory No. 4 to the extent it seeks information protected from disclosure under the First Amendment.  *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.  The Republican Committees further object because this Interrogatory impermissibly tries to relitigate the motion to intervene.

Subject to and without waiving the foregoing objections, the Republican Committees state that they support free and fair elections on behalf of all Texans and the Legislature's duly enacted laws upholding the integrity of those elections.  Commonsense and constitutional laws such as SB 1 facilitate open and equal elections for all voters, including voters who choose to vote for candidates supported by the Republican Committees.  Moreover, SB 1 establishes more thorough rules for mail-in ballots, prevents ballot harvesting, and improves the chain of custody to better secure fair elections.  The Republican Committees further state that they intend to rely on any facts, documents, or evidence identified or produced by any party in the course of this litigation.

## INTERROGATORY NO. 5:

*Identify (including by Bates number if or once assigned) and describe any communications you have had with any State or county officials, including members or former members of the Texas Legislature, regarding patterns or instances or potential patterns or instances of illegal voting practices, and/or the investigation or prosecution of violations or suspected violations of any criminal election law, including the specific topic of communication, the date of the*

*communications, the individuals who participated in the communications, and the outcome of the communications.*

**RESPONSE TO INTERROGATORY NO. 5:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Interrogatory No. 5 as overly broad, unduly burdensome, and not proportional to the needs of the case.  The Interrogatory seeks information on documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case.  The Republican Committees further object to Interrogatory No. 5 because it is vague and ambiguous and lacks particularity in seeking information on "any" communications concerning undefined "patterns or instances or potential patterns or instances of" illegal voting practices, and/or the investigation or prosecution of violations or suspected violations of any criminal election law without limiting the request to information on those documents that are relevant to any party's claims or defenses in this case.  The Republican Committees further object to Interrogatory No. 5 because the Interrogatory is unreasonably cumulative and duplicative, and to the extent it seeks information that can readily be or has been obtained from State or County Defendants.  The Republican Committees further object to Interrogatory No. 5 to the extent the Interrogatory seeks information protected from disclosure under the First Amendment.  *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving any of the foregoing objections, the Republican Committees will identify by Bates number any documents responsive to this Interrogatory that they produce in this litigation.

**INTERROGATORY NO. 6:**

*Identify (including by Bates number if or once assigned) and describe any communications you have had with any State or county officials, including members or former members of the Texas Legislature, regarding drive-thru voting, 24-hour voting, extended hour voting, vote-by-mail, early voting, voting at outdoor polling locations, poll watchers, voter assistance, and voting at mobile polling locations. In your description, please include the individuals who participated in the communications.*

**RESPONSE TO INTERROGATORY NO. 6:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Interrogatory No. 6 as overly broad, unduly burdensome, vague and ambiguous, and not proportional to the needs of the case.  The Interrogatory seeks information on documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case.  The Republican Committees further object to Interrogatory No. 6 because it lacks particularity in seeking information on "any" communications concerning drive-thru voting, 24-hour voting, extended hour voting, vote-by-mail, early voting, voting at outdoor polling locations, poll watchers, voter assistance, and voting at mobile polling locations without limiting the request to information on those documents that are relevant to any party's claims or defenses in this case.  The Republican Committees further object to Interrogatory No. 6 because the Interrogatory is unreasonably cumulative and duplicative, and to the extent it seeks information that can readily be or has been obtained from State or County Defendants.  The Republican Committees further object to Interrogatory No. 6 to the extent the Interrogatory seeks information protected from disclosure

under by the First Amendment.  *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving any of the foregoing objections, the Republican Committees will identify by Bates number any documents responsive to this Interrogatory that they produce in this litigation.

**INTERROGATORY NO. 7:**

*Identify (including by Bates number if or once assigned) and describe any communications you have had with any State or county officials, including members or former members of the Texas Legislature, and/or candidates or potential candidates for elected office in Texas, regarding the effects or potential effects of SB 1, SB 7, HB 3, or HB 6, including the specific topic of communication, the date of the communications, the individuals who participated in the communications, and the outcome of the communications.*

**RESPONSE TO INTERROGATORY NO. 7:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Interrogatory No. 7 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case.  The Interrogatory seeks information on documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case.  The Republican Committees also object to Interrogatory No. 7 because it is vague and ambiguous and lacks particularity in seeking information on "any" communications with candidates or undefined "potential candidates for elected office" regarding the effects or potential effects of SB 1, SB 7, HB 3, or HB 6, without limiting the request to information on those documents that are relevant to any party's claims or

defenses in this case. The Republican Committees further object to Interrogatory No. 7 because the Interrogatory is unreasonably cumulative and duplicative, and to the extent it seeks information that can readily be or has been obtained from State or County Defendants. The Republican Committees further object to Interrogatory No. 7 to the extent the Interrogatory seeks information protected from disclosure under the First Amendment. *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving any of the foregoing objections, the Republican Committees will identify by Bates number any documents responsive to this Interrogatory that they produce in this litigation.

**INTERROGATORY NO. 8:**

*Identify (including by Bates number if or once assigned) and describe all materials created, used, or provided by you regarding the training of election judges, election clerks, and other poll workers in Texas from January 1, 2020, through the present, including any training materials, instructional guides, or presentations.*

**RESPONSE TO INTERROGATORY NO. 8:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above. The Republican Committees specifically object to Interrogatory No. 8 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. The Interrogatory seeks information on materials that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case. The Republican Committees also object that Interrogatory No. 8 lacks particularity in seeking information on "all" materials concerning the training of election judges, election clerks, and other poll workers without limiting the request

to information on those materials that are relevant to any party's claims or defenses in this case. The Republican Committees also object to Interrogatory No. 8 because it is unreasonably cumulative and duplicative. The Republican Committees further object to Interrogatory No. 8 to the extent the Interrogatory seeks information protected from disclosure under the First Amendment. *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving any of the foregoing objections, the Republican Committees will identify by Bates number any documents responsive to this Interrogatory that they produce in this litigation.

**INTERROGATORY NO. 9:**

*Identify (including by Bates number if or once assigned) and describe any communications received or exchanged by you regarding instances of violence, discrimination, harassment, intimidation, or inappropriate behavior from poll watchers, poll workers, or election judges, in Texas during the 2020 and 2022 primary, special, and general elections.*

**RESPONSE TO INTERROGATORY NO. 9:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above. The Republican Committees specifically object to Interrogatory No. 9 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. The Interrogatory seeks information on communications that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case. The Republican Committees further object that Interrogatory No. 9 is vague and ambiguous and lacks particularity in seeking information on "any" communications concerning instances of undefined "violence,

discrimination, harassment, intimidation, or inappropriate behavior" from poll watchers, election judges, election clerks or other poll workers without limiting the request to information on those documents that are relevant to any party's claims or defenses in this case. The Republican Committees also object because the Interrogatory is unreasonably cumulative and duplicative. The Republican Committees further object to Interrogatory No. 9 to the extent the Interrogatory seeks information protected from disclosure under the First Amendment. *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving any of the foregoing objections, the Republican Committees will identify by Bates number any documents responsive to this Interrogatory that they produce in this litigation.

**INTERROGATORY NO. 10:**

*Identify and describe with particularity any research or analyses you initiated, requested, or conducted with regard to voting patterns, including related to voting patterns of specific demographics such as racial or ethnic minorities, persons with disabilities, persons with limited English proficiency, or party affiliation, in Texas related to the 2020 and 2022 primary, special, and general elections.*

**RESPONSE TO INTERROGATORY NO. 10:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above. The Republican Committees specifically object to Interrogatory No. 10 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. The Interrogatory seeks information on materials that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case. The Republican Committees also object

to Interrogatory No. 10 because the Interrogatory is vague and ambiguous and lacks particularity in seeking information on "any" undefined "initiated, requested, or conducted" "research or analyses" concerning "voting patterns of specific demographics" without limiting the request to information on those documents that are relevant to any party's claims or defenses in this case. The Republican Committees further object to Interrogatory No. 10 to the extent the Interrogatory seeks information protected from disclosure under the First Amendment. *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving any of the foregoing objections, the Republican Committees will identify by Bates number any documents responsive to this Interrogatory that they produce in this litigation.

August 12, 2022                                    Respectfully submitted,

                                                   */s/ John M. Gore*
                                                   John M. Gore
                                                   E. Stewart Crosland*
                                                   Stephen J. Kenny*
                                                   Charles E.T. Roberts**
                                                   JONES DAY
                                                   51 Louisiana Avenue, N.W.
                                                   Washington, D.C. 20001
                                                   Phone: (202) 879-3939
                                                   Fax: (202) 626-1700
                                                   jmgore@jonesday.com
                                                   scrosland@jonesday.com
                                                   skenny@jonesday.com
                                                   cetroberts@jonesday.com

                                                   *Counsel for Proposed Intervenor-Defendants*

                                                   **Pro hac vice* applications forthcoming
                                                   **Admitted in Pennsylvania
                                                   Not admitted in D.C. (directly supervised by
                                                   John M. Gore, a licensed D.C. Bar member)

22

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2022, the foregoing document was served via e-mail to all counsel of record.

/s/ Charles E.T. Roberts
Charles E.T. Roberts