# EXHIBIT G

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, DC 20001.2113

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

Direct Number: 2028793930
JMGORE@JONESDAY.COM

October 20, 2022

Kathryn Sadasivan
NAACP Legal Defense and Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006

Re:   *La Union Del Pueblo Entero v. Abbott*, No. 21-cv-00844 (W.D. Tex.)

Dear Kathryn:

I write in response to your email dated October 19, 2022, and in furtherance of earlier correspondences we have had concerning discovery in this case, including our meet-and-confer call on October 17, 2022. The positions Plaintiffs now take in your October 19, 2022 email concerning document discovery and depositions of Intervenors contradict representations Plaintiffs previously made to the Court and to Intervenors and exceed the bounds of the Court's scheduling order. We nonetheless remain hopeful that we can resolve our differences cooperatively.

**I.    Document Discovery**

In the joint notice filed on June 7, 2022, Plaintiffs did not indicate that they intended to seek document discovery from Intervenors during the extended primary discovery period. *See* ECF No. 436 at 2. In fact, Plaintiffs did not even ask the Court to authorize such document discovery as part of the limited discovery permitted during that period. *See id.* Accordingly, the Court's June 8, 2022 scheduling order did not grant Plaintiffs leave to seek any document discovery from Intervenors during the narrow extended primary election discovery period. *See* ECF No. 437 at 1.

Nonetheless, Plaintiffs served overbroad and unduly burdensome requests for production and interrogatories on Intervenors. Intervenors have objected to those sprawling discovery requests and asked Plaintiffs to narrow them to a scope proportionate to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1). Plaintiffs, however, have refused to do so. Intervenors have also explained that the demands of the election year, the Fifth Circuit's stay of discovery, and counsel's trial schedule have directly affected the timeline for responding to Plaintiffs' requests.

In connection with Plaintiffs' request for production, we previously provided you a list of document custodians identified as most likely to have responsive documents for four of the five Intervenors. As I mentioned during our October 17, 2022 call, we were working to finalize a list

1

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Kathryn Sadasivan
October 20, 2022
Page 2

of individual document custodians from the Harris County Republican Party. We have identified eight such custodians, as set out in Appendix A to this letter.

Appendix A also contains Intervenors' initial set of proposed search terms, which remain subject to further modification. Due to the overbreadth of your discovery requests and their use of generic terms, the initial terms unfortunately have yielded more than 24,000 documents in the review universe for our Harris County Republican Party custodians alone. These results confirm the validity of Intervenors' objections to the overbreadth and burdensomeness of your discovery requests—which are plainly disproportionate to the needs of this case and unlikely to yield relevant or otherwise discoverable information.

There is no basis to require Intervenors to expend the time and resources reviewing such an excessive universe of documents when that review is highly unlikely to reveal much, if any, relevant, non-privileged information. As you well know, Intervenors did not enact SB 1 and do not enforce it. They are merely regulated, and participate in elections governed, by SB 1.

You stated on our October 17, 2022 call that you believe your discovery requests are valid because they are aimed at obtaining information that was before the Texas Legislature when it enacted SB 1. In your view, such information bears on the Texas Legislature's intent. But the broad discovery requests you have propounded on Intervenors stray far beyond information before the Texas Legislature and, in fact, strike at communications and other information internal to Intervenors or shared only with Intervenors' political allies and affiliates. Any such internal information, communications, and deliberations that were never before the Texas Legislature have no bearing on the Texas Legislature's decision to enact SB 1 or this case—and, as we have discussed, are protected from compelled disclosure, or even compelled search and review, under the First Amendment. *See, e.g.*, *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1163 (9th Cir. 2010). Accordingly, we intend to focus our document review efforts on external communications and information shared with the Texas Legislature or the public.

As we explained during our October 17, 2022 call, Intervenors are all political party committees actively engaged in the upcoming 2022 general election to be held November 8. Accordingly, Intervenors will not be in a position to produce any documents before Election Day or a mere two days later—which is the November 10, 2022 date you have requested. Instead, Intervenors intend to begin making productions of responsive, non-privileged documents on or before December 1, 2022, and will continue making productions on a rolling basis with a goal of completion by January 31, 2023.

Intervenors therefore agree that your initial request to extend the primary election discovery period through March 17, 2023, is appropriate, subject to three caveats. *First*, the

JONES DAY

Kathryn Sadasivan
October 20, 2022
Page 3

primary election discovery period would be extended only for existing primary election discovery requests; no new primary election discovery requests would be permitted. As I explained on Monday, given the breadth of your discovery requests, there is no need for any further requests. *Second*, as discussed below, Intervenors maintain their position on depositions of any individuals associated with Intervenors. *Third*, Intervenors expressly reserve all objections and claims of privilege against your existing discovery requests.

## II.  Depositions Of Individuals Associated With Intervenors

In the June 7, 2022 joint notice, Plaintiffs identified "witnesses disclosed by Intervenors" and "any witness newly disclosed by Intervenors" as the only individuals associated with Intervenors whom they might seek to depose during the extended primary election discovery period. ECF No. 436 at 2. The Court's June 8, 2022 scheduling order tracked Plaintiffs' request and authorized depositions of "witnesses both already and newly disclosed by Intervenors." ECF No. 437 at 1.

Plaintiffs also agreed in the June 7, 2022 joint notice that the primary discovery period should close on "August 12, 2022." ECF No. 436 at 2. The Court's June 8, 2022 scheduling order reflected that agreement, directing that "[t]he deadline for completion of discovery on matters related to the primary election as to Plaintiffs, State Defendants, and County Defendants is August 12, 2022." ECF No. 437 at 1.

Intervenors have not disclosed any witnesses in this case, so Plaintiffs are not authorized to take any depositions of individuals associated with Intervenors. *See id.* Nonetheless, on October 5, 2022—for the first time in the case and nearly two months after the August 12, 2022 deadline applicable to Plaintiffs—Plaintiffs indicated that they are interested in deposing five named individuals "and possibly other individuals" associated with Intervenors in connection with the primary election. *See* K. Sadasivan Oct. 5, 2022 Email. Plaintiffs, however, did not disclose whether the existing deposition limit in the case permits them to take any additional depositions. *See id.*

We discussed the terms of the Court's June 8, 2022 scheduling order during our October 17, 2022 call. You asked whether Intervenors would be amenable to allowing Plaintiffs to take up to two depositions of individuals associated with the Harris County Republican Party during the general election discovery period in addition to the ten depositions that the Court's scheduling order permits. *See* ECF No. 437 at 2. You now have requested Intervenors' agreement to permit you to take an unspecified (and apparently unlimited) number of depositions of individuals associated with Intervenors related to the primary election and "exclud[ing] testimony about the General Elections and events occurring after the General Election." K. Sadasivan Oct. 19, 2022 Email.

JONES DAY

Kathryn Sadasivan
October 20, 2022
Page 4

      Both proposals are unworkable for several reasons.  *First*, your request for depositions related to the primary election is untimely.  You first made this request to take depositions on October 5, 2022, nearly two months after the August 12, 2022 "deadline for completion of discovery on matters related to the primary election as to Plaintiffs, State Defendants, and County Defendants."  ECF No. 437 at 1.

      *Second*, the Court's scheduling order (which tracked Plaintiffs' own request) authorized only narrow primary election discovery during the extended period.  As discussed—and, as highlighted, consistent with Plaintiffs' own request—the order does not authorize you to take any depositions of individuals associated with Intervenors because Intervenors have not "disclosed" any "witnesses" in this case.  *Id.*; *see also* ECF No. 436 at 2.

      *Third*, it was *Plaintiffs* who asked the Court to limit the number of depositions during the general election discovery period.  *See* ECF No. 436 at 3.  In particular, Plaintiffs asked the Court to limit discovery during that period to "8 depositions per side."  *Id.*  The Court already granted two more depositions than Plaintiffs requested when it set the limit at 10 depositions per side during the general election discovery period.  ECF No. 437 at 2.  There is no basis to increase or bypass that (elevated) limit now, as your October 19, 2022 letter requests to do.

      *Fourth*, Intervenors do not have unilateral authority to agree to increase or bypass the deposition limit.  That limit applies "per side," not to Intervenors alone.  *Id.*

      *Fifth*, like your requests for production and interrogatories, any depositions of individuals associated with Intervenors are overbroad, not likely to yield discoverable or relevant information, and disproportionate to the needs of the case.  Once again, Intervenors are regulated by SB 1; they did not enact and do not enforce the law.

      Moreover, any such depositions raise significant First Amendment privilege issues.  After all, compelling individuals associated with Intervenors to sit for depositions threatens to chill their participation in core political and election-related speech and activities at the heart of the First Amendment's protections.  This is especially true for any inquiry into information internal to Intervenors or shared only with their political allies and affiliates.  *See, e.g.*, *NAACP*, 357 U.S. at 462; *Perry*, 591 F.3d at 1163.

      As a compromise, we are willing to agree that if any individuals associated with Intervenors are deposed during the general election discovery period (and subject to the 10-deposition limit), we will not object to Plaintiffs inquiring about the primary election on that basis alone. Intervenors, however, expressly reserve the right to make all other objections and to assert all available privileges against any such deposition or any questions posed in any such deposition.

JONES DAY

Kathryn Sadasivan
October 20, 2022
Page 5

### III. Deposition Subpoenas

      Finally, we are disappointed by your indication that you intend to serve deposition subpoenas on the five individuals identified for the first time in your October 5, 2022 email. As explained above, Plaintiffs have no right to take these depositions in connection with the narrow extended primary election discovery period. Moreover, your October 11, 2022 email stated that you will also seek to depose these individuals in connection with the general election and that you wanted to save "time and associated costs" by deposing those individuals only once. K. Sadasivan Oct. 11, 2022 Email. We also understood your position on our October 17, 2022 call to be that you reasonably did not want to depose any individual associated with Intervenors before receiving Intervenors' document productions.

      We therefore reiterate our request that you refrain from serving deposition subpoenas on any individual associated with Intervenors until we have resolved the outstanding discovery-related and scheduling issues. Intervenors expressly reserve all objections, rights, and claims of privilege against any depositions of individuals associated with Intervenors or questions posed in any such depositions.

* * *

      We hope you will accept our reasonable proposal for proceeding. We ask for your response by noon on Monday, October 24, 2022. In the interim, please let me know if you would like to discuss any of these matters further.

      Sincerely,

      *John M. Gore*

      John M. Gore

JONES DAY

Kathryn Sadasivan
October 20, 2022
Page 6

### APPENDIX A

**Harris County Republican Party Document Custodians**

1. Carmen Cavazos (Elections Recruitment)
2. Shelly Dezevallos (Vice Chair)
3. Vanessa Ingrassia (Political Director)
4. Marga Matthews (Elections Director)
5. Nolan Schultz (Volunteers Director)
6. Cindy Siegel (Chair)
7. Alan Vera (Chair, Standing Committee on Ballot Security)
8. Casey Voeks (Executive Director)

**Initial Search Terms Yielding Overbroad Review Universe**

*Any of the following search terms run across documents from the Republican National Committee, NRSC, or NRCC will include a further limitation of "Tex*" or "TX".*

January 1, 2018 – Present

1. ("election judge*" OR "election clerk*" OR "poll worker*" OR watcher* OR pollwatcher*) /50 (recruit* OR train* OR class* OR intimidat* OR harass* OR violen* OR discriminat* OR attack* OR assault* OR inappropriate OR misconduct OR interfer* OR disrupt*)

2. (voting OR vote* OR ballot*) w/3 ("drop box*" OR "drive thru" OR "extended hours" OR "straight ticket" OR mail OR early OR curbside OR assist* OR collect*) AND (fraud* OR legal* OR illegal* OR unlawful OR crime* OR criminal*)

3. (voting OR vote* OR ballot*) w/3 harvest*

January 1, 2020 – Present

1. Within To/From/CC/BCC fields: "*texas.gov" OR "*dallascounty.org" OR "*harriscountytx.gov"
2. "SB 1"
3. "S.B. 1"
4. "SB1"
5. "SB 7"
6. "S.B. 7"

JONES DAY

Kathryn Sadasivan
October 20, 2022
Page 7

7. "SB7"
8. "HB 3"
9. "H.B. 3"
10. "HB3"
11. "HB 6"
12. "H.B. 6"
13. "HB6"
14. "election legislation"
15. "election bill"
16. "election administration"
17. "election integrity"
18. (voter* OR ballot* OR resident* OR citizen*) w/5 ("License" OR "identification" OR "ID" OR "social security number" OR "SSN")
19. ("changing demographic*" OR "turnout" OR "practices") AND ("minorit*" OR "black" OR "African-American" OR "Hispanic" OR "of color" OR "disabilit*" OR "disabled" OR "mobility" OR "English proficiency" OR "ESL" OR "second language" OR "Spanish" OR "partisan affiliation" OR "political affiliation")