# EXHIBIT Q

ELIAS LAW GROUP

10 G Street NE, Suite 600 | Washington, DC 20002

**VIA EMAIL**

August 19, 2022

John M. Gore
Counsel for GOP Intervenors
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001

      **RE:** **August 11, 2022 Meet and Confer,** *LULAC Texas et al. v. John Scott et al.***, Case No. 5:21-cv-844-XR (W.D. Tex.)**

Dear John:

Thank you for agreeing to meet and confer last Thursday, August 11 about the Intervenors' Responses and Objections to Plaintiffs' First Requests for Production. We write to memorialize some of the issues we discussed and to facilitate future discussions on these topics moving forward.

*General Objections and Objections to Definitions and Instructions*

As the outset, GOP Intervenors confirmed without waiving any objection that many of their general objections were stated for purposes of preservation. You confirmed that the GOP Intervenors will not forego collecting documents responsive to Plaintiffs' requests for production based on those objections. We understand that the GOP Intervenors are still in the process of collecting and reviewing documents and look forward to reviewing your productions in due course.

*Privileged-Related Objections*

Plaintiffs also expressed specific concern over the GOP Intervenors' privilege-related objections and objections relating to the scope of documents responsive to Plaintiffs' requests. As to the former, Plaintiffs explained that the GOP Intervenors' refusal to produce a privilege log (Objection to Definitions and Instructions No. 5) ran contrary to the Federal Rules of Civil Procedure and the ESI Order entered in this case. We further explained that refusing to produce a privilege log was particularly inappropriate given the GOP Intervenors' broad claims of privilege (General Objection Nos. 2-4) and the fact that the GOP Intervenors did not specifically assert attorney-client privilege, the work product doctrine, legislative privilege, or the joint-defense or common-interest privilege in response to any specific RFPs. We noted that while the GOP Intervenors may (or may

August 19, 2022 Letter – Rodriguez Armenta to Gore
Page 2

not) have valid privilege claims over *specific documents*, a privilege log would ultimately be necessary for Plaintiffs to review and assess the GOP Intervenors' specific claims of privilege.

You explained that because the GOP Intervenors are still in the early stages of document collection and review, you were not aware of how voluminous the documents withheld under the GOP Intervenors' claims of privilege would be but indicated that you anticipated many First Amendment Privilege claims in particular. We expressed a willingness to confer later about how to streamline the parties' efforts with respect to production and logging of such documents, but made clear that, in the ordinary course, Plaintiffs will require an opportunity to assess these privilege claims on a document-by-document basis.

*Responsiveness-Related Objections*

We also discussed the GOP Intervenors' numerous general objections relating to relevance, including the GOP Intervenors' objection to producing the following categories of documents:

- Documents concerning Senate Bill 1's "predecessor bills," such as HB 3, HB 6, and SB 7 (General Objection No. 6);
- Documents created or exchanged outside of the time period between August 7 and September 7, 2021 (General Objection No. 7);
- Documents not known to be before the Texas Legislature when it enacted SB 1 (General Objection No. 9);
- Documents reflecting communications between GOP Intervenors and non-legislators (General Objection No. 10);

We explained why these objections are overbroad, both as a general matter and in response to specific RFPs (*see infra*). While we did not reach a firm agreement as to the relevance of these specific categories of documents, you confirmed that the GOP Intervenors would not limit their search for, and collection of, documents based on these objections. We agreed to meet and confer in good faith once the GOP Intervenors are better able to articulate any specific burden imposed by Plaintiffs' RFPs, but also made clear the GOP Intervenors would need to come forward with specific hit counts or numbers of responsive documents in that event.

*Identification of Custodians*

We further discussed the GOP Intervenors' objections concerning the definition of "you" and "your," as well as "Republican Committees." (Objections to Definitions and Instructions Nos. 4, 6). We suggested these concerns could be resolved by collecting and reviewing documents using email domain names and the GOP Intervenors agreed to collect documents on that basis. We agreed that these definitions were not unbounded, but also made clear that the GOP Intervenors would need to come forward as soon as possible with proposed custodians for document collection and production. To that end, please provide us with a proposed list of custodians by August 29, 2022.

August 19, 2022 Letter – Rodriguez Armenta to Gore
Page 3

*Protective Order and ESI Order*

The GOP Intervenors have objected to producing responsive documents that contain "internal proprietary business information or other private or confidential information," as well as responsive documents "subject to confidentiality or nondisclosure agreements with third parties." (General Objections Nos. 16-17). We explained that these objections were inappropriate, and that any concern over sensitive information could be ameliorated by amending the existing Protective Order (*see* ECF No. 237) and ESI Order (*see* ECF No. 251) to include the GOP Intervenors. Plaintiffs remain amenable to adding the GOP Intervenors to these existing orders on the same terms as all other parties. Please let us know by August 29, 2022 whether the GOP Intervenors accept that proposal, or provide an alternative proposal at that time.

**Objections & Responses to Specific RFPs**

In their responses and objections to Plaintiffs' specific RFPs, the GOP Intervenors agreed to provide documents responsive to only three requests out of twenty. GOP Intervenors and Plaintiffs disagree as to the relevance of the remaining seventeen requests for production to the instant litigation. Plaintiffs explained the relevance of each individual RFP and agreed to limit their requests geographically to the State of Texas.

Where no agreement could be reached between the parties, the GOP Intervenors agreed to raise these concerns with their clients and inform Plaintiffs of the outcome of these discussions. Plaintiffs anticipate and welcome an additional meet and confer to follow-up on these issues.

Please do let us know if any of the above does not reflect your understanding of our discussions during the meet and confer.

                                                                                            All the best,

                                                                                        Elena Rodriguez Armenta

cc: All Counsel of Record