Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| La Unión Del Pueblo Entero, *et al.*, | |
| *Plaintiffs*, | |
| v. | No. 5:21-cv-00844-XR |
| Gregory W. Abbott, *et al.*, | |
| *Defendants*. | |

**THE REPUBLICAN COMMITTEES' RESPONSES AND OBJECTIONS**
**TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), Intervenors the Harris County Republican Party, Dallas County Republican Party, Republican National Committee, National Republican Senatorial Committee, and National Republican Congressional Committee (together, "the Republican Committees"), by and through their attorneys, hereby submit their Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents, dated July 7, 2022.

These Responses and Objections are limited to the information obtained and reviewed to date and are given without prejudice to the Republican Committees' right to amend or supplement their objections and responses after considering information obtained or reviewed in the future. These Reponses and Objections should not be interpreted as an admission to the existence of the requested documents. The Republican Committees reserve the right to object to the admissibility of any documents or information produced in response to Plaintiffs' requests. The Republican Committees submit these Reponses and Objections without conceding the relevance, materiality, or admissibility of the subject matter of any document or information.

1

## GENERAL OBJECTIONS

The Republican Committees make the following general objections, which apply to each request for production regardless of whether they are expressly incorporated into the specific objections below.

1.      The Republican Committees object to each and every request for production to the extent it seeks to impose any requirements or obligations on the Republican Committees different from the Federal Rules of Civil Procedure, the Local Rules, any agreement of the parties, or any other statute, rule, or order of this Court.

2.      The Republican Committees object to each and every request for production to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, legislative privilege, the joint-defense or common-interest privilege, or any other applicable privilege or immunity, including the First Amendment. *Int'l Action Ctr. v. United States*, 207 F.R.D. 1, 3 (D.D.C. 2002); *Wyoming v. U.S. Dep't of Agriculture*, 208 F.R.D. 449, 454-55 (D.D.C. 2002).  Inadvertent disclosure of any such document shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to such document, the subject matter thereof, or other documents, and shall not waive the right of the Republican Committees to object to the use of any such documents or information contained therein in this action or in any other proceeding.  Nothing in these Responses and Objections is intended to be, or should be construed as, a waiver of any privilege.

3.      The Republican Committees object to each and every request for production to the extent that it seeks documents or information protected from disclosure by the First Amendment. "It is crucial to remember ... the essence of First Amendment freedoms—the freedoms to protest policies and programs to which one is opposed, and the freedom to organize, raise money, and

associate with other like-minded persons so as to effectively convey the message of the protest." *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59.  This right of free expression and association is particularly vital in the context of political campaigns: an elected official or candidate "ha[s] the right to enter the field of political controversy, particularly where his political life was at stake.  The role that elected officials play in our society makes it all the more imperative that they be allowed freely to express themselves on matters of current public importance." *Wood v. Georgia*, 370 U.S. 375, 394–95 (1962); *see also Thornhill v. Ala.*, 310 U.S. 88, 95 (1940) ("Those who won our independence had confidence in the power of free and fearless reasoning and communication of ideas to discover and spread political … truth.").  The Republican Committees and others enjoy a First Amendment right to engage in speech regarding issues of public concern, as well as to organize, raise money, and associate with other individuals to convey their message.  Compelled disclosure of internal deliberations and communications regarding such speech threaten protected constitutional rights and could unduly chill First Amendment activities.

4.    The Republican Committees object to each and every request for production to the extent that it seeks documents protected from disclosure by the First Amendment, including the Republican Committees' internal communications, communications with the Republican Party and other political groups, and communications with candidates, advisors, vendors, political supporters, and other individuals.  The Supreme Court has recognized that the forced disclosure of political associations raises First Amendment concerns, because the "[i]nviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association."  *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958).  Compelled disclosure of campaign-related communications in civil discovery can deter activities protected under the First Amendment "by chilling participation and by muting the internal exchange of

3

ideas." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1163 (9th Cir. 2010).  Thus, courts "have repeatedly found that compelled disclosure, in itself, can seriously infringe on privacy of association and belief guaranteed by the First Amendment." *Id.* at 1160 (citing *AFL-CIO v. FEC*, 333 F.3d 168, 175 (D.C. Cir. 2003)); *see also Black Panther Party v. Smith*, 661 F.2d 1243, 1268 (D.C. Cir. 1981), *vacated on other grounds*, 458 U.S. 1118 (1982).

5.      The Republican Committees object to each and every request for production to the extent that it seeks documents that are not relevant to the claims made against Texas Senate Bill 1 ("SB 1") in this case.  Fed. R. Civ. P. 26(b)(1).

6.      The Republican Committees object to each and every request for production of documents relating to SB 1, HB 3, HB 6, or SB 7 that asks for documents beyond those concerning the challenged provisions of SB 1, including so-called "predecessor bills" that were never enacted and/or are not at issue in this lawsuit.

7.      The Republican Committees object to each and every request for production to the extent that it seeks documents generated before or information predating August 7, 2021, the date on which the legislative session where SB 1 was considered began, or after September 7, 2021, the date on which SB 1 was signed into law, because documents and information from outside this time period do not meet the standards of Fed. R. Civ. P. 26(b)(1).

8.      The Republican Committees object to each and every request for production to the extent that it seeks production of documents from any time period that is not relevant to the claims or defenses of any party in this action and are thus beyond the permissible scope of discovery as provided by the Federal Rules.

9.      The Republican Committees object to each and every request for production to the extent it asks for documents that were not before the Texas Legislature when it enacted the

challenged provisions of law as not relevant to any claim or defense and not proportional to the needs of the case.

10.     The Republican Committees object to each and every request for production of documents that asks for communications with non-legislators.

11.     The Republican Committees object to each request to the extent it includes press clippings, news articles, email blasts or other materials that were prepared exclusively and independently by third parties but that happen to be within the Republican Committees' possession, custody, or control.

12.     The Republican Committees object to each request to the extent that responding to it would cause annoyance, harassment, embarrassment, oppression, or undue burden, delay, or expense.

13.     The Republican Committees object to each request to the extent it calls for legal conclusions.

14.     The Republican Committees object to each and every request for production to the extent that it (a) is vague and ambiguous; (b) is overly broad or unduly burdensome; (c) seeks information or documents that are not relevant to any claim or defense of any party and proportional to the needs of the case; (d) seeks documents that are not within the possession, custody, or control of the Republican Committees; or (e) seeks documents that are equally available, or more available, to Plaintiffs through party discovery or other means.

15.     The Republican Committees object to each and every request for production to the extent that it seeks to require the Republican Committees to search for and produce electronic media or any form of electronic media that is currently inaccessible, not reasonably accessible,

stored in a form in which it is not ordinarily maintained or reasonably usable, unreasonably voluminous, or otherwise would be burdensome to search or review.

16.     The Republican Committees object to each and every request for production to the extent that it calls for the production of internal proprietary business information or other private or confidential information of the Republican Committees.

17.     The Republican Committees object to each and every request for production to the extent that it seeks production of documents or information subject to confidentiality or nondisclosure agreements with third parties (or other agreements governing the sharing of information).

18.     The Republican Committees object to the production of any documents before the adoption of an appropriate protective order applicable to the Republican Committees.

19.     The Republican Committees object to each and every request for production to the extent that it lacks particularity and seeks production of "any" or "all" documents responsive to a particular description where the production of "any" or "all" such documents is not relevant to any claim or defense of any party or to the subject matter involved in this action and/or where the search for, collection of, or production of all such documents would be unduly burdensome.  The Republican Committees will conduct a diligent, good-faith search for documents responsive to the requests within the requirements of applicable law.

20.     The Republican Committees object to each and every request for production to the extent that it is not "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

a.     Many of the requests for production are not proportional to the needs of the case because numerous responsive documents are of no importance to "resolving the issues" in

this case.  Fed. R. Civ. P. 26(b)(1).  Much of the proposed discovery is simply a fishing expedition into issues not important to resolving the Plaintiffs' claim that SB 1 is unlawful.

b.      The requests for production are not proportional to the needs of the case because "the burden or expense of the proposed discovery outweighs its likely benefit," especially "in light of the parties' resources."  Fed. R. Civ. P. 26(b)(1).  Many of the document requests are exceptionally broad and would require substantial resources to collect, review, and produce.  The Republican Committees' resources consist of contributions made by citizens, in the exercise of those citizens' "right to participate in democracy through political contributions."  *McCutcheon v. FEC*, 572 U.S. 185, 191 (2014).  Forcing the Republican Committees to divert these contributions away from the election campaign, and toward addressing Plaintiffs' broad discovery requests, amounts to a burden on that constitutional right.  As the Supreme Court has noted, courts should "minim[ize] … discovery" in cases involving "political speech."  *FEC v. Wisc. Right to Life, Inc.*, 551 U.S. 449, 469 (2007) (opinion of Roberts, C.J.).

21.     The Republican Committees object to requests for "all" documents or communications "regarding" or "relating to" a particular topic, because identifying and collecting all documents containing any reference or relationship to a particular topic is unduly burdensome and disproportionate to the needs of the case.

22.     By responding to any request for production, the Republican Committees do not concede the materiality or relevance of the subject to which the request for production refers, nor do the Republican Committees accept the characterizations made by the requests for production. The Republican Committees' responses are made subject to non-waiver of any objections with regard to any of the documents or information produced hereto or referenced herein, whether in

the trial of this action or in any subsequent action or proceeding, including those based upon the competency, relevancy, materiality, privilege, or admissibility of the information produced hereto or referenced herein.

23.     To the extent the Republican Committees agree to conduct a reasonable, good-faith search for documents in response to a request herein, the Republican Committees reserve the right to supplement and/or amend the objections and/or responses to these requests for production should additional information or responsive documents be located.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     The Republican Committees object to Plaintiffs' definition of "Communications" as overly broad and unduly burdensome to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure.

2.     The Republican Committees object to Plaintiffs' definition of "Documents" as overly broad and unduly burdensome to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure.

3.     The Republican Committees object to Plaintiffs' definitions of "Office of the Elections Administrator of Dallas County," "Office of the Elections Administrator of Harris County," "Office of the Texas Attorney General," "Attorney General," "Office of the Texas Governor," "Governor," "Office of the Lieutenant Governor," "Lieutenant Governor," "Office of the Secretary of State," and "Secretary of State" (and the related instructions) to the extent they include all current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors or consultants.   These definitions are overbroad, require the Republican Committees to ascertain the identities of thousands of individuals, and seek information that is not proportional to the needs of the case.

8

4.      The Republican Committees object to Plaintiffs' definition of "You," and "Your" as vague and ambiguous, and, as a result, requests that rely on it violate the requirement to "describe with reasonable particularity" each item requested.  Fed. R. Civ. P. 34(b)(1)(A).  The Republican Committees object to the definition as being overly broad, as seeking to include individuals and entities that are not within the control of the Republican Committees, and to the extent it imposes obligations upon the Republican Committees beyond the scope of the Federal Rules.  The Republican Committees further object to the definition because applying the definition would be unduly burdensome, given that it purports to encompass a vast range of persons and entities, including (for example) the many unpaid volunteers who worked to secure the election of Republican candidates.  Applying the definition also would require the Republican Committees to disclose the identities of the persons covered by the definition in violation of the Republican Committees' rights under the First Amendment to keep such identities private.  *See NAACP v. Patterson*, 357 U.S. 449, 463 (1958); *Buckley v. Valeo*, 424 U.S. 1, 74 (1976).

5.      The Republican Committees object to the instructions to compile a privilege log because such instructions impose unreasonable and unduly burdensome obligations not proportional to the needs of the case.

6.      The Republican Committees object to the request in Paragraph 46 that the Republican Committees construe any "reference to an entity" "to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, and anyone acting on its behalf."  The request is overly broad, and applying the request would be unduly burdensome, because it purports to encompass a vast range of persons and entities, including (for example) the many unpaid volunteers who worked to secure the election of Republican candidates.  Applying the request would require the Republican Committees to disclose the identities of the persons

covered by the request in violation of the Republican Committees' rights under the First Amendment to keep such identities private. *See NAACP*, 357 U.S. at 463; *Buckley*, 424 U.S. at 74.

### RESPONSES AND SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

*All documents, including but not limited to communications, talking points, and memoranda, sent to or exchanged with the Texas Legislature regarding SB 1, SB 7, HB 3, or HB 6.*

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above. The Republican Committees specifically object to Request No. 1 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case. The Republican Committees also object to Request No. 1 because the request lacks particularity without limiting the request to those documents that are relevant to any party's claims or defenses in this case and to the extent the request seeks documents that can more readily be obtained from State Defendants. The Republican Committees further object to Request No. 1 to the extent the request seeks documents and information protected from disclosure under the First Amendment. *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees will conduct a reasonable search for and, to the extent any exist, produce relevant and non-privileged documents responsive to Request No. 1.

**REQUEST FOR PRODUCTION NO. 2:**

*All documents, including but not limited to communications, talking points, and memoranda, sent to or exchanged with the Texas Legislature relating to election administration, voting, election integrity, or the conduct of elections from January 1, 2020, to present.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Request No. 2 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case.  The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case.  The Republican Committees further object to Request No. 2 because the request lacks particularity in seeking "all" documents concerning election administration, voting, election integrity, or the conduct of elections without limiting the request to those documents that are relevant to any party's claims or defenses in this case.  The Republican Committees also object to Request No. 2 because the request is unreasonably cumulative and duplicative, and to the extent the request seeks documents that can more readily be obtained from State Defendants.  The Republican Committees object to Request No. 2 to the extent the request seeks documents and information protected from disclosure under the First Amendment.  *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

11

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees are prepared to schedule a meet and confer with Plaintiffs' counsel concerning this request.

**REQUEST FOR PRODUCTION NO. 3:**

*All documents, including but not limited to communications, talking points, and memoranda, sent to or exchanged with the Office of the Texas Governor, the Office of the Texas Attorney General, the Office of the Texas Lieutenant Governor, or the Office of the Texas Secretary of State regarding SB 1, SB 7, HB 3, or HB 6.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above. The Republican Committees specifically object to Request No. 3 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case. The Republican Committees also object to Request No. 3 because the request lacks particularity without limiting the request to those documents that are relevant to any party's claims or defenses in this case and to the extent the request seeks documents that can more readily be obtained from State Defendants. The Republican Committees further object to Request No. 3 to the extent the request seeks documents and information protected from disclosure under the First Amendment. *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees will conduct a reasonable search for and, to the extent any exist, produce relevant and non-privileged documents responsive to Request No. 3.

**REQUEST FOR PRODUCTION NO. 4:**

*All documents, including but not limited to communications, talking points, and memoranda, sent to or exchanged with the Office of the Texas Governor, the Office of the Texas Attorney General, the Office of the Texas Lieutenant Governor, or the Office of the Texas Secretary of State relating to election administration, voting, election integrity, or the conduct of elections from January 1, 2020, to the present.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above. The Republican Committees specifically object to Request No. 4 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case. The Republican Committees further object that Request No. 4 lacks particularity in seeking "all" documents concerning election administration, voting, election integrity, or the conduct of elections without limiting the request to those documents that are relevant to any party's claims or defenses in this case. The Republican Committees also object because the request is unreasonably cumulative and duplicative, and to the extent the request seeks documents that can more readily be obtained from State Defendants. The Republican Committees further object to Request No. 4 to the extent the request seeks documents and information protected

13

from disclosure under the First Amendment.  *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees are prepared to schedule a meet and confer with Plaintiffs' counsel concerning this request.

**REQUEST FOR PRODUCTION NO. 5:**

*All documents, including but not limited to communications, talking points, and memoranda, sent to or exchanged with the Office of the Elections Administrator of Harris County or the Office of the Elections Administrator of Dallas County relating to election administration, voting, election integrity, or the conduct of elections from January 1, 2020 to the present.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Request No. 5 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case.  The Republican Committees further object that Request No. 5 lacks particularity in seeking "all" documents concerning election administration, voting, election integrity, or the conduct of elections without limiting the request to those documents that are relevant to any party's claims or defenses in this case.  The Republican Committees also object because the request is unreasonably cumulative and duplicative, and to the extent the request seeks documents that can more readily be obtained from County Defendants.   The Republican Committees further object to Request No. 5 to the extent   the request seeks documents and

information protected from disclosure under the First Amendment. *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees are prepared to schedule a meet and confer with Plaintiffs' counsel concerning this request.

## REQUEST FOR PRODUCTION NO. 6:

*All documents, including but not limited to communications, sent to or exchanged with the following third-party organizations, including any of their affiliates or subsidiaries, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants thereof, or other persons or entities acting on their behalf or subject to their control, regarding SB 1, SB 7, HB 3, or HB 6: (a) The Republican Party of Texas; (b) The Heritage Foundation; (c) The Texas Public Policy Foundation; (d) The American Legislative Exchange Council; (e) The State Policy Network; (f) Honest Elections Project; (g) Public Interest Legal Foundation; (h) American Civil Rights Union; (i) Project Veritas; (j) Judicial Watch; (k) True the Vote; or (l) Texas Election Network.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Request No. 6 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case.  The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case.  The Republican Committees also object that Request No. 6 lacks particularity, and to the extent the request seeks documents and information protected from

15

disclosure under the First Amendment.  *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees are prepared to schedule a meet and confer with Plaintiffs' counsel concerning this request.

## REQUEST FOR PRODUCTION NO. 7:

*All documents, including but not limited to communications, sent to or exchanged with the following third-party organizations, including any of their affiliates or subsidiaries, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants thereof, or other persons or entities acting on their behalf or subject to their control, relating to election administration, voting, election integrity, or the conduct of elections from January 1, 2020 to present: (a) The Republican Party of Texas; (b) The Heritage Foundation; (c) The Texas Public Policy Foundation; (d) The American Legislative Exchange Council; (e) The State Policy Network; (f) Honest Elections Project; (g) Public Interest Legal Foundation; (h) American Civil Rights Union; (i) Project Veritas; (j) Judicial Watch; (k) True the Vote; or (l) Texas Election Network.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Request No. 7 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case.  The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case.  The Republican Committees also object that Request No. 7

16

lacks particularity in seeking "all" documents concerning election administration, voting, election integrity, or the conduct of elections without limiting the request to those documents that are relevant to any party's claims or defenses in this case. The Republican Committees further object to Request No. 7 to the extent the request seeks documents and information protected from disclosure under the First Amendment. *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees are prepared to schedule a meet and confer with Plaintiffs' counsel concerning this request.

## REQUEST FOR PRODUCTION NO. 8:

*All documents, including but not limited to communications, regarding the recruitment, retention, and training of election judges, election clerks, and other poll workers in Texas from January 1, 2018, to present, including any training materials or presentations created or provided by You.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above. The Republican Committees specifically object to Request No. 8 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case. The Republican Committees also object that Request No. 8 lacks particularity in seeking "all" documents concerning the recruitment, retention, and training of election judges, election clerks, and other poll workers without limiting the request to those

documents that are relevant to any party's claims or defenses in this case.  The Republican Committees also object to Request No. 8 because the request is unreasonably cumulative and duplicative.  The Republican Committees further object to Request No. 8 to the extent the request seeks documents and information protected from disclosure under the First Amendment.  *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees are prepared to schedule a meet and confer with Plaintiffs' counsel concerning this request.

## REQUEST FOR PRODUCTION NO. 9:

*All documents, including but not limited to communications, regarding the recruitment and training of poll watchers in Texas from January 1, 2018, to present, including any training materials or presentations created or provided by You.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Request No. 9 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case.  The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case.  The Republican Committees further object that Request No. 9 lacks particularity in seeking "all" documents concerning the recruitment and training of poll watchers without limiting the request to those documents that are relevant to any party's claims or defenses in this case.  The Republican Committees also object because the request is unreasonably

cumulative and duplicative.  The Republican Committees further object to Request No. 9 to the extent the request seeks documents and information protected from disclosure under the First Amendment.  *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees are prepared to schedule a meet and confer with Plaintiffs' counsel concerning this request.

**REQUEST FOR PRODUCTION NO. 10:**

*All documents, including but not limited to communications, regarding instances of violence, discrimination, harassment, intimidation, or any inappropriate behavior from poll watchers, election judges, election clerks, or other poll workers in Texas from January 1, 2018, to present.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Request No. 10 as irrelevant, overly broad, unduly burdensome, vague and ambiguous, and not proportional to the needs of the case.  The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case.  The Republican Committees further object that Request No. 10 lacks particularity in seeking "all" documents concerning instances of violence, discrimination, harassment, intimidation, or any inappropriate behavior from poll watchers, election judges, election clerks or other poll workers without limiting the request to those documents that are relevant to any party's claims or defenses in this case.  The Republican

19

Committees also object because the request is unreasonably cumulative and duplicative. The Republican Committees further object to Request No. 10 to the extent the request seeks documents and information protected from disclosure under the First Amendment. *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees are prepared to schedule a meet and confer with Plaintiffs' counsel concerning this request.

## REQUEST FOR PRODUCTION NO. 11:

*All documents, including but not limited to communications, sent to or exchanged with candidates or potential candidates for elected office in Texas regarding the effects or potential effects of SB 1, SB 7, HB 3, or HB 6.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above. The Republican Committees specifically object to Request No. 11 as irrelevant, overly broad, unduly burdensome, vague and ambiguous, and not proportional to the needs of the case. The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case. The Republican Committees also object to Request No. 11 because the request lacks particularity in seeking "all" documents sent to or exchanged with candidates or potential candidates without limiting the request to those documents that are relevant to any party's claims or defenses in this case. The Republican Committees further object to Request No. 11 to the extent the request seeks documents and

information protected from disclosure under the First Amendment. *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees are prepared to schedule a meet and confer with Plaintiffs' counsel concerning this request.

**REQUEST FOR PRODUCTION NO. 12:**

*All documents, including but not limited to communications, sent to or exchanged with candidates or potential candidates for elected office in Texas regarding election administration, voting, election integrity, or the conduct of elections during the period from January 1, 2020, to present.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Request No. 12 as irrelevant, overly broad, unduly burdensome, vague and ambiguous, and not proportional to the needs of the case.  The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case. The Republican Committees also object to Request No. 12 because the request lacks particularity in seeking "all" documents sent to or exchanged with candidates or potential candidates concerning election administration, voting, election integrity, or the conduct of elections without limiting the request to those documents that are relevant to any party's claims or defenses in this case.  The Republican Committees further object to Request No. 12 to the extent the request seeks documents and information protected from

disclosure under the First Amendment. *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees are prepared to schedule a meet and confer with Plaintiffs' counsel concerning this request.

## REQUEST FOR PRODUCTION NO. 13:

*All documents, including but not limited to communications, regarding allegations, investigations, and discussions of illegal voting, election fraud, or any kind of criminal conduct in connection with the following methods of voting during the period from January 1, 2018, to the present: (a) Drop box voting; (b) Drive-thru voting; (c) Extended hour voting; (d) Straight-ticket voting; (e) Vote-by-mail; (f) Early voting; (g) Curbside voting; (h) Voter assistance, including transportation assistance for curbside voters; or (i) "Vote harvesting services," as defined by SB 1.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above. The Republican Committees specifically object to Request No. 13 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case. The Republican Committees also object to Request No. 13 because the request lacks particularity in seeking "all" documents concerning allegations, investigations, and discussions of illegal voting, election fraud, or any kind of criminal conduct in connection with certain methods of voting. The Republican Committees further object to Request No. 13 because the request lacks particularity in seeking "all" such documents without limiting

the request to the State of Texas.  The Republican Committees also object to Request No. 13 to

the extent the request seeks documents and information protected from disclosure under the First

Amendment.  *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*,

370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the

Republican Committees are prepared to schedule a meet and confer with Plaintiffs' counsel

concerning this request.

## REQUEST FOR PRODUCTION NO. 14:

*All documents, including but not limited to communications, regarding the impact or*

*potential impact of SB 1, SB 7, HB 3, or HB 6 on demographic groups, including but not limited*

*to, racial or ethnic minorities, persons with disabilities, persons with limited English proficiency,*

*or partisan affiliation.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

The Republican Committees incorporate their General Objections and Objections to the

Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically

object to Request No. 14 as irrelevant, overly broad, unduly burdensome, and not proportional to

the needs of the case.  The request seeks documents that do not relate to the challenged provisions

of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of

the relevant timeframe in this case.  The Republican Committees also object to Request No. 14

because the request lacks particularity in seeking "all" documents concerning "impact or potential

impact" of multiple pieces of legislation on "demographic groups" without limiting the request to

those documents that are relevant to any party's claims or defenses in this case.  The Republican

Committees further object to Request No. 14 to the extent the request seeks documents and

23

information protected from disclosure under the First Amendment.  *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees are prepared to schedule a meet and confer with Plaintiffs' counsel concerning this request.

## REQUEST FOR PRODUCTION NO. 15:

*All documents, including but not limited to communications, regarding usage of the following methods of voting in Texas by demographic groups, including but not limited to, racial or ethnic minorities, persons with limited English proficiency, persons with disabilities, or partisan affiliation, during the period from January 1, 2020, to present: (a) Drop box voting; (b) Drive-thru voting; (c) Extended hour voting; (d) Straight-ticket voting; (e) Vote-by-mail; (f) Early voting; (g) Curbside voting; (h) Voter assistance, including transportation assistance for curbside voters; or (i) "Vote harvesting services," as defined in SB 1.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Request No. 15 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case.  The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case.  The Republican Committees also object to Request No. 15 as overly broad and unduly burdensome because the request lacks particularity in seeking "all" documents concerning usage of certain methods of voting by "demographic groups" without limiting the request to those documents that are relevant to any party's claims or defenses in this

case.  The Republican Committees further object to Request No. 15 to the extent the request seeks

documents and information protected from disclosure under the First Amendment.  *See, e.g.*, *Int'l*

*Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*,

591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the

Republican Committees are prepared to schedule a meet and confer with Plaintiffs' counsel

concerning this request.

## REQUEST FOR PRODUCTION NO. 16:

*All documents, including but not limited to communications, regarding the impact or*

*potential impact of SB 1, SB 7, HB 3, or HB 6 on residents of the following counties: (a) Bexar*

*County; (b) Dallas County; (c) Harris County; (d) El Paso County; (e) Hidalgo County; or (e)*

*Travis County.*

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

The Republican Committees incorporate their General Objections and Objections to the

Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically

object to Request No. 16 as irrelevant, overly broad, unduly burdensome, and not proportional to

the needs of the case.  The request seeks documents that do not relate to the challenged provisions

of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of

the relevant timeframe in this case.  The Republican Committees also object to Request No. 16

because the request lacks particularity in seeking "all" documents concerning "impact or potential

impact" of multiple pieces of legislation on residents of multiple Texas counties without limiting

the request to those documents that are relevant to any party's claims or defenses in this case.  The

Republican Committees further object to Request No. 16 to the extent the request seeks documents

and information protected from disclosure under the First Amendment.  *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees are prepared to schedule a meet and confer with Plaintiffs' counsel concerning this request.

**REQUEST FOR PRODUCTION NO. 17:**

*All documents, including but not limited to communications, regarding the number or proportion of Texas residents, Texas citizens of voting age, or Texas registered voters who have, or lack, a Texas Driver's License, a Texas Election Identification Certificate, a Texas Personal Identification Card, or a Social Security Number, including patterns by race, ethnicity, disability status, or party affiliation from January 1, 2020, to present.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Request No. 17 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case.  The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case.  The Republican Committees also object to Request No. 17 because the request lacks particularity in seeking "all" documents concerning "the number or proportion of Texas residents" who possess certain forms of identification without limiting the request to those documents that are relevant to any party's claims or defenses in this case.  The Republican Committees further object to Request No. 17 to the extent the request seeks documents

and information protected from disclosure under the First Amendment.  *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees are prepared to schedule a meet and confer with Plaintiffs' counsel concerning this request.

**REQUEST FOR PRODUCTION NO. 18:**

*All documents, including but not limited to communications, regarding questions or complaints received from voters about SB 1's requirements to provide an identification number on Applications for Ballot By Mail and to provide an identification number on the carrier envelope of a mail ballot.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Request No. 18 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case.  The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case.  The Republican Committees also object to Request No. 18 to the extent the request seeks documents and information protected from disclosure under the First Amendment.  *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees are prepared to schedule a meet and confer with Plaintiffs' counsel concerning this request.

**REQUEST FOR PRODUCTION NO. 19:**

*All documents, including but not limited to communications, regarding voter assistance, including transportation assistance for curbside voters, and "vote harvesting services" as defined by SB1, and patterns of requests for voter assistance by race, ethnicity, disability status, or party affiliation during the period from January 1, 2020, to present.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Request No. 19 as irrelevant, overly broad, unduly burdensome, vague and ambiguous, and not proportional to the needs of the case.  The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case.  The Republican Committees also object to Request No. 19 to the extent the request seeks documents and information protected from disclosure under the First Amendment.  *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees will conduct a reasonable search for and, to the extent any exist, produce relevant and non-privileged documents responsive to Request No. 19.

**REQUEST FOR PRODUCTION NO. 20:**

*All documents, including but not limited to communications, analyses, reports, studies, or commentary, relating to the changing demographics of Texas voters; voter turnout by particular demographic groups, including but not limited to, racial or ethnic minorities, persons with limited English proficiency, persons with disabilities, or partisan affiliation; or particular voting practices in Texas.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

The Republican Committees incorporate their General Objections and Objections to the Plaintiffs' Definitions and Instructions as stated above.  The Republican Committees specifically object to Request No. 20 as irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case.  The request seeks documents that do not relate to the challenged provisions of SB 1, were not before the Texas Legislature when it considered SB 1, and/or arose outside of the relevant timeframe in this case.  The Republican Committees also object to Request No. 20 because the request lacks particularity in seeking "all" documents concerning "the changing demographics of Texas voters," "voter turnout by particular demographic groups," and "particular voting practices in Texas" without limiting the request to those documents that are relevant to any party's claims or defenses in this case.  The Republican Committees further object to Request No. 20 to the extent the request seeks documents and information protected from disclosure under the First Amendment. *See, e.g.*, *Int'l Action Ctr.*, 207 F.R.D. at 3; *Wyoming*, 208 F.R.D. at 454–59; *Wood*, 370 U.S. at 394–95; *Perry*, 591 F.3d at 1163.

Subject to and without waiving the foregoing General and Specific Objections, the Republican Committees are prepared to schedule a meet and confer with Plaintiffs' counsel concerning this request.

29

August 5, 2022                                    Respectfully submitted,

                                                 */s/ John M. Gore*
                                                 John M. Gore
                                                 E. Stewart Crosland*
                                                 Stephen J. Kenny*
                                                 Charles E.T. Roberts**
                                                 JONES DAY
                                                 51 Louisiana Avenue, N.W.
                                                 Washington, D.C. 20001
                                                 Phone: (202) 879-3939
                                                 Fax: (202) 626-1700
                                                 jmgore@jonesday.com
                                                 scrosland@jonesday.com
                                                 skenny@jonesday.com
                                                 cetroberts@jonesday.com

                                                 *Counsel for Proposed Intervenor-Defendants*

                                                 **Pro hac vice* applications forthcoming
                                                 **Admitted in Pennsylvania
                                                 Not admitted in D.C. (directly supervised by
                                                 John M. Gore, a licensed D.C. Bar member)

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2022, the foregoing document was served via e-mail to all counsel of record.

*/s/ Charles E.T. Roberts*
Charles E.T. Roberts