# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*,<br>*Plaintiffs*,<br><br>v.<br><br>GREGORY W. ABBOTT, *et al.*,<br>*Defendants*.<br><br>HARRIS COUNTY REPUBLICAN PARTY, *et al.*,<br>*Intervenor-Defendants*. | § § § § § § § § § § § | Case No. 5:21-cv-844-XR<br>(Consolidated Cases) |
| HOUSTON AREA URBAN LEAGUE, *et al.*,<br>*Plaintiffs,*<br><br>v.<br><br>GREGORY WAYNE ABBOTT, *et al.*,<br>*Defendants.* | § § § § § § § § | Case No. 5:21-cv-00848-XR |
| LULAC TEXAS, *et al.*,<br>*Plaintiffs*,<br><br>v.<br><br>JOHN SCOTT, *et al.*,<br>*Defendants.* | § § § § § § § § | Case No. 1:21-cv-0786-XR |

### STATE DEFENDANTS' RESPONSE TO LUPE, HAUL, AND LULAC PLAINTIFFS' OPPOSED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORIES AND TO AMEND THE SCHEDULING ORDER AS TO DEFENDANT INTERVENORS

State Defendants file this brief response to the Motion to Compel filed by the LUPE, HAUL, and LULAC Plaintiffs on October 24. *See* ECF 469. State Defendants oppose Plaintiffs' attempts to extend primary election discovery past the August 12 deadline and to exceed the limitations for general election discovery. This Court should reject Plaintiffs' effort to slant the playing field in their favor by incongruently expanding both the number and scope of their depositions.

1

**BACKGROUND**

On March 4, 2022, a Consent Motion to Modify Scheduling Order was filed after all parties that were then in the case reached agreement on a limitation of 50 depositions or 250 hours of deposition testimony for both "plaintiffs collectively" and "defendants collectively." ECF 308. Three days later, this Court granted that motion in a text-only docket entry. Relying on this agreement, Defendants worked diligently to employ their limited depositions as efficiently and effectively as possible. Adjustments became necessary with the entry of Intervenor-Defendants into the case on May 13, so the parties conferred five separate times thereafter to formulate another joint filing to amend this Court's scheduling order. *See* ECF 436. As a result, the Court amended the scheduling order on June 8, establishing three separate discovery-related deadlines that are relevant here. ECF 437.

Under the Court's Amended Scheduling Order, Plaintiffs', State Defendants', and County Defendants' deadline to complete discovery related to the primary election was August 12. *Id.* at 1. Intervenor-Defendants' deadline for discovery involving the primary election was October 24. *Id.* And the deadline for all parties to complete fact discovery related to the general election was set as March 17, 2023. *Id.* at 2. Crucially, the Court placed a numerical limit on the number of depositions that could be conducted in relation to the general election, stating that "[t]he parties may commence or reopen no more than 10 depositions per side, absent further leave of the Court." *Id.*

State Defendants continued to pursue appropriate discovery during the remainder of their initial discovery period. Now, however, Plaintiffs seek to abandon the terms that they insisted be imposed. Specifically, Plaintiffs seek to depose at least eight individuals associated with Intervenor-Defendants on all matters related to this litigation without those depositions counting against the ten-deposition-limit currently in place for the general election discovery period. As detailed below, those depositions are not allowed under the terms of the Amended Scheduling Order. If the depositions

nonetheless go forward, Plaintiffs should be limited in scope to matters associated with the general election, and these depositions should count toward the ten-deposition-limit. Abandoning these limitations now would impermissibly amend the scheduling order without a showing of good cause by Plaintiffs. If Plaintiffs wish to engage in a fishing expedition against Intervenor-Defendants that will drain time and resources from all parties involved, they must be willing to accept the consequences of that strategic litigation decision.

## ARGUMENT

**A.     Plaintiffs missed their deadline for discovery related to the primary election.**

This Court's amended scheduling order set two different deadlines for discovery related to the primary election: one for the original parties and one for Intervenor-Defendants. "The deadline for completion of discovery on matters related to the primary election as to Plaintiffs, State Defendants, and County Defendants is August 12, 2022." ECF 437 at 1. By contrast, "[t]he deadline for completion of discovery on matters related to the primary election as to Intervenors is October 24, 2022." *Id.* Plaintiffs' discovery requests were not timely because they were sent after August 12, 2022. *See* Exs. A & B.

Plaintiffs' only counterargument is that they can rely on "[t]he deadline for completion of discovery on matters related to the primary election as to Intervenors" because they seek discovery against Intervenor-Defendants. But that is the deadline for discovery *conducted by* Intervenor-Defendants, not discovery *against* them. That is why the Court set an earlier deadline for discovery "as to" the parties that had already been seeking discovery and participating in the case and a later deadline for discovery "as to" Intervenor-Defendants, who had only recently joined the case. *See* ECF 437 at 1.

Interpreting "as to" the way the Plaintiffs suggest—allowing discovery against Intervenor-Defendants through October 24—would render the amended scheduling order nonsensical. To take

3

but one notable example, there would be no deadline at all for discovery conducted against third parties. All parties would be able to engage in endless third-party discovery because there is no deadline for discovery "as to" third parties. That is inconsistent with the purpose of the rules governing discovery. *Cf.* Fed. R. Civ. P. 1 (explaining that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

**B.      If the noticed depositions are allowed, they should count against the limits on discovery related to the general election.**

Despite the closing of the primary-election discovery period, Plaintiffs are allowed to conduct depositions related to the general election through March 17, 2023. *See* ECF 437 at 2. But general-election depositions are limited to "no more than 10 depositions per side." *Id.* Indeed, this limit is higher than the one Plaintiffs sought. *See* ECF 436 at 3 (proposing "8 depositions per side").

Plaintiffs nonetheless propose to abandon this limit by requesting "that depositions of Defendant Intervenors conducted during the general election discovery period" not be "count[ed] toward this Court's limit of 'no more than 10 depositions per side' during the general election discovery period." ECF 469 at 11. The Court should deny that request.

Nor should this Court allow Plaintiffs to expand the scope of these depositions to matters beyond the general election. As mentioned above, Plaintiffs' deadline for completing discovery related to the primary election was August 12. ECF 437 at 1. However, Plaintiffs did not even mention that they would seek depositions related to Intervenor-Defendants until a month and a half after that deadline passed. Given the extreme tardiness of Plaintiffs' subpoenas and notices, fundamental fairness dictates that any depositions that are allowed to go forward should be limited to the general election.

Finally, Defendants note that the eight noticed depositions would not even fit Plaintiffs' own stated criteria of being "noticed as concerning only the primary election discovery period." *See* ECF

4

469 at 11. While Plaintiffs suggested in an October 19 email "that the deposition of an individual or group affiliated with Intervenor-Defendants [would] exclude testimony about the General Elections and events occurring after the General Election" and thus "would not count toward the 10-deposition limit regarding the General Election," no agreement was ever reached, as confirmed in Plaintiffs' follow-up email on October 21. Ex. C. Furthermore, nothing in the five Rule 45 subpoenas emailed that same day in any way limits the scope of the deposition to the primary election. *See* Ex. A. More strikingly, the scope of the three Rule 30(b)(6) notices for deposition explicitly included both the "primary and general election," as evidenced by the definitions included for the terms "early voting," "election clerk," "election judge," "poll watcher," and "poll worker." *See, e.g.*, Ex. B. Thus, these subpoenas and Rule 30(b)(6) notices—all sent more than two months after the initial period of discovery closed for Plaintiffs—should count against the ten-deposition limit even if the Court grants Plaintiffs' request that they be conducted.

**C.    Plaintiffs have forfeited any argument that good cause exists for amending the scheduling order to accommodate the relief they request.**

Plaintiffs cannot secure the relief they seek without an amendment to the scheduling order, but they have forfeited any argument for amendment. The Federal Rules of Civil Procedure provide that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Such modification "is by no means automatic." *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008) (quoting *Spencer Trask Software & Info. Servs. v. RPost Int'l Ltd.,* 206 F.R.D. 367, 368 (S.D.N.Y. 2002)). Indeed, Rule 16's good-cause requirement is more rigorous than the standard for amending a pleading under Rule 15(a). *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (distinguishing Rule 16(b)(4) from the "more liberal standard of Rule 15(a)"). Here, Plaintiffs have not only failed to meet this stringent standard; they have not even made the attempt.

Plaintiffs neither identify Rule 16 as the relevant standard nor discuss its application anywhere in their motion. They fail to analyze the four factors relevant to determining whether Rule 16's good-cause requirement is satisfied. *See Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (listing relevant factors). They make no argument that these depositions would somehow "change[] the outcome" of the case. *See Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013). They do not try to explain how their request for additional depositions in any way serves the purpose underlying scheduling orders, which is to "expedite pretrial procedure" and ensure "court efficiency." *See S&W Enters.*, 315 F.3d at 535. Where, as here, a party utterly fails to address the relevant standard under Rule 16, its argument that good cause exists has been forfeited. *See Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 735 (5th Cir. 2018).

## CONCLUSION

Defendants respectfully ask this Court to deny Plaintiffs' request to treat these and similar future deposition requests as timely pursuant to the primary election discovery period. Further, should this Court allow any such depositions to go forward, Defendants request that this Court uphold the general election subject matter limitation and count those depositions against the relevant ten-deposition limit.

| | |
|---|---|
| Date: October 31, 2022 | Respectfully submitted. |
| KEN PAXTON<br>Attorney General of Texas | /s/ Patrick Sweeten<br>PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>Tex. State Bar No. 00798537 |
| BRENT WEBSTER<br>First Assistant Attorney General | WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>Tex. State Bar No. 24088531 |
| | KATHLEEN T. HUNKER<br>Special Counsel<br>Tex. State Bar No. 24118415 |
| | J. AARON BARNES<br>Special Counsel<br>Tex. State Bar No. 24099014 |
| | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Fax: (512) 457-4410<br>patrick.sweeten@oag.texas.gov<br>will.thompson@oag.texas.gov<br>kathleen.hunker@oag.texas.gov<br>aaron.barnes@oag.texas.gov |

**COUNSEL FOR STATE DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on October 31, 2022, and that all counsel of record were served by CM/ECF.

/s/ Patrick Sweeten
Patrick Sweeten