IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 5:21-cv-844 (XR) <br> (Consolidated Cases) |

**UNITED STATES' STATEMENT REGARDING DISCOVERY MOTIONS**

The United States respectfully submits this brief statement regarding pending discovery motions described below, solely to protect its interest in discovering and presenting evidence concerning implementation of SB 1 related to the 2022 general election. To avoid prejudice to the United States and to permit presentation of a complete record, the United States respectfully suggests that this Court resolve the pending discovery disputes in part by clarifying that Private Plaintiffs' depositions of Defendant-Intervenors that do not address the general election shall not count against the ten general election depositions collectively allotted to the United States and Private Plaintiffs under the Court's Amended Scheduling Order. Am. Scheduling Order 2, ECF No. 437.

Following intervention by the Republican Party Intervenors and vacatur of the 2022 trial date, this Court entered an Amended Scheduling Order on June 8, 2022, authorizing extended primary election discovery. Am. Scheduling Order 1. Under that Order, primary election discovery "as to Plaintiffs" closed on August 12; such discovery "as to Intervenors" closed October 24. *Id.* The Amended Scheduling Order also established a discovery period for the

general election and limited general election discovery to "no more than 10 depositions per side[.]" Am. Scheduling Order 2.

Private Plaintiffs, State Defendants, and Defendant-Intervenors now dispute whether depositions of Intervenors noticed by Private Plaintiffs are discovery "as to Plaintiffs" or "as to Intervenors" (as well as numerous issues related to the scope of discovery and privilege claims). *See* Priv. Pls.' Mot. to Compel, ECF No. 469; Def.-Intervenors' Resp. to Mot. to Compel and Mot. for Protective Order, ECF No. 471; State Defs.' Resp. to Mot. to Compel, ECF No. 472. Under their reading of the Amended Scheduling Order, Private Plaintiffs believe they served discovery "as to the Intervenors" on time. Priv. Pls.' Mot. to Compel 3, 8-10. Defendant-Intervenors and State Defendants suggest that depositions of Defendant-Intervenors noticed by Private Plaintiffs after August 12 but before the October 24 close of *primary election* discovery "as to Intervenors" are out of time and thus must "count toward the ten-deposition-limit" for the United States and Private Plaintiffs during the *general election* discovery period. State Defs.' Response 2-3, 6; *see also* Def.-Intervenors' Resp. 13, 30.[1]

The relief suggested by State Defendants and Defendant-Intervenors is unwarranted and would upset the United States' reasonable expectation to be able to take or join up to ten depositions regarding the general election. The requested relief would also unduly constrain the ability of the United States and Private Plaintiffs to present this Court with a full record regarding the 2022 federal general election.

In light of apparent confusion as to the meaning of "as to Intervenors," good cause exists to clarify the Amended Scheduling Order to preserve each side's ability to take the ten

---

[1] The United States has served no discovery requests on Defendant-Intervenors and therefore takes no position regarding the privilege and discoverability questions before this Court.

depositions related to the 2022 federal general election specified by the Court's Order.  *See* Fed. R. Civ. P. 16(b)(4); *Squyres v. Heico Companies, LLC*, 782 F.3d 224, 237 (5th Cir. 2015). Because Private Plaintiffs reasonably understood this Court's Order to permit them to notice depositions of Intervenors until the October 24 deadline for discovery "as to Intervenors," Priv. Pls.' Mot. 9, to the extent such language was misread, "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam) (internal quotation marks and citation omitted). The four relevant factors for good cause under Rule 16(b)(4) of the Federal Rules of Civil Procedure are also present.

1. To the extent that this Court intended Private Plaintiffs to complete depositions of Intervenors by the August 12 deadline for primary election discovery "as to Plaintiffs," Private Plaintiffs' bona fide misunderstanding explains the failure to comply with this Court's order.

2. Clarification will ensure that this Court receives adequate evidence concerning the implementation of SB 1 during the 2022 general election, compiled through the ten depositions that this Court has specified for that purpose.

3. No party would be prejudiced by a clarifying order, which would facilitate orderly discovery and would not increase the number of depositions available to any party.

4. No continuance would be necessary to cure potential prejudice to Defendant-Intervenors or State Defendants, as trial remains nearly eight months away.

*See Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010); *cf. S&W Enters. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (upholding denial of

amendment under substantially different circumstances where movant "offer[ed] effectively no explanation" and amendment "would unnecessarily delay the trial").

For the reasons set out above, the United States respectfully requests that this Court resolve the pending motions in part by clarifying that depositions of Defendant-Intervenors noticed by Private Plaintiffs during the period for primary election discovery "as to Intervenors" not count against the ten general election depositions collectively allotted to the United States and Private Plaintiffs.

DATE: November 7, 2022

Respectfully submitted,

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

ELISE BODDIE
Principal Deputy Assistant Attorney General
Civil Rights Division

*/s/ Daniel J. Freeman*
T. CHRISTIAN HERREN, JR.
RICHARD A. DELLHEIM
DANIEL J. FREEMAN
DANA PAIKOWSKY
MICHAEL E. STEWART
JENNIFER YUN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

CERTIFICATE OF SERVICE

      I hereby certify that on November 7, 2022, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

      */s/ Daniel J. Freeman*
Daniel J. Freeman
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530
(202) 305-4355
daniel.freeman@usdoj.gov