# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| La Unión Del Pueblo Entero, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>Gregory W. Abbott, *et al.*,<br><br>*Defendants*. | No. 5:21-cv-00844-XR<br>(Consolidated Cases) |

**INTERVENOR-DEFENDANTS' FIRST REQUESTS FOR PRODUCTION**

In accordance with Federal Rule of Civil Procedure 34, Intervenor-Defendants Harris County Republican Party, Dallas County Republican Party, Republican National Committee, National Republican Senatorial Committee, and National Republican Congressional Committee ("Intervenor-Defendants") request that Plaintiffs La Unión Del Pueblo Entero, Friendship-West Baptist Church, the Anti-Defamation League Austin, Southwest, and Texoma Regions, Southwest Voter Registration Education Project, Texas Impact, Mexican American Bar Association of Texas, Texas Hispanics Organized for Political Education, Jolt Action, William C. Velasquez Institute, FIEL Houston Inc., and James Lewin ("Plaintiffs") produce the documents listed below to undersigned counsel.

**DEFINITIONS**

1.      "Plaintiff," "you", and "your" refer to Plaintiffs La Unión Del Pueblo Entero, Friendship-West Baptist Church, the Anti-Defamation League Austin, Southwest, and Texoma Regions, Southwest Voter Registration Education Project, Texas Impact, Mexican American Bar Association of Texas, Texas Hispanics Organized for Political Education, Jolt Action, William C.

1

Velasquez Institute, FIEL Houston Inc., and James Lewin, and their members, agents, employees, representatives, and other persons acting or purporting to act on their behalf.

2.     "Any" or "all" means "any and all."

3.     "Candidate" means a candidate for public office in Texas, as defined by Tex. Elec. Code 251.001(1), and a candidate for federal office, as defined by 52 U.S.C. § 30101(2), elected by Texas voters.

4.     "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise, including, but not limited to, oral conversations, telephone calls, presentations, written correspondence, memoranda or notes, electronic mail ("e-mail"), facsimile transmissions, meetings, video conferences, or document transmittals.

5.     "Curbside voting" means the method of voting available to voters under Tex. Elec. Code § 64.009(a).

6.     "Date" means the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

7.     "Document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and includes all writing of any kind (including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise), regardless of their origin or location, including, without limitation, correspondence, memoranda, talking points, analyses, studies, commentaries, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, interoffice and intra-office communications, maps, electronic communications (including, without limitation, e-mail communications, text messages, Slack messages and channels, instant messages, and social media

posts and messages (such as "tweets" or "Facebook" posts and messages)), notes of or reflecting any sort of communication, correspondence, conversations, bulletins, printed matter, computer printouts, teletypes, facsimiles, drawings, sketches, worksheets of any of the foregoing, graphic or oral records or representations of any kind (including, without limitation, photographs, videotapes, motion pictures), and electronic, mechanical, or electric recordings or representations of any kind (including, without limitation, tapes, cassettes and magnetic cards, disks and other recordings).

8. "Drive-thru voting" means any method of voting in which a voter casts a vote from inside a motor vehicle.

9. "Drop box voting" means any method of voting in which a voter casts a vote by depositing their ballot in a ballot box located outside of a polling place.

10. "Early voting" means any method of voting that occurs prior to the uniform election date for a primary or general election.

11. "Election clerk" means any individual appointed by the presiding judge of an election precinct to assist the judge in the conduct of an election at the polling place for a primary or general election pursuant to Tex. Elec. Code § 32.031 et seq.

12. "Election judge" means any individual appointed as a presiding judge or an alternate presiding judge for a primary or general election pursuant to Tex. Elec. Code § 32.001 et seq.

13. "Electronically stored information" or "ESI" is synonymous with the broadest possible meaning of the term as used in Fed. R. Civ. P. 34. It includes, but is not necessarily limited to, information stored in or on any electronic medium or device, including computers, network servers, computer hard drives, e-mails, voicemails, CDs, DVDs, tapes, websites, intranet, extranet, databases, Personal Digital Assistants (PDAs), mobile phone, smart phones, flash drives,

thumb drives and USB drives, whether portable or not, regardless of the software or application used to generate or store the document, data, information or item.

14. "Extended hour voting" means any method of voting in which a voter casts a ballot at a polling place between the hours of 7:00 p.m. and 7:00 a.m.

15. "HB 3" means the legislation designated as House Bill 3, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th First Called Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

16. "HB 6" means the legislation designated as House Bill 6, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th Regular Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

17. "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

18. "Office of the Elections Administrator of Dallas County" means the Office of the Elections Administrator of Dallas County and includes the Dallas County Elections Administrator and his predecessors and successors in their official capacities as Dallas County Elections Administrator, as well as the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Office of the Elections Administrator of Dallas County.

19. "Office of the Elections Administrator of Harris County" means the Office of the Elections Administrator of Harris County and includes the Harris County Elections Administrator and her predecessors and successors in their official capacities as Harris County Elections Administrator, as well as the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Elections Administrator of Harris County.

20. "Office of the Texas Attorney General" and "Attorney General" means the Office of the Texas Attorney General and includes the Texas Attorney General and his predecessors and successors in their official capacities as Texas Attorney General, as well as the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Office of the Texas Attorney General.

21. "Office of the Texas Governor" and "Governor" means the Office of the Texas Governor and includes the Texas Governor and his predecessors and successors in their official capacities as Texas Governor, as well as the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Office of the Texas Governor.

22. "Office of the Texas Lieutenant Governor" and "Lieutenant Governor" means the Office of the Texas Lieutenant Governor and includes the Texas Lieutenant Governor and his predecessors and successors in their official capacities as Texas Lieutenant Governor, as well as the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Office of the Texas Lieutenant Governor.

23. "Office of the Texas Secretary of State" and "Secretary of State" means the Office of the Texas Secretary of State and includes the Texas Secretary of State and his predecessors and

successors in their official capacities as Texas Secretary of State, as well as the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Office of the Texas Secretary of State.

24. "Poll watcher" means any individual appointed to observe the conduct of an election on behalf of a candidate, a political party, or the proponents or opponents of a measure for a primary or general election pursuant to Tex. Elec. Code § 33.001 et seq.

25. "Poll worker" means any individual, other than an election clerk or election judge, who assists in administering an election at a polling place for a primary or general election.

26. "Potential candidate" means a person who has publicly expressed an interest in becoming a candidate.

27. "Relating to" means analyzing, containing, concerning, dealing with, constituting, contradicting, defining, describing, discussing, embodying, evidencing, explaining, identifying, mentioning, pertaining to, reflecting, referring to, regarding, setting forth, showing, stating, summarizing, supporting, undermining, or being relevant in any other way to the subject matter of the given request.

28. "SB 1" means the legislation designated as Senate Bill 1, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was enacted during the 87th Second Called Session of the Texas Legislature and signed by the Governor of Texas on September 7, 2021, including any predecessor or related bills from any legislative session during 2021.

29. "SB 7" means the legislation designated as Senate Bill 7, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th

Regular Session of the Texas Legislature, including any predecessor or related bills from any legislative session in 2021.

30. "Straight-ticket voting" means any method of voting in which a party may select a political party's candidates in one motion or gesture.

31. "Texas Legislature" means the current and former members, officers, and staff of the Texas Senate and Texas House of Representatives and any committees or agencies thereof, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants thereof.

32. "Vote-by-mail" means any method of voting in which a voter casts a ballot received in the mail.

33. "Voter" means any registered voter in Texas and all persons who may properly register to vote in Texas by the close of discovery in this case.

34. "Voter assistance" means any conduct permitted under Section 64.0321 of the Texas Election Code or required by Sections 203 and 208 of the Voting Rights Act, 52 U.S.C. §§ 10503, 10508.

35. The words "and/or," "or," and "and" are used inclusively, not exclusively. So "and/or," "or," and "and" should be construed as requiring the broadest possible response.

36. The words "any," "each," and "all" are to be construed as synonymous so as to bring within the scope of the discovery requests the broadest range of documents.

37. The singular form of a word should be interpreted as the plural and the plural form of a word should be interpreted as the singular whenever appropriate in order to bring within the scope of these requests any information that might otherwise be considered to be beyond their scope.

38. The present tense should be construed to include the past tense and the past tense should be construed to include the present tense as necessary to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

## INSTRUCTIONS

1. Documents should be produced either: (a) as they are kept in the usual course of business; or (b) in a manner so that they are organized and labeled to correspond with these requests.

2. Any alteration of a responsive document, including notes, underlining, stamps, drafts, revisions, modifications, and other versions of a final document, is a separate document and is to be produced as a separate document.

3. Each request for production of documents contained herein extends to all documents in your possession, custody, or control, or the possession, custody, or control of anyone acting on your behalf, including counsel, representatives, agents, servants, employees, investigators, or consultants. A document is to be deemed in your possession, custody, or control (a) if it is in your physical custody or (b) if it is in the physical custody of any other person and you: (i) own such document in whole or in part; (ii) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; or (iii) have an understanding, express or implied, that you may use, inspect, examine, or copy such document when you seek to do so.

4. If any document is withheld, in whole or in part, for any reason, including but not limited to any claim of privilege of any kind, work-product protection, trade secret, or confidentiality, set forth separately with respect to each document:

    a. the nature of the privilege or ground of confidentiality claimed;

      b. the type of document;

      c. the author(s) of the document;

      d. the addressee(s) of the document;

      e. all persons who received copies of the document;

      f. the date of the document;

      g. the general subject matter of the document; and

      h. the Bates range of the document.

5. If you object to any of the definitions or instructions, state your objection(s) in your response and indicate whether you are complying with the direction or instruction in spite of your objection. If your objection goes to only part of a request for production, provide all responses that do not fall within the scope of your objection.

6. Any claim of any form of privilege must be asserted in accordance with the law of the Western District of Texas. With respect to any information or document that you decline to provide because of a claim of privilege or other objection, please provide a description of the same in order to assist in understanding and evaluating your objection.

7. Responsive documents should be produced in the manner prescribed by the Rules and in accordance with the Stipulated Order Regarding Discovery of Electronically Stored Information ("ESI Agreement") (ECF 251).

## DOCUMENTS REQUESTED

1. All documents sent to, exchanged with, or reflecting communications with the Texas Legislature relating to SB 1, SB 7, HB 3, or HB 6.

2. All documents sent to, exchanged with, or reflecting communications with the Texas Legislature relating to election administration, voting, election integrity, minority voting

rights, voting accessibility for individuals with a disability, or the conduct of elections from January 1, 2020, to present.

3. All documents sent to, exchanged with, or reflecting communications with the Office of the Texas Governor, the Office of the Texas Attorney General, the Office of the Texas Lieutenant Governor, or the Office of the Texas Secretary of State relating to SB 1, SB 7, HB 3, or HB 6.

4. All documents sent to, exchanged with, or reflecting communications with the Office of the Texas Governor, the Office of the Texas Attorney General, the Office of the Texas Lieutenant Governor, or the Office of the Texas Secretary of State relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections from January 1, 2020, to the present.

5. All documents sent to, exchanged with, or reflecting communications with the Office of the Elections Administrator of Harris County or the Office of the Elections Administrator of Dallas County relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections from January 1, 2020 to the present.

6. All documents sent to, exchanged with, or reflecting communications with the following organizations, including any of their affiliates or subsidiaries, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants thereof, or other persons or entities acting on their behalf or subject to their control, relating to SB 1, SB 7, HB 3, or HB 6:

(a) Any other Plaintiff in the above-captioned consolidated cases;

(b) Any national, state, or local Democratic Party committee or organization;

(c) Open Society Foundations;

(d) Priorities USA;

(e) Progressive Voting Bloc;

(f) MoveOn.org;

(g) Fair Fight;

(h) MOVE Texas;

(i) EMILY's List;

(j) Project Vote; and

(k) Democracy 21.

7. All documents sent to, exchanged with, or reflecting communications with the following organizations, including any of their affiliates or subsidiaries, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants thereof, or other persons or entities acting on their behalf or subject to their control, relating to election administration, voting, election integrity, or the conduct of elections from January 1, 2020 to present:

(a) Any other Plaintiff in the above-captioned consolidated cases;

(b) Any national, state, or local Democratic Party committee or organization;

(c) Open Society Foundations;

(d) Priorities USA;

(e) Progressive Voting Bloc;

(f) MoveOn.org;

(g) Fair Fight;

(h) MOVE Texas;

(i) EMILY's List;

(j) Project Vote; and

(k) Democracy 21.

8. All documents sent to, exchanged with, or reflecting communications with any candidate or potential candidate for elected office in Texas relating to the effects or potential effects of SB 1, SB 7, HB 3, or HB 6.

9. All documents sent to, exchanged with, or reflecting communications with candidates or potential candidates for elected office in Texas relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections during the period from January 1, 2020, to present.

10. All documents relating to the recruitment, retention, and training of election judges, election clerks, and other poll workers in Texas from January 1, 2018, to present, including but not limited to, any training materials or presentations created, used, or disseminated in any way by You.

11. All documents relating to the recruitment and training of poll watchers in Texas from January 1, 2018, to present, including but not limited to, any training materials or presentations created, used, or disseminated in any way by You.

12. All documents relating to instances of violence, discrimination, harassment, intimidation, or any inappropriate behavior from poll watchers, election judges, election clerks, or other poll workers in Texas from January 1, 2018, to present.

13. All documents relating to allegations, investigations, and discussions of illegal voting, election fraud, or any kind of criminal conduct in connection with the following methods of voting in Texas during the period from January 1, 2018, to the present:

(a) Drop box voting;

(b) Drive-thru voting;

(c) Extended hour voting;

(d) Straight-ticket voting;

(e) Vote-by-mail;

(f) Early voting;

(g) Curbside voting;

(h) Voter assistance, including transportation assistance for curbside voters; or

(i) "Vote harvesting services," as defined by SB 1.

14. All documents relating to the impact or potential impact of SB 1, SB 7, HB 3, or HB 6 on demographic groups, including but not limited to, racial or ethnic minorities, persons with disabilities, persons with limited English proficiency, or partisan affiliation.

15. All documents relating to usage of the following methods of voting in Texas by demographic groups, including but not limited to, racial or ethnic minorities, persons with limited English proficiency, persons with disabilities, or partisan affiliation, during the period from January 1, 2020, to present:

(a) Drop box voting;

(b) Drive-thru voting;

(c) Extended hour voting;

(d) Straight-ticket voting;

(e) Vote-by-mail;

(f) Early voting;

(g) Curbside voting;

(h) Voter assistance, including transportation assistance for curbside voters; or

(i) "Vote harvesting services," as defined by SB 1.

16. All documents relating to the impact or potential impact of SB 1, SB 7, HB 3, or HB 6 on residents of the following counties:

(a) Bexar County;

(b) Dallas County;

(c) Harris County;

(d) El Paso County;

(e) Hidalgo County; or

(f) Travis County.

17. All documents, including but not limited to communications, relating to the number or proportion of Texas residents, Texas citizens of voting age, or Texas registered voters who have or who lack a Texas Driver's License, a Texas Election Identification Certificate, a Texas Personal Identification Card, or a Social Security Number, including patterns by race, ethnicity, disability status, or party affiliation from January 1, 2020, to present.

18. All documents relating to questions or complaints received from voters about SB 1's requirements to provide an identification number on Applications for Ballot By Mail and to provide an identification number on the carrier envelope of a mail ballot.

19. All documents relating to voter assistance, including transportation assistance for curbside voters, and "vote harvesting services" as defined by SB 1, and patterns of requests for voter assistance by race, ethnicity, disability status, or party affiliation during the period from January 1, 2020, to present.

20. All documents relating to the demographics of Texas voters; voter turnout by particular demographic groups, including but not limited to, racial or ethnic minorities, persons

14

with limited English proficiency, persons with disabilities, or partisan affiliation; or particular voting practices in Texas.

21.     All documents identified in response to Intervenor-Defendants' First Set of Interrogatories 6–13.

| | |
|---|---|
| September 19, 2022 | Respectfully submitted,<br><br>/s/ *John M. Gore*<br>John M. Gore<br>E. Stewart Crosland*<br>Stephen J. Kenny*<br>Charles E.T. Roberts**<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br>Phone: (202) 879-3939<br>Fax: (202) 626-1700<br>jmgore@jonesday.com<br>scrosland@jonesday.com<br>skenny@jonesday.com<br>cetroberts@jonesday.com<br><br>*Counsel for Proposed Intervenor-Defendants*<br><br>\**Pro hac vice* applications forthcoming<br>\*\*Application for admission to the Western District of Texas pending<br>Admitted in Pennsylvania<br>Not admitted in D.C. (directly supervised by John M. Gore, a licensed D.C. Bar member) |

## Certificate of Service

I hereby certify that, on September 19, 2022, I electronically served the foregoing document via electronic mail on all counsel of record.

                                                   */s/ John M. Gore*