Exhibit C

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al.,<br>*Plaintiffs,*<br><br>v.<br><br>GREGORY W. ABBOTT, et al.,<br>*Defendants.* | 5:21-cv-844-XR |
| LULAC TEXAS, et al.,<br>*Plaintiffs,*<br><br>v.<br><br>JOHN SCOTT, et al.,<br>*Defendants.* | 1:21-cv-0786-XR |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, the Texas Alliance for Retired Americans ("TARA"), through its attorneys, hereby objects and responds to the First Set of Requests for Production (the "Requests") propounded by the Republican Committees, Harris County Republican Party, Dallas County Republican Party, Republican National Committee, National Republican Senatorial Committee, and National Republican Congressional Committee (collectively, the "GOP Intervenor-Defendants").

## **GENERAL OBJECTIONS**

1.       TARA objects to the Requests to the extent that they seek documents and materials protected from disclosure by the work-product doctrine, the attorney-client privilege, the common interest doctrine, or any other applicable privilege or immunity recognized by law including, without limitation, the associational rights protected by the First Amendment to the United States Constitution. The First Amendment shields a party from discovery requests that would intrude upon or chill its associational rights unless the other party can show a

"compelling need" for the information sought. *See, e.g.*, *NAACP v. Alabama*, 357 U.S. 449, 460 (1958). Furthermore, compelled disclosure of internal strategy or planning documents, or communications with strategic partners intrudes upon TARA's First Amendment Rights. *See Whole Woman's Health v. Smith*, 896 F.3d 362, 373 (5th Cir. 2018) (noting that group's freedom of association was chilled because such disclosure would harm relationships with others).

2.      TARA objects to the Requests to the extent that they impose obligations on TARA greater than what the Federal Rules of Civil Procedure, Local Rules, order of the Court, or agreement of the parties require. Plaintiffs respond in accordance with the requirements set forth in those rules and orders.

3.      TARA objects to the Requests as overbroad, vague, and unduly burdensome to the extent that certain Requests do not specify a time period. To the extent that no time period is specified, the Plaintiffs will apply a time period from January 1, 2020, to the present.

4.      TARA objects to the Requests to the extent that they seek discovery of information from sources that are not reasonably accessible in light of the burdens or costs required to identify, locate, restore, review, and produce whatever responsive information may be found.

5.      Plaintiffs object to GOP Intervenor-Defendants' Requests to the extent that they require identification or production of "all" persons or documents related in any way to certain matters, on the grounds that such requirements are overly broad, vague, unduly burdensome, and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and/or this Court's local rules and pretrial orders.

6.      TARA objects to the Requests to the extent that they seek information that is not relevant to any party's claims and defenses asserted in the underlying action.

7.      TARA objects to the Requests to the extent that they seek the production of documents before the GOP Intervenor-Defendants agree to an appropriate protective order.

8.      TARA objects to the Requests to the extent that they are duplicative of other Requests already propounded by other parties in this case, and to the extent the Requests seek production of documents already produced in this case. TARA will not produce the same documents twice. *See* ECF No. 111 at 10, Reply in Supp. Mot. to Intervene (the GOP Intervenor-Defendants made a "firm pledge to avoid any duplication[.]").

9.      TARA objects to the extent that these Requests require TARA to conduct additional document collection notwithstanding Intervenors' representation that they would not cause undue delay or duplicate discovery. *See* ECF No. 57, Mot. to Intervene at 12 (the GOP Intervenor-Defendants represented that their intervention would "not delay these cases[...]" and that they "will follow any schedule the Court sets and do not intend to engage in duplicative discovery."); *see also* ECF No. 111 at 10, Reply in Supp. Mot. to Intervene (the GOP Intervenor-Defendants represented that their "intervention will not cause any delay or prejudice, undue or otherwise[,]" as the "case is still in its infancy, and the Republican Committees will 'comply with the schedule that would be followed in their absence[,]'" (internal citations omitted), and made a "firm pledge to avoid any duplication and to abide by any schedule the court sets.").

10.     TARA reserves the right to supplement, amend or modify the below responses and objections as discovery progresses consistent with Federal Rule of Civil Procedure 26(e).

11.     Each of these General Objections is hereby specifically incorporated into each Specific Response and Objection as if fully set forth therein.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.       TARA objects to the Intervenor-Defendants' definition of the terms "Plaintiff," "you," and "your" in Paragraph 1 of their Definitions as overbroad, vague, ambiguous, and unduly burdensome. The Intervenor-Defendants define these terms as including "LULAC Texas, Voto Latino, Texas Alliance for Retired Americans, or Texas AFT," which are separate and unrelated entities which do not share possession, custody, or control of any documents. TARA will interpret the terms "Plaintiff," "you," and "your" to therefore mean TARA only. TARA further objects to the definition of these terms to the extent they seek to include individuals not within or under TARA's control or to the extent they seek to include documents revealing the privileged relationship between TARA and its counsel. TARA will therefore interpret the terms "Plaintiff," "you," and "your" to include individuals acting on TARA's behalf who are and remain subject to TARA's control outside the context of privileged relationships.

2.       TARA objects to the definition of "communication" to the extent that this definition is overly broad and could be read to include privileged materials. TARA further objects to this definition to the extent that it expands the scope of discovery to include materials that are not within TARA's possession, custody, and control, and impose burdens that are not proportional to the needs of this case.

3.       TARA objects to the definition of "document" to the extent that this definition is overly broad, could be read to include privileged materials, and expands the definition of the term "document" beyond that contemplated by Fed. R. Civ. P. 34. TARA further objects to this definition to the extent that it expands the scope of discovery to include materials that are not within TARA's possession, custody, and control, and impose burdens that are not proportional to the needs of this case.

4.      TARA objects to the definition of "electronically stored information" or "ESI" to the extent that the definition is broader than that contemplated by the Federal Rules of Civil Procedure or the Stipulated Order Regarding Discovery of Electronically Stored Information currently in place in this case. *See* ECF No. 251 (Stipulated Order Regarding Discovery of Electronically Stored Information).

5.      TARA objects to the definition of "potential candidate" as vague and overbroad. GOP Intervenor-Defendants have not provided any explanation or clear definition for what constitutes a qualifying expression of "interest" in "becoming a candidate."

6.      TARA objects to Instruction No. 4 regarding compilation of a privilege log as such instructions are unreasonable and unduly burdensome to the extent they seek to impose additional obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Western District of Texas, and any instructions from this Court. *See* ECF No. 251 (Stipulated Order Regarding Discovery of Electronically Stored Information). In the event that TARA withholds any document from production on a claim of privilege or work product protection, TARA will provide a written privilege log identifying each document individually and containing all information required by the Federal Rule of Civil Procedure, the Local Rules of the U.S. District Court for the Western District of Texas, and any instructions from this Court, including a description of the basis of the claimed privilege and all information necessary for Intervenor-Defendants to assess the claim of privilege.

7.      TARA objects to Instruction No. 3 as it seeks "all documents" in TARA's "possession, custody, or control, or the possession, custody, or control of anyone acting on your behalf, *including counsel*[.]" (emphasis added). TARA objects to this Request to the extent that it

seeks documents protected by the attorney-client privilege, as well as the work-product doctrine or the common interest doctrine.

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:**

All documents sent to, exchanged with, or reflecting communications with the Texas Legislature relating to SB 1, SB 7, HB 3, or HB 6.

**RESPONSE:**

TARA objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court. TARA also objects to this Request to the extent that it is duplicative of State Defendants' Request for Production No. 10, and TARA incorporates here by reference all responses and objections to that discovery request. TARA further objects to this request to the extent that it seeks discovery duplicative of that already requested by other parties to this matter.

TARA also objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case to the extent it seeks every document sent to, exchanged with, or reflecting communications with the Texas Legislature regarding SB 1 and related or predecessor bills, and seeks information not reasonably formulated to lead to the discovery of relevant, admissible evidence. This extensive Request will sweep in many documents that bear no relationship to the claims or defenses in this case.

Subject to and without waiving its General Objections and the specific objections stated above, TARA notes that it has already produced documents responsive to this Request. TARA is not currently withholding any responsive documents subject to these objections.

**REQUEST FOR PRODUCTION NO. 2:**

All documents sent to, exchanged with, or reflecting communications with the Texas Legislature relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections from January 1, 2020, to present.

**RESPONSE:**

TARA objects to this Request as unduly burdensome and cumulative to the extent that it is duplicative of Request No. 1. TARA objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court. TARA also objects to this Request to the extent that it is duplicative of State Defendants' Request for Production No. 10, and TARA incorporates here by reference all responses and objections to that discovery request. TARA further objects to this request to the extent that it seeks discovery duplicative of that already requested by other parties to this matter.

TARA also objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case to the extent it seeks every document sent to, exchanged with, or reflecting communications with the Texas Legislature regarding relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections, and seeks information not reasonably formulated to lead to the discovery of relevant, admissible evidence. This extensive Request will sweep in many documents that bear no relationship to the claims or defenses in this case.

Subject to and without waiving its General Objections and the specific objections above, TARA notes that it has already produced documents responsive to this Request to the GOP

Intervenor-Defendants. TARA is not currently withholding any responsive documents subject to these objections.

**REQUEST FOR PRODUCTION NO. 3:**

All documents sent to, exchanged with, or reflecting communications with the Office of the Texas Governor, the Office of the Texas Attorney General, the Office of the Texas Lieutenant Governor, or the Office of the Texas Secretary of State relating to SB 1, SB 7, HB 3, or HB 6.

**RESPONSE:**

TARA objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court. TARA also objects to this Request to the extent that it is duplicative of State Defendants' Request for Production No. 10, and TARA incorporates here by reference all responses and objections to that discovery request. TARA further objects to this request to the extent that it seeks discovery duplicative of that already requested by other parties to this matter.

TARA also objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case to the extent it seeks every document TARA sent to, exchanged with, or reflecting communications with the Office of the Texas Governor, the Office of the Texas Attorney General, the Office of the Texas Lieutenant Governor, or the Office of the Texas Secretary of State (together, "State Defendants") relating to SB 1 and related or predecessor bills, and seeks information not reasonably formulated to lead to the discovery of relevant, admissible evidence. This extensive Request will sweep in many documents that bear no relationship to the claims or defenses in this case.

Subject to and without waiving its General Objections and the specific objections above, TARA notes that it has already produced documents responsive to this Request to the GOP Intervenor-Defendants. TARA is not currently withholding any responsive documents subject to these objections.

**REQUEST FOR PRODUCTION NO. 4:**

All documents sent to, exchanged with, or reflecting communications with the Office of the Texas Governor, the Office of the Texas Attorney General, the Office of the Texas Lieutenant Governor, or the Office of the Texas Secretary of State relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections from January 1, 2020, to the present.

**RESPONSE:**

TARA objects to this Request to the extent that it is unduly burdensome, cumulative, and duplicative of Request No. 3. TARA also objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court. TARA also objects to this Request to the extent that it is duplicative of State Defendants' Request for Production No. 10, and TARA incorporates here by reference all responses and objections to that discovery request. TARA further objects to this request to the extent that it seeks discovery duplicative of that already requested by other parties to this matter.

TARA objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case to the extent it seeks every document TARA sent to, exchanged with, or reflecting communications with the Texas Legislature relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or

the conduct of elections within the specified time period, and seeks information not reasonably formulated to lead to the discovery of relevant, admissible evidence. This extensive Request will sweep in many documents that bear no relationship to the claims or defenses in this case.

Subject to and without waiving its General Objections and the specific objections above, TARA notes that it has already produced documents responsive to this Request to the GOP Intervenor-Defendants. TARA is not currently withholding any responsive documents subject to these objections.

**REQUEST FOR PRODUCTION NO. 5:**

All documents sent to, exchanged with, or reflecting communications with the Office of the Elections Administrator of Harris County or the Office of the Elections Administrator of Dallas County relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections from January 1, 2020, to the present.

**RESPONSE:**

TARA objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court. TARA objects to this Request to the extent that it is duplicative of State Defendants' Request for Production No. 10, and TARA incorporates here by reference all responses and objections to that discovery request. TARA further objects to this request to the extent that it seeks discovery duplicative of that already requested by other parties to this matter.

TARA objects to this Request as it is overbroad and disproportionate to the needs of the case to the extent it seeks every document TARA sent to, exchanged with, or reflecting

communications with the Office of the Elections Administrator of Harris County or the Office of the Elections Administrator of Dallas County relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections within the specified time period. This extensive Request will sweep in many documents that bear no relationship to the claims or defenses in this case.

TARA objects to this Request as it lacks particularity, without limiting the request to those documents that are relevant to any party's claims or defenses in this case. TARA objects to this Request to the extent that it is not restricted to documents relevant to or concerning the Suppressive Provisions of SB 1, and TARA will respond to this Request only as relates to the Suppressive Provisions. TARA also objects to this Request as it is unduly burdensome, to the extent this Request seeks documents that can more readily be obtained from the above-referenced county offices. TARA further objects to this Request as duplicative to the extent it is duplicative of requests for production previously issued by TARA and other plaintiffs in this case to the county defendants for Harris and Dallas Counties.

TARA also objects to this Request to the extent that it seeks documents and communications that are protected by the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege.

Subject to and without waiving its General Objections and the specific objections above, TARA notes that it has already produced documents responsive to this Request to the GOP Intervenor-Defendants in response to discovery requests propounded by other parties in this case. TARA is not currently withholding any responsive documents subject to these objections.

**REQUEST FOR PRODUCTION NO. 6:**

All documents sent to, exchanged with, or reflecting communications with the following organizations, including any of their affiliates or subsidiaries, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants thereof, or other persons or entities acting on their behalf or subject to their control, relating to SB 1, SB 7, HB 3, or HB 6:

(a) Any other Plaintiff in the above-captioned consolidated cases;

(b) Any national, state, or local Democratic Party committee or organization;

(c) Open Society Foundations;

(d) Priorities USA;

(e) Progressive Voting Bloc;

(f) MoveOn.org;

(g) Fair Fight;

(h) MOVE Texas;

(i) EMILY's List;

(j) Project Vote; and

(k) Democracy 21.

**RESPONSE:**

TARA objects to this Request on the ground that it seeks documents and communications that are irrelevant, disproportionate to the needs of the case, overbroad, and unduly burdensome. TARA also objects to the Request to the extent that it intrudes upon TARA's First Amendment rights. This Request seeks communications and documents which—to the extent they exist— would divulge any existing strategic partnerships and operations. Disclosure of such information

would severely chill TARA's exercise of its associational rights and those of its strategic partners. Beyond the First Amendment privilege, TARA further objects to this Request to the extent that it seeks documents and communications that are protected by the attorney-client privilege, the common interest doctrine, or the work-product doctrine.

Subject to these objections, TARA will not identify or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All documents sent to, exchanged with, or reflecting communications with the following organizations, including any of their affiliates or subsidiaries, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants thereof, or other persons or entities acting on their behalf or subject to their control, relating to election administration, voting, election integrity, or the conduct of elections from January 1, 2020, to present:

(a) Any other Plaintiff in the above-captioned consolidated cases;

(b) Any national, state, or local Democratic Party committee or organization;

(c) Open Society Foundations;

(d) Priorities USA;

(e) Progressive Voting Bloc;

(f) MoveOn.org;

(g) Fair Fight;

(h) MOVE Texas;

(i) EMILY's List;

(j) Project Vote; and

(k) Democracy 21.

**RESPONSE:**

TARA objects to this Request on the ground that it seeks documents and communications that are irrelevant, disproportionate to the needs of the case, overbroad, and unduly burdensome. TARA also objects to the Request to the extent that it intrudes upon TARA's First Amendment rights. This Request seeks communications and documents which—to the extent they exist— would divulge any existing strategic partnerships and operations. Disclosure of such information would severely chill TARA's exercise of its associational rights and those of its strategic partners. Beyond the First Amendment privilege, TARA further objects to this Request to the extent that it seeks documents and communications that are protected by the attorney-client privilege, the common interest doctrine, or the work-product doctrine.

Subject to these objections, TARA will not identify or produce documents in response to this Request.


**REQUEST FOR PRODUCTION NO. 8:**

All documents sent to, exchanged with, or reflecting communications with any candidate or potential candidate for elected office in Texas relating to the effects or potential effects of SB 1, SB 7, HB 3, or HB 6.

**RESPONSE:**

TARA objects to this Request as unduly burdensome and cumulative to the extent that it is duplicative of Request Nos. 1 and 2, and State Defendants' Request for Production No. 10. TARA incorporates here by reference all responses and objections to those discovery requests. TARA

objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court.

TARA also objects to this Request's use of the term "potential candidate," which, as TARA states above in its Objections to Definitions, is vague and overbroad. TARA further objects to this Request because it seeks documents and communications that are not relevant to any party's claims or defenses.

TARA also objects to this Request to the extent that it seeks documents and communications that are protected by the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege.

Subject to and without waiving its General Objections and the specific objections above, TARA will not identify or produce any documents in response to this Request. TARA is prepared to schedule a meet and confer with counsel for GOP Intervenor-Defendants as to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All documents sent to, exchanged with, or reflecting communications with candidates or potential candidates for elected office in Texas relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections during the period from January 1, 2020, to present.

**RESPONSE:**

TARA objects to this Request as unduly burdensome and cumulative to the extent that it is duplicative of Request Nos. 1, 2, and 8. TARA objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court. TARA objects to this Request to the extent that it is duplicative

of State Defendants' Request for Production No. 10, and TARA incorporates here by reference all responses and objections to that discovery request. TARA further objects to this request to the extent that it seeks discovery duplicative of that already requested by other parties to this matter.

TARA further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks every document TARA sent to, exchanged with, or reflecting communications with candidates or potential candidates for elected office in Texas relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections during the specified time period. TARA objects to this Request as overbroad and unduly burdensome as it seeks all documents and communications concerning broad categories of topics, like "voting" and "election administration," but lacks particularity and is not limited to documents that pertain to TARA's claims or defenses in this case. This extensive Request will sweep in many documents that bear no relationship to the claims or defenses in this case.

TARA also objects to this Request's use of the term "potential candidate," which, as TARA states above, is vague and overbroad. TARA further objects to this Request as unduly burdensome, overbroad, vague, ambiguous, and disproportional to the needs of the case to the extent it seeks documents and communications that are not relevant to any party's claims or defenses. TARA objects to this Request to the extent that it is not restricted to documents relevant to or concerning the Suppressive Provisions of SB 1, and TARA will respond to this Request only as relates to the Suppressive Provisions.

TARA also objects to this Request to the extent that it seeks documents and communications that are protected by the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege.

Subject to and without waiving its General Objections and the specific objections above, TARA will not identify or produce any documents in response to this Request. TARA is prepared to schedule a meet and confer with counsel for GOP Intervenor-Defendants as to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to the recruitment, retention, and training of election judges, election clerks, and other poll workers in Texas from January 1, 2018, to present, including but not limited to, any training materials or presentations created, used, or disseminated in any way by You.

**RESPONSE:**

TARA objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court. TARA also objects to this Request to the extent that it is duplicative of State Defendants' Request for Production No. 10, and TARA incorporates here by reference all responses and objections to that discovery request.

TARA further objects to this Request as overbroad, unduly burdensome, vague, and disproportionate to the needs of the case to the extent it seeks every document relating to the recruitment, retention, and training of election judges, election clerks, and other poll workers in Texas during the time period specified. This extensive Request will also sweep in many documents that bear no relationship to the claims or defenses in this case.

TARA also objects on the grounds that it seeks documents and communications that are protected by the First Amendment privilege. Disclosure of such private information would severely intrude upon and chill TARA's exercise of its associational rights.

Subject to and without waiving its General Objections and the specific objections above, TARA will not identify or produce any documents in response to this Request. TARA is prepared to schedule a meet and confer with counsel for GOP Intervenor-Defendants as to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to the recruitment and training of poll watchers in Texas from January 1, 2018, to present, including but not limited to, any training materials or presentations created, used, or disseminated in any way by You.

**RESPONSE:**

TARA objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court. TARA objects to this Request to the extent that it is duplicative of State Defendants' Request for Production No. 10, and TARA incorporates here by reference all responses and objections to that discovery request. TARA further objects to this request to the extent that it seeks discovery duplicative of that already requested by other parties to this matter.

TARA objects to the use of the term "You" in this Request. "You" as defined by GOP Intervenor-Defendants seeks a response as to "LULAC Texas, Voto Latino, Texas Alliance for Retired Americans, or Texas AFT," which would include documents outside TARA's possession, custody, or control. TARA will interpret this Request to be limited to documents found within in its own possession, custody, and control, concerning TARA and its allegations.

TARA objects to this Request as overbroad, unduly burdensome, vague, and disproportionate to the needs of the case to the extent it seeks every document relating to the recruitment and training of poll watchers in Texas during the time period specified. TARA objects

to this Request to the extent that it is not reasonably formulated to lead to the discovery of relevant, admissible evidence. This Request is not proportional to the claims or defenses at issue in this case. TARA objects to this Request to the extent that it is not restricted to documents relevant to or concerning the Suppressive Provisions of SB 1, and TARA will respond to this Request only as relates to the Suppressive Provisions. This extensive Request will sweep in many documents that bear no relationship to the claims or defenses in this case.

TARA objects on the grounds that it seeks internal strategy or planning documents and communications that are protected by the First Amendment privilege. Disclosure of such private information would severely intrude upon and chill TARA's exercise of its associational rights. TARA further objects to this Request to the extent that it seeks documents and communications that are protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege.

Subject to and without waiving its General Objections and the specific objections above, TARA will not identify or produce any documents in response to this Request. TARA is prepared to schedule a meet and confer with counsel for GOP Intervenor-Defendants as to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to instances of violence, discrimination, harassment, intimidation, or any inappropriate behavior from poll watchers, election judges, election clerks, or other poll workers in Texas from January 1, 2018, to present.

**RESPONSE:**

TARA objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court, as this

Request is duplicative of State Defendants' Requests for Production Nos. 10, 16, and 17, and TARA incorporates here by reference all responses and objections to those discovery requests.

TARA objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks every document relating to instances of violence, discrimination, harassment, intimidation, or any inappropriate behavior from poll watchers, election judges, election clerks, or other poll workers in Texas within the specified time period. This extensive Request will sweep in many documents that bear no relationship to the claims or defenses in this case.

Subject to and without waiving its General Objections and the specific objections above, TARA will not identify or produce any documents in response to this Request. TARA is prepared to schedule a meet and confer with counsel for GOP Intervenor-Defendants as to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to allegations, investigations, and discussions of illegal voting, election fraud, or any kind of criminal conduct in connection with the following methods of voting in Texas during the period from January 1, 2018, to the present:

(a) Drop box voting;

(b) Drive-thru voting;

(c) Extended hour voting;

(d) Straight-ticket voting;

(e) Vote-by-mail;

(f) Early voting;

(g) Curbside voting;

(h) Voter assistance, including transportation assistance for curbside voters; or

(i) "Vote harvesting services," as defined by SB 1.

**RESPONSE:**

TARA objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court. TARA objects to this Request to the extent that it is duplicative of State Defendants' Requests for Production Nos. 10, 16, and 17, and TARA incorporates here by reference all responses and objections to those discovery requests. TARA further objects to this request to the extent that it seeks discovery duplicative of that already requested by other parties to this matter.

TARA objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks every document relating to allegations, investigations, and discussions of illegal voting, election fraud, or any kind of criminal conduct in connection with the following methods of voting in Texas during the specified time period. This extensive Request will sweep in many documents that bear no relationship to the claims or defenses in this case.

TARA objects to the extent this Request seeks documents that can more readily and appropriately be obtained from State Defendants, and to the extent this Request is duplicative of requests for production previously issued by TARA and other plaintiffs in this case to State Defendants. TARA also objects to the extent this Request seeks documents that can more readily and be obtained from other publicly available sources, including news reports and public databases.

TARA also objects to this Request to the extent that it seeks documents and communications that are protected by the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege.

Subject to and without waiving its General Objections and the specific objections above, TARA will not identify or produce any documents in response to this Request. TARA is prepared to schedule a meet and confer with counsel for GOP Intervenor-Defendants as to this Request.


**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to the impact or potential impact of SB 1, SB 7, HB 3, or HB 6 on demographic groups, including but not limited to, racial or ethnic minorities, persons with disabilities, persons with limited English proficiency, or partisan affiliation.

**RESPONSE:**

TARA objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court. This Request duplicates State Defendants' Request for Production Nos. 10, 12, 13, 14, 15, 16, and 17, and TARA incorporates here by reference all responses and objections to those discovery requests.

TARA also objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks every document relating to the impact or potential impact of SB 1 and its predecessor or related bills on demographic groups. This extensive Request will sweep in many documents that bear no relationship to the claims or defenses in this case.

TARA also objects to this Request to the extent that it seeks documents and communications that are protected by the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege.

Subject to and without waiving its General Objections and the specific objections above, TARA has already produced documents responsive to this Request to the GOP Intervenor-Defendants. TARA is not presently withholding any responsive documents subject to these objections.

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to usage of the following methods of voting in Texas by demographic groups, including but not limited to, racial or ethnic minorities, persons with limited English proficiency, persons with disabilities, or partisan affiliation, during the period from January 1, 2020, to present:

(a) Drop box voting;

(b) Drive-thru voting;

(c) Extended hour voting;

(d) Straight-ticket voting;

(e) Vote-by-mail;

(f) Early voting;

(g) Curbside voting;

(h) Voter assistance, including transportation assistance for curbside voters; or

(i) "Vote harvesting services," as defined by SB 1.

**RESPONSE:**

TARA objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court. TARA objects to this Request to the extent that it is duplicative of State Defendants' Request for

Production Nos. 10, 12, 13, 14, and 15, and TARA incorporates here by reference all responses and objections to that discovery request. TARA further objects to this request to the extent that it seeks discovery duplicative of that already requested by other parties to this matter.

TARA objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks every document relating to usage of the above-referenced methods of voting in Texas by demographic groups during the specified time period. This extensive Request will sweep in many documents that bear no relationship to the claims or defenses in this case.

TARA objects to this Request as it lacks particularity, without limiting the request to those documents that are relevant to any party's claims or defenses in this case. This Request will sweep in many documents that bear no relationship to the needs of the case.

TARA also objects to the extent this Request seeks documents that can more readily and appropriately be obtained from State Defendants. TARA also objects to this Request as duplicative to the extent it is duplicative of requests for production previously issued by TARA and other plaintiffs in this case to State Defendants. TARA objects to this Request to the extent that it is not restricted to documents relevant to or concerning the Suppressive Provisions of SB 1, and TARA will respond to this Request only as relates to the Suppressive Provisions.

TARA also objects to this Request to the extent that it seeks documents and communications that are protected by the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege.

Subject to and without waiving its General Objections and the specific objections above, TARA notes that it has already produced documents responsive to this Request to the GOP

Intervenor-Defendants in response to discovery requests propounded by other parties in this case. TARA is not currently withholding any responsive documents subject to these objections.

**REQUEST FOR PRODUCTION NO. 16:**

All documents relating to the impact or potential impact of SB 1, SB 7, HB 3, or HB 6 on residents of the following counties:

(a) Bexar County;

(b) Dallas County;

(c) Harris County;

(d) El Paso County;

(e) Hidalgo County; or

(f) Travis County.

**RESPONSE:**

TARA objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court. This Request is duplicative of State Defendants' Request for Production No. 10, and TARA incorporates here by reference all responses and objections to that discovery request.

TARA objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks every document relating to the impact or potential impact of SB 1 and its predecessor or related bills on residents of the above-referenced counties. This extensive Request will sweep in many documents that bear no relationship to the claims or defenses in this case.

TARA further objects to this Request to the extent that it seeks internal strategy or planning documents protected by the First Amendment pertaining to TARA or its members. TARA also objects to this Request to the extent that it seeks documents and communications that are protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege.

Subject to and without waiving its General Objections and the specific objections above, TARA will not identify or produce any documents in response to this Request. TARA is prepared to schedule a meet and confer with counsel for GOP Intervenor-Defendants as to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All documents, including but not limited to communications, relating to the number or proportion of Texas residents, Texas citizens of voting age, or Texas registered voters who have or who lack a Texas Driver's License, a Texas Election Identification Certificate, a Texas Personal Identification Card, or a Social Security Number, including patterns by race, ethnicity, disability status, or party affiliation from January 1, 2020, to present.

**RESPONSE:**

TARA objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court. This Request is duplicative of State Defendants' Request for Production No. 10, and TARA incorporates here by reference all responses and objections to that discovery request.

Subject to and without waiving its General Objections and the specific objections above, TARA will not identify or produce any documents in response to this Request. TARA is prepared to schedule a meet and confer with counsel for GOP Intervenor-Defendants as to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All documents relating to questions or complaints received from voters about SB 1's requirements to provide an identification number on Applications for Ballot By Mail and to provide an identification number on the carrier envelope of a mail ballot.

**RESPONSE:**

TARA objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court. This Request is duplicative of State Defendants' Request for Production Nos. 16 and 17, and TARA incorporates here by reference all responses and objections to those discovery requests.

TARA objects to this Request as unduly burdensome, vague, overbroad, and disproportionate to the needs of the case to the extent it seeks every document relating to questions or complaints received from voters about SB 1's requirements to provide an identification number on Applications for Ballot By Mail and to provide an identification number on the carrier envelope of a mail ballot. This extensive Request will sweep in many documents that bear no relationship to the claims or defenses in this case.

TARA further objects to this Request to the extent that it seeks internal and member communications protected by the First Amendment. Disclosure of such information would severely chill TARA's exercise of its associational rights and those of its strategic partners. TARA also objects to this Request to the extent that it seeks documents and communications that are protected by the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege.

Subject to and without waiving its General Objections and the specific objections above, TARA will not identify or produce any documents in response to this Request. TARA is prepared to schedule a meet and confer with counsel for GOP Intervenor-Defendants as to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All documents relating to voter assistance, including transportation assistance for curbside voters, and "vote harvesting services" as defined by SB 1, and patterns of requests for voter assistance by race, ethnicity, disability status, or party affiliation during the period from January 1, 2020, to present.

**RESPONSE:**

TARA objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court. This Request is duplicative of State Defendants' Request for Production Nos. 10, 12, 13, 14, and 15, and TARA incorporates here by reference all responses and objections to those discovery requests.

TARA also objects to this Request as it is unduly burdensome, overbroad, and disproportionate to the needs of the case to the extent is seeks every document relating to voter assistance, including transportation assistance for curbside voters, and "vote harvesting services" as defined by SB 1, and patterns of requests for voter assistance by race, ethnicity, disability status, or party affiliation during the specified time period. This extensive Request will sweep in many documents that bear no relationship to the claims or defenses in this case.

TARA further objects to this Request to the extent that it seeks documents and communications that are protected by the First Amendment privilege, the attorney-client privilege,

the work-product doctrine, or any other applicable privilege that may be identified upon review of documents.

Subject to and without waiving its General Objections and the specific objections above, TARA notes that it has already produced documents responsive to this Request to the GOP Intervenor-Defendants in response to discovery requests propounded by other parties in this case. TARA is not currently withholding any responsive documents subject to these objections.

**REQUEST FOR PRODUCTION NO. 20:**

All documents relating to the demographics of Texas voters; voter turnout by particular demographic groups, including but not limited to, racial or ethnic minorities, persons with limited English proficiency, persons with disabilities, or partisan affiliation; or particular voting practices in Texas.

**RESPONSE:**

TARA objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court. This Request is duplicative of State Defendants' Request for Production Nos. 10, 12, 13, 14, and 15, and TARA incorporates here by reference all responses and objections to those discovery requests.

TARA further objects to this Request as overbroad, unduly burdensome, vague, and disproportionate to the needs of the case to the extent it seeks every document relating to the demographics of Texas voters; voter turnout by particular demographic groups, including but not limited to, racial or ethnic minorities, persons with limited English proficiency, persons with disabilities, or partisan affiliation; or particular voting practices in Texas, without limitation to any

particular time period. This extensive Request will sweep in many documents that bear no relationship to the claims or defenses in this case.

TARA also objects to this Request to the extent that it seeks documents and communications that are protected by the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege.

Subject to and without waiving its General Objections and the specific objections above, TARA notes that it has already produced documents responsive to this Request to the GOP Intervenor-Defendants in response to discovery requests propounded by other parties in this case. TARA is not currently withholding any responsive documents subject to these objections.


**REQUEST FOR PRODUCTION NO. 21:**

All documents identified in response to Intervenor-Defendants' First Set of Interrogatories 6–13.

**RESPONSE:**

TARA objects to this Request to the extent it seeks documents and communications that have already been produced to the GOP Intervenor-Defendants by order of the Court.

TARA restates and incorporates its objections to Interrogatory Nos. 6-13, and objects to this Request as unduly burdensome and duplicative of Request Nos. 10, 11, and 12.

TARA also objects to this Request to the extent that it seeks documents and communications that are protected by the First Amendment privilege, the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege.

Subject to and without waiving its General Objections and the specific objections above, and as specified in TARA's Responses and Objections to GOP-Intervenor-Defendants' First Set of Interrogatories Nos. 6–13, TARA has already produced documents responsive to this Request

to the GOP Intervenor-Defendants. TARA is not currently withholding any responsive documents subject to these objections.

Dated: November 4, 2022.                    Respectfully submitted,

                                            */s/ Elena A. Rodriguez Armenta*
                                            Uzoma N. Nkwonta*
                                            Christopher D. Dodge*
                                            Graham White*
                                            Noah B. Baron*
                                            Mike Jones*
                                            Elena A. Rodriguez Armenta*
                                            Daniela Lorenzo*
                                            Marcos Mocine-McQueen*
                                            **ELIAS LAW GROUP LLP**
                                            10 G Street NE, Suite 600
                                            Washington, D.C. 20002
                                            Telephone: (202) 968-4490
                                            unkwonta@elias.law
                                            cdodge@elias.law
                                            gwhite@elias.law
                                            nbaron@elias.law
                                            mjones@elias.law
                                            erodriguezarmenta@elias.law
                                            dlorenzo@elias.law
                                            mmcqueen @elias.law

                                            *Counsel for Plaintiffs*

                                            *Admitted Pro Hac Vice*