# Exhibit E

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> GREGORY W. ABBOTT, ET AL., <br><br> *Defendants*. | No. 5:21-cv-00844-XR |

**PLAINTIFFS HOUSTON AREA URBAN LEAGUE, ET AL.'S OBJECTIONS
AND RESPONSES TO INTERVENOR-DEFENDANTS'
FIRST SET OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION**

Plaintiffs  Houston Area Urban League, Delta Sigma Theta Sorority, Inc., The Arc of Texas, and Jeffrey Lamar Clemmons (collectively, "Plaintiffs") hereby serve their Objections and Responses to the Harris County Republican Party, Dallas County Republican Party, Republican National Committee, National Republican Senatorial Committee, and National Republican Congressional Committee's (collectively the "Intervenor-Defendants") First Set of Interrogatories and First Requests for Production (each a "Request" and together, the "Discovery Requests").

<u>PRELIMINARY STATEMENT</u>

Intervenor-Defendants' broad and sweeping Discovery Requests are inconsistent with their representation to the Court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12. (ECF No. 57.) The Discovery Requests evince no effort by the Intervenor-Defendants to review the voluminous discovery previously exchanged in this case and then seek only targeted, non-duplicative discovery to fill in

the gaps. Instead, the Discovery Requests unreasonably place the burden on Plaintiffs to produce cumulative discovery or review previously produced discovery to identify for Intervenor-Defendants which documents are responsive to their requests.

Plaintiffs have not completed their investigation of the facts related to this lawsuit, and discovery is ongoing. The Responses set forth herein are based upon such information and documents as is reasonably available to Plaintiffs and susceptible to retrieval through reasonable efforts. Plaintiffs have begun a diligent and good faith search for information and documents in their possession, custody, or control necessary to respond to the Discovery Requests; however, it is possible that Plaintiffs may currently have in their possession, custody or control documents, facts, and information that they are not now aware of, or that they do not now understand to be responsive.

Intervenor-Defendants' Discovery Requests, in many instances, require the search for, collection and review of information gathered and drawn from numerous persons and documents, and Plaintiffs have endeavored, in good faith, to respond to the Discovery Requests on the basis of the information now available to them and have undertaken a reasonable effort to provide the information requested, to the extent the requested information is in the possession of Plaintiffs' custodians, not subject to objection, and not duplicative of prior discovery already produced by Plaintiffs in this litigation.  However, Plaintiffs note that persons who are no longer its employees or agents or over whom they no longer have control, may have documents and information responsive to Discovery Requests, and Plaintiffs cannot represent that such information is being provided in the instant Responses.

Plaintiffs' production of any document or information, or their response to any of the Discovery Requests, do not constitute adoption or admission of Intervenor-Defendants'

characterization of any term, document, fact, event, circumstance, theory, issue, or conclusion, nor any waiver of objections to same.

## **RESERVATION OF RIGHTS**

1.      By responding to these Discovery Requests, Plaintiffs do not waive or intend to waive, and to the contrary, specifically preserve: (a) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any documents or information produced in response to the Requests; (b) the right to object on any ground to the use of documents or information produced in response to the Requests at any hearing, trial, or other point during this action; (c) the right to object on any ground at any time to a demand for further responses to the Requests; or (d) the right at any time to revise, correct, add to, supplement, or clarify any of the responses to the Discovery Requests contained herein consistent with the applicable Rules.

2.      Plaintiffs base these responses on the best information available to them to date, but discovery in this matter and Plaintiffs' investigation into the issues in the lawsuit and documents responsive to these Discovery Requests are ongoing, and portions of the Discovery Requests below are premature. Plaintiffs reserve the right to amend, supplement, correct, or clarify their responses if they obtain other or additional information, and to interpose additional objections or move for an appropriate order if deemed appropriate.

3.      No response or objection, or lack of response or objection, is an admission by Plaintiffs as to the existence or non-existence of any information, nor is it an acceptance of Intervenor-Defendants' description or characterization of any information Plaintiffs provide.

4.      The information supplied in these responses is for use in this action and for no other purpose.

- 3 -

5.      Plaintiffs are still investigating the issues in dispute in this litigation and reserve the right to supplement or amend their responses to the extent Plaintiffs discover additional or conflicting information responsive to the Discovery Requests.

6.      A statement herein that Plaintiffs will produce documents responsive to a request is not a representation that documents responsive to that request are in Plaintiffs' possession, custody or control.

## **GENERAL OBJECTIONS**

The following General Objections are made to each of the Discovery Requests and are incorporated into each response by reference, whether or not specifically stated in the response. No waiver of any general objection is made notwithstanding a substantive response to any Request. To the extent that there is a specific citation or reference to one or more of these general objections in a response, it is included only to highlight the relevance of a particular objection and is in no way intended as a waiver of any of the other general objections.

1.      Plaintiffs object to Intervenor-Defendants' Discovery Requests to the extent they are duplicative of discovery sought previously by Defendants or any other party in this consolidated litigation, purport to require Plaintiffs to: review and identify for Intervenor-Defendants materials or subsets of materials they previously produced in response to requests from Defendants, marshal evidence in advance of trial, identify responsive materials produced by other parties or third parties in this litigation, or otherwise make representations regarding the responsiveness of previously exchanged discovery. Such requests impose an undue burden on Plaintiffs and invade attorney work product.

2.      Plaintiffs object to the Intervenor-Defendants' Discovery Requests as overbroad, irrelevant, not proportional to the needs of the case, harassing, and oppressive to the extent they

seek information relating to time frames, geographical locations, persons, or activities outside the scope of Plaintiffs' allegations in this matter.

3.      Plaintiffs object to Intervenor-Defendants' Discovery Requests to the extent they seek information or materials protected by the attorney-client privilege, by associational privileges protected by the First Amendment, by the common interest privilege, by the attorney work product doctrine, or by any other applicable privilege. Plaintiffs do not intend to supply or produce any information or materials protected from discovery by any applicable immunity, privilege, or other ground for objecting. Any inadvertent disclosure of privileged or protected information is not intended to constitute a waiver of any privilege, protection, or immunity, or of any other ground for objecting. Plaintiffs reserve the right to request the return or destruction of any documents that contain any inadvertent disclosures of privileged or protected information.

4.      Plaintiffs object to Intervenor-Defendants' Discovery Requests to the extent they attempt to impose obligations upon Plaintiffs different than the requirements set forth in the Federal Rules of Civil Procedure and/or this Court's local rules and pretrial orders. Plaintiffs respond in accordance with the requirements set forth in those rules and orders.

5.      Plaintiffs object to Intervenor-Defendants' Discovery Requests to the extent that they require identification or production of "all" and/or "any" persons or documents related in any way to certain matters, on the grounds that such requirements are overbroad, vague, unduly burdensome, and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and/or this Court's local rules and pretrial orders.

6.      Plaintiffs object to Intervenor-Defendants' Discovery Requests to the extent they seek disclosure of information or documents relating to any other organization or to any past or present parent organizations, subsidiaries or affiliates, or any of Plaintiffs' predecessors in interest.

Plaintiffs respond on behalf of themselves only, and not on behalf of any other entity or person, regardless of whether such other entity or person is alleged to be associated with any Plaintiff at any point in the past, present, or future.

7.      Plaintiffs object to Intervenor-Defendants' Discovery Requests to the extent that they seek disclosure of information or documents that are not within Plaintiffs' possession, custody, or control, are within the public domain, or otherwise are equally available to Intervenor-Defendants.

8.      Plaintiffs object to Intervenor-Defendants' Discovery Requests to the extent that they improperly call for legal conclusions or legal arguments.

9.      Plaintiffs object to Intervenor-Defendants' Discovery Requests to the extent that they contain incorrect or disputed factual assumptions or legal conclusions.

10.     Plaintiffs object to Intervenor-Defendants' Discovery Requests to the extent that they require the production of confidential organization, membership, or proprietary, or personal information concerning persons who are not parties to this litigation, to the extent this confidential information would not be covered by the protective order entered in this case.

11.     Plaintiffs object to Intervenor-Defendants' Discovery Requests to the extent they reference allegations and paragraphs from the original and/or first amended Complaint, that are no longer operative, rather than the Second Amended Complaint that was filed on January 18, 2022 (ECF No. 199).

12.     Plaintiffs object to Intervenor-Defendants' Discovery Requests to the extent that certain requests do not specify a time period. These requests are overbroad, burdensome, and vague.

## OBJECTIONS TO INTERVENOR-DEFENDANTS' DEFINITIONS AND INSTRUCTIONS

13.     Plaintiffs object to the definition of "Plaintiff," "you", and "your" as overbroad to the extent that it includes any unknown individual purporting to act on a Plaintiff's behalf and/or to the extent that these terms seek to extend these definitions to any person other than the Plaintiffs. Plaintiffs also object to the definition of "Plaintiff," "you", and "your" as vague because it is not clear if certain interrogatories and/or requests refer to an organization's employees or representatives, or to their members, constituents, or the broader communities it serves.

14.     Plaintiffs object to the definition of "Candidate", "Potential Candidate", "poll watcher", "poll worker", "election judge", "election clerk", and "voter" to the extent these terms fail to sufficiently identify the individuals in question with particularity, call for speculation, are not reasonably calculated to lead to the discovery of admissible evidence, and impose burdens that are not proportional to the needs of this case.

15.     Plaintiffs object to the definition of "communications" as overbroad to the extent that it  could be read to include privileged materials. Plaintiffs further object to this definition to the extent that it seeks to expand the scope of discovery to include materials that are not within Plaintiffs' possession, custody, and control, and impose burdens that are not proportional to the needs of this case.

16.     Plaintiffs object to the definition of "document" to the extent that this definition is broader than that provided in the Federal Rules of Civil Procedure and to the extent that it could be read to include privileged materials. Plaintiffs further object to this definition to the extent that it seeks to expand the scope of discovery to include materials that are not within Plaintiffs' possession, custody, and control, or to impose burdens that are not proportional to the needs of this case. Plaintiffs also object to the definition of "document" to the extent that it includes text

messages, voicemails, or social media because to the extent such materials not within Plaintiffs' possession, custody, or control, or the collection of such materials imposes burdens that are not proportional to the needs of this case.

17.    Plaintiffs object to the definition of "identify" when referring to:

      a.   A person, to the extent that it expands the scope of discovery to include materials and information that are not within Plaintiffs' possession, custody, and control, and imposes burdens that are not proportional to the needs of this case, such as email addresses and contact information that are not within Plaintiffs' possession.

      b.   An organization, to the extent that it expands the scope of discovery to include materials and information that are not within Plaintiffs' possession, custody and control, and imposes burdens that are not proportional to the needs of this case, such as email addresses and contact information that are not within Plaintiffs' possession.

      c.   A document, to the extent that it expands the scope of discovery to include materials and information that are not within Plaintiffs' possession, custody, and control, and imposes burdens that are not proportional to the needs of this case. Plaintiffs also object to this definition to the extent that this definition is overbroad and could be read to include privileged materials.

      d.   A statement or communication, to the extent that it expands the scope of discovery to include materials and information that are not within Plaintiffs' possession, custody, and control, and imposes burdens that are not proportional to the needs of this case. Plaintiffs also object to this definition to

the extent that this definition is overbroad and could be read to include privileged materials.

e. A social media account to the extent that it expands the scope of discovery to include materials and information that are not within Plaintiffs' possession, custody, and control, and imposes burdens that are not proportional to the needs of this case.

18.    Plaintiffs object to the definition of "regarding," "relating to," and "pertaining to" as overbroad and unduly burdensome to the extent that is expands the scope of discovery in a manner that is not proportional to the needs of the case.

19.    Plaintiffs object to any purported requirement to create any materials in response to a Request, with the sole exception of a log of materials justifiably withheld based on one or more privileges pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure. In addition, the inadvertent production of any materials subject to any privileges or immunities is not intended to be, and shall not operate as, a waiver of any such privilege or immunity, in whole or in part. Nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of any right to object to any use of such materials or of the information contained therein.

20.    Plaintiffs object to the Definitions, Instructions, and Requests to the extent they exceed the requirements of the applicable Federal Rules of Civil Procedure, Local Rules and discovery guidelines of this Court, and/or case law (collectively, "the Rules"). Plaintiffs object to and do not assume any obligations beyond those established by the Rules.

<u>**PLAINTIFFS' SPECIFIC OBJECTIONS AND RESPONSES TO
INTERVENOR-DEFNDANTS' INTERROGATORIES**</u>

**INTERROGATORY NO. 1:** **Identify the connection or relationship between any provision
of SB 1 and the electoral prospects of any candidates for elected office in Texas supported by
any of the Plaintiffs, and state the basis, including any evidence, to support that connection
or relationship**.

**OBJECTIONS:** Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not
proportional to the needs of this case because it is not limited to a particular time period or
particular provisions of SB 1 and to the extent it seeks information that is not related to any claim
or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this
litigation and/or any claim or defense asserted. Plaintiffs further object to this Interrogatory
because the terms "electoral prospects," "connection," "relationship," and "supported by" are
vague and ambiguous.

**RESPONSE:** Subject to and without waiving the foregoing objections, each Plaintiff that is an
organization states that it has never supported, and does not support, any candidate for elected
office, and the Plaintiff who is an individual states that, in his capacity as an election judge—the
capacity relevant to his claims in this case—he has never supported, and does not support, any
candidate for elected office.

**INTERROGATORY NO. 2:** **Identify (including by Bates number if or once assigned) and
describe any communications you have had with any State or county officials, including
members or former members of the Texas Legislature, regarding patterns or instances or
potential patterns or instances of illegal voting practices in Texas, and/or the investigation
or prosecution of violations or suspected violations of any criminal election law in Texas,
including the specific topic of communication, the date of the communications.**

**OBJECTIONS:** Plaintiffs will not review their prior productions to identify documents
responsive to requests by Intervenor-Defendants. *See* General Objection 1 *above*. In addition,
Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not proportional to
the needs of this case because it is not limited to a particular time period, individuals, type of
communication, or particular provisions of Texas Election Code (or any law), and to the extent it
seeks information that is not related to any claim or defense asserted in this litigation, that is not
relevant to Defendant-Intervenors' interests in this litigation, or was not before the Texas
Legislature when it considered SB 1 and its predecessor bills. Plaintiffs further object to this
Interrogatory to the extent it calls for a legal conclusion regarding "suspected violations," "illegal
voting practices," and "any criminal election law." Plaintiffs further object to the extent this
Interrogatory seeks materials protected by associational privileges protected by the First
Amendment or by any other applicable privilege. Plaintiffs further object to the extent this
Interrogatory seeks information that has been previously produced in discovery or otherwise
publicly available or equally accessible to Intervenor-Defendants' from other sources, including
State or County Defendants in this case.

- 10 -

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will treat this Interrogatory as a request to produce documents and will produce responsive documents to the extent they have not already been produced.

**INTERROGATORY NO. 3:** **Identify (including by Bates number if or once assigned) and describe any communications you have had with any State or county officials, including members or former members of the Texas Legislature, regarding drive-thru voting, drop box voting, 24-hour voting, extended hour voting, vote-by-mail, early voting, voting at outdoor polling locations, poll watchers, voter assistance, and voting at mobile polling locations in Texas. In your description, please include the individuals who participated in the communications.**

**OBJECTIONS:** Plaintiffs will not review their prior productions to identify documents responsive to requests by Intervenor-Defendants. *See* General Objection 1 *above*. In addition, Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case because it is not limited to a particular time period, individuals, or type of communication, and to the extent it seeks information that is not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Interrogatory seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to the extent this Interrogatory seeks information that has been previously produced in discovery or otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources, including State or County Defendants in this case.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will treat this Interrogatory as a request to produce documents and will produce responsive documents to the extent they have not already been produced.

**INTERROGATORY NO. 4:** **Identify any documents reflecting (including by Bates number if or once assigned) and describe any communications you have had with any State or county officials, including members or former members of the Texas Legislature, and/or candidates or potential candidates for elected office in Texas relating to the effects or potential effects of SB 1, SB 7, HB 3, or HB 6 including the specific topic of the communications, the date of the communications, the individuals who participated in the communications, and the outcome of the communications.**

**OBJECTIONS:** Plaintiffs will not review their prior productions to identify documents responsive to requests by Intervenor-Defendants. *See* General Objection 1 *above*. In addition, Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case because it is not limited to a particular time period, individuals, or particular provisions from the bills in question, and to the extent it seeks information that is not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Interrogatory seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to this Interrogatory because the terms "potential candidates" is vague,

ambiguous, and lacks sufficient specificity for Plaintiffs to identify the individuals implicated by such terms. Plaintiffs further object to the extent this Interrogatory seeks information that has been previously produced in discovery or otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources, including State or County Defendants in this case.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will treat this Interrogatory as a request to produce documents and will produce responsive documents to the extent they have not already been produced.

**INTERROGATORY NO. 5:** **Identify (including by Bates number if or once assigned) and describe all documents or other materials created, used, or disseminated in any way by you relating to the training of election judges, election clerks, and other poll workers in Texas from January 1, 2020, through the present, including but not limited to, any training materials, instructional guides, or presentations.**

**OBJECTIONS:** Plaintiffs will not review their prior productions to identify documents responsive to requests by Intervenor-Defendants. *See* General Objection 1 *above*. In addition, Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information that is not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Interrogatory seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. This interrogatory fails to identify the type of training materials at issue with reasonable particularity and seeks those that were "created, used, or disseminated in any way" without limitation and without regard as to whether they were actually provided to election judges, election clerks, or election staff.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will treat this Interrogatory as a request to produce documents and will produce responsive documents to the extent they have not already been produced.

**INTERROGATORY NO. 6:** **Identify any documents reflecting (including by Bates number if or once assigned) and describe any communications received or exchanged by you relating to instances of violence, discrimination, harassment, intimidation, or inappropriate behavior from poll watchers, poll workers, or election judges, in Texas during the 2020 and 2022 primary, special, and general elections.**

**OBJECTIONS:** Plaintiffs will not review their prior productions to identify documents responsive to requests by Intervenor-Defendants. *See* General Objection 1 *above*. In addition, Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information that is not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Interrogatory seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to this Interrogatory because it fails to identify the type of documents or communications

sought with reasonable particularity; the terms "exchanged by you" and "inappropriate behavior" are vague and ambiguous, and lack sufficient specificity for Plaintiffs to identify the documents and/or activities implicated by such terms. Plaintiffs further object to the extent this Interrogatory requires that Plaintiffs marshal evidence in advance of trial.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will treat this Interrogatory as a request to produce documents and will produce responsive documents to the extent they have not already been produced.

**INTERROGATORY NO. 7:** **Identify any documents reflecting (including by Bates number if or once assigned) and describe any communications received or exchanged by you relating to instances of poll watchers interfering with the duties of election judges, election clerks, and poll workers in Texas during the 2020 and 2022 primary, special, and general elections.**

**OBJECTIONS:** Plaintiffs will not review their prior productions to identify documents responsive to requests by Intervenor-Defendants. *See* General Objection 1 *above*. In addition, Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information that is not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Interrogatory seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to this Interrogatory as unreasonably duplicative and cumulative of Interrogatory No. 6. Plaintiffs further object to this Interrogatory because it fails to identify the type of documents or communications sought with reasonable particularity; the term "exchanged by you," is vague, ambiguous, and lacks sufficient specificity for Plaintiffs to identify the documents implicated by such term. Plaintiffs further object to the extent this Interrogatory requires that Plaintiffs marshal evidence in advance of trial.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will treat this Interrogatory as a request to produce documents and will produce responsive documents to the extent they have not already been produced.

**INTERROGATORY NO. 8:** **Identify any documents reflecting (including by Bates number if or once assigned) and describe any communications received or exchanged by you relating to instances where election judges, election clerks, and poll workers refrained from fulfilling their duties in Texas during the 2020 and 2022 primary, special, and general elections because of the Poll Watcher Provisions.**

**OBJECTIONS:** Plaintiffs will not review their prior productions to identify documents responsive to requests by Intervenor-Defendants. *See* General Objection 1 *above*. In addition, Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information that is not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Interrogatory seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to this Interrogatory because it fails to identify the type of documents or communications

- 13 -

sought with reasonable particularity; the terms "exchanged by you," and "refrained from fulfilling," are vague, ambiguous, and lack sufficient specificity for Plaintiffs to identify the documents and/or activities implicated by such terms. "Plaintiffs further object to the extent this Interrogatory requires that Plaintiffs marshal evidence in advance of trial.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will treat this Interrogatory as a request to produce documents and will produce responsive documents to the extent they have not already been produced.

**INTERROGATORY NO. 9:** Identify any documents reflecting (including by Bates number if or once assigned) and describe any communications received or exchanged by you relating to the effect of the Poll Watcher Provisions on recruitment of election judges, election clerks, and poll workers in Texas for the 2020 and 2022 primary, special, and general elections.

**OBJECTIONS:** Plaintiffs will not review their prior productions to identify documents responsive to requests by Intervenor-Defendants. *See* General Objection 1 *above*. In addition, Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information that is not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Interrogatory seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to this Interrogatory because it fails to identify the type of documents or communications sought with reasonable particularity; the terms "exchanged by you," and "recruitment" are vague, ambiguous, and lack sufficient specificity for Plaintiffs to identify the documents and/or activities implicated by such terms. Plaintiffs further object to the extent this Interrogatory requires that Plaintiffs marshal evidence in advance of trial.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will treat this Interrogatory as a request to produce documents and will produce responsive documents to the extent they have not already been produced.

**INTERROGATORY NO. 10:** Identify any documents reflecting (including by Bates number if or once assigned) and describe any communications received or exchanged by you relating to instances of poll watchers interfering with any voter's ability or right to vote in Texas during the 2020 and 2022 primary, special, and general elections.

**OBJECTIONS:** Plaintiffs will not review their prior productions to identify documents responsive to requests by Intervenor-Defendants. *See* General Objection 1 *above*. In addition, Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information that is not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Interrogatory seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to this Interrogatory as unreasonably duplicative and cumulative of Interrogatory No. 6. Plaintiffs further object to this Interrogatory because it fails to identify the type of documents or communications sought with reasonable particularity; the terms "exchanged by you" and

- 14 -

"interfering with" are vague, ambiguous, and lack sufficient specificity for Plaintiffs to identify the documents and/or activities implicated by such terms. Plaintiffs further object to the extent this Interrogatory requires that Plaintiffs marshal evidence in advance of trial.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will treat this Interrogatory as a request to produce documents and will produce responsive documents to the extent they have not already been produced.

**INTERROGATORY NO. 11:** **Identify any documents reflecting (including by Bates number if or once assigned) and describe any communications received or exchanged by you relating to instances of poll watchers violating the secrecy of the ballot in Texas during the 2020 and 2022 primary, special, and general elections.**

**OBJECTIONS:** Plaintiffs will not review their prior productions to identify documents responsive to requests by Intervenor-Defendants. *See* General Objection 1 *above*. In addition, Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information that is not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Interrogatory seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to this Interrogatory as unreasonably duplicative and cumulative of Interrogatory Nos. 6 and 10. Plaintiffs further object to this Interrogatory because it fails to identify the type of documents or communications sought with reasonable particularity; the terms "exchanged by you," and "violating the secrecy of the ballot" are vague, ambiguous, and lack sufficient specificity for Plaintiffs to identify the documents and/or activities implicated by such terms. Plaintiffs further object to the extent this Interrogatory requires that Plaintiffs marshal evidence in advance of trial.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will treat this Interrogatory as a request to produce documents and will produce responsive documents to the extent they have not already been produced.

**INTERROGATORY NO. 12:** **Identify any documents reflecting (including by Bates number if or once assigned) and describe any communications received or exchanged by you relating to instances of poll watchers interfering with voter assistance in Texas during the 2020 and 2022 primary, special, and general elections.**

**OBJECTIONS:** Plaintiffs will not review their prior productions to identify documents responsive to requests by Intervenor-Defendants. *See* General Objection 1 *above*. In addition, Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information that is not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Interrogatory seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to this Interrogatory as unreasonably duplicative and cumulative of Interrogatory Nos. 6 and 10. Plaintiffs further object to this Interrogatory because it fails to identify the type of documents or communications sought with reasonable particularity; the terms "exchanged by

you," "interfering with," and "voter assistance," and "poll watcher" are vague, ambiguous, and lack sufficient specificity for Plaintiffs to identify the documents and/or activities implicated by such terms. Plaintiffs further object to the extent this Interrogatory requires that Plaintiffs marshal evidence in advance of trial.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will treat this Interrogatory as a request to produce documents and will produce responsive documents to the extent they have not already been produced.

**INTERROGATORY NO. 13:** **Identify any documents reflecting (including by Bates number if or once assigned) and describe any communications received or exchanged by you relating to instances of voters feeling threatened or intimidated by poll watchers in Texas during the 2020 and 2022 primary, special, and general elections.**

**OBJECTIONS:** Plaintiffs will not review their prior productions to identify documents responsive to requests by Intervenor-Defendants. *See* General Objection 1 *above*. In addition, Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information that is not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Interrogatory seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to this Interrogatory as unreasonably duplicative and cumulative of Interrogatory Nos. 6 and 10. Plaintiffs further object to this Interrogatory because it fails to identify the type of documents or communications sought with reasonable particularity; the term "exchanged by you," is vague, ambiguous, and lacks sufficient specificity for Plaintiffs to identify the documents and/or activities implicated by such terms. Plaintiffs further object to the extent this Interrogatory requires that Plaintiffs marshal evidence in advance of trial.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will treat this Interrogatory as a request to produce documents and will produce responsive documents to the extent they have not already been produced.

## PLAINTIFFS' SPECIFIC OBJECTIONS AND RESPONSES TO
## INTERVENOR-DEFNDANTS' REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** **All documents sent to, exchanged with, or reflecting communications with the Texas Legislature relating to SB 1, SB 7, HB 3, or HB 6.**

**OBJECTIONS:** Plaintiffs object to this Request as unreasonably duplicative and cumulative of Interrogatory No. 4. Plaintiffs further object to this Request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of this case because it is not limited to a particular time period, not limited to specific provisions of the bills in question, and includes documents sent or exchanged by persons or entities other than Plaintiffs. Plaintiffs object to this Request to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege.  Plaintiffs further object to the extent this Request seeks materials that have been previously produced in discovery, that are not in Plaintiffs' possession, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources, including State Defendants in this case.

**RESPONSE:**  Subject to and without waiving the foregoing objections, Plaintiffs refer Intervenor-Defendants to their Response to Interrogatory No. 4 above.

**REQUEST FOR PRODUCTION NO. 2:** **All documents sent to, exchanged with, or reflecting communications with the Texas Legislature relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections from January 1, 2020, to present.**

**OBJECTIONS:** Plaintiffs object to this Request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of this case to the extent it includes documents sent or exchanged by persons or entities other than Plaintiffs. Plaintiffs further object to this Request to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object because the terms "election integrity," "minority voting rights," and "the conduct of elections" are vague and ambiguous. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to the extent this request seeks materials that have been previously produced in discovery, that are not in Plaintiffs' possession, that were exchanged by other individuals or persons other than Plaintiffs, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources, including State Defendants in this case.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents to the extent they have not already been produced.

**REQUEST FOR PRODUCTION NO. 3:** **All documents sent to, exchanged with, or reflecting communications with the Office of the Texas Governor, the Office of the Texas Attorney**

- 17 -

General, the Office of the Texas Lieutenant Governor, or the Office of the Texas Secretary of State relating to SB 1, SB 7, HB 3, or HB 6.

**OBJECTIONS:** Plaintiffs object to this Request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of this case because it is not limited to a particular time period, not limited to specific provisions of the bills in question, and includes documents sent or exchanged by persons or entities other than Plaintiffs. Plaintiffs object to this Request to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to the extent this request seeks materials that have been previously produced in discovery, that are not in Plaintiffs' possession, that were exchanged by other individuals or persons other than Plaintiffs, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources, including State Defendants in this case.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents to the extent they have not already been produced.

**REQUEST FOR PRODUCTION NO. 4:** All documents sent to, exchanged with, or reflecting communications with the Office of the Texas Governor, the Office of the Texas Attorney General, the Office of the Texas Lieutenant Governor, or the Office of the Texas Secretary of State relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections from January 1, 2020, to the present.

**OBJECTIONS:** Plaintiffs object to this Request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of this case to the extent it includes documents sent or exchanged by persons or entities other than Plaintiffs. Plaintiffs further object to this Request to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object because the terms "election integrity," "minority voting rights," and "the conduct of elections" are vague and ambiguous. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to the extent this request seeks materials that have been previously produced in discovery, that are not in Plaintiffs' possession, that were exchanged by other individuals or persons other than Plaintiffs, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents to the extent they have not already been produced.

**REQUEST FOR PRODUCTION NO. 5:** All documents sent to, exchanged with, or reflecting communications with the Office of the Elections Administrator of Harris County or the Office of the Elections Administrator of Dallas County relating to election administration,

voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections from January 1, 2020 to the present.

**OBJECTIONS:** Plaintiffs object to this Request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of this case to the extent it includes documents sent or exchanged by persons or entities other than Plaintiffs. Plaintiffs further object to this Request to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object because the terms "election integrity," "minority voting rights," and "the conduct of elections" are vague and ambiguous. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to the extent this Request seeks materials that have been previously produced in discovery, that are not in Plaintiffs' possession, that were exchanged by other individuals or persons other than Plaintiffs, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources, including County Defendants in this case.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents to the extent they have not already been produced.

**REQUEST FOR PRODUCTION NO. 6:** All documents sent to, exchanged with, or reflecting communications with the following organizations, including any of their affiliates or subsidiaries, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants thereof, or other persons or entities acting on their behalf or subject to their control, relating to SB 1, SB 7, HB 3, or HB 6:
    **(a)**    **Any other Plaintiff in the above-captioned consolidated cases;**
    **(b)**    **Any national, state, or local Democratic Party committee or organization;**
    **(c)**    **Open Society Foundations;**
    **(d)**    **Priorities USA;**
    **(e)**    **Progressive Voting Bloc;**
    **(f)**    **MoveOn.org;**
    **(g)**    **Fair Fight;**
    **(h)**    **MOVE Texas;**
    **(i)**    **EMILY's List;**
    **(j)**    **Project Vote; and**
    **(k)**    **Democracy 21.**

**OBJECTIONS:** Plaintiffs object to this Request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of this case because it is not limited to a particular time period, not limited to specific provisions of the bills in question, and not limited to materials that Plaintiffs have directly produced to or received from the organizations in question. Plaintiffs further object to this Request to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment, common interest privilege, or any other applicable privilege. Plaintiffs further object to the extent this Request seeks materials that have

been previously produced in discovery, that are not in Plaintiffs' possession, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 7: All documents sent to, exchanged with, or reflecting communications with the following organizations, including any of their affiliates or subsidiaries, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants thereof, or other persons or entities acting on their behalf or subject to their control, relating to election administration, voting, election integrity, or the conduct of elections from January 1, 2020 to present:**

      **(a)**      **Any other Plaintiff in the above-captioned consolidated cases;**
      **(b)**      **Any national, state, or local Democratic Party committee or organization;**
      **(c)**      **Open Society Foundations;**
      **(d)**      **Priorities USA;**
      **(e)**      **Progressive Voting Bloc;**
      **(f)**      **MoveOn.org;**
      **(g)**      **Fair Fight;**
      **(h)**      **MOVE Texas;**
      **(i)**      **EMILY's List;**
      **(j)**      **Project Vote; and**
      **(k)**      **Democracy 21.**

**OBJECTIONS:** Plaintiffs object to this Request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of this case because it is not limited to materials that Plaintiffs have directly produced to or received from the organizations in question, and not limited to elections or voting in Texas. Plaintiffs further object to this Request to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object because the terms "election integrity" and "the conduct of elections" are vague and ambiguous. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment, common interest privilege, or any other applicable privilege. Plaintiffs further object to the extent this Request seeks materials that have been previously produced in discovery, that are not in Plaintiffs' possession, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents to the extent they have not already been produced.

**REQUEST FOR PRODUCTION NO. 8: All documents sent to, exchanged with, or reflecting communications with any candidate or potential candidate for elected office in Texas relating to the effects or potential effects of SB 1, SB 7, HB 3, or HB 6.**

**OBJECTIONS:** Plaintiffs object to this request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of this case because it is not limited to a particular

time period, not limited to specific provisions of the bills in question, and not limited to materials that Plaintiffs have directly produced to or received from any candidate. Plaintiffs further object to this Request to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object because the term "potential candidate" is vague and ambiguous. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to the extent this Request seeks materials that have been previously produced in discovery, that are not in Plaintiffs' possession, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents to the extent they have not already been produced.

**REQUEST FOR PRODUCTION NO. 9: All documents sent to, exchanged with, or reflecting communications with candidates or potential candidates for elected office in Texas relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections during the period from January 1, 2020, to present.**

**OBJECTIONS:** Plaintiffs object to this request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of this case because it is not limited to materials that Plaintiffs have directly produced to or received from any candidate. Plaintiffs further object to this Request to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object because the terms "potential candidate," "election integrity," "minority voting rights" and "the conduct of elections" are vague and ambiguous. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to the extent this Request seeks materials that have been previously produced in discovery, that are not in Plaintiffs' possession, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 10: All documents relating to the recruitment, retention, and training of election judges, election clerks, and other poll workers in Texas from January 1, 2018, to present, including but not limited to, any training materials or presentations created, used, or disseminated in any way by You.**

**OBJECTIONS:** Plaintiffs object to this Request as unreasonably duplicative and cumulative of Interrogatory Nos. 5 and 9. Plaintiffs further object to this Request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of this case because it is not limited to materials that Plaintiffs have presented, disseminated, or received. Plaintiffs further object to this Request to the extent it seeks documents not related to any claim or defense

asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to the extent this Request seeks materials that have been previously produced in discovery, that are not in Plaintiffs' possession, that were exchanged by other individuals or persons other than Plaintiffs, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs refer Intervenor-Defendants to their Response to Interrogatory Nos. 5 and 9 above.

**REQUEST FOR PRODUCTION NO. 11: All documents relating to the recruitment and training of poll watchers in Texas from January 1, 2018, to present, including but not limited to, any training materials or presentations created, used, or disseminated in any way by You.**

**OBJECTIONS:** Plaintiffs object to this Request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of this case because it is not limited to materials that Plaintiffs have presented, disseminated, or received. Plaintiffs further object to this Request to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to the extent this request seeks materials that have been previously produced in discovery, that are not in Plaintiffs' possession, that were exchanged by other individuals or persons other than Plaintiffs, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents to the extent they have not already been produced.

**REQUEST FOR PRODUCTION NO. 12: All documents relating to instances of violence, discrimination, harassment, intimidation, or any inappropriate behavior from poll watchers, election judges, election clerks, or other poll workers in Texas from January 1, 2018, to present.**

**OBJECTIONS:** Plaintiffs object to this Request as unreasonably duplicative and cumulative of Interrogatory No 6. Plaintiffs further object to this Request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of this case to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object because the term "inappropriate behavior" is vague and ambiguous. Plaintiffs further object to the extent this request seeks materials that have been previously produced in discovery, that are not in Plaintiffs' possession, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs refer Intervenor-Defendants to their Response to Interrogatory No. 5 above.

**REQUEST FOR PRODUCTION NO. 13:** **All documents relating to allegations, investigations, and discussions of illegal voting, election fraud, or any kind of criminal conduct in connection with the following methods of voting in Texas during the period from January 1, 2018, to the present:**

    **(a)**      **Drop box voting;**
    **(b)**      **Drive-thru voting;**
    **(c)**      **Extended hour voting;**
    **(d)**      **Straight-ticket voting;**
    **(e)**      **Vote-by-mail;**
    **(f)**      **Early voting;**
    **(g)**      **Curbside voting;**
    **(h)**      **Voter assistance, including transportation assistance for curbside voters; or**
    **(i)**      **"Vote harvesting services," as defined by SB 1.**

**OBJECTIONS:** Plaintiffs object to this Request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of this case to the extent it seeks documents not related to any claim or defense asserted in this litigation, not relevant to Defendant-Intervenors' interests in this litigation, or not before the Texas Legislature when it considered SB 1 and its predecessor bills. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to the extent this Request calls for a legal conclusion regarding "illegal voting," "election fraud," and "criminal conduct," and also object to these terms as vague and ambiguous. Plaintiffs further object to the extent this request seeks materials that have been previously produced in discovery, that are not in Plaintiffs' possession, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents to the extent they have not already been produced.

**REQUEST FOR PRODUCTION NO. 14:** **All documents relating to the impact or potential impact of SB 1, SB 7, HB 3, or HB 6 on demographic groups, including but not limited to, racial or ethnic minorities, persons with disabilities, persons with limited English proficiency, or partisan affiliation.**

**OBJECTIONS:** Plaintiffs object to this Request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of this case because it is not limited to a particular time period and not limited to specific provisions of the bills in question. Plaintiff further objects to this Request to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object because the term "demographic groups" is vague and ambiguous. Plaintiffs further object to the extent this request seeks materials that have been previously produced in discovery, that are

not in Plaintiffs' possession, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents to the extent they have not already been produced.

**REQUEST FOR PRODUCTION NO. 15:** **All documents relating to usage of the following methods of voting in Texas by demographic groups, including but not limited to, racial or ethnic minorities, persons with limited English proficiency, persons with disabilities, or partisan affiliation, during the period from January 1, 2020, to present:**
**(a)    Drop box voting;**
**(b)    Drive-thru voting;**
**(c)    Extended hour voting;**
**(d)    Straight-ticket voting;**
**(e)    Vote-by-mail;**
**(f)    Early voting;**
**(g)    Curbside voting;**
**(h)    Voter assistance, including transportation assistance for curbside voters; or**
**(i)    "Vote harvesting services," as defined by SB 1.**

**OBJECTIONS:** Plaintiffs object to this request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of this case to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object because the term "demographic groups" is vague and ambiguous. . Plaintiffs further object to the extent this request seeks materials that have been previously produced in discovery, that are not in Plaintiffs' possession,  or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources, including State and County Defendants.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents to the extent they have not already been produced.

**REQUEST FOR PRODUCTION NO. 16:** **All documents relating to the impact or potential impact of SB 1, SB 7, HB 3, or HB 6 on residents of the following counties:**
**(a) Bexar County;**
**(b) Dallas County;**
**(c) Harris County;**
**(d) El Paso County;**
**(e) Hidalgo County; or**
**(f) Travis County.**

**OBJECTIONS:** Plaintiffs object to this Request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of this case because it is not limited to a particular time period and not limited to specific provisions of the bills in question. Plaintiff

further objects to this Request to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object because the term "impact" is vague and ambiguous. Plaintiffs further object to the extent this request seeks materials that have been previously produced in discovery, that are not in Plaintiffs' possession, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources, including County Defendants.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents to the extent that have not already been produced.

**REQUEST FOR PRODUCTION NO. 17: All documents, including but not limited to communications, relating to the number or proportion of Texas residents, Texas citizens of voting age, or Texas registered voters who have or who lack a Texas Driver's License, a Texas Election Identification Certificate, a Texas Personal Identification Card, or a Social Security Number, including patterns by race, ethnicity, disability status, or party affiliation from January 1, 2020, to present.**

**OBJECTIONS:** Plaintiffs object to this Request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of this case to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to the extent this request seeks materials that have been previously produced in discovery, that are not in Plaintiffs' possession, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources, including State Defendants.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents to the extent they have not already been produced.

**REQUEST FOR PRODUCTION NO. 18: All documents relating to questions or complaints received from voters about SB 1's requirements to provide an identification number on Applications for Ballot By Mail and to provide an identification number on the carrier envelope of a mail ballot.**

**OBJECTIONS:** Plaintiffs object to this request as overbroad, unduly burdensome, not particularized, and not proportional to the needs of this case because it is not limited to a particular time period and not limited to questions or complaints received by Plaintiffs. Plaintiffs further object to this Request to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object to the extent this Request seeks materials that have been previously produced in discovery, that are

not in Plaintiffs' possession, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents to the extent they have not already been produced.

**REQUEST FOR PRODUCTION NO. 19:** **All documents relating to voter assistance, including transportation assistance for curbside voters, and "vote harvesting services" as defined by SB 1, and patterns of requests for voter assistance by race, ethnicity, disability status, or party affiliation during the period from January 1, 2020, to present.**

**OBJECTIONS:** Plaintiffs object to this request as overbroad, unduly burdensome, not particularized, and not proportional to the needs of this case to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object because the term "patterns of requests" is vague and ambiguous. Plaintiffs further object to the extent this Request seeks materials that have been previously produced in discovery, that are not in Plaintiffs' possession, or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents to the extent they have not already been produced.

**REQUEST FOR PRODUCTION NO. 20:** **All documents relating to the demographics of Texas voters; voter turnout by particular demographic groups, including but not limited to, racial or ethnic minorities, persons with limited English proficiency, persons with disabilities, or partisan affiliation; or particular voting practices in Texas.**

**OBJECTIONS:** Plaintiffs object to this request as overbroad, unduly burdensome, not particularized, and not proportional to the needs of this case because it is not limited to a particular time period. Plaintiffs further object to this Request to the extent it seeks documents not related to any claim or defense asserted in this litigation or not relevant to Defendant-Intervenors' interests in this litigation. Plaintiffs further object to the extent this Request seeks materials protected by associational privileges protected by the First Amendment or by any other applicable privilege. Plaintiffs further object because the terms "demographic groups" and "voting practices" are vague and ambiguous. Plaintiffs further object to the extent this Request seeks materials that have been previously produced in discovery, that are not in Plaintiffs' possession or that are otherwise publicly available or equally accessible to Intervenor-Defendants' from other sources.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents to the extent they have not already been produced.

**REQUEST FOR PRODUCTION NO. 21:** **All documents identified in response to Intervenor-Defendants' First Set of Interrogatories 6–13.**

**OBJECTION and RESPONSE:**    Plaintiffs refer Intervenor-Defendants to their Objections and Responses to Interrogatories Nos. 6-13 above.


Dated this 4th day of November, 2022.

Respectfully submitted,


REED SMITH LLP, NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC., THE ARC OF THE UNITED STATES, INC.

/s/ Kenneth E. Broughton
Kenneth E. Broughton
Texas Bar No. 03087250
J. Keely Dulaney*
Texas Bar No. 24116306
Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899
kbroughton@reedsmith.com
kdulaney@reedsmith.com


Sarah M. Cummings
Texas Bar No. 24094609
Reed Smith LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
scummings@reedsmith.com


Danielle V. Ahlrich*
Texas Bar No. 24059215
Reed Smith LLP
401 Congress Avenue, Suite 1800
Austin, TX 78701
Telephone (512) 623-1801
Facsimile (512) 623-1802
dahlrich@reedsmith.com

Kathryn Sadasivan*
Amir Badat*
Victor Genecin*
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592
ksadasivan@naacpldf.org
abadat@naacpldf.org

Jennifer A. Holmes*
NAACP Legal Defense and Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 682-1300
Facsimile: (202) 682-1312
jholmes@naacpldf.org

Shira Wakschlag*
The Arc of the United States, Inc.
1825 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: (202) 534-3708
Facsimile: (202) 534-3731
Wakschlag@thearc.org

*Admitted Pro Hac Vice*

*Counsel for Plaintiffs Houston Area Urban League;
Delta Sigma Theta Sorority, Inc.; The Arc of Texas;
and Jeffrey Lamar Clemmons*

## <u>VERIFICATION OF RESPONSES TO INTERROGATORIES</u>

Pursuant to Federal Rule of Civil Procedure 33(b)(5) and L. R. CV 33, Plaintiffs' signatures will be served on Intervenors within 21 days of service of the foregoing discovery responses.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 4, 2022, I provided an electronic copy of the foregoing discovery responses to counsel of record.

<u>/s/ Jennifer A. Holmes</u>
Jennifer A. Holmes