Exhibit G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 5:21-CV-0844-XR |
| | § | |
| GREGORY W. ABBOTT, et al., | § | |
|     Defendants. | § | |
| | § | |
| OCA-GREATER HOUSTON, et al., | § | |
|     Plaintiffs, | § | |
| v. | § | Case No. 1:21-CV-0780-XR |
| | § | |
| JOSE A. ESPARZA, et al., | § | |
|     Defendants. | § | |
| | § | |
| HOUSTON JUSTICE, et al., | § | |
|     Plaintiffs, | § | |
| v. | § | Case No. 5:21-CV-0848-XR |
| | § | |
| GREGORY WAYNE ABBOTT, et al., | § | |
|     Defendants. | § | |
| | § | |
| LULAC TEXAS, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:21-CV-0786-XR |
| | § | |
| JOSE ESPARZA, et al., | § | |
|     Defendants. | § | |
| | § | |
| MI FAMILIA VOTA, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 5:21-CV-0920-XR |
| | § | |
| GREG ABBOTT, et al., | § | |
|     Defendants. | § | |
| | § | |

1

UNITED STATES OF AMERICA,  §
    Plaintiff,  §
                  §
v.  §        Case No. 5:21-CV-01085-XR
                  §
STATE OF TEXAS, et al.,  §
    Defendants.  §

---

### PLAINTIFFS' OBJECTIONS AND RESPONSES TO INTERVENOR-DEFENDANTS' FIRST REQUESTS FOR PRODUCTION

TO:    Intervenor-Defendants Harris County Republican Party, Dallas County Republican Party, Republican National Committee, National Republican Senatorial Committee, and National Republican Congressional Committee, by and through their attorneys of record John M. Gore, E. Stewart Crosland, Stephen J. Kenny, and Charles E.T. Roberts, via e-mail to jmgore@jonesday.com, scrosland@jonesday.com, skenny@jonesday.com, and cetroberts@jonesday.com.

        Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs OCA-Greater Houston, League of Women Voters-Texas, REVUP-Texas, and Workers Defense Action Fund ("Plaintiffs"), by and through their attorneys, hereby serve the following Objections and Responses to the Harris County Republican Party, Dallas County Republican Party, Republican National Committee, National Republican Senatorial Committee, and National Republican Congressional Committee's ("Intervenor-Defendants") First Requests for Production, sent September 19, 2022.

Dated: November 4, 2022.        Respectfully Submitted,

/s/ *Zachary Dolling*
Zachary Dolling
Texas Bar No. 24105809
Mimi M.D. Marziani
Texas Bar No. 24091906
Hani Mirza
Texas Bar No. 24083512
Sarah Chen*
**TEXAS CIVIL RIGHTS PROJECT**
1405 Montopolis Drive
Austin, TX 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)
zachary@texascivilrightsproject.org
mimi@texascivilrightsproject.org
hani@texascivilrightsproject.org
schen@texascivilrightsproject.org

Thomas Buser-Clancy
Texas Bar No. 24078344
Savannah Kumar
Texas Bar No. 24120098
Ashley Harris
Texas Bar No. 24123238
**ACLU FOUNDATION OF TEXAS, INC.**
5225 Katy Freeway, Suite 350
Houston, TX 77007
Telephone: (713) 942-8146
Fax: (915) 642-6752
tbuser-clancy@aclutx.org
skumar@aclutx.org
aharris@aclutx.org

Adriel I. Cepeda Derieux*
Ari Savitzky*
Sophia Lin Lakin*
**AMERICAN CIVIL LIBERTIES UNION
FOUNDATION**
125 Broad St., 18th Floor
New York, NY 10004
(212) 284-7334
acepedaderieux@aclu.org
asavitzky@aclu.org
slakin@aclu.org

Susan Mizner*
**AMERICAN CIVIL LIBERTIES UNION
FOUNDATION**
39 Drumm St.
San Francisco, CA 94111
(415) 343-0781 (phone)
smizner@aclu.org

LISA SNEAD
Texas State Bar No. 24062204
LUCIA ROMANO
Texas State Bar No. 24033013
PETER HOFER
Texas State Bar No. 09777275
**DISABILITY RIGHTS TEXAS**
2222 West Braker Lane
Austin, Texas 78758-1024
(512) 454-4816 (phone)

(512) 454-3999 (fax)
lsnead@drtx.org
lromano@drtx.org

Jerry Vattamala*
Susana Lorenzo-Giguere*
Patrick Stegemoeller*
**ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND**
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932 (phone)
(212) 966 4303 (fax)
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org
pstegemoeller@aaldef.org

Jessica Ring Amunson*
Urja Mittal*
**JENNER & BLOCK LLP**
1099 New York Ave. NW, Suite 900
Washington, DC 20001
(202) 639-6000
jamunson@jenner.com
umittal@jenner.com

Sophia Cai*
**JENNER & BLOCK LLP**
455 Market St. Suite 2100
San Francisco, CA 94105
scai@jenner.com

*COUNSEL FOR PLAINTIFFS*

*admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2022, a true and correct copy of these *Plaintiffs' Objections and Responses to Intervenor-Defendants' First Requests for Production* was served upon counsel of record via email or mail.

*/s/ Zachary Dolling*

## RESERVATION OF RIGHTS

Plaintiffs have responded to these requests for production based on the information currently available to them. Discovery, however, is not yet complete. Additional discovery and investigation may lead to additions to, changes in, or modification of these responses. Plaintiffs therefore reserve their right to supplement, amend, revise, correct, modify, or clarify these responses as additional information becomes available.

Plaintiffs make their objections and responses in accordance with their interpretation and understanding of *Intervenor-Defendants' First Requests for Production* ("Requests") and in accordance with their current knowledge, understanding, and belief as to the facts and information available to them at the time of serving these responses. If Intervenor-Defendants subsequently provide an interpretation of any of their Requests that differs from Plaintiffs' understanding of the same, Plaintiffs reserve their right to complete the discovery of facts in this case and rely at trial or in any other proceeding on documents and information in addition to the information provided herein, regardless of whether such information is newly discovered or newly in existence. They also reserve the right to amend, revise, correct, modify, or clarify their responses to properly respond to any interpretation Intervenor-Defendants may give these Requests.

Plaintiffs reserve their right to object on any grounds, at any time, to the admission or use of any response on any ground. Plaintiffs are also willing to meet and confer about any of their objections or responses.

## GENERAL OBJECTIONS

1.  Plaintiffs object to these Requests, including the definitions and instructions, to the extent that they seek information or documents that are: (i) protected by attorney client privilege, the work product doctrine, or any other applicable

privilege or immunity; (ii) not in Plaintiffs' possession, custody, or control; or (iii) publicly available or already within Intervenor-Defendants' possession due to Plaintiffs already producing that information to Intervenor-Defendants. Any inadvertent disclosure of privileged or protected information is not intended to constitute a waiver of any privilege, protection, or immunity, or of any other ground for objecting. Plaintiffs reserve the right to request the return or destruction of any documents that contain any inadvertent disclosures of privileged or protected information.

2.      The Court's scheduling order states that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery." Doc. 437 at 1. Plaintiffs therefore object to these Requests to the extent they are (1) not limited in scope and tailored to reflect the narrow nature of Plaintiffs' claims, as directed by the scheduling order, and therefore disproportionate to the needs of the case and unduly burdensome; and (2) duplicative of those already made by Texas Secretary of State John Scott and Texas Attorney General Ken Paxton in their official capacities ("State Defendants") in this litigation and would require the production of documents already propounded upon Intervenor-Defendants on June 2, 2022, and November 4, 2022, via e-mail.[1] Accordingly, Plaintiffs further object to these Requests to the extent they purport to require Plaintiffs to review and identify for Intervenor-Defendants materials or subsets of materials they previously produced in response to requests from the State Defendants.

3.      Plaintiffs object to the definitions of "Plaintiff," "you," and "your" as overly

---

[1] The June 2, 2022, production contained documents labeled OCAGH_00000001–00015640. The November 4, 2022, production contained documents labeled OCAGH_00015640–00016605.

6

broad, unduly burdensome, and disproportionate to the needs of this case, to the extent that they define each Plaintiff as including "members, agents, employees, representatives, and other persons acting or purporting to act on their behalf." These definitions seek to include individuals unknown to Plaintiffs and whose actions Plaintiffs may not have knowledge of or control over. Plaintiffs further object to this definition because the terms "representative" and "agents" are vague and call for legal conclusions. Plaintiffs further object to this definition to the extent that it calls for the disclosure of information subject to the attorney-client privilege, work product doctrine, or other applicable privilege or doctrine.

4.     Plaintiffs object to any portion of these Requests that seeks documents or information relevant solely to Plaintiffs' challenges to SB 1 Section 6.04 because the Court has ruled those claims moot and any such Request or portion thereof is therefore irrelevant, unduly burdensome, and not proportional to the needs of this case. *See* Doc. 448.

5.     Plaintiffs object to the definitions of "Office of the Texas Attorney General" and "Attorney General" as overly broad, unduly burdensome, and disproportionate to the needs of this case, to the extent they are defined as including "the Office of the Texas Attorney General and includes the Texas Attorney General and his predecessors and successors in their official capacities as Texas Attorney General, as well as the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Office of the Texas Attorney General," which includes individuals unknown to Plaintiffs.

6.     Plaintiffs object to the definitions of "Office of the Texas Governor" and

"Governor" as overly broad, unduly burdensome, and disproportionate to the needs of this case, to the extent they are defined as including "the Office of the Texas Governor and includes the Texas Governor and his predecessors and successors in their official capacities as Texas Governor, as well as the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Office of the Texas Governor," which includes individuals unknown to Plaintiffs.

7.      Plaintiffs object to the definitions of "Office of the Texas Lieutenant Governor" and "Lieutenant Governor" as overly broad, unduly burdensome, and disproportionate to the needs of this case, to the extent they are defined as including "the Office of the Texas Lieutenant Governor and includes the Texas Lieutenant Governor and his predecessors and successors in their official capacities as Texas Governor, as well as the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Office of the Texas Lieutenant Governor," which includes individuals unknown to Plaintiffs.

8.      Plaintiffs object to the definition of "Texas Legislature" as overly broad, unduly burdensome, and disproportionate to the needs of this case, to the extent it is defined as including "the current and former members, officers, and staff of the Texas Senate and Texas House of Representatives and any committees or agencies thereof, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants thereof" which includes individuals unknown to Plaintiffs.

9.      Plaintiffs object to the definitions of "Office of the Texas Secretary of State" and "Secretary of State" as overly broad, unduly burdensome, and disproportionate to the needs of this case, to the extent they are defined as including "the Office of the Texas Secretary of State and includes the Texas Secretary of State and his predecessors and successors in their official capacities as Texas Governor, as well as the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Office of the Texas Secretary of State," which includes individuals unknown to Plaintiffs.

10.     Plaintiffs object to the definitions of "communication" and "document" to the extent they impose obligations beyond those required by the Federal Rules of Civil Procedure. These definitions are overly broad, expand the scope of discovery to include materials that are not within Plaintiffs' possession, custody, and control, and impose burdens that are not proportional to the needs of this case.

11.     Plaintiffs object to the definition of "relating to," as meaning "analyzing, containing, concerning, dealing with, constituting, contradicting, defining, describing, discussing, embodying, evidencing, explaining, identifying, mentioning, pertaining to, reflecting, referring to, regarding, setting forth, showing, stating, summarizing, supporting, undermining, or being relevant in any other way to the subject matter of the given request" as overbroad and unduly burdensome to the extent that this definition expands the scope of discovery in a manner that is not proportional to the needs of the case.

12.     Plaintiffs object to requests for "all" documents or communications "relating to" a particular topic, because identifying and collecting all documents containing any

reference or relationship to a particular topic is unduly burdensome and disproportionate to the needs of the case. Where indicated in their specific responses and objections, Plaintiffs will conduct reasonable and diligent searches by making reasonable inquiries of custodians reasonably likely to possess responsive documents and conduct reasonable and good faith searches of those custodial files to the extent proportional to the case.

13. Plaintiffs object to these Requests to the extent that they require the production of confidential business, proprietary, or trade secret information, or personal information concerning persons who are not parties to this litigation, to the extent this confidential information would not be covered by the protective order entered in this case.

14. Plaintiffs object to these Requests, including the Definitions and Instructions contained therein, to the extent they are inconsistent with or seek to impose duties or require performance of acts broader in scope than those required by the Federal Rules of Civil Procedures, the Local Rules of the U.S. District Court for the Western District of Texas, and any other applicable rules, law, or governing orders.

15. Plaintiffs object to these Requests to the extent they seek information not relevant to the claims or defenses at issue in this litigation or impose burdens not proportional to the needs of the litigation.

16. Where Plaintiffs indicate they will conduct reasonable and diligent searches for material responsive to these Requests, Plaintiffs are not representing that documents responsive to the Requests exist. Moreover, Plaintiffs object to any

Request to the extent it purportedly requires Plaintiffs to create documents.

17. Plaintiffs object to these Requests to the extent they seek information protected from disclosure by law, rules, or protective orders.

18. Plaintiffs object to these Requests to the extent they seek information protected from disclosure under the First Amendment because such disclosure would chill Plaintiffs' First Amendment rights, including the right to associate and to engage in the exchange of ideas. *See Whole Woman's Health v. Smith*, 896 F.3d 362 (5th Cir. 2018), as revised (July 17, 2018); *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010).

19. These General Objections are incorporated into each of the specific responses and objections set forth below. No specific response or objection herein shall constitute a waiver, in whole or in part, of any of the foregoing General Objections. Plaintiffs reserve the right at any time to revise, correct, supplement, or clarify the objections or responses set forth herein and any production made pursuant thereto.

## PLAINTIFFS' SPECIFIC OBJECTIONS AND RESPONSES TO INTERVENOR-DEFENDANTS' FIRST REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents sent to, exchanged with, or reflecting communications with the Texas Legislature relating to SB 1, SB 7, HB 3, or HB 6.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which do not include challenges to all provisions of SB 1, SB 7, HB 3, or HB 6. Plaintiffs further object to this request because it seeks the production of "all" documents and documents reflecting communications, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited,

nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 2:** All documents sent to, exchanged with, or reflecting communications with the Texas Legislature relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections from January 1, 2020, to present.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which are not premised on racial discrimination or the entirety of "election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections." Plaintiffs further object to this request because it seeks the production of "all" documents and documents reflecting communications, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object to this request to the extent that the terms "election administration," "voting," "election integrity," "minority voting rights," "voting accessibility for individuals with a disability," and "the conduct of elections" are undefined and therefore vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of this case. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request, within a reasonable timeframe, in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 3:** All documents sent to, exchanged with, or reflecting communications with the Office of the Texas Governor, the Office of the Texas Attorney General, the Office of the Texas Lieutenant Governor, or the Office of the Texas Secretary of State relating to SB 1, SB 7, HB 3, or HB 6.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which do not include challenges to all provisions of SB 1, SB 7, HB 3, or HB 6, and do not include any claims against the Texas Governor or the Texas Lieutenant Governor. Plaintiffs further object to this request because it seeks the production of "all" documents and documents reflecting communications, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object because the definitions of the Offices included in this request are overly broad, unduly burdensome, and disproportionate to the needs of this case as set out in the General Objections, incorporated here. Plaintiffs further object to this request to the extent it seeks confidential personal information concerning persons who are not parties to this litigation if the confidential information would not be covered by the protective order entered in this case. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 4:** All documents sent to, exchanged with, or reflecting communications with the Office of the Texas Governor, the Office of the Texas Attorney General, the Office of the Texas Lieutenant Governor, or the Office of the Texas Secretary of State relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections from January 1, 2020, to the present.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which are not premised on racial discrimination or the entirety of "election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections" and which do not include any claims against the Texas Governor or the Texas Lieutenant Governor. Plaintiffs further object to this request because it seeks the production of "all" documents and documents reflecting communications, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object because the definitions of the Offices included in this request are overly broad, unduly burdensome, and disproportionate to the needs of this case as set out in the General Objections. Plaintiffs further object to this request to the extent that the terms "election administration," "voting," "election integrity," "minority voting rights," "voting accessibility for individuals with a disability," and "the conduct of elections" are undefined and therefore vague,

ambiguous, overbroad, unduly burdensome, and disproportional to the needs of this case. Plaintiffs further object to this request to the extent it seeks confidential personal information concerning persons who are not parties to this litigation if the confidential information would not be covered by the protective order entered in this case. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request, within a reasonable timeframe, in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 5:** All documents sent to, exchanged with, or reflecting communications with the Office of the Elections Administrator of Harris County or the Office of the Elections Administrator of Dallas County relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections from January 1, 2020, to the present.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which are not premised on racial discrimination or the entirety of "election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections," and do not include any claims against the Office of the Elections Administrator of Dallas County. Plaintiffs further object to this request because it seeks the production of "all" documents and documents reflecting communications, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object because the definition of "Office of the Elections Administrator of Harris County" given by Intervenor-Defendants is overly broad, unduly burdensome, and disproportionate to the needs of this case, to the extent that it is defined as including "the Harris County Elections Administrator and her predecessors and successors in their official capacities as Harris County Elections Administrator, as well as the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Office of the Elections Administrator of Harris County," which includes individuals unknown to Plaintiffs. Plaintiffs further object to the definition of "Office of the Elections Administrator of Dallas County," which is defined in the same way by Intervenor-Defendants, for the same reasons. Plaintiffs further object to this request to the extent that the terms "election administration," "voting," "election integrity," "minority voting rights," "voting accessibility for individuals with a disability," and "the conduct of elections" are undefined and therefore vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of this case. Plaintiffs further object to this request to the extent it

seeks confidential personal information concerning persons who are not parties to this litigation if the confidential information would not be covered by the protective order entered in this case. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request, within a reasonable timeframe, in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 6:** All documents sent to, exchanged with, or reflecting communications with the following organizations, including any of their affiliates or subsidiaries, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants thereof, or other persons or entities acting on their behalf or subject to their control, relating to SB 1, SB 7, HB 3, or HB 6:

        (a)     Any other Plaintiff in the above-captioned consolidated cases;
        (b)     Any national, state, or local Democratic Party committee or organization;
        (c)     Open Society Foundations;
        (d)     Priorities USA;
        (e)     Progressive Voting Bloc;
        (f)     MoveOn.org;
        (g)     Fair Fight;
        (h)     MOVE Texas;
        (i)     EMILY's List;
        (j)     Project Vote; and
        (k)     Democracy 21.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which do not include challenges to all provisions of SB 1, SB 7, HB 3, or HB 6. Plaintiffs further object to this request because it seeks the production of "all" documents and documents reflecting communications, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object to this request, to the extent it defines the organizations listed as including "any of their affiliates or subsidiaries, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants thereof, or other persons or entities acting on their behalf or subject to their control," which includes individuals unknown to Plaintiffs, as overly broad, unduly burdensome, and disproportionate to the needs of this case. Plaintiffs further object to this request to the extent it

seeks confidential personal information concerning persons who are not parties to this litigation if the confidential information would not be covered by the protective order entered in this case. Plaintiffs further object to this request to the extent it seeks documents protected by the attorney client privilege, work product protection, or any other applicable privilege or protection. In particular, Plaintiffs will not produce attorney-to-attorney communications protected from disclosure under Plaintiffs' common interest agreement with other plaintiffs in this consolidated litigation, and will not produce a privilege log regarding those communications. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 7:** All documents sent to, exchanged with, or reflecting communications with the following organizations, including any of their affiliates or subsidiaries, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants thereof, or other persons or entities acting on their behalf or subject to their control, relating to election administration, voting, election integrity, or the conduct of elections from January 1, 2020, to present:

      (a)    Any other Plaintiff in the above-captioned consolidated cases;
      (b)    Any national, state, or local Democratic Party committee or organization;
      (c)    Open Society Foundations;
      (d)    Priorities USA;
      (e)    Progressive Voting Bloc;
      (f)    MoveOn.org;
      (g)    Fair Fight;
      (h)    MOVE Texas;
      (i)    EMILY's List;
      (j)    Project Vote; and
      (k)    Democracy 21.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which are not premised on racial discrimination or the entirety of "election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections." Plaintiffs further object to this request because it seeks the production of "all" documents and documents reflecting communications, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands

the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object to this request, to the extent it defines the organizations listed as including "any of their affiliates or subsidiaries, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants thereof, or other persons or entities acting on their behalf or subject to their control," which includes individuals unknown to Plaintiffs, as overly broad, unduly burdensome, and disproportionate to the needs of this case. Plaintiffs further object to this request to the extent that the terms "election administration," "voting," "election integrity," and "the conduct of elections" are undefined and therefore vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of this case. Plaintiffs further object to this request to the extent it seeks confidential personal information concerning persons who are not parties to this litigation if the confidential information would not be covered by the protective order entered in this case. Plaintiffs further object to this request to the extent it seeks documents protected by the attorney client privilege, work product protection, or any other applicable privilege or protection. In particular, Plaintiffs will not produce attorney-to-attorney communications protected from disclosure under Plaintiffs' common interest agreement with other plaintiffs in this consolidated litigation, and will not produce a privilege log regarding those communications. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request, within a reasonable timeframe, in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 8:** All documents sent to, exchanged with, or reflecting communications with any candidate or potential candidate for elected office in Texas relating to the effects or potential effects of SB 1, SB 7, HB 3, or HB 6.

**RESPONSE**: Plaintiffs object to the extent this request seeks documents that are not relevant to Plaintiffs' claims, which do not include challenges to all provisions of SB 1, SB 7, HB 3, or HB 6, and do not relate to, and are not premised, on all "effects or potential effects" of SB 1, SB 7, HB 3, or HB 6. Plaintiffs further object to this request because it seeks the production of "all" documents and documents reflecting communications, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object to this request because the term "potential candidate" is overly broad, unduly burdensome, and disproportionate to the needs of this case, as it encompasses all persons who are or may become eligible for candidacy under the law. Plaintiffs further object to this request to the extent it seeks confidential personal information

concerning persons who are not parties to this litigation if the confidential information would not be covered by the protective order entered in this case. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 9:** All documents sent to, exchanged with, or reflecting communications with candidates or potential candidates for elected office in Texas relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections during the period from January 1, 2020, to present.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which are not premised on racial discrimination or the entirety of "election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections." Plaintiffs further object to this request because it seeks the production of "all" documents and documents reflecting communications, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object to this request because the term "potential candidates" is overly broad, unduly burdensome, and disproportionate to the needs of this case, as it encompasses all persons who are or may become eligible for candidacy under the law. Plaintiffs further object to this request to the extent that the terms "election administration," "voting," "election integrity," "minority voting rights," "voting accessibility for individuals with a disability," and "the conduct of elections" are undefined and therefore vague, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of this case. Plaintiffs further object to this request to the extent it seeks confidential personal information concerning persons who are not parties to this litigation if the confidential information would not be covered by the protective order entered in this case. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request, within a reasonable timeframe, in response to the State Defendants' Requests for Production. These documents have already been produced to the State

Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 10:** All documents relating to the recruitment, retention, and training of election judges, election clerks, and other poll workers in Texas from January 1, 2018, to present, including but not limited to, any training materials or presentations created, used, or disseminated in any way by You.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which are generally not premised on the recruitment, retention, and training of election judges, election clerks, and other poll workers. Plaintiffs further object to this request because it seeks the production of "all" documents, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object to this request as overbroad and disproportional to the needs of the case because it is not limited to a reasonable timeframe, particularly given that SB 1's first predecessor bills were not introduced by the Texas Legislature until March 2021. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request, within a reasonable timeframe, in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request, from January 1, 2020, to present day, within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 11:** All documents relating to the recruitment and training of poll watchers in Texas from January 1, 2018, to present, including but not limited to, any training materials or presentations created, used, or disseminated in any way by You.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which are generally not premised on the recruitment and training of poll workers. Plaintiffs further object to this request because it seeks the production of "all" documents, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object to this request as overbroad and disproportional to the needs of the case because it is not

limited to a reasonable timeframe, particularly given that SB 1's first predecessor bills were not introduced by the Texas Legislature until March 2021. Plaintiffs object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request, within a reasonable timeframe, in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request, from January 1, 2020, to present day, within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 12:** All documents relating to instances of violence, discrimination, harassment, intimidation, or any inappropriate behavior from poll watchers, election judges, election clerks, or other poll workers.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which are not generally premised on the behavior of poll watchers, election judges, election clerks, or other poll workers. Plaintiffs further object to this request because it seeks the production of "all" documents, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object to this request as overbroad and vague because it does not specify a timeframe, particularly given that SB 1's first predecessor bills were not introduced by the Texas Legislature until March 2021. Plaintiffs further object to this request because "violence," "discrimination," "harassment," "intimidation," and "inappropriate behavior" are undefined, vague, ambiguous, and overbroad. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request, within a reasonable timeframe, in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request, from January 1, 2020, to present day, within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 13:** All documents relating to allegations, investigations,

and discussions of illegal voting, election fraud, or any kind of criminal conduct in connection with the following methods of voting in Texas during the period from January 1, 2018, to the present:

> (a) Drop box voting;
> (b) Drive-thru voting;
> (c) Extended hour voting;
> (d) Straight-ticket voting;
> (e) Vote-by-mail;
> (f) Early voting;
> (g) Curbside voting;
> (h) Voter assistance, including transportation assistance for curbside voters; or
> (i) "Vote harvesting services," as defined by SB 1.

**RESPONSE**: Plaintiffs further object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which do not include claims related to drop box voting, drive-thru voting, extended hour voting, straight-ticket voting, or curbside voting. Plaintiffs further object to this request because it seeks the production of "all" documents, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object to this request as overbroad and disproportional to the needs of the case because it is not limited to a reasonable timeframe, given that SB 1's first predecessor bills were not introduced by the Texas Legislature until March 2021. Plaintiffs further object to this request to the extent it seeks documents protected by the attorney client privilege, work product protection, or any other applicable privilege or protection. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request, within a reasonable timeframe, in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request, from January 1, 2020, to present day, within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 14:** All documents relating to the impact or potential impact of SB 1, SB 7, HB 3, or HB 6 on demographic groups, including but not limited to, racial or ethnic minorities, persons with disabilities, persons with limited English proficiency, or partisan affiliation.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which are not premised on racial or ethnic discrimination or partisan affiliation

and do not relate to all "impact[s] or potential impact[s] of SB 1, SB 7, HB 3, or HB 6." Plaintiffs further object to this request because it seeks the production of "all" documents, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object to this request because "impact or potential impact" is undefined, vague, ambiguous, and overbroad. Plaintiffs further object to this request to the extent it seeks documents protected by the attorney client privilege, work product protection, or any other applicable privilege or protection. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 15:** All documents relating to usage of the following methods of voting in Texas by demographic groups, including but not limited to, racial or ethnic minorities, persons with limited English proficiency, persons with disabilities, or partisan affiliation, during the period from January 1, 2020, to present:

> (a) Drop box voting;
> (b) Drive-thru voting;
> (c) Extended hour voting;
> (d) Straight-ticket voting;
> (e) Vote-by-mail;
> (f) Early voting;
> (g) Curbside voting;
> (h) Voter assistance, including transportation assistance for curbside voters; or
> (i) "Vote harvesting services," as defined by SB 1.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which do not include claims premised on racial or ethnic discrimination or partisan affiliation and which are not related to drop box voting, drive-thru voting, extended hour voting, straight-ticket voting, or curbside voting. Plaintiffs further object to this request because it seeks the production of "all" documents, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object to this request to the extent it seeks documents protected by the attorney client privilege, work product protection, or any other applicable privilege or protection. Plaintiffs further object to this request to the extent it is

unreasonably cumulative and duplicative of request for production number 14. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 16:** All documents relating to the impact or potential impact of SB 1, SB 7, HB 3, or HB 6 on residents of the following counties:

> (a) Bexar County;
> (b) Dallas County;
> (c) Harris County;
> (d) El Paso County;
> (e) Hidalgo County; or
> (f) Travis County.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which do not relate to all "impact[s] or potential impact[s] of SB 1, SB 7, HB 3, or HB 6" and do not include claims with respect to Bexar, Dallas, El Paso, or Hildago County. Plaintiffs further object to this request because it seeks the production of "all" documents, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object to this request to the extent it seeks documents protected by the attorney client privilege, work product protection, or any other applicable privilege or protection. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 17:** All documents, including but not limited to communications, relating to the number or proportion of Texas residents, Texas citizens of voting age, or Texas registered voters who have or who lack a Texas Driver's License, a Texas Election Identification Certificate, a Texas Personal Identification Card, or a Social Security Number, including patterns by race, ethnicity, disability status, or party affiliation from January 1, 2020, to present.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which do not include claims premised on racial or ethnic discrimination or on partisan affiliation. Plaintiffs further object to this request because it seeks the production of "all" documents, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object to this request to the extent it requires Plaintiffs to create documents. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request, within a reasonable timeframe, in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 18:** All documents relating to questions or complaints received from voters about SB 1's requirements to provide an identification number on Applications for Ballot By Mail and to provide an identification number on the carrier envelope of a mail ballot.

**RESPONSE**: Plaintiffs object to this request because it seeks the production of "all" documents, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object to this request to the extent it seeks confidential personal information concerning persons who are not parties to this litigation if the confidential information would not be covered by the protective order entered in this case. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that

would be responsive to this request in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 19:** All documents relating to voter assistance, including transportation assistance for curbside voters, and "vote harvesting services" as defined by SB 1, and patterns of requests for voter assistance by race, ethnicity, disability status, or party affiliation during the period from January 1, 2020, to present.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which are not premised on transportation assistance for curbside voters or on racial or ethnic discrimination or partisan affiliation. Plaintiffs object to this request because it seeks the production of "all" documents, which is unduly burdensome and not proportional to the needs of this case. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object to this request to the extent it seeks confidential personal information concerning persons who are not parties to this litigation if the confidential information would not be covered by the protective order entered in this case. Plaintiffs do not bring claims related to curbside voting and do bring any claims premised on racial or ethnic discrimination. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request, within a reasonable timeframe, in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 20:** All documents relating to the demographics of Texas voters; voter turnout by particular demographic groups, including but not limited to, racial or ethnic minorities, persons with limited English proficiency, persons with disabilities, or partisan affiliation; or particular voting practices in Texas.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents not relevant to Plaintiffs' claims, which are not premised on "demographics of Texas voters" or "particular voting practices in Texas" writ large, or on racial or ethnic discrimination or partisan affiliation. Plaintiffs further object to this request because it seeks the production of "all" documents, which is unduly

burdensome and not proportional to the needs of this case. Plaintiffs further object that this request is not limited in time. Plaintiffs further object that the definition of "relating to" is overbroad and unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Plaintiffs further object to this request to the extent it is unreasonably cumulative and duplicative of requests for production number 14 and 15. Plaintiffs further object to this request as overbroad and vague because it does not specify a timeframe, particularly given that SB 1's first predecessor bills were not introduced by the Texas Legislature until March 2021. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches for documents that would be responsive to this request, within a reasonable timeframe, in response to the State Defendants' Requests for Production. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request, from January 1, 2020, to present day, within a reasonable timeframe.

**REQUEST FOR PRODUCTION NO. 21:** All documents identified in response to Intervenor-Defendants' First Set of Interrogatories 6–13.

**RESPONSE**: Plaintiffs incorporate by reference their objections to Interrogatories Nos. 6–13. Plaintiffs also object to this request because the term "identified" is not defined and therefore vague and subject to misinterpretation. Plaintiffs further object to this request to the extent it is not limited in scope and seeks documents duplicative of those already produced in response to State Defendants' Requests for Production and propounded on Intervenor-Defendants. *See* Doc. 437 at 1 (scheduling order stating that Intervenor-Defendants "may conduct additional, but limited, nonduplicative discovery.").

Plaintiffs have already conducted reasonable and diligent searches, in response to the State Defendants' discovery requests, for documents that would be responsive to Intervenor-Defendants' First Set of Interrogatories 6–13. These documents have already been produced to the State Defendants and have been propounded on Intervenor-Defendants. Subject to and without waiving their general and specific objections, and pursuant to their duty to supplement under Federal Rule of Civil Procedure 26(e), Plaintiffs will continue to conduct reasonable and diligent searches for and produce any additional relevant and non-privileged documents responsive to this request within a reasonable timeframe.