Exhibit H

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, | § |
| | § |
| *Plaintiffs*, | § |
| | § |
| v. | § |
| | § Civil Action No. 5:21-CV-0844-XR |
| STATE OF TEXAS, *et al.*, | § (Consolidated Cases) |
| | § |
| *Defendants*. | § |
| | § |
| | § |

## LUPE PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO INTERVENOR-DEFENDANTS' FIRST REQUESTS FOR PRODUCTION

Plaintiffs La Unión Del Pueblo Entero ("LUPE"), Friendship-West Baptist Church ("FRIENDSHIP-WEST"), the Anti-Defamation League Austin, Southwest, and Texoma Regions ("ADL"), Southwest Voter Registration Education Project ("SVREP"), Texas Impact, Mexican American Bar Association of Texas ("MABA-TX"), Texas Hispanics Organized for Political Education ("TEXAS HOPE"), Jolt Action, William C. Velasquez Institute ("WCVI"), FIEL Houston Inc. ("FIEL"), and James Lewin (collectively, "Plaintiffs"), by and through the undersigned counsel, hereby serve their amended responses and objections to Intervenor-Defendants' First Requests for Production, dated September 19, 2022.

## OBJECTIONS TO INTERVENOR-DEFENDANTS' DEFINITIONS AND INSTRUCTIONS

1.  Plaintiffs object to the date and method of production. Plaintiffs will produce documents on a rolling basis and in accordance with the ESI Order entered in this case.

2.  These Responses and Objections reflect the current state of Plaintiffs' knowledge, information, and belief, and documents currently in their care, custody or control, and remain

subject to change or modification based on further discovery of facts or circumstances that may come to their attention. Senate Bill 1 (hereinafter "SB 1") did not take effect until December 2, 2021, and is being implemented during the course of these proceedings. Plaintiffs expressly reserve the right to rely on, at any time, subsequently discovered documents and/or materials that have been produced promptly upon discovery. Plaintiffs further reserve the right to raise any additional objections deemed necessary or appropriate in light of any further review or development of the facts as they pertain to SB 1.

3.      Plaintiffs object to the definitions of "Plaintiff," "you," and "your" as overbroad to the extent that they include any individual purporting to act on the Plaintiffs' behalf that is not reasonably known to Plaintiffs.

4.      Plaintiffs object to the definition of "communication" as overly broad and unduly burdensome to the extent it purports to require Plaintiffs to produce "oral conversations," "telephone calls," "meetings," and "video conferences." Plaintiffs further object to the definition of "communication" as overly broad to the extent it purports to require Plaintiffs to produce "notes" created by an individual that were not shared with another person.

5.      Plaintiffs object to the definition of "document" as unduly burdensome to the extent that it requests that Plaintiffs produce information that is publicly available via social media. Plaintiffs also object to the definition of "document" as unduly burdensome to the extent that it includes "text messages," "Slack messages and channels," and "instant messages" because production of such information would be particularly difficult and time consuming for Plaintiffs and disproportionate to the needs of this case.

6.      Plaintiffs object to the definition of "electronically stored information" on the grounds that it is overbroad and unduly burdensome in directing that the term "ESI" is

"synonymous with the broadest possible meaning of the term," in that it calls for the production of ESI from sources that are not reasonably accessible and where retrieval of such materials would be unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence or from sources that are not reasonably believed to contain unique, non-duplicative information.

7.      Plaintiffs object to Instruction No. 4 as overly broad to the extent that it seeks to impose obligations broader than or different from those required by the applicable rules. Plaintiffs will produce a privilege log consistent with their obligations under federal law, the applicable rules, and any order of this Court.

8.      Plaintiffs will interpret "Texas Legislature" to include current and former members, officers, and staff of the Texas Senate and Texas House of Representatives and any committees or agencies thereof from 2020 to present.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERVENOR-DEFENDANTS' FIRST REQUESTS FOR PRODUCTION

Plaintiffs assert the following specific objections and respond to each request for production as follows:

## REQUEST FOR PRODUCTION NO. 1:

All documents sent to, exchanged with, or reflecting communications with the Texas Legislature relating to SB 1, SB 7, HB 3, or HB 6.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Plaintiffs object to Request for Production No. 1 to the extent that it is duplicative of State Defendants' Requests for Production Nos. 1, 2, 8, and 9. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information

already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to

this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-

Defendants' representation to the court that they "do not intend to engage in duplicative

discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12. In addition,

Plaintiffs object to this request to the extent that it seeks documents or tangible items that are

protected by attorney client privilege, work product privilege, common interest privilege, or First

Amendment privilege ("Protected Information").

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST,

ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to State

Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs will conduct a

reasonable search for and produce additional non-privileged documents that are responsive to

this request, that are in the possession, custody, or control of Plaintiffs, and that have not already

been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP,

TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their

responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs have

conducted a reasonable search for and produced any non-privileged documents that are

responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that

have not already been produced. Plaintiffs will supplement their response when and if additional

non-privileged documents that are responsive to this request and that are in the possession,

custody, or control of Plaintiffs become available.

**REQUEST FOR PRODUCTION NO. 2:**

All documents sent to, exchanged with, or reflecting communications with the Texas
Legislature relating to election administration, voting, election integrity, minority voting rights,

voting accessibility for individuals with a disability, or the conduct of elections from January 1, 2020, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs object to Request for Production No. 2 to the extent that it is duplicative of State Defendants' Requests for Production Nos. 1, 2, 8, and 9. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12.

Plaintiffs object to this request to the extent that it seeks Protected Information. Plaintiffs also object to the term "voting" as vague, ambiguous, and subject to multiple interpretations. In responding to this request, Plaintiffs adopt the definition of voting set out in 52 USC § 10310(c)(1). Plaintiffs do not understand the term "voting" as used in this request to encompass redistricting or voter purges. Plaintiffs further object to the phrase "minority voting rights" as vague, ambiguous, and subject to multiple interpretations. In responding to this request, Plaintiffs adopt the definition of "voting" set out in 52 USC § 10310(c)(1). Plaintiffs do not understand the phrase "minority voting rights" as used in this request to encompass redistricting or voter purges. In addition, Plaintiffs object to the phrase "voting accessibility for individuals with a disability" as vague, ambiguous, and subject to multiple interpretations. In responding to this request, Plaintiffs will provide responsive, non-privileged documents relating to voting practices that ensure voters with disabilities have an equal opportunity to vote as required by the Americans

with Disabilities Act and/or other federal and state laws that protect individuals with disabilities, as those laws pertain to voting and elections.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs will conduct a reasonable search for and produce additional non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced. Plaintiffs will supplement their response when and if additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

**REQUEST FOR PRODUCTION NO. 3:**

All documents sent to, exchanged with, or reflecting communications with the Office of the Texas Governor, the Office of the Texas Attorney General, the Office of the Texas Lieutenant Governor, or the Office of the Texas Secretary of State relating to SB 1, SB 7, HB 3, or HB 6.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiffs object to Request for Production No. 3 to the extent that it is duplicative of State Defendants' Requests for Production Nos. 1, 2, 8, and 9. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because of the

duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12. Plaintiffs also object to this request to the extent that it seeks Protected Information.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs will conduct a reasonable search for and produce additional non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced. Plaintiffs will supplement their response when and if additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

## REQUEST FOR PRODUCTION NO. 4:

All documents sent to, exchanged with, or reflecting communications with the Office of the Texas Governor, the Office of the Texas Attorney General, the Office of the Texas Lieutenant Governor, or the Office of the Texas Secretary of State relating to election

administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections from January 1, 2020, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiffs object to Request for Production No. 4 to the extent that it is duplicative of State Defendants' Requests for Production Nos. 1, 2, 8, and 9. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12.

Plaintiffs object to this request to the extent that it seeks Protected Information. Plaintiffs also object to the term "voting" as vague, ambiguous, and subject to multiple interpretations. In responding to this request, Plaintiffs adopt the definition of voting set out in 52 USC § 10310(c)(1). Plaintiffs do not understand the term "voting" as used in this request to encompass redistricting or voter purges. Plaintiffs further object to the phrase "minority voting rights" as vague, ambiguous, and subject to multiple interpretations. In responding to this request, Plaintiffs adopt the definition of "voting" set out in 52 USC § 10310(c)(1). Plaintiffs do not understand the phrase "minority voting rights" as used in this request to encompass redistricting or voter purges. In addition, Plaintiffs object to the phrase "voting accessibility for individuals with a disability" as vague, ambiguous, and subject to multiple interpretations. In responding to this request, Plaintiffs will provide responsive, non-privileged documents relating to voting practices that ensure voters with disabilities have an equal opportunity to vote as required by the Americans

with Disabilities Act and/or other federal and state laws that protect individuals with disabilities, as those laws pertain to voting and elections.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs will conduct a reasonable search for and produce additional non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced. Plaintiffs will supplement their response when and if additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

**REQUEST FOR PRODUCTION NO. 5:**

All documents sent to, exchanged with, or reflecting communications with the Office of the Elections Administrator of Harris County or the Office of the Elections Administrator of Dallas County relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections from January 1, 2020 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiffs object to Request for Production No. 5 to the extent that it is duplicative of State Defendants' Requests for Production Nos. 1, 2, 3, 8, and 9. Plaintiffs incorporate by

reference all responses and objections to these discovery requests as if set forth herein. Because of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12.

Plaintiffs object to this request to the extent that it seeks Protected Information. Plaintiffs also object to the term "voting" as vague, ambiguous, and subject to multiple interpretations. In responding to this request, Plaintiffs adopt the definition of voting set out in 52 USC § 10310(c)(1). Plaintiffs do not understand the term "voting" as used in this request to encompass redistricting or voter purges. Plaintiffs further object to the phrase "minority voting rights" as vague, ambiguous, and subject to multiple interpretations. In responding to this request, Plaintiffs adopt the definition of "voting" set out in 52 USC § 10310(c)(1). Plaintiffs do not understand the phrase "minority voting rights" as used in this request to encompass redistricting or voter purges. In addition, Plaintiffs object to the phrase "voting accessibility for individuals with a disability" as vague, ambiguous, and subject to multiple interpretations. In responding to this request, Plaintiffs will provide responsive, non-privileged documents relating to voting practices that ensure voters with disabilities have an equal opportunity to vote as required by the Americans with Disabilities Act and/or other federal and state laws that protect individuals with disabilities, as those laws pertain to voting and elections.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs will conduct a

reasonable search for and produce additional non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to the portion of this request relating to the Office of the Elections Administrator of Dallas County that are in the possession, custody, or control of Plaintiffs and that have not already been produced. Plaintiffs will supplement their response when and if additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

### **REQUEST FOR PRODUCTION NO. 6:**

All documents sent to, exchanged with, or reflecting communications with the following organizations, including any of their affiliates or subsidiaries, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants thereof, or other persons or entities acting on their behalf or subject to their control, relating to SB 1, SB 7, HB 3, or HB 6:

    (a) Any other Plaintiff in the above-captioned consolidated cases;
    (b) Any national, state, or local Democratic Party committee or organization;
    (c) Open Society Foundations;
    (d) Priorities USA;
    (e) Progressive Voting Bloc;
    (f) MoveOn.org;
    (g) Fair Fight;
    (h) MOVE Texas;
    (i) EMILY's List;
    (j) Project Vote; and
    (k) Democracy 21.

11

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiffs object to Request for Production No. 6 to the extent that it is duplicative of

State Defendants' Requests for Production Nos. 1, 2, 8, and 9. Plaintiffs incorporate by reference

all responses and objections to these discovery requests as if set forth herein. Because of the

duplicative nature of this request, Plaintiffs object to the extent that it asks for information

already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to

this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-

Defendants' representation to the court that they "do not intend to engage in duplicative

discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12. In addition,

Plaintiffs object to this request to the extent it seeks Protected Information.

Plaintiffs further object to subpart (b) of this request as vague and ambiguous.

Specifically, Plaintiffs object to the phrase "[a]ny national, state, or local Democratic Party

committee or organization" as overly broad to the extent that it includes any individuals or

entities not known by the Plaintiffs to be employed or associated with a national, state, or local

Democratic Party committee or organization - whether that be in the past or present. Plaintiffs

also object on the grounds that this request places an unreasonable and onerous burden on

Plaintiffs to identify "current and former employees, officers, attorneys, agents, trustees,

investigators, representatives, contractors, consultants thereof, or other persons or entities" acting

on the behalf or subject to the control of various organizations and political parties.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST,

ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to State

Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs will conduct a

reasonable search for and produce additional non-privileged documents that are responsive to

this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced. Plaintiffs will supplement their response when and if additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

**REQUEST FOR PRODUCTION NO. 7:**

All documents sent to, exchanged with, or reflecting communications with the following organizations, including any of their affiliates or subsidiaries, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants thereof, or other persons or entities acting on their behalf or subject to their control, relating to election administration, voting, election integrity, or the conduct of elections from January 1, 2020 to present:

(a) Any other Plaintiff in the above-captioned consolidated cases;
(b) Any national, state, or local Democratic Party committee or organization;
(c) Open Society Foundations;
(d) Priorities USA;
(e) Progressive Voting Bloc;
(f) MoveOn.org;
(g) Fair Fight;
(h) MOVE Texas;
(i) EMILY's List;
(j) Project Vote; and
(k) Democracy 21.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiffs object to Request for Production No. 7 to the extent that it is duplicative of State Defendants' Requests for Production Nos. 1, 2, 8, and 9. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12. In addition, Plaintiffs object to this request to the extent it seeks Protected Information.

Plaintiffs also object to the term "voting" as vague, ambiguous, and subject to multiple interpretations. In responding to this request, Plaintiffs adopt the definition of voting set out in 52 USC§ 10310(c)(1). Plaintiffs do not understand the term "voting" as used in this request to encompass materials related to redistricting or voter purges. Plaintiffs further object to subpart (b) of this request as vague and ambiguous. Specifically, Plaintiffs object to the phrase "[a]ny national, state, or local Democratic Party committee or organization" as overly broad to the extent that it includes any individuals or entities not known by the Plaintiffs to be employed or associated with a national, state, or local Democratic Party committee or organization - whether that be in the past or present. Plaintiffs also object on the grounds that this request places an unreasonable and onerous burden on Plaintiffs to identify "current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, consultants thereof, or other persons or entities" acting on the behalf or subject to the control of various organizations and political parties.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs will conduct a reasonable search for and produce additional non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced. Plaintiffs will supplement their response when and if additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

**REQUEST FOR PRODUCTION NO. 8:**

All documents sent to, exchanged with, or reflecting communications with any candidate or potential candidate for elected office in Texas relating to the effects or potential effects of SB 1, SB 7, HB 3, or HB 6.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs object to Request for Production No. 8 to the extent that it is duplicative State Defendants' Requests for Production Nos. 1, 2, 8, and 9. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to

this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12. In addition, Plaintiffs object to this request to the extent that it seeks Protected Information.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs will conduct a reasonable search for and produce additional non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced. Plaintiffs will supplement their response when and if additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

**REQUEST FOR PRODUCTION NO. 9:**

All documents sent to, exchanged with, or reflecting communications with candidates or potential candidates for elected office in Texas relating to election administration, voting, election integrity, minority voting rights, voting accessibility for individuals with a disability, or the conduct of elections during the period from January 1, 2020, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiffs object to Request for Production No. 9 to the extent that it is duplicative of State Defendants' Requests for Production Nos. 1, 2, 8, and 9. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12.

Plaintiffs object to this request to the extent that it seeks Protected Information. Plaintiffs also object to the term "voting" as vague, ambiguous, and subject to multiple interpretations. In responding to this request, Plaintiffs adopt the definition of voting set out in 52 USC § 10310(c)(1). Plaintiffs do not understand the term "voting" as used in this request to encompass redistricting or voter purges. Plaintiffs further object to the phrase "minority voting rights" as vague, ambiguous, and subject to multiple interpretations. In responding to this request, Plaintiffs adopt the definition of "voting" set out in 52 USC § 10310(c)(1). Plaintiffs do not understand the phrase "minority voting rights" as used in this request to encompass redistricting or voter purges. In addition, Plaintiffs object to the phrase "voting accessibility for individuals with a disability" as vague, ambiguous, and subject to multiple interpretations. In responding to this request, Plaintiffs will provide responsive, non-privileged documents relating to voting practices that ensure voters with disabilities have an equal opportunity to vote as required by the Americans with Disabilities Act and/or other federal and state laws that protect individuals with disabilities, as those laws pertain to voting and elections.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs will conduct a reasonable search for and produce additional non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced. Plaintiffs will supplement their response when and if additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

## REQUEST FOR PRODUCTION NO. 10:

All documents relating to the recruitment, retention, and training of election judges, election clerks, and other poll workers in Texas from January 1, 2018, to present, including but not limited to, any training materials or presentations created, used, or disseminated in any way by You.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Plaintiffs object to Request for Production No. 10 to the extent that it is duplicative of State Defendants' Requests for Production Nos. 1, 2, 8, and 9. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to

this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12. Plaintiffs also object to this request to the extent that it seeks Protected Information.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs will conduct a reasonable search for and produce additional non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced. Plaintiffs will supplement their response when and if additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to the recruitment and training of poll watchers in Texas from January 1, 2018, to present, including but not limited to, any training materials or presentations created, used, or disseminated in any way by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiffs object to Request for Production No. 11 to the extent that it is duplicative of State Defendants' Requests for Production Nos. 1, 2, 3, 7, 8, and 9. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12. Plaintiffs also object to this request to the extent that it seeks Protected Information.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 3, 7, 8, and 9. These Plaintiffs will conduct a reasonable search for and produce additional non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 3, 7, 8, and 9. These Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced. Plaintiffs will supplement their response when and if additional

non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to instances of violence, discrimination, harassment, intimidation, or any inappropriate behavior from poll watchers, election judges, election clerks, or other poll workers in Texas from January 1, 2018, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiffs object to Request for Production No. 12 to the extent that it is duplicative of State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, and 13. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12. Plaintiffs also object to this request to the extent that it seeks Protected Information.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, and 13. These Plaintiffs will conduct a reasonable search for and produce additional non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to

responses to State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, and 13. These

Plaintiffs have conducted a reasonable search for and produced any non-privileged documents

that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and

that have not already been produced. Plaintiffs will supplement their response when and if

additional non-privileged documents that are responsive to this request and that are in the

possession, custody, or control of Plaintiffs become available.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to allegations, investigations, and discussions of illegal voting, election fraud, or any kind of criminal conduct in connection with the following methods of voting in Texas during the period from January 1, 2018, to the present:

    (a) Drop box voting;
    (b) Drive-thru voting;
    (c) Extended hour voting;
    (d) Straight-ticket voting;
    (e) Vote-by-mail;
    (f) Early voting;
    (g) Curbside voting;
    (h) Voter assistance, including transportation assistance for curbside voters; or
    (i) "Vote harvesting services," as defined by SB 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiffs object to Request for Production No. 13 to the extent that it seeks Protected

Information. Plaintiffs further object to subpart (i) of this request to the extent that it seeks

information that would be privileged under the Fifth Amendment.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST,

ADL, TEXAS IMPACT, and JAMES LEWIN have not identified responsive non-privileged

documents at this time, but will supplement their response when and if non-privileged documents

that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced. Plaintiffs will supplement their response when and if additional responsive, non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to the impact or potential impact of SB 1, SB 7, HB 3, or HB 6 on demographic groups, including but not limited to, racial or ethnic minorities, persons with disabilities, persons with limited English proficiency, or partisan affiliation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiffs object to Request for Production No. 14 to the extent that it is duplicative of State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12. In addition, Plaintiffs object to this request to the extent that it seeks Protected Information.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. These Plaintiffs will conduct a reasonable search for and produce additional non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. These Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced. Plaintiffs will supplement their response when and if additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to usage of the following methods of voting in Texas by demographic groups, including but not limited to, racial or ethnic minorities, persons with limited English proficiency, persons with disabilities, or partisan affiliation, during the period from January 1, 2020, to present:

(a) Drop box voting;
(b) Drive-thru voting;
(c) Extended hour voting;
(d) Straight-ticket voting;
(e) Vote-by-mail;
(f) Early voting;
(g) Curbside voting;
(h) Voter assistance, including transportation assistance for curbside voters; or
(i) "Vote harvesting services," as defined by SB 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiffs object to Request for Production No. 15 to the extent that it is duplicative of State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12. Plaintiffs also object to this request to the extent that it seeks Protected Information.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. These Plaintiffs will conduct a reasonable search for and produce additional non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. These Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced. Plaintiffs will supplement their response when and if

additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

**REQUEST FOR PRODUCTION NO. 16:**

All documents relating to the impact or potential impact of SB 1, SB 7, HB 3, or HB 6 on residents of the following counties:
(a) Bexar County;
(b) Dallas County;
(c) Harris County;
(d) El Paso County;
(e) Hidalgo County; or
(f) Travis County.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiffs object to Request for Production No. 16 to the extent that it is duplicative of Intervenor-Defendants' Requests for Production Nos. 17, 19, and 20 and State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12. Plaintiffs also object to this request to the extent that it seeks Protected Information.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to Intervenor-Defendants' Requests for Production Nos. 17, 19, and 20 and State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. These Plaintiffs will conduct a

reasonable search for and produce additional non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. These Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced. Plaintiffs will supplement their response when and if additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

**REQUEST FOR PRODUCTION NO. 17:**

All documents, including but not limited to communications, relating to the number or proportion of Texas residents, Texas citizens of voting age, or Texas registered voters who have or who lack a Texas Driver's License, a Texas Election Identification Certificate, a Texas Personal Identification Card, or a Social Security Number, including patterns by race, ethnicity, disability status, or party affiliation from January 1, 2020, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiffs object to Request for Production No. 17 to the extent that it is duplicative of Intervenor-Defendants' Requests for Production Nos. 16, 19, and 20 and State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-

Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12. Plaintiffs also object to this request to the extent that it seeks Protected Information.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to Intervenor-Defendants' Requests for Production Nos. 16, 19, and 20 and State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. These Plaintiffs will conduct a reasonable search for and produce additional non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. These Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request, that are in the possession, custody, or control of Plaintiffs, and that have not already been produced. Plaintiffs will supplement their response when and if additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

## REQUEST FOR PRODUCTION NO. 18:

All documents relating to questions or complaints received from voters about SB 1's requirements to provide an identification number on Applications for Ballot By Mail and to provide an identification number on the carrier envelope of a mail ballot.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Plaintiffs object to Request for Production No. 18 to the extent that it is duplicative of State Defendants' Requests for Production Nos. 1, 2, 8, and 9. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12. In addition, Plaintiffs object to this request to the extent that it seeks Protected Information.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs will conduct a reasonable search for and produce additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, and 9. These Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request that are in the possession, custody, or control of Plaintiffs and that have not already been produced. Plaintiffs will supplement their response when and if additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

**REQUEST FOR PRODUCTION NO. 19:**

All documents relating to voter assistance, including transportation assistance for curbside voters, and "vote harvesting services" as defined by SB 1, and patterns of requests for voter assistance by race, ethnicity, disability status, or party affiliation during the period from January 1, 2020, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiffs object to Request for Production No. 19 to the extent that it is duplicative of Intervenor-Defendants' Requests for Production Nos. 16, 17, and 20 and State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12. Plaintiffs also object to this request to the extent that it seeks Protected Information.

Plaintiffs further object to this request on the grounds that it is overly broad and unduly burdensome. Although Plaintiffs propounded a similar request on Intervenor-Defendants, Plaintiffs maintain that the burden on Plaintiffs in searching for documents relating to "voter assistance" from each respective organization is substantial, and significantly greater than the burden on Intervenor-Defendants because of the nature of Plaintiffs. Plaintiffs are membership and community-based organizations (many of whom represent the interests of Latino and Black Texans), churches and other faith-based groups, and a Texan who has served as an election judge and intends to serve again, and voter assistance is a key part of the mission of organizational Plaintiffs LUPE, SVREP, JOLT ACTION, WCVI, and FIEL. This request for documents

relating to "voter assistance" would be overly broad and unduly burdensome on these organizational Plaintiffs. Intervenor-Defendants, on the other hand, would be likely to have a more limited number of documents "relating to voter assistance" than Plaintiffs, as "voter assistance" is not a key part of their mission.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to Intervenor-Defendants' Requests for Production Nos. 16, 17, and 20 and State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. These Plaintiffs will conduct a reasonable search for and produce additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. These Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request that are in the possession, custody, or control of Plaintiffs and that have not already been produced. Plaintiffs will supplement their response when and if additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

**REQUEST FOR PRODUCTION NO. 20:**

All documents relating to the demographics of Texas voters; voter turnout by particular demographic groups, including but not limited to, racial or ethnic minorities, persons with limited English proficiency, persons with disabilities, or partisan affiliation; or particular voting practices in Texas.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiffs object to Request for Production No. 20 to the extent that it is duplicative of Intervenor-Defendants' Requests for Production Nos. 16, 17, and 19 and State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. Plaintiffs further object to this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12. In addition, Plaintiffs object to this request to the extent that it seeks Protected Information.

Plaintiffs further object to this request to the extent that it asks for documents related to Texas 2021 redistricting and will understand this request to exclude redistricting-related documents. In addition, Plaintiffs object to this request on the grounds that it is overly broad and does not seek discovery relevant or proportional to the claims in this action to the extent that it does not include any reasonable time period for the documents requested or specify any relevant custodians. Although Plaintiffs propounded a similar request on Intervenor-Defendants, Plaintiffs maintain that the burden on Plaintiffs in searching for documents that are responsive to this request would be substantial, and significantly greater than the burden on Intervenor-Defendants, as Plaintiffs are membership and community-based organizations, churches and other faith-based groups, and a Texan who has served as an election judge and intends to serve again. In responding to this request, Plaintiffs will treat the relevant time period as January 1, 2020, through the present.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN respond by referring to their responses to Intervenor-Defendants' Requests for Production Nos. 16, 17, and 19 and State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. These Plaintiffs will conduct a reasonable search for and produce additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, 12, 13, and 15. These Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request that are in the possession, custody, or control of Plaintiffs and that have not already been produced. Plaintiffs will supplement their response when and if additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

## REQUEST FOR PRODUCTION NO. 21:

All documents identified in response to Intervenor-Defendants' First Set of Interrogatories 6-13.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Plaintiffs object to Request for Production No. 21 for the reasons stated in their responses to Intervenor-Defendants' Interrogatories Nos. 6-13. Plaintiffs further object to this request to the extent that it is duplicative of Intervenor-Defendants' Request for Production No. 12 and State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, and 13. Plaintiffs incorporate by reference all responses and objections to these discovery requests as if set forth herein. Because

of the duplicative nature of this request, Plaintiffs object to the extent that it asks for information already within Intervenor-Defendants' possession, custody, or control. In addition, Plaintiffs object to this request on the grounds that it is unduly burdensome and inconsistent with Intervenor-Defendants' representation to the court that they "do not intend to engage in duplicative discovery." *See* Republican Committees' Partially Opposed Mot. to Intervene 12. Plaintiffs also object to this request to the extent that it seeks Protected Information. Plaintiffs also  object to this request to the extent that it seeks Protected Information.

Subject to and without waiving the foregoing objections, Plaintiffs respond to this request by referring to their responses to Intervenor-Defendants' Interrogatories Nos. Interrogatories 6-13, specifically the objections and interpretations set forth therein.

Subject to and without waiving the foregoing objections, Plaintiffs FRIENDSHIP-WEST, ADL, TEXAS IMPACT, and JAMES LEWIN further respond to this request by referring to their responses to State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, and 13. These Plaintiffs will conduct a reasonable search for and produce additional non-privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs and that have not already been produced, if any.

Subject to and without waiving the foregoing objections, Plaintiffs LUPE, SVREP, TEXAS HOPE, JOLT ACTION, WCVI, MABA-TX, and FIEL respond by referring to responses to State Defendants' Requests for Production Nos. 1, 2, 8, 9, 11, and 13. Plaintiffs have conducted a reasonable search for and produced any non-privileged documents that are responsive to this request that are in the possession, custody, or control of Plaintiffs and that have not already been produced. Plaintiffs will supplement their response when and if additional non-

privileged documents that are responsive to this request and that are in the possession, custody, or control of Plaintiffs become available.

Dated November 1, 2022

Respectfully submitted,

_____/s/ Nina Perales_____
Nina Perales (Tex. Bar No. 24005046)
Julia R. Longoria (Tex. Bar No. 24070166)
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210) 224-5382
nperales@maldef.org
jlongoria@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Jason S. Kanterman*
Kevin Zhen*
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
jason.kanterman@friedfrank.com
kevin.zhen@friedfrank.com

*Attorneys for Plaintiffs*
LA UNIÓN DEL PUEBLO ENTERO,
SOUTHWEST VOTER REGISTRATION
EDUCATION PROJECT, MEXICAN
AMERICAN BAR ASSOCIATION OF
TEXAS, TEXAS HISPANICS
ORGANIZED FOR POLITICAL
EDUCATION, JOLT ACTION,
WILLIAM C. VELASQUEZ INSTITUTE,
FIEL HOUSTON INC.

* Admitted *pro hac vice*

_____/s/ Sean Morales-Doyle_____
Sean Morales-Doyle (NY Bar No. 5646641)
Patrick A. Berry* (NY Bar No. 5723135)
Jasleen K. Singh* (Cal. Bar No. 316596)
Eliza Sweren-Becker* (NY Bar No. 5424403)
Andrew B. Garber* (NY Bar No. 5684147)
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
Telephone: (646) 292-8310
Facsimile: (212) 463-7308
sean.morales-doyle@nyu.edu
patrick.berry@nyu.edu
jasleen.singh@nyu.edu
eliza.sweren-becker@nyu.edu
andrew.garber@nyu.edu

Paul R. Genender (Tex. Bar No. 00790758)
Elizabeth Y. Ryan (Tex. Bar No. 24067758)
Matthew Berde* (Tex. Bar No. 24094379)
Megan Cloud (Tex. Bar No. 24116207)
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
paul.genender@weil.com
liz.ryan@weil.com
matt.berde@weil.com
megan.cloud@weil.com

*Attorneys for Plaintiffs*
FRIENDSHIP-WEST BAPTIST CHURCH,
ANTI-DEFAMATION LEAGUE AUSTIN,
SOUTHWEST, AND TEXOMA REGIONS,
TEXAS IMPACT, JAMES LEWIN

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2022, the foregoing document was served via e-mail to all counsel of record.

*/s/ Patrick Berry*                                              
Patrick Berry