# Exhibit N

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

La Unión Del Pueblo Entero, *et al.*,

        *Plaintiffs*,

v.

Gregory W. Abbott, *et al.*,

        *Defendants*.

No. 5:21-cv-00844-XR
(Consolidated Cases)

**<u>DECLARATION OF ANDREW SEXTON</u>**

I, Andrew Sexton, declare as follows:

1.      I am a resident of Scottsdale, Arizona.  I am competent to provide the information in this declaration, and I have personal knowledge of all facts set forth herein.

2.      I am the Regional Political Director of the Republican National Committee ("RNC").  I have held this position since March 1, 2021.  I have more than 10 years of experience working and volunteering in national politics.

3.      The RNC is the national committee of the Republican Party as defined by 52 U.S.C. § 30101(14).  The RNC manages the Republican Party's business at a national level, including development and promotion of the Party's national platform and fundraising and election strategies.

4.      One of the public policy positions the RNC promotes is election integrity.  The RNC believes in free, fair, and transparent elections so that all Americans have confidence in the integrity of our elections.

1

5.      In furtherance of its mission, the RNC supports Republican candidates for public office at all levels across the country, including those on the ballot in Texas; and assists state and local parties throughout the country, including in Texas, to educate, mobilize, assist, and turn out Republican voters, candidates, volunteers, and poll watchers. The RNC has made significant contributions and expenditures in support of Republican candidates up and down the ballot and in mobilizing voters and volunteers in Texas in the past many election cycles and is doing so again for the 2022 election cycle.

6.      The RNC and its officers, staff, consultants, and volunteers rely on frequent confidential communications to further the mission of the RNC.  These communications concern a wide variety of topics related to the RNC's mission, including candidate recruitment, volunteer recruitment and training, campaign strategy and messaging, get-out-the-vote efforts, and electoral and public policy advocacy.  The RNC and its officers, staff, consultants, and volunteers engage in such communications internally and with other organizations to promote shared political goals.

7.      The RNC has received discovery requests from the plaintiffs in connection with the above-captioned matter.   The discovery requests include requests for production, interrogatories, and notice of a 30(b)(6) deposition.  The plaintiffs have also stated they are serving deposition subpoenas on two individuals associated with the RNC, Melissa Conway and Byron Fisher.

8.      The requests for production seek documents and communications related to the RNC's political activities.  The RFPs included requests for communications with Texas state and county officials regarding SB 1, other election-related bills that never became law, and election administration issues generally.  The RFPs also included requests for communications with the RNC's third-party political allies and with its own unidentified "candidates" or "potential

candidates" for elected office in Texas regarding the same subjects.  Plaintiffs further sought a variety of internal documents and communications, including:

- Documents and communications regarding recruiting, retention, and training of poll watchers and poll workers (RFPs 8–9);

- Documents and communications regarding alleged "inappropriate" or "criminal" behavior of poll watchers or poll workers (RFP 10);

- Documents and communications regarding illegal voting, voter fraud, or criminal conduct in connection with certain methods of voting (RFP 13);

- Documents and communications regarding the potential impact of SB 1 on various demographic groups and Texas counties (RFPs 14, 16);

- Documents and communications regarding various demographic groups' use of certain methods of voting (RFP 15);

- Documents and communications regarding mail-ballot identification requirements (RFPs 17–18);

- Documents and communications regarding voter assistance (RFP 19); and

- Documents and communications regarding Texas demographics, voter turnout by various demographic groups, and "particular voting practices in Texas" (RFP 20).

The RFPs generally seek documents going back to either January 1, 2018, or January 1, 2020.

9.    The requested materials encompass a substantial amount of documents and communications related to the RNC's core political activities.  The requested materials contain candid opinions and advice from the RNC's officers, staff, consultants, and volunteers regarding the formulation of strategy and messaging related to campaigns and policy issues; documents regarding the allocation of resources for campaign expenditures and get-out-the-vote activities; drafts of press releases and other communications; documents regarding the recruitment of candidates; documents regarding the recruitment and training of volunteers; communications regarding media outreach and information for reporters; and discussions of current events and political developments, including SB 1 and other election-related legislation.

3

10.     The disclosure of the requested materials would have a significant chilling effect on the RNC's political activities, the willingness of individuals to work with the RNC and participate in its activities, and the efficacy of the RNC's campaign strategies, tactics, and volunteer recruitment.

11.     To begin, disclosure of the requested materials would significantly hinder the free flow of information and candid communication amongst the RNC and its officers, staff, consultants, candidates, and volunteers.  I expect that internal communications will remain confidential, and I know that other officers, staff, consultants, candidates, and volunteers have the same expectation.  Such confidentiality is critical to the RNC's mission because it ensures that its officers, staff, consultants, candidates, and volunteers are free to discuss their candid views on sensitive topics and thus determine the most suitable strategies to advance the RNC's goals.  But compelled disclosure would undermine candor and open communication going forward.  I would be more hesitant to offer candid views and advice on advocacy strategy and messaging and would sometimes refrain entirely from offering my views and advice if I believed that my communications might be disclosed in future litigation over which I have no control.  Likewise, many current and future officers, staff, consultants, and volunteers of the RNC would be more cautious and less candid with respect to their views and advice if they believed that their views and advice might be disclosed.  In addition, based on my conversations with various outside organizations with whom the RNC discusses shared political goals, I know that they, too, would be more likely to hesitate or even decline to offer candid views on sensitive topics if they believed that their views would be disclosed.

12.     Disclosure of the requested materials would harm the RNC's efforts to attract and retain active members and volunteers, because such individuals would reasonably fear that their

identities and confidential communications would likewise be disclosed in future litigation over which they have no control. These confidential communications relate to sensitive election-related topics, and members and volunteers reasonably believed that these communications would remain confidential.

13.     Disclosure of the requested materials would undermine the efficacy of the RNC's political activities by publicly revealing its confidential strategies and tactics. The requested materials include confidential discussions regarding the formulation of strategy and messaging related to campaign and advocacy activities as well as documents regarding the allocation of resources for campaign activities, get-out-the-vote activities, and grassroots volunteer recruitment. The public disclosure of such materials will undermine the effectiveness of the RNC's political strategies and tactics in the future.

14.     In addition to the chilling effect on the RNC's political activities, the breadth of the document requests impose a significant burden on the RNC. The document requests seek documents and communications regarding such broad topics as "voting," "election administration," "Texas demographics," "voter turnout," and "voting practices in Texas." Collecting, reviewing, and producing such documents are time-consuming and expensive. The burden is even more severe because the RNC is fully engaged in campaign activities ahead of the November 8, 2022 general election across the country. Plaintiffs have added to this burden by insisting on a production of documents by November 10, 2022, just two days after the general election.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: October 31, 2022

_Andrew F. Sexton_

Andrew Sexton
Regional Political Director
Republican National Committee