# Exhibit P

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

La Unión Del Pueblo Entero, *et al.*,

      *Plaintiffs*,

v.

Gregory W. Abbott, *et al.*,

      *Defendants*.

No. 5:21-cv-00844-XR
(Consolidated Cases)

## DECLARATION OF DAVID JOHNSTON

I, David Johnston, declare as follows:

1. I am a resident of Alexandria, Virginia. I am competent to provide the information in this declaration, and I have personal knowledge of all facts set forth herein.

2. I am a Regional Political Director at the National Republican Congressional Committee ("NRCC") and my region includes the state of Texas. I have held this position since 2019. I have 10 years of experience working and volunteering in national politics.

3. The NRCC is the national congressional committee of the Republican Party as defined by 52 U.S.C. § 30101(14). Its mission is to elect Republican candidates to the U.S. House of Representatives from across the United States, including from Texas.

4. One of the public policy positions the NRCC promotes is election integrity. The NRCC believes in free, fair, and transparent elections so that all Americans have confidence in the integrity of our elections.

5. The NRCC works to accomplish its mission by providing direct and indirect financial contributions and support to candidates and other Republican Party organizations;

1

providing technical and research assistance to Republican candidates and party organizations; engaging in voter registration, voter education, and voter turnout programs; and conducting other Republican party-building activities, including funding recruiting, education, and support activities for poll watchers. The NRCC has made significant contributions and expenditures in support of Republican congressional candidates in Texas in many past election cycles and is doing so again in 2022.

6.      The NRCC and its officers, staff, consultants, and volunteers rely on frequent confidential communications to further the mission of the NRCC. These communications concern a wide variety of topics related to the NRCC's mission, including candidate recruitment, volunteer recruitment and training, campaign strategy and messaging, get-out-the-vote efforts, and electoral and public policy advocacy. The NRCC and its officers, staff, consultants, and volunteers engage in such communications internally and with other organizations to promote shared political goals.

7.      The NRCC has received discovery requests from the plaintiffs in connection with the above-captioned matter.   The discovery requests include requests for production and interrogatories.

8.      The requests for production seek documents and communications related to the NRCC's political activities. The RFPs included requests for communications with Texas state and county officials regarding SB 1, other election-related bills that never became law, and election administration issues generally. The RFPs also included requests for communications with the NRCC's third-party political allies and with its own unidentified "candidates" or "potential candidates" for elected office in Texas regarding the same subjects.  Plaintiffs further sought a variety of internal documents and communications, including:

- Documents and communications regarding recruiting, retention, and training of poll watchers and poll workers (RFPs 8–9);

2

- Documents and communications regarding alleged "inappropriate" or "criminal" behavior of poll watchers or poll workers (RFP 10);

- Documents and communications regarding illegal voting, voter fraud, or criminal conduct in connection with certain methods of voting (RFP 13);

- Documents and communications regarding the potential impact of SB 1 on various demographic groups and Texas counties (RFPs 14, 16);

- Documents and communications regarding various demographic groups' use of certain methods of voting (RFP 15);

- Documents and communications regarding mail-ballot identification requirements (RFPs 17–18);

- Documents and communications regarding voter assistance (RFP 19); and

- Documents and communications regarding Texas demographics, voter turnout by various demographic groups, and "particular voting practices in Texas" (RFP 20).

The RFPs generally seek documents going back to either January 1, 2018, or January 1, 2020.

9.      The requested materials encompass a substantial amount of documents and communications related to the NRCC's core political activities. The requested materials contain candid opinions and advice from the NRCC's officers, staff, consultants, and volunteers regarding the formulation of strategy and messaging related to campaigns and policy issues; documents regarding the allocation of resources for campaign expenditures and get-out-the-vote activities; drafts of press releases and other communications; documents regarding the recruitment of candidates; documents regarding the recruitment and training of volunteers; communications regarding media outreach and information for reporters; and discussions of current events and political developments, including SB 1 and other election-related legislation.

10.     The disclosure of the requested materials would have a significant chilling effect on the NRCC's political activities, the willingness of individuals to work with NRCC and

3

Case 5:21-cv-00844-XR   Document

participate in its activities, and the efficacy of the NRCC's campaign strategies, tactics, and volunteer recruitment.

11.      To begin, disclosure of the requested materials would significantly hinder the free flow of information and candid communication amongst the NRCC and its officers, staff, consultants, candidates, and volunteers. I expect that internal communications will remain confidential, and I know that other officers, staff, consultants, candidates, and volunteers have the same expectation. Such confidentiality is critical to the NRCC's mission because it ensures that its officers, staff, consultants, candidates, and volunteers are free to discuss their candid views on sensitive topics and thus determine the most suitable strategies to advance the NRCC's goals. But compelled disclosure would undermine candor and open communication going forward. I would be more hesitant to offer candid views and advice on advocacy strategy and messaging and would sometimes refrain entirely from offering my views and advice if I believed that my communications might be disclosed in future litigation over which I have no control. Likewise, many current and future officers, staff, consultants, and volunteers of the NRCC would be more cautious and less candid with respect to their views and advice if they believed that their views and advice might be disclosed. In addition, based on my conversations with various outside organizations with whom the NRCC discusses shared political goals, I know that they, too, would be more likely to hesitate or even decline to offer candid views on sensitive topics if they believed that their views would be disclosed.

12.      Disclosure of the requested materials would harm the NRCC's efforts to attract and retain active members and volunteers, because such individuals would reasonably fear that their identities and confidential communications would likewise be disclosed in future litigation over which they have no control. These confidential communications relate to sensitive election-

4

related topics, and members and volunteers reasonably believed that these communications would remain confidential.

13.     Disclosure of the requested materials would undermine the efficacy of the NRCC's political activities by publicly revealing its confidential strategies and tactics.   The requested materials include confidential discussions regarding the formulation of strategy and messaging related to campaign and advocacy activities as well as documents regarding the allocation of resources for campaign activities, get-out-the-vote activities, and grassroots volunteer recruitment.   The public disclosure of such materials will undermine the effectiveness of the NRCC's political strategies and tactics in the future.

14.     In addition to the chilling effect on the NRCC's political activities, the breadth of the document requests impose a significant burden on the NRCC. The document requests seek documents and communications regarding such broad topics as "voting," "election administration," "Texas demographics," "voter turnout," and "voting practices in Texas." Collecting, reviewing, and producing such documents are time-consuming and expensive. The burden is even more severe because the NRCC is fully engaged in campaign activities ahead of the November 8, 2022 general election across the country. Plaintiffs have added to this burden by insisting on a production of documents by November 10, 2022, just two days after the general election.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: October 31, 2022

David Johnston