IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 5:21-cv-0844-XR |
| STATE OF TEXAS, et al., | § § | (Consolidated Cases) |
| Defendants. | § § | |

**LUPE, HAUL, MFV, AND LULAC PLAINTIFFS' SUPPLEMENTAL BRIEF ON THE APPLICATION OF THE FIRST AMENDMENT PRIVILEGE TO DEPOSITIONS**

The LUPE, HAUL, MFV, and LULAC Plaintiffs (collectively, "Private Plaintiffs") have moved the Court to clarify that any deposition of a Defendant Intervenor witness that is limited to the time period before the November 8, 2022 General Election will not count against the 10 deposition limit related to the General Election. *See* ECF No. 437 at 1; ECF No. 469 at 9–10; *see also* ECF No. 474. At oral argument on November 14, 2022, the Court invited the Private Plaintiffs to file a supplemental brief discussing the application of the First Amendment privilege to deposition testimony of Defendant Intervenors' witnesses.

Private Plaintiffs propose a limited protective order that would allow for any deposition answer for which the First Amendment privilege is claimed to be held under seal for two weeks, providing Defendant Intervenors with time to file a motion to keep the seal in place. To avoid prejudice to Defendant Intervenors, Private Plaintiffs agree to defer taking depositions of Defendant Intervenors' witnesses until after written discovery. Private Plaintiffs' proposal would allow the Court to defer ruling on the substantive scope of the privilege until after written discovery has taken place and Defendant Intervenors have properly invoked the First Amendment with

respect to specific documents and deposition topics, rather than addressing the contours of the First Amendment privilege in the abstract. Private Plaintiffs will incorporate any rulings of this Court with respect to document discovery and the First Amendment privilege into both their proposed topics for depositions taken of Defendant Intervenors' Rule 30(b)(6) witnesses as well as Private Plaintiffs' questioning in depositions. Private Plaintiffs' proposal ensures that any testimony that is protected by the First Amendment privilege is not made public, which "may mitigate the chilling effect" of any disclosure. *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 n.6 (9th Cir. 2010).

As an initial matter, and as argued at the hearing, Private Plaintiffs maintain that any assertions of First Amendment privilege with respect to document discovery should be evaluated by the Court on a document-by-document basis and after production of a privilege log by the responding party. ECF No. 437 at 7–8; ECF No. 475 at 12–13. Defendant Intervenors affirmatively chose to intervene as defendants in this case, and by doing so, they took on all of the discovery obligations that come with that status. But rather than meeting their discovery obligations, Defendant Intervenors argued that "compelled disclosure of Intervenor Defendants' internal documents and information would chill the exercise of their First Amendment Rights." ECF No. 471 at 20–27. But Defendant Intervenors never provided a privilege log or specified which documents were purportedly protected from disclosure by the First Amendment. As the Court recognized at the November 15 hearing, Private Plaintiffs and the Court cannot evaluate Defendant Intervenors' First Amendment privilege claims in the abstract. Indeed, it is well-settled that "federal courts do not adjudicate hypothetical or abstract disputes" under Article III. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Defendant Intervenors must invoke the First Amendment privilege with respect to specific documents or categories of documents in accordance with the Federal Rules of Civil Procedure and applicable law before the parties and the Court can

assess whether the privilege applies to those documents. Private Plaintiffs urge the Court not to address the applicability of the First Amendment privilege to those documents until after Defendant Intervenors have raised proper objections accompanied by a privilege log.

Private Plaintiffs propose much the same approach with respect to depositions. Because Private Plaintiffs plan to take depositions related to Defendant Intervenors after receiving document production, many, if not all, of the First Amendment privilege disputes will already be resolved by the Court. To the extent the Court rules that any documents are protected under the First Amendment after Defendant Intervenors properly invoke the privilege, Private Plaintiffs will be unable to rely on those protected documents during depositions, potentially obviating the need for any ruling on whether any deposition testimony is privileged. For this reason, Private Plaintiffs do not anticipate many First Amendment privilege objections in the depositions of Defendant Intervenors and related witnesses.

At oral argument, Defendant Intervenors posited that the Ninth Circuit's decision in *Perry*, 591 F.3d 1147, vindicates their First Amendment claims of privilege concerning the deposition testimony of their witnesses. On the contrary, the weight of this authority tips in Private Plaintiffs' favor. In evaluating claims of associational privilege in the discovery context, the Ninth Circuit applied a burden-shifting analysis. *Perry* holds that first, the party asserting the privilege must make a prima facie showing that the privilege applies. *Id.* at 1160. To make this showing, the party invoking the privilege must demonstrate an objectively reasonable probability that compelled disclosure will chill associational rights such that disclosure will deter membership due to fears of threats, harassment, or reprisal from either government officials or private parties that may affect members' physical well-being, political activities, or economic interests. *Id.*

Here, Defendant Intervenors cannot establish, and this Court cannot evaluate, whether the First Amendment privilege applies to the deposition testimony of Defendant Intervenors' witnesses without knowing the anticipated scope of the testimony, the topics that will be discussed, or the documents the parties will rely on in the depositions. *See, e.g.*, *Han v. Fin. Supervisory Serv.*, No. 17-CV-4383, 2017 WL 7689223, at *5 (S.D.N.Y. Oct. 6, 2017) (citations omitted) ("[T]he federal courts frequently invoke the advisory opinion rule when declining to provide advance decisions as to discovery or evidentiary disputes which are not yet ripe and which therefore lack the 'clear concreteness provided when a question emerges precisely framed and necessary for decision.'"); *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 121 (D. Nev. 1993) (discovery disputes regarding privilege are not ripe until the withholding party has produced a privilege log). That information is not yet available because Defendant Intervenors have refused to produce any documents or information in this case and Defendant Intervenors have not yet objected to the topics in Private Plaintiffs' Rule 30(b)(6) deposition notices that were served October 21, 2022.

The scope of any deposition testimony, and the extent to which that testimony would potentially chill associational rights, and therefore be shielded by the First Amendment, can only be assessed after documents have been identified and produced. Private Plaintiffs' position is consistent with a proper reading of *Perry* and Rule 26(b)(5) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26 (b)(5) (stating that the withholding party "must describe the nature of the documents, communications, or things not produced or disclosed, such that, without revealing the privileged or protected information itself, the description will enable other parties to assess the applicability of the privilege or protection").

In light of these threshold issues, Private Plaintiffs respectfully request that the Court defer ruling on the application of the First Amendment privilege to potential Defendant Intervenor depositions until after written discovery has taken place and Defendant Intervenors have properly invoked the privilege. To avoid prejudice to Defendant Intervenors, Private Plaintiffs agree to defer taking depositions of Defendant Intervenors' witnesses until after written discovery has taken place. Private Plaintiffs also propose a limited protective order that would allow for any deposition answer for which privilege is claimed to be held under seal for two weeks, which will give Defendant Intervenors time to file a motion to keep the seal in place.

/s/ *Nina Perales*
Nina Perales
Julia R. Longoria
Fatima Menendez
*MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND*
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210 224-5382
nperales@maldef.org
jlongoria@maldef.org
fmenendez@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Jason S. Kanterman*
Kevin Zhen*
*FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP*
One New York Plaza
New York, New York 10004
Telephone:  (212) 859-8000
Facsimile: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
jason.kanterman@friedfrank.com
kevin.zhen@friedfrank.com
* Admitted pro hac vice

**Attorneys for Plaintiffs:**
*LA UNIÓN DEL PUEBLO ENTERO*
*SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT*
*MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS*
*TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION*
*JOLT ACTION*
*WILLIAM C. VELASQUEZ INSTITUTE*
*FIEL HOUSTON INC*.

/s/ *Sean Morales-Doyle*
Sean Morales-Doyle
Eliza Sweren-Becker*
Patrick A. Berry*
Andrew B. Garber*
Jasleen K. Singh*
*BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW*
120 Broadway, Suite 1750
New York, NY 10271
Telephone: (646) 292-8310
Facsimile: (212) 463-7308
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu
patrick.berry@nyu.edu
andrew.garber@nyu.edu
jasleen.singh@nyu.edu
* Admitted pro hac vice

Paul R. Genender
Texas State Bar No. 00790758
Elizabeth Y. Ryan
Texas State Bar No. 24067758
Megan Cloud
Texas State Bar No. 24116207
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
Liz.Ryan@weil.com
Paul.Genender@weil.com
Megan.Cloud@weil.com

**Attorneys for Plaintiffs:**
*FRIENDSHIP-WEST BAPTIST CHURCH*
*ANTI-DEFAMATION LEAGUE AUSTIN, SOUTHWEST, AND TEXOMA REGIONS*
*TEXAS IMPACT*
*JAMES LEWIN*

 /s/ *Jennifer Holmes*
Kenneth E. Broughton
Texas Bar No. 03087250

6

kbroughton@reedsmith.com
J. Keely Dulaney*
Texas Bar No. 24116306
kdulaney@reedsmith.com
*REED SMITH LLP*
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899

Sarah Cummings Stewart
Texas Bar No. 24094609
*REED SMITH LLP*
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
sarah.stewart@reedsmith.com

Danielle Ahlrich
Texas Bar No. 24059215
401 Congress Avenue, Suite 1800
Austin, TX 78701
Telephone: (512) 623-1777
dahlrich@reedsmith.com

Kathryn Sadasivan*
Amir Badat*
*NAACP Legal Defense and Educational Fund, Inc.*
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592
ksadasivan@naacpldf.org
abadat@naacpldf.org

Jennifer A. Holmes*
*NAACP Legal Defense and Educational Fund, Inc.*
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 682-1300
Facsimile: (202) 682-1312
jholmes@naacpldf.org

Shira Wakschlag*
*The Arc of the United States, Inc.*
1825 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: (202) 534-3708
Facsimile: (202) 534-3731
Wakschlag@thearc.org

**Counsel for Plaintiffs:
HOUSTON AREA
URBAN LEAGUE; DELTA SIGMA THETA
SORORITY, INC.; THE ARC OF TEXAS; AND
JEFFREY LAMAR CLEMMONS**

Wendy J. Olson*
Laura E. Rosenbaum*
Elijah Watkins*
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480
Sean Lyons
State Bar No. 00792280
Sean@lyonsandlyons.com
Clem Lyons
State Bar No. 12742000
Clem@lyonsandlyons.com
*LYONS & LYONS, P.C.*
237 W. Travis Street, Suite 100
San Antonio, Texas 78205
Telephone: (210) 225-5251
Telefax: (210) 225-6545

Courtney Hostetler*
Ron Fein*
John Bonifaz*
Ben Clements*
*FREE SPEECH FOR PEOPLE*
1320 Centre Street, Suite 405
Newton, MA 02459
(617) 249-3015
chostetler@freespeechforpeople.org

rfein@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org

***Attorneys for Plaintiffs:***
***MI FAMILIA VOTA,***
***MARLA LÓPEZ, MARLON LÓPEZ,***
***AND PAUL***
***RUTLEDGE***
* Admitted pro hac vice

/s/Uzoma N. Nkwonta
Uzoma N. Nkwonta*
Christopher D. Dodge*
Graham W. White*
Noah B. Baron*
Michael B. Jones*
Elena Rodriguez Armenta*
Daniela Lorenzo*
Marcos Mocine-McQueen*
*ELIAS LAW GROUP LLP*
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
unkwonta@elias.law
cdodge@elias.law
gwhite@elias.law
nbaron@elias.law
mjones@elias.law
erodriguezarmenta@elias.law
dlorenzo@elias.law
mmcqueen@elias.law

***Counsel for Plaintiffs:***
***LULAC TEXAS, VOTO***
***LATINO, TEXAS ALLIANCE FOR***
***RETIRED***
***AMERICANS, TEXAS AFT***

*Admitted Pro Hac Vice

9

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document with this Court using the CM/ECF system, which provides notice of this filing to all registered CM/ECF users on the 21st day of November, 2022.

*/s/ Julia Longoria*
Julia Longoria
