**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

La Unión Del Pueblo Entero, *et al.*,

        *Plaintiffs*,

v.

Gregory W. Abbott, *et al.*,

        *Defendants.*

No. 5:21-cv-00844-XR
(Consolidated Cases)

**INTERVENOR-DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
BRIEF ON THE APPLICATION OF THE FIRST AMENDMENT PRIVILEGE TO
DEPOSITIONS**

In their supplemental brief (Dkt. No. 484), Plaintiffs urge the Court to "defer ruling on the application of the First Amendment privilege" until after written discovery has taken place. Dkt. No. 484 at 5. Plaintiffs also propose a "limited protective order that would allow for any deposition answer for which the First Amendment privilege is claimed to be held under seal for two weeks" and would require Intervenor-Defendants "to file a motion to keep the seal in place." *Id.* at 1. The Court should reject both proposals and, for the reasons stated in Intervenor-Defendants' brief, quash the Noticed Depositions. *See* Dkt. No. 483; *see also* Dkt. Nos. 471, 477.

Plaintiffs first argue that the Court should "defer ruling on the application of the First Amendment privilege" until after written discovery has taken place, because "this Court cannot evaluate[] whether the First Amendment privilege applies to the deposition testimony of Defendant Intervenors' witnesses without knowing the anticipated scope of the testimony, the topics that will be discussed, or the documents the parties will rely on in the depositions." Dkt. No. 484 at 4–5. As an initial matter, the Court should rule that the First Amendment privilege applies to Plaintiffs'

1

written discovery requests *and* the Noticed Depositions. *See* Dkt. No. 471 at 20–27; Dkt. No. 477 at 17–20; *City of Greenville v. Syngenta Crop Prot., Inc.*, No. 11-MC-10, 2011 WL 5118601, at *5–10 (C.D. Ill. Oct. 27, 2011) (holding that First Amendment privilege applied to written discovery requests and depositions). Moreover, Plaintiffs' argument is a red herring, because the "topics" of the Noticed Depositions are known from Plaintiffs' own discovery requests. Dkt. No. 484 at 4. Plaintiffs listed 28 topics in their Rule 30(b)(6) deposition notices. *See* Dkt. No. 483-1 – 483-3. These topics largely track Plaintiffs' written discovery requests, *see* Dkt. No. 483-9 – 483-10, which Plaintiffs maintain will form the basis of future deposition testimony, Dkt. No. 484 at 4. The Court can thus "evaluate" application of the First Amendment privilege based solely on the anticipated "topics" of the Noticed Depositions. *Id.*; *see, e.g.*, *SEC v. McGinnis*, No. 5:14-CV-6, 2015 WL 13505396, at *4 (D. Vt. Jan. 13, 2015) (quashing 30(b)(6) deposition notice because the identified topics sought protected work product).

Plaintiffs rehash their argument that the Court cannot rule on the application of the First Amendment privilege to their written discovery requests unless Intervenor-Defendants produce a privilege log. *See* Dkt. No. 484 at 2–4. But Plaintiffs fail to engage with Intervenor-Defendants' argument in their prior briefing that a privilege log is not required where, as here, the Court can evaluate application of the privilege without one. *See* Dkt. No. 477 at 18–19 (collecting cases). As Plaintiffs apparently recognize, the relevant question is simply whether the party opposing disclosure has "demonstrate[d] an objectively reasonable probability that compelled disclosure will chill [their] associational rights." Dkt. No. 484 at 3 (citing *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010)). Courts regularly rule on First Amendment privilege claims based on the types of documents and communications at issue and declarations attesting to the chilling effect that disclosure would have without requiring a privilege log. *See, e.g.*, *Apple Inc. v. Match Grp.*,

*Inc.*, No. 21-mc-80184-YGR-TSH, 2021 WL 3727067, at *8 (N.D. Cal. Aug. 19, 2021); *Am. C.R. Union v. Martinez-Rivera*, No. 2:14-cv-026-AM-CW, 2015 WL 13650010, at *3–5 (W.D. Tex. Sept. 10, 2015); *City of Greenville*, 2011 WL 5118601 at *7.

Here, a privilege log is not necessary to resolve Intervenor-Defendants' First Amendment privilege claim. Plaintiffs seek Intervenor-Defendants' confidential internal documents and communications as well as confidential communications shared with third-party political allies and affiliated candidates. *See* Dkt. No. 471 at 25. Intervenor-Defendants have supplied declarations attesting to the chilling effect compelled disclosure would have on their First Amendment associational rights. *See* Dkt. No. 471-12 – 471-16. The Court is thus not being asked to rule on Intervenor-Defendants' First Amendment privilege claim in the "abstract." Dkt. No. 484 at 2. Plaintiffs cannot, and do not attempt to, dispute that the declarations submitted by Intervenor-Defendants "demonstrate an objectively reasonable probability that compelled disclosure will chill [Intervenor-Defendants'] associational rights." *Id.* at 3 (citing *Perry*, 591 F.3d at 1160).

Plaintiffs' reliance on *Han v. Financial Supervisory Service*, No. 17-cv-4383-GBD-BCM, 2017 WL 7689223 (S.D.N.Y. Oct. 6, 2017), is misplaced. In *Han*, the court dismissed a declaratory judgment action where the plaintiff sought a declaration that the defendant was not protected by sovereign immunity and would have to comply with any future subpoenas issued in a separate case. The court dismissed the case as unripe, because the plaintiff had "no need or want of a ruling" as to whether the defendant "may use the doctrine of foreign sovereign immunity to shield itself from her as-yet unissued and unserved subpoena until such time as that subpoena" is issued, served, and resisted on sovereign immunity grounds. *Id.* at *6. Here, in contrast, Plaintiffs have served discovery requests on Intervenor-Defendants, and Intervenor-Defendants have

responded with detailed declarations and argument as to how compelled disclosure would chill their First Amendment associational rights.  *See* Dkt. No. 471 at 20–27; Dkt. No. 477 at 17–20. The present discovery dispute is therefore ripe for the Court's adjudication.

Plaintiffs' other proposal—for a "limited protective order" allowing "for any deposition answer for which privilege is claimed to be held under seal for two weeks," during which time Intervenor-Defendants must "file a motion to keep the seal in place," Dkt. No. 484 at 1—also fails. In the first place, Plaintiffs' disclose-first, decide-privilege-claims later approach directly contravenes the Federal Rules of Civil Procedure—so, unsurprisingly, Plaintiffs cite no authority to support it.  The Federal Rules expressly authorize counsel to instruct a witness not to answer a question "when necessary to preserve a privilege."  Fed. R. Civ. P. 30(c)(2); *Rickman v. Moore*, No. 7:16-CV-00025-O, 2016 WL 9559892, at *3 (N.D. Tex. Nov. 2, 2016) ("Under the Federal Rules of Civil Procedure, counsel may instruct a witness not to answer a deposition question in order to protect a valid privilege.").  This rule makes perfect sense: it allows a party to preserve the privilege and, if necessary, the Court to adjudicate the privilege issue through a motion to compel *before* privileged information is disclosed.  Fed. R. Civ. P. 30(c)(2); *Dean v. Shell Pipeline Co., LP*, No. CV 19-137-BAJ-RLB, 2020 WL 5899428, at *3 (M.D. La. Oct. 5, 2020) ("A party may move to compel an answer if 'a deponent fails to answer a question asked under Rule 30.'" (quoting Fed. R. Civ. P. 37(a)(3)(B)(i)).  This rule applies whether the privilege arises from the First Amendment, the attorney-client relationship, or any other source.  *See* Fed. R. Civ. P. 30(c)(2); *Demuth v. Fletcher*, No. CV 08-5093 (JRT/RLE), 2010 WL 11646710, at *2 (D. Minn. Mar. 18, 2010) (deciding First Amendment privilege claim on motion to compel filed after depositions).

Plaintiffs' proposal, however, asks the Court to disregard the Federal Rules, to preempt any privilege objections, to require witnesses to divulge privileged information during the deposition, and to shift the burden to the party invoking the privilege to move to seal the (already-given) privileged testimony.  But requiring disclosure of privileged information is patently inconsistent with the Federal Rules, which allow for the discovery only of "nonprivileged" information.  Fed. R. Civ. P. 26(b)(1).  Moreover, merely limiting the further dissemination of privileged information "is an inadequate surrogate for the privilege."  *In re Dow Corning Corp.*, 261 F.3d 280, 284 (2d Cir. 2001) (attorney-client privilege).  Plaintiffs' proposal not only turns the law on its head, but *itself* would violate Intervenor-Defendants' First Amendments rights and privilege.  Protective orders limiting dissemination of information protected by the First Amendment privilege "cannot eliminate" the First Amendment injury resulting from compelled disclosure.  *Perry*, 591 F.3d at 1164; *see also Nat. Res. Def. Council, Inc. v. Illinois Power Res.*, LLC, No. 13-CV-1181, 2015 WL 13940045, at *7 (C.D. Ill. May 12, 2015); *City of Greenville*, 2011 WL 5118601 at *10; *Int'l Action Ctr. v. United States*, 207 F.R.D. 1, 3 (D.D.C. 2002).  This is especially true where, as here, the compelled testimony is made directly to "public policy opponent[s]," who obviously will learn of the sensitive information regardless of the protective order.  *Whole Woman's Health v. Smith*, 896 F.3d 362, 373 (5th Cir. 2018).  Thus, even if Intervenor-Defendants were to file a successful motion to seal after the deposition, "the damage would be done—there would be no way to put the genie back in the bottle" and to undo the chilling effect and obvious harm that compelled disclosure would inflict on Intervenor-Defendants' First Amendment-protected activities.  *United States v. Wells Fargo Bank, N.A.*, 132 F. Supp. 3d 558, 564 (S.D.N.Y. 2015); Dkt. No. 471 at 20–27; Dkt. No. 477 at 17–20.

## CONCLUSION

The Court should reject Plaintiffs' proposals and quash the Noticed Depositions.

November 28, 2022

Respectfully submitted,

*/s/ John M. Gore*
John M. Gore
E. Stewart Crosland*
Stephen J. Kenny*
Charles E.T. Roberts
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
scrosland@jonesday.com
skenny@jonesday.com
cetroberts@jonesday.com

*Counsel for Proposed Intervenor-Defendants*

*Pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that, on November 28, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record.

                                           */s/ John M. Gore*