# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., *Plaintiffs*, v. TEXAS, et al., *Defendants*. | Civil Action No. 5:21-cv-844(XR) (Lead Case) |
| OCA-GREATER HOUSTON, LEAGUE OF WOMEN VOTERS OF TEXAS, REVUP–TEXAS, TEXAS ORGANIZING PROJECT, and WORKERS DEFENSE ACTION FUND, *Plaintiffs*, v. TEXAS SECRETARY OF STATE JOHN SCOTT, *in his official capacity*, TEXAS ATTORNEY GENERAL KEN PAXTON, *in his official capacity*, HARRIS COUNTY ELECTIONS ADMINISTRATOR ISABEL LONGORIA, *in her official capacity*, TRAVIS COUNTY CLERK DANA DEBEAUVOIR, *in her official capacity*, HARRIS COUNTY DISTRICT ATTORNEY KIM OGG, *in her official capacity*, TRAVIS COUNTY DISTRICT ATTORNEY JOSÉ GARZA, *in his official capacity*, *Defendants*. | 1:21-cv-0780-XR (Consolidated Case) |

# PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT HARRIS COUNTY DISTRICT ATTORNEY KIM OGG, IN HER OFFICIAL CAPACITY

TO: Harris County District Attorney Kim Ogg, in her official capacity, by and through her attorney of record, Eric J.R. Nichols, Butler Snow LLP, 1400 Lavaca Street, Suite 1000, Austin, TX 78701.

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs OCA-Greater Houston, League of Women Voters of Texas, REVUP-Texas, Texas Organizing Project, and Workers Defense Action Fund serve these Requests for Production upon Defendant Harris County District Attorney Kim Ogg, in her official capacity ("Defendant" or "Defendant Ogg"). Plaintiffs request that Defendant Ogg produce the items specified below on or before 30 days after issuance of this request, in electronic format, or if electronic format is not available, at 1405 Montopolis Drive, Austin, Texas 78741. Each Request for Production is subject to the Definitions and Instructions listed below.

## DEFINITIONS

1. The terms "and" and "or" are to be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this demand any document or thing which would otherwise not be brought within its scope.

2. All phrases following the terms "including," "including without limitation," and "including but not limited to" are intended to illustrate the kinds of information responsive to each request. Such examples are not intended to be exhaustive of the materials sought by the request and shall not in any way be read to limit the scope of the request.

3. "Documentation" or "documents" includes, but is not limited to, the following items whether printed or recorded or reproduced by any other mechanical process or written or produced by hand: agreements, communications, reports, charges, complaints, correspondence, telegrams,

memoranda, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, e-mails, diaries, schedules, charts, graphs, worksheets, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, and all other writings of whatever nature, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, tape recordings, disc, data sheet or data processing card, any marginal comments appearing on any document or thing or any other written, recorded, transcribed, filed or graphic master, however produced or reproduced, to which you, as defined in Definition 9 below, will have or have had access.

4. "Communication" or "communications" means any disclosure, conveyance, transfer, or exchange of any information or documents from one person to another or among multiple persons by any means or in any form, including but not limited to oral, written, in-person, telephonic, electronic, digital, mailed, or otherwise.

5. "Concern," "concerning," "regarding," or "relating to" shall mean having any connection, relation, or reference to and include, by way of example and without limitation, discussing, identifying, containing, showing, evidencing, describing, reflecting, dealing with, regarding, pertaining to, analyzing, evaluating, estimating, constituting, comprising, studying, surveying, projecting, recording, relating to, summarizing, assessing, criticizing, reporting, commenting on, referring to in any way, either directly or indirectly, or otherwise involving, in whole or in part.

6. "Identify" when referring:

    a. to a person, means to state the person's full name, present or last known address, telephone number, and email address;

    b. to an organization or entity, means to state its full name, present or last known address, telephone number, fax number, and email address;

    c. to a document, means to describe its contents; to identify when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody, or control of the document;

    d. to a statement or communication, means to describe its contents; to identify when, where, and how it was made; to identify who made it and who was present when it was made; and to identify who has present or last known possession, custody, or control of any recording of the statement or communication;

    e. to a social media account, means to provide the username of the account, identify all persons who control or have access to the account, provide the date on which the account was created, and describe whether the account is still in existence and/or in use.

7. "SB1" means Senate Bill No. 1, a law passed during the Second Special Session of the 87th Texas Legislature in 2021. SB1 contains the provisions at issue in this Lawsuit.

8. "Criminal election law" means any criminal provision of the Texas Election Code, or any criminal provision of any other law regulating conduct in connection with voting or elections. This includes but is not limited to SB1 sections 6.04, 6.06, and 7.04.

9. "You" or "your office" means Harris County, including the Office of the Harris County District Attorney, the Harris County District Attorney, her predecessors and successors as Harris County District Attorney, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Office of the Harris County District Attorney.

10. "OAG" means the Office of the Texas Attorney General and includes the Texas Attorney General, his predecessors and successors as Texas Attorney General, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives,

contractors, and consultants of the Office of the Texas Attorney General.

11. "SOS" means the Office of the Texas Secretary of State and includes the Texas Secretary of State, his predecessors and successors as Texas Secretary of State, and the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of the Office of the Texas Secretary of State.

12. "State officials" means the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of any statewide office of the State of Texas, as well as the statewide office itself, including but not limited to the OAG and the SOS as set out in the definitions above.

13. "Local officials" means the current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of any political subdivision or office of a political subdivision of the State of Texas, as well as the political subdivision or office of a political subdivision itself. This includes but is not limited to Texas County District Attorney's Offices, Texas County Criminal District Attorney's Offices, Texas County Attorney's Offices, Texas County Election Administrator's Offices, Texas County Clerk's Offices, and Texas County Tax-Assessor-Collector's Offices, along with their current and former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants.

14. "Texas Legislature" means the current and former members of the Texas Legislature and the current or former employees, officers, attorneys, agents, trustees, investigators, representatives, contractors, and consultants of those members.

15. "Members of the public" means any natural person or natural or legal entity not included in the definitions of you, the OAG, the SOS, State officials, local officials, or the Texas

Legislature as set out in the definitions above.

## INSTRUCTIONS

1. To the fullest extent permitted by the Federal Rules of Civil Procedure, these Requests are intended to be continuing in nature. Defendant is requested and required to timely supplement its production when appropriate or necessary to make it correct or complete.

2. This request requires you to produce all responsive, non-privileged documents that are in your actual or constructive possession, custody, or control under Federal Rule of Civil Procedure 34.

3. These Requests are intended to include all documents in Defendant's possession, or subject to Defendant's custody or control, whether directly or indirectly. A document is deemed to be within Defendant's possession, custody, or control if:

    a. it is in Defendant's physical control; or

    b. it is in the physical control of any other person or entity, and Defendant, individually or otherwise, (i) owns the document or thing in whole or in part; (ii) has a right by contract, statute, or otherwise, to use, inspect, examine, or copy that document or thing on any terms; or (iii) has, as a practical matter, been able to use, inspect, examine, or copy that document or thing when Defendant have sought to do so.

4. For each request seeking data maintained by you, the request includes a request for any coding information or explanatory materials necessary to understand the data provided.

5. For each request seeking data maintained by you, if the specific data is not available or not available in the requested format, please provide documents or electronically stored information that contain as much of the requested information as is available and/or the closest approximation to the information that is available.

6. If you object to any item or category, you must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part objected to and permit inspection of the rest.

7. All pages stapled, clipped, or otherwise fastened together shall be produced in such form and all documents that cannot be legibly copied shall be produced in their original form.

8. Unless otherwise requested, the responses to these requests shall comprise all information in your possession, custody or control; these requests are not limited to documents within the physical possession of Defendant.

9. If you are unable to comply with any request, you shall (a) supply such information as is available; (b) explain why such answer is incomplete and what efforts you have made to obtain the information; and (c) identify the source from which complete compliance can be obtained.

10. Each request contemplates production of the document in its entirety, without abbreviation or expurgation, except as justified by claims of attorney-client privilege or work product protection, and any redacted material must be clearly identified on the document.

11. Partial Production: Whenever you object to a particular demand, or portion thereof, produce all documents called for which are not subject to that objection. Similarly, wherever a document is not produced in full, state with particularity the reason or reasons it is not being produced in full and describe, to the best of your knowledge, information, and belief, and with as much particularity as possible, those portions of the document which are not produced.

12. In the event that any document called for by any request has been destroyed, discarded or otherwise disposed of, identify each such document by stating: (i) the author, addressor or addressee; (ii) the addressee or recipient of any indicated or blind copies; (iii) the date, subject matter and number of pages of the document; (iv) the identity of any attachments or appendices

to the document; (v) all persons to whom the document was distributed, shown or explained; (vi) the date, reason and circumstances of disposal of the document; and (vii) the person authorizing and carrying out such disposal and each and every person with knowledge concerning the circumstances under which such document was destroyed or disposed of.

13. If documents that provide accurate answers are not available, you shall so state, shall provide best estimates, and shall describe how those estimates were derived, identifying the sources or bases of such estimates.  Estimated data shall be followed by the notation "est."

14. Withheld documents or things: If any document or thing is withheld under a claim of privilege or other protection, so as to aid the Court and the parties hereto to determine the validity of the claimed privilege or protection, please provide a log describing the following with respect to each such document within 5 days after submitting a response claiming privilege or other protection: (i) the identity of the person who prepared the document, who signed it, and/or over whose name it was sent or issued; (ii) the identity of the person or entity to whom the document was directed; (iii) the nature and substance of the document with sufficient particularity to enable the Court and the parties to identify the document; (iv) the date of the document; (v) the identity of the person presently in custody or control of the document and each copy thereof; (vi) the identity of each person to whom copies of the document were furnished; (vii) the number of pages of the document; (viii) the basis on which any privilege or other protection is claimed; and (ix) whether any non-privileged or non-protected matter is included in the document.

15. For the purpose of interpreting and construing the scope of these requests, Defendant is instructed to give words their most expansive and inclusive meanings, unless otherwise specifically limited by the language of an individual request.  Defendant should, therefore:

    a.    construe the words "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive;

    b.    construe the term "including" to mean "including, but not limited to;"

    c.    construe the singular form of a word to include the plural and the plural form to include the singular;

    d.    construe a masculine noun or adjective to include the feminine and *vice versa*; and

    e.    construe the words "all" and "each" to mean both all and each.

16. If you are unsure of the meaning of any word, phrase or abbreviation used herein, please contact counsel in writing for clarification.

17. All definitions and rules of construction contained in the Federal Rules of Evidence and the Federal Rules of Civil Procedure are incorporated herein by reference.

18. Unless otherwise indicated, the use in these Requests of the name or identity of any person, business organization, or other entity shall specifically include all of that entity's present or former: employees, officers, directors, agents, representatives, members, attorneys, departments, sections, affiliates, subsidiaries, parents, and all other persons acting on its behalf.

19. Any terms not expressly defined herein, but defined in any agreement between the parties, shall have the same meanings as in those agreements.

20. Whenever possible, responsive documents should be in electronic form, pursuant to any agreement concerning electronically stored information between the parties.

21. References to "Plaintiffs First Set of Interrogatories" or to Interrogatory No. 1, 2, and so forth should be understood to refer to Plaintiff OCA-Greater Houston's First Set of Interrogatories to Defendant Harris County District Attorney Kim Ogg, in her official capacity, served by e-mail upon counsel of record for Defendant Ogg in tandem with the instant Requests for

Production, on April 12, 2022.

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT HARRIS COUNTY DISTRICT ATTORNEY KIM OGG IN HER OFFICIAL CAPACITY**

All requests for production are limited in time from January 1, 2016, until present day.

**Request for Production No. 1:** All documents and communications relating to investigations, criminal proceedings, or prosecutions initiated or participated in by your office and predicated at least in part on a violation or suspected violation of criminal election law.

**RESPONSE:**

**Request for Production No. 2:** All documents and communications relating to the role of local officials or State officials identified in your response to Interrogatory No. 2.

**RESPONSE:**

**Request for Production No. 3:** All documents and communications relating to your office's practices or policies specific to the investigation or prosecution of violations or suspected violations of criminal election law.

**RESPONSE:**

**Request for Production No. 4:** All communications between you and the OAG related to the investigation or prosecution of violations or suspected violations of criminal election laws.

**RESPONSE:**

**Request for Production No. 5:** All communications between you and the SOS related to the investigation or prosecution of violations or suspected violations of criminal election laws.

**RESPONSE:**

**Request for Production No. 6:** All communications between you and State officials, other than the OAG or the SOS, related to the investigation or prosecution of violations or suspected violations of criminal election laws.

**RESPONSE:**

**Request for Production No. 7:** All communications between you and local officials other than you related to the investigation or prosecution of violations or suspected violations of criminal election laws.

**RESPONSE:**

**Request for Production No. 8:**  All communications between you and the Texas Legislature related to the investigation or prosecution of violations or suspected violations of criminal election laws.

 **RESPONSE:**

**Request for Production No. 9:**  All communications between you and members of the public related to the investigation or prosecution of violations or suspected violations of criminal election laws.

 **RESPONSE:**

**Request for Production No. 10:**  All communications between you and members of the public related to the investigation or prosecution of violations or suspected violations of criminal election laws. This includes any communication described in your response to Interrogatory No. 13.

 **RESPONSE:**

**Request for Production No. 11:**  All documents identified in response to Interrogatory No. 4 or Interrogatory No. 5.

 **RESPONSE:**

**Request for Production No. 12:**  All documents or communications identified or described in response to Plaintiffs' First Set of Interrogatories not already included in Requests for Production No. 1 through No. 11.

 **RESPONSE:**

Date: April 12, 2022                 Respectfully submitted,

                       */s/ Zachary Dolling*

                       Mimi M.D. Marziani
                       Texas Bar No. 24091906
                       Hani Mirza
                       Texas Bar No. 24083512
                       Zachary Dolling
                       Texas Bar No. 24105809
                       Sarah Chen*
                       **TEXAS CIVIL RIGHTS PROJECT**
                       1405 Montopolis Drive
                       Austin, TX 78741

512-474-5073 (Telephone)
512-474-0726 (Facsimile)
mimi@texascivilrightsproject.org
hani@texascivilrightsproject.org
zachary@texascivilrightsproject.org
schen@texascivilrightsproject.org

Thomas Buser-Clancy
Texas Bar No. 24078344
Savannah Kumar
Texas Bar No. 24120098
Ashley Harris
Texas Bar No. 24123238
Andre Segura
Texas Bar No. 24107112
**ACLU FOUNDATION OF TEXAS, INC.**
5225 Katy Freeway, Suite 350
Houston, TX 77007
Telephone: (713) 942-8146
Fax: (915) 642-6752
tbuser-clancy@aclutx.org
skumar@aclutx.org
aharris@aclutx.org
asegura@aclutx.org

Adriel I. Cepeda Derieux*
Ari Savitzky*
Sophia Lin Lakin*
Samantha Osaki*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad St., 18th Floor New York, NY 10004 (212) 284-7334
acepedaderieux@aclu.org
asavizky@aclu.org
slakin@aclu.org
sosaki@aclu.org

Susan Mizner*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
39 Drumm St.
San Francisco, CA 94111
(415) 343-0781 (phone)

smizner@aclu.org

LIA SIFUENTES DAVIS
Texas State Bar No. 24071411
LUCIA ROMANO
Texas State Bar No. 24033013
**DISABILITY RIGHTS TEXAS**
2222 West Braker Lane Austin, Texas
78758-1024
(512) 454-4816 (phone)
(512) 454-3999 (fax)
ldavis@drtx.org
lromano@drtx.org

Jerry Vattamala*
Susana Lorenzo-Giguere*
Patrick Stegemoeller*
**ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND**
99 Hudson Street, 12th Floor New York, NY 10013
(212) 966-5932 (phone)
(212) 966 4303 (fax)
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org
pstegemoeller@aaldef.org

Jessica Ring Amunson*
Urja Mittal*
**JENNER & BLOCK LLP**
1099 New York Ave. NW, Suite 900
Washington, DC 20001
(202) 639-6000
jamunson@jenner.com
umittal@jenner.com

Sophia Cai*
**JENNER & BLOCK LLP**
455 Market St. Suite 2100
San Francisco, CA 94105
scai@jenner.com

*COUNSEL FOR PLAINTIFFS OCA-GREATER HOUSTON, ET AL.*

*Admitted *pro hac vice*

# CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2022, I served a true and correct copy of the foregoing via electronic mail on all counsel of record.

*/s/ Zachary Dolling*
Zachary Dolling
Texas Bar No. 24105809
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)
zachary@texascivilrightsproject.org