# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>TEXAS, et al.,<br><br>*Defendants*. | Civil Action No. 5:21-cv-844(XR)<br>(Lead Case) |
| OCA-GREATER HOUSTON, LEAGUE OF WOMEN VOTERS OF TEXAS, REVUP–TEXAS, TEXAS ORGANIZING PROJECT, and WORKERS DEFENSE ACTION FUND,<br><br>*Plaintiffs*,<br><br>v.<br><br>TEXAS SECRETARY OF STATE JOHN SCOTT, *in his official capacity*, TEXAS ATTORNEY GENERAL KEN PAXTON, *in his official capacity*, HARRIS COUNTY ELECTIONS ADMINISTRATOR ISABEL LONGORIA, *in her official capacity*, TRAVIS COUNTY CLERK DANA DEBEAUVOIR, *in her official capacity*, HARRIS COUNTY DISTRICT ATTORNEY KIM OGG, *in her official capacity*, TRAVIS COUNTY DISTRICT ATTORNEY JOSÉ GARZA, *in his official capacity*,<br><br>*Defendants*. | 1:21-cv-0780-XR<br>(Consolidated Case) |

## <u>DEFENDANT HARRIS COUNTY DISTRICT ATTORNEY KIM OGG'S</u>
## <u>OBJECTIONS TO OCA PLAINTIFFS' FIRST SET OF INTERROGATORIES</u>

TO:    Plaintiffs OCA-Greater Houston, League of Women Voters of Texas, REVUP-Texas, Texas Organizing Project, and Workers Defense Action Fund, by and through their attorneys of record, Mimi M.D. Marziani, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, TX 78741, Thomas Buser-Clancy, ACLU Foundation of Texas, Inc., 5225 Katy Freeway, Suite 350, Houston, TX 77007, Adriel I. Cepeda Derieux, American Civil Liberties Union Foundation, 125 Broad St., 18th Floor New York, NY 1004, Susan Mizner, American Civil Liberties Union Foundation, 39 Drumm St., San Francisco, CA 94111, Lia Sifuentes Davis, Disability Rights Texas, 2222 West Braker Lane, Austin, TX 78758-1024, Jerry Vattamala, Asian American Legal Defense and Education Fund, 99 Hudson Street, 12th Floor New York, NY 10013, Jessica Ring Amunson, Jenner & Block LLP, 1099 New York Ave. NW, Suite 900, Washington, DC 2001, Sophia Cai, Jenner & Block LLP, 455 Market St., Suite 2100, San Francisco, CA 94105.

Defendant Harris County District Attorney Kim Ogg ("Ogg"), in accordance with the Federal Rules of Civil Procedure, services this response to Plaintiffs OCA-Greater Houston, League of Women Voters of Texas, REVUP-Texas, Texas Organizing Project, and Workers Defense Action Fund's First Set of Interrogatories. Ogg reserves the right to supplement and/or amend this response as the case progresses and as permitted by the Federal Rules of Civil Procedure and any orders of the Court.

Respectfully submitted,

**BUTLER SNOW LLP**

By: */s/ Eric J.R. Nichols*
Eric J.R. Nichols
State Bar No. 14994900
eric.nichols@butlersnow.com
Karson K. Thompson
State Bar No. 24083966
karson.thompson@butlersnow.com
1400 Lavaca Street, Suite 1000
Austin, Texas 78701
Tel: (737) 802-1800
Fax: (737) 802-1801

**ATTORNEYS FOR DEFENDANT KIM**

2

**OGG, IN HER OFFICIAL CAPACITY
AS HARRIS COUNTY DISTRICT
ATTORNEY**


## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2022, a true and correct copy of the foregoing document was served on all counsel of record by electronic mail.

*/s/ Eric J.R. Nichols*
Eric J.R. Nichols

## OBJECTIONS APPLICABLE TO ALL INTERROGATORIES , INSTRUCTIONS, AND DEFINITIONS

1. Ogg objects to the definitions and instruction set forth in Plaintiffs' First Set of Interrogatories to the extent that they purport to assign to the words therein defined, meanings other than those in common usage. Ogg will use the commonly accepted definition of words and phrases in answering the Interrogatories.

2. Ogg objects to Plaintiffs' definition and use of "criminal election law," "State officials," "local officials," "Local officials," "Texas legislature," and "Members of the public" as they are vague and overbroad in scope and time.

## KIM OGG'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:** Identify and describe with particularity all investigations, criminal proceedings, or prosecutions initiated or participated in by your office and predicated at least in part on a violation or suspected violation of criminal election law.

> **RESPONSE: Ogg objects because this Interrogatory is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott,* **961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott,* **978 F.3d 168, 179 (5th Cir. 2020). As such, the Interrogatory is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Interrogatory because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Ogg also objects that this Interrogatory is vague and ambiguous in that it fails to define what Plaintiffs mean by "predicated at least in part," and "suspected violation." Ogg objects to the extent that this Interrogatory seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Interrogatory seeks information protected by the work-product privilege and attorney-client privilege.** *See In re Bexar County Criminal District Attorney's Office,* **224 S.W.3d 182, 187 (Tex. 2007).**

**Interrogatory No. 2:** For each investigation, criminal proceeding, or prosecution identified in response to Interrogatory No. 1, identify all local officials or State officials involved, other than you, and describe with particularity the role each local official or State official played. This identification may be limited to the political subdivision, political subdivision office, or statewide office with which the officials are affiliated rather than the names of individual persons.

**RESPONSE: Ogg objects because this Interrogatory is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott,* **961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott,* **978 F.3d 168, 179 (5th Cir. 2020). As such, the Interrogatory is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Interrogatory because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Ogg objects to the extent that this Interrogatory seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Interrogatory seeks information and documents protected by the work-product privilege and attorney-client privilege.** *See In re Bexar County Criminal District Attorney's Office,* **224 S.W.3d 182, 187 (Tex. 2007).**

**Interrogatory No. 3:** Identify and describe with particularity any practices or policies of your office specific to the investigation or prosecution of violations or suspected violations of criminal election law.

**RESPONSE: Ogg objects because this Interrogatory is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott,* **961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott,* **978 F.3d 168, 179 (5th Cir. 2020). As such, the Interrogatory is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Interrogatory because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Ogg also objects that this Interrogatory is vague and ambiguous in that it fails to define what Plaintiffs mean by "suspected violation." Additionally, Ogg objects to the extent that this Interrogatory seeks information and documents protected by the work-product privilege and attorney-client privilege.** *See In re Bexar County Criminal District Attorney's Office,* **224 S.W.3d 182, 187 (Tex. 2007).**

**Interrogatory No. 4:** If you contend that the OAG is responsible for or engages in the investigation or prosecution of violations or suspected violations of criminal election law within Harris County:

A. State the facts that support your contention; and

B. Identify all documents that support your contention.

**RESPONSE: Ogg objects because this Interrogatory is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott,*

**961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott***, 978 F.3d 168, 179 (5th Cir. 2020). As such, the Interrogatory is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Interrogatory because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Ogg additionally objects to this Interrogatory as it seeks a legal conclusion that is not within the confines of Ogg's role and authority as the Harris County District Attorney.**

**Interrogatory No. 5:** If you contend that any local official other than you is responsible for or engages in the investigation or prosecution of violations or suspected violations of criminal election law within Harris County:

    A.  Identify the local official(s);

    B.  State the facts that support your contention(s); and

    C.  Identify all documents that support your contention(s).

**RESPONSE: Ogg objects because this Interrogatory is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott***, 961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott***, 978 F.3d 168, 179 (5th Cir. 2020). As such, the Interrogatory is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Interrogatory because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Ogg also objects that this Interrogatory is vague and ambiguous in that it fails to define what Plaintiffs mean by "suspected violation." Ogg additionally objects to this Interrogatory as it seeks a legal conclusion that is not within the confines of Ogg's role and authority as the Harris County District Attorney.**

**Interrogatory No. 6:** Identify and describe with particularity all investigations, criminal proceedings, or prosecutions in Harris County carried out by any local official other than you and predicated at least in part on a violation or suspected violation of criminal election law.

**RESPONSE: Ogg objects because this Interrogatory is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott***, 961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott***, 978 F.3d 168, 179 (5th Cir. 2020). As such, the Interrogatory is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Interrogatory because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. This**

**Interrogatory is also overboard and vague in that it fails to specifically identify the "local official" included in the subject matter of the Interrogatory. Ogg also objects that this Interrogatory is vague and ambiguous in that it fails to define what Plaintiffs mean by "suspected violation." Ogg objects to the extent that this Interrogatory seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Interrogatory seeks information and documents protected by the work-product privilege and attorney-client privilege.** *See In re Bexar County Criminal District Attorney's Office*, **224 S.W.3d 182, 187 (Tex. 2007).**

**Interrogatory No. 7:** Identify and describe with particularity any communications your office has had with the OAG regarding the investigation or prosecution of violations or suspected violations of any criminal election law, including the specific topic of communication, the date of the communications, the individuals who participated in the communications, and the outcome of the communications.

**RESPONSE:  Ogg objects because this Interrogatory is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott*, **961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott*, **978 F.3d 168, 179 (5th Cir. 2020). As such, the Interrogatory is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Interrogatory because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.  Ogg also objects that this Interrogatory is vague and ambiguous in that it fails to define what Plaintiffs mean by "suspected violations." Ogg objects to the extent that this Interrogatory seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Interrogatory seeks information and documents protected by the work-product privilege and attorney-client privilege.** *See In re Bexar County Criminal District Attorney's Office*, **224 S.W.3d 182, 187 (Tex. 2007).**

**Interrogatory No. 8:** Identify and describe with particularity any communications your office has had with the SOS regarding the investigation or prosecution of violations or suspected violations of any criminal election law, including the specific topic of communication, the date of the communications, the individuals who participated in the communications, and the outcome of the communications.

**RESPONSE:  Ogg objects because this Interrogatory is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott*, **961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott*, **978 F.3d 168, 179 (5th Cir. 2020). As such, the Interrogatory is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Interrogatory because it is not limited to the legislation at issue or the applicable**

**timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Ogg also objects that this Interrogatory is vague and ambiguous in that it fails to define what Plaintiffs mean by "suspected violations." Ogg objects to the extent that this Interrogatory seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Interrogatory seeks information and documents protected by the work-product privilege and attorney-client privilege. *See In re Bexar County Criminal District Attorney's Office*, 224 S.W.3d 182, 187 (Tex. 2007).**

**Interrogatory No. 9:** Identify and describe with particularity any communications your office has had with State officials, if not identified and described in your responses to Interrogatories No. 7 and 8 above, regarding the investigation or prosecution of violations or suspected violations of any criminal election law, including the specific topic of communication, the date of the communications, the individuals who participated in the communications, and the outcome of the communications.

**RESPONSE:  Ogg objects because this Interrogatory is directed at an improper party, protected by the doctrine of sovereign immunity. *See* Ogg's Motion to Dismiss (Dkt. 344); *Ex parte Young*, 209 U.S. 123, 155-56 (1908); *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020); *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020). As such, the Interrogatory is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Interrogatory because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. This Interrogatory is also overbroad and vague in that it fails to specifically identify the "State officials" included in the subject matter of the Interrogatory.  Ogg also objects that this Interrogatory is vague and ambiguous in that it fails to define what Plaintiffs mean by "suspected violations." Ogg objects to the extent that this Interrogatory seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Interrogatory seeks information and documents protected by the work-product privilege and attorney-client privilege. *See In re Bexar County Criminal District Attorney's Office*, 224 S.W.3d 182, 187 (Tex. 2007).**

**Interrogatory No. 10:** Identify and describe with particularity any communications your office has had with local officials other than you regarding the investigation or prosecution of violations or suspected violations of any criminal election law, including the specific topic of communication, the date of the communications, the individuals who participated in the communications, and the outcome of the communications.

**RESPONSE:  Ogg objects because this Interrogatory is directed at an improper party, protected by the doctrine of sovereign immunity. *See* Ogg's Motion to Dismiss (Dkt. 344); *Ex parte Young*, 209 U.S. 123, 155-56 (1908); *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020); *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179**

**(5th Cir. 2020). As such, the Interrogatory is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Interrogatory because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. This Interrogatory is also overbroad and vague in that it fails to specifically identify the "local officials" included in the subject matter of the Interrogatory.  Ogg also objects that this Interrogatory is vague and ambiguous in that it fails to define what Plaintiffs mean by "suspected violations." Ogg objects to the extent that this Interrogatory seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Interrogatory seeks information and documents protected by the work-product privilege and attorney-client privilege. *See In re Bexar County Criminal District Attorney's Office*, 224 S.W.3d 182, 187 (Tex. 2007).**

**Interrogatory No. 11:** Identify and describe with particularity any communications your office has had with the Texas Legislature regarding the investigation or prosecution of violations of suspected violations of any criminal election law, including the specific topic of communication, the date of the communications, the individuals who participated in the communications, and the outcome of the communications.

> **RESPONSE:  Ogg objects because this Interrogatory is directed at an improper party, protected by the doctrine of sovereign immunity. *See* Ogg's Motion to Dismiss (Dkt. 344); *Ex parte Young,* 209 U.S. 123, 155-56 (1908); *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020); *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020). As such, the Interrogatory is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Interrogatory because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. This Interrogatory is also overbroad and vague in that it fails to specifically identify the "Texas legislature" included in the subject matter of the Interrogatory.  Ogg also objects that this Interrogatory is vague and ambiguous in that it fails to define what Plaintiffs mean by "suspected violations." Ogg objects to the extent that this Interrogatory seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Interrogatory seeks information and documents protected by the work-product privilege and attorney-client privilege. *See In re Bexar County Criminal District Attorney's Office*, 224 S.W.3d 182, 187 (Tex. 2007).**

**Interrogatory No. 12:** Identify and describe with particularity any communications your office has had with members of the public regarding the investigation or prosecution of violations or suspected violations of any criminal election law, including the specific topic of communication, the date of the communications, the individuals who participated in the communications, and the outcome of the communications.

**RESPONSE:  Ogg objects because this Interrogatory is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott*, **961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott*, **978 F.3d 168, 179 (5th Cir. 2020). As such, the Interrogatory is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Interrogatory because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. This Interrogatory is also overbroad and vague in that it fails to specifically identify the "members of the public" included in the subject matter of the Interrogatory.   Ogg also objects that this Interrogatory is vague and ambiguous in that it fails to define what Plaintiffs mean by "suspected violations." Ogg objects to the extent that this Interrogatory seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Interrogatory seeks information and documents protected by the work-product privilege and attorney-client privilege.** *See In re Bexar County Criminal District Attorney's Office*, **224 S.W.3d 182, 187 (Tex. 2007).**

**Interrogatory No. 13:** Identify and describe with particularity any press releases, public announcements, or any other communication made by your office to persons, entities, or media external to your office relating to the enforcement of criminal election law.

**RESPONSE:  Ogg objects because this Interrogatory is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott*, **961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott*, **978 F.3d 168, 179 (5th Cir. 2020). As such, the Interrogatory is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Interrogatory because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.**