# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> TEXAS, et al., <br><br> *Defendants*. | Civil Action No. 5:21-cv-844(XR) <br> (Lead Case) |
| OCA-GREATER HOUSTON, LEAGUE OF WOMEN VOTERS OF TEXAS, REVUP–TEXAS, TEXAS ORGANIZING PROJECT, and WORKERS DEFENSE ACTION FUND, <br><br> *Plaintiffs*, <br><br> v. <br><br> TEXAS SECRETARY OF STATE JOHN SCOTT, *in his official capacity*, TEXAS ATTORNEY GENERAL KEN PAXTON, *in his official capacity*, HARRIS COUNTY ELECTIONS ADMINISTRATOR ISABEL LONGORIA, *in her official capacity*, TRAVIS COUNTY CLERK DANA DEBEAUVOIR, *in her official capacity*, HARRIS COUNTY DISTRICT ATTORNEY KIM OGG, *in her official capacity*, TRAVIS COUNTY DISTRICT ATTORNEY JOSÉ GARZA, *in his official capacity,* <br><br> *Defendants*. | 1:21-cv-0780-XR <br> (Consolidated Case) |

1

**DEFENDANT HARRIS COUNTY DISTRICT ATTORNEY KIM OGG'S OBJECTIONS TO OCA PLAINTIFFS' REQUESTS FOR PRODUCTION**

TO: Plaintiffs OCA-Greater Houston, League of Women Voters of Texas, REVUP-Texas, Texas Organizing Project, and Workers Defense Action Fund, by and through their attorneys of record, Mimi M.D. Marziani, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, TX 78741, Thomas Buser-Clancy, ACLU Foundation of Texas, Inc., 5225 Katy Freeway, Suite 350, Houston, TX 77007, Adriel I. Cepeda Derieux, American Civil Liberties Union Foundation, 125 Broad St., 18th Floor New York, NY 1004, Susan Mizner, American Civil Liberties Union Foundation, 39 Drumm St., San Francisco, CA 94111, Lia Sifuentes Davis, Disability Rights Texas, 2222 West Braker Lane, Austin, TX 78758-1024, Jerry Vattamala, Asian American Legal Defense and Education Fund, 99 Hudson Street, 12th Floor New York, NY 10013, Jessica Ring Amunson, Jenner & Block LLP, 1099 New York Ave. NW, Suite 900, Washington, DC 2001, Sophia Cai, Jenner & Block LLP, 455 Market St., Suite 2100, San Francisco, CA 94105.

Defendant Harris County District Attorney Kim Ogg ("Ogg"), in accordance with the Federal Rules of Civil Procedure, services this response to Plaintiffs OCA-Greater Houston, League of Women Voters of Texas, REVUP-Texas, Texas Organizing Project, and Workers Defense Action Fund's First Set of Requests for Production. Ogg reserves the right to supplement and/or amend this response as the case progresses and as permitted by the Federal Rules of Civil Procedure and any orders of the Court.

    Respectfully submitted,

    **BUTLER SNOW LLP**

    By: */s/ Eric J.R. Nichols*
    Eric J.R. Nichols
    State Bar No. 14994900
    eric.nichols@butlersnow.com
    Karson K. Thompson
    State Bar No. 24083966
    karson.thompson@butlersnow.com
    1400 Lavaca Street, Suite 1000
    Austin, Texas 78701
    Tel: (737) 802-1800
    Fax: (737) 802-1801

                          **ATTORNEYS FOR DEFENDANT KIM OGG, IN HER OFFICIAL CAPACITY AS HARRIS COUNTY DISTRICT ATTORNEY**

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2022, a true and correct copy of the foregoing document was served on all counsel of record by electronic mail.

                          */s/ Eric J.R. Nichols*
                          Eric J.R. Nichols

## OBJECTIONS APPLICABLE TO ALL REQUESTS FOR PRODUCTION, INSTRUCTIONS, AND DEFINITIONS

1. Ogg objects to the definitions and instruction set forth in Plaintiffs' Requests for Production to the extent that they purport to assign to the words therein defined, meanings other than those in common usage. Ogg will use the commonly accepted definition of words and phrases in answering the Requests.

2. Ogg objects to Plaintiffs' definition and use of "criminal election law," "State officials," "local officials," "Local officials," "Texas legislature," and "Members of the public" as they are vague and overbroad in scope and time.

## KIM OGG'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

**Request for Production No. 1:** All documents and communications relating to investigations, criminal proceedings, or prosecutions initiated or participated in by your office and predicated at least in part on a violation or suspected violation of criminal election law.

> **RESPONSE: Ogg objects because this Request is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott***, 961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott***, 978 F.3d 168, 179 (5th Cir. 2020). As such, the Request is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Request because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Ogg also objects that this Request is vague and ambiguous in that it fails to define what Plaintiffs mean by "predicated at least in part," and "suspected violation." Ogg objects to the extent that this Request seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this request seeks information and documents protected by the work-product privilege and attorney-client privilege.** *See In re Bexar County Criminal District Attorney's Office***, 224 S.W.3d 182, 187 (Tex. 2007).**

**Request for Production No. 2:** All documents and communications relating to the role of local officials or State officials identified in your response to Interrogatory No. 2.

4

> **RESPONSE: Ogg objects because this Request is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott***, 961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott***, 978 F.3d 168, 179 (5th Cir. 2020). As such, the Request is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Request because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Ogg objects to the extent that this Request seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Request seeks information and documents protected by the work-product privilege and attorney-client privilege.** *See In re Bexar County Criminal District Attorney's Office***, 224 S.W.3d 182, 187 (Tex. 2007).**
>
> **Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to its response to Interrogatory No. 2.**

**Request for Production No. 3:** All documents and communications relating to your office's practices or policies specific to the investigation or prosecution of violations or suspected violations of criminal election law.

> **RESPONSE: Ogg objects because this Request is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott***, 961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott***, 978 F.3d 168, 179 (5th Cir. 2020). As such, the Request is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Request because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Ogg also objects that this Request is vague and ambiguous in that it fails to define what Plaintiffs mean by "suspected violation." Additionally, Ogg objects to the extent that this Request seeks information and documents protected by the work-product privilege and attorney-client privilege.** *See In re Bexar County Criminal District Attorney's Office***, 224 S.W.3d 182, 187 (Tex. 2007).**

**Request for Production No. 4:** All communications between you and the OAG related to the investigation or prosecution of violations or suspected violations of criminal election laws.

> **RESPONSE: Ogg objects because this Request is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott***, 961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott***, 978 F.3d 168, 179 (5th Cir. 2020). As such, the Request is unduly burdensome, harassing, and constitutes**

>an impermissible fishing expedition. Ogg further objects to this Request because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Ogg also objects that this Request is vague and ambiguous in that it fails to define what Plaintiffs mean by "suspected violation." Ogg objects to the extent that this Request seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Request seeks information and documents protected by the work-product privilege and attorney-client privilege. *See In re Bexar County Criminal District Attorney's Office*, 224 S.W.3d 182, 187 (Tex. 2007).

**Request for Production No. 5:** All communications between you and the SOS related to the investigation or prosecution of violations or suspected violations of criminal election laws.

>**RESPONSE:** Ogg objects because this Request is directed at an improper party, protected by the doctrine of sovereign immunity. *See* Ogg's Motion to Dismiss (Dkt. 344); *Ex parte Young,* 209 U.S. 123, 155-56 (1908); *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020); *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020). As such, the Request is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Request because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Ogg objects to the extent that this Request seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Ogg also objects that this Request is vague and ambiguous in that it fails to define what Plaintiffs mean by "suspected violation." Additionally, Ogg objects to the extent that this Request seeks information and documents protected by the work-product privilege and attorney-client privilege. *See In re Bexar County Criminal District Attorney's Office*, 224 S.W.3d 182, 187 (Tex. 2007).

**Request for Production No. 6:** All communications between you and State officials, other than the OAG or the SOS, related to the investigation or prosecution of violations or suspected violations of criminal election laws.

>**RESPONSE:** Ogg objects because this Request is directed at an improper party, protected by the doctrine of sovereign immunity. *See* Ogg's Motion to Dismiss (Dkt. 344); *Ex parte Young,* 209 U.S. 123, 155-56 (1908); *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020); *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020). As such, the Request is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Request because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. This Request is also overbroad and vague in that it fails to specifically identify the "State officials"

**referenced in the subject matter of the Request and the type of communications and documents sought. Ogg also objects that this Request is vague and ambiguous in that it fails to define what Plaintiffs mean by "suspected violation." Ogg objects to the extent that this Request seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Request seeks information and documents protected by the work-product privilege and attorney-client privilege.** *See In re Bexar County Criminal District Attorney's Office*, **224 S.W.3d 182, 187 (Tex. 2007).**

**Request for Production No. 7:** All communications between you and local officials other than you related to the investigation or prosecution of violations or suspected violations of criminal election laws.

> **RESPONSE: Ogg objects because this Request is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott*, **961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott*, **978 F.3d 168, 179 (5th Cir. 2020). As such, the Request is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Request because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. This Request is also overbroad and vague in that it fails to specifically identify the "local officials" included in the subject matter of the Request and the type of communications and documents sought. Ogg also objects that this Request is vague and ambiguous in that it fails to define what Plaintiffs mean by "suspected violation." Ogg objects to the extent that this Request seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Request seeks information and documents protected by the work-product privilege and attorney-client privilege.** *See In re Bexar County Criminal District Attorney's Office*, **224 S.W.3d 182, 187 (Tex. 2007).**

**Request for Production No. 8:** All communications between you and the Texas Legislature related to the investigation or prosecution of violations or suspected violations of criminal election laws.

> **RESPONSE: Ogg objects because this Request is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott*, **961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott*, **978 F.3d 168, 179 (5th Cir. 2020). As such, the Request is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Request because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably**

**calculated to lead to the discovery of admissible evidence. This Request is also overbroad and vague in that it fails to specifically identify the members of the "Texas Legislature" included in the subject matter of the Request and the type of communications and documents sought. Ogg also objects that this Request is vague and ambiguous in that it fails to define what Plaintiffs mean by "suspected violation." Ogg objects to the extent that this Request seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Request seeks information and documents protected by the work-product privilege and attorney-client privilege.** *See In re Bexar County Criminal District Attorney's Office*, **224 S.W.3d 182, 187 (Tex. 2007).**

**Request for Production No. 9:** All communications between you and members of the public related to the investigation or prosecution of violations or suspected violations of criminal election laws.

**RESPONSE: Ogg objects because this Request is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott*, **961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott*, **978 F.3d 168, 179 (5th Cir. 2020). As such, the Request is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Request because it is not limited to the legislation at issue or the applicable timeframe, and thus, is overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. This Request is also overbroad and vague in that it fails to specifically identify what Plaintiffs mean by "members of the public" and the type of communications and documents sought. Ogg also objects that this Request is vague and ambiguous in that it fails to define what Plaintiffs mean by "suspected violation." Ogg objects to the extent that this Request seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Request seeks information and documents protected by the work-product privilege and attorney-client privilege.** *See In re Bexar County Criminal District Attorney's Office*, **224 S.W.3d 182, 187 (Tex. 2007).**

**Request for Production No. 10:** All communications between you and members of the public related to the investigation or prosecution of violations or suspected violations of criminal election laws. This includes any communication described in your response to Interrogatory No. 13.

**RESPONSE: Ogg objects because this Request is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott*, **961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott*, **978 F.3d 168, 179 (5th Cir. 2020). As such, the Request is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg further objects to this Request because it is not limited to the legislation at issue or the applicable timeframe, and thus, is**

**overbroad in scope and time and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. This Request is also overbroad and vague in that it fails to specifically identify what Plaintiffs mean by "members of the public" and the type of communications and documents sought. Ogg also objects that this Request is vague and ambiguous in that it fails to define what Plaintiffs mean by "suspected violation." Ogg objects to the extent that this Request seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Request seeks information and documents protected by the work-product privilege and attorney-client privilege.** *See In re Bexar County Criminal District Attorney's Office*, **224 S.W.3d 182, 187 (Tex. 2007).**

**Subject to and without waiving the foregoing objections, Ogg refers Plaintiff to Defendant Kim Ogg's Responses to Interrogatory No. 13.**

**Request for Production No. 11:** All documents identified in response to Interrogatory No. 4 or Interrogatory No. 5.

**RESPONSE: Ogg objects because this Request is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott*, **961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott*, **978 F.3d 168, 179 (5th Cir. 2020). As such, the Request is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg objects to the extent that this Request seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Request seeks information and documents protected by the work-product privilege and attorney-client privilege.** *See In re Bexar County Criminal District Attorney's Office*, **224 S.W.3d 182, 187 (Tex. 2007).**

**Subject to and without waiving the foregoing objections, Ogg refers Plaintiff to Defendant Kim Ogg's Responses to Interrogatory No. 4 and 5.**

**Request for Production No. 12:** All documents or communications identified or described in response to Plaintiffs' First Set of Interrogatories not already included in Requests for Production No. 1 through No. 11.

**RESPONSE: Ogg objects because this Request is directed at an improper party, protected by the doctrine of sovereign immunity.** *See* **Ogg's Motion to Dismiss (Dkt. 344);** *Ex parte Young,* **209 U.S. 123, 155-56 (1908);** *Tex. Democratic Party v. Abbott*, **961 F.3d 389, 400 (5th Cir. 2020);** *Tex. Democratic Party v. Abbott*, **978 F.3d 168, 179 (5th Cir. 2020). As such, the Request is unduly burdensome, harassing, and constitutes an impermissible fishing expedition. Ogg objects to the extent that this Request seeks documents and information that invades the constitutionally, statutorily, and otherwise protected personal privacy of non-parties to this litigation. Additionally, Ogg objects to the extent that this Request seeks information and documents protected by the work-**

**product privilege and attorney-client privilege.** *See In re Bexar County Criminal District Attorney's Office*, **224 S.W.3d 182, 187 (Tex. 2007).**

**Subject to and without waiving the foregoing objections, Ogg refers Plaintiff to Defendant Kim Ogg's Responses to Interrogatory No. 11.**