# EXHIBIT 12



P.O. Box 17757
Austin, TX 78760
P: 512-474-5073 | F: 512-474-0726
txcivilrights.org

November 18, 2022

Eric J.R. Nichols
Karson K. Thompson
Butler Snow LLP
1400 Lavaca Street, Suite 1000
Austin, TX 78701

      Re: *LUPE v. Abbott*, No. 5:21-cv-844 (W.D. Tex.)

Mr. Nichols,

      The OCA-Greater Houston (OCA-GH) Plaintiffs propounded their requests for production and interrogatories on your client, Harris County District Attorney Kim Ogg, in her official capacity, on April 12, 2022. You responded on May 12, 2022, objecting to each request for substantially the same reasons, including on grounds of sovereign immunity and relevance. Although both the district court and the Fifth Circuit denied your motions to stay discovery, you have repeatedly failed to adhere to agreed-upon meet and confer timelines and, in the more than seven months since receipt of our discovery requests, have not produced a single document, answered a single interrogatory, or produced a privilege log. This letter therefore constitutes the OCA-GH Plaintiffs' final attempt to negotiate with you regarding our discovery requests. I begin with a short recap of the proceedings up to this point and then set out our final narrowing of our discovery requests.

      **I.**      **Proceedings Until Now**

      You filed a motion to dismiss our claims on March 29, 2022, raising sovereign immunity as a defense. Dkt. 344. On August 2, 2022, the district court denied that motion and rejected your sovereign immunity arguments. Dkt. 450. On August 10, 2022, you filed a notice of interlocutory appeal, and on August 15, 2022, you filed a motion to stay proceedings, including discovery, in the district court. Dkt. 452. That same day the district court denied your motion to stay via text order. In doing so, the Court stated that it had "already addressed the merits of Defendant Kim Ogg's arguments in its order granting in part and denying [in] part her motion to dismiss" and, because you had included our requests for production as an exhibit to your motion, additionally ruled that "the discovery requests are relevant and responses thereto may be secured from Defendant Ogg either as a party to this case or a third party." Text Order of August 15, 2022, 5:21-cv-844 (W.D. Tex.).

      Because you had indicated to us that you intended to file a motion to stay proceedings in the Fifth Circuit, we communicated to you that we would wait to compel discovery to provide time for this filing and to avoid the waste of attorney and judicial resources, although we maintained our entitlement to the discovery and reserved the ability to move to compel for the production at a



P.O. Box 17757
Austin, TX 78760
P: 512-474-5073 | F: 512-474-0726
txcivilrights.org

later date. After not hearing from you or seeing any activity on the docket in the Fifth Circuit for more than four weeks following the district court's denial of your motion to stay, we reached out on September 14, 2022, to ask whether you still intended to file a similar motion in the Fifth Circuit. You responded that you did and five days later filed a motion to stay proceedings in the Fifth Circuit, on September 19, 2022. In total this came five weeks after entry of the district court's order. The Fifth Circuit denied your motion to stay, in a three-page order, on October 7, 2022.

Following that order, we agreed to meet and confer with you on Wednesday, October 19, 2022. During that meet and confer both parties agreed that as a first step, (1) you would talk to your client to ascertain what responsive information the Harris County District Attorney's Office (HCDAO) has relating to investigations and prosecutions of offenses in connection with voting assistance and mail-ballot fraud, including those pursuant to SB1, while (2) the OCA-GH Plaintiffs would be ready at the next meet and confer to discuss the materials the Travis County DA's office had produced to us in response to the identical discovery requests we sent that office. Per your suggested timeline, we then agreed to meet and confer early the next week to share that information and discuss next steps. I sent a follow-up e-mail the next day, Thursday, October 20, 2022, memorializing our conversation and including times that the OCA-GH Plaintiffs were available to meet and confer on Tuesday, October 25, 2022, and Wednesday, October 26, 2022. You did not respond to that e-mail before the times suggested for meeting had passed.

I sent another e-mail on Thursday, October 27, inquiring as to your availability given that the times you suggested to meet had passed. You responded on Friday, October 28, did not acknowledge the above, and stated you could be available "late next week." I responded within the hour and gave our availability for Thursday, November 3. On Wednesday, November 2, having not heard back from you, I asked that you provide a time, by 5 PM that day, to meet and confer on Thursday, November 3. You responded to that e-mail the next day, did not acknowledge your failure to respond to our multiple requests for a Thursday meeting time, and stated you would be available in the afternoon on Friday, November 5.

The OCA-GH Plaintiffs accommodated your schedule and we met and conferred with you on Friday, November 5. During that meeting you told us the following regarding your search for information relating to investigations and prosecutions, originating with the HCDAO, of offenses in connection with voting assistance and mail-ballot fraud:

1. In searching past records, you had not searched for records made prior to 2018 because that would require accessing a warehouse with physical records, and you believe that is too burdensome.

2. You could not tell us what search terms were used in conducting the search but said it had been done by people knowledgeable about the office's activities in these areas.



3. The search showed that from 2018 to present there have been no cases charged or that have led to conviction for mail-in ballot or assistance related offenses.

4. The search showed no criminal cases pending that relate to mail-in ballot or assistance offenses.

5. The search showed that there are four referrals pending for election-related offenses: one for mail-in ballot activity, one for a felon illegally voting, and two for non-citizens illegally voting.

6. The search showed that there had been and/or may be ongoing investigations related to mail-ballot and assistance offenses.

You expressed confusion as to what I meant by the term "investigation," so I defined it as any affirmative step by HCDAO after receiving a referral, such as devoting HCDAO's or another agency's law enforcement efforts to looking into the referral. You said you would not give us any further details on any of the investigations referenced above because you believed the Texas Public Information Act applies in federal discovery and that it shields the disclosure of both ongoing and closed investigations. At the end of the meet and confer you agreed to ascertain the number of investigations as described above, and we agreed to meet the following Monday, November 14, to discuss your findings.

I sent a follow-up e-mail memorializing the above on November 7, 2022, and provided our availability on Monday, November 14, as well as Tuesday, November 15, because I anticipated that we would once again have difficulty setting up a time to meet despite your agreement to that time. As of today, November 18, you have not responded to that e-mail.

### II.     Plaintiffs' Narrowed Discovery Requests

As stated previously it has now been more than seven months since the OCA-GH Plaintiffs propounded their discovery requests on Defendant Ogg, without a single document produced or interrogatory answered and without the production of a privilege log. Throughout those seven months we have repeatedly accommodated your client while maintaining that we are entitled to the requested discovery. As a final attempt to negotiate in good faith, the OCA-GH Plaintiffs hereby narrow their requests for production and interrogatories as follows.

Currently, each request for production and interrogatory relates to investigations and prosecutions of violations or suspected violations of "criminal election laws." The OCA-GH Plaintiffs defined "criminal election law" as meaning "any criminal provision of the Texas Election Code, or any criminal provision of any other law regulating conduct in connection with voting or elections. This includes but is not limited to SB1 sections 6.04, 6.06, and 7.04." OCA-GH RFPs at 4; ROGs at 4.



P.O. Box 17757
Austin, TX 78760
P: 512-474-5073 | F: 512-474-0726
txcivilrights.org

First, the OCA-GH Plaintiffs narrow the definition of "criminal election laws" to include only those criminal provisions that regulate conduct in connection with voting. For example, this would include, among other things, mail-in ballot related offenses; mail-in and in-person voter assistance related offenses; "vote-harvesting" and related criminal offenses; fraud, perjury, or other offenses in connection with casting a ballot; election fraud offenses such as improperly influencing the independent exercise of the vote of another; and illegal voting. It would not include campaign finance offenses, political advertising offenses, or offenses in the administration of elections that do not touch upon the conduct of voting itself.

Second, the OCA-GH Plaintiffs similarly narrow their discovery requests regarding the violation or suspected violation of "any criminal provision of any other law regulating conduct in connection with voting or elections," *i.e.*, of criminal provisions which are not contained in the Texas Election Code but may in some instances regulate conduct in connection with voting or elections (for example, the offenses of perjury or tampering with a governmental record under the Texas Penal Code, which can apply to conduct outside the context of voting or elections). As set out above, the OCA-GH Plaintiffs only request responsive documents or interrogatory answers reflecting the application of such laws when it was or is in relation to conduct in connection with voting.

The OCA-GH Plaintiffs hope that we can move forward with Defendant Ogg in the discovery process under these narrowed requests. We ask for your response by Friday, November 25, 2022. In the interim, please let us know if you would like to discuss any of these matters further.

Sincerely,

*Zachary Dolling*

Zachary Dolling
Texas Civil Rights Project
Counsel for the OCA-GH
Plaintiffs