Exhibit C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

DWIGHT RUSSELL, *et al.*,                   §
                                            §
                    Plaintiffs,             §
                                            §
v.                                          §          CIVIL ACTION NO. H-19-226
                                            §
HARRIS COUNTY, TEXAS, *et al.*,             §
                                            §
                    Defendants.             §

## MEMORANDUM AND ORDER

The Harris County District Attorney's Office is not a party to this case, but it is a key player. The plaintiffs, individuals arrested and held in the Harris County Jail on nonviolent felony charges, challenge the constitutionality of bail practices in Harris County. The District Attorney's Office is responsible for entering and reviewing bail amounts on charging documents for felony arrestees and for making requests to modify or revoke bail at bail hearings.

The plaintiffs allege that the District Attorney's Office routinely seeks high bail, without regard to an individual's ability to pay or the public risk factors. "So, if you can pay for your crime of arrest, you're free. If you can't, you're not." *Daves v. Dallas County*, 22 F.4th 522, 551 (5th Cir. 2022) (en banc) (Haynes, J., dissenting). The effect is that the Harris County Jail's population is almost all indigent defendants—95% of the detainees identify as homeless, *Jail Population Statistics*, HARRIS CNTY. OFF. OF JUST. & SAFETY, bit.ly/3VnKKwx (last visited Dec. 27, 2022)— and pretrial detention can cost these individuals their homes, their jobs, and even their lives. This year alone, "[a]t least 27 people have died in Harris County Jail," which is "the highest amount in nearly two decades." Lucio Vasquez, *Lawyers Continue to Push for Equitable Bail for Felony Defendants in Harris County*, HOUS. PUB. MEDIA, bit.ly/3Wz8nE0 (Dec. 12, 2022, 2:31 PM).

The plaintiffs have sought discovery from the District Attorney's Office. The Office has provided some of that discovery. The issue here is an April 2022 subpoena to the District Attorney's Office, seeking "[a]ny and all emails between ADA Jennifer Keith and prosecutors in Judge Randy Roll's courtroom regarding the 15.17 hearing of Ka Darian Smith."[1] (Docket Entry No. 589-1 at 4). The Office has moved to quash that subpoena or, in the alternative, for a protective order. (Docket Entry No. 589). It argues that the Office is immune from suit and that such immunity extends to the nonparty subpoenas. It also argues that the requested communications are privileged and confidential and, in any event, irrelevant.

The plaintiffs opposed the motion, (Docket Entry No. 592), relying on this court's prior denial of a motion to quash the plaintiffs' subpoenas of the felony judges who were parties in this case but were dismissed before the subpoenas issued, (Docket Entry No. 413). The court denied the motion to quash, holding that a Rule 45 subpoena is not a "suit" to which Eleventh Amendment immunity attached. (Docket Entry No. 504). The felony judges appealed.

---

[1] Article 15.17 of the Texas Code of Criminal Procedure sets out the duties of an arresting officer and the magistrate judge within 48 hours of an arrest. An arrestee's initial appearance before a magistrate "is sometimes called the 'article 15.17 hearing'; it combines the Fourth Amendment's required probable-cause determination with the setting of bail, and is the point at which the arrestee is formally apprised of the accusation against him." *Rothgery v. Gillespie County*, 554 U.S. 191, 195 (2008). At an article 15.17 hearing,

> [t]he magistrate shall inform in clear language the person arrested, either in person or through a videoconference, of the accusation against him and of any affidavit filed therewith, of his right to retain counsel, of his right to remain silent, of his right to have an attorney present during any interview with peace officers or attorneys representing the state, of his right to terminate the interview at any time, and of his right to have an examining trial. The magistrate shall also inform the person arrested of the person's right to request the appointment of counsel if the person cannot afford counsel. The magistrate shall inform the person arrested of the procedures for requesting appointment of counsel. . . . . The magistrate shall allow the person arrested reasonable time and opportunity to consult counsel and shall, after determining whether the person is currently on bail for a separate criminal offense and whether the bail decision is subject to Article 17.027, admit the person arrested to bail if allowed by law. . . .

Tex. Code Crim. Proc. art. 15.17(a).

After the briefing concluded on the motion to quash the subpoena on the District Attorney's Office, but before this court ruled, the Fifth Circuit reversed this court's denial of the felony judges' motion to quash. *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022). The circuit held that a subpoena does qualify as a "suit" for sovereign immunity purposes. "Just as sovereign immunity's preference for substance over form means that it applies to state officials—and not just states— sovereign immunity also applies to state officials as third parties, not just as defendants." *Id.* at 514. "Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery" because "Plaintiffs may not obtain by third-party subpoena what they could not obtain from the Felony Judges as defendants." *Id.* at 514–15. In other words, because the felony judges could not be sued,[2] they could not be subpoenaed. *Id.*

The "if you cannot sue them, you cannot subpoena them" rule made the issue in this case whether the Harris County District Attorney's Office could have been sued. The plaintiffs argued that the Office could be sued under *Ex parte Young*. The court held a hearing and requested additional briefing on the *Ex parte Young* issue, (Docket Entry No. 617), which the parties timely submitted, (Docket Entries No. 619, 624).

---

[2] The Fifth Circuit assumed, without actually deciding, that suit against the felony judges would be barred by sovereign immunity. The court based its reasoning on the panel decision in *Daves v. Dallas County*, 984 F.3d 381 (5th Cir. 2020). In that decision, the court held that suit against the felony judges (referred to as district court judges in *Daves*) was barred by sovereign immunity and that the *Ex parte Young* exception did not apply. *Id.* at 400. The Fifth Circuit later granted en banc review and vacated the panel opinion. *Daves v. Dallas County*, 988 F.3d 834 (5th Cir. 2021) (mem.). It is black letter law that a vacated opinion has no legal effect. *See, e.g., Johnson v. Bd. of Educ.*, 457 U.S. 52, 53–54 (1982); *O'Connor v. Donaldson*, 422 U.S. 563, 577 n.12 (1975).

When the en banc court issued its opinion in *Daves*, it dealt only with whether the plaintiffs had standing to sue the felony judges and explicitly did not reach the *Ex parte Young* issue. "Because the Plaintiffs in this case lack standing to sue the District and County Judges, there can be no liability for Dallas County arising from their actions. We therefore need not consider, had they as state actors been properly joined, how they apply *Ex parte Young*." *Daves v. Dallas County*, 22 F.4th 522, 544 (5th Cir. 2022) (en banc). Because the panel opinion was vacated and the Fifth Circuit declined to reach the sovereign immunity issue, there is no legally binding determination that *Ex parte Young* would not allow suit against the felony judges.

This court is, of course, bound by Fifth Circuit precedent, even if that precedent relies on a vacated opinion and assumes a judicial determination that has not actually been made. For the purpose of applying *Russell v. Jones*, this court assumes that suit against the felony judges is barred by state sovereign immunity.

At the hearing and in its supplemental briefing, the District Attorney's Office persuasively argued that *Ex parte Young* would not allow suit against the Office because the doctrine applies only to individuals, not to entities. In response, the plaintiffs issued an identical subpoena to Harris County District Attorney Kim Ogg, in her official capacity. (Docket Entry No. 623-1). The District Attorney has also filed a motion to quash. (Docket Entry No. 623).

Having considered the briefing and the applicable case law under Fifth Circuit precedent, both motions to quash, (Docket Entries No. 589, 623), are granted. Under Fifth Circuit precedent, the Harris County District Attorney's Office is a state actor to which sovereign immunity applies, and it cannot be sued under *Ex parte Young*. The Office has not waived its sovereign immunity defense. Nor can the District Attorney's conduct be challenged in this lawsuit because *Ex parte Young* does not extend to conduct in her official capacity. The reasons for these rulings are set out below.

## I. Background

"Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014); *see also Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30, 35 (2012). "[S]uits against the States and their agencies . . . are barred regardless of the relief sought" by the Eleventh Amendment to the United States Constitution. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citing *Ex parte Young*, 209 U.S. 123 (1908); *Cory v. White*, 457 U.S. 85 (1982)).

The first issue for a court asked to apply sovereign immunity is "whether the defendant being sued is better described as an arm of the state partaking in the privileges of Eleventh

Amendment immunity or whether the defendant is actually part of a political subdivision unprotected by the Eleventh Amendment." *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999). Six factors guide the court's determination:

> 1. Whether the state statutes and case law view the agency as an arm of the state;
> 2. The source of the entity's funding; 3. The entity's degree of local autonomy;
> 4. Whether the entity is concerned primarily with local as opposed to statewide problems; 5. Whether the entity has the authority to sue and be sued in its own name; and 6. Whether the entity has the right to hold and use property.

*Hudson*, 174 F.3d at 681.

There is a narrow exception to Eleventh Amendment immunity for suits brought against individuals in their official capacity, as agents of the State or State entity, if the relief sought is injunctive in nature and prospective in effect. *See Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (citing *Ex parte Young*, 209 U.S. at 123). To determine whether *Ex parte Young* applies, the "court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring in part and concurring in the judgment)).

The court first considers whether the "contours" of the constitutional right are "sufficiently clear that a reasonable official would understand that what he is doing violates that right," even if binding precedent does not precisely condemn the challenged conduct. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Second, the official who is the subject of the lawsuit must have "the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001) (en banc). A "general duty to see that the laws of the state are implemented" is not

5

enough.  *Id.*  Rather, there must be "some enforcement power or act that can be enjoined."  *Id.* at
419.  The fact that an official promulgated the challenged law or rule is not enough; the official
must have the authority to enforce that law or rule.  *See, e.g.*, *In re Abbott*, 956 F.3d 696, 709 (5th
Cir. 2020); *Mi Familia Vota v. Abbott*, 977 F.3d 461, 466–68 (5th Cir. 2020).  The Fifth Circuit
has found, for example, that the Louisiana Governor and Attorney General did not have the
requisite connection to a statute making Louisiana abortion providers liable in tort for harm to
patients.  *Okpalobi*, 244 F.3d. at 423–24.  The Fifth Circuit has also held that the Texas Governor
and Attorney General lacked the necessary enforcement authority over an Executive Order and
Rule requiring the postponement of nonurgent medical procedures during the pandemic.  *In re
Abbott*, 956 F.3d at 709.  In another recent case, the Fifth Circuit ruled that the Texas Governor
and Secretary of State did not have the required connection to be subject to suit on a voting-related
Executive Order and statute that were enforced county-by-county.  *Mi Familia Vota*, 977 F.3d at
466–68.

Finally, relief in suits brought under *Ex parte Young* must be within the narrow exception
to sovereign immunity that the doctrine provides.  A plaintiff's requested relief may not
impermissibly infringe on a state's sovereign interests.  As the Fifth Circuit explained in discussing
prospective relief under *Ex parte Young*, "[o]ften, the line between the permissible and the
forbidden is fuzzy."  *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 471 (5th
Cir. 2020) (en banc).  Whether, and when, a federal court may order a state official to take
"affirmative action" under *Ex parte Young* are unsettled questions that have inspired "significant
debate."  *Id.* at 472 n.21.  It is clear, however, that a court cannot order relief that would control a
defendant's exercise of discretionary functions.  *Richardson v. Tex. Sec'y of State*, 978 F.3d 220,
241–42 (5th Cir. 2020) (citing *Ex parte Young*, 209 U.S. at 158).  A court may not order a state

6

judge to reach a particular result in a particular case, or rule a certain way on an issue committed to judicial discretion. *See Richardson*, 978 F.3d at 242 (requiring the Secretary of State to promulgate a federal district court's precise, mandated procedures for curing ballots with mismatched signatures, when the Secretary of State had "considerable" discretion to enforce election law, "impinge[d] on her discretionary function in flat violation of *Young*").

## II. Application

The plaintiffs do not dispute that the Office and the District Attorney are state actors. That position has ample support in Texas law. The Texas Constitution provides that County Attorneys act for the State. TEX. CONST. art. V, § 21 ("The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties."). But the Texas Constitution also allows the Texas legislature to determine the role of a District Attorney. *Id.* ("[I]f any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature."). And the Texas Government Code makes clear that the Harris County District Attorney is a state actor. TEX. GOV. CODE § 43.18(b) ("The district attorney shall represent the state in criminal cases pending in the district and inferior courts of the county.").

The plaintiffs argue that the Office waived state sovereign immunity because it responded to deposition requests and appeared at a discovery hearing in November 2021, without raising sovereign immunity as a defense until the April 2022 subpoena. This argument is unpersuasive. The Office's participation in producing records was not a voluntary appearance in federal court as a party because the Office had not (and has not) been sued. *Contra Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427, 436 (5th Cir. 2021). A contrary rule would mean that every time a state agency produced documents in a case in which it was not a party constitutes a waiver of its

7

sovereign immunity defense or any other defense it may have had if the agency had actually been sued.

The Office is correct that *Ex parte Young* applies only to individuals, not to state entities. "The essential ingredients of the *Ex parte Young* doctrine are that a suit must be brought against *individual persons* in their official capacities as agents of the state . . . ." *Saltz v. Tenn. Dep't of Emp. Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) (emphasis added). "To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against *individual persons* in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Aguilar*, 160 F.3d at 1054 (emphasis added). Because *Ex parte Young* cannot alleviate the state sovereign immunity bar as to the Office, suit against the Office (and therefore a subpoena) would be barred.

The "if you can't sue them, you can't subpoena them" rule is more difficult to apply when the subpoenaed state official is not a defendant raising a constitutional challenge. The court cannot "conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective'" to determine whether *Ex parte Young* applies. *Verizon Md.*, 535 U.S. at 645 (quoting reference omitted). The complaint does not assert claims against the District Attorney. This court cannot reach the merits of the *Ex parte Young* issue, and the plaintiffs cannot overcome the sovereign immunity objection. *Cf. St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009).

Applying the Fifth Circuit's decision in *Russell v. Jones* appears to mean that the Eleventh Amendment may offer greater protections to state actors as nonparties than it does when those same state actors have been sued. But that is the result the court must reach under binding

precedent.  Both the Office's motion to quash, (Docket Entry No. 589), and the District Attorney's motion to quash, (Docket Entry No. 623), are granted.

SIGNED on December 28, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge