IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LA UNIÓN DEL PUEBLO ENTERO, et al.,

Plaintiffs,

v.

GREGORY W. ABBOTT, et al.,

Defendants.

Civil Action No. 5:21-cv-844 (XR)
(consolidated cases)

## JOINT MOTION TO CLARIFY SCHEDULING ORDER

Pursuant to this Court's direction, *see* Order at 6, ECF No. 490, the United States; the

LUPE Plaintiffs, HAUL Plaintiffs, OCA-Greater Houston Plaintiffs, and Mi Familia Vota

Plaintiffs (collectively "Private Plaintiffs"); State Defendants; Defendant-Intervenors; and the

Bexar, El Paso, Harris, Hidalgo, and Travis County election administrators (collectively "County

Defendants") jointly move for clarification of this Court's Amended Scheduling Order, ECF No.

437.

**Substantive Scope of Discovery**

The Amended Scheduling Order states, "Discovery on matters related to the general

election as to all parties shall open on October 24, 2022."  Am. Scheduling Order at 2.  The

parties interpret that sentence differently.

**The United States and Private Plaintiffs.**  The United States and Private Plaintiffs take

the position that the substantive scope of discovery during this period encompasses all relevant

matters postdating the May 24, 2022, primary runoff, subject to typical limitations regarding

privilege and proportionality.  This follows from this Court's labeling of the initial period of

discovery as the period for "discovery on matters related to the primary election." *Id.*  The parties thus conducted discovery during the "primary election" period concerning all matters up to and including the 2022 primary election, including the historical background and legislative history of SB 1.  Similarly, matters contemporaneous with or subsequent to the general election period are proper subjects for discovery during the "general election" period.  Specifically, the substantive scope of discovery should include documents created or published after the primary runoff, such as the December 2022 audit report addressing, *inter alia*, voting by mail in the 2020 General Election.  *See, e.g.*, Tex. Sec'y of State, *Final Report on Audit of 2020 General Election in Texas* (Dec. 19, 2022), https://perma.cc/MH25-DW5Z.  The audit is a relevant subject of inquiry on events occurring in the 2020 general election that preceded the enactment of SB 1 in 2021.  Excluding this report from the scope of discovery would create a fundamental unfairness, as State Defendants may address mail voting generally or the audit specifically in summary judgment declarations or trial testimony.  *Cf., e.g., Covil Corp. ex rel. Protopapas v. U.S. Fidelity & Guar. Corp.*, 544 F. Supp. 3d 588, 596 (M.D.N.C. 2021) ("Excluding documents created after the close of discovery from the duty to supplement would encourage parties to wait until after discovery has closed to create documents containing potentially damaging information." (quoting *Iweala v. Operational Techs. Servs., Inc.*, No. 1:04-cv-2067, 2010 WL 11583114, at *2 (D.D.C. Apr. 13, 2010))).  And because the Secretary of State published the 359-page audit report after the 2022 general election, the United States and Private Plaintiffs had no opportunity to inquire about it during the primary election discovery period.[1]

---

[1] To the extent that the Court determines its prior order does not encompass these subjects, good cause exists for modification to permit discovery concerning documents and other materials newly created after the May 2022 primary runoff.  *See* Fed. R. Civ. P. 16(a)(4); *Springboards to Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019).

**State Defendants.**  State Defendants note that the "general election discovery period" is limited as to both subject matter and time. The phrase "matters related to the general election" limits discovery during the current period to matters reasonably related to the 2022 General Election. In applying that limitation, it makes practical sense to also recognize a time limit of May 25, 2022 (the day after the Primary Runoff Election) through February 15, 2023 (the last day to send written discovery for the general election discovery period). However, that time limitation does not nullify the amended scheduling order's subject matter limits. Arguments to the contrary attempt to expand the order three weeks before discovery closes rather than interpret its plain meaning. While the United States focuses on the forensic audit of the 2020 General Election, its expansive reading would extend discovery to any document or matter postdating May 24, 2022, subject only to the normal constraints of Rule 26(b).

The United States' view of the scheduling order would be improper even if it were limited to the forensic audit, of which it has long been aware. The Texas Secretary of State announced the audit on September 23, 2021. The Phase 1 Progress Report on Full Forensic Audit of 2020 General Election was released on December 31, 2021. State Defendants provided a copy of this already publicly available document in early April 2022. But the United States only now seeks discovery on the audit. That attempt falls far outside the legitimate scope of general election discovery.[2]

The language regarding Primary Election Discovery supports State Defendants' position. Most of the discovery conducted prior to the general election discovery period was governed by

---

[2] The 2020 General Election Audit may have been discoverable under State Defendants' obligation to supplement pursuant to Rule 26(e). However, the United States failed to include any topics related to the audit in its March 15, 2022, Notice of Deposition to the Office of the Texas Secretary of State. The United States confirmed its disinterest in that topic by neglecting to ask even a single question about the audit during this initial Rule 30(b)(6) deposition.

the Court's original scheduling order, which did not impose subject matter limitations beyond those contained in the Federal Rules. *See* ECF 125 (issued on November 18, 2021, and establishing May 13, 2022, as the deadline for the completion of all discovery). The amended scheduling order allowed five broadly worded subcategories of discovery that remained outstanding at the end of the previous generalized discovery period to be completed during the primary discovery period. ECF 437 at 1. By contrast, the amended scheduling order enumerated only two categories of discovery that would be proper during General Election Discovery: 1) matters relating to the November 2022 General Election, and 2) documents produced in response to successful motions to compel filed during the primary election discovery period. *Id*. at 2. No controversy presently exists as to the latter subject matter. The text's clear meaning should govern the former and apply equally to all parties in this litigation.

**Intervenor-Defendants.**  Intervenor-Defendants maintain that the general election discovery permitted by the Court's various orders relates only to documents created, or matters that occurred, from May 25, 2022 (the day after the primary run-off) through February 15, 2023, that are reasonably related to the 2022 General Election.  Indeed, the Court has already clarified that the purpose of the general election discovery period is to "address[] matters specific to the general election." Dkt. No. 490 at 7.

**County Defendants.**  El Paso County Elections Administrator Lisa Wise, and Harris County Elections Administrator Clifford Tatum write separately to request that any order on this Motion makes clear that the scope of discovery to which they are currently subject remains confined to "matters relating to the November 2022 general election" as set forth in the Court's Amended Scheduling Order of June 8, 2022. ECF No. 437, Am. Scheduling Order at 2.  Any order concerning the audit report released by the state in December 2022 should not affect El

Paso County, since El Paso County was not subject to that audit and its contents do not relate to El Paso County. Therefore, any written discovery served on or any depositions taken of Defendant Wise and her office should remain confined to "matters *relating to* the November 2022 general election."  ECF No. 437, Am. Scheduling Order at 2 (emphasis added) ("The deadline for completion of fact discovery on matters related to the general election as to all parties is March 17, 2023.).  Defendant Wise and her office object to written discovery or deposition questioning to the extent any other party asserts that such written discovery or deposition questioning should extend beyond that scope.

Bexar, Hidalgo, and Travis Counties join in this request.

**Depositions**

The Amended Scheduling Order also states with respect to the current discovery period, "The parties may commence or reopen no more than 10 depositions per side, absent further leave of the Court."  Am. Scheduling Order at 2.  The parties again disagree as to the substantive significance of this sentence.

**The United States and Private Plaintiffs.**  The United States and Private Plaintiffs take the position that these depositions may last up to "one day of 7 hours."  Fed. R. Civ. P. 30(d)(1). Of note, the United States has noticed a Rule 30(b)(1) deposition of Director Keith Ingram of the Elections Division of the Office of the Texas Secretary State—a Tier 1 witness identified by State Defendants in their initial disclosures—and has informed State Defendants of its intention to notice a Rule 30(b)(6) deposition of the Office of the Texas Secretary of State, a named Defendant.  State Defendants may choose to designate Director Ingram to testify on behalf of the Office of the Texas Secretary of State, but that decision cannot create limitations on the length of either deposition.  Rather, courts have consistently "rejected the argument that a Rule 30(b)(6)

deposition is unnecessary or cumulative simply because individual deponents—usually former or current employees of the entity whose Rule 30(b)(6) deposition is sought—have already testified about the topics noticed in the Rule 30(b)(6) deposition notice." *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012); *see also, e.g.*, *Appleton Papers Inc. v. George A. Whiting Paper Co.*, No. 08-cv-16, 2009 WL 2870622, at *2 (E.D. Wis. Sep. 2, 2009); *Alfadda v. Fenn*, 149 F.R.D. 28, 30 (S.D.N.Y. 1993).   This distinction is no less applicable where the entity designates as its representative an individual already noticed as a fact witness.  Indeed, collapsing the distinction in that circumstance would create "substantial potential for over-reaching," including that "any entity that wanted to limit the testimony of an individual could accomplish that goal by designating the individual as a 30(b)(6) witness." *Sabre v. First Dominion Cap., LLC*, No. 01-cv-2145, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001); *see also, e.g.*, *Cincinnati Ins. Co. v. Desert State Life Mgmt.*, No. 18-cv-981, 2020 WL 5369061, at *5 (D.N.M. Sept. 8, 2020).  The United States and Private Plaintiffs have committed to be efficient and respectful of the deponents' time, and have offered to attempt to conduct in a single day both Director Ingram's Rule 30(b)(1) deposition and any portion of the Rule 30(b)(6) deposition for which the Office of the Secretary of State designates Director Ingram as its witness.  However, no preemptive limitations are warranted.[3]

---

[3] The parties have successfully negotiated an appropriate length for the deposition of Bexar County, which will occur on Tuesday, February 28.  Negotiations are ongoing as to an appropriate length for other county depositions, balancing the needs of the parties, the roles of the counties in implementing the challenged provisions of SB 1, and the burden on county officials.  *See* Fed. R. Civ. P. 26(b)(1).  With respect to counties that State Defendants intend to depose, the United States and Private Plaintiffs merely seek to participate with equal time.  At this time, no ruling on the application of the Court's scheduling order to these specific defendants is warranted.

**State Defendants.**  State Defendants note that the length of depositions of previously deposed witnesses is not addressed in this Court's amended scheduling order. Instead, the Federal Rules of Civil Procedure govern. While those Rules allow for a deposition to last up to "one day of 7 hours,"  Fed. R. Civ. P. 30(d)(1), they also provide that the court must limit the frequency or extent of discovery otherwise allowed if that discovery is unduly duplicative, there has been ample opportunity to obtain the information through other discovery in the same action, or the discovery is not proportional to the needs of the case, Fed. R. Civ. P. 26(b)(2)(C). Although State Defendants believe all three circumstances apply to the forthcoming depositions of Keith Ingram and the Office of the Texas Secretary of State, they have nonetheless attempted in good faith to reach agreement with the United States about reasonable time limits in order to avoid court intervention.

Mr. Ingram was previously deposed in his individual capacity for 4 hours and 17 minutes. He was also the sole designee during the first Section 30(b)(6) deposition of the Texas Secretary of State, which lasted for 7 hours and 38 minutes over the course of two days. Mr. Ingram has thus already been deposed in this litigation for almost 12 hours. Requiring him to sit as a fact witness for up to an additional 7 hours, in addition to his substantial responsibilities pursuant to any forthcoming Rule 30(b)(6) deposition, is unreasonable, unduly burdensome, and contrary to the Federal Rules.

Finally, State Defendants note that it is unclear whether the United States considers these upcoming depositions to be reopened or newly commenced. If reopened, State Defendants' position is that Rule 30(d)(1)'s 7-hour time limit applies as to the combined primary election discovery period and the general election discovery period, which leaves the United States with no additional time for the Rule 30(b)(6) and less than 3 hours for Mr. Ingram's individual

deposition. However, in an attempt to compromise, and in recognition that some amount of additional deposition testimony is likely warranted, State Defendants have heretofore treated the depositions as newly commenced. Given Mr. Ingram's outsized role in any Rule 30(b)(6) deposition, State Defendants have sought to address the issue of reasonable time limitations in tandem, but they have never conflated the two proceedings.

State Defendants proposed a total of 9 hours of combined record time for the two depositions, with Mr. Ingram being deposed for no more than 6 hours of combined record time and any other designees for the Rule 30(b)(6) deposition being limited to no more than 3 hours of record time. Under this proposal, the United States could have allocated the time between the two depositions as it saw fit, including foregoing Mr. Ingram's individual deposition altogether and instead extending this new Rule 30(b)(6) deposition to 9 hours of record time. Rather than continuing to work toward compromise, the United States responded by issuing a deposition notice for Mr. Ingram and alerting State Defendants that the Rule 30(b)(6) notice was soon to follow. Though State Defendants' attempts at compromise have been unsuccessful, they nonetheless remain willing to continue working toward a reasonable solution. Absent agreement, or contrary guidance from the Court, State Defendants may need to move for protection.

**County Defendants.** El Paso County Elections Administrator Lisa Wise and Harris County Elections Administrator write separately to address the length of any deposition of themselves or representatives of their offices. Defendant Wise previously sat for 7 hours and 27 minutes in a 30(b)(6) deposition of the El Paso County Elections Administrator and for 7 hours and 29 minutes in a 30(b)(1) deposition. The prior Harris County Elections Administrator sat for a total of approximately seven hours of deposition testimony. The State Defendants, the United States, and Private Plaintiffs participated in those depositions. Since then, on February 21, 2023,

8

the State Defendants sent a notice for a 30(b)(6) deposition of the El Paso County Elections Administrator that contains 27 topics and a notice to the Harris County Elections Administrator that contains 28 topics, and the United States and Private Plaintiffs have indicated that they are interested in participating in this deposition and/or further deposing Defendant Wise in her individual capacity.  On a meet and confer call among the parties on February 24, 2023, both the United States and State Defendants indicated that they may seek up to seven hours total or beyond for these depositions of El Paso County, and the State Defendants indicated that they alone may seek up to eight or nine hours for a depositions of the Harris County Elections Administrator's office.  Notably, "[t]he deadline for completion of fact discovery on matters related to the general election as to all parties is March 17, 2023."  Am. Scheduling Order at 2.

Defendants Wise and Tatum respectfully requests that any further deposition of themselves and/or a representative of their office be limited to four hours in total, split evenly between the Defendants and Intervenors on one side and the United States and the Private Plaintiffs on the other. (Two hours for Defendants and Intervenors together and two hours for the United States and the Private Plaintiffs together). Defendants Wise and Tatum still plan to confer with the State Defendants regarding deposition limitations. Given the limited scope of discovery during the current discovery period and the fact that the parties have had over fourteen hours on record to explore the El Paso County Elections Administrator's election procedures and past elections and seven hours total for the Harris County Election Administrator's office, four hours total of additional deposition time is proportional to the needs of this case, as it balances the parties' needs for limited follow-up discovery with the burdens on Defendants Wise, Tatum, and their office's time.  *See* Fed. R. Civ. P. 26(b)(1).

In addition to the proportionality considerations that arise from Defendants Wise and Tatum having already provided nearly 15 hours and 7 hours of deposition testimony respectively—and the constraints on their time associated with her job responsibilities—a four-hour (total) limit on additional deposition time of Defendant Wise and her office and Defendant Tatum and their office is further justified by the burdensome and voluminous written discovery that was recently served on County Defendants in this case.  Specifically, State Defendants and Private Plaintiffs recently served six new sets of written discovery on Defendants Wise and Tatum on the last possible day, making her responses due on March 17—the same day as the close of discovery.

**<u>Conclusion</u>**

The parties respectfully request clarification of these issues at the Court's earliest convenience, in light of the March 17 close of fact discovery.  *See* Am. Scheduling Order at 2.

Respectfully submitted,

Date:  February 27, 2023

**For the United States:**

KRISTEN CLARKE
Assistant Attorney General

ELISE C. BODDIE
Principal Deputy Assistant Attorney General
Civil Rights Division

*/s/ Daniel J. Freeman*
T. CHRISTIAN HERREN, JR.
RICHARD A. DELLHEIM
DANIEL J. FREEMAN
DANA PAIKOWSKY
MICHAEL E. STEWART
JENNIFER YUN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
daniel.freeman@usdoj.gov

**For Mi Familia Vota Plaintiffs:**

*/s/ Wendy J. Olson*
Wendy J. Olson*
Laura E. Rosenbaum*
Elijah Watkins*
Mark Bieter*
Bradley Prowant*
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480
wendy.olson@stoel.com
laura.rosenbaum@stoel.com
elijah.watkins@stoel.com
mark.bieter@stoel.com
bradley.prowant@stoel.com

Sean Lyons
State Bar No. 00792280
Clem Lyons
State Bar No. 12742000
LYONS & LYONS, P.C.
237 W. Travis Street, Suite 100
San Antonio, TX 78205
Telephone: (210) 225-5251
Facsimile: (210) 225-6545
sean@lyonsandlyons.com
clem@lyonsandlyons.com

Courtney Hostetler*
Ron Fein*
John Bonifaz*
Ben Clements*
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
Telephone: (617) 249-3015
chostetler@freespeechforpeople.org
rfein@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org

**For OCA Greater Houston Plaintiffs:**

*/s/ Zachary Dolling*
Zachary Dolling
Texas Bar No. 24105809
Hani Mirza
Texas Bar No. 24083512
Sarah Chen*
California Bar No. 325327
**TEXAS CIVIL RIGHTS PROJECT**
1405 Montopolis Drive
Austin, TX 78741
512-474-5073

Thomas Buser-Clancy
Texas Bar No. 24078344
Edgar Saldivar
Texas Bar No. 24038188
Savannah Kumar
Texas Bar No. 24120098
Ashley Harris
Texas Bar No. 24123238
**ACLU FOUNDATION OF TEXAS, INC.**
5225 Katy Freeway, Suite 350
Houston, TX 77007
(713) 942-8146

Adriel I. Cepeda Derieux*
Ari Savitzky*
Sophia Lin Lakin*
Dayton Campbell-Harris
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad St., 18th Floor
New York, NY 10004
(212) 284-7334

Susan Mizner*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
39 Drumm St.
San Francisco, CA 94111
(415) 343-0781

Brian Dimmick*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
915 15th St. NW
Washington, DC 20005
(202) 731-2395

LUCIA ROMANO
Texas State Bar No. 24033013
LISA A. SNEAD
Texas State Bar No. 24062204
PETER HOFER
Texas State Bar No. 09777275
**DISABILITY RIGHTS TEXAS**
2222 West Braker Lane
Austin, Texas 78758-1024
(512) 454-4816

Jerry Vattamala*
Susana Lorenzo-Giguere*
Patrick Stegemoeller*
**ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND**
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932

Jessica Ring Amunson*
Alyssa G. Bernstein*
**JENNER & BLOCK LLP**
1099 New York Ave. NW, Suite 900
Washington, DC 20001
(202) 639-6000

Gregory D. Washington*
**JENNER & BLOCK LLP**
455 Market St. Suite 2100

**For LUPE Plaintiffs:**

*/s/ Nina Perales*
Nina Perales
Julia R. Longoria
MEXICAN AMERICAN LEGAL DEFENSE AND
EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210 224-5382
nperales@maldef.org
jlongoria@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Jason S. Kanterman*
Kevin Zhen*
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000

*/s/ Sean Morales-Doyle*
Sean Morales-Doyle
Eliza Sweren-Becker*
Patrick A. Berry*
Andrew B. Garber*
Jasleen K. Singh*
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
Telephone: (646) 292-8310
Facsimile: (212) 463-7308
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu
patrick.berry@nyu.edu
andrew.garber@nyu.edu
* Admitted *pro hac vice*

**For HAUL Plaintiffs:**

*/s/ Jennifer Holmes*
Kenneth E. Broughton
Texas Bar No. 03087250
J. Keely Pippin*
Texas Bar No. 24116306
Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3800

Sarah Cummings Stewart
Texas Bar No. 24094609
Reed Smith LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
(469) 680-4200

Jennifer A. Holmes*
NAACP Legal Defense and Educational
Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 682-1300
jholmes@naacpldf.org

Kathryn Sadasivan*
Amir Badat*
Victor Genecin*
Breanna Williams*
NAACP Legal Defense and Educational
Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
 (212) 965-2200

Shira Wakschlag*
The Arc of the United States, Inc.
1825 K Street, NW, Suite 1200
Washington, DC 20006
 (202) 534-3708
*Admitted *pro hac vice*

**For State Defendants:**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil
Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division
Tex. State Bar No. 24087727

*/s/ Kathleen T. Hunker*
KATHLEEN T. HUNKER
Special Counsel
Tex. State Bar No. 24118415

J. AARON BARNES
Special Counsel
Tex. State Bar No. 24099014

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
(512) 463-2100
christopher.hilton@oag.texas.gov
kathleen.hunker@oag.texas.gov
aaron.barnes@oag.texas.gov

**For Defendant-Intervenors**

*/s/ John M. Gore*
John M. Gore
E. Stewart Crosland (pro hac vice)
Stephen J. Kenny (pro hac vice)
Charles E.T. Roberts
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
scrosland@jonesday.com
skenny@jonesday.com
cetroberts@jonesday.com

*Counsel for Intervenor-Defendants*

**For Defendant El Paso County Election Administrator:**

*/s/ Orion Armon*

Orion Armon (CO SBN 34923)
oarmon@cooley.com
1144 15th Street, Suite 2300
Denver, CO 80202-2686
720 566-4000

COOLEY LLP
Beatriz Mejia* (CA SBN 190948)
David Louk* (CA SBN 304654)
Sharon Song* (CA SBN 313535)
Kelsey Spector* (CA SBN 321488)
Germaine Habell* (CA SBN 333090)
Caroline A. Lebel* (CA SBN 340067)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
415 693-2000

STATES UNITED DEMOCRACY CENTER
Christine P. Sun* (CA SBN 218701)
3749 Buchanan St., No. 475165
San Francisco, CA 94147-3103
1 615 574-9108

STATES UNITED DEMOCRACY CENTER
Ranjana Natarajan (TX SBN 24071013)
1801 E 51st St., Suite 365, No. 334
Austin, TX 78723
(323) 422-8578

STATES UNITED DEMOCRACY CENTER
Marina Eisner* (DC SBN 1005593)
1101 17 Street NW
Washington, DC 20036
 (240) 600-1316

STATES UNITED DEMOCRACY CENTER
Robert Cotter* (IL SBN 6334375)
7510 N. Greenview Ave., Apt. #3
Chicago, IL 60626

Telephone: (224) 235-2606
EL PASO COUNTY ATTORNEYS
Jo Anne Bernal (TX SBN 02208720)
El Paso County Attorney
Joanne.Bernal@epcounty.com
John E. Untereker (TX SBN 24080627)
Assistant County Attorney
juntereker@epcounty.com
500 East San Antonio, Room 503
El Paso, Texas 79901
Telephone: +1 915 546-2050
Facsimile: +1 915 546-2133

*Admitted pro hac vice*

**For Defendant Harris County Election Administrator:**

*/s/ Sameer S. Birring*

**CHRISTIAN D. MENEFEE**
Harris County Attorney
Texas Bar No. 24088049
Christian.Menefee@harriscountytx.gov
**JONATHAN G.C. FOMBONNE**
First Assistant Harris County Attorney
Texas Bar No. 24102702
Jonathan.Fombonne@harriscountytx.gov
**TIFFANY S. BINGHAM**
Managing Counsel, Affirmative Litigation Division
Texas Bar No. 24012287
Tiffany.Bingham@harriscountytx.gov
**SAMEER S. BIRRING**
Senior Assistant County Attorney
Texas Bar No. 24087169
Sameer.Birring@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

**For Defendant Bexar County Election Administrator:**

JOE D. GONZALES
Bexar County Criminal District Attorney

By: /s/ *Lisa V. Cubriel*
**LISA V. CUBRIEL**
State Bar No. 24045731
Assistant District Attorney – Civil Division
**LARRY L. ROBERSON**
Civil Section Chief
Bexar County District Attorney's Office
101 W. Nueva, 7th Floor
San Antonio, Texas 78205-3030
Telephone: (210) 335-2142
Lisa.Cubriel@bexar.org
lroberson@bexar.org

**For Defendant Hidalgo County Election Administrator:**

/s/ Josephine Ramirez-Solis
Josephine Ramirez-Solis
Assistant District Attorney
Texas Bar No. 24007894
josephine.ramirez@da.co.hidalgo.tx.us
Leigh Ann Tognetti
Assistant District Attorney
Texas Bar No. 24083975
leigh.tognetti@da.co.hidalgo.tx.us
100 E. Cano, First Floor
Hidalgo County Courthouse Annex III
Edinburg, Texas 78539
(956) 292-7609

**For Defendant Travis County Election Administrator:**

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:      (512) 854-9513

By: /s/ *Anthony J. Nelson*

LESLIE W. DIPPEL
State Bar No. 00796472
Leslie.Dippel@traviscountytx.gov
ANTHONY J. NELSON
State Bar No. 14885800
Tony.Nelson@traviscountytx.gov
PATRICK T. POPE
State Bar No. 24079151
Patrick.Pope@traviscountytx.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

*/s/ Daniel J. Freeman*
Daniel J. Freeman
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530
(202) 305-4355
daniel.freeman@usdoj.gov