IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| La Unión Del Pueblo Entero, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>Gregory W. Abbott, *et al.*,<br><br>*Defendants*. | No. 5:21-cv-00844-XR |

**INTERVENOR-DEFENDANTS' OPPOSITION TO LUPE PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
<u>AND TO COMPEL TESTIMONY OF HARRIS COUNTY REPUBLICAN PARTY</u>**

For the reasons explained below and on the record at the March 7, 2022 hearing, the Court should deny the LUPE Plaintiffs' motion to compel. *See* Dkt. No. 547.[1]

*First*, on December 1, 2022, Intervenor-Defendants, including the Harris County Republican Party, produced all documents and communications within their possession, custody, or control that were responsive to Plaintiffs' Requests for Production #1 and #3 and related to the "primary election" discovery period. *See* Dec. 1, 2022 Letter (Ex. A). Those documents included dozens of emails sent by or to Mr. Alan Vera on his private work email account with Quest Business Agency, Inc., on which Harris County Republican Party committee email accounts were copied. Mr. Vera even testified regarding those emails during his deposition without objection. *See, e.g.*, Vera Dep. Tr. 129:12-131:24 (Ex. B).

---

[1] Plaintiffs filed their motion to compel on Saturday morning, March 4. On the afternoon of Monday, March 6, the Court noticed the motion for a hearing the following day. *See* Dkt. No. 550. Intervenor-Defendants file this opposition within the time prescribed by the Court's local rules. *See* Local R. CV-7(D)(2).

Intervenor-Defendants' search of their hard-copy files and the "previously disclosed custodians' committee email accounts" using a broad range of search terms, *see* Ex. A at 1, was more than reasonable, "proportional to the needs of the case," and appropriate to the "burden and expense" in this matter, Fed. R. Civ. P. 26(b)(1); *Perez v. Boecken*, No. SA-19-CV-00375-XR, 2019 WL 5080392, at *4 (W.D. Tex. Oct. 10, 2019) ("[I]nformation that only tangentially relates to an issue in the case" does not satisfy the proportionality standard), *aff'd*, No. SA-19-CV-00375-XR, 2020 WL 96907 (W.D. Tex. Jan. 8, 2020). After all, Intervenor-Defendants did not enact and do not enforce SB 1; instead, they are merely regulated by it. *See La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 306 (5th Cir. 2022). Intervenor-Defendants' documents therefore are not even "relevant" to Plaintiffs' claims. Fed. R. Civ. P. 26(b). Even communications between Intervenor-Defendants and the Texas Legislature have no bearing on the issues presented in this case. *See Brnovich v. Dem. Nat'l Comm.*, 141 S. Ct. 2321, 2350 (2021) ("The 'cat's paw' theory has no application to legislative bodies" since "the legislators who vote to adopt a bill are not the agents of the bill's sponsors or proponents").

*Second*, Plaintiffs' belated contention that Intervenor-Defendant Harris County Republican Party was obliged to secure and search Mr. Vera's personal work email account, *see* Dkt. No. 547 at 11-13, is waived, *see, e.g.*, *Hunter v. Booz Allen Hamilton, Inc.*, No. 2:19-cv-411, 2021 WL 790208, at *2 (S.D. Ohio 2021) (noting that a "requesting party may forfeit its right" to discovery if it "does not promptly raise" that right). Intervenor-Defendants informed Plaintiffs that they had searched committee email accounts on December 1, 2022, and Intervenor-Defendants' December 1 production included dozens of emails sent from or to Mr. Vera's personal work email account with Quest Business Agency. *See* Ex. A at 1. Plaintiffs' intimation that they asked the Harris County Republican Party to search Mr. Vera's personal work email in their January 12, 2023 letter,

2

*see* Dkt. No. 547 at 2, 4, is false. Plaintiffs' January 12 letter requested confirmation that Intervenor-Defendants had searched for hard-copy documents, such as "mail correspondence and other paper communication," *in addition to* "committee email accounts." Jan. 12, 2023 Letter at 2 (Ex. C). Intervenor-Defendants had done so and provided that confirmation in a January 16, 2023 letter, *see* Jan. 16, 2023 Letter at 1 (Ex. D), to which Plaintiffs never responded. Plaintiffs did not raise the issue of searching Mr. Vera's personal work email account until his deposition on February 27, 2023. *See* Ex. B at 165:13-168:8. That was only four days before the then-operative, agreed-upon March 4, 2023 closing date of discovery as to Intervenor-Defendants, *see* Dkt. No. 514, and so late that any "response would not be due until after the . . . deadline," Dkt. No. 437 at 1. Plaintiffs also never issued a subpoena duces tecum to either Mr. Vera or Quest Business Agency, as Mr. Vera's counsel noted on the record at his deposition. *See* Ex. B at 167:21-168:8.[2]

*Third*, in all events, Mr. Vera's personal work email account is not within the "possession, custody, or control" of the Harris County Republican Party. Fed. R. Civ. P. 26(a)(1)(A)(ii); *see also Nat. Union Fire Ins. Co. of Pittsburgh, Pa v. Midland Bancor, Inc.*, 159 F.R.D. 562, 566 (D. Kan. 1994) ("The federal courts have universally held that documents are deemed to be within the possession, custody, or control of a party . . . if the party has actual possession, custody or control of the materials or has the legal right to obtain the documents on demand."). Mr. Vera is an "unpaid . . . volunteer," *see* Ex. B at 19:9-19:11, not an "employe[e]," *Ultravision Technologies, LLC v. Govision, LLC*, No. 2:18-cv-00100-JRG-RSP, 2020 WL 10692709, *2 (E.D. Tex. Aug. 28, 2020) (cited at Dkt. No. 547 at 12), of the Harris County Republican Party. Mr. Vera's personal

---

[2] Plaintiffs' motion neglects to mention that Mr. Vera is represented by his own counsel. To Intervenor-Defendants' knowledge, Plaintiffs' counsel never followed up with Mr. Vera's counsel after the deposition or conferred with him before filing the motion. *See* Local R. CV-7(G). Moreover, to Intervenor-Defendants' knowledge, Mr. Vera's counsel received no notice of the March 7, 2022 hearing. Mr. Vera's counsel was not present at that hearing.

work email account contains emails that have nothing to do with the Harris County Republican Party, including emails pertaining to his work for Quest Business Agency and with other organizations, as well as communications with his counsel. *See* Ex. B at 14:22-15:1, 19:12-20:14. The Harris County Republican Party therefore has no "right, authority, or practical ability to obtain" Mr. Vera's personal work email account. *Perez v. Perry*, No. SA-11-CV-360-OLG-JES, 2014 WL 1796661, at *1 (W.D. Tex. May 6, 2014) (cited at Dkt. No. 547 at 11-12). That is particularly true when Mr. Vera responds to requests or communications initiated by members of the Texas Legislature. In that scenario, Mr. Vera acts as the agent of those legislators, not of the Harris County Republican Party. *See, e.g.*, *Almonte v. City of Long Beach*, 478 F.3d 100, 107 (2d Cir. 2007); *see also* Dkt. No. 555 at 2-3.

*Finally*, as the Office of Attorney General has explained, the legislative privilege objections asserted during Mr. Vera's deposition were proper. *See* Dkt. No. 555.

The Court should deny Plaintiffs' motion to compel.

March 9, 2023

Respectfully submitted,

/s/ *John M. Gore*
John M. Gore
E. Stewart Crosland (*pro hac vice*)
Stephen J. Kenny (*pro hac vice*)
Louis J. Capozzi (*pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
scrosland@jonesday.com
skenny@jonesday.com
lcapozzi@jonesday.com

*Counsel for Intervenor-Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on March 9, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record.

<em>/s/ John M. Gore</em>