# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO *et al.*, | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. SA-21-CV-00844-XR |
| v. | § | |
| | § | |
| GREGORY W. ABBOTT, IN HIS | § | |
| OFFICIAL CAPACITY AS GOVENOR | § | |
| OF TEXAS *et al.*; | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered: (1) Plaintiffs' Motion to Compel Production of Documents and to Compel Testimony of Defendant Intervenor Harris County Republican Party (ECF No. 547) and the responses thereto (ECF Nos. 555, 560), and (2) the parties' Joint Motion for Clarification of the Scheduling Order (ECF No. 542). After careful consideration, the Court issues the following order.

## BACKGROUND

In August 2021, the Texas Legislature passed Senate Bill 1 ("SB 1"), which amended various provisions of the Texas Election Code pertaining to voter registration, voting by mail, poll watchers, and more. In the days and weeks after the law was enacted, numerous parties began filing complaints against various Texas state officials (the "State Defendants") and local elections administrators in this district, challenging certain provisions of SB 1 under the United States Constitution and various federal civil rights statutes. In the interest of judicial economy, these were consolidated under the above-captioned case, as it was first filed.[1]

---

[1] *See* ECF No. 31 (consolidating *OCA-Greater Houston v. Esparza*, No. 1:21-cv-780 (W.D. Tex. 2021); *Houston Justice v. Abbott*, No. 5:21- cv-848 (W.D. Tex. 2021); *LULAC Texas v. Esparza*, No. 1:21-cv-786 (W.D. Tex. 2021)

In October 2021, several local and national Republican committees (the "Committees"), including The Harris County Republican Party ("HCRP" or "Defendant-Intervenor"), sought to intervene in this case. ECF No. 57. The Court denied their motion, concluding that the Committees had not established a legally protectable interest at stake in this litigation or that the State Defendants' representation of their purported interests would be inadequate. *See* ECF No. 122 at 2–7. The Fifth Circuit reversed the Court's order denying intervention, concluding that the Committees' interest in SB 1's provisions concerning party-appointed poll watchers—an interest raised for the first time on appeal—warranted intervention. *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 306 (5th Cir. 2022).

In May 2022, the Court granted the Committees' renewed motion to intervene and, after giving the parties an opportunity to confer, the parties submitted a proposed Amended Scheduling Order on June 7, 2022, to accommodate the Committees' participation in the case and various delays caused by discovery disputes. *See* Text Orders dated May 13, 2022 and May 18, 2022; ECF No. 436. The next day, the Court entered the Amended Scheduling Order tracking the parties' proposal. ECF No. 437.

The HCRP now seeks to avoid producing certain discovery to the Plaintiffs. *See* ECF No. 560. Specifically, Plaintiffs seek to compel Defendant-Intervenor to comply with Requests for Production Numbers 1[2] and 3[3], which it previously agreed to produce at a hearing on November 14, 2022. The relevant exchange between counsel for the HCRP and the Court was as follows:

---

and *Mi Familia Vota v. Abbott*, No. 5: 21-cv-920 (W.D. Tex. 2021) under *La Unión del Pueblo Entero v. Abbott*, No. 5:21-cv-844 (W.D. Tex. 2021); *United States v. Texas*, No. 5:21-cv-1085 (W.D. Tex. 2021), ECF No. 13.

[2]   REQUEST FOR PRODUCTION NO. 1. All documents, including but not limited to communications, talking points, and memoranda, sent to or exchanged with the Texas Legislature regarding SB 1, SB 7, HB 3, or HB 6.

[3] REQUEST FOR PRODUCTION NO. 3. All documents, including but not limited to communications, talking points, and memoranda, sent to or exchanged with the Office of the Texas Governor, the Office of the Texas Attorney General, the Office of the Texas Lieutenant Governor, or the Office of the Texas Secretary of State regarding SB 1, SB 7, HB 3, or HB 6.

> THE COURT: Okay. So then I'm hearing from you that you're going to produce all documents responsive to Request for Production Number 1 without objection and without any assertion of privileges by December 1. Is that what I'm hearing?
>
> MR. GORE: Yes, Your Honor.
>
> ***
>
> [After further discussion regarding the similarities between RFP 1 and 3, the Court stated:]
>
> THE COURT: So I expect Number 3 is going to be fully complied with by December 1.

ECF No. 487, Hr'g Tr. at 13:17–22, 35:3–4. The Court warned counsel that, to the extent that the production was deficient, it would entertain sanctions. *Id.* at 18:2–7. In its written order memorializing its rulings on the parties' discovery disputes, the Court further cautioned that a party found to have "improperly assert[ed] a privilege [during a deposition] may be required to bear the costs of any re-deposition." ECF No. 490 at 20.

On December 1, 2022, Defendant-Intervenor served 61 documents responsive to Plaintiffs' requests. On February 27, 2023, Alan Vera, who served as Chair of the Harris County Republican Party Ballot Security Committee was deposed. Defendant-Intervenor identified Mr. Vera as a relevant custodian and person with knowledge of relevant facts. In his deposition, Mr. Vera testified that he communicated extensively with legislators and legislative staff regarding SB1 from June of 2020 through September 2021. He also met with several of these legislators and staff members in person and gave them documents. He further testified that he had email and phone calls with these individuals, providing legislators with proposed language for SB1 and giving "feedback" to Texas State Senator Paul Bettencourt and State Representatives Jacey Jetton, Valoree Swanson, and Briscoe Cain. He wrote many notes throughout this process. His communications included discussions of mail ballot harvesting, poll watchers, penalties that

should be assessed against election officials, drive-through voting, and other matters relevant to this litigation.

On February 28, Defendant-Intervenor produced Cynthia Siegel as its Rule 30(b)(6) representative. Ms. Siegel testified that Mr. Vera represented the HCRP in communicating with the Texas Legislature. She also testified that Mr. Vera used his personal email address when communicating because he did not possess an official HCRP email address.

When Mr. Vera was questioned about whether anyone associated with the HCRP instructed him to search for any responsive documents, he testified that he made no such search of his personal computer or email accounts.

The Court held a hearing on both pending motions on March 7, 2023. As stated in open court and set out more fully below, both motions are **GRANTED**.

## DISCUSSION

### A.    Possession, Custody or Control

Defendant-Intervenor argues that it was under no obligation to produce any of Mr. Vera's documents because the material was not in the possession, custody, or control ("PCC") of the Harris County Republican Party. Defendant-Intervenor otherwise asserts the legislative privilege, an argument this Court has already rejected in this litigation.[4]

PCC is not defined in Federal Rule of Civil Procedure 34 explicitly. Some jurisdictions have stated that a party must produce documents if the party has actual possession, custody or control or has the legal right to obtain the documents on demand. Other jurisdictions have stated that "control" can be found where a party has the practical ability, to acquire the documents. *See*

---

[4] The Court has already noted that the legislative privilege belongs solely to a legislator, and he/she is the only person able to assert that privilege. Neither Mr. Vera nor Defendant-Intervenor can assert the privilege. *See* ECF No. 425 at 4–13. The Court has further concluded that the privilege can be waived if data or documents are shared with anyone outside the legislator/staff relationship. *Id.* That is exactly what occurred here.

*e.g.*, *In re Application of Potanina*, No. 14 MISC. 31 LAP, 2015 WL 4476612, at *1 (S.D.N.Y. June 30, 2015). Despite the fact that many perceive courts in the Fifth Circuit bound to the "legal right" test,[5] many district courts in the Circuit apply a hybrid test—Rule 34 contemplates a party's legal right or practical ability to obtain documents from a non-party to the action. *See, e.g., Calsep A/S v. Intelligent Petroleum Software Sols., LLC*, No. 4:19-CV-1118, 2020 WL 10759435, at *1 (S.D. Tex. Mar. 2, 2020) (citing cases).

This case presents a situation that falls outside the norm of most of these disputes. Here, Mr. Vera acted as the agent for the HCRP but used only using his personal computer and personal email address because the HCRP did not provide him with any equipment. Nonetheless, the Court is satisfied that, under either test, the HCRP is required to search for and produce documents responsive to the requests for production at issue located on Mr. Vera's personal computer and email account. *See id.* at *2 (concluding that the defendant organization had *both* the legal right *and* practical ability to obtain any items responsive to the plaintiffs' discovery requests in the possession of one of its agents).

Defendant-Intervenor failed to conduct a search of Mr. Vera's computer or email account or even to request that he do so personally. Instead, Defendant-Intervenor merely searched its own email servers. At the hearing on March 7, 2023, counsel for Defendant-Intervenor argued that there was no need to search Mr. Vera's personal computer because he would have copied someone with an HCRP email address whenever he was acting as its agent. But counsel failed to conduct any meaningful inquiry into whether Mr. Vera's computer or email account contained relevant communications made on Intervenor-Defendant's behalf in which Mr. Vera failed to copy an

---

[5] *See* The Sedona Conference, *The Sedona Conference Commentary on Rule 34 and Rule 45 "Possession, Custody, or Control"*, 17 SEDONA CONF. J. 467 (2016) (stating the Fifth Circuit is a legal right test jurisdiction, but then citing cases that apply the hybrid approach).

HCRP email address.  Indeed, the legislators could have responded to Mr. Vera's emails without responding to all.  Accordingly, all messages may not be located solely in HCRP's emails.  Without a review of Mr. Vera's computer and email account, counsel for Defendant-Intervenor was unable to accurately represent that Defendant-Intervenor's production was complete under Rule 26(g). Further, any objection now being lodged at the hearing that a review of Mr. Vera's emails would be unduly burdensome lacks merit.  No such objection was noted at the November 14, 2022 hearing, and no evidence has been put forward supporting any objection.  Counsel's argument is not evidence.  Likewise, any argument now being raised that Mr. Vera represents other individuals in some form of lobbying capacity and a review of his email would be improper is also rejected as untimely.  In addition, the Court is not authorizing any wholesale intrusion into Mr. Vera's computer by the Plaintiffs.  All that is being required is that HCRP and Mr. Vera make a reasonable inquiry into his emails and produce responsive documents.

On a separate note, the Court observes that  the State Defendants were previously required to produce to the Court for an in-camera inspection documents that the State Defendants claimed were privileged. The State Defendants' production to the Court contained fewer than 20 communications between Mr. Vera and various legislators (*see* ECF No. 425 at 48–49, 51–53, 55) while Mr. Vera's own (potentially deficient) production contained 61 documents suggests that the State Defendants' earlier production to the Court may have been incomplete.

**B.     Inappropriate Objections Asserted and Non-Responsive Answers made during the deposition of Mr. Vera**

During Mr. Vera's deposition, counsel for the State Defendants instructed Mr. Vera not to answer various questions based upon the legislative privilege. At other times, Mr. Vera limited his

responses independently citing the privilege. As stated above, and as previously ordered, these objections were meritless.[6]

It is **ORDERED** that Mr. Vera submit to another deposition, with costs assessed against the Office of the Attorney General of Texas.  Counsel in the Attorney General's Office was the individual responsible for asserting the meritless objections.  Further, that counsel knew at the time he made such objections that he did not represent any of the legislators and that no legislator instructed him to make the objection on their behalf.  Further, that counsel knew or should have known of this Court's prior rulings on this matter and that any legislative privilege had been waived because the material was shared outside the legislator/staffer relationship.  Plaintiffs are further awarded their reasonable attorneys' fees associated with the filing of their motion to compel and their appearance at the hearing held on March 7, 2023.

Plaintiffs are **DIRECTED** to issue a serve a third-party subpoena under Rule 45 on Mr. Vera in connection with his re-deposition directing him to produce the documents identified in Requests for Production Numbers 1 and 3.  This does not relieve HCRP from supplementing its production and producing responsive documents.

It is further **ORDERED** that Mr. Vera and the HCRP produce all documents responsive to the two requests for production at least **fourteen calendar days** prior to the second deposition.

## C.    Motion to Clarify Scheduling Order

The current scheduling order, a proposal submitted and largely agreed to by both parties, was signed on June 8, 2022. ECF No. 437. The parties now dispute the meaning of their own proposal and ask the Court to clarify the scope of discovery. At the hearing, the parties announced

---

[6] At the hearing, counsel for the State Defendants made an oral motion to stay this ruling pending the resolution of the appeal of the Court's previous order on the legislative privilege currently pending before the Fifth Circuit. See ECF No. 426. The Court denied the motion to stay in light of counsel's acknowledgment at the hearing that no legislator actually asserted the privilege during the deposition of Mr. Vera, who is neither a legislator nor a legislative staffer.

that additional discovery is still required to prepare this case for either cross-motions for summary judgment or trial.

The First Amended Scheduling Order is **VACATED**. The parties are **ORDERED** to submit a proposed scheduling order to govern the remainder of this case **no later than March 21, 2023**.

The State Defendants also seek to limit the remaining depositions of Keith Ingram, Director of the Elections Division of the Texas Secretary of State, under Rules 30(b)(1) and 30(b)(6), to a total of nine hours of combined record time. Mr. Ingram has already been deposed for nearly twelve hours—first, as a witness in his individual capacity for over four hours, and then as the sole designee during the first 30(b)(6) deposition of the Texas Secretary of State, which lasted for almost eight hours over the course of two days.

As agreed to by the State Defendants, the additional deposition of Mr. Ingram, whether he is testifying as a fact witness or a 30(b)(6) witness, will be limited to a total of nine hours of combined record time. If Mr. Ingram is unable to answer any questions in his capacity as a 30(b)(6) witness, however, the nine-hour limit will not apply to any additional 30(b)(6) representative that the State Defendants may need to designate in order to answer the questions that Mr. Ingram cannot answer.

## CONCLUSION

The Joint Motion for Clarification of the Scheduling Order (ECF No. 542) is **GRANTED**, and a second amended scheduling order will issue separately. The parties are **ORDERED** to submit a proposed scheduling order to govern the remainder of this case **no later than March 21, 2023**.

Any additional deposition of Mr. Ingram, whether he is testifying as a fact witness or a 30(b)(6) witness, will be limited to a total of nine hours of combined record time.

Plaintiffs' Motion to Compel Production of Documents and to Compel Testimony of Defendant-Intervenor Harris County Republican Party (ECF No. 547) is **GRANTED**.

Plaintiffs are **DIRECTED** to issue a serve a third-party subpoena under Rule 45 on Mr. Vera in connection with his re-deposition directing him to produce the documents identified in Requests for Production Numbers 1 and 3. Mr. Vera must be re-deposed and counsel for Defendant-Intervenor must search Mr. Vera's computer and email for responsive documents. It is further **ORDERED** that Mr. Vera and the HCRP produce all documents responsive to the two requests for production at least **fourteen calendar days** prior to the second deposition.

The Office of the Attorney General of Texas is sanctioned for failing to comply with this Court's previous rulings on the legislative privilege and shall bear the costs of the re-deposition of Mr. Vera. Plaintiffs are further awarded their reasonable attorneys' fees associated with the filing of their motion to compel and their appearance at the hearing held on March 7, 2023.

In failing to search Mr. Vera's computer and email account for responsive documents, the Harris County Republican Party failed to comply with FED. R. CIV. P. 26(g), failed to comply with the Court's Order set forth at the November 14, 2022 hearing, and failed to promptly produce documents in violation of Federal Rule of Civil Procedure 37(c).

The parties have been warned previously in this case about discovery abuse and obfuscation practices that seek to hinder the truth-finding function that should take place in the resolution of this matter. If additional discovery misconduct occurs, the level of sanctions will be increased accordingly and those responsible for the misconduct will be held in contempt of court.

It is so **ORDERED**.

**SIGNED** March 9, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE