**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al*., | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Case No. 5:21-cv-844-XR |
| | § | [Lead Case] |
| GREGORY W. ABBOTT, *et al*., | § | |
| *Defendants*. | § | |
| | § | |
| LULAC TEXAS, *et al*., | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Case No. 1:21-cv-0786-XR |
| | § | [Consolidated Case] |
| JANE NELSON, *et al*., | § | |
| *Defendants*. | § | |
| | § | |

**LULAC PLAINTIFFS' MOTION TO LIFT THE STAY OF THE COURT'S MAY 25,
2022 ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL (ECF NO. 429)**

## INTRODUCTION

LULAC Texas, Texas Alliance for Retired Americans, Voto Latino, and the Texas American Federation of Teachers (collectively, the "LULAC Plaintiffs") respectfully move this Court to lift the stay of its May 25, 2022 order granting the LULAC Plaintiffs' motion to compel the production of documents from certain state legislators. *See* ECF No. 429 ("Stay Order").

In December 2021—nearly a year-and-a half ago—the LULAC Plaintiffs served subpoenas seeking documents and communications from Texas Representatives Briscoe Cain and Andrew Murr, as well as Texas Senators Paul Bettencourt and Bryan Hughes (collectively, the "Lawmakers") about Senate Bill 1 ("SB 1"). After the Lawmakers refused to produce hundreds of responsive documents based on dubious privilege claims, the LULAC Plaintiffs moved to compel production of a limited subset of documents over which the Lawmakers asserted particularly implausible claims of privilege.

As the LULAC Plaintiffs' motion explained, these documents relate to the Lawmakers' "intent and purpose in enacting SB 1" and as such "are deeply relevant to Plaintiffs' claims" that the law was passed "with intent to discriminate against certain demographic groups, including Black and Latino Texans." Mot. to Compel, ECF No. 391 at 1 ("Mot. to Compel"). This Court agreed that the Lawmakers' claims of privilege were largely invalid and ordered that nearly all the disputed documents be produced. *See* ECF No. 425 at 17 ("Order to Compel").

The instant motion arises out of what happened next. The Lawmakers immediately noticed their appeal of the Order to Compel and made clear to the LULAC Plaintiffs that they intended to seek a stay of that order, including from the Court of Appeals if necessary. Rather than engage in duplicative briefing before the Fifth Circuit—and drag out appellate review of the Court's discovery order while trial proceedings continued—the LULAC Plaintiffs agreed to not oppose

the Lawmakers' request for a stay. But they did so in return for an agreement to expedite the appeal and expressly "reserve[d] the right to ask this Court for further relief if, for any reason, the parties are not able to expeditiously resolve the issues on appeal." Unopposed Mot. For Stay Pending Appeal, ECF No. 428 ("Mot. to Stay"). The Court granted the stay because it was unopposed, but expressed doubt as to whether the Lawmakers met the standard for a stay. *See* Stay Order.

Nearly ten months later, the appeal remains undecided. Fact discovery is scheduled to close on April 28 and motions for summary judgment are due shortly thereafter on May 12. As a result, the LULAC Plaintiffs are increasingly prejudiced by the continued imposition of the Stay Order, which limits their ability to make informed strategic decisions about summary judgment and trial, and have no choice but to invoke their expressly reserved right to seek further relief from this Court. The Court properly noted its skepticism about the Lawmakers' ability to meet their burden of showing that a stay is appropriate even at the time that it entered the unopposed motion; now, the equities have turned even more sharply in the LULAC Plaintiffs' favor, and they clearly cannot do so. The Stay Order should be lifted.

## STATEMENT OF FACTS

Plaintiffs issued subpoenas for documents from the Lawmakers on December 15, 2021. *See* Mot. to Compel at 2. The subpoenas sought documents and communications related to the Legislature's intent and purpose in enacting SB 1—issues which are at the heart of the LULAC Plaintiffs' claim that SB 1 was enacted with intent to discriminate against certain demographic groups in Texas, including Black and Latino Texans. *See* LULAC Pls.' Second Am. Compl., ECF No. 207 ¶¶ 249-256. Each of the Lawmakers served with a subpoena was a key sponsor or supporter of SB 1. *See* Mot. to Compel at 1-2.

After a lengthy back-and-forth during which the Lawmakers repeatedly delayed producing any documents, they eventually produced approximately 444 documents while withholding 725 based on various claims of privilege, including state legislative privilege. *Id.* at 3-6. The parties met and conferred about these overbroad assertions of privilege, including the Lawmakers' contention that the legislative privilege protected communications and documents shared between the legislators and non-legislative parties. *Id.* at 5-6. When it became clear that the parties were at an impasse, the LULAC Plaintiffs moved to compel production of a limited subset of withheld documents over which the Lawmakers presented particularly implausible claims of privilege. *Id.*

On May 25, 2022, after the motion was fully briefed and argued—and after the Court conducted an *in camera* review of each document at issue—the Court granted the LULAC Plaintiffs' motion nearly in full. *See generally* Order to Compel. The Court found at the outset that the Lawmakers had produced a "defective" privilege log that omitted key details about the documents and communications at issue and provided only "conclusory statements to support the assertion of the relevant privilege." *Id.* at 3. The Court went on to conclude that the Lawmakers had waived any claim of legislative privilege over material shared with non-legislative parties, *id.* at 6-11, and that their assertion of the qualified legislative privilege was overcome as to certain other documents, *id.* at 11-13. The Court also concluded the Lawmakers failed to substantiate their assertion of the attorney-client privilege, work product protection, and investigative privilege for documents over which they concurrently claimed legislative privilege. *Id.* at 14-16. Having found the Lawmakers' privilege claims invalid as to nearly all the documents at issue, the Court ordered that the documents be produced to Plaintiffs by June 3, 2022. *Id.* at 17.

The Lawmakers filed a notice of interlocutory appeal the next day and a motion to stay the order in this Court the day after that. *See* Mot. to Stay, ECF No. 428. The LULAC Plaintiffs agreed

"not to oppose the legislators' motion to stay in order to more expeditiously resolve the issues raised by the legislators' . . . interlocutory appeal." *Id.* at 2. The Lawmakers, in return, "agreed to negotiate an expedited schedule to fully brief the legislators' appeal by the end of July [2022]." *Id.* The LULAC Plaintiffs made clear that they did not "concede that the legislators [were] able to satisfy the relevant stay factors." *Id.* The LULAC Plaintiffs also expressly "reserve[d] the right to ask this Court for further relief if, for any reason, the parties are not able to expeditiously resolve the issues on appeal." *Id.*

The Court granted the Lawmakers' motion to stay but "[o]nly because" it was "unopposed." Stay Order at 1. The Court otherwise expressed doubt as to whether the Lawmakers could satisfy the relevant stay factors, noting that the "vast majority of the documents at issue here cannot be validly claimed as privileged" and that the "overwhelming number of pages of documents are either public documents or documents prepared by third parties or shared with third parties." *Id.* The Court also observed that counsel for the Lawmakers did not even "know[] who conducted the privilege review and whether the attorneys [seeking a stay] ha[d] done so prior to filing the appeal." *Id*; *see also* Mot. to Compel Hr'g Tr., ECF No. 432 at 7:3-6 (acknowledging counsel appearing for Lawmakers "did not personally review the emails" at issue); 47:14-20 (Lawmakers' counsel acknowledging "having not read the documents")

Shortly after the stay was granted, the LULAC Plaintiffs filed an Unopposed Motion to Expedite the Appeal in the Fifth Circuit. *See Texas LULAC, et al. v. Hughes, et al.*, Case No. 22-50435, Unopposed Motion to Expedite Appeal (5th Cir. June 7, 2022) ("Mot. to Expedite Appeal"). The LULAC Plaintiffs explained that expedited briefing and consideration of the appeal was "critical to the resolution of" their claims and that delay in resolving the appeal would "threaten[] to disrupt the trial court's schedule for this matter and [would] prejudice" the LULAC

Plaintiffs' "ability to make informed strategic decisions in these ongoing proceedings." *Id.* at 1-2. The motion asked the Court of Appeals to set a briefing schedule that would complete briefing on July 27, 2022 and requested resolution of the appeal by October 3, 2022, dates selected in light of the ongoing trial court proceedings. *Id.* at 3.

The Court of Appeals granted the motion the next day and adopted the LULAC Plaintiffs' proposed briefing schedule. *See Texas LULAC, et al. v. Hughes, et al.*, Case No. 22-50435, Order (June 7, 2022). A three-member panel heard oral argument in the appeal on August 2, 2022. The decision remains pending as of this motion; this Court's Stay Order has remained in effect during the intervening nine months.

While that appeal has been pending, discovery proceeded apace, and other Plaintiffs in this litigation—the LUPE Plaintiffs—sought discovery directly from the Harris County Republican Party—an Intervenor-Defendant in the case—who communicated about SB 1 with several of the Lawmakers, as well as other legislators and legislative staff. *See generally* LUPE Pls.' Mot. to Compel, ECF No. 547 ("LUPE Pls.' Mot. to Compel"). Those requests were consistent with this Court's holding in its Order to Compel that communications with non-legislators are not privileged, a conclusion reinforced by a substantial body of case law within this Circuit and elsewhere. *See* Order to Compel at 6 (collecting cases). The custodian of those communications— Alan Vera, a witness identified by Intervenor-Defendant Harris County Republican Party— refused to produce responsive records or provide testimony about them during his deposition, despite the fact that none of the relevant legislators or their staff members lodged any privilege objections. *See* LUPE Pls.' Mot. to Compel at 4-8.

Accordingly, on March 4, 2023, the LUPE Plaintiffs moved to compel the Harris County Republican Party to search for and produce Mr. Vera's communications with legislators about SB

1, and to require Mr. Vera to answer questions about those communications at a second deposition. *See generally* LUPE Pls.' Mot. to Compel. The Court orally granted that motion on March 7, ordering that Mr. Vera be re-deposed and that his communications with the legislators be produced. It memorialized that decision in a written order on March 9. *See* Order, ECF No. 561.

Approximately three weeks later, on March 27, Senator Bettencourt and Representative Cain—two of the four Lawmakers at issue here—asked the Court of Appeals to stay of the Court's order, in part on the basis that it would provide an "end run" around their pending appeal of this Court's May 25, 2022 Order to Compel. *See LUPE, et al. v. Abbott, et al.*, Case No. 23-50201, Apps.' Emergency Mot. For a Stay at 9 (5th Cir. Mar. 27, 2023). They did so despite having not participated in Mr. Vera's first deposition, in the briefing on the motion to compel, or first seeking a motion to stay from this Court.[1] In other words, these Lawmakers seek to use the pendency of their appeal on the prior Order granting the LULAC Plaintiffs' motion to compel the production of a limited subset of documents directly from them, as a shield to broadly bar discovery from non-legislative parties who voluntarily intervened as parties in this case and who independently are in possession of information highly relevant to the claims in this case.[2]

---

[1] At the time the Court orally granted the motion on March 7, the State (but not the legislators) orally requested a stay, which this Court denied. *See LUPE, et al. v. Abbott, et al.*, Case No. 23-50201, Appellees' Resp. in Opp. Of Mot. To Stay at 6 (5th Cir. Apr. 6, 2023) (explaining that "the State Defendants made an oral motion to stay, which the court denied" and that the "Legislators acknowledge they were not parties to that motion"). The State has not sought a stay from the Fifth Circuit.

[2] A motions panel of the Fifth Circuit entered an administrative stay of this Court's order on April 7, 2023, but asked Senator Bettencourt and Representative Cain to file a reply brief addressing (1) whether they had waived the right to assert legislative privilege over communications with Mr. Vera, and (2) whether the Fifth Circuit lacked jurisdiction over the appeal. *See LUPE, et al. v. Abbott, et al.*, Case No. 23-50201, Order (5th Cir. April 7, 2023); *see also* Order of U.S. Court of Appeals, ECF No. 581. That reply was filed on April 12, 2023, and the Court of Appeals has not yet taken further action in the appeal since first issuing the administrative stay on April 7.

While the schedule for this litigation has been amended several times since the Lawmakers' appeal of the Court's order requiring them to produce documents was fully submitted for consideration by the Fifth Circuit in early August 2022, numerous key deadlines are now approaching.[3] This includes the close of fact discovery on April 28, 2023; the deadline for summary judgment motions on May 12, 2023; and the start of trial on September 11, 2023. *See* Second Am. Scheduling Order, ECF No. 579.[4]

## DISCUSSION

The LULAC Plaintiffs respectfully ask this Court to lift the Stay Order. The Lawmakers cannot meet their burden of showing entitlement to such extraordinary relief pending appeal—this was true when this Court first entered the stay (and, indeed, the Court expressed skepticism on this point at the time), and it is all the more true today. While the LULAC Plaintiffs initially agreed to not oppose entrance of the stay, they expressly reserved their right to seek relief if the appeal was not expeditiously decided. More than nine months later, the appeal remains unresolved, discovery is about to close, and summary judgment deadlines are right around the corner. Continued implementation of the Stay Order has accordingly become prejudicial to the LULAC Plaintiffs' ability to prosecute their case. While the Court's Order to Compel is presently on appeal, this Court retains jurisdiction to lift its stay and should do so for the reasons below.

---

[3] The LULAC Plaintiffs do not presently seek any modification of the existing schedule but reserve the right to seek appropriate relief from this Court with respect to any discovery within the scope of their motion to compel production of documents from the Lawmakers.

[4] Consistent with Local Rule CV-7(G), the LULAC Plaintiffs emailed counsel for the Lawmakers to inquire whether they would consent to the relief requested in this motion. Counsel for the Lawmakers indicated that they do not consent to the motion.

**I.  The Lawmakers cannot show entitlement to a continued stay pending appeal.**

Granting a stay pending appeal is an "extraordinary remedy." *Belcher v. Birmingham Tr. Nat. Bank*, 395 F.2d 685, 685 (5th Cir. 1968). Such relief is never granted as "a matter of right, even if irreparable injury might result otherwise." *Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009). "It is instead an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'" *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

To obtain such relief, an applicant bears the burden of proving that four familiar factors weigh in favor of granting a stay: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) [whether] public interest [favors a stay].'" *Weingarten Realty Invs. v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011) (quoting *Hilton v. Braunskill*, 481 U.S. 770 (1987)). At no point since the Court's Order to Compel have the Lawmakers been able to meet this burden, but—as explained below—the equities now weigh even more heavily against a stay.[5]

**A.  The Lawmakers have not made a strong showing of success on the merits.**

The Lawmakers are not likely to succeed on the merits of their appeal for at least two reasons. *First*, the jurisdiction of the Court of Appeals is limited to review of "final decisions of the district courts of the United States." 28 U.S.C. § 1291. "A final decision 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Hall v. Hall*, 138 S.

---

[5] The Lawmakers ultimately bear the burden of showing entitlement to a stay, a task they have not yet undertaken beyond a brief recitation of the stay factors in their unopposed motion to stay. *See* Motion to Stay at 1-2. The LULAC Plaintiffs therefore resolve the right to more fulsomely address any arguments the Lawmakers raise in support of maintaining the present Stay Order.

Ct. 1118, 1123-24 (2018) (quoting *Ray Haluch Gravel Co. v. Cent. Pension Fund*, 571 U.S. 177, 183 (2014)). The Court's Order to Compel plainly did not end this litigation, which has continued apace in the intervening ten months. It is well-established in this Circuit that a "discovery order, even one directed at a non-party, is not a final order and hence not appealable." *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397 (5th Cir. 1993); *see also Goodman v. Harris Cnty.*, 443 F.3d 464, 467 (5th Cir. 2006) (same).

Nor does the Lawmakers' appeal fall within the scope of the collateral order doctrine, which narrowly expands the final judgment rule to reach a "'small class' of collateral rulings that, although they do not end the litigation, are appropriately deemed 'final.'" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Cohen v. Beneficial Ind. Loan Corp.*, 337 U.S. 541, 545-46 (1949)). It is a "well-settled rule in this circuit that discovery orders may not be appealed under the" collateral order doctrine. *A-Mark Auction Galleries, Inc. v. Am. Numismatic Ass'n*, 233 F.3d 895, 899 (5th Cir. 2000); *see also Piratello v. Philips Elecs. N. Am. Corp.*, 360 F.3d 506, 509 (5th Cir. 2004). As many other circuits have recognized, "there is no special exception to [this] rule in cases involving claims of legislative or executive privilege.'" *Am. Trucking Ass'ns v. Alviti*, 14 F.4th 76, 84 (1st Cir. 2021) (quoting *Corporacion Insular de Seguros v. Garcia*, 876 F.2d 254, 257 (1st Cir. 1989)); *see also Turtle Mountain Band of Chippewa Indians, et al. v. Howe, et al.*, Case No. 23-1597 (8th Cir. April 3, 2023) (dismissing interlocutory legislative privilege appeal by North Dakota state legislators for lack of jurisdiction *sua sponte*); *Newton v. NBC*, 726 F.2d 591, 593-94 (9th Cir. 1984) (similar for governmental privilege), *Nat'l Super Spuds, Inc. v. New York Mercantile Exch.*, 591 F.2d 174, 176-81 (2d Cir. 1979) (same). The Lawmakers cannot demonstrate a likelihood of success on the merits if the appeals court lacks jurisdiction to hear

their arguments in the first place. *See, e.g., Anderson v. Oakley*, 77 F.3d 475 (5th Cir. 1995) (per curiam); *Nianga v. Wolfe*, 435 F. Supp. 3d 739, 743 (N.D. Tex. 2020).

*Second*, even if the Court of Appeals has jurisdiction, the Lawmakers cannot show a likelihood of success on the merits because, as this Court explained when granting their unopposed stay request, the "vast majority of the documents at issue here cannot be validly claimed as privileged." Stay Order at 1. That is at least in part because "the overwhelming number of pages of documents are either public documents or documents prepared by third parties or shared with third parties." *Id*. A substantial body case law within this Circuit and elsewhere buttresses that conclusion, *see* Order to Compel at 6 (collecting cases), as does the Fifth Circuit's admonition that "virtually every privilege is waived by disclosure to a third party." *Sharyland Water Supply Corp. v. Block*, 755 F.2d 397, 399 & n.13 (5th Cir. 1985) (collecting cases).[6] The Lawmakers' liberal circulation of their supposedly privileged communications among non-legislators dooms any substantial chance of success on the merits.

### B. The Lawmakers cannot show that they will suffer irreparable harm without a stay.

The Lawmakers' stay motion briefly suggested they could establish irreparable harm because "the court's order requires the disclosure of privileged information before appellate review could be completed." Motion to Stay at 1. But that ignores that the Lawmakers voluntarily

---

[6] The LULAC Plaintiffs' appellee brief more fully sets out why the Lawmakers cannot succeed on the merits of their appeal. *See LULAC Texas, et al. v. Hughes, et al.*, Case No. 22-50435, Appellee Brief at 15-23 (5th Cir. July 18, 2022) (explaining why the Court of Appeals lacks jurisdiction); *id.* at 23-53 (explaining this Court did not abuse its discretion in concluding the Lawmakers failed to establish their various privilege claims); *see also LUPE, et al. v. Abbott, et al.*, Case No. 23-50201, Appellees' Resp. in Opp. Of Mot. To Stay at 8-12 (5th Cir. April 6, 2023) (setting forth similar arguments with respect to jurisdiction); *id.* at 13-18 (setting forth similar arguments with respect to merits of legislators' privilege claims). The LULAC Plaintiffs incorporate their arguments in that brief by reference here.

disclosed most of the communications at issue to non-legislators, who are free to discuss those matters at will. *See* Order to Compel at 6-11. Indeed, the Lawmakers received many of the materials from third parties outside the legislative sphere to begin with. *See* Stay Order at 1 (noting most documents at issue "are either public documents or documents prepared by third parties or shared with third parties"). The Lawmakers cannot plausibly show how the release of such materials harms them.

Even if the Lawmakers had not already voluntarily broadcast these communications beyond the legislative sphere—or received them from outside sources to begin with—the Supreme Court has made clear that the compelled release of documents later found to be privileged is not *irreparable* harm: "Appellate courts can remedy the improper disclosure of privileged material . . . by vacating an adverse judgment and remanding for a . . . trial in which the protected material and its fruits are excluded from evidence." *Mohawk*, 558 U.S. at 108-110 (rejecting arguments that such post-judgment relief is "inadequate"). The adequacy of post-judgment review means that, regardless of whatever inconvenience lifting the stay poses for the Lawmakers, such "injuries, however substantial," are not "irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (citation omitted); *see also Earl v. Boeing Co.*, No. 4:19-CV-507, 2021 WL 1080689, at *9 (E.D. Tex. Mar. 18, 2021) (rejecting argument that movant would suffer irreparable harm without stay of order compelling production of documents over movant's asserted privilege).

### C. The stay prejudices the LULAC Plaintiffs' ability to make strategic decisions as key deadlines approach, including the start of trial.

The limited subset of communications and documents subject to the Stay Order are likely to be highly relevant to the LULAC Plaintiffs' claims—along with claims of other Plaintiffs— which allege that the legislature enacted SB 1 "with intent to discriminate against certain demographic groups, including Black and Latino Texans." Mot. to Compel at 1; *see also* Reply in

Support of Mot. to Compel, ECF No. 402 at 1 (explaining LULAC Plaintiffs' motion sought to compel production of "highly relevant documents that are critical to Plaintiffs' claims that the legislature enacted a racially discriminatory law meant to impede Texans from voting").

The relevance and potential importance of these documents remain as true today as when the LULAC Plaintiffs first successfully moved to compel production nearly a year ago. The difference now is that fact discovery is slated to close in mere days and motions for summary judgment are due only two weeks after that.[7] The chief purpose of summary judgment is to permit a party to "marshal all [of its] evidence and seek to affirmatively establish its entitlement to summary judgment." *Johnson Controls, Inc. v. A.M. Goodson Co.*, No. SA-04-CA-473-FB, 2006 WL 8434171, at *1 (W.D. Tex. Mar. 8, 2006). But the continued stay of this Court's Order to Compel prejudices the LULAC Plaintiffs' ability to marshal all their evidence—a disadvantage that will only intensify as summary judgment or trial approaches, during which time the LULAC Plaintiffs will be forced to choose how to present their evidence without the benefit of knowing what that evidence potentially is.

Though the LULAC Plaintiffs did not originally oppose entry of the Stay Order, they expressly conditioned their continued agreement not to oppose the stay on the expeditious and prompt resolution of the Lawmakers' appeal, making clear that they would seek to lift the stay if its continued application would prejudice the LULAC Plaintiffs' ability to make informed strategic decisions about their claims in this litigation. *See generally* Motion to Stay at 2; *see also* Motion to Expedite the Appeal at 1 at 2 (describing harm of delay to LULAC Plaintiffs); *LUPE, et al. v.*

---

[7] At the time the Court granted the motion to compel, it had made clear it intended to amend the existing scheduling order. Shortly thereafter, on June 8, 2022, the Court entered an amended scheduling order that set deadlines for summary judgment motions in late April 2023 and scheduled trial for July 2023. *See* Am. Scheduling Order, ECF No. 437.

*Abbott, et al.*, Case No. 23-50201, Apps.' Emergency Mot. For a Stay at 19-20 (5th Cir. Mar. 27, 2023) (describing similar harm for LUPE Plaintiffs). Indeed, in agreeing not to oppose the Lawmakers' request for a stay, the LULAC Plaintiffs made clear that: (1) they did not concede that the Lawmakers had satisfied the requirements for a stay; (2) they agreed not to oppose the stay specifically in exchange for an agreement to expedite the appeal; and (3) they reserved the right "to ask this Court for further relief if, for any reason, the parties are not able to expeditiously resolve the issues on appeal." *Id.*[8] With the close of fact discovery and the deadline for summary judgment motions fast approaching, the LULAC Plaintiffs have no choice but to exercise their expressly reserved right to seek further relief from this Court.

### D. The public interest weighs against maintaining the Stay Order.

The public interest also favors lifting the stay to permit efficient adjudication of Plaintiffs' claims. *Weingarten Realty Invs.*, 661 F.3d at 913 ("[T]he public interest in speedy resolution of disputes prevails . . . ."). Most importantly, the LULAC Plaintiffs' legislative intent claims seek to vindicate fundamental constitutional rights of Texans who Plaintiffs contend have been purposefully discriminated against by the passage of SB 1. Those Texans—indeed, all Texans— have a powerful interest in ensuring the LULAC Plaintiffs can enforce such constitutional and statutory rights with a complete factual record, after full and fair discovery.

## II.   This Court has jurisdiction to lift its own stay.

"Although notice of appeal typically divests the district court of jurisdiction, 'a district court maintains jurisdiction as to matters not involved in the appeal . . .'" *Alberti v. Klevenhagen*,

---

[8] Consistent with those representations, the LULAC Plaintiffs sought (and obtained) an expedited appellate briefing schedule and asked for resolution of the appeal by October 3, 2022. *See* Motion to Expedite the Appeal. For reasons beyond the control of the LULAC Plaintiffs, expeditious resolution of the appeal has not occurred, despite submission of the case on August 2, 2022.

46 F.3d 1347, 1358 (5th Cir. 1995) (quoting *Farmhand, Inc. v. Anel Eng'g Indus.,* 693 F.2d 1140, 1145 (5th Cir. 1982)). For example, the district court "maintains jurisdiction for [] matters[] such as ordering stays or modifying injunctive relief." *Farmhand*, 693 F.2d at 1146. The rule could not be otherwise; after all, this Court entered the Stay Order *after* the Lawmakers filed their notice of appeal, confirming that the stay is not within the scope of the appeal and that the notice did not divest the Court of jurisdiction to consider whether to stay its own order.

Moreover, lifting the Stay Order will not "alter the . . . order of the Court, and would not make the appeal moot." *De Leon v. Perry*, No. SA-13-CA-00982-OLG, 2014 WL 12691798, at *1 (W.D. Tex. Dec. 12, 2014) (concluding the court had "jurisdiction to determine whether the . . . stay should be lifted" (citing *Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 819-21 (5th Cir. 1989)). And "[n]either party has appealed the Court's Order imposing a stay." *Mazurek v. United States*, No. CIV. 99–2003, 2001 WL 616668, at *1 (E.D. La. Apr. 20, 2001) (concluding the court "possesses subject matter jurisdiction to vacate the stay"). The current Stay Order therefore remains within the "inherent discretion" of the Court. *See, e.g.*, *Pat. Compliance Grp., Inc. v. Interdesign, Inc.*, No. 3:10-CV-0404-P, 2010 WL 11537430, at *8 (N.D. Tex. June 28, 2010) (noting "an order to stay proceedings is within the inherent discretion of district courts").

## CONCLUSION

For the reasons above, the Stay Order (ECF No. 429) should be lifted. A proposed order to that effect is attached to this motion.

Date: April 25, 2023                  Respectfully submitted,

                                     */s/  Uzoma N. Nkwonta*
                                     Uzoma N. Nkwonta*
                                     Christopher D. Dodge*
                                     Michael B. Jones*

Noah B. Baron*
Elena A. Rodriguez Armenta*
Daniela Lorenzo*
Marcos Mocine-McQueen*
Marisa A. O'Gara*
Omeed Alerasool*
**ELIAS LAW GROUP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
unkwonta@elias.law
cdodge@elais.law
mjones@elias.law
nbaron@elias.law
erodriguezarmenta@elias.law
dlorenzo@elias.law
mmcqueen@elias.law
mogara@elias.law
oalerasool@elias.law

Counsel for LULAC Plaintiffs

*Admitted Pro Hac Vice

## CERTIFICATE OF CONFERENCE

I certify that counsel for the LULAC Plaintiffs conferred with counsel for the Lawmakers about the foregoing motion on April 25, 2023. Counsel for the Lawmakers indicate that they do not consent to the instant motion.

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta

## CERTIFICATE OF SERVICE

On April 25, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by the Federal Rule of Civil Procedure 5(b)(2).

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta