# Exhibit H

```
 1                UNITED STATES DISTRICT COURT
                            FOR THE
 2                   WESTERN DISTRICT OF TEXAS

 3
     LA UNION DEL PUEBLO           §
 4   ENTERO, ET AL.                §
                                   §
 5        Plaintiff                §
                                   §  Civil Action No.
 6   V.                            §  5:21-cv-00844-XR
                                   §
 7   GREGORY W. ABBOTT, ET         §
     AL.                           §
 8        Defendant.               §

 9

10
                      ORAL DEPOSITION OF
11
                      AMATULLAH CONTRACTOR
12
                         JULY 20, 2022
13

14

15

16        ORAL DEPOSITION OF AMATULLAH CONTRACTOR, produced

17   as a witness at the instance of the Defendant and duly

18   sworn, was taken in the above styled and numbered cause

19   on Wednesday, July 20, 2022, from 10:26 a.m. to

20   1:13 p.m., before DONNA QUALLS, Notary Public in and for

21   the State of Texas, reported by computerized stenotype

22   machine, at the offices of the Texas Justice Center,

23   4900 Fournace Place, Houston, Texas, pursuant to the

24   Federal Rules of Civil Procedure and any provisions

25   stated on the record or attached hereto.
```



1   voter who is not eligible for assistance is that the
2   voter's ballot is not counted; isn't that right?
3                MR. VATTAMALA:  Objection; form.
4        A.   That's right.
5        Q.   (BY MR. WASSDORF)  And so isn't the obligation
6   to determine eligibility on the voter and not the
7   assistor?
8                MS. CHEN:  Objection; form.
9                You can answer.
10       A.   The beginning of the oath on page 52, line 26
11  says, "Under the penalty of perjury that the voter I am
12  assisting represented to me that they are eligible to
13  receive assistance," and, therefore, that could be
14  harmful to me because I'm like -- I'm -- I'm taking an
15  oath under penalty of perjury.
16       Q.   (BY MR. WASSDORF)  You are taking an oath under
17  the penalty of perjury that the voter represented to you
18  that they were eligible for assistance; isn't that
19  correct?
20       A.   Yes.
21       Q.   Not that they actually are eligible for
22  assistance?
23       A.   True.
24       Q.   And so if your mother, for example, told you
25  that she was eligible for assistance, then this oath



```
 1   would be accurate, would it not?
 2               MR. VATTAMALA:  Objection to form.
 3         A.    Yes.
 4         Q.    (BY MR. WASSDORF)  So the other part of this --
 5   and correct me if I'm wrong -- that you are complaining
 6   about is starting on line 2 through 4 where it says, "I
 7   will confine my assistance to reading the ballot to the
 8   voter, directing the voter to read the ballot, marking
 9   the voter's ballot or directing the voter to mark the
10   ballot"; is that correct?
11         A.    Yes.
12         Q.    Handing you what is marked as Exhibit 4.
13               (Exhibit No. 4 was marked.)
14               MS. CHEN:  Thank you.
15               MR. WASSDORF:  So just for y'all's
16   information, this is an updated manual based on the
17   recent injunction to the provision that we just read.  I
18   believe it was produced yesterday.
19         Q.    (BY MR. WASSDORF)  Ms. Contractor, if you could
20   turn to page 46 of Exhibit 4.  So towards the top of the
21   page, it reads here, "On June 6, 2022, the U.S. District
22   Court for the Western District of Texas issued an order
23   in OCA-Greater Houston, et al, versus State of Texas, et
24   al, No. 1:15-cv-00679-RP ('OCA-Greater Houston') a
25   lawsuit challenging several assistance provisions in the
```

