## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | |
| | § | Case No. 5:21-cv-00844-XR |
| STATE OF TEXAS, *et al.*, | § | [Lead Case] |
| | § | |
| *Defendants.* | § | |
| | § | |
| HARRIS COUNTY REPUBLICAN PARTY, *et al.*, | § | |
| | § | |
| *Intervenor-Defendants.* | § | |

## LUPE PLAINTIFFS' UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(2)

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs La Unión Del Pueblo Entero, *et al.* ("Plaintiffs"),[1] by and through counsel in the above-captioned action, hereby move to voluntarily dismiss without prejudice certain claims against Defendants. Specifically, Plaintiffs move to voluntarily dismiss the following claims without prejudice:

1. All claims challenging SB1 §§ 2.04, 2.06, 2.07, 2.08, 2.11, 3.04, 3.09, 3.10, 3.12, 3.13, 4.01, 4.06, and 4.07;[2]
2. All claims challenging SB1 § 4.09 *except* Count VIII of the Second Amended Complaint; and
3. Count IX of the Second Amended Complaint.

---

[1] Plaintiffs are La Unión del Pueblo Entero, Friendship-West Baptist Church, Southwest Voter Registration Education Project, Texas Impact, Mexican American Bar Association of Texas, Texas Hispanics Organized for Political Education, Jolt Action, William C. Velasquez Institute, FIEL Houston Inc., and James Lewin.

[2] The Second Amended Complaint alleges that these sections of SB1 violate the First, Fourteenth, and Fifteenth Amendments of the U.S. Constitution (Counts I, II, and III) in addition to Section 2 of the Voting Rights Act (Count IV). The LUPE Plaintiffs have also alleged that other provisions of SB1—namely §§ 5.07, 5.13, 6.03, 6.04, 6.05, 6.06, and 7.04—violate the Constitution and Section 2 of the VRA. This Motion does not affect the remaining challenges raised in Counts I through IV of the Second Amended Complaint.

All other additional claims remain live and unaffected by this Motion.

## I.     BACKGROUND

This case is a challenge to restrictions that were placed on Texans' right to vote by Senate Bill 1 ("SB1") enacted in the 87th Legislature, Second Called Session. Plaintiffs filed suit on September 3, 2021, alleging that various provisions of SB1 violate the U.S. Constitution, the Voting Rights Act, and the Americans with Disabilities Act. The Court entered Plaintiffs' second amended complaint on January 25, 2022. ECF No. 208. The various Defendants filed answers to Plaintiffs' second amended complaint in February, March, and April 2022. Plaintiffs' case has been consolidated with several other challenges to SB1 and has been proceeding through discovery. Dispositive motions are due on May 26, 2023.

On May 16, 2023, the Court held a status conference to discuss its previous scheduling order, discovery issues, and matters relating to two appeals pending in the U.S. Court of Appeals for the Fifth Circuit of this Court's orders compelling the disclosure of certain communications between state legislators and people outside the Legislature. *See* ECF No. 596; *see generally* USCA Case No. 23-50201. At the hearing, the Court determined that, as a result of the pending Fifth Circuit appeals, bifurcating the proceedings and holding a separate trial on Plaintiffs' claims of discriminatory intent would be necessary to avoid prejudice and to expedite the delayed litigation. The Court preserved the existing deadline for filing dispositive motions.  In order to narrow the issues to be decided at trial, Plaintiffs respectfully move this Court to grant their motion to voluntarily dismiss without prejudice certain claims under Fed. R. Civ. P. Rule 41(a)(2).

## II.     ARGUMENT

Rule 41(a)(2) permits voluntary dismissals at any time "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also id.* ("Unless the order states otherwise,

a dismissal under this paragraph (2) is without prejudice."). As the language of the rule suggests, this Court has broad discretion to grant a motion for voluntary dismissal under Rule 41(a)(2). *See, e.g.*, *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 (5th Cir. 2002); *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, (5th Cir. 2016). "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317.  Even if the Court concludes that granting the motion will cause plain legal prejudice, it need not deny the motion outright. Rather, the Court may "craft conditions that will cure the prejudice." *Id.* at 317-18.

Defendants will not suffer plain legal prejudice as a result of the dismissal that Plaintiffs seek in this motion. Legal prejudice is characterized as "prejudice to some legal interest, some legal claim, [or] some legal argument." *JMC Const. LP v. Modular Space Corp.*, No. 3:07-CV-01925-B, 2008 WL 4791562, at *1 (N.D. Tex. Oct. 30, 2008) (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)); *see also Robles v. Atlantic Sounding Co.*, 77 Fed. App'x 274, 275 (5th Cir. 2003) ("Plain legal prejudice often occurs where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense." (collecting cases)). In this case, Defendants will have a full opportunity to present all available defenses in any future suit relating to the claims that Plaintiffs now seek to dismiss. Plaintiffs have assessed the evidence gathered in discovery and are now seeking to tailor their claims to comport with that evidence. For example, it seems that certain provisions of SB1 that are not being actively enforced. To the extent that those provisions are enforced in the future and Plaintiffs file a new suit challenging their application, they would be required to plead facts necessary to withstand a motion to dismiss. Should the lawsuit proceed to and become ripe for trial, Defendants would be entitled to receive relevant information in discovery to establish available legal defenses to suit, as

well as any factual or legal infirmities affecting Plaintiffs' claims. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (noting that a party may obtain discovery regarding any matter involved in the pending action related to a claim or defense of a party).

The timing of a voluntary dismissal at this stage of the case also will not cause Defendants to suffer plain legal prejudice. To be sure, the Fifth Circuit has recognized that filing a motion for voluntary dismissal at a late stage in the litigation can, in some circumstances, give rise to legal prejudice. *See Robles*, 77 Fed. App'x 274, 275 (citing *Manshack v. Southwestern Electric Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) and *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991)). But that is not the case where, as here, Plaintiffs have not suffered an adverse legal decision but rather are simply seeking to narrow the issues prior to summary judgment and trial. *See Robles*, 77 Fed. App'x at 275 (concluding that "[t]hese timing cases are inapposite here because they involve situations where the movant suffered an adverse legal decision *prior* to moving for voluntary dismissal" (emphasis in original)); *Manshack*, 915 F.2d at (affirming a district court's approval of voluntary dismissal on the day before trial but suggesting that voluntary dismissal after an adverse trial court ruling could "[i]n some circumstances . . . inflict 'legal prejudice'"); *Davis*, 936 F.2d at 199 (affirming the district court's denial of a motion for voluntary dismissal "after the magistrate had considered the case and issued a comprehensive recommendation that was adverse to [the plaintiffs'] position").

In sum, granting Plaintiffs' motion for voluntary dismissal is consistent with the requirements of Rule 42(a)(1) and would not cause Defendants to suffer legal prejudice. Accordingly, the motion should be granted.

### III.   PRAYER FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order granting Plaintiffs' Motion and dismissing without prejudice all claims challenging SB1 §§2.04, 2.06, 2.07, 2.08, 2.11, 3.04, 3.09, 3.10, 3.12, 3.13, 4.01, 4.06, and 4.07; all claims challenging SB1 § 4.09 except Count VIII of the Second Amended Complaint; and Count IX of the Second Amended Complaint.

Dated: May 26, 2023                                      Respectfully submitted,

By: */s/ Sean Morales-Doyle*
    Sean Morales-Doyle (NY Bar No. 5646641)
    Patrick A. Berry* (NY Bar No. 5723135)
    Jasleen K. Singh* (Cal. Bar No. 316596)
    Robyn N. Sanders* (NC Bar No. 58339)
    Eliza Sweren-Becker* (NY Bar No. 5424403)
    Andrew B. Garber* (NY Bar No. 5684147)
    BRENNAN CENTER FOR JUSTICE AT
    NYU SCHOOL OF LAW
    120 Broadway, Suite 1750
    New York, NY 10271
    (646) 292-8310
    (212) 463-7308 (fax)
    sean.morales-doyle@nyu.edu
    patrick.berry@nyu.edu
    Jasleen.singh@nyu.edu
    rs8592@nyu.edu
    eliza.sweren-becker@nyu.edu
    andrew.garber@nyu.edu

    Paul R. Genender (Tex. Bar No. 00790758)
    Elizabeth Y. Ryan (Tex. Bar No. 24067758)
    Matthew Berde* (Tex. Bar No. 24094379)
    Megan Cloud (Tex. Bar No. 24116207)
    WEIL, GOTSHAL & MANGES LLP
    200 Crescent Court, Suite 300
    Dallas, Texas 75201
    (214) 746-8158
    (214)746-7777 (fax)

paul.genender@weil.com
liz.ryan@weil.com
matt.berde@weil.com
megan.cloud@weil.com

Alexander P. Cohen* (Tex. Bar No. 24109739)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8020
(212) 310-8007 (fax)
alexander.cohen@weil.com

*Attorneys for Plaintiffs:*
FRIENDSHIP-WEST BAPTIST CHURCH,
TEXAS IMPACT, JAMES LEWIN


By: */s/ Nina Perales*
    Nina Perales
    Julia R. Longoria
    Fátima Menéndez
    MEXICAN AMERICAN LEGAL
    DEFENSE AND EDUCATIONAL FUND
    110 Broadway, Suite 300
    San Antonio, TX 78205
    (210) 224-5476
    (210) 224-5382 (fax)
    nperales@maldef.org
    jlongoria@maldef.org
    fmenedez@maldef.org

    Michael C. Keats*
    Rebecca L. Martin*
    Jason S. Kanterman*
    Kevin Zhen*
    FRIED, FRANK, HARRIS, SHRIVER &
    JACOBSON LLP
    One New York Plaza
    New York, New York 10004
    (212) 859-8000
    (212) 859-4000 (fax)
    michael.keats@friedfrank.com
    rebecca.martin@friedfrank.com
    jason.kanterman@friedfrank.com
    kevin.zhen@friedfrank.com

\* Admitted *pro hac vice*

*Attorney for Plaintiffs:*
LA UNIÓN DEL PUEBLO ENTERO,
SOUTHWEST VOTER REGISTRATION
EDUCATION PROJECT,
MEXICAN AMERICAN BAR
ASSOCIATION OF TEXAS,
TEXAS HISPANICS ORGANIZED FOR
POLITICAL EDUCATION,
JOLT ACTION,
WILLIAM C. VELASQUEZ INSTITUTE,
FIEL HOUSTON INC.

## CERTIFICATE OF CONFERENCE

I certify that on May 25th and 26th 2023, I conferred with counsel for State Defendants regarding the relief requested in this motion.  Counsel for State Defendants responded that they are unopposed.  I further certify that on May 26th I conferred with counsel for the county officials who are defendants in LUPE Plaintiffs' case.  Counsel for the defendant county officials responded that they are also unopposed.

*/s/ Nina Perales*
NINA PERALES


## CERTIFICATE OF SERVICE

I certify that on May 26, 2023, a true and accurate copy of the foregoing document was filed electronically with the Clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

*/s/ Sean Morales-Doyle*