# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO, et al., <br> Plaintiffs, <br><br> v. <br><br> GREGORY W. ABBOTT, et al., <br> Defendants, | § § § § § § § § § | Case No. 5:21-CV-00844-XR <br> (Consolidated Cases) |

## DECLARATION

I, George Jordan, declare as follows pursuant to 28. U.S.C. § 1746:

1. I am an attorney licensed to practice law in the State of Texas. I have worked for the Harris County District Attorney's Office (the "HCDAO") for over 19 years and currently serve as an Assistant District Attorney in the office. As part of my duties at the HCDAO, I oversee the Public Corruption Division case database, which is the division within the HCDAO that, among other things, receives all complaints of matters related to potential violations of Texas state election laws and works with law enforcement agencies with respect to investigations and prosecutions of such matters.

2. I have personal knowledge of the statements made in this declaration. The facts stated in this declaration are true and correct based upon my personal knowledge.

3. I have reviewed the discovery requests propounded by the OCA Plaintiffs in this case, as well as the narrowed descriptions of those requests set out in the OCA Plaintiffs' motion to compel. From my review of those requests and the motion, it appears that the OCA Plaintiffs seek the following:

- All documents "relating to investigations, criminal proceedings, or prosecutions . . . predicated at least in part on a violation or suspected violation of criminal election law" from January 1, 2016, to the present (RFP No. 1).

- All communications regarding the same (RFP No. 1).

- All internal office policies regarding investigation or prosecution of "criminal election law" from January 1, 2016 to the present (RFP No. 3).

- All communications regarding those same policies (RFP No. 3).

- All communications from January 1, 2016 to the present between the Harris County District Attorney's Office and

    - any "state officials," including but not limited to the Texas Attorney General's Office, the Texas Secretary of State's Office;
    - any "local officials";
    - the entire "Texas Legislature"; and
    - any "members of the public";
    - concerning any investigations or prosecutions of violations of "criminal election laws" since 2016 (RFP Nos. 4, 5, 6, 7, 8, 9).

4. There are no written policies in place at the HCDAO that are specific to "criminal election law," as opposed to general policies and guidelines that apply to all manner of cases reviewed and prosecuted by the HCDAO. Because there are no such specific policies, there are no "communications" related to any such policies.

5. Thus, the only potentially responsive material held by the HCDAO would be files on complaints for potential prosecution or actual prosecutions of Texas Election Code criminal violations. These files would include complaints, investigative materials, and, if

a complaint led to an actual criminal prosecution, a criminal case file. These files, to the extent they do not include an actual prosecution, include information concerning complaints that did not result in prosecution or that are still under investigation, some of which may include grand jury information and material that reflects the thought and evaluative process of attorneys at the HCDAO. Such files, whether investigations are ongoing or closed, are confidential as a matter of state law and not subject to production under the Texas Public Information Act or otherwise. A second general category of files—those that include records of an actual prosecution—likewise include material that is non-public and protected against disclosure, including grand jury material and material that represents privileged attorney-client communications and attorney work product. These files include confidential, case-specific, and personal information concerning both past and ongoing criminal investigations as part of the rendering of professional legal services in connection with those matters. The information included in the files was prepared in anticipation of litigation or for trial. Each of these files include the mental impressions, conclusions, opinions, and notes of prosecutors concerning those past and ongoing criminal matter.

6. I personally searched the Public Corruption database using search terms "voting," "vote," "election," and "elect." Our database generally separates voting and election complaints from other public corruption cases. To the best of my knowledge, over the time period at issue in the OCA Plaintiffs' requests, there are approximately 946 files maintained by Public Corruption, 22 of these cases which fall in the general category of investigations of complaints of potential violations of the Texas Election Code that "touch upon the conduct of voting itself." Over the time period at issue in the OCA Plaintiffs' requests, there are

two of these 22 files maintained by Public Corruption that fall in the general category of prosecutions of violations of the Texas Election Code that "touch upon the conduct of voting itself." While these two prosecuted cases do not appear to fall under the requests by the OCA Plaintiffs, out of an abundance of caution I include them as responsive to the request. The two prosecutions involved one case with two persons who created a fake candidate to potentially influence the way someone would vote. The second case concerned a convicted felon whose rights had not been restored and he attempted to run for office.

7. I estimate that it would take 236 hours of person-hours to review all of the HCDAO Public Corruption files to ensure all files requested for the OCA Plaintiffs time period are included in the electronic search. I have made this estimate by estimating the total data and paper volume associated with these files, and estimating that it would take an average of 15 minutes to physically review each file.

8. None of the files maintained by the HCDAO, in either of the above general categories, relate to any of the provisions of the Texas Election Code that were modified in whole or in part by SB1, as passed by the Texas Legislature and signed into law in 2021.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on January 5, 2023.

_____
GEORGE JORDAN