# EXHIBIT 5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § § | Case No. 5:21-cv-844-XR <br> [Lead Case] |
| LULAC TEXAS, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> JANE NELSON, *et al.,* <br><br> *Defendants*. | § § § § § § § § § § § § § § § | Case No. 1:21-cv-0786-XR <br> [Consolidated Case] |

**OBJECTIONS AND RESPONSES TO LULAC PLAINTIFFS'
FIRST SET OF INTERROGATORIES TO DEFENDANT
ATTORNEY GENERAL KEN PAXTON**

TO: Plaintiffs LULAC Texas, Texas AFT, Voto Latino, and Texas Alliance for Retired Americans, by and through their attorneys of record, Uzoma N. Nkwonta, Christopher D. Dodge, Noah B. Baron, Michael B. Jones, Elena Rodriguez Armenta, Daniela Lorenzo, and Marcos Mocine-McQueen, Elias Law Group LLP, 250 Massachusetts Ave. NW, Suite 400, Washington, D.C. 20001.

Ken Paxton, in his official capacity as Texas Attorney General ("Defendant"), provides these Objections and Responses to LULAC Plaintiffs' First Set of Interrogatories, pursuant to the Federal Rules of Civil Procedure.

1

| | |
|---|---|
| Date: March 17, 2023 | Respectfully submitted. |
| K EN P AXTON<br>Attorney General of Texas | C HRISTOPHER D. H ILTON<br>Chief, General Litigation Division<br>Tex. State Bar No. 24087727 |
| B RENT W EBSTER<br>First Assistant Attorney General | */s/ Kathleen T. Hunker*<br>K ATHLEEN T. H UNKER<br>Special Counsel<br>Tex. State Bar No. 24118415 |
| G RANT D ORFMAN<br>Deputy First Assistant Attorney General | |
| S HAWN E. C OWLES<br>Deputy Attorney General for Civil Litigation | J. A ARON B ARNES<br>Special Counsel<br>Tex. State Bar No. 24099014 |
| | O FFICE OF THE A TTORNEY G ENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>christopher.hilton@oag.texas.gov<br>kathleen.hunker@oag.texas.gov<br>aaron.barnes@oag.texas.gov |
| | **C OUNSEL FOR D EFENDANT** |

**C ERTIFICATE OF S ERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on March 17, 2023, and that all counsel of record were served by CM/ECF.

*/s/ Kathleen T. Hunker*
K ATHLEEN T. H UNKER

2

## GENERAL OBJECTIONS

Under Rule 26(b)(1), the proper scope of discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (2015). Among the considerations that are germane to that inquiry are "the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. The twin demands for relevancy and proportionality "are related but distinct requirements." *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). Thus, if the information sought is irrelevant to the party's claims or defenses, "it is not necessary to determine whether it would be proportional if it were relevant." *Walker v. Pioneer Prod. Servs., Inc.*, No. CV 15-0645, 2016 WL 1244510, at *3 (E.D. La. Mar. 30, 2016). Conversely, "relevance alone does not translate into automatic discoverability" because "[a]n assessment of proportionality is essential." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019). Accordingly, Defendant objects to these interrogatories to the extent that the information sought is either irrelevant or disproportionate.

All answers are given without prejudice to Defendant's right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof. Likewise, these answers and objections are not intended to be, and shall not be construed as, agreement with the United States' characterization of any facts, circumstances, or legal obligations. Defendant reserves the right to contest any such characterization as inaccurate and object to these interrogatories insofar as they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation. Defendant will provide answers based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. Defendant objects to and will refrain from extending or modifying any words employed in these interrogatories to comport with any expanded definitions or instructions. Defendant will answer the interrogatories to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Western District of Texas.

## OBJECTIONS AND RESPONSES TO LULAC PLAINTIFFS' FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1**: Identify and describe all of the government interests you purport to be advanced by each of the Challenged Provisions of SB 1. Include in your description how each of the Challenged Provisions serves each interest, including any evidence, and whether you contend each interest was in fact the basis for the enactment of each Challenged Provision.

**OBJECTIONS AND RESPONSE**: The term "you," as defined by LULAC Plaintiffs in the instructions, is overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that it attempts to extend the scope of this request beyond Defendant. Defendant is not responding for other agencies, boards, bureaus, commissions, state officers, or other independent executive department of the State of Texas and therefore objects. Defendant likewise objects to the request to the extent it extends to non-parties or require Defendant to answer for non-parties.

Defendant objects to the extent that this interrogatory calls for speculation as to the motivations of the Texas Legislature for passing the legislation in question. The Attorney General is part of the Executive Department of the State of Texas. Tex. Const. art. IV, § 1. In Texas, government powers are "divided into three distinct departments," and no person or persons within the Executive department "shall exercise any power properly attached to either of the other[]" departments unless the Texas Constitution provides otherwise. Tex. Const. art. II, § 1. The legislative power of the State of Texas is not vested in the Attorney General, but rather in the Texas Senate and Texas House of Representatives, Tex. Const. art. III, § 1, and it is thus for the Texas Legislature to determine the interests served by enacted legislation. The Texas Legislature is specifically tasked with establishing laws that "may be necessary to detect and punish [election] fraud," Tex. Const. art. VI, § 4, and has provided in Section 1.02 of SB 1 that "[t]he purpose of this Act is to exercise the legislature's constitutional authority under Section 4, Article VI, Texas Constitution, to make all laws necessary to detect and punish fraud." As a member of the Executive Department, it is not the Attorney General's role to second guess the Legislature's stated purpose for legislation. Instead, the Attorney General's interest in SB 1, as with any duly enacted law of this State, is to perform such duties as may be required by law. Tex. Const. art. IV, § 22.

**INTERROGATORY NO. 2**: Identify and describe each instance in which the Texas Attorney General has requested or was requested to assist in the criminal prosecution of any violation of the Challenged Provisions. For each instance, state whether the Texas Attorney General in fact did assist in such prosecution.

**OBJECTIONS AND RESPONSE**: Defendant objects to this interrogatory to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, or unduly burdensome. These answers and objections are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested.

As of now, no county or district attorney has requested assistance from the Attorney General to criminally prosecute a violation of the Challenged Provisions. However, should such a request occur that requires supplementation of these responses, Defendant hereby preserves objections to

this interrogatory based on attorney-client privilege, attorney work-product, deliberative process privilege, or any other applicable legal privilege, particularly investigative privilege. If necessary, Defendant will supplement this response with non-privileged information and state what information, if any, is being withheld on privilege grounds.

**INTERROGATORY NO. 3**: Identify and describe each alleged violation of the Challenged Provisions, from SB 1's enactment in September 2021 through the commencement of trial in this matter, that you investigated. For each alleged violation, describe the incident at issue and the outcome of your investigation.

**OBJECTIONS AND RESPONSE**: Defendant objects to this interrogatory to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, or unduly burdensome. These answers and objections are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested.

Defendant objects to this request to the extent that it calls for information that is subject to legislative privilege, attorney-client privilege, attorney opinion work-product, deliberative process privilege, or any other applicable legal privilege, especially investigative privilege. The release of non-public information related to these investigations would invariably reveal the identity of suspects, witnesses, and reporting parties, thereby compromising ongoing investigation. The release of this information also bears the risk compromising future investigations to the extent it reveals law enforcement's methods and tactics for detecting and investigating election fraud offenses.

Without waiving the previous objections, the Office of the Attorney General has conducted 8 investigations of possible violations of the Challenged Provisions. The table below describes the alleged violations and the outcome of each investigation:

| SB1 Provision § | Description of Alleged Violation | Outcome of Investigation |
|---|---|---|
| 4.01 | Allegation of obstructing a poll watcher during the March 1, 2022, Guadalupe County primary election. | Investigated by OAG. Guadalupe County District Attorney's Office declined prosecution. Case closed. |
| 4.06 | Allegation that poll watcher was not admitted due to incomplete certificate of appointing during the November 8, 2022 General Election in Hays County. | Investigated by OAG. Unfounded. Case closed. |
| 4.07 | Allegation that poll watcher was not allowed to observe activity poll watcher felt entitled to observe during the November 8, 2022, General Election in Hays County. | Investigated by OAG. Unfounded. Case closed. |

| | | |
|---|---|---|
| 4.09 | Allegation that poll watcher was not allowed to observe activity poll watcher felt entitled to observe during the November 8, 2022, General Election in Hays County. | Investigated by OAG. Unfounded. Case closed. |
| 5.08 | Allegation of rejected ballots due to voter not proving identification number on carrier envelope in the November 8, 2022, General Election in Starr County. | CASE IS OPEN. |
| 6.03 | Allegation of rejected ballots due to failing to properly mark carrier envelope by person assisting voter in the November 8, 2022, General Election in Starr County. | CASE IS OPEN. |
| 7.04 | Allegation that suspect being paid to commit vote harvesting in the November 8, 2022, General Election in Starr County. | CASE IS OPEN. |
| 7.04 | Allegation that suspect solicited application to vote by mail in the November 8, 2022, General Election in Starr County. | CASE IS OPEN. |