# Appendix 4

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| La Unión del Pueblo Entero, *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> Gregory W. Abbott, *et al.*, <br> *Defendants*. | § § § § § § § § § § | Case No. 5:21-cv-844-XR <br> [Lead Case] |
| United States of America, <br> *Plaintiff*, <br><br> v. <br><br> The State of Texas, et al., <br> *Defendants* | § § § § § § § § § § | Case No. 5:21-cv-1085-XR <br> [Consolidated Case] |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO THE UNITED STATES' SECOND SET OF INTERROGATORIES

TO:   Plaintiff the United States of America, by and through their attorneys of record, Michael E. Stewart, Daniel J. Freeman, Dana Paikowsky, and Jennifer Yun, United States Department of Justice Civil Rights Division, 950 Pennsylvania Avenue NW, Washington, DC 20530

Defendants John Scott, in his official capacity as the Texas Secretary of State, and the State of Texas hereby serve their Objections and Responses to the United States' Second Set of Requests for Interrogatories, pursuant to the Federal Rules of Civil Procedure. Because present circumstances prevent Defendants from signing these responses, Defendants' counsel will serve properly executed interrogatory answers on the requesting party not later than 21 days after serving these unexecuted answers. *See* W.D. Tex. Local Rule CV-33(a).

| | |
|---|---|
| Date: May 2, 2022 | Respectfully submitted. |
| K<small>EN</small> P<small>AXTON</small><br>Attorney General of Texas | */s/ Patrick K. Sweeten*<br>P<small>ATRICK</small> K. S<small>WEETEN</small><br>Deputy Attorney General for Special Litigation<br>Tex. State Bar No. 00798537 |
| B<small>RENT</small> W<small>EBSTER</small><br>First Assistant Attorney General | W<small>ILLIAM</small> T. T<small>HOMPSON</small><br>Deputy Chief, Special Litigation Unit<br>Tex. State Bar No. 24088531 |
| | E<small>RIC</small> A. H<small>UDSON</small><br>Senior Special Counsel<br>Tex. Bar No. 24059977 |
| | K<small>ATHLEEN</small> T. H<small>UNKER</small><br>Special Counsel<br>Tex. State Bar No. 24118415 |
| | L<small>EIF</small> A. O<small>LSON</small><br>Special Counsel<br>Tex. State Bar No. 24032801 |
| | Office of the Attorney General<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Fax: (512) 457-4410<br>patrick.sweeten@oag.texas.gov<br>will.thompson@oag.texas.gov |
| | **Counsel for Defendants** |

### CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2022, the attached Defendants' Objections and Responses to the United States' Second Request of Interrogatories was served on opposing counsel via electronic mail.

*/s/ Patrick K. Sweeten*
P<small>ATRICK</small> K. S<small>WEETEN</small>
Deputy Attorney General for Special Litigation

## SPECIFIC OBJECTIONS AND RESPONSES TO THE UNITED STATES' SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 4**: State each instance in which a person has been convicted of violating Texas law for providing or attempting to provide impermissible in-person voter assistance by influencing or coercing a voter in the presence of their ballot, including but not limited to relevant violations of Sections 64.012(a)(4), 64.036, 276.013(a)(1), and 276.013(a)(6) of the Texas Election Code.

**ANSWER:**

Defendants object to this interrogatory to the extent that the information sought is not proportional to the needs of this case and unduly burdensome, including for the reason that the United States does not limit its request to particular date ranges or particular statutory provisions. To that end, Defendants object to this interrogatory to the extent that it requires Defendants to search and examine all case records without limitation to time or statutory provision. *See* Fed. R. Civ. P. 26(b)(1). The Office of the Attorney General of Texas began tracking, investigating, and prosecuting election fraud cases in 2004. Therefore, Defendants read this interrogatory to seek information dating from 2004 to the present. Furthermore, the Office of the Attorney General of Texas may not be aware of other prosecutions that may have been filed by criminal district attorneys.

Additionally, Defendants object to this Interrogatory to the extent that it calls for information that is publicly available or otherwise equally accessible to the United States. In that same vein, the Office of the Attorney General has already produced charts of pending and completed prosecutions from the Office of the Attorney General, as well as copies of prosecution-diversion agreement at bates stamped ranges STATE087312–STATE087395. Those materials represent a summary of business records held by the Office of the Attorney General, and ascertaining the information requested in this interrogatory will impose substantially the same burden on OAG as it would Plaintiffs' counsel. Fed. R. Civ. P. 33(d).

Finally, Defendants object to this interrogatory to the extent that it calls for information subject to investigative privilege, attorney–client privilege, or attorney work-product privilege. Because the Office of the Attorney General is actively involved in investigations and prosecutions of election-related crimes, all three privileges likely apply to on-going investigations and prosecutions.

Subject to and without waiving these objections, State Defendants answer as follows:

The following table represents convictions for providing impermissible in-person voter assistance by influencing or coercing a voter in the presence of his or her ballot but does not include mere instances of such occurrences without convictions:

| Case No. | Name | Location | Resolution Date | Laws Violated | Final Disposition |
|---|---|---|---|---|---|
| S-18-3065-CR; 18-CR-83358 | Rosita Torres Flores | Nueces/ San Patricio County | 6/12/2018 | Tex. Elec. Code §§ 64.012, 86.006, 64.036 | Convicted |
| 06-CR-2166-B | Maria Dora Flores | Nueces County | 8/4/2006 | Tex. Elec. Code § 64.012 | Pleaded Guilty |
| 11-05590-CRM-CCL1 | Christine Thomas Shank | Brazos County | 2/6/2012 | Tex. Elec. Code § 64.036 | Pleaded Guilty |
| 11082011CCL-B | Gilda Hernandez | Dallas/ Rockwall County | 4/5/2012 | Tex. Elec. Code §§ 86.006, 64.036, 86.010 | Pleaded Guilty |
| 4-CCR-02977-A/14-CCR-02983-A/14-CCR-02984-A/14-CCR-02985-A/14-CCR-02987-A/14-CCR-02989-A/14-CCR-02991-A/14-CCR-02993-A/14-CCR-02995-A/14-CCR-02996-A/14-CCR-02997-A/14-CCR-02999-A/14-CCR-03003-A | Tomasa Chavez | Cameron County | 1/22/2015 | Tex. Elec. Code §§ 86.0051, 86.010, 86.006, 64.036 | Pleaded Guilty |
| 14-CCR-02980-A | Facunda Garcia | Cameron County | 3/19/2015 | Tex. Elec. Code § 64.036 | Pleaded Guilty |

7

| | | | | | |
|---|---|---|---|---|---|
| 14-CCR-02978-C/14-CCR-02998-C/14-CCR-03000-C/14-CCR-03001-C/14-CCR-03002-C/14-CCR-03004-C/14-CCR-03005-C/14-CCR-03006-C/14-CCR-03007-C/14-CCR-03008-C | Vicenta Verino | Cameron County | 8/19/2015 | Tex. Elec. Code §§ 64.036, 86.010, 86.0051, 86.006 | Pleaded Guilty |
| CR-15-08767-E; CR-15-08768-E; CR-15-08769-E; CR-15-08770-E; CR-15-08771-E; CR-15-08772-E; CR-15-08773-E; CR-15-08774-E; CR-15-08775-E; CR-15-08776-E; CR-15-08777-E; CR-15-08778-E; CR-15-08779-E; CR-15-08780-E; CR-15-08781-E | Guadalupe Rivera, Sr. | Hidalgo County | 7/11/2016 | Tex. Elec. Code § 64.036 | Pleaded Guilty |
| 20080, 20081 | Christina Lichtenberger | Duval/Live Oak County | 12/14/2010 | Tex. Elec. Code §§ 64.036, 86.006 | Pleaded Guilty |
| 20082, 20083 | Andrea Campos Bierstedt | Duval/Live Oak County | 12/14/2010 | Tex. Elec. Code §§ 64.036, 86.006 | Acknowledgment of Offense |

8

| Case No. | Name | County | Date | Statute | Disposition |
|---|---|---|---|---|---|
| 14-CCR-02979-A/14-CCR-03010-A/14-CCR-03011-A | Bernice Garcia | Cameron County | 4/8/2015 | Tex. Elec. Code §§ 64.036, 86.006, 86.0051 | Acknowledgment of Offense |
| CX3772923814 | Consuelo Barrientos Cantu | Frio County | 6/15/2018 | Tex. Elec. Code § 64.036 | Stipulation of Guilt |
| CX3772923814 | Maria Delcarmen Vela | Frio County | 6/15/2018 | Tex. Elec. Code § 64.036 | Stipulation of Guilt |
| 20084, 20085, 20086, 20087, 20088, 20089, 20090, 20091 | Alicia Pena Perez | Duval/Live Oak County | 12/14/2010 | Tex. Elec. Code §§ 64.036, 86.006 | Pleaded Guilty |

**INTERROGATORY NO. 5:** State each instance in which a person has been convicted of violating Texas law by voting or attempting to vote by impersonation using a mail ballot, including but not limited to violations of Sections 64.012, 64.036, 276.013(a)(2), 276.013(a)(3), or 276.013(a)(7) of the Texas Election Code.

**ANSWER:**

Defendants object to this interrogatory to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome, including for the reason that the United States does not limit its request to particular date ranges or particular statutory provisions. To that end, Defendants object to this interrogatory to the extent that it requires Defendants to search and examine all case records without limitation to time or statutory provision. *See* Fed. R. Civ. P. 26(b)(1). The Office of the Attorney General of Texas began tracking, investigating, and prosecuting election fraud cases in 2004. Therefore, Defendants read this interrogatory to seek information dating from 2004 to the present. Furthermore, the Office of the Attorney General of Texas may not be aware of other prosecutions that may have been filed by criminal district attorneys.

Additionally, Defendants object to this interrogatory to the extent that it calls for information that is publicly available or otherwise equally accessible to the United States. In that same vein, the Office of the Attorney General has already produced charts of pending and completed prosecutions from the Office of the Attorney General, as well as copies of prosecution-diversion agreement at bates stamped ranges STATE087312–STATE087395. Those materials represent a summary of business records held by the Office of the Attorney General, and

9

ascertaining the information requested in this interrogatory will impose substantially the same burden on OAG as it would Plaintiffs' counsel. Fed. R. Civ. P. 33(d).

Finally, Defendants object to this Interrogatory to the extent that it calls for information subject to investigative privilege, attorney–client privilege, or attorney work-product privilege. Because the Office of the Attorney General is actively involved in investigations and prosecutions of election-related crimes, all three privileges likely apply to on-going investigations and prosecutions.

Subject to and without waiving these objections, State Defendants answer as follows:

Defendants understand this Interrogatory not to pertain to cases involving violation of Texas Law for voting or attempting to vote by impersonation not through the use of a mail ballot. Nor do defendants understand this Interrogatory to pertain to cases that might also constitute vote harvesting. Therefore, Defendants identify the following convictions for voting or attempting to vote by impersonation using a mail ballot but do not include mere instances of such occurrences without convictions:

| Case No. | Name | Location | Resolution Date | Laws Violated | Final Disposition |
|---|---|---|---|---|---|
| B-05-2101-0-CR-B | Melva Kay Ponce | Bee County | 7/26/2005 | Tex. Elec. Code § 64.012 | Pleaded Guilty |

**INTERROGATORY NO. 6:** State the number of voters who have corrected, modified, or added a Texas driver's license number, Texas election identification certificate number, Texas personal identification card number, or the last four digits of their social security number to their voter registration record using any online portals provided pursuant to SB 1 from December 2, 2021 until the present, disaggregated by portal. In answering this interrogatory, do not include voter registration information submitted or updated as part of an online driver license renewal or change-of-address transaction, pursuant to Section 5 of the National Voter Registration Act, 52 U.S.C. § 20504, and the settlement agreement in *Stringer v. Hughes*, No. 5:21-cv-46 (W.D. Tex.).

**ANSWER:**

Defendants object to this interrogatory to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, or unduly burdensome. Additionally, Defendants object to this interrogatory to the extent that it requests information through "the present," which would result in the inclusion of incomplete and inaccurate information if applied to the May 7, 2022 election, for which early voting began on April 25, 2022. Subject to and without waiving these objections, State Defendants answer as follows:

Defendants do not possess the capability to provide information responsive to this interrogatory. Aside from the methods specifically excluded in the interrogatory itself, the only "online portal[]" through which the referenced identifying information could have been updated by a voter is located on the Texas.gov website. That website is maintained by the Texas Department of Information Resources, which is not a party to this case. A voter is required to enter his current driver license number, ID number, voter registration card VUID, and Social Security Number in order to access this portal for the purpose of updating the voter's name or address. The identifying information of voters who submit a change of name or address on Texas.gov is transmitted to the Office of the Texas Secretary of State ("SOS") on a nightly basis. If the TEAM database is missing the driver license/ID number or Social Security number disclosed by the voter in gaining access to Texas.gov, that voter's missing information is updated in TEAM.

There is no individual field or combination of fields in TEAM that would allow Defendants to isolate the specific information requested in this interrogatory. The TEAM system contains an audit log that tracks the history of changes or updates made to a voter's record, but that audit log does not differentiate between the types of changes offered through the Texas.gov system. Because of these limitations that are inherent in the TEAM system, Defendants are unable to provide data that is responsive to this interrogatory.

**INTERROGATORY NO. 7:** State the number of voters who have cured identification defects in their Application for a Ballot By Mail using any online portals provided pursuant to SB 1 from December 2, 2021 until the present, disaggregated by portal.

**ANSWER:**

Defendants object to this interrogatory to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, or unduly burdensome. Additionally, Defendants object to this interrogatory to the extent that it requests information through "the present," which would result in the inclusion of incomplete and inaccurate information if applied to the May 7, 2022 election, for which early voting began on April 25, 2022. Subject to and without waiving these objections, State Defendants answer as follows:

The only "online portal[]" through which identification defects in a voter's Application for a Ballot By Mail ("ABBM") may be cured is the Ballot by Mail Tracker available at VoteTexas.gov.[1] A voter can use the Tracker to cure an initial failure to provide any of the required personal identification numbers or if the numbers provided do not match the voter registration record. While SOS can determine the number of voters who used the Tracker to correct a defect in their ABBM and subsequently had their ABBM accepted, this total does not necessarily provide the exact information requested in this interrogatory. That is because the TEAM system is a living database that captures only the current or most recent status associated with any information in a voter's record. Therefore, Defendants can only provide ABBM figures for the March 1, 2022

---

[1] https://teamrv-mvp.sos.texas.gov/BallotTrackerApp/#/login