# Appendix 7

**INTHE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Consolidated Case |
| | § | No: 5:21-cv-00844-XR |
| THE STATE OF TEXAS, et al., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

<u>**DEFENDANT EL PASO COUNTY ELECTIONS ADMINISTRATOR LISA WISE'S OBJECTIONS AND RESPONSES TO LULAC PLAINTIFFS' THIRD SET OF INTERROGATORIES**</u>

**PROPOUNDING PARTY:**       **LULAC PLAINTIFFS**

**RESPONDING PARTY:**       **DEFENDANT LISA WISE**

**SET NUMBER:**       **THREE**

Pursuant to Federal Rule of Civil Procedure 33, Defendant Lisa Wise, in her official capacity as the El Paso County Elections Administrator ("Defendant"), responds as follows to LULAC Plaintiff's Third Set of Interrogatories (the "Interrogatories," and each one individually an "Interrogatory").

**I.    GENERAL RESPONSES.**

1.    These responses and objections are made solely for the purpose of and in relation to this matter. Defendant's responses herein are based only upon the information and documentation that is presently available and known to Defendant. It is possible that further investigation, discovery, analysis, legal research, and/or preparation may result in ascertainment of additional documentation or provide additional meaning to currently known factual conclusions and legal contentions, all of which may result in the modification of these objections and responses. Accordingly, Defendant reserves the right to amend and/or supplement her responses and

objections at a later time and to make additional objections that may become apparent.  By this statement, however, Defendant does not agree to or adopt any duty to supplement beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or any applicable rule or order.

2.      The following General Responses and Objections apply to each Interrogatory propounded by Plaintiffs and are incorporated by reference into each of the specific Interrogatory responses with the same force and effect as if set forth in full therein.

3.      Defendant reserves the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to the Interrogatories but discovered subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery in this matter.

4.      Defendant will not respond to Interrogatories that Defendant or any other party to this litigation deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Texas law, Federal Rule of Civil Procedure 26(c)(7), or Federal Rule of Evidence 501.  Under appropriate circumstances, Defendant may agree to respond to such Interrogatories pursuant to the Stipulated Confidentiality and Protective Order entered in the above-captioned case (ECF No. 237).

5.      Defendant reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of this response and any document or thing identified or provided in response to the Interrogatories.

6.      Defendant will not construe the Interrogatories as an attempt to impose discovery obligations on Defendant beyond those authorized by the Federal Rules of Civil Procedure. Defendant will not undertake discovery obligations beyond those authorized by the Federal Rules of Civil Procedure or the applicable Local Rules.

7.      Defendant reserves the right to object on any ground at any time to such other or supplemental interrogatories as Plaintiffs may at any time propound involving or relating to the subject matter of these Interrogatories.

8.      Defendant's responses to the Interrogatories are made to the best of Defendant's present knowledge, information, and belief.  Defendant's response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendant's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Defendant's further discovery or investigation.

## II.    GENERAL OBJECTIONS.

1.      Defendant objects to all Definitions, Instructions, and Interrogatories inclusive, to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific Interrogatory on the ground that such enlargement, expansion, or alteration renders said Interrogatory vague, ambiguous, unintelligible, overly broad, unduly burdensome, and uncertain.

2.      Defendant objects to all Definitions, Instructions, and Interrogatories inclusive, insofar as they seek information protected by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or any other applicable privilege or protection from discovery.  Such information or documents shall not be produced in response to the Interrogatories and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or right with respect to such documents or information or documents or of any work product immunity that may attach thereto.

3.      Defendant objects to all Definitions, Instructions, and Interrogatories inclusive, to the extent they seek information protected from disclosure pursuant to Texas law or Federal Rule of Evidence 501.  Such information shall not be provided in response to the Interrogatories, and any inadvertent production thereof shall not be deemed a waiver of any privilege or right with respect to such information.

4.      Defendant objects to all Definitions, Instructions, and Interrogatories, including Instruction No. 15, to the extent they seek information not currently in Defendants' possession, custody, or control, or refer to persons, entities, or events not known to Defendant, or purport to require Defendant to furnish information not known to Defendant, on the grounds that such

Definitions, Instructions, or Interrogatories seek to require more of Defendant than any obligation imposed by law, would subject Defendant to unreasonable and undue annoyance, oppression, burden, and expense, and/or would seek to impose upon Defendant an obligation to investigate or discover information or materials from third parties or services who are equally accessible to Plaintiffs.

5.      Defendant objects to Definition No. 4 to the extent it defines "Communication" in a way that renders any Request overly broad or unduly burdensome, seeks information that is not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or imposes obligations and demands on Defendant beyond those contemplated by the Federal Rules of Civil Procedure, the applicable Civil Local Rules, or any other applicable rules or orders.  Defendant further objects that this defined term is not used in any of the Interrogatories, but reserves all right to clarify this objection.

6.      Defendant objects to Definition No. 5 to the extent it defines "Document" in a way that renders any Request overly broad or unduly burdensome, seeks information that is not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or imposes obligations and demands on Defendant beyond those contemplated by the Federal Rules of Civil Procedure, the applicable Civil Local Rules, or any other applicable rules or orders.  Defendant further objects that this defined term is not used in any of the Interrogatories, but reserves all right to clarify this objection.

7.      Defendant objects to Definition No. 7 to the extent it defines "Person" to include "firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trust groups, and organizations; federal, state and local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof."  Said definition is vague and ambiguous and overly broad, and Defendant will interpret "Person" to mean natural persons only.

8.      Defendant objects to Definition No. 8 to the extent it defines "[r]elating to,"

"regarding," or "concerning" or their cognates to include "pertaining to, commenting on, memorializing, reflecting, recording, setting forth, describing, evidencing, concerning, or constituting" in their broadest sense.  Said definition is vague and ambiguous and overly broad, and Defendant will interpret "Relating to," "regarding," or "concerning" to mean that a document or information expressly reflects or refers on its face to information relevant to the specified subject.  Defendant further objects that this defined term is not used in any of the Interrogatories, but reserves all rights to clarify this objection.

9.      Defendant objects to Definition No. 10 to the extent it defines "Voter" to mean "any registered voter in Texas and all persons who may properly register to vote in Texas by the close of discovery in this case."  Said definition is vague and ambiguous, and Defendant will interpret "Voter" to mean any registered voter in El Paso County, Texas, as of the date of this response. Defendant further objects to the use of the phrase "all persons who may properly register to vote in Texas by the close of discovery in this case" because it is not possible for Defendant to identify "all persons who may properly register to vote in Texas" at any given time.

10.     Defendant objects to Definition No. 11 to the extent it defines "Voter assistance" to include "all action necessary to make a vote effective in any primary, special, or general election, including, but not limited to, registration or other action required by law prerequisite to voting, navigating the polling place, interacting with election workers, casting a ballot, and having such ballot counted properly and included in the appropriate total of votes cast."  Said definition is overbroad, and Defendant will interpret "Voter assistance" to mean any conduct permitted under Section 64.0321 of the Texas Election Code or required by Sections 203 and 208 of the Voting Rights Act, 52 U.S.C. §§ 10503, 10508.  Defendant further objects that this defined term is not used in any of the Interrogatories, but reserves all right to clarify this objection.

11.     Defendant objects to Definition No. 12 to the extent it defines "[y]ou," "your," and the "County" to mean the "employees, staff, agents, assigns, representatives, or volunteers" of Defendant Lisa Wise.  Defendant will interpret "you," "your," and the "County" to mean Defendant Lisa Wise and the El Paso County Elections Department.

12.     Defendant objects to Definitions Nos. 4, 5, 8, and 11 on the grounds that these defined terms are not used in any of the Interrogatories and reserves all rights to object to these terms to the extent they are used at a future date.

13.     Defendant objects to Instruction No. 14 to the extent it requires Defendant to contact Plaintiffs' counsel in advance of asserting an objection to any Interrogatory served upon Defendant by Plaintiffs.  Such instruction seeks to impose requirements upon Defendant in excess of any obligation imposed by law and would subject Defendant to unreasonable and undue annoyance, oppression, and burden. Defendant will serve objections based on vagueness, overbreadth, or ambiguity and is willing to meet and confer with Plaintiffs regarding any such objection.

14.     Defendant objects to Instruction No. 15 to the extent it requires Defendant to identify information available only to Defendant's representatives, agents, and any other persons acting on Defendant's behalf.  Defendant cannot reasonably ascertain at any time what relevant information may be held by any representative, agent, or any other person acting on Defendant's behalf.  Said instruction is vague and ambiguous and would subject Defendant to unreasonable and undue annoyance, oppression, and burden.

15.     Defendant objects to Instruction No. 17 to the extent that it seeks to impose obligations to provide supplemental information greater than, or at an earlier time than, those required by or under the Federal Rules of Civil Procedure.  Said instruction would subject Defendant to unreasonable and undue annoyance, oppression, and burden.  Defendant also objects to the extent said instruction seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

16.     Defendant objects to Instruction No. 19 to the extent it seeks to require Defendant to "provide whatever answer you can including the limitations to your knowledge" and to identify people or entities who may be able to answer or supplement Defendant's response to any Interrogatory.  Said instruction seeks to impose requirements upon Defendant in excess of any obligation imposed by law and would subject Defendant to unreasonable and undue annoyance,

oppression, and burden.  Defendant shall respond based upon the information presently known and available to Defendant and does not agree to or adopt any duty or obligation beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules, or any applicable rule or order.

17.     Defendant objects to Instruction No. 20 to the extent it seeks to enlarge Defendant's obligations under the Federal Rules of Civil Procedure.  Defendant is willing to meet and confer with Plaintiffs regarding any attorney-client-privilege or work-product objection that she makes.

18.     Defendant objects to Instruction No. 21 to the extent it imposes upon Defendant obligations greater than those required by the Federal Rules of Civil Procedure or by law. Defendant shall respond to each Interrogatory fully and in writing, except to the extent objected to, as required by the Federal Rules of Civil Procedure.

19.     Defendant objects to Instruction No. 22 to the extent it requires Defendant to answer each Interrogatory that relates to more than one person or subject "as to each such person or subject separately."  Said instruction seeks to impose requirements upon Defendant in excess of any obligation imposed by the Federal Rules of Civil Procedure or by law.

20.     Defendant objects to Instruction No. 25 to the extent it requires that a reference to an entity, organization, or agency in these Interrogatories be construed "to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, and anyone acting on its behalf."  Said instruction is overbroad, and Defendant will construe any reference to an entity, organization, or agency to refer only to that entity, organization, or agency.

21.     Defendant objects to Instruction No. 26 to the extent it requires that a reference to a person in these Interrogatories be construed "to include that person's employees, representatives, consultants, and anyone acting on their behalf."  Said Instruction is overbroad, and Defendant will construe any reference to a person to refer only to that person.

III.   SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES.

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, Defendant responds to the specific interrogatories of LULAC Plaintiff's Third Set of Interrogatories as

follows:

**INTERROGATORY NO. 1:**

Identify and describe all the government interests you purport to be advanced by each of the Challenged Provisions of SB 1. Include in your description how each of the Challenged Provisions serves each interest, including any evidence, and whether you contend each interest was in fact the basis for the enactment of each Challenged Provision.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the foregoing General Objections, which Defendant incorporates by reference herein, Defendant specifically objects to this Interrogatory on the grounds that it is vague and ambiguous because it lacks a defined or reasonable time limit, and would subject Defendant to unreasonable and undue annoyance, oppression, and burden.  Defendant further objects to this Interrogatory on the grounds that it calls for speculation and seeks legal conclusions.  Defendant further objects that this Interrogatory is duplicative of questions which Ms. Wise was asked at a 30(b)(1) deposition on April 13, 2022, and a 30(b)(6) deposition on April 14, 2022.  Without waiving the General and Specific Objections above, Defendant refers Plaintiffs to her testimony at these prior depositions.  (*See, e.g.*, 04/13/22 L. Wise Dep. Tr. at 24:15-25:1.)

**INTERROGATORY NO. 2:**

State and describe all instances of which you are aware, if any, of voter fraud in your county connected to:

(a) any person advocating for "a specific candidate or measure" to a voter who is holding a sealed mail ballot;

(b) the use of "photocopied" signatures or signatures other than "ink on paper" on ABBMs.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the foregoing General Objections, which Defendant incorporates by reference herein, Defendant specifically objects to this Interrogatory on the grounds that it is vague and ambiguous because it lacks a defined or reasonable time limit, and would subject Defendant to unreasonable and undue annoyance, oppression, and burden.  Defendant will interpret this

Interrogatory as referring only to instances of voter fraud occurring since January 1, 2018. Defendant further objects to the extent this Request requires Defendant to produce documents that Defendant or any other party to this litigation deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Texas law, Federal Rule of Civil Procedure 26(c)(7), or Federal Rule of Evidence 501, including the investigation privilege.  Defendant further objects to this Interrogatory because it is improperly compound and contains multiple subparts.  Defendant further objects that this Interrogatory exceeds the 25 interrogatory limit imposed by Federal Rule of Civil Procedure 33(a)(1) when considered in the aggregate with prior interrogatories served by LULAC Plaintiffs and when the discrete subparts in all sets of interrogatories served by LULAC Plaintiffs are considered. Defendant further objects that the Request is vague and ambiguous because the terms "voter fraud" and "ABBM" are not defined.  Defendant shall construe "voter fraud" to refer to an intentional violation of the Texas Election Code by a voter, and "ABBM" to mean an application for ballot by mail as described in Section 84.001 of the Texas Election Code, and to exclude any applications for ballot by mail made by military personnel or other persons overseas as described in Section 105.001 of the Texas Election Code.

Subject to the foregoing objections, Defendant responds that she is (a) not aware of any instances of voter fraud involving any person advocating for "a specific candidate or measure" to a voter who is holding a sealed mail ballot and (b) not aware of any instances of voter fraud involving the use of "photocopied" signatures or signatures other than "ink on paper" on ABBMs since January 1, 2018.

**INTERROGATORY NO. 3:**

For the November 2022 general election, please provide the following data regarding ABBMs and mail ballots:

a.  Number of ABBMs received by the county;

b.  Number of ABBMs the county flagged for rejection because of an application defect of any kind;

c.  Number of ABBMs that the county ultimately accepted after an applicant cured a recorded defect of any kind;

d.  Number of ABBMs the county flagged for rejection because of an Omission Defect;

e.  Number of ABBMs the county flagged for rejection because of a Mismatch Defect;

f.  Number of ABBMs that the county ultimately accepted after an applicant cured either a Mismatch Defect or Omission Defect;

g.  Number of carrier envelopes the county received and reviewed for defects of any kind;

h.  Number of carrier envelopes the county flagged for rejection because of a defect of any kind;

i.  Number of mail ballots that the county ultimately accepted and counted after a voter cured a carrier envelope defect of any kind;

j.  Number of carrier envelopes the county flagged for rejection because of an Omission Defect;

k.  Number of carrier envelopes the county flagged for rejection because of a Mismatch Defect; and

l.  Number of ballots that the county ultimately accepted and counted after a voter cured either a Mismatch Defect or Omission Defect.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the foregoing General Objections, which Defendant incorporates by reference herein, Defendant specifically objects to the use of "Omission Defect," "Mismatch Defect," and "ABBM," as these terms are neither self-evident nor defined. Defendant will interpret the term "Omission Defect" to mean any defect on an ABBM or ballot carrier envelope caused by a voter failing to provide the number from his or her driver's license, election identification certificate, or personal identification card, or the last four digits of his or her social security number, or failing to state that he or she has never been issued such a number. Defendant will interpret the term "Mismatch Defect" to mean any defect on an ABBM or ballot carrier envelope caused by a voter failing to provide a number from his or her driver's license, election

identification certificate, or personal identification card, or the last four digits of his or her social security number that matches one associated with their voter file.  Defendant will interpret the term "ABBM" to mean an application for ballot by mail as described in Section 84.001 of the Texas Election Code, and to exclude any applications for ballot by mail made by military personnel or other persons overseas as described in Section 105.001 of the Texas Election Code.  Defendant further objects to this Interrogatory because it is improperly compound and contains multiple subparts.  Defendant further objects that this Interrogatory exceeds the 25 interrogatory limit imposed by Federal Rule of Civil Procedure 33(a)(1) when considered in the aggregate with prior interrogatories served by LULAC Plaintiffs and when the discrete subparts in all sets of interrogatories served by LULAC Plaintiffs are considered.  In responding to these Interrogatories, Defendant reserves all rights to raise objections to Plaintiffs' serving Interrogatories beyond those permitted under the Federal Rules of Civil Procedure in the future.

Without waiving the General and Specific Objections above, Defendant responds that, for the November 2022 general election, El Paso County:

(a) received 10,380 ABBMs;

(b) flagged 238 ABBMs for rejection because of an application defect of any kind;

(c) does not maintain a record of the number of ABBMs ultimately accepted after an applicant cured a recorded defect of any kind;

(d) does not maintain a record of the number of ABBMs flagged for rejection because of an Omission Defect;

(e) does not maintain a record of the number of ABBMs flagged for rejection because of a Mismatch Defect;

(f) does not maintain a record of the number of ABBMs ultimately accepted after an applicant cured either a Mismatch Defect or Omission Defect;

(g) received and reviewed 8,264 carrier envelopes for defects of any kind;

(h) flagged 1,191 carrier envelopes for rejection because of a defect of any kind;

(i)  ultimately accepted and counted 602 mail ballots after a voter cured a carrier envelope

defect of any kind;

(j) does not maintain a record of the number of carrier envelopes flagged for rejection because of an Omission Defect;

(k) does not maintain a record of the number of carrier envelopes flagged for rejection because of a Mismatch Defect; and

(l) ultimately accepted and counted 598 ballots after a voter cured either a Mismatch Defect or Omission Defect.

Defendant further responds that the total number of ABBMs flagged for rejection because of either an Omission Defect or a Mismatch Defect during the November 2022 general election was 157.

Dated: March 31, 2023                    Respectfully submitted,

                                         */s/ Orion Armon*
                                         Orion Armon (CO SBN 34923)
                                         **COOLEY LLP**
                                         1144 15th Street, Suite 2300
                                         Denver, CO 80202-2686
                                         Telephone: +1 720 566-4000
                                         Facsimile: +1 720 566-4099
                                         oarmon@cooley.com

                                         **COOLEY LLP**
                                         Kathleen Hartnett* (CA SBN 314267)
                                         khartnett@cooley.com
                                         Beatriz Mejia* (CA SBN 190948)
                                         bmejia@cooley.com
                                         David Louk* (CA SBN 304654)
                                         dlouk@cooley.com
                                         Kelsey Spector* (CA SBN 321488)
                                         kspector@cooley.com
                                         Germaine Habell* (CA SBN 333090)
                                         ghabell@cooley.com
                                         Caroline A. Lebel* (CA SBN 340067)
                                         clebel@cooley.com
                                         3 Embarcadero Center, 20th Floor
                                         San Francisco, CA 94111-4004

Telephone: +1 415 693-2000
Facsimile: +1 415 693-2222

**STATES UNITED DEMOCRACY CENTER**
Christine P. Sun* (CA SBN 218701)
3749 Buchanan St., No. 475165
San Francisco, CA 94147-3103
Telephone: +1 615 574-9108
christine@statesuniteddemocracy.org

**STATES UNITED DEMOCRACY CENTER**
Ranjana Natarajan (TX SBN 24071013)
1801 E 51st St., Suite 365, No. 334
Austin, TX 78723
Telephone: +1 323 422-8578
ranjana@statesuniteddemocracy.org

**STATES UNITED DEMOCRACY CENTER**
Marina Eisner* (DC SBN 1005593)
1101 17 Street NW
Washington, DC 20036
Telephone: +1 240 600-1316
marina@statesuniteddemocracy.org

**STATES UNITED DEMOCRACY CENTER**
Robert Cotter* (IL SBN 6334375)
7510 N. Greenview Ave., Apt. #3
Chicago, IL 60626
Telephone: +1 224-235-2606
robert@statesuniteddemocracy.org

*Admitted pro hac vice*

*Attorneys for Lisa Wise, in her official capacity as the El Paso County Elections Administrator*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 31, 2023, a true and correct copy of the foregoing document was sent via electronic mail to all counsel of record.

<u>*/s/ Eric Martin*</u>
Eric Martin