# Appendix 12

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al.,<br>*Plaintiffs,*<br><br>v.<br><br>GREGORY W. ABBOTT, et al.,<br>*Defendants.* | 5:21-cv-844-XR |
| LULAC TEXAS, et al.,<br>*Plaintiffs,*<br><br>v.<br><br>JANE NELSON, et al.,<br>*Defendants.* | 1:21-cv-0786-XR |

**PLAINTIFF LULAC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS**
**TO STATE DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff LULAC Texas ("LULAC"), by and through its attorneys, hereby submits the following Second Supplemental Responses and Objections to the First Set of Interrogatories propounded by Defendant Ken Paxton, in his official capacity as the Texas Attorney General (the "Attorney General"), and Defendant Jane Nelson, in her official capacity as the Texas Secretary of State (the "Secretary," and, collectively, the "State Defendants").

**GENERAL OBJECTIONS**

1.      LULAC objects to State Defendants' Interrogatories to the extent that they seek disclosure of information that would infringe upon the associational rights protected by the First Amendment to the United States Constitution.

1

**SECOND SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its General Objections or Specific Objections, LULAC responds as follows:

LULAC's mission is to advance the economic condition, educational attainment, political influence, housing, health and civil rights of the Hispanic population of the United States. In order to advance its mission, LULAC works to protect and advance the civil and voting rights of Hispanics, including within the State of Texas. For example, LULAC members engage in voter registration activities as Volunteer Deputy Registrars, voter education, and other activities and programs designed to increase voter turnout among its members, communities, and constituents. This work is critical to LULAC's mission. The Suppressive Provisions of SB 1 have and will continue to require LULAC to divert resources, including staff and volunteer time, from other programs and activities to address the adverse impacts of SB 1 and to assist its members and constituents in surmounting new barriers to registration and voting. The Suppressive Provisions of SB 1 have also required LULAC to expend additional funds to combat the effects of SB 1.

At the same time, SB 1 has created a culture of fear within the Latino community, including among LULAC members, interfering with LULAC's ability to conduct voter assistance programs. This is especially true for section 7.04's voter interaction ban, which creates criminal penalties for anyone who "interact[s]" with a voter "in the physical presence" of a ballot if the person receives any "compensation or benefit" and is intending to "deliver votes for a specific candidate or measure." Many LULAC councils have historically operated voter assistance programs to help seniors in Dallas, Fort Worth, and the Rio Grande Valley. These programs assist elderly Latino citizens in overcoming obstacles to voting, including language or transportation barriers, by working with them in person to educate them on voting and to help them register to vote.

Sometimes, LULAC councils provide incidental benefits to volunteers for participating, like gas, t-shirts, or food.

SB 1 has inhibited the efficacy of these programs and made LULAC members afraid to participate: Fewer members are willing to volunteer and fewer seniors are willing to request assistance, specifically because of the voter interaction ban. Helping members of their community vote, they fear, is now illegal or risks investigation by law enforcement. This decline in participation has diminished LULAC's ability to communicate with potential voters.

LULAC refers State Defendants to the LULAC Plaintiffs' Second Amended Complaint in this matter. LULAC also refers State Defendants to the deposition of LULAC's 30(b)(6) witness, Domingo A. Garcia. Finally, LULAC also incorporates its initial and amended disclosures and its response to Interrogatory Nos. 3 and 9 and reserves the right to supplement this response.

**INTERROGATORY NO. 3:**

If you contend that you have to divert time, money, or resources from other activities because of any of the provisions you identified in Interrogatory No. 1, for each plaintiff:

    **A.** Identify the time, money, or resources that you have diverted in response to Senate Bill 1:

    **B.** Identify the time, money, or resources that you anticipate diverting in responses to Senate Bill 1;

    **C.** State the facts that support your contention that you have or will divert time, money, or resources, that you have or will divert in response to Senate Bill 1;

    **D.** Identify all documents that support your contentions.

**OBJECTIONS:**

LULAC objects to this Interrogatory as unduly burdensome, overbroad, vague, and ambiguous, and disproportionate to the needs of the case. The State Defendants seek a response as