# Exhibit I

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| La Unión del Pueblo Entero, *et al.*,<br><br>    *Plaintiffs*,<br>v.<br><br>State of Texas, *et al.*,<br><br>    *Defendants* | Case No. 5:21-CV-844-XR<br>(consolidated cases) |

## **DECLARATION OF JEFFREY CLEMMONS**

I, **Jeffrey Clemmons**, declare that the following is true based on my personal knowledge:

1. I am currently a resident of Austin, Texas. I recently returned to Austin in April, 2023 after living in Washington, D.C. for a year. Before that, I was a resident of Austin for nearly three years.

2. I moved back to Austin to be closer to my family and more engaged with local issues affecting Texas, including and especially voting rights.

3. I served as an election judge in Travis County for the July 14, 2020 primary runoff election.

4. Since the passage of SB1, I have been worried about serving as an election judge again because the law places new restrictions on election judges concerning how they may interact with poll watchers.

5. SB1 seems to me to be unclear and ambiguous, and I am concerned I may inadvertently violate it and face criminal penalties or other legal consequences.

6. My main concern is that in carrying out election judge duties, such as maintaining order in a polling location, protecting voters from harassment and intimidation, safeguarding the secrecy of the ballot, and making voting a safe and comfortable experience for all eligible voters, I might inadvertently violate one of the poll watcher provisions of SB1. For example, if a poll watcher were hovering close to a voter in a way that made the voter feel uncomfortable or intimidated, I am unsure whether I would violate the law by intervening.

7. In addition, I do not have a clear understanding of the definition of "free movement" that poll watchers are entitled to under SB1, nor of how to carry out the duties of an election judge without denying their "free movement."

8. I do not understand how to judge if a poll watcher is sufficiently close to poll workers or election activity to see and hear, except to take the poll watcher's word for it.

9. I also do not understand how to determine whether I might be interfering with poll watchers' observation in a manner that would make it "not reasonably effective."

10. I am also concerned that the ambiguities in the law leave it open to different interpretations, which can lead to greater conflict between election workers and poll watchers or poll watchers and voters, contributing to a hostile environment at the polls and making it difficult for an election judge to carry out their duties in a fair and consistent way.

11. Because of these concerns, I did not serve as an election judge in the March, 2022 primary election.

12.     I periodically receive communications from both the Travis County Clerk and the Travis County Democratic Party encouraging people to serve as election judges or poll workers.

13.     Having been raised in the suburbs of Dallas, but moving away to pursue higher education, my time in Washington left me feeling disconnected from the community I had adopted as my own. I felt too removed to be able to make a difference toward addressing the issues affecting those closest to me, and those I'd come to call my friends and neighbors. Since returning, with the opportunity to be engaged on the ground again, I've decided to again serve as an election judge during the March, 2024 primary election and other future elections. I will also consider serving for the November, 2023 constitutional amendment election if there is a significant need for election judges.

14.     Despite my concerns about the poll watcher provisions of SB1, I am willing to expose myself to potential legal consequences because I believe it remains important for people to support democracy through direct involvement in its maintenance. Our elections are central to this ongoing work and therefore must be run with care and efficiency.

15.     I hope to serve as an election judge so that I can lead by example; I believe it is very important for young people to be civically engaged and have a sense of ownership over their democracy, especially for the upcoming election cycle, when I think there will be increased conflict and tensions at the polls.

16.     To my knowledge, there is still a shortage of election judges in Travis County, and I want to help fill that gap.

17.     Since my deposition, in April, 2022, I have not received any further guidance on how to interpret the poll watcher provisions of SB1. I am on the email listserv for the Travis

17. Since my deposition, in April, 2022, I have not received any further guidance on how to interpret the poll watcher provisions of SB1. I am on the email listserv for the Travis County Clerk and have not received any clarifications or updates from the County or from any other sources about how to understand the poll watcher provisions.

18. I am concerned about potential conflicts with poll watchers and potentially facing legal trouble when I serve as an election judge in the future; however, I am willing to take on these risks because of the important role election judges play in carrying out our elections, upstream of maintaining and expanding our democracy.

This Declaration is made pursuant to 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct. Executed on this 22nd day of June, 2023, at Austin, Texas.

Jeffrey Lamar Michael Clemmons