# Exhibit U

Toby Cole                                                                                June 28, 2022

```
 1                    UNITED STATES DISTRICT COURT
                              FOR THE
 2                    WESTERN DISTRICT OF TEXAS

 3
     LA UNION DEL PUEBLO        §
 4   ENTERO, ET AL.             §
                                §
 5        Plaintiff             §
                                §   Civil Action No.
 6   V.                         §   5:21-cv-00844-XR
                                §
 7   GREGORY W. ABBOTT, ET      §
     AL.                        §
 8                              §
          Defendant.            §
 9

10

11

12

13                       ORAL DEPOSITION OF
                              TOBY COLE
14                          JUNE 28, 2022

15

16

17        ORAL DEPOSITION OF TOBY COLE, produced as a witness

18   at the instance of the Defendant and duly sworn, was

19   taken in the above styled and numbered cause on Tuesday,

20   June 28, 2022, from 9:16 a.m. to 10:42 a.m., before

21   DONNA QUALLS, Notary Public in and for the State of

22   Texas, by computerized stenotype machine, at the offices

23   of Cole Law Firm, 1616 South Voss Road, Houston, Texas,

24   pursuant to the Federal Rules of Civil Procedure and any

25   provisions stated on the record or attached hereto.
```

| | |
|---|---|
| 1 | ordinance that got rewritten.  And so as a chairman of |
| 2 | the committee, I agreed with it.  So I don't know if |
| 3 | that's considered a public endorsement. |
| 4 |     Q.   Do you contend that the provisions of Senate |
| 5 | Bill 1 have harmed you in any way? |
| 6 |     A.   Yes. |
| 7 |     Q.   How so? |
| 8 |     A.   Anytime you make it more difficult for somebody |
| 9 | with a disability to do anything, it harms them. |
| 10 |     Q.   And you believe that Senate Bill 1 makes it |
| 11 | more difficult? |
| 12 |     A.   Absolutely. |
| 13 |     Q.   What's the basis of that belief? |
| 14 |     A.   I mean, we start from the fact that, you know, |
| 15 | this last election it took me 45 minutes, and they were |
| 16 | so confused.  And that was in a primary election.  And, |
| 17 | you know, the joker on primaries is you have to pull |
| 18 | people out of their houses to go vote.  You know, what's |
| 19 | going to happen in a major election?  It's going to be a |
| 20 | disaster.  You know, it's not going to be -- it's going |
| 21 | to be horrible. |
| 22 | ==The oath provision is very onerous on folks== |
| 23 | ==like me that I need to have help me.  You know, I have== |
| 24 | ==to decide what I'm going to do and how I'm going to do== |
| 25 | ==it.  Because the way the oath is written right now,== |

1  whoever helps me could be violating that.  I could be
2  putting them in trouble.  SB 1 has restricted the
3  ability for people to vote, and that is even harder on
4  people with disabilities.
5       Q.  So let's talk about some of the provisions of
6  Senate Bill 1.  This will be marked as Exhibit 2.
7            (Exhibit No. 2 was marked.)
8       Q.  (BY MR. WASSDORF)  Let's turn to page 52.  We
9  are looking at Section 6.04 of the bill.  So that starts
10 on line 20.
11           Now, this is the oath provision that you've
12 discussed just a moment ago.  So could you go ahead and
13 read through that.  I believe it starts on line 20 of
14 page 52 and continues through line 14 on page 53.
15      A.  Section 6.04 --
16      Q.  You don't have to read it out loud.
17      A.  Oh, got it.
18      Q.  Just familiarize yourself with, and then we can
19 discuss.
20      A.  (Witness complies.)  Okay.
21      Q.  Now, Section 6.04 here, it doesn't impose a
22 specific requirement on voters themselves, does it?
23      A.  I don't understand what you mean.
24      Q.  This provision is about the oath, and the
25 assister must take.  But it does not impose any

```
 1   requirement on the voter themselves.
 2        A.   It absolutely does.
 3        Q.   How so?
 4        A.   Because I have to pick the assister.  I have to
 5   have an assister that is willing to take this oath, and
 6   I have to have an assister that's willing to be subject
 7   of prosecution if something of this oath goes amiss.  So
 8   absolutely it definitely put an onerous on me.
 9        Q.   So can you -- in this provision in the language
10   of the oath, can you point out specifically what
11   sections that you believe harm you?
12        A.   Well, let's -- let's start with "I swear or
13   affirm under penalty of perjury," right?  So when we
14   started my deposition, what did you remind me of?
15        Q.   That you were under oath.
16        A.   That I was under oath under the penalty of
17   perjury, right?  And how many times have you taken a
18   deposition or I've taken a deposition where halfway
19   through the deposition you remind the witness that it is
20   the penalty of perjury and that they can go to jail and
21   that -- and that this is something that could put them
22   in harm's way.  And this is not for those folks to vote.
23   This is so that person can help me.  So, yeah, that
24   right there -- that right there is very difficult.
25        Q.   I mean, do you believe that someone taking this
```

```
 1   going to vote in the next election.
 2        Q.   Are you aware that it's the position of the
 3   State defendants that under this oath that assisters may
 4   still assist voters with disabilities by, for example,
 5   reading the voter's notes or otherwise refreshing their
 6   recollection?
 7        A.   I'm sorry.  You said who's position?
 8        Q.   The States's position, the State of Texas.
 9        A.   Where is that in writing?  Because it could be
10   your position right now, but it may not be the position
11   of the next person at the AG's office or the next point
12   of emphasis.  So where does it say that?  Because right
13   now the way this is written, I have to vote from memory,
14   and that's not fair.  Or it's not a problem for me, I
15   just have to realize that the people that rely on me for
16   their lives, the jobs that I have for them can get
17   arrested at some point.  So do I put them in that harm's
18   way?
19        Q.   If there were some assurance that the
20   assistance that you're describing is still permitted
21   under SB 1, would you agree that this oath provision
22   does not harm you?
23             MS. DAVIS:  Objection; form.
24        A.   No.  The entire -- the entire idea of having to
25   take an oath under the penalty of perjury for anything
```