*EXHIBIT 11*

```
 1              UNITED STATES DISTRICT COURT
                         for the
 2                WESTERN DISTRICT of TEXAS

 3   LA UNION DEL PUEBLO         §
     ENTERO, et. Al.             §
 4                               §
          Plaintiff,             §
 5                               §     Civil Action No.
          v.                     §     5:21-cv-00844-XR
 6                               §
     GREGORY W. ABBOTT, et al.   §
 7                               §
          Defendant.             §
 8


 9
     *************************************************************
10
                ORAL AND VIDEOTAPED DEPOSITION OF
11
                         NANCY CROWTHER
12
                         June 17, 2022
13
     *************************************************************
14

15       ORAL and VIDEOTAPED DEPOSITION OF NANCY CROWTHER,

16   produced as a witness at the instance of the Plaintiff,

17   and duly sworn, was taken in the above-styled and

18   -numbered cause on the 17th day of June, 2022, from

19   10:08 a.m. to 3:14 p.m., before Karen A. Gonzalez,

20   Commissioned Notary, in and for the State of Texas,

21   reported by machine shorthand, remotely from Dallas

22   County, Texas, pursuant to the Texas Rules of Civil

23   Procedure, the Texas Supreme Court Emergency Order

24   Regarding the Covid-19 State of Disaster and the

25   provisions stated on the record or attached hereto.
```

```
 1   the sort of help that you will need in the future -- not
 2   that you need right now, but that you will need in the
 3   future.  Is that your concern?
 4               MS. SIFUENTES-DAVIS:  Objection, form.
 5      A.   That's part of the concern.
 6      Q.   (BY MR. HERBERT)  Okay.  What's the rest of the
 7   concern?
 8      A.   That something as meaningful as voting is to me,
 9   that I need assistance with now, much less more in the
10   future, has now a bump, or speed bump, in the process,
11   to where now it's become more threatening to bring an
12   attendant in because they have to sign something that
13   says, Legally, if you do X, Y, and Z, you are in
14   violation of this law.
15            And it's like, why would I want to bring a
16   person, much less my attendant, into that role and have
17   them get all freaked out about, You mean to tell me if I
18   help you do something that is not on this form or I do
19   something that is on this form, I could get in trouble?
20            And it's just not worth it when your life is
21   dependant on your attendant or your caregiver or your
22   spouse or anything.  It's just not worth it.
23      Q.   Okay.  So let me -- let me try and -- correct me
24   if I'm wrong, but let me try and categorize the concerns
25   that you have with the oath, and then we can talk about
```

1  really quick questions.
2                         CROSS-EXAMINATION
3  BY MS. SIFUENTES-DAVIS:
4     Q.  You testified that your attendant had not been
5  required to take the new assisters' oath thus far.
6         Do you know if that will continue to be the case
7  in the future?
8             MR. HERBERT:  Objection, form.
9     A.  That just depends if they enforce it.
10    Q.  (BY MS. SIFUENTES-DAVIS)  And are you concerned
11 that your attendant may be required to take this new
12 oath in the future?
13            MR. HERBERT:  Objection, form.
14    A.  Yes.
15    Q.  (BY MS. SIFUENTES-DAVIS)  I don't have any other
16 questions.
17        Would you like to read and sign?
18    A.  Yes.
19            MS. SIFUENTES-DAVIS:  Off the record.
20            THE VIDEOGRAPHER:  Off the record at
21 3:14 p.m.
22            (Conclusion of deposition at 3:14 p.m.)
23
24
25