*EXHIBIT 17*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> Defendants. | Civil Action No. 5:21-cv-844 (XR) (Consolidated Cases) <br><br> **DECLARATION OF PLAINTIFF JAMES LEWIN IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO INTERVENOR-DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I, James Lewin, declare as follows:

1. I am a resident of the State of Texas. I have been self-employed for 10 years.

2. I have served as a poll worker and election judge in Travis County, Texas during the following elections:

    a. November 2020 general election;

    b. November 2021 special election;

    c. March 2022 primary election; and

    d. November 2022 general election.

3. I make this Declaration based upon my personal knowledge, a review of the text of Senate Bill 1 (SB1) pertaining to poll watchers, and a review of my records and information kept in the regular course of serving as a poll worker and election judge in Texas.

**Serving as Poll Worker Prior to the Passage of SB1**

4. In my roles as a poll worker and election judge in 2020 and 2021, I wanted to help eligible voters cast their ballot. In those roles, I interacted with voters in a variety of different ways, including by providing information about the voting process at the polls, helping voters

navigate that process, distributing ballots and ballot-marking instructions, and asking for information to verify that they were eligible to vote.

5. Prior to the passage of SB1 in 2021, it was my understanding that if a poll watcher impinged on an eligible voter's ability to cast a ballot, stood too close to a voter, intimidated a voter, or otherwise disrupted the voting process at a polling place, that I could remove them from the polling location.

**Concern About Serving as a Poll Worker After the Passage of SB1**

6. Since the passage of SB1, I have been confused about the circumstances under which I would be permitted to remove a disruptive poll watcher from a polling location. I do not know what actions could have the effect of making a watcher's observation not "reasonably effective" because the phrase lends itself to an individual watcher's subjective interpretation. The Travis County poll worker training and poll worker handbook for the 2022 general election also did not provide any substantive guidance on SB1's new poll watcher provisions. Because SB1 would permit a watcher to accuse me of rendering their observation not reasonably effective even if that's objectively not true, I am left concerned about my ability to ensure that eligible voters can cast their ballots free from a poll watcher's intimidation or harassment. I am also worried that if I inadvertently make an incorrect judgment call to remove a disruptive poll watcher, I am now at risk of criminal prosecution.

**Concern About Serving as a Poll Watcher in the Future**

7. I intend to serve as an election judge or election worker in the future because I am still committed to helping eligible voters cast their ballots and providing voters with correct election information. However, I remain unsure of what I can do if faced with an unruly poll watcher.

8. I also have concerns about poll watcher activity during the 2024 election cycle. In 2020, the last time there was a presidential election, there was a nationwide effort to recruit a so-called army of poll watchers, including in Texas. Next year is the next presidential election, and with that the possibility of another vigorous poll watcher recruitment effort. I am concerned that there will be significant poll watcher presence at polling locations in Travis County, that an inordinate number of poll watchers might attempt to disrupt the election, and that the ambiguity surrounding what I can and cannot do in response to an unruly poll watcher will make it more difficult for me to manage a polling location during the election.

9. SB1's poll watcher provisions make it more difficult for me to effectively facilitate the voting process.

I declare under penalty of perjury under the laws of the United States and the State of Massachusetts that the foregoing is true and correct, and that this declaration was executed on __22 JUNE__, 2023, in __BOSTON__, Massachusetts.

_____
James Lewin