# *EXHIBIT 24*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY W. ABBOTT, *et al.*,<br><br>Defendants. | Civil Action No. 5:21-cv-844 (XR) (Consolidated Cases)<br><br>**DECLARATION OF RICHARD ERTEL IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO INTERVENOR-DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I, Richard Ertel, declare as follows:

1. I am a resident of the State of Texas. I am a retired lawyer.

2. I am the representative of the Southwestern Texas Synod of the Evangelical Lutheran Church of America on the board of directors for Texas Impact. I am also the past president and am one of eight members of the organization's executive committee.

3. I served as county chair for the Kerr County Democratic Party from 2014 to 2018. I have also served as a precinct chair, a member of the early voting ballot board, a poll worker, and a volunteer deputy registrar in Kerr County.

4. I was recruited to serve as an election clerk in Kerr County for the November 2022 general election.

5. I make this Declaration based upon my personal knowledge as someone who has served as a county chair, precinct chair, member of an early vote ballot board, poll worker, and volunteer deputy registrar in Texas, as well as my review of the text of Senate Bill 1 (SB1) pertaining to poll watchers during my deposition in this case on April 21, 2023.

**Serving as Poll Worker Prior to the Passage of SB1**

6.     As the county chair for the Kerr County Democratic Party, I recruited and appointed election judges and alternate judges for all the precincts in the county. I also answered their questions if they were uncertain about their duties and responsibilities. In addition, I monitored polling places during early voting and on election day and vote counting at central count on election day. As a poll worker, I helped ensure voters could cast a valid ballot by answering their questions, assisting them with voting equipment, and maintaining order in the polling place. And as a clerk during the 2022 general election, I checked voters into the polling place and asked them for information to verify their eligibility. I also provided ballots to voters.

7.     Prior to the enactment of SB1 in 2021, it was my understanding that an election judge could remove a poll watcher, or an election worker could alert an election judge about a poll watcher that should be removed, if the watcher was being disruptive – whether by intimidating a voter or otherwise interfering with their ability to vote, curtailing the ability of a poll worker to effectively manage a polling location, or trying to disrupt the counting of ballots at central count.

**Concern About Serving as a Poll Worker After the Passage of SB1**

8.     After the enactment of SB1, I worry that election workers will not always be able to maintain order at polling locations and central count. I do not know what conduct would render a watcher's observation "not reasonably effective" from the perspective of an individual poll watcher. I have served as an election worker at polling locations that were not big enough to accommodate a lot of people, and it would not have been possible to allow a watcher to go wherever they wanted to go in those locations without moving tables or voting equipment. For that reason, I am worried that the change to this statute will allow poll watchers to claim that their observation is not reasonably effective even if they are not actually being distanced or obstructed

from observing. I am also concerned that overzealous poll watchers will try to disrupt the conduct of elections in small polling locations because they believe the way the polling place has been configured has made their observation not reasonably effective. Making matters worse, SB1 prohibits an election judge from removing a disruptive watcher unless the judge personally witnesses the watcher's misconduct.

9. I took the Kerr County poll worker training for the November 2022 general election; however, it failed to provide any guidance whatsoever regarding SB1's new poll watcher provisions. The training also did not explain what conduct by an election worker would render a watcher's observation not "reasonably effective."

**Concern About Serving as a Poll Watcher in the Future**

10. I do not intend to serve as an election worker in the future because I do not want to risk criminal prosecution.

11. I am also especially concerned about poll watchers during the 2024 election. In 2020, there was a nationwide effort to recruit a so-called "army" of watchers, including in Texas, and I believe there will be similar efforts next year because of the presidential election.

I declare under penalty of perjury under the laws of the United States and the State of Texas that the foregoing is true and correct, and that this declaration was executed on June 23, 2023, in Kerr County, Texas.

/s/ Richard Ertel<br>Richard Ertel

4