# *EXHIBIT 25*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY W. ABBOTT, *et al.*,<br><br>Defendants. | Civil Action No. 5:21-cv-844 (XR)<br>(Consolidated Cases)<br><br>**DECLARATION OF TANESA LEE IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO INTERVENOR-DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I, Tanesa Lee, declare as follows:

1. I am a resident of the State of Texas. I was employed at AT&T from 2008 until January 31, 2023.

2. I am a member of Friendship-West Baptist Church.

3. I have served as an election judge in Dallas County, Texas during the following elections:

    a. November 2020 general election;

    b. November 2021 constitutional amendment election;

    c. November 2022 general election; and

    d. May 2023 joint and special election.

4. I make this Declaration based upon my personal knowledge, a review of the text of Senate Bill 1 (SB1) pertaining to poll watchers, and a review of my records and information kept in the regular course of my serving as an election judge in Texas.

**Serving as Poll Worker Prior to the Passage of SB1**

5. In my role as an election judge in November 2020 and November 2021, I was

responsible for making sure that my polling place operated smoothly so that voters could vote without incident. In those roles, I set up the voting area, supervised election workers, and managed the conduct of the polling location. I also helped voters navigate the voting process by making sure that they had the information or assistance they needed to cast a ballot that counts.

6. Prior to the enactment of SB1, it was my understanding that if a poll watcher interfered with a voter's ability to cast a ballot or disrupted the voting process at a polling place, that I could remove them from the polling location.

**Concern About Serving as a Poll Worker After the Passage of SB1**

7. After SB1 took effect, I no longer felt confident that I could effectively serve as an election judge. I am confused about the circumstances under which I can remove a poll watcher if they are being disruptive now that they can have "free movement" throughout a polling place. I also do not understand what it means to make a watcher's observation not "reasonably effective," and I am worried that a watcher might accuse me of breaking the law even if they are still able to observe.

8. While I took the Dallas County poll worker training for the March 2022 primary, I ultimately did not serve as an election judge for that election. The training did not provide enough clarity for me on how to handle poll watchers under SB1's new provisions. I was worried that I could face criminal prosecution if I made an inadvertent mistake while interacting with a disruptive watcher, so I wanted to see how other election judges dealt with watchers for that election before I assumed the responsibility again.

9. I served as an election judge during the November 2022 general election because the polling location that I would have served at for the March 2022 primary election closed and I was worried that would happen again if I did not serve for the November 2022 general election. I

also served during the May 2023 joint and special election because I was affirmatively asked to do so by the Dallas County Elections Department.

**Concern About Serving as a Poll Watcher in the Future**

10.   I intend to serve as an election judge in the future, but only if there is a shortage of election workers and if future trainings provide more clarity about when an election judge can and cannot remove a disruptive poll watcher from a polling location, and about poll workers' duties more generally with regards to watchers. However, I do not know at this time what I can do that would not allow an unruly watcher to accuse me of making their observation not reasonably effective now that they can have free movement throughout the polling place.

11.   I am worried that there will be significant poll watcher presence at polling locations in Dallas County for the 2024 presidential election, and that I will remain unsure of what I can and cannot do about a watcher who tries to intimidate voters or otherwise disrupt the election.

12.   Election judges in Texas already have a lot of responsibilities during an election, and SB1's poll watcher provisions will make it more difficult for me to effectively do my job so that voters can cast a ballot.

I declare under penalty of perjury under the laws of the United States and the State of Texas that the foregoing is true and correct, and that this declaration was executed on __June 22__, 2023, in __Garland__, Texas.

_Tanesa [signature]_
Tanesa Lee