IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY W. ABBOTT, et al., <br><br> Defendants. | Civil Action No. 5:21-cv-844 (XR) <br> (consolidated cases) |

## UNITED STATES' NOTICE RELATED TO WAIVER OF PRIVILEGE IN THE DECLARATION OF JONATHAN WHITE

The United States files this notice in advance of the Court's July 11, 2023, hearing to alert the Court of the existence of an ongoing dispute between the United States and State Defendants regarding the Declaration of Jonathan White, ECF No. 645-5, the former Division Chief of the Election Integrity Division of the Office of the Attorney General of Texas. State Defendants filed Mr. White's declaration in support of their Brief in Response to the United States' Motion for Summary Judgment, ECF No. 645, and LUPE Plaintiffs argue in their Reply in Support of their Motion to Compel, ECF No. 655 at 3-4, that the declaration waives various privileges. The United States is not a party to LUPE Plaintiffs' Motion to Compel, ECF No. 630. The United States agrees with LUPE Plaintiffs that the White Declaration appears to selectively disclose information, long after the close of discovery, that it had previously withheld or otherwise regarded as protected from disclosure during discovery under the investigatory or

law enforcement privilege, attorney-client privilege, or work product doctrine,[1] *compare* White Dep. (April 27, 2022) (Exhibit 1) at 21:6-14, 74:13-24, 89:9-90:6, 185:14-186:24, 187:7-188:20, *with* White Decl. (Exhibit 2) at ¶¶ 13, 18-23, 25, 30-33, but the United States continues to confer with State Defendants in hopes of resolving this issue before trial without a need for further motion practice.[2]

To the extent the Court determines that State Defendants improperly waived privilege by disclosing new evidence in the White Declaration, the United States respectfully suggests that it may be appropriate for the Court to exclude that evidence to prevent prejudice resulting from State Defendants' late-stage privilege waiver or—in the alternative—allow for additional discovery, including the re-opening of Jonathan White's deposition, for the purpose of completing the record on subjects implicated in the State's selective disclosures. *See* Fed. R. Civ. P. 37 ("If a party fails to provide information [] as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless."); *see also Bright Harvest Sweet Potato Co. v. H.J. Heinz Co., L.P.*, No. 1:13-CV-296, 2015 WL 1020644, at *1 (D. Idaho Mar. 9, 2015) (explaining that parties cannot use privilege "as both a sword and a shield" to prevent discovery and "selectively reveal [] those

---

[1] For example, during Mr. White's deposition, the United States asked whether his office had means of detecting vote harvesting before SB 1, but counsel objected on the basis of privilege and instructed Mr. White not to answer "to the extent that that would encroach on methods of investigation or practices." White Dep. (Apr. 27, 2022) at 89:9-90:6. At the time, following the instructions of counsel, Mr. White provided a limited answer explicitly "[w]ithout going into our mental impressions and our investigative practices." *Id.* But now, in his declaration, Mr. White states, "[i]nvestigating and prosecuting mail ballot fraud violations after the fact is difficult for a number of reasons" including "[i]nadequate detection mechanisms." White Decl. ¶ 25.

[2] The White Declaration does not create a genuine dispute of material fact that implicates the United States' pending motion for summary judgment, ECF No. 609.

portions of the privileged communications most beneficial to its case" at trial); *see also In re Itron, Inc.*, 883 F.3d 553, 558-60 (5th Cir. 2018).

Date:   July 10, 2023

                        KRISTEN CLARKE
                        Assistant Attorney General

                        *Dana Paikowsky*
                        T. CHRISTIAN HERREN, JR.
                        RICHARD A. DELLHEIM
                        DANIEL J. FREEMAN
                        DANA PAIKOWSKY
                        MICHAEL E. STEWART
                        JENNIFER YUN
                        Attorneys, Voting Section
                        Civil Rights Division
                        U.S. Department of Justice
                        950 Pennsylvania Avenue NW
                        Washington, D.C. 20530
                        dana.paikowsky@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on July 10, 2023, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

*Dana Paikowsky*
Dana Paikowsky
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530
(202) 353-5225
dana.paikowsky@usdoj.gov