IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., *Plaintiffs*, v. GREGORY W. ABBOTT, et al., *Defendants*. | 5:21-cv-844-XR |

## AMENDED DECLARATION OF CHRISTINA WORRELL ADKINS SUPPORTING DEFENDANT'S RESPONSE TO MOTION TO COMPEL

1. My name is Christina Worrell Adkins. I am over 18 years old and competent to make this declaration. I currently serve as the Director of the Elections Division at the Texas Secretary of State's Office and have been in this position since March 10, 2023 (initially as the Acting Director until April 26, 2023). Prior to becoming Elections Director, I served as Legal Director of the Elections Division, and I have worked at the Secretary of State's Office since 2012.

2. I am aware that the Secretary of State has asserted a claim of deliberative process privilege regarding documents numbered DOC_080748 and DOC_080749. The documents relate to a draft report to the Texas Legislature that the Secretary of State's office was preparing in accordance with Section 127.305 of the Texas Election Code. The documents contain advice, recommendations, and opinions of Secretary of State staff regarding preliminary drafts of the legislative report, which our office intends to release to the public in its final form. The disclosure of such pre-decisional information would discourage frank and open discussion among agency staff in connection with the Secretary of State's decision-making processes. As such, the Secretary of State maintains its assertions of deliberative process privilege as to the specified documents.

3. Pursuant to Section 31.006 of the Texas Election Code, the Secretary of State's office receives complaints of potential criminal conduct in connection with an election. Section 31.006(a) provides that if the Secretary of State, "after receiving or discovering information indicating that criminal conduct in connection with an election has occurred, . . . determines that there is reasonable cause to suspect that criminal conduct occurred, the secretary of state shall promptly refer the information to the attorney general."



1

4. With respect to election complaints submitted to the Secretary of State's office since November 2022, the Secretary of State has not yet determined whether any of the information received warrants a criminal referral to the Attorney General for further investigation. Our office's investigation into these complaints thus remains active and ongoing.

5. Maintaining the confidentiality of complaints that remain under consideration by the Secretary of State's office helps preserve the integrity of the agency's ongoing review of allegations of criminal conduct in connection with an election. Requiring the Secretary of State to publicly release information about such allegations while our review remains pending could inhibit the agency's ability to conduct a frank, comprehensive evaluation of the matter and, in certain instances, could discourage individuals from submitting election complaints to the Secretary of State.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 13, 2023.

Christina Worrell Adkins