IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>STATE OF TEXAS, *et al.*,<br><br>*Defendants*.<br><br><br>HARRIS COUNTY REPUBLICAN PARTY, *et al.*,<br><br>*Intervenor-Defendants*. | CIVIL ACTION NO.<br>5:21-cv-844-XR<br>[Consolidated Action: Lead Case] |

**LUPE PLAINTIFFS' POST HEARING ADVISORY
REGARDING MOTION TO COMPEL (DKT. 630)**

Pursuant to the Court's direction at the July 11, 2023 hearing, at which the Court heard argument on LUPE Plaintiffs' motion to compel production of documents withheld, in whole or in part, by the Secretary of State ("SOS") and Attorney General ("OAG") (Dkt. 630), LUPE Plaintiffs file this advisory to notify the Court of which documents remain subject to dispute. *See* Ex. A at 36:11-37:3, Excerpt of Transcript of July 11, 2023 Motion to Compel Hearing.

On July 14, 2023, the parties jointly filed a list of the documents that remain in dispute. *See* Dkt. 667-2. In that joint filing, State Defendants also:

   (1) note their disclosure of four additional documents to LUPE Plaintiffs;

   (2) make no changes in the descriptions of the documents in dispute; and

   (3) do not assert any additional privileges.

1

*See* Dkt. 667.

Also on July 14, 2023, State Defendants filed a Notice of Supplemental Declarations and attached as exhibits: (1) an Amended Declaration of Christina Adkins, Director of the Elections Division at the SOS; (2) a Declaration of Jonathan White, Former Division Chief of the OAG Election Integrity Division; and (3) a Declaration of Wesley Hensley, a Major in the Criminal Investigations Division of the OAG. Dkt. 666. Because the new declarations provide little, if any, support for the asserted privileges, and for the reasons expressed in LUPE Plaintiffs' opening brief and reply, Dkts. 630 and 655, LUPE Plaintiffs respectfully request that the Court compel the production of all of the documents identified in the joint list submitted by LUPE Plaintiffs and State Defendants to the Court on July 14, 2023, Dkt. 667-2.

To aid the Court's analysis, attached as Exhibit B to this advisory is that same spreadsheet (Dkt. 667-2) but with additional columns on the right to indicate, for each challenged document, the remaining arguments for disclosure.[1]

### I. Amended Declaration of Christina Adkins (Dkt. 666-1)

State Defendants submit an amended declaration of Christina Adkins (Secretary of State Elections Division Director), dated July 13, 2023, that is nearly identical to her June 26, 2023 declaration submitted in connection with State Defendants' response to the instant motion. *Compare* Dkt. 666-1 (July 13, 2023 declaration) with Dkt. 650-1 (June 26, 2023 declaration). As such, State Defendants provide no additional detail regarding their assertions of the attorney-client

---

[1] Those arguments are: that the document was not created or shared for the primary purpose of seeking legal advice and therefore is outside the scope of the attorney-client privilege (Column O, "Atty-Client Privilege (Primary Purpose)"); that the document contains underlying facts not subject to the attorney-client privilege (Column P, "Atty-Client Privilege (Underlying Facts)"); that the document was shared among only attorneys and therefore is not subject to the attorney-client privilege (Column Q, "Atty-Client Privilege (No Client)"); that the document is not protected by the deliberative process privilege (Column R, "Deliberative Process Privilege"); and that the document is not protected by the investigative privilege (Column S, "Investigative Privilege").

2

privilege over 31 documents. That means State Defendants do not rebut LUPE Plaintiffs' arguments that the privilege logs are deficient because they fail to show: (1) that the documents were created for the *primary* purpose of providing legal advice; (2) that the documents do not contain underlying facts exempt from that privilege; and (3) that the documents shared solely among agency attorneys fall within the scope of the attorney-client privilege here. Dkts. 630 at 5-10; 655 at 9-15.

With respect to the Secretary of State's assertions of the deliberative process privilege over 2 documents, even if the privilege has not been waived due to the belated introduction of this declaration, Dkt. 655 at 5, the amended declaration provides no additional information to show that any factual information is inextricably intertwined with agency decisionmaking, and the declaration continues to assert in a boilerplate and speculative manner that harm would result from the disclosure of the documents. As such, any factual information must be disclosed. Furthermore, even where the deliberative process privilege applies, the privilege must yield, Dkt. 630 at 15-17; Dkt. 655 at 7-8. Accordingly, for the reasons already expressed in LUPE Plaintiffs' prior briefs, neither the attorney-client privilege nor the deliberative process privilege shields any of the documents over which those privileges are asserted.

With respect to the investigative privilege, the supplemental declaration of Christina Adkins confirms that State Defendants have failed to establish that the investigative privilege applies to any of the 126 withheld documents in the possession of the Office of the Secretary of State.[2] *See* Dkts. 630 at 17-22; Dkt. 655 at 15-18. The supplemental declaration states that, "[w]ith respect to election complaints submitted to the Secretary of State's office since November 2022, the Secretary of State has not yet determined whether any of the information received warrants an

---

[2] All documents for which the "Custodian" column is not "Texas OAG" were withheld by the Secretary of State. *See* Dkt. 667-2.

3

investigation by the Attorney General." Dkt. 650-1 ¶ 4.  In other words, Director Adkins testifies that, with respect to these documents, the Secretary of State has not yet "determine[d] that there is reasonable cause to suspect that criminal conduct occurred."  *See id.* ¶ 3 (quoting Tex. Elec. Code § 31.006(a)) (requiring referral to the Office of the Attorney General where there is such a determination).  As such, the complaints and related documents for matters not referred to the Office of the Attorney General because the Secretary of State has made no reasonable cause determination, pertain at most to "people who merely are suspected of a violation without being part of an ongoing criminal investigation" or "who may have violated only civil provisions'" of the Texas Election Code—the "types of information" that the Fifth Circuit has indicated fall outside the scope of the investigative privilege.  *See In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 571 (5th Cir. 2006).

Further, the amended declaration of Ms. Adkins does not address whether the 20 documents related to election complaints before November 2022 are the subject of active ongoing criminal investigations.[3]  Instead, the amended declaration once again broadly describes the Secretary of State's investigative powers without specifying which, if any, of the information

---

[3] The descriptions in the privilege log indicate that those 20 documents relating to incidents that precede November 2022 are:  DOC_0806435, DOC_0806436, DOC_0808338, DOC_0808339, DOC_0808340, DOC_0808341, DOC_0808348, DOC_0808349, DOC_0808350, DOC_0808351, DOC_0822072, DOC_0822073, DOC_0822096, DOC_0833918, DOC_0806655, DOC_0806656, DOC_0806657, DOC_0814469, DOC_0833919, DOC_0833920.  *See id.*  The amended declaration of Ms. Adkins addresses only documents related to "election complaints submitted to the Secretary of State's office since November 2022."

In addition, for 34 documents the privilege log does not provide information reflecting the incident dates of the documents at issue—or even the dates that any underlying complaint was received by the Secretary of State. *See id.*  Those documents are:  DOC_0806538, DOC_0806539, DOC_0807069, DOC_0808576, DOC_0814467, DOC_0814468, DOC_0814620, DOC_0814621, DOC_0814713, DOC_0814714, DOC_081746, DOC_0814747, DOC_0814782, DOC_0820026, DOC_0820027, DOC_0820731, DOC_0820732, DOC_0826258, DOC_0833773, DOC_0833776, DOC_0833777, DOC_0833779, DOC_0833780, DOC_0833781, DOC_0833783, DOC_0833784, DOC_0833916, DOC_0833917, DOC_0833921, DOC_0833954, DOC_0833967, DOC_0834221, DOC_0834222, DOC_0834317. *See id.*

preceding November 2022 remains subject to an active ongoing criminal investigation. *See* Dkt. 650-1 ¶¶ 3-5.

In addition, the statute of limitations for election-related felonies is three years, and for election-related misdemeanors is two years. *See* Tex. Code Crim. Proc. arts. 12.01(8), 12.02. As such, any document withheld based on an alleged election-related felony must reflect an incident date after July 19, 2020, and any document withheld based on an alleged election-related misdemeanor must reflect an incident date after July 19, 2021. For a significant number of documents, State Defendants fail to show either.[4] Thus, State Defendants fail to meet their burden to show that the investigative privilege applies to any of the documents in the possession of the Secretary of State. *See* Dkt. 630 at 18-22; Dkt. 655 at 15-18.

More fundamentally, as the Court noted in the parties' July 11, 2023 hearing, State Defendants continue to assert the investigative privilege—a law *enforcement* privilege—while arguing that State Defendants do not enforce SB1. The day after that hearing, State Defendants argued before the Fifth Circuit on whether SOS and OAG are proper parties to any constitutional claims in this action. *LUPE v. Nelson*, 22-50775 (5th Cir.). State Defendants' position in that argument undercuts any reliance on the privilege here.

As to SOS's role, State Defendants emphasized before the Fifth Circuit that "merely reporting a" potential "violation of law to another state official or a district attorney does not constitute enforcement," asserting that SOS is "merely transmitting information to another state official[.]" Ex. C at 13:14-23, Transcript of July 12, 2023 Oral Argument in *LUPE v. Nelson*, 22-50775 (5th Cir.). Indeed, as State Defendants emphasized, "just because there's a referral of a potential violation of law [by SOS], that doesn't mean the attorney general, or the district attorney

---

[4] See supra, Note 3.

is going to prosecute the case." *Id.* at 14:11-14.  State Defendants went on to note that "maybe there's going to be some referral of information to another state official, and then that state official is going to enforce [the challenged provisions] against [an individual].  Again, that's not enough.  That's not enforcement." *Id.* at 14:21-25.  If State Defendants take the position that SOS does not enforce SB1, they cannot continue to invoke the investigative privilege—a law *enforcement* privilege—to justify SOS withholding documents here.

Finally, because the amended declaration provides no new information addressing the *Frankenhauser* factors, the privilege still does not apply even if any of the challenged documents are the subject of an active ongoing criminal investigation, for the reasons expressed in LUPE Plaintiffs' prior briefing, Dkts. 630 at 19-22 and 655 at 16-18.  Thus, Ms. Adkins's amended declaration confirms that the investigative privilege does not protect the disputed documents in the possession of the Office of the Secretary of State.

## II.   Declaration of Jonathan White (Dkt. 666-2)

The July 14, 2023 declaration of Jonathan White (Dkt. 667-2) fails to refute LUPE Plaintiffs' argument, based on the sword-and-shield doctrine, that the OAG may not withhold documents.[5]  *See* Dkt. 655 at 3-4.  As LUPE Plaintiffs argued in their reply, the testimony in Mr. White's June 22, 2023 declaration (Dkt. 655-4) is based on information Mr. White learned in investigations regarding alleged fraud related to mail ballots, vote harvesting, in-person voter assistance, and other election-related issues—all information contained in the documents withheld by the Office of the Attorney General.  *See* Dkt. 655 at 3-4 (collecting citations to Mr. White's June 22, 2023 declaration).

---

[5] Of the documents sought by LUPE Plaintiffs in the instant motion, the Office of the Attorney General withholds documents based only on the investigative privilege.  *See* Dkt. 667-2 (documents whose custodian is "Texas OAG").

6

Mr. White's new declaration reiterates his reliance on the information withheld in the documents in the possession of the Office of the Attorney General. As the new declaration notes, Mr. White's prior testimony in this suit, including testimony relating to "general details regarding the agency's investigative process," is "based on [his] 15 years of criminal investigative experience at the Attorney General's office, including in [his] former position of Division Chief of the Election Integrity Division." Dkt. 666-2 ¶ 4. Mr. White acknowledges that, for example, his statements in his prior declaration regarding the prosecution of Zul Mohamed "relate to [his] understanding of ballot harvesting, gaining (sic) through [his] years of criminal investigative experience." *Id.* ¶ 6. Mr. White necessarily relies on the information in the withheld documents when he testifies based on his years of criminal investigative experience, and Mr. White does not disclaim in his new declaration that he relied on information that is withheld here by State Defendants.

Similarly, Mr. White's new declaration reiterates that his prior testimony describing the means by which individuals provide unlawful voter assistance in the polling place is "based on [his] 15 years of criminal investigative experience at the Attorney General's office[.]" *Id.* At the same time, the Office of the Attorney General withheld 9 documents related to claims of unlawful voter assistance in the polling place and asserted the investigative privilege. *See* Dkt. 667-2.[6] Thus, the Office of the Attorney General seeks both to rely on Mr. White's experience with these documents *and* to withhold the documents under an assertion of the investigative privilege.

Furthermore, Mr. White testified in his declaration of June 22, 2023 that "SB1 . . . is both reasonably calculated and necessary to eliminate several common types of voter fraud." Dkt. 645-5 at 15 (Response to Motion for Summary by Plaintiff the United States). His declaration continues in later paragraphs to describe the means by which individuals commit various types of

---

[6] Those documents are: DOC_0805430; DOC_0805431; DOC_0805432; DOC_0805433; DOC_0805453; DOC_0805456; DOC_0805457; DOC_0805436; and DOC_0805437.

election fraud addressed by SB1. However, 67 documents related to voter fraud investigations and withheld by the Office of the Attorney General were created *after* implementation of SB1, when presumably SB1 has worked to end those types of voter fraud. Again, State Defendants seek to rely on Mr. White's testimony that SB1 prevents voter fraud, and his testimony of what voter fraud entails, *and* withhold documents related to post-SB1 allegations of voter fraud under an assertion of the investigative privilege. By "us[ing] confidential information against [their] adversary (the sword)," State Defendants "implicitly waive[] its use protectively (the shield) under that privilege." *See Willy v. Admin. Rev. Bd.*, 423 F.3d 483, 497 (5th Cir. 2005); *Doe 1 v. Baylor Univ.*, 335 F.R.D. 476, 496 (W.D. Tex. 2020). State Defendants have therefore waived any right to withhold documents in the possession of OAG.

Mr. White's statements that his prior "[d]eclaration does not include any privileged information" and that "the remaining cases referenced in [that declaration] all relate to closed criminal matters" do not change that outcome. *See* Dkt. 666-2 ¶¶ 5, 7. As an initial matter, Mr. White's own assessment of what constitutes "privileged information" is, at most, a bare assertion of the investigative privilege. But the withholding party must provide the information necessary for the Court to make a determination whether the documents at issue are privileged. *Perez v. Perry*, No. 5:11-CV-360-OLG-JES-XR, 2014 WL 3495414, at *2 (W.D. Tex. July 11, 2014). Further, even if the specific investigations or prosecutions described in Mr. White's June 22, 2023 declaration are only matters of public record, Mr. White still relies on his experience related to any of the investigations over which State Defendants withhold information to make statements related to the provisions challenged by LUPE Plaintiffs here, including regarding the purported necessity of those provisions. *See* Dkt. 655 at 3-4. Mr. White's new declaration in no way diminishes that reliance. Thus, because State Defendants "seek to use the investigation[s]" to support their

"defense . . . while at the same time invoking the privilege to deny [LUPE] Plaintiffs' access" to any of those investigations, State Defendants have waived the investigative privilege over the documents in possession of the Office of the Attorney General. *See Doe 1 v. Baylor Univ.*, 335 F.R.D. 476, 496 (W.D. Tex. 2020); *see also* 8 Fed. Prac. & Proc. Civ. § 2016.6 (3d ed.) ("When a party puts privileged matter in issue as evidence in a case, it thereby waives the privilege as to all related privileged matters on the same subject.").

In a similar vein, and as with SOS, State Defendants continue to argue that OAG may assert the investigative privilege while disavowing any enforcement regarding SB1. And again, State Defendants' representations during the July 12, 2023 oral argument before the Fifth Circuit on the issue of sovereign immunity contradict their assertions here. During that argument, State Defendants emphasized that "an investigation [by OAG] would likely be internal," and "that maybe the investigation will be passed off to another state official or local official, and that official will prosecute some offense," but that those actions did not constitute enforcement. Ex. C at 15:16-17, 21-25. Further, State Defendants emphasized that any reliance on collaboration with district attorneys "turned entirely on the potential speculated actions of unnamed district attorneys." *Id.* at 16:15-20. As with the SOS documents, the Court should reject State Defendants' attempt to simultaneously assert the law enforcement privilege over documents withheld by the Office of the Attorney General and disclaim any enforcement of SB1.

Finally, the new Jonathan White declaration provides no additional information regarding whether the *Frankhauser* factors require disclosure of the documents withheld by the Office of the Attorney General based on the investigative privilege.

### III.     Declaration of Wesley Hensley (Dkt. 666-3)

9

The declaration of Wesley Hensley, an employee of the Office of the Attorney General who has never been disclosed by State Defendants, provides a list of withheld documents that relate to active ongoing criminal investigations. Although that list contains all of the contested documents in the possession of the Office of the Attorney General, *compare* Dkt. 666-3 ¶ 5 with Dkt. 667-2 (documents for which "Texas OAG" is the custodian), the list omits any of the documents in the possession of the Office of the Secretary of State, *see* Dkt. 666-3 ¶ 5. This is because Mr. Hensley's declaration does not address any of the documents withheld by the Secretary of State pursuant to the investigative privilege, *see* Dkt. 666-3 ¶¶ 3-5. Thus, and as discussed in Section I, the investigative privilege does not apply to the documents in the possession of the Secretary of State.

Mr. Hensley's declaration also provides no additional information regarding the *Frankenhauser* factors for any of the documents over which State Defendants assert the investigative privilege. For the reasons already discussed in LUPE Plaintiffs' prior briefs, regardless of whether the challenged documents relate to an active ongoing criminal investigation, the investigative privilege does not shield the documents sought by LUPE Plaintiffs, especially in light of the nature of LUPE Plaintiffs' claims and the relevance of the information sought. *See* Dkts. 630 at 19-22 and 655 at 16-18.

**IV.     State Defendants Have Waived the Ability to Assert Privileges not Included in the Parties' Joint List of Contested Exhibits.**

In their July 14, 2023 filings, State Defendants chose not to assert any new privileges over the documents at issue, *see* Dkt. 667-2, despite being afforded the opportunity to do so, *see* Ex. A

at 36:11-37:3.[7] As such, for each of the documents at issue, State Defendants have waived any privileges not asserted in the parties' joint filing of July 14, 2023. *See* Dkt. 667-2.

## V. CONCLUSION

For the foregoing reasons, and the reasons expressed in LUPE Plaintiffs' opening brief and reply (Dkts. 630 and 655), LUPE Plaintiffs respectfully request that the Court grant their motion to compel regarding the documents listed at Dkt. 667-2.

Dated: July 19, 2023                                         Respectfully submitted,

<div style="display: flex;">

/s/ *Nina Perales*
Nina Perales (TX Bar No. 24005046)
Julia R. Longoria (TX Bar No. 24070166)
Fátima L. Menéndez (TX Bar No. 24090260)
Kenneth Parreno (MA BBO No. 705747)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210) 224-5382
nperales@maldef.org
jlongoria@maldef.org
fmenendez@maldef.org
kparreno@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Jason S. Kanterman*
Kevin Zhen*
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com

/s/ *Sean Morales-Doyle*
Sean Morales-Doyle (NY Bar No. 5646641)
Patrick A. Berry (NY Bar No. 5723135)
Jasleen K. Singh (CA. Bar No. 316596)
Eliza Sweren-Becker (NY Bar No. 5424403)
Andrew B. Garber (NY Bar No. 5684147)
Leah J. Tulin (MD No. 0812180236)
BRENNAN CENTER FOR JUSTICE AT NYU
SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
Telephone: (646) 292-8310
Facsimile: (212) 463-7308
sean.morales-doyle@nyu.edu
patrick.berry@nyu.edu
jasleen.singh@nyu.edu
eliza.sweren-becker@nyu.edu
andrew.garber@nyu.edu
tulinl@brennan.law.nyu.edu

Paul R. Genender (TX Bar No. 00790758)
Elizabeth Y. Ryan (TX Bar No. 24067758)
Matthew Berde (TX Bar No. 24094379)
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
paul.genender@weil.com
liz.ryan@weil.com
matt.berde@weil.com

</div>

---

[7] LUPE Plaintiffs respectfully preserve their objection from the July 11, 2023 hearing that State Defendants waived any privilege objection that had not been asserted or had been withdrawn prior to that hearing.

11

| | |
|---|---|
| jason.kanterman@friedfrank.com<br>kevin.zhen@friedfrank.com<br><br>*Attorneys for Plaintiffs*<br>LA UNIÓN DEL PUEBLO ENTERO, SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT, MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS, TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION, JOLT ACTION, WILLIAM C. VELASQUEZ INSTITUTE, FIEL HOUSTON INC<br><br>*\*Admitted pro hac vice* | COUNSEL FOR<br>FRIENDSHIP-WEST BAPTIST CHURCH, SOUTHWEST, AND TEXOMA, TEXAS IMPACT, JAMES LEWIN<br><br>*\*Admitted pro hac vice* |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that she has electronically submitted a true and correct copy of the above and foregoing via the Court's electronic filing system on the 19th day of July 2023.

/s/ Nina Perales
Nina Perales