# EXHIBIT C

*Excerpt from July 12, 2023 – LUPE v. Nelson Oral Argument*

```
             IN THE UNITED STATES COURT OF APPEALS
                    FOR THE FIFTH CIRCUIT

                    CASE NO.: 22-50775
```

La Unión del Pueblo Entero; Friendship West Baptist Church; Anti-Defamation League Austin, Southwest, and Texoma; Southwest Voter Registration Education Project; Texas Impact; Mexican American Bar Association of Texas; Texas Hispanics Organized for Political Education; Jolt Action; William C. Velasquez Institute; James Lewin; Fiel Houston, Incorporated,

    Plaintiffs - Appellees

     v.

Jane Nelson, in her official capacity as Texas Secretary of State, Warren K. Paxton, in his official capacity as Attorney General of Texas; State of Texas,

    Defendants - Appellants

_____

consolidated with
No. 22-50777
_____

Mi Familia Vota; Marla López; Marlon López; Paul Rutledge,

    Plaintiffs - Appellees

    v.

Gregory W. Abbott, In His Official Capacity as Governor of Texas; Jane Nelson, in her official capacity as Secretary of State of Texas; Warren K. Paxton, in his official capacity as Attorney General of Texas,

    Defendants - Appellants

_____

```
 1
    Delta Sigma Theta Sorority, Incorporated;
 2  Houston Area Urban League, The Arc of
    Texas; Jeffrey Lamar Clemmons,
 3
          Plaintiffs - Appellees
 4
          v.
 5
    Gregory Wayne Abbott, In His Official
 6  Capacity as the Governor of Texas,
    Warren Kenneth Paxton, Jr., In His Official
 7  Capacity as the Attorney General of Texas,

 8      Defendants - Appellants
    _____
 9
    Mi Familia Vota; Marla López; Marlon López;
10  Paul Rutledge,

11      Plaintiffs - Appellees

12       v.

13  Greg Abbott, In His Official Capacity
    as Governor of Texas; Jane Nelson, in
14  her official capacity as Texas Secretary
    of State; Warren Kenneth Paxton, Jr.,
15  in his official capacity as Attorney General
    of Texas,
16
          Defendants - Appellants
17
    _____
18  consolidated with
    No. 22-50778
19  _____

20  La Union Del Pueblo Entero, Et al,

21
          Plaintiffs
22
          v.
23
    Gregory W. Abbott, In his Official
24  Capacity as Governor of Texas, Et al,

25  Defendants
```

```
 1   _____
     OCA-Greater Houston; League of Women
 2   Voters of Texas; REVUP-Texas; Workers
     Defense Action Fund,
 3
           Plaintiffs - Appellees
 4
           v.
 5
     Jane Nelson, In her official capacity
 6   as Texas Secretary of State; Ken Paxton,
     Texas Attorney General,
 7
           Defendants - Appellants
 8
     _____/
 9

10

11        Proceedings had and taken place before the United

12   States Court of Appeals for the Fifth Circuit Court, at

13   600 South Maestri Place, Suite 115, New Orleans,

14   Louisiana, 70130 on the 12th day of July 2023,

15   commencing at the hour of 9:00 a.m., and being a

16   Hearing.

17

18

19

20

21

22

23

24

25
```

```
 1                    APPEARANCES:

 2   On Behalf of the Plaintiffs/Appellees:

 3       BY:   REBECCA MARTIN, ESQUIRE

 4       BY:   ADRIEL DERIEUX, ESQUIRE

 5

 6   On Behalf of the Defendant/Appellants:

 7       OFFICE OF THE ATTORNEY GENERAL

 8       OF TEXAS, OFFICE OF THE SOLICITOR

 9       GENERAL

10       PO Box 12548

11       Austin, TX 78711-2548

12       (512) 936-2725

13       BY:   WILLIAM FRANCIS COLE, ESQUIRE

14

15

16

17

18

19

20

21

22

23

24

25
```

1  Austrawhich, I think is, as I said, the most recent
2  case, but that was also that argument was also
3  addressed in Tara and in Richardson.
4       In fact, in Tara, the Court rejected this
5  exact argument with respect to one of the
6  provisions they challenge here, namely the section
7  3.15, which of SB 1, which bars single choice,
8  ranked voting.  So, the promulgation of rules
9  interpretive guidance assistant, this Court has
10 made clear again and again that that can't help the
11 claims.  And that is true that applies to several
12 of their claims that are Article 3, Article 4, and
13 Article 2 of SB 1.
14      The final category that we have here for the
15 Secretary is the reporting of violations of law.
16 Now that doesn't get them there either.  Because
17 merely reporting a violation of law to another
18 state official or a district attorney does not
19 constitute enforcement.  This Court has said over
20 and over again that enforcement means compulsion or
21 constraint.  And merely transmitting information to
22 another state official does not constitute
23 compulsion or constraint.  It doesn't compel or
24 constrain the Plaintiffs.  And that is a problem
25 for them here.

1       This Court, I think they make some arguments that
2  there is some sort of, I think the in their
3  colorful language enforcement matrix. I don't think
4  that is an accurate description of how Texas law
5  works here.  There isn't an enforcement matrix.
6  State officials, like district attorneys, and prior
7  to Stevens, the Attorney General, our
8  constitutional officers that have an independent
9  obligation under the Constitution to the Texas
10 Constitution to make judgments about what cases to
11 bring.  And just because there's a referral of a
12 potential violation of law, that doesn't mean the
13 attorney general, or the district attorney is going
14 to prosecute that case.
15      They have to exercise their judgment about the
16 facts. And this Court has said, in Texas Democratic
17 Party v. Hughes, that if a but for cause is not
18 enough, it's not enough under Young to get them
19 over the enforcement.  And that's all they can say
20 here.  That's all they can say.  Is that well,
21 maybe there's going to be some referral of
22 information to another state official, and then
23 that state official is going to enforce it against
24 us.  Again, that's not enough.  That's not
25 enforcement.  That's not compulsion and constraint

1  and that can't help them in their claims against the
2  Secretary.
3      I will turn briefly to the Attorney General.
4  There are, I think two remaining issues there about
5  why the Plaintiffs believe the Attorney General
6  enforces election these 37 provisions of the
7  election code.  That's his investigatory powers,
8  and the ability under Texas law, Texas law to be
9  deputized to prosecute other offenses.  Now, I'll
10 take the investigatory bit first.
11     This Court has strongly suggested two weeks
12 ago in Austrawhich, that investigation is not
13 enough.  And there's good reason for the Court to
14 have done that.  Again, investigation without more
15 without some sort of subpoena or demand, it doesn't
16 compel or constrain the Plaintiffs.  Indeed, an
17 investigation would likely be internal.  They may
18 not even know about it.  And so, enjoining the
19 Attorney General from investigating potential
20 wrongdoing doesn't wouldn't work here.  Because
21 what they're again complaining about is that maybe
22 the investigation will be passed off to another
23 state official or local official, and that official
24 will prosecute some offense.  Again, that doesn't
25 get them there.

1       The second bucket for the Attorney General is the
2  provision under Texas law for him to be deputized
3  to assist local prosecutors.  And essentially what
4  Plaintiffs are arguing here is the argument that
5  was made by the City of Austin and City of Austin
6  against Paxton.  And it is that the Attorney
7  General has a habit of prosecuting election law
8  cases he's expressed an interest in election
9  integrity work.  And so that means he has the
10 demonstrated willingness to enforce it.
11      A couple of problems there.  Number one, of
12 course, is that Ex Parte Xena Stephens case from
13 the Texas Court of Criminal Appeals, prevents the
14 Attorney General from now unilaterally prosecuting
15 election law crimes.  And so, the argument is that,
16 well, maybe there's going to be a deputation from a
17 district attorney to allow him to prosecute those
18 crimes.  Now, the problem is, of course, that
19 turned entirely on the potential speculated actions
20 of unnamed district attorneys.  And the other
21 thing, I would note that is that a deputization,
22 let's say the assistant attorney general is
23 deputized.  Well, they're acting under the auspices
24 of the district attorney's authority and we and not
25 the Attorney General's authority.  And I think we

1  can know that because let's say a district attorney
2  asks for assistance from the Attorney General, he
3  agrees to prosecute it, help them prosecute it.  If
4  another district attorney comes in because the
5  current one gets thrown out of office and an
6  election, surely, they could pull down the
7  deputation.  So, they will be prosecuting it as the
8  district attorney, not as the Attorney General.
9  And so, I don't think deputization gets them there.
10         That for those reasons, sovereign immunity
11 bars Plaintiffs complaints, Plaintiffs complaints
12 under the Section 1983 claims.  I see my time is
13 expiring.  I'll just say I'll touch on the standing
14 piece in the 30 seconds I have left.  But for all
15 the similar reasons we think standing traceability
16 would be another ground, the Court could go to
17 resolve this appeal, as we said the Attorney
18 General doesn't have and the Secretary doesn't have
19 the requisite connection to the enforcement of the
20 provisions here.  And so that would also do their
21 claims under the traceability standard of Article 3
22 of element of Article 3 that in your opinion, just
23 a couple days ago, Judge Oldham you remarked on so
24 with that I will, unless there are further
25 questions, I will sit down.

44

1           C E R T I F I C A T E

2

3        I, Jennifer Ferris, Legal Transcriptionist, certify

4  that the foregoing is a correct transcription from the audio

5  recording provided to me in connection with the above-

6  entitled matter.

7        I further certify that I am neither attorney or

8  counsel for, nor related to or employed by any of the parties

9  to the action in which this transcription is taken, and

10 further that I am not a relative or employee of any attorney

11 or counsel employed by the parties hereto, or financially

12 interested in the action.

13           Certified to by me this 17th day of July 2023.

14

15

16

17                              _____
18                              Jennifer Ferris
                                Integrity Legal Support Solutions
19                              9901 Brodie Ln. #160-400
                                Austin, Texas 78748
20                              512-320-8690
                                www.integritylegal.support
21

22

23

24

25