# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | 5:21-CV-0844-XR |
| | § | [Consolidated Cases] |
| GREGORY W. ABBOTT, et al., | § | |
| *Defendants.* | § | |

## ORDER ON MOTION TO COMPEL PRODUCTION OF DOCUMENTS

On this date, the Court considered the LUPE Plaintiffs'[1] Motion to Compel Production of Documents (ECF No. 630). After careful consideration, the Court issues the following order.

## BACKGROUND

In August 2021, the Texas Legislature passed Senate Bill 1 ("SB 1"), which amended various provisions of the Texas Election Code pertaining to voter registration, voting by mail, poll watchers, and more. Thereafter, numerous parties began filing complaints against various Texas state officials (the "State Defendants") and local elections administrators in this district, challenging certain provisions of SB 1 under the United States Constitution and various federal civil rights statutes. The lawsuits have been consolidated in this action.

On June 20, 2023, the LUPE Plaintiffs filed a motion to compel Texas Secretary of State Jane Nelson ("SOS") and Attorney General John Scott ("OAG") to produce 240 documents (of 927 total) that were withheld or largely redacted based on allegedly improper assertions of the investigative privilege, attorney-client privilege, and deliberative process privilege. ECF No. 630.

---

[1] La Unión del Pueblo Entero, Friendship-West Baptist Church, Southwest Voter Registration Education Project, Texas Impact, Mexican American Bar Association of Texas, Texas Hispanics Organized for Political Education, Jolt Action, William C. Velasquez Institute, FIEL Houston Inc., and James Lewin.

In particular, Plaintiffs contend that the SOS has invoked the attorney-client privilege over documents that (1) reflect communications not sought primarily for the purpose of seeking legal advice or services, (2) contain underlying facts not subject to the privilege, or (3) were never shared with a client. Plaintiffs further contend that the SOS has not properly invoked the deliberative process privilege (by failing to produce declarations from agency officials explaining what the documents are and how they relate to the agency decision), has withheld documents that reflect purely factual information, and has asserted the privilege over documents where the privilege should yield. Finally, Plaintiffs argue that the SOS and OAG improperly withhold several documents based on the investigative privilege because the logs do not state whether the entries sought by LUPE Plaintiffs were the subject of an ongoing criminal investigation. And to the extent that the investigative privilege does apply, it must yield to the needs of discovery. *See* ECF No. 630.

During a hearing held on July 12, 2023, the Court ordered the parties to again meet and confer regarding how many documents are being withheld from production considering recent supplementation. The Court, overruling Plaintiffs' objection, gave leave to the State Defendants to amend their affidavits to provide greater detail in support of their privilege arguments because of their current deficient state. *See* ECF No. 661 (July 12, 2023 Hearing Transcript) at 36:11–38:3.

The parties have now advised the Court that 198 documents have been withheld, in whole or in partly redacted form, with the Texas Secretary of State and Office of the Attorney General asserting attorney-client, investigative, or deliberative privileges. The State also filed supplemental affidavits in support of its objections. *See* ECF No. 666. A new privilege log has also been supplied. *See* ECF No. 667-2.

The State Defendants do not argue that the requests seek non-relevant material, nor do they argue burdensomeness or lack of proportionality. Rather they seek to withhold the documents, arguing various privileges.

## DISCUSSION

The party withholding documents has the burden to establish they are privileged or protected. *See Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985).

**I.     Investigative Privilege**

The Fifth Circuit recognizes an investigative privilege, often referred to as a law enforcement privilege. *In Re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 568–69 (5th Cir. 2006). The privilege protects government documents relating to an ongoing criminal investigation from release. *Id.* at 569 n.2. However, the privilege "is bounded by relevance and time constraints," and

> [s]everal types of information probably would not be protected, including documents pertaining to: (1) people who have been investigated in the past but are no longer under investigation, (2) people who merely are suspected of a violation without being part of an ongoing criminal investigation, and (3) people who may have violated only civil provisions. Furthermore, the privilege lapses after a reasonable period of time.

*Id.* at 571.

The privilege is considered to be "qualified" and dependent on consideration and balancing of a number of factors. Those factors include:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police

3

> investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case.

*Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973).

Plaintiffs argue that the State has waived any privilege assertions to documents in the possession of OAG because it has sought to use the withheld information as both a sword and shield in this litigation. For example, before filing its response to the motion to compel, the State filed with a declaration by Jonathan White, the former Division Chief of OAG's Election Integrity Division, describing the techniques employed in "a variety of offenses related to voter fraud, including but not limited to ballot harvesting, illegal voting, and illegal ballot assistance." The testimony is based on OAG's investigations regarding alleged fraud related to mail ballots, vote harvesting, in-person voter assistance, and other election-related issues. The State thus improperly relies on this purported evidence in its own briefing while simultaneously withholding related information here.

The United States agrees with LUPE Plaintiffs that the White Declaration appears to selectively disclose information, long after the close of discovery, that it had previously withheld or otherwise regarded as protected from disclosure during discovery under the investigatory privilege. To the extent the Court determines that State Defendants improperly waived privilege by disclosing new evidence in the White Declaration, the United States suggests that it may be appropriate for the Court to exclude that evidence to prevent prejudice resulting from State Defendants' late-stage privilege waiver or—in the alternative—allow for additional discovery, including the re-opening of Jonathan White's deposition, for the purpose of completing the record on subjects implicated in the State's selective disclosures.

For most of the documents where investigative privilege was claimed, the privilege has been sustained. However, as noted in the chart below, the privilege has been waived in certain instances because of disclosure to third parties.

## II.     Deliberative Process Privilege

"To protect agencies from being 'forced to operate in a fishbowl,' the deliberative process privilege shields from disclosure 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021).

The State has withdrawn its assertion of the deliberative process privilege over all but two documents. Plaintiffs assert that the State waived the privilege and that those two documents—which relate to SOS's risk-limiting audit—contain factual information outside of the scope of the privilege, and the privilege should still yield even where applicable.

With its response brief, the State includes an invocation of the deliberative process privilege by Christina Adkins, the Director of the SOS Elections Division, consistent with the requirement that an agency official—not trial counsel—must invoke the deliberative process privilege. However, "the proper time to make the showing that certain information is privileged is at the time the privilege is asserted," *Nevada Partners Fund, LLC v. United States*, No. CIVA306CV379-HTW-MTP, 2008 WL 2484198, at *5 (S.D. Miss. May 12, 2008), "not . . . when the matter is before the Court on a motion to compel," *Anderson v. Marion Cnty. Sheriff's Dep't*, 220 F.R.D. 555, 562 n.5 (S.D. Ind. 2004).

"Factual information may be protected" by the deliberative process privilege "only if it is inextricably intertwined with policymaking processes[.]" *Stokes v. Brennan*, 476 F.2d 699, 703 (5th Cir. 1973). The two remaining documents relate to a risk-limiting audit of the November 2022

General Election that SOS was required to conduct in accordance with Section 127.305 of the Texas Election Code. The State acknowledges that there are "facts articulated" in those documents. ECF No. 650 at 13. Christina Adkins, in her amended declaration, again reasserts that "[t]he documents contain advice, recommendations, and opinions of Secretary of State staff regarding preliminary drafts of the legislative report." ECF No. 666-1 ¶ 2. Plaintiffs contend that the State has failed to show—as it must—that the facts in the audit-related documents are inextricably intertwined with any government deliberation, at most stating that the facts are "subject to change" and asserting that any disclosure "would discourage frank and open discussion among agency staff." "[A] document is not deliberative where it concerns purely factual information regarding, for example, investigative matters or factual observations." *MacNamara v. City of New York*, 249 F.R.D. 70 (S.D.N.Y. 2008). "[F]actual findings and conclusions, as opposed to opinions and recommendations, are not protected." *Id*.

The Court agrees with Plaintiffs that Adkins' amended declaration failed to carry its burden in establishing that the factual information contained in the draft report is inextricably intertwined with agency decision-making. As such, the deliberative privilege does not shield the facts in these documents from being disclosed.

## III. Attorney-Client privilege

The attorney-client privilege "protects both 'the giving of professional advice to those who can act on it' and 'the giving of information to the lawyer to enable him to give sound and informed advice.'" *Adams v. Mem'l Hermann*, 973 F.3d 343, 349 (5th Cir. 2020). To assert attorney-client privilege, a subpoena recipient "must prove: (1) that he made a confidential communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or

6

legal services, or assistance in some legal proceeding." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017) (emphasis removed and citation omitted).

The State asserts that the documents are privileged because they reflect communications "between SOS employees (i.e., the client) and its legal counsel (i.e., the attorneys)." ECF No. 650 at 12. Plaintiffs respond that the documents contain underlying factual information that is not subject to the privilege and that the State has failed to establish that the documents were created or sought for the primary purpose of legal advice (as opposed to political strategies or policy strategies). *See LULAC Texas v. Hughes*, 68 F.4th 228 (5th Cir. 2023) (noting that "communications concern[ing] 'solicited information about incidents of voting misconduct'" concern facts, not legal advice).

Plaintiffs further assert that the State has failed to establish that certain documents shared among only SOS attorneys were part of an attorney-client relationship by stating: (1) which, if any, attorney requested information on behalf of the agency and which attorney gave advice; (2) to what extent, if any, the requesting attorney used the information on behalf of the agency; and (3) that the communications were for the primary purpose of seeking legal advice for the agency.

**IV.   Work Product Doctrine**

"The work product privilege applies to documents 'prepared in anticipation of litigation.'" *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000) (quoting FED. R. CIV. P. 26(b)(3)). The Fifth Circuit, however, has stated that the privilege can "apply where litigation is not imminent, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *Id.* Yet the Fifth Circuit has also stated that the "work product doctrine is not an umbrella that shades all materials prepared by a lawyer, however . . . . Excluded from work product materials . . . are '(m)aterials assembled in the ordinary course of business, or

7

pursuant to public requirements unrelated to litigation.'" *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982) (quoting FED. R. CIV. P. 26(b)(3) advisory comm. note to 1970 amendment). "This includes documents created in the ordinary course of government business." *Petteway v. Galveston Cnty.*, No. 3:22-CV-00057, 2023 WL 3452065, at *3 (S.D. Tex. May 15, 2023).

The Court notes that, despite being granted leave in the July 11, 2023 hearing to assert new privileges, including work-product privilege, over the contested documents, the State Defendants have failed to assert any new privileges. They have therefore waived their opportunity to do so.

## ANALYSIS

After conducting an in camera review of the contested documents and asserted privileges, the Court makes the following rulings on the objections lodged by the SOS and OAG. The Court finds that the asserted privileges corresponding to the following documents do not protect the material from being produced, and therefore orders the following material must be produced in the next seven days:

| ID Number | Redacted or Withheld | Custodian | Date | Claimed Privilege | Court's Rationale for Why Asserted Privilege Does Not Apply |
|---|---|---|---|---|---|
| DOC_0805430 | Withheld | Texas OAG | 11/21/2022 | Investigative | No privileged information on one-page document; otherwise waived as sent to tx.foramericafirst.com |
| DOC_0805431 | Withheld | Texas OAG | 11/21/2022 | Investigative | Author sent doc (0805430) to tx.foramericafirst.com |
| DOC_0805432 | Withheld | Texas OAG | 11/21/2022 | Investigative | No privileged information on one page document; otherwise waived as document was sent to aflacjuliekellogg@gmail.com |
| DOC_0805433 | Withheld | Texas OAG | 11/21/2022 | Investigative | Author sent document (0805432) to aflacjuliekellogg@gmail.com |
| DOC_0805434 | Withheld | Texas OAG | 11/21/2022 | Investigative | Author sent document to aflacjuliekellogg@gmail.com and tx.foramericafirst.com |
| DOC_0805435 | Withheld | Texas OAG | 11/21/2022 | Investigative | Author sent document (0805434) to aflacjuliekellogg@gmail.com and tx.foramericafirst.com |
| DOC_0805436 | Withheld | Texas OAG | 11/2/2022 | Investigative | Author sent document to RNC Election Integrity Team, tx.protectthevote.com and texasgop.org and karen@monicaforcongress.us |
| DOC_0805437 | Withheld | Texas OAG | 11/2/2022 | Investigative | Author sent document to RNC Election Integrity Team, tx.protectthevote.com and texasgop.org and karen@monicaforcongress.us |
| DOC_0805450 | Withheld | Texas OAG | 11/10/2022 | Investigative | Author sent document to tx.foramericafirst.com and jkellogg@texasgop.org |
| DOC_0805452 | Withheld | Texas OAG | 11/1/2022 | Investigative | Author sent document to tx.foramericafirst.com and jkellogg@texasgop.org |
| DOC_0805453 | Withheld | Texas OAG | 11/2/2022 | Investigative | Author sent document to tx.foramericafirst.com and jkellogg@texasgop.org |

| DOC_0805454 | Withheld | Texas OAG | 11/2/2022 | Investigative | Author sent document to RNC Election Integrity Team, tx.protectthevote.com and texasgop.org and karen@monicaforcongress.us |
| DOC_0805455 | Withheld | Texas OAG | 11/2/2022 | Investigative | Author sent document to RNC Election Integrity Team, tx.protectthevote.com and texasgop.org and karen@monicaforcongress.us |
| DOC_0805456 | Withheld | Texas OAG | 11/2/2022 | Investigative | Document sent to third parties |
| DOC_0805457 | Withheld | Texas OAG | 11/2/2022 | Investigative | Document sent to third parties |
| DOC_0805509 | Withheld | Texas OAG | 11/7/2022 | Investigative | Waived; copy provided to third party Wayne Hamilton |
| DOC_0805529 | Withheld | Texas OAG | 11/7/2022 | Investigative | Waived; copy provided to third party Wayne Hamilton |
| DOC_0805530 | Withheld | Texas OAG | 11/7/2022 | Investigative | Waived; copy provided to third party Wayne Hamilton |
| DOC_0806436 | Redacted | Andre Montgomery | 3/24/2023 | Investigative | No investigation noted in this document |
| DOC_0806487 | Withheld | Andre Montgomery | 12/22/2022 | Attorney Client | No attorney-client privileged communication |
| DOC_0806885 | Withheld | Andre Montgomery | 3/3/2023 | Attorney Client | No attorney-client privileged communication |
| DOC_0806901 | Withheld | Andre Montgomery | 3/3/2023 | Attorney Client | No attorney-client privileged communication |
| DOC_0806927 | Withheld | Andre Montgomery | 3/3/2023 | Attorney Client | No attorney-client privileged communication |
| DOC_0807078 | Withheld | Christina Adkins | 10/19/2022 | Attorney Client | No attorney-client privileged communication |
| DOC_0807868 | Withheld | Christina Adkins | 10/19/2022 | Attorney Client | No attorney-client privileged communication |
| DOC_0808748 | Withheld | Christina Adkins | 2/16/2023 | Attorney Client; Deliberative Process | No attorney-client privileged communication; no indication that this is a draft report to be later submitted to any Government agency or the Legislature; factual information is not inextricably intertwined with agency decision-making |
| DOC_0808749 | Withheld | Christina Adkins | 2/27/2023 | Deliberative Process | No indication that this is a draft report to be later submitted to any Government agency or the Legislature; factual information is not inextricably intertwined with agency decision-making |
| DOC_0808839 | Withheld | Christina Adkins | 12/6/2022 | Attorney Client | No attorney-client privileged communication |

| | | | | | |
|---|---|---|---|---|---|
| DOC_0809364 | Withheld | Christina Adkins | 1/10/2023 | Attorney Client | No attorney-client privileged communication |
| DOC_0815319 | Withheld | Heidi Martinez | 3/3/2023 | Attorney Client | No attorney-client privileged communication |
| DOC_0819541 | Withheld | Joe Esparza | 3/12/2023 | Attorney Client | No attorney-client privileged communication |
| DOC_0820960 | Withheld | Keith Ingram | 5/25/2022 | Investigative | Document sent to third parties |
| DOC_0820961 | Withheld | Keith Ingram | 5/25/2022 | Investigative | Document sent to third parties |
| DOC_0820966 | Withheld | Keith Ingram | 5/25/2022 | Investigative | Document sent to third parties |
| DOC_0820967 | Withheld | Keith Ingram | 5/25/2022 | Investigative | Document sent to third parties |
| DOC_0820972 | Withheld | Keith Ingram | 5/25/2022 | Investigative | Document sent to third parties |
| DOC_0820973 | Withheld | Keith Ingram | 5/25/2022 | Investigative | Document sent to third parties |
| DOC_0820978 | Withheld | Keith Ingram | 8/10/2022 | Attorney Client | No attorney-client privileged communication |
| DOC_0822096 | Redacted | Keith Ingram | 6/6/2022 | Investigative | No indication any individual is being investigated |
| DOC_0822097 | Withheld | Keith Ingram | 5/31/2022 | Investigative | No indication anyone is being investigated |
| DOC_0823824 | Redacted | Keith Ingram | 3/23/2023 | Investigative | Document provided to Wayne Hamilton |
| DOC_0829571 | Withheld | Lena Proft | 3/3/2023 | Attorney Client | No attorney-client privileged communication |
| DOC_0833921 | Redacted | Chuck Pinney | 7/25/2022 | Investigative | Document sent to third parties |
| DOC_0834317 | Redacted | Chuck Pinney | 12/7/2022 | Investigative | Document sent to third party |
| DOC_0834491 | Withheld | Chuck Pinney | 5/25/2022 | Attorney Client | No attorney-client privileged communication |
| DOC_0834492 | Withheld | Chuck Pinney | 5/25/2022 | Attorney Client | No attorney-client privileged communication |
| DOC_0834531 | Withheld | Chuck Pinney | 5/25/2022 | Attorney Client | No attorney-client privileged communication |
| DOC_0834535 | Withheld | Chuck Pinney | 5/25/2022 | Attorney Client | No attorney-client privileged communication |
| STATE177217 | Redacted | Christina Adkins | 11/14/2022 | Attorney Client | No attorney-client privileged communication |
| STATE177609 | Redacted | Heidi Martinez | 11/7/2022 | Attorney Client | No attorney-client privileged communication |
| STATE177940 | Redacted | Kristi Hart | 10/7/2022 | Attorney Client | No attorney-client privileged communication |

## CONCLUSION

For the foregoing reasons, the LUPE Plaintiffs' motion to compel (ECF No. 630) is **GRANTED IN PART AND DENIED IN PART**. The State Defendants are **ORDERED** to

11

produce the documents listed above within seven (7) days of this order. The Court finds that the remainder of the challenged documents are privileged, and Defendants are accordingly not required to produce those documents.

It is so **ORDERED**.

**SIGNED** this 31st day of July, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE