# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| La Unión del Pueblo Entero, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Case No. 5:21-cv-844-XR |
| | § | (Lead Case) |
| State of Texas, *et al.*, | § | |
| *Defendants* | § | |
| | § | |
| Harris County Republican Party, *et al.*, | § | |
| | § | |
| *Intervenor-Defendants.* | § | |

## State Defendants & Intervenor Defendants' Response In Opposition to Private Plaintiffs' Motion for Extension of Time and Miscellaneous Relief

Over a week ago, on August 1, 2023, the Court ordered the Parties to file an advisory identifying not only the estimated time for presentation of their affirmative cases and cross examination but also required the parties to "identify which witnesses are expected to testify on which days and the subject of their testimony." Dkt. 695 at 2. The Court also stated that "the parties—especially Private Plaintiffs—will need to cull their witness lists" *Id.* The Parties conferred on trial procedures both before and after the Court's order, and clarified several issues should have created certainty as to the need for certain testimony. Private Plaintiffs have had ample opportunity to conduct a review of their witness list, plan their trial presentation and cull extraneous witnesses. Yet rather than capitalizing on the Court's guidance, Private Plaintiffs instead expanded the number of witnesses scheduled to appear at trial. On August 3, 2023, Private Plaintiffs notified counsel by email that seven individuals "were inadvertently left off the private

plaintiffs' consolidated witness list," bringing their total to 63 will call witnesses and 44 may call witnesses.

At 3:22 pm CDT today, counsel for Private Plaintiffs sent an email purporting to confer with Defendants on a motion to modify the pre-trial deadlines contained in Dkt. 695. In that email, Private Plaintiffs stated that "although [they] are in the process of culling witnesses, [they] cannot be done by tomorrow." Less than two hours later, at 5:11pm CDT, and before any defendant had the opportunity to respond, Private Plaintiffs filed a Motion with the Court, without conferring with counsel for Defendants and without including a certificate of conference as required by the Rules. *See* W.D. Tex. L.R. CV-7(G). Private Plaintiffs' Motion requests three changes to the schedule: (1) extending the deadline by which the parties are required to provide the witness schedule, (2) allowing the parties to identify when a witness will appear by WEEK instead of by day as the Court requested, and (3) requiring the parties to give twenty-four-hour notice of the identify of witnesses who will be called each trial day.

State Defendants and Intervenor Defendants strongly oppose Private Plaintiffs' Motion. The Parties are one month away from the beginning of trial. Defendants do not know who Plaintiffs intend to call as witnesses or how long Plaintiff intend their case-in-chief to take. Currently the trial schedule advisory is due August 11, 2023, objections to the pre-trial disclosures are due August 15, 2023, final pretrial filings are due August 22, 2023 and the pretrial conference is scheduled for August 31, 2023. Defendants stand ready to comply with the Court's order. Further extending Private Plaintiffs' pretrial deadlines fundamentally prejudices Defendants' trial preparation without a corresponding move in the remaining pretrial deadlines. For example, the deadline for filing objections under Rule 26(a)(3) is August 15th. Under Private Plaintiffs' proposal, the Parties would only learn which witnesses Plaintiffs plan to move on *after* objections

have been served and mere days before final matters need to be brought before the Court. This proposal is untenable.

Accordingly, Defendants propose two options that could have been discussed if Private Plaintiffs had bothered to confer with Defendants. **First**, the Court could move all remaining pretrial deadlines by seven days to correspond with Private Plaintiffs' requested extension. **Second** the Court could maintain the requirement that all Parties submit the proposed trial schedules by August 11, 2023 and allow the Parties to continue to cull their witness lists and supplement the schedule by Private Plaintiffs' proposed August 18th date. As Private Plaintiff's stated in the purported conference email, they are "in the process of culling witnesses" which suggests they could file tomorrow a proposed witness schedule which would only get shorter as they continue to cull. However, that information would enable Defendants to continue apace with their trial preparation. Both options would ensure that all parties can continue trial preparation without being prejudiced by Private Plaintiffs' inability to meet the Court's August 11th deadline.

Therefore, Defendants request the Court deny Private Plaintiffs' Motion in its entirety or grant it as modified as indicated in the above paragraph.

Date: August 10, 2023                    Respectfully submitted.

ANGELA COLMENERO                         /s/ William D. Wassdorf
Provisional Attorney General             RYAN G. KERCHER
                                         Deputy Chief, General Litigation Division
BRENT WEBSTER                            Tex. State Bar No. 24060998
First Assistant Attorney General
                                         KATHLEEN T. HUNKER
GRANT DORFMAN                            Special Counsel
Deputy First Assistant Attorney General  Tex. State Bar No. 24118415

JAMES LLOYD                              WILLIAM D. WASSDORF
Deputy Attorney General for Civil        Assistant Attorney General
Litigation                               Tex. State Bar No. 24103022

                                         ZACHARY W. BERG
                                         Special Counsel
                                         Tex. State Bar No. 24107706

                                         OFFICE OF THE ATTORNEY GENERAL
                                         P.O. Box 12548 (MC-009)
                                         Austin, Texas 78711-2548
                                         Tel.: (512) 463-2100
                                         ryan.kercher@oag.texas.gov
                                         kathleen.hunker@oag.texas.gov
                                         will.wassdorf@oag.texas.gov
                                         zachary.berg@oag.texas.gov
                                         COUNSEL FOR STATE DEFENDANTS

                                         /s/ John M. Gore
                                         John M. Gore
                                         E. Stewart Crosland (pro hac vice)
                                         Louis J. Capozzi III (pro hac vice)
                                         JONES DAY
                                         51 Louisiana Avenue, N.W.
                                         Washington, D.C. 20001
                                         Phone: (202) 879-3939
                                         Fax: (202) 626-1700
                                         jmgore@jonesday.com
                                         scrosland@jonesday.com
                                         lcapozzi@jonesday.com
                                         COUNSEL FOR INTERVENOR-DEFENDANTS

**CERTIFICATE OF SERVICE**

     I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on August 10, 2023, and that all counsel of record were served by CM/ECF.


               */s/ William D. Wassdorf*
               WILLIAM D. WASSDORF