IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| La Unión del Pueblo Entero, *et al.*, § § *Plaintiffs,* § § v. § § State of Texas, *et al.*, § § *Defendants.* § § Harris County Republican Party, *et al.*, § § *Intervenor-Defendants.* § | | Case No. 5:21-cv-00844-XR [Lead Case] |

## PRIVATE PLAINTIFFS' JOINT RESPONSE TO THE COURT'S AUGUST 8 AMENDED ORDER RE TRIAL

The Court's August 8, 2023 Amended Order asked the parties to provide an advisory addressing: (1) Whether the parties intend to proceed with trial on all claims during the Phase I trial period commencing on September 11, 2023; (2) The estimated amount of time needed for the parties' affirmative case presentation and cross-examination; and (3) the days on which witnesses are expected to testify and the subject of their testimony. *See* ECF No. 700 at 2. The Court's Amended Order also provided an updated list of dates available for trial proceedings. *Id.* at 3. On August 10, 2023 the Court further requested that the parties identify counsel expected to conduct direct and cross examinations for each witness at trial.  08.10.2023 Email from S. Fernandez. The Private Plaintiffs have moved for an extension of time to address (1) the amount of time required for their cross-examinations; (2) the proposed schedule for witness testimony and the subject of their testimony; and (3) identification of counsel expected to conduct direct and cross examinations for each witness at trial. *See* ECF No. 703. This joint filing on behalf of the Private Plaintiffs

1

addresses the remaining issues identified in the Court's August 8, 2023 Amended Order and includes a proposed order regarding the scope of the Phase I trial.

**I.    Scope of the Phase I Trial**

The Private Plaintiffs propose that the parties proceed on all claims during the September 11 Phase I trial with the caveat that the trial record remain open with respect to claims for intentional discrimination pending resolution of *LUPE v. Bettencourt*, No. 23-50201 (5th Cir.), and any related subsequent discovery, consistent with the Court's proposal in its Amended Order. *See* ECF No. 700 at 2 n.2.[1] The Plaintiffs agree that their remaining claims will be ripe for resolution upon completion of the Phase I trial (or upon resolution of the fully briefed and pending motions for summary judgment, which may be resolved before, during, or after the Phase I trial). Under Plaintiffs' proposal, the parties would be permitted to introduce evidence relating to all claims during Phase I of the trial and the Phase II trial would be limited to evidence that could be informed by or derived from the outcome of the *Bettencourt* appeal.

The Plaintiffs believe that this proposal best serves the interests of the parties, witnesses, and the Court. These consolidated cases have been pending for nearly two years and involve numerous parties, witnesses, and important claims that will impact upcoming elections in Texas. Presenting as much of the Plaintiffs' case as possible during the days the Court has set aside for trial in September and October decreases the likelihood that any witnesses will have to appear at two separate trials; ensures timely resolution of Plaintiffs' claims; and is the most efficient use of

---

[1] Specifically, the record would remain open to the LULAC Plaintiffs' Voting Rights Act ("VRA") Section 2 claim, see ECF No. 207 ¶¶ 249-56 (Count I); the HAUL/MFV Plaintiffs' Fourteenth and Fifteenth Amendment intentional discrimination claims, as well as its VRA Section 2 claim, see ECF No. 199 ¶¶ 270-317 (Counts II-IV); and the LUPE Plaintiffs' Fourteenth and Fifteenth Amendment intentional discrimination claims, as well as VRA Section 2 claim, see ECF No. 208 ¶¶ 230-265 (Counts II-IV).

the Court's limited trial time. Plaintiffs' proposal will also make scheduling a Phase II trial simpler by shortening its length and narrowing the evidence to be presented.

Finally, the Plaintiffs' proposal will make the Phase I trial administratively simpler for the Court. In negotiations regarding trial procedures, State Defendants have indicated that, if the Court adopts a strict bifurcation between "impact" and "intent" claims, any evidence bearing on Plaintiffs' intent claims should not be presented during Phase I. That cabined approach is not an efficient use of the Court's limited trial availability and would likely necessitate a longer Phase II trial. It would also require the Court to repeatedly make determinations during Phase I as to whether evidence speaks to "impact" or "intent" even though much of Plaintiffs' evidence addresses—and is relevant to—allegations involving both intentional discrimination and the discriminatory effects of and burdens associated with the challenged provisions. The Plaintiffs' proposal resolves this problem by making clear that effects and available intent evidence may be presented during Phase I as time permits, relieving the Court of the line-drawing exercise the State Defendants wish to impose.

A proposed order adopting the Private Plaintiffs' proposed scope of the Phase I trial is attached.

## II. Length of Trial

The Private Plaintiffs have made significant efforts to reduce the length of trial since filing their joint witness list on July 28, including by moving several witnesses from "will call" to "may call," working with the District Attorney defendants, as well as county elections official defendants, to negotiate stipulations that will eliminate the need for them to testify live at trial, and eliminating several other witnesses altogether. Similarly, the United States and OCA Plaintiffs have advised the Court that, if the Court determines it can resolve their Section 101 Materiality

Provision claims on the summary judgment papers, the United States will no longer need to present any witnesses at trial and the OCA Plaintiffs will be able to remove a substantial number of witnesses from the Private Plaintiffs' joint witness list. *See* ECF No. 701. Plaintiffs estimate that this proposal alone would eliminate approximately 30 hours of trial time alone, plus additional time from Defendants' cross-examination. Finally, Private Plaintiffs propose that direct examination of witnesses be permitted, at the examining party's option, through a combination of live testimony and deposition designations. Similar efforts to reduce further the Private Plaintiffs' witness list are ongoing. *See* ECF 703 at 1 (explaining Private Plaintiffs remain in the process of culling their joint witness list).[2]

While the Plaintiffs continue to make additional efforts to further reduce anticipated trial time, at present they estimate the following amount of time for their affirmative cases, depending on whether the Materiality Provision claims can be resolved through summary judgment:

- Private Plaintiffs (with Materiality Provision claims): 58 Hours
- Private Plaintiffs (without Materiality Provision claims): 43 Hours

Private Plaintiffs believe these numbers represent outer bound estimates that are likely to come down as they continue to cull their witness list and identify additional ways to shorten their trial presentation. As explained in their August 10 motion, the Private Plaintiffs are not presently able to provide an estimated time for their cross-examinations but will be able to do so by no later than August 18. *See* ECF 703.

The United States anticipates requiring no more than 17.5 hours of trial time for its affirmative case and cross-examination of Defense witnesses (including may-call witnesses).

---

[2] To further accommodate Defendants, the Private Plaintiffs have also removed deposition designations from witnesses designated as "will call," though they reserve their right to use such deposition testimony "for any purpose" as permitted by Federal Rule of Civil Procedure 32(a)(3).

4

Accordingly, depending on whether their Materiality Provision claims can be resolved through summary judgment, the United States' estimated trial time is as follows:

- United States (with Materiality Provision claims): 17.5 hours (*including cross-examination*)

- United States (without Materiality Provision claims): 0 hours

### III. Date and Subject of Witness Testimony

The Court has asked the parties to identify "which witnesses are expected to testify on which days and the subject of their testimony." ECF No. 700 at 2. The Court's Deputy has also asked the parties to provide, at their earliest convenience, the identity of counsel expected to conduct direct and cross examinations for each witness. 08.10.2023 Email from S. Fernandez.

The Private Plaintiffs have moved for an extension of time to comply with this request, *see* ECF No. 703, and have indicated that, by August 18, they anticipate being able to provide a revised witness list reflecting their ongoing efforts to reduce witnesses, a proposed trial schedule identifying which week they expect specific witnesses to testify, and the subject of specific witnesses' testimony.

### IV. Trial Dates

The Court's Amended Order provides a list of available dates for trial proceedings. *See* ECF No. 700 at 3. The Private Plaintiffs respectfully ask that the following dates be reserved for trial: September 11-14; September 19-22; October 2-6; October 10-12; and October 16-20. Based on prior discussions with counsel for Defendants in which they have indicated that they plan to reserve an amount of time equal to Plaintiffs for their case, the Private Plaintiffs anticipate that these dates should suffice to complete the Phase I trial.

| | |
|---|---|
| Dated: August 11, 2023 | Respectfully submitted,<br><br>*/s/ Uzoma N. Nkwonta*<br>Uzoma N. Nkwonta\*<br>Christopher D. Dodge\*<br>Michael B. Jones\*<br>Noah B. Baron\*<br>Elena A. Rodriguez Armenta\*<br>Daniela Lorenzo\*<br>Marcos Mocine-McQueen\*<br>Marisa A. O'Gara\*<br>Omeed Alerasool\*<br>**ELIAS LAW GROUP LLP**<br>250 Massachusetts Avenue NW, Suite 400<br>Washington, D.C. 20001<br>Telephone: (202) 968-4490<br>unkwonta@elias.law<br>cdodge@elais.law<br>mjones@elias.law<br>nbaron@elias.law<br>erodriguezarmenta@elias.law<br>dlorenzo@elias.law<br>mmcqueen@elias.law<br>mogara@elias.law<br>oalerasool@elias.law<br><br>*Counsel for LULAC Plaintiffs*<br><br>\*Admitted *Pro Hac Vice* |

/s/ *Nina Perales*
Nina Perales (TX Bar No. 24005046)
Julia R. Longoria (TX Bar No. 24070166)
Fátima L. Menéndez (TX Bar No. 24090260)
Kenneth Parreno (MA BBO No. 705747)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, TX 78205
Tel: (210) 224-5476; Fax: (210) 224-5382
nperales@maldef.org
jlongoria@maldef.org
fmenendez@maldef.org
kparreno@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Jason S. Kanterman*
Kevin Zhen*
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
One New York Plaza
New York, New York 10004
Tel: (212) 859-8000; Fax: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
jason.kanterman@friedfrank.com
kevin.zhen@friedfrank.com

*Attorneys for Plaintiffs*

**LA UNIÓN DEL PUEBLO ENTERO, SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT, MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS, TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION, JOLT ACTION, WILLIAM C. VELASQUEZ INSTITUTE, FIEL HOUSTON INC.**

*Admitted pro hac vice

/s/ *Sean Morales-Doyle*
Sean Morales-Doyle (NY Bar No. 5646641)
Patrick A. Berry* (NY Bar No. 5723135)
Jasleen K. Singh* (CA. Bar No. 316596)
Eliza Sweren-Becker* (NY Bar No. 5424403)
Robyn N. Sanders*
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
Tel: (646) 292-8310; Fax: (212) 463-7308
sean.morales-doyle@nyu.edu
patrick.berry@nyu.edu
jasleen.singh@nyu.edu
eliza.sweren-becker@nyu.edu
rs8592@nyu.edu

Leah J. Tulin (MD No. 0812180236)*
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
1140 Connecticut Avenue NW, Suite 1150
Washington, DC 20036
(202) 650-6397
tulinl@brennan.law.nyu.edu

Paul R. Genender (TX Bar No. 00790758)
Elizabeth Y. Ryan (TX Bar No. 24067758)
Matthew Berde (TX Bar No. 24094379)
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
paul.genender@weil.com
liz.ryan@weil.com
matt.berde@weil.com
megan.cloud@weil.com

*Attorneys for Plaintiffs*

**FRIENDSHIP-WEST BAPTIST CHURCH, TEXAS IMPACT, JAMES LEWIN**

*Admitted pro hac vice

7

*/s/ Courtney Hostetler*
Courtney Hostetler*
Ron Fein*
John Bonifaz*
Ben Clements*
FREE SPEECH FOR THE PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
(617) 249-3015
chostetler@freespeechforpeople.org
rfein@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org

Wendy Olson*
Elijah Watkins*
Mark Bieter*
STOEL RIVES LLP
101 S. Capital Boulevard, Suite 1900
Boise, ID 83702
Telephone: (208) 389-9000
wendy.olson@stoel.com
elijah.watkins@stoel.com
mark.bieter@stoel.com

Bradley Prowant*
John Katuska*
STOEL RIVES LLP
33 S. Sixth Street, Suite 4200
Minneapolis, MN 55402
Telephone: (612) 373-8800
bradley.prowant@stoel.com
john.katuska@stoel.com

Laura Rosenbaum*
STOEL RIVES LLP
760 SW Ninth Ave., Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
laura.rosenbaum@stoel.com

*/s/ Jennifer A. Holmes*
Jennifer A. Holmes*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 682-1300
Facsimile: (202) 682-1312
jholmes@naacpldf.org

Amir Badat*
Victor Genecin*
Breanna Williams*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592
abadat@naacpldf.org
vgenecin@naacpldf.org
bwilliams@naacpldf.org

Shira Wakschlag*
THE ARC OF THE UNITED STATES, INC.
1825 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: (202) 534-3708
Facsimile: (202) 534-3731
Wakschlag@thearc.org

Kenneth E. Broughton
Texas Bar No. 03087250
J. Keely Pippin
Texas Bar No. 24116306
REED SMITH LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899
kbroughton@reedsmith.com
kpippin@reedsmith.com

8

Sean Lyons
Clem Lyons
LYONS & LYONS, P.C.
237 W. Travis Street, Suite 100 San Antonio, Texas 78205
Telephone: (210) 225-5251
sean@lyonsandlyons.com

*Admitted pro hac vice

*Counsel for Plaintiffs Mi Familia Vota, Marla López, Marlon López, and Paul Rutledge ("MFV Plaintiffs")*

Sarah Cummings Stewart Texas Bar No. 24094609 REED SMITH LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
sarah.stewart@reedsmith.com

J. Michael Showalter*
ARENTFOX SCHIFF LLP
South Wacker Drive, Suite 7100
Chicago, IL 60606
Tel: (312) 258-5561
j.michael.showalter@afslaw.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs Houston Area Urban League; Delta Sigma Theta Sorority, Inc.; The Arc of Texas; and Jeffrey Lamar Clemmons ("HAUL Plaintiffs")*

*/s/ Zachary Dolling*
Zachary Dolling
Texas Bar No. 24105809
Hani Mirza
Texas Bar No. 24083512
Sarah Chen*
California Bar No. 325327
Veronikah Warms*
Texas Bar No. 24132682
**TEXAS CIVIL RIGHTS PROJECT**
1405 Montopolis Drive
Austin, TX 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)
zachary@texascivilrightsproject.org
hani@texascivilrightsproject.org
schen@texascivilrightsproject.org
veronikah@texascivilrightsproject.org

Thomas Buser-Clancy
Texas Bar No. 24078344
Edgar Saldivar
Texas Bar No. 24038188
Savannah Kumar
Texas Bar No. 24120098
Ashley Harris
Texas Bar No. 24123238
**ACLU FOUNDATION OF TEXAS, INC.**
5225 Katy Freeway, Suite 350
Houston, TX 77007
Telephone: (713) 942-8146
Fax: (915) 642-6752
tbuser-clancy@aclutx.org
esaldivar@aclutx.org
skumar@aclutx.org
aharris@aclutx.org

Adriel I. Cepeda Derieux*
Ari Savitzky*
Sophia Lin Lakin*
Dayton Campbell-Harris
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad St., 18th Floor
New York, NY 10004
(212) 284-7334
acepedaderieux@aclu.org
asavitzky@aclu.org
slakin@aclu.org
dcampbell-harris@aclu.org

Susan Mizner*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
39 Drumm St.
San Francisco, CA 94111
(415) 343-0781 (phone)
smizner@aclu.org

Brian Dimmick*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
915 15th St. NW
Washington, DC 20005
(202) 731-2395 (phone)
bdimmick@aclu.org

LUCIA ROMANO
Texas State Bar No. 24033013
PETER HOFER
Texas State Bar No. 09777275
CHRISTOPHER MCGREAL
Texas State Bar No. 24051774
**DISABILITY RIGHTS TEXAS**
2222 West Braker Lane
Austin, Texas 78758-1024
(512) 454-4816 (phone)
(512) 454-3999 (fax)
lromano@drtx.org
phofer@drtx.org
cmcgreal@drtx.org


Jerry Vattamala*
Susana Lorenzo-Giguere*
Patrick Stegemoeller*
**ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND**
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932 (phone)
(212) 966 4303 (fax)
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org
pstegemoeller@aaldef.org

Jessica Ring Amunson*
Alyssa G. Bernstein*
**JENNER & BLOCK LLP**
1099 New York Ave. NW, Suite 900
Washington, DC 20001
(202) 639-6000
jamunson@jenner.com
abernstein@jenner.com

Gregory D. Washington*
**JENNER & BLOCK LLP**
455 Market St. Suite 2100
San Francisco, CA 94105
gwashington@jenner.com

*COUNSEL FOR OCA-GREATER HOUSTON PLAINTIFFS.*
*admitted *pro hac vice*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that he has electronically submitted a true and correct copy of the above and foregoing via the Court's electronic filing system on the 11th day of August 2023.

/s/ *Uzoma N. Nkwonta*
Uzoma N. Nkwonta