UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br>     *Plaintiffs*, <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br>     *Defendants* <br><br><br> HARRIS COUNTY REPUBLICAN PARTY, *et al.*, <br>     *Intervenor-Defendants*. | § <br> § <br> § <br> §    Case No. 5:21-cv-844-XR <br> §    (Lead Case) <br> § <br> § <br> § <br> § <br> § <br> § |

## STATE DEFENDANTS AND INTERVENOR DEFENDANTS' TRIAL ADVISORY

On August 1, 2023, the Court ordered each party to file an advisory stating the estimated time for presentation of their affirmative case and cross-examination and required the Parties to "identify which witnesses are expected to testify on which days and the subject of their testimony." (ECF 695 at 2). Despite two conferences between the Parties on trial issues, as well as multiple email exchanges on the same topics, Plaintiffs have been unwilling or unable to provide State Defendants any guidance on their estimated trial time or witness schedule. Accordingly, State Defendants cannot provide specific dates on which it anticipates its witnesses will appear. In an effort to comply with the Court's order, State Defendants and Intervenor Defendants ("Defendants")—both of whom plan on submitting evidence in this case— submit this advisory estimating Defendants' trial presentation schedule from when Plaintiffs' affirmative case ends (Day 0).

**I.  DEFENDANTS' WITNESS SCHEDULE**

    **A.  County Election Witnesses**

In order to ensure that their live testimony at a trial does not interfere with their duties to

administer the upcoming November election, Plaintiffs, State Defendants and Intervenor Defendants previously entered into an agreement that controls the timing county election officials may be called to testify. Pursuant to this understanding, State Defendants and Intervenor Defendants intend to call the following county witnesses on or before October 6, notwithstanding whether Plaintiffs have completed their case-in-chief. Because Private Plaintiffs have not provided information regarding their estimated trial schedule, State Defendants provide this summary of county election witness testimony, the specific timing of which is dependent upon the timing and order of Plaintiffs' affirmative case.

| Witness | Estimated Length of Direct & Cross Examination | Subject of Testimony |
|---|---|---|
| 1. Bridgette Escobedo | 1/2 Day | Ms. Escobedo is the Director of Elections at the Travis County Clerk's Office. At this time, Defendants plan on questioning her about the 2020 General Election, the county's policies and practices governing election administration, and the implementation and impact of Senate Bill 1. Defendants intend to cross examine Ms. Escobedo on topics addressed in Plaintiffs' direct examination. |
| 2. Jacqueline Callanen | 1 Full Day | Ms. Callanen is the Bexar County Elections Administrator. At this time, Defendants plan on questioning her about the 2020 General Election; election integrity; voter education; the county's policies, practices, and procedures governing election administration; and the implementation and impact of Senate Bill 1. Defendants intend to cross examine Ms. Callanen on topics addressed in Plaintiffs' direct examination. |
| 3. Frank Phillips | 3/4 Day | Mr. Phillips is the Denton County Election Administrator. At this time, State Defendants plan on questioning Mr. Phillips about the 2020 General Election; election-related misconduct in Denton County; the county's policies, practices, and procedures governing election administration; and the implementation and impact of Senate Bill 1. |
| 4. Charlie Johnson | 1/2 Day | Ms. Johnson is the Assistant Director of Elections at the Travis County Clerk's Office. At this time, Defendants plan on questioning her about the county's policies and practices governing election |

|  |  | administration and the implementation and impact of Senate Bill 1. Defendants intend to cross examine Ms. Johnson on topics addressed in Plaintiffs' direct examination. |
|---|---|---|
| 5. Daniel Hayes | 1/2 Day | Mr. Hayes is the Assistant Division Director at the Travis County Clerk's Office. At this time, Defendants plan on questioning him about the county's policies and practices governing election administration and ADA compliance as well as the implementation and impact of Senate Bill 1. Defendants intend to cross examine Mr. Hayes on topics addressed in Plaintiffs' direct examination. |
| 6. Jennifer Colvin | 1/2 Day | Ms. Colvin is the Director of Ballot by Mail at the Harris County Elections Administrator's Office. At this time, Defendants plan on questioning her about the county's policies and practices governing election administration and the implementation and impact of Senate Bill 1. Defendants intend to cross examine Ms. Johnson on topics addressed in Plaintiffs' direct examination. |

B.  **Defendants' Case-in-Chief**

After the Plaintiffs conclude their presentation, Defendants anticipate that they will call an additional eight witnesses over the course of eight days once direct and cross examinations are taken into account.

| Day | Witness | Estimated Length of Direct & Cross Examination | Subject of Testimony |
|---|---|---|---|
| 1 | Jonathan White | Full Day | Mr. White was the Chief of the Office of the Attorney General of Texas, Elections Integrity Division. He also testified before the Legislature during the consideration of Senate Bill 1. At this time, Defendants plan on questioning Mr. White about election integrity, election-related investigations and prosecutions, vulnerabilities to fraud in Texas elections, and the Senate Bill 1's impact on these vulnerabilities. |
| 2. | Jacqueline Hagan Doyer | 1/2 Day | Ms. Doyer was the Deputy & Legal Director of the Forensic Audit Division of the Office of the Texas Secretary of State. She occupied this position when the Secretary of State conducted an audit of the |

| | | | |
|---|---|---|---|
| | | | 2020 General Election in Collin, Dallas, Harris, and Tarrant Counties. Defendants plan on questions Ms. Doyer about the audit and its findings, specifically with respect to irregularities it identified. |
| 2 – 3 | Keith Ingram | 1½ Days | Mr. Ingram was the Director of Elections at the Office of the Texas Secretary of State while Senate Bill 1 was being implemented. He also testified before the Legislature during the consideration of Senate Bill 1. At this time, Defendants plan on questioning Mr. Ingram on election administration in Texas, generally; policies, practices, and procedures governing Texas elections; county reporting requirements; election integrity; the 2020 General Election; the implementation and effects of Senate Bill 1; mail-ballot and ABBM rejection rates; the Secretary of State's communication with Texas counties and voters; and state interests. |
| 4 | Christina Adkins | Full Day | Ms. Adkins is the current Director of Elections at the Office of the Texas Secretary of State. Before her promotion, Ms. Adkins occupied the role of the Legal Director. At this time, Defendants plan on questioning Ms. Adkins about election administration in Texas, generally; policies, practices, and procedures governing Texas elections, particularly for mail-in voting; county reporting requirements; the Secretary of State's communication with Texas counties and voters; and recent changes to Election Code enacted by the Texas Legislature, such as the corrective action process. |
| 5 | Kristi Hart | 1/2 Day | Ms. Hart is the Director of Election Administration and Voter Registration for the Elections Division of the Office of the Texas Secretary of State. At this time, Defendants plan on asking Ms. Hart about the Texas Election Administration Management system and the voter registration databases used by offline counties. Defendants also plan on asking Ms. Hart about the implementation of Senate Bill 1, specifically the ID number requirement. |
| 5 | Samuel M. Taylor | 1/2 Day | Mr. Taylor was the Assistant Secretary of |

| | | | State for Communications in the Office of the Texas Secretary of State. In that capacity, Mr. Taylor managed the Secretary of State's voter education campaign. At this time, Defendants plan on questioning Mr. Taylor about this campaign as well as other efforts the Secretary of State took to inform voters of new requirements enacted by Senate Bill 1. |
|---|---|---|---|
| 6 | Dr. Stephen C. Graves | Full Day | Dr. Graves is an expert witness in this case. Defendants plan on asking Dr. Graves about the expert report he submitted in response to Dr. Kenneth Mayer, which analyzed Dr. Mayer's assertion that SB1 could increase voter wait times in early voting centers. |
| 7 – 8 | Prof. Mark Hoekstra | Two Full Days | Prof. Hoekstra is an expert witness in this case. Defendants plan on asking Prof. Hoekstra about the expert reports he authored in response to the assertions made by Plaintiffs' experts: Dr. Eitan Hersh, Dr. Eric McDaniel, Dr. Christina R. Grose, and Dr. Kenneth Mayer. |

In addition, as stated above, Plaintiffs have yet to finalize their witness list, much less identified the scope of their witnesses' testimony. Depending on the facts elicited from these witnesses at trial, Defendants may call another witness to refute testimony offered in Plaintiffs' case-in-chief. Defendants anticipate that this witness would take a half day.

| Witness | Estimated Length of Direct & Cross Examination | Subject of Testimony |
|---|---|---|
| Sheri Gipson | 1/2 Day | Ms. Gipson is Chief of the Driver's License Division at the Texas Department of Public Safety. Ms. Gipson will only be called to refute erroneous information related to the operation and maintenance of DPS database, to the extent such testimony is offered. |

## II. TRIAL BIFURCATION

The Parties discussed trail bifurcation at their August 1 and August 3, 2023 meet and confers. While there was some dispute among the Parties over the scope of the intent evidence that should be introduced during the first phase of trial, the Parties all agreed to move forward with the claims laid

out in the May 26, 2023, Joint Advisory Regarding Claims to be Heard during First Phase of Trial (ECF 615). To that end, Defendants have prepared their trial schedule advisory and pre-trial disclosures based on the understanding that the parties are proceeding with a bifurcated trial. However, contrary to Defendants understanding that intent evidence would only be elicited during Phase II of trial, Private Plaintiffs' witness list suggests the Private Plaintiffs intend to call intent evidence witnesses in support of certain Phase I claims. Accordingly, Defendants may need to amend their witness list once the full scope of Plaintiffs' affirmative trial presentation is clear. In the event this Court intends to act on all claims, Defendants would certainly need to amend their disclosures to reflect the additional witnesses and exhibits needed to address intent evidence.

### III. OBJECTION TO PRIVATE PLAINTIFFS' TRIAL ADVISORY

The Court's Order was clear. By August 11, 2023, all parties were required to submit an advisory informing the court (1) whether the parties intended to proceed on all claims during Phase I of trial, (2) the estimated time for the party's affirmative case *including* cross examination, and (3) the days on which each witness is expected to testify and the subject of the testimony. ECF. 700 at 2. Private Plaintiffs have failed to meet even the most basic requirements of the Court's order. First, while Private Plaintiffs have estimated the time needed for their direct examination, they fail to provide any estimate of time needed for cross examination and state that they will not provide that information before August 18th, two business days before pre-trial filings are due. ECF 707 at 4. Second, Private Plaintiffs make no effort to identify the schedule of witnesses, or even their order, despite the fact it is clear that some of that information is known. ECF 707 at 5. In the United States' Trial Advisory (ECF 706), the United States disclosed that they would call witnesses on trial days 1-5, 7, and 11. This clearly means the United States has conferred with Private Plaintiffs and that trial days 6, and 8-10 will be used by Private Plaintiffs. Instead of providing an estimate of how Private Plaintiffs intend to use those days, Private Plaintiffs provide nothing. Again, Private Plaintiffs indicate that they *anticipate* providing an update on August 18th mere days before final

pretrial filings are due and less than two weeks before the pretrial conference. Finally, despite having already disclosed their "will call" and "may call" witnesses, Private Plaintiffs failed to provide any summary of the subject of each witness's testimony. By complying with the Court's order, Defendants have revealed information about their trial presentation when Private Plaintiffs have not done the same. Adding insult to injury, Private Plaintiffs—who carry the burden in this case—plan to take an additional week with the advantage of Defendants' trial strategy before they inform the Court and other parties of their trial presentation schedule. Defendants strenuously object to Private Plaintiffs' blatant violation of the Court's order and request the Court impose an appropriate sanction.

| | |
|---|---|
| Date: August 11, 2023 | Respectfully submitted. |
| ANGELA COLMENERO<br>Provisional Attorney General | /s/ Ryan G. Kercher<br>RYAN G. KERCHER<br>Deputy Chief, General Litigation Division<br>Tex. State Bar No. 24060998 |
| BRENT WEBSTER<br>First Assistant Attorney General | |
| GRANT DORFMAN<br>Deputy First Assistant Attorney General | KATHLEEN T. HUNKER<br>Special Counsel<br>Tex. State Bar No. 24118415 |
| JAMES LLOYD<br>Interim Deputy Attorney General for<br>Civil Litigation | WILLIAM D. WASSDORF<br>Assistant Attorney General<br>Tex. State Bar No. 24103022 |
| | ZACHARY W. BERG<br>Special Counsel<br>Tex. State Bar No. 24107706 |
| | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>ryan.kercher@oag.texas.gov<br>kathleen.hunker@oag.texas.gov<br>will.wassdorf@oag.texas.gov<br>zachary.berg@oag.texas.gov |
| | **COUNSEL FOR STATE DEFENDANTS** |

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on August 11, 2023, and that all counsel of record were served by CM/ECF.

/s/ Ryan G. Kercher
RYAN G. KERCHER