IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNION DEL PUEBLO ENTERO, et al., § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> GREGORY W. ABBOTT, et al., § <br> § <br> *Defendants.* § | § <br> § <br> § <br> § CIVIL ACTION NO. 5:21-CV-00844-XR <br> § (Consolidated Cases) <br> § <br> § <br> § <br> § |

## DEFENDANT HARRIS COUNTY DISTRICT ATTORNEY
## KIM OGG'S RULE 26(a)(3)(B) OBJECTIONS

Harris County District Attorney Kim Ogg ("District Attorney Ogg") hereby submits the following objections to the deposition designations and exhibits proffered by Plaintiffs in this consolidated matter (Dkts. 684, 686, 687, 689, 690, 691, 692, 693) pursuant to Federal Rule of Civil Procedure 26(a)(3)(B).

### OBJECTIONS TO PROFFERED EXHIBITS

Pursuant to the parties' Joint Notice Regarding Trial Procedures (Dkt. 683), Plaintiffs have requested the admission of all exhibits they have disclosed, subject to the parties' oral and written objections. District Attorney Ogg's specific objections to the proffered exhibits are set forth in the attached schedules, which are reproductions of exhibit lists tendered by various Plaintiffs. To date, District Attorney Ogg has not received actual copies of any of Plaintiffs' proffered exhibits (as opposed to the listing of Bates ranges of production for some), and thus District Attorney Ogg reserves the right to supplement, modify, or add to these responses and objections and reserves any specific objections as to the actual exhibits tendered to the Court. District Attorney Ogg also joins in and incorporates by reference any responses and objections raised by other defendants.

District Attorney Ogg also submits the following authorities in support of her objections to various categories of exhibits proffered by various Plaintiffs.

## Objections to Declarations

As stated in the Joint Notice Regarding Trial Procedures, District Attorney Ogg does not consent to the introduction of out-of-court statements, such as declarations, "for the purpose of establishing standing for a claim against Harris County District Attorney Ogg." Dkt. 683 at 2. The elements of standing are that the plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 143 S. Ct. 2141, 2157 (2023). Any testimony purporting to support Plaintiffs' causes of action against District Attorney Ogg (*i.e.*, purporting to show that Plaintiffs have been injured by District Attorney Ogg) must be adduced in accordance with the ordinary requirements of federal law and rules of civil procedure and evidence. The elements of standing "are not mere pleading requirements but rather an indispensable part of the [Plaintiffs'] case [.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (citing cases). Thus, "each element must be supported in the same way as any other matter on which the [P]laintiff[s] bear[ ] the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.*

District Attorney Ogg objects to the admission of any and all declarations tendered by any of Plaintiffs on the ground that they are hearsay. *E.g., Seals v. United States*, 70 F.2d 519, 520 (5th Cir. 1934) (holding an affidavit was correctly excluded from trial because it was "a statement by a person who is not sworn as a witness and made subject to cross-examination under the rule as to hearsay evidence"); *Munoz v. Echosphere, LLC*, No. 09-CV-0308, 2010 WL 2838356, at *1 (W.D. Tex. July 15, 2010) (stating that "affidavits and declarations . . . are generally inadmissible

at trial"); *Tucker v. SAS Institute, Inc.*, 462 F. Supp. 2d 715, 722 (N.D. Tex. 2006) (stating that "an affidavit has limited admissibility at trial").  Declarations proffered by Plaintiffs on their exhibit lists contain statements made by declarants while not testifying at trial, and the statements are offered to prove the truth of the matters asserted therein.  FED. R. EVID. 801(c).

Many of the declarations are signed by persons who are identified in Private Plaintiffs' pretrial disclosures as witnesses Private Plaintiffs expect to testify at trial.  *E.g.*, Dkt. 687.  To the extent that these persons actually testify at trial, the declarations should also be excluded on the additional ground that they are needlessly cumulative under Federal Rule of Evidence 403.  The rest of the declarations are signed by persons identified in Private Plaintiffs' pretrial disclosure as witnesses who may be called to testify at trial.  To the extent Private Plaintiffs seek to introduce the declarations of witnesses Private Plaintiffs do not intend to call at trial, such an effort would be contrary to the purpose of the hearsay rule, which is premised on the notion that "the many possible sources of inaccuracy and untrustworthiness which may lie underneath the bare untested assertion of a witness can best be brought to light and exposed . . . by the test of cross-examination."  *Idaho v. Wright*, 497 U.S. 805, 819 (1990) (quoting WIGMORE ON EVIDENCE).

Furthermore, several declarations contain hearsay within hearsay because they recount the statements of other people for the truth of the matter asserted.  *See* Dkt. 639-2 at ¶ 4 (LULAC Trial Exhibit 10); Dkt. 611-1 at 568, ¶¶ 28–29 (OCA Trial Exhibit 12); Dkt. 611-1 at 649, ¶ 9 (OCA Trial Exhibit 15); Dkt. 611-1 at 659, ¶¶ 10 (OCA Trial Exhibit 17).  Finally, several of the declarations contain statements attributed to the declarant on areas and on matters for which personal knowledge is not established, thus contravening the requirements of Federal Rules of Evidence 602 and 701.  *E.g., Hamilton v. AVPM Corp.*, 593 Fed. Appx. 314, 319 (5th Cir. 2014), cert. denied, 575 U.S. 951 (2015).

### Objections to Media Reports and Stories

District Attorney Ogg objects to the admission of media reports and stories on the ground that they are also hearsay. *E.g., James v. Texas Collin County*, 535 F.3d 365, 374 (5th Cir. 2008) ("Newspaper articles . . . to prove the truth of the facts that they report . . . are inadmissible hearsay."); *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005) (describing newspaper articles as "classic, inadmissible hearsay"); *Barkley v. Dillard Dep't Stores, Inc.*, 277 F. App'x 406 (5th Cir. 2008) ("We first note that newspaper articles are hearsay and inadmissible."); *Kelly-Fleming v. City of Selma*, No. SA-10-CV-675-XR, 2013 WL 6002223 (W.D. Tex. Nov. 12, 2013) (Rodriguez, J.) ("These [newspapers] articles are hearsay not within an exception.").

### Objections to Plaintiffs' Own Out-of-Court Statements

District Attorney Ogg objects to the admission of out-of-court statements by Plaintiffs or their representatives contained in exhibits such as website posts, social media posts, and email communications, on the ground that they are likewise hearsay. *See United States v. Sanjar*, 876 F.3d 725, 739 (5th Cir. 2017) (holding that a party's own out-of-court statements are hearsay); *United States v. Anderton*, 679 F.2d 1199, 1203 (5th Cir. 1982) (noting that Federal Rule of Evidence 801(d)(2) "applies only to the admission of a statement against a party" and "does not avail one in this rather unusual position who seeks to introduce the evidence in his own behalf"); *Leon v. Fedex Ground Package Sys., Inc.*, 163 F. Supp. 3d 1050, 1061 (D.N.M. 2016) ("Hearsay bars a party from presenting its own statements . . . ."); *Seibert v. Jackson County*, No. 1:14-cv-188, 2015 WL 5039950, at *2 (S.D. Miss. Aug. 26, 2015) ("Plaintiff is not permitted to offer her own out-of-court statements . . . .").

**Objections to Expert Reports**

The parties have agreed to the general admissibility of a report from an expert who actually testifies at trial. Dkt. 615, 683. District Attorney Ogg objects to the introduction of any report from an expert who does not testify at trial, and otherwise maintains all objections to the evidentiary merit and basis of particular opinions under Federal Rule of Evidence 702 and applicable case authority.

**OBJECTIONS TO PROFFERED DEPOSITION DESIGNATIONS**

District Attorney Ogg's objections to proffered deposition designations are set forth in the attached schedule. District Attorney Ogg reserves the right to supplement, modify, or add to these responses and objections. District Attorney Ogg also joins in and incorporates by reference any responses and objections raised by other defendants.

*   *   *

Counsel for District Attorney Ogg remain available to discuss these objections with counsel for Plaintiffs. With respect to the exhibit objections, counsel for District Attorney Ogg requests that they be provided with copies of the trial exhibits Plaintiffs intend to tender to the Court.

Respectfully submitted,

**BUTLER SNOW LLP**

By: */s/ Eric J.R. Nichols*
Eric J.R. Nichols
State Bar No. 14994900
eric.nichols@butlersnow.com
Cory R. Liu
State Bar No. 24098003
cory.liu@butlersnow.com
Victoria A. Giese
State Bar No. 24126391
victoria.giese@butlersnow.com
1400 Lavaca Street, Suite 1000
Austin, Texas 78701
Tel: (737) 802-1800
Fax: (737) 802-1801

**ATTORNEYS FOR DEFENDANT DISTRICT ATTORNEY KIM OGG, IN HER OFFICIAL CAPACITY AS HARRIS COUNTY DISTRICT ATTORNEY**

### CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2023, a true and correct copy of the foregoing document was served on all counsel of record by filing with the Court's CM/ECF system.

*/s/ Eric J.R. Nichols*
Eric J.R. Nichols