**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNION DEL PUEBLO ENTERO, et al.,<br>*Plaintiffs,*<br><br>v.<br><br>GREGORY W. ABBOTT, et al.,<br>*Defendants.* | §<br>§<br>§<br>§   Case No. 5:21-cv-844-XR<br>§<br>§<br>§ |

### STATE DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFFS' PRETRIAL DISCLOSURES

Defendants Gregory W. Abbott, in his official capacity as Governor of Texas, Jane Nelson, in her official capacity as Secretary of State, Angela Colmenero, in her official capacity as Provisional Attorney General of Texas, and the State of Texas ("State Defendants") file these objections to Private Plaintiffs' and Federal Plaintiffs' Rule 26(a)(3) Pretrial Disclosures.

### INTRODUCTION

On July 28, 2023, the Private Plaintiffs jointly announced that they "will call" or "may call" 115 different witnesses—witnesses that allegedly are only for Phase I of this case's trial bifurcation. *See* ECF No. 687-1. The Private Plaintiff also collectively disclosed 1,147 exhibits, *see* ECF No. 686-2; ECF No. 691-1, and 106 deposition designations, *see* ECF No. 686-1; ECF No. 689-1; ECF No. 690; ECF No. 691-2; ECF No. 692-1; ECF No. 692-2; ECF No. 692-3; ECF No. 692-4; ECF No. 692-5; ECF No. 692-6.

These numbers do not include the Federal Plaintiffs' disclosures. The Federal Plaintiffs disclosed 22 witnesses, *see* ECF No. 684-1, and identified 351 exhibits, *see* ECF No. 684-3. The Federal Plaintiffs also disclosed an additional 46 deposition designations. *See* ECF No. 684-2.

1

Because of the magnitude of these pretrial disclosures, this Court recognized that "the parties—especially the Private Plaintiffs—will need to cull their witness lists" because "the number of witnesses identified . . . appears highly unnecessary." ECF No. 700 at 2. Instead, Plaintiffs added seven more witnesses. *See* Ex. C. Additionally, Plaintiffs' deposition designations contain inadmissible testimony. *See* ECF No 684-2; ECF No. 686-1; ECF No. 691-2; ECF No. 692-1; ECF No. 692-2; ECF No. 692-3; ECF No. 692-4; ECF No. 692-5; ECF No. 692-6. Finally, Plaintiffs have disclosed numerous objectionable trial exhibits. *See* ECF No. 684-3; ECF No. 686-2; ECF No. 689; ECF No. 690; ECF No. 691-1; ECF No. 693. As such, State Defendants raise numerous objections to Plaintiffs' witness lists, deposition designations,[1] and exhibit lists and respectfully ask this Court to sustain such objections.

**ARGUMENT**

**I.      Objections to Plaintiffs' Witness Lists.**

State Defendants first object to Plaintiffs' witness lists for three reasons. *First*, Private Plaintiffs identified witnesses that were not previously disclosed. *Second*, Private Plaintiffs disclosed Dr. Kara Ayers without designating her as an expert or without designating her on topics that actually have relevance to this "impact" phase of the bifurcated trial. And *third*, Private Plaintiffs and Federal Plaintiffs both disclosed witnesses for live testimony that were also disclosed by deposition designation without establishing the unavailability of such witnesses. State Defendants thus address these objections in turn.

*First*, State Defendants object to Private Plaintiffs' recent pretrial disclosures of several witness. Take, for example, Plaintiffs' recent first-time disclosure of Joyce LeBombard.[2] Because this is the

---

[1]   State Defendants' detailed objections to several of Plaintiffs' deposition designations are attached to this motion as Ex. A.

[2]   State Defendants note that Plaintiffs' recent pretrial disclosures also identified (for the first time) Ameer Patel, Gene Lantz, and Bee Morehead as witnesses in this case. Nonetheless, per

first time Ms. LeBombard has appeared on any of Plaintiffs' witness disclosure lists, this eleventh-hour disclosure fails to provide sufficient notice under the Federal Rules of Civil Procedure. Ms. LeBombard's only apparent connection to this case was a brief mention in State Defendants' deposition of former-LWVTX President Grace Chimene, as signatory to a couple discovery responses and objections, and as a declarant in MSJ briefing. But State Defendants disagree that merely referencing Ms. LeBombard's change of position in a deposition or in discovery responses constitutes sufficient notice under the Federal Rules of Civil Procedure. The mere fact that an individual occupies a leadership position in an organization is neither an indication that the individual will testify at trial nor an indication of the subject matter that testimony will cover—especially in a case involving hundreds of individuals disclosed by Private Plaintiffs, hundreds of depositions taken by the parties, and thousands of exhibits disclosed by Private Plaintiffs alone. This lack of notice becomes even clearer when Private Plaintiffs specifically identified in their previous disclosures other organizational officers and members who had relevant information and could appear at trial, in accordance with Fed. R. Civ. P. 26(a)(1)(A)(i). State Defendants relied on these representations and noticed depositions where appropriate, given the expedited discovery window, the limit on the number of depositions, and the sheer number of witnesses disclosed by the parties. For Private Plaintiffs to now assert that such drive-by mentions of some undisclosed witness satisfy the standard under the Federal Rules of Civil Procedure lacks merit. After all, a disclosure, by definition, means more than such drive-by references: it requires the party to specifically disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ.

---

conversations with State Defendants, Private Plaintiffs confirmed in writing that they will not call any of these witnesses for trial. Accordingly, State Defendants preserve any objections to any subsequent callings of these witness.

P. 26(a)(1)(A)(i). That has not happened. Accordingly, State Defendants object to the use of any testimony from Ms. LeBombard that exceeds the scope of her declaration or the discovery responses and objections that she signed or verified.

Similarly, State Defendants object to Christopher Rainbolt on the grounds that the recent pretrial disclosures also represent the first time that he has appeared on any of Private Plaintiffs' witness lists, meaning that Private Plaintiffs again failed to provide sufficient notice. Nonetheless, because OCA-GH Plaintiffs confirmed in writing that they disclosed Mr. Rainbolt solely to authenticate screenshots of certain website exhibits, State Defendants agree to allow such testimony for that limited purpose. In line with OCA-GH Plaintiffs' representation, State Defendants thus object to any testimony from Mr. Rainbolt that exceeds this limited purpose, and State Defendants reserve any other objections to the testimony of Mr. Rainbolt that may arise at trial.

*Second*, State Defendants object to Private Plaintiffs' disclosure of Dr. Kara Ayers because—although Federal Plaintiffs originally retained and designated Dr. Ayers—Private Plaintiffs themselves failed to designate her as an expert witness. This mistake is fatal, as Private Plaintiffs may not now use evidence from an expert witness that they neither designated nor disclosed.[3] Moreover, even if Dr. Ayers was disclosed by Private Plaintiffs, that would still not matter because, throughout this entire litigation, Dr. Ayers has only ever been designated on claims that no longer remain in the case. Any testimony from Dr. Ayers would thus be legally irrelevant because it would not have any tendency to make a fact of consequence of more or less probable when no such fact of consequence even exists on a moot claim. *See* Fed. R. Evid. 401; *see also Manson v. B&S Trucking of Jackson, LLC*, No. SA-21-CV-01181-XR, 2023 WL 3170494, at *7 (W.D. Tex. May 1, 2023) (Rodriguez, J.) (stating that, when

---

[3] State Defendants note that OCA-GH Plaintiffs confirmed in writing that they no longer intend to present testimony from Dr. Ayers, but State Defendants have not received such confirmation from other Plaintiffs' groups. Accordingly, State Defendants preserve any objections to Dr. Ayers.

certain claims have been dismissed, "opinions by [the expert witness] on all these subjects *are no longer relevant*" (emphasis added)). Therefore, State Defendants object to the use of any of Dr. Ayers' testimony because Plaintiffs failed to meet the Fifth Circuit's four-factor standard for excluding expert testimony. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996). Specifically, (1) Plaintiffs did not explain the reason for their failure to comply with designation and disclosure rules; (2) Dr. Ayers' testimony is unimportant and even irrelevant; (3) there would be significant prejudice in allowing such unnecessary testimony when Plaintiffs' have disclosed hundreds of other witnesses and thousands of exhibits; and (4) any continuance would likely be unavailable now that we are on the eve of trial. *See id.* Accordingly, Dr. Ayer's testimony should be excluded.

*Third*, and finally, State Defendants object to numerous witnesses that Plaintiffs disclosed as testifying both live and through the use of deposition excerpts, including Dana DeBeauvoir, Charlie Johnson, Bridgette Escobedo, Tacoma Phillips, Jennifer Colvin, Rachelle Obakozuwa, Jacquelyn Callanen, Lisa Wise, Yvonne Ramon, Johnathan White, Keith Ingram, Daniel Hayes, Isabel Longoria, Lauren Smith, Alice Penrod, Elaine Jones, Jennifer Martinez, Roberto Benavides, Remi Garza, Pamiel Gaskin, Christina Adkins, Kristi Hart, Frank Phillips, and Michael Scarpello. *See* ECF No. 684-1; ECF No. 687-1. Unlike Plaintiffs, State Defendants have reserved all deposition designations for witnesses who will not appear or testify live at trial. That is because, outside of impeachment or use for a party's testimony, the Federal Rules of Civil Procedure only allow parties to use "the deposition of a *witness*, whether or not a party, if the court finds" that the witness is unavailable. *See* Fed. R. Civ. P. 332(a)(4) (emphasis added). Here, because Plaintiffs expressly declared that they are going call the above-mentioned witness live to trial, they expressly admitted that they do not qualify as "unavailable" within the meaning of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 32(a)(4)(A)–(E) (specifying the categories of unavailability, such as the witness being dead; more than 100 miles from the trial or hearing; unable to attend or testify because of "age, illness, infirmity, or imprisonment;" outside the

5

subpoena range; or unable to appear for live testimony because "exceptional circumstances make it desirable . . . to permit the deposition to be used"). Thus, State Defendants object to the use of the deposition excerpts as being disallowed under the Federal Rules of Civil Procedure when no showing of unavailability is present, like in this instant case, and State Defendants note that specific objections to designations for witnesses marked as appearing live will be submitted if and when it is established that such witnesses are unavailable.

**II.     Objections to Plaintiffs' Exhibit Lists.**

State Defendants also make specific objections to each of Private Plaintiffs and Federal Plaintiffs' exhibit lists. Those detailed objections are attached as Ex. B. In addition to those specific objections, State Defendants also object to Plaintiffs' exhibit lists for three primary reasons. *First*, State Defendants object to exhibits being repetitive, duplicative, or otherwise cumulative. *Second*, State Defendants object to all experts reports to the extent they involve hearsay or inadmissible conclusions of law. And *third*, State Defendants object to any exhibits that relate to so-called "intent" evidence, especially given this Court's current bifurcation of the trial. State Defendants address each separately.

*First*, State Defendants object to numerous exhibits disclosed by Plaintiffs because they are duplicative or cumulative. After all, this Court in a recent order stated that "[t]he parties should ensure that duplicative exhibits are not offered." ECF No. 700 at 2. Pursuant to this instruction from the Court, the Plaintiffs have compiled a list of exhibits that are duplicative, and State Defendants now attach that most recent list as an exhibit for purposes of preserving its cumulative objections to such exhibits. *See* Ex. D.

*Second*, the parties have agreed that all expert reports will be admitted as long as the respective expert appears live at trial and is subject to cross-examination. State Defendants reserve the right to object to the admission of such reports if the expert who drafted the report does not testify at trial.[4]

*Third*, and finally, State Defendants object to Plaintiffs' use of any intent evidence as irrelevant. *See* Fed. R. Evid. 401. Specifically, this Court's noted that that "the first phase" of this trial will be "devoted to claims addressing SB 1's impact" while "the second phase" will be "devoted to claims alleging intentional discrimination." ECF No. 700 at 1; *see also* ECF No. 615. Therefore, given this Court's bifurcation of "impact" claims and "intent" claims, State Defendants object to any exhibits that relate to any "intent" claims. Alternatively, State Defendants reiterate their joint request with Plaintiffs to leave the record open pending the second phase of trial, allowing the Parties to offer intent evidence as to claims tried in either phase.

## CONCLUSION

For these reasons, the Court should sustain State Defendants' objections to Plaintiffs' pretrial disclosures.

---

[4] State Defendants have agreed to accommodate Dr. Kruse by allowing him to appear via remote testimony, but only on the basis that Dr. Kruse still be subject to cross examination. Thus, State Defendants reserve any specific objections under the Federal Rules should Dr. Kruse not appear or be subject to cross examination.

| | |
|---|---|
| Date: August 15, 2023 | Respectfully submitted. |
| | |
| JOHN SCOTT | /s/ Kathleen T. Hunker |
| Provisional Attorney General | KATHLEEN T. HUNKER |
| | Special Counsel |
| BRENT WEBSTER | Tex. State Bar No. 24118415 |
| First Assistant Attorney General | |
| | RYAN G. KERCHER |
| GRANT DORFMAN | Tex. State Bar No. 24060998 |
| Deputy First Assistant Attorney General | Deputy Chief, General Litigation Division |
| | |
| SHAWN E. COWLES | WILLIAM D. WASSDORF |
| Deputy Attorney General for Civil Litigation | Assistant Attorney General |
| | Tex. State Bar No. 24103022 |

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2120
Fax: (512) 320-0667
kathleen.hunker@oag.texas.gov
ryan.kercher@oag.texas.gov
will.wassdorf@oag.texas.gov

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on August 15, 2023, and that all counsel of record were served by CM/ECF.

/s/ Kathleen T. Hunker
KATHLEEN T. HUNKER