IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNION DEL PUEBLO ENTERO, et al., <br> *Plaintiffs,* <br><br> v. <br><br> GREGORY W. ABBOTT, et al., <br> *Defendants.* | § <br> § <br> § <br> § Case No. 5:21-cv-844-XR <br> § <br> § <br> § |

## STATE DEFENDANTS' MOTION IN LIMINE TO EXCLUDE DR. DANIEL SMITH'S ADDENDUM, AMEER PATEL, AND DR. KARA AYERS

Defendants Gregory W. Abbott, in his official capacity as Governor of Texas; Jane Nelson, in her official capacity as Secretary of State; Angela Colmenero, in her official capacity as Provisional Attorney General of Texas; and the State of Texas ("State Defendants") file this Motion in Limine to exclude Dr. Daniel Smith's Addendum to his Third Supplemental Report, the testimony of Ameer Patel to the extent that it exceeds the discovery responses he signed or verified, and the entirety of Dr. Kara Ayers' testimony and deposition designations.

### ARGUMENT

**I.   This Court Should Exclude Dr. Daniel Smith's Addendum to the Third Supplemental Report.**

On the eve of trial, Plaintiffs served a last-minute substantive addition to Dr. Daniel Smith's Third Supplemental Report. This Court should exclude the addendum because it violates the Federal Rules of Civil Procedure and prejudices State Defendants by failing to provide notice to State Defendants, much less an adequate opportunity to respond. Under the Federal Rules of Civil Procedure, a disclosure requires the party to specifically disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—*along with the subjects*

1

*of that information*—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). And under these rules, the information an expert must disclose includes "a *complete* statement of *all* opinions the witness will express *and* the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added).

Here, that has not happened. Rather, Plaintiffs disregarded this Court's deadlines by submitting a substantive addendum that contains new tables and opinions; they thus failed to provide State Defendants with an opportunity to test the veracity of this addendum or even prepare for Dr. Smith's new opinions when trial is only days away. State Defendants had previously agreed to allow Dr. Smith to submit his Third Supplemental Report well after the close of expert discovery on the condition that State Defendants be allowed to depose Dr. Smith once his report was finalized. *see* Ex. A (May 5, 2023 Letter). That deposition was taken July 6, 2023. Over a month later, on August 16, 2023—after the Parties exchanged pretrial disclosures—Plaintiffs sought to update the report with new information and analyses. Because of the late hour, a remedy in this instance is unavailable.

Accordingly, the addendum should be excluded. Plaintiffs' "explanation for its failure to disclose the evidence" is weak at best; "the importance" of this addendum is minimal, while "the potential prejudice" to State Defendants is significant now that the State Defendants must scramble to prepare for and challenge Dr. Smith's analysis without the benefit of discovery; and there is no availability for a continuance since trial is in ten days. *See CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009).

## II. This Court Should Exclude Ameer Patel's Testimony to the Extent It Exceeds His Discovery Responses.

The Court should exclude Mr. Patel's testimony because Plaintiffs failed to disclose and designate him. Indeed, the pretrial disclosures represent the first time Mr. Patel appeared on any of Plaintiffs' witness disclosure lists as an individual likely to have discoverable information. Prior to the pretrial disclosures, Mr. Patel's only apparent connection to this case was as a signatory to some

interrogatory responses for Plaintiff Voto Latino. However, this cursory reference is far from sufficient to constitute adequate notice, given the breadth of Plaintiffs' initial and supplemental disclosures and the limited number of depositions allocated to each side. The Court, itself, recognized this dilemma at the November 16, 2021, status conference, where it noted that Plaintiffs identified 165 individuals in their initial disclosures and advised the Parties to delineate their Tier 1 and Tier 2 individuals to help better organize reasonable discovery. State Defendants therefore rely on Plaintiffs' implicit representation that Mr. Patel was not relevant to their case in chief.

In addition, although State Defendants did not depose a similar witness named Maria Teresa Kumar ("Ms. Kumar") in this case, whom Plaintiffs initially disclosed on behalf of Plaintiff Vote Latino, State Defendants made this decision, in large part, because State Defendants had already deposed Ms. Kumar in a separate, but similar, election case. Had Plaintiffs designated Mr. Patel instead, State Defendants would have been presented with a different caliculus and likely would made a different choice in who to depose. Because State Defendants relied on Plaintiffs' previous representations and noticed depositions where appropriate, allowance of Mr. Patel's testimony now would effectively constitute trial by ambush. To avoid any resulting prejudice, this Court should limit Mr. Patel's testimony to the discovery responses and objections that he signed or verified.[1]

### III. This Court Should Exclude the Entirety of Dr. Kara Ayers' Deposition Designations and Testimony.

This Court should exclude the entirety of Dr. Kara Ayers' deposition designations and testimony for two reasons. *First*, Private Plaintiffs failed to designate her as an expert witness. And *second*, any testimony or evidence from Dr. Kara is legally irrelevant. State Defendants discuss each objection in turn.

---

[1] State Defendants and LULAC Plaintiffs are currently negotiating the scope of Mr. Patel's testimony. Because of the deadline, State Defendants file this motion in limine to preserve their objection. In the event the parties reach agreement without the need for court intervention, State Defendants will notify the Court of the resolution.

*First*, Private Plaintiffs made the fatal mistake of failing to designate Dr. Ayers as an expert witness. This mistake is fatal because Private Plaintiffs may not now use evidence from an expert witness that they neither designated nor disclosed, especially when State Defendants relied on Private Plaintiffs' representations and noticed depositions where appropriate based on the expedited discovery window, the limit on the number of depositions, and the sheer number of witnesses disclosed by the parties. State Defendants thus object to the use of any of Dr. Ayers' testimony because Plaintiffs failed to overcome the Fifth Circuit's four-factor standard for excluding expert testimony. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996). Specifically, (1) Plaintiffs did not explain the reason for their failure to comply with designation and disclosure rules; (2) Dr. Ayers' testimony is unimportant and, as discussed below, even irrelevant; (3) there would be significant prejudice in allowing such unnecessary testimony when Plaintiffs' have disclosed hundreds of other witnesses and thousands of exhibits; and (4) any continuance is likely unavailable now that we are on the eve of trial. *See id.*

*Second*, despite Private Plaintiffs' failure to designate Dr. Ayers, Dr. Ayers' testimony should further be excluded because she has only ever been designated on claims that no longer remain in the case. Indeed, while the United States originally designated Dr. Ayers to "testify regarding the impact of the revised voter assistance oath in SB 1 on voters with disabilities.," *see* ECF No. 293, they subsequently agreed to not use her as an expert because Judge Robert L. Pitman entered an order on June 6, 2022, in the separate matter of *OCA Greater Houston v. State of Texas*, 1:15-CV-679-RP (W.D. Tex.) that enjoined several of the voter assistance provisions in the Texas Election Code, including provisions relating to the oath of assistance, *see* ECF No. 438. As a result, any testimony from Dr. Ayers would now be legally irrelevant because it would not have any tendency to make a fact of consequence *in this case* more or less probable when no such fact of consequence even exists on a moot claim. *See* Fed. R. Evid. 401; *see also Manson v. B&S Trucking of Jackson, LLC*, No. SA-21-CV-

4

01181-XR, 2023 WL 3170494, at *7 (W.D. Tex. May 1, 2023) (Rodriguez, J.) (stating that, when certain claims have been dismissed, "opinions by [the expert witness] on all these subjects *are no longer relevant*" (emphasis added)). Accordingly, Dr. Ayer's testimony and deposition designations are inadmissible and should be excluded.

## CONCLUSION

For these reasons, the Court should sustain State Defendants' objections and exclude Dr. Smith's addendum to his Third Supplemental Report, Mr. Ameer Patel's testimony, and Dr. Ayer's testimony and deposition designations.

| | |
|---|---|
| Date: September 1, 2023 | Respectfully submitted. |
| | |
| ANGELA COLMENERO | /s/ Kathleen T. Hunker |
| Provisional Attorney General | KATHLEEN T. HUNKER |
| | Special Counsel |
| BRENT WEBSTER | Tex. State Bar No. 24118415 |
| First Assistant Attorney General | |
| | RYAN G. KERCHER |
| GRANT DORFMAN | Tex. State Bar No. 24060998 |
| Deputy First Assistant Attorney General | Deputy Chief, General Litigation Division |
| | |
| JAMES LLOYD | WILLIAM D. WASSDORF |
| Acting Deputy Attorney General for Civil Litigation | Assistant Attorney General |
| | Tex. State Bar No. 24103022 |

ZACHARY BERG
Special Counsel
Tex. State Bar. 24107706

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2120
Fax: (512) 320-0667
kathleen.hunker@oag.texas.gov
ryan.kercher@oag.texas.gov
will.wassdorf@oag.texas.gov

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 1, 2023, and that all counsel of record were served by CM/ECF.

/s/ Kathleen T. Hunker
KATHLEEN T. HUNKER