1              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TEXAS
2                  SAN ANTONIO DIVISION

3   LA UNION DEL PUEBLO          )
    ENTERO, et al,               )
4                                )
                 Plaintiffs,     )
5                                ) CIVIL ACTION
    VS.                          )
6                                ) NO.: 5:21-cv-844(XR)
    STATE OF TEXAS, et al,       ) (Consolidated Cases)
7                                )
                 Defendants.     )
8                                )

9

10                 ORAL DEPOSITION OF

11                   JONATHAN WHITE

12   Designated Representative for the Office of the Texas

13                   Attorney General

14                    MAY 5, 2022

15

16       ORAL DEPOSITION OF JONATHAN WHITE, produced as a

17   witness at the instance of the DEFENDANTS, and duly

18   sworn, was taken in the above-styled and numbered cause

19   on May 5, 2022, from 10:02 a.m. to 4:06 p.m. before Miah

20   Parson, CSR in and for the State of Texas, reported by

21   oral stenography, at the Offices of the Attorney General

22   300 W. 15th Street Austin, Texas 78701, pursuant to the

23   Federal Rules of Civil Procedure and the provisions

24   stated on the record or attached hereto.

25

```
 1                     A P P E A R A N C E S

 2   FOR THE PLAINTIFFS:

 3        ZACHARY DOLLING
          TEXAS CIVIL RIGHTS PROJECT
 4        1405 Montopolis Drive
          Austin, Texas 78741
 5        Phone:  512-474-5073
          Fax:  512-474-0726
 6        zachary@texascivilrightsproject.
          org
 7

 8   FOR THE PLAINTIFFS:

 9        WENDY J.  OLSON
          STOEL RIVES LLP
10        760 SW Ninth Avenue, Suite 3000
          Portland, Oregon 97205
11        Phone:  208-387-4291
          Wendy.olson@stoel.com
12

13   FOR THE DEFENDANTS GREGORY W. ABBOTT, et al:

14        ERIC A. HUDSON
          Office of the Attorney General
15        P.O. BOX 12548 (MC-009)
          Austin, Texas 78711
16        Phone:  512-463-2100
          Fax:  512-457-4410
17        eric.hudson@oag.texas.gov

18

19   ALSO PRESENT:

20   Erin Barnes-OAG
     Hani Mirza-OCA
21

22

23

24

25
```

1  documents with you to the deposition today?

2      A.  I did not.

3      Q.  Okay.  Great.  Thank you.  So let's get

4  started.  I understand that you are the chief of the

5  Election Integrity Division at the OAG; is that correct?

6      A.  That's correct.

7      Q.  What is the Election Integrity Division?

8      A.  It's a Division with the attorney general

9  that's tasked with the prosecution of offenses under the

10 election code or election offenses under Texas law.

11     Q.  When was it -- the -- the division established?

12     A.  I believe it was around 2018.  Well, actually

13 let me -- let me take that -- let me walk that back.

14 The Election Integrity Section would have been -- begun

15 in 2018.  The division was popped out approximately a

16 year ago.

17     Q.  That's gonna be something I'm gonna be asking

18 about because there's a lot of nomenclature sort of

19 floating around and I just want to get all of that

20 straight.

21     A.  Yes, sir.  Understood.

22     Q.  For the Election Integrity Division, what was

23 the impetus for that formation as an independent pop out

24 division?

25              MR. HUDSON:  I object to that to the extent

12        Q.   (BY MR. DOLLING)   Does the Election Integrity

13   Division have a specific budget that you know?

14        A.   I'm aware of a budget allocation that is

15   tracked by -- by our Budget Division for Election

16   Integrity.   It was a cost center that was created in

17   2019, but that includes both the investigation unit

18   which is housed actually under a separate division and

19   the Election Integrity Prosecution Division, EID.

20        Q.   When I say Election Integrity Division, are you

21   understanding it to include the investigators and the

22   attorneys?

23        A.   It does not.

24        Q.   It does not?

25        A.   I can explain.

1        A.   Insofar as they comprise another category of

2   common offenses we're responsive to those.

11      Q.  (BY MR. DOLLING)  Is it fair to say that the

12  OAG has a policy of prosecuting offenses under the

13  election code for which it believes there is sufficient

14  evidence to convict?

15      A.  Yes, I think so.

16      Q.  Okay.  And so back to this -- what are we on

17  No. 3, I think.  Back to Exhibit No. 3, you mentioned

18  that it was created for training local election

19  officials, I believe?

20      A.  I don't think I described the purpose exactly,

21  but the purpose is primarily to familiarize elections

22  officials with who we are, what we do, some of the signs

23  for activity that they might recognize and look into to

24  determine whether they feel there is -- are possible

25  offenses that require investigating.  And instruct them

1  administrators sporadically, but those are the type and

2  quality of referrals that we would like to see.

3      Q.  Okay.  So we can just put this one aside for a

4  moment.  So I'm handing you what I marked as Exhibit

5  No. 4.  This is the Texas Court of Criminal Appeals'

6  opinion majority opinion and Zena Stephens are you

7  familiar with the decision in Zena Stephens.

8              (Exhibit No. 4 marked.)

9      A.  Yes, sir.

10     Q.  (BY MR. DOLLING)  And if we can just turn --

11 oh, I might have had an extra page in there.  I'm not

12 sure if your copy has an extra page, but there might be

13 a random extra page.  And if we turn to the last page

14 here, I'm gonna read the holding out here.  We hold that

15 the grant of prosecutorial authority in Section 273.021

16 of the Texas election code violates article 2 Section 1

17 of the Texas Constitution the separation of powers

18 clause; is that correct?

19     A.  Correct.

```
23        Q.  (BY MR. DOLLING)   Okay.   That's fine.   I'm
24   handing you what I've marked as Exhibit No. 5.   This is
25   Chapter 273 of the Texas Election Code.   Please take a
```

1   moment to look over it and when you're ready turn to

2   section 273.021.

3                    (Exhibit No. 5 marked.)

4        A.   Yes, sir.

5        Q.   (BY MR. DOLLING)   So Section 273.021 reads,

6   Prosecution by the Attorney General Authorized.   The

7   attorney -- Subsection A, the attorney general may

8   prosecute a criminal offense prescribed by the election

9   laws of this state.   And Subsection B, the attorney

10  general may appear before a grand jury in connection

11  with an offense.   The attorney general is authorized to

12  prosecute under Subsection a and Subsection c.   The

13  authority to prosecute prescribed by this subchapter

14  does not affect the authority to arrive from other law

15  to prosecute the same offenses.   Did I read that all

16  correctly?

17       A.   I believe you did.

```
25        Q.   (BY MR. DOLLING)   Okay.   I think we -- we'll
```

1    OAG cannot maintain the prosecution because the OAG was
2    independently prosecuting the case?
3         A.  More or less those would take the form of
4    pretrial writ of habeas corpus or a motion to dismiss
5    the indictment and generally the remedy that's being
6    sought by the Defendants is for the entire case to be
7    thrown out.
8         Q.  And that's on the basis of the prosecution
9    being carried out by the OAG's alone?
10        A.  In most cases, yes.
11        Q.  What is -- what is the not most cases?
12        A.  We've gotten challenges based on the fact that
13   we've had anything to do with the case, even if the
14   local district attorneys office consented to the
15   prosecution or was even involved in the investigation
16   and perhaps prosecution as well.  So it opens a door to
17   a whole lot of challenges.

1   answer.

2        A.  I think you could technically say that we're

3   still prosecuting the cases that are pending, certainly

4   even the ones that have been challenged on the basis of

5   Stephens.  Those prosecutions are still pending.  We're

6   still on the position of representing the State of Texas

7   on those offenses and we have a large number of other

8   prosecutions where we are still involved in the

9   prosecution where we're working jointly with district

10  attorneys offices.

11       Q.  (BY MR. DOLLING) Okay.  Has the OAG brought any

12  new prosecutions after Stephens where the prosecution

13  began after Stephens?

14       A.  Let me refresh my memory with the bottom of the

15  list of resolved cases.  I believe the answer to that I

16  believe is no.

17       Q.  Okay.  Thank you.

18            MR. HUDSON:  For purposes of the record

19  Mr. White, can you identify the page that you reviewed

20  to refresh your recollection?

21       A.  Page -- Pages 16 and 17 of Exhibit 6.

22            MR. HUDSON:  Could you identify that by

23  Bates stamp please?

24       A.  States 087338 and 339.

25            MR. HUDSON:  My apologies.

1  know, that sort of thing.

2       Q.   Is it the policy of the OAG to always loop in

3  the county prosecutor?

4       A.   We don't have a hard and fast guideline on

5  that, but it's been a best practice for our group

6  because of resources and looking to leverage local

7  resources wherever possible, wherever we have a DA or I

8  say DA because most circumstances it's a district

9  attorney, but local prosecutor, county prosecutor.  We

10 would try to loop them in to leverage resources and see

11 if they have any willingness to get involved with the

12 case.

11        Q.   (BY MR. DOLLING)   Okay.  Is it accurate to say

12   that the OAG hears about most suspected offenses of the

13   election code from outside referrals, outside of the

14   OAG's office?

15        A.   Absolutely.

16        Q.   Earlier, I think you said that the majority of

17   them come from the Secretary of States office; is that

18   correct?

19        A.   Strong majority.

20        Q.   What is -- how -- if you could, could you put a

21   number on that or percentage wise?

22        A.   I --

23             MR. HUDSON:   Object to form.  Speculation.

24        A.   Yeah, I could put a wide range on it.  I'm ball

25   parking, but certainly over half and it could be as much

1               So to that extent and to the extent that

2    vote harvesting operations are complex, wide spread,

3    touch a large number of individuals, focus on soft

4    targets, elderly voters, sometimes voters with

5    disabilities.  They could -- it could be challenging to

6    go in and find out what happened after the fact, as well

7    as the fact that if vote harvesting is done correctly

8    the process can be invisible to the voter.

9         Q.  So the complexity mostly comes from

10   difficulties in the investigative process because of the

11   protections around voting, would you say?

12        A.  I would say that those complexities extend into

13   the prosecution as well.

A

 7        Q.  (BY MR. DOLLING)   Has the OAG taken through to

 8   conviction a case in which hundreds of votes were

 9   touched by a vote harvester?

10        A.  Probably so, although that does not mean that

11   we were able to prove hundreds of votes, bring hundreds

12   of voters on the stand who were able to explain what

13   happened to them, knew what happened to them, positively

14   identified the person that came by.  So typically what

15   we end up litigating in court is a fraction of the

16   activity of a vote harvester.

17        Q.  So that's what you have attempted to prove, but

18   you have not carried through to final verdict on those

19   facts?

20             MR. HUDSON:  Objection; form.

21        A.  I'd say what we attempted to prove is typically

22   what's pled in the indictment, however many counts of

23   offenses were charged that would be a fraction of the

24   total activity that occurred.  And then from there we

25   may reach a plea agreement, which may involve one

1    OAG, well, I suppose you sort of answered this, but how

2    often would the OAG decide to initiate a prosecution

3    after completing an investigation based on a referral?

4         A.  Whenever we made a determination that an

5    offense occurred and that there was sufficient evidence

6    for prosecution.

19        Q.  (BY MR. DOLLING)  Currently or after Stephens

20   if the OAG investigates, you know, on the basis of a

21   referral and determines that a prosecution is warranted,

22   how does it go about making that happen?

23        A.  We would now present the case to a district

24   attorneys office and allow them to decide whether to

25   accept the case, reject the case, they would have the

1  option of appointing us as a prosecutor.  If they desire

2  to do that, but the decision ultimately rests entirely

3  currently on under our current policy with local

4  prosecutors.

25        Q.  (BY MR. DOLLING)   In how many of the pending

1  prosecutions reflected on this chart has the OAG been

2  appointed by a county prosecutor to work on a

3  prosecution?

4       A.  Having refreshed my memory States 087336

5  through 339, I'm seeing five cases where I believe a

6  formal order appointing is on file in the public record.

7       Q.  What is a formal appointment?  Is it a

8  document?  Is it reflected in a document?

9       A.  It is.

24      Q.  (BY MR. DOLLING)   Okay.

25      A.  There is, you know, to the extent that fraud

1   takes place and it's not referred to our agency, you

2   know, it may well go not investigated and a referral

3   typically needs to be made to us for us to look into a

4   case.

5        Q.  And so to the extent that the OAG operates

6   proactively in this context you feel like you cannot

7   answer that question.

8        A.  I can say this, there is nothing to preclude us

9   from being proactive in attempting to detect and

10  investigate crimes except for the limitations that we

11  have with bandwidth and the fact that we have our hands

12  full with the cases that come in to us and we've always

13  been a responsive unit.

13        Q.   (BY MR. DOLLING)   Okay.   I think you might have

14   said this earlier, but is it the OAG's policy typically

15   to loop in the county prosecutor for the county in which

16   the suspected offense occurred if the OAG is undertaking

17   an investigation in that county?

18        A.   That's been our practice more and more over

19   recent years and particularly now since Stephens that's

20   been a practice.

21        Q.   Before Stephens would be the OAG, I -- you sort

22   of implicitly said it just there.   Would the OAG ever

23   carry out an investigation on its own initiative without

24   the involvement of the relevant county prosecutor?

25        A.   Well, I understand 273.001 to be deferring to

1   the referral process for an investigation Subsection a

2   covers the method that two or more registered voters per

3   territory can present affidavits alleging violations to

4   either the county or district attorney or us.

5   Subsection b covers an officers own initiative should he

6   learn of an election offense under some different

7   circumstances.  Subsection d covers our most common and

8   preferred method which is referral from the Secretary of

9   State under Section 31.006.  We've always relied on them

10  to sort of perform that in take process for us and so

11  that's -- that is our preferred method and if I didn't

12  answer a portion of your question, please feel free to

13  repeat that.

14       Q.  No, I think you -- you answered me.  Before

15  Stephens, had the OAG ever carried out an investigation

16  despite the relative county prosecutor opposing the

17  investigation?

18       A.  I -- I don't have any recollection of a county

19  prosecutor opposing a prosecution.

17          Q.  (BY MR. DOLLING)   I suppose an example might be

18     after obtaining a warrant, law enforcement officers go

19     to a location and collect evidence on the basis of that.

20          A.  We wouldn't consider executing a search warrant

21     to obtain evidence or an arrest warrant for that matter

22     to be a raid.

23          Q.  Okay.  But has the OAG utilized that sort of

24     procedure in investigations?

25          A.  If we've -- yes, if we executed a search

1   warrant or if we have obtained a search warrant, we do

2   that with the intention of executing the search warrant

3   whether that's for data or whether that's to collect

4   evidence.

5          Q.   Have OAG investigators interviewed witnesses in

6   carrying out investigations?

7          A.   Of course.

8          Q.   Have OAG investigators interviewed suspects in

9   carry out investigations?

10         A.   Yes, to the extent that those suspects are

11   willing to talk which --

12         Q.   Understood.   Okay.   So can we now go back to

13   Exhibit 5 and turn to 273.002.

14         A.   Sure.

15         Q.   And for some reason it starts subsections with

16   numbers instead of letters this time, but if we look at

17   Section 273.0021 it says, reading the -- the preliminary

18   language.   For an election in which the attorney general

19   is conducting an investigation the attorney general may

20   direct the county or district attorneys serving a county

21   in the territory covered by the election to conduct or

22   assist the attorney general in conducting the

23   investigation; is that correct?

24         A.   Yes, sir.

25         Q.   Has the OAG ever used this authority to direct

14       Q.  (BY MR. DOLLING)   Could you put a number on how

15  often that happens?

16       A.  Almost never.

17       Q.  Okay.  And when it has happened, have the

18  county attorneys complied or have you had resistance?

19               MR. HUDSON:  Objection; form.

20  Argumentative.

21       A.  I don't recall ever having resistance because

22  probably the way that we approach it with a soft touch.

23       Q.  (BY MR. DOLLING)   I think you've already

24  answered this, but I just want to be sure.  Has the OAG

25  ever used the authority in 273.0021 to direct a county

1  prosecutor to assist the OAG in conducting an

2  investigation?

3      A.   My answer would be the same.

4      Q.   Soft touch, but not directing?

5      A.   Correct and I'll also refer back to a previous

6  answer that I gave.  District attorney's offices have

7  very limited ability and resources in the investigation

8  department.  So that's another reason that this section

9  has not been frequently used.

1    for investigations of general crimes under other law.

2         Q.   Okay.  And we talked about this earlier, but I

3    just like to, you know, clarify.  The majority of

4    investigations are carried out in -- to some degree with

5    cooperation from the county prosecutor; is that correct?

6         A.   Could you repeat the first part of your

7    question?

8         Q.   The -- would you say that the majority of

9    investigations into election code offenses are carried

10   out with the cooperation of a county prosecutor?

11        A.   I think to some degree that's probably true and

12   just to present a case to a grand jury requires the

13   permission of a local prosecutor to get time before his

14   grand jury and present that case and actually the grand

15   jury doesn't belong to the prosecutor, but access to the

16   grand jury is for practical purposes controlled by that

17   District Attorney's Office.  So the grand jury is its

18   own entity that's appointed by a district judge, but

19   yes, in answer to your question I would say that we

20   generally have some form of cooperation in every case

21   that we prosecute from the local prosecutor's office.

22        Q.   And similar series of question from before.

23   When carrying out these sort of joint investigations, do

24   the OAG and county prosecutors utilize warrants during

25   that process of investigation?

1    general may appear before a grand jury in connection

2    with an offense the attorney general is authorized to

3    prosecute under Subsection a.   Subsection d -- c, the

4    authority to prosecute prescribed by the subchapter does

5    not affect the authority to arrive from other law to

6    prosecute the same offenses.   Did I read that correctly?

7        A.   I believe you did, sir.

8        Q.   I don't want to ask too many redundant

9    questions.   So just give me a moment here.

10       A.   No problem.

11      Q.  (BY MR. DOLLING)  Okay.  I'm gonna hand you

12  what I'm marking as, I think, are we on 7?  And this is

13  Texas government code Section 402.028 entitled

14  assistance to prosecuting attorneys; is that correct?

15                  (Exhibit No. 7 marked.)

16      A.  Yes, sir.

17      Q.  (BY MR. DOLLING)  So I'm just gonna read it out

18  quickly.  Subsection a says, at the request of a

19  district attorney, criminal district attorney, or county

20  attorney, the attorney general may provide assistance in

21  the prosecution of all manner of criminal cases,

22  including participation by an assistant attorney

23  general, as an assistant prosecutor when so appointed by

24  the district attorney, criminal district attorney, or

25  county attorney.  Subsection b, a district attorney,

1  criminal district attorney, or county attorney, may

2  appoint and deputize an assistant attorney general, as

3  assistant prosecutor to provide assistance in the

4  prosecution of criminal cases including the performance

5  of any duty imposed by law on the district attorney,

6  criminal district attorney, or county attorney.

7  Subsection c, nothing in this section shall prohibit an

8  assistant attorney general from appointment as attorney

9  pro tem under the provisions of article 2.07 code of

10  criminal procedures; is that correct?

11       A.  Yes, sir.

12       Q.  And so --

13            MR. HUDSON:  I might just put out on the

14  record for you.  I think the court reporter's losing her

15  mind a little bit trying to keep up with you.

16       Q.  (BY MR. DOLLING)  I can slow down.

17            MR. HUDSON:  Yeah, I'm not trying to step

18  on you, she's having some problems.

19       Q.  (BY MR. DOLLING) Just want to try to get

20  through as quickly as possible.  I will slow down in the

21  future.  I apologize.  So Subsection c is what we were

22  just talking about, the attorney pro tem.

23       A.  Yes, sir.

24       Q.  (BY MR. DOLLING) I'd like to talk about

25  Subsection a and b.  Does the OAG interpret the Texas

15          Q.  (BY MR. DOLLING)  Has the office of the

16  attorney general, after Stephens been appointed to

17  prosecute an election code related offense under

18  Subsection a or b as opposed to c which is what we were

19  talking about earlier the pro tem provision?

20          A.  I don't know that we have any such agreements

21  on the public record.  And without giving the impression

22  that there aren't any agreements to proceed corporately

23  in cases, I want to remain consistent and stick with

24  what is publicly available and I don't believe that we

25  have any filed deputization's on the record in any of

1    assistant attorney general as an assistant prosecutor.

2         Q.  And we sort of covered this before, but has --

3    are any assistant attorney general's currently appointed

4    under Subsection A or B to assist in the prosecution of

5    a pending prosecution by a county prosecutor?

6         A.  I don't believe we have deputization on file.

7    I believe that the situations where we have been

8    formally appointed have been under a code of criminal

9    procedure Article 2.07 as district attorney pro tem.

```
22        Q.  (BY MR. DOLLING)   Thank you.   That was my next
23   question.
24        A.   I knew it was.
25        Q.   So if we could turn back to Exhibit No.  5
```

1   have been the same circumstances I described before as

2   it would have been a soft touch.  It would have been a

3   request that we would not have pushed without agreement

4   of the district attorney.  And at most it would have

5   been a reference to a code section, but never a

6   mandatory directive.

7        Q.  Okay.  And so I guess that means that the OAG

8   has never utilized this provision against a county

9   prosecutor's wishes?

10       A.  Exactly.  Not -- not used it per se, but it

11  could have been referenced with regards to a request.

12       Q.  Okay.

13       A.  It was not, you know, a directive or mandatory

14  in nature.

1   past and as I previously testified here and before the

2   legislature is we always used a soft touch and a

3   cooperative approach with local prosecutors.  We'd never

4   desired to step on a local prosecutor's toes or tried to

5   force them to do anything or be involved in anything

6   that they didn't want to be.

7        Q.  (BY MR. DOLLING)  Okay.  Thank you.  So handing

8   you what I've marked as Exhibit 8, which is a copy of

9   SB1 enrolled.  Just confirm that for me.

10              (Exhibit No. 8 marked.)

11       A.  Yes, sir.

12              MR. HUDSON:  In the interest of short

13  circuiting out objections on the document itself as he's

14  asking questions.  Can you verify where you got it from

15  and the reason I ask that is, is there's an actual

16  signed copy on the Secretary of States website.  I don't

17  know if this is the final enrolled copy or not.  Is

18  there any chance I can get you to clarify that?

19       Q.  (BY MR. DOLLING)  I cannot remember exactly

20  what the website is called, but it's the legislative

21  look up that's provided by the state on the capital

22  website or whatever it is.

23              MR. HUDSON:  Thank you.

24       Q.  (BY MR. DOLLING)  So, Mr. White, do you

25  understand that when text is struck through it means

```
 1    as it exists now after the additions and removals.  If
 2    the registrar determines that a person who is not
 3    eligible to vote registered to vote or voted in an
 4    election, the registrar shall within 72 hours not
 5    including weekends after making the determination
 6    execute and deliver to the attorney general, the
 7    Secretary of State, and the county or district attorney
 8    having jurisdiction in the territory covered by the
 9    election and affidavit stating the relevant facts; is
10    that correct?
11         A.  Yes.
12         Q.  Thank you.  So would you agree that SB1 Section
13    2.04 added the requirement of a 72 hour turnaround on
14    the affidavit described in this section?
15         A.  Yes, sir.
16         Q.  And does the OAG agree that it added the
17    requirement that the registered -- registrar deliver
18    that affidavit to the OAG?
19         A.  That is what the statute says.  Yes, sir.
20         Q.  And the requirement that the registrar deliver
21    that affidavit to the Secretary of State?
22         A.  That is what the statute says, yes.
23         Q.  What does the OAG interpret as the purpose of
24    these new requirements in the law?
25              MR. HUDSON:  Objection; form.  To the
```

25        Q.  (BY MR. DOLLING)   Has the OAG Initiated any

1   amendment?

2         A.  I believe so.  Yes.

19        Q.  (BY MR. DOLLING)  Prior -- under the prior

20   version of Section 31.006 when you receive referral --

21   when you would receive referrals from the Secretary of

22   State, were they -- was there like a formal complaint

23   document like a formal complaint form?

24        A.  Yes.  The Secretary of State has a formal

25   complaint form that's filled out by the complainant.

1      A.   Yes.

2      Q.   And then it says the Secretary shall deliver to

3  the attorney general all pertinent documents and

4  information in the Secretary's possession and it adds

5  the words and information there; is that correct?

6      A.   Yes.

7      Q.   Okay.   Thank you.   And so after the effective

8   date of SB1, have the referrals that you have received

9   from the SOS differed in any material way from the type,

10   I guess the format and type of information that you

11   received pre SB1 and post SB1, are there any material

12   differences?

13      A.   None that I'm aware of.

14      Q.   Thank you.   Okay.   Can we turn to SB1,

15   Section 5.15 which should be on Page 48?   Right in the

16   middle.

17      A.   Yes, sir.

18      Q.   So I'm just going to read -- let me start by

19   saying Section 5.15 amended Section 87.0431B of the

20   election code; is that correct?

21      A.   Yes, sir.

23        Q.   (BY MR. DOLLING)   How often would the OAG
24   receive notices under election code 87.0431b prior to
25   the effective date of SB1?

20      Q.  (BY MR. DOLLING)   Assuming that county

21 prosecutors would comply with these requirements, would

22 you expect to receive more notices under this amendment

23 than previous?

24      A.  Adding additional category, I think logically

25 you could, you know, just on the basis of there being an

1    additional category you might logically expect that

2    there could be more referrals or not referrals, but

3    notices.

4          Q.  Has the OAG received any notices pursuant to

5    this new Subsection after the effective date of SB1?

6          A.  I'm not sure that we have.

7          Q.  Okay.  And so I guess you are unaware of any

8    investigations opened as a result of a notice under this

9    new Subsection?

10         A.  That's correct.

11         Q.  Same for prosecutions?

12         A.  Yes.

13         Q.  Okay.  Thank you.  And can we turn to SB1

14   Section 6.01 which is on Page 50, I think down at the

15   bottom.  So Section 6.01 of SB1 amended Section 64.009

16   of the election code by adding or amending Subsection B

17   and adding Subsections E, F, F1, G, and H.  Is that

18   correct?

19         A.  Yes.

20         Q.  And so I'd like to read Subsection F, which was

21   added by SB1 Section 6.01, and it reads, a person who

22   simultaneously assists 7 or more voters voting under

23   this section by providing the voters with transportation

24   to the polling place must complete and sign a form

25   provided by an election officer that contains the

24      Q.  (BY MR. DOLLING)  What sort of criminal

25  activity in a -- in an elect -- in connection with an

1          A.  Yes, sir.

2          Q.  And it has -- at the end of it, it says hash

3     tag SB1; is that correct?

4          A.  Yes, sir.

5          Q.  And November 5th 2021 was after the passage of

6     SB1; is that correct?

7          A.  That is correct.

8          Q.  Does the statement that election integrity is

9     my number one priority reflect the policy of the OAG?

10              MR. HUDSON:  Same objections.

11         A.  I can't answer that.

12         Q.  (BY MR. DOLLING)  Okay.  Do Attorney General

13    Paxton's tweets have any impact on the operations of the

14    Election Integrity Division?

15         A.  What I can tell you is that this is my first

16    time to read these tweets.

17         Q.  Okay.  Do you know if anyone else in the

18    Election Integrity Division has read these tweets or is

19    aware of Attorney General Ken Paxton's statements?

20              MR. HUDSON:  Objection; form.  Foundation.

21    Objection; form.  Speculation.

22         A.  I don't know.

23         Q.  (BY MR. DOLLING)  Okay.  Has Attorney General

24    Ken Paxton ever put pressure on the Election Integrity

25    Division to investigate more cases?

1    instruction.

2         A.   Follow the advice.

3         Q.   (BY MR. DOLLING)  Thank you.  Okay.  So if we

4    could just go back to the SB1 enrolled which is

5    Exhibit 8 and if we could just turn to Page 52.

6              MR. HUDSON:  Just one thing before we go on

7    any further.  So two things; one, I've got somebody

8    waiting for Topic 8.  To the extent of the Topic 8

9    questions or are there more things coming?

10             MR. DOLLING:  We could --

11             MR. HUDSON:  And I'm only asking because I

12   got somebody waiting and so if you guys are gonna --

13             MS. OLSON:  We can do it now.  How long do

14   you think?

15             MR. DOLLING:  I think it would just be a

16   few minutes really.  If we could call that person in for

17   Topic 8 questions about the tweets --

18             MR. HUDSON:  We don't have to do it right

19   this second.  I just want to know if I can release him.

20   Yeah, I'm not trying to get in the way of your

21   deposition, I'm just trying to -- if you guys gonna do

22   the stuff with Jonathan then I'll let my other person go

23   'cause they're gonna be -- I hadn't planned to present

24   them toward the end, whenever you wrap with Jonathan.

25             MR. DOLLING:  We'll just finish with

1  our investigative team that's team oriented.

24        Q.  (BY MR. DOLLING)   Given the size of the
25  Election Integrity Division, would you say it's accurate

1  to say that you are aware of all ongoing investigations

2  and prosecutions?

3       A.  I'm generally aware of most investigations and

4  certainly as those investigations develop and they

5  encounter factual and legal issues, I've become more

6  informed of.  So somewhere along the line I've become

7  aware of most investigations.  Certainly all

8  investigations that lead to prosecutions and I'm at

9  least generally aware of all prosecutions.

10      Q.  So would it be accurate to say that you are not

11 involved in all investigations, but you are involved in

12 all prosecutions?

13      A.  That's probably fair to say.  I generally get

14 involved from a standpoint of advice, legal analysis,

15 factual analysis, on investigations that reach a certain

16 point, but I think that's a pretty fair assessment.

17      Q.  Are policies or practices ever set for the

18 Election Integrity Division without your input?

19              MR. HUDSON:  Same objection, same

20 instructions.

21      A.  I think I'll have to follow advice of counsel

22 on that.

23      Q.  (BY MR. DOLLING)  Okay.  Now, if we can turn

24 back to Exhibit 8, which is SB1 enrolled please.

25      A.  Yes, sir.

1          Q.   And if we could go to Page 52 which should have

2     Section 6.04 on it.   So I'm just going to --

3     Section 6.04 amends election codes, Section 64.034; is

4     that correct?

5          A.   Yes, sir.

12      Q.   Okay.   In that case, would you agree that the
13 language that was added and removed changed the oath?
14      A.   It did with the addition of language and the
15 subtraction of other language.

13          Q.   (BY MR. DOLLING)   Okay.   Can we turn to Page 54

14     please?   And that should be Section 6.06, starts at the

15     bottom there; is that right?

16          A.   Yes, sir.

17          Q.   And Section 6.06 amends Section 86.0105 of the

18     election code by amending Subsection A, C, and E, and

19     adding Subsection F; is that correct?

20          A.   Yes, sir.

21          Q.   And Subsection A now reads, A person commits an

22     offense if the person; one, compensates or offers to

23     compensate another person for assisting voters as

24     provided by a different section of the code, Section

25     86.010.   And that's all I want to read for now.   And

1   then if we go down to Subsection E, it adds to

2   Subsection E and that reads, for purposes of this

3   section compensation means an economic benefit as

4   defined by Section 38.01 Penal Code.

5        A.  Yes, sir.  I see that.

```
18                    MR. DOLLING:  Okay.  Thank you.  I think at
19   this point if we can maybe take a five minute break?
20                    MR. HUDSON:  Sure.  Off the record.
21                    THE REPORTER:  Off the record at 2:05 p.m.
22                    (Recess.)
23                    THE REPORTER:  On the record at 2:19 p.m.
24        Q.  (BY MR. DOLLING)  Okay.  Thank you for that
25   break.  I just have a few more questions before I pass
```

1 election fraud as an offense is typically a Class A

2 misdemeanor?

3      A.   The base level offense is Class A misdemeanor,

4 yes.

5      Q.   And that was true before SB1 and it's still

6 true after SB1.

7      A.   Correct.

1    an opportunity to review that testimony, but I remember

2    I think remember being asked about that.

3          Q.   (BY MR. DOLLING)   Okay.  Well, just for the

4    record, I'm gonna mark Exhibit No. -- I think we're on

5    10.  This a copy of House Bill 6 that was being -- that

6    was at issue at the time of the testimony that we're

7    talking about April 2021.  And I'm not sure exactly what

8    page it's on so let me see if I can find it.  Somewhere

9    in here  is House Bill 6's proposed changes to 276.01 --

10   here it is, it's on Page 17.

11         A.   Got it.

12         Q.   And so this is Section 5.04 of House Bill

13   No. 6, amended Sections 2 -- 276.013A and B election

14   code and Subsection B was amended to change the language

15   from an offense under this section is a Class A

16   misdemeanor to an offense under this section is a felony

17   of the second-degree.  Do you see that on Page 18?

18                   (Exhibit No. 10 marked.)

19         A.   Yes, that was proposed in this bill and thank

20   you that helps refresh my memory.

21         Q.   (BY MR. DOLLING)   Thank you.  Just to state the

22   question again, at -- at the time that you testified in

23   April 2021, the House had been considering heightening

24   offenses under Election Code 276.013 from Class A

25   misdemeanors to second-degree felonies, is that correct?

1        A.   It would have been the portion of deposition

2    Topic No. 1 that involved investigations, predicated on

3    suspected violation of SB1 sections.

23      Q.  And then you also met, you said with a person
24  named Conrad Swan who had something to do with budget?
25      A.  Yes, ma'am.

1    that a standard that is used when reviewing and a

2    complaint a standard that is used by the Election

3    Integrity Unit to determine whether or not it's going to

4    move forward on an investigation?

5         A.  Not as such that's a very baseline standard.

6    We would have that standard in place because if an

7    offense -- if -- if a complaint does not actually allege

8    a criminal offense then we don't have any business with

9    it.  So it would certainly have to meet that hurdle, but

10   that wouldn't necessarily make it a credible allegation.

24        Q.  (BY MS. OLSON)  And who makes that initial

25   determination within the Election Integrity Unit about

1        Q.   So probable cause is the official legal

2   standard?

3        A.   That is the official legal standard, yes.

```
 1    you're free to do so.  Otherwise, I'll instruct you not
 2    to answer.
 3        Q.  (BY MS. OLSON)  And I'm not asking about any
 4    particular case.  I'm asking about what you do in
 5    practice.
 6        A.  We would look at all legal and factual issues.
 7        Q.  Mr. White, I think you testified that you don't
 8    keep track or don't keep statistics on how many
 9    referrals that come to the Election Integrity Unit
10    results in investigations; is that right?
11        A.  That's correct.
12        Q.  Would there be a way to do that?
13        A.  I think it would be possible to do that going
14    forward.
15        Q.  So, for example,  there -- there's a record
16    kept, I assume of your referrals that come into the
17    office?
18        A.  Criminal Investigations keeps some record of
19    that.
20        Q.  And when you say they keep some record of that,
21    what do you mean?
22        A.  It's not very specific about the allegations.
23        Q.  Do they keep a log of referrals if you know?
24        A.  Something -- something like that.
25        Q.  And when you say something like that, do you
```

1  violation of the election code?

2         A.   They don't have those numbers, no.

 9     Q.  And prosecutors typically like to have

10  documents for a paper trail, correct?

11     A.  Yes and no because documentary cases are a pain

12  to deal with, but yes.

13     Q.  Documents say the same thing every time, right?

14     A.  Theoretically, yeah, I think I agree with what

15  you're saying.

16     Q.  And witnesses might change their testimony from

17  the time they're interviewed to the time they're in the

18  grand jury to the time they testify at trial, correct?

19     A.  Certainly prefer to have a document than have

20  no document.

21     Q.  And so with respect to assistance fraud, what

22  is the and I think this is what you told Mr. Dolling,

23  but please correct me if I'm wrong, which is why I have

24  to reask it, but the mens rea is knowing voter

25  assistance fraud?

1          Q.   (BY MS. OLSON) Does the Election Integrity
2     Division ever handle its own appeals?
3          A.   Normally not.
4          Q.   Who handles appeals from the Election Integrity
5     Division?
6          A.   In individual cases our Criminal Appeals
7     Division will often step in to handle ordinary criminal
8     appeals.  I have personally handled a few appeals, but
9     it's normally something that we hand off to a
10    specialized unit.
11         Q.   Thinking of some responses to some questions

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TEXAS
 2                   SAN ANTONIO DIVISION

 3   LA UNION DEL PUEBLO            )
     ENTERO, et al,                 )
 4                                  )
                    Plaintiffs,     )
 5                                  ) CIVIL ACTION
     VS.                            )
 6                                  ) NO.: 5:21-cv-844-XR
                                    ) (Consolidated Cases)
 7   STATE OF TEXAS, et al,         )
                                    )
 8                   Defendants.    )
                                    )
 9

10              REPORTER'S CERTIFICATION

11        ORAL DEPOSITION OF JONATHAN WHITE

12                   MAY 5, 2022

13

14        I, Miah Parson, CSR, Certified Shorthand Reporter

15   in and for the State of Texas, hereby certify to the

16   following:

17        That the witness, JONATHAN WHITE, was duly sworn by

18   the officer and that the transcript of the oral

19   deposition is a true record of the testimony given by

20   the witness;

21        I further certify that pursuant to FRCP Rule

22   30(f)(1) that the signature of the deponent:

23    _X_ was requested by the deponent or a party before the

24   completion of the deposition and that the signature is

25   to be before any notary public and returned within 30
```

1  days from the date of receipt of the transcript.  If

2  returned, the attached Changes and Signature Page

3  contains any changes and the reasons therefor;

4      ___was not requested by the deponent or a party

5  before the completion of the deposition.

6      I further certify that I am neither counsel for,

7  related to, nor employed by any of the parties or

8  attorneys in this action in which this proceeding was

9  taken, and further that I am not financially or

10  otherwise interested in the outcome of the action.

11      Certified to by me this 23rd day of May, 2022.

12

13

14
                          Miah Parson, CSR No. 11773
15                        Expiration Date:  02/28/2023
                          Firm Registration No. 633
16                        Magna Legal Services
                          16414 San Pedro, Suite 900
17                        San Antonio, Texas 78232
                          Phone 210-697-3400
18                        Fax 210-697-3408

19

20

21

22

23

24

25

**EXHIBIT**

ELECTION CODE

TITLE 16. MISCELLANEOUS PROVISIONS

CHAPTER 273. CRIMINAL INVESTIGATION AND OTHER ENFORCEMENT PROCEEDINGS

SUBCHAPTER A. CRIMINAL INVESTIGATION

Sec. 273.001.  INVESTIGATION OF CRIMINAL CONDUCT.  (a)  If two or more registered voters of the territory covered by an election present affidavits alleging criminal conduct in connection with the election to the county or district attorney having jurisdiction in that territory, the county or district attorney shall investigate the allegations.  If the election covers territory in more than one county, the voters may present the affidavits to the attorney general, and the attorney general shall investigate the allegations.

(b)  A district or county attorney having jurisdiction or the attorney general may conduct an investigation on the officer's own initiative to determine if criminal conduct occurred in connection with an election.

(c)  On receipt of an affidavit under Section 15.028, the county or district attorney having jurisdiction and, if applicable, the attorney general shall investigate the matter.

(d)  On referral of a complaint from the secretary of state under Section 31.006, the attorney general may investigate the allegations.

(e)  Not later than the 30th day after the date on which a county or district attorney begins an investigation under this section, the county or district attorney shall deliver notice of the investigation to the secretary of state.  The notice must include a statement that a criminal investigation is being conducted and the date on which the election that is the subject of the investigation was held.  The secretary of state may disclose information relating to a criminal investigation received under this subsection only if the county or district attorney has disclosed the information or would be required by law to disclose the information.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.  Amended by Acts 1993, 73rd Leg., ch. 728, Sec. 78, eff. Sept. 1, 1993; Acts 1993, 73rd Leg., ch. 916, Sec. 26, eff. Sept. 1, 1993; Acts 2003, 78th Leg., ch. 1290, Sec. 1, eff. Sept. 1, 2003.


Sec. 273.002.  LOCAL ASSISTANCE TO ATTORNEY GENERAL.  For an election in which the attorney general is conducting an investigation, the attorney general may:

(1)  direct the county or district attorney serving a county in the territory covered by the election to conduct or assist the attorney general in conducting the investigation; or

(2)  direct the Department of Public Safety to assist in conducting the investigation.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.


Sec. 273.003.  IMPOUNDING ELECTION RECORDS.  (a)  In the investigation of an election, a county or district attorney or the attorney general may have impounded for the investigation the election returns, voted ballots, signature roster, and other election records.

(b)  To have election records impounded, the investigating officer must apply to a district court for an order placing the election records in the court's custody for examination by the officer.

(c)  The application for impoundment must be filed with the district court of the county in which the election was held or an adjoining county. An application for records of a statewide election may be filed in the county in which the election was held, an adjoining county, or Travis County.

(d)  On the filing of an application, the district judge shall issue an order impounding the records in a secure place under the terms and conditions the judge considers necessary to keep them under the judge's custody and control during the examination and for any additional time the judge directs.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.  Amended by Acts 1997, 75th Leg., ch. 864, Sec. 254, eff. Sept. 1, 1997.


Sec. 273.004.  EXAMINATION OF IMPOUNDED RECORDS.  (a)  The examination of impounded election records shall be conducted in the same manner as a court of inquiry.

     (b)  Impounded election records must be examined in the presence of the district judge ordering the
impoundment  or a grand jury, as provided by the judge's order.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.


                            SUBCHAPTER B. PROSECUTION BY ATTORNEY GENERAL

     Sec. 273.021.  PROSECUTION BY ATTORNEY GENERAL AUTHORIZED.  (a)  The attorney general may prosecute a
criminal offense prescribed by the election laws of this state.

     (b)  The attorney general may appear before a grand jury in connection with an offense the attorney
general is authorized to prosecute under Subsection (a).

     (c)  The authority to prosecute prescribed by this subchapter does not affect the authority derived
from other law to prosecute the same offenses.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.  Amended by Acts 1993, 73rd Leg., ch. 728, Sec.
79, eff. Sept. 1, 1993;  Acts 1997, 75th Leg., ch. 864, Sec. 255, eff. Sept. 1, 1997.

     Sec. 273.022.  COOPERATION WITH LOCAL PROSECUTOR.  The attorney general may direct the county or
district attorney serving the county in which the offense is to be prosecuted to prosecute an offense that
the attorney general is authorized to prosecute under Section 273.021 or to assist the attorney general in
the prosecution.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

     Sec. 273.023.  SUBPOENA.  (a)  A subpoena or subpoena duces tecum issued in connection with a
prosecution under this subchapter is effective if served anywhere in this state.

     (b)  A witness may not be punished for failure to comply with a subpoena issued under this subchapter
unless the proper fees are tendered to the witness as required by statute or court rule.

     (c)  The attorney general may direct the Department of Public Safety to serve a subpoena under this
subchapter.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

     Sec. 273.024.  VENUE.  An offense under this subchapter may be prosecuted in the county in which the
offense was committed or an adjoining county.  If the offense is committed in connection with a statewide
election, the offense may be prosecuted in the county in which the offense was committed, an adjoining
county, or Travis County.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.


                            SUBCHAPTER C. EXAMINATION OF BALLOTS BY GRAND JURY

     Sec. 273.041.  REQUEST TO EXAMINE BALLOTS.  In the investigation of criminal conduct in connection with
an election, a grand jury, on finding probable cause to believe an offense was committed, may request a
district judge of the county served by the grand jury to order an examination of the voted ballots in the
election.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.  Amended by Acts 1997, 75th Leg., ch. 1078, sec.
22, eff. Sept. 1, 1997;  Acts 2003, 78th Leg., ch. 1315, Sec. 56, eff. Jan. 1, 2004.

     Sec. 273.042.  ORDER BY DISTRICT JUDGE.  On request of a grand jury for an examination of voted
ballots, a district judge may order the custodian of the ballots and the custodian of the keys to the ballot
boxes to deliver the ballot boxes and the keys to the grand jury.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.  Amended by Acts 1997, 75th Leg., ch. 1078, Sec.
22, eff. Sept. 1, 1997;  Acts 2003, 78th Leg., ch. 1315, Sec. 56, eff. Jan. 1, 2004.

     Sec. 273.043.  CONDUCT OF EXAMINATION.  The examination of ballots under this subchapter shall be
conducted in secret before the grand jury.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.  Amended by Acts 1997, 75th Leg., ch. 1078, Sec. 22, eff. Sept. 1, 1997;  Acts 2003, 78th Leg., ch. 1315, Sec. 56, eff. Jan. 1, 2004.

### SUBCHAPTER D. MANDAMUS BY APPELLATE COURT

Sec. 273.061.  JURISDICTION.  (a)  The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer.

(b)  The court of criminal appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the provision, sequestration, transfer, or impoundment of evidence in or records relating to a criminal investigation conducted under this code or conducted in connection with the conduct of an election or political party convention.  If a writ of mandamus is issued under this subsection, it shall include an order requiring the provision, sequestration, transfer, or impoundment of the evidence or record.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.
Amended by:
Acts 2021, 87th Leg., 2nd C.S., Ch. 1 (S.B. 11, Sec. 8.04, eff. December 2, 2021.

Sec. 273.062.  PROCEEDING TO OBTAIN WRIT.  A proceeding to obtain a writ of mandamus under this subchapter shall be conducted in accordance with the rules pertaining to original proceedings of the court in which the petition is filed.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

Sec. 273.063.  VENUE IN COURT OF APPEALS.  (a)  A petition to a court of appeals for a writ of mandamus under this subchapter must be filed with the court specified by this section.

(b)  A petition pertaining to an election must be filed with the court of the court of appeals district in which:

(1)  the respondent resides, or in which one of them resides if there is more than one respondent, if the election is statewide;  or

(2)  the territory covered by the election is wholly or partly situated, if the election is not statewide.

(c)  A petition pertaining to a political party convention must be filed with the court of the court of appeals district in which:

(1)  the respondent resides, or in which one of them resides if there is more than one respondent, for a state convention;

(2)  the territory represented by the convention delegates is wholly or partly situated, for a district convention;  or

(3)  the precinct or county is situated, for a precinct or county convention.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.  Amended by Acts 1987, 70th Leg., ch. 54, Sec. 15(c), eff. Sept. 1, 1987.

### SUBCHAPTER E. INJUNCTION

Sec. 273.081.  INJUNCTION.  A person who is being harmed or is in danger of being harmed by a violation or threatened violation of this code is entitled to appropriate injunctive relief to prevent the violation from continuing or occurring.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

Office of the Attorney General of Texas
Election Fraud Violations

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Hardeman | Jchnny Wayne | | | 013449 | 6 counts possession of official ballot or carrier | 6 | 11/04/05 | EC 86.006 | envelope of another. |
| | Akers | | | | envelope of another | | | | fine |
| Nueces | v inib R.emos: | 200 School D<stnct | 05"CR-l!806-4 | | 4 COT'nns  p(:f.5cSSl0Q  &.a offit.iaf bal or carrf ff ........,elope of an.other | | IH/22/06 | ECU.006 | 1 year pra~tlia div ion, 1.2 months comm.unity supe !Ort |
| | | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud ** | 2005 School District Election | 05-CR-9805-4 | 1 count possessing an official ballot or carrier envelope of another | | 03/22/06 | EC 86.006 | 1 year pre-trial d1verslon, 12 months community supervision |
| | | Method of returning marked ballot, unlawful assistance, | | | | | | | |
| | | Vote.tuo,;vesting, Mal# . *<ldfM.ss1stance  raud - Me.mod of  returning manked t>stpt.,  tawft!d ais,/.stan<dl!'t | 200, 5cltool CllS'!hc.t Elc!<c!;on | as-CR-9800-3 | 2  coiunts possas:5".f'CJ.•" officiet  ballot ar carric,.i en'tletope ot another | | f=/?2106 | I:C.86.006 | Pied m>lo  tend to2cotm.ts. at pc,t5So5Sloq an  offclalbalidt  or co,rt.er .....el<>ge o! ao0!he<.  1  !'Ml c1trit1r.d adjlidKation, SSOO f1.r.le, 1.2 moi,,hs IT11'l'11'l'liiv '''-isioo |
| | | Vote Harvesting/Mai\ Ba ot Fraud/Assistance Fraud - Method of returning marked ballot, untawful assistance, | 2005 School Distnct ElectKJn | 05-CR-9807-1 | 1 count illegally possessing an off1c1al earner envelope of another | | 05/04/06 | EC 86.006 | Pied guilty to 1 count of illegally possesino an official carrier envelope of another.  1 year deferred adjudication, $500 fme, 12 months community supervision |
| | | ct• Ha-nrasting:/MaU  IIM F1"aod - Mathadi  roo.rr.q'mo mark.ed  ot.. | 2004 Primary Baction | 25,1S5 | 4couots posses.sior, o  11s <>lltoal ballo.1.e,. !>!!idal urri_.  .nv.io ot•nott.r | 4 | 1,6121/1¼ | EC86.006 | found suilt)t i.y jury of 4 couim af possessiQrI of aniof!te.at ballot or othoa.f ca :rr  e.n.v6l.ope. of an-e:r.th4u'.  1.0 days Jail / Prob.aced foe 6 months |
| | | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud - lawfully  obstructing  watcher, unlawfully  witnessing pication for more than one appticatioin, unlawful ssistance, security of ballots, ballot boxes and envelopes | 2004 Primary Election | 06M1309-CCL | 7 counts possessing an officiral ballot or carrier envelope of another | | 07/17/06 | EC 86.006 | Pied ou1fty to possesSJon of an off1aal ballot or official carrier envelope of another. 8 months deferred adjudication, $200 fine  Original indictment dismissed. |
| | | \!ote  Ha  /14a!! Elali<lt ft 1,,1d/Ass.Jmnc& 'fraud nlawfjullty obitrracting watcher. unlawl-ully witnesling. P,iic:abcm  far mortt then. one 1ppl!c:atfen...ut1Iawrt.i• staa!IGai, is  tv obfullrJl.ts. baHot. box-es a"(j en....,alopG | 2004: Primary  Bect:1t.1n. | 06M0302-CCL | III<br>I.  r;:nxnts  Pos-nsss-eng  i111 offict&J ballot  ..  Ci!tne, en-:,fcpe. of aAOther | | 0?17/0f, | EG86.006 | 6 month• deferred adjudicatio", f2.0O  .. |
| | | lawfully obstrl.Jcttng watcher, unlawfully witnessing plication for more than one appJication, unlawful sistance, security of ballots, ballot boxes- and  envelopes | 2004 Primary Election | 06M0301-CCL | 7 counts possessing an official ballot or eamer envelope of another | | 07/17/06 | EC 86.006 | 6 months pre-trial diversion |
| | | Vat warvesflIlg/Maij !!allot | | | 2 roa11tS iIleg•l voting-(<11) | | | | |
| | | lucl'Astlstan<:ro fn,<Kil!ttegal | 2006 Prima!)' Ele<tJ<>n | 06-ffi-2J66-!l | marfctmg: a bilk>t wlt-Plout | 2 | 00/04Jr16 | EC64.012' | fled guilty to 2 ,counts H at tlONl.g:. 2 )ole-ar,, |
| | | /ot,no,  Ul!lawft._!Z!1UisI&rc:e, uul1v!Wfy inllU<lndFlg &>W | | | voter's cMS"nt | | | | _,. «i•<ll prnliation, $750 ft • |
| | | | 2004 Primary Election | 25,186 | S counts illegally possessing ballots for | | 08/28/06 | EC 86.006 | 6 months pre-trial diversion |

Information as of
4/20/2022

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | 3 <Ounts li.g..l wo(1r.g-(j) m1itlig1bte voter non•dtiz.•n. l c:.ounr unlav,,l1.Jl USISt:anc.•. 11 Cl>Untsl | | | | |
| C&fi01..-n | . a,_ ll,kenG | 11 •l..,,""-l, froudulEut r at io _ , and vote harvesd,.iiQ:lnoR bolldt fr&'JiL: | 2016, Prim r.!E:lecdon | -•6465, 2006-8-&466-, 2006-8-6467. 2006-8-6 11. 2606·8'6469 | passessirig an.otfio•l baJlot or carriet envelo.J>e, of Inothe.r_.6 counts tlmr>erlnltwith a go<weem.f.!'loV6l.1record 6 counts fhlse st11timet1i OS\ • reQ!>t.ration aP04ca!lon 4 count> illeQaI voting, 3 | 27 | 6,125/0T | EC64 0'12/ PC )7.LO | Jur{serdtaalQ!!rilr,.on 2 ""nts.Ill<1QaI aa no, l c o u t. prep m n g with I qo•w<rneft record. 5 Pied guilty to tampening with government record. |
| Refugio | Raymond Villarreal | Illegal Voting, Tempering | 2006 Pnmllry Election | 2007-2-4609, 2007-2-4810 | count tam nno with govemmental racord | | | | 2 years TDCJ suspended for 5 years community sup_erv_is_io_n, \$1,500 fine, 90 days Jail, \$2,090 |
| SO.rrt Brook:; | Noelia lope | Jllegof \01111\(1 | 2006 G•neral El41Cbon | 07-07-09767 CR | l caont ifl.ri,.l voting | | | | 0,sm'd |
| | M,irt urn.Reid | Foroery. Uim no with a aenec-o.....,..nt cioc.•,-..-m | 2006 Speo•l Election | 89,288 | Possession of forced instrument | | | | 1 ,.,a:rr•-tna.l divVSSOn. \$300 donatik>tt |
| SQrr/Bmolcs | JOMR&neGclmtlt | Illegal 110dnil | 2006 Gener•! Section | 07-05-09743 CR | t ount i11-I >/Otino~(2) 1/0Dng more than once | | | | Pied guilty to ihoo• vonng. 2 Y•• ...,,,,eel ed,iudication, \$3.00 fi,,,,, 2 yM/'5- commu ity |
| Starr/ Brooks | Oscar Luis Rios | Vote Harvesting/Mail Ballot Fraud | 2006 Primary Election | 07-05-09741 CR | 12 counts possessing a ballot without the voter's consent | | | | Pied guilty u1 12 counts possessing a Dallot without the voter's consent. 2 years deferred adjudication, \$300 fine, 2 years community |
| Poet# | HI'Cha C. Shumate | UNa ly accepting cam icin dc>Nlions. t,h>e,y | 2008 Prima.., l"lection | 56732-8, 56733-8, S6734 e | 1 count unlawfully I!KX1!P!!l!Ocontrihutio.n 1 cou a,ganizad c.11minal actW1ty,l count illegai/h act.;"91lng a,nt..butiO8, | 1 | 06/12/08 | PC 7L02 | .hl-t verdkrofguclty to efiQ!Clfi.Qi11 organized al1:nirial ad't\Vfy. 10 years· conf l ncret6nt, S U S S for 8 v-zir commuttty wpervfSS0n with 180 days Jail u • condition, f5,000 fo• |
| Duval/ Brooks | Lydia Molina | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud, urlw,l,,t•t_u,n_g a nd s drg·d | 2006 Primary Ei&ction | 08-01-09864, 11479 | 6 counts possesS1on of official ballot or carrier envelope of another | 8 | 10/02/08 | EC 86.006 | P4ed gwlty to possession of official ballot or carrier envelope of another. 1 year deferred adjudication, \$300 fine, 12 months community |
| Ouva/( 8tool<s | Mori. Soiono | Vote llarvesmr,o/M.11 Ballot ...,ud/AS\$.1Stanc:a Fraud, unlswtll hay in g akl de afL,1!o! | 2oo6 Prlinsr)l a..dlon | 08•0l-((I86'.3, 11480 | 6 counts PQ55Mslon or oflic I ballot of aq64r •n 1ope of another | 6 | 10/02108 | EC116.0K | P!l!d" cutf mpossession of ofttc.ta Dan• or Qlller anve'ope of another. I def.,.,.4td adjudication, \$JOO fine, 12 <l!onths comm,,,,ty |
| Duval/ Brooks | Ei"A Gutlemu lam | Urt!.awful assistanc•- unlawful buying and S4illiOQ of 1 •110 materials | 2006 Pnmary Election | 08-0t-09&&S, 11482 | 3 counts. possession of officiai ballot or eamer fifwelope or another | 1 | rn/02;os | ECS&.006 | Pl.ed i)ullty to poss;es;sion of umc.!al banot or carrier envelope of another. 1 vu ckfferr•i adjud1eat1on, \$300 Hne, 12 months.community |
| owa1/ Brook• | l-ia-cla Alel,a Trig<, | Vote H•!)estfnO/ Ballot fraud/.Ass .ance fraud, unlawfl ll buying and _ n11of | 2IIEI6 Prfimar,I Elect10• | 0a-Oi-ll<JS66, 1148L | 2 c!lu<irs pos...... ian oi offida.l ballot or ani.•r i!tt'l'H4bpe of another | 2' | 10/02/0ll | EC 86.006 | Pl gullty to possesnon O1offidiall>allot or carrle, :env•k.pa fo•r another. 1 year d-af...,ecf adfu,tlc.ation·, \$300 Am0, 12 ,I f onth• communty |
| Gohact | Jami Parkmson B1lhngs | Unlewfully drvulged voting results prior to the dos.ng of polls | 2008 Municipal Election | 08-8-8%7 CR | 1 count unlawfully revealing information before polls close | 1 | 11/12/08 | EC &l.007 | Pied nolo contender to 1 count unlawru1ly revealing 1nformat1on before polrs close. 2 years deferred adjudication, \$3,000 fine, 2 years |
| Sta,r(Brool<s | G\mla/;,pa !lios | Vote HarvestviQ/Mo I Ballot fn,uo | 2006 Municipal Eledloo | 08-08-0994\$ CR | 11 counts possessing a ballot: wit.hoc"'·thit vot.~'\$ consent | 11 | OI/16/09 | fC86.006 | Pied gddty to 11 <ounrls posses/no • ballot· wn'.IlOLIt the: voter's oo'1SMft. 2 vears probate<! for 4 vears p,obation,,, \$500 fine, 60 days house clrest |
| Starr/ 6rooks | Oralia Frausto | IlleQ•I vonno/Vote Harvest.ng/Mail Ballot Fraud/Asst\lannao fr ...- Illagat Vow..,, vote | 2006 Primary Election | 07-05-09738 CR | 15" counts of possessing a ballot without the voter's mnicent S counts of possessing a | 15 | 03/26/09 | EC 86.006 | 1 year pre-tnel diversion |
| r,/11<00/ts | Marlo Go,,zollez | _kllr-: stmg/Ma,l Eiadot Fr•"" Mwrep,ese.ntati n. of k'.16t0tty - | 2006 Primary El<:tio1> | 07-05-09742 CR | ballot.•1th.out the voter's M1sreprMe.n tt0ri of | 5 | a3n6109 | EC&& 006 | 1 y&cr prewufll divef\la:n |
| Alra.naas/ | | | | | | | | | Pr'e-trN9, diversion for 1 ..,ear, 60 hdurs ()f |
| Travis· | G'allaher, Toddl | Intent to menupulate. election or voting results | 2008 Primary EUaction, COS9<J9T34 | | Identity | 1 | 05/21/0'./ | E.C. 255.005 | co.mr-THJOity ser ice. mm leted eairtv |
| Hidalgo' | | | | | | | | | |

| Hill | | | | | | | | | |
|------|------|------|------|------|------|---|---|---|---|
| | Pautito N.to | ⚖ Votlng • Faloo | 2:00SMun!dpal fl<d:.on | CR-2& 2-09-f | 1 count of Ufktoal vot,rt:9-(1) ineho1hirt. votef fefoni | 1 | OW29/<>'s | E:.C 64.012 | **PICid**Qullty fbr **5 yurs** IDO, **probIted** fbr 5 **years** of c-omroJJnify s1::1p.rv1St,Qfil, t aa.,-!n ;a, . \$500 fi.ne |
| | Leland Mac Coffman | urvuigea e1ect,on results pnix to the closmg of polls on election day; made false report | 2007 School District and Municipal Election | M0593-09 | 3 counts false report to peace officer | 3 | 10/14/09 | PC 37.08 | Pted guilty to 3 counts of false report to a peace officer. 2 years probabon, \$2000 fine, 90 days in jail, probated |
| | | to peace officer i . bxur divuiging • • | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Harris' | Jad<Cor'ol Cmwder | Illejja'i/oo,,g • ♥○ ▼▼ de<......dvoter | 200S Prlma,v El•oioo | 12.isaui | 1!◇~lm<llf-l ll•lno,()) )OuU,*|'(°n^s;On,nion - | 1 | 10/06,/09 | EC64.B12 | .....,..9..uilty to l munt t\'auru- cJs,tof'ldllnn;<lng ¡¹•,nfo,matli,...  ve r d<terred ad)udkat,on, \$20fl |
| Star,/Btoalc$ | R.aul Revra | (liege V'or1ng - F-4on | 7007 Miumc1pat and Sc......,J Fler1fon | □9-0 ◄99SO CR | 2 | | | | |
| Stan/Brooks | Cynth | 111-iia, VO<Jno - FolM | 2007 M'''ldpat ood Sch-091 Election | 09•04-09881 CR | lnefl:glbla voter ·_,on | | | | 00 |
| Sta,ir/Brooks | Eh!abetth '•4i'rtmeJ. | Ufeof,l VCc:lP'g  Fl11on | 2007Munoc,pal Flect8n | 09-D<l-099812 CR | 1 | | | | |
| P■nolo | □<*  NII<o<> | Otrldel oppr...iOc\; •o(ing | 2006 Speo•I Bod.ion | 2007 •0193 | .-.-r-•i..., | | | | |
| Drmm1t/ LaSalle O,_ | Maria Mendoza Garca | Vote Harvesting/Mail Ballot Fraud | 2006 Primary Elect10n | 08- ll  00052 CRL | p ○  7  cow1:- ko0Wfingl1 | | | | |
| LaSane- | Estela Ctur Saertt | VOi• Ho,-ling/Mail  Ballot Fraud | 2006 Primary fMcttotf | 08•12-00063 CRL | provide false ll"lformatton onan ¸a r P_Oation fbr ar- 4 counts of method of | 7 | 0<1/LS,ILO | ECS ◄0041 | 6 months. pre...trlal dJVarsfon.  \$60  supeKVtslon fee  Pied guilty to unlawful possession of ballot, 12 |
| Jim Wells/ Live Dek | Zaida Cantu Bueno | Vote Harvesting/Mall Ballot Fraud | | | | | | | |
| Jim Wells/ Live Otk | Nor;rMLopez< | Vol Har-,es11AQ/MaI! Ballot Pra"d | | | | | | | |
| Jim Wells/ L.Jve Oak | Cynthia Lopez | Vote Harvesting/Malt Ballot Fraud | | | | | | | |
| H>daf)''" atooks. | P:u;ben l'revin6 G.rc1a | llegki ""'1"11* jluls,,, llrboty. and offloal.m,sa,nd,lct; | 20lle S<hool Ois<rl< EJedlon | o9-Cff.lOU6 ฅ | 1 round iUegal votlno-[1] InehQtbt. YOt8' lolori t count of earner enveloPE | 1 | 06/17/10 | cc:64.0l2 | Pied ocrnw. e.,,.. ,. roo-10 ou-ndecl !bra years camm,,alty SulJOIV'slon, f500 ftn<o |
| | | Vote Harvesting/Mail Ballot | | | | | | | |
| Starr'' | Raul Pene. Jr. | Fraud• Unlawful possessk>n of 56 mail-in ballots by candidate Vota ''''''''tin<Jt'1atl Balklt | 2010 Primary Election | CR-10-371 | action by anoth@r person other than voter | 1 | 06/22/10 | EC 86.0051 | Pied guilty, 6 months community superv1s1on, 180 days in jall (suspended), \$500 fine |
| Slarr/El(ooks | M•r,laoGano | Fraud  ?roviding fraud11.dent r'Ost,atian a  ir  dr to vam | 2006 Pnmarv E1ection | 07-07-097▼  CR | l  cot,nt of 1.1nlawful dekve'ry of a ce,trfkate | 1 | 09/1S/10 | ECll.145 | Jury tr181 fS1:ltUng.In hung )Ur.J, Qsm'd |
| | | | | 09-09-10117 CR | l count ilQgal votlng-[1] ineligible voter felon l  munt of tUnlaww | | 11/10/10 | cc 64.012 | Pied guilty, 2 years TDCJ-lO ••   guut:y-to  ..-:o ,101-. or ll tsailot and UNa)ffru1 |
| Ouval/live Oak | Christ'-qu: Litt,l:en r | va.. ⊢–i–– •!loliot fr•U<VAsslstence. Fraud | 2008 Prlmo,y Becbon | 20080, 20061 | as.sist■nc., 1 couxy ct roefbod af returned '''l·...·ll ·l1... | 2 | 12/11/10 | 1:C6 ◄.036, 86,006 | A8'stMnO!!• a[ld rKeived 1 Y••r deifet-red I N 1 Ju<k8ion, •od pak! • \$1000 fine and mart |
| Duval/live Oak | Andrea Campos Bierstedt | Vote Harvesting/Ma○ Ballot Fraud/Assistance fraud | 2006 Primary  Election | 20082, 20063  20084, 21!1l115, Zll086. | 1 count of unlawful assistance, 1 count or method of returned ··· 1·ь* 1·-lL- 4 counts of unlawful | 2 | 12/14/10 | EC 64.036, 86.006 | Pre-trial diversion 6 months, \$3,500 donation to the county  Pied guilty tCl4 <counts of Pb-lon ol • 8ellot |
| OtIval/Live Oak  Allc@11'P•naP | | V-  Ha,,,,,,titlgi/Ma,I Ballot Fraud As51sunce fnucl | 200& Primary B- 2009 Munldpa\ | 20081, 20088. 2o-,89, 20090, 20091 | as.stS1Bnca, 4 counts ot mett,od of return•! matkadbel l count of/llOQ•I Voting- | | 12/14/LO | E.<: 64.036, 86.006 | and 4 c:ouots. of Unlawful AssI\S14n<:e, and -.J 1 year JaN# probet&d fcx#' l2  monthc, and paad a \$1000 fine a  court costs  Pied guilty, ll'@ClflVed four ,:enrs of  defe,red |
| Smith  Smith | Bexar | O..llH,l Rockwaa  Duval/Jim  Wells | Ronald Marsh  Åttn Ma,fe..Mars,h | Ester Sandoval Martinez-Moreno | d    f,01ilha-n- Reoino  cantu | | | | Salinas |

| Illegal Voting | Electton - Local no• n 2009 | 24I·16S2·11 | (L) 1neJ1oible voter | adJudication, α $1,000 tinc:, and LOO hoors of |
|---|---|---|---|---|
| Il'- I Vot ino | Municipal B¤tio n - !' '~ * Lotal _ | 2:11·16S1•11 | 1 «runt of!llegol Voong- f1) 1ncfl9ht•voter | _____ .inBif ....·-. *li•* M.  r* Plea bugoinln |
| Unlawfully accepting n voter, unlawfully permtttmg the deposit of a ballot, and illegal ~~~~ | 2010 Primary Election | 110820110::L· A  Il-02- | i count of tampering of a 90vernmental record | 2 ◀ l•16112-U  , .guiltYputo dol'd adj; no,;ulltlog in di<mISMl. |
| Illegal Ilo<m1 l • Vote,- Jmper sonatl OOI | 2010 P<!""",Y l:iec·J0IT | 13251-CR | 2  Cp!nn.S  or ¤ rt lileo▪l•  """no- (311/0ter 1mpersonot10r1 flt polhnq    -•- 1 count of rflla(Jal voting- (1) inel1oible voter felon | Pied ouilty to one count of misdeme 3nor Tampenn o, l year probation |
| Illega l Votin g - Felon | 2008 Primary Elact,on | | | ?ted ou11ty  to attampted 1HeiZal votmo for 1m:,ers- 0C'iat1P)Q • vot..., l yur p,obatton. paid $zzl court costs. Pied guilty tor 2 years probation, 90 days i= jail, and_a t2000 fin"' |

Convicted by **a** Jury on 11/tw11,•,...mnc.i to. **2**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| H<sup>es</sup>lilol 6rooh | -AJ'manu | 11._i voting | 2009 School District l.!le<tion | IQ•03·1Cl3-t2-a! | I co<i.ntoff"ll•f•wtrng-(3) voter fmi>e,<sone<,on | I | l:i/OIJ I | f:.C..OU | Y""rs TCDJ, •uspendad for **S voa on** probeNon, 9 0 day,h1C o u rsy.Jef n ll conditie5n of pobotion, |
| Bexa, | Mary Comparin | Voter impersonation (voting for 20 years using the identity of a deceased voter still on voter rolls, while voting herself by mail ballot), benefits fraud (rece1vin SS benefits for herself and a dece.!!ised ind1v1dual) | 2008 General Election | 2011-CR-7939 | 2 counts of illegal votmg - voter impersonation | 2 | | E.C. 64.012 (a) 3 | Statute of limitations tolled by filing of 1nd1ctment on 9/18/11.  Defendant declared incompetent to stand trial  Cause 2011-CR-7939 closed, case left pending. |
| | | | | | | | | ........ **g lty.** I - .............., a<dU<MAti<>n |
| **Bruos** | **shati , Otrisdne ThdtNls** | Unl.twllily 1n11..,\C'19 Vot., | 21111) Generif -A | 11-05590-cRH-C:Cll | I count of Unbowful As.s.tstanCAi | | | 64.0lt. | |
| Oohas/ Rodr.wall | Name R.wnoved | Aggravated perjury ,n connection W1th II al VobnQ | 2010 Primary Election | | 4 counts.of 1ogr1vated perJory | | | | |
| $R_{-}^{***}$<sub>i</sub> li,.<1 | N""""'Removed | IIIegai Voting | 2010 Pft,.,,ry E1ectlon | | 1 count of IllaQanl/001g • j..llnIble votor | | | | |
| DallasJ c,...kwall | Nar;ne emoved | Ifle,oai Vottno | 20HI Pnmary Elec:uon | | 3 COCJ'<i's Of mraoal 10010 • 11lml01ble vo – | | | | |
| Dalla# o......,•l1 | Nam,,R:eno- | DlaQal Voting | WIO Prlma,Y a.aion | | 3 cou.nts of IBegal voting • bt:11"1.J ......, - ...- | | | | |
| Dallas/ Rockwell | Corlos Medreno | IIleoet Voting | 2010 Pnmary Election | 2-II!-418 | 2 counts of illegal votmg - 1nelig1ble voter | | | | |
| **Dallas/ Roc ail** | **RobertEdwa,d Mo<lo-,o** | Jll&gal VotlnQ | 2010 Pnma'll Election | 2-11-420 | 1 counts.at iheosf voc.ag .. ooop<Ating !I!Stlmony at tr l.charges dsm'd | 3 | 02/16/12 | E.C 64.012 | Jn &<twinge for • Wledg"emel'lrof ofhw\se •nd |
| Dallas/ Rockwall | Rolando Medrano | Jlleoal Voting, aggravated perjury | 2010 Primary Election | 2-11-416 | 6 counts of /!lQOravated perjury | 6 | 02/29/12 | P.C. 37 03 | • guilty to two counts of aooravateczperJury, 41 years TDCJ probated for 4 years community supervision, $5,000 fme, $219 court Coust., 45 days in jail as a cond1t1on of probation, work n.,,'-"' n.., |
| 0.11.. , Roclow-aif | RO<Pol.14..dc""i | !ll'egol Vatlt'I}, -n,valoci perju.y | It,10 Primary 81""""'1 | 2-11-1011, 2-11-•l4 | I <w<it orim al •OlIng • i11eli.gb4e -,orf. S c.unts.of .)lln•.,••..............i.- "counts or possessiOA or | 6 | £]2/28/11 | B.C. &4.012. P.C. 37.03 | Dtsm'd upon conv1ctton of defendant1n 2-ll-418 |
| Dallas/ Rockwall | Gilda Hernandez | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud - Inf1uencmg Voter | 2010 Primary Election | 11082011CCL-B | an official ballot or carrier envelope,  3 counts of unlawful assistance (1nfluencing voter), 2 counts failure to provide 1dent1fymg mro while | | 04/05/12 | E.C 86.006, 64.036, 86 010 | Pied gufIty to two counts of Unlawful Assistance, two counts of Possession of a Ballot, and two counts of Failure to Provide Ident1fying Information While Assisting a Voter, and received one year of deferred adjudication and a $250. |
| Hrclalgc/ Btoob | I<>oeOe-Jes:us Qno | Illogol .oting • """"1, bllbw? | 200& School Oislnct Boct!OJ> | 09-1OU5CR | I count Illeilal -Joimg-(I) ,neicgfble VOt1r f./o., | | **14/12** | E.C **64.1)12** | Pied guoi<)l, rece1Ved 10 yeor,, lDCJ, probated for 10 yeers,. $1,000 fill4:, and $313 court cos.rs |
| Henderwn/ Sm.tl\ | Frank A.os.s. | m,ga,Vot<n11 | 2009 Mur.nap.l FlecriM | 241-1683-11 | 1 count of Dlegal Voong- cf.s 1m,ef10"1ble VOIMf | 1 | 06/19/Ll | E.C. **64** 012 | OtSm'd |
| **Hldolgo-** | **Angel** Tn,jillo | III~IVotl""O • Falor, | 2010 Municpal and Scf l o  o  l Dbiirkt ** ** ** | 0!-1914-12•E | 2 counts tIfeo•l voting b',f ineb'Qible votor | **2** | 011/12 | E.C. 64.012 | Pitd 11Utlty to illegof voUng (1 a.), WftItenc1ed tel 3 vealS' TOO#probateid ftrr community-supe,vistQf1 •=+ ,..• |
| Hidalgo' | Baudelia Zapata ojas | u-n1awf,ltf'y r Hng InfOfmatlon bafora me p:otJ5 1.-.. | 2008 MunK1pail Elect1oo | 12-01S29 | Unlawfully R•.....JJ.ng Informot100 before polls closa | | 12/27/12 | EC 61.007 | No S.il |
| **Hidalgo'** | Sy1v,a Slila$ Vela | III-iVoltIIO | 2008 M<I<oidl]tll •I---'-n | 12-03519 | Dl-IVObnQ | | 12/27/12 | E.C. 64.012 | ,,QBIII |
| Hidalgo' | Salvador Vala .; ( | M81m bIl:Hoc v1o1!io111 | 2008 Munkttaal Fr..ty..n | 12-035'28 | Method or returning marked ballot | | 12/27/12 | E.C86.006 | I'io II |
| —— | Femma Catillo | JIl<lQ•l '/Wog • Peloo | 21110 ,; """"•I Election | CA-1911-12•1 | 1 OO''!1 of IIlegal Votino-(f) iiellIII1>'' •als.. | 1 | Of/17/13 | C.C. s...1112 | ..,., guilty ta rllooar vo ng. santancad to 2 •+ d  e  l ..red with community wpw.,.,on and $100 |
| Cameron | Marganta Rangel Ozuna | Vote Harvesting/Mail Ballot fraud/Assistance Fraud; Inf1uendng Voter | 2010 Primary Election | 2013-DCR-00484 | 1 count Unlawfully Assisting Voter | 1 | 05/30/13 | E.C. 86.010 | Pied dt! tontest to Untawrully Asst1.t1ng Vat€r (Class A Misdemeanor) 12 month county Jail, probated for 12 month community service. -..en  nn• - |

Information as of 4/20/2022

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | tO-Ol-tlr.l43-CR` | ZcQont><o!me;;:a1aa1-c, -. fl) `votilf` flfil)h'SOMnton a.t | 2 | 0(#24/t1 | e.c. fl4._al2 | *ii*<br>n n n ° t |
| | | | | | pelting·pla.ce, | | | | unts rulil CIUM)\Jr'fentty. f:3"L3 |
| Montgomery | James Alan Jenkins | Illegal Voting • Residency | 2010 Special Election | 12-03-025479-CR | I count of illegal voting - Ineligible voter | | 06/28/13 | E.C 64.012 | Convicted  urino a jury trial, 1 count of il1eoal voting (1) ineligible voter, 3 years TDCJ, $10,000 fine and $364.00 in court costs reversed/remanded by 14th COA, pending new |
| MontQOflfilf'y | | | 20f.0 I       flecUori | 12-03-02581-cR | | | 07/12J13 | e.C.5,4,012 | I '/Mt Pll'i.It>.tlon. - ?(•.-trlat txVtil'Sioll Froot•;n |
| Montgomery | Adrian Heath | False statement on application, illegal voting | 2010 Special Election | 12-03-025480-CR | I count of illegal voting - inel9·ible voter | | 10/31/13 | E.C. 64.012 | Convicted during a jury trial, count of illegal voting (1) ineligible voter. Sentenced to 3 years TDCJ and $10,000 fine, $334.00 in court costs. |
| M mo,y | Syt,.1L.,.0oy1,. | Fels.  s.t.Btetnenton.•ppha,tk:-4"t-·  ilteg1Ii votinO | 2010  •I'EiOQIO!l | P2--03•0Q583-CŁ; | I to,mt otil"-,'1l voting• meUoible voter | | 04/62/14 | E.C.64.012 | Coowicted at jufy baa,1. LCOUf'llot illegal voting fl) "1 li·g1bte.VOW  S.Otenced  V dehrn as,reement"1 eelf5: TDCl, prob.at tor 5 -,c-.,,,S, $;5,000 fl~  and  $-35"11).001nic.oon.aists. |
| Montgomery | Roberta Margaret Cook | False statement on appllcation, illeoal voting | 2010 Special Election | 12-03-0258S-CR | 1 count of illegal voting · inelgible voter | | 04/02/14 | E.C 64.012 | Convicted at bench trial, 1 count of illegal voting (1) ineligible voter. Sentenced to deferred agreement, 3 years TDCJ, probated for 5 years, |
| c.ameitun`` | Gaaa:. !srael | If[--11/o</OQ • F1sm | 2&U Mllnie/pal Eloctfo• | 2013·0CR-OO•:;S7 | 1 count of`,fte;Jzil -.-odn(J """""O!bte    (fWOs l | | 04/10/13 | E.C6"4.0l2 | Ph;t1·gv1   1Q:tltagal   .mg.a:ttatnptacl  <don v"Otet) Oas:,; A m1sdeameanolr. Sentenced m 10; montt-.s·c·onfmenen•t ,'2 ymrsi·pr:obar.lon* ffn.e |
| Montgomery | Name Removed | False statement cm applicatkm, 18eQal voting | 2010 Specal Ele(;.t1on | 12-03-xxxxx-CR | 1 count of illegal voting - ineligible voter | | 05/15/1◄ | E.C. 64.012 | 1 year Deferred Prosecution Probation. Eligible for expunction after serving 12 mos probation. |
| Monrgomer)l' | Wllftamr Mervin Berntsen | | 2dlCl5""0al  Electooo | 2-0'.HI2S86<R | | | 10J23/H | E.C.61.0i:! | |
| Cameron | Tomasei Chavez | Vote Harvesting/Mail Ballot fraud/Assistance Fraud; Influencing Voter | 2012 Primary Election Runoff | 14·CCR-02977•A/14·CCR·02983-A/14-CCR-02984-A/14-CCR-02985-A/14-CCR-02987-A/14-CCR-02989-A/14·CCR-02991-A/14-CCR-02993-A/14-CCR-02995-A/14-CCR-02996-A/14-CCR-02997-A/14·CCR-02999-A/14-CCR-03003-A | 3 counts - Carrier Envelope Action: Person Other than voter (Misd B), 3 counts - Assisting Voter<br>Violabon (Misd A), 3 counts - Method of Returning Marked Ballot (M<sd B), 4 count • Unlawful Assistance to Voter (Misd A) | 13 | 01/22/15 | E.c 86.oos1 /<br>86.010 /  EC<br>86.006 /  EC<br>64.036 | Pied guilty to unlawful assistance of voter, 6 month confinement, probated for 1 year of community supervison, fine $250. |
| ;l,mw...1s. | a.oiloMi,ct..JL. | | | | | | | | Plod guilty ta Blegahoong (       ) Sentenced to |
| J1m Wells | Mark, Homere Almanz | | | | | | | | |
| H&dalQp | l0"'• Luis. la--- | Unlawfully ,eje<ling votors, ml1gal    and unlwtui/v | 2008 M,iniqpa! Elect,qn | CR-2f>23-09-Ei | f I n   ZUd Felon<br>12, co.unts of Illegat VOtting | 12 | 02/25/15 | e.c.6◄.012 | JriOQ111 |
| Cameron | Facunda Garcia | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud; nil | 2012 Primary Election Runoff | 14·CCR-02980-A | I Count - Unlawful Assistance to Voter (Misd. A | 03/19/15 | | E.C 64.036 | Pied gu1hty to unlawful assistance of a voter. Sentenced to 3 day confinement in county jail and fin,. |
| | | V6'• tta,vos ,   e.llot | | | couJ«  •  fflrr'ter    ve  Pd<br>Acfoa: Pie501n Other tlan vet..- Mi5di'I), I  Cooot • | | | !cC M,0051/   C  I )Mt P,f,lbedon un     divers:)on dgrertt |
| C..,.,.,,.,. | Ben;,!ceCa«a | Fraod;,,ssista'fice f Old; | 20L2 Pcimar;, EJ<letio | l4•CCR•0Z9.79•A/L1"CCR· | M od Or Rolurmng | 1 | 04/08115 | 86.006/   EC | (Der...ri'd Pros.J !or ol&,ns" or tlnfowtully ""bsting |
| | Cameron | | | | Inlluenclr,o Voter | | | Vote Harvesting/Mall Ballot | Fraud - Method of Returning Marked Ballot |
| | Rafael Angel Elizondo | | | | | | | | |

| lwnolt | 030<br>IH,/14·CCl!-<br>D30I l-A | Mo,kodi Ballot (Misd B), I<br>a,unt - unrawruf<br>AssJSbIICa ta Vater (Mi.d | | 64.03.6 | vote.r. |
|---|---|---|---|---|---|
| 2012<br>Pr<mary<br>Election<br>Runoff | 2015-DCR-<br>00269-D | I Count •Method of  Returing<br>Marked Ballot  more than 10<br>but less than  20 offical<br>ballots/carrier  envelopes,  (<br>3rd Degree  Felony) | 06/12/15 | E.C. 86.006 | P1ed no contest to<br>Method of<br>Returning Marked<br>Ballot =10<:20,<br>(Oass A).<br>Sentenced to three<br>days in county jail.<br>and  taken into<br>custody, |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | 201Z.*Prncf* Eloct10n **Runolt** | W!S-OCR-00270•0 | Reiunno M&Itt:: Ballot. tawerU!an 10 o•1111!at ballots</A?IIO< en | | | E.C. 116.006- | fl<d g,,Ut)< ro **Motllod <A' R•** -"0019•lo<l<ad Ballot </1£1 (Otss 6). Sentenced to two day$ covn jtiL |
| | | | | 14-CCR-02981-B/14-CCR- | counts  arrer | | | | |
| Cameron | Marganta Ozuna | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud; Influencing Voter | 2012 Primary Election Runoff | 02986-B/14-CCR-02988-B/14-CCR-02990-B/14-CCR-02992-B/14-CCR-02994-B | Envelope Action: Person Other than voter (Misd B), 3 counts  Method of Returning Marked Ballot | | 08/10/15 | E.C.SG.00S!/ E.C 86¨006 | Pied guilty to Carrier Envelope Action by Person Other than Voter.  Sentenced to 15 days county jail and $250.00 fine/court  cost |
| | | | | 14-CCR-02">78•C/H-CCl1- | 1 C'.OUt . Inlawful Asslstooa to VOW (Mlsd | | | | |
| | | | | 02998•C/1.•CCR•03000-. CH-CCR-03001•C/14- | A).  1 count • As, stfrtg | | | e.cs-..CJ36e1.c | PJe!ld gwlfy ta Class A misdemeanor Unfawh.1l |
| | **Vicenta Verino** | **Vott H.a<VeStl<lg/Mail** !!alot. fraU'dJAss"fSta,,_ Fn,ild; Inf.hiteJ.nQ  Vat | :WU Prima,V Election Rtmolt | Cl:R-03002-C/14-CCR-030lH-C/14.-CCR-0300S-C./14-CCR-03 -c/14•C0H)3007-.;:/14-0:R-o3ooit-c | **Voter** v-,l.1:ro lMisdL.lt)  ,4 counts.  Caine, Envolope Action: Person Other than voter (Mm.ct, 8),  corrnts. • Matrt"iod,of Retuming tt•ri<edilallot (M.sd. BI . | fn | 08/19/!5 | 86O1O/  E.C 86.0051/ E.C **86.006** | AsSfst.!nce:*0f a* Vote:r. 12 months at deferred acDadkei:ion, $250 fin@, and t.O•,f.ino born an<fl.111g mail ballets and ass!S1ng voters |
| | | Forgery/Tampering with | | | 1 Count of Tampering w / | | | | Waive  a jury trla  and pied guilty to one count o 3rd degree felony Forgery. Court convicted |
| Harris- | Avery Ayers | pe1tit1on for candidacy - forged signatures | 2014 General Election | 1476757 | a Governmental Record (SJF) | | 10/06/15 | P.C. 32.21 | defendant  and sentenced him  to five (5)  years TDCJ-Instltut1onal Dlv1s1on. No fine, court costs or |
| | | | | | 1 Count  C-aqjet  Envelope | | | | ''' V- |
| c.rne,ran- | **Sarah Perales** | Vo• Ha,v.s.tlno/Ma" Batlot F/1,sslstan,...Fr ud: tnfıl.HnenQ votw- | 2.0!:fPtstı\ary EfecdOfl Ral\Ofı | 1.4-CO<-02982-C 14 CCR•03009<. | lllctl'.ori: PVf$00     tt11an ,ote, (i.llsd. B), k O1<.Jnt - Method:of  Rat.t.an.1110 **M.arl-ced** Ballot (M1"1 B) | | **10/211/15** | e,_c. 86. 00fi | ........ ...i   n, rtGO<ts, liHflt t |
| | | | 2013 Municipal | | 1 Count Illeoal Voting (Municipal) | | | | Pied no contest to Count 1  of the Indictment  - Illegal voting (ineligible voter-I10n resident) in a |
| Edwa,ds | Michael Scotch | Illegal voting (residency) | Election 2014 Primary Election | 6053 | 2 Counts of Tamper  w/ a Gov't rec  1 Count of Illegal Vobng (Primary) | | 12/07/15 | E.C 64.012 | plea bargain agreement. State to dismiss counts 2, 3 & 4. Sentenced to 24 months of deferred adjudication community supervision, $500 fine |
| Edwards | | | 2013 f-runıfo>at Eledi , 2014 Prtm••v 8.cai'on | | 1 Count Illegal VO!)JI(l (Munio..-1)' 1 Counts of Ton-- w/ • SOII'I""" 1 Count of Illegia>-ll<lLf (Pri,nar,;) | | *uJ01hs* | | Pied no- c.ontest to Cotint.1 or the !rtdktmenll • IIle !-voting (fnetig,bl• YOdlf-n.C)tl  residant) in• **pk<, i..roain**     State- ta dismiss c.ounts 2.1  & -4  Sentenced to 24·  mm,tha of del'erred adjudka.tlon camnt1.nlty s.Operv1s.ion, ts·oo fine |
| | Guadalupe •Lupe | Vote Hervesting/Mail Ballot | | | 1 Count Carrier Envelope Action: Person Other than | | | | Co-defendant  accepted criminal responsibility for these offenses in plea resolving causes CR-15-08767-E, CR-15-08768-E, CR-15-08769-E, CR-15 |
| Hidalgo | Rivera, Jr. | Fraud/Assistance Fraud; Influencin9 Voter | 2013 Municipal Election | CR-15-08765-B. CR-15-08766-B | Voter, 1 count Method of Returning Marked Ballot <10 | | 07/11/16 | E.C. 86.0051 86 006 | E.C. 08770-E, CR-15-08771-E, CR-15-08772-E, CR-lS 08773-E, CR-15-08774-E, CR-15-08775-E, CR-15 08776-E, CR-15-08777-E, CR-15-08778-E, CR-15-08779-E, CR-15-08780-E, CR-15-08781-E, and  CR-15-08782-E. |
| | **\lota HoN9StinQ1Ma  'SalTot** | | | Cll-tS-08767-E CIH.5-0071;!1-c, CQ-15-03769-E CR.-tS-081]0-E Clt•I5•08771-E Cll-lS--08772-E CR-lS-08773-E | 1 Count  Unlawful A:sstst1,n(lt: to  v m.r,l 6J •(.O.lor5.carrier fnile.lOpe Ac.tloII Person i]('ne, m,1rn | | | | P!∙d aollty to> UnlawM All•"''''°''' to  a llot..-; Clos∙ A m!sderneaM , tG,Iltenced to 365  deys CCl jail. |
| Hl<lilllf'd | R.(..;.;;, Sr. | frllo  Au aoce.fr&'-d; !affıoOCIfıllll/Orc,; | Ehction | Cll-15-08774-E CIH5-08775•E CIH.!Hi6776•c CIU5-88777•E C - l5-09778'-11 | CR-L5-0871'Ji-fl.  CR-L5-U97EO'-fl. CR-lS-0&7SI-E | | \loter. 6 counts Method of    i6 | R.arurıl11 g.Menr•ct  8etlot <10- 3. oouints | A         s S         ∙ t          t s          n 4          g |

07/11/16

ﾉ￮ﾉ

ﾉ:,"obat    one  Y•  or    CO-qwll,Lr/O!/     >IJ!i)er iS l-

With a \$500 fin6.

Information as or 4/20/2022

| | | Vote Harvesting/Mail Ballot | | CR-15-08761-B | CR 2. counts Carrier Envelope Action: Person Other than | | | | t'Jec gul Y to \.amer cnveiope RC\l.ail: rerson Other than Voter, Oass B misdemeanor. Pre-trial |
|---|---|---|---|---|---|---|---|---|---|
| Hidalgo | Graciela Sanchez | Fraud/Assistance Fraud; InHuencing Voter | 2013 Municipal Election | 15-08762-6 08763-B 08764-B | CR-15- CR-15- Voter, 2 counts Method of Returning Marked Ballot <10 | 4 | 07/11/16 | E.C. 86.0051 | diversion for a period of two years of community supervision, pay court and probations fees, com plete 24 hours of community service. Other |
| | /5 | | W12GOOQIJI! | | 2 count.ol IU<'gal Yot,f,g - | | | | O>n <cted by jury-an both count,< o/ IIllagai ll0Mn9 N"1<!<INII> 1(1      h... lo • period oF |
| Oa- 19' Luraot !losaMartao,,- | | 11 -I \lotiolj • Non-Qt,_, | filect.fon,, 20.14 Primflry Run-Off' Elo.ction | '4,34155 | 1n■ le.vot 1c (non GtdZenJ | 2 | 02/09/1:J | E.C:bf.012 | elght (8) yeo:s "'the lex\<s Oeparon,,nt of Criminal JU'Stice In& 1tut0Ndl Oi>tiSJ0a oni esch: count, sent600i• t.<> ru  co01WrrO<>dly $,5,000,00 fine and  $12,9.60 I• ai>*l al•ll>< |
| | | Illegal Voting - voter | | | 2 counts of illegal voting, | | | | Convicted of illegal voting (2nd deg. felony). |
| Edwards | Manuel Rodriguez III | impersonation, ]Ilegal Voting - ineligible voter (felon, unregistered voter) | 2014 General Election | 1730 | ineligible voter (felon, unregistered), voted as 99 yr-aid grandfather | 2 | 2/27/2017 | E.C. 64.012 (a) I | Sentenced to two (2) years in the Texas Department of Crimtnal Justice Institutional Division. |
| Edwotd, | !jito 11-- lall-n | trt'...1 \lot1..n9 •n.tigil:,l• VQ• (non-resident). | Nov  201.4 oanwaf '4•K tlonl Mc1y 2015  )- RJSO eler::nt0n, Maf 2.015 c.,tyof Rodu!t)inQS .alec::l)on. "1'•lch 201'6 primary ci.ctton, M_ay %916 .O.,Y or RM!S •ng;. "ol.ctloo. HW  .Z0f/i'  oloct,oa, •xl  ay  2.Gt-,.at.y nf  Roc  spn :><.election :>peela1 ...;:•  LJISi. (. 2/13/2016; Special | Cl<7719096408 | 7 COm1'(S. o,  i11 I,;:o:sng,- ifIf:tI Ib!• \otflr (non,. ras dent) • lnd  d&Q''''' Felony | / | 12/2M17 | E.G. 64.072 | ?rosecut/oP Divlf]lion Pr"o0ra.m ...  5t1p,e[anon of •  to 7 c.our,\S III6QIJI Voting |
| Webb | Angel Antonio De Leon, Jr. | Illegal Voting- ineligible voter (convicted felon, on paper) | COL Dist. 2 Runoff - 4/2/2016; Joint Primary Runoff - 5/24/2016; November 2016 | CX8826260117 | 4 counts of illegal votmg - ineligible voter (felon)  - 2nd degree felony | 4 | 01/29/18 | E.C. 64.012 | Prosecution Diversion Program - stipulation of guilt to 4 counts Illegal Voting |
| webt> | Aro.J.i-o Garcia. Jr | IHegAI VOOIIO• lnel!Qibl• w<er (c,,o,,ct-.l. felon. on PIPV) | ov•. ...,  :genora! e!ectfon; (i8rch ZO:tiS Qernocrattc I'flma,y; M•r 2016 O.ooo•tiC | CX8'1409S OIOI | I  unom a ille(IIII Yotmg - ineligicole  atMt (felon,) 2nd daQrM it-tony | 3. | 01/lJ//L& | E.C.64.012 | I'll cu;!oo DIv»lo<o  aoio.m • st!pulatl<l,\ of gui lo J ,::o,m5 111.....I Voting |
| Medma | Patricia Barton | Unlawfully Influendng Voter In Polling Place; Electioneering | Mar. 2018 Primary Election | CX:4240437617 | 2 counts of unlawtully Influencing voter in polling place; 1 count | 3 | 04/26/18 | E.C. 61.008; E.C. 61.003 | Prosecution Diversion Program - stipulation of guilt to 2 counts unlawfully influencing voter;  I count electioneering |
| Hfll | Aar.onliones | lk) wfulr1 Re,,eeling Information  B  of  ore • •  Pfef• Unlawfully  Accepting a Voter | 2l1Ul Prf"',:,, Rw,oft | 0('795',43';13300 | I  COUli)t unlew dy r'9YU:lh!.f  tr#of/matK<n  h..#--.::*t*'.......n .;...n | I | 05/30J18 | E.C. 61.007 | Prosecution OIWCSlon I'rogn,m - stipuletion of guilt to I count Unla\11. Bly reW:allng klfor"mad'on ......;......,th&  -  :'i--:1-:-- |
| | | | | | 3 counts unlawfully | | | | Pr,secution Diversion Program - stipulation of |
| Dallas | Shirley Brown | not eligible to vote, by election vc-^-:> | 2016 Genernl Election | 0<3852040670 | accepting n voter | 3 | 05/31/18 | E.C. 63.002 | guilt to 3 counts unlewfully accepting a voter |
| | | Illb•o•ll110ll1111: Election fraud; | | | Count I - i15egftf vmina, 2nd Degree Fetanv: Count 2 - et•Uo.n froua, | | | | Pr0:serutro O/tletsfOn Progtam - s.tI13ol&t.on ot |
| Kw:ned, | O:idaltlaorw.-. | h1M  Slaterneot on Rogi ,ation AP1>hcat1an | Mair. 2018 P1/mal''¥. Election | 0(3 2030.9473 | OA. Cqu/'t 3:• fa:lS.al at• ement on a recistratt0A eppUcation. O  a | 3 | 01/02118 | •C! 64.012; 276.Iil3; 11 007 | gu It to  L C&(,fr,t lllogo! vodng, 1 COdse etea,or, ftaud, itt'ld f...count r&1'4i sta:te,mlliinl oo a r&grStr6 :ar>ptf.amon |
| | | Illegal voting; Election Fraud; | | | Count 1 - illegal voting, 2nd Degree Felony; Count 2 - election fraud, | | | | Prosecution Diversion Program • stipulation of |

| Kenedy | Martin Olvera | False Statement on Registration Application | Mar. 2018 Primary Election | 0-3890196392 | CIA; Count 3 - false statement on a registration application, Cl B | 3 | 06/27/18 | E.C. 64.012; 276.013; 13.007 | gulīt to 1 count illegal voting, 1 count election fraud, and 1 count false statement on a registration application |

Information **as** *of* 4/20/2022

| County | Name | Charge | Election | Case No. | Counts | Date | Statute | Disposition |
|---|---|---|---|---|---|---|---|---|
| | | Il \/cdli.r; Election Froud; False. Stateme.nt OA ReQi.,.atlon JIWhc:atJon | Mar. Wl&Frlmafy EiectJoo | 0<46412860:19 | C...uo l - d'eg.;f satlnQ, *k>d* D<.gn1e Fel<»eñ Cou,,1'2 - eic<tion road, CI A; Couint 3 - fabal s.tatenMtt -on• reg.stratton ■ rcrbul.lon. a B- | !16/05J18 | θ,C 64.(J12: 27.6.011 1:≥3.007 | fr-cutlM C>...-ersJoo Prog.em • stl;,utatioo *el* · t<;1.coontJegal SOO!Ill.1 Cb>unt ol<><tion fralld, JH\dl.C(t.Ulnt fa&. sUitamant on 11 re,iTttrat"n a: ttcn |
| | | | | | Otn · r eQeTvo t,"'n"'g,-----f------+------+------+----------- 1 | | | |
| Nueces/ San Patricio | Rosita Torres Flores | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud/Illegal voting | Robstown 2016 General | S-18-3065-CR; 18-CR-83358 | 2nd Degree Felony; Count 2 - method of returning marked ballot, SJF 1 count misdemeanor | 6/12/2018 | E.C. 64.012; 86.006; 64.036 | Convicted of unlawfully assisting/influencing voter with mail ballot (E.C. 64.036), 12 months jail, probated for 18 months; $1000 fine; 10 days confinement in county jail servIii;d day for day as condition of probation |
| Frio | Consuelo Bari,eotos<:a to | 1/ot• HA-\lestln[l/.,.il Eaalfo<: fraud/Asslsta(l(t; )Fra:ud | ZOlf.Pn"l<l.-Y unofl Eloctlo | 0<3772923814 | 2 Coonts iJ<drawM Ass:1 nc1111 | 6/1S/20.18 | e.c. 64.036 | Pf"OS•t.,f'don Dtverston Proor.arn ... stip11Iletlon of QUild to-:]!O8nt:s: unl1wf a55f5f.8/IQ. t9 'fb•l4rs |
| | Maria Delcarmen Vela | | | | | | | |
| Starr | Vero Ma Flores | | 20J6 Primary; 2816 Primary-Runoff | 0'281974%16- | 1 Cou.it Fraudulent Use- af Applicat1on fot Si.,llot hy M | 6/25/2018 | C. 84.00-H | rst On Program • stipulation roudu\eot use of ap.p.li.c.ation for |
| Starr | Dora Barrera | Vote Harvest1nQ at a o fraud • Fraudulent Use of | rimary; 2016 Primary Runoff | CX4783488382 | " 1 i Count fra u dulent Use o Application for Ballot by 1 J | 5/25/2018 | E.C. 84.0041 | rsIon Program - stipulation of r!!ludulent use of application for |
| Starr | Eusebio Lopez | fraud- R-audustent V. Г .Aj lt.r I!/'U0,; lt.T Mail; | | CXОl92300090 | 1 Count rau ulent US4% of A nc.,tan for !allot by M:ail.;. 2.Coun.ts JJIegJI | 6/25/2f118 | E,C 84.Cl0-411 E.C. 64.012. | Pro<<KUOOO Div.,,,_ Prog"1m . stipulation "' QLllk lo 1 C- nt frei<idutent ..fS. rll Il8Ilsatiol) fo, bol b by mai of\d 2 Cnun nr.,;..1 Voting- |
| Starr | Alayssa Lopez | Vote Harvesting/f.1a1l BallOt Fraud - Fraudulent Use of Application for Ballot by Mail; · Vote.HairYe5 F,aud• fr•udolc<\t Use of Appt. os: n.for S.1'ot by M•Ill; t | 2016 Primary; 2016 Primary Runoff E1 ction 2(J16 Pnmerv: 2cn&.l?ttmar,. uno(f E.JfictlOn- | CX6220705016 CX!8W927603 | 1 Count Fraudulent Use of Application for Ballot by Mail; 1 Count Illegal VolUng Ulent Use C. Applıcat100 for BeUot by Mail; 2 Counts Jif<ogal | 6/26/2018 6/2h/2016 | E.C. 84.0041; E.C. 54.012 E.C. 84.0041; f.,C. 64.01:l; | Prosecution Diversion Program • stipulation of guilt to 1 Count fraudulent use of application for ballot by mail end 1 Count )IIegel Voting ProseiNtiom Dtver.don Proomm - Stig.ulatKW) of or-.otr IO.1 Coun fIIfudI.1'4Int Ul• tlatW)JI).Cetion for I>II"t by mail "td 2 Cgunts Illegal Voting |
| Starr | Z•Idl> S. M.ldb·Ncb | Vote Harvesting/Mail Ballot Fraud - Fraudulent Use or Application fur Ballot by Mail; | 2016 Primary; 2016 Primary Runoff Election | CX9033550035 | 1 Count Fraudulent Use of Application for Ballot by Mail: 2 Counts Illegal | 6/26/2018 | E.C. 84.0041; E.C. 64 .012 | Prosecution Diversion Program - stipulation or guilt to 1 Count fmudulent use of application for ballot by mail and 2 Counts Illegal Voting |
| Sam | Jose Guadalup,&. Garc.1a | Vor.e. Huve$.tInQ(MaLl Ballot Fraud - fraudolant us.oat | ZO16Po_,.,, 201..6. Prlmacy A.unoN" Ee:ctio(l 2.0kk Primary; 2016- Prlrmar; Runoff | OC9693286EI4.£, CXOS-7625-7916 | 1 Counit .,-.u.hll-ent Use- or Appfıcat,on for Ballot l>V il; ;≥ C:oont• JIhg,l• :; C.ac.mt fraudulent Use of Appl1c.a.t0n for B•llot b-,, | 6(25./2018 6/2.5/2018 | E.C. 84.oo.tl; EL M .012· E C. S .0041 | uttbn Oiverskm Proarem Stipulation of guilt:to 1-Cbunf"fi"audl,Ie,nf use of a.pc.ftation für"---I>aHot \>V mail 2 Count:S I1.\9Q•1 Voting ?roS@CUt.011'1 Of el'3On Pro.gr.m stipulat'Ion Cot OU ltre 1 Counr fmxd:ufent use-of appl1cation for |
| Starr | | | | OGS9Y3 8503 | t.C-0unt FrIiudu•nt uS.I ol Apphcaitkm for 8itUot bf | 6/2S/20111 | EC 84.0041 | |
| Starr | Rudolfo A. Tre-.m10 | | | CX418330996e | 1 Count frnudu nt Use of Appllc-at1on for Ballot by | oR-6/2018 | E.C. M.IJOil | |
| Starr | R11ul.loaoo,_.,_ | Vote Harvesting/Mail Ball'ot | 2016 Primary; | CX63612'1S996 | 1 Count f-•UfU.I fmt. U'sa ot Appll'Qt.oo f .e.JloLby / 1 count illegal Vot,n111 1 Count Fraudulent Use of | 6/2.6/2018 | E.C. M.Qa.tl; E.C. 64.012 | Prasecutf,an Oivatston Prog,.am • stiptbt.10(1 of „ou ttkto 1 CaLInt traIKI\,11-ent"u.5-Q Of appllation for l'1Iol1"!1_- m.jl\g ond.1 Count IIlcg•1 Il<tDfl9 Prosecution Diverslon Program - stipulation of |
| Starr | Oeyla Mana Garc:a | Fraud - Fraudulent Use of Application for Ballot by' Mail; | 2016 Primary Runoff Election | CX2635106999 | Application for Ballot by Mail; 1 Count Illegal Voting | 6/26/2018 | E.C. 84.0041; E.C. 64.012 | guilt to 1 Count fraudulent use of application for ballot by mail and 1 Count Illegal Voting |
| | | | 20111-IJ-arcn | | l. Cqunt Fa e StateJTIe:nt | | E.C. i:l.007 | Pr'HIIGutfon DN'•$.10 Proo m • U11>(btion cl |

| larlah SaffIZ. | t>,,,,,ao,n.:Mma,y | 0(9041380471 | on Ap,pt.cati&", 1 Count Illegal Voting. | 7/11/2018 | E..C. **64.012** | gu:lt to I Count false Statement an Apphcation and 1 COunt Illegal Voting |

Information as of 4/20/2022

Pege a

| Kenedy | JmmVel8 | | 2018 March Democr8tic Primary | 0(2940077682 | 4 | 7/17/2018 | E.C. 13.007; E.C. 64.012 | Prosecution Diversion Program • stipulation of guilt to 1 Count False Statement on Application and 3 Counts Illeg81 Voting |
|---|---|---|---|---|---|---|---|---|
| **Kenec;ty** | u,ticfa **MiJnoz** Ve | **Vote** ttarves.ttnu/Mail l!al!OI r,,c.;.l. l'sandut...,1 [Jw,ol **Applqt!Or,** for **BODol.bJ Mo il;** Doarlo<mic Pi;'''''''''Y | 2018 Mon:n | **087892JI4507** | | 7/11/2018 | c:,,c. ll.007; E.C. 64.012 | Prosecution Diversion> Proo.am • snpulat,on of gw.tt to L Count False Statement on A:pplOtion ell[1 S Count• **I·I·-IVoting** |
| Starr | Guadalupe Garza | Vote Harvesting/Mail Ballot Fraud - Fraudulent Use of Application for Ballot by Mall; IlleoalVobng | 2016 March Democratic Primary | 0(8930944834 | | 7/25/2018 | E.C. 13.007; E.C. 84.0041; P.C. 37.10; E.C. **64.012** | Prosecution Diversion Program - stipulation of guilt to 1 Count False statement on application; 2 counts False information on application for ballot by mail; 2 Counts Tampering with a governmental record; 1 Count Illeoal Voting |
| **stair** | Brxndo,-. 01 Garza. | **Vol:•11•••-Ung I S.lloe** Fraud - fr•uck.ltenr Wse o Applkac/on for Ballot by Mail; 1 1'·qal l/'oting | 21)16M•rch Dei•mocta:df': Primary | 0<623 993804 | | 7/25/201IJ | e.c. n.001; e.c. 84.0041; i>.C. 37.Uii; E.C. 6'1.012. | PrOSleC:Utioo Diversloft. IP'l'ogtalin ... s.tip,ulahM of 1 ltt:o 1Count.FelH stetenzyoton I!I!( >hatf'Cln; 2 Cosor. Folsecirfon,ation •polkatian f"' balloo by moll; 2 Counts Tompe,IAQ WItn a Q'1vemmental r.c...cl; 1 Coont JIJ'eoaI Votting |
| Nueces/ San Patricio | Cynthia Kay Gonzales | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud/Illegal voting | Robstown 2016 Primary Runoff | 18-CR-83109; 18-CR-83110; 18-CR-83111 | | 8/14/2018 | E.C. 86.0051; 86.006; 64.036, 64.012 | Convicted of unlawful possession of a ballot (86.006); carrier envelope action other than voter (86.0051); and unlawfully assisting voter with a meil ballot (86.010); sentenced to 180 days jail prob•ted for 540 days, 180 days probated for 540 d8ys, and 365 days probated for 540 days and a $500 fine, respectively. Sentenced to served 5 days county jail, day for day, as condition of probation. |
| Hiirr1s:/ t!lQ1'Ilg•,mar; | L•.uro JIlnetli G'1uza AKA An V dir.w Zamot• | Uleoa,fll<>ttoci tOOIl•dti'''''''); Jmparson11tton,cif II U.S. Ctizan | 21116'. GeMntl £:1odion | Uf·05-416003; 18•05-06032 | 2. | 9/13/2018 | E.C.M.0 2. | Coovicted of tw1> count$ of Ill''ll''l Voling fo, fTT'f.lw:Sdn.atmg • votlil' •hd vott11g when SNlii Wä.s. not &1./Lll:. to sote (noocifNn,). lO y.,>J TOO "<>bated lo, no yMJ!I, with 180 daj< m jail ↔ <01\<btfon•. $10.,o/Jo fin• ptbbated lb· 10 years. |
| Starr | Artemlo Lopez | Vote Harvesting/Mail Ballot Fraud - Fraudulent Use of Application for Ballot by M•ll; Jlegal Voting | 2016 March Democratic Primary | 0(8019112853 | 8 | 9/17/2018 | E.C. 13.007; E.C. 84.0041; P.C. 37.10; E.C. 64.012 | Prosecution Diversion Program - stipulet1on of guilt to 1 Count False statement on application; 2 Counts False Information on applic8tion for ballot by mail; 2 Counts Tampering with a governmental record; 2 Counts Illegal Voting |
| TarBnt | t1,ar1.. Ja<k,..... | • l<llmneo.1: on Apc>Il:ati<m **Mil** Billot r,au<l/Vo<:8 l;lar--,esti - Forged Votef | 2016 De tic ?f I'Mr Etac.tion | 15654tZ | | 4,/6[20L9 | ɪ:.C. 84.0041 | ConV1cttd of Fa!sa State,mettt on .!If.Sal btkrn; sentencedr t 10 d:a)4 coo:rrny jilit. |
| Polk | **William Williams** | Tamperng with a Governmental Record; Illegal Voting (voting ballot of another); Election Fraud - Mail Ballot | 2018 General Election | 0<1976897707 | 6 | 8/5/2019 | P.C. 37.10; E.C. 64.012; E.C. 276.013 | Prosecution Diversion Program stipulation of guilt to 2 Counts Tampering with a Governmental Record; 2 counts Illegal Voting (voting ballot of another); 2 Counts Election Fraud |
| **Starr/Hklilloo** | **.&iri>k• Gana** | Jlleval Jor/ng/Ma1ij !!allot FroOd ɴɪᴏᴍʜʜʜᴎ otiam of clecosed M •I1<>\ai;,plbtio11 l'l&ud, Mail t.ial!c>t<o,l for voler who was d&ad 9 yMrs. | 2016 b•emoaa!ic Pr;ra''ly E'l.ction | CR-0115' 19-J | | 112 /20!!,. | e.c. 64 012; .C. 84,00-U | Dtsm'd fur lad! oJ evidence and rm e.change for c.f•ndsnt't cooperatwo with th:I State e{ }d en ongoing inVt!Stiglttion by the T xas Rangers, |
| Harris | John Alsup | False Statement on Registration Application; Tampering with Government Record; Election Fraud - False Registration Address | 2018 General Election | 0(8794422517 | | 8/17/2020 | E.C. 13.007; P.C. 37.10; E.C. 276.013 | Prosecution D1vers1on Program - st1pulat1on to the commission of I Count False Statement an Application; 1 Count Tampering with a Government Record; 1 Count Election Fraud |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | fI se St/1181\.eltt.on Reglstt•I/® Apphcat,on, lti,c!llll ...-.f.., | **WI8G.,_.,.l** | | t COOJo, - Far•• St,i&ITont, dn Apl)lico.tloo, Coun.lt- **Jil alVobf'll;** | | P!.C- B-1107; | Pt ()I',t:lidcn fir" m •,tfl;u..llation to t.ti-ie: 0>mmission of 1. Olunt false.Stnteffle.At on **Appfltation,** ? C0<1flJ; JIlogat.Voting;  I Count T•m n:\SIIwith a Gcverf'mettt R11:teolidi I Count Eledlon fr&u,i |
| | | | | | | | | Prosecution Diversion Program  st1pulat1on to the commission of 1 Count False Statement on P..pplication,  1 Count Tampering with a Government Record;  1 Count Election Fraud |
| | | fets:e Statl·1ner,t ⊡ Regislr,ilion Appl1ootion. U{egal' | | | 1 Couol • f..atw. StatemEint. on A:ppticaOon. 1 Count | | E.C. 1*i.001*; | Prosecution, Divemo> Pr'Q(f9.m • '"P:J!atlon ,a the c:atnm ion *ot* 1 Count fals"e Statement qn |
| Han,'5 | ʒ �ɘ l DebeUo | vaw...o,; T :/mperlng w1th Go,\I•ff? t Record] Er.afo,n. fnudi fal's.e :Re01st1:M:\0Jli Address. | **2019 Goneraj** Boalo | d&794422'i17 | 11.,Vo!m!r) 1. Or>.Jnt Tampanmg, with a **GQ Record,** 1 Count Election J:rnad | 4 | Er/12/20W | E.C. &4.Ill2.; ?.C 3.7.10; E.C..27!;.013 | ApplfCliion,  1 Cou:llt Illegat Voting; 1 Count Tampering with •  Go mmen.t Riecord  1 Count Electlo'l fraUd |
| Hams | Name Removed | False Statement on Registration Application; Illegal Voting; Tampering with Government Record; Election Fraud - False Registration Address | 2018 General Election | 0<87944225-- | 1 Count - False Statement on Application,  1 Count Illegal Voting;  1 Count Tampering with a Government Record, 1 Count Election Fraud | | 8/17/2020 | E.C. 13.007; E.C 64.012; PC 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application;  1 Count Illegal Voting; 1 Count Tampering with a Government Record;  1 Count Election Fraud |
| HIiI?5 | !Ir r,Hollnef | falS:..S:r'at.-,,..ntio.n Rag!S!'ration Appliatllln. lle.;ja( vouno1 T •  Irv with Gov•1nm"'11! Ra:\ord; E:-.-.. Pra!Jd faiga R stratfon Address | 2019 Geherlll Election; 2018 Piiimll,Y uno/11 | 0<879 42II17 | 1 Count - F&lse. Statem11nt oo Appl!oation, 2 Counts III 1VO9mo 1. Count: Tampering with a Government Rleco.w", 1 C<>unt Election haUd | | S1:Y2.Cl20I | Pt bon D.A., Pl'ogtam - sit'ation to. t/Ma commis l<ln of 1 count False statement on. A IIQttlOn; 2 Co,ort9 lll-o-,1 Voting. .1Co-..int Tamper. g will• Gave<rtme11 t Re<ord; I (:O.mt aeatoo fraud |
| Hams | Micaela Ladet | False Statement on Registration Application; Tampering with Government Record; Election Fraud- False Registration Address | Voter Registration | CX8794422517 | 1 Count - False Statement on Application,  I Count Tampering With a Government Record, I Count Election Fraud | | 8/18/2020 | E.C. 13.007; PC 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application;  1 Count Tampering with a Government Record;  I Count Election Fraud |
| "Iarrts | O.,v,d *Levy* | false St.aten'lQnt oo Regts!tatio Awl/ration; Tampering with Government Record; Reo:)rd; Election fraud.- FalfS.e ReQt ration Addr.-ss. | Vate:rR.egtstration, | Cl<8794'422517 | 1 Count - False. Statemen on Application.1 *Count* "fempening .With a Gooo;utmo>;r. Reml<:I, 1 Count Elect10n Fr.aud | | E.C. 1*i..001*; p .C. ?I.10; E.C **275.013** | Prose<:upon Dtver.lon (?rogram - sti-pula110Q.to t mmmjssion of 1 Co1.1nt false,Statemeat, on pplication; 1 Coun1 Tampering W1thra Gov..»roe11r Reoird; 1 C.Ount Electloo fre:tid |
| Harris | Kyle Levy | False Statement on Registration Application; Tampering with Government Record; Election fraud • False Registration Address | Voter Registration | CX8794422517 | 1 Count - False Statement on Application, 1 Count Tamperin9 with a Government Record, 1 Count Election Fraud | | 8/14/2020 | E.C. 13.007; P.C 37.10; E.C 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application;  1 Count Tampering with a Government Record;  1 Count Election Fraud |
| Harri.- | | FaQ Stat&mant on Regi<tr•llon Appla!3:i.,_.] gal :\OkMng; Tcimp!Imig:with | | | 1 coonit - fa-ts& st'at .nt onApplic.atlon, 2 Co1u.ts Illega1 Votino, 1 Count | | ȅ C. 13.001, E.C. 64.012; | Prosae:ut10'1 Oivetslon Progn,m - stipulatt0f1 to the: omm1!ssion of 1 Counrt.fafse St.ftemant. on |
| N"""""Remo..a | | Government Record : El.c.tfom f•l11,c:t 'fals<1Ragis1r1a,lon Address | 2dl9 Si>-e<iI,1 Elecuon | | Tamperinor with a GOVtttrmntnt R<cord, 2 Co.ut!'s.Elec:hcn Fr'ald | 6 | 8/11/2020 | ị> C. 37.JO; | Ifo>tiQrl; 2Count• Jlfegel Voting;  I Count ml>9f'1r.g G•Neni11u/nt Re<ord; 2.Counts El•tlonf'fao,l |
| | | False St?Jtement on | | | 1 Count - False Statement | | | |
| Harris | Barnett Pate | Registration Application; Illegal Voting; Tampering with Government Record; Electi0n Fraud - False Registration Address | 2018 General Election | CX8794422517 | on Application, 1 Count Illegal Voting;  1 Count Tampering with a Government Record, 1 Count Election Fraud | 4 | 8/18/2020 | E.C. 13.007; E.C 64.012; PC 37.10; EC 276.013 | Prosecution Diversion Program - st1pulat1on to the commission of 1 Count False Statement on Application;  1 Count Illegal Voting;  1 Count Tampering with a Government Record; 1 Count Election Fraud |
| Han-IS | J</,n,S<Ott | F.atse Statemant on ReQls.trst!Qn Appl.katlbo; Tame.erino "N:tth etrme"\t Reeord: El f:an Ftnud • Faise egistra on..... i•ess | Votwt' Regtstration | 0<11794422517 | 1 Count' F•lH Statement on #tp!j8cation.. 1 Count lampenng with a Gov:emrnent:, RcGOrd', 1 Count"E tion frm1d | *.J | !l/I9]2020 | ecc. n.001, : C. L'.10, ȅ.C. 2.76,0U | Prose:ut!011Olvers.J*' PrQQ•m st.pulat1on to u,e commission of L.Col!.Int f•  SI•ttentilt off Aji rica11on, 1 Cwnt Tamperlng *W II *  G611'e1amert Reco,d; 1 Co nte=;don F',eud |

1nformation as of 4/20/2022

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Hams | Aaron Sprecher | False Statement on Registration Application; Tampering with Government Record; Election Fraud - False Registration Address | Voter Registration | CX8794422517 | I Count - False Statement on Application, 1 Count Tampering with a Government Record, 1 Count Election Fraud | | 8/20/2020 | E.C. 13.007; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - st1pu!at1on to the commission of I Count False Statement on Application; I Count Tampering with a Government Record; I Count Election Fraud |
| tt...,&, | )U<U Th<>(no$ | F\ Ise..S emen. a:n P.<>9ist,aooo. Apphtat1on; "kfnpening with Govwmm.ent Rac:ord.; El.e.ctio.rt Freud - Fals Jt R1l-fraoo- n Address | Vote,; A "stratfon | Cl<.87H4-22Si7 | I Count - Fe:lse, Statement or, Applltotloo. 1 Count Iornp&r<>g witfl.• Goi..&/ntnent llt.•cord, 1 C'oun E bon **Frei.Id** | | 8/12/2020 | E.C. U.007:- pc., 37.10,, E.C. 276 813. | Pro>Seal!jcll c:.,; 0\Io;-.lj'r'c'gfl.n • stii<<J.ltoo  fh<& commrfsstoo cf I Count Fa • St•t•me't'1t eon Appft.cation.r t toont ru.rnperiin:o-with a Government Reca.rd; I count El\ction fraud |
| Harris | Name Removed | elise Statement on Registration Appllcation; Tampering with Government Record; Election Fraud - False Registration Address | Voter Registration | | I Count - False Statement on Application, 1 Count Teimpering with a GovP.rnment Record, I Count Election Fraud | | 8/21/2020 | E.C. 13.007; P.C. 37.10; E.C. 276 013 | Prosecution Diversion Program - stipulation to the commission of I Count False Statement on Application; 1 Count Tampering with a Government Record; I Count Election Fraud |
| Harris. | **ludilh** 2Jdmel.in.in | false Statement"on P..e nstrat1011Appil<•lion; T'11nn. !ng with \1` C't•. | Vote,. Rt0isU•at | 0!8n44-22.9r7 | I C'a'I.rtt - False Statement on Applicattoll. 1 Count "ternpet!ng with• | 3 | 9/2/2020 | E.C. 13.001; P.C 37.10; | rtos.tCUb0i' OjveJSkin l?l"ogram - sdpu!1Mon m the <Ommlukin: of 1.Cbunt Fals4i Statement on <°P.(.ilbtion_.1. Count Tampering, with a |
| | | R•<:ord; Election fraud- False "\•gls!{ati041 *Addf*- | | | GQvernment Record. L Count Electtoo Fraud | | | E.c. .on | Gov nn--nt Rea>rd;  COant Electi'OI!'\ fraud |
| | | False Statement on | | | I Count - False Statement | | | | Prosecution Diversion Program - stipulation to the |
| Harris | Antonia McClammy | Registration Application; Illagal Voting; TBmpering with Government Record; Election Fraud - False Registration Address | 2018 Generilllt Election:  2019 **Special Election** | CX8794422517 | on Application, 2 Counts Jllegjll Voting, 1 Count Tampenno with a Government Record, I Count Election Fraud | | 8/21/2020 | E.C. 13.007; E.C. 64.012; P.C. 37.10; E.C. 276.013 | commission of I Count False Statement on Application; 2 Counts Illegal Voting; 1 Count Tampering with a Government Record; I Count Election Fraud |
| | | fatlia Statement on. | | | I Count" - F'a!se Sut.mant | | | | |
| *Ha--rr* | Luil/Clo• | ReQistration Appl1catf0n.: Ufegal Vot!19; n,nennnQ''.,,llh G'oveirrunerJt R .ord; e  o | 2018-G4.a<•t E1o<%1o | 0<.&7944n511 | on **Applotlo•,**l 1'.:diimt utegal V<ftullg, 1 C:OOM I'tmp-lll\.t1Q' ith.,i | | 8/20/-tD-20 | ec. u.ooJ; O.. M.012; PC. 37.10; | I.'rosewt,on £>Ners:lO{l Program - 5ti lat:.on. to the t0mm1ssion. of !. Count fafsa Statement on .Awr""'on; I *Cou,\r* Jll.gotVoMg; I Count |
| | | Frat•' fai;Jse. A. !ltration. Addtass | | | Govermmeol: Rec:ord, I. Count Elactlon fraud | | | EC  276.013 | &mpe-rmq with a GoVt!mme:nt Record; t Couflt Election Fra-ud |
| | | Unlawfully Assisting Voters with | 2020 Presidential | | 10 Counts Unlawfully | | | | Prosecution Diversion Progr!lm - stipul!tion to the |
| Medina | A. Hitzfelder | Mail Ballot Applications | Election | CX8093477769 | Assisting Applicant | 10 | 05/19/21 | E.C. 84.003 | commission of 10 counts Unlawfully Assisting lie.ant |
| | | R  'fal2.Statement .o°fh•oal | | | I Cou t: - Fa:ls::a Sti!ei:nent on Applicatioo.. I CO.umt | | | E.C. U.0117; | Prosecutron-ONers n Program .. stlp tatcOll tc the. comm.s:r:.lion of 1 Count Fatse- St•e.met't.t on |
| L<mood< | Cll0PS!Op!<>< Dan11yre | Vo!fug: **TamP,ecj** ..1.h **Gwe, -Ro<>t<J/** EJo<:tlao Fra.f.ld | Wl&**G1nenl  1<>** | 0($7643588-48 | lll"!lOl \/ot,aQ, I Coo • Tunpll\tng witl\ • Government Ra rd, I Count S.ctloo Fraud | | 09/02/21 | E.C. 64.0U; P..C.,)7.W; E'C. **216.0ll** | Applica0on. i **C.....,,** nle,:al \/ tw,g; 1 Count **Tam** with• Gowcnment Rtl!a'.lC'd; t. Count l0cti<>b fnsud |
| Gu!ldalupe | Gregory Gilcrease | Illagal Voting; Election Fraud; FalS&. Statement on Registration Application; Tampering with a Government Record | 2018 General Election:  2020 General Election | CX3419210173 | on Registration Application, I Count Tampering with a | | 10/28/21 | E.C. 13.007; E.C. 64.012; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application; 2 Counts Illegal Voting; I Count Tampering with a Government Record; 1 count Election Fraud |
| | | | | | I cc,.unt of **Engadng** in **Organiacad** Eloction Freud, (F2), 7 counts of Fra:uch,ll.ant-Use,.of an Ab-,ll,caobon for Ba ot by | | | | |
| | Stra""'!' Eve,;ette Orgaolm<I !!ls<•a l'raod ,.VAt• | | 2018 Demo<;ianc | | Mall (n), *i* <oun or | | | E.:.c 27G.on: | Cans•ted or E.c. 276..0t:l Efea:tan fraud, ond |
| Gr''Olf _. | 6raw.o | H&nl''tll!9 | Pltimary | S SHl:. | -1J I!1wfull P9Ss es. ll'l *of* | *n* | 1120/2022 | iM.004 L; 86.,606/ | S6n l:ed to :l.yr  countyJa1a, probated *tor* 1 yr. |

e. 011e.11ot Envelope,
**S3'),** S ecornts ofE!-.tion  Fr-attdl (Slf)., and S. c.ourtts,  af^ Tam rn'lO W!.ish; a

Gov\emme.n.t
a.J Rec.ord
SJf

276.6r3.['<'.: 3?.10
and f2,00.03,
Public •Ji>Ol>oO'f' r
u1 l ...i ••
ai,ndif'l\on of pl&ai
deal.

Information as
of 4/20/2022

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Gregg< | Marlena Roseanne Jackson | Organized Election Fraud - Vote Harvesting | 2018 Democratic Primary | 50949-B | Organized Election Fraud (Fl), 1 count of Illegal Voting (F2), 31 counts of Fraudulent Use of an Application for Ballot by Mail (F3), 7 counts of Unlawful Possession of Ballot/Ballot Envelope (SJF), 31 counts of Election Fraud (SJF), and 26 counts of Tampering with a Governmental Record SJF | 97 | 1/20/2022 | E.C. 276.011, 64.012; 84.0041; 86.006; 276.013; PC 37.10 | Convicted of E.C. 276.013 Election Fraud, and sentenced to 1 yr county jail, probated for 1 yr. and $2,000 fine. Public apology required as condition of plea deal. |
| ...._ ₃ | Ch.ti • ll<l• i:, lf | Organized Election fraud • Vote -ting | 2018 Democratic Primary | ]¡ 5 5,t.-0 | **Ofoonlied Election Fraul)** (P3), l <Ofint of Fr•udul"'t Use∂ an AppliaHon for Ball<>t by **Mall** (Slf'). 5 counts of Unlawful Possession of a Beltottl'allot En elope (SJF), **and** l count of Tempeng with a Governmel"'ta; Record | **8** | **1/27/2022** | f:.C. 276.011; **84,0041; 86.006;** **276.013; PC 37.10** | Ccinvicted of E.C. 86.006 Unta'Nful Posse:ssiOO of **Bal!Gt***with* **Intent to Oelraud. S.ntanced** to 1 **yr** <oonfy Jell, probat..:1 **for 1 yr.** |
| Grew( | DeWayne Ward | Organized Election Fraud - Vote Harvesting | 2018 Democratic Primary | 50947-B | 1 count Engaging in Organized Election fraud (Fl), 1 count of Unll!lwful Possession of Ballot or Carrier Envelope without the Consent of the Voter (F2), and 4 counts Unlawful Possession of Ballot/Ballot Envelope (SJF) | | 1/31/2022 | E.C. 276.011; 86.006 | Convicted of E.C. 86.006 Unlawful Possession of Ballot with Intent to Defraud. Sentenced to 1 yr county jail, probated for 1 yr. |
| B•- | O;iwkl Tr.. lro | Illegal Voting | ZO1SR n Prima, | CR-21-1>000047 | 1 count ?!Igal Vobng (F2) | | 3/S/2022 | 0.C. 64.012(bJ | PrOS4tc tion Ofv on Program - l count Illegal lloti |
| Guadalupe | Stan "Stash" Boyle | Tampering with Government Record • Application for CancNdacy - Felony Conviction/Ineligible for Office | 2017 City of Cibolo Election; 2019 City of Cibolo Election | 19-2108-CR-C; CCL-19-0809 | count o ggravate Perjury, 1 count of Tampering w/Government Record with Intent to Defraud, l count of Tampering with a | | 4/12/2022 | P.C. 37.03; **P.C.** 37.10 | Pied Guilty to 1 count Aggravated Perjury (F3) and 1 count Tampering with a Government Record with Intent to Defraud (SJF). Placed on 4-year deferred adjudication probation. |

Total Count,/ Offenses     691

,--------------,M⁷o  r :=:r 1  ;it=ᵗF     ud ---- 44 4 ----- 6 4 %---;rrNo t . ,.-,Qn,Fc an to v .,. p in=,. u=. ct,v , ty-, nv o v , ng tw=o o , rn o ,. o -,

| Number of offenses related to cases involvin | Assistance Fraud lite al Votin | 169 189 | 24% 2711/o | mall ballot fraud, assistance fraud, and illegal voting in the same case ma  result in totals > 100%. |
|---|---|---|---|---|

2015-Dr.. ent     421)

· County offense occurred/County offense prosecuted. l. For complete information on disposition, see judgment and sentence.  Prosecution Diversion p rogram includes an acknowledgment of the comm1ss1on of offense/s.

· Prosecuted by or with assistance of local distnct/county attorney. l) Cause number, where avail!!ble; otherwise, OAG investigation or prosecution case number.

This document is not a summary of all election violations in this state.  This document does not record or l"'eport offenses handled exclusively by local law enforcement, district or county attorneys, or federal authorities.  This document only reflecta cases inveftigated and/or prosecuted by the OAG.



| Hidalgo | Marcela Gutierrez | Unlawfully assisting/influencing voters; illegal voting | 2016 City of Hidalgo Runoff Election | CR-18-08299-G; CR-18-08300-G; CR-18-08301-G; CR-18-08302-G; CR-18-08303-G; CR-18-08304-G; CR-18-08305-G; CR-18-08306-G; | Misdemeanor cases 1-10 - Unlawfully Assisting/Influencing Voters; Felony count 1 - Illegal Voting | 11 | 6/1/2018 | E.C. 64.036; 64.012 |
| Hidalgo | Sylvia Arjona | Unlawfully assisting/influencing voters | 2016 City of Hidalgo Runoff Election | CR-18-08167-H; CR-18-08168-H; CR-18-08169-H; CR-18-08295-H | Counts 1-4 - unlawfully assisting/influencing voters | 4 | 5/31/2018 | E.C. 64.036 |
| Tarrant | | | | 1565415 | Counts 1-9 - False Statement on Mail Ballot Application | | | E.C. 84.0041 |
| Tarrant | Laura Parra | False Statement on Mail Ballot Application; Vote Harvesting/Mail Ballot Fraud | 2016 Democratic Primary Election | 1565155 | Counts 1 - False Statement on Mail Ballot Application | | 10/10/2018 | E.C. 84.0041 |

Information as of 4/20/2022

17

| Harris L. | Anthony Rodriguez | Election Fraud - False Statement to Election Official | 2018 General Election | 1629438 | Counts 1-2 - Election Fraud | 2 | 4/26/2019 | E.C. 276.013 |
|---|---|---|---|---|---|---|---|---|
| | | | | CR;.2.0S6·i9-·A. | Count i - En«<>iJlIltJ in Orga,.lzed. Election Frnud C"!'"lntifl-12 ;,mega! Voting | | | |
| | | | | CR-1.057-19-·A | Count 1 - Engagino in Organized Election Fraud Counts 2-3 • LIlegal Voting | | | |
| | | | | CR-•20SB-19-A | Cotlht1 Erigagl!',ql 9!'Jlatlized ... EI oo Fraud'· | | | E.C. 276.011; |
| | | | | ],.j'laa__:fj, Ji...;1d"'F' ,'-; c;,IJ! tlf<>tk)o,.rb./ | | | | |
| Hidalgo· | Araceli Gutierr<>z | | | CR-3349-19-A | Count 1 - Engaging in Organized Election Fraud Count 2 - Illegal Voting | 2 | 8/22/2019 | E.C. 64.012 |
| | | | | | | | | L. ij7C/,·-,-"·f, |
| | | Illegal Voting | 2017 City ol Edinburg Election | CR-3343-19-A | Illegal Votir,g | | 8/22/2019 | E.C. 64.012 |
| | | | . f1ti:7Citvbf EdinoJ,'fr' | | :::I::E::-  4/,/ | | s/22/iq, '·' | |
| | | | 2017 City of Edinburg Election | CR-3341-19-A | Illegal Voting | | 8/22/2019 | E.C. 64.012 |



[Information as of 4/20/2022

17



E.C. **64.012**

E.C.-**017**

2017 City of Edinburg Election

E.C. M.OIZ

| Hidalgo· | 1o e Martinez | Iliegal Vot.ng | 2017 City of Edinburg Election | CR-3347-19-A | Illegal Voting | 8/22/2019 | E.C. 64.012 |
| | | | | CR:J491-19·A | Illegal Voi.fog | | E.C 64.012 |
| **Hidal**go' | Ludivina Leal | Illegal Voting | 2017 City of Edinburg Election | CR-3492-19-A | Illegal Voting | | E.C. 64.012 |
| Hidal(I<)' | Rosendo Rodnguez | Illegal Voting | ZO!7 City o, Edinburg Election | CR-3345-19-A | Illegal Voting | | E.C. 64.012 |
| Hidalgo· | | Illegal Voting | 2017 Oɪy of Edinburg Election | CR-3337-19-A | Illegal Voting | 8/22/2019 | LC. 64.012 |

P c⁺jz.o 1h°
PⱼC )7.JO'

| Limestonec | Kelly Reagan Brunner | Voter Registration Fraud • Vote Harvesting | 2020 Presidential Election | 15126-A | 67 counts Purportedly Acting as Agent (F3), 67 counts Election Fraud  SJF | 134 | 10/21/2020 | E.C. 13.006; 276.013 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Medina/ Bandera-t | Leonor Rivas Garza | Organized Election Fraud - Vote **Harvesting** | 2018 Republican Primary | | count .ngagmg in rganiz Election F@ud (FI); 2 counts **Illegal** Voting (F2); 8 counts of Unlawful Possession of Ballot/Ballot Envelope Enhanced (SJF); 2 counts Election Fraud Enhanced (SJF); 5 counts Fraudulent Use of Mail Ballot | 18 | 2/9/2021 | E.C. 276.011; E.C. 64.012; E.C. 85.006; E.C. 276.013; E.C. Efl.0041 |
| | | | 2018 Republican Primary | CR21-021 | 1 count ngagmg in rgaruze E'lection Frn d (FI); 17 counts Unlawful Possession of Ballot/Ballot Envelope Enhanced (SJF); 17 counts Unlawfully Assisting Voter Voting Ballot by | | | E.C. 276.011; E.C. 86.006; E.C. 86.010 |
| | | | | | (SJF); 8 counts **Eledioiffi'.a**. | | | |
| Bexar/ Kendall· | Ract,al 'Ra1:1uel1' Rodriguez | **Vote**Harvesting, Assistance Fraud, Illegal Voting, Election F,aud | 2020 Presidential El<>ction | 8231; 21-078-CR | **inten-t to  defraud,  victim over 65** (SJF);  1 count Unlawful Assistance (Cl A); 1 count Election Fraud (Cl | 4 | :i/1/2021 | .C. 64.012; E.C. 86.006; E.C. 64.036; E.C. 276.013 |
| | il1eoalVotfu11 | | 2018 General ilmd' Sl)e'cial | 21-QLi-088QfCR | | . 2  ( ' | | E.C.¹ .'OI2 .. |

I

| Total Counts/ **Offenses** Pending **Prosecution** | 410 |

'County offense occurred/County offense prosecuted. | *Investigated by local law enforcement and referred to OAG for prosecution | 'Prosecuted by or with assistance of local district/county attorney.

This document is not a summary of all election violations in this state. This document does not record or report offenses handled exclusively by local law enforcement, district or county attorneys, and federal authorities. This document only reflects cases investigated and/or prosecuted by the OAG.