

**Office of the Attorney General**
**Law Enforcement Division**
PO Box 12548
Austin, TX 78711

EXHIBIT 4
WIT: _____
DATE: 8/11/23

Incident # CX_____

Title **Sgt. Don Smith - Supplemental Report**

Reported **01/20/2023**   12:26   Friday

## INTRODUCTION

3.0. On December 15, 2022, I, Sergeant (Sgt.) Don Smith, with the Texas Office of the Attorney General (TX OAG) filed captioned investigation with the Guadalupe County Attorney's Office located at 211 W Court St, Seguin, TX 78155. Specifically, I met with First Assistant County Attorney, James Wheat, and presented him with both the physical and digital case file which included the investigative report and corresponding exhibits.

## INVESTIGATIVE NOTES

3.01. On January 3, 2023, Robin Villarreal, a paralegal with the Guadalupe County Attorney's Office, contacted me by phone and requested basic identifiers for Lisa Hayes. Villareal stated that she needed identifiers to include Date of Birth, address, and/or Texas driver's license information. I advised Villareal that I would obtain those identifiers and contact her at a later time to provide them. Villareal provided me with an email which listed her contact information.

3.02. On the same date, I submitted an analyst request form to Criminal Intelligence Analyst (IA), Keri Kagawa. In the request, I acknowledged that I only needed Hayes' driver's license information to ensure that I had the correct identifiers to provide to the Guadalupe County Attorney's Office.

3.03. IA Kagawa provided me with Hayes' identifiers directly from her Texas driver's license (EXHIBIT 3.1). I sent Villareal an email to provide the Guadalupe County Attorney's Office with Hayes' identifiers.

3.04. On January 13, 2023, I was contacted by Guadalupe County Attorney Wheat. Wheat sent met an email which stated that their office had declined charges against Hayes. Attached to the email was an official letterhead from his office formally declining charges signed by County Attorney Wheat. This letter will be added as (EXHIBIT 3.2).

## CONCLUSION

3.05. I presented captioned investigation to the Guadalupe County Attorney's Office on December 15, 2022. I briefed County Attorney Wheat on the investigation and provided him with the digital and physical case file. On January 13, 2023, County Attorney Wheat advised me via email that their office was declining charges against Hayes. As a result of the declination by the Guadalupe County Attorney's Office, I will be submitting this investigation for closure.

## LIST OF EXHIBITS:

EXHIBIT 3.1. Hayes, Lisa Beth - DLIR 01032023

EXHIBIT 3.2. Hayes Declination Letter

| Officer ID | | Agency | Reviewed By | Date |
|---|---|---|---|---|
| Donald Smith, Sgt. | DHS3 | OAG | Eleazar Garcia, Lt. | 01/30/2023 |

Printed By/On: JKG2 / 05/04/2023 11:48:52
CrimeStar® Law Enforcement Records Management System
Licensed to: TX ATTORNEY GENERAL - AUSTIN



| Office of the Attorney General<br>Law Enforcement Division<br>PO Box 12548<br>Austin, TX 78711 | Supplement<br>Page 3 |
|---|---|
| | Incident # **CX1078159982** |
| Title **Sgt. Don Smith - Supplemental Report** | |
| | Reported **12/14/2022** 07:16 Wednesday |



heat. Wheat and I agreed to meet on December 15, 2022, at the Guadalupe County Attorney's Office located at 211 W. Court St. Seguin, Texas 78155. I will be presenting captioned investigation for review to Wheat on that date and time.

**CONCLUSION:**

2.18. I will be filing this case for review to the Guadalupe County Attorney's Office to determine if there is probable cause to charge Hayes with Section 33.061 of the Texas Election Code: **Unlawfully Obstructing a Watcher.** ▇▇▇ alleged that Hayes committed this offense by knowingly preventing him from observing election supplies be secured from other polling locations to the Seguin Elections Office on February 25, 2022. Further, ▇▇▇ alleged that Hayes committed this offense again by denying him the opportunity to observe the early vote tapes on March 8, 2022. Based on interviews with Hayes and Doss respectively, Hayes believed on interpretation of the Texas Election Code, that she did not commit an offense because ▇▇▇'s appointment as poll watcher on February 25, 2022, was not applicable to all other polling locations. Further, Hayes believed that she was not in violation of the Texas Election Code on March 8, 2022, because ▇▇▇ was requesting early vote tapes on central counting day; Hayes contacted the Texas Secretary of State's Office for guidance on the matter and was told that she did not have to present the tapes to ▇▇▇ because early voting activities were no longer taking place.

**LIST OF EXHIBITS:**

**Exhibit 2.1: Audio Recording with Missy Doss**

| Officer ID<br>**Donald Smith, Sgt.** | **DHS3** | Agency<br>**OAG** | Reviewed By<br>**John Green, Capt.** | Date<br>**12/14/2022** |

Printed By/On: JKG2 / 05/04/2023 11:48:51
CrimeStar® Law Enforcement Records Management System
Licensed to: TX ATTORNEY GENERAL - AUSTIN



Office of the Attorney General
Law Enforcement Division
PO Box 12548
Austin, TX 78711

Supplement
Page 2

Incident # CX1078159982

Title **Sgt. Don Smith - Supplemental Report**

Reported 12/14/2022   07:16   Wednesday

2.9. Doss stated that she is familiar with the poll watcher whom I was referencing and identified him as ▮▮▮▮▮▮▮. Doss stated that ▮▮▮▮ wanted to see the results of the election at the end of early voting. Doss stated that it is illegal for them to give information on who is winning before election day. Doss stated that ▮▮▮▮ would quote the section of the Election Code that stated he could have access; however, Doss stated that he was wrong. Doss has not had a lot of face-to-face encounters with ▮▮▮▮. Doss stated that poll watchers are supposed to direct their questions to the early voting judge, which is Hayes.

2.10. Doss stated that ▮▮▮▮ is a very angry person and has made insinuations that he would take Hayes' job in the future. Doss stated that she was never present when ▮▮▮▮ was asked to leave. Doss was likely doing tabulations at the time.

2.11. Doss stated that Hayes is the first EA that she can recall who called the state whenever she needed guidance. Hayes does not take it upon herself to make decisions on how to interpret the Election Code when there is a question.

2.12. Doss stated that early voting for the March 1, 2022, Primary Election would have been from February 14th through the 25th. Doss stated that she was at the office on February 25, 2022. Hayes and ▮▮▮▮ were having a conversation on that date, but she was not necessarily within hearing distance of the conversation and did not take it upon herself to eavesdrop. Doss stated that Hayes wanted to call the state during that encounter, but it was after hours and there was no one there to take her call. Hayes contacted the EA from Williamson County for guidance on assisting ▮▮▮▮ with paperwork. The guidance that Hayes received was to help ▮▮▮▮ with his paperwork if she could. Doss stated that ▮▮▮▮ may have had the wrong paperwork for the appointment of a poll watcher.

2.13. I asked Doss if she recalled a conversation between Hayes and ▮▮▮▮ about him wanting to stay and watch the equipment from other sites be secured. Doss stated she was not present for that conversation; however, Hayes later informed her that ▮▮▮▮ paperwork was to observe early voting and it was no longer early voting which had ended at 7:00 PM. Doss recalled that ▮▮▮▮ left angry because he could not stay. Doss stated that they were not touching ballots or tabulating; they were just moving the equipment to the warehouse which did not constitute early voting or central counting activities. Doss reiterated that she was not standing there during the conversation. Most of what Doss knows was relayed to her after the fact by Hayes.

2.14. I asked Doss about the incident on March 8, 2022. Doss stated that March 8th would have been the ballot board meeting and she would have been tabulating on that day. Doss did not have any knowledge of ▮▮▮▮ asking to see any election materials on that date.

2.15. Doss stated that on one election, an individual was calling Hayes very upset and threatening to have her arrested. Doss does not know who it was that was calling, but she believed that it was ▮▮▮▮. Doss stated that ▮▮▮▮ seeks their demise for some reason. Doss cannot recall ever having any encounter with ▮▮▮▮ prior to the March 1, 2022, Primary Election.

2.16. Sgt. Forister and myself concluded the interview with Doss and advised that I would contact her should I have any further questions.

2.17. On December 12, 2022, I was contacted by Guadalupe County First Assistant Attorney, James W

| Officer ID | | Agency | Reviewed By | Date |
|---|---|---|---|---|
| Donald Smith, Sgt. | DHS3 | OAG | John Green, Capt. | 12/14/2022 |

Printed By/On: JKG2 / 05/04/2023 11:48:51
CrimeStar® Law Enforcement Records Management System
Licensed to: TX ATTORNEY GENERAL - AUSTIN



**Office of the Attorney General**
**Law Enforcement Division**
PO Box 12548
Austin, TX 78711

**Supplement**
Page **1**

Incident # **CX1078159982**

Title **Sgt. Don Smith - Supplemental Report**

Reported **12/14/2022**  **07:16**  **Wednesday**

## INTRODUCTION:

2.0. On October 14, 2022, I, Sergeant (Sgt.) Don Smith with the Texas Office of the Attorney General (TX OAG) was contacted by Lieutenant (Lt.) Eli Garcia. Lt. Garcia advised that investigation CX1078159982 involving a poll watcher complaint out of Guadalupe County was going to be assigned to me. I had previously assisted Lt. Garcia on an interview of Guadalupe County Elections Administrator (EA) Lisa Hayes. Lt. Garcia stated that another interview needed to be conducted at this time and that the case needed to be presented to the Guadalupe County Attorney's Office.

## INVESTIGATIVE DETAILS:

2.1. On October 28, 2022, I reviewed Lt. Garcia's report and identified the individual who still needed to be interviewed in this investigation as Hayes' Assistant EA, Missy Doss. Lt. Garcia documented in his report that Doss may have been present during a conversation between Hayes and ▉▉▉▉▉ on February 25, 2022.

2.2. On November 14, 2022, I contacted the Seguin Elections Office at (830) 303-6363 and requested to speak with Doss. I was advised that Doss was at lunch. I left a message for Doss to call me back regarding scheduling a time to meet with her.

2.3. On the same date, Doss contacted me by phone. I explained to Doss that I was requesting an interview regarding an investigation in which she may have been a witness to conversations between the complainant and Hayes. Doss stated that she was available. Doss and I agreed to meet on November 18, 2022, at 9:00 AM at her office located at 215 S. Milam St., Seguin, Texas 78155.

2.4. On November 16, 2022, Lt. Garcia advised that I coordinate with Sgt. Todd Forister to assist on the interview. I contacted Sgt. Forister and confirmed his availability for the interview on November 18, 2022, with Doss.

2.5. On November 18, 2022, Sgt. Forister and myself interviewed Doss at the Seguin Elections Office located at 215 S. Milam St., Seguin, Texas 78155. The interview was audio recorded (EXHIBIT 2.1).

2.6. Below are the results of the interview with Doss on November 18, 2022. This is my best interpretation of what Doss stated after listening to the recording. The recording should be reviewed for the verbatim account of the interview.

2.7. I began the interview by explaining that Sgt. Forister and myself were there to follow up on an investigation regarding a complaint against Lisa Hayes made by a poll watcher. I explained that the poll watcher made two allegations against Hayes. The first allegation was that the poll watcher stated that he was told to leave on the last day of early voting when he had requested to stay on site to watch the equipment be secured. The second allegation was that the poll watcher had asked to see election materials on March 8, 2022, but was denied.

2.8. I began the interview by asking Doss what her role is at the Seguin Elections Office and how long she has been at the office. Doss stated that she has been at that job for 22 years, with 17 of those serving as the Assistant EA. Doss stated that she does the tabulations.

| Officer ID | | Agency | Reviewed By | Date |
|---|---|---|---|---|
| Donald Smith, Sgt. | DHS3 | OAG | John Green, Capt. | 12/14/2022 |



Case 5:21-cv-00844-XR   Document 747-26   Filed 09/01/23   Page 5 of 20

| Office of the Attorney General | Page **16** | **Incident** Cont'd |
| Law Enforcement Division | **Narrative** | Incident # **CX1078159982** |
| Crime / Incident (Primary) *EC Election Code Violation* | Attempt ☐ Type | *General Report* | Seq **1** |

In the email, Hayes did not address if she had a copy of ▮'s certificate of appointment dated 03/01/2022 but she did mention that she was unable to locate the certificate of appointment dated 03/08/2022.

1.58 On 10/18/2022, this case was reassigned to Sgt. Donald Smith.

List of Exhibits

```
EXHIBIT 1:    Request to Investigate
EXHIBIT 2:    Incident Report # 22-02803 - Sgt. Robert E. Murphy, Guadalupe County
Sheriff Office
EXHIBIT 3:    Supplement Report # 22-02802 - Sgt. Russell Koehler, Guadalupe
County Sheriff Office
EXHIBIT 4:    Texas Online Poll Watcher Training Certificate of Completion
EXHIBIT 5:    Complaint
EXHIBIT 6:    Handwritten notes
EXHIBIT 7:    Written Request for Inspection of Election Records and Copies of
Audit Logs - Appendix 1
EXHIBIT 8:    Email from Christina Adkins to ▮
EXHIBIT 9:    Email from ▮ to Christina Adkins - Appendix 3
EXHIBIT 10:   Email from ▮ to Christina Adkins - Appendix 4
EXHIBIT 11:   Email from Charles Pinney to ▮ - Appendix 5
EXHIBIT 12:   Texas Election Code Statutes - Appendix (no number designation)
EXHIBIT 13:   Preservation Request - Guadalupe County Election Administrator
EXHIBIT 14:   Guadalupe County S.O. recorded interview with ▮
EXHIBIT 15:   Recorded interview with Sgt. Russell Koehler
EXHIBIT 16:   Recorded interview with ▮
EXHIBIT 17:   Poll watcher notes (Milam St) dated 02/25/2022
EXHIBIT 18:   Poll watcher notes (Ballot Board) dated 03/08/2022
EXHIBIT 19:   Poll watcher notes (Morning and Mid-day) dated 03/01/2022
EXHIBIT 20:   Poll watcher notes (Ballot Board) Duplicated 03/01/2022
EXHIBIT 21:   Voting Equipment Display Screen Counts 03/01/2022
EXHIBIT 22:   Poll watcher notes (Election and Mid-day) 03/01/2022
EXHIBIT 23:   Appendix - Election Code
EXHIBIT 24:   Certificate of Appointment ▮ - Early Voting
EXHIBIT 25:   Interview with Lisa Hayes
EXHIBIT 26:   Certificate of Appointment ▮ - Election Day
```

| Officer ID *Eleazar Garcia, Lt.* | ERG3 | Reviewed By *John Green, Capt.* | Approved *YES* | Date *12/14/2022* |

Printed By/On: JKG2 / 05/04/2023 11:48:50
CrimeStar® Law Enforcement Records Management System
Licensed to: TX ATTORNEY GENERAL - AUSTIN



| Office of the Attorney General | Page **15** | **Incident** Cont'd |
| Law Enforcement Division | **Narrative** | Incident # **CX1078159982** |
| Crime / Incident (Primary) *EC Election Code Violation* | Attempt ☐  Type *General Report* | Seq *1* |

gave him authority to remain at the election office while early voting activities were taking place, and once those activities were complete, his certificate of appointment was no longer valid. Hayes stated that ▓▓▓ ultimately left the election office without incident after he was told he could not stay any longer. I then asked Hayes if there had been any witnesses to her interaction with ▓▓▓. Hayes informed me that her assistant election administrator, Missy Doss, may have overheard her conversation with ▓▓▓.

1.54 I then informed Hayes of the second allegation made by ▓▓▓. I explained to her that ▓▓▓ reported he served as a poll watcher on 03/08/2022 at the election office during Central Count activities. ▓▓▓ claimed that on that day he presented her with a document titled "Written Request for Inspection of Election Records and Copies of Audit Logs", which he signed and dated 03/08/2022 (See EXHIBIT 7). The document served as ▓▓▓'s request to view the early vote tapes. Hayes confirmed that ▓▓▓ was present at the election office on 03/08/2022, and that she did receive the document from him. Hayes explained that the early vote tapes that ▓▓▓ was requesting to view were printed out on the last day of early voting, 02/25/2022. Hayes stated that ▓▓▓ was present at the election office on that day and did not request to view the tapes. She said the early vote tapes, along with all the other election records from that night, had already been secured and stowed away. She stated that when ▓▓▓ presented her with his request early voting activities were no longer taking place at the election office and Central Count activities were in progress. Hayes stated that in order to fulfill ▓▓▓'s request she would have had to stop Central Count activities to locate and retrieve the tapes he wanted to see which would have interrupted and delayed operations. Hayes informed me that she contacted the Texas Secretary of State's Office for guidance on the matter and was told that she did not have to present the tapes to ▓▓▓ because early voting activities were no longer taking place. Hayes said she relayed the information provided by the Texas Secretary of State to ▓▓▓ and he seemed upset that his request was not going to be fulfilled. I asked Hayes if she instructed ▓▓▓ to leave Central Count after the incident. Hayes said she never asked ▓▓▓ to leave, and she believed ▓▓▓ left on his own free will sometime after their interaction occurred. After hearing Hayes' response to ▓▓▓'s allegations, I felt that no further explanation was needed from her.

1.55 I concluded the interview at approximately 8:58 AM.
1.56 On 09/09/2022, I emailed Lisa Hayes and requested that she provide me with copies of the Certificates of Appointment of Poll Watcher that she had on file for ▓▓▓ for the following dates:

02/25/2022
03/01/2022 (See EXHIBIT 24)
03/08/2022

1.57 Later that day, I received an email from Lisa Hayes containing a copy of the following Certificate of Appointment for ▓▓▓:

Certificate of Appointment of Poll Watcher by a Candidate dated 02/25/2022 (EXHIBIT 26)

| Officer ID *Eleazar Garcia, Lt.* | ERG3 | Reviewed By *John Green, Capt.* | Approved *YES* | Date *12/14/2022* |

Printed By/On: JKG2 / 05/04/2023 11:48:50
CrimeStar® Law Enforcement Records Management System
Licensed to: TX ATTORNEY GENERAL - AUSTIN

| Office of the Attorney General | Page **14** | **Incident** Cont'd |
|---|---|---|
| Law Enforcement Division | **Narrative** | Incident # **CX1078159982** |
| Crime / Incident (Primary) *EC Election Code Violation* | Attempt ☐ Type *General Report* | Seq *1* |

1.51 I advised Hayes that ▇▇▇▇ made two allegations against her. The first allegation reportedly occurred on the last day of early voting, 02/25/2022. I explained to her that ▇▇▇▇ claimed she did not allow him to remain at the election office passed closing time to witness the voting equipment being returned to the office from the outlying voting sites and observe it being secured into what he referred to as a "cage". I told her that ▇▇▇▇ claimed he informed her that it was his intention to remain at the location to view these activities, but that she had informed him he would have to leave once the office was closed for early voting. Hayes confirmed that the election equipment was secured in a cage at the end of the night and added that the Texas Election Code also required voted ballots to be placed in the cage and put under video surveillance. She went on to explain that voting equipment with USB sticks still intact counted as voted ballots and were also secured in the same manner.

1.52 After confirming that the voting equipment was properly secured, I asked Hayes if she was familiar with the statute in the Texas Election Code (Chapter 33, Section 33.053 - Hours of Service at Early Voting Place) that allowed for poll watchers present during early voting to remain at the location until completion of the securing of the voting equipment at the close of voting each day. Hayes acknowledged that she was aware of the statute and added that ▇▇▇▇ was poll watching at the Guadalupe County Election Office which was designated as the main early voting location. Hayes verified that ▇▇▇▇ told her he wanted to remain at the location until all the other early voting sites returned their supplies to the election office but stated that ▇▇▇▇'s Certificate of Appointment of Poll Watcher only entitled him to observe activity taking place at that location and was limited to only observing the equipment used there be secured. She stated that it did not allow him to remain at the location to observe equipment being returned from outlying polling sites. Hayes explained that the delivery of the voting supplies from outlying sites was considered a separate activity and ▇▇▇▇ would have had to have been appointed as a poll watcher at each of those sites to be entitled to follow the equipment from those sites to the election office and observe it being secured. Hayes also pointed out that ▇▇▇▇ never informed her that he wanted to observe the equipment being used there (election office) be secured at the end of the night but confirmed that he remained there to do so.

1.53 Hayes stated she had a discussion with ▇▇▇▇ on the matter and referred to the statutes in the Texas Election Code and to the Poll Watcher Handbook for guidance on how to handle it. She said she also attempted to contact the Texas Secretary of State's Office to inquire on the matter, but it was after 5:00 PM when she called and the office was closed. Hayes verified that she made her decision to not allow ▇▇▇▇ to remain at the location until all the equipment was returned based on her interpretation of the Texas Election Code. Hayes went on to clarify that only ballots and supplies from the outlying sites were returned to the election office at the end of the night and the actual voting equipment remained at their respective locations until it was picked up the following day. Hayes explained that once early voting was over and all activities associated with early voting were complete, the election office was no longer considered an early voting station and transitioned to being a receiving station. Hayes stated that ▇▇▇▇'s certificate of appointment only

| Officer ID *Eleazar Garcia, Lt.* | *ERG3* | Reviewed By *John Green, Capt.* | Approved *YES* | Date *12/14/2022* |
|---|---|---|---|---|



| Office of the Attorney General<br>Law Enforcement Division | Page **13** | **Incident** Cont'd |
|---|---|---|
| | Narrative | Incident # **CX1078159982** |
| Crime / Incident (Primary)<br>*EC Election Code Violation* | Attempt ☐  Type | *General Report* | Seq **1** |

1.45 In addition to EXHIBITS 17 - 24, ▇▇▇ also provided several documents related to the election that he kept as records. I reviewed those documents and determined that they did not directly impact the allegations ▇▇▇ made against Hayes. The documents were recorded onto a disk and placed into the case file.

1.46 On 09/07/2022, at approximately 8:32 AM, Sgt. Donald Smith and I met with Guadalupe County Election Administrator Lisa Hayes at her office in Seguin to discuss the allegations made against her by ▇▇▇▇▇▇▇▇. Present during the interview were Hayes, Sgt. Smith and I. I used a digital recorder to record the interview and held a copy of the recording as evidence (EXHIBIT 25).

1.47 I informed Hayes that we were here to discuss the allegations made against her by ▇▇▇▇▇▇▇▇. Hayes nodded her head up and down indicating to me that she understood the reason for the interview. I informed her that she was not under arrest and that she was under no obligation to speak to us. I also emphasized to her that if she did choose to speak to us and later changed her mind, she could stop the interview at any time. I then asked Hayes if she wanted to continue. Hayes acknowledged that she understood and stated that she was willing to speak to Sgt. Smith and I.

1.48 I explained to Hayes that ▇▇▇▇'s complaint revolved around the March 1, 2022, Guadalupe County Primary Election. I asked Hayes if she was serving as the Election Administrator during that election. Hayes confirmed that she was and stated that she has been the election administrator in Guadalupe County since 2015.

1.49 I then asked Hayes to confirm which voting system Guadalupe County used for their elections. Hayes informed me Guadalupe County used the ES&S voting systems. She added that ES&S provided the encrypted USB drives used by the system and that the county purchased their security seals and other election related supplies from INTAB [Election Supplies] located in Morrisville, NC.

1.50 I continued the interview by asking Hayes if she knew ▇▇▇▇▇▇ and if so, how long she had known him. Hayes acknowledged that she knew ▇▇▇, but only in his capacity as a poll watcher. She stated that ▇▇▇ was a poll watcher during early voting and on election day for the March 1, 2022, Guadalupe County Primary Election. Hayes stated that she also recalled ▇▇▇ being a poll watcher during the early voting period for an election held in November 2021. I asked Hayes if ▇▇▇ had presented her with the required documents to participate as a poll watcher during the March 1, 2022, election. Hayes confirmed that ▇▇▇ provided her with a copy of his Poll Watcher Training Certificate and copies of his Certificates of Appointment of Poll Watcher by Candidate for the days that he served. Hayes stated that a new poll watcher form was introduced during this election which required the poll watcher to affirm to an oath. She said ▇▇▇ presented her with an outdated version of the poll watcher form on 02/25/2022 when he arrived to poll watch during the early voting period. Hayes said she provided him with a current version of the form and had him sign it. She said she attached that form to the outdated one and retained it for her records.

| Officer ID | *Eleazar Garcia, Lt.* | ERG3 | Reviewed By<br>*John Green, Capt.* | Approved<br>**YES** | Date<br>*12/14/2022* |
|---|---|---|---|---|---|



I mentioned that the wording on the request specified that he ▮ was requesting to inspect the early vote tape records prepared and/or processed at the central counting station and that he signed the request as the central counting station watcher making the request. I then asked ▮ who he had given the request to. ▮ confirmed that he personally handed the request to Lisa Hayes. I asked ▮ why he wanted to see the early vote tapes. ▮ told me that he wanted to compare the total number of votes printed on the early voting tapes to the total number of votes recorded on the actual machines. I confirmed with ▮ that the tapes he was requesting to see were the tapes that would have been produced on the last day of early voting on 02/25/2022. ▮ confirmed that the timeline was correct. ▮ reiterated and explained that Hayes refused to provide him with a copy of the tapes because at the time he handed her his request the Early Voting Ballot Board (EVBB) was in session and his request was considered a Central Count activity. He stated that the EVBB was scheduled to end around 1 PM at which time Central Count activities would begin. ▮ stated he waited until Central Count activities began before presenting Hayes with his request, but Hayes still refused to provide him with copies of the tapes and told him he would have to submit an open records request for them. ▮ informed me that Hayes had been in communication with the Texas Secretary of State's (SOS) Office during that time and she had been told by the SOS that she was not required to fulfill his request at that time. ▮ was adamant that he was entitled to view the tapes because the tapes were considered election records, and as poll watcher taking part in poll watcher activities, he was entitled to view any and all records produced during an election. It was apparent to me that ▮ placed a lot of value on the tapes, so I asked him if he submitted an open records request to view them. ▮ stated that he never submitted an open records request for the tapes. I then asked ▮ if he was forced to leave central count after his interaction with Hayes. ▮ stated that he was not forced to leave Central Count and left Central Count on his own accord.

1.43 At the end of the interview, I requested that ▮ provide me copies of his poll watcher Certificates of Appointment for the dates of 02/25/2022 and 03/08/2022 along with copies of the poll watcher notes he took on those dates. ▮ agreed to email me the documents and told me that I would be receiving them by the end of the day. The interview concluded at 12:18 PM.

1.44 On 08/24/2022, I received an email from ▮ containing the following documents:

EXHIBIT 17: Poll watcher notes (Milam St) dated 02/25/2022
EXHIBIT 18: Poll watcher notes (Ballot Board) dated 03/08/2022
EXHIBIT 19: Poll watcher notes (Morning and Mid-Day) dated 03/01/2022
EXHIBIT 20: Poll watcher notes (Ballot Board) 03/01/2022
EXHIBIT 21: Voting Equipment Display Counts dated 03/01/2022
EXHIBIT 22: Poll watcher notes (Election Day - Mid-day notes) 03/01/2022
EXHIBIT 23: Appendix - Election Code (duplicate -see EXHIBIT 12)
EXHIBIT 24: Certificate of Appointment of Poll Watcher by a Candidate dated 03/01/2022

Officer ID: *Eleazar Garcia, Lt.* | ERG3 | Reviewed By: *John Green, Capt.* | Approved: YES | Date: 12/14/2022

Printed By/On: JKG2 / 05/04/2023 11:48:49
CrimeStar® Law Enforcement Records Management System
Licensed to: TX ATTORNEY GENERAL - AUSTIN



Case 5:21-cv-00844-XR   Document 747-26   Filed 09/01/23   Page 10 of 20

**Office of the Attorney General**
**Law Enforcement Division**

Page **11**

**Incident Cont'd**

Narrative

Incident # **CX1078159982**

Crime / Incident (Primary)
*EC Election Code Violation*

Attempt ☐  Type  *General Report*  Seq **1**

the following timeline directly from them:

5:36 PM - ▮▮▮▮ entered Central Count

5:44 PM - Hayes asked ▮▮▮▮ if he would be poll watching until 7 PM.

6:02 PM - ▮▮▮▮ requested to view the "zero" tape from the voting equipment located at Central Count. ▮▮▮▮ confirmed that Hayes provided him with a copy of the "zero" tape that night.

6:27 PM - Hayes approached ▮▮▮▮ and told him that she did not believe that he was allowed to stay passed 7 PM.

7:44 PM - Hayes approached ▮▮▮▮ and told him the election code allowed for him to be present during early voting, but early voting was complete, and he had to leave. Hayes explained to ▮▮▮▮ that he would have to be appointed at every other polling location in the county in order to stay there and wait for the chain of custody and the equipment to arrive. ▮▮▮▮ said he pulled out a copy of the election code to dispute what Hayes had to say but admitted to leaving shortly thereafter because he did not want to cause a scene and be arrested.

1.40 After listening to ▮▮▮▮ read from his notes, I pointed out to him that he never mentioned that he requested to view the early vote tapes. I asked ▮▮▮▮ if it was possible that he intended to ask for the tapes but forgot to do so. ▮▮▮▮ acknowledged that it was a possibility.

1.41 I informed ▮▮▮▮ that I was also aware of the incident he reported on 03/08/2022. I told ▮▮▮▮ that in addition to a copy of the sheriff's office incident report, I also received a copy of a complaint dated 03/08/2022 (See Exhibit 5). I handed ▮▮▮▮ a copy of the complaint and asked him if he had seen it before. ▮▮▮▮ confirmed that it was a copy of a complaint form he created to document an incident that happened at Central Count. In his complaint, ▮▮▮▮ indicated that at approximately 1:31 PM, he was serving as a poll watcher at the Guadalupe County Central Count, located at 215 S. Milan St, Seguin, TX 78155, when he presented Lisa Hayes with a request to view the early vote tapes. ▮▮▮▮ claimed that Hayes refused to provide him with a copy of the tapes because according to Hayes, the function (early voting) that he wanted to see was not taking place at the time. ▮▮▮▮ said Hayes told him he would need to submit an open records request to view the tapes.

1.42 A copy of ▮▮▮▮'s written request to inspect the early vote tapes was provided to the Texas Attorney General's Office in the documents received from the sheriff's office. The request was titled "Written Request for Inspection of Election Records and Copies of Audit Logs" and was dated 03/08/2022 (See Exhibit 7). I handed ▮▮▮▮ a copy of the request and allowed him to examine it. ▮▮▮▮ verified that the request I handed him was a copy of the request he presented to Lisa Hayes. I pointed out to ▮▮▮▮ that the request was addressed to the presiding judge of Central Counting Station in Guadalupe County, but the request did not identify who the judge was. I pointed out that the request had a space for the presiding judge receiving it to sign, but there was no signature on it.

Officer ID  *Eleazar Garcia, Lt.*  ERG3
Reviewed By  *John Green, Capt.*
Approved  YES
Date  *12/14/2022*

Printed By/On: JKG2 / 05/04/2023 11:48:49
CrimeStar® Law Enforcement Records Management System
Licensed to: TX ATTORNEY GENERAL - AUSTIN

would have to be forwarded to the Texas Secretary of State's Office for investigation. ▓▓▓ was adamant that the issues presented a basis for his claim that he was obstructed by the election staff because, according to ▓▓▓'s interpretation of the statute, if an election official did not want him to see what was taking place, then the official was essentially obstructing him from his ability to poll watch. I found that by ▓▓▓ being able to relay detailed information on what he observed during those instances, his claim that he was obstructed was unfounded.

1.36 ▓▓▓ proceeded to inform me of two incidents that occurred on the evening of the last day of early voting, 02/25/2022. ▓▓▓ claimed that on that day, Guadalupe County Election Administrator Lisa Hayes refused to allow him to view the early vote tapes taken from the voting machines that had been returned to central count. ▓▓▓ also claimed that Hayes refused to allow him to remain at central count to observe the election equipment being secured at the end of the night, an activity that ▓▓▓ said he was legally entitled to do so as provided for in the Texas Election Code.

1.37 I began by addressing his claim that he had not been allowed to view the early vote tapes. I asked ▓▓▓ why it was that he wanted to see the tapes. ▓▓▓ informed me that the early vote tapes contained the total number of ballots cast at a polling location and he wanted to record those numbers so that he could compare them with the election day totals. ▓▓▓ claimed that Hayes told him he could not see the tapes and refused to provide them to him. I informed ▓▓▓ that I had listened to the recorded interview conducted by Sgt. Robert Murphy of the Guadalupe County Sheriff's Office and that no time during the interview did he ▓▓▓ mention that he had requested to view the early vote tapes on 02/25/2022. I asked ▓▓▓ if there was a reason why he did not mention the request during his interview. ▓▓▓ did not have an answer for my question and stated that he would have to refer to his notes to refresh his memory.

1.38 ▓▓▓ also alleged that Hayes refused to allow him to remain at the location to observe the election equipment being brought back to Central Count from the other early voting polling sites. ▓▓▓ stated Hayes approached him three times to ask if he was going to be leaving Central Count at 7 PM. ▓▓▓ said the first time Hayes approached him he told her he intended to stay until all the equipment had been delivered from the other polling locations within the county. ▓▓▓ said the second time she approached him, Hayes brought over a copy of the election code and informed him that he was entitled to remain there through the end of early voting, but he had to leave afterwards. ▓▓▓ said he responded by informing her that he was entitled to remain at the location until all the voting equipment came in and was properly stowed away in the new cages. ▓▓▓ stated that Hayes approached him a third time and told him he had to leave. He said that instead of arguing with her, he documented what happened and left. I asked ▓▓▓ if there were any witnesses to their conversations. ▓▓▓ said there was election staff present, but they appeared to be preoccupied with their duties at the time.

1.39 ▓▓▓ was able to locate his notes for 02/25/2022, and provided me with

| Officer ID *Eleazar Garcia, Lt.* | ERG3 | Reviewed By *John Green, Capt.* | Approved *YES* | Date *12/14/2022* |
|---|---|---|---|---|

Printed By/On: JKG2 / 05/04/2023 11:48:49
CrimeStar® Law Enforcement Records Management System
Licensed to: TX ATTORNEY GENERAL - AUSTIN

Case 5:21-cv-00844-XR   Document 747-26   Filed 09/01/23   Page 12 of 20

| Office of the Attorney General | Page 9 | Incident Cont'd | |
|---|---|---|---|
| Law Enforcement Division | Narrative | Incident # CX1078159982 | |
| Crime / Incident (Primary) EC Election Code Violation | Attempt ☐ | Type General Report | Seq 1 |

if it was ok for her to release it. Sgt. Koehler said that Lisa returned and told him (Sgt. Koehler) that she was advised that she was not required to release the information to ▇▇▇ and ▇▇▇ was upset that he was not getting the information. Sgt. Koehler said there was an unidentified male subject standing next to ▇▇▇ when he was speaking to Hayes. Sgt. Koehler stated that ▇▇▇ remained at the location for some time after his conversation with Hayes, but he did not notice at what time ▇▇▇ left. I asked Sgt. Koehler if Hayes or any other election official ever asked ▇▇▇ to leave the site. Sgt. Koehler informed me that at no time did he ever witness anyone ask or instruct ▇▇▇ to leave the building. Sgt. Koehler also added that at the beginning of his shift, Lisa Hayes specifically told him that ▇▇▇ and two other unidentified individuals were authorized to observe any election activity taking place in the building.

1.32 On 08/15/2022, I telephone ▇▇▇▇▇▇ to schedule a meeting with him to discuss his complaint. ▇▇▇ informed me that he would have to check his schedule to see when he would be available to meet. On 08/16/2022, I received an email from ▇▇▇ stating that he would be available to meet on 08/19/2022, 2022, at 11 AM, at his office in ▇▇▇ located at ▇▇▇▇▇▇▇▇. I later confirmed the meeting and requested that he bring copies of his poll watcher certificates of appointment with him.

1.33 On 08/19/2022, Sgt. Luis Delgado and I met ▇▇▇ at his office in ▇▇▇. I informed ▇▇▇ that I would be using a digital recorder to record the interview and the recording would be held as evidence (EXHIBIT 16).

1.34 I began the recording at approximately 10:57 AM. I began the interview by informing ▇▇▇ we were there to discuss the complaint he filed with the Guadalupe County Sheriff's Office. ▇▇▇ stated that the reason he filed the complaint was to report that he had been obstructed while poll watching during the March 1, 2022, Guadalupe County [Primary] Election. ▇▇▇ informed me that during the early voting period, he spent several days poll watching at the Guadalupe County Central Count location at 215 S. Milam St in Seguin. He said that during that time, he observed several irregularities with the election process. ▇▇▇ pointed out that he observed a "cut" seal on a piece of election equipment. He also stated that 5 out of 35 USB drives that he observed being returned to central count did not have serial numbers on them. In addition, ▇▇▇ stated he observed 3 clear plastic bags containing seals and USB drives that were returned to central count unlocked. ▇▇▇ also mentioned that he served during the early voting ballot board and had concerns regarding the disposition of some of the early voting ballots that had to be reproduced because the ballot tabulator would not accept them. ▇▇▇ informed me that he had taken several pages of notes documenting these issues and other activities that took place during the election process.

1.35 After listening to the irregularities that ▇▇▇ mentioned, I informed him that the Texas Attorney General's Office only investigated criminal offenses, such as the allegation that he was obstructed as a poll watcher. I went on to explain to him that the issues he addressed, even though they might have presented a hint of impropriety, were not criminal in nature and therefore

| Officer ID Eleazar Garcia, Lt. | ERG3 | Reviewed By John Green, Capt. | Approved YES | Date 12/14/2022 |
|---|---|---|---|---|

Printed By/On: JKG2 / 05/04/2023 11:48:49
CrimeStar® Law Enforcement Records Management System
Licensed to: TX ATTORNEY GENERAL - AUSTIN


Case 5:21-cv-00844-XR   Document 747-26   Filed 09/01/23   Page 13 of 20

| Office of the Attorney General | Page 8 | Incident Cont'd | |
|---|---|---|---|
| Law Enforcement Division | Narrative | Incident # | CX1078159982 |
| Crime / Incident (Primary) EC Election Code Violation | Attempt ☐ | Type General Report | Seq 1 |

1.28 On 08/08/2022, I telephoned the complainant in the investigation, ▇▇▇▇, to inform him that I had been assigned to investigate his complaint. I advised ▇▇▇ that I would be scheduling an in-person interview with him in the near future to discuss the matter with him.

1.29 08/09/2022, I met with Sgt. Russell Koehler at his residence in ▇▇▇ to discuss his involvement in the March 1, 2022, Guadalupe County Primary Election. I used my digital recorder to record the conversation and a copy of the recording was retained as evidence (EXHIBIT 15). The interview began at 4:13 PM and concluded at 4:30 PM. Only Sgt. Koehler and I were present during the interview.

1.30 During the interview, I informed Sgt. Koehler that I was investigating a complaint filed by a poll watcher named ▇▇▇▇▇▇ who claimed that on 03/08/2022, Guadalupe County Election Administrator Lisa Hayes, obstructed him from performing his duties by refusing to allow him to view the early voting tapes. I explained to Sgt. Koehler that I had listened to a recorded interview between Sgt. Robert Murphy and ▇▇▇ where ▇▇▇ mentioned that he (Sgt. Koehler) was present at the location when the incident occurred. Sgt. Koehler confirmed that he had been assigned to provide security at Guadalupe County Central Count on 03/08/2022 and acknowledged that ▇▇▇ was present.

1.31 I informed Sgt. Koehler that I had reviewed a copy of the supplement report dated 03/09/2022 where he stated he was present at the Guadalupe County Election Office at 215 S. Milam in Seguin to provide security for the ballot boxes containing voted ballots. I pointed out to Sgt. Koehler that in his report, he stated, "While at the location, I observed no unauthorized tampering with the containers containing the ballots, no restrictions applied to persons who were authorized to be at the location, nor had any disturbances of the peace taken place in my presence or view" (See EXHIBIT 2). I also pointed out that his report also indicated that he was wearing a body worn camera, but the camera was not activated at the time. Sgt. Koehler confirmed that he was wearing his body worn camera at the time, but stated that as per GCSO policy, he was not required to activate it while working security unless he was involved in a situation where he had to take direct law enforcement action. I told Sgt. Koehler that by his statement I inferred that nothing out of the ordinary had taken place. Sgt. Koehler stated that I was correct as it related to what took place inside the counting room. Sgt. Koehler then went on to tell me that he was standing inside a room where the counting machine was located. Sgt. Koehler said he was standing by the door and could see into an open room adjacent to him. Sgt. Koehler then mentioned that he had a casual conversation with a male subject, later identified as ▇▇▇▇▇▇, who was observing what was taking place inside the counting room. He said the subject left then room and then flagged down Lisa [Hayes] and began speaking to her. Sgt. Koehler stated that he could not hear what they were saying, but it appeared to him that their conversation did not appear to be friendly. Sgt. Koehler said he observed ▇▇▇ point to papers on a clip board and begin tapping on them. He said shortly thereafter, Lisa walked back into the room at which time he asked her if everything was ok. Sgt. Koehler stated that Lisa told him ▇▇▇ was asking for information that she did not think she could release and was going to call "the state" to find out.

| Officer ID Eleazar Garcia, Lt. | ERG3 | Reviewed By John Green, Capt. | Approved YES | Date 12/14/2022 |
|---|---|---|---|---|

Printed By/On: JKG2 / 05/04/2023 11:48:49
CrimeStar® Law Enforcement Records Management System
Licensed to: TX ATTORNEY GENERAL - AUSTIN



Case 5:21-cv-00844-XR   Document 747-26   Filed 09/01/23   Page 14 of 20

| Office of the Attorney General | Page 7 | Incident Cont'd |
| Law Enforcement Division | Narrative | Incident # CX1078159982 |

| Crime / Incident (Primary) | Attempt | Type | Seq |
|---|---|---|---|
| EC Election Code Violation | ☐ | General Report | 1 |

place. Second, ▇ reported that on 03/08/2022, while working as a poll watcher at Central Count, he presented Hayes with a written request to inspect the early vote tapes (See EXHIBIT 7). ▇ stated that Hayes refused to produce the tapes for him and told him that the activity he was requesting to see [early voting tapes] was not taking place at that time. ▇ said Hayes told him that he would need to submit an Open Records Request to view the tapes. Later in the conversation, ▇ mentioned that the early vote tapes had been printed last Tuesday, which I later verified to be Tuesday, March 1st - election day. ▇ also mentioned that Guadalupe County S.O. Sgt. Russell Koehler was present when his conversation with Hayes took place. I later reviewed Sgt. Koehler's supplement report he submitted on the incident (See EXHIBIT 3). In his report, Sgt. Koehler wrote, "While at the location, I observed no unauthorized tampering with the containers containing the ballots, no restrictions applied to persons who were authorized to be at the location, nor had any disturbances of the peace taken place in my presence or view."

1.24 In addition to his claim that he was obstructed, ▇ pointed out that he believed there were issues with the security of the tabulation equipment, the security of the devices used to transfer ballot results, and the signature verification procedures used by the early voting ballot board.

1.25 During the interview, Sgt. Murphy informed ▇ that the sheriff's office did not investigate allegations of election fraud and he would be referring his complaint to the Texas Attorney General's Office. Sgt. Murphy made ▇ aware that in addition to the Attorney General's Office, the Federal Bureau of Investigation (FBI) and the Texas Ranger's Public Integrity Unit also investigated offenses involving government officials. Sgt. Murphy told ▇ another option would be for him to contact one of those agencies for assistance. ▇ told Sgt. Murphy that he had no interest in speaking to the FBI, but did not mention whether or not he would be contacting the Texas Rangers.

1.26 Later that day, I contacted Texas Ranger Raymond Benoist, DPS Seguin, to inquiry if ▇ had contacted him to report the allegation. Ranger Benoist informed me that the Guadalupe County Sheriff's Office had made him aware of the incident, but as of this date ▇ had not contacted him. Ranger Benoist confirmed that the Ranger Service was not investigating the incident.

1.27 On 08/05/2022, I emailed Sgt. Russell Koehler and informed him that I was investigating an allegation that a poll watcher was obstructed during the March 1, 2022, Guadalupe County Primary Election. I informed Sgt. Koehler that I had received information that he was present when the incident occurred and requested that he contact me to discuss the incident. Sgt. Koehler contacted me by phone later that day. During our conversation, I informed Sgt. Koehler that an individual by the name of ▇ claimed that Guadalupe County Election Administrator Lisa Hayes obstructed him from performing his duties as a poll watcher while at Central Count on 03/08/2022. I told Sgt. Koehler that I had received a copy of his supplement report on the incident, and I wanted the opportunity to speak to him on the matter. Sgt. Koehler agreed to meet with me at this residence in ▇ on 08/09/2022 to discuss his involvement.

| Officer ID | Eleazar Garcia, Lt. | ERG3 | Reviewed By John Green, Capt. | Approved YES | Date 12/14/2022 |



Case 5:21-cv-00844-XR   Document 747-26   Filed 09/01/23   Page 15 of 20

| Office of the Attorney General | Page 6 | Incident Cont'd |
| Law Enforcement Division | Narrative | Incident # CX1078159982 |
| Crime / Incident (Primary)  EC Election Code Violation | Attempt ☐   Type  General Report | Seq 1 |

forwarded to the Texas Attorney General's Office by the Guadalupe County Sheriff's Office regarding an allegation that she obstructed a poll watcher during the March 1, 2022, Guadalupe County Primary Election. I informed Hayes that I would be emailing her a request to preserve the election records for the March 1, 2022, Primary Election and that I would contact her at a later time to schedule an in-person interview. Hayes advised me that she would me more than willing to cooperate with the investigation and would provide me with any documents needed.

1.18 At approximately 1:57 PM, I emailed Hayes a copy of the request to preserve the election records (EXHIBIT 13).

1.19 On 07/26/2022, I emailed Lt. Tarianna Skrzycki with the Guadalupe County Sheriff's Office Criminal Investigation Division and requested a copy of the recorded interview with ████████. On this same day, I tried contacting Deputy Koehler in order to set up interview to discuss his duties while assigned as ballot box security at Central Count during the March 1, 2022, Primary Election.

1.20 On 07/27/2022, I received an email from Lt. Skrzycki confirming that she received my request and that she would make a copy of ██████ interview available to me. Lt. Skrzycki stated that she would let me know when the copy was ready to be picked up.

1.21 On 08/01/2022, Lt. Skrzycki notified me the copy was ready to be picked up and she would be leaving it with the receptionist at the sheriff's office.

1.22 On 08/03/2022, I picked up the copy of the recording from the sheriff's office. The recording was held as evidence and listed as EXHIBIT 14.

1.23 On 08/04/2022, I reviewed the recording of Sgt. Robert Murphy's interview with ████████. A brief synopsis of the interview is listed below:

During his interview, ██████ alleged that Guadalupe County Election Administrator Lisa Hayes obstructed him from performing his duties as a poll watcher on two separate occasions. ██████ said the first incident occurred on the evening of the last day of early voting, 02/25/2022. ██████ indicated that he arrived at Central Count with the intention of remaining there until all election activities were complete and the voting equipment had been secured. ██████ explained to Sgt. Murphy that as a poll watcher, he was entitled to remain at a polling location after it closed, typically at 7:00 PM, and stay to watch the machines being placed into cage where they are to be locked and secured. ██████ mentioned that this is a requirement of Senate Bill 1. ██████ stated that when he arrived, Hayes asked him if he was leaving at 7 PM. ██████ said he told Hayes that he was going to be there until everything was done. ██████ claimed that Hayes approached him two other times to ask him if he was leaving at 7. He said that at approximately 7:40 PM, Hayes approached him a third time and told him he had to leave. ██████ admitted that everything in the main voting room had been secured, but the equipment had not been moved to the cage. ██████ told Sgt. Murphy that he did not argue with Hayes and simply documented what had taken

| Officer ID  Eleazar Garcia, Lt. | ERG3 | Reviewed By  John Green, Capt. | Approved  YES | Date  12/14/2022 |

Printed By/On: JKG2 / 05/04/2023 11:48:49
CrimeStar® Law Enforcement Records Management System
Licensed to: TX ATTORNEY GENERAL - AUSTIN


| Office of the Attorney General | Page 5 | Incident Cont'd |
|---|---|---|
| Law Enforcement Division | Narrative | Incident # **CX1078159982** |

| Crime / Incident (Primary) | Attempt | Type | Seq |
|---|---|---|---|
| *EC  Election Code Violation* | ☐ | *General Report* | *1* |

location at which the watcher serving". In addition, I had personal knowledge that early voting for the March 1, 2022, Guadalupe County Primary Elections took place between 02/14/2022, and 02/25/2022, so therefore early voting activities were no longer taking place on 03/08/2022.

1.09 EXHIBIT 6 was one (1) page of handwritten notes that, as per Sgt. Murphy's report, belonged to ▮▮▮▮. The last paragraph on the page references ▮▮▮▮'s claim that Lisa Hayes would not provide him with the E.V. (early voting) tape.

1.10 EXHIBIT 7 is a form titled "Written Request for Inspection of Election Records and Copies of Audit Logs. "Appendix 1" is written on the form. The form is dated 03/08/2022 and is addressed to the Presiding Judge of Central Counting Station in Guadalupe County by ▮▮▮▮▮▮. The presiding judge's name is not noted on the form. In section "B" of the form, ▮▮▮▮ circled subsection 3 where he requested to inspect the early voting tape. ▮▮▮▮ signed the form, but the form was not signed by the presiding judge.

1.11 EXHIBIT 8 is a copy of two (2) emails between ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and Christina Adkins (Texas Secretary of State Office ) dated 03/01/2022 at 1:29 PM and 1:46 PM titled: Guadalupe County - Central County - 2 issues. In his email, ▮▮▮▮ informed Adkins that ▮▮▮▮▮▮▮ experienced two (2) issues at Central Count.

1.12 EXHIBIT 9 is a copy from ▮▮▮▮▮▮▮ to Christina dated 03/08/2022, at 7:47 AM titled: Tuesday's activities. "Appendix 3" is written on the document. In his email, ▮▮▮ informed Adkins that he was going to be a "watcher" today and asked for clarification regarding the type of activities that were to taking place, Central Count or Early Voting Ballot Board.

1.13 EXHIBIT 10 is an email from ▮▮▮▮▮▮▮ to Christina Adkins dated 03/08/2022 at 3:35 PM titled: Escalating to complaint. "Appendix 4" is written on the document. In his email, ▮▮▮ informed Adkins that Lisa Hayes did not allow him to inspect the early vote tape.

1.14 EXHIBIT 11 is an email from Charles Pinney to ▮▮▮▮▮▮▮ dated 03/08/2022, at 1:38 PM titled: Re; Poll Watcher clarification (El Response). "Appendix 5" is written on the document. In his email, Pinney provided ▮▮▮▮ with information for individuals serving as poll watchers and on some of the procedures used during the election process. Pinney does not address any of the topics in EXHIBITS 7 - 10.

1.15 EXHIBIT 12 is a copy of Texas Election Code, Section 33.056 Observing Activity General, and Section 33.061 Unlawfully Obstructing Watcher. "Appendix" is written on the document, but no number designation is listed.

1.16 After reviewing the documents provided by the sheriff's office, I noticed that a document designated as Appendix 2 was not included.

1.17 That afternoon, I contacted Guadalupe County Election Administrator Lisa Hayes to inform her that I was conducting an investigation into a complaint

| Officer ID | *Eleazar Garcia, Lt.* | ERG3 | Reviewed By *John Green, Capt.* | Approved *YES* | Date *12/14/2022* |
|---|---|---|---|---|---|

Case 5:21-cv-00844-XR   Document 747-26   Filed 09/01/23   Page 17 of 20

| Office of the Attorney General | Page 4 | Incident Cont'd |
| Law Enforcement Division | Narrative | Incident # CX1078159982 |
| Crime / Incident (Primary) EC Election Code Violation | Attempt ☐  Type | General Report | Seq 1 |

records request to get them. I noted that Sgt. Murphy occasionally mentioned an individual by the name of Lisa Adams in his report. I believe Sgt. Murphy was referring to Guadalupe County Election Administrator Lisa Hayes, not Lisa Adams. I also found that dates and locations were not included in the report, making it difficult for me to understand when and where events took place.

1.04 Sgt. Murphy wrote, that in addition to his allegation of being obstructed, ▓▓▓▓ believed there were irregularities with the security of the USB drives used at the polling locations along with "broken tabs". Sgt. Murphy did not provide an explanation as to what he was referring to.

1.05 I then reviewed the supplement report by Sgt. Koehler (refer to EXHIBIT 3). Sgt. Koehler wrote that on 03/09/2022, he was assigned to provide security for the ballot boxes at the Guadalupe County Election Office located at 215 S. Milam in Seguin. Sgt. Koehler stated that during his time there, he did not observe any unauthorized tampering of the ballot boxes, any restrictions placed on persons at the location, or any disturbance in his presence or view. Sgt. Koehler also noted that his body worn camera was not activated during the time he was there.

1.06 Included with the documents ▓▓▓▓ provided to Sgt. Murphy was a copy of his Texas Online Poll Watcher Training Certificate of Completion dated 02/25/2022 (refer to EXHIBIT 4).

1.07 I then reviewed a copy of a poll watcher complaint completed by ▓▓▓▓ dated 03/08/2022 (EXHIBIT 5). The complaint was addressed to Sabrina Obermeyer, presiding judge at Central Count, and Lisa Hayes, Guadalupe County Election Official (Administrator). In his complaint, ▓▓▓▓ indicated that he presented Hayes with a written request to view the early voting tape (refer to EXHIBIT 7). ▓▓▓▓ claimed that Hayes told him, "I am not going to get the [tape] for you because we are not doing that function." ▓▓▓▓ said Hayes told him that he would need to file a public records request to view the tape. ▓▓▓▓ also mentioned that he had a copy of the Texas Election Code with him at the time and pointed out section 33.056(c) to Hayes which states that a poll watcher is permitted to inspect records produced during an election. According to ▓▓▓▓, Hayes informed him that she had spoken to an attorney and was told that she was not required produce the tapes for him because she was not conducting that function at the time. ▓▓▓▓ stated that he felt Hayes was wrong and believed this was the only appropriate time remaining for him to view the tape. ▓▓▓▓ mentioned that a poll watcher by the name of ▓▓▓▓▓▓ was present during his conversation with Hayes.

1.08 I proceeded to review section 33.056 (c) of the Texas Election Code. Section 33.056 of the Texas Election Code, titled "Observing Activity Generally", addresses activities poll watcher is entitled to observe. After reviewing subsection (c), I found that ▓▓▓▓ misinterpreted that subsection of the statute. In his complaint, ▓▓▓▓ indicated that subsection (c) permitted poll watcher to inspect records produced during an election. As per the Texas Election Code, subsection (c) of the statute states "a watcher is permitted to inspect the returns and other records prepared by the election officers at the

| Officer ID Eleazar Garcia, Lt. | ERG3 | Reviewed By John Green, Capt. | Approved YES | Date 12/14/2022 |



| Office of the Attorney General | Page 3 | Incident Cont'd | |
|---|---|---|---|
| Law Enforcement Division | Narrative | Incident # | CX1078159982 |
| Crime / Incident (Primary)  *EC Election Code Violation* | Attempt ☐ | Type *General Report* | Seq *1* |

## INTRODUCTION

1.0 On 06/14/2022, I, Sergeant Eli Garcia, of the Texas Attorney General's Election Integrity Unit, was assigned case number CX1078159982. This case was referred to the Texas Attorney General's Office by Guadalupe County Sheriff Arnold Zwicke and involves an allegation of obstructing a poll watcher during the March 1, 2022, Guadalupe County Primary Election. Specifically, it is alleged that Guadalupe County Election Administrator Lisa Hayes obstructed a poll watcher from viewing activity that by law he was legally entitled to.

## INVESTIGATIVE DETAILS

1.01 On 03/15/2022, the Texas Attorney General's (TAG) Criminal Investigation Division received a request to investigate from Guadalupe County Sheriff Arnold Zwicke regarding an allegation that a poll watcher was obstructed from viewing activity he was legally entitled to during the March 1, 2022, Guadalupe County Primary Election (EXHIBIT 1).

1.02 Included with the request was a copy of Guadalupe County Sheriff's Office Incident Report # 22-02803, dated 03/09/2022, by Sgt. Robert E. Murphy (EXHIBIT 2). A supplement report by Sgt. Russell Koehler was attached to Sgt. Murphy's report (EXHIBIT 3). Sgt. Murphy identified the complainant in the investigation as [REDACTED] listed his address as [REDACTED] [REDACTED] also provided Sgt. Murphy with copies of the following documents:

EXHIBIT 4:   Texas Online Poll Watcher Training Certificate of Completion, 02/25/2022
EXHIBIT 5:   Complaint
EXHIBIT 6:   Handwritten notes
EXHIBIT 7:   Written Request for Inspection of Election Records and Copies of Audit Logs - Appendix 1
EXHIBIT 8:   Email from Christina Adkins to [REDACTED]
EXHIBIT 9:   Email from [REDACTED] to Christina Adkins - Appendix 3
EXHIBIT 10:  Email from [REDACTED] to Christina Adkins - Appendix 4
EXHIBIT 11:  Email from Charles Pinney to [REDACTED] - Appendix 5
EXHIBIT 12:  Texas Election Code Statutes - Appendix (no number designation)

I learned later that Sgt. Murphy had since retired from the sheriff's office.

1.03 On 07/25/2022, I reviewed the documents provided by the Guadalupe County Sheriff's Office. I began by reviewing the incident report written by Sgt. Murphy on 03/09/2022 (refer to EXHIBIT 2). Sgt. Murphy identified the complainant in the matter as [REDACTED] and indicated that he conducted a recorded interview with him. A copy of the recording was not included with the documents provided by the sheriff's office. Sgt. Murphy wrote, that while working as a poll watcher at central count, [REDACTED] claimed that Guadalupe County Election Administrator Lisa Adams obstructed him by refusing to provide him with a copy of the "tapes". Sgt. Murphy did not identify what "tapes" [REDACTED] was referring to but added that Hayes told [REDACTED] he would have to submit an open

| Officer ID *Eleazar Garcia, Lt.* | ERG3 | Reviewed By *John Green, Capt.* | Approved *YES* | Date *12/14/2022* |
|---|---|---|---|---|

Printed By/On: JKG2 / 05/04/2023 11:48:49
CrimeStar® Law Enforcement Records Management System
Licensed to: TX ATTORNEY GENERAL - AUSTIN

# Office of the Attorney General
## Law Enforcement Division

**Incident Cont'd**

Page 2 — Names

Incident # **CX1078159982**

| Crime / Incident (Primary) | Attempt | Type | Seq |
|---|---|---|---|
| EC Election Code Violation | ☐ | General Report | 1 |

Dispo  "V" = Victim   "RP" = Reporting Party   "W" = Witness   "S" = Suspect   "O" = Other

| Dispo | Last, First, Middle (Firm if Business) | Race | Sex | Age | HT | WT | Hair | Eyes | Home Phone |
|---|---|---|---|---|---|---|---|---|---|
| O | MURPHY, ROBERT E | W | M | | | | | | (830) 379-1224 |

| Address | DOB | DL Number | State | Work Phone |
|---|---|---|---|---|
| 2617 N GUADALUPE ST | | | | 0 |

| City, State, Zip Code | SSN | Local ID # | State # | FBI # | Cell Phone |
|---|---|---|---|---|---|
| SEGUIN   TX   78155 | | | | | 0 |

| Officer ID | Reviewed By | Approved | Date |
|---|---|---|---|
| Eleazar Garcia, Lt.   ERG3 | John Green, Capt. | YES | 12/14/2022 |

# Office of the Attorney General
## Law Enforcement Division
PO Box 12548
Austin, TX 78711

**Incident**

| Incident # | CX1078159982 |
|---|---|
| Type | General Report |
| Seq | 1 |

| Beat | Rpt Dist | | | |
|---|---|---|---|---|

| Crime / Incident (Primary, Secondary, Tertiary) | Attempt | Occurred | Date | Time | Day |
|---|---|---|---|---|---|
| **EC Election Code Violation** | ☐ | On or From | 03/08/2022 | 13:31 | Tue |
| | ☐ | To | 03/08/2022 | 13:40 | Tue |
| | ☐ | Reported | 06/14/2022 | 08:32 | Tue |

Location of Incident  **215 S Milam St, Seguin, TX**

Cross Street

County  **GUADAL**

| Dispo | "V" = Victim | "RP" = Reporting Party | "W" = Witness | "S" = Suspect | "O" = Other |
|---|---|---|---|---|---|

| Dispo | Last, First, Middle (Firm if Business) | Race | Sex | Age | HT | WT | Hair | Eyes | Home Phone |
|---|---|---|---|---|---|---|---|---|---|
| S | HAYS, LISA | W | F | | | | | | (830) 303-6363 |
| Address | 215 S MILAM | DOB | | DL Number | | | | State | Work Phone 0 |
| City, State, Zip Code | SEGUIN TX 78155 | SSN | | Local ID # | State # | FBI # | | | Cell Phone 0 |

| RP | Last, First, Middle (Firm if Business) [REDACTED] | Race | Sex M | Age | HT | WT | Hair | Eyes | Home Phone [REDACTED] |
|---|---|---|---|---|---|---|---|---|---|
| Address | [REDACTED] | DOB [REDACTED] | | DL Number | | | | State | Work Phone 0 |
| City, State, Zip Code [REDACTED] | | SSN | | Local ID # | State # | FBI # | | | Cell Phone 0 |

| W | Last, First, Middle (Firm if Business) DOSS, MISSY | Race | Sex F | Age | HT | WT | Hair | Eyes | Home Phone (830) 303-6363 |
|---|---|---|---|---|---|---|---|---|---|
| Address | 215 S MILAM | DOB | | DL Number | | | | State | Work Phone (830) 303-6363 |
| City, State, Zip Code | SEGUIN TX 78155 | SSN | | Local ID # | State # | FBI # | | | Cell Phone 0 |

| W | Last, First, Middle (Firm if Business) KOEHLER, RUSSELL | Race W | Sex M | Age | HT | WT | Hair | Eyes | Home Phone (830) 379-1224 |
|---|---|---|---|---|---|---|---|---|---|
| Address | 2617 N GUADALUPE | DOB | | DL Number | | | | State | Work Phone 0 |
| City, State, Zip Code | SEGUIN TX 78155 | SSN | | Local ID # | State # | FBI # | | | Cell Phone 0 |

**Synopsis**  On 03/15/2022, the Texas Attorney General's Criminal Investigation Division received a request for investigation from Guadalupe County Sheriff Arnold Zwicke. This case involves allegations of obstructing a poll watcher in the 2022 Guadalupe County Primary Election. Specifically, it is alleged that a poll watcher was obstructed from viewing activity they were legally entitled to.

**SOLVABILITY**

| Continuation Attached | ☒ | PropertyList Attached | ☐ | Property Damage $ | |
|---|---|---|---|---|---|
| UCR | 26 | Press Release | ☐ | Domestic Violence Case | ☐ |
| Gang Related | N | Hate Crime | ☐ | Victim Senior Citizen | ☐ |
| Pursuit | | Force Used | ☐ | Child Abuse | ☐ |
| | | County Code | GUA... | Disposition | CLSD |
| | | | | Connecting Case # | |
| Report Complete/Ready for Review | ☒ | | | CAD/CFS Event # | |

Assigned To  **Eleazar Garcia, Lt.**    Date  **06/27/2022**

| Officer ID | Eleazar Garcia, Lt. | ERG3 | Reviewed By John Green, Capt. | Approved YES | Date 12/14/2022 |
|---|---|---|---|---|---|

