UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTIONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., *Plaintiffs,* v. GREGORY W. ABBOTT, et al., *Defendants.* | 5:21-cv-844-XR |
| LULAC TEXAS, et al., *Plaintiffs,* v. JANE NELSON, et al., *Defendants.* | 1:21-cv-0786-XR |

## LULAC PLAINTIFFS' PARTIALLY OPPOSED REQUEST FOR JUDICIAL NOTICE

Plaintiffs LULAC Texas ("LULAC"), Texas Alliance for Retired Americans ("TARA"), Texas AFT ("AFT"), and Voto Latino (collectively "LULAC Plaintiffs"), respectfully request that the Court take judicial notice of the following facts pursuant to Rule 201 (b)(2) of the Federal Rules of Evidence based on (1) population data produced by the U.S. Census Bureau and (2) election data produced by the U.S. Election Assistance Commission (EAC). State Defendants and Intervenor-Defendants are *opposed* to this request unless otherwise indicated.[1]

---

[1] "State Defendants" are Defendants Gregory W. Abbott, in his official capacity as Governor of Texas, Jane Nelson, in her official capacity as Secretary of State, Angela Colmenero, in her official capacity as Provisional Attorney General of Texas, and the State of Texas; "Intervenor-Defendants" are Harris County Republican Party, Dallas County Republican Party, Republican National Committee, National Republican Senatorial Committee, and National Republican Congressional Committee.

1

Facts that are "not subject to reasonable dispute" insofar as they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" are subject to judicial notice. Fed. R. Evid. 201(b). Both U.S. Census Bureau and U.S. Election Assistance Commission data meet that standard, and thus judicial notice is appropriate.

U.S. Census population data and EAC election data are readily ascertainable for purposes of Rule 201. Because the data at issue are available on government websites—and attached hereto—this Court may accurately and readily determine the facts at issue. *See, e.g., Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005); *see also Chisom v. Edwards*, 342 F.R.D. 1, 15 (E.D. La. 2022) (citing the U.S. Census website), *appeal filed*, No. 22-30320 (5th Cir. May 25, 2022).

Courts have frequently recognized that "United States census data is an appropriate and frequent subject of judicial notice." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 572-73 (5th Cir. 2011). This includes both Decennial Census data and the Census Bureau's American Community Survey (ACS). *See, e.g., LULAC v. Abbott*, 617 F. Supp. 3d 622, 631 & n. 2 (W.D. Tex. 2022) (three-judge court); *Perez v. Abbott*, No. 5:11-cv-360, 2017 WL 962686, at *1 (W.D. Tex. Mar. 10, 2017) (three-judge court). Such data are reliable and designed for use in determining compliance with the Voting Rights Act and other federal laws governing elections. *See, e.g., Benavidez v. City of Irving*, 638 F. Supp. 2d 709, 721 (N.D. Tex. 2009).

Data produced by the EAC as part of the Election Administration and Voting Survey (EAVS) are similarly reliable and routinely subject to judicial notice. *See, e.g., Judicial Watch, Inc. v. Griswold*, 554 F. Supp. 3d 1091, 1098-99 (D. Colo. 2021); *League of Women Voters of Ark. v. Thurston,* No. 5:20-cv-5174, 2020 WL 6269598 at *4 n.2 (W.D. Ark. Oct.

26, 2020). EAVS data are compiled by each State's chief state election official or their designee, who must certify in writing that the information "is true and accurate to the best of their knowledge." U.S. Election Assistance Comm'n, A Guide to the Election and Voting Survey at 8 (2022) (Ex. 1), https://perma.cc/NJ4Y-SGF8; *cf. Hall v. Louisiana*, No. 12-657, 2015 WL 1383532, at *3 (W.D. La. Mar. 23, 2015) (taking judicial notice of certified election statistics).[2] Thus, this Court may take judicial notice of EAVS data, statistics compiled by a federal agency that constitute "matters of public record directly relevant to the issue at hand." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also, e.g.*, *Ambler v. Williamson Cnty*, No. 1:20-cv-1068, 2021 WL 769667, at *4 (W.D. Tex. Feb. 25, 2021) recognizing that courts may take judicial notice of "published reports of administrative agencies").

**U.S. Census Data**[3]

State Defendants and Intervenor Defendants do not oppose paragraphs 1-15 *infra*.

1. According to the 2010 Census, Texas had a total population of 25,145,561, with a Hispanic population of 9,460,921 (37.6%), a non-Hispanic Black population of 2,886,82511.4%), a mixed-race non-Hispanic Black population of 3,019,318 (12%), a non-

---

[2] Defendant Secretary of State Jane Nelson is Texas's chief election official. *See* Tex. Elec. Code § 31.003. Therefore, this certification also constitutes a party admission in this litigation.

[3] Facts regarding population and voting-age population figures reflect the aggregation and allocation of multiple race respondents as set forth in guidance issued by the Office of Management and Budget, OMB Bulletin 00-02 (Mar. 9, 2000), https://perma.cc/NT7B-RPK7, and the Department of Justice, 66 Fed. Reg. 5411, 5414 (Jan. 18, 2001); *see also Georgia v. Aschcroft*, 539 U.S. 461, 473 n.1 (2003). Pursuant to that guidance, counts for persons who reported a single minority race are aggregated with those persons who reported a combination of white and that minority race. For example, the appropriate population counts for non-Hispanic Black persons include all persons who self-identified on the Census as not Hispanic and self-identified as Black alone or Black in combination with white. American Community Survey (ACS) Citizenship estimates for the Black population include those who identified as Hispanic Black and non-Hispanic Black.

3

Hispanic Asian population of 948,426 (3.8%), and a non-Hispanic White population of 11,397,345 (45.3%). U.S. Census Bureau, 2010 Decennial Redistricting Data Table P2 (2011) (Ex. 2), https://data.census.gov/table?q=P2&g=040XX00US48&tid=DECENNIALPL2010.P2.

2. According to the 2020 Census, Texas has a total population of 29,145,505, with a Hispanic population of 11,441,717 (39.3%), a non-Hispanic Black population of 3,444,712 (11.8%), a mixed-race non-Hispanic Black population of 3,727,721 (12.8%), a non-Hispanic Asian population of 1,561,518 (5.4%), and a non-Hispanic White population of 11,584,597 (39.7%). U.S. Census Bureau, 2020 Decennial Redistricting Data: Table P2 (2021) (Ex. 3), https://data.census.gov/table?q=P2:+HISPANIC+OR+LATINO,+AND+NOT+HISPANIC+OR+LATINO+BY+RACE&g=040XX00US48&tid=DECENNIALPL2020.P2

3. According to the 2010 Census, Texas had a voting-age population (VAP) of 18,279,737, with a Hispanic VAP of 6,143,144 (33.6%), a non-Hispanic Black VAP of 2,076,282 (11.3%), a mixed-race non-Hispanic Black population of 2,128,048 (11.6%), a non-Hispanic Asian VAP of 716,968 (3.9%), and a non-Hispanic White VAP of 9,074,684 (49.6%).U.S. Census Bureau, 2010 Decennial Redistricting Data: Table P4 (2011) (Ex. 4), https://data.census.gov/table?q=P4&g=040XX00US48&tid=DECENNIALPL2010.P4.

4. According to the 2020 Census, Texas has a VAP of 21,866,700, with a Hispanic VAP of 7,907,319 (36.2%), a non-Hispanic Black VAP of 2,575,257 (11.8%), a mixed-race non-Hispanic Black population of 2,724,690 (12.5%), a non-Hispanic Asian VAP of 1,205,578 (5.51%), and a non-Hispanic White VAP of 9,437,933 (43.2%). U.S. Census Bureau, 2020 Decennial Redistricting Data: Table P4 (2021) (Ex. 5), https://data.census.gov/table?q=P4&g=040XX00US48&tid=DECENNIALPL2020.P4

5.      The 2007-2011 American Community Survey (ACS) estimated that the citizen voting age population (CVAP) of Texas was 15,583,702, with a Hispanic CVAP of 4,048,208 (26%), a Black CVAP of 1,988,805 (12.8%), a mixed-race Black CVAP of 2,008,551 (12.9%), an Asian CVAP of 447,505 (2.9%), and a White CVAP of 11,925,497 (76.5%). U.S. Census Bureau, American Community Survey 2007-2011: Tables B05003, B05003A, B05003B, B05003D, B05003I (Ex. 6), available at https://data.census.gov.

6.      The 2017-2021 ACS estimated that the CVAP of Texas is 18,729,813, with a Hispanic CVAP of 5,823,485 (31.1%), a Black CVAP of 2,443,870 (13%), a mixed-race Black CVAP of 2,475,017 (13.2%), an Asian CVAP of 731,264 (3.9%), and a White CVAP of 12,803,761 (68.4%). U.S. Census Bureau, American Community Survey 2017-2021: Tables B05003, B05003A, B05003B, B05003D, B05003I (2022) (Ex. 7), available at https://data.census.gov.

7.      Between 2010 and 2020, the total population of Texas increased by 3,999,944 according to U.S. Census data. The non-Hispanic White population increased by 187,252, accounting for 4.7% of overall growth. The Hispanic population increased by 1,980,796, accounting for 49.5% of overall growth; the non-Hispanic Black/African American population increased by 557,887, accounting for 13.9% of overall growth, and the mixed-race non-Hispanic Black population increased by 654,133, accounting for 16.4% of overall growth. 2020 Decennial Redistricting Data Table P2; 2010 Decennial Redistricting Data: Table P2.

8.      From 2007-2011 to 2017-2021, the CVAP of Texas grew by 3,146,111, according to ACS data. The non-Hispanic White CVAP increased by 415,932, accounting for 13.2% of overall growth. The Hispanic CVAP increased by 1,775,277, accounting for 56.4%

of overall growth; and the Black/African-American population increased by 466,466, accounting for 14.8% of overall growth. *American Community Survey* 2017-2021: Tables B05003, B05003A, B05003B, B05003D, B05003I; *American Community Survey* 2007-2011: Tables B05003, B05003A, B05003B, B05003D, B05003I.

9. According to the 2020 Census, Bexar County has a total population of 2,009,324, with a Hispanic population of 1,190,958 (59.3%), a non-Hispanic Black population of 147,875 (7.4%), a mixed-race non-Hispanic Black population of 167,807 (8.4%), a non-Hispanic Asian population of 65,217 (3.2%), and a non-Hispanic White population 535,732 (26.7%). U.S. Census Bureau, 2020 Decennial Redistricting Data: Table P2, Bexar County (2021) (Ex. 8), https://data.census.gov/table?q=P2&g=050XX00US48029&tid=DECENNIALPL2020.P2.

10. According to the 2020 Census, Dallas County has a total population of 2,613,539, with a Hispanic population of 1,057,835 (40.5%), a non-Hispanic Black population of 564,741 (21.6%), a mixed-race non-Hispanic Black population of 591,854 (22.6%), a non-Hispanic Asian population of 181,314 (6.9%), and a non-Hispanic White population of 724,987 (27.7%). U.S. Census Bureau, 2020 Decennial Redistricting Data: Table P2, Dallas County (2021) (Ex. 9), https://data.census.gov/table?q=P2&g=050XX00US48113&tid=DECENNIALPL2020.P2.

11. According to the 2020 Census, El Paso County has a total population of 865,657, with a Hispanic population of 715,351 (82.6%), a non-Hispanic Black population of 24,415 (2.8%), a mixed-race non-Hispanic Black population of 28,534 (3.3%), a non-Hispanic Asian population of 10,692 (1.2%), and a non-Hispanic White population of 98,219 (11.3%). U.S.

Census Bureau, 2020 Decennial Redistricting Data: Table P2, El Paso County (2021) (Ex. 10), https://data.census.gov/table?q=P2&g=050XX00US48141&tid=DECENNIALPL2020.P2.

12. According to the 2020 Census, Harris County has a total population of 4,731,145, with a Hispanic population of 2,034,709 (43%), a non-Hispanic Black population of 885,517 (18.7%%), a mixed-race non-Hispanic Black population of 912,559 (19.3%), a non-Hispanic Asian of 344.762 (7.2%), and a non-Hispanic White Population of 1,309,593 (27.7%). U.S. Census Bureau, 2020 Decennial Redistricting Data: Table P2, Harris County (2021) (Ex. 11), https://data.census.gov/table?q=P2&g=050XX00US48201&tid=DECENNIALPL2020.P2.

13. According to the U.S. Census, Quick Check, Harris County had in July 1, 2021 an estimated total population of 4,728,030, with a Hispanic population of 44.4%, a non-Hispanic Black population of 20.3%, a non-Hispanic Asian population of 7.4%, and a non-Hispanic White population of 27.7%. QuickFacts provides statistics for all states and counties, and for cities and towns with a population of 5,000 or more.

14. According to the 2020 Census, Hidalgo County has a total population of 870,781, with a Hispanic population of 800,001 (91.9%), a non-Hispanic Black population of 3,364 (0.4%), a mixed-race non-Hispanic Black population of 3,896 (0.4%), a non-Hispanic Asian population of 8,604 (1.0%), and a non-Hispanic White population of 53,338 (6.1%). U.S. Census Bureau, 2020 Decennial Redistricting Data: Table P2, Hidalgo County (2021) (Ex. 12), https://data.census.gov/table?q=P2&g=050XX00US48215&tid=DECENNIALPL2020.P2.

15. According to the 2020 Census, Travis County has a total population of 1,290,188, with a Hispanic population of 421,110 (32.6%), a non-Hispanic Black population of 96,270 (7.5%), a mixed-race non-Hispanic Black population of 109,182 (8.5%), a non-Hispanic Asian population of 99,660 (9.1%), and a Non-Hispanic White population of 612,824 (47.5%).

U.S. Census Bureau, 2020 Decennial Redistricting Data: Table P2, Travis County (2021) (Ex. 13), https://data.census.gov/table?q=P2&g=050XX00US48453&tid=DECENNIALPL2020.P2.

**EAC Data[4]**

16. In 2016, Texas election officials counted 449,258 returned domestic civilian mail ballots and rejected 8,177, according to EAVS data. U.S. Election Assistance Comm'n, Election Administration and Voting Survey 2016 Comprehensive Report 23-26 (2017) (Ex. 14), https://perma.cc/8PEM-GB5D. Considering only accepted and rejected ballots, this yields a 2016 domestic civilian rejection rate of 1.8%. *See id*.

17. In 2016, Texas election officials counted 19,364 returned military and overseas mail ballots and rejected 1,136. See Election Administration and Voting 2016 Comprehensive Ballot Report 143-147. Considering only accepted and rejected ballots, this yields a 2016 military and overseas rejection rate of 5.5%. *See id*.

18. In 2018, Texas election officials counted 527,787 returned civilian mail ballots and rejected 9,377, according to EAVS data. U.S. Election Assistance Comm'n, Election Administration and Voting Survey 2018 Comprehensive Report 29-32 (2019) (Ex. 15), https://perman.cc/D6LF-VGEG. Considering only accepted and rejected ballots, this yields a 2018 domestic civilian rejection rate of 1.7%. *See id*.

19. In 2018, Texas election officials counted 21,376 returned military and overseas mail ballots and rejected 1,515, according to EAVS data. Election Administration and Voting Survey 2018 Comprehensive Report 110-112. Considering only accepted and rejected ballots, this yields a 2018 military and overseas rejection rate of 6.6%. *See id*.

---

[4] For ease of reference, the data at ¶¶ 16-23 is reflected at *infra* at Table 1.

20. In 2020, Texas election counted 982,362 returned civilian mail ballots and rejected 8,304, according to EAVS data. *U.S. Election Assistance Comm'n, Election Administration and Voting Survey 2020 Comprehensive Report* 33-37 (2021) (Ex. 16), https://perma.cc/M4WC-K8TA. Considering only accepted and rejected ballots, this yields a 2020 domestic civilian rejection rate of 0.84%. *See id*.

21. In 2020, Texas election officials counted 59,380 returned military and overseas mail ballots and rejected 1,399, according to EAVS data. Election Administration and Voting Survey 2020 Comprehensive Report 198-200. Considering only accepted and rejected ballots, this yields a 2020 military and overseas rejection rate of 1.5%. *See id*.

22. In 2022, Texas election officials counted 356,987 returned civilian mail ballots and rejected 12,575, according to EAVS data. U.S. Election Assistance Comm'n, *U.S. Election Assistance Comm'n, Election Administration and Voting Survey 2022 Comprehensive Report* 33-38 (2023) (Ex. 17), https://perma.cc/C4WD-ESXL. Considering only accepted and rejected ballots, this yields a 2022 domestic civilian rejection rate of 3.4%. *See id*.

23. In 2022, Texas election officials counted 13,228 returned military and overseas mail ballots and rejected 654, according to EAVS data. Election Administration and Voting Survey 2022 Comprehensive Report 219-221. Considering only accepted and rejected ballots, this yields a 2022 military and overseas rejection rate of 4.7%. *See id*.

**Table 1: Texas Mail Ballot Rejection Rates**

|  | **2016** | **2018** | **2020** | **2022** |
|---|---|---|---|---|
| **Domestic Civilian** | 1.8% | 1.7% | 0.84% | 3.4% |
| **Military and Overseas** | 5.5% | 6.6% | 1.5% | 4.7% |

Dated: September 2, 2023

Respectfully submitted,

/s/ Uzoma N. Nkwonta
Uzoma N. Nkwonta*
Christopher D. Dodge*
Noah B. Baron*
Michael B. Jones*
Elena A. Rodriguez Armenta*
Daniela Lorenzo*
Marcos Mocine-McQueen*
Marisa A. O'Gara*
Omeed Alerasool*
ELIAS LAW GROUP LLP
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
unkwonta@elias.law
cdodge@elais.law
nbaron@elias.law
mjones@elias.law
erodriguezarmenta@elias.law
dlorenzo@elias.law
mmcqueen@elias.law
mogara@elias.law
oalerasool@elias.law

*Counsel for LULAC Plaintiffs*
*Admitted Pro Hac Vice


/s/ Jennifer Holmes

Jennifer A. Holmes*
NAACP Legal Defense and Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 682-1300
Facsimile: (202) 682-1312
jholmes@naacpldf.org

Amir Badat*
Victor Genecin*
Breanna Williams*

NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592
abadat@naacpldf.org
vgenecin@naacpldf.org
bwilliams@naacpldf.org

Shira Wakschlag*
The Arc of the United States, Inc.
1825 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: (202) 534-3708
Facsimile: (202) 534-3731
Wakschlag@thearc.org

Kenneth E. Broughton
Texas Bar No. 03087250
J. Keely Pippin
Texas Bar No. 24116306
Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899
kbroughton@reedsmith.com
kpippin@reedsmith.com

Sarah Cummings Stewart
Texas Bar No. 24094609
Reed Smith LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
Facsimile: (469) 680-4299
sarah.stewart@reedsmith.com

J. Michael Showalter*
ARENTFOX SCHIFF LLP
South Wacker Drive, Suite 7100
Chicago, IL 60606
Tel: (312) 258-5561
j.michael.showalter@afslaw.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs Houston Area Urban League; Delta Sigma Theta Sorority, Inc.; The Arc of Texas; and Jeffrey Lamar Clemmons*

**CERTIFICATE OF SERVICE**

On September 2, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Uzoma N. Nkwonta
Uzoma N. Nkwonta

**LOCAL RULE CV-7(G) CERITIFCATION**

On September 1, 2023, LULAC Plaintiffs conferred with counsel for State Defendants and Intervenor-Defendants to resolve this matter without Court intervention. State Defendants and Intervenor-Defendants noted their partial opposition to the request for judicial notice. County Defendants have either not responded as to their position or have taken no position. On September 2, 2023, LULAC Plaintiffs confirmed their intent with all parties to file this request with the Court.

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta