UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| La Unión del Pueblo Entero, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>State of Texas, *et al.*,<br>    *Defendants*<br><br><br>Harris County Republican Party, *et al.*,<br>    *Intervenor-Defendants.* | Case No. 5:21-cv-844-XR<br>(Lead Case) |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO
LULAC PLAINTIFFS' PARTIALLY OPPOSED REQUEST FOR JUDICIAL NOTICE**

LULAC Plaintiffs (LULAC) request that the Court take judicial notice of U.S. Census population data and U.S. Election Assistance Commission (EAC) election data. *See* ECF 748. State Defendants do not oppose the Court judicially noticing the U.S. Census data. However, State Defendants do oppose judicially noticing the data from the EAC because State Defendants dispute the accuracy of that data.

Federal Rule of Civil Procedure provides that a "court may judicially notice a fact that is not subject to reasonable dispute." Fed. R. Civ. P. 201(b). However, a court may only judicially notice a fact if—as at issue here—the fact "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *Id.* at 201(b)(2). "The burden is on the party seeking judicial notice to show that these requirements have been satisfied." *Ambler v. Williamson Cnty., Tex.*, No. 1-20-CV-1068-LY, 2021 WL 769667, at *3 (W.D. Tex. Feb. 25, 2021) (citing 21B Wright & Miller, Fed. Prac. & Proc. § 5108 (2d ed.)).

"A fact that has been judicially noticed is not subject to dispute by the opposing party—indeed, that is the very purpose of judicial notice." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998). The rule of judicial notice "contemplates there is to be no evidence before the jury in disproof." *Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 348 (5th Cir. 1982) (citing Fed. R. Civ. P. 201, Adv. Comm. Note g (1975)). "[W]here there is evidence on both sides of an issue the matter is subject to reasonable dispute" and judicial notice is inappropriate. *Id.* The United States Supreme Court has recognized that "[t]he power to take judicial notice 'is to be exercised by courts with caution. Care must be taken that the requisite notoriety exists. Every reasonable doubt upon the subject should be resolved promptly in the negative.'" *Brown v. Piper*, 91 U.S. 37, 42–43 (1875).

LULAC makes much of the fact that the EAC reports are public records. ECF 748 at 2–3. However, the mere existence of information in a government record does not mean that information is not subject to reasonable dispute—and, therefore, judicially noticeable. "Judicial notice may be taken of 'matters of public record' **that are not subject to reasonable dispute**." *Ambler*, 2021 WL 769667, at *3. (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019); Fed. R. Civ. P. 201(b)) (emphasis added). Even LULAC's own cited authority contradicts their position and requires that even public records not be subject to reasonable dispute. *See Ambler*, 2021 WL 769667, at *4 ("Even assuming that the Video qualifies as a matter of public record, a court may take judicial notice only of those matters contained in public records that are 'not subject to reasonable dispute.'") (cited by LULAC in ECF 748 at 3); *Judicial Watch, Inc. v. Griswold*, 554 F. Supp. 3d 1091, 1098–99 (D. Colo 2021) (taking judicial notice of an EAC report "[b]ecause the parties rely on the 2018 EAC Report and neither disputes the report's authenticity") (cited by LULAC in ECF 748 at 2); *Hall v. Louisiana*, No. 12-00657-BAJ-RLB, 2015 WL 1383532, at *3 (M.D. La. Mar. 23, 2015) (taking judicial notice of U.S. Census data because "Defendants do not dispute the accuracy of the data.") (cited by LULAC in ECF 748 at 3).

The Election Assistance Commission data which LULAC requests the Court take notice of are subject to reasonable dispute and, therefore, are not subject to judicial notice. Specifically, LULAC asks the Court to take judicial notice of the Texas mail-in ballot rejection rates reflected in various EAC reports. However, State Defendants dispute the accuracy of that information. Prior to 2021, Texas counties did not have a legal obligation to track data related to mail-in voting, including mail-ballot rejection rates. Not only did many counties fail to collect the information, but counties that chose to do so often utilized different data collection policies year-from-year and county-from-county. *See*, *e.g.*, Ex. A at 47:9–18, 76:7–11. That only began to change after the Texas Legislature enacted the ballot tracker and then the corrective action process. Ex. B at 278:4–16. There is thus good reason to believe that the EAC's findings turned on incomplete and inaccurate data and that the EAC reports do not capture the actual rejection rates in 2016, 2018, and 2020.

Dr. Mark Hoekstra, in his response to Plaintiffs' expert Dr. Kenneth R. Mayer, analyzed data files obtained from Dallas, Harris, and Hidalgo Counties. *See* Ex. C ¶¶ 12–13. He shows that ballot rejections for non-Senate Bill 1 ("SB 1") reasons were higher in Dallas County and Harris County in 2022, compared to all ballot rejections for 2020, even though SB 1 introduced a corrective action process and even though the standards governing non-SB 1 reasons stayed the same or became more lenient. *Id.* ¶13. He notes that "[a]t best, this casts serious doubt on the reliability of before-versus-after comparisons in assessing the causal impact of SB 1 on ballot rejection rates." *Id*. But it also puts into question the accuracy of the underlying data reported by the counties—the same data utilized by the EAC for its reports. *Id.*

State Defendants also have good cause to dispute the EAC's findings in its 2022 report. Following the November 2022 general election, the Secretary of State queried the Texas Election Administration Management (TEAM) database to determine the final mail-ballot rejection rate. That query indicated a rejection rate of 2.7%. Ex. D at 6. State Defendants, pursuant to the protective order,

produced data files from the TEAM database to the United States. After analyzing the data, the United States's expert Dr. Eitan Hersh calculated the final, uncured/uncanceled rejection rate to be 2.5%— similar to what the Secretary of State reported two months earlier. Ex. E ¶ 22. The EAC, in contrast, which relied on second-hand information, reported the final rejection rate as 3.4%. ECF 748-18 at 6. The numbers are at odds with more reliable evidence in the record.

If LULAC wishes to make certain assertions regarding mail-ballot rejections, then LULAC may introduce admissible evidence at trial establishing their position. LULAC may not circumvent the adversarial process by seeking judicial notice of disputed facts when State Defendants intend to introduce contrary evidence. LULAC has not demonstrated the accuracy of the information that they ask the Court to take judicial notice of beyond pointing out its existence in a government report. Because the information is in dispute, the Court should require LULAC to present the information at trial through the normal adversarial process where State Defendants can present contrary evidence. Accordingly, the Court should deny LULAC's request for judicial notice of the EAC data.

| | |
|---|---|
| Date: September 5, 2023 | Respectfully submitted. |
| | |
| ANGELA COLMENERO | RYAN G. KERCHER |
| Provisional Attorney General | Deputy Chief, General Litigation Division |
| | Tex. State Bar No. 24060998 |
| BRENT WEBSTER | |
| First Assistant Attorney General | *s/ Kathleen T. Hunker* |
| | KATHLEEN T. HUNKER |
| GRANT DORFMAN | Special Counsel |
| Deputy First Assistant Attorney General | Tex. State Bar No. 24118415 |
| | |
| JAMES LLOYD | WILLIAM D. WASSDORF |
| Acting Deputy Attorney General for Civil Litigation | Assistant Attorney General |
| | Tex. State Bar No. 24103022 |
| | |
| | ZACHARY W. BERG |
| | Special Counsel |
| | Tex. State Bar No. 24107706 |
| | |
| | OFFICE OF THE ATTORNEY GENERAL |
| | P.O. Box 12548 (MC-009) |
| | Austin, Texas 78711-2548 |
| | Tel.: (512) 463-2100 |
| | ryan.kercher@oag.texas.gov |
| | kathleen.hunker@oag.texas.gov |
| | will.wassdorf@oag.texas.gov |
| | zachary.berg@oag.texas.gov |
| | |
| | **COUNSEL FOR STATE DEFENDANTS** |

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 5, 2023, and that all counsel of record were served by CM/ECF.

*/s/ Kathleen T. Hunker*
KATHLEEN T. HUNKER