# APPENDIX B

APPENDIX B

DESCRIPTION OF PROVISIONS OF SB 1 THAT PLAINTIFFS CHALLENGE

As set forth in the Joint Pretrial Order, Plaintiffs challenge the following provisions of SB 1 (collectively, the "Challenged Provisions"):

a. SB 1 §§ 2.05-2.07

b. SB 1 §§ 3.04, 3.09, 3.10, 3.12, 3.13, 3.15

c. SB 1 §§ 4.01, 4.06, 4.07, 4.09, 4.12

d. SB 1 §§ 5.02-5.04, 5.06-5.08, 5.10-5.14

e. SB 1 §§ 6.01, 6.03-6.07

f. SB 1 §§ 7.02, 7.04

g. SB 1 § 8.01

Specifically, Plaintiffs describe the Challenged Provisions as follows:

1. Section 2.05 of SB 1 amended Section 16.0332 of the Texas Election Code to require the Secretary of State to enter into an agreement with the Department of Public Safety through which the Department of Public Safety will provide information about persons who "indicate a lack of citizenship status in connection with a motor vehicle or Department of Public Safety record" each month and the Secretary of State will use this information to "verify the accuracy of citizenship status information previously provided on voter registration applications." The Secretary of State may use information garnered in this fashion to cancel voter registrations.

2. Section 2.05 of SB 1 amended Section 16.0332 of the Election Code, inter alia, by adding subsection (a-1).

3. Subsection (a-1) of Section 16.0332 of the Election Code provides that:

The secretary of state shall enter into an agreement with the Department of Public Safety

1

under which information in the existing statewide computerized voter registration list is compared against information in the database of the Department of Public Safety on a monthly basis to verify the accuracy of citizenship status information previously provided on voter registration applications. In comparing information under this subsection, the secretary of state shall consider only a voter's information in the database of the Department of Public Safety that was derived from documents presented by the voter to the department after the person's current voter registration became effective, and may not consider information derived from documents presented by the voter to the department before the person's current voter registration became effective.

4.   Section 2.05 of SB 1 further provides that "[t]he secretary of state shall provide rules for the administration of this section."

5.   Section 2.06 of SB 1 amended Section 18.065 of the Texas Election Code to authorize the Secretary of State to require a voter registrar who he has determined is not in substantial compliance with Sections 15.083, 16.032, and 18.061 of the Texas Election Code to attend additional training, to audit the voter registration list for the county in which that voter registrar serves, or to inform the Attorney General that such a voter registrar's county may be subject to civil penalty.

6.   Section 2.06 of SB 1 adds subsections (e), (f), (g), and (h) to Section 18.065 of the Election Code.

7.   Section 18.065(e) provides in relevant part that "if the secretary of state determines that a voter registrar is not in substantial compliance with a requirement imposed on the registrar by a provision of rule described in Subsection (a)," the secretary will impose consequences that include mandating training for a first violation, auditing the county voter registrar list for a second

2

violation; and for a third violation, "if the secretary of state determines that the registrar has not performed any overt actions in pursuit of compliance . . . inform the attorney general that the county which the registrar serves may be subject to a civil penalty under Subsection (f)."

8.   Section 18.065(f) provides "a county is liable to this state for a civil penalty of $1,000 for each day after the 14th day following the receipt of the results of the audit conducted under Subsection (e)(2)."

9.   Section 2.07 of SB 1 amended Section 18.068 of the Texas Election Code to add that the Secretary of State shall also quarterly compare information received under Texas Election Code 16.001 and Government Code Sections 62.113 and 62.114 to the statewide computerized voter registration list to determine whether voters on the registration list are residents of the county in which they are registered to vote.

10. Section 2.07 of SB 1 in relevant part adds subsection (a-1) to Section 18.068 of the Election Code.

11. Subsection (a-1) of Section 18.068 provides that "The secretary of state is not required to send notice under Subsection (a) for a voter who is subject to an exemption from jury service under Section 62.106, Government Code, if that exemption is the only reason the voter is excused from jury service.

12. The Secretary of State has entered into an agreement with the Department of Public Safety under which information in the existing statewide computerized voter registration list is compared against information in the database of the Department of Public Safety.

13. Comparisons between the statewide computerized voter registration list and the Department of Public Safety information occurs on a monthly basis.

14. Voters whose citizenship status as previously provided on voter registration applications

does not match information in the database of information from the Department of Public Safety records will be subject to removal from the voter registration list unless that voter provides to the registrar proof of U.S. citizenship in the form of a certified copy of the voter's birth certificate, a U.S. passport, certificate of naturalization, or any other form that the Secretary of State has proscribed.

15. The Secretary of State, in carrying out quarterly review of the statewide computerized voter registration list, is not required by SB 1 to send notice to voters who are removed from the voter registration list for allegedly seeking exemption from jury service on the basis of non-citizenship.

16. Section 3.04 of SB 1 amended Section 43.031(b) of the Texas Election Code to add that "no voter may cast a vote from inside a motor vehicle unless the voter meets the requirements of Section 64.009."

17. Section 64.009 of the Texas Election Code governs curbside voting, which allows a voter who is physically unable to enter the polling place without personal assistance or likelihood of injuring their health to vote at the polling place entrance or curb.

18. Section 3.09 of SB 1 amended Section 85.005 of the Texas Election Code to prohibit voting to be conducted on weekdays during the early voting period earlier than 6 a.m. or later than 10 p.m.

19. Section 3.10 of SB 1 amended Section 85.006(e) of the Texas Election Code to prohibit voting to be conducted on the last Saturday of the early voting period earlier than 6 a.m. or later than 10 p.m. Section 3.10 of SB 1 also amended Section 85.006(e) of the Texas Election Code to prohibit voting to be conducted on the last Sunday of the early voting period earlier than 9 a.m. or later than 10 p.m.

20. Section 3.12 of SB 1 amended Section 85.061(a) of the Texas Election Code to require that

4

an early voting polling place be located inside each branch office of the county clerk.

21. Section 3.13 of SB 1 amended Section 85.062 of the Texas Election Code to prohibit the placement of early voting polling places in movable structures.

22. Sections 3.04, 3.12, and 3.13 of SB 1 prevent Texas counties from offering drive thru voting.

23. Section 3.15 of SB 1 amended Section 124.002 of the Texas Election Code to prohibit a political party's candidate to be selected in one motion or gesture.

24. Section 4.01 of SB 1 amended Section 32.075 of the Texas Election Code to prohibit election judges from having a duly accepted poll watcher removed from the polling place unless the election judge or clerk observed the poll watcher violate the law relating to the conduct of elections. The election judge may call a law enforcement officer to request that a poll watcher be removed if the poll watcher commits a breach of the peace or a violation of law.

25. A "watcher" is "a person appointed under [Subchapter A of Chapter 33 of the Texas Election Code] to observe the conduct of an election on behalf of a candidate, a political party, or the proponents or opponents of a measure." Tex. Elec. Code Section 33.001.

26. Section 4.06 of SB 1 amended Section 33.051 of the Texas Election Code to require appointed poll watchers to present a certificate of completion from training to the presiding judge before serving. Section 4.06 also states that an election officer commits a Class A misdemeanor if the officer intentionally or knowingly refuses to accept a duly appointed and qualified watcher for service.

27. Section 4.07 of SB 1 amended Section 33.056 of the Texas Election Code to state that a poll watcher is entitled to sit or stand near enough to see and hear the election officers conducting the observed activity. Section 4.07 of SB 1 also adds a provision to the Texas Election Code stating

that "a watcher may not be denied free movement where election activity is occurring within the location at which the watcher is serving."

28. Section 4.09 of SB 1 amended Section 33.061(a) of the Texas Election Code to state that it is an offense for an election official to take any action to obstruct the view of a watcher or distance the watcher from the activity or procedure to be observed in a manner that would make observation not reasonably effective.

29. Section 4.12 of SB 1 amended Section 86.006 of the Texas Election Code to prohibit the use of ballot drop-boxes by requiring that an election official receive the in-person delivery of a marked mail ballot at the time of delivery and that the receiving election official attest that the voter provided their name, signature, and identification when the ballot was delivered.

30. Section 5.02 of SB 1 amended Section 84.002 of the Texas Election Code to add subsection (a)(1-a), which requires that an application for a ballot by mail include:  "(A) the number of the applicant's driver's license, election identification certificate, or personal identification card issued by the Department of Public Safety" [hereinafter collectively "DPS number"]; or "(B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number" [hereinafter "SSN4"]; or "(C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B)."

31.  Subsection (b-1) of Section 84.002(a) allows a person to "use the number of a driver's license, election identification certificate, or personal identification card that has expired for the purpose of fulfilling the requirement under Subsection (a)(1-a) if the license or identification is otherwise valid.

32. Subsection (f-1) of Section 86.001 of the Texas Election Code requires that if a mail ballot application is rejected, the clerk must provide notice to the voter with information "regarding the

ability to correct or add information required under Section 84.002(a)(1-a) through the online tool described by Section 86.015(c)."

33. Subsection (f-1) of Section 86.001 of the Texas Election Code provides that "[i]f an applicant corrects an application for a ballot to be voted by mail online and that application subsequently identifies the same voter identified on the applicant's application for voter registration, the clerk shall provide a ballot to the applicant as provided by this chapter."

34. Section 5.03 of SB 1 amended Section 84.011(a) of the Texas Election Code to require the officially prescribed application form for an early voting ballot to include space to enter the information required under Section 84.002(a)(1-a), which was amended by Section 5.02 of SB 1.

35. Section 5.04 of SB 1 amended Section 84.0111 of the Texas Election Code to prohibit an officer or employee of the state or a political subdivision of the state from: (1) distributing an application for an early voting ballot to a person who did not request the application; or (2) using public funds to facilitate third-party distribution of an application for an early voting ballot to a person who did not request the application.

36.  Section 5.06 of SB 1 amended Texas Election Code Section 84.035 to provide that a voter who has already been sent a mail ballot, but who cancels their vote by mail application before returning their mailed ballot to the appropriate official, may be permitted by an election judge "to vote only under a provisional ballot."

37. Section 5.07 of SB 1 amended Section 86.001 of the Texas Election Code to require the clerk to reject an application for an early voting ballot if the personal identifying information included on the application as required under Section 84.002(a)(1-a) of the Texas Election Code (amended by Section 5.02 of SB 1) does not identify the same voter identified on the applicant's application for voter registration.

7

38. Section 5.08 of SB 1 amends Section 86.002 of the Election Code to add, inter alia, subsections (g) and (h).

39. Subsection (g) of Section 86.002 provides that the carrier envelope for mail ballots to include a space "for the voter to enter the following information: (1) the number of the voter's driver's license, election identification certificate, or personal identification card issued by the Department of Public Safety; (2) if the voter has not been issued a number described by Subdivision (1), the last four digits of the voter's social security number; or (3) a statement by the applicant that the applicant has not been issued a number described by Subdivision (1) or (2)."

40. Subsection (h) of Section 86.002 allows a person to use "the number of a driver's license, election identification certificate, or personal identification card that has expired for purposes of Subsection (g) if the license or identification is otherwise valid."

41. Section 5.10 of SB 1 amended Texas Election Code Section 86.015(c) to require that the state's mandated online ballot tracker "allow a voter to add or correct" an omitted number required by SB 1 on a mail ballot application or a driver's license number, election identification certificate number, personal identification card number, or the last four digits of a Social Security Number that does not match the numbers contained in voter registration records.

42. Section 5.11 amended 87.027(i) of the Texas Election Code to authorize a signature verification committee to compare the signature on each carrier envelope certificate for a mail ballot "with any known signature of the voter on file with the county clerk or voter registrar to determine whether the signatures are those of the voter."

43. Section 5.12 of SB 1 adds Section 87.0271 to Texas Election Code to provide curative procedures for ballots that the signature verification committee determines are incomplete due to missing a signature on the carrier envelope certificate, statement of residence, other required

8

information contained in Section 84.002(a)(1-a) or Section 86.002, incomplete required information regarding a witness, or "for which it cannot immediately be determined whether the signature of the carrier envelope certificate is that of the voter."

44. Section 87.0271(b) of the Texas Election Code provides that, with regard to early voting ballots voted by mail, "[n]ot later than the second business day after a signature verification committee discovers a defect . . . and before the committee decides whether to accept or reject a timely delivered ballot under Section 87.027, the committee shall: (1) determine if it would be possible for the voter to correct the defect and return the carrier envelope before the time the polls are required to close on election day; and (2) return the carrier envelope to the voter by mail, if the committee determines that it would be possible for the voter to correct the defect and return the carrier envelope before the time the polls are required to close on election day."

45.  Section 87.0271(e) of the Texas Election Code provides that "[a] poll watcher is entitled to observe an action taken under Subsection (b) or (c)."

46. Section 5.13 of SB 1 amended Section 87.041 of the Texas Election Code to provide that "A ballot may be accepted only if . . . the information required under Section 86.002(g) provided by the voter identifies the same voter identified on the voter's application for voter registration under Section 13.002(c)(8)."

47. Subsection (e) of Section 87.041 authorizes the early voting ballot board to compare the voter's signature with any known signature of the voter on file with the county clerk or voter registrar to determine whether the signatures on the ballot application and on the carrier envelope certificate "are those of the voter."

48. Section 5.14 of SB 1 adds Section 87.0411 to the Texas Election Code to provide that "Not later than the second business day after an early voting ballot board discovers a defect described

9

by Subsection (a) and before the board decides whether to accept or reject a timely delivered ballot under Section 87.041, the board shall: (1) determine if it would be possible for the voter to correct the defect and return the carrier envelope before the time the polls are required to close on election day; and (2) return the carrier envelope to the voter by mail, if the board determines that it would be possible for the voter to correct the defect and return the carrier envelope before the time the polls are required to close on election day."

49. Section 87.0411(c) provides that "[i]f the early voting ballot board determines under Subsection (b)(1) that it would not be possible for the voter to correct the defect and return the carrier envelope before the time the polls are required to close on election day, the board may notify the voter of the defect by telephone or e-mail and inform the voter that the voter may request to have the voter's application to vote by mail canceled in the manner described by Section 84.032 or come to the early voting clerk's office in person not later than the sixth day after election day to correct the defect."

50. Section 87.0411(e) of the Election Code provides that "[a] poll watcher is entitled to observe an action taken under Subsection (b) or (c)."

51. Section 6.01 of SB 1 amended Section 64.009 of the Texas Election Code to require a person who "simultaneously" provides seven or more voters with transportation to the polls to complete and sign a form reporting their name, address, and whether they are only providing transportation or also serving as an assistant to the voters. Section 6.01 also notes that "a poll watcher is entitled to observe any activity conducted under this section."

52. Section 6.03 of SB 1 added Section 64.0322 of the Texas Election Code to require a person, other than an election officer, who assists a voter to complete a form stating: (1) the name and address of the person assisting the voter; (2) the relationship to the voter of the person assisting

the voter; and (3) whether the person assisting the voter received or accepted any form of compensation or other benefit from a candidate, campaign, or political committee. The form must be incorporated into the official carrier envelope if the voter is voting a mail ballot and receives assistance or must be submitted to an election officer at the time the voter casts a ballot in person and receives assistance.

53. A voter may not receive assistance in voting from an assistor who is not an election official and who does not complete the form required by Section 64.0322(a).

54. Section 6.04 of SB 1 amended the assistor oath required under Texas Election Code Section 64.034.  The new oath requires an assistor to swear, under penalty of perjury, that the voter "represented to [the assistor that] they are eligible to receive assistance," and that the assistor did not "pressure" the voter to choose them as the assistor.

55. Section 6.05 of SB 1 amended Texas Election Code Section 86.010 to require that a person who assists a voter in preparing a ballot to be voted by mail to include on the official carrier envelope: (1) the person's signature, printed name, and residence address, (2) the relationship of the person providing the assistance to the voter, and (3) whether the person received or accepted any form of compensation or other benefit from a candidate, campaign, or political committee in exchange for providing assistance.

56. Section 6.06 of SB 1 amended Section 86.0105 of the Texas Election Code to make it a state jail felony for a person to: (1) compensate or offer to compensate another person for assisting voters, or (2) solicit, receive, or accept compensation for assisting voters.  Section 6.06 of SB 1 defines compensation as an economic benefit. Section 6.06 of SB 1 does not apply if the person assisting the voter is an attendant or caregiver previously known to the voter.

57. Section 6.07 of SB 1 amended Section 86.013(b) of the Texas Election Code to require

carrier envelopes to include a space for assistors to indicate his or her relationship to the voter being assisted.

58. Section 7.02 of SB 1 amended Sections 276.004(a) and (b) of the Texas Election Code to expand the exception to the offense described in Section 276.004 of the Texas Election Code so that a person who refuses to permit another person from being absent from work for the purpose of attending the polls to vote on election day or while early voting is in progress does not commit an offense if the polls are open for two consecutive hours on election day or while early voting is in progress outside of the voter's working hours.

59. Section 7.04 of SB 1 adds Section 276.015 to the Texas Election Code, which makes it a felony of the third degree for a person, directly or through a third party, to knowingly: (1) provide or offer to provide vote harvesting services in exchange for compensation or other benefit; (2) provide or offer to provide compensation or other benefit to another person in exchange for vote harvesting services; or (3) collect or possess a mail ballot or official carrier envelope in connection with vote harvesting services. Section 7.04 of SB 1 defines "benefit" as "anything reasonably regarded as gain or advantage… whether to a person or another party whose welfare is of interest to the person." The provision defines "vote harvesting services" as "in-person interaction with one or more voters, in the physical presence of an official ballot or a ballot voted by mail, intended to deliver votes for a specific candidate or measure."

60. Section 7.04 of SB 1 adds Section 276.016 to the Texas Election Code, which makes it a state jail felony for a public official or election official, acting in their official capacity, to knowingly (1) solicit the submission of an application to vote by mail from a person who did not request an application; (2) distribute an application to vote by mail to a person who did not request the application; (3) authorize or approve the expenditure of public funds to facilitate third-party

12

distribution of an application to vote by mail to a person who did not request the application; or (4) complete any portion of an application to vote by mail and distribute the application to an applicant.

61. Section 7.04 of SB 1 adds Section 276.017 to the Texas Election Code, which prohibits the early voting clerk or other election officials from knowingly mailing or providing early voting by mail ballot materials to any person who the official knows did not submit an application for a ballot to be voted by mail.

62. Section 7.04 of SB 1 adds Section 276.018 to the Texas Election Code, which makes it an offense to make a false statement or swear to the truth of a false statement on a voter registration application or in an oath, declaration, or affidavit.

63. Section 7.04 of SB 1 adds Section 276.019 to the Texas Election Code, which prohibits election officials from creating, altering, modifying, waiving, or suspending any election standard, practice, or procedure in a manner not expressly authorized by code.

64. Section 8.01 of SB 1 adds Section 31.128 to the Texas Election Code, which prohibits a person from serving as an election official if the person has been finally convicted of an offense under the Texas Election Code. An election official does not include a chair of a county political party holding a primary election or a runoff primary election.

65. Section 8.01 of SB 1 adds Section 31.1 to the Texas Election Code which states that an election official may be liable to this state for a civil penalty if the official: 1) is employed by or is an officer of this state or a political subdivision of this state; and violates a provision of the Texas Election Code.

66. Section 8.01 of SB 1 adds Section 31.130 to the Texas Election Code which states that an action, including an action for a writ of mandamus, may be brought against an election judge, in

13

their official capacity, for violations of the Election Code.

67. Section 32.075 to the Texas Election Code states that a presiding judge must preserve order and prevent breaches of peace and violations of the Texas Election Code in the polling place.

68. An election judge is considered an "election official" and an "election officer" under the Texas Election Code.

14