**EXHIBIT 4**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al.,<br><br>                        *Plaintiffs,*<br><br>v.<br><br>GREGORY W. ABBOTT, et al.,<br><br>                        *Defendants.* | 5:21-cv-844-XR |
| LULAC TEXAS, et al.,<br><br>                        *Plaintiffs,*<br><br>v.<br><br>JANE NELSON, et al.,<br><br>                        *Defendants.* | 1:21-cv-0786-XR |

## **STIPULATION OF THE DISTRICT ATTORNEY OF DALLAS COUNTY**

I, John Creuzot, stipulate as follows:

1. I serve as the Criminal District Attorney of Dallas County, Texas, a position I was first elected to in 2018.

2. In this role, I lead the Dallas County District Attorney's Office ("Dallas DA's Office"), which is responsible for, among other things, investigating and prosecuting criminal violations of the Texas Election Code in Dallas County. Specifically, Tex. Elec. Code § 273.001(b), provides that "[a] district or county attorney having jurisdiction . . . may conduct an

investigation on the officer's own initiative to determine if criminal conduct occurred in connection with an election." This includes investigating and prosecuting violations of Tex. Elec. Code §§ 33.051(g) (officer intentionally or knowingly refuses to accept a watcher for service when acceptance of the watcher is required by this section; class A misdemeanor), 33.061 (unlawfully obstructing watcher; class A misdemeanor), 64.034 (oath under penalty of perjury; class A misdemeanor), 86.010 (unlawfully assisting voter voting ballot by mail; state jail felony), 86.0105 (compensation for assisting voters prohibited; state jail felony); 276.015 (vote harvesting; 3rd degree felony); 276.016 (unlawful solicitation and distribution of application to vote by mail; state jail felony); 276.017 (unlawful distribution of early voting ballots and balloting materials; class A misdemeanor); and 276.018 (perjury in connection with certain election procedures; state jail felony) ("Criminal Provisions").

3. The Dallas DA's Office "exercise[s]...prosecutorial discretion [which] requires reviewing the facts presented, applying [the relevant Texas Election Code provision] to those facts, and only then, deciding whether to prosecute or not." Ex. B (Resp. to Interrogatory Nos. 1–4). Thus, the Dallas DA's Office:

- has made no announcement that it will refrain from enforcement of the Criminal Provisions. Ex. A (Resp. to Request for Admission No. 1).
- does not intend to wholly refrain from investigating alleged violations of the Criminal Provisions. Ex. A (Resp. to Request for Admission No. 3).
- does not intend to wholly refrain from prosecuting violations of the Criminal Provisions. Ex. A (Resp. to Request for Admission No. 2).

4. Further, H.B. 17, 88th Leg. R.S. (2023), effective September 1, 2023, provides for the removal from office of any prosecutor that 1) adopts or enforces a policy of refusing to prosecute a class or type of criminal offense under state law; 2) instructs law enforcement to refuse

to arrest individuals suspected of committing a class or type of offense under state law; or 3) permits an assistant prosecutor to take either of the foregoing actions.

5. The attached exhibits to this stipulation are the true and correct copies of discovery responses served by the Dallas DA's Office in this matter. I incorporate these responses into this stipulation by reference.

Executed on: 8·30·23

John Creuzot
Criminal District Attorney
Dallas County, Texas