**EXHIBIT 5**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>GREGORY W. ABBOTT, et al.,<br><br>        Defendants. | 5:21-cv-844-XR |
| LULAC TEXAS, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>JANE NELSON, et al.,<br><br>        Defendants. | 1:21-cv-0786-XR |

**STIPULATION OF THE DISTRICT ATTORNEY OF THE 34TH JUDICIAL DISTRICT**

I, Bill D. Hicks, stipulate as follows:

1. I serve as the District Attorney for the 34th Judicial District of Texas that encompasses El Paso, Hudspeth, and Culberson counties. I was appointed in December 2022 as the successor to Yvonne Rosales, who resigned.

2. In this role, I lead the 34th Judicial District Attorney's Office ("El Paso DA's Office"), which is responsible for, among other things, investigating and prosecuting criminal violations of the Texas Election Code in El Paso County. This includes responsibility for

investigating and prosecuting violations of Tex. Elec. Code Ann. §§ 33.051, 33.061, 64.034, 86.010, 86.0105, 276.015–.019 ("Criminal Provisions").

3. In April 2022, the El Paso DA's Office filed an Unopposed Motion to be Excused from Active Participation in this litigation. *See* ECF No. 356 ("Motion"). The Court granted this motion by text order on April 11, 2022.

4. In the Motion, the El Paso DA's Office explained it did "not seek to be excused from [its] discovery obligations," and committed to "continue to respond or object to discovery requests as the Federal Rules of Civil Procedure require[,] . . . [and] provide deposition and trial testimony if compelled in accordance with the Rules." ECF No. 356 at ¶ 6.

5. The El Paso DA's Office agreed "not to enforce the provisions of the Texas Election Code that are at issue listed in the Plaintiffs' complaint during the pendency of this case and subject to any judgment and/or other orders entered by the Court," including the Criminal Provisions. ECF No. 356 at ¶ 9.

6. Notwithstanding entry of its Motion, the El Paso DA's Office does not dispute that it has the authority to enforce the Criminal Provisions and that, but for the entry of its Motion, it would be free to do so at any time.

7. Once the Motion is no longer in effect, and absent an injunction in this case, the El Paso DA's Office intends to fulfill its duty to enforce the Criminal Provisions subject to its prosecutorial discretion.

Executed on: 8/30/2023

Bill D. Hicks
District Attorney
El Paso County, Texas

3