# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br><br> GREGORY W. ABBOTT, et al., <br><br> *Defendants.* <br> HARRIS COUNTY REPUBLICAN PARTY, et al., <br><br> *Intervenor-Defendants.* | Case No. 5:21-cv-844-XR <br><br> [Lead Case] |

<u>**HARRIS COUNTY ELECTION ADMINISTRATOR'S PRETRIAL STIPULATION TO AUTHENTICITY AND ACCURACY OF DISCOVERY RESPONSES**</u>

The Harris County Elections Administrator stipulates to the authenticity, accuracy, and admission into evidence of the following discovery responses produced by the Harris County Elections Administrator in the above-captioned consolidated litigation, subject to and without waiving any objections raised therein, subject to the Court's ruling[s] thereupon as to admissibility.

1. Defendant Isabel Longoria's Objections and Answers to Plaintiffs' First Set of Interrogatories, dated May 13, 2022 (attached as Exhibit 1);

2. Defendant Harris County Elections Administrator, Clifford Tatum's Supplemental Responses to State Defendants' Second Set of Interrogatories, dated March 21, 2023 (attached as Exhibit 2);

3. Defendant Harris County Elections Administrator, Clifford Tatum's Amended Responses and Objections to OCA Plaintiffs' First Set of Interrogatories, dated May 5, 2023 (attached as Exhibit 3);

4. Defendant Harris County Elections Administrator, Clifford Tatum's Amended Responses and Objections to LULAC Plaintiffs' Third Set of Interrogatories, dated May 5, 2023 (attached as Exhibit 4); and

5. Harris County Elections Administrator, Clifford Tatum Responses and Objections to LULAC Plaintiffs' First Set of Requests for Admission, dated March 17, 2023 (attached as Exhibit 5).

1

Dated: August 18, 2023.

Attorneys for Defendant Clifford Tatum in his official capacity as Harris County Elections Administrator.

# Exhibit 1

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNION DEL PUEBLO ENTERO, et al., | |
| *Plaintiffs'*, | |
| *v.* | Civil Action No. 5:21-CV-844 (XR) (Consolidated Cases) |
| STATE OF TEXAS, et al., | |
| *Defendants.* | |

## <u>DEFENDANT ISABEL LONGORIA'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Isabel Longoria, in her official capacity as Harris County Elections Administrator, serves her Objections and Answers to Plaintiffs' First Set of Interrogatories in the above-captioned actions.

Dated: May 13, 2022.

Respectfully submitted,

_/s/ Christina M. Beeler_
Christian D. Menefee
Harris County Attorney
Texas Bar No. 24088049
Christian.Menefee@cao.hctx.net
Jonathan G.C. Fombonne
First Assistant Harris County Attorney
Texas Bar No. 24102702
Jonathan.Fombonne@cao.hctx.net
Tiffany S. Bingham
Managing Counsel
Texas Bar No. 24012287
Tiffany.Bingham@cao.hctx.net
Sameer S. Birring
Assistant County Attorney
Texas Bar No. 24087169
Sameer.Birring@cao.hctx.net
Christina M. Beeler

Assistant County Attorney
Texas Bar No. 24096124
Christina.Beeler@cao.hctx.net
Susannah C. Mitcham
Assistant County Attorney
Texas Bar No. 24107219
Susannah.Mitcham@cao.hctx.net
OFFICE OF THE HARRIS COUNTY ATTORNEY
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

Attorneys for Defendant ISABEL
LONGORIA, in her Official Capacity as
Harris County Elections Administrator

**GENERAL OBJECTIONS**

1.  Defendant Longoria objects to these Interrogatories, including the instructions and definitions,

    to the extent they purport to impose upon Defendant Longoria any obligations different from,

    or greater than, those established or required by the Federal Rules of Civil Procedure.

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1:** State the following data regarding ABBMs and mail ballots from the March 1, 2022 primary election:

    a.  Number of ABBMs received by the County;
    b.  Number of ABBMs the County flagged for rejection because of an application defect of any kind;
    c.  Number of ABBMs that the County ultimately accepted after an applicant cured a recorded defect of any kind;
    d.  Number of ABBMs the County flagged for rejection because of an Omission Defect;
    e.  Number of ABBMs the County flagged for rejection because of a Mismatch Defect;
    f.  Number of ABBMs that the County ultimately accepted after an applicant cured either a Mismatch Defect or Omission Defect;
    g.  Number of carrier envelopes the County received and reviewed for defects of any kind;
    h.  Number of carrier envelopes the County flagged for rejection because of a defect of any kind;
    i.  Number of mail ballots cancelled by voters who voted in person, either using an ordinary or provisional ballot;
    j.  Number of mail ballots that the County ultimately accepted and counted after a voter cured a carrier envelope defect of any kind;
    k.  Number of carrier envelopes the County flagged for rejection because of an Omission Defect;
    l.  Number of carrier envelopes the County flagged for rejection because of a Mismatch Defect; and
    m.  Number of ballots that the County ultimately accepted and counted after a voter cured either a Mismatch Defect or Omission Defect.

**ANSWER:** Defendant objects to sub-parts c, f, k, and l because they are unduly burdensome, as this data is not kept or recorded in a format that is readily searchable by query or readily accessible and would require significant attorney and staff resources to compile.  Subject to and without waiver of the foregoing objections: The following data is based on best available information at the time of these answers, and all numbers are approximate.

    a. 35,904

3

      b. 17,049
      c. Defendant Longoria does not track this data.
      d. 3329
      e. 1787
      f. Defendant Longoria does not track this data.
      g. 36,878
      h. 7794
      i. 13
      j. 849
      k. Defendant Longoria does not track this data.
      l. Defendant Longoria does not track this data.
      m. 849

Although Defendant Longoria objects to sub-parts k and l for the foregoing reasons, Defendant Longoria does have access to numbers for sub-parts k and l combined. The total number of carrier envelopes flagged for rejection because of either an omission defect or a mismatch defect during the March 1, 2022, primary is 7750.

Please also see documents previously produced Longoria_005177-Longoria_005179.

**INTERROGATORY NO. 2:** State the following data regarding ABBMs and mail ballots from the March 3, 2020 primary election:

    a.   Number of ABBMs the County received;
    b.   Number of ABBMs the County rejected;
    c.   Number of carrier envelopes the County received and reviewed in processing ballots by mail;
    d.   Number of carrier envelopes the County flagged for defects of any kind;
    e.   Number of mail ballots cancelled by voters who voted in person, either using an ordinary or provisional ballot; and
    f.   Number of carrier envelopes with defects of any kind that were cured and ultimately counted.

**ANSWER:** Defendant Longoria objects to sub-part f because it is unduly burdensome, as this data is not kept or recorded in a format that is readily searchable by query or readily accessible and would require significant attorney and staff resources to compile.   Subject to and without waiver of the foregoing objections: The following data is based on best available information at the time of these answers, and all numbers are approximate.

      a. 70,990
      b. 6387
      c. 54,938
      d. 77
      e. 3516

f. Defendant Longoria does not track this data.

**INTERROGATORY NO. 3:** State the following data regarding ABBMs and mail ballots from March 6, 2018 primary election:

    a.   Number of ABBMs the County received;
    b.   Number of ABBMs the County rejected;
    c.   Number of carrier envelopes the County received and reviewed in processing ballots by mail;
    d.   Number of carrier envelopes the County flagged for defects of any kind;
    e.   Number of mail ballots cancelled by voters who voted in person, either using an ordinary or provisional ballot; and
    f.   Number of carrier envelopes with defects of any kind that were cured and ultimately counted.

**ANSWER:** Defendant Longoria objects to sub-part f because it is unduly burdensome, as this data is not kept or recorded in a format that is readily searchable by query or readily accessible and would require significant attorney and staff resources to compile.   Subject to and without waiver of the foregoing objections: The following data is based on best available information at the time of these answers, and all numbers are approximate.

    a. 64,689
    b. 5598
    c. 48,473
    d. 135
    e. 2425
    f. Defendant Longoria does not track this data.

Exhibit 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § | |
| *Plaintiffs,* | § | |
| | § | |
| *v.* | § | No. 5:21-cv-00844-XR |
| | § | |
| GREGORY W. ABBOTT, et al., | § | |
| *Defendants.* | § | |

**HARRIS COUNTY ELECTIONS ADMINISTRATOR, CLIFFORD TATUM'S
SUPPLEMENTAL RESPONSES TO STATE DEFENDANTS' SECOND SET OF
INTERROGATORIES**

TO:   Defendant Ken Paxton, by and through his attorney of record, Kathleen Hunker, Office of
Attorney General, P.O. Box 12548, Austin, Texas 78711

Defendant Clifford D. Tatum, in his Official Capacity as Harris County Elections

Administrator, pursuant to the Federal Rules of Civil Procedure serves these supplemental

responses to State Defendants' Second Set of Interrogatories.

1

Dated: March 21, 2023

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
Harris County Attorney
Texas Bar No. 24088049
Christian.Menefee@harriscountytx.gov
**JONATHAN G.C. FOMBONNE**
First Assistant Harris County Attorney
Texas Bar No. 24102702
Jonathan.Fombonne@harriscountytx.gov
**TIFFANY S. BINGHAM**
Managing Counsel
Texas Bar No. 24012287
Tiffany.Bingham@harriscountytx.gov
**SAMEER S. BIRRING**
Senior Assistant County Attorney
Texas Bar No. 24087169
Sameer.Birring@harriscountytx.gov
**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

*Attorneys for Defendant* Clifford Tatum, in his
Official Capacity as Harris County Elections
Administrator

## REQUESTS FOR INTERROGATORIES

**INTERROGATORY NO. 4:** Please identify and describe with specificity Harris County's final rejection rate of timely received ballots by mail, expressed as a percentage of all timely received ballots by mail and rounded to two decimal places, for the following elections:

a)   The November 2012 general election

   **Response: 0.17%**

b)   The November 2014 general election

   **Response: 0.31%**

c)   The November 2016 general election

   **Response: 0.48%**

d)   The November 2018 general election

   **Response: 0.45%**

e)   The November 2020 general election

   **Response: 0.12%**

f)   The November 2022 general election

   **Response:  4.16%**

## **VERIFICATION**

I, Jennifer Colvin, have read the factual statements contained in the attached Answers to State Defendants' Interrogatory 4 and verified that it is correct based on the information available to the Harris County Elections Administrator.

Executed this 21st day of March, 2023

Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | |
| *Plaintiffs,* | 5:21-cv-844-XR |
| v. | |
| GREGORY W. ABBOTT, et al., | |
| *Defendants.* | |
| OCA-GREATER HOUSTON, et al., | |
| *Plaintiffs,* | 1:21-CV-0780-XR |
| v. | |
| JANE NELSON, et al., | |
| *Defendants.* | |

**DEFENDANT HARRIS COUNTY ELECTIONS ADMINISTRATOR, CLIFFORD TATUM'S AMENDED RESPONSES AND OBJECTIONS TO OCA PLAINTIFFS' FIRST SET OF INTERROGATORIES**

**TO:** OCA Plainitffs, by and through their attorneys of record, Zachary Dolling, et al., Texas Civil Rights Project, 1405 Montopolis Drive, Austin, Texas 78741, zachary@texascivilrightsproject.org

Defendant Clifford Tatum, in his official capacity at Harris County Elections Administrator, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure serves these amended responses and objections to Plaintiffs', OCA- Greater Houston, League of Women Voters of Texas, REVUP-Texas, and Workers Defense Action Fund, First Set of Interrogatories.

1

Dated: May 5, 2023

Respectfully submitted,

/s/ *Tiffany S. Bingham*
**CHRISTIAN D. MENEFEE**
Harris County Attorney
Texas Bar No. 24088049
Christian.Menefee@harriscountytx.gov
**JONATHAN G.C. FOMBONNE**
First Assistant Harris County Attorney
Texas Bar No. 24102702
Jonathan.Fombonne@harriscountytx.gov
**TIFFANY S. BINGHAM**
Managing Counsel
Texas Bar No. 24012287
Tiffany.Bingham@harriscountytx.gov
**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

*Attorneys for Defendant* Clifford Tatum, in his
Official Capacity as Harris County Elections
Administrator

## DEFENDANT TATUM'S OBJECTIONS AND RESPONSES TO OCA-PLAINTIFFS' FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** For the November 2022 general election, and with respect only to timely received applications for a ballot by mail ("ABBMs"), state:

**OBJECTION:** Defendant Tatum objects to this interrogatory as it is a compound interrogatory consisting of discrete subparts. Defendant Tatum will respond as if each discrete subpart is a separate interrogatory.

   a.  The number of ABBMs received by Harris County.

   **RESPONSE:** 82,276

   b.  The number of ABBMs initially rejected by Harris County:

   i.  Pursuant to SB 1 Section 5.07 because the information required under Texas Election Code Section 84.002(a)(1-a) included on the application did not identify the same voter identified on the applicant's application for voter registration (*i.e.*, pursuant to Texas Election Code § 86.001(f)).

   **RESPONSE:** 1,556

   ii.  Pursuant to any other provision of the Texas Election Code.

   **RESPONSE:** 892

   c.  The number of ABBMs initially rejected by Harris County pursuant to SB 1 Section 5.07 (*i.e.*, pursuant to Texas Election Code § 86.001(f)) but later accepted because the applicant cured the defect necessitating rejection, whether via an online tool, through the mail, or in person. This includes curing through the submission of a subsequent ABBM.

   **RESPONSE:** 732

   d.  The number of ABBMs finally rejected by Harris County:

   i.  Pursuant to SB 1 Section 5.07 because the information required under Texas Election Code Section 84.002(a)(1-a) included on the application did not identify the same voter identified on the applicant's application for voter registration (*i.e.*, pursuant to Texas Election Code § 86.001(f)).

   **RESPONSE:** 677

3

      ii.  Pursuant to any other provision of the Texas Election Code.

      **RESPONSE:**  582

e.  The number of ABBMs finally accepted by Harris County.

      **RESPONSE:** 81,075

**INTERROGATORY NO. 2:** For the November 2022 general election, and with respect only to timely received ballots by mail, state:

a.  The number of ballots by mail received by Harris County.

      **RESPONSE:** 64,175

b.  The number of ballots by mail initially flagged for rejection by Harris County:

      i.  Pursuant to SB 1 Sections 5.12, 5.13, and/or 5.14 because the information provided by the voter did not identify the same voter identified on the voter's application for voter registration (*i.e.*, pursuant to Texas Election Code §§ 87.0271(a)(4), 87.041(b)(8), and/or 87.0411(a)(4)).

      **RESPONSE:** 4,751

      ii.  Pursuant to any other provision of the Texas Election Code.

      **RESPONSE:**  117

c.  The number of ballots by mail initially flagged for rejection pursuant to SB 1

Sections 5.12, 5.13, and/or 5.14 (*i.e.*, pursuant to Texas Election Code §§ 87.0271(a)(4), 87.041(b)(8), and/or 87.0411(a)(4)) but ultimately accepted because the voter cured the flagged defect, whether via an online tool, through the mail, or in person.

      **RESPONSE:** 2,003

d.  The number of ballots by mail initially flagged for rejection pursuant to SB 1

Sections 5.12, 5.13, and/or 5.14 (*i.e.*, pursuant to Texas Election Code §§ 87.0271(a)(4), 87.041(b)(8), and/or 87.0411(a)(4)) and then cancelled by the voter.

      **RESPONSE:** 0

e.  The number of voters whose ballots by mail were initially flagged for rejection pursuant to SB 1 Sections 5.12, 5.13, and/or 5.14 (*i.e.*, pursuant to Texas Election

4

Code §§ 87.0271(a)(4), 87.041(b)(8), and/or 87.0411(a)(4)) who did not cure the flagged defect and then voted in person:

    i.  By casting a regular ballot.

**RESPONSE:** 9

    ii.  By casting a provisional ballot.

**RESPONSE:** 117

f.  The number of ballots by mail finally rejected by Harris County:

    i.  Pursuant to SB 1 Sections 5.12, 5.13, and/or 5.14 because the information provided by the voter did not identify the same voter identified on the voter's application for voter registration (*i.e.*, pursuant to Texas Election Code §§ 87.0271(a)(4), 87.041(b)(8), and/or 87.0411(a)(4)).

**RESPONSE:**  2,557

    ii.  Pursuant to any other provision of the Texas Election Code.

**RESPONSE:** 110

g.  The number of ballots by mail finally accepted by Harris County.

**RESPONSE:** 61,508

**INTERROGATORY NO. 3:** For the November 2022 general election, state Harris County's final rejection rate of timely received ABBMs, expressed as a percentage of all timely received ABBMs and rounded to two decimal places.

**RESPONSE:**   1.47%

**INTERROGATORY NO. 4:** State the difference, and indicate whether it is positive or negative, between the percentage set out in response to Interrogatory No. 3 and the final rejection rate of timely received ABBMs, expressed as a percentage of all timely received ABBMs and rounded to two decimal places, during:

    a.  The November 2020 general election

    b.  The November 2018 general election

**OBJECTION:**  Defendant Tatum objects to this interrogatory because, at the time these interrogatories were propounded, the scheduling order in this litigation limited discovery to matters related to the 2022 general election (Dkt. 437). Thus, these requests were outside the scope of the

discovery. Without waiving this objection, Defendant may supplement this response with data if it can be obtained later.

**INTERROGATORY NO. 5:** For the November 2022 general election, state Harris County's final rejection rate of timely received ballots by mail, expressed as a percentage of all timely received ballots by mail and rounded to two decimal places.

        **RESPONSE:**  4.16%

**INTERROGATORY NO. 6:** State the difference, and indicate whether it is positive or negative, between the percentage set out in response to Interrogatory No. 5 and the final rejection rate of timely received ballots by mail, expressed as a percentage of all timely received ballots by mail and rounded to two decimal places, during:

        a.  The November 2020 general election

        b.  The November 2018 general election

**OBJECTION:**  Defendant Tatum objects to this interrogatory because, at the time these interrogatories were propounded, the scheduling order in this litigation limited discovery to matters related to the 2022 general election (Dkt. 437). Thus, these requests were outside the scope of the discovery. Without waiving this objection, Defendant may supplement this response with data if it can be obtained later.

Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | |
| *Plaintiffs,* | 5:21-cv-844-XR |
| v. | |
| GREGORY W. ABBOTT, et al., | |
| *Defendants.* | |
| | |
| LULAC TEXAS, et al., | |
| *Plaintiffs,* | |
| v. | 1:21-cv-0786-XR |
| JANE NELSON, et al., | |
| *Defendants.* | |

**DEFENDANT HARRIS COUNTY ELECTIONS ADMINISTRATOR,
CLIFFORD TATUM'S AMENDED RESPONSES AND OBJECTIONS
TO LULAC PLAINTIFFS' THIRD SET OF INTERROGATORIES**

TO:    Plaintiffs LULAC Texas, Texas AFT, Voto Latino, and Texas Alliance for Retired Americans, by and through their attorney of record, Elena Rodriguez Armenta, Elias Law Group LLP, 250 Massachusetts Ave. NW, Suite 400, Washington, D.C. 20001, erodriguezarmenta@elias.law

      Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Clifford Tatum, in his official capacity as the Harris County Elections Administrator, serves these amended responses and objections to Plaintiffs', LULAC Texas, Texas AFT, Voto Latino, and Texas Alliance for Retired Americans, Third Set of Interrogatories.

Dated: May 5, 2023                          Respectfully submitted,


                                            */s/ Tiffany S. Bingham*
                                            **CHRISTIAN D. MENEFEE**
                                            Harris County Attorney
                                            Texas Bar No. 24088049
                                            Christian.Menefee@harriscountytx.gov
                                            **JONATHAN G.C. FOMBONNE**
                                            First Assistant Harris County Attorney
                                            Texas Bar No. 24102702
                                            Jonathan.Fombonne@harriscountytx.gov
                                            **TIFFANY S. BINGHAM**
                                            Managing Counsel
                                            Texas Bar No. 24012287
                                            Tiffany.Bingham@harriscountytx.gov
                                            **OFFICE OF THE HARRIS COUNTY ATTORNEY**
                                            1019 Congress Plaza, 15th Floor
                                            Houston, Texas 77002
                                            Telephone: (713) 274-5101
                                            Facsimile: (713) 755-8924


                                            *Attorneys for Defendant* Clifford Tatum, in his
                                            Official Capacity as Harris County Elections
                                            Administrator



        .

2

**DEFENDANT TATUM'S OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1.** Identify and describe all the government interests you purport to be advanced by each of the Challenged Provisions of SB 1. Include in your description how each of the Challenged Provisions serves each interest, including any evidence, and whether you contend each interest was in fact the basis for the enactment of each Challenged Provision.

**RESPONSE:** Defendant Tatum objects to this interrogatory to the extent it seeks a statement of the policy objectives of the portions of the Texas Election Code Plaintiffs are challenging in this lawsuit. That information may be found in the legislative history materials or obtained through discovery requests to state officials involved in the enactment of the Challenged Provisions now codified in the Texas Election Code. Defendant Tatum cannot speculate as to the Texas Legislature's basis for enacting the Challenged Provisions. Defendant Tatum further objects to this Interrogatory to the extent it seeks legal conclusions which Defendant Tatum is not qualified to render.

**INTERROGATORY NO. 2.** State and describe all instances of which you are aware, if any, of voter fraud in your county connected to:

    a.  any person advocating for "a specific candidate or measure" to a voter who is holding a sealed mail ballot;

    b.  drive-thru voting;

    c.  the use of 24-hour voting;

    d.  the use of "photocopied" signatures or signatures other than "ink on paper" on ABBMs.

**RESPONSE:** Defendant Tatum objects to this request as it is overbroad, in particular it is not limited in time or to specific elections. Without waiving this objection, Defendant Tatum is not aware of any instance of voter fraud in the November 2022 general election connected to items a, b, c, or d. To the extent the interrogatory seeks information from prior elections, it is duplicative of Plaintiffs' Request for Production 7.

**INTERROGATORY NO. 3.** For the November 2022 general election, please provide the following data regarding ABBMs and mail ballots:

**RESPONSE:**   Defendant Tatum objects to this interrogatory as it is a compound interrogatory consisting of discrete subparts. Defendant Tatum will respond as if each discrete subpart is a separate interrogatory. Without waiving this objection, Defendant Tatum responds as follows:

    a.  Number of ABBMs received by the county;

    RESPONSE: 82,276

    b.  Number of ABBMs the county flagged for rejection because of an application defect of any kind;

    RESPONSE: 2,368

    c.  Number of ABBMs that the county ultimately accepted after an applicant cured a recorded defect of any kind;

    RESPONSE: 1,006

    d.  Number of ABBMs the county flagged for rejection because of an Omission Defect;

    RESPONSE: 1,556

e. Number of ABBMs the county flagged for rejection because of a Mismatch Defect;

RESPONSE: 1,556

f. Number of ABBMs that the county ultimately accepted after an applicant cured either a Mismatch Defect or Omission Defect;

RESPONSE: 732

g. Number of carrier envelopes the county received and reviewed for defects of any kind;

RESPONSE: 64,175

h. Number of carrier envelopes the county flagged for rejection because of a defect of any kind;

RESPONSE: 4,868

i. Number of mail ballots that the county ultimately accepted and counted after a voter cured a carrier envelope defect of any kind;

RESPONSE: 2,667

j. Number of carrier envelopes the county flagged for rejection because of an Omission Defect;

RESPONSE: 4,751

k. Number of carrier envelopes the county flagged for rejection because of a Mismatch Defect;

RESPONSE: 4,751

l. Number of ballots that the county ultimately accepted and counted after a voter cured either a Mismatch Defect or Omission Defect.

RESPONSE: 2,194

Exhibit 5

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al.,<br>                                    *Plaintiffs,*<br>    v.<br><br>GREGORY W. ABBOTT, et al.,<br>                                    *Defendants.* | 5:21-cv-844-XR |
| LULAC TEXAS, et al.,<br>                                    *Plaintiffs,*<br>    v.<br><br>JANE NELSON, et al.,<br>                                    *Defendants.* | 1:21-cv-0786-XR |

**HARRIS COUNTY ELECTIONS ADMINISTRATOR, CLIFFORD TATUM
RESPONSES AND OBJECTIONS TO LULAC PLAINTIFFS' FIRST SET OF
REQUESTS FOR ADMISSION**

TO:     Plaintiffs' LULAC Texas, Texas AFT, Voto Latino, and Texas Alliance for Retired Americans, by and through their attorney of record, Elena Rodriguez Armenta, Elias Law Group LLP, 250 Massachusetts Ave. NW, Suite 400, Washington, D.C. 20001, erodriguezarmenta@elias.law

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant Clifford Tatum, in his official capacity as the Harris County Elections Administrator, serves these responses and objections to Plaintiffs LULAC Texas, Texas AFT, Voto Latino, and Texas Alliance for Retired Americans Requests for Admission.

1

Dated: March 17, 2023

Respectfully submitted,

/s/ Sameer S. Birring

**CHRISTIAN D. MENEFEE**
Harris County Attorney
Texas Bar No. 24088049
Christian.Menefee@harriscountytx.gov
**JONATHAN G.C. FOMBONNE**
First Assistant Harris County Attorney
Texas Bar No. 24102702
Jonathan.Fombonne@harriscountytx.gov
**TIFFANY S. BINGHAM**
Managing Counsel
Texas Bar No. 24012287
Tiffany.Bingham@harriscountytx.gov
**SAMEER S. BIRRING**
Senior Assistant County Attorney
Texas Bar No. 24087169
Sameer.Birring@harriscountytx.gov
**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

*Attorneys for Defendant* Clifford Tatum, in his
Official Capacity as Harris County Elections
Administrator

**OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1.** Admit that larger proportions of Black, Latino, and Asian voters used drive-thru voting in Harris County in the November 2020 general election as compared to white voters in that election.

**RESPONSE:** Defendant Tatum objects to this request to the extent Requestor seeks information not within the knowledge of the Harris County Elections Administrator, which did not administer the November 2020 general election. Without waiving that objection, Defendant lacks sufficient knowledge to admit or deny as Defendant's data does not include race or ethnic categories, but Defendant does admit that an analysis came to this conclusion that was previously produced to Plaintiffs as LONGORIA___000292-000330.

**REQUEST FOR ADMISSION NO. 2.** Admit that larger proportions of Black, Latino, and Asian voters used 24-hour voting in Harris County in the November 2020 general election as compared to white voters in that election.

**RESPONSE:** Defendant Tatum objects to this request to the extent Requestor seeks information not within the knowledge of the Harris County Elections Administrator, which did not administer the November 2020 general election. Without waiving that objection, Defendant lacks sufficient knowledge to admit or deny as Defendant's data does not include race or ethnic categories, but Defendant does admit that an analysis came to this conclusion that was previously produced to Plaintiffs as LONGORIA___000292-000330.

**REQUEST FOR ADMISSION NO. 3.** Admit that you are responsible for the distribution of absentee ballot applications in your county.

**RESPONSE:** Defendant admits in part and denies in part. Defendant Tatum is responsible for mailing applications to applicants that request it, pursuant to Tex. Elec. Code § 84.012. However, Defendant Tatum is also prohibited from sending applications to anyone who does not request one, pursuant to Tex. Elec. Code § 84.0111. Many other individuals and entities also distribute application for ballots by mail.

**REQUEST FOR ADMISSION NO. 4.** Admit that you are responsible for the placement of ballot drop boxes in your county.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 5.** Admit that you are responsible for the placement and management of polling places in your county.

**RESPONSE:** Defendant Tatum admits in part and denies in part. Pursuant to Tex. Elec. Code §§ 43.002, 43.004, 43.005, the Elections Administrator is often the person to select location of polling places, but not always. The person responsible for management of a location is the Election Judge. Tex. Elec. Code § 32.071.

**REQUEST FOR ADMISSION NO. 6.** Admit that you are responsible for the placement and management of drive-thru voting locations in your county.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 7.** Admit that you are responsible for the determination of hours for early voting locations in your county.

**RESPONSE:** Defendant Tatum admits in part, as the early voting clerk has some authority for the exact times, but must also meet many statutory requirements. *See* Tex. Elec. Code §§ 41.031, 85.005-85.006

**REQUEST FOR ADMISSION NO. 8.** Admit that you do not intend to wholly refrain from implementing any of the Challenged Provisions.

**RESPONSE:** Admit.