# EXHIBIT 9

DocuSign Envelope ID: 4BC753EC-74E0-4BF9-8388-7D1AB8FA9DC3

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LA UNIÓN DEL PUEBLO ENTERO, et al.,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **5:21-CV-0844-XR** |
| | § | **(Consolidated Cases)** |
| **GREGORY ABBOTT, et al.** | § | |
| *Defendants*. | § | |

## TRAVIS COUNTY CLERK'S PRETRIAL STIPULATION TO AUTHENTICITY AND ACCURACY OF DISCOVERY RESPONSES

The Travis County Clerk stipulates to the authenticity, accuracy, and admission into evidence of the following discovery responses produced by the Travis County Clerk in the above-captioned consolidated litigation, subject to and without waiving any objections raised therein, subject to the Court's ruling[s] thereupon as to admissibility:

1. Defendant Rebecca Guerrero's Objections and Responses to Plaintiffs' Interrogatories, dated September 12, 2022 (attached as Exhibit 1);

2. Defendant Dyana Limon-Mercado's Objections and Responses to OCA Plaintiffs' First Set of Interrogatories, dated March 23, 2023 (attached as Exhibit 2);

3. Defendant Dyana Limon-Mercado's Objections and Responses to State Defendants' Second Set of Interrogatories, dated March 23, 2023 (attached as Exhibit 3);

4. Defendant Dyana Limon-Mercado's Objections and Responses to LULAC Plaintiffs' Third Set of Interrogatories, dated March 23, 2023 (attached as Exhibit 4);

5. Defendant Dyana Limon-Mercado's Objections and Responses to LULAC Plaintiffs' First Set of Requests for Admission, dated March 23, 2023 (attached as Exhibit 5); and

6. Defendant Dyana Limon-Mercado's Objections and Responses to State Defendants' First Requests for Admission and First Set of Interrogatories, dated March 13, 2023 (attached as Exhibit 6).

Dated: August 21, 2023.

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:     (512) 854-9513
Facsimile:     (512) 854-4808

By:   _Anthony J. Nelson_ _____
LESLIE W. DIPPEL
State Bar No. 00796472
Leslie.Dippel@traviscountytx.gov
AMY YBARRA
State Bar No. 24013573
Amy.Ybarra@traviscountytx.gov
ANTHONY J. NELSON
State Bar No. 14885800
Tony.Nelson@traviscountytx.gov

**ATTORNEYS FOR DEFENDANTS
DYANA LIMON-MERCADO AND JOSÉ
GARZA, IN THEIR OFFICIAL CAPACITIES
AS TRAVIS COUNTY CLERK, AND
DISTRICT ATTORNEY, RESPECTIVELY.**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LA UNIÓN DEL PUEBLO ENTERO, et al.,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **5:21-CV-0844-XR** |
| | § | **(Consolidated Cases)** |
| **GREGORY ABBOTT, et al.** | § | |
| *Defendants*. | § | |

---

## TRAVIS COUNTY CLERK'S PRETRIAL STIPULATION TO AUTHENTICITY AND ACCURACY OF DISCOVERY RESPONSES

---

EXHIBIT 1

Defendant Rebecca Guerrero's Objections and Responses to Plaintiffs' Interrogatories, dated September 12, 2022

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LA UNION DEL PUEBLO ENTERO, et al.,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **5:21-CV-0844-XR** |
| | § | **(Consolidated Cases)** |
| **GREGORY ABBOTT, et al.** | § | |
| *Defendants*. | § | |

## DEFENDANT REBECCA GUERRERO'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES

TO:     Plaintiffs, by and through their attorneys of record.

Comes now Defendant Rebecca Guerrero in her official capacity as Travis County Clerk (Defendant), and hereby serves her Objections and Responses to Plaintiffs' Interrogatories.

## I.     RESPONSES TO INTERROGATORIES

1. State the following data regarding ABBMs and mail ballots from the March 1, 2022 primary election:

a. Number of ABBMs received by the County;

**RESPONSE:**

064.127322 (CONFIDENTIAL) 2022 P22 - Ballot History Log

064.127321 (CONFIDENTIAL) 2022 Application Log (Active Apps from 12-1-21 to 1-14-22)

b. Number of ABBMs the County flagged for rejection because of an application defect of any kind;

**RESPONSE:**

064.127321 (CONFIDENTIAL) 2022 Application Log (Active Apps from 12-1-21 to 1-14-22).xlsx

064.127322 (CONFIDENTIAL) 2022 P22 - Ballot History Log.xlsx

EXHIBIT 1

064.127323 (CONFIDENTIAL) 2022 P22 App Rejections (FINAL).xlsx

064.127324 (CONFIDENTIAL) 2022 P22 App Rejections (Includes Voters that Cured Rej).xlsx

064.127325 (CONFIDENTIAL) 2022 P22 BB Rejections.xlsx

064.127327-064.127364 (ULTRASENSITIVE INFORMATION) 2022 SE22 App Rejections.pdf


c. Number of ABBMs that the County ultimately accepted after an applicant cured a recorded defect of any kind;


**RESPONSE:**

064.127322 (CONFIDENTIAL) 2022 P22 - Ballot History Log.xlsx

064.127324 (CONFIDENTIAL) 2022 P22 App Rejections (Includes Voters that Cured Rej).xlsx


d. Number of ABBMs the County flagged for rejection because of an Omission Defect;


**RESPONSE:**

064.127321 (CONFIDENTIAL) 2022 Application Log (Active Apps from 12-1-21 to 1-14-22).xlsx

064.127322 (CONFIDENTIAL) 2022 P22 - Ballot History Log.xlsx

064.127323 (CONFIDENTIAL) 2022 P22 App Rejections (FINAL).xlsx

064.127324 (CONFIDENTIAL) 2022 P22 App Rejections (Includes Voters that Cured Rej).xlsx

064.127325 (CONFIDENTIAL) 2022 P22 BB Rejections.xlsx


e. Number of ABBMs the County flagged for rejection because of a Mismatch Defect;


**RESPONSE:**

064.127321 (CONFIDENTIAL) 2022 Application Log (Active Apps from 12-1-21 to 1-14-22).xlsx

064.127322 (CONFIDENTIAL) 2022 P22 - Ballot History Log.xlsx

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                                                         383.141 / 1047842.5
Defendant Rebecca Guerrero's Objections and Responses to Plaintiffs' Interrogatories                      Page **2** of **8**

EXHIBIT 1

064.127323 (CONFIDENTIAL) 2022 P22 App Rejections (FINAL).xlsx

064.127324 (CONFIDENTIAL) 2022 P22 App Rejections (Includes Voters that Cured Rej).xlsx

064.127325 (CONFIDENTIAL) 2022 P22 BB Rejections.xlsx

f. Number of ABBMs that the County ultimately accepted after an applicant cured either a Mismatch Defect or Omission Defect;

**RESPONSE:**

064.127322 (CONFIDENTIAL) 2022 P22 - Ballot History Log.xlsx

064.127324 (CONFIDENTIAL) 2022 P22 App Rejections (Includes Voters that Cured Rej).xlsx

g. Number of carrier envelopes the County received and reviewed for defects of any kind;

**RESPONSE:**

064.127322 (CONFIDENTIAL) 2022 P22 - Ballot History Log.xlsx

h. Number of carrier envelopes the County flagged for rejection because of a defect of any kind;

**RESPONSE:**

064.127321 (CONFIDENTIAL) 2022 Application Log (Active Apps from 12-1-21 to 1-14-22).xlsx

064.127322 (CONFIDENTIAL) 2022 P22 - Ballot History Log.xlsx

064.127323 (CONFIDENTIAL) 2022 P22 App Rejections (FINAL).xlsx

064.127324 (CONFIDENTIAL) 2022 P22 App Rejections (Includes Voters that Cured Rej).xlsx

064.127325 (CONFIDENTIAL) 2022 P22 BB Rejections.xlsx

i. Number of mail ballots cancelled by voters who voted in person, either using an ordinary or provisional ballot;

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*
Defendant Rebecca Guerrero's Objections and Responses to Plaintiffs' Interrogatories

383.141 / 1047842.5
Page **3** of **8**

EXHIBIT 1

**RESPONSE:**

064.127961 Applications (CONFIDENTIAL).csv

064.127966 Ballots (CONFIDENTIAL).csv

064.127968 Cancelled or surrendered (CONFIDENTIAL).xlsx

j. Number of mail ballots that the County ultimately accepted and counted after a voter cured a carrier envelope defect of any kind;

**RESPONSE:**

064.127324 (CONFIDENTIAL) 2022 P22 App Rejections (Includes Voters that Cured Rej).xlsx

k. Number of carrier envelopes the County flagged for rejection because of an Omission Defect;

**RESPONSE:**

064.127321 (CONFIDENTIAL) 2022 Application Log (Active Apps from 12-1-21 to 1-14-22).xlsx

064.127322 (CONFIDENTIAL) 2022 P22 - Ballot History Log.xlsx

064.127323 (CONFIDENTIAL) 2022 P22 App Rejections (FINAL).xlsx

064.127324 (CONFIDENTIAL) 2022 P22 App Rejections (Includes Voters that Cured Rej).xlsx

064.127325 (CONFIDENTIAL) 2022 P22 BB Rejections.xlsx

l. Number of carrier envelopes the County flagged for rejection because of a Mismatch Defect; and

**RESPONSE:**

064.127321 (CONFIDENTIAL) 2022 Application Log (Active Apps from 12-1-21 to 1-14-22).xlsx

064.127322 (CONFIDENTIAL) 2022 P22 - Ballot History Log.xlsx

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                                    383.141 / 1047842.5
Defendant Rebecca Guerrero's Objections and Responses to Plaintiffs' Interrogatories                Page **4** of **8**

EXHIBIT 1

064.127323 (CONFIDENTIAL) 2022 P22 App Rejections (FINAL).xlsx

064.127324 (CONFIDENTIAL) 2022 P22 App Rejections (Includes Voters that Cured Rej).xlsx

064.127325 (CONFIDENTIAL) 2022 P22 BB Rejections.xlsx

m. Number of ballots that the County ultimately accepted and counted after a voter cured either a Mismatch Defect or Omission Defect.

**RESPONSE:**

064.127324 (CONFIDENTIAL) 2022 P22 App Rejections (Includes Voters that Cured Rej).xlsx

2. State the following data regarding ABBMs and mail ballots from the March 3, 2020 primary election:

a. Number of ABBMs the County received;

**RESPONSE:**

064.119779 2020 (CONFIDENTIAL) P20 BB - Judges 3.11.20.xlsx

b. Number of ABBMs the County rejected;

**RESPONSE:**

064.118513-064.119776 (CONFIDENTIAL) 2020 P20 App Rejection Notices.pdf

064.119777 (CONFIDENTIAL) 2020 P20 Application Rejections.xlsx

064.119779 2020 (CONFIDENTIAL) P20 BB - Judges 3.11.20.xlsx

c. Number of carrier envelopes the County received and reviewed in processing ballots by mail;

**RESPONSE:**

064.119779 2020 (CONFIDENTIAL) P20 BB - Judges 3.11.20.xlsx

EXHIBIT 1

d. Number of carrier envelopes the County flagged for defects of any kind;

**RESPONSE:**

064.118513-064.119776 (CONFIDENTIAL) 2020 P20 App Rejection Notices.pdf

064.119777 (CONFIDENTIAL) 2020 P20 Application Rejections.xlsx

064.119779 2020 (CONFIDENTIAL) P20 BB - Judges 3.11.20.xlsx

e. Number of mail ballots cancelled by voters who voted in person, either using an ordinary or provisional ballot; and

**RESPONSE:**

064.119779 2020 (CONFIDENTIAL) P20 BB - Judges 3.11.20.xlsx

f. Number of carrier envelopes with defects of any kind that were cured and ultimately counted.

**RESPONSE:**

064.119779 2020 (CONFIDENTIAL) P20 BB - Judges 3.11.20.xlsx

3. State the following data regarding ABBMs and mail ballots from the March 6, 2018 primary election:

a. Number of ABBMs the County received;

**RESPONSE:**

064.128588 P18 BBM Ballots Sent (CONFIDENTIAL).XLS

b. Number of ABBMs the County rejected;

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                                      383.141 / 1047842.5
Defendant Rebecca Guerrero's Objections and Responses to Plaintiffs' Interrogatories                Page **6** of **8**

EXHIBIT 1

DocuSign Envelope ID: 4BC753E6-71E0-4BF9-8398-7D1A58FA9DC3

**RESPONSE:**

Travis County Clerk's Office Elections Division's database in 2018 did not collect or track data regarding the number of ABBMs rejected.  Accordingly, Defendant Clerk Guerrero has no information or data responsive to Interrogatory 3. (b.).

c. Number of carrier envelopes the County received and reviewed in processing ballots by mail;

**RESPONSE:**

064.128587 P18 Ballot Board (CONFIDENTIAL).xlsx

d. Number of carrier envelopes the County flagged for defects of any kind;

**RESPONSE:**

064.128587 P18 Ballot Board (CONFIDENTIAL).xlsx

e. Number of mail ballots cancelled by voters who voted in person, either using an ordinary or provisional ballot; and

**RESPONSE:**

Travis County Clerk's Office Elections Division's database in 2018 only collected or tracked data regarding mail ballots cancelled by voters who voted in person, using a provisional ballot. See,

064.128589 P18 BBM Provisional Voters (CONFIDENTIAL).xlsx

f. Number of carrier envelopes with defects of any kind that were cured and ultimately counted.

**OBJECTION:**

Defendant Clerk Guerrero objects to the term "cured" as being undefined, vague and ambiguous. Subject to and without waiving the forgoing objection[s], Defendant Clerk Guerrero responds as follows:

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*
Defendant Rebecca Guerrero's Objections and Responses to Plaintiffs' Interrogatories

383.141 / 1047842.5
Page **7** of **8**

EXHIBIT 1

**RESPONSE:**

In 2018, no process existed to "cure" mail ballots with carrier envelope defects.  Accordingly, Defendant Clerk Guerrero has no information or data responsive to Interrogatory 3. (f.).

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:     (512) 854-9513
Facsimile:     (512) 854-4808

By:     /s/ Anthony J. Nelson
SHERINE E. THOMAS
State Bar No. 00794734
Sherine.Thomas@traviscountytx.gov
LESLIE W. DIPPEL
State Bar No. 00796472
Leslie.Dippel@traviscountytx.gov
ANTHONY J. NELSON
State Bar No. 14885800
Tony.Nelson@traviscountytx.gov
PATRICK T. POPE
State Bar No. 24079151
Patrick.Pope@traviscountytx.gov

**ATTORNEYS FOR DEFENDANTSREBECCA GUERRERO AND JOSÉ GARZA, IN THEIR OFFICIAL CAPACITIES AS TRAVIS COUNTY CLERK, AND DISTRICT ATTORNEY, RESPECTIVELY.**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all parties and counsel of record via electronic mail, as follows, on the 12th day of September, 2022.

/s/ Anthony J. Nelson
ANTHONY J. NELSON
PATRICK T. POPE
Assistant County Attorneys

EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | **5:21-CV-0844-XR** |
| | § | **(Consolidated Cases)** |
| GREGORY ABBOTT, et al. | § | |
| *Defendants*. | § | |

## TRAVIS COUNTY CLERK'S PRETRIAL STIPULATION TO AUTHENTICITY AND ACCURACY OF DISCOVERY RESPONSES

EXHIBIT 2

Defendant Dyana Limon-Mercado's Objections and Responses to OCA Plaintiffs'
First Set of Interrogatories, dated March 23, 2023

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LA UNION DEL PUEBLO ENTERO, et al.,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **5:21-CV-0844-XR** |
| | § | **(Consolidated Cases)** |
| **GREGORY ABBOTT, et al.** | § | |
| *Defendants*. | § | |

---

### DEFENDANT DYANA LIMON-MERCADO'S OBJECTIONS AND RESPONSES TO OCA PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO:     OCA Plaintiffs, by and through their attorneys of record.

Comes now Defendant Dyana Limon-Mercado in her official capacity as Travis County Clerk, and hereby serves their Objections and Responses to OCA Plaintiffs' First Set of Interrogatories.

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:     (512) 854-9513
Facsimile:     (512) 854-4808

By:     */s/ Anthony J. Nelson*
LESLIE W. DIPPEL
State Bar No. 00796472
Leslie.Dippel@traviscountytx.gov
ANTHONY J. NELSON
State Bar No. 14885800
Tony.Nelson@traviscountytx.gov
PATRICK T. POPE
State Bar No. 24079151
Patrick.Pope@traviscountytx.gov

EXHIBIT 2

DocuSign Envelope ID: 4BC753E6-71E0-4BF9-8398-7D1A58FA9DC3

**ATTORNEYS FOR DEFENDANTS DYANA LIMON-MERCADO AND JOSÉ GARZA, IN THEIR OFFICIAL CAPACITIES AS TRAVIS COUNTY CLERK, AND DISTRICT ATTORNEY, RESPECTIVELY.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all parties and counsel of record via electronic mail, as follows, on the 23rd day of March, 2023.

*/s/ Anthony J. Nelson*
ANTHONY J. NELSON
PATRICK T. POPE
Assistant County Attorneys

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*    383.141 / 1112170.2   Page **2** of **6**
Defendant Limon-Mercado's Objections and Responses to OCA Plaintiffs' First Set of Interrogatories

EXHIBIT 2

# I.     OBJECTIONS TO DEFINITIONS

1.     Defendant Limon-Mercado objects to Plaintiff's definition of "you" as including "Travis County, including the Office of the Travis County Clerk, the Travis County Clerk, her predecessors and successors..." This definition is overly broad and improperly includes prior County Clerk administrations not included or the subject of this litigation.  Additionally, said definitions could be construed to require the disclosure of information concerning matters made exempt from discovery under Federal Rule of Civil Procedure 26(b)(1) and the Federal Rules of Evidence, including, but not limited to attorney work product, litigation privilege, deliberative process privilege, grand jury proceedings, and ongoing criminal investigations.

# II.     RESPONSES AND OBJECTIONS TO OCA PLAINTIFFS' FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:** For the November 2022 general election, and with respect only to timely received applications for a ballot by mail ("ABBMs"), state:

a. The number of ABBMs received by Travis County.

**Response: 28,516.**

b. The number of ABBMs initially rejected by Travis County:

i. Pursuant to SB 1 Section 5.07 because the information required under Texas Election Code Section 84.002(a)(1-a) included on the application did not identify the same voter identified on the applicant's application for voter registration (*i.e.*, pursuant to Texas Election Code § 86.001(f)).

**Response: 761.**

ii. Pursuant to any other provision of the Texas Election Code.

**Response: 1,023.**

c. The number of ABBMs initially rejected by Travis County pursuant to SB 1 Section 5.07 (*i.e.*, pursuant to Texas Election Code § 86.001(f)) but later accepted because the applicant

EXHIBIT 2

cured the defect necessitating rejection, whether via an online tool, through the mail, or in person. This includes curing through the submission of a subsequent ABBM.

**Response: 190.**

> d. The number of ABBMs finally rejected by Travis County:

> > i. Pursuant to SB 1 Section 5.07 because the information required under Texas Election Code Section 84.002(a)(1-a) included on the application did not identify the same voter identified on the applicant's application for voter registration (i.e., pursuant to Texas Election Code § 86.001(f)).

**Response: 571.**

> > ii. Pursuant to any other provision of the Texas Election Code.

**Response: 815.**

> e. The number of ABBMs finally accepted by Travis County.

**Response: 26,732.**

**Interrogatory No. 2:** For the November 2022 general election, and with respect only to timely received ballots by mail, state:

> a. The number of ballots by mail received by Travis County.

**Response: 21,443.**

> b. The number of ballots by mail initially flagged for rejection by Travis County:

> > i. Pursuant to SB 1 Sections 5.12, 5.13, and/or 5.14 because the information provided by the voter did not identify the same voter identified on the voter's application for voter registration (i.e., pursuant to Texas Election Code §§ 87.0271(a)(4), 87.041(b)(8), and/or 87.0411(a)(4)).

**Response: 827.**

> > ii. Pursuant to any other provision of the Texas Election Code.

**Response: 126.**

> c. The number of ballots by mail initially flagged for rejection pursuant to SB 1 Sections 5.12, 5.13, and/or 5.14 (*i.e.,* pursuant to Texas Election Code §§ 87.0271(a)(4), 87.041(b)(8),

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                    383.141 / 1112170.2   Page **4** of **6**
Defendant Limon-Mercado's Objections and Responses to OCA Plaintiffs' First Set of Interrogatories

EXHIBIT 2

and/or 87.0411(a)(4)) but ultimately accepted because the voter cured the flagged defect, whether via an online tool, through the mail, or in person.

**Response: 401.**

    d. The number of ballots by mail initially flagged for rejection pursuant to SB 1 Sections 5.12, 5.13, and/or 5.14 (*i.e.*, pursuant to Texas Election Code §§ 87.0271(a)(4), 87.041(b)(8), and/or 87.0411(a)(4)) and then cancelled by the voter.

**Response: 0.**

    e. The number of voters whose ballots by mail were initially flagged for rejection pursuant to SB 1 Sections 5.12, 5.13, and/or 5.14 (*i.e.*, pursuant to Texas Election Code §§ 87.0271(a)(4), 87.041(b)(8), and/or 87.0411(a)(4)) who did not cure the flagged defect and then voted in person:

        iii. By casting a regular ballot.

**Response: 0.**

        iv. By casting a provisional ballot.

**Response: 27.**

    f. The number of ballots by mail finally rejected by Travis County:

        v. Pursuant to SB 1 Sections 5.12, 5.13, and/or 5.14 because the information provided by the voter did not identify the same voter identified on the voter's application for voter registration (i.e., pursuant to Texas Election Code §§ 87.0271(a)(4), 87.041(b)(8), and/or 87.0411(a)(4)).

**Response: 418.**

        vi. Pursuant to any other provision of the Texas Election Code.

**Response: 45.**

    g. The number of ballots by mail finally accepted by Travis County.

**Response: 20,980.**

**Interrogatory No. 3:** For the November 2022 general election, state Travis County's final rejection rate of timely received ABBMs, expressed as a percentage of all timely received ABBMs and rounded to two decimal places.

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*    383.141 / 1112170.2  Page **5** of **6**
Defendant Limon-Mercado's Objections and Responses to OCA Plaintiffs' First Set of Interrogatories

EXHIBIT 2

**Response: 4.86%.**

**Interrogatory No. 4:** State the difference, and indicate whether it is positive or negative, between the percentage set out in response to Interrogatory No. 3 and the final rejection rate of timely received ABBMs, expressed as a percentage of all timely received ABBMs and rounded to two decimal places, during:

    a. The November 2020 general election

**Response: 1.33% of Submitted Applications for Mail Ballots Rejected in November 2020 General Election.**

    b. The November 2018 general election

**Response: 3.56% of Submitted Applications for Mail Ballots Rejected in November 2018 General Election.**

**Interrogatory No. 5:** For the November 2022 general election, state Travis County's final rejection rate of timely received ballots by mail, expressed as a percentage of all timely received ballots by mail and rounded to two decimal places.

**Response: 2.16%.**

**Interrogatory No. 6:** State the difference, and indicate whether it is positive or negative, between the percentage set out in response to Interrogatory No. 5 and the final rejection rate of timely received ballots by mail, expressed as a percentage of all timely received ballots by mail and rounded to two decimal places, during:

    a. The November 2020 general election

**Response: 0.42% of Mail Ballots Rejected in November 2020 General Election.**

    b. The November 2018 general election

**Response:  Response: 0.47% of Mail Ballots Rejected in November 2018 General Election.**

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*　　　　383.141 / 1112170.2   Page **6** of 6
Defendant Limon-Mercado's Objections and Responses to OCA Plaintiffs' First Set of Interrogatories

EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LA UNIÓN DEL PUEBLO ENTERO, et al., §
                    *Plaintiffs*,            §
                                             §
v.                                           §          **5:21-CV-0844-XR**
                                             §          **(Consolidated Cases)**
GREGORY ABBOTT, et al.                       §
                    *Defendants*.            §

---

### TRAVIS COUNTY CLERK'S PRETRIAL STIPULATION TO AUTHENTICITY AND ACCURACY OF DISCOVERY RESPONSES

---

EXHIBIT 3

Defendant Dyana Limon-Mercado's Objections and Responses to State Defendants'
Second Set of Interrogatories, dated March 23, 2023

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LA UNION DEL PUEBLO ENTERO, et al.,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **5:21-CV-0844-XR** |
| | § | **(Consolidated Cases)** |
| **GREGORY ABBOTT, et al.** | § | |
| *Defendants.* | § | |

### DEFENDANT DYANA LIMON-MERCADO'S OBJECTIONS AND RESPONSES TO STATE DEFENDANTS' SECOND SET OF INTERROGATORIES

TO:     State Defendants, by and through their attorneys of record.

        Comes now Defendant Dyana Limon-Mercado in her official capacity as Travis County Clerk, and hereby serves their Objections and Responses to State Defendants' Second Set of Interrogatories.

                        Respectfully submitted,

                        **DELIA GARZA**
                        County Attorney, Travis County
                        P. O. Box 1748
                        Austin, Texas 78767
                        Telephone:     (512) 854-9513
                        Facsimile:     (512) 854-4808

        By:     */s/ Anthony J. Nelson*
                        LESLIE W. DIPPEL
                        State Bar No. 00796472
                        Leslie.Dippel@traviscountytx.gov
                        ANTHONY J. NELSON
                        State Bar No. 14885800
                        Tony.Nelson@traviscountytx.gov
                        PATRICK T. POPE
                        State Bar No. 24079151
                        Patrick.Pope@traviscountytx.gov

EXHIBIT 3

**ATTORNEYS FOR DEFENDANTS DYANA LIMON-MERCADO AND JOSÉ GARZA, IN THEIR OFFICIAL CAPACITIES AS TRAVIS COUNTY CLERK, AND DISTRICT ATTORNEY, RESPECTIVELY.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all parties and counsel of record via electronic mail, as follows, on the 23rd day of March, 2023.

*/s/ Anthony J. Nelson*
ANTHONY J. NELSON
PATRICK T. POPE
Assistant County Attorneys

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                    383.141 / 1112157.3   Page **2** of **6**
Defendant Limon-Mercado's Objections and Responses to State Defendants' Second Set of Interrogatories

EXHIBIT 3

DocuSign Envelope ID: 4BC753E6-71E0-4BF9-8398-7D1A58FA9DC3

# I.     OBJECTIONS TO DEFINITIONS

1.     Defendant Limon-Mercado objects to Definition No. 1 to the extent it defines "you," "your" and "yours" to include all of Travis County's "employees, attorneys, consultants, agents, adjusters, investigators, or any other representatives" because this definition is overbroad, imposes an undue burden on Defendant Limon-Mercado, and is not proportional to the needs of the case. Travis County, is composed of multiple agencies and departments, employing thousands of individuals. The definition provided would cover each of them, and might include matters made exempt from discovery under Federal Rule of Civil Procedure 26(b)(1), including, but not limited to, attorney work product, party communications, witness statements, consulting experts, and matters protected by the attorney-client privilege. Moreover, searching through the correspondence and communications of all of Travis County's employees would take months, with the burden of such far outweighing any benefit in light of the proportional needs of the case. Defendant Limon-Mercado will interpret "you", "your" and "yours" to mean Defendant Limon-Mercado.

2.     Defendant Limon-Mercado objects to Definition No. 4 to the extent it defines "County Defendants" to mean "Bexar County Election Administrator Jacquelyn Callanen; Bexar County District Attorney Joe D. Gonzales; Dallas County Election Administrator Michael Scarpello; Dallas County District Attorney John Creuzot; El Paso County Election Administrator Lisa Wise; El Paso County District Attorney Yvonne Rosales; Harris County Election Administrator Isabel Longoria; Harris County District Attorney Kim Ogg; Hidalgo County Election Administrator Yvonne Ramon; Hidalgo County District Attorney Ricardo Rodriquez; Travis County Clerk Rebecca Limon-Mercado; and Travis County District Attorney Jose Garza, as well

EXHIBIT 3

as their offices, employees, representatives, and agents." Defendant Limon-Mercado will interpret "County Defendants" to be limited to the foregoing named County Defendants who have appeared in this matter in their official capacities.

3.      Defendant Limon-Mercado objects to Definition No. 5 to the extent it defines "Document" to include anything other than the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence. Defendant Limon-Mercado further objects to Definition No. 5 to the extent it renders any Request overly broad or unduly burdensome, seeks information that is not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery or admissible evidence, or imposes obligations and demands on Defendant Limon-Mercado beyond those contemplated by the Federal Rules of Civil Procedure, the applicable Civil Local Rules, or any other applicable rules or orders, and matters made exempt from discovery under Federal Rule of Civil Procedure 26(b)(1), including, but not limited to, attorney work product, party communications, witness statements, consulting experts, and matters protected by the attorney-client privilege.

4.      Defendant Limon-Mercado objects to State Defendants' definition of Communication to the extent that it could be construed to require disclosure of information concerning matters made exempt from discovery under Federal Rule of Civil Procedure 26(b)(1), including, but not limited to, attorney work product, party communications, witness statements, consulting experts, and matters protected by the attorney-client privilege.

5.      Defendant Limon-Mercado objects to Definition No. 12 to the extent it defines "Texas election official" to mean "any employee of a political subdivision of the State of Texas, in the employee's official capacity, who is responsible for conducting, operating, facilitating, or supervising the electoral process or enforcing any provision of the Texas Election Code. This

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                    383.141 / 1112157.3   Page **4** of **6**
Defendant Limon-Mercado's Objections and Responses to State Defendants' Second Set of Interrogatories

EXHIBIT 3

term includes but is not limited to members of a county's Commissioners Court, County Judges, County Election Administrators, County Tax Assessor-Collectors, County Clerks, or the employees of any of the above-listed offices whose responsibilities relate to that office's capacity facilitating the electoral process." This definition is overbroad, uncertain, vague, and ambiguous, and seeking information that is neither relevant to any claim or defense nor proportional to the needs of the case, and it would subject Defendant to unreasonable and undue annoyance, oppression, burden, and expense.

6.      Defendant Limon-Mercado objects to State Defendants' definition of Statement to the extent that it could be construed to require disclosure of information concerning matters made exempt from discovery under Federal Rule of Civil Procedure 26(b)(1), including, but not limited to, attorney work product, party communications, witness statements, consulting experts, and matters protected by the attorney-client privilege.

7.      Defendant Limon-Mercado objects to State Defendants' definition of "Regarding," "Relating to," or "Pertaining to" to the extent that such definitions are overly broad and vague insofar as these definitions fail to describe how they are related to and limited to the subject matter of this litigation.

## II.      RESPONSES AND OBJECTIONS TO STATE DEFENDANTS' REQUESTS FOR INTERROGATORIES

**INTERROGATORY NO. 4:** Please identify and describe with specificity Travis County's final rejection rate of timely received ballots by mail, expressed as a percentage of all timely received ballots by mail and rounded to two decimal places, for the following elections:

a) The November 2012 general election

**Response: Defendant does not maintain documentation on its current software to allow Defendant to provide data responsive to this subsection. Defendant Limon-Mercado will supplement this response, if necessary, in accordance with the Federal Rules of Civil**

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                    383.141 / 1112157.3  Page **5** of **6**
Defendant Limon-Mercado's Objections and Responses to State Defendants' Second Set of Interrogatories

EXHIBIT 3

Procedure and this Court's local rules, to the extent that any additional material identified as responsive is not privileged or protected from disclosure.


b) The November 2014 general election

**Response: Defendant does not maintain documentation on its current software to allow Defendant to provide data responsive to this subsection. Defendant Limon-Mercado will supplement this response, if necessary, in accordance with the Federal Rules of Civil Procedure and this Court's local rules, to the extent that any additional material identified as responsive is not privileged or protected from disclosure.**

c) The November 2016 general election

**Response: 0.98%**

d) The November 2018 general election

**Response: 0.47%**

e) The November 2020 general election

**Response: 0.42%**

f) The November 2022 general election

**Response: 2.16%**

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*     383.141 / 1112157.3   Page **6** of **6**
Defendant Limon-Mercado's Objections and Responses to State Defendants' Second Set of Interrogatories

EXHIBIT 3

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LA UNIÓN DEL PUEBLO ENTERO, et al.,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **5:21-CV-0844-XR** |
| | § | **(Consolidated Cases)** |
| **GREGORY ABBOTT, et al.** | § | |
| *Defendants*. | § | |

## <u>TRAVIS COUNTY CLERK'S PRETRIAL STIPULATION TO AUTHENTICITY AND ACCURACY OF DISCOVERY RESPONSES</u>

EXHIBIT 4

Defendant Dyana Limon-Mercado's Objections and Responses to LULAC
Plaintiffs' Third Set of Interrogatories, dated March 23, 2023

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LA UNION DEL PUEBLO ENTERO, et al.,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **5:21-CV-0844-XR** |
| | § | **(Consolidated Cases)** |
| **GREGORY ABBOTT, et al.** | § | |
| *Defendants*. | § | |

## DEFENDANT DYANA LIMON-MERCADO'S OBJECTIONS AND RESPONSES TO LULAC PLAINTIFFS' THIRD SET OF INTERROGATORIES

TO:     LULAC Plaintiffs, by and through their attorneys of record.

Comes now Defendant Dyana Limon-Mercado in her official capacity as Travis County Clerk, and hereby serves their Objections and Responses to LULAC Plaintiffs' Third Set of Interrogatories.

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:     (512) 854-9513
Facsimile:     (512) 854-4808

By:     */s/ Anthony J. Nelson*
LESLIE W. DIPPEL
State Bar No. 00796472
Leslie.Dippel@traviscountytx.gov
ANTHONY J. NELSON
State Bar No. 14885800
Tony.Nelson@traviscountytx.gov
PATRICK T. POPE
State Bar No. 24079151
Patrick.Pope@traviscountytx.gov

**ATTORNEYS FOR DEFENDANTS**

EXHIBIT 4

**DYANA LIMON-MERCADO AND JOSÉ GARZA, IN THEIR OFFICIAL CAPACITIES AS TRAVIS COUNTY CLERK, AND DISTRICT ATTORNEY, RESPECTIVELY.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on all parties and counsel of record via electronic mail, as follows, on the 23rd day of March, 2023.

<u>/s/ Anthony J. Nelson</u>
ANTHONY J. NELSON
PATRICK T. POPE
Assistant County Attorneys

EXHIBIT 4

# I.     OBJECTIONS TO DEFINITIONS

1.     Defendant Limon-Mercado objects to Plaintiff's definition of "you" as including "Travis County, including the Office of the Travis County Clerk, the Travis County Clerk, her predecessors and successors..." This definition is overly broad and improperly includes prior County Clerk administrations not included or the subject of this litigation.  Additionally, said definitions could be construed to require the disclosure of information concerning matters made exempt from discovery under Federal Rule of Civil Procedure 26(b)(1) and the Federal Rules of Evidence, including, but not limited to attorney work product, litigation privilege, deliberative process privilege, grand jury proceedings, and ongoing criminal investigations.

# II.     RESPONSES AND OBJECTIONS TO LULAC PLAINTIFFS' THIRD SET OF INTERROGATORIES

**INTERROGATORY NO. 1.** Identify and describe all the government interests you purport to be advanced by each of the Challenged Provisions of SB 1. Include in your description how each of the Challenged Provisions serves each interest, including any evidence, and whether you contend each interest was in fact the basis for the enactment of each Challenged Provision.

**RESPONSE**:

**Objection.** Defendant Limon-Mercado objects to this Interrogatory because she is not a state policymaker and had no involvement in the enactment of SB 1, which is a creation of the Texas Legislature. Defendant Limon-Mercado cannot speculate as to the Texas Legislature's basis for enacting the Challenged Provisions. Defendant Limon-Mercado further objects to this Interrogatory to the extent it seeks legal conclusions which Defendant Limon-Mercado is not qualified to render. The information Plaintiffs seek may be found in the legislative history materials or obtained through discovery requests to state officials involved in the enactment of the Challenged Provisions now codified in the Texas Election Code.

**INTERROGATORY NO. 2.** State and describe all instances of which you are aware, if any, of voter fraud in your county connected to:

(a) any person advocating for "a specific candidate or measure" to a voter who is holding a sealed mail ballot;

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                    383.141 / 1112183.3   Page **3** of **5**
Defendant Limon-Mercado's Objections and Responses to LULAC Plaintiffs' Third Set of Interrogatories

EXHIBIT 4

**RESPONSE**:

(b) the use of "photocopied" signatures or signatures other than "ink on paper" on ABBMs.

**RESPONSE**:

Defendant Limon-Mercado is not aware of any instances of voter fraud in Travis County in the responsive period described in subsections (a) and (b) of this Interrogatory.

**INTERROGATORY NO. 3.** For the November 2022 general election, please provide the following data regarding ABBMs and mail ballots:

   a.   Number of ABBMs received by the county;

   **RESPONSE: 28,516.**

   b.   Number of ABBMs the county flagged for rejection because of an application defect

   of any kind;

   **RESPONSE: 1,784.**

   c.   Number of ABBMs that the county ultimately accepted after an applicant cured a

   recorded defect of any kind;

   **RESPONSE: 398.**

   d.   Number of ABBMs the county flagged for rejection because of an Omission Defect;

   **RESPONSE**: **Missing ID from Application, ID Mismatch between Application**

   **and VR system, ID Provided on Application not in VR System – 761.**

   e.   Number of ABBMs the county flagged for rejection because of a Mismatch  Defect;

   **RESPONSE**: **VR System does not distinguish between missing or mismatched ID**

   **in Application Rejection Coding.**

   f.   Number of ABBMs that the county ultimately accepted after an applicant cured either

   a Mismatch Defect or Omission Defect;

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*          383.141 / 1112183.3   Page **4** of **5**
Defendant Limon-Mercado's Objections and Responses to LULAC Plaintiffs' Third Set of Interrogatories

EXHIBIT 4

RESPONSE: **Missing ID from Application, ID Mismatch between Application and VR system, ID Provided on Application not in VR System -190.**

g. Number of carrier envelopes the county received and reviewed for defects of any kind;

RESPONSE: **21,443.**

h. Number of carrier envelopes the county flagged for rejection because of a defect of any kind;

RESPONSE: **953.**

i. Number of mail ballots that the county ultimately accepted and counted after a voter cured a carrier envelope defect of any kind;

RESPONSE: **459.**

j. Number of carrier envelopes the county flagged for rejection because of an Omission Defect;

RESPONSE: **Missing ID on Ballot – 575 ; ID Provided not in VR System – 16.**

k. Number of carrier envelopes the county flagged for rejection because of a Mismatch Defect;

RESPONSE: **ID on Ballot does not Match VR System – 236.**

l. Number of ballots that the county ultimately accepted and counted after a voter cured either a Mismatch Defect or Omission Defect.

RESPONSE: **401**

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                              383.141 / 1112183.3   Page **5** of **5**
Defendant Limon-Mercado's Objections and Responses to LULAC Plaintiffs' Third Set of Interrogatories

EXHIBIT 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | **5:21-CV-0844-XR** |
| | § | **(Consolidated Cases)** |
| GREGORY ABBOTT, et al. | § | |
| *Defendants*. | § | |

## TRAVIS COUNTY CLERK'S PRETRIAL STIPULATION TO AUTHENTICITY AND ACCURACY OF DISCOVERY RESPONSES

EXHIBIT 5

Defendant Dyana Limon-Mercado's Objections and Responses to LULAC
Plaintiffs' First Set of Requests for Admission, dated March 23, 2023

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LA UNION DEL PUEBLO ENTERO, et al.,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **5:21-CV-0844-XR** |
| | § | **(Consolidated Cases)** |
| **GREGORY ABBOTT, et al.** | § | |
| *Defendants.* | § | |

## DEFENDANT DYANA LIMON-MERCADO'S OBJECTIONS AND RESPONSES TO LULAC PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

TO:    LULAC Plaintiffs, by and through their attorneys of record.

Comes now Defendant Dyana Limon-Mercado in her official capacity as Travis County Clerk, ("Defendant Limon-Mercado") and hereby serves their Objections and Responses to LULAC Plaintiffs' First Set of Requests for Admission.

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:    (512) 854-9513
Facsimile:    (512) 854-4808

By:    */s/ Anthony J. Nelson*
LESLIE W. DIPPEL
State Bar No. 00796472
Leslie.Dippel@traviscountytx.gov
ANTHONY J. NELSON
State Bar No. 14885800
Tony.Nelson@traviscountytx.gov
PATRICK T. POPE
State Bar No. 24079151
Patrick.Pope@traviscountytx.gov

**ATTORNEYS FOR DEFENDANTS**

EXHIBIT 5

DocuSign Envelope ID: 4BC753E6-71E0-4BF9-8398-7D1A58FA9DC3

**DYANA LIMON-MERCADO AND JOSÉ GARZA, IN THEIR OFFICIAL CAPACITIES AS TRAVIS COUNTY CLERK, AND DISTRICT ATTORNEY, RESPECTIVELY.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on all parties and counsel of record via electronic mail, as follows, on the 23rd day of March, 2023.

_/s/ Anthony J. Nelson_
ANTHONY J. NELSON
PATRICK T. POPE
Assistant County Attorneys

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                    383.141 / 1112563.4   Page **2** of **5**
Defendant Limon-Mercado's Objections and Responses to LULAC Plaintiffs' First Set of RFA

EXHIBIT 5

## I.    OBJECTIONS TO DEFINITIONS

1.    Defendant Limon-Mercado objects to Plaintiff's definition of "you" as including "Travis County, including the Office of the Travis County Clerk, the Travis County Clerk, her predecessors and successors..." This definition is overly broad and improperly includes prior County Clerk administrations not included or the subject of this litigation.  Additionally, said definitions could be construed to require the disclosure of information concerning matters made exempt from discovery under Federal Rule of Civil Procedure 26(b)(1) and the Federal Rules of Evidence, including, but not limited to attorney work product, litigation privilege, deliberative process privilege, grand jury proceedings, and ongoing criminal investigations.

## II.    RESPONSES AND OBJECTIONS TO LULAC PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1. Admit that you are responsible for the distribution of absentee ballot applications in your county.**

**RESPONSE:**

Admit, in part.  Defendant Limon-Mercado admits the Elections Division of the Travis County Clerk's Office (the "Elections Division") is responsible for distributing applications for ballot by mail only to those applicants who request an application form. *See* Tex. Elec. Code § 84.012.  Defendant Travis County Clerk Limon-Mercado denies that the Elections Division is permitted to distribute an absentee ballot application to a person who did not request it. Pursuant to Section 84.0111 of the Texas Election Code the Elections Division "may not distribute an application form for an early voting ballot to a person who did not request an application under Section 84.001."  In addition, certain groups, entities, or individuals may distribute applications for ballot by mail as described in Section 84.0111 of the Texas Election Code. Additionally, the Texas Secretary of State shall furnish applications for ballot by mail pursuant to Section 84.013 of the Texas Election Code.

**REQUEST FOR ADMISSION NO. 2. Admit that you are responsible for the placement of ballot drop boxes in your county.**

**RESPONSE:**

EXHIBIT 5

Deny.  Pursuant to Section 86.006 (a-1) of the Texas Election Code voters may deliver their marked ballot by mail in person to the early voting clerk's office on Election Day during the time polls are open for voting.  Pursuant to Section 86.006 of the Texas Election Code, once the voter's ballot is received, the ballot is deposited in a locked container until time for delivery to the early voting ballot board for processing.  The early voting clerk's office in not a polling location on election day.  This container is the only "drop box" allowed by Texas Election Code.

**REQUEST FOR ADMISSION NO. 3. Admit that you are responsible for the placement and management of polling places in your county.**

**RESPONSE:**

Defendant Limon-Mercado admits the Elections Division is responsible for selecting polling places in Travis County, but not in every circumstance. *See, e.g.*, Tex. Elec. Code §§ 43.002, 43.003, 43.004, and 43.005. Defendant Limon-Mercado denies the County Clerk, through the Elections Division is responsible for managing each polling place in Travis County on Election Day. The Election Judge appointed to a polling location is responsible for the management and conduct of the election at the polling place of the election precinct the Election Judge serves. Tex. Elec. Code § 32.071.

Further, if a jurisdiction enters into an Election Services Agreement with the County Clerk's office to conduct their election, the agreement may stipulate that the County Clerk, as the Election Officer, shall designate polling locations in each election covered by the agreement.

**REQUEST FOR ADMISSION NO. 4. Admit that you are responsible for the placement and management of drive-thru voting locations in your county.**

**RESPONSE:**

Deny.  Travis County does not have "drive-thru voting locations".

**REQUEST FOR ADMISSION NO. 5. Admit that you are responsible for the determination of hours for early voting locations in your county.**

**RESPONSE:**

Defendant Limon-Mercado admits, in part. The early voting clerk has some authority for the exact times, but must also meet statutory requirements. *See* Tex. Elec. Code §§ 85.005, 85.006. The general hours that early voting polls may be open in Travis County are prescribed by Texas Election Code. Tex. Elec. Code §§ 85.005, 85.006.

**REQUEST FOR ADMISSION NO. 6.** Admit that you do not intend to wholly refrain from implementing any of the Challenged Provisions.

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                    383.141 / 1112563.4   Page **4** of **5**
Defendant Limon-Mercado's Objections and Responses to LULAC Plaintiffs' First Set of RFA

EXHIBIT 5

**RESPONSE:**

Admit. Defendant Limon-Mercado is not a state policymaker and is not empowered or authorized to unilaterally change statutes enacted by the Texas Legislature and signed into law by Governor Abbott. Defendant Limon-Mercado must abide by Texas law unless such law is repealed, modified, revoked, or overturned by a court of competent jurisdiction.

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                    383.141 / 1112563.4   Page **5** of **5**
Defendant Limon-Mercado's Objections and Responses to LULAC Plaintiffs' First Set of RFA

EXHIBIT 5

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LA UNIÓN DEL PUEBLO ENTERO, et al.,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **5:21-CV-0844-XR** |
| | § | **(Consolidated Cases)** |
| **GREGORY ABBOTT, et al.** | § | |
| *Defendants.* | § | |

## TRAVIS COUNTY CLERK'S PRETRIAL STIPULATION TO AUTHENTICITY AND ACCURACY OF DISCOVERY RESPONSES

# EXHIBIT 6

Defendant Dyana Limon-Mercado's Objections and Responses to State Defendants' First Requests for Admission and First Set of Interrogatories, dated March 13, 2023

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LA UNION DEL PUEBLO ENTERO, et al.,** § | | |
| *Plaintiffs*, § | | |
| § | | |
| **v.** § | | **5:21-CV-0844-XR** |
| § | | **(Consolidated Cases)** |
| **GREGORY ABBOTT, et al.** § | | |
| *Defendants*. § | | |

___

### DEFENDANT DYANA LIMON-MERCADO OBJECTIONS AND RESPONSES TO STATE DEFENDANTS' FIRST REQUESTS FOR ADMISSION AND FIRST SET OF INTERROGATORIES

TO:      State Defendants, by and through their attorneys of record.

Comes now Defendants Dyana Limon-Mercado in her official capacity as Travis County Clerk, and hereby serves her Objections and Responses to State Defendants' First Requests for Admission and First Set of Interrogatories.

## I.      GENERAL OBJECTIONS

1.      Defendant objects generally to all Definitions, Instructions, Requests, and Interrogatories inclusive, insofar as each such Request or Interrogatory seeks information protected by the attorney-client privilege, work product doctrine, common interest or joint defense privilege, or any other privilege or protection from discovery. Such information shall not be produced in response to the Requests and Interrogatories, and any inadvertent production thereof shall not be deemed a waiver of any privilege or right with respect to such documents or information or of any work product doctrine that may attach thereto.

2.      Defendant objects to all Definitions, Instructions, Requests, and Interrogatories inclusive, to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific Request or Interrogatory on the ground that such enlargement, expansion, or alteration renders said Request or Interrogatory vague, ambiguous, unintelligible, unduly broad,

EXHIBIT 6

and uncertain.

3.      Defendant objects to all Definitions, Instructions, Requests, and Interrogatories to the extent they seek information not currently in Defendant's possession, custody, or control, or refer to persons, entities, or events not known to Defendant, on the grounds that such Instructions, Definitions, Requests, or Interrogatories seek to require more of Defendant than any obligation imposed by law, would subject Defendant to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Defendant an obligation to investigate or discover information or materials from third parties or services who are equally accessible to State Defendants.

4.      Defendant object to Definition No. 1 to the extent it defines "[y]ou," "your," and "yours" to include Travis County and/or all representatives of Travis County acting or purporting to act on its behalf, including, but not limited to, employees, attorneys, consultants, agents, adjusters, investigators, or any other representatives. Defendant will interpret "you," "your," and "yours" to mean Defendant Dyana Limon-Mercado and the Travis County Clerk's Office - Elections Division.

5.      Defendant objects to Definition No. 4 to the extent it encompasses the "offices, employees, representatives, and agents" of each listed County Defendant. Defendant will interpret "County Defendant" to refer to the individual County Defendant (e.g., Travis County Clerk Dyana Limon-Mercado) and the Travis County Clerk's Office - Elections Division. Defendants further object that this defined term is not used in any of the Requests or Interrogatories, but reserves all rights to clarify this objection.

6.      Defendant objects to Definition No. 5 to the extent it defines "Document" in a way that renders any Request or Interrogatory overly broad or unduly burdensome, seeks information that is not relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence, or imposes obligations and demands on Defendant beyond those contemplated by the Federal Rules of Civil Procedure, the applicable Civil Local Rules, or any other applicable rules or orders. Defendant further objects that this defined term is not used

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                                         383.141 / 1103904.7   Page **2** of **9**
Defendant Dyana Limon-Mercado's Objections and Responses to State Defendants' Second Set of Discovery Requests

EXHIBIT 6

in any of the Requests or Interrogatories, but reserves all rights to clarify this objection.

7.      Defendant objects to Definition No. 8 to the extent it seeks to require more of Defendant than any obligation imposed by law and would subject Defendant to unreasonable and undue annoyance, oppression, and burden. Defendant further objects that the term "Identify" is not used in any of the Requests or Interrogatories in a manner enumerated in said Definition's subparts (a)-(e), but reserves all rights to clarify this objection.

8.      Defendant objects to Definition No. 9 to the extent it defines "Regarding," "Relating to," or "Pertaining to" to mean "concerning, constituting, analyzing, discussing, describing, considering, modifying, amending, confirming, endorsing, evidencing, representing, supporting, substantiating, qualifying, negating, or refuting, unless qualified by word of limitation." Said definition is vague and ambiguous, and Defendant will interpret "Regarding," "Relating to," or "Pertaining to" to mean that a document or information expressly reflects or refers on its face to information relevant to the specified subject. Defendant further objects that this defined term is not used in any of the Requests or Interrogatories, but reserves all rights to clarify this objection.

9.      Defendant objects to Definition No. 15 to the extent it defines "Numerical identifying information" to mean "numbers associated with a Texas driver license, a Texas election identification certificate, or a Texas personal identification card or an individual's complete or partial Social Security number." Defendant will interpret "Numerical identifying information" to mean numbers listed or found on a Texas driver license, a Texas election identification certificate, or a Texas personal identification card, or an individual's complete or partial Social Security number.

10.     Defendant objects to Definitions Nos. 2, 3, 6, 7, 9, 10, 11, 12, 13, 14, and 16 on the grounds that these defined terms are not used in any of the Requests or Interrogatories and reserves all rights to object to these terms to the extent they are used at a future data.

11.     Defendant objects to Instruction No. 5 to the extent it requires Defendant to provide information that become available after responses are served. Defendant shall respond to the Requests and Interrogatories as of the date of this response, and will supplement her responses in

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                              383.141 / 1103904.7   Page **3** of **9**
Defendant Dyana Limon-Mercado's Objections and Responses to State Defendants' Second Set of Discovery Requests

EXHIBIT 6

DocuSign Envelope ID: 4BC753E6-71E0-4BF9-8398-7D1A58FA9DC3

accordance with her obligations under the Federal Rules of Civil Procedure.

12.     Defendant objects to Instruction No. 6 to the extent it requires Defendant to identify information contained in documents that are no longer in existence or in Defendant's possession, custody, or control. Such instruction would subject Defendant to unreasonable and undue annoyance, oppression, burden, and expense.

## II.     RESPONSES AND OBJECTIONS TO STATE DEFENDANTS' REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that 673 ballots by mail were rejected in Travis County during the March 1, 2022 Democratic Primary Election in Texas.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 2:** Admit that 8,737 ballots by mail were accepted in Travis County during the March 1, 2022 Democratic Primary Election in Texas.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 3:** Admit that Travis County had a 7.15% mail-ballot rejection rate during the March 1, 2022 Democratic Primary Election in Texas.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 4:** Admit that 260 ballots by mail were rejected in Travis County during the March 1, 2022 Republican Primary Election in Texas.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 5:** Admit that 1,915 ballots by mail were accepted in Travis County during the March 1, 2022 Republican Primary Election in Texas.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 6:** Admit that Travis County had a 11.95% mail-ballot rejection rate during the March 1, 2022 Republican Primary Election in Texas.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 7:** Admit that 410 ballots by mail were rejected in Travis County during the May 7, 2022 Constitutional Amendment Election in Texas.

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                    383.141 / 1103904.7   Page **4** of **9**
Defendant Dyana Limon-Mercado's Objections and Responses to State Defendants' Second Set of Discovery Requests

EXHIBIT 6

DocuSign Envelope ID: 4BC753E6-71E0-4BF9-8308-7D1A58FA9DC3

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 8:** Admit that 11,158 ballots by mail were accepted in Travis County during the May 7, 2022 Constitutional Amendment Election in Texas.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 9:** Admit that Travis County had a 3.54% mail-ballot rejection rate during the May 7, 2022 Constitutional Amendment Election in Texas.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 10:** Admit that 193 ballots by mail were rejected in Travis County during the May 24, 2022 Democratic Primary Runoff Election in Texas.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 11:** Admit that 7,849 ballots by mail were accepted in Travis County during the May 24, 2022 Democratic Primary Runoff Election in Texas.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 12:** Admit that Travis County had a 2.40% mail-ballot rejection rate during the May 24, 2022 Democratic Primary Runoff Election in Texas.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 13:** Admit that 90 ballots by mail were rejected in Travis County during the May 24, 2022 Republican Primary Runoff Election in Texas.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 14:** Admit that 2,164 ballots by mail were accepted in Travis County during the May 24, 2022 Republican Primary Runoff Election in Texas.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 15:** Admit that Travis County had a 3.99% mail-ballot rejection rate during the May 24, 2022 Republican Primary Runoff Election in Texas.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 16:** Admit that 473 ballots by mail were rejected in Travis County during the November 8, 2022 General Election in Texas.

EXHIBIT 6

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 17:** Admit that 19,993 ballots by mail were accepted in Travis County during the November 8, 2022 General Election in Texas.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 18:** Admit that Travis County had a 2.31% mail-ballot rejection rate during the November 8, 2022 General Election in Texas.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 19:** Admit that Travis County rejected ballots by mail for defects other than having missing or mismatched numerical identifying information during the 2022 General Election.

**RESPONSE:** Admit.

## III.  RESPONSES AND OBJECTIONS TO STATE DEFENDANTS' REQUESTS FOR INTERROGATORIES

**INTERROGATORY NO. 1:** If you denied Request for Admission Nos. 1, 4, 7, 10, 13, or 16, please identify and describe with specificity the reason(s) for your denial and the exact number of ballots by mail that you believe were rejected for each of the above-mentioned Requests for Admission, respectively.

**RESPONSE:**

Defendant Limon-Mercado denied Request for Admission No. 1 because Travis County's Ballot Search Export Report for the March 1, 2022 Democratic Primary Election shows that 681 ballots by mail submitted in Democratic Primary Election races were rejected during the March 1, 2022 Democratic Primary Election in Texas.

Defendant Limon-Mercado denied Request for Admission No. 4 because Travis County's Ballot Search Export Report for the March 1, 2022 Republican Primary Election shows that 262 ballots by mail submitted in Republican Primary Election races were rejected during the March 1, 2022 Republican Primary Election in Texas.

Defendant Limon-Mercado denied Request for Admission No. 7 because Travis County's Ballot Search Export Report for the May 7, 2022 General Election (Constitutional Amendment Election) shows that 316 ballots by mail were rejected in Travis County during the May 7, 2022 Constitutional Amendment Election in Texas.

Defendant Limon-Mercado denied Request for Admission No. 10 because Travis County's Ballot Search Export Report for the May 24, 2022 Democratic Primary Runoff Election shows that 149 ballots by mail were rejected in Travis County during the May 24, 2022 Democratic

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                    383.141 / 1103904.7  Page **6** of **9**
Defendant Dyana Limon-Mercado's Objections and Responses to State Defendants' Second Set of Discovery Requests

EXHIBIT 6

Primary Runoff Election in Texas.

Defendant Limon-Mercado denied Request for Admission No. 13 because Travis County's Ballot Search Export Report for the May 24, 2022 Republican Primary Runoff shows that 73 ballots by mail were rejected in Travis County during the May 24, 2022 Republican Primary Runoff Election in Texas.

Defendant Limon-Mercado denied Request for Admission No. 16 because Travis County's Ballot Search Export Report for the November 8, 2022 General Election shows that 463 ballots by mail were rejected in Travis County during the November 8, 2022 General Election in Texas.

**INTERROGATORY NO. 2:** If you denied Request for Admission Nos. 2, 5, 8, 11, 14, or 17, please identify and describe with specificity the reason(s) for your denial and the exact number of ballots by mail that you believe were accepted for each of the above-mentioned Requests for Admission, respectively.

**RESPONSE:**

Defendant Limon-Mercado denied Request for Admission No. 2 because Travis County's Ballot Search Export Report for the March 1, 2022 Democratic Primary Election shows that 8,744 ballots by mail were accepted in Travis County during the March 1, 2022 Democratic Primary Election in Texas.

Defendant Limon-Mercado denied Request for Admission No. 5 because Travis County's Ballot Search Export Report for the March 1, 2022 Republican Primary Election show that 1,916 ballots by mail were accepted in Travis County during the March 1, 2022 Republican Primary Election in Texas.

Defendant Limon-Mercado denied Request for Admission No. 8 because Travis County's Ballot Search Export Report for the May 7, 2022 General Election (Constitutional Amendment Election) shows that 11,188 ballots by mail were accepted in Travis County during the May 7, 2022 Constitutional Amendment Election in Texas.

Defendant Limon-Mercado denied Request for Admission No. 11 because Travis County's Ballot Search Export Report for the May 24, 2022 Democratic Primary Runoff Election shows that 7,839 ballots by mail were accepted in Travis County during the May 24, 2022 Democratic Primary Runoff Election in Texas.

Defendant Limon-Mercado denied Request for Admission No. 17 because Travis County's Ballot Search Export Report for the November 8, 2022 General Election shows that 20,980 ballots by mail were accepted in Travis County during the November 8, 2022 General Election in Texas.

**INTERROGATORY NO. 3:** If you denied Request for Admission Nos. 3, 6, 9, 12, 15, or 18, please identify and describe with specificity the reason(s) for your denial and the exact percentage number of ballots by mail that you believe were rejected for each of the above-

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                    383.141 / 1103904.7   Page **7** of **9**
Defendant Dyana Limon-Mercado's Objections and Responses to State Defendants' Second Set of Discovery Requests

EXHIBIT 6

mentioned Requests for Admission, respectively.

**RESPONSE:**

Defendant Limon-Mercado denied Request for Admission No. 3 because based upon Travis County's Ballot Search Export Report for the March 1, 2022 Democratic Primary Election the "mail ballot rejection rate" percentage set forth in Request for Admission No. 3 is inaccurate. As reflected in the Travis County's Ballot Search Export Report for the March 1, 2022 Democratic Primary Election the percentage of mail ballots rejected was 7.23% during the March 1, 2022 Democratic Primary Election in Texas.

Defendant Limon-Mercado denied Request for Admission No. 6 because based upon Travis County's Ballot Search Export Report for the March 1, 2022 Republican Primary Election the "mail ballot rejection rate" percentage set forth in Request for Admission No. 6 is inaccurate. As reflected in the Travis County's Ballot Search Export Report for the March 1, 2022 Republican Primary Election the percentage of mail ballots rejected was 12.03% during the March 1, 2022 Republican Primary Election in Texas.

Defendant Limon-Mercado denied Request for Admission No. 9 because based upon Travis County's Ballot Search Export Report for the May 7, 2022 General Election (Constitutional Amendment Election) the "mail ballot rejection rate" percentage set forth in Request for Admission No. 9 is inaccurate. As reflected in the Travis County's Ballot Search Export Report for the May 7, 2022 General Election (Constitutional Amendment Election) the percentage of mail ballots rejected was 2.75% during the May 7, 2022 General Election (Constitutional Amendment Election).

Defendant Limon-Mercado denied Request for Admission No. 12 because based upon Travis County's Ballot Search Export Report for the May 24, 2022 Democratic Primary Runoff Election the "mail ballot rejection rate" percentage set forth in Request for Admission No. 12 is inaccurate. As reflected in the Travis County's Ballot Search Export Report for the May 24, 2022 Democratic Primary Runoff Election the percentage of mail ballots rejected was 1.87% during the May 24, 2022 Democratic Primary Runoff Election.

Defendant Limon-Mercado denied Request for Admission No. 15 because based upon Travis County's Ballot Search Export Report for the May 24, 2022 Republican Primary Runoff Election the "mail ballot rejection rate" percentage set forth in Request for Admission No. 15 is inaccurate. As reflected in the Travis County's Ballot Search Export Report for the May 24, 2022 Republican Primary Runoff Election the percentage of mail ballots rejected was 3.26% during the May 24, 2022 Republican Primary Runoff Election.

Defendant Limon-Mercado denied Request for Admission No. 18 because based upon Travis County's Ballot Search Export Report for the November 8, 2022 General Election the "mail ballot rejection rate" percentage set forth in Request for Admission No. 18 is inaccurate. As reflected in the Travis County's Ballot Search Export Report for the November 8, 2022 General Election the percentage of mail ballots rejected was 2.16% during the November 8, 2022 General Election in Texas.

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                                383.141 / 1103904.7   Page **8** of **9**
Defendant Dyana Limon-Mercado's Objections and Responses to State Defendants' Second Set of Discovery Requests

EXHIBIT 6

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:     (512) 854-9513
Facsimile:     (512) 854-4808

By:     */s/ Anthony J. Nelson*
LESLIE W. DIPPEL
State Bar No. 00796472
Leslie.Dippel@traviscountytx.gov
ANTHONY J. NELSON
State Bar No. 14885800
Tony.Nelson@traviscountytx.gov
PATRICK T. POPE
State Bar No. 24079151
Patrick.Pope@traviscountytx.gov

**ATTORNEYS FOR DEFENDANTS DYANA LIMON-MERCADO AND JOSÉ GARZA, IN THEIR OFFICIAL CAPACITIES AS TRAVIS COUNTY CLERK, AND DISTRICT ATTORNEY, RESPECTIVELY.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all parties and counsel of record via electronic mail, as follows, on the 13th day of March, 2023.

*/s/ Anthony J. Nelson*
ANTHONY J. NELSON
PATRICK T. POPE
Assistant County Attorneys

*La Unión del Pueblo Entero, et al. v. Greg Abbott, et al.*                    383.141 / 1103904.7   Page **9** of **9**
Defendant Dyana Limon-Mercado's Objections and Responses to State Defendants' Second Set of Discovery Requests

EXHIBIT 6