1              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TEXAS
2                  SAN ANTONIO DIVISION

3   LA UNION DEL PUEBLO              )
    ENTERO, et al,                   )
4                                    )
                  Plaintiffs,        )
5                                    ) CIVIL ACTION
    VS.                              )
6                                    ) NO.: 5:21-cv-844(XR)
    STATE OF TEXAS, et al,           ) (Consolidated Cases)
7                                    )
                  Defendants.        )
8                                    )

9

10                  ORAL DEPOSITION OF

11                   JONATHAN WHITE

12   Designated Representative for the Office of the Texas

13                  Attorney General

14                    MAY 5, 2022

15

16       ORAL DEPOSITION OF JONATHAN WHITE, produced as a

17   witness at the instance of the DEFENDANTS, and duly

18   sworn, was taken in the above-styled and numbered cause

19   on May 5, 2022, from 10:02 a.m. to 4:06 p.m. before Miah

20   Parson, CSR in and for the State of Texas, reported by

21   oral stenography, at the Offices of the Attorney General

22   300 W. 15th Street Austin, Texas 78701, pursuant to the

23   Federal Rules of Civil Procedure and the provisions

24   stated on the record or attached hereto.

25

```
 1                    A P P E A R A N C E S

 2   FOR THE PLAINTIFFS:

 3        ZACHARY DOLLING
          TEXAS CIVIL RIGHTS PROJECT
 4        1405 Montopolis Drive
          Austin, Texas 78741
 5        Phone:  512-474-5073
          Fax:  512-474-0726
 6        zachary@texascivilrightsproject.
          org
 7

 8   FOR THE PLAINTIFFS:

 9        WENDY J.  OLSON
          STOEL RIVES LLP
10        760 SW Ninth Avenue, Suite 3000
          Portland, Oregon 97205
11        Phone:  208-387-4291
          Wendy.olson@stoel.com
12

13   FOR THE DEFENDANTS GREGORY W. ABBOTT, et al:

14        ERIC A. HUDSON
          Office of the Attorney General
15        P.O. BOX 12548 (MC-009)
          Austin, Texas 78711
16        Phone:  512-463-2100
          Fax:  512-457-4410
17        eric.hudson@oag.texas.gov

18

19   ALSO PRESENT:

20   Erin Barnes-OAG
     Hani Mirza-OCA
21

22

23

24

25
```

1    documents with you to the deposition today?

2         A.  I did not.

3         Q.  Okay.  Great.  Thank you.  So let's get

4    started.  I understand that you are the chief of the

5    Election Integrity Division at the OAG; is that correct?

6         A.  That's correct.

7         Q.  What is the Election Integrity Division?

8         A.  It's a Division with the attorney general

9    that's tasked with the prosecution of offenses under the

10   election code or election offenses under Texas law.

11        Q.  When was it -- the -- the division established?

12        A.  I believe it was around 2018.  Well, actually

13   let me -- let me take that -- let me walk that back.

14   The Election Integrity Section would have been -- begun

15   in 2018.  The division was popped out approximately a

16   year ago.

17        Q.  That's gonna be something I'm gonna be asking

18   about because there's a lot of nomenclature sort of

19   floating around and I just want to get all of that

20   straight.

21        A.  Yes, sir.  Understood.

22        Q.  For the Election Integrity Division, what was

23   the impetus for that formation as an independent pop out

24   division?

25                   MR. HUDSON:  I object to that to the extent

12       Q.  (BY MR. DOLLING)  Does the Election Integrity

13   Division have a specific budget that you know?

14       A.  I'm aware of a budget allocation that is

15   tracked by -- by our Budget Division for Election

16   Integrity.  It was a cost center that was created in

17   2019, but that includes both the investigation unit

18   which is housed actually under a separate division and

19   the Election Integrity Prosecution Division, EID.

20       Q.  When I say Election Integrity Division, are you

21   understanding it to include the investigators and the

22   attorneys?

23       A.  It does not.

24       Q.  It does not?

25       A.  I can explain.

```
1          A.   Insofar as they comprise another category of
2    common offenses we're responsive to those.
```

11      Q.  (BY MR. DOLLING)  Is it fair to say that the

12  OAG has a policy of prosecuting offenses under the

13  election code for which it believes there is sufficient

14  evidence to convict?

15      A.  Yes, I think so.

16      Q.  Okay.  And so back to this -- what are we on

17  No. 3, I think.  Back to Exhibit No. 3, you mentioned

18  that it was created for training local election

19  officials, I believe?

20      A.  I don't think I described the purpose exactly,

21  but the purpose is primarily to familiarize elections

22  officials with who we are, what we do, some of the signs

23  for activity that they might recognize and look into to

24  determine whether they feel there is -- are possible

25  offenses that require investigating.  And instruct them

 1  administrators sporadically, but those are the type and

 2  quality of referrals that we would like to see.

 3      Q.  Okay.  So we can just put this one aside for a

 4  moment.  So I'm handing you what I marked as Exhibit

 5  No. 4.  This is the Texas Court of Criminal Appeals'

 6  opinion majority opinion and Zena Stephens are you

 7  familiar with the decision in Zena Stephens.

 8              (Exhibit No. 4 marked.)

 9      A.  Yes, sir.

10      Q.  (BY MR. DOLLING)  And if we can just turn --

11  oh, I might have had an extra page in there.  I'm not

12  sure if your copy has an extra page, but there might be

13  a random extra page.  And if we turn to the last page

14  here, I'm gonna read the holding out here.  We hold that

15  the grant of prosecutorial authority in Section 273.021

16  of the Texas election code violates article 2 Section 1

17  of the Texas Constitution the separation of powers

18  clause; is that correct?

19      A.  Correct.

```
23          Q.   (BY MR. DOLLING)   Okay.   That's fine.   I'm
24   handing you what I've marked as Exhibit No. 5.   This is
25   Chapter 273 of the Texas Election Code.   Please take a
```

```
 1   moment to look over it and when you're ready turn to
 2   section 273.021.
 3                    (Exhibit No. 5 marked.)
 4        A.  Yes, sir.
 5        Q.  (BY MR. DOLLING)  So Section 273.021 reads,
 6   Prosecution by the Attorney General Authorized.  The
 7   attorney -- Subsection A, the attorney general may
 8   prosecute a criminal offense prescribed by the election
 9   laws of this state.  And Subsection B, the attorney
10   general may appear before a grand jury in connection
11   with an offense.  The attorney general is authorized to
12   prosecute under Subsection a and Subsection c.  The
13   authority to prosecute prescribed by this subchapter
14   does not affect the authority to arrive from other law
15   to prosecute the same offenses.  Did I read that all
16   correctly?
17        A.  I believe you did.
```

25        Q.  (BY MR. DOLLING)   Okay.   I think we -- we'll

 1   OAG cannot maintain the prosecution because the OAG was
 2   independently prosecuting the case?
 3        A.   More or less those would take the form of
 4   pretrial writ of habeas corpus or a motion to dismiss
 5   the indictment and generally the remedy that's being
 6   sought by the Defendants is for the entire case to be
 7   thrown out.
 8        Q.   And that's on the basis of the prosecution
 9   being carried out by the OAG's alone?
10        A.   In most cases, yes.
11        Q.   What is -- what is the not most cases?
12        A.   We've gotten challenges based on the fact that
13   we've had anything to do with the case, even if the
14   local district attorneys office consented to the
15   prosecution or was even involved in the investigation
16   and perhaps prosecution as well.  So it opens a door to
17   a whole lot of challenges.

1  answer.

2       A.  I think you could technically say that we're

3  still prosecuting the cases that are pending, certainly

4  even the ones that have been challenged on the basis of

5  Stephens.  Those prosecutions are still pending.  We're

6  still on the position of representing the State of Texas

7  on those offenses and we have a large number of other

8  prosecutions where we are still involved in the

9  prosecution where we're working jointly with district

10 attorneys offices.

11      Q.  (BY MR. DOLLING) Okay.  Has the OAG brought any

12 new prosecutions after Stephens where the prosecution

13 began after Stephens?

14      A.  Let me refresh my memory with the bottom of the

15 list of resolved cases.  I believe the answer to that I

16 believe is no.

17      Q.  Okay.  Thank you.

18           MR. HUDSON:  For purposes of the record

19 Mr. White, can you identify the page that you reviewed

20 to refresh your recollection?

21      A.  Page -- Pages 16 and 17 of Exhibit 6.

22           MR. HUDSON:  Could you identify that by

23 Bates stamp please?

24      A.  States 087338 and 339.

25           MR. HUDSON:  My apologies.

1  know, that sort of thing.

2      Q.  Is it the policy of the OAG to always loop in

3  the county prosecutor?

4      A.  We don't have a hard and fast guideline on

5  that, but it's been a best practice for our group

6  because of resources and looking to leverage local

7  resources wherever possible, wherever we have a DA or I

8  say DA because most circumstances it's a district

9  attorney, but local prosecutor, county prosecutor.  We

10  would try to loop them in to leverage resources and see

11  if they have any willingness to get involved with the

12  case.

11          Q.   (BY MR. DOLLING)   Okay.   Is it accurate to say

12     that the OAG hears about most suspected offenses of the

13     election code from outside referrals, outside of the

14     OAG's office?

15          A.   Absolutely.

16          Q.   Earlier, I think you said that the majority of

17     them come from the Secretary of States office; is that

18     correct?

19          A.   Strong majority.

20          Q.   What is -- how -- if you could, could you put a

21     number on that or percentage wise?

22          A.   I --

23               MR. HUDSON:   Object to form.   Speculation.

24          A.   Yeah, I could put a wide range on it.   I'm ball

25     parking, but certainly over half and it could be as much

1                    So to that extent and to the extent that
2    vote harvesting operations are complex, wide spread,
3    touch a large number of individuals, focus on soft
4    targets, elderly voters, sometimes voters with
5    disabilities.  They could -- it could be challenging to
6    go in and find out what happened after the fact, as well
7    as the fact that if vote harvesting is done correctly
8    the process can be invisible to the voter.
9         Q.  So the complexity mostly comes from
10   difficulties in the investigative process because of the
11   protections around voting, would you say?
12        A.  I would say that those complexities extend into
13   the prosecution as well.

A

 7      Q.   (BY MR. DOLLING)   Has the OAG taken through to

 8   conviction a case in which hundreds of votes were

 9   touched by a vote harvester?

10      A.   Probably so, although that does not mean that

11   we were able to prove hundreds of votes, bring hundreds

12   of voters on the stand who were able to explain what

13   happened to them, knew what happened to them, positively

14   identified the person that came by.  So typically what

15   we end up litigating in court is a fraction of the

16   activity of a vote harvester.

17      Q.   So that's what you have attempted to prove, but

18   you have not carried through to final verdict on those

19   facts?

20           MR. HUDSON:   Objection; form.

21      A.   I'd say what we attempted to prove is typically

22   what's pled in the indictment, however many counts of

23   offenses were charged that would be a fraction of the

24   total activity that occurred.  And then from there we

25   may reach a plea agreement, which may involve one

1  OAG, well, I suppose you sort of answered this, but how

2  often would the OAG decide to initiate a prosecution

3  after completing an investigation based on a referral?

4       A.  Whenever we made a determination that an

5  offense occurred and that there was sufficient evidence

6  for prosecution.

19       Q.  (BY MR. DOLLING)  Currently or after Stephens

20  if the OAG investigates, you know, on the basis of a

21  referral and determines that a prosecution is warranted,

22  how does it go about making that happen?

23       A.  We would now present the case to a district

24  attorneys office and allow them to decide whether to

25  accept the case, reject the case, they would have the

1  option of appointing us as a prosecutor.  If they desire

2  to do that, but the decision ultimately rests entirely

3  currently on under our current policy with local

4  prosecutors.

```
25        Q.  (BY MR. DOLLING)   In how many of the pending
```

1   prosecutions reflected on this chart has the OAG been

2   appointed by a county prosecutor to work on a

3   prosecution?

4        A.  Having refreshed my memory States 087336

5   through 339, I'm seeing five cases where I believe a

6   formal order appointing is on file in the public record.

7        Q.  What is a formal appointment?  Is it a

8   document?  Is it reflected in a document?

9        A.  It is.

24      Q.  (BY MR. DOLLING)   Okay.

25      A.  There is, you know, to the extent that fraud

1  takes place and it's not referred to our agency, you

2  know, it may well go not investigated and a referral

3  typically needs to be made to us for us to look into a

4  case.

5        Q.  And so to the extent that the OAG operates

6  proactively in this context you feel like you cannot

7  answer that question.

8        A.  I can say this, there is nothing to preclude us

9  from being proactive in attempting to detect and

10  investigate crimes except for the limitations that we

11  have with bandwidth and the fact that we have our hands

12  full with the cases that come in to us and we've always

13  been a responsive unit.

13      Q.  (BY MR. DOLLING)  Okay.  I think you might have

14  said this earlier, but is it the OAG's policy typically

15  to loop in the county prosecutor for the county in which

16  the suspected offense occurred if the OAG is undertaking

17  an investigation in that county?

18      A.  That's been our practice more and more over

19  recent years and particularly now since Stephens that's

20  been a practice.

21      Q.  Before Stephens would be the OAG, I -- you sort

22  of implicitly said it just there.  Would the OAG ever

23  carry out an investigation on its own initiative without

24  the involvement of the relevant county prosecutor?

25      A.  Well, I understand 273.001 to be deferring to

1  the referral process for an investigation Subsection a
2  covers the method that two or more registered voters per
3  territory can present affidavits alleging violations to
4  either the county or district attorney or us.
5  Subsection b covers an officers own initiative should he
6  learn of an election offense under some different
7  circumstances.  Subsection d covers our most common and
8  preferred method which is referral from the Secretary of
9  State under Section 31.006.  We've always relied on them
10 to sort of perform that in take process for us and so
11 that's -- that is our preferred method and if I didn't
12 answer a portion of your question, please feel free to
13 repeat that.
14     Q.  No, I think you -- you answered me.  Before
15 Stephens, had the OAG ever carried out an investigation
16 despite the relative county prosecutor opposing the
17 investigation?
18     A.  I -- I don't have any recollection of a county
19 prosecutor opposing a prosecution.

17          Q.   (BY MR. DOLLING)   I suppose an example might be
18   after obtaining a warrant, law enforcement officers go
19   to a location and collect evidence on the basis of that.
20          A.   We wouldn't consider executing a search warrant
21   to obtain evidence or an arrest warrant for that matter
22   to be a raid.
23          Q.   Okay.   But has the OAG utilized that sort of
24   procedure in investigations?
25          A.   If we've -- yes, if we executed a search

1  warrant or if we have obtained a search warrant, we do

2  that with the intention of executing the search warrant

3  whether that's for data or whether that's to collect

4  evidence.

5       Q.  Have OAG investigators interviewed witnesses in

6  carrying out investigations?

7       A.  Of course.

8       Q.  Have OAG investigators interviewed suspects in

9  carry out investigations?

10      A.  Yes, to the extent that those suspects are

11  willing to talk which --

12      Q.  Understood.  Okay.  So can we now go back to

13  Exhibit 5 and turn to 273.002.

14      A.  Sure.

15      Q.  And for some reason it starts subsections with

16  numbers instead of letters this time, but if we look at

17  Section 273.0021 it says, reading the -- the preliminary

18  language.  For an election in which the attorney general

19  is conducting an investigation the attorney general may

20  direct the county or district attorneys serving a county

21  in the territory covered by the election to conduct or

22  assist the attorney general in conducting the

23  investigation; is that correct?

24      A.  Yes, sir.

25      Q.  Has the OAG ever used this authority to direct

14        Q.   (BY MR. DOLLING)   Could you put a number on how

15   often that happens?

16        A.   Almost never.

17        Q.   Okay.   And when it has happened, have the

18   county attorneys complied or have you had resistance?

19               MR. HUDSON:   Objection; form.

20   Argumentative.

21        A.   I don't recall ever having resistance because

22   probably the way that we approach it with a soft touch.

23        Q.   (BY MR. DOLLING)   I think you've already

24   answered this, but I just want to be sure.   Has the OAG

25   ever used the authority in 273.0021 to direct a county

1  prosecutor to assist the OAG in conducting an

2  investigation?

3        A.   My answer would be the same.

4        Q.   Soft touch, but not directing?

5        A.   Correct and I'll also refer back to a previous

6  answer that I gave.  District attorney's offices have

7  very limited ability and resources in the investigation

8  department.  So that's another reason that this section

9  has not been frequently used.

1  for investigations of general crimes under other law.

2      Q.  Okay.  And we talked about this earlier, but I

3  just like to, you know, clarify.  The majority of

4  investigations are carried out in -- to some degree with

5  cooperation from the county prosecutor; is that correct?

6      A.  Could you repeat the first part of your

7  question?

8      Q.  The -- would you say that the majority of

9  investigations into election code offenses are carried

10 out with the cooperation of a county prosecutor?

11     A.  I think to some degree that's probably true and

12 just to present a case to a grand jury requires the

13 permission of a local prosecutor to get time before his

14 grand jury and present that case and actually the grand

15 jury doesn't belong to the prosecutor, but access to the

16 grand jury is for practical purposes controlled by that

17 District Attorney's Office.  So the grand jury is its

18 own entity that's appointed by a district judge, but

19 yes, in answer to your question I would say that we

20 generally have some form of cooperation in every case

21 that we prosecute from the local prosecutor's office.

22     Q.  And similar series of question from before.

23 When carrying out these sort of joint investigations, do

24 the OAG and county prosecutors utilize warrants during

25 that process of investigation?

1    general may appear before a grand jury in connection

2    with an offense the attorney general is authorized to

3    prosecute under Subsection a.   Subsection d -- c, the

4    authority to prosecute prescribed by the subchapter does

5    not affect the authority to arrive from other law to

6    prosecute the same offenses.   Did I read that correctly?

7          A.   I believe you did, sir.

8          Q.   I don't want to ask too many redundant

9    questions.   So just give me a moment here.

10         A.   No problem.

11       Q.   (BY MR. DOLLING)   Okay.   I'm gonna hand you

12   what I'm marking as, I think, are we on 7?   And this is

13   Texas government code Section 402.028 entitled

14   assistance to prosecuting attorneys; is that correct?

15                   (Exhibit No. 7 marked.)

16       A.   Yes, sir.

17       Q.   (BY MR. DOLLING)   So I'm just gonna read it out

18   quickly.   Subsection a says, at the request of a

19   district attorney, criminal district attorney, or county

20   attorney, the attorney general may provide assistance in

21   the prosecution of all manner of criminal cases,

22   including participation by an assistant attorney

23   general, as an assistant prosecutor when so appointed by

24   the district attorney, criminal district attorney, or

25   county attorney.   Subsection b, a district attorney,

1  criminal district attorney, or county attorney, may

2  appoint and deputize an assistant attorney general, as

3  assistant prosecutor to provide assistance in the

4  prosecution of criminal cases including the performance

5  of any duty imposed by law on the district attorney,

6  criminal district attorney, or county attorney.

7  Subsection c, nothing in this section shall prohibit an

8  assistant attorney general from appointment as attorney

9  pro tem under the provisions of article 2.07 code of

10  criminal procedures; is that correct?

11       A.  Yes, sir.

12       Q.  And so --

13            MR. HUDSON:  I might just put out on the

14  record for you.  I think the court reporter's losing her

15  mind a little bit trying to keep up with you.

16       Q.  (BY MR. DOLLING)  I can slow down.

17            MR. HUDSON:  Yeah, I'm not trying to step

18  on you, she's having some problems.

19       Q.  (BY MR. DOLLING) Just want to try to get

20  through as quickly as possible.  I will slow down in the

21  future.  I apologize.  So Subsection c is what we were

22  just talking about, the attorney pro tem.

23       A.  Yes, sir.

24       Q.  (BY MR. DOLLING) I'd like to talk about

25  Subsection a and b.  Does the OAG interpret the Texas

15          Q.  (BY MR. DOLLING)  Has the office of the

16   attorney general, after Stephens been appointed to

17   prosecute an election code related offense under

18   Subsection a or b as opposed to c which is what we were

19   talking about earlier the pro tem provision?

20          A.  I don't know that we have any such agreements

21   on the public record.  And without giving the impression

22   that there aren't any agreements to proceed corporately

23   in cases, I want to remain consistent and stick with

24   what is publicly available and I don't believe that we

25   have any filed deputization's on the record in any of

1  assistant attorney general as an assistant prosecutor.

2      Q.  And we sort of covered this before, but has --

3  are any assistant attorney general's currently appointed

4  under Subsection A or B to assist in the prosecution of

5  a pending prosecution by a county prosecutor?

6      A.  I don't believe we have deputization on file.

7  I believe that the situations where we have been

8  formally appointed have been under a code of criminal

9  procedure Article 2.07 as district attorney pro tem.

22      Q.  (BY MR. DOLLING)   Thank you.   That was my next
23   question.
24      A.   I knew it was.
25      Q.   So if we could turn back to Exhibit No.   5

1  have been the same circumstances I described before as

2  it would have been a soft touch.  It would have been a

3  request that we would not have pushed without agreement

4  of the district attorney.  And at most it would have

5  been a reference to a code section, but never a

6  mandatory directive.

7       Q.  Okay.  And so I guess that means that the OAG

8  has never utilized this provision against a county

9  prosecutor's wishes?

10      A.  Exactly.  Not -- not used it per se, but it

11 could have been referenced with regards to a request.

12      Q.  Okay.

13      A.  It was not, you know, a directive or mandatory

14 in nature.

1  past and as I previously testified here and before the

2  legislature is we always used a soft touch and a

3  cooperative approach with local prosecutors.  We'd never

4  desired to step on a local prosecutor's toes or tried to

5  force them to do anything or be involved in anything

6  that they didn't want to be.

7      Q.  (BY MR. DOLLING)  Okay.  Thank you.  So handing

8  you what I've marked as Exhibit 8, which is a copy of

9  SB1 enrolled.  Just confirm that for me.

10              (Exhibit No. 8 marked.)

11      A.  Yes, sir.

12              MR. HUDSON:  In the interest of short

13  circuiting out objections on the document itself as he's

14  asking questions.  Can you verify where you got it from

15  and the reason I ask that is, is there's an actual

16  signed copy on the Secretary of States website.  I don't

17  know if this is the final enrolled copy or not.  Is

18  there any chance I can get you to clarify that?

19      Q.  (BY MR. DOLLING)  I cannot remember exactly

20  what the website is called, but it's the legislative

21  look up that's provided by the state on the capital

22  website or whatever it is.

23              MR. HUDSON:  Thank you.

24      Q.  (BY MR. DOLLING)  So, Mr. White, do you

25  understand that when text is struck through it means

1   as it exists now after the additions and removals.  If

2   the registrar determines that a person who is not

3   eligible to vote registered to vote or voted in an

4   election, the registrar shall within 72 hours not

5   including weekends after making the determination

6   execute and deliver to the attorney general, the

7   Secretary of State, and the county or district attorney

8   having jurisdiction in the territory covered by the

9   election and affidavit stating the relevant facts; is

10  that correct?

11       A.  Yes.

12       Q.  Thank you.  So would you agree that SB1 Section

13  2.04 added the requirement of a 72 hour turnaround on

14  the affidavit described in this section?

15       A.  Yes, sir.

16       Q.  And does the OAG agree that it added the

17  requirement that the registered -- registrar deliver

18  that affidavit to the OAG?

19       A.  That is what the statute says.  Yes, sir.

20       Q.  And the requirement that the registrar deliver

21  that affidavit to the Secretary of State?

22       A.  That is what the statute says, yes.

23       Q.  What does the OAG interpret as the purpose of

24  these new requirements in the law?

25            MR. HUDSON:  Objection; form.  To the

25        Q.  (BY MR. DOLLING)   Has the OAG Initiated any

1   amendment?

2        A.  I believe so.  Yes.

19        Q.  (BY MR. DOLLING)  Prior -- under the prior

20   version of Section 31.006 when you receive referral --

21   when you would receive referrals from the Secretary of

22   State, were they -- was there like a formal complaint

23   document like a formal complaint form?

24        A.  Yes.  The Secretary of State has a formal

25   complaint form that's filled out by the complainant.

1      A.   Yes.

2      Q.   And then it says the Secretary shall deliver to

3  the attorney general all pertinent documents and

4  information in the Secretary's possession and it adds

5  the words and information there; is that correct?

6      A.   Yes.

7      Q.  Okay.  Thank you.  And so after the effective

8  date of SB1, have the referrals that you have received

9  from the SOS differed in any material way from the type,

10  I guess the format and type of information that you

11  received pre SB1 and post SB1, are there any material

12  differences?

13      A.  None that I'm aware of.

14      Q.  Thank you.  Okay.  Can we turn to SB1,

15  Section 5.15 which should be on Page 48?  Right in the

16  middle.

17      A.  Yes, sir.

18      Q.  So I'm just going to read -- let me start by

19  saying Section 5.15 amended Section 87.0431B of the

20  election code; is that correct?

21      A.  Yes, sir.

23          Q.   (BY MR. DOLLING)   How often would the OAG
24     receive notices under election code 87.0431b prior to
25     the effective date of SB1?

20        Q.  (BY MR. DOLLING)   Assuming that county

21   prosecutors would comply with these requirements, would

22   you expect to receive more notices under this amendment

23   than previous?

24        A.  Adding additional category, I think logically

25   you could, you know, just on the basis of there being an

1   additional category you might logically expect that
2   there could be more referrals or not referrals, but
3   notices.
4        Q.  Has the OAG received any notices pursuant to
5   this new Subsection after the effective date of SB1?
6        A.  I'm not sure that we have.
7        Q.  Okay.  And so I guess you are unaware of any
8   investigations opened as a result of a notice under this
9   new Subsection?
10       A.  That's correct.
11       Q.  Same for prosecutions?
12       A.  Yes.
13       Q.  Okay.  Thank you.  And can we turn to SB1
14  Section 6.01 which is on Page 50, I think down at the
15  bottom.  So Section 6.01 of SB1 amended Section 64.009
16  of the election code by adding or amending Subsection B
17  and adding Subsections E, F, F1, G, and H.  Is that
18  correct?
19       A.  Yes.
20       Q.  And so I'd like to read Subsection F, which was
21  added by SB1 Section 6.01, and it reads, a person who
22  simultaneously assists 7 or more voters voting under
23  this section by providing the voters with transportation
24  to the polling place must complete and sign a form
25  provided by an election officer that contains the

24      Q.  (BY MR. DOLLING)  What sort of criminal

25  activity in a -- in an elect -- in connection with an

1      A.  Yes, sir.

2      Q.  And it has -- at the end of it, it says hash

3  tag SB1; is that correct?

4      A.  Yes, sir.

5      Q.  And November 5th 2021 was after the passage of

6  SB1; is that correct?

7      A.  That is correct.

8      Q.  Does the statement that election integrity is

9  my number one priority reflect the policy of the OAG?

10          MR. HUDSON:  Same objections.

11     A.  I can't answer that.

12     Q.  (BY MR. DOLLING)  Okay.  Do Attorney General

13  Paxton's tweets have any impact on the operations of the

14  Election Integrity Division?

15     A.  What I can tell you is that this is my first

16  time to read these tweets.

17     Q.  Okay.  Do you know if anyone else in the

18  Election Integrity Division has read these tweets or is

19  aware of Attorney General Ken Paxton's statements?

20          MR. HUDSON:  Objection; form.  Foundation.

21  Objection; form.  Speculation.

22     A.  I don't know.

23     Q.  (BY MR. DOLLING)  Okay.  Has Attorney General

24  Ken Paxton ever put pressure on the Election Integrity

25  Division to investigate more cases?

 1  instruction.

 2        A.  Follow the advice.

 3        Q.  (BY MR. DOLLING)  Thank you.  Okay.  So if we

 4  could just go back to the SB1 enrolled which is

 5  Exhibit 8 and if we could just turn to Page 52.

 6              MR. HUDSON:  Just one thing before we go on

 7  any further.  So two things; one, I've got somebody

 8  waiting for Topic 8.  To the extent of the Topic 8

 9  questions or are there more things coming?

10              MR. DOLLING:  We could --

11              MR. HUDSON:  And I'm only asking because I

12  got somebody waiting and so if you guys are gonna --

13              MS. OLSON:  We can do it now.  How long do

14  you think?

15              MR. DOLLING:  I think it would just be a

16  few minutes really.  If we could call that person in for

17  Topic 8 questions about the tweets --

18              MR. HUDSON:  We don't have to do it right

19  this second.  I just want to know if I can release him.

20  Yeah, I'm not trying to get in the way of your

21  deposition, I'm just trying to -- if you guys gonna do

22  the stuff with Jonathan then I'll let my other person go

23  'cause they're gonna be -- I hadn't planned to present

24  them toward the end, whenever you wrap with Jonathan.

25              MR. DOLLING:  We'll just finish with

1  our investigative team that's team oriented.

24      Q.  (BY MR. DOLLING)  Given the size of the
25  Election Integrity Division, would you say it's accurate

1   to say that you are aware of all ongoing investigations

2   and prosecutions?

3        A.  I'm generally aware of most investigations and

4   certainly as those investigations develop and they

5   encounter factual and legal issues, I've become more

6   informed of.  So somewhere along the line I've become

7   aware of most investigations.  Certainly all

8   investigations that lead to prosecutions and I'm at

9   least generally aware of all prosecutions.

10       Q.  So would it be accurate to say that you are not

11  involved in all investigations, but you are involved in

12  all prosecutions?

13       A.  That's probably fair to say.  I generally get

14  involved from a standpoint of advice, legal analysis,

15  factual analysis, on investigations that reach a certain

16  point, but I think that's a pretty fair assessment.

17       Q.  Are policies or practices ever set for the

18  Election Integrity Division without your input?

19                 MR. HUDSON:  Same objection, same

20  instructions.

21       A.  I think I'll have to follow advice of counsel

22  on that.

23       Q.  (BY MR. DOLLING)  Okay.  Now, if we can turn

24  back to Exhibit 8, which is SB1 enrolled please.

25       A.  Yes, sir.

1      Q.  And if we could go to Page 52 which should have
2  Section 6.04 on it.  So I'm just going to --
3  Section 6.04 amends election codes, Section 64.034; is
4  that correct?
5      A.  Yes, sir.

12          Q.   Okay.   In that case, would you agree that the
13     language that was added and removed changed the oath?
14          A.   It did with the addition of language and the
15     subtraction of other language.

13        Q.   (BY MR. DOLLING)   Okay.   Can we turn to Page 54

14   please?   And that should be Section 6.06, starts at the

15   bottom there; is that right?

16        A.   Yes, sir.

17        Q.   And Section 6.06 amends Section 86.0105 of the

18   election code by amending Subsection A, C, and E, and

19   adding Subsection F; is that correct?

20        A.   Yes, sir.

21        Q.   And Subsection A now reads, A person commits an

22   offense if the person; one, compensates or offers to

23   compensate another person for assisting voters as

24   provided by a different section of the code, Section

25   86.010.   And that's all I want to read for now.   And

1   then if we go down to Subsection E, it adds to

2   Subsection E and that reads, for purposes of this

3   section compensation means an economic benefit as

4   defined by Section 38.01 Penal Code.

5        A.  Yes, sir.  I see that.

```
18                    MR. DOLLING:  Okay.  Thank you.  I think at
19   this point if we can maybe take a five minute break?
20                    MR. HUDSON:  Sure.  Off the record.
21                    THE REPORTER:  Off the record at 2:05 p.m.
22                    (Recess.)
23                    THE REPORTER:  On the record at 2:19 p.m.
24        Q.  (BY MR. DOLLING)  Okay.  Thank you for that
25   break.  I just have a few more questions before I pass
```

1  election fraud as an offense is typically a Class A

2  misdemeanor?

3       A.  The base level offense is Class A misdemeanor,

4  yes.

5       Q.  And that was true before SB1 and it's still

6  true after SB1.

7       A.  Correct.

1    an opportunity to review that testimony, but I remember

2    I think remember being asked about that.

3        Q.  (BY MR. DOLLING)  Okay.  Well, just for the

4    record, I'm gonna mark Exhibit No. -- I think we're on

5    10.  This a copy of House Bill 6 that was being -- that

6    was at issue at the time of the testimony that we're

7    talking about April 2021.  And I'm not sure exactly what

8    page it's on so let me see if I can find it.  Somewhere

9    in here  is House Bill 6's proposed changes to 276.01 --

10   here it is, it's on Page 17.

11       A.  Got it.

12       Q.  And so this is Section 5.04 of House Bill

13   No. 6, amended Sections 2 -- 276.013A and B election

14   code and Subsection B was amended to change the language

15   from an offense under this section is a Class A

16   misdemeanor to an offense under this section is a felony

17   of the second-degree.  Do you see that on Page 18?

18                  (Exhibit No. 10 marked.)

19       A.  Yes, that was proposed in this bill and thank

20   you that helps refresh my memory.

21       Q.  (BY MR. DOLLING)  Thank you.  Just to state the

22   question again, at -- at the time that you testified in

23   April 2021, the House had been considering heightening

24   offenses under Election Code 276.013 from Class A

25   misdemeanors to second-degree felonies, is that correct?

1          A.   It would have been the portion of deposition

2     Topic No. 1 that involved investigations, predicated on

3     suspected violation of SB1 sections.

23      Q.  And then you also met, you said with a person
24 named Conrad Swan who had something to do with budget?
25      A.  Yes, ma'am.

 1  that a standard that is used when reviewing and a

 2  complaint a standard that is used by the Election

 3  Integrity Unit to determine whether or not it's going to

 4  move forward on an investigation?

 5      A.  Not as such that's a very baseline standard.

 6  We would have that standard in place because if an

 7  offense -- if -- if a complaint does not actually allege

 8  a criminal offense then we don't have any business with

 9  it.  So it would certainly have to meet that hurdle, but

10  that wouldn't necessarily make it a credible allegation.

24      Q.  (BY MS. OLSON)  And who makes that initial

25  determination within the Election Integrity Unit about

1        Q.   So probable cause is the official legal
2   standard?
3        A.   That is the official legal standard, yes.

1    you're free to do so.  Otherwise, I'll instruct you not
2    to answer.
3         Q.  (BY MS. OLSON)  And I'm not asking about any
4    particular case.  I'm asking about what you do in
5    practice.
6         A.  We would look at all legal and factual issues.
7         Q.  Mr. White, I think you testified that you don't
8    keep track or don't keep statistics on how many
9    referrals that come to the Election Integrity Unit
10   results in investigations; is that right?
11        A.  That's correct.
12        Q.  Would there be a way to do that?
13        A.  I think it would be possible to do that going
14   forward.
15        Q.  So, for example,  there -- there's a record
16   kept, I assume of your referrals that come into the
17   office?
18        A.  Criminal Investigations keeps some record of
19   that.
20        Q.  And when you say they keep some record of that,
21   what do you mean?
22        A.  It's not very specific about the allegations.
23        Q.  Do they keep a log of referrals if you know?
24        A.  Something -- something like that.
25        Q.  And when you say something like that, do you

1  violation of the election code?

2          A.   They don't have those numbers, no.

 9      Q.  And prosecutors typically like to have

10  documents for a paper trail, correct?

11      A.  Yes and no because documentary cases are a pain

12  to deal with, but yes.

13      Q.  Documents say the same thing every time, right?

14      A.  Theoretically, yeah, I think I agree with what

15  you're saying.

16      Q.  And witnesses might change their testimony from

17  the time they're interviewed to the time they're in the

18  grand jury to the time they testify at trial, correct?

19      A.  Certainly prefer to have a document than have

20  no document.

21      Q.  And so with respect to assistance fraud, what

22  is the and I think this is what you told Mr. Dolling,

23  but please correct me if I'm wrong, which is why I have

24  to reask it, but the mens rea is knowing voter

25  assistance fraud?

1      Q.   (BY MS. OLSON) Does the Election Integrity

2   Division ever handle its own appeals?

3      A.   Normally not.

4      Q.   Who handles appeals from the Election Integrity

5   Division?

6      A.   In individual cases our Criminal Appeals

7   Division will often step in to handle ordinary criminal

8   appeals.  I have personally handled a few appeals, but

9   it's normally something that we hand off to a

10   specialized unit.

11      Q.   Thinking of some responses to some questions

1                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF TEXAS
2                        SAN ANTONIO DIVISION

3    LA UNION DEL PUEBLO                )
     ENTERO, et al,                     )
4                                       )
                      Plaintiffs,       )
5                                       )  CIVIL ACTION
     VS.                                )
6                                       )  NO.: 5:21-cv-844-XR
                                        )  (Consolidated Cases)
7    STATE OF TEXAS, et al,             )
                                        )
8                     Defendants.       )
                                        )
9

10                     REPORTER'S CERTIFICATION

11             ORAL DEPOSITION OF JONATHAN WHITE

12                         MAY 5, 2022

13

14        I, Miah Parson, CSR, Certified Shorthand Reporter

15   in and for the State of Texas, hereby certify to the

16   following:

17        That the witness, JONATHAN WHITE, was duly sworn by

18   the officer and that the transcript of the oral

19   deposition is a true record of the testimony given by

20   the witness;

21        I further certify that pursuant to FRCP Rule

22   30(f)(1) that the signature of the deponent:

23    _X_ was requested by the deponent or a party before the

24   completion of the deposition and that the signature is

25   to be before any notary public and returned within 30

1  days from the date of receipt of the transcript.  If

2  returned, the attached Changes and Signature Page

3  contains any changes and the reasons therefor;

4      ___was not requested by the deponent or a party

5  before the completion of the deposition.

6      I further certify that I am neither counsel for,

7  related to, nor employed by any of the parties or

8  attorneys in this action in which this proceeding was

9  taken, and further that I am not financially or

10 otherwise interested in the outcome of the action.

11     Certified to by me this 23rd day of May, 2022.

12

13

14
                         Miah Parson, CSR No. 11773
15                       Expiration Date:  02/28/2023
                         Firm Registration No.  633
16                       Magna Legal Services
                         16414 San Pedro, Suite 900
17                       San Antonio, Texas 78232
                         Phone 210-697-3400
18                       Fax 210-697-3408

19

20

21

22

23

24

25

EXHIBIT

ELECTION CODE

TITLE 16. MISCELLANEOUS PROVISIONS

CHAPTER 273. CRIMINAL INVESTIGATION AND OTHER ENFORCEMENT PROCEEDINGS

SUBCHAPTER A. CRIMINAL INVESTIGATION

Sec. 273.001.  INVESTIGATION OF CRIMINAL CONDUCT.  (a)  If two or more registered voters of the territory covered by an election present affidavits alleging criminal conduct in connection with the election to the county or district attorney having jurisdiction in that territory, the county or district attorney shall investigate the allegations.  If the election covers territory in more than one county, the voters may present the affidavits to the attorney general, and the attorney general shall investigate the allegations.

(b)  A district or county attorney having jurisdiction or the attorney general may conduct an investigation on the officer's own initiative to determine if criminal conduct occurred in connection with an election.

(c)  On receipt of an affidavit under Section 15.028, the county or district attorney having jurisdiction and, if applicable, the attorney general shall investigate the matter.

(d)  On referral of a complaint from the secretary of state under Section 31.006, the attorney general may investigate the allegations.

(e)  Not later than the 30th day after the date on which a county or district attorney begins an investigation under this section, the county or district attorney shall deliver notice of the investigation to the secretary of state.  The notice must include a statement that a criminal investigation is being conducted and the date on which the election that is the subject of the investigation was held.  The secretary of state may disclose information relating to a criminal investigation received under this subsection only if the county or district attorney has disclosed the information or would be required by law to disclose the information.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.  Amended by Acts 1993, 73rd Leg., ch. 728, Sec. 78, eff. Sept. 1, 1993; Acts 1993, 73rd Leg., ch. 916, Sec. 26, eff. Sept. 1, 1993; Acts 2003, 78th Leg., ch. 1290, Sec. 1, eff. Sept. 1, 2003.


Sec. 273.002.  LOCAL ASSISTANCE TO ATTORNEY GENERAL.  For an election in which the attorney general is conducting an investigation, the attorney general may:

(1)  direct the county or district attorney serving a county in the territory covered by the election to conduct or assist the attorney general in conducting the investigation; or

(2)  direct the Department of Public Safety to assist in conducting the investigation.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.


Sec. 273.003.  IMPOUNDING ELECTION RECORDS.  (a)  In the investigation of an election, a county or district attorney or the attorney general may have impounded for the investigation the election returns, voted ballots, signature roster, and other election records.

(b)  To have election records impounded, the investigating officer must apply to a district court for an order placing the election records in the court's custody for examination by the officer.

(c)  The application for impoundment must be filed with the district court of the county in which the election was held or an adjoining county. An application for records of a statewide election may be filed in the county in which the election was held, an adjoining county, or Travis County.

(d)  On the filing of an application, the district judge shall issue an order impounding the records in a secure place under the terms and conditions the judge considers necessary to keep them under the judge's custody and control during the examination and for any additional time the judge directs.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.  Amended by Acts 1997, 75th Leg., ch. 864, Sec. 254, eff. Sept. 1, 1997.


Sec. 273.004.  EXAMINATION OF IMPOUNDED RECORDS.  (a)  The examination of impounded election records shall be conducted in the same manner as a court of inquiry.

     (b)  Impounded election records must be examined in the presence of the district judge ordering the
impoundment  or a grand jury, as provided by the judge's order.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.


                                  SUBCHAPTER B. PROSECUTION BY ATTORNEY GENERAL

     Sec. 273.021.  PROSECUTION BY ATTORNEY GENERAL AUTHORIZED.  (a)  The attorney general may prosecute a
criminal offense prescribed by the election laws of this state.

     (b)  The attorney general may appear before a grand jury in connection with an offense the attorney
general is authorized to prosecute under Subsection (a).

     (c)  The authority to prosecute prescribed by this subchapter does not affect the authority derived
from other law to prosecute the same offenses.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.  Amended by Acts 1993, 73rd Leg., ch. 728, Sec.
79, eff. Sept. 1, 1993;  Acts 1997, 75th Leg., ch. 864, Sec. 255, eff. Sept. 1, 1997.

     Sec. 273.022.  COOPERATION WITH LOCAL PROSECUTOR.  The attorney general may direct the county or
district attorney serving the county in which the offense is to be prosecuted to prosecute an offense that
the attorney general is authorized to prosecute under Section 273.021 or to assist the attorney general in
the prosecution.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

     Sec. 273.023.  SUBPOENA.  (a)  A subpoena or subpoena duces tecum issued in connection with a
prosecution under this subchapter is effective if served anywhere in this state.

     (b)  A witness may not be punished for failure to comply with a subpoena issued under this subchapter
unless the proper fees are tendered to the witness as required by statute or court rule.

     (c)  The attorney general may direct the Department of Public Safety to serve a subpoena under this
subchapter.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

     Sec. 273.024.  VENUE.  An offense under this subchapter may be prosecuted in the county in which the
offense was committed or an adjoining county.  If the offense is committed in connection with a statewide
election, the offense may be prosecuted in the county in which the offense was committed, an adjoining
county, or Travis County.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.


                                SUBCHAPTER C. EXAMINATION OF BALLOTS BY GRAND JURY

     Sec. 273.041.  REQUEST TO EXAMINE BALLOTS.  In the investigation of criminal conduct in connection with
an election, a grand jury, on finding probable cause to believe an offense was committed, may request a
district judge of the county served by the grand jury to order an examination of the voted ballots in the
election.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.  Amended by Acts 1997, 75th Leg., ch. 1078, sec.
22, eff. Sept. 1, 1997;  Acts 2003, 78th Leg., ch. 1315, Sec. 56, eff. Jan. 1, 2004.

     Sec. 273.042.  ORDER BY DISTRICT JUDGE.  On request of a grand jury for an examination of voted
ballots, a district judge may order the custodian of the ballots and the custodian of the keys to the ballot
boxes to deliver the ballot boxes and the keys to the grand jury.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.  Amended by Acts 1997, 75th Leg., ch. 1078, Sec.
22, eff. Sept. 1, 1997;  Acts 2003, 78th Leg., ch. 1315, Sec. 56, eff. Jan. 1, 2004.

     Sec. 273.043.  CONDUCT OF EXAMINATION.  The examination of ballots under this subchapter shall be
conducted in secret before the grand jury.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.  Amended by Acts 1997, 75th Leg., ch. 1078, Sec. 22, eff. Sept. 1, 1997;  Acts 2003, 78th Leg., ch. 1315, Sec. 56, eff. Jan. 1, 2004.


SUBCHAPTER D. MANDAMUS BY APPELLATE COURT

Sec. 273.061.  JURISDICTION.  (a)  The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer.

(b)  The court of criminal appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the provision, sequestration, transfer, or impoundment of evidence in or records relating to a criminal investigation conducted under this code or conducted in connection with the conduct of an election or political party convention.  If a writ of mandamus is issued under this subsection, it shall include an order requiring the provision, sequestration, transfer, or impoundment of the evidence or record.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.
Amended by:
Acts 2021, 87th Leg., 2nd C.S., Ch. 1 (S.B. 1), Sec. 8.04, eff. December 2, 2021.


Sec. 273.062.  PROCEEDING TO OBTAIN WRIT.  A proceeding to obtain a writ of mandamus under this subchapter shall be conducted in accordance with the rules pertaining to original proceedings of the court in which the petition is filed.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.


Sec. 273.063.  VENUE IN COURT OF APPEALS.  (a)  A petition to a court of appeals for a writ of mandamus under this subchapter must be filed with the court specified by this section.

(b)  A petition pertaining to an election must be filed with the court of the court of appeals district in which:

(1)  the respondent resides, or in which one of them resides if there is more than one respondent, if the election is statewide;  or

(2)  the territory covered by the election is wholly or partly situated, if the election is not statewide.

(c)  A petition pertaining to a political party convention must be filed with the court of the court of appeals district in which:

(1)  the respondent resides, or in which one of them resides if there is more than one respondent, for a state convention;

(2)  the territory represented by the convention delegates is wholly or partly situated, for a district convention;  or

(3)  the precinct or county is situated, for a precinct or county convention.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.  Amended by Acts 1987, 70th Leg., ch. 54, Sec. 15(c), eff. Sept. 1, 1987.


SUBCHAPTER E. INJUNCTION

Sec. 273.081.  INJUNCTION.  A person who is being harmed or is in danger of being harmed by a violation or threatened violation of this code is entitled to appropriate injunctive relief to prevent the violation from continuing or occurring.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

Office of the Attorney General of Texas
Election Fraud Violations

| Hardeman | Jchnny Wayne | | | 013449 | 6 counts possession of official ballot or carrier | 6 | 11/04/05 | EC 86.006 | envelope of another. |
|---|---|---|---|---|---|---|---|---|---|
| | Akers | | | | envelope of another | | | | fine |
| Nueces | v inib R.emos: | | 200 School D<stnct | 05°CR-I!806-4 | 4 CO'l'nts  p(:5.5sSSlOQ  &.a offit.iaf bal or carrf ff ......,elope of an.othier | | IH/22/06 | ECU.006 | 1 year pra~tlia div ion, 1.2 months comm.unity supe !Ort |
| | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud ** | 2005 School District Election | 05-CR-9805-4 | 1 count possessing an official ballot or earner envelope of another | | 03/22/06 | EC 86.006 | 1 year pre-trial d1verslon, 12 months community supervlslon |
| | Method of returning marked ballot, unlawful assistance, | | | | | | | | |
| | Vote.two,;vesting, Mail  . *<IdfM.ss1stance  raud -  Me.mod of  returning manked t>sttpt.,  tawft!d ais,/.stan<ll!!\\ | 200, 5c!tool CllS!hc.t  Elc!<t/om | as-CR-9800-3 | 2  coiunts possas:5*.f°CJ.•° officiet  ballot ar carrie,.i en'tletope ot another | | f»/?2106 | I:C.86.006 | Pied m>lo  tencl to2cotm.ts. at  pc,sSSeSSloQ an offic!alballdt  or co,rt.er .....,el<>ge o!  aoo!he<.  i \\'MI cl'mt11r.d adj!JldKation, SSOO fl.r.le, 1.2 moi,,hs IT111'111'1iv **'-isioo |
| | Vote Harvesting/Mai\\ Ba  ot Fraud/Assistance Fraud - Method of returning marked ballot, untawful assistance, | 2005 School Distnct ElectKJn | 05-CR-9807-1 | 1 count illegally possessing an off1c1al earner envelope of another | | 05/04/06 | EC 86.006 | Pied guilty to 1 count of illegally possesino an official carrier envelope of another.  1 year deferred adjudication, $500 frne, 12 months community supervision |
| | ct• Ha-nrasting://MaU  IIM F1''aod - Mathadi  roo.rr.q'mo mark.ed  ot.. | 2004 Primary Baction | 25,1S5 | 4couots posses.sior, o  11s <>lltoal ballo.1.e,.  !>l!idal urri_.  .nv.io o•nott.r | 4 | 1,6121/1¼ | EC86.006 | found  suil!)t.i.y  jury of  4  couim  af possessiQrl of  aniol!te.at ballot or othoa.f ca  :rr   e.n.v6l.ope. of  an-e:r.th4t'.  1.0 days Jail  I  Prob.accedfoe 6 months |
| | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud - lawfully  obstructing  watcher, unlawfully  witnessing pication for more than one apptication, unlawful ssistance, security of ballots, ballot boxes and envelopes | 2004 Primary Election | 06M1309-CCL | 7 counts possessing an offlcral ballot or carrier envelope of another | | 07/17/06 | EC 86.006 | Pied ou!fty to possesSJon of an off1aal ballot or official carrier envelope of another. 8 months deferred adjudication, $200 fine  Original indictment dismissed. |
| | \\Iote  Ha  /14a!! Elali<lt  ft 1,.1d/Ass.Jmnc& 'fraud  n!awfjullry.objitracting  watcher. unlawf-ully witnesling, P,iic:abcm  far  mortt then. one 1ppl'ic:atfen...ut1lawrt.i• sstal!lGai, ts  tv  obfullrJ.ts. baHot. box-es  a"(j  en...,alopG | 2004: Primary  Bect:1t.1n. | 06M0302-CCL | m  1.  r.counts  PO5-HSSI-ing  im offlct&J  ballot  -  C!ime, en-:.fcpe. of aAOther | | 0?'17/0f, | EG86.006 | 6  month• deferred adjudicatio'', f2.0O  _. |
| | lawfully  obstrl.Jcttng  watcher, unlawfully  witnessing plication for more than one appJlcation, unlawful sistance, security of ballots, ballot boxes-  and  envelopes | 2004 Primary Election | 06M0301-CCL | 7 counts possessing an official ballot or earner envelope of another | | 07/17/06 | EC 86.006 | 6 months pre-trial diversion |
| | Vat warvesfIIlg/Maij !!allot | | | 2 roa11tS !lieg•l voting-(<11) | | | | |
| | 1ucl'Astlstan<:co fn,<Kil!ttegal | 2006 Prima!)' Ele<tJ<>n | 06-ffi-2J66-!l | marfctng: a bfllk>t w1t-Plout | 2 | 00/04JrI6 | EC64.012' | fled guilty to 2 ,counts H at !tONI.g:,  2 )ole-ar,, |
| | /ot,no,  Ul!lawft..!Z11Uist&rc:e,  uul1v!Wfy inlIU<lndFIg  &>W | | | voter's cMS*nt | | | | | _,.  «i •<II prnllation, $750 ft • |
| | | 2004 Primary Election | 25,186 | S counts illegally possessing ballots for | | 08/28/06 | EC 86.006 | 6 months pre-trial diversion |

Information as of
4/20/2022

| County | Name | Charge | Election | Case No. | Description | Counts | | | Sentence |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | 3 <0unts li.g..I wo(1r.g-(j) m1itlig1bte voter non•dtiz.•n. I c:.ounr unlav,,11.Jl USISt:anc•. 11 Cl>Untsl | | | | |
| C&fi01.-n | . a,_ II,kenG r atio . and vote harvesd,;iQ;lmoR boIldt fr&'fiL: | 11 •1..,,,""-l, frouduiEut | 2016, Prim r:!E:lecdon | -•-•6465, 2006-8-&466-, 2006-8-6467. 2006-8-6 11. 2606-8 6469 | passessirig an,otfio•I baJlot or carriet enveln>J>e, of Inothe.r_.6 counts tlmr>erlnltwith a go<wetn.f.'foVfl.1record 6 counts fhlse st11timet1i OS\ · reQl>stration aP04ca!lon 4 count> illeQal voting, 3 | 27 | 6,125/OT | EC64 0'12/ PC }7.LO | Jur{serdtaalQ!frilr,,on 2 """nts.III<1Qal aa no, l cou_t._mmp mng wlth I qo<w<nreff record. 5 ... Pied guilty to tampering with government record. |
| Refugio | Raymond Villarreal | Illegal Voting, Tempering | 2006 Pnmllry Election | 2007-2-4609, 2007-2-4810 | count tam nno with govemmental racord | | | | 2 years TDCJ suspended for 5 years community sup_erv_is_io_n, \$1,500 fine, 90 days Jail, \$2,090 |
| SO..rtt Brook:. SQrr/Bmolcs | Noelia lope M,irt um.Reid JOMR&neGclmtlt | Jllegof \0l1111(t Foroery. Uim no with a a//ec-a....,at cioc,•,--,-,nt Illegal 110dnil | 2006 G•neral El41Cbon 2006 Speo•l Election 2006 Gener•! Section | 07-07-09767 CR 89,288 07-05-09743 CR | l caont ifi.ri,.l voting Possession of forced instrument t ount i11-I >/Otino-(2) 1/0Dng more than once | | | | 0,sm'd 1 ,,.arr•-tna.l divVSSOn, \$300 donatik>tt Pied guilty to ilsso• vonng. 2 Y•• ...,,,,eel ed,iudication, \$3.00 n,,,,2 yM'5- commu ity ...,...,,,,... tn sM,''111 ••- |
| Starr/ Brooks | Oscar Luis Rios | Vote Harvesting/Mail Ballot Fraud | 2006 Primary Election | 07-05-09741 CR | 12 counts possessing a ballot without the voter's consent | | | | Pied guilty ul 12 counts possessing a Dallot without the voter's consent. 2 years deferred adjudication, \$300 fine, 2 years community |
| Poet¥ | Hi'Cha C. Shumate | UNa ly accepting cam icin dc>Nlions. t,h•e,y | 2008 Prima.., I°lection | 56732-8, 56733-8, S6734 e | 1 count unlawfully l!KX1'Plll'IOcontrihutio.n 1 cou a,ganizad c.11mìnal actW1ty,l count ullav,fulJll ac,;"91lng a,nt,.bat0tt, | 1 | 06/12/08 | PC 7L02 | .hl•t verdkrofguclty to eflQICIfti.Ql111 organized al1:nirlal ad't\Vlty. 10 years· conf1nerrtónt, sus for 8 v-zir communtt'ty wpervfSS0n with 180 days Jail u • cosrdition, f5,000 for• |
| Duval/ Brooks | Lydia Molina | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud, urbw,t,te,u,n g a nd s drgd | 2006 Primary El&ction | 08-01-09864, 11479 | 6 counts possesS1on of official ballot or carrier envelope of another | 8 | 10/02/08 | EC 86.006 | P4ed gwlty to possession of official ballot or carrier envelope of another. 1 year deferred adjudication, \$300 fine, 12 months community |
| Ouva(f 8tool<s | Mori. Soiono | Vote Ilarvesnr,o/M.11 Ballot ,,,ud/AS\$.1Stanc:a Fraud, unlowtfLl buy in g ai1 dss afL,11o! | 2oo6 Prlinsr)l a..dlon | 08•0l-((l86'.3, 11480 | 6 counts PQ55Mslon or ofllc I ballot or oa!64r •n lope of another | 6 | 10/02108 | EC116.0K | Pll'd" outff mpossession of ottc.ta Dan• or Qlll:er anve'ope of another. 1 def...,,4td adjudication, \$JOO fine, 12 <l/onths comm.,.,.,ty •- •- |
| Duval/ Brooks | Ei'A Gutlem lun | Urif.awful assistanc•- unlawful buying and S4illiOQ of 1•t10 materials | 2006 Pnmary Election | 08-0t-09&&S, 11482 | 3 counts, possession of official ballot or eamer fihwelope or another | 1 | rn/02;os | ECS&.006 | Pl.ed i)ullty to poss;es;slon of umc.'tal banot or carrier envelope of another. 1 vu ·ckffer•i adjud1eat1on, \$300 Hne, 12 months.community |
| owa1/ Brook• | l-la-cla Alel,a Trig<, | Vote H•l)essfnO/ Ballot fraud/.Ass ance fraud, unlawfl Il buying and _. nl1of | 2IIEl6 Prfimar,l Elect10• | 0a-Oi-ll<JS66, 1148L | 2 cllu<irs pos...... ian ol offida.l ballot or ani.•r lIt't'H4lbpe of another | 2 | 10/02/0II | EC86.006 | Pl ˜guilty to posessión 1Oloffíciall>allot or carrie, :env•k,pa 0•r another. I year d-af...,ecf adfu,tle.atio•, \$300 Añe,12 .,I l<onth• el/mmunty |
| Gohact | Jami Parkmson B1ihngs | Unlewfully drvulged voting results prior to the dos.ng of polls | 2008 Municipal Election | 08-8-8%7 CR | 1 count unlawfully revealing information before polls close | 1 | 11/12/08 | EC &l.007 | Pied nolo contender to 1 count unlawrully revealing 1nformat1on before polns close. 2 years deferred adjudication, \$3,000 fine, 2 years I--------- ,,.- ... |
| Sta,r(Brool<s | G\nda/;,pa !lios | Vote HarvestviQ/Mo f Ballot fn,uo | 2006 Municipal Eledloo | 08-08-0994\$ CR | 11 counts possessing a ballot· wit.hoc'':tbit vot.-'\$ consent | 11 | Ol/16/09 | fC86.006 | Pied gddty to 11 <oun&s posses/no • ballot· wn'.llOlJt the· voter's oo'15Mt. 2 vears probate<! for 4 vears p,obat0n.,, \$500 fine, 60 days house elrest |
| Starr/ 6rooks | Oralia Frausto | IlleQ•I vonno/Vote Harvest.!ng/Mail Ballot Fraud/Asstslannao fr ..,. Illagat.Vow..,, vote | 2006 Primary Election | 07-05-09738 CR | 15" counts of possessing a ballot without the voter's mncent S counts of possessing a | 15 | 03/26/09 | EC 86.006 | 1 year pre-tnel diversion |
| r,/11<00/ts Alra.naas/ | Marlo Go,_zollez | _kllr-: stmg/Ma,l Eìaïlot F'r•""" M:wrep,ese.ntati n. of k'.166t0ty - | 2006 Primary El<:tio1> | 07-05-09742 CR | ballot.•1th.out the voter's M1sreprMe.n tt0ri of | 5 | a3n6109 | EC&& 006 | 1 y&ér prewufll dìvef's|a:n Pi'e-trN9, diversion for 1 _.,ear, 60 hdurs ()f |
| Travis' | G'allaher, Toddl | Intent to menupulate. elecltori or 2008 Primary EUaction, lnil 1r•t111ntr1rlarD | | COS\l<J9T34 | Identity | 1 | 05/21/0'./ | E.C. 255.005 | co.mr-THJOlty' ser ice. mn leted eairtv |
| Hidalgo' | | | | | | | | | |

| Hill | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Pautito N.to | ☷ Votlng • Faloo | 2:00SMun!dpal fi<d:,on | CR-2& 2-09-f | I count of Ufktoal vot,n:9- (1) ineho1hirt. votef fefoni | | 1 | OW29/<>'s | E:C 64.012 | **PIClid**Qullity fbr **5 yurs** IDO, **probited** fbr 5 **years** of c-ommJJnify s1::1p.rv1St,Qfil, t aa.,-!n :a, . $500 ft.ne |
| | Leland Mac Coffman | urvuigea e1ect,on results pnor to the closmg of polls on election day; made false report to peace officer i . hxat divulging • • | 2007 School District and Municipal Election | M0593-09 | 3 counts false report to peace officer | | 3 | 10/14/09 | PC 37.08 | Pted guilty to 3 counts of false report to a peace officer. 2 years probabon, $2000 fine, 90 days in jail, probated |

| Harris' | Jad<Cor'ol Cmwder | Illejja1i/oo,,g • ▼ ◔ ▼▼ de<...... dvoter | 200S Prlma,v El•oioo | 12.isaui | 1!<>lm<llf-1 ll•lno,()) \Oni\,.,*r*n*s,on ,rion - | l | 10/06,/09 | EC64.B12 | ...,_..9. uilty to l munt t\'auru- cJs,tofldllnn;<lng ,j•_nfo,matli,..._  ve r d<terred ad)udkat,on, $20fl |
| Star,/BtoalcS | R.aul Revra | (liege V'or1ng - F-4on | 7007 Miumc1pat and Sc...... ,l Flecrfon | □9-0 ◀●99SO CR | 2 | | | | |
| **Stan/Brooks** | Cynth | 111-iia, VO<Jno - FolM | 2007 M""ldpat ood Sch-091 Election | 09•04-09881 CR | lnefl:glbla voter ,_,on | | | | 00 |
| Sta,ir/Brooks | Eh!abeth "4l'mneJ. | Ufeof.l VC<:lP'g F111on | 2007Munoc,pal Flectlbn | 09-D<1-099812 CR | l ._-.-r--•i...., | | | | |
| **Panolo** | �)<" NII<o<> | Otrldel oppr...jOc\; •o(ing | 2006 Speo•I Bod.ion | 2007 •0193 | p | | | | |
| Dmm1l/ LaSalle O,__ | Maria Mendoza Garca | Vote Harvesting/Mail Ballot Fraud | 2006 Primary Elect10n | 08- ll -00052 CRL | ○ 7 cowu- ko0l#fingl1 | | | | |
| LaSane- | Estela Ctur Saertt | VOi• Ho,-ling/Mail Ballot **Fraud** | 2006 Primary fMcttotf | 08•12-00063 CRL | provide false ll"lformatton onan ,a r P_Oatfon fbr ar- 4 counts of method of | 7 | 0<1/LS,ll.O | ECS ◀0041 | 6 months. pre...trial dJVarsfon.  $60  supeKVtslon fee  Pled guilty to unlawful possession of ballot, 12 |
| Jim Wells/ Live Dtik | Zaida Cantu Bueno | Vote Harvesting/Malt Ballot Fraud | | | | | | | |
| Jim Wells/ Live **Otk** | Nor;rMLopez< | Vol Har-,es11AQ/Ma1! Ballot Pra"d | | | | | | | |
| Jim Wells/ L.Jve Oak | Cynthia Lopez | Vote Harvesting/Malt Ballot Fraud | | | | | | | |
| **H>dafi)""** atooks. | P:u;ben l'revin6 G.rc1a | Illegki ""1"]1* jloln,,, llrlboty. and offloal.m,sa,nd,lct; Vote Harvestlng/Mail Ballot | 20lle S<hool Ois<rl< EJedlon | o9-Cff.lOU6 m | l count iUegal votlno-[1] lnehQtbt. YOt8' lolori t count of earner enveloPE | l | 06/17/10 | cc64.0I2 | Pled ocrnw. *e*.,,.. ,. roo-10 ou-ndecl !bra years camm,,alty SuIJOIV'slon, f500 ftn<o |
| Starr" | Raul Pene. Jr. | Fraud• Unlawful possessk>n of 56 mail-in ballots by candidate *Vota* """""'tin<Jt"1atl Balklt | 2010 Primary Election | CR-10-371 | action by anoth@r person other than voter | l | 06/22/10 | EC 86.0051 | Pled guilty, 6 months community superv1s1on, 180 days in jall (suspended), $500 fine |
| **Slarr/El(ooks** | M•r,laoGano | Fraud  ?roviding fraud11.dent r'Ost,atian a ir dr to vam  – – | 2006 Pnmarv Election | 07-07-097V  CR | l cot,nt of 1.1nlawful dekve'ry of a ce,trfkate | l | 09/1S/10 | ECll.145 | Jury tr181 f.S1:lfdng.In hung )Lr.J, Qsn'd |
| | | | | 09-09-10117 CR | l count ilQgal votlng-(1) ineligible voter felon l  munt of tJnlaww | | 11/10/10 | cc  64.012 | Pled guilty, 2 years TDCJ-lO ~~  guut;•to .,-:o ,101-. or ll tsailot and UNa]ffru1 |
| Ouval/live Oak | Christ'1-qu: Litt,l:en r | *va*,. ├─┤─ •!!ollot fi•U<VAssJstence. Fraud | 2008 Prlmo,y Becbon | 20080, 20061 | as.sist■nc., l couxv ct roefbod af returned ·-*I·.-_-il--ll.-.; | 2 | 12/11/10 | 1:C6 ◀.036, 86.006 | A8'stMnO!l• a{ld rKeived 1.Y••r deifet-red I N I Ju<k8ion, •od pak!• $1000 fine and nart – – – |
| Duval/live Oak | Andrea Campos Bierstedt | Vote Harvesting/Mao Ballot Fraud/Assistance fraud | 2006 Primary Election | 20082, 20063  20084, 21!1!115, Zll086. | l count of unlawful assistance, l count or method of returned ──l-^ !--ll.- 4 counts of unlawful | 2 | 12/14/10 | EC 64.036, 86.006 | Pre-trial diversion 6 months, $3,500 donation to the county  Pled guilty tCl4 <ounts of Pb-lon ol • 8ellot |
| Otlval/Live Oak Allc@11:P•naP | | V-  Ha,,,..,.titlgi/Ma.l Ballot **Fraud As51sunce fnucl** | 200& Primary B-  2009 Munldpa\ | 20081, 20088. 20<,89, 20090, 20091 | as.stS.tBnca, 4 counts of mett,od of return•! matkadbel l count or/lllOQ•I Voting- | | 12/14/LO | E.<: 64.036, 86.006 | and 4 c:ouots. of Unlawful AsslS14n<:e, and -,J 1 year JaN# probet&d fcn" 12  monthc, and paad a $1000 fine a  court costs  Pled guilty, ll'@Cll'lVed four ,:enrs of defe.red |
| Smith  Smith | Bexar | O..IIH,l **Rockwaa** Duval/ Jim  Wells | Ronald Marsh  Äftn Ma,fe..Mars.h | Ester Sandoval Martinez-Moreno | *d*   f,01ilha-n- Reoino cantu | | | | Salinas |

| Illegal Voting | Electton - Local no• n 2009 | 24l·16S2·11 | (L) 1neJ1oible voter | adJudication, a $1,000 tinc:, and LOO hoors of |
|---|---|---|---|---|
| ll'- I Vot ino | Municipal Blktio n - '' '... '' Lotal _ | 2:11·16S1•11 | 1 «runt of!Ilegol Voong- fl) 1ncfl9ht•voter | ....... inlif ....·'·.. lir• M. r Plea bugoinln |
| Unlawfully accepting n voter, unlawfully permtttmg the deposit of a ballot, and illegal ..... | 2010 Primary Election | 2010-W-0375 110820110:.L- A ll-02- | i count of tampering of a 90vernmental record | 2 ◄ l•16112-U , guiltYputo dol'dadj; ro,;ultlog in di<miSMl. |
| Illegal llo<m1 l• Vote,- Jmper sonatl OOl | 2010 P<!''"',Y liec·JOlT | 13251-CR | 2 C)l!rnt.S or ә r t lileo■l "'"'no- (311/0ter 1mpersonot10r1 ll: polhnq .•.- | Pied ouilty to one count of misdeme 3nor |
| Illega l Votin g· Felon | 2008 Primary Elact,on | | 1 count of rllla(Jal voting- (1) inel1oible voter felon | Tampenn o, l year probation ?ted ou11ty to attampted 1HeQal votmo for 1m:,ers- 0C'lat1P)Q • vot..., l yur p,obatton. paid $zzlcourt costs. Pied guilty tor 2 years probation, 90 days in jail, and_a t2000 fin'' |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| H<sup>me</sup>lilol 6rooh | -AJ'manu | 11._i voting | 2009 School District l.!fe<tion | IQ•03·1Cl3-t2-a! | I co<i.ntoff"ll•f•wtrng- (3) voter fmi>e,<sone<,on | 1 | l:i/OlJ I | f:.C..OU |
| Bexa, | Mary Comparin | Voter impersonation (voting for 20 years using the identity of a deceased voter still on voter rolls, while voting himself by mail ballot), benefits fraud (rece1vin SS benefits for herself and a dece.!!lsed ind1v1dual) | 2008 General Election | 2011-CR-7939 | 2 counts of illegal votmg - voter impersonation | 2 | | E.C. 64.012 (a) 3 |
| Bruos | shati , Otrisdne ThdtNls | Unl.twllily 1n11..,\C"19 Vot., | 21111) Genenf -A | 11-05590-cRH-C:Cll | I count of Unbowful As.s.tstanCAi | | | 64.0lt. |
| Oohas/ Rodr.wall | Name R.wnoved | Aggravated perjury ,n connection W1th Il al VobnQ | 2010 Primary Election | | 4 counts of 1ogr1vated perJory | | | |
| R-<sup>***</sup> i 1i.,<1 | N"""""Removed | Illegai Voting | 2010 Pfl,,..ry E1ectlon | | 1 count of IlIaQanl/001g • j..!lnlble votor | | | |
| DallasJ c.,..kwall | Nar;ne emoved | Ifle,oal Vottno | 20Hl Pnmary Elec:uon | | 3 COCJ'(s Of ronaail 'f1:0X9 - 11lml01ble vo -- | | | |
| Dalla# o.....,•!1 | Nam,,R:eno- | DlaQal Voting | WIO Prlma,Y a.aion | | 3 cou.nts of I Begal voting • bn:11"'1.J ...... - .- | | | |
| DallasJ Rockwell | Corlos Medreno | Illeoet Voting | 2010 Pnmary Election | 2-Il!-418 | 2 counts of illegal votmo - 1nelig1ble voter | | | |
| DallasJ Roc ail | RobertEdwa,d Mo<lo•.,o | Jll&gal VotlnQ | 2010 Pnma'll Electlon | 2-11-420 | 1 counts at iheosf voc.ag .. ooop<Ating !l!Stlmony at tr l charges dsm'd | 3 | 02/16/12 | E.C 64.012 |
| DallasJ Rockwall | Rolando Medrano | Jlleoal Voting, aggravated perjury | 2010 Primary Election | 2-11-416 | 6 counts of .!!IQOravated perjury | 6 | 02/29/12 | P.C. 37 03 |
| 0.11.. , Roclow·alf | RO<l'ol.14..dc"""i | !ll'egol Vatlr'IJ, -n.valocl perju.y | lt,10 Primary 81"""""1 | 2-11-1011, 2-11-4!4 | I <w<it orim al •Ollng • il1eli.g.b4e -,ortf. 5 o.,unts.of .\!lmr<,••....... "counts or possessiOA or an official ballot or carrier envelope, 3 counts of unlawful assistance (1nfluencing voter), 2 counts failure to provide 1dent1fymg mro while | 6 | £]2/28/11 | B.C. &4.012. P.C. 37.03 |
| DallasJ Rockwall | Gilda Hernandez | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud - Inf1uencmg Voter | 2010 Primary Election | 11082011CCL-B | | | 04/05/12 | E.C 86.006, 64.036, 86 010 |
| Hrclalgc/ Btoob | l<>oeOe-Jes:us Qno | Illogol .oting • """"1, blibw? | 200& School Oislnct Boct!0J> | 09-1OU5CR | 1 count llleilal -Joimg-(l) ,neicgfble VOt!r f./o., | | 14/12 | E.C 64.1)12 |
| Henderwn/ Sm.t\ | Frank A.os.s. | m.ga,Vot<n11 | 2009 Mur.nap.l Flecti!M | 241-1683-11 | 1 count of Dlegal Voong- ¡L¡.\n,cf101!in VOl!!!f | 1 | 06/19/Ll | E.C. 64 012 |
| Hldolgo- | Angel Tn.jillo | lll~lVotl""O • Falor, | 2010 Municpal and Scf I o o I DbirkI "| I o o I Dbirkl " | 0!·1914-12•E | 2 COt.nts tlfeo•l voting b',f ineb'Qible voter | 2 | 011/12 | E.C. 64.012 |
| Hidalgo' | Baudelia Zapata ojas | u-n1awf,Jtt'y r Hng InfOfmatlon bafora me p:otJ5 1..-. | 2008 MunKt'pail Elect1oo | 12-01S29 | Unlawfully R• ....JJ.ng Informot100 before polls closa | | 12/27/12 | EC 61.007 | No S.il |
| Hidalgo' | Sy1v.a Slilia$ Vela | lll-iVoltllO | 2008 Mc<oidl]tll •f----'-'n | 12-03519 | Dl-lVObnQ | | 12/27/12 | E.C. 64.012 | "QBlll |
| Hidalgo' | Salvador Vala .; ( | M8!l m bil:Hoc v1ol1!io111 | 2008 Munkttaal Fr..ty,,n | 12-035'28 | Method or returning marked ballot | | 12/27/12 | E.C86.006 | I'io II |
| ——— | Femma Catillo | Jll<lQ•l '/Wog • Peloo | 21110 ,; """"•I Election | CA-1911-12•1 | 1 00""ll of Illegal Votino- (t) ilelllll51"" =te, | 1 | Of/17/13 | c.c. s..1112 | |
| Cameron | Margant.a Rangel Ozuna | Vote Harvesting/Mail Ballot fraud/Assistance Fraud; Inf1uendng Voter | 2010 Primary Election | 2013-DCR-00484 | 1 count Unlawfully Assisting Voter | 1 | 05/30/13 | E.C. 86.010 | |

Information as of 4/20/2022

| County | Name | Charge | Election | Case Number | Counts/Description | | Date | Statute | Disposition |
|---|---|---|---|---|---|---|---|---|---|
| | | | tO-Ol-tlr.l43-CR | ZcQont><o!mc;;a1aa1-c, - fl) `votilf` fffil)h'rSOMnton a.t | 2 | 0(#24/t1 | e,c. fl4_a12 | |
| | | | | pelting-pla.ce, | | | | |
| Montgomery | James Alan Jenkins | Illegal Voting • Residency | 2010 Special Election | 12-03-025479-CR | I count of illegal voting - Ineligible voter | | 06/28/13 | E.C 64.012 | Convicted  urina a jury  trial, 1 count of il!eoal voting (1) ineligible voter, 3 years TDCJ, $10,000 fine and $364.00 in court costs reversed/remanded by 14th COA, pending new |
| MontQOflll!l'y | | | 20!.0 I      flecUori | 12-03-02581-cR | | | 07/12J13 | e.C.5,4,012 | I '/Mt Pll't,lt>.dlon. - ?(•.-trlat txVtn'5ioti Froot•;n |
| Montgomery | Adrian Heath | False statement on application, illegal voting | 2010 Special Election | 12-03-025480-CR | I count of illegal voting - inel9·ible voter | | 10/31/13 | E.C. 64.012 | Convicted during a jury trial, 1 count of illegal voting (1) ineligible voter. Sentenced to 3 years TDCJ and $10,000 fine, $334.00 in court costs. |
| M mo,y | Syt,.1L...0oy1,. | Fels.  s.t.Btetnenton.•ppha,tk-4"t-~ iltej1i votinO | 2OIO  •I'EiOQIO!l | P2--03•0Q583-CI; | I to,mt otil"-,11 voting• meUoible voter | | 04/62/14 | E.C.64.012 | Coowicted at jufy bza.t. LCOUl'llot illegal voting fl) "1 li·g1bte.VOW  S.Otenced  V dehrn as.reement"1  eelf5: TDCl, prob.at tor 5 -,c-.,,S, $5,000 n-  and  $-35'!1).001nic.oon.aists. |
| Montgomery | Roberta Margaret Cook | False statement on appllcatlon, illeoal voting | 2010 Special Election | 12-03-0258S-CR | 1 count of illegal voting - inelgible voter | | 04/02/14 | E.C 64.012 | Convicted at bench trial, 1 count of illegal voting (1) ineligible voter. Sentenced to deferred agreement, 3 years TDCJ, probated for 5 years, |
| c.ameltun`' | Gaaa:. !srael | If[--11/o</OQ • F1M | 2&U Mllnie/pal Eloctfo• | 2013·0CR·OO·;;S7 | 1 count of',ftc;lzil -.-odn(J """"O!bte    (fWOx l | | 04/10/13 | E.C6"4.0l2 | Phc1 1gv.l   1Q;tlagal  .mg .a:tt;tntptacl  <don v'Otet) Oas:,; A m1sdeameanor. Sentenced m 10; montt-.s:c:onfmenen•t .'2 ymrsi:pr:obar.lon* fln.e |
| Montgomery | Name Removed | False statement cm applicatkm, 18eQal voting | 2010 Special E!e(;.tt1on | 12-03-xxxxx-CR | 1 count of illegal voting - ineligible  voter | | 05/15/1 | E.C. 64.012 | 1 year Deferred Prosecution Probation.  Eligible for expunction after serving 12 mos probation. |
| Monrgomer)l' | WIllfamr Mervin Berntsen | | 2dlCl5""0al Electooo | 2-0'.HI2S86<R | | | l0J23/H | E.C.61.0i:! | |
| | | Vote Harvesting/Mail Ballot | | 14·CCR-02977•A/14·CCR·02983-A/14·CCR·02984-A/14·CCR-02985-A/14-CCR-02987-A/14-CCR-02989-A/14·CCR-02991-A/14-CCR-02993-A/14-CCR-02995-A/14-CCR-02996-A/14-CCR-02997-A/14·CCR-02999-A/14-CCR-03003-A | 3 counts - Carrier Envelope Action: Person Other than voter (Misd B), 3 counts - Assisting Voter  Violabon (Misd A), 3 counts - Method of Returning Marked Ballot (M<sd B), 4 count • Unlawful Assistance to Voter (Misd A) | | | E.c 86.oos1 / | Pied guilty to unlawful assistance of voter, 6 |
| Cameron | Tomasei Chavez | fraud/Assistance Fraud; Influencing Voter | 2012 Primary Election Runoff | | | 13 | 01/22/15 | 86.010 /   EC 86.006 /  EC 64.036 | month confinement, probated for 1 year of community supervision, fine $250. |
| ;l.mw...1s. | a.oiloMi,ct..JL. | | | | | | | | Plod guilty ta Blegahoong (        ) Sentenced to |
| J1m Wells | Mark, Homere Almaraz | | | | f 1n   ZlJd Felon | | | | |
| H&dalQo | l0"'•  Luis. la----- | Unlawfully ,eje<ling votors, ml1gaI   and unlwtui/v | 2008 M,iniqpa! Elect,qn | CR-2f>23-09-El | 12,.co.unts of 1llegat VOtng | 12 | 02/25/15 | e.c.6 .012 | J1·0Q111 |
| Cameron | Facunda Garcia | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud; nil | 2012 Primary Election Runoff | 14-CCR-02980-A | 1 Count - Unlawful Assistance to Voter (Misd. A  cou;s. •  l!l'rr1er   ve Pd Acfoa: Pier501n Other tban vet..- Mi5di !l), 1 Cooot • | | 03/19/15 | E.C 64.036 | Pied gu1hty to unlawful assistance of a voter. Sentenced to 3 day confinement in county jail and fir.. |
| C..,..,.,... | Ben;,!ccCa«a | Fraod;,,ssista'fi«e f Old; | 20L2 Pcimar;, EJ<lctio | l4•CCR•OZ9.79•A/L1°CCR· | M od Or Rolurmng | 1 | 04/08115 | 86.006/   EC | !cC M.0051 /   C   I )Mt P,f,lbedon un    divers:)on dgrertt  (Der...ri'd Pros.J !or ol&,m" or tJnfowtully ""!sting |
| | | Cameron | | | lnlluenclr,o Voter | | | Vote Harvesting/ Mail Ballot | Fraud - Method of Returning Marked Ballot |
| | | | | Rafael Angel Elizondo | | | | | |

| lwnolt | 030<br>IH,/14·CCl!-<br>D30I I-A | Mo,kodi Ballot (Misd B), l<br>a,unt - unrawruf<br>AssJSbllCa ta Vater (Mi.d | | 64.03.6 | vote.r. |
| 2012<br>Pr<mary<br>Election<br>Runoff | 2015-DCR-<br>00269-D | l Count •Method of   Returing<br>Marked Ballot   more than 10<br>but less than   20 offical<br>ballots/carrier   envelopes,   (<br>3rd Degree   Felony) | 06/12/15 | E.C. 86.006 | P1ed no contest to<br>Method of<br>Returning Marked<br>Ballot =10<20,<br>(Oass A).<br>Sentenced to three<br>days in county jail.<br>and   taken into<br>custody, |

| County | Name | Charge | Election | Case Number | Counts | | Date | | Outcome |
|---|---|---|---|---|---|---|---|---|---|
| | | | 201Z.*Prncf* Eloct10n **Runolt** | W!S-OCR-00270<0 | Reiunno M&1tt::: Ballot. tawerU!an 10 **о!!11!!аt** ballots/<A?lIO< en | | | E.C. 116.006- | **fl<d** g..Ut)< ro **Motllod <A' R•** -"0019>lo<l<ad Ballot </*l£1* (Otss 6).  Sentenced to two day$ covn jtiL |
| | | | | 14-CCR-02981-B/14-CCR- | counts  arrer | | | | |
| Cameron | Marganta Ozuna | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud; Influencing Voter | 2012 Primary Election Runoff | 02986-B/14-CCR-02988-B/14-CCR-02990-B/14-CCR-02992-B/14-CCR-02994-B | Envelope Action: Person Other than voter (Misd B), 3 counts  Method of Returning Marked Ballot | | 08/10/15 | E.C.SG.00Sl/ E.C 86¨006 | Pied guilty to Carrier Envelope Action by Person Other than Voter.  Sentenced to 15 days county jail and $250.00 fine/court  cost |
| | | | | 14-CCR-02">78•C/H-CCll- | 1 C:OUt . Inslawful AssIstooa to VOW (MIsd | | | | |
| | | | | , 02999•C/l •CCR•03000-, ClI4<-CR-03001•C/14- | A), 1 count • As, stfrtg | | | e.cs-..CJ36e1.c | PJe!ld gwlfy ta Class A misdemeanor Unfawh.1l |
| | Vicenta Verino | Vott H.a<VeStl<lg/Mail !!alot. fraUdJAss"fSta...__ Fn.ild; Inf.l!uteJ.nQ Vat | :WU Prima,V Election Rtmolt | Clt-R-03002-C/14-CCR-030IH-C/14.-CCR-0300S-C./14-CCR-03 -c/14• C0H)3007-.;:/14-0:R-03ooit-c | Voter v-,1.1:ro IMisdL!tj .4 counts, Caine, Envelope Action: Person Other than voter (Mm.ct, 8),  cormts. • Matzt'iod.of Retuming ti•ri<edilallot (M.sd. Bl . | fl | 08/19/!5 | 86O1O/ E.C 86.0051/ E.C **86.006** | AsSfst.!nce:*Of* a Vote.r.  12  months  at deferred actJudkei:ion, $250 fin@, and  t.O•,l,ino  born an-cfl.111g mail ballets and assiSl1ng voters |
| | | Forgery/Tampering with | | | 1 Count of Tampering w / | | | | Waive  a jury trla  and pied guilty to one count o 3rd degree felony Forgery. Court convicted |
| Harris- | Avery Ayers | pe1tit1on for candidacy - forged signatures | 2014 General Election | 1476757 | a Governmental Record (SJF) | | 10/06/15 | P.C. 32.21 | defendant  and sentenced him  to  five (5)  years TDCJ-Insttlut1onal Dlv1s1on. No fine, court costs or |
| | | | | | 1 Count  C-aqiet  Envelope | | | | *V-* |
| c.rne,ran- | **Sarah Perales** | Vo• Ha,v.s.tlno/Ma" Batlot F /1,sslsstan,..Fr ud: tnfIl.HnenQ votw- | 2.01:PPstn!ary EfecdOfl Ral'\Ofr | 1.4-CO<-02982-C 14 CCR•03009<. | llIctl'.ot: PVf$00          t11an ,ote, (i.ilsd. **B**), k O1<.Jnt - Method.of  Rat.t.on,1110 **M.arl<ed** Ballot (M1""1 B) | | **10/211/15** | **e_c. 86. 00fi** | ........ ...i  r n., rtGO<ts, liHflt t |
| | | | 2013 Municipal | | 1 Count Illeoal Voting (Municipal) | | | | Pied no contest to Count 1  of the Indictment  - Illegal voting (ineligible voter-I10n resident) in a |
| Edwa,ds | Michael Scotch | Illegal voting (residency) | Election 2014 Primary Election | 6053 | 2 Counts of Tamper  w/ a Gov't rec  1 Count of Illeg al Vobng (Primary) | | 12/07/15 | E.C 64.012 | plea bargain agreement. State to dismiss counts 2, 3 & 4. Sentenced to 24 months of deferred adjudication community supervision, $500 fine |
| Edwards | | | 2013 f-runifd>at Eledi , 2014 Prtm••v 8.cai'on | | 1 Count Illegal VO!)JI(l (Munio..-1)' 1 Counts of Ton-- w/ • SOlI'I""" 1 Count of IIIegia>II<ItJ (Pri,nar.,:) | | **uJ01hs** | | Pied no- c.ontest to Cotint.1 ot the !rtdktmenll • llIe !-voting (fnetig.bl• YOdlf-n.C)fl  residant) in• **pk<, i..roain**   State- ta dismi<s c.counts 2.1 & -4  Sentenced to 24- mm,ths of def'erred adjudca.tlon canmt1.nlty s.Operv1s.ion, ts-oo  fine |
| | Guadalupe •Lupe | Vote Hervesting/Mail Ballot | | | 1 Count Carrier Envelope Action: Person Other than | | | | Co-defendant  accepted criminal responsibility for these offenses in plea resolving causes CR-15-08767-E, CR-15-08768-E, CR-15-08769-E, CR-15 |
| Hidalgo | Rivera, Jr. | Fraud/Assistance Fraud; Influencin9 Voter | 2013 Municipal Election | CR-15-08765-B. CR-15-08766-B | Voter, 1 count Method of Returning Marked Ballot <10 | | 07/11/16 | E.C. 86.0051 86 006 | E.C. 08770-E, CR-15-08771-E, CR-15-08772-E, CR-IS 08773-E, CR-15-08774-E, CR-15-08775-E, CR-15 08776-E, CR-15-08777-E, CR-15-08778-E, CR-15-08779-E, CR-15-08780-E, CR-15-08781-E, and  CR-15-08782-E. |
| | **Gulldaloupe 'Lupe''** | \Jota HoN9StinQ1Ma 'SalTot | Il>.13Munk,pal | ClI-tS-08767-E ClIL5-007!;!1-c, CQ-15-03769-E **CR.-lS-081]0-E** Clt•l5•08771-E. ClI-lS-08772-E CR-lS-08773-E | 1 Count  Unlawful Asstst1,n(lt: to  v rn.r.l 6J •c0JpS,carrier fnJe.IOpc Ac.tion Person  (),I'lo, #n,"tn | | | | Pl•d aollty to> UnlawM A!!• to  a ll.ot..-; Clos• A m!sderneaM., Bj.ftenced to 365 deys CCl jail. |
| HI<lilll'd | R.(..:,::, Sr. | frIlo  Au aoce.fr&'-d; !aflloOOClflllll/Ore,; | Ehction | Cll-15-08774-E CIH5-08775•E **CIH.!Hl6776•c** CIU5-88777•E C - l5-09778'-11 | CR-L5-0871'Ji-fI.  CR-L5-U97EO'-fl. **CR-IS-0&7SI-E** | | \Joter. 6 counts Method of i6 | R.erurn!11 g.Merv<t 8eftdt <10- 3. oouints | A           s S           t *           t s           n 4           g |

\
/
0
1
e
r
V
i
o
l
.
t
i
o
n

07/11/16    *lol*    ic,"obat    one  Y•   or    CO-qwlI,LrOl/    >LJl\i)er iS l-
With a $500 fin6.

Information as *or* 4/20/2022

| County | Name | Charge | Election | Case Number | Action | Count | Date | Statute | Disposition |
|---|---|---|---|---|---|---|---|---|---|
| | | Vote Harvesting/Mail Ballot | | CR-15-08761-B | CR 2. counts Carrier Envelope Action: Person Other than | | | | Other than Voter, Oass B misdemeanor. Pre-trial |
| Hidalgo | Graciela Sanchez | Fraud/Assistance Fraud; Influencing Voter | 2013 Municipal Election | 15-08762-6 CR-15- 08763-B CR-15- 08764-B | Voter, 2 counts Method of Returning Marked Ballot <10 | 4 | 07/11/16 | E.C. 86.0051 | diversion for a period of two years of community supervision, pay court and probations fees, com plete 24 hours of community service. Other |
| | /5 | | W12GOOQIJI! | | 2 count.ol IU<'gal Yot,f'g - | | | | O>n <cted by jury<an both count,< or Illlagai If0Mn9 N"1<'<-INII> J (3       h... lo • period oF |
| Oa- 19' Luraot | !losaMartao,,- | 11 •I \lotiolj • Non-Qt,_, | fllect.fon,, 20.14 Primlfry Run-Off' Elo.ction | '4,34155 | 1n■ le.vot le (non GtdZenJ | 2 | 02/09/1:J | E.C:bf.012 | elght (8) yeo;s "'the lex\<s Oeparon,,nt of Criminal JU'Stice Ind I tuti0Ndl Oi<IS30is oni esch: count, sent600+ t.<> ru  co01WrrO<>dly $,5,000,00 fine and  $j2,9,60 l• ain•t al•tl>< |
| | | Illegal Voting - Voter | | | 2 counts of illegal voting, | | | | Convicted of illegal voting (2nd deg. felony). |
| Edwards | Manuel Rodriguez III | impersonation, Illegal Voting - ineligible voter (felon, unregistered voter) | 2014 General Election | 1730 | ineligible voter (felon, unregistered), voted as 99 yr-aid grandfather | 2 | 2/27/2017 | E.C. 64.012 (a) I | Sentenced to two (2) years in the Texas Department of Crimtnal Justice Institutional Division. |
| Edwotd, | !jto 11-- lall-n | trt'...I \lot I .:n9 •n.tigil:,I• VQ• (non-resident). | Nov 201.4 oanwaf '4 •K tiont Mc1y 2015  I )- RJSO eler.:nt0a, Maf 2.015 c.,tyof Rodu!)(inQS ,alec.:((on. "l'•ich 201'6 primary ei.ctton, M_ay %916 .O,,Y or RM!S •ng;  "ol.ctloo. HW  :Z0f/i "  olo<t,oa, •xl ay  2.Gt-.,at.y trf Roc spn s:election | Cl<7719096408 | 7 COin\'S. o,  i11 I ,:o:snq, - ilflf:tl Ibl• \lotflr (00n.,  ras dent) • lnd  d&Q"'''' Felony | / | 12/2M17 | E.G. 64.072 | ?rosecut!oP Divlfjlion Pr''o0ra.m ..  5t1pa[anon of •   to 7 c.our,\S III6QIJI Voting |
| Webb | Angel Antonio De Leon, Jr. | Illegal Voting- ineligible voter (convicted felon, on paper) | >peela! ...,-  I.RSI: I . 2/13/2016; Special COL. Dist. 2 Runoff - 4/2/2016; Joint Primary Runoff - 5/24/2016; November 2016 | CX8826260117 | 4 counts of illegal votmg - ineligible voter (felon)  - 2nd degree felony | 4 | 01/29/18 | E.C. 64.012 | Prosecution Diversion Program - stipulation of guilt to 4 counts Illegal Voting |
| webt> | Aro.J.i-o Garcia. Jr | IHegAI VOOllO• lnel!Qibl• w:er (c,,o.,ct-.I. felon. on PIPV) | ov-. ...,  :genora! e!ectfon; ( i8rch ZO:tlS Qenocratlc Ifima,y; M•r 2016 0.ooo•tlC | CX81409SOI0I | 1 coun·a illle(IIII Yotmg - ineligindo- atMr (felon,) 2nd daQt;M i!i-tonry | 3. | 01/IJ//L& | E.C.64.012 | l'!I cu;!oo Dlv=lo<o aoio.m • stlpulatl<l,\ of gui lo J ,::o,mt5 111.....1 Voting |
| Medma | Patricia Barton | Unlawfully Influendg Voter In Polling Place;  Electioneering | Mar. 2018 Primary Election | CX:4240437617 | 2 counts of unlawtully Influencing voter in polling place; 1 count | 3 | 04/26/18 | E.C. 61.008; E.C. 61.003 | Prosecution Diversion Program - stipulation of guilt to 2 counts unlawfully influencing voter;  I count electioneering |
| Hfll | Aar.onliones | Ik) wfulr1 Re,,eeling Information  B  of  ore • •  Pfd• Unlawfully  Accepting a Voter | 211Ul Prf'"'r,,. Rw,oft | 0('795',43';13300 | I  COUl\jt unlew dy rYU:llt/.f  trffof:imatK>n b  •fb  .-•  IIf'   •    -   •   • 3 counts unlawfully | 1 | 05/30JI8 | E.C. 61.007 | Prosecution OIWCSlon I'rogn,m - stipulation of guilt to I count Unla\11. Ily reW:allhg klfor"mad'on ..,.,.,.,,,th&  •  •l•  .- '•• Pr,secution Diversion Program - stipulation of |
| Dallas | Shirley Brown | not eligible to vote, by election ..-^..•.  Illb•o•l110ll1111: Election fraud; | 2016 Genernl Election | 0<3852040670 | accepting n voter  Count I - i11egtlf vmina, 2nd Degree Fetany: Count. 2 - et•Uo.n froua, | 3 | 05/31/18 | E.C. 63.012 | guilt to 3 counts unlewfully accepting a voter  Pr0:serutro OtletsfOn Progtam - s.tl13oI&t.on ot |
| Kw:nd; | O:idaltlaorw.-. | h1M  Slaterneot on Rogi ,ation  AP1>hcat1an  r  Illegal voting; Election Fraud; | Mair. 2018 P1i'mal"¥. Election | 0(3 2030.9473 | OA, Cqul't 3:• fa:l5.ai at• ement on a recistrattoA eppUcation. O  à Count 1 - illegal voting, 2nd Degree Felony; Count 2 - election fraud, | .3 | 01/02118 | -C! 64.012; 276.Iil3; 11 007 | gu li to  L C&(.fr,t lllogol vodng, 1 C0dse etea,or, flaud, ilt'ld f....count 1&1'4i sta:te,mlliinl oo a r&grStr6 :ar>ptf.amon  Prosecution Diversion Program • stipulation of |

| Kenedy | Martin Olvera | False Statement on Registration Application | Mar. 2018 Primary Election | 0<8890196392 | CIA; Count 3 - false statement on a registration application, Cl B | 3 | 06/27/18 | E.C. 64.012; 276.013; 13.007 | guilt to 1 count illegal voting, 1 count election fraud, and 1 count false statement on a registration application |

| County | Name | Charge | Election | Case No. | Counts | Date | Statute | Notes |
|---|---|---|---|---|---|---|---|---|
| | | 11   \/cdli.r; Election Froud; False. Statame.nt OA ReQi.,.atlon JIWhc:atJon | Mar. Wl&Frlmafy EiectJoo | 0<46412860:19 | C...uo l - d'eg.;f satInQ, *k>d* D<,gn!e Fel•oe!l Cou,.1'2 - eie<tion road, CI A; Couint 3 - fabal s.tatemMtt ·on• reg,stratton ■ rofiul.lon  а  B- | !16/05J18 | θ,C 64,()!2: 27.6.011 1:3.007 | fr-cutIMC>...-ersJoo Prog,em • stl;,utatioo *el* · t<;1.coontJegal SOO!lll.1 Cl>unt ol<><tion fralld, ,JH\dl:C(tUlnt fa&. sUttamant на 11 re,fТttrat''n a: ttcn |
| | | | | | Оtn      · r  eQeTvo  t,"'n"'g,-----f¯------+------+-----+------------------------------------- 1 | | | |
| Nueces/ San Patricio | Rosita Torres Flores | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud/Illegal voting | Robstown 2016 General | S-18-3065-CR; 18-CR-83358 | 2nd Degree Felony; Count 2 - method of returning marked ballot, SJF; 1 count misdemeanor | 6/12/2018 | E.C. 64.012; 86.006; 64.036 | Convicted of unlawfully assisting/influencing voter with mail ballot (E.C. 64.036), 12 months jail, probated for 18 months; 30,000 fine; 10 days confinement in county jail servIii!:d day for day as condition of probation |
| Frio | Consuelo Bari,eotos<:a to  Maria Delcarmen Vela | 1/о• HA<\lestin[\/,...Il E,alfo<: fraud/Asslsta(1[!: )Fra:ud | ZOlf,Pn"1<l,-Y undf Eloctlo | 0<3772923814 | 2 Coonts iJ<drawM Ax:1 nc1111 | 6/1S/20.18 | е.c. 64.036 | Pf"OS•1.,J'don Dtverston Proor.arn ... stip111letlon of QUiId to-:[!O8nt:s: unl1wf a55f5f.8/IQ. t9 'fb•l4rs |
| Starr | Verолйа. Flores | | 20J'6 Primary; 2816 Primary-Runoff | 0'281974%16- | 1 Cou.it Fraudulent Use- af Applıcat1on fot Si.,!lot hy M | 6/25/2018 | C. 84.00-H | rst(On Program • stipulation roudul.eot use of ap.p.li.c.ation for |
| Starr | Dora Barrera | Vote Harvest1nQ  at  a  o fraud • Fraudulent Use of | rimary; 2016 Primary Runoff | CX4783488382 | " ! 1 Count fra  u dulent Use о Application for Ballot by  1 J | 5/25/2018 | E.C. 84.0041 | rsIon Program  - stipulation of r!!!udulent use of application for |
| | Eusebio Lopez | fraud- R-aundstent V. Г  . Ʌj  lt.r  l!/'U0,;li:T Mail; | | CXOl.92300090 | 1 Count  rau  ulent US4% of A nc.,tan for !allot by M:ail.,. 2.Coun.ts JJlegJI | 6/25/2f18 | E,C 84.Cl0-4l1 E.C. 64.012. | Pro<<KUOOO Div-.,.. Prog"1m .  stipulation '" QLlik lo  1 C- nt frei<iduent ...fS: *f*ll!8lleatiol) fo, bol b by  mai  ol'\d 2 Cnun nr.,;..l Voting- |
| Starr | | Vote Harvesting/f,1a1l BallOt Fraud - Fraudulent Use of Application  for Ballot by E1 ction | 2016 Primary; 2016 Primary Runoff | CX6220705016 | 1 Count Fraudulent Use of Application for Ballot by Mail; 1 Count Illegal VolUng | 6/26/2018 | E.C. 84.0041; E.C. 54.012 | Prosecution Diversion Program • stipulation of guilt to 1 Count fraudulent use  of application for ballot by mail end 1 Count )Ilegel Voting |
| Starr | Alayssa Lopez | Vote.HairYe5 F,aud• fr•udole<;\t Use of Appt. os: n.for S.1'ot by·M•ill; 1 | 2()16 Pnmerv; 2cn& l?ttmar.,. uno(l E,Jlc1tOn- | CX!8W927603 | Ulent UseC. Apphcat100 for BeUot by Malt; 2 Counts Jif<ogal | 6/2h/2016 | E.С. 84.0Q41; f.,C. 64.01:I; | ProseiNtiom Dtver.don Proomm - Stlg.ulatKW) of о».оtr IO.l Coun flifud1,1'41nt U!• of aW,JJ\Cetion for I>II''t by mail '''td 2 Cguets Illegal Voting |
| Starr | Z•ldl> S, M.ldb•Ncb | Vote Harvesting/Mail Ballot Fraud - Fraudulent Use or Application fur Ballot by Mail; | 2016 Primary; 2016 Primary Runoff Election | CX9033550035 | 1 Count Fraudulent Use of Application for Ballot by Mail; 2 Counts Illegal | 6/26/2018 | E.C. 84.0041; E.C. 64 .012 | Prosecution Diversion Program - stipulation or guilt to 1 Count fmudulent use of application for ballot by mail and 2 Counts Illegal Voting |
| Sam | Jose Guadalup.& Garc.1a | Vor.e. Huve$.tinQ(MaLl Ballot Fraud - fraudolant us.oat | Z016•Po_,..,. 201..6.Primary A.unoN" Electioo(i | OC969326El4.t, | 1 Counit  ,-.u,hli-ent Use~or Appficat,on for Ballot l>V *Ii*; ,:> C:oont• Jlhg,I• | 6(25./2018 | E.C. 84.oo.tl; EL  M -012- | uttbn Oiverskm Proarem  Stipulation of guilt.to1-Cbunf''fl'"audl.!e,nf use of a,pc,ftation l&r"-- l>aHot l>V mail   2.Count:S 11!IQ>1 Voting  ?roS@CUt.011'1 Ol ef5IOn Pro,g,m  stipulat1on C.or OU lt ro  1 Counr fnwd:ufent  use-of appl1canon for |
| Starr | | | | OGS9Y3 8503 | t.C-0unt Frliudu•nt US.i ol Apphcaitkm for 8itUot bf | 6/2S/20111 | EC  84.0041 | |
| Starr | Rudolfo A. Tre-.m10 | | | CX418330996e | 1 Count frnudu nt Use of Appllc-at1on for Ballot by | oR-6/2018 | E.C. M.lJOil | |
| Starr | R11ul.loaoo,..._ | | | CX63612'1S996 | l Count f-•UfUJ fmt. U'sa ot Appl!Qt.oo f   e.JloLby  /   1 count illegal Vot,n111 | 6/2.6/2018 | E.C. M.Qa.tl; E.C. 64.012 | Prasecutf.an Oivatston Prog,;am • stipbt.10(1 Of „ou l!t<t>  l CaUnt traIK\,11-ent''u5-Q Of appllation for [''1io11''!1_- m.ijj ond.1 Count IllegI II<tDll9 |
| | | Vote Harvesting/Mail Ball'ot | 2016 Primary; | | 1 Count Fraudulent Use of | | | Prosecution DiversIon Program - stipulation of |
| Starr | Oeyla Mana Garc:a | Fraud - Fraudulent Use of Application for Ballot by' Mail; | 2016 Primary Runoff Election | CX2635106999 | Application for Ballot by Mail; 1 Count Illegal Voting | 6/26/2018 | E.C. 84.0041; E.C. 64.012 | guilt to 1 Count fraudulent use af application for ballot by mail and 1 Count Illegal Voting |
| | | 20111-l-arcn | | | l. Cqunt Fa  e StateJTle:nt | | E.C. i:l.007 | Pr'HilGurfon DN'•$.10 Proo m • U1t>(btion *cl* |

| larlah SaffiZ. | t>,,,,,ao,n.:Mma,y | 0(9041380471 | on Ap,pt.cati&", 1 Count Illegal Voting. | 7/11/2018 | E..C. **64.012** | gu:lt to I Count false Statement an Apphcation and 1 COunt Illegal Voting |

| Kenedy | JmmVel8 | | 2018 March Democr8tic Primary | 0(2940077682 | | 4 | 7/17/2018 | E.C. 13.007; E.C. 64.012 | Prosecution Diversion Program • stipulation of guilt to 1 Count False Statement on Application and 3 Counts Illeg81 Voting |
| Kenec;ty | u;ticfa MiJnoz Ve | Vote ttarves.ttnu/Mail l!al!OI r.,c.,;l. l'sauclut..,1 [Jw;ol Applqt!Or, for BODdl.bJ Mo il; , | 2018 Mon;n Doarlo<mic Pi;"'''''''Y | 087892J14507 | on Applattlon; S CoMJnts I I I"9'1 l/otng | | 7/11/2018 | c:, c. ll.007; E.C. 64.012 | Prosecution Diversion> Proo.am • snpulat,on of gw.lt to L Count False Statement on A:ppl0tion oll(! S Count• III~lVoting |
| Starr | Guadalupe Garza | Vote Harvesting/Mail Ballot Fraud - Fraudulent Use of Application for Ballot by Mall; IlleoalVobng | 2016 March Democratic Primary | 0(8930944834 | 1 Count False statement on application; 2 Counts False information on application for ballot by mail; 2 Counts Tampering with a governmental record; 1 Count Illegal Voting | | 7/25/2018 | E.C. 13.007; E.C. 84.0041; P.C. 37.10; E.C. 64.012 | Prosecution Diversion Program · stipulation of guilt to 1 Count False statement on application; 2 counts False information on application for ballot by mail; 2 Counts Tampering with a governmental record; 1 Count Illeoal Voting |
| stair | Br•ndo.-. on Garza. | Vol:•11•••-Ung I S.lloe Fraud - fr•uck.ltenr Wse o Appl!kac/on for Ballot by Mail; I l'-qal l/'oting | 21)16M•rch Dei•mocta:df': Primary | 0<623 993804 | i Count False s.t.atement o∧J a btton; 2Cootecs Fall fi in-fo1mt1tkrll an appt1c:at;on; for bartlot by m,111; 2.co.tltlts TampacMo wtth al QOlllll'nmantall recOltd; I C6l/r,i Illegal Voting | | 7/25/201!J | e.c. n.001; e.c. 84.0041; i>.C. 37.Uli; E.C. 6'1.012. | PtOSleC:Utioo Diverslofi. IPY'ogtalin ... s.tip,ulahM of 1 ltt• 1Count.Fell'H steteprypton I!ll( >hatl'Cln; 2 Cosor. Folsecirfom,ation •polkatian f" balloo by moil; 2 Counts Tompe,lAQ Wlfn a Q't•vemmental r.c...cl; l Count JlJ'eoal Voting |
| Nueces/ San Patricio | Cynthia Kay Gonzales | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud/Illegal voting | Robstown 2016 Primary Runoff | 18-CR-83109; 18-CR-83110; 18-CR-83111 | Count 1 • earner envelope action, SJF; Count 2 - method of returning marked ballot, SJF; Count 3 - nssisting voter, SJF; and Count 4 - illegal voting, 2nd Degree Felony | | 8/14/2018 | E.C. 86.0051; 86.006; 64.036, 64.012 | Convicted of unlawful possession of a ballot (86.006); carrier envelope action other than voter (86.0051); and unlawfully assisting voter with a meil ballot (86.010); sentenced to 180 days jail prob•ted for 540 days, 180 days probated for 540 d8ys, and 365 days probated for 540 days and a $500 fine, respectively. Sentenced to served 5 days county jail, day for day, as condition of probation. |
| Hiir1s:/ t1lQ\"llg»,mar; | L•.uro Jllnetli G'tuza AKA An V dlr.w Zamot• | Uleoa,fll<>ttoci tOOll•dti""'); Jmparson11tton,cif II U.S. Ctizan | 21116'. GeMntl £:1odion | Uf-05-41603; 18•05-06032 | C..use i -fT1<9al >ottng - vot.-r oo a.tlon.; Couse 2 - 111.o al 1/otir,g (noini-dt-inl"lJ | 2. | 9/13/2018 | E.C.M.0 2. | Coovicted of twl> count$ of Ill"ll"l Voting fo, fT'fl.lwSdn.atlng • votlil' •hd vort1tg when SNlii WiLs, not &1./Llft.. to sote (noocit1Nn), IO y,;r-J TOO '"<>bated lo, no yMJ!l, with 180 da}< m jail ++ <01\<btfon•. $10,,o/Jo fin• ptbhated lb · 10 years. |
| Starr | Artemlo Lopez | Vote Harvesting/Mail Ballot Fraud - Fraudulent Use of Application for Ballot by M•ll; Jllegal Voting | 2016 March Democratic Primary | 0(8019112853 | I Count False statement on application; 2 Counts False information on applia:tion for ballot by mail; 2 counts Tampering with a governmental record; 3 Counts Illegal Voting | 8 | 9/17/2018 | E.C. 13.007; E.C. 84.0041; P.C. 37.10; E.C. 64.012 | Prosecution Diversion Program - stipulet1on of guilt to 1 Count False statement on application; 2 Counts False Information on applicatlon for ballot by mail; 2 Counts Tampering with a governmental record; 2 Counts Illegal Voting |
| TarBnt | t1,ar1.. Ja<k.,.,.,. | • l<llmneo.1: on Ap>l6'ati;n Mil Bilot r,au<l/Vo<:8 I;lar--,esti - Forged Votef | 2016 De tic ?f l'Mr Etac.tion | 15654tZ | faldl' SUtYr'AQOt q111 Mlil Bal!bt Application | | 4./6[20L9 | t:.C. 84.0041 | ConV1ctd of Fa!sa State,mettt on ..!lf.Sal btkrn; sentencedr t 10 d:a)4 coo:trryt jilit. |
| Polk | William Williams | Tamperng with a Governmental Record; Illegal Voting (voting ballot of another); Election Fraud - Mail Ballot | 2018 General Election | 0<1976897707 | 2 Counts - Tampering with a Governmental Record; 2 Counts - Illeoal Voting (voting mail ballot of another); 2 Counts • Election Fraud | 6 | 8/5/2019 | P.C. 37.10; E.C. 64.012; E.C. 276.013 | Prosecution Diversion Program stipulation of guilt to 2 Counts Tampering with a Governmental Record; 2 counts Illegal Voting (voting ballot of another); 2 Counts Election Fraud |
| Starr/Hklilloo | .&it'>k• Gana | Jlleval Jot/ng/Ma1ij !!allot FroOd 111₀₁₁₁₁₁'1 otiam of clecused M •II<>\;ai;,plbtio11 l'f&ud, Mail t.ial!c:>t co,l for voler who was d&:ad 9 yMrx. | 2016 b•emoaa!ic Pr;roa"ly E'l.ction | CR-0115' 19-J | CoUl!tS 1-2 • lll•g•l w<>ei!Q Codnt 3 - fals¥ Stat.,umt <a-1 Mail 6&ilol Appiblion | | 112./20!!., | e.c. 64 012; .C. 84,00-U | Dtsm'd fur lad! oJ evidence and rn e.change for c.f•ndsnt't cooperatwo with th£l State e{}d en ongoing inV't!Stightion by the T xas Rangers, |
| Harris | John Alsup | False Statement on Registration Application; Tampering with Government Record; Election Fraud - False Registration Address | 2018 General Election | 0(8794422517 | 1 Count • False Statement on Application, 1 Count Tampering with a Government Record, 1 Count Election Fraud | | 8/17/2020 | E.C. 13.007; P.C. 37.10; E.C. 276.013 | Prosecution D1vers1on Program - st1pulat1on to the commission of I Count False Statement an Application; 1 Count Tampering with a Government Record; 1 Count Election Fraud |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | fI se St/1181\efit.on Reglstt•I/® Apphcat,on, lti,t!llll ...!.., | **WI8G.,_.,,I** | | t COOJo, - Far•• St,l&lTj'ont, ": dn Apl)lico.tloo,  Coun.l't- **Jil alV'obf'll;** | | P!.C- B-1107; | Pt ()1',t:lidcn fir'  m •,tfl;u..lation to t.ti-ie: 0>mmission  of 1. Olunt false.Stmteffle.At on **Appflt ation,** ? C0<1fllJ; Jllogat.Voting;  I Count T•m n;\SIIwith a Gcverf'mettt R11:teolidi I Count Eledlon fr&u,l |
| | | | | | | | | Prosecution  Diversion Program   st1pulat1on to the commission  of 1 Count  False Statement on P..pplication,  I Count  Tampering  with a Government Record;  1 Count Election Fraud |
| | | fets:e  Statl1ner,t ▢ Regislr,ilion App!1ootion.  U(egal' | | | 1 Couol • f.atw. StatemEint. on A:ppticaOon. I Count | | E.C. 1*i.001;* | Prosecution, Divensoo Pr'Q(f9,m • ""P:J!ation ,a **the** c:atnm ion *ot* I  Count fals"e Statement qn |
| Han,'5 | ଛ ଉI DebeUo | vaw...o,;' T:i mperlng wIth Go.\I•ff? t Record] Er.afo,n. fnudi  fal's.e:Re01st1:M:l0Jll Address. | **2019 Goneraj** Boalo | d&7944221!17 | 11.,Vo!m!r)  1. O:u.Int Tampanmg, with a **GQ Record,** 1 Count Election J;:naal | 4 | Er/12/20W | E.C. &4.Ill2.; ?.C  3.7.10; E.C..27!,.013 | AppffCliion,  1 Cou:tlt lllegat Voting,  1 Count Tampering with •  Go mmen.t Riecord  1 Count Electlo'l fraUd |
| Hams | Name Removed | False Statement on Registration Application; Illegal Voting; Tampering with Government Record; Election Fraud - False Registration Address | 2018 General Election | 0<87944225-- | I Count - False Statement on Application,  1 Count Illegal Voting;  1 Count Tampering  with a Government Record, 1 Count Election Fraud | | 8/17/2020 | E.C. 13.007; E.C 64.012; PC  37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application;  1 Count lllegal Voting; 1 Count Tampering with a Government Record;  1 Count Election Fraud |
| HIif!S | !lr r,Hollnef | falS:..S;t'at.-,...ntio.n Rag!S!'ration Appliatllln. llle,;ja( vouno1 T •  1.rv with Gov•1nm""11! Ra;'cord; E:-,-,.. Pra!Jd  faiga R stratfon Address | 2019 Geherlll Election; 2018 Piilmll,Y uno/11 | 0<879  42II17 | 1 Count - F&lse. Statem11nt oo Apploation,  2 Counts Ill IV0bno  I. Count: Tampenng  with a Government Rleco.w", 1 C>:ont  Election haUd | | S1:Y2.C128I | Pt bon D.A., Pl'ogtam - sit ation to. t/Ma commis l<ln of i count False statement on. A IlQtti0n; 2 Co,.ortt9 III-o-,1 Voting.  .1Co-..int Tamper. g will• Gave<rtme11 t Re<cord; I (:O.mt aeatoo fraud |
| Hams | Micaela Ladet | False Statement on Registration Application; T mpering with Government Record; Election Freud- False Registration Address | Voter Registration | CX8794422517 | I Count • False Statement on Application,  I Count Tampering  with a Government Record, I Count Election Fraud | | 8/18/2020 | E.C. 13.007; PC  37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application;  1 Count Tampering with a Government Record;  I Count Election Fraud |
| "Iarrts | O.,v,d *Levy* | false St.aten'lQnt oo Regts!tatio Awl/ration; Tampering with Government: Reo:)rd;  Election fraud.- F**rf**S.**e** ReQt tration Addr.-ss. | Vate:rR.egtstration, | Cl<8794'422517 | 1 Count - False. Statemen on Application.1 *Count* Tampering  With a Goooctmo>:e:  Reml<l, 1 Count Elect10n Fr.u:d | | **8/H/2020** | E.C. 1*i.001;* p. C. ?l.10; E.C 275.013 | Prosec:upon  Dtverslon (?rogram - sti-pula11tQ,to t mmmjsslon of 1 Co1.1st false,Statemeat, on pplication; 1 Coun.t Tampering W1thra Gov.,-nroe11r Reoird;  1 C.Ount Electloo fre:tid |
| Harris | Kyle Levy | False Statement on Registration Application; Tampering with Government Record; Election fraud • False Registration Address | Voter Registration | CX8794422517 | 1 Count - False Statement on Application, 1 Count Tamperin9  with a Government Record, 1 Count Election Fraud | | 8/14/2020 | E.C. 13.007; P.C 37.10; E.C 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application;  1 Count Tampering with a Government Record;  1 Count Election Fraud |
| Harri.- | | FaQ  Stat&mant on Regi<trr•llon Appla!l:i.,, I gal \O0Mng; T:imp!Inng:with | | | 1 cooht - fa-ts&:st'at .nt onApplic,ation, 2 Co:t1n.ts Illega1 Votino, 1 Count | | 8. C. 13.00I, E:.C. 64.012; | Prosae:ut10'1 Oivetsilon Progn,m - stipulattOfl to the: omm11ssion of  1 Courit.false St.ftemant. on |
| | N""""""R.emo...a | Government Record : El.c.tfom f•l11,ct 'fals<1Ragis1r1a,lon Address | 2dI9 Si>e<il'.1 Elecuon | | Tamperinor with a GOVUrtmntnt  R<cord. 2 Co.ul?ts. Elec:hcn  Fr'a!d | 6 | 8/11/2020 | i> C.  37.]0; | Ifo>tiQrl; 2Count• JlfegaI Voting;  I Count  mI>9!'1r,g      G<Neni11u!nt Re<cord; 2.Counts El=tIonf'fao,l |
| | | False St?.itement on | | | 1 Count - False Statement | | | | |
| Harris | Barnett Pate | Registration Application; Illegal Voting; Tampering with Government Record; Elect10n Fraud - False Registration Address | 2018 General Election | CX8794422517 | on Application, 1 Count Illegal Voting,  1 Count Tampering  with a Government Record, 1 Count Election Fraud | 4 | 8/18/2020 | E.C. 13.007; E.C 64.012; PC  37.10; EC  276.013 | Prosecution Diversion Program - st1pulat1on to the commission of 1 Count False Statement on Application;  1 Count lllegal Voting;  1 Count Tampering with a Government Record;  1 Count Election Fraud |
| Han-lS | J</,n,S<Ott | F.atse Statemant on ReQls.trsf!Qn Appl katlbo; Tame,erino "N:th etrnme''\t Reeord: El f:an Ftnud • Faise egistra on..... i•ess | Votwt"Registration | 0<11794422517 | I  Count'  F•lH Statement on #tp!)llcatton.  1 Count lampenng  with a Gov:emrnent:, R:eGOrd', 1 Count"E tion frm1d | *J | !l/l9]2020 | ecc. n.001, :C. L'.10, e.C. 2.76,0U | Prosec:ut!0'1OIvers.J'' Pr0Q>en   st,pulat10n to u,e commission  of L.Co!.int f•   SI•temtilt off Aji rica1 1on, 1 Cwnt Tamper!ng W' JI • G611'e1amert Reco,,d; 1 Co nte=;don F',eud |

1nformation as of 4/20/2022

| Hams | Aaron Sprecher | False Statement on Registration Application; Tampering with Government Record; Election Fraud - False Registration Address | Voter Registration | CX8794422517 | I Count - False Statement on Application, 1 Count Tampering with a Government Record, 1 Count Election Fraud | | 8/20/2020 | E.C. 13.007; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - st1pu!at1on to the commission of I Count False Statement on Application; I Count Tampering with a Government Record; I Count Election Fraud |
| tt...,&, | )U<U Th<>(no$ | F\ lse..S emen. a:n P.-<>9ist,aooo. Apphtatlon; "kfnpening with Govwmm.ent Rac:ord,:; El.e.ctio.rt Freud - Fals.Jt R1l-fraoo-n Address | Vote,; A "stratfon | Cl<.87H4-22Si7 | I Count - Fe:lse, Statement or, Appllotloo. 1 Count lornp&r<>g wilt!.• Goi,,&/'ntnent lit.*cord, 1 C∞un E bon Frei.ld | | 8/12/2020 | E.C. U.007;- pe., 37'.10,. E.C. 276 813. | Pro>Seahjclll c:,,:;.0\lo;-.Jj'r<'gf1.n • stil<:JJatoo  th<& commfsstoo c1 I Count Fa •St•tm•e'1 1t eon Appft.ation.r t toont ru.rnperiin:o·wth a Government Reca.rd; 1 count Ellktion fraud |
| Harris | Name Removed | else Statement on Registration Application; Tampering with Government Record; Election Fraud - False Registration Address | Voter Registration | | I Count - False Statement on Application, 1 Count Te;mpering with a GovP.rnment Record, 1 Count Election Fraud | | 8/21/2020 | E.C. 13.007; P.C. 37.10; E.C. 276 013 | Prosecution Diversion Program - stipulation to the commission of I Count False Statement on Application; I Count Tampering with a Government Record; I Count Election Fraud |
| Harris. | ludilh 2f2dtnet.in.in | false Statement" on P..e nstrat1011Appi1•lion: T'11nn.!nlg with \'I' C'tt., | Vote,. Rt0isU•at | 0!8n44-22.9r7 | I C:t!.rrt - False Statement on Applicattoll. 1 Count "ternpet!ng with• | 3 | 9/2/2020 | E.C. 13.001; P.C 37.10; | rtos.tCUb0i' OjveJSkin l?!'ogram - sdpu!1Mon m  thc <Ommlukin: of I.Cbunt Fals4i Statement on <'P.(.ilbtion_.1. Count Tampering, wkth.a |
| | | R•:ord; Election fraud- False "\•gls!{ati041*Addt'- | | | GQvernment Record. L Count Electtoo Fraud | | | E.c. .on | Gov nn--nt Rea>rd;   COant Electi'OI!\ fraud |
| | | False Statement on | | | I Count - False Statement | | | | Prosecution Diversion Program - stipulation to the |
| Harris | Antonia McClammy | Registration Application; Illagal Voting; TBmpering with Government Record; Election Fraud - False Registration Address | 2018 Generilll Election:        2019 Special Election | CX8794422517 | on Application, 2 Counts Jllegill Voting, 1 Count Tampenno with a Government Record, I Count Election Fraud | | 8/21/2020 | E.C. 13.007; E.C. 64.012; P.C. 37.10; E.C. 276.013 | commission of I Count False Statement on Application;  2 Counts Illegal Voting; I Count Tampering with a Government Record; I Count Election Fraud |
| | | fatlia Statement on. | | | I Count" - F'a!se Sut.mant | | | | |
| Ha-rr | Luil/Clo• | ReQistration Appl1catf0n.: Ufegal Vot!19; n.ngennQ'-_.llh G'overirruner.Jt R-.ord;'e  o | 2018-G4.n<•l E1o<%1o | 0<.&7944n511 | on Applotlo•,1 I'..:diml utegal V•tlullg, 1 C:OOM I'tmp·lll!\.t1Q' ith.u | | 8/20/-rtD-20 | ec. u.ooJ; O-_.M,012; PC. 37.10; | l.'rosewt,on E>Ners:IO(l Program - 5ti lat:.on. to the e0mm1ssion. of !. Count falsa Statement on .Awr""'on; I Cou,\r Jll.gotVoMg; I Count |
| | | Frat•' fai;Jse. A. !!Itration. Addtass | | | Governmeol: Rec:ord, I. Count Elactlon fraud | | | EC  276.013 | &mpe-rmq with a GoVtlrnme:nt Record; t Couft Election Fra·ud |
| | | Unlawfully Assisting Voters with | 2020 Presidential | | 10 Counts Unlawfully | | | | Prosecution Diversion Progr!lm - stipul!tion to the |
| Medina | A. Hitzfelder | Mail Ballot Applications | Election | CX8093477769 | Assisting Applicant | 10 | 05/19/21 | E.C. 84.003 | commission of 10 counts Unlawfully Assisting lie.ant |
| | | R  'fal2.Statement.o'fh•oal | | | I Cou t: - Fa:ls::a Stllei:nent on Applicatioo.. I Co.umt | | | E.C. U.0117; | Prosecutron-ONers n Program .. stlp tatcOll tc :the. comm.s:r.:tion of 1 Count Fatse- St•e.met1.t on |
| L<mood< | C!IOPS!Op'f>< Dan11yre | Votfug; Tam:P,,ecj ..1.h Gwe,-Ro<>>t<l/ EJo<:tlao Fra.f.ld | W1&G1nenl 1∞ | 0($7643588-48 | III"!lOI \/ot,aQ, I Coo • TunplM'fng witl\ • Government Ra rd, 1 Count S.cfloo Fraud | | 09/02/21 | E.C. 64.0U; P..C.',)7.W; EC. 216.0ll | Applia:oon. i C.....,, nle,;al \/ tw.g; 1 Count Tam       with• Gowcnnmnt Rtfla'.JC'd; t. Count l0cti<>b fnsud |
| Gu!ldalupe | Gregory Gilcrease | Illagal Voting; Election Fraud; FalS&.Statement on Registration Application; Tampering with a Government Record | 2018 General Election:         2020 General Election | CX3419210173 | on Registration Application, 1 Count Tampering with a | | 10/28/21 | E.C. 13.007; E.C. 64.012; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application;  2 Counts Illegal Voting;  I Count Tampering with a Government Record; 1 count Election Fraud |
| | | | | | 1  cc,.unt of  Engadng in Organiacad Electlon Freud. (F2), 7 counts of Frar.uch,ilant-Use. of an Ab-,Il.cabon for Ba ot by | | | | |
| Gr"Olf .. | Stra"""!' Eve,;ette 6raw.o | Orgaolm<I !!!s<•a I'raod _.VAt• H&nl"'tlf9 | 2018  Demo<:ianc Pltimary | S  SH1:. | Mall (t1), i <oun or -1J I!1wful! P95ses. Il'l of | /1 | 1120/2022 | E.:c 27G.on: iM.004 L; 86.,606/ | Cans«ted or E.c. 276..0t:! Efea:tan fraud, ond S6n I:ed to :l:.yr county Ja1a, probated tor 1 yr. |

Gowernmen.t
aJ Rec.ord
SJf

276.6r3, f'<'.: 3?.10
and f2.00,0l, ,,:.
Public •li>OloOT r
ul1...i ••
ai,ndil'1lon of pl&ai
deal.

Information as
of 4/20/2022

| Gregg< | Marlena Roseanne Jackson | Organized Election Fraud - Vote Harvesting | 2018 Democratic Primary | 50949-B | Organized Election Fraud (Fl), 1 count of Illegal Voting (F2), 31 counts of Fraudulent Use of an Application for Ballot by Mail (F3), 7 counts of Unlawful Possession of Ballot/Ballot Envelope (SJF), 31 counts of Election Fraud (SJF), and 26 counts of Tampering with a Governmental Record SJF | 97 | 1/20/2022 | E.C. 276.011, 64.012; 84.0041; 86.006; 276.013; PC 37.10 | Convicted of E.C. 276.013 Election Fraud, and sentenced to 1 yr county jail, probated for 1 yr. and $2,000 fine. Public apology required as condition of plea deal. |
| ···· __ " | Ch.ti • ll<l• i:, lf | Organized Election fraud • Vote -ting | 2018 Democratic Primary | !j 5 5,t.-0 | **Ofoonlied Election Fraul)** (P3), l <Oftnl of Fr•udul""t Use*l* an AppliaHon for Ball<>t by **Mall** (Slf'). 5 counts of Unlawful Possession of a Beltottl!allot En elope (SJF), **and** l count of Tempenng with a Governmel"'ta; Record | **8** | **1/27/2022** | f:.C. 276.011; **84,0041; 86.006; 276.013; PC 37.10** | C•invicted of E.C. 86,006 Unta'Nful Posse:ssiOO of **Bal!Gt** *with* **Intent to Oelraud. S.ntanced** to 1 **yr** <oonfy **Jell**, probat..:1 for I yr. |
| Grew( | DeWayne Ward | Organized Election Fraud - Vote Harvesting | 2018 Democratic Primary | 50947-B | 1 count Engaging in Organized Election fraud (Fl), 1 count of Unll!wful Possession of Ballot or Carrier Envelope without the Consent of the Voter (F2), and 4 counts Unlawful Possession of Ballot/Ballot Envelope (SJF) | | 1/31/2022 | E.C. 276.011; 86.006 | Convicted of E.C. 86.006 Unlawful Possession of Ballot with Intent to Defraud. Sentenced to 1 yr county jail, probated for 1 yr. |
| B•- | O;iwkl Tr.. Iro | Illegal Voting | ZOISR n Prima, | CR-21-1>000047 | l count ?!Igal Vobng (F2) | | 3/S/2022 | 8.C. 64.012(bJ | PrOS4tc tion Ofv on Program - l count Iflegal lloti |
| Guadalupe | Stan "Stash" Boyle | Tampering with Government Record • Application for CancNdacy - Felony Conviction/Ineligible for Office | 2017 City of Cibolo Election; 2019 City of Cibolo Election | 19-2108-CR-C; CCL-19-0809 | count o ggravate Perjury, 1 count of Tampering w/Government Record with Intent to Defraud, l count of Tampering with a | | 4/12/2022 | P.C. 37.03; **P.C.** 37.10 | Pied Guilty to 1 count Aggravated Perjury (F3) and 1 count Tampering with a Government Record with Intent to Defraud (SJF). Placed on 4-year deferred adjudication probation. |

Total Count,/ Offenses    691

,--------------,M?o r :=:r l ;it="F     ud ---- 44 4 ----- 6 4 %---;rrNo t . , .-,Qn.Fcantov.,. pin=,. u=, ct,v , ty-, nv o v , ng tw=o o , rn o ,, o -,

| Number of offenses related to cases involvin | Assistance Fraud lite al Votin | 169 189 | 24% 2711/o | mall ballot fraud, assistance fraud, and illegal voting in the same case ma result in totals > 100%. |

2015-Dr.. ent    421)

· County offense occurred/County offense prosecuted. I. For complete information on disposition, see judgment and sentence. Prosecution Diversion p rogram includes an acknowledgment of the comm1ss1on of offense/s.
· Prosecuted by or with assistance of local distnct/county attorney. IJ Cause number, where avail!!ble; otherwise, OAG investigation or prosecution case number.
This document is not a summary of all election violations in this state. This document does not record or l"'eport offenses handled exclusively by local law enforcement, district or county attorneys, or federal authorities. This document only reflecta cases inveftigated and/or prosecuted by the OAG.



| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Hidalgo | Marcela Gutierrez | Unlawfully assisting/influencing voters; illegal voting | 2016 City of Hidalgo Runoff Election | CR-18-08299-G; CR-18-08300-G; CR-18-08301-G; CR-18-08302-G; CR-18-08303-G; CR-18-08304-G; CR-18-08305-G; CR-18-08306-G; | Misdemeanor cases 1-10 - Unlawfully Assisting/Influencing Voters; Felony count 1 - !Ilegal Voting | 11 | 6/1/2018 | E.C. 64.036; 64.012 |
| Hidalgo | Sylvia Arjona | Unlawfully assisting/influencing voters | 2016 City of Hidalgo Runoff Election | CR-18-08167-H; CR-18-08168-H; CR-18-08169-H; CR-18-08295-H | Counts 1-4 - unlawfully assisting/influencing voters | 4 | 5/31/2018 | E.C. 64.036 |
| Tarrant | | | | 1565415 | Counts 1-9 - False Statement on Mail Bl>llet Apphcatoon | | | E.C. 84.0041 |
| Tarrant | Lau<a Parra | Fafse Statement on **Mail** Ballot Application; Vote Harvesting/Mail Ballot Fraud | 2016 Democratic Primary Election | 1565155 | Counts 1 - False Statement on Mail Ballot Application | | 10/10/2018 | E.C. 84.0041 |

Information as of 4/20/2022                                                                                    17

| Harris. | Anthony Rodriguez | Election Fraud - False Statement to Election Official | 2018 General Election | 1629438 | Counts 1-2 - Election Fraud | 2 | 4/26/2019 | E.C. 276.013 |
|---------|-------------------|------------------------------------------------------|-----------------------|---------|-----------------------------|---|-----------|--------------|
| | | | | CR;.2.0S6-i9-·A. | Count i - En«<>iJlltlJ in Orga,.lzed. **Election Frrud** C"!"lntifl-12 ;.mega! Voting | | | |
| | | | | CR-1.057-19-·A | Count 1 - Engagino in Organized **Election Fraud** Counts 2-3 · Lllegal Voting | | | |
| | | | | CR-·20SB-19-A | Cotlht1 Erigagl!',ql 9t'Jlatized .. El oo Fraud'· | | | |
| | | | | ],,j'laa__:fj, Ji...,:1d"'F' ,'-; c;,IJ! tlf<>tk)o,.rb., | | | | |
| Hidalgo· | **Araceli Gutierr<>z** | | | CR-3349-19-A | Count 1 - Engaging in Organized Election Fraud Count 2 - Illegal Voting | 2 | 8/22/2019 | E.C. 276.011; E.C. 64.012 |
| | | **Illegal** Voting | 2017 City of Edinburg **Election** | CR-3343-19-A | Illegal **Votir,g** | | 8/22/2019 | E.C. 64.012 |
| | | | f1ti:7CitvbfEdinoJ,'fr' | | | | s/22/iα, ' | |
| | | | 2017 City of Edinburg Election | CR-3341-19-A | Illegal Voting | | 8/22/2019 | E.C. 64.012 |



[Information as of 4/20/2022                                                                                         17

E.C. **64.012**

E.C.-**017**

E.C. M.OIZ

2017 City of **Edinburg** Election



| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Hidalgo· | 1o e Martinez | Iliegal  Vot.ng | 2017 City  of Edinburg Election | CR-3347-19-A | Illegal  Voting | 8/22/2019 | E.C. 64.012 |
| **Hidal**go' | Ludivina Leal | Illegal Voting | 2017 City of Edinburg Election | CR-3492-19-A | Illegal Voting | | E.C. 64.012 |
| Hidal(l<)' | Rosendo Rodnguez | Illegal Voting | ZO! 7 City o, Edinburg Election | CR-3345-19-A | Illegal Voting | | E.C. 64.012 |
| Hidalgo· | | Illegal  Voting | 2017 Oıy  of Edinburg Election | CR-3337-19-A | Illegal Voting | 8/22/2019 | LC.  64.012 |

| Limestonec | Kelly Reagan Brunner | Voter Registration Fraud • Vote Harvesting | 2020 Presidential Election | 15126-A | 67 counts Purportedly Acting as Agent (F3), 67 counts Election Fraud  SJF | 134 | 10/21/2020 | E.C. 13.006; 276.013 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Medina/ Bandera-t | Leonor Rivas Garza | Organized Election Fraud - Vote **Harvesting** | 2018 Republican Primary | | 18 | 2/9/2021 | E.C. 276.011; E.C. 64.012; E.C. 85.006; E.C. 276.013; E.C. Efl.0041 |
| | | | 2018 Republican Primary | CR21-021 | | | E.C. 276.011; E.C. 86.006; E.C. 86.010 |
| Bexar/ Kendall• | Ract.al 'Ra1:1uel1' Rodriguez | **Vote**Harvesting, Assistance Fraud, Illegal Voting, Election F.aud | 2020 Presidential El<>ction | 8231; 21-078-CR | **inten-t to  defraud. victim over 65** (SJF);  1 count Unlawful Assistance (Cl A); 1 count Election Fraud (Cl | 4 | :i/1/2021 | .C. 64.012; E.C. 86.006; E.C. 64.036; E.C. 276.013 |
| | il1eoalVotfu11 | | 2018 General imd' Sl)e'cial 2020 Pn ilr(_E | 21-QLi-088QfCR | | .2(   (' | E.C.' !O12 .. |

2018 Republican Primary — Election F@ud (FI); 2 counts **Illegal** Voting (F2); 8 counts of Unlawful Possession of Ballot/Ballot Envelope Enhanced (SJF);  2 counts Election Fraud Enhanced (SJF);  5 counts Fraudulent Use of Mail Ballot

I

Total Counts/ **Offenses** Pending
**Prosecution**                           410

'County offense occurred/County offense prosecuted. I *Investigated by local law enforcement and referred to OAG for prosecution I 'Prosecuted by or with assistance of local district/county attorney.

This document is not a summary of all election violations in this state.  This document does not  record or report offenses handled  exclusively by local law enforcement, district or county attorneys, and federal authorities.  This document only reflects cases investigated and/or prosecuted by the OAG.