IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., § § § *Plaintiffs*, § § v. § § STATE OF TEXAS, et al., § § *Defendants*. § § | Civil Action No. 5:21-CV-0844-XR (Consolidated Cases) |

## LUPE PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT KENNETH PAXTON

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs La Unión Del Pueblo Entero ("LUPE"), Friendship-West Baptist Church ("FRIENDSHIP-WEST"), the Anti-Defamation League Austin, Southwest, and Texoma Regions ("ADL"), Southwest Voter Registration Education Project ("SVREP"), Texas Impact, Mexican American Bar Association of Texas ("MABA-TX"), Texas Hispanics Organized for Political Education ("TEXAS HOPE"), Jolt Action, William C. Velasquez Institute ("WCVI"), FIEL Houston Inc. ("FIEL"), and James Lewin (collectively, "LUPE Plaintiffs") serve this Second Set of Requests for Production upon Defendant Kenneth Paxton, in his official capacity as the Texas Attorney General.

Responses to these Requests are to be produced to Megan Cloud within 30 days of receipt. To arrange for electronic production, please contact Megan Cloud at megan.cloud@weil.com. Anything that cannot be produced electronically should be produced to Megan Cloud at Weil, Gotshal & Manges LLP, 200 Crescent Court, Suite 300, Dallas, Texas 75201.

Each Request for Production is subject to the Definitions and Instructions listed below.

## DEFINITIONS

2

Except as specifically defined below, the terms used in this request shall be construed and defined in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Western District of Texas, wherever applicable. Any terms not defined shall be given their ordinary meaning.

1. "Any" or "all" mean "any and all."

2. "Communication" is synonymous in meaning and scope to the term "communication" as used in Local Rule 26, and includes any transfer of information of any type, whether written, oral, electronic, or otherwise, and includes transfers of information via email; report, letter, text message, voicemail message, written memorandum, note, summary, and other means.

3. "Curbside voting" means the method of voting available to voters under Tex. Elec. Code § 64.009(a).

4. "Date" means the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

5. "Document" is synonymous in meaning and scope to the term "document" as used in Federal Rule of Civil Procedure 34 and Local Rule 26 and includes, but is not limited to, records, reports, lists, data, statistics, summaries, analyses, communications (as defined above), computer discs, tapes, printouts, emails, databases, and any handwritten, typewritten, printed, electronically recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

6. "Early voting" means any method of voting that occurs prior to the uniform election date for a primary or general election.

7. "Extended hour voting" means any method of voting in which a voter casts a ballot at a polling place between the hours of 7:00 p.m. and 7:00 a.m.

8. "Election clerk" means any individual appointed by the presiding judge of an election precinct to assist the judge in the conduct of an election at the polling place for a primary or general election pursuant to Tex. Elec. Code § 32.031 et seq.

9. "Election judge" means any individual appointed as a presiding judge or an alternate presiding judge for a primary or general election pursuant to Tex. Elec. Code § 32.001 et seq.

10. "Including" means including, but not limited to.

11. "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trust groups, and organizations; federal, state, and local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

12. "Poll watcher" means any individual appointed to observe the conduct of an election on behalf of a candidate, a political party, or the proponents or opponents of a measure for a primary or general election pursuant to Tex. Elec. Code § 33.001 et seq. 22.

13. "SB 1" means the legislation designated as Senate Bill 1, titled "Relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses," that was introduced during the 87th First Called Session of the Texas Legislature and introduced and enacted during the 87th Second Called Session of the Texas Legislature and signed by the Governor of Texas on September 7, 2021.

4

14. "Texas county" means any employee of a political subdivision of the State of Texas, in the employee's official capacity, who is responsible for conducting, operating, facilitating, or supervising the electoral process or enforcing any provision of the Texas Election Code. This term includes but is not limited to members of a county's Commissioners Court, County Judges, County Election Administrators, County Tax Assessor-Collectors, County Clerks, or the employees of any of the above-listed offices whose responsibilities relate to that office's capacity facilitating the electoral process, as well as members of Signature Verification Committees and Early Voting Ballot Boards.

15. "Vote-by-mail" means any method of voting in which a voter casts a ballot received in the mail.

16. "Voter assistance" means any conduct permitted under Section 64.0321 of the Texas Election Code or required by Sections 203 and 208 of the Voting Rights Act, 52 U.S.C. §§ 10503, 10508.

17. "You" and "your" means Texas Attorney General Kenneth Paxton, and his office, including its employees, staff, agents, and representatives.

## INSTRUCTIONS

1. You shall produce materials and serve responses and any objections within 30 days after service of these Requests for Production.

2. If you object to any part of a request, set forth the basis of your objection and respond to all parts of the request to which you do not object. Any ground not stated in a timely objection is waived.

3. If, in responding to these Requests for Production, you encounter any ambiguities when construing a request or definition, set forth the matter deemed ambiguous and the

construction used in responding.

4. Regarding any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Federal Rule of Civil Procedure 26(b)(5), including a description of the basis of the claimed privilege and all information necessary for Plaintiff to assess the claim of privilege.

5. Produce all documents available to you or subject to your access or control that are responsive to the following document production topics. This includes documents in your actual or constructive possession or control and in the actual or constructive possession or control of your attorneys, investigators, experts, and anyone else acting on your behalf.

6. Documents are to be produced as they are kept in the ordinary course of business. Accordingly, documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to this subpoena should be produced intact with the documents; and documents attached to each other should not be separated. All documents are to be produced in electronic form. All documents including emails, should be produced in single page TIFF format, showing comments and track changes where applicable, with text extract and load files containing standard fielded information and metadata. TIFF images shall be placed in an Images folder with any given subfolder not to exceed 5,000 images per folder and accompanied by an .opt placed in a Data folder. Each page of a document should be assigned a unique production number (aka Bates number) electronically "burned" onto the image at allocation that does not unreasonably conceal or interfere with information on the document. The number should be consistent across the production, contain no special characters, and be numerically sequential within a given document. Attachments to

documents should be assigned numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached. If a number or set of numbers is skipped, the skipped number or set of numbers should be noted, for example with a placeholder.

7. Each request and subparagraph thereof are to be answered separately. To the extent that you do not have any documents reflecting the information requested herein, and/or any means of recording the information requested herein, please so indicate in your response to the specific production request.

8. Each document produced should be categorized by the number of the document request in response to which it is produced.

9. If any otherwise responsive document was, but is no longer, in existence or in your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all persons having knowledge or who had knowledge of the document, and also describe in full the circumstances surrounding its disposition from your possession or control.

10. These Requests are continuing in nature, up to and including the course of trial. Pursuant to Federal Rule of Civil Procedure 26(e), you are under a duty to promptly amend your responses to these Requests if you learn that an answer is in some material respect incomplete or incorrect. If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you are requested to state this fact in each response.

11. If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such documents as are available to

you without undertaking what you contend to be an unreasonable request; (b) describe with particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unreasonable.

12. The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

13. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a document production topic all responses that otherwise might be construed to be outside its scope.

14. A reference to an entity in this request shall be construed to include its officers, directors, partners, members, managers, employees, representatives, agents, consultants, and anyone acting on its behalf.

15. The document production topics apply to the November 8, 2022 General Election or any election thereafter in Texas occurring prior to trial in this matter, unless otherwise limited or expanded by a particular topic description.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 25:** All documents, including but not limited to communications, related to the voting practices in Dallas County that were modified by SB 1, including but not limited to, curbside voting, early voting, election clerks, election judges, poll watchers, poll workers, voter assistance, and vote-by-mail.

**REQUEST FOR PRODUCTION NO. 26:** All documents, including but not limited to communications, related to voter turnout in Dallas County.

**REQUEST FOR PRODUCTION NO. 27:** All documents, including but not limited to communications, related to actual, suspected or alleged election fraud, illegal voting, and other criminal conduct related to the 2022 General Election in Dallas County.

**REQUEST FOR PRODUCTION NO. 28:** All documents, including but not limited to communications, related to the voting practices in El Paso County that were modified by SB 1, including but not limited to, curbside voting, early voting, election clerks, election judges, poll watchers, poll workers, voter assistance, and vote-by-mail.

**REQUEST FOR PRODUCTION NO. 29:** All documents, including but not limited to communications, related to voter turnout in El Paso County.

**REQUEST FOR PRODUCTION NO. 30:** All documents, including but not limited to communications, related to actual, suspected or alleged election fraud, illegal voting, and other criminal conduct related to the 2022 General Election in El Paso County.

**REQUEST FOR PRODUCTION NO. 31:** All documents, including but not limited to communications, related to the voting practices in Hidalgo County that were modified by SB 1, including but not limited to, curbside voting, early voting, election clerks, election judges, poll watchers, poll workers, voter assistance, and vote-by-mail.

**REQUEST FOR PRODUCTION NO. 32:** All documents, including but not limited to communications, related to voter turnout in Hidalgo County.

**REQUEST FOR PRODUCTION NO. 33:** All documents, including but not limited to communications, related to actual, suspected or alleged election fraud, illegal voting, and other criminal conduct related to the 2022 General Election in Hidalgo County.

**REQUEST FOR PRODUCTION NO. 34:** All documents, including but not limited to communications, related to the voting practices in Travis County that were modified by SB 1, including but not limited to, curbside voting, early voting, election clerks, election judges, poll watchers, poll workers, voter assistance, and vote-by-mail.

**REQUEST FOR PRODUCTION NO. 35:** All documents, including but not limited to communications, related to voter turnout in Travis County.

**REQUEST FOR PRODUCTION NO. 36:** All documents, including but not limited to communications, related to actual, suspected or alleged election fraud, illegal voting, and other criminal conduct related to the 2022 General Election in Travis County.

**REQUEST FOR PRODUCTION NO. 37:** All documents, including but not limited to communications, between or among you, any Texas county, and/or the Office of the Texas Secretary of State related to criminal conduct that has or may have occurred in connection with the 2022 General Election, including, without limitation, documents regarding individuals who are not eligible to vote and who registered to vote or voted.

**REQUEST FOR PRODUCTION NO. 38:** All documents, including but not limited to communications, related to the Texas Secretary of State's determination that possible criminal conduct in connection with the 2022 General Election occurred.

**REQUEST FOR PRODUCTION NO. 39:** All documents, including but not limited to

communications, between or among you, any Texas county, and/or the Office of the Texas Secretary of State regarding non-compliance with Sections 15.083, 16.032, and 18.061 of the Texas Election Code and/or with rules implementing the statewide computerized voter registration list.

Dated: February 15, 2023

*/s/ Nina Perales*
Nina Perales
Julia R. Longoria
Fátima L. Menéndez
*MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND*
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: (210) 224-5476
Facsimile: (210 224-5382
nperales@maldef.org
jlongoria@maldef.org
fmenendez@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Jason S. Kanterman*
Kevin Zhen*
*FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP*
One New York Plaza
New York, New York 10004
Telephone:  (212) 859-8000
Facsimile: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
jason.kanterman@friedfrank.com
kevin.zhen@friedfrank.com
* Admitted pro hac vice

**Attorneys for Plaintiffs:**
*LA UNIÓN DEL PUEBLO ENTERO*
*SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT*
*MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS*
*TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION*
*JOLT ACTION*
*WILLIAM C. VELASQUEZ INSTITUTE*
*FIEL HOUSTON INC*

*/s/ Sean Morales-Doyle*
Sean Morales-Doyle
Jasleen K. Singh*
Patrick A. Berry*
Robyn N. Sanders*
Eliza Sweren-Becker*
Andrew B. Garber*
*BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW*
120 Broadway, Suite 1750
New York, NY 10271
Telephone: (646) 292-8310
Facsimile: (212) 463-7308
sean.morales-doyle@nyu.edu
jasleen.singh@nyu.edu
patrick.berry@nyu.edu
sandersr@brennan.law.nyu.edu
eliza.sweren-becker@nyu.edu
andrew.garber@nyu.edu

* Admitted pro hac vice

Paul R. Genender
Texas State Bar No. 00790758
Elizabeth Y. Ryan
Texas State Bar No. 24067758
Megan Cloud
Texas State Bar No. 24116207
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-8158
Facsimile: (214)746-7777
Liz.Ryan@weil.com
Paul.Genender@weil.com
Megan.Cloud@weil.com

**Attorneys for Plaintiffs:**
*FRIENDSHIP-WEST BAPTIST CHURCH*
*ANTI-DEFAMATION LEAGUE AUSTIN, SOUTHWEST, AND TEXOMA REGIONS*
*TEXAS IMPACT*
*JAMES LEWIN*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 15, 2023, I electronically served the foregoing document via electronic mail on all counsel of record.

> */s/ Julia R. Longoria*
> Julia Longoria