# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Case No. 5:21-cv-844-XR |
| | § | |
| GREGORY W. ABBOTT, *et al.,* | § | |
| *Defendants.* | § | |

| | | |
|---|---|---|
| OCA-GREATER HOUSTON, *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Case No. 1:21-cv-780-XR |
| | § | |
| JOSE A. ESPARZA, *et al,.* | § | |
| *Defendants.* | § | |

| | | |
|---|---|---|
| HOUSTON JUSTICE, *et al,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Case No. 5:21-cv-848-XR |
| | § | |
| GREGORY WAYNE ABBOTT, *et al.,* | § | |
| *Defendants.* | § | |

| | | |
|---|---|---|
| LULAC TEXAS, *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Case No. 1:21-cv-0786-XR |
| | § | |
| JOSE ESPARZA, *et al.,* | § | |
| *Defendants.* | § | |

| | | |
|---|---|---|
| MI FAMILIA VOTA, *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Case No. 5:21-cv-0920-XR |
| | § | |
| GREG ABBOTT, *et al.,* | § | |
| *Defendants.* | § | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 5:21-cv-1085-XR |
| | § | |
| THE STATE OF TEXAS, ET AL., | § | |
| *Defendants* | § | |

## THE SECRETARY'S OBJECTIONS AND RESPONSES TO PRIVATE PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

TO:     The LUPE Plaintiffs, by and through their attorney of record, Nina Perales, Mexican American Legal Defense and Education Fund, 110 Broadway, Suite 300, San Antonio, TX 78205; The OCA-Greater Houston Plaintiffs, by and through their attorney of record, Ryan V. Cox, Texas Civil Rights Project, 1405 Montopolis Drive, Austin, TX 78741; The Houston Justice Plaintiffs, by and through their attorney of record, Sarah M. Cummings, Reed Smith LLP, 2850 N. Harwood Street, Suite 1500, Dallas, TX 75201; The LULAC Plaintiffs, by and through their attorney of record, John R. Hardin, Perkins Coie LLP, 500 North Akard Street, Suite 3300, Dallas, Texas 75201-3347; and The Mi Familia Vota Plaintiffs, by and through their counsel of record, Sean Lyons, Lyons & Lyons, P.C., 237 W. Travis Street, Suite 100, San Antonio, Texas 78205; the United States, by and through its attorney of record, Daniel J. Freeman, Civil Rights Division, U.S. Department of Justice, 950 Pennsylvania Ave, NW, Washington, DC 20530.

Defendant John Scott ("Defendant" or "the Secretary"), in his official capacity as the Texas

Secretary of State, hereby serves his Objections and Responses to the Private Plaintiffs' First Set of

Requests for Production, pursuant to the Federal Rules of Civil Procedure.

Date: December 29, 2021                    Respectfully submitted.

KEN PAXTON                                 */s/ Patrick K. Sweeten*
Attorney General of Texas                  PATRICK K. SWEETEN
                                           Deputy Attorney General for Special Litigation
BRENT WEBSTER                              Tex. State Bar No. 00798537
First Assistant Attorney General
                                           WILLIAM T. THOMPSON
                                           Deputy Chief, Special Litigation Unit
                                           Tex. State Bar No. 24088531

                                           ERIC A. HUDSON
                                           Senior Special Counsel
                                           Tex. Bar No. 24059977
                                           KATHLEEN T. HUNKER

2

Special Counsel
Tex. State Bar No. 24118415
*Application for Admission Pending*

LEIF A. OLSON
Special Counsel
Tex. State Bar No. 24032801

JEFFREY M. WHITE
Special Counsel
Tex. State Bar No. 24064380

Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**Counsel for the Texas Secretary of State**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December, 2021, the attached the Secretary's Objections and Responses to Private Plaintiffs' First Request for Production of Documents was served on opposing counsel via electronic mail.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation

## OBJECTIONS RELEVANT TO EACH REQUEST

Defendant asserts that each of the following objections applies specifically to each request. In the interest of brevity, these objections are offered here to avoid unnecessary repetition of objections to definitions, scope, and similar issues that afflict each request below. These objections are as follows:

Under Rule 26(b)(1), the proper scope of discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (2015). Among the considerations that are germane to that inquiry are "the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The twin demands for relevancy and proportionality "are related but distinct requirements." *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). Thus, if the information sought is irrelevant to the party's claims or defenses, "it is not necessary to determine whether it would be proportional if it *were* relevant." *Walker v. Pioneer Prod. Servs., Inc.*, No. CV 15-0645, 2016 WL 1244510, at *3 (E.D. La. Mar. 30, 2016). Conversely, "relevance alone does not translate into automatic discoverability" because "[a]n assessment of proportionality is essential." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019). Accordingly, Defendant objects to these requests to the extent that the information sought is either irrelevant or disproportionate.

First, much of the production being sought is not "relevant to any party's claim or defense" in this case. The Private Plaintiffs challenge specific provisions within Senate Bill 1 ("SB1"). Many of the production requests, however, concern "election administration" generally, which effectively encompasses every action that the Office of the Texas Secretary of State ("Texas SOS") and/or local election official takes pursuant to the Texas Election Code. *See, e.g.*, RFP Nos. 13, 15, and 17. Additionally, the Private Plaintiffs indicate that they need all fields contained within the Texas Election Administration Management ("TEAM") system that relate to voter eligibility, voter history, and the

implementation and enforcement of SB1. However, not only does the Secretary of State's TEAM system contain vast amounts of data that sheds no light on these issues, but the Private Plaintiffs, again, make no effort to limit their requests to the provisions of SB1 raised in their live pleadings.

Second, large amounts of the requested production are not "proportional to the needs of the case." This language was inserted into Rule 26(b) in 2015 "to emphasize the need for proportionality," *Prasad v. George Washington Univ.*, 323 F.R.D. 88, 91 (D.D.C. 2017), and "highlight[] its significance," *Mannina v. D.C.*, 334 F.R.D. 336, 339 n.4 (D.D.C. 2020); *see also* Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary at 6, Supreme Court of the United States,[1] ("Rule 26(b)(1) crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality[.]"). As the Advisory Committee explained, this addition of overt "proportional" language was meant to better reflect the intent of the 1983 amendments, which were designed "to deal with the problem of over-discovery." Fed. R. Civ. P. 26(b) advisory committee's note (2015) (quoting the 1983 advisory notes). However, this "clear focus of the 1983 provisions may have been softened, although inadvertently, by the amendments made in 1993." *Id.* Thus, the 2015 amendment sought to "restore[] the proportionality factors to their original place in defining the scope of discovery" and reinforce the parties' obligation "to consider these factors in making discovery requests, responses, or objections." *Id.* As fully restored, the proportionality requirement "relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 672 (2019). Accordingly, Defendant objects to the Private Plaintiffs' Requests for Production to the extent that these requests fall short of this more stringent proportionality standard.

---

[1] https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf

Furthermore, Defendant objects to Private Plaintiffs' definitions of the terms "you," "your," and "Secretary of State," and to the names of specific individuals to the extent they attempt to impose rules or requirements that are inconsistent with the Federal Rules of Civil Procedure. Defendant is responding with information known to, or within the possession, custody, or control of Defendant. Defendant is not responding for other agencies, boards, bureaus, commissions, or other independent executive or legislative departments of the State of Texas. Defendant objects to the requests for production, definitions, and instructions to the extent they extend to non-parties, or require Defendant to answer for non-parties. Accordingly, Defendant objects to all requests with the terms "you," "your," and "Secretary of State" as overbroad, unduly burdensome, and not calculated to lead to admissible evidence.

The inadvertent production or disclosure of any privileged documents or information shall not constitute or be deemed to be a waiver of any applicable privilege with respect to such document or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. Defendant reserves the right not to produce documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. Defendant likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of documents produced in response to these requests; and (2) discovery requests relating to those documents.

These responses and objections are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information or documents requested. All answers are given without prejudice to Defendant's right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof. Likewise, these responses and objections are not intended to be, and shall not be construed as, agreement with the Private Plaintiffs' characterization of any facts, circumstances, or legal obligations. Defendant reserves the right to

6

contest any such characterization as inaccurate and object to the Requests insofar as they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

Defendant will provide his responses based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. Defendant objects to and will refrain from extending or modifying any words employed in the Requests to comport with any expanded definitions or instructions. Defendant will answer the Requests to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Western District of Texas.

## SPECIFIC OBJECTIONS AND RESPONSES TO PRIVATE PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents and communications regarding any rationale(s) for drafting or enacting SB 1, SB 7, HB 3, or HB 6.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request.

Additionally, Defendant objects to this request because it seeks irrelevant documents and communications. The Private Plaintiffs do not challenge *any* provision of SB7, HB3, or HB6, and challenge only a limited set of provisions of SB1, yet the request asks OAG to produce any document and communication about the rationale for drafting or enacting SB1, SB7, HB3, or HB6, regardless of whether it relates to provision that it challenged through the underlying suit. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome. The burden of conducting this examination far exceeds the benefit, especially since much of the information Private Plaintiffs seeks is either publicly available or more readily attainable from other parties to this litigation.

Defendant also objects to this request to the extent that it calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501. Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, who may or may not be parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. Finally, Defendant objects to this request to the extent that it encompasses documents publicly available or otherwise equally accessible to Plaintiffs.

Defendant will produce the following responsive documents: Fiscal notes prepared for the Texas Legislature on SB 1, SB 7, HB 3, and HB 6.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 2:** All documents and communications regarding the implementation or enforcement of SB 1, SB 7, HB 3, or HB 6.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request.

Additionally, Defendant objects to this request because it seeks irrelevant documents and communications. The Private Plaintiffs do not challenge any provision of SB7, HB3, or HB6, and challenge only a limited set of provisions of SB1, yet the request asks OAG to produce any document and communication about the rationale for drafting or enacting SB1, SB7, HB3, or HB6, regardless of whether it relates to provision that it challenged through the underlying suit. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome. The burden of conducting this examination far exceeds the benefit, especially since much of the information Private Plaintiffs seeks is either publicly available or more readily attainable from other parties to this litigation.

Defendant further objects to this request to the extent that it calls for the production of documents that are publicly available or otherwise equally accessible to the Private Plaintiffs or that are within the control of third parties, who may or may not be parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. As explained throughout this litigation, Texas SOS's principal duty under the Election Code is to obtain and maintain uniformity in Texas Elections, which it discharges by providing assistance and advice to local election authorities. It does not enforce the challenged provisions in SB1. What's more, SB7, HB3, or HB6 were not enacted into law. Texas SOS therefore has not developed, published, or communicated any training materials, guidance, election advisories, or other resources that address the enforcement or implementation of these bills. As such, this request is not proportionate to the needs of the case. It is outside the scope of discovery, and it seeks information that either does not exist or is not within Defendant's possession, custody, or control.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, investigative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501.

Defendant will produce the following responsive documents: Materials from multiple Election Law seminars hosted by the Office of the Secretary of State in December 2021; Election Advisory No. 2021–18; Election Advisory No. 2021–20; Election Advisory No. 2021–21; Election Advisory No. 2021–23; and Election Advisory No. 2021–24.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications regarding voter turnout, including patterns of voter turnout by racial or ethnic minorities, disabled persons, and partisan affiliation during the 2020 primary and general elections.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination far exceeds the benefit, especially since much of the information Private Plaintiffs seeks is either publicly available or more readily attainable from other parties to this litigation.

Defendant further objects to the request for "All documents and communications regarding voter turnout" sweeps far too broadly, and thus, is vague, overly broad, and unduly burdensome. Requesting "all documents" related to voter turnout is not sufficiently specific to determine what would be potentially responsive or assess the burdens of collecting and producing any such information. Moreover, much of the requested information is not relevant to any claims or defenses in this case. Plaintiffs have filed suit over select portions of SB1, not the entirety of the changes.

Defendant also objects to this request to the extent that it calls for the production of documents that are publicly available or otherwise equally accessible to the Private Plaintiffs or that are within the control of third parties, who may or may not be parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. As explained throughout this litigation, Texas SOS's principal duty under the Election Code is to obtain and maintain uniformity in Texas Elections, which it discharges by providing assistance and advice to local election authorities. Texas SOS does not conduct independent assessments regarding voter turnout. What's more, the State of Texas neither requests nor records a voter's party affiliation during the registration process. Voters instead typically affiliate with a party by being accepted to vote in a party's primary election. Tex. Elec. Code § 162.003.  That affiliation then automatically expires at the end of each calendar year. Tex. Elec. Code § 162.010. As such, this request is not proportionate to the needs of the case. It is outside the scope of discovery, and it seeks information that either does not exist or is not within Defendant's possession, custody, or control.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent

they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld

**REQUEST FOR PRODUCTION NO. 4:** All documents and communications regarding the impact or potential impact of SB 1, SB 7, HB 3, or HB 6 on particular demographics, including but not limited to racial or ethnic minorities, disabled persons, and party affiliation.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. In addition, Defendant objects to this request to the extent it seeks irrelevant documents and/or communications. The Private Plaintiffs only challenge a limited set of provisions in SB1, yet the request asks Texas SOS to produce any document and/or communication about the impact of SB1, SB7, HB3, or HB6, regardless of whether impact stems from a challenged provision. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination far exceeds the benefit, especially since the Private Plaintiffs indicate in the request that their inquiry is directed at a much narrower subset of information.

Defendant further objects to this request to the extent that it calls for the production of documents that are publicly available or otherwise equally accessible to the Private Plaintiffs or that are within the control of third parties, who are not parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. As explained throughout this litigation, Texas SOS's principal duty under the Election Code is to obtain and maintain uniformity in Texas Elections, which it discharges by providing assistance and advice to local election authorities. Texas SOS does not conduct independent assessments regarding the impact or potential impact of enacted or proposed legislation on specific demographics. What's more, the State of Texas neither requests nor records a voter's party affiliation during the registration process. Voters instead typically affiliate with a party by being accepted to vote in a party's primary election. Tex. Elec. Code § 162.003.  That affiliation then automatically expires at the end of each calendar year. Tex. Elec. Code § 162.010. As such, this request is not proportionate to the needs of the case. It is outside the scope of discovery, and it seeks information that either does not exist or is not within Defendant's possession, custody, or control.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent

they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 5:** All documents and communications regarding usage of the following methods of voting by racial or ethnic minorities and disabled persons, or by party affiliation, during the period from 2016 to present:

(a) Drop-box voting;
(b) Drive-thru voting;
(c) 24-hour voting;
(d) Straight-ticket voting;
(e) Vote-by-mail;
(f) Early voting;
(g) Curbside voting;
(h) All other methods of voting.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, ambiguous, vague, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request.

Defendant also objects to the catchall term "all other methods of voting" as not only being vague, ambiguous, and overly broad, but also lacking specificity. Without additional limits, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy. Because the Plaintiffs do not challenge "all methods of voting," but rather specific provisions of SB1, the burden of conducting the request far exceeds the benefit, especially since much of the information Private Plaintiffs seeks is either publicly available or more readily attainable from other parties to this litigation.

Defendant further objects to this request to the extent that it calls for the production of documents that are publicly available or otherwise equally accessible to the Private Plaintiffs or that are within the control of third parties, who are not parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. As explained throughout this litigation, Texas SOS's principal duty under the Election Code is to obtain and maintain uniformity in Texas Elections, which it discharges by providing assistance and advice to local election authorities. Texas SOS does not conduct independent assessments regarding usage of voting methods by specific demographic groups. What's more, the State of Texas neither requests nor records a voter's party affiliation during the registration process. Voters instead typically affiliate with a party by being accepted to vote in a party's primary election. Tex. Elec. Code § 162.003.  That affiliation then automatically expires at the end of each calendar year. Tex. Elec. Code § 162.010. As such, this request is not proportionate to the needs of the case. It is outside the scope of discovery,

and it seeks information that either does not exist or is not within Defendant's possession, custody, or control.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501. In accordance with Texas Election Code § 31.006, if, after receiving or discovering a complaint alleging information indicating criminal conduct in connection with an election, Texas SOS determines that there is reasonable cause to suspect that the alleged criminal conduct occurred, Texas SOS shall refer the complaint information to the Attorney General for further investigation and possible prosecution. The release of information related to these complaints could compromise and endanger the Attorney General's investigation to the extent it remains ongoing. Defendant therefore considers any documents related to open investigations and prosecutions to be privileged, unduly burdensome, and not proportional to the needs of the case.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 6:** All documents and communications regarding voter assistance, including transportation assistance and vote harvesting, and patterns of requests for voter assistance by race, ethnicity, disability status, or party affiliation during the period from 2016 to present.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination thus far exceeds the benefit.

Defendant further objects to the request for "All documents and communications regarding voter assistance, as vague, unintelligible, overly broad, and unduly burdensome. Additionally, it calls for the production of materials that are irrelevant to any challenge raised in this case. For example, Texas Elections Code §§ 64.032, -.0321, -.033, and -.035, which were not amended by SB1, concern voting assistance, yet those provision are not at issue in this litigation. Defendant objects that review and production of *all documents and communications* regarding voter assistance, without limitation, will necessarily require a search for and review of materials that do not bear any relationship to the issues in this case.

13

Defendant further objects to this request to the extent that it calls for the production of documents that are publicly available or otherwise equally accessible to the Private Plaintiffs or that are within the control of third parties, who may or may not be parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. As explained throughout this litigation, Texas SOS's principal duty under the Election Code is to obtain and maintain uniformity in Texas Elections, which it discharges by providing assistance and advice to local election authorities. Texas SOS does not conduct independent assessments regarding voting assistance or the patterns or frequency in which certain demographic groups utilize this option. What's more, the State of Texas neither requests nor records a voter's party affiliation during the registration process. Voters instead typically affiliate with a party by being accepted to vote in a party's primary election. Tex. Elec. Code § 162.003. That affiliation then automatically expires at the end of each calendar year. Tex. Elec. Code § 162.010. As such, this request is not proportionate to the needs of the case. It is outside the scope of discovery, and it seeks information that either does not exist or is not within Defendant's possession, custody, or control.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, investigative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501. In accordance with Texas Election Code § 31.006, if, after receiving or discovering a complaint alleging information indicating criminal conduct in connection with an election, Texas SOS determines that there is reasonable cause to suspect that the alleged criminal conduct occurred, Texas SOS shall refer the complaint information to the Attorney General for further investigation and possible prosecution. The release of information related to these complaints could compromise and endanger the Attorney General's investigation to the extent it remains ongoing. Defendant therefore considers any documents related to open investigations and prosecutions to be privileged, unduly burdensome, and not proportional to the needs of the case.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 7:** All documents and communications regarding the number or proportion of Texas residents, Texas citizens of voting age, or Texas registered voters who have, or lack, a driver's license, election identification certificate, personal identification card, or social security number, including patterns by race, ethnicity, disability status, or party affiliation from 2016 to present.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas

SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. In addition, Defendant objects to this request to the extent it seeks irrelevant documents and/or communications. Defendant understands RFP No. 25 to pertain to the Private Plaintiffs' assorted claims that Sections 5.01–5.03, 5.06–5.08, and 5.10–14 of SB1 violate federal law. *See, e.g.*, ECF 137 ¶¶ 110, 119–23. These provisions relate exclusively to mail-in voting. Yet the Private Plaintiffs request any documents and/or communication about the number of Texans who have, or lack, a driver's license, election identification certificate, personal identification card, or social security number generally. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination far exceeds the benefit. The request is therefore not proportionate to the needs of this case and goes outside the scope of discovery.

Defendant objects to this request to the extent that it calls for the production of documents that are publicly available or otherwise equally accessible to the Private Plaintiffs or that are within the control of third parties, including independent officers of the State of Texas, who may or may not be parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. As explained throughout this litigation, Texas SOS's principal duty under the Election Code is to obtain and maintain uniformity in Texas Elections, which it discharges by providing assistance and advice to local election authorities. Texas SOS does not conduct, as a general matter, independent assessments regarding the number or proportion of Texans who have, or lack, the forms of identification identified in this request; nor does it assess patterns among certain demographic groups. What's more, the State of Texas neither requests nor records a voter's party affiliation during the registration process. Voters instead typically affiliate with a party by being accepted to vote in a party's primary election. Tex. Elec. Code § 162.003. That affiliation then automatically expires at the end of each calendar year. Tex. Elec. Code § 162.010. As such, this request is not proportionate to the needs of the case. It is outside the scope of discovery, and it seeks information that either does not exist or is not within Defendant's possession, custody, or control.

Defendant does not interpret RFP No. 7 as applying to the contents of fields contained within the Texas SOS's TEAM database. To the extent it does encompass the TEAM database, Defendant objects to the request as being redundant to RFP No. 25 and incorporates the objections that Defendant stipulated in response to the same. The TEAM system contains highly sensitive and confidential information that, if exposed, could risk data security and the integrity of the Texas election system as well as expose individual Texans to identity theft, harassment, extortion, and other crimes. Defendant is in the process of producing much of the requested data to the Department of Justice ("DOJ"), who shares a common objective to the Private Plaintiffs and intends to analyze the data for evidence of violations of federal law. The Private Plaintiffs have the option of utilizing DOJ's assessment for their own purposes. The burden of answering this request thus far exceeds the benefit since the Private Plaintiffs have an alternative avenue of obtaining the information that does not present the acute risk to election security or privacy concerns.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 8:** All documents and communications discussing actual or alleged illegal voting, election fraud, or other criminal conduct in connection with the following methods of voting during the period from 2016 to present:

    (a) Drop-box voting;
    (b) Drive-thru voting;
    (c) 24-hour voting;
    (d) Straight-ticket voting;
    (e) Vote-by-mail;
    (f) Early voting;
    (g) Curbside voting;
    (h) All other methods of voting.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, ambiguous, vague, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. Defendant also objects to the catchall term "all other methods of voting" as not only being vague, ambiguous, and overly broad, but also lacking specificity. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination thus far exceeds the benefit, especially since much of the information Private Plaintiffs seeks is either publicly available or more readily attainable from other parties to this litigation.

Defendant objects to this request to the extent that it calls for the production of documents that are publicly available or otherwise equally accessible to the Private Plaintiffs or that are within the control of third parties, including independent officers of the State of Texas, who may or may not be parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. Defendant also objects to this request to the extent that it calls for the production of documents subject to legislative privilege, investigative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501. In accordance with Texas Election Code § 31.006, if, after receiving or discovering a complaint alleging information indicating criminal conduct in connection with an election, Texas SOS determines that there is reasonable cause to suspect that the alleged criminal conduct occurred, Texas SOS shall refer the complaint information to the

16

Attorney General for further investigation and possible prosecution. The release of information related to these complaints could compromise and endanger the Attorney General's investigation to the extent it remains ongoing. Defendant therefore considers any documents related to open investigations and prosecutions to be privileged, unduly burdensome, and not proportional to the needs of the case.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 9:** All documents and communications regarding the methods you took to secure, monitor, surveil, watch, or supervise the following methods of voting during the period from 2016 to present:

       (a) Drive-thru voting;
       (b) 24-hour voting;
       (c) Ballot drop boxes;
       (d) Straight-ticket voting;
       (e) Vote-by-mail;
       (f) Early voting;
       (g) Curbside voting;
       (h) All other methods of voting.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, ambiguous, vague, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. Defendant also objects to the catchall term "all other methods of voting" as not only being vague, ambiguous, and overly broad, but also lacking specificity. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination thus far exceeds the benefit, especially since much of the information Private Plaintiffs seeks is either publicly available or more readily attainable from other parties to this litigation.

Defendant objects to this request to the extent that it calls for the production of documents that are publicly available or otherwise equally accessible to the Private Plaintiffs or that are within the control of third parties, including independent officers of the State of Texas, who may or may not be parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. As explained throughout this litigation, Texas SOS's principal duty under the Election Code is to obtain and maintain uniformity in Texas Elections, which

it discharges by providing assistance and advice to local election authorities. Texas SOS does not, as a general matter, secure, monitor, surveil, watch, or supervise methods of voting, although it has the authority to do so. Tex. Elec. Code § 34.004. The Secretary instead appoints one or more state inspectors, who are entitled to be present at and observe any function or activity at a polling place, central counting station, place of canvass, or other place at which official election or voter registration functions or activities take place. Tex. Elec. Code § 34.001–31.002. State inspectors may but are not obligated to file a report with Texas SOS, stipulating their findings.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, investigative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501. In accordance with Texas Election Code § 34.005, Texas SOS may refer a reported violation of law from a state inspector for appropriate action to the attorney general, if the attorney general has jurisdiction, or to a prosecuting attorney having jurisdiction. The release of information related to these reports could compromise and endanger the Attorney General or prosecuting attorney's investigation to the extent it remains ongoing. Defendant therefore considers any documents related to open investigations and prosecutions to be privileged, unduly burdensome, and not proportional to the needs of the case.

Defendant will produce the following responsive documents: Training materials for state inspectors and election judges.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 10:** All documents and communications regarding actual or alleged illegal voting, election fraud, or other criminal conduct in connection with voter assistance, including transportation assistance and vote harvesting, during the period from 2016 to present.

**RESPONSE:**

Defendant objects to the request for "All documents and communications" regarding voter assistance, as vague, unintelligible, overly broad, and unduly burdensome. Additionally, it calls for the production of materials that are irrelevant to any challenge raised in this case. For example, Texas Elections Code §§ 64.032, -.0321, -.033, and -.035, which were not amended by SB1, concern voting assistance, yet those provision are not at issue in this litigation. Defendant objects that review and production of *all documents and communications* regarding voter assistance, without limitation, will necessarily require a search for and review of materials that do not bear any relationship to the issues in this case.

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires

Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. In addition, Defendant objects to this request to the extent it seeks irrelevant documents and communications. The Private Plaintiffs only challenge a limited set of provisions in SB1, yet the request asks Defendant to produce any document or communication about all types of voter assistance, regardless of whether that conduct was addressed by SB1. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination far exceeds the benefit, especially since the Private Plaintiffs indicate in the request that their inquiry is directed at a narrower subset of information. The request is therefore not proportionate to the needs of this case and goes outside the scope of discovery.

Defendant further objects that this request is needlessly duplicative on its face, or alternatively, it is indecipherable. Request No. 8 seeks information on alleged illegal voting, election fraud, or other criminal conduct, and so does this request. It is unclear how or whether this request is either broader or narrower than Request No. 8.

Defendant objects to this request to the extent that it calls for the production of documents that are publicly available or otherwise equally accessible to the Private Plaintiffs or that are within the control of third parties, including independent officers of the State of Texas, who may or may not be parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. Defendant also objects to this request to the extent that it calls for the production of documents subject to legislative privilege, investigative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501 In accordance with Texas Election Code § 31.006, if, after receiving or discovering a complaint alleging information indicating criminal conduct in connection with an election, Texas SOS determines that there is reasonable cause to suspect that the alleged criminal conduct occurred, Texas SOS shall refer the complaint information to the Attorney General for further investigation and possible prosecution. The release of information related to these complaints could compromise and endanger the Attorney General's investigation to the extent it remains ongoing. Defendant therefore considers any documents related to open investigations and prosecutions to be privileged, unduly burdensome, and not proportional to the needs of the case.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 11:** All documents and communications regarding instances of violence, discrimination, harassment, intimidation, or inappropriate behavior from a partisan poll watcher, poll worker, or election judge, during the period from 2016 to present.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, ambiguous, vague, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. In addition, Defendant objects to this request to the extent it seeks irrelevant documents and communications. The Private Plaintiffs only challenge a limited set of provisions in SB1, yet the request asks Defendant to produce any document or communication about instances of violence, discrimination, harassment, intimidation, or inappropriate behavior from a partisan poll watcher, poll worker, or election judge, regardless of whether that conduct was addressed by SB1. The problems with this request are compounded by the Private Plaintiffs' use of the catchall term "inappropriate behavior," which Defendant objects to as not only being vague, ambiguous, and overly broad, but also lacking specificity. Accordingly, without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination far exceeds the benefit. The request is therefore not proportionate to the needs of this case and goes outside the scope of discovery.

Defendant objects to this request to the extent that it calls for the production of documents that are publicly available or otherwise equally accessible to the Private Plaintiffs or that are within the control of third parties, including independent officers of the State of Texas, who may or may not be parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. Defendant also objects to this request to the extent that it calls for the production of documents subject to legislative privilege, investigative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501 In accordance with Texas Election Code § 31.006, if, after receiving or discovering a complaint alleging information indicating criminal conduct in connection with an election, Texas SOS determines that there is reasonable cause to suspect that the alleged criminal conduct occurred, Texas SOS shall refer the complaint information to the Attorney General for further investigation and possible prosecution. The release of information related to these complaints could compromise and endanger the Attorney General's investigation to the extent it remains ongoing. Defendant therefore considers any documents related to open investigations and prosecutions to be privileged, unduly burdensome, and not proportional to the needs of the case.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 12:** All documents and communications related to voting practices, election administration, and voter turnout in Harris County.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, vague, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request.

In addition, as commonly understood, the terms "voting practices" and "election administration" would encompass almost every action taken by Texas SOS or local election official pursuant to the Election Code so long as it concerned Harris County. The terms therefore are overly broad, vague, lack specificity, and do not qualify or limit the Private Plaintiffs' request in any meaningful sense, as the Election Code contains thousands of provisions, for which Texas SOS routinely answers inquiries and/or issues guidance. Accordingly, without additional parameters, the request would require Defendant, and later counsel, to examine voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination far exceeds the benefit since much of the information Private Plaintiffs seeks is either publicly available or more readily attainable from other parties to this litigation. The request is therefore not proportionate to the needs of this case and goes outside the scope of discovery.

Defendant also objects to this request to the extent that it calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501. Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, who may or may not be parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. Finally, Defendant objects to this request to the extent that it encompasses documents publicly available or otherwise equally accessible to Plaintiffs.

Defendant will produce the following responsive documents: multiple letters between Texas SOS and the Harris County Clerk concerning election administration; letter dated December 10, 2021, from Texas SOS to four Texas counties concerning request the Texas SOS's for a full forensic audit of the November 2020 general election; and the Harris County Election Administrator's response to Texas SOS's request for a full forensic audit dated December 21, 2021. Defendant also refers Plaintiff to the Texas SOS website, which has early voting and election day turnout information for Harris County in a searchable format, available at https://www.sos.state.tx.us/elections/historical/index.shtml.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

21

**REQUEST FOR PRODUCTION NO. 13:** All documents and communications related to actual or alleged election fraud, illegal voting, and other criminal conduct relating to elections in Harris County.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. In addition, Defendant objects to this request to the extent it seeks irrelevant documents and communications. The Private Plaintiffs only challenge a limited set of provisions in SB1, yet the request asks Defendant to produce any document or communication about election-related, illegal conduct in Harris County, regardless of whether the specific conduct was addressed by SB1. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination far exceeds the benefit since much of the information Private Plaintiffs seeks is either publicly available or more readily attainable from other parties to this litigation. The request is therefore not proportionate to the needs of this case and goes outside the scope of discovery.

Defendant further objects that this request is needlessly duplicative and cumulative of other requests. Request Nos. 8 and 10 seek information on alleged illegal voting, election fraud, or other criminal conduct, and so does this request.

Defendant objects to this request to the extent that it calls for the production of documents that are publicly available or otherwise equally accessible to the Private Plaintiffs or that are within the control of third parties, including independent officers of the State of Texas, who may or may not be parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. Defendant also objects to this request to the extent that it calls for the production of documents subject to legislative privilege, investigative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501 In accordance with Texas Election Code § 31.006, if, after receiving or discovering a complaint alleging information indicating criminal conduct in connection with an election, Texas SOS determines that there is reasonable cause to suspect that the alleged criminal conduct occurred, Texas SOS shall refer the complaint information to the Attorney General for further investigation and possible prosecution. The release of information related to these complaints could compromise and endanger the Attorney General's investigation to the extent it remains ongoing. Defendant therefore considers any documents related to open investigations and prosecutions to be privileged, unduly burdensome, and not proportional to the needs of the case.

Defendant refers Private Plaintiffs to the documents produced in response to RFP No. 12.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 14:** All documents and communications related to voting practices, election administration, and voter turnout in Bee County.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, ambiguous, vague, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. In addition, as commonly understood, the terms "voting practices" and "election administration" would encompass almost every action taken by Texas SOS or local election official pursuant to the Election Code so long as it concerned Bee County. The terms therefore are overly broad, vague, lack specificity, and do not qualify or limit the Private Plaintiffs' request in any meaningful sense, as the Election Code contains thousands of provisions, for which Texas SOS routinely answers inquiries and/or issues guidance. Accordingly, without additional parameters, the request would require Defendant, and later counsel, to examine voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination far exceeds the benefit since much of the information Private Plaintiffs seeks is publicly available. The request is therefore not proportionate to the needs of this case and goes outside the scope of discovery.

Defendant also objects to this request to the extent that it calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501. Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, who may or may not be parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. Finally, Defendant objects to this request to the extent that it encompasses documents publicly available or otherwise equally accessible to Plaintiffs.

Defendant refers Plaintiff to the Texas SOS website, which has early voting and election day turnout information for Bee County in a searchable format, available at https://www.sos.state.tx.us/elections/historical/index.shtml.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be

identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 15:** All documents and communications related to voting practices, election administration, and voter turnout in Bexar County.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, vague, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. In addition, as commonly understood, the terms "voting practices" and "election administration" would encompass almost every action taken by Texas SOS or local election official pursuant to the Election Code so long as it concerned Bexar County. The terms therefore are overly broad, vague, lack specificity, and do not qualify or limit the Private Plaintiffs' request in any meaningful sense, as the Election Code contains thousands of provisions, for which Texas SOS routinely answers inquiries and/or issues guidance. Accordingly, without additional parameters, the request would require Defendant, and later counsel, to examine voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination far exceeds the benefit since much of the information Private Plaintiffs seeks is either publicly available or more readily attainable from other parties to this litigation. The request is therefore not proportionate to the needs of this case and goes outside the scope of discovery.

Defendant also objects to this request to the extent that it calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501. Defendant objects to this request to the extent that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, who may or may not be parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. Finally, Defendant objects to this request to the extent that it encompasses documents publicly available or otherwise equally accessible to Plaintiffs.

Defendant refers Plaintiff to the Texas SOS website, which has early voting and election day turnout information for Bexar County in a searchable format, available at https://www.sos.state.tx.us/elections/historical/index.shtml.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 16:** All documents and communications related to actual or alleged election fraud, illegal voting, and other criminal conduct relating to elections in Bexar County.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. In addition, Defendant objects to this request to the extent it seeks irrelevant documents and communications. The Private Plaintiffs only challenge a limited set of provisions in SB1, yet the request asks Defendant to produce any document or communication about election-related, illegal conduct in Bexar County, regardless of whether the specific conduct was addressed by SB1. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination far exceeds the benefit since much of the information Private Plaintiffs seeks is either publicly available or more readily attainable from other parties to this litigation. The request is therefore not proportionate to the needs of this case and goes outside the scope of discovery.

Defendant further objects that this request is needlessly duplicative and cumulative of other requests. Request Nos. 8, 10 and 13 seek information on alleged illegal voting, election fraud, or other criminal conduct, and so does this request. While Request No. 13 is limited to Harris County, and thus is not explicitly duplicative, Request Nos. 8 and 10 are.

Defendant objects to this request to the extent that it calls for the production of documents that are publicly available or otherwise equally accessible to the Private Plaintiffs or that are within the control of third parties, including independent officers of the State of Texas, who may or may not be parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. Defendant also objects to this request to the extent that it calls for the production of documents subject to legislative privilege, investigative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501. In accordance with Texas Election Code § 31.006, if, after receiving or discovering a complaint alleging information indicating criminal conduct in connection with an election, Texas SOS determines that there is reasonable cause to suspect that the alleged criminal conduct occurred, Texas SOS shall refer the complaint information to the Attorney General for further investigation and possible prosecution. The release of information related to these complaints could compromise and endanger the Attorney General's investigation to the extent it remains ongoing. Defendant therefore considers any documents related to open investigations and prosecutions to be privileged, unduly burdensome, and not proportional to the needs of the case.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent

they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 17:** All documents and communications related to actual or alleged election fraud, illegal voting, and other criminal conduct relating to elections in Bee County.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. In addition, Defendant objects to this request to the extent it seeks irrelevant documents and communications. The Private Plaintiffs only challenge a limited set of provisions in SB1, yet the request asks Defendant to produce any document or communication about election-related, illegal conduct in Bexar County, regardless of whether the specific conduct was addressed by SB1. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination far exceeds the benefit since much of the information Private Plaintiffs seeks is either publicly available or more readily attainable from other parties to this litigation. The request is therefore not proportionate to the needs of this case and goes outside the scope of discovery.

Defendant further objects that this request is needlessly duplicative and cumulative of other requests. Request Nos. 8, 10, 16, and 16 seek information on alleged illegal voting, election fraud, or other criminal conduct, and so does this request. While Request Nos. 13 and 16 are limited to particular counties, and thus is not explicitly duplicative, Request Nos. 8 and 10 are.

Defendant objects to this request to the extent that it calls for the production of documents that are publicly available or otherwise equally accessible to the Private Plaintiffs or that are within the control of third parties, including independent officers of the State of Texas, who may or may not be parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. Defendant also objects to this request to the extent that it calls for the production of documents subject to legislative privilege, investigative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501 In accordance with Texas Election Code § 31.006, if, after receiving or discovering a complaint alleging information indicating criminal conduct in connection with an election, Texas SOS determines that there is reasonable cause to suspect that the alleged criminal conduct occurred, Texas SOS shall refer the complaint information to the Attorney General for further investigation and possible prosecution. The release of information related to these complaints could compromise and endanger the Attorney General's investigation to the extent it remains ongoing. Defendant therefore considers any documents related to open

investigations and prosecutions to be privileged, unduly burdensome, and not proportional to the needs of the case.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 18:** All communications between you and the Texas Legislature regarding SB 1, SB 7, HB 3, and HB 6, including communications regarding the impacts or potential impacts of SB 1, SB 7, HB 3, and HB 6 on racial or ethnic minorities, disabled persons, and on voters by party affiliation.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. In addition, Defendant objects to this request to the extent it seeks irrelevant communications between Texas SOS and the Legislature. The Private Plaintiffs only challenge a limited set of provisions in SB1, yet the request asks Texas SOS to produce any communication Texas SOS had with lawmakers on SB1, SB7, HB3, and HB6 regardless of whether the subject of that communication bears on the issues raised in Private Plaintiffs' legal action. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination far exceeds the benefit, especially since the Private Plaintiffs indicate in the request that their inquiry is directed at a much narrower subset of information: impacts or potential impacts of SB1, SB7, HB3, and HB6 on certain demographic groups.

Defendant further objects to this request to the extent that it calls for the production of documents within the control of third parties, who are not parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. As explained throughout this litigation, Texas SOS's principal duty under the Election Code is to obtain and maintain uniformity in Texas Elections, which it discharges by providing assistance and advice to local election authorities. Texas SOS does not conduct independent assessments regarding the impact or potential impact of enacted or proposed legislation on specific demographics. What's more, the State of Texas neither requests nor records a voter's party affiliation during the registration process. Voters instead typically affiliate with a party by being accepted to vote in a party's primary election. Tex. Elec. Code § 162.003. That affiliation then automatically expires at the end of each calendar year. Tex. Elec. Code § 162.010. As such, this request is not proportionate to the needs of the case. It is outside the scope of discovery, and it seeks information that either does not exist or is not within Defendant's possession, custody, or control.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 19:** All communications between you and the Texas Governor regarding SB 1, SB 7, HB 3, and HB 6, including communications regarding the impacts or potential impacts of SB 1 on racial or ethnic minorities, disabled voters, and voters by party affiliation.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. In addition, Defendant objects to this request to the extent it seeks irrelevant communications between Texas SOS and the Governor. The Private Plaintiffs only challenge a limited set of provisions in SB1, yet the request asks Texas SOS to produce any communication Texas SOS had with the Governor and his staff on SB1, SB7, HB3, and HB6 regardless of whether the subject of that communication bears on the issues raised in Private Plaintiffs' legal action. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination far exceeds the benefit, especially since the Private Plaintiffs indicate in the request that their inquiry is directed at a much narrower subset of information: impacts or potential impacts of SB1, SB7, HB3, and HB6 on certain demographic groups.

Defendant further objects to this request to the extent that it calls for the production of documents within the control of third parties, who are not parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. As explained throughout this litigation, Texas SOS's principal duty under the Election Code is to obtain and maintain uniformity in Texas Elections, which it discharges by providing assistance and advice to local election authorities. Texas SOS does not conduct independent assessments regarding the impact or potential impact of enacted or proposed legislation on specific demographics. What's more, the State of Texas neither requests nor records a voter's party affiliation during the registration process. Voters instead typically affiliate with a party by being accepted to vote in a party's primary election. Tex. Elec. Code § 162.003. That affiliation then automatically expires at the end of each calendar year. Tex. Elec. Code § 162.010. As such, this request is not proportionate to the needs of the case. It is outside the scope of discovery, and it seeks information that either does not exist or is not within Defendant's possession, custody, or control.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 20:** All communications between you and the Texas Lieutenant Governor regarding SB 1, SB 7, HB 3, and HB 6, including communications regarding the impacts or potential impacts of SB 1, SB 7, HB 3, and HB 6 on racial or ethnic minorities and disabled voters, and on voters by party affiliation.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. In addition, Defendant objects to this request to the extent it seeks irrelevant communications between Texas SOS and the Lieutenant Governor. The Private Plaintiffs only challenge a limited set of provisions in SB1, yet the request asks Texas SOS to produce any communication Texas SOS had with the Lieutenant Governor and his staff on SB1, SB7, HB3, and HB6 regardless of whether the subject of that communication bears on the issues raised in Private Plaintiffs' legal action. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination far exceeds the benefit, especially since the Private Plaintiffs indicate in the request that their inquiry is directed at a much narrower subset of information: impacts or potential impacts of SB1, SB7, HB3, and HB6 on certain demographic groups.

Defendant further objects to this request to the extent that it calls for the production of documents within the control of third parties, who are not parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. As explained throughout this litigation, Texas SOS's principal duty under the Election Code is to obtain and maintain uniformity in Texas Elections, which it discharges by providing assistance and advice to local election authorities. Texas SOS does not conduct independent assessments regarding the impact or potential impact of enacted or proposed legislation on specific demographics. What's more, the State of Texas neither requests nor records a voter's party affiliation during the registration process. Voters instead typically affiliate with a party by being accepted to vote in a party's primary election. Tex. Elec. Code § 162.003.  That affiliation then automatically expires at the end of each calendar year. Tex. Elec. Code § 162.010. As such, this request is not proportionate to the needs

of the case. It is outside the scope of discovery, and it seeks information that either does not exist or is not within Defendant's possession, custody, or control.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 21:** All communications between you and the Texas Attorney General regarding SB 1, SB 7, HB 3, and HB 6, including communications regarding the impacts or potential impacts of SB 1, SB 7, HB 3, and HB 6 on racial or ethnic minorities and disabled voters, and on voters by party affiliation.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. In addition, Defendant objects to this request to the extent it seeks irrelevant communications between Texas SOS and the Attorney General. The Private Plaintiffs only challenge a limited set of provisions in SB1, yet the request asks Texas SOS to produce any communication Texas SOS had with the Attorney General and his staff on SB1, SB7, HB3, and HB6 bills regardless of whether the subject of that communication bears on the issues raised in Private Plaintiffs' legal action. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination far exceeds the benefit, especially since the Private Plaintiffs indicate in the request that their inquiry is directed at a much narrower subset of information: impacts or potential impacts of SB 1, SB 7, HB 3, and HB 6 on certain demographic groups.

Defendant further objects to this request to the extent that it calls for the production of documents within the control of third parties, who are not parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. As explained throughout this litigation, Texas SOS's principal duty under the Election Code is to obtain and maintain uniformity in Texas Elections, which it discharges by providing assistance and advice to local election authorities. Texas SOS does not conduct independent assessments regarding the impact or potential impact of enacted or proposed legislation on specific demographics. What's more, the State of Texas neither requests nor records a voter's party affiliation during the

registration process. Voters instead typically affiliate with a party by being accepted to vote in a party's primary election. Tex. Elec. Code § 162.003.  That affiliation then automatically expires at the end of each calendar year. Tex. Elec. Code § 162.010. As such, this request is not proportionate to the needs of the case. It is outside the scope of discovery, and it seeks information that either does not exist or is not within Defendant's possession, custody, or control.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501. The Office of the Attorney General represents Defendant in this consolidated legal action. It also provides legal advice to state agencies when requested. Any communications made pursuant to that representation would be privileged.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 22:** All documents and communications between you and local election officials regarding SB 1, SB 7, HB 3, and HB 6, including communications regarding the impacts or potential impacts of SB 1, SB 7, HB 3, and HB 6 on racial or ethnic minorities and disabled voters, and on voters by party affiliation.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. In addition, Defendant objects to this request to the extent it seeks irrelevant communications between Texas SOS and local election officials. The Private Plaintiffs only challenge a limited set of provisions in SB1, yet the request asks Texas SOS to produce any communication Texas SOS had with local election officials on SB1, SB7, HB3, and HB6 regardless of whether the subject of that communication bears on the issues raised in Private Plaintiffs' legal action. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination far exceeds the benefit, especially since the Private Plaintiffs indicate in the request that their inquiry is directed at a much narrower subset of information: impacts or potential impacts of SB1, SB7, HB3, and HB6 on certain demographic groups.

Defendant objects to this request to the extent that it encompasses documents publicly available or otherwise equally accessible to Plaintiffs. Defendant further objects to this request to the extent that it calls for the production of documents within the control of third parties, who are not

parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. As explained throughout this litigation, Texas SOS's principal duty under the Election Code is to obtain and maintain uniformity in Texas Elections, which it discharges by providing assistance and advice to local election authorities. Texas SOS does not conduct independent assessments regarding the impact or potential impact of enacted or proposed legislation on specific demographics. What's more, the State of Texas neither requests nor records a voter's party affiliation during the registration process. Voters instead typically affiliate with a party by being accepted to vote in a party's primary election. Tex. Elec. Code § 162.003.  That affiliation then automatically expires at the end of each calendar year. Tex. Elec. Code § 162.010. As such, this request is not proportionate to the needs of the case. It is outside the scope of discovery, and it seeks information that either does not exist or is not within Defendant's possession, custody, or control.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501.

Defendant refers the Private Plaintiffs to the documents produced in response to RFP No. 2.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 23:** All communications between you and the following third-party organizations, including any of their affiliates or subsidiaries, regarding SB 1, SB 7, HB 3, and HB 6, including communications regarding the impacts or potential impacts of SB 1 on racial or ethnic minorities and disabled voters, and on voters by party affiliation:

    (a) The Heritage Foundation
    (b) The Texas Public Policy Foundation
    (c) The American Legislative Exchange Council
    (d) The State Policy Network
    (e) Honest Elections Project
    (f) Public Interest Legal Foundation
    (g) American Civil Rights Union
    (h) Project Veritas
    (i) The Republican National Committee

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. To that end, Defendant objects to this request to the extent that it requires Defendant to search and examine any and all emails directed to or from a Texas SOS employee. Texas SOS employs over 180 individuals across multiple divisions, very few of whom have job

responsibilities that relate in any way to the subject matter of this request. In addition, Defendant objects to this request to the extent it seeks irrelevant communications between Texas SOS and any of the listed third-party organizations. The Private Plaintiffs only challenge a limited set of provisions in SB1, yet the request asks Texas SOS to produce any communication Texas SOS had with third-party organization on SB1, SB7, HB3, and HB6 regardless of whether the subject of that communication bears on the issues raised in Private Plaintiffs' legal action. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege. The burden of conducting this examination far exceeds the benefit, especially since the Private Plaintiffs indicate in the request that their inquiry is directed at a much narrower subset of information: impacts or potential impacts of SB1, SB7, HB3, and HB6 on certain demographic groups.

Defendant further objects to this request to the extent that it calls for the production of documents within the control of third parties, who are not parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. As explained throughout this litigation, Texas SOS's principal duty under the Election Code is to obtain and maintain uniformity in Texas Elections, which it discharges by providing assistance and advice to local election authorities. Texas SOS does not conduct independent assessments regarding the impact or potential impact of enacted or proposed legislation on specific demographics. What's more, the State of Texas neither requests nor records a voter's party affiliation during the registration process. Voters instead typically affiliate with a party by being accepted to vote in a party's primary election. Tex. Elec. Code § 162.003.  That affiliation then automatically expires at the end of each calendar year. Tex. Elec. Code § 162.010. As such, this request is not proportionate to the needs of the case. It is outside the scope of discovery, and it seeks information that either does not exist or is not within Defendant's possession, custody, or control.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, deliberative process privilege, attorney-client privilege, common interest privilege, attorney opinion work-product privilege, ordinary attorney work-product privilege, and/or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request, if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections, within a reasonable time of this response. Should responsive documents subject to privilege, objection, or both, be identified through a diligent search, this response will be supplemented to reflect that documents are being withheld.

**REQUEST FOR PRODUCTION NO. 24:** All database dictionaries and user manuals related to the Texas Election Administration Management (TEAM) database, the driver license and personal identification card database, and the election identification certificate database.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, ambiguous, vague, and unduly burdensome.

While Texas SOS maintains multiple user manuals for election officials addressing their use of the TEAM system for various purposes, production of all of those manuals would not be proportional to the needs of the case, would be unduly burdensome, and would not be relevant to the claims and defenses. The information contained in these manuals is largely unrelated to RFP No. 25 and the Private Plaintiffs' ability to understand and utilize information produced in response to that request, which is directed toward the portion of the TEAM system that tracks voter registration information and voting history. Moreover, the user manuals are highly sensitive and contain information that, if exposed, could compromise data security and the integrity of the Texas election system.

This request is not sufficiently specific for Defendant to identify all potentially responsive portions of the requested documents. The Private Plaintiffs failed to state the specific purpose for which these documents are being sought. Defendant understands that the Private Plaintiffs seek these documents in order to understand the information produced in response to RFP Nos. 25, 26, and 27. Absent a more specific request that either details the Private Plaintiffs' purpose for seeking these documents or names the portions of the documents with particularity, Defendant is impermissibly left "to ponder and to speculate in order to decide what is and what is not responsive." *Bruggeman ex rel. Bruggeman v. Blagojevich*, 219 F.R.D. 430, 436 (N.D. Ill. 2004) (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, No. CIV.A.94-2304-EEO, 1995 WL 526533, at *3 (D. Kan. Aug. 31, 1995)).

Accordingly, Defendant will withhold producing any database dictionaries and/or user manuals in response to RFP No. 24.

**REQUEST FOR PRODUCTION NO. 25:** The contents of all fields contained within the State of Texas's voter registration database, also known as the Texas Election Administration Management System (TEAM), used to determine voter eligibility; to implement or enforce SB 1; to record voter history in any federal, state, or municipal election since 2016 (including whether the individual cast a ballot by mail and whether the individual received voter assistance); to establish the correct driver's license, election identification certificate, personal identification card, or partial social security number for each voter under procedures established by Section 5.02 of SB 1 (to be codified at Tex. Elec. Code § 84.002) and Section 5.08 of SB 1 (to be codified at Tex. Elec. Code § 86.002); to identify absent uniformed services voters and overseas voters entitled to the protections of the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. §§ 20301-11, Chapter 101 of the Texas Election Code, Tex. Elec. Code §§ 101.001-.109, or Chapter 114 of the Texas Election Code, Tex. Elec. Code §§ 114.001-.008; and to identify voters who have reported or established disability status for voting purposes.

    a.   With respect to voter eligibility this request covers but is not limited to the following fields in TEAM (identified by currently understood field name as well as by field contents):

| Field Name | Field Description | ST_DIR_SUFFIX | Voter Residential Street Direction Suffix |
|---|---|---|---|

| | | | |
|---|---|---|---|
| VOTER_COUNTY_ID | Internal database key | UNIT_NUMBER | Voter Residential Unit Number |
| JUR_ID | aka Jurisdiction ID, County Number, or County Code | CITY | Voter Residential City Name |
| VUID | Voter Unique ID | STATE | Voter Residential State Name |
| LAST_NAME | Voter Last Name | ZIP_CODE | Voter Residential ZipCode |
| FIRST_NAME | Voter First Name | MAIL_NAME | Voter Mailing Address Name |
| MIDDLE_NAME | Voter Middle Name | MAIL_ADRS_1 | Voter Mailing Address Line1 |
| FORMER_LAST_NAME | Voter Former Last Name | MAIL_ADRS_2 | Voter Mailing Address Line2 |
| NAME_SUFFIX_CODE | Voter Name Suffix | MAIL_CITY | Voter Mailing City Name |
| SSN | Voter Social Security Number (complete where available, or last 4 digits where complete is unavailable) | MAIL_STATE | Voter Mailing State Name |
| GENDER_CODE | Voter Gender Code | MAIL_ZIP_CODE | Voter Mailing Address ZipCode |
| OFFICIAL_ID_NUMBER | Texas Drivers License Number/Texas ID | PCT_CODE | Precinct Code |
| DATE_OF_BIRTH | Voter Date of Birth- | PCT_NAME | Precinct Name |
| VOTER_STATUS_CODE | Voter Status Code (V=Active, C=Cancelled, S=Suspense, L=Live Check Wait) | LANGUAGE_CODE | Language Code |
| SPANISH_SURNAME_FG | Indicates whether Voter has a Spanish Surname (Y=Yes, N=No) | REGISTRATION_DATE | Voter Application Date |
| BLOCK_NUMBER | Voter Residential Block Number | EDR | Effective Date of Registration- |
| DESIGNATOR | Voter Residential Designator | DISPLAY_CODE | Cancel Event Display Code (Filled-in for Cancelled Voters Only) |

| ST_DIR_PREFIX | Voter Residential Street Direction Prefix | EVENT_CODE | Cancel Event Code (Filled-in for Cancelled Voters Only) |
| STREET_NAME | Voter Residential Street Name | EVENT_DESC | Cancel Event Description (Filled-in for Cancelled Voters Only) |
| STREET_TYPE | Voter Residential Street Type | APPLICATION_SOURCE_CODE | Voter Application Source Code |

b. With respect to voter history, this request covers, but is not limited to, the following fields in TEAM (identified by currently understood field name as well as by field contents):

| Field Name | Field Contents |
| --- | --- |
| VUID | Voter Unique ID |
| JUR_ID | Jurisdiction ID, County Number, or County Code |
| HIST_TYPE_CODE | Voting History Type Code (recording whether early, absentee, or election day votes are accepted or rejected) |
| ACTIVITY_DATE | Date of Activity (Voted, Rejected, etc.) |
| PROVISIONAL_REJECT_REASON_CODE | Provisional Ballot Rejected Reason Code |
| TITLE | Provisional Ballot Rejected Reason Description |
| ELECTION_DATE | Election Date |
| ELECTION_TYPE_CODE | Election Type Code: (E.g., primary, general, runoff) |
| ELECTION_NAME | Election Name |

c. With respect to implementation and enforcement of SB 1, this request includes the contents of any fields in TEAM necessary for implementation and enforcement of SB1's requirements, including but not limited to the content of all fields recording which voters have requested an absentee ballot by mail application, have applied for an absentee ballot by mail, have had an absentee ballot by mail application rejected, have had an absentee ballot by mail application accepted, the reason for rejection of an absentee ballot by mail application, the reason for acceptance of an absentee ballot by mail application, the duration of an accepted absentee ballot by mail application (e.g., annual or one election), whether a voter cast an absentee ballot by mail, whether an absentee ballot by mail was accepted, whether an absentee ballot by mail was rejected, and the reason an absentee ballot by mail was rejected.

d. This request seeks any and all other fields produced by the State of Texas from the TEAM database during *United States v. Texas*, No. 2:13-cv-263 (S.D. Tex.).

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, vague, and unduly burdensome. Defendant also objects to this request to the extent that it calls for the production of documents within the control of third parties, including independent officers of the State of Texas, who may or may not be parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control.

First, very few of claims raised by the Private Plaintiffs have any relation to the TEAM database or the fields of information contained therein. To offer an example, each group of Private Plaintiffs alleges that that Section 6.04 of SB1 violates 52 U.S.C. § 10508, which pertains to voters that require assistance to vote due to blindness, disability, or inability to read or write. ECF 136 ¶¶ 281–88; ECF ¶¶ 171–76; ECF ¶¶ 318–26; ECF ¶¶ 267–72. The only portion of this request that could be construed to relate to this allegation is the request for the contents of all TEAM fields that are used "to identify voters who have reported or established disability status for voting purposes." However, the TEAM system contains no such fields, and neither Defendant nor local election officials are required to make any such determination. Rather, a voter that requires assistance need only inform local election officials of this need at the time of voting. *See* Tex. Elec. Code Ann. § 64.032. As such, this request is not proportionate to the needs of the case as it seeks information that either does not exist or is not within the Defendant's possession, custody, or control.

Second, Defendant understands RFP No. 25 to pertain to the Private Plaintiffs' assorted claims that Sections 5.01–5.03, 5.06–5.08, and 5.10–14 of SB1 violate federal law. *See, e.g.*, ECF 137 ¶¶ 110, 119–23. These provisions relate exclusively to mail-in voting. Yet the Private Plaintiffs request the contents of data fields for all individuals in the TEAM system, regardless of whether such individuals have ever voted by mail. The TEAM system currently contains information on approximately 17 million voters, but typically only 500,000 or so voters utilize mail-in voting in a given general election. Requesting information for millions of voters that are unlikely to be subject to these provisions is thus overly broad, disproportionate to the needs of this case, and irrelevant to the Private Plaintiffs' claims.

Moreover, the TEAM system contains highly sensitive and confidential information that, if exposed, could risk data security and the integrity of the Texas election system as well as expose individual Texans to identity theft, harassment, extortion, and other crimes. The Private Plaintiffs do not have expertise or experience in safeguarding information of this nature; nor have the Private Plaintiffs established an independent need to examine this information for themselves as opposed to relying on the analysis performed by other parties, specifically the United States. Defendant is in the process of producing much of the requested data to DOJ, who shares a common objective to the Private Plaintiffs and intends to analyze the data for evidence of violations of federal law. The Private Plaintiffs have the option of utilizing DOJ's assessment for their own purposes.

The burden of answering this request thus far exceeds the benefit since the Private Plaintiffs have alternative avenues of obtaining analyses of SB1 and mail-in voters that do not present the acute risk to election security or privacy concerns.

Third, many of the fields identified by the Private Plaintiffs fall outside the scope of litigation and do not bear on the issues or defenses raised in this case. For example, the Private Plaintiffs do not allege that any of the challenged SB1 provisions violate the Uniformed and Overseas Citizens Absentee Voting Act, Chapter 101 of the Texas Election Code, or Chapter 114 of the Texas Election Code. Nevertheless, this request demands that Defendant produce the contents of all TEAM fields used "to identify absent uniformed services voters and overseas voters entitled to the protections" of these statutes. Likewise, the Private Plaintiff asks Defendant to produce all TEAM fields used "to implement or enforce SB 1." However, not only does Defendant not enforce SB1, but SB1, as enacted, features numerous provisions that are not challenged in this case.

The excessive scope of this request exacerbates the security and privacy concerns Defendant raised above. The Private Plaintiffs demand that Defendant disclose complete social security numbers "where available." But only the last four digits of a Social Security Number must be included on an early voting ballot application or carrier envelope, Tex. Elec. Code Ann. §§ 84.002(a)(1-a)(B) & 86.002(g)(2). Production of complete social security numbers is thus not proportional to the needs of the case and unnecessarily presents a risk that sensitive personal information will become public. *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Group, Inc.*, 328 F.R.D. 450, 452 (S.D.N.Y. 2018) (observing that where "the marginal utility of the documents requested, if any, is outweighed by the burdens and delays that would be imposed," it follows that "the discovery sought is not proportional to the needs of the case").

Fourth, the catch-all request for "any and all other fields produced by the State of Texas from the TEAM database during *United States v. Texas*, No. 2:13-cv-263 (S.D. Tex.)" lacks specificity, is unduly burdensome, vague, and overly broad. The fields contained in the TEAM system have changed, sometimes significantly, since that production occurred. Absent more specificity about the particular fields being sought, Defendant is unable to determine what new fields might contain potentially relevant, responsive information. Any attempt to do so would be unduly burdensome. Furthermore, the claims in the present litigation also differ substantially from those that were involved in *United States v. Texas*. The information therefore would not be relevant and falls outside the proper scope of discovery.

Accordingly, Defendant will withhold producing any data pursuant to RFP No. 25.

**REQUEST FOR PRODUCTION NO. 26:** The contents of all fields contained within the State of Texas's TEAM voter registration database as of 30 days prior to the March 3, 2020, primary election in Texas (the voter registration deadline in Tex. Election Code § 13.143(e)). This request is for a snapshot of all registrants in Texas at the voter registration deadline, including those voters who were listed as canceled.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome.

To that end, Defendant objects to the term "Texas's TEAM voter registration database," which the Private Plaintiffs failed to define. Although TEAM contains certain information relating to

registered voters, such as voters' full name, address, date of birth, and effective date of registration, the TEAM database extends far beyond these subjects. Absent a more specific request that either details the Private Plaintiffs' purpose for seeking this information or names the fields in TEAM with particularity, Defendant is impermissibly left "to ponder and to speculate in order to decide what is and what is not responsive." *Bruggeman* 219 F.R.D. at 436 (citing *Pulsecard, Inc.*, 1995 WL 526533, at *5).

Also, very few of claims raised by the Private Plaintiffs have an apparent connection to the TEAM voter registration database or the fields of information contained therein. It is Defendant's understanding that RFP No. 26 pertains to the Private Plaintiffs' assorted claims that Sections 5.01–5.03, 5.06–5.08, and 5.10–14 of SB1 violate federal law. *See, e.g.*, ECF 137 ¶¶ 110, 119–23. To the extent Private Plaintiffs seek information pursuant to its other claims, the request is not sufficiently specific for Defendant determine what fields might contain potentially relevant, responsive information. To the extent that the Private Plaintiffs do seek information about these sections, the request is overbroad and disproportionate to the needs to the case.

Sections 5.01–5.03, 5.06–5.08, and 5.10–14 relate exclusively to mail-in voting. Yet the Private Plaintiffs request the contents of all fields contained within the State of Texas's TEAM voter registration database as of 30 days prior to the March 3, 2020, primary election. Not only are many of these fields irrelevant to the Private Plaintiffs claims, but typically only 500,000 or so voters (out of the 17 million voters who have information in TEAM) utilize mail-in voting in a given general election. That number is significantly less during a primary. Any request that seeks information beyond this category of voters is overly broad and disproportionate to the needs of this case.

The TEAM system contains highly sensitive and confidential information that, if exposed, could risk data security and the integrity of the Texas election system as well as expose individual Texans to identity theft, harassment, extortion, and other crimes. The Private Plaintiffs do not have expertise or experience in safeguarding information of this nature; nor have the Private Plaintiffs established an independent need to examine this information for themselves as opposed to relying on the analysis performed by other parties, specifically the United States. Defendant is in the process of producing what information is available from TEAM system to DOJ, who shares a common objective to the Private Plaintiffs and intends to analyze the data for evidence of violations of federal law. The Private Plaintiffs have the option of utilizing DOJ's assessment for their own purposes.

The burden of answering this request thus far exceeds the benefit since the Private Plaintiffs have alternative avenues of obtaining analyses of SB1 and mail-in voters that do not present the acute risk to election security or privacy concerns.

Finally, Defendant objects to this request to the extent that it calls for the production of information that does not exist or is within the control of third parties, who are not parties to this litigation and whose documents, communications, and deliberations are not within Defendant's custody, possession, or control. The TEAM system is not an historical record. It is a living database, constantly updated with information reported by county officials on a daily basis. As such, there is no means by which Texas SOS can recreate an accurate "snapshot of all registrants in Texas" at specific moment in time. Defendant can only produce information as it is currently imputed in TEAM.

Defendant has no responsive documents and/or information pursuant to this request.

**REQUEST FOR PRODUCTION NO. 27:** The contents of all fields contained within the State of Texas's TEAM voter registration database as of 30 days prior to the November 3, 2020, general election in Texas (the voter registration deadline in Tex. Election Code § 13.143(e)). This request is for a snapshot of all registrants in Texas at the voter registration deadline, including those voters who were listed as canceled.

**RESPONSE:**

Defendant objects to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome.

To that end, Defendant objects to the term "Texas's TEAM voter registration database," which the Private Plaintiffs failed to define. Although TEAM contains certain information relating to registered voters, such as voters' full name, address, date of birth, and effective date of registration, the TEAM database extends far beyond these subjects. Absent a more specific request that either details the Private Plaintiffs' purpose for seeking this information or names the fields in TEAM with particularity, Defendant is impermissibly left "to ponder and to speculate in order to decide what is and what is not responsive." *Bruggeman* 219 F.R.D. at 436 (citing *Pulsecard, Inc.*, 1995 WL 526533, at *5).

Also, very few of claims raised by the Private Plaintiffs have an apparent connection to the TEAM voter registration database or the fields of information contained therein. It is therefore Defendant's understanding that RFP No. 27 pertains to the Private Plaintiffs' assorted claims that Sections 5.01–5.03, 5.06–5.08, and 5.10–14 of SB1 violate federal law. *See, e.g.*, ECF 137 ¶¶ 110, 119–23. To the extent Private Plaintiffs seek information pursuant to its other claims, the request is not sufficiently specific for Defendant determine what fields might contain potentially relevant, responsive information. To the extent that the Private Plaintiffs do seek information about these sections, the request is overbroad and disproportionate to the needs to the case.

Sections 5.01–5.03, 5.06–5.08, and 5.10–14 relate exclusively to mail-in voting. Yet the Private Plaintiffs request the contents of all fields contained within the State of Texas's TEAM voter registration database as of 30 days prior to the March 3, 2020, primary election. Not only are many of these fields irrelevant to the Private Plaintiffs claims, but only 1 million or so voters (out of the 17 million voters who have information in TEAM) utilizes mail-in voting in November 2020, which represented the high watermark. Any request that seeks information beyond this category of voters is overly broad and disproportionate to the needs of this case.

The TEAM system contains highly sensitive and confidential information that, if exposed, could risk data security and the integrity of the Texas election system as well as expose individual Texans to identity theft, harassment, extortion, and other crimes. The Private Plaintiffs do not have expertise or experience in safeguarding information of this nature; nor have the Private Plaintiffs established an independent need to examine this information for themselves as opposed to relying on the analysis performed by other parties, specifically the United States. Defendant is in the process of producing what information is available from TEAM system to DOJ, who shares a common objective to the Private Plaintiffs and intends to analyze the data for evidence of violations of federal law. The Private Plaintiffs have the option of utilizing DOJ's assessment for their own purposes.

The burden of answering this request thus far exceeds the benefit since the Private Plaintiffs have alternative avenues of obtaining analyses of SB1 and mail-in voters that do not present the acute risk to election security or privacy concerns.

Finally, Defendant objects to this request to the extent that it calls for the production of information that does not exist or is within the control of third parties, who are not parties to this litigation and whose documents, communications, and deliberations are not within the Defendant's custody, possession, or control. The TEAM system is not an historical record. It is a living database, constantly updated with information reported by county officials on a daily basis. As such, there is no means by which Texas SOS can recreate an accurate "snapshot of all registrants in Texas" at specific moment in time. Defendant can only produce information as it is currently imputed in TEAM.

Defendant has no responsive documents and/or information pursuant to this request.