# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNION DEL PUEBLO ENTERO, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF TEXAS, et al., <br><br> Defendants. | Case No. 5:21-CV-844-XR <br> (Consolidated Cases) |

## HAUL PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE ADDENDUM PROVIDED BY PROFESSOR DANIEL A. SMITH TO HIS EXPERT REPORTS

HAUL Plaintiffs respectfully submit this Response in opposition to State Defendants' motion *in limine* (ECF No. 746) to exclude the Addendum dated August 16, 2023 to Plaintiffs' expert Professor Daniel A. Smith's Third Supplemental Expert Report dated June 7, 2023. The substance of the Addendum (Exhibit A) is less than two pages long. It presents a table and text demonstrating that registered voters in Texas with Hispanic surnames whose timely absentee ballot applications were rejected were less likely thereafter to cast a valid ballot by any means in the November 2022 general election than registered voters with non-Hispanic surnames, and that this was true for voters with Hispanic surnames whose applications were rejected for any reason, and for voters with Hispanic surnames whose applications were rejected because of SB1.

The Addendum was served 26 days before the scheduled start of trial, leaving ample time for State Defendants and their experts, if the State Defendants chose to involve them,[1] to review and consider the three paragraphs and one table that it presents. It does not set forth new material: the analysis in the Addendum is based on the same data Professor Smith used in his Third

---

[1] To date, no Defendant has proffered an expert to rebut any aspect of Professor Smith's reports.

Supplemental Expert Report, (Exhibit B), about which he was deposed in detail on July 6, 2023, and presents, for the 2022 general election, the same analysis that he provided for the 2022 primary election in his Supplemental Report to Second Expert Report, dated March 20, 2023, (Exhibit C), about which he was extensively deposed on April 17, 2023. The data in question is voter-level data maintained and produced by Defendant Secretary of State, so State Defendants cannot claim it is new to them.

In his Third Supplemental Expert Report, Professor Smith examined the 2022 general election and showed, *inter alia*, that in the 10 Texas counties with the largest numbers of "active" registered voters according to the February 2023 statewide voter file, the absentee ballot rejection rate was higher for voters with Hispanic surnames than for voters with non-Hispanic surnames. *See* Exhibit B at 38, ¶ 73 & Table 7.  He further showed that approximately half of all voters whose applications for absentee ballots were rejected did not ultimately cast a valid ballot by any means in the 2022 general election.  *See id.* at 45-46, ¶¶ 84-85 & Table 8.  Due to an oversight, however, Professor Smith did not extend Table 8 to disaggregate voters whose applications for absentee ballots were rejected into those with Hispanic surnames and those with non-Hispanic surnames. This is the analysis presented in the Addendum.

Although the Addendum is brief, the disaggregated analysis it presents for the November 2022 general election is important to Plaintiffs' claims, which allege that SB1's ID requirements for mail ballot applications, and for mail ballots themselves, impose an undue burden on voters and have disproportionate impacts on Black and Latino voters. *See* Plaintiffs' Second Amended Complaint (ECF No. 199), ¶¶41, 64, 195, 203, 208, 217, 221, 223, 225, 312, 344 & 349.

Professor Smith provided exactly this disaggregated analysis for the March 2022 primary election for voters with Hispanic surnames and voters with non-Hispanic surnames, and showed

that, in that election, more than 60% of voters with Hispanic surnames whose applications for absentee ballots were rejected did not vote by any other means. *See* Exhibit C at 38-39, ¶¶ 71-74 and Table 6. With the Addendum, Professor Smith's analysis of the general election now mirrors his analysis of the primary.

Thus, the State Defendants were on notice of the subject matter of Professor Smith's Addendum: they had seen the identical analysis by Professor Smith for the 2022 primary elections. Indeed, counsel for the State Defendants questioned Professor Smith at his July 6, 2023 deposition about the analysis of Hispanic-surnamed voters in his report on the 2022 primary election that was missing from his report on the 2022 general election. The Addendum provides the missing analysis that counsel for State Defendants asked about.

Finally, State Defendants had the opportunity to take discovery concerning the Addendum. The parties met and conferred on August 22, 2023 about this issue and HAUL Plaintiffs offered a further deposition of Professor Smith before the beginning of trial. Depositions of Professor Smith have been the sole discovery State Defendants have pursued concerning the contents of his reports; State Defendants could have deposed him about the Addendum and avoided burdening the Court with this motion. Such a deposition would not take more than one hour, as counsel for the State Defendants required less than two hours to depose Professor Smith about the entirety of his Third Supplemental Expert Report. State Defendants declined the offer of an additional deposition. Thus, their argument that they must "prepare for and challenge Dr. Smith's analysis without the benefit of discovery," State Defs.' Mot. *in limine* at 2, rings hollow. This case is entirely different from the one authority cited by State Defendants, *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268 (5th Cir. 2009), in which the new calculations of the plaintiff's damages, proffered in response to a motion *in limine*, could have necessitated a new briefing schedule and perhaps the re-opening of

discovery. *Id*. at 280 (*citing Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179-80 (9th Cir. 2008).

## **CONCLUSION**

For the foregoing reasons, HAUL Plaintiffs urge this Court to deny State Defendants' motion *in limine*.

DATED:  September 8, 2023　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Jennifer Holmes*
　　　　　　　　　　　　　　　　　　　Jennifer A. Holmes*
　　　　　　　　　　　　　　　　　　　NAACP Legal Defense and Educational Fund, Inc.
　　　　　　　　　　　　　　　　　　　700 14th Street NW, Suite 600
　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　　　Telephone: (202) 682-1300
　　　　　　　　　　　　　　　　　　　　　Facsimile: (202) 682-1312
　　　　　　　　　　　　　　　　　　　　　jholmes@naacpldf.org

　　　　　　　　　　　　　　　　　　　Amir Badat*
　　　　　　　　　　　　　　　　　　　Victor Genecin*
　　　　　　　　　　　　　　　　　　　Breanna Williams*
　　　　　　　　　　　　　　　　　　　NAACP Legal Defense and Educational Fund, Inc.
　　　　　　　　　　　　　　　　　　　40 Rector Street, 5th Floor
　　　　　　　　　　　　　　　　　　　New York, NY 10006
　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 965-2200
　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 226-7592
　　　　　　　　　　　　　　　　　　　　　abadat@naacpldf.org
　　　　　　　　　　　　　　　　　　　　　vgenecin@naacpldf.org
　　　　　　　　　　　　　　　　　　　　　bwilliams@naacpldf.org

　　　　　　　　　　　　　　　　　　　Shira Wakschlag*
　　　　　　　　　　　　　　　　　　　The Arc of the United States, Inc.
　　　　　　　　　　　　　　　　　　　1825 K Street, NW, Suite 1200
　　　　　　　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　　　　　　　　　Telephone: (202) 534-3708
　　　　　　　　　　　　　　　　　　　　　Facsimile: (202) 534-3731
　　　　　　　　　　　　　　　　　　　　　Wakschlag@thearc.org

　　　　　　　　　　　　　　　　　　　Kenneth E. Broughton
　　　　　　　　　　　　　　　　　　　Texas Bar No. 03087250
　　　　　　　　　　　　　　　　　　　J. Keely Pippin
　　　　　　　　　　　　　　　　　　　Texas Bar No. 24116306
　　　　　　　　　　　　　　　　　　　Reed Smith LLP

811 Main Street, Suite 1700
Houston, TX 77002-6110
    Telephone: (713) 469-3800
    Facsimile: (713) 469-3899
    kbroughton@reedsmith.com
    kpippin@reedsmith.com


Sarah Cummings Stewart
Texas Bar No. 24094609
Reed Smith LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
    Telephone: (469) 680-4200
    Facsimile: (469) 680-4299
    sarah.stewart@reedsmith.com

J. Michael Showalter*
ARENTFOX SCHIFF LLP
South Wacker Drive, Suite 7100
Chicago, IL 60606
    Telephone: (312) 258-5561
    j.michael.showalter@afslaw.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs Houston Area Urban League; Delta Sigma Theta Sorority, Inc.; The Arc of Texas; and Jeffrey Lamar Clemmons*

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on September 8, 2023, a true and correct copy of the foregoing document was filed with the Clerk of Court via the CM/ECF system, causing it to be served electronically on all counsel of record.

*/s/ Victor Genecin*
Victor Genecin