**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | Case No. 5:21-cv-00844-XR |
| STATE OF TEXAS, *et al.*, | § | [Lead Case] |
| | § | |
| *Defendants.* | § | |
| | § | |
| HARRIS COUNTY REPUBLICAN PARTY, *et al.*, | § | |
| | § | |
| *Intervenor-Defendants.* | § | |

## LUPE PLAINTIFFS' UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(2)

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs La Unión Del Pueblo Entero, *et al.* ("LUPE Plaintiffs"),[1] by and through counsel in the above-captioned action, hereby move to voluntarily dismiss without prejudice their remaining claims challenging SB1 § 6.01.[2] All other additional claims remain live and unaffected by this motion.

### I.       BACKGROUND

This case is a challenge to restrictions that were placed on Texans' right to vote by Senate Bill 1 ("SB1") enacted in the 87th Legislature, Second Called Session. LUPE Plaintiffs filed suit on September 3, 2021, alleging that various provisions of SB1 violate the U.S. Constitution, the

---

[1] LUPE Plaintiffs are La Unión del Pueblo Entero, Friendship-West Baptist Church, Southwest Voter Registration Education Project, Texas Impact, Mexican American Bar Association of Texas, Texas Hispanics Organized for Political Education, Jolt Action, William C. Velasquez Institute, FIEL Houston Inc., and James Lewin.

[2] The Second Amended Complaint alleges that SB1 § 6.01 violates Section 208 of the Voting Rights Act (Count V) and Title II of the Americans with Disabilities Act (Count VI).  The LUPE Plaintiffs have also alleged that other provisions of SB1—namely §§ 6.03, 6.04, 6.05, 6.06, and 7.04's "vote harvesting" provision—violate Section 208 of the VRA (Count V) and Title II of the ADA (Count VI).  This motion does not affect the remaining challenges raised in Counts VI and V of the Second Amended Complaint.

Voting Rights Act, and the Americans with Disabilities Act. The Court entered LUPE Plaintiffs' second amended complaint on January 25, 2022. ECF No. 208. The various Defendants filed answers to LUPE Plaintiffs' second amended complaint in February, March, and April 2022. LUPE Plaintiffs' case has been consolidated with several other challenges to SB1, and a bench trial on all claims in the consolidated cases is scheduled to begin on September 11, 2023, with the caveat that the trial court record will remain open for intentional discrimination claims pending the U.S. Court of Appeals for the Fifth Circuit's resolution of *LUPE v. Bettencourt*, Case No. 23-50201.

On May 26, 2023, LUPE Plaintiffs filed an Unopposed Motion for Voluntary Dismissal, *see* ECF No. 613, which this Court granted on June 6, 2023, *see* ECF No. 624. As a result, LUPE Plaintiffs dismissed without prejudice their claims that SB1 §§ 2.04, 2.06, 2.07, 2.08, 2.11, 3.04, 3.09, 3.10, 3.12, 3.13, 4.01, 4.06, and 4.07 violate the First, Fourteenth, and Fifteenth Amendments of the U.S. Constitution (Counts I, II, and III) and Section 2 of the Voting Rights Act (Count IV). LUPE Plaintiffs also dismissed without prejudice their claims that SB1 § 4.09 violates the First, Fourteenth, and Fifteenth Amendments (Counts I, II, and III) and Section 2 of the VRA (Count VI). In addition, LUPE Plaintiffs dismissed without prejudice their claims that SB1 §§ 6.01, 6.03, 6.04, 6.05, and 6.06 violate the First and Fourteenth Amendments of the U.S. Constitution (Count IX).[3]

---

[3] LUPE Plaintiffs incorrectly stated in footnote 3 of the Joint Pretrial Order that they dismissed without prejudice some of their claims challenging SB1 §§ 5.07, 5.13, and 7.04. All of LUPE Plaintiffs' claims against those provisions remain live. LUPE Plaintiffs also inadvertently omitted in footnote 3 of the Joint Pretrial Order their dismissal without prejudice of their claims that SB1 § 4.09 violates the First, Fourteenth, and Fifteenth Amendments (Counts I, II, and III), as well as Section 2 of the VRA (Count VI). LUPE Plaintiffs' claim that SB1 § 4.09 violates the Fourteenth Amendment (Count VIII) is still live.  The description of LUPE's remaining claims that appear in the body of the Joint Pretrial Order, *see* ECF No. 753 at pp. 3-4, correctly describes LUPE Plaintiffs' remaining claims.

On August 22, 2023, the Court held a status conference to discuss its Summary Ruling on Section 101 Materiality Claims and Order on Pretrial Filings, ECF No. 724, and matters relating to the September 11 trial. At the status conference, the Court instructed all of the plaintiffs in the consolidated cases to include in the Joint Pretrial Order a statement of which claims are going forward, with a footnote indicating which claims are being voluntarily dismissed. Consistent with the Court's instructions, LUPE Plaintiffs indicated in the Joint Pretrial Order which of their claims are going forward and which they intend to file a motion to voluntarily dismiss without prejudice once they have given Defendants an opportunity to provide their positions on the motion. *See* ECF No. 753 at 5. In order to narrow the issues to be decided at trial, Plaintiffs respectfully move this Court to grant their motion to voluntarily dismiss without prejudice their remaining claims challenging SB1 § 6.01 under Fed. R. Civ. P. Rule 41(a)(2).

## II.     ARGUMENT

Rule 41(a)(2) permits voluntary dismissals at any time "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also id.* ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). As the language of the rule suggests, this Court has broad discretion to grant a motion for voluntary dismissal under Rule 41(a)(2). *See, e.g.*, *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 (5th Cir. 2002); *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287 (5th Cir. 2016). "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317. Even if the Court concludes that granting the motion will cause plain legal prejudice, it need not deny the motion outright. Rather, the Court may "craft conditions that will cure the prejudice." *Id.* at 317-18.

Defendants will not suffer plain legal prejudice as a result of the dismissal that LUPE Plaintiffs seek in this motion. Legal prejudice is characterized as "prejudice to some legal interest, some legal claim, [or] some legal argument." *JMC Const. LP v. Modular Space Corp.*, No. 3:07-CV-01925-B, 2008 WL 4791562, at *1 (N.D. Tex. Oct. 30, 2008) (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)); *see also Robles v. Atlantic Sounding Co.*, 77 Fed. App'x 274, 275 (5th Cir. 2003) ("Plain legal prejudice often occurs where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense." (collecting cases)). As explained in LUPE Plaintiffs' prior motion for voluntary dismissal without prejudice, ECF No. 613, Defendants will have a full opportunity to present all available defenses in any future suit relating to the claims that LUPE Plaintiffs now seek to dismiss. *Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (noting that a party may obtain discovery regarding any matter involved in the pending action related to a claim or defense of a party). Dismissal without prejudice is also appropriate at this juncture because LUPE Plaintiffs have not suffered an adverse legal decision but rather are simply seeking to narrow the issues prior to trial. *See Robles*, 77 Fed. App'x at 275 (concluding that "[t]hese timing cases are inapposite here because they involve situations where the movant suffered an adverse legal decision *prior* to moving for voluntary dismissal" (emphasis in original)); *Manshack v. Southwestern Electric Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) (affirming a district court's approval of voluntary dismissal on the day before trial but suggesting that voluntary dismissal after an adverse trial court ruling could "[i]n some circumstances . . . inflict 'legal prejudice'"); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (affirming a district court's denial of a motion for voluntary dismissal "after the magistrate had considered the case and issued a comprehensive recommendation that was adverse to [the plaintiffs'] position").

In sum, granting LUPE Plaintiffs' motion for voluntary dismissal without prejudice of their remaining claims challenging SB1 § 6.01 is consistent with the requirements of Rule 42(a)(1) and would not cause Defendants to suffer legal prejudice. Accordingly, the motion should be granted.

### III.    PRAYER FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order granting Plaintiffs' motion and dismissing without prejudice their remaining claims challenging SB1 § 6.01.

Dated: September 9, 2023

Respectfully submitted,

*/s/ Sean Morales-Doyle*
Sean Morales-Doyle (NY Bar No. 5646641)
Jasleen K. Singh* (Cal. Bar No. 316596)
Patrick A. Berry* (NY Bar No. 5723135)
Robyn N. Sanders* (NC Bar No. 58339)
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
sean.morales-doyle@nyu.edu
jasleen.singh@nyu.edu
patrick.berry@nyu.edu
rs8592@nyu.edu

Leah J. Tulin* (MD No. 0812180236)
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
1140 Connecticut Avenue NW, Suite 1150
Washington, DC 20036
(202) 650-6397
tulinl@brennan.law.nyu.edu

Paul R. Genender (Tex. Bar No. 00790758)
Elizabeth Y. Ryan (Tex. Bar No. 24067758)
Matthew Berde* (Tex. Bar No. 24094379)
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
(214) 746-8158
paul.genender@weil.com
liz.ryan@weil.com
matt.berde@weil.com

Alexander P. Cohen* (Tex. Bar No.
24109739)
Aaron J. Curtis*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8020
alexander.cohen@weil.com
aaron.curtis@weil.com

*/s/ Nina Perales*
Nina Perales (TX Bar No. 24005046)
Julia R. Longoria (TX Bar No. 24070166)
Fátima L. Menéndez (TX Bar No. 24090260)
Kenneth Parreno (MA Bar No. 705747)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, TX 78205
(210) 224-5476
(210) 224-5382 (fax)
nperales@maldef.org
jlongoria@maldef.org
fmenedez@maldef.org
kparreno@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Jason S. Kanterman*
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
One New York Plaza
New York, New York 10004
(212) 859-8000
(212) 859-4000 (fax)
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
jason.kanterman@friedfrank.com

* Admitted *pro hac vice*

*Attorneys for Plaintiffs*:
LA UNIÓN DEL PUEBLO ENTERO,
SOUTHWEST VOTER REGISTRATION
EDUCATION PROJECT, MEXICAN
AMERICAN BAR ASSOCIATION OF
TEXAS, TEXAS HISPANICS ORGANIZED
FOR POLITICAL EDUCATION, JOLT
ACTION, WILLIAM C. VELASQUEZ
INSTITUTE, FIEL HOUSTON INC.

*Attorneys for Plaintiffs:*
FRIENDSHIP-WEST BAPTIST CHURCH,
TEXAS IMPACT, JAMES LEWIN

## **CERTIFICATE OF CONFERENCE**

I hereby certify that, on September 8, 2023, I conferred with counsel for State Defendants, Intervenor-Defendants, and the county officials who are defendants in LUPE Plaintiffs' case regarding the relief requested in this motion. Counsel for State Defendants, Intervenor-Defendants, and the defendant county officials responded that they are unopposed.

*/s/ Patrick Berry*
Patrick Berry

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ Patrick Berry*
Patrick Berry