IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| La Unión del Pueblo Entero, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> State of Texas, *et al.*, <br><br> *Defendants.* <br><br> Harris County Republican Party, *et al.*, <br><br> *Intervenor-Defendants.* | Case No. 5:21-cv-00844-XR <br> [Lead Case] |

**MI FAMILIA VOTA PLAINTIFFS' UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(2)**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs Mi Familia Vota *et al* ("MFV Plaintiffs"), by and through counsel in the above-captioned action, hereby move to voluntarily dismiss without prejudice their claims challenging SB1 § 5.01, and their claims that SB §§ 2.04-2.06, 5.11, 5.12, and 5.14, violate the First Amendment and the Fourteenth Amendment's Due Process Clause (Count One).

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

MFV Plaintiffs filed suit on September 27, 2021, to challenge several provisions of 2021 Texas Senate Bill No. 1, 87th Legislature, Second Called Session ("SB 1"). MFV Plaintiffs asserted that the challenged provisions violate First Amendment and the Due Process Clause of the Fourteenth Amendment, the Fifteenth Amendment and Equal Protection Clause of the Fourteenth Amendment, Section 2 of the Voting Rights Act, and Section 208 of the Voting Rights Act. The case was consolidated with several other challenges to SB 1, and on January 18, 2022, MFV Plaintiffs filed a joint second amended complaint with another plaintiff group, which now consist

of Houston Area Urban League, Delta Sigma Theta Sorority, the Arc of Texas, and Jeffrey Lamar Clemmons (collectively "HAUL Plaintiffs"). ECF 199. A bench trial on all claims in the consolidated cases is scheduled to begin on September 11, 2023, with the caveat that the trial court record will remain open for intentional discrimination claims pending the U.S. Court of Appeals for the Fifth Circuit's resolution of *LUPE v Bettencourt*, Case No. 23-50301.

On August 22, 2023, the Court held a status conference to discuss its Summary Ruling on Section 101 Materiality Claims and Order on Pretrial Filings, ECF No. 724, and matters relating to the September 11 trial. At the status conference, the Court instructed all of the plaintiffs in the consolidated cases to include in the Joint Pretrial Order a statement of which claims are going forward, with a footnote indicating which claims are being voluntarily dismissed.

Consistent with the Court's instructions, MFV Plaintiffs indicated in a footnote in the Joint Pretrial Order which of their claims they intend to file a motion to voluntarily dismiss without prejudice once they have given Defendants an opportunity to provide their positions on the motion. *See* ECF No. 753 at 10 n.11. Therefore, in order to narrow the issues to be decided at trial, Plaintiffs, pursuant to Fed. R. Civ. P. Rule 41(a)(2), respectfully move this Court to grant their motion to voluntarily dismiss without prejudice challenging SB1 § 5.01, and their claims that SB §§ 2.04-2.06, 5.11, 5.12, 5.14, violate the First Amendment and the Fourteenth Amendment's Due Process Clause (Count One).

II. **ARGUMENT**

Pursuant to Fed. R. Civ. P. Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Such dismissals are "without prejudice" unless the Court orders otherwise. *Id*. "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal

prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.3d 172, 174 (5th Cir. 1990)). District courts have broad discretion to grant Rule 41(a)(2) motions and should do so "absent some evidence of abuse by the movant" or, if granting the motion may cause legal prejudice, to "craft conditions that will cure the prejudice." *Id.* at 317-18; *see also In re FEMA Trailer Formaldahyde Products Liability Litigation*, 628 F.3d 157, 163 (5th Cir. 2010).

Defendants will not suffer plain legal prejudice as a result of the dismissal that MFV Plaintiffs seek in this motion. "Plain legal prejudice often occurs where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense." *Robles v. Atlantic Sounding Co., Inc.*, 77 Fed. Appx. 274, 275 (5th Cir. 2003) (unpublished). In this case, Defendants will have a full opportunity to present all available defenses in any future suit related to the claims that MFV Plaintiffs now seek to dismiss. In addition, MFV Plaintiffs seek dismissal to narrow issues of the above-captioned complex case prior to trial; they have not suffered any adverse legal decision related to the claims that they seek now to dismiss. *See id.* (explaining while motions for voluntary dismissal at a late stage in litigation "can be grounds for denying the motion," such denials typically occur in "situations where the movant suffered an adverse legal decision *prior* to moving for voluntary dismissal" (emphasis in original)); *see also Manshack*, 915 F.2d at 174 (affirming district court's approval of voluntary dismissal on the day before trial, but suggesting that voluntary dismissal after an adverse trial court ruling could "[i]n some circumstances . . . inflict 'legal prejudice'"). Here, plaintiffs seek not to avoid an adverse ruling but to abide by the judge's instruction to narrow issues presented at trial.

3

For these reasons, MFV Plaintiffs' motion for voluntary dismissal without prejudice of their claims challenging SB 1 § 5.01 and their claims that SB §§ 2.04-2.06, 5.11, 5.12, and 5.14, violate the First Amendment and the Fourteenth Amendment's Due Process Clause (Count One) is consistent with the requirements of Rule 42(a)(1) and would not cause Defendants to suffer legal prejudice. Accordingly, the motion should be granted.

III.  **PRAYER FOR RELIEF**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order granting Plaintiffs' motion and dismissing without prejudice their claims challenging SB 1 § 5.01 and their claims that SB §§ 2.04-2.06, 5.11, 5.12, and 5.14, violate the First Amendment and the Fourteenth Amendment's Due Process Clause (Count One).

Dated: September 11, 2023                    Respectfully submitted,

| | |
|---|---|
| */s/ Courtney Hostetler* | *Counsel for Plaintiffs Mi Familia Vota, Marla López, Marlon López, and Paul Rutledge ("MFV Plaintiffs")* |
| Courtney Hostetler* | |
| Ron Fein* | */s/ Wendy Olson* |
| John Bonifaz* | Wendy Olson* |
| Ben Clements* | Elijah Watkins* |
| FREE SPEECH FOR PEOPLE | Mark Bieter* |
| 1320 Centre Street, Suite 405 | STOEL RIVES LLP |
| Newton, MA 02459 | 101 S. Capital Boulevard, Suite 1900 |
| (617) 249-3015 | Boise, ID 83702 |
| chostetler@freespeechforpeople.org | Telephone: (208) 389-9000 |
| rfein@freespeechforpeople.org | wendy.olson@stoel.com |
| jbonifaz@freespeechforpeople.org | elijah.watkins@stoel.com |
| bclements@freespeechforpeople.org | mark.bieter@stoel.com |
| | |
| Sean Lyons | |
| Clem Lyons | Bradley Prowant* |
| LYONS & LYONS, P.C. | STOEL RIVES LLP |
| 237 W. Travis Street, Suite 100 | 33 S. Sixth Street, Suite 4200 |
| San Antonio, Texas 78205 | Minneapolis, MN 55402 |
| Telephone: (210) 225-5251 | Telephone: (612) 373-8800 |
| sean@lyonsandlyons.com | (612) 373-8863 |
| | bradley.prowant@stoel.com |

Laura Rosenbaum*
STOEL RIVES LLP
760 SW Ninth Ave., Suite 300
Portland, OR 97205
Telephone: (503) 224-3380
laura.rosenbaum@stoel.com

*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

      I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 11, 2023, and that all counsel of record were served by CM/ECF.

                                          /s/ *Wendy Olson*
                                          Wendy Olson

120819354.1 0099831-00001