UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> GREGORY W. ABBOTT, et al., <br><br> *Defendants.* <br><br><br> LULAC TEXAS, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> JANE NELSON, et al., <br><br> *Defendants.* | Consolidated Case No. 5:21-cv-844-XR |

## STIPULATION

All of the Private Plaintiffs in this consolidated litigation and the Harris County District Attorney's Office ("HCDAO"), as led by Harris County District Attorney Kim Ogg in her official capacity, stipulate through their respective counsel for purposes of this matter as follows:

1. Kim Ogg serves as the elected District Attorney of Harris County, Texas, a position she has held since January 2017.

2. Pursuant to the Texas Constitution and statute, the HCDAO, under the leadership of an elected district attorney, represents the State of Texas in criminal cases pending in the district and inferior courts of Harris County. TEX. CONST. ART. V, § 21; TEX. GOV'T CODE § 43.180. This

1

includes all criminal cases pending in those courts, including those arising not only under the Texas Penal Code, but also those arising under other sections of Texas law that contain criminal law provisions, including but not limited to the Texas Election Code.  In addition, TEX. ELEC. CODE § 273.001(b) provides that "[a] district or county attorney having jurisdiction . . . may conduct an investigation on the officer's own initiative to determine if criminal conduct occurred in connection with an election."  The HCDAO "indisputably has the statutory authority within the boundaries of Harris County to prosecute cases under any and all Texas statutes that set out criminal offenses." ECF No. 344 at 9.

3. Any party may use the HCDAO's most recently amended responses to interrogatories in the trial as evidence, with respect to any claim or defense made in the case, and can argue from other discovery responses made by the HCDAO in the case.

4. In the course of this litigation, the HCDAO previously proposed a stipulation regarding enforcement of the criminal provisions of the S.B. 1 legislation until such time as the courts issued a final, non-appealable decision in this matter.  The proposed stipulation is attached as **Exhibit A**.  No agreement between the parties was reached on the proposed stipulation.  The proposed stipulation would not have precluded the HCDAO from enforcing any of these criminal provisions following entry of a judgment in the case, in the absence of a final determination by the Court that one or more criminal provisions was unconstitutional or otherwise infirm.

5. The HCDAO has not (1) adopted a policy refusing to prosecute any class or type of criminal offenses under state law, (2) instructed law enforcement to refuse to arrest individuals suspected of committing any class or type of offense under state law, or (3) permitted an assistant prosecutor to take either of the foregoing actions.

**AGREED AND STIPULATED:**

/s/ *Christopher D. Dodge*
Counsel for LULAC Plaintiffs

/s/ *Jennifer A. Holmes*
Counsel for HAUL Plaintiffs

/s/ *Wendy Olson*
Counsel for MFV Plaintiffs

/s/ *Zachary Dolling*
Counsel for OCA Plaintiffs

/s/ *Nina Perales*
Counsel for LUPE Plaintiffs

/s/ *Eric J.R. Nichols*
Counsel for District Attorney Kim Ogg, in her official capacity as Harris County District Attorney

# Exhibit A

| | |
|---|---|
| **From:** | Zachary Dolling |
| **To:** | Eric Nichols |
| **Cc:** | Hani Mirza; mimi@texascivilrightsproject.org; schen@texascivilrightsproject.org; tbuser-clancy@aclutx.org; skuman@aclutx.org; aharris@aclutx.org; asegura@aclutx.org; Victoria Filoso; Sandy Myers; Karson Thompson |
| **Subject:** | Re: OCA-Greater Houston et al. v. Texas Secretary of State et al., 1:21-CV-0780-XR |
| **Date:** | Monday, March 14, 2022 5:17:51 PM |
| **Attachments:** | image001.png |



Hi Eric,

Thanks for reaching out with the draft and for your patience. After internal consultation, however, we have decided not to agree to a stipulation.

Sincerely,

**Zachary Dolling**
Texas Civil Rights Project
Mobile: 512-496-4746

This email and any files attached are privileged and confidential, and is/are intended only for the individual named.  If you are not the intended recipient or otherwise have reason to believe that you have received this message in error, please notify the sender by email and delete this message immediately from your computer. Any other use, retention, dissemination, forwarding, printing, or copying of this message and any attachments is strictly prohibited.

On Sat, Mar 12, 2022 at 3:06 PM Eric Nichols <Eric.Nichols@butlersnow.com> wrote:

> Hani and Zach, attached is a draft non-participation/non-enforcement stipulation for the case.  If your team would please review and let us know if this stipulation works we would appreciate it.  The stipulation is based on the one we entered into for DA Ogg in the *Longoria* matter.
>
> Our current response date for DA Ogg is Tuesday, so if you could let us know by COB Monday or early Tuesday we would appreciate it.  I will be in the office on Monday if you want to discuss.  Thanks.
>
> Eric
>
> **Eric J.R. Nichols**
>
> **Butler Snow LLP**
>
> D: (737) 802-1807 | C: | F: (737) 802-1801
>
> 1400 Lavaca Street, Suite 1000, Austin, TX 78701
>
> Eric.Nichols@butlersnow.com | vCard | Bio

[?]

*Twitter* | *LinkedIn* | *Facebook* | *YouTube*

**From:** Hani Mirza <hani@texascivilrightsproject.org>
**Sent:** Monday, February 28, 2022 12:51 PM
**To:** Eric Nichols <Eric.Nichols@butlersnow.com>; Zachary Dolling <zachary@texascivilrightsproject.org>
**Cc:** mimi@texascivilrightsproject.org; schen@texascivilrightsproject.org; tbuser-clancy@aclutx.org; skuman@aclutx.org; aharris@aclutx.org; asegura@aclutx.org; Victoria Filoso <Victoria.Filoso@butlersnow.com>; Sandy Myers <Sandy.Myers@butlersnow.com>
**Subject:** Re: OCA-Greater Houston et al. v. Texas Secretary of State et al., 1:21-CV-0780-XR

Eric,

We are unopposed to the extension request. The best points of contact for the case are me (hani@texascivilrightsproject.org), Zach Dolling (zachary@texascivilrightsproject.org), and Sarah Chen (schen@texascivilrightsproject.org). Please include us in all future correspondence about the case.

Thank you,

Hani Mirza

On Sat, Feb 26, 2022 at 11:20 AM Eric Nichols <Eric.Nichols@butlersnow.com> wrote:

> Counsel:
>
> We will be coming in to represent Harris County District Attorney Kim Ogg in her official capacity in this lawsuit.
>
> We are filing on Monday a motion to extend the response or answer date for Defendant Ogg to March 15, 2022. Please let us know if plaintiffs are unopposed to the motion.

Also, please let us know who among you (or your other colleagues on the pleadings) is the best point of contact to discuss the case.

Thanks and have a good weekend.

Eric

**Eric J.R. Nichols**

**Butler Snow LLP**

D: (737) 802-1807 | C: | F: (737) 802-1801

1400 Lavaca Street, Suite 1000, Austin, TX 78701

Eric.Nichols@butlersnow.com | vCard | Bio

Twitter | LinkedIn | Facebook | YouTube

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.

--

**Hani Mirza**

*Voting Rights Program Director*

Texas Civil Rights Project

O: (972) 333-9200 ext. 171

www.texascivilrightsproject.org

Facebook | Twitter | Instagram


Donate Now!



This email and any files attached are privileged and confidential, and is/are intended only for the individual named.  If you are not the intended recipient or otherwise have reason to believe that you have received this message in error, please notify the sender by email and delete this message immediately from your computer. Any other use, retention, dissemination, forwarding, printing, or copying of this message and any attachments is strictly prohibited.

---

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| OCA-GREATER HOUSTON, et al., § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> TEXAS SECRETARY OF STATE § <br> JOHN SCOTT, in his official capacity, § <br> et al., § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 1:21-CV-00780-XR <br><br> (Consolidated Case No. 5:21-CV-00844-XR) |

## AGREED STIPULATION

Plaintiffs and Defendant Kim Ogg, in her capacity as District Attorney for Harris County ("Ogg"), stipulate as follows:

1. Plaintiffs stipulate and agree not to seek attorneys' fees, penalties, damages, expert fees, court costs, or other costs or expenses of any kind from Ogg as well as her employees, agents, attorneys, and successors.

2. Ogg stipulates and agrees not to enforce Sections 33.051(g), 33.061, 86.006(f), 86.010(f), 276.004(a), 276.015(b)-(d), 276.016(a), 276.017(a), and 276.018(a) of the Texas Election Code challenged in the above-styled and numbered cause until such time as a final, non-appealable decision has been issued in this matter.

3. Ogg agrees not to participate in litigating the above-styled and numbered cause unless required to do so, and this stipulation shall be void if the Court orders Ogg to answer the operative complaint or respond to any motions seeking relief from or against Ogg. Further, by entering into this stipulation, Ogg is conserving prosecutorial resources until such time as challenges to the constitutionality of Texas Election Code Sections 33.051(g), 33.061,

86.006(f), 86.010(f), 276.004(a), 276.015(b)-(d), 276.016(a), 276.017(a), and 276.018(a) are resolved.

4. Plaintiffs and Ogg agree that Ogg shall not file an answer, unless ordered to do so by the Court, and that no default judgment shall be taken against her.

5. These stipulations are made without prejudice to any claim or defense that Plaintiff or Ogg may assert subsequent to this litigation.

6. For avoidance of doubt, nothing in this stipulation precludes Plaintiffs from seeking injunctive relief that would bind Ogg with respect to relief sought in the case, and nothing in the stipulation precludes Ogg from taking any position with respect to such relief sought should Ogg later participate in the litigation as provided in paragraph (3).

Respectfully submitted,

**BUTLER SNOW LLP**

By: */s/ Eric J.R. Nichols*
Eric J.R. Nichols
State Bar No. 14994900
eric.nichols@butlersnow.com
Karson Thompson
State Bar No. 24083966
karson.thompson@butlersnow.com
1400 Lavaca Street, Suite 1000
Austin, Texas 78701
Tel: (737) 802-1800
Fax: (737) 802-1801

**ATTORNEYS FOR DEFENDANT KIM OGG, IN HER CAPACITY AS DISTRICT ATTORNEY FOR HARRIS COUNTY**

AGREED AND STIPULATED:

*/s/ Hani Mirza*
Hani Mirza
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on March 15, 2022 I electronically filed the foregoing with this Court using the CM/ECF system, which will send notification of such filing to all counsel of record who have appeared in this matter.

*/s/ Karson Thompson*
Karson Thompson

3