**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | |
| *Plaintiffs,* | |
| v. | 5:21-cv-844-XR |
| GREGORY W. ABBOTT, et al., | |
| *Defendants.* | |
| OCA-GREATER HOUSTON, et al., | |
| *Plaintiffs,* | |
| v. | 1:21-cv-0780-XR |
| JANE NELSON, et al., | |
| *Defendants.* | |

**OCA PLAINTIFFS' OPPOSED REQUEST FOR JUDICIAL NOTICE**

OCA Plaintiffs[1] ("Plaintiffs"), respectfully request that the Court take judicial notice of the facts set out in this request, which are contained in public filings in criminal court records, pursuant to Rule 201(b)(2) of the Federal Rules of Evidence.

Facts that are "not subject to reasonable dispute" insofar as they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" are subject to judicial notice. Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information," Fed. R. Evid. 201(c)(2),

---

[1] Plaintiffs OCA-Greater Houston (OCA-GH), League of Women Voters of Texas (LWVTX), and REVUP-Texas (REVUP).

and "may take judicial notice at any time, including *sua sponte*," *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595 (5th Cir. 2000) (citing Fed. R. Evid. 201). Courts regularly take judicial notice of the facts contained in criminal state records because they are a matter of public record. *Pierce v. Kaufman Cnty. Dist. Attorney's Off.*, No. 3:16-CV-2554-G-BH, 2018 WL 5624195, at *1 n.3 (N.D. Tex. Sept. 27, 2018), *report and recommendation adopted*, No. 3:16-CV-2554-G (BH), 2018 WL 5620548 (N.D. Tex. Oct. 29, 2018) (collecting cases).

Additionally, each of the following documents contain facts that are relevant to Plaintiffs' contention that certain Defendants, including the Texas Attorney General, Texas Secretary of State, and Harris County District Attorney, are not immune from suit. The *Ex parte Young* exception to sovereign immunity applies when state officials "have 'some connection with the enforcement of the act' in question." *See Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020). For instance, the facts below are relevant to evaluating the Attorney General's continued ability and willingness to enforce criminal penalties related to elections even after *State v. Stephens*, which held that certain prosecutions by the Attorney General violated the Texas Constitution. *See State v. Stephens*, 663 S.W.3d 45, 57–58 (Tex. Crim. App. Dec. 15, 2021), *reh'g denied*, 664 S.W.3d 293 (Tex. Crim. App. Sept. 28, 2022); *see also Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand."). They are also relevant to evaluating Article III standing against these Defendants.

Plaintiffs conferred with Defendants as to the filing of this request. State Defendants and Defendant Ogg indicated their willingness to confer in person on Monday, October 16, 2023, but were unable to provide a position prior to the filing of this request, and no other

county Defendant responded prior to the filing of this request. Plaintiffs have therefore marked this request as opposed and will confer with counsel for the State Defendants and for Defendant Ogg on Monday, October 16, 2023. They nonetheless file this request ahead of tomorrow's in-person conference to facilitate any argument in open court.

**A. Mark Whittaker (Exhibits 1–7)**

1. Plaintiffs request that the court take judicial notice of certain facts contained in the criminal state records in Case No. 296-83837-2022 in the 296th District Court in Collin County, specifically the Docket Sheet (Ex. 1); True Bill of Indictment (Ex. 2); Statement of Officer filed on October 24, 2022 (Ex. 3); Statement of Officer filed on August 8, 2023 (Ex. 4); State's Notice of Appearance of Counsel filed on August 8, 2023 (Ex. 5); Discovery Index (Ex. 6); and OAG Incident Report # CX4553072406 (Ex. 7).

2. Specifically, Plaintiffs request the Court take judicial notice of the following facts. Mark Whittaker was charged with illegal voting in Collin County on October 13, 2022. (Ex. 1). When a grand jury in Collin County considered these charges in July 2022, the prosecuting agency was listed as the Attorney General and the witness was listed as Joseph O'Neill, an attorney employed by the Texas Attorney General. (Ex. 2; Ex. 3). On October 6, 2022, the Collin County Criminal District Attorney filed a notice in this case appointing Joseph O'Neill as Special Prosecutor in the District Attorney's "place and stead, to do and perform any and all acts and things pertaining to election code violations by Mark Whittaker." (Ex. 3). The case was subsequently filed by indictment on October 13, 2022 (Ex. 1). On August 8, 2023, Geoff Barr, an Assistant Attorney General in the Election Integrity Division of the Office of the Attorney General, was appointed as Special Prosecutor for the Collin County Criminal District Attorney in this case and named as the lead attorney. (Ex. 4; Ex. 5).

3. An OAG Incident Report was filed in this case, recording investigative work conducted by Sergeant Todd Forister ("Forister"), an employee of the Office of the Attorney General. (Ex. 6 (listing the Incident Report in the discovery index); Ex. 7).[2] Forister recorded in the Report that he investigated Mark Whittaker for allegedly voting in Texas and another state in the same election, after the allegation was referred to the Attorney General's Office by the Secretary of State's Office. (Ex. 7, Page 1). Forister further recorded that on August 17, 2022, he and another employee of the Office of the Attorney General visited Mark Whittaker's property, took photographs of his property, and spoke with his neighbors. (Ex. 7, Page 5). Forister recorded that on August 17, 2022, he and another employee of the Office of the Attorney General met with an employee in the Collin County District Attorney's office to discuss the investigation (Ex. 7, Page 5). And Forister recorded that on August 23, 2022, he spoke with Mark Whittaker about the allegations of illegal voting and recorded the conversation. (Ex. 7, Pages 5–6).

**B. Jennifer Thompson (Exhibit 8)**

4. Plaintiffs request that the court take judicial notice of certain facts contained in the Register of Actions in Case No. M202301136 in Johnson County. (Ex. 8). Specifically, Plaintiffs request the Court take judicial notice of the following facts. Jennifer Rae Thompson was charged in Johnson County on September 26, 2023, with tampering with a government record, a ballot application. (Ex. 8). The lead attorney identified for the State of Texas in the

---

[2] Plaintiffs do not request that the Court judicially notice the truth of any statements made by Forister in the OAG Incident Report. Plaintiffs instead request the Court judicially notice that Forister made the statements contained in the OAG Incident Report, which demonstrate that the Office of the Attorney General understands itself to have the authority to conduct investigations of alleged election-related offenses using the techniques described and has publicly represented that it uses these techniques in enforcing election-related laws.

case is Geoff Barr and an Order was filed on September 26, 2023, entitled "Motion and Order to Recuse and Appoint Attorney Pro Tem / File marked on 7/13/2023."

**C. Hervis Rogers (Exhibits 9–10).**

5.     Plaintiffs request that the court take judicial notice of certain facts contained in the Indictment (Ex. 9) and Order of Dismissal (Ex. 10) in Case No. 21-06-08801 in the 221st Judicial District in Montgomery County. Specifically, Plaintiffs request the Court take judicial notice of the fact that Hervis Rogers was indicted in Montgomery County on June 24, 2021, on two charges of illegal voting under Texas Election Code 64.012(1) [sic], (Ex. 9), that the Attorney General is listed as the "Agency" on the indictment, (Ex. 9), and that the indictments in the case were subsequently quashed and set aside on October 17, 2022, (Ex. 10).

6.     Plaintiffs request that the court take judicial notice of certain facts contained in the Grand Jury No Bill in Cause No. 1828959 in the 228th Judicial District in Harris County. (Ex. 11). Specifically, Plaintiffs request the Court take judicial notice of the fact that a grand jury in Harris County returned a No Bill for charges of illegal voting against Hervis Rogers on July 24, 2023.[3]

**D. Ignacio Gonzalez Beltran (Exhibits 12–13).**

7.     Plaintiffs request that the court take judicial notice of certain facts contained in the Register of Actions in Case No. 21-06-08808 in the 221st Judicial District in Montgomery County. (Ex. 12). Specifically, Plaintiffs request the Court take judicial notice of the fact that

---

[3] These facts are relevant because Plaintiffs have reason to believe that the Office of the Attorney General referred allegations against Hervis Rogers and Ignacio Gonzalez Beltran, *see infra* Section D, to the Harris County District Attorney for prosecution. These prosecutions in Harris County are also independently relevant to Plaintiffs' assertion that the Harris Couty District Attorney prosecutes allegations of election offenses.

charges of illegal voting against Ignacio Gonzalez Beltran in Montgomery County were dismissed on October 11, 2022.

8.   Plaintiffs request that the court take judicial notice of certain facts contained in the Grand Jury No Bill in Cause No. 1828008 in the 228th Judicial District in Harris County. (Ex. 13). Specifically, Plaintiffs request the Court take judicial notice of the fact that a grand jury in Harris County returned a No Bill for charges of illegal voting against Ignacio Gonzalez Beltran on July 17, 2023.

**Dated: October 15, 2023**

Respectfully submitted,

*/s/ Zachary Dolling*

Zachary Dolling
Texas Bar No. 24105809
Hani Mirza
Texas Bar No. 24083512
Sarah Chen*
California Bar No. 325327
Veronikah Warms*
Texas Bar No. 24132682
**TEXAS CIVIL RIGHTS PROJECT**
1405 Montopolis Drive
Austin, TX 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)
zachary@texascivilrightsproject.org
hani@texascivilrightsproject.org
schen@texascivilrightsproject.org
veronikah@texascivilrightsproject.or

Thomas Buser-Clancy
Texas Bar No. 24078344
Edgar Saldivar
Texas Bar No. 24038188
Savannah Kumar
Texas Bar No. 24120098
Ashley Harris
Texas Bar No. 24123238

**ACLU FOUNDATION
OF TEXAS, INC.**
5225 Katy Freeway,
Suite 350
Houston, TX 77007
Telephone: (713) 942-8146
Fax: (915) 642-6752
tbuser-clancy@aclutx.org
esaldivar@aclutx.org
skumar@aclutx.org
aharris@aclutx.org

Adriel I. Cepeda Derieux*
Ari Savitzky*
Sophia Lin Lakin*
Dayton Campbell-Harris
**AMERICAN CIVIL
LIBERTIES UNION
FOUNDATION**
125 Broad St., 18th Floor
New York, NY 10004
(212) 284-7334
acepedaderieux@aclu.org
asavitzky@aclu.org
slakin@aclu.org
dcampbell-harris@aclu.org

Susan Mizner*
**AMERICAN CIVIL
LIBERTIES UNION
FOUNDATION**
39 Drumm St.
San Francisco, CA 94111
smizner@aclu.org

Brian Dimmick*
**AMERICAN CIVIL
LIBERTIES UNION
FOUNDATION**
915 15th St. NW
Washington, DC 20005
(202) 731-2395 (phone)
bdimmick@aclu.org

LUCIA ROMANO
Texas State Bar No.
24033013
PETER HOFER
Texas State Bar No.
09777275

6

CHRISTOPHER MCGREAL
Texas State Bar No. 24051774
**DISABILITY RIGHTS TEXAS**
2222 West Braker Lane
Austin, Texas 78758-1024
(512) 454-4816 (phone)
(512) 454-3999 (fax)
lromano@drtx.org
phofer@drtx.org
cmcgreal@drtx.org

Jerry Vattamala*
Susana Lorenzo-Giguere*
Patrick Stegemoeller*
**ASIAN AMERICAN LEGAL
DEFENSE AND EDUCATION
FUND**
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932 (phone)
(212) 966 4303 (fax)
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org
pstegemoeller@aaldef.org

Jessica Ring Amunson*
Alyssa G. Bernstein*
**JENNER & BLOCK LLP**
1099 New York Ave. NW, Suite 900
Washington, DC 20001
(202) 639-6000
jamunson@jenner.com
abernstein@jenner.com

Gregory D. Washington*
**JENNER & BLOCK LLP**
455 Market St. Suite 2100
San Francisco, CA 94105
gwashington@jenner.com

***COUNSEL FOR OCA-GREATER
HOUSTON
PLAINTIFFS.***
*admitted *pro hac vice*

## CERTIFICATE OF SERVICE

On October 15, 2023, I filed the foregoing using the CM/ECF system of the Western District of Texas, which will send notification of this filing to counsel of record.

*/s/ Zachary Dolling*

## CERTIFICATE OF CONFERENCE

I certify that on October 13, 2023, I conferred via e-mail with counsel for Defendants as to the filing of this request. State Defendants and Defendant Ogg indicated their willingness to confer in person on Monday, October 16, 2023, but were unable to provide a position prior to the filing of this request, and no other county Defendant responded prior to the filing of this request. OCA Plaintiffs have therefore marked this request as opposed and will confer in–person with counsel for the State Defendants and for Defendant Ogg on Monday, October 16, 2023.

*/s/ Zachary Dolling*