# Harris County District Attorney Kim Ogg's Motion Under Fed. R. Civ. P. 52(c)

# Rule 52(c) – Judgment on Partial Findings

If a party has been ***fully heard*** on an issue during a nonjury trial and ***the court finds against the party on that issue***, the court may enter ***judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on the issue***.  The court may, however, decline to render any judgment until the close of the evidence.  A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

# Impediments to Recovery as to DA Ogg

- Inability to avoid DA Ogg's sovereign immunity, under *Ex parte Young*

- Standing

- Plaintiffs bear burden of proof **on both**

# Sovereign Immunity

- Issue currently pending before Fifth Circuit panel:

- Can a Texas DA be sued to have a federal court declare a Texas criminal statute unconstitutional just because she holds her elected office, or does *Ex parte Young* require more?

- Issue before Fifth Circuit on plaintiffs' pleadings, not on evidentiary record

# Sovereign Immunity

- Evidentiary record in this trial additionally establishes the lack of evidence of enforcement necessary to meet *Ex parte Young* requirements

- General authority or duty to enforce laws is not enough

- "Particular duty" **and** "demonstrated willingness to exercise that duty." *E.g., Tex. Democratic Party v. Abbott*, 978 F.3d 168, 181 (5th Cir. 2020)

# Sovereign Immunity

- Offer(s) to stipulate on absence of criminal investigations or prosecutions under any S.B. 1 provision

- "Sued them because they would be the ones to enforce S.B. 1 on the ground"

- "S.B. 1 is the threat"

- "Texas Legislature brought us here and here we are"

# Sovereign Immunity

- Interrogatory responses in evidence (OCAPX-416 - Harris County DA Responses to LULAC Plaintiffs' Interrogatories)

- Response No. 1

courts to be unconstitutional. Regardless, no matters arising in part or in whole under the following sections of the Texas Election Code as added or amended by SB 1—33.051, 33.061(a), 64.034, 276.015, 276.016, 276.017, 276.018 and 276.019—are pending investigation or prosecution at the HCDAO, other than the following: there were reports made to the HCDAO on or after September 1, 2021 of 12 instances in which individuals provided the Harris County District Clerk and/or the City of Houston with responses to jury summonses indicating a lack of U.S. citizenship that may have been inconsistent with representations of citizenship made on previously filed voter registration applications.

# Sovereign Immunity

- Response No. 5

The Harris County District Attorney's Office ("HCDAO") has not engaged in any investigations initiated between September 2021 to date arising in part or in whole under any one or more of the following provisions of the Texas Election Code: 33.051, 33.061(a), 64.034, 276.015, 276.016, 276.017, 276.018, and 276.019, other than the following: there were reports made to the HCDAO on or after September 1, 2021 of 12 instances in which individuals provided the Harris County District Clerk and/or the City of Houston with responses to jury summonses indicating a lack of U.S. citizenship that may have been inconsistent with representations of citizenship made on previously filed voter registration applications.

From September 2021 to present, the HCDAO has not initiated any prosecutions arising in part or in whole under any one or more of the following provisions of the Texas Election Code: 33.051, 33.061(a), 64.034, 276.015, 276.016, 276.017, 276.018, and 276.019.

# Sovereign Immunity

- Incorporate all authorities in pending motion for summary judgment that the Court has carried with the case (Dkt.  614)

- Starting with *Ex parte Young* itself:   Minnesota AG threatened criminal action and fines against any railroad that violated a state commission's rate-setting order

# Standing

- Court has denied motion to dismiss based on pleadings related to standing (Dkt. 450)

- Plaintiffs cannot rely on pleadings at this stage

- "A plaintiff must demonstrate standing 'with the manner and degree of evidence required at the successive stages of the litigation.'" *TransUnion v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) (quoting *Lujan v. Defenders of Wildlife*)

# Standing

- Standing principles require "claim-by-claim analysis" for **each** plaintiff's standing for **each** cause of action against **each** defendant

- "We recognize that analyzing standing at this level of granularity can be tedious in a sweeping challenge like this one. But it's what Article III requires." *In re Gee*, 941 F.3d 153, 171 (5th Cir. 2019)

- "Because Petitioners lack standing, we do not reach the merits of their claims. Some may find that unsatisfying. But the standing doctrine 'is not just an empty formality' that we can ignore when a case seems important." *Lujan v. Defenders of Wildlife,* 112 S. Ct. 2130 (Kennedy, J., concurring)

# Standing

- Court has allowed plaintiffs to proceed against DA Ogg only on seven (7) S.B. 1 provisions that Court held touch on some aspect of Texas criminal law

- 4.06, 4.09, 6.04, 6.05, 6.06, 7.02, 7.04

- Based on the evidence, does any plaintiff have standing to raise claims regarding any of these 7 S.B. 1 provisions at to DA Ogg?

# Standing

- Concrete, particularized, and actual or imminent **<u>injury</u>** that is **<u>traceable</u>** to action of the particular defendant being sued and that is **<u>redressable</u>** as to that defendant

# Standing

- Only potential basis for standing (injury, traceability, redressability) against DA Ogg:  imminent, non-speculative enforcement by her office of a challenged criminal provision

- **<u>No</u>** evidence of any prosecution or threatened prosecution of any S.B. 1 criminal provisions by DA Ogg

- **<u>No</u>** evidence of a criminal referral to DA Ogg on any such case for any such potential prosecution

- **<u>No</u>** evidence of any involvement by DA Ogg in passing any of the 7 provisions on which the Court ordered Plaintiffs could proceed against DA Ogg following disposition of MTD

# Standing

- What about pre-enforcement standing?

- In a pre-enforcement suit, a plaintiff must show an "imminent" risk of prosecution that is "certainly impending." "[H]ighly speculative fear" of prosecution does not suffice to establish standing. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1148 (2013) (challenge to FISA)

# Standing

- Even if the absence of evidence of enforcement was not dispositive of standing—which it is—which plaintiff in this case could even make out a case for standing against DA Ogg on any of the seven provisions?

- Even if general authority to enforce criminal law was enough to create imminent injury—which it is not—that general authority is limited to Harris County

# Section 4.06 – refusal to accept poll watcher

- <u>"An election officer commits an offense if the officer intentionally or knowingly refuses to accept a watcher for service when acceptance is of the watcher is required by this section."</u>

- Statute on its face applies to election officers

- No evidence from any plaintiff Harris County election officer who wants to refuse poll watchers, but who will not do so because of imminent risk of prosecution

# Section 4.09 – language change poll watcher

- "A person commits an offense if the person serves in an official capacity at a location at which the presence of watchers is authorized and knowingly prevents a watcher from observing an activity <u>or procedure</u> the <u>person knows the</u> watcher is entitled to observe, <u>including by taking any action to obstruct the view of a watcher or distance the watcher from the activity or procedure to be observed in a manner that would make observation not reasonably effective</u>."

- Statute on its face applies to elections officials only

- No evidence from any plaintiff Harris County election official who wants to obstruct a poll watcher from observation but will not because of changed language

# Section 6.04 – changes to assistor oath

- This is not a substantive criminal provision, just a change to the language of the oath for polling place assistance

- No DA creates or administers the oath or the form (HAUL-MFV Ex. 89) under which assistors provide polling place assistance

- Perjury and tampering with government records are pre-S.B. 1 criminal provisions

# Section 6.04 – changes to assistor oath

- No evidence of any Harris County voter being denied the right to vote as a result of any concerns over this language change

- Evidence of concerns (as to Harris County, second-hand) by assisters over the changed language not a basis for standing against DA Ogg

# Section 6.05 – carrier envelope

- Adds required disclosures on the MIB carrier envelope of the assistor's relationship to the voter and any compensation received in Texas Election Code § 86.010(e)

- No new criminal offense created by S.B. 1

- No evidence from any Harris County voter who was or is being denied the right to vote as a result of any concerns over this language change

# Section 6.06 – language change on MIB assistance

- Statute on its face applies only to a person who compensates, offers to compensate, or solicits, receives, or accepts compensation for assisting voters with preparing MIB

- Contains **explicit** exception to compensated assistance law as amended: "This section does not apply if the person assisting a voter is an attendant or caregiver previously known to the voter"

# Section 6.06 – language change on MIB assistance

- No evidence from any Harris County plaintiff who wants to compensate someone for providing voter assistance to that plaintiff (other than an attendant or caregiver previously known to the voter) but who will not because of the criminal statute

- No evidence that any such Harris County voter was or is being denied the right to vote because of any such concern

# Section 7.02 – language change

- Claims abandoned by all plaintiffs?
- No new criminal offense, just extends offense of refusing to allow employee to vote during early voting period in addition to on election day
- Statute on its face applies to employers
- No evidence from any Harris County plaintiff employer who has refused or is  refusing to allow employee to vote during early voting period, or wants to but will not because of language change

# Section 7.04 part one – vote harvesting offense

- Statute on its face applies only to person who:
  - Knowingly provides or offers to provide vote harvesting services in exchange for compensation or other benefit
  - Knowingly provides or offers to provide compensation or other benefit to another person for vote harvesting services
  - Knowingly collects or possesses a MIB or carrier envelope in connection with vote harvesting services
- Does not apply to the MIB voter

# Section 7.04 part one – vote harvesting offense

- No evidence from any plaintiff who seeks to provide vote harvesting services in exchange for compensation or other benefit in Harris County, but who will not do so because of statute

- No evidence from any plaintiff who seeks to provide or offer to provide compensation or other benefit for vote harvesting services in Harris County, but who will not do so because of statute

- No evidence from any plaintiff who seeks to collect or possess MIBs or carrier envelopes in connection with vote harvesting services in Harris County, but who will not do so because of statute

# Section 7.04 part two –solicitation or distribution of MIB applications

- Statute on its face applies to public official or election official

- No evidence from any Harris County public official or election official who seeks to solicit submissions of MIB applications, distribute MIB applications to persons who do not request them, or other covered conduct, but who will not because of existence of offense

# Section 7.04 part three – unapplied-for distribution of MIBs

- Statute on its face applies to public official or election official
- No evidence from any public official or election official who seeks to distribute early voting ballots by mail to persons who did not apply for one

# Conclusion

- No evidence to suggest that any of plaintiffs (individual or standing members) are at risk of prosecution, much less an imminent risk, by DA Ogg or her office for any of the conduct testified to at trial

- No evidence to support the type of enforcement efforts that can form the basis of a proper way around a State official's sovereign immunity under *Ex parte Young*

- DA Ogg's continued presence in the case adds nothing to the resolution of issues presented to the Court by plaintiffs' evidence, or the impact of judicial resolution of plaintiffs' claims