IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> GREGORY W. ABBOTT, et al., <br><br> *Defendants*. | Civil Action No. 5:21-cv-844 (XR) <br> (consolidated cases) |

## STATE DEFENDANTS' UNOPPOSED REQUEST FOR JUDICIAL NOTICE

State Defendants respectfully request that the Court take judicial notice of the attached documents, which are documents from the criminal docket for Zul Mohamed, and that the facts, set out in this request, were alleged therein. Each of the following documents are relevant to State Defendants' case in chief and, alternatively, proffer of proof. For purposes of clarity, the State is not asking the Court to take judicial notice of these materials for the truth of the underlying allegations in them, but rather exclusively for the purpose of judicially noticing that the materials exist and that certain allegations were made in them.

Facts that are "not subject to reasonable dispute" insofar as they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" are subject to judicial notice. Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information," Fed. R. Evid. 201(c)(2), and "may take judicial notice at any time, including *sua sponte*," *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595 (5th Cir. 2000) (citing Fed. R. Evid. 201).

Courts regularly take judicial notice of the facts contained in criminal state records because they are a matter of public record. *Pierce v. Kaufman Cnty. Dist. Attorney's Off.*, No. 3:16-CV-2554-G-BH, 2018 WL 5624195, at *1 n.3 (N.D. Tex. Sept. 27, 2018), *report and recommendation adopted*, No. 3:16- CV-2554-G (BH), 2018 WL 5620548 (N.D. Tex. Oct. 29, 2018) (collecting cases).

1. **Search Warrant and Return (Exhibit 1)**

State Defendants request that the Court take judicial notice of certain facts contained in the Search Warrant and Return, Warrant No. 2020-1005-16a: law enforcement in Denton County filed a search warrant on October 8, 2020, requesting the time, place, and objects to be searched in connection to a suspected crime of "Fraudulent Use of Application for Ballot by Mail, [in violation of] Texas Election Code Sec. 84.0041."

In this document, law enforcement affirm they have probable cause, noting "irregularities in about 70 applications for Ballot by Mail;" Denton County Election Administrator Frank Phillips "said they first noticed all the applications had the same address to mail the ballot to the suspect address.…" Law enforcement also noted the signatures on the duplicate applications did not match, and upon contacting at least nine persons named on the duplicate ballot applications, all nine reported they were fraudulent.

2. **Book-in Affidavit (Exhibit 2)**

State Defendants request that the Court take judicial notice of certain facts contained in the Book-in Affidavit: the Denton County peace officer who investigated the case swore to key aspects of the investigation. Specifically, the affiant states that he met with Denton County Election Administrator Frank Phillips and discussed the suspected fraudulent ballot by mail scheme, which came to Mr. Phillips' office's attention when about 70 Ballot by Mail Applications were submitted

from the same address for the November 3, 2020 election. The affidavit specifies the type of address that was used, a P.O. Box.

The affiant and his partner contacted the names of the individuals on the applications, who reported the signatures were not theirs and were in fact fraudulent. Affiant further attested to the investigation and the use of an undercover officer, who posed as an employee at the Post Office, which resulted in the suspect requesting for mail from the P.O. Box listed on the fraudulent applications. The suspect then took the fraudulent mail in ballots to his home, where he was arrested on October 7, 2020.

**3. True Bill of Indictment: Method of Returning Marked Ballots (Exhibit 3)**

State Defendants request that the Court take judicial notice of certain facts contained in the True Bill of Indictment: a grand jury was impaneled and charged Defendant in Denton County, Texas with 25 violations Section 86.006 of the Texas Election Code. Each count of this indictment, Warrant No. 20-596318-A, Control No.12496, filed in Denton County includes a name of a Denton County voter who was allegedly defrauded by Defendant's scheme, in which Defendant knowingly possessed an official ballot or carrier envelope intended for the named voter.

**4. True Bill of Indictment: Fraudulent Use of Application for Ballot by Mail (Exhibit 4)**

State Defendants request that the Court take judicial notice of certain facts contained in the True Bill of Indictment: a grand jury was impaneled and charged a defendant in Denton County, TX with 84 violations Section 84.0041 of the Texas Election Code. Each count of this indictment, Warrant No. 20-596318-B, Control No.12497, filed in Denton County on May 11, 2021, includes a name of a Denton County voter who was allegedly defrauded by Defendant's scheme, in which Defendant submitted an application for a ballot by mail without the knowledge or authorization of the named voter.

| | |
|---|---|
| Date: October 20, 2023 | Respectfully submitted. |
| KEN PAXTON<br>Attorney General | /s/ Ryan G. Kercher<br>RYAN G. KERCHER<br>Deputy Chief, General Litigation Division<br>Tex. State Bar No. 24060998 |
| BRENT WEBSTER<br>First Assistant Attorney General | |
| GRANT DORFMAN<br>Deputy First Assistant Attorney General | KATHLEEN T. HUNKER<br>Special Counsel<br>Tex. State Bar No. 24118415 |
| JAMES LLOYD<br>Deputy Attorney General for Civil Litigation | WILLIAM D. WASSDORF<br>Assistant Attorney General<br>Tex. State Bar No. 24103022 |
| | ZACHARY W. BERG<br>Special Counsel<br>Tex. State Bar No. 24107706 |
| | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>ryan.kercher@oag.texas.gov<br>kathleen.hunker@oag.texas.gov<br>will.wassdorf@oag.texas.gov<br>zachary.berg@oag.texas.gov |
| | **COUNSEL FOR STATE DEFENDANTS** |

**CERTIFICATE OF CONFERENCE**

I certify that on October 20, 2023, State Defendants' counsel conferred with Plaintiffs' counsel, who represented that Plaintiffs did not oppose this motion.

/s/ Ryan G. Kercher
RYAN G. KERCHER

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on October 20, 2023, and that all counsel of record were served by CM/ECF.

/s/ Ryan G. Kercher
RYAN G. KERCHER