IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY W. ABBOTT, et al.,<br><br>Defendants. | Civil Action No. 5:21-cv-844 (XR)<br>(consolidated cases) |

**UNITED STATES' OPPOSITION TO STATE DEFENDANTS' MOTION FOR STAY**

The United States respectfully requests this Court to deny State Defendants' Motion for Stay Pending Appeal ("Stay Mot."), ECF No. 824. On November 29, 2023, this Court issued a memorandum opinion and order granting the United States' and OCA Plaintiffs' motions for summary judgment and permanently enjoined Defendants from enforcing Senate Bill 1's ("SB 1") ID number-matching requirements. *See* Summ. J. Opinion and Order ("SJ Order"), *La Unión del Pueblo Entero v. Abbott*, No. 5:21-CV-0844-XR, 2023 WL 8263348 (W.D. Tex. Nov. 29, 2023), ECF No. 820. State Defendants' stay request relies mainly on arguments that this Court already rejected in the SJ Order, and the only novel argument raised in the motion—regarding the December 9 Houston runoff election—mischaracterizes the impact of this Court's injunction. The motion for stay should therefore be denied.

The Court already considered and rejected State Defendants' contentions that the Secretary of State is not a proper defendant and that Plaintiffs are unlikely to prevail on the merits of their claims under Section 101 of the Civil Right Act of 1964. *Compare* Stay Mot. at 5-7 *with* Order Denying State Defendants' Mot. to Dismiss at 6-27, ECF No. 424, *and* SJ Order

1

at 26-48.[1]  Likewise, the Court also analyzed and rejected State Defendants' claim that the "*Purcell* principle" precludes this Court from imposing a remedy: concerns about voter confusion are inapplicable here because "Plaintiffs' requested injunction does not affect the procedures for voting by mail from a voter's perspective."  SJ Order at 51.

State Defendants then argue that the Court's Order will prevent Harris, Fort Bend, and Montgomery Counties—the three counties running the Houston election—from uniformly implementing state law because (1) the Court's Order is only binding on Harris County, the only county of the three that is a named defendant here, and (2) the injunction was issued after election officials had started processing absentee ballots for that election.  *See* Stay Mot. at 7-9.  But these concerns rest on incorrect premises.

First, no voter will be subject to different standards because of where they reside within the City of Houston.  The United States sought and obtained relief against the State of Texas and the Texas Secretary of State.  *See* SJ Order at 12, 52-53 (granting relief against "State Defendants," which include the State of Texas and the Secretary of State).  Texas counties are legal subdivisions of the State of Texas, *see* Tex. Const. art. 11, § 1 & art. 9, § 1, and the Texas Secretary of State is responsible for "obtain[ing] and maintain[ing] uniformity in the application, operation, and interpretation of [the Texas Election] code and of the election laws outside [the Texas Election] code," Tex. Elec. Code § 31.003; *see also Texas Democratic Party v. Abbott*, 961 F.3d 389, 399 (5th Cir. 2020) (applying § 31.003 to vote-by-mail rules); Stay Mot. at 8

---

[1] The United States relies on its summary judgment briefing to address Defendants' renewed merits arguments.  *See* U.S. Mot. for Summ. J. at 19-23, ECF No. 609; U.S. Opp. Defs.' Summ. J. Mot. at 16-19 & 22-28, ECF No. 637; U.S. Corrected Summ. J. Reply at 8-10 & 14-21, ECF No. 670; *see also* U.S. Opp. Mot. to Dismiss at 5-7 & 15-16, ECF No. 195 (explaining the State of Texas's status as a proper defendant, which renders any further arguments concerning individual state officials irrelevant).

(agreeing that the Secretary of State must ensure uniform and consistent elections).  Thus, the Court's injunction is binding on all counties in Texas.  Harris, Fort Bend, and Mongomery Counties therefore must comply with the Court's Order by counting all validly cast absentee ballots in the upcoming City of Houston election, whether or not the voter has provided an ID number on the carrier envelope that matches one contained in Texas's voter file.

Second, election officials need not know when an absentee ballot was returned to determine whether to apply SB 1's ID number-matching requirement.  No voter should have to comply with SB 1's ID number-matching provision in Houston's runoff election, regardless of when they returned their ballot.  State Defendants warn that the risk of confusion is compounded because counties may have already contacted some voters to initiate the cure process.  *See* Stay Mot. at 8.  But a clear and easy recourse exists in that situation: county officials can simply contact the voter again to let them know they no longer need to cure the ID number defect and then count the voter's ballot regardless of its cure status.  And county election officials have until December 15, 2023, to undertake these simple remedial measures for any voters whose ballots have already been rejected and set aside for potential cure.  *See* Tex. Elec. Code § 87.0411(c) (absentee ballots can be cured up until the sixth day after Election Day).[2]

Finally, the Court's Order merely allows election officials to process absentee ballots the same way they have for many years, just without SB 1's ID number-matching provisions and the arbitrary rejections it has required since the March 2022 primaries.  This injunction is not creating chaos or voter confusion; it is ending it.  *See* SJ Order at 9-10 (recounting "the pervasive

---

[2] State Defendants have proffered no evidence showing that any absentee ballots have been rejected under SB 1's ID number-matching provisions in Houston's runoff election or that this Court's Order is causing confusion among voters or county election officials.  Harris County, both a party to this case and one of the three counties administering the Houston runoff election, did not join State Defendants' request for a stay.  *See* Stay Mot. at 12.

confusion and rejection of" mail ballot materials under SB 1).  For these reasons, the United States requests that the Court deny State Defendants' request for a stay pending appeal.[3]

Date:  December 4, 2023

                                      KRISTEN CLARKE
                                      Assistant Attorney General
                                      Civil Rights Division

                                      */s/ Dana Paikowsky*
                                      T. CHRISTIAN HERREN, JR.
                                      RICHARD A. DELLHEIM
                                      DANIEL J. FREEMAN
                                      DANA PAIKOWSKY
                                      MICHAEL E. STEWART
                                      JENNIFER YUN
                                      Attorneys, Voting Section
                                      Civil Rights Division
                                      U.S. Department of Justice
                                      950 Pennsylvania Avenue NW
                                      Washington, D.C. 20530
                                      dana.paikowsky@usdoj.gov

---

[3] To the extent that this Court determines that equities specific to the December 9, 2023, Houston runoff election warrant a stay—and it should not—any such stay should expire immediately after the conclusion of that election.

## CERTIFICATE OF SERVICE

      I hereby certify that on December 4, 2023, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

      */s/ Dana Paikowsky*
      Dana Paikowsky
      Civil Rights Division
      U.S. Department of Justice
      950 Pennsylvania Ave, NW
      Washington, DC 20530