IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNION DEL PUEBLO ENTERO, et al., §§§<br>   *Plaintiffs*, §§§<br>v. §§§<br>GREGORY W. ABBOTT, et al., §§§<br>   *Defendants.* §§§ | Case No.: 5:21-CV-0844-XR<br>[Consolidated Cases] |

**STIPULATED ORDER REGARDING DESTRUCTION OF CERTAIN BALLOTS AND ELECTION-RELATED RECORDS AND DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26(c) & 29(b) and the stipulated agreement of the Parties, this Stipulated Order Regarding Destruction of Certain Ballots and Election-Related Records and Documents ("Stipulation") is made by and between counsel for all Plaintiffs and counsel for all Defendants (collectively the "Parties"), in connection with the above-captioned action.

**WHEREAS**, counsel for the Parties have met and conferred regarding potential disposal or destruction of certain ballots and election-related records and documents which are no longer subject to ongoing statutory preservation requirements under federal or Texas law and, with the conclusion of phase one of trial, are no longer necessary to the resolution of the above-captioned action nor otherwise required by law to be preserved (the "Affected Election Materials");[1]

---

[1] The Texas Election Code requires that certain categories of election records be preserved for a period of 22 months. *See e.g.*, Tex. Elec. Code §§ 20.036(c), 66.058(a), 127.152(c), 129.023(f)(2), 172.114, & 172.115. Federal law imposes a similar 22-month preservation requirement in connection with federal elections. *See* 52 U.S.C. § 20701. Section 1.013 of the Texas Election Code states that, "[a]fter expiration of the prescribed period for preserving voted ballots, election returns, other election records, or other records that are preserved under this code, the records may

1

**WHEREAS**, the Parties agree that ongoing preservation of the Affected Election Materials, which have been preserved for the full time required by federal and Texas law, as applicable, imposes a significant burden on the Parties presently responsible for the preservation (including storage) of the Affected Election Materials;

**WHEREAS**, the Parties have agreed that ongoing preservation of the Affected Election Materials is not warranted in connection with the above-captioned action;

**WHEREAS**, the Parties have agreed to enter into this Stipulation (i) to facilitate cost-efficient disposal or destruction of the Affected Election Materials, if desired by the relevant custodians, and (ii) to minimize, to the fullest extent possible, any disputes regarding disposal or destruction of the Affected Election Materials;

**IT IS HEREBY STIPULATED THAT**:

1. **The following definitions apply to this Stipulation:**

    **a.** "Document" is defined as documents or electronically stored information as set forth in Federal Rule of Civil Procedure 34(a)(1)(A), excluding ESI from mobile phones.

    **b.** The Parties, as well as their officers, directors, employees, agents, and successors in office, are referred to as the "Parties" solely for purposes of this protocol.

    **c.** "Plaintiff" or "Plaintiffs" as used herein shall mean La Union Del Pueblo Entero; Friendship-West Baptist Church; The Anti-Defamation League Austin, Southwest, and Texoma; Southwest Voter Registration Education Project; Texas

---

be destroyed or otherwise disposed of unless, at the expiration of the preservation period, an election contest or a criminal investigation or proceeding in connection with an election to which the records pertain is pending. In that case, the records shall be preserved until the contest, investigation, or proceeding is completed and the judgement, if any, becomes final."

Impact; Mexican American Bar Association of Texas; Texas Hispanics Organized for Political Education; JOLT Action; William C. Velasquez Institute; James Lewin; Fiel Houston, Inc.; Mi Familia Vota; Marla Lopez; Marlon Lopez; Paul Rutledge; Houston Area Urban League; Delta Sigma Theta Sorority Inc.; The Arc of Texas; Jeffrey Lamar Clemmons; LULAC Texas; Voto Latino; Texas Alliance for Retired Americans; Texas AFT; OCA-Greater Houston; League of Women Voters of Texas; REVUP-Texas; and the United States.

**d.** "Defendant" or "Defendants" as used herein shall mean the State of Texas; Gregory W. Abbott, in his official capacity as Governor of Texas; Jane Nelson, in her official capacity as Secretary of State of Texas; Jose A. Esparza, in his official capacity as Deputy Secretary of the State of Texas; Warren K. Paxton, in his official capacity as Attorney General of Texas; Lupe C. Torres, in her official capacity as Medina County Elections Administrator; Lisa Wise, in her official capacity as El Paso County Elections Administrator; Teneshia Hudspeth, in her official capacity as Harris County Clerk; Jacque Callanen, in her official capacity as Elections Administrator of Bexar County; Hilda A. Salinas, in her official capacity as Hidalgo County Elections Administrator; Heider Garcia, in his official capacity as Dallas County Elections Administrator; Dyana Limon-Mercado, in her official capacity as Travis County Clerk; Kim Ogg, in her official capacity as Harris County District Attorney; Joe D. Gonzales, in his official capacity as Bexar County District Attorney; Jose Garza, in his official capacity as Travis County District Attorney; John Creuzot, in his official capacity as Dallas County Criminal District Attorney; Toribio Palacios, in his official capacity as Hidalgo County District Attorney; Bill Hicks, in his official capacity as El

Paso County District Attorney; Harris County Republican Party; Dallas County Republican Party; National Republican Senatorial Committee; National Republican Congressional Committee; and Republican National Committee.

**e.** All other terms used herein shall be defined as they are in the Texas Election Code and Sedona Conference Glossary: E-Discovery & Digital Information Management (Fifth Edition). *See* The Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 SEDONA CONF. J. 263 (2020).

**2. The Affected Election Materials May Be Disposed of or Destroyed.** All Parties agree that the Affected Election Materials may be disposed of or destroyed unless they must be preserved in connection with another matter.[2] This agreement is not in violation of any order in the above-captioned case.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: January _____, 2024

 

The Honorable Xavier Rodriguez
UNITED STATES DISTRICT JUDGE

294883920

---

[2] All parties further agree that this Stipulation does not permit the destruction of any documents or records which remain subject to preservation under Texas Election Code section 1.013 beyond the general prescribed preservation period due to their relation to a pending "election contest or a criminal proceeding or proceeding in connection with an election to which the records pertain."

4