```
IN THE UNITED STATES DISTRICT COURT
    FOR THE WESTERN DISTRICT OF TEXAS
            SAN ANTONIO DIVISION


LA UNION DEL PUEBLO ENTERO,    .
ET AL,                         .
                               .
          PLAINTIFFS,           .
     vs.                       . DOCKET NO. 5:21-CV-844-XR
                               .
GREGORY W. ABBOTT, ET AL,      .
                               .
          DEFENDANTS.          .


         TRANSCRIPT OF STATUS CONFERENCE
     BEFORE THE HONORABLE XAVIER RODRIGUEZ
          UNITED STATES DISTRICT JUDGE
                FEBRUARY 7, 2024




APPEARANCES:
FOR THE PLAINTIFFS:     LEAH J. TULIN, ESQUIRE
                        BRENNAN CENTER FOR JUSTICE AT
                         NYU SCHOOL OF LAW
                        1400 CONNECTICUT AVENUE NW, SUITE 1150
                        WASHINGTON DC 20036


                        JENNIFER A. HOLMES, ESQUIRE
                        NAACP LEGAL DEFENSE & EDUCATIONAL
                        FUND INC
                        40 RECTOR STREET, FIFTH FLOOR
                        NEW YORK NY 10006
```

```
 1                          ELIJAH M. WATKINS, ESQUIRE
                            STOEL RIVES LLP
 2                          101 S. CAPITOL BLVD, SUITE 1900
                            BOISE ID 83702
 3

 4                          UZOMA N. NKWONTA, ESQUIRE
                            ELENA RODRIGUEZ ARMENTA, ESQUIRE
 5                          DANIELLE LORENZO, ESQUIRE
                            CHRISTOPHER DOOLEY DODGE, ESQUIRE
 6                          ELIAS LAW GROUP LLP
                            250 MASSACHUSETTS AVENUE NW, SUITE 400
 7                          WASHINGTON DC 20001

 8

 9                          EDGAR SALDIVAR, ESQUIRE
                            ACLU OF TEXAS
10                          PO BOX 8306
                            HOUSTON TX 77288
11

12                          ZACHARY DOLLING, ESQUIRE
                            TEXAS CIVIL RIGHTS PROJECT
13                          1405 MONTOPOLIS DRIVE
                            AUSTIN TX 78741
14

15   FOR THE DEFENDANTS:    KATHLEEN HUNKER, ESQUIRE
                            WILLIAM WASSDORF, ESQUIRE
16                          ZACHARY BERG, ESQUIRE
                            TEXAS ATTORNEY GENERAL
17                          P.O. BOX 12548
                            MC 009
18                          AUSTIN TX 78711

19

20                          JOHN GORE, ESQUIRE
                            LOUIS CAPOZZI, ESQUIRE
21                          JONES DAY
                            51 LOUISIANA AVENUE NW
22                          WASHINGTON DC 20001

23

24

25
```

| | |
|---|---|
| 1 | ERIC J.R. NICHOLS, ESQUIRE |
| 2 | BUTLER SNOW LLP |
|   | 1400 LAVACA STREET, SUITE 1000 |
|   | AUSTIN TX 78701 |
| 3 | |
| 4 | ANTHONY J. NELSON, ESQUIRE |
|   | TRAVIS COUNTY ATTORNEY'S OFFICE |
| 5 | 314 WEST 11TH STREET, ROOM 590 |
|   | AUSTIN TX 78701 |
| 6 | |

```
21  REPORTED BY:        GIGI SIMCOX, RMR, CRR
                        OFFICIAL COURT REPORTER
22                      UNITED STATES DISTRICT COURT
                        SAN ANTONIO, TEXAS
```

1    *(San Antonio, Texas; February 7, 2024, at 3:00 p.m., in*
2    *open court.)*
3            THE COURT:  Good afternoon.  Let's call 21 civil 844,
4    LUPE versus Abbott.
5            I'm not even sure how many people we have online.
6    How many participants do we have?  Well, let me get a roll
7    call then.
8            Who is here for the plaintiffs?
9            MS. TULIN:  Good afternoon, Your Honor.  Leah Tulin
10   on behalf of the LUPE plaintiffs.  I have colleagues on with
11   me.  I'm not sure exactly who.  I do want to -- I promised to
12   tell you, on behalf of Ms. Perales, my co-counsel, that she is
13   sorry that she can't be here.  She is on a plane.
14           THE COURT:  That's quite all right.  We called this
15   at the last moment.  Are you going to take the lead,
16   Ms. Tulin?
17           MS. TULIN:  I will probably take the lead, although
18   there are also counsel for the other plaintiffs' groups who
19   may wish to at least identify them for each plaintiff's group,
20   if that's okay with Your Honor.
21           THE COURT:  Yeah.  Let's move on, then.
22           Who else do we have for the plaintiffs?
23           MS. HOLMES:  Good afternoon, Your Honor.  Jennifer
24   Holmes for the HAUL plaintiffs.
25           THE COURT:  Thank you.

1         MR. WATKINS:  Good afternoon, Your Honor.  Elijah
2    Watkins for Mi Familia Vota.
3         THE COURT:  Thank you.
4         MR. NKWONTA:  Good afternoon, Your Honor.  Uzoma
5    Nkwonta for the LULAC plaintiffs, and I'm joined by my
6    colleagues, Ms. Elena Rodriguez Armenta, and Daniela Lorenzo
7    and Chris Dodge.
8         THE COURT:  Thank you.
9         MR. SALDIVAR:  Edgar Saldivar with the ACLU on behalf
10   of the OCA plaintiffs, and I'm joined by my colleague --
11        *[Audio transmission gap.]*
12        THE COURT:  We lost you, Mr. Saldivar, I believe.  Or
13   is it me?
14        MR. DOLLING:  I can -- I can just jump in.  This is
15   Zachary Dolling on behalf of the OCA plaintiffs.  I'm with
16   Mr. Saldivar and a few of my colleagues.  Too many to list, I
17   think.
18        THE COURT:  Thank you.  Anyone else for the
19   plaintiffs?  Okay.  No one else for the plaintiffs.
20        For the State?
21        MS. HUNKER:  Kathleen Hunker, Your Honor, for the
22   State defendants.  I'm joined by my colleagues Will Wassdorf
23   and Zachary Berg.
24        I was also told to express apologies from Ryan
25   Kercher.  He is right now doing interviews for witnesses out

 1  in the field and does not have an internet connection.
 2          THE COURT:  Thank you.  Anybody here for the
 3  intervenors?
 4          MR. GORE:  John Gore for the intervenors.  I'm joined
 5  by Louis Capozzi as well.
 6          THE COURT:  Thank you.
 7          So I'm not sure who asked for this.  Who is the
 8  requesting party?
 9          MS. HUNKER:  Your Honor, this is Kathleen Hunker for
10  the State defendants.
11          We asked that the plaintiffs include the status
12  conference request within the advisory in order to ensure that
13  the parties' expectations aligned with Your Honor's for next
14  week's closing arguments.
15          I think we have basically come to an agreement on how
16  we want to structure it, but since the presentations are
17  designed for your benefit and to ensure that we've answered
18  your questions, we just wanted to make sure that the structure
19  that we've set up, as well as our expectations, were, again,
20  in line with what you wanted to get from the parties.
21          THE COURT:  Yeah.  So I'm assuming -- and correct me
22  if I'm wrong -- in your request for three hours per side, my
23  expectation is that's going to include whatever questioning I
24  have.  So whatever questioning that I'm doing, that may eat up
25  into your three hours.  That's still the three hours.  Does

1  everybody understand that?  Because otherwise, we'll be
2  here --
3           MS. HUNKER:  I believe so.
4           THE COURT:  Yeah.  Because otherwise, we'll be here
5  for eight or nine hours, I think.
6           MS. HUNKER:  I believe so, Your Honor.
7           THE COURT:  Okay.  So, yeah, just as long as you-all
8  understand that I'm likely to interject into your
9  presentations at any point as I make my way through the list
10 of questions that I have compiled -- and am still compiling.
11          So I'm thinking we start at 9:00.  We're going to
12 work through till 12:00.  I think we're all going to need a
13 break in between somewhere, so somewhere about 10:45-ish, we
14 would take a 10 or -- we'll just call it a 10-minute break,
15 and then we'll allot the entire three hours -- the break will
16 not be counted against anybody.  And then once we've hit the
17 three hours, then we'll go on a lunch break.  Then we'll
18 resume, and then we'll do the same thing for the afternoon.
19          Second point, I guess, is -- so we initially thought
20 we'd be back in my usual courtroom rather than the large
21 courtroom, but the marshals informed me that the sorority
22 group is going to have some demonstration that morning, so I'm
23 assuming that when they have the demonstration in the morning,
24 that they are going to likely want to be spectators in the
25 courtroom like they have historically been.

1              Does anybody have any insight into that?  Do we need
2  the large courtroom in light of that development?
3              MS. HOLMES:  Your Honor, I don't know exactly what
4  numbers we are expecting, but I'm happy to send an email to
5  Ms. Fernandez by tomorrow.
6              THE COURT:  Okay.  Have we inquired about the
7  availability?
8              THE DEPUTY CLERK:  We've got it.
9              THE COURT:  We've got it?  Okay.
10             So I've taken it away from somebody.  If we don't
11 need it, let us know; but otherwise, we're going to be back in
12 the usual ceremonial courtroom to accommodate those spectators
13 and others.
14             What else do we -- what other questions might someone
15 else have that we can anticipate and take care of right now?
16             I'm assuming there are going to be PowerPoint
17 presentations?
18             MS. HUNKER:  Your Honor, I know the State and
19 intervenors plan on having a handful of PowerPoint
20 presentations regarding the specific claims and jurisdiction,
21 and so if there are any needs on the Court's end in terms of
22 when we should be producing them, that would be helpful to
23 know in advance.
24             THE COURT:  So, you know, it's closing argument.
25 They're not going to be evidence, and so I'm -- and you are

1  likely going to be tweaking those to the last moment, so go
2  ahead and tweak them to the last moment.  The only thing I
3  would ask is you provide me and the law clerk a copy of the
4  PowerPoints that you-all might use; that way I can annotate
5  along the way rather than taking separate notes and having to
6  find a PowerPoint that coincides with my notes.
7           So -- and so that ought to put to bed any objections
8  to PowerPoints, because the PowerPoints are not going to be
9  entered into -- as evidence, so I don't expect anybody to be
10 objecting to each other's PowerPoint.  You can comment that,
11 you know, the PowerPoint might be introducing something that's
12 not in evidence or incorrectly citing to the evidence, and you
13 can make your argument about that, but I don't want us to be
14 fighting about the PowerPoints themselves.
15          MS. HUNKER:  Understood, Your Honor.  I don't
16 believe, based on our previous meet and confer, that any of
17 the parties had objections to the PowerPoints; although, it's
18 good to have clarity from the Court, and we appreciate it.
19          THE COURT:  Anything else?
20          MS. HUNKER:  I also -- I just want to also notify the
21 Court, Your Honor, that we will be having our tech assistant,
22 Brian Christopher, attend; and so he will be accessing the
23 courtroom a little early to make sure he is set up.
24          THE COURT:  Yeah.  Courtroom --
25          The doors open at what time?

1           THE DEPUTY CLERK:  8:00.
2           THE COURT:  8:00?  So the doors open at 8:00, and
3    he's welcome at that time.
4           MS. HUNKER:  And one last question, Your Honor -- and
5    this is just to make sure that you are happy with our
6    structure.  The parties have decided to break the arguments by
7    claim.  This way we have all the relevant facts that will be
8    needed to either meet the burden or to assert affirmative
9    defenses for that burden for the specific claims as opposed by
10   going by provision, and I just wanted to make sure that the
11   Court was okay with that set-up.
12          THE COURT:  Yeah.  No, that makes sense to me as
13   well -- caveat.  So my good friend, the counsel for Ms. Ogg
14   doesn't seem to be on the Zoom right now.  Don't let him hog
15   up all the time, because we could spend -- and he would
16   probably take two of your three hours, so let's allocate time
17   accordingly.
18          MS. HUNKER:  Yes, Your Honor.
19          MR. NICHOLS:  Judge, I am here to defend myself, if
20   that's important.
21          THE COURT:  Thank you, Mr. Nichols.  So you're doing
22   a great job, and I'm working through your issues.  I'm not
23   sure I need a lot on your issues.
24          MR. NICHOLS:  *(Nodding head)*.
25          THE COURT:  So --

1          MR. NICHOLS:  That's what I was going to suggest,
2  Judge.  I mean, we did argue this, as you know, on summary
3  judgment.  We argued it on a motion for judgment on the
4  pleadings; so, I mean, obviously, from our perspective, you
5  know, the jurisdictional issues are critical, but I don't know
6  how much more argument the Court needs on that.  I'm happy to
7  update it, spend a little bit of time on it, but -- but I know
8  you've got that in mind.
9          THE COURT:  Yeah.  I do.  Now, if you want to give me
10 one last PowerPoint and not make arguments, you're welcome to
11 do that, and so -- but I am working through your issues.
12         Now, standing as to everybody else, though.  You
13 heard me periodically throughout the trial make some comments
14 offhand about the standing of other parties, and so hopefully
15 you-all kept a list.  If not, I've got my own list; but, you
16 know, you can certainly anticipate that I'll be re-asking
17 those same set of questions.
18         MS. HUNKER:  Thank you, Your Honor.  I believe that's
19 all the questions the State defendants have, so I'll leave it,
20 in the event that plaintiffs or intervenors have any questions
21 they need to ask.
22         THE COURT:  Anything from the plaintiffs?
23         MS. HOLMES:  Your Honor, I wanted to check one thing
24 about the structure that I don't think was mentioned when
25 we've been gathered here today.  It's just the plaintiffs plan

```
 1  to reserve part of our three hours for rebuttal.
 2          THE COURT:  Okay.  Yeah, that's fine.  Just let me
 3  know at the time once you've decided how much time you want to
 4  save on rebuttal, and I'll do my best to chess clock here.
 5          MS. HOLMES:  Thank you, Your Honor.
 6          THE COURT:  Anybody else?
 7          MS. TULIN:  Two additional clarifications, Your
 8  Honor.  Thank you.  I think that was Mr. Nelson.  Thank you.
 9          Two -- one was noted in the advisory, but I just
10  wanted to make sure that it's okay with Your Honor.  We had
11  indicated that there might be counsel who would be presenting
12  argument by Zoom and wanted to make sure that that is okay
13  with Your Honor.
14          THE COURT:  Yeah.  No.  I'm fine with that.
15          MS. TULIN:  I think there's only one.  Okay.  Thank
16  you.
17          And then I also just wanted to clarify, I think you
18  said 9:00.  I think at some point the docket entry had said
19  10:00, so I just want to make sure we're all on the same page,
20  that we'll start at 9:00 a.m.
21          THE COURT:  Yes, we'll start at 9:00.  That was
22  probably before I saw the formal announcement of six hours,
23  because if we start at 10:00 and later, then we're pushing
24  closer to 6:00 or 7:00 before we're all out of here.
25          MR. NELSON:  Your Honor, Tony Nelson for
```

1  Travis County defendants.  And I think Ms. Tulin's question
2  covered what I was going to inquire about as to whether the
3  ability to present argument and observe by Zoom will still be
4  available.  I didn't know if that might be changed by the
5  participation or potential participation of observers from the
6  sorority group that you had mentioned, and I just wanted to
7  make sure of that.
8              THE COURT:  Yeah.  No, so I'll still allow anybody
9  who wants to participate by Zoom to do so.  In the event some
10 party wants to do this by Zoom, however, forward to
11 Ms. Fernandez -- so we'll give you share-screen capability,
12 but in addition to share-screen capability, forward to
13 Ms. Fernandez, the morning of, any PowerPoint you intend to
14 use; that way, we'll print it, and I'll have it before me
15 rather than squinting at the screen.
16             And, you know, if -- I do want spectators to be able
17 to see whatever argument or whatever PowerPoint is being used
18 in argument.  So I think the screens are large enough to let
19 folks see both the speaker and the PowerPoint, and so I think
20 that will be taken care of that way.
21             MR. NELSON:  Thank you, Your Honor.  And that's not
22 an indication that Travis County at this time intends to
23 present argument, but we wanted to make sure we were clear on
24 what the Court's rules are on that, and we will submit our
25 information timely to Ms. Fernandez.  Thank you.

Case 5:21-cv-00844-XR   Document 967   Filed 02/09/24   Page 14 of 15

14

```
 1                THE COURT:  Thank you.  And again, I offer that same
 2   opportunity as to Ms. Ogg.
 3                If anybody who is not going to be speaking still just
 4   wants to tender the PowerPoint as their portion of closing
 5   argument, that's fine with me.
 6                MR. NICHOLS:  And, Judge -- this is Eric Nichols --
 7   as you saw from the advisory, the parties have also agreed
 8   that whether you are there in court arguing or whether you're
 9   on Zoom arguing, you're going to make sure that there are
10   enough copies of your PowerPoint to distribute to everyone,
11   including counsel.
12                THE COURT:  Thank you for that.
13                Yeah, everybody, if you're going to do argument by
14   Zoom -- or in person -- let's bring extra copies to hand.  We
15   can make copies here for you, but I'm not Xerox, so let's try
16   to avoid that if possible.
17                Anybody else?
18                Okay.  I'm looking forward to oral arguments.  I'm
19   sure it's going to be good.  And in all event, it will be
20   helpful.  So we shall see you-all shortly, if no one else
21   needs anything?
22                See you --
23                MS. HUNKER:  I think we're good, Your Honor.
24                THE COURT:  Okay.  See you-all in a few days.
25           (Concludes proceedings.)
```

```
 1                          -o0o-
 2       I certify that the foregoing is a correct transcript from
 3   the record of proceedings in the above-entitled matter.  I
 4   further certify that the transcript fees and format comply
 5   with those prescribed by the Court and the Judicial Conference
 6   of the United States.
 7
 8   Date:  02/09/24           /s/  Gigi Simcox
                               United States Court Reporter
 9                             262 West Nueve Street
                               San Antonio TX 78207
10                             Telephone:  (210)244-5037
```