Jonathan White

1   on Exhibit 6 pending prosecutions that you are not

2   working cooperatively with a county prosecutor?

3            MR. HUDSON:  Same objection, same

4   instruction.

5      A.  I think I will follow the advice of counsel on

6   that.

7      Q.  (BY MR. DOLLING)  Okay.  So Subsection B of

8   402.028 as we were discussing uses the word deputize.

9      A.  Yes.

10      Q.  Does the OAG interpret Subsection B to allow

11   for a county prosecutor to issue a standing deputization

12   to an assistant attorney general?  For example, could a

13   county prosecutor issue you, Jonathan white, a standing

14   deputization to prosecute all suspected election law

15   offenses in the county?

16            MR. HUDSON:  Same objection, same

17   instruction.  Additional objection as to form,

18   foundation, and incomplete hypothetical.

19      A.  I don't have a position on that very specific

20   scenario to share.  I can say that we have not entered

21   into one of those agreements historically.

22      Q.  (BY MR. DOLLING)  Thank you.  That was my next

23   question.

24      A.  I knew it was.

25      Q.  So if we could turn back to Exhibit No.  5

Jonathan White                                    May 05, 2022
                                                   Page 92

```
 1  have been the same circumstances I described before as
 2  it would have been a soft touch.  It would have been a
 3  request that we would not have pushed without agreement
 4  of the district attorney.  And at most it would have
 5  been a reference to a code section, but never a
 6  mandatory directive.
 7       Q.  Okay.  And so I guess that means that the OAG
 8  has never utilized this provision against a county
 9  prosecutor's wishes?
10       A.  Exactly.  Not -- not used it per se, but it
11  could have been referenced with regards to a request.
12       Q.  Okay.
13       A.  It was not, you know, a directive or mandatory
14  in nature.
15       Q.  Would the OAG ever use this authority if a
16  county prosecutor did not want to prosecute or assist
17  with the -- in the -- the prosecution?
18            MR. HUDSON:  Object as to attorney/client
19  privilege, work product doctrine, investigative
20  privilege, similar processes privilege, to the extent
21  you can respond without encroaching on those privileges,
22  you may do.  Otherwise I'm instructing you not to
23  answer.
24       A.  I have no way of knowing if the attorney
25  general would ever use it.  We have never used it in the
```

1    past and as I previously testified here and before the

2    legislature is we always used a soft touch and a

3    cooperative approach with local prosecutors.  We'd never

4    desired to step on a local prosecutor's toes or tried to

5    force them to do anything or be involved in anything

6    that they didn't want to be.

7         Q.  (BY MR. DOLLING)  Okay.  Thank you.  So handing

8    you what I've marked as Exhibit 8, which is a copy of

9    SB1 enrolled.  Just confirm that for me.

10                  (Exhibit No. 8 marked.)

11        A.  Yes, sir.

12                  MR. HUDSON:  In the interest of short

13   circuiting out objections on the document itself as he's

14   asking questions.  Can you verify where you got it from

15   and the reason I ask that is, is there's an actual

16   signed copy on the Secretary of States website.  I don't

17   know if this is the final enrolled copy or not.  Is

18   there any chance I can get you to clarify that?

19        Q.  (BY MR. DOLLING)  I cannot remember exactly

20   what the website is called, but it's the legislative

21   look up that's provided by the state on the capital

22   website or whatever it is.

23                  MR. HUDSON:  Thank you.

24        Q.  (BY MR. DOLLING)  So, Mr. White, do you

25   understand that when text is struck through it means

1  as it exists now after the additions and removals.  If

2  the registrar determines that a person who is not

3  eligible to vote registered to vote or voted in an

4  election, the registrar shall within 72 hours not

5  including weekends after making the determination

6  execute and deliver to the attorney general, the

7  Secretary of State, and the county or district attorney

8  having jurisdiction in the territory covered by the

9  election and affidavit stating the relevant facts; is

10  that correct?

11      A.  Yes.

12      Q.  Thank you.  So would you agree that SB1 Section

13  2.04 added the requirement of a 72 hour turnaround on

14  the affidavit described in this section?

15      A.  Yes, sir.

16      Q.  And does the OAG agree that it added the

17  requirement that the registered -- registrar deliver

18  that affidavit to the OAG?

19      A.  That is what the statute says.  Yes, sir.

20      Q.  And the requirement that the registrar deliver

21  that affidavit to the Secretary of State?

22      A.  That is what the statute says, yes.

23      Q.  What does the OAG interpret as the purpose of

24  these new requirements in the law?

25          MR. HUDSON:  Objection; form.  To the

1  extent that that encroaches -- excuse me, objection

2  attorney/client privilege, attorney work product

3  doctrine, investigative privilege, as well as

4  legislative privilege, deliberative process privilege.

5  To the extent that you can answer without encroaching on

6  any of those privileges you're free to do so.

7  Otherwise, I'm gonna instruct you not answer.

8       A.   I'll follow advice of counsel and also note

9  that that is not among the topics that I prepared to

10 deliver an opinion from the attorney general's office

11 on.

12      Q.   (BY MR. DOLLING)  What would you in your

13 personal capacity interpret as the purpose of these new

14 requirements?

15           MR. HUDSON:  Same objection, same

16 instruction.

17      A.   I would want to speculate as to legislative

18 intent behind this.

19      Q.   (BY MR. DOLLING)  Okay.  Has the OAG received

20 any affidavits after the effective date of SB1 pursuant

21 to this amended election code Section 15.028?

22      A.   Without getting into investigative privilege

23 and identifying specific details and specific

24 individuals who might have sent reports in.  We have

25 received reports; although, I don't know what form they

1   were in whether it was an affidavit or whether it was

2   just information.

3        Q.   Would you characterize that information that

4   you received as pursuant to this section?

5        A.   I don't really know for sure.

6        Q.   Would the OAG use an affidavit if delivered to

7   the OAG pursuant to this amended election code section

8   as the basis for opening an investigation if it

9   reflected sufficient -- sufficiently credible

10  allegations?

11            MR. HUDSON:   Same objection, same

12  instructions.

13        A.   If we received a report from an elections

14  official regarding ineligible voting, we would accept

15  that for preliminary investigation and the determination

16  of whether to investigate fully.

17        Q.   (BY MR. DOLLING)   Has the OAG opened any

18  investigations on the basis of one of these affidavits?

19            MR. HUDSON:   Same objection, same

20  instructions.

21        A.   Without getting into any specific details

22  subject to privilege, we have opened investigations as a

23  result of information received from elections officials

24  regarding ineligible voting.

25        Q.   (BY MR. DOLLING)   Has the OAG Initiated any

1    amendment?

2         A.  I believe so.  Yes.

3         Q.  Thank you.  Is it the OAG's understanding under

4    this pre SB1 version of Section 31.006 that the law

5    instructed the Secretary of State to refer complaints it

6    received to the OAG, but no other type of information?

7              MR. HUDSON:  Object to the extent that that

8    will encroach on attorney/client privilege, work product

9    doctrine, investigative privilege, deliberative process

10   privilege.  To the extent you can answer without

11   encroaching on those you're free to do so.  Otherwise I

12   instruct you not to answer.

13        A.  Well, I'm not prepared to deliver an

14   interpretation of the OAG on this specific provision.

15   My understanding of the statute as previously written

16   was silent as to what a complaint would entail.  And so

17   the new language clarifies that other materials can be

18   provided.

19        Q.  (BY MR. DOLLING)  Prior -- under the prior

20   version of Section 31.006 when you receive referral --

21   when you would receive referrals from the Secretary of

22   State, were they -- was there like a formal complaint

23   document like a formal complaint form?

24        A.  Yes.  The Secretary of State has a formal

25   complaint form that's filled out by the complainant.

1      A.   Yes.

2      Q.   And then it says the Secretary shall deliver to

3  the attorney general all pertinent documents and

4  information in the Secretary's possession and it adds

5  the words and information there; is that correct?

6      A.   Yes.

7      Q.   So does the OAG agree that these changes to

8  election code Section 31.006 broadened the universe of

9  information the Secretary of States office may consider

10 when making a referral to your office to include

11 information beyond what it could consider prior to the

12 changes?

13           MR. HUDSON:   Object to the extent it calls

14 for attorney/client privilege, attorney work product,

15 investigative privilege.   To the extent you can answer

16 without stepping on those privileges you may do so.

17 Otherwise, I'm gonna instruct you not to answer.   Also

18 object to form, foundation, form; speculation.

19      A.   I don't know of any official position the

20 attorney general has on whether that broadened the type

21 of information that we could receive from the Secretary

22 of State.

23      Q.   (BY MR. DOLLING)   Do you have an interpretation

24 in your personal capacity?

25           MR. HUDSON:   Same objection, same

Jonathan White                                           May 05, 2022
                                                         Page 102

1    instruction.

2         A.   I don't know of any limitation that would have

3    prevented the Secretary of State from providing us other

4    information.

5         Q.   Before --

6         A.   Before SB1.

7         Q.   Okay.   Thank you.   And so after the effective

8    date of SB1, have the referrals that you have received

9    from the SOS differed in any material way from the type,

10   I guess the format and type of information that you

11   received pre SB1 and post SB1, are there any material

12   differences?

13        A.   None that I'm aware of.

14        Q.   Thank you.   Okay.   Can we turn to SB1,

15   Section 5.15 which should be on Page 48?   Right in the

16   middle.

17        A.   Yes, sir.

18        Q.   So I'm just going to read -- let me start by

19   saying Section 5.15 amended Section 87.0431B of the

20   election code; is that correct?

21        A.   Yes, sir.

22        Q.   And so I'm just going to read how the election

23   code existed before the changes.   Subsection B, the

24   early voting clerk shall, not later than the thirtieth

25   day after election day deliver notice to the attorney

Jonathan White

May 05, 2022
Page 103

1   general, including certified copies of the carrier

2   envelope and corresponding ballot application of any

3   ballot rejected because one, the voter was deceased,

4   two, the voter already voted in person in the same

5   election, three, the signatures on the carrier envelope

6   and ballot application were not executed by the same

7   person.  Four, the carrier envelope certificate lacked a

8   witness signature, or five, the carrier envelope

9   certificate was improperly executed by an assistant; is

10  that a correct reading of how the law existed before

11  SB1?

12      A.  Yes, sir.

13      Q.  What is the purpose of these requirements under

14  section 87.0431B?

15          MR. HUDSON:  Object based on the,

16  attorney/client, attorney work product, investigative

17  privilege, legislative privilege.  With the extent you

18  can answer without encroaching on those privileges you

19  may do so.  Otherwise I'm gonna instruct you not to

20  answer.

21      A.  I wouldn't want to speculate as to what

22  legislative intent behind the statute has written.

23      Q.  (BY MR. DOLLING)  How often would the OAG

24  receive notices under election code 87.0431b prior to

25  the effective date of SB1?

Kim Tindall and Associates, LLC 16414 San Pedro, Suite 900   San Antonio, Texas 78232
210-697-3400                                                  210-697-3408

1       Q.   Okay.  Thank you.  And now I just want to look

2  at how the SB1 amended this section and so, is it

3  accurate to say that basically SB1 added a 6th category

4  of circumstances in which the early voting clerk must

5  deliver notice to the attorney general and that category

6  is now Subsection 6 which reads, the early voting ballot

7  board or the signature verification committee determined

8  that another violation of the election code occurred?

9       A.   Yes, sir.

10      Q.   What does the OAG -- what is the purpose of

11  adding this Subsection?

12           MR. HUDSON:  Object to the extent it calls

13  for attorney/client, attorney work product,

14  investigative or legislative privilege.  To the extent

15  you can answer without encroaching on those privileges

16  you're free to do so.  Otherwise, I instruct you not to

17  answer.

18      A.   I wouldn't want to speculate as to the

19  legislative intent.

20      Q.   (BY MR. DOLLING)  Assuming that county

21  prosecutors would comply with these requirements, would

22  you expect to receive more notices under this amendment

23  than previous?

24      A.   Adding additional category, I think logically

25  you could, you know, just on the basis of there being an

Jonathan White

May 05, 2022
Page 106

1 additional category you might logically expect that

2 there could be more referrals or not referrals, but

3 notices.

4      Q.  Has the OAG received any notices pursuant to

5 this new Subsection after the effective date of SB1?

6      A.  I'm not sure that we have.

7      Q.  Okay.  And so I guess you are unaware of any

8 investigations opened as a result of a notice under this

9 new Subsection?

10      A.  That's correct.

11      Q.  Same for prosecutions?

12      A.  Yes.

13      Q.  Okay.  Thank you.  And can we turn to SB1

14 Section 6.01 which is on Page 50, I think down at the

15 bottom.  So Section 6.01 of SB1 amended Section 64.009

16 of the election code by adding or amending Subsection B

17 and adding Subsections E, F, F1, G, and H.  Is that

18 correct?

19      A.  Yes.

20      Q.  And so I'd like to read Subsection F, which was

21 added by SB1 Section 6.01, and it reads, a person who

22 simultaneously assists 7 or more voters voting under

23 this section by providing the voters with transportation

24 to the polling place must complete and sign a form

25 provided by an election officer that contains the

Kim Tindall and Associates, LLC 16414 San Pedro, Suite 900   San Antonio, Texas 78232
210-697-3400                                              210-697-3408

Jonathan White

May 05, 2022
Page 107

1    person's name and address and whether the person is

2    providing assistance solely under this section or under

3    both this Subsection and Subchapter B; is that correct?

4        A.   Yes.

5        Q.   And then Subsection G, a little bit under it

6    was added which reads, a form completed under Subsection

7    F shall be delivered to the Secretary of State as soon

8    as practicable.  The Secretary shall retain a form

9    delivered under this section for the period for

10   preserving the precinct election records and shall make

11   the form available to the attorney general for

12   inspection upon request.  Did I read that correctly?

13       A.   Yes, sir.

14       Q.   Do you know how long the period for preserving

15   the election precinct records is?

16       A.   I believe it's a standard 22 months.

17       Q.   Thank you.  What does the OAG interpret as the

18   purpose of adding Subsection G, F and G.

19            MR. HUDSON:  Object based on

20   attorney/client privilege, work product doctrine,

21   investigative privilege, legislative privilege.  To the

22   extent you can answer that without encroaching on those

23   privileges you may do so.  Otherwise, I will instruct

24   you not to answer.

25       A.   I can't without speculating.

1      Q.   (BY MR. DOLLING)   Since the effective date of

2   SB1, has the OAG made any request to inspect the forms

3   contemplated under Subsection G?

4             MR. HUDSON:   Object to the extent that that

5   will encroach on attorney/client privilege, attorney

6   work product, investigative privilege.   To the extent

7   you can answer without encroaching on those privileges

8   you're free to do so.   Otherwise, I'm gonna instruct you

9   not to answer.

10     A.   Not that I'm aware of.

11     Q.   (BY MR. DOLLING)   If you received a referral or

12   you -- if the OAG received a referral that implicated a

13   need to consult these records in the course of an

14   investigation, would the OAG utilize Subsection G to do

15   so?

16            MR. HUDSON:   Objection; form.   Foundation.

17   Objection; form.   Speculation.   Same instructions, same

18   objections concerning privilege.

19     A.   Yeah, I wouldn't speculate as to what we would

20   do, but this is a potential tool that could be available

21   for investigative use if we received a complaint

22   regarding activity in an election that might have been

23   involved the completion of these forms.

24     Q.   (BY MR. DOLLING)   What sort of criminal

25   activity in a -- in an elect -- in connection with an

```
 1        A.   Yes, sir.

 2        Q.   And it has -- at the end of it, it says hash

 3   tag SB1; is that correct?

 4        A.   Yes, sir.

 5        Q.   And November 5th 2021 was after the passage of

 6   SB1; is that correct?

 7        A.   That is correct.

 8        Q.   Does the statement that election integrity is

 9   my number one priority reflect the policy of the OAG?

10             MR. HUDSON:  Same objections.

11        A.   I can't answer that.

12        Q.   (BY MR. DOLLING)  Okay.  Do Attorney General

13   Paxton's tweets have any impact on the operations of the

14   Election Integrity Division?

15        A.   What I can tell you is that this is my first

16   time to read these tweets.

17        Q.   Okay.  Do you know if anyone else in the

18   Election Integrity Division has read these tweets or is

19   aware of Attorney General Ken Paxton's statements?

20             MR. HUDSON:  Objection; form.  Foundation.

21   Objection; form.  Speculation.

22        A.   I don't know.

23        Q.   (BY MR. DOLLING)  Okay.  Has Attorney General

24   Ken Paxton ever put pressure on the Election Integrity

25   Division to investigate more cases?
```

Jonathan White

May 05, 2022
Page 119

1            MR. HUDSON:  Objection to the extent that

2    it would encroach on deliberative process privilege,

3    attorney/client, attorney work product, investigating

4    privilege.  I instruct you not to answer.  To the extent

5    you can answer without encroaching on those privileges

6    you're free to do so.  Also object to the form,

7    foundation.  Form.  Speculation.

8        A.  I'll follow advice of counsel.

9        Q.  (BY MR. DOLLING)  Have you in your personal

10   capacity ever felt pressure from Attorney General Ken

11   Paxton to investigate more cases?

12       A.  No.

13       Q.  Okay.  Same question for prosecuting more

14   cases.

15       A.  Same answer.

16       Q.  Okay.  Has Attorney General Ken Paxton ever

17   overridden an assistant attorney general's decision not

18   to investigate an alleged offense under the election

19   code?

20            MR. HUDSON:  Same objection, same

21   instructions.

22       A.  Gonna follow the advice of counsel.

23       Q.  (BY MR. DOLLING)  Same question for prosecuting

24   an alleged offense.

25            MR. HUDSON:  Same objection, same

1    instruction.

2         A.   Follow the advice.

3         Q.   (BY MR. DOLLING)  Thank you.  Okay.  So if we

4    could just go back to the SB1 enrolled which is

5    Exhibit 8 and if we could just turn to Page 52.

6              MR. HUDSON:  Just one thing before we go on

7    any further.  So two things; one, I've got somebody

8    waiting for Topic 8.  To the extent of the Topic 8

9    questions or are there more things coming?

10             MR. DOLLING:  We could --

11             MR. HUDSON:  And I'm only asking because I

12   got somebody waiting and so if you guys are gonna --

13             MS. OLSON:  We can do it now.  How long do

14   you think?

15             MR. DOLLING:  I think it would just be a

16   few minutes really.  If we could call that person in for

17   Topic 8 questions about the tweets --

18             MR. HUDSON:  We don't have to do it right

19   this second.  I just want to know if I can release him.

20   Yeah, I'm not trying to get in the way of your

21   deposition, I'm just trying to -- if you guys gonna do

22   the stuff with Jonathan then I'll let my other person go

23   'cause they're gonna be -- I hadn't planned to present

24   them toward the end, whenever you wrap with Jonathan.

25             MR. DOLLING:  We'll just finish with

```
 1    our investigative team that's team oriented.
 2        Q.  Although you are the head of the Election
 3    Integrity Division, there are officers in the hierarchy
 4    of the OAG who are above you; is that correct?
 5        A.  Yes, we have an executive management team that
 6    sets policy for the agency.
 7        Q.  Does anyone from that team ever countermand
 8    decisions you make as head of Election Integrity
 9    Division?
10            MR. HUDSON:  Object based on the
11    attorney/client privilege, worked out prior to doctrine,
12    investigative privilege.  To the extent that -- and
13    deliberative process privilege, to the extent you can
14    answer without encroaching on these privileges you're
15    free to do so.  Otherwise, I direct you not to answer.
16        A.  I don't think I can answer that without
17    discussing privileged material.
18        Q.  (BY MR. DOLLING)  Have you ever reversed a
19    policy or practice on the basis of someone else's
20    command?
21            MR. HUDSON:  Same objection, same
22    instructions.
23        A.  Same answer.
24        Q.  (BY MR. DOLLING)  Given the size of the
25    Election Integrity Division, would you say it's accurate
```

1    to say that you are aware of all ongoing investigations

2    and prosecutions?

3         A.   I'm generally aware of most investigations and

4    certainly as those investigations develop and they

5    encounter factual and legal issues, I've become more

6    informed of.  So somewhere along the line I've become

7    aware of most investigations.  Certainly all

8    investigations that lead to prosecutions and I'm at

9    least generally aware of all prosecutions.

10        Q.   So would it be accurate to say that you are not

11   involved in all investigations, but you are involved in

12   all prosecutions?

13        A.   That's probably fair to say.  I generally get

14   involved from a standpoint of advice, legal analysis,

15   factual analysis, on investigations that reach a certain

16   point, but I think that's a pretty fair assessment.

17        Q.   Are policies or practices ever set for the

18   Election Integrity Division without your input?

19             MR. HUDSON:  Same objection, same

20   instructions.

21        A.   I think I'll have to follow advice of counsel

22   on that.

23        Q.   (BY MR. DOLLING)  Okay.  Now, if we can turn

24   back to Exhibit 8, which is SB1 enrolled please.

25        A.   Yes, sir.

1      Q.  And if we could go to Page 52 which should have

2  Section 6.04 on it.  So I'm just going to --

3  Section 6.04 amends election codes, Section 64.034; is

4  that correct?

5      A.  Yes, sir.

6      Q.  I'm just going to read how it exists after the

7  amendment.  So Section 64.034 titled, Oath.  A person

8  other than an election officer selected to provide

9  assistance to a voter must take the following oath,

10  administered by an election officer at the polling place

11  before providing assistance.  I swear or affirm under

12  penalty of perjury that the voter I am assisting

13  represented to me they are eligible to receive

14  assistance.  I will not suggest by word, sign, or

15  gesture how the voter should vote.  I will confine my

16  assistance to reading the ballot to the voter, directing

17  the voter to read the ballot, marking the voter's ballot

18  or directing the voter to mark the ballot.  I will

19  prepare the voter's ballot as the voter directs.  I did

20  not pressure or coerce the voter into choosing me to

21  provide assistance.  I am not the voter's employer, an

22  agent of the voter's employer or an officer or agent of

23  a labor union to which the voter belongs.  I will not

24  communicate information about how the voter has voted to

25  another person and I understand that if assistance is

1    provided to a voter who is not eligible for assistance

2    the voter's ballot may not be counted; is that correct?

3        A.  Yes sir.

4        Q.  What -- so I don't want to go back and read

5    specifically what was added, but we can see what was

6    added; is that correct?

7        A.  Yes, sir.

8        Q.  The underline --

9        A.  Yes, we can.

10       Q.  Does -- what does the OAG interpret as the

11   purpose of these new -- of this new language in SB1

12   Section 6.04?

13           MR. HUDSON:  Objection, attorney/client

14   privilege, worked out, client investigative privilege,

15   legislative privilege.  To the extent you can testify

16   without encroaching on those privileges you're free to

17   do so.  Otherwise, I'm instructing you not to answer.

18       A.  Yeah, I'm respecting privileges, I can't answer

19   without speculating.

20       Q.  (BY MR. DOLLING)  Okay.  Would you -- would the

21   OAG agree that this amended language added the

22   potential for criminal liability into Section 64.034 by

23   adding the words, under penalty of perjury at the

24   beginning?

25           MR. HUDSON:  Same objection, same

Jonathan White
May 05, 2022
Page 126

1    instructions.

2        A.  I didn't prepare to deliver an AG

3    interpretation of this specific provision.

4        Q.  (BY MR. DOLLING)  Okay.

5        A.  But from my personal understanding of the law,

6    no, this -- the addition of under penalty of perjury

7    does not change or create an offense by -- Section 37.02

8    of the Penal Code always existed and this oath would

9    have applied as an oath required by law that would have

10   triggered a perjury offense had the other elements of

11   37.02 been met.

12       Q.  Okay.  In that case, would you agree that the

13   language that was added and removed changed the oath?

14       A.  It did with the addition of language and the

15   subtraction of other language.

16       Q.  So I guess I would ask, has the OAG

17   participated in any capacity in any investigation into

18   suspected offenses in connection with SB1 6.04 even if

19   like acknowledging that under your personal

20   interpretation the oath was subject to penalty of

21   perjury even pre SB1?

22           MR. HUDSON:  Objection based on

23   attorney/client privilege, work product doctrine,

24   investigative privilege. To the extent that you can

25   respond without encroaching on those privileges you're

1    free to do so.  Otherwise, I instruct you not to answer.

2         A.  Are you talking about investigations after SB1?

3         Q.  (BY MR. DOLLING)  Well, we can -- let's split

4    it up.  So pre SB1, if this provision -- if the oath was

5    taken under penalty of perjury at that time, has -- had

6    your office participated in any capacity in any

7    investigations into perjury committed in connection with

8    this oath, the pre SB1 oath?

9              MR. HUDSON:  Same objection, same

10   instructions.

11        A.  I'm not aware of any perjury investigations or

12   result in prosecutions on this oath.

13        Q.  (BY MR. DOLLING)  Okay.  Can we turn to Page 54

14   please?  And that should be Section 6.06, starts at the

15   bottom there; is that right?

16        A.  Yes, sir.

17        Q.  And Section 6.06 amends Section 86.0105 of the

18   election code by amending Subsection A, C, and E, and

19   adding Subsection F; is that correct?

20        A.  Yes, sir.

21        Q.  And Subsection A now reads, A person commits an

22   offense if the person; one, compensates or offers to

23   compensate another person for assisting voters as

24   provided by a different section of the code, Section

25   86.010.  And that's all I want to read for now.  And

Jonathan White

May 05, 2022
Page 128

1   then if we go down to Subsection E, it adds to

2   Subsection E and that reads, for purposes of this

3   section compensation means an economic benefit as

4   defined by Section 38.01 Penal Code.

5       A.  Yes, sir.  I see that.

6       Q.  Do you interpret -- well, first of all, so

7   Section 6.06 added language to what constitutes an

8   offense under Section 86.01015 to create a new offense;

9   is that correct?

10      A.  I don't know that I would say it creates a new

11  offense, but it modifies elements of an existing offense

12  under the code.

13      Q.  Okay.  And I just have a simple question for

14  this one which is, does the OAG interpret this offense

15  as having a mens rea?

16          MR. HUDSON:  Object to the extent it will

17  call for attorney/client privilege, attorney work

18  product, investigative privilege.  To the extent that

19  you can can respond to that without encroaching on those

20  privileges feel free to do so.  Otherwise, I'm gonna

21  instruct you not to answer.

22      A.  Could you repeat the part about mens rea?

23      Q.  (BY MR. DOLLING)  So as the -- the provision

24  I'm interested in, as it reads right now, Subsection A

25  of 86.0105 says, that a person commits an offense if the

Jonathan White

May 05, 2022
Page 129

1    person compensates or offers to compensate another

2    person for assisting voters where under Subsection E,

3    compensation means an economic benefit as defined by

4    Section 38.01 Penal Code.

5         A.  Got you.

6         Q.  Would you read that offense -- would the OAG

7    interpret that offense as having a mens rea?

8              MR. HUDSON:  Same objection, same

9    instructions.

10        A.  Without having prepared to represent NAG's

11   interpretation -- EAG's interpretation or opinion on

12   this, I can tell you that whenever in a criminal law

13   there's not a specific mens rea established in the

14   statute it defaults to knowingly.

15        Q.  (BY MR. DOLLING)  Okay.

16        A.  So the mens rea of this provision would be

17   knowingly.

18             MR. DOLLING:  Okay.  Thank you.  I think at

19   this point if we can maybe take a five minute break?

20             MR. HUDSON:  Sure.  Off the record.

21             THE REPORTER:  Off the record at 2:05 p.m.

22             (Recess.)

23             THE REPORTER:  On the record at 2:19 p.m.

24        Q.  (BY MR. DOLLING)  Okay.  Thank you for that

25   break.  I just have a few more questions before I pass

1  election fraud as an offense is typically a Class A

2  misdemeanor?

3      A.  The base level offense is Class A misdemeanor,

4  yes.

5      Q.  And that was true before SB1 and it's still

6  true after SB1.

7      A.  Correct.

8      Q.  Okay.  So you, meaning Jonathan White,

9  testified before the House Election Committee in April

10 2021 about one of the predecessors to SB1 which was

11 House Bill 6 during the 87th regular session; is that

12 correct?

13     A.  Sounds correct.

14     Q.  At that time the House had been considering

15 heightening offenses under election code 276.013 from

16 Class A misdemeanors to second-degree felonies; is that

17 correct?

18         MR. HUDSON:  Object to the -- based on

19 legislative privilege, attorney/client privilege,

20 attorney work product doctrine.  To the extent that you

21 can testify without encroaching on those privileges

22 you're free to do so.  Otherwise I instruct you not to

23 answer.

24     A.  I'd like to stick to my testimony and I'm just

25 trying to recall what my testimony was and I hadn't had

Jonathan White

May 05, 2022
Page 132

1   an opportunity to review that testimony, but I remember

2   I think remember being asked about that.

3        Q.   (BY MR. DOLLING)   Okay.   Well, just for the

4   record, I'm gonna mark Exhibit No. -- I think we're on

5   10.   This a copy of House Bill 6 that was being -- that

6   was at issue at the time of the testimony that we're

7   talking about April 2021.   And I'm not sure exactly what

8   page it's on so let me see if I can find it.   Somewhere

9   in here  is House Bill 6's proposed changes to 276.01 --

10  here it is, it's on Page 17.

11       A.   Got it.

12       Q.   And so this is Section 5.04 of House Bill

13  No. 6, amended Sections 2 -- 276.013A and B election

14  code and Subsection B was amended to change the language

15  from an offense under this section is a Class A

16  misdemeanor to an offense under this section is a felony

17  of the second-degree.   Do you see that on Page 18?

18              (Exhibit No. 10 marked.)

19       A.   Yes, that was proposed in this bill and thank

20  you that helps refresh my memory.

21       Q.   (BY MR. DOLLING)   Thank you.   Just to state the

22  question again, at -- at the time that you testified in

23  April 2021, the House had been considering heightening

24  offenses under Election Code 276.013 from Class A

25  misdemeanors to second-degree felonies, is that correct?

Jonathan White                                             May 05, 2022
                                                           Page 138

```
 1        A.  It would have been the portion of deposition
 2   Topic No. 1 that involved investigations, predicated on
 3   suspected violation of SB1 sections.
 4        Q.  And what did you discuss with Lieutenant Rubio
 5   in preparation for this deposition regarding that second
 6   part of Topic No. 1?
 7             MR. HUDSON:  I'll object to the extent that
 8   it will call for attorney/client privilege, work product
 9   or an investigative privilege.  To the extent that you
10   can respond to that without encroaching on those
11   privileges you're free to do so.  Otherwise, I instruct
12   you not to answer.
13        A.  I'll follow the advice of counsel.
14        Q.  (BY MS. OLSON)  What -- on what privilege are
15   you declining to answer that question?
16        A.  With regard to investigative privilege,
17   primarily.
18        Q.  All right.  Are you relying on any other
19   privilege?  Are there any things that you discussed with
20   Lieutenant Rubio that assisted you in preparing for your
21   deposition today that were not covered by the
22   investigative privilege?
23        A.  I think if I could have a moment to discuss a
24   privilege issue with counsel, I can answer that
25   question.
```

```
1              MS. OLSON:  All right.  I'm happy to take a
2    break we can go off the record.
3              THE REPORTER:   All right.  The time
4    2:31 p.m. and we are off the record.
5              (Recess.)
6              THE REPORTER:  The time is 2:36 p.m. and we
7    are back on the record.
8        Q.  (BY MS. OLSON)  We're back the record and, Mr.
9    White, have you had an adequate opportunity to consult
10   with counsel regarding your privilege question?
11       A.  Yes, ma'am.  Thank you.
12       Q.  And I think my question that was pending at the
13   time, was whether there was anything that you discussed
14   with Lieutenant Rubio that was not covered by the
15   investigative privilege?
16       A.  Yes.  I asked Lieutenant Rubio specifically
17   about whether we had investigations pending involving
18   violations that were novel to SB1.
19       Q.  And did he answer your question?
20       A.  Yes.
21       Q.  And are there any such investigations pending?
22       A.  No.
23       Q.  And then you also met, you said with a person
24   named Conrad Swan who had something to do with budget?
25       A.  Yes, ma'am.
```

Jonathan White

May 05, 2022
Page 152

 1  that a standard that is used when reviewing and a

 2  complaint a standard that is used by the Election

 3  Integrity Unit to determine whether or not it's going to

 4  move forward on an investigation?

 5      A.  Not as such that's a very baseline standard.

 6  We would have that standard in place because if an

 7  offense -- if -- if a complaint does not actually allege

 8  a criminal offense then we don't have any business with

 9  it.  So it would certainly have to meet that hurdle, but

10  that wouldn't necessarily make it a credible allegation.

11      Q.  What aspects of a complaint or a referral would

12  the Election Integrity Unit rely on to assess whether

13  it's a credible investigation in practice?

14          MR. HUDSON:   Object to the extent that it

15  will encroach on attorney/client privilege, attorney

16  work product, investigative privilege, including sources

17  and methods.  To the extent you can respond without

18  encroaching on those privileges you're free to do so.

19  Otherwise, I'm gonna instruct you not to answer.

20      A.  I'm not aware of any formalized factors that

21  are used in the evaluation of whether a complaint is

22  credible or not it's taken on a case by case basis and

23  fact by fact basis.

24      Q.  (BY MS. OLSON)  And who makes that initial

25  determination within the Election Integrity Unit about

Jonathan White

May 05, 2022
Page 156

```
1        Q.  So probable cause is the official legal
2   standard?
3        A.  That is the official legal standard, yes.
4        Q.  And -- but is it your offices practice, your
5   Election Integrity Division's practice only to charge a
6   case when it believes there's sufficient evidence to
7   convict a higher standard than probable cause?
8            MR. HUDSON:  Objection; form.  Foundation.
9   Objection.  Asked and answered,.
10       Q.  (BY MS. OLSON)  You can answer.
11       A.  Our practice is -- is generally to look for
12  cases that can actually be tried successfully and we
13  don't always know for sure whether --
14       Q.  Right.
15       A.  -- prosecution will be successful or not that's
16  the reason court exists.  But yeah, we'll typically be
17  looking for a higher standard than simple probable
18  cause.  We want successful cases.
19       Q.  And does that mean you look at things about,
20  for example, whether certain evidence would be
21  admissible at a trial of the case?
22           MR. HUDSON:  Object to the extent that
23  encroaching on attorney work product, attorney/client
24  privilege, or investigative privilege.  To the extent
25  you can respond without encroaching on those privileges
```

Jonathan White

May 05, 2022
Page 157

1   you're free to do so.  Otherwise, I'll instruct you not

2   to answer.

3        Q.  (BY MS. OLSON)  And I'm not asking about any

4   particular case.  I'm asking about what you do in

5   practice.

6        A.  We would look at all legal and factual issues.

7        Q.  Mr. White, I think you testified that you don't

8   keep track or don't keep statistics on how many

9   referrals that come to the Election Integrity Unit

10  results in investigations; is that right?

11       A.  That's correct.

12       Q.  Would there be a way to do that?

13       A.  I think it would be possible to do that going

14  forward.

15       Q.  So, for example,  there -- there's a record

16  kept, I assume of your referrals that come into the

17  office?

18       A.  Criminal Investigations keeps some record of

19  that.

20       Q.  And when you say they keep some record of that,

21  what do you mean?

22       A.  It's not very specific about the allegations.

23       Q.  Do they keep a log of referrals if you know?

24       A.  Something -- something like that.

25       Q.  And when you say something like that, do you

Jonathan White

May 05, 2022
Page 177

1    violation of the election code?

2        A.  They don't have those numbers, no.

3        Q.  What kinds of evidence typically do you look

4    for or do you find in a assistance fraud case?

5            MR. HUDSON:  Object to the extent that it

6    encroach on attorney work product, attorney/client

7    privilege or investigative privilege.  To the extent

8    that you can respond without encroaching on those

9    privileges, you may do so.  Otherwise, I'm gonna

10   instruct you not to answer.

11       A.  One thing we normally try not to do is to

12   discuss openly matter -- investigative methods.

13       Q.  (BY MS. OLSON)  So it was my -- I'm just

14   wondering what kind of evidence.  So earlier in the

15   presentation you had all those examples or signs of ABBM

16   seeding fraud, the various documents, the mismatched

17   signatures.  So that's evidence you might rely on in a

18   mail in ballot or voter harvesting, fraud prosecution,

19   correct?

20       A.  Correct.

21       Q.  Okay.  So you discussed that publicly with the

22   election --

23       A.  Understood.

24       Q.  -- administrator.  So what I'm asking you is

25   then for the assistance fraud, yeah I noticed there

Jonathan White

1    weren't really a lot of slides on assistance fraud, but

2    I'm wondering what kind of evidence?  I'm not asking you

3    for any techniques, whether you use under covers or

4    anything like that or whether you are taping anybody or

5    I'm probably guessing not search warrants in that

6    situation, but I'm wondering what kinds of evidence do

7    you rely on to prove assistance fraud cases?  And if you

8    can answer that even by referring to cases that have

9    moved through to conviction, what kind of evidence was

10   either referred to in a plea colloquy or was introduced

11   as evidence in court, that's fine.

12          A.  Sure.  Typically it will be a combination of

13   things, but it will rely heavily on testimony of the

14   victim.  And let me point out again, that you know

15   there's not anything that we're doing that's scanning

16   and monitoring the state of Texas for assistance fraud,

17   that's not how it happens.  We get a specific referral

18   of an allegation of criminal activity that we look into

19   at that point.  That typically gives us some direction

20   as to what happened, where it happened, who was involved

21   in it, and then we can have investigators conduct

22   interviews and request applicable election records from

23   there.  The other way that assistance fraud comes into

24   play is when we're investigating a mail ballot fraud

25   case and assistance fraud happens at the time that the

1    vote harvester is actually -- has taken the voter's

2    ballot and purporting to help them fill out that ballot

3    or suggesting to the voter during the voting process how

4    that voter should vote.  So there aren't like

5    physical -- as many physical documentary signs as we had

6    to give examples to the election officials about mail

7    ballot fraud, for example, that leaves more of a paper

8    trail.

9         Q.  And prosecutors typically like to have

10   documents for a paper trail, correct?

11        A.  Yes and no because documentary cases are a pain

12   to deal with, but yes.

13        Q.  Documents say the same thing every time, right?

14        A.  Theoretically, yeah, I think I agree with what

15   you're saying.

16        Q.  And witnesses might change their testimony from

17   the time they're interviewed to the time they're in the

18   grand jury to the time they testify at trial, correct?

19        A.  Certainly prefer to have a document than have

20   no document.

21        Q.  And so with respect to assistance fraud, what

22   is the and I think this is what you told Mr. Dolling,

23   but please correct me if I'm wrong, which is why I have

24   to reask it, but the mens rea is knowing voter

25   assistance fraud?

1     Q.   (BY MS. OLSON)  Does the Election Integrity

2  Division ever handle its own appeals?

3     A.   Normally not.

4     Q.   Who handles appeals from the Election Integrity

5  Division?

6     A.   In individual cases our Criminal Appeals

7  Division will often step in to handle ordinary criminal

8  appeals.  I have personally handled a few appeals, but

9  it's normally something that we hand off to a

10  specialized unit.

11     Q.   Thinking of some responses to some questions

12  Mr. Dolling asked you.  You asserted privilege or

13  followed Mr. Hudson's directions about a question where

14  he asked you if there were pending prosecutions that you

15  were not working cooperatively with a county prosecutor.

16  Do you recall that?

17     A.   Yes, ma'am.

18     Q.   And I just wanted to follow up on that a little

19  bit.  So what -- what -- under what privilege were you

20  not answering that question?

21     A.   To the extent that it involves discussions and

22  conversations between our office and a district attorney

23  with regard to a prosecution to a case.  Could be work

24  product privilege it could be attorney/client privilege,

25  joint prosecution, doctoring may apply to that.

```
 1        Q.  And so was the privilege being asserted to the
 2   use of the word cooperatively?
 3        A.  The privilege would have been asserted in terms
 4   of communications between the offices.  I don't think I
 5   was cuing in on a particular word in the question.
 6        Q.  And as I understood the question and maybe I
 7   misunderstood so I'm gonna ask the question this way.
 8   Are there pending prosecutions in which the Office of
 9   the Attorney General's office is involved, but not
10   working with a county prosecutor or a district
11   attorney's office?  So just the Office of the Attorney
12   General is handling?
13        A.  I think I can answer that question generally.
14   That yes, we have cases that are pending based on the
15   Stephen's ruling whose outcome is tied to the Stephens'
16   decision.
17        Q.  Okay.  So those are cases in which only Office
18   of Attorney General personnel are assigned to the
19   prosecution, no county prosecutor personnel are assigned
20   to the prosecution; is that correct?
21        A.  That's correct.  We have cases where that's the
22   case.
23        Q.  And they are being -- are they stay pending
24   motion for reconsideration?
25        A.  Yes, ma'am, essentially.
```

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TEXAS
 2                   SAN ANTONIO DIVISION

 3   LA UNION DEL PUEBLO                )
     ENTERO, et al,                     )
 4                                       )
                        Plaintiffs,     )
 5                                       )  CIVIL ACTION
     VS.                                 )
 6                                       )  NO.: 5:21-cv-844-XR
                                         )  (Consolidated Cases)
 7   STATE OF TEXAS, et al,             )
                                         )
 8                       Defendants.    )
                                         )
 9

10                  REPORTER'S CERTIFICATION

11           ORAL DEPOSITION OF JONATHAN WHITE

12                      MAY 5, 2022

13

14        I, Miah Parson, CSR, Certified Shorthand Reporter

15   in and for the State of Texas, hereby certify to the

16   following:

17        That the witness, JONATHAN WHITE, was duly sworn by

18   the officer and that the transcript of the oral

19   deposition is a true record of the testimony given by

20   the witness;

21        I further certify that pursuant to FRCP Rule

22   30(f)(1) that the signature of the deponent:

23    _X_ was requested by the deponent or a party before the

24   completion of the deposition and that the signature is

25   to be before any notary public and returned within 30
```

Jonathan White

May 05, 2022
Page 197

1  days from the date of receipt of the transcript.  If

2  returned, the attached Changes and Signature Page

3  contains any changes and the reasons therefor;

4  ___ was not requested by the deponent or a party

5  before the completion of the deposition.

6  I further certify that I am neither counsel for,

7  related to, nor employed by any of the parties or

8  attorneys in this action in which this proceeding was

9  taken, and further that I am not financially or

10  otherwise interested in the outcome of the action.

11  Certified to by me this 23rd day of May, 2022.

12

13

14

                         _____
                         Miah Parson, CSR No. 11773
15                       Expiration Date:  02/28/2023
                         Firm Registration No. 633
16                       Magna Legal Services
                         16414 San Pedro, Suite 900
17                       San Antonio, Texas 78232
                         Phone 210-697-3400
18                       Fax 210-697-3408

19

20

21

22

23

24

25

EXHIBIT

S

ELECTION CODE

TITLE 16. MISCELLANEOUS PROVISIONS

CHAPTER 273. CRIMINAL INVESTIGATION AND OTHER ENFORCEMENT PROCEEDINGS

SUBCHAPTER A. CRIMINAL INVESTIGATION

Sec. 273.001. INVESTIGATION OF CRIMINAL CONDUCT. (a) If two or more registered voters of the territory covered by an election present affidavits alleging criminal conduct in connection with the election to the county or district attorney having jurisdiction in that territory, the county or district attorney shall investigate the allegations. If the election covers territory in more than one county, the voters may present the affidavits to the attorney general, and the attorney general shall investigate the allegations.

(b) A district or county attorney having jurisdiction or the attorney general may conduct an investigation on the officer's own initiative to determine if criminal conduct occurred in connection with an election.

(c) On receipt of an affidavit under Section 15.028, the county or district attorney having jurisdiction and, if applicable, the attorney general shall investigate the matter.

(d) On referral of a complaint from the secretary of state under Section 31.006, the attorney general may investigate the allegations.

(e) Not later than the 30th day after the date on which a county or district attorney begins an investigation under this section, the county or district attorney shall deliver notice of the investigation to the secretary of state. The notice must include a statement that a criminal investigation is being conducted and the date on which the election that is the subject of the investigation was held. The secretary of state may disclose information relating to a criminal investigation received under this subsection only if the county or district attorney has disclosed the information or would be required by law to disclose the information.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986. Amended by Acts 1993, 73rd Leg., ch. 728, Sec. 78, eff. Sept. 1, 1993; Acts 1993, 73rd Leg., ch. 916, Sec. 26, eff. Sept. 1, 1993; Acts 2003, 78th Leg., ch. 1290, Sec. 1, eff. Sept. 1, 2003.

Sec. 273.002. LOCAL ASSISTANCE TO ATTORNEY GENERAL. For an election in which the attorney general is conducting an investigation, the attorney general may:

(1) direct the county or district attorney serving a county in the territory covered by the election to conduct or assist the attorney general in conducting the investigation; or

(2) direct the Department of Public Safety to assist in conducting the investigation.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

Sec. 273.003. IMPOUNDING ELECTION RECORDS. (a) In the investigation of an election, a county or district attorney or the attorney general may have impounded for the investigation the election returns, voted ballots, signature roster, and other election records.

(b) To have election records impounded, the investigating officer must apply to a district court for an order placing the election records in the court's custody for examination by the officer.

(c) The application for impoundment must be filed with the district court of the county in which the election was held or an adjoining county. An application for records of a statewide election may be filed in the county in which the election was held, an adjoining county, or Travis County.

(d) On the filing of an application, the district judge shall issue an order impounding the records in a secure place under the terms and conditions the judge considers necessary to keep them under the judge's custody and control during the examination and for any additional time the judge directs.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986. Amended by Acts 1997, 75th Leg., ch. 864, Sec. 254, eff. Sept. 1, 1997.

Sec. 273.004. EXAMINATION OF IMPOUNDED RECORDS. (a) The examination of impounded election records shall be conducted in the same manner as a court of inquiry.

(b)  Impounded election records must be examined in the presence of the district judge ordering the impoundment or a grand jury, as provided by the judge's order.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

### SUBCHAPTER B. PROSECUTION BY ATTORNEY GENERAL

Sec. 273.021.  PROSECUTION BY ATTORNEY GENERAL AUTHORIZED.  (a)  The attorney general may prosecute a criminal offense prescribed by the election laws of this state.

(b)  The attorney general may appear before a grand jury in connection with an offense the attorney general is authorized to prosecute under Subsection (a).

(c)  The authority to prosecute prescribed by this subchapter does not affect the authority derived from other law to prosecute the same offenses.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986. Amended by Acts 1993, 73rd Leg., ch. 728, Sec. 79, eff. Sept. 1, 1993; Acts 1997, 75th Leg., ch. 864, Sec. 255, eff. Sept. 1, 1997.

Sec. 273.022.  COOPERATION WITH LOCAL PROSECUTOR.  The attorney general may direct the county or district attorney serving the county in which the offense is to be prosecuted to prosecute an offense that the attorney general is authorized to prosecute under Section 273.021 or to assist the attorney general in the prosecution.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

Sec. 273.023.  SUBPOENA.  (a)  A subpoena or subpoena duces tecum issued in connection with a prosecution under this subchapter is effective if served anywhere in this state.

(b)  A witness may not be punished for failure to comply with a subpoena issued under this subchapter unless the proper fees are tendered to the witness as required by statute or court rule.

(c)  The attorney general may direct the Department of Public Safety to serve a subpoena under this subchapter.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

Sec. 273.024.  VENUE.  An offense under this subchapter may be prosecuted in the county in which the offense was committed or an adjoining county.  If the offense is committed in connection with a statewide election, the offense may be prosecuted in the county in which the offense was committed, an adjoining county, or Travis County.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

### SUBCHAPTER C. EXAMINATION OF BALLOTS BY GRAND JURY

Sec. 273.041.  REQUEST TO EXAMINE BALLOTS.  In the investigation of criminal conduct in connection with an election, a grand jury, on finding probable cause to believe an offense was committed, may request a district judge of the county served by the grand jury to order an examination of the voted ballots in the election.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986. Amended by Acts 1997, 75th Leg., ch. 1078, Sec. 22, eff. Sept. 1, 1997; Acts 2003, 78th Leg., ch. 1315, Sec. 56, eff. Jan. 1, 2004.

Sec. 273.042.  ORDER BY DISTRICT JUDGE.  On request of a grand jury for an examination of voted ballots, a district judge may order the custodian of the ballots and the custodian of the keys to the ballot boxes to deliver the ballot boxes and the keys to the grand jury.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986. Amended by Acts 1997, 75th Leg., ch. 1078, Sec. 22, eff. Sept. 1, 1997; Acts 2003, 78th Leg., ch. 1315, Sec. 56, eff. Jan. 1, 2004.

Sec. 273.043.  CONDUCT OF EXAMINATION.  The examination of ballots under this subchapter shall be conducted in secret before the grand jury.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.  Amended by Acts 1997, 75th Leg., ch. 1078, Sec. 22, eff. Sept. 1, 1997;  Acts 2003, 78th Leg., ch. 1315, Sec. 56, eff. Jan. 1, 2004.

## SUBCHAPTER D. MANDAMUS BY APPELLATE COURT

Sec. 273.061.  JURISDICTION.  (a)  The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer.

(b)  The court of criminal appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the provision, sequestration, transfer, or impoundment of evidence in or records relating to a criminal investigation conducted under this code or conducted in connection with the conduct of an election or political party convention.  If a writ of mandamus is issued under this subsection, it shall include an order requiring the provision, sequestration, transfer, or impoundment of the evidence or record.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.
Amended by:
    Acts 2021, 87th Leg., 2nd C.S., Ch. 1 (S.B. 1), Sec. 8.04, eff. December 2, 2021.

Sec. 273.062.  PROCEEDING TO OBTAIN WRIT.  A proceeding to obtain a writ of mandamus under this subchapter shall be conducted in accordance with the rules pertaining to original proceedings of the court in which the petition is filed.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

Sec. 273.063.  VENUE IN COURT OF APPEALS.  (a)  A petition to a court of appeals for a writ of mandamus under this subchapter must be filed with the court specified by this section.

(b)  A petition pertaining to an election must be filed with the court of the court of appeals district in which:

(1)  the respondent resides, or in which one of them resides if there is more than one respondent, if the election is statewide;  or

(2)  the territory covered by the election is wholly or partly situated, if the election is not statewide.

(c)  A petition pertaining to a political party convention must be filed with the court of the court of appeals district in which:

(1)  the respondent resides, or in which one of them resides if there is more than one respondent, for a state convention;

(2)  the territory represented by the convention delegates is wholly or partly situated, for a district convention;  or

(3)  the precinct or county is situated, for a precinct or county convention.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.  Amended by Acts 1987, 70th Leg., ch. 54, Sec. 15(c), eff. Sept. 1, 1987.

## SUBCHAPTER E. INJUNCTION

Sec. 273.081.  INJUNCTION.  A person who is being harmed or is in danger of being harmed by a violation or threatened violation of this code is entitled to appropriate injunctive relief to prevent the violation from continuing or occurring.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

EXHIBIT

Office of the Attorney General of Texas
Election Fraud Violations
Prosecutions Resolved

| Jee | Main Key Pecus | Illegal Voting | Case # | Election | # | Charge | Date | Code | Disposition |
|---|---|---|---|---|---|---|---|---|---|
| Henderson | Johnny Wayne Akers | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud - Possession of an official ballot by another | 5:05-2102-C-CR-B | 2004 General Election | 1 | 1 count illegal voting - voter impersonation | 07/26/05 | EC 64.012 | Pled guilty to 1 count unlawful illegal voting, 2 years deferred adjudication, $1500 fine w/$500 probated |
| Nueces | Virginia Barrera Garcia | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud - Method of returning marked ballot, unlawful assistance, election voter | 05-CR-9806-4 | 2005 School District Election | 4 | 4 counts possessing an official ballot or carrier envelope of another | 03/22/06 | EC 86.006 | 1 year pre-trial diversion, 12 months community supervision |
| Nueces | Elida Garza Flores | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud - Method of returning marked ballot, unlawful assistance, election voter | 06-CR-9805-4 | 2005 School District Election | 1 | 1 count possessing an official ballot or carrier envelope of another | 03/22/06 | EC 86.006 | 1 year pre-trial diversion, 12 months community supervision |
| Nueces | Isabel Luis Rios Gonzalez | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud - Method of returning marked ballot, unlawful assistance, election voter | 05-CR-9808-3 | 2005 School District Election | 2 | 2 counts possessing an official ballot or carrier envelope of another | 03/22/06 | EC 86.006 | Pled nolo contendere to 2 counts of possessing an official ballot or carrier envelope of another. 1 year deferred adjudication, $500 fine, 12 months community supervision |
| Nueces | Josefina Hernan Suarez | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud - Method of returning marked ballot, unlawful assistance, election voter | 04-CR-9807-1 | 2005 School District Election | 1 | 1 count illegally possessing an official carrier envelope of another | 05/04/06 | EC 86.006 | Pled guilty to 1 count of illegally possessing an official carrier envelope of another. 1 year deferred adjudication, $500 fine, 12 months community supervision |
| Reeves | Trini Villalobos | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud - Method of returning marked ballot | 25,185 | 2004 Primary Election | 4 | 6 counts possession of an official ballot or carrier envelope of another | 06/27/06 | EC 86.006 | Pled guilty to 1 count of 4 counts of possession of an official ballot or official carrier envelope of another. 10 days jail if probated for 6 months |
| Bowie | Willie Howard Ray | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud - Unlawfully witnessing application for more than one ballot, assistance, security of ballots, ballot boxes and envelopes | 04M1304-CCL | 2004 Primary Election | 7 | 7 counts possessing an official ballot or carrier envelope of another | 07/17/06 | EC 86.006 | Pled guilty to possession of an official ballot or official carrier envelope of another. 6 months deferred adjudication, $200 fine. Original indictment dismissed. |
| Bowie | Jamilah Johnson | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud - Unlawfully obstructing watcher, unlawfully witnessing application for more than one ballot, assistance, security of ballots, ballot boxes and envelopes | 04M0502-CCL | 2004 Primary Election | 2 | 2 counts possessing an official ballot or carrier envelope of another | 07/17/06 | EC 86.006 | 6 months deferred adjudication, $200 fine |
| Bowie | Melinda Hunter | Unlawfully obstructing watcher, unlawfully witnessing application for more than one ballot, unlawful assistance, security of ballots, ballot boxes and envelopes | 04M0301-CCL | 2004 Primary Election | 7 | 7 counts possessing an official ballot or carrier envelope of another | 08/04/06 | EC 86.006 | 6 months pre-trial diversion |
| Nueces | Maria Diaz Flores | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud/Illegal Voting - Unlawful assistance, unlawfully witnessing | 06-CR-2166-H | 2004 Primary Election | 2 | 2 counts illegal voting-(4) marking/receiving ballot without voter's consent | 08/04/06 | EC 64.012 | Pled guilty to 2 counts illegal voting. 2 years deferred adj probation, $750 fine |
| Reeves | Anita Baeza | Vote Harvesting/Mail Ballot Fraud - Method of returning marked ballot | 25,195 | 2004 Primary Election | 5 | 5 counts illegally possessing ballots for another person | 08/23/06 | EC 86.006 | 6 months pre-trial diversion |

STATE087323

Office of the Attorney General of Texas
Election Fraud Violations
Prosecutions Resolved

| County | Defendant | Charge | Election | Cause Number | Description | # | Date | Statute | Disposition |
|---|---|---|---|---|---|---|---|---|---|
| Calhoun | Debra Briseno | Illegal voting; fraudulent registrations, and vote harvesting/mail ballot fraud | 2006 Primary Election | 2006-8-6665, 2006-9-6665, 2006-8-6467, 2006-8-6468, 2006-8-6499 | 3 counts illegal voting (11 counts undertaking, 1 count unlawful assistance, 11 counts possessing an official ballot or carrier envelope of another, 5 counts tampering with a governmental record, 5 counts false statement on a registration application | 27 | 06/25/07 | EC 64.012 / PC 37.10 | Jury verdict of guilty on 2 counts illegal voting, 1 count tampering with a government record. 2 years TDCJ suspended for 5 years community supervision, $1,500 fine, 90 days jail, $1,090 restitution |
| Refugio | Raymond Villarreal | Illegal Voting, Tampering | 2006 Primary Election | 2007-2-4809, 2007-2-4810 | 4 counts illegal voting, 3 counts tampering with governmental record | 7 | 10/09/07 | PC 37.10 | Pled guilty to tampering with government record. 2 years TDCJ suspended for 5 years community supervision, $1,500 fine, 90 days jail, $1,090 restitution |
| Starr/Brooks | Noelia Lopez | Illegal voting | 2006 General Election | 07-07-09347 CR | 1 count illegal voting | 1 | 01/24/08 | EC 64.012 | Dismissed |
| Hays | Mark Lunsford | Forgery, tampering with a government document | 2006 Special Election | 69,288 | Possession of forged instrument | 1 | 02/01/08 | PC 32.21 | 1 year pre-trial diversion, $300 donation |
| Starr/Brooks | Jose Reyes Guzman | Illegal voting | 2006 General Election | 07-06-09242 CR | 2 counts illegal voting (2) voting more than once | 2 | 08/01/08 | EC 64.012 | Pled guilty to illegal voting. 2 years deferred adjudication, $300 fine, 2 years community supervision (Motion to Adjudicate) |
| Starr/Brooks | Oscar Luis Rios | Vote Harvesting/Mail Ballot Fraud | 2006 Primary Election | 07-05-09744 CR | 12 counts possessing a ballot without the voter's consent | 12 | 05/01/08 | EC 86.006 | Pled guilty to 12 counts possessing a ballot without the voter's consent. 2 years deferred adjudication, $300 fine, 2 years community supervision |
| Potter | Hudnai C. Shumake | Unlawfully accepting campaign donations, bribery | 2008 Primary Election | 56732-B, 56733-B, 56734-B | 1 count unlawfully accepting contribution, 1 count organized criminal activity, 1 count accepting contribution, bribery | 3 | 06/13/08 | PC 71.02 | Jury verdict of guilty to engaging in organized criminal activity. 10 years confinement, suspended for 8 years, community supervision with 180 days jail as a condition, $5,000 fine |
| Duval/Brooks | Lydia Molina | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud, unlawful buying and selling of ballot materials | 2006 Primary Election | 08-01-09384, 11479 | 6 counts possession of official ballot or carrier envelope of another | 6 | 10/02/08 | EC 86.006 | Pled guilty to possession of official ballot or carrier envelope of another. 1 year deferred adjudication, $300 fine, 12 months community supervision |
| Duval/Brooks | Maria Soriano | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud, unlawful buying and selling of ballot materials | 2006 Primary Election | 09-01-09863, 11480 | 6 counts possession of official ballot or carrier envelope of another | 6 | 10/02/08 | EC 86.006 | Pled guilty to possession of official ballot or carrier envelope of another. 1 year deferred adjudication, $300 fine, 12 months community supervision |
| Duval/Brooks | Elsa Gutierrez Lugo | Unlawful assistance, unlawful buying and selling of ballot materials | 2006 Primary Election | 08-01-09965, 11482 | 3 counts possession of official ballot or carrier envelope of another | 3 | 10/02/08 | EC 86.005 | Pled guilty to possession of official ballot or carrier envelope of another. 1 year deferred adjudication, $300 fine, 12 months community supervision |
| Duval/Brooks | Norma Adelita Trigo | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud, unlawful buying and selling of ballot materials | 2006 Primary Election | 08-01-09864, 11481 | 2 counts possession of official ballot or carrier envelope of another | 2 | 10/02/08 | EC 86.006 | Pled guilty to possession of official ballot or carrier envelope of another. 1 year deferred adjudication, $300 fine, 12 months community supervision |
| Goliad | Joann Parkinson Billings | Unlawfully divulged voting results prior to the closing of polls | 2006 Municipal Election | 08-8-8567 CR | 1 count unlawfully revealing information before polls close | 1 | 11/12/08 | EC 61.007 | Pled no contest to 1 count unlawfully revealing information before polls close. 2 years deferred adjudication, $3,000 fine, 2 years probation |
| Starr/Brooks | Guadalupe Rios | Vote Harvesting/Mail Ballot Fraud | 2006 Municipal Election | 08-08-09945 CR | 15 counts of possessing a ballot without the voter's consent | 15 | 03/16/09 | EC 86.006 | Pled guilty to 15 counts possessing a ballot without the voter's consent. 2 years protected for 4 years probation, $500 fine, 60 days house arrest |
| Starr/Brooks | Orelia Frausto | Illegal Voting/Vote Harvesting/Mail Ballot Fraud/Assistance Fraud | 2006 Primary Election | 07-05-09738 CR | 15 counts of possessing a ballot without the voter's consent | 15 | 03/26/09 | EC 86.006 | 1 year pre-trial diversion |
| Starr/Brooks | Maria Francisca | Harvesting/Mail Ballot Fraud/Assistance Fraud | 2006 Primary Election | 07-05-09792 CR | 5 counts of possessing a ballot without the voter's consent | 5 | 03/26/09 | EC 86.006 | 1 year pre-trial diversion |
| Aransas/Travis | Gabkwaji Todd | Misrepresentation of identity to maintain election or claim candidate | 2008 Primary Election | C08099954 | Misrepresentation of identity | 1 | 05/21/09 | E.C. 255.005 | Pre-trial diversion for 1 year, 60 hours of community service, completed early |
| Hidalgo | Paulita Niño | Illegal Voting - Felon | 2008 Municipal Election | CR-2620-09-F | 1 count of illegal voting (3) ineligible voter felon | 2 | 09/29/09 | E.C. 64.012 | Pled guilty for 5 years TDCJ, probated for 5 years of community supervision, 1 day of jail, $500 fine |
| Hill | Leland Mac Coffman | Disclosed election results prior to the closing of polls on election day; made false report to peace officer about divulging results | 2007 School District and Municipal Election | M0593-09 | 3 counts false report to peace officer | 3 | 12/14/09 | PC 37.08 | Pled guilty to 3 counts of false report to a peace officer. 2 years probation, $2500 fine, 90 days in jail, probated |

STATE087324

Office of the Attorney General of Texas
Election Fraud Violations
Prosecutions Resolved

| County | Defendant | Charge | Cause Number | Election | Counts | # | Disposition | Code | Date |
|---|---|---|---|---|---|---|---|---|---|
| Harris | Jack Carol Crowder | Illegal Voting - Impersonation of deceased voter | 2215818 | 2008 Primary Election | 1 count illegal voting-(1) impersonation at polling place | 1 | Pled guilty to 1 count fraudulent use of identifying information, 1 year deferred adjudication, $200 fine | EC 54.012 | 10/08/09 |
| Starr/Brooks | Raul Reyna | Illegal Voting - Felon | 09-04-09960 CR | 2007 Municipal and School Election | 2 counts illegal voting-(1) ineligible voter felon | 2 | Pled guilty to illegal voting, 2 years TDCJ, $500 fine | EC 64.012 | 11/05/09 |
| Starr/Brooks | Christine Pena | Illegal Voting - Felon | 08-04-09881 CR | 2007 Municipal and School Election | 2 counts illegal voting-(1) ineligible voter felon | 2 | Pled guilty to illegal voting, 10 years TDCJ-suspended, 4 years community supervision, $500 fine | EC 64.012 | 11/05/09 |
| Starr/Brooks | Elizabeth Natividad | Illegal Voting - Felon | 09-04-09963 CR | 2007 Municipal Election | 1 count illegal voting-(1) ineligible voter felon | 1 | Pled guilty to 1 count of illegal voting, 5 years TDCJ | EC 64.012 | 11/05/09 |
| Panola | Drew Rixen | Official oppression; voting | 2007-C-0153 | 2006 Special Election | 2 counts official oppression | 2 | Dismissed/indicted. Defense motion for collateral estoppel granted. | PC 39.03 | 01/28/10 |
| Dimmet/LaSalle | Mario Mendoza Garza | Vote Harvesting/Mail Ballot Fraud | 08-11-00652 CRL | 2006 Primary Election | 7 counts knowingly provide false information on an application for an early voting ballot | 7 | 12 months pre-trial diversion, $60 supervision fee, 60 hours of community service | EC 84.0041 | 04/15/10 |
| Dimmet/LaSalle | Renata Cruz Suarez | Vote Harvesting/Mail Ballot Fraud | 08-11-00653 CRL | 2006 Primary Election | 7 counts knowingly provide false information on an application for an early voting ballot | 7 | 6 months pre-trial diversion, $60 supervision fee | EC 84.0041 | 04/15/10 |
| Jim Wells/Live Oak | Zaida Cantu Bueno | Vote Harvesting/Mail Ballot Fraud | 20068 | 2008 Primary Election | 4 counts of method of returned marked ballot | 4 | Pled guilty to unlawful possession of ballot, 12 months probation, 180 days in jail (suspended), $200 fine, 40 hours of community service | EC 86.006 | 06/24/10 |
| Jim Wells/Live Oak | Nicolasa Lopez | Vote Harvesting/Mail Ballot Fraud | 20067 | 2008 Primary Election | 5 counts of method of returned marked ballot (less than 10) | 8 | Pled guilty to unlawful possession of ballot, 12 months probation, 180 days in jail (suspended), $200 fine, 40 hours of community service | EC 86.006 | 06/24/10 |
| Jim Wells/Live Oak | Cynthia Lopez | Vote Harvesting/Mail Ballot Fraud | 20066 | 2008 Primary Election | 3 counts of method of returned marked ballot (less than 10) | 3 | Pled guilty to unlawful possession of ballot, 12 months probation, 180 days in jail (suspended) $200 fine, 40 hours of community service | EC 86.006 | 06/24/10 |
| Hidalgo/Brooks | Rafaela Trevino Garza | Illegal voting - felon, bribery, and official misconduct | 09-09-10116 CR | 2006 School District Election | 1 count illegal voting-(1) ineligible voter felon | 1 | Pled guilty, 3 years TDCJ-ID suspended for 5 years community supervision, $500 fine | EC 64.012 | 06/17/10 |
| Starr | Raul Pena, Jr. | Vote Harvesting/Mail Ballot Fraud - Unlawful possession of 59 mail-in ballots by candidate | CR-10-371 | 2010 Primary Election | 1 count of carrier envelope action by person other than voter | 1 | Pled guilty, 6 months community supervision, 180 days in jail (suspended), $500 fine | EC 86.0051 | 06/22/10 |
| Starr/Brooks | Mary Lou Garza | Vote Harvesting/Mail Ballot Fraud - Providing fraudulent registration cards to vote harvesters | 07-07-09748 CR | 2006 Primary Election | 1 count of unlawful delivery of a certificate | 1 | Jury trial resulting in hung jury, dism'd | EC 13.143 | 09/15/10 |
| Starr/Brooks | Mario Manuel Medrano | Illegal voting - felon, bribery, and official misconduct | 09-09-10117 CR | 2008 School District Election | 1 count illegal voting-(1) ineligible voter felon | 1 | Pled guilty, 2 years TDCJ-ID | EC 64.012 | 11/10/10 |
| Duval/Live Oak | Christina Lichtenberger | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud | 20080, 20081 | 2008 Primary Election | 1 count of unlawful assistance, 1 count of method of returned marked ballot | 2 | Pled guilty to Possession of a ballot and received 1 year deferred adjudication, and paid $1000 fine and court costs | EC 64.036, 86.006 | 12/14/10 |
| Duval/Live Oak | Andrea Campos Bautista | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud | 20082, 20083 | 2008 Primary Election | 1 count of unlawful assistance, 1 count of method of returned marked ballot | 2 | Pre-trial diversion 6 months, $3,100 donation to the county | EC 64.036, 86.006 | 12/14/10 |
| Duval/Live Oak | Alicia Plata Perez | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud | 20084, 20085, 20086, 20087, 20088, 20089, 20090, 20091 | 2008 Primary Election | 4 counts of unlawful assistance, 4 counts of method of returned marked ballot | 8 | Pled guilty to 4 counts of Possession of a Ballot and 4 counts of Unlawful Assistance, and received 1 year deferred adjudication for 12 months, and paid a $1000 fine and court costs | EC 64.036, 86.006 | 12/14/10 |
| Smith | Rachael Marsh | Illegal Voting | 241-1545-11 | 2009 Municipal Election - Local Option | 1 count of Illegal Voting-(1) ineligible voter | 1 | Pled guilty, received four years of deferred adjudication, a $1,000 fine, and 100 hours of community service hours | E.C. 64.012 | 03/22/11 |
| Smith | Ann Marie Marsh | Illegal Voting | 241-1681-11 | 2009 Municipal Election - Local Option | 1 count of Illegal Voting-(1) ineligible voter | 1 | Plea bargain to 241-1682-11 for guilty plea to def'd adj resulting in dismissal. | E.C. 64.012 | 03/22/11 |
| Bexar | Esar Sandoval Martinez-Henao | Unlawfully accepting a voter, unlawfully permitting deposit of a ballot, and illegal voting | 2010-W-0375 | 2010 Primary Election | 1 count of tampering of a governmental record | 1 | Pled guilty to one count of misdemeanor Tampering, 1 year probation | P.C. 37.10 | 03/22/11 |
| Dallas/Rockwall | Delores Hernandez | Illegal Voting - Voter Impersonation | 1108201-1CCL-A | 2010 Primary Election | 2 counts of attempted illegal voting-(3) voter impersonation at polling | 2 | Pled guilty to attempted illegal voting by impersonating a voter, 1 year probation, paid $127 court costs | E.C. 64/022 | 06/16/11 |
| Comal/Jim Wells | Regino Cantu Salinas | Illegal Voting - Felon | 11-02-17251-CR | 2008 Primary Election | 1 count of illegal voting-(1) ineligible voter felon | 1 | Pled guilty for 2 years probation, 30 days in jail, and a $3000 fine | E.C. 64.012 | 08/31/11 |

STATE087325

Office of the Attorney General of Texas
Election Fraud Violations
Prosecutions Received

| County | Name | Charge | Description | Election | Case No. | Offense Charged | Count | Date | Statute | Disposition |
|---|---|---|---|---|---|---|---|---|---|---|
| Hidalgo/ Brooks | Rayne Albracoza | Illegal voting | Voter impersonation (voting for 20 years using the identity of a deceased voter still on voter rolls, while voting herself by mail fraud (receiving SS benefits for herself and a deceased individual) | 2009 School District Election | 10-03-10342-CR | 1 count of illegal voting - (2) voter impersonation | 1 | 12/01/11 | E.C. 64.012 | Convicted by a jury on 11/17/11, sentenced to 2 years TDCJ, suspended for 5 years on probation, 90 days in County Jail as a condition of probation, $513 court costs |
| Bexar | Mary Campion | Illegal voting | Voter impersonation (voting using the identity of a deceased voter still on voter rolls, while voting herself by mail fraud (receiving SS benefits for herself and a deceased individual) | 2008 General Election | 2011-CR-7939 | 2 counts of illegal voting - voter impersonation | 2 | | E.C. 64.012 (s) 3 | Statute of limitations tolled by filing of indictment on 9/16/11. Defendant declared incompetent to stand trial. Case 2011-CR-7939 closed, case left pending |
| Brazoria | Slavik, Christine Thomas | Unlawful Influencing Voter | Unlawful Influencing Voter | 2010 General Election | 11-93504-CR9-CCL1 | 1 count of Unlawful Assistance | 1 | 02/06/12 | E.C. 64.036 | Pled guilty, 1 year deferred adjudication community supervision, 20 hours community service, $433 court costs, $500.00 fine, prohibited from offering assistance to this election process to anyone |
| Dallas/ Rockwall | Nance Removed | Aggravated perjury in connection with illegal voting | Aggravated perjury in connection with illegal voting | 2010 Primary Election | | 4 counts of aggravated perjury | 4 | 02/16/12 | E.C. 64.012 | Expunged |
| Dallas/ Rockwall | Nance Removed | Illegal Voting | Illegal Voting | 2010 Primary Election | | 1 count of illegal voting - ineligible voter | 1 | 02/16/12 | E.C. 64.012 | Expunged |
| Dallas/ Rockwall | Nance Removed | Illegal Voting | Illegal Voting | 2010 Primary Election | | 3 counts of illegal voting - ineligible voter | 1 | 02/16/12 | E.C. 64.012 | Expunged |
| Dallas/ Rockwall | Nance Removed | Illegal Voting | Illegal Voting | 2010 Primary Election | | 5 counts of illegal voting - ineligible voter | 3 | 02/16/12 | E.C. 64.012 | Expunged |
| Dallas/ Rockwall | Carlos Medrano | Illegal Voting | Illegal Voting | 2010 Primary Election | 2-11-418 | 2 counts of illegal voting - ineligible voter | 2 | 02/27/12 | E.C. 64.012 | Elected Justice of the Peace convicted at bench trial of illegal voting - ineligible voter, 5 years TDCJ, probated for 5 years, 180 days in jail as a condition of probation, $2500 fine, removed from office |
| Dallas/ Rockwall | Robert Edward Reagans | Illegal Voting | Illegal Voting | 2010 Primary Election | 2-11-420 | 3 counts of illegal voting - ineligible voter | 3 | 02/16/12 | E.C. 64.012 | In exchange for acknowledgement of offense and compelled testimony against others |
| Dallas/ Rockwall | Rolando Medrano | Illegal Voting, aggravated perjury | Illegal Voting, aggravated perjury | 2010 Primary Election | 2-11-416 | 6 counts of aggravated perjury | 6 | 02/29/12 | P.C. 37.03 | Pled guilty to two counts of aggravated perjury, 4 years TDCJ probated for 4 years community supervision, $5,000 fine, $219 Court Costs, 45 hours in jail as a condition of probation, work release day for day |
| Dallas/ Rockwall | Raquel Martinez | Illegal Voting, aggravated perjury | Illegal Voting, aggravated perjury | 2010 Primary Election | 2-11-108, 2-11-414 | 1 count of illegal voting - ineligible voter, 5 counts of aggravated perjury | 6 | 02/29/12 | B.C. 64.012, P.C. 37.03 | Dismiss upon conviction of defendant in 2-11-416 |
| Dallas/ Rockwall | Gilda Hernandez | Vote harvesting/Mail Ballot Fraud/Assistance Fraud - Influencing Voter | Vote harvesting/Mail Ballot Fraud/Assistance Fraud - Influencing Voter | 2010 Primary Election | 11092011CCL-9 | 4 counts of illegal voting-(1) an official ballot or carrier envelope, 3 counts of unlawful assistance (influencing voter), 2 counts failure to provide identifying info while assisting voter | 9 | 04/05/12 | B.C. 64.006, 64.036, 86.010 | Pled guilty to two counts of unlawful Assistance, two counts of Possession of a Ballot, and two counts of Failure to Provide Identifying Information while Assisting a Voter, and removed one year of deferred adjudication and a $250. |
| Hidalgo/ Brooks | Juan De Jesus Cano | Illegal Voting - Fraud, bribery | Illegal Voting - Fraud, bribery | 2008 School District Election | 09-08-10115 CR | 1 count illegal voting-(1) ineligible voter felon | 1 | 04/04/12 | SC 64.012 | Pled guilty, received 10 years TDCJ, probated for 10 years, $1,000 fine, and $513 court costs. |
| Hidalgo/ Brooks | Frank Ross | Illegal Voting | Illegal Voting | 2005 Municipal Election | 241-14827-11 | 1 count of illegal Voting-ineligible voter felon | 1 | 04/19/12 | E.C. 64.012 | Dismiss |
| Hidalgo | Angel Trujillo | Illegal Voting - Felon | Illegal Voting - Felon | 2010 Municipal and School District Election | CR-1924-12-E | 2 counts illegal voting by ineligible voter | 2 | 04/08/12 | E.C. 64.012 | Pled guilty to illegal voting (1 ct), sentenced to 3 years TDCJ-probated for community supervision, $250 fine. |
| Hidalgo | Saudora Zavala Robles | Unlawfully revealing information before the polls closed | Unlawfully revealing information before the polls closed | 2008 Municipal Election | 12-03129 | Unlawfully Revealing Information before polls | 1 | 12/27/12 | E.C. 61.007 | No Bill |
| Hidalgo | Sylvia Silva Vela | Illegal Voting | Illegal Voting | 2008 Municipal Election | 12-03510 | Illegal Voting | 1 | 12/07/12 | E.C. 64.022 | No Bill |
| Hidalgo | Salvador Vela | Mail in ballot violation | Mail in ballot violation | 2008 Municipal Election | 12-03528 | Method of returning marked ballot | 1 | 12/27/12 | E.C. 86.006 | No bill |
| Hidalgo | Ramona Castillo | Illegal Voting - Felon | Illegal Voting - Felon | 2010 General Election | CR-1913-12-F | 2 count of illegal Voting-(1) ineligible voter felon | 1 | 01/17/13 | E.C. 64.012 | Pled guilty to illegal voting, sentenced to 2 years deferred and community supervision and $100 fine. |
| Cameron | Margarita Rangel Ozuna | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud; Influencing Voter | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud; Influencing Voter | 2010 Primary Election | 2013-DCR-00484 | 1 count Unlawfully Assisting Voter | 1 | 05/30/13 | E.C. 86.010 | Pled no contest to Unlawfully Assisting Voter (Class A Misdemeanor) 12-month county jail, probated for 12 month community service. $550.00 fine. |

Office of the Attorney General of Texas
Election Fraud Violations
Prosecutions Resolved

| County | Name | Charge | Election | Case Number | Count | Date | Statute | Disposition |
|---|---|---|---|---|---|---|---|---|
| Kidder/Brooks | Lorenzo Antonio Almanza | Illegal Voting - Voter Impersonation | 2005 School District Election | 10-05-10045-CR | 2 | 06/24/13 | E.C. 64.012 | 2 counts of illegal voting - voter impersonation, illegal voting - voting twice, sentenced to 2 years TDCJ on both counts, run concurrently; $313 court costs |
| Montgomery | James Allen Jenkins | Illegal Voting - Residency | 2010 Special Election | 12-03-02347R-9-CR | 1 | 06/28/13 | E.C 64.012 | Convicted during a jury trial, 1 count of illegal voting (1) ineligible voter, 3 years TDCJ, $10,000 fine and $384.00 in court costs; reversed/remanded by 14th COA, pending new trial |
| Montgomery | Peter Joseph Goedecker | False statement on application, illegal voting | 2010 Special Election | 12-03-03581-CR | 1 | 07/12/13 | E.C. 64.012 | 1 year Probation - Pre-trial Diversion Program |
| Montgomery | Adrian Heath | False statement on application, illegal voting | 2010 Special Election | 12-03-03548D-CR | 1 | 10/31/13 | E.C. 64.012 | Convicted during a jury trial, 1 count of illegal voting (1) ineligible voter. Sentenced to 3 years TDCJ and $10,000 fine, $334.00 in court costs |
| Montgomery | Sheil Lee Davis | False statement on application, illegal voting | 2010 Special Election | 12-03-03582-CR | 1 | 04/02/14 | E.C. 64.012 | Convicted at jury trial, 1 count of illegal voting (1) ineligible voter. Sentenced by deferred agreement, 3 years TDCJ, probated for 5 years, $5,000 fine and $339.00 in court costs. |
| Montgomery | Roberta Margaret Cook | False statement on application, illegal voting | 2010 Special Election | 12-03-03583-CR | 1 | 04/02/14 | E.C. 64.012 | Convicted at bench trial, 1 count of illegal voting (1) ineligible voter. Sentenced by deferred agreement, 3 years TDCJ, probated for 5 years, $5,000 fine |
| Cameron | Gozita, Israel | Illegal Voting - Felon | 2013-9-CCR-00637 | 1 | 04/18/13 | E.C. 64.012 | Pled guilty to illegal voting ineligible (felon voter) Class A misdemeanor. Sentenced to 10 months confinement, 2 years probation, fine $250 |
| Montgomery | Name Removed | Illegal Voting - Felon | 2010 Special Election | 12-03-xxxxx-CR | 1 | 05/14/14 | E.C. 64.012 | 1 year Deferred Prosecution Probation. Eligible for expunction after serving 12 mos probation. |
| Montgomery | William Marvin Barnhart | False statement on application, illegal voting | 2010 Special Election | 12-03-02584-CR | 1 | 10/23/14 | E.C.64.012 | 3 years Deferred Adjudication. $2,500.00 fine, $534.00 in court costs |
| Cameron | Tomasa Chavez | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud; Influencing Voter | 2012 Primary Election Runoff | 14-CCR-02977-A/14-CCR-02987-A/14-CCR-02984-A/14-CCR-02988-A/14-CCR-02987-A/14-CCR-02989-A/14-CCR-02991-A/14-CCR-02993-A/14-CCR-02993-A/14-CCR-02997-A/14-CCR-02996-A/14-CCR-03202-A | 13 | 01/22/15 | E.C. 86.0051 / E.C 86.010 / E.C 86.006 / E.C 64.036 | 3 counts - Carrier Envelope Action; Person Other than voter (Misd B), 3 counts - Assisting Voter Violation (Misd A), 3 counts - Returning Marked Ballot (Misd B), 4 count - Unlawful Assistance to Voter (Misd A) | Pled guilty to unlawful assistance of voter, 6 month confinement, probated for 1 year of community supervision, fine $250. |
| Jim Wells | Dallas Arambula, Jr. | Illegal Voting - Felon | 2012 Primary Election | 14-07-13994-CR | 1 | 02/18/15 | E.C 64.012 | Indicted 1 count of illegal voting (1) ineligible voter (felon, 2nd Felony) | Pled guilty to illegal voting (felon) Sentenced to 10 years confinement, probated for 10 years of community supervision |
| Jim Wells | Mark Homero Almaraz | Illegal Voting - Felon | 2012 Primary Election | 14-07-13903-CR | 1 | 02/18/15 | E.C 64.012 | Indicted 1 count of illegal voting ineligible voter (felon, 2nd Felony) | Pled guilty to illegal voting (felon) Sentenced to 10 years confinement, probated for 10 years of community supervision |
| Hidalgo | Jorge Luis Martinez | Unlawfully reporting voters, illegal voting, and unlawfully assisting voters | 2006 Municipal Election | CR-3632-09-D | 12 | 02/26/15 | E.C.64.012 | 12 counts of illegal voting | Pled guilty to counts 1-6 illegal voting Class A). Three years community supervision. Counts 7-12 were dismissed |
| Cameron | Facunda Garcia | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud; Influencing Voter | 2012 Primary Election Runoff | 14-CCR-02980-A | 1 | 02/19/15 | E.C 64.036 | 1 count - Unlawful Assistance to Voter (Misd. A) | Pled guilty for unlawful assistance of a voter. Sentenced to 1 day confinement in county jail and $250.00 fine. |
| Cameron | Eunice Garcia | Vote Harvesting/Mail Ballot Fraud; Influencing Voter | 2012 Primary Election Runoff | 14-CCR-03029/A/14-CCR-03310-A/14-CCR-03011-A | 3 | 04/08/15 | E.C 86.0051 / E.C 86.006 / E.C 64.036 | 3 counts - Carrier Envelope Action; Person Other than voter (Misd B), 1 Count - Method of Returning Marked Select (Misd B), 1 count - Unlawful Assistance to Voter (Misd A) | 1 year probation under diversion program (Deferred Pros.) for offense of unlawfully assisting voter. |
| Cameron | Rafael Angel Elizondo | Vote Harvesting/Mail Ballot Fraud - Method of Returning Marked Ballot | 2012 Primary Election Runoff | 2015-CCR-00266-D | 1 | 06/12/15 | E.C. 86.006 | 1 Count - Method of Returning Marked Ballot more than 20 official ballots/carrier envelopes. ( 3rd Degree Felony) | Pled no contest to Method of Returning Marked Ballot =10+20. (Class A). Sentenced to three days in county jail, and taken into custody. |

STATE087327

Office of the Attorney General of Texas
Election Fraud Violations
Prosecutions Resolved

| County | Name | Offense | Election | Case No. | No. | Date | Statute | Disposition |
|---|---|---|---|---|---|---|---|---|
| Cameron | Jose Angel Garcia | Vote Harvesting/Mail Ballot Fraud - Method of Returning Marked Ballot | 2012 Primary Election Runoff | 2015-DCR-00270-G | 5 | 06/22/15 | E.C. 86.006 | Pled guilty to Method of Returning Marked Ballot <10 (Class B). Sentenced to two days county jail. |
| Cameron | Margarita Ozuna | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud; Influencing Voter | 2012 Primary Election Runoff | 14-CCR-02981-G/14-CCR-02986-B/14-CCR-02988-B/14-CCR-02990-B/14-CCR-02992-B/14-CCR-02994-B | 6 | 08/10/15 | E.C 86.0051 / E.C 86.006 | Pled guilty to Carrier Envelope Action by Person Other than voter. Sentenced to 15 days county jail and $250.00 fine/court cost. |
| Cameron | Yolanda Vera | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud; Influencing Voter | 2012 Primary Election Runoff | 14-CCR-02978-C/14-CCR-02980-C/14-CCR-03000-C/14-CCR-03001-C/14-CCR-03004-C/14-CCR-03005-C/14-CCR-03006-C/14-CCR-03007-C/14-CCR-03008-C | 10 | 08/19/15 | E.C 86.0051 E.C. 86.010/ E.C. 86.006 | Pled guilty to Class A misdemeanor Unlawful Assistance of a Voter, 12 months of deferred adjudication, $250 fine, and not harming those handling mail ballots and assisting voters. |
| Harris | Avery Ayers | Forgery/Tampering with petition for candidacy - forged signatures | 2014 General Election | 1476757 | 1 | 10/06/15 | P.C. 32.21 | Waived a jury trial and pled guilty to one count of 3rd degree Felony Forgery. Court convicted defendant and sentenced him to five (5) years TDCJ-Institutional Division. No fine, court costs of restitution. |
| Cimarron | Sarah Purdue | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud; Influencing Voter | 2012 Primary Election Runoff | 14-CCR-02992-C/14-CCR-02906-C | 2 | 10/26/15 | E.C. 86.006 | Pled guilty to Class A misdemeanor Method of Returning Marked Ballot. Court sentenced defendant to one year of community supervision-deferred adjudication, plus a fine of $150 and court costs. Defendant must refrain from assisting voters or other poll/voters activity. |
| Edwards | Michael Scott | Illegal Voting (residency) | 2013 Municipal Election 2014 Primary Election | 5053 | 4 | 12/07/15 | E.C 64.012 | Pled no contest to Count 1 of the indictment - Illegal Voting (ineligible voter-non resident) in a plea bargain agreement. State to dismiss counts 2, 3 & 4. Sentenced to 24 months of deferred adjudication community supervision, $500 fine |
| Edwards | Tamara Scott | Illegal Voting (residency) | 2013 Municipal Election 2014 Primary Election | 6054 | 4 | 12/07/15 | E.C 64.012 | Pled no contest to Count 1 of the indictment - Illegal Voting (ineligible voter-non resident) in a plea bargain agreement. State to dismiss counts 2, 3 & 4. Sentenced to 24 months of deferred adjudication community supervision, $500 fine |
| Hidalgo | Guadalupe "Lupe" Rivera, Jr. | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud; Influencing Voter | 2013 Municipal Election | CR-15-01765-B, CR-15-03766-B | 2 | 07/11/16 | E.C. 86.0051 $6.006 | Consideration: Accept criminal responsibility for these offenses in which: CR-15-03768-E, CR-15-03769-E, CR-15-03770-E, CR-15-03771-E, CR-15-03772-E, CR-15-03773-E, CR-15-03774-E, CR-15-03775-E, CR-15-03776-E, CR-15-03777-E, CR-15-03778-E, CR-15-03779-E, CR-15-03780-E, CR-15-03781-E, and CR-15-03782-E. |
| Hidalgo | Guadalupe "Lupe" Rivera, Jr. | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud; Influencing Voter | 2015 Municipal Election | CR-15-03767-B, CR-15-03768-B, CR-15-03769-B, CR-15-03770-B, CR-15-03771-E, CR-15-03772-E, CR-15-03773-E, CR-15-03774-E, CR-15-03775-E, CR-15-03776-E, CR-15-03777-E, CR-15-03778-E, CR-15-03779-E, CR-15-03780-E, CR-15-03781-E | 15 | 07/11/16 | E.C. $6.006 | Pled guilty to Unlawful Assistance to a Voter, Class A misdemeanor. Sentenced to 365 days in jail, probated for one year of community supervision with a $500 fine. |

STATE087328

Office of the Attorney General of Texas
Election Fraud Violations
Prosecutions Resolved

| County | Name | Charge/Type | Election | Case Number | Charge Description | Count | Date | Statute | Resolution |
|---|---|---|---|---|---|---|---|---|---|
| Hidalgo | Graciela Sánchez | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud; Influencing Voter | 2013 Municipal Election | CR-15-09761-B 15-09762-B 09763-B 09764-B | CR CR-15-2 CR-15- <10 / 2 counts Carrier Envelope Action-Person Other than Voter, 2 counts Method of Returning Marked Ballot <10 | 4 | 07/11/16 | E.C. 86.0051 | Find guilty of Carrier Envelope Action-Person Other than Voter, Class B misdemeanor. Pre-trial diversion for a period of two years of community supervision, pay court and probationary fees, complete 24 hours of community service. Other charges dismissed. |
| Dallas; Tarrant | Rosa Maria Ortega | Illegal Voting - Non-Citizen | 2012 General Election, 2014 Primary Run-Off Election | 1434155 | 2 counts of illegal voting - ineligible voter (non-citizen) | 2 | 02/09/17 | E.C. 64.012 | Convicted by jury on both counts of Illegal Voting, Non-citizen. Jury sentenced her to a period of eight (8) years in the Texas Department of Criminal Justice Institutional Division on each count, sentences to run concurrently. $5,000.00 fine and $329.00 in court costs. |
| Edwards | Manuel Rodriguez III | Illegal Voting - voter impersonation, Illegal Voting - ineligible voter (felon, unregistered voter) | 2014 General Election | 1739 | 2 counts of illegal voting, ineligible voter (felon, unregistered), voted as 99-yr-old grandfather | 2 | 2/27/2017 | E.C. 64.012 (a) 1 | Convicted of Illegal voting (2nd deg. felony). Sentenced to two (2) years in the Texas Department of Criminal Justice Institutional Division. |
| Schleicher | Rita Renee Johnson | Illegal Voting - ineligible voter (non-resident) | Nov 2014 general election, Jan 2015 NISD election; May 2015 City of Pleasant Ridge election, March 2016 primary election, May 2016 City of Pleasant Ridge election, Nov. 2016 general election, and May 2017 City of Pleasant Ridge election | CX7779094948 | 7 counts of illegal voting - ineligible voter (non-resident) - 2nd degree Felony | 7 | 12/20/17 | E.C. 64.012 | Prosecution Diversion Program - stipulation of guilt to 7 counts Illegal Voting |
| Webb | Angel Antonio De Leon, Jr. | Illegal Voting - ineligible voter (convicted felon, on paper) | Special CCL Dist 2 2/17/2016, Special CCL Seat 2 Runoff 4/2/2016, Joint Primary Runoff 5/24/2016, November 2016 General Election | CR0928260117 | 4 counts of illegal voting - ineligible voter (felon) - 2nd degree Felony | 4 | 01/26/16 | E.C. 64.012 | Prosecution Diversion Program - stipulation of guilt to 4 counts Illegal Voting |
| Webb | Arturo García, Jr. | Illegal Voting - ineligible voter (convicted felon, on paper) | Nov 2014 General election, March 2016 Democratic primary, May 2016 Democratic runoff | CR01409801101 | 3 counts of illegal voting - ineligible voter (felon) - 2nd degree Felony | 3 | 01/29/18 | E.C. 64.012 | Prosecution Diversion Program - stipulation of guilt to 3 counts Illegal Voting |
| Medina | Patricia Barton | Unlawfully Influencing Voter in Polling Place; Electioneering | Mar. 2014 Primary Election | CX4240437617 | 2 counts of unlawfully influencing voter in polling place; 1 count electioneering | 3 | 04/26/15 | E.C. 61.008; E.C. 61.003 | Prosecution Diversion Program - stipulation of guilt to 2 counts unlawfully influencing voter, 1 count electioneering |
| Hill | Aaron Torres | Unlawfully Revealing Information Before the Polls Close | 2015 Primary Runoff | CC70549793300 | 1 count unlawfully revealing information before the polls close | 1 | 05/30/18 | E.C. 61.007 | Prosecution Diversion Program - stipulation of guilt to 1 count unlawfully revealing information before the polls close |
| Dallas | Shirley Brown | Unlawfully Accepting a Voter not eligible to vote, by election judge | 2016 General Election | CR5852040670 | 3 counts unlawfully accepting a voter | 3 | 05/31/18 | E.C. 63.012 | Prosecution Diversion Program - stipulation of guilt to 3 counts unlawfully accepting a voter |
| Kenedy | Christelda Olvera | Illegal voting; Election Fraud; False Statement on Registration Application | Mar. 2018 Primary Election | CC5920369473 | Count 1 - illegal voting, 2nd Degree Felony; Count 2 - election fraud, Cl A; Count 3 - false statement on a registration application, Cl B | 3 | 07/02/18 | E.C. 64.012; 276.013; 13.007 | Prosecution Diversion Program - stipulation of guilt to 1 count illegal voting, 1 count election fraud, and 1 count false statement on registration application |
| Kenedy | Martin Olvera | Illegal voting; Election Fraud; False Statement on Registration Application | Mar. 2016 Primary Election | CX08901950992 | Count 1 - illegal voting, 2nd Degree Felony; Count 2 - election fraud, Cl A; Count 3 - false statement on a registration application, Cl B | 3 | 06/27/18 | E.C. 64.012; 276.013; 13.007 | Prosecution Diversion Program - stipulation of guilt to 1 count illegal voting, 1 count election fraud, and 1 count false statement on a registration application |

STATE087329

Office of the Attorney General of Texas
Election Fraud Violations
Prosecutions Reserved

| County | Name | Charge | Case No. | Election | Counts | # | Date | Statute | Prosecution Diversion Program |
|---|---|---|---|---|---|---|---|---|---|
| Kennedy | | Illegal Voting; Election Fraud; False Statement on Registration Application | CR46412860292 | Mar. 2018 Primary Election | Count 1 – illegal voting, 2nd degree felony; Count 2 – election fraud, C.A.; Count 3 – false statement as a repeat application, C B | 3 | 04/09/18 | E.C. 64.012; 276.013; 13.007 | Prosecution Diversion Program – stipulation of guilt to 2 Counts unlawful assistance to voters with their mail ballots |
| Nueces/San Patricio | | Illegal Voting; Fraud/Assistance Fraud/Illegal voting | S-18-3045-CR; 19-CR-03558 | Robstown 2014 General | Count 1 – illegal voting, 2nd Degree Felony; Count 2 – method of returning marked ballot, SJF; 1 count misdemeanor unlawful assistance, CLA | 3 | 6/12/2018 | E.C. 64.012; 86.006, 64.036 | Convicted of unlawfully assisting/influencing voter with mail ballot (E.C. 64.036), 12 months jail; sentenced for 18 months, $1000 fine; 10 days confinement in county jail served for day 1 day as condition of probation |
| Pino | Consuelo Barrientos Carillo | Vote Harvesting/Mail Ballot Fraud/ Assistance Fraud | CR377293814 | 2016 Primary Runoff Election | 2 Counts Unlawful Assistance | 2 | 6/13/2018 | E.C. 64.036 | Prosecution Diversion Program – stipulation of guilt to 2 Counts unlawful assistance to voters with their mail ballots |
| Pino | Maria Descarreal Vela | Vote Harvesting/Mail Ballot Fraud/ Assistance Fraud | CR377292814 | 2016 Primary Runoff Election | 6 Counts Unlawful Assistance | 6 | 6/13/2018 | E.C. 64.036 | Prosecution Diversion Program – stipulation of guilt to 6 Counts unlawful assistance to voters with their mail ballots |
| Starr | Miguel Moreno | Vote Harvesting/Mail Ballot Fraud; Fraudulent Use of Application for Ballot by Mail | CR4941881207 | Mar. 2016 Primary Election | 1 Count Fraudulent Use of Application for Ballot by Election | 1 | 6/26/2018 | E.C. 64.0041 | Prosecution Diversion Program – stipulation of guilt to 1 Count fraudulent use of application for ballot by mail |
| Starr | Veronica Flores Vega | Vote Harvesting/Mail Ballot Fraud; Fraudulent Use of Application for Ballot by Mail | CR2819740615 | 2016 Primary Runoff Election | 1 Count Fraudulent Use of Application for Ballot by | 1 | 6/25/2018 | E C. 64.0041 | Prosecution Diversion Program – stipulation of guilt to 1 Count fraudulent use of application for ballot by mail |
| Starr | Abigail Elorata | Vote Harvesting/Mail Ballot Fraud; Fraudulent Use of Application for Ballot by Mail | CR7915417328 | 2016 Primary Runoff Election | 1 Count Fraudulent Use of Application for Ballot By | 1 | 6/25/2018 | E.C. 64.0041 | Prosecution Diversion Program – stipulation of guilt to 1 Count fraudulent use of application for ballot by mail |
| Starr | Dora Barrera | Vote Harvesting/Mail Ballot Fraud; Fraudulent Use of Application for Ballot by Mail | CR4782488392 | 2016 Primary Election | 1 Count Fraudulent Use of Application for Ballot by | 1 | 6/25/2015 | E.C. 64.0041 | Prosecution Diversion Program – stipulation of guilt to 1 Count fraudulent use of application for ballot by mail |
| Starr | Nilda Marbella Flores | Vote Harvesting/Mail Ballot Fraud; Fraudulent Use of Application for Ballot by Mail; Illegal Voting | CR0192300090 | 2016 Primary Runoff Election | 1 Count Fraudulent Use of Application for Ballot by Mail; 2 Counts Illegal Voting | 3 | 6/25/2018 | E.C. 64.0041; E.C. 64.012 | Prosecution Diversion Program – stipulation of guilt to 1 Count fraudulent use of application for ballot by mail and 2 Counts Illegal Voting |
| Starr | Eusebio Lopez | Vote Harvesting/Mail Ballot Fraud; Fraudulent Use of Application for Ballot by Mail; Illegal Voting | CR2207091916 | 2016 Primary Runoff Election | 1 Count Fraudulent Use of Application for Ballot by Mail; 2 Counts Illegal Voting | 2 | 6/24/2018 | E.C. 64.0041; E.C. 64.012 | Prosecution Diversion Program – stipulation of guilt to 1 Count fraudulent use of application for ballot by mail and 2 Counts Illegal Voting |
| Starr | Adelaida Lopez | Vote Harvesting/Mail Ballot Fraud; Fraudulent Use of Application for Ballot by Mail; Illegal Voting | CR1897921903 | 2016 Primary Runoff Election | 1 Count Fraudulent Use of Application for Ballot by Mail; 2 Counts Illegal | 3 | 6/26/2018 | E.C. 96.0041; E.C. 64.012 | Prosecution Diversion Program – stipulation of guilt to 1 Count fraudulent use of application for ballot by mail and 2 Counts Illegal Voting |
| Starr | Alyssa Lopez | Vote Harvesting/Mail Ballot Fraud; Fraudulent Use of Application for Ballot by Mail; Illegal Voting | CR0923550035 | 2016 Primary Runoff Election | 1 Count Fraudulent Use of Application for Ballot by Mail; 2 Counts Illegal Voting | 3 | 6/26/2018 | E.C. 64.0041; E.C. 64.012 | Prosecution Diversion Program – stipulation of guilt to 1 Count fraudulent use of application for ballot by mail and 2 Counts Illegal Voting |
| Starr | Zaida S. Maldonado | Vote Harvesting/Mail Ballot Fraud; Fraudulent Use of Application for Ballot by Mail; Illegal Voting | CR9693236046 | 2016 Primary Runoff Election | 1 Count Fraudulent Use of Application for Ballot by Mail; 2 Counts Illegal Voting | 3 | 6/25/2018 | E.C. 64.0041; E.C. 64.012 | Prosecution Diversion Program – stipulation of guilt to 1 Count fraudulent use of application for ballot by mail and 2 Counts Illegal Voting |
| Starr | Jose Guadalupe Garza | Vote Harvesting/Mail Ballot Fraud; Fraudulent Use of Application for Ballot by Mail | CR0076157916 | 2016 Primary Runoff Election | 1 Count Fraudulent Use of Application for Ballot by | 1 | 6/25/2018 | E.C. 64.0041 | Prosecution Diversion Program – stipulation of guilt to 1 Count fraudulent use of application for ballot by mail |
| Starr | Andrea Martinez | Vote Harvesting/Mail Ballot Fraud; Fraudulent Use of Application for Ballot by Mail | CR5913948503 | 2016 Primary Runoff Election | 1 Count Fraudulent Use of Application for Ballot by | 1 | 6/25/2018 | E C. 64.0041 | Prosecution Diversion Program – stipulation of guilt to 1 Count fraudulent use of application for ballot by mail |
| Starr | Rodolfo A. Trevino | Vote Harvesting/Mail Ballot Fraud; Fraudulent Use of Application for Ballot by Mail | CR4182209663 | 2016 Primary Runoff Election | 1 Count Fraudulent Use of Application for Ballot by | 1 | 6/26/2018 | E.C. 64.0041 | Prosecution Diversion Program – stipulation of guilt to 1 Count fraudulent use of application for ballot by mail |
| Starr | Raul Lozano Jr. | Vote Harvesting/Mail Ballot Fraud; Fraudulent Use of Application for Ballot by Mail; Illegal Voting | CR6081273699 | 2016 Primary Runoff Election | 1 Count Fraudulent Use of Application for Ballot by Mail; 1 Count Illegal Voting | 2 | 6/26/2018 | E.C. 64.0041; E.C. 64.012 | Prosecution Diversion Program – stipulation of guilt to 1 Count fraudulent use of application for ballot by mail and 1 Count Illegal Voting |
| Starr | Dayla Huava Garca | Vote Harvesting/Mail Ballot Fraud; Fraudulent Use of Application for Ballot by Mail; Illegal Voting | CR2603106999 | 2016 Primary Runoff Election | 1 Count Fraudulent Use of Application for Ballot by Mail; Illegal Voting | 2 | 6/26/2018 | E.C. 64.0041; E.C. 64.012 | Prosecution Diversion Program – stipulation of guilt to 1 Count fraudulent use of application for ballot by mail and 1 Count Illegal Voting |
| Kennedy | Lorizzi Silantz | Vote Harvesting/Mail Ballot Fraud; Fraudulent Use of Application for Ballot by Mail; Illegal Voting | CR9941380477 | 2018 March Democratic Primary | 1 Count False Statement on an Application, 1 Count Illegal Voting | 2 | 7/7/2018 | E.C. 13.007; E.C. 64.012 | Prosecution Diversion Program – stipulation of guilt to 1 Count False Statement on Application and 1 Count Illegal Voting |

STATE087330

Office of the Attorney General of Texas
Election Fraud Violations
Prosecutions Resolved

| County | Defendant | Charge | Case Number | Election | Charges | | Date | Code | Disposition |
|---|---|---|---|---|---|---|---|---|---|
| Kennedy | Juan Vela | Vote Harvesting/Mail Ballot Fraud - Fraudulent Use of Application for Ballot by Mail; Illegal Voting | CR2946077582 | 2018 March Democratic Primary | 1 Count False Statement on Application; 3 Counts Illegal Voting | 4 | 7/17/2018 | E.C. 13.007; E.C. 64.012 | Prosecution Diversion Program - stipulation of guilt to 1 Count False Statement on Application and 3 Counts Illegal Voting |
| Kennedy | Leticia Nunez Vela | Vote Harvesting/Mail Ballot Fraud - Fraudulent Use of Application for Ballot by Mail; Illegal Voting | CR2026204x007 | 2018 March Democratic Primary | 1 Count False Statement on Application; 5 Counts Illegal Voting | 6 | 7/17/2018 | E.C. 13.007; E.C. 64.012 | Prosecution Diversion Program - stipulation of guilt to 1 Count False Statement on Application and 5 Counts Illegal Voting |
| Starr | Guadalupe Garza | Vote Harvesting/Mail Ballot Fraud - Fraudulent Use of Application for Ballot by Mail; Illegal Voting | CR093294x634 | 2015 March Democratic Primary | 1 Count False statement on application; 2 Counts False Information on application for ballot by mail; 2 Counts Tampering with a governmental record; 1 Count Illegal Voting | 6 | 7/25/2018 | E.C. 13.007; E.C. 84.0041; P.C. 37.10; E.C. 64.012 | Prosecution Diversion Program - stipulation of guilt to 1 Count False statement on application; 2 Counts False Information on application for ballot by mail; 2 Counts Tampering with a governmental record; 1 Count Illegal Voting |
| Starr | Brandon Lee Garza | Vote Harvesting/Mail Ballot Fraud - Fraudulent Use of Application for Ballot by Mail; Illegal Voting | CR0220839894 | 2016 March Democratic Primary | 1 Count False statement on application; 2 Counts False Information on application for ballot by mail; 2 Counts Tampering with a governmental record; 1 Count Illegal Voting | 6 | 7/25/2018 | E.C. 13.007; E.C. 84.0041; P.C. 37.10; E.C. 64.012 | Prosecution Diversion Program - stipulation of guilt to 1 Count False statement on application; 2 Counts False Information on application for ballot by mail; 2 Counts Tampering with a governmental record; 1 Count Illegal Voting |
| Nueces/San Patricio | Cynthia Key Gonzales | Vote Harvesting/Mail Ballot Fraud/Assistance Fraud/Illegal voting | 18-CR-43.109; 18-CR-83110; 18-CR-83111 | Rotation 2016 Primary Runoff | Count 1 - carrier envelope action, SJF; Count 2 - method of returning marked ballot, SJF; Count 3 - assisting voter, SJF; and Count 4 - Illegal voting, 2nd Degree Felony | 4 | 8/14/2018 | E.C. 86.0051; 86.006; 64.036; 64.012 | Convicted of unlawful possession of a ballot (86.0051); carrier envelope action other than voter (86.00511); and unlawfully assisting voter with a mail ballot (64.010); sentenced to 180 days jail probated for 545 days, 180 days probated for 540 days, and 365 days probated for 540 days and a $500 fine, respectively. Sentenced to served 5 days county jail, day for day, as condition of probation. |
| Harris/Montgomery | Laura Janeth Garza AKA Angela Yadira Zamora | Illegal Voting (non-citizen)/Impersonation of a U.S. Citizen | 13-05-06057J; 18-05-06022 | 2016 General Election | Count 1 - Illegal Voting - voter impersonation; Count 2 - Illegal voting (non-citizen) | 2 | 9/13/2018 | E.C. 64.012 | Convicted of two Counts of Illegal Voting for impersonating a voter and voting when she was not eligible to vote (noncitizen), 10 years TDCJ probated for 10 years, with 180 days in jail as condition, $10,000 fine probated for 10 years. |
| Starr | Artemio Lopez | Vote Harvesting/Mail Ballot Fraud - Fraudulent Use of Application for Ballot by Mail; Illegal Voting | CR0019112x653 | 2018 March Democratic Primary | 1 Count False statement on application; 2 Counts False Information on application for ballot by mail; 2 Counts Tampering with a governmental record; 1 Count Illegal Voting | 8 | 9/17/2018 | E.C. 13.007; E.C. 84.0041; P.C. 37.10; E.C. 64.012 | Prosecution Diversion Program - stipulation of guilt to 1 Count False statement on application; 2 Counts False Information on application for ballot by mail; 2 Counts Tampering with a governmental record; 1 Count Illegal Voting |
| Tarrant | Charlie Jackson | False Statement on Application/Mail Ballot Fraud/Vote Harvesting - Forged Voter's Signature | 1365412 | 2016 Democratic Primary Election | False Statement on Mail Ballot Application | 1 | 4/9/2019 | E.C. 84.0041 | Convicted of False Statement on Mail Ballot Application, sentenced to 10 days county jail. |
| Polk | William Williams | Tampering with a Governmental record; Illegal Voting (voting ballot for another); Election Fraud - Mail Ballot | CR1879597797 | 2016 General Election | 2 Counts - Tampering with a Governmental record; 2 Counts - Illegal Voting (voting mail ballot of another); 2 Counts - Election Fraud | 6 | 8/5/2019 | P.C. 37.10; E.C. 64.012; E.C. 276.013 | Prosecution Diversion Program - stipulation of guilt to 2 Counts Tampering with a Governmental Record; 2 Counts Illegal Voting (voting ballot of another); Record; 2 Counts Election Fraud |
| Starr/Hidalgo | Belinda Garza | Illegal Voting/Mail Ballot Fraud/Impersonation of deceased voter; Mail ballot application fraud; Mail ballot cast for voter who was dead 5 years | CR-0115-19-J | 2016 Democratic Primary Election | Counts 1-2 - Illegal voting; Counts 3 - False Statement on Mail Ballot Application | 3 | 1/29/2019 | E.C. 64.012; E.C. 84.0041 | Stand in for lack of evidence and in exchange for Defendant's cooperation with the State and an ongoing investigation by the Texas Rangers. |
| Harris | John Alsup | False Statement on Registration Application; Tampering with Government Record; Election Fraud - False Registration Address | CR079442517 | 2018 General Election | 1 Count - False Statement on Application, 1 Count Tampering with a Governmental Record; 1 Count Election Fraud | 3 | 3/17/2020 | E.C. 13.007; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to one commission of 1 Count False Statement on Application; 1 Count Tampering with a Government Record; 1 Count Election Fraud |

Information as of 4/20/2022

STATE087331

Office of the Attorney General of Texas
Election Fraud Violations
Prosecutions Resolved

| County | Name | Charges | Election | Case Number | Counts | # | Date | Statutes | Disposition |
|---|---|---|---|---|---|---|---|---|---|
| Harris | Betsy Anderson | False Statement on Registration Application; Illegal Voting; Tampering with Government Record; Election Fraud – False Registration Address | 2018 General Election; 2019 Special Election; 2020 Primary | C067944225I7 | 1 Count - False Statement on Application, 1 Count Illegal Voting, 1 Count Tampering with a Government Record, 1 Count Election Fraud | 6 | 8/24/2020 | E.C. 13.007; E.C. 64.012; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application, 3 Counts Illegal Voting, 1 Count Tampering with a Government Record, 1 Count Election Fraud |
| Harris | James Cure | False Statement on Registration Application; Tampering with Government Record; Election Fraud – False Registration Address | Voter Registration | C067944225I7 | 1 Count - False Statement on Application, 1 Count Tampering with a Government Record, 1 Count Election Fraud | 3 | 8/18/2020 | E.C. 13.007; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application, 1 Count Tampering with a Government Record, 1 Count Election Fraud |
| Harris | Michael Costello | False Statement on Registration Application; Illegal Voting; Tampering with Government Record; Election Fraud – False Registration Address | 2018 General Election | C067944225I7 | 1 Count - False Statement on Application, 1 Count Illegal Voting, 1 Count Tampering with a Government Record, 1 Count Election Fraud | 4 | 8/12/2020 | E.C. 13.007; E.C. 64.012; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application, 1 Counts Illegal Voting, 1 Count Tampering with a Government Record, 1 Count Election Fraud |
| Harris | Name Removed | False Statement on Registration Application; Illegal Voting; Tampering with Government Record; Election Fraud – False Registration Address | 2019 General Election | C067944235-- | 1 Count - False Statement on Application, 1 Count Illegal Voting, 1 Count Tampering with a Government Record, 1 Count Election Fraud | 4 | 8/17/2020 | E.C. 13.007; E.C. 64.012; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application, 1 Counts Illegal Voting, 1 Count Tampering with a Government Record, 1 Count Election Fraud |
| Harris | Betty Hollirer | False Statement on Registration Application; Illegal Voting; Tampering with Government Record; Election Fraud – False Registration Address | Voter Registration | C067944225I7 | 1 Count - False Statement on Application, 1 Count Illegal Voting, 1 Count Tampering with a Government Record, 1 Count Election Fraud | 4 | 8/14/2020 | E.C. 13.007; E.C. 64.012; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application, 2 Counts Illegal Voting, 1 Count Tampering with a Government Record, 1 Count Election Fraud |
| Harris | Nicolás Ladoc | False Statement on Registration Application; Tampering with Government Record; Election Fraud – False Registration Address | Voter Registration | C067944225I7 | 1 Count - False Statement on Application, 1 Count Tampering with a Government Record, 1 Count Election Fraud | 3 | 8/18/2020 | E.C. 13.007; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application, 1 Count Tampering with a Government Record, 1 Count Election Fraud |
| Harris | David Levy | False Statement on Registration Application; Tampering with Government Record; Election Fraud – False Registration Address | Voter Registration | C067944225I7 | 1 Count - False Statement on Application, 1 Count Tampering with a Government Record, 1 Count Election Fraud | 3 | 8/14/2020 | E.C. 13.007; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application, 1 Count Tampering with a Government Record, 1 Count Election Fraud |
| Harris | Kyle Levy | False Statement on Registration Application; Tampering with Government Record; Election Fraud – False Registration Address | Voter Registration | C067944225I7 | 1 Count - False Statement on Application, 1 Count Tampering with a Government Record, 1 Count Election Fraud | 3 | 8/14/2020 | E.C. 13.007; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application, 1 Count Tampering with a Government Record, 1 Count Election Fraud |
| Harris | Name Removed | False Statement on Registration Application; Illegal Voting; Tampering with Government Record; Election Fraud – False Registration Address | 2019 Special Election | | 1 Count - False Statement on Application, 2 Counts Illegal Voting, 1 Count Tampering with a Government Record, 2 Counts Election Fraud | 6 | 8/11/2020 | E.C. 13.007; E.C. 64.012; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application, 2 Counts Illegal Voting, 1 Count Tampering with a Government Record, 2 Counts Election Fraud |
| Harris | Barrett Pate | False Statement on Registration Application; Illegal Voting; Tampering with Government Record; Election Fraud – False Registration Address | 2018 General Election | C067944225I7 | 1 Count - False Statement on Application, 1 Count Illegal Voting, 1 Count Tampering with a Government Record, 1 Count Election Fraud | 4 | 8/18/2020 | E.C. 13.007; E.C. 64.012; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application, 1 Count Illegal Voting, 1 Count Tampering with a Government Record, 1 Count Election Fraud |
| Harris | John Scott | False Statement on Registration Application; Tampering with Government Record; Election Fraud – False Registration Address | Voter Registration | C067944225I7 | 1 Count - False Statement on Application, 1 Count Tampering with a Government Record, 1 Count Election Fraud | 2 | 8/20/2020 | E.C. 13.007; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application, 1 Count Tampering with a Government Record, 1 Count Election Fraud |

STATE087332

Office of the Attorney General of Texas
Election Fraud Violations
Prosecutions Resolved

| County | Name | Charge | Case Number | Election | Counts | # | Date | Code | Disposition |
|---|---|---|---|---|---|---|---|---|---|
| Harris | Aaron Sprecher | False Statement on Registration Application; Tampering with Government Record; Election Fraud - False Registration Address | C963944232517 | Voter Registration | 1 Count - False Statement on Application, 1 Count Tampering with a Government Record, 1 Count Election Fraud | 3 | 8/20/2020 | E.C. 13.007; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application; 1 Count Tampering with a Government Record; 1 Count Election Fraud |
| Harris | Judith Thomas | False Statement on Registration Application; Tampering with Government Record; Election Fraud - False Registration Address | C963944232517 | Voter Registration | 1 Count - False Statement on Application, 1 Count Tampering with a Government Record, 1 Count Election Fraud | 2 | 8/12/2020 | E.C. 13.007; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application; 1 Count Tampering with a Government Record; 1 Count Election Fraud |
| Harris | Nema Rentwood | False Statement on Registration Application; Tampering with Government Record; Election Fraud - False Registration Address | C963944232517 | Voter Registration | 1 Count - False Statement on Application, 1 Count Tampering with a Government Record, 1 Count Election Fraud | 3 | 8/21/2020 | E.C. 13.007; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application; 1 Count Tampering with a Government Record; 1 Count Election Fraud |
| Harris | Judith Zimmerman | False Statement on Registration Application; Tampering with Government Record; Election Fraud - False Registration Address | C963944232517 | Voter Registration | 1 Count - False Statement on Application, 1 Count Tampering with a Government Record, 1 Count Election Fraud | 3 | 9/2/2020 | E.C. 13.007; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application; 1 Count Tampering with a Government Record; 1 Count Election Fraud |
| Harris | Antonia McClanny | False Statement on Registration Application, Illegal Voting; Tampering with Government Record; Election Fraud - False Registration Address | C963944232517 | 2018 General Election; 2019 Special Election | 1 Count - False Statement on Application, 2 Counts Illegal Voting; 1 Count Tampering with a Government Record, 1 Count Election Fraud | 5 | 9/21/2020 | E.C. 13.007; E.C. 64.012; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application; 2 Counts Illegal Voting; 1 Count Tampering with a Government Record; 1 Count Election Fraud |
| Harris | Luis Cruz | False Statement on Registration Application; Illegal Voting; Tampering with Government Record; Election Fraud - False Registration Address | C963944232517 | 2018 General Election | 1 Count - False Statement on Application, 1 Count Illegal Voting, 1 Count Tampering with a Government Record, 1 Count Election Fraud | 4 | 8/20/2020 | E.C. 13.007; E.C. 64.012; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application; 1 Count Illegal Voting; 1 Count Tampering with a Government Record; 1 Count Election Fraud |
| Medina | A. Highwater | Unlawfully Assisting Voters with Mail Ballot Applications | C068934777769 | 2020 Presidential Election | 10 Counts Unlawfully Assisting Applicant | 10 | 05/19/21 | E.C. 84.003 | Prosecution Diversion Program - stipulation to the commission of 10 Counts Unlawfully Assisting Applicant |
| Lubbock | Christopher Zimyes | False Statement on Registration Application; Illegal Voting; Tampering with Government Record; Election Fraud | C030543358849 | 2018 General Election | 1 Count - False Statement on Application, 1 Count Illegal Voting, 1 Count Tampering with a Government Record, 1 Count Election Fraud | 4 | 09/02/21 | E.C. 13.007; E.C. 64.012; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application; 1 Count Illegal Voting; 1 Count Tampering with a Government Record; 1 Count Election Fraud |
| Guadalupe | Gregory Eikenass | Illegal Voting; Election Fraud; False Statement on Registration Application; Tampering with Government Record | C034192110173 | 2018 General Election; 2020 General Election | 2 Counts Illegal Voting; 1 Count - False Statement on Application; 1 Count Election Fraud | 5 | 10/28/21 | E.C. 13.007; E.C. 64.012; P.C. 37.10; E.C. 276.013 | Prosecution Diversion Program - stipulation to the commission of 1 Count False Statement on Application; 2 Counts Illegal Voting; 1 Count Tampering with a Government Record; 1 Count Election Fraud |
| Gregg | Shannon Ennette Brown | Organized Election Fraud - Vote Harvesting | 50515-B | 2018 Democratic Primary | 1 count of Engaging in Organized Election Fraud (FC), 2 counts of Providing False Information on Application for Ballot by Mail (FC), 2 counts of Unlawful Possession of Ballot (SIP), 8 counts of Election Fraud (SIP), and 5 counts of Tampering with a Governmental Record (SIP) | 23 | 1/20/2022 | E.C. 276.011; 64.0441; 86.006; 276.013; PC 37.10 | Convicted of E.C. 276.013 Election Fraud, and sentenced to 1 yr country jail, probated for 1 yr, and $2,000 fine. Public apology required as condition of plea deal. |

STATE087333

Office of the Attorney General of Texas
Election Fraud Violations
Prosecutions Resolved

| County | Name | Offense | Election | Cause Number | Charges | Date | Statute | Disposition |
|---|---|---|---|---|---|---|---|---|
| Gregg | Marlena Roseanne Jackson | Organized Election Fraud - Vote Harvesting | 2018 Democratic Primary | 50949-B | 1 count of Engaging in Organized Election Fraud (F1), 1 count of Illegal Voting (F2), 31 counts of Fraudulent Use of an Application for Ballot by Mail (F3), 7 counts of Unlawful Possession of Ballot/Ballot Envelope Application (SP), 31 counts of Election Fraud (SP), and 26 counts of Tampering with a Governmental Record (SP) | 1/20/2022 | E.C. 276.011; 54.012; 84.0041; 86.006; 276.013; PC 37.10 | Convicted of E.C. 276.013 Election Fraud, and sentenced to a 1 yr county jail, probated for 1 yr. and $2,000 fine. Public apology required as condition of plea deal. |
| Gregg | Charlie Burns, Jr | Organized Election Fraud - Vote Harvesting | 2018 Democratic Primary | 50951-B | 1 count of Engaging in Organized Election Fraud (F1), 1 count of Fraudulent Use of an Application for Ballot by Mail (SP), 5 counts of Unlawful Possession of Ballot/Ballot Envelope (SP), and 1 count of Tampering with a Governmental Record (SP) | 1/27/2022 | E.C. 276.011; 84.0041; 86.006; 276.013; PC 37.10 | Convicted of E.C. 86.006 Unlawful Possession of Ballot with Intent to Defraud. Sentenced to 1 yr county jail, probated for 1 yr. |
| Gregg | DeWayne Ward | Organized Election Fraud - Vote Harvesting | 2018 Democratic Primary | 50947-B | 1 count Engaging in Organized Election Fraud (F1), 1 count of Unlawful Possession of the Voter Carrier Envelope without the Consent of the Voter (F2), and 4 counts of Unlawful Possession of Ballot/Ballot Envelope (SP) | 1/31/2022 | E.C. 276.011; 86.006 | Convicted of E.C. 86.006 Unlawful Possession of Ballot with Intent to Defraud. Sentenced to 1 yr county jail, probated for 1 yr. |
| Bexar | Cindie Trevino | Illegal Voting | 2018 Republican Primary | CR-21-G0000547 | 1 count Illegal Voting (F2) | 3/8/2022 | E.C. 64.012(a) | Prosecution Diversion Program - 1 count Illegal Voting. |
| Guadalupe | Stan "Gosh" Gayle | Tampering with Government Record - Application for Candidacy - Felony Conviction/Ineligible for Office | 2017 City of Cibolo Election; 2019 City of Cibolo Election | 19-2185-CR-C; CCL-19-0809 | 1 count of Aggravated Perjury (F3); 1 count of Tampering w/Government Record with Intent to Defraud, 1 count of Tampering with a Government Record | 4/12/2022 | P.C. 37.03; P.C. 37.10 | Pled Guilty to 1 count Aggravated Perjury (F3) and 1 count Tampering with a Government Record with Intent to Defraud (GR). Placed on 4-year deferred adjudication probation. |

Total County / Offenses Prosecuted: 601

| Number of offenses raised in these two/three: | | |
|---|---|---|
| Mail Ballot Fraud | 444 | 64% |
| Voter Assistance Fraud | 159 | 24% |
| Illegal Voting | 189 | 27% |
| 2015-present | 629 | |

Note: significant overlap in fraud activity involving (two or more of): mail ballot fraud, assistance fraud, and illegal voting in the same case may result in 100%+.

* County offense occurred/County offense prosecuted. ¹ For complete information on disposition, see Judgment and Sentence. Prosecution Diversion Program includes an acknowledgement of the commission of offenses.
** Prosecuted by or with assistance of local district/county attorney. ¹ Cause number, where available; otherwise, OAG internal case number.
This document is not a summary of all election violations in this state. This document does not record nor report offenses handled exclusively by local law enforcement, district or county attorneys, or federal authorities. This document only reflects cases investigated and/or prosecuted by the OAG.

Information as of 4/20/2022

STATE087334

Office of the Attorney General of Texas
Election Fraud Violations
Prosecutions Pending

| County | Name | Charges | Case Number | Election | Counts | # | Date | Statute |
|---|---|---|---|---|---|---|---|---|
| Jefferson/ Chambers | Zena Collins Stephens | Bribery, unlawfully accepting a cash contribution ($5,000/$1,000); tampering with a campaign finance report | 18CR0152 | 2016 General Election | Count 1 - tampering with an election record; Count 2 - unlawfully accepting a cash contribution; Count 3 - unlawfully accepting a cash contribution | 3 | 4/26/2018 | P.C. 37.10; E.C. 253.033 |
| Jefferson/ Chambers | Ray Elliot Beck | Bribery, unlawfully accepting a cash contribution | 18CCR0153 | 2016 General Election | Count 1 - unlawfully accepting a cash contribution; Count 2 - failure to return a political contribution | 2 | 4/26/2018 | E.C. 253.033; 254.034 |
| Jefferson/ Chambers | Joseph Sterling Stevenson | Bribery, unlawfully accepting a cash contribution | 18CCR0154 | 2016 Democratic Primary Election | Unlawfully accepting a cash contribution | 1 | 4/26/2018 | E.C. 253.033 |
| Hidalgo | Marcela Gutierrez | Unlawfully assisting/influencing voters; illegal voting | CR-18-08296-G; CR-18-08299-G; CR-18-08300-G; CR-18-08301-G; CR-18-08302-G; CR-18-08303-G; CR-18-08304-G; CR-18-08305-G; CR-18-08306-G; CR-18-08307-G | 2016 City of Hidalgo Runoff Election | Misdemeanor cases 1-10 - Unlawfully assisting/influencing Voters; Felony count 1 - Illegal Voting | 11 | 6/1/2018 | E.C. 64.036; 64.012 |
| Hidalgo | Sari Orneles | Unlawfully assisting/influencing voters | CR-18-08296-A; CR-18-08297-A; CR-18-08270-A | 2016 City of Hidalgo Runoff Election | Counts 1-3 - unlawfully assisting/influencing voters | 3 | 5/31/2018 | E.C. 64.036 |
| Hidalgo | Sylvia Arjona | Unlawfully assisting/influencing voters | CR-18-08167-H; CR-18-08168-H; CR-18-08169-H; CR-18-08265-H | 2016 City of Hidalgo Runoff Election | Counts 1-4 - unlawfully assisting/influencing voters | 4 | 5/31/2018 | E.C. 64.036 |
| Tarrant | Leticia Sanchez | Illegal Voting; Vote Harvesting/Mail Ballot; Vote Harvesting/Mail Ballot Fraud; False Statement on Mail Ballot Application | 1565416 | 2016 Democratic Primary Election | Count 1 - Illegal Voting; Counts 2-17 - False Statement on Mail Ballot Application | 17 | 10/10/2018 | E.C. 64.012; 64.0041; E.C. 84.0041 |
| Tarrant | Leticia Sanchez Tepichin | False Statement on Mail Ballot Application; Vote Harvesting/Mail Ballot Fraud | 1565415 | 2016 Democratic Primary Election | Counts 1-9 - False Statement on Mail Ballot Application | 9 | 10/10/2018 | E.C. 84.0041 |
| Tarrant | Maria Rosa Solis | False Statement on Mail Ballot Application; Vote Harvesting/Mail Ballot Fraud | 1565413 | 2016 Democratic Primary Election | Counts 1-2 - False Statement on Mail Ballot Application | 2 | 10/10/2018 | E.C. 84.0041 |
| Tarrant | Laura Parra | False Statement on Mail Ballot Application; Vote Harvesting/Mail Ballot Fraud | 1565155 | 2016 Democratic Primary Election | Counts 1 - False Statement on Mail Ballot Application | 1 | 10/10/2018 | E.C. 84.0041 |

STATE087335

Office of the Attorney General of Texas
Election Fraud Violations
Prosecutions Pending

| County | Name | Offense | Election | Case Number | Counts | # | Date | Statute |
|---|---|---|---|---|---|---|---|---|
| Navarro | Hartes Curry | Illegal Voting; Non-Citizen | 2016 Presidential Election | D38983-CR | Illegal Voting | 1 | 12/20/2018 | E.C. 64.012 |
| Harris | Anthony Rodriguez | Election Fraud - False Statement to Election Official | 2018 General Election | 1654638 | Counts 1-2 - Election Fraud | 2 | 4/26/2019 | E.C. 276.013 |
| Hidalgo | Ricardo Molina | Organized Election Fraud - Illegal Voting | 2017 City of Edinburg Election | CR-2056-19-A | Count 1 - Engaging in Organized Election Fraud; Counts 2-12 - Illegal Voting | 12 | 6/6/2019 | E.C. 276.011; E.C. 64.012 |
| Hidalgo | Dalia Molina | Organized Election Fraud - Illegal Voting | 2017 City of Edinburg Election | CR-2057-19-A | Count 1 - Engaging in Organized Election Fraud; Counts 2-3 - Illegal Voting | 3 | 6/6/2019 | E.C. 276.011; E.C. 64.012 |
| Hidalgo | Julio Carmona | Organized Election Fraud - Illegal Voting | 2017 City of Edinburg Election | CR-2058-19-A | Count 1 - Engaging in Organized Election Fraud; Counts 2-3 - Illegal Voting | 3 | 6/6/2019 | E.C. 276.011; E.C. 64.012 |
| Hidalgo | Araceli Gutierrez | Organized Election Fraud - Illegal Voting | 2017 City of Edinburg Election | CR-3349-19-A | Count 1 - Engaging in Organized Election Fraud; Count 2 - Illegal Voting | 2 | 8/22/2019 | E.C. 276.011; E.C. 64.012 |
| Hidalgo | Alyssa Cano | Illegal Voting | 2017 City of Edinburg Election | CR-3493-19-A | Illegal Voting | 1 | 8/29/2019 | E.C. 64.012 |
| Hidalgo | Balinda Rodriquez | Illegal Voting | 2017 City of Edinburg Election | CR-3343-19-A | Illegal Voting | 1 | 8/22/2019 | E.C. 64.012 |
| Hidalgo | Brenda Rodriguez | Illegal Voting | 2017 City of Edinburg Election | CR-3344-19-A | Illegal Voting | 1 | 8/22/2019 | E.C. 64.012 |
| Hidalgo | Crystal Lee Ponce | Illegal Voting | 2017 City of Edinburg Election | CR-3341-19-A | Illegal Voting | 1 | 8/22/2019 | E.C. 64.012 |
| Hidalgo | Cynthia Tamez | Illegal Voting | 2017 City of Edinburg Election | CR-3339-19-A | Illegal Voting | 1 | 8/22/2019 | E.C. 64.012 |

STATE087336

Office of the Attorney General of Texas
Election Fraud Violations
Prosecutions Pending

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Hidalgo | Daniel Castillo | Illegal Voting | 2017 City of Edinburg Election | CR-3494-19-A | Illegal Voting | 1 | 8/29/2019 | E.C. 64.012 |
| Hidalgo | Felisha Rodriguez | Illegal Voting | 2017 City of Edinburg Election | CR-3366-19-A | Illegal Voting | 1 | 8/22/2019 | E.C. 64.012 |
| Hidalgo | Francisco Temez, Jr. | Illegal Voting | 2017 City of Edinburg Election | CR-3348-19-A | Counts 1-2 - Illegal Voting | 2 | 8/22/2019 | E.C. 64.012 |
| Hidalgo | Guadalupe Garza | Illegal Voting | 2017 City of Edinburg Election | CR-3342-19-A | Illegal Voting | 1 | 8/22/2019 | E.C. 64.012 |
| Hidalgo | Jose Martinez | Illegal Voting | 2017 City of Edinburg Election | CR-3347-19-A | Illegal Voting | 1 | 8/22/2019 | E.C. 64.012 |
| Hidalgo | Jose Vela | Illegal Voting | 2017 City of Edinburg Election | CR-3491-19-A | Illegal Voting | 1 | 8/29/2019 | E.C. 64.012 |
| Hidalgo | Ludivina Leal | Illegal Voting | 2017 City of Edinburg Election | CR-3492-19-A | Illegal Voting | 1 | 8/29/2019 | E.C. 64.012 |
| Hidalgo | Mario Aleman | Illegal Voting | 2017 City of Edinburg Election | CR-3338-19-A | Illegal Voting | 1 | 8/22/2019 | E.C. 64.012 |
| Hidalgo | Rosendo Rodriguez | Illegal Voting | 2017 City of Edinburg Election | CR-3245-19-A | Illegal Voting | 1 | 8/22/2019 | E.C. 64.012 |
| Hidalgo | Ruby Tamez | Illegal Voting | 2017 City of Edinburg Election | CR-3340-19-A | Illegal Voting | 1 | 8/22/2019 | E.C. 64.012 |
| Hidalgo | Veronica Vela Saenz | Illegal Voting | 2017 City of Edinburg Election | CR-3337-19-A | Illegal Voting | 1 | 8/22/2019 | E.C. 64.012 |
| Gonzales | Sam "Skeet" Boyle | Tampering with Government Record, Application for Candidacy - Felony Conviction/Ineligible for Office | 2017 City of Cibolo Election; 2019 City of Cibolo Election | 19-2198-CR-C; CC1-19-0869 | 1 count of Aggravated Perjury, 1 count of Tampering w/Government Record with Intent to Defraud, 1 count of Tampering with a count of Government Record | 3 | 9/5/19; 7/26/19 | P.C. 37.03; P.C. 37.10 |
| Limestone | Kelly Reagan Brunner | Voter Registration Fraud - Vote Harvesting | 2020 Presidential Election | 15126-A | 67 counts Purportedly Acting as Agent (FS); 67 counts Election Fraud (SJF) | 134 | 10/21/2020 | E.C. 13.006, 276.013 |

Information as of 4/20/2022

STATE087337

Office of the Attorney General of Texas
Election Fraud Violations
Prosecutions Pending

| County | Defendant | Charge | Election | Cause No. | Counts | Date | Code Sections |
|---|---|---|---|---|---|---|---|
| Medina/ Bandera | Eva Ann Martinez | Organized Election Fraud - Vote Harvesting | 2018 Republican Primary | CR21-022 | 1 count Engaging in Organized Election Fraud (EF1); 9 counts Illegal Voting (F2); 15 counts Unlawful Possession of Ballot/Ballot Envelope Enhanced (SJF); 3 counts Purportedly Acting as an Agent (EF2); 5 counts Document w/Intent to Harm or Defraud (SJF); 14 counts Election Fraud Enhanced (SJF); 4 counts Fraudulent Use of Mail Ballot Application Enhanced (F3); 1 count Unlawfully Assisting Voter Voting Ballot by Mail Enhanced (F3) | 54 | 2/9/2021 | E.C. 276.011; E.C. 54.012; E.C. 86.006; E.C. 53.006; P.C. 37.10; E.C. 276.013; E.C. 84.0041; E.C. 86.010 |
| Medina/ Bandera | Leonor Rivas Garza | Organized Election Fraud - Vote Harvesting | 2018 Republican Primary | CR21-019 | 1 count Engaging in Organized Election Fraud (F1); 2 counts Illegal Voting (F2); 9 counts of Unlawful Possession of Ballot/Ballot Envelope Enhanced (SJF); 2 counts Election Fraud Enhanced (SJF); 5 counts Fraudulent Use of Mail Ballot Enhanced (F3) | 18 | 2/9/2021 | E.C. 276.011; E.C. 64.012; E.C. 86.006; E.C. 276.013; E.C. 84.0041 |
| Medina/ Bandera | Mary Jane Bekkerman | Organized Election Fraud - Vote Harvesting | 2018 Republican Primary | CR21-020 | 1 count Engaging in Organized Election Fraud (F1); 9 counts Illegal Voting (F2); 2 counts Unlawful Possession of Ballot/Ballot Envelope Enhanced (SJF); 1 count Fraudulent Use of Mail Ballot Application Enhanced (F3); 2 counts Unlawfully Assisting Voter Voting Ballot by Mail Enhanced (F3); 2 counts Tampering w/Government Document with Intent to Harm or Defraud (SJF); 8 counts Election Fraud Enhanced (SJF) | 25 | 2/9/2021 | E.C. 276.011; E.C. 54.012; E.C. 86.006; E.C. 276.013; E.C. 84.0041; E.C. 86.010 |
| Medina/ Bandera | Tomas Ramirez | Organized Election Fraud - Vote Harvesting | 2018 Republican Primary | CR21-021 | 1 count Engaging in Organized Election Fraud (F1); 17 counts Unlawful Possession of Ballot/Ballot Envelope Enhanced (SJF); 17 counts Unlawfully Assisting Voter Voting Ballot by Mail Enhanced (F3) | 35 | 2/9/2021 | E.C. 276.011; E.C. 86.006; E.C. 86.010 |
| Victoria | Maurica Mendez | Vote Harvesting, Assistance Fraud, Illegal Voting, Election Fraud | 2018 Victoria City Water District Election | 21-06-32296-A | 3 counts Illegal Voting (F2); 8 counts Unlawful Possession of Ballot/Ballot Envelope Enhanced (SJF); 8 counts Election Fraud Enhanced (SJF) | 25 | 7/15/2021 | E.C. 64.012; E.C. 86.006; E.C. 86.010; E.C. 276.013 |
| Bexar/ Kendall | Rachel "Raquel" Rodriguez | Vote Harvesting, Assistance Fraud, Election Fraud | 2020 Presidential Election | 8231; 21-078-CR | 1 count Illegal Voting (F2); 1 count Unlawful Possession of Ballot w/ Intent to defraud, victim over 65 (SJF); 1 count Unlawful Assistance (Cl A); 1 count Election Fraud (Cl A) | 4 | 3/1/2021 | E.C. 64.012; E.C. 86.006; E.C. 86.006; E.C. 276.013 |
| Harris/ Montgomery | Herlinda Self Rogers | Illegal Voting | 2020 Primary Election/ 2018 Editorial and Special Election | 21-05-06801-CR | 2 counts Illegal Voting (F2) | 2 | 6/24/2022 | E.C. 64.012 |

Information as of 4/20/2022

STATE087338

Office of the Attorney General of Texas
Election Fraud Violations
Prosecutions Pending

| County/ County[a] | Name[a] | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Harris/ Montgomery[a] | Ignacio Gonzalez Beltram | Illegal Voting - Impersonation of a U.S. Citizen, Document Fraud; rec'd by Diplomatic Security Services - U.S. State Dept. | Multiple Elections | 21-06-08808 | 4 counts Illegal Voting (F2) | 4 | 6/24/2021 | E.C. 64.012 |
| Noah[a] | Kenneth Roy Tuell | Fraudulent Use of Ballot Application (Deceased Voter Impersonation, Document Fraud; Tampering with Gov't Record) | 2020 Presidential Election | 13832; 13854 | 1 count Fraudulent Use of Application for Ballot by Mail enhanced (F3); 1 count Tampering with Gov't Record (SJF) | 2 | 8/17/2021 | E.C. 84.0041; P.C. 37.10 |

Total Counts/ Offenses Pending Prosecution          410

| Number of offenses related to cases involving: | | |
|---|---|---|
| Mail Ballot Fraud | 287 | 70% |
| Assistance Fraud | 13 | 4% |
| Illegal Voting | 67 | 16% |

[a] County offense occurred/County offense prosecuted. [1] Investigated by local law enforcement and referred to OAG for prosecution [2] Prosecuted by or with assistance of local district/county attorney.

This document is not a summary of all election violations in this state. This document does not record or report offenses handled exclusively by local law enforcement, district or county attorneys, and federal authorities. This document only reflects cases investigated and/or prosecuted by the OAG.

Information as of 4/20/2022

17

STATE087339