# EXHIBIT O

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al.,<br>*Plaintiffs,*<br>v.<br>GREGORY W. ABBOTT, et al.,<br>*Defendants.* | 5:21-cv-844-XR |

## OBJECTIONS TO THE LUPE PLAINTIFFS' SECOND SET
## OF REQUESTS FOR PRODUCTION TO ATTORNEY
## GENERAL KENNETH PAXTON

TO:   Plaintiffs La Unión Del Pueblo Entero, Friendship-West Baptist Church, Southwest Voter Registration Education Project, Texas Impact, Mexican American Bar Association of Texas, Texas Hispanics Organized for Political Education, Jolt Action, William C. Velasquez Institute, FIEL Houston Inc., and James Lewin, by and through their attorneys of record, Nina Perales, Fatima Menendez, Julia Longoria, Michael Keats, Rebecca Martin, Jason Kanterman, Kevin Zhen, Sean Morales-Doyle, Jasleen Singh, Patrick Berry, Robyn Sanders, Eliza Sweren-Becker, Andrew Garber, Paul Genender, Elizabeth Ryan, and Megan Cloud, Mexican American Legal Defense and Educational Fund, 110 Broadway, Suite 300, San Antonio, TX 78205.

Kenneth Paxton, in his official capacity as the Texas Attorney General ("Defendant"), hereby serves Objections and Responses to the LUPE Plaintiffs' Second Set of Requests for Production, pursuant to the Federal Rules of Civil Procedure.

1

Date: March 17, 2023                                    Respectfully submitted.

KEN PAXTON                                              CHRISTOPHER D. HILTON
Attorney General of Texas                               Chief, General Litigation Division
                                                        Tex. State Bar No. 24087727

BRENT WEBSTER
First Assistant Attorney General                        */s/ Kathleen T. Hunker*
                                                        KATHLEEN T. HUNKER
GRANT DORFMAN                                           Special Counsel
Deputy First Assistant Attorney General                 Tex. State Bar No. 24118415

SHAWN E. COWLES                                         J. AARON BARNES
Deputy Attorney General for Civil Litigation            Special Counsel
                                                        Tex. State Bar No. 24099014

                                                        OFFICE OF THE ATTORNEY GENERAL
                                                        P.O. Box 12548 (MC-009)
                                                        Austin, Texas 78711-2548
                                                        Tel.: (512) 463-2100
                                                        christopher.hilton@oag.texas.gov
                                                        kathleen.hunker@oag.texas.gov
                                                        aaron.barnes@oag.texas.gov

                                                        **COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

   I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on March 17, 2023, and that all counsel of record were served by CM/ECF.

                                                        */s/ Kathleen T. Hunker*
                                                        KATHLEEN T. HUNKER

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. Defendant objects to the definition of "communication" to the extent that it calls for communications protected from disclosure by the attorney-client privilege, attorney work product doctrine, legislative privilege, investigative privilege, deliberative process privilege, or any other applicable privilege.

2. Defendant objects to the definition of "document" to the extent that it calls for documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, legislative privilege, investigative privilege, deliberative process privilege, or any other applicable privilege.

3. Defendant objects to the definition of "SB 1" to the extent that it includes legislation "that was introduced during the 87th First Called Session of the Texas Legislature." Specifically, Defendant objects to any implication that other bills beyond the legislation enacted during the Second Called Session are relevant to the claims or defenses involved in this litigation.

4. The terms "you" and "your" are overbroad, unduly burdensome, and not proportional to the needs of this case to the extent that they attempt to extend the scope of this request beyond the Texas Office of the Attorney General ("Texas OAG"). Defendant is not responding for other agencies, boards, bureaus, commissions, or other independent executive or legislative departments of the State of Texas. Defendant objects to the requests for production, definitions, and instructions to the extent they extend to non-parties, or require Defendant to answer for non-parties.

5. Defendant will provide responses based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. Defendant objects to and will refrain from extending or modifying any words employed in these Requests to comport with any expanded definitions or instructions. Defendant will answer the Requests to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Western District of Texas.

## SPECIFIC OBJECTIONS AND RESPONSES TO LUPE
## PLAINTIFFS' REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 25**: All documents, including but not limited to communications, related to the voting practices in Dallas County that were modified by SB 1, including but not limited to, curbside voting, early voting, election clerks, election judges, poll watchers, poll workers, voter assistance, and vote-by-mail.

**RESPONSE**:

Defendant objects to this request to the extent that it requires him to search and examine all documents held by, and communications directed to or from, an employee of the Office of the Texas Attorney General. Texas OAG employs over 4,000 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. A request that reaches to each employee is thus overly broad. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Defendant objects to this request to the extent that it calls for "all documents" even tangentially "related to" practices "modified by SB 1," regardless of whether such modifications are related to the LUPE Plaintiffs' claims or Defendant's defenses. SB1 is a comprehensive voting integrity bill featuring numerous provisions that are not the subject of this litigation. The inexhaustive listing of broad categories such as "early voting" and "vote-by-mail" does nothing to narrow the overly broad scope of the request. Furthermore, certain "voter assistance" provisions have been permanently enjoined in other litigation, rendering them irrelevant to ongoing challenges here. *See OCA Greater Houston, et al. v. State of Texas, et al.,* No. 1:15-cv-00679-RP. Any extension of this request to documents related to the provisions not challenged in this litigation or permanently enjoined in other litigation lacks the relevance required by Rule 26(b).

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, attorney-client privilege, attorney opinion work-product, deliberative process privilege, investigative privilege, or any other applicable legal privilege. Defendant also objects to this request to the extent that it encompasses documents publicly available or otherwise equally accessible to the LUPE Plaintiffs.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request within a reasonable time of this response if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections.

**REQUEST FOR PRODUCTION NO. 26**: All documents, including but not limited to communications, related to voter turnout in Dallas County.

**RESPONSE**:

4

Defendant objects to this request to the extent that it requires him to search and examine all documents held by, and communications directed to or from, an employee of the Office of the Texas Attorney General. Texas OAG employs over 4,000 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. A request that reaches to each employee is thus overly broad. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Defendant objects to the term "voter turnout" as vague and ambiguous. That term is nowhere defined in these Requests. Absent the application of search terms aimed at identifying responsive documents, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, attorney-client privilege, attorney opinion work-product, deliberative process privilege, investigative privilege, or any other applicable legal privilege. Defendant also objects to this request to the extent that it encompasses documents publicly available or otherwise equally accessible to the LUPE Plaintiffs.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request within a reasonable time of this response if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections.

**REQUEST FOR PRODUCTION NO. 27**: All documents, including but not limited to communications, related to actual, suspected or alleged election fraud, illegal voting, and other criminal conduct related to the 2022 General Election in Dallas County.

**RESPONSE**:

Defendant objects to this request to the extent that it requires him to search and examine all documents held by, and communications directed to or from, an employee of the Office of the Texas Attorney General. Texas OAG employs over 4,000 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. A request that reaches to each employee is thus overly broad. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Defendant objects to this request to the extent that it calls for "all documents" even tangentially "related to" certain election-related criminal conduct, regardless of whether that conduct relates to provisions of SB 1 challenged in this litigation. While SB 1 adds or amends some criminal penalties for election-related offenses, not all such penalties are challenged by the LUPE Plaintiffs. Suspicions or allegations of criminal conduct not related to, or meant to be addressed by, SB 1 are

5

even less relevant. Extending this request to documents related to the SB 1 provisions or other laws not challenged in this litigation is likely to bring in a voluminous number of irrelevant documents, thus imposing an undue burden on Defendant and counsel that far outweighs any resulting benefit.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, attorney-client privilege, attorney opinion work-product, deliberative process privilege, or any other applicable legal privilege, particularly investigative privilege. The release of non-public information related to these files would invariably reveal the identity of suspects, witnesses, and reporting parties, thereby compromising ongoing investigation. The release of this information also bears the risk compromising future investigations to the extent it reveals law enforcement's methods and tactics for detecting and investigating election fraud offenses. Defendant therefore considers any documents related to its investigative and prosecution case files to be privileged, unduly burdensome, and not proportional to the needs of the case.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request within a reasonable time of this response if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections.

**REQUEST FOR PRODUCTION NO. 28**: All documents, including but not limited to communications, related to the voting practices in El Paso County that were modified by SB 1, including but not limited to, curbside voting, early voting, election clerks, election judges, poll watchers, poll workers, voter assistance, and vote-by-mail.

**RESPONSE**:

Defendant objects to this request to the extent that it requires him to search and examine all documents held by, and communications directed to or from, an employee of the Office of the Texas Attorney General. Texas OAG employs over 4,000 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. A request that reaches to each employee is thus overly broad. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Defendant objects to this request to the extent that it calls for "all documents" even tangentially "related to" practices "modified by SB 1," regardless of whether such modifications are related to the LUPE Plaintiffs' claims or Defendant's defenses. SB1 is a comprehensive voting integrity bill featuring numerous provisions that are not the subject of this litigation. The inexhaustive listing of broad categories such as "early voting" and "vote-by-mail" does nothing to narrow the overly broad scope of the request. Furthermore, certain "voter assistance" provisions have been permanently enjoined in other litigation, rendering them irrelevant to ongoing challenges here. *See OCA Greater Houston, et al. v. State of Texas, et al.,* No. 1:15-cv-00679-RP. Any extension of this request to documents related to the provisions not challenged in this litigation or permanently enjoined in other litigation lacks the relevance required by Rule 26(b).

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, attorney-client privilege, attorney opinion work-product, deliberative process privilege, investigative privilege, or any other applicable legal privilege. Defendant also objects to this request to the extent that it encompasses documents publicly available or otherwise equally accessible to the LUPE Plaintiffs.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request within a reasonable time of this response if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections.

**REQUEST FOR PRODUCTION NO. 29**: All documents, including but not limited to communications, related to voter turnout in El Paso County.

**RESPONSE**:

Defendant objects to this request to the extent that it requires him to search and examine all documents held by, and communications directed to or from, an employee of the Office of the Texas Attorney General. Texas OAG employs over 4,000 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. A request that reaches to each employee is thus overly broad. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Defendant objects to the term "voter turnout" as vague and ambiguous. That term is nowhere defined in these Requests. Absent the application of search terms aimed at identifying responsive documents, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, attorney-client privilege, attorney opinion work-product, deliberative process privilege, investigative privilege, or any other applicable legal privilege. Defendant also objects to this request to the extent that it encompasses documents publicly available or otherwise equally accessible to the LUPE Plaintiffs.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request within a reasonable time of this response if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections.

**REQUEST FOR PRODUCTION NO. 30**: All documents, including but not limited to communications, related to actual, suspected or alleged election fraud, illegal voting, and other criminal conduct related to the 2022 General Election in El Paso County.

**RESPONSE**:

Defendant objects to this request to the extent that it requires him to search and examine all documents held by, and communications directed to or from, an employee of the Office of the Texas Attorney General. Texas OAG employs over 4,000 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. A request that reaches to each employee is thus overly broad. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Defendant objects to this request to the extent that it calls for "all documents" even tangentially "related to" certain election-related criminal conduct, regardless of whether that conduct relates to provisions of SB 1 challenged in this litigation. While SB 1 adds or amends some criminal penalties for election-related offenses, not all such penalties are challenged by the LUPE Plaintiffs. Suspicions or allegations of criminal conduct not related to, or meant to be addressed by, SB 1 are even less relevant. Extending this request to documents related to the SB 1 provisions or other laws not challenged in this litigation is likely to bring in a voluminous number of irrelevant documents, thus imposing an undue burden on Defendant and counsel that far outweighs any resulting benefit.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, attorney-client privilege, attorney opinion work-product, deliberative process privilege, or any other applicable legal privilege, particularly investigative privilege. The release of non-public information related to these files would invariably reveal the identity of suspects, witnesses, and reporting parties, thereby compromising ongoing investigation. The release of this information also bears the risk compromising future investigations to the extent it reveals law enforcement's methods and tactics for detecting and investigating election fraud offenses. Defendant therefore considers any documents related to its investigative and prosecution case files to be privileged, unduly burdensome, and not proportional to the needs of the case.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request within a reasonable time of this response if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections.

**REQUEST FOR PRODUCTION NO. 31**: All documents, including but not limited to communications, related to the voting practices in Hidalgo County that were modified by SB 1, including but not limited to, curbside voting, early voting, election clerks, election judges, poll watchers, poll workers, voter assistance, and vote-by-mail.

**RESPONSE**:

Defendant objects to this request to the extent that it requires him to search and examine all documents held by, and communications directed to or from, an employee of the Office of the

8

Texas Attorney General. Texas OAG employs over 4,000 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. A request that reaches to each employee is thus overly broad. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Defendant objects to this request to the extent that it calls for "all documents" even tangentially "related to" practices "modified by SB 1," regardless of whether such modifications are related to the LUPE Plaintiffs' claims or Defendant's defenses. SB1 is a comprehensive voting integrity bill featuring numerous provisions that are not the subject of this litigation. The inexhaustive listing of broad categories such as "early voting" and "vote-by-mail" does nothing to narrow the overly broad scope of the request. Furthermore, certain "voter assistance" provisions have been permanently enjoined in other litigation, rendering them irrelevant to ongoing challenges here. *See OCA Greater Houston, et al. v. State of Texas, et al.,* No. 1:15-cv-00679-RP. Any extension of this request to documents related to the provisions not challenged in this litigation or permanently enjoined in other litigation lacks the relevance required by Rule 26(b).

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, attorney-client privilege, attorney opinion work-product, deliberative process privilege, investigative privilege, or any other applicable legal privilege. Defendant also objects to this request to the extent that it encompasses documents publicly available or otherwise equally accessible to the LUPE Plaintiffs.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request within a reasonable time of this response if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections.

**REQUEST FOR PRODUCTION NO. 32**: All documents, including but not limited to communications, related to voter turnout in Hidalgo County.

**RESPONSE**:

Defendant objects to this request to the extent that it requires him to search and examine all documents held by, and communications directed to or from, an employee of the Office of the Texas Attorney General. Texas OAG employs over 4,000 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. A request that reaches to each employee is thus overly broad. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Defendant objects to the term "voter turnout" as vague and ambiguous. That term is nowhere defined in these Requests. Absent the application of search terms aimed at identifying responsive documents, the request would require Defendant, and later counsel, to search, identify, and review

9

voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, attorney-client privilege, attorney opinion work-product, deliberative process privilege, investigative privilege, or any other applicable legal privilege. Defendant also objects to this request to the extent that it encompasses documents publicly available or otherwise equally accessible to the LUPE Plaintiffs.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request within a reasonable time of this response if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections.

**REQUEST FOR PRODUCTION NO. 33**: All documents, including but not limited to communications, related to actual, suspected or alleged election fraud, illegal voting, and other criminal conduct related to the 2022 General Election in Hidalgo County.

**RESPONSE**:

Defendant objects to this request to the extent that it requires him to search and examine all documents held by, and communications directed to or from, an employee of the Office of the Texas Attorney General. Texas OAG employs over 4,000 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. A request that reaches to each employee is thus overly broad. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Defendant objects to this request to the extent that it calls for "all documents" even tangentially "related to" certain election-related criminal conduct, regardless of whether that conduct relates to provisions of SB 1 challenged in this litigation. While SB 1 adds or amends some criminal penalties for election-related offenses, not all such penalties are challenged by the LUPE Plaintiffs. Suspicions or allegations of criminal conduct not related to, or meant to be addressed by, SB 1 are even less relevant. Extending this request to documents related to the SB 1 provisions or other laws not challenged in this litigation is likely to bring in a voluminous number of irrelevant documents, thus imposing an undue burden on Defendant and counsel that far outweighs any resulting benefit.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, attorney-client privilege, attorney opinion work-product, deliberative process privilege, or any other applicable legal privilege, particularly investigative privilege. The release of non-public information related to these files would invariably reveal the identity of suspects, witnesses, and reporting parties, thereby compromising ongoing investigation. The release of this information also bears the risk compromising future investigations to the extent it reveals law enforcement's methods and tactics for detecting and investigating election fraud

offenses. Defendant therefore considers any documents related to its investigative and prosecution case files to be privileged, unduly burdensome, and not proportional to the needs of the case.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request within a reasonable time of this response if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections.

**REQUEST FOR PRODUCTION NO. 34**: All documents, including but not limited to communications, related to the voting practices in Travis County that were modified by SB 1, including but not limited to, curbside voting, early voting, election clerks, election judges, poll watchers, poll workers, voter assistance, and vote-by-mail.

**RESPONSE**:

Defendant objects to this request to the extent that it requires him to search and examine all documents held by, and communications directed to or from, an employee of the Office of the Texas Attorney General. Texas OAG employs over 4,000 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. A request that reaches to each employee is thus overly broad. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Defendant objects to this request to the extent that it calls for "all documents" even tangentially "related to" practices "modified by SB 1," regardless of whether such modifications are related to the LUPE Plaintiffs' claims or Defendant's defenses. SB1 is a comprehensive voting integrity bill featuring numerous provisions that are not the subject of this litigation. The inexhaustive listing of broad categories such as "early voting" and "vote-by-mail" does nothing to narrow the overly broad scope of the request. Furthermore, certain "voter assistance" provisions have been permanently enjoined in other litigation, rendering them irrelevant to ongoing challenges here. *See OCA Greater Houston, et al. v. State of Texas, et al.,* No. 1:15-cv-00679-RP. Any extension of this request to documents related to the provisions not challenged in this litigation or permanently enjoined in other litigation lacks the relevance required by Rule 26(b).

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, attorney-client privilege, attorney opinion work-product, deliberative process privilege, investigative privilege, or any other applicable legal privilege. Defendant also objects to this request to the extent that it encompasses documents publicly available or otherwise equally accessible to the LUPE Plaintiffs.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request within a reasonable time of this response if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections.

11

**REQUEST FOR PRODUCTION NO. 35**: All documents, including but not limited to communications, related to voter turnout in Travis County.

**RESPONSE**:

Defendant objects to this request to the extent that it requires him to search and examine all documents held by, and communications directed to or from, an employee of the Office of the Texas Attorney General. Texas OAG employs over 4,000 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. A request that reaches to each employee is thus overly broad. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Defendant objects to the term "voter turnout" as vague and ambiguous. That term is nowhere defined in these Requests. Absent the application of search terms aimed at identifying responsive documents, the request would require Defendant, and later counsel, to search, identify, and review voluminous emails and documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, attorney-client privilege, attorney opinion work-product, deliberative process privilege, investigative privilege, or any other applicable legal privilege. Defendant also objects to this request to the extent that it encompasses documents publicly available or otherwise equally accessible to the LUPE Plaintiffs.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request within a reasonable time of this response if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections.

**REQUEST FOR PRODUCTION NO. 36**: All documents, including but not limited to communications, related to actual, suspected or alleged election fraud, illegal voting, and other criminal conduct related to the 2022 General Election in Travis County.

**RESPONSE**:

Defendant objects to this request to the extent that it requires him to search and examine all documents held by, and communications directed to or from, an employee of the Office of the Texas Attorney General. Texas OAG employs over 4,000 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. A request that reaches to each employee is thus overly broad. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Defendant objects to this request to the extent that it calls for "all documents" even tangentially "related to" certain election-related criminal conduct, regardless of whether that conduct relates to provisions of SB 1 challenged in this litigation. While SB 1 adds or amends some criminal penalties for election-related offenses, not all such penalties are challenged by the LUPE Plaintiffs. Suspicions or allegations of criminal conduct not related to, or meant to be addressed by, SB 1 are even less relevant. Extending this request to documents related to the SB 1 provisions or other laws not challenged in this litigation is likely to bring in a voluminous number of irrelevant documents, thus imposing an undue burden on Defendant and counsel that far outweighs any resulting benefit.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, attorney-client privilege, attorney opinion work-product, deliberative process privilege, or any other applicable legal privilege, particularly investigative privilege. The release of non-public information related to these files would invariably reveal the identity of suspects, witnesses, and reporting parties, thereby compromising ongoing investigation. The release of this information also bears the risk compromising future investigations to the extent it reveals law enforcement's methods and tactics for detecting and investigating election fraud offenses. Defendant therefore considers any documents related to its investigative and prosecution case files to be privileged, unduly burdensome, and not proportional to the needs of the case.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request within a reasonable time of this response if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections.

**REQUEST FOR PRODUCTION NO. 37**: All documents, including but not limited to communications, between or among you, any Texas county, and/or the Office of the Texas Secretary of State related to criminal conduct that has or may have occurred in connection with the 2022 General Election, including, without limitation, documents regarding individuals who are not eligible to vote and who registered to vote or voted.

**RESPONSE**:

Defendant objects to this request to the extent that it requires him to search and examine all documents held by, and communications directed to or from, an employee of the Office of the Texas Attorney General. Texas OAG employs over 4,000 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. A request that reaches to each employee is thus overly broad. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Defendant further objects to this request to the extent that it calls for "all documents" even tangentially "related to" certain election-related criminal conduct, regardless of whether that conduct relates to provisions of SB 1 challenged in this litigation. While SB 1 adds or amends some criminal penalties for election-related offenses, not all such penalties are challenged by the

13

LUPE Plaintiffs. Suspicions or allegations of criminal conduct not related to, or meant to be addressed by, SB 1 are even less relevant. Extending this request to documents related to the SB 1 provisions or other laws not challenged in this litigation is likely to bring in a voluminous number of irrelevant documents, thus imposing an undue burden on Defendant and counsel that far outweighs any resulting benefit.

Defendant further objects to this Request to the extent that it duplicates the documents sought by RFPs 27, 30, 33, and 36. This request not only covers four counties that are parties to this litigation, but the 250 other counties throughout the state. Defendant further objects because this request is also unduly duplicative of RFP 38. This expansive scope only exacerbates the overbreadth of the other requests covering similar, overlapping materials.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, attorney-client privilege, attorney opinion work-product, deliberative process privilege, or any other applicable legal privilege, particularly investigative privilege. The release of non-public information related to these files would invariably reveal the identity of suspects, witnesses, and reporting parties, thereby compromising ongoing investigation. The release of this information also bears the risk compromising future investigations to the extent it reveals law enforcement's methods and tactics for detecting and investigating election fraud offenses. Defendant therefore considers any documents related to its investigative and prosecution case files to be privileged, unduly burdensome, and not proportional to the needs of the case.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request within a reasonable time of this response if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections.

**REQUEST FOR PRODUCTION NO. 38**: All documents, including but not limited to communications, related to the Texas Secretary of State's determination that possible criminal conduct in connection with the 2022 General Election occurred.

**RESPONSE**:

Defendant objects to this request to the extent that it requires him to search and examine all documents held by, and communications directed to or from, an employee of the Office of the Texas Attorney General. Texas OAG employs over 4,000 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. A request that reaches to each employee is thus overly broad. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Defendant objects to this Request to the extent that it duplicates the documents sought by RFPs 27, 30, 33, and 36. Defendant further objects to this request to the extent that it calls for "all documents" even tangentially "related to" certain election-related criminal conduct, regardless of whether that conduct relates to provisions of SB 1 challenged in this litigation. While SB 1 adds

14

or amends some criminal penalties for election-related offenses, not all such penalties are challenged by the LUPE Plaintiffs. Suspicions or allegations of criminal conduct not related to, or meant to be addressed by, SB 1 are even less relevant. Extending this request to documents related to the SB 1 provisions or other laws not challenged in this litigation is likely to bring in a voluminous number of irrelevant documents, thus imposing an undue burden on Defendant and counsel that far outweighs any resulting benefit.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, attorney-client privilege, attorney opinion work-product, deliberative process privilege, or any other applicable legal privilege, particularly investigative privilege. The release of non-public information related to these files would invariably reveal the identity of suspects, witnesses, and reporting parties, thereby compromising ongoing investigation. The release of this information also bears the risk compromising future investigations to the extent it reveals law enforcement's methods and tactics for detecting and investigating election fraud offenses. Defendant therefore considers any documents related to its investigative and prosecution case files to be privileged, unduly burdensome, and not proportional to the needs of the case.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged documents and communications responsive to this request within a reasonable time of this response if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections.

**REQUEST FOR PRODUCTION NO. 39**: All documents, including but not limited to communications, between or among you, any Texas county, and/or the Office of the Texas Secretary of State regarding non-compliance with Sections 15.083, 16.032, and 18.061 of the Texas Election Code and/or with rules implementing the statewide computerized voter registration list.

**RESPONSE**:

Defendant objects to this request to the extent that it requires him to search and examine all documents held by, and communications directed to or from, an employee of the Office of the Texas Attorney General. Texas OAG employs over 4,000 individuals across multiple divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. A request that reaches to each employee is thus overly broad. Without additional parameters, the request would require Defendant, and later counsel, to search, identify, and review voluminous documents unrelated to the underlying controversy to determine responsiveness and privilege, making the request unduly burdensome.

Section 2.06 of SB1 has been challenged by the LUPE Plaintiffs and adds subsections (e), (f), (g), (h), and (i) of Section 18.065 of the Texas Election Code. Those additional subsections only address remedial measures authorized if a voter registrar is not in substantial compliance with requirements imposed pursuant to Section 18.065(a). Defendant therefore objects to the extent that this request seeks documents and communications related to voter registrars that have complied with such requirements because those determinations are not relevant to any claim or defense involved in this litigation.

Defendant further objects to the extent that documents and communications involving Sections 15.083, 16.032, and 18.061 of the Texas Election Code constitute "Ultrasensitive Information" under the Stipulated Protective Order. Because the LUPE Plaintiffs are not party to that Order, Defendant will not produce any information that "is of a sensitive technical nature and is not generally known to others or the public" that "would not normally be revealed to third parties except in confidence due to data-security and election-integrity concerns." *See* ECF 162 at 3.

Finally, Defendant objects to this request to the extent that it calls for the production of documents subject to legislative privilege, attorney-client privilege, attorney opinion work-product, deliberative process privilege, investigative privilege, or any other applicable legal privilege.

Defendant is conducting a diligent search for responsive documents and will produce non-privileged, non-ultrasensitive documents and communications responsive to this request within a reasonable time of this response if they exist and to the extent they are not withheld based upon any of the foregoing privileges or objections.