IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNION DEL PUEBLO ENTERO, *et al.*, <br><br>     *Plaintiffs*, <br><br> v. <br><br> GREGORY W. ABBOTT, *et al.*, <br><br>     *Defendants*. | No. 5:21-cv-844-XR <br> (Lead Case) |

**STATE DEFENDANTS' RESPONSE TO**
**LUPE'S SECOND MOTION TO STRIKE THE DECLARATION OF JONATHAN WHITE**

Months after this Court issued its rulings granting summary judgment for claims under Materiality Provision of the Civil Rights Act of 1964, *see* ECF 724 and 820–21, LUPE Plaintiffs, who did not bring a materiality claim and therefore did not participate in the relevant briefing, seek to retroactively strike and replace a witness declaration submitted as part of State Defendants' opposition in response to summary judgment. The Court should reject this motion.

Not only do LUPE Plaintiffs, as a non-party to the materiality claims, lack standing to contest evidence State Defendants cited in their opposition brief, but the declaration, at this stage of litigation, is moot. State Defendants prepared the declaration for the limited purpose of establishing a genuine issue of material fact. That purpose expired when this Court granted summary judgment. Since then, the declarant Jonathan White has testified at trial to the relevant facts. This trial testimony represents the best evidence for factual disputes going forward.

The real target of LUPE Plaintiffs' renewed motion to strike is State Defendants' ongoing appeal of the Court's summary judgment ruling. LUPE Plaintiffs explained at the end of closing arguments that they are concerned that the Fifth Circuit will rely on Jonathan White's declaration

when handling the appeal if the declaration remains part of the Court's record. *See* Feb. 13, 2024 Tr. at 251:21–252:8.

State Defendants maintain that LUPE Plaintiffs' objections to the Jonathan White declaration lack merit; however, even if LUPE Plaintiffs were right in substance, the district court is not the appropriate venue by which to obtain relief. The Federal Rules of Appellate Procedure make clear that disputes over "the form and content of the record" must be presented to the court of appeals. Fed. R. App. P. 10(e). Absent contrary instruction, the record on appeal consists of "the *original* papers and exhibits filed in the district court," which, in this case, includes the declaration. *Id*. at 10(a) (emphasis added).

If LUPE Plaintiffs believe that the declaration constitutes improper evidence, then the proper course is to file a motion with the merits panel after Appellants file their opening brief. The rules do not permit either LUPE Plaintiffs or this Court to curate what documents and evidence appear before the Fifth Circuit.

## BACKGROUND

I. **State Defendants' Witness Jonathan White Executed a Declaration for the Limited Purpose of Establishing a Genuine Issue of Material Fact during Summary Judgment Briefing.**

On May 26, 2023, the United States and OCA-GH Plaintiffs each filed a motion for summary judgment, arguing that Senate Bill 1's ("SB1") identification number requirement for mail-in voting violated the so-called Materiality Provision of the Civil Rights Act of 1964, 42 U.S.C. § 10101(a)(2)(B). *See* ECF 609, 612. State Defendants submitted their opposition in response four weeks later. ECF 624, 625. To rebut the assertions levied by the United States and OCA-GH Plaintiffs' briefing and establish a genuine issue of material fact, State Defendants had three of

their disclosed witnesses prepare declarations to be included in State Defendants' opposition in response. The renewed motion to strike only pertains to the declaration executed by the former Chief of the Election Integrity Division, Jonathan White, which recounted investigations and prosecutions conducted by his office.

After the motions were fully briefed, the United States, OCA Plaintiffs, State Defendants, and Intervenor-Defendants—the only parties to a Section 101 materiality claim—submitted an advisory to the Court, noting that cross motions had been filed.[1] *See* ECF 701 at 1. The parties agreed that the materiality claims were "likely resolvable via summary judgment" and recommended that the Court issue a preliminary ruling as a means of streamlining the upcoming trial, even if the Court had not yet finalized its opinion and order. *Id.* On August 17, 2023, the Court issued a "Summary Ruling" granting summary judgment on the substance of the United States' and the OCA Plaintiffs' materiality claims for Section 5.07 and 5.13 of SB1. ECF 724 at 1. The Court specified that "[a] written order awarding the declaratory and injunctive relief … requested" by the United States and the OCA Plaintiffs "will follow." *Id.* at 6.

## II. Despite Not Participating in the Briefing, LUPE Plaintiffs Moved to Strike the Declaration. This Court Denied the Motion as Moot.

Because LUPE Plaintiffs did not bring a claim under the Materiality Provision, LUPE Plaintiffs did not participate in the motion for summary judgment. Nevertheless, LUPE Plaintiffs moved to strike the Jonathan White declaration on September 1, 2023—about two weeks after the Court delivered its "Summary Ruling."[2] ECF 747-2. In that motion, LUPE Plaintiffs

---

[1] *See* Intervenor Defendants' Motion for Summary Judgment, ECF 608 at 6–15 (arguing that SB1 complied with the Materiality Provision).
[2] An amended motion was filed shortly thereafter on September 6, 2023. *See* ECF 761.

acknowledged that State Defendants only submitted the declaration against the United States and OCA-GH Plaintiffs as part of State Defendants' opposition brief. ECF 747-2 at 1, 9–10. State Defendants tendered their response on September 8, 2023, explaining that the facts cited in the Jonathan White declaration were non-privileged[3] and accessible to LUPE Plaintiffs throughout the course of litigation. ECF 765 at 2–3. State Defendants also highlighted the steps State Defendants took to accommodate LUPE Plaintiffs' concerns, such as scheduling an additional deposition of Jonathan White on August 11, 2023, after discovery had closed. *Id.* State Defendants incorporate that description of events here. *Id.* at 1–3.

Trial on Plaintiffs' remaining claims commenced on September 11, 2023, and continued until October 20, 2023. The Court took up LUPE Plaintiffs' motion to strike midway through. It concluded that the motion was moot given that State Defendants did not intend to rely on the declaration at trial. *See* Text Order, Oct. 5, 2023. In addition, the Court heard arguments regarding LUPE Plaintiffs' motion in *limine*, which sought to exclude certain testimony related to investigations and prosecutions of alleged voter fraud. The Court granted the motion, holding that Jonathan White's trial testimony would be limited to public information and documents that were produced to Plaintiffs in discovery. *See id.*; *see also* Sept. 20, 2023 Tr. at 1459:24–1460:13. State Defendants called Jonathan White to the stand on October 16, 2023, where he testified in accordance with the Court's ruling. State Defendants then made an offer of proof of the remaining facts they otherwise would have included in their case-in-chief.  State Defendants neither utilized nor relied on the declaration during trial. The declaration is not part of the trial record.

---

[3] Jonathan White previously attested to this Court that the declaration he prepared for summary judgment proceedings did not contain privileged information. ECF. 666-2 ¶ 5. All the facts he cited referenced closed cases or were publicly available.

4

### III. The Court Issued Its Final Order Granting the United States and OCA-GH Plaintiffs Injunctive Relief; State Defendants and Intervenor-Defendants Appealed.

On November 29, 2023, the Court issued its promised opinion and order awarding the United States and OCA-GH Plaintiffs injunctive and declaratory relief. ECF 820, 821. State Defendants and Intervenor-Defendants filed notices of appeal on December 1, 2023, *see* ECF 823 and 827, and secured from the Fifth Circuit an emergency stay of this Court's order soon thereafter. *United States v. Paxton*, No. 23-50885, App. Dkt. 80-1 (5th Cir. Dec. 15, 2023). Both notices identified the November order as the order appealed. In preparation of the appeal, the Fifth Circuit ordered this Court to transmit the record on appeal by January 4, 2024. App. Dkt. 83. The same day, the District Court Clerk's office moved for an extension, given the "voluminous exhibits" in the record. App. Dkts. 84; 115. The request was granted. App. Dkts. 88; 119. The deadline for the Court to file the record on appeal is now March 6, 2024—the day after this response is scheduled to be filed. App. Dkt. 119.

The trial record was before the Court on November 29, 2023, when it issued its final order granting summary judgment on some of the United States and OCA-GH Plaintiffs' materiality claims. State Defendants and Intervenor-Defendants took the position that the record on appeal should include the transcripts, exhibits, and other filings from the trial. The United States held an alternate view. It thought that the record should be limited to what was before the Court on August 17, 2023, when the Court issued its initial ruling. To achieve this, the United States filed a motion with the Fifth Circuit, asking the motions panel to prohibit the merits panel from considering evidence introduced at trial. App. Dkt. 103. Intervenor Defendants argued in response that the United States' motion was both flawed and premature since the merits panel had discretion over the evidence it hears. The Fifth Circuit denied the United States' motion. App. Dkt. 114.

5

## IV. LUPE Plaintiffs Renew Their Motion to Strike out of Concern that the Fifth Circuit will Rely on the Declaration If It Remains Part of the Court's Record.

The parties who appeared at trial filed their Findings of Fact and Conclusions of Law on January 19, 2024. A couple of weeks later, on February 6, 2024, LUPE Plaintiffs notified State Defendants that in the course of preparing what amounted to 620 pages of post-trial briefing, State Defendants cited to the Jonathan White declaration on pages 247 and 248 of their Findings of Fact. *See* Ex. A. State Defendants explained by email the next day that the references were inadvertent and in error and offered to retract the relevant parts on the record when the Court convened for closing arguments on February 13, 2024. *See* Ex. B.

The Parties brought the matter to the Court's attention as closing arguments wrapped up. During the exchange, counsel for LUPE Plaintiffs admitted that "the disputed portions of Jonathan White's declarations are not part of the trial record" but noted that '[t]hey are part of summary judgment record," which is currently on appeal. Feb. 13, 2024 Tr. at 253:22–25. Counsel expressed concern that having the declaration remain part of the Court's record "open[ed] the door to either inadvertent or purposeful reliance either here or on appeal." *Id.* at 252:2–8. LUPE Plaintiffs therefore informed the Court that they planned to refile their motion to strike to remove the declaration from the Court's docket so that it would not be part of the evidence considered by the Fifth Circuit. *See id.* at 252:2–8, 253:22–25, 253:22–254:9.

In response, State Defendants reiterated that that any reference to the declaration in their Findings of Fact was a mistake and that State Defendants intended to stand on Jonathan White's trial testimony rather than out-of-court statements elicited in an earlier proceeding. *Id.* at 252:20–253:18. To alleviate concerns, State Defendants offered to officially withdraw the citations and any reliance that was implied by their accidental inclusion in the Findings of Fact. *Id.* at 252:20–253:1.

6

State Defendants then noted that the Fifth Circuit has purview over the evidence it evaluates as part of the appeal. *Id.* at 253:13–18. Intervenor-Defendants echoed these remarks, stressing that the ordinary course of resolving a dispute about the appellate record is to file a motion to strike with the Fifth Circuit. *Id.* at 255:15–256:6, 8–11.

After the Court adjourned, State Defendants confirmed to LUPE Plaintiffs by email that they would submit a written notice to the Court in the next few days withdrawing the citations. *See* Ex. C. Despite this assurance, LUPE Plaintiffs filed their second motion to strike portions Jonathan White's declaration on February 20, 2024. *See* ECF 992. Specifically, LUPE Plaintiffs ask this Court to replace the original declaration with a redacted version, which Plaintiffs attached as Exhibit A in their motion. *Id.* at 2. State Defendants filed its notice withdrawing their reliance on the citations mistakenly included in two pages of their Findings of Fact on February 23, 2024. *See* ECF 1018. In it, State Defendants directed the Court to Jonathan White's trial testimony, which contains the relevant facts. *Id.*

## ARGUMENT

The renewed motion to strike recycles the same arguments LUPE raised in its initial brief. Because State Defendants already addressed the merits of these arguments in their previous response, State Defendants refer the Court to their September 8, 2023 briefing, which State Defendants incorporate herein. *See* ECF 765. State Defendants instead will focus on the jurisdictional defects in LUPE Plaintiffs' motion, which are both fatal and insurmountable.

### I. LUPE Plaintiffs Lack Standing to Challenge the Declaration.

As an initial matter, LUPE Plaintiffs have no standing to challenge the Jonathan White declaration, as it was not utilized against LUPE Plaintiffs during litigation. No one disputes that

the Jonathan White declaration became part of the Court's record as an exhibit in State Defendants' responses in opposition to the United States and OCA-GH Plaintiffs' motions for summary judgment. LUPE Plaintiffs, however, were not a party to that briefing;[4] indeed, LUPE Plaintiffs did not bring a materiality claim at all, which was the subject of the motion for summary judgment.

Accordingly, LUPE Plaintiffs cannot point to a concrete and particularized injury that they have suffered because of the declaration. The most they can claim is an abstract interest in the Court not considering certain evidence against their co-plaintiffs, but that is not enough to warrant standing, as courts have typically disfavored plaintiffs advocating for the rights of third parties barring special circumstances, which do not apply here. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975) (noting the "usual reluctance to exert judicial power when the plaintiff's claim to relief rests on the legal rights of third parties").

None of the recent developments LUPE Plaintiffs cite as justification for the renewed motion work to confer standing either.

*First*, LUPE Plaintiffs point to State Defendants' Findings of Fact, which accidentally contained a smattering of references to the Jonathan White declaration. However, State Defendants acknowledged that the references were an inadvertent mistake and withdrew the citations both on the record and later through a written notice filed with this Court. Moreover, as

---

[4] It should be noted that a motion to strike is not an appropriate vehicle to challenge an opposing party's submissions in summary judgment proceedings. Following the 2010 amendments to Federal of Civil Procedure 56(c)(2), parties raise their objections in their response and reply briefing. *See Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012); *see also TDY Indus., LLC v. BTA Oil Producers, LLC*, No. 2:18-CV-0296, 2019 WL 12661227, at *1 (D.N.M. June 5, 2019). LUPE Plaintiffs did not follow this course because they were not a party to the motion.

both this Court and LUPE Plaintiffs noted, the declaration was not admitted at trial. Feb. 13, 2024 Tr. at 252:16–19, 254:5–9. It is not part of the trial record and therefore will not be considered by the Court when it makes its final ruling.

*Second*, LUPE Plaintiffs claim that they want to prevent the Fifth Circuit from relying on the declaration when it considers the Court's November 29, 2023, ruling. However, LUPE Plaintiffs are not party to the appeal,[5] so they run into the same problem as with the Court's summary judgment proceedings: namely, they suffer no concrete and particularized harm. In any event, this Court lacks the authority to grant the relief Plaintiffs seek, meaning that any injury would be un-redressable by this legal body. *See infra* at 11–12.

## II. The Declaration Became Moot When the Court Ruled on the Summary Judgment Motions.

State Defendants posit that LUPE Plaintiffs lack standing to challenge a declaration that had no effect on their rights or interests. However, even if LUPE Plaintiffs could overcome that hurdle, their dispute over Jonathan White's declaration was moot before they filed their first motion to strike back in September 2023, much less now that the trial concluded and the motions for which the declaration was attached are on appeal. Based on LUPE Plaintiffs' motion, the Parties agree that State Defendants submitted the declaration as evidence in support of their responses in opposition to the motions of summary judgment filed by the United States and OCA-GH Plaintiffs regarding their materiality claims. *See* ECF 992 at 10. State Defendants, in short, prepared the declaration for the limited purpose of establishing a genuine issue of material fact.

---

[5] *See* Notice of Docket Activity, *Paxton v. United States*, No. 23-50885 (Fifth Cir.), December 5, 2023, which notes "CASE CAPTION updated. . .Involvement terminated for Appellees La Union del Pueblo Entero."

That purpose elapsed when the Court issued its Summary Ruling on August 17, 2023—before the initial motion to strike was even filed.

The rationale for deeming LUPE Plaintiffs' motion moot has only gotten stronger in the interim. State Defendants called Jonathan White to the stand as part of its case-in-chief, where he testified at trial to the relevant facts. This trial testimony represents the best evidence for factual disputes going forward. LUPE Plaintiffs argue that State Defendants' inclusion of citations referencing the declaration in their Findings of Fact dig LUPE Plaintiffs' motion out from the grave. However, the citations were made in error, and State Defendants withdrew them on the record and via a written notice to the Court. Furthermore, as LUPE Plaintiffs acknowledged, the Jonathan White declaration was not admitted at trial. Feb. 13, 2024 Tr. at 254:5–9. State Defendants did not rely on it during their case-in-chief, and the declaration is not part of the trial record. Feb. 13, 2024 Tr. at 253:21–25. It should have no further role in this Court's proceedings once this motion is resolved.

The other argument LUPE Plaintiffs offer—and the purpose behind this motion—is that the declaration is part of the summary judgment record and therefore will be visible to the Fifth Circuit when it considers the Court's summary judgment ruling on appeal. Feb. 13, 2024 Tr. at 252:2–8, 254:5–9. But this motivation is a dead end. The scope and content of the record on appeal is governed by Federal Rule of Appellate Procedure 10(a), which specifies that the record on appeal consists of "the *original* papers and exhibits filed in the district court." (emphasis added). The Court does not have authority to deviate from that instruction. *See infra* at 11–12. Accordingly, even if this Court granted LUPE Plaintiffs' motion, the original declaration would still be transmitted to the Fifth Circuit as part of the appeal. The Court is therefore not capable of

providing LUPE Plaintiffs meaningful relief, making the motion moot. *See Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013).

### III. Disputes over the Appellate Record Must Be Decided by the Fifth Circuit—Not the District Court.

Finally, LUPE Plaintiffs have chosen the wrong venue for obtaining the relief they seek. Under Federal Rule of Appellate Procedure 10(a), the following items constitute the record on appeal:

> (1) the original papers and exhibits filed in the district court;
> (2) the transcript of the proceedings, if any; and
> (3) a certified copy of the docket entries prepared by the district clerk.

The language of subpart (1) is significant. It defines the record on appeal as encompassing "*original* papers and exhibits," not a redacted and substituted copy, as proposed by the LUPE Plaintiffs. Fed. R. App. P. 10(a)(1) (emphasis added). Here, the Jonathan White declaration was before this Court when it issued its "Summary Ruling" and when the Court published its opinion and order, awarding the United States and OCA-GH Plaintiffs injunctive relief. *See, e.g.*, ECF 724 (noting that "the Court considered . . . the response in opposition to Plaintiff's motion filed by the State"). It is thus part of "the original papers and exhibits" that make up the summary judgment record on appeal.

To the extent LUPE Plaintiffs object to the declaration being considered on appeal, the proper course is to file a motion with the Fifth Circuit merits panel after Appellants file their opening brief. Control over the appellate record is the prerogative of the Fifth Circuit. Rule 10(e) explicitly provides that disputes over "the form and content of the record" must be presented to the court of appeals. Fed. R. App. P. 10(e). Rule 10(e) empowers a district court only to resolve questions of accuracy of the record on appeal. 60 A.L.R. Fed. 183 (Originally published in 1982).

11

Here, LUPE Plaintiffs do not dispute the accuracy of the record. Instead, they wish to retroactively alter and redact a document that they acknowledge was before the Court when it issued its ruling. This is improper. The district has no authority under the Federal Rules to modify the documents and evidence that appear before the Fifth Circuit. Given that the Fifth Circuit has already rejected one attempt to intrude on the merits panel's prerogative, App. Dkt. 114, the most efficient decision for this Court would be to deny LUPE Plaintiffs' motion and let the dispute play out at the appellate court.

## CONCLUSION

For these reasons, the Court should deny LUPE Plaintiffs' Opposed Second Motion to Strike the Declaration of Jonathan White.

Date: March 5, 2024

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

**RYAN D. WALTERS**
Chief, Special Litigation Division

Respectfully submitted.

*/S/ Kathleen T. Hunker*
**KATHLEEN T. HUNKER**
Special Counsel
Tex. State Bar No. 24118415

**RYAN G. KERCHER**
Deputy Chief, Special Litigation Division
Tex. State Bar No. 24060998

**WILLIAM D. WASSDORF**
Assistant Attorney General
Tex. State Bar No. 24103022

**ZACHARY W. BERG**
Special Counsel
Tex. State Bar No. 24107706

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
ryan.kercher@oag.texas.gov
kathleen.hunker@oag.texas.gov
will.wassdorf@oag.texas.gov
zachary.berg@oag.texas.gov

**COUNSEL FOR STATE DEFENDANTS**

**CERTIFICATE OF SERVICE**

    I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on March 5, 2024 and that all counsel of record were served by CM/ECF.

                                        */s/ Kathleen T. Hunker*
                                        KATHLEEN T. HUNKER