| | |
|---|---|
| **From:** | Kathleen Hunker |
| **To:** | Nina Perales; Ryan Kercher; Leah Tulin |
| **Cc:** | Sharon Murray |
| **Subject:** | RE: LUPE v. Texas (SB1) - confer on motion |
| **Date:** | Wednesday, February 7, 2024 12:41:01 PM |

Nina,

We appreciate you bringing this to our attention.

State Defendants intend to stand on Jonathan White's testimony at trial rather than the statements that were elicited as part of the summary judgment proceedings. Any citation to the Jonathan White declaration in the Findings of Fact was inadvertent and in error. To rectify this mistake, we would be happy to retract the relevant parts on the record on Tuesday before the court. Please let me know if that would resolve your concerns.

# Kathleen Hunker

Special Litigation Unit
Office of the Attorney General of Texas
209 W. 14th Street
Austin, TX 78711
512-936-2275
Kathleen.Hunker@oag.texas.gov

---

**From:** Nina Perales <nperales@MALDEF.org>
**Sent:** Tuesday, February 6, 2024 5:15 PM
**To:** Ryan Kercher <Ryan.Kercher@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Leah Tulin <tulinl@brennan.law.nyu.edu>
**Subject:** LUPE v. Texas (SB1) - confer on motion

Dear Ryan and Kathleen,

I write to resolve a potential disagreement regarding the scope of evidence in the record or, in the alternative, confer on a re-urged motion to strike the Jonathan White Declaration and new motion to strike portions of State Defendants and Intervenor Defendants' Amended Post-trial Proposed FOF (Dkt. 861).

On pages 247-248 of State Defendants' proposed FOFs, State Defendants cite and rely on portions of "Jonathan White Decl."  *See* Dkt. 861 at ¶¶ 806-808 and 811-812.  The cited declaration appears to be the declaration filed by State Defendants at Dkts. 645-5 and 646-3.  If that is correct, the testimony cited in these proposed FOFs was the subject of LUPE Plaintiffs' Opposed Motion to Strike and Motion in Limine to Exclude Testimony (Dkt. 761).

The Court denied LUPE Plaintiffs' motion to strike as moot after State Defendants represented to the Court on September 20, 2023 that "the declaration is moot" because "[w]e do not plan to admit that declaration into evidence in this trial."  Tr. at 1439-1440.  Following oral argument, the Court stated "So here is the ruling with regard to the unopposed [sic] motion to strike the declaration of Mr.

White. It's the contention of all sides, correct me if I'm wrong, that this is now moot, because the defendant's side does not intend to rely on the declaration of Mr. White at all, so that's now moot. With regard to the remaining parts of the motion, I consider this a motion in limine, and so Mr. White -- Messrs. White and Ingram, will be restricted to trial testimony as to any documents that were previously provided to the other side and any public information that was provided to the other side." Tr. 1459-1460.  State Defendants did not correct the Court on its understanding.

The Court subsequently entered a text order as follows:  "Text Order MOOTING [761] LUPE Plaintiffs' Motion to Strike and GRANTING [761] LUPE Plaintiffs' Motion in Limine entered by Judge Xavier Rodriguez. LUPE Plaintiffs' Motion to Strike the Declaration of Jonathan White is MOOT in light of the State Defendants' representation in open court that they do not intend to rely on the declaration at trial."

In light of these statements and rulings, I write to request that you amend Dkt. 861 to withdraw ¶¶ 806-808 and 811-812.  If, in the alternative, you plan to rely on the Jonathan White Declaration as part of the record in this case, please advise whether you oppose a re-urged motion to strike the Jonathan White Declaration and new motion to strike portions of State Defendants and Intervenor Defendants' Amended Post-trial Proposed FOF (Dkt. 861).

Thank you very much,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
and Educational Fund, Inc. (MALDEF)
110 Broadway Suite 300
San Antonio TX 78205
ph (210) 845-5147