| | |
|---|---|
| **From:** | Ryan Kercher |
| **To:** | Nina Perales; Kathleen Hunker; Leah Tulin |
| **Cc:** | Sharon Murray |
| **Subject:** | Re: LUPE v. Texas (SB1) - confer on motion |
| **Date:** | Thursday, February 15, 2024 4:22:19 PM |

Thanks, Nina. We'll get something on file to remove the cites in the next couple of business days.

RGK

Ryan G. Kercher
Deputy Chief, Special Litigation
Office of the Attorney General of Texas
Ryan.Kercher@oag.texas.gov
512.788.3771

---

**From:** Nina Perales <nperales@MALDEF.org>
**Sent:** Thursday, February 15, 2024 3:28:31 PM
**To:** Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Ryan Kercher <Ryan.Kercher@oag.texas.gov>; Leah Tulin <tulinl@brennan.law.nyu.edu>
**Cc:** Sharon Murray <Sharon.Murray@oag.texas.gov>
**Subject:** RE: LUPE v. Texas (SB1) - confer on motion

Hi Kathleen and Ryan,

I hope you are both well. Regarding your email below, can you let me know if you plan to file anything with the Court withdrawing the cites to the Jonathan White declaration in your proposed FOFs? I recall from the hearing that Ryan informed the Court that the cites were in error, but I don't recall a request to withdraw the cites.

Please let me know, and thank you very much,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
and Educational Fund, Inc. (MALDEF)
110 Broadway Suite 300
San Antonio TX 78205
ph (210) 845-5147

---

**From:** Nina Perales
**Sent:** Wednesday, February 7, 2024 3:21 PM
**To:** Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Ryan Kercher <Ryan.Kercher@oag.texas.gov>; Leah Tulin <tulinl@brennan.law.nyu.edu>
**Cc:** Sharon Murray <Sharon.Murray@oag.texas.gov>
**Subject:** Re: LUPE v. Texas (SB1) - confer on motion

Dear Kathleen,

Thank you very much for the response.  We would welcome a statement by State Defendants at closing argument that you
retract the relevant parts of the Jonathan White declaration from your proposed FOFs.

For two additional reasons, I plan to ask the Court to remove the Jonathan White declaration from the record.  First, because the declaration is in the court record (even if not the trial record), it can be cited by a party, either inadvertently as in your FOFs, or on purpose by a different defendant.  Second, I am concerned about the current dispute over the scope of the record in the materiality provision appeal, and would feel more comfortable with an order removing the declaration from the record so it can't be resurrected on appeal.

I understand if State Defendants do not join this request, and write just to let you know what I'm thinking in terms of the closing argument.

Thank you and take care,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
and Educational Fund, Inc. (MALDEF)
110 Broadway Suite 300
San Antonio, TX 78205
ph. (210) 224-5476
fax (210) 224-5382
www.maldef.org

---

**From:** Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>
**Sent:** Wednesday, February 7, 2024 12:41 PM
**To:** Nina Perales; Ryan Kercher; Leah Tulin
**Cc:** Sharon Murray
**Subject:** RE: LUPE v. Texas (SB1) - confer on motion

Nina,

We appreciate you bringing this to our attention.

State Defendants intend to stand on Jonathan White's testimony at trial rather than the statements that were elicited as part of the summary judgment proceedings. Any citation to the Jonathan White declaration in the Findings of Fact was inadvertent and in error. To rectify this mistake, we would be happy to retract the relevant parts on the record on Tuesday before the court. Please let me know if that would resolve your concerns.

# Kathleen Hunker

Special Litigation Unit
Office of the Attorney General of Texas
   th

209 W. 14 Street
Austin, TX 78711
512-936-2275
Kathleen.Hunker@oag.texas.gov

---

**From:** Nina Perales <nperales@MALDEF.org>
**Sent:** Tuesday, February 6, 2024 5:15 PM
**To:** Ryan Kercher <Ryan.Kercher@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Leah Tulin <tulinl@brennan.law.nyu.edu>
**Subject:** LUPE v. Texas (SB1) - confer on motion

Dear Ryan and Kathleen,

I write to resolve a potential disagreement regarding the scope of evidence in the record or, in the alternative, confer on a re-urged motion to strike the Jonathan White Declaration and new motion to strike portions of State Defendants and Intervenor Defendants' Amended Post-trial Proposed FOF (Dkt. 861).

On pages 247-248 of State Defendants' proposed FOFs, State Defendants cite and rely on portions of "Jonathan White Decl." *See* Dkt. 861 at ¶¶ 806-808 and 811-812. The cited declaration appears to be the declaration filed by State Defendants at Dkts. 645-5 and 646-3. If that is correct, the testimony cited in these proposed FOFs was the subject of LUPE Plaintiffs' Opposed Motion to Strike and Motion in Limine to Exclude Testimony (Dkt. 761).

The Court denied LUPE Plaintiffs' motion to strike as moot after State Defendants represented to the Court on September 20, 2023 that "the declaration is moot" because "[w]e do not plan to admit that declaration into evidence in this trial." Tr. at 1439-1440. Following oral argument, the Court stated "So here is the ruling with regard to the unopposed [sic] motion to strike the declaration of Mr. White. It's the contention of all sides, correct me if I'm wrong, that this is now moot, because the defendant's side does not intend to rely on the declaration of Mr. White at all, so that's now moot. With regard to the remaining parts of the motion, I consider this a motion in limine, and so Mr. White -- Messrs. White and Ingram, will be restricted to trial testimony as to any documents that were previously provided to the other side and any public information that was provided to the other side." Tr. 1459-1460. State Defendants did not correct the Court on its understanding.

The Court subsequently entered a text order as follows: "Text Order MOOTING [761] LUPE Plaintiffs' Motion to Strike and GRANTING [761] LUPE Plaintiffs' Motion in Limine entered by Judge Xavier Rodriguez. LUPE Plaintiffs' Motion to Strike the Declaration of Jonathan White is MOOT in light of the State Defendants' representation in open court that they do not intend to rely on the declaration at trial."

In light of these statements and rulings, I write to request that you amend Dkt. 861 to withdraw ¶¶ 806-808 and 811-812. If, in the alternative, you plan to rely on the Jonathan White Declaration as part of the record in this case, please advise whether you oppose a re-urged motion to strike the Jonathan White Declaration and new motion to strike portions of State Defendants and Intervenor Defendants' Amended Post-trial Proposed FOF (Dkt. 861).

Thank you very much,

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
and Educational Fund, Inc. (MALDEF)
110 Broadway Suite 300
San Antonio TX 78205
ph (210) 845-5147

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click [here](#) to report this email as spam.