**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | CIVIL ACTION NO. |
| | § | 5:21-cv-844-XR |
| v. | § | [Consolidated Action: Lead Case] |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| *Defendants,* | § | |
| | § | |
| HARRIS COUNTY REPUBLICAN PARTY, *et al.*, | § | |
| | § | |
| *Defendant-Intervenors.* | § | |

**<u>LUPE PLAINTIFFS' REPLY IN SUPPORT OF THEIR
OPPOSED SECOND MOTION TO STRIKE
THE DECLARATION OF JONATHAN WHITE</u>**

LUPE Plaintiffs moved to strike the Jonathan White Declaration for two reasons:  (1) because the Declaration contains testimony already excluded by the Court based on the sword and shield doctrine and (2) because the Declaration, by virtue of having been filed with the Court, is part of the record on appeal in any appeal following judgment on LUPE Plaintiffs' claims.  As explained by State Defendants: "Absent contrary instruction, the record on appeal consists of 'the original papers and exhibits filed in the district court,' *which, in this case, includes the declaration*."  Dkt. 1078 ("Response") at 2 (emphasis removed and added) (*citing* F.R.A.P. at 10(a)).  The parties thus agree that the Jonathan White Declaration, if not struck, can be relied upon on appeal following judgment on LUPE Plaintiffs' claims.

In their Response, State Defendants do not contest that the Court has the authority to exclude the Jonathan White Declaration under Federal Rules of Civil Procedure and Federal Rules of Evidence.  Instead, State Defendants argue that it's too late to entertain the motion and that the district court is not the appropriate venue by which to obtain relief.  Neither assertion is true.

## I.      The Court's Ruling on the Motion to Strike Will Determine the Scope of the Record in any Appeal of a Judgement on LUPE Plaintiffs' Claims

At closing argument, GOP Defendant Intervenors opined that "there's nothing this Court can do" to affect the scope of the appellate record.  Mr. Gore explained:

> If there is some dispute as to whether something filed in this Court is part of the record on appeal or can be considered by the Fifth Circuit on appeal in the materiality provision appeal *or some other appeal*, that's a question for the Fifth Circuit. . . And whether there's going to be a dispute about the content of the appellate record in the materiality provision appeal *or some other appeal* is just not ripe yet. We don't know. We haven't briefed that appeal. We don't know what we're going to point to or rely upon yet, in terms of our appellate arguments to the Fifth Circuit.  So on that score, both for the materiality provision appeal *and for this current motion* or agreement we are reaching with Ms. Perales, there's nothing this Court can do to bind or pre-decide that issue for the Fifth Circuit. That would all be for the Fifth Circuit to decide in due course.

Tr. at 255:15-256:6 (February 13, 2024) (emphasis added).

Defendant Intervenors' assertion that the Court's exclusion of the Jonathan White Declaration would have no effect on the record on appeal, and State Defendants' similar suggestion that "[t]he rules do not permit either LUPE Plaintiffs or this Court to curate what documents and evidence appear before the Fifth Circuit" (Response at 2), both miss the mark. Although the Fifth Circuit receives documents filed in the case as part of the record on appeal,

the Fifth Circuit defines the scope of the record based on the district court's evidentiary rulings.[1]

Evidence struck or excluded by this Court will not be considered by the Fifth Circuit.  *See Mun.*

*Employees' Ret. Sys. of Michigan v. Pier 1 Imports, Inc.*, 935 F.3d 424, 436 (5th Cir. 2019)

("Because these "red flags" were set out in an expert report that the district court struck, we

cannot consider them.") *citing Munoz v. Orr*, 200 F.3d 291, 303 (5th Cir. 2000) (evidence that

was struck "was not before the district court and we do not consider it now[.]"). *See also Harris*

*v. Mississippi Transp. Comm'n*, 329 Fed. Appx. 550, 557 (5th Cir. 2009) (declining to consider

as part of the record a document excluded from evidence by the district court); *Michaels v.*

*Avitech, Inc.,* 202 F.3d 746, 751 (5th Cir.2000) ("[O]nly materials in the pretrial record that

would have been admissible evidence can be considered."); *Curtis v. M & S Petroleum, Inc.,* 174

F.3d 661, 668 (5th Cir.1999) (explaining that the Fifth Circuit first reviews the district court's

evidentiary rulings in order to define the record with which to review the district court's

judgment).

The Fifth Circuit's approach to evidence excluded by the district court is similar to that of

other circuits.  *See e.g. Chandler v. Volunteers of Am., N. Alabama, Inc.*, 598 Fed. Appx. 655,

664 (11th Cir. 2015) (declining to consider evidence "because the district court struck it from the

record.") and *United States v. Certain Land Situated in City of Detroit*, 633 F.3d 418, 423 (6th

Cir. 2011) ("[W]hen reviewing convictions and civil judgments, we do not consider evidence

that was excluded or improperly admitted.").  State Defendants are therefore incorrect when they

assert that the Court is "not capable of providing LUPE Plaintiffs meaningful relief[.]"  Response

at 10-11.

---

[1] In addition, "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." F.R.A.P. 10 (e).

Because the Court limited trial testimony by Jonathan White to documents and public information previously disclosed to Plaintiffs, and excluded trial testimony by Mr. White on nonpublic information related to voter fraud investigations (Tr. 1460:1-13, September 20, 2023), it is appropriate for the Court to strike those portions of the Jonathan White Declaration that contain the same testimony excluded by the Court.  In response, the Fifth Circuit would not consider the excluded evidence in an appeal of the Court's ruling on LUPE Plaintiffs' claims. Defendants may choose to appeal the Court's evidentiary rulings.  But Defendants should not have the opportunity to thwart the Court's previous rulings by relying on a declaration that contains the same testimony as that excluded at trial.[2]

## II.      LUPE Plaintiffs' Motion is not Moot

Neither State Defendants nor GOP Defendant Intervenors have stated that they will not rely on the Jonathan White Declaration in any appeal following the Court's rulings on LUPE Plaintiffs' claims.  *See, e.g.* Response at 9 (carefully describing that the Declaration is not part of the trial record and therefore will not be considered by *this* Court when it makes its final ruling).

Such reliance on the Declaration is foreseeable – in fact State and GOP Defendants already cited to and relied on the Jonathan White Declaration in their joint proposed Findings of Fact and Conclusions of Law.  Dkt. 861 at ¶¶ 806-808 and 811-812.  Even if State Defendants

---

[2] State Defendants misconstrue the purpose of the motion to strike.  *See* Response at 9 (incorrectly asserting that "LUPE Plaintiffs claim that they want to prevent the Fifth Circuit from relying on the declaration when it considers the Court's November 29, 2023, ruling.").  LUPE Plaintiffs have made no such claim and the purpose of their motion to strike is to protect LUPE Plaintiffs from Defendants' reliance on the Jonathan White Declaration in any appeal of the Court's rulings on LUPE Plaintiffs' claims.

have now withdrawn their post-trial reliance on the Jonathan White Declaration, GOP Defendant Intervenors have not.  *See* Dkt. 1018 (withdrawing reliance for State Defendants only).

Not only have GOP Defendant Intervenors declined to withdraw their post-trial reliance on the Jonathan White Declaration, they made no statement at trial or after trial disavowing reliance on the Jonathan White Declaration.  In fact, at closing argument, GOP Defendant Intervenors held open the possibility of relying on the Jonathan White Declaration in "some other appeal" when arguing that the question is not ripe. Tr. at 255:15-256:6 ("And whether there's going to be a dispute about the content of the appellate record in the materiality provision appeal or some other appeal is just not ripe yet. We don't know. We haven't briefed that appeal.").  GOP Defendant Intervenors also chose not to respond to LUPE Plaintiffs' Second Motion to Strike or offer any assurances regarding their use of the Jonathan White Declaration on appeal.[3]

In sum, neither State Defendants nor Defendant Intervenors have said they would refrain from relying on the Jonathan White Declaration in an appeal of a ruling by this Court on LUPE Plaintiffs' claims.

For the same reasons, LUPE Plaintiffs' motion to strike is also not mooted by Defendants' appeal of the Court's grant of summary judgment on other plaintiffs' materiality

---

[3] GOP Defendant Intervenors recently argued to the Fifth Circuit that the summary judgment record in this case includes the trial record, since trial evidence is "record evidence." *See* Republican Party Appellants' Opposition to the United States' Motion to Clarify the Record in *United States of America, et al. v. Paxton, et al.,* No. 23-50885 (5th Circuit) Dkt. 110-1 at 6-7 (arguing that the United States, by seeking to limit the record on appeal to the summary judgment record, has wrongly and "preemptively declared a category of record evidence outside the record on appeal[.]").  Defendants' logic supports the converse argument that the record on appeal following trial of LUPE Plaintiffs' claims includes the "record evidence" from the summary judgment proceedings.

claims.  Regardless of how that appeal is resolved, the Jonathan White Declaration remains in the "the original papers and exhibits filed in the district court" (F.R.A.P. 10(a)) and will be transmitted to the Fifth Circuit in any subsequent appeal in this case.  Without a ruling by the Court that the Jonathan White Declaration is struck or otherwise excluded, Defendants can argue that the Fifth Circuit should consider the Declaration in any subsequent appeal.

### III.     State Defendants' Remaining Arguments are Unpersuasive.

State Defendants' remaining arguments, sounding in jurisdiction, lack merit.  First, State Defendants provide no legal support for their argument that LUPE Plaintiffs' "have no standing" to file a motion to strike.  Response at 7-9 (citing one inapposite case related to standing to bring a lawsuit).  State Defendants filed the Jonathan White Declaration with the Court, and it is part of the record on appeal in any appeal related to LUPE Plaintiffs' claims.  Any party can rely on the record on appeal to make arguments against any other party.   Even if "standing" were required to bring a motion to strike, LUPE Plaintiffs have the necessary stake in the outcome of the instant motion.  State Defendants offer no legal authority showing otherwise.

Second, and contrary to State Defendants' assertion, LUPE Plaintiffs' motion is not untimely.  Response at 9-11.  Two days after State Defendants filed the Jonathan White Declaration, LUPE Plaintiffs raised sword-and-shield concerns regarding the Declaration in a motion to compel.  Dkt. 655 at 3-4.  LUPE Plaintiffs again presented their concerns to the Court at a hearing on July 11, 2023, at which point the Court suggested that State Defendants make Mr. White available for a third deposition. Tr. 45:20-22 (July 11, 2023).  LUPE Plaintiffs raised sword-and-shield concerns again in a July 19, 2023 advisory regarding their motion to compel. Dkt. 674 at 6-9.  State Defendants ultimately made Mr. White available for deposition on August 11, 2023.  Less than three weeks later, after receiving the deposition transcript,

6

LUPE Plaintiffs filed their first motion to exclude testimony of Jonathan White and strike the Jonathan White Declaration.  Dkt. 747.  After concluding that State Defendants did not plan to rely on the Jonathan White Declaration at trial, the Court denied LUPE Plaintiffs' motion to strike the Declaration as moot.  Tr. 1459:19-1460:13 (September 20, 2023).

Immediately after State Defendants and GOP Defendant Intervenors cited to and relied on the Jonathan White Declaration in their joint post-trial proposed findings of fact and conclusions of law, LUPE Plaintiffs sought to resolve the issue.  Dkt. 1078-1-1078-3.  When Defendants maintained at closing arguments that the Court cannot exclude the Jonathan White Declaration, LUPE Plaintiffs promptly filed the instant motion.  *See* Dkt. 992.[4]

Third, State Defendants' argument that the Fifth Circuit resolves disputes over the record on appeal are irrelevant.  LUPE Plaintiffs seek a ruling from this Court -- not the Fifth Circuit -- excluding the Jonathan White Declaration.

## CONCLUSION

For the foregoing reasons, LUPE Plaintiffs respectfully request that the Court strike from the record the disputed portions of Mr. White's declaration (filed at Dkts. 645-5 at 14-23 and 646-3 at 29-38) and replace the declaration with the redacted document provided in Exhibit A to LUPE Plaintiffs' motion, or, in the alternative, issue an order excluding the disputed portions of Mr. White's declaration for the reasons set out in LUPE Plaintiffs' motion at Dkt. 992.

Dated:  March 22, 2024                              Respectfully submitted,

---

[4] To the extent State Defendants argue that the Court's August 17, 2023 Summary Ruling closed the time period in which LUPE Plaintiffs could move to strike the Jonathan White Declaration (Response at 10), that argument is contradicted by GOP Defendant Intervenors' argument that summary judgment proceedings extended through November 29, 2023.  *See* n. 3, *supra*.  Defendants cannot have their cake and eat it too.

/s/ *Nina Perales*
Nina Perales (TX Bar No. 24005046)
Julia R. Longoria (TX Bar No. 24070166)
Fátima L. Menéndez (TX Bar No. 24090260) MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
110 Broadway, Suite300
San Antonio, TX 78205
Tel: (210) 224-5476; Fax: (210) 224-5382
nperales@maldef.org
jlongoria@maldef.org
fmenendez@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Jason S.Kanterman*
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
Tel: (212) 859-8000; Fax: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
jason.kanterman@friedfrank.com
kevin.zhen@friedfrank.com

**Attorneys for Plaintiffs**

**LA UNIÓN DEL PUEBLO ENTERO, SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT, MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS, TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION, JOLT ACTION, WILLIAM C. VELASQUEZ INSTITUTE, FIEL HOUSTON INC.**

*Admitted pro hac vice*

/s/ *Sean Morales-Doyle*
Sean Morales-Doyle
Patrick A. Berry*
Jasleen K. Singh*
Robyn N. Sanders*
BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
Tel: (646) 292-8310; Fax: (212) 463-7308
sean.morales-doyle@nyu.edu
patrick.berry@nyu.edu
jasleen.singh@nyu.edu
rs8592@nyu.edu

Leah J. Tulin*
BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
1140 Connecticut Avenue NW, Suite 1150
Washington, DC 20036
(202) 650-6397
tulinl@brennan.law.nyu.edu

Elizabeth Y. Ryan (TX Bar No. 24067758)
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Tel: (214) 746-8158; Fax: (214)746-7777
liz.ryan@weil.com

**Attorneys for Plaintiffs**

**FRIENDSHIP-WEST BAPTIST CHURCH, TEXAS IMPACT, JAMES LEWIN**

*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that she has electronically submitted a true and correct copy of the above and foregoing via the Court's electronic filing system on the 22nd day of March, 2024.

*/s/ Nina Perales*
Nina Perales