IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNION DEL PUEBLO ENTERO, et al., | § § § | |
| *Plaintiffs* | § | SA-21-CV-00844-XR |
| | § | [Consolidated Cases] |
| -vs- | § § | |
| GREGORY W. ABBOTT, et al., | § § | |
| *Defendants* | § | |

## POST-MANDATE ORDER

On this date, the Court considered the status of this case and Defendant Kim Ogg's motion for judgment on partial findings under Rule 52(c) (ECF No. 804), in light of the Fifth Circuit's ruling and mandate issued in *Mi Familia Vota v. Ogg*, 105 F.4th 313 (5th Cir. 2024).

## BACKGROUND

On September 7, 2021, Texas Governor Greg Abbott signed into law the Election Protection and Integrity Act of 2021, an omnibus election law commonly referred to as "S.B. 1." *See* Election Integrity Protection Act of 2021, S.B. 1, 87th Leg., 2d Spec. Sess. (2021).

Premised on the state legislature's authority to make all laws necessary to detect and punish fraud under article VI, section 4 of the Texas Constitution, S.B. 1 amended various provisions of the Texas Election Code to, among other things, modify certain existing elections-related criminal statutes and create several new ones. *See, e.g.*, S.B. 1 §§ 4.06, 4.09, 6.04, 6.05, 6.06, 7.02, and 7.04, codified at TEX. ELEC. CODE §§ 276.015, 276.016, 276.017, and 276.018.

Several advocacy groups and others filed lawsuits alleging that various provisions of S.B. 1 violate the Constitution and several federal civil rights statutes. For judicial economy, these were consolidated under the above-captioned case, as it was first filed.[1]

---

[1] *See* ECF No. 31 (consolidating *OCA-Greater Houston v. Esparza*, No. 1:21-cv-780 (W.D. Tex. 2021); *Houston Area Urban League v. Abbott*, No. 5:21- cv-848 (W.D. Tex. 2021); *LULAC Texas v. Esparza*, No. 1:21-cv-786 (W.D. Tex.

In their second amended complaints, the operative pleadings, three Plaintiffs groups—the HAUL-MFV Plaintiffs,[2] LULAC Plaintiffs,[3] and OCA Plaintiffs[4] (collectively, "Plaintiffs")—named Kim Ogg as a defendant, in her official capacity as Harris County District Attorney, based on her authority to prosecute election-related crimes under *State v. Stephens*, 663 S.W.3d 45, 51–54 (Tex. Crim. App. 2021).[5] *See* ECF No. 199 (HAUL–MFV); ECF No. 200 (OCA); ECF No. 207 (LULAC). Collectively, Plaintiffs alleged that Ogg is a proper defendant for their claims challenging S.B. 1 provisions under the First, Fourteenth, and Fifteenth Amendments of the United States Constitution, Sections 2 and 208 of the VRA, Title II of the ADA, and Section 504 of the Rehabilitation Act.

In March 2022, Ogg moved to dismiss all claims asserted against her, arguing that Plaintiffs' claims were barred by sovereign immunity, that Plaintiffs lacked standing to assert their claims against her, and that the complaints otherwise failed to state a claim. ECF No. 344.

---

2021) and *Mi Familia Vota v. Abbott*, No. 5: 21-cv-920 (W.D. Tex. 2021) under *La Unión del Pueblo Entero v. Abbott*, No. 5:21-cv-844 (W.D. Tex. 2021).

[2] This group includes Houston Area Urban League, Delta Sigma Theta Sorority, Inc., The Arc of Texas, Mi Familia Vota, Marla Lopez, Marlon Lopez, Paul Rutledge, and Jeffrey Lamar Clemmons. In its order, the Fifth Circuit incorrectly identified Houston Justice as one of the HAUL-MFV Plaintiffs. *See Ogg*, 105 F.4th at 318 n.2. Houston Justice voluntarily withdrew from the case in February 2022. *See* Text Order dated Feb. 23, 2022 (granting Houston Justice's motion to withdraw from the case and dismissing its claims with prejudice).

[3] This group includes LULAC Texas, Voto Latino, Texas Alliance for Retired Americans, and Texas AFT.

[4] This group includes OCA-Greater Houston, League of Women Voters of Texas, and REVUP-Texas. In its order, the Fifth Circuit incorrectly identified Texas Organizing Project and the Workers Defense Action Fund as OCA Plaintiffs. *See Ogg*, 105 F.4th at 318 n.3. Both organizations have voluntarily withdrawn from the case. *See* Text Order dated Apr. 14, 2022 (granting Texas Organizing Project's motion to withdraw from the case and dismissing its claims with prejudice); ECF No. 551 (granting Workers Defense Action Fund's motion to withdraw from the case and dismissing its claims with prejudice).

[5] In *Stephens*, the Texas Court of Criminal Appeals concluded that the Texas Election Code's delegation of independent authority to the Attorney General to prosecute election crimes violated the separation of powers principles enshrined in the Texas constitution, which gives county and district attorneys the "specific duty" to represent the state in criminal prosecutions. 663 S.W.3d at 51–57. The Attorney General, as part of the state's executive branch, has no similar, independent power under the state constitution. *Id.* at 55–56. It was thus a violation of separation of powers for the legislature to delegate such prosecutorial power to the Attorney General. *Id.* at 55–57.

In August 2022, the Court granted the motion in part and denied it in part. *See La Union del Pueblo Entero v. Abbott*, 618 F. Supp. 3d 435 (W.D. Tex. 2022). The Court allowed the Plaintiffs to proceed against Ogg with challenges to the criminal provisions of S.B. 1 but dismissed claims that sought to challenge provisions that imposed only civil penalties. *Id.* at 444–45. The Court held that Plaintiffs' challenges to those criminal provisions fell within the exception to sovereign immunity carved out in *Ex parte Young*, 209 U.S. 123 (1908) and that Plaintiffs had adequately alleged standing to assert their remaining claims against Ogg. *Id.* at 444–48.

Ogg filed a notice of appeal. ECF No. 451. She also moved to stay discovery and further proceedings against her, which the Court denied. *See* ECF No. 452; Text Order dated Aug. 14, 2022. Ogg then sought a stay from the Fifth Circuit, which held that Ogg had failed to justify a stay because she had "no likelihood of succeeding on the merits" on her sovereign immunity defense to the Plaintiffs' VRA claims "because the VRA explicitly abrogated sovereign immunity." ECF No. 466 at 4. The motions panel further "decline[d] Ogg's invitation to prematurely review [her] pleading and standing arguments at the motions stage of an interlocutory appeal concerning a wholly separate sovereign immunity issue." *Id.* at 5.

From September 11, 2023 to October 20, 2023, while Ogg's appeal was still before the Fifth Circuit, the Court held a bench trial in these consolidated matters. At the close of Plaintiffs' case in chief, Ogg moved for judgment on partial findings pursuant to Federal Rule of Civil Procedure 52(c), again arguing that Plaintiffs' claims were barred by sovereign immunity and that Plaintiffs had failed to establish standing to assert their claims against her. ECF No. 804.

In June 2024, the Fifth Circuit ruled on Ogg's appeal. *See Ogg*, 105 F.4th at 313. The panel reversed the Court's order in part, concluding that it "should have dismissed the Plaintiffs' constitutional claims as barred by sovereign immunity" because "Ogg is not a proper defendant

under *Ex parte Young*." *Id.* at 317, 333.[6] The panel declined to exercise its pendent appellate jurisdiction to reach Ogg's standing arguments as to Plaintiff's remaining statutory claims. *Id.* at 334. Thus, the panel reversed in part and vacated in part the Court's order on Ogg's motion to dismiss and remanded the case for further proceedings. Mandate issued on July 12, 2024. *See* ECF No. 1146.

## DISCUSSION

In accordance with the Fifth Circuit's ruling that Plaintiffs' constitutional claims against District Attorney Ogg are barred by the doctrine of sovereign immunity, they must be dismissed without prejudice for lack of subject matter jurisdiction. *See Ogg*, 105 F.4th at 334. Federal court jurisdiction is limited by the Eleventh Amendment and the principle of sovereign immunity that it embodies. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002) ("The Eleventh Amendment and the doctrine of sovereign immunity limit a federal court's jurisdiction.")

---

[6] Fifth Circuit law addressing whether and when Eleventh Amendment immunity extends to local officials is unsettled. In *National Press Photographers Association v. McCraw*, for example, 90 F.4th 770 (5th Cir. 2024), the panel declined to extend Eleventh Amendment immunity to a county prosecutor charged with enforcing the challenged state statutes "because 'state sovereign immunity applies only to *states and state officials*, not to political subdivisions like counties and county officials." 90 F.4th at 787 (emphasis added). As the panel went onto explain:

> [W]e have held that Texas district attorneys are not protected by the Eleventh Amendment precisely because they are county officials, not state officials. Granted, a couple of unpublished opinions have suggested that a district attorney's entitlement to Eleventh Amendment immunity may depend on whether he or she is performing in a local or state capacity. But we understand our precedent to employ a more categorical approach, informed by various factors that [the DA] does not otherwise argue support his position that he is protected by the Eleventh Amendment.

*Id.* (quotations, citations, and alteration marks omitted) (citing *Clark v. Tarrant County*, 798 F.2d 736, 744–45 (5th Cir. 1986) (enumerating six factors that courts should consider in determining whether an entity is entitled to Eleventh Amendment immunity)).

Only five months after *McCraw*, the *Ogg* panel assumed that the Harris County District Attorney could assert state sovereign immunity, without addressing *McCraw* or engaging with any of the factors set forth in *Clark*. *See Ogg*, 105 F.4th at 325–33.

Nor did the *Ogg* panel offer any guidance about how H.B. 17, a recently enacted bill cabining district attorneys' prosecutorial discretion, should impact the *Ex Parte Young* analysis. *See id.* H.B. 17 provides that district attorneys may be removed from office if they "adopt[] or enforce[] . . . a policy of refusing to prosecute a class or type of criminal offense under state law or instructing law enforcement to refuse to arrest individuals suspected of committing a class or type of offense under state law[.]" Tex. Loc. Gov't Code § 87.011. Presumably, Texas district attorneys would prefer that their public silence about a given election crime *not* be construed as unwillingness to enforce it.

(citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *.Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016) (dismissals for lack of jurisdiction operate as dismissals without prejudice) (citing FED. R. CIV. P. 41(b)).

The Court's compliance with the Fifth Circuit's mandate will moot Ogg's Rule 52(c) motion as to Plaintiffs' constitutional claims. *See* ECF No. 804. The Court need not address Ogg's standing arguments as to the remaining statutory claims in a separate order because, regardless of Ogg's motion, the Court must assess Plaintiffs' standing in its forthcoming findings of facts and conclusions of law as to *all* pending claims in these consolidates cases based on the trial record. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("[I]n a case like this that proceeds to trial, the specific facts set forth by the plaintiff to support standing 'must be supported adequately by the evidence adduced at trial.'" (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992))). Accordingly, Ogg's motion will be terminated as moot and otherwise carried with the case, with a ruling to follow in the Court's findings of fact and conclusions of law.

## CONCLUSION

Accordingly, as instructed by the Fifth Circuit, Plaintiffs' constitutional claims against Defendant Kim Ogg in her official capacity as Harris County District Attorney are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Plaintiffs' statutory claims against Ogg remain pending.

Ogg's motion for judgment (ECF No. 804) is **TERMINATED** as moot with respect to Plaintiffs' constitutional claims and otherwise carried with the case, to be addressed in the Court's findings of fact and conclusions of law.

It is so **ORDERED**.

**SIGNED** this 18th day of July, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE