IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br><br>GREGORY W. ABBOTT, et al.,<br><br>*Defendants.* | 5:21-cv-844-XR |
| OCA-GREATER HOUSTON, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br><br>JANE NELSON, et al.,<br><br>*Defendants.* | 1:21-CV-0780-XR |

**UNOPPOSED MOTION TO EXTEND
DEADLINE FOR BILL OF COSTS AND MOTION FOR ATTORNEY'S FEES**

OCA-Greater Houston and League of Women Voters of Texas ("Plaintiffs") respectfully request the Court extend their deadline to file a bill of costs and move for attorney's fees. State Defendants, Intervenor-Defendants, and the District Attorney of Travis County are unopposed to this request.

On September 28, 2024, this Court rendered findings of fact and conclusions of law and enjoined the Attorney General, Secretary of State of Texas, and District Attorneys of Travis County, Dallas County, Hidalgo County, and the 34th Judicial District from enforcing S.B. 1 Section 7.04, codified at Texas Election Code § 276.015. Doc. 1157. On September 30, 2024, State

1

Defendants and Intervenor-Defendants filed a motion to stay the injunction pending appeal, Doc. 1159, which the Court denied on October 1, 2024, Doc. 1161. Later that day both State Defendants and Intervenor-Defendants filed their notices of appeal. Docs. 1162, 1163.

A "prevailing party" in an action to enforce 42 U.S.C. § 1983 may seek attorney's fees. 42. U.S.C. § 1988(b). Federal Rule of Civil Procedure 54(d)(2) requires that unless a statute or a court order provides otherwise, a "claim for attorney's fees and related nontaxable expenses must be made by motion" and must "be filed no later than 14 days after the entry of judgment." Similarly, costs "should be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), and "[a] party awarded costs shall prepare and file a proposed bill of costs . . . not later than 14 days after the entry of judgment," W.D. Tex. Loc. R. CV-54(a).[1]

When the appeal raises questions about who may be a "prevailing party" entitled to costs and fees, courts may defer adjudicating these issues and extend the deadline to parties seeking costs or fees until after the appeal to preserve judicial resources. *See, e.g., Colonial Oaks Assisted Living Lafayette v. Hannie Dev. Inc.*, No. 6:18-CV-01606, 2019 WL 7290951, at *1 (W.D. La. Dec. 27, 2019) ("[T]his Court believes that it would be in the interest of judicial economy and prudent to wait and consider the attorneys' fees and costs issue after the appeal has been resolved."); *Team Contractors, LLC v. Waypoint NOLA, LLC*, No. CV 16-1131, 2021 WL 5911278, at *4 (E.D. La. Nov. 18, 2021), *report and recommendation adopted*, No. CV 16-1131, 2021 WL 5907759 (E.D. La. Dec. 14, 2021) ("Having failed to establish any prejudice from the deferral of the fee determination until after the Fifth Circuit rules and considering the substantial

---

[1] Plaintiffs recognize that this case presents an action with "more than one claim for relief . . . [and] multiple parties" under Rule 54(b), and that the Court has not explicitly "direct[ed] entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). Out of an abundance of caution, however, and to clarify future deadlines, Plaintiffs file this motion within 14 days of the Court issuing its findings of fact and conclusions of law.

resources that must be expended to determine the appropriate fee award which may be mooted by the appeal, deferral of the fee determination at this time is appropriate."). Postponing adjudication on costs and fees until the appeal is resolved would reduce the overall expenses incurred in the case, since the Parties would not have to separately litigate costs and fees issues for trial and appeal but could instead file consolidated briefing all at once.

Given the State Defendants' and Intervenor-Defendants' appeals, Plaintiffs respectfully request that the Court exercise its authority to extend the deadline to file a bill of costs and move for attorney's fees to thirty (30) days after the appeals court issues the mandate in the appeals stemming from the Court's September 28, 2024 order (Doc. 1157). If any party petitions for certiorari after the mandate issues, Plaintiffs request that the court further extend these deadlines until thirty (30) days after resolution of the petition for certiorari and any subsequent proceeding. State Defendants, Intervenor-Defendants, and the District Attorney of Travis County are unopposed to this requested relief.

Dated: October 4, 2024.                                    Respectfully submitted,

                                                           */s/ Zachary Dolling*

Zachary Dolling
Texas Bar No. 24105809
Sarah Chen*
California Bar No. 325327
Veronikah Warms*
Texas Bar No. 24132682
**TEXAS CIVIL RIGHTS PROJECT**
1405 Montopolis Drive
Austin, TX 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)
zachary@texascivilrightsproject.org
schen@texascivilrightsproject.org
veronikah@texascivilrightsproject.org

Adriana Pinon
Texas Bar No. 24089768
Thomas Buser-Clancy
Texas Bar No. 24078344
Edgar Saldivar
Texas Bar No. 24038188
Savannah Kumar
Texas Bar No. 24120098
Ashley Harris
Texas Bar No. 24123238
**ACLU FOUNDATION OF TEXAS, INC.**
5225 Katy Freeway, Suite 350
Houston, TX 77007
Telephone: (713) 942-8146
Fax: (915) 642-6752
apinon@aclutx.org
tbuser-clancy@aclutx.org
esaldivar@aclutx.org
skumar@aclutx.org
aharris@aclutx.org

Adriel I. Cepeda Derieux*
Ari Savitzky*
Sophia Lin Lakin*
Dayton Campbell-Harris
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad St., 18th Floor
New York, NY 10004
(212) 284-7334
acepedaderieux@aclu.org
asavitzky@aclu.org
slakin@aclu.org
dcampbell-harris@aclu.org

Susan Mizner*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
39 Drumm St.
San Francisco, CA 94111
(415) 343-0781 (phone)
smizner@aclu.org

Brian Dimmick*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
915 15th St. NW
Washington, DC 20005
(202) 731-2395 (phone)
bdimmick@aclu.org

LUCIA ROMANO
Texas State Bar No. 24033013
PETER HOFER
Texas State Bar No. 09777275
CHRISTOPHER MCGREAL
Texas State Bar No. 24051774
**DISABILITY RIGHTS TEXAS**
2222 West Braker Lane
Austin, Texas 78758-1024
(512) 454-4816 (phone)
(512) 454-3999 (fax)
lromano@drtx.org
phofer@drtx.org
cmcgreal@drtx.org

Patrick Stegemoeller*
**ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND**
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932 (phone)
(212) 966 4303 (fax)
pstegemoeller@aaldef.org

Jessica Ring Amunson*
**JENNER & BLOCK LLP**
1099 New York Ave. NW, Suite 900
Washington, DC 20001
(202) 639-6000
jamunson@jenner.com

***COUNSEL FOR OCA-GREATER HOUSTON PLAINTIFFS.***
*admitted *pro hac vice*

**CERTIFICATE OF CONFERENCE**

I certify that on October 2, 2024, I conferred via e-mail with counsel for all parties regarding OCA Plaintiffs' intention to seek an extension of time to seek costs and fees. Counsel for State Defendants, Intervenor-Defendants, and the District Attorney of Travis County responded as unopposed.

*/s/ Zachary Dolling*

**CERTIFICATE OF SERVICE**

By my signature below, I certify that a true and correct copy of the foregoing has been served on all counsel of record on October 4, 2024, through the Electronic Case File System of the Western District of Texas.

*/s/ Zachary Dolling*
