IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, § § *Plaintiffs*, § § v. § § STATE OF TEXAS, *et al.*, § § *Defendants*, § § HARRIS COUNTY REPUBLICAN PARTY, § *et al.*, § § *Defendant-Intervenors.* § | CIVIL ACTION NO. 5:21-cv-844-XR [Consolidated Action: Lead Case] |

### LUPE PLAINTIFFS' UNOPPOSED MOTION TO EXTEND DEADLINE FOR BILL OF COSTS AND MOTION FOR ATTORNEY'S FEES

Plaintiffs La Unión del Pueblo Entero, *et al*. ("LUPE Plaintiffs") respectfully request the Court extend their deadline to file a bill of costs and move for attorneys' fees. This motion is unopposed.

On September 28, 2024, this Court issued findings of fact and conclusions of law enjoining the Attorney General, Secretary of State of Texas, and District Attorneys of Travis County, Dallas County, Hidalgo County, and the 34th Judicial District from implementing, enforcing, or giving any effect to the Canvassing Restriction created by Section 7.04 of S.B. 1, codified at Texas Election Code § 276.015. Dkt. 1157. Two days later, the Defendants and Intervenor-Defendants filed a motion to stay the injunction pending appeal. Dkt. 1159. On October 1, 2024, the Court denied Defendants' and Intervenor-Defendants' motion to stay. Dkt. 1159; 1161. State Defendants and Intervenor-Defendants filed respective notices of appeal the same day. Dkts.

1

1162, 1163. On October 15, 2024, the Fifth Circuit granted State Defendants and Intervenor-Defendants' motion to stay the injunction pending appeal. *LUPE v. Abbott*, No. 24-50783 (5th Cir.), Dkt. 112-1.

In an action to enforce 42 U.S.C. § 1983, a "prevailing party" may seek attorneys' fees. 42. U.S.C. § 1988(b). Federal Rule of Civil Procedure 54(d)(2) states that unless a statute or a court order provides otherwise, a "claim for attorney's fees and related nontaxable expenses must be made by motion" and must "be filed no later than 14 days after the entry of judgment." Similarly, costs "should be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), and "[a] party awarded costs shall prepare and file a proposed bill of costs . . . not later than 14 days after the entry of judgment," W.D. Tex. Loc. R. CV-54(a). Understanding that this case has not ended, LUPE Plaintiffs file this motion within the prescribed 14 days of the Court issuing its findings of fact and conclusions of law as to the Canvassing Restriction in an abundance of caution and to clarify future deadlines. Fed. R. Civ. P. 54(b).

When an appeal raises questions about who may be a "prevailing party," courts may defer adjudicating issues about who is entitled to costs and fees, and extend the deadline to parties seeking costs or fees until after the appeal to preserve judicial resources. *See*, *e.g.*, *Colonial Oaks Assisted Living Lafayette v. Hannie Dev. Inc.*, No. 6:18-CV-01606, 2019 WL 7290951, at *1 (W.D. La. Dec. 27, 2019) (concluding that in the interest of judicial economy it would be prudent to "wait and consider attorneys' fees and costs" until after the pending appeal is resolved); *Team Contractors, LLC v. Waypoint NOLA, LLC*, No. CV 16-1131, 2021 WL 5911278, at *4 (E.D. La. Nov. 18, 2021), *report and recommendation adopted*, No. CV 16-1131, 2021 WL 5907759 (E.D. La. Dec. 14, 2021) ("Having failed to establish any prejudice from the deferral of the fee determination until after the Fifth Circuit rules and considering the substantial resources that must

be expended to determine the appropriate fee award which may be mooted by the appeal, deferral of the fee determination at this time is appropriate."). Postponing adjudication of costs and fees to after the pending appeal is resolved will reduce expenses incurred in this case because the Parties could file consolidated briefing all at once instead of having to separately litigate costs and fees issues for trial and appeal.

In light of the State Defendants' and Intervenor-Defendants' appeals, LUPE Plaintiffs respectfully request that their motion be granted, and that the Court extend the controlling deadline to file a bill of costs and move for attorneys' fees to thirty (30) days after the court of appeals issues its decision in the appeals stemming from this Court's September 28, 2024 order. Dkt. 1157. Should any party petition for certiorari after the mandate issues, LUPE Plaintiffs further request that the court extend these deadlines until thirty (30) days after resolution of the petition for certiorari and any subsequent proceedings therein.

Dated:  October 15, 2024

Respectfully submitted,

/s/ *Nina Perales*
Nina Perales (TX Bar No. 24005046)
Fátima L. Menéndez (TX Bar No. 24090260)
Julia R. Longoria (TX Bar No. 24070166)
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, TX 78205
Tel: (210) 224-5476; Fax: (210) 224-5382
nperales@maldef.org
fmenendez@maldef.org
jlongoria@maldef.org

Michael C. Keats*
Rebecca L. Martin*
Jason S. Kanterman*
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004

/s/ *Sean Morales-Doyle*
Sean Morales-Doyle
Patrick A. Berry*
Jasleen K. Singh*
BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
Tel: (646) 292-8310; Fax: (212) 463-7308
sean.morales-doyle@nyu.edu
patrick.berry@nyu.edu
jasleen.singh@nyu.edu

Leah J. Tulin*
BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
1140 Connecticut Avenue NW, Suite 1150
Washington, DC 20036
(202) 650-6397
tulinl@brennan.law.nyu.edu

Tel: (212) 859-8000; Fax: (212) 859-4000
michael.keats@friedfrank.com
rebecca.martin@friedfrank.com
jason.kanterman@friedfrank.com

*Attorneys for Plaintiffs*

**LA UNIÓN DEL PUEBLO ENTERO, SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT, MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS, TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION, JOLT ACTION, WILLIAM C. VELASQUEZ INSTITUTE, FIEL HOUSTON INC.**

*\*Admitted pro hac vice*

Aaron J. Curtis\*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8901
Aaron.curtis@weil.com

*Attorneys for Plaintiffs*

**FRIENDSHIP-WEST BAPTIST CHURCH, TEXAS IMPACT, JAMES LEWIN**

*\*Admitted pro hac vice*

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on October 11, 2024, counsel for LUPE Plaintiffs conferred via email with counsel for all parties concerning the subject of the instant motion. That same day, counsel for State Defendants, Intervenor-Defendants, and Dallas County Defendants indicated that they do not oppose the motion. As of the time of this filing, no other party has indicated that they oppose.

>                             */s/ Fatima L. Menendez*
>                             Fatima L. Menendez

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that she has electronically submitted a true and correct copy of the above and foregoing via the Court's electronic filing system on October 15, 2024.

>                             */s/ Fatima L. Menendez*
>                             Fatima L. Menendez