IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., § | | |
| *Plaintiffs,* § | | |
| § | | |
| v. § | | 5:21-CV-0844-XR |
| § | | [Consolidated Cases] |
| GREGORY W. ABBOTT, et al., § | | |
| *Defendants.* § | | |

## **ORDER FOR ADVISORY**

On this date, the Court considered the status of this case.

In March 2023, this Court granted Plaintiffs' motion to compel the Harris County Republican Party ("HCRP"), an intervenor in this case, to produce certain documents that had been withheld based on assertions of the legislative privilege and to produce HRCP's Chair, Alan Vera, for re-deposition based on his refusal to answer certain questions on the same basis. *See La Union del Pueblo Entero v. Abbott*, No. SA-21-CV-844-XR, 2023 WL 7384402, at *2 (W.D. Tex. Mar. 9, 2023).

In his deposition, Mr. Vera testified that he communicated extensively with legislators and legislative staff regarding S.B. 1 from June of 2020 through September 2021. He also met with several of these legislators and staff members in person and gave them documents. He further testified that he had email and phone calls with these individuals, providing legislators with proposed language for S.B. 1 and giving "feedback" to Texas State Senator Paul Bettencourt and State Representatives Jacey Jetton, Valoree Swanson, and Briscoe Cain. He wrote many notes throughout this process. His communications included discussions of mail ballot harvesting, poll watchers, penalties that should be assessed against election officials, drive-through voting, and other matters relevant to this litigation.

The Court concluded that Mr. Vera, who was neither a legislator nor a legislative staffer, could not exercise the legislative privilege.[1] Although they had not asserted the legislative privilege during written discovery or Mr. Vera's deposition,[2] the legislators appealed the Court's ruling and asserted the legislative privilege for the first time on appeal. The Fifth Circuit issued an administrative stay of the order pending appeal. *See* ECF No. 581.

Because the trial of this matter was scheduled to commenced while the appeal concerning HRCP's assertion of the legislative privilege remained pending, the Court bifurcated trial into two phases. Phase I addressed claims bearing on address S.B. 1's impact on voters. Phase II would address Plaintiff's claims alleging intentional discrimination pending the Fifth Circuit's resolution of the appeals involving the legislative privilege and any related subsequent discovery. In the Joint Pretrial Order, the Plaintiffs represented that:

> The record [will] remain open to the LULAC Plaintiffs' Voting Rights Act ("VRA") Section 2 claim, *see* ECF No. 207 ¶¶ 249–56 (Count I); the HAUL/MFV Plaintiffs' Fourteenth and Fifteenth Amendment intentional discrimination claims, as well as its VRA Section 2 claim, *see* ECF No. 199 ¶¶ 270–317 (Counts II–IV); and the LUPE Plaintiffs' Fourteenth and Fifteenth Amendment intentional discrimination claims, as well as VRA Section 2 claim, *see* ECF No. 208 ¶¶ 230-265 (Counts II–IV).

ECF No. 753 at 2 n.2.

In January 2024, following Phase I of trial, the LUPE Plaintiffs and HAUL-MFV Plaintiffs provided proposed findings of fact and conclusions of law as to their claims under Section 2 of the

---

[1] Citing a ruling in this case issued in May 2022, the Court further held that any legislative privilege had been waived because the material was shared outside the legislator/staffer relationship. In May 2023, the Fifth Circuit reversed that ruling, reasoning that "[m]eeting with 'interest' groups . . . is a part and parcel of the modern legislative procedures through which legislators receive information possibly bearing on the legislation they are to consider." *La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228, 236 (5th Cir. 2023).

[2] Counsel for the Office of the Attorney General asserted the legislative privilege during Mr. Vera's deposition. At a hearing on Plaintiffs' motion to compel, counsel acknowledged that, at the time he made these objections, he did not represent any of the legislators in question and that no legislator instructed him to make the objection on his or her behalf.

VRA. *See* ECF Nos. 854, 856. The LULAC Plaintiffs' filing noted that the trial record remained open as to its Section 2 claim. *See* ECF No. 849. While "proof of discriminatory intent is not required to establish a violation of Section 2," *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 986 F.2d 728, 741 (5th Cir. 1993), evidence of discriminatory intent can support a claim under Section 2 of the VRA. *Chisom v. Roemer*, 501 U.S. 380, 394 n.21 (1991) (explaining that Section 2 plaintiffs can "either prove [discriminatory] intent, or, alternatively, must show that the challenged system or practice, in the context of all the circumstances in the jurisdiction in question, results in minorities being denied equal access to the political process").

Several weeks after the parties had produced their proposed findings of fact and conclusions of law, the Fifth Circuit reversed the Court's ruling on HCRP's assertion of legislative privilege. *See La Union del Pueblo Entero v. Abbott*, No 93 F.4th 310 (5th Cir. 2024). Noting that the legislative privilege extends to legislators' aides and assistants, the majority found "no reasoned basis" to draw the line at those government employees. *Id.* at 321. Thus, "when a legislator brings third parties into the legislative process, those third parties may invoke the privilege on that legislator's behalf for acts done at the direction of, instruction of, or for the legislator." *Id.* at 322.

In light of the Fifth Circuit's ruling, the additional discovery that the Plaintiffs anticipated based on this Court's March 2023 order will not materialize or be admitted in a second phase of trial. Accordingly, the LULAC Plaintiffs, LUPE Plaintiffs, and HAUL-MFV Private Plaintiffs are **DIRECTED** to file an advisory **by no later than January 6, 2024**, stating:

(1) Whether they intend to proceed with their claims for intentional discrimination in violation of the Fourteenth and Fifteenth Amendments and,

(2) If the Plaintiffs intend to proceed to Phase II of trial, whether the Court should postpone issuing findings of fact and conclusions of law on their claims under Section 2 of the VRA until Phase II has concluded.

It is so **ORDERED**.

**SIGNED** this 19th day of December, 2024.

                                                     _____
                                                   XAVIER RODRIGUEZ
                                                   UNITED STATES DISTRICT JUDGE