# EXHIBIT A

Vernon's Texas Statutes and Codes Annotated
 Election Code (Refs & Annos)
  Title 7. Early Voting
   Subtitle A. Early Voting
    Chapter 84. Application for Ballot (Refs & Annos)
     Subchapter A. Application for Ballot

V.T.C.A., Election Code § 84.002

§ 84.002. Contents of Application

Currentness

(a) An early voting ballot application must include:

(1) the applicant's name and the address at which the applicant is registered to vote;

(1-a) the following information:

(A) the number of the applicant's driver's license, election identification certificate, or personal identification card issued by the Department of Public Safety;

(B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or

(C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B);

(2) for an application for a ballot to be voted by mail on the ground of absence from the county of residence, the address outside the applicant's county of residence to which the ballot is to be mailed;

(3) for an application for a ballot to be voted by mail on the ground of age or disability, the address of the hospital, nursing home or other long-term care facility, or retirement center, or of a person related to the applicant within the second degree by affinity or the third degree by consanguinity, as determined under Chapter 573, Government Code, if the applicant is living at that address and that address is different from the address at which the applicant is registered to vote;

(4) for an application for a ballot to be voted by mail on the ground of confinement in jail, the address of the jail or of a person related to the applicant within the degree described by Subdivision (3);

(5) for an application for a ballot to be voted by mail on any ground, an indication of each election for which the applicant is applying for a ballot;

(6) an indication of the ground of eligibility for early voting; and

(7) for an application for a ballot to be voted by mail on the ground of involuntary civil commitment, the address of the facility operated by or under contract with the Texas Civil Commitment Office or of a person related to the applicant within the degree of consanguinity described by Subdivision (3).

(b) An application for a ballot to be voted by mail on the ground of absence from the county of residence must indicate that the applicant satisfies the requirements prescribed by Section 82.001.

(b-1) A person may use the number of a driver's license, election identification certificate, or personal identification card that has expired for the purpose of fulfilling the requirement under Subsection (a)(1-a) if the license or identification is otherwise valid.

(c) An application for a ballot to be voted by mail on the ground of disability must require the applicant to affirmatively indicate that the applicant agrees with the statement, "I have a sickness or physical condition that prevents me from appearing at the polling place on election day without a likelihood of needing personal assistance or injuring my health," as prescribed by Section 82.002(a).

**Credits**

Acts 1985, 69th Leg., ch. 211, § 1, eff. Jan. 1, 1986. Amended by Acts 1987, 70th Leg., ch. 472, § 21, eff. Sept. 1, 1987; Acts 1991, 72nd Leg., ch. 554, § 1, eff. Sept. 1, 1991; Acts 1991, 72nd Leg., ch. 203, § 1.04; Acts 1997, 75th Leg., ch. 565, § 1, eff. Sept. 1, 1997; Acts 1997, 75th Leg., ch. 1381, § 3, eff. Sept. 1, 1997; Acts 2021, 87th Leg., ch. 711 (H.B. 3107), § 47, eff. Sept. 1, 2021; Acts 2021, 87th Leg., ch. 728 (H.B. 3920), § 3, eff. Sept. 1, 2021; Acts 2021, 87th Leg., 2nd C.S., ch. 1 (S.B. 1), § 5.02, eff. Dec. 2, 2021.

V. T. C. A., Election Code § 84.002, TX ELECTION § 84.002
Current through the end of the 2023 Regular, Second, Third and Fourth Called Sessions of the 88th Legislature, and the Nov. 7, 2023 general election.

**End of Document**                                         © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated

    Election Code (Refs & Annos)

        Title 7. Early Voting

            Subtitle A. Early Voting

                Chapter 84. Application for Ballot (Refs & Annos)

                    Subchapter A. Application for Ballot

V.T.C.A., Election Code § 84.011

§ 84.011. Official Application Form

Currentness

(a) The officially prescribed application form for an early voting ballot must include:

(1) immediately preceding the signature space the statement: "I certify that the information given in this application is true, and I understand that giving false information in this application is a crime.";

(2) a statement informing the applicant of the offenses prescribed by Sections 84.003 and 84.004;

(3) spaces for entering an applicant's voter registration number and county election precinct of registration, with a statement informing the applicant that failure to furnish that information does not invalidate the application;

(3-a) a space for entering the information required under Section 84.002(a)(1-a); and

(4) on an application for a ballot to be voted by mail:

(A) a space for an applicant applying on the ground of absence from the county of residence to indicate the date on or after which the applicant can receive mail at the address outside the county;

(B) a space for indicating the fact that an applicant whose application is signed by a witness cannot make the applicant's mark and a space for indicating the relationship or lack of relationship of the witness to the applicant;

(C) a space for entering an applicant's telephone number, with:

(i) a statement informing the applicant that failure to furnish that information does not invalidate the application; and

(ii) a statement prescribed by the secretary of state explaining the benefits of furnishing that information, including how that information assists the early voting clerk;

(D) a space or box for an applicant applying on the ground of age or disability to indicate that the address to which the ballot is to be mailed is the address of a facility or relative described by Section 84.002(a)(3), if applicable;

(E) a space or box for an applicant applying on the ground of confinement in jail or involuntary civil commitment to indicate that the address to which the ballot is to be mailed is the address of a relative described by Section 84.002(a) (4) or (7), if applicable;

(F) a space for an applicant applying on the ground of age or disability to indicate if the application is an application under Section 86.0015;

(G) spaces for entering the signature, printed name, and residence address of any person assisting the applicant;

(H) a statement informing the applicant of the condition prescribed by Section 81.005; and

(I) a statement informing the applicant of the requirement prescribed by Section 86.003(c).

(b) The officially prescribed application form for an early voting ballot to be voted by mail must be at least eight inches by nine inches in size and be printed in at least six-point type.

(c) The secretary of state shall make the statement prescribed by Subsection (a)(4)(C)(ii) available on the secretary's Internet website.

**Credits**

Acts 1985, 69th Leg., ch. 211, § 1, eff. Jan. 1, 1986. Amended by Acts 1987, 70th Leg., ch. 472, § 24, eff. Sept. 1, 1987; Acts 1991, 72nd Leg., ch. 554, § 1, eff. Sept. 1, 1991; Acts 1991, 72nd Leg., ch. 203, § 1.06; Acts 1997, 75th Leg., ch. 565, § 3, eff. Sept. 1, 1997; Acts 1997, 75th Leg., ch. 864, § 72, eff. Sept. 1, 1997; Acts 1997, 75th Leg., ch. 1381, § 5, eff. Sept. 1, 1997; Acts 2003, 78th Leg., ch. 393, § 10, eff. Sept. 1, 2003; Acts 2015, 84th Leg., ch. 1050 (H.B. 1927), § 4, eff. Sept. 1, 2015; Acts 2021, 87th Leg., ch. 711 (H.B. 3107), § 50, eff. Sept. 1, 2021; Acts 2021, 87th Leg., 2nd C.S., ch. 1 (S.B. 1), § 5.03, eff. Dec. 2, 2021; Acts 2023, 88th Leg., ch. 469 (H.B. 315), § 1, eff. Sept. 1, 2023.

V. T. C. A., Election Code § 84.011, TX ELECTION § 84.011
Current through the end of the 2023 Regular, Second, Third and Fourth Called Sessions of the 88th Legislature, and the Nov. 7, 2023 general election.

**End of Document**                                     © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Election Code (Refs & Annos)
        Title 7. Early Voting
            Subtitle A. Early Voting
                Chapter 86. Conduct of Voting by Mail (Refs & Annos)

V.T.C.A., Election Code § 86.001

§ 86.001. Reviewing Application and Providing Ballot

Currentness

(a) The early voting clerk shall review each application for a ballot to be voted by mail.

(b) If the applicant is entitled to vote an early voting ballot by mail, the clerk shall provide an official ballot to the applicant as provided by this chapter.

(c) Except as provided by Section 86.008, if the applicant is not entitled to vote by mail, the clerk shall reject the application, enter on the application "rejected" and the reason for and date of rejection, and deliver written notice of the reason for the rejection to the applicant at both the residence address and mailing address on the application. A ballot may not be provided to an applicant whose application is rejected.

(d) If the application does not include the applicant's correct voter registration number or county election precinct of residence, the clerk shall enter the appropriate information on the application before providing a ballot to the applicant.

(e) If the applicant does not have an effective voter registration for the election, the clerk shall reject the application unless the clerk can determine from the voter registrar that the applicant has submitted a voter registration application and the registration will be effective on election day.

(f) If the information required under Section 84.002(a)(1-a) included on the application does not identify the same voter identified on the applicant's application for voter registration under Section 13.002(c)(8), the clerk shall reject the application.

(f-1) If an application is rejected under Subsection (f), the clerk shall provide notice of the rejection in accordance with Subsection (c). The notice must include information regarding the ability to correct or add information required under Section 84.002(a)(1-a) through the online tool described by Section 86.015(c).

(f-2) If an applicant corrects an application for a ballot to be voted by mail online and that application subsequently identifies the same voter identified on the applicant's application for voter registration, the clerk shall provide a ballot to the applicant as provided by this chapter.

(g) If a ballot is provided to the applicant, the clerk shall indicate beside the applicant's name on the list of registered voters that a ballot to be voted by mail was provided to the applicant and the date of providing the ballot unless the form of the list makes it impracticable to do so.

**Credits**

Acts 1985, 69th Leg., ch. 211, § 1, eff. Jan. 1, 1986. Amended by Acts 1987, 70th Leg., ch. 472, § 26, eff. Sept. 1, 1987; Acts 1991, 72nd Leg., ch. 203, § 2.12; Acts 1991, 72nd Leg., ch. 554, § 1, eff. Sept. 1, 1991; Acts 1997, 75th Leg., ch. 1381, § 13, eff. Sept. 1, 1997; Acts 2013, 83rd Leg., ch. 1178 (S.B. 910), § 23, eff. Sept. 1, 2013; Acts 2021, 87th Leg., 2nd C.S., ch. 1 (S.B. 1), § 5.07, eff. Dec. 2, 2021.

V. T. C. A., Election Code § 86.001, TX ELECTION § 86.001
Current through the end of the 2023 Regular, Second, Third and Fourth Called Sessions of the 88th Legislature, and the Nov. 7, 2023 general election.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

2021 Tex. Sess. Law Serv. 2nd Called Sess. Ch. 1 (S.B. 1) (VERNON'S)

VERNON'S TEXAS SESSION LAW SERVICE 2021

Eighty-Seventh Legislature, 2021 Second Called Session

Additions are indicated by **Text**; deletions by ~~Text~~ .
Vetoes are indicated by ~~Text~~ ;
stricken material by ~~**Text**~~ .

CHAPTER 1

S.B. No. 1

ELECTION INTEGRITY AND SECURITY, INCLUDING BY PREVENTING FRAUD IN THE CONDUCT OF
ELECTIONS IN THIS STATE; INCREASING CRIMINAL PENALTIES; CREATING CRIMINAL OFFENSES

AN ACT

relating to election integrity and security, including by preventing fraud in the conduct
of elections in this state; increasing criminal penalties; creating criminal offenses.

Be it enacted by the Legislature of the State of Texas:

**ARTICLE 1. GENERAL PROVISIONS**

SECTION 1.01. SHORT TITLE. This Act may be cited as the Election Integrity Protection Act of 2021.

SECTION 1.02. PURPOSE. The purpose of this Act is to exercise the legislature's constitutional authority under Section 4, Article VI, Texas Constitution, to make all laws necessary to detect and punish fraud.

SECTION 1.03. FINDINGS. The legislature finds that:

(1) full, free, and fair elections are the underpinnings of a stable constitutional democracy;

(2) fraud in elections threatens the stability of a constitutional democracy by undermining public confidence in the legitimacy of public officers chosen by election;

(3) reforms are needed to the election laws of this state to ensure that fraud does not undermine the public confidence in the electoral process;

(4) the reforms to the election laws of this state made by this Act are not intended to impair the right of free suffrage guaranteed to the people of Texas by the United States and Texas Constitutions, but are enacted solely to prevent fraud in the electoral process and ensure that all legally cast ballots are counted. Integral to the right to vote is the assurance of voter access and the right for all votes legally cast to be counted;

(5) additionally, preventing a valid vote from being counted violates the basic constitutional rights guaranteed to each citizen by the United States Constitution; and

(6) providing for voter access and increasing the stability of a constitutional democracy ensures public confidence in the legitimacy of public officers chosen by election.

SECTION 1.04. Chapter 1, Election Code, is amended by adding Section 1.0015 to read as follows:

Case 5:21-cv-00844-XR   Document 1207-1   Filed 03/21/25   Page 9 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

<< TX ELECTION § 1.0015 >>

**Sec. 1.0015. LEGISLATIVE INTENT. It is the intent of the legislature that the application of this code and the conduct of elections be uniform and consistent throughout this state to reduce the likelihood of fraud in the conduct of elections, protect the secrecy of the ballot, promote voter access, and ensure that all legally cast ballots are counted.**

SECTION 1.05. Section 1.003, Election Code, is amended by adding Subsection (a–1) to read as follows:

<< TX ELECTION § 1.003 >>

**(a–1) Election officials and other public officials shall strictly construe the provisions of this code to effect the intent of the legislature under Section 1.0015.**

SECTION 1.06. Section 1.005, Election Code, is amended by amending Subdivision (4–a) and adding Subdivision (4–b) to read as follows:

<< TX ELECTION § 1.005 >>

(4–a) **"Election official" means:**

    **(A) a county clerk;**

    **(B) a permanent or temporary deputy county clerk;**

    **(C) an elections administrator;**

    **(D) a permanent or temporary employee of an elections administrator;**

    **(E) an election judge;**

    **(F) an alternate election judge;**

    **(G) an early voting clerk;**

    **(H) a deputy early voting clerk;**

    **(I) an election clerk;**

    **(J) the presiding judge of an early voting ballot board;**

    **(K) the alternate presiding judge of an early voting ballot board;**

    **(L) a member of an early voting ballot board;**

    **(M) the chair of a signature verification committee;**

    **(N) the vice chair of a signature verification committee;**

    **(O) a member of a signature verification committee;**

    **(P) the presiding judge of a central counting station;**

    **(Q) the alternate presiding judge of a central counting station;**

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 10 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

**(R) a central counting station manager;**

**(S) a central counting station clerk;**

**(T) a tabulation supervisor;**

**(U) an assistant to a tabulation supervisor; and**

**(V) a chair of a county political party holding a primary election or a runoff primary election.**

**(4–b)** "Federal judge" means:

(A) a judge, former judge, or retired judge of a United States court of appeals;

(B) a judge, former judge, or retired judge of a United States district court;

(C) a judge, former judge, or retired judge of a United States bankruptcy court; or

(D) a magistrate judge, former magistrate judge, or retired magistrate judge of a United States district court.

SECTION 1.07. Section 1.018, Election Code, is amended to read as follows:

<< TX ELECTION § 1.018 >>

Sec. 1.018. APPLICABILITY OF PENAL CODE. In addition to Section 1.03, Penal Code, and to other titles of the Penal Code that may apply to this code, **Titles 2 and** [Title ] 4, Penal Code, **apply** [applies ] to offenses prescribed by this code.

SECTION 1.08. Chapter 1, Election Code, is amended by adding Section 1.022 to read as follows:

<< TX ELECTION § 1.022 >>

**Sec. 1.022. REASONABLE ACCOMMODATION OR MODIFICATION. A provision of this code may not be interpreted to prohibit or limit the right of a qualified individual with a disability from requesting a reasonable accommodation or modification to any election standard, practice, or procedure mandated by law or rule that the individual is entitled to request under federal or state law.**

### ARTICLE 2. REGISTRATION OF VOTERS

SECTION 2.01. Section 13.002, Election Code, is amended by adding Subsection (c–1) to read as follows:

<< TX ELECTION § 13.002 >>

**(c–1) The information required under Subsections (c)(3), (4), (5), (6), and (8) must be supplied by the person desiring to register to vote.**

SECTION 2.02. Section 13.007, Election Code, is amended to read as follows:

<< TX ELECTION § 13.007 >>

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 11 of 48

Sec. 13.007. FALSE STATEMENT ON APPLICATION. (a) A person commits an offense if the person knowingly **or intentionally:**

**(1)** makes a false statement**;** or

**(2)** requests, commands, **coerces,** or attempts to induce another person to make a false statement on a registration application.

(b) An offense under this section is a Class **A** [B ] misdemeanor**, except that an offense under this section is a state jail felony if the person:**

**(1) directly or through a third party offers or provides compensation or other benefit to a person for activity described by Subsection (a); or**

**(2) solicits, receives, or accepts compensation or other benefit for an activity described by Subsection (a)**.

(c) **If conduct that constitutes an offense under this section also constitutes an offense under another law, the actor may be prosecuted under this section, the other law, or both.** [For purposes of this code, an offense under this section is considered to be perjury, but may be prosecuted only under this section. ]

SECTION 2.03. Section 15.021, Election Code, is amended by amending Subsections (b) and (d) and adding Subsections (d–1) and (d–2) to read as follows:

<< TX ELECTION § 15.021 >>

(b) **Except as provided by Subsection (d), the** [The ] voter shall use the registration certificate or a registration application form as the notice, indicating the correct information in the appropriate space on the certificate or application form unless the voter does not have possession of the certificate or an application form at the time of giving the notice.

(d) A voter [who continues to reside in the county in which the voter is registered ] may correct information under this section by digital transmission of the information under a program administered by the secretary of state and the Department of Information Resources.

**(d–1) If the notice indicates that a voter no longer resides in the county in which the voter is registered, the registrar shall forward the notice and the voter's application for registration to the registrar of the county in which the voter resides. The registrars shall coordinate to ensure that the voter's existing registration is canceled immediately after the voter is registered in the county in which the voter resides in accordance with Subsection (d–2).**

**(d–2) A registrar who receives a voter's notice and application from another registrar under Subsection (d–1) shall treat it as an original application for registration under Section 13.002, and shall register the voter if the voter resides in the county and is otherwise eligible under Section 13.001.**

SECTION 2.04. Section 15.028, Election Code, is amended to read as follows:

<< TX ELECTION § 15.028 >>

Sec. 15.028. NOTICE OF UNLAWFUL VOTING **OR REGISTRATION** [TO PROSECUTOR ]. [(a) ] If the registrar determines that a person who is not **eligible to vote registered to vote or** [a registered voter ] voted in an election, the registrar shall**, within 72 hours not including weekends after making the determination,** execute and deliver to the **attorney general, the secretary of state, and the** county or district attorney having jurisdiction in the territory covered by the election an affidavit stating the relevant facts.

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 12 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

[(b) If the election covers territory in more than one county, the registrar shall also deliver an affidavit to the attorney general.]

SECTION 2.05. Section 16.0332, Election Code, is amended by amending Subsection (a) and adding Subsections (a–1), (d), and (e) to read as follows:

<< TX ELECTION § 16.0332 >>

(a) After the registrar receives **notification** [a list] under **Subsection (a–1) of this section,** Section 18.068 of this code**,** or Section 62.113, Government Code, of persons excused or disqualified from jury service because of citizenship status **or notification of persons who indicate a lack of citizenship status in connection with a motor vehicle or Department of Public Safety record as provided by Subsection (a–1)**, the registrar shall deliver to each registered voter whose name appears on the list a written notice requiring the voter to submit to the registrar proof of United States citizenship in the form of a certified copy of the voter's birth certificate, United States passport, or certificate of naturalization or any other form prescribed by the secretary of state. The notice shall be delivered by forwardable mail to the mailing address on the voter's registration application and to any new address of the voter known to the registrar.

**(a–1) The secretary of state shall enter into an agreement with the Department of Public Safety under which information in the existing statewide computerized voter registration list is compared against information in the database of the Department of Public Safety on a monthly basis to verify the accuracy of citizenship status information previously provided on voter registration applications. In comparing information under this subsection, the secretary of state shall consider only a voter's information in the database of the Department of Public Safety that was derived from documents presented by the voter to the department after the person's current voter registration became effective, and may not consider information derived from documents presented by the voter to the department before the person's current voter registration became effective.**

**(d) The secretary of state shall prescribe rules for the administration of this section.**

**(e) Not later than December 31 of each year, the secretary of state shall provide a report to the legislature of the number of voter registrations canceled under this section during the calendar year.**

SECTION 2.06. Section 18.065, Election Code, is amended by adding Subsections (e), (f), (g), (h), and (i) to read as follows:

<< TX ELECTION § 18.065 >>

**(e) If the secretary of state determines that a voter registrar is not in substantial compliance with a requirement imposed on the registrar by a provision or rule described in Subsection (a), the secretary of state shall:**

   **(1) for the first violation, require the registrar to attend a training course under Subsection (h);**

   **(2) for the second violation, audit the voter registration list for the county in which the registrar serves to determine the actions needed to achieve substantial compliance under Subsection (a) and provide the results of the audit to the registrar; or**

   **(3) for a third or subsequent violation, if the secretary of state determines that the registrar has not performed any overt actions in pursuance of compliance with the actions identified under Subdivision (2) as necessary for the registrar to achieve substantial compliance under Subsection (a) within 14 days of receiving the results of the audit conducted under that subsection, inform the attorney general that the county which the registrar serves may be subject to a civil penalty under Subsection (f).**

ELECTION INTEGRITY AND SECURITY, INCLUDING BY:..., 2021 Tex. Sess. Law...

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 13 of 48

**(f) A county is liable to this state for a civil penalty of $1,000 for each day after the 14th day following the receipt of the results of the audit conducted under Subsection (e)(2) that the county's voter registrar fails to take overt action to comply with the actions identified under that subsection as necessary for the registrar to achieve substantial compliance under Subsection (a). The attorney general may bring an action to recover a civil penalty imposed under this section.**

**(g) A civil penalty collected by the attorney general under this section shall be deposited in the state treasury to the credit of the general revenue fund.**

**(h) The secretary of state shall develop and implement a training course for registrars on substantial compliance with Sections 15.083, 16.032, and 18.061 and with rules implementing the statewide computerized voter registration list.**

**(i) The secretary of state shall adopt rules and prescribe procedures for the implementation of this section.**

SECTION 2.07. Section 18.068, Election Code, is amended by amending Subsection (a) and adding Subsection (a–1) to read as follows:

<< TX ELECTION § 18.068 >>

(a) The secretary of state shall quarterly compare the information received under Section 16.001 of this code and **Sections** [~~Section~~ ] 62.113 **and 62.114**, Government Code, to the statewide computerized voter registration list. If the secretary determines that a voter on the registration list is deceased or has been excused or disqualified from jury service because the voter is not a citizen **or a resident of the county in which the voter is registered to vote**, the secretary shall send notice of the determination to the voter registrar of the counties considered appropriate by the secretary.

**(a–1) The secretary of state is not required to send notice under Subsection (a) for a voter who is subject to an exemption from jury service under Section 62.106, Government Code, if that exemption is the only reason the voter is excused from jury service.**

SECTION 2.08. Section 31.006, Election Code, is amended to read as follows:

<< TX ELECTION § 31.006 >>

Sec. 31.006. REFERRAL [~~OF COMPLAINT~~ ] TO ATTORNEY GENERAL. (a) If, after receiving **or discovering information indicating that** [~~a complaint alleging~~ ] criminal conduct in connection with an election **has occurred**, the secretary of state determines that there is reasonable cause to suspect that [~~the alleged~~ ] criminal conduct occurred, the secretary shall promptly refer the **information** [~~complaint~~ ] to the attorney general. The secretary shall deliver to the attorney general all pertinent documents **and information** in the secretary's possession.

(b) The documents **and information** submitted under Subsection (a) are not considered public information until:

(1) the secretary of state makes a determination that the **information** [~~complaint~~ ] received does not warrant an investigation; or

(2) if referred to the attorney general, the attorney general has completed the investigation or has made a determination that the **information** [~~complaint~~ ] referred does not warrant an investigation.

SECTION 2.09. Subchapter B, Chapter 87, Election Code, is amended by adding Section 87.028 to read as follows:

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 14 of 48

<< TX ELECTION § 87.028 >>

**Sec. 87.028. ACCESS TO INFORMATION. (a) On request, a county election official shall provide to a member of an early voting ballot board all available information necessary to fulfilling the functions of the board, including any information from the statewide computerized voter registration list under Section 18.061.**

**(b) On request, a county election official shall provide to a member of a signature verification committee all available information necessary to fulfilling the functions of the committee, including any information from the statewide computerized voter registration list under Section 18.061.**

**(c) The secretary of state shall adopt rules as necessary to prevent a member of an early voting ballot board or signature verification committee from retaining or sharing personally identifiable information from the statewide computerized voter registration list under Section 18.061 obtained under this section for any reason unrelated to the official's official duties.**

SECTION 2.10. Section 62.113(b), Government Code, is amended to read as follows:

<< TX GOVT § 62.113 >>

(b) On the third business day of each month, the clerk shall send a copy of the list of persons excused or disqualified because of citizenship in the previous month to:

   (1) the voter registrar of the county;

   (2) the secretary of state; and

   (3) the county or district attorney[, as applicable,] for an investigation of whether the person committed an offense under Section 13.007, Election Code, or other law.

SECTION 2.11. Sections 62.114(b) and (c), Government Code, are amended to read as follows:

<< TX GOVT § 62.114 >>

(b) On the third business day of each month, the clerk shall send [to the voter registrar of the county] a copy of the list of persons excused or disqualified in the previous month because the persons do not reside in the county **to:**

   **(1) the voter registrar of the county; and**

   **(2) the secretary of state**.

(c) A list compiled under this section may not be used for a purpose other than a purpose described by Subsection (b) or Section 15.081 **or 18.068**, Election Code.

### ARTICLE 3. CONDUCT AND SECURITY OF ELECTIONS

SECTION 3.01. Section 2.053(a), Election Code, is amended to read as follows:

<< TX ELECTION § 2.053 >>

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 15 of 48

(a) On receipt of the certification, the governing body of the political subdivision by order or ordinance **shall** [may ] declare each unopposed candidate elected to the office. If no election is to be held on election day by the political subdivision, a copy of the order or ordinance shall be posted on election day at each polling place used or that would have been used in the election.

SECTION 3.02. Section 2.056(c), Election Code, is amended to read as follows:

<< TX ELECTION § 2.056 >>

(c) A certifying authority **shall** [may ] declare a candidate elected to an office of the state or county government if, were the election held, only the votes cast for that candidate in the election for that office may be counted.

SECTION 3.03. Sections 43.007(c) and (d), Election Code, are amended to read as follows:

<< TX ELECTION § 43.007 >>

(c) In conducting the program, the secretary of state shall provide for an audit of the **voting system equipment** [direct recording electronic voting units ] before and after the election, and during the election to the extent such an audit is practicable.

(d) The secretary of state shall select to participate in the program each county that:

(1) has held a public hearing under Subsection (b);

(2) has submitted documentation listing the steps taken to solicit input on participating in the program by organizations or persons who represent the interests of voters;

(3) has implemented a computerized voter registration list that allows an election officer at the polling place to verify that a voter has not previously voted in the election;

(4) uses direct recording electronic voting machines**, ballot marking devices, or hand-marked scannable paper ballots that are printed and scanned at the polling place or any other type of voting system equipment that the secretary of state determines is capable of processing votes for each type of ballot to be voted in the county**; and

(5) is determined by the secretary of state to have the appropriate technological capabilities.

SECTION 3.04. Section 43.031(b), Election Code, is amended to read as follows:

<< TX ELECTION § 43.031 >>

(b) Each polling place shall be located inside a building. **No voter may cast a vote from inside a motor vehicle unless the voter meets the requirements of Section 64.009.**

SECTION 3.05. Section 52.092(a), Election Code, is amended to read as follows:

<< TX ELECTION § 52.092 >>

(a) **Except as provided by Section 2.053(c) or 2.056(e), for** [For ] an election at which offices regularly filled at the general election for state and county officers are to appear on the ballot, the offices shall be listed in the following order:

(1) offices of the federal government;

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 16 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

(2) offices of the state government:

    (A) statewide offices;

    (B) district offices;

(3) offices of the county government:

    (A) county offices;

    (B) precinct offices.

SECTION 3.06. Section 61.002, Election Code, is amended to read as follows:

<< TX ELECTION § 61.002 >>

Sec. 61.002. OPENING **AND CLOSING** POLLING PLACE FOR VOTING. **(a) Immediately before opening the polls for voting on the first day of early voting and on election day, the presiding election judge or alternate election judge shall confirm that each voting machine has any public counter reset to zero and shall print the tape that shows the counter was set to zero for each candidate or measure on the ballot.**

**(b)** At the official time for opening the polls for voting, an election officer shall open the polling place entrance and admit the voters.

**(c) Immediately after closing the polls for voting on election day, the presiding election judge or alternate election judge shall print the tape to show the number of votes cast for each candidate or ballot measure for each voting machine.**

**(d) Each election judge or alternate election judge present shall sign a tape printed under this section.**

SECTION 3.07. Section 64.007(c), Election Code, is amended to read as follows:

<< TX ELECTION § 64.007 >>

(c) An election officer shall maintain a register of spoiled ballots at the polling place. An election officer shall enter on the register the name of each voter who returns a spoiled ballot and the spoiled ballot's number. **The secretary of state shall create and promulgate a form to be used for this purpose.**

SECTION 3.08. Subchapter A, Chapter 66, Election Code, is amended by adding Section 66.004 to read as follows:

<< TX ELECTION § 66.004 >>

**Sec. 66.004. POLLING PLACE CHECKLISTS. The secretary of state shall adopt rules and create a checklist or similar guidelines to assist the presiding judge of a polling place in processing forms and conducting procedures required by this code at the opening and closing of the polling place.**

SECTION 3.09. Section 85.005, Election Code, is amended to read as follows:

<< TX ELECTION § 85.005 >>

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 17 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

Sec. 85.005. REGULAR DAYS AND HOURS FOR VOTING. (a) Except as provided by Subsection (c), in an election in which a county clerk [or city secretary ] is the early voting clerk under Section 83.002 [or 83.005 ], early voting by personal appearance at the main early voting polling place shall be conducted on **each weekday of** [the weekdays of ] the early voting period **that is not a legal state holiday** and **for a period of at least nine hours, except that voting may not be conducted earlier than 6 a.m. or later than 10 p.m.** [during the hours that the county clerk's or city secretary's main business office is regularly open for business. ]

(b) In an election to which Subsection (a) does not apply, early voting by personal appearance at the main early voting polling place shall be conducted at least **nine** [eight ] hours each weekday of the early voting period that is not a legal state holiday unless the territory covered by the election has fewer than 1,000 registered voters. In that case, the voting shall be conducted at least **four** [three ] hours each day. The authority ordering the election, or the county clerk if that person is the early voting clerk, shall determine which hours the voting is to be conducted.

(c) In a county with a population of **55,000** [100,000 ] or more, the voting in a primary election or the general election for state and county officers shall be conducted at the main early voting polling place for at least 12 hours on each weekday of the last week of the early voting period, and the voting in a special election ordered by the governor shall be conducted at the main early voting polling place for at least 12 hours on each of the last two days of the early voting period. **Voting under this subsection may not be conducted earlier than 6 a.m. or later than 10 p.m.** Voting shall be conducted in accordance with this subsection in those elections in a county with a population under **55,000** [100,000 ] on receipt by the early voting clerk of a written request for the extended hours submitted by at least 15 registered voters of the county. The request must be submitted in time to enable compliance with Section 85.067.

(d) **A voter who has not voted before the scheduled time for closing a polling place is entitled to vote after that time if the voter is in line at the polling place by closing time. The secretary of state shall promulgate any materials and provide any training to presiding judges necessary to properly process voters under this subsection** [In an election ordered by a city, early voting by personal appearance at the main early voting polling place shall be conducted for at least 12 hours: ]

[(1) on one weekday, if the early voting period consists of less than six weekdays; or ]

[(2) on two weekdays, if the early voting period consists of six or more weekdays ].

SECTION 3.10. Sections 85.006(b) and (e), Election Code, are amended to read as follows:

<< TX ELECTION § 85.006 >>

(b) In an election in which a county clerk [or city secretary ] is the early voting clerk under Section 83.002 [or 83.005 ], only the early voting clerk may order voting on a Saturday or Sunday. The clerk must do so by written order.

(e) In a primary election or the general election for state and county officers in a county with a population of **55,000** [100,000 ] or more, the early voting clerk shall order **voting by** personal appearance [voting ] at the main early voting polling place to be conducted **on the last Saturday of the early voting period** for at least 12 hours**, except that voting may not be conducted earlier than 6 a.m. or later than 10 p.m.,** [on the last Saturday ] and **on the last Sunday of the early voting period** for at least **six** [five ] hours**, except that voting may not be conducted earlier than 9 a.m. or later than 10 p.m** [on the last Sunday of the early voting period ]. The early voting clerk shall order voting to be conducted at those times in those elections in a county with a population under **55,000** [100,000 ] on receipt of a written request for those hours submitted by at least 15 registered voters of the county. The request must be submitted in time to enable compliance with Section 85.007. This subsection supersedes any provision of this subchapter to the extent of any conflict.

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 18 of 48

SECTION 3.11. Section 85.010(a–1), Election Code, is amended to read as follows:

<< TX ELECTION § 85.010 >>

(a–1) In this section, "eligible county polling place" means an early voting polling place[, ~~other than a polling place established under Section 85.062(c),~~ ] established by a county.

SECTION 3.12. Section 85.061(a), Election Code, is amended to read as follows:

<< TX ELECTION § 85.061 >>

(a) In a countywide election in which the county clerk is the early voting clerk under Section 83.002, an early voting polling place shall be located **inside** [~~at~~ ] each branch office that is regularly maintained for conducting general clerical functions of the county clerk, except as provided by Subsection (b). **If a suitable room is unavailable inside the branch office, the polling place may be located in another room inside the same building as the branch office.**

SECTION 3.13. Section 85.062, Election Code, is amended by amending Subsection (b) and adding Subsection (f–1) to read as follows:

<< TX ELECTION § 85.062 >>

(b) A polling place established under this section may be located, subject to Subsection (d), at any place in the territory served by the early voting clerk and may be located **inside** [~~in~~ ] any **building** [~~stationary structure~~ ] as directed by the authority establishing the branch office. The polling place may **not** be located in a movable structure in the general election for state and county officers, general primary election, or runoff primary election. Ropes or other suitable objects may be used at the polling place to ensure compliance with Section 62.004. Persons who are not expressly permitted by law to be in a polling place shall be excluded from the polling place to the extent practicable.

**(f–1) Notwithstanding any other provision of this section concerning the location of temporary branch polling places, in an election in which countywide polling places are used, the commissioners court of a county shall employ the same methodology it uses to determine the location of countywide polling places to determine the location of temporary branch polling places.**

SECTION 3.14. Section 87.002, Election Code, is amended to read as follows:

<< TX ELECTION § 87.002 >>

Sec. 87.002. COMPOSITION OF BOARD. (a) The early voting ballot board consists of a presiding judge**, an alternate presiding judge,** and at least **one** [~~two~~ ] other **member** [~~members~~ ].

(b) Except as provided by Subsection (d), the presiding judge **and the alternate presiding judge are** [~~is~~ ] appointed in the same manner as a presiding election judge **and alternate presiding election judge, respectively**. Except as provided by Subsection (c), **each** [~~the~~ ] other **member is** [~~members are~~ ] appointed by the presiding judge in the same manner as the precinct election clerks.

(c) In the general election for state and county officers, each county chair of a political party with nominees on the general election ballot shall submit to the county election board a list of names of persons eligible to serve on the early voting ballot board **in order of the county chair's preference**. The county election board shall appoint at least one person from each list to serve as a member of the early voting ballot board. The same number of members must be appointed from each list. **The county**

ELECTION INTEGRITY AND SECURITY, INCLUDING BY:..., 2021 Tex. Sess. Law...

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 19 of 48

**election board shall appoint persons as members of the early voting ballot board in the order of preference indicated on each list.**

(d) In addition to the members appointed under Subsection (c), the county election board shall appoint **as** the presiding judge **the highest-ranked person on** [from ] the list provided under that subsection by the political party whose nominee for governor received the most votes in the county in the most recent gubernatorial general election **and as the alternate presiding judge the highest-ranked person on the list provided under that subsection by the political party whose nominee for governor received the second most votes in the county in the most recent gubernatorial general election**.

SECTION 3.15. Section 124.002, Election Code, is amended by adding Subsection (c) to read as follows:

<< TX ELECTION § 124.002 >>

**(c) Voting system ballots may not be arranged in a manner that allows a political party's candidates to be selected in one motion or gesture.**

SECTION 3.16. Sections 127.006(a) and (c), Election Code, are amended to read as follows:

<< TX ELECTION § 127.006 >>

(a) **The** [Both the ] manager**,** [ and ] the presiding judge**, and the alternate presiding judge** may appoint clerks to serve at the central counting station.

(c) A clerk appointed by the manager serves under the manager and shall perform the functions directed by the manager. A clerk appointed by the presiding judge **or the alternate presiding judge** serves under the presiding judge and shall perform the functions directed by the presiding judge.

SECTION 3.17. Subchapter A, Chapter 127, Election Code, is amended by adding Section 127.009 to read as follows:

<< TX ELECTION § 127.009 >>

**Sec. 127.009. ELECTRONIC DEVICES IN CENTRAL COUNTING STATION. (a) A counting station manager and the presiding judge of the counting station shall develop a protocol under which any electronic device inside a central counting station that is necessary to count votes is equipped with software that tracks all input and activity on the electronic device.**

**(b) The counting station manager and the presiding judge of the counting station shall ensure that the input and activity tracked by the software is delivered to the secretary of state not later than the fifth day after vote counting is complete.**

**(c) This section applies only to a central counting station located in a county with a population of 250,000 or more.**

SECTION 3.18. Section 127.1232, Election Code, is amended to read as follows:

<< TX ELECTION § 127.1232 >>

Sec. 127.1232. SECURITY OF VOTED BALLOTS. **(a)** The general custodian of election records shall post a **licensed peace officer** [guard ] to ensure the security of ballot boxes containing voted ballots throughout the period of tabulation at the central counting station.

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 20 of 48

**(b) The general custodian of election records in a county with a population of 100,000 or more shall implement a video surveillance system that retains a record of all areas containing voted ballots:**

**(1) from the time the voted ballots are delivered to the central counting station until the canvass of precinct election returns; and**

**(2) from the time the voted ballots are delivered to the signature verification committee or early voting ballot board until the canvass of precinct election returns.**

**(c) A video from a system implemented under Subsection (b) shall be made available to the public by a livestream.**

**(d) The video recorded is an election record under Section 1.012 and shall be retained by the general custodian of election records until the end of the calendar year in which an election is held or until an election contest filed in the county has been resolved, whichever is later.**

SECTION 3.19. Chapter 127, Election Code, as effective September 1, 2021, is amended by adding Subchapter J to read as follows:

T. 8 Ch. 127 Subch. J

**SUBCHAPTER J. RANDOMIZED AUDITS**

<< TX ELECTION § 127.351 >>

**Sec. 127.351. RANDOMIZED COUNTY AUDITS. (a) Immediately after the uniform election date in November of an even-numbered year, the secretary of state shall conduct an audit of the elections held in four counties during the previous two years.**

**(b) The secretary of state shall select the counties to be audited under Subsection (a) at random, except that:**

**(1) two of the counties selected must have a total population of less than 300,000;**

**(2) two of the counties selected must have a total population of 300,000 or more; and**

**(3) a county selected in the most recent audit cycle may not be selected in the current audit cycle.**

**(c) A county selected to be audited may not pay the cost of performing an audit under this section.**

**(d) The secretary of state shall adopt rules as necessary to implement this section.**

**ARTICLE 4. ELECTION OFFICERS AND OBSERVERS**

SECTION 4.01. Section 32.075, Election Code, is amended by adding Subsections (g) and (h) to read as follows:

<< TX ELECTION § 32.075 >>

**(g) A presiding judge may not have a watcher duly accepted for service under Subchapter A, Chapter 33, removed from the polling place for violating a provision of this code or any other provision of law relating to the conduct of elections, other than a violation of the Penal Code, unless the violation was observed by an election judge or clerk.**

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 21 of 48

**(h) Notwithstanding Subsection (g), a presiding judge may call a law enforcement officer to request that a poll watcher be removed if the poll watcher commits a breach of the peace or a violation of law.**

SECTION 4.02. Subchapter A, Chapter 33, Election Code, is amended by adding Section 33.0015 to read as follows:

<< TX ELECTION § 33.0015 >>

**Sec. 33.0015. CHAPTER PURPOSE AND WATCHER DUTY. The purpose of this chapter is to preserve the integrity of the ballot box in accordance with Section 4, Article VI, Texas Constitution, by providing for the appointment of watchers. It is the intent of the legislature that watchers duly accepted for service under this chapter be allowed to observe and report on irregularities in the conduct of any election, but may not interfere in the orderly conduct of an election. To effect that purpose, a watcher appointed under this chapter shall observe without obstructing the conduct of an election and call to the attention of an election officer any observed or suspected irregularity or violation of law in the conduct of the election.**

SECTION 4.03. Subchapter A, Chapter 33, Election Code, is amended by adding Section 33.0016 to read as follows:

<< TX ELECTION § 33.0016 >>

**Sec. 33.0016. REFERENCES TO EARLY VOTING BALLOT BOARD IN THIS CHAPTER. A reference in this chapter to an early voting ballot board includes a signature verification committee.**

SECTION 4.04. Subchapter A, Chapter 33, Election Code, is amended by adding Section 33.008 to read as follows:

<< TX ELECTION § 33.008 >>

**Sec. 33.008. TRAINING PROGRAM. The secretary of state shall develop and maintain a training program for watchers. The training program must:**

    **(1) be available:**

        **(A) entirely via the Internet; and**

        **(B) at any time, without a requirement for prior registration; and**

    **(2) provide a watcher who completes the training with a certificate of completion.**

SECTION 4.05. Section 33.031, Election Code, is amended by adding Subsection (b) to read as follows:

<< TX ELECTION § 33.031 >>

**(b) In addition to the requirements of Subsection (a), to be eligible to serve as a watcher, a person must complete training under Section 33.008.**

SECTION 4.06. Section 33.051, Election Code, is amended by amending Subsections (a), (b), (d), and (e) and adding Subsections (a–1), (g), and (h) to read as follows:

<< TX ELECTION § 33.051 >>

Case 5:21-cv-00844-XR   Document 1207-1   Filed 03/21/25   Page 22 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

(a) A watcher appointed to serve at a precinct polling place, a meeting place for an early voting ballot board, or a central counting station must deliver **the following materials** [a certificate of appointment ] to the presiding judge at the time the watcher reports for service**:**

   **(1) a certificate of appointment; and**

   **(2) a certificate of completion from training completed by the watcher under Section 33.008**.

**(a–1)** A watcher appointed to serve at an early voting polling place must deliver **the certificates under Subsection (a)** [a certificate of appointment ] to the early voting clerk or deputy clerk in charge of the polling place when the watcher first reports for service.

(b) The officer presented with a watcher's **certificates** [certificate of appointment ] shall require the watcher to countersign the certificate **of appointment** to ensure that the watcher is the same person who signed the certificate **of appointment**. Except as provided by Subsection (c), a watcher who presents himself or herself at the proper time with **the certificates required under Subsection (a)** [a certificate of appointment ] shall be accepted for service unless the person is ineligible to serve or the number of appointees to which the appointing authority is entitled have already been accepted.

(d) The **certificates** [certificate ] of a watcher serving at an early voting polling place shall be retained at the polling place until voting at the polling place is concluded. At each subsequent time that the watcher reports for service, the watcher shall inform the clerk or deputy in charge. The officer may require the watcher to sign the watcher's name in the officer's presence, for comparison with the signature on the certificate **of appointment**, if the officer is uncertain of the watcher's identity.

(e) If a watcher is not accepted for service, the **certificates** [certificate of appointment ] shall be returned to the watcher with a signed statement of the reason for the rejection.

**(g) An election officer commits an offense if the officer intentionally or knowingly refuses to accept a watcher for service when acceptance of the watcher is required by this section. An offense under this subsection is a Class A misdemeanor.**

**(h) Before accepting a watcher, the officer presented with a watcher's certificate of appointment shall require the watcher to take the following oath, administered by the officer: "I swear (or affirm) that I will not disrupt the voting process or harass voters in the discharge of my duties."**

SECTION 4.07. Section 33.056, Election Code, is amended by amending Subsection (a) and adding Subsections (e) and (f) to read as follows:

<< TX ELECTION § 33.056 >>

(a) Except as provided by Section 33.057, a watcher is entitled to observe any activity conducted at the location at which the watcher is serving. A watcher is entitled to sit or stand [conveniently ] near **enough to see and hear** the election officers conducting the observed activity**, except as otherwise prohibited by this chapter**.

**(e) Except as provided by Section 33.057(b), a watcher may not be denied free movement where election activity is occurring within the location at which the watcher is serving.**

**(f) In this code, a watcher who is entitled to "observe" an election activity is entitled to sit or stand near enough to see and hear the activity.**

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

Case 5:21-cv-00844-XR   Document 1207-1   Filed 03/21/25   Page 23 of 48

SECTION 4.08. Subchapter C, Chapter 33, Election Code, is amended by adding Section 33.0605 to read as follows:

<< TX ELECTION § 33.0605 >>

**Sec. 33.0605. OBSERVING DATA STORAGE SEALING AND TRANSFER. (a) A watcher appointed to serve at a polling place in an election who is available at the time of the action may observe all election activities relating to closing the polling place, including the sealing and transfer of a memory card, flash drive, hard drive, data storage device, or other medium now existing or later developed used by the voting system equipment.**

**(b) Notwithstanding any other provision of this code, a watcher duly accepted for service at a polling location is entitled to follow the transfer of election materials from the polling place at which the watcher was accepted to a regional tabulating center, the central counting station, or any other location designated to process election materials. The authority responsible for administering a regional tabulating center or another location where election materials are processed must accept duly appointed watchers for service in the same manner a watcher is accepted for service under Section 33.051 and must accept the same number of watchers that may serve under Section 33.007(a).**

SECTION 4.09. Section 33.061(a), Election Code, is amended to read as follows:

<< TX ELECTION § 33.061 >>

(a) A person commits an offense if the person serves in an official capacity at a location at which the presence of watchers is authorized and knowingly prevents a watcher from observing an activity **or procedure** the **person knows the** watcher is entitled to observe**, including by taking any action to obstruct the view of a watcher or distance the watcher from the activity or procedure to be observed in a manner that would make observation not reasonably effective**.

SECTION 4.10. Subchapter C, Chapter 33, Election Code, is amended by adding Section 33.063 to read as follows:

<< TX ELECTION § 33.063 >>

**Sec. 33.063. RELIEF. The appointing authority for a watcher who believes that the watcher was unlawfully prevented or obstructed from the performance of the watcher's duties may seek:**

  **(1) injunctive relief under Section 273.081, including issuance of temporary orders;**

  **(2) a writ of mandamus under Section 161.009 or 273.061; and**

  **(3) any other remedy available under law.**

SECTION 4.11. Section 34.005, Election Code, is amended to read as follows:

<< TX ELECTION § 34.005 >>

Sec. 34.005. ACTION BY SECRETARY OF STATE. **(a)** The secretary of state may refer a reported violation of law for appropriate action to the attorney general, if the attorney general has jurisdiction, or to a prosecuting attorney having jurisdiction.

**(b) If the secretary of state believes that a state inspector was unlawfully prevented or obstructed from the performance of the inspector's duties, the secretary of state may seek:**

  **(1) injunctive relief under Section 273.081, including issuance of temporary orders;**

Case 5:21-cv-00844-XR   Document 1207-1   Filed 03/21/25   Page 24 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

**(2) a writ of mandamus under Section 161.009 or 273.061; and**

**(3) any other remedy available under law.**

SECTION 4.12. Section 86.006, Election Code, is amended by amending Subsection (a) and adding Subsection (a–2) to read as follows:

<< TX ELECTION § 86.006 >>

(a) A marked ballot voted under this chapter must be returned to the early voting clerk in the official carrier envelope. The carrier envelope may be delivered in another envelope and must be transported and delivered only by:

(1) mail;

(2) common or contract carrier; or

(3) subject to **Subsections** [Subsection ] (a–1) **and (a–2)**, in-person delivery by the voter who voted the ballot.

**(a–2) An in-person delivery of a marked ballot voted under this chapter must be received by an election official at the time of delivery. The receiving official shall record the voter's name, signature, and type of identification provided under Section 63.0101 on a roster prescribed by the secretary of state. The receiving official shall attest on the roster that the delivery complies with this section.**

SECTION 4.13. Chapter 121, Election Code, is amended by adding Section 121.004 to read as follows:

<< TX ELECTION § 121.004 >>

**Sec. 121.004. COMMUNICATIONS WITH VOTING SYSTEMS VENDOR PUBLIC INFORMATION. (a) Except as provided by Subsection (b), a written letter, e-mail, or other communication, including a communication made confidential by other law, between a public official and a voting systems vendor:**

**(1) is not confidential;**

**(2) is public information for purposes of Chapter 552, Government Code; and**

**(3) is not subject to an exception to disclosure provided by Chapter 552, Government Code, other than Sections 552.110 and 552.1101, Government Code.**

**(b) A written letter, e-mail, or other communication between a public official and a voting systems vendor is excepted from disclosure under Chapter 552, Government Code, if the communication discloses information, data, or records relating to the security of elections critical infrastructure.**

SECTION 4.14. Section 127.1301, Election Code, is amended to read as follows:

<< TX ELECTION § 127.1301 >>

Sec. 127.1301. [TALLYING, TABULATING, AND REPORTING ] CENTRALLY COUNTED OPTICAL SCAN **BALLOTS** [BALLOT UNDERVOTES AND OVERVOTES ]. **(a)** In an election using centrally counted optical scan ballots, the undervotes and overvotes on those ballots shall be tallied, tabulated, and reported by race and by election precinct in the form and manner prescribed by the secretary of state.

ELECTION INTEGRITY AND SECURITY, INCLUDING BY:..., 2021 Tex. Sess. Law...

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 25 of 48

**(b) An authority operating a central counting station under this chapter may not purchase or use a centrally counted optical ballot scan system that uses a data storage disc on which information, once written, is capable of being modified.**

**(c) An authority that purchases system components in order to comply with this section is eligible to have 100 percent of the cost of those system components reimbursed.**

**(d) Subsection (b) applies starting on the earlier of:**

    **(1) the date on which the state certifies the first centrally counted optical ballot scan system under this section; or**

    **(2) September 1, 2026.**

**(e) This subsection and Subsection (d) expire October 1, 2026.**

SECTION 4.15. Section 127.131, Election Code, is amended by adding Subsection (f) to read as follows:

<< TX ELECTION § 127.131 >>

**(f) The presiding judge of the central counting station shall provide and attest to a written reconciliation of votes and voters at the close of tabulation for election day and again after the central counting station meets for the last time to process late-arriving ballots by mail and provisional ballots. The secretary of state shall create and promulgate rules and a form to facilitate compliance with this subsection. The form shall be posted on a website maintained by the county along with election returns and results.**

SECTION 4.16. Section 129.023, Election Code, is amended by adding Subsections (b–2) and (c–1) to read as follows:

<< TX ELECTION § 129.023 >>

**(b–2) If the test is being conducted for an election in which a county election board has been established under Section 51.002, the general custodian of election records shall notify each member of the board of the test at least 48 hours before the date of the test. If the county election board chooses to witness the test, each member shall sign the statement required by Subsection (e)(1).**

**(c–1) A test conducted under this section must also require the general custodian of election records to demonstrate, using a representative sample of voting system equipment, that the source code of the equipment has not been altered.**

### ARTICLE 5. VOTING BY MAIL

SECTION 5.01. Section 84.001(b), Election Code, is amended to read as follows:

<< TX ELECTION § 84.001 >>

(b) **Subject to Section 1.011, an** [An ] application must be **submitted** in writing and signed by the applicant **using ink on paper**. An electronic signature **or photocopied signature** is not permitted.

SECTION 5.02. Section 84.002, Election Code, as effective September 1, 2021, is amended by amending Subsection (a) and adding Subsection (b–1) to read as follows:

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 26 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

<< TX ELECTION § 84.002 >>

(a) An early voting ballot application must include:

(1) the applicant's name and the address at which the applicant is registered to vote;

**(1–a) the following information:**

**(A) the number of the applicant's driver's license, election identification certificate, or personal identification card issued by the Department of Public Safety;**

**(B) if the applicant has not been issued a number described by Paragraph (A), the last four digits of the applicant's social security number; or**

**(C) a statement by the applicant that the applicant has not been issued a number described by Paragraph (A) or (B);**

(2) for an application for a ballot to be voted by mail on the ground of absence from the county of residence, the address outside the applicant's county of residence to which the ballot is to be mailed;

(3) for an application for a ballot to be voted by mail on the ground of age or disability, the address of the hospital, nursing home or other long-term care facility, or retirement center, or of a person related to the applicant within the second degree by affinity or the third degree by consanguinity, as determined under Chapter 573, Government Code, if the applicant is living at that address and that address is different from the address at which the applicant is registered to vote;

(4) for an application for a ballot to be voted by mail on the ground of confinement in jail, the address of the jail or of a person related to the applicant within the degree described by Subdivision (3);

(5) for an application for a ballot to be voted by mail on any ground, an indication of each election for which the applicant is applying for a ballot;

(6) an indication of the ground of eligibility for early voting; and

(7) for an application for a ballot to be voted by mail on the ground of involuntary civil commitment, the address of the facility operated by or under contract with the Texas Civil Commitment Office or of a person related to the applicant within the degree of consanguinity described by Subdivision (3).

**(b–1) A person may use the number of a driver's license, election identification certificate, or personal identification card that has expired for the purpose of fulfilling the requirement under Subsection (a)(1–a) if the license or identification is otherwise valid.**

SECTION 5.03. Section 84.011(a), Election Code, as effective September 1, 2021, is amended to read as follows:

<< TX ELECTION § 84.011 >>

(a) The officially prescribed application form for an early voting ballot must include:

(1) immediately preceding the signature space the statement: "I certify that the information given in this application is true, and I understand that giving false information in this application is a crime.";

(2) a statement informing the applicant of the offenses prescribed by Sections 84.003 and 84.004;

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 27 of 48

(3) spaces for entering an applicant's voter registration number and county election precinct of registration, with a statement informing the applicant that failure to furnish that information does not invalidate the application;

**(3–a) a space for entering the information required under Section 84.002(a)(1–a);** and

(4) on an application for a ballot to be voted by mail:

(A) a space for an applicant applying on the ground of absence from the county of residence to indicate the date on or after which the applicant can receive mail at the address outside the county;

(B) a space for indicating the fact that an applicant whose application is signed by a witness cannot make the applicant's mark and a space for indicating the relationship or lack of relationship of the witness to the applicant;

(C) a space for entering an applicant's telephone number, with a statement informing the applicant that failure to furnish that information does not invalidate the application;

(D) a space or box for an applicant applying on the ground of age or disability to indicate that the address to which the ballot is to be mailed is the address of a facility or relative described by Section 84.002(a)(3), if applicable;

(E) a space or box for an applicant applying on the ground of confinement in jail or involuntary civil commitment to indicate that the address to which the ballot is to be mailed is the address of a relative described by Section 84.002(a)(4) or (7), if applicable;

(F) a space for an applicant applying on the ground of age or disability to indicate if the application is an application under Section 86.0015;

(G) spaces for entering the signature, printed name, and residence address of any person assisting the applicant;

(H) a statement informing the applicant of the condition prescribed by Section 81.005; and

(I) a statement informing the applicant of the requirement prescribed by Section 86.003(c).

SECTION 5.04. Subchapter A, Chapter 84, Election Code, is amended by adding Section 84.0111 to read as follows:

<< TX ELECTION § 84.0111 >>

**Sec. 84.0111. DISTRIBUTION OF APPLICATION FORM. (a) Except as provided by Subsection (c) or as otherwise authorized by this code, an officer or employee of this state or of a political subdivision of this state may not distribute an application form for an early voting ballot to a person who did not request an application under Section 84.001.**

**(b) An officer or employee of this state or of a political subdivision of this state may not use public funds to facilitate the distribution by another person of an application form for an early voting ballot to a person who did not request an application under Section 84.001.**

**(c) A political party or a candidate for office may distribute an application form for an early voting ballot to a person who did not request an application under Section 84.001.**

SECTION 5.05. Section 84.032(c), Election Code, is amended to read as follows:

<< TX ELECTION § 84.032 >>

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 28 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

(c) An applicant may submit a request after the close of early voting by personal appearance by appearing in person and:

(1) returning the ballot to be voted by mail to the early voting clerk; or

(2) executing an affidavit that the applicant:

(A) has not received the ballot to be voted by mail; [or ]

(B) never requested a ballot to be voted by mail**; or**

**(C) received notice of a defect under Section 87.0271(b) or (c) or 87.0411(b) or (c)**.

SECTION 5.06. Section 84.035, Election Code, is amended to read as follows:

<< TX ELECTION § 84.035 >>

Sec. 84.035. BALLOT SENT TO APPLICANT. **(a)** If the early voting clerk cancels an application by an applicant to whom an early voting ballot has been sent, the clerk shall:

(1) remove the applicant's name from the early voting roster; and

(2) make any other entries in the records and take any other action necessary to prevent the ballot from being counted if returned.

**(b) An election judge may permit a person to whom an early voting ballot has been sent who cancels the person's application for a ballot to be voted by mail in accordance with Section 84.032 but fails to return the ballot to be voted by mail to the early voting clerk, deputy early voting clerk, or presiding judge as provided by that section to vote only a provisional ballot under Section 63.011.**

SECTION 5.07. Section 86.001, Election Code, is amended by adding Subsections (f), (f–1), and (f–2) to read as follows:

<< TX ELECTION § 86.001 >>

**(f) If the information required under Section 84.002(a)(1–a) included on the application does not identify the same voter identified on the applicant's application for voter registration under Section 13.002(c)(8), the clerk shall reject the application.**

**(f–1) If an application is rejected under Subsection (f), the clerk shall provide notice of the rejection in accordance with Subsection (c). The notice must include information regarding the ability to correct or add information required under Section 84.002(a)(1–a) through the online tool described by Section 86.015(c).**

**(f–2) If an applicant corrects an application for a ballot to be voted by mail online and that application subsequently identifies the same voter identified on the applicant's application for voter registration, the clerk shall provide a ballot to the applicant as provided by this chapter.**

SECTION 5.08. Section 86.002, Election Code, is amended by adding Subsections (g), (h), and (i) to read as follows:

<< TX ELECTION § 86.002 >>

**(g) The carrier envelope must include a space that is hidden from view when the envelope is sealed for the voter to enter the following information:**

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 29 of 48

**(1) the number of the voter's driver's license, election identification certificate, or personal identification card issued by the Department of Public Safety;**

**(2) if the voter has not been issued a number described by Subdivision (1), the last four digits of the voter's social security number; or**

**(3) a statement by the applicant that the applicant has not been issued a number described by Subdivision (1) or (2).**

**(h) A person may use the number of a driver's license, election identification certificate, or personal identification card that has expired for purposes of Subsection (g) if the license or identification is otherwise valid.**

**(i) No record associating an individual voter with a ballot may be created.**

SECTION 5.09. Section 86.011(c), Election Code, is amended to read as follows:

<< TX ELECTION § 86.011 >>

(c) If the return is not timely, the clerk shall enter the time of receipt on the carrier envelope and retain it **in a locked container** for the period for preserving the precinct election records. The clerk shall destroy the unopened envelope and its contents after the preservation period.

SECTION 5.10. Section 86.015(c), Election Code, as effective September 1, 2021, is amended to read as follows:

<< TX ELECTION § 86.015 >>

(c) An online tool used under this section must:

(1) for each election, record:

(A) each application for a ballot to be voted by mail received by the clerk; and

(B) each carrier envelope sent to a voter by the clerk;

(2) for each carrier envelope, record or assign a serially numbered and sequentially issued barcode or tracking number that is unique to each envelope; [and ]

(3) update the applicable Internet website as soon as practicable after each of the following events occurs:

(A) receipt by the early voting clerk of the person's application for a ballot to be voted by mail;

(B) acceptance or rejection by the early voting clerk of the person's application for a ballot to be voted by mail;

(C) placement in the mail by the early voting clerk of the person's official ballot;

(D) receipt by the early voting clerk of the person's marked ballot; and

(E) acceptance or rejection by the early voting ballot board of a person's marked ballot**; and**

**(4) allow a voter to add or correct information required under Section 84.002(a)(1–a) or Section 86.002(g)**.

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 30 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

SECTION 5.11. Sections 87.027(d), (e), and (i), Election Code, are amended to read as follows:

<< TX ELECTION § 87.027 >>

(d) The early voting clerk shall determine the number of members who are to compose the signature verification committee and shall state that number in the order calling for the committee's appointment. A committee must consist of not fewer than five members. In an election in which party alignment is indicated on the ballot, each county chair of a political party with a nominee or aligned candidate on the ballot shall submit to the appointing authority a list of names of persons eligible to serve on the signature verification committee **in order of the county chair's preference**. The authority shall appoint at least two persons from each list **in order of preference indicated on each list** to serve as members of the committee. The same number of members must be appointed from each list. The authority shall appoint **as** [the ] chair of the committee **the highest-ranked person on** [from ] the list provided by the political party whose nominee for governor received the most votes in the county in the most recent gubernatorial general election. **The authority shall appoint as vice chair of the committee the highest-ranked person on the list provided by the political party whose nominee for governor received the second most votes in the county in the most recent gubernatorial general election.** A vacancy on the committee shall be filled by appointment from the original list or from a new list submitted by the appropriate county chair.

(e) To be eligible to serve on a signature verification committee, a person must **be eligible under Subchapter C, Chapter 32, for service as a presiding election judge, except that the person must** be a qualified voter:

(1) of the county, in a countywide election ordered by the governor or a county authority or in a primary election;

(2) of the part of the county in which the election is held, for an election ordered by the governor or a county authority that does not cover the entire county of the person's residence; or

(3) of the political subdivision, in an election ordered by an authority of a political subdivision other than a county.

(i) The signature verification committee shall compare the signature on each carrier envelope certificate, except those signed for a voter by a witness, with the signature on the voter's ballot application to determine whether the signatures are those of the voter. The committee may also compare the signatures with any **known signature** [two or more signatures ] of the voter [made within the preceding six years and ] on file with the county clerk or voter registrar to determine whether the signatures are those of the voter. Except as provided by Subsection (l), a determination under this subsection that the signatures are not those of the voter must be made by a majority vote of the committee's membership. The committee shall place the jacket envelopes, carrier envelopes, and applications of voters whose signatures are not those of the voter in separate containers from those of voters whose signatures are those of the voter. The committee chair shall deliver the sorted materials to the early voting ballot board at the time specified by the board's presiding judge.

SECTION 5.12. Subchapter B, Chapter 87, Election Code, is amended by adding Section 87.0271 to read as follows:

<< TX ELECTION § 87.0271 >>

**Sec. 87.0271. OPPORTUNITY TO CORRECT DEFECT: SIGNATURE VERIFICATION COMMITTEE. (a) This section applies to an early voting ballot voted by mail:**

**(1) for which the voter did not sign the carrier envelope certificate;**

**(2) for which it cannot immediately be determined whether the signature on the carrier envelope certificate is that of the voter;**

**(3) missing any required statement of residence;**

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 31 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

**(4) missing information or containing incorrect information required under Section 84.002(a)(1–a) or Section 86.002; or**

**(5) containing incomplete information with respect to a witness.**

**(b) Not later than the second business day after a signature verification committee discovers a defect described by Subsection (a) and before the committee decides whether to accept or reject a timely delivered ballot under Section 87.027, the committee shall:**

**(1) determine if it would be possible for the voter to correct the defect and return the carrier envelope before the time the polls are required to close on election day; and**

**(2) return the carrier envelope to the voter by mail, if the committee determines that it would be possible for the voter to correct the defect and return the carrier envelope before the time the polls are required to close on election day.**

**(c) If the signature verification committee determines under Subsection (b)(1) that it would not be possible for the voter to correct the defect and return the carrier envelope before the time the polls are required to close on election day, the committee may notify the voter of the defect by telephone or e-mail and inform the voter that the voter may request to have the voter's application to vote by mail canceled in the manner described by Section 84.032 or come to the early voting clerk's office in person not later than the sixth day after election day to correct the defect.**

**(d) If the signature verification committee takes an action described by Subsection (b) or (c), the committee must take either action described by that subsection with respect to each ballot in the election to which this section applies.**

**(e) A poll watcher is entitled to observe an action taken under Subsection (b) or (c).**

**(f) The secretary of state may prescribe any procedures necessary to implement this section.**

**(g) Notwithstanding any other law, a ballot may not be finally rejected for a reason listed in Section 87.041(b)(1), (2), or (6) before the seventh day after election day.**

SECTION 5.13. Section 87.041, Election Code, is amended by amending Subsections (b) and (e) and adding Subsection (d–1) to read as follows:

<< TX ELECTION § 87.041 >>

(b) A ballot may be accepted only if:

(1) the carrier envelope certificate is properly executed;

(2) neither the voter's signature on the ballot application nor the signature on the carrier envelope certificate is determined to have been executed by a person other than the voter, unless signed by a witness;

(3) the voter's ballot application states a legal ground for early voting by mail;

(4) the voter is registered to vote, if registration is required by law;

(5) the address to which the ballot was mailed to the voter, as indicated by the application, was outside the voter's county of residence, if the ground for early voting is absence from the county of residence;

(6) for a voter to whom a statement of residence form was required to be sent under Section 86.002(a), the statement of residence is returned in the carrier envelope and indicates that the voter satisfies the residence requirements prescribed by Section 63.0011; [and ]

(7) the address to which the ballot was mailed to the voter is an address that is otherwise required by Sections 84.002 and 86.003**; and**

**(8) the information required under Section 86.002(g) provided by the voter identifies the same voter identified on the voter's application for voter registration under Section 13.002(c)(8)**.

**(d–1) If a voter provides the information required under Section 86.002(g) and it identifies the same voter identified on the voter's application for voter registration under Section 13.002(c)(8), the signature on the ballot application and on the carrier envelope certificate shall be rebuttably presumed to be the signatures of the voter.**

(e) In making the determination under Subsection (b)(2), **to determine whether the signatures are those of the voter,** the board may also compare the signatures with any **known signature** [two or more signatures ] of the voter [made within the preceding six years and ] on file with the county clerk or voter registrar [to determine whether the signatures are those of the voter ].

SECTION 5.14. Subchapter C, Chapter 87, Election Code, is amended by adding Section 87.0411 to read as follows:

<< TX ELECTION § 87.0411 >>

**Sec. 87.0411. OPPORTUNITY TO CORRECT DEFECT: EARLY VOTING BALLOT BOARD. (a) This section applies to an early voting ballot voted by mail:**

**(1) for which the voter did not sign the carrier envelope certificate;**

**(2) for which it cannot immediately be determined whether the signature on the carrier envelope certificate is that of the voter;**

**(3) missing any required statement of residence;**

**(4) missing information or containing incorrect information required under Section 84.002(a)(1–a) or Section 86.002; or**

**(5) containing incomplete information with respect to a witness.**

**(b) Not later than the second business day after an early voting ballot board discovers a defect described by Subsection (a) and before the board decides whether to accept or reject a timely delivered ballot under Section 87.041, the board shall:**

**(1) determine if it would be possible for the voter to correct the defect and return the carrier envelope before the time the polls are required to close on election day; and**

**(2) return the carrier envelope to the voter by mail, if the board determines that it would be possible for the voter to correct the defect and return the carrier envelope before the time the polls are required to close on election day.**

**(c) If the early voting ballot board determines under Subsection (b)(1) that it would not be possible for the voter to correct the defect and return the carrier envelope before the time the polls are required to close on election day, the board may notify the voter of the defect by telephone or e-mail and inform the voter that the voter may request to have the voter's application to vote by mail canceled in the manner described by Section 84.032 or come to the early voting clerk's office in person not later than the sixth day after election day to correct the defect.**

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 33 of 48

**(d) If the early voting ballot board takes an action described by Subsection (b) or (c), the board must take either action described by that subsection with respect to each ballot in the election to which this section applies.**

**(e) A poll watcher is entitled to observe an action taken under Subsection (b) or (c).**

**(f) The secretary of state may prescribe any procedures necessary to implement this section.**

**(g) Notwithstanding any other law, a ballot may not be finally rejected for a reason listed in Section 87.041(b)(1), (2), or (6) before the seventh day after election day.**

SECTION 5.15. Section 87.0431(b), Election Code, is amended to read as follows:

<< TX ELECTION § 87.0431 >>

(b) The early voting clerk shall, not later than the 30th day after election day, deliver notice to the attorney general, including certified copies of the carrier envelope and corresponding ballot application, of any ballot rejected because:

(1) the voter was deceased;

(2) the voter already voted in person in the same election;

(3) the signatures on the carrier envelope and ballot application were not executed by the same person;

(4) the carrier envelope certificate lacked a witness signature; [or  ]

(5) the carrier envelope certificate was improperly executed by an assistant**; or**

**(6) the early voting ballot board or the signature verification committee determined that another violation of the Election Code occurred**.

SECTION 5.16. Sections 87.062(a) and (c), Election Code, are amended to read as follows:

<< TX ELECTION § 87.062 >>

(a) On the direction of the presiding judge, the early voting ballot board, in accordance with Section 85.032(b), shall open the **containers** [container  ] for the early voting ballots that are to be counted by the board, remove the contents from **each** [the  ] container, and remove any ballots enclosed in ballot envelopes from their envelopes.

(c) **Ballots voted by mail shall be tabulated and stored separately from the ballots voted by personal appearance and shall be separately reported on the returns** [The results of all early voting ballots counted by the board under this subchapter shall be included in the same return  ].

SECTION 5.17. Section 87.103, Election Code, is amended to read as follows:

<< TX ELECTION § 87.103 >>

Sec. 87.103. COUNTING BALLOTS AND PREPARING RETURNS. (a) The early voting electronic system ballots counted at a central counting station**, the ballots cast at precinct polling places, and the ballots voted by mail** shall be tabulated separately [from the ballots cast at precinct polling places  ] and shall be separately reported on the returns.

Case 5:21-cv-00844-XR   Document 1207-1   Filed 03/21/25   Page 34 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

(b) The early voting returns prepared at the central counting station must include any early voting results obtained by the early voting ballot board under **Subchapter** [~~Subchapters~~ ] D [~~and E~~ ].

SECTION 5.18. Section 87.126, Election Code, is amended by adding Subsection (a–1) to read as follows:

<< TX ELECTION § 87.126 >>

**(a–1) Electronic records made under this section shall record both sides of any application, envelope, or ballot recorded, and all such records shall be provided to the early voting ballot board, the signature verification committee, or both.**

SECTION 5.19. Subchapter G, Chapter 87, Election Code, is amended by adding Section 87.128 to read as follows:

<< TX ELECTION § 87.128 >>

**Sec. 87.128. NOTES. (a) Each member of an early voting ballot board and each member of a signature verification committee is entitled to take any notes reasonably necessary to perform the member's duties under this chapter.**

**(b) Notes taken under this section may not contain personally identifiable information.**

**(c) Each member who takes notes under this section shall sign the notes and deliver them to the presiding judge or committee chair, as applicable, for delivery to the custodian of election records.**

**(d) Notes collected under this section shall be preserved in the same manner as precinct election records under Section 66.058.**

### ARTICLE 6. ASSISTANCE OF VOTERS

SECTION 6.01. Section 64.009, Election Code, is amended by amending Subsection (b) and adding Subsections (e), (f), (f–1), (g), and (h) to read as follows:

<< TX ELECTION § 64.009 >>

(b) The regular voting procedures**, except those in Subchapter B,** may be modified by the election officer to the extent necessary to conduct voting under this section.

**(e) Except as provided by Section 33.057, a poll watcher is entitled to observe any activity conducted under this section.**

**(f) A person who simultaneously assists seven or more voters voting under this section by providing the voters with transportation to the polling place must complete and sign a form, provided by an election officer, that contains the person's name and address and whether the person is providing assistance solely under this section or under both this section and Subchapter B.**

**(f–1) Subsection (f) does not apply if the person is related to each voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code.**

**(g) A form completed under Subsection (f) shall be delivered to the secretary of state as soon as practicable. The secretary shall retain a form delivered under this section for the period for preserving the precinct election records and shall make the form available to the attorney general for inspection upon request.**

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 35 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

**(h) The secretary of state shall prescribe the form described by Subsection (f).**

SECTION 6.02. Section 64.031, Election Code, is amended to read as follows:

<< TX ELECTION § 64.031 >>

Sec. 64.031. ELIGIBILITY FOR ASSISTANCE. A voter is eligible to receive assistance in marking **or reading** the ballot, as provided by this subchapter, if the voter cannot prepare **or read** the ballot because of:

   (1) a physical disability that renders the voter unable to write or see; or

   (2) an inability to read the language in which the ballot is written.

SECTION 6.03. Subchapter B, Chapter 64, Election Code, is amended by adding Section 64.0322 to read as follows:

<< TX ELECTION § 64.0322 >>

**Sec. 64.0322. SUBMISSION OF FORM BY ASSISTANT. (a) A person, other than an election officer, who assists a voter in accordance with this chapter is required to complete a form stating:**

   **(1) the name and address of the person assisting the voter;**

   **(2) the relationship to the voter of the person assisting the voter; and**

   **(3) whether the person assisting the voter received or accepted any form of compensation or other benefit from a candidate, campaign, or political committee.**

**(b) The secretary of state shall prescribe the form required by this section. The form must be incorporated into the official carrier envelope if the voter is voting an early voting ballot by mail and receives assistance under Section 86.010, or must be submitted to an election officer at the time the voter casts a ballot if the voter is voting at a polling place or under Section 64.009.**

SECTION 6.04. Section 64.034, Election Code, is amended to read as follows:

<< TX ELECTION § 64.034 >>

Sec. 64.034. OATH. A person**, other than an election officer,** selected to provide assistance to a voter must take the following oath, administered by an election officer at the polling place, before providing assistance:

"I swear (or affirm) **under penalty of perjury** that **the voter I am assisting represented to me they are eligible to receive assistance;** I will not suggest, by word, sign, or gesture, how the voter should vote; I will confine my assistance to **reading the ballot to the voter, directing the voter to read the ballot, marking the voter's ballot, or directing the voter to mark the ballot;** [~~answering the voter's questions, to stating propositions on the ballot, and to naming candidates and, if listed, their political parties;~~ ] I will prepare the voter's ballot as the voter directs; **I did not pressure or coerce the voter into choosing me to provide assistance;** [~~and~~ ] I am not the voter's employer, an agent of the voter's employer, or an officer or agent of a labor union to which the voter belongs**; I will not communicate information about how the voter has voted to another person; and I understand that if assistance is provided to a voter who is not eligible for assistance, the voter's ballot may not be counted**."

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 36 of 48

SECTION 6.05. Sections 86.010(e), (h), and (i), Election Code, are amended to read as follows:

<< TX ELECTION § 86.010 >>

(e) A person who assists a voter to prepare a ballot to be voted by mail shall enter **on the official carrier envelope of the voter:**

**(1)** the person's signature, printed name, and residence address**;**

**(2) the relationship of the person providing the assistance to the voter; and**

**(3) whether the person received or accepted any form of compensation or other benefit from a candidate, campaign, or political committee in exchange for providing assistance** [on the official carrier envelope of the voter ].

(h) Subsection (f) does not apply**:**

**(1) to a violation of Subsection (c),** if the person is related to the voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code, or was physically living in the same dwelling as the voter at the time of the event**; or**

**(2) to a violation of Subsection (e), if the person is related to the voter within the second degree by affinity or the third degree by consanguinity, as determined under Subchapter B, Chapter 573, Government Code**.

(i) An offense under this section **for a violation of Subsection (c)** is increased to the next higher category of offense if it is shown on the trial of an offense under this section that:

(1) the defendant was previously convicted of an offense under this code;

(2) the offense involved a voter 65 years of age or older; or

(3) the defendant committed another offense under this section in the same election.

SECTION 6.06. Section 86.0105, Election Code, is amended by amending Subsections (a), (c), and (e) and adding Subsection (f) to read as follows:

<< TX ELECTION § 86.0105 >>

(a) A person commits an offense if the person:

(1) compensates **or offers to compensate** another person for assisting voters as provided by Section 86.010[, as part of any performance-based compensation scheme based on the number of voters assisted or in which another person is presented with a quota of voters to be assisted as provided by Section 86.010 ]; **or**

(2) **solicits, receives, or** [engages in another practice that causes another person's compensation from or employment status with the person to be dependent on the number of voters assisted as provided by Section 86.010; or

[(3) with knowledge that accepting compensation for such activity is illegal, ] accepts compensation for an activity described by Subdivision (1) [or (2) ].

(c) An offense under this section is a state jail felony [if it is shown on the trial of an offense under this section that the defendant was previously convicted two or more times under this section ].

(e) For purposes of this section, compensation means **an economic benefit as defined by Section 38.01, Penal Code** [~~any form of monetary payment, goods, services, benefits, or promises or offers of employment, or any other form of consideration offered to another person in exchange for assisting voters~~ ].

**(f) This section does not apply if the person assisting a voter is an attendant or caregiver previously known to the voter.**

SECTION 6.07. Section 86.013(b), Election Code, is amended to read as follows:

<< TX ELECTION § 86.013 >>

(b) Spaces must appear on the reverse side of the official carrier envelope for:

 (1) indicating the identity and date of the election; [~~and~~ ]

 (2) entering the signature, printed name, and residence address of a person other than the voter who deposits the carrier envelope in the mail or with a common or contract carrier**; and**

 **(3) indicating the relationship of that person to the voter**.

SECTION 6.08. (a) The secretary of state shall conduct a study regarding the implementation of educational programs, including the production and publication on the secretary of state's Internet website of instructional videos, to help voters with disabilities understand how to use voting systems used in this state.

(b) Not later than December 1, 2022, the secretary of state shall submit to the standing committees of the legislature with jurisdiction over elections a report on the study required by this section.

(c) The secretary of state, using existing resources, may contract with a qualified vendor to conduct the study required by this section.

(d) This section expires December 1, 2023.

### ARTICLE 7. FRAUD AND OTHER UNLAWFUL PRACTICES

SECTION 7.01. Chapter 63, Election Code, is amended by adding Section 63.0111 to read as follows:

<< TX ELECTION § 63.0111 >>

**Sec. 63.0111. OFFENSES RELATED TO PROVISIONAL VOTING. (a) An election judge commits an offense if the judge knowingly provides a voter with a form for an affidavit required by Section 63.001 if the form contains information that the judge entered on the form knowing it was false.**

**(b) An offense under this section is a state jail felony.**

SECTION 7.02. Sections 276.004(a) and (b), Election Code, are amended to read as follows:

<< TX ELECTION § 276.004 >>

(a) A person commits an offense if, with respect to another person over whom the person has authority in the scope of employment, the person knowingly:

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 38 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

(1) refuses to permit the other person to be absent from work on election day **or while early voting is in progress** for the purpose of attending the polls to vote; or

(2) subjects or threatens to subject the other person to a penalty for attending the polls on election day **or while early voting is in progress** to vote.

(b) It is an exception to the application of this section that the person's conduct occurs in connection with an election in which the polls are open on election day **or while early voting is in progress** for voting for two consecutive hours outside of the voter's working hours.

SECTION 7.03. Sections 276.013(a) and (b), Election Code, are amended to read as follows:

<< TX ELECTION § 276.013 >>

(a) A person commits an offense if the person knowingly or intentionally makes any effort to:

(1) influence the independent exercise of the vote of another in the presence of the ballot or during the voting process**, including by altering the ballot of another or by otherwise causing a ballot to not reflect the intent of the voter**;

(2) cause a voter to become registered, a ballot to be obtained, or a vote to be cast under false pretenses; [~~or~~ ]

(3) cause any **false or** intentionally misleading statement, representation, or information to be provided:

(A) to an election official; or

(B) on an application for ballot by mail, carrier envelope, or any other official election-related form or document**;**

**(4) prevent a voter from casting a legal ballot in an election in which the voter is eligible to vote;**

**(5) provide false information to a voter with the intent of preventing the voter from voting in an election in which the voter is eligible to vote;**

**(6) cause the ballot not to reflect the intent of the voter;**

**(7) cause a ballot to be voted for another person that the person knows to be deceased or otherwise knows not to be a qualified or registered voter;**

**(8) cause or enable a vote to be cast more than once in the same election; or**

**(9) discard or destroy a voter's completed ballot without the voter's consent**.

(b) An offense under this section is a **Class A misdemeanor, unless:**

**(1) the person committed the offense while acting in the person's capacity as an elected official, in which case the offense is a state jail felony; or**

**(2) the person is convicted of an attempt, in which case the offense is a** Class **B** [~~A~~ ] misdemeanor.

SECTION 7.04. Chapter 276, Election Code, is amended by adding Sections 276.015, 276.016, 276.017, 276.018, and 276.019 to read as follows:

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 39 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

<< TX ELECTION § 276.015 >>

**Sec. 276.015. VOTE HARVESTING. (a) In this section:**

**(1) "Benefit" means anything reasonably regarded as a gain or advantage, including a promise or offer of employment, a political favor, or an official act of discretion, whether to a person or another party whose welfare is of interest to the person.**

**(2) "Vote harvesting services" means in-person interaction with one or more voters, in the physical presence of an official ballot or a ballot voted by mail, intended to deliver votes for a specific candidate or measure.**

**(b) A person commits an offense if the person, directly or through a third party, knowingly provides or offers to provide vote harvesting services in exchange for compensation or other benefit.**

**(c) A person commits an offense if the person, directly or through a third party, knowingly provides or offers to provide compensation or other benefit to another person in exchange for vote harvesting services.**

**(d) A person commits an offense if the person knowingly collects or possesses a mail ballot or official carrier envelope in connection with vote harvesting services.**

**(e) This section does not apply to:**

**(1) an activity not performed in exchange for compensation or a benefit;**

**(2) interactions that do not occur in the presence of the ballot or during the voting process;**

**(3) interactions that do not directly involve an official ballot or ballot by mail;**

**(4) interactions that are not conducted in-person with a voter; or**

**(5) activity that is not designed to deliver votes for or against a specific candidate or measure.**

**(f) An offense under this section is a felony of the third degree.**

**(g) If conduct that constitutes an offense under this section also constitutes an offense under any other law, the actor may be prosecuted under this section, the other law, or both.**

**(h) Records necessary to investigate an offense under this section or any other section of this code shall be provided by an election officer in an unredacted form to a law enforcement officer upon request. Records obtained under this subsection are not subject to public disclosure.**

<< TX ELECTION § 276.016 >>

**Sec. 276.016. UNLAWFUL SOLICITATION AND DISTRIBUTION OF APPLICATION TO VOTE BY MAIL. (a) A public official or election official commits an offense if the official, while acting in an official capacity, knowingly:**

**(1) solicits the submission of an application to vote by mail from a person who did not request an application;**

**(2) distributes an application to vote by mail to a person who did not request the application unless the distribution is expressly authorized by another provision of this code;**

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 40 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

(3) authorizes or approves the expenditure of public funds to facilitate third-party distribution of an application to vote by mail to a person who did not request the application; or

(4) completes any portion of an application to vote by mail and distributes the application to an applicant.

(b) An offense under this section is a state jail felony.

(c) Subsection (a)(2) does not apply if the public official or election official engaged in the conduct described by Subsection (a)(2) by providing access to an application to vote by mail from a publicly accessible Internet website.

(d) Subsection (a)(4) does not apply if the public official or election official engaged in the conduct described by Subsection (a)(4) while lawfully assisting the applicant under Section 84.003.

(e) Subsection (a) does not apply if the public official or election official:

(1) provided general information about voting by mail, the vote by mail process, or the timelines associated with voting to a person or the public; or

(2) engaged in the conduct described by Subsection (a) while acting in the official's capacity as a candidate for a public elective office.

(f) The remedy provided under this chapter is cumulative, and does not restrict any other remedies provided by this code or by law. A violation of this section is subject to injunctive relief or mandamus as provided by this code.

<< TX ELECTION § 276.017 >>

Sec. 276.017. UNLAWFUL DISTRIBUTION OF EARLY VOTING BALLOTS AND BALLOTING MATERIALS. (a) The early voting clerk or other election official commits an offense if the clerk or official knowingly mails or otherwise provides an early voting ballot by mail or other early voting by mail ballot materials to a person who the clerk or official knows did not submit an application for a ballot to be voted by mail under Section 84.001.

(b) An offense under this section is a Class A misdemeanor.

<< TX ELECTION § 276.018 >>

Sec. 276.018. PERJURY IN CONNECTION WITH CERTAIN ELECTION PROCEDURES. (a) A person commits an offense if, with the intent to deceive, the person knowingly or intentionally makes a false statement or swears to the truth of a false statement:

(1) on a voter registration application; or

(2) previously made while making an oath, declaration, or affidavit described by this code.

(b) An offense under this section is a state jail felony.

<< TX ELECTION § 276.019 >>

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 41 of 48

**Sec. 276.019. UNLAWFUL ALTERING OF ELECTION PROCEDURES. A public official or election official may not create, alter, modify, waive, or suspend any election standard, practice, or procedure mandated by law or rule in a manner not expressly authorized by this code.**

### ARTICLE 8. ENFORCEMENT

SECTION 8.01. Subchapter E, Chapter 31, Election Code, is amended by adding Sections 31.128, 31.129, and 31.130 to read as follows:

<< TX ELECTION § 31.128 >>

**Sec. 31.128. RESTRICTION ON ELIGIBILITY. (a) In this section, "election official" does not include a chair of a county political party holding a primary election or a runoff primary election.**

**(b) A person may not serve as an election official if the person has been finally convicted of an offense under this code.**

<< TX ELECTION § 31.129 >>

**Sec. 31.129. CIVIL PENALTY. (a) In this section, "election official" has the meaning assigned by Section 31.128.**

**(b) An election official may be liable to this state for a civil penalty if the official:**

**(1) is employed by or is an officer of this state or a political subdivision of this state; and**

**(2) violates a provision of this code.**

**(c) A civil penalty imposed under this section may include termination of the person's employment and loss of the person's employment benefits.**

<< TX ELECTION § 31.130 >>

**Sec. 31.130. SUIT AGAINST ELECTION OFFICER. An action, including an action for a writ of mandamus, alleging that an election officer violated a provision of this code while acting in the officer's official capacity may only be brought against the officer in the officer's official capacity.**

SECTION 8.02. Sections 232.008(b), (c), and (d), Election Code, are amended to read as follows:

<< TX ELECTION § 232.008 >>

(b) Except as provided by Subsection (c), a contestant must file the petition not later than the later of the **45th** [30th] day after the date the election records are publicly available under Section 1.012 or the official result of the contested election is determined.

(c) A contestant must file the petition not later than the later of the **15th** [10th] day after the date the election records are publicly available under Section 1.012 or the official result is determined in a contest of:

(1) a primary or runoff primary election; or

(2) a general or special election for which a runoff is necessary according to the official result or will be necessary if the contestant prevails.

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 42 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

(d) A contestant must deliver, **electronically or otherwise,** a copy of the petition to the secretary of state by the same deadline prescribed for the filing of the petition.

SECTION 8.03. Title 14, Election Code, is amended by adding Subtitle D to read as follows:

T. 14 Subt. D

**SUBTITLE D. OTHER ELECTION LAWSUITS**

T. 14 Subt. D Ch. 247

**CHAPTER 247. LAWSUIT ALLEGING IMPROPER ELECTION ACTIVITIES**

<< TX ELECTION § 247.001 >>

**Sec. 247.001. A PETITION ALLEGING FRAUD. This chapter applies to a civil suit in which a candidate in an election alleges in the petition that an opposing candidate, an agent of the opposing candidate, or a person acting on behalf of the opposing candidate with the candidate's knowledge violated any of the following sections of this code:**

**(1) Section 13.007;**

**(2) Section 64.012;**

**(3) Section 64.036;**

**(4) Section 84.003;**

**(5) Section 84.0041;**

**(6) Section 86.0051;**

**(7) Section 86.006;**

**(8) Section 86.010;**

**(9) Section 276.013; and**

**(10) Section 276.015.**

<< TX ELECTION § 247.002 >>

**Sec. 247.002. PROCEDURE. A candidate in an election may file a petition for an action under this chapter in any county where a defendant resided at the time of the election. If the election is for a statewide office, the candidate may also file the petition in a district court in Travis County.**

<< TX ELECTION § 247.003 >>

**Sec. 247.003. FILING PERIOD FOR PETITION. A candidate in an election may file a petition for an action under this chapter not earlier than the day after the date the election is certified and not later than the 45th day after the later of that date or the date election records are made publicly available under Section 1.012.**

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 43 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

**<< TX ELECTION § 247.004 >>**

**Sec. 247.004. DAMAGES. (a) If it is shown by a preponderance of the evidence that a defendant, an agent of the defendant, or a person acting on behalf of the defendant with the defendant's knowledge committed one or more violations of a section described by Section 247.001, the defendant is liable to the plaintiff for damages in an amount of $1,000 for each violation.**

**(b) Notwithstanding Section 41.004, Civil Practice and Remedies Code, a court shall award damages under Subsection (a) to the plaintiff irrespective of whether the plaintiff is awarded actual damages.**

**<< TX ELECTION § 247.005 >>**

**Sec. 247.005. ATTORNEY'S FEES. In an action under this chapter, the court may award reasonable attorney's fees to the prevailing party.**

SECTION 8.04. Section 273.061, Election Code, is amended to read as follows:

**<< TX ELECTION § 273.061 >>**

Sec. 273.061. JURISDICTION. **(a)** The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer.

**(b) The court of criminal appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the provision, sequestration, transfer, or impoundment of evidence in or records relating to a criminal investigation conducted under this code or conducted in connection with the conduct of an election or political party convention. If a writ of mandamus is issued under this subsection, it shall include an order requiring the provision, sequestration, transfer, or impoundment of the evidence or record.**

SECTION 8.05. Subchapter D, Chapter 22, Government Code, is amended by adding Sections 22.304 and 22.305 to read as follows:

**<< TX GOVT § 22.304 >>**

**Sec. 22.304. COURT SITTING IN PANELS FOR CERTAIN ELECTION PROCEEDINGS; CRIMINAL OFFENSE. (a) In this section, "public official" means any person elected, selected, appointed, employed, or otherwise designated as an officer, employee, or agent of this state, a government agency, a political subdivision, or any other public body established by state law.**

**(b) Notwithstanding any other law or rule, a court proceeding entitled to priority under Section 22.305 and filed in a court of appeals shall be docketed by the clerk of the court and assigned to a panel of three justices determined using an automated assignment system.**

**(c) A person, including a public official, commits an offense if the person communicates with a court clerk with the intention of influencing or attempting to influence the composition of a three-justice panel assigned a specific proceeding under this section.**

**(d) An offense under this section is a Class A misdemeanor.**

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 44 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

<< TX GOVT § 22.305 >>

**Sec. 22.305. PRIORITY OF CERTAIN ELECTION PROCEEDINGS. (a) The supreme court or a court of appeals shall prioritize over any other proceeding pending or filed in the court a proceeding for injunctive relief or for a writ of mandamus under Chapter 273, Election Code, pending or filed in the court on or after the 70th day before a general or special election.**

**(b) If granted, oral argument for a proceeding described by Subsection (a) may be given in person or through electronic means.**

SECTION 8.06. Section 23.101, Government Code, is amended by amending Subsection (a) and adding Subsections (b–1) and (b–2) to read as follows:

<< TX GOVT § 23.101 >>

(a) **Except as provided by Subsection (b–1), the** [The  ] trial courts of this state shall regularly and frequently set hearings and trials of pending matters, giving preference to hearings and trials of the following:

(1) temporary injunctions;

(2) criminal actions, with the following actions given preference over other criminal actions:

(A) criminal actions against defendants who are detained in jail pending trial;

(B) criminal actions involving a charge that a person committed an act of family violence, as defined by Section 71.004, Family Code;

(C) an offense under:

(i) Section 21.02 or 21.11, Penal Code;

(ii) Chapter 22, Penal Code, if the victim of the alleged offense is younger than 17 years of age;

(iii) Section 25.02, Penal Code, if the victim of the alleged offense is younger than 17 years of age;

(iv) Section 25.06, Penal Code;

(v) Section 43.25, Penal Code; or

(vi) Section 20A.02(a)(7), 20A.02(a)(8), or 20A.03, Penal Code;

(D) an offense described by Article 62.001(6)(C) or (D), Code of Criminal Procedure; and

(E) criminal actions against persons who are detained as provided by Section 51.12, Family Code, after transfer for prosecution in criminal court under Section 54.02, Family Code;

(3) election contests and suits under the Election Code;

(4) orders for the protection of the family under Subtitle B, Title 4, Family Code;

(5) appeals of final rulings and decisions of the division of workers' compensation of the Texas Department of Insurance regarding workers' compensation claims and claims under the Federal Employers' Liability Act and the Jones Act;

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 45 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

(6) appeals of final orders of the commissioner of the General Land Office under Section 51.3021, Natural Resources Code;

(7) actions in which the claimant has been diagnosed with malignant mesothelioma, other malignant asbestos-related cancer, malignant silica-related cancer, or acute silicosis; and

(8) appeals brought under Section 42.01 or 42.015, Tax Code, of orders of appraisal review boards of appraisal districts established for counties with a population of less than 175,000.

**(b–1) Except for a criminal case in which the death penalty has been or may be assessed or when it would otherwise interfere with a constitutional right, the trial courts of this state shall prioritize over any other proceeding pending or filed in the court a proceeding for injunctive relief under Chapter 273, Election Code, pending or filed in the court on or after the 70th day before a general or special election.**

**(b–2) A hearing in a proceeding described by Subsection (b–1) may be held in person or through electronic means, as determined by the court.**

SECTION 8.07. Chapter 23, Government Code, is amended by adding Subchapter D to read as follows:

Ch. 23 Subch. D

### SUBCHAPTER D. GENERAL PROVISIONS

<< TX GOVT § 23.301 >>

**Sec. 23.301. ASSIGNMENT OF CERTAIN ELECTION PROCEEDINGS; CRIMINAL OFFENSE. (a) Notwithstanding any other law or rule, the clerk of a district court in which a proceeding entitled to priority under Section 23.101(b-1) is filed shall docket the proceeding and, if more than one district court in the county has jurisdiction over the proceeding, randomly assign the proceeding to a district court using an automated assignment system.**

**(b) Notwithstanding any other law or rule, the clerk of a county court or statutory county court in which a proceeding entitled to priority under Section 23.101(b–1) is filed shall docket the proceeding and, if more than one court in the county has jurisdiction over the proceeding, randomly assign the proceeding to a court using an automated assignment system.**

**(c) A person, including a public official, commits an offense if the person communicates with a county or district clerk with the intention of influencing or attempting to influence the court or judge assigned to a proceeding under this section.**

**(d) An offense under this section is a Class A misdemeanor, except that the offense is a state jail felony if it is shown on the trial of the offense that the person committed the offense while acting in the person's official capacity as an election official.**

**(e) If a district or county clerk does not comply with this section, a person may seek from the supreme court or a court of appeals a writ of mandamus as provided by Section 273.061, Election Code, to compel compliance with this section.**

<< TX GOVT § 23.302 >>

**Sec. 23.302. DEADLINES IN CERTAIN ELECTION PROCEEDINGS. (a) Not later than 24 hours after the proceeding is filed, a judge to whom a case is assigned under Section 23.301(b) who wishes to be recused from the proceeding must, before recusal:**

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 46 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

**(1) hear an application for any emergency temporary relief sought;**

**(2) grant or deny any emergency temporary relief sought; and**

**(3) set a scheduling order that provides:**

> **(A) a date for a hearing on any injunction sought not later than five days after the date on which the proceeding was filed; and**

> **(B) discovery and deposition deadlines before the expiration of any emergency relief order entered.**

**(b) The presiding judge of an administrative region shall assign a new judge to a proceeding assigned under Section 23.301(b) not later than 12 hours after the original judge assigned to the proceeding is recused under Subsection (a).**

**(c) A final order in a proceeding filed under Section 273.081, Election Code, shall be submitted in writing to the parties not later than 24 hours after the judge makes a final determination in the proceeding.**

**(d) If a district judge does not comply with this section, a person may seek from the supreme court, the court of criminal appeals, or a court of appeals a writ of mandamus as provided by Section 273.061, Election Code, to compel compliance with this section.**

**(e) Notwithstanding Section 23.101(b–1), a proceeding relating to a permanent injunction being sought in connection to a challenge under Section 141.034, Election Code, may be heard after the primary election has been canvassed.**

## ARTICLE 9. INELIGIBLE VOTERS AND RELATED REFORMS

SECTION 9.01. Chapter 42, Code of Criminal Procedure, is amended by adding Article 42.0194 to read as follows:

<< TX CRIM PRO Art. 42.0194 >>

**Art. 42.0194. FINDING REGARDING FELONY CONVICTION. In the trial of a felony offense, if the defendant is adjudged guilty of the offense, the court shall:**

> **(1) make an affirmative finding that the person has been found guilty of a felony and enter the affirmative finding in the judgment of the case; and**

> **(2) instruct the defendant regarding how the felony conviction will impact the defendant's right to vote in this state.**

SECTION 9.02. Article 42.01, Code of Criminal Procedure, as effective September 1, 2021, is amended by adding Section 16 to read as follows:

<< TX CRIM PRO Art. 42.01 >>

**Sec. 16. In addition to the information described by Section 1, the judgment should reflect the affirmative finding and instruction entered pursuant to Article 42.0194.**

SECTION 9.03. Section 64.012, Election Code, is amended by amending Subsections (a) and (b) and adding Subsections (c) and (d) to read as follows:

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 47 of 48

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

<< TX ELECTION § 64.012 >>

(a) A person commits an offense if the person **knowingly or intentionally**:

   (1) votes or attempts to vote in an election in which the person knows the person is not eligible to vote;

   (2) [~~knowingly~~ ] votes or attempts to vote more than once in an election;

   (3) [~~knowingly~~ ] votes or attempts to vote a ballot belonging to another person, or by impersonating another person; [~~or~~ ]

   (4) [~~knowingly~~ ] marks or attempts to mark any portion of another person's ballot without the consent of that person, or without specific direction from that person how to mark the ballot**; or**

   **(5) votes or attempts to vote in an election in this state after voting in another state in an election in which a federal office appears on the ballot and the election day for both states is the same day**.

(b) An offense under this section is a **Class A misdemeanor** [~~felony of the second degree unless the person is convicted of an attempt. In that case, the offense is a state jail felony~~ ].

**(c) A person may not be convicted solely upon the fact that the person signed a provisional ballot affidavit under Section 63.011 unless corroborated by other evidence that the person knowingly committed the offense.**

**(d) If conduct that constitutes an offense under this section also constitutes an offense under any other law, the actor may be prosecuted under this section, the other law, or both.**

<< Note: TX ELECTION § 64.012 >>

SECTION 9.04. The change in law made by this article in adding Section 64.012(c), Election Code, applies to an offense committed before, on, or after the effective date of this Act, except that a final conviction for an offense under that section that exists on the effective date of this Act remains unaffected by this article.

### ARTICLE 10. REPEALER; SEVERABILITY; TRANSITION; EFFECTIVE DATE

SECTION 10.01. The following provisions of the Election Code are repealed:

<< TX ELECTION § 85.062 >>

   (1) Section 85.062(e);

<< TX ELECTION § 86.0105 >>

   (2) Section 86.0105(b); and

<< TX ELECTION § 127.201 >>

   (3) Section 127.201(f).

<< Note: TX ELECTION § 1.0015 >>

ELECTION INTEGRITY AND SECURITY, INCLUDING BY..., 2021 Tex. Sess. Law...

Case 5:21-cv-00844-XR    Document 1207-1    Filed 03/21/25    Page 48 of 48

SECTION 10.02. If any provision of this Act or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of this Act that can be given effect without the invalid provision or application, and to this end the provisions of this Act are declared to be severable.

<< Note: TX ELECTION § 1.0015 >>

SECTION 10.03. (a) Except as otherwise provided by this Act, the changes in law made by this Act apply only to an offense committed on or after the effective date of this Act. An offense committed before the effective date of this Act is governed by the law in effect when the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense was committed before the effective date of this Act if any element of the offense occurred before that date.

<< Note: TX ELECTION § 1.0015 >>

(b) The changes in law made by this Act apply only to an election ordered on or after the effective date of this Act. An election ordered before the effective date of this Act is governed by the law in effect when the election was ordered, and the former law is continued in effect for that purpose.

<< Note: TX ELECTION § 1.0015 >>

(c) The changes in law made by this Act apply only to an application to vote an early voting ballot by mail submitted on or after the effective date of this Act. An application to vote an early voting ballot by mail submitted before the effective date of this Act is governed by the law in effect when the application was submitted, and the former law is continued in effect for that purpose.

<< Note: TX ELECTION § 1.0015 >>

(d) The changes in law made by this Act apply only to an application for voter registration submitted on or after the effective date of this Act.

<< Note: TX ELECTION § 247.001 >>

(e) Chapter 247, Election Code, as added by this Act, applies only to a cause of action for which the associated election occurred after the effective date of this Act.

SECTION 10.04. This Act takes effect on the 91st day after the last day of the legislative session.

Passed the Senate on August 12, 2021: Yeas 18, Nays 11; August 27, 2021, Senate refused to concur in House amendments and requested appointment of Conference Committee; August 29, 2021, House granted request of the Senate; August 31, 2021, Senate adopted Conference Committee Report by the following vote: Yeas 18, Nays 13; passed the House, with amendments, on August 27, 2021: Yeas 80, Nays 41, one present not voting; August 29, 2021, House granted request of the Senate for appointment of Conference Committee; August 31, 2021, House adopted Conference Committee Report by the following vote: Yeas 80, Nays 41, one present not voting.

Approved September 7, 2021.
Effective December 2, 2021.

**End of Document**                                           © 2025 Thomson Reuters. No claim to original U.S. Government Works.