IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, ET AL., §<br>   *Plaintiffs*, §<br>  §<br>v.  §<br>  §<br>GREGORY W. ABBOTT, ET AL., §<br>   *Defendants*. §<br>  § | 5:21-CV-0844-XR<br>[consolidated cases] |

# OPPOSED MOTION FOR CLARIFICATION OF
# THE COURT'S MARCH 28, 2025 ORDER

The HAUL Plaintiffs and OCA Plaintiffs[1] (collectively, "Plaintiffs") respectfully request clarification of the Court's March 28, 2025 Order Granting Stay Pending Appeal, (ECF No. 1210), with respect to the scope of the Court's stay. As explained in further detail below, the Court's March 28, 2025 Order was prompted by an unopposed motion filed by the State Defendants seeking to clarify whether a portion of the Court's permanent injunction was stayed through the May Election. Plaintiffs did not oppose that Motion, which was limited to the May election. The Court's March 28, 2025 Order expanded its previous stay for all provisions to extend past the May election and through any possible appeal. State Defendants did not seek this relief, and Plaintiffs would not have consented to such a motion.

---

[1] For the purposes of the relevant ADA and Section 504 claims, HAUL Plaintiffs include The Arc of Texas and Delta Sigma Theta Sorority, Inc, and OCA Plaintiffs include REVUP Texas. *See* ECF No. 1206, at 2 n.2-3.

1

Plaintiffs seek to clarify whether the Court intended to stay the enjoined portions of S.B. 1's Sections 5.02, 5.03, 5.07, 6.03, 6.04, 6.05, 6.06, and 6.07 only through the May election, not pending the entirety of appeal.

## BACKGROUND

On March 14, 2025, the Court permanently enjoined S.B. 1 Sections 5.02, 5.03, 5.07, 6.06, 7.04 and portions of Sections 6.03, 6.04, 6.05 and 6.07 under the ADA and Section 504. ECF No. 1206 at 107. The Court simultaneously stayed any injunctions implicating forms designed by the Secretary of State through the May 2025 election. ECF No. 1206 at 106. The Court thus identified that injunctions relating to Sections 5.02, 5.03, 5.07, 6.03–6.05, and 6.07 were stayed ahead of the May election because they implicated forms designed by the Secretary of State. *Id*. However, the Court did not reference Section 6.06 in its stay. *Id.* The Court separately stayed only the injunction on Section 7.04, the "Canvassing Restriction," beyond the May election and pending resolution of appeal. *Id.* at 107.

On March 21, 2025, State Defendants filed an unopposed motion for clarification of the Court's Order. (ECF No. 1207). Although State Defendants' motion was entitled, in part, "Motion for Stay Pending Appeal," the relevant portion of the motion sought only to clarify that Section 6.06 was also intended to be stayed through the upcoming May election, because it was not included in the Court's list of stayed provisions. ECF No. 1207 at 5 ("[T]he Court did not expressly state that its stay covers Section 6.06. *See* [ECF No. 1206] at 106. Accordingly, State Defendants moved the Court to clarify whether its injunction against Defendants 'from implementing, enforcing or giving any effect to TEC § 86.0105 [Section 6.06]' is stayed until after the May 2025 election."); *see also Id.* at 7.[2]

---

[2] State Defendants also sought to clarify the scope of the enjoined provisions and who was enjoined, which are not at issue in this motion. *See generally* ECF No. 1207.

2

On March 28, 2025, the Court issued an order granting State Defendants' motion for clarification, and ordering that all injunctive relief at issue was stayed pending appeal. ECF No. 1210 at 1.

## ARGUMENT

A district court has authority to clarify the scope of its orders and to modify the scope of its stays. *See, e.g.*, *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.1990); Fed. R. Civ. P. 54(b).

Plaintiffs seek clarification as to whether the Court's March 28, 2025 Order intended to stay the enjoined portions of Sections 5.02, 5.03, 5.07, 6.03, 6.04, 6.05, 6.06, and 6.07 only through the May election, and stay only Section 7.04 pending the entirety of appeal. This would be consistent with the Court's prior March 21, 2025 Order, which stayed the majority of these provisions only through the May election. *See* ECF No. 1206.

This would additionally be consistent with the State Defendants' motion for clarification, which only sought to add Section 6.06 to the list of provisions stayed through the May election. ECF No. 1207. Plaintiffs did not oppose, or took no position, on State Defendants' motion because they understood it to only be seeking an additional stay of Section 6.06 through the May election, as represented by State Defendants. Plaintiffs would have opposed a longer stay, such as the one in the Court's March 28, 2025 Order. To the extent that the Court were to consider issuing an additional stay beyond the May election, Plaintiffs would seek an opportunity to brief their opposition to such a stay because *Purcell* concerns do not apply to elections that are not imminent. *See, e.g.*, *Purcell v. Gonzalez*, 549 U.S. 1, 5 (2006); ECF No. 1181 (granting *Purcell* stay through upcoming election, but declining to grant stay pending appeal). As indicated in the certificate of

conference, State Defendants do not dispute that this motion for clarification is consistent with the relief requested in their Motion dated March 21, 2025, but they nonetheless oppose this motion.

## CONCLUSION

Plaintiffs respectfully request that the Court clarify that in its March 28, 2025 Order, with the exception of Section 7.04, all other injunctive relief described as to SB1 Sections 5.02, 5.03, 5.07, 6.03, 6.04, 6.05, 6.06, and 6.07 is stayed only through the upcoming May election, not pending the entirety of appeal.

Dated April 4, 2025

Respectfully submitted,

/s/Ashley Harris
Ashley Harris
Adriana Pinon
Thomas Buser-Clancy
Edgar Saldivar
Savannah Kumar
ACLU FOUNDATION
OF TEXAS, INC.
P.O. Box 8306
Houston, TX 77288
(713) 942-8146
aharris@aclutx.org
apinon@aclutx.org
tbuser-clancy@aclutx.org
esaldivar@aclutx.org
skumar@aclutx.org

Zachary Dolling
Sarah Chen
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, TX 78741
(512) 474-5073
zachary@texascivilrightsproject.org
schen@texascivilrightsproject.org

Christopher McGreal
Lucia Romano
Peter Hofer
DISABILITY RIGHTS TEXAS
2222 West Braker Lane
Austin, TX 78758-1024
(512) 454-4816
cmcgreal@drtx.org
lromano@drtx.org
cmmcgreal@drtx.org

Sophia Lin Lakin
Ari J. Savitzky
Dayton Campbell-Harris
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 284-7334
slakin@aclu.org
asavitzky@aclu.org
dcampbell-harris@aclu.org

| | |
|---|---|
| Adriel I. Cepeda Derieux<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>915 15th Street NW<br>Washington, DC 20005<br>(202) 457-0800<br>acepedaderieux@aclu.org | Patrick Stegemoeller<br>ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND<br>99 Hudson Street, 12th Floor<br>New York, NY 10013<br>(212) 966-5932<br>pstegemoeller@aaldef.org |
| Jessica Ring Amunson<br>JENNER & BLOCK LLP<br>1099 New York Ave. NW, Suite 900<br>Washington, DC 20001<br>(202) 639-6000<br>jamunson@jenner.com | *Counsel for* OCA-Greater Houston, League of Women Voters of Texas, and REVUP Texas |
| /S/ Victor Genecin<br>Victor Genecin<br>Uruj Sheikh<br>Breanna Wiliams<br>Maia Cole<br>NAACP Legal Defense & Educational Fund, Inc.<br><br>40 Rector Street, 5th Floor<br>New York, NY 1006<br>T: (212) 965-2200<br>F: (212) 226-7592<br>vgenecin@naacpldf.org<br>usheikh@naacpldf.org<br>bwilliams@naacpldf.org<br>mcole@naacpldf.org | J. Michael Showalter<br>ARENTFOX SCHIFF LLP<br>South Wacker Drive, Suite 7100<br>Chicago, IL 60606<br>Tel: (312) 258-5561<br>j.michael.showalter@afslaw.com<br><br>*Attorneys for Plaintiffs*<br>DELTA SIGMA THETA SORORITY, INC. and THE ARC OF TEXAS<br><br>Bradley Prowant<br>11859 Stoel Rives LLP<br>101 S. Capitol Boulevard<br>Suite 1900<br>Boise, ID 83702<br>bradley.prowant@stoel.com |
| Shira Wakschlag<br>Evan Monod<br>The Arc of the United States, Inc.<br>1825 K Street, NW, Suite 1200.<br>Washington, DC 20006<br>T: (202) 534-3708<br>F: (202) 534-3731<br>Wakschlag@thearc.org<br>Monod@thearc.org | Courtney Hostetler<br>Free Speech for People<br>28 S. Main St., Suite 200<br>Sharon, MA 02067<br>(617) 249-3015<br>chostetler@freespeechforpeople.com<br><br>*Attorneys for Plaintiff*<br>Mi Familia Vota |

5

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically via CM/ECF on April 4, 2025, and that all counsel of record were served by CM/ECF.

*/s/ Ashley Harris*
Ashley Harris

## CERTIFICATE OF CONFERENCE

I certify that on April 4, 2025, prior to filing this Motion, I conferred with counsel for Defendants. State Defendants indicated their position is as follows: "State Defendants agree that their March 21, 2025, motion sought a stay for duration of the ongoing local election but believe that the Court's decision to stay its injunction for the pendency of the appeal is appropriate given the Fifth Circuit's instruction in this area. State Defendants therefore oppose Plaintiffs' motion and reserve the right to respond and/or file another stay motion as necessary." No other defendant had indicated their position at the time of filing this motion.

*/s/ Ashley Harris*
Ashley Harris