**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | 5:21-CV-0844-XR |
| | § | [Consolidated Cases] |
| GREGORY W. ABBOTT, et al., | § | |
| *Defendants.* | § | |

## <u>ORDER</u>

On this date, the Court considered Plaintiffs' motion for clarification (ECF No. 1214) of the Court's March 28, 2025 order granting a stay pending appeal of the Findings of Fact and Conclusions of Law as to Plaintiffs' ADA and Section 504 challenges to S.B. 1 ("ADA Order"). *See* ECF No. 1206, 1210.

On March 14, 2025, the Court permanently enjoined S.B. 1 §§ 5.02, 5.03, 5.07, 6.06, 7.04 and portions of Sections 6.03, 6.04, 6.05 and 6.07 under the ADA and Section 504. ECF No. 1206 at 107. The Court simultaneously stayed any injunctions implicating forms designed by the Secretary of State through the May 2025 election. ECF No. 1206 at 106 (staying injunctions as to Sections 5.02, 5.03, 5.07, 6.03–6.05, and 6.07 through the May 2025 election). The Court did not reference Section 6.06 in its stay. *Id.* The Court separately stayed only the injunction on Section 7.04, the "Canvassing Restriction," beyond the May 2025 election pending resolution of the appeal. *Id.* at 107.

On March 21, 2025, State Defendants moved for clarification of the ADA FFCL, about the scope of the enjoined provisions and whether the *Purcell* stay applied to Section 6.06, and, in the alternative, sought a "broader" stay pending appeal. ECF No. 1207 at 1. On March 28, 2025, after granting certain unopposed portions of the motion clarifying the scope of permanent injunctive

relief, the Court ordered that all injunctive relief described in the ADA FFCL, including the relief modified by the Stay Order, was stayed pending appeal. ECF No. 1210.

The stay of injunctive relief described in the March 28, 2025 Stay Order shall extend to the resolution of any appeal of the ADA FFCL.

The Fifth Circuit has already granted a stay pending appeal on several occasions in this consolidated case:

- *United States v. Paxton*, No. 23-50885 (5th Cir. Dec. 15, 2023), ECF No. 80-1 (staying the relief granted as to Sections 5.07 and 5.13 of S.B. 1 awarded in connection with Plaintiffs' claims under the Materiality Provision of the Civil Rights Act pending appeal);

- *La Union Del Pueblo Entero v. Abbott (LUPE II)*, No. 24-50783, ECF No. 112-1, 2024 WL 4487493, at *3 (5th Cir. Oct. 15, 2024) (staying the relief granted as to Section 7.04 of S.B. 1 in connection with Plaintiffs' claims under the First Amendment pending appeal); and

- *La Union Del Pueblo Entero v. Abbott (LUPE I)*, No. 24-50826, ECF No. 246-2 (5th Cir. Apr. 1, 2025) (staying the relief granted as to Sections 6.03–6.06, 6.07, and 7.04 in connection with Plaintiff's claims under Section 208 of the VRA pending appeal).

A stay of the ADA Order enjoining Sections 5.02, 5.03, and 5.07 is consistent with the Fifth Circuit's stay of the injunctive relief as to Sections 5.07 and 5.13. *United States v. Paxton*, No. 23-50885 (5th Cir. Dec. 15, 2023). Likewise, staying the injunction of Section 7.04 is consistent with the Fifth Circuit's identical stay arising out of Plaintiff's First Amendment claims. *La Union Del Pueblo Entero v. Abbott (LUPE II)*, No. 24-50783, ECF No. 112-1, 2024 WL 4487493, at *3 (5th Cir. Oct. 15, 2024).

When the Court issued its ADA Order in March 2025, it did not address a *Purcell* stay as to Section 6.06 of S.B. 1 because that provision was no longer in effect. The Fifth Circuit's previous *Purcell* stay of the Court's permanent injunction expired after the November 2024 general election. *See* ECF No. 1185. In this Court's view, after the November 2024 election, Texans who needed

voting assistance were automatically free to select the assistor of their choice—including "compensated" assistors—in the next election.[1]

The Court took this approach based on its view that, unlike injunctions requiring affirmative changes to election procedures and forms, injunctions of criminal statutes are self-executing.[2] Thus, all prosecutions under Section 6.06 were to stop following the November 2024 election.[3] While the Court expected state and local officials to start their Section 208 compliance efforts as to Sections 6.03–6.05 and 6.07 *after* the November 2024 election, it did not seem likely, given the State's timeline for removing a single line from the Oath of Assistance,[4] that the revised forms and procedures would be operative by the May 2025 primary. Having seen no evidence of such forms or procedures by March 2025, the Court preemptively granted a *Purcell* stay in its ADA Order as to the injunctions of Sections 6.03–6.05 and 6.07, in anticipation of the May primary.

---

[1] Although the Fifth Circuit invited the State Defendants to seek a stay pending appeal of the Section 208 Order at a later stage, *see* ECF No. 1185 at 3, they had not done so by the time the ADA Order was issued.

[2] As the Court has explained, *Purcell* does not require a stay of criminal enforcement provisions because:

> unlike an order requiring affirmative changes to the election process before it occurs, an injunction against enforcement proceedings is removed in space and time from the mechanics and procedures of voting. Prosecutions simply do not occur at the polls . . . ; they require investigation, evidence, and due process.

ECF No. 1157 at 76.

[3] Even if the voting process involves some forms or procedures memorializing defunct criminal provisions, the benefit of an injunction—preventing prosecution under an unlawful criminal statute—outweighs the risks related to voter confusion. After all, in the worst case, someone who is "confused" about whether he can lawfully accept or provide compensated assistance under the Court's injunction might simply decline to help a voter in need or vote without assistance. Following the Fifth Circuit's stay, however, a voter or assistor who is "confused" about the state of the law but nonetheless opts to receive or provide such assistance may face up to two years in prison and a fine of $10,000. *See* Tec § 86.0105 (making it a state a state jail felony—punishable by up to two years in prison and a $10,000 fine—to offer, solicit or receive compensation for assisting mail ballot voters); Tex. Penal Code §§ 12.35(a), (b).

[4] *See OCA of Greater Houston v. Texas*, No. 1:15-CV-679-RP, 2022 WL 2019295, at *4 (W.D. Tex. June 6, 2022); ECF No. 852 at 132 (observing that, by January 2024, the State Defendants had yet to fully comply with the relief granted in *OCA Greater Houston*).

In April 2025, after the permanent injunctive relief granted in the Section 208 Order had been in effect—if not operative—for nearly five months, the Fifth Circuit stayed all relief pending appeal without explanation. *See La Union Del Pueblo Entero v. Abbott (LUPE I)*, No. 24-50826, ECF No. 246-2 (5th Cir. Apr. 1, 2025).

In the meantime, given the Fifth Circuit's failure to explain the basis for its stay of the Section 208 Order[5] further briefing from the parties on the propriety of a stay pending appeal of the ADA Order would appear to be futile.

More importantly, the Fifth Circuit has already stayed all injunctive relief contemplated in the Court's ADA Order. The stay of the injunctive relief described in the Court's March 28 Order shall extend to the resolution of any appeal of the ADA Order.

## CONCLUSION

Plaintiffs' motion for clarification (ECF No. 1214) is **GRANTED IN PART** as to their request for further explanation as to the duration of Stay Order but **DENIED** as to their request to submit additional briefing.

It is so **ORDERED**.

**SIGNED** this 23rd day of May, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[5] *See, e.g.*, *La Union Del Pueblo Entero v. Abbott (LUPE I)*, No. 24-50826, ECF No. 246-2 (5th Cir. Apr. 1, 2025).