**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, et al., *Plaintiffs,* | § | |
| | § | |
| | § | |
| v. | § | 5:21-CV-0844-XR |
| | § | [Consolidated Cases] |
| GREGORY W. ABBOTT, et al., | § | |
| *Defendants.* | § | |

**ORDER REQUIRING JOINT ADVISORY REGARDING POST-REMAND STATUS OF CLAIMS, PARTIES, AND CASE MANAGEMENT**

Before the Court is the mandate of the United States Court of Appeals for the Fifth Circuit issued on September 2, 2026. *See* No. 25-50246, ECF No. 249.

## I. Background

These consolidated proceedings involve several actions, filed by multiple sets of plaintiffs, asserting numerous causes of action under the United States Constitution and federal statutes, against state, county, and local officials sued in their official capacities, challenging the Election Protection and Integrity Act of 2021, an omnibus election law commonly referred to as S.B. 1. See Election Integrity Protection Act of 2021, S.B. 1, 87th Leg., 2d Spec. Sess. (2021). Following a consolidated trial, the Court entered findings of fact and conclusions of law and enjoined enforcement of certain provisions of S.B. 1. The Fifth Circuit has now reversed in substantial part.

Given the number of consolidated actions, plaintiff groups, defendants, and asserted causes of action, the Court requires the assistance of the parties in identifying with precision what remains of this litigation before setting any further schedule. The Court's authority on remand is limited by the scope of the mandate, and the Court intends to proceed only as to those matters that (1) have been left open by the Fifth Circuit and (2) the parties actually intend to pursue.

**On or before October 2, 2026,** the parties shall confer and file a Joint Advisory Regarding Post-Remand Status. The parties shall make good-faith efforts to submit a single, jointly prepared filing. To the extent the parties cannot agree on any matter addressed below, the Joint Advisory shall set forth each side's position on that discrete matter in clearly labeled subsections, together with a concise statement of the reasons supporting each position. The parties shall not brief the merits of any claim in the Joint Advisory except as necessary to explain a disagreement about the effect of the mandate.

## II. Required Contents of the Joint Advisory

The Joint Advisory shall address each of the following:

1. For the Lead Case[1] and each Member Case[2], identify any cause of action that any party believes remains pending. If no causes of action remain, the parties should indicate that fact.

2. If any causes of action remain, but a Plaintiff no longer wishes to prosecute the matter and desires to dismiss that claim, the Plaintiff should indicate that fact.

3. If a Plaintiff desires to pursue any remaining cause of action in the Member Case, the Plaintiff should identify the items listed below. **Any claim that a Plaintiff does not clearly identify as remaining pursuant to this Order may be dismissed by the Court without further notice.**

a. The live pleading and the paragraph or count in which the claim is asserted;
b. The statutory or constitutional provision on which the claim rests, and the challenged section or sections of S.B. 1;
c. Each plaintiff asserting the claim; and
d. Each defendant against whom the claim is asserted, and whether such defendant has been substituted under Federal Rule of Civil Procedure 25(d) due to a change in office.

[1] No. 5:21-cv-844-XR.
[2] Nos. 5:21-cv-920-XR, 5:21-cv-848-XR, 1:21-cv-786-XR, 1:21-cv-780-XR, and 5:21-cv-1085-XR.

## III. Additional Discovery, Pre-Trial Motions, and Trial

In the event that a Plaintiff desires to pursue any remaining causes of action, the parties should also meet and confer and state their positions as to whether the surviving cases should continue to be consolidated for pretrial purposes, for trial purposes, or both.

Further, the parties should state their positions on the following:

1. Whether further discovery is necessary or appropriate;

2. If so, the subject matter and scope of the discovery sought, the reason it was not or could not have been obtained previously, the anticipated number of depositions, and the estimated time required to complete it;

3. A proposed discovery schedule, including proposed deadlines for the completion of fact discovery, expert designations and reports, and expert discovery, or a statement that no schedule is needed;

4. Whether any party anticipates filing a dispositive motion as to any surviving claim; and

5. Whether any surviving claim requires an evidentiary hearing or trial; whether any such proceeding should be conducted on the existing trial record, on a supplemented record, or de novo; whether any claim carries a right to a jury trial; and each party's estimate of the time required.

## IV. Closure and Final Judgments of any Member Case

The parties are further ordered to meet and confer to discuss and state that their positions on the following:

1. Whether any Member Case retains no live claim as to any party, such that final judgment should be entered in that case under Federal Rule of Civil Procedure 58 and the case administratively closed;

2. For each such Member Case, the parties' position on the form and content of the proposed final judgment, and whether the parties can submit an agreed proposed judgment;

3. Whether entry of final judgment in any member case should await resolution of the remaining consolidated cases, and the reasons supporting that position; and

4. Whether any party contends that partial final judgment under Rule 54(b) is appropriate as to any claim or party;

5. Whether any party intends to seek costs or attorney's fees, and the parties' proposal for a schedule governing any such application, including whether the deadline under Rule 54(d)(2) should be deferred until final resolution of all consolidated proceedings;

6. The disposition of any costs taxed on appeal; and

7. Whether any exhibits, sealed materials, or protective-order obligations require attention, including the return or destruction of materials produced under any protective order.

**V. Other Matters**

The parties may include in their Joint Advisory any other matter the parties believe the Court should address in setting the course of further proceedings.

The Joint Advisory should be filed by no later than **October 2, 2026.**

It is so **ORDERED**.

**SIGNED** this 2nd day of September, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE